BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN
FRED NORTON
KIERAN P. RINGGENBERG
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
fnorton@bsfllp.com
kringgenberg@bsfllp.com
(*pro hac vice applications to be submitted*)

Attorneys for Plaintiffs Oracle USA, Inc. and
Oracle International Corp.

BINGHAM MCCUTCHEN LLP
GEOFFREY M. HOWARD
THOMAS S. HIXSON
KRISTEN A. PALUMBO
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com
(*pro hac vice applications to be submitted*)

DEBORAH K. MILLER
JAMES C. MAROULIS
ORACLE CORPORATION
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
deborah.miller@oracle.com
jim.maroulis@oracle.com
(*pro hac vice applications to be submitted*)

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-106<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br>**(2) VIOLATIONS OF THE FEDERAL COMPUTER FRAUD AND ABUSE ACT;**<br>**(3) VIOLATIONS OF THE COMPUTER DATA ACCESS AND FRAUD ACT;**<br>**(4) VIOLATIONS OF NRS 205.4765;**<br>**(5) BREACH OF CONTRACT;**<br>**(6) INDUCING BREACH OF CONTRACT**<br>**(7) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>**(8) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>**(9) UNFAIR COMPETITION;**<br>**(10) TRESPASS TO CHATTELS;** |

A/73245022.11/2021039-0000337130

**(11) UNJUST ENRICHMENT / RESTITUTION;**
**(12) UNFAIR PRACTICES; and**
**(13) AN ACCOUNTING.**

**DEMAND FOR JURY TRIAL**

Plaintiffs Oracle USA, Inc. ("Oracle USA") and Oracle International Corporation ("OIC") (together "Oracle" or "Plaintiffs") for their Complaint against Defendants Rimini Street, Inc. and Seth Ravin, allege as follows based on their personal knowledge as for themselves, and on information and belief as to the acts of others:

## I.     JURISDICTION

1.     Oracle's first cause of action arises under the Federal Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and its second cause of action arises under the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.*  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1030(g), 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

2.     This Court has supplemental subject matter jurisdiction over the pendent state law claims under 28 U.S.C. § 1367, because these claims are so related to Oracle's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     This Court also has original subject matter jurisdiction over the state law claims under 28 U.S.C. § 1332 because there is a complete diversity of citizenship between the Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000.

## II.     INTRODUCTION

4.     *"The key is you have to be authorized. . . . Either you're authorized or you're not."*  (Seth Ravin, commenting on Oracle's 2007 lawsuit against SAP for illegally downloading Oracle's intellectual property).

5.     This case is about the massive theft of Oracle's software and related support materials through an illegal business model by Defendant Rimini Street and its CEO and President, Defendant Seth Ravin.  Rimini Street holds itself out as a support provider to companies that license certain of Oracle's enterprise software applications, including its

1   PeopleSoft, J.D. Edwards ("JDE") and Siebel-branded software.  Central to Rimini Street's

2   business model is the illegal downloading of Oracle's Software and Support Materials[1] in a

3   scheme that is vast in scope, consisting of many thousands of Software and Support Materials.

4   Rimini Street typically logs on to Oracle's password protected Technical Support websites using

5   a customer credential, then downloads Software and Support Materials in excess of the

6   customer's authorization under its license agreement.  Sometimes Rimini Street will download

7   hundreds or even thousands of Software and Support Materials at a time, relating to entire

8   families of software (e.g., PeopleSoft, JDE, or Siebel) that the customer does not license and for

9   which it has no use.

10          6.     Rimini Street automates its massive downloading with "robots" or

11  "crawlers," in intentional violation of Oracle's Technical Support website Terms of Use.  These

12  intrusions have damaged Oracle's support services by causing the databases which host the

13  Software and Support Materials to freeze, disrupting their operation and impeding the

14  availability of lawful downloads to Oracle's other customers.

15          7.     Ravin has admitted that downloads in excess of the customer's

16  authorization are improper.  In an interview he explained that "It is very common for [a

17  customer] to provide a password and ID for us to get to download upgrades and support.  It's a

18  standard industry practice across every consulting firm.  *The key is you have to be authorized*."

19  (emphasis supplied).  Ravin emphasized that "[y]ou need to be very careful about parsing

20  documents – whether you take 20 or hundreds.  *Either you're authorized or you're not*."

21  (emphasis supplied).

22          8.     Ravin's admission that Rimini Street may not download Oracle Software

23  and Support Materials for which the customer lacks authorization is correct.  His description of

24  Rimini Street's business practices is false.  Rimini Street's massive, illegal downloads of Oracle

25  _____

26  [1]      These copyrighted materials, which include software applications and environments,
    program updates, software updates, bug fixes, patches, custom solutions, and instructional
27  documents across the entire PeopleSoft, J.D. Edwards and Siebel families of software products,
    are referred to throughout as "Software and Support Materials."

28

1   Software and Support Materials violates Rimini Street's contracts with its customers, their

2   licenses with Oracle, the Terms of Use, and civil and criminal laws.

3           9.      Rimini Street's business model includes more than just illegal

4   downloading.  Ravin has caused Rimini Street to acquire copies of its customers' licensed Oracle

5   enterprise applications software.  In the course of its business, Rimini Street makes additional

6   illegal copies of this software, and uses it in various illegal ways to provide its low-cost support.

7           10.     This illegal business model is not new for Ravin.  He helped create this

8   illegal scheme at his prior company, TomorrowNow ("SAP TN"), with his partner, Andrew

9   Nelson.  Under this business model, SAP TN gained repeated and unauthorized access to

10  Oracle's intellectual property.  It made and used thousands of copies of Oracle's copyrighted

11  software applications and relied on illegal downloading from Oracle websites, using custom

12  programmed "scraping" tools designed to "scrape" Oracle's website for bug fixes, patches,

13  updates and instruction manuals.

14          11.     Ravin and Nelson sold SAP TN to the German software conglomerate

15  SAP AG, and Ravin soon left to later found Rimini Street.  SAP AG publicly admitted that SAP

16  TN improperly copied Oracle Software and Support Materials, and in October 2008 shut down in

17  SAP TN October 2008 having concluded that it could not provide support services without

18  infringing on Oracle's intellectual property rights.

19          12.     Ravin has admitted that Rimini Street mimics and expands the SAP TN

20  model:  "Our [Rimini Street's] basic model for TomorrowNow customers is that you're going to

21  get the same kind of savings" because "[w]hat we're offering is on top of what they're used to,

22  which is the vanilla offering that I actually assembled – because it hasn't changed much from

23  what I put together at TomorrowNow several years ago when we were launching the company."

24          13.     Rimini Street's marketing literature emphasizes how little difference

25  customers would notice from SAP TN's service offering, stating that converting is as "Easy as 1-

26  2-3."  For example, Rimini Street stated that tax and regulatory updates to Oracle software

27  applications "are packaged the same as Client is used to receiving previously from PeopleSoft

28  Corporation and then TomorrowNow, Inc.  There is no difference in how Rimini Street tax and

1    regulatory updates are installed."  Oracle, of course, owned the intellectual property rights to the

2    software SAP TN copied and used to create its illegal updates.  Ravin and Rimini Street knew

3    that and capitalized on it by copying the model and boasting about the similarity in services.

4          14.    The corrupt business model Ravin helped to create continues in full force

5    at Rimini Street.  Oracle brings this lawsuit to stop it once and for all, to stop Rimini Street's

6    illegal activity and redress the harm that Rimini Street has caused by its illegal conduct.  Rimini

7    Street's copyright infringement and other illegal, wrongful, and unfair business practices threaten

8    to cause irreparable harm to Oracle, its many employees, customers, shareholders and the

9    industry at large.  Oracle has no adequate remedy at law for the harm threatened and caused by

10   these acts..

11   **III.    THE PARTIES**

12          15.    Oracle USA is a Colorado corporation, with its principal place of business

13   in Redwood City, California.  Oracle USA develops and licenses certain intellectual property,

14   including copyrighted enterprise software programs, and provides related services.  Oracle USA

15   is the successor to PeopleSoft USA, Inc. ("PeopleSoft") and a successor in interest to certain

16   PeopleSoft, JDE, and Siebel entities.

17          16.    OIC is a California corporation, with its only place of business in

18   Redwood City, California.  OIC owns and licenses certain intellectual property, including

19   copyrighted enterprise software programs used around the world.  Intellectual property rights

20   formerly held by certain PeopleSoft, JDE, and Siebel entities were transferred to OIC as part of

21   the acquisitions of PeopleSoft and Siebel by Oracle.  OIC is the owner or exclusive licensee of

22   the copyrights at issue in this action.

23          17.    Seth Ravin is the founder, president and CEO of Rimini Street and the

24   former President of SAP TN.  He is a resident of Nevada.

25          18.    Rimini Street, Inc., is a Nevada corporation with its principal place of

26   business in Las Vegas, Nevada.  Ravin founded and controls Rimini Street.

27          19.    Oracle is currently unaware of the true names and capacities of Does 1

28   through 50, inclusive, whether individual, partnership, corporation, unincorporated association,

1   or otherwise.  Due to the surreptitious nature of Defendants' actions, and the complicated nature

2   of their scheme, the identities of the Does 1 through 50 have been concealed from Oracle,

3   preventing Oracle from identifying them by name.  After discovery, which is necessary to

4   ascertain the true names and capacities of Does 1 through 50, Oracle will amend its complaint to

5   allege the necessary identifying details.

6          20.    Defendants all are doing business in and have directed their activities at

7   Nevada.  Rimini Street is headquartered in this district, and Ravin resides in this district.  Rimini

8   Street committed its illegal downloading in Nevada, and provided illegal copies of Oracle

9   Software and Support Materials from, among other places, Nevada.  Rimini Street also

10   advertises, promotes, sells, licenses, services, and supports customers in Nevada.  Defendants

11   have also committed their unlawful conduct in other states.

12          21.    At all material times, through his ownership of Rimini Street and his role

13   as CEO and President, Seth Ravin had both the right and the authority to control the actions of

14   the corporation.

15          22.    At all material times, each of the Defendants, as well as Does 1 through

16   50, was the agent, servant, employee, partner, joint venturer, representative, subsidiary, parent,

17   affiliate, alter ego, or co-conspirator of the others, had full knowledge of and gave substantial

18   assistance to the alleged activities, and in doing the things alleged, each was acting within the

19   scope of such agency, service, employment, partnership, joint venture, representation, affiliation,

20   or conspiracy, and each is legally responsible for the acts and omissions of the others.

**IV.    VENUE**

22          23.    Venue in this district is appropriate, pursuant to 28 U.S.C. § 1391, because

23   Defendants Rimini Street and Ravin reside in this district and because a substantial part of the

24   events giving rise to the dispute occurred in this district, a substantial part of the property that is

25   the subject of the action was and is situated in this district, and the Court has personal

26   jurisdiction over each of the defendants as alleged throughout this Complaint.

**V.    DIVISION ASSIGNMENT**

28          24.    Assignment to the Las Vegas division is proper under Civil Local Rule IA

1   8-1(a), because this action arises, in part, in Las Vegas, where Rimini Street is headquartered and

2   Ravin resides and where, among other places, both engaged in their unlawful conduct.

3   **VI.    FACTUAL ALLEGATIONS**

4        **A.    Oracle's Software And Support Materials**

5        25.    Oracle is the world's largest enterprise software company, and the first to

6   receive J.D. Power & Associates' global certification for outstanding service and support based

7   on measuring customer satisfaction worldwide.  Oracle develops, manufactures, markets,

8   distributes, and services software designed to help its customers manage and grow their business

9   operations.  Oracle's enterprise software and technology offerings include database, middleware,

10  and applications software programs.

11       26.    As is typical in the enterprise software industry, Oracle does not sell

12  ownership rights to its software or related support products to its customers.  Instead, Oracle's

13  customers purchase licenses that grant them limited rights to use specific Oracle software

14  programs, with Oracle retaining all copyright and other intellectual property rights in these

15  works.  In addition, licensed customers can, and typically do, purchase some set of technical

16  support services.  Those services include upgraded products such as updates, bug fixes, or

17  patches to the software programs the customers have expressly licensed from Oracle and have

18  the right to use for purposes authorized by Oracle.

19       27.    Oracle's license agreements with its customers may vary according to the

20  products licensed, including because the customers originally contracted with PeopleSoft, Siebel,

21  and/or JDE, but all of the relevant license agreements for what is now Oracle software set

22  comparable rules for access to, and reproduction, distribution, and use of, that software.  Among

23  other things, those rules prohibit access to, or reproduction, distribution, or use of, any portion of

24  the software not expressly licensed to and paid for by the licensee, and any sublicense,

25  disclosure, use, rent, or lease of the software to third parties.  The licenses, with a few exceptions

26  that are not relevant here, also restrict where the customer physically may install the software, to

27  whom it may provide copies, and the purposes for which it may make those copies.  These

28  licensing restrictions are important to protect Oracle's substantial investment in the development

1    of its software.  They also help to make worthwhile Oracle's continuous enhancement of its

2    products for the benefit of its customers, which requires significant investment in research and

3    development.

4           28.    Oracle's license agreements define Oracle's confidential information to

5    include, without limitation, Oracle's software, its object and source code, and any associated

6    documentation or service offerings.  In certain instances, licensees may designate third parties to

7    help maintain Oracle's software, but only subject to the terms of the relevant license agreement

8    between the licensee and Oracle.  With a few exceptions that are not relevant here, those

9    agreements generally preclude the third party from installing the software on an offsite server, or

10   accessing the source code of the software.  The license agreements prohibit the licensee or any

11   third party from using the software offsite without notice to Oracle, prohibit disclosure to third

12   parties, and prohibit any use other than by the customer for production, backup, archival and in-

13   house disaster recovery purposes.  As defined in one illustrative license agreement, "software"

14   specifically includes the update products made available to customers as part of the support

15   contracts that customers purchased from Oracle.

16          29.    Through its Terms of Use, Oracle also restricts access to the Technical

17   Support websites used by Oracle customers and/or their authorized agents to access and

18   download JDE, Siebel and PeopleSoft Software and Support Materials licensed to Oracle

19   customers.  For example, the Terms of Use on Oracle's Metalink 3 website – which related to

20   Oracle's PeopleSoft, JDE and Siebel software – stated:

21          You agree that access to Metalink . . . will be granted only to your
              designated Oracle technical support contacts and that the Materials
22          [on the support website] may be used solely in support of your
              authorized use of the Oracle programs for which you hold a
23          supported license from Oracle.  Unless specifically provided in
              your licensing or distribution agreement with Oracle, the Materials
24          may not be used to provide services for or to third parties and may
              not be shared with or accessed by third parties.
25
              30.    The Metalink 3 Terms of Use explicitly described the confidential nature
26
     of the material on the Technical Support website:  "the information contained in the Materials
27
     [available through the website] is the confidential proprietary information of Oracle.  *You may*
28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   not use, disclose, reproduce, transmit, or otherwise copy in any form or by any means the

2   information contained in the Materials for any purpose, other than to support your authorized

3   use of the Oracle Programs for which you hold a supported license from Oracle, without the

4   prior written permission of Oracle."  (emphasis supplied).

5              31.     The Metalink 3 Terms of Use also prohibited the use of automated

6   downloads, including through robots, or other use of the Technical Support website that

7   overburdens it:

8           *You agree that you will not access or use Metalink in any manner
            that could damage, disable, overburden, or impair, or otherwise
9           result in unauthorized access to or interference with, the proper
            functioning of any Oracle accounts, computer systems or networks.
10          For example, you may not use any software routines commonly
            known as robots, spiders, scrapers, or other automated means, to
11          access Metalink or any Oracle accounts, systems, or networks.*

12  (emphasis supplied).

13

14             32.     In addition, access to Oracle's Metalink 3 and My Oracle Support

15  websites – which provided access to Software and Support Materials for Oracle's PeopleSoft,

16  JDE and Siebel software – was governed by the Oracle web site's Terms of Use governing

17  access to, downloading of, copying of and further use or distribution of support materials.  These

18  Terms of Use stated: "By accessing or using the Site or the Content provided on or through the

19  Site, you agree to follow and be bound by the following terms and conditions concerning your

20  access to and use of the Site and the Content provided on or through the Site ('Terms of Use') . .

21  . ."  These Terms of Use prohibited users from downloading, storing, viewing or printing the

22  materials made available on that website or available for download through the Site other than

23  "solely for personal, informational, non-commercial purposes."  They also prohibited the user

24  from modifying or altering those materials "in any way" and prohibited redistribution.  The

25  Oracle web site's Terms of Use further stated:  "Your use of software is subject to all agreements

26  such as a license agreement or user agreement that accompanies or is included with the Software,

27  ordering documents, exhibits, and other terms and conditions that apply . . . ."

28

**B.** **Rimini Street's Business Model – "Anything that sounds too good to be true probably is."**

33.     In the world of enterprise software applications, revenue comes from three basic activities:  (a) licenses of the underlying software applications; (b) consulting relating to the implementation and operation of the software; and, (c) support contracts to keep the software updated and upgraded.

34.     Rimini Street provides support services to customers who use Oracle software, including its JDE, Siebel and PeopleSoft families of applications.

35.     Rimini Street claims to compete with Oracle by providing low-cost maintenance and support services to PeopleSoft, JDE and Siebel customers running assorted versions of these software programs.  Rimini Street claims that it can cut customer maintenance and support bills in half and give customers a reprieve from software upgrade cycles by allowing customers to remain on older, often outdated, versions of PeopleSoft, JDE or Siebel software rather than moving to later versions, and by eliminating fees for fixes and upgrades that customers would otherwise have to pay to remain on the older versions.  Rimini Street states that it can provide such fixes and updates and thereby support outdated software for 10 years past its general availability without additional cost to customers.

36.     In addition to those services, Rimini Street offers "customization fixes," "tax and regulatory updates," "applications and repository fixes," and, most remarkably, "24/7 Support with Guaranteed 30 Minutes or less Response" on software programs for which it has no intellectual property rights.  Rimini Street claims to offer this comprehensive support at "More Than 50% Annual Cost Savings."

37.     Rimini Street does not have the development capability to meet the support commitments it advertises at any price, much less the 50% discount it promotes.  It certainly has not matched Oracle's investment in development resources, or even come close to it.

38.     Rimini Street has also offered to provide annual maintenance service for customers using PeopleSoft, JDE or Siebel software for $100.00 for two years.  In the third year,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    Rimini Street raises the price, but to only 50% of what SAP TN charged in the third year of its

2    own illegal downloading scheme.  Rimini Street stated that the "$100.00 covers the complete

3    program of tax updates" and "the same service" that the customer has "been getting from

4    TomorrowNow."  One of Rimini Street's customers characterized this as "an awesome deal,"

5    while noting that "anything that sounds too good to be true probably is."

6        **C.    Rimini Street's Theft By Downloading**

7            39.    In and after November 2008, and continuing in 2009, there occurred

8    unusually heavy download activity on Oracle's password-protected Technical Support website.

9    That website permits licensed Oracle customers with active support agreements to download a

10   wide array of Software and Support Materials.  Oracle has invested billions of dollars in

11   research, development, and engineering to create these materials.  Customers who have

12   contracted for support with Oracle have log-in credentials to access the Technical Support

13   website and download Software and Support Materials.  However, Oracle's support contracts

14   limit customers' access and download rights to Software and Support Materials pertaining to the

15   customers' licensed products.  Customers have no contractual right to download Software and

16   Support Materials relating to software programs they have not licensed from Oracle, or for which

17   the customers did not purchase support rights, or once the support rights they did purchase have

18   expired.

19           40.    Thousands of these downloads were made to servers associated with the

20   IP addresses 71.5.6.20, 71.5.6.23 and 71.5.6.28, which are owned by Rimini Street.  Many of

21   these downloads were to users whose log-in name ended with "@riministreet.com."  By way of

22   example only, between December 10, 2008, and December 18, 2008, a user credential ending

23   with "@riministreet.com" downloaded more than 100,000 files to the server associated with IP

24   address 71.5.6.23.  Likewise, between April 20 and May 1, 2009, a user credential ending with

25   "@riministreet.com" downloaded several thousand files to the server associated with the IP

26   address 71.5.6.20.  In these examples and many others, thousands of the downloaded files were

27   unauthorized and exceeded the scope of the Software and Support Materials that were licensed

28   for the customer on whose behalf Rimini Street ostensibly performed the downloading.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1          41.    As another example, from November 18-24, 2008, Rimini Street used an

2  automated crawler in an attempt to download approximately more than 800,000 files from

3  Oracle's Technical Support website, resulting in approximately 120,000 successful downloads to

4  the server associated with the IP address 71.5.6.20.  The reason why such a low percentage of the

5  downloads was successful is that Rimini Street programmed the crawler to increase the

6  document number for each copied file by one digit over the last one (i.e., document ID 0.1, then

7  1.1, 2.1, 3.1, and so on), to indiscriminately and systemically copy literally every document on

8  the website, regardless of the license applicable to the customer credentials input into the crawler

9  software to obtain access to Oracle's systems.  Most of the document numbers the crawler sought

10  to copy did not actually exist as files; Rimini Street simply had programmed the crawler to

11  search for and copy every conceivable document number – comprehensively to take everything.

12  This specific instance of Rimini Street's downloading terminated only when Oracle disabled

13  access to the IP address involved.

14          42.    The indiscriminate nature of Rimini Street's illegal downloading is

15  apparent from the files that it downloaded.  Oracle's software applications are generally grouped

16  into product families, such as PeopleSoft, JDE and Siebel.  A customer using an application

17  typically knows – and a support provider such as Rimini Street would obviously know – what

18  family the application is in, as that is the most basic information about the software.  A customer

19  licensed for and using only Siebel applications, for example, would typically have no use for an

20  update or support document relating to a software application in a different family (e.g.,

21  PeopleSoft), as it would be useless to the customer.  And, of course, that customer would have

22  no right to copy or use the Software and Support Materials corresponding to a separate,

23  unlicensed application.

24          43.    On many occasions, however, Rimini Street downloaded documents in a

25  particular software family while purporting to act on behalf of customers who had no license to

26  any application for any product in that family.  For example, in November 2008 Rimini Street

27  downloaded tens of thousands of documents from the PeopleSoft and JDE families of software

28  applications using the log-in credentials of a customer that had no license for any PeopleSoft

1  software and whose contracts for JDE software had expired years ago. This indicates that Rimini

2  Street made no attempt to limit its downloading to what was authorized for a given Oracle

3  customer. To the contrary, it engaged in indiscriminate downloading.

4         44.    These are only examples. Rimini Street's massive downloading totaled at

5  least 100,000 unauthorized files. It appears that Rimini Street sometimes performs downloads

6  from a customer's IP address, and the author identification (e.g., "Dennis Chiu") or sign on (e.g.,

7  "rimini_street") indicates that a Rimini Street employee actually performed the downloading. At

8  other times, neither the IP address nor the log-on credentials expressly identify Rimini Street, but

9  Rimini Street is in fact responsible for the unauthorized download. For example, there have been

10  occasions when unauthorized downloads were performed from an IP address of a customer listed

11  on Rimini Street's website, and the downloading purportedly done by that customer vastly

12  exceeded the customer's past usage and involves products to which the customer has no license.

13  On information and belief, Rimini Street performed  those unauthorized downloads (or induced

14  the customer to do so).

15         45.    Rimini Street's large-scale, unauthorized downloading has also damaged

16  Oracle's servers that contain the content of the Technical Support websites by causing them to

17  freeze, slow down, or become temporarily non-operational due to the scope of the downloading.

18  This impedes the functioning of Oracle's business and disrupts Oracle's ability to provide

19  service to its customers.

20         46.    Rimini Street has admitted that it has engaged in large-scale downloading

21  that has damaged Oracle's servers. In November 2008 Oracle blocked access to a Rimini Street

22  IP address which had downloaded thousands of Software and Support Materials. Rimini Street

23  then complained to Oracle that "a manual methodology is not feasible" to download the sheer

24  number of documents Rimini Street was attempting to, "which is why we've had to employ our

25  methodology." The Rimini Street employee admitted that the mass downloading impeded the

26  performance of Oracle's servers: "I understand our current methodology creates issues with the

27  CPU utilization on Oracle's servers, and as such, you've had to block any access from our IP

28  addresses."

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

47.     Oracle instructed Rimini to immediately cease this massive, indiscriminate downloading.  Rimini Street refused.  Rimini Street, through its lawyers, confirmed that it had "resort[ed] to automation tools as the only feasible way to try to identify, catalog, and download such a large volume of Support Materials."  It complained that when Oracle is able to detect an attempt to "download a substantial amount of Support Material items" in a volume that indicates the use of automated tools – which violates of Oracle's Terms of Use – Oracle will then shut down access to the associated IP address.

**D.     Rimini Street's Access Was Unauthorized**

48.     Rimini Street's unauthorized access to, copying of, and use of Software and Support Materials and its customers' software releases, violated the terms of the Oracle customers' License Agreements and the Technical Support website Terms of Use.  These terms included agreements:

- Not to access or use any portion of the Software, including updates, not expressly licensed and paid for by the Licensee;

- Not to directly or indirectly, sublicense, relicense, distribute, disclose, use, rent, or lease the software or documentation, or any portion thereof, for third party use, or third party training;

- Not to access the customer support system if not the customer's authorized and designated Oracle technical support contact;

- Not to use the materials on the support website except in support of the customer's authorized use of the Oracle programs for which the customer holds a supported license from Oracle;

- That the customer username and password are for the customer's sole use in accessing this support server;

- That the customer username and password may only be distributed to or used by persons in the customer's organization who have a legitimate business purpose for accessing the materials contained on the support server in furtherance of the customer's relationship with Oracle;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1      •      Not to impede the functioning or performance of the Technical Support website;

2      •      Not to use automated mechanisms to perform downloads, such as robots or

3      crawlers; and

4      •      That the materials on the support website are confidential information subject to

5      existing confidentiality agreements.

6      49.      Rimini Street has intimate familiarity with these important restrictions and

7 conditions relating to Oracle's Software and Support Materials. Of Rimini Street's ten-member

8 management team, seven list prior employment experience with PeopleSoft, Siebel, or Oracle.

9 In addition, other Rimini Street managers and employees claim to have years of experience

10 providing support services for PeopleSoft software. In short, Rimini Street cannot credibly claim

11 ignorance of Oracle's access rules. Indeed, in the public statements quoted above, Ravin has

12 demonstrated his close reading of Oracle's allegations against SAP, has confirmed his awareness

13 of Oracle's access rules, and has admitted that Rimini Street must comply with those rules.

14      50.      Notwithstanding Rimini Street's knowledge of Oracle's license

15 agreements with its customers, the support website terms of use, and the confidential,

16 proprietary, and copyrighted nature of Oracle's Software and Support Materials, Rimini Street

17 accessed and downloaded the Software and Support Materials when it either had no legitimate

18 basis to access Oracle's restricted website, or in a way that grossly violated the limited access

19 rights it did have. Further, the scope of the downloaded Software and Support Materials – across

20 multiple libraries in multiple lines of business – for customers that had no license to take, or need

21 for, those products, suggests that Rimini Street took the Software and Support Materials to

22 stockpile a library to support its present and prospective customers.

23      51.      To the extent Rimini Street had any legitimate basis to access Oracle's site

24 as a contract consultant for a customer with current licensed support rights, it committed to abide

25 by the same license obligations and usage terms and conditions applicable to licensed customers.

26 Indeed, anyone accessing such Software and Support Materials on the Oracle support website

27 must agree to Oracle's terms and conditions, which restrict access to support only for products

28 that a company has licensed, and impose strict confidentiality requirements. Rimini Street

1  reviewed and agreed to the terms and conditions on Oracle's support website before proceeding,

2  and therefore committed its theft knowingly and intentionally, and in conscious disregard of

3  Oracle's copyrights and other protected intellectual property, contractual restrictions on the use

4  of its intellectual property, and the integrity of its computer systems.

5
      **E.**      **Oracle's Software And Support Materials Are Registered With The**
6                **Copyright Office**

7          52.      The Software and Support Materials and software applications that Rimini

8  Street downloaded from Oracle's systems included numerous works that are protected under the

9  Federal Copyright Act, 17 U.S.C. §§ 101 *et seq.* These protected works are original works of

10  authorship, owned by Oracle. Defendants' acts violated Oracle's exclusive rights to reproduce,

11  create derivative works, publish, publicly display, offer for sale, and distribute (collectively,

12  "copy") these works. Defendants' acts were willful and intentional and constitute both direct

13  and indirect copyright infringement under the Federal Copyright Act, 17 U.S.C. §§ 101 *et seq.*

14          53.      The massive nature of the illicit downloads by Rimini Street make it

15  impossible to detail comprehensively each copyright violation in this Complaint. However,

16  Oracle has more than 80 certificates of registration from the Register of Copyrights that cover a

17  wide range of Software and Support Materials copied by Rimini Street. Collectively, these

18  registrations cover thousands of unlicensed Software and Support materials unlawfully copied by

19  Rimini Street.

20        **F.**      **Defendants Conspired With And Aided And Abetted Each Other**

21          54.      Defendants willfully, intentionally, and knowingly agreed and conspired

22  with each other to engage in the alleged wrongful conduct, including Defendants' copyright

23  infringement, interference with Oracle's business relationships and other unfair business

24  practices, as well as Defendants' trespass on, and computer fraud concerning the Software and

25  Support Materials.

26          55.      Defendants did the acts alleged pursuant to, and in furtherance of, that

27  agreement and/or furthered the conspiracy by cooperating, encouraging, ratifying, or adopting

28  the acts of the others.

1    56.    As a direct and proximate result of the acts in furtherance of the

2    conspiracy, Oracle has suffered injury, damage, loss, and harm, including, but not limited to, loss

3    of profits from sales to current and potential customers of Oracle support services and licenses

4    for Oracle's software programs. The wrongful conduct committed pursuant to the conspiracy

5    was a substantial factor in causing this harm.

6    57.    Defendants also had full knowledge of or should have reasonably known

7    of the true nature of the wrongful conduct of each other Defendant, and aided and abetted such

8    wrongful conduct, including copyright infringement, and other unfair business practices, as well

9    as Defendants' trespass on, and computer fraud concerning the copyrighted Software and

10   Support Materials, by providing substantial assistance and/or encouraging the others to act.

11   58.    Defendants also aided and abetted the described wrongful conduct of the

12   other Defendants by giving substantial assistance and/or encouragement that, separately

13   considered, was wrongful in and of itself.

14   59.    As a direct and proximate result of the aiding and abetting of these acts,

15   Oracle has suffered injury, damage, loss, and harm, including, but not limited to, loss of profits

16   from sales to current and potential customers of Oracle support services and licenses to Oracle

17   software programs. The wrongful conduct aided and abetted by the Defendants was a substantial

18   factor in causing this harm.

19   60.    Defendants' intentional agreement to commit, and commission of, these

20   wrongful acts, and aiding and abetting of these wrongful acts, was willful, malicious, oppressive,

21   and in conscious disregard of Oracle's rights, and Oracle is therefore entitled to an award of

22   punitive damages to punish their wrongful conduct and deter future wrongful conduct.

23                        **First Claim for Relief**

24                        **Copyright Infringement**

25                        (By OIC Against All Defendants)

26   61.    OIC incorporates by reference each of the allegations in the preceding

27   paragraphs of this Complaint as though fully set forth here.

28   62.    OIC owns a valid and enforceable copyright in, or an exclusive license to,

1  all of its software applications and Software and Support Materials, which are creative works of

2  original authorship. OIC has pre-existing, or has obtained from the Register of Copyrights,

3  Certificates of Registration that cover many of the software applications and Software and

4  Support Materials taken and copied by Rimini Street.[2]

5         63.   OIC has also obtained, through transfer agreements, all rights, title, and

6  interest in registered and unregistered copyrights formerly owned by certain PeopleSoft, JDE,

7  and Siebel entities.

8         64.   OIC owned exclusive rights to each of the copyrights at issue in this case

9  at a point in time during which Defendants infringed those exclusive rights.

10         65.   Defendants have infringed copyrights in Oracle software applications and

11  Software and Support Materials, including the software applications and Software and Support

12  Materials covered by these certificates. These certificates are identified, dated and numbered as

13  follows:

| Title of Work | Date of Registration | Registration Number |
|---|---|---|
| Shop Floor Control program | March 7, 1995 | TXu 619-303 |
| EDI Interface (6) program | March 7, 1995 | TXu 619-304 |
| Configuration Management program | March 7, 1995 | TXu 619-305 |
| Master Production Scheduling program | March 7, 1995 | TXu 619-306 |
| Capacity Requirements Planning program | March 7, 1995 | TXu 619-307 |
| WorldCASE Development Environment program | March 7, 1995 | TXu 619-308 |
| Equipment Management (5) program | March 7, 1995 | TXu 619-309 |
| General Ledger & Basic Financial program | March 7, 1995 | TXu 619-310 |
| Enterprise Facility Planning program | March 7, 1995 | TXu 619-311 |
| Accounts Receivable program | March 7, 1995 | TXu 619-312 |
| Warehouse Management program | March 7, 1995 | TXu 619-313 |
| Inventory Management program | March 7, 1995 | TXu 619-314 |
| Sales Order Processing/Sales Analysis program | March 7, 1995 | TXu 619-315 |
| Purchase Order Processing program | March 7, 1995 | TXu 619-316 |
| Product Data Management program | March 7, 1995 | TXu 619-317 |
| Financial Reporting (FASTR) program | March 7, 1995 | TXu 619-318 |
| WorldCASE Foundation Environment (3) program | March 7, 1995 | TXu 619-319 |
| Accounts Payable program | March 7, 1995 | TXu 619-320 |
| Financial Modeling, Budgeting & Allocations | March 7, 1995 | TXu 619-321 |

---

[2]   Oracle reserves the right to amend the Complaint in the event it obtains additional copyright registrations for Software and Support Materials taken and copied by Rimini Street beyond the registrations it has already.

| | | |
|---|---|---|
| program | | |
| PeopleSoft HRMS 7.0 | December 15 1998 | TX 4-792-577 |
| PeopleSoft HRMS 7.5 | December 15, 1998 | TX 4-792-575 |
| PeopleSoft HRMS 8.0 | November 20, 2000 | TX 5-291-440 |
| PeopleSoft 8 HRMS SP1 | March 26, 2001 | TX 5-501-312 |
| PeopleSoft 8.3 HRMS | February 1, 2002 | TX 5-469-032 |
| PeopleSoft 8.8 HRMS | June 11, 2004 | TX 6-093-947 |
| PeopleSoft 8 Customer Relationship Management | September 27, 2001 | TX-5-456-777 |
| PeopleSoft 8.8 Customer Relationship Management | June 11, 2004 | TX 6-015-317 |
| PeopleSoft Financials, Distribution & Manufacturing 7.5 | December 15, 1998 | TX 4-792-574 |
| PeopleSoft 8 Financials and Supply Chain Management: Service Pack 2 | September 27, 2001 | TX-5-456-780 |
| PeopleSoft 8.4 Financials and Supply Chain Management | August 5, 2002 | TX-5-586-247 |
| PeopleSoft 8.8 Enterprise Performance Management | June 11, 2004 | TX-5-993-616 |
| PeopleSoft 8 Student Administration Solutions | November 30, 2001 | TX 5-431-289 |
| Initial release of JDE EnterpriseOne XE | April 26, 2007 | TX 6-541-033 |
| Cumulative Update 8 for JDE EnterpriseOne Xe | April 26, 2007 | TX 6-541-048 |
| Initial release of JDE EnterpriseOne 8.0 | April 26, 2007 | TX 6-541-050 |
| Cumulative Update 1 for JDE EnterpriseOne 8.0 | April 26, 2007 | TX 6-541-034 |
| Initial release of JDE EnterpriseOne 8.9 | April 26, 2007 | TX 6-541-049 |
| Initial release of JDE EnterpriseOne 8.10 | April 26, 2007 | TX 6-541-038 |
| Cumulative Update 2 for JDE EnterpriseOne 8.10 | April 26, 2007 | TX 6-541-032 |
| Initial release of JDE EnterpriseOne 8.11 | April 26, 2007 | TX 6-541-028 |
| Initial release of JDE EnterpriseOne 8.11 SP1 | April 26, 2007 | TX 6-541-040 |
| ESU for JDE EnterpriseOne 8.11 SP1 | April 26, 2007 | TX 6-541-027 |
| Cumulative Update 1 for JDE EnterpriseOne 8.11 SP1 | April 26, 2007 | TX 6-541-039 |
| Initial release of JDE EnterpriseOne 8.12 | April 26, 2007 | TX 6-541-041 |
| ESU for JDE EnterpriseOne 8.12 | April 26, 2007 | TX 6-541-045 |
| Cumulative Update 1 for JDE EnterpriseOne 8.12 | April 26, 2007 | TX 6-541-042 |
| Initial release of JDE World A7.3 | April 26, 2007 | TX 6-541-029 |
| Cumulative Update 16 for JDE World A7.3 | April 26, 2007 | TX 6-541-031 |
| Initial release of JDE World A8.1 | April 26, 2007 | TX 6-541-047 |
| Code Change for JDE World A8.1 | April 26, 2007 | TX 6-541-044 |
| Cumulative Update 6 for JDE World A8.1 | May 1, 2007 | TX 6-545-421 |
| Initial release of JDE World A9.1 | April 26, 2007 | TX 6-541-030 |
| PeopleSoft Financials and Supply Chain Management (FIN/SCM) 8.0 | November 20, 2000 | TX 5-291-439 |
| PeopleSoft 8 EPM SP3 | March 30, 2001 | TX 5-345-698 |
| PeopleSoft 8.3 Enterprise Performance Management | March 11, 2002 | TX 5-485-839 |
| PeopleSoft 8.1 Customer Relationship Management | March 20, 2002 | TX 5-493-450 |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

| PeopleSoft 8 FIN/SCM SP1 | March 26, 2001 | TX 5-501-313 |
|---|---|---|
| PeopleSoft 7.0 financials, distribution & manufacturing 7.0 | December 15, 1998 | TX 4-792-576 |
| PeopleSoft Benefits Administration 7.50 | June 14, 1999 | TX 5-072-090 |
| PeopleSoft Benefits Administration 7.0 | June 15, 1999 | TX 4-258-824 |
| PeopleSoft Payroll Interface 7.50 | June 21, 1999 | TX 3-772-292 |
| PeopleSoft Pension Administration 7 | June 21, 1999 | TX 3-772-290 |
| PeopleSoft Pension Administration 7.50 | June 21, 1999 | TX 3-772-291 |
| PeopleSoft Payroll 7 | June 22, 1999 | TX 4-501-140 |
| PeopleSoft Payroll Interface 7 | June 22, 1999 | TX 4-501-138 |
| PeopleSoft Human Resources 7 | June 28, 1999 | TX 4-994-865 |
| PeopleSoft Human Resources 7.50 | June 28, 1999 | TX 5-013-123 |
| PeopleSoft Payroll 7.50 | June 28, 1999 | TX 5-013-125 |
| PeopleSoft Payroll Interface 7 Higher Education | June 28, 1999 | TX 5-013-124 |
| PeopleSoft Time and Labor 7 | June 28, 1999 | TX 5-013-128 |
| PeopleSoft Time and Labor 7.0 | June 28, 1999 | TX 4-994-866 |
| PeopleSoft Time and Labor 7.50 | June 28, 1999 | TX 4-994-867 |
| Database of Documentary Customer Support Materials for PeopleSoft Software | July 1, 2009 | TXu1-607-454 |
| Database of Documentary Customer Support Materials for J.D. Edwards Software | July 1, 2009 | TXu1-607-455 |
| Siebel 6.3 Initial Release and Documentation | June 29, 2009 | TX 6-941-989 |
| Siebel 7.0.5 Initial Release and Documentation | June 29, 2009 | TX 6-941-988 |
| Siebel 7.5.2 Initial Release and Documentation | June 29, 2009 | TX 6-941-990 |
| Siebel 7.7.1 Initial Release and Documentation | June 29, 2009 | TX 6-941-993 |
| Siebel 7.8 Initial Release and Documentation | June 29, 2009 | TX 6-941-995 |
| Siebel 8.0 Initial Release and Documentation | June 29, 2009 | TX 6-942-000 |
| Siebel 8.1.1 Initial Release and Documentation | June 29, 2009 | TX 6-942-001 |
| Database of Documentary Customer Support Materials for Siebel Software | July 1, 2009 | TXu1-607-453 |

66.     These registrations generally cover, but are not limited to, numerous

versions of Oracle software, including the updates, patches and fixes incorporated in each

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   relevant version, service packs of Oracle updates, patches and fixes, and individual exemplar

2   Software and Support Materials, including certain Oracle knowledge management solutions and

3   certain Oracle updates, patches and fixes, all of which Rimini Street copied without a license.

4          67.    Through the acts alleged above, Defendants have violated the exclusive

5   rights of OIC to reproduce and make copies of their copyrighted Software and Support Materials,

6   including materials covered by the registrations listed above by, among other things,

7   downloading (copying) Oracle's copyrighted Software and Support Materials onto its computers

8   in violation of 17 U.S.C. § 106, repeatedly copying entire releases of Oracle's software, and

9   related documentation, to Rimini Street's own local systems, without authorization or license and

10  creating unlicensed works derived from these copies.

11         68.    Defendants have also violated the exclusive rights of OIC to control the

12  distribution, creation of derivative works and public display of copyrighted works by

13  downloading, copying, creating derivative works from and/or distributing Oracle's Software and

14  Support Materials and/or derivative works to Defendants' customers, via posting to its website,

15  by electronic mail, through file transfer protocol, or otherwise, in violation of 17 U.S.C. § 106.

16         69.    Defendants were not authorized to copy, download, reproduce, create

17  derivative works from, distribute, or publicly display Oracle's copyrighted software applications

18  and Software and Support Materials except as authorized by and in support of a specific licensed

19  customer, using only (in the case of Software and Support Materials) that licensed customer's

20  log-in credentials, and with respect only to Software and Support Materials for which that

21  customer had a current right to have and use.

22         70.    In addition to directly infringing the exclusive rights of OIC, Defendants

23  have contributorily and/or vicariously infringed the exclusive rights of OIC in the Software and

24  Support Materials by controlling, directing, intentionally encouraging, inducing or materially

25  contributing to the copying, distribution, publicly display or creation of derivative works from

26  Oracle's copyrighted software applications and Software and Support Materials.  Defendants

27  also obtained a direct financial benefit from the above alleged infringing activities while

28  declining to exercise their right to stop it or limit it.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

71.     Defendants knew or should have known that copying, distributing, public display of, and creating derivative works of and from Oracle Software and Support Materials, which Defendants copied in the name of customers who had no license to copy, distribute, publicly display or create derivative works from those materials, infringed the exclusive rights of OIC in those materials.

72.     OIC is entitled to damages in an amount to be proven at trial, including profits attributable to the infringement not taken into account in computing actual damages under 17 U.S.C. § 504(b).  OIC is entitled to statutory damages under 17 U.S.C. § 504(c) based on Defendants' infringements after the dates of copyright registration.

73.     Defendants' infringement of the exclusive rights of OIC has also caused OIC irreparable injury.  Unless restrained and enjoined, Defendants will continue to commit such acts.  OIC's remedies at law are not adequate to compensate them for these inflicted and threatened injuries, entitling them to remedies including injunctive relief as provided by 17 U.S.C. § 502, and an order impounding or destroying any and all infringing materials pursuant to 17 U.S.C. § 503.

**Second Claim for Relief**

**Violation of Federal Computer Fraud and Abuse Act**

**(18 U.S.C. §§ 1030(a)(2)(C), (a)(4) & (a)(5))**

(By Oracle USA and OIC Against All Defendants)

74.     Oracle USA and OIC incorporate by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

75.     Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), by intentionally accessing a computer used for interstate commerce or communication, without authorization or by exceeding authorized access to such a computer, and by obtaining information from such a protected computer.

76.     Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4), by knowingly, and with intent to defraud Oracle USA or OIC, accessing a protected computer, without authorization or by exceeding authorized access to such a computer,

1    and by means of such conduct furthered the intended fraud and obtained one or more things of

2    value, including but not limited to Oracle's Software and Support Materials.

3             77.     Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C.

4    § 1030(a)(5)(A)(i), by knowingly causing the transmission of a program, information, code, or

5    command and as a result intentionally causing damage without authorization to a protected

6    computer owned by Oracle USA.

7             78.     Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C. §

8    1030(a)(5)(A)(ii) and (iii) by intentionally accessing a protected computer without authorization,

9    causing damage to Oracle USA or OIC, recklessly or without due regard for their actions.

10           79.     The computer system or systems that Defendants accessed as described

11    above constitute a "protected computer" within the meaning of 18 U.S.C. § 1030(e)(2).  Oracle

12    USA and OIC have suffered damage and loss by reason of these violations, including, without

13    limitation, harm to Oracle USA's and OIC's data, programs, and computer systems, and other

14    losses and damage in an amount to be proved at trial, but, in any event, in an amount well over

15    $5000 aggregated over a one-year period.

16           80.     Defendants' unlawful access to and theft from Oracle USA's computers

17    have caused Oracle USA and OIC irreparable injury.  Unless restrained and enjoined,

18    Defendants will continue to commit such acts.  Oracle USA's, and OIC's remedies at law are not

19    adequate to compensate them for these inflicted and threatened injuries, entitling Oracle USA

20    and OIC to remedies including injunctive relief as provided by 18 U.S.C. § 1030(g).

21                               **Third Claim for Relief**

22          **Computer Data Access and Fraud Act – Cal. Penal Code § 502**

23              (By Oracle USA and OIC Against All Defendants)

24           81.     Oracle USA and OIC incorporate by reference the allegations of

25    paragraphs 1 through 51 and 54-60 of this Complaint as though fully set forth here.

26           82.     Defendants have violated California Penal Code § 502(c)(2) by knowingly

27    and fraudulently, and without permission, accessing, taking, copying, and making use of

28    programs, data, and files from Oracle USA's computers, computer systems, and/or computer

1   networks.

2       83.    Defendants have violated California Penal Code § 502(c)(3) by

3   knowingly, fraudulently, and without permission accessing and using Oracle USA's  computer

4   services.

5       84.    Defendants have violated California Penal Code § 502(c)(6) by

6   knowingly, fraudulently, and without permission providing, or assisting in providing, a means of

7   accessing Oracle USA's computers, computer systems, and/or computer networks.

8       85.    Defendants have violated California Penal Code § 502(c)(7) by

9   knowingly, fraudulently, and without permission accessing, or causing to be accessed, Oracle

10  USA's computers, computer systems, and/or computer networks.

11      86.    Oracle USA or OIC own certain data that comprises Software and Support

12  Materials obtained by Defendants as alleged above.

13      87.    As a direct and proximate result of Defendants' unlawful conduct within

14  the meaning of California Penal Code § 502, Defendants have caused damage to Oracle USA

15  and OIC in an amount to be proven at trial.  Oracle USA and OIC are also entitled to recover

16  their reasonable attorneys' fees pursuant to California Penal Code § 502(e).

17      88.    Oracle USA and OIC are informed and believe that the aforementioned

18  acts of the Defendants were willful and malicious in that Defendants' acts described above were

19  done with the deliberate intent to injure Oracle USA's and OIC's business and improve its own.

20  Oracle USA and OIC are therefore entitled to punitive damages.

21      Oracle USA and OIC have also suffered irreparable injury from these acts, and

22  due to the continuing threat of such injury, have no adequate remedy at law, entitling Oracle

23  USA and OIC to injunctive relief.

24                  **Fourth Claim for Relief**

25                  **Nevada Rev. Stat. 205.4765**

26              (By Oracle USA and OIC Against All Defendants)

27      89.    Oracle USA and OIC incorporate by reference the allegations of

28  paragraphs 1 through 51, 54-60, and 81-88 of this Complaint as though fully set forth here.

A/73245022.11/2021039-0000337130                    24

90.     At least some of Defendants' unlawful conduct, described above, occurred at Rimini Street's operations in Nevada.  Accordingly, Oracle pleads this claim in the alternative, to the extent the Court may determine that NRS 205.4765 applies to such conduct in Nevada instead of California Penal Code § 502.

91.     Defendants have violated NRS 205.4765(1) by knowingly, willfully and without authorization using, transferring, taking, retaining possession of, copying, accessing and attempting to obtain access to data, programs, and supporting documents that exist inside or outside Oracle USA's computers, computer systems, and/or computer networks.

92.     Defendants have violated NRS 205.4765(2) by knowingly, willfully and without authorization using, damaging, accessing or attempting to obtain access to equipment or supplies that are used or intended to be used in equipment or supplies that are used or intended to be used in Oracle USA's  computers, computer systems and/or computer networks.

93.     Defendants have violated NRS 205.4765(3) by knowingly, willfully and without authorization using, damaging, accessing or attempting to obtain access to Oracle USA's computer systems and/or computer networks.

94.     Defendants have violated NRS 205.4765(4) by knowingly, willfully and without authorization using a device to access Oracle USA's computers, computer networks and data.

95.     Defendants have violated NRS 205.4765(5) by knowingly, willfully and without authorization introducing or attempting to introduce a computer contaminant into Oracle USA's computers, computer systems and/or computer networks.

96.     Oracle USA or OIC own certain data that comprises Software and Support Materials obtained by Defendants as alleged above.

97.     As a direct and proximate result of Defendants' unlawful conduct within the meaning of NRS 205.4765, Defendants have caused damage to Oracle USA and OIC in an amount to be proven at trial.  Oracle USA and OIC are also entitled to recover their reasonable attorneys' fees pursuant to NRS 205.511(1)(c).

98.     Oracle USA and OIC are informed and believe that the aforementioned

1    acts of the Defendants were willful and malicious in that Defendants' acts described above were

2    done with the deliberate intent to injure Oracle USA's and OIC's business and improve its own.

3    Oracle USA and OIC are therefore entitled to punitive damages under NRS 205.511(1)(b).

4          99.    Oracle USA and OIC have also suffered irreparable injury from these acts,

5    and due to the continuing threat of such injury, have no adequate remedy at law, entitling Oracle

6    USA and OIC to injunctive relief.

7    **<u>Fifth Claim for Relief</u>**

8    **Breach of Contract**

9    (By Oracle USA Against All Defendants)

10          100.    Oracle USA incorporates by reference the allegations of paragraphs 1

11    through 51, 54-60, and 81-99 of this Complaint as though fully set forth here.

12          101.    Defendants agreed to be bound by the licenses and Terms of Use on

13    Oracle's customer support websites, including the Metalink 3 Terms of Use and the Oracle Web

14    sites Terms of Use when Defendants accessed or downloaded Software and Support Materials

15    from Oracle's customer support websites.

16          102.    Oracle USA has performed all conditions, covenants, and promises

17    required on its part to be performed in accordance with the terms and conditions of Oracle's

18    customer support websites' Terms of Use, including the Metalink 3 Terms of Use and the Oracle

19    Web sites Terms of Use.

20          103.    Defendants have breached Oracle's customer support websites' Terms of

21    Use, including the Metalink 3 Terms of Use and the Oracle Web sites Terms of Use by, among

22    other things:

23         •    Accessing Software and Support Materials not expressly licensed to and/or paid

24              for by Defendants or the customers in whose name Defendants accessed Oracle's

25              customer support websites and took the Software and Support Materials;

26         •    Accessing the content available through Oracle's customer support websites, in

27              the form of the Software and Support Materials, without being an authorized and

28              designated Oracle technical support contact;

1       •     Using the Software and Support Materials other than in support of a customer's

2            authorized use of Oracle software for which a customer holds a supported license

3            from Oracle;

4       •     Using the Software and Support Materials without a legitimate business purpose;

5       •     Using automated mechanisms to perform downloads from the Technical Support

6            website, such as robots or crawlers, and using other methods of downloading that

7            impede the functioning or performance of the Technical Support website;

8       •     Using the Software and Support Materials in ways other than the furtherance of a

9            relationship with Oracle; and,

10      •     Accessing or using Software and Support Materials other than for personal,

11            informational or non-commercial purposes.

12         104.    As a result of Defendants' breach of Oracle's customer support websites'

13  Terms of Use, including the Metalink 3 Terms of Use and the Oracle Web sites Terms of Use,

14  Defendants have caused damage to Oracle USA in an amount to be proven at trial.

15                    **Sixth Claim for Relief**

16                    **Inducing Breach of Contract**

17                 (By Oracle USA Against All Defendants)

18         105.    Oracle USA incorporates by reference the allegations of paragraphs 1

19  through 51, 54-60, and 81-104 of this Complaint as though fully set forth here.

20         106.    Oracle USA's customers agreed to be bound by the licenses and/or Terms

21  of Use on Oracle's customer support websites, including the Metalink 3 Terms of Use and the

22  Oracle Web sites Terms of Use when they or anyone acting on their behalf accessed or

23  downloaded Software and Support Materials from Oracle's customer support websites.

24         107.    Oracle USA has performed all conditions, covenants, and promises

25  required on its part to be performed in accordance with the Terms of Use on Oracle's customer

26  support websites, including the Metalink 3 Terms of Use and the Oracle Web sites Terms of Use.

27         108.    Oracle USA's Terms of Use on Oracle's customer support websites,

28  including the Metalink 3 Terms of Use and the Oracle Web sites Terms of Use are valid

1   contracts. Defendants had knowledge of the existence of these contracts at all relevant times.

2   However, motivated by a desire to obtain an unfair competitive advantage, Defendants induced

3   Oracle's customers to breach those contracts. These contracts would otherwise have been

4   performed were it not for Defendants' acts inducing the customers to breach them.

5           109.   Defendants acted at times as the authorized agents of Oracle USA's

6   customers, specifically as their support providers, when they accessed and downloaded Software

7   and Support Materials in violation of the Terms of Use on Oracle's customer support websites,

8   including the Metalink 3 Terms of Use and the Oracle Web sites Terms of Use, as described

9   above. These actions accordingly caused the customers to be in breach of the Terms of Use on

10   Oracle's customer support websites, including the Metalink 3 Terms of Use and the Oracle Web

11   sites Terms of Use. Defendants intended their actions to cause Oracle USA's customers to

12   breach these contractual obligations.

13           110.   As a result of Defendants' inducing Oracle USA's customers to breach the

14   Terms of Use on Oracle's customer support websites, including the Metalink 3 Terms of Use and

15   the Oracle Web sites Terms of Use, Defendants have caused damage to Oracle USA in an

16   amount to be proven at trial.

17           111.   Defendants acted with fraud, oppression and malice in inducing Oracle

18   USA's customers to breach the Terms of Use on Oracle's customer support websites, including

19   the Metalink 3 Terms of Use and the Oracle Web sites Terms of Use, and Oracle USA is

20   therefore entitled to an award of punitive damages to punish Defendants' wrongful conduct and

21   deter future wrongful conduct.

22                       **Seventh Claim for Relief**

23       **Intentional Interference With Prospective Economic Advantage**

24             (By Oracle USA and OIC Against All Defendants)

25           112.   Oracle USA and OIC incorporate by reference the allegations of

26   paragraphs 51, 54-60, and 81-111 of this Complaint as though fully set forth here.

27           113.   Oracle USA and OIC have and had an expectancy in continuing and

28   advantageous economic relationships with current and prospective purchasers and licensees of

1    Oracle's support services and software, which are conducted through Oracle USA and OIC.

2            114.    These relationships contained the probability of future economic benefit in

3    the form of profitable support service contracts and software licenses.  Had Defendants refrained

4    from engaging in the unlawful and wrongful conduct described in this complaint, there is a

5    substantial probability that support customers of Oracle USA and OIC would have initiated,

6    renewed, or expanded support contracts and software licenses with those Oracle entities, rather

7    than with Defendants.

8            115.    Defendants were aware of these economic relationships and intended to

9    interfere with and disrupt them by wrongfully:

10       •    gaining unauthorized access to Oracle USA's computer systems through Oracle's

11            password-protected customer support websites in violation of the agreements

12            governing such access;

13       •    gaining unauthorized access to the Software and Support Materials available on

14            Oracle USA's computer systems through Oracle's customer support websites, in

15            violation of the agreements governing such access, including by using log-in

16            credentials of customers with no right or license to the Software and Support

17            Materials taken by Defendants;

18       •    breaching the agreements governing access to, and use of, the websites and the

19            Software and Support Materials available through it,

20       •    luring Oracle USA's and OIC's current and prospective customers by making

21            promotional and marketing statements regarding Defendants' ability to provide

22            support services for Oracle software that were only possible because of

23            Defendants' improper access to, and taking from, Oracle USA's computer

24            systems through Oracle's customer support websites;

25       •    using information learned through the improper access to, and taking from, Oracle

26            USA's computer systems through Oracle's customer support websites to provide

27            support services to Defendants' customers;

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

- gaining unauthorized access to Oracle's software releases through deceptive representations to Oracle USA's and OIC's customers, causing customers to breach their license agreements with Oracle.

116. Defendants' conduct was wrongful by a measure beyond the fact of the interference itself. Defendants gained unauthorized access to Oracle USA's computer systems through Oracle USA's password-protected customer support websites, breached the agreements governing access to, and use of, Oracle's customer support websites and the Software and Support Materials available through Oracle's customer support websites, and wrongfully used the property found there to advertise their services, and otherwise obtain and retain the current and prospective clients of Oracle USA and OIC.

117. This conduct, as alleged above, constitutes violations of numerous state and federal statutes and codes, including, but not limited to, violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, unauthorized access to computers, NRS 205.4765, Cal. Penal Code § 502, receipt of stolen property, Cal. Penal Code § 496, wire fraud, 18 U.S.C. § 1343, violation of RICO, 18 U.S.C. § 1962, fraud and related activity in connection with an access device, 18 U.S.C. § 1029, and violation of the Stored Communications Act, 18 U.S.C. §§ 2701-11. Defendants' conduct also constitutes trespass to chattels, breach of contract, and unjust enrichment.

118. As a result of Defendants' acts, the above-described relationships have been actually disrupted, causing certain current and prospective support clients to contract with Defendants instead of with Oracle USA and OIC for those clients' software support and maintenance and, in some cases, for their enterprise software.

119. As a direct and proximate result of Defendants' actions, Oracle USA and OIC have suffered economic harm, including, but not limited to, loss of profits from sales or licenses to current and potential customers of support services and enterprise software programs. Defendants' wrongful conduct was a substantial factor in causing this harm.

120. Unless Defendants are restrained by appropriate injunctive relief, their actions are likely to recur and will cause Oracle USA and OIC irreparable injury for which there

1    is no adequate remedy at law.

2            121.    Defendants' interference with Oracle USA's and OIC's prospective

3    economic advantage with its current and future customers, as described above, was willful,

4    malicious, oppressive, and in conscious disregard of Oracle USA's and OIC's rights, and Oracle

5    USA and OIC are therefore entitled to an award of punitive damages to punish Defendants'

6    wrongful conduct and deter future wrongful conduct.

7                        **Eighth Claim for Relief**

8            **Negligent Interference With Prospective Economic Advantage**

9                (By Oracle USA and OIC Against All Defendants)

10           122.    Oracle USA and OIC incorporate by reference the allegations of

11   paragraphs 51, 54-60, and 81-121 of this Complaint as though fully set forth here.

12           123.    Oracle USA and OIC have and had an expectancy in continuing and

13   advantageous economic relationships with current and prospective purchasers and licensees of

14   Oracle's support services and software, which are conducted through Oracle USA and OIC.

15           124.    These relationships contained the probability of future economic benefit in

16   the form of profitable support service contracts and enterprise software licenses.  Had

17   Defendants refrained from engaging in the unlawful and wrongful conduct described in this

18   complaint, there is a substantial probability that the support customers of Oracle USA and OIC

19   would have initiated, renewed, or expanded support contracts and enterprise software licenses

20   with Oracle USA and OIC, rather than with Defendants.

21           125.    Defendants knew or should have known about the economic relationship,

22   described above, and knew or should have known that these relationships would be interfered

23   with and disrupted if Defendants failed to act with reasonable care in their access of Oracle's

24   customer support websites and use of Oracle's Software and Support Materials.  Defendants

25   failed to act with reasonable care.  Instead, they:

26            •   gained unauthorized access to Oracle USA's computer systems through

27                Oracle USA's password-protected customer support websites in violation

28                of the agreements governing such access;

A/73245022.11/2021039-0000337130

31

Case 2:10-cv-00106-LRH-PAL   Document 6-2   Filed 01/25/10   Page 32 of 42

- gained unauthorized access to the Software and Support Materials available on Oracle USA's computer systems through Oracle's customer support websites, in violation of the agreements governing such access, including by using log in credentials of customers with no right or license to the Software and Support Materials taken by Defendants;

- breached the agreements governing access to, and use of, the websites and the Software and Support Materials available through it;

- lured Oracle USA's and OIC's current and prospective customers by making promotional and marketing statements regarding Defendants' ability to provide support services for Oracle software that were only possible because of Defendants' improper access to, and taking from, Oracle USA's computer systems through Oracle's customer support websites; and,

- used information learned through the improper access to, and taking from, Oracle USA's computer systems through Oracle's customer support websites to provide support services to Defendants' customers;

- gained unauthorized access to Oracle's software releases through deceptive representations to Oracle USA's and OIC's customers, causing customers to breach their license agreements with Oracle.

126.    Defendants' conduct was wrongful by a measure beyond the fact of the interference itself.  Defendants gained unauthorized access to Oracle USA's computer systems through Oracle USA's password-protected customer support websites, breached the agreements governing access to, and use of, Oracle's customer support websites and the Software and Support Materials available through it, and wrongfully used the property that they found there to advertise their services, and otherwise obtain and retain Oracle USA's and OIC's current and prospective clients.

127.    This conduct, as alleged above, constitutes violations of numerous state and federal statutes and codes, including, but not limited to, violation of the Federal Computer

Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, unauthorized access to computers, NRS 205.4765, Cal. Penal Code § 502, receipt of stolen property, Cal. Penal Code § 496, wire fraud, 18 U.S.C. § 1343, violation of RICO, 18 U.S.C. § 1962, fraud and related activity in connection with an access device, 18 U.S.C. § 1029, and violation of the Stored Communications Act, 18 U.S.C. §§ 2701-11. Defendants' conduct also constitutes trespass to chattels, breach of contract, and unjust enrichment.

128. As a result of Defendants' acts, the above-described relationships have been actually disrupted, causing certain current and prospective support clients to contract with Defendants instead of Oracle USA and OIC for their software support and maintenance and, in some cases, for their enterprise software.

129. As a direct and proximate result of Defendants' actions, Oracle USA and OIC have suffered economic harm, including, but not limited to, loss of profits from sales or licenses to current and potential customers of support services and enterprise software programs. Defendants' wrongful conduct was a substantial factor in causing this harm.

130. Unless Defendants are restrained by appropriate injunctive relief, their actions are likely to recur and will cause Oracle USA and OIC irreparable injury for which there is no adequate remedy at law.

### Ninth Claim for Relief

### Unfair Competition - Cal. Bus. & Prof. Code § 17200

(By Oracle USA and OIC Against All Defendants)

131. Oracle USA and OIC incorporate by reference the allegations of paragraphs 51, 54-60, and 81-130 of this Complaint as though fully set forth here.

132. Defendants have engaged in unlawful business acts or practices by committing acts including computer fraud, trespass, breach of contract, and other illegal acts and practices as alleged above, all in an effort to gain unfair competitive advantage over Oracle USA and OIC.

133. These unlawful business acts or practices were committed pursuant to business activity related to providing business applications software and related support and

1  maintenance for that software.

2       134.    The acts and conduct of Defendants constitute fraudulent, unlawful, and

3  unfair competition as defined by California Bus. & Prof. Code §§ 17200, *et seq.*

4       135.    Defendants' conduct constitutes violations of numerous state and federal

5  statutes and codes, including, but not limited to, violation of the Computer Fraud and Abuse Act,

6  18 U.S.C. §§ 1030 *et seq.*, unauthorized access to computers, NRS 205.4765, Cal. Penal Code §

7  502, wire fraud, 18 U.S.C. § 1343, violation of RICO, 18 U.S.C. § 1962, fraud and related

8  activity in connection with an access device, 18 U.S.C. § 1029, and violation of the Stored

9  Communications Act, 18 U.S.C. §§ 2701-11. Defendants' conduct also constitutes trespass to

10  chattels and unjust enrichment.

11       136.    As described above, Oracle and OIC have lost money and property and

12  suffered injury in fact as a result of Defendants' fraudulent, unlawful, and unfair business acts

13  and practices.

14       137.    Defendants have improperly and unlawfully taken commercial advantage

15  of Oracle USA and OIC investments in their confidential, proprietary, and copyrighted Software

16  and Support Materials and support delivery infrastructure. In light of Defendants' conduct, it

17  would be inequitable to allow Defendants to retain the benefit of the funds obtained though the

18  unauthorized and unlawful use of that property.

19       138.    Defendants' unfair business practices have unjustly minimized Oracle

20  USA and OIC's competitive advantages and have caused and are causing them to suffer

21  damages.

22       139.    As a result of such unfair competition, Oracle USA and OIC have also

23  suffered irreparable injury and, unless Defendants are enjoined from such unfair competition,

24  will continue to suffer irreparable injury, whereby Oracle USA and OIC have no adequate

25  remedy at law.

26       140.    Defendants should be compelled to disgorge and/or restore any and all

27  revenues, earnings, profits, compensation, and benefits they may have obtained in violation of

28  California Business & Professions Code § 17200 *et seq.*, including, but not limited to, returning

1    any revenue earned from the unlawful and unfair use of Oracle USA and OIC's stolen property,

2    and should be enjoined from further unlawful, unfair, and deceptive business practices.

3    **Tenth Claim for Relief**

4    **Trespass To Chattels**

5    (By Oracle USA Against All Defendants)

6    141.    Oracle USA incorporates by reference the allegations of paragraphs 1

7    through 51, 54-60, and 81-140 of this Complaint as though fully set forth here.

8    142.    At all times mentioned in this Complaint, Oracle USA had legal title or

9    license to and actual possession of Oracle's customer support websites, its access-restricted

10    internet-based support systems and databases, and the copies of the Software and Support

11    Materials on those support systems, as described above.

12    143.    Defendants intentionally interfered with Oracle USA's use or possession

13    of both Oracle's customer support websites and Oracle's related internal databases and systems,

14    and the copies of the Software and Support Materials housed for licensed access through

15    Oracle's customer support websites.

16    144.    Defendants' trespass and interference proximately caused damage to

17    Oracle, including, but not limited to, damage to the functionality of Oracle USA's computer

18    systems and data, damage to Oracle USA's rights to dominion and control over its property, and

19    damage to the confidential nature of the information on Oracle USA's websites. As a result,

20    Defendants caused Oracle USA's property to diminish in value and deprived Oracle USA of the

21    intended uses of its computer systems.

22    145.    Oracle USA is entitled to recover any and all damages it sustained as a

23    result of such trespass, in an amount to be determined at trial.

24    146.    Defendants' trespass interfered with, and damaged, the integrity and

25    functionality of Oracle USA's computer systems and data. Defendants will continue to commit

26    such acts and other competitors will be encouraged to sweep Oracle USA's websites, potentially

27    to the point of denying effective access to customers and preventing Oracle USA from using its

28    systems and data for their intended purpose. Defendants' trespass therefore threatens to cause

1   irreparable harm to Oracle USA, for which Oracle USA's remedy at law is not adequate to

2   compensate it for the injuries inflicted and threatened.

3                          **Eleventh Claim for Relief**

4                          **Unjust Enrichment/Restitution**

5                      (By Oracle USA and OIC Against All Defendants)

6              147.    Oracle USA and OIC incorporate by reference the allegations of

7   paragraphs 1 through 51, 54-60, and 81-146 of this Complaint as though fully set forth here.

8              148.    Defendants unjustly received benefits at the expense of Oracle USA and

9   OIC through Defendants' wrongful conduct, including Defendants' breach of the agreements

10  governing access to and use of Oracle's customer support websites, interference with Oracle

11  USA and OIC's business relationships and other unfair business practices, as well as Defendants'

12  trespass on, and computer fraud concerning the Software and Support Materials, which took

13  substantial time and money for Oracle entities including Oracle USA and OIC to develop.

14  Defendants continue to unjustly retain these benefits at the expense of Oracle USA and OIC.  It

15  would be unjust for Defendants to retain any value they obtained as a result of their wrongful

16  conduct.

17             149.    Oracle USA and OIC are entitled to the establishment of a constructive

18  trust consisting of the benefit conferred upon Defendants by the revenues derived from their

19  wrongful conduct at the expense of Oracle entities including Oracle USA and OIC as alleged

20  above, and all profits derived from that wrongful conduct.  Oracle USA and OIC are further

21  entitled to full restitution of all amounts in which Defendants have been unjustly enriched at

22  Oracle USA and OIC's expense.

23                          **Twelfth Claim for Relief**

24              **Unfair Practices - Cal. Bus. & Prof. Code §§ 17000,** *et seq*.

25                      (By Oracle USA and OIC Against All Defendants)

26             150.    Oracle USA and OIC incorporate by reference the allegations of

27  paragraphs 1 through 51, 54-60, and 81-150 of this Complaint as though fully set forth here.

28             151.    Defendants have caused Oracle USA and OIC damage through their use of

A/73245022.11/2021039-0000337130
                                        36

1   unfair practices, including but not limited to:

2                 (a)      Selling articles or products at less than the cost to Defendants, or

3   charging a price so low as to be in substance or fact a give away, for the purpose of injuring

4   competitors, including specifically Oracle, and destroying competition;

5                 (b)      Selling articles or products as a loss leader, with the purpose of

6   inducing, promoting or encouraging the purchase of other merchandise, such as additional

7   services from Rimini Street; or where the effect is a tendency or capacity to mislead or deceive

8   purchasers or prospective purchasers, in particular concerning the illegality of Rimini Street's

9   conduct in providing support services; or where the effect is to divert trade from or otherwise

10   injure competitors, including specifically Oracle.

11         152.    Defendant Ravin, as a director, officer or agent of Rimini Street, assisted

12   or aided, directly or indirectly, in the commission of these unfair practices and is equally liable

13   for them.

14         153.    Oracle USA and OIC are entitled to an injunction to halt Defendants'

15   conduct, and to prevent further unfair practices, applicable to all of Defendants' articles or

16   products.  Oracle USA and OIC are also entitled to damages, treble damages, reasonable

17   attorneys' fees and costs of suit.

18                         **Thirteenth Claim for Relief**

19                               **An Accounting**

20                 (By Oracle USA and OIC Against All Defendants)

21         154.    Oracle USA and OIC incorporate by reference the allegations of

22   paragraphs 1 through 51, 54-60, and 81-153 of this Complaint as though fully set forth here.

23         155.    Defendants have obtained business through the use of unlawful conduct

24   including, but not limited to:

25                 (a)      Breaching the agreements governing access to or use of Oracle's

26   customer support websites;

27                 (b)      Improperly, willfully, and unlawfully taking commercial advantage

28   of the investment in its Software and Support Materials by Oracle entities including Oracle USA

1   and OIC, for the purpose of sabotaging Oracle USA and OIC's ability to do business and

2   compete in the market; and,

3               (c)     Fraudulently accessing and intentionally trespassing on Oracle

4   USA's password-protected customer support websites, without authorization or consent, or in

5   excess of authorization or consent, in furtherance of their unlawful and deceptive scheme as

6   described above.

7           156.    Defendants have received money as a result of their misconduct, at the

8   expense of Oracle USA and OIC, and some or all of such money is rightfully due to Oracle USA

9   and OIC.

10          157.    The amount of money due from Defendants to Oracle USA and OIC is

11   unknown to Oracle USA and OIC, and cannot be ascertained without an accounting of the

12   income and gross profits Defendants have obtained through their wrongful and unlawful

13   conduct.  Oracle USA and OIC are entitled, therefore, to a full accounting.

14                        **Prayer For Relief**

15          WHEREFORE, Oracle respectfully prays for the following:

16            A.     For a preliminary and permanent injunction restraining

17   Defendants, their officers, agents, servants, employees, and attorneys, and those in active concert

18   or participation with any of them, from the following:

19               (1)     Copying[3], distributing, using, or creating derivative works

20   from Oracle Software and Support Materials in any way, including for any business purpose,

21   except as allowed by express license from Oracle;

22               (2)     Copying, distributing or storing, or facilitating copying,

23   distribution or storage of, any Oracle Software and Support Materials directly or indirectly from

24   or to any of Defendants' offices, computer systems or networks;

25

26   3      As used in this Prayer, "copying" includes downloading from a website or digital storage

27   media.

28

1       (3)  Using any robot, crawler, scraper, spider, or other software

2 tool to access, copy, distribute or use any Oracle Software and Support Materials in any way,

3 including for any business purpose;

4       (4)  Facilitating the downloading of any Oracle Software and

5 Support Materials from any Oracle support website for, or on behalf of, any customer who does

6 not have a valid, existing and currently-Oracle-supported software license for the specific

7 materials being downloaded from Oracle entitling that customer to have and use those Software

8 and Support Materials;

9       (5)  Facilitating the access to, use of, or downloading from any

10 Oracle support website for, or on behalf of, any customer other than by using that specific

11 customer's valid log-in credentials;

12       (6)  Facilitating the copying, distribution or use of any Oracle

13 Software and Support Materials for, or on behalf of, any customer who did not have a current,

14 valid, existing software and support license from Oracle entitling that customer to have and use

15 those Software and Support Materials, at the time they were downloaded or obtained by or on

16 behalf of the customer;

17       (7)  Regardless of the location of any specific Software and

18 Support Materials, copying, distributing or using Software and Support Materials obtained

19 through or for one customer to support a different customer;

20       (8)  Facilitating the copying, distribution or use of, any Oracle

21 Software and Support Materials without keeping a record, which Oracle may inspect upon three

22 (3) business days' written notice, that accurately reflects all Software and Support Materials (a)

23 copied, distributed or used, organized by customer name, (b) the date(s) of the copying,

24 distribution or use, and (c) all other entities involved in the copying, distribution or use,

25 including name of the entity, principal contact, and contact information; and,

26       (9)  Otherwise engaging in acts of unfair competition, unfair

27 practices, copyright infringement, trespass, and computer fraud against Oracle;

28     B.  That the Court order Defendants to file with the Court and serve on

A/73245022.11/2021039-0000337130

39

1    Oracle within thirty (30) days after the service on Defendants of such injunction a report in

2    writing, under oath, setting forth in detail the manner and form in which Defendants have

3    complied with the injunction;

4                        C.      For an Order directing Defendants to return Oracle's property,

5    including, without limitation, Oracle's confidential, proprietary, and copyrighted Software and

6    Support Materials, including data, internal documents, and valuable updates, patches, fixes, and

7    other computer code, that Defendants took from Oracle, as set forth in this Complaint;

8                        D.      For an Order impounding or destroying any and all infringing

9    materials pursuant to 17 U.S.C. § 503;

10                        E.      For an Order awarding Oracle punitive damages in a sum to be

11   determined at trial;

12                        F.      For restitution and disgorgement of all ill-gotten gains unjustly

13   obtained and retained by Defendants through the acts complained of here;

14                        G.      For an Order finding a Constructive Trust for Oracle's benefit,

15   consisting of all revenues received by Defendants from their wrongful conduct which should

16   rightfully have been received by Oracle and all profits derived from that wrongful conduct, and

17   directing Defendants to pay all such sums to Oracle;

18                        H.      For damages to be proven at trial;

19                        I.      For those damages to be trebled;

20                        J.      For statutory damages pursuant to 17 U.S.C. § 504;

21                        K.      For prejudgment interest;

22                        L.      For an accounting;

23                        M.      For an Order awarding Oracle its attorneys' fees and costs; and,

24                        N.      For an Order awarding Oracle such other and further relief as the

25   Court deems just and proper.

26

27

28

A/73245022.11/2021039-0000337130                    40

1    DATED:  January 25, 2010              BOIES SCHILLER & FLEXNER LLP

2

3
                                          By: /s/ Richard J. Pocker
4                                              Richard J. Pocker
                                               Attorneys for Plaintiffs
5                                          Oracle USA, Inc. and Oracle International Corp.

6

7
     DATED:  January 25, 2010
8                                          BINGHAM McCUTCHEN LLP

9

10
                                          By: /s/ Geoffrey M. Howard
11                                             Geoffrey M. Howard
                                               Attorneys for Plaintiffs
12                                         Oracle USA, Inc. and Oracle International Corp.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     A/73245022.11/2021039-0000337130                41

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

DEMAND FOR JURY TRIAL

2          In accordance with Fed. R. Civ. P. 38(b), Plaintiffs Oracle USA, Inc., and Oracle

3    International Corp. demand a trial by jury on all issues so triable.

4

5    DATED:  January 25, 2010                 BOIES SCHILLER & FLEXNER LLP

6

7                                             By: /s/ Richard J. Pocker
                                                 Richard J. Pocker
8                                                Attorneys for Plaintiffs
                                                 Oracle USA, Inc. and Oracle International
9                                                Corp.

10

11   DATED:  January 25, 2010                 BINGHAM McCUTCHEN LLP

12

13

14                                            By: /s/ Geoffrey M. Howard
                                                 Geoffrey M. Howard
15                                               Attorneys for Plaintiffs
                                                 Oracle USA, Inc. and Oracle International Corp.

16

17

18

19

20

21

22

23

24

25

26

27

28

A/73245022.11/2021039-0000337130                    42

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF