SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq.
Eric Buresh, Esq.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
eburesh@shb.com
*(pro hac vice applications to be submitted)*

Robert H. Reckers, Esq.
600 Travis Street, Suite 1600
Houston, Texas  77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com
*(pro hac vice application to be submitted)*

SNELL & WILMER L.L.P.
Aaron D. Ford, Esq. (Nevada Bar No. 7704)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
aford@swlaw.com

WILSON SONSINI GOODRICH & ROSATI
Jonathan M. Jacobson, Esq.
1301 Avenue of the Americas, 40th Floor
New York, New York, 110019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
jjacobson@wsgr.com
*(pro hac vice applications to be submitted)*

Michael B. Levin, Esq.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493- 9300
Facsimile: (650) 493 - 6811
mlevin@wsgr.com
*(pro hac vice application to be submitted)*

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

*RIMINI STREET, INC. and SETH RAVIN*
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br>Plaintiffs, <br><br>v. <br><br>RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual, <br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL <br><br>**DEFENDANT SETH RAVIN'S MOTION TO DISMISS** |

## DEFENDANT SETH RAVIN'S MOTION TO DISMISS

Defendant Seth Ravin files this Motion to Dismiss each of the Claims for Relief brought against him personally by Plaintiffs Oracle USA, Inc. ("Oracle USA") and Oracle International Corporation ("OIC") (together "Oracle" or "Plaintiffs") in their Complaint. *See* Doc No. 1 ("Complaint").

## I.     INTRODUCTION

While Oracle apparently perceives some benefit in personalizing actions against its corporate competitors, when Oracle chooses to take such an approach it must, at a minimum, specify the alleged wrongful acts of the persons so accused. Oracle, however, has not alleged any specific wrongful acts personally performed by Mr. Ravin. Nor has Oracle alleged facts to support any cognizable legal theory under which Mr. Ravin might be liable for the alleged actions of Rimini Street. Oracle's conclusory statements regarding Mr. Ravin are insufficient under *Twombly* and *Iqbal*, and Oracle's claims against him should be dismissed pursuant to Rule 12(b)(6).

## II.    ARGUMENT

### A.     Rule 12(b)(6) Standard

Claims may be dismissed under Rule 12(b)(6) "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Although "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996), a complaint or counterclaim must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted); *see Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1949 (2009) ("[The] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") .

### B. Mr. Ravin's "Authority to Control" Rimini Street Does Not Give Rise to Personal Liability.

The only purported conduct by Mr. Ravin alleged in Oracle's Complaint is that: (1) he is the President and CEO of Rimini Street; and (2) because he "founded and controls" Rimini Street, Mr. Ravin "conspired" with and "aided and abetted" the company. Complaint, paras. 18, 21, 54 and 55. Oracle's inability to identify any specific acts of wrongful conduct by Mr. Ravin is fatal to its claims.

To hold a company official liable for the acts of the company, personal liability must be founded upon specific acts by the individual or, at the very least, be predicated upon a cognizable legal theory for holding the officer liable for the actions of the company. *See Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F.3d 788, 808–09 (9th Cir. 2007) (affirming the dismissal with prejudice of plaintiff's claims for, *inter alia*, unfair competition and interference with prospective economic advantage under the theory of vicarious liability, stating: "Defendants lack sufficient control or personal involvement in the infringing activities to be so liable.")*; Symantec Corp. v. Logical Plus, Inc.*, 2009 WL 3416178, *4 (N.D. Cal. Oct. 20, 2009); *MDY Indus., LLC v. Blizzard Entm't, Inc.,* 616 F. Supp. 2d 958, 971–72 (D. Ariz. Jan. 28, 2009). Oracle has not attempted to identify such a legal theory or any individual wrongful conduct by Mr. Ravin.[1] Thus, Oracle has not sufficiently alleged any cause of action against Mr. Ravin.

---

[1] While an officer is "personally liable for all torts which he authorizes or directs or in which he participates" (*Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985)), Oracle has not identified any wrongful actions that Mr. Ravin personally authorized, directed or participated.

310749v1                                   3

Instead, Oracle appears to rely on vague allegations of a "conspiracy" between Mr. Ravin and Rimini Street to justify individual liability. Complaint, at para. 22.  However, it is well settled that "[a]gents and employees of a corporation <u>cannot</u> conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage." *Doctors' Co. v. Superior Court*, 49 Cal. 3d 39, 45 (Cal. 1989) (emphasis added); *see O'Brien v. Morgan Stanley DW, Inc.*, No. 3:07-CV-00046-LRH-VPC, 2008 WL 4224409, at *3 (D. Nev. Sept. 10, 2009); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983); *see also Leve v. Franklin Capital Corp.*, 02 Civ. 2116, 2004 U.S. Dist. LEXIS 11765, at *10 (S.D. N.Y., June 24, 2004); *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 131 Cal. Rptr. 2d 777, 800 (Cal. Ct. App. 2003).  Because "[a] corporation cannot conspire with itself," when "a corporate agent acts within the scope of his agency, the acts are attributable to the corporation, not the individual." *Leve*, 2004 U.S. Dist. LEXIS 11765, at *10 (citing *Black v. Bank of America N.T. & S.A.*, 35 Cal. Rptr. 2d 725, 729 (Cal. Ct. App. 1995). Oracle's conspiracy allegations therefore fail and cannot support Oracle's claims against Mr. Ravin.

Furthermore, Oracle cannot establish a conspiracy, aiding and abetting, or alter ego by simply saying that it is so. To successfully plead such bases for liability, a plaintiff must "clearly allege specific action on the part of each defendant that corresponds to the elements of a conspiracy cause of action." *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 948 (N.D. Cal. 2003). Plaintiff "cannot indiscriminately allege that conspiracies existed between and among all defendants." *Id*.  But this is precisely what Oracle has done. *See* Complaint, paras. 21-22. By "indiscriminately alleg[ing] that conspiracies" exist, Oracle's "claim cannot survive a Rule 12(b)(6) motion." *Leatt Corp. v. Innovative Safety Technology*, LLC, No. 09cv1301-IEG-POR, 2009 WL 2706388, *5 (S.D. Cal. Aug. 24, 2009) (Plaintiffs "only allege Kevin Heath is the owner and

president of two corporations and their associated websites. Without more, Plaintiffs' alter ego claim cannot survive a Rule 12(b)(6) motion.").

### C. Oracle has Failed to State a Claim Against Mr. Ravin under *Twombly*.

As set forth in Rimini Street's co-pending Motion to Dismiss, Oracle's Complaint fails to meet the basic pleading standard set forth under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) as against any defendant. The insufficiencies outlined in Rimini Street's Motion are even more pronounced when applied to Mr. Ravin. While a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions" (*Twombly*, 550 U.S. at 555), Oracle's Complaint fails to provide any factual basis for imputing personal liability to Mr. Ravin. Having failed to sufficiently plead its allegations, Oracle's claims against Mr. Ravin should be dismissed under *Twombly*.

In setting forth its numerous claims for relief, Oracle's only specific mention of Mr. Ravin is in connection with its Twelfth Claim for Relief for "unfair practices." *See* Complaint, para. 152. For this single claim, Oracle states that "Defendant Ravin, as a director, officer or agent of Rimini Street, assisted or aided, directly or indirectly, in the commission of these unfair practices and is equally liable for them." *Id*. This statement, of course, is a perfect example of the "labels and conclusions" that *Twombly* eschews.

Likewise, for each of the other claims for relief, Oracle's Complaint does not put Mr. Ravin or this Court on notice of which factual allegations, if any, support Oracle's allegations against Mr. Ravin. For example, Oracle has not alleged that Mr. Ravin personally committed any alleged acts of copyright infringement. Regarding Oracle's claimed violations of various computer hacking statutes, Oracle has not alleged that Mr. Ravin personally performed any pertinent acts. Oracle's Complaint also contains no allegation that Mr. Ravin was personally a party to any of the allegedly breached contracts, or that Mr. Ravin personally induced others to breach a contract. Finally, while

310749v1                                                    5

Oracle's Complaint sets forth various causes of actions based in tort, Oracle fails to identify any specific acts of wrongful or tortious conduct by Mr. Ravin. Oracle has failed to assert facts sufficient under *Twombly* to bring any of its causes of action against Mr. Ravin, and has failed to identify a legally cognizable theory supporting imputed liability. Oracle's claims against Mr. Ravin cannot stand. *See Moulton v. City of Sparks*, No. 3:09-cv-00016-BES-VPC, 2009 WL 2407362, *2 (D. Nev. July 28, 2009) (quoting *Balistreri v. Pacifica Police Dep't*., 901 F.2d 696, 699 (9th Cir. 1988)). Put simply, Oracle has failed to give Mr. Ravin fair notice of what facts or legal grounds would support holding him personally liable. Oracle's claims against Mr. Ravin should be dismissed pursuant to Rule 12(b)(6).

## III.  CONCLUSION

In addition to the deficiencies raised in Rimini Street's co-pending Motion to Dismiss, Oracle's Complaint also fails to provide any factual basis for finding Mr. Ravin personally liable. Oracle's claims are without merit, are insufficiently pled, and should be dismissed for failing to meet the standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

| DATED:    March __, 2010 | GREENBERG TRAURIG |
|---|---|
|  | By:     **/s/: Leslie S. Godfrey**<br>Mark G. Tratos, Esq. (Nevada Bar No. 1086)<br>Brandon Roos, Esq. (Nevada Bar No. 7888)<br>Leslie Godfrey, Esq. (Nevada Bar No. 10229)<br>3773 Howard Hughes Parkway<br>Suite 400 North<br>Las Vegas, NV 89169<br>     Attorney for Defendants<br>     Rimni Street, Inc. and Seth Ravin |

310749v1                                           6

## **CERTIFICATE OF SERVICE**

I hereby certify that on the __th day of March, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                By:    **/s/: Leslie S. Godfrey**
                                               Leslie Godfrey, Esq.
                                               Attorney for Defendants
                                               Rimini Street, Inc. and Seth Ravin