SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq.
Eric Buresh, Esq.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
eburesh@shb.com
*(pro hac vice applications to be submitted)*

Robert H. Reckers, Esq.
600 Travis Street, Suite 1600
Houston, Texas   77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com
*(pro hac vice application to be submitted)*

SNELL & WILMER L.L.P.
Aaron D. Ford, Esq. (Nevada Bar No. 7704)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada   89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
aford@swlaw.com

*Attorneys for Defendants*
*RIMINI STREET, INC. and SETH RAVIN*

WILSON SONSINI GOODRICH & ROSATI
Jonathan M. Jacobson, Esq.
1301 Avenue of the Americas, 40th Floor
New York, New York, 110019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
jjacobson@wsgr.com
*(pro hac vice applications to be submitted)*

Michael B. Levin, Esq.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493- 9300
Facsimile: (650) 493 - 6811
mlevin@wsgr.com
*(pro hac vice application to be submitted)*

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ORACLE USA, INC., a Colorado corporation;
and ORACLE INTERNATIONAL
CORPORATION, a California corporation,

Plaintiffs,

v.

RIMINI STREET, INC . , a Nevada corporation;
SETH RAVIN, an individual,

Defendants.

Case No. 2:10-cv-0106-LRH-PAL

**DEFENDANT RIMINI STREET'S
MOTION TO DISMISS PLAINTIFFS'
SECOND THROUGH THIRTEENTH
CLAIMS FOR RELIEF**

# <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................................................1

II.    ARGUMENT .......................................................................................................2

    A.    Rule 12(b)(6) Standard .........................................................................2

    B.    Oracle Has Not Stated a Claim Against Rimini Street for Violation of the Federal Computer Fraud and Abuse Act. ...............................2

        1.    Oracle's CFAA Claims Fail under *Twombly.* ...............................2

        2.    Rimini Street's Alleged Actions do not Constitute "Unauthorized Access" ....................................................5

        3.    Oracle has not Sufficiently Pled Access to a "Protected Computer." .........7

        4.    Oracle has not Sufficiently Pled "Damage" or "Loss" Under the CFAA ...............................................................7

    C.    Oracle Has Failed to State a Claim Under California's Penal Code. ......................8

    D.    Oracle Has Failed to State a Claim Under Nevada Rev. Stat. 205.4765 ................9

    E.    Oracle Has Failed to State a Claim for Breach of Contract ................................10

    F.    Oracle Has Failed to State a Claim for Inducing Breach of Contract ..................10

    G.    Oracle Has Failed to State a Claim for Intentional Interference With Prospective Economic Advantage .........................................................11

    H.    Oracle Has Failed to State a Claim for Negligent Interference with Prospective Economic Advantage. ........................................................13

    I.    Oracle Has Failed to State a Claim for Unfair Competition ................................14

    J.    Oracle Has Failed to State a Claim for Trespass To Chattels. .............................15

    K.    Oracle Has Failed to State a Claim for Unjust Enrichment .................................16

    L.    Oracle Has Failed to State a Claim for Unfair Practices. ....................................16

    M.    Oracle Has Failed to State a Claim for an Accounting .........................................17

III.    CONCLUSION ................................................................................................18

1

## TABLE OF AUTHORITY

2

**Cases**

3
*Advantage Ambulance Group, Inc. v. Lugo*, 2009 WL 839085 .......................................7, 8

4
*Aguilar v.WMC Mortg. Corp*, 2010 WL 185951 .......................................10

5
*Ashcroft v. Iqbal*, 129 S. Ct. 1937 .......................................2, 12, 19

6
*Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696 .......................................2

7
*Bansal v. Russ*, 513 F. Supp. 2d 264 .......................................8

8
*Batt v. City & County of S.F.*, 65 Cal. Rptr. 3d 716 .......................................18

9
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 .......................................passim

10
*Bioservices Corp. v. Lugo*, 595 F. Supp. 2d 1189 .......................................6

11
*Black & Decker, Inc. v. Smith*, 568 F. Supp. 2d 929 .......................................6

12
*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336.......................................2

13
*Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527 .......................................15

14

15
*Durham v. Bus. Management Assocs.*, 847 F.2d 1505 .......................................4

16
*Fortaleza v. PNC Financial Services Group, Inc.*, 642 F. Supp. 2d 1012 .......................................17

17
*GA Escrow, LLC v. Autonomy Corp. PLC*, 2008 WL 4848036 .......................................16

18
*Goodwin v. Executive Trustee Services*, LLC, 2010 WL 234786 .......................................16

19
*Hester v. Vision Airlines, Inc.*, 2009 WL 4893185.......................................10

20
*JJ INDUS., LLC v. Bennett*, 71 P.3d 1264 .......................................11

21

22
*Kalow & Springnut, LLP v. Commence Corp.*, 2008 WL 2557506.......................................5

23
*Kema, Inc. v. Koperwhats*, 2010 WL 726640 .......................................12

24
*Morgan v. AT&T Wireless Services, Inc.*, 99 Cal. Rptr. 3d 768.......................................15

25
*Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151 .......................................16

26
*Rondberg v. McCoy*, 2009 WL 5184053 .......................................18

27

28

*RSI Corp. v. International Business Machines Corp.*, 2010 WL 726032 ............................................ 12

*Salestraq America, LLC v. Zyskowski*, 635 F. Supp. 2d 1178 .......................................................... 6, 7

*Saunders v. Superior Court*, 33 Cal. Rptr. 2d 438 .................................................................... 14

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786 .................................... 4

*Teselle v. McLoughlin*, 92 Cal. Rptr. 3d 696 ........................................................................ 18

*Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991 ............................................ 13

*Ticketmaster Corp. v. Tickets.com, Inc.*, No. 2000 WL 1887522 ........................................ 16

*VP Racing Fuels, Inc. v. General Petroleum Corp.*, 2009 WL 4282124 ............................ 14

*Wichinsky v. Mos*a, 847 P.2d 727 .......................................................................................... 12

**Statutes**

18 U.S.C. §1030 ...........................................................................................................passim

California Bus. & Prof. Code §17200 ............................................................................ 14, 15

California Penal Code §502 .......................................................................................... 8, 9

Nevada Rev. Stat. 205.4765 ...................................................................................... 1, 9, 10

**Other Authorities**

1A C.J.S. Accounting § 6 (2009) .................................................................................... 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>DEFENDANT RIMINI STREET'S MOTION TO DISMISS</u>

Defendant Rimini Street Inc. ("Rimini Street") files this Motion to Dismiss the Second through Thirteenth Claims for Relief brought by Plaintiffs Oracle USA, Inc. ("Oracle USA") and Oracle International Corporation ("OIC") (together "Oracle" or "Plaintiffs") in their Complaint. *See* Doc No. 1 ("Complaint").

## I.    INTRODUCTION

Oracle's Complaint "throws in everything but the kitchen sink."  Beyond a thinly pled copyright infringement claim, Oracle tacks on a dozen additional claims, including that Rimini Street has violated the Computer Fraud and Abuse Act, violated the California Computer Data Access and Fraud Act, violated Nevada Rev. Stat. 205.4765, committed breach of contract, induced breach of contract, intentionally interfered with prospective economic advantage, negligently interfered with prospective economic advantage, committed unfair competition, committed trespass to chattels, has been unjustly enriched, has committed unfair practices, and a claim for an accounting.  Yet, not one of these add-on claims identify sufficient facts to "plausibly suggest[] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

This case should be determined on the *merits*, not by the ability of Oracle to use the *process* to bury Rimini Street.  To that end, the Court's control over this litigation, even at this early stage, is critical.  The Supreme Court, in *Twombly*, recognized the important role of the district court in eliminating insufficient claims, "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* at 558 (internal quotes omitted).  Thus, insufficient claims should "be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* That time is now.  Oracle's Second through Thirteenth Claims for Relief fall far short of the *Twombly* standard, and should be dismissed.

## II.     ARGUMENT

### A.     Rule 12(b)(6) Standard

Claims may be dismissed under Rule 12(b)(6) "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). Although "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996), a complaint or counterclaim must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[The] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") .

### B.     Oracle Has Not Stated a Claim Against Rimini Street for Violation of the Federal Computer Fraud and Abuse Act.

As its Second Claim for Relief, Oracle alleges that Rimini Street violated the Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. §§1030 (a)(2)(C), (a)(4) & (a)(5). *See* Complaint, paras. 74–80. Oracle's attempt to state a cause of action under the CFAA fails for <u>four</u> separate reasons: (1) Oracle's claims are merely a formulaic recitation of the elements that fail under *Twombly*; (2) Oracle has not sufficiently pled any "unauthorized access" under the meaning of the CFAA; (3) Oracle has not sufficiently plead the "protected computer" element; and (4) Oracle's alleged damages are not the type recognized under the CFAA.

#### 1.     Oracle's CFAA Claims Fail under *Twombly*.

For each of its CFAA claims, Oracle's Complaint merely incorporates by reference the seventy three preceding paragraphs, then regurgitates the elements of the various CFAA claims.

1   Complaint, paras. 74–80.  As such, each of these claims should be dismissed for failure to meet the

2   standard set forth under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  As explained below,

3   Oracle's Complaint mentions four separate sub-sections of 18 U.S.C. §1030, but does not provide

4   Rimini Street or this Court any notice of which of the preceding seventy three factual allegations, if

5   any, support Oracle's claims.

6           **a.       18 U.S.C. §1030 (a)(2)(C)**

7           Section 1030 (a)(2)(C) of the CFAA provides penalties against anyone who "intentionally

8   accesses a computer without authorization or exceeds authorized access, and thereby obtains

9   information from any protected computer."  Oracle's claim under this section merely rephrases the

10  statutory language.  Specifically, Oracle alleges:

11

12          Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C. §1030
            (a)(2)(C), by intentionally accessing a computer used for interstate commerce or
13          communication, without authorization or by exceeding authorized access to such a
            computer, and by obtaining information from such a protected computer.
14

15  Complaint, para. 75.  Simply stating the statutory requirements is insufficient under *Twombly*.

16  Rimini Street should not be forced to guess what facts from the preceding seventy three paragraphs

17  supposedly support this claim.

18          **b.       18 U.S.C. §§1030 (a)(4)**

19          Oracle's also brings a claim under 18 U.S.C. §§1030 (a)(4).  This claim similarly fails under

20  *Twombly*.  This portion of the CFAA provides penalties against anyone who:
21
22          knowingly and with intent to defraud, accesses a protected computer without
            authorization, or exceeds authorized access, and by means of such conduct furthers
23          the intended fraud and obtains anything of value, unless the object of the fraud and
            the thing obtained consists only of the use of the computer and the value of such use
24          is not more than $5,000 in any 1-year period.

25  18 U.S.C. §§1030 (a)(4).  Oracle's claim simply rephrases the statutory language without identifying

26  any supporting facts:

27          Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C. §1030

28

> (a)(4), by knowingly, and with intent to defraud Oracle USA or OIC, accessing a protected computer, without authorization or by exceeding authorized access to such a computer, and by means of such conduct furthered the intended fraud and obtained one or more things of value, including but not limited to Oracle's Software and Support Materials.

Complaint, para. 76. Oracle entirely fails to give Rimini Street notice of what facts, if any, support this cause of action.

Further, this particular claim requires an "intent to defraud," giving rise to the heightened pleading standard under Fed. R. Civ. P. 9(b). Such allegations must be pled with particularity. This requirement serves an important purpose in fraud actions "by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Bus. Management Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). Oracle has made no effort whatsoever to meet this heightened standard.

### c.     18 U.S.C. §§1030 (a)(5)(A)(i)

Oracle's also brings a claim under 18 U.S.C. §§1030 (a)(5)(A)(i) that similarly fails under *Twombly*. Section 1030(a)(5)(A)(i) provides for penalties against anyone who "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer." Again, Oracle's allegations are a mere regurgitation of the statute:

> Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C. §1030 (a)(5)(A)(i), by knowingly causing the transmission of a program, information, code, or command and as a result intentionally causing damage without authorization to a protected computer owned by Oracle USA.

Complaint, para. 77. Here again, Oracle has not even attempted to identify what facts, if any, support the application of this statute.

Additionally, a claim under 18 U.S.C. §1030 (a)(5)(A)(i) requires an <u>intent to cause damage</u> to a protected computer. *Kalow & Springnut, LLP v. Commence Corp.*, No. 07-3442(FLW), 2008

WL 2557506, at *4 (D. N.J. June 23, 2008) ("Kalow, however, has not actually averred that Commence intended to cause harm, i.e. actual intent. As such, Kalow has failed to allege an element necessary to state a claim under the CFAA. *See* 18 U.S.C. §1030 (a)(5)(A)(i).") Oracle has not alleged any facts that, even if true, would support a claim that Rimini Street intended to cause damage to a protected Oracle computer.

### d.    18 U.S.C. §§1030 (a)(5)(A)(ii)-(iii)

Oracle's final two CFAA claims under 18 U.S.C. §§1030 (a)(5)(A)(ii) & (iii) also fail under *Twombly*. These portions of the CFAA provide penalties against anyone who:

> (ii) intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or
> (iii) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage.

18 U.S.C. §§1030 (a)(5). Oracle's claims are again restatements of the statutory requirements with no supporting facts:

> Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C. §1030 (a)(5)(A)(ii) and (iii) by intentionally accessing a protected computer without authorization, causing damage to Oracle USA or OIC, recklessly or without due regard for their actions.

Complaint, para. 78.

As before, incorporating seventy three paragraphs of disconnected narrative and reciting the language of a statute is insufficient under *Twombly*. Oracle has made no effort to include facts that support its conclusory allegations. For this reason alone, Oracle's CFAA claims each should be dismissed.

### 2.    Rimini Street's Alleged Actions do not Constitute "Unauthorized Access"

Each of Oracle's CFAA claims includes an element requiring "unauthorized access" or "exceeding authorized access" to a computer. 18 U.S.C. §§1030 (a). Arguably, this may be the one component of its CFAA allegations where Oracle does provide some factual notice in its Complaint.

*See* Complaint, at 48-51 (allegations under heading "Rimini Street's Access Was Unauthorized). However, Oracle's alleged facts do not present a cognizable legal theory because the type of "access" alleged by Oracle is not "unauthorized" within the meaning of the CFAA.

In a recent case with similar facts, this Court held that "unauthorized access" under the CFAA does not mean merely exceeding one's rights under a license agreement or accessing content for a wrongful purpose. *Salestraq America, LLC v. Zyskowski*, 635 F. Supp. 2d 1178, 1183–84 (D. Nev. 2009) (Hicks, J.). Rather, "unauthorized access" means that <u>access must not be permitted at all</u>. *Id*. ("There is a crucial difference between misusing information properly accessed and exceeding one's authorized access to obtain restricted information."). This is because the CFAA is meant to address computer hacking, not violations of license agreements or improper uses of properly accessed materials. *See, e.g., Black & Decker, Inc. v. Smith*, 568 F. Supp. 2d 929, 935 (W.D. Tenn. 2008) ("the legislative history supports the conclusion that Congress intended the CFAA to do 'for computers what trespass and burglary laws did for real property'.").

Contrary to Oracle's allegations, "'without authorization' or in 'excess of authorized access' [under the CFAA] occurs only when <u>initial access or the access of certain information is not permitted in the first instance</u>." *U.S. Bioservices Corp. v. Lugo*, 595 F. Supp. 2d 1189, 1192 (D. Kan. 2009) (emphasis added); *see Salestraq America, LLC*, 635 F. Supp. 2d at 1183–84. Here, Oracle acknowledges that it granted Rimini Street access to its support websites. *See, e.g.,* Complaint, paras. 44, 51 (implicitly recognizing that Rimini Street had a legitimate basis to access Oracle's site as a contract consultant). Because Oracle admittedly provided Rimini Street access to the support material on Oracle's server, Oracle's pleadings do not support allegations that Rimini Street's access of Oracle servers was "unauthorized." *See Salestraq America, LLC*, 635 F. Supp. 2d at 1183–84. For this reason also, Oracle has failed to state a claim under the under the CFAA.

### 3.   Oracle has not Sufficiently Pled Access to a "Protected Computer."

Each of Oracle's CFAA claims also requires a showing that Rimini Street accessed a "protected computer." Oracle's attempt to allege such a "protected computer" is in paragraph 79, which states that the "computer system or systems that Defendants accessed as described above constitute a 'protected computer' within the meaning of 18 U.S.C. §1030 (e)(2)."

Such a conclusory assertion is insufficient under *Twombly*.  Other district courts have reached this conclusion on very similar allegations.  For example, the Eastern District of Pennsylvania has held:

> "Plaintiff has alleged in pertinent part that '[T]he computer so accessed was used in interstate commerce.'  Plaintiff's allegations must provide Defendants with sufficient notice of the basis for its claims.  As was clearly noted in *Bell Atlantic Corp. v. Twombly*, mere reiteration of the elements of a claim—without more—is insufficient to survive a 12(b)(6) motion."

*Advantage Ambulance Group, Inc. v. Lugo*,  No. 08-3300, 2009 WL 839085, at *2 (E.D. Pa. March 30, 2009) (internal citation omitted). Because Oracle has not provided the necessary facts to support there being access to a protected computer, Oracle's claims should be dismissed.

### 4.   Oracle has not Sufficiently Pled "Damage" or "Loss" Under the CFAA

To bring a civil claim under the CFAA, a "damage" or "loss" must be alleged:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.

18 U.S.C. §1030 (g).  Oracle has failed to articulate any facts regarding the requisite damage or loss. Rather, Oracle again makes only conclusory assertions:

> Oracle USA and OIC have suffered damage and loss by reason of these violations, including, without limitation, harm to Oracle USA's and OIC's data, programs, and computer systems, and other losses and damage in an amount to be proved at trial, but, in any event, in an amount well over $5000 aggregated over a one-year period.

Complaint, para. 79. This recitation of "harm" makes no attempt to identify the damages or losses incurred by Oracle, and Rimini Street is left to guess what facts Oracle believes supports its claims.

Such a conclusory pleading is insufficient.

The only facts in Oracle's Complaint that could even come close to supporting this element is the allegation that Rimini Street's downloading has caused Oracle's servers to "freeze, slow down, or become temporarily non-operational." Complaint, para. 44. But even if these allegations are, in fact, Oracle's basis for alleging "loss," the allegations are insufficient. Freezing, slowing down, or becoming temporarily non-operational is not the type of "loss" contemplated by the CFAA *unless* there was actual economic loss associated with this occurrence. *See Bansal v. Russ*, 513 F. Supp. 2d 264, 279 (E.D. Pa. 2007) (recognizing economic loss due to interruption of services); *Advantage Ambulance Group, Inc,*, 2009 WL 839085, at *3. Oracle has not and cannot allege any economic loss resulting from Rimini Street's alleged activity, and, thus, Oracle has not stated a viable cause of action under the CFAA.

## C.   Oracle Has Failed to State a Claim Under California's Penal Code.

As its Third Claim for Relief, Oracle alleges Rimini Street violated four sections of the California Computer Data Access and Fraud Act, namely California Penal Code §§502 (c)(2)-(3) & (6)-(7). Complaint, paras. 81–88. Even viewed in the light most favorable to Oracle, Oracle has failed to state a claim for a violation of California's Penal Code §502.

To violate these sections, Defendants must have acted (1) knowingly, (2) fraudulently, and (3) without permission. *See* Cal. Pen. Code §502 (c)(2),(3),(6),(7). Yet, once again, Oracle's allegations do not even attempt to identify which facts might support Oracle's otherwise conclusory regurgitation of statutory language. Oracle cannot maintain a cause of action by merely asserting that "Defendants have violated California Penal Code §502 (c)(3) by knowingly, fraudulently, and without permission accessing and using Oracle USA's computer services." Complaint, para. 83.

At a minimum, the requirement that Rimini Street acted fraudulently gives rise to the heightened pleading requirement under Fed. R. Civ. P. 9(b). Once again, Oracle has made no

attempt to meet this standard. Oracle's recitation of the elements of California Penal Code §502 and conclusory assertion that Rimini Street acted fraudulently is insufficient under *Twombly*.

Finally, to bring an action under California Penal Code §502, a party must have suffered "damage or loss by reason of a violation." California Penal Code §502 (e)(1). Here, Oracle simply asserts that Rimini Street has "caused damage." Complaint, para. 87 ("Defendants have caused damage to Oracle USA and OIC in an amount to be proven at trial."). Rimini Street has no way of responding to this allegation, and Rimini Street should not be forced to guess or expend further resources defending a groundless claim.

### D.    Oracle Has Failed to State a Claim Under Nevada Rev. Stat. 205.4765

As its Fourth Claim for Relief, Oracle alleges Rimini Street violated Nevada Rev. Stat. 205.4765. Complaint, paras. 89–99. Nevada Rev. Stat. 205.4765 is yet another computer hacking statute. Here again, Oracle has not identified any facts that support its claims, choosing instead to make conclusory assertions that Rimini Street violated the law.

Each of Oracle's claims under this statute requires accessing a computer (1) knowingly, (2) willfully, and (3) without authorization. *Id*. In its complaint, Oracle has essentially cut-and-pasted sections 205.4765(1)-(5) of the statute, without bothering to identify what facts, if any, support these claims. Complaint, paras. 91–95. Oracle also states, in conclusory fashion, that "Defendants have caused damage to Oracle USA and OIC in an amount to be proven at trial". Complaint, para. 97. Oracle goes further, stating that Oracle is "informed and believes" Defendants acted willfully and maliciously in that "the above acts were done with the deliberate intent to injure Oracle USA's and OIC's business and improve its own." Complaint, para. 98. Oracle fails to provide any further detail. Oracle's conclusory assertions that Rimini Street violated Nevada Rev. Stat. 205.4765 are insufficient under *Twombly* and should be dismissed.

### E.   Oracle Has Failed to State a Claim for Breach of Contract

As its Fifth Claim for Relief, Oracle alleges Rimini Street breached Oracle's customer support websites' Terms of Use.  Complaint, paras. 100–104.  Oracle, however, has not identified what provisions of those contracts have allegedly been breached, or how Rimini Street's alleged activities result in a breach of any such provisions.  Instead, Oracle points out two separate Terms of Use (para. 101) and then provides a laundry list of alleged Rimini Street actions (para. 103).  Oracle has failed to tie any of the allegedly wrongful actions of Rimini Street to the breach of any particular provisions of the Terms of Use.   Rimini Street simply cannot formulate a response to these undefined allegations.

The Court has previously held such allegations to be insufficient:

> Nowhere in the body of the Counterclaim does Vision indicate the terms of the Employment Agreement or what provisions of the agreement Hester allegedly violated. Thus, in order for the Court to find that Vision stated a claim for breach of the Employment Agreement, it would have to speculate regarding what the contract contemplated and how it was breached. This is not sufficient under *Twombly*. Accordingly, the Court finds Vision has failed to adequately allege that Hester breached the Employment Agreement.

*Hester v. Vision Airlines, Inc.*, No. 2:09-cv-00117-RLH-RJJ, 2009 WL 4893185, at *8 (D. Nev. Dec. 16, 2009); *see also Aguilar v. WMC Mortg. Corp*, No. 2:09-CV-01416-ECR-PAL, 2010 WL 185951, at *6 (D.Nev. Jan. 15, 2010) ("Plaintiffs do not allege what contract is at issue, nor do they identify what provisions of that contract were breached or how. Plaintiffs' fifth claim for relief [for breach of contract] does not provide sufficient notice to WMC and cannot survive a motion to dismiss.").  Because of the vague and conclusory manner in which Oracle has alleged its breach of contract claims, Oracle's claim does not provide adequate notice, and should be dismissed.

### F.   Oracle Has Failed to State a Claim for Inducing Breach of Contract

As its Sixth Claim for Relief, Oracle alleges Rimini Street induced Oracle's customers to breach contracts with Oracle.  Complaint, paras. 105–111.  Oracle claims for inducing breach of

1  contract are nearly identical to its Fifth Claim for Breach of Contract, and fail for the same reasons
2  outlined above.

3      In addition, Oracle's framing of this claim is entirely nonsensical.  If Rimini Street accurately
4  understands Oracle's allegations, Oracle claims that Rimini Street induced some unidentified Oracle
5  customers to breach Oracles' Terms of Use by itself (Rimini Street) committing some unidentified
6  breach on behalf of the unidentified Oracle customers.  Beyond being facially implausible, these
7  allegations do not sufficiently allege any of the unidentified customers who entered the purported
8  contract by using or accessing the Oracle website.  Nor does Oracle identify any actions that
9  constitute a breach by **anyone**.  Nor has Oracle identified any intentional actions designed to disrupt
10 an underlying contractual relationship, as required by this claim.  *See  JJ INDUS., LLC v. Bennett*,
11 71 P.3d 1264, 1267 (Nev. 2003).  Because of the vague, conclusory, and confusing manner in which
12 Oracle has brought its inducement claim, Oracle's Sixth Claim for Relief should be dismissed.

13
14     **G.    Oracle Has Failed to State a Claim for Intentional Interference With Prospective
15            Economic Advantage**

16     Oracle's Seventh Claim for Relief alleges intentional interference with prospective economic
17 advantage.   Complaint, paras. 112–121.   To state a claim for intentional interference with
18 prospective economic advantage, a plaintiff must assert (1) a prospective contractual relationship
19 between the plaintiff and a third party; (2) knowledge by the defendant of the prospective
20 relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of
21 privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the
22 defendant's conduct. *Wichinsky v. Mosa*, 847 P.2d 727, 729–30 (Nev. 1993).  Again, Oracle has
23 made only conclusory statements in its attempts to meet these elements.

24
25     For example, in support of the first element—the existence of a prospective contractual
26 relationship between Oracle and a third party—Oracle states that "Oracle USA and OIC have and
27
28

had an expectancy in continuing and advantageous economic relationships with current and prospective purchasers and licensees of Oracle's support services and software." Complaint, para. 113. This vague and generic assertion as to the existence of a business relationship is insufficient under *Twombly* and *Iqbal*:

> [N]o prospective business relationship is identified other than by the generic assertion that "current and prospective customers" were "dissuaded" from purchasing or licensing Koperwhats' software. Koperwhats' conclusory allegation of a relationship, without identifying such relationship, is insufficient under Rule 8 to allow an opposing party to meaningfully respond. *See Iqbal*, 129 S.Ct. at 1950 (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")

*Kema, Inc. v. Koperwhats*, No. C-09-1587 MMC, 2010 WL 726640, at *8 (N.D. Cal. Mar. 1, 2010); *see also RSI Corp. v. International Business Machines Corp.*, No. C-08-3414 RMW , 2010 WL 726032, at *4 (N.D. Cal. Feb. 26, 2010) ("In this case, RSI fails to state a claim. RSI does not clearly and specifically plead the business relationship it had with any third party.").

Oracle's attempts to meet the other elements for this cause of action also are conclusory:

- "These relationships contained the probability of future economic benefit in the form of profitable support service contracts and software licenses." Complaint, para. 114;

- "Had Defendants refrained from engaging in the unlawful and wrongful conduct described in this complaint, there is a substantial probability that support customers of Oracle USA and OIC would have initiated, renewed, or expanded support contracts and software licenses with those Oracle entities." Complaint, para. 114;

- "As a result of Defendants' acts, the above-described relationships have been actually disrupted, causing certain current and prospective support clients to contract with Defendants instead of with Oracle USA." Complaint, para. 118;

- "Defendants' interference with Oracle USA's and OIC's prospective economic advantage with its current and future customers, as described above, was willful, malicious, oppressive, and in conscious disregard of Oracle USA's and OIC's rights." Complaint, para. 121.

Such conclusory and vague assertions should be dismissed under *Twombly* and *Iqbal*. Oracle has made no attempt whatsoever to put Rimini Street on notice of what actual prospective relationships form the basis for Oracle's claim. Oracle makes no attempt to put forth facts

establishing the harm caused.  Oracle's Seventh Claim for Relief should be dismissed.

**H.    Oracle Has Failed to State a Claim for Negligent Interference with Prospective Economic Advantage.**

Oracle's Eighth Claim for Relief alleges negligent interference with prospective economic advantage.  Complaint, paras. 122–130.  Oracle's Eighth Claim is all but a carbon copy of its claim for intentional interference with prospective economic advantage.  It contains the same vague and conclusory assertions for each element and should similarly be dismissed.

To state a claim for negligent interference with prospective economic advantage, Oracle must assert that (1) Oracle and a third party were in an economic relationship that probably would have resulted in an economic benefit to Oracle; (2) Rimini Street knew of the relationship; (3) Rimini Street knew or should have known that the relationship would be disrupted if it failed to act with reasonable care; (4) Rimini Street failed to act with reasonable care; (5) Rimini Street engaged in independent wrongful conduct apart from the interference itself; (6) The relationship was actually disrupted; (7) Oracle was harmed; and (8) Rimini Street's wrongful conduct was a substantial factor in causing Oracle's harm.  *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1056 (9th Cir. 2008).

To support its claim, Oracle makes general and vague statements like "Oracle USA and OIC have and had an expectancy in continuing and advantageous economic relationships with current and prospective purchasers and licensees of Oracle's support services and software" and "the above-described relationships have been actually disrupted, causing certain current and prospective support clients to contract with Defendants instead of" Oracle.  Complaint, paras. 123 and 128.  Oracle makes no attempt to put forth any actual business relationship that may have existed, or any actual disruption thereto.  Because Oracle has failed to put forth sufficient facts to support its claim for negligent interference with prospective economic advantage, Oracle's Eighth Claim for Relief

should be dismissed.

### I.    Oracle Has Failed to State a Claim for Unfair Competition

As its Ninth Claim for relief, Oracle has alleged fraudulent, unlawful, and unfair competition as defined by California Bus. & Prof. Code §§17200, *et seq*.  Complaint, paras. 131–140.   To state a cause of action for unfair competition under Cal. Bus. & Prof. Code §17200, a plaintiff must allege either: (1) an unlawful act; (2) an unfair act; (3) a fraudulent act; or (4) false advertising.  *VP Racing Fuels, Inc. v. General Petroleum Corp.*, No. 09-cv-02067, 2009 WL 4282124, at *11 (E.D. Cal. Nov. 25, 2009).  Oracle has failed to sufficiently allege any such acts, and its unfair competition claim should be dismissed.

First, for an act to be "unlawful," it must be "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulation, or court-made." *Saunders v. Superior Court*, 33 Cal. Rptr. 2d 438, 441 (Cal. Ct. App. 1994).  But Oracle summarily submits a laundry list of supposed violations without any attempt to support the claims.  For example, in addition to the hacking claims Oracle has insufficiently pled (as outlined above), Oracle asserts that Rimini Street has violated RICO, committed wire fraud, and committed "fraud and related activity in connection with an access device".  Complaint, para. 135.  Oracle does not even attempt to list the elements of these claims, let alone the facts necessary to support them.

Oracle's claim for "unfair" acts is similarly deficient.  An unfair act under §17200 "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition." *Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 544 (Cal. 1999).  Instead of alleging an incipient violation of antitrust law, and facts to support such an allegation, Oracle simply states that "Defendants' unfair business practices have unjustly minimized Oracle USA and OIC's competitive advantages and have caused and are causing them to suffer

damages." Complaint, para. 138. This fails to rise above the level of pure conclusion and speculation, and therefore fails to state a claim under *Twombly*.

A "fraudulent" act under §17200 is one "in which members of the public are likely to be deceived." *Morgan v. AT&T Wireless Services, Inc.*, 99 Cal. Rptr. 3d 768, 784 (Cal. Ct. App. 2009). Oracle has not even made the allegation that members of the public are likely to be deceived by any of Rimini Street's activities.

Finally, Oracle has not asserted that Rimini Street committed false advertising. Oracle's claim for "unfair competition" fails to adequately plead any viable theory, and it should be dismissed.

**J.    Oracle Has Failed to State a Claim for Trespass To Chattels.**

For its Tenth Claim for Relief, Oracle asserts a claim against Rimini Street for trespass to chattels, but again fails to do more than submit bare legal conclusions.  Oracle incorporates approximately 120 paragraphs by reference, then simply states that "Defendants intentionally interfered with Oracle USA's use or possession of both Oracle's customer support websites and Oracle's related internal databases and systems." Complaint, paras. 141 and 143. This utterly fails to provide Rimini Street notice of what alleged facts Oracle believes support its claim.

Further, a basic element of trespass to chattels is <u>physical harm</u> to the chattel, not merely interference with "use or possession" as Oracle's Complaint alleges. *See Ticketmaster Corp. v. Tickets.com, Inc*., No. 99CV7654, 2000 WL 1887522, at *4 (C.D. Cal. Aug. 10, 2000) ("A basic element of trespass to chattels must be physical harm to the chattel (not present here) or some obstruction of its basic function (in the court's opinion not sufficiently shown here)."). Oracle has failed to set forth any factual allegations identifying physical harm to its customer support websites or its related internal databases and systems. *Id.*.  Accordingly, Oracle's Tenth Claim for Relief should be dismissed.

### K.       Oracle Has Failed to State a Claim for Unjust Enrichment.

For its Eleventh Claim for Relief, Oracle alleges that Rimini Street unjustly received benefits at the expense of Oracle.  First, Oracle's claim for unjust enrichment fails in light of Oracle's breach of contracts and tort claims.  "A plaintiff cannot survive a motion to dismiss an 'unjust enrichment' cause of action if the complaint also alleges tort claims and claims based on the existence of a valid, express contract between the parties."  *GA Escrow, LLC v. Autonomy Corp. PLC*, No. C 08-01784, 2008 WL 4848036, at *6 (N.D. Cal. Nov. 07, 2008) (citing *Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)); *Goodwin v. Executive Trustee Services*, LLC, No. 09-CV-306, 2010 WL 234786, at *8 (D. Nev. Jan. 08, 2010). ("The doctrine of unjust enrichment thus only 'applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for].'")(internal citations omitted).

Second, Oracle's unjust enrichment claim also fails because Oracle's attempt to plead  this cause of action does not provide anything more than a recitation of legal conclusions.  For example, Oracle asserts that "Defendants unjustly received benefits at the expense of Oracle USA and OIC".  Complaint, para. 148.  Oracle does not bother to provide notice as to how defendants were enriched, or, beyond merely reiterating other insufficiently pled causes of action (e.g., breach of contract, interference, unfair practices, trespass, computer fraud), how this enrichment was unjust.  Oracle has again failed to state a claim under *Twombly*, and its claim for unjust enrichment should be dismissed.

### L.       Oracle Has Failed to State a Claim for Unfair Practices.

For its Twelfth Claim for Relief, Oracle asserts a claim for unfair practices under Cal. Bus. & Prof. Code §§17000, *et seq*.  Here again, Oracle fails to meet the standard set forth under *Twombly*.  Oracle does not even bother to cite a specific statutory provision, let alone identify specific acts it contends are unfair.

Oracle makes generic allegations such as "Defendants have caused damage through their use of unfair practices, including . . . Selling articles or products at less than the cost". Complaint, para. 151.  Oracle further alleges that defendants are committing unfair practices by "Selling articles or products as a loss leader."  Complaint, para. 151.  These generic allegations are insufficient even to provide a starting point from which Rimini Street could determine the accusations against it.  Such claims cannot survive a motion to dismiss.  *Fortaleza v. PNC Financial Services Group, Inc.*, 642 F. Supp. 2d 1012, 1025 (N.D. Cal. 2009) ("[P]laintiff's generic claim of 'unfair business practices,' without identifying any specific statutory provision pursuant to which such a claim is being made, and without identifying the nature of any allegedly unfair practices with any degree of specificity or factual support, cannot survive defendants' motion.").  Oracle's Twelfth Claim alleging unfair practices should be dismissed.

### M.      Oracle Has Failed to State a Claim for an Accounting.

Finally, Oracle's Complaint brings a independent claim for an accounting of the money obtained by Rimini Street "through their wrongful and unlawful conduct." Complaint, para. 157.  Oracle's claim for an accounting is misplaced.

An independent accounting claim is used to determine what amount is owed to a plaintiff when business relationship exists between the plaintiff and the defendant.  Normally, an accounting is not an independent cause of action.  *Batt v. City & County of S.F.*, 65 Cal. Rptr. 3d 716, 728 (Cal. Ct. App. 2007); 1A C.J.S. Accounting § 6 (2009).  In the rare cases in which an accounting may be a separate cause of action, a relationship between the plaintiff and the defendant is prerequisite.  *Rondberg v. McCoy*, No. 09-CV-1672, 2009 WL 5184053, at *4 (S.D. Cal. Dec. 21, 2009) ("A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting.")(citing *Teselle v. McLoughlin*, 92 Cal. Rptr. 3d 696, 715 (Cal. Ct.

App. 2009).

Oracle has failed to allege any relationship between Oracle and Rimini Street that requires an accounting, and its claim fails for this reason alone.  Yet, even if there were a business relationship, Oracle does not put forth any facts to support the idea that an accounting is necessary.  An accounting may be necessary, for example, if a percentage of profits is owed due to contract, but the amount is indeterminable.  *Rondberg*, 2009 WL 5184053, at *4.  By comparison, Oracle  makes vague and conclusory assertions that "The amount of money due from Defendants to Oracle USA and OIC is unknown to Oracle USA and OIC, and cannot be ascertained without an accounting." Complaint, para. 157.  Put simply, this is not the rare situation where an independent accounting claim is appropriate.  Oracle's claim for an accounting is misplaced, and should be dismissed under *Twombly*.

## III.    CONCLUSION

Oracle's Second through Thirteenth Claims for Relief claims are without merit, are insufficiently pled, and should be dismissed for failing to meet the standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

| DATED:        March __, 2010 | GREENBERG TRAURIG |
|---|---|
|  | By:      **/s/: Leslie S. Godfrey** |
|  | Mark G. Tratos, Esq. (Nevada Bar No. 1086) |
|  | Brandon Roos, Esq. (Nevada Bar No. 7888) |
|  | Leslie Godfrey, Esq. (Nevada Bar No. 10229) |
|  | 3773 Howard Hughes Parkway |
|  | Suite 400 North |
|  | Las Vegas, NV 89169 |
|  | Telephone:  (702) 792-3773 |
|  | Facsimile:  (702) 792-9002 |
|  | Attorney for Defendants |
|  | Rimni Street, Inc. and Seth Ravin |

1
2

## CERTIFICATE OF SERVICE

3   I hereby certify that on the __th day of March, 2010, I electronically filed the foregoing document

4   with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case

5   filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys

6
    of record who have consented in writing to accept this Notice as service of this document by
7
    electronic means.
8

9

10                                          By:      __/s/: Leslie S. Godfrey_____
                                                    Leslie Godfrey, Esq.
11                                                  Attorney for Defendants
                                                    Rimini Street, Inc. and Seth Ravin
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RIMINI STREET INC.'S MOTION TO DISMISS