| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>B. Trent Webb, Esq. *(pro hac vice)*<br>Eric Buresh, Esq. *(pro hac vice)*<br>2555 Grand Boulevard<br>Kansas City, Missouri 64108-2613<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>bwebb@shb.com<br>eburesh@shb.com | WILSON SONSINI GOODRICH & ROSATI<br>Jonathan M. Jacobson, Esq.<br>1301 Avenue of the Americas, 40th Floor<br>New York, New York, 110019<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5899<br>jjacobson@wsgr.com<br>*(pro hac vice applications to be submitted)* |
| Robert H. Reckers, Esq. *(pro hac vice)*<br>600 Travis Street, Suite 1600<br>Houston, Texas  77002<br>Telephone: (713) 227-8008<br>Facsimile: (731) 227-9508<br>rreckers@shb.com | Michael B. Levin, Esq.<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493- 9300<br>Facsimile: (650) 493 - 6811<br>mlevin@wsgr.com<br>*(pro hac vice application to be submitted)* |
| GREENBERG TRAURIG<br>Mark G. Tratos, Esq. (Nevada Bar No. 1086)<br>Brandon Roos, Esq. (Nevada Bar No. 7888)<br>Leslie Godfrey, Esq. (Nevada Bar No. 10229)<br>3773 Howard Hughes Parkway<br>Suite 400 North<br>Las Vegas, NV 89169<br>Telephone:  (702) 792-3773<br>Facsimile:  (702) 792-9002<br>tratosm@gtlaw.com<br>roosb@gtlaw.com<br>godfreyl@gtlaw.com | *Attorneys for Defendants*<br>*RIMINI STREET, INC. and SETH RAVIN* |

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANT SETH RAVIN'S ANSWER TO ORACLE'S FIRST AMENDED COMPLAINT** |

Defendant Seth Ravin, for his Answer to Plaintiffs Oracle USA, Inc. ("Oracle USA"), Oracle America, Inc. ("Oracle America"), and Oracle International Corporation ("OIC") (together "Oracle" or "Plaintiffs") First Amended Complaint for Damages and Injunctive Relief, states as follows based on his personal knowledge as for himself, and on information and belief as to the acts of others:

## I. INTRODUCTION

1. Oracle maliciously alleges that Mr. Ravin, the founder and CEO of Rimini Street Inc. ("Rimini Street"), created and implemented a "corrupt business model" built on the "massive theft of Oracle's software" and related support materials. For the reasons described in detail by Rimini Street's Answer and Counterclaims, these accusations are false, and Mr. Ravin vehemently denies them.

2. Furthermore, in its original Complaint, Oracle did not and could not identify any individual acts by Mr. Ravin to support Oracle's numerous individual claims against him. Unwilling to give up its strategy of personal attack, however, Oracle now proffers the allegation that Mr. Ravin "was an active participant in Rimini Street's massive downloading scheme," specifically alleging that "Ravin personally logged into Oracle's Technical Support website" and downloaded over 11,000 files. Amended Complaint, para. 46. Oracle's specific allegation against Mr. Ravin is not only false, but utterly unrealistic and implausible.

3. Oracle's disingenuous effort to maintain an individual action against Mr. Ravin demonstrate the lengths to which Oracle will go to protect its dominant 95% market share and 92% gross profit margins on the after-market support of its products.[1]

**ANSWER**

Mr. Ravin answers Oracle's First Amended Complaint for Damages and Injunctive Relief ("Complaint") as follows:

/ / /

/ / /

---

[1] *See* Thomas Wailgum, *ERP Support Drama: How Far Will Oracle Go to Protect Its Golden Egg?*, CIO MAGAZINE, Feb. 24, 2010, http://www.cio.com/article/554113/ (last visited Mar. 2, 2010).

## I. JURISDICTION

1. Mr. Ravin admits this action has been characterized by Oracle as an action arising under Federal Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and the Computer Fraud and Abuse Act 18 U.S.C. §§ 1030 *et seq*. Mr. Ravin admits that this Court has subject matter jurisdiction over certain actions pursuant to 18 U.S.C. § 1030(g), 28 U.S.C. § 1331, and 28 U.S.C. § 1338. Mr. Ravin denies, however, that Plaintiffs' Complaint sets forth any meritorious cause of action from which Plaintiffs could recover its requested injunctive relief or damages.

2. Mr. Ravin admits that this Court has supplemental subject matter jurisdiction over pendent state law claims under 28 U.S.C. § 1367. Mr. Ravin denies, however, that Plaintiffs' Complaint sets forth any meritorious cause of action from which Plaintiffs could recover its requested injunctive relief or damages.

3. Mr. Ravin admits this Court has original subject matter jurisdiction over state law claims under 28 U.S.C. § 1332 where the matter in controversy exceeds the sum value of $75,000, and there is complete diversity between the Plaintiffs and Defendants. Mr. Ravin denies, however, that Plaintiffs' Complaint sets forth any meritorious cause of action from which Plaintiffs could recover its requested injunctive relief or damages.

## II. INTRODUCTION

4. Mr. Ravin admits that Paragraph 4 contains partial quotations Plaintiffs claim are attributed to him, however the date, source, and context of the quotations are not identified, therefore Mr. Ravin denies the allegations of Paragraph 4.

5. Mr. Ravin admits that Rimini Street provides support to companies that license certain of Plaintiffs' enterprise software applications, including Plaintiffs' PeopleSoft, J.D. Edwards ("JDE") and Siebel-branded software. Mr. Ravin denies the remaining allegations against him, including Plaintiffs' statements regarding Rimini Street's business, in Paragraph 5.

6. Mr. Ravin denies the allegations against him in Paragraph 6.

7. Mr. Ravin admits that Paragraph 7 contains partial quotations Plaintiffs claim are attributed to him, however the date, source, and context of the quotations are not identified, and therefore Mr. Ravin denies the allegations of Paragraph 7.

8. Mr. Ravin denies the allegations against him in Paragraph 8.

9. Mr. Ravin denies the allegations against him in Paragraph 9.

10. Mr. Ravin denies the allegations against him in the first two sentences of Paragraph 10. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the remaining allegations set forth in Paragraph 10 and therefore denies the same.

11. Mr. Ravin admits that he and Mr. Nelson sold TomorrowNow to SAP and that he founded Rimini Street. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the remaining allegations set forth in Paragraph 11 and therefore denies the same.

12. Mr. Ravin admits that Paragraph 12 contains partial quotations Plaintiffs claim are attributed to him, however the date, source, and context of the quotations are not identified, therefore Mr. Ravin denies the allegations of Paragraph 12.

13. Mr. Ravin admits that Paragraph 13 contains partial quotations Plaintiffs claim are attributed to Rimini Street's marketing literature, however the date, source, and context of the quotations are not identified, and therefore Mr. Ravin denies the allegations of Paragraph 13. Mr. Ravin is without sufficient information or knowledge regarding updates from PeopleSoft and TomorrowNow, Inc. to form an opinion as to the veracity of the remaining allegations set forth in Paragraph 13 and therefore denies the same.

14. Mr. Ravin denies the allegations against him in Paragraph 14.

**III.   THE PARTIES**

15. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 15 and therefore denies the same.

16. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 16 and therefore denies the same.

313562v1
NY 240,279,318v1 5-6-10

17. Mr. Ravin admits that he is the founder, president and CEO of Rimini Street, as well as a former President of TomorrowNow. Mr. Ravin admits that he is a resident of Nevada.

18. Mr. Ravin admits that Rimini Street, Inc. is a Nevada Corporation with its principal place of business in Las Vegas, Nevada. Mr. Ravin admits that he founded Rimini Street. Mr. Ravin denies the remaining allegations against it in Paragraph 18.

19. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 19 and therefore denies the same.

20. Mr. Ravin admits that Defendants are doing business in Nevada. Mr. Ravin further admits that Rimini Street is headquartered in this district and that he resides in this district. Mr. Ravin denies the remaining allegations against him in Paragraph 20.

21. Mr. Ravin denies the allegations against him in Paragraph 21.

22. Mr. Ravin denies the allegations against him in Paragraph 22.

**IV.   VENUE**

23. Mr. Ravin does not contest venue in this matter.

**V.   DIVISION ASSIGNMENT**

24. Mr. Ravin does not contest assignment to the Las Vegas division.

**VI.   FACTUAL ALLEGATIONS**

25. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 25 and therefore denies the same.

26. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 26 and therefore denies the same.

27. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 27 and therefore denies the same.

28. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 28 and therefore denies the same.

29. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 29 and therefore denies the same.

313562v1
NY 240,279,318v1 5-6-10

30. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 30 and therefore denies the same.

31. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 31 and therefore denies the same.

32. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 32 and therefore denies the same.

33. Mr. Ravin admits revenue may be derived from the three activities identified by Paragraph 33.

34. Mr. Ravin admits the allegations of Paragraph 34.

35. Mr. Ravin admits that Rimini Street competes with Oracle by "providing low-cost maintenance and support services to PeopleSoft, JDE and Siebel customers running assorted versions of these software programs," that it "can cut customer maintenance and support bills in half and give customers a reprieve from software upgrade cycles," that "customers can remain on older versions of PeopleSoft, JDE or Siebel software rather than moving to later versions," and that "Rimini Street can provide fixes and updates and support older software for 10 years past its general availability." Mr. Ravin denies the remaining allegations against him in Paragraph 35.

36. Mr. Ravin admits Rimini Street offers "customization fixes," "tax and regulatory updates, applications and repository fixes," and "24/7 Support with Guaranteed 30 Minutes or less Response." Mr. Ravin admits Rimini Street offers comprehensive support at "More Than 50% Annual Savings." Mr. Ravin denies the remaining allegations against him in Paragraph 36.

37. Mr. Ravin denies the allegations against him in Paragraph 37.

38. Mr. Ravin denies the allegations against him in Paragraph 38.

39. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 39 and therefore denies the same.

40. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the remaining allegations set forth in Paragraph 40 and therefore denies the same.

313562v1
NY 240,279,318v1 5-6-10

41. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 41 and therefore denies the same.

42. Mr. Ravin denies the allegations against him in the first sentence of Paragraph 42. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the remaining allegations set forth in Paragraph 42 and therefore denies the same.

43. Mr. Ravin denies the allegations against him in the first, third and fourth sentences of Paragraph 43. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the remaining allegations set forth in Paragraph 43 and therefore denies the same.

44. Mr. Ravin denies the allegations against him in Paragraph 44.

45. Mr. Ravin denies the allegations against him in Paragraph 45.

46. Mr. Ravin denies the allegations against him in Paragraph 46.

47. Mr. Ravin denies that Rimini Street has engaged in large-scale downloading that has damaged Plaintiffs' servers. Mr. Ravin also denies that Rimini Street "admitted that it has engaged in large-scale downloading that has damaged Oracle's servers." Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the remaining allegations set forth in Paragraph 47 and therefore denies the same.

48. Mr. Ravin admits that Paragraph 48 contains partial quotations Plaintiffs claim are attributed to Rimini Street's lawyers, however the date, source, and context of the quotations are not identified, therefore Mr. Ravin denies the allegations of Paragraph 47. Mr. Ravin denies the remaining allegations against him in Paragraph 48.

49. Mr. Ravin admits that Paragraph 49 contains partial quotations Plaintiffs claim are attributed to him, however the date, source, and context of the quotations are not identified, therefore Mr. Ravin denies the allegations of Paragraph 49. Mr. Ravin denies the remaining allegations against it in Paragraph 49.

50. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 50 and therefore denies the same.

51. Mr. Ravin admits the allegations of Paragraph 51.

313562v1
NY 240,279,318v1 5-6-10

52. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 52 and therefore denies the same.

53. Mr. Ravin denies the allegations against him in Paragraph 53.

54. Mr. Ravin admits he has signed contracts on behalf of Rimini Street. Mr. Ravin denies the remaining allegations against him in Paragraph 54.

55. Mr. Ravin denies the allegations against him in the first sentence of Paragraph 55. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the remaining allegations set forth in Paragraph 55 and therefore denies the same.

56. Mr. Ravin admits the allegations of Paragraph 56.

57. Mr. Ravin denies the allegations against him in Paragraph 57.

58. Mr. Ravin admits that, of Rimini Street's ten-member management team, seven list prior employment experience with PeopleSoft, Siebel, or Oracle. Mr. Ravin denies the remaining allegations against it in Paragraph 58.

59. Mr. Ravin denies the allegations against him in Paragraph 59.

60. Mr. Ravin denies the allegations against him in Paragraph 60.

61. Mr. Ravin admits that Plaintiffs claim numerous works that are protected under the Federal Copyright Act, 17 U.S.C. §§ 101 *et seq*. Mr. Ravin denies the remaining allegations against him in Paragraph 61.

62. Mr. Ravin denies the allegations against him in Paragraph 62.

63. Mr. Ravin denies the allegations against him in Paragraph 63.

64. Mr. Ravin denies the allegations against him in Paragraph 64.

65. Mr. Ravin denies the allegations against him in Paragraph 65.

66. Mr. Ravin denies the allegations against him in Paragraph 66.

67. Mr. Ravin denies the allegations against him in Paragraph 67.

68. Mr. Ravin denies the allegations against him in Paragraph 68.

69. Mr. Ravin denies the allegations against him in Paragraph 69.

/ / /

313562v1
NY 240,279,318v1 5-6-10

**Oracle's First Claim for Relief**

**Copyright Infringement**

70. Mr. Ravin repeats, realleges, and incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

71. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 71 and therefore denies the same.

72. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 72 and therefore denies the same.

73. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 73 and therefore denies the same.

74. Mr. Ravin denies having infringed copyrights in Plaintiffs' software and support material. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the remaining allegations set forth in Paragraph 74 and therefore denies the same.

75. Mr. Ravin denies the allegations against him in Paragraph 75.

76. Mr. Ravin denies the allegations against him in Paragraph 76.

77. Mr. Ravin denies the allegations against him in Paragraph 77.

78. Mr. Ravin denies the allegations against him in Paragraph 77.

79. Mr. Ravin denies the allegations against him in Paragraph 78.

80. Mr. Ravin denies the allegations against him in Paragraph 79.

81. Mr. Ravin denies the allegations against him in Paragraph 80.

82. Mr. Ravin denies the allegations against him in Paragraph 81.

**Oracle's Second Through Fourth Claims for Relief**

As set forth in Mr. Ravin's Motion to Dismiss, Oracle's Second through Fourth Claims for Relief fail to state a claim against Mr. Ravin, and these claims should be dismissed. Mr. Ravin reserves the right to respond further to Oracle's Second through Fourth Claims for Relief once the issues raised in Mr. Ravin's Motion to Dismiss are resolved, to extent any claims remain.

/ / /

313562v1
NY 240,279,318v1 5-6-10

### Oracle's Fifth Claim for Relief

### Breach of Contract

110. Mr. Ravin repeats, realleges, and incorporates by reference his responses to the preceding paragraphs as though fully set forth herein.

111. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the remaining allegations set forth in Paragraph 111 and therefore denies the same.

112. Mr. Ravin is without sufficient information or knowledge to form an opinion as to the veracity of the remaining allegations set forth in Paragraph 112 and therefore denies the same.

113. Mr. Ravin denies the allegations against him in Paragraph 113.

114. Mr. Ravin denies the allegations against him in Paragraph 114.

### Oracle's Sixth Through Thirteenth Claims for Relief

As set forth in Mr. Ravin's Motion to Dismiss, Oracle's Sixth through Thirteenth Claims for Relief have not been adequately plead, and these claims should be dismissed.  Given Oracle's failure to properly plead its Sixth through Thirteenth Claims for Relief, Mr. Ravin cannot answer Oracle's allegations at this time.  Mr. Ravin reserves the right to respond further to Oracle's Sixth through Thirteenth Claims for Relief once the issues raised in Mr. Ravin's Motion to Dismiss are resolved, to extent any claims remain.

### Prayer for Relief

Mr. Ravin denies that Plaintiffs are entitled to any relief in connection with the allegations of Plaintiffs' Complaint, including, without limitations, the allegations of Paragraphs A. through G of Plaintiffs' Prayer for Relief.

To the extent that any allegation contained in Plaintiffs' Complaint has not been specifically admitted herein, it is hereby denied. Mr. Ravin further denies any allegations that may be implied by or inferred from the headings of Plaintiffs' Complaint.

///

## Affirmative Defenses

### First Affirmative Defense

1. One or more of the copyrights that are allegedly infringed by Mr. Ravin are invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102, including that no copyright protection is afforded to "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied."

### Second Affirmative Defense

2. Mr. Ravin's use of Plaintiffs' copyrighted material, if any, is authorized under terms of license agreements held by Rimini Street and/or Rimini Street's licensed customers for whom Rimini Street acts as an agent.

### Third Affirmative Defense

3. Plaintiffs consented to Mr. Ravin's use, if any, of Plaintiffs' copyrighted material. Oracle consented to Defendants' use of its copyrighted material by issuing log-on credentials that enable access to support materials through Oracle's customer support web pages, and by providing copyrighted material directly to Rimini Street on numerous occasions, as an authorized agent of Oracle's licensees

### Fourth Affirmative Defense

4. Plaintiffs' claims for copyright infringement are barred by the doctrine of copyright misuse. Oracle has attempted to use the design of its support website and terms of its license agreements and its "browser-wrap" or "click-wrap" agreements to forestall competition and to significantly interfere with and/or to preclude a customer's ability to select a support vendor other than Oracle.  This attempt to influence competition in an area beyond the scope of Oracle's copyrights constitutes copyrights misuse.

### Fifth Affirmative Defense

5. One or more of Plaintiffs' claims for statutory damages and attorneys' fees under 17 U.S.C. § 504 are barred because some, if not all, of Plaintiffs' copyright registrations were not made

11

1  within three months after the first publication of the allegedly infringing works, as required by 17
2  U.S.C. § 412.

### Sixth Affirmative Defense

4  6. Plaintiffs' claims for copyright infringement are barred by implied license. Oracle's conduct, as well as the custom and practice of the community, gives rise to an implied license. For example, Oracle granted Mr. Ravin access to the support materials, and Oracle itself directly mailed Rimini Street copies of the software, as an authorized agent of Oracle's licensees. These exemplary actions in conjunction with the well-known and accepted practices of the software industry provide Mr. Ravin an implied license to access and use Oracle's copyrighted content.

### Seventh Affirmative Defense

11  7. Plaintiffs' claims for copyright infringement are barred by the doctrines of merger and Scènes-á-faire. Given the limited number of ways that updates, fixes and other alleged derivative works can by expressed, Plaintiffs' claims for copyright infringement are barred for one or more works and/or derivative works allegedly infringed by Mr. Ravin.

### Eighth Affirmative Defense

16  8. Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations. One or more of the alleged acts of infringe occurred prior to the Copyright Act's three year statute of limitations.

### Ninth Affirmative Defense

20  9. Plaintiffs' claims for copyright infringement are barred by the doctrines of laches, waiver and estoppel. Since the inception of Rimini Street in September 2005, Plaintiffs and their predecessors have made allegations and threats against Defendants with regard to Rimini Street's provision of after-market support services for Oracle products in numerous direct correspondence to Defendants, in media interviews, in industry analyst discussions, and in discussions with prospective Rimini Street clients. Oracle even threatened litigation in some correspondence with Defendants and in its discussions with prospective Rimini Street clients. Plaintiffs have been made well-aware of the

1  business practices and procedures employed by Rimini Street.  Plaintiffs are also well-aware of the
2  longstanding and accepted industry practices and norms of other third party consulting venders.

### Tenth Affirmative Defense

4  10. Any reproduction, display, derivation, publication or distribution of any valid
5  copyright of the Plaintiffs by Mr. Ravin is a fair use protected by the provisions of 17 U.S.C. § 107.

### Eleventh Affirmative Defense

7  11. Any copy, adaptation, lease, sale, or transfer of any work copyrighted by the
8  Plaintiffs is protected by the provisions of 17 U.S.C. § 117.

9  Mr. Ravin reserves the right to assert additional defenses as they become known
10 through further investigation and discovery.  In addition, Mr. Ravin reserves the right to assert
11 additional affirmative defenses to the claims inadequately alleged in Oracle's second through fourth
12 and sixth through thirteenth claims for relief to the extent necessary after resolution of Mr. Ravin's
13 motion to dismiss.

14 WHEREFORE, Mr. Ravin request that Plaintiffs' Complaint be dismissed in its
15 entirety, with prejudice; that judgment be entered against Plaintiffs in connection with its Complaint;
16 that judgment be entered in favor of Mr. Ravin; that the Court declare this case to be exceptional;
17 that Mr. Ravin be awarded its costs and reasonable attorneys' fees incurred in connection with the
18 defense of this action; and that Mr. Ravin be awarded such other and further relief as the Court
19 deems appropriate.

20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /

313562v1
NY 240,279,318v1 5-6-10

**Demand for Jury Trial**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mr. Ravin hereby demands a jury trial on all issues so triable.

DATED this 6th day of May, 2010.

**GREENBERG TRAURIG, LLP**

/s/ Leslie Godfrey
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
Attorneys for Defendants
*Rimini Street, Inc. and Seth Ravin*

## CERTIFICATE OF SERVICE

I hereby certify that on the <u>6th</u> day of May, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

      By: /s/Charity Barber
      An employee of Greenberg Traurig, LLP

313562v1
NY 240,279,318v1 5-6-10