SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. *(pro hac vice)*
Eric Buresh, Esq. *(pro hac vice)*
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
eburesh@shb.com

Robert H. Reckers, Esq. *(pro hac vice)*
600 Travis Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

WILSON SONSINI GOODRICH & ROSATI
Jonathan M. Jacobson, Esq.
1301 Avenue of the Americas, 40th Floor
New York, New York, 110019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
jjacobson@wsgr.com
*(pro hac vice applications to be submitted)*

Michael B. Levin, Esq.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493- 9300
Facsimile: (650) 493 - 6811
mlevin@wsgr.com
*(pro hac vice application to be submitted)*

*Attorneys for Defendants*
*RIMINI STREET, INC. and SETH RAVIN*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,

Plaintiffs,

v.

RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,

Defendants.

Case No. 2:10-cv-0106-LRH-PAL

**DEFENDANT RIMINI STREET'S MOTION TO DISMISS PLAINTIFFS' SECOND THROUGH FOURTH AND SIXTH THOUGH THIRTEENTH CLAIMS FOR RELIEF**

## TABLE OF CONTENTS

I. INTRODUCTION .... 1

II. ARGUMENT .... 2

A. Rule 12(b)(6) Standard .... 2

B. Oracle Has Not Stated a Claim Against Rimini Street for Violation of the Federal Computer Fraud and Abuse Act. .... 2

C. Oracle Has Failed to State a Claim Under California's Penal Code and Under Nevada Rev. Stat. 205.4765. .... 6

D. Oracle Has Failed to State a Claim for Inducing Breach of Contract .... 7

E. Oracle Has Failed to State a Claim for Intentional Interference With Prospective Economic Advantage .... 8

F. Oracle Has Failed to State a Claim for Negligent Interference with Prospective Economic Advantage. .... 9

G. Oracle Has Failed to State a Claim for Unfair Competition .... 10

H. Oracle Has Failed to State a Claim for Trespass To Chattels. .... 11

I. Oracle Has Failed to State a Claim for Unjust Enrichment. .... 12

J. Oracle Has Failed to State a Claim for Unfair Practices. .... 13

K. Oracle Has Failed to State a Claim for an Accounting. .... 14

III. CONCLUSION .... 15

## TABLE OF AUTHORITY

**Cases**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 .......... 3, 11

*Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696 .......... 2

*Batt v. City & County of S.F.*, 65 Cal. Rptr. 3d 716 .......... 18

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 .......... passim

*Black & Decker, Inc. v. Smith*, 568 F. Supp. 2d 929 .......... 3

*Blanck v. Hager*, 360 F. Supp. 2d 1137 .......... 10

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 .......... 3

*Fortaleza v. PNC Financial Services Group, Inc.*, 642 F. Supp. 2d 1012 .......... 17

*G.H.I.I. v. MTS* 195 Cal. Rptr. 211 .......... 18

*GA Escrow, LLC v. Autonomy Corp. PLC*, No. C 08-01784, 2008 WL 4848036 .......... 16

*Goodwin v. Executive Trustee Services*, *LLC*, No. 09-CV-306, 2010 WL 234786 .......... 16

*Hanger Prosthetics & Orthotics v. Capstone Ortho.*, 556 F. Supp. 2d 1122 .......... 8

*Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479 .......... 5

*Intel v. Hamidi*, 71 P.3d 296 .......... 14, 15

*Kema, Inc. v. Koperwhats*, No. C-09-1587 MMC, 2010 WL 726640 .......... 11

*Khoury v. Maly's of Cal.* 17 Cal. Rptr. 2d 708 .......... 17

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,* 940 F.2d 397 .......... 14

*Lockheed Martin Corp. v. Speed*, 2006 WL 2683058 .......... 7

*LVRC Holdings LCC v. Brekka*, 581 F. 3d 1127 .......... 3, 5

*Mintz v. Blue Cross of Ca.*, 92 Cal. Rptr. 3d 422 .......... 10

*Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151 .......... 16

*People v. Gentry*, 285 Ca. Rptr. 591 .......... 8

*Rondberg v. McCoy*, No. 09-CV-1672, 2009 WL 5184053 .......... 18, 19

*Rosal v. First Federal Bank*, 671 F. Supp.2d 1111, 1133 (N.D. Cal. 2009) .................................... 13

*RSI Corp. v. International Business Machines Corp.*, No. C-08-3414 RMW , 2010 WL 726032 .... 12

*Salestraq America, LLC v. Zyskowski*, 635 F. Supp. 2d 1178 ....................................................... 5, 6

*Saunders v. Superior Court*, 33 Cal. Rptr. 2d 438 ............................................................................ 13

*Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393 ........................................... 14

*Shoemaker v. Myers*, 801 P.2d 1054 ................................................................................................. 10

*Southwest Airlines Co. v. BoardFirst, L.L.C.*, 2007 WL 4823761 ...................................................... 7

*Teselle v. McLoughlin*, 92 Cal. Rptr. 3d 696 ..................................................................................... 19

*United States v. Drew*, 259 F.R.D. 449 ......................................................................................... 5, 7, 9

*VP Racing Fuels, Inc. v. General Petroleum Corp.*, No. 09-cv-02067, 2009 WL 4282124 ............. 13

*Wichinsky v. Mos*a, 847 P.2d 727 ...................................................................................................... 11

**Statutes**

18 U.S.C. §§1030 ............................................................................................................................. 3, 4

18 U.S.C. §1962 ..................................................................................................................................... 11

Cal. Bus. & Prof. Code §§17000 ................................................................................................... 13, 14

Cal. Bus. & Prof. Code §§17001 ........................................................................................................ 14

Cal. Bus. & Prof. Code §17200 ........................................................................................................... 10

California Penal Code §502 ............................................................................................................. 6, 7

Nevada Rev. Stat. 205.4765 .............................................................................................................. 1, 7

**Other Authorities**

1A C.J.S. Accounting § 6 (2009) ........................................................................................................ 15

**DEFENDANT RIMINI STREET'S MOTION TO DISMISS**

Defendant Rimini Street Inc. ("Rimini Street") files this Motion to Dismiss the Second through Fourth and Sixth through Thirteenth Claims for Relief brought by Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (together "Oracle" or "Plaintiffs") in their First Amended Complaint. *See* Doc No. 36 ("Amended Complaint").

## I. INTRODUCTION

Rimini Street has given Oracle ample opportunity to focus its allegations in this case to those Oracle can actually plead. In response to Oracle's Original Complaint (Doc. No. 1), Rimini Street moved to dismiss the Second through Thirteenth Claims for Relief for failing sufficiently to allege legally cognizable causes of action. *See* Doc. No. 29. In its motion to dismiss, Rimini Street identified numerous specific deficiencies in Oracle's claims. Oracle agreed to amend its complaint, and Rimini Street agreed to withdraw its motion to dismiss.

Rimini Street's hope throughout this process was that Oracle would take the opportunity to focus this dispute. Rather than doing so, Oracle insists, in its Amended Complaint, on once again "throwing in everything but the kitchen sink." With respect to most of its claims, Oracle simply could not remedy the legal deficiencies pointed out by Rimini Street's first motion to dismiss. Like the Original Complaint, Oracle's Amended Complaint thinly pleads copyright infringement. In addition, the Amended Complaint now sufficiently alleges Oracle's breach of contract claim. But, once again, Oracle tacks on nearly a dozen additional claims, including that Rimini Street has violated the Computer Fraud and Abuse Act ("CFAA"), violated the California Computer Data Access and Fraud Act ("CCDAFA"), violated Nevada Rev. Stat. 205.4765, induced breach of contract, intentionally interfered with prospective economic advantage, negligently interfered with prospective economic advantage, committed unfair competition, committed trespass to chattels, has been unjustly enriched, has committed unfair practices, and a claim for an accounting. Even with a roadmap to the legal deficiencies in its Original Complaint, Oracle's add-on claims once again fail to "plausibly suggest[] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Thus, Rimini Street again moves to dismiss.

With respect to its claims under the various computer-hacking statutes (i.e., the CFAA, CCDAFA, and Nevada Rev. Stat. 205.4765), Oracle attempts to transform alleged violations of its websites' terms-of-use into acts of computer hacking. Numerous courts have rejected such a misapplication of the CFAA and related state statutes. Oracle's Sixth through Thirteenth Claims for Relief also fall far short of the requisite pleading standard. The Supreme Court, in *Twombly*, recognized the important role of the district court in eliminating insufficient claims, "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* at 558 (internal quotes omitted). Thus, insufficient claims should "be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* That time is now.

## II. ARGUMENT

### A. Rule 12(b)(6) Standard

Claims may be dismissed under Rule 12(b)(6) "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). Although "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996), a complaint or counterclaim must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[The] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") .

### B. Oracle Has Not Stated a Claim Against Rimini Street for Violation of the Federal Computer Fraud and Abuse Act.

As its Second Claim for Relief, Oracle alleges that Rimini Street violated the Computer Fraud and Abuse Act, 18 U.S.C. §§1030 (a)(2)(C), (a)(4) & (a)(5). *See* Amended Complaint, paras.

83 - 90. The Computer Fraud and Abuse Act ("CFAA") is a federal statute intended to address computer hacking. *See, e.g.*, *LVRC Holdings LCC v. Brekka*, 581 F. 3d 1127, 1131 (9th Cir. 2009) ("The act was originally designed to target hackers who accessed computers to steal information or to disrupt or destroy computer functionality …"); *Black & Decker, Inc. v. Smith*, 568 F. Supp. 2d 929, 935 (W.D. Tenn. 2008) ("the legislative history supports the conclusion that Congress intended the CFAA to do 'for computers what trespass and burglary laws did for real property'."). While the CFAA is meant to address computer hacking, Oracle cannot allege that Rimini Street hacked into its computers, because Rimini Street had permission to access Oracle's computers. Instead, Oracle alleges that Rimini Street violated ***contracts*** governing the use of its websites. But contractual violations are not actionable under the CFAA, and Oracle's attempts to stretch this statute to fit Rimini Street's alleged terms-of-use violations fail as a matter of law.

**1. Oracle's Factual Allegation Do Not Support its Computer Hacking Claims.**

Each of the provisions of the CFAA at issue in this case requires acting "without authorization" or by "exceeding authorized access." 18 U.S.C. §§1030 (a)(2)(C), (a)(4) & (a)(5)(i)-(iii). But throughout its Amended Complaint, Oracle consistently acknowledges that Rimini Street used valid, Oracle-supplied log-in credentials when using Oracle's websites:

> Rimini Street typically logs on to Oracle's password protected Technical Support websites using a customer credential, then downloads Software and Support Materials in excess of the customer's authorization under its license agreement.

Amended Complaint, para. 5. Oracle even admits that Rimini Street downloaded materials using its own valid log-in credentials: "Many of these downloads were to users whose log-in name ended with '@riministreet.com.'" Amended Complaint, para. 40. Thus, Oracle's allegations demonstrate that Oracle itself provided Rimini Street with direct access to its computers.

/ / /

/ / /

Oracle never accuses Rimini Street of "hacking" its computers but repeatedly alleges that Rimini Street violated terms-of-use and licenses governing the use of its website:

> **E. Rimini Street's Access Was Unauthorized.** 57. Rimini Street's unauthorized access to, copying of, and use of Software and Support Materials and its customers' software releases, violated the terms of the Oracle customers' License Agreements and the Technical Support website Terms of Use.

Amended Complaint, para. 57. As set forth below, the CFAA does not address breach of contract. Thus, even accepting Oracle's allegations as true (i.e., that Rimini Street "violated the terms of the . . . License Agreements and the Technical Support website Terms of Use "), Oracle fails to state a cognizable claim for relief under the CFAA.

**2. Rimini Street's Access to Oracle's Websites was Not "Unauthorized" and Did Not "Exceed Authorized Access."**

As noted, each of Oracle's claims against Rimini Street under the CFAA requires acting "without authorization" or by "exceeding authorized access." Amended Complaint, paras. 83-90; 18 U.S.C. §§1030(a)(2)(C), (a)(4) & (a)(5)(i)-(iii). The Ninth Circuit recently examined these terms and held that "without authorization" means "without any permission at all," and that "exceeding authorized access" means accessing information on a computer "that the person is not entitled to access." *LVRC Holdings*, 581 F.3d at 1134 (noting in footnote 7 that "exceeding authorized access" does not include breaching state law duties of loyalty). This Court and others have also examined the CFAA and rejected claims, such as Oracle's, predicated on breach of a contract. *See*, *e.g.*, *Salestraq America, LLC v. Zyskowski*, 635 F. Supp. 2d 1178, 1183-84 (D. Nev. 2009)(Hicks, J) (holding that exceeding a license agreement was not a violation of the CFAA); *United States v. Drew*, 259 F.R.D. 449, 464 (C.D. Cal. 2009) ("The language of section 1030(a)(2)(C) does not explicitly state (nor does it implicitly suggest) that the CFAA has 'criminalized breaches of contract' in the context of website terms of service."); *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 499 (D. Md. 2005)(rejecting the argument that accessing a computer in violation of a signed Registration Agreement violated the CFAA). Because Oracle

cannot establish that Rimini Street acted "without authorization" or by "exceeding authorized access," Oracle's pleadings do not state a legally cognizable claim for relief under the CFAA.

Taking those concepts in turn, Rimini Street never acted "without authorization" because Oracle granted Rimini Street access to its support websites when it accepted Rimini Street's valid log-in credentials, which Oracle itself issued to Rimini Street or its clients. *See, e.g.,* Amended Complaint, para. 5 and 40. In a recent case with similar facts, this Court held that "unauthorized access" under the CFAA does not mean merely exceeding one's rights under a license agreement or accessing content for a wrongful purpose. *Salestraq America, LLC v. Zyskowski*, 635 F. Supp. 2d 1178, 1183–84 (D. Nev. 2009) (Hicks, J.). Rather, "unauthorized access" means that <u>access must not be permitted at all</u>. *Id*. ("There is a crucial difference between misusing information properly accessed and exceeding one's authorized access to obtain restricted information."). Here, Oracle acknowledges that it granted Rimini Street access to its support websites. *See, e.g.,* Amended Complaint, para. 60 (implicitly recognizing that Rimini Street had a legitimate basis to access Oracle's site as a contract consultant). Because Oracle admittedly provided Rimini Street access to the support material on Oracle's server, Oracle's pleadings do not support allegations that Rimini Street's access of Oracle servers was "unauthorized." *See Salestraq America, LLC*, 635 F. Supp. 2d at 1183–84.

Next, Rimini Street never "exceeded [its] authorized access" under the CFAA. While Oracle argues Rimini Street breached contractual provisions governing the use of its support website (Amended Complaint, para. 57), the CFAA was not intended to criminalize breach of contract. Addressing this very issue in *United States v. Drew*, the court stated:

> Treating a violation of a website's terms of service, without more, to be sufficient to constitute 'intentionally access[ing] a computer without authorization or exceed[ing] authorized access' would result in transforming section 1030(a)(2)(C) into an overwhelmingly overbroad enactment that would convert a multitude of otherwise innocent Internet users into misdemeanant criminals.

*Drew*, 259 F.R.D. at 466. As the *Drew* Court recognized, "if any conscious breach of a website's terms of service is held to be sufficient by itself to constitute intentionally accessing a computer

without authorization or in excess of authorization, the result will be that section 1030(a)(2)(C) becomes a law 'that affords too much discretion to the police and too little notice to citizens who wish to use the [Internet].'" *Id.* at 467; *see Southwest Airlines Co. v. BoardFirst, L.L.C.*, 2007 WL 4823761 *13 (N.D. Tex. 2007)(noting the criticism the overbroad interpretations of "without authorization" and "exceeded authorized access" have received); *see, also, Lockheed Martin Corp. v. Speed*, 2006 WL 2683058, at *7 (M.D. Fl. Aug. 1, 2006) ("To the extent 'without authorization' or 'exceeds authorized access' can be considered ambiguous terms, the rule of lenity, a rule of statutory construction for criminal statutes, requires a restrained, narrow interpretation."). As explained by this authority, Oracle's allegation that Rimini Street "violated the terms of the . . . website Terms of Use" is insufficient, as a matter of law, to establish that Rimini Street accessed Oracle's computer "without authorization" or by "exceeding authorized access." Therefore, Oracle has failed to state a viable claim for relief under the CFAA, and Oracle's Second Claim for Relief should be dismissed.

**C. Oracle Has Failed to State a Claim Under California's Penal Code and Under Nevada Rev. Stat. 205.4765.**

As its Third Claim for Relief, Oracle alleges Rimini Street violated four sections of the California Computer Data Access and Fraud Act, namely California Penal Code §§502 (c)(2)-(3) & (6)-(7). Amended Complaint, paras. 91–99. Pleading in the alternative, Oracle's Fourth Claim for Relief alleges Rimini Street violated Nevada Rev. Stat. 205.4765. Amended Complaint, paras. 100-109. These statutes, like the CFAA, are computer hacking statutes. *See, e.g., People v. Gentry*, 285 Ca. Rptr. 591 fn. 8 (Cal. App. 1991)("One of the legislative purposes of Penal Code section 502 was 'to deter and punish . . . browsers and hackers—outsiders who break into a computer system to obtain or alter the information contained there'"). Even viewed in the light most favorable to Oracle, Oracle's pleadings fail to state a claim for violations of California's Penal Code §502 or Nevada Rev. Stat. 205.4765.

California Penal Code §502 is similar to the CFAA and was intended to prohibit the "unauthorized access" of computer data and systems. Cal. Penal Code § 502(a) ("It is the intent of the Legislature in enacting this section to expand the degree of protection afforded to individuals,

businesses, and governmental agencies from tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems."); *see also, Hanger Prosthetics & Orthotics v. Capstone Ortho.*, 556 F. Supp. 2d 1122 (E.D. Cal. 2008)("California Penal Code section 502 . . . has similar elements to § 1030."). To violate § 502(c)(2),(3),(6)&(7), defendants must act without permission. *See* Cal. Pen. Code §502 (c)(2), (3), (6) & (7). Likewise, Nevada Rev. Stat. 205.4765 states that a person that uses a computer "knowingly, willfully and without authorization" is guilty of a misdemeanor. Nevada Rev. Stat. 205.4765 (emphasis added). Oracle's state law claims fail for the same reasons as its CFAA claims.

In particular, Oracle cannot establish that Rimini Street acted "without authorization" or "without permission." As previously mentioned, Oracle acknowledges that it granted Rimini Street access to its support websites and even granted log-in credentials to "users whose log-in name ended with '@riministreet.com.'" Amended Complaint, para. 40. Further, Oracle cannot rely on the alleged violations of its support websites' terms-of-use to support a recovery under these state criminal statutes. *See generally Drew*, 259 F.R.D. at 464 (explaining that basing a criminal violation upon a violation of a website's terms of service runs afoul of the void-for-vagueness doctrine). Because Oracle's allegation that Rimini Street "violated the terms of the . . . website Terms of Use" is insufficient, as a matter of law, to establish that Rimini Street accessed Oracle's computer "without authorization" or "without permission," Oracle has failed to plead a legally cognizable basis for recovery for its Third and Fourth Claims for Relief, and these claims should be dismissed.

**D. Oracle Has Failed to State a Claim for Inducing Breach of Contract.**

As its Sixth Claim for Relief, Oracle alleges Rimini Street induced Oracle's customers to breach contracts with Oracle. Amended Complaint, paras. 115–120. If Rimini Street accurately understands Oracle's allegations, Oracle claims Rimini Street induced some unidentified Oracle customers to breach Oracle's Terms of Use by itself (Rimini Street) breaching these Terms of Use when acting as an agent on those customers' behalf. Amended Complaint, paras. 116 and 118. Oracle's Sixth Claim for Relief fails as a matter of law.

/ / /

Put simply, Oracle's allegations do not state a sound legal theory. Oracle asserts that the alleged breach of contract occurred when Rimini Street, acting on its customers' behalf, "accessed or downloaded Software and Support Materials from Oracle's customer support websites" in violation of "Oracle America's licenses and/or Terms of Use on Oracle's customer support websites." Amended Complaint, paras. 116; *see id.* at para. 118. It is well settled, however, that "corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract." *Mintz v. Blue Cross of Ca.*, 92 Cal. Rptr. 3d 422, 429 (Cal. Ct. App. 2009) (quoting *Shoemaker v. Myers*, 801 P.2d 1054, 1069 (Cal. 1990)); *Blanck v. Hager*, 360 F. Supp. 2d 1137, 1154 (D. Nev. 2005) ("agents acting within the scope of their employment, i.e. the principal's interest, do not constitute intervening third parties, and therefore cannot tortiously interfere with a contract to which the principal is a party"). As is the case here, "any alleged misconduct [by the agent] could amount only to a breach of contract," not inducement of the breach. *Id.* at 1155. Therefore, the alleged misconduct by Rimini Street, while acting on behalf of its customers, could theoretically constitute a breach of the underlying contract, but cannot constitute inducement of the very same breach. Oracle's Sixth Claim for Relief does not present a viable legal theory and should be dismissed.

**E. Oracle Has Failed to State a Claim for Intentional Interference With Prospective Economic Advantage.**

Oracle's Seventh Claim for Relief alleges intentional interference with prospective economic advantage. Amended Complaint, paras. 121–130. To state a claim for intentional interference with prospective economic advantage, a plaintiff must assert (1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct. *Wichinsky v. Mosa*, 847 P.2d 727, 729–30 (Nev. 1993). Again, Oracle has made only conclusory statements in its attempts to meet these elements.

/ / /

For example, in support of the first element—the existence of a prospective contractual relationship between Oracle and a third party—Oracle states that "Oracle America and OIC have and had an expectancy in continuing and advantageous economic relationships with current and prospective purchasers and licensees of Oracle's support services and software." Amended Complaint, para. 122.  This vague and generic assertion as to the existence of a business relationship is insufficient under *Twombly* and *Iqbal*:

> [N]o prospective business relationship is identified other than by the generic assertion that "current and prospective customers" were "dissuaded" from purchasing or licensing Koperwhats' software. Koperwhats' conclusory allegation of a relationship, without identifying such relationship, is insufficient under Rule 8 to allow an opposing party to meaningfully respond. *See Iqbal*, 129 S.Ct. at 1950 (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")

*Kema, Inc. v. Koperwhats*, No. C-09-1587 MMC, 2010 WL 726640, at *8 (N.D. Cal. Mar. 1, 2010); *see also RSI Corp. v. International Business Machines Corp.*, No. C-08-3414 RMW , 2010 WL 726032, at *4 (N.D. Cal. Feb. 26, 2010) ("In this case, RSI fails to state a claim. RSI does not clearly and specifically plead the business relationship it had with any third party.").  While Rimini Street pointed out this very deficiency in its motion to dismiss Oracle's Original Complaint (Doc. No. 29 at 16), Oracle did not make any attempt to remedy this issue in its Amended Complaint.  Given this failure, it must be assumed that Oracle cannot make the factual allegations necessary to support its pleadings, and, thus, its claim for intentional interference with prospective economic advantage should be dismissed.

### F. Oracle Has Failed to State a Claim for Negligent Interference with Prospective Economic Advantage.

Oracle's Eighth Claim for Relief alleges negligent interference with prospective economic advantage.  Amended Complaint, paras. 131–139.  Oracle's Eighth Claim is all but a carbon copy of its claim for intentional interference with prospective economic advantage.  It contains the same deficiencies and should similarly be dismissed.

/ / /

**G. Oracle Has Failed to State a Claim for Unfair Competition.**

As its Ninth Claim for Relief, Oracle alleges unlawful competition as defined by California Bus. & Prof. Code §§17200*, et seq*. Amended Complaint, paras. 140–153. To state a cause of action for unfair competition under Cal. Bus. & Prof. Code §17200, a plaintiff must allege either: (1) an unlawful act; (2) an unfair act; (3) a fraudulent act; or (4) false advertising. *VP Racing Fuels, Inc. v. General Petroleum Corp.*, No. 09-cv-02067, 2009 WL 4282124, at *11 (E.D. Cal. Nov. 25, 2009). Here, Oracle bases its claims solely on alleged "unlawful acts" by Rimini Street. *See* Amended Complaint, paras. 140–153. Oracle, however, has failed to sufficiently allege any such unlawful acts, and, thus, its unfair competition claim should be dismissed.

For an act to be "unlawful," it must be "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulation, or court-made." *Saunders v. Superior Court*, 33 Cal. Rptr. 2d 438, 441 (Cal. Ct. App. 1994). But Oracle summarily submits a laundry list of supposed violations without any attempt to support the claims. For example, in addition to the hacking claims Oracle has insufficiently pled (as outlined above), Oracle asserts that Rimini Street has violated RICO, committed wire fraud, and committed "fraud and related activity in connection with an access device." Amended Complaint, para. 144. In an attempt to fix its pleading in the Amended Complaint, Oracle adds paragraphs 145-148 to purportedly identify unlawful acts under various sections of the United States Code. But, these conclusory statements are facially deficient to state a claim for unlawful conduct.

For example, Oracle alleges Defendants violated RICO, stating that "Defendants conducted their enterprise by engaging in a pattern of massive, unauthorized downloading of Oracle's Software and Support Materials, constituting racketeering activity, including wire fraud as described above, in violation of 18 U.S.C. § 1962." Amended Complaint, paras. 146. This conclusory statement falls far short of the standard for pleading a RICO violation in the Ninth Circuit. The Ninth Circuit has recognized that the heightened pleading standards applicable to fraud claims under Rule 9(b) apply to a RICO action alleging predicate acts of fraud. *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,* 940 F.2d 397, 405 (9th Cir.1991). According to the Ninth Circuit, "the pleader must state the

time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986). Here, Oracle fails to even identify the sub-section of 18 U.S.C. § 1962 Rimini Street is alleged to have violated, let alone the specific factual allegations underlying the alleged fraud. Oracle's allegations of wire fraud and fraud related to an access device are utterly deficient for precisely the same reason. Oracle's conclusory allegations of unlawful conduct are insufficient, and its Ninth Claim for Relief should be dismissed.

**H. Oracle Has Failed to State a Claim for Trespass To Chattels.**

For its Tenth Claim for Relief, Oracle attempts to claim trespass to chattels. Amended Complaint, paras. 154 – 159. Oracle incorporates approximately 120 paragraphs by reference, then simply states that "Defendants intentionally interfered with Oracle America's use or possession of both Oracle's customer support websites and Oracle's related internal databases and systems." Amended Complaint, paras. 154 and 156. This utterly fails to provide Rimini Street notice of what alleged facts Oracle believes support its claim.

Further, trespass to chattels requires physical harm to the chattel or deprivation of the use of the chattel for a substantial time, not merely interference with "use or possession" as Oracle's Amended Complaint alleges. *See Intel v. Hamidi*, 71 P.3d 296, 306 (Cal. 2003). As the Supreme Court of California explained:

> Short of dispossession, personal injury, or physical damage (not present here), intermeddling is actionable only if "the chattel is impaired as to its condition, quality, or value, or . . . the possessor is deprived of the use of the chattel for a substantial time." In particular, an actionable deprivation of use "must be for a time so substantial that it is possible to estimate the loss caused thereby. A mere momentary or theoretical deprivation of use is not sufficient unless there is a dispossession . . . .

*Id.* (internal citations omitted). Here, Oracle has failed to set forth any factual allegations identifying actual physical impairment or harm to its customer support websites or its related internal databases and systems. Further, Oracle's Amended Complaint alleges only that Rimini Street's activities

caused Oracle's servers to "freeze, disrupt[ed] their operation and imped[ed]" downloads (Amended Complaint, para 6.), and Oracle has not and cannot allege that Rimini Street's activities deprived Oracle "of the use of the chattel for a substantial time." *See id.* Therefore, Oracle's assertion that Defendants interfered with the "use or possession" of its customer support websites is insufficient to state a claim for trespass to chattels, and Oracle's Tenth Claim for Relief should be dismissed.

**I. Oracle Has Failed to State a Claim for Unjust Enrichment.**

For its Eleventh Claim for Relief, Oracle alleges Rimini Street unjustly received benefits at the expense of Oracle. Amended Complaint, paras. 160-162. Here again, Oracle's claim fails because Oracle's attempt to plead this cause of action does not provide anything more than a recitation of legal conclusions. For example, Oracle asserts that "Defendants unjustly received benefits at the expense of" Oracle. *Id.* at para. 161. Addressing similar allegations of unjust enrichment, one court explained:

> To the extent that California law permits a plaintiff to seek restitution, plaintiff fails to adequately explain the theory on which his unjust enrichment claim is based. This claim merely incorporates the other facts of the FAC by reference and makes a conclusory allegation that defendants have been "unjustly enriched" by "retaining profits, income and ill-gotten gains at the expense of plaintiff who acted in detrimental reliance upon the defendants' false assurances, representations and promises" with respect to "facts, terms and conditions as above stated to defraud Plaintiff." This allegation is insufficient to state the basis upon which plaintiff seeks restitution, beyond a "bare averment that he wants relief and is entitled to it." *See Twombly*, 550 U.S. at 556 n. 3.

*Rosal v. First Federal Bank*, 671 F. Supp.2d 1111, 1133 (N.D. Cal. 2009). As was the case in *Rosal,* Oracle's conclusory allegation that Defendants have "unjustly received benefits" are insufficient to state a claim under *Twombly* for unjust enrichment.

In addition, Oracle's claim for unjust enrichment is legally untenable in light of Oracle's breach of contract and tort claims. "A plaintiff cannot survive a motion to dismiss an 'unjust enrichment' cause of action if the complaint also alleges tort claims and claims based on the existence of a valid, express contract between the parties." *GA Escrow, LLC v. Autonomy Corp. PLC*, No. C 08-01784, 2008 WL 4848036, at *6 (N.D. Cal. Nov. 07, 2008) (citing *Paracor Finance,*

*Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996); *Goodwin v. Executive Trustee Services*, *LLC*, No. 09-CV-306, 2010 WL 234786, at *8 (D. Nev. Jan. 08, 2010). ("The doctrine of unjust enrichment thus only 'applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for].'")(internal citations omitted). By asserting "tort claims and claims based on the existence of a valid, express contract" between the parties, Oracle's unjust enrichment claim "cannot survive a motion to dismiss." *GA Escrow, LLC*, 2008 WL 4848036, at *6.

**J. Oracle Has Failed to State a Claim for Unfair Practices.**

For its Twelfth Claim for Relief, Oracle asserts a claim for unfair practices under Cal. Bus. & Prof. Code §§17000, *et seq*. Amended Complaint, paras. 163–166. While the purpose of this statute "is to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition" (Cal. Bus. & Prof. Code §§17001), Oracle attempts to use the statute to further its already dominant market share. Given the disconnect between Oracle's factual allegations and the express purpose of Cal. Bus. & Prof. Code §§17000, *et seq*, it is not surprising that Oracle cannot set forth a claim for "unfair practices" with the specificity required by *Twombly*. Indeed, Oracle does not even bother to cite a specific statutory provision, let alone identify specific acts it contends are "unfair."

Oracle makes generic allegations such as "Defendants have caused damage through their use of unfair practices, including . . . Selling articles or products at less than the cost." Amended Complaint, para. 164. Oracle further alleges that defendants are committing unfair practices by "Selling articles or products as a loss leader." Amended Complaint, para. 164. These generic allegations are insufficient even to provide a starting point from which Rimini Street could determine the accusations against it. Such claims cannot survive a motion to dismiss. *Fortaleza v. PNC Financial Services Group, Inc.*, 642 F. Supp. 2d 1012, 1025 (N.D. Cal. 2009) ("[P]laintiff's generic claim of 'unfair business practices,' without identifying any specific statutory provision pursuant to which such a claim is being made, and without identifying the nature of any allegedly

unfair practices with any degree of specificity or factual support, cannot survive defendants' motion."); *Khoury v. Maly's of Cal.* 17 Cal. Rptr. 2d 708 (Cal. Ct. App. 1993) ("Demurrer was properly sustained as to this cause of action because the second amended complaint identifies no particular section of the statutory scheme which was violated and fails to describe with any reasonable particularity the facts supporting violation."); *G.H.I.I. v. MTS* 195 Cal. Rptr. 211, 223 (Cal. Ct. App. 1983) ("Thus, to satisfy the pleading requirements of section 17043, the plaintiff must allege defendant's sales price, its cost in the product and its cost of doing business."). Oracle's Twelfth Claim alleging unfair practices should be dismissed.

**K. Oracle Has Failed to State a Claim for an Accounting.**

Finally, Oracle's Complaint brings an independent claim for an accounting of the money allegedly obtained by Rimini Street "through their wrongful and unlawful conduct." Amended Complaint, para. 170. Oracle's claim for an accounting is simply misplaced.

An independent accounting claim is used to determine what amount is owed to a plaintiff when a business relationship exists between the plaintiff and the defendant. Normally, an accounting is not an independent cause of action. *Batt v. City & County of S.F.*, 65 Cal. Rptr. 3d 716, 728 (Cal. Ct. App. 2007); 1A C.J.S. Accounting § 6 (2009). In the rare cases in which an accounting may be a separate cause of action, a relationship between the plaintiff and the defendant is prerequisite. *Rondberg v. McCoy*, No. 09-CV-1672, 2009 WL 5184053, at *4 (S.D. Cal. Dec. 21, 2009) ("A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting.")(citing *Teselle v. McLoughlin*, 92 Cal. Rptr. 3d 696, 715 (Cal. Ct. App. 2009).

Oracle cannot allege any relationship between Oracle and Rimini Street that requires an accounting, and its claim fails for this reason alone. Yet, even if there were a business relationship, Oracle does not put forth any facts to support the idea that an accounting is necessary. An accounting may be necessary, for example, if a percentage of profits is owed due to contract, but the amount is indeterminable. *Rondberg*, 2009 WL 5184053, at *4. By comparison, Oracle makes

vague and conclusory assertions that "The amount of money due from Defendants to Oracle America and OIC is unknown to Oracle America and OIC, and cannot be ascertained without an accounting." Amended Complaint, para. 170. Put simply, this is not the rare situation where an independent accounting claim is appropriate. Oracle's claim for an accounting is misplaced, and should be dismissed under *Twombly*.

## III. CONCLUSION

Oracle's Second through Fourth and Sixth though Thirteenth Claims for Relief claims are without merit, are insufficiently pled, and should be dismissed.

DATED this 6th day of May, 2010.

**GREENBERG TRAURIG, LLP**

/s/ Leslie Godfrey

Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Attorneys for Defendants
*Rimini Street, Inc. and Seth Ravin*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of May, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: /s/Charity Barber
An employee of Greenberg Traurig, LLP