| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568) | SHOOK, HARDY & BACON LLP<br>B. Trent Webb, Esq. *(pro hac vice)* |
| 2 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 | Eric Buresh, Esq. *(pro hac vice)*<br>2555 Grand Boulevard |
| 3 | Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755 | Kansas City, Missouri 64108-2613<br>Telephone: (816) 474-6550 |
| 4 | rpocker@bsfllp.com | Facsimile: (816) 421-5547<br>bwebb@shb.com |
| 5 | BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN *(pro hac vice)* | eburesh@shb.com |
| 6 | FRED NORTON *(pro hac vice)*<br>KIERAN P. RINGGENBERG *(pro hac vice)* | Robert H. Reckers, Esq. *(pro hac vice)*<br>600 Travis Street, Suite 1600 |
| 7 | 1999 Harrison Street, Suite 900<br>Oakland, CA 94612 | Houston, Texas 77002<br>Telephone: (713) 227-8008 |
| 8 | Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460 | Facsimile: (731) 227-9508<br>rreckers@shb.com |
| 9 | sholtzman@bsfllp.com<br>fnorton@bsfllp.com | Attorneys for Defendants Rimini Street, Inc., |
| 10 | kringgenberg@bsfllp.com | and Seth Ravin |
| 11 | Attorneys for Plaintiffs Oracle USA, Inc.,<br>Oracle America, Inc., and Oracle International | |
| 12 | Corp. | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, Inc., a Colorado corporation;<br>ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>    Plaintiffs,<br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>    Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**STIPULATED DISCOVERY PLAN & PROPOSED SCHEDULING ORDER PURSUANT TO FED. Rs. CIV. P. 26(f) & 16(B); AND D. NEV. L.R. 26-1**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

1    The named plaintiffs (collectively, "Oracle") and the named defendants (collectively,
2  "Rimini") (all parties collectively, "Parties," any party, "Party") have met and conferred pursuant
3  to Federal Rules of Civil Procedure 26(f) and 16(b), and D. Nev. Local Rule 26-1, and propose
4  the following discovery plan and proposed scheduling order.  All proposals are joint, except
5  where indicated.

6  **1.    Statement of Reasons Supporting Deviation From Local Rule 26-1(e)**

7    Local Rule 26-1(d) provides that the parties shall submit a statement of reasons why
8  longer or different time periods should apply to the case if proposing any deviations from Local
9  Rule 26-1(e).  The Parties' proposals, below, set a schedule that is different in some respects
10  from the provisions of Local Rule 26-1(e).  The Parties believe this proposal is appropriate
11  because this case will likely be complex and will require substantial fact and expert discovery.
12  The Parties do not, however, agree on the amount of discovery that should be permitted, or the
13  time necessary to complete discovery – in short, Oracle believes that the case will require more
14  discovery and more time than Rimini does.

15    **Plaintiffs' Statement of Reasons for Deviation From Local Rule 26-1(e)**

16    Rimini holds itself out as a competitor to Oracle in providing software support services to
17  companies that license certain Oracle enterprise software applications.  In its Amended
18  Complaint, Oracle contends that Rimini's business is built on systematic theft of Oracle's
19  intellectual property, including illegal downloading of Oracle's copyrighted software and support
20  materials, such as software applications and environments, updates, bug fixes, and
21  documentation.  Oracle contends that Rimini typically logs on to Oracle's password-protected
22  technical support websites using a customer credential, then downloads Oracle material in excess
23  of the customer's authorization under its license agreement, and Rimini has admitted to
24  downloading "tens of thousand files for a single customer."  Oracle asserts that Rimini also
25  acquires copies of Rimini's customers' licensed Oracle enterprise applications software and
26  makes illegal copies of this software.  Oracle claims that Rimini then uses those copies in various
27  illegal ways to offer artificially low-cost support services and to induce Oracle's customers to
28  cancel their support contracts with Oracle in favor of Rimini.

Based on those allegations, Oracle has asserted thirteen claims against Rimini: (1) copyright infringement; (2) violations of the Federal Computer Fraud & Abuse Act; (3) violations of the California Computer Data Access & Fraud Act; (4) violations of Nev. Rev. St. 205.4765 (pled in the alternative); (5) breach of contract; (6) inducing breach of contract; (7) intentional interference with prospective economic advantage; (8) negligent interference with prospective economic advantage; (9) unfair competition; (10) trespass to chattels; (11) unjust enrichment / restitution; (12) unfair business practices; and (13) an accounting.

Rimini responded to that Amended Complaint on May 6, 2010 by answering the claims of copyright infringement and breach of contract and moving to dismiss Oracle's other claims. Rimini has also filed three counterclaims against Oracle, for defamation, copyright misuse, and violations of California's Unfair Competition Law. Oracle filed a motion to dismiss those counterclaims on May 7, 2010. Thus, this case involves numerous claims, the pleadings are not yet settled, and they may not be settled in the near future.

Putting aside the issue of settling the pleadings in this case, this case will require extensive fact and expert discovery, including extensive discovery of complex data, software code, software development, and computer processes. Oracle's recent experience litigating nearly identical claims against SAP AG and defendant Seth Ravin's prior company, TomorrowNow, Inc., demonstrates that the discovery required in this case will be very substantial, and cannot be accomplished within the time frame or limits contemplated by Local Rule 26-1(e). Oracle's experience is that it is time-consuming to identify, retrieve, and produce the technical data concerning downloading, copying, and development of software. It is still more time consuming to take the discovery necessary for an adverse party to understand that technical data and for its experts to complete their analyses of it. These tasks cannot be accomplished efficiently within the time frame proposed by Rimini nor with the number of depositions and interrogatories Rimini proposes.

In March 2007, Oracle filed a lawsuit against SAP AG and TomorrowNow, Inc. alleging that TomorrowNow, Inc. – and SAP once it acquired TomorrowNow – accessed Oracle's customer support websites in violation of the terms of use and license agreements, downloaded

copyrighted works to which they were not entitled, and distributed illegal copies and derivative works to their own support customers. *Oracle, Inc. et al. v. SAP AG, et al.*, Civil Action No. 07-CV-1658 (N.D. Cal.) ("SAP/TomorrowNow Lawsuit"). Oracle's complaint against Rimini Street alleges that Rimini Street and TomorrowNow exploited the same unlawful business model based on comparable if not identical methods of systematic copyright violations.

The SAP/TomorrowNow Lawsuit is set for trial in November 2010, more than three and a half years after the original filing. The Court twice granted stipulated extensions to both the discovery schedule and the amount of discovery in the SAP/TomorrowNow Lawsuit in light of the scope of the claims and the complexity and volume of the underlying discovery. Fact discovery lasted from July 26, 2007 until December 4, 2009, with six months of expert discovery thereafter. In the course of that lawsuit, Oracle has produced over 382 gigabytes of documents and data, corresponding to approximately 776,263 pages. This does not include expert and software productions estimated to be over a terabyte and another 400 gigabytes to a terabyte of data, respectively. Oracle's employees have appeared for over 225 hours of deposition. Oracle has responded to 127 interrogatories, 127 requests for production, and 915 requests for admissions. In addition to what Oracle itself has produced, the defendants in the SAP/TomorrowNow Lawsuit have produced over a terabyte of traditional documents and data, corresponding to approximately 11,256,983 pages. The SAP/TomorrowNow defendants also produced over ten terabytes (14 million files) of enterprise software environments and downloads of Oracle software and support materials, consisting of the proprietary software code that those defendants stole from Oracle – a time-consuming and complicated production, which takes a significant amount of time to analyze. Oracle has taken 450 hours of deposition and propounded 124 interrogatories, 147 requests for production, and 1285 requests for admissions. Oracle designated six testifying experts; defendants in the SAP/TomorrowNow Lawsuit designated eight.

It bears emphasis that discovery in the SAP/TomorrowNow Lawsuit was closely supervised and limited by the court. Rimini argues that discovery in that case was "over the top," and tries to find support in an order from Magistrate Judge Laporte. In fact, however, that

1  order *denied* requested discovery to prevent discovery from *becoming* "onerous and prohibitively
2  expensive."  *Oracle Corp. v. SAP AG*, C-07-01658 PJH (EDL), 2008 U.S. Dist. LEXIS 88319,
3  *7 (N.D. Cal. July 3, 2008).  The extensive discovery in the SAP/TomorrowNow Lawsuit
4  described above was what the court determined to be appropriate.

5  The following chart illustrates the differences between Oracle's actual experience in the
6  SAP/TomorrowNow Lawsuit, the more limited schedule and scope of discovery that Oracle
7  proposes here, and the still narrower schedule and scope of discovery that Rimini proposes here.

| Discovery per side | SAP/TomorrowNow Lawsuit | Oracle Proposal in this case | Rimini Proposal in this case |
|---|---|---|---|
| Deposition hours (fact witnesses) | 450 | 200 | 165 |
| Interrogatories | 127 | 75 | 50 |
| Requests for Admission | 1,285 | 100 | 100 |
| Requests for Production | 147 | No limit | No limit |
| Time for Fact Discovery | 28 months | 15 months | 12 months |
| Time for Expert Discovery | 6 months | 6 months | 3 months |

Rimini apparently recognizes that the scope of discovery in this case must be as extensive as that of the SAP/TomorrowNow Lawsuit, as it has asked for deposition transcripts, written discovery, and expert reports in the SAP/TomorrowNow Lawsuit.[1]  Rimini has also served 95 other document requests on Oracle, the vast majority of which seek "all documents relating to" broad subjects.[2]

Given the relationship between the conduct alleged in the SAP/TomorrowNow Lawsuit

---

[1] Rimini's request seeks "Pleadings, deposition transcripts, hearing transcripts, orders, settlement documents, written discovery, expert reports, declarations, and any supporting papers from the litigation captioned *Oracle USA, Inc., et al. v. SAP AG., et al.*, Civil Action No. 07-CV-1658 (Northern District of California)."

[2] As one example, Rimini has requested "All documents relating to any analysis of the market for third party software maintenance and support services for Oracle's PeopleSoft, J.D. Edwards, and Siebel families of software products, including, without limitation, any Oracle analysis of the market for maintenance and support services, the potential market for maintenance and support services, the demand for such services, and any competitive analysis of past or existing third party support vendors from January 1, 2004 to the present."

1   and this lawsuit, as well as the close relationship between the defendants in these two lawsuits,
2   Oracle expects that some of this past discovery will be useful to the present litigation. However,
3   much of the conduct at issue in Oracle's Amended Complaint post-dates the document
4   collections and the close of fact discovery in the SAP/TomorrowNow Lawsuit. Moreover,
5   different downloads, products, services, and customers are at issue as well. Among other
6   matters, in this case Oracle will need to take new discovery concerning Rimini's access to
7   Oracle's intellectual property through Oracle's website and other means, Rimini's copying of
8   Oracle's intellectual property, what safeguards Rimini has to prevent the misuse of Oracle's
9   intellectual property, Rimini's communications with customers and other third parties, Rimini's
10  development of updates, patches, fixes, and other software and support materials for Oracle
11  support customers, and Rimini's financial projections, revenues, and costs. Further, Rimini has
12  asserted affirmative defenses and counterclaims that the defendants in the SAP/TomorrowNow
13  Lawsuit did not assert. For all of these reasons, the discovery in the SAP/TomorrowNow
14  Lawsuit is a benchmark, not a substitute, for the discovery that will be required here.
15          Unfortunately, experience in the SAP/TomorrowNow Lawsuit belies Defendants' claims
16  that discovery in this case can be wrapped up quickly. In the SAP/TomorrowNow Lawsuit,
17  Oracle served Rule 45 subpoenas on Mr. Ravin in February 2009 and on Rimini Street in May
18  2009. Both resisted discovery, and Oracle filed a motion to compel in this Court. That motion
19  to compel was granted by Magistrate Judge Foley on October 13, 2009; Mr. Ravin and Rimini
20  Street sought reconsideration, which Judge Dawson denied on November 25, 2009. Mr. Ravin
21  and Rimini Street stipulated to a finding of contempt rather than comply with the order, and filed
22  an appeal to the United States Court of Appeals for the Ninth Circuit on January 21, 2010. Mr.
23  Ravin and Rimini Street then voluntarily dismissed that appeal on March 25, 2010; and Mr.
24  Ravin and Rimini Street agreed that they would comply with Magistrate Judge Foley's October
25  2009 order by producing Mr. Ravin for two hours of deposition on July 21, 2010. In short, the
26  judicial process leading to Mr. Ravin's two-hour deposition took 17 months, which is five
27  months longer than what Rimini proposes for the entirety of fact discovery in this case.
28          Accordingly, as set out in greater detail below, Oracle proposes a fact discovery period of

1  fifteen months, followed by six months of expert discovery.  Oracle proposes that fact
2  depositions be limited to 200 hours per side, interrogatories be limited to 75 per side, and
3  requests for admissions be limited to 100 per side.  In every respect, discovery under this
4  proposal is significantly narrower than that in the SAP/TomorrowNow Lawsuit.
5       Rimini Street's suggestion that Oracle's proposal represents a "scorched earth" tactic is
6  belied by the relatively narrow gap between the Parties' proposals.  As to the extent of discovery,
7  Oracle is only suggesting 35 more hours of deposition and 25 more interrogatories than what
8  Rimini proposes.  Those depositions and interrogatories are necessary, as described above, due to
9  the complexity of the technical issues in this case.  Moreover, Rimini's proposal to
10 compartmentalize deposition time arbitrarily into 15 individual depositions, 15 hours of 30(b)(6)
11 depositions, and 45 hours of third party depositions would deny the parties the flexibility to use
12 deposition time in whatever way would be most efficient.
13      Oracle also proposes three months more than Rimini Street to complete fact discovery,
14 which would reduce total costs by facilitating a more orderly process.  Rushing to squeeze the
15 same amount of discovery into a shorter period risks inefficiency, waste, and expense.  There is
16 nothing to be gained by haste, particularly if a short schedule leaves the parties likely back
17 before the Court requesting an extension.
18      Likewise, Oracle proposes three months more than Rimini Street to conduct expert
19 discovery.  Oracle's experience in the SAP/TomorrowNow Lawsuit teaches that expert analysis
20 of complex data such as log files, computer code, and software development processes is time-
21 intensive.  There additional months to complete that same work would not place any greater
22 burden on the parties.
23 **Defendants' Statement of Reasons for Deviation From Local Rule 26-1(e)**
24      While Oracle attempts to justify its discovery proposals by referencing the over-the-top
25 discovery in the SAP/TomorrowNow Lawsuit, that case involved two giant software companies,
26 not a start-up company such as Rimini Street.  Though Rimini Street has proposed a schedule
27 and discovery scope far beyond normal, Oracle wants even more.  Oracle's request is designed to
28 promote a scorched earth approach to this litigation -- an approach that leverages its superior size

1   and resources. Indeed, Oracle has over 100,000 employees, while Rimini Street has
2   approximately 160 employees. Given the vastly different resources of the parties, it is important
3   that this case be determined on the *merits*, not by the ability of Oracle to use the *process* to bury
4   Rimini Street. To that end, the Court's control over this litigation at this early stage is critical.

5   Both Parties agree this case will require substantial fact and expert discovery, but
6   Oracle's discovery proposals do not provide sufficient limitations on discovery, leaving the door
7   open for discovery abuses such as those that have plagued the SAP/TomorrowNow Lawsuit.
8   Commenting on the manner in which the parties conducted discovery in that case, the
9   SAP/TomorrowNow Court warned against engaging in "exorbitantly costly litigation where the
10  process of discovery becomes so onerous and prohibitively expensive that it no longer facilitates
11  resolution on the merits as a means to an end, but dominates and derails the litigation process."
12  *Oracle Corp. v. SAP AG*, C-07-01658 PJH (EDL), 2008 U.S. Dist. LEXIS 88319, *7 (N.D. Cal.
13  July 3, 2008) (rejecting Oracle's request in the SAP/TomorrowNow litigation for "discovery of
14  165 custodians . . . [which] would cost the staggering sum of $16.5 million – on top of other
15  discovery costs from searches of centralized repositories and targeted searches, not to mention
16  lay and expert depositions and interrogatories."). Seeking to avoid a repeat of such "onerous and
17  prohibitively expensive" discovery in this case, Rimini Street's discovery proposals, while
18  permitting discovery that far exceeds that of a typical case, are aimed at preventing unnecessarily
19  burdensome or prolonged litigation. While Oracle may profess every intent to manage this
20  litigation efficiently, the SAP/TomorrowNow litigation tells a different story. A review of
21  Oracle's discovery chart (above – demonstrating 450 hours of depositions, 127 interrogatories,
22  etc.) is telling. The Court, here, must place reasonable limits on both the duration of this case,
23  and the amount of discovery available to the parties.

24  Specifically, Rimini Street proposes a fact discovery period of twelve months, followed
25  by three months of expert discovery. Such a timeframe for discovery is *over nine months longer*
26  than a typical case contemplated by the Local Rules. Oracle simply should not need more than a
27  year to explore its claims in this case. Extending discovery for more than a year at best promotes
28  inefficiency and, at worst, opens the door to a strategy of attrition. Rimini Street further

1    proposes that interrogatories be limited to 50 per side. Rimini Street's proposal *doubles* the
2    typical number of interrogatories that a party may propound. Finally, Rimini Street proposes up
3    to 165 hours of deposition testimony, segmented as follows: 15 personal depositions (limited to 7
4    hours or as the parties otherwise agree); 15 hours of Rule 30(b)(6) corporation testimony; and 45
5    hours of third party deposition time, all excluding expert deposition time. Here again, Rimini
6    Street's proposal far surpasses the number of depositions permitted in a typical case.
7    Furthermore, Rimini Street appropriately provides limitations on the number of personal
8    depositions, as well as the number of hours that may be allotted to corporation and third party
9    testimony. For example, Oracle's unfettered approach to depositions (i.e., a bare limit of 200
10   hours) is enough to allow Oracle to depose every single Rimini Street employee for an hour and
11   still have approximately 40 hours left for third party depositions. By comparison, Rimini
12   Street's proposal limits the number of depositions to 15 personal depositions of Rimini Street
13   employees, while still allowing for an additional 15 hours of corporate testimony under Rule
14   30(b)(6). Rimini Street's proposal provides at least 165 hours of deposition time, while
15   implementing reasonable controls designed to prevent abuse. In sum, Rimini Street's proffered
16   schedule and limitations are more than adequate to allow full discovery into the merits of the
17   claims in this case, while still placing a reasonable degree of control on the case.
18   **2.      Initial Disclosures Per FRCP 26(a)**
19          The Parties have agreed to exchange initial disclosures pursuant to Rule 26(a)(1) by
20   Tuesday, May 25.
21   **3.      Subjects on Which Discovery Will Be Required (FRCP 26(f)(3)(B))**
22          The Parties anticipate that fact and/or expert discovery will be required for the subject
23   matter set forth below. Neither Oracle nor Rimini, however, waives the right to object to
24   discovery requests within these subject matters on proper bases.
25          -       Rimini's knowledge of and agreement to the terms of Oracle's license agreements
26   and terms of use
27          -       Rimini's accessing of Oracle's web sites
28          -       Rimini's use of automated tools to access Oracle's web sites

1  -   Rimini's accessing and use of Oracle's copyrighted works

2  -   Rimini's copying and use of Oracle's copyrighted works

3  -   Rimini's use of automated tools to copy Oracle's copyrighted works

4  -   Rimini's processes, procedures, and policies to assure the proper use of Oracle's intellectual property and to safeguard against the improper use of those materials

-   Rimini's development of updates, patches, fixes, and other software and support materials for Oracle support customers

-   Rimini's cost of providing support, including updates, patches, fixes, other software and support materials, for Oracle support customers

-   Rimini's provisioning of updates, patches, fixes, and other software and support materials to Oracle support customers

-   the experience and qualifications of Rimini's support personnel

-   Rimini's communications with prospective and actual customers

-   Rimini's communications with Oracle

-   the identity of Rimini's Oracle support customers

-   revenues that Rimini has obtained from Oracle support customers

-   damage to Oracle's computers caused by Rimini's conduct

-   damages, including lost revenue, to Oracle caused by Rimini's conduct

-   Seth Ravin's knowledge of, and participation in, Rimini Street Inc.'s conduct as alleged by Oracle

-   public statements by Oracle employees concerning Rimini's practices and the harm caused by these statements

-   Rimini's reputation in the relevant community for lawful or unlawful practices

As discussed in the proposed schedule below, the Parties agree that fact discovery should be conducted and concluded first, followed by expert discovery.

To ensure that discovery is as efficient as possible, each Party will serve focused interrogatories and requests for production concerning matters (such as corporate organization, computer network systems and architecture, practices for safeguarding intellectual property, etc.)

1  that the Party believes will assist it narrowing and specifying the remainder of fact discovery.
2  These initial requests will be drafted with the understanding that, subject to any proper
3  objections, each Party commits to provide objections and substantive responses within 30 days of
4  the requests, and to produce responsive documents within 45 days of requests for production.
5  The Parties will then schedule and take Rule 30(b)(6) depositions related to these topics in the
6  thirty days following the initial responses.  The Parties also may serve additional discovery
7  requests at any time, and the timing of responses to those requests would not be covered by the
8  agreement described above.  On April 29, 2010, Oracle served its First Set of Interrogatories and
9  First Set of Requests for Production in furtherance of these goals.

10  The parties are discussing additional issues regarding preservation of documents and data
11  and, if the parties are unable to reach agreement, will present the issue to the Court for
12  resolution.

13  **4.  Issues About Disclosure or Discovery of Electronically Stored Information**
14  **(FRCP 26(f)(3)(C))**

15  The Parties have been discussing document preservation and production issues, and are
16  still working on resolving those issues.  In the meantime, however, the Parties have agreed that:
17  Searches for responsive documents, and productions thereof, may be prioritized by
18  particular custodians, with the party seeking production having the right to set the priority of
19  certain custodians over others.
20  Insofar as possible (or unless requested in the form produced in another legal
21  proceeding), the Parties shall produce documents in "tiff" format along with the following
22  metadata fields: (1) Beginning Bates Number, (2) Ending Bates Number (3) Beginning
23  Attachment Number, (4) Ending Attachment Number (5) Document Type, (6) Date Sent, (7)
24  Date Received (8) Date Modified, (9) Date Created, (10) Custodian, (11) Author/Sender, (12)
25  Recipient(s), (13) CC, (14) BCC, (15) Title/Subject, and (16) Filename.  Documents should be
26  represented in a Concordance load file, with page level TIFFs associated in an Opticon load file.
27  To the extent OCRed text is provided, it should be document level text.
28  Excel spreadsheets, and similar materials that require native format to be reasonably

1 usable, shall be produced in native format unless redaction issues make it infeasible to do so.

2 As noted above, Oracle contends that Defendants have unlawfully accessed Oracle's
3 websites to access and download copyrighted software and support materials, which Defendants
4 have then used to create further unauthorized copies and derivative works, some of which in turn
5 include software code that infringes Oracle's copyrighted work.  Consequently, in addition to
6 other discovery, Oracle anticipates that this case will require extensive discovery of Defendants'
7 computer systems, networks, servers, software development environments, and software
8 development processes.  The Parties, with the assistance of experts, will attempt to reach
9 agreement on appropriate measures to ensure that relevant information from Defendants'
10 computer systems are preserved and produced in a format that can be examined, tested, and
11 analyzed by the Parties' respective consulting and testifying experts.

12 **5.     Protective Order**

13 The Parties have agreed to meet and confer regarding a protective order, and to propose
14 an order to the Court by May 17, 2010, as set forth below.

15 **6.     Privilege for Trial Preparation Materials (FRCP 26(f)(3)(D))**

16 The Parties agree that for document production purposes, each producing party will have
17 45 days from the date each production is concluded to produce a privilege log.  The Parties
18 further stipulate out of the privilege-log requirements of *Burlington Northern & Santa Fe Ry. Co.*
19 *v. District Court*, 408 F.3d 1142, 1149 (9th Cir. 2005) and instead agree that:

20 Privilege logs produced within 45 days of the completion of the production of documents
21 in response to a particular request are enough to preserve privilege;

22 Privilege logs shall state, to the extent that it can be ascertained, (1) an identifying
23 number or designation (2) the length of the document; (3) the date of the document, (4) the title
24 or description of the document sufficient to justify the assertion of privilege, (5) the author(s) of
25 the document, (6) all recipients of the document (including blind copied recipients), and (7) the
26 nature of the privilege asserted.  Each Party shall furnish, with the privilege log, a list of all
27 persons identified on the log who were not employees of that Party at the time of the relevant
28 communication, with a brief description of that person's relevant role (e.g., outside counsel, staff

1  of outside counsel, etc.) sufficient to justify the assertion of privilege as to that person.

2        The parties agree that communications with outside counsel need not be logged.  The parties are discussing whether other categories of communications should be logged and, if agreement cannot be reached, may present the issue for resolution at a later date.

**7.   Limitations on Discovery**

      The Parties agree that there should be no limit on the number of requests for production of documents, and that each side shall be limited to 100 requests for admission.  The Parties expect to meet and confer to resolve questions concerning authenticity and admissibility of documents, and do not intend to use RFAs for this purpose.  The Parties have not reached agreement on limits for other areas of discovery, and their respective positions are set out below.

**Plaintiffs' Proposal**

      As noted above in paragraph 1, the discovery that Oracle proposes in this case is more limited than what was necessary in the SAP/TomorrowNow Lawsuit, but more extensive that Rimini proposes:

| Discovery per side | SAP/TomorrowNow Lawsuit | Oracle Proposal in this case | Rimini Proposal in this case |
|---|---|---|---|
| Deposition hours (fact witnesses) | 450 | 200 | 165 |
| Interrogatories | 127 | 75 | 50 |
| Requests for Admission | 1,285 | 100 | 100 |
| Requests for Production | 147 | No limit | No limit |
| Time for Fact Discovery | 28 months | 15 months | 12 months |
| Time for Expert Discovery | 6 months | 6 months | 3 months |

Depositions

      Each side may conduct 200 hours, maximum, of deposition questioning.  This will be measured as time "on the record."  This shall include each Party's questioning of fact witnesses, FRCP 30(b)(6) witnesses, and third-party witnesses, but not witnesses designated as experts.

      Oracle anticipates that it may be necessary to depose some of Rimini's software developers in their individual capacities for more than seven hours, as a result of the technical nature and specialized vocabulary of the subject matter.  The parties will meet and confer to try

1  to reach agreement for such depositions on a case by case basis.

2  Nothing in these deposition limitations shall be construed to impede a Party's right to
3  seek a protective order on terms otherwise provided for under the FRCP.

4  Any Party has right to depose any person designated as a trial witness by another Party, if
5  that person was not deposed previously.  This provision however does not constitute a waiver of
6  any Party's right to seek to exclude a witness from trial for a failure of another Party to disclose
7  the person as required under FRCP 26(a), or in response to other discovery, or as otherwise
8  required.

9  Interrogatories

10  Each side may propound up to 75 interrogatories.  Interrogatories that are withdrawn by
11  the propounding party before a substantive response is served do not count against the limit of
12  75.  Nothing in this agreement shall be construed to impede a Party's right to seek a protective
13  order on terms otherwise provided for under the FRCP.

14  **Defendants' Proposal**

15  Depositions

16  Each side may conduct 165 hours, maximum, of deposition questioning, segmented as
17  follows:  15 personal depositions (limited to 7 hours or as the parties otherwise agree); 15 hours
18  of Rule 30(b)(6) corporation testimony; and 45 hours of third party deposition time.  The hourly
19  limitations will be measured as time "on the record."  This shall include each Party's questioning
20  of fact witnesses, FRCP 30(b)(6) witnesses, and third-party witnesses, but not witnesses
21  designated as experts.  Nothing in these deposition limitations shall be construed to impede a
22  Party's right to seek a protective order on terms otherwise provided for under the FRCP.

23  Any Party has the right to depose any person designated as a trial witness by another
24  Party, if that person was not deposed previously.  This provision however does not constitute a
25  waiver of any Party's right to seek to exclude a witness from trial for a failure of another Party to
26  disclose the person as required under FRCP 26(a), or in response to other discovery, or as
27  otherwise required.

28  Interrogatories

1  Each side may propound up to 50 interrogatories. Interrogatories that are withdrawn by
2  the propounding party before a substantive response is served do not count against the limit of
3  75. Nothing in this agreement shall be construed to impede a Party's right to seek a protective
4  order on terms otherwise provided for under the FRCP.

**8.  Scheduling**

The Parties are unable to reach agreement on the schedule for the case. Our respective positions, informed by the considerations described in paragraph 1 above, are set out below.

**Plaintiffs' Proposal**

As noted above, Oracle proposes 15 months for fact discovery followed by six months of expert discovery. Given the extent of the discovery in the SAP/TomorrowNow Lawsuit, the time it took to collect, produce, and analyze that discovery, and the necessary scope of additional discovery in this case, Oracle's proposal is a reasonable one.

Accordingly, Oracle proposes that the following schedule shall govern this case. Deadlines for close of discovery refer to the last possible response date for a discovery request, not the last day on which requests may be served.

| PLAINTIFFS' PROPOSED DATE | EVENT |
|---|---|
| 5/17/2010 | File joint proposed protective order and submit any disputes. |
| 5/25/2010 | Exchange Rule 26(a) disclosures, subject to protective order having been signed by the Court. |
| 6/1/2011 | Deadline to amend pleadings and add new parties – 60 days before close of fact discovery* <br> *The Parties' stipulation to this deadline shall not waive any objections to the propriety of another Party's pleading amendments |
| 6/1/2011 | File "interim status report" per LR 26-3 – 60 days before close of fact discovery |

| PLAINTIFFS' PROPOSED DATE | EVENT |
|---|---|
| 8/1/2011 | Close of fact discovery

The first defendant made an appearance in this case on February 1, 2010; the Parties have agreed fact discovery should last approximately fifteen months, starting in late April 2010, and expert discovery should last six months, beginning in August 2011 |
| 8/1/2011 | Identify experts on issues for which a Party has the burden of proof |
| 8/15/2011 | Last day to file motions to compel related to fact discovery |
| 9/15/2011 | Experts disclosures on issues for which a Party has the burden of proof |
| 11/1/2011 | Disclosure of experts on rebuttal |
| 12/1/2011 | File "interim status report" per LR 26-3 – 60 days before close of expert discovery |
| 2/1/2012 | Close of expert discovery |
| 2/15/2012 | Last day to file motions to compel related to expert discovery |
| 3/1/2012 | Last day to file dispositive motions – 30 days after close of expert discovery |
| 30 days before start of trial | Motions in limine due; file joint pretrial order, including all requirements of FRCP 26(a)(3) and LR 16-3(c |

**Defendants' Proposal**

As noted above, Rimini Street proposes 12 months for fact discovery followed by 3 months of expert discovery. While far exceeding the schedule of a typical case, Rimini Street's proposed schedule seeks to avoid unnecessarily prolonged litigation. Accordingly, Rimini Street proposes that the following schedule shall govern this case. Deadlines for close of discovery refer to the last possible response date for a discovery request, not the last day on which requests may be served.

| DEFENDANTS' PROPOSED DATE | EVENT |
|---|---|
| 5/17/2010 | File joint proposed protective order and submit any disputes. |
| 5/25/2010 | Exchange Rule 26(a) disclosures. |
| 2/28/2011 | Deadline to amend pleadings and add new parties – 60 days before close of fact discovery |
| 4/29/2011 | Close of fact discovery |
| 5/29/2011 | Disclosure of experts on issues for which a Party has the burden of proof |
| 5/29/2011 | File "interim status report" per LR 26-3 – 60 days before close of discovery |
| 6/29/2011 | Disclosure of experts on rebuttal |
| 7/29/2011 | Close of expert discovery |
| 8/29/2011 | Last day to file dispositive motions – 30 days after close of expert discovery |
| 9/29/2011 | File joint pretrial order, including all requirements of FRCP 26(a)(3) and LR 16-3(c) |
| 30 days before the start of trial | Motions in limine due. |

SHOOK, HARDY & BACON LLP

By: /s/ Eric Buresh
    Eric Buresh, Esq.
    2555 Grand Boulevard
    Kansas City, Missouro 64108-2613
    Telephone: (816) 474-6550
    Facsimile: (816) 421-5547
    eburesh@shb.com

*Attorneys for Defendants*

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Fred Norton
    Fred Norton, Esq. (*pro hac vice*)
    1999 Harrison Street, Suite 900
    Oakland, CA 94612
    Telephone: (510) 874-1000
    Facsimile: (510) 874-1460
    fnorton@bsfllp.com

*Attorneys for Plaintiffs*