1  BOIES, SCHILLER & FLEXNER LLP
   RICHARD J. POCKER (NV Bar No. 3568)
2  300 South Fourth Street, Suite 800
   Las Vegas, NV 89101
3  Telephone: (702) 382-7300
   Facsimile: (702) 382-2755
4  rpocker@bsfllp.com

5  BOIES, SCHILLER & FLEXNER LLP
   STEVEN C. HOLTZMAN (*pro hac vice*)
6  FRED NORTON (*pro hac vice*)
   KIERAN P. RINGGENBERG (*pro hac vice*)
7  1999 Harrison Street, Suite 900
   Oakland, CA 94612
8  Telephone: (510) 874-1000
   Facsimile: (510) 874-1460
9  sholtzman@bsfllp.com
   fnorton@bsfllp.com
10 kringgenberg@bsfllp.com

11 Attorneys for Oracle USA, Inc., Oracle
   America, Inc., and Oracle International
12 Corporation

13

   BINGHAM MCCUTCHEN LLP
   GEOFFREY M. HOWARD (*pro hac vice*)
   THOMAS S. HIXSON (*pro hac vice*)
   KRISTEN A. PALUMBO (*pro hac vice*)
   Three Embarcadero Center
   San Francisco, CA  94111-4067
   Telephone:  415.393.2000
   Facsimile:  415.393.2286
   geoff.howard@bingham.com
   thomas.hixson@bingham.com
   kristen.palumbo@bingham.com

   DORIAN DALEY (*pro hac vice
   application to be submitted*)
   DEBORAH K. MILLER (*pro hac vice*)
   JAMES C. MAROULIS (*pro hac vice*)
   ORACLE CORPORATION
   500 Oracle Parkway
   M/S 5op7
   Redwood City, CA 94070
   Telephone:  650.506.4846
   Facsimile:  650.506.7114
   dorian.daley@oracle.com
   deborah.miller@oracle.com
   jim.maroulis@oracle.com

14

15              UNITED STATES DISTRICT COURT

16                    DISTRICT OF NEVADA

17

18 ORACLE USA, INC., a Colorado corporation;
   ORACLE AMERICA, INC. a Delaware
19 corporation, and ORACLE INTERNATIONAL
   CORPORATION, a California corporation,
20
21              Plaintiffs,
        v.
22
   RIMINI STREET, INC., a Nevada corporation;
23 SETH RAVIN, an individual,
   Defendants
24

25

26

27

28

|  |
|---|
| Case No. 2:10-cv-00106-LRH-PAL |
| |
| **[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1    Disclosure and discovery activity in the above-captioned action (the "Action") are likely

2    to involve production of confidential, proprietary, or private information for which special

3    protection from public disclosure and from use for any purpose other than prosecuting this

4    litigation would be warranted.  Accordingly, plaintiffs Oracle America, Inc. ("Oracle America"),

5    Oracle USA, Inc. ("Oracle USA"), and Oracle International Corporation (collectively, "Oracle")

6    and the defendants Rimini Street, Inc. and Seth Ravin (collectively, "Rimini Street" and, together

7    with Oracle, the "Parties") hereby stipulate to and petition the Court to enter the following

8    Stipulated Protective Order ("Protective Order").  The Parties acknowledge that this Protective

9    Order does not confer blanket protections on all disclosures or responses to discovery and that

10   the protection it affords extends only to the limited information or items that are entitled under

11   the applicable legal principles to treatment as confidential.  The Parties further acknowledge that

12   this Protective Order creates no entitlement to file confidential information under seal in

13   connection with a dispositive motion, and that the parties will follow the procedures of this Court

14   with regard to filing documents under seal in connection with dispositive motions.

15       It is hereby ORDERED as follows:

16       1.    This Protective Order shall be applicable to and govern all depositions,

17   documents, information or things produced by a Party or third party in connection with this

18   litigation in response to requests for production of documents, requests for inspections of things,

19   answers to interrogatories, responses to requests for admissions, answers to deposition questions

20   and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as

21   testimony adduced at trial, matters in evidence, and other information (hereinafter, "Discovery

22   Material") that the Disclosing Party designates as "Confidential Information" or "Highly

23   Confidential Information – Attorneys' Eyes Only."

24       2.    Any non-party to this Action may designate any Discovery Material produced by

25   it, whether pursuant to subpoena or by agreement, as "Confidential Information" or "Highly

26   Confidential Information – Attorneys' Eyes Only" pursuant to the terms of this Protective Order,

27   upon such non-party's execution of a Declaration of Compliance with this Protective Order

28   substantially in the form attached to this Protective Order as Exhibit A.  A Party (or, if

1

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    applicable, non-party) designating Discovery Material as "Confidential Information" or "Highly

2    Confidential Information – Attorneys' Eyes Only" shall be referred to for purposes of this

3    Protective Order as the "Designating Party."  Any Party (or, if applicable, non-party) receiving

4    Discovery Material designated as "Confidential Information" or "Highly Confidential

5    Information – Attorneys' Eyes Only" shall be referred to for purposes of this Protective Order as

6    the "Receiving Party."  Counsel for any Designating Party may designate any Discovery

7    Material as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes

8    Only" under the terms of this Protective Order only if such counsel in good faith believes that

9    such Discovery Material contains such information and is subject to protection under Federal

10   Rule of Civil Procedure 26(c).  The designation by any Designating Party of any Discovery

11   Material as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes

12   Only" shall constitute a representation that an attorney for the Designating Party reasonably

13   believes there is a valid basis for such designation.

14            3.       For purposes of this Protective Order, "Confidential Information" shall include all

15   non-public information or matter related to:  financial or business plans or projections;

16   acquisition offers or expressions of interest; proposed strategic transactions or other business

17   combinations; compensation plans; proprietary technical information and specifications; current

18   or future business and marketing information, plans, and strategies; studies or analyses by

19   internal or outside experts; customer information, data or lists; confidential financial data or

20   results; tax data; confidential information regarding assets and liabilities; valuation analyses;

21   competitive analyses; confidential personnel information; personal financial information;

22   personal information subject to protection under California or Nevada law; or other

23   commercially or personally sensitive or proprietary information.  Notwithstanding the foregoing,

24   Confidential Information shall not mean information or documents produced or disclosed that are

25   or become, without violating this Protective Order, and apart from production or disclosure in

26   connection with this action, a matter of public record or publicly available by law or otherwise.

27            4.       For purposes of this Protective Order, "Highly Confidential Information" shall

28   include only extremely sensitive, highly confidential, non-public information, consisting either

2

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   of trade secrets or other highly confidential documents related to current or future business plans,

2   protocols or strategies, the disclosure of which to the Receiving Parties or non-parties (other than

3   the Designating Party) would be likely to cause competitive or business injury to the Designating

4   Party (other than injury to the Designating Party's position in this Action).  Highly Confidential

5   Information shall be designated as "Highly Confidential Information – Attorneys' Eyes Only" or

6   "Highly Confidential Information – AEO" and the use and disclosure of such information shall

7   be restricted as set forth below.  Notwithstanding the foregoing, Highly Confidential Information

8   shall not mean information or documents produced or disclosed that are or become, without

9   violating this Protective Order, and apart from production or disclosure in connection with this

10  action, a matter of public record or publicly available by law or otherwise.

11          5.      Any Discovery Material designated as "Confidential Information" or "Highly

12  Confidential Information – Attorneys' Eyes Only," whether such information is provided orally

13  or by a document or in electronic form, shall be maintained as set forth in the Protective Order,

14  and shall not be disclosed to any person or entity, except as permitted in the Protective Order.

15          6.      All Discovery Material, whether or not filed or lodged with the Court, that a

16  Designating Party contends constitutes "Confidential Information" or "Highly Confidential

17  Information" shall be designated by the Designating Party as follows:

18                  a.      Documents or other tangible Discovery Material shall, at the time of their

19  production, be designated by stamping or labeling the same with the legend "Confidential

20  Information" or "Highly Confidential Information – Attorneys' Eyes Only" on each page of a

21  document or material containing such information.

22                  b.      Documents or other tangible Discovery Material produced by a non-party

23  to this Action shall be so designated by the Designating Party by providing written notice, as

24  soon as reasonably practicable, to counsel of record for the Parties (and to counsel of record, if

25  any, for the non-party who produced such Documents or other tangible Discovery Material) of

26  the Bates numbers or number range or other sufficiently definite description of the documents to

27  be designated as "Confidential Information" or "Highly Confidential Information - Attorneys'

28  Eyes Only."  Counsel shall not permit documents or materials produced by a non-party to be

1   distributed to persons beyond those specified in Paragraph 9 or 10 below until those documents

2   or materials have been designated in accordance with this Paragraph.

3         c.      Deposition testimony shall be designated "Confidential Information" or

4   "Highly Confidential Information - Attorneys' Eyes Only" (i) at the taking of the deposition by a

5   statement on the record, by counsel at the time of such disclosure, or (ii) by written notice sent to

6   counsel of record for all Parties within five (5) business days after receiving a copy of the final,

7   hard copy transcript thereof, identifying the specific pages thereof designated as "Confidential

8   Information" or "Highly Confidential Information - Attorneys' Eyes Only."  In both of the

9   foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential

10  Information" or "Highly Confidential Information - Attorneys' Eyes Only" be affixed to the

11  portions of the original and all copies of the transcript.  Counsel shall treat deposition transcripts

12  as "Highly Confidential Information - Attorneys' Eyes Only" in their entirety until the relevant

13  period for the designation has expired.  The Parties may modify this procedure for any particular

14  deposition through agreement on the record at such depositions without further order of the

15  Court.

16        d.      Non-documentary and non-testimonial material, such as oral statements,

17  shall be designated as "Confidential Information" or "Highly Confidential Information -

18  Attorneys' Eyes Only" at the time of disclosure and promptly confirmed in writing.

19      7.      Inadvertent failure to designate Discovery Material as "Confidential Information"

20  or "Highly Confidential Information - Attorneys' Eyes Only" shall not constitute a waiver of

21  such claim and may be corrected by prompt supplemental written notice designating such

22  Discovery Material as "Confidential Information" or "Highly Confidential Information -

23  Attorneys' Eyes Only" in a manner consistent with Paragraph 6.  The Party receiving such

24  supplemental written notice shall thereafter mark and treat materials so designated as

25  "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" as the

26  case may be, and such materials shall be fully subject to this Protective Order as if they had been

27  initially so designated.  A person disclosing Discovery Material that is subsequently designated

28  as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" shall

Case No. 2:10-cv-00106-LRH-PAL

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    in good faith assist the Designating Party in retrieving such Discovery Material from all

2    recipients not entitled to receive such Discovery Material under the terms of this Protective

3    Order and prevent further disclosures except as authorized under the terms of this Protective

4    Order.

5          8.      Except as the Designating Party or its counsel may otherwise agree in writing, or

6    as the Court may otherwise order, all Discovery Material marked or otherwise identified as

7    "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" and

8    received by any Receiving Party pursuant to this Protective Order: (a) shall be disclosed only to

9    such persons and in such manner as set forth in this Protective Order; (b) shall be used solely for

10    the purposes of preparation for trial, trial of and/or appeal from this Action and no other; and

11    (c) shall not be used by the Receiving Party for any other purposes, including, without limitation,

12    any business or commercial purpose.  The prohibitions on the use of Confidential Information

13    and Highly Confidential Information as set forth in this Protective Order shall survive the

14    termination of this Action.

15          9.      Counsel for a Receiving Party may disclose or make available any Discovery

16    Material designated as "Confidential Information" and/or any information derived from such

17    Discovery Material only to the following persons:

18          a.      Counsel to the Parties in this Action (outside counsel, of counsel, and in-

19    house counsel, including members of the outside counsel firms, associate attorneys, contract

20    attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees), and

21    consultants and vendors of such Counsel to the Parties (including trial consultants, jury

22    consultants, and service vendors such as outside copying services, outside litigation support

23    services, translations services or graphics, design, or document handling services/consultants

24    retained in connection with this Action for purposes of preparing demonstrative or other exhibits

25    for deposition, trial, or other court proceedings and excluding consulting or testifying subject-

26    matter experts) ("Consultants and Vendors"), provided that no Discovery Material designated as

27    "Confidential Information" shall be disclosed to any Consultants and Vendors or temporary

28    employee of Counsel to the Parties unless and until such person has executed a Declaration of

Case No. 2:10-cv-00106-LRH-PAL

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   Compliance substantially in the form attached to this Protective Order as Exhibit A;

2              b.      The Parties and directors or employees of the Parties assisting counsel for

3   the purposes of this Action;

4              c.      Witnesses or deponents (other than witnesses and deponents otherwise

5   covered by (b) above), and their counsel, during the course of and, only to the extent necessary,

6   in preparation for depositions or testimony in this Action;

7              d.      Retained experts and expert consultants assisting counsel for the Parties in

8   this Action, and only to the extent necessary for the expert or expert consultant to prepare a

9   written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this

10  Action, subject to the provisions of Paragraph 12 below;

11             e.      The Court and its staff and administrative personnel, and Court reporters,

12  videographers and stenographers employed to take depositions, and any essential personnel

13  retained by the Court; and

14             f.      Any other person only upon order of the Court or upon stipulation of the

15  Designating Party.

16      10.     Counsel for a Receiving Party may disclose or make available any Discovery

17  Material designated as "Highly Confidential Information – Attorneys' Eyes Only" and/or any

18  information derived from such Discovery Material only to the following persons:

19             a.      Counsel to the Parties in this Action (outside counsel and of counsel

20  including members of the outside counsel firms, associate attorneys, contract attorneys,

21  paralegals, secretarial staff, clerical and other regular or temporary employees), and Consultants

22  and Vendors of such Counsel to the Parties, provided that no Discovery Material designated as

23  "Highly Confidential Information – Attorneys' Eyes Only" shall be disclosed to any Consultants

24  and Vendors or temporary employee of Counsel to the Parties unless and until such person has

25  executed a Declaration of Compliance substantially in the form attached to this Protective Order

26  as Exhibit A;

27             b.      From each of Oracle and Rimini Street, three in-house counsel who are

28  employed by the legal department for a Party and who are acting as legal counsel in connection

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   with this Action, as well as the designated in-house counsels' necessary secretarial, clerical,

2   administrative or support staff, provided that the designated in-house counsel, secretarial,

3   clerical, administrative or support staff are not involved in competitive decision-making for the

4   Party *i.e.*, development, marketing or pricing decisions) and further provided that such

5   secretarial, clerical, administrative or support staff do not also support persons who are involved

6   competitive decision-making for the Party as to the subjects of the information designated as

7   "Highly Confidential Information – Attorneys' Eyes Only."  Either Party may designate up to

8   three in-house counsel and may change the in-house counsel so designated by proposing such a

9   designation or change in writing to (i) all counsel of record in this action, including providing a

10  detailed description of the proposed designee's present and past roles and responsibilities as an

11  employee of the Party over the prior five (5) years, and (ii) counsel of record for all third-parties,

12  if any, that have produced documents or materials designated as "Highly Confidential

13  Information – Attorneys' Eyes Only" pursuant to this Protective Order.  Consent to such

14  proposed amendment will be deemed given by the other parties (including third parties) if

15  objection is not made within ten (10) business days.

16          c.      The author of the Discovery Material or the original source of the entirety

17  of the information contained therein, and any copied recipients thereof;

18          d.      Witnesses or deponents and their counsel, during the course of and, only

19  to the extent necessary, in preparation for depositions or testimony in this Action only if (1) that

20  witness or deponent had previously received or seen, independent of this Action, the specific

21  documents or materials designated as "Highly Confidential Information – Attorneys' Eyes Only"

22  or previously had, independent of this Action, personal knowledge of the information designated

23  as "Highly Confidential Information – Attorneys' Eyes Only"; and (2), except for individuals

24  who are present employees of the Party or non-party that produced the Discovery Material, that

25  witness or deponent has executed a Declaration of Compliance substantially in the form attached

26  to this Protective Order as Exhibit A acknowledging that the deponent will treat documents

27  designated "Highly Confidential Information – Attorneys Eyes Only" in accordance with the

28  Protective Order and that the witness or deponent agrees to be bound by the terms of this

1    Protective Order, or the witness shall agree on the record to be bound by the terms of this

2    Protective Order and the Declaration of Compliance attached hereto as Exhibit A.  If a witness

3    refuses both options, the deposition may cease and the parties should file any necessary motions

4    with the Court, or the parties may agree to continue the deposition on terms agreeable to all

5    parties;

6              e.        Retained experts and expert consultants assisting counsel for the Parties in

7    this Action, and only to the extent necessary for the expert or expert consultant to prepare a

8    written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this

9    Action, subject to the provisions of Paragraph 12 below;

10             f.        The Court and its staff and administrative personnel, and Court reporters,

11   videographers and stenographers employed to take depositions, and any essential personnel

12   retained by the Court; and

13             g.        Any other person only upon order of the Court or upon stipulation of the

14   Designating Party.

15        11.     Counsel for any Party to this litigation or counsel for the witness may exclude

16    from the room during any deposition any person who is not entitled under the provisions of

17   Paragraph 9 or 10 to receive or review "Confidential Information" or "Highly Confidential

18   Information - Attorneys Eyes' Only" Discovery Material during the time that such information

19   is being disclosed or discussed in the deposition.

20             a.        No witness may be shown or examined on any "Confidential Information"

21   or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material unless he or

22   she is entitled to receive or review such material under the provisions of Paragraph 9 or 10, or

23   unless otherwise agreed by counsel for the Designating Party for the Discovery Material at

24   issue. In the event that counsel for the Designating Party of the Discovery Material that has

25   been designated as "Confidential Information" or "Highly Confidential Information –

26   Attorneys' Eyes Only" agrees that the witness may be shown or examined on any such

27   "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"

28   Discovery Materials, the witness must first be advised of the confidential nature of the

1   Discovery Material, and be informed that any unauthorized disclosure of the information

2   contained in the Discovery Material may constitute a contempt of this Court.

3         b.     Any Party wishing to use documents of an opposing Party designated

4   either "Confidential Information" or "Highly Confidential Information – Attorneys Eyes Only"

5   at the deposition of a third-party witness must give the opposing Party at least 48 hours written

6   notice.  The written notice must provide (i) a list of the documents by Bates number that the

7   requesting Party wishes to use in the third-party deposition; and (ii) a complete copy set of the

8   documents that are to be shown to a third party deponent.  The third-party deponent must be

9   asked to execute a Declaration of Compliance substantially in the form attached to this

10   Protective Order as Exhibit A, acknowledging that the deponent will treat documents

11   designated "Confidential Information" or "Highly Confidential Information – Attorneys Eyes

12   Only" in accordance with the Protective Order and that the third-party deponent agrees to be

13   bound by the terms of this Protective Order.  If before testifying the third-party  deponent

14   refuses to sign the Declaration of Compliance Counsel for the Party seeking to depose the

15   witness shall (i) provide the third-party  deponent a copy of this Protective Order; (ii)  state on

16   the record that the Discovery Material about which the third-party  deponent is to be questioned

17   is subject to the terms of this Protective Order; and (iii) inform the third-party  deponent on the

18   record that unauthorized disclosure of the information contained in the Discovery Material may

19   constitute a contempt of this Court.

20         12.    "Confidential Information" or "Highly Confidential Information - Attorneys'

21   Eyes Only" Discovery Material may be provided to retained experts and/or expert consultants

22   assisting counsel for the Parties in this Action (excluding Consultants and Vendors), and only to

23   the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare

24   to testify, or to assist counsel in the prosecution or defense of this Action, provided that such

25   expert or expert consultant: (i) is not currently, or has not in the past year from the date of this

26   Protective Order, been a competitor of the non-retaining Party, or a partner, director, officer,

27   employee or other affiliate of such a competitor; (ii) is using said "Confidential Information" or

28   "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material solely in

1    connection with this Action; and (iii) signs a Declaration of Compliance in the form attached to

2    this Protective Order as Exhibit A, agreeing in writing to be bound by the terms and conditions

3    of this Protective Order, consenting to the jurisdiction of the Court for enforcement of this

4    Protective Order, and agreeing not to disclose or use any "Confidential Information" or "Highly

5    Confidential Information - Attorneys' Eyes Only" Discovery Material in a manner or for

6    purposes other than those permitted by this Protective Order.  Counsel for the Party using the

7    expert or expert consultant shall be responsible for obtaining the signed undertaking and

8    retaining the original, executed copy.  At least five (5) business days prior to providing an

9    expert or expert consultant with any information that has been designated as "Confidential

10   Information" or "Highly Confidential Information - Attorneys' Eyes Only" by the other side,

11   Counsel must first identify the expert in writing to opposing counsel.  This written

12   identification shall include a current resume or curriculum vitae, and shall be served by

13   electronic mail, in addition to overnight mail.  Should the opposing Party or any non-party

14   object to the disclosure of its "Confidential Information" or "Highly Confidential Information -

15   Attorneys' Eyes Only" to the designated expert or expert consultant, it shall provide written

16   notice within five (5) business days.  The objecting Party or non-party shall meet and confer

17   with the Party identifying the expert on that objection within two (2) business days of the

18   written objection being served on counsel.  If the meet and confer does not resolve the dispute,

19   the parties agree to expedited briefing.  The objecting Party or non-party shall file a motion

20   within two court days of the meet and confer.  The Party identifying the expert shall file any

21   opposition within three court days of filing of the opening brief, and no reply will be filed.

22   Both briefs shall be served by electronic mail, in addition, to overnight mail.  The Parties agree

23   that Exhibit A shall not be filed with the Court and shall be deemed as "Confidential

24   Information" within the meaning of this Protective Order.

25          No "Confidential Information" or "Highly Confidential Information - Attorneys'

26   Eyes Only" Discovery Material may be provided to retained experts and/or expert consultants

27   unless and until such person has executed a Declaration of Compliance substantially in the form

28   attached to this Protective Order as Exhibit A, and such Declaration of Compliance has been

Case No. 2:10-cv-00106-LRH-PAL

1    served on counsel for all Parties.  Further, upon service of a written objection to an expert or

2    expert consultant pursuant to this Paragraph 12, no information designated as "Confidential

3    Information" or "Highly Confidential Information - Attorneys' Eyes Only" by the objecting

4    Party or non-party may be disclosed to the expert or expert consultant subject to objection

5    unless and until the time to file a motion with the Court has expired or the Court has ruled on

6    the motion.

7         13.    This Protective Order has no effect upon, and shall not apply to, the Parties' use

8    of their own Confidential Information or Highly Confidential Information for any purpose.

9    Nothing in this Protective Order shall:  (i) prevent a Designating Party from disclosing its own

10   "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"

11   Discovery Material to officers, directors, employees, agents, or advisors, including investment

12   bankers and accountants, of the Designating Party; or (ii) impose any restrictions on the use or

13   disclosure by a Party of documents, materials, or information designated "Confidential

14   Information" or "Highly Confidential Information - Attorneys' Eyes Only" if such documents,

15   materials, or information were both lawfully obtained by and lawfully retained in the possession

16   of such Party independently of the discovery proceedings in this Action.

17        14.    Without written permission from the Designating Party or a court order secured

18   after appropriate notice to all interested persons, a Party or non-party may not file in the public

19   record in this action any "Confidential Information" or "Highly Confidential Information -

20   Attorneys' Eyes Only" Discovery Material.  A Party or non-party that seeks to file under seal

21   any "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"

22   Discovery Material must comply with the applicable procedures of this Court.  The envelope

23   containing documents sought to be filed under seal must indicate that the documents are being

24   filed pursuant to this Protective Order and that the envelope shall not be opened absent further

25   order of the Court.

26        15.    The inadvertent production of any Discovery Material shall be without prejudice

27   to any claim that such Discovery Material is privileged or protected from discovery as work-

28   product or by reason of any other applicable privilege or immunity, including without limitation

1    the attorney-client privilege, and no Party or non-party shall be held to have waived any

2    otherwise applicable privilege or protection by such inadvertent production.  If the claim of

3    inadvertent production is made pursuant to this Paragraph with respect to information then in

4    the custody of another Party or non-party, such Party or non-party shall promptly return to the

5    claiming Party or non-party that material as to which the claim of inadvertent production has

6    been made and all copies thereof, and the receiving Party or non-party shall not use such

7    information for any purpose, expect as provided by Fed. R. Civ. P. 26(b)(5)(B).  Where the

8    Parties agree in writing with regard to particular requested materials, a Designating Party may

9    provide those requested materials for initial examination by the Requesting Party in connection

10   with the Action without waiving any privilege or protection in this case or any other Federal or

11   State proceeding.

12        16.      Unless a prompt challenge to a Designating Party's confidentiality designation is

13   necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later

14   significant disruption or delay of the litigation, a Receiving Party does not waive its right to

15   challenge a confidentiality designation by electing not to mount a challenge promptly after the

16   Designating Party discloses the designation.

17             a.      A Receiving Party that elects to initiate a challenge to a Designating

18   Party's confidentiality designation must do so in good faith and must begin the process by

19   conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

20   with counsel for the Designating Party.  In conferring, the challenging Receiving Party must

21   explain the basis for its belief that the confidentiality designation was not proper and must give

22   the Designating Party an opportunity to review the designated material, to reconsider the

23   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

24   designation.  A challenging Receiving Party may proceed to the next stage of the challenge

25   process only if it first has engaged in this meet and confer process.

26             b.      A Receiving Party that elects to press a challenge to a confidentiality

27   designation after considering the justification offered by the Designating Party may file and

28   serve a motion in compliance with all applicable Federal and Local rules that identifies the

1    challenged material and sets forth in detail the basis for the challenge.  Each such motion must be

2    accompanied by a competent declaration that affirms that the movant has complied with the meet

3    and confer requirements imposed in the preceding subparagraph and that (to the extent possible)

4    sets forth with specificity the justification for the confidentiality designation that was given by

5    the Designating Party in the meet and confer dialogue.

6            c.      The burden of proof in any such challenge proceeding shall be on the

7    Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the

8    material in question the level of protection to which it is entitled under the Designating Party's

9    designation.  This provision applies only to challenge proceedings, and shall not be construed to

10    affect the burden of proof for a motion to seal.

11         17.      Entering into, agreeing to, producing, or receiving "Confidential Information" or

12    "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material pursuant to,

13    and/or otherwise complying with the terms of, this Protective Order, or the taking of any action

14    pursuant to this Protective Order shall not:

15            a.      Constitute or operate as an admission by any Designating or Receiving

16    Party that any particular document, material, testimony, or thing does or does not contain, reflect,

17    or constitute a trade secret or any other type of Confidential Information or Highly Confidential

18    Information;

19            b.      Prejudice in any way the rights of any Designating or Receiving Party to

20    object to the production of documents it considers not subject to discovery, or operate as an

21    admission by any Designating or Receiving Party that the restrictions and procedures set forth in

22    this Protective Order constitute adequate protection for any particular information deemed by

23    any Designating Party to be Confidential Information or Highly Confidential Information –

24    Attorneys' Eyes Only;

25            c.      Prejudice in any way the rights of any Designating or Receiving Party to

26    object to the relevancy, authenticity, or admissibility into evidence of any document, material,

27    testimony, or thing subject to this Protective Order, or otherwise constitute or operate as an

28    admission by any Designating or Receiving Party that any particular document, material,

Case No. 2:10-cv-00106-LRH-PAL

1  testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition,

2  at trial, or in a hearing;

3         d.      Prejudice in any way the rights of a Designating or Receiving Party to

4  seek a determination by the Court whether any Discovery Material should be subject to the terms

5  of this Protective Order;

6         e.      Prejudice in any way the rights of a Designating Party to petition the Court

7  for a further protective order relating to any purportedly Confidential Information or Highly

8  Confidential Information;

9         f.      Prejudice in any way the rights of a Designating or Receiving Party to

10  oppose another Party's or non-party's motion to seal; and/or

11         g.      Prevent the Parties to this Protective Order from agreeing, in writing, to

12  alter or waive the provisions or protections of this Protective Order with respect to any particular

13  Discovery Material.

14        18.     In the event additional persons or entities become Parties to this Action, none of

15  such Parties' counsel, experts or expert consultants retained to assist said counsel, shall have

16  access to Confidential Information or Highly Confidential Information produced by or obtained

17  from any Designating Party until said Party has executed and filed with the Court its agreement

18  to be fully bound by this Protective Order.  No "Confidential Information" or "Highly

19  Confidential Information - Attorneys' Eyes Only" Discovery Material may be provided to such

20  Parties' counsel, experts or expert consultants unless and until such person has executed a

21  Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit

22  A, and such Declaration of Compliance has been served on counsel for all parties.

23        19.     It is the present intention of the Parties that the provisions of this Protective Order

24  shall govern discovery in this Action, but each of the Parties to this Protective Order shall be

25  entitled to seek modification of this Protective Order, or relief from it, by application to the Court

26  on notice to the other Parties here.

27        20.     The provisions of this Protective Order shall, absent written permission of the

28  Designating Party or further order of the Court, continue to be binding throughout and after the

Case No. 2:10-cv-00106-LRH-PAL

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   conclusion of this Action, including without limitation any appeals in this Action.  Within thirty

2   (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of

3   this Action, including the exhaustion of all permissible appeals, all persons and entities having

4   received "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes

5   Only" Discovery Material, shall either make a good faith effort to return such material and all

6   copies thereof (including summaries and excerpts) to counsel for the Designating Party or

7   destroy all such "Confidential Information" or "Highly Confidential Information - Attorneys'

8   Eyes Only" Discovery Material and copies thereof (including summaries and excerpts) and

9   certify that fact to counsel for the Designating Party.  Outside counsel for the Parties shall be

10  entitled to retain all filings, court papers, deposition and trial transcripts, deposition and trial

11  exhibits, and attorney work product (regardless of whether such materials contain or reference

12  Discovery Materials designated as "Confidential Information" or "Highly Confidential

13  Information - Attorneys' Eyes Only" by any Designating Party), provided that such outside

14  counsel, and employees and agents of such outside counsel, shall not disclose any Confidential

15  Information or Highly Confidential Information contained or referenced in such materials to any

16  person except pursuant to court order or agreement with the Designating Party.  All materials, if

17  any, returned to the Parties or their counsel by the Court likewise shall be disposed of in

18  accordance with this Paragraph.  This Court shall have continuing jurisdiction to enforce the

19  terms of this Protective Order, including without limitation during any appeals in this Action.

20          21.     If any person receiving Discovery Material covered by this Protective Order (the

21  "Receiving Party") is:  (a) subpoenaed in or (b) served with a demand in another action to which

22  he, she or it is a party, or (c) served with any other legal process by one not a party to this Action

23  seeking Discovery Material that was produced or designated as "Confidential Information" or

24  "Highly Confidential Information - Attorneys' Eyes Only" by someone other than the Receiving

25  Party, the Receiving Party shall give actual written notice, by hand or facsimile transmission,

26  within five (5) business days of receipt of such subpoena, demand, or legal process, to the

27  Designating Party.  The Receiving Party shall not produce any of the Designating Party's

28  "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"

1  Discovery Material, until the Designating Party gives notice to the Receiving Party that the

2  Designating Party consents to production, or opposes production of its "Confidential

3  Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material,

4  and has had a reasonable opportunity to object to the production.  The Designating Party shall be

5  solely responsible for asserting any objection to the requested production.  Nothing in this

6  Paragraph shall be construed as requiring the Receiving Party or anyone else covered by this

7  Protective Order to challenge or appeal any order requiring production of "Confidential

8  Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material

9  covered by this Protective Order, or to subject such person to any penalties for non-compliance

10  with any legal process or order, or to seek any relief from this or any Court.

11      22.    Any Designating or Receiving Party seeking enforcement of this Protective Order

12  against any other Designating or Receiving Party may petition the Court by properly noticed

13  motion, pursuant to this Court's rules, including a concise statement of the specific relief sought.

14      23.    Violation by any person of any term of this Protective Order shall be punishable

15  as a contempt of court.  No provision of this Protective Order shall require any person,

16  corporation, or other entity not a Party to this Action to respond to any discovery request, except

17  as may otherwise be required by law.

18  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

19  Dated:  May 20, 2010

| SHOOK, HARDY & BACON LLP | BOIES, SCHILLER & FLEXNER LLP |
|---|---|
| By: | By: |
| Robert H. Reckers, Esq. (*pro hac vice*)<br>600 Travis Street, Suite 1600<br>Houston, Texas  77002<br>Telephone: (713) 227-8008<br>Facsimile: (731) 227-9508<br>rreckers@shb.com | Kieran P. Ringgenberg, Esq. (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>kringgenberg@bsfllp.com |
| *Attorneys for Defendants* | *Attorneys for Plaintiffs* |

Case No. 2:10-cv-00106-LRH-PAL

[PROPOSED] STIPULATED PROTECTIVE ORDER

1

IT IS SO ORDERED:

2

3   DATED:_____, 2010      By:_____

4                                             United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION OF FILER**

2      The signatories to this document are myself and Robert H. Reckers, and I have obtained

3 Mr. Recker's concurrence to file this document on his behalf.

4

5 Dated:  May 20, 2010                          BOIES, SCHILLER & FLEXNER LLP

6                                    By:    /s/ Kieran P. Ringgenberg
                                           Kieran P. Ringgenberg, Esq. (*pro hac vice*)
7                                          1999 Harrison Street, Suite 900
                                           Oakland, CA 94612
8                                          Telephone: (510) 874-1000
                                           Facsimile: (510) 874-1460
9                                          kringgenberg@bsfllp.com

10                                         *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

1

<u>EXHIBIT A</u>

2

<u>DECLARATION OF COMPLIANCE</u>

3

4
       I, _____ [print or type full name], of

5
_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on

6
_____ [date] in the case of *Oracle USA, Inc., et al. v. Rimini Street, Inc., et al.* I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

7
understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

8
any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

9

10
       I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

11

12
       I hereby appoint _____ [print or type full name] of

13
_____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

14

15

16
Date: _____

17
City and State where sworn and signed: _____

18
Printed name: _____
                      [printed name]

19

20
Signature: _____
                [signature]

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2     I hereby certify that on the 20th day of May, 2010, I electronically transmitted the

3 foregoing **[PROPOSED] STIPULATED PROTECTIVE ORDER** to the Clerk's Office using

4 the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in

5 this matter; all counsel being registered to receive Electronic Filing.

6

7                                         /s/ Catherine Duong

8                                         An employee of Boies, Schiller & Flexner LLP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1