| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>B. Trent Webb, Esq. *(pro hac vice)*<br>Eric Buresh, Esq. *(pro hac vice)*<br>2555 Grand Boulevard<br>Kansas City, Missouri 64108-2613<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>bwebb@shb.com<br>eburesh@shb.com<br><br>Robert H. Reckers, Esq. *(pro hac vice)*<br>600 Travis Street, Suite 1600<br>Houston, Texas   77002<br>Telephone: (713) 227-8008<br>Facsimile: (731) 227-9508<br>rreckers@shb.com<br><br>GREENBERG TRAURIG<br>Mark G. Tratos, Esq. (Nevada Bar No. 1086)<br>Brandon Roos, Esq. (Nevada Bar No. 7888)<br>Leslie Godfrey, Esq. (Nevada Bar No. 10229)<br>3773 Howard Hughes Parkway<br>Suite 400 North<br>Las Vegas, NV 89169<br>Telephone:  (702) 792-3773<br>Facsimile:  (702) 792-9002<br>tratosm@gtlaw.com<br>roosb@gtlaw.com<br>godfreyl@gtlaw.com | WILSON SONSINI GOODRICH & ROSATI<br>Jonathan M. Jacobson, Esq.<br>1301 Avenue of the Americas, 40th Floor<br>New York, New York, 110019<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5899<br>jjacobson@wsgr.com<br>*(pro hac vice applications to be submitted)*<br><br>Michael B. Levin, Esq.<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493- 9300<br>Facsimile: (650) 493 - 6811<br>mlevin@wsgr.com<br>*(pro hac vice application to be submitted)*<br><br>*Attorneys for Defendants*<br>*RIMINI STREET, INC. and SETH RAVIN* |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANT SETH RAVIN'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS** |

**MR. RAVIN'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant Seth Ravin files this Reply Brief in Support of his Motion to Dismiss various claims brought against him by Plaintiffs Oracle USA, Inc. ("Oracle USA"), Oracle America, Inc. ("Oracle America"), and Oracle International Corporation ("OIC") (together "Oracle" or "Plaintiffs") in their First Amended Complaint ("FAC"). Because Oracle's FAC fails to meet the basic pleadings standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), Mr. Ravin's motion should be granted.

**I.  INTRODUCTION**

Mr. Ravin has now filed two Motions to Dismiss. *See* Doc. Nos. 28, 49. To address issues raised in Mr. Ravin's original motion, Oracle amended its complaint and added factual allegations addressed to its copyright infringement and breach of contract claims, contending Mr. Ravin "personally logged into Oracle's Technical Support website on behalf of a customer" and exceeded that customer's authorized access by downloading "over 5,000 documents and over 11,000 files" in violation of Oracle's website terms-of-use. Doc. No. 36 at ¶ 46. While Mr. Ravin denies these untrue allegations, Mr. Ravin did not move, in his second motion, to dismiss Oracle's copyright infringement and breach of contract claims, which now met the minimum pleading standard given Oracle's new factual assertions.

There were, however, no similar additions of individual actions by Mr. Ravin in the FAC applicable to Oracle's Sixth, Seventh, Eighth, Ninth, Eleventh, Twelfth, and Thirteenth Claims for Relief (the "add-on claims"), and Oracle concedes these claim are solely "based upon the same wrongful conduct" and "rely on the *same* allegations" as its copyright infringement and breach of contract claims. Doc. No. 58 at 5, 8 (emphasis in original). But Oracle's factual allegations directed to its copyright infringement and breach of contract claims do not and cannot support the host of additional independent add-on claims Oracle has attempted to assert personally against Mr. Ravin.

In setting forth its numerous add-on claims, Oracle's only specific mention of Mr. Ravin is in connection with its Twelfth Claim for Relief for "unfair practices," and, even then, Oracle only makes a passing and conclusory reference to Mr. Ravin. *See* Doc. No. 36 at ¶ 165. Oracle's

Opposition does little to clarify the add-on claims, resorting to cobbling together factual allegations from approximately 100 to 150 paragraphs "incorporated by reference." *See, e.g.,* Doc. No. 58 at 18. Courts routinely reject Oracle's pleading approach: "a plaintiff must not be permitted to use 'shotgun' pleading tactics, such as providing inadequate factual bases for his claims, to thwart the defendant's ability to seek dismissal of the claims against him as early in the litigation as possible." *Wong v. Am. Servicing Co.*, No. 2:09-CV-01506, 2009 WL 5113516, *3 (E.D. Cal. Dec. 18, 2009). Oracle likely chose to draft its pleadings in this "shotgun" manner because a proper element-by-element approach would highlight the lack of factual support for many elements of its add-on claims. Oracle has already amended its complaint once, but still failed to identify factual allegations directed to Mr. Ravin for its add-on claims. Accordingly, these claims should be dismissed as to Mr. Ravin.

## II. ORACLE'S GENERALIZED ALLEGATIONS THAT MR. RAVIN "CONTROLS" RIMINI STREET CANNOT SALVAGE ITS ADD-ON CLAIMS.

Oracle's Opposition argues that Mr. Ravin should be held personally liable for Rimini Street's actions because he is "a corporate officer and director who exercised full control over and masterminded Rimini's illegal conduct." Doc. No. 58 at 15. Oracle's argument is misplaced; personal acts are required to establish individual liability and have not been pled. The fact that corporate officers may, in some circumstances, be vicariously liable for actions of the organization does not alter <u>Oracle's</u> obligations to set forth its claims against Mr. Ravin with the requisite particularity.

As demonstrated by the very authority cited in Oracle's Opposition, "individual liability must be predicated on [] *personal participation* in the unlawful practices," recognizing "the need to prove *active and knowing involvement* in the offending conduct by the defendant." *People v. Toomey*, 157 Cal. App. 3d 1, 15 (Cal. Ct. App. 1984) (emphasis added); *see also PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1379 (Cal. Ct. App. 2000) ("[A corporate officer's] liability, if any, stems from their own tortious conduct, not from their status as directors or officers of the enterprise."). Similarly, Cal. Bus. & Prof. Code § 17095 requires a director to "assist[] or aid[]" a company "directly or

indirectly" before personal liability can attach.[1]  For example, in *Transgo*, the company's owner personally gave the plaintiff's confidential pricing, customer, and sales information to a co-defendant.  *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1011 (9th Cir. 1985).  In another case cited by Oracle, the officer "*himself* made the [false] statement that [the court] found actionable . . . ."  *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999) (emphasis added).  The *Toomey* case heavily relied upon by Oracle also stresses the need for individual acts tying the defendant to the wrongdoing.  *Toomey*, 157 Cal. App. 3d at 15.  In that case "overwhelming evidence shows that [Toomey] prepared the solicitation scripts, determined the content of coupon packages to be sold, and directed the refund policy which the company followed" – all of which were at the center of the wrong-doing.  *Id*.

Oracle even cites authority holding that specific allegations of an officer's *personal* involvement in the alleged wrongdoing, not merely on one's position as a company officer, is required to allege individual liability.  Doc. No. 58 at 14 (citing *AAA v. Darba Enterprises, Inc.*, No. C 09-00510, 2009 U.S. Dist. LEXIS 37564, *21 (N.D. Cal. Apr. 21, 2009)).  No such personal involvement has been alleged against Mr. Ravin for any of Oracle's add-on claims.  Merely alleging that Mr. Ravin is in charge of Rimini Street, that he performs the normal functions of any CEO, and then loosely tying him to other general allegations by reference, is insufficient to plead a cause personally against Mr. Ravin under *Twombly* and *Iqbal*.

### III. ORACLE'S PLEADINGS FAIL TO SPECIFICALLY ALLEGE FACTS FOR ITS ADD-ON CLAIMS.

Oracle's Opposition also takes issue with Mr. Ravin's Motion to Dismiss for "ignoring over a dozen particular allegations" that "are specifically incorporated by reference into" the improperly pled claims.  Doc. No. 58 at 11–13.  However, even if there are some individual facts tucked somewhere in the FAC, Rimini Street is left with no idea as to the specific facts Oracle may believe support any particularly claim. This is precisely why courts routinely reject the "shotgun" pleading

---

[1] Notably, Oracle does not allege specific provisions of the Cal. Bus. & Prof. Code in its FAC.  Instead, Oracle merely points to § 17000, *et seq.* and § 17200, *et seq.* generally in the FAC and specifically mentions §§ 17030, 17043, and 17095 *for the first time* in its Opposition.

approach adopted by Oracle with respect to its add-on claims. *See, e.g., Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1278–1280 (11th Cir. 2006); *Rosal v. First Fed. Bank*, 671 F. Supp. 2d 1111, 1133 (N.D. Cal. 2009) ("This [insufficiently plead] claim merely incorporates the other facts of the FAC by reference and makes a conclusory allegation.").

Oracle argues that, by incorporating all allegations from previous sections of its FAC, it has sufficiently notified Mr. Ravin of the facts that support holding him personally liable for the add-on claims. Doc. No. 58 at 11-13. However, such pleadings make "it extremely difficult for the court and opposing parties to identify the facts that would give rise to a cognizable claim." *Savage v. Council on American-Islamic Rels., Inc.*, No. 07-6067, 2008 U.S. Dist. LEXIS 60545, at *39 (N.D. Cal. July 25, 2008) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991) (noting that the defendant and "the district court had to sift through the facts presented and decide for themselves which were material to the particular cause of action asserted, a difficult and laborious task indeed.")). As the Eleventh Circuit explained:

> The complaint is a quintessential "shotgun" pleading of the kind we have condemned repeatedly . . . . It is in no sense the "short and plain statement of the claim" required by Rule 8 . . . . It is fifty-eight pages long. . . . The complaint is replete with allegations that "the defendants" engaged in certain conduct . . . . Each count incorporates by reference the allegations made in a section entitled "General Factual Allegations"—which comprises 146 numbered paragraphs—while also incorporating the allegations of any count or counts that precede it. The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies.

*Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). This description perfectly describes Oracle's FAC and why courts reject such pleadings.

Oracle's Thirteenth Claim for Relief provides a clear example of the Oracle's pleading approach. Doc. No. 36 at ¶¶ 167–170. In a mere four paragraphs, Oracle attempts to state its claim for an accounting against Mr. Ravin. The first paragraph of this count incorporates 147 paragraphs by reference. Doc. No. 36 at ¶ 167. Perhaps recognizing that such a method is inappropriate, Oracle then attempts to "narrow" its allegations by pointing to 46 of those 147 paragraphs. *Id.* In the remaining three paragraphs, Oracle merely recites, in a conclusory and formulaic fashion, elements

of an accounting cause of action. Doc. No. 36 at ¶¶ 168–170. Oracle makes no mention of Mr. Ravin and provides no justification as to why Mr. Ravin's relationship with Oracle justifies an independent accounting cause of action. *Rondberg v. McCoy*, No. 09-CV-1672, 2009 WL 5184053, at *4 (S.D. Cal. Dec. 21, 2009) ("A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting."). Pleadings such as this, which merely "incorporate every antecedent allegation by reference into each subsequent claim for relief . . . wreak havoc on the judicial system." *Wagner*, 464 F.3d at 1279.

The remaining add-on claims are pled in a similar manner.[2] Nowhere in the "Claim for Relief" sections of the FAC does Oracle connect or tie its general factual allegations to the elements of its conclusorily pled add-on claims. *See* Doc. No. 36 at ¶¶ 70–170. The paragraphs in those sections merely provide "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). Not one of Oracle's add-on claims could possibly be described as a "short and plain statement of the claim" as required by Rule 8. Such pleadings are not sufficient to state a claim for relief.

### IV. ORACLE SHOULD NOT BE ALLOWED TO REPEATEDLY AMEND ITS COMPLAINT.

In lieu of dismissal, Oracle requests an opportunity to amend its FAC. Doc. No. 58 at 20. Such an opportunity should be denied. The discretion of the trial court to deny leave to amend "is particularly broad where plaintiff has previously amended the complaint." *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). For example, the Ninth Circuit recently found no error in dismissal after a plaintiff's failure to cure pleading deficiencies because "it was clear that the plaintiffs had made their best case and had been found wanting." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). *Id.* As is the case here, the plaintiff's failure to cure its

---

[2] *See* Claim 12 where Oracle alleges Unfair Practices by incorporating the same 147 paragraphs by reference (¶163); quoting Cal. Bus. & Prof. Code § 17043 (¶164(a)), § 17030 (¶164(b)), and § 17095 (¶165); and then stating that it is entitled to an injunction and damages (¶166).

1  pleading deficiencies was "a strong indication that the plaintiffs have no additional facts to plead."
2  *Id.*
3      Mr. Ravin has now filed two Motions to Dismiss and has made Oracle aware of the multitude
4  of deficiencies in its pleadings. *See* Doc. Nos. 28, 49.  Oracle, however, did not to address these
5  problems, presumably because it cannot.  Allowing Oracle to further amend its FAC would
6  unnecessarily delay the proceedings, cause undue prejudice to Mr. Ravin, and be futile in light of
7  Oracle's previous failure to properly remedy the shortcomings in its pleadings.  Oracle's chance to
8  amend its pleadings has come and gone, and the add-on claims should be dismissed.

## V.  CONCLUSION

Oracle's FAC fails to meet the basic pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Oracles add-on claims should be dismissed as to Mr. Ravin.

| DATED: June 3, 2010 | SHOOK, HARDY & BACON LLP |
|---|---|
| | By:  /s/*Robert H. Reckers*_____ |
| | Robert H. Reckers, Esq. *(pro hac vice)*<br>600 Travis Street, Suite 1600<br>Houston, Texas   77002<br>Telephone: (713) 227-8008<br>Facsimile: (731) 227-9508<br>rreckers@shb.com |
| | *Attorney for Defendants*<br>*Rimni Street, Inc. and Seth Ravin* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By:    /s/Robert H. Reckers
*Attorney for Defendants*
*Rimni Street, Inc. and Seth Ravin*