| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>B. Trent Webb, Esq. *(pro hac vice)*<br>Eric Buresh, Esq. *(pro hac vice)*<br>2555 Grand Boulevard<br>Kansas City, Missouri 64108-2613<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>bwebb@shb.com<br>eburesh@shb.com<br><br>Robert H. Reckers, Esq. *(pro hac vice)*<br>600 Travis Street, Suite 1600<br>Houston, Texas 77002<br>Telephone: (713) 227-8008<br>Facsimile: (731) 227-9508<br>rreckers@shb.com | GREENBERG TRAURIG<br>Mark G. Tratos, Esq. (Nevada Bar No. 1086)<br>Brandon Roos, Esq. (Nevada Bar No. 7888)<br>Leslie Godfrey, Esq. (Nevada Bar No. 10229)<br><br>*Attorneys for Defendants*<br>*RIMINI STREET, INC. and SETH RAVIN* |

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANT RIMINI STREET'S MOTION FOR PROTECTIVE ORDER REGARDING THE LOCATION OF DEPOSITIONS** |

//
//
//
//

---

RIMINI STREET INC.'S OPPOSITION TO RIMINI STREET'S MOTION TO DISMISS

2:10-CV-106

4054854 V1

### RIMINI STREET'S MOTION FOR PROTECTIVE ORDER REGARDING THE LOCATION OF DEPOSITIONS

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Rimini Street, Inc. ("Rimini Street") files this motion for protective order regarding the location of depositions.

## I.   REQUEST FOR EXPEDITED TREATMENT

The present motion addresses a deposition scheduled to take place tomorrow, June 25, 2010. The parties engaged in a meet-and-confer process (described below and provided in Attachment A) that did not present a solidified dispute until the evening of June 23, 2010. Accordingly, Rimini Street requests expedited treatment of this motion such that, if possible, the Court may provide a resolution to the parties' dispute prior to the currently scheduled deposition. To that end, counsel for Rimini Street can be available today for a telephonic conference on the present issues to the extent the Court would desire such a conference.

## II.   INTRODUCTION AND MEET AND CONFER PROCESS

Put simply, Oracle is seeking to require Rimini Street's witness to appear at the offices of Oracle USA, Inc.'s ("Oracle") counsel rather than a location chosen by and preferable to the witness. In the interest of protecting its witness from unnecessary strain, Rimini Street objects to producing witnesses at opposing counsel's offices. Accordingly, Rimini Street seeks the Court's protection. The parties agree that the deposition should take place in the San Francisco Bay area. In fact, the actual locations in question are merely several blocks apart. However, Rimini Street's witness, who has never been deposed before, strongly prefers providing testimony at a familiar and less intimidating location. And Oracle's counsel has no legitimate reason to force Rimini Street's witnesses to endure any more discomfort than necessary. Through extensive correspondence, the parties have met and conferred regarding this matter, and have been unable to reach an agreement. *See* Attachment A (correspondence, including Oracle's Rule 30(b)(6) deposition notice). Rimini Street made numerous offers to resolve this dispute without involving the Court. For example,

1  Rimini Street offered a bi-lateral agreement by which each party could select the location for its own
2  witnesses for depositions.  *See id.* at 3 – 4.  Rimini Street also offered means for resolving the instant
3  dispute without risking a delay in the currently scheduled deposition.  *See id.* at 4.  The parties could
4  not reach any such resolution.

5  **II.    LEGAL STANDARD**

6  With respect to the location of a 30(b)(6) deposition of a defendant, the presumption is that
7  deposition will occur where the witness is normally located.  *James Brooks Co., Inc. v. Certain*
8  *Underwriters at Lloyd's London*, 2006 WL 2168195 at *3 (E.D. Cal., 2006); *Belk, Inc. v. Meyer*
9  *Corp.*, 2009 WL 703704 at *5 (W.D. N.C., 2009) ("in the absence of special circumstances, a party
10 seeking discovery must go where the desired witnesses are normally located.") (citations omitted).
11 If the deposing party names another place for deposition and the defendant objects, "the objection
12 should be sustained absent some unusual circumstance to justify putting the defendant to such
13 inconvenience."  *James Brooks Co.*, 2006 WL 2168185 at *3.

14 A party is allowed to move for a protective order designating a different place for the
15 deposition.  *HIMC Corp. v. Ramchandani*, 2008 WL 706794 at *2 (W.D. Wash., 2008).  "Once their
16 protection is sought, district courts have wide discretion to establish the time and place of
17 depositions."  *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008).  In granting a
18 protective order, "Courts consider the relative convenience of and hardships to the parties when
19 determining whether there is good cause."  *Id.*

20 **III.   GOOD CAUSE SUPPORTS THE REQUESTED PROTECTIVE ORDER**

21
22 Rimini Street's witness, and many anticipated upcoming Rimini Street witnesses, have never
23 been deposed before and, understandably, are anxious regarding the process.  Common sense
24 dictates that such witnesses are going to be more comfortable, less intimidated, and less anxious in a
25 familiar setting.  While Rimini Street does not believe it is Oracle's goal, the practical impact of
26 Oracle's demand is that Rimini Street's witness will be less comfortable, more intimidated, and more
27 anxious in an unfamiliar and adversarial setting such as opposing counsel's offices.  Putting Rimini
28 Street's witness through unnecessary hardship is not consistent with the presumptively shared goal

1  of developing a clear record from which the parties can resolve their dispute on the merits.  From a
2  procedural perspective, Oracle seeks to depose Rimini Street witnesses at the offices of its counsel,
3  going against the presumption that a defense witness should be deposed in the place where they are
4  normally located.  Rimini Street objected.  Absent special circumstances, this objection should be
5  sustained.  *James Brooks Co.*, 2006 WL 2168185 at *3.  Oracle has not and cannot identify any
6  special circumstances.

7  Oracle has asserted that it needs to take the deposition in its counsel's office because
8  "attorneys often need access to work product material during the deposition.  [Rimini Street's]
9  proposal requires that we anticipate the need for all such material and bring it with us, or do
10 without." *See* Attachment A at 1.  This argument is illegitimate for two reasons.  First, it focuses on
11 the convenience of one party's *counsel*, while ignoring the hardship to the witness.  *Fausto*, 251
12 F.R.D. at 429.  Second, Oracle's argument is contrary to the reality of deposition practice, in which
13 deposing attorneys must prepare for and bring exhibits to a deposition, often in cities or countries far
14 away from their offices.  Further, Rimini Street has assured Oracle's counsel that it would afford
15 them the amenities it requires to remedy any unanticipated needs, including the ability to print and
16 copy documents as necessary.

17 In short, Oracle has shown no special or unusual circumstance justifying ignoring Rimini
18 Street's objection.  The proffered witness would face unnecessary hardship by undergoing the
19 deposition process in unfamiliar surroundings at the offices of opposing counsel.  Accordingly, good
20 cause exists for the granting of the requested protective order.  Importantly, the purpose of the
21 deposition will be furthered in that the search for truth will be facilitated by having the deposition
22 proceed under circumstances that limit hardship to the witness.  Oracle will not be prejudiced by the
23 granting of this protective order, and, indeed, it is everyday practice that deposing counsel bring
24 exhibits to the location of the witness to conduct a deposition.

25 **IV.   CONCLUSION**

26 Oracle has shown no unusual or special circumstances to overcome the defendant's
27 objections, and justify hardship to the deponent.  Rimini Street has shown good cause for a

28

1  protective order instructing that the upcoming deposition take place at the location selected by
2  Rimini Street.

| DATED: JUNE 24, 2010 | SHOOK, HARDY & BACON |
|---|---|
| | By:  __/s/ Eric Buresh_____<br>B. Trent Webb, MO Bar No. 40778<br>Eric A. Buresh, MO Bar No. 52407<br>Robert H. Reckers, TX Bar No. 24039520<br>SHOOK, HARDY & BACON L.L.P.<br>2555 Grand Blvd.<br>Kansas City, MO 64108-2613<br>816-474-6550 Telephone<br>816-421-5547 Facsimile<br>    Attorney for Defendants<br>    Rimni Street, Inc. and Seth Ravin |

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: _____/s/ Eric Buresh_____
Eric A. Buresh, MO Bar No. 52407
Attorney for Defendants
Rimini Street, Inc. and Seth Ravin