# Attachment A

**From**: Fred Norton <fnorton@BSFLLP.com>
**To**: Buresh, Eric A. (SHB); Reckers, Robert H. (SHB); Kieran Ringgenberg <kringgenberg@BSFLLP.com>
**Cc**: jim maroulis <jim.maroulis@oracle.com>; Howard, Geoff <geoff.howard@bingham.com>; Hixson, Thomas S. <thomas.hixson@bingham.com>; Palumbo, Kristen A. <kristen.palumbo@bingham.com>; tratosm@gtlaw.com <tratosm@gtlaw.com>; roosb@gtlaw.com <roosb@gtlaw.com>; godfreyl@gtlaw.com <godfreyl@gtlaw.com>
**Sent**: Wed Jun 23 17:57:05 2010
**Subject**: RE: Oracle USA, et al v. Rimini Street, et al

Eric,

Bingham is counsel in this case, so your assumption that we would need to ship or carry documents to their offices is mistaken. While I appreciate the fact that you will extend us courtesies in your offices, attorneys often need access to work product material during the deposition. Your proposal requires that we anticipate the need for all such material and bring it with us, or do without.

Further, you have once again invoked the witness's "preference" rather than convenience. There can be no inconvenience to your witness in traveling to Bingham's San Francisco office rather than SHB's San Francisco office, and neither you nor Rob have identified any.

We will proceed with the noticed 30(b)(6) deposition at 9:30 a.m. on Friday, June 25, 2010, at Bingham's offices in San Francisco. An amended notice is attached to this email. If you refuse to appear at that place and at that time, you will need to seek a protective order from the Court before then. If you do choose to move, we request an expedited briefing schedule.

Please let me know as soon as possible whether you will appear Friday at Bingham's office or file a motion for protective order.

Thank you,

Fred Norton
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street
Suite 900
Oakland, California 94612
phone: (510) 874-1007
fax: (510) 874-1460


-----Original Message-----
From: Buresh, Eric A. (SHB) [mailto:EBURESH@shb.com]
Sent: Wednesday, June 23, 2010 2:36 PM
To: Fred Norton; Reckers, Robert H. (SHB); Kieran Ringgenberg
Subject: RE: Oracle USA, et al v. Rimini Street, et al

Fred,

Rob is getting on a plane also. By no "logistical difference," I am sure Rob was referring to the fact that you would be taking exhibits with you (or shipping) to Bingham's offices regardless. The same options are available at our offices. It is not our aim to inconvenience you or your team. Clearly, we will extend all possible

courtesies to you during the deposition, including food, drink, printing of any produced documents you may need during the deposition, etc.  Beyond that, your comments all relate to counsel's convenience rather than the witness's.  In this instance, we believe the witness's preference should control.

We will be producing the witness Friday at our offices.  I believe it makes the most sense to proceed as scheduled, and if this dispute resurfaces in future depositions, we can plan to raise it with the Court in advance -- again without any precedent set by Friday's deposition.  Alternatively, we can delay the deposition now and we will seek a protective order.  Please advise as to your preference immediately.

Eric

-----Original Message-----
From: Fred Norton [mailto:fnorton@BSFLLP.com]
Sent: Wednesday, June 23, 2010 4:05 PM
To: Reckers, Robert H. (SHB); Kieran Ringgenberg
Cc: Buresh, Eric A. (SHB)
Subject: RE: Oracle USA, et al v. Rimini Street, et al

Rob,

Kieran is on an airplane now, and he asked me to follow up on this matter.  There is a "logistical difference" - the party taking the deposition brings the exhibits.  It is considerably more convenient to take depositions in our own offices.  It avoids the need to cart boxes back and forth, and allows the attorney taking the deposition to retrieve and print additional documents if necessary (for example, if prompted by the witness's testimony).  Consequently, the procedure we propose is consistently more convenient for both sides.

Further, without agreeing that the "presumption" you claim exists or has any application in these circumstances, you have not actually identified any reason that the witness would have a preference for the conference rooms in SHB's San Francisco offices over the conference rooms in Bingham's San Francisco offices.

Our preference, as previously stated, is to take the deposition this Friday at the offices of Boies Schiller & Flexner in Oakland. As a compromise for this particular deposition, we are willing to conduct the deposition this Friday at Bingham's San Francisco office.

Please let me know your response.

Fred Norton


-----Original Message-----
From: Reckers, Robert H. (SHB) [mailto:RRECKERS@shb.com]
Sent: Wednesday, June 23, 2010 1:46 PM
To: Kieran Ringgenberg
Cc: Buresh, Eric A. (SHB); Fred Norton
Subject: RE: Oracle USA, et al v. Rimini Street, et al

Kieran,

At this point, it clearly makes no logistical difference.  So, we cannot understand why the witness' preference should not control.  If there is some legitimate problem with our offices, let us know.

As I need to leave for the airport in the next hour, please let me know your preference as to the three options set forth below as soon as possible.

Thanks, Rob

2

```
-----Original Message-----
From: Kieran Ringgenberg [mailto:kringgenberg@BSFLLP.com]
Sent: Wednesday, June 23, 2010 2:54 PM
To: Reckers, Robert H. (SHB)
Cc: Buresh, Eric A. (SHB); Fred Norton
Subject: Re: Oracle USA, et al v. Rimini Street, et al
```

Rob:

How about this.  Without setting a precedent for future depositions, we'd agree to hold this deposition in San Francisco at Bingham's office.  It's a few blocks from SHB's office.

Please let me know.

```
----- Original Message -----
From: Reckers, Robert H. (SHB) <RRECKERS@shb.com>
To: Kieran Ringgenberg
Cc: Buresh, Eric A. (SHB) <EBURESH@shb.com>; Fred Norton
Sent: Wed Jun 23 14:38:12 2010
Subject: RE: Oracle USA, et al v. Rimini Street, et al
```

Kieran,

The general rule mentioned in your email is balanced by the case law presumption that defense witnesses will be examined at their residence or place of employment, i.e., where they are normally located.  And if a defendant objects to depositions at other locations, the objection is presumptively sustained absent unusual circumstances. The underlying premise is that defense witnesses may choose the location most convenient to them in their daily lives.  The witness Friday has chosen our firm as that location.

As noted by my previous emails, Rimini Street objects to conducting the deposition at your Oakland office because it is more convenient for our witness to be deposed at our offices.  Rimini Street's objection presumptively is sustained, and it is not clear that a separate motion for protective order is necessary.  Certainly, it makes little sense to waste the Court's time with such items in light of the presumptions in place. Nonetheless, if this can't be resolved, we think the better practice is, as you suggest, to ask the court to resolve the dispute through a motion for a protective order.

We proffer three possible solutions to resolving the immediate situation:

1)      We leave open the offered procedural agreement set forth in my prior e-mail whereby each party can select the location at which it produces its witnesses
2)      We can proceed with the deposition on Friday at SHB's offices without prejudice to subsequent depositions, i.e., Friday's deposition would not act as a precedent in any way - this would be designed to allow more time to raise the issue with the Court without impacting the current deposition schedule
3)      We can delay the deposition, and we will move expeditiously for a protective order.

Please let me know your preference before 3 Pacific time today.

Thanks, Rob

```
-----Original Message-----
From: Kieran Ringgenberg [mailto:kringgenberg@BSFLLP.com]
```

3

```
Sent: Tuesday, June 22, 2010 5:57 PM
To: Reckers, Robert H. (SHB)
Cc: Buresh, Eric A. (SHB); Fred Norton
Subject: RE: Oracle USA, et al v. Rimini Street, et al
```

Rob:

We have further considered this. We continue to believe it is more efficient and practical to conduct the deposition at the location chosen by the taking attorney. Moreover, "[a] s a general rule, a party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order designating a different place." New Medium Technologies LLC v. Barco N.V., 242 F.R.D. 460, 465 (N.D.Ill.2007). As I have said, we will be happy to conduct depositions in the geographic area convenient to the witnesses. And, of course, if there was any burden associated with appearing at the location of our choosing, we would work with you to address any particular issues.

In this instance, Rimini Street chose to conduct this deposition in the San Francisco Bay Area. I do not understand you to claim a burden in appearing in Oakland - which, I might add, is actually closer to Rimini Street's offices in Pleasanton than San Francisco.

We will go forward with the deposition in Oakland on Friday.

Best,

Kieran Ringgenberg

_____
```
From: Reckers, Robert H. (SHB) [mailto:RRECKERS@shb.com]
Sent: Friday, June 18, 2010 10:29 AM
To: Kieran Ringgenberg
Cc: Buresh, Eric A. (SHB); Fred Norton
Subject: RE: Oracle USA, et al v. Rimini Street, et al
```

Thanks.

Regarding the location, we do not agree that the best practice is to conduct the deposition at the office of the taking attorney's choice. Rather, our practice is to produce party witnesses at the office of their attorneys, to the extent possible. The obvious exception being when the party's attorneys do not have an office in a location that is convenient for the witness. In this case, it remains the taking attorney's responsibility to arrange a convenient location for the deposition.

Is Oracle agreeable to this approach for setting the location of depositions, when feasible?

```
From: Kieran Ringgenberg [mailto:kringgenberg@BSFLLP.com]
Sent: Thursday, June 17, 2010 6:36 PM
To: Reckers, Robert H. (SHB)
Cc: Buresh, Eric A. (SHB); Fred Norton
Subject: RE: Oracle USA, et al v. Rimini Street, et al
```

Rob,

Thanks. We'll go forward on June 25.

With regard to the location, we are happy to conduct the deposition in the geographic area (e.g., Bay Area versus Las Vegas) that is convenient for the witness. However, we

4

think the better practice is to conduct the deposition at the specific office of the taking attorney's choice.  If there is some particular issue with regard to the location of this deposition, we could discuss is, but absent something specific, the deposition will occur at our office in Oakland.

Please let me know if you would like to discuss.


_____
From: Reckers, Robert H. (SHB) [mailto:RRECKERS@shb.com]
Sent: Monday, June 14, 2010 10:51 AM
To: Kieran Ringgenberg
Cc: Buresh, Eric A. (SHB); Fred Norton
Subject: RE: Oracle USA, et al v. Rimini Street, et al


Kieran,

We propose the following dates for the 30(b)(6) deposition: June 24, 25, 29, 30 or July 1.  The deposition will be held in Shook Hardy's San Francisco Office.

Please let us know which date you prefer.

Rob


From: Reckers, Robert H. (SHB)
Sent: Thursday, June 10, 2010 3:13 PM
To: 'Kieran Ringgenberg'
Cc: Buresh, Eric A. (SHB); 'Fred Norton'
Subject: RE: Oracle USA, et al v. Rimini Street, et al


Kieran,

I expect to have dates for you by Monday at the latest.

Best,

Rob


_____
From: Kieran Ringgenberg [mailto:kringgenberg@BSFLLP.com]
Sent: Wednesday, June 09, 2010 12:10 PM
To: Reckers, Robert H. (SHB)
Cc: Buresh, Eric A. (SHB); Fred Norton
Subject: RE: Oracle USA, et al v. Rimini Street, et al
Rob:

We'll work with you on the dates, but we do need to move forward on these.  Can you let me know the status?


_____
From: Reckers, Robert H. (SHB) [mailto:RRECKERS@shb.com]
Sent: Thursday, June 03, 2010 3:52 PM
To: Kieran Ringgenberg
Cc: Buresh, Eric A. (SHB); Fred Norton
Subject: RE: Oracle USA, et al v. Rimini Street, et al

5

Kieran,

We received Oracle's First 30(b)(6) notice, which was served yesterday.  The date currently set for this deposition, June 14, will not work for Rimini's counsel given scheduling conflicts. We are working to identify the appropriate designate(s) and will follow up as soon as practicable with further information regarding the availability of the witness(es) and location for the deposition.

Best,

Rob
[cid:image001.jpg@01CB0EF8.85F734C0]<http://www.shb.com/>


Robert H. Reckers
Associate
JP Morgan/Chase Tower
600 Travis, Suite 1600
Houston, TX 77002-2992
PHONE: 713.227.8008 x65014
FAX: 713.227.9508
RRECKERS@shb.com<mailto:RRECKERS@shb.com>


_____


Mail Gate made the following annotations on Thu Jun 03 2010 17:52:26

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.


_____
IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
_____
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]

Mail Gate made the following annotations on Mon Jun 14 2010 12:50:38

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is