BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
FRED NORTON (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
fnorton@bsfllp.com
kringgenberg@bsfllp.com

Attorneys for Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation

BINGHAM MCCUTCHEN LLP
GEOFFREY M. HOWARD (*pro hac vice*)
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

DORIAN DALEY (*pro hac vice application to be submitted*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA., INC, a Colorado corporation, ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC., AND ORACLE INTERNATIONAL CORPORATION'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER RE DEPOSITION LOCATION** |

1   Plaintiffs Oracle USA, Inc. ("Oracle USA"), Oracle America, Inc. ("Oracle America")
2   and Oracle International Corporation ("OIC") (together "Oracle" or "Plaintiffs") oppose Rimini
3   Street, Inc.'s ("Rimini") motion for a protective order. Oracle regrets this matter has taken the
4   Court's time. The motion is meritless because Rimini has no burden, and has shown no burden,
5   in traveling the eight blocks (about 1,000 yards) between the San Francisco office tower
6   preferred by Rimini and the San Francisco office tower specified in the deposition notice.

**BACKGROUND**

8   Oracle issued a Rule 30(b)(6) deposition notice on issues relating to document
9   preservation and collection. The notice specified a location in Las Vegas, where Rimini is
10  headquartered. Rimini said it preferred to have the deposition go forward in San Francisco at
11  Rimini's counsel's office. Oracle proposed the deposition take place in Oakland, where Oracle
12  counsel Boies, Schiller & Flexner LLP are located, but Rimini insisted on San Francisco. That is
13  a distance of a few miles. As a compromise, Oracle offered to take the deposition in San
14  Francisco, at the offices of Bingham McCutchen LLP, also counsel to Oracle in this action, and
15  issued an amended deposition notice for that location. According to Google Maps, the distance
16  between Bingham's and Shook Hardy's offices in San Francisco is 0.6 miles. Rather than appear
17  on the noticed date at the noticed place, Rimini moved for a protective order.

**ARGUMENT**

19  Rimini's motion for protective order requires a showing of good cause. Rimini has made
20  no such showing. Instead, Rimini merely contends in its brief that the unidentified witness
21  would be more comfortable if the deposition took place in Rimini counsel's office. That is not
22  good cause, and the motion should be denied.
23  A motion for a protective order requires a showing of "good cause" to protect a party
24  from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P.
25  26(c)(1). "For good cause to exist, the party seeking protection bears the burden of showing
26  specific prejudice or harm will result if no protective order is granted." *Phillips v. General*
27  *Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). If the moving party fails to present
28  evidence showing prejudice or harm, the motion should be denied. For example, in *Cadent Ltd.*

1  *v. 3M Unitek Corp.*, 232 F.R.D. 625 (C.D. Cal. 2005), plaintiff moved for a protective order to
2  require that Rule 30(b)(6) depositions be conducted in Israel, where plaintiff was headquartered,
3  rather than in Los Angeles.  The court rejected that motion:  "Since plaintiff has the burden under
4  Rule 26(c) to show good cause for the issuance of a protective order requiring the depositions not
5  be held in Los Angeles, where they were noticed, and it has presented absolutely no evidence
6  showing a specific and particular need for such protective order, its request is without merit."  *Id.*
7  at 629.
8         Rimini similarly has failed to present any evidence or even sound reason for a protective
9  order.  Rimini relies on a presumption that depositions should occur at a witness's home or
10 business location, but Oracle already agreed to conduct the deposition in San Francisco – rather
11 than Las Vegas – for the convenience of this witness.  Rimini seeks to convert the presumption
12 that depositions should take place in the city convenient for the witness into a rule that a
13 deposition must always occur at the specific office arbitrarily "preferred" by the witness.  That is
14 simply not the law.
15        Indeed, Rimini's primary authority for its motion rejects the very argument that Rimini
16 makes.  In *James Brooks Co., Inc. v. Certain Underwriters at Lloyd's London*, No. CV-F-05-
17 0849, 2006 WL 2168195 (E.D. Cal. July 31, 2006), the plaintiff's 30(b)(6) witness was in
18 Oakland, and the defendant sought to take that witness's deposition in defense counsel's own
19 offices in San Francisco.  The district court ***denied*** the plaintiff's request for a protective order
20 because there was no undue burden in traveling from Oakland to San Francisco for a deposition,
21 which is a trip of a few miles across the San Francisco Bay Bridge.  *See id.* at *3 ("The location
22 for the deposition that is requested is not distant from the corporate office.  Therefore, the
23 deposition will be compelled for defense counsel's office."); *see also Clokey v. County of*
24 *Sacramento*, No. CV-S-08-2239, 2009 WL 3379077, at *2 (E.D. Cal. Oct. 19, 2009) (denying
25 protective order because although noticed deposition location "will certainly impose some
26 burden and expense on defendants, defendants have not shown … that requiring defendants to
27 travel to [the deposition location] is *unduly* burdensome or expensive") (emphasis in original).  If
28 the witness in *James Brooks* could be required to cross the San Francisco Bay, and the witnesses

in *Cadent* could be required to cross an ocean and a continent, surely Rimini's witness can be required to cross eight city streets.

The sole factual ground that Rimini offers in support of its motion is that its witnesses may be "intimidated" by appearing at the "unfamiliar" offices of Oracle's counsel, as opposed to the more "familiar setting" of Rimini's counsel's offices. If Rimini witnesses experience any nervousness, it will arise from process of answering questions under oath, not from the office in which the deposition is conducted. Rimini's witnesses undoubtedly will find Oracle's counsel's conference rooms to be just as comfortable and professional as any other law firm's conference rooms.

The motion should be denied.

DATED: June 24, 2010                    BOIES SCHILLER & FLEXNER LLP


By: /s/ Kieran P. Ringgenberg
Kieran P. Ringgenberg
Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc.,
and Oracle International Corp.

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on the 24th day of June, 2010, I electronically transmitted the |
| 3 | foregoing **PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC., AND** |
| 4 | **ORACLE INTERNATIONAL CORPORATION'S OPPOSITION TO MOTION FOR** |
| 5 | **PROTECTIVE ORDER RE DEPOSITION LOCATION** to the Clerk's Office using the |
| 6 | CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this |
| 7 | matter; all counsel being registered to receive Electronic Filing. |

By: /s/ Christina Seki
An employee of Boies, Schiller & Flexner LLP