UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation;<br>ORACLE AMERICA, INC., a Delaware<br>corporation; and ORACLE<br>INTERNATIONAL CORPORATION, a<br>California corporation,<br><br>                  Plaintiffs,<br><br>  v.<br><br>RIMINI STREET, INC., a Nevada<br>corporation; SETH RAVIN, an individual,<br><br>                  Defendants. | 2:10-CV-00106-LRH-PAL<br><br>ORDER |

Before the court is Defendant Seth Ravin's ("Ravin") Motion to Dismiss (#49[1]).  Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Plaintiffs") filed an opposition (#58) to which Ravin replied (#64).

Also before the court is Defendant Rimini Street, Inc.'s Motion to Dismiss (#48).

I.      **Facts and Procedural History**

On February 15, 2010, Plaintiff Oracle USA, Inc. merged with Sun Microsystems, Inc. (Am. Compl. ¶ 15.)  The surviving corporation was renamed Oracle America, Inc. ("Oracle America").  (*Id.*)  Oracle America develops and licenses intellectual property and

---

[1]Refers to the court's docket entry number.

provides related services.  (*Id.*)  Plaintiff Oracle International Corporation ("OIC") also owns and licenses intellectual property.  (Am. Compl. ¶ 16.)

Defendant Ravin is the founder, president, and CEO of Rimini Street.  (Am. Compl. ¶ 17.) Rimini Street is a company that provides support to companies that license Oracle's software applications.  (Am. Compl. ¶¶ 5, 18.)

On January 25, 2010, Plaintiffs filed a complaint against Defendants (#1).[2]  Plaintiffs allege that Rimini Street illegally downloaded Oracle's software and support materials by logging on to Oracle's password protected websites using a customer's individual login credentials, and downloading materials in excess of that customer's authorized license agreement.  (Am. Compl. ¶¶ 5, 6.)  Further, Rimini Street allegedly copied this software, in order to offer low-cost support to other Oracle customers and induce them to cancel their support contracts with Oracle in favor of Rimini Street.  (Am. Compl. ¶ 9.)

On April 4, 2010, Plaintiffs filed an amended complaint against defendants (#36) alleging thirteen causes of action: (1) copyright infringement; (2) violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030(a)(2)(C), (a)(4) & (a)(5); (3) violation of the California Computer Data Access and Fraud Act, California Penal Code § 502; (4) violation of Nevada Revised Statute 205.4765; (5) breach of contract; (6) inducing breach of contract; (7) intentional interference with prospective economic advantage; (8) negligent interference with prospective economic advantage; (9) unfair competition, as defined by California Business & Professions Code §§ 17200, *et seq*.; (10) trespass to chattels; (11) unjust enrichment/restitution; (12) unfair practices, as defined by California Business & Professions Code §§ 17000, *et seq*.; and (13) an accounting.

Thereafter, Defendants filed the present motions to dismiss (##48, 49).

\\\

---

[2] The following facts are taken from Plaintiffs' first amended complaint (#36).  Because the court considers this case on a motion to dismiss, the court accepts the allegations in the amended complaint as true. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

## II.     Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 1949 (internal quotation marks omitted).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged.  *See id.* at 1949-50.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true.  *Id.* (citation omitted).  However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (*quoting Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted).  The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the

form of a factual allegation." *Id.* (*citing Iqbal*, 129 S. Ct. at 1951.)  "In sum, for a complaint to

survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from

that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (*quoting*

*Iqbal*, 129 S. Ct. at 1949).

**III.     Discussion**

Defendant Ravin seeks to dismiss the following claims: claim six (6) for inducing breach of

contract; claim seven (7) for intentional interference with prospective economic advantage; claim

eight (8) for negligent interference with prospective economic advantage; claim nine (9) for unfair

competition, as defined by California Business & Professions Code §§ 17200, *et seq.*; claim eleven

(11) for unjust enrichment/restitution; claim twelve (12) for unfair practices, as defined by

California Business & Professions Code §§ 17000, *et seq.*; and claim thirteen (13) for an

accounting (#49).  Defendant Rimini Street also seeks dismissal of claims six, seven, eight, nine,

eleven, twelve, and thirteen, as well as claim two (2) for violation of the federal Computer Fraud

and Abuse Act, 18 U.S.C. §§ 1030(a)(2)(C), (a)(4) & (a)(5); claim three (3) for violation of the

California Computer Data Access and Fraud Act, California Penal Code § 502; claim four (4) for

violation of Nevada Revised Statute 205.4765; and claim ten (10) for trespass to chattels (#48).

The court shall address each of the claims below.

**A. Claim 2 - Computer Fraud and Abuse Act**

In Count Two, Plaintiffs allege that Defendants violated the Computer Fraud and Abuse

Act, 18 U.S.C. § 1030.  Under the act, it is a crime to intentionally access a computer without

authorization and thereby obtain information.  18 U.S.C. § 1030(a)(2)(c).

Here, Plaintiffs allege that Defendant Rimini Street violated § 1030(a)(2)(C) by using

Oracle customers' login credentials to download at least 100,000 files in excess of those

customers' license agreements.  (Am. Compl. ¶¶ 5, 44.)  Moreover, Plaintiffs allege that Rimini

Street automated its massive downloading with search "crawlers" which allow for unauthorized

information gathering.  (Am. Compl. ¶ 6.)  Taking the allegations in the light most favorable to

Plaintiffs, the court finds that Plaintiffs have sufficiently pled a violation of the Computer Fraud

and Abuse Act.

### B.  Claim 3 - California Computer Data Access and Fraud Act

In Count Three, Plaintiffs allege that Defendants have violated the Computer Data Access

and Fraud Act, California Penal Code § 502.  Under § 502(c)(2), it is a crime to knowingly access

and without permission, take data from a computer network.  CAL. PENAL CODE § 502(c)(2).

Here, Plaintiffs sufficiently allege that Defendants have violated California Penal Code §

502(c)(2) by knowingly accessing and without permission, taking, copying, and making use of

Oracle's materials and other data from Oracle's Technical Support website, including at least

100,000 unauthorized files.  (Am. Compl. ¶¶ 44, 92.)  Accordingly, the court will not dismiss this

claim.

### C.  Claim 4 - Nevada Revised Statute 205.4765

Under Nevada Revised Statute 205.4765, it is a misdemeanor for a person[3] to gain

unauthorized access to data or supporting documents that exist inside or outside a computer,

system, or network.  NRS 205.4765.

As above, Plaintiffs allege that Defendants violated Nevada Revised Statute 205.4765 by

knowingly, and without authorization, obtaining or attempting to obtain access to Oracle's

software and support materials, including at least 100,000 unauthorized files by using automated

search crawlers to cull restricted and unauthorized information.  (Am. Compl. ¶¶ 44, 102.)

Therefore, the court finds that Plaintiffs have likewise pled a claim for violation of asserted facts

Nevada Revised Statute 205.4765.

---

[3]Nevada Revised Statute 0.039 defines a "person" as "a natural person, any form of business or social organization and any other nongovernmental legal entity including, but not limited to, a corporation, partnership, association, trust or unincorporated organization."  NRS 0.039.  Thus, Rimini Street can be considered a person for the purposes of evaluating this claim.

**D.  Claim 6 - Inducing Breach of Contract**

Plaintiffs allege that Defendants induced Plaintiffs' customers to breach their contracts with Plaintiffs.  (Am. Compl. ¶ 118.)  Intentional interference with contractual relations has its roots in the tort of inducing breach of contract.  *Seaman's Direct Buying Serv. v. Std. Oil. Co.*, 36 Cal.3d 752 (Cal. 1984).  To state a claim for intentional interference with contractual relations, Plaintiffs must establish the following elements: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage.  *Sutherland v. Gross.*, 772 P.2d 1287, 1290 (Nev. 1989).

Here, Plaintiffs assert the existence of valid contracts with their customers through the Terms of Use on Oracle's customer support website.  (*See* Am. Compl. ¶ 116.)  Further, Plaintiffs allege that Defendants had knowledge of Oracle's contracts through Ravin's admissions, and therefore intentionally disrupted those contracts through their use of customer credentials to download materials that were not licensed by Defendants or the customer.  (*See* Am. Compl. ¶¶ 5-7, 46.)  Finally, Plaintiffs argue that Defendants' "large-scale downloading" has damaged Oracle's servers and resulted in "loss of profits from sales to current and potential customers."  (*See* Am. Compl. ¶¶ 7, 65.)

In opposition, Defendants argue that the claim should be dismissed because Defendants acted on behalf of their customers and thus cannot be held liable for inducing breach of contract.  (*See* Ravin Mot. Dismiss (#49) 4:8-10; *see also* Rimini Street Mot. Dismiss (#48) 11:21-12:16.)  However, the court finds that Plaintiffs have sufficiently pled that Defendants used Oracle's customers' support passwords which Defendants did not have authorized access to, to force their customers to violate the terms and use agreement by accessing unauthorized information.  Therefore,  the court finds that Plaintiffs have alleged facts establishing a claim for intentional interference with contractual relations.

### E.  Claim 7 - Intentional Interference with Prospective Economic Advantage

A cause of action for interference with prospective economic advantage requires: (1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct.  *Leavitt v. Leisure Sports, Inc.*, 734 P.2d 1221, 1225 (Nev. 1987).

Here, Plaintiffs allege that they had expectations in continuing economic relationships with prospective purchasers and licensees by providing increased support services and software updates to its customers.  (*See* Am. Compl. ¶ 121.)  Further, Plaintiffs allege that Defendants intended to harm Plaintiffs' business by luring customers with promotional statements regarding Defendants' ability to provide support services for Oracle software which Defendants were not privileged in offering because they could only offer these services through improper access to Oracle America's computer systems.  (*See* Am. Compl. ¶ 124.)  Therefore, taking the allegations in the complaint in the light most favorable to Plaintiffs, the court finds that Plaintiffs have sufficiently pled a claim for interference with prospective economic advantage.  Accordingly, the court shall not dismiss this claim.

### F.  Claim 8 - Negligent Interference with Prospective Economic Advantage

In Count Eight of the amended complaint, Plaintiffs assert a claim of negligent interference with prospective economic advantage against Defendants  (Am. Compl. ¶¶ 91-99.)  Under Nevada law, negligent interference with prospective economic advantage is not a recognized cause of action.  *See Local Joint Executive Bd., Culinary Workers Union, Local. No. 226 v. Stern*, 98 Nev. 409, 411 (Nev. 1982) ("[W]e believe the tests that have been developed to determine who should recover for negligent interference with contract or prospective economic advantage are presently inadequate to guide trial courts to consistent, predictable, and fair results.").  Accordingly, the

1  court shall dismiss this claim.

2  **G.  Claim 9 - Unfair Competition**

3        California's unfair competition statute prohibits any unfair competition, which means "any

4  unlawful, unfair, or fraudulent business act or practice." CAL. BUS. & PROF. CODE §§ 17200, *et*

5  *seq.*  Thus, in order to state a claim for unfair competition, Plaintiffs must allege that Defendants'

6  actions were unlawful, unfair, or fraudulent.

7        Here, Plaintiffs allege that Defendants "have engaged in unlawful business acts or practices

8  . . . in an effort to gain unfair competitive advantage over" Plaintiffs, as defined by California

9  Business & Professions Code §§ 17200, *et seq.*, by engaging in "computer fraud, trespass, breach

10  of contract, and other illegal acts" to download at least 100,000 unauthorized files, and inducing

11  Oracle's support customers to enter into profitable support contracts with Rimini Street.  (Am.

12  Compl. ¶¶ 44, 141, 145.)  Moreover, Plaintiffs allege that "Ravin personally logged into Oracle's

13  Technical Support website on behalf of a customer, using a Rimini Street IP address, and

14  downloaded over 5,000 documents and over 11,000 files associated with those documents . . .

15  [many of which] were not licensed by Rimini Street or . . . the customer."  (Am. Compl. ¶ 46.)

16  The court finds that these allegations are sufficient to state a claim for unlawful activity under

17  California law.

18  **H.  Claim 10 - Trespass to Chattels**

19        Trespass to chattels occurs when a person intentionally uses or intermeddles with a chattel

20  in possession of another.  RESTATEMENT (SECOND) OF TORTS § 217 (1965).  A person will be

21  liable to the possessor of the chattel only if: "(a) he dispossesses the other of the chattel, or (b) the

22  chattel is impaired as to its condition, quality, or value, or (c) the possessor is deprived of the use

23  of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is

24  caused to some person or thing in which the possessor has a legally protected interest."

25  RESTATEMENT (SECOND) OF TORTS § 218.

26

8

Plaintiffs allege that Defendants intentionally interfered with Oracle America's use or possession of Oracle's customer support websites and Oracle's related internal databases which caused damage to the functionality of Oracle America's computer systems and data. After reviewing the complaint, the court finds that Plaintiffs have sufficiently asserted a cause of action for trespass to chattels because they have alleged facts indicating that Defendants' conduct, including use of search crawlers, impaired the ability of Oracle America's network systems and information databases to function properly. Accordingly, the court shall not dismiss this cause of action.

**I.  Claim 11 - Unjust Enrichment**

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995).

Here, Plaintiffs allege that Defendants "unjustly received benefits at the expense of [Plaintiffs]" by downloading at least 100,000 unauthorized files from Oracle's site  (Am. Compl. ¶¶ 44, 161.)  Moreover, Plaintiffs claim that Ravin personally logged into Oracle's Technical Support website on behalf of a customer and downloaded over 11,000 unauthorized files.  (Am. Compl. ¶ 46.)  Accepting the allegations in the complaint as true and taking them in the light most favorable to Plaintiffs, the court finds that Plaintiffs have asserted a cause of action for unjust enrichment.

**J.  Claim 12 - Unfair Practices**

Section 17043 of the California Business and Professions Code provides, "[i]t is unlawful for any person engaged in business in this State to sell or use any article or product as a 'loss leader' as defined in Section 17030 of this chapter."  Section 17030 defines "loss leader" as

> any article or product sold at less than cost: (a) Where the purpose is to induce, promote or encourage the purchase of other merchandise; or (b) Where the effect is a tendency or capacity to mislead or deceive purchasers or prospective purchasers; or (c) Where the effect is to divert trade from or otherwise injure competitors.

CAL. BUS. & PROF. § 17030.  Furthermore, according to California Business and Professions Code § 17095, a "director, officer, or agent" may be held personally liable for assisting or aiding, even indirectly, in conduct that violates provisions of the California Business and Professions Code §§ 17000, *et seq.*  CAL. BUS. & PROF. § 17095.

Plaintiffs allege that Defendants have sold products as a loss leader by offering support at "more than 50% Annual Cost Savings" over Oracle support services. Further, Plaintiffs allege that Rimini Street "does not have the development capability to meet the support commitments it advertises at any price, much less the 50% discount it promotes" without illegally accessing Oracle's database. (Am. Compl. ¶¶ 36, 37.)  Therefore, the court finds that Plaintiffs have sufficiently asserted a cause of action for unfair practices because Plaintiffs have alleged that Defendants offered support beyond their means to generate business.  Furthermore, since Defendant Ravin is CEO of Rimini Street, he may be held personally liable for Rimini Street's conduct taken in violation of the California Business and Professions Code §§ 17000, *et seq.  See* CAL. BUS. & PROF. § 17095.  Accordingly, the court shall  not dismiss this claim.

### K.  Claim 13 - Accounting

"An action for accounting . . . is a proceeding in equity for the purpose of obtaining a judicial settlement of the accounts of the parties in which proceeding the court will adjudicate the amount due, administer full relief and render complete justice." *Verdier v. Superior Court*, 88 Cal. App. 2d 527, 530 (Cal. 1948).  "An accounting cause of action is equitable in nature, and may be sought 'where . . . the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable.'" *Civic Western Corp. v. Zila Industries, Inc.*, 66 Cal. App. 3d 1, 14 (Cal. 1977) (citation and quotes omitted).  Although courts typically grant an accounting where a fiduciary relationship exists between the parties, courts have extended the remedy of accounting to nonfiduciaries where "dealings between the parties are so complex that an equitable master, and not a jury, is required to sort out the various dealings between the parties." *Leonard v. Optimal*

*Payments Ltd. (In re Nat'l Audit Def. Network)*, 332 B.R. 896, 918-19 (Bankr. D. Nev. 2005).

Plaintiffs seek an accounting to ascertain the income and gross profits Defendants have obtained from their unlawful conduct.  In opposition, Defendants argue that Plaintiffs and Defendants do not have the requisite fiduciary relationship with Plaintiffs to require an accounting. (*See* Rimini Street Mot. Dismiss 18:13-24.)  Although the parties in this matter do not have a fiduciary relationship, the court shall not dismiss this claim at this time because the record before the court is insufficient for the court to determine the full relationship between the parties or how much Defendants have earned from allegedly unauthorized downloading of Oracles's databases.

IT IS THEREFORE ORDERED that Defendant Seth Ravin's Motion to Dismiss (#49) is GRANTED in-part and DENIED in-part.  Defendant Seth Ravin is DISMISSED as a defendant as to Count Eight (8) for negligent interference with prospective economic advantage.

IT IS FURTHER ORDERED that Defendant Rimini Street's Motion to Dismiss (#48) is GRANTED in-part and DENIED in-part.  Defendant Rimini Street is DISMISSED as a defendant as to Count Eight (8) for negligent interference with prospective economic advantage.

IT IS SO ORDERED.

DATED this 13th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE