# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al., | |
| Plaintiffs, | Case No.  2:10-cv-00106-LRH-PAL |
| vs. | **ORDER** |
| RIMINI STREET, INC., et al. | |
| Defendants. | |

The court conducted a hearing on August 5, 2010 to revisit the parties' competing proposals for a discovery plan and scheduling order, and Defendant's Motion for Protective Order (Dkt. #70).

The motion for protective order seeks an order of the court requiring defendant's Rule 30(b)(6) designee, who has not yet been identified, to appear for deposition in the San Francisco law offices of defendant's counsel.  Rimini Street argues a protective order is required to protect its witness from unnecessary strain.  Defendant Rimini Street's witnesses have never been deposed before and are "anxious regarding the process".  The court should therefore order the depositions to be taken in the law offices of Rimini Street's counsel rather than at the San Francisco law offices of plaintiff's counsel.

Plaintiff opposes the motion indicating the Rule 30(b)(6) deposition was initially noticed to occur in Las Vegas where Rimini Street is headquartered.  However, counsel for Rimini Street asked for the deposition to go forward in San Francisco at defendant's counsel's office.  Plaintiff offered to take the deposition in Oakland, where its counsel is located.  Rimini insisted on San Francisco.  As a compromise, plaintiff offered to take the deposition at the San Francisco offices of co-counsel for plaintiff which is located approximately 0.6 miles from the law offices defense counsel.

Having reviewed and considered the matter, the court finds defendant has not met his burden of showing good cause for a protective order to issue to require the depositions to take place at the law offices of its counsel.  The broad allegations that the unidentified Rule 30(b)(6) designee may

experience some discomfort in appearing in an unfamiliar environment is insufficient to meet defendant's burden of persuasion under Fed. R. Civ. P. 26(c).  The party seeking a protective order must point to specific facts that support a request for a protective order, "as opposed to conclusory or speculative statements for the need for a protective order and the harm which will be suffered without one." Frideres v. Schlitz, 150 Frd 153, 156, (S.D.IA. 1993), citing Brittain v. Stroh Brewing Co., 136 Frd 408 (M.D.N.C. 1991).  A mere showing that the discovery may involve some inconvenience or expense does not suffice to establish good cause under Rule 26(c).  Turner Broadcasting System, Inc. v. Trucinda Corporation, 175 Frd 554, 557 (D. NV. 1997).  Accordingly, defendant's motion for protective order is denied.

The parties were unable to agree on a proposed discovery plan and scheduling order although both sides request special scheduling review and well in excess of the time deemed presumptively reasonable to complete discovery by L.R. 26-1(e).  The parties exchanged their initial disclosures May 25, 2010, have served written request for production of documents and produced document discovery.  Additionally, plaintiff served a subpoena on a non-party for documents and received 672 responsive documents.  No other third party discovery has been conducted to date.  Oracle served a Rule 30 (b)(6) notice on Rimini Street June 2, 2010.  However, the deposition did not go forward because it was subject to defendant's motion for protective order.

Plaintiff asked for fifteen months in which to complete fact discovery, or an August 1, 2011 fact discovery cutoff and an additional six months in which to complete expert discovery after the close of fact discovery.  Plaintiffs propose that expert discovery should conclude February 1, 2012.  Defendants proposed twelve months, or until April 29, 2011 in which to complete fact discovery and an additional three months in which to complete expert discovery.

Counsel were also unable to agree about the number of depositions and deposition hours which should be allowed or the number of interrogatories in excess of twenty-five which should be permitted.

Counsel for plaintiff outlined the discovery initiated to date.  Plaintiff has served fourteen interrogatories and received responses from the defendants directed to defendant's computer systems, location of computers and defendant's development process.  The parties have reached an agreement concerning "routine" electronically stored information ("ESI"), i.e. emails and conventional ESI, but

have not yet reached an agreement concerning server files and preservation issues. Counsel for plaintiff received defendant's answers to interrogatories, but is not satisfied with certain of the responses. The parties have agreed to proceed next week in San Francisco with the Rule 30(b)(6) deposition of defendant's representative which is the subject of the motion for protective order. Counsel for plaintiff believes that fifteen months is an ambitious plan, but necessary given the scope of the case and the need to obtain foundational discovery before more complex and expert discovery can be initiated.

      Counsel for defendant agrees that the parties should focus initial discovery on foundational discovery. Defendant has produced approximately 50,000 pages of documents to date, and anticipates making another substantial document production in approximately two weeks. Defendants wish to proceed as expeditiously as possible with discovery because defendant believes the ongoing nature of the litigation is causing it to lose business. Defendants have proposed a shorter schedule and more limitations on the number of depositions and hours of depositions to promote efficiency. The parties have already engaged in substantial meet-and-confer efforts concerning preservation issues. Defense counsel stated the parties have a civil and good working relationship and intend to resolve as many disputes as possible without the necessity of court intervention.

      The court will set a status in dispute resolution conference in approximately thirty days. Counsel were directed to conduct the foundational discovery, including the Rule (30)(b)(6) deposition of defendant's designee. The parties were also directed to meet and confer to discuss the adequacy of their respective discovery responses and identify any discovery disputes. The court will enter a discovery plan and scheduling order at the next status conference which takes into account the progess the parties have made in completing the foundational discovery and resolving any disputes with respect to the adequacy of their respective responses.

      Having reviewed and considered the matter,

IT IS ORDERED:

    1.    Defendant Rimini Street's Motion for Protective Order Regarding the Location of Depositions (Dkt. #70) is **DENIED.**

///

2. A status and dispute resolution conference is scheduled for **September 9, 2010 at 9:30 a.m.** Each party requesting to appear telephonically is instructed to call Jeff Miller, Courtroom Deputy, at (702) 464-5420 **before 4:00 p.m., September 8, 2010** to indicate the name of the party participating and a telephone number where that party may be reached. The courtroom deputy will initiate the call.

3. The parties shall have until **September 7, 2011** at **4:00 p.m.** in which to submit a joint status report. The joint status report shall address: (a) the foundational discovery completed to date; (b) whether the parties have any discovery disputes and if so the parties shall state their positions regarding any discovery dispute(s), and what efforts have been made to resolve those disputes without the necessity of court intervention. The status report shall address any discovery dispute(s) with sufficient specificity to enable the court to resolve the dispute(s) without the necessity of formal briefing.

Dated this 9th day of August, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE