| | |
|---|---|
| 1  BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>2  300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>3  Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>4  rpocker@bsfllp.com<br><br>5  BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>6  FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>7  1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>8  Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>9  sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>10  kringgenberg@bsfllp.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>DORIAN DALEY (*pro hac vice application to be submitted*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>           Plaintiffs,<br><br>     v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>           Defendants. | Case No 2:10-cv-0106-LRH-PAL<br><br>**PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC., AND ORACLE INTERNATIONAL CORPORATION'S MOTION TO SEAL MOTION FOR PRESERVATION ORDER AND DECLARATION OF KIERAN RINGGENBERG IN SUPPORT OF MOTION FOR PRESERVATION ORDER** |

**PLAINTIFFS' MOTION TO SEAL**

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010 [Docket No. 55] ("Protective Order") and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation (together "Oracle" or "Plaintiffs") respectfully request that the Court order the Clerk of the Court to file under seal the Motion for Preservation Order ("Motion"), the Declaration of Kieran P. Ringgenberg ("Declaration"), and Exhibits B, G, T, U, and V-DD ("Exhibits") thereto. Unredacted versions of Motion, Declaration and Exhibits were lodged under seal with the Court on August 24, 2010 [Docket #80, 84]. Redacted versions of the Motion, Declaration and Exhibits were also publicly filed on the Court's ECF website on August 24, 2010 [Docket #82, 83.]

For sealing requests relating to non-dispositive motions, such as Plaintiffs' Motion for a Preservation Order sanctions, the presumption of public access to court filings may be overcome by a showing of good cause under Rule 26(c). *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

Specifically, Oracle requests that the following documents and references be sealed:

(1) Transcript of the Deposition of Joseph Dones taken on August 12, 2010 regarding Rimini's information technology infrastructure and designated as Highly Confidential under the Protective Order (**Exhibit B**);

(2) Documents produced by Rimini regarding its technology infrastructure and policies and designated Confidential and Highly Confidential [RSI00050053-7 (**Exhibit G**) and RSIH0020000118 (**Exhibit T**)];

(3) Attachment D to Rimini's Responses to First Set of Interrogatories identifying Rimini employees formerly employed by TomorrowNow, and designated as Confidential under

the Protective Order (**Exhibit U**);

(4) Instant messages produced by SAP AG, SAP America, Inc. and TomorrowNow, Inc. and designated as Confidential under the Protective Order (**Exhibits V-DD**);

(5) The unredacted version of the Motion lodged with the Court that contains quotations from items (1) through (4) above.

Sealing the Motion, Declaration and Exhibits is requested because the documents contains information designated by Defendants Rimini Street, Inc. ("Rimini") and Seth Ravin ("Ravin") and third parties, SAP AG, SAP America, Inc. and TomorrowNow, Inc. as "Confidential" or "Highly Confidential — Attorneys Eyes' Only" under the terms of the Protective Order. The requested relief is necessary and narrowly tailored to protect the confidentiality of the commercially sensitive business information identified by the designating parties. The Protective Order provides that: "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information - Attorneys' Eyes Only' under the terms of this Protective Order **only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).** The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." Protective Order ¶ 2 (emphasis added).

Thus, in identifying the Exhibits as "Confidential" or "Highly Confidential – Attorneys Eyes Only," the designating parties have represented that good cause exists for sealing the Exhibits, and Motion and Declaration referencing the Exhibits. This is a sufficient showing of good cause to permit a sealing order on a non-dispositive motion. *See, e.g., Pacific Gas and Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1027 (N.D. Cal. 2002).

Oracle has prepared redacted versions of these filings for the Court's public files, which would allow public access to the filings except for those portions containing information designated as Confidential or "Highly Confidential – Attorneys Eyes Only" by other parties

1 | under the Protective Order.  Accordingly, the request to seal is narrowly tailored.

2 |     For the foregoing reasons, Oracle respectfully requests that the Court find that good cause

3 | exists to file under seal, the Motion, Declaration and Exhibits.

4 |

5 | DATED: August 24, 2010        BOIES SCHILLER & FLEXNER LLP

By: /s/ Kieran P. Ringgenberg
Kieran P. Ringgenberg
Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc.,
and Oracle International Corp.

4