# Exhibit A

**Shook,
Hardy&
Bacon** L.L.P.®
www.shb.com

May 25, 2010

**Robert H. Reckers**

*Via Email*
Fred Norton, Esq.
Boies, Schiller & Flexner LLP
1999 Harrison Street, Suite 900
Oakland, California   94612

JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston
Texas 77002-2992
713.227.8008
713.546.5626 DD
713.227.9508 Fax
rreckers@shb.com

Re:   *Oracle USA, Inc. and Oracle International Corp. v. Rimini Street, Inc. and Seth Ravin*, No. 2:10-cv-00106 (D. Nev., filed Jan 25, 2010)

Dear Fred:

    Further to the parties' meet-and-confer on May 21, 2010, I write in response to Oracle's demand that Rimini Street, for each employee likely to have relevant documents, preserve a forensic copy of the employee's company laptop computer, desktop computer, and/or external media.

    Rimini Street does not agree that forensic copying is necessary in this case or that Oracle has or can establish good cause for this unconventional preservation measure. Certainly, forensic preservation is not necessary for each and every employee that is likely to have relevant documents, and broadly employing this form of data preservation would create substantial expense and interruption to Rimini Street's business. Notably, Rimini Street had already completed the vast majority of its document collections prior to Oracle's demand for forensic preservation, which was first made during the Rule 26(f) conference on April 29, 2010. Over half of these employees are located in multiple states. Further, we disagree with any suggestion that the cost differential between forensic and conventional document collection is "negligible." To the contrary, it is our understanding from preliminary vendor estimates that the cost of a forensic collection would range from $800 to $1,200 per machine, including travel expenses.

    Nevertheless, Rimini Street, in the interest of reaching a compromise, will agree to a limited collection of forensic images on the condition that the associated costs are borne by Oracle. Specifically, Rimini Street has already collected documents from each of its employees identified as key custodians of potentially relevant documents. For these previously identified employees, Rimini Street will allow a mutually agreed-upon third party to create a forensic copy of the employee's company laptop and/or desktop computer. These forensic copies will be delivered to Shook Hardy & Bacon, while the cost of the third party vender will be solely Oracle's responsibility so as to ease the undue burden to Rimini Street.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

314499v1



www.shb.com

May 25, 2010
Page 2

      Please note, the above proposal is made with respect to preservation only, and Rimini Street reserves its rights to challenge, as appropriate, any request for inspection, review or production of the forensic images.

      Finally, we note that Oracle still has not responded to my letter of March 29, 2010 or otherwise confirmed that Plaintiffs are preserving the materials described by the categories identified in that letter. We look forward to your confirmation that Plaintiffs are preserving the identified materials.

      Very truly yours,

      */s/Robert H. Reckers*

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

314499v1