# Exhibit C

# BOIES, SCHILLER & FLEXNER LLP

1999 HARRISON STREET • SUITE 900 • OAKLAND, CA 94612 • PH. 510.874.1000 • FAX 510.874.1460

May 27, 2010

RECEIVED BY SHB
JUN 0 4 2010

**VIA E-MAIL**

Eric Buresh, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108
Email: EBURESH@shb.com

    Re:   *Oracle USA, Inc., Oracle America, Inc. and Oracle International Corp. v. Rimini Street, Inc. and Seth Ravin*, No. 2:10-cv-00106 (D. Nev., filed Jan. 25, 2010)

Dear Eric:

    Our conversation of last Friday regarding document preservation and your letter of May 25 cause us to have substantial concerns about Rimini Street's compliance with its obligations to preserve relevant evidence.

    As you know, we first attempted to discuss preservation issues with Rimini Street's counsel, Michael Levin, in January of this year. At that time, we demanded that Rimini take immediate steps to identify, retain and preserve relevant evidence, including electronic evidence. Mr. Levin agreed that such a meeting was appropriate and assured us that your clients had implemented the proper measures. Mr. Reckers made similar assurances in his letter of March 29. Nonetheless, Rimini counsel repeatedly refused our invitations to discuss preservation issues, and delayed any such discussion until it was made unavoidable by our Rule 26 conference on April 29. Yet, your letter of May 25 asserts that Rimini should not have to preserve forensic images because it has already completed its collection of documents from "key custodians." That is to say, Rimini deferred for several months a discussion of preservation issues and now effectively contends it is too late to do anything other than what Rimini unilaterally determined it would do.

    Moreover, you told us on Friday that you identified custodians and pulled "all discoverable information" before April 29 (with the possible exception of a single custodian). Likewise, your May 25 letter says that you have already completed collection of documents from "key custodians." We do not understand how you could have identified "all discoverable information" and all relevant

BOIES, SCHILLER & FLEXNER LLP

Eric Buresh, Esq.
May 27, 2010
Page 2 of 2

custodians before you had received our initial discovery requests, which were served on the afternoon of April 29.

To address our concerns, and to better understand your May 25 letter's suggestion that *Oracle* pay for Rimini preservation efforts, we would like to understand what Rimini has done to date with regard to preservation, including specifically: (1) when preservation efforts began; (2) the custodians from whom documents have been collected and the criteria by which they were identified; (3) the methodology you used to locate "all discoverable information"; (4) the steps taken to preserve data on servers and other sources not associated with a particular custodian; (5) any measures you have taken to preserve preserved temporary files, deleted files, or file fragments; (6) Rimini's policies for performing backups of its systems and why you contend that its disaster recovery backup tapes are inaccessible; and (7) the content of any litigation hold notice provided to Rimini Street's employees and the steps followed to ensure their compliance.

Please contact me if you have questions regarding any of the above. I look forward to your prompt response.

Very truly yours,

Fred Norton

cc:  Robert H. Reckers, Esq.