# Exhibit D

**Shook, Hardy & Bacon** L.L.P.®

www.shb.com

June 3, 2010

**Robert H. Reckers**

*Via Email*
Fred Norton, Esq.
Boies, Schiller & Flexner LLP
1999 Harrison Street, Suite 900
Oakland, California 94612

JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston
Texas 77002-2992
713.227.8008
713.546.5626 DD
713.227.9508 Fax
rreckers@shb.com

Re: *Oracle USA, Inc. and Oracle International Corp. v. Rimini Street, Inc. and Seth Ravin*, No. 2:10-cv-00106 (D. Nev., filed Jan 25, 2010)

Dear Fred:

This letter responds to your letter dated May 27, 2010, which addressed document preservation issues.

Your letter begins with an inaccurate and unsupported description of the parties' preservation-related exchanges. You allege that Rimini Street "repeatedly refused" Oracle's invitation to discuss preservation issues. This is incorrect. From the outset, Rimini Street has made clear that it will consider any reasonable preservation request made by Oracle. As you acknowledged in your letter of March 22, 2010, Mr. Levin requested Oracle's specific preservation proposals back in March. You declined to provide such a proposal but listed thirteen items subject to Oracle's preservation demands. This list made no mention of forensic imaging. In correspondence dated March 29, 2010, I confirmed Rimini Street was preserving information consistent with the categories you listed, and consistent with the claims and defenses in this matter.

Though Oracle could have raised the issue of forensic images in any of your letters addressing preservation, and despite the fact that we asked you to provide any specific proposals in writing for our consideration, you chose not to mention forensic imaging until our Rule 26 conference on April 29. If you in fact wanted forensic imaging prior to April 29, the situation would have been better served if you had simply said so. This delay has served only to increase the costs that would be associated with Oracle's requested forensic preservation. As I noted in my letter of May 25, Rimini Street had already collected a substantial number of documents from custodians around the country before April 29. I further noted, and still contend, that forensic imaging is not necessary and that Oracle has not established good cause for this unconventional measure.

While forensic imaging, by itself, is an expensive process, these costs are magnified when the relevant custodians are geographically dispersed. Given the burden and expense associated with forensic imaging, Rimini Street will agree to making these images only if the associated costs are borne by Oracle. We certainly are not contending that it is "too late" to conduct forensic imaging, as suggested by your letter. Rather, our

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

314989v1



www.shb.com

June 3, 2010
Page 2

position is simply that, if Oracle wants to engage in this expensive and unconventional form of data preservation, Oracle should pay the associated costs.

Beyond the discrete issue of forensic images, your letter references unidentified "substantial concerns" as to Rimini Street's preservation efforts. The only basis you appear to identify for these concerns is that Rimini Street "already completed collection of documents from 'key custodians'" before April 29 and before any document requests were served. Such <u>collection</u> efforts have little relevance to data <u>preservation</u> issues and do not support Oracle's feigned "concerns." To be clear, our preservation efforts did not stop once the initial collection efforts were completed. Indeed, each of Rimini Street's custodians continues to comply with their preservation obligations, despite any document collections that have occurred. The fact that Rimini Street identified document custodians most likely to have relevant documents based on Oracle's lengthy complaint and collected documents in anticipation of Oracle's discovery requests is not a legitimate basis for any preservation concerns. Further, Rimini Street was wise to have initiated an early collection as Oracle served two unique sets of RPFs just hours after discovery opened, demanding a substantial production in 45 days. Such a production would not have been possible if Rimini Street did not begin its collection efforts well before April 29, and Oracle should not now manufacture concerns as to preservation issues based on Rimini Street's document collection efforts.

Your letter concludes with a list of information Oracle requests to address unidentified preservation "concerns" and to allow you to better understand the "suggestion that *Oracle* pay for Rimini" Street's preservation efforts. Rimini Street, however, is not asking Oracle to pay for its preservation efforts. Rimini Street has already engaged in extensive preservation efforts, consistent with its obligations under the Federal Rules. The issue of cost is related only to forensic imaging given the substantial expense associated with this unconventional preservation measure. Further, you fail to disclose what concerns you believe necessitate disclosure of the requested information, and the listed items bear little relevance to the pertinent issue of whether Oracle will pay for forensic imaging. Finally, I note that Oracle recently served a Rule 30(b)(6) deposition notice requesting testimony in-line with the topics mentioned by your letter. We agree that the normal discovery process is the appropriate means for disclosing such information, to the extent it is non-privileged and discoverable.

Finally, we continue to await confirmation that Oracle is preserving information consistent with my letter of March 29. We have asked for this confirmation several times now, and you have flatly ignored our requests. When it comes to legitimate grounds for "concern" about preservation, your refusal to respond surely qualifies.

Very truly yours,

*/s/Robert H. Reckers*

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

314989v1