1

SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. *(pro hac vice)*
Eric Buresh, Esq. *(pro hac vice)*
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
eburesh@shb.com

Robert H. Reckers, Esq. *(pro hac vice)*
600 Travis Street, Suite 1600
Houston, Texas   77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

*Attorneys for Defendants*
*RIMINI STREET, INC. and SETH RAVIN*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

20

21

ORACLE USA, INC., a Colorado corporation;
ORACLE AMERICA, INC., a Delaware
corporation; and ORACLE INTERNATIONAL
CORPORATION, a California corporation,

22

23

24

Plaintiffs,

25

v.

26

RIMINI STREET, INC. , a Nevada corporation;
SETH RAVIN, an individual,

27

Defendants.

28

Case No. 2:10-cv-0106-LRH-PAL

**DEFENDANTS' ADMINISTRATIVE
MOTION TO PERMIT DEFENDANTS
TO FILE UNDER SEAL THE
DECLARATION OF ROBERT H.
RECKERS IN SUPPORT OF
DEFENDANTS' OPPOSITION**

## I.   **INTRODUCTION**

Defendants Rimini Street, Inc., and Seth Ravin (collectively, "Defendants") respectfully request that the Court order the Clerk of the Court to file the following documents under seal:

1. The May 26, 2010 estimate for forensic imaging of Rimini Street custodians from Epiq eDiscovery Solutions, Inc. (**Exhibit G**);

2. The unredacted version of the Declaration of Robert H. Reckers in Support of Defendants' Opposition to Oracle's Motion for Protective Order.

Unredacted versions of these documents were lodged with the Court on August 31, 2010. This request is made pursuant to Federal Rules of Civil Procedure 5.2 and 26(c) and the Stipulated Protective Order entered by the Court on May 21, 2010 [Docket No. 55] ("Protective Order").

## II.   **ARGUMENT**

Parties requesting to file documents under seal, such as Defendants' Opposition to Oracle's Motion for Preservation Order, may overcome the presumption of public access by showing of good cause under Rule 26(c).  "The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information.  *See* Fed. R. Civ. P. 26(c)(7)."  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002)

Good cause exists for filing the above listed document under seal because they contain content that is subject to the terms of a confidentiality agreement entered between counsel for Defendants and their vendor, and as such contains confidential commercial information.  Further, the document, if produced, would be designated as either "Highly Confidential Information—Attorneys' Eyes Only," or "Confidential Information," pursuant to the Protective Order. By preparing redacted versions of these filings for the Court's public files, Defendants' request is narrowly tailored, and seeks to protect only those documents that contain commercial information that, if produced, would be designated as either "Highly Confidential Information—Attorneys' Eyes Only," or "Confidential Information."

The Protective Order provides that: "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information—Attorneys' Eyes Only' under the terms of this Protective Order **only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).** The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information—Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." Protective Order ¶ 2 (emphasis added).

Because the above listed document is subject to a confidentiality agreement and contains confidential commercial information good cause exists for sealing the Exhibit and Declaration referencing the Exhibit. Further, if the document were to be produced, the document would be designated either "Confidential" or "Highly Confidential—Attorney Eyes Only." This is a sufficient showing of good cause to permit a sealing order on a non-dispositive motion. *See, e.g., Pacific Gas and Elec. Co. v. Lynch, 216 F. Supp. 2d 1016, 1027 (N.D. Cal. 2002).*

### III.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully requests that the Court find that good cause exists to file under seal, the Declaration and Exhibit. A Proposed Order is submitted with this Motion.


DATED:          August 31, 2010          SHOOK, HARDY & BACON


By:     */s/ Robert H. Reckers*
Robert H. Reckers, Esq.
Attorney for Defendants
Rimini Street, Inc. and Seth Ravin