# EXHIBIT GG

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### District of Nevada

ORACLE USA, INC., et al.,

V.

**SUBPOENA IN A CIVIL CASE**

SAP AG, a German corp., SAP AMERICA, INC., a
Delaware corp., TOMORROWNOW, INC., a Texas corp.

Case Number:[1]  (MISC)
07-CV-1658 PJH (EDL) Pending in:
United States District Court,
Northern District of California,
San Francisco Division

TO:   SETH RAVIN

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION   Fox Rothschild, LLP, Wells Fargo Tower, 3800 Howard Hughes Parkway, Suite 500, Las Vegas, NV 89169 (702)262-6899 by Videotape | DATE AND TIME 3/17/2009 9:30 am |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE EXHIBIT A, attached.

| PLACE   John Hunt, Fox Rothschild, LLP,Wells Fargo Tower, 3800 Howard Hughes Parkway, Suite 500, Las Vegas, NV  89169, (702) 262-6899 | DATE AND TIME 2/17/2009 9:30 am |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Associate Attorney   (for Plaintiffs) | DATE 2/2/2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lucia MacDonald.  Bingham McCutchen, LLP, Three Embarcadero Center, Suite 2800, San Francisco, California,
94111.    Phone: 415-393-2630.   E-mail: lucia.macdonald@bingham.com

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1

Issued by the

2

3

UNITED STATES DISTRICT COURT

4

5

DISTRICT OF NEVADA

6

7   ORACLE USA, INC., et al.,

CASE NO. 07-CV-1658 PJH (EDL)

Plaintiffs,

8        v.

Pending in:
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA
SAN FRANCISCO DIVISION

9   SAP AG, a German corporation, SAP
AMERICA, INC., a Delaware corporation,
10   TOMORROWNOW, INC., a Texas corporation,
and DOES 1-50, inclusive,

Production Date: February 17, 2009

11

Defendants.

12

13

14        **EXHIBIT A TO SUBPOENA IN A CIVIL CASE**

15        **TO:   SETH RAVIN, CEO & President of Rimini Street, Inc.**

16

17        PLEASE TAKE NOTICE THAT Pursuant to Rule 45 of the Federal Rules of Civil

18   Procedure, plaintiffs Oracle USA, Inc., et al., (collectively, "Oracle") request that Seth Ravin

19   produce documents, within this district to: Lucia MacDonald, c/o John Hunt, Fox Rothschild,

20   LLP, Wells Fargo Tower, 3800 Howard Hughes Parkway, Suite 500, Las Vegas, NV  89169,

21   (702) 262-6899 on February 17, 2009, at 9:30 a.m., or at such time and place as may be mutually

22   agreed upon by the parties, the documents and electronic data described herein that are in Your

23   possession, custody, and/or control, and thereby permit Oracle and/or its representatives to

24   inspect copies, or create copies of originals for such inspection.

25        PLEASE TAKE FURTHER NOTICE that Pursuant to Rule 45 of the Federal Rules of

26   Civil Procedure, plaintiffs Oracle command Seth Ravin to appear for his deposition on Tuesday,

27   March 17, 2009 at the offices of Fox Rothschild LLP, Wells Fargo Tower, 3800 Howard Hughes

28

EXHIBIT A TO SUBPOENA FOR THE PRODUCTION AND INSPECTION OF DOCUMENTS

1   Pkwy, Suite 500, Las Vegas, Nevada, 89169 (Tel: 702-262-6899), commencing at 9:30 a.m., or

2   at such time and place as may be mutually agreed upon by the parties.  The deposition will be

3   recorded via videotape, and continue day to day, Sundays and holidays excluded, until

4   completed.

5                            **DEFINITIONS**

6        Unless otherwise indicated, the following definitions shall apply to each of the below

7   Requests for Production and Inspection.

8        1.    The terms "Seth Ravin," "You," and "Your," mean and include non-party Seth

9   Ravin; and all current employees, agents, consultants, attorneys, accountants, administrators and

10   all other persons, organizations, or others acting or purporting to act on Your behalf, under Your

11   direction, or under Your control, including all temporary employees and independent

12   contractors.

13        2.    The term "Oracle" means and includes plaintiffs Oracle USA, Inc., et al.; all

14   current and former subsidiaries and affiliates thereof; all divisions, predecessors, successors and

15   assigns of each of the foregoing.

16        3.    The term "PeopleSoft" means and includes PeopleSoft, Inc., all current and

17   former subsidiaries and affiliates thereof; all divisions, predecessors, successors and assigns of

18   each of the foregoing.

19        4.    The term "SAP" means defendants SAP AG, a German corporation; and SAP

20   America, Inc., a Delaware corporation; all current and former subsidiaries and affiliates thereof;

21   and all divisions, predecessors, successors and assigns of each of the foregoing.

22        5.    The term "TomorrowNow" means third-party support services provider

23   TomorrowNow, Inc., a Texas corporation; all current and former subsidiaries and affiliates

24   thereof; and all divisions, predecessors, successors and assigns of each of the foregoing.

25        6.    The term "Document(s)" means and includes, without limitation, written, printed,

26   typed, recorded, computerized, electronic, taped, graphic or other matter, in whatever form,

27   whether in final or draft, including, but not limited to, all materials and things that constitute

28   "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of Evidence or

1   Documents within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

2   The term "Document(s)" further includes, but is not limited to, the original and each copy of any

3   writings, including any copy that differs in any respect from the original or other versions of the

4   Document(s), such as, but not limited to, copies containing notations, insertions, corrections,

5   marginal notes, or any other variations; records or files; correspondence; reports; memoranda;

6   calendars; diaries; minutes; electronic messages; voicemail; e-mail; telephone message records

7   or logs; computer and network activity logs; data on hard drives; backup data; data on

8   removable computer storage media such as tapes, disks, and cards; printouts; Document image

9   files; web pages; databases; spreadsheets; software; hardware; books; ledgers; journals; orders;

10   invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations;

11   computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or

12   chemical process photographs; video, phonographic, tape, or digital records or transcripts;

13   drafts; jottings; and notes.

14        7.     The term "Documents" further includes all data, information, and Documents sent

15   or received (including cc and bcc) via any of Your internet e-mail accounts, including but not

16   limited to any e-mail accounts with Yahoo! (@yahoo.com), Bell South (@bellsouth.net), Nextel

17   (@nextel.com), Google (@gmail.com), Microsoft (@msn.com), TomorrowNow

18   (@tomorrownow.com), Rimini Street (@riministreet.com), and/or any others.

19        8.     The terms "Relate," "Relating," "Related," "Concern," or "Concerning" mean

20   about, constituting, describing, discussing, evidencing, pertaining to, consisting of, referencing,

21   reflecting or having any logical or factual connection with the matter discussed.

22        9.     The term "Person" means any natural person, company, corporation, partnership,

23   firm, association, entity, government agency or other organization cognizable at law, and its

24   agents, representatives and employees.

25        10.    The term "Communication(s)" means any transmission of information from one

26   Person to another, including without limitation any of the following: (a) any Document,

27   including any e-mail; (b) any telephone call between two or more Persons, whether or not such

28   call was by chance or prearranged, formal or informal; and (c) any conversation or meeting

3

1  between two or more Persons, whether or not such contact was by chance or prearranged, formal

2  or informal.

3        11.    The term "Customer Connection" means any Oracle-maintained support website,

4  including E-Delivery, for PeopleSoft, JD Edwards and Siebel Systems customers and all

5  associated Software And Support Materials, Documents, data, hardware, software, physical

6  server locations, internet protocol addresses, and any other tangible or identifiable things

7  associated with the website, including those available via Change Assistant.

8        12.    The term "Download" means any duplication, copying, transfer, or replication, in

9  whole or in part, of any file, Document, data, or other information from an outside source

10  connected through the internet to a computer, server, or network that is part of another Person's

11  computer infrastructure or subject to that Person's control.

12        13.    The term "Software And Support Materials" means, without limitation, all

13  programs, program updates, software updates, minor releases, major releases, bug fixes, patches,

14  custom solutions, and instructional materials created or owned by Oracle; or derived from,

15  copied from, or based on any such Oracle materials across the entire family of PeopleSoft, JD

16  Edwards, and/or Siebel Systems branded products.

17        14.    The term "Business Model" means any framework for creating economic, social,

18  and/or other forms of value, including a broad range of informal and formal descriptions to

19  represent core aspects of a business, including purpose, offerings, strategies, infrastructure,

20  organizational structures, trading practices, and operational processes and policies; and the

21  method of doing business by which a company can sustain itself and generate revenue.

22        15.    The term "Use," with reference to Software And Support Materials, means to

23  study, alter, manipulate, reverse-engineer, distribute, copy or replicate — in whole or in part, or

24  otherwise interact with.

25  //

26  //

27  //

28  //

4

---

1    //

2                                    **INSTRUCTIONS**

3         1.      With respect to a Document that You contend is privileged, immune or otherwise

4    excludable from discovery, provide: (i) the Document's preparation date and the date appearing

5    on the Document; (ii) the name, present and last known addresses, telephone numbers, titles and

6    positions, and occupations of those Persons who prepared, produced, reproduced, and received

7    said Document, including all authors, senders, recipients, "cc" recipients, and "bcc" recipients;

8    (iii) the number of pages or quantity of data withheld in the Document; and (iv) a description

9    sufficient to identify the Document without revealing the information for which the privilege is

10   claimed, including the general subject matter and character of the Document (*e.g.*, letter,

11   memorandum, notes).

12        2.      With respect to a Document that You contend is privileged only in part, produce

13   the responsive non-privileged portion of the Document in redacted form, provided that the

14   redacted material is identified and the basis for the claim of privilege is stated in accordance with

15   Instruction number 1 above.

16        3.      If a Document once existed, but has been lost or destroyed, or otherwise is no

17   longer in Your possession, custody, or control, You shall identify the Document and state the

18   details Concerning the loss of such Document, including the name, title, and address of the

19   present custodian of any such Document, if known to You.

20        4.      The terms "and" as well as "or" shall be construed disjunctively and conjunctively

21   as necessary in order to bring within the scope of the following Requests all information which

22   might otherwise be construed to be outside their scope.

23        5.      The use of the singular form of any word includes the plural and vice versa.

24        6.      The term "including" is comprehensive and shall be construed as "including but

25   not limited to," the term "any" shall be construed as "any and all," and the term "each" shall be

26   construed as "each and every."

27        7.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter

28   gender as in each case is most inclusive.

                                              5

1

2      8.     The Requests for Production extend to all responsive materials under Your

3    possession, custody, and/or control at any time, including all e-mail accounts (such as, but not

4    limited to, accounts provided by an Internet Service Provider or by any of Your employers at

5    any time), and all Documents taken by You from PeopleSoft and from TomorrowNow.

6      8.     Unless otherwise specified, the relevant time period for Your response to the

7    Requests for Production shall be from January 1, 2001 to and including the date of Your

8    response.

9                       **REQUESTS FOR PRODUCTION**

10   *TomorrowNow, Inc.*

11   **REQUEST FOR PRODUCTION NO. 1:**

12      All Documents and Communications Concerning TomorrowNow's: (i) Business Model,

13   including its creation, development, and implementation; (ii) pricing; (iii) potential or actual

14   liabilities or business risks; and (iv) potential or actual software support services provided, or

15   that might be provided in any way, by TomorrowNow or SAP for PeopleSoft, JD Edwards,

16   Siebel Systems, Hyperion, Retek, or Oracle software applications; and (v) SAP's acquisition of

17   TomorrowNow in 2005.

18   **REQUEST FOR PRODUCTION NO. 2:**

19      All Communications with TomorrowNow's customers, and prospective customers,

20   Concerning Oracle, PeopleSoft, JD Edwards, or Siebel Systems software support services

21   provided by TomorrowNow.

22   **REQUEST FOR PRODUCTION NO. 3:**

23      All Documents and Communications Concerning SAP's "Safe Passage" program,

24   including any proposed or actual variation or expansion of the program.

25   **REQUEST FOR PRODUCTION NO. 4:**

26      All Documents and Communications Concerning the sale of Your 50% stake in

27   TomorrowNow to SAP, including: (i) Your contemplated, proposed or actual role within

28   TomorrowNow or SAP subsequent to SAP's acquisition of TomorrowNow, including any draft

1   or final consulting or employment agreements between You and SAP; (ii) Your departure from

2   TomorrowNow, Inc.

3   **REQUEST FOR PRODUCTION NO. 5:**

4        All Documents and Communications Concerning any comparison of third-party software

5   support services offered by TomorrowNow to third-party software support services offered by

6   Rimini Street or any other independent third party provider of technical support for Oracle

7   programs.

8   **REQUEST FOR PRODUCTION NO. 6:**

9        All Documents, manuals, software (including scripts, material Related to Titan, and

10  software information Related to any customers), or any other tools or materials used or possessed

11  by You while employed by TomorrowNow, and PeopleSoft, and taken with You upon Your

12  termination of employment with TomorrowNow, and PeopleSoft; and Communications or

13  Documents Concerning all items in this Request.

14  ***TomorrowNow Investment / Acquisition Due Diligence 2007-2008***

15  **REQUEST FOR PRODUCTION NO. 7:**

16       All Documents and Communications, including Your due diligence, Concerning any

17  negotiation, consideration, proposal, plan or offer between SAP and You Relating to SAP's

18  possible, potential, proposed or actual investment in, or acquisition of, TomorrowNow or any

19  subpart or aspect of TomorrowNow.

20  ***Oracle Software and Support***

21  **REQUEST FOR PRODUCTION NO. 8:**

22       All Documents and Communications Concerning: (i) TomorrowNow's actual or planned

23  Use of, or Downloading of, Oracle's Software And Support Materials; (ii) any planned or actual

24  delivery or transmission of Software And Support Materials, in whole or in part, from

25  TomorrowNow or any of its employees to SAP or any of SAP's employees; (iii) Oracle's

26  Customer Connection; and (iv) the development of any software programs or software tools

27  presented to, used at, or used by TomorrowNow or SAP to service or support Oracle, PeopleSoft,

28  Siebel Systems, and/or JD Edwards branded software.

7

1  **REQUEST FOR PRODUCTION NO. 9:**

2      All Documents and Communications Concerning software licenses and source code

3  (including, without limitation, application, tools, and foundation source code) for Oracle,

4  PeopleSoft, Siebel Systems, and/or JD Edwards branded software.

5  *Employees*

6  **REQUEST FOR PRODUCTION NO. 10:**

7      All Documents and Communications Concerning the recruitment or hiring of any Person

8  for employment at Rimini Street who was previously employed or retained (as an employee,

9  independent contractor, or consultant) by TomorrowNow, PeopleSoft, Siebel Systems, JD

10  Edwards, or Oracle.

11  *The Pending Litigation*

12  **REQUEST FOR PRODUCTION NO. 11:**

13      All Documents and Communications Concerning Oracle's lawsuit against SAP (Case No.

14  07-CV-1658 PJH (EDL) pending in the Northern District of California) or any complaint filed by

15  Oracle in the above-captioned litigation, including but not limited to the Third Amended

16  Complaint publicly filed on October 8, 2008.

17                          *  *  *  *  *  *  *

18              **RULE 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

19      PLEASE TAKE NOTICE that Rule 45 of the Federal Rules of Civil Procedure provides,

20  in part, as follows:

21  **(c) Protection of Persons Subject to Subpoenas.**

22      (1) A party or an attorney responsible for the issuance and service of a subpoena shall

23  take reasonable steps to avoid imposing undue burden or expense on a person subject to that

24  subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and

25  impose upon the party or attorney in breach of this duty an appropriate sanction, which may

26  include, but is not limited to, lost earnings and a reasonable attorneys' fee.

27      (2)(A) A person commanded to produce and permit inspection, copying, testing, or

28  sampling of designated electronically stored information, books, papers, documents or tangible

EXHIBIT A TO SUBPOENA FOR THE PRODUCTION AND INSPECTION OF DOCUMENTS

1   things, or inspection of premises need not appear in person at the place of production or

2   inspection unless commanded to appear for deposition, hearing or trial.

3          (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and

4   permit inspection, copying, testing, or sampling may, within 14 days after service of the

5   subpoena or before the time specified for compliance if such time is less than 14 days after

6   service, serve upon the party or attorney designated in the subpoena written objection to

7   producing any or all of the designated materials or inspection of the premises -- or to producing

8   electronically stored information in the form or forms requested. If objection is made, the party

9   serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect

10   the premises except pursuant to an order of the court by which the subpoena was issued. If

11   objection has been made, the party serving the subpoena may, upon notice to the person

12   commanded to produce, move at any time for an order to compel the production, inspection,

13   copying, testing, or sampling. Such an order to compel shall protect any person who is not a

14   party or an officer of a party from significant expense resulting from the inspection, copying,

15   testing, or sampling commanded.

16          (3)(A) On timely motion, the court by which a subpoena was issued shall quash or

17   modify the subpoena if it

18               (i) fails to allow reasonable time for compliance;

19               (ii) requires a person who is not a party or an officer of a party to travel to a place

20   more than 100 miles from the place where that person resides, is employed or regularly transacts

21   business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such

22   a person may in order to attend trial be commanded to travel from any such place within the state

23   in which the trial is held;

24               (iii) requires disclosure of privileged or other protected matter and no exception or

25   waiver applies; or

26               (iv) subjects a person to undue burden.

27          (B) If a subpoena

28

EXHIBIT A TO SUBPOENA FOR THE PRODUCTION AND INSPECTION OF DOCUMENTS

1    (i) requires disclosure of a trade secret or other confidential research,

2    development, or commercial information; or

3    (ii) requires disclosure of an unretained expert's opinion or information not

4    describing specific events or occurrences in dispute and resulting from the expert's study made

5    not at the request of any party; or

6    (iii) requires a person who is not a party or an officer of a party to incur

7    substantial expense to travel more than 100 miles to attend trial, the court may, to protect a

8    person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in

9    whose behalf the subpoena is issued shows a substantial need for the testimony or material that

10   cannot be otherwise met without undue hardship and assures that the person to whom the

11   subpoena is addressed will be reasonably compensated, the court may order appearance or

12   production only upon specified conditions.

13   **(d) Duties in Responding to Subpoena.**

14   (1)(A) A person responding to a subpoena to produce documents shall produce them as

15   they are kept in the usual course of business or shall organize and label them to correspond with

16   the categories in the demand.

17   (B) If a subpoena does not specify the form or forms for producing electronically

18   stored information, a person responding to a subpoena must produce the information in a form or

19   forms in which the person ordinarily maintains it or in a form or forms that are reasonably

20   usable.

21   (C) A person responding to a subpoena need not produce the same electronically

22   stored information in more than one form.

23   (D) A person responding to a subpoena need not provide discovery of electronically

24   stored information from sources that the person identifies as not reasonably accessible because of

25   undue burden or cost.  On motion to compel discovery or to quash, the person from whom

26   discovery is sought must show that the information sought is not reasonably accessible because

27   of undue burden or cost.  If that showing is made, the court may nonetheless order discovery

28

10

EXHIBIT A TO SUBPOENA FOR THE PRODUCTION AND INSPECTION OF DOCUMENTS

1    from such sources if the requesting party shows good cause, considering the limitations of Rule

2    26(b)(2)(C).  The court may specify conditions for the discovery.

3         (2)(A) When information subject to a subpoena is withheld on a claim that it is privileged

4    or subject to protection as trial-preparation materials, the claim shall be made expressly and shall

5    be supported by a description of the nature of the documents, communications, or things not

6    produced that is sufficient to enable the demanding party to contest the claim.

7         (B) If information is produced in response to a subpoena that is subject to a claim of

8    privilege or of protection as trial-preparation material, the person making the claim may notify

9    any party that received the information of the claim and the basis for it. After being notified, a

10   party must promptly return, sequester, or destroy the specified information and any copies it has

11   and may not use or disclose the information until the claim is resolved.  A receiving party may

12   promptly present the information to the court under seal for a determination of the claim. If the

13   receiving party disclosed the information before being notified, it must take reasonable steps to

14   retrieve it. The person who produced the information must preserve the information until the

15   claim is resolved.

16   Dated this 2ⁿᵈ of Feb., 2009, San Francisco, California.

17

18                              By _____
                                    Lucia MacDonald
19                                  **BINGHAM MCCUTCHEN LLP**
                                    Attorneys for Plaintiffs Oracle USA, Inc.,
20                                  et al.

21

22

23

24

25

26

27

28

11

EXHIBIT A TO SUBPOENA FOR THE PRODUCTION AND INSPECTION OF DOCUMENTS

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | |
|---|---|
| ORACLE USA, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| SAP AG, et al., | ) |
| | ) |
| *Defendant* | ) |

Civil Action No. Pending in: 07-CV-1658 PJH

(If the action is pending in another district, state where:)

Northern District of California

### SUBPOENA TO TESTIFY AT A DEPOSITION
### OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: Rimini Street, Inc. c/o Mr. Thomas Shay, Registered Agent for Service of Process
   6601 Koll Center Parkway, STE 350, Pleasanton, CA 94566 Tel: (925) 484-9211

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

   See Exhibit A, attached.

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

   SEE EXHIBIT A, ATTACHED. Production at the offices of Fox Rothschild LLP, 3800 Howard Hughes Pkwy # 500, Las Vegas, NV 89169, on June 18, 2009 by 4:00 p.m.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___05/18/2009___

| *CLERK OF COURT* | OR | *Attorney's signature* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
   Plaintiffs Oracle USA, Inc., et al. _____, who issues or requests this subpoena, are:
Lucia MacDonald, Bingham McCutchen LLP, Three Embarcadero Center, Suite 2800, San Francisco, California, 94111-4067. Phone: 415-393-2630. E-mail: lucia.macdonald@bingham.com

Civil Action No. Pending in: 07-CV-1658 PJH

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1                              Issued by the

2                 UNITED STATES DISTRICT COURT

3                    DISTRICT OF NEVADA

4

5

| | |
|---|---|
| ORACLE USA, INC., *et al.*, | CASE NO. (Misc.) |
| Plaintiffs, | Pending in: 07-CV-1658 PJH (EDL) |
| v. | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION |
| SAP AG, *et al.*, | |
| Defendants. | |

## EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENTS

TO:    **Rimini Street, Inc.**
          **c/o Mr. Thomas Shay, Registered Agent for Service of Process**
          **6601 Koll Center Parkway**
          **STE 350**
          **Pleasanton, CA 94566     Tel: (925) 484-9211**

      PLEASE TAKE NOTICE THAT Pursuant to Rule 45 of the Federal Rules of Civil

Procedure, plaintiffs Oracle USA, Inc., a Colorado corporation, Oracle International Corporation,

a California corporation, Oracle Systems Corporation, a Delaware corporation, Oracle EMEA

Limited, an Irish private limited company, and J.D. Edwards Europe Limited, an Irish private

limited company (collectively, "Oracle") request Rimini Street, Inc. ("Rimini Street") to produce

within its district by mail or other method of recognized delivery directed to the offices of Fox

Rothschild LLP, 3800 Howard Hughes Pkwy # 500, Las Vegas, NV 89169 on June 18, 2009 by

4:00 p.m., or at such time and place as may be mutually agreed upon by the parties, the

documents, electronic data, and things described herein that are in Rimini Street's possession,

custody, and/or control, and thereby permit Oracle and/or its representatives to inspect copies, or

create copies of originals for such inspection.

A/72656747.1

---

EXHIBIT A TO SUBPOENA FOR THE PRODUCTION AND INSPECTION OF DOCUMENTS

1    **DEFINITIONS**

2    Unless otherwise indicated, the following definitions shall apply to each of the below

3    Requests for Production and Inspection.

4    1.    The terms "Rimini Street," "You," or "Your," mean and include non-party Rimini

5    Street, Inc. and all of its current and former subsidiaries and affiliates; all divisions, successors,

6    predecessors, and assigns of each of the foregoing; and all current officers, directors, employees,

7    agents, consultants, attorneys, accountants, administrators and all other persons, organizations,

8    or others acting or purporting to act on behalf, or under the control, of each of the foregoing,

9    including all temporary employees and independent contractors.

10    2.    The term "Oracle" means and includes plaintiffs Oracle USA, Inc., et al., their

11    predecessors (including PeopleSoft, Inc. and J.D. Edwards), and their successors, all current and

12    former subsidiaries and affiliates thereof; all divisions and assigns of each of the foregoing.

13    3.    The term "SAP" means, collectively, defendants SAP AG, a German corporation;

14    SAP America, Inc., a Delaware corporation; and third-party software support services provider

15    TomorrowNow, Inc., a Texas corporation; all current and former subsidiaries and affiliates

16    thereof; and all divisions, predecessors, successors and assigns of each of the foregoing.

17    4.    The term "TomorrowNow" means third-party support services provider

18    TomorrowNow, Inc., a Texas corporation; all current and former subsidiaries and affiliates

19    thereof; and all divisions, predecessors, successors and assigns of each of the foregoing.

20    5.    The term "Document(s)" means and includes, without limitation, written, printed,

21    typed, recorded, computerized, electronic, taped, graphic or other matter, in whatever form,

22    whether in final or draft, including, but not limited to, all materials and things that constitute

23    "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of Evidence

24    and documents within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

25    The term "Document(s)" further includes, but is not limited to, the original and each copy of any

26    writings, including any copy that differs in any respect from the original or other versions of the

27    Document(s), such as, but not limited to, copies containing notations, insertions, corrections,

28    marginal notes, or any other variations; records or files; correspondence; reports; memoranda;

A/72656747.1                                    2

1  calendars; diaries; minutes; electronic messages; voicemail; e-mail; telephone message records

2  or logs; computer and network activity logs; data on hard drives; backup data; data on

3  removable computer storage media such as tapes, disks, and cards; printouts; document image

4  files; web pages; databases; spreadsheets; software; hardware; books; ledgers; journals; orders;

5  invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations;

6  computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or

7  chemical process photographs; video, phonographic, tape, or digital records or transcripts;

8  drafts; jottings; and notes.

9      6.    The term "Person" means any natural person, company, corporation, partnership,

10  firm, association, entity, government agency or other organization cognizable at law, and its

11  agents, representatives and employees.

12      7.    The term "Communication" means any transmission of information from one

13  Person to another, including without limitation any of the following: (a) any Document,

14  including e-mail; (b) any telephone call between two or more Persons, whether or not such call

15  was by chance or prearranged, formal or informal; and (c) any conversation or meeting between

16  two or more Persons, whether or not such contact was by chance or prearranged, formal or

17  informal.

18                              **INSTRUCTIONS**

19      1.    With respect to a Document that You contend is privileged, immune or otherwise

20  excludable from discovery, provide: (i) the Document's preparation date and the date appearing

21  on the Document; (ii) the name, present and last known addresses, telephone numbers, titles and

22  positions, and occupations of those Persons who prepared, produced, reproduced, and received

23  said Document, including all authors, senders, recipients, "cc" recipients, and "bcc" recipients;

24  (iii) the number of pages, or quantity of data withheld in the Document; and (iv) a description

25  sufficient to identify the Document without revealing the information for which the privilege is

26  claimed, including the general subject matter and character of the Document (*e.g.*, letter,

27  memorandum, notes).

28      2.    With respect to a Document that You contend is privileged only in part, produce

A/72656747.1                                3

1     the responsive non-privileged portion of the Document in redacted form, provided that the

2     redacted material is identified and the basis for the claim of privilege is stated in accordance

3     with Instruction number 1 above.

4          3.     If a Document once existed, but has been lost or destroyed, or otherwise is no

5     longer in Your possession, custody, or control, You shall identify the Document and state the

6     details concerning the loss of such Document, including the name, title, and address of the

7     present or last known custodian of any such Document, if known to You.

8          4.     The terms "and" as well as "or" shall be construed disjunctively and conjunctively

9     as necessary in order to bring within the scope of the following Requests all information which

10     might otherwise be construed to be outside their scope.

11          5.     The use of the singular form of any word includes the plural and vice versa.

12          6.     Any pronoun shall be construed to refer to the masculine, feminine, or neuter

13     gender as in each case is most inclusive.

14          7.     The term "including" is comprehensive and shall be construed as "including but

15     not limited to," the term "any" shall be construed as "any and all," and the term "each" shall be

16     construed as "each and every."

17          8.     Unless otherwise specified, the relevant time period for Your response to these

18     requested Documents shall be from January 1, 2004 to and including the date of Your response.

19                         **REQUESTS FOR PRODUCTION**

20     **REQUEST FOR PRODUCTION NO. 1:**

21     Documents sufficient to show Rimini Street's business model, including whether Rimini

22     Street currently relies or ever has relied on copies of customer's licensed Oracle software to

23     provide software support.

24     **REQUEST FOR PRODUCTION NO. 2:**

25     Documents sufficient to show what automated tools Rimini Street has used to download

26     materials from any Oracle customer support website, including protocols applicable to any

27     automated tools.

28

A/72656747.1                         4

1    **REQUEST FOR PRODUCTION NO. 3:**

2         All "checklists" or other Documents drafted, revised, or maintained by Beth Lester to

3    track the development, testing, documentation, packaging, or delivery of tax updates, as testified

4    to by Beth Lester in her deposition at pages 76:6-77:1 and 77:18-25, which is excerpted below:

5

6

7

8

9

10

11

12

13

14

15                          **REDACTED AT REQUEST**

16                             **OF BETH LESTER**

17

18

19

20

21

22

23

24

25

26

27

28

A/72656747.1                                 5

1

2    REDACTED AT REQUEST
     OF BETH LESTER

3

4

5

6                    * * * * * * *

7    ## RULE 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE

8        PLEASE TAKE NOTICE that Rule 45 of the Federal Rules of Civil Procedure provides,

9    in part, as follows:

10   **(c) Protection of Persons Subject to Subpoenas.**

11       (1) A party or an attorney responsible for the issuance and service of a subpoena shall

12   take reasonable steps to avoid imposing undue burden or expense on a person subject to that

13   subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and

14   impose upon the party or attorney in breach of this duty an appropriate sanction, which may

15   include, but is not limited to, lost earnings and a reasonable attorneys' fee.

16       (2)(A) A person commanded to produce and permit inspection, copying, testing, or

17   sampling of designated electronically stored information, books, papers, documents or tangible

18   things, or inspection of premises need not appear in person at the place of production or

19   inspection unless commanded to appear for deposition, hearing or trial.

20       (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and

21   permit inspection, copying, testing, or sampling may, within 14 days after service of the

22   subpoena or before the time specified for compliance if such time is less than 14 days after

23   service, serve upon the party or attorney designated in the subpoena written objection to

24   producing any or all of the designated materials or inspection of the premises -- or to producing

25   electronically stored information in the form or forms requested. If objection is made, the party

26   serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect

27   the premises except pursuant to an order of the court by which the subpoena was issued. If

28   objection has been made, the party serving the subpoena may, upon notice to the person
     A/72656747.1                                           6

     EXHIBIT A TO SUBPOENA FOR THE PRODUCTION AND INSPECTION OF DOCUMENTS

1    commanded to produce, move at any time for an order to compel the production, inspection,

2    copying, testing, or sampling. Such an order to compel shall protect any person who is not a

3    party or an officer of a party from significant expense resulting from the inspection, copying,

4    testing, or sampling commanded.

5        (3)(A) On timely motion, the court by which a subpoena was issued shall quash or

6    modify the subpoena if it

7           (i) fails to allow reasonable time for compliance;

8           (ii) requires a person who is not a party or an officer of a party to travel to a place

9    more than 100 miles from the place where that person resides, is employed or regularly transacts

10    business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such

11    a person may in order to attend trial be commanded to travel from any such place within the state

12    in which the trial is held;

13           (iii) requires disclosure of privileged or other protected matter and no exception or

14    waiver applies; or

15           (iv) subjects a person to undue burden.

16        (B) If a subpoena

17           (i) requires disclosure of a trade secret or other confidential research,

18    development, or commercial information; or

19           (ii) requires disclosure of an unretained expert's opinion or information not

20    describing specific events or occurrences in dispute and resulting from the expert's study made

21    not at the request of any party; or

22           (iii) requires a person who is not a party or an officer of a party to incur

23    substantial expense to travel more than 100 miles to attend trial, the court may, to protect a

24    person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in

25    whose behalf the subpoena is issued shows a substantial need for the testimony or material that

26    cannot be otherwise met without undue hardship and assures that the person to whom the

27    subpoena is addressed will be reasonably compensated, the court may order appearance or

28    production only upon specified conditions.

A/72656747.1

7

---

EXHIBIT A TO SUBPOENA FOR THE PRODUCTION AND INSPECTION OF DOCUMENTS

1 **(d) Duties in Responding to Subpoena.**

2     (1)(A) A person responding to a subpoena to produce documents shall produce them as

3 they are kept in the usual course of business or shall organize and label them to correspond with

4 the categories in the demand.

5     (B) If a subpoena does not specify the form or forms for producing electronically

6 stored information, a person responding to a subpoena must produce the information in a form or

7 forms in which the person ordinarily maintains it or in a form or forms that are reasonably

8 usable.

9     (C) A person responding to a subpoena need not produce the same electronically

10 stored information in more than one form.

11     (D) A person responding to a subpoena need not provide discovery of electronically

12 stored information from sources that the person identifies as not reasonably accessible because of

13 undue burden or cost. On motion to compel discovery or to quash, the person from whom

14 discovery is sought must show that the information sought is not reasonably accessible because

15 of undue burden or cost. If that showing is made, the court may nonetheless order discovery

16 from such sources if the requesting party shows good cause, considering the limitations of Rule

17 26(b)(2)(C). The court may specify conditions for the discovery.

18     (2)(A) When information subject to a subpoena is withheld on a claim that it is privileged

19 or subject to protection as trial-preparation materials, the claim shall be made expressly and shall

20 be supported by a description of the nature of the documents, communications, or things not

21 produced that is sufficient to enable the demanding party to contest the claim.

22     (B) If information is produced in response to a subpoena that is subject to a claim of

23 privilege or of protection as trial-preparation material, the person making the claim may notify

24 any party that received the information of the claim and the basis for it. After being notified, a

25 party must promptly return, sequester, or destroy the specified information and any copies it has

26 and may not use or disclose the information until the claim is resolved. A receiving party may

27 promptly present the information to the court under seal for a determination of the claim. If the

28 receiving party disclosed the information before being notified, it must take reasonable steps to

A/72656747.1                                                          8

1  retrieve it. The person who produced the information must preserve the information until the

2  claim is resolved.

3  Dated this 18th of May 2009, San Francisco, California.

4

5                                          By _____
                                               Lucia MacDonald
6                                              **BINGHAM MCCUTCHEN LLP**
                                               Attorneys for Plaintiffs Oracle USA, Inc., *et*
7                                              *al.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72656747.1                                 9