| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568) | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*) |
| 2 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 | THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*) |
| 3 | Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755 | Three Embarcadero Center<br>San Francisco, CA  94111-4067 |
| 4 | rpocker@bsfllp.com | Telephone: 415.393.2000<br>Facsimile:  415.393.2286 |
| 5 | BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*) | geoff.howard@bingham.com<br>thomas.hixson@bingham.com |
| 6 | FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*) | kristen.palumbo@bingham.com |
| 7 | 1999 Harrison Street, Suite 900<br>Oakland, CA 94612 | DORIAN DALEY (*pro hac vice application to be submitted*) |
| 8 | Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460 | DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*) |
| 9 | sholtzman@bsfllp.com<br>fnorton@bsfllp.com | ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7 |
| 10 | kringgenberg@bsfllp.com | Redwood City, CA 94070<br>Telephone: 650.506.4846 |
| 11 | | Facsimile:  650.506.7114<br>dorian.daley@oracle.com |
| 12 | | deborah.miller@oracle.com<br>jim.maroulis@oracle.com |
| 13 | Attorneys for Plaintiffs Oracle USA, Inc.,<br>Oracle America, Inc. and Oracle International | |
| 14 | Corp. | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| 18 | ORACLE USA, INC., a Colorado corporation;<br>ORACLE AMERICA, INC., a Delaware | Case No  2:10-cv-0106-LRH-PAL |
| 19 | corporation; and ORACLE INTERNATIONAL<br>CORPORATION, a California corporation, | **PLAINTIFFS ORACLE USA, INC.,** |
| 20 | Plaintiffs, | **ORACLE AMERICA, INC., AND**<br>**ORACLE INTERNATIONAL** |
| 21 | v. | **CORPORATION'S MOTION TO**<br>**SEAL REPLY IN SUPPORT OF** |
| 22 | RIMINI STREET, INC., a Nevada corporation;<br>SETH RAVIN, an individual, | **MOTION FOR PRESERVATION**<br>**ORDER** |
| 23 | Defendants. | |

**PLAINTIFFS' MOTION TO SEAL**

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010 [Docket No. 55] ("Protective Order") and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation (together "Oracle" or "Plaintiffs") respectfully request that the Court order the Clerk of the Court to file under seal its Reply in Support of Motion for Preservation Order [Docket # 100] ("Reply").  An unredacted version of the Reply was lodged under seal with the Court on September 3, 2010 [Docket # 100].  A redacted version of the Reply was also publicly filed on the Court's ECF website on September 3, 2010 [Docket # 99].

As explained in Oracle's previous Motion to Seal [Docket # 87], granted by the Court on August 30, the presumption of public access to court filings may be overcome for non-dispositive motions by a showing of good cause under Rule 26(c).  *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

Specifically, Oracle requests that the unredacted version of the Reply lodged with the Court be sealed because it contains references to:

(1)   the transcript of the Deposition of Joseph Dones regarding Rimini's information technology infrastructure;

(2)   documents produced by Rimini Street regarding its technology infrastructure and policies; and

(2)   instant messages produced by SAP AG, SAP America, Inc. and TomorrowNow, Inc.

The transcript, the documents produced by Defendant Rimini Street, Inc. ("Rimini") and the instant messages were filed with Oracle's moving papers as Exhibits B, G, and V-DD to the Declaration of Kieran Ringgenberg, were identified in Oracle's previous Motion to Seal, and

1  were ordered sealed by the Court on August 30.  The Reply also contains references to the May
2  26, 2010 estimate for forensic imaging of Rimini custodians from Epiq eDiscovery Solutions,
3  Inc., which was filed with Defendants' Opposition as Exhibit G to the Declaration of Robert H.
4  Reckers, and which Defendants moved to seal on August 31, 2010.
5          Sealing the Reply is requested because the references to the transcript, the documents
6  produced by Rimini, the instant messages, and the estimate include information designated by
7  Defendants Rimini and Seth Ravin ("Ravin") and third parties, SAP AG, SAP America, Inc. and
8  TomorrowNow, Inc., as "Confidential" or "Highly Confidential — Attorneys Eyes' Only" under
9  the terms of the Protective Order.  The requested relief is necessary and narrowly tailored to
10 protect the confidentiality of the commercially sensitive business information identified by the
11 designating parties.  The Protective Order provides that "Counsel for any Designating Party may
12 designate any Discovery Material as 'Confidential Information' or 'Highly Confidential
13 Information - Attorneys' Eyes Only' under the terms of this Protective Order **only if such**
14 **counsel in good faith believes that such Discovery Material contains such information and**
15 **is subject to protection under Federal Rule of Civil Procedure 26(c).**  The designation by any
16 Designating Party of any Discovery Material as 'Confidential Information' or 'Highly
17 Confidential Information – Attorneys' Eyes Only' shall constitute a representation that an
18 attorney for the Designating Party reasonably believes there is a valid basis for such
19 designation."  Protective Order ¶ 2 (emphasis added).
20         Thus, in identifying the Exhibits referenced in the Reply as "Confidential" or "Highly
21 Confidential – Attorneys Eyes Only," the designating parties have represented that good cause
22 exists for sealing the Reply.  This is a sufficient showing of good cause to permit a sealing order
23 on a non-dispositive motion.  *See, e.g., Pacific Gas and Elec. Co. v. Lynch*, 216 F. Supp. 2d
24 1016, 1027 (N.D. Cal. 2002).
25         Oracle has prepared a redacted version of the Reply for the Court's public files, which
26 would allow public access to the Reply, except for those portions containing information
27 designated as Confidential or "Highly Confidential – Attorneys Eyes Only" by other parties
28 under the Protective Order.  Accordingly, the request to seal is narrowly tailored.

1   For the foregoing reasons, Oracle respectfully requests that the Court find that good cause
2   exists to file the Reply under seal.

4   DATED: September 3, 2010        BOIES SCHILLER & FLEXNER LLP

                                    By: /s/ Kieran P. Ringgenberg
                                        Kieran P. Ringgenberg
                                        Attorneys for Plaintiffs
                                        Oracle USA, Inc., Oracle America, Inc.,
                                        and Oracle International Corp.

4

PLAINTIFFS' MOTION TO SEAL

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of September, 2010, I electronically transmitted the foregoing **PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC., AND ORACLE INTERNATIONAL CORPORATION'S MOTION TO SEAL REPLY IN SUPPORT OF MOTION FOR PRESERVATION ORDER** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

/s/ Catherine Duong
An employee of Boies, Schiller & Flexner LLP