# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| ORACLE USA, INC., *et al.*, | ) |
| Plaintiffs, | ) Case No. 2:10-cv-00106-LRH-PAL |
| vs. | ) **ORDER** |
| RIMINI STREET, INC., *et al.*, | ) (Motion for Preservation Order - #82) |
| Defendants. | ) (Resolving Disclosure Dispute) |
|  | ) (Discovery Plan and Scheduling Order) |

The court conducted a hearing on September 10, 2010. Tom Hixon, James Margolis, Fred Norton, Kieran Riggenberg and Richard Pocker appeared on behalf of the Plaintiffs. Trent Webb and Robert Reckers appeared on behalf of the Defendants.

The parties have been unable to agree on a proposed Discovery Plan and Scheduling Order, although both sides agree special scheduling review is required. Counsel have also been unable to agree about the number of depositions and deposition hours which should be allowed, or the number of interrogatories in excess of twenty-five (25) which should be permitted. At the status hearing conducted August 5, 2010, counsel for both sides agreed that initial discovery should focus on foundational discovery including taking the deposition of Defendants' Rule 30(b)(6) designee on matters related to document preservation and collection. The parties exchanged initial disclosures May 25, 2010. Defendants served two set of Requests for Production of Documents. Plaintiffs responded and produced more than 60,000 pages of documents and are continuing to produce documents on a rolling basis. Defendants have served three sets of Requests for Production of Documents to which the Defendants have responded, producing approximately 180,000 pages of documents. Plaintiffs have served subpoenas seeking documents from several non-parties.

///

1    Defendants currently employ a number of Oracle's former employees, some of whom are in
2 possession of privileged, confidential or proprietary information of the Plaintiffs.  Counsel for the
3 parties met and conferred and were able to agree on most of the terms of a proposed stipulation and
4 order to prevent the disclosure of Plaintiffs' privileged, confidential, proprietary information to
5 Defendants by Plaintiffs' former employees.  However, they were unable to reach an agreement on one
6 term.  The parties stated their respective positions with respect to this dispute in a joint status report
7 (Dkt. #98) and in oral argument at the status hearing.

8    The parties agree that Oracle has the right to maintain the confidentiality of proprietary, work-
9 product, and privileged information possessed by its former employees.  The parties also agree that
10 former Oracle employees should not share that information with Rimini, and that Rimini's counsel
11 should be restricted in communicating with former Oracle employees to prevent disclosures of Oracle's
12 proprietary, work-product, and privileged information.  Finally, the parties agree that, if there is a leak
13 of Oracle's privileged and other protected information to Rimini, Rimini must take steps to prevent
14 further disclosure.  The parties prepared a draft proposed stipulation reflecting their agreements which
15 is attached as Exhibit "A" to the Joint Status Report (Dkt. #98).  However, the parties were unable to
16 agree on a single term.  Oracle seeks language in the stipulation and order requiring counsel for Rimini
17 to advise counsel for Oracle if Rimini's employees violate Oracle's rights by leaking Oracle's
18 privileged and other protected information to Rimini employees or counsel.  Rimini agrees that if an
19 employee improperly discloses privileged or confidential information, that Rimini should take
20 corrective steps.  However, Rimini disagrees that it is required to disclose to Oracle's counsel the
21 identity of any person making an improper disclosure, the persons to whom the disclosure was made,
22 the date, time, and place of the disclosure, and subject matter and content of the disclosure.  Rimini
23 asserts that such a provision goes far beyond any recognized professional or legal duty.

24    Rimini agrees that all attorneys have an obligation to return privileged or confidential
25 documents of the Plaintiff that it knows or reasonably should know was inadvertently sent.  It therefore
26 agrees to notify Oracle of any privileged documents that are inadvertently or improperly disclosed.
27 However, counsel for Rimini argues that, it should not be required to disclose the source leaking
28 privileged or confidential information.  Relying on *In re: Shell Oil Refinery*, 143 F.R.D. 108 (E.D. LA

1992), Rimini argues that "the Court should not be concerned with retaliatory actions taken by Oracle against its former employees, and Rimini should not be required to disclose the identities of personnel who might have been involved in such hypothetical disclosure."

Having reviewed and considered the matter, the court will require counsel for Rimini to disclose to counsel for Oracle the identity of any person making a disclosure of Oracle's privileged, confidential or proprietary information. The court will also require counsel for Rimini to disclose to whom the disclosure was made, the date, time, and place of the disclosure, and the subject matter and content of the disclosure to the extent known by counsel for Rimini. Although neither side has cited a case directly on point, the court concurs with counsel for Oracle that the parties and counsel have a duty to notify the holder of a privileged or confidential information of improper disclosures. In this case, at least eighty-five (85) employees of Defendants were previously employed by Oracle, or companies acquired by Oracle. Rimini acknowledges it has a duty to notify Oracle of any "inadvertent" disclosure of privileged, proprietary and confidential documents. Rimini also acknowledges it has a duty to take corrective action with respect to any inappropriate disclosure. However, counsel for Rimini does not specify what corrective action should be appropriately taken, and there is a substantial risk that Oracle's privileged and confidential information will be disclosed in oral communications either inadvertently or intentionally.

Even the most conscientious of lay persons cannot be expected to appreciate the scope of the principles underlying the attorney-client and work product privileges and/or the scope of information protected from disclosure as confidential and proprietary. Additionally, without knowledge of the identity and content of the disclosures and to whom the disclosures were made, Oracle has little assurance the disclosures of its confidential and proprietary information will not be used for any purpose. Similarly, Oracle will not have sufficient information about the inappropriate disclosure to rectify ongoing wrongful disclosures. Rimini agrees it has an ethical obligation to identify and return Oracle's privileged documents. If this occurs Oracle will know what has been inappropriately disclosed and able to take remedial action if Rimini's remedial measures are ineffective or illusory. By contrast, if Oracle does not know the specifics of any inappropriate oral or other form of disclosure it has no effective means to protect its privileged and confidential information from continuing or future

violations.  The court is not concerned with or suggesting "retaliatory actions" should be taken against former Oracle employees making improper disclosures.  Rather, the court is concerned with providing Oracle with sufficient information to enable it to protect its privileged and confidential information prospectively.

Finally, the court heard oral argument on Plaintiffs' Motion for Preservation Order (Dkt. #82).  Plaintiffs seek an order requiring Defendants and its CEO, Seth Ravin, to preserve relevant evidence by creating forensic or mirror images of the individual computers of relevant custodians.  Plaintiffs believe that the Defendants have failed to take adequate measures to preserve relevant evidence in this litigation, and that critical evidence may have already been lost.  Plaintiffs acknowledge that it may never need to forensically restore and/or analyze the information stored on mirror images it seeks to have preserved, and that it has other remedies if it turns out the Defendants have not adequately preserved evidence.

Defendants assert that they have taken adequate measures to preserve electronically stored information.  Although Defendants do not believe it is necessary, counsel for Defendants offered to created forensic images of its computers, provided Oracle bore the costs.  Counsel for Defendants has received quotes from multiple independent vendors indicating the cost for creating forensic images of all of its computers would likely exceed $200,000.00.

During oral argument, counsel for Plaintiffs indicated that Plaintiffs did not seek forensic images for all of Defendants' computers, but for approximately thirty to sixty of Defendants' records custodians.  Plaintiffs have not yet identified to Defendants the custodians from whom Plaintiffs seek forensic images.

Having reviewed and considered the moving and responsive papers and the arguments of counsel, the court accepts representations made by counsel for Defendants that adequate preservation methods have been taken to preserve relevant electronically stored information.  Counsel for Plaintiffs have not yet had the opportunity to review Defendants' document production, and have not identified gaps or apparently missing categories of documents.   The Plaintiffs also acknowledge that it may never be necessary to review and analyze the mirror images if, as Defendants claims, adequate preservation measures have been taken.  Under these circumstances, the court will permit Plaintiffs to obtain

forensic images of the computers of up to sixty (60) of Defendants records of custodians at Plaintiffs' cost.

**IT IS ORDERED**:

1. The following Discovery Plan and Scheduling Order deadlines shall apply:
   a. Last date to complete fact discovery: **August 1, 2011.**
   b. Last date to file motions to compel related to fact discovery: **August 15, 2011.**
   c. Last date to amend pleadings and add new parties: **June 1, 2011.**
   d. Last date to disclose experts on issues for which a party has the burden of proof, pursuant to Fed. R. Civ. P. 26(a)(2): **September 1, 2011.**
   f. Last date to disclose rebuttal experts: **October 15, 2011.**
   g. Last date to complete expert discovery: **December 1, 2011.**
   h. Last date to file dispositive motions: **January 15, 2012.**
   i. Last date to file joint pretrial order: **February 15, 2012**.  In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

2. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

3. Each side may propound up to forty (40) interrogatories.

4. Each side will be allowed to take up to twenty (20) depositions of seven (7) hours in duration unless, for good cause shown, additional deposition testimony is required to prepare this case for trial.

5. Counsel for the parties, having stipulated to all except one essential term of the proposed order to preserve the confidentiality of Plaintiffs' proprietary and privileged information in the possession of Defendants' employees, the court will enter an order adopting the parties' stipulation and resolving their single dispute.  A separate order will enter effectuating the parties' joint stipulation, and this court's order resolving their single dispute.

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6. Plaintiff's Motion for Preservation Order (Dkt. #82) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent Plaintiffs may have the computers of up to sixty (60) relevant custodians forensically imaged at Plaintiffs' cost. Counsel shall forthwith meet and confer to identify the relevant custodians.

Dated this 17th day of September 2010.

_____
Peggy A. Leen
United States Magistrate Judge