# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:10-cv-00106-LRH-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| RIMINI STREET, INC., *et al.*, ) | ORDER TO PRESERVE THE |
| ) | CONFIDENTIALITY OF PLAINTIFFS' |
| Defendants. ) | PROPRIETARY AND PRIVILEGED |
| ) | INFORMATION IN THE POSSESSION |
| | OF DEFENDANTS' EMPLOYEES |

Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively, "Oracle") and Defendants Rimini Street, Inc. and Seth Ravin (collectively, "Rimini"), through their respective counsel of record, have stipulated to all of the essential terms of this order with the exception of the second sentence of ¶ 2. The court has reviewed and considered the parties' respective positions and the arguments of counsel at a hearing conducted September 10, 2010 and finds that the second sentence of ¶ 2 shall be adopted as this court's order.

The parties have stipulated, and the court finds that:

1. At least eighty-five employees of Defendants were previously employed by Oracle or companies acquired by Oracle, including but not limited to PeopleSoft, Inc., J.D. Edwards & Co., Siebel Systems, Inc., and their respective parent and/or subsidiary companies (collectively, "former Oracle employees"); and

2. These former Oracle employees may possess Oracle's proprietary, attorney work product, and privileged information;

3. The parties agree that it is important and necessary to protect Oracle's proprietary, attorney work product, and privileged information from improper disclosure. The parties

further agree that the following categories of information are likely to contain Oracle's proprietary, attorney work product, and privileged information:

- information learned or actions taken by a former Oracle employee while still employed by Oracle that are in any way related to either the above-captioned matter or to *Oracle USA, Inc. et al. v. SAP AG et al.,* No. 07 Civ. 1658 (N.D. Cal. filed Mar. 22, 2007);
- communications of any kind between the former employee and in-house or outside counsel for Oracle;
- investigations or research of any kind that the former employee performed while an Oracle employee; or
- any other matter that may elicit Oracle's privileged, work product, or proprietary information.

4. Oracle is entitled to maintain the confidentiality of such information;

5. Oracle has not waived its attorney-client privilege with respect to any privileged information possessed by former Oracle employees and currently has no intention of doing so;

6. Rimini agrees that former Oracle employees shall not disclose or share any of Oracle's proprietary, work product, or privileged information and has agreed to the measures described herein (with the exception of the measures described in the second sentence of ¶ 2 below) to prevent the improper disclosure of Oracle's proprietary, attorney work product, and privileged information.

THEREFORE, **IT IS ORDERED**:

1. Neither Rimini Street nor its counsel, officers, directors, agents, employees, or contractors shall discuss, attempt to obtain, or share any documents related to any privileged, work product, or proprietary Oracle information possessed by former Oracle employees, except as permitted herein by ¶ 4.

2. If Rimini Street becomes aware that any former Oracle employee discloses or has disclosed any privileged, work product, or proprietary Oracle information to any Rimini Street officer, director, agent, employee, or contractor, or counsel when Oracle counsel is not present, counsel for Rimini shall immediately take steps to prevent further disclosure of that proprietary Oracle information or any other. In addition, if Rimini Street

|     |     |     |
| --- | --- | --- |
| 1   |     | becomes aware that any former Oracle employee has disclosed Oracle's privileged, work |
| 2   |     | product, or proprietary information to any Rimini Street officer, director, agent, |
| 3   |     | employee, or contractor, or counsel when Oracle counsel is not present, counsel for |
| 4   |     | Rimini Street shall inform counsel for Oracle of the identities of the person making the |
| 5   |     | disclosure and the persons to whom the disclosure was made, the date, time, and place of |
| 6   |     | the disclosure, and the subject matter and content of the disclosure, to the extent known |
| 7   |     | by counsel for Rimini Street. |
| 8   | 3.  | Should Rimini or its counsel, agents, employees or contractors anticipate that a |
| 9   |     | discussion with a former Oracle employee may relate to or elicit any of Oracle's |
| 10  |     | privileged, work product, or proprietary information, Rimini shall provide notice to |
| 11  |     | Oracle's inside or outside counsel five business days in advance of such conversation. |
| 12  |     | Such notice shall specify the date, time, and place of the anticipated conversation, as |
| 13  |     | well as the general subjects that will be discussed. |
| 14  | 4.  | Upon receiving the notice described in ¶ 3 above, Oracle inside or outside counsel may |
| 15  |     | elect to attend the discussion with the former Oracle employee, either in person at the |
| 16  |     | designated location or via telephone. If Oracle counsel reasonably believes that any topic |
| 17  |     | or line of questioning raised during such a discussion may elicit privileged information, |
| 18  |     | Oracle counsel may remind the former Oracle employee of his or her obligations and |
| 19  |     | instruct the former Oracle employee not to address the question or topic. Following such |
| 20  |     | an instruction, any inquiry or discussion pertaining to the privileged information will |
| 21  |     | cease. If Oracle counsel believes that any answer or discussion includes non-privileged |
| 22  |     | but confidential information, Oracle counsel may designate such information under the |
| 23  |     | Protective Order as "confidential" or "highly confidential." Any information designated |
| 24  |     | pursuant to this paragraph will be treated as set forth by the Protective Order. Oracle |
| 25  |     | agrees that the disclosure of information to counsel for Rimini pursuant to this paragraph |
| 26  |     | will not constitute a breach of any nondisclosure agreement or obligation held by the |
| 27  |     | former Oracle employee. |
| 28  | /// |     |

5.  Oracle shall inform Defendants of its intention to attend the conversation that is the subject of the notice within three business days of receiving the notice described in ¶ 3 above, and will provide the identity of the person(s) attending and whether they will attend in person at the designated location or via telephone.

6.  Rimini represents, and Oracle relies on Rimini's representation, that Rimini has distributed to all employees a notice reminding the employees that they may not discuss any matter with former Oracle, PeopleSoft, Siebel, or JD Edwards employees (including former employees now employed by Rimini) that may elicit disclosure of Oracle's privileged, work product, or proprietary information, including privileged, work product, or proprietary information regarding: (i) actions taken by the former employee, while still at Oracle, that are related to Oracle's suit against Rimini Street; (ii) Oracle's lawsuit against SAP AG and TomorrowNow Inc.; (iii) communications between the former employee and inside or outside counsel for Oracle; or (iv) investigations or research that the former employee performed while an Oracle employee. The notice further provided that employees should not obtain or try to obtain Oracle's privileged, work product, or proprietary information from anyone who worked for Oracle or companies acquired by Oracle (i.e., PeopleSoft, Siebel, or JD Edwards).

7.  Nothing in this order shall limit or prevent Rimini from discussing or obtaining non-proprietary and non-privileged Oracle information or materials from former Oracle employees.

Dated this 17th day of September, 2010.

_____
Peggy A. Leen
United States Magistrate Judge