UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation;<br>ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>　　　　　　Defendants. | 2:10-CV-00106-LRH-PAL<br><br>ORDER |

Before the court is plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation's (collectively "Oracle") motion to dismiss counterclaims and strike affirmative defenses filed on June 10, 2010. Doc. #67.[1] Defendant Rimini Street, Inc. ("Rimini Street") filed an opposition (Doc. #72) to which Oracle replied (Doc. #74).

**I.     Facts and Procedural History**

Plaintiff Oracle develops and licenses intellectual property related to computer software and provides related services. Defendant Rimini Street is a company that provides third-party maintenance and service support to companies that license Oracle's software applications.

---

[1] Refers to the court's docket entry number.

On January 25, 2010, Oracle filed a complaint for copyright infringement alleging that Rimini Street illegally downloaded Oracle's software and support materials by logging on to Oracle's password protected web-database using an Oracle customer's individual login credentials, and downloading support materials in excess of that customer's authorized license agreement. In response, Rimini Street filed an answer alleging three counterclaims: (1) defamation; (2) copyright misuse; and (3) unfair competition, as defined by California Business & Professions Code §§ 17200, *et seq*. Doc. #56.

Thereafter, Oracle filed the present motion to dismiss counterclaims. Doc. #67.

**II.    Legal Standard**

Oracle seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability,

2

it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949.

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (*quoting Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III.   Discussion**

Plaintiff Oracle seeks to dismiss all three counterclaims for defamation, copyright misuse, and unfair practices as well as defendants' fourth affirmative defense for copyright misuse. Doc. #67. The court shall address each of the claims below.

**A. Defamation**

To establish a cause of action for defamation, a plaintiff must allege: (1) a false and defamatory statement by defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *Wynn v. Smith*, 16 P.3d 424, 427 (Nev. 2001). A statement may only be defamatory if it contains a factual assertion that can be proven false. *See Flowers v. Carville*, 112 F. Supp. 2d 1202, 1210 (D. Nev. 2000). The determination of whether a statement contains a defamatory factual assertion is a question of law. *Rodriguez v. Panayiotou*, 314 F.3d 979, 985 (9th Cir. 2002); *see also, Branda v. Sanford*, 637 P.2d 1223, 1225-26 (Nev. 1981).

Here, defendants allege that several statements made by Oracle representatives to potential customers of Rimini Street and members of the press were defamatory. In opposition, Oracle

3

argues that the allegedly defamatory statements are not defamatory as a matter of law because they are (1) opinion statements about Rimini Street's future financial stability, (2) legal conclusions made by lay persons, and (3) statements made in connection with this litigation. *See* Doc. #67.

### 1. Future Financial Stability

In its answer, Rimini Street alleges that Oracle employee Juan Jones ("Jones") stated to a potential Rimini Street customer that "Rimini Street's business model was presently unsustainable and that Rimini Street would not still be in business in two years." *See* Doc. #56. Rimini Street further alleges that an unknown Oracle executive told Oracle customers that "Oracle had information that, when disclosed, would put Rimini out of business." *Id*. Rimini Street argues that these statements are actionable defamatory statements because they contain false facts about the sustainability of Rimini Street's business practices.

However, statements concerning the future financial stability of a business is a non-actionable statement of opinion. *Uline, Inc. V. JIT Packaging, Inc.*, 437 F. Supp. 2d 793, 803 (N.D. Ill. 2006). Oracle's statements are predictions of the future that could not be proven true or false at the time the statements were made. Therefore, these statements are not defamatory. *Id*. Accordingly, the court will grant Oracle's motion to dismiss as to these allegations of defamation.

### 2. Lay Opinion of Illegal Behavior

Rimini Street alleges that an Oracle representative made a defamatory statement by insinuating that Rimini Street's business practices were illegal because they infringed on Oracle's intellectual property. In opposition, Oracle argues that the allegations that Rimini infringed Oracle's intellectual property constitutes the speaker's interpretation of the law which cannot constitute defamation.

"Generally, statements by laypersons that purport to interpret the meaning of a statute . . . are opinion statements, and are not statements of fact." *Rodriguez*, 314 F.3d at 985 (quoting *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731-32 (9th Cir. 1999). In

this instance, the statement does not interpret any statute or law, but is the speaker's conclusion that Rimini Street engaged in criminal activity. An allegation that a party is guilty of a crime is defamatory on its face. *Yow v. Nat'l Enquirer, Inc.*, 550 F. Supp. 2d 1179, 1183 (E.D. Cal. 2008). Further, the statement goes beyond generalized accusations and asserts the precise factual nature of the accusation charging Rimini Street with the specific and objectively verifiable act of copyright infringement. Therefore, the court finds that Rimini Street has sufficiently alleged a claim for defamation and shall deny Oracle's motion as to this allegation.

### 3. Statements Made in Course of Litigation

In its complaint, Rimini Street alleges that Oracle spokesperson Deborah Hellinger ("Hellinger") told reporters in an interview after filing the underlying complaint that "[Oracle] is committed to customer choice and vigorous competition, but draws the line with any company, big or small, that steals its intellectual property," and that "the massive theft that Rimini Street and Mr. Ravin engaged in is not healthy competition. We will prove this in court." *See* Doc. #56.

Rimini Street argues that these statements publically accuse it of engaging in massive theft of intellectual property which is a crime and therefore defamatory on its fact. *Yow*, 550 F. Supp. 2d at 1183. In opposition, Oracle argues that Hellinger's statement simply describes Oracle's claims in the litigation which is protected by the litigation privilege.

Under the litigation privilege, a communication is privileged if it is "made in, or in anticipation of, litigation by litigants or authorized participants to achieve the objects of the litigation, and if the communication has some connection or logical relation to the action." *Rothman v. Jackson,* 49 Cal. App. 4th 1134, 1145 (Ct. App. 1996). In order to meet the 'logical relation' requirement, a communication must have a functional connection to litigation, meaning that the communicative act "must function as a necessary or useful step in the litigation process and must serve its purposes." *Rodriguez v. Panayiotou*, 314 F.3d 979, 987-988 (9th Cir. 2002).

The privilege has been extended to cover statements made outside the courtroom where no

5

function of the court or its officers is involved. *Id*. at 987. However, the privilege does not extend to "litigating in the press" and the statement must still meet the logical relation requirement. *Id*. at 294.

The court finds that Hellinger's alleged statements are not protected by the litigation privilege because the statements are not logically related to the litigation. Although the statements were made by an Oracle representative after the underlying complaint was filed, the statements do not relate any direct information from the complaint or the causes of action. Further, Hellinger provides no information about the lawsuit itself. Rather, Hellinger simply states that Oracle will protect its rights against any company and that it believes that Rimini Street has engaged in massive theft. These are press statements which serve no logical relation to the litigation. *See Rodriguez*, 314 F.3d at 987-988. Accordingly, the court shall deny Oracle's motion as to this allegation.

**B. Copyright Misuse**

The equitable defense of copyright misuse "forbids a copyright holder from securing an exclusive right or limited monopoly not granted by the Copyright Office" by preventing "copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001) (internal quotations omitted).

Here, Rimini alleges that Oracle is using its existing software copyrights to unlawfully leverage a monopoly in its uncopyrightable after-market support services.[2] Specifically, Rimini Street alleges that as part of the license agreement Oracle prohibits the use of automated tools preventing customers from downloading large volumes of Oracle's support materials. Further, Rimini Street alleges that the technical design of these website makes it impossible for

---

[2] In a very lucrative aspect of its business, Oracle offers for an annual fee, support and maintenance services for the software it licenses to customers.

6

the licensees to identify all the materials to which they are entitled,[3] thereby forcing the licensees to employ Oracle's uncopyrightable support services. Therefore, Rimini Street argues that Oracle is misusing its copyright by effectively requiring its customers to either purchase non-copyrightable after-market support services or forego support materials for which they are entitled.

In opposition, Oracle argues that Rimini Street fails to allege any conduct that could constitute copyright misuse because Rimini Street's allegations only establish that Oracle restricts mass copying of its copyrightable works by limiting the amount of additional support information that may be downloaded at a time and the manner in which it is downloaded.[4] A customer is still able to access and download all additional support information that a customer is entitled to without having to purchase either Oracle's or a third-party's maintenance and service package. Thus, there are no sustainable allegations that Oracle is using an unduly restrictive licensing agreement to control areas outside of its copyright.

The court has reviewed the documents and pleadings on file in this matter and finds that the licensing restrictions alleged by Rimini Street are well within Oracle's statutory rights as a copyright holder and therefore do not constitute copyright misuse. The alleged limits on massive automated downloads of Oracle Software and Support materials falls squarely within the scope of Oracle's right to control reproduction and distribution of copyrighted works. *See UMG Recordings*, 92 F. Supp. 2d at 351 ("A [copyright holder's] exclusive rights . . . include the right, within broad limits, to curb the development of such a derivative market by refusing to license a copyrighted work or by doing so only on terms the copyright owner finds acceptable.")

Further, the alleged limitation of crawlers and other automated search tools, which are the

---

[3] Oracle provides a web-database of help and support documents, updates, and firmware support that customers are entitled to as part of the software licensing agreement. As part of a customer's license agreement, each customer is provided with a database password that allows the customer to access Oracle's web-database to download files and support documents for their specific software.

[4] Oracle's web-database and licensing agreement prohibit the use of third-party automated search tools and other "crawlers" which allow for the download of large volumes of copyrighted material.

core of Rimini Street's business activities, is only a limitation on third-party business models and is not a restriction on Oracle customers. The licensing agreement does not preclude a customer from using either a competing company or no company at all to access its support materials. As such, it does not constitute copyright misuse. *See e.g., Practice Management Information Co. v. The American Medical Assoc.*, 121 F.3d 516, 521 (9th Cir. 1997) (finding that a licensing agreement that required its customers to not use a competitor's product was copyright misuse); *Apple, Inc. v. Psystar Corp.*, 673 F. Supp. 2d 931, 939 (9th Cir. 2009) (finding that a license agreement that prohibited customers from using plaintiff's product on a competitor's product, but did not prohibit customers from using a competitor's product, was not copyright misuse). Accordingly, the court shall grant Oracle's motion to dismiss as to Rimini Street's counterclaim for copyright misuse.

Rimini also pleads copyright misuse as its Fourth Affirmative Defense. Affirmative defenses are governed by the same pleading standard as complaints. *Wyshak v, City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979)*. An affirmative defense may be stricken pursuant to rule 12(f) "when the defense is insufficient as a matter of law." *Id*. Because the court finds that the complaint fails to allege a claim for copyright misuse, the court will also strike the comparable affirmative defense.

### C. Unfair Competition

California's unfair competition statute prohibits any unfair competition, which is defined as "any unlawful, unfair, or fraudulent business act or practice." CAL. BUS. & PROF. CODE §§ 17200, *et seq.* In its counterclaim, Rimini Street alleges that Oracle engaged in (1) fraudulent business practices by making defamatory statements that have harmed Rimini Street's business activities, and (2) unlawful practices by crafting an unduly restrictive license agreement.

This claim is derivative of Rimini Street's claims for defamation and copyright misuse. As such, the court shall dismiss Rimini Street's allegations relating to unlawful practices arising from

Oracle's copyright misuse in accordance with the court's holding on that cause of action.

IT IS THEREFORE ORDERED that plaintiffs' motion to dismiss counterclaims (Doc. #67) is GRANTED in-part and DENIED in-part in accordance with this order.

IT IS FURTHER ORDERED that the clerk of court shall strike defendant's Fourth Affirmative Defense for Copyright Misuse from the Amended Answer (Doc. #56).

IT IS SO ORDERED.

DATED this 29th day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE