| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com<br><br>Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corp. | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA  94111-4067<br>Telephone:  415.393.2000<br>Facsimile:  415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>DORIAN DALEY (*pro hac vice application to be submitted*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone:  650.506.4846<br>Facsimile:  650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et. al.,<br><br>            Plaintiffs,<br>   v.<br><br>RIMINI STREET, INC., et al.<br><br>            Defendants. | Case No  2:10-cv-0106-LRH-PAL<br><br>**ANSWER TO FIRST AMENDED COUNTERCLAIM** |

**ORACLE'S ANSWER TO RIMINI'S FIRST AMENDED COUNTERCLAIM**

Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation (collectively "Oracle" or "Plaintiffs"), as and for their Answer to Defendant Rimini Street, Inc.'s ("Rimini") First Amended Counterclaim ("FAC"), state as follows:

**Numbered Paragraphs**

Plaintiffs respond to each of the numbered paragraphs[1] of the First Amended Counterclaim as follows:

1. Oracle admits that the on-line news article cited by Rimini Street in Paragraph 1 identifies Juergen Rottler as the Executive Vice President of Oracle Global Customer Services, attributes the quoted comments to Rottler, and was published three days after Oracle filed its original Complaint. Oracle denies the remaining allegations of Paragraph 1.

2. Oracle admits that the April 19, 2010 First Amended Complaint it filed in the above-captioned matter ("First Amended Complaint") alleges that Rimini Street employs an "illegal business model," operates an "illegal scheme," and has committed "massive theft of Oracle's software and related support materials." Oracle denies the remaining allegations of Paragraph 2.

3. Oracle also lacks sufficient knowledge to form a belief about the truth of the allegation that Rimini Street's clients authorized Rimini Street to perform unspecified "work" on their behalf. Oracle denies the remaining allegations of Paragraph 3.

4. Oracle denies the allegations of Paragraph 4.

5. Oracle lacks sufficient knowledge to form a belief as to the extent of all Oracle customers' authorizations to Rimini Street to use and possess Oracle customer licensed software. In any event, Oracle denies that customer authorization alone is

---

[1] The Complaint contains numerous headings and sub-headings, which are not allegations and do not require a response from Defendants. To the extent that any headings and sub-headings are construed as allegations, they are denied.

sufficient to render all use and possession of Oracle software by Rimini legal, as Paragraph 5 claims. Oracle denies the remainder of Paragraph 5.

6. Oracle denies the allegations in Paragraph 6.

7. Oracle admits that the on-line editorial cited by Rimini Street in Paragraph 7 asserts that Oracle earns 92% software maintenance margins. Oracle denies the remaining allegations in Paragraph 7.

8. Oracle denies the allegations of Paragraph 8, except that Oracle lacks sufficient knowledge to form a belief concerning how aggressively Rimini intends to defend its position in this lawsuit.

9. Oracle admits the allegations of Paragraph 9.

10. Oracle lacks sufficient knowledge to form a belief about the truth of the allegations of Paragraph 10, except that Oracle denies that Rimini's illegal business is properly characterized as innovative or praise-worthy.

11. Oracle denies the allegations of Paragraph 11, except that Oracle admits that the illegal copying of its software and support materials by Rimini Street harms the control over the copyrights that Oracle may lawfully exercise.

12. Oracle denies the allegations of Paragraph 12, except that Oracle admits that the February 24, 2010 on-line editorial Rimini cites claims that, excluding maintenance revenue, Oracle had one $800 million quarterly loss.

13. Oracle lacks sufficient information to form a belief about the truth of the allegations of Paragraph 13.

14. Oracle lacks sufficient knowledge to form a belief about the size of the fee that Rimini charges each of its customers per year, but Oracle denies that such fees truly represent a "savings" because they do not include access to Oracle's valuable software and support materials. Oracle denies the remaining allegations of Paragraph 14, except that Oracle admits that its support services entitle customers to upgrades and updates for their Oracle software on specified terms and conditions.

15. Oracle lacks sufficient knowledge to form a belief about the truth of the

allegations in Paragraph 15 describing Rimini's customer-service model. Oracle denies the allegations of Paragraph 15 characterizing Oracle's customer service as a "generic call center approach."

16. Oracle lacks sufficient knowledge to form a belief about the truth of Rimini's description of its own support model and the services it offers in Paragraph 16. Oracle denies the remaining allegations of Paragraph 16.

17. Oracle lacks sufficient knowledge to form a belief about the truth of the allegations of Paragraph 17, except that Oracle denies that Rimini Street's tax, legal, and regulatory updates are more robust and timely than Oracle's.

18. Oracle lacks sufficient knowledge to form a belief about the truth of the allegations of Paragraph 18.

19. Oracle denies the allegations of Paragraph 19.

20. Oracle denies the allegations of Paragraph 20.

21. Oracle lacks sufficient knowledge to form a belief about the truth of the allegations of Paragraph 21.

22. Oracle admits that Oracle Corporation announced its acquisition of Siebel Systems, Inc. in September 2005 and completed the acquisition of Siebel Systems, Inc. in January 2006. Oracle lacks sufficient knowledge to form a belief about whether Rimini Street began operations around this time.

23. Oracle lacks sufficient knowledge to form a belief about the truth of Paragraph 23.

24. Oracle denies the allegations of Paragraph 24, except that Oracle admits that it sent Rimini letters asking Rimini Street to respect Oracle's intellectual property.

25. Oracle admits that in at least some of its letters to Oracle, Rimini Street defended its business practices and offered to meet with Oracle representatives. Oracle denies the remaining allegations of Paragraph 25.

26. Oracle admits that Rimini Street has used automated download tools to obtain large volumes of Oracle's software and support materials. Oracle denies the

remaining allegations of Paragraph 26.

27. Oracle denies the allegations of Paragraph 27, except that Oracle admits that Rimini Street sent a letter to Oracle in June 2007 concerning its ability to use automated download tools to obtain Oracle software and support materials.

28. Oracle admits Paragraph 28's allegations that Oracle blocked access to its support website for an IP address in December 2008 after discovering that a website crawler was being used from that address to conduct massive automated downloads of Oracle software and support materials in violation of Oracle's website terms of use, that it later restored that IP address's ability to access Oracle's websites, and that after disabling access, Oracle discovered that Rimini Street had performed the unauthorized automated downloading. Oracle denies the remaining allegations of Paragraph 28.

29. Oracle admits the allegation in Paragraph 29 that on or around February 2009 Rimini Street stated to Oracle that it would cease using automated download tools, except that Oracle lacks sufficient knowledge to form a belief regarding Rimini Street's motivation to make that statement or whether it was in fact true. Oracle denies the remaining allegations in Paragraph 29.

30. Oracle admits that Rimini Street requested a conference call with Oracle representatives in early February 2009 and denies the remaining allegations of the first sentence of Paragraph 30. As to the second sentence, Oracle admits that Rimini Street offered to share certain information during the telephone conference. Oracle denies that Rimini Street offered to negotiate an agreement to permit a third-party audit of its compliance with Oracle's unspecified "processes and procedures." Oracle admits that it did not agree to any of Rimini Street's proposals. Oracle denies the remaining allegations of Paragraph 30.

31. Oracle denies the allegations of Paragraph 31.

32. Oracle denies the allegations of Paragraph 32, except that Oracle admits that its First Amended Complaint alleges that Rimini Street employs an "illegal business model," "illegal scheme," and has committed "massive theft of Oracle's software and

related support materials."

33. Oracle lacks sufficient knowledge to form a belief about the extent of every single Rimini Street customer's authorization of Rimini Street to download Oracle software and support materials on its behalf as alleged in Paragraph 33. Oracle admits that Rimini Street has taken the position that its processes and procedures are legal. Oracle denies the remainder of Paragraph 33.

34. Oracle denies the allegations of Paragraph 34, except that Oracle admits that its First Amended Complaint alleges that "the scope of the downloaded Software and Support Materials – across multiple libraries in multiple lines of business – for customers that had no license to take, or need for, those products suggests that Rimini Street took the Software and Support Materials to stockpile a library to support its present and prospective customers."

35. Oracle denies the allegations of Paragraph 35.

36. Oracle denies the allegations of Paragraph 36.

37. Oracle admits the allegations of Paragraph 37, except that Oracle denies that 28 U.S.C. § 2201 currently provides jurisdiction over this action because Rimini Street's sole claim for declaratory judgment has been dismissed.

38. Oracle admits the allegations of Paragraph 38.

39. Oracle admits the allegations of Paragraph 39, except that Oracle lacks sufficient knowledge to form a belief about the truth of Rimini Street's allegation that it develops support products.

40. Oracle admits the allegations of Paragraph 40 except for the suggestion that Oracle USA is a currently existing corporation. On February 15, 2010, Plaintiff Oracle USA, Inc., a Colorado corporation, merged with and into Sun Microsystems, Inc. Sun Microsystems, Inc., the surviving corporation, was then renamed Oracle America, Inc.

41. Oracle admits the allegations of Paragraph 41.

42. Oracle admits the allegations of Paragraph 42, except to the extent that Paragraph 42 may be read to imply that Oracle International Corporation has other places

1  of business aside from Redwood City, California.  Oracle International Corporation's
2  only place of business is Redwood City.
3      43.    In response to Paragraph 43, Oracle incorporates by reference its responses
4  to all the foregoing allegations as though fully set forth herein.
5      44.    Oracle denies the allegations of Paragraph 44, except that Oracle admits
6  that its First Amended Complaint alleges that Rimini Street's business model is corrupt
7  and illegal.
8      45.    Oracle admits Deborah Hellinger has acted as a spokesperson for Oracle.
9  Oracle further admits that the March 29, 2010 MarketWatch article attributes a statement
10 that Rimini Street and Seth Ravin engaged in "massive theft" to Deborah Hellinger,
11 although the accusation of "massive theft" also appears in the complaints that Oracle has
12 filed in this lawsuit.  Oracle admits that Chris Kanaracus of IDG News Service published
13 an article entitled "Rimini Street Files Countersuit Against Oracle" on March 29, 2010,
14 but denies that the article attributes any remarks to Deborah Hellinger.  In fact, all of the
15 allegations concerning Rimini Street's illegal activity in Kanaracus's article are attributed
16 to Oracle's complaint.  Oracle denies the remaining allegations of Paragraph 45.
17     46.    No response by Oracle is required to the allegations contained in Paragraph
18 46 because Rimini Street's allegations related to this statement were dismissed pursuant
19 to the Court's Order dated October 29, 2010.
20     47.    No response by Oracle is required to the allegations contained in Paragraph
21 47 because Rimini Street's allegations related to this statement were dismissed pursuant
22 to the Court's Order dated October 29, 2010.  To the extent a response to Paragraph 47 is
23 required, Oracle denies the allegations of Paragraph 47.
24     48.    Oracle denies the allegations of Paragraph 48.
25     49.    Oracle denies the allegations of Paragraph 49.
26     50.    Oracle denies the allegations of Paragraph 50.
27     51.    Oracle denies the allegations of Paragraph 51, except that Oracle
28 acknowledges that Oracle and Rimini Street have exchanged multiple letters in the past.

1      52.     Oracle admits that the First Amended Complaint includes references to
TomorrowNow, of which defendant Seth Ravin served as Chief Executive Officer.
Oracle also admits that it filed a lawsuit against TomorrowNow, Inc., SAP AG, and SAP
America, Inc. in 2007, which bears case number 07-CV-1658 in the Northern District of
California, and in which TomorrowNow, SAP AG, and SAP America, Inc. admitted
widespread infringement of Oracle copyrights, and in which the jury awarded Oracle $1.3
billion in damages for copyright infringement.  Oracle denies the remaining allegations of
Paragraph 52.

       53.     Oracle lacks sufficient knowledge to form a belief about the extent of every
single Rimini Street customer's authorization of Rimini Street to download Oracle
software and support materials on its behalf.   Oracle denies the remaining allegations of
Paragraph 53.

       54.     Oracle denies the allegations of Paragraph 54.

       55.     Oracle denies the allegations of Paragraph 55.

       56.     Oracle lacks sufficient knowledge to form a belief about the extent of every
single Rimini Street customer's authorization of Rimini Street to access and possess
Oracle software and support materials on its behalf.  Oracle denies the remainder of
Paragraph 56.

       57.     Oracle denies the allegations of Paragraph 57.

       58.     Oracle denies the allegations of Paragraph 58.

       59.     No response by Oracle is required to the allegations contained in
Paragraphs 59 through 68 because Rimini's counterclaim for copyright misuse was
dismissed pursuant to the Court's Order dated October 29, 2010.  To the extent a
response to Paragraph 59 is required, Oracle incorporates by reference its responses to all
the foregoing allegations as though fully set forth herein.

       60.     No response by Oracle is required to the allegations contained in

1 | Paragraphs 59 through 68 because Rimini's counterclaim for copyright misuse was
2 | dismissed pursuant to the Court's Order dated October 29, 2010.  To the extent a
3 | response to Paragraph 60 is required, Oracle denies the allegations of Paragraph 60.
4 |      61.     No response by Oracle is required to the allegations contained in
5 | Paragraphs 59 through 68 because Rimini's counterclaim for copyright misuse was
6 | dismissed pursuant to the Court's Order dated October 29, 2010.  To the extent a
7 | response to Paragraph 61 is required, Oracle denies the allegations of Paragraph 61.
8 |      62.     No response by Oracle is required to the allegations contained in
9 | Paragraphs 59 through 68 because Rimini's counterclaim for copyright misuse was
10 | dismissed pursuant to the Court's Order dated October 29, 2010.  To the extent a
11 | response to Paragraph 62 is required, Oracle denies the allegations of Paragraph 62.
12 |      63.     No response by Oracle is required to the allegations contained in
13 | Paragraphs 59 through 68 because Rimini's counterclaim for copyright misuse was
14 | dismissed pursuant to the Court's Order dated October 29, 2010.  To the extent a
15 | response to Paragraph 63 is required, Oracle denies the allegations of Paragraph 63.
16 |      64.     No response by Oracle is required to the allegations contained in
17 | Paragraphs 59 through 68 because Rimini's counterclaim for copyright misuse was
18 | dismissed pursuant to the Court's Order dated October 29, 2010.  To the extent a
19 | response to Paragraph 64 is required, Oracle denies the allegations of Paragraph 64.
20 |      65.     No response by Oracle is required to the allegations contained in
21 | Paragraphs 59 through 68 because Rimini's counterclaim for copyright misuse was
22 | dismissed pursuant to the Court's Order dated October 29, 2010.  To the extent a
23 | response to Paragraph 65 is required, Oracle denies the allegations of Paragraph 65.
24 |      66.     No response by Oracle is required to the allegations contained in
25 | Paragraphs 59 through 68 because Rimini's counterclaim for copyright misuse was
26 | dismissed pursuant to the Court's Order dated October 29, 2010.  To the extent a
27 | response to Paragraph 66 is required, Oracle denies the allegations of Paragraph 66.
28 |      67.     No response by Oracle is required to the allegations contained in

Paragraphs 59 through 68 because Rimini's counterclaim for copyright misuse was dismissed pursuant to the Court's Order dated October 29, 2010. To the extent a response to Paragraph 67 is required, Oracle denies the allegations of Paragraph 67.

68. No response by Oracle is required to the allegations contained in Paragraphs 59 through 68 because Rimini's counterclaim for copyright misuse was dismissed pursuant to the Court's Order dated October 29, 2010. To the extent a response to Paragraph 68 is required, Oracle denies the allegations of Paragraph 68.

69. In response to Paragraph 69, Oracle incorporates by reference its responses to all the foregoing allegations as though fully set forth herein.

70. Oracle denies the allegations of Paragraph 70.

71. Oracle denies the allegations of Paragraph 71.

72. Oracle denies the allegations of Paragraph 72.

73. Oracle denies the allegations of Paragraph 73.

74. Oracle denies the allegations of Paragraph 74.

75. Oracle denies that Rimini Street is entitled to any of the relief sought in Paragraph 75.

## Prayer for Relief

Oracle denies that Rimini Street is entitled to any relief.

## Affirmative Defenses

By and for its affirmative defenses, Oracle responds as follows:

First Affirmative Defense

The First Amended Counterclaim fails to set forth facts sufficient to state a claim upon which relief may be granted.

Second Affirmative Defense

Rimini Street's claims are barred by unclean hands.

Third Affirmative Defense

Rimini Street's claims are barred by the First Amendment to the United States Constitution, Article I, Section 9 of the Nevada Constitution, and Article I, Section 2(a)

of the California Constitution.

### Fourth Affirmative Defense

Rimini Street's claims against Oracle are barred because Oracle has not made, nor is it responsible for, any false or defamatory statements.

### Fifth Affirmative Defense

Statements made by Oracle representatives concerning Rimini Street were true.

### Sixth Affirmative Defense

Statements made by Oracle representatives concerning Rimini Street were privileged, including without limitation by Cal. Civil Code § 47 and/or Nevada common law.

### Seventh Affirmative Defense

Statements made by Oracle representatives concerning Rimini Street were statements of opinion.

### Eighth Affirmative Defense

Statements made by Oracle representatives were the speakers' interpretations of the law.

### Ninth Affirmative Defense

Statements made by Oracle representatives concerning Rimini were fair comment.

### Tenth Affirmative Defense

No reasonable person would impute a defamatory meaning to the statements made by Oracle representatives.

### Eleventh Affirmative Defense

Statements made by Oracle representatives concerning Rimini Street were made without actual malice.

### Twelfth Affirmative Defense

Statements made by Oracle representatives concerning Rimini Street were made without negligence.

Thirteenth Affirmative Defense

Statements made by Oracle representatives concerning Rimini Street were made in good faith.

Fourteenth Affirmative Defense

Rimini Street has not suffered any damages as the result of Oracle's conduct.

Fifteenth Affirmative Defense

Rimini Street cannot show, and has failed to plead, special damages.

Sixteenth Affirmative Defense

If Rimini Street suffered any damages, such damages were caused by its own conduct and/or the conduct of parties other than Oracle.

Seventeeth Affirmative Defense

Rimini Street's alleged damages, if any, are speculative and thus not recoverable.

Eighteenth Affirmative Defense

Rimini Street has failed to mitigate damages, if any.

Nineteenth Affirmative Defense

Rimini Street's claims are barred by the doctrines of waiver, laches, and estoppel. Rimini Street claims that Oracle has made "allegations and threats" against Rimini Street "since its inception in 2005." If Rimini's allegations are true, it was aware of Oracle's conduct for nearly four years before it brought any claims.

Twentieth Affirmative Defense

Rimini Street's claims are barred by the applicable statute of limitations.

Twentieth Affirmative Defense

To the extent that Rimini Street's claims are premised, in whole or in part, on alleged statements or conduct relating to judicial proceedings, such claims are barred under California Civil Code Section 47(b), the Nevada litigation privilege, and/or the Noerr-Pennington doctrine.

1    Twenty-First Affirmative Defense

2    Rimini Street has failed to allege and cannot show any conduct that is "fraudulent"

3 under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et*

4 *seq*.

5    Twenty-Second Affirmative Defense

6    Rimini Street has failed to allege and cannot show any conduct that is "unfair"

7 under the UCL.

8    Twenty-Third Affirmative Defense

9    Rimini Street has failed to allege and cannot show any conduct that is "unlawful"

10 under the UCL.

11    Twenty-Fourth Affirmative Defense

12    Rimini Street lacks standing to sue under the UCL because it has not lost money

13 or property within the meaning of Proposition 64.

14    Twenty-Fifth Affirmative Defense

15    Rimini Street's UCL claim is barred to the extent that its underlying facts have a

16 more significant relationship with a jurisdiction other than California

17 //

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

| | |
|---|---|
| 1 | **PRAYER FOR RELIEF** |
| 2 | WHEREFORE, Plaintiffs respectfully ask that the Court: |
| 3 | (a) enter judgment in favor of Oracle and against Rimini on all counts of the |
| 4 | First Amended Counterclaim; |
| 5 | (b) award Oracle the costs of suit; and |
| 6 | (c) award Oracle such other and further relief as the Court deems just under the |
| 7 | circumstances. |
| 8 | |
| 9 | DATED: November 24, 2010          BOIES SCHILLER & FLEXNER LLP |
| 10 | |
| 11 | |
| 12 | By: /s/ Kieran P. Ringgenberg |
| | Kieran P. Ringgenberg |
| 13 | Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., |
| 14 | and Oracle International Corp. |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |


**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of November, 2010, I electronically transmitted the foregoing ANSWER TO FIRST AMENDED COUNTERCLAIM to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

/s/ Jason Lipton
An employee of Boies, Schiller & Flexner LLP