| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568) | SHOOK, HARDY & BACON LLP<br>B. Trent Webb *(pro hac vice)* |
| 2 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 | Eric Buresh *(pro hac vice)*<br>2555 Grand Boulevard |
| 3 | Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755 | Kansas City, Missouri 64108-2613<br>Telephone: (816) 474-6550 |
| 4 | rpocker@bsfllp.com | Facsimile: (816) 421-5547<br>bwebb@shb.com |
| 5 | BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN *(pro hac vice)* | eburesh@shb.com |
| 6 | FRED NORTON *(pro hac vice)*<br>KIERAN P. RINGGENBERG *(pro hac vice)* | Robert H. Reckers *(pro hac vice)*<br>600 Travis Street, Suite 1600 |
| 7 | 1999 Harrison Street, Suite 900<br>Oakland, CA 94612 | Houston, Texas   77002<br>Telephone: (713) 227-8008 |
| 8 | Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460 | Facsimile: (731) 227-9508<br>rreckers@shb.com |
| 9 | sholtzman@bsfllp.com<br>fnorton@bsfllp.com | |
| 10 | kringgenberg@bsfllp.com | GREENBERG TRAURIG<br>Mark G. Tratos (Nevada Bar No. 1086) |
| 11 | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD *(pro hac vice)* | Brandon Roos (Nevada Bar No. 7888)<br>Leslie Godfrey  (Nevada Bar No. 10229) |
| 12 | THOMAS S. HIXSON *(pro hac vice)*<br>KRISTEN A. PALUMBO *(pro hac vice)* | 3773 Howard Hughes Parkway<br>Suite 400 North |
| 13 | Three Embarcadero Center<br>San Francisco, CA  94111-4067 | Las Vegas, NV 89169<br>Telephone: (702) 792-3773 |
| 14 | Telephone:  415.393.2000<br>Facsimile:  415.393.2286 | Facsimile: (702) 792-9002 |
| 15 | geoff.howard@bingham.com<br>thomas.hixson@bingham.com | tratosm@gtlaw.com<br>roosb@gtlaw.com |
| 16 | kristen.palumbo@bingham.com | godfreyl@gtlaw.com |
| 17 | DORIAN DALEY *(pro hac vice)*<br>DEBORAH K. MILLER *(pro hac vice)* | Attorneys for Defendants Rimini Street, Inc.,<br>and Seth Ravin |
| 18 | JAMES C. MAROULIS *(pro hac vice)*<br>ORACLE CORPORATION | |
| 19 | 500 Oracle Parkway<br>M/S 5op7 | |
| 20 | Redwood City, CA 94070<br>Telephone:  650.506.4846 | |
| 21 | Facsimile:  650.506.7114<br>dorian.daley@oracle.com | |
| 22 | deborah.miller@oracle.com<br>jim.maroulis@oracle.com | |
| 23 | | |
| 24 | Attorneys for Plaintiffs Oracle USA, Inc.,<br>Oracle America, Inc., and Oracle International<br>Corp. | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, Inc., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>DATE:     November 30, 2010<br>TIME:     9:00 a.m.<br>PLACE:   Courtroom 3B<br>JUDGE:   Magistrate Peggy A. Leen |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. (collectively, "Oracle" or "Plaintiffs") and Defendants Rimini Street, Inc. ("Rimini Street") and Seth Ravin ("Ravin") (together, "Rimini" or "Defendants") jointly submit this Case Management Conference Statement in advance of the November 30, 2010 Case Management Conference to provide the Court with a status report of the pending matters.  The parties are progressing with discovery in accordance with the schedule entered by the Court on September 21, 2010 (Dkt 109).

As there are no issues that require the Court's attention, and as discovery is proceeding in accordance with the schedule set by the Court, the parties respectfully request that the Court issue an Order continuing the Case Management Conference for an additional forty-five (45) days.

**I.  PENDING MOTIONS AND DISCOVERY DISPUTES**

There are no currently pending motions.  On October 29, 2010, Judge Hicks issued an Order granting in part and denying in part Oracle's June 10, 2010 Motion to Dismiss Rimini's First Amended Counterclaim and Strike Affirmative Defense (Dkt 111) (the "October 29 Order").  The October 29 Order denied Oracle's motion to dismiss the entirety of Rimini's first counterclaim, which alleges defamation, but dismissed the defamation claim insofar as it was based on alleged statements regarding Rimini's future financial stability.  The October 29 Order dismissed Rimini's second counterclaim, which alleges copyright misuse, and struck Rimini's fourth affirmative defense, which also alleges copyright misuse.  Finally, the Order denied Oracle's motion to dismiss the entirety of Rimini's third counterclaim, alleging violations of California Business and Professions Code § 17200, but dismissed the claim insofar as it was based on allegations of copyright misuse or allegations of defamation regarding Rimini's future financial stability..

**II.  STATE OF THE PLEADINGS**

Both parties have answered the claims that have not been dismissed in advance of the Case Management Conference.

On August 13, 2010, the Court denied both Rimini Street's and Ravin's separate motions

1

to dismiss the First Amended Complaint, except for Plaintiffs' claim for negligent interference with prospective economic advantage, for which the motions were granted. (Dkt. 78)

On September 7, 2010, Defendants filed an Answer and an unopposed motion, pursuant to Rule (6)(b), for leave to file an Answer outside the time specified by the Federal Rules of Civil Procedure.

Following the entry of the October 29 Order granting in part and denying in part Oracle's Motion to Dismiss Rimini's First Amended Counterclaim, the parties agreed on November 8 to extend Oracle's time to respond until November 26, 2010.

### III.    DISCOVERY PROGRESS

Since the last Case Management Conference on September 10, 2010, the parties have made the following progress in discovery:

####    A.    Discovery From and Produced By Plaintiffs.

**Documents.**   Defendants have served two sets of Requests for Documents, with a total of 96 separate requests. Plaintiffs have responded to both sets.

Since the last Case Management Conference, Plaintiffs have produced more than 27,000 pages of documents, including customer contracts (license agreements and software maintenance agreements) and related documents and correspondence, organizational charts, document retention policies, documents relating to copyright authorship and ownership and other software and copyright-related documentation, including copyright registrations, technical support policies and terms of use of Oracle's technical support websites, and financial data and damages-related documents. Plaintiffs have also produced additional software CDs and hard drives of log files and 425 customer-specific reports regarding customer licensing, referred to as OKI3 Reports.

Plaintiffs expect to produce approximately 3,400 additional documents by December 10. These documents will include additional customer contracts and related documents, documents relating to the copyrights and software at issue, including software development, financial data and damage-related documents.

Plaintiffs are currently reviewing (for responsiveness and privilege) documents of the 33 initially-identified production custodians (including server emails, laptop/desktop images, and documents from network share files), as well as additional customer contracts and related documents. Plaintiffs expect to make a significant production of these documents in December with additional productions to follow in January. The parties are near agreement on the identity of additional custodians, and production of documents from those custodians will follow.

**Interrogatories.** Defendants have served one set of Interrogatories, consisting of twelve separate interrogatories, to which Plaintiffs have responded.

**Depositions.** Defendants have not noticed or taken any depositions of Plaintiffs.

B.   **Discovery Sought From and Produced By Defendants.**

**Documents.** Plaintiffs have served two sets of Requests for Documents on Defendant Rimini (consisting of a total of 50 separate requests) and one set of Requests for Documents on Defendant Ravin (consisting of one request).

Since the last Case Management Conference, Defendants have produced more than twenty thousand documents totaling more than three hundred thousand pages, including client contracts, correspondence and emails between Rimini Street and its clients, documents regarding policies and procedures related to Rimini Street's business activities, documents related to investments in Rimini Street, documents related to maintenance end dates and download authorizations, and documents related to customized fixes and tax and regulatory updates.

Defendants are continuing to review custodial documents for both privilege and responsiveness, and will likely make a significant document production before the end of the year. The parties are nearing agreement on the identity of additional custodians, and production of documents from those custodians will follow.

**Interrogatories.** Plaintiffs have served one set of Interrogatories, consisting of fourteen separate interrogatories, to which Defendants have responded.

**Depositions.** Plaintiffs have not noticed or taken any depositions of Defendants since the last Case Management Conference.

### C. Third Party Discovery

#### 1. Customers

Oracle has served subpoenas on approximately 25 of Rimini Street's customers. The majority of the subpoenas had a return date of Tuesday, November 16. To date, Oracle has received responses from 12 customers.

The subpoenas seek documents concerning several subjects related to Oracle's claims, such as: how Rimini provides software and support materials to that customer, whether Rimini uses unauthorized crawlers or scrapers to obtain Oracle software for that customer, agreements between the customer and Rimini that Rimini contends in its answer authorize some or all of its conduct, customer login credentials that Rimini used to access Oracle's computer systems, and whether the customer provided Rimini with Oracle source code or installation media. Together with the subpoena, Oracle has served each customer with a copy of the protective order in this action, in the event that the customer believes responsive documents may be confidential.

#### 2. Public Entities

In connection with this case, Oracle has made state "sunshine act" requests of 44 public entities that may have had significant contact with Rimini. Substantive productions have been received from almost half these entities. Oracle and Rimini agreed that the protective order would govern sunshine act sunshine act productions. This agreement protects Rimini's confidentiality interests and reduces the burden on entities whose states require redacting certain material. Under the agreed protocol, Oracle's e-discovery vendor forwards Bates-stamped sunshine act productions to Rimini promptly after receipt. Rimini then forwards its confidentiality designations to Oracle within ten days. Oracle's review of the sunshine act materials is ongoing.

#### 3. Rimini Street Investors

On September 8, 2010, Oracle served subpoenas on Mark Scully and Boathouse Communications Partners, LLC. Mark Scully responded to the subpoena on September 21, 2010 and produced 617 pages of documents. Boathouse Communications Partners, LLC responded to the subpoena on September 24, 2010 and produced 0 pages of documents.

1   On October 18, 2010, Oracle served subpoenas on Kellogg Capital Group and Dean Pohl. Kellogg Capital Group responded to the subpoena on October 19, 2010 and produced 1,097 pages of documents.  Dean Pohl did not separately respond to the subpoena.

In addition, Oracle continues to negotiate with Adams Street Partners concerning the objections to Oracle's subpoena that Adams Street Partners served on June 25, 2010.

No other third party discovery has been conducted to date.

## IV.   OUTSTANDING DISCOVERY ISSUES

The parties have worked together to resolve discovery issues without judicial intervention, and have no outstanding discovery disputes that require the Court's attention at this time.  The parties have reached agreement concerning the number of custodians from whom each side will produce documents and have exchanged lists of proposed search terms that they will use to screen custodians' documents.  The parties have also agreed to initial specifications governing Rimini's production of systems data, such as client environments.  In addition, pursuant to the Court's September 21, 2010 Order, the parties have made arrangements to make forensic images of Rimini custodians' computers.

As there are no issues that require the Court's attention, and as discovery is proceeding in accordance with the schedule set by the Court, the parties respectfully request that the Court issue an Order continuing the Case Management Conference for an additional forty-five (45) days.

Dated:  November 24, 2010

| BOIES, SCHILLER & FLEXNER LLP | SHOOK, HARDY & BACON LLP |
|---|---|
| By:  /s/ Kieran P. Ringgenberg<br>    Kieran P. Ringgenberg (*pro hac vice*)<br>    1999 Harrison Street, Suite 900<br>    Oakland, CA 94612<br>    Telephone: (510) 874-1000<br>    Facsimile: (510) 874-1460<br>    kringgenberg@bsfllp.com | By:  /s/  Robert H. Reckers<br>    Robert H. Reckers (*pro hac vice*)<br>    600 Travis Street, Suite 1600<br>    Houston, Texas   77002<br>    Telephone: (713) 227-8008<br>    Facsimile: (731) 227-9508<br>    rreckers@shb.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

**1**                          **ATTESTATION OF FILER**

**2**         The signatories to this document are myself and Robert Reckers and I have obtained Mr.

**3** Reckers's concurrence to file this document on his behalf.

**4**

**5** Dated:  November 24, 2010                 BOIES, SCHILLER & FLEXNER LLP

**6**                                      By:     /s/ Kieran P. Ringgenberg

**7**                                              Kieran P. Ringgenberg (*pro hac vice*)
                                             1999 Harrison Street, Suite 900

**8**                                              Oakland, CA 94612
                                             Telephone: (510) 874-1000

**9**                                              Facsimile: (510) 874-1460
                                             kringgenberg@bsfllp.com

**10**                                              *Attorneys for Plaintiffs*

**11**

**12**

**13**

**14**

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of November, 2010, I electronically transmitted the foregoing JOINT CASE MANAGEMENT CONFERENCE STATEMENT to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

                                    /s/ Jason Lipton
                                  An employee of Boies, Schiller & Flexner LLP