| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568) | SHOOK, HARDY & BACON LLP<br>B. Trent Webb *(pro hac vice)* |
| 2 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 | Eric Buresh *(pro hac vice)*<br>2555 Grand Boulevard |
| 3 | Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755 | Kansas City, Missouri 64108-2613<br>Telephone: (816) 474-6550 |
| 4 | rpocker@bsfllp.com | Facsimile: (816) 421-5547<br>bwebb@shb.com |
| 5 | BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN *(pro hac vice)* | eburesh@shb.com |
| 6 | FRED NORTON *(pro hac vice)*<br>KIERAN P. RINGGENBERG *(pro hac vice)* | Robert H. Reckers *(pro hac vice)*<br>600 Travis Street, Suite 1600 |
| 7 | 1999 Harrison Street, Suite 900<br>Oakland, CA 94612 | Houston, Texas   77002<br>Telephone: (713) 227-8008 |
| 8 | Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460 | Facsimile: (731) 227-9508<br>rreckers@shb.com |
| 9 | sholtzman@bsfllp.com<br>fnorton@bsfllp.com | |
| 10 | kringgenberg@bsfllp.com | GREENBERG TRAURIG |
| 11 | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD *(pro hac vice)* | Mark G. Tratos (Nevada Bar No. 1086)<br>Brandon Roos (Nevada Bar No. 7888) |
| 12 | THOMAS S. HIXSON *(pro hac vice)*<br>KRISTEN A. PALUMBO *(pro hac vice)* | Leslie Godfrey  (Nevada Bar No. 10229)<br>3773 Howard Hughes Parkway |
| 13 | Three Embarcadero Center<br>San Francisco, CA  94111-4067 | Suite 400 North<br>Las Vegas, NV 89169 |
| 14 | Telephone:  415.393.2000<br>Facsimile:  415.393.2286 | Telephone: (702) 792-3773<br>Facsimile: (702) 792-9002 |
| 15 | geoff.howard@bingham.com<br>thomas.hixson@bingham.com | tratosm@gtlaw.com<br>roosb@gtlaw.com |
| 16 | kristen.palumbo@bingham.com | godfreyl@gtlaw.com |
| 17 | DORIAN DALEY *(pro hac vice application to be submitted)* | Attorneys for Defendants Rimini Street, Inc., and Seth Ravin |
| 18 | DEBORAH K. MILLER *(pro hac vice)*<br>JAMES C. MAROULIS *(pro hac vice)* | |
| 19 | ORACLE CORPORATION<br>500 Oracle Parkway | |
| 20 | M/S 5op7<br>Redwood City, CA 94070 | |
| 21 | Telephone:  650.506.4846<br>Facsimile:  650.506.7114 | |
| 22 | dorian.daley@oracle.com<br>deborah.miller@oracle.com | |
| 23 | jim.maroulis@oracle.com | |
| 24 | Attorneys for Plaintiffs Oracle USA, Inc.,<br>Oracle America, Inc., and Oracle International | |
| 25 | Corp. | |
| 26 | | |
| 27 | | |
| 28 | | |

327150 v1

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, Inc., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE: January 25, 2011<br>TIME: 10:30 a.m.<br>PLACE: Courtroom 3B<br>JUDGE: Magistrate Peggy A. Leen |

327150 v1

Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. (collectively, "Oracle" or "Plaintiffs") and Defendants Rimini Street, Inc. ("Rimini Street") and Seth Ravin ("Ravin") (together, "Rimini" or "Defendants") jointly submit this Case Management Conference Statement in advance of the January 25, 2011 Case Management Conference to provide the Court with a status report of the pending matters.

The parties continue to make progress in discovery. As detailed below, the parties have reached agreement on many discovery issues, including the identity of custodians for document production and the initial parameters of Rimini Street's production of server data, such as its customer archives of Oracle software and support materials. Work remaining includes the parties' custodial document productions, the production and analysis of a large volume of electronic data (including computer code), and the taking of substantive depositions. Given the scope of the case, the technical nature of the disputes, and the time it has taken to make these materials available for preliminary inspection, Oracle contends that it will be a challenge to complete the necessary discovery on the schedule set by the Court, but is committed to continuing the parties' diligent and cooperative work to attempt to meet that challenge. Rimini contends that, with continued diligent effort, the parties are on track to meet the Court's schedule.

The parties respectfully suggest that the Court set an additional case management conference in late March 2011. At that time, the parties can further report to the Court on their progress in discovery, measure their progress against the case schedule, and present any discovery disputes for resolution. Also, at that time, Oracle anticipates that its experts will have been able to do some preliminary review of the voluminous computer code and data, described more fully below, that is now in the process of being produced or made available for initial inspection. From Oracle's perspective, the experts' review will allow an assessment of whether (1) the fact discovery completed by that time is sufficient to perform the required expert analyses; and (2) whether it will be possible, on the current schedule, to analyze an adequate subset of the code and data and complete the necessary fact discovery following from such analysis. In Rimini's view, the present schedule already contemplates the technical issues in this

case, and Rimini remains confident that the present schedule is more than adequate to allow full discovery into the merits of the claims in this case.

## I.  PENDING MOTIONS AND DISCOVERY DISPUTES

There are no currently pending motions, and the parties have no discovery disputes to present to the Court at this time.

## II.  STATE OF THE PLEADINGS

Both parties have answered the claims that have not been dismissed. On November 24, Oracle answered Rimini Street's First Amended Counterclaim. On December 22, Rimini Street and Seth Ravin each filed a First Amended Answer.

## III.  DISCOVERY PROGRESS

Since the last scheduled Case Management Conference of November 30, 2010, the parties have made the following progress in discovery:

### A.  Discovery From and Produced By Plaintiffs.

**Documents.**  Rimini Street has served two sets of Requests for Documents, with a total of 96 separate requests. Oracle has responded to both sets. Rimini Street has not served additional document requests on Oracle since November 30. The parties have negotiated at length with regard to the search terms that Oracle will apply to its custodial documents and reached final agreement on those search terms on January 19, though the parties continue to confer regarding the manner by which certain responsive custodial documents will be identified for production.

At the time of the submission of this Statement, Oracle has produced more than 63,000 pages of documents since the last Case Management Conference, including customer contracts (license agreements and software maintenance agreements) and related documents and correspondence; software development and copyright-related documentation; as well as financial data and damage-related documents, including research and development reports, reports of support cancellation and renewal rates and reports of customer base acquisitions.

The parties have also reached agreement on the identity of 54 custodians per side whose documents they will produce. Oracle is currently reviewing (for responsiveness and privilege)

1  documents of the agreed production custodians (including server emails, laptop/desktop images,
2  and documents from network share files), as well as additional customer contracts and related
3  documents.  Oracle has produced custodial documents from nineteen custodians based on
4  Oracle's initially-proposed keyword searches and expects to make significant rolling productions
5  of custodial documents on an ongoing basis.  Oracle will also begin review of additional
6  documents flagged by keyword searches resulting from the recently completed negotiations with
7  Rimini and will also produce those documents on a rolling basis.
8  **Interrogatories.**  Rimini has served one set of Interrogatories, consisting of twelve
9  separate interrogatories, to which Oracle has responded.
10  **Depositions.**  Rimini has not noticed or taken any depositions.
11  **B.   Discovery Sought From and Produced By Defendants.**
12  **Documents.**  Oracle has served two sets of Requests for Documents on Defendant Rimini
13  Street (consisting of a total of 50 separate requests) and one set of Requests for Documents on
14  Defendant Ravin (consisting of one request).  Oracle has not served additional document
15  requests on Defendants since November 30.
16  The parties have agreed to a set of search terms that Rimini Street will run against its
17  documents, as well as the identity of 54 Rimini Street custodians whose documents it will
18  produce.  To date, Defendants have produced more than 30,000 documents totaling more than
19  490,000 pages.  In addition, Defendants plan to produce an additional 260,000 pages of
20  documents by the end of January, 2011.  The documents produced include client contracts,
21  correspondence and emails between Rimini Street and its clients, documents regarding policies
22  and procedures related to Rimini Street's business activities, documents related to investments in
23  Rimini Street, documents related to maintenance end dates and download authorizations, and
24  documents related to customized fixes and tax and regulatory updates.
25
26
27
28

Defendants are continuing to review custodial documents for both privilege and responsiveness. Defendants expect to produce a significant number of additional documents in the next 60 days as the parties have now reached agreement on document custodians and key word searches.

**Data.** The parties have made substantial progress on six types of Rimini Street data. All told, these materials comprise approximately 25 terabytes of relevant computer code and technical data. One terabyte, if converted to printed, double-sided paper, would create a stack ten miles high. As explained below, Oracle contends this material cannot be reviewed solely by search terms or other standard time-saving techniques.

The production and analysis of each type of data is ongoing as described below:

1. Rimini Street's <u>FTP server</u> contains pristine or modified Oracle software and support materials that Rimini Street maintains on its systems and delivers to its customers. On December 23, Rimini Street produced a copy of its FTP server, containing 19,127 directories and 225 gigabytes of data. Oracle has begun analyzing the data.

2. Rimini Street's "<u>customer environments</u>" consist of installed versions of Oracle software in the form maintained by the customer and, in many cases, modified by Rimini Street as part of its business process. Since the last case management conference, Oracle and Rimini Street have worked to identify an initial set of customer environments to produce. On January 12, Rimini Street agreed to produce 51 customer environments totaling approximately 2.5 terabytes of data. Rimini Street plans to begin producing the customer environments in early February. At that point, Oracle can begin its analysis of the Oracle code that makes up the customer environments. This analysis will include examining the code within individual files that Rimini modifies and distributes to its clients, and comparing certain customers' software with their entitlement to that software under the terms of each customer's license with Oracle.

Oracle contends that this process is necessary to determine the extent of Rimini Street's copying and its creation of modified works based on Oracle's software and that, given the amount of data and parsing of individual files and individual lines of software code that exist in just a subset of the relevant universe of environments, the technical analysis will be intricate and

4

1  time-intensive.  After analyzing the environments and related updates associated with a small
2  subset of Rimini Street's customers, Oracle contends that it may require additional customer
3  environments from Rimini Street for examination, depose individuals involved in development
4  or distribution of the software, or propound additional written discovery.

5       3.    <u>DevTrack</u> is a system used by Rimini Street to track development of certain
6  updates and patches, including those generated from locally maintained copies of Oracle
7  software and then delivered to its customers.  Because of the large amount of data pertaining to
8  software development stored on DevTrack, Oracle agreed to access DevTrack through a read-
9  only Virtual Private Network (VPN) that allows Oracle to view the available data, but not
10 download, save, or manipulate it.  Rimini Street provided login credentials for VPN access on
11 December 10.  DevTrack includes nearly 2,000 separate tickets, each of which often include
12 internal workflow tracking, design documents, implementation documents, and testing data.
13 These documents are important for understanding the "development" process by which Rimini
14 Street modifies the Oracle software code kept on its systems and distributes that code to its
15 clients.

16      4.    <u>WSS logs</u> track Rimini Street engineers' access to certain Oracle software and
17 support materials, including changes to customer environments.  Rimini Street produced data
18 exported from the WSS logs on November 19.  After Oracle's initial analysis showed that the set
19 of exported data was incomplete, Rimini Street agreed to produce the full logs in native format.
20 Rimini Street will produce these logs in its next production, at which point Oracle can begin
21 analyzing the full data.

22      5.    Rimini Street's <u>IT ticketing requests</u> track certain Rimini Street employees'
23 access to Oracle's password-protected customer support websites.  Rimini Street produced Excel
24 files of its IT ticketing system on November 17.

25      6.    Rimini Street's <u>customer archives</u> contain Oracle software and support materials
26 as well as Rimini Street-created logfiles and other data.  Because these archives contain a large
27 amount of data, Rimini Street has agreed to initially provide only read-only VPN access to the
28 archives.  The parties have agreed that, once Oracle views the available data, Oracle may make

1  targeted requests for production.  On December 21, Rimini Street informed Oracle that it had
2  enabled VPN access for Oracle to the customer archives and provided a list of the archives two
3  days later.  The VPN permits Oracle to view over 22 terabytes of data in folders allocated to over
4  200 Rimini Street customers.  In its initial analysis of this very large amount of data, Oracle
5  determined that certain types of files, such as all .pdf files, were inaccessible.  Rimini Street
6  notified Oracle on January 14 that certain of these technical issues were resolved and offered to
7  produce certain files that could not be viewed through the VPN system.
8        Oracle's systematic analysis of the contents of the archives will include analysis similar
9  to that described for the customer environments discussed above.  Examination of the complete
10 data set has now begun, with a goal of identifying data for actual production in a format that
11 allows Oracle to break down and analyze the data (such as a production of the archives on disk).
12 Oracle contends that its analysis cannot begin in earnest until access is obtained in this way, at
13 which point Oracle will be able to analyze the Rimini Street-created logfiles and data, as well as
14 begin the laborious process of comparing copied Oracle files to determine where what is in the
15 archives and analyze compliance with customer licenses.  Oracle anticipates that, given the time
16 to inspect and then obtain production of the archives, its will be unable to begin its substantive
17 analysis for at least several more weeks.  As discussed with respect to customer environments,
18 following this technical analysis, Oracle contends that additional written and/or deposition
19 discovery may be necessary because human explanations of the data and will likely be needed to
20 develop necessary evidence for trial.
21       **Interrogatories.**  Plaintiffs have served one set of Interrogatories, consisting of fourteen
22 separate interrogatories, to which Defendants have responded.
23       **Depositions.**  Plaintiffs have not noticed or taken any depositions of Defendants since the
24 last scheduled Case Management Conference.  Plaintiffs anticipate serving one additional notice
25 shortly that will be aimed at discovering an efficient way to understand the technical data
26 Defendants recently have made available for inspection.  Plaintiffs anticipate additional
27 depositions over the course of discovery as production of documents and data, and analysis of
28 that information, permits informed examination.

### C. Third Party Discovery

#### 1. Customers

Since November 30, Oracle has served subpoenas on approximately 80 of Rimini Street's customers. The majority of the subpoenas had a return date of 22 days from their date of service. To date, Oracle has received approximately 30 responses.

The subpoenas served since November 30 seek the same information as the customer subpoenas served prior to November 30: documents concerning several subjects related to Oracle's claims, such as how Rimini Street provides software and support materials to that customer, whether Rimini Street uses unauthorized crawlers or scrapers to obtain Oracle software for that customer, agreements between the customer and Rimini Street that Rimini Street contends in its answer authorize some or all of its conduct, customer login credentials that Rimini Street used to access Oracle's computer systems, and whether the customer provided Rimini Street with Oracle source code or installation media. Together with the subpoena, Oracle has served each customer with a copy of the protective order in this action, in the event that the customer believes responsive documents may be confidential.

#### 2. Public Entities

As of November 30, Oracle had made state "sunshine act" requests of forty-four public entities that may have had significant contact with Rimini Street. Since November 30, Oracle has made a sunshine act request of one additional entity. In total, thirty-five substantive productions have been received.

Since November 30, Rimini Street has made eighteen sunshine act requests to public entities that utilize a third party support provider other than Rimini Street for support and maintenance of their Oracle software. To date, two substantive productions have been received.

As explained in the last CMC statement, Oracle and Rimini Street have agreed that the protective order will govern sunshine act productions. The parties' review of the sunshine act materials is ongoing.

#### 3. Rimini Street Investors

On September 8, 2010, Oracle served subpoenas on Mark Scully and Boathouse

1  Communications Partners, LLC.  Mark Scully initially responded to the subpoena on September

2  21, 2010 and produced 617 pages of documents.  Since November 30, he has produced 380

3  additional pages of documents.

4  In addition, Oracle continues to negotiate with Adams Street Partners concerning the

5  objections to Oracle's subpoena that Adams Street Partners served on June 25, 2010.  Since

6  November 30, the parties have met and conferred and reached general agreement on the terms of

7  a production, which is expected in February.

8  No other third party discovery has been conducted to date.

9  Dated:  January 21, 2011

| BOIES, SCHILLER & FLEXNER LLP | SHOOK, HARDY & BACON LLP |
|---|---|
| By:  /s/ Kieran P. Ringgenberg<br>    Kieran P. Ringgenberg (*pro hac vice*)<br>    1999 Harrison Street, Suite 900<br>    Oakland, CA 94612<br>    Telephone: (510) 874-1000<br>    Facsimile: (510) 874-1460<br>    kringgenberg@bsfllp.com | By:  /s/  Robert H. Reckers<br>    Robert H. Reckers (*pro hac vice*)<br>    600 Travis Street, Suite 1600<br>    Houston, Texas   77002<br>    Telephone: (713) 227-8008<br>    Facsimile: (731) 227-9508<br>    rreckers@shb.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

8

JOINT CASE MANAGEMENT CONF STMT

327150 v1

| | |
|---|---|
| 1 | **ATTESTATION OF FILER** |

2  The signatories to this document are myself and Robert Reckers and I have obtained Mr.
3  Reckers's concurrence to file this document on his behalf.

4

5  Dated: January 21, 2011                              BOIES, SCHILLER & FLEXNER LLP

6                                                 By:   /s/ Kieran P. Ringgenberg
7                                                       Kieran P. Ringgenberg (*pro hac vice*)
                                                        1999 Harrison Street, Suite 900
8                                                       Oakland, CA 94612
                                                        Telephone: (510) 874-1000
9                                                       Facsimile: (510) 874-1460
                                                        kringgenberg@bsfllp.com

10                                                      *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT CONF STMT

327150 v1