# EXHIBIT A

# BINGHAM

John A. Polito
Direct Phone: 415.393.2314
Direct Fax:    415.393.2286
john.polito@bingham.com

March 25, 2011

**Via Electronic Mail**

Robert H. Reckers, Esq.
Shook, Hardy & Bacon LLP
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, TX 77002

Re: *Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin*
Case No. 2:10-cv-00106 (D. Nev.)

Dear Robert:

Oracle hereby requests that the following 10 individuals be added to the list of Rimini Street custodians:

> Bergstein, Ray
> Derby, Joel
> Evans, Darlene
> Jin, Jerry
> Lakshmanan, Raj
> Lu, Sara
> Mooney, Madeline
> Self, Tony
> Simonson, April
> Swartwood, David

Sincerely yours,

John A. Polito

Enclosures

cc: Kieren Ringgenberg
    Fred Norton
    Stacey Phan
    Eric Buresh
    Rhonda Sexton
    Megan Redmond
    Tom Hixson
    Kristen Palumbo

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T +1.415.393.2000
F +1.415.393.2286
bingham.com



www.shb.com

**Robert H. Reckers**

JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston
Texas 77002-2992
713.227.8008
713.227.9508 Fax
rreckers@shb.com

March 31, 2011

**VIA E-MAIL**

John A. Polito
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
john.polito@bingham.com

Re:  *Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin*
     Case No. 2:10-cv-0106-LRH-PAL (D. Nev. filed Jan. 25th, 2010)

Dear John:

I write in response to your letter of March 25, 2011 requesting that Rimini add ten individuals to its list of production custodians, which would increase its total number of custodians to 64.

As you know, it was Oracle that proposed limiting the number of custodians in this case. *See* October 20, 2010 Letter from Mr. Ringgenberg. Shortly thereafter, the parties agreed to Oracle's proposal, limiting the number of production custodians to 54 individuals per side. *See, e.g.,* November 17, 2010 Letter from Mr. Ringgenberg. Oracle reached its limit of 54 individual Rimini custodians in November of 2010. *See id.* At that time, the possibility of additional custodians was contemplated only upon the discovery of "material new information revealing additional sources of evidence." *See id.*

In reviewing your proposed list of additional custodians, it does not seem that Oracle has discovered such material new information, as your new lists is comprised almost exclusively of individuals with positions similar or identical to those already on Rimini's custodian list.[1] Nevertheless, if Oracle has discovered material, new information revealing additional sources of evidence, we would ask you to identify it. Rimini will evaluate such evidence and consider Oracle's additional custodial requests on a custodian-by-custodian basis.

Sincerely,

*/s/Robert H. Reckers*

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

---

[1] Your proposed additional list includes "Ray Bergstein." We have been unable to locate any information on this person. Please confirm that this name is spelled correctly, and/or please provide further information on this individual.

4426987 v2

# BINGHAM

John A. Polito
Direct Phone: 415.393.2314
Direct Fax: 415.393.2286
john.polito@bingham.com

April 12, 2011

**Via Electronic Mail**

Robert H. Reckers, Esq.
Shook, Hardy & Bacon LLP
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, TX 77002

Re: *Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin*
Case No. 2:10-cv-00106 (D. Nev.)

Dear Rob:

I write in response to your letter of March 31, 2011, in which you requested the basis for the addition of the 10 custodians referenced in my letter dated March 25, 2011.

As stated in the Joint Case Management Statement filed March 25, 2011, despite Ms. Lester's review of voluminous data regarding the six specific fixes that were in part the subject of Oracle's Third Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), Ms. Lester was unable to fully or accurately answer many questions about Rimini Street's development and testing of those fixes. Instead, Ms. Lester deferred to the actual individuals involved. Furthermore, while Ms. Lester testified that all testing documents and functional and technical specifications should be found either in DevTrack or in the HRMS Functional network share, she also testified that DevTrack was not intended as a central repository for significant communications between developers and testers.

Oracle must therefore search for such communications in the documents of the current and former Rimini Street employees who have provided that support, necessitating Oracle's request for documents from additional custodians. The documents of Joel Derby, Darlene Evans, Raj Lakshmanan, Sara Lu, Madeline Mooney, Tony Self, April Simonson, and David Swartwood are relevant to Oracle's continued exploration of Rimini Street's past and present processes for the generation of fixes and updates for Oracle's PeopleSoft-branded software.

David Swartwood, April Simonson, Raj Lakshmanan, and Sara Lu are regular participants in the development and testing of a large number of PeopleSoft fixes and updates. *See, e.g.,* Plaintiffs' Deposition Exhibits 76 (Simonson, Swartwood), 79 (Lu, Simonson), 88 (Lakshmanan, Lu). Mr. Lakshmanan is or has been charged with compiling all COBOL files for Rimini Street's tax and regulatory updates. *See, e.g.,* RSIH00200001033.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T +1.415.393.2000
F +1.415.393.2286
bingham.com

Robert H. Reckers, Esq.
April 12, 2011
Page 2

Ms. Mooney and Ms. Evans are also regular participants in the development and testing of PeopleSoft fixes and updates, and are likely to have information relevant to Rimini Street's current development process, as well, including Rimini Street's use of generic development environments. *See, e.g.,* RSI01320230 (Mooney); RSI01439585 (Evans). Tony Self and Joel Derby are former Rimini Street employees who were regular participants in the development and testing of PeopleSoft fixes and updates, and whose documents are specifically relevant to Rimini Street's development practices prior to the implementation of DevTrack, including but not limited to the use of generic test scripts and generic development environments. *See, e.g.,* RSI01340903 (Derby), RSI01455479 (Self).

As discussed in the Joint Case Management Statement filed last month, Oracle expects to notice 30(b)(6) depositions relating to the technical support provided by Rimini Street's for Oracle's J.D. Edwards- and Siebel-branded software. "Ray Bergstein" was identified by Rimini Street's 30(b)(6) designee, Brian Slepko, as the person with oversight over the development of year-end updates for J.D. Edwards. See Slepko 30(b)(6), 62:5-11. Jerry Jin, currently a Rimini Street employee comparing for Siebel-branded products, was formerly a TomorrowNow employee performing Siebel support, and was deposed in that capacity; analysis of Mr. Jin's documents will assist Oracle in comparing Rimini Street's support of Siebel to TomorrowNow's support of Siebel.

Please confirm as soon as possible that Rimini Street will produce responsive documents for these ten individuals.

Sincerely yours,

John A. Polito

cc: Kieran Ringgenberg
    Fred Norton
    Stacey Phan
    Eric Buresh
    Rhonda Sexton
    Megan Redmond
    Tom Hixson
    Kristen Palumbo



www.shb.com

April 21, 2011

**Robert H. Reckers**

JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston
Texas 77002-2992
713.227.8008
713.227.9508 Fax
rreckers@shb.com

**VIA E-MAIL**

John A. Polito
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
john.polito@bingham.com

Re:   *Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin*
        Case No. 2:10-cv-0106-LRH-PAL (D. Nev. filed Jan. 25th, 2010)

Dear John:

     I write in response to your letter of April 12, 2011 regarding Oracle's request that Rimini add custodians to its production list,[1] increasing its total number of custodians to 64 – ten more than the previously negotiated total of 54.

     As you know, the parties previously agreed that additional custodians could be added only upon the discovery of "material new information revealing additional sources of evidence." *See, e.g.,* November 11, 2010 Letter from Mr. Ringgenberg. Oracle has not provided any such information.

     Instead, Oracle attempts to justify its requests by asserting that Ms. Lester "was unable to fully or accurately answer many questions about Rimini Street's development and testing" of various fixes, and that instead she "deferred to the actual individuals involved." In reality, Ms. Lester testified knowledgably for seven hours regarding each of the noticed topics. While Ms. Lester acknowledged that an individual who worked on a specific project might have additional details regarding that project (as would always be the case), in no case did she "defer" to such an individual. Regardless, even if Oracle's assertion were true – which it is not – deference to individuals personally involved in a particular project does not constitute "material new information revealing additional sources of evidence." Rimini has already agreed to produce documents from numerous custodians in its development organization, as well as non-custodial materials from its development platform (DevTrack) and the development share drive. Given the tremendous volume of development material Rimini has already agreed to produce, there is no reason to add additional development custodians to the list of production custodians.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

---

[1] Rimini notes that Oracle listed "Ray Bergstein" as an additional custodian. Rimini believes this should be "Ray Grigsby," as indicated on the errata sheet for Mr. Slepko's deposition. Mr. Grigsby is already a production custodian.

4462232 v1


www.shb.com

April 21, 2011
Page 2

  Oracle's remaining justifications for adding new custodians to Rimini's production set are more of the same – that the additional employees worked on projects while at Rimini Street, and therefore are likely to have some information regarding those projects. It, of course, is obvious that every employee might have information regarding the projects that they worked on. And, here again, we have a difficult time understanding how this could possibly constitute "material new information." Under this logic, every employee could be added to Rimini's custodian list, as every employee might have additional information regarding the specific tasks they performed. Our previous agreement was intended precisely to avoid such an overbroad and unduly burdensome situation.

  As noted in my previous letter, Oracle has already designated custodians in similar or identical positions to the additional custodians requested, and we see no need to undergo the burden of gathering additional custodial documents for such similarly situated employees. We remain open to adding new custodians if Oracle has discovered material, new information revealing additional sources of evidence. In this case – that employees Oracle has long known about worked on projects Oracle has long known about – there appears to be no such information.

               Sincerely,

               _/s/Robert H. Reckers_

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.