# EXHIBIT B

1  BOIES, SCHILLER & FLEXNER LLP
   RICHARD J. POCKER
2  300 South Fourth Street, Suite 800
   Las Vegas, NV 89101
3  Telephone: (702) 382-7300
   Facsimile: (702) 382-2755
4  rpocker@bsfllp.com

5  BOIES, SCHILLER & FLEXNER LLP
   STEVEN C. HOLTZMAN (pro hac vice)
6  FRED NORTON (pro hac vice)
   KIERAN P. RINGGENBERG (pro hac vice)
7  1999 Harrison Street, Suite 900
   Oakland, CA 94612
8  Telephone: (510) 874-1000
   Facsimile: (510) 874-1460
9  sholtzman@bsfllp.com
   fnorton@bsfllp.com
10 kringgenberg@bsfllp.com

11 Attorneys for Plaintiffs Oracle USA, Inc. and
   Oracle International Corp.
12

13

BINGHAM MCCUTCHEN LLP
GEOFFREY M. HOWARD (pro hac vice)
THOMAS S. HIXSON (pro hac vice)
KRISTEN A. PALUMBO (pro hac vice)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

ORACLE CORPORATION
DORIAN DALEY (pro hac vice)
JENNIFER GLOSS (pro hac vice)
JIM MAROULIS (pro hac vice)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

14            UNITED STATES DISTRICT COURT

15                  DISTRICT OF NEVADA

16 ORACLE USA, INC., a Colorado corporation;        CASE NO. 2:10-cv-0106-LRH-PAL
   ORACLE AMERICA, INC., a Delaware
17 Corporation; and ORACLE INTERNATIONAL           **PLAINTIFFS ORACLE USA, INC.,**
   CORPORATION, a California corporation,          **ORACLE AMERICA, INC., AND**
18                                                 **ORACLE INTERNATIONAL**
                  Plaintiffs,                      **CORPORATION'S RESPONSES TO**
19                                                 **DEFENDANT RIMINI STREET INC.'S**
          v.                                       **THIRD SET OF REQUESTS FOR**
20 RIMINI STREET, INC., a Nevada corporation;      **PRODUCTION OF DOCUMENTS**
   SETH RAVIN, an individual,
21
                  Defendants.
22

23

24

25

26

27

28

A/74017534.5                         1

ORACLE'S RESPONSES TO RIMINI STREET'S THIRD SET OF RFPS

1    Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.

2    (collectively, "Oracle"), by their undersigned counsel, submit the following objections and

3    responses to Defendant Rimini Street Inc.'s ("Rimini's") Third Set of Requests for Production

4    of Documents.

5                               **GENERAL OBJECTIONS**

6         1.      Oracle objects to the Requests to the extent that they seek to impose duties or

7    obligations that exceed and/or are inconsistent with those imposed by the Federal Rules of Civil

8    Procedure or the Local Rules for the United States District Court for the District of Nevada.

9    Oracle shall respond to the Requests to the extent and in the manner required by the Rules.

10        2.      Oracle objects that many of the Requests are overbroad and duplicative of other

11   Requests.  Oracle reserves the right to oppose any motion to compel further response to any

12   particular Request on the grounds that Oracle has fully or substantially complied in its responses

13   to other Requests served by Defendants.

14        3.      Oracle objects to the Requests to the extent that they call for the production of

15   documents protected from discovery by the attorney-client privilege, the attorney work product

16   doctrine, or any other privilege, protection or immunity applicable under the governing law.  To

17   the extent that any Request may be construed as calling for the production of documents or

18   responses that are subject to any such claim of privilege, Oracle hereby asserts that doctrine or

19   privilege and objects on that basis.  Oracle does not intend to disclose such protected

20   information.  Any accidental or inadvertent disclosure of privileged information or material shall

21   not be deemed a waiver of the applicable privilege, protection, or immunity.

22        4.      Oracle objects to the Requests to the extent that they seek responses or the

23   production of document from sources not within the possession, custody, or control of Oracle.

24   Oracle will only produce documents in its own possession, custody, or control, as required by the

25   Federal Rules of Civil Procedure.

26        5.      Oracle objects to the Requests as overly broad and unduly burdensome to the

27   extent they require Oracle to do more than produce materials and information in its possession,

28   custody, and control and located after a reasonable and diligent search.

A/74017534.5                                    2

6.       Oracle objects to the Requests as overly broad and unduly burdensome to the extent they call for the production documents from an unlimited number of Oracle custodians among Oracle's custodian base of more than 90,000 employees. Oracle has already met and conferred with Defendants regarding the custodians whose files are to be searched and the search terms to be used to identify responsive documents. Oracle will conduct a reasonably diligent search of the files of those identified custodians using the search terms agreed upon by the parties. In the responses below, to the extent that Oracle states that it will produce non-privileged documents responsive to a Request that are in its possession, control or custody and located with a reasonable and diligent search, the "reasonable and diligent search" refers to the process described in this Objection.

7.       Oracle objects to the Requests to the extent that they seek production of documents that are equally or more readily available to Rimini than to Oracle.

8.       Oracle objects to the Requests that seek documents relating to damages, harm, or losses on the grounds that such Requests are more properly the subject of expert testimony and analysis, and that it is not possible for Oracle to identify all relevant or responsive documents to these Requests until Defendants have fully disclosed the identities of all IP addresses used by Defendants to access Oracle's technical support websites, all login credentials used by Defendants to access Oracle's technical support websites, all instances in which Defendants used crawlers to access or download materials from Oracle's technical support websites, all materials that Defendants downloaded from Oracle's technical support websites, and to whom such materials were distributed, among other matters.

9.       Oracle makes these responses solely for the purposes of this action, and each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other grounds which would require the exclusion of any statement contained herein at any hearing or trial in this action. All such objections are reserved and may be interposed at any time of trial or at any other appropriate time.

10.      Oracle makes these responses based on facts reasonably known at the time of answering these Requests. Oracle has not fully completed investigating the facts relating to this

ORACLE'S RESPONSES TO RIMINI STREET'S THIRD SET OF RFPS

1   case and, thus, further discovery, investigation, research, and analysis may supply additional

2   facts, which may alter the contentions and disclosures herein.  Oracle reserves the right to

3   supplement or amend these responses as permitted by applicable rules.  Oracle objects to the

4   need to supplement or correct these responses to the extent the additional or corrective

5   information has otherwise been made known to Defendants during the discovery process or in

6   writing, pursuant to Federal Rule of Civil Procedure 26(e).

7        11.    Oracle will produce documents as they are kept in the usual course of business or

8   organized and labeled to correspond to the categories in the Requests, and will produce them in a

9   reasonable form, at a reasonable time, and at a reasonable location to be mutually agreed by the

10  parties, and objects to contrary instruction.

11       12.    Oracle objects to General Instruction A.  The Instruction purports to require

12  Oracle to identify, in response to a request for production, every document that is responsive to

13  any of Rimini's Requests that Oracle knows to exist or ever to have existed anywhere in the

14  world, regardless of whether such documents are now or ever were within the possession,

15  custody, or control of Oracle.  Oracle will construe the Requests only to seek documents within

16  its possession, custody, or control.

17       13.    Oracle objects to General Instruction C to the extent that the Instruction purports

18  to require Oracle to do more than undertake a reasonable and diligent search for responsive

19  documents.

20       14.    Oracle objects to Definition D (defining the terms "Plaintiffs," "Oracle," "you,"

21  and "your") as overbroad and unduly burdensome in the context of these Interrogatories.  For

22  purposes of these responses, Oracle will construe the terms "Plaintiffs," "Oracle," "you," and

23  "your" to mean Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp., their

24  respective subsidiaries and affiliates, their parents, and persons and entities acting on their

25  behalf.

26       15.    Oracle objects to General Instruction F as beyond the requirements of Federal

27  Rules of Civil Procedure 26 and 34.  To the extent responsive documents are withheld on a basis

28  of privilege, Oracle will produce a privilege log in the form agreed upon by the parties.

ORACLE'S RESPONSES TO RIMINI STREET'S THIRD SET OF RFPS

1    16.     Oracle objects to General Instruction H.  Oracle will produce drafts subject to the

2  objections stated herein.

3    17.     Oracle objects to Rimini's Definitions and Requests to the extent they assume

4  facts not in evidence or misstate facts.

5    18.     Oracle objects to Definition G (defining the term "Rimini Street client").  Rimini

6  knows which entities and organizations are or have been its clients.  Rimini should define the

7  term by providing a complete list of all such clients.  It is unduly burdensome for Rimini to

8  demand that Oracle conduct searches for documents related to "Rimini Street client," without

9  Rimini identifying those clients by name, and then later to conduct additional searches for

10  "Rimini Street client" after Rimini identifies those clients in subsequent discovery.  Subsequent

11  to Oracle's July 29, 2010 responses to the Requests, Rimini provided Oracle with a list of its

12  clients (on September 8, 2010, February 8, 2011 and February 28, 2011).  Notwithstanding the

13  objections set forth in this paragraph, Oracle will construe the term "Rimini Street client" to refer

14  to any client that is on the list provided by Rimini on February 28, 2011 or that Oracle, as of the

15  date of the Request, had concluded is or was a Rimini client.  Oracle reserves the right to ask the

16  Court to shift the costs of further searches to Rimini, to the extent that Rimini subsequently

17  identifies Rimini Street clients that were known to Rimini and not to Oracle on the date of the

18  Request.

19    19.     Oracle objects to Definition M (defining the term "Oracle Website") as overbroad

20  because it would appear to include servers, computers, websites, FTP sites, and online services

21  that are wholly irrelevant to the claims and defenses in this litigation, include those that were in

22  operation at times that are wholly irrelevant to the claims and defenses in this litigation.  Oracle

23  will interpret the term "Oracle Website" to refer to the Oracle-maintained technical support

24  websites that Oracle contends Defendants unlawfully accessed, damaged, and/or from which

25  Defendant improperly obtained Oracle's software or support materials.

26    20.     Unless otherwise stated in response to a specific Request, Oracle objects to the

27  Requests as overbroad and unduly burdensome to the extent they seek information and

28  documents relating to the time period pre-dating September 1, 2005.

A/74017534.5                                         5

1    21.    Any response stating that responsive documents will be produced is not a

2  representation that such documents exist.

3    22.    Oracle's responses are not intended to and shall not constitute an admission that

4  any of the predicate facts stated in any of the Requests are true or accurate.

5    23.    These General Objections are incorporated into each of the following Responses

6  and shall be deemed continuing as to each response.  These General Objections are not waived,

7  or in any way limited, by the following responses.

8                            **RESPONSES TO DOCUMENT REUESTS**

9  **REQUEST NO. 1:** Documents sufficient to show the performance of any computer you allege

10  was damaged as a result of Defendants' conduct during both the 24 hour period before and the

11  24 hour period after the alleged damage occurred, including, but are not limited to, performance

12  logs, messages logs, network logs, CPU logs, IO logs, IIS logs, and/or CRON logs reflecting the

13  performance of any allegedly damaged computer.

14  **RESPONSE TO REQUEST NO. 1:**

15      Oracle incorporates by reference its General Objections.  Oracle further objects to this

16  request because it is overbroad, unduly burdensome and not reasonably calculated to lead to the

17  discovery of admissible evidence.  Oracle also objects to this request to the extent it assumes

18  documents are sufficient to show the damage to Oracle's systems.  Subject to and without

19  waiving those objections, Oracle will conduct a reasonable and diligent search and produce non-

20  privileged documents in its possession, custody, or control that relate or refer to any damage to

21  the performance of its computers as a result of Defendants' conduct.

22  **REQUEST NO. 2:** Documents sufficient to show the protective measures, if any, used by

23  Oracle to protect any of the computers you allege were damaged as a result of Defendants'

24  conduct, including but not limited to any web access management or security platforms

25  (including SiteMinder®), firewalls, rate controllers, reverse proxies, router configurations,

26  bandwidth limits, IP address banning, intrusion detection system (IDS), and/or database

27  deadlocks.

28  **RESPONSE TO REQUEST NO. 2:**

A/74017534.5                                          6

1    Oracle incorporates by reference its General Objections.  Oracle further objects that the

2    request is overbroad and unduly burdensome and not reasonably calculated to lead to the

3    discovery of admissible evidence.  Subject to and without waiving those objections, Oracle has

4    already produced logs that show database deadlocks, and Oracle has produced and is producing

5    documents relating to the banning of access by certain IP addresses in response to Rimini

6    Street's conduct.

7    **REQUEST NO. 3:** Documents sufficient to show the damage to any device mentioned by

8    Oracle's responses to Rimini's Interrogatory Nos. 3 and 14.

9    **RESPONSE TO REQUEST NO. 3:**

10    Oracle incorporates by reference its General Objections.  Oracle further objects to this

11    request to the extent it assumes documents are sufficient to show the damage to Oracle's

12    systems.  Subject to and without waiving those objections, Oracle will conduct a reasonable and

13    diligent search and produce non-privileged documents in its possession, custody, or control that

14    reflect the damage to devices mentioned by Oracle in response to Interrogatory Nos. 3 and 14.

15    **REQUEST NO. 4:** Documents sufficient to show the cost of responding to any alleged Rimini

16    act mentioned by Oracle's responses to Rimini's Interrogatory Nos. 1, 2, 3 and 14, including the

17    cost of conducting a damage assessment, the cost of restoring the data, program, system, or

18    information to its condition prior to the alleged acts, and any revenue lost, cost incurred, or other

19    consequential damages incurred.

20    **RESPONSE TO REQUEST NO. 4:**

21    Oracle incorporates by reference its General Objections.  Oracle further objects to this

22    request to the extent it assumes documents are sufficient to show Oracle's response costs.

23    Subject to and without waiving those objections, Oracle will conduct a reasonable and diligent

24    search and produce non-privileged documents in its possession, custody, or control, if any, that

25    reflect the costs incurred in responding to the Rimini acts mentioned in Oracle's responses to

26    Interrogatory Nos. 1, 2, 3 and 14.

27    **REQUEST NO. 5:** For each credential Oracle alleges Rimini used to access an Oracle

28    computer without authorization, in excess of authorization, or without permission (including but

A/74017534.5                                          7

1  not limited to the credentials mentioned in Oracle's response to Rimini's Interrogatory No. 1

2  and documents referred to therein), documents sufficient to show the IP address used when

3  creating the credential, the date and time the credential was created, the customer name

4  associated with the credential, and any other identifying information supplied in connection with

5  the creation of the credential.

6  **RESPONSE TO REQUEST NO. 5:**

7        Oracle incorporates by reference its General Objections.  Oracle further objects that the

8  information sought by this request is more readily accessible to Rimini Street and/or Rimini

9  Street's customers than to Oracle.  Oracle further objects that searching for and producing

10  documents that show the historical creation date for a user credential, the date and time the

11  credential was created, the customer name or names associated with the credential at a point in

12  time other than when it was used to access Oracle's websites as reflected in the logs Oracle has

13  produced, and other historical identifying information associated with the creation of a

14  credential is unduly burdensome or impossible.  Subject to and without waiving those

15  objections, Oracle has produced log files showing Rimini Street's accessing of Oracle's

16  computer systems.  Those log files typically show the user credential and, depending on the type

17  of log file, may also show the customer name associated with the credential and the IP address at

18  the time of the access.

19  **REQUEST NO. 6:** For each credential Oracle alleges Seth Ravin used to access an Oracle

20  computer without authorization, in excess of authorization, or without permission (including but

21  not limited to the credentials mentioned in Oracle's response to Rimini's Interrogatory No. 1

22  and documents referred to therein), documents sufficient to show the IP address used for

23  creating the credential, the date and time of creation, customer name associated with the

24  account, and any other identifying information supplied in connection with the creation of the

25  credential.

26  **RESPONSE TO REQUEST NO. 6:**

27        Oracle incorporates by reference its General Objections.  Oracle further objects that the

28  information sought by this request is more readily accessible to Rimini Street and/or Rimini

A/74017534.5

8

1   Street's customers than to Oracle.  Oracle also objects that searching for and producing

2   documents that show the historical creation date for this credential, the date and time it was

3   created, the customer name or names associated with the credential at a point in time other than

4   when the accessing occurred that is reflected in the log files Oracle has produced, and other

5   historical identifying information associated with the creation of the credential is unduly

6   burdensome or impossible.  Subject to and without waiving those objections, Oracle has

7   produced reverse proxy log files showing Seth Ravins' accessing of Oracle's computer systems.

8   Those log files show the user credential, the customer name associated with the credential and

9   the IP address at the time of the access.

10  **REQUEST NO. 7:** Documents sufficient to show Oracle's policies, from January 1, 2005 to the

11  present, regarding the inclusion of the right to make Test And Development Copies in its license

12  agreements with customers, including but not limited to Oracle's pricing policies regarding the

13  right to make Test And Development Copies.

14  **RESPONSE TO REQUEST NO. 7:**

15      Oracle incorporates by reference its General Objections.  Oracle further objects that the

16  request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

17  of admissible evidence.  Subject to and without waiving those objections, Oracle will conduct a

18  reasonable and diligent search and will produce relevant license agreements with Rimini Street

19  customers in its possession, custody or control.

20  **REQUEST NO. 8:** All documents relating to the negotiation and interpretation of any license

21  agreement between Oracle and any Rimini Street client.

22  **RESPONSE TO REQUEST NO. 8:**

23      Oracle incorporates by reference its General Objections.  Oracle also objects to the

24  request as overly broad, unduly burdensome and not reasonably calculated to lead to the

25  discovery of admissible evidence.  Subject to and without waiving those objections, Oracle will

26  conduct a reasonable and diligent search and will produce relevant license agreements with

27  Rimini Street customers in its possession, custody or control.

28  **REQUEST NO. 9:** Pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure, a

1   complete set of log-in credentials, and all necessary software, sufficient to permit Defendants'

2   counsel, for the sole purpose of defending against Oracle's claims in this litigation, access to

3   inspect all Oracle Websites.

4   **RESPONSE TO REQUEST NO. 9:**

5          Oracle incorporates by reference its General Objections.  To the extent the request calls

6   for access to "all Oracle websites," Oracle objects to the request as overbroad and unduly

7   burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

8   Oracle also objects to this request because of the potential security problems presented by giving

9   Rimini Street or its agents access to Oracle's password-protected websites.  Subject to and

10  without waiving those objections, Oracle will meet and confer with Defendants concerning this

11  request.

12

13

14  DATED:  April 15, 2011

15

16                                          By: _____

17                                                  Thomas S. Hixson
                                                   Attorneys for Plaintiffs
18                                          Oracle USA, Inc., Oracle America, Inc., and
                                                   Oracle International Corp.

19

20

21

22

23

24

25

26

27

28

A/74017534.5

10

ORACLE'S RESPONSES TO RIMINI STREET'S THIRD SET OF RFPS

1      **PROOF OF SERVICE**

2          I am over eighteen years of age, not a party in this action, and employed in San

3   Francisco County, California at Three Embarcadero Center, San Francisco, California  94111-

4   4067.  I am readily familiar with the practice of this office for collection and processing of

5   correspondence for email delivery.

6          Today I caused to be served the following document:

7      **PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC., AND
       ORACLE INTERNATIONAL CORPORATION'S RESPONSES TO
8      DEFENDANT RIMINI STREET INC.'S THIRD SET OF REQUESTS
       FOR PRODUCTION OF DOCUMENTS**

9

10   ☒        (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in
             portable document format (PDF) listed below to the email address set forth
11            below on this date.

12   B. Trent Webb, Esq.                     Mark G. Tratos, Esq.
     Eric Buresh, Esq.                        Brandon Roos, Esq.
13   SHOOK, HARDY & BACON LLP                 Leslie Godfrey, Esq.
     2555 Grand Blvd.                          GREENBERG TRAURIG, LLP
14   Kansas City, Missouri 64108             3773 Howard Hughes Pkwy
     Telephone: (816) 474-6550               Ste 400 North
15   Facsimile: (816) 421-5547               Las Vegas, NY 89169
                                              Telephone: (702) 792-3773
16   bwebb@shb.com                           Facsimile: (702) 792-9002
     eburesh@shb.com                         tratosm@gtlaw.com
17                                            roosb@gtlaw.com
                                              godfreyl@gtlaw.com
18

19   Robert H. Reckers, Esq.
     SHOOK, HARDY & BACON LLP
20   600 Travis Street, Suite 1600
     Houston, Texas 77002
21   Telephone: (713) 227-8008
     Facsimile: (713) 227-9508
22   rreckers@shb.com

23          I declare that I am employed in the office of a member of the bar of this court at

24   whose direction the service was made and that this declaration was executed on  April 15, 2011

25   at San Francisco, California.

26                                    _____

27                                             James W. Davis, Jr.

28
     A/74017534.5                              11

     ORACLE'S RESPONSES TO RIMINI STREET'S THIRD SET OF RFPS