BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
FRED NORTON (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
fnorton@bsfllp.com
kringgenberg@bsfllp.com

Attorneys for Plaintiffs Oracle America, Inc.
and Oracle International Corp.

BINGHAM MCCUTCHEN LLP
GEOFFREY M. HOWARD (*pro hac vice*)
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No  2:10-cv-0106-LRH-PAL<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br>**(2) VIOLATIONS OF THE FEDERAL COMPUTER FRAUD AND ABUSE ACT;**<br>**(3) VIOLATIONS OF THE COMPUTER DATA ACCESS AND FRAUD ACT;**<br>**(4) VIOLATIONS OF NRS 205.4765;**<br>**(5) BREACH OF CONTRACT;**<br>**(6) INDUCING BREACH OF CONTRACT**<br>**(7) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>**(8) UNFAIR COMPETITION;**<br>**(9) TRESPASS TO CHATTELS;**<br>**(10) UNJUST ENRICHMENT / RESTITUTION;** |

|   |   |
|---|---|
| 1 | **(11) UNFAIR PRACTICES; and** |
|   | **(12) AN ACCOUNTING.** |
| 2 |   |
|   | **DEMAND FOR JURY TRIAL** |
| 3 |   |

4   Plaintiffs Oracle USA, Inc. ("Oracle USA"), Oracle America, Inc. ("Oracle

5   America") and Oracle International Corporation ("OIC") (together "Oracle" or "Plaintiffs") for

6   their Complaint against Defendants Rimini Street, Inc. ("Rimini Street") and Seth Ravin, allege

7   as follows based on their personal knowledge as for themselves, and on information and belief as

8   to the acts of others:

9   **I.     JURISDICTION**

10   1.     Oracle's first cause of action arises under the Federal Copyright Act, 17

11   U.S.C. §§ 101 *et seq.*, and its second cause of action arises under the Computer Fraud and Abuse

12   Act, 18 U.S.C. §§ 1030 *et seq.*  Accordingly, this Court has subject matter jurisdiction over this

13   action pursuant to 18 U.S.C. § 1030(g), 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

14   2.     This Court has supplemental subject matter jurisdiction over the pendent

15   state law claims under 28 U.S.C. § 1367, because these claims are so related to Oracle's claims

16   under federal law that they form part of the same case or controversy and derive from a common

17   nucleus of operative facts.

18   3.     This Court also has original subject matter jurisdiction over the state law

19   claims under 28 U.S.C. § 1332 because there is a complete diversity of citizenship between the

20   Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000.

21   **II.    INTRODUCTION**

22   4.     *"The key is you have to be authorized. . . . Either you're authorized or*

23   *you're not.*"  (Seth Ravin, commenting on Oracle's 2007 lawsuit against SAP for illegally

24   downloading Oracle's intellectual property).

25   5.     This case is about the massive theft of Oracle's software and related

26   support materials through an illegal business model by Defendant Rimini Street and its CEO and

27   President, Defendant Seth Ravin.  Rimini Street holds itself out as a support provider to

28   companies that license certain of Oracle's enterprise software applications, including its

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   PeopleSoft, J.D. Edwards ("JDE") and Siebel-branded software.  Central to Rimini Street's

2   business model is the illegal downloading of Oracle's Software and Support Materials[1] in a

3   scheme that is vast in scope, consisting of many thousands of Software and Support Materials.

4   Rimini Street typically logs on to Oracle's password protected Technical Support websites using

5   a customer credential, then downloads Software and Support Materials in excess of the

6   customer's authorization under its license agreement.  Sometimes Rimini Street will download

7   hundreds or even thousands of Software and Support Materials at a time, relating to entire

8   families of software (*e.g.*, PeopleSoft, JDE, or Siebel) that the customer does not license and for

9   which it has no use.

10      6.      Rimini Street automates its massive downloading with "robots" or

11  "crawlers," in intentional violation of Oracle's Technical Support website Terms of Use.  These

12  intrusions have damaged Oracle's support services by causing the databases which host the

13  Software and Support Materials to freeze, disrupting their operation and impeding the

14  availability of lawful downloads to Oracle's other customers.  As a result, Oracle has suffered

15  economic harm in the form of disruptions to its business operations, increased costs to maintain

16  and repair its servers, and decreased ability to meet its customers' support needs.

17      7.      Ravin has admitted that downloads in excess of the customer's

18  authorization are improper.  In an interview he explained that "It is very common for [a

19  customer] to provide a password and ID for us to get to download upgrades and support.  It's a

20  standard industry practice across every consulting firm.  *The key is you have to be authorized*."

21  (emphasis supplied).  Ravin emphasized that "[y]ou need to be very careful about parsing

22  documents – whether you take 20 or hundreds.  *Either you're authorized or you're not*."

23  (emphasis supplied).

24  ─────────────────────

25  [1]       These copyrighted materials, which include software applications and environments,
26  program updates, software updates, bug fixes, patches, custom solutions, and instructional
    documents across the entire PeopleSoft, J.D. Edwards, and Siebel, and Oracle's Relational
27  Database Management System ("Oracle Database") families of software products, are referred to
    throughout as "Software and Support Materials."

28                                              3

─────────────────────
SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1      8.      Ravin's admission that Rimini Street may not download Oracle Software

2   and Support Materials for which the customer lacks authorization is correct.  His description of

3   Rimini Street's business practices is false.  Rimini Street's massive, illegal downloads of Oracle

4   Software and Support Materials violates Rimini Street's contracts with its customers, their

5   licenses with Oracle, the Terms of Use, and civil and criminal laws.

6      9.      Rimini Street's business model includes more than just illegal

7   downloading.  Ravin has caused Rimini Street to acquire copies of its customers' licensed Oracle

8   enterprise applications software.  In the course of its business, Rimini Street makes additional

9   illegal copies of this software, which it uses in various illegal ways to offer low-cost support and

10  induce Oracle's customers to cancel their support contracts with Oracle in favor of Rimini Street.

11     10.     This illegal business model is not new for Ravin.  He helped create this

12  illegal scheme at his prior company, TomorrowNow ("SAP TN"), with his partner, Andrew

13  Nelson.  Under this business model, SAP TN gained repeated and unauthorized access to

14  Oracle's intellectual property.  It made and used thousands of copies of Oracle's copyrighted

15  software applications and relied on illegal downloading from Oracle websites, using custom

16  programmed "scraping" tools designed to "scrape" Oracle's website for bug fixes, patches,

17  updates, and instruction manuals.

18     11.     Ravin and Nelson sold SAP TN to the German software conglomerate

19  SAP AG, and Ravin soon left to later found Rimini Street.  SAP AG publicly admitted that SAP

20  TN improperly copied Oracle Software and Support Materials, and shut down SAP TN in

21  October 2008 having concluded that it could not provide support services without infringing on

22  Oracle's intellectual property rights.   In March 2010, SAP AG and SAP TN conceded that SAP

23  TN violated Oracle's copyrights during the time after March 1, 2005, which includes a period of

24  time in which Ravin was still managing SAP TN under the supervision and control of SAP AG.

25  In March 2010, SAP AG and SAP TN also conceded that, during the time that Ravin was

26  managing SAP TN under the supervision and control of SAP AG, SAP TN violated both the

27  federal Computer Fraud and Abuse Act and California Penal Code section 502(c)(7) by

28  unlawfully accessing Oracle computers.

4

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1       12.    Ravin has admitted that Rimini Street mimics and expands the SAP TN

2   model:  "Our [Rimini Street's] basic model for TomorrowNow customers is that you're going to

3   get the same kind of savings" because "[w]hat we're offering is on top of what they're used to,

4   which is the vanilla offering that I actually assembled – because it hasn't changed much from

5   what I put together at TomorrowNow several years ago when we were launching the company."

6       13.    Rimini Street's marketing literature emphasizes how little difference

7   customers would notice from SAP TN's service offering, stating that converting is as "Easy as 1-

8   2-3."  For example, Rimini Street stated that tax and regulatory updates to Oracle software

9   applications "are packaged the same as Client is used to receiving previously from PeopleSoft

10  Corporation and then TomorrowNow, Inc.  There is no difference in how Rimini Street tax and

11  regulatory updates are installed."  Oracle, of course, owned the intellectual property rights to the

12  software SAP TN copied and used to create its illegal updates.  Ravin and Rimini Street knew

13  that and capitalized on it by copying the model and boasting about the similarity in services.

14      14.    The corrupt business model Ravin helped to create continues in full force

15  at Rimini Street.  Oracle brings this lawsuit to end it once and for all, stop Rimini Street's illegal

16  activity, and redress the harm that Rimini Street has caused by its illegal conduct.  Rimini

17  Street's copyright infringement and other illegal, wrongful, and unfair business practices threaten

18  to cause irreparable harm to Oracle, its many employees, customers, shareholders, and the

19  industry at large.  Oracle has no adequate remedy at law for the harm threatened and caused by

20  these acts.

21  **III.    THE PARTIES**

22      15.    On February 15, 2010, Plaintiff Oracle USA, Inc., a Colorado corporation,

23  merged with and into Sun Microsystems, Inc.  Sun Microsystems, Inc., the surviving

24  corporation, was then renamed "Oracle America, Inc." ("Oracle America").  Plaintiff Oracle

25  America is a Delaware corporation, with its principal place of business in Redwood City,

26  California.  Oracle America develops and licenses certain intellectual property, including

27  copyrighted enterprise software programs, and provides related services.  Oracle America is the

28  successor in interest to Oracle USA, and through Oracle USA is the successor to PeopleSoft

1   USA, Inc. ("PeopleSoft") and a successor in interest to certain PeopleSoft, JDE, and Siebel

2   entities.  Hereinafter, Oracle USA, Inc. and Oracle America, Inc. are referred to collectively as

3   "Oracle America."

4         16.    Plaintiff OIC is a California corporation, with its only place of business in

5   Redwood City, California.  OIC owns and licenses certain intellectual property, including

6   copyrighted enterprise software programs used around the world.  Intellectual property rights

7   formerly held by certain PeopleSoft, JDE, and Siebel entities were transferred to OIC as part of

8   the acquisitions of PeopleSoft and Siebel by Oracle.  OIC is the owner or exclusive licensee of

9   the copyrights at issue in this action.

10         17.    Seth Ravin is the founder, president, and CEO of Rimini Street and the

11   former President of SAP TN.  He is a resident of Nevada.

12         18.    Rimini Street is a Nevada corporation with its principal place of business

13   in Las Vegas, Nevada.  Ravin founded and controls Rimini Street.

14         19.    Oracle is currently unaware of the true names and capacities of Does 1

15   through 50, inclusive, whether individual, partnership, corporation, unincorporated association,

16   or otherwise.  Due to the surreptitious nature of Defendants' actions, and the complicated nature

17   of their scheme, the identities of Does 1 through 50 have been concealed from Oracle, preventing

18   Oracle from identifying them by name.  After discovery, which is necessary to ascertain the true

19   names and capacities of Does 1 through 50, Oracle will amend its Complaint to allege the

20   necessary identifying details.

21         20.    Defendants all are doing business in and have directed their activities at

22   Nevada.  Rimini Street is headquartered in this district, and Ravin resides in this district.  Rimini

23   Street committed its illegal downloading in Nevada, and provided illegal copies of Oracle

24   Software and Support Materials from, among other places, Nevada.  Rimini Street also

25   advertises, promotes, sells, licenses, services, and supports customers in Nevada.  Defendants

26   have also committed their unlawful conduct in other states.

27         21.    At all material times, through his ownership of Rimini Street and his role

28   as CEO and President, Seth Ravin had both the right and the authority to control, and had a direct

1    financial interest in, the actions of the corporation.

2           22.     At all material times, each of the Defendants, as well as Does 1 through

3    50, was the agent, servant, employee, partner, joint venturer, representative, subsidiary, parent,

4    affiliate, alter ego, or co-conspirator of the others, had full knowledge of and gave substantial

5    assistance to the alleged activities, and in doing the things alleged, each was acting within the

6    scope of such agency, service, employment, partnership, joint venture, representation, affiliation,

7    or conspiracy, and each is legally responsible for the acts and omissions of the others.

8    **IV.    VENUE**

9           23.     Venue in this district is appropriate, pursuant to 28 U.S.C. § 1391, because

10   Defendants Rimini Street and Ravin reside in this district and because a substantial part of the

11   events giving rise to the dispute occurred in this district, a substantial part of the property that is

12   the subject of the action was and is situated in this district, and the Court has personal

13   jurisdiction over each of the Defendants as alleged throughout this Complaint.

14   **V.    DIVISION ASSIGNMENT**

15          24.     Assignment to the Las Vegas division is proper under Civil Local Rule IA

16   8-1(a), because this action arises, in part, in Las Vegas, where Rimini Street is headquartered and

17   Ravin resides and where, among other places, both engaged in their unlawful conduct.

18   **VI.    FACTUAL ALLEGATIONS**

19          **A.    Oracle's Software And Support Materials**

20          25.     Oracle is the world's largest enterprise software company, and the first to

21   receive J.D. Power & Associates' global certification for outstanding service and support based

22   on measuring customer satisfaction worldwide.  Oracle develops, manufactures, markets,

23   distributes, and services software designed to help its customers manage and grow their business

24   operations.  Oracle's enterprise software and technology offerings include database, middleware,

25   and applications software programs.

26          26.     As is typical in the enterprise software industry, Oracle does not sell

27   ownership rights to its software or related support products to its customers.  Instead, Oracle's

28   customers purchase licenses that grant them limited rights to use specific Oracle software

1   programs, with Oracle retaining all copyright and other intellectual property rights in these

2   works.  In addition, licensed customers can, and typically do, purchase some set of technical

3   support services.  Those services include upgraded products such as updates, bug fixes, or

4   patches to the software programs the customers have expressly licensed from Oracle and have

5   the right to use for purposes authorized by Oracle.

6           27.    Oracle's license agreements with its customers may vary according to the

7   products licensed, including because the customers originally contracted with PeopleSoft, Siebel,

8   and/or JDE, but all of the relevant license agreements for what is now Oracle software set

9   comparable rules for access to, and reproduction, distribution, and use of, that software.  Among

10   other things, those rules prohibit access to, or reproduction, distribution, or use of, any portion of

11   the software not expressly licensed to and paid for by the licensee, and any sublicense,

12   disclosure, use, rent, or lease of the software to third parties.  The licenses, with a few exceptions

13   that are not relevant here, also restrict where the customer physically may install the software, to

14   whom it may provide copies, and the purposes for which it may make those copies.  These

15   licensing restrictions are important to protect Oracle's substantial investment in the development

16   of its software.  They also help to make worthwhile Oracle's continuous enhancement of its

17   products for the benefit of its customers, which requires significant investment in research and

18   development.

19           28.    Oracle's license agreements define Oracle's confidential information to

20   include, without limitation, Oracle's software, its object and source code, and any associated

21   documentation or service offerings.  In certain instances, licensees may designate third parties to

22   help maintain Oracle's software, but only subject to the terms of the relevant license agreement

23   between the licensee and Oracle.  With a few exceptions that are not relevant here, those

24   agreements generally preclude the third party from installing the software on an offsite server, or

25   accessing the source code of the software.  The license agreements prohibit the licensee or any

26   third party from using the software offsite without notice to Oracle, prohibit disclosure to third

27   parties, and prohibit any use other than by the customer for production, back up, archival and in-

28   house disaster recovery purposes.  As defined in one illustrative license agreement, "software"

1  specifically includes the update products made available to customers as part of the support

2  contracts that customers purchased from Oracle.

3          29.     Through its Terms of Use, Oracle also restricts access to the Technical

4  Support websites used by Oracle customers and/or their authorized agents to access and

5  download JDE, Siebel, and PeopleSoft and Oracle Database Software and Support Materials

6  licensed to Oracle customers.  For example, the Terms of Use on Oracle's Metalink 3 website –

7  which related to Oracle's PeopleSoft, JDE, and Siebel software – stated:

8          You agree that access to Metalink . . . will be granted only to your
           designated Oracle technical support contacts and that the Materials
9          [on the support website] may be used solely in support of your
           authorized use of the Oracle programs for which you hold a
10         supported license from Oracle.  Unless specifically provided in
           your licensing or distribution agreement with Oracle, the Materials
11         may not be used to provide services for or to third parties and may
           not be shared with or accessed by third parties.

12         30.     The Metalink 3 Terms of Use explicitly described the confidential nature

13  of the material on the Technical Support website:  "the information contained in the Materials

14  [available through the website] is the confidential proprietary information of Oracle.  *You may*

15  *not use, disclose, reproduce, transmit, or otherwise copy in any form or by any means the*

16  *information contained in the Materials for any purpose*, other than to support your authorized

17  use of the Oracle Programs for which you hold a supported license from Oracle, without the

18  prior written permission of Oracle."  (emphasis supplied).

19         31.     The Metalink 3 Terms of Use also prohibited the use of automated

20  downloads, including through robots, or other use of the Technical Support website that

21  overburdens it:

22         *You agree that you will not access or use Metalink in any manner*
           *that could damage, disable, overburden, or impair, or otherwise*
23         *result in unauthorized access to or interference with, the proper*
           *functioning of any Oracle accounts, computer systems or networks.*
24         *For example, you may not use any software routines commonly*
           *known as robots, spiders, scrapers, or other automated means, to*
25         *access Metalink or any Oracle accounts, systems, or networks*.

26  (emphasis supplied).

27         32.     In addition, access to Oracle's Metalink 3, My Oracle Support,

28

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 Oracle.com, and E-Delivery websites – which provide access to Software and Support Materials

2 for Oracle's PeopleSoft, JDE, Siebel, and Oracle Database software – was governed by the

3 Oracle website's Terms of Use governing access to, downloading of, copying of, and further use

4 or distribution of support materials.  These Terms of Use stated:  "By accessing or using the Site

5 or the Content provided on or through the Site, you agree to follow and be bound by the

6 following terms and conditions concerning your access to and use of the Site and the Content

7 provided on or through the Site ('Terms of Use') . . . ."  These Terms of Use prohibited users

8 from downloading, storing, viewing, or printing the materials made available on that website or

9 available for download through the Site other than "solely for personal, informational, non-

10 commercial purposes."  They also prohibited the user from modifying or altering those materials

11 "in any way" and prohibited redistribution.  The Oracle website's Terms of Use further stated:

12 "Your use of software is subject to all agreements such as a license agreement or user agreement

13 that accompanies or is included with the Software, ordering documents, exhibits, and other terms

14 and conditions that apply . . . ."

15    33. Further, access to Oracle's E-Delivery website – which provides access to

16 the software applications for Oracle's Database, PeopleSoft, JDE, and Siebel products – was

17 additionally governed by the E-Delivery Terms of Use.  These Terms of Use stated:  "By

18 accessing the software on this Web site, you agree that (1) you have already obtained a license

19 from Oracle, or an Oracle partner, for your use of the software and that your Oracle License and

20 Services Agreement . . . governs your use of the software, or (2) if you have not already obtained

21 a license from Oracle or an Oracle Partner for your use of the software, the Oracle Electronic

22 Delivery Trial License Agreement on this Web site governs your use of the software for the time

23 specified in such agreement."  The Oracle Electronic Delivery Trial License Agreement in turn

24 states that "[t] his Agreement grants you the temporary right to use the Programs for evaluation

25 purposes on the single computer designated by you. . . . You may use the Programs only for

26 evaluation and testing and not for production use."  The Trial License Agreement prohibits any

27 "use [of] the Programs for commercial timesharing, rental, or service bureau use" and provides

28 that the user may not "duplicate and/or install the Programs other than as specified in this

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Agreement."

**B.     Rimini Street's Business Model – "Anything that sounds too good to be true probably is."**

34.     In the world of enterprise software applications, revenue comes from three basic activities:  (a) licenses of the underlying software applications; (b) consulting relating to the implementation and operation of the software; and (c) support contracts to keep the software updated and upgraded.

35.     Rimini Street provides support services to customers who use Oracle software, including its JDE, Siebel, and PeopleSoft families of applications.

36.     Rimini Street claims to compete with Oracle by providing low-cost maintenance and support services to PeopleSoft, JDE, and Siebel customers running assorted versions of these software programs.  Rimini Street advertises that it can cut customer maintenance and support bills in half and give customers a reprieve from software upgrade cycles by allowing customers to remain on older, often outdated, versions of PeopleSoft, JDE, or Siebel software rather than moving to later versions, and by eliminating fees for fixes and upgrades that customers would otherwise have to pay to remain on the older versions.  Rimini Street claims that it can provide such fixes and updates and thereby support outdated software for 10 years past its general availability without additional cost to customers.

37.     In addition to those services, Rimini Street offers "customization fixes," "tax and regulatory updates," "applications and repository fixes," and, most remarkably, "24/7 Support with Guaranteed 30 Minutes or less Response" on software programs for which it has no intellectual property rights.  Rimini Street claims to offer this comprehensive support at "More Than 50% Annual Cost Savings."

38.     Rimini Street does not have the development capability to meet the support commitments it advertises at any price, much less the 50% discount it promotes.  It certainly has not matched Oracle's investment in development resources, or even come close to it.

39.     Rimini Street has also offered to provide annual maintenance service for

11

1    customers using PeopleSoft, JDE, or Siebel software for $100.00 for two years.  In the third year,

2    Rimini Street raises the price, but to only 50% of what SAP TN charged in the third year of its

3    own illegal downloading scheme.  Rimini Street stated that the "$100.00 covers the complete

4    program of tax updates" and "the same service" that the customer has "been getting from

5    TomorrowNow."  One of Rimini Street's customers characterized this as "an awesome deal,"

6    while noting that "anything that sounds too good to be true probably is."

7         **C.    Rimini Street's and Ravin's Theft By Downloading**

8              40.    In and after November 2008, and continuing in 2009, there occurred

9    unusually heavy download activity on Oracle's password-protected Technical Support website.

10   That website permits licensed Oracle customers with active support agreements to download a

11   wide array of Software and Support Materials.  Oracle has invested billions of dollars in

12   research, development, and engineering to create these materials.  Customers who have

13   contracted for support with Oracle have log-in credentials to access the Technical Support

14   website and download Software and Support Materials.  However, Oracle's support contracts

15   limit customers' access and download rights to Software and Support Materials pertaining to the

16   customers' licensed products.  Customers have no contractual right to download Software and

17   Support Materials relating to software programs they have not licensed from Oracle, or for which

18   the customers did not purchase support rights, or once the support rights they did purchase have

19   expired.

20             41.    Thousands of these downloads were made to servers associated with the

21   IP addresses 71.5.6.20, 71.5.6.23, and 71.5.6.28, which are owned by Rimini Street.  Many of

22   these downloads were to users whose log-in name ended with "@riministreet.com."  By way of

23   example only, between December 10, 2008, and December 18, 2008, a user credential ending

24   with "@riministreet.com" downloaded more than 100,000 files to the server associated with IP

25   address 71.5.6.23.  Likewise, between April 20, 2009 and May 1, 2009, a user credential ending

26   with "@riministreet.com" downloaded several thousand files to the server associated with the IP

27   address 71.5.6.20.  In these examples and many others, thousands of the downloaded files were

28   unauthorized and exceeded the scope of the Software and Support Materials that were licensed

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  for the customer on whose behalf Rimini Street ostensibly performed the downloading.

2          42.     As another example, between November 18, 2008 and November 24,

3  2008, Rimini Street used an automated crawler in an attempt to download approximately more

4  than 800,000 files from Oracle's Technical Support website, resulting in approximately 120,000

5  successful downloads to the server associated with the IP address 71.5.6.20.  The reason why

6  such a low percentage of the downloads was successful is that Rimini Street programmed the

7  crawler to increase the document number for each copied file by one digit over the last one (*i.e.*,

8  document ID 0.1, then 1.1, 2.1, 3.1, and so on), to indiscriminately and systemically copy

9  literally every document on the website, regardless of the license applicable to the customer

10  credentials input into the crawler software to obtain access to Oracle's systems.  Most of the

11  document numbers the crawler sought to copy did not actually exist as files; Rimini Street

12  simply had programmed the crawler to search for and copy every conceivable document number

13  – comprehensively to take everything.  This specific instance of Rimini Street's downloading

14  terminated only when Oracle disabled access to the IP address involved.

15          43.     The indiscriminate nature of Rimini Street's illegal downloading is

16  apparent from the files that it downloaded.  Oracle's software applications are generally grouped

17  into product families, such as PeopleSoft, JDE, and Siebel.  A customer using an application

18  typically knows – and a support provider such as Rimini Street would obviously know – what

19  family the application is in, as that is the most basic information about the software.  A customer

20  licensed for and using only Siebel applications, for example, would typically have no use for an

21  update or support document relating to a software application in a different family (*e.g.*,

22  PeopleSoft), as it would be useless to the customer.  And, of course, that customer would have

23  no right to copy or use the Software and Support Materials corresponding to a separate,

24  unlicensed application.

25          44.     On many occasions, however, Rimini Street downloaded documents in a

26  particular software family while purporting to act on behalf of customers who had no license to

27  any application for any product in that family.  For example, in November 2008, Rimini Street

28  downloaded tens of thousands of documents from the PeopleSoft and JDE families of software

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    applications using the log-in credentials of a customer that had no license for any PeopleSoft

2    software and whose contracts for JDE software had expired years ago.  This indicates that Rimini

3    Street made no attempt to limit its downloading to what was authorized for a given Oracle

4    customer.  To the contrary, it engaged in indiscriminate downloading.

5            45.     These are only examples.  Rimini Street's massive downloading totaled at

6    least 100,000 unauthorized files.  It appears that Rimini Street sometimes performs downloads

7    from a customer's IP address, and the author identification (*e.g.*, "Dennis Chiu") or sign on (*e.g.*,

8    "rimini_street") indicates that a Rimini Street employee actually performed the downloading.  At

9    other times, neither the IP address nor the log-on credentials expressly identify Rimini Street, but

10    Rimini Street is in fact responsible for the unauthorized download.  For example, there have been

11    occasions when unauthorized downloads were performed from an IP address of a customer listed

12    on Rimini Street's website, and the downloading purportedly done by that customer vastly

13    exceeded the customer's past usage and involves products to which the customer has no license.

14    On information and belief, Rimini Street performed those unauthorized downloads (or induced

15    the customer to do so).

16            46.     Rimini Street's large-scale, unauthorized downloading has also damaged

17    Oracle's servers that contain the content of the Technical Support websites by causing them to

18    freeze, slow down, or become temporarily non-operational due to the scope of the downloading.

19    This impedes the functioning of Oracle's business, increases costs to Oracle of maintaining and

20    repairing the servers, and disrupts Oracle's ability to provide service to its customers.

21            47.     Rimini Street has made a regular practice of downloading massive

22    numbers of materials from Oracle's Technical Support websites.  Numerous Rimini Street

23    employees have been involved in the downloading.  Ravin personally orchestrated, controlled,

24    and was an active participant in Rimini Street's massive downloading scheme.  For example,

25    Ravin personally logged into Oracle's Technical Support website on behalf of a customer, using

26    a Rimini Street IP address, and downloaded over 5,000 documents and over 11,000 files

27    associated with those documents.  Many of these files were not licensed by Rimini Street or by

28    the customer on whose behalf Ravin purportedly to act.

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

48.     Rimini Street has admitted that it has engaged in large-scale downloading that has damaged Oracle's servers.  In November 2008 Oracle blocked access to a Rimini Street IP address which had downloaded thousands of Software and Support Materials.  Rimini Street then complained to Oracle that "a manual methodology is not feasible" to download the sheer number of documents Rimini Street was attempting to, "which is why we've had to employ our methodology."  The Rimini Street employee admitted that the mass downloading impeded the performance of Oracle's servers:  "I understand our current methodology creates issues with the CPU utilization on Oracle's servers, and as such, you've had to block any access from our IP addresses."

49.     Oracle instructed Rimini to immediately cease this massive, indiscriminate downloading.  Rimini Street refused.  Rimini Street, through its lawyers, confirmed that it had "resort[ed] to automation tools as the only feasible way to try to identify, catalog, and download such a large volume of Support Materials."  It complained that when Oracle is able to detect an attempt to "download a substantial amount of Support Material items" in a volume that indicates the use of automated tools – which violates Oracle's Terms of Use – Oracle will then shut down access to the associated IP address.

**D.     Ravin Controlled Rimini Street's Actions**

50.     Prior to founding Rimini Street, Ravin managed SAP TN, and helped create SAP TN's illegal business model of making and using thousands of copies of Oracle's copyrighted software applications.  In comparing Rimini Street and SAP TN, Ravin has admitted that he is personally responsible for Rimini Street's operations and business model and its parallels to SAP TN:  "There's no way to separate [SAP TN and Rimini Street].  We look a lot alike in areas because I did both. … I designed the TomorrowNow service.  I evolved it and created a better service with Rimini Street."

51.     SAP TN has admitted that, during the time that Ravin was managing SAP TN (under the supervision and control of SAP AG), SAP TN violated Oracle's copyrights and unlawfully accessed Oracle's computers.

52.     Rimini Street's corporate filings with the Nevada Secretary of State

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   identify Ravin as Director, President, and Treasurer of Rimini Street.  Indeed, Ravin holds all but
2   one of the officer positions – Secretary – identified in Rimini Street's corporate filings.

3          53.     In an Executive Summary included in one Rimini Street response to a
4   customer request for proposals in August 2008, Rimini Street described itself as "a next-
5   generation, independent third party support provider founded *and managed* by industry pioneer
6   Seth Ravin."  In the same response to the RFP, Rimini Street listed Ravin as one of only two
7   people authorized to make representations for Rimini Street.

8          54.     Moreover, as discussed above, Ravin controlled Rimini Street's massive
9   downloading scheme and was himself was an active participant, personally logging into
10  Oracle's Technical Support website from a Rimini IP address, accessing materials that neither
11  he nor Rimini Street's customer was authorized to access.

12         55.     Ravin also personally signed contracts, on behalf of Rimini Street, in
13  which Rimini Street committed to research, develop, and test updates and fixes to Oracle's
14  products, including PeopleSoft products, at Rimini Street's business location, using Rimini
15  Street's computer system hardware and software.  Through his prior employment at PeopleSoft,
16  Ravin is and was personally familiar with Oracle's license agreements and terms of use, and
17  consequently knew that it was a violation of those agreements and terms to develop fixes and
18  updates at Rimini's business on Rimini's computers, rather than at the business and on the
19  computers of the Oracle licensee.

20         56.     Ravin also controlled Rimini Street's contractual relationships with
21  customers.  For example, for at least some customers, Ravin was the sole person at Rimini
22  Street with the power to amend, modify, or alter Rimini Street's contracts.

23         57.     Ravin was personally and directly involved in marketing Rimini Street's
24  services, in Rimini Street's responses to requests for proposals, and negotiating Rimini Street's
25  contracts with customers.

26       **E.     Rimini Street's Access Was Unauthorized**

27         58.     Rimini Street's unauthorized access to, copying of, and use of Software
28  and Support Materials and its customers' software releases, violated the terms of the Oracle

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    customers' License Agreements and the Technical Support website Terms of Use.  These terms

2    included agreements:

3    •    Not to access or use any portion of the Software, including updates, not expressly

4          licensed and paid for by the Licensee;

5    •    Not to directly or indirectly, sublicense, relicense, distribute, disclose, use, rent, or

6          lease the software or documentation, or any portion thereof, for third party use, or

7          third party training;

8    •    Not to access the customer support system if not the customer's authorized and

9          designated Oracle technical support contact;

10   •    Not to use the materials on the support website except in support of the

11         customer's authorized use of the Oracle programs for which the customer holds a

12         supported license from Oracle;

13   •    That the customer username and password are for the customer's sole use in

14         accessing this support server;

15   •    That the customer username and password may only be distributed to or used by

16         persons in the customer's organization who have a legitimate business purpose for

17         accessing the materials contained on the support server in furtherance of the

18         customer's relationship with Oracle;

19   •    Not to impede the functioning or performance of the Technical Support website;

20   •    Not to use automated mechanisms to perform downloads, such as robots or

21         crawlers; and

22   •    That the materials on the support website are confidential information subject to

23         existing confidentiality agreements.

24         59.    Rimini Street and Ravin have intimate familiarity with these important

25   restrictions and conditions relating to Oracle's Software and Support Materials.  Of Rimini

26   Street's ten-member management team, seven list prior employment experience with PeopleSoft,

27   Siebel, or Oracle.  In addition, other Rimini Street managers and employees claim to have years

28   of experience providing support services for PeopleSoft software.  In short, Rimini Street cannot

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  credibly claim ignorance of Oracle's access rules.  Indeed, in the public statements quoted above,

2  Ravin has demonstrated his close reading of Oracle's allegations against SAP, has confirmed his

3  awareness of Oracle's access rules, and has admitted that Rimini Street must comply with those

4  rules.

5      60.  Notwithstanding Rimini Street's knowledge of Oracle's license

6  agreements with its customers, the support website terms of use, and the confidential,

7  proprietary, and copyrighted nature of Oracle's Software and Support Materials, Rimini Street

8  accessed and downloaded the Software and Support Materials when it either had no legitimate

9  basis to access Oracle's restricted website, or in a way that grossly violated the limited access

10  rights it did have.  Further, the scope of the downloaded Software and Support Materials – across

11  multiple libraries in multiple lines of business – for customers that had no license to take, or need

12  for, those products, suggests that Rimini Street took the Software and Support Materials to

13  stockpile a library to support its present and prospective customers.

14      61.  To the extent Rimini Street had any legitimate basis to access Oracle's site

15  as a contract consultant for a customer with current licensed support rights, it committed to abide

16  by the same license obligations and usage terms and conditions applicable to licensed customers.

17  Indeed, anyone accessing such Software and Support Materials on the Oracle support website

18  must agree to Oracle's terms and conditions, which restrict access to support only for products

19  that a company has licensed, and impose strict confidentiality requirements.  Rimini Street

20  reviewed and agreed to the terms and conditions on Oracle's support website before proceeding,

21  and therefore committed its theft knowingly and intentionally, and in conscious disregard of

22  Oracle's copyrights and other protected intellectual property, contractual restrictions on the use

23  of its intellectual property, and the integrity of its computer systems.

24
25      **F.   Oracle's Software And Support Materials Are Registered With The Copyright Office**

26      62.  The Software and Support Materials and software applications that Rimini

27  Street downloaded from Oracle's systems included numerous works that are protected under the

28  Federal Copyright Act, 17 U.S.C. §§ 101 *et seq.*  These protected works are original works of

18

1   authorship, owned by Oracle.  Defendants' acts violated Oracle's exclusive rights to reproduce,

2   create derivative works, publish, publicly display, offer for sale, and distribute (collectively,

3   "copy") these works.  Defendants' acts were willful and intentional and constitute both direct

4   and indirect copyright infringement under the Federal Copyright Act, 17 U.S.C. §§ 101 *et seq.*

5   63.   The massive nature of the illicit downloads by Rimini Street make it

6   impossible to detail comprehensively each copyright violation in this Complaint.  However,

7   Oracle has more than 130 certificates of registration from the Register of Copyrights that cover a

8   wide range of Software and Support Materials copied by Rimini Street.  Collectively, these

9   registrations cover thousands of unlicensed Software and Support materials unlawfully copied by

10  Rimini Street.

11      **G.   Defendants Conspired With And Aided And Abetted Each Other**

12  64.   Defendants willfully, intentionally, and knowingly agreed and conspired

13  with each other to engage in the alleged wrongful conduct, including Defendants' copyright

14  infringement, interference with Oracle's business relationships and other unfair business

15  practices, as well as Defendants' trespass on, and computer fraud concerning the Software and

16  Support Materials.

17  65.   Defendants did the acts alleged pursuant to, and in furtherance of, that

18  agreement and/or furthered the conspiracy by cooperating, encouraging, ratifying, or adopting

19  the acts of the others.

20  66.   As a direct and proximate result of the acts in furtherance of the

21  conspiracy, Oracle has suffered injury, damage, loss, and harm, including, but not limited to, loss

22  of profits from sales to current and potential customers of Oracle support services and licenses

23  for Oracle's software programs.  The wrongful conduct committed pursuant to the conspiracy

24  was a substantial factor in causing this harm.

25  67.   Defendants also had full knowledge of or should have reasonably known

26  of the true nature of the wrongful conduct of each other Defendant, and aided and abetted such

27  wrongful conduct, including copyright infringement, and other unfair business practices, as well

28  as Defendants' trespass on, and computer fraud concerning the copyrighted Software and

1    Support Materials, by providing substantial assistance and/or encouraging the others to act.

2            68.     Defendants also aided and abetted the described wrongful conduct of the

3    other Defendants by giving substantial assistance and/or encouragement that, separately

4    considered, was wrongful in and of itself.

5            69.     As a direct and proximate result of the aiding and abetting of these acts,

6    Oracle has suffered injury, damage, loss, and harm, including, but not limited to, loss of profits

7    from sales to current and potential customers of Oracle support services and licenses to Oracle

8    software programs.  The wrongful conduct aided and abetted by the Defendants was a substantial

9    factor in causing this harm.

10           70.     Defendants' intentional agreement to commit, and commission of, these

11   wrongful acts, and aiding and abetting of these wrongful acts, was willful, malicious, oppressive,

12   and in conscious disregard of Oracle's rights, and Oracle is therefore entitled to an award of

13   punitive damages to punish their wrongful conduct and deter future wrongful conduct.

14                            **First Claim for Relief**

15                            **Copyright Infringement**

16                         (By OIC Against All Defendants)

17           71.     OIC incorporates by reference each of the allegations in the preceding

18   paragraphs of this Complaint as though fully set forth here, including without limitation

19   Paragraphs 4-16, 26-28, 40-58, and 61-63.

20           72.     OIC owns a valid and enforceable copyright in, or an exclusive license to,

21   all of its software applications and Software and Support Materials, which are creative works of

22   original authorship.  OIC has pre-existing, or has obtained from the Register of Copyrights,

23   Certificates of Registration that cover many of the software applications and Software and

24   Support Materials taken and copied by Rimini Street.[2]

25   _____

26   [2]     Oracle reserves the right to further amend the Second Amended Complaint in the event it
27   obtains additional copyright registrations for Software and Support Materials taken and copied
     by Rimini Street beyond the registrations it has already.

28                                            20

73.     OIC has also obtained, through transfer agreements, all rights, title, and interest in registered and unregistered copyrights formerly owned by certain PeopleSoft, JDE, and Siebel entities.

74.     OIC owned exclusive rights to each of the copyrights at issue in this case at a point in time during which Defendants infringed those exclusive rights.

75.     Defendants have infringed copyrights in Oracle software applications and Software and Support Materials, including the software applications and Software and Support Materials covered by these certificates.  These certificates are identified, dated, and numbered as follows:

| Title of Work | Date of Registration | Registration Number |
|---|---|---|
| PeopleTools 7.5 | November 20, 1998 | TX 4-792-578 |
| PeopleSoft 7.0 financials, distribution & manufacturing 7.0 | December 15, 1998 | TX 4-792-576 |
| PeopleSoft HRMS 7.0 | December 15 1998 | TX 4-792-577 |
| PeopleSoft HRMS 7.5 | December 15, 1998 | TX 4-792-575 |
| PeopleSoft Financials, Distribution & Manufacturing 7.5 | December 15, 1998 | TX 4-792-574 |
| PeopleTools 8.10 | September 5, 2000 | TX 5-266-221 |
| PeopleSoft Financials and Supply Chain Management (FIN/SCM) 8.0 | November 20, 2000 | TX 5-291-439 |
| PeopleSoft 8 HRMS PeopleBooks | November 28, 2000 | TX 5-311-638 |
| PeopleSoft 8 Financials and Supply Chain Management PeopleBooks | November 28, 2000 | TX 5-311-637 |
| PeopleSoft 8 HRMS SP1 | March 26, 2001 | TX 5-501-312 |
| Oracle 8i Enterprise Edition, release 2 (8.1.6) | February 2, 2001 | TX 5-222-106 |
| PeopleSoft 8 FIN/SCM SP1 | March 26, 2001 | TX 5-501-313 |
| PeopleSoft 8 EPM SP3 | March 30, 2001 | TX 5-345-698 |
| PeopleSoft 8 Customer Relationship Management PeopleBooks | September 27, 2001 | TX 5-456-778 |
| PeopleSoft 8 Promotions Management, Collaborative Supply Management, eRFQ,Supplier Connection, and Supply Chain Portal Pack PeopleBooks | September 27, 2001 | TX 5-456-781 |
| PeopleSoft 8 Customer Relationship Management | September 27, 2001 | TX-5-456-777 |
| PeopleSoft 8 Financials and Supply Chain Management: Service Pack 2 | September 27, 2001 | TX-5-456-780 |
| PeopleSoft 8 FIN/SCM SPI PeopleBooks | October 19, 2001 | TX 5-595-355 |
| PeopleSoft 8 Student Administration Solutions PeopleBooks | November 30, 2001 | TX 5-431-290 |
| PeopleSoft 8.3 HRMS PeopleBooks | February 1, 2002 | TX 5-469-031 |
| PeopleSoft 8.3 HRMS | February 1, 2002 | TX 5-469-032 |
| PeopleSoft 8.3 Enterprise Performance Management PeopleBooks | March 11, 2002 | TX 5-485-842 |
| PeopleSoft 8.3 Enterprise Performance Management | March 11, 2002 | TX 5-485-839 |

21

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

| | | |
|---|---|---|
| 1 | PeopleSoft 8.1 Customer Relationship Management PeopleBooks | March 20, 2002 | TX 5-733-209 |
| 2 | PeopleSoft 8.1 Customer Relationship Management | March 20, 2002 | TX 5-493-450 |
| 3 | PeopleSoft 8.4 Financials and Supply Chain Management | August 5, 2002 | TX-5-586-247 |
| 4 | PeopleTools 8.4 | August 5, 2002 | TX 5-586-248 |
| | PeopleTools 8.4 PeopleBooks | August 5, 2002 | TX 5-586-249 |
| 5 | PeopleSoft 8.4 Financials and Supply Chain Management PeopleBooks | August 5, 2002 | TX 5-586-246 |
| 6 | PeopleSoft 8.4 Customer Relationship Management PeopleBooks | August 7, 2002 | TX 5-586-236 |
| 7 | Oracle 9i Database Enterprise:  Edition Release 2 | June 13, 2003 | TX 5-673-282 |
| 8 | PeopleSoft 8.8 HRMS | June 11, 2004 | TX 6-093-947 |
| 9 | PeopleSoft 8.8 Customer Relationship Management | June 11, 2004 | TX 6-015-317 |
| 10 | PeopleSoft 8.8 Enterprise Performance Management | June 11, 2004 | TX-5-993-616 |
| | Initial release of JDE EnterpriseOne XE | April 26, 2007 | TX 6-541-033 |
| 11 | Cumulative Update 8 for JDE EnterpriseOne Xe | April 26, 2007 | TX 6-541-048 |
| 12 | Initial release of JDE EnterpriseOne 8.0 | April 26, 2007 | TX 6-541-050 |
| | Cumulative Update 1 for JDE EnterpriseOne 8.0 | April 26, 2007 | TX 6-541-034 |
| 13 | Initial release of JDE EnterpriseOne 8.9 | April 26, 2007 | TX 6-541-049 |
| | Initial release of JDE EnterpriseOne 8.10 | April 26, 2007 | TX 6-541-038 |
| 14 | Cumulative Update 2 for JDE EnterpriseOne 8.10 | April 26, 2007 | TX 6-541-032 |
| 15 | Initial release of JDE EnterpriseOne 8.11 | April 26, 2007 | TX 6-541-028 |
| | Initial release of JDE EnterpriseOne 8.11 SP1 | April 26, 2007 | TX 6-541-040 |
| 16 | ESU for JDE EnterpriseOne 8.11 SP1 | April 26, 2007 | TX 6-541-027 |
| 17 | Cumulative Update 1 for JDE EnterpriseOne 8.11 SP1 | April 26, 2007 | TX 6-541-039 |
| 18 | Initial release of JDE EnterpriseOne 8.12 | April 26, 2007 | TX 6-541-041 |
| | ESU for JDE EnterpriseOne 8.12 | April 26, 2007 | TX 6-541-045 |
| 19 | Cumulative Update 1 for JDE EnterpriseOne 8.12 | April 26, 2007 | TX 6-541-042 |
| 20 | Initial release of JDE World A7.3 | April 26, 2007 | TX 6-541-029 |
| | Cumulative Update 16 for JDE World A7.3 | April 26, 2007 | TX 6-541-031 |
| 21 | Initial release of JDE World A8.1 | April 26, 2007 | TX 6-541-047 |
| | Code Change for JDE World A8.1 | April 26, 2007 | TX 6-541-044 |
| 22 | Initial release of JDE World A9.1 | April 26, 2007 | TX 6-541-030 |
| | Cumulative Update 6 for JDE World A8.1 | May 1, 2007 | TX 6-545-421 |
| 23 | | | |
| | Oracle Database 10g:  Release 1 | January 16, 2009 | TX 6-938-648 |
| 24 | | | |
| | Oracle Database 10g:  Release 2 | June 29, 2009 | TX 6-942-003 |
| 25 | Siebel 6.3 Initial Release and Documentation | June 29, 2009 | TX 6-941-989 |
| 26 | Siebel 7.0.5 Initial Release and Documentation | June 29, 2009 | TX 6-941-988 |
| | Siebel 7.5.2 Initial Release and Documentation | June 29, 2009 | TX 6-941-990 |
| 27 | Siebel 7.7.1 Initial Release and Documentation | June 29, 2009 | TX 6-941-993 |
| | Siebel 7.8 Initial Release and Documentation | June 29, 2009 | TX 6-941-995 |
| 28 | | | |

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

| | | |
|---|---|---|
| Siebel 8.0 Initial Release and Documentation | June 29, 2009 | TX 6-942-000 |
| Siebel 8.1.1 Initial Release and Documentation | June 29, 2009 | TX 6-942-001 |
| Database of Documentary Customer Support Materials for PeopleSoft Software | July 1, 2009 | TXu1-607-454 |
| Database of Documentary Customer Support Materials for J.D. Edwards Software | July 1, 2009 | TXu1-607-455 |
| Database of Documentary Customer Support Materials for Siebel Software | July 1, 2009 | TXu1-607-453 |
| Cumulative Update 3 for JDE EnterpriseOne 8.12 | January 15, 2010 | TX-7-041-278 |
| Initial release of JDE EnterpriseOne 9.0 | January 15, 2010 | TX 7-041-256 |
| Cumulative Update 1 for JDE EnterpriseOne 9.0 | January 15, 2010 | TX 7-041-267 |
| Initial release of JDE World A9.2 | January 15, 2010 | TX 7-041-290 |
| PeopleSoft HRMS 8.8 SP1 | February 10, 2010 | TX 7-065-376 |
| PeopleSoft HRMS 8.9 | February 10, 2010 | TX 7-065-381 |
| PeopleSoft HRMS 9.0 | February 10, 2010 | TX 7-065-386 |
| PeopleSoft HRMS 9.1 | February 10, 2010 | TX 7-065-398 |
| PeopleSoft Customer Relationship Management 8.8 SP1 | February 10, 2010 | TX 7-063-664 |
| PeopleSoft Customer Relationship Management 8.9 | February 10, 2010 | TX 7-063-668 |
| PeopleSoft Customer Relationship Management 9.0 | February 10, 2010 | TX 7-065-371 |
| PeopleSoft Customer Relationship Management 9.1 | February 10, 2010 | TX 7-063-653 |
| PeopleSoft Financials and Supply Chain Management 8.8 | February 10, 2010 | TX 7-063-688 |
| PeopleSoft Enterprise Performance Management 8.8 SP2 | February 10, 2010 | TX 7-063-683 |
| PeopleSoft Enterprise Performance Management 8.9 | February 10, 2010 | TX 7-063-672 |
| PeopleSoft Enterprise Performance Management 9.0 | February 10, 2010 | TX 7-063-679 |
| PeopleSoft Financials and Supply Chain Management 8.8 SP1 | February 11, 2010 | TX 7-065-319 |
| PeopleSoft Financials and Supply Chain Management 8.9 | February 11, 2010 | TX 7-065-332 |
| PeopleSoft Financials and Supply Chain Management 9.0 | February 11, 2010 | TX 7-065-354 |
| PeopleSoft Financials and Supply Chain Management 9.1 | February 11, 2010 | TX 7-065-357 |
| PeopleSoft Student Administration Solutions 8.0 SP1 | February 24, 2010 | TX 7-077-447 |

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

| | | |
|---|---|---|
| PeopleSoft Campus Solutions 8.9 | February 24, 2010 | TX 7-077-451 |
| PeopleSoft Campus Solutions 9.0 | February 24, 2010 | TX 7-077-460 |
| PeopleTools 8.42 | March 8, 2010 | TX 7-092-406 |
| PeopleTools 8.43 | March 8, 2010 | TX 7-092-603 |
| PeopleTools 8.44 | March 8, 2010 | TX 7-092-583 |
| PeopleTools 8.45 | March 8, 2010 | TX 7-092-617 |
| PeopleTools 8.46 | March 8, 2010 | TX 7-092-772 |
| PeopleTools 8.47 | March 8, 2010 | TX 7-092-797 |
| PeopleTools 8.48 | March 8, 2010 | TX 7-092-819 |
| PeopleTools 8.49 | March 8, 2010 | TX 7-092-855 |
| PeopleTools 8.50 | March 8, 2010 | TX 7-092-757 |
| Oracle Database 11g:  Release 1 | Application pending | Application pending |
| Oracle Database 11g:  Release 2 | Application pending | Application pending |

76.     These registrations generally cover, but are not limited to, numerous versions of Oracle software, including the updates, patches, and fixes incorporated in each relevant version, service packs of Oracle updates, patches and fixes, and individual exemplar Software and Support Materials, including certain Oracle knowledge management solutions and certain Oracle updates, patches, and fixes, all of which Rimini Street and Ravin copied without a license.

77.     Through the acts alleged above, Defendants have violated the exclusive rights of OIC to reproduce and make copies of their copyrighted Software and Support Materials, including materials covered by the registrations listed above by, among other things, downloading (copying) Oracle's copyrighted Software and Support Materials onto its computers in violation of 17 U.S.C. § 106, repeatedly copying entire releases of Oracle's software, and related documentation, to Rimini Street's own local systems, without authorization or license and

24

1  creating unlicensed works derived from these copies.

2          78.     Defendants have also violated the exclusive rights of OIC to control the

3  distribution, creation of derivative works and public display of copyrighted works by

4  downloading, copying, creating derivative works from and/or distributing Oracle's Software and

5  Support Materials and/or derivative works to Defendants' customers, via posting to its website,

6  by electronic mail, through file transfer protocol, or otherwise, in violation of 17 U.S.C. § 106.

7          79.     Defendants were not authorized to copy, download, reproduce, create

8  derivative works from, distribute, or publicly display Oracle's copyrighted software applications

9  and Software and Support Materials except as authorized by and in support of a specific licensed

10  customer, using only (in the case of Software and Support Materials) that licensed customer's

11  log-in credentials, and with respect only to Software and Support Materials for which that

12  customer had a current right to have and use.

13          80.     In addition to directly infringing the exclusive rights of OIC, Defendants

14  have contributorily and/or vicariously infringed the exclusive rights of OIC in the Software and

15  Support Materials by controlling, directing, intentionally encouraging, inducing, or materially

16  contributing to the copying, distribution, public display, or creation of derivative works from

17  Oracle's copyrighted software applications and Software and Support Materials.  Defendants

18  also obtained a direct financial benefit from the above alleged infringing activities while

19  declining to exercise their right to stop it or limit it.

20          81.     Defendants knew or should have known that copying, distributing,

21  publicly displaying, and creating derivative works of and from Oracle Software and Support

22  Materials, which Defendants copied in the name of customers who had no license to copy,

23  distribute, publicly display, or create derivative works from those materials, infringed the

24  exclusive rights of OIC in those materials.

25          82.     OIC is entitled to damages in an amount to be proven at trial, including

26  profits attributable to the infringement not taken into account in computing actual damages under

27  17 U.S.C. § 504(b).  OIC is entitled to statutory damages under 17 U.S.C. § 504(c) based on

28  Defendants' infringements after the dates of copyright registration.

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    83.    Defendants' infringement of the exclusive rights of OIC has also caused

2    OIC irreparable injury.  Unless restrained and enjoined, Defendants will continue to commit such

3    acts.  OIC's remedies at law are not adequate to compensate it for these inflicted and threatened

4    injuries, entitling it to remedies, including injunctive relief as provided by 17 U.S.C. § 502, and

5    an order impounding or destroying any and all infringing materials pursuant to 17 U.S.C. § 503.

6                                    **Second Claim for Relief**

7                        **Violation of Federal Computer Fraud and Abuse Act**

8                        **(18 U.S.C. §§ 1030(a)(2)(C), (a)(4) & (a)(5))**

9                            (By Oracle America and OIC Against All Defendants)

10    84.    Oracle America and OIC incorporate by reference each of

11    the allegations in the preceding paragraphs of this Complaint as though fully set

12    forth here, including without limitation Paragraphs 4-16, 26-32, and 40-61.

13    85.    Oracle's Technical Support website allows access to certain of Oracle

14    America's computers, computer systems, and computer networks, which are protected computers

15    within the meaning of 18 U.S.C. § 1030(e)(2).  Those computers, computer systems, and

16    computer networks are data storage facilities directly related to and operating in conjunction with

17    Oracle's computers, which are used in and affect interstate and foreign commerce, including by

18    providing access to worldwide communications through applications accessible through the

19    Internet.

20    86.    Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C.

21    § 1030(a)(2)(C), by intentionally accessing Oracle's Technical Support website, without

22    authorization or by exceeding authorized access, and by obtaining information, including

23    Oracle's Software and Support Materials, from Oracle's Technical Support website.

24    87.    Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C.

25    § 1030(a)(4), by knowingly, and with intent to defraud Oracle America or OIC, accessing

26    Oracle's Technical Support website, without authorization or by exceeding authorized access,

27    and by means of such conduct furthered the intended fraud and obtained one or more things of

28    value, including, but not limited, to Oracle's Software and Support Materials.

26

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    88.    Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C.

2    § 1030(a)(5)(A)(i), by knowingly causing the transmission of robots and crawlers to engage in

3    the massive downloading of Oracle's Software and Support Materials from Oracle's Technical

4    Support website, and as a result intentionally causing damage to Oracle America's computers

5    without authorization.  Defendants knowingly transmitted robots and crawlers capable of

6    freezing, slowing down, or rendering temporarily non-operational Oracle's Technical Support

7    website.

8    89.    Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C. §

9    1030(a)(5)(A)(ii) and (iii) by intentionally accessing Oracle's Technical Support website without

10   authorization, and causing damage to Oracle America or OIC, recklessly or without due regard

11   for their actions.

12   90.    Oracle America and OIC have suffered damage and loss, including,

13   without limitation, (i) impairment to the integrity and availability of Oracle's Technical Support

14   website, which froze, slowed down, or became temporarily non-operational as a result of

15   Defendants' actions, including Defendants' massive downloading of Oracle's Software and

16   Support Materials; (ii) the cost of responding to Defendants' actions, conducting a damage

17   assessment, and restoring data, programs, systems, and information to their condition prior to

18   Defendants' actions; and (iii) revenue lost, cost incurred, and other consequential damages

19   resulting from Defendants' actions.  Oracle America and OIC have suffered losses and damage

20   in an amount to be proved at trial, but, in any event, in an amount well over $5,000 aggregated

21   over a one-year period.

22   91.    Defendants' unlawful access to and theft from Oracle America's

23   computers have caused Oracle America and OIC irreparable injury.  Unless restrained and

24   enjoined, Defendants will continue to commit such acts.  Oracle America's and OIC's remedies

25   at law are not adequate to compensate them for these inflicted and threatened injuries, entitling

26   Oracle America and OIC to remedies including injunctive relief as provided by 18 U.S.C. §

27   1030(g).

28

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

| | |
|---|---|
| 1 | **Third Claim for Relief** |
| 2 | **Computer Data Access and Fraud Act – Cal. Penal Code § 502** |
| 3 | (By Oracle America and OIC Against All Defendants) |

4    92.    Oracle America and OIC incorporate by reference each of the allegations

5 in Paragraphs 1 through 60 and 63 through 69 of this Complaint as though fully set forth here,

6 including without limitation Paragraphs 4-16, 26-32, 40-61, and 85-91.

7    93.    Defendants have violated California Penal Code § 502(c)(2) by knowingly

8 accessing and without permission, taking, copying, and making use of Oracle's Software and

9 Support materials and other data from Oracle's Technical Support website.

10    94.    Defendants have violated California Penal Code § 502(c)(3) by knowingly

11 and without permission using or causing Oracle's customers to use Oracle's computer services,

12 including Oracle's Technical Support website.

13    95.    Defendants have violated California Penal Code § 502(c)(6) by knowingly

14 and without permission providing, or assisting in providing, a means of accessing Oracle

15 America's computers, computer systems, and/or computer networks, including Oracle's

16 Technical Support website.

17    96.    Defendants have violated California Penal Code § 502(c)(7) by knowingly

18 and without permission accessing, or causing to be accessed, Oracle America's computers,

19 computer systems, and/or computer networks, including Oracle's Technical support website.

20    97.    Oracle America or OIC own certain data that comprises Software and

21 Support Materials obtained by Defendants as alleged above.

22    98.    As a direct and proximate result of Defendants' unlawful conduct within

23 the meaning of California Penal Code § 502, Defendants have caused damage to Oracle America

24 and OIC in the form of, among other things, expenditures reasonably and necessarily incurred to

25 verify that Oracle's computers, computer systems, and/or computer networks, or data, was not

26 damaged, altered, or deleted by Defendants' access, in an amount to be proven at trial.

27    99.    Oracle America and OIC are also entitled to recover their reasonable

28 attorneys' fees pursuant to California Penal Code § 502(e).

1    100.    Oracle America and OIC are informed and believe that the aforementioned

2    acts of the Defendants were willful and malicious in that Defendants' acts described above were

3    done with the deliberate intent to injure Oracle America's and OIC's business and improve their

4    own.  Oracle America and OIC are therefore entitled to punitive damages.  Oracle America and

5    OIC have also suffered irreparable injury from these acts, and due to the continuing threat of

6    such injury, have no adequate remedy at law, entitling Oracle America and OIC to injunctive

7    relief.

8                                **Fourth Claim for Relief**

9                              **Nevada Rev. Stat. 205.4765**

10                    (By Oracle America and OIC Against All Defendants)

11    101.    Oracle America and OIC incorporate by reference each of the allegations

12    in Paragraphs 1-61, 64-70, and 84-100 of this Complaint as though fully set forth here, including

13    without limitation Paragraphs 4-16, 26-32, 40-61, and 85-100.

14    102.    At least some of Defendants' unlawful conduct, described above, occurred

15    at Rimini Street's operations in Nevada.  Accordingly, Oracle pleads this claim in the alternative,

16    to the extent the Court may determine that NRS 205.4765 applies to such conduct in Nevada

17    instead of California Penal Code § 502 (Third Claim for Relief).

18    103.    Defendants have violated NRS 205.4765(1) by knowingly, willfully and

19    without authorization using, transferring, taking, retaining possession of, copying, obtaining or

20    attempting to obtain access to data, programs, and supporting documents, including Oracle's

21    Software and Support materials, that exist inside or outside Oracle America's computers,

22    computer systems, and/or computer networks, including Oracle's Technical Support website.

23    104.    Defendants have violated NRS 205.4765(2) by knowingly, willfully and

24    without authorization using, damaging, obtaining or attempting to obtain access to equipment or

25    supplies that are used or intended to be used in Oracle America's computers, computer systems

26    and/or computer networks, including Oracle's Technical Support website.

27    105.    Defendants have violated NRS 205.4765(3) by knowingly, willfully and

28    without authorization using, damaging, obtaining or attempting to obtain access to Oracle

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    America's computers, computer systems and/or computer networks, including Oracle's

2    Technical Support website.

3            106.    Defendants have violated NRS 205.4765(4) by knowingly, willfully and

4    without authorization using devices, including robots and crawlers, to access Oracle's Technical

5    Support website and Oracle's computers.

6            107.    Oracle America or OIC own certain data that comprises Software and

7    Support Materials obtained by Defendants as alleged above.

8            108.    As a direct and proximate result of Defendants' unlawful conduct within

9    the meaning of NRS 205.4765, Defendants have caused damage to Oracle America and OIC in

10   an amount to be proven at trial.  Oracle America and OIC are also entitled to recover their

11   reasonable attorneys' fees pursuant to NRS 205.511(1)(c).

12           109.    Oracle America and OIC are informed and believe that the aforementioned

13   acts of the Defendants were willful and malicious in that Defendants' acts described above were

14   done with the deliberate intent to injure Oracle America's and OIC's business and improve their

15   own.  Oracle America and OIC are therefore entitled to punitive damages under NRS

16   205.511(1)(b).

17           110.    Oracle America and OIC have also suffered irreparable injury from these

18   acts, and due to the continuing threat of such injury, have no adequate remedy at law, entitling

19   Oracle America and OIC to injunctive relief.

20                              **Fifth Claim for Relief**

21                              **Breach of Contract**

22                     (By Oracle America Against All Defendants)

23           111.    Oracle America incorporates by reference each of the allegations in

24   Paragraphs 1-61, 64-70, and 85-110 of this Complaint as though fully set forth here, including

25   without limitation Paragraphs 7-14, 26-32, and 40-61.

26           112.    Defendants agreed to be bound by the licenses and Terms of Use on

27   Oracle's customer support websites, including the Metalink 3 Terms of Use, Oracle Web's

28   Terms of Use, E-Delivery Terms of Use, and Electronic Delivery Trial License Agreement when

1  Defendants accessed or downloaded Software and Support Materials from Oracle's customer
2  support websites.
3           113.    Oracle America has performed all conditions, covenants, and promises
4  required on its part to be performed in accordance with the terms and conditions of Oracle's
5  customer support websites' Terms of Use, including the Metalink 3 Terms of Use, Oracle Web's
6  Terms of Use, E-Delivery Terms of Use, and Electronic Delivery Trial License Agreement.
7           114.    Defendants have breached Oracle's customer support websites' Terms of
8  Use, including the Metalink 3 Terms of Use, Oracle Web's Terms of Use, E-Delivery Terms of
9  Use, and Electronic Delivery Trial License Agreement by, among other things:

10      •       Accessing Software and Support Materials not expressly licensed to and/or paid
11              for by Defendants or the customers in whose name Defendants accessed Oracle's
12              customer support websites and took the Software and Support Materials;

13      •       Accessing the content available through Oracle's customer support websites, in
14              the form of the Software and Support Materials, without being an authorized and
15              designated Oracle technical support contact;

16      •       Using the Software and Support Materials other than in support of a customer's
17              authorized use of Oracle software for which a customer holds a supported license
18              from Oracle;

19      •       Using the Software and Support Materials without a legitimate business purpose;

20      •       Using automated mechanisms to perform downloads from the Technical Support
21              website, such as robots or crawlers, and using other methods of downloading that
22              impede the functioning or performance of the Technical Support website;

23      •       Using the Software and Support Materials in ways other than the furtherance of a
24              relationship with Oracle; and,

25      •       Accessing or using Software and Support Materials other than for personal,
26              informational or non-commercial purposes.

27           115.    As a result of Defendants' breach of Oracle's customer support websites'
28  Terms of Use, including the Metalink 3 Terms of Use and Oracle Web's Terms of Use,

31

1    Defendants have caused damage to Oracle America in an amount to be proven at trial.

2                                **Sixth Claim for Relief**

3                             **Inducing Breach of Contract**

4                          (By Oracle America Against All Defendants)

5                    116.    Oracle America incorporates by reference each of the allegations in

6    Paragraphs 1-61, 64-70, and 85-115 of this Complaint as though fully set forth here, including

7    without limitation Paragraphs 7-14, 26-32, 40-61, and 111-115.

8                    117.    Oracle America's customers agreed to be bound by the licenses and/or

9    Terms of Use on Oracle's customer support websites, including the Metalink 3 Terms of Use,

10   Oracle Web's Terms of Use, E-Delivery Terms of Use, and Electronic Delivery Trial License

11   Agreement when they or anyone acting on their behalf accessed or downloaded Software and

12   Support Materials from Oracle's customer support websites.  Oracle America's licenses and/or

13   Terms of Use on Oracle's customer support websites, including the Metalink 3 Terms of Use,

14   Oracle Web's Terms of Use, E-Delivery Terms of Use, and Electronic Delivery Trial License

15   Agreement, are valid contracts.  Defendants had knowledge of the existence of these contracts at

16   all relevant times.

17                   118.    Oracle America has performed all conditions, covenants, and promises

18   required on its part to be performed in accordance with the licenses and/or Terms of Use on

19   Oracle's customer support websites, including the Metalink 3 Terms of Use, Oracle Web's

20   Terms of Use, E-Delivery Terms of Use, and Electronic Delivery Trial License Agreement.

21                   119.    Defendants induced Oracle's customers to breach these contracts by

22   engaging in the independently wrongful acts alleged herein, including violations of state and

23   federal laws.  These independently wrongful acts caused Oracle's customers to be in breach of

24   the Terms of Use on Oracle's customer support websites, including the Metalink 3 Terms of Use,

25   Oracle Web's Terms of Use, E-Delivery Terms of Use, and Electronic Delivery Trial License

26   Agreement.  Defendants acted with the desire to interfere with the contracts in order to obtain an

27   unfair competitive advantage and/or with the knowledge that such interference was certain or

28   substantially certain to occur as a result of their acts.

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    120.   As a result of Defendants' inducing Oracle America's customers to breach

2  the Terms of Use on Oracle's customer support websites, including the Metalink 3 Terms of Use,

3  Oracle Web's Terms of Use, E-Delivery Terms of Use, and Electronic Delivery Trial License

4  Agreement, Defendants have caused damage to Oracle America in an amount to be proven at

5  trial.  Oracle's customers would have otherwise performed on the contracts were it not for

6  Defendants' acts inducing Oracle's customers to breach them.

7    121.   Defendants acted with oppression and malice in inducing Oracle

8  America's customers to breach the Terms of Use on Oracle's customer support websites,

9  including the Metalink 3 Terms of Use, Oracle Web's Terms of Use, E-Delivery Terms of Use,

10  and Electronic Delivery Trial License Agreement and Oracle America is therefore entitled to an

11  award of punitive damages to punish Defendants' wrongful conduct and deter future wrongful

12  conduct.

13                          **Seventh Claim for Relief**

14             **Intentional Interference With Prospective Economic Advantage**

15                    (By Oracle America and OIC Against All Defendants)

16    122.   Oracle America and OIC incorporate by reference each of the allegations

17  in Paragraphs 1-61, 64-70, and 85-121 of this Complaint as though fully set forth here, including

18  without limitation Paragraphs 4-14, 26-32, 40-61, and 111-121.

19    123.   Oracle America and OIC have and had an expectancy in continuing and

20  advantageous economic relationships with current and prospective purchasers and licensees of

21  Oracle's support services and software, which are conducted through Oracle America and OIC.

22    124.   These relationships contained the probability of future economic benefit in

23  the form of profitable support service contracts and software licenses.  Had Defendants refrained

24  from engaging in the unlawful and wrongful conduct described herein, there is a substantial

25  probability that support customers of Oracle America and OIC would have initiated, renewed, or

26  expanded their support contracts and software licenses with those Oracle entities, rather than

27  with Defendants.

28    125.   Defendants were aware of these economic relationships and intended to

33

1   interfere with and disrupt them by wrongfully:

2   •   gaining unauthorized access to Oracle America's computer systems through
3       Oracle's password-protected customer support websites in violation of the
4       agreements governing such access;

5   •   gaining unauthorized access to the Software and Support Materials available on
6       Oracle America's computer systems through Oracle's customer support websites,
7       in violation of the agreements governing such access, including by using log-in
8       credentials of customers with no right or license to the Software and Support
9       Materials taken by Defendants;

10  •   breaching the agreements governing access to, and use of, the websites and the
11      Software and Support Materials available through it;

12  •   luring Oracle America's and OIC's current and prospective customers by making
13      promotional and marketing statements regarding Defendants' ability to provide
14      support services for Oracle software that were only possible because of
15      Defendants' improper access to, and taking from, Oracle America's computer
16      systems through Oracle's customer support websites;

17  •   using information learned through the improper access to, and taking from, Oracle
18      America's computer systems through Oracle's customer support websites to
19      provide support services to Defendants' customers;

20  •   gaining unauthorized access to Oracle's software releases through deceptive
21      representations to Oracle America's and OIC's customers, causing customers to
22      breach their license agreements with Oracle.

23          126.    Defendants' conduct was wrongful by a measure beyond the fact of the

24  interference itself.  Defendants gained unauthorized access to Oracle America's computer

25  systems through Oracle America's password-protected customer support websites, breached the

26  agreements governing access to, and use of, Oracle's customer support websites and the

27  Software and Support Materials available through Oracle's customer support websites, and

28  wrongfully used the property found there to advertise their services, and otherwise obtain and

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1     retain the current and prospective clients of Oracle America and OIC.

2            127.     This conduct, as alleged above, constitutes violations of numerous state

3     and federal statutes and codes, including, but not limited to, violation of the Federal Computer

4     Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*., unauthorized access to computers, NRS

5     205.4765, Cal. Penal Code § 502, receipt of stolen property, Cal. Penal Code § 496, wire fraud,

6     18 U.S.C. § 1343, violation of RICO, 18 U.S.C. § 1962, fraud and related activity in connection

7     with an access device, 18 U.S.C. § 1029, and violation of the Stored Communications Act, 18

8     U.S.C. §§ 2701-11.  Defendants' conduct also constitutes trespass to chattels and breach of

9     contract, and entitles Oracle America and OIC to restitution for unjust enrichment.

10           128.     As a result of Defendants' acts, the above-described relationships have

11     been actually disrupted, causing certain current and prospective support customers to contract

12     with Defendants instead of with Oracle America and OIC for those customers' software support

13     and maintenance and, in some cases, for their enterprise software.

14           129.     As a direct and proximate result of Defendants' actions, Oracle America

15     and OIC have suffered economic harm, including, but not limited to, loss of profits from sales or

16     licenses to current and potential customers of support services and enterprise software programs.

17     Defendants' wrongful conduct was a substantial factor in causing this harm.

18           130.     Unless Defendants are restrained by appropriate injunctive relief, their

19     actions are likely to recur and will cause Oracle America and OIC irreparable injury for which

20     there is no adequate remedy at law.

21           131.     Defendants' interference with Oracle America's and OIC's prospective

22     economic advantage with its current and future customers, as described above, was willful,

23     malicious, oppressive, and in conscious disregard of Oracle America's and OIC's rights, and

24     Oracle America and OIC are therefore entitled to an award of punitive damages to punish

25     Defendants' wrongful conduct and deter future wrongful conduct.

26                       **Eighth Claim for Relief**

27           **Unfair Competition - Cal. Bus. & Prof. Code § 17200**

28                (By Oracle America and OIC Against All Defendants)

35

1        132.    Oracle America and OIC incorporate by reference each of the allegations

2    in Paragraphs 1-61, 64-70, and 85-131 of this Complaint as though fully set forth here, including

3    without limitation Paragraphs 4-14, 26-32, and 40-61.

4        133.    Defendants have engaged in unlawful business acts or practices, including

5    computer fraud, trespass, breach of contract, and other illegal acts and practices as alleged above,

6    all in an effort to gain unfair competitive advantage over Oracle America and OIC.

7        134.    These unlawful business acts or practices were committed pursuant to

8    business activity related to providing business applications software and related support and

9    maintenance for that software.

10        135.    The acts and conduct of Defendants constitute unlawful and unfair

11    competition as defined by California Bus. & Prof. Code §§ 17200, *et seq.*

12        136.    Defendants' conduct constitutes violations of numerous state and federal

13    statutes and codes, including, but not limited to, violation of the Computer Fraud and Abuse Act,

14    18 U.S.C. §§ 1030 *et seq.*, unauthorized access to computers, NRS 205.4765, Cal. Penal Code §

15    502, wire fraud, 18 U.S.C. § 1343, violation of RICO, 18 U.S.C. § 1962, fraud and related

16    activity in connection with an access device, 18 U.S.C. § 1029, and violation of the Stored

17    Communications Act, 18 U.S.C. §§ 2701-11.  Defendants' conduct also constitutes trespass to

18    chattels and unjust enrichment.

19        137.    Defendants devised their massive downloading scheme for the purposes of

20    inducing Oracle's support customers to enter into profitable support contracts with Rimini Street

21    and executed this scheme by means of false pretenses, representations, or promises, including by

22    accessing Oracle's Technical Support website for improper purposes and by exceeding

23    authorized access.  Defendants transmitted or caused to be transmitted robots, crawlers, and other

24    software code for the purpose of executing this scheme in violation of 18 U.S.C. § 1343.

25        138.    Defendants conducted their enterprise by engaging in a pattern of massive,

26    unauthorized downloading of Oracle's Software and Support Materials, constituting racketeering

27    activity, including wire fraud as described above, in violation of 18 U.S.C. § 1962.

28        139.    Defendants knowingly and with intent to defraud used Oracle's Technical

1   Support Website, which is a means of accessing Oracle's customers' support services accounts

2   and is therefore an access device, and obtained unauthorized copies of Oracle's Software and

3   Support Materials, which had a value in excess of $1,000 per year in violation of 18 U.S.C. §

4   1029.

5          140.    Defendants intentionally accessed without authorization or intentionally

6   exceeded an authorization to access Oracle's Technical Support website, which is a facility

7   through which an electronic communication service is provided, and thereby obtained, altered,

8   and prevented authorized access to electronic communications in electronic storage on Oracle's

9   servers in violation of 18 U.S.C. § 2701.

10          141.    As described above, Oracle and OIC have lost money and property and

11   suffered injury in fact as a result of Defendants' unlawful business acts and practices.

12          142.    Defendants have improperly and unlawfully taken commercial advantage

13   of Oracle America and OIC investments in their confidential, proprietary, and copyrighted

14   Software and Support Materials and support delivery infrastructure.  In light of Defendants'

15   conduct, it would be inequitable to allow Defendants to retain the benefit of the funds obtained

16   though the unauthorized and unlawful use of that property.

17          143.    Defendants' unfair business practices have unjustly minimized Oracle

18   America and OIC's competitive advantages and have caused and are causing them to suffer

19   damages.

20          144.    As a result of such unfair competition, Oracle America and OIC have also

21   suffered irreparable injury and, unless Defendants are enjoined from such unfair competition,

22   will continue to suffer irreparable injury, whereby Oracle America and OIC have no adequate

23   remedy at law.

24          145.    Defendants should be compelled to disgorge and/or restore any and all

25   revenues, earnings, profits, compensation, and benefits they may have obtained in violation of

26   California Business & Professions Code § 17200 *et seq*., including, but not limited to, returning

27   any revenue earned from the unlawful and unfair use of Oracle America and OIC's stolen

28   property, and should be enjoined from further unlawful and unfair business practices.

1   **Ninth Claim for Relief**

2   **Trespass To Chattels**

3   (By Oracle America Against All Defendants)

4   146.   Oracle America and OIC incorporate by reference each of the allegations

5   in Paragraphs 1-61, 64-70, and 85-145 of this Complaint as though fully set forth here, including

6   without limitation Paragraphs 4-16, 26-32, 40-61, and 85-100.

7   147.   At all times mentioned in this Complaint, Oracle America had legal title or

8   license to and actual possession of Oracle's customer support websites, its access-restricted

9   internet-based support systems and databases, and the copies of the Software and Support

10   Materials on those support systems, as described above.

11   148.   Defendants intentionally interfered with Oracle America's use or

12   possession of both Oracle's customer support websites and Oracle's related internal databases

13   and systems, and the copies of the Software and Support Materials housed for licensed access

14   through Oracle's customer support websites.

15   149.   Defendants' trespass and interference proximately caused damage to

16   Oracle, including, but not limited to, damage to the functionality of Oracle America's computer

17   systems and data, damage to Oracle America's rights to dominion and control over its property,

18   and damage to the confidential nature of the information on Oracle America's websites.  As a

19   result, Defendants caused Oracle America's property to diminish in value and deprived Oracle

20   America of the intended uses of its computer systems.

21   150.   Oracle America is entitled to recover any and all damages it sustained as a

22   result of such trespass, in an amount to be determined at trial.

23   151.   Defendants' trespass interfered with, and damaged, the integrity and

24   functionality of Oracle America's computer systems and data.  Defendants will continue to

25   commit such acts and other competitors will be encouraged to sweep Oracle America's websites,

26   potentially to the point of denying effective access to customers and preventing Oracle America

27   from using its systems and data for their intended purpose.  Defendants' trespass therefore

28   threatens to cause irreparable harm to Oracle America, for which Oracle America's remedy at

38

1    law is not adequate to compensate it for the injuries inflicted and threatened.

2                               **Tenth Claim for Relief**

3                            **Unjust Enrichment/Restitution**

4                     (By Oracle America and OIC Against All Defendants)

5              152.    Oracle America and OIC incorporate by reference each of the allegations

6    in Paragraphs 1-61, 64-70, and 85-151 of this Complaint as though fully set forth here, including

7    without limitation Paragraphs 4-14, 26-32, and 40-61.

8              153.    Defendants unjustly received benefits at the expense of Oracle America

9    and OIC through Defendants' wrongful conduct, including Defendants' breach of the agreements

10   governing access to and use of Oracle's customer support websites, interference with Oracle

11   America's and OIC's business relationships, and other unfair business practices, as well as

12   Defendants' trespass on, and computer fraud concerning the Software and Support Materials,

13   which took substantial time and money for Oracle entities, including Oracle America and OIC, to

14   develop.  Defendants continue to unjustly retain these benefits at the expense of Oracle America

15   and OIC.  It would be unjust for Defendants to retain any value they obtained as a result of their

16   wrongful conduct.

17             154.    Oracle America and OIC are entitled to the establishment of a constructive

18   trust consisting of the benefit conferred upon Defendants by the revenues derived from their

19   wrongful conduct at the expense of Oracle entities including Oracle America and OIC as alleged

20   above, and all profits derived from that wrongful conduct.  Oracle America and OIC are further

21   entitled to full restitution of all amounts in which Defendants have been unjustly enriched at

22   Oracle America and OIC's expense.

23                              **Eleventh Claim for Relief**

24            **Unfair Practices - Cal. Bus. & Prof. Code §§ 17000, *et seq*.**

25                    (By Oracle America and OIC Against All Defendants)

26             155.    Oracle America and OIC incorporate by reference each of the allegations

27   in Paragraphs 1-61, 64-70, and 85-154 of this Complaint as though fully set forth here, including

28   without limitation Paragraphs 4-14 and 26-61.   39

156.     Defendants have caused Oracle America and OIC damage through their use of unfair practices, including but not limited to:

(a)      Selling articles or products at less than the cost to Defendants, or charging a price so low as to be in substance or fact a give away, for the purpose of injuring competitors, including specifically Oracle, and destroying competition;

(b)      Selling articles or products as a loss leader, with the purpose of inducing, promoting or encouraging the purchase of other merchandise, such as additional services from Rimini Street; or where the effect is a tendency or capacity to mislead or deceive purchasers or prospective purchasers, in particular concerning the illegality of Rimini Street's conduct in providing support services; or where the effect is to divert trade from or otherwise injure competitors, including specifically Oracle.

157.     Defendant Ravin, as a director, officer or agent of Rimini Street, assisted or aided, directly or indirectly, in the commission of these unfair practices and is equally liable for them.

158.     Oracle America and OIC are entitled to an injunction to halt Defendants' conduct, and to prevent further unfair practices, applicable to all of Defendants' articles or products.  Oracle America and OIC are also entitled to damages, treble damages, reasonable attorneys' fees and costs of suit.

## Twelfth Claim for Relief

### An Accounting

(By Oracle America and OIC Against All Defendants)

159.     Oracle America and OIC incorporate by reference each of the allegations in Paragraphs 1-61, 64-70, and 85-158 of this Complaint as though fully set forth here, including without limitation Paragraphs 4-14 and 26-61.

160.     Defendants have obtained business through the use of unlawful conduct including, but not limited to:

(a)      Breaching the agreements governing access to or use of Oracle's customer support websites;

40

1            (b)     Improperly, willfully, and unlawfully taking commercial advantage

2    of the investment in its Software and Support Materials by Oracle entities including Oracle

3    America and OIC, for the purpose of sabotaging Oracle America and OIC's ability to do

4    business and compete in the market; and,

5            (c)     Fraudulently accessing and intentionally trespassing on Oracle

6    America's password-protected customer support websites, without authorization or consent, or in

7    excess of authorization or consent, in furtherance of their unlawful and deceptive scheme as

8    described above.

9        161.    Defendants have received money as a result of their misconduct, at the

10   expense of Oracle America and OIC, and some or all of such money is rightfully due to Oracle

11   America and OIC.

12       162.    The amount of money due from Defendants to Oracle America and OIC is

13   unknown to Oracle America and OIC, and cannot be ascertained without an accounting of the

14   income and gross profits Defendants have obtained through their wrongful and unlawful

15   conduct.  Oracle America and OIC are entitled, therefore, to a full accounting.

16   **Prayer For Relief**

17       WHEREFORE, Oracle respectfully prays for the following:

18           A.     For a preliminary and permanent injunction restraining

19   Defendants, their officers, agents, servants, employees, and attorneys, and those in active concert

20   or participation with any of them, from the following:

21           (1)     Copying[3], distributing, using, or creating derivative works

22   from Oracle Software and Support Materials in any way, including for any business purpose,

23   except as allowed by express license from Oracle;

24           (2)     Copying, distributing or storing, or facilitating copying,

25   _____

26   [3]    As used in this Prayer, "copying" includes downloading from a website or digital storage

27   media.

28                                41

1    distribution or storage of, any Oracle Software and Support Materials directly or indirectly from

2    or to any of Defendants' offices, computer systems or networks;

3                              (3)      Using any robot, crawler, scraper, spider, or other software

4    tool to access, copy, distribute or use any Oracle Software and Support Materials in any way,

5    including for any business purpose;

6                              (4)      Facilitating the downloading of any Oracle Software and

7    Support Materials from any Oracle support website for, or on behalf of, any customer who does

8    not have a valid, existing and currently-Oracle-supported software license for the specific

9    materials being downloaded from Oracle entitling that customer to have and use those Software

10   and Support Materials;

11                             (5)      Facilitating the access to, use of, or downloading from any

12   Oracle support website for, or on behalf of, any customer other than by using that specific

13   customer's valid log-in credentials;

14                             (6)      Facilitating the copying, distribution or use of any Oracle

15   Software and Support Materials for, or on behalf of, any customer who did not have a current,

16   valid, existing software and support license from Oracle entitling that customer to have and use

17   those Software and Support Materials, at the time they were downloaded or obtained by or on

18   behalf of the customer;

19                             (7)      Regardless of the location of any specific Software and

20   Support Materials, copying, distributing or using Software and Support Materials obtained

21   through or for one customer to support a different customer;

22                             (8)      Facilitating the copying, distribution or use of, any Oracle

23   Software and Support Materials without keeping a record, which Oracle may inspect upon three

24   (3) business days' written notice, that accurately reflects all Software and Support Materials (a)

25   copied, distributed or used, organized by customer name, (b) the date(s) of the copying,

26   distribution or use, and (c) all other entities involved in the copying, distribution or use,

27   including name of the entity, principal contact, and contact information; and,

28                             (9)      Otherwise engaging in acts of unfair competition, unfair

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    practices, copyright infringement, trespass, and computer fraud against Oracle;

2                          B.      That the Court order Defendants to file with the Court and serve on

3    Oracle within thirty (30) days after the service on Defendants of such injunction a report in

4    writing, under oath, setting forth in detail the manner and form in which Defendants have

5    complied with the injunction;

6                          C.      For an Order directing Defendants to return Oracle's property,

7    including, without limitation, Oracle's confidential, proprietary, and copyrighted Software and

8    Support Materials, including data, internal documents, and valuable updates, patches, fixes, and

9    other computer code, that Defendants took from Oracle, as set forth in this Complaint;

10                         D.      For an Order impounding or destroying any and all infringing

11   materials pursuant to 17 U.S.C. § 503;

12                         E.      For an Order awarding Oracle punitive damages in a sum to be

13   determined at trial;

14                         F.      For restitution and disgorgement of all ill-gotten gains unjustly

15   obtained and retained by Defendants through the acts complained of here;

16                         G.      For an Order finding a Constructive Trust for Oracle's benefit,

17   consisting of all revenues received by Defendants from their wrongful conduct which should

18   rightfully have been received by Oracle and all profits derived from that wrongful conduct, and

19   directing Defendants to pay all such sums to Oracle;

20                         H.      For damages to be proven at trial;

21                         I.      For those damages to be trebled;

22                         J.      For statutory damages pursuant to 17 U.S.C. § 504;

23                         K.      For prejudgment interest;

24                         L.      For an accounting;

25                         M.      For an Order awarding Oracle its attorneys' fees and costs; and,

26                         N.      For an Order awarding Oracle such other and further relief as the

27   Court deems just and proper.

28                                              43

1    DATED:  June 1, 2011                BOIES SCHILLER & FLEXNER LLP

2

3
                                        By:_____/s/ Richard J. Pocker_____
4                                                    Richard J. Pocker
                                                    Attorneys for Plaintiffs
5                                        Oracle USA, Inc., Oracle America, Inc. and
                                               Oracle International Corp.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          44

1

<u>DEMAND FOR JURY TRIAL</u>

2

      In accordance with Fed. R. Civ. P. 38(b), Plaintiffs Oracle America, Inc., and

3

Oracle International Corp. demand a trial by jury on all issues so triable.

4

DATED:  June 1, 2011               BOIES SCHILLER & FLEXNER LLP

5

6

7

               By:        /s/ Richard J. Pocker

8

                      Richard J. Pocker
                      Attorneys for Plaintiffs

9

       Oracle USA, Inc., Oracle America, Inc. and
                Oracle International Corp.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   BOIES, SCHILLER & FLEXNER LLP
    RICHARD J. POCKER (NV Bar No. 3568)
2   300 South Fourth Street, Suite 800
    Las Vegas, NV 89101
3   Telephone: (702) 382-7300
    Facsimile: (702) 382-2755
4   rpocker@bsfllp.com

5   BOIES, SCHILLER & FLEXNER LLP
    STEVEN C. HOLTZMAN (*pro hac vice*)
6   FRED NORTON (*pro hac vice*)
    KIERAN P. RINGGENBERG (*pro hac vice*)
7   1999 Harrison Street, Suite 900
    Oakland, CA 94612
8   Telephone: (510) 874-1000
    Facsimile: (510) 874-1460
9   sholtzman@bsfllp.com
    fnorton@bsfllp.com
10  kringgenberg@bsfllp.com

11

12

13  Attorneys for Plaintiffs Oracle USA, Inc.,
    Oracle America, Inc. and Oracle International
14  Corp.

BINGHAM McCUTCHEN LLP
GEOFFREY M. HOWARD (*pro hac vice*)
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

15              UNITED STATES DISTRICT COURT

16                   DISTRICT OF NEVADA

17

18  ORACLE USA, INC., a Colorado corporation;      Case No  2:10-cv-0106-LRH-PAL
    ORACLE AMERICA, INC., a Delaware
19  corporation; and ORACLE INTERNATIONAL          **CERTIFICATE OF SERVICE**
    CORPORATION, a California corporation,

20              Plaintiffs,

21          v.

22  RIMINI STREET, INC., a Nevada corporation;
    SETH RAVIN, an individual,

23              Defendants.

24

25

26

27

28

1          **CERTIFICATE OF SERVICE**

2          I HEREBY CERTIFY that on this 1st day of June, 2011, service of:

3    **SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
     **FOR:**
4
     **(1) COPYRIGHT INFRINGEMENT;**
5    **(2) VIOLATIONS OF THE FEDERAL COMPUTER FRAUD AND ABUSE ACT;**
     **(3) VIOLATIONS OF THE COMPUTER DATA ACCESS AND FRAUD ACT;**
6    **(4) VIOLATIONS OF NRS 205.4765;**
     **(5) BREACH OF CONTRACT;**
7    **(6) INDUCING BREACH OF CONTRACT**
     **(7) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC**
8    **ADVANTAGE;**
     **(8) UNFAIR COMPETITION;**
9    **(9) TRESPASS TO CHATTELS;**
     **(10) UNJUST ENRICHMENT / RESTITUTION;**
10   **(11) UNFAIR PRACTICES; and**
     **(12) AN ACCOUNTING.**
11
     **DEMAND FOR JURY TRIAL**
12
     was effected via the United States District Court e-filing system to the following:
13
14   Mark Tratos                              Eric Buresh
     Brandon Roos                             **Shook, Hardy & Bacon L.L.P.**
     Leslie A.S. Godfrey                      2555 Grand Blvd.
15   **Greenberg Traurig, LLP**              Kansas City, Missouri  64108
     3773 Howard Hughes Pkwy                  EBURESH@shb.com
16   Ste 400 North
     Las Vegas, NV 89169
17   tratosm@gtlaw.com
     roosb@gtlaw.com
18   godfreyl@gtlaw.com

19   Robert H. Reckers, Esq.                  W. West Allen
     **Shook, Hardy & Bacon L.L.P.**         **Lewis and Roca LLP**
20   600 Travis Street, Suite 1600            3993 Howard Hughes Parkway, Suite 600
     Houston, Texas 77002                     Las Vegas, Nevada 89169
21   Telephone: (713) 227-8008                WAllen@LRLaw.com
     RRECKERS@shb.com
22
                                              _/s/ Shilah Wisniewski_____
23                                            Shilah Wisniewski
                                              An employee of Boies, Schiller & Flexner LLP
24

25

26

27

28
                                      2