| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com<br><br>Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC. a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATRION, a California corporation,<br><br>          Plaintiffs,<br><br>    v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual<br><br>          Defendants. | Case No. 2: 10-cv-0106-LRH-PAL<br><br>**DECLARATION OF CHAD RUSSELL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL NON-PARTY CEDARCRESTONE, INC. TO PRODUCE DOCUMENTS IN RESPONSE TO ORACLE'S SUBPOENA**<br><br>Hearing Date: August 5, 2011<br>Time: 10:00 a.m.<br>Judge: Magistrate Peggy A. Leen<br>Place: Courtroom 3B<br>Fact Discovery Cut-off: October 3, 2011 |

A/74421526.1/2021039-0000337130

I, Chad Russell, declare as follows:

1. I am member of the State Bar of California and an associate at Bingham McCutchen LLP, counsel of record for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation (collectively, "Oracle") in this action. I have personal knowledge of the matters stated in this declaration by virtue of my representation of Oracle in this action. If called and sworn as a witness, I could and would competently testify as to such matters.

2. Including as detailed below and in the attached exhibits, I have conferred extensively in good faith with counsel for CedarCrestone to attempt to reach agreement about this matter without involving the Court.

3. Attached as **Exhibit A** is a true and correct copy of Oracle's Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises, addressed to CedarCrestone, Inc. ("CedarCrestone"), signed by me, dated February 14, 2011, and requesting production on March 7, 2011. Appended as the last page of Exhibit A is a true and correct copy of the Proof of Service for Oracle's Subpoena, signed by Oracle's process server and indicating that the subpoena was hand-served to CedarCrestone registered agent in Nevada on February 14, 2011.

4. Attached as **Exhibit B** is a true and correct copy of a letter from Robert Gill, counsel for CedarCrestone, to me, dated March 7, 2011. To the best of my knowledge, CedarCrestone did not communicate with Oracle with respect to Oracle' subpoena before sending this letter. I called and spoke with Mr. Gill during the week of March 7 after I received this letter. On that call, Mr. Gill did not assert any objections to Oracle's subpoena other than his belief that Oracle's subpoena may seek information duplicative of documents CedarCrestone had produced to Oracle in a prior case. I told Mr. Gill that I assumed CedarCrestone would have designated at least some portion of its prior production pursuant to the protective order in the prior case and that I could not review such designated documents for the purpose of this litigation. He stated that he did not know if CedarCrestone had designated its prior production and that he would look into the matter. I followed up that call by email on March 16, 2011, and

A/74421526.1/2021039-0000337130

1   spoke with Mr. Gill again on March 17, 2011.  On that call, Mr. Gill again stated that he did not

2   know if CedarCrestone had designated its prior production, and asked whether there was a

3   protective order entered in this case similar to the protective order in the prior case.  I sent him an

4   email copy of the Stipulated Protective Order that afternoon.

5         5.      Attached as **Exhibit C** is a true and correct copy of an email from Robert Gill,

6   counsel for CedarCrestone, to me on March 24, 2011.  There were 17 documents attached to this

7   email (not included with Exhibit C).  One of the documents attached to this email includes a list

8   of CedarCrestone customers.

9         6.      Attached as **Exhibit D** is a true and correct copy of a letter that I sent to Robert

10  Gill, counsel for CedarCrestone, on April 5, 2011.

11        7.      Attached as **Exhibit E** is a true and correct copy of a letter from Robert Gill,

12  counsel for CedarCrestone, to me, dated April 14, 2011.

13        8.      Attached as **Exhibit F** is a true and correct copy of a letter that I sent to Robert

14  Gill, counsel for CedarCrestone, on May 8, 2011.  Portions of Exhibit F are highlighted to assist

15  the Court in identifying the information relevant to Oracle's motion.

16        9.      Attached as **Exhibit G** is a true and correct copy of a letter from Robert Gill,

17  counsel for CedarCrestone, to me, dated May 19, 2011.  I called and left a voicemail with Mr.

18  Gill on May 19, 2011, after receiving this letter.  In my voicemail, I stated that the Stipulated

19  Protective Order Oracle already had provided to CedarCrestone was adequate to protect

20  CedarCrestone's confidentiality concerns.  In the voicemail, I also asked Mr. Gill to call me back

21  to discuss CedarCrestone's specific concerns.  Mr. Gill did not return my call.  Portions of

22  Exhibit G are highlighted to assist the Court in identifying the information relevant to Oracle's

23  motion.

24        10.     Attached as **Exhibit H** is a true and correct copy of a letter that I sent to Robert

25  Gill, counsel for CedarCrestone, on June 22, 2011.

26        11.     Attached as **Exhibit I** is a true and correct copy of an email and attachment from

27  Alan Tannenwald, counsel for CedarCrestone, to me on June 24, 2011.  The subject of the email

28  is "Oracle USA, et al. v. Rimini Street, et al."  The name of the attached file is

1  "CedarCrestone_Rimini_ Supplemental Stipulation of Confidentiality Between CedarCrestone

2  and Rimini S (4)." Portions of Exhibit I are highlighted to assist the Court in identifying the

3  information relevant to Oracle's motion.

4     12.   Attached as **Exhibit J** is a true and correct copy of an email and attachment from

5  Robert Gill, counsel for CedarCrestone, to me on June 28, 2011.  The subject of the email is

6  "Rimini: Draft Email to Chad Russell." The name of the attached file is

7  "CedarCrestone_Rimini_ Supplemental Stipulation of Confidentiality Between CedarCrestone

8  and Oracle." Portions of Exhibit J are highlighted to assist the Court in identifying the

9  information relevant to Oracle's motion.

10    13.   Attached as **Exhibit K** is a true and correct copy of a letter from Robert Reckers,

11  counsel for defendants Rimini Street, Inc. and Seth Ravin, to Kristen Palumbo, counsel for

12  Oracle, dated December 16, 2010.  Portions of Exhibit K are highlighted to assist the Court in

13  identifying the information relevant to Oracle's motion.

15    I declare under penalty of perjury that the foregoing is true and correct.  Executed

16  in San Francisco, California, on June 30, 2011.

_/s/ Chad Russell_

Chad Russell