# EXHIBIT D

**BINGHAM**

Chad Russell
Direct Phone:  415.393.2336
Direct Fax:      415.393.2286
chad.russell@bingham.com

April 5, 2011

**Via Email**

Robert T. Gill, Esq.
Peabody & Arnold LLP
600 Atlantic Avenue
Boston, MA 02210

Re:  Subpoena to CedarCrestone, Inc. in Oracle USA, Inc. v. Rimini Street, Inc.

Dear Mr. Gill:

I write with respect to Oracle's subpoena to CedarCrestone, Inc., in the above-captioned matter.  CedarCrestone has failed to timely object or produce responsive documents, and Oracle requests immediate compliance with the subpoena.

**I.    CEDARCRESTONE HAS WAIVED ANY OBJECTIONS**

CedarCrestone waived any objections to the subpoena.  Under Federal Rule of Civil Procedure 45(c)(2)(B), "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Oracle properly served CedarCrestone's registered agent for service of process on February 14, 2011.  The deadline for CedarCrestone to object was February 28.  CedarCrestone did not serve objections before that date, and still has not served objections beyond informing Oracle in a three-sentence letter dated March 7, 2011 that CedarCrestone "objects to the subpoena."  This is a waiver.  *See, e.g.*, *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998); *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) ("[A] nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived.").

Furthermore, CedarCrestone's late-served, one-line "objection" does not address any specific document requests or provide any detail.  Such an "objection" is improper.  *See, e.g., Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."); *Simon Design Engineering LLC v. W & W Steel LLC*, 2010 WL 2872573, *2 (D. Nev. 2010) ("[B]oiler-plate objections [are] insufficient to meet [a party's] burden of establishing that the requests in dispute are objectionable.").

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T +1.415.393.2000
F +1.415.393.2286
bingham.com

A/74068943.1

Robert T. Gill, Esq.
April 5, 2011
Page 2

## II.     ORACLE'S SUBPOENA SEEKS RELEVANT AND DISCOVERABLE MATERIALS

CedarCrestone's one-line "objection" also hinders Oracle's ability to engage in meaningful or productive dialogue about compliance.  Despite this concern, Oracle would still prefer to confer with CedarCrestone about obtaining compliance and avoid involving the Court.

A third-party subpoena for documents may seek discovery "relevant to any party's claim or defense."  Fed. R. Civ. Proc. 26(b)(1).  This standard for "relevancy under Rule 26 is extremely broad."  *U.S. E.E.O.C. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 431 (D. Nev. 2006).  The documents Oracle seeks from CedarCrestone are relevant to multiple claims and defenses asserted by Rimini Street.  As examples only, Rimini Street asserts in its counterclaim for "defamation, business disparagement, and trade libel," that Oracle is aware "it is the common industry practice by other third party consulting vendors such as IBM, AT&T, Accenture, Navisite, WTS, CedarCrestone, and virtually every other hosting service provider to possess and work with copies of the client's licensed software products."  Defendant Rimini Street, Inc.'s Answer to Oracle's First Amended Complaint and Counterclaim, Dkt. 46, p. 12, ¶ 53.  Similarly, Rimini Street asserts that Oracle's claims are barred because the "custom and practice of the community" and the "well-known and accepted practices of the software industry" give Rimini Street an implied license to access and use Oracle's Software and Support Materials.  *Id.* at p. 25, ¶ 6.  Furthermore, and though Oracle disagrees, Rimini Street has indicated in meet and confer communications that Oracle's damages should be reduced if Rimini Street can show that customers would have contracted with third-parties such as CedarCrestone had Rimini Street not been an available option.  This argument by Rimini Street rests on multiple assumptions about the similarity and sufficiency of CedarCrestone's services, and CedarCrestone's availability as a legitimate alternative for these customers.

Oracle has thus sought narrowly-tailored discovery from CedarCrestone about its practices with respect to Oracle Software and Support Materials and servicing Oracle customers.  These eleven foundational requests are all directly relevant to Rimini Street's claims and defenses related to CedarCrestone, third-party support, and software industry practices.  As examples only, CedarCrestone's marketing materials are relevant to determining what knowledge, if any, certain customers may have had or would have obtained about CedarCrestone's services if Rimini Street had not been an option (Request No. 10), and evidence of any automated downloading tools is relevant to assessing Rimini Street's claim that its actions are standard in the industry (Request No. 9).  As Oracle assumes CedarCrestone would agree by its choice not to object, these requests are sufficiently focused to avoid undue burden to CedarCrestone, particularly in light of the important issues related to protection of intellectual property in the case.

Robert T. Gill, Esq.
April 5, 2011
Page 3

### III.     CEDARCRESTONE'S PRODUCTION IS INADEQUATE

In response to Oracle's subpoena, CedarCrestone produced 17 documents on March 24, 2011, more than two weeks after Oracle's requested response date of March 7, and after repeated requests by Oracle for compliance.  These documents consist only of certain executed and unexecuted versions of various partnership and distribution agreements, and summary "statements" by a CedarCrestone employee from 2009 about CedarCrestone's services.  This production is not adequate.

Oracle's subpoena requested specific, narrowly articulated categories of documents which CedarCrestone's production does not address.  For example, Oracle seeks documents sufficient to identify "Oracle Software, including any Software and Support Materials You have maintained on any of Your Computer Systems since Jan. 1, 2008." Request No. 1.  To Oracle's knowledge, CedarCrestone has produced no such documents, or confirmed it has none.  Oracle also seeks documents showing how CedarCrestone has "accessed, stored, maintained, retrieved, provided, and distributed to your customers any Software and Support Materials since Jan. 1, 2008."  To Oracle's knowledge, CedarCrestone has produced no such documents, or confirmed it has none.  In fact, it appears that CedarCrestone has not produced documents responsive to *any* of Oracle's requests, with the possible exception of Oracle's Request No. 11 regarding documents "You claim provide authorization for your possession and use of any Oracle Software, including any Software and Support Materials."  Oracle should not have to guess what CedarCrestone is withholding.  *See, e.g.*, *Simon Design Engineering LLC v. W & W Steel LLC*, 2010 WL 2872573, *2 (D. Nev. 2010) (Party was entitled to know whether respondent "withheld documents it [did] not regard as properly discoverable.").

### IV.     ORACLE REQUESTS IMMEDIATE COMPLIANCE

For the reasons above, please confirm in writing that CedarCrestone will immediately and fully comply with Oracle's subpoena.  Oracle reserves its right to seek relief from the United States District Court for the District of Nevada per Fed. R. Civ. Proc 45(c)(2)(B). Please also note that Oracle's invitation to meet and confer is in no way an admission that any objection by CedarCrestone is timely, valid, or should be entertained by the Court.

Finally, you ask in your email of March 24, 2011, whether CedarCrestone should produce documents related to "CedarCrestone's possible acquisition of TomorrowNow," which CedarCrestone claims are "unrelated to Rimini Street and are irrelevant to Oracle's most recent subpoena to CedarCrestone."  Oracle has no way of verifying whether these documents are responsive to Oracle's subpoena without reviewing them, but Oracle is currently willing to accept CedarCrestone's representation that the documents reflect no information about CedarCrestone's business model for servicing PeopleSoft or JD Edwards customers, or are otherwise responsive, and if that is the case then CedarCrestone need not produce them at this time.

A/74068943.1

Robert T. Gill, Esq.
April 5, 2011
Page 4

I look forward to your response.

Sincerely,

Chad Russell

Bingham McCutchen LLP
bingham.com        A/74068943.1