# EXHIBIT J

## Russell, Chad

| | |
|---|---|
| **From:** | Robert T. Gill [RGill@peabodyarnold.com] |
| **Sent:** | Tuesday, June 28, 2011 12:04 PM |
| **To:** | Russell, Chad |
| **Subject:** | FW: Rimini: Draft Email to Chad Russell |
| **Attachments:** | CedarCrestone/Rimini: Supplemental Stipulation of Confidentiality Between CedarCrestone and Oracle.DOC |

Chad,

    I understand that you spoke with my associate, Alan Tannenwald, last Friday evening about the status of CedarCrestone's response to Oracle's third-party subpoena in the Oracle USA, Inc., et al. v. Rimini Street, Inc., et al. matter and wanted to follow up with you now that I am back in the office.

    As Alan explained to you, CedarCrestone is prepared to produce additional documents in response to Oracle's subpoena by on or about July 1, 2011. In addition to that production and CedarCrestone's March 24, 2011 and May 19, 2011 productions of documents in response to Oracle's subpoena, CedarCrestone will be able to produce another set of responsive documents if Oracle signs the attached Supplemental Stipulation of Confidentiality. CedarCrestone has asked defendants Rimini Street and Seth Ravin to execute the same agreement in order to receive documents which are responsive to their subpoena in this matter.

    The Supplemental Stipulation of Confidentiality is designed to supplement the Stipulated Protective Order (the "Order") on file in this case and close any potential loopholes in the Order which would threaten CedarCrestone's interests. Indeed, CedarCrestone is concerned about the limited scope of the Order as it pertains to discovery material provided by CedarCrestone in its capacity as a non-party subpoena recipient. In its current form, the Order is unclear in many places and lacks adequate protections for non-parties. My sense is that much of the language in the Order was taken from other protective orders entered into between the parties to this litigation and the parties inadvertently failed to modify the language to protect the interests of non- party subpoena recipients.

    CedarCrestone remains willing to cooperate with Oracle in responding to Oracle's subpoena. By executing the enclosed Supplemental Stipulation, Oracle will greatly help to facilitate that process.

Sincerely,

  Bob Gill

Robert T. Gill, Esquire
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Tel. (617) 951-4706
Fax (617) 951-2125


This transmission is intended only for the designated recipient(s). It contains confidential information that may be subject to the attorney-client privilege or other confidentiality protections under applicable law. If you are not a designated recipient, you must not read, use, copy or distribute this message. If you received this transmission in error, please notify the sender by telephone (617-951-2100) or by reply e-mail and delete this message.

IRS Circular 230 requires that we inform you that if this communication (including any attachments) contains tax advice, it is not intended or written to be used, and cannot be used, for purposes of avoiding penalties under the Internal Revenue Code, or promoting marketing or recommending to another party any transaction or matter addressed herein.

6/30/2011

**SUPPLEMENTAL STIPULATION OF CONFIDENTIALITY**

Disclosure and discovery activity in the matter captioned *Oracle USA, Inc., et al. v. Rimini Street, Inc., et al.*, 2:10-cv-00106-LRH-PAL - currently pending in the United States District Court for the District of Nevada – (the "Action") are likely to involve production of confidential, proprietary, or private information by non-party business competitors of the Plaintiffs and Defendants for which special protection from public disclosure and from use for any purpose other than defending against this litigation would be warranted. ==Accordingly, Plaintiffs Oracle USA, Inc. and Oracle International Corporation (collectively, "Plaintiffs") and third-party subpoena recipient CedarCrestone, Inc. ("CedarCrestone") hereby stipulate to enter into the following Supplemental Stipulation of Confidentiality (the "Stipulation") which is designed to supplement the Stipulated Protective Order (the "Order") signed by the Court in the Action on May 21, 2010.== Except to the extent that it contradicts or conflicts with the Order, the Stipulation incorporates the Order by reference and the Plaintiffs and CedarCrestone agree to be bound by the Order.

It is hereby STIPULATED as follows:

1.  For the purposes of the Order and this Stipulation, Discovery Material produced by CedarCrestone includes documents produced and testimony provided by CedarCrestone and information derived from such documents and testimony. "Highly Confidential Information" shall include financial or business plans or projections, acquisition offers or expressions of interest; proposed strategic transactions or other business combinations; compensation plans; proprietary technical information and specifications; current or future business and marketing information, plans, and strategies; studies or analyses by internal or outside experts; customer information, data or lists; confidential financial data or results; tax data; confidential information regarding assets and liabilities; valuation analyses; competitive analyses; confidential personnel

1

information; personal financial information; personal information subject to protection under any state law or regulation; or other commercially or personally sensitive or proprietary information. Highly Confidential Information shall be designated as "Highly Confidential Information – Attorneys' Eyes Only" or "Highly Confidential Information – AEO" and the use or disclosure of such information shall be restricted as set forth below.  Notwithstanding the foregoing, Highly Confidential Information shall not mean information or documents produced or disclosed that are or become, without violating the Order or this Stipulation, and apart from production or disclosure in connection with the Action, a matter of public record or publicly available by law or otherwise.

      2.    Counsel for the Plaintiffs may disclose or make available any Discovery Material designated as "Highly Confidential Information – Attorneys' Eyes Only" and/or any information derived from such Discovery Material only to the following persons:

          a.    Counsel for the Plaintiffs in the Action (outside counsel and of counsel including members of the outside counsel firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary attorneys, and Consultants and Vendors of such Counsel to the Plaintiffs), provided that no Discovery Material designated as "Highly Confidential Information – Attorneys' Eyes Only" shall be disclosed to any Consultants and Vendors or temporary employee of Counsel to the Plaintiffs unless and until such person has executed a Declaration of Compliance substantially in the form attached to this Stipulation as Exhibit A;

          b.    A total of three in-house counsel who are employed by Oracle's legal department(s) and who are actively acting as legal counsel in connection with the Action, as well as the designated in-house counsels' necessary secretarial, paralegal or clerical staff, provided

that the designated in-house counsel, secretarial, paralegal or clerical staff are not involved in competitive decision-making for Oracle as to the subjects of the information designated as "Highly Confidential Information – Attorneys' Eyes Only" and further provided that such secretarial, paralegal or clerical staff do not also support persons who are involved in competitive decision-making for Oracle as to the subjects of the information designated as "Highly Confidential Information – Attorneys' Eyes Only."  Oracle may collectively designate up to three in-house counsel and may change the in-house counsel so designated by proposing such a designation or change in writing to CedarCrestone through counsel, including providing a detailed description of the proposed designee's present and past roles and responsibilities as an employee of Oracle over the prior five (5) years.  Consent to such proposed amendment will be deemed given by CedarCrestone if objection is not made within ten (10) business days;

      c.      The author of the Discovery Material or the original source of the entirety of the information contained therein, and any copied recipients thereof;

      d.      Witnesses or deponents and their counsel, during the course of and, only to the extent necessary, in preparation for depositions or testimony in the Action only if (1) that witness or deponent had previously received or seen, independent of the Action, the specific documents or materials designated as "Highly Confidential Information – Attorneys' Eyes Only" or previously had, independent of the Action, personal knowledge of the information designated as "Highly Confidential Information – Attorneys' Eyes Only"; and (2), except for individuals who are present employees of CedarCrestone, that witness or deponent has executed a Declaration of Compliance substantially in the form attached to this Stipulation as Exhibit A acknowledging that the witness or deponent agrees to be bound by the terms of the Order and this Stipulation, or the witness or deponent shall agree on the record to be bound by the terms of

the Order, this Stipulation and the Declaration of Compliance attached to this Stipulation as Exhibit A. Counsel for the Plaintiffs shall be responsible for obtaining the signed undertaking and retaining the original, executed copy. If a witness or deponent refuses both options, the deposition may cease and CedarCrestone and the Plaintiffs should file any necessary motions with the Court, or CedarCrestone and the Plaintiffs may agree to continue the deposition on terms agreeable to CedarCrestone and the Plaintiffs;

      e.     Retained experts and expert consultants assisting counsel for the Plaintiffs in the Action, and only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of the Action, subject to the provisions of Paragraphs 4 and 5 below and the Order;

      f.     The Court and its staff and administrative personnel, and Court reporters, videographers and stenographers employed to take depositions, and any essential personnel retained by the Court; and

      g.     Any other person only upon order of the Court or upon stipulation of CedarCrestone.

      3.     If the Plaintiffs wish to use documents designated by CedarCrestone as "Highly Confidential Information – Attorneys' Eyes Only" at the deposition of a witness, the Plaintiffs must give CedarCrestone at least ten (10) days' written notice transmitted by overnight mail and electronic mail. The written notice must provide (i) a list of documents by Bates number that the Plaintiffs wish to use in the deposition; (ii) a complete copy set of the documents that are to be shown to the deponent or witness; and (iii) the identity of the deponent or witness, including a copy of the deponent or witness' current resume or curriculum vitae. Should CedarCrestone object to the disclosure of any Discovery Material which it produced and marked as "Highly

4

Confidential Information – Attorneys' Eyes Only" at the deposition of a witness, it shall provide written notice of such objection by overnight and electronic mail within five (5) business days of receiving written notice of the Plaintiffs' intent to use such Discovery Material at the deposition. The Plaintiffs and CedarCrestone shall meet and confer within two (2) business days of the written objection being served on the Plaintiffs' counsel. If the meet and confer session does not resolve the dispute, CedarCrestone and the Plaintiffs agree to expedited briefing. CedarCrestone shall file a motion within two (2) court days of the meet and confer. The Plaintiffs shall file any opposition within three (3) court days of CedarCrestone filing the opening brief, and no reply will be filed. Upon service of a written objection pursuant to this Paragraph 3, no Discovery Material designated as "Highly Confidential Information – Attorneys' Eyes Only" by CedarCrestone shall be disclosed to the deponent or witness subject to objection unless and until the time to file a motion with the Court has expired or the Court has ruled on such a motion.

      4.    "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material provided by CedarCrestone to the Plaintiffs may be provided to retained experts and/or expert consultants assisting counsel for the Plaintiffs (excluding Consultants and Vendors) only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of the Action, provided that such expert or expert consultant: (i) is not currently, or has not in the past year from the date of the Order, been a competitor or partner, director, officer, employee or other affiliate of a competitor of CedarCrestone and (ii) signs a Declaration of Compliance substantially in the form attached to this Stipulation as Exhibit A, agreeing in writing to be bound by the terms and conditions of the Order and this Stipulation, and agreeing not to disclose or use any "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material in a manner or for purposes other than

those permitted by the Order and this Stipulation.  Counsel for the Plaintiffs shall be responsible for obtaining the signed undertaking and retaining the original, executed copy.

     5.     If the Plaintiffs wish to provide documents designated by CedarCrestone as "Highly Confidential Information – Attorneys' Eyes Only" to one of their experts or expert consultants, the Plaintiffs must give CedarCrestone at least ten (10) business days' written notice transmitted by overnight mail and electronic mail.  The written notice must provide (i) a list of documents by Bates number that the Plaintiffs wish to provide to the expert or expert consultant; (ii) a complete copy set of the documents that are to be shown to the expert or expert consultant; and (iii) the expert or expert consultant's current resume or curriculum vitae.  Should CedarCrestone object to the disclosure of any Discovery Material which it produced and marked as "Highly Confidential Information – Attorneys' Eyes Only" to one of the Plaintiffs' experts or expert consultants, it shall provide written notice of such objection by overnight and electronic mail within five (5) business days of receiving written notice of the Plaintiffs' intent to provide such Discovery Material to one of their experts or expert consultants.  The Plaintiffs and CedarCrestone shall meet and confer within two (2) business days of the written objection being served on the Plaintiffs' counsel.  If the meet and confer session does not resolve the dispute, CedarCrestone and the Plaintiffs agree to expedited briefing.  CedarCrestone shall file a motion within two (2) court days of the meet and confer.  The Plaintiffs shall file any opposition within three (3) court days of CedarCrestone filing the opening brief, and no reply will be filed.  Upon service of a written objection pursuant to this Paragraph 5, no Discovery Material designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" by CedarCrestone shall be disclosed to the expert or expert consultant subject to objection unless

and until the time to file a motion with the Court has expired or the Court has ruled on such a motion.

   6. If the Plaintiffs wish to file documents designated by CedarCrestone as "Highly Confidential Information – Attorneys' Eyes Only" in the public record in the Action, the Plaintiffs must give CedarCrestone at least ten (10) business days' written notice transmitted by overnight mail and electronic mail.  The written notice must provide (i) a list of documents by Bates number that the Plaintiffs wish to file in the public record in the Action and (ii) a complete copy set of the documents that are to be filed in the public record in the Action.  Should CedarCrestone object to the filing of any Discovery Material which it produced and marked as "Highly Confidential Information – Attorneys' Eyes Only" in the public record, it shall provide written notice of such objection by overnight and electronic mail within five (5) business days of receiving written notice of the Plaintiffs' intent to provide such Discovery Material to one of their experts or expert consultants.  The Plaintiffs and CedarCrestone shall meet and confer within two (2) business days of the written objection being served on the Plaintiffs' counsel.  If the meet and confer session does not resolve the dispute, CedarCrestone and the Plaintiffs agree to expedited briefing.  CedarCrestone shall file a motion within two (2) court days of the meet and confer.  The Plaintiffs shall file any opposition within three (3) court days of CedarCrestone filing the opening brief, and no reply will be filed.  Upon service of a written objection pursuant to this Paragraph 6, no Discovery Material designated as "Highly Confidential Information – Attorneys' Eyes Only" by CedarCrestone and subject to objection shall be filed in the public record unless and until the time to file a motion with the Court has expired or the Court has ruled on such a motion.

7. The burden of proof in any challenge proceeding referenced in Paragraph 16 of the Order shall be on the Plaintiffs.

8. If the Plaintiffs wish to use documents designated by CedarCrestone as "Highly Confidential Information – Attorneys' Eyes Only" at a trial or at appellate argument of the Action, the Plaintiffs must give CedarCrestone at least ten (10) business days' written notice transmitted by overnight mail and electronic mail.  The written notice must provide (i) a list of documents by Bates number that the Plaintiffs wish to use at a trial or appellate argument in the Action and (ii) a complete copy set of the documents that are to be use at a trial or appellate argument in the Action.  Should CedarCrestone object to the use of any Discovery Material which it produced and marked as "Highly Confidential Information – Attorneys' Eyes Only" at a trial or appellate argument in the Action, it shall provide written notice of such objection by overnight and electronic mail within five (5) business days of receiving written notice of the Plaintiffs' intent to use such Discovery Material at a trial or appellate argument in the Action. The Plaintiffs and CedarCrestone shall meet and confer within two (2) business days of the written objection being served on the Plaintiffs' counsel.  If the meet and confer session does not resolve the dispute, CedarCrestone and the Plaintiffs agree to expedited briefing.  CedarCrestone shall file a motion within two (2) court days of the meet and confer.  The Plaintiffs shall file any opposition within three (3) court days of CedarCrestone filing the opening brief, and no reply will be filed.  Upon service of a written objection pursuant to this Paragraph 8, no Discovery Material designated as "Highly Confidential Information – Attorneys' Eyes Only" by CedarCrestone and subject to objection shall be used at a trial or appellate argument in the Action unless and until the time to file a motion with the Court has expired or the Court has ruled on such a motion.

9. No other current or future other parties to the Action shall obtain access to Discovery Materials designated by CedarCrestone as "Highly Confidential Information – Attorneys' Eyes Only" unless such parties execute a Declaration of Compliance substantially in the form attached to this Stipulation as Exhibit A and such Declaration of Compliance has been served on counsel for the Plaintiffs and CedarCrestone.

10. No current or future individual party or director, officer or employee of any current or future party to the Action shall obtain access to Discovery Materials designated by CedarCrestone as "Highly Confidential Information – Attorneys' Eyes Only" unless such individual party or director, officer or employee would be permitted to do so pursuant to and complies with the procedures outlined in Paragraph 2, Sections (c), (d), or (g) of this Stipulation.

IT IS SO STIPULATED, THROUGH COUNSEL:

Dated: _____, 2011

| BINGHAM MCCUTCHEN LLP | PEABODY & ARNOLD LLP |
|---|---|
| By: _____ | By: _____<br>Robert T. Gill, Esq.<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, Massachusetts  02210<br>Telephone:  (617) 951-4706<br>Facsimile:  (617) 951-2125<br>Email:  rgill@peabodyarnold.com |
| *Attorney for Oracle USA, Inc. and Oracle International Corporation* | *Attorney for CedarCrestone, Inc.* |

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in their entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on May 21, 2011 in the case of *Oracle USA, Inc., et al. v. Rimini Street, Inc., et al.* and the Supplemental Stipulation of Confidentiality entered into between CedarCrestone, Inc., Oracle USA, Inc. and Oracle International Corporation on _____. I agree to comply with and to be bound by all the terms of the Stipulated Protective Order and Supplemental Stipulation of Confidentiality and I understand that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order and Supplemental Stipulation of Confidentiality to any person or entity except in strict compliance with the Stipulated Protective Order and Supplemental Stipulation of Confidentiality.

==I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Georgia for the purpose of enforcing the terms of the Stipulated Protective Order and Supplemental Stipulation of Confidentiality, even if such enforcement proceedings occur after termination of this action.==

I hereby appoint _____ [print or type full name], of

_____ [print or type full address and telephone number] as my Georgia agent for service of process in connection with the Action or any proceedings related to enforcement of the Stipulated Protective Order or Supplemental Stipulation of Confidentiality.

Date: _____

City and State where sworn and signed:   _____

Printed Name: _____

Signature: _____

747215_1
11040-95213

10