| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP | SHOOK, HARDY & BACON LLP |
|  | RICHARD J. POCKER (NV Bar No. 3568) | B. Trent Webb (*pro hac vice*) |
| 2 | 300 South Fourth Street, Suite 800 | Eric Buresh (*pro hac vice*) |
|  | Las Vegas, NV 89101 | 2555 Grand Boulevard |
| 3 | TELEPHONE: (702) 382-7300 | Kansas City, Missouri 64108-2613 |
|  | FACSIMILE: (702) 382-2755 | Telephone: (816) 474-6550 |
| 4 | rpocker@bsfllp.com | Facsimile: (816) 421-5547 |
|  |  | bwebb@shb.com |
| 5 | BOIES, SCHILLER & FLEXNER LLP | eburesh@shb.com |
|  | STEVEN C. HOLTZMAN (*pro hac vice*) |  |
| 6 | FRED NORTON (*pro hac vice*) | Robert H. Reckers (*pro hac vice*) |
|  | KIERAN P. RINGGENBERG (*pro hac vice*) | 600 Travis Street, Suite 1600 |
| 7 | 1999 Harrison Street, Suite 900 | Houston, Texas  77002 |
|  | Oakland, CA 94612 | Telephone: (713) 227-8008 |
| 8 | TELEPHONE: (510) 874-1000 | Facsimile: (713) 227-9508 |
|  | FACSIMILE: (510) 874-1460 | rreckers@shb.com |
| 9 | sholtzman@bsfllp.com |  |
|  | fnorton@bsfllp.com | LEWIS AND ROCA LLP |
| 10 | kringgenberg@bsfllp.com | W. West Allen (Nevada Bar No. 5566) |
|  |  | 3993 Howard Hughes Parkway, Suite 600 |
| 11 | BINGHAM MCCUTCHEN LLP | Las Vegas, Nevada 89169 |
|  | GEOFFREY M. HOWARD (*pro hac vice*) | Tel: (702) 949-8200 |
| 12 | BREE HANN (*pro hac vice*) | Fax: (702) 949-8398 |
|  | THOMAS S. HIXSON (*pro hac vice*) | WAllen@LRLaw.com |
| 13 | KRISTEN A. PALUMBO (*pro hac vice*) |  |
|  | THREE EMBARCADERO CENTER | GREENBERG TRAURIG |
| 14 | SAN FRANCISCO, CA  94111-4067 | Mark G. Tratos (Nevada Bar No. 1086) |
|  | Telephone:  415.393.2000 | Brandon Roos (Nevada Bar No. 7888) |
| 15 | Facsimile:  415.393.2286 | Leslie Godfrey  (Nevada Bar No. 10229) |
|  | geoff.howard@bingham.com | 3773 Howard Hughes Parkway |
| 16 | thomas.hixson@bingham.com | Suite 400 North |
|  | kristen.palumbo@bingham.com | Las Vegas, NV 89169 |
| 17 |  | Telephone: (702) 792-3773 |
|  | DORIAN DALEY (*pro hac vice*) | Facsimile: (702) 792-9002 |
| 18 | DEBORAH K. MILLER (*pro hac vice*) | tratosm@gtlaw.com |
|  | JAMES C. MAROULIS (*pro hac vice*) | roosb@gtlaw.com |
| 19 | ORACLE CORPORATION | godfreyl@gtlaw.com |
|  | 500 Oracle Parkway |  |
| 20 | M/S 5op7 | Attorneys for Defendants Rimini Street, |
|  | Redwood City, CA 94070 | Inc., and Seth Ravin |
| 21 | Telephone:  650.506.4846 |  |
|  | Facsimile:  650.506.7114 |  |
| 22 | dorian.daley@oracle.com |  |
|  | deborah.miller@oracle.com |  |
| 23 | jim.maroulis@oracle.com |  |
| 24 | Attorneys for Plaintiffs |  |
|  | Oracle USA, Inc., Oracle America, Inc., and |  |
| 25 | Oracle International Corp. |  |
| 26 |  |  |
| 27 |  |  |
| 28 |  |  |

---

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER

A/74461056.2

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., A Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER TO VACATE AUGUST 5, 2011 CMC AND TO MODIFY THE CASE SCHEDULE**<br><br>Date:     August 5, 2011<br>Time:    10:00 a.m.<br>Place:   Courtroom 3B<br>Judge:  Magistrate Peggy A. Leen |

Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. (collectively, "Oracle" or "Plaintiffs") and Defendants Rimini Street, Inc. ("Rimini Street") and Seth Ravin ("Ravin") (together, "Rimini" or "Defendants") jointly submit this Case Management Conference Statement and Proposed Order in advance of the August 5, 2011 Case Management Conference ("CMC") to provide the Court with a status report of the pending matters.

Part I addresses the current status of the pleadings. Part II provides a status report on the party and non-party discovery to date. Part III sets forth the Parties' joint request for a two-month extension of the fact discovery deadline, and related extensions for other case deadlines, and for the August 5 CMC to be vacated and rescheduled for six weeks from now.

**I.     STATE OF THE PLEADINGS**

Defendants stipulated to the filing of Oracle's Second Amended Complaint ("SAC"), and Oracle filed the SAC on June 1, 2011. Judge Hicks approved the Parties' stipulation regarding the filing of the SAC on June 7. Rimini filed its answer on June 16.

Also on June 1, the Parties filed a stipulation regarding the scope and licensing of Oracle's derivative-work registrations. Judge Leen approved this stipulation on June 2.

**II.    DISCOVERY PROGRESS**

Since the last CMC on May 17, 2011, the Parties have made the following progress in

1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER

A/74461056.2

discovery:

**A.     Discovery Sought From and Produced By Plaintiffs.**

      **1.     Documents**

Rimini has served no additional Requests for Production.  Between May 17, 2011 and the submission of this statement, Oracle has produced more than 89,581 additional documents, totaling more than 300,000 pages, including thousands of voluminous Excel files, customer contracts and related documentation, price lists, customer-specific reports (referred to as oki3 reports), software and support materials, copyright registrations, deposit materials, and terms of use and e-delivery licenses.

      **a.     Custodial Productions**

By August 5, Oracle will have completed document productions from 21 out of 55 Oracle custodians, and it continues to review documents of the agreed production custodians (including server emails, laptop/desktop images, and documents from network share files).  Oracle expects to complete production for all of its currently scheduled 55 custodians by August 5, excluding potentially privileged documents.  Oracle expects to complete the review and production of all potentially privileged documents at some point in August.

      **b.     Non-Custodial Productions**

Oracle continues to gather and review non-custodial documents for production, including customer contract documents, copyright registrations, deposit materials, and software.  Currently, Oracle has produced approximately 75% of the requested customer contract documents.  Oracle expects to complete its production of customer contract documents by the end of August.

Oracle expects to make a further production of copyright registrations, deposit materials, and software in the first week of August.  At that point, Oracle will have produced approximately 75% of the requested copyright registrations, deposit materials, and software.  Oracle expects to make another substantial production of these materials by the end of August.  At that point, Oracle expects its production of copyright registrations, deposit materials, and software will be complete except for specific registration and deposit materials on file with the Copyright Office

that have been requested on an expedited basis and that are related to allegations added in the Second Amended Complaint.

### 2. Interrogatories

On May 16, 2011, Rimini served Oracle with its Third Set of Interrogatories, which consisted of Interrogatory No. 15. Oracle responded to this Interrogatory on July 1. Oracle also supplemented its responses to Rimini's Second Set of Interrogatories, numbers 13 and 14, on July 1.

### 3. Requests for Admissions

On June 7, 2011, Rimini served Oracle with its First Set of Requests for Admissions, numbers 1 and 2. Oracle responded to these Requests on July 22.

### 4. Depositions

Rimini took depositions on May 26, June 17, July 13, and July 20, totaling four depositions since the last CMC. Rimini has also noticed three additional depositions of Oracle employees for August 4, August 24, and the third on a date to be determined.

## B. Documents Sought From and Produced By Defendants.

### 1. Documents

On June 23, 2011, Oracle served Defendant Ravin with its Second Set of Requests for Production for Ravin, numbered 2 through 4. On that same date, Oracle served Rimini with its Fourth Set of Requests for Production, numbered 58 through 60. On July 26, 2011, Ravin and Rimini served their responses to these Requests for Production. On June 30, Oracle served Rimini with its Fifth Set of Requests for Production, numbered 61 through 65.

Between May 17, 2011 and the submission of this statement, Rimini has produced approximately 190,946 additional documents, totaling approximately 1,600,000 pages. These materials include numerous log files, archive materials, and over 3,500 native files. To date, Rimini has produced over 460,000 documents totaling over 4,250,000 pages, as well as over 8,100 native files, numerous environments, ticketing system data, data archives, source code, log files, and network shares.

#### a. Custodial Productions

By August 5, Rimini will have completed document productions for 37 out of the 55 Rimini custodians. Rimini expects to have an additional 14 custodians complete by August 15, with the productions for the remaining 4 custodians following shortly thereafter.

### b. Non-Custodial Productions

Rimini continues to gather and review non-custodial documents for production, including materials from various department shares and non-custodial email files. Generally speaking, these sources include data relating to financials, client relationships, marketing, and sales. Rimini expects that it will have its pending non-custodial productions fully completed by the end of August.

### 2. Interrogatories

On May 25, 2011, Oracle served Rimini with its Fifth Set of Interrogatories, numbered 20 through 25. Rimini responded to that set on July 11. Rimini also supplemented its response to Interrogatory 16 on May 18. On June 6, Rimini responded to Interrogatory No. 19 and supplemented its response to Interrogatory No. 3. On July 27, 2011, Oracle served Rimini with its Sixth Set of Interrogatories, numbered 26.

### 3. Depositions

Oracle took depositions on June 8, June 24, and July 21, totaling three depositions since the last CMC. Oracle noticed a Rule 30(b)(6) deposition for August 10. Oracle has noticed three other depositions, one scheduled for August 9, another scheduled for September 29, and a 30(b)(6) deposition on a date yet to be determined. In addition, Oracle issued a deposition subpoena for a Rimini Street former employee, and that deposition is scheduled for August 30. Oracle also sent a letter to Rimini on July 14 to schedule five additional depositions, and asking Rimini to prioritize the production of the documents for 28 of the Rimini custodians whose productions are not complete and who likely have documents pertinent to the five additional depositions. Rimini has been working to prioritize and complete the requested productions. Assuming all these depositions go forward, that will be 17 depositions total.

### C. Third Party Discovery

#### 1. Customers

Since the last CMC, Oracle has served two additional subpoenas on Rimini customers for a total of 254 customer subpoenas. Oracle has received approximately 219 document productions in response to these subpoenas. Oracle continues to seek the cooperation of subpoenaed customers with outstanding or deficient productions.

Oracle's effort to process and produce customer productions to Rimini is ongoing. Oracle has sent approximately 141 customer productions to Rimini and received approximately 18 third-party productions from Rimini. In furtherance of this effort, the Parties agreed on June 17 to modify the confidential designation procedure for third-party productions. The Parties agreed to exchange copies of yet un-exchanged third-party productions as soon as reasonably practicable with all documents provisionally designated as Highly Confidential – Attorneys' Eyes Only. The Parties will re-designate or de-designate these documents as necessary within a reasonable time after their exchange or within ten days of the other Party's request for re-designation of a reasonable set of documents.

At the last CMC, the Court ordered that Oracle may take up to 20 customer depositions limited to two hours in duration. While receipt and review of Rimini's customer-related and actual customer produced documents has been slower than expected, Oracle expects to serve 10 notices of customer depositions in August. Oracle will timely notice the remainder of its allotted customer depositions as it continues to review Defendants' and customers' ongoing document productions.

#### 2. Public Entities

Oracle has made state "sunshine act" requests of 46 public entities that may have had significant contact with Rimini. Two additional entities have responded with a substantive production since the last CMC, which brings the total responses to 43 entities. Oracle's effort to process and produce public entity productions to Rimini is ongoing. Oracle has sent approximately 33 public entity productions to Rimini. The Parties' review of the sunshine act materials is ongoing.

### 3. Other Third Parties

Since the last CMC, Oracle has continued to negotiate with respect to subpoenas served on other third parties, including third-party support provider CedarCrestone. After weeks of meeting and conferring, Oracle moved to compel CedarCrestone's production on July 1. The Parties and CedarCrestone subsequently entered into a stipulation in which CedarCrestone agreed to produce documents responsive to Oracle's and Rimini's subpoenas. Accordingly, Oracle has withdrawn its motion, reserving its rights. CedarCrestone has recently produced responsive documents. The Parties' review of CedarCrestone's documents is ongoing and Oracle expects to notice a deposition of CedarCrestone shortly (bringing the anticipated total non-customer depositions to 18).

Since the last CMC, Oracle has served a subpoena on Rimini Street consultant Mr. Nhat Vuong. Vuong has not produced any documents to date, and Oracle will meet and confer with him regarding compliance with the subpoena. Oracle has also issued a document subpoena to a former Rimini Street employee (who is also subject to a deposition subpoena, as discussed above).

Oracle has also reviewed the production it received from Rimini Street investor Adams Street Partners. On June 29, Oracle sent Adams Street Partners a letter identifying deficiencies in their production. Adams Street Partners acknowledged receipt of the letter, and Oracle awaits a further response.

Since the last CMC, Netcustomer and Summit Technology have produced documents in response to Oracle's subpoenas. Oracle has continued to negotiate with Spinnaker Support regarding compliance with Oracle's subpoena.

### III. JOINT REQUEST FOR A TWO-MONTH EXTENSION OF THE FACT DISCOVERY CUT OFF AND RELATED EXTENIONS FOR OTHER CASE DEADLINES

The Parties have been working diligently to complete document productions and conduct depositions. However, as noted above, custodial document productions are now scheduled to be completed in August. In addition, the non-custodial productions described above are expected to be completed in August. This has affected the scheduling of depositions, since the parties have

6

1 endeavored to complete custodial productions for a witness in advance of the witness's
2 deposition. For some witnesses, it is necessary to complete custodial productions for related
3 employees as well before the deposition, and certain depositions require the use of non-custodial
4 documents too.
5      In addition, the Parties continue to meet and confer regarding possible stipulations for the
6 purpose of clarifying and narrowing the set of disputed issues to be presented at trial. The
7 Parties' most recent efforts have focused on two possible stipulations: an extrapolation
8 stipulation (that Oracle proposed on June 10 and to which Defendants responded on July 1)
9 relating to a streamlined procedure for litigation of certain claims and defenses relating to
10 environment copies of Oracle enterprise software and to fixes for PeopleSoft software, and a
11 copyright stipulation (that Oracle proposed on July 1 and to which Defendants responded on July
12 28) relating to Oracle's registered copyrights. The Parties intend to exchange additional drafts of
13 both stipulations in the weeks to come. Though there are some significant disagreements
14 between the Parties, the Parties are in agreement that the potential benefits that may arise from
15 the stipulations currently under discussion merit continued, good-faith efforts to explore
16 opportunities for agreements and compromises where possible.
17      In light of the pace of document production and the Parties' continuing efforts on the
18 potential stipulations the Parties request a two-month extension of the fact discovery deadline.[1]
19 Currently, the fact discovery cutoff is October 3, and the Parties request an extension to Monday,
20 December 5.[2] This requested extension is based on the Parties' representations to each other that

---

[1] The Parties are optimistic that further extensions of the fact discovery deadline will not be necessary and have agreed that a Party will not unilaterally seek any further extension of the fact discovery cut off, provided that the other Party substantially completed its production of presently agreed-upon custodial and non-custodial materials by August 31. A production will be considered substantially completed not withstanding productions after August 31 that either correct processing or formatting issues with the original production or provide materials not subject to a present agreement regarding production.

[2] To facilitate the completion of fact discovery by December 5, the Parties have agreed that the last day to serve requests for production and interrogatories will be October 3, 2011. The Parties have further agreed that, for deposition notices served 4 weeks in advance of the discovery cut-off, the noticed witnesses will be provided even if scheduling requires the deposition to take place after the discovery cut-off.

7
JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER

A/74461056.2

the custodial and non-custodial document productions presently agreed upon will be substantially completed by the end of August.[3]

This extension would make initial expert disclosures due on January 3, 2012. Given the holidays, the Parties request that this deadline be extended to January 17, 2012. If the Court grants this request, then it would make sense to move back the remaining case deadlines (e.g., the deadline for rebuttal expert reports, the deadline to file a dispositive motion, and so on) by the same two and a half month period. As the case progresses, the Parties may wish to discuss with each other and with the Court whether further changes to the expert-related deadlines may be appropriate.

The Parties therefore propose the following case schedule:

|  | Current Schedule | Proposal |
| --- | --- | --- |
| Last date to complete fact discovery | October 3, 2011 | December 5, 2011 |
| Last date to file motions to compel related to fact discovery | October 17, 2011 | December 19, 2011 |
| Last date to disclose experts on issues for which a party has the burden of proof, pursuant to Fed. R. Civ. P. 26(a)(2) | November 1, 2011 | January 17, 2011 |
| Last date to disclose rebuttal experts | December 15, 2011 | March 2, 2012 |
| Last date to complete expert discovery | February 1, 2012 | April 16, 2012 |
| Last date to file dispositive motions | March 15, 2012 | June 1, 2012 |
| Last date to file joint pretrial order | April 16, 2012 | July 2, 2012 |

If the Court grants this proposed schedule change, then the Parties request that the Court vacate the August 5 CMC and reschedule it for six weeks from now.

---

[3] Similarly, the Parties request a two-month extension on the deadline to move to compel, since that deadline should be tied to the close of fact discovery.

1  DATED:  August 2, 2011

2  BINGHAM McCUTCHEN LLP             SHOOK, HARDY & BACON LLP

3

4  By: /S/ Geoffrey M. Howard           By: /S/ Robert H. Reckers
   Geoffrey M. Howard (*pro hac vice*)     Robert H. Reckers (*pro hac vice*)
5  Three Embarcadero Center              600 Travis Street, Suite 1600
   San Francisco, CA 94111-4067         Houston, Texas  77002
6  Telephone:    415.393.2000            Telephone: (713) 227-8008
   Facsimile:    415.393.2286             Facsimile: (731) 227-9508
7  geoff.howard@bingham.com            rreckers@shb.com

8  *Attorneys for Plaintiffs*                 *Attorneys for Defendants*

Pursuant to stipulation, it is hereby ORDERED that:

1. The Court modifies the case schedule order to adopt the following deadlines:

| Event | Deadline |
| --- | --- |
| Last date to complete fact discovery | December 5, 2011 |
| Last date to file motions to compel related to fact discovery | December 19, 2011 |
| Last date to disclose experts on issues for which a party has the burden of proof, pursuant to Fed. R. Civ. P. 26(a)(2) | January 17, 2011 |
| Last date to disclose rebuttal experts | March 2, 2012 |
| Last date to complete expert discovery | April 16, 2012 |
| Last date to file dispositive motions | June 1, 2012 |
| Last date to file joint pretrial order | July 2, 2012 |

9
JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER

A/74461056.2

1  2.     The August 5 CMC is vacated and rescheduled for September ____, 2011 at _____ in
2  Courtroom 3B.
3
4                                              _____
5                                              Hon. Peggy A. Leen
                                               United States Magistrate Judge
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| 1 | **<u>ATTESTATION OF FILER</u>** |

2   The signatories to this document are myself and Robert Reckers and I have obtained Mr.

3   Reckers's concurrence to file this document on his behalf.

4   DATED:  August 2, 2011         BINGHAM McCUTCHEN LLP

6   By: /S/ Geoffrey M. Howard
         Geoffrey M. Howard (*pro hac vice*)
7        Three Embarcadero Center
         San Francisco, CA 94111-4067
8        Telephone:   415.393.2000
         Facsimile:    415.393.2286
9        geoff.howard@bingham.com

10   *Attorneys for Plaintiffs*

11
 
—

11
JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER

A/74461056.2

**PROOF OF SERVICE**

I am over eighteen years of age, not a party in this action, and employed in San Francisco County, California at Three Embarcadero Center, San Francisco, California 94111-4067. I am readily familiar with the practice of this office for collection and processing of correspondence for email delivery.

Today I caused to be served the following document:

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER TO VACATE AUGUST 5, 2011 CMC AND TO MODIFY THE CASE SCHEDULE**

☒  (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed below to the email address set forth below on this date.

| | |
|---|---|
| B. Trent Webb, Esq.<br>Eric Buresh, Esq.<br>David J. Niegowski, Esq.<br>Ryan Dykal, Esq.<br>SHOOK, HARDY & BACON LLP<br>2555 Grand Blvd.<br>Kansas City, Missouri 64108<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br><br>bwebb@shb.com<br>eburesh@shb.com<br>dniegowski@shb.com<br>rdykal@shb.com | Mark G. Tratos, Esq.<br>Brandon Roos, Esq.<br>Leslie Godfrey, Esq.<br>GREENBERG TRAURIG, LLP<br>3773 Howard Hughes Pkwy<br>Ste 400 North<br>Las Vegas, NY 89169<br>Telephone: (702) 792-3773<br>Facsimile: (702) 792-9002<br>tratosm@gtlaw.com<br>roosb@gtlaw.com<br>godfreyl@gtlaw.com |
| Robert H. Reckers, Esq.<br>SHOOK, HARDY & BACON LLP<br>600 Travis Street, Suite 1600<br>Houston, Texas 77002<br>Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508<br>rreckers@shb.com | W. West Allen, Esq.<br>LEWIS AND ROCA LLP<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada 89169<br>Telephone: (702) 949-8200<br>Facsimile: (702) 949-8398<br>WAllen@LRLaw.com |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on August 2, 2011 at San Francisco, California.

/S/Kelley A. Garcia
Kelley A. Garcia