# EXHIBIT M

**From:** Hixson, Thomas S. [mailto:thomas.hixson@bingham.com]
**Sent:** Wednesday, November 02, 2011 12:48 PM
**To:** Reckers, Robert H. (SHB); Buresh, Eric A. (SHB)
**Cc:** 'ringgenberg'; Howard, Geoff; Glidewell, Jeff O. (SHB)
**Subject:** Oracle v. Rimini CMC issues

Rob,

As discussed, I'm sending a follow up email to memorialize a disagreement between the parties that surfaced on our call yesterday. By way of background, you had asked to schedule a deadline for the disclosure of trial witnesses, and relatedly, yesterday you proposed November 9, 2012 as that deadline as part of a larger set of proposals concerning case deadlines. I said that we are evaluating your proposals and will get back to you. I also explained to you our view concerning the purpose of depositions of trial witnesses who were not deposed in fact discovery, since that view is likely to shape how we respond to your proposed November 9 date.

In general, we think the purpose of the pretrial depositions is to protect against unfair surprise, and that they are not intended as a substitute for fact discovery. Witnesses who are known to be relevant should be deposed during fact discovery, and if Rimini decides not to take those depositions and still has extra depo slots left open that it could have used, we think Rimini will need to come up with a persuasive explanation for why it gets a pretrial depo of that witness after fact discovery is over. Rimini has the depo transcripts from the SAP case, so it has a good idea of who Oracle's witnesses are likely to be. This view of the purpose of the pretrial depositions is reflected in the Court's September 21, 2010 order in paragraph 4, which stated: "Each side will be allowed to take up to twenty (20) depositions of seven (7) hours in duration unless, for good cause shown, additional deposition testimony is required to prepare this case for trial." Oracle never proposed that Rimini could conduct its fact discovery on the eve of trial; in our view, that wasn't the purpose of the pretrial depositions. You stated that Rimini has a contrary view, which is that it can depose every Oracle trial witness who has not been previously deposed, shortly before trial, regardless of whether Rimini could have deposed a given witness during fact discovery. We ended the call by noting that the parties clearly have different views on this issue, and you also indicated that you do not intend to raise this issue at the November 8 CMC but that it may need to be raised to the Court at a later time.

If I have misstated our discussion of this issue, please let me know. Thank you.

Tom Hixson
T 415.393.2152
F 415.393.2286
thomas.hixson@bingham.com

**B I N G H A M**
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not

disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.