# EXHIBIT N

# BINGHAM

Zachary Hill
Direct Phone:  415.393.2033
Direct Fax:      415.262.2286
zachary.hill@bingham.com

October 27, 2011

**Via Email**

Ryan Dykal, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Email:  rdykal@shb.com

Re:  *Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin*,
      Case No. 2:10-cv-00106 (D. Nev.)

Dear Ryan:

I write in response to your October 12, 2011 letter concerning Oracle's request to inspect Rimini's SharePoint site. Oracle seeks read-only login credentials to Rimini's SharePoint site in order to inspect data on that site. Oracle has served Rimini with a formal Request for Inspection to that end. As I stated in my September 28, 2011 letter, the basis for Oracle's request is the numerous references to SharePoint documents and information made in deposition testimony by Rimini witnesses. Oracle seeks an inspection of the SharePoint site rather than production of the documents referred to in the testimony because the relevant characteristics of the documents extend beyond their contents alone. When the documents' contents alone are produced in standard production format, any SharePoint links to the documents, the titles of those links, and the targets of any links contained within the documents are not produced.

In your letter, you state that you "find it difficult to understand how it would be "impossible" to review documents produced from Rimini's network using standard production techniques." I hope it is now easier to understand. It is impossible to review a document in standard production format when the key information about the document is its location on the SharePoint site, the titles of links to that document, and the targets of links contained within that document. That key information is not included when a document is produced, but it is relevant for the documents referred to in the deposition testimony cited in my September 28, 2011 letter.

Further, there are many documents Rimini has produced from SharePoint in which some of the content is not reviewable. For example, the document with Bates number RSI03930986 is a spreadsheet produced from SharePoint. The produced document contains thousands of cells containing strings of numbers and letters where one would expect to see names of persons and customers based on the column titles and other document context. If we could view this type of document directly on SharePoint, we could presumably see the names that are essential for our review of the documents.

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T +1.415.393.2000
F +1.415.393.2286
bingham.com

Robert Reckers, Esq.
October 27, 2011
Page 2

You also state that Rimini has already produced thousands of documents from its SharePoint site. Oracle has reviewed Rimini's production. Nevertheless, as I explained above, Oracle has no way of connecting the deposition testimony to a specific document that has been produced, and then understanding the connection of that document to other documents on Rimini's SharePoint site. Therefore, in order for Oracle and its experts to develop a reasonable understanding of Rimini deposition testimony, Oracle requires direct access to the SharePoint site.

In your letter, you asked me to "specifically identify the data Oracle believes would be impossible to review over [sic] than by direct inspection." Without direct access to Rimini's SharePoint site, I cannot specifically identify that data. In my September 28, 2011 letter, I already identified examples of deposition testimony that refers to SharePoint data. Those examples are reproduced below for your convenience.

Tahtaras Dep. 155:22-156:21, Apr. 27, 2010; Corpuz Dep. 44:23-45:4, Mar. 15, 2011; Lester Dep. 213:20-214:10, Mar. 17, 2011; Rowe Dep. 32:4-12, 36:12-17, 36:24-37:9, Aug. 24, 2010; Baron Dep. 218:23-219:3, May 10, 2010; Conley Dep. 29:23-25, 155:1-17, 167:23-186:16, 169:16-25, 170:19-171:9, 173:17-25, 196:19-197:3, Sep. 1, 2011; Radtke Dep. 61:10-25, 180:9-18, 221:1-20, 227:10-20, 229:6-9, 229:24-230:1, 232:1-8, 232:20-233:14, Sep. 7, 2011.

Finally, you claim in your letter that Oracle's request is overbroad, and you see no reason why Oracle requires access to the site in its entirety. I first note that Rimini does not argue that Oracle's request is unduly burdensome. Oracle seeks only access to the site, which should be of little or no burden to Rimini. Further, Oracle's request seeks access to Rimini's entire SharePoint site only because we are not familiar with the structure of Rimini's site, and thus we cannot specify the parts of the site we need to inspect. If Rimini provides Oracle with information about the structure of the site, Oracle is willing to meet and confer on ways to limit the scope of Oracle's inspection.

Please let me know if Rimini will now grant Oracle direct, read-only access to Rimini's SharePoint site based on the explanation above.

Sincerely,

Zachary Hill