# EXHIBIT P



www.shb.com

October 12, 2011

**Ryan Dykal**

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2572 DD
816.421.5547 Fax
rdykal@shb.com

<u>**VIA E-Mail**</u>

Zachary Hill
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
zachary.hill@bingham.com

Re:  *Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin*
     Case No. 2:10-cv-0106-LRH-PAL (D. Nev. filed Jan. 25th, 2010)

Dear Zach:

      I write in response to your letter of September 28, 2011 in which Oracle requests direct access to Rimini's internal SharePoint network. Though the request is submitted as a "request for inspection," in reality it seeks active log-in credentials to Rimini's intranet and internal document management system. We are not aware of any authority supporting the sort of unlimited and unsupervised access to an adversary's internal network that Oracle now requests, and Rimini declines to grant Oracle direct and on-going access to this system for several reasons.

      First, as you are probably aware, Rimini's SharePoint site is the main intranet for Rimini's operations. As such, it contains a large number of Rimini's internal documents, many of which are irrelevant to this matter. Oracle's request is therefore overbroad. Moreover, Rimini has already produced many thousands of documents from this site, and we fail to see why Oracle requires access to *all* the remaining documents on Rimini's SharePoint network.

      Your letter states that Oracle has "located additional transcript selections in which deponents identify responsive information maintained on Rimini's SharePoint site." As previously stated, Rimini has already produced thousands of documents from its SharePoint site, including the sort of documents referenced during the depositions of Rimini deponents. That being said, Rimini remains willing to work with Oracle regarding additional responsive documents Oracle believes are housed on Rimini's SharePoint site. Identify the documents that you believe have not been produced and Rimini will investigate.

      Your letter also asserts that "much of the content discussed in the above selections is maintained on Rimini's SharePoint site in such a way that it is impossible for Oracle to

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

4639357 v1



www.shb.com

October 12, 2011
Page 2

properly review the content if it is produced in standard document form." This argument is unavailing. Frankly, we find it difficult to understand how it would be "impossible" to review documents produced from Rimini's network using standard production techniques. Indeed, Rimini has already produced several native SharePoint files to Oracle, and we remain willing to produce further native SharePoint files at Oracle's request.

Finally, while we are skeptical that there truly is data housed in "a way that it is impossible for Oracle to properly review" other than through direct access to Rimini's internal network, please specifically identify the data Oracle believes would be impossible to review over than by direct inspection and we will investigate the appropriate means for making this information available to Oracle.

Sincerely,

Ryan Dykal

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

4639357 v1