| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>B. Trent Webb, Esq. *(pro hac vice)*<br>Eric Buresh, Esq. *(pro hac vice)*<br>2555 Grand Boulevard<br>Kansas City, Missouri 64108-2613<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>bwebb@shb.com<br>eburesh@shb.com<br><br>Robert H. Reckers, Esq. *(pro hac vice)*<br>600 Travis Street, Suite 1600<br>Houston, Texas  77002<br>Telephone: (713) 227-8008<br>Facsimile: (731) 227-9508<br>rreckers@shb.com | GREENBERG TRAURIG<br>Mark G. Tratos, Esq. (Nevada Bar No. 1086)<br>Brandon Roos, Esq. (Nevada Bar No. 7888)<br>Leslie Godfrey, Esq. (Nevada Bar No. 10229)<br>3773 Howard Hughes Parkway<br>Suite 400 North<br>Las Vegas, NV 89169<br>Telephone:  (702) 792-3773<br>Facsimile:  (702) 792-9002<br>tratosm@gtlaw.com<br>roosb@gtlaw.com<br>godfreyl@gtlaw.com<br><br>LEWIS AND ROCA LLP<br>W. West Allen (Nevada Bar No. 5566)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada 89169<br>Tel: (702) 949-8200<br>Fax: (702) 949-8398<br>WAllen@LRLaw.com<br><br>*Attorneys for Defendants*<br>*RIMINI STREET, INC. and SETH RAVIN* |

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation;<br>ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation;<br>SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANT RIMINI STREET'S EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING CUSTOMER DEPOSITIONS** |

//
//

---

RIMINI STREET INC.'S EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING CUSTOMER DEPOSITIONS
2:10-CV-106

348016 V1

# RIMINI STREET'S EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING CUSTOMER DEPOSITIONS

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Rimini Street, Inc. ("Rimini Street") files this motion for a protective order regarding depositions of current and former Rimini Street customers. Rimini Street requests that the Court enter an order precluding Oracle from questioning Rimini Street's current and former customers regarding all plea agreements, jury verdicts, or stipulations from litigation involving TomorrowNow, specifically, *Oracle USA, Inc., et al. v. SAP AG*, et al., 07-CV-1658 PJH (N.D. Cal.) and the *United States of America v. TomorrowNow, Inc.*, No. CR 11-00642 PJH (N.D. Cal.). A proposed order is attached herewith.

## I.   REQUEST FOR EXPEDITED TREATMENT

Over the next four weeks, Oracle will be taking a total of 14 additional depositions of Rimini Street customers for which this Protective Order would apply, including several depositions this week. Accordingly, Rimini Street requests expedited treatment of this motion such that, if possible, the Court may provide a resolution to the parties' dispute prior to the currently scheduled depositions.

## II.   INTRODUCTION AND FACTUAL BACKGROUND

Oracle is using its customer depositions in this case to harm Rimini Street's relationship with active customers through the use of highly prejudicial questions and irrelevant documents relating to litigation involving TomorrowNow. Specifically, Oracle is using its customer depositions improperly to scare Rimini's customers by referring to the criminal indictment of and large verdict against TommorwNow and by implying that Rimini is engaging in the same illegal and criminal conduct. An exemplary line of questioning is reproduced below from a deposition that

1  occurred on November 3, 2011 (attached as Ex. A).[1] ████████████

2  ████████████████████████████████████████████████

3

4

5

6

7  ████████ The questions asked in no way required the use of the TomorrowNow indictment

8  or even any reference to TomorrowNow.  Indeed, as is evidenced below, Oracle's counsel did not

9  even have a good faith belief that the witness knew anything about TomorrowNow.  The improper

10 motivation behind the entire line of questioning could not be more evident:

11

12

13

14

15

16

17

18

19

20

21

22

23

---

[1] On November 3, 2011, Oracle, represented by Ms. Marjory Gentry, Esq., deposed Kim Cabada, designee for CKE Restaurants, Inc. ("CKE").  CKE is a current customer with Rimini Street for PeopleSoft software support.  Ms. Cabada was represented by Mr. Charles Seigel on behalf of CKE Restaurants, Inc.

████████████████████████████████████████████████

[3] Exhibit 606 is attached to this Emergency Motion as Exhibit B.

348016 v1



This line of questioning serves no legitimate purpose in this litigation. Instead, Oracle is abusing the discovery process to imply to Rimini's clients that Rimini is involved in illegal activity. This is an abusive and harmful misuse of discovery. To prevent Oracle's scare tactics from unnecessarily harming Rimini Street's current business relationships, Rimini Street seeks the Court's

protection. Rimini respectfully requests the Court prohibit Oracle from referencing any criminal or civil liability by TomorrowNow during the depositions of Rimini's customers.

### III. LEGAL STANDARD

Rule 26(c)(1) empowers this Court to issue for good cause an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The party seeking a protective order may show good cause by showing "specific prejudice or harm [that] will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Furthermore, courts have issued protective orders precluding depositions or deposition topics when the information sought is irrelevant or prejudicial. *See Ginena v. Alaska Airlines, Inc.*, 2011 U.S. Dist. LEXIS 116656, at *5-*6 (D. Nev. Oct. 6, 2011) (precluding the deposition of a witness because his testimony was "neither relevant to any party's claim nor defense or reasonably calculated to lead to admissible evidence."); *Tran v. Sonic Indus. Servs., Inc.*, 2010 U.S. Dist. LEXIS 120123, at *5 (W.D. Okla. Nov. 12, 2010) (granting a protective order preventing Plaintiff's counsel from asking overly broad questions); *McDonald v. HCA Health Servs. of Oklahoma, Inc.*, 2006 U.S. Dist. LEXIS 89798, at *16-*18 (W.D. Okla. Dec. 11, 2006) (prohibiting Defendant's counsel from a line of questioning because the subject was highly prejudicial and had little relevance to the case).

### IV. GOOD CAUSE SUPPORTS THE REQUESTED PROTECTIVE ORDER

Oracle's use of customer depositions as an opportunity to scare Rimini's customers by referring to the criminal indictment of TommorwNow and by implying that Rimini is engaging in the same illegal and criminal conduct is highly prejudicial. The present facts are analogous to those in *McDonald v. HCA Health Services of Oklahoma*, in which the court granted the Plaintiff's Motion for Protective Order prohibiting the Defendant's counsel from asking certain questions during a deposition. 2006 U.S. Dist. LEXIS 89798 (W.D. Okla. Dec. 11, 2006). In *McDonald*, the Plaintiff

moved for a protective order regarding the Defendant's questions about Plaintiff's alleged removal of confidential patient information from her previous employer. *Id.* at *17-*18. Plaintiff argued that these questions, if directed towards the Plaintiff's current employer, Dr. Lee, would seriously harm her relationship with Dr. Lee. *Id.* at *17. In granting the motion, the Court noted that Dr. Lee, had "no personal knowledge of Plaintiff's alleged conduct, nor does it appear from the record that Dr. Lee would have any personal knowledge of the policies, procedures and practices" of Plaintiff's former employer. *Id.* at *17-*18. Thus, the *McDonald* Court agreed with Plaintiff, finding that such questions "would very likely be highly prejudicial and harmful to her current employment, but would have very limited relevance, if at all, to the issues of the case." *Id.*

Like the Plaintiff in *McDonald*, Rimini seeks to limit questions designed to harm Rimini's relationships with its customers. As demonstrated from the excerpt from the CKE deposition above, Oracle's questions about TomorrowNow serve no purpose, at least no legitimate purpose. In fact, Oracle made no attempt to tie the TomorrowNow plea agreement to any issue in this case or even to establish whether the witness had any knowledge at all regarding TomorrowNow. As was the case in *McDonald,* Oracle's questions are "very likely be highly prejudicial and harmful to" Rimini's customers relationships but "have very limited relevance, if at all, to the issues of the case." *Id.* Good cause exists for putting a stop to Oracle's improper TomorrowNow inquiry by entering a protective order precluding Oracle from questioning Rimini Street's current and former customers regarding all plea agreements, jury verdicts, or stipulations from litigation involving TomorrowNow, specifically, *Oracle USA, Inc., et al. v. SAP AG*, et al., 07-CV-1658 PJH (N.D. Cal.) and the *United States of America v. TomorrowNow, Inc.*, No. CR 11-00642 PJH (N.D. Cal.).

## V.   CONCLUSION

For good cause shown, Rimini Street requests that the Court grant its motion for a protective order instructing that Oracle may not question Rimini Street's current and former

customers regarding all plea agreements, jury verdicts, or stipulations from litigation involving TomorrowNow.

| DATED: NOVEMBER 7, 2011 | SHOOK, HARDY & BACON<br><br>By:  /s/ Eric Buresh<br>B. Trent Webb, MO Bar No. 40778<br>Eric A. Buresh, MO Bar No. 52407<br>Robert H. Reckers, TX Bar No. 24039520<br>SHOOK, HARDY & BACON L.L.P.<br>2555 Grand Blvd.<br>Kansas City, MO 64108-2613<br>816-474-6550 Telephone<br>816-421-5547 Facsimile<br>    Attorney for Defendants<br>    Rimni Street, Inc. and Seth Ravin |
|---|---|

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By:    /s/ Eric Buresh
Eric A. Buresh, MO Bar No. 52407
Attorney for Defendants
Rimini Street, Inc. and Seth Ravin