# EXHIBIT I

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
3  J. DOUGLAS WILSON (DCBN 412811)
   Deputy Chief, Criminal Division
4  KYLE F. WALDINGER (ILBN 6238304)
   SUSAN F. KNIGHT (CABN 209013)
5  Assistant United States Attorneys
6    450 Golden Gate Avenue, 11th Floor
     San Francisco, California 94102
7    Telephone: (415) 436-6830/(408) 535-5056
     Facsimile: (415) 436-7234
8    E-mail:    kyle.waldinger@usdoj.gov
                susan.knight@usdoj.gov
9
   Attorneys for Plaintiff
10
                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12
                          OAKLAND DIVISION
13 UNITED STATES OF AMERICA,       )   No. CR 11-00642 PJH
                                   )
14      Plaintiff,                 )
                                   )
15   v.                            )   PLEA AGREEMENT
                                   )
16 TOMORROWNOW, INC.,              )
                                   )
17      Defendant.                 )
                                   )
18 _____)

19      Defendant TOMORROWNOW, INC. ("TOMORROWNOW" or "Defendant") and the
20 United States Attorney's Office for the Northern District of California (hereafter "the
21 government") enter into this written plea agreement (the "Plea Agreement" or "Agreement")
22 pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:
23 TOMORROWNOW's Promises
24      1.    *The Charges, Elements, and Penalties*: TOMORROWNOW agrees to waive
25 indictment and to plead guilty to the captioned Information charging it with unauthorized access
26 to a protected computer, in violation of 18 U.S.C. § 1030(a)(4) (Counts One through Eleven),
27 and criminal copyright infringement, in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C.
28 § 2319(b)(1) (Count Twelve).

PLEA AGREEMENT
CR 11-00642 PJH

TOMORROWNOW agrees that the elements of a violation of 18 U.S.C. § 1030(a)(4) are as follows: (1) the defendant accessed a protected computer without authorization, or in excess of authorized access; (2) the defendant acted with the intent to defraud; (3) the defendant furthered the intended fraud by the unauthorized access or access in excess of authorization; and (4) the defendant obtained anything of value.

TOMORROWNOW agrees that the elements of a violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(b)(1) are as follows: (1) copyrights existed for the works at issue; (2) the defendant infringed the copyrights; (3) the defendant acted willfully; (4) the infringement was done for purposes of commercial advantage or private financial gain; and (5) the offense consists of the reproduction or distribution, during any 180-day period, of ten or more copies of 1 or more copyrighted works, which had a total retail value more than $2,500.

TOMORROWNOW agrees that as a corporate defendant, it is liable for the actions of its employees and agents, performed in the course and scope of their employment or agency, and carried out for the benefit of the employer.

TOMORROWNOW agrees that the maximum penalties for the charged offenses are as follows:

| | | | |
|---|---|---|---|
| a. | Maximum fine: | | A maximum fine of either $500,000/count or twice the gross gain or loss resulting from the unlawful conduct, if any person derived pecuniary gain from the offense, or the offense resulted in a pecuniary loss to a person (18 U.S.C. § 3571) |
| b. | Maximum probation term: | | 5 years (18 U.S.C. § 3561) |
| c. | Mandatory special assessment: | | $400/count (18 U.S.C. § 3013) |
| d. | Restitution: | | As determined by the Court |

2. TOMORROWNOW agrees that it is guilty of the offenses to which it is pleading guilty, and agrees that the following facts are true:

*Factual Basis for Plea*

a. TOMORROWNOW, a corporation headquartered in Bryan, Texas, was a company that provided third-party maintenance and support services to business, government,

PLEA AGREEMENT
CR 11-00642 PJH                                             2

and other organizations that used enterprise software licensed from Oracle Corporation ("Oracle") or one of its related entities, including from Oracle's predecessor companies PeopleSoft, JD Edwards, and Siebel Systems. TOMORROWNOW conducted business, and had customers, throughout the United States and the world.

  b.  Oracle was engaged in the business of developing and marketing enterprise software. Oracle also offered maintenance and support services to organizations throughout the United States and the world that had licensed its software. This software included products in Oracle's PeopleSoft, Enterprise One, and World product lines. Oracle also maintained computer servers at a data center in Pleasanton, California, which servers contained software and related documentation pertaining to certain Oracle product lines. These materials were downloaded over the Internet by Oracle customers throughout the United States and the world. The authority of any particular customer to download materials was governed by Oracle's license agreements with that customer, as well as by the terms of use specified on Oracle-maintained websites.

  c.  During approximately the 2005–2007 time period, TOMORROWNOW was engaged in an effort to convince Oracle customers that had licensed Oracle's software to terminate their use of Oracle's maintenance and support services for that software and instead to retain TOMORROWNOW to provide those maintenance and support services. As a result of these efforts, a number of Oracle customers did switch from using Oracle's maintenance and support services to using TOMORROWNOW for such services. In order to service some customers, TOMORROWNOW obtained copies of the Oracle software and related documentation that the customer had licensed from Oracle. One of the ways that TOMORROWNOW obtained some of these materials was by downloading the materials from Oracle websites using a customized software tool called "Titan."

  d.  On the dates alleged in Counts One through Eleven of the Information, employees of TOMORROWNOW downloaded Oracle software and related documentation from Oracle's servers, including from servers located in Pleasanton, California. In some instances, the log-in credentials of the Oracle licensees that were used by TOMORROWNOW employees had expired and, therefore, the TOMORROWNOW employees' access to Oracle's servers was unauthorized.

PLEA AGREEMENT
CR 11-00642 PJH             3

In other instances, although the log-in credentials for the Oracle licensees had not expired, the items downloaded by the TOMORROWNOW employees were in excess of the access rights granted to the customers by Oracle under Oracle's license agreement with those customers. Accordingly, in each instance alleged in the Information, neither TOMORROWNOW, nor the Oracle customer whose log-in credentials were used, had authorization from Oracle to download the specific items identified in the Information.

  e. TOMORROWNOW employees' downloads of Oracle materials on the dates alleged in the Information or on prior dates either (1) were completed as part of the mass "on boarding" effort on TOMORROWNOW's part to transition the Oracle customer from Oracle support services to TOMORROWNOW support services or (2) represented TOMORROWNOW employees' use of a non-expired Oracle log-in credentials of one customer to obtain materials for use on behalf of another customer whose Oracle log-in credentials had expired. TOMORROWNOW employees were aware that they were not permitted to log on to Oracle websites using the log-in credentials of an Oracle licensee if those log-in credentials had expired. TOMORROWNOW employees were also aware that they were not permitted to download materials in excess of the access rights disclosed to TOMORROWNOW by the Oracle customer.

  f. Based on these facts, TOMORROWNOW agrees that, by and through the actions of its employees, it knowingly accessed Oracle's computer servers on the dates alleged in the Information without authorization, or in excess of authorized access, that it did so with the intent to defraud, and that by such conduct, it furthered the intended fraud and obtained things of value, which included Oracle software and related documentation. TOMORROWNOW further agrees that Oracle's servers qualified as "protected computers" under 18 U.S.C. § 1030(a)(4), because those servers were used in interstate or foreign commerce or communication.

  g. In addition to the downloads of Oracle materials described above, TOMORROWNOW employees also made numerous copies of Oracle copyrighted software applications on TOMORROWNOW computer systems, and did so without authorization and without license. TOMORROWNOW employees installed partial or full copies of these Oracle copyrighted software applications on TOMORROWNOW's computer systems. These partial or

PLEA AGREEMENT
CR 11-00642 PJH           4

full installations were referred to as "environments." After March 1, 2005, TOMORROWNOW employees made at least 6,189 "environment" copies of Oracle's PeopleSoft software, at least 29 "environment" copies of Oracle's J.D. Edwards software, and at least 31 "environment" copies of Oracle's Siebel software. Each of these copies constituted an infringement of numerous copyrighted works.

      h.    In creating the "environment" copies referred to above, TOMORROWNOW employees made at least 10 copies of at least one Oracle copyrighted work during at least one 180-day period. Those copies had a total retail value of more than $2,500.

      i.    TOMORROWNOW employees engaged in this copying of Oracle software in order to provide service to TOMORROWNOW customers, and as a result attract new TOMORROWNOW customers.

      j.    Based on these facts, TOMORROWNOW agrees that, by and through the actions of its employees, it willfully infringed the copyrights of Oracle's copyrighted works during the period alleged in Count Twelve of the Information, and that it did so for the purpose of commercial advantage and private financial gain. TOMORROWNOW also agrees that at least 10 copies of at least one Oracle copyrighted work were made during at least one 180-day period, and that these copies had a total retail value of more than $2,500.

      3.    Pursuant to Federal Rule of Criminal Procedure 7(b), TOMORROWNOW will waive indictment and plead guilty on the day of arraignment, or on the date of the next appearance set by the Court, to the charges in the captioned Information. TOMORROWNOW agrees to give up all rights that it would have if it chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other applicable Fourth or Fifth Amendment claims; to any further discovery from the government, and to pursue any affirmative defenses and present evidence. TOMORROWNOW agrees to waive any statute of limitations defense or venue defense which it may be entitled to assert with respect to the offenses charged in the Information filed in this matter.

      4.    TOMORROWNOW agrees to give up its right to appeal its conviction, the

PLEA AGREEMENT
CR 11-00642 PJH                    5

judgment, and orders of the Court. It also agrees to waive any right it may have to appeal any aspect of its sentence, including any orders relating to restitution.

     5.    TOMORROWNOW agrees not to file any collateral attack on its conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after it is sentenced, except for a claim that its constitutional right to the effective assistance of counsel was violated.

     6.    TOMORROWNOW understands that the Court retains complete discretion to accept or reject the recommended sentence provided for in paragraph 10 of this Plea Agreement. TOMORROWNOW agrees not to ask the Court to withdraw its guilty pleas at any time after they are entered, unless the Court declines to accept the sentence agreed to by the parties. TOMORROWNOW agrees that the government may withdraw from this Agreement if the Court does not accept the agreed-upon sentence set out below. TOMORROWNOW agrees that if the Court does not accept the agreed-upon sentence set out below, the statute of limitations shall be tolled from the date TOMORROWNOW signed the Plea Agreement until the date the Court does not accept the Plea Agreement.

     7.    TOMORROWNOW agrees to provide cooperation to the government in its continuing investigation of possible violations of federal law which may have been committed by individuals stemming from the events which are the subject of the Information filed in this case and the facts recited in paragraph 2, *supra*, including producing relevant documents and working to facilitate the availability of its own officers and employees and former officers and employees for interviews that may be requested by the government. To the extent that TOMORROWNOW does not itself possess the resources, information, and access to witnesses to provide the cooperation called for by this Agreement, TOMORROWNOW represents and promises that such resources, information, and access to witnesses will be provided by one or more of its corporate parents.

Applicability of Sentencing Guidelines

     8.    TOMORROWNOW understands and acknowledges that, at sentencing, the Court is required to consider the United States Sentencing Guidelines, together with the other

PLEA AGREEMENT
CR 11-00642 PJH           6

sentencing goals set forth in Title 18, United States Code, Section 3553(a). TOMORROWNOW understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight that provide guidance for the sentencing of TOMORROWNOW, must be considered by the Court.

Sentencing Agreement

9. The United States and Defendant jointly submit that this Plea Agreement, together with the record in the related civil action *Oracle USA, Inc., et al. v. SAP AG, et al.*, 07-CV-1658 PJH (N.D. Cal.), will provide sufficient information concerning TOMORROWNOW, the crimes charged in this case, and TOMORROWNOW's role in the crimes to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. This Agreement and the record in the related civil action may be further supplemented by Sentencing Memoranda submitted by the parties. The United States and Defendant agree to request jointly that the Court accept Defendant's guilty pleas and impose sentence on an expedited schedule as early as the date of entry of guilty plea under the provisions of Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), U.S.S.G. § 6A1.1(a)(2), and Rule 32-1(b) of the Criminal Local Rules of the U.S. District Court for the Northern District of California. TOMORROWNOW waives its right to a presentence investigation under Federal Rule of Criminal Procedure 32(c) prior to sentencing. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

10. TOMORROWNOW agrees that a reasonable and appropriate disposition of this case, applying factors set forth in 18 U.S.C. § 3553(a), is as follows:

    a. <u>Fine</u>. TOMORROWNOW shall pay a fine to the United States in the amount of Twenty Million Dollars ($20,000,000.00) on the day of sentencing.

    b. <u>Restitution.</u> In light of the pending related civil action, captioned *Oracle USA, Inc., et al. v. SAP AG, et al.*, 07-CV-1658 PJH (N.D. Cal.), which provides for a recovery of, at a minimum, actual damages, and in light of the fact that SAP AG and SAP America, Inc. have separately agreed through a formal stipulation and order to guarantee payment of the ultimate judgment awarded against TOMORROWNOW (*see* Docket No. 965, p. 2, par. 2), the parties

PLEA AGREEMENT
CR 11-00642 PJH                               7

have agreed that restitution not be included in the criminal sentence. Further, based on the facts set out above and in the record in the related civil action, the parties have agreed that determining complex issues of fact related to the cause or amount of the victim Oracle's losses would complicate or prolong the sentencing process to a degree that the need to fashion a restitution order in the instant case is outweighed by the burden on the sentencing process. *See* 18 U.S.C. § 3663A(c)(3)(B). In any event, TOMORROWNOW, along with its co-defendants in the related civil action, shall pay Oracle the amount of damages determined by the Court in that civil action after all appeals and proceedings in that action are complete. The parties agree that that amount, together with any amounts previously paid to Oracle by TOMORROWNOW or its co-defendants in the civil action, should be considered full and complete restitution under 18 U.S.C. § 3663A.

    c.    <u>Mandatory Special Assessment</u>: Pursuant to 18 U.S.C. § 3013, TOMORROWNOW will pay a Four Thousand Eight Hundred Dollar ($4,800.00) mandatory special assessment at the time of sentencing.

    d.    <u>Probation</u>: TOMORROWNOW will be placed on organizational probation for a term of three (3) years, starting the day TOMORROWNOW is sentenced by the Court. The terms of probation shall be:

    i.    <u>No further violations</u>. TOMORROWNOW shall commit no further violations of federal, state, or local law, and shall conduct all its operations in accordance with the laws of the United States.

    ii.    <u>Payments</u>. Payment in full of the monetary amounts set forth herein including all special assessments, fines, and restitution.

    iii.    If TOMORROWNOW changes its name, the renamed company shall be obliged to meet all of the obligations of TOMORROWNOW under this Agreement. If TOMORROWNOW merges with another company, the newly created or merged company shall be obliged to meet all of the obligations of TOMORROWNOW under this Agreement. To the extent that TOMORROWNOW does not itself possess the assets to pay the monetary penalties called for by this Agreement, TOMORROWNOW represents and promises that those penalties will be paid by one or more of its corporate parents.

PLEA AGREEMENT
CR 11-00642 PJH         8

11.     TOMORROWNOW agrees not to commit or attempt to commit any crimes before sentence is imposed.  It also agrees not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government, and not to fail to comply with any of the other promises it has made in this Agreement.  TOMORROWNOW agrees that, if it fails to comply with any promises it has made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in paragraphs 14 through 15 below, but TOMORROWNOW will not be released from its guilty pleas.

12.     TOMORROWNOW agrees that this Agreement contains all of the promises and agreements between the government and TOMORROWNOW, and it will not claim otherwise in the future.

13.     TOMORROWNOW agrees that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

14.     The government agrees not to file or seek any additional charges against the defendant TOMORROWNOW, or against any related corporate entity, including SAP AG and SAP America. Inc., that could be filed as a result of the investigation that led to the captioned Information.

15.     The government agrees that the reasonable and appropriate sentence in this case should be as set forth in paragraph 10 above, unless TOMORROWNOW violates the Agreement as set forth in paragraphs 10 through 11 above or fails to accept responsibility.

TOMORROWNOW's Affirmations

16.     TOMORROWNOW represents that this Agreement shall bind TOMORROWNOW, its successor corporation if any, and any other person or entity that assumes the obligations contained herein ("successors-in-interest").  TOMORROWNOW, or its successors–in-interest, if applicable, shall provide the government and the United States Probation Office for the Northern District of California with immediate notice of any name change, change in corporate or individual control, business reorganization, change in ownership,

PLEA AGREEMENT
CR 11-00642 PJH                                            9

merger, change of legal status, sale or purchase of assets, divestiture of assets, or similar action affecting their ability to pay the fine or otherwise comply with this Agreement. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, divestiture of assets, or similar action shall alter Defendant's obligations under this Agreement. TOMORROWNOW shall not engage in any action to seek to avoid the obligations set forth in this Agreement.

17. TOMORROWNOW understands that its conviction may subject it to various collateral consequences, including but not limited to the suspension or revocation of any regulatory licenses or permits TOMORROWNOW holds and suspension or debarment of TOMORROWNOW from contracting with the United States or with any office, agency, or department thereof. By this Agreement, the government makes no representation or promise concerning suspension or revocation of any regulatory licenses or permits or suspension or debarment. In particular, suspension and debarment of organizations convicted under various federal environmental protection and criminal statutes is a discretionary administrative action solely within the authority of federal contracting agencies. TOMORROWNOW understands that unanticipated collateral consequences will not serve as grounds to withdraw TOMORROWNOW's guilty pleas.

18. TOMORROWNOW represents that it is authorized to enter into this Agreement. On or before the date of entry and filing of the Agreement, TOMORROWNOW shall provide to the government and the Court a notarized written statement, certifying that TOMORROWNOW is authorized to enter into and comply with all of the provisions of this Agreement. The resolutions further shall authorize a corporate representative and TOMORROWNOW's counsel to enter into this Agreement, and that all corporate formalities for such authorizations have been observed.

19. TOMORROWNOW confirms that its decision to enter guilty pleas is made knowing the charges that have been brought against it, any possible defenses, and the benefits and possible detriments of proceeding to trial. TOMORROWNOW acknowledges that it has entered into this Agreement freely and voluntarily and that it has been fully advised by counsel,

PLEA AGREEMENT
CR 11-00642 PJH                           10

and that no threats or promises were made to induce it to enter into the guilty plea called for by this Agreement.

MELINDA HAAG
United States Attorney

Dated: 9/14/2011

_____
KYLE F. WALDINGER
Assistant United States Attorney

Dated: 9/14/2011

_____
SUSAN F. KNIGHT
Assistant United States Attorney

As an authorized representative of the defendant TOMORROWNOW, INC., I have read this Agreement and carefully discussed every part of it with TOMORROWNOW's Board of Directors and TOMORROWNOW's criminal defense counsel. We understand the terms of this Agreement, and TOMORROWNOW voluntarily agrees to those terms. TOMORROWNOW's attorneys have advised us of TOMORROWNOW's rights, of possible defenses, of the Sentencing Guidelines provisions, of the various statutory provisions, and of the consequences of entering into this Plea Agreement. No promises or inducements have been made to TOMORROWNOW other than those contained in this Plea Agreement. No one has threatened or forced TOMORROWNOW in any way to enter into this Plea Agreement. Finally, TOMORROWNOW is satisfied with the representation it has received from its attorneys in this matter.

Dated: 9/14/11

_____
MARK WHITE
Executive Chairman
TOMORROWNOW, INC.

PLEA AGREEMENT
CR 11-00642 PJH                                11

I am TOMORROWNOW's attorney. I have carefully discussed every part of this Agreement with the authorized representatives of TOMORROWNOW. Further, I have fully advised the authorized representatives of TOMORROWNOW's rights, of possible defenses, of the Sentencing Guidelines provisions, of the various statutory provisions, and of the consequences of entering in this Plea Agreement. To my knowledge, TOMORROWNOW's decision to enter into this Agreement is an informed and voluntary one.

Dated: 9/14/11

MARTHA BOERSCH
Attorney for TOMORROWNOW, INC.

PLEA AGREEMENT
CR 11-00642 PJH                                    12

## SECRETARY'S CERTIFICATE

## TOMORROWNOW, INCORPORATED

I, **Thomas M. Nolan**, certify that I am Secretary of TomorrowNow, Incorporated, a Texas Corporation (the "Corporation"), and that I am authorized to give this Certificate on behalf of the Corporation.

I further certify that the resolutions set forth below have been adopted by the Board of the Directors of Corporation, and that such resolutions remain in full force and effect as of the date of this certificate.

WHEREAS, TomorrowNow, Incorporated has found that it is in the best interest of the corporation to enter into a plea agreement with the United States Attorney's Office for the Northern District of California and to plead guilty to the counts contained in the Information filed on September 8, 2011 in Case No. CR-11-0642-PJH in the United States District Court for the Northern District of California, Oakland Division,

it is

RESOLVED that the Corporation, having been counseled on the Corporation's legal rights and the factual basis for the plea as set forth in Federal Rule of Criminal Procedure 11(b), does hereby authorize to cause its Executive Chairman, Mark White, and such of its outside counsel as the Corporation shall designate, to enter into, execute and comply with a plea agreement substantially in the form of Attachment 1.

RESOLVED, FURTHER, that any and all agreements executed on behalf of the Corporation in connection with the transactions contemplated, and all further actions necessary to complete and effectuate those transactions, including the personal appearance in court to enter a plea of guilty on behalf of the Corporation by Mark White, accompanied by such outside counsel for the Corporation as the Corporation shall designate, hereby are ratified and approved.

IN WITNESS WHEREOF, I have subscribed my name as of the 13th day of September, 2011

By: _____
Thomas M. Nolan
General Counsel and Corporate Secretary

STATE OF __CT__
COUNTY OF __Fairfield__ : SS.

On this __13th__ day of September, before me, __Meyling Solis__ a Notary Public of said State, duly commissioned and sworn, personally appeared THOMAS M. NOLAN, known to me to be the General Counsel and Corporate Secretary of TomorrowNow, Incorporated, a Texas Corporation, whose name is subscribed to the within instrument, and acknowledged that he executed the same on behalf of the Corporation for the purposes therein contained.

IN WITNESS WHEREOF, I set my hand and official seals.

Notary Public: _____

MEYLING SOLIS
NOTARY PUBLIC
MY COMMISSION EXPIRES AUG. 31, 2014