# EXHIBIT 6

# BINGHAM

Thomas S. Hixson
Direct Phone: 415.393.2152
Direct Fax:    415.393.2286
thomas.hixson@bingham.com

December 27, 2011

**Via Email**

Michelle Marriott
Shook, Hardy & Bacon L.L.P.
2555 Grand Boulevard
Kansas City, MO  64108
Email: mlmarriott@shb.com

Re:  *Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin*, Case No. 2:10-cv-00106 (D. Nev.)

Dear Michelle:

I write in response to your December 23, 2011 letter.

First, Oracle re-designates Allison Deposition Exhibit 5 as "Confidential Information" within the meaning of the Protective Order. Contrary to your letter, Mr. Allison did not testify that he likely presented that document to customers. Regardless, the Protective Order defines "Confidential Information" to include, among other things, "non-public . . . business plans or projections" and "current or future business and marketing information, plans and strategies." Protective Order ¶ 3. Exhibit 5 is not a public document, even if some of the content in the document had been presented to certain customers as part of other presentations, and Exhibit 5 contains business plans and projections, as well as then-current and future business and marketing information, plans and strategies.

Second, as to your request for the handbook and global approval matrix, Oracle declines to produce those. Fact discovery is closed. The parties stipulated, and the Court ordered, that December 5, 2011 was the close of fact discovery. Joint CMC Statement and Order, Dkt. No. 161, dated Aug. 4, 2011, at 9. In addition, the parties stipulated that "[t]o facilitate the completion of fact discovery by December 5, the Parties have agreed that the last day to serve requests for production and interrogatories will be October 3, 2011." *Id*. at 7 n.2. We have reviewed Rimini's requests for production that were propounded during fact discovery, and the handbook and global approval matrix are not responsive to any of them. Additional requests for production at this point contravene the fact discovery cutoff, the parties' stipulation that no requests for production would be served after October 3, and the Court's guidance that the parties have "the

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T +1.415.393.2000
F +1.415.393.2286
bingham.com

A/74671803.1

Michelle Marriott
December 27, 2011
Page 2

obligation to do discovery during the original discovery cutoff." Nov. 8, 2011 CMC Transcript at 37:4-6.

Third, your letter requests access to Oracle's contract database for contracts between Oracle and Rimini's customers. Again, we have reviewed Rimini's discovery requests, and none of them requested this access. Fact discovery is now closed. In addition, your letter incorrectly states that Oracle has not produced customer licenses as they are kept in the ordinary course of business. That is wrong. Oracle has produced the relevant license agreements as they are kept in the ordinary course of business.

Sincerely yours,

Thomas S. Hixson