# EXHIBIT A

| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>B. Trent Webb, Esq. *(pro hac vice)*<br>Eric Buresh, Esq. *(pro hac vice)*<br>2555 Grand Boulevard<br>Kansas City, Missouri 64108-2613<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>bwebb@shb.com<br>eburesh@shb.com<br><br>Robert H. Reckers, Esq. *(pro hac vice)*<br>600 Travis Street, Suite 1600<br>Houston, Texas 77002<br>Telephone: (713) 227-8008<br>Facsimile: (731) 227-9508<br>rreckers@shb.com | LEWIS AND ROCA LLP<br>W. West Allen (Nevada Bar. No. 5566)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada 89169<br>Tel: (702) 949-8200<br>Fax: (702) 949-8398<br>WAllen@LRLaw.com<br><br>GREENBERG TRAURIG<br>Mark G. Tratos, Esq. (Nevada Bar No. 1086)<br>Brandon Roos, Esq. (Nevada Bar No. 7888)<br>Leslie Godfrey, Esq. (Nevada Bar No. 10229)<br>3773 Howard Hughes Parkway<br>Suite 400 North<br>Las Vegas, NV 89169<br>Telephone: (702) 792-3773<br>Facsimile: (702) 792-9002<br>tratosm@gtlaw.com<br>roosb@gtlaw.com<br>godfreyl@gtlaw.com |

*Attorneys for Defendants*
*RIMINI STREET, INC. and SETH RAVIN*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI'S SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30 (b)(6)** |

TO: Plaintiffs Oracle USA, Inc., a Colorado Corporation, Oracle America, Inc., a Delaware Corporation; and Oracle International Corporation, a California Corporation, by and through its attorney of record Kieran P. Ringgenberg, Boies, Schiller & Flexner, LL 1999 Harrison Street, Oakland CA 94612.

**RIMINI'S SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

1  PLEASE TAKE NOTICE that Rimini Street, Inc. ("Rimini") will take the deposition of a corporate
2  representative pursuant to Fed. R. Civ. P. 30(b)(6), on October 12, 2011 at 8:30 am.  The deposition
3  shall take place at Greenberg Traurig, 3773 Howard Hughes Parkway, Suite 400 North, Las Vegas,
4  NV 89169 commencing at the designated date and time, and shall continue on consecutive days
5  thereafter until completed.  The deposition will be videotaped and stenographically recorded by a
6  person authorized by law to administer oaths.  Pursuant to Fed. R. Civ. P. 30(b)(6), Oracle shall
7  designate one or more officers, directors, managing agents or other persons who consent to testify on
8  its behalf with respect to the topics set forth in Schedule A.   At least ten business days prior to the
9  date of the deposition, Oracle is also requested to provide Rimini's counsel with written notice of the
10 name(s) and position(s) of the designee(s) who will testify on behalf of Oracle, and to identify the
11 matters to which each designee will testify.

13 Dated: Sept. 28, 2011

15                                                                 By: /s/ Eric Buresh
                                                                   SHOOK, HARDY & BACON LLP
16                                                                 B. Trent Webb, Esq.
                                                                   Eric Buresh, Esq.
17                                                                 2555 Grand Boulevard
                                                                   Kansas City, Missouri 64108-2613
18                                                                 Telephone: (816) 474-6550
                                                                   Facsimile: (816) 421-5547
19                                                                 bwebb@shb.com
                                                                   eburesh@shb.com
20
                                                                   Robert H. Reckers, Esq.
21                                                                 600 Travis Street, Suite 1600
                                                                   Houston, Texas   77002
22                                                                 Telephone: (713) 227-8008
                                                                   Facsimile: (731) 227-9508
23                                                                 rreckers@shb.com

- 2 -

**RIMINI'S SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

## **SCHEDULE A**

**I.      DEFINITIONS AND INSTRUCTIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions and instructions apply to each topic contained herein, and are deemed to be incorporated in each of said requests:

1.      "Oracle," "you" or "your" means all named plaintiffs in this case, and all of their present and former officers, directors, agents, consultants, attorneys, employees, or other persons acting for or on behalf of any of them, and all of their parents, subsidiaries and affiliates.

2.      The term "Defendants" refers to the named defendants in this litigation, Rimini Street, Inc. and Seth Ravin.

3.      The term "Software Support" means any service provided for Oracle software programs identified in Oracle's Second Amended Complaint, including services providing program updates, software updates, bug fixes, patches, custom or partial solutions, and/or instructional documents.

4.      "Document(s)" shall be synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including without limitation, hard copies, electronic documents, electronic or computerized data compilations, software, software images, or downloads.  This term shall apply to documents, whether in hard copy or electronic form, on your computers or the computers of your employees and independent contractors or consultants, whether provided by you to such individuals or otherwise.

5.      "This Action" refers to this lawsuit, captioned as Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation v. Rimini Street Inc., and Seth Ravin, Case No. 2:10-cv-0106-LRH-PAL (D. Nev.).

6.      Unless otherwise stated, the time period covered by these topics is the time period beginning January 1, 2004.

- 3 -

**RIMINI'S SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

**II.     TOPICS**

1.     From 2004 to present, Oracle's pricing of Software Support for PeopleSoft, J.D. Edwards, and Siebel families of software products, including the methods used to derive the price of Software Support, any increases or decreases in price, and how Oracle acquisitions impacted the methods for pricing Software Support.

2.     Oracle's projected and actual yearly revenue, fixed costs, incremental costs, and profit margins for Oracle Software Support from 2004 to present.

3.     Oracle's operating profit from 2004 to the present for the follow categories: the initial sale of PeopleSoft, J.D. Edwards, and Siebel software; Software Support for the first five years after initial sale; Software Support for extended support; and Software Support for sustaining support.

4.     Oracle's projected and actual yearly sales revenue, cancellation rates and renewal rates for Oracle Software Support from 2004 to the present.

5.     Oracle's method for recognizing revenue relating to PeopleSoft, J.D. Edwards, and Siebel sales in financial statements, including how discounts were allocated, whether maintenance for the first year was included in license sales, and how services, including consulting, training, and implementation, were allocated to which line of business.

6.     For each of the following groups of copyright registrations identified in Oracle's Second Amended Complaint, a comparison of each of the registered works with previous, subsequent, or related versions of that work:

    a.     PeopleTools

    b.     PeopleSoft Financials, Distribution, & Manufacturing

    c.     PeopleSoft HRMS

    d.     PeopleSoft Financials and Supply Chain Management

    e.     PeopleSoft Enterprise Performance Management

    f.     Oracle Enterprise Edition

    g.     PeopleSoft Customer Relationship Management

    h.     PeopleSoft Promotions Management, Collaborative Supply Management,

**RIMINI'S SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

1    eRFQ, Supplier Connection, and Supply Chain

2    i.    PeopleSoft Student Solutions

3    j.    JDE EnterpriseOne

4    k.    JDE World

5    l.    Oracle Database

6    m.    Siebel

7    n.    PeopleSoft Customer, JDE and Siebel Support Documents

8    7.    For each individual action by Rimini Street for which Oracle intends to seek damages at trial, the allegedly-improper action, whether Oracle contends that the action constitutes copyright infringement or tortious interference (or any other cause of action pleaded in Oracle's Second Amended Petition), the Rimini Street customer on whose behalf the action was taken, and for each customer the specific contractual provision(s) on which Oracle intends to rely at trial to establish or support that the action was improper.

8.    For each allegedly-improper action identified for purposes of Topic 7, whether other third-party software support providers are performing the same actions with respect to their customers, and Oracle's communications with such third-party support providers regarding such actions.

9.    The identity of each Oracle licensee that Oracle contends has breached its contract with Oracle by virtue of Rimini Street's provision of support services, the specific contractual provision(s) breached, any communications with or action taken by Oracle against that customer concerning the alleged breach, and any damages for each alleged breach.

10.    Oracle's communications and contractual negotiations with each Rimini Street customer identified for purposes of Topic 7.

11.    Communications between Oracle and each Rimini Street customer identified for purposes of Topic 7 concerning any alleged breach of the customer's contracts and/or license with Oracle.

12.    For each of the copyrights identified in Oracle's Second Amended Complaint, any

- 5 -

**RIMINI'S SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

instance in which Rimini Street provided the copyrighted work to a customer whose license did not authorize that customer's access to or use of the copyrighted work, when Rimini Street provided such copyrighted work, how Rimini provided such copyrighted work, and whether Oracle took any action in connection with the alleged provision of the copyrighted work.

13. For each of the copyrights identified in Oracle's Second Amended Complaint, any instance where the copyrighted work was downloaded from Oracle's website by anyone who did not have a license to do so, when the alleged downloading occurred, and whether Oracle took any action in connection with the alleged downloading.

14. Oracle's first knowledge of Rimini Street's activities in the third-party software support market, including when Oracle first became aware of Rimini Street, who first learned of Rimini Street's activities, who at Oracle was informed of Rimini Street's activities and any response by Oracle to the awareness of Rimini Street's activities.

15. Whether Rimini Street is a competitor to Oracle.

16. Any customers or contracts Oracle alleges it lost because of Rimini Street, and for each customer or contract, Oracle's revenue derived from that customer or contract for three years prior to losing that customer to Rimini Street.

17. For Oracle support customers lost to any third party competitor, independent consultant, or self support since 2004, the percentage of customers which return to Oracle, how long on average it takes for those customers to return to Oracle, the average amount of fees (including any back fees, reinstatement fees, or penalty fees) that are collected when these customers return.

18. For support customers leaving Oracle and subsequently returning, the purpose of charging these customers any additional fees, including, but not limited to: back fees, reinstatement fees, or penalty fees.

19. All actions taken by Oracle to investigate Rimini Street's activities in the third-party software support market, including identification of Oracle employees involved in the investigation, any third parties involved in the investigation, what steps were taken by Oracle, when the investigations commenced, all results of the investigations, and who at Oracle was informed of any

- 6 -

**RIMINI'S SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

1  results from the investigations.

2  20. Oracle's willingness to grant Rimini a license for its support of PeopleSoft, J.D.
3  Edwards, Siebel and Oracle software, the terms and conditions of such a license as well as the
4  pricing of such a license.

5  21. Oracle's practice of delivering Oracle software or materials to Rimini Street as
6  requested by Oracle licensees, including the date Oracle first delivered software or materials to
7  Rimini Street on behalf of an Oracle customer, the identification of all Oracle customers that
8  requested Oracle deliver software or materials to Rimini Street, the identification of all Oracle
9  customers for whom Oracle delivered software or materials to Rimini Street, the date when Oracle
10 ceased delivering software or materials to Rimini Street on behalf of Oracle customers, and the
11 reasons Oracle chose to deliver and/or stop delivering software or materials to Rimini Street.

12 22. Oracle's pre-suit investigation of Rimini Street, including an identification of Oracle
13 employees and/or third parties who conducted the pre-suit investigation on behalf of Oracle, the date
14 on which Oracle began to investigate Rimini Street, the results of such investigation, and actions or
15 decisions by Oracle as a result of the investigation.

16 23. Pre-suit communications between Oracle and Rimini Street regarding Oracle's
17 investigation of Rimini Street, and any internal Oracle discussions or actions taken in response to
18 communications from Rimini Street.

19 24. Oracle's practice of entering into license agreements with third parties whereby the
20 third party is permitted to use Oracle's intellectual property to compete for Oracle's customers,
21 including all instances in which Oracle has granted a license in Oracle's intellectual property to any
22 third party software support competitor.

23 25. Oracle's practice of entering into license agreements with third parties whereby the
24 third party is permitted to copy Oracle software and support materials to create fixes, patches, and/or
25 updates to Oracle software, including all instances in which Oracle has granted a license for Oracle
26 software and support materials to create fixes, patches, and/or updates to Oracle software.

27 26. In connection with Rimini Street's alleged activities, all instances in which Oracle

28

- 7 -
**RIMINI'S SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

1  lost the opportunity to license Oracle copyrighted software as well as any lost customers, and for
2  every lost customer the revenue for that customer for the last five years.

3      27.    The impact of Rimini Street's alleged activities on Oracle's business, including Soft
4  charged for Support, Support renewal rates, cancellation rates, profits and revenue.

5      28.    On a customer by customer basis, any alleged damages incurred by Oracle because of
6  Rimini's alleged activities, including the category of damages and amount of damages.

7      29.    Whether Oracle offers or has ever offered partial or custom fixes, patches or updates
8  for Oracle's PeopleSoft, J.D. Edwards, and Siebel families of software products, and if so Oracles'
9  fees, costs and profit margins for such partial or custom fixes, patches, or updates.

10     30.    For each Rimini Street customer, whether Oracle received full payment under the
11 relevant contracts between Oracle and the customer (for example, the Software License and Services
12 Agreement), and if not, any action taken by Oracle to collect payment in full.

13     31.    The impact of the economic downturn from 2007 to the present time on Oracle's
14 Software Support renewals.

15     32.    Oracle's knowledge of alternatives to Oracle Software Support, including but not
16 limited to:

17     a.    Software competitors,
18     b.    Support competitors,
19     c.    Self support, or
20     d.    Support by independent consultants.

21     33.    With respect to Oracle's knowledge of alternatives to Oracle Software Support,
22 whether Oracle permits support by Software Competitors, Support Competitors, self-support, and/or
23 support by independent consultants, and if so, the reasons such support is permissible to Oracle.

24     34.    With respect to Oracle's knowledge of alternatives to Oracle Software Support, by
25 whom the alternative service is/was provided, the price for any alternative, and any competitive
26 analysis performed by Oracle with respect to the alternatives.

27     35.    On a yearly basis since 2004, the number of Oracle Support Software renewals that

28
- 8 -
**RIMINI'S SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

were lost to third party support competitors; the revenue, costs and profit attributed to those losses; any third party support competitor to which Oracle lost renewals and the amount of sales lost to each such third party support competitor.

36. For the sale of Oracle Software Support, whether Oracle competes on price and whether Oracle will discount its services and/or products to compete in the marketplace.

37. On a yearly basis since 2004, the number of Oracle Support Software renewals that were lost due to customers electing to support themselves and the revenue, costs and profit attributed to those losses.

38. On a yearly basis since 2004, the number of Oracle Support Software renewals that were lost to independent third party consultants and the revenue, costs and profit attributed to those losses; any independent third party consultant to which Oracle lost renewals and the amount of sales lost to each such independent third party consultant.

39. Oracle's knowledge of the causes of its losses of Software Support customers, including, but not limited to:

  a. poor customer service,

  b. inability to remedy support issues,

  c. cost,

  d. customers not wanting to upgrade their software,

  e. Oracle no longer providing customers tax and regulatory updates, patches, fixes, etc., or

  f. poor economic conditions.

40. For former Oracle support customers who elect to perform self support, whether Oracle permits such customers to maintain non-production environments for Oracle's PeopleSoft, J.D. Edwards, and Siebel families of software products; to remotely host non-production environments; to create patches, fixes and updates; and to download support materials prior to the expiration of Oracle support contract.

41. For former Oracle customers who elect to utilize independent consultants for support,

- 9 -
**RIMINI'S SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

whether Oracle permits such customers to maintain non-production environments for Oracle's PeopleSoft, J.D. Edwards, and Siebel families of software products; to remotely host non-production environments; to create patches, fixes and updates; and to download support materials prior to the expiration of Oracle support contract.

42. Provisions in Oracle's license agreement(s) with each Rimini Street customer that restrict or in any way limit the licensee from creating and/or using the following non-production copies of Oracle software and support material:

    a. test and/or development copies,

    b. staging copies,

    c. back-up and/or disaster recovery copies,

    d. copies of code objects made to develop or implement updated code.

43. Oracle's recommendations and/or instructions to its licensees regarding the creation and/or use of the following non-production copies of Oracle software and support material:

    a. test and/or development copies,

    b. staging copies,

    c. back-up and/or disaster recovery copies,

    d. copies of code objects made to develop or implement updated code.

44. Oracle's understanding or knowledge regarding the typical practices of its licensees regarding the creation and/or use of non-production copies of Oracle software and support material, specifically including:

    a. test and/or development copies,

    b. staging copies,

    c. back-up and/or disaster recovery copies,

    d. copies of code objects made to develop or implement updated code.

45. All communications between Oracle and its licensees regarding any allegedly-improper creation and/or use of non-production copies of Oracle software and support material, specifically including:

      a.      test and/or development copies,

      b.      staging copies,

      c.      back-up and/or disaster recovery copies,

      d.      copies of code objects made to develop or implement updated code.

46. Any provision in Oracle's license agreement(s) with each Rimini Street customer that restricts the licensee's ability to access or use licensed materials based solely on the method or source of such downloading.

47. Any provision in Oracle's license agreement(s) with each Rimini Street customer that requires the licensee itself to download licensed materials, and/or precludes a third-party consultant or support provider from downloading licensed materials for the benefit of the licensee.

48. Oracle's knowledge of the reasons E&J Gallo elected not to renew Oracle Software Support, how E&J Gallo is performing support, whether E&J Gallo has breached any Oracle license provision, committed copyright infringement or damaged Oracle in any way.

49. Oracle's knowledge of the reasons XO Communication elected not to renew Oracle Software Support, how XO Communication is performing support, whether XO Communication has breached any Oracle license provision, committed copyright infringement or damaged Oracle in any way.

50. Oracle's knowledge of the reasons CarsDirect.com elected not to renew Oracle Software Support, how CarsDirect.com is performing support, whether CarsDirect.com has breached any Oracle license provision, committed copyright infringement or damaged Oracle in any way.

51. Oracle's knowledge of the reasons Toshiba America Information Systems elected not to renew Oracle Software Support, how Toshiba America Information Systems is performing support, whether Toshiba America Information Systems has breached any Oracle license provision, committed copyright infringement or damaged Oracle in any way.

52. Oracle's knowledge of the reasons Great Atlantic elected not to renew Oracle Software Support, how Great Atlantic is performing support, whether Great Atlantic has breached any Oracle license provision, committed copyright infringement or damaged Oracle in any way.

**RIMINI'S SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

53. Oracle's knowledge of the reasons the City of Ontario elected not to renew Oracle Software Support, how City of Ontario is performing support, whether City of Ontario has breached any Oracle license provision, committed copyright infringement or damaged Oracle in any way.

54. Oracle's knowledge of the reasons El Camino Hospital elected not to renew Oracle Software Support, how El Camino Hospital is performing support, whether El Camino Hospital has breached any Oracle license provision, committed copyright infringement or damaged Oracle in any way.

55. Oracle's knowledge of the reasons Clearon Holdings, Inc. elected not to renew Oracle Software Support, how Clearon Holdings, Inc. is performing support, whether Clearon Holdings, Inc. has breached any Oracle license provision, committed copyright infringement or damaged Oracle in any way.

56. The price Oracle charges for Oracle's development databases as well as Oracle's projected and actual yearly revenue, fixed costs, incremental costs, and profit margins for Oracle's development databases from 2004 to present.

57. Provisions in Oracle's license agreement(s) with each Rimini Street customer that restrict the physical location from which the customer may access, store, or use the licensed Oracle software.

58. Provisions in Oracle's license agreement(s) with each Rimini Street customer that limit or in any way provide lesser rights to the customer's third-party support provider than are vested in the customer itself.

59. Actions taken by Oracle to monitor and/or restrict access to Software and Support Materials on the Oracle support website.

60. Oracle's practice of monitoring the access and/or downloading of Software and Support Materials on the Oracle support website.

61. Any instance(s) in which Oracle contends that Rimini Street downloaded Software and Support Materials from the Oracle support website and provided such materials to a customer who was not entitled to access or use the Software and Support Materials, and whether Oracle has

- 12 -

**RIMINI'S SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

had any communications with the customer regarding the allegedly-improper provision of the Software and Support Materials.

**RIMINI'S SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on the 28th of September 2011, via email, as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com |

By:   */s/ Jeff Glidewell*
    Paralegal for Eric A. Buresh

**RIMINI'S SECOND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**