# EXHIBIT B

# BINGHAM

Thomas S. Hixson
Direct Phone: 415.393.2152
Direct Fax:    415.393.2286
thomas.hixson@bingham.com

October 11, 2011

**Via Email**

Robert H. Reckers
Shook, Hardy & Bacon LLP
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, TX 77002

Re:  *Oracle USA, Inc. v. Rimini Street, Inc. and Seth Ravin*
     **No. 2:10-cv-0106-LRH-PAL:  Objections to Defendants'**
     **Second Rule 30(b)(6) Deposition Notice**

Dear Rob:

I write concerning Defendants' second notice of a Rule 30(b)(6) deposition of Oracle, dated September 28, 2011 (the "Second Notice").

Oracle objects to the Second Notice as a whole because of Defendants' unreasonable delay and because the Second Notice is overbroad, unduly burdensome, duplicative[1] and includes numerous topics that are inappropriate for a Rule 30(b)(6) deposition. With only two months left in fact discovery, Defendants' Second Notice contains 61 topics, and a total of 101 subtopics, covering vast and unrelated categories of information. The number of witnesses Oracle would have to put forward to cover all of these topics and the amount of preparation that would be necessary make it impossible that depositions on all of these topics could be completed by, or indeed anywhere near, the close of discovery. And this, after Rimini has only noticed 11 depositions in the preceding 17 months of discovery. Rule 30(b)(6) depositions are best and most appropriately used earlier in a case for foundational evidence, or targeted at very specific, narrow topics. Defendants' tactic of delaying depositions until the very end of fact discovery and then serving a massive Rule 30(b)(6) notice, calling for a sheer number of depositions that clearly cannot be completed in time, is unreasonable. We are also skeptical that the Court-imposed limit of 20 depositions by Rimini – which Rimini has aggressively urged and supported from inception – can be evaded in this manner. If Defendants would like to meet and confer about proposing to the Court a mutual extension of case deadlines, including fact discovery, and mutual broad Rule 30(b)(6) notices, Oracle is willing to meet and confer about that. However, Defendants' Second Notice is improper under the current deadlines and limitations set by the Court.

---

[1] Oracle also notes that along with the Second Notice, Rimini has served 24 new interrogatories, and 57 new requests for production, many of which overlap with the topics in Defendants' Second Notice.

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T +1.415.393.2000
F +1.415.393.2286
bingham.com

A/74538402.6

Robert H. Reckers
October 11, 2011
Page 2

In addition to the unreasonable breadth and delay with the Second Notice, numerous topics in it are objectionable in at least the following ways:

**Lack of reasonable particularity, burden and overbreadth.** Topics 1-14, 16-19, 23-47, and 57-61 fail to describe the proposed matters for examination with "reasonable particularity" as required by Rule 30(b)(6), and are vague, overly broad, compound, and unduly burdensome. They purport to require Oracle to put forth deponents to discuss documents, communications, and actions that relate to hundreds of customers, span multiple years, derive from thousands of documents, and/or take into account multiple specified or countless unspecified factors. The phrases "for each individual action," "for each customer, "each Oracle licensee," "any communications with or actions taken," "for each of the copyrights," "on a customer by customer basis," "all actions taken," and "all communications" appear throughout these noticed topics, often in conjunction with one another. For example, Topic 9 calls for testimony on "each Oracle licensee that Oracle contends has breached its contract…, the specific contractual provision(s) breached, any communications with or action taken by Oracle against that customer…, and any damages for each alleged breach." Regardless how much time was spent reviewing documents or preparing, no deponent could possibly be qualified to testify to such a broad topic. *See Krasney v. Nationwide Mutual Ins. Co.*, No. 3:06 CV 1164 (JBA), 2007 WL 4365677, at *3 (D. Conn. Dec. 11, 2007) ("Contrary to plaintiffs' assertions, these forty topics are hardly 'describe[d] with reasonable particularity,' as required by Rule 30(b)(6). Under similar circumstances, federal judges have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) Notices."); *United States v. Boeing Co.*, No. 05-1073-WEB, 2010 WL 1408596, *8 (D. Kan. Aug. 27, 2009) (the court granted a protective order with respect to a 30(b)(6) topic requesting testimony about "voluminous records" because "[a]s currently drafted, the requests are too general in nature and unduly burdensome.").

As another example, Topic 39 calls for testimony regarding "Oracle's knowledge of the causes of its losses of Software Support customers, including, but not limited to" six different factors. The use of the phrase "but not limited to" takes an already overbroad topic and makes it boundless. *See Tri-State Hospital Supply Corp. v. United States*, 226 F.R.D. 118, 125 (D. D.C. 2005) ("Listing several categories and stating that the inquiry may extend beyond the enumerated topics defeats the purpose of having any topics at all.").

Other broad phrases appear throughout the noticed topics. Topic 29 calls for testimony about "partial or custom fixes, patches or updates," vague terms to which no deponent could be prepared to testify without first getting further clarification from Defendants. Topic 31 broadly asks what "impact" the economic downturn has had on Oracle support renewals. Topics 15, 32 and 33 ask about "competitors," "software competitors" and "support competitors" without defining the terms. Topic 44 inquires about Oracle's knowledge regarding the "typical practices" of its licensees. All of the topics listed above are objectionable on these grounds.

Robert H. Reckers
October 11, 2011
Page 3

**Topics covered by written documents or other discovery responses.**  Topics 1-5, 7, 9-10-13, 16-18, 21, 23, 26-28, 30-31, 33-47, 49-51, 53-54, 56-58 and 61 in the Second Notice are addressed by documents that Oracle has produced in its custodial productions, as well as documents that Oracle has or will continue to produce in response to Defendants' specific requests for production, or by interrogatory responses in this action or deposition testimony in the SAP case.  Having a witness memorize and repeat the contents of written documents is an unreasonable and inappropriate burden.  For example, Topic 4 calls for testimony regarding "Oracle's projected and actual yearly sales revenue, cancellation rates and renewal rates for Oracle Software Support from 2004 to the present."  Oracle has already produced and will continue to produce documentation regarding Oracle financial figures, cancellation rates, and renewal rates.  It would impose a significant burden on Oracle and waste the parties' time to have a Rule 30(b)(6) witness memorize and recite these documents.  *See United States v. Boeing Co.*, 2010 WL 1408596 at *7 (granting a protective order with respect to noticed 30(b)(6) topics that would "require [the defendant] to search through voluminous documents that have already been produced or made available for inspection").  Similarly, Topics 2-5, 18, and 35-38 address issues that were covered by depositions from the SAP case, which Oracle has produced or can produce to Defendants.

Topics 7, 9, 42, 46-47, and 57-58 are addressed by Oracle's responses to interrogatories served by Defendants in this case, some of which Oracle intends to amend.  In addition, Topics 49-51, 53-54 ask Oracle to offer Rule 30(b)(6) testimony about whether specific Rimini customers have breached license provisions, committed copyright infringement, or damaged Oracle.  These call for contentions that are not proper for Rule 30(b)(6) testimony.  *See In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) ("[T]o provide the information defendants seek would in effect require the Government to marshal all of its factual proof and then provide it to [the Rule 30(b)(6) designate] so that she could respond to what are essentially a form of contention interrogatories.  Aside from any issues of privilege, this would be highly inefficient and burdensome, rather than the most direct manner of securing relevant information…."); *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286 (N.D.Cal. 1991), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991) (contention interrogatories are more appropriate in a highly complex and highly technical lawsuit; the use of contention interrogatories was preferable to a Rule 30(b)(6) deposition in a patent case where a non-lawyer would be required to offer "a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken" by the party); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002).  "[D]epositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means.").  Also, any information Oracle has about the reasons why specific customers left Oracle – including the customers in Topics 49-51, 53-54 – would be based on communications from those customers, which should already have been located and produced based upon the parties' agreed production search terms.

Robert H. Reckers
October 11, 2011
Page 4

**Privilege and work product.** Topics 14, 19, and 22-23 improperly request information related entirely or in part to Oracle's investigation of Rimini, which is protected by the attorney-client privilege and/or the attorney work product doctrine.

**Premature expert discovery.** Topics 6-9, 12, 13, 16, 26-28, 39 and 61 seek premature expert testimony. Both parties will have time to explore the opinions offered by expert witnesses in this case, but doing so now through a lay Rule 30(b)(6) witness' testimony is premature and improper. Furthermore, Oracle will continue to produce documents on which its experts will base their testimony covering these and related topics.

**Not reasonably calculated to lead to the discovery of admissible evidence.** Topics 8, 13, 14, 17, 24, 25, 29-30, 32-35, 37-41, 43-45, 48-49, 52, 55-56, 59-60 seek information that is not relevant to any claims or defenses in this case and are not reasonably calculated to lead to the discovery of admissible evidence. For example, to the extent Topic 13 calls for testimony about downloading by parties other than Rimini, it is irrelevant. Topic 24 similarly concerns Oracle's conduct regarding "any third party software support competitor," which includes irrelevant non-parties. Other examples include Topics 32 and 39, which inquire about "Oracle's knowledge" of issues related to causation, and Topics 48, 52, and 55, which concern non-Rimini customers.

**Topics addressed by prior Court rulings or stipulations.** Topics 6, 8, 10, 15, 24, 25, 32-34 and 59-60 address subjects where the Court has ruled certain discovery impermissible, or the parties have entered into stipulations (concerning custodians and search terms, derivative works, or partner discovery) rendering the noticed topic inappropriate. In addition, topic 15 may be amenable to being addressed by stipulation.

**Topics outside Oracle's knowledge.** Topics 12, 17, 35, 37, 38, and 40 ask Oracle to address subjects where information relevant to the topic would be unknown to Oracle and better known to others. For example, Topic 12 calls for testimony about "how Rimini provided" Oracle's copyrighted works to Rimini's customers. As another example, Topics 35 and 37 ask about lost renewals due to customers leaving for third party support competitors versus engaging in self-support. But Oracle does not necessarily know which customers fall within which category, or if they change from third party support to self-support (or vice versa) once they leave Oracle, rendering the topics impossible to respond to.

**20 deposition limit.** Finally, Oracle notes that the parties' practice thus far has been to treat each day of Rule 30(b)(6) testimony as one of the 20 depositions that the Court allotted the parties in its September 21, 2010 order. Noticing Rule 30(b)(6) depositions this broad in scope would disrupt this practice and cannot serve as an end-run around the court-imposed limit on number of depositions.

Robert H. Reckers
October 11, 2011
Page 5


Please let us know when you are available to meet and confer.  Pending resolution of these issues, Oracle will not proceed with the Rule 30(b)(6) deposition on the noticed date of October 12, 2011.

Sincerely yours,

Thomas S. Hixson