# EXHIBIT C

SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. *(pro hac vice)*
Eric Buresh, Esq. *(pro hac vice)*
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
eburesh@shb.com

Robert H. Reckers, Esq. *(pro hac vice)*
600 Travis Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar. No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel:  (702) 949-8200
Fax: (702) 949-8398
WAllen@LRLaw.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

*Attorneys for Defendants*
*RIMINI STREET, INC. and SETH RAVIN*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI'S THIRD NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30 (b)(6)** |

TO:    Plaintiffs Oracle USA, Inc., a Colorado Corporation, Oracle America, Inc., a Delaware Corporation; and Oracle International Corporation, a California Corporation, by and through its attorney of record Kieran P. Ringgenberg, Boies, Schiller & Flexner, LL 1999 Harrison Street, Oakland CA 94612.

1
RIMINI STREET'S THIRD NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)
345069 v3

PLEASE TAKE NOTICE that Rimini Street, Inc. ("Rimini") will take the deposition of a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6), on December 2, 2011 at 9 a.m. The deposition shall take place at Greenberg Traurig, 3773 Howard Hughes Parkway, Suite 400 North, Las Vegas, NV 89169 commencing at the designated date and time, and shall continue on consecutive days thereafter until completed. The deposition will be videotaped and stenographically recorded by a person authorized by law to administer oaths. Pursuant to Fed. R. Civ. P. 30(b)(6), Oracle shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf with respect to the topics set forth in Schedule A. At least ten business days prior to the date of the deposition, Oracle is also requested to provide Rimini's counsel with written notice of the name(s) and position(s) of the designee(s) who will testify on behalf of Oracle, and to identify the matters to which each designee will testify.

Dated: November 4, 2011

By: /s/ Eric Buresh

SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq.
Eric Buresh, Esq.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
eburesh@shb.com

Robert H. Reckers, Esq.
600 Travis Street, Suite 1600
Houston, Texas   77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com

2

345069 v3

## **SCHEDULE A**

**I.     DEFINITIONS AND INSTRUCTIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions and instructions apply to each topic contained herein, and are deemed to be incorporated in each of said requests:

1. "Oracle," "you" or "your" means all named plaintiffs in this case, and all of their present and former officers, directors, agents, consultants, attorneys, employees, or other persons acting for or on behalf of any of them, and all of their parents, subsidiaries and affiliates.

2. The term "Defendants" refers to the named defendants in this litigation, Rimini Street, Inc. and Seth Ravin.

3. The term "Software Support" means any service provided for Oracle software programs identified in Oracle's Second Amended Complaint, including services providing program updates, software updates, bug fixes, patches, custom or partial solutions, and/or instructional documents.

4. "Document(s)" shall be synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including without limitation, hard copies, electronic documents, electronic or computerized data compilations, software, software images, or downloads.  This term shall apply to documents, whether in hard copy or electronic form, on your computers or the computers of your employees and independent contractors or consultants, whether provided by you to such individuals or otherwise.

5. "This Action" refers to this lawsuit, captioned as Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation v. Rimini Street Inc., and Seth Ravin, Case No. 2:10-cv-0106-LRH-PAL (D. Nev.).

6. Unless otherwise stated, the time period covered by these topics is the time period

3

345069 v3

1  beginning January 1, 2004.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

345069 v3

**II.     TOPICS**

1.     The Terms of Use for Oracle's Technical Support websites, including the development of the Terms of Use, revisions or modifications to the Terms of Use from 2004 to present, and the reasons for each revision or modification.

2.     For each of the provisions of the Terms of Use for Oracle's Technical Support websites cited by Oracle in response to Rimini Street's Interrogatory No. 11 as well as any additional provisions of the Terms of Use that Oracle contends Rimini Street breached, the date(s) on which the provision was included in the Terms of Use, any revisions and/or modifications to the provision, the Oracle employee(s) involved with the revision and/or modification, and the reasons for the revision and/or modification.

3.     Oracle's efforts to enforce the Terms of Use for Oracle's Technical Support websites, including any and all communications to users of the Technical Support websites regarding alleged breaches of the Terms of Use, any and all actions taken and/or legal proceedings instituted by Oracle against users of the Technical Support websites for alleged breaches of the Terms of Use, and any legal analysis, opinions, positions, or decisions rendered regarding the scope of the Terms of Use in connection with such actions or proceedings.

4.     Any instance in which Rimini Street used Oracle's Software and Support Materials without a legitimate business purpose.

5.     Oracle's policies or business customs with respect to the use of Oracle's Software and Support Materials by licensees who self-support or who are supported by independent consultants.

6.     Permitted purposes for use of Oracle's Software and Support Materials, specifically Oracle's policies or business customs regarding use "other than for personal, information, or non-commercial purposes."

7.     All benefits that Oracle contends it conferred on the Defendants, and which the Defendants wrongfully retained.

8.     Oracle's decision to "prohibit the use of automated downloads, including through

5

345069 v3

robots, or other use of the Technical Support website that overburdens it" in its Terms of Use (as stated in response to Rimini Street's Interrogatory No. 11), all provisions of the Terms of Use that contain this prohibition, the dates on which the provisions were added to the Terms of Use, and Oracle's internal practices and actions taken to enforce the provisions of the Terms of Use.

9.  Each instance in which Oracle contends that Rimini Street "engaged in large-scale downloading that has damaged Oracle's servers" as stated in response to Rimini Street's Interrogatory No. 11, specifically including any and all damages that Oracle contends were caused as a result of the downloading.

10. Content on Oracle's Technical Support websites, including the manner in which content is organized, methods for locating specific content, the type of metadata available for identifying specific content, and any changes or modifications to the way in which support content is made available to licensees from 2004 to present.

11. Each Oracle licensee that Oracle contends Rimini Street induced to breach a contract with Oracle, including the specific acts taken by the licensee to breach the contract, factual support on which Oracle intends to rely that Rimini Street had knowledge of the licensee's contract, the specific acts taken by Rimini Street to induce the breach, factual support on which Oracle intends to rely that Rimini Street intended to induce the breach, and factual support on which Oracle intends to rely that Rimini Street's actions caused the licensee to breach the contract.

12. Each third party that Oracle expected to contract with, but did not as a result of Rimini Street's interference, including factual support on which Oracle intends to rely that Rimini Street had knowledge of the relationship between Oracle and the third party, Rimini Street's actions that Oracle contends constitute an intent to disrupt the relationship and/or failure to act with reasonable care, and any Rimini Street actions separate and apart from the allegedly-interfering conduct that Oracle contends Rimini Street committed.

13. For each alleged violation of the contractual terms enumerated (1-10) in response to Rimini Street's Interrogatory No. 11 (at p. 9-10), the specific acts that constituted the breach,

345069 v3

the entity that breached the contract (whether it was breached by Rimini Street or by customers of Oracle), and the facts on which Oracle intends to rely at trial that the breach caused damage to Oracle.

14. All acts by Rimini Street that Oracle contends threatened or harmed competition, or was otherwise an unlawful, unfair, or fraudulent business act or practice on which Oracle intends to rely to support its unfair competition and unfair practices claim.

15. Any advertising by Rimini Street that Oracle contends was unfair, deceptive, untrue, or misleading.

16. Conduct by Rimini Street that Oracle contends threatens a violation of antitrust laws, or violates the policy or spirit of antitrust laws.

17. Each interference with Oracle's use of its computer system by Rimini Street upon which Oracle intends to rely at trial to support its trespass claim.

18. Each instance in which Oracle contends that Rimini Street was unjustly enriched, including any benefits that Plaintiffs conferred on Rimini Street and that Rimini Street retained at the expense of Oracle, and the harm to Oracle as a result.

19. The functionality and user interface provided by Oracle's Metalink 3 website during the time period from October 15, 2008 to February 15, 2009, including the search functionality provided by the Metalink 3 website, the metadata and other interface features provided to assist users in locating content, and the impact on or changes to the functionality and user interface of Metalink 3 associated with Oracle's migration from the Customer Connection website to the Metalink 3 website.

345069 v3

20. Oracle's knowledge of why Bay Area Air Quality Management District elected not to renew Oracle Software Support, how Bay Area Air Quality Management District is performing support, whether Bay Area Air Quality Management District has breached any Oracle license provision, committed copyright infringement or damaged Oracle in any way.

21. Oracle's knowledge of why City of Torrance elected not to renew Oracle Software Support, how City of Torrance is performing support, whether City of Torrance has breached any Oracle license provision, committed copyright infringement or damaged Oracle in any way.

22. Oracle's communications and correspondence with CedarCrestone regarding third-party software support.

8

345069 v3

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on the 4th day of November 2011, via email, as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com | Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com |

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
FRED NORTON (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
fnorton@bsfllp.com
kringgenberg@bsfllp.com

BINGHAM MCCUTCHEN LLP
GEOFFREY M. HOWARD (*pro hac vice*)
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

ORACLE CORPORATION
JAMES C. MAROULIS (*pro hac vice*)
500 Oracle Parkway
M/S 5op7

345069 v3

| | |
|---|---|
| 1 | By:    /s/ Jeff Glidewell |
| 2 |             Paralegal for Eric Buresh |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RIMINI'S THIRD NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**
345069 v3