# EXHIBIT E



December 6, 2011

Thomas S. Hixson
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111
913-393-2000

**Robert H. Reckers**

JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston
Texas 77002-2992
713.227.8008
713.546.5626 DD
713.227.9508 Fax
rreckers@shb.com

Dear Tom,

    I write in response to your October 11, 2011 and November 17, 2011 letters regarding Rimini Street's Second and Third Notices of Deposition pursuant to F.R.C.P. 30(b)(6).  To clarify Oracle's understanding, Rimini Street's Third Notice does not replace the Second Notice.  Further, we strongly disagree with Oracle's objections to the Second Notice "as a whole," and submit that such attempts to avoid discovery through over-broad generalizations are not productive.  As you know, Rimini Street's Second and Third 30(b)(6) notices were duly served before the parties' agreed-upon deadline for service.

    Consistent with our previous discussions, however, we are amenable to discussing ways in which we can streamline and focus the discovery process while ensuring that Rimini Street obtains the discovery to which it is entitled.  Accordingly, we submit the following proposals for your consideration.

*30(b)(6) Topics Resolved by Stipulation:*

    Rimini Street will withdraw topics 15, 24, 25, 29, 30, 36, 37, 38, and 48-55 if Oracle will enter into the following stipulations, which shall be admissible as evidence:

- Topic 15 - Rimini Street is a competitor to Oracle.

- Topic 20: -- Oracle is not, and has never been, willing to grant Rimini Street a license for its support of PeopleSoft, J.D. Edwards, Siebel, or Oracle software.

- Topic 24 - Oracle has never entered into a license agreement with a third party whereby the third party is permitted to use the Oracle intellectual property to compete for Oracle's customers.  Further, Oracle has never granted a license to Oracle's intellectual property to any third party software support competitor.

- Topic 25 - Oracle has never entered into a license agreement with a third party whereby the third party is permitted to copy Oracle software and support materials to create fixes, patches and/or updates to Oracle software.  Further, Oracle has never granted license for Oracle software and support materials to create patches, fixes, and/or updates to Oracle software.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.



- <u>Topic 29</u> - Oracle has never offered partial or custom fixes, patches or updates for Oracle's PeopleSoft, J.D. Edwards, and Siebel families of software products.

- <u>Topic 30</u> - For each of Rimini Street's customers, Oracle received full payment under the relevant contracts between Oracle and the customer.

- <u>Topic 36</u> - When selling Oracle Software Support, Oracle does not compete on price, and it does not discount its services and/or products to compete in the marketplace.

- <u>Topics 37, 38, 48-55</u> - The following alternatives to Oracle Software Support exist in the marketplace: self support, support provided by independent consultants and support competitors.

***30(b)(6) Topics that May Be Resolved by Full Responses to Written Discovery and/or Specific References to Documents:***

As is noted in your October 11, 2011 letter, Rimini Street has served written discovery requests that overlap to some degree with the topics in its Second 30(b)(6) notice. Given that Oracle has not yet responded to these written discovery requests yet, and has not provided useful or complete responses to Rimini Street's previously-served discovery requests, Rimini Street is unable to gauge at this point whether certain 30(b)(6) topics will ultimately be necessary. So long as Rimini Street obtains the discovery that it has requested, it is amenable to obtaining that discovery in the manner that is most convenient and least burdensome to both sides.

Rimini Street therefore would consider withdrawing the 30(b)(6) topics listed below if Oracle agrees to provide more detailed discovery responses to fully respond to these topics and, to the extent that Oracle contends the topic may be addressed in Oracle's document production, identify the particular documents that contain the information requested.

- <u>Topics 2-5:</u>  These topics request information regarding Oracle's projected and actual financial figures (such as sales, costs, revenue, and profit) and customer statistics (such as renewal and cancellation rates). It is not clear from your letter whether Oracle contends that it has already produced this information, or whether Oracle intends to produce this information in the future. In either event, please identify the documents that Oracle contends are responsive to Rimini Street's 30(b)(6) topics (by bates range) so that we can assess whether a deposition on these topics is necessary.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.



December 6, 2011
Page 3

- Topic 7, 9:  In its Second Amended Complaint and interrogatory answers served to date, Oracle has included a laundry list of alleged actions by Rimini Street that Oracle contends constituted copyright infringement, breach of contract, inducement to breach contract, or tortious interference.  Oracle has failed to disclose, however, the facts on which it intends to rely at trial to establish each of these claims.  For example, Rimini Street's Interrogatory 11 requested that Oracle "identify each instance in which Defendants' alleged acts breached or induced a breach of contract."  In response, Oracle objected that identifying "each instance" of a breach, the *specific* contractual provisions violated, the *specific* acts by Rimini Street that Oracle contends constituted a breach/inducement to breach, or even an identification of the third-party customer who Oracle contends actually did breach a contract is "unduly burdensome."  Instead, Oracle provided conclusory allegations based on "exemplary" contract provisions.  This is unacceptable.  Oracle brought this lawsuit and has alleged the specific claims listed in its SAC.  If it truly is "unduly burdensome" for Oracle to identify specifically how it contends that Rimini Street breached a contract (by disclosing which specific acts by Rimini Street violated a specific contractual provision), induced a third party to breach a contract (by disclosing which specific acts by Rimini Street induced each specific customer to breach a specific contractual provision), or infringed Oracle's copyrights, then Oracle is choosing not to carry its burden and should withdraw these claims.  In fact, this is precisely the position that Oracle previously took against SAP in the previous case. *See* Plaintiffs' Motions *in Limine*, Case No. 4:07-cv-1658 (Dkt. 737 at 18-21); *see also id*. at 19 ("But Oracle should not be forced to guess which sentences in which agreements and for which customers Defendanta might attempt to rely on . . .").

  If Oracle intends to proceed with these claims, please confirm that Oracle will supplement its written discovery responses to provide the information Rimini Street seeks, and then identify the bates-range and/or interrogatory response in which Oracle provides the information so that we can assess whether a deposition on this topic is necessary.

- Topics 8, 10, 11:  If Oracle intends to proceed with its claims by providing full and complete written discovery regarding the acts, customers, and contractual provisions at issue in this case, then Rimini Street is entitled to discovery regarding Oracle's communications with the customers at issue in this case (Topics 10, 11).  To the extent that Oracle contends that these topics are addressed by documents that Oracle has produced (or documents that Oracle has or will continue to produce), please identify the specific bates ranges on a per-customer basis so that Rimini Street may assess whether a deposition is necessary.  Rimini Street also is entitled to discovery regarding Oracle's communications with other third-party support providers who have performed the actions that Oracle contends were improper in this case (Topic 8).

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.



www.shb.com

December 6, 2011
Page 4

- <u>Topics 12 and 61</u>:  Based on the statements in your October 11, 2011 letter and Oracle's written discovery responses to date, it is unclear whether Oracle alleges that Rimini Street has provided a copyrighted work to a customer whose license did not authorize that customer's access to or use of the copyrighted work.  If Oracle so alleges, then Rimini Street is entitled to know the factual basis for Oracle's contention – specifically, when Oracle alleges that Rimini Street provided such copyrighted work, how Rimini provided such copyrighted work, and whether Oracle took any action in connection with the alleged provision of the copyrighted work or had any communications with the customer regarding the allegedly-improper provision of materials.  If Oracle contends that it has already provided this information to Rimini Street, please identify the bates-range and/or interrogatory response so that we can assess whether a deposition on this topic is necessary.

- <u>Topic 16:</u>  This topic requests information regarding Oracle's revenue for each customer that Oracle alleges that it lost because of actions by Rimini Street.  If Oracle contends that it has already provided this information to Rimini Street, please identify the bates-range and/or interrogatory response so that we can assess whether a deposition on this topic is necessary.

- <u>Topic 18:</u>  This topic requests information regarding the back fees, reinstatement fees, or penalty fees charged by Oracle against any support customers that left Oracle and went to a third party support provider but ultimately returned. If Oracle contends that it has already provided this information to Rimini Street, please identify the bates-range and/or interrogatory response so that we can assess whether a deposition on this topic is necessary.

- <u>Topic 21:</u>   Rimini Street has outstanding written discovery that requests information regarding Oracle's practice of delivering Oracle software or materials to Rimini Street.  When Oracle responds to this written discovery, please provide a detailed written answer in response to Rimini Street's interrogatories and identify the documents that Oracle contends are responsive to Rimini Street's 30(b)(6) topics (by bates range) so that we can assess whether a deposition on these topics is necessary.

- <u>Topics 42-45:</u>   Rimini Street has outstanding written discovery that requests information regarding the terms of Oracle's license agreements, Oracle's recommendations and/or instructions to its licensees, and Oracle's understanding or knowledge regarding the typical practices of its licensees regarding the creation and/or use of test/development copies, staging copies, backup/disaster recovery copies, and copies of code objects made to develop or implement updated code.  This discovery is relevant to a number of Rimini Street's defenses.  When Oracle responds to this written discovery, please provide a detailed written answer in response to Rimini Street's interrogatories and identify the documents that Oracle contends are responsive to Rimini Street's

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.



- **Topics 46-47:**  Rimini Street is unaware of any provision in Oracle's license agreement(s) that restrict the licensee's ability to access or use licensed materials based solely on the method or source of downloading, requires the licensee itself to download licensed materials, or expressly precludes a third-party consultant or support provider from downloading licensed materials for the benefit of the licensee.  If Oracle is willing to stipulate to this, Rimini Street will withdraw these topics.  Otherwise, when Oracle responds to Rimini Street's outstanding written discovery, please provide a detailed written answer in response to Rimini Street's interrogatories and  identify the documents that Oracle contends are responsive to Rimini Street's 30(b)(6) topics (by bates range) so that we can assess whether a deposition on these topics is necessary.

- Topics 57-58:  Rimini Street is entitled to a customer-specific information (as discussed with respect to Topics 7 and 9, above), and these topics request an identification of contractual provisions *for each Rimini Street customer* that restrict the physical location from which the customer may access, store, or use the licensed Oracle software, or that limit or in any way provide lesser rights to the customer's third-party support provider than are vested in the customer itself.  When Oracle responds to Rimini Street's outstanding written discovery, please provide a detailed written answer in response to Rimini Street's interrogatories and  identify the documents that Oracle contends are responsive to Rimini Street's 30(b)(6) topics (by bates range) so that we can assess whether a deposition on these topics is necessary.

*30(b)(6) Topics Withdrawn:*

Rimini Street is withdrawing Topics 27 and 28 from its Second 30(b)(6) notice.

*Topics Allegedly Covered by Depositions in SAP Case:*

Oracle objects to Topics 2-5, 18, and 35-38 on the grounds that they "address issues that were covered by depositions from the SAP case." (October 11, 2011 letter at 3).  Rimini is not aware of any rule or agreement by which the 30(b)(6) deposition testimony (or any other deposition testimony) taken in the SAP case is admissible in this case.  Further, Oracle has failed to identify the SAP-case deposition testimony that it contends responds to Rimini Street's 30(b)(6) topic, nor has Oracle stipulated that the information has not changed over time (e.g. method for recognizing revenue).  Let us know if you would like to meet and confer on this issue.

*30(b)(6) Topics Required*

For the remaining topics – Topic Nos 1, 6, 13, 14, 17, 19, 22, 23, 26, 31-35, 39-41, 56, 59-60 – Rimini Street stands on its 30(b)(6) notice.  Each of these topics are

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.



December 6, 2011
Page 6

relevant and likely to lead to the discovery of admissible evidence, and cannot be addressed fully through less-burdensome means. Of course, we are willing to meet and confer if Oracle would like to further discuss the scope of these topics.

    Finally, to the extent that Oracle intends to designate Richard Allison, Juan Jones, or Safra Katz to testify on these topics, we are amenable to deposing them in their individual capacity and as a corporate representative at the same time. It is not our intention or desire to pursue duplicitous discovery.

Sincerely,

_/s/ Robert H. Reckers_____
Robert H. Reckers

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.