# EXHIBIT F

```
                                                          Page 1
 1      UNITED STATES DISTRICT COURT
 2      DISTRICT OF NEVADA (Las Vegas)
 3   _____
 4   In the matter of:
 5   ORACLE USA, INC., a Colorado corporation;
 6   ORACLE AMERICA, INC., a Delaware Corporation;
 7   and ORACLE INTERNATIONAL CORPORATION,
 8   a California corporation,
 9              Plaintiffs,       Case No. 2:10-cv-0106-LRH-PAL
10   v.
11
12   RIMINI STREET, INC., a Nevada corporation; and
13   SETH RAVIN, an individual,
14              Defendants.
15   _____
16
17              Lloyd D. George U.S. Courthouse
18              333 Las Vegas Blvd. South
19              Las Vegas, NV
20              November 8, 2011
21              9:00 AM
22
23   B E F O R E:
24   HON. MAGISTRATE PEGGY A. LEEN
25   DISTRICT COURT JUDGE
```

```
 1   gentleman who is a pivotal person both
 2   with recipient knowledge and a knowledge
 3   binding the corporation, I'm going to
 4   allow them to -- and grant their request
 5   for up to two days subject, of course, if
 6   you believe that the examination is being
 7   conducted in a manner that unreasonably
 8   annoys, harasses, et cetera, or is
 9   duplicative and so forth, you have your
10   remedies under Rule 30(d) as well.  But
11   those should be exercised carefully
12   because the losing party will pay a price
13   on a motion to terminate or limit a
14   deposition.
15         I understand, Mr. Allen, that your
16   executive doesn't want to be subjected up
17   to two days.  But if they're really just
18   prolonging things and asking the same
19   questions over and over again, you have
20   remedies under the rule.  But he's
21   significant enough that two days is not
22   unreasonable for this case.
23         MR. ALLEN:  Good afternoon, Your
24   Honor.
25         THE COURT:  And we have the request
                                       Page 34
```

```
 1   for clarification concerning pretrial
 2   depositions.  Mr. Reckers?
 3         MR. RECKERS:  Thank you, Your Honor.
 4   This here really is one of unfair
 5   surprise.  Oracle's a huge corporation.
 6   And --
 7         THE COURT:  Sure.  And they listed
 8   about a hundred people in their initial
 9   disclosures.  And so, you both came to
10   me.  And from day one, you have been
11   arguing passionately on behalf of your
12   client that don't let them do all the
13   discovery they want to do because that
14   will bury my client and will destroy us
15   just by being suit.  And so, I listened
16   very carefully to you and I resolved the
17   disputes between both sides about how
18   many depositions would be allowed unless,
19   for good cause shown, more were needed.
20   And now, you've taken eight depositions.
21   You've noticed two more or suggested two
22   more.
23         And I'll give you the clarification
24   you're looking for but it's probably not
25   the answer you want.  And that is, I side
                                       Page 35
```

```
 1   with Oracle on this one, that that
 2   provision in my September 21st, 2010
 3   order was intended to tell you if there
 4   is genuinely a surprise, that someone has
 5   sandbagged you and you see a new name in
 6   the pretrial order that you couldn't
 7   reasonably anticipate having conducted
 8   thorough discovery in your case within
 9   the parameters the Court allowed, you're
10   going to have an opportunity to take
11   that.  But you're not going to have an
12   opportunity to take depositions in the
13   case.  You conclude discovery.  You get
14   rulings on dispositive motions.  You file
15   a joint pretrial order and now you really
16   take depositions in the case.  That's not
17   going to happen.
18         You're going to be required to show
19   good cause that you could not have
20   anticipated that this was a trial witness
21   or that -- and that was the whole reason.
22   I gave you twenty -- limitation -- that
23   both sides were jockeying about how many
24   depositions could be taken in this case.
25   I gave you the limitations, not all that
                                       Page 36
```

```
 1   you wanted but I limited the discovery
 2   they could do binding your argument they
 3   shouldn't be able to bury your client.
 4   But that doesn't relieve you of the
 5   obligation to do discovery during the
 6   original discovery cutoff.  And then if
 7   you convince me that there is a surprise
 8   and you couldn't have known that this was
 9   a witness or you didn't reasonably think
10   this was a witness or somebody dies and
11   somebody is substituted or somebody
12   becomes ill and somebody is substituted,
13   those are the kinds of things that --
14   what I intended and envisioned in the
15   September 21st order about the -- if you
16   need a pretrial deposition, you're going
17   to get one but not the way you're
18   interpreting it.  So I hope I have given
19   you sufficient clarification of what I
20   intended and what I'm likely to allow.
21         MR. RECKERS:  Thank you, Your Honor.
22         THE COURT:  Okay.  I know you don't
23   like that answer but I tried to be as
24   clear as I can about what I meant.
25         So we have now an emergency motion
                                       Page 37
```

```
 1
 2                    C E R T I F I C A T I O N
 3
 4        I, Lisa Bar-Leib, hereby certify that the
 5   foregoing is a true and correct transcription, to
 6   the best of my ability, of the sound recorded
 7   proceedings submitted for transcription.
 8
 9        I further certify that I am not employed by
10   nor related to any party to this action.
11
12        In witness whereof, I hereby sign this date:
13   November 14, 2011.
14
15
16
17
18   /s/ Lisa Bar-Leib
19        LISA BAR-LEIB
20        AAERT Certified Transcriber (CET**D-486)
21
22
23
24
25
                                                   Page 48
```