# EXHIBIT J

SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hace vice*)
Eric Buresh, Esq. (*pro hace vice*)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
eburesh@shb.com

Robert H. Reckers, Esq. (*pro hace vice*)
600 Travis Street, Suite 1600
Houston, TX  77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
WAllen@LRLaw.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (NV Bar No. 1086)
Brandon Roos, Esq. (NV Bar No. 7888)
Leslie Godfrey, Esq. (NV Bar No. 10229)
3773 Howard Hughes Parkway400 N
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

*Attorneys for Defendants
RIMINI STREET, INC. and SETH RAVIN*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC. a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANT RIMINI STREET INC.'S FIFTH SET OF INTERROGATORIES TO PLAINTIFFS** |

RIMINI STREET'S FIFTH SET OF INTERROGATORIES TO PLAINTIFFS

| | |
|---|---|
| PROPOUNDING PARTY: | Defendant Rimini Street, Inc. |
| RESPONDING PARTY: | Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation |
| SET NO.: | Five |

## DEFENDANT RIMINI STREET INC.'S FIFTH SET OF INTERROGATORIES TO PLAINTIFFS

Pursuant to Federal Rule of Civil Procedure 26 and 33, Defendant Rimini Street Inc. ("Rimini Street") requests that Plaintiffs Oracle USA, Inc. ("Oracle USA"), Oracle America, Inc. ("Oracle America"), and Oracle International Corporation ("OIC") (together "Oracle" or "Plaintiffs") answer the following interrogatories fully and separately in writing under oath by an officer or other agent of Plaintiffs authorized to give answers on its behalf.  Answers to these interrogatories must be served within the time prescribed by the Federal Rules of Civil Procedure. Oracle is subject to a duty to supplement all responses to these interrogatories in accordance with Federal Rule of Civil Procedure 26(e).  The following definitions and instructions apply.

## DEFINITIONS

The following definitions shall apply throughout these requests, regardless of whether upper or lower case letters are used:

A.     The term "document" is used herein in its broadest sense under Fed. R. Civ. P. 34 and applicable case law, including without limitation, hard copies, electronic documents, electronic or computerized data compilations, software, software images, or downloads.

B.     The term "relating to" or "relate to" includes, but is not limited to, the following meanings: pertaining to; concerning; discussing; mentioning; containing; reflecting; evidencing; constituting; describing; displaying; showing; identifying; proving; disproving; consisting of; supporting; contradicting; referring to; in any way legally, logically, or factually connected with the matters referenced; or having a tendency to prove or disprove any matter referenced.

C.     The term "communication" (or any variant thereof) means any contact between or

among two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; and any writings memorializing any oral contact such as face-to-face meetings or telephone conversations.

D. The terms "Plaintiffs," "Oracle," "you," and "your" refers to Oracle USA, Inc., Oracle America, Inc., and/or Oracle International Corporation, individually and collectively, including without limitation, all subsidiaries, affiliates, predecessors, successors, parents, divisions, persons or entities acting for or on its behalf, whether in existence now or at any time.

E. The term "Rimini Street" refers to Rimini Street, Inc.

F. The term "Defendants" refers to the named defendants in this litigation, Rimini Street, Inc. and Seth Ravin.

G. The term "contract" shall mean any contract between Oracle and Rimini Street, including but not limited to any terms of use, Metalink 3 Terms of Use, Oracle Web's Terms of Use, E-Delivery Terms of Use and Electronic Delivery Trial License Agreement.

H. The term "person" means any individual or firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

I. The term "identify," when used with respect to any natural person, means to state the person's full name and the person's present or last-known address, telephone number, position/occupation and employer.

J. The term "identify," when used with respect to any legal entity (such as a corporation, company, or person other than a natural person) means to state the entity's name, the place of incorporation or organization, the principal place of business and the nature of the business conducted by that legal entity.

K. The term "identify," when used with respect to any document means to state the document's title and subject matter, form (e.g., letter, memorandum, email, etc.), document production number range, date, author(s), addressee(s), recipient(s), and name of its present custodian.

L.  The term "identify," when used with respect to any communication means to identify the sender(s), recipient(s), and/or participant(s) of the communication and to state the date, subject matter, and nature (e.g., telephone call, meeting, letter, etc.) of the communication. If the communication was in person, also state the location.

M.  The term "identify," when used with respect to any act, omission or instance, means to identify the specific act, the time of the act, the circumstances surrounding the act, the location of the act, how you came to know about the act, any participant in the act, and documents evidencing the act.

N.  The term "describe" means describe in as much detail as possible.

O.  When an interrogatory calls upon a party to "state the basis" or "state the bases" for a particular claim, counterclaim, assertion, or allegation, the party shall: (a) describe in detail all facts, information, conclusions, theories, and arguments that concern or provide a basis for the claim, counterclaim, assertion, or allegation; (b) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), that provides any basis for the claim, counterclaim, assertion, or allegation; (c) identify each and every communication that provides any basis for the claim, counterclaim, assertion, or allegation; and (d) identify the acts or omissions on the part of any person that provide any basis for the claim, counterclaim, assertion, or allegation.

P.  "Any" and "all" shall be construed to mean both any and all.

Q.  The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

R.  The singular form of a word should be interpreted to include the plural as well.

### INSTRUCTIONS

A.  If you cannot answer any interrogatory fully, completely, and in detail, after exercising due diligence to make inquiry and secure the information necessary, so state, and (1) answer such interrogatory to the extent possible; (2) specify the portion of such interrogatory that you are unable to answer fully, completely, and in detail; and (3) state the reason why such por-

tion cannot be so answered. If your response is qualified in any particular respect, set forth the details of such qualification.

B. If any information is withheld under a claim of privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid. For allegedly privileged documents, include: an identification of the sender and the recipients of the document; the date of the document; a description of the contents or nature of the document; the number of the discovery request or interrogatory to which the document is responsive; and an explanation of the basis for the asserted claim of privilege.

C. If you object to any subpart of a request for information or objects to providing certain information requested, state your objection and answer any unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

D. If, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, you opt to produce documents in lieu of a written response to an interrogatory, indicate for each document provided the number of the interrogatory to which it is responsive and the production number(s) of the documents identified for each response.

E. Discovery requests are continuing in nature and, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are under a duty to seasonably amend any prior response to an interrogatory or request for production if you learn that the response is in some material respect incomplete or incorrect, or if you are so ordered by the Court.

## INTERROGATORIES

**INTERROGATORY NO. 17:** State the full factual basis for Your First Claim for Relief-Copyright Infringement, specifying each copyright that Oracle contends that it owns, each instance of actual copying by Rimini Street, and each improper appropriation of the work by Rimini Street on which Oracle intends to rely at trial to support this claim.

**INTERROGATORY NO. 18:** For each of the copyrighted works at issue, identify any

instance in which Oracle contends that Rimini Street provided the copyrighted work to a customer whose license did not authorize that customer to access or use the protected expression, when the instance occurred, how Rimini provided the protected expression to the customer, and whether Oracle took any action in connection with the alleged instance.

**INTERROGATORY NO. 19:** State the full factual basis for Your Seventh Claim for Relief- Intentional Interference with Prospective Economic Advantage, specifically identifying each third party with which Oracle expected to have an economic relationship but did not as a result of Rimini Street's interference; factual support on which Oracle intends to rely that Rimini Street had knowledge of the relationship between Oracle and the third party; Rimini Street's actions that Oracle contends constitute an intent to disrupt the relationship and/or failure to act with reasonable care; factual support that the relationship with actually disrupted; and factual support that Oracle was harmed as a result of the disruption.

**INTERROGATORY NO. 20:** State the full factual basis for Your Eighth Claim for Relief- Unfair Competition, and further identify all acts by Rimini Street that Oracle contends threatened or harmed competition, or otherwise were an unlawful, unfair, or fraudulent business act or practice on which Oracle intends to rely to support its unfair competition and unfair practices claim; any advertising by Rimini Street that Oracle contends was unfair, deceptive, untrue, or misleading; and any conduct by Rimini Street that Oracle contends threatens a violation of antitrust laws or violates the policy or spirit of antitrust laws.

**INTERROGATORY NO. 21:** State the full factual basis for Your Ninth Claim for Relief – Trespass to Chattels, including an identification of each interference with Oracle's use of its computer system by Rimini Street, or any other act upon which Oracle intends to rely at trial, to support its trespass claim.

6
RIMINI STREET'S FIFTH SET OF INTERROGATORIES TO PLAINTIFFS

**INTERROGATORY NO. 22:**     State the full factual basis for Your Tenth Claim for Relief-Unjust Enrichment/Restitution, including an identification of each instance in which Oracle contends that Rimini Street was unjustly enriched, including any benefits that Rimini Street received and retained at the expense of Oracle, and the harm to Oracle as a result.

**INTERROGATORY NO. 23:**     State the full factual basis for Your Eleventh Claim for Relief –Unfair Practices.

**INTERROGATORY NO. 24:**     State the full factual basis for Your Twelfth Claim for Relief –Accounting.

**INTERROGATORY NO. 25:**     For Oracle Software Support customers lost to third party support vendors, independent consultants, or to self support from 2004 to the present, identify: the percentage of such customers who return to Oracle Software Support, the average length of time it takes for such customers to return to Oracle Software Support, and the average amount of fees (including any back fees, reinstatement fees, or penalty fees) that Oracle charged and collected when such customers return.

**INTERROGATORY NO. 26:**     Describe in detail Oracle's practice of delivering Oracle software and/or support materials to Rimini Street as requested by Oracle licensees, including the date Oracle first delivered software and/or support materials to Rimini Street on behalf of an Oracle licensee, the identity of each Oracle licensee that requested Oracle deliver software and/or materials to Rimini Street, the identity of each Oracle licensee for whom Oracle delivered software and/or materials to Rimini Street, the date when Oracle ceased delivering software and/or materials to Rimini Street on behalf of Oracle licensees, and the reasons Oracle chose to deliver and/or stop delivering software or materials to Rimini Street.

**INTERROGATORY NO. 27:** Describe in detail Oracle's knowledge of the reasons Oracle Software Support customers chose not to renew their Software Support contract(s), including but not limited to: poor customer service; inability to remedy support issues; cost; not wanting to upgrade software; Oracle no longer providing tax and regulatory updates, patches, fixes, etc.; or poor economic conditions.

**INTERROGATORY NO. 28:** On a yearly basis since 2004, describe in detail: the number of Oracle Software Support renewals that were lost to third party maintenance and support vendors, self support, or independent support consultants; the revenue, costs and profit attributed to those losses; any third party maintenance and support vendors or independent support consultants to which Oracle lost renewals; and the number of Software Support renewals lost to each such third party support vendors, self support, or independent support consultant.

**INTERROGATORY NO. 29:** For former customers who elect to perform self support or utilize independent consultants or third party support providers for support, describe in detail whether Oracle permits such customers: to maintain non-production environments for Oracle's PeopleSoft, J.D. Edwards, and Siebel families of software products; to remotely host non-production environments; to create patches, fixes and updates; and to download support materials prior to the expiration of those customer's Oracle support contract.

**INTERROGATORY NO. 30:** Describe in detail Oracle's awareness, understanding or knowledge of the typical practices of its licensees, and its instructions or recommendations to licensees, regarding the creation and/or use of non-production copies of Oracle software and support material, including test and/or development, staging, back-up and/or disaster recovery copies and copies of code objects made to develop and implement updated code.

**INTERROGATORY NO. 31:** Identify any provision in Oracle's license agreement(s) with each Rimini Street customer that: restricts the licensee's ability to access or use licensed materials based solely on the method by or source from which the materials were obtained; requires the licensee itself to download licensed materials; and/or precludes a independent support consultant or third party support competitor from downloading licensed materials for the benefit of the licensee.

**INTERROGATORY NO. 32:** Describe each instance in which Oracle contends that Rimini Street provided Oracle Software and Support Materials to a customer that was not entitled to access or use such Software and Support Materials.

**INTERROGATORY NO. 33:** From 2004 to the present, state on a yearly basis for your PeopleSoft, JD Edwards and Siebel product lines: Your operating profit, profit margin, costs, revenues, cancellation rate, and renewal rate for Your support and maintenance business.

**INTERROGATORY NO. 34:** Describe in detail Oracle's pre-suit investigation of Rimini Street, including an identification of Oracle employees and/or third parties who conducted the pre-suit investigation on behalf of Oracle, the date on which Oracle began to investigate Rimini Street, the results of such investigation, any communications between Oracle and Rimini Street regarding Oracle's investigation of Rimini Street, any internal Oracle discussions regarding the results of such investigation, and actions or decisions by Oracle as a result of the investigation.

**INTERROGATORY NO. 35:** State whether Oracle permits support by software competitors, support competitors, self-support, and/or support by independent consultants, and if so, the circumstances under which Oracle contends that such support is permissible.

**INTERROGATORY NO. 36:** State in detail each instance in which Oracle has communicated with a licensee regarding any allegedly-improper creation and/or use of non-production copies of Oracle software and support material, specifically including:

- A. test and/or development copies,
- B. staging copies,
- C. back-up and/or disaster recovery copies,
- D. copies of code objects made to develop or implement updated code.

**INTERROGATORY NO. 37:** State the price Oracle charges for Oracle's development databases as well as Oracle's projected and actual yearly revenue, fixed costs, incremental costs, and profit margins for Oracle's development databases from 2004 to present.

**INTERROGATORY NO. 38:** For each Rimini Street fix, patch, or update comprising content You allege was copied or derived from an Oracle fix, patch, or update, Identify such content, the Rimini fix, patch, or update containing said content, and the specific Oracle fix, patch, or update from which the content was allegedly copied or derived.

**INTERROGATORY NO. 39:** State the full factual bases for the assertions at paragraphs 27 and 28 of your Second Amended Complaint that "all of the relevant license agreements" set "comparable rules for access to, and reproduction, distribution, and use of," the Oracle software and support material, including identifying, for each license agreement you allege Defendants' breached or induced a breach, the specific provisions prohibiting "disclosure, use, rent, or lease of the software to third parties"; restricting "where the customer physically may install the software, to whom it may provide copies, and the purposes for which it may make those copies"; prohibiting "the licensee or any third party from using the software offsite without notice to Oracle, prohibit[ing] disclosure to third parties, and prohibit[ing] any use other than by the customer for production, back up, archival and in-house disaster recovery purposes."

**INTERROGATORY NO. 40:** Describe in detail the functionality and user interface provided by Oracle's Metalink 3 website during the time period from October 15, 2008 to February 15, 2009, specifically describing any search functionality provided by the Metalink 3 website, any metadata and other interface features provided to assist users in locating content, and the impact on or changes to the functionality and user interface of Metalink 3 associated with Oracle's migration from the Customer Connection website to the Metalink 3 website.

DATED: October 3, 2011          SHOOK, HARDY & BACON

                                By:   /s/ Robert H. Reckers
                                      Robert H. Reckers, Esq.
                                      Attorney for Defendants
                                      Rimni Street, Inc. and Seth Ravin

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Fifth Set of Interrogatories to Plaintiffs was served on the 3rd day of October, 2011, via email, as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

By:  _/s/ Robert H. Reckers_____
Robert H. Reckers, Esq.
Attorney for Defendants
Rimini Street, Inc. and Seth Ravin