BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (pro hac vice)
FRED NORTON (pro hac vice)
KIERAN P. RINGGENBERG (pro hac vice)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
fnorton@bsfllp.com
kringgenberg@bsfllp.com

BINGHAM McCUTCHEN LLP
GEOFFREY M. HOWARD (pro hac vice)
THOMAS S. HIXSON (pro hac vice)
KRISTEN A. PALUMBO (pro hac vice)
BREE HANN (pro hac vice)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com
bree.hann@bingham.com

DORIAN DALEY (pro hac vice)
DEBORAH K. MILLER (pro hac vice)
JAMES C. MAROULIS (pro hac vice)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc. and Oracle International
Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No 2:10-cv-0106-LRH-PAL<br><br>**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT (L.R. 56-1)**<br><br>Date: _____, 2012<br>Time: _____ .m.<br>Place: Courtroom __<br>Judge: Hon. Larry R. Hicks |

Pursuant to Civil Local Rule 56-1, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. (collectively, "Oracle"), submit this statement setting forth each undisputed fact in support of their motion for partial summary judgment, with citations to the evidence in support of each fact.

## II.   STATEMENT OF UNDISPUTED FACTS

### A.   Oracle's J.D. Edwards, PeopleSoft, and Siebel Software

| # | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 1. | Oracle is currently the owner or exclusive licensee of PeopleSoft-, J.D. Edwards-, and Siebel-branded software. | • **Declaration Of Todd E. Adler In Support Of Oracle's Motion For Partial Summary Judgment ("Adler Decl.") ¶¶ 3-8 & Exs. 1-9.**<br><br>"8. OIC is the current owner or exclusive licensee of each of the registered copyrights for which certificates of registration are attached to the Appendix as Exhibits 1 through 8." |
| 2. | Oracle (including PeopleSoft, J.D. Edwards, and Siebel) has entered into written license agreements with its customers. There are written license agreements for the City of Flint, Michigan; School District of Pittsburgh, Pennsylvania; City of Des Moines; City of Eugene, Oregon; Dave & Buster's Inc.; Giant Cement Holding, Inc.; and Novell, Inc. | • **Declaration of Bree Hann In Support Of Oracle's Motion For Partial Summary Judgment ("Hann Decl.") ¶ 3 & Ex._18 (Rimini's Supplemental Responses to Oracle's Interrogatories 7, 15, 28, 29, and 30) at 9-10:**<br><br>Oracle's Interrogatory No. 15 asked Rimini to identify "each specific license agreement" that Rimini asserted authorized its use of Oracle's copyrighted software and support materials. Rimini's response ████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br><br>These Exhibits list Oracle Bates numbers ("ORCLRS-") alongside the names of customers, and include the following entries:<br><br>Supplemental Exhibit A - PeopleSoft Licenses<br><br>- City of Flint Michigan: ORCLRS0004135<br>- School District of Pittsburgh: ORCLRS0164981<br>- City of Des Moines: ORCLRS0162923 |

| | |
|---|---|
| | - City of Eugene: ORCLRS0163100<br>- City of Eugene: ORCLRS0163040<br>- Dave & Buster's, Inc.: ORCLRS0053220<br><br>Supplemental Exhibit B: JDE Licenses<br><br>- Giant Cement Holding, Inc.: ORCLRS0164131<br><br>Supplemental Exhibit C: Siebel Licenses<br><br>- Novell, Inc.: ORCLRS0810822<br><br>• **Declaration of Thom O'Neill In Support Of Oracle's Motion For Partial Summary Judgment ("O'Neill Decl.") ¶¶ 2-9 & Exs. 10-17.**<br><br>The Bates-numbered documents identified above that Rimini listed in Supplemental Exhibits A-C to its Response to Interrogatory 15 are written license agreements from Oracle's customer contracts databases, and are attached as Exhibits 10-17 to the Appendix. |

### B.   Unauthorized, Admitted Copying Pervades Rimini's Business

| # | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 3. | Rimini cannot identify the source of the software used to construct certain environments present on its systems. | • **Hann Decl. ¶ 7 & Ex. 22 (Oracle's Fifth Set of Interrogatories, Nos. 20-25) at 4-5:**<br><br>Interrogatory No. 20:<br>"*For each Environment listed on Exhibit A or contained within a virtual machine listed on Exhibit A, Identify the Environment and the Source(s) from which You obtained all Installation Media used to create or modify that Environment.* For example, if an Environment was created by cloning (copying) a previously existing Environment, which in turn was created from Installation Media stored on an Identified Rimini Computer System, which in turn were copied from physical Installation Media obtained directly from a specific client, the response should Identify the origins, names, locations at time of use, customer(s) from which or on whose behalf you claim to have obtained the materials (if applicable), and website(s) or media from which you obtained the materials (if applicable) for (1) the previous Environment, (2) the electronic copy of Installation Media, and (3) the physical Installation Media, and the role of each in serving as a source." (emphasis supplied) |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



Interrogatory No. 21:

*"For each Environment that ever existed on any Identified Rimini Computer System (excluding Environments listed on Exhibit A or contained within a virtual machine listed on Exhibit A), including but not limited to the Environments listed on Exhibit B or contained within a virtual machine listed on Exhibit B, Identify the Environment and the Source(s) from which You obtained all Installation Media used to create or modify that Environment.* For example, if an Environment was created by cloning (copying) a previously existing Environment, which in turn was created from Installation Media stored on an Identified Rimini Computer System, which in turn were copied from physical Installation Media obtained directly from a specific client, the response should Identify the origins, names, locations at time of use, customer(s) from which or on whose behalf you claim to have obtained the materials (if applicable), and website(s) or media from which you obtained the materials (if applicable) for (l) the previous Environment, (2) the electronic copy of Installation Media, and (3) the physical Installation Media, and the role of each in serving as a source." (emphasis supplied)

- **Hann Decl. ¶ 8 & Ex. 23 (Exhibit A to Oracle's Fifth Set of Interrogatories):**

As indicated by the header on each page of Exhibit A to Interrogatories 20-22, Exhibit A lists "RIMINI PeopleSoft Environments" (pp. 1-9), "RIMINI JD Edwards Environments" (p. 10), and "RIMINI Siebel Environments" (pp. 11-14).

- **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 13-18, 29-35:**

Rimini's Third Supplemental Responses to Interrogatory No. 20 (pp. 13-18) and Interrogatory No. 21 (pp. 29-35) are identical.

In those responses (pp. 13-14, 30), ████████████████████
████████████████████████
████████████████████████
██████████████████████
████████████████████

3

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



- **Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):**

For certain environments, Rimini stated that the source of the installation media used to create the environment is "unknown."

17
18

    **C.**    **Rimini obtained Oracle software and support materials through deception and misdirection**

| # | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 4. | Rimini maintains environments on its computer systems. | • **Hann Decl. ¶ 7 & Ex. 22 (Oracle's Fifth Set of Interrogatories, Nos. 20-25) at 4-5:**<br><br>Oracle's Interrogatory No. 20<br>"For each Environment listed on Exhibit A or contained within a virtual machine listed on Exhibit A, Identify the Environment and the Source(s) from which You obtained all Installation Media used to create or modify that Environment."<br><br>Oracle's Interrogatory No. 21:<br>"For each Environment that ever existed on any Identified Rimini Computer System (excluding Environments listed on Exhibit A or contained within a virtual machine listed on Exhibit A), |

19
20
21
22
23
24
25
26
27
28

4



including but not limited to the Environments listed on Exhibit B or contained within a virtual machine listed on Exhibit B, Identify the Environment and the Source(s) from which You obtained all Installation Media used to create or modify that Environment."

- **Hann Decl. ¶ 8 & Ex. 23 (Exhibit A to Oracle's Fifth Set of Interrogatories):**

As indicated by the header on each page of Exhibit A to Interrogatories 20-22, Exhibit A lists "RIMINI PeopleSoft Environments" (pp. 1-9), "RIMINI JD Edwards Environments" (p. 10), and "RIMINI Siebel Environments" (pp. 11-14).

- **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 13, 30:**

Rimini's Third Supplemental Responses to Interrogatory No. 20 (pp. 13-18) and Interrogatory No. 21 (pp. 29-35) are identical.

In those responses

5.

- **Hann Decl. ¶ 47 & Ex. 62 (Krista Williams Depo.) at 17:1-21:**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



- **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 13, 30:**

Responses to Interrogatories 20 & 21:

- **Hann Decl. ¶ 28 & Ex. 43 (J.R. Corpuz Depo.) at 176:21-177:5:**

- **Hann Decl. ¶ 49 & Ex. 64 (Oracle Depo. Ex. 38):**

- **Hann Decl. ¶ 14 & Ex. 29 (Rimini's Second Supplemental Responses to Interrogatories 24-25) at 10-12:**

Response to Interrogatory No. 25:

6



| | | | |
|---|---|---|---|
| 6. | When it made an electronic copy of a CD or DVD, Rimini necessarily made a copy of every file that contained more than a *de minimis* amount of protected expression present on that installation media. | • **Hann Decl. ¶ 15 & Ex. 30 (Oracle's First Set of Requests for Admission) at 1:**<br><br>Definitions:<br>"The term 'Code Objects' shall refer to files containing more than a de minimis or trivial amount of protectable expression, as discussed in *Newton v. Diamond*, 388 F.3d 1189, 1192-93 (9th Cir. 2003).  For J.D. Edwards, Code Objects shall include c. and .h files.  For PeopleSoft, Code Objects shall include COBOL, SQR, SQC, and DAT files."<br><br>"The term 'Installation Media' shall refer to any CD, DVD, download, electronic file, or similar item that can be or has been used to install Oracle Enterprise Software or Oracle Database software."<br><br>• **Hann Decl. ¶ 16 & Ex. 31 (Rimini Street's Responses to Oracle's First Set of Requests for Admission) at 7:**<br><br>Request No. 13:<br>"Admit that creating a complete copy of Installation Media creates at least one copy of any and all Code Objects present on that Installation Media."<br><br>Response:<br>"Subject to those objections as well as Rimini's | | |

7

| | | | |
|---|---|---|---|
| | | | defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Admitted." |
| 7. | | Rimini received the CDs or DVDs it used to build environments through various means, including shipments from Oracle and from Rimini's customers. | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 15, 32:** Rimini's Third Supplemental Responses to Interrogatory No. 20 (pp. 13-18) and Interrogatory No. 21 (pp. 29-35) are identical. Responses to Interrogatories 20 & 21: ▮▮▮▮▮▮ |
| 8. | | ▮▮▮▮▮▮▮▮, a majority of the electronic shipping requests submitted to Oracle by Rimini (or a customer acting at Rimini's direction) included requests for a copy for the customer's "offsite backup location" – Rimini Street's address. | • **Hann Decl. ¶ 18 & Ex. 33 (Rimini Street's Second Amended Responses to Oracle's Third Set of Requests for Admission) at 4:** Request No. 26: "With respect to Your written and electronic requests that Oracle ship software to a Rimini Street address, admit that more than 50% of the requests asked Oracle to ship the software to an 'offsite backup location.'" Response: "Subject to and without waiver of the foregoing general objections, Rimini responds: Admitted." • **Hann Decl. ¶ 39 & Ex. 54 (George Lester Depo.) at 131:7-10, 135:14-136:4); Hann Decl. ¶ 40 & Ex. 55 (Oracle Depo. Ex. 809):** ▮▮▮▮▮▮ |

8

A/74868458.1



• **Hann Decl. ¶¶ 28, 31 & Exs. 43 (J.R. Corpuz Depo.) at 163:17-23, 45 (Oracle Depo. Ex. 34):**

| 9. | None of Rimini's requests disclosed to Oracle that the software to be shipped to a Rimini Street address would be "used by Rimini Street to install the software on Rimini Street's computers," or that the software would be "used by Rimini to support multiple Rimini customers." | • **Hann Decl. ¶ 18 & Ex. 33 (Rimini Street's Second Amended Responses to Oracle's Third Set of Requests for Admission) at 5-7:**<br><br>Request No. 30:<br>"With respect to Your written and electronic requests that Oracle ship Oracle Enterprise Software to a Rimini Street address, admit that none of the requests disclosed to Oracle that the software to be shipped to a Rimini Street address would be used by Rimini Street to install the software on Rimini Street's computers."<br><br>Response:<br>"Subject to and without waiver of the foregoing objections, Rimini responds that, having investigated, it is not aware of any requests to Oracle for shipment of Oracle Enterprise Software to a Rimini Street address which expressly stated that the software be shipped to a Rimini Street address would be used by Rimini Street to install the software on Rimini Street's computers." |
|---|---|---|

9

| | | |
|---|---|---|
| | | Request No. 32: "With respect to Your written and electronic requests that Oracle ship Oracle Enterprise Software to a Rimini Street address, admit that none of the requests disclosed to Oracle that the software to be shipped to a Rimini Street address would be used by Rimini Street to support multiple Rimini Street customers." |
| | | Response: "Subject to and without waiver of the foregoing objections, Rimini responds that, having investigated, it is not aware of any requests for shipment of Oracle Enterprise Software to a Rimini Street address which expressly stated that the software be shipped to a Rimini Street address would be used by Rimini Street to support multiple Rimini customers." |
| 10. |  | • **Hann Decl. ¶¶ 28, 30 & Exs. 43 (J.R. Corpuz Depo.) at 158:19-159:1, 45 (Oracle Ex. 33) at RSI00333472-73:** |
| | | • **Hann Decl. ¶ 39 & Ex. 54 (George Lester Depo.) at 131:7, 131:22-132:1, 134:7-136:7; Hann Decl. ¶ 40 & Ex. 55 (Oracle Depo. Ex. 809):** |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



| | 11. | ████████, Oracle stopped shipping the second copy of the customer's software to the purported "offsite backup location." | • **Hann Decl. ¶ 29 & Ex. 44 (RSI00479793):** |
| | | | • **Hann Decl. ¶¶ 28, 31 & Exs. 43 (J.R. Corpuz Depo.) at 163:17-23, 46 (Oracle Depo. Ex. 34):** |
| | 12. | The Rimini executive who prepared the shipment request form admitted that | • **Hann Decl. ¶ 39 & Ex. 54 (George Lester Depo.) at 131:7, 131:22-132:10, 132:24-133:9, 135:2-10:** |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1

| | | |
|---|---|---|
| | |  |
| 13. | The reason for the requests was not merely to maintain an "offsite backup" but was, instead, ███████ | • **Hann Decl. ¶ 28 & Ex. 43 (J.R. Corpuz Depo.) at 158:22-160:4, 160:13-14:** |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT



| # | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 14. | The requests Rimini prepared were not ██████████████████ | • **Hann Decl. ¶ 28 & Ex. 43 (J.R. Corpuz Depo.) at 160:5-22:** |

**D.    Rimini Infringed Oracle's Copyrights When It Created And Copied Local Environments**

| # | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 15. | Rimini disclosed or confirmed the existence of each of the environments at issue in this motion (and hundreds more) in response to interrogatories that, without objection, defined each environment to be "a copy of Oracle software that result[ed] from installation of that software." | • **Hann Decl. ¶ 7 & Ex. 22 (Oracle's Fifth Set of Interrogatories, Nos. 20-25) at 2:**<br><br>Definitions and instructions:<br>"The term 'Environment' means a *copy* of Oracle software that results from installation of that software."<br><br>• ***See* Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 2, 4, 8, 13:**<br><br>Rimini did not object to the definition of the term "Environment." |

14

| | | |
|---|---|---|
| | | • *See* Undisputed Fact 4. |
| 16. | Rimini further admitted that each of the environments at issue in this motion (and hundreds more) embodies "a substantial portion of the protected expression" of one or more of Oracle's registered copyrights. | • **Hann Decl. ¶ 52 & Ex. 67 (Second Amended Exhibit B to Oracle's Second Amended Requests for Admission, Nos. 239-40):** <br><br> Second Amended Exhibit B is a spreadsheet of item numbers, environments, alternate environment names, and registered works – in columns 1 through 4, respectively.  It lists the following: <br><br>  <br><br> • **Hann Decl. ¶ 20 & Ex. 35 (Rimini's Responses to Oracle's Second Amended Requests for Admission No. 239-240) at 2:** <br><br> Response to Second Amended Request No. 239: "Subject to and without waiver of the foregoing general and specific objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct: ***Rimini admits that the Environments listed as items 1-280***, 282-285, 287-322, 324-333, 335-336, ***338-468*** in the second column of Amended Exhibit B embodies a substantial portion of the protected expression of the corresponding registered copyright(s) listed in the fourth column of Amended Exhibit B.  For the remaining listed Environments, Rimini denies this request." (emphasis supplied) |

1.      **Rimini's Twelve Unlicensed Local Environments at Issue in This Motion**

| # | Undisputed Fact | Supporting Evidence |
|---|---|---|

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



| | 17. | The environments at issue in this motion are allegedly associated with four specific customers. | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 13, 17, 30, 33:** |
| | | | • **Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):** |
| | | | • **Hann Decl. ¶ 11 & Ex. 26 (Exhibit 1B-2 to Rimini's Third Supplemental Responses to Interrogatories 20-22):** |
| | | | • **Hann Decl. ¶ 12 & Ex. 27 (Exhibit 1C-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):** |
| | 18. | **Chart:** Five PeopleSoft environments | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third** |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



| | | | |
|---|---|---|---|
| | | | |
| 20. | **Chart:** Each of the five PeopleSoft environments for customer City of Flint, Michigan "embodies a substantial portion of the protected expression" covered by Oracle's registered, copyrighted works TX 4-792-575 (PeopleSoft HRMS 7.5) and TX 4-792-578 (PeopleTools 7.5). | • **Hann Decl. ¶ 20 & Ex. 35 (Rimini's Responses to Oracle's Second Amended Requests for Admission, Nos. 239-40):**<br><br>Response to Second Amended Request No. 239: "Subject to and without waiver of the foregoing general and specific objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct: *Rimini admits that the Environments listed as items 1-280, 282-285, 287-322, 324-333, 335-336, 338-468 in the second column of Amended Exhibit B embodies a substantial portion of the protected expression of the corresponding registered copyright(s) listed in the fourth column of Amended Exhibit B.* For the remaining listed Environments, Rimini denies this request." (emphasis supplied)<br><br>• **Hann Decl. ¶ 52 & Ex. 67 (Second Amended Exhibit B to Oracle's Second Amended Requests for Admission, Nos. 239-40):**<br><br>Second Amended Exhibit B is a spreadsheet of item numbers, environments, alternate environment names, and registered works – in columns 1 through 4, respectively. In light of Rimini's admissions in its Response as to items 64, 65, 370 and 371, Second Amended Exhibit B reflects the following: | |

18

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| | | ███████████████████ |
| | | • **Adler Decl. ¶ 3 & Ex. 4 (TX 4-792-575):** |
| | | TX 4-792-575 is the copyright registration for PeopleSoft HRMS 7.5. |
| | | • **Adler Decl. ¶ 3 & Ex. 1 (TX 4-792-578):** |
| | | TX 4-792-578 is the copyright registration for PeopleTools 7.5. |
| 21. | **Chart:** Four PeopleSoft environments are allegedly associated with customer School District of Pittsburgh, PA. The environments are named H831PPS2, H831PPSM, F842PPSM and F842PPSM. | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 13, 30:** ███████████████████ • **Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):** ███████████████████ |
| 22. | **Chart:** The PeopleSoft environments named H831PPS2 and H831PPSM, associated with School District of Pittsburgh, PA, each contain PeopleSoft HRMS 8.3 SP1. H831PPS2 and H831PPSM contain PeopleTools 8.22. | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 13, 30:** ███████████████████ • **Hann Decl. ¶ 10 & Ex. 25 (First** |

19

A/74868458.1

| | | Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):<br> |
|---|---|---|
| 23. | **Chart**: Each of the PeopleSoft environments named H831PPS2 and H831PPSM, associated with School District of Pittsburgh, PA, "embodies a substantial portion of the protected expression" covered by Oracle's registered, copyrighted works TX 5-469-032 (PeopleSoft HRMS 8.3) and TX 5-266-221 (PeopleTools 8.10). | • **Hann Decl. ¶ 20 & Ex. 35 (Rimini's Responses to Oracle's Second Amended Requests for Admission, Nos. 239-40):**<br><br>Response to Second Amended Request No. 239: "Subject to and without waiver of the foregoing general and specific objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct: ***Rimini admits that the Environments listed as items 1-280, 282-285, 287-322, 324-333, 335-336, 338-468 in the second column of Amended Exhibit B embodies a substantial portion of the protected expression of the corresponding registered copyright(s) listed in the fourth column of Amended Exhibit B***. For the remaining listed Environments, Rimini denies this request." (emphasis supplied)<br><br>• **Hann Decl. ¶ 52 & Ex. 67 (Second Amended Exhibit B to Oracle's Second Amended Requests for Admission, Nos. 239-40):**<br><br>Second Amended Exhibit B is a spreadsheet of item numbers, environments, alternate environment names, and registered works – in columns 1 through 4, respectively. In light of Rimini's admissions in its Response as to items 120 and 121, Second Amended Exhibit B reflects the following: |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1

| | | |
|---|---|---|
| | | ▮▮▮▮▮▮▮ |
| | | • **Adler Decl. ¶ 3 & Ex. 5 (TX 5-469-032):** |
| | | TX 5-469-032 is the copyright registration for PeopleSoft HRMS 8.3. |
| | | • **Adler Decl. ¶ 3 & Ex. 2 (TX 5-266-221):** |
| | | TX 5-266-221 is the copyright registration for PeopleTools 8.10. |
| 24. | **Chart:** The two PeopleSoft environments named F842PPSM, associated with School District of Pittsburgh, PA, each contain PeopleSoft FSCM 8.4 SP2. Both F842PPSM environments contain PeopleTools 8.48. | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 13, 30:** |
| | | ▮▮▮▮▮▮▮ |
| | | • **Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):** |
| | | ▮▮▮▮▮▮▮ |
| | | ▮▮▮▮▮▮▮ |
| 25. | **Chart:** The two PeopleSoft environments named F842PPSM, associated with School District of Pittsburgh, PA, each "embodies a substantial portion of the protected expression" covered by Oracle's registered, copyrighted works TX 5-586-247 (PeopleSoft FSCM 8.4) and TX 7-092-819 (PeopleTools 8.48). | • **Hann Decl. ¶ 19 & Ex. 34 (Rimini's Responses to Oracle's Second Amended Requests for Admission, Nos. 239-40):** <br><br> Response to Second Amended Request No. 239: "Subject to and without waiver of the foregoing general and specific objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct *Rimini admits that the Environments listed as items 1-280, 282-285, 287-322, 324-333, 335-336, 338-468 in the second column of Amended Exhibit B embodies a substantial portion of the protected expression of the corresponding registered* |

21

A/74868458.1

| | | |
|---|---|---|
| | | *copyright(s) listed in the fourth column of Amended Exhibit B.* For the remaining listed Environments, Rimini denies this request." (emphasis supplied) |
| | | • **Hann Decl. ¶ 52 & Ex. 67 (Second Amended Exhibit B to Oracle's Second Amended Requests for Admission, Nos. 239-40):** |
| | | Second Amended Exhibit B is a spreadsheet of item numbers, environments, alternate environment names, and registered works – in columns 1 through 4, respectively.  In light of Rimini's admissions in its Response as to item 23, ■■■■■■■■■■■■■■■■ |
| | | • **Adler Decl. ¶ 3 & Ex. 6 (TX 5-586-247):** |
| | | TX 5-586-247 is the copyright registration for PeopleSoft Financials and Supply Chain Management 8.4. |
| | | • **Adler Decl. ¶ 3 & Ex. 3 (TX 7-092-819):** |
| | | TX 7-092-819 is the copyright registration for PeopleTools 8.48. |
| 26. | **Chart**: One J.D. Edwards EnterpriseOne environment is allegedly associated with customer Giant Cement Holdings, Inc.  The environment is named JGCHE5TSA1. | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 17, 33:** |
| | | • **Hann Decl. ¶ 11 & Ex. 26 (Exhibit 1B-2 to Rimini's Third Supplemental Responses to Interrogatories 20-22):** |
| 27. | **Chart**: The J.D. Edwards Enterprise One environment named JGCHE5TSA1, associated with Giant Cement Holdings, Inc., contains J.D. Edwards EnterpriseOne 8.10. | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 17, 33** |



22

A/74868458.1

| | | |
|---|---|---|
| | |   • **Hann Decl. ¶ 11 & Ex. 26 (Exhibit 1B-2 to Rimini's Third Supplemental Responses to Interrogatories 20-22):** |
| 28. | **Chart:** The J.D. Edwards Enterprise One environment named JGCHE5TSA1, associated with Giant Cement Holdings, Inc., "embodies a substantial portion of the protected expression" covered by Oracle's registered, copyrighted work TX 6-541-038 (Initial release of J.D. Edwards EnterpriseOne 8.10). | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Responses to Oracle's Second Amended Requests for Admission, Nos. 239-40):**<br><br>Response to Second Amended Request No. 239: "Subject to and without waiver of the foregoing general and specific objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct: *Rimini admits that the Environments listed as items 1-280, 282-285, 287-322, 324-333, 335-336, 338-468 in the second column of Amended Exhibit B embodies a substantial portion of the protected expression of the corresponding registered copyright(s) listed in the fourth column of Amended Exhibit B.* For the remaining listed Environments, Rimini denies this request." (emphasis supplied)<br><br>• **Hann Decl. ¶ 52 & Ex. 67 (Second Amended Exhibit B to Oracle's Second Amended Requests for Admission, Nos. 239-40):**<br><br>Second Amended Exhibit B is a spreadsheet of item numbers, environments, alternate environment names, and registered works – in columns 1 through 4, respectively. In light of Rimini's admissions in its Response as to item 261, |
| | | • **Adler Decl. ¶ 3 & Ex. 7 (TX 6-541-038):** |

23

| | | | |
|---|---|---|---|
| 1 | | | TX 6-541-038 is the copyright registration for Initial release of J.D. Edwards EnterpriseOne 8.10. |
| 2 | | | |
| 3 | 29. | **Chart**: Two Siebel environments are allegedly associated with customer Novell, Inc.  The environments are named NOVELL-AP01 and NOVELL-CLI | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 17, 33:** |
| 4 | | | |
| 5 | | | ■■■■■■■■■■■■■■■ |
| 6 | | | |
| 7 | | | • **Hann Decl. ¶ 12 & Ex. 27 (Exhibit 1C-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):** |
| 8 | | | |
| 9 | | | |
| 10 | | | ■■■■■■■■■■■■■■■ |
| 11 | | | |
| 12 | 30. | **Chart**: The Siebel environments named NOVELL-AP01 and NOVELL-CLI, associated with customer Novell, Inc., each contain Siebel 7.7. | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 17, 33:** |
| 13 | | | |
| 14 | | | ■■■■■■■■■■■■■■■ |
| 15 | | | |
| 16 | | | • **Hann Decl. ¶ 12 & Ex. 27 (Exhibit 1C-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):** |
| 17 | | | |
| 18 | | | |
| 19 | | | ■■■■■■■■■■■■■■■ |
| 20 | | | |
| 21 | | | ■■■■■■■■■■■■■■■ |
| 22 | | | |
| 23 | 31. | **Chart**: The Siebel environments named NOVELL-AP01 and NOVELL-CLI, associated with customer Novell, Inc., each "embodies a substantial portion of the protected expression" covered by Oracle's registered, copyrighted work TX 6-941-993 (Siebel 7.7.1 Initial Release and Documentation). | • **Hann Decl. ¶ 20 & Ex. 35 (Rimini's Responses to Oracle's Second Amended Requests for Admission, Nos. 239-40):** |
| 24 | | | |
| 25 | | | <u>Response to Second Amended Request No. 239</u>: "Subject to and without waiver of the foregoing general and specific objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct: ***Rimini admits that the Environments listed as items 1-280,*** |
| 26 | | | |
| 27 | | | |
| 28 | | | |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



| | | |
|---|---|---|
| | | *282-285, 287-322, 324-333, 335-336, 338-468 in the second column of Amended Exhibit B embodies a substantial portion of the protected expression of the corresponding registered copyright(s) listed in the fourth column of Amended Exhibit B.* For the remaining listed Environments, Rimini denies this request." (emphasis supplied) |
| | | • **Hann Decl. ¶ 52 & Ex. 67 (Oracle's Second Amended Requests for Admission, Nos. 239-40) at Second Amended Exhibit B:**<br><br>Second Amended Exhibit B is a spreadsheet of item numbers, environments, alternate environment names, and registered works – in columns 1 through 4, respectively.  In light of Rimini's admissions in its Response as to items 279 and 280, Second Amended Exhibit B reflects the following: |
| | | • **Adler Decl. ¶ 3 & Ex. 8 (TX 6-941-993):**<br><br>TX 6-941-993 is the copyright registration for Siebel 7.7.1 Initial Release and Documentation. |
| 32. | There are two distinct environments with the same name for both H751COFO and F842PPSM. | • **Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):**<br><br>• **Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):** |

25

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT



2.  **Rimini made copies of Oracle software when creating environments**



| # | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 33. | Rimini built its local environments using at least four methods: | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 13-15, 30-31:**<br><br>Response to Interrogatory No. 20: |

26

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



Rimini's Third Supplemental Responses to Interrogatory No. 20 (pp. 13-18) and Interrogatory No. 21 (pp. 29-35) are identical.

- **Hann Decl. ¶ 47 & Ex. 62 (Krista Williams Depo.) at 22:19-23:11:**

| 34. | Regardless of the method employed, Rimini copied Oracle's protected expression when building an environment. | • **Hann Decl. ¶ 15 & Ex. 30 (Oracle's First Set of Requests for Admission) at 1:**<br><br>Definitions:<br>"The term 'Complete or Partial Copy' shall refer to a copy of all or a portion of Oracle Enterprise Software containing a substantial portion of the protected expression for a corresponding copyright registration alleged by Oracle in its Second Amended Complaint, Dkt. 146."<br><br>"The term 'Environment' shall refer to a Complete or Partial Copy of Oracle Enterprise Software created by installing that software from Installation Media or by copying an existing Environment."<br><br>• **Hann Decl. ¶ 16 & Ex. 31 (Rimini's Responses to Oracle's First Set of Requests for Admission, Requests) at 2-5:**<br><br>Request No. 1: |

27

A/74868458.1

| | | |
|---|---|---|
| 1 | | "Admit that any successful installation of Oracle Enterprise Software creates at least one Environment." |
| 2 | | |
| 3 | | Response: |
| 4 | | "Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied-in-part and Admitted-in-part. Rimini admits that any complete installation of Oracle Enterprise Software creates at least one Environment comprising the software that was installed." |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | Request No. 2: |
| 9 | | "Admit that creating a complete copy of an existing Environment creates at least one copy of any and all Software and Support Materials present in that Environment." |
| 10 | | |
| 11 | | Response: |
| 12 | | "Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Admitted." |
| 13 | | |
| 14 | | Request No. 3: |
| 15 | | "Admit that copying an Environment located on one computer, network location, virtual machine, storage device or physical media onto a second computer, network location, virtual machine, storage device or physical media creates at least one complete copy of that Environment." |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | Response: |
| 20 | | "Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied-in-part and Admitted-in-part. Rimini admits that copying a complete Environment from one physical location or device to second physical location or device creates at least one complete copy of that Environment." |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | Request No. 7: |
| 25 | | "Admit that creating a copy of a virtual machine creates at least one complete copy of any Environment present on that virtual machine." |
| 26 | | |
| 27 | | Response: |
| 28 | | "Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | | |
|---|---|---|---|
| | | | responds: Denied-in-part and Admitted-in-part. Rimini admits that creating a complete physical copy of a virtual machine creates at least one complete copy any Environment present on that virtual machine."<br><br>Request No. 8:<br>"Admit that copying a virtual machine located on one computer, network location, storage device or physical media onto a second computer, network location, storage device or physical media creates at least one complete copy of any Environment present on that virtual machine."<br><br>Response:<br>"Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied-in-part and Admitted-in-part. Rimini admits that completely copying a virtual machine from a first physical location or device to a second physical location or device creates at least one complete copy any Environment present on that virtual machine.'" |
| | 35. | A clone of a software environment is a copy of the software in the environment that was cloned. | • **Hann Decl. ¶ 39 & Ex. 54 (George Lester Depo.) at 21:2-24:**  |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



| | | |
|---|---|---|
| | | ▮▮▮▮▮ |
| | | • **Hann Decl. ¶ 39 & Ex. 54 (George Lester Depo.) at 20:12-17:** |
| | | ▮▮▮▮▮▮▮▮▮▮▮▮ |
| | | • **Hann Decl. ¶ 47 & Ex. 62 (Krista Williams Depo.) at 73:2-13:** |
| | | ▮▮▮▮▮▮▮▮▮▮▮▮ |
| 36. | Krista Williams, the manager of Rimini's PeopleSoft environments team, testified that ▮▮▮▮▮▮▮▮▮▮▮ Williams was designated as Rimini's corporate designee on environment cloning. | • **Hann Decl. ¶ 47 & Ex. 62 (Krista Williams Depo.) at 94:23-95:8, 95:11-23:** ▮▮▮▮▮▮▮▮▮▮▮▮ |

30

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

- **Hann Decl. ¶ 48 & Ex. 63 (Transcript Of Nov. 8, 2011 Joint Status Conference) at 17:9-19:2:**

"THE COURT:  Was Ms. Williams in her individual capacity or as the corporation's Rule 30(b)(6) designee?
MR. RECKERS:  In her individual capacity.
THE COURT:  And do you intend -- your response to their request for an order compelling them a fuller -- your other answer says you intend to supplement the interrogatory responses with her testimony.
MR. RECKERS:  Yes.
THE COURT:  And you say you intend to be bound by what she has testified about.
MR. RECKERS:  Yes.
THE COURT:  *Is there anyone in the corporation that has superior knowledge to Ms. Williams about this issue?*
MR. RECKERS:  *No.*  And so that's one of the reasons we put it in our brief.
And the deposition transcript just went final.  So I think that with her testimony -- she was deposed, obviously, on this important issue at some length.
THE COURT:  *You're telling me that this is the best answer that your corporation can provide because she is the most knowledgeable person and she has what level of detail the corporation has.*
MR. RECKERS:  *Absolutely.*
THE COURT:  And you're bound by that.
MR. RECKERS:  Yes, Your Honor.
THE COURT:  And you're not going to claim that she's incorrect?
MR. RECKERS:  If we -- we're going to put the citations down and we're going to review the citations and put the ones down that the corporation was bound by.
And as I stand here today, my general understanding is that she's correct and that is the corporation's answers to these questions.

- **See also Hann Decl. ¶ 14 & Ex. 29 (Rimini's Second Supplemental Responses to Interrogatories 24-25) at 12:**

31



| | | |
|---|---|---|
| | | Subsequently, Rimini provided citations from the Krista Williams deposition transcript in response to Interrogatories 24-25. |
| 37. | | • **Hann Decl. ¶ 47 & Ex. 62 (Krista Williams Depo.) at 94:23-95:8, 95:11-23:** |
| | | • **Hann Decl. ¶ 47 & Ex. 62 (Krista Williams Depo.) at 137:18-25.** |
| | | • **Hann Decl. ¶ 50 & Ex. 65 (Oracle Depo. Ex. 483) at RSI01715859-60.** |

32

| | | |
|---|---|---|
| 38. | For certain environments, the source of the installation media used to create the environment is "unknown." | • *See* **Undisputed Fact 3.** |

### 3. Rimini Created Local Environments from Non-Customer-Specific Copies of Oracle Software

| | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 39. | At least some of the Oracle software and support materials that Rimini used to create environments "was not stored in client-specific folders." | • **Hann Decl. ¶ 18 & Ex. 33 (Rimini Street's Second Amended Responses to Oracle's Third Set of Requests for Admission) at 35:**<br><br>Request No. 110:<br>"Admit that the allegation in Paragraph 34 of Rimini Street's Answer to Oracle's Second Amended Complaint and First Amended Counterclaim, Dkt. 153, that a 'library of Oracle's intellectual property to support its present and prospective customers' has 'never existed at Rimini Street,' is false."<br><br>Response [Amended]:<br>"Subject to and without waiver of the foregoing general and specific objections, Rimini Street admits that it maintained certain Oracle Software and Support Material on behalf of clients that ***was not stored in client-specific folders***. Rimini Street denies, however, that it ever maintained a library of software for general or generic use without regard to rights afforded to Rimini customers' under their respective license agreements with Oracle, as alleged in Oracle's Second Amended Complaint." (emphasis supplied) |
| 40. | Rimini continued to use non-customer-specific installation media when creating environments until ███████. | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 13-14, 30-31:** |

33



- **Hann Decl. ¶ 13 & Ex. 28 (Rimini's Third Supplemental Responses to Interrogatories 20-22, Exhibit 5):**

4. **Rimini Made Additional Copies of Oracle Software**

| # | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 41. | Rimini admits that "a portion of an Environment is loaded into a | • **Hann Decl. ¶ 15 & Ex. 30 (Oracle's First Set of Requests for Admission) at 1:** |

34

| | | |
|---|---|---|
| | computer's RAM [random access memory] when that Environment is loaded for use." | Definitions:<br>"The term 'Complete or Partial Copy' shall refer to a copy of all or a portion of Oracle Enterprise Software containing a substantial portion of the protected expression for a corresponding copyright registration alleged by Oracle in its Second Amended Complaint, Dkt. 146."<br><br>• **Hann Decl. ¶ 16 & Ex. 31 (Rimini Street's Responses to Oracle's First Set of Requests for Admission) at 8-9:**<br><br>Request No. 16:<br>"Admit that loading an Environment for use creates at least one RAM Copy that is a Complete or Partial Copy of that Environment."<br><br>Response:<br>"Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Denied-in-part and Admitted-in-part. Rimini admits that a portion of an Environment is loaded into a computer's RAM when that Environment is loaded for use." |
| 42. | Loading a computer program into RAM creates a partial copy of that program. | • *See* **Undisputed Fact 41.**<br><br>• **Hann Decl. ¶ 47 & Ex. 62 (Krista Williams Depo.) at 268:5-11:**<br><br>████████████████<br>████████████████<br>████████████████<br>████████████████<br><br>• **Hann Decl. ¶ 39 & Ex. 54 (George Lester Depo.) at 21:12-15:**<br><br>████████████████<br>████████████████ |
| 43. | Rimini loaded or started Oracle software environments present on its computer systems for various purposes, including to create updates for PeopleSoft software. | • **Hann Decl. ¶ 25 & Ex. 40 (Doug Baron Depo.) at 17:20-18:3:**<br><br>████████████████<br>████████████████ |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



- **Hann Decl. ¶ 41 & Ex. 56 (David Radtke Depo.) at 312:11-14:**

- **Hann Decl. ¶ 39 & Ex. 54 (George Lester Depo.) at 21:12-15:**

- **Hann Decl. ¶ 27 & Ex. 42 (Timothy Conley Depo.) at 199:24-200:2:**

44. Rimini's development managers (including a corporate designee) and individual developers testified that

- **Hann Decl. ¶ 35 & Ex. 50 (Beth Lester 30(b)(6) Depo.) at 14:20-15:7, 16:4-17:22:**

36

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT



- **Hann Decl. ¶ 44 & Ex. 59 (Susan Tahtaras Depo.) at 115:18-116:16:**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



- **Hann Decl. ¶ 27 & Ex. 42 (Timothy Conley Depo.) at 73:9-74:16:**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT



- **Hann Decl. ¶ 41 & Ex. 56 (David Radtke Depo.) at 63:15-64:6:**

| | | |
|---|---|---|
| 45. | Rimini's development process required making multiple copies of an environment, including RAM copies every time Rimini loaded the environment. | • *See* **Undisputed Facts 41-42.** |

**5.    Rimini Used Environments Maintained for One Customer to Generate Fixes and Updates for Multiple Customers**



| # | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 46. | | • **Hann Decl. ¶ 47 & Ex. 62 (Krista Williams Depo.) at 9:22-10:6, 160:10-161:2:** |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | 47. | Rimini also had Siebel and J.D. Edwards software on its computers that it used to support its customers. | • **Hann Decl. ¶ 45 & Ex. 61 (John Whittenbarger Depo.) at 57:20-58:3:** |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | • **Hann Decl. ¶ 43 & Ex. 58 (Brian Slepko 30(b)(6) Depo.) at 63:11-23:** |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

40

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



- **Hann Decl. ¶ 26 & Ex. 41 (Dennis Chiu Depo.) at 297:1-13:**

- **Hann Decl. ¶ 32 & Ex. 47 (Ray Grigsby Depo.) at 11:24-12:18:**

| 48. | Rimini itself has no license from Oracle for any of the enterprise software in any of these local environments | • **Hann Decl. ¶ 3 & Ex. 18 (Rimini's Supplemental Responses to Oracle's Interrogatories 7, 15, 28, 29, and 30) at 5, 9-10:** Oracle's Interrogatory No. 15 asked Rimini to identify "each specific license agreement . . . held by Rimini Street and/or Rimini Street's licensed customers for whom Rimini Street acts as an agent that you allege authorized YOUR use of ORACLE's copyrighted SOFTWARE AND SUPPORT MATERIALS" (internal quotations omitted). |

41

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT



| | | |
|---|---|---|
| 1 | | Rimini's response to Interrogatory 15 does not identify any license owned by Rimini.  Instead, Rimini referred only to ▮▮▮▮▮ |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | 49. | • **Hann Decl. ¶ 44 & Ex. 59 (Susan Tahtaras Depo.) at 163:11-21, 163:23-164:22:** |
| 26 | | • **Hann Decl. ¶ 35 & Ex. 50 (Beth Lester 30(b)(6) Depo.) at 98:22-100:1, 180:3-15, 181:21-182:25:** |

42

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT



43



- **Hann Decl. ¶ 21 & Ex. 36 (Jeff Allen Depo.) at 40:14-41:24:**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



- **Hann Decl. ¶ 34 & Ex. 49 (Nambirajan Lakshmanan Depo.) at 68:15-71:13:**

45

A/74868458.1



- Hann Decl. ¶ 33 & Ex. 48 (Alecia Holmes Depo.) at 168:19-169:19:

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



- *See* Undisputed Fact 44.

50.

- **Hann Decl. ¶ 34 & Ex. 49 (Nambirajan Lakshmanan Depo.) at 70:16-22:**

- **Hann Decl. ¶ 41 & Ex. 56 (David Radtke Depo.) at 63:15-64:6:**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



51.

- **Hann Decl. ¶ 35 & Ex. 50 (Beth Lester 30(b)(6) Depo.) at 16:4-17:22:**

- **Hann Decl. ¶ 44 & Ex. 59 (Susan Tahtaras Depo.) at 164:12-17:**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



- **Hann Decl. ¶ 34 & Ex. 49 (Nambirajan Lakshmanan Depo.) at 68:15-69:1, 70:23-71:13:**

- **Hann Decl. ¶ 35 & Ex. 50 (Beth Lester 30(b)(6) Depo.) at 98:22-100:1:**

49



53.

• **Hann Decl. ¶ 27 & Ex. 42 (Timothy Conley Depo.) at 38:17-39:10:**

• **Hann Decl. ¶ 21 & Ex. 36 (Jeff Allen Depo.) at 238:19-240:8:**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



54. ● **Hann Decl. ¶ 35 & Ex. 50 (Beth Lester 30(b)(6) Depo.) at 200:17-201:25:**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



- **Hann Decl. ¶ 35 & Ex. 50 (Beth Lester 30(b)(6) Depo.) at 44:11-23:**

- **Hann Decl. ¶ 35 & Ex. 50 (Beth Lester 30(b)(6) Depo.) at 150:16-151:3:**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



- **Hann Decl. ¶ 36 & Ex. 51 (ORCLRS-RSI00910586_00598) (HCM101906_U.DAT file from RSI00919586):**

- **Hann Decl. ¶ 37 & Ex. 52 (ORCLRS-RSI00910434_00001) (RS08P06_U.DAT file from RSI00910434):**

- **Hann Decl. ¶ 38 & Ex. 53 (ORCLRS-RSI00910434_00155) (RS09P06_M.DAT file from RSI00910434):**

| 56. | | **• Hann Decl. ¶ 35 & Ex. 50 (Beth Lester 30(b)(6) Depo.) at 186:16-24:** |
| 57. | At certain stages of development, Rimini used one or more environments | **• Hann Decl. ¶ 41 & Ex. 56 (David Radtke Depo.) at 264:3-7:** |

53

| | | | |
|---|---|---|---|
| | | that it designated as "development environments." | ████████████ |
| | 58. | The installed copies of Oracle's enterprise software in H751COF2 and H751DEVO (both of which Rimini contends are City of Flint environments, authorized by the City of Flint's license) and the copies in H831PPSM and H831PPS2 (both of which Rimini contends are School District of Pittsburgh environments) ████████ | • *See* Undisputed Facts 20, 23.<br><br>• Hann Decl. ¶¶ 24, 27 & Exs. 39 (Oracle Depo. Ex. 312), 42 (Timothy Conley Depo.) at 68:7-19:<br><br>████████████<br><br>• Hann Decl. ¶ 45 & Ex. 60 (Oracle Depo. Ex. 112):<br><br>████████████<br><br>• Hann Decl. ¶ 22 & Ex. 37 (Oracle Depo. Ex. 568) at RSI03376355:<br><br>████████████<br><br>• Hann Decl. ¶ 23 & Ex. 38 (Oracle Depo. Ex. 570) at RSI03408951:<br><br>████████████ |

54

1    **III.    LEGAL STANDARD**

2

3    **IV.    RIMINI INFRINGED ORACLE'S EXCLUSIVE RIGHT TO
         REPRODUCE THE EIGHT REGISTERED WORKS AT ISSUE IN
         THIS MOTION**

4

5            **A.    OIC Holds Exclusive Rights To Reproduce The Eight Relevant
                     Copyrights**

6

| # | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 59. | For three of the eight registrations at issue, the certificates of copyright registration identify OIC as the copyright claimant. | • **Adler Decl. ¶ 4 & Exs. 3, 7-8:**<br><br>"Exhibits 3, 7, and 8 each list OIC as the copyright claimant for the corresponding works." |
| 60. | The remaining five registrations identify PeopleSoft, Inc. as the copyright claimant. | • **Adler Decl. ¶ 4 & Exs. 1-2, 4-6:**<br><br>"Exhibits 1, 2, 4, 5 and 6 each list PeopleSoft, Inc., as the copyright claimant for the corresponding works." |
| 61. | PeopleSoft, Inc., transferred ownership of these five copyrights to OIC on March 1, 2005, before Rimini had been founded. | • **Adler Decl. ¶¶ 6-7 & Ex. 9:**<br><br>"6.    A true and correct copy of one such copyright transfer agreement is attached to the Appendix as Exhibit 9. Exhibit 9 is titled "PeopleSoft/JDE LLC OIC Asset Transfer Agreement," has an effective date of March 1, 2005, and is between Oracle Corporation, OIC, PeopleSoft, Inc., and J.D. Edwards & Co., LLC. On August 18, 2008, this agreement was recorded with the Copyright Office. Exhibit 9 bears the United States Copyright Office seal, the signature of the Register of Copyrights, and the volume and page information (volume 3569, document number 436). I have reviewed the agreement attached as Exhibit 9."<br><br>"7.    The agreement attached to the Appendix as Exhibit 9 transferred copyrights and related rights from PeopleSoft, Inc., to OIC effective March 1, 2005.  Specifically, as reflected on the pages Bates-numbered ORCLRS0032904 and ORCLRS0032905, Exhibit I transferred to OIC the copyrights for which certificates of registration are attached as Exhibits 1, 2, 4, 5 and 6."<br><br>• **Hann Decl ¶ 42 & Ex. 57 (Seth Ravin Depo.) at 47:11-13:** |

| | | "Q.   Now, you started Rimini Street in 2005, right?<br>A.   Yes, September 2005." |

**B.     Rimini Copied Protected Expression When It Created The Twelve Relevant Environments**

| # | Undisputed Fact | Supporting Evidence |
|---|-----------------|---------------------|
| 62. | The twelve environments that are the subject of this motion contained installed copies of Oracle's enterprise software applications for PeopleSoft HRMS 7.5 and 8.3, PeopleSoft Financials and Supply Chain Management 8.4, PeopleTools, J.D. Edwards EnterpriseOne 8.10, and Siebel 7.7, all of which are covered by registered copyrights. | • ***See*** **Undisputed Facts 20-21, 23-24, 26-28, 31-32.** |
| 63. | Each of these environments contains a substantial amount of protected expression from Oracle's registered copyrights. | • **Hann Decl. ¶ 20 & Ex. 35 (Rimini's Responses to Oracle's Second Amended Requests for Admission, No. 239):**<br><br>Second Amended Request No. 239:<br>"For the Environments identified as items 1-468 in column A of Amended Exhibit B, admit that each Environment listed in column B embodies a substantial portion of the protected expression of each of the registered copyrights listed in column D."<br><br>Response to Second Amended Request No. 239:<br>"Subject to and without waiver of the foregoing general and specific objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct: Rimini admits that the Environments listed as items 1-280, 282-285, 287-322, 324-333, 335-336, 338-468 in the second column of Amended Exhibit B embodies a substantial portion of the protected expression of the corresponding registered copyright(s) listed in the fourth column of Amended Exhibit B.  For the remaining listed Environments, Rimini denies this request." |
| 64. | When Rimini loaded these environments to use them for development, the environments were copied into RAM. | • ***See*** **Undisputed Fact 45.** |

56

A/74868458.1

## V.   RIMINI HAS NO EXPRESS LICENSE DEFENSE TO THESE COPIES

### A.   City Of Flint, Michigan

| # | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 65. | The environments Rimini associates with City of Flint are named H751COF2, H751DEVO, H751AUD, and two distinct environments named H751COFO. | • *See* **Undisputed Facts 20, 32.** |
| 66. | In its response to Interrogatory No. 15, Rimini relies upon the City of Flint's license agreement Bates-numbered ORCLRS0004135 as a defense to copyright infringement. | • **Hann Decl. ¶ 3 & Ex. 18 (Rimini's Supplemental Responses to Oracle's Interrogatories 7, 15, 28, 29, and 30) at 10:**<br><br>[REDACTED]<br><br>• **Hann Decl. ¶ 4 & Ex. 19 (Supplemental Exhibit A to Rimini's Supplemental Response to Interrogatory No. 15):**<br><br>Supplemental Exhibit A lists "ORCLRS0004135" as the "Beg Bates No." for the PeopleSoft Software License for customer City of Flint Michigan (p.2, row 8, column 2). |

### 1.   Rimini Cannot Prove That the Environments Were Created Using City of Flint's Software

| # | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 67. | [REDACTED] | • **Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):**<br><br>[REDACTED] |

57



68.

- Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):

69.

- Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):

- Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 14, 30-31:

- Hann Decl. ¶ 13 & Ex. 28 (Rimini's Third Supplemental Responses to Interrogatories 20-22, Exhibit 5):

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1

1

2.      **The Environments Were Not Located at City of Flint's Facilities**

2



| # | Undisputed Fact | Supporting Evidence |
|---|----------------|---------------------|
| 70. | The City of Flint license (ORCLRS0004135) states that | • **Hann Decl. ¶ 4 & Ex. 19 (Supplemental Exhibit A to Rimini's Supplemental Response to Interrogatory No. 15):**<br><br>Supplemental Exhibit A lists "ORCLRS0004135" as the "Beg Bates No." for the PeopleSoft Software License for customer City of Flint Michigan (p.2, row 8, column 2).<br><br>• **O'Neill Decl. ¶ 3 & Ex. 10 (ORCLRS0004135) at ¶ 1.1:** |
| 71. | The City of Flint license states | • **O'Neill Decl. ¶ 3 & Ex. 10 (ORCLRS0004135) at ¶ 1.2(a):** |

3.      **The Environments Were Not Used Solely for City of Flint's Internal Data Processing Operations**

| # | Undisputed Fact | Supporting Evidence |
|---|----------------|---------------------|
| 72. | The City of Flint's license agreement authorizes | • **O'Neill Decl. ¶ 3 & Ex. 10 (ORCLRS0004135) at ¶ 1.1:** |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



| | | |
|---|---|---|
| 73. | The license agreement between Oracle and City of Flint states that | • *See* **Undisputed Fact 72.** |
| 74. | | • **Hann Decl. ¶ 35 & Ex. 50 (Beth Lester 30(b)(6) Depo.) at 200:17-201:25:** |
| | | • **Hann Decl. ¶ 36 & Ex. 51 (ORCLRS-** |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



| | | |
|---|---|---|
| 75. | When Rimini used the environments associated with City of Flint to create updates, it copied the software into the computer's RAM. | • *See* Undisputed Fact 45. |
| 76. | | • **Hann Decl. ¶ 47 & Ex. 62 (Krista Williams Depo.) at 9:22-10:6:** |
| | | • **Hann Decl. ¶ 47 & Ex. 62 (Krista Williams Depo.) at 160:10-161:2:** |
| | | • **Hann Decl. ¶ 35 & Ex. 50 (Beth Lester** |

Above the table in the top-right cell:

**RSI00910586_00598) (HCM101906_U.DAT file from RSI00919586):**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



30(b)(6) Depo.) at 14:21-15:7, 16:4-11, 98:22-100:1:

- Hann Decl. ¶ 35 & Ex. 50 (Beth Lester

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1

30(b)(6) Depo.) at 180:3-15:



- **Hann Decl. ¶ 35 & Ex. 50 (Beth Lester 30(b)(6) Depo.) at 181:21-182:25:**

- **Hann Decl. ¶ 41 & Ex. 56 (David Radtke Depo.) at 63:15-64:6:**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



**B.     School District Of Pittsburgh**

| # | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 77. | Rimini has or had copies of PeopleSoft HRMS 8.3 (copyright registration TX 5-469-032) and PeopleTools 8.10 (copyright registration TX 5-266-221) in School District of Pittsburgh environments H831PPSM and H831PPS2. | • *See* **Undisputed Facts 21-23.** |
| 78. | Rimini has copies of PeopleSoft FSCM 8.4 (copyright registration TX 5-586-247) and PeopleTools 8.48 (copyright registration TX 7-092-819) in two distinct School District of Pittsburgh environments, both named F842PPSM. | • *See* **Undisputed Facts 21, 24, 25, 32.** |
| 79. | Rimini relies upon the School District of Pittsburgh's license agreement Bates-numbered ORCLRS0164981 as a defense to copyright infringement. | • **Hann Decl. ¶ 3 & Ex. 18 (Rimini's Supplemental Responses to Oracle's Interrogatories 7, 15, 28, 29, and 30) at 10:** <br><br> First Supplemental Answer to Interrogatory No. 15: |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



- **Hann Decl. ¶ 4 & Ex. 19 (Supplemental Exhibit A to Rimini's Supplemental Response to Interrogatory No. 15):**

Supplemental Exhibit A lists "ORCLRS0164981" as the "Beg Bates No." for the PeopleSoft Software License for customer School District of Pittsburgh (p.5, row 36, column 2).

80.   The build source for H831PPSM, an environment allegedly associated with the School District of Pittsburgh, was ▮▮▮▮▮▮▮

- **Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):**

- **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 14, 31:**

81.   The build source for H831COEM, an environment allegedly associated with the City of Eugene, was ▮▮▮▮▮

- **Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):**

65

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



| | | |
|---|---|---|
| | | • Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 14, 31: |
| 82. | Rimini states that it built H831CODM with | • Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22): |
| | | • Hann Decl. ¶ __ & Ex. __ (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 14, 30: |
| 83. | | • Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22): |
| | | • Hann Decl. ¶ __ & Ex. __ (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 14, 31: |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



- *See* Undisputed Facts 80-82

84.
- **Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):**

- **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 14, 31:**

85.
- **Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



- **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 14, 31:**

86. | The City of Des Moines' license states that

- **Hann Decl. ¶ 4 & Ex. 19 (Supplemental Exhibit A to Rimini's Supplemental Response to Interrogatory No. 15):**

Supplemental Exhibit A lists "ORCLRS0162923" as the "Beg Bates No." for the PeopleSoft Software License for customer City of Des Moines (p.2, row 5, column 2).

- **O'Neill Decl. ¶ 5 & Ex. 12 (ORCLRS0162923) at ¶ 1.1:**

87. |

- **Hann Decl. ¶ 10 & Ex. 25 (First**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



**Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Oracle's Interrogatories 20-22):**

88. The School District of Pittsburgh's license (ORCLRS0164981) states that

- **Hann Decl. ¶ 4 & Ex. 19 (Supplemental Exhibit A to Rimini's Supplemental Response to Interrogatory No. 15):**

Supplemental Exhibit A lists "ORCLRS0164981" as the "Beg Bates No." for the PeopleSoft Software License for customer School District of Pittsburgh (p.5, row 36, column 2).

- **O'Neill Decl. ¶ 4 & Ex. 11 (ORCLRS0164981) at ¶¶ 1.1, 2.1(i), 2.2, & p. 15:**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



89. [redacted]

- **Hann Decl. ¶ 10 & Ex. 25 (First Supplemented Exhibit 1A-3 to Rimini's Third Supplemental Responses to Oracle's Interrogatories 20-22):**

90. The license agreement Rimini identified for the City of Eugene states that [redacted]

- **Hann Decl. ¶ 4 & Ex. 19 (Supplemental Exhibit A to Rimini's Supplemental Response to Interrogatory No. 15):**

Supplemental Exhibit A lists "ORCLRS0163100" as the "Beg Bates No." for a PeopleSoft Software License for customer City

70

| | | |
|---|---|---|
| | | of Eugene (p.2, row 6, column 2). |
| | | • **O'Neill Decl. ¶ 6 & Ex. 13 (ORCLRS0163100) at ¶ 1:** |
| | |  |
| 91. | The license agreement Rimini identified for Dave & Buster's Inc. states that ▮ ▮▮▮▮▮ | • **Hann Decl. ¶ 4 & Ex. 19 (Supplemental Exhibit A to Rimini's Supplemental Response to Interrogatory No. 15):**<br><br>Supplemental Exhibit A lists "ORCLRS0053220" as the "Beg Bates No." for a PeopleSoft Software License for customer Dave & Buster's Inc. (p.2, row 29, column 2).<br><br>• **O'Neill Decl. ¶ 8 & Ex. 15 (ORCLRS0053220) at ¶ 1.1:** |

C.      **Giant Cement Holding, Inc.**

| # | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 92. | Rimini has or had an installed copy of J.D. Edwards EnterpriseOne 8.10 (copyright registration TX 6-541-038) in environment JGCHE5TSA1 for customer Giant Cement Holding, Inc. | • *See* **Undisputed Facts 26-28.** |

71



| | | |
|---|---|---|
| 93. | | • **Hann Decl. ¶ 11 & Ex. 26 (Exhibit 1B-2 to Rimini's Third Supplemental Responses to Interrogatories 20-22):** |
| | | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 14, 30:** |
| | | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 17, 33:** |
| 94. | In its response to Interrogatory No. 15, Rimini identifies Giant Cement's license agreement with Oracle, Bates-numbered ORCLRS0164131, as a basis for Rimini's express license defense. | • **Hann Decl. ¶ 3 & Ex. 18 (Rimini's Supplemental Responses to Oracle's Interrogatories 7, 15, 28, 29, and 30) at 10:** <br><br> • **Hann Decl. ¶ 5 & Ex. 20 (Supplemental Exhibit B to Rimini's Supplemental Response to Interrogatory No. 15):** <br><br> Supplemental Exhibit B lists "ORCLRS0164131" as the "Beg Bates No." for the JD Edwards Software License for customer Giant Cement Holding, Inc. (p.1, row 37, column 2). |
| 95. | ▮▮▮▮ the license agreement between Giant Cement and Oracle, ▮▮▮▮ identifies | • **O'Neill Decl. ¶ 9 & Ex. 16 (ORCLRS0164131) at 1, Article II, License Restrictions ¶¶ 1, 3:** |

72



| # | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 98. | Rimini has or had copies of Siebel 7.7.1 (registration TX 6-941-993) in two environments for Novell – NOVELL- | • *See* Undisputed Facts 29-31.<br><br>• **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third** |

**D.     Novell, Inc.**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1



| | | |
|---|---|---|
| 1 | AP01 and NOVELL-CLI. | **Supplemental Responses to Interrogatories 20-22) at 14, 30:** |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 17, 33:** |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | 99. | Rimini built NOVELL-AP01 and NOVELL-CLI from ▪▪▪▪ | • **Hann Decl. ¶ 12 & Ex. 27 (Exhibit 1C-3 to Rimini's Third Supplemental Responses to Interrogatories 20-22):** |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 14, 30:** |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | • **Hann Decl. ¶ 9 & Ex. 24 (Rimini's Third Supplemental Responses to Interrogatories 20-22) at 17, 33:** |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | 100. | Rimini relies upon the Novell license agreement Bates-numbered | • **Hann Decl. ¶ 3 & Ex. 18 (Rimini's Supplemental Responses to Oracle's** |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1 | ORCLRS0810822 as a defense to copyright infringement. | **Interrogatories 7, 15, 28, 29, and 30) at 10:** |
| 2–5 | |  |
| 6–7 | | • **Hann Decl. ¶ 6 & Ex. 21 (Supplemental Exhibit C to Rimini's Supplemental Response to Interrogatory No. 15):** |
| 8–10 | | Supplemental Exhibit C lists "ORCLRS0810822" as the "Beg Bates No." for the Siebel Software License for customer Novell, Inc. (row 23, column 2). |
| 101. (11–17) | The Novell license (ORCLRS0810822) states that | |
| 102. (18–21) | The Novell license (ORCLRS0810822) states that | • **O'Neill Decl. ¶ 10 & Ex. 17 (ORCLRS0810822) at ¶ 1.5:** |
| 103. (22–25) | | • **O'Neill Decl. ¶ 10 & Ex. 17 (ORCLRS0810822) at 1.21:**<br><br>"1.21 "User System" shall mean the computer hardware and operating systems operated by Users *in the course of their employment with Customer*, including notebook and portable computers." (emphasis supplied) |
| 104. (26–28) | | • **O'Neill Decl. ¶ 10 & Ex. 17 (ORCLRS0810822) at 1.15:**<br><br>"1.15 "Server System(s)" shall mean the |

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

A/74868458.1

| | | server hardware and operating system(s) *of Customer* designated on the Order Form(s)." (emphasis supplied) |
|---|---|---|

## VI.   RIMINI HAS NO IMPLIED LICENSE OR CONSENT DEFENSE

| # | Undisputed Fact | Supporting Evidence |
|---|---|---|
| 105. | For its implied license (and consent) defense, Rimini relies on the fact that, in some cases, Oracle's customer support personnel shipped install media to Rimini's mailing address when requests were submitted to Oracle describing that address as a specific, licensed customer's "secondary offsite backup location." | • **Hann Decl. ¶ 3 & Ex. 18 (Rimini's Supplemental Responses to Oracle's Interrogatories 7, 15, 28, 29, and 30) at 12, 15, 18:**<br><br>Original Answer to Interrogatories No. 28-30<br><br>█████████████████████<br>█████████████████████<br>█████████████████████<br>█████████████████████<br>█████████████████████<br>█████████████████████<br><br>• **Hann Decl. ¶¶ 28, 30 & Exs. 43 (J.R. Corpuz Depo.) at 158:15-159:1), 45 (Oracle Depo. Ex. 33):**<br><br>█████████████████████<br>█████████████████████<br>█████████████████████<br>█████████████████████<br>█████████████████████<br>█████████████████████<br><br>• **Hann Decl. ¶ 18 & Ex. 33 (Rimini Street's Second Amended Responses to Oracle's Third Set of Requests for Admission) at 4-5:**<br><br>Request No. 26:<br>"With respect to Your written and electronic requests that Oracle ship software to a Rimini Street address, admit that more than 50% of the requests asked Oracle to ship the software to an 'offsite backup location.'" |

A/74868458.1

| | | | |
|---|---|---|---|
| | | | Response:<br>"Subject to and without waiver of the foregoing general objections, Rimini responds: Admitted."<br><br>Request No. 28:<br>"Admit that, at least 25 times, You instructed a Rimini Street customer or prospective Rimini Street customer to state that software was to be shipped to an "offsite backup location" when that customer or prospective customer requested that Oracle ship software to a Rimini Street address."<br><br>Response:<br>"Subject to and without waiver of the foregoing general objections, Rimini responds: Admitted." |
| 106. | A Rimini Street employee who drafted shipping requested testified that ▮▮▮ | | • **Hann Decl. ¶ 28 & Ex. 31 (J.R. Corpuz Depo.) at 158:22-160:4:** |



77

A/74868458.1

| 107. | Rimini is "not aware of any requests to Oracle for shipment of Oracle Enterprise Software to a Rimini Street address which expressly stated that the software be shipped to a Rimini Street address would be used by Rimini Street to install the software on Rimini Street's computers," or that stated the software "would be used by Rimini Street to support multiple Rimini customers." | • **Hann Decl. ¶ 17 & Ex. 32 (Oracle's Third Set of Requests for Admission) at 2:**<br><br>"7.  The term 'Oracle Enterprise Software' shall refer to Oracle's J.D. Edwards-branded, PeopleSoft-branded, and Siebel-branded enterprise Software and Support Materials."<br><br>• **Hann Decl. ¶ 18 & Ex. 33 (Rimini Street's Second Amended Responses to Oracle's Third Set of Requests for Admission) at 5-7:**<br><br>Request No. 30:<br>"With respect to Your written and electronic requests that Oracle ship Oracle Enterprise Software to a Rimini Street address, admit that none of the requests disclosed to Oracle that the software to be shipped to a Rimini Street address would be used by Rimini Street to install the software on Rimini Street's computers."<br><br>Response:<br>"Rimini objects to this request as overly broad and unduly burdensome as it encompasses all written and electronic requests to ship Oracle Enterprise Software to a Rimini address. Rimini also objects to the term "Oracle Enterprise Software" as vague, ambiguous, and overbroad. Subject to and without waiver of the foregoing objections, Rimini responds that, having investigated, it is not aware of any requests to Oracle for shipment of Oracle Enterprise Software to a Rimini Street address which expressly stated that the software be shipped to a Rimini Street address would be used by Rimini Street to install the software on Rimini Street's computers."<br><br>Request No. 32:<br>"With respect to Your written and electronic requests that Oracle ship Oracle Enterprise Software to a Rimini Street address, admit that none of the requests disclosed to Oracle that the software to be shipped to a Rimini Street address would be used by Rimini Street to support multiple Rimini Street customers."<br><br>Response:<br>"Rimini objects to this request as overly broad and unduly burdensome as it encompasses all written and electronic requests to ship Oracle Enterprise Software to a Rimini address. Subject to and without waiver of the foregoing |

78

A/74868458.1

| | | | |
|---|---|---|---|
| | | | objections, Rimini responds that, having investigated, it is not aware of any requests for shipment of Oracle Enterprise Software to a Rimini Street address which expressly stated that the software be shipped to a Rimini Street address would be used by Rimini Street to support multiple Rimini customers." |
| 108. | The software requests that Rimini prepared were not ███████ | | • *See* **Undisputed Fact 14.** |
| 109. | Rimini does not know the source of the PeopleSoft software used to create ███████████ | | • *See* **Undisputed Fact 67.** |

DATED:  March 30, 2012          BINGHAM MCCUTCHEN LLP


By:_____/s/ Geoffrey M. Howard_____
Geoffrey M. Howard
Attorneys for Plaintiffs Oracle USA, Inc., Oracle
America, Inc. and Oracle International Corp.

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ORACLE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT