# EXHIBIT 22

1  BOIES, SCHILLER & FLEXNER LLP
   RICHARD J. POCKER (NV Bar No. 3568)
2  300 South Fourth Street, Suite 800
   Las Vegas, NV 89101
3  Telephone: (702) 382-7300
   Facsimile: (702) 382-2755
4  rpocker@bsfllp.com

5  BOIES, SCHILLER & FLEXNER LLP
   STEVEN C. HOLTZMAN (*pro hac vice*)
6  FRED NORTON (*pro hac vice*)
   KIERAN P. RINGGENBERG (*pro hac vice*)
7  1999 Harrison Street, Suite 900
   Oakland, CA 94612
8  Telephone: (510) 874-1000
   Facsimile: (510) 874-1460
9  sholtzman@bsfllp.com
   fnorton@bsfllp.com
10 kringgenberg@bsfllp.com

11 Attorneys for Oracle USA, Inc., Oracle
   America, Inc., and Oracle International
12 Corporation

   BINGHAM MCCUTCHEN LLP
   GEOFFREY M. HOWARD (*pro hac vice*)
   THOMAS S. HIXSON (*pro hac vice*)
   KRISTEN A. PALUMBO (*pro hac vice*)
   Three Embarcadero Center
   San Francisco, CA 94111-4067
   Telephone: 415.393.2000
   Facsimile: 415.393.2286
   geoff.howard@bingham.com
   thomas.hixson@bingham.com
   kristen.palumbo@bingham.com

   DORIAN DALEY (*pro hac vice*)
   DEBORAH K. MILLER (*pro hac vice*)
   JAMES C. MAROULIS (*pro hac vice*)
   ORACLE CORPORATION
   500 Oracle Parkway
   M/S 5op7
   Redwood City, CA 94070
   Telephone: 650.506.4846
   Facsimile: 650.506.7114
   dorian.daley@oracle.com
   deborah.miller@oracle.com
   jim.maroulis@oracle.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual;,<br><br>Defendants. | CASE NO. 2:10-cv-0106-LRH-PAL<br><br>**PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC., AND ORACLE INTERNATIONAL CORPORATION'S FIFTH SET OF INTERROGATORIES TO DEFENDANT RIMINI STREET, INC.** |

PROPOUNDING PARTY:   Plaintiff Oracle International Corporation

RESPONDING PARTY:   Defendant Rimini Street, Inc.

SET NO.:   Five

1

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs hereby request that Defendant Rimini Street, Inc. answer the following Interrogatories.

## DEFINITIONS AND INSTRUCTIONS

For purposes of these Interrogatories:

1. The term "Environment" means a copy of Oracle software that results from installation of that software.

2. The term "Identify" means to give, to the extent known, (1) the name of the item, including product name and type, brand, type of media (e.g., CD), any name You assigned the item, and version number where applicable; (2) the location of the item (physical location or, if stored on an Identified Rimini Computer System, the network location); (3) the total quantity of items; (4) the date on which You acquired or produced the item, and (5) the customer from whom it was obtained and/or in whose name it was being held at the pertinent times.

3. The term "Identified Rimini Computer System(s)" refers to any computer, computer system, server, electronic storage environment, or network device in Rimini's possession, custody, or control, including but not limited to those systems identified or referenced in Rimini Street Inc.'s Responses or First Supplemental Responses to Plaintiffs' First Set of Interrogatories, Nos. 6, 7, 8, 9, 10, 11 or 12.

4. The term "Installation Media" refers to any CD, DVD, download, electronic file, or similar item that can be or has been used to install software on Identified Rimini Computer System(s).

5. The term "Non-Customer Location" means any location on an Identified Rimini Computer System that is not referenced to a unique Rimini customer, is not specific to a unique Rimini customer, or is not exclusively used or designated for a unique Rimini customer. This includes but is not limited to the following Rimini network locations: \\rsi-clsvr01\client_software\PeopleSoft, \\rsi-clsvr01\internal_software\, \\rsi-data01\share\client_archives\_ftp.peoplesoft.com\, \\rsi-data01\share\software\oracle, \\rsi-data01\share\software\PeopleSoft, and \\10.12.1.5\fileshare\software\PeopleSoft.

1    6.   The term "Oracle" refers the plaintiffs named in the April 19, 2010 First Amended Complaint: Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation any of its predecessors, successors, parents, subsidiaries, and affiliates.

7.   The term "Personnel" refers to past and current Rimini employees and any contractors or other third parties hired by Rimini.

8.   The term "Response(s)" refers to Your interrogatory response(s), including any amended and supplemental responses.

9.   The terms "Rimini," "You," and "Your" refer to Rimini Street, Inc., all of its parents, subsidiaries and affiliates, and all of their present and former officers, directors, agents, consultants, attorneys, employees – including Seth Ravin – or other persons acting for or on behalf of any of them.

10.  The term "Software and Support Materials" means software applications and environments, program updates, software updates, bug fixes, patches, custom solutions, and instructional and knowledge base documents for any families of software products provided by Oracle, including but not limited to those of the PeopleSoft, J.D. Edwards, Siebel, and Oracle database families of software products.

11.  The term "Source" means the origin and name of all Installation Media, Software and Support Materials and/or existing Environment used to create an Environment (including all Sources for any predecessor iterations or versions incorporated into an Environment, if applicable), and further includes (1) the network or physical location(s) of the Source at the time it was used; (2) the customer from which or on whose behalf you claim to have obtained each Source (and, if you obtained a Source from Oracle, the website or media from which it was obtained); and (3) the identity (by name) of any other Environment used as a Source.

12.  Unless otherwise stated, the time period covered by these Interrogatories is the time period beginning January 1, 2005. The topics are not limited to Rimini's current practices, systems, and Personnel. The topics extend to practices, systems, and Personnel in place at any time since January 1, 2005.

13.  These Interrogatories are to be considered continuing in nature, and You must

3

promptly furnish supplemental responses if any additional responsive information is discovered or created after Your responses are tendered, or if any of Your responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

## INTERROGATORIES

**INTERROGATORY NO. 20:**

For each Environment listed on Exhibit A or contained within a virtual machine listed on Exhibit A, Identify the Environment and the Source(s) from which You obtained all Installation Media used to create or modify that Environment. For example, if an Environment was created by cloning (copying) a previously existing Environment, which in turn was created from Installation Media stored on an Identified Rimini Computer System, which in turn were copied from physical Installation Media obtained directly from a specific client, the response should Identify the origins, names, locations at time of use, customer(s) from which or on whose behalf you claim to have obtained the materials (if applicable), and website(s) or media from which you obtained the materials (if applicable) for (1) the previous Environment, (2) the electronic copy of Installation Media, and (3) the physical Installation Media, and the role of each in serving as a source.

**INTERROGATORY NO. 21:**

For each Environment that ever existed on any Identified Rimini Computer System (excluding Environments listed on Exhibit A or contained within a virtual machine listed on Exhibit A), including but not limited to the Environments listed on Exhibit B or contained within a virtual machine listed on Exhibit B, Identify the Environment and the Source(s) from which You obtained all Installation Media used to create or modify that Environment. For example, if an Environment was created by cloning (copying) a previously existing Environment, which in turn was created from Installation Media stored on an Identified Rimini Computer System, which in turn were copied from physical Installation Media obtained directly from a specific client, the response should Identify the origins, names, locations at time of use, customer(s) from which or

1  on whose behalf you claim to have obtained the materials (if applicable), and website(s) or media
2  from which you obtained the materials (if applicable) for (1) the previous Environment, (2) the
3  electronic copy of Installation Media, and (3) the physical Installation Media, and the role of
4  each in serving as a source.
5
6  **INTERROGATORY NO. 22:**
7        For each Environment Identified in Your Responses to Interrogatories No. 20 and 21,
8  Identify the Source(s) from which You obtained all fixes, patches, updates, and other Software
9  and Support Materials (other than Installation Media) used to create or modify that Environment.
10  For example, if an Environment was modified by applying bundles from Oracle, TomorrowNow
11  and Rimini Street, the response should Identify the name, the sources and the locations of each of
12  those bundles, customer(s) from which or on whose behalf you claim to have obtained the
13  materials (if applicable), and website(s) or media from which you obtained the materials (if
14  applicable).
15
16  **INTERROGATORY NO. 23:**
17        For every Environment Identified in your Responses to Interrogatories No. 20 and 21,
18  describe each instance in which the Environment (including any Software and Support Materials
19  contained therein) was copied or used for a customer other than the specific customer, if any,
20  from which or on whose behalf You claim to have obtained the Environment.  If You do not
21  claim to have obtained a particular Environment from or on behalf of a specific customer,
22  describe each instance in which that copy of that Environment (or of any Software and Support
23  Materials contained therein) was copied or used.
24
25  **INTERROGATORY NO. 24:**
26        Identify every copy of any Software and Support Material that is or has at any time
27  been stored at each Non-Customer Location, and the Non-Customer location where it was stored.
28  If any Non-Customer Locations have existed for which You cannot identify any particular

5

Software and Support Material stored at that location, Identify each such Non-Customer Location.

**INTERROGATORY NO. 25:**

For every copy of Software and Support Materials identified in your Response to Interrogatory No. 24, describe each instance in which the copy of Software and Support Materials was copied or used for a customer other than the specific customer, if any, from which or on whose behalf You claim to have obtained the Software and Support Materials that was copied or used. If You do not claim to have obtained a copy of Software and Support Materials indentified in your Response to Interrogatory No. 24 from or on behalf of a specific customer, describe each instance in which that copy of Software and Support Materials was copied or used.

DATED: May 25, 2011  Bingham McCutchen LLP

By: _____
Thomas S. Hixson
Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corporation

PROOF OF SERVICE

1. I am a citizen of the United States, over 18 years of age, not a party to this action and employed in the County of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-4067.

2. Today I served the foregoing:

PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC., AND ORACLE INTERNATIONAL CORPORATION'S FIFTH SET OF INTERROGATORIES TO DEFENDANT RIMINI STREET, INC.

by causing a true and correct copy of the above to be hand delivered in a sealed envelope with all fees fully paid, addressed as follows:

> Eric Buresh, Esq.
> Shook, Hardy & Bacon L.L.P.
> 2555 Grand Blvd.
> Kansas City, Missouri 64108

I declare that I effected the service at the direction of a member of the bar of this court and that this declaration was executed on May 25, 2011.

_____
Shirlyn Kim