# EXHIBIT 31

| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>B. Trent Webb, Esq. *(pro hac vice)*<br>Eric Buresh, Esq. *(pro hac vice)*<br>2555 Grand Boulevard<br>Kansas City, Missouri 64108-2613<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>bwebb@shb.com<br>eburesh@shb.com<br><br>Robert H. Reckers, Esq. *(pro hac vice)*<br>600 Travis Street, Suite 1600<br>Houston, Texas  77002<br>Telephone: (713) 227-8008<br>Facsimile: (731) 227-9508<br>rreckers@shb.com | GREENBERG TRAURIG<br>Mark G. Tratos, Esq. (Nevada Bar No. 1086)<br>Brandon Roos, Esq. (Nevada Bar No. 7888)<br>Leslie Godfrey, Esq. (Nevada Bar No. 10229)<br>3773 Howard Hughes Parkway<br>Suite 400 North<br>Las Vegas, NV 89169<br>Telephone:  (702) 792-3773<br>Facsimile:  (702) 792-9002<br>tratosm@gtlaw.com<br>roosb@gtlaw.com<br>godfreyl@gtlaw.com<br><br>LEWIS AND ROCA LLP<br>W. West Allen (Nevada Bar No. 5566)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada 89169<br>Tel: (702) 949-8200<br>Fax: (702) 949-8398<br>WAllen@LRLaw.com<br><br>*Attorneys for Defendants*<br>*RIMINI STREET, INC. and SETH RAVIN* |

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANT RIMINI STREET INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT RIMINI STREET, INC.** |

Pursuant to Federal Rules of Civil Procedure 26 and 36, Rimini Street, Inc. ("Rimini Street"), by and through its undersigned counsel, responds to Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.'s ("Oracle") First Set of Requests for Admissions ("Requests").

4678578 v1        DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

## GENERAL OBJECTIONS

The following General Objections shall be deemed incorporated into the objections and Responses to each and every specific Request for Admission. To the extent that specific General Objections are cited in a specific Response, those specific objections are provided because they are believed to be particularly applicable to the specific Request. If Rimini Street specifically refers to General Objections in a Response, Rimini Street does not intend to waive any other General Objection applicable to information falling within the scope of the Request.

1. Rimini Street objects to Plaintiff's Requests to the extent that Plaintiff seeks to require Rimini Street to provide any information beyond what is available to Rimini Street at present from a reasonable search of its own files and a reasonable inquiry of its present employees likely to have the information necessary to admit or deny these requests.

2. Rimini Street objects to Plaintiff's Requests to the extent that Plaintiff seeks to impose on Rimini Street any other obligation not imposed by the Federal Rules of Civil Procedure or the Local Rules for the District of Nevada.

3. Rimini Street objects to the disclosure of information protected by the attorney-client privilege and/or work-product immunity.

4. Rimini Street objects to Plaintiff's Requests to the extent they call upon Rimini Street to admit or deny information that is irrelevant to the subject matter of this action. Rimini Street does not concede that any Request to which it responds is relevant to the subject matter of this litigation.

5. Rimini Street objects to these Requests to the extent they contravene the purposes underlying Federal Rule of Civil Procedure 36 to narrow the issues in this case and facilitate proof with respect to issues that can be eliminated. By way of example and without limitation, Rimini Street objects to these Requests to the extent they seek admissions related to highly contested issues, rather than admissions related to non-contested issues that could narrow the issues in this case. Rimini Street also objects to these Requests to the extent they seek admissions related to unidentified materials, which would not facilitate proof relating to issues that can be eliminated from this case.

1   6.   Rimini Street objects to these Requests to the extent they contain vague, ambiguous, and non-specific statements.

7.   Rimini Street objects to these Requests to the extent they cannot be admitted or denied without providing commentary.

8.   Rimini Street objects to the definition of the terms "Code Objects," "Complete or Partial Copies" and "RAM Copy" to the extent they seek to incorporate legal conclusions.

9.   Rimini Street objects to the definitions of the terms "Complete or Partial Copy", "Environment," "Oracle Database Software," "Oracle Enterprise Software," "PeopleSoft Enterprise Software," and "Software and Support Materials" to the extent that, when read together, the definitions are convoluted and circular.

**RESPONSES**

**REQUEST NO. 1:**

Admit that any successful installation of Oracle Enterprise Software creates at least one Environment.

**RESPONSE:**

*See* General Objections. Rimini further objects to the phrase "successful installation" as vague and ambiguous. Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied-in-part and Admitted-in-part. Rimini admits that any complete installation of Oracle Enterprise Software creates at least one Environment comprising the software that was installed.

**REQUEST NO. 2:**

Admit that creating a complete copy of an existing Environment creates at least one copy of any and all Software and Support Materials present in that Environment.

**RESPONSE:**

*See* General Objections. Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Admitted.

**REQUEST NO. 3:**

Admit that copying an Environment located on one computer, network location,

- 3 -

1  virtual machine, storage device or physical media onto a second computer, network location, virtual
2  machine, storage device or physical media creates at least one complete copy of that Environment.

3  **RESPONSE:**

4  *See* General Objections. Rimini Street further objects to the phrases "copying an
5  Environment" as vague and ambiguous.  In responding, Rimini interprets this phrase to mean
6  "copying a complete Environment."  Subject to those objections as well as Rimini's defenses of
7  license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied-in-part
8  and Admitted-in-part. Rimini admits that copying a complete Environment from one physical
9  location or device to second physical location or device creates at least one complete copy of that
10 Environment.

11 **REQUEST NO. 4:**

12 Admit that backing up an Environment creates at least one complete copy of that
13 Environment.

14 **RESPONSE:**

15 *See* General Objections. Rimini Street further objects to the phrase "backing up an
16 Environment" as vague and ambiguous. Subject to those objections as well as Rimini's defenses of
17 license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied-in-part
18 and Admitted-in-part. Rimini admits that certain backup methods for an Environment may create at
19 least one complete copy of that Environment.  Rimini denies that backing up an Environment
20 necessarily creates a least one complete copy of that Environment.

21 **REQUEST NO. 5:**

22 Admit that restoring a backed-up Environment creates at least one complete copy of
23 that Environment.

24 **RESPONSE:**

25 *See* General Objections. Rimini Street further objects to the phrases "restoring" and
26 "backed-up" as vague and ambiguous. Subject to those objections as well as Rimini's defenses of
27 license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied.

28 **REQUEST NO. 6:**

1  Admit that restoring a backed-up Environment located on one computer, network
2 location, virtual machine, storage device or physical media onto a second computer, network
3 location, virtual machine, storage device or physical media creates at least one complete copy of that
4 Environment.

5 **RESPONSE:**

6 *See* General Objections. Rimini Street further objects to the phrases "restoring" and
7 "backed-up" as vague and ambiguous. Subject to those objections as well as Rimini's defenses of
8 license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied-in-part
9 and Admitted-in-part. Rimini admits that completely copying a Environment from a first physical
10 location or device to a second physical location or device creates at least one complete copy of that
11 Environment.

12 **REQUEST NO. 7:**

13 Admit that creating a copy of a virtual machine creates at least one complete copy of
14 any Environment present on that virtual machine.

15 **RESPONSE:**

16 *See* General Objections. Rimini Street further objects to the phrase "creating a copy
17 of a virtual machine" as vague and ambiguous. In responding, Rimini will interpret this phrase to
18 mean "creating a complete copy of a virtual machine."  Subject to those objections as well as
19 Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street
20 responds: Denied-in-part and Admitted-in-part. Rimini admits that creating a complete physical copy
21 of a virtual machine creates at least one complete copy any Environment present on that virtual
22 machine.

23 **REQUEST NO. 8:**

24 Admit that copying a virtual machine located on one computer, network location,
25 storage device or physical media onto a second computer, network location, storage device or
26 physical media creates at least one complete copy of any Environment present on that virtual
27 machine.

28 **RESPONSE:**

*See* General Objections. Rimini Street further objects to the phrases "copying a virtual machine" and "network location" as vague and ambiguous. In responding, Rimini will interpret this phrase to mean "copying a complete virtual machine."  Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied-in-part and Admitted-in-part. Rimini admits that completely copying a virtual machine from a first physical location or device to a second physical location or device creates at least one complete copy any Environment present on that virtual machine.

**REQUEST NO. 9:**

Admit that backing up a virtual machine creates at least one complete copy of any Environment present on that virtual machine.

**RESPONSE:**

*See* General Objections. Rimini Street further objects to the phrases "backing up a virtual machine" as vague and ambiguous. Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied-in-part and Admitted-in-part. Rimini admits that certain backup methods for a virtual machine may create at least one complete copy of any Environment present on that virtual machine. Rimini denies that backing up a virtual machine necessarily creates a least one complete copy of any Environment present on that virtual machine.

**REQUEST NO. 10:**

Admit that restoring a backed-up virtual machine creates at least one complete copy of any Environment present on that virtual machine.

**RESPONSE:**

*See* General Objections. Rimini Street further objects to the phrases "restoring" and "backed-up" as vague and ambiguous. Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied.

**REQUEST NO. 11:**

Admit that restoring a backed-up virtual machine located on one computer, network location, storage device or physical media onto a second computer, network location, storage device

1  or physical media creates at least one complete copy of any Environment present on the restored
2  virtual machine.

3  **RESPONSE:**

4  *See* General Objections. Rimini Street further objects to the phrases "restoring" and
5  "backed-up" as vague and ambiguous. Subject to those objections as well as Rimini's defenses of
6  license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied-in-part
7  and Admitted-in-part. Rimini admits that completely copying a virtual machine from one physical
8  location or device to a second physical location or device creates at least one complete copy of any
9  Environment present on the virtual machine.

10 **REQUEST NO. 12:**

11 Admit that restoring a backed-up virtual machine as a virtual machine with a different
12 name creates at least one complete copy of any Environment present on the restored virtual machine.

13 **RESPONSE:**

14 *See* General Objections. Rimini Street further objects to the phrases "restoring" and
15 "backed-up" as vague and ambiguous. Subject to those objections as well as Rimini's defenses of
16 license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied.

17 **REQUEST NO. 13:**

18 Admit that creating a complete copy of Installation Media creates at least one copy of
19 any and all Code Objects present on that Installation Media.

20 **RESPONSE:**

21 *See* General Objections. Rimini Street further objects to this request as improper
22 under Fed. R. Civ. P. 36 as seeking a legal conclusion to the extent that Oracle seeks an admission
23 on the legal significance of the term "Code Objects." Subject to those objections as well as
24 Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street
25 responds: Admitted.

26 **REQUEST NO. 14:**

27 Admit that copying Installation Media located on one computer, network location,
28 virtual machine, storage device or physical media onto a second computer, network location, virtual

1  machine, storage device or physical media creates at least one complete copy of that Installation
2  Media.

3  **RESPONSE:**

4  See General Objections. Rimini Street further objects to the phrase "copying
5  Installation Media" as vague and ambiguous. Subject to those objections as well as Rimini's
6  defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds:
7  Denied-in-part and Admitted-in-part. Rimini Street admits that completely copying Installation
8  Media from one physical location or device to a second physical location or device creates at least
9  one complete copy of that Installation Media.

10  **REQUEST NO. 15:**

11  Admit that Installation Media constitutes a complete copy of the Oracle Enterprise
12  Software or Oracle Database Software that it can be used to install.

13  **RESPONSE:**

14  *See* General Objections. Subject to those objections as well as Rimini's defenses of
15  license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied-in-part
16  and Admitted-in-part. Rimini admits that Installation Media may be used to create a copy of the
17  Oracle Enterprise Software or Oracle Database Software that is present on that Installation Media.
18  Rimini denies that Installation Media necessarily constitutes a complete copy of the Oracle
19  Enterprise Software or Oracle Database Software that it can be used to install.

20  **REQUEST NO. 16:**

21  Admit that loading an Environment for use creates at least one RAM Copy that is a
22  Complete or Partial Copy of that Environment.

23  **RESPONSE:**

24  *See* General Objections. Rimini Street further objects to this request as improper
25  under Fed. R. Civ. P. 36 as seeking a legal conclusion to the extent that Oracle seeks an admission
26  on the legal significance of the term "RAM Copy." Subject to those objections as well as Rimini's
27  defenses of license, estoppel and waiver and Oracle's course of conduct, Denied-in-part and
28  Admitted-in-part. Rimini admits that a portion of an Environment is loaded into a computer's RAM

1  when that Environment is loaded for use.

2  **REQUEST NO. 17:**

3  Admit that licenses granted by Oracle to Relevant Customers for Oracle Enterprise
4  Software do not permit Relevant Customers to install licensed Software and Support Materials on
5  computers neither owned nor leased by the customer.

6  **RESPONSE:**

7  *See* General Objections. Rimini Street further objects to this request as improper
8  under Fed. R. Civ. P. 36 as seeking a legal conclusion to the extent that Oracle seeks an admission
9  on the interpretation of license agreements at issue. Subject to those objections as well as Rimini's
10  defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds:
11  Denied.

12

13  **REQUEST NO. 18:**

14  Admit that licenses granted by Oracle to Relevant Customers for Oracle Enterprise
15  Software do not permit Software and Support Materials licensed by one Relevant Customer to be
16  used or copied for the economic benefit of a second Relevant Customer

17  **RESPONSE:**

18  *See* General Objections. Rimini Street further objects to this request as improper
19  under Fed. R. Civ. P. 36 as seeking a legal conclusion to the extent that Oracle seeks an admission
20  on the interpretation of license agreements at issue. Subject to those objections as well as Rimini's
21  defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds:
22  Denied.

23

24  DATED:       September 28, 2011        SHOOK, HARDY & BACON

25

26                              By:   */s/ Robert H. Reckers*
                                      Robert H. Reckers, Esq.
27                                    Attorney for Defendants
                                      Rimini Street, Inc. and Seth Ravin
28

- 9 -

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant's Responses and Objections to Plaintiffs' First Set of Requests for Admissions was served on the 28th day of September 2011, via email, as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com |

By*: /s/ Robert H. Reckers*
Robert H. Reckers, Esq.
Attorney for Defendants
Rimini Street, Inc. and Seth Ravin