# EXHIBIT 33

| | |
|---|---|
| SHOOK, HARDY & BACON LLP | GREENBERG TRAURIG |
| B. Trent Webb, Esq. *(pro hac vice)* | Mark G. Tratos, Esq. (Nevada Bar No. 1086) |
| Eric Buresh, Esq. *(pro hac vice)* | Brandon Roos, Esq. (Nevada Bar No. 7888) |
| 2555 Grand Boulevard | Leslie Godfrey, Esq. (Nevada Bar No. 10229) |
| Kansas City, Missouri 64108-2613 | 3773 Howard Hughes Parkway |
| Telephone: (816) 474-6550 | Suite 400 North |
| Facsimile: (816) 421-5547 | Las Vegas, NV 89169 |
| bwebb@shb.com | Telephone: (702) 792-3773 |
| eburesh@shb.com | Facsimile: (702) 792-9002 |
| | tratosm@gtlaw.com |
| Robert H. Reckers, Esq. *(pro hac vice)* | roosb@gtlaw.com |
| 600 Travis Street, Suite 1600 | godfreyl@gtlaw.com |
| Houston, Texas 77002 | |
| Telephone: (713) 227-8008 | LEWIS AND ROCA LLP |
| Facsimile: (731) 227-9508 | W. West Allen (Nevada Bar No. 5566) |
| rreckers@shb.com | 3993 Howard Hughes Parkway, Suite 600 |
| | Las Vegas, Nevada 89169 |
| | Tel: (702) 949-8200 |
| | Fax: (702) 949-8398 |
| | WAllen@LRLaw.com |

*Attorneys for Defendants*
*RIMINI STREET, INC. and SETH RAVIN*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANT RIMINI STREET INC.'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT RIMINI STREET, INC.** |

Pursuant to Federal Rules of Civil Procedure 26 and 36, Rimini Street, Inc. ("Rimini Street"), by and through its undersigned counsel, responds to Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.'s ("Oracle") Third Set of Requests for Admissions ("Requests").

# GENERAL OBJECTIONS

The following General Objections shall be deemed incorporated into the objections and Responses to each and every specific Request for Admission. To the extent that specific General Objections are cited in a specific Response, those specific objections are provided because they are believed to be particularly applicable to the specific Request. If Rimini Street specifically refers to General Objections in a Response, Rimini Street does not intend to waive any other General Objection applicable to information falling within the scope of the Request.

1. Rimini Street objects to Plaintiff's Requests to the extent that Plaintiff seeks to require Rimini Street to provide any information beyond what is available to Rimini Street at present from a reasonable search of its own files and a reasonable inquiry of its present employees likely to have the information necessary to admit or deny these requests.

2. Rimini Street objects to Plaintiff's Requests to the extent that Plaintiff seeks to impose on Rimini Street any other obligation not imposed by the Federal Rules of Civil Procedure or the Local Rules for the District of Nevada.

3. Rimini Street objects to the disclosure of information protected by the attorney-client privilege and/or work-product immunity.

4. Rimini Street objects to Plaintiff's Requests to the extent they call upon Rimini Street to admit or deny information that is irrelevant to the subject matter of this action. Rimini Street does not concede that any Request to which it responds is relevant to the subject matter of this litigation.

5. Rimini Street objects to these Requests to the extent they contravene the purposes underlying Federal Rule of Civil Procedure 36 to narrow the issues in this case and facilitate proof with respect to issues that can be eliminated. By way of example and without limitation, Rimini Street objects to these Requests to the extent they seek admissions related to highly contested issues, rather than admissions related to non-contested issues that could narrow the issues in this case. Rimini Street also objects to these Requests to the extent they seek admissions related to unidentified materials, which would not facilitate proof relating to issues that can be eliminated from this case.

1       6.      Rimini Street objects to these Requests to the extent they contain vague,
2  ambiguous, and non-specific statements.

3       7.      Rimini Street objects to these Requests to the extent they cannot be admitted
4  or denied without providing commentary.

5       8.      Rimini Street objects to the definition of the phrase "more than a de minimis
6  or trivial amount of protectable expression" to the extent it seeks to incorporate legal conclusions.

7       9.      Rimini Street objects to the definitions of the terms "Complete or Partial
8  Copy", "Environment," "Oracle Database Software," "Oracle Enterprise Software," and "Software
9  and Support Materials" to the extent that, when read together, the definitions are convoluted and
10 circular.

11      10.     Rimini objects to the definition of the terms "Internal Software Library" and
12 "Software Library" to the extent that the proffered definitions deviates from the plain and ordinary
13 meaning of the term "library" and to the extent that these terms imply a library of software for
14 general or generic use without regard to rights afforded to Rimini customers' under their respective
15 license agreements with Oracle.  Rimini further objects to the inclusion of the phase "related
16 materials" in the proffered definition of "Software Library" as vague and ambiguous.

17      11.     Rimini objects to the definition of the term "Automated Downloading Tool"
18 as vague and ambiguous and to the extent that Oracle's requests seek to imply that the tools used by
19 Rimini were prohibited by the terms of Oracle's various website.  As conventional Internet browsers
20 submit Internet download requests in what may be considered a "rapid, automated fashion," it is
21 unclear what Internet communication software is excluded from Oracle's definition.  To respond,
22 Rimini construes Oracle's proffered definition of "Automated Download Tools" to encompass tools
23 that utilized standard Internet browsers and applications to interact with websites, including such
24 Rimini-created tools listed by Oracle's definition.

25      12.     Rimini objects to Oracle's Exhibit A and Oracle's requests citing this exhibit
26 as overly broad and unduly burdensome.  Rimini does not have reasonable means by which it can
27 verify the accuracy of the 88,730 files listed on the  of the 1,699 pages of text found in Exhibit A,
28 and Oracle has declined to provide a declaration detailing how Exhibit A was created.  Where

possible, Rimini has attempted to respond based on Oracle's representation that the files listed on Exhibit A correspond to files produced from Rimini's HRMS Delivered Objects folder.[1] However, for many requests directed to Exhibit A, Rimini cannot respond given the extreme burden and overbreadth associated with Oracle's Exhibit A.

## RESPONSES

**REQUEST NO. 25:**

Admit that each Environment identified in Your responses to Interrogatories No. 20 and 21 as containing Siebel-branded Oracle Enterprise Software embodied more than a *de minimis* or trivial amount of protectable expression from at least one of the Registered Works.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections, Rimini admits that each Environment identified in its response to Interrogatories No. 20 and 21 as containing Siebel-branded Oracle Enterprise Software embodied more than a trivial amount of protectable expression from at least one of the Registered Works.

**REQUEST NO. 26:**

With respect to Your written and electronic requests that Oracle ship software to a Rimini Street address, admit that more than 50% of the requests asked Oracle to ship the software to an "offsite backup location."

**RESPONSE:**

Subject to and without waiver of the foregoing general objections, Rimini responds: Admitted.

**REQUEST NO. 27:**

Admit that, at least once, You instructed a Rimini Street customer or prospective Rimini Street customer to state that software was to be shipped to an "offsite backup location" when that customer or prospective customer requested that Oracle ship software to a Rimini Street address.

---

[1] Rimini notes that Exhibit A includes duplicate entries for numerous files. In responding, Rimini considers these duplicate entries to correspond to only one actual file in the HRMS Delivered Objects folder.

- 4 -

**RESPONSE:**

Subject to and without waiver of the foregoing general objections, Rimini responds: Admitted.

**REQUEST NO. 28:**

Admit that, at least 25 times, You instructed a Rimini Street customer or prospective Rimini Street customer to state that software was to be shipped to an "offsite backup location" when that customer or prospective customer requested that Oracle ship software to a Rimini Street address.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections, Rimini responds: Admitted.

**REQUEST NO. 29:**

With respect to Your written and electronic requests that Oracle ship Oracle Database Software to a Rimini Street address, admit that none of the requests disclosed to Oracle that the software be shipped to a Rimini Street address would be used by Rimini Street to install the software on Rimini Street's computers.

**RESPONSE:**

Rimini objects to this request as overly broad and unduly burdensome as it encompasses all written and electronic requests to ship Oracle Database Software to a Rimini address.

Subject to and without waiver of the foregoing general and specific objections, Rimini responds that, having investigated, it is not aware of any requests to Oracle for shipment of Oracle Database Software to a Rimini address which expressly stated that the software be shipped to a Rimini Street address would be used by Rimini Street to install the software on Rimini Street's computers.

**REQUEST NO. 30:**

With respect to Your written and electronic requests that Oracle ship Oracle Enterprise Software to a Rimini Street address, admit that none of the requests disclosed to Oracle that the software to be shipped to a Rimini Street address would be used by Rimini Street to install the software on Rimini Street's computers.

**RESPONSE:**

Rimini objects to this request as overly broad and unduly burdensome as it encompasses all written and electronic requests to ship Oracle Enterprise Software to a Rimini address. Rimini also

1  objects to the term "Oracle Enterprise Software" as vague, ambiguous, and overbroad.

2  Subject to and without waiver of the foregoing objections, Rimini responds that, having
3  investigated, it is not aware of any requests to Oracle for shipment of Oracle Enterprise Software to a
4  Rimini Street address which expressly stated that the software be shipped to a Rimini Street address
5  would be used by Rimini Street to install the software on Rimini Street's computers.

6  **REQUEST NO. 31:**

7  With respect to Your written and electronic requests that Oracle ship Oracle Database
8  Software to a Rimini Street address, admit that none of the requests disclosed to Oracle that the
9  software to be shipped to a Rimini Street address would be used by Rimini Street to support
10 multiple Rimini Street customers.

11 **RESPONSE:**

12 Rimini objects to this request as overly broad and unduly burdensome as it encompasses all
13 written and electronic requests to ship Oracle Database Software to a Rimini address.

14 Subject to and without waiver of the foregoing objections, Rimini responds that, having
15 investigated, it is not aware of any requests for shipment of Oracle Database Software to a Rimini
16 Street address which expressly stated that the software be shipped to a Rimini Street address would be
17 used by Rimini Street to support multiple Rimini customers.

18 **REQUEST NO. 32:**

19 With respect to Your written and electronic requests that Oracle ship Oracle Enterprise
20 Software to a Rimini Street address, admit that none of the requests disclosed to Oracle that the
21 software to be shipped to a Rimini Street address would be used by Rimini Street to support
22 multiple Rimini Street customers.

23 **RESPONSE:**

24 Rimini objects to this request as overly broad and unduly burdensome as it encompasses all
25 written and electronic requests to ship Oracle Enterprise Software to a Rimini address.

26 Subject to and without waiver of the foregoing objections, Rimini responds that, having
27 investigated, it is not aware of any requests for shipment of Oracle Enterprise Software to a Rimini
28 Street address which expressly stated that the software be shipped to a Rimini Street address would be

1  used by Rimini Street to support multiple Rimini customers.

2  **REQUEST NO. 33:**

3  Admit that, in 2006, You copied Oracle Software and Support Material into a Software
4  Library that was not organized or segregated by client at least once.

5  **RESPONSE: [PREVIOUSLY AMENDED]**

6  Subject to and without waiver of the foregoing general objections, Rimini admits that, in
7  2006, it copied Oracle Software and Support Material into a directory structure containing
8  computer software and/or documentation that did not include client-specific folders at least once.
9  Rimini, however, denies maintaining a library of software that was not "organized or segregated"
10 by client as Rimini did indeed segregate Oracle software and support material in a manner that
11 allowed Rimini to track its customers' entitlement to the Oracle materials on a customer-by-
12 customer basis.

13 **REQUEST NO. 34:**

14 Admit that, in 2006, You copied Oracle Software and Support Material into a Software
15 Library that was not organized or segregated by client at least 25 times.

16 **RESPONSE:  [PREVIOUSLY AMENDED]**

17 Subject to and without waiver of the foregoing general objections, Rimini admits that, in
18 2006, it copied at least 25 items Oracle Software and Support Material into a directory structure
19 containing computer software and/or documentation that did not include client-specific folders.
20 Rimini, however, denies maintaining a library of software that was not "organized or segregated"
21 by client as Rimini did indeed segregate Oracle software and support material in a manner that
22 allowed Rimini to track its customers' entitlement to the Oracle materials on a customer-by-
23 customer basis.

24 **REQUEST NO. 35:**

25 Admit that, in 2006 You copied Oracle Software and Support Material from a Software
26 Library that was not organized or segregated by client at least once.

27 **RESPONSE: [PREVIOUSLY AMENDED]**

28 Subject to and without waiver of the foregoing general objections, Rimini admits that, in

1  Rimini objects to this request as it misstates the text of Paragraph 34 of Ravin's Answer to
2  Oracle's Second Amended Complaint and First Amended Counterclaim, Dkt. 152.

3  Subject to and without waiver of the foregoing general and specific objections, Rimini
4  Street admits that it maintained certain Oracle Software and Support Material on behalf of clients
5  that was not stored in client-specific folders.  Rimini Street denies, however, that it ever
6  maintained a library of software for general or generic use without regard to rights afforded to
7  Rimini customers' under their respective license agreements with Oracle, as alleged in Oracle's
8  Second Amended Complaint.

9  **REQUEST NO. 110:**

10  Admit that the allegation in Paragraph 34 of Rimini Street's Answer to Oracle's Second
11  Amended Complaint and First Amended Counterclaim, Dkt. 153, that a "library of Oracle's
12  intellectual property to support its present and prospective customers" has "never existed at
13  Rimini Street," is false.

14  **RESPONSE: [AMENDED]**

15  Subject to and without waiver of the foregoing general and specific objections, Rimini
16  Street admits that it maintained certain Oracle Software and Support Material on behalf of clients
17  that was not stored in client-specific folders.  Rimini Street denies, however, that it ever
18  maintained a library of software for general or generic use without regard to rights afforded to
19  Rimini customers' under their respective license agreements with Oracle, as alleged in Oracle's
20  Second Amended Complaint.

21  **REQUEST NO. 111:**

22  Admit that Ravin was aware before June 1, 2009, that Rimini Street maintained a Software
23  Library that was not organized or segregated by customer to store Oracle Software and Support
24  Material.

25  **RESPONSE: [PREVIOUSLY AMENDED]**

26  Subject to and without waiver of the foregoing general objections, Rimini responses as
27  follows: Though Mr. Ravin does not recall the extent of his knowledge, if any, regarding a
28  "Software Library" before June 1, 2009, Rimini admits that Mr. Ravin was included on email

**REQUEST NO. 249:**

Admit that, in 2011, Rimini Street used one or more of the environments identified as items 1-32 on Exhibit C to create the majority of DAT files generated by Rimini Street.

**RESPONSE:**

Subject to and without waiver of its general objections: Admitted.

**REQUEST NO. 250:**

Admit that, in 2011, Rimini Street used one or more of the environments identified as items 1-32 on Exhibit C to create the majority of DAT files received from Rimini Street by each of Rimini Street's then-current customers.

**RESPONSE:**

Subject to and without waiver of its general objections: Admitted.

DATED:     January 4, 2012            SHOOK, HARDY & BACON

                                                  By:     */s/ Robert H. Reckers*
                                                      Robert H. Reckers, Esq.
                                                      Attorney for Defendants
                                                      Rimini Street, Inc. and Seth Ravin

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant's First Amended Responses and Objections to Plaintiffs' Third Set of Requests for Admissions was served on the 4th day of January, 2012, via email, as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com |

By: /s/ Ryan Dykal