# EXHIBIT 40

Page 1

1               UNITED STATES DISTRICT COURT

2                    DISTRICT OF NEVADA

3               Case No. 2:10 CV 0106 LRH PAL

4       _____

5       ORACLE USA, INC., a Colorado            )

6       corporation, ORACLE AMERICA, INC.,      )

7       a Delaware corporation; and ORACLE      )

8       INTERNATIONAL CORPORATION, a            )

9       California corporation,                 )

10                            Plaintiff,        )

11          v.                                  )

12      RIMINI STREET, INC., a Nevada           )

13      corporation; and SETH RAVIN, an         )

14      individual,                             )

15                            Defendant.        )

16      _____)

17

18

19           DEPOSITION OF DOUGLAS W. BARON

20                  Washington, D.C.

21                   May 10, 2011

22

23

24      Reported by:  Mary Ann Payonk, RDR CRR

25      Job No. 38748

Confidential and Highly Confidential Material Redacted Pursuant to Protective Order

Page 2

```
 1
 2
 3
 4                    May 10, 2011
 5                    9:34 a.m.
 6
 7
 8         Deposition of DOUGLAS W. BARON, held at
 9    the law offices of Boies, Schiller & Flexner,
10    5301 Washington Ave., N.W., Washington, D.C.,
11    pursuant to Notice before Mary Ann Payonk, a
12    Certified Realtime Reporter and notary public
13    of the District of Columbia.
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 3

```
 1    APPEARANCES:
 2    ON BEHALF OF PLAINTIFF:
 3         KIERAN P. RINGGENBERG, ESQUIRE
 4         ALEXIS LOEB, ESQUIRE
 5         BOIES, SCHILLER & FLEXNER LLP
 6         1999 Harrison Street
 7         Suite 900
 8         Oakland, CA 94612
 9
10    ON BEHALF OF DEFENDANT:
11         ROBERT H. RECKERS, ESQUIRE
12         RYAN DYKAL, ESQUIRE
13         SHOOK, HARDY & BACON L.L.P.
14         600 Travis Street, Suite 1600
15         Houston, TX 77002
16
17    ALSO PRESENT:
18         Conway Barker, Legal Video Specialist
19         Christopher Pickett, Vice President,
20            Legal Affairs, Rimini Street
21         David Ray, Elysium Digital
22
23
24
25
```

Page 4

```
 1         D. Baron
 2         THE VIDEOGRAPHER:  This is the
 3    beginning of tape labeled number 1 in
 4    the video deposition of Douglas W. Baron
 5    in the matter of Oracle U.S.A.,
 6    Incorporated et al versus Rimini Street,
 7    Incorporated, et al, in the
 8    United States District Court for the --
 9    of Nevada, Case Number
10    2:10-CV-00106-LRH-PAL.
11         This deposition is being held at
12    Boies, Schiller, 5301 Wisconsin Avenue,
13    Northwest, Washington, D.C., on May 10,
14    2011, approximately at 9:34.
15         Would counsel please identify
16    yourselves and state whom you represent?
17         MR. RINGGENBERG:  Kieran
18    Ringgenberg, Boies Schiller Flexner, for
19    the plaintiffs.
20         MS. LOEB:  Alexis Loeb from Boies,
21    Schiller & Flexner, also for the
22    plaintiffs.
23         MR. PICKETT:  Chris Pickett, vice
24    president, legal affairs, Rimini Street.
25         MR. DYKAL:  Ryan Dykal, Shook,
```

Page 5

```
 1         D. Baron
 2    Hardy & Bacon, for the defendant.
 3         MR. RECKERS:  Rob Reckers, Shook,
 4    Hardy & Bacon, for the defendants.
 5         THE VIDEOGRAPHER:  On the
 6    telephone, could you please introduce
 7    yourself?
 8         MR. RAY:  My name is David Ray.
 9    I'm with Elysium Digital for the
10    plaintiff.
11         THE VIDEOGRAPHER:  Thank you.
12         The court reporter is Mary Ann
13    Payonk, the video camera operator is
14    Conway Barker, both on behalf of TSG.
15    Will deposition -- would you please
16    swear in the witness, and we can
17    proceed.
18              ***
19    DOUGLAS BACON,
20         called as a witness, having been duly
21         sworn, was examined and testified as
22         follows:
23              EXAMINATION
24    BY MR. RINGGENBERG:
25         Q.  Good morning, sir.  We just met
```

**Confidential and Highly Confidential Material Redacted Pursuant to Protective Order**

D. Baron

1 D. Baron
2 briefly off the record, but could you just
3 state your name for the record, please?
4     A.  Douglas Baron.
5     Q.  And you currently work for Rimini
6 Street; is that right?
7     A.  I do work for Rimini Street.
8     Q.  Could you give me your professional
9 background before you joined Rimini Street?
10     A.  Are you interested in prior companies
11 that I worked for?
12     Q.  Please.
13     A.  Okay.  Before joining Rimini Street,
14 I worked for a company called TomorrowNow.
15 Before working for TomorrowNow, I worked for
16 PeopleSoft/Oracle.  Before that, I worked for a
17 company called American Management Systems.
18     Q.  What'd you do at American Management
19 Systems?
20     A.  I was a programmer.  I also
21 eventually became a manager of other
22 programmers while I was there.
23     Q.  What language is -- what -- what type
24 of development did you oversee there?
25     A.  At American Management Systems?

D. Baron

1 D. Baron
2     Q.  Correct.
3     A.  This was primarily COBOL programming.
4     Q.  How long were you at
5 PeopleSoft/Oracle?
6     A.  I was at PeopleSoft/Oracle for
7 approximately seven and a half years.
8     Q.  And did you work on anything other
9 than PeopleSoft applications?
10     A.  I was not a PeopleSoft developer when
11 I was with PeopleSoft/Oracle.
12     Q.  What did you do?
13     A.  I was a technical consultant,
14 traveling consultant.
15     Q.  And did you consult on -- primarily
16 on PeopleSoft issues?
17     A.  Primarily on PeopleSoft issues, that
18 is correct.
19     Q.  So what types of things did you do?
20 Just kind of give me an example, maybe.
21     A.  Troubleshooting.  Resolving issues
22 related to performance.  In some instances, I
23 might do a minor upgrade or a minor install.
24     Q.  How did you come to join TomorrowNow?
25     A.  I was in communication with a prior

D. Baron

1 D. Baron
2 coworker, George Lester, and he described
3 TomorrowNow.  And I decided at one point in
4 time that I would leave Oracle and join
5 TomorrowNow.
6     Q.  And did you work there from '05 to
7 '06?  Is that correct?
8     A.  At at TomorrowNow?
9     Q.  Right.
10     A.  It was a nine-month period, and it
11 did go from either December or January
12 2005/2006 to October of 2006.
13     Q.  And you joined Rimini Street in
14 October of 2006?
15     A.  That is correct.
16     Q.  And did Mr. -- did Mr. Lester invite
17 you to -- to join Rimini Street?
18     A.  He actually told me that he was
19 leaving TomorrowNow.  He -- I asked him where
20 he was going.  He described where he was going,
21 and it sounded interesting.
22         And then at that point, he put me in
23 touch with Dennis Chiu, if I was interested in
24 interviewing with Rimini Street.  And so I
25 interviewed with Dennis Chiu, and then from

D. Baron

1 D. Baron
2 there, I became more interested and accepted an
3 offer.
4     Q.  Did he tell you why he was leaving?
5 That is, Mr. Lester.
6     A.  I know one thing that was important
7 to him at the time was that he would be getting
8 a more senior role within Rimini Street than
9 what he had at TomorrowNow.
10     Q.  Did he relay any other reason to you
11 why he was moving from --
12     A.  I believe --
13     Q.  -- TomorrowNow?
14     A.  -- that was the primary thing that he
15 described to me.
16     Q.  I -- I did not -- usually -- in
17 depositions, I usually do but did not do the
18 ground rules, and it probably would be helpful.
19         I'm going to ask questions.  You're
20 going to answer them.  It's important that we
21 not talk over each other because the court
22 reporter's trying to write everything down.
23         I have trouble, and I will probably
24 interrupt you at some point with a question.
25 I'll do my best not to.  It's important that

Confidential and Highly Confidential Material Redacted Pursuant to Protective Order

Page 10

```
 1            D. Baron
 2  you do your best to wait for my questions to be
 3  complete even before answering --
 4      A.  Understood.
 5      Q.  -- even if you know what I'm going to
 6  say, which you probably will.
 7        If you need to take a break at any
 8  time, just let me know.  We need to do that
 9  without a question pending, but if you finish
10  your answer and you want to take a break, let
11  us know and we will try to accommodate you.
12        Is there any reason why you can't
13  give your best testimony today?  Any health
14  reason?  On medication?  Anything like that?
15      A.  No, not to my knowledge.
16      Q.  What has your role been at Rimini
17  Street?
18      A.  My initial role at Rimini Street was
19  to set up the first few PeopleSoft environments
20  for our first few customers.  That was my very
    first role.
```

Page 11

Page 12

Page 13

Confidential and Highly Confidential Material Redacted Pursuant to Protective Order

Page 14

Page 15

Page 16

Page 17

TSG Reporting   Worldwide   877 702 9580

Confidential and Highly Confidential Material Redacted Pursuant to Protective Order

Page 18

    A.   At TomorrowNow, I was a technical
6  support engineer.
7    Q.   So what -- what tasks did you -- were
8  you responsible for?
9    A.   I was primarily responsible for
10  assisting primary support engineers when they
11  received a client case that was too technical
12  for them to handle, and then they would hand it
13  off to me.
14    Q.   Were you involved at all in obtaining
15  material from Customer Connection or other
16  Oracle-operated databases or -- or websites
17  while you were at TomorrowNow?
18    A.   No.  I was not involved in that
19  activity while I was at TomorrowNow.
20    Q.   Have you ever heard of a -- a program
21  called Titan that was used at TomorrowNow?
22    A.   I've heard the name.
23    Q.   But you didn't have any involvement
24  in its creation?
25    A.   I had no involvement with Titan.

Page 19

    Q.   And you created programs -- strike
21  that.
22     Rimini Street in your time has
23  supported three lines of applications from
24  Oracle, is that right?  PeopleSoft, JD Edwards,
25  and Siebel.  Was that correct?

Page 20

1    D. Baron
2    A.   I know at least those three are
3  supported by Rimini Street.
4    Q.   And you built applications to obtain
5  information relating to each of those three
6  product lines; is that correct?
7    A.   Yes, PeopleSoft, JD Edwards and some
8  Siebel was obtained using these extract
9  programs.
10    Q.   Siebel is S-I-E -- S-I-E-B-E-L; is
11  that right?
    A.   As far as I know, that is correct.

Page 21

Confidential and Highly Confidential Material Redacted Pursuant to Protective Order

Page 354

1                     C E R T I F I C A T E

2   DISTRICT OF COLUMBIA:

3

4           I, MARY ANN PAYONK, CRR-RDR, CBC, CCP,

5   CLR, shorthand reporter, do hereby certify:

6           That the witness whose deposition is

7   hereinbefore set forth was duly sworn, and that

8   such deposition is a true record of the

9   testimony given by such witness.

10          I further certify that I am not related

11  to any of the parties to this action by blood

12  or marriage, and that I am in no way interested

13  in the outcome of this matter.

14          IN WITNESS WHEREOF, I have hereunto set

15  my hand this 13th day of May, 2011.

16

17  _____

18  MARY ANN PAYONK, CRR-RDR, CBC, CCP, CLR

19  Shorthand Reporter

20

21

22

23

24

25

Confidential and Highly Confidential Material Redacted Pursuant to Protective Order

ERRATA SHEET

WITNESS NAME:  Douglas W. Baron      May 10, 2011

| PAGE | LINE | CORRECTION AND REASON |
|------|------|-----------------------|
| 5 | 19 | BACON should be BARON |

I, Douglas W. Baron, have read the foregoing deposition and hereby affix my signature that same is true and correct, except as noted above.  (1 page of 2)

Date:  5/26/2011

Douglas W. Baron

Confidential and Highly Confidential Material Redacted Pursuant to Protective Order

ERRATA SHEET

WITNESS NAME:  Douglas W. Baron        May 10, 2011

| PAGE | LINE | CORRECTION AND REASON |
|------|------|------------------------|
|      |      |                        |
|      |      |                        |
|      |      |                        |
|      |      |                        |
|      |      |                        |
|      |      |                        |
|      |      |                        |
|      |      |                        |
|      |      |                        |
|      |      |                        |
|      |      |                        |
|      |      |                        |
|      |      |                        |
|      |      |                        |
|      |      |                        |
|      |      |                        |
|      |      |                        |

I, Douglas W. Baron, have read the foregoing deposition and hereby affix my signature that same is true and correct, except as noted above.  (2 pages of 2)

Date:   5/26/2011

Douglas W. Baron

Confidential and Highly Confidential Material Redacted Pursuant to Protective Order