1   SHOOK, HARDY & BACON LLP
    B. Trent Webb, Esq. *(pro hac vice)*
2   2555 Grand Boulevard
    Kansas City, Missouri 64108-2613
3   Telephone: (816) 474-6550
    Facsimile: (816) 421-5547
4   bwebb@shb.com

5   Robert H. Reckers, Esq. *(pro hac vice)*
    600 Travis Street, Suite 1600
6   Houston, Texas   77002
    Telephone: (713) 227-8008
7   Facsimile: (731) 227-9508
    rreckers@shb.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
WAllen@LRLaw.com

*Attorneys for Defendants*
*RIMINI STREET, INC. and SETH RAVIN*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

|  |  |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>           Plaintiffs,<br><br>      vs.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>           Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI STREET'S STATEMENT OF FACTS IN SUPPORT OF ITS OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND RESPONSE TO ORACLE'S ALLEGED FACTS (L.R. 56-1)**<br><br>              **[REDACTED]**<br><br>Date: _____, 2012<br>Time: _____ __.m.<br>Place:   Courtroom ___<br>Judge:   Hon. Larry R. Hicks |

Pursuant to Civil Local Rule 56-1, Defendant Rimini Street, Inc., ("Rimini"), submits

this statement responding to the alleged facts proffered by Oracle in support of its motion for partial

summary judgment.  (Dkt.  241).  This statement further sets forth each fact in support of Rimini's

opposition to Oracle's motion, with citations to the evidence in support of each fact.

## I. RIMINI's RESPONSE TO ORACLE'S STATEMENT OF ALLEGED FACTS

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| 1. | Oracle is currently the owner or exclusive licensee of PeopleSoft-, J.D. Edwards-, and Siebel-branded software. | **Undisputed.** |
| 2. | Oracle (including PeopleSoft, J.D. Edwards, and Siebel) has entered into written license agreements with its customers. There are written license agreements for the City of Flint, Michigan; School District of Pittsburgh, Pennsylvania; City of Des Moines; City of Eugene, Oregon; Dave & Buster's Inc.; Giant Cement Holding, Inc.; and Novell, Inc. | **Undisputed.** |
| 3. | Rimini cannot identify the source of the software used to construct certain environments present on its systems. | **Disputed in part.**<br><br>Rimini admits that it cannot identify the source of the specific physical media used to construct certain environments present on its system.<br><br>However, the "source of the software" used to construct the environments present on Rimini's systems is Oracle or its predecessors, PeopleSoft, J.D. Edwards, or Siebel.<br><br>***See*** **Oracle's Second Amended Complaint at ¶¶ 16, 73;** *see also*<br>***Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 449 (2007)** ("software code is an idea without physical embodiment."). |
| 4. | Rimini maintains environments on its computer systems. | **Undisputed.** |
| 5. | ██████████████████████ | **Undisputed.** |

2

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | ████████████████████████ | |
| 6. | When it made an electronic copy of a CD or DVD, Rimini necessarily made a copy of every file that contained more than a *de minimis* amount of protected expression present on that installation media. | **Disputed in part**, as overly broad.<br><br>Rimini admits that creating a complete copy of installation media creates at least one copy of every file present on that installation media.<br><br>However, there is no evidence that all CDs or DVDs copied by Rimini contained more than a *de minimis* amount of protected expression, and Oracle does not identify the CDs and DVDs to which this alleged fact is directed. |
| 7. | Rimini received the CDs or DVDs it used to build environments through various means, including shipments from Oracle and from Rimini's customers. | **Undisputed.** |
| 8. | ████████████████, a majority of the electronic shipping requests submitted to Oracle by Rimini (or a customer acting at Rimini's direction) included requests for a copy for the customer's "offsite backup location" – Rimini Street's address. | **Undisputed.** |
| 9. | None of Rimini's requests disclosed to Oracle that the software to be shipped to a Rimini Street address would be "used by Rimini Street to install the software on Rimini Street's computers," or that the software would be "used by Rimini to support multiple Rimini customers." | **Undisputed** that none of Rimini's requests expressly contained the quoted language. |
| 10. | ████████████████████████ | **Undisputed.** |
| 11. | ████████████, Oracle stopped shipping the second copy of the customer's software to the purported "offsite backup | **Undisputed.** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | location." | |
| 12. | The Rimini executive who prepared the shipment request form admitted that | **Disputed in part**, as misleading and incomplete. |
| | | **Declaration of Robert H. Reckers in Support of Rimini Street's Opposition to Oracle's Motion for Partial Summary Judgment ("Reckers Decl.") ¶ 9 & Ex. 8 (G. Lester Depo.) at 136:12-18.** |
| 13. | The reason for the requests was not merely to maintain an "offsite backup" but was, instead, | **Disputed in part**. |

4

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | Reckers Decl. ¶ 7 & Ex. 6 (Ray Grigsby 30.b.6 Depo) at 28:15-29:1. |
| | | Reckers Decl. ¶ 12 & Ex. 11 (Slepko Aug. 2010 Depo.) at 62:5-15. |
| 14. | The requests Rimini prepared were not | **Disputed**. Rimini's shipping requests |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | **Reckers Decl. ¶ 9 & Ex. 8 (G. Lester Depo.) at 136:8-18.** |
| 15. | Rimini disclosed or confirmed the existence of each of the environments at issue in this motion (and hundreds more) in response to interrogatories that, without objection, defined each environment to be "a copy of Oracle software that result[ed] from installation of that software." | **Undisputed.** |
| 16. | Rimini further admitted that each of the environments at issue in this motion (and hundreds more) embodies "a substantial portion of the protected expression" of one or more of Oracle's registered copyrights. | **Undisputed.** |
| 17. | The environments at issue in this motion are allegedly associated with four specific customers. | **Undisputed.** |
| 18. | **Chart**: Five PeopleSoft environment are allegedly associated with customer City of | **Undisputed.** |

6

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | Flint, Michigan. The environments are named H751AUD, H751COF2, H751COFO, H751COFO, and H751DEVO. | |
| 19. | **Chart**: ████████████ | **Undisputed.** |
| 20. | **Chart**: Each of the five PeopleSoft environments for customer City of Flint, Michigan "embodies a substantial portion of the protected expression" covered by Oracle's registered, copyrighted works TX 4-792-575 (PeopleSoft HRMS 7.5) and TX 4-792-578 (PeopleTools 7.5). | **Undisputed.** |
| 21. | **Chart**: Four PeopleSoft environments are allegedly associated with customer School District of Pittsburgh, PA. The environments are named H831PPS2, H831PPSM, F842PPSM and F842PPSM. | **Undisputed.** |
| 22. | **Chart**: The PeopleSoft environments named H831PPS2 and H831PPSM, associated with School District of Pittsburgh, PA, each contain PeopleSoft HRMS 8.3 SP1. H831PPS2 and H831PPSM contain PeopleTools 8.22. | **Undisputed.** |
| 23. | **Chart**: Each of the PeopleSoft environments named H831PPS2 and H831PPSM, associated with School District of Pittsburgh, PA, "embodies a substantial portion of the protected expression" covered by Oracle's registered, copyrighted works TX 5-469-032 (PeopleSoft HRMS 8.3) and TX 5-266-221 (PeopleTools 8.10). | **Undisputed.** |
| 24. | **Chart**: The two PeopleSoft environments named F842PPSM, associated with School | **Undisputed.** |

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | District of Pittsburgh, PA, each contain PeopleSoft FSCM 8.4 SP2. Both F842PPSM environments contain PeopleTools 8.48. | |
| 25. | **Chart**: The two PeopleSoft environments named F842PPSM, associated with School District of Pittsburgh, PA, each "embodies a substantial portion of the protected expression" covered by Oracle's registered, copyrighted works TX 5-586-247 (PeopleSoft FSCM 8.4) and TX 7-092-819 (PeopleTools 8.48). | **Undisputed.** |
| 26. | **Chart**: One J.D. Edwards EnterpriseOne environment is allegedly associated with customer Giant Cement Holdings, Inc. The environment is named JGCHE5TSA1. | **Undisputed.** |
| 27. | **Chart**: The J.D. Edwards Enterprise One environment named JGCHE5TSA1, associated with Giant Cement Holdings, Inc., contains J.D. Edwards EnterpriseOne 8.10. | **Undisputed.** |
| 28. | **Chart**: The J.D. Edwards Enterprise One environment named JGCHE5TSA1, associated with Giant Cement Holdings, Inc., "embodies a substantial portion of the protected expression" covered by Oracle's registered, copyrighted work TX 6-541-038 (Initial release of J.D. Edwards EnterpriseOne 8.10). | **Undisputed.** |
| 29. | **Chart**: Two Siebel environments are allegedly associated with customer Novell, Inc. The environments are named NOVELL-AP01 and NOVELLCLI. | **Undisputed.** |
| 30. | **Chart**: The Siebel environments named NOVELL-AP01 and NOVELLCLI, associated with customer Novell, Inc., each contain Siebel 7.7. | **Undisputed.** |
| 31. | **Chart**: The Siebel environments named | **Undisputed.** |

8

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | NOVELL-AP01 and NOVELLCLI, associated with customer Novell, Inc., each "embodies a substantial portion of the protected expression" covered by Oracle's registered, copyrighted work TX 6-941-993 (Siebel 7.7.1 Initial Release and Documentation). | |
| 32. | There are two distinct environments with the same name for both H751COFO and F842PPSM. | **Undisputed.** |
| 33. | Rimini built its local environments using at least four methods: ▮▮▮▮▮▮▮ | **Undisputed.** |
| 34. | Regardless of the method employed, Rimini copied Oracle's protected expression when building an environment. | **Undisputed.** |
| 35. | A clone of a software environment is a copy of the software in the environment that was cloned. | **Undisputed.** |
| 36. | Krista Williams, the manager of Rimini's PeopleSoft environments team, testified that ▮▮▮▮▮ Williams was designated as Rimini's corporate designee on environment cloning. | **Disputed in part.**<br><br>Rimini admits Ms. Williams testified that, ▮▮▮▮▮<br><br>Ms. Williams, however, was not designated as Rimini's corporate designee on environment cloning.  Rather, a portion of Ms. William's testimony was designated as corporate testimony in connection with Rimini's response to Oracle's Interrogatories Nos. 24- |

9

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | 25, neither of which address environment cloning. The testimony cited by Oracle in support of this alleged fact was not designated as corporate testimony. |
| | | **Dkt. 240, Declaration of Bree Hann in Support of Oracle's Motion For Partial Summary Judgment ("Hann Decl.") ¶ 14 & Dkt. 243-1, Plt. Ex. 29 (Rimini's Second Supplemental Reponses to Oracle Interrogatories Nos. 24 and 25) at 8, 13.** |
| | | **Dkt. 240, Hann Decl. ¶ 48 & Dkt. 244-16, Plt. Ex. 63 (Nov. 8, 2011 Transcript of the Status Conference Hearing) at 5:3-18 (Hearing p. 19:3-19:18).** |
| | | THE COURT: And how soon are you going to be in a position to supplement your response with her testimony that's now the corporation's answer? |
| | | MR. RECKERS: It certainly can be served within the next ten days. |
| | | THE COURT: Thank you. Oracle's motion to compel omitted responses to interrogatories number 24 and 25 is granted to the extent that Rimini shall supplement answers to Interrogatory number 24 and 25 with the information provided with Ms. Williams clarifying that it is the corporation's response and within fourteen days of today's date and denied in all other respects. |
| 37. | | **Undisputed.** |
| 38. | For certain environments, the source of the installation media used to create the | **Undisputed.** |

10

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | environment is "unknown." | |
| 39. | At least some of the Oracle software and support materials that Rimini used to create environments "was not stored in client-specific folders." | **Undisputed.** |
| 40. | Rimini continued to use non-customer-specific installation media when creating environments until ■■■■ | **Undisputed.** |
| 41. | Rimini admits that "a portion of an Environment is loaded into a computer's RAM [random access memory] when that Environment is loaded for use." | **Undisputed.** |
| 42. | Loading a computer program into RAM creates a partial copy of that program. | **Undisputed.** |
| 43. | Rimini loaded or started Oracle software environments present on its computer systems for various purposes, including to create updates for PeopleSoft software. | **Undisputed.** |
| 44. | Rimini's development managers (including a corporate designee) and individual developers testified that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ | **Disputed in part**, as misleading and incomplete.<br><br>Rimini admits that it ■■■■■■■■■■■■■■■■■■■■■■■■■■■■<br><br>Oracle's alleged fact, however, omits the fact that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■<br><br>**Reckers Decl. ¶ 8 & Ex. 7 (B. Lester Depo.)** |

11

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | at 17:8-22.  Reckers Decl. ¶ 11 & Ex. 10 (Slepko Rule 30(b)(6) Depo.) at 37:2-25. |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | ████████████ |
| 45. | Rimini's development process required making multiple copies of an environment, including RAM copies every time Rimini loaded the environment. | **Disputed in part**. <br><br> Rimini admits that every time an environment loaded for use, a portion of the environment is loaded into a computer's RAM. <br><br> Rimini denies that its development process requires creation of complete or persistent copies of an environment. <br><br> **Dkt. 240, Hann Decl. ¶ 16 & Dkt. 243-3, Plt. Ex. 31 (Rimini's Responses to Oracle's First Set of Requests for Admission) at 9-10.** |
| 46. | ████████████ | **Undisputed**. |
| 47. | Rimini also had Siebel and J.D. Edwards software on its computers that it used to support its customers. | **Undisputed**. |
| 48. | Rimini itself has no license from Oracle for any of the enterprise software in any of | **Disputed in part**. |

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | these local environments. | Rimini admits that there is no express license between Rimini itself and Oracle directed to Oracle's PeopleSoft, JD Edwards, and Siebel software.<br><br>However, as set for in Rimini's Opposition, Oracle's conduct demonstrates that it consented to Rimini maintaining local software copies, giving rise to an implied license as to the Oracle software in Rimini's local environments.<br><br>**Dkt. 240, Hann Decl. ¶ 3 & Dkt. 248, Plt. Ex. 18 (Rimini's Supplemental Responses to Oracle's Interrogatories 7, 15, 28, 29, and 30) at 14-17.** |
| 49. | ███████████████████████████<br>███████████████████████<br>███████████████████████<br>███████████████ | **Disputed in part**, as misleading and incomplete.<br><br>Rimini admits that, ███████<br>███████████████████<br>███████████████████<br>███████████████████<br><br>Oracle's alleged fact, however, omits the fact that ███████████████<br>███████████████████<br>███████████████████<br>███████████████████<br><br>**Reckers Decl. ¶ 11 & Ex. 10 (Slepko Rule 30(b)(6) Depo.) at 37:2-25.**<br><br>███████████████████████ |

14



| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| 50. | | **Disputed in part**, as misleading and incomplete.<br><br>Rimini admits that,<br><br>Oracle's alleged fact, however, omits that |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | |  **Dkt. 240, Hann Decl. ¶ 41 & Dkt. 250, Plt. Ex. 56 (Radtke Depo.) at 64:4-24.** |
| 51. | | **Disputed in part**, as misleading and incomplete.<br><br>Rimini admits that |

16

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | ███████████████ <br><br> Oracle's alleged fact, however, omits that ███████████████ <br><br> **Reckers Decl. ¶ 8 & Ex. 7 (B. Lester Depo.) at 17:8-22.** <br><br> ███████████████ |
| 52. | ███████████████ | **Disputed in part.** ███████████████ |

17

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | Reckers Decl. ¶ 11 & Ex. 10 (Slepko Rule 30(b)(6) Depo.) at 37:2-25.  |
| 53. | | Disputed. |

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | ██████████████ |
| | | **Dkt. 240, Hann Decl. ¶27 & Dkt. 249, Plt. Ex. 42 (Conley Depo.) at 38:23-39:4.** |
| | | ████████████████████ |
| | | ████████████████████ |
| | | **Dkt. 240, Hann Decl. ¶ 21 & Dkt. 249, Plt. Ex. 36 (Allen Depo.) at 239:22-240:1.** |
| | | ████████████████████ |
| | | ████████████████████ |
| 54. | ████████████████ | **Disputed in part.** Rimini admits that ████████████████████ Rimini, however, disputes that ████████████████████ |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | ▮<br><br>**Rimini Street's Response to Oracle's Statement of Facts ("Oracle SOF") No. 44.**<br><br>**Reckers Decl. ¶ 8 and Ex. 7 (B. Lester Depo.) at 194:2-195:8.** |

20

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| |  | |
| 55. | | **Undisputed**. |
| 56. | | **Disputed**.<br><br>Rimini admits that<br><br><br><br><br>**Reckers Decl. ¶ 8 and Ex. 7 (B. Lester Depo.) at 186:16-187:9.** |

21



| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | **Rimini Street's Response to Oracle SOF No. 13** ▮ |
| 57. | At certain stages of development, Rimini used one or more environments that it designated as "development environments." | **Undisputed.** |
| 58. | The installed copies of Oracle's enterprise software in H751COF2 and H751DEVO (both of which Rimini contends are City of Flint environments, authorized by the City of Flint's license) and the copies in H831PPSM and H831PPS2 (both of which Rimini contends are School District of Pittsburgh environments) ▮ | **Disputed in part.**<br><br>Rimini admits that ▮<br><br>Rimini, however, denies that ▮ |

22

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | ████████████ |
| 59. | For three of the eight registrations at issue, the certificates of copyright registration identify OIC as the copyright claimant. | **Undisputed.** |
| 60. | The remaining five registrations identify PeopleSoft, Inc. as the copyright claimant. | **Undisputed.** |
| 61. | PeopleSoft, Inc., transferred ownership of these five copyrights to OIC on March 1, 2005, before Rimini had been founded. | **Undisputed.** |
| 62. | The twelve environments that are the subject of this motion contained installed copies of Oracle's enterprise software applications for PeopleSoft HRMS 7.5 and 8.3, PeopleSoft  Financials and Supply Chain Management 8.4, PeopleTools, J.D. Edwards EnterpriseOne 8.10, and Siebel 7.7, all of which are covered by registered copyrights. | **Undisputed.** |
| 63. | Each of these environments contains a substantial amount of protected expression from Oracle's registered copyrights. | **Undisputed.** |
| 64. | When Rimini loaded these environments to use them for development, the environments were copied into RAM. | **Disputed in part.**<br><br>Only a portion of an environment is copied into RAM with the environment is loaded for development use, not the entire environment as Oracle's alleged fact implies.<br><br>**Dkt. 240, Hann Decl. ¶ 16 & Dkt. 243-3, Plt. Ex. 31 (Rimini's Responses to Oracle's First Set of Requests for Admission) at 9-10.** |
| 65. | The environments Rimini associates with City of Flint are named H751COF2, H751DEVO, H751AUD, and two distinct | **Undisputed.** |

23

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | environments named H751COFO. | |
| 66. | In its response to Interrogatory No. 15, Rimini relies upon the City of Flint's license agreement Bates-numbered ORCLRS0004135 as a defense to copyright infringement. | **Undisputed.** |
| 67. | ████████████████████ | **Disputed in part.** <br><br> Rimini admits that ████████ ████████████████████ <br><br> However, the "source of the PeopleSoft software" used to construct these environments present on Rimini's systems is Oracle or its predecessor, PeopleSoft. <br><br> ***See* Oracle's Second Amended Complaint at ¶¶ 16, 73;** *see also* <br><br> ***Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 449 (2007)** ("software code is an idea without physical embodiment."). |
| 68. | ████████████████████ | **Undisputed.** |
| 69. | ████████████████████ | **Undisputed.** |
| 70. | The City of Flint license | **Undisputed.** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | (ORCLRS0004135) states that ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | |
| 71. | The City of Flint license states ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | **Undisputed**. |
| 72. | The City of Flint's license agreement authorizes ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓ | **Disputed**, as incomplete and misleading.<br><br>While the quoted language in Oracle's alleged fact is found in the City of Flint's license, ▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓<br><br>**Dkt. 239, Declaration of Thom O'**<br>**Neill in Support of Oracle's Motion for Partial Summary Judgment ("O'Neill Decl.") ¶ 3 and Dkt. 248, Plt. Ex. 10 (City of Flint License) at §§ 1.2.b, c).**<br><br>**Rimini Statement of Fact ("Rimini SOF") 14 & 15.** |
| 73. | The license agreement between Oracle and City of Flint states that ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓ | **Undisputed.** |

25

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | ███████████ | |
| 74. | ████████████████ | **Undisputed**. |
| 75. | When Rimini used the environments associated with City of Flint to create updates, it copied the software into the computer's RAM. | **Disputed in part.**<br><br>Rimini admits that use of an environment to create updates causes a portion of the software to be copied into the computer's RAM.<br><br>The evidence, however, does not establish that all environments associated with the City of Flint were used to create updates, and Oracle does not specify to which environments this alleged fact refers. |
| 76. | ████████████████ | **Disputed in part**.<br><br>Rimini admits that ████████████<br><br>████████████<br><br>████████████<br><br>**Rimini Street's Response to Oracle SOF No. 13** ████ |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | ██ |
| 77. | Rimini has or had copies of PeopleSoft HRMS 8.3 (copyright registration TX 5-469-032) and PeopleTools 8.10 (copyright registration TX 5-266-221) in School District of Pittsburgh environments H831PPSM and H831PPS2. | **Undisputed.** |
| 78. | Rimini has copies of PeopleSoft FSCM 8.4 (copyright registration TX 5-586-247) and PeopleTools 8.48 (copyright registration TX 7-092-819) in two distinct School District of Pittsburgh environments, both named F842PPSM. | **Undisputed.** |
| 79. | Rimini relies upon the School District of Pittsburgh's license agreement Bates-numbered ORCLRS0164981 as a defense to copyright infringement. | **Undisputed.** |
| 80. | The build source for H831PPSM, an environment allegedly associated with the School District of Pittsburgh, was ████████████████████████ | **Undisputed.** |
| 81. | The build source for H831COEM, an environment allegedly associated with the City of Eugene, was ████████████████████████ | **Undisputed.** |
| 82. | Rimini states that it built H831CODM with ████████████████████ | **Undisputed.** |
| 83. | ████████████████████████ | **Undisputed.** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| 84. | ███████████████████ | **Undisputed**. |
| 85. | ███████████████████ | **Undisputed**. |
| 86. | The City of Des Moines' license states that ███████████████████ | **Undisputed**. |
| 87. | ███████████████████ | **Disputed.**<br><br>Rimini admits that ███████████████████<br><br>███████████████████<br><br>**Dkt. 239, O'Neill Decl. ¶ 4 & Dkt. 248, Plt. Ex. 11 (Sch. Dist.'s of Pittsburgh License)** ███████████ |

28

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | Reckers Decl. ¶ 9 & Ex. 8 (G. Lester Depo.) at 58:15-21. |
| | | Reckers Decl. ¶ 11 & Ex. 10 (Slepko Rule 30(b)(6) Depo.) at 36:11-24. |
| | | Reckers Decl. ¶ 16 & Ex. 15 (Oracle's First Amended Response to Rimini Street's Interrogatory No. 26) at 8 |

29

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | |
| 88. | The School District of Pittsburgh's license (ORCLRS0164981) states that █████████ | **Disputed**, as incomplete and misleading. ██████████ ██████████ **Dkt. 239, O'Neill Decl. ¶ 4 & Dkt. 248, Plt. Ex. 11 (Sch. Dist. of Pittsburgh License)** ██ **Rimini SOF 29.** |
| 89. | ███████████ | **Disputed.** Rimini admits ██████████ ██████████ **Dkt. 239, O'Neill Decl. ¶ 6 & Dkt. 248, Plt. Ex. 13 (City of Eugene License)** ███ **Dkt. 239, O'Neill Decl. ¶ 8 & Dkt. 248, Plt. Ex. 15 (Dave & Buster's License)** ███ |

30

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | Reckers Decl. ¶ 9 & Ex. 8 (G. Lester Depo.) at 58:15-21. |
| | | █████████████████████████████ |
| | | Reckers Decl. ¶ 11 & Ex. 10 (Slepko Rule 30(b)(6) Depo.) at 36:11-24. |
| | | █████████████████████████████ |
| | | Reckers Decl. ¶ 16 & Ex. 15 (Oracle's First Amended Response to Rimini Street's Interrogatory No. 26) at 8 ███████ |

31

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | ████████████████████ |
| 90. | The license agreement Rimini identified for the City of Eugene states that ████ ██████████████████████ ██████████████████████ | **Disputed**, as incomplete and misleading.<br><br>While the quoted language in Oracle's alleged fact is found in the City of Eugene's license, ███████████████████████ ███████████████████████ ███████████████████████<br><br>**Dkt. 239, O'Neill Decl. ¶ 6 & Dkt. 248, Plt. Ex. 13 (City of Eugene License) at §§ 1.2.b, c).**<br><br>*See* **Rimini SOF 34.** |
| 91. | The license agreement Rimini identified for Dave & Buster's Inc. states that ████ ██████████████████████ ██████████████████████ | **Disputed**, as incomplete and misleading.<br><br>While the quoted language in Oracle's alleged fact is found in the Dave & Buster's license, ███████████████████████ ███████████████████████<br><br>**Dkt. 239, O'Neill Decl. ¶ 8 & Dkt. 248, Plt. Ex. 15 (Dave & Buster's License) at §§ 1.1, 1.3).**<br><br>*See* **Rimini SOF 34.** |
| 92. | Rimini has or had an installed copy of J.D. Edwards EnterpriseOne 8.10 (copyright registration TX 6-541-038) in environment JGCHE5TSA1 for customer Giant Cement Holding, Inc. | **Undisputed**. |
| 93. | ██████████████████████ ██████████████████████ | **Undisputed**. |

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | ███████████████████ | |
| 94. | In its response to Interrogatory No. 15, Rimini identifies Giant Cement's license agreement with Oracle, Bates-numbered ORCLRS0164131, as a basis for Rimini's express license defense. | **Undisputed**. |
| 95. | ██████ the license agreement between Giant Cement and Oracle, ████████ identifies ██████████████████████ | **Disputed.**<br><br>Rimini admits that ████████ ██████████████████ Notably, the program's source code need not be accessed when copying or installing the ERP software.<br><br>**Dkt. 239, O'Neill Decl. ¶ 9 & Dkt. 248, Plt. Ex. 16 (Giant Cement License) at Art. II, § 3.**<br><br>**Declaration of Brooks L. Hilliard In Support of Rimini's Opposition to Oracle's Motion for Partial Summary Judgment ("Hilliard Decl.") ¶ 7** ("[source code access] is not required when either (a) installing the ERP software (prior to any modifications being made) or (b) copying the software in accordance with the allowed copying specified in the ERP software license."). |
| 96. | The license ████████████ ██████████████████████ | **Undisputed**. |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| 97. | The license states that ██████████ | **Undisputed**. |
| 98. | Rimini has or had copies of Siebel 7.7.1 (registration TX 6-941-993) in two environments for Novell – NOVELL-AP01 and NOVELL-CLI. | **Undisputed**. |
| 99. | Rimini built NOVELL-AP01 and NOVELL-CLI from ████████ | **Undisputed**. |
| 100. | Rimini relies upon the Novell license agreement Bates-numbered ORCLRS0810822 as a defense to copyright infringement. | **Undisputed**. |
| 101. | The Novell license (ORCLRS0810822) states that ██████████ | **Disputed in part**, as misleading and incomplete.<br><br>While the language quoted by Oracle's alleged fact is found in Novell's license, ██████████<br><br>**Dkt. 239, O'Neill Decl. ¶ 10 & Dkt. 248, Plt Ex. 17 (Novell License) at § 2.1.** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | **Rimini SOF 45.** |
| 102. | The Novell license (ORCLRS0810822) states that ████████ ████████████████████ ██████ | **Undisputed**. |
| 103. | ████████████████████ ████████████████████ ████████████████ | **Undisputed**. |
| 104. | ████████████████ ████████████████████ ████ | **Undisputed**. |
| 105. | For its implied license (and consent) defense, Rimini relies on the fact that, in some cases, Oracle's customer support personnel shipped install media to Rimini's mailing address when requests were submitted to Oracle describing that address as a specific, licensed customer's "secondary offsite backup location." | **Disputed in part**, as incomplete.<br><br>While Oracle's alleged fact is accurate in substance, it omits other fact upon which Rimini's implied license and consent defenses rely.<br><br>For instance, with respect to Oracle's website and e-delivery/downloading of software and support material, "Oracle issued and accepted log-in credentials from Rimini." By issuing and/or accepting log-in credentials from Rimini and permitting the downloading of Software and Support Material, Oracle consented to Rimini Street's possession and use of its copyrighted material.<br><br>**Dkt. 240, Hann Decl. ¶ 3 & Dkt. 248, Plt. Ex. 18 (Rimini's Supplemental Responses to Oracle's Interrogatories 7, 15, 28, 29, and 30) at 14-17.** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | Finally, "Oracle itself has acknowledged and advocated the industry practice of support providers possessing and using support material, as well as non-production environments for, *e.g.*, testing, staging, disaster recovery and development. These industry practices are well known to Oracle and are contemplated by the provisions in Oracle's licenses, allowing licensees to share the software and support material with third party venders." |
| 106. | A Rimini Street employee who drafted shipping requested testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | **Disputed in part.** <br><br> Rimini admits ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ <br><br> **Rimini Street's Response to Oracle SOF No. 13** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| 107. | Rimini is "not aware of any requests to Oracle for shipment of Oracle Enterprise Software to a Rimini Street address which expressly stated that the software be shipped to a Rimini Street address would be used by Rimini Street to install the software on Rimini Street's computers," or that stated the software "would be used by Rimini Street to support multiple Rimini customers. | **Undisputed.** |
| 108. | The software requests that Rimini prepared | **Disputed.** |

36

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | were not ███████ | ████████████████<br><br>**Reckers Decl. ¶ 9 & Ex. 8 (G. Lester Depo.) at 136:8-18.**<br><br>████████████████<br>██████████<br>████████████████ |
| 109. | Rimini does not know the source of the PeopleSoft software used to create ████████ | **Disputed in part.**<br><br>Rimini admits that ████████<br><br>However, the "source of the PeopleSoft software" used to construct these environments present on Rimini's systems is Oracle or its predecessor, PeopleSoft. |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Oracle's Statement of Alleged Facts | Rimini Street's Response |
|---|---|---|
| | | *See* Oracle's Second Amended Complaint at ¶¶ 16, 73; *see also*<br><br>*Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 449 (2007) ("software code is an idea without physical embodiment."). |

## II.   RIMINI'S STATEMENT OF FACTS SUPPORTING ITS OPPOSITION

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| 1. | To allow customizations, ERP vendors (including Oracle) grant its customers access to a portion of the source code for the licensed applications to allow for customer modifications. | **Reckers Decl. ¶ 6 & Ex. 5 (Expert Report of Randall Davis) at 14.** |
| 2. | Software vendors offer support services for a fee, distributing updates and fixes to ensure licensees remain compliant and operational. | **Reckers Decl. ¶ 6 & Ex. 5 (Expert Report of Randall Davis) at 14.** |
| 3. | Oracle typically offers technical support and maintenance services for an annual fee equal to ███████████ | **Reckers Decl. ¶ 2 & Ex. 1 (Catz Depo.) at 65:10-11.** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| 4. | An industry of third party consultants has developed to assist licensees by providing services with respect to the ERP software. | Reckers Decl. ¶ 2 & Ex. 1 (Catz Depo.) at 36:12-16. <br><br> Reckers Decl. ¶ 3 & Ex. 2 (Phillips Depo.) at 38:17-39:4. |
| 5. | | Reckers Decl. ¶ 15 & Ex. 14 (Oracle's [Corrected] Supplemental And Amended Response to Rimini's First Set of Interrogatories Nos. 1-12) at 69-70 (Oracle's Response to Interrogatory No. 9). |



39

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | ■■■■■■■■■■■■■■■■■■■■ **Reckers Decl. ¶ 3 & Ex. 2 (Phillips Depo.) at 37:8-13, 38:17-39:4.** ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ |
| 6. | Licensees typically lack the in-house technical resources and expertise needed to customize the software code and to otherwise implement the software and, thus, necessarily rely on third parties to provide services in connection with the software. | **Hilliard Decl. at ¶ 10.** "10.   By the early 1990s, a service industry emerged consisting of independent consultants, programmers and consulting firms that had developed specific implementation and support expertise for each of the major developers' products. One portion of this industry includes the developers' designated "business partners", and every major enterprise software developer |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | (including Oracle) set up official business partner networks. The software developers, including Oracle, rely upon these networks of business partners to implement, customize and otherwise support its ERP licensees. **Licensees often engage third parties to implement, customize and otherwise support the software, as they often lack the requisite the in-house resources**. Over the past 30 years, I have worked with dozens of clients that have implemented enterprise software systems, including Oracle, PeopleSoft and J.D. Edwards, and that acquired these systems through third party consultants and/or engaged such consultants for the implementation and on-going services in conjunction with these systems." <br><br> **Reckers Decl. ¶ 6 & Ex. 5 (Expert Report of Randall Davis) at 14.** <br><br><br><br><br><br> **Reckers Decl. ¶ 2 & Ex. 1 (Catz Depo.) at 36:12-16.** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | ▮▮▮▮▮▮ |
| 7. | Oracle provides a variety of technical recommendations that describe two types of software environments that licensees should deploy: production environments for running the organization's payroll, financial or other critical systems; and non-production environments for developing and testing updates or otherwise supporting the production environments. | **Reckers Decl. ¶ 20 & Ex. 19 (ORCLRS0055893) at 24.** ▮▮▮▮▮▮ **Reckers Decl. ¶ 18 & Ex. 17 (ORCLRS0018170) at 115.** ▮▮▮▮▮▮ **Reckers Decl. ¶ 25 & Ex. 24 (ORCLRS0811822) at 2.** "Your team would also be constantly migrating configuration changes from development to test to staging environments. Ultimately, when you are ready to go live with your PeopleSoft applications, your administrators would deploy your tested configuration from staging to production environment." **Reckers Decl. ¶ 26 & Ex. 25 (ORCLRS0811845) at 9.** "Another use of cloning is to create a development or test environment that resembles the actual production environment. In this case, cloning cannot only replicate the environment, but also filter out sensitive data that you may not want to include in the test data set." |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | **Reckers Decl. ¶ 27 & Ex. 26 (ORCLRS0811859) at 4.**<br><br>Administrators "copy production data into staging or test environments to allow in-house developers or offshore testers to perform application development and application testing."<br><br>**Reckers Decl. ¶ 28 & Ex. 27 (ORCLRS0811866) at 4.**<br><br>Administrators "copy production data into staging or test environments to allow in-house developers or offshore testers to perform application development and application testing."<br><br>**Reckers Decl. ¶ 29 & Ex. 28 (ORCLRS0811873) at 19.**<br><br>"Too often, we only concern ourselves with the production environment and assume performance is not an issue in a test environment."<br><br>**Hilliard Decl. at ¶ 11.**<br><br>"11.    **Enterprise software support – whether done by the developers of the software, licensees of the software, or consultants engaged by the licensees – requires the creation of multiple non-production copies of the software applications being supported.  Oracle's technical documentation relating to software copies reflects these normal and customary industry practices and encourages its licensees to create multiple copies of its software environments**. . . . As reflected by these documents, the |

43

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | maintenance of non-production software copies (e.g., for development, testing, archival, disaster recovery, troubleshooting and other support purposes) is the normal and customary practice in the industry and, in my experience of reviewing hundreds of enterprise software licenses, there are seldom (if ever) any contractual limits on the number of nonproduction copies that licensees can maintain. . . . ." |
| 8. | Rimini's processes are designed to ensure that each client receives the benefit of only the software to which it is licensed. | **Reckers Decl. ¶ 8 & Ex. 7 (B. Lester Depo.) at 17:8-22.** |
| | | **Reckers Decl. ¶ 11 & Ex. 10 (Slepko Rule 30(b)(6) Depo.) at 14:5-23, 34:5-10, 36:4-37:17.** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | |  |

45

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | ███████████████ |
| | | ██ |
| | | ████████████████ |
| | | ████████████████ |
| | | ████████████████ |
| | | ████████████████ |
| | | ████████████████ |
| | | ████████████████ |
| | | ████████████████ |
| | | ████████████████ |
| | | ████████████████ |
| | | ████████████████ |
| | | ████████████████ |
| | | ████████████████ |
| | | ████████████████ |
| | | ████████████████ |
| 9. | Rimini's development organization ████████████████ ████████████████ | **Reckers Decl. ¶ 11 & Ex. 10 (Slepko Rule 30(b)(6) Depo.) at 37:2-25.** ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ |



46

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | |  |
| 10. | Environments are only built for a customer by Rimini once the customer's entitlement to the software is verified ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ | **Reckers Decl. ¶ 9 & Ex. 8 (G. Lester Depo.) at 58:15-21.**<br><br>**Reckers Decl. ¶ 11 & Ex. 10 (Slepko Rule 30(b)(6) Depo.) at 36:11-24.** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1



| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | |
| 11. | The City of Flint's license | Dkt. 239, O'Neill Decl. ¶ 3 & Dkt. 248, Plt. Ex. 10 (ORCLRS0004135) |
| 12. | The City of Flint's license states that | Dkt. 239, O'Neill Decl. ¶ 3 & Dkt. 248, Plt. Ex. 10 (ORCLRS0004135) |

48

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | ■ |
| 13. | ERP software vendors customarily afford their clients non-exclusive, perpetual, limited licenses to the licensed software programs, but do not restrict such license rights to any specific copies of installation media. | **Hillard Decl. ¶ 14.**<br><br>"14. . . . ERP software venders customarily afford their clients non-exclusive, perpetual, limited licenses to use the licensed software programs, while granting multiple clients license rights to the same intellectual property.  Therefore, the industry practice of providing multiple clients updates or fixes created in a single development environment permits efficient and cost effective development, while reflecting the practice of the software vendors to license the same software to multiple clients. . . . ."<br><br>**Reckers Decl. ¶ 2 & Ex. 1 (Catz Depo.) at 11:15-12:6.** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|



Dkt. 239, O'Neill Decl. ¶ 3 & Dkt. 248, Plt. Ex. 10 (ORCLRS0004135)

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| 14. | ▮▮▮▮ the City of Flint's license states that ▮▮▮▮ | **Dkt. 239, O'Neill Decl. ¶ 3 & Dkt. 248, Plt. Ex. 10 (ORCLRS0004135)** ▮▮▮ |
| 15. | ▮▮▮▮ the City of Flint's license states that ▮▮▮▮ | **Dkt. 239, O'Neill Decl. ¶ 3 & Dkt. 248, Plt. Ex. 10 (ORCLRS0004135) at § 1.2.c.** |
| 16. | In the City of Flint's license ▮▮▮▮ | **Reckers Decl. ¶ 17 & Ex. 16** ▮▮▮ **ORCLRS0004151) at 3 (ORCLRS0004153).** |
| 17. | ▮▮▮▮ City of Flint's license states that ▮▮▮▮ | **Dkt. 239, O'Neill Decl. ¶ 3 & Dkt. 248, Plt. Ex. 10 (ORCLRS0004135** ▮▮ |

51



| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | |
| 18. | Rimini (i) provides services to the City of Flint concerning its use of the licensed software; | **Reckers Decl. ¶ 10 & Ex. 9 (Support Services Agreement, COF-SR00012) at 1, 4 and 8.** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | ███████████████████████ |
| 19. | In performing services in connection with the software, it is accepted in the industry for non-production copies of software to be maintained by third parties on a licensee's behalf, including copies maintained by third parties that modify and provide other services in connection with the software. | **Hilliard Decl. ¶ 12.**<br><br>"**12.**     When engaged, consultants likewise create and rely on non-production copies of the software to provide services in connection with the licensees' use of the software.  For example, development of custom modifications to prior code has historically occurred on computers maintained by the consultants with development occurring both in, and outside of, the United States. The motivation to have this work performed offsite (for purposes of convenience and cost, among others) remains similar today as when it first began in the early 1990s.  In particular, the normal and customary way that a professional software development organization (such as a consulting organization) modifies and updates a customer's software is to create non-production copies of the software on the consultant's computer systems, such that the non-production versions of the software can be maintained and modified as needed. . . . ."<br><br>**Reckers Decl. ¶ 27 & Ex. 26 (ORCLRS0811859) at 4** (recognizing the industry practice of development work being performed remotely, including overseas development).<br><br>Administrators "copy production data into staging or test environments to allow in-house developers or offshore testers to perform application development and application testing."<br><br>**Reckers Decl. ¶ 28 & Ex. 27 (ORCLRS0811866) at 4** (recognizing the industry practice of development work being |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | performed remotely, including overseas development).<br><br>Administrators "copy production data into staging or test environments to allow in-house developers or offshore testers to perform application development and application testing."<br><br>**Reckers Decl. ¶ 4 & Ex. 3 (Simmons Depo.) at 198:16-200:2.**<br><br>[redacted]<br><br>**Hillard Decl. Exhibits 32-35** (advertising by Oracle's Partners regarding their use of an "upgrade lab" on the Partners' computer systems wherein the licensee's environments |

54

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | are replicated and used to provide services to the licensee). |
| 20. | Certain of Oracle's Partners advertise their use of an "upgrade lab" on the consultant's computer systems wherein the licensee's environments are replicated and used to provide services to the licensee. | **Hillard Decl. Ex. 32 (Astute Business Solutions, Astute Labs).**<br><br>"Our PeopleSoft Center of Excellence hosts and manages an 'Upgrade Lab' which replicates the client environment at our offshore locations. The initial and most time consuming activities are carried out in our Upgrade Lab thus benefiting the clients with immense cost savings."<br><br>**Hilliard Decl. Ex. 33 (CedarCrestone, Inc., CedarCrestone PeopleSoft Upgrades).**<br><br>"CedarCrestone also offers a more stream-lined and cost-effective Upgrade Lab Solution, using [CedarCrestone's] state-of-the-art data center."<br><br>**Hilliard Decl. Ex. 34 (eVerge Group, Inc., PeopleSoft ERP Upgrades).**<br><br>"eVerge Group technical staff will copy the client database to external media for transport to the eVerge Group upgrade lab."<br><br>**Hilliard Decl. Ex. 35 (Summit Technology, Inc., PeopleSoft Upgrades).**<br><br>"By taking advantage of an off-site [PeopleSoft] upgrade, we can manage your project in effective manner, because you can concentrate your efforts on your core business, and let us handle your upgrade in our state-of-the-art upgrade lab." |
| 21. | During her deposition, Oracle's co-President Safra Catz explained that | **Reckers Decl. ¶ 2 & Ex. 1 (Catz Depo.) at 11:22-12:6, 12:21-13:21.** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1



| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | |
| 22. | Cowlitz County is licensed to the protected expression embodied by ▆▆▆▆ ▆▆▆▆▆ | **Dkt. 240, Hann Decl. ¶ 52 & Dkt. 250, Plt. Ex. 67 (Second Amended Exhibit B to Oracle's Second Amended Requests for Admissions, Nos. 239-40)** (indicating at page 2, row 66 that the copyright registrations associated with the Cowlitz County's ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ **Dkt. 240, Hann Decl. ¶ 20 & Dkt. 249, Plt. Ex. 35 (Rimini's Responses to Oracle's Second Amended Request for Admission** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1



| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | 239-240) █████████████ |
| | | Reckers Decl. ¶ 19 & Ex. 18 (Cowlitz County's License (ORCLRS0053129)) at 1, 5 ████████ |
| 23. | The license agreement between Cowlitz County and Oracle allows Cowlitz County to ████████ | Reckers Decl. ¶ 19 & Ex. 18 (Cowlitz County's License (ORCLRS0053129)) █ |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | ███████████ |
| 24. | Any license grant directed to providing access to or use of the software necessary includes the right to make RAM copies of the software because there is no way to access or use the software without having at least a portion of that software loaded into RAM. | **Hillard Decl. ¶ 16.**<br><br>"16.    As explained below, this contention is not supportable because the right to make RAM copies of software and software environments is implicit in any license grant directed to providing access or use of such software and its supporting environments. Otherwise, the right to access and use the software would be ineffective and pointless because there is no way to actually<br><br>carry out such access or use (here for non-production purposes) without having at least a portion of the software copied into RAM. For this reason, it is widely understood in the industry (and common practice) that license rights directed to the access and use of the software also implicitly include the<br><br>right to make RAM copies of the software.."<br><br>**Dkt. 247, Oracle SOF Nos. 41 and 42.**<br><br>"Rimini admits that 'a portion of an Environment is loaded into a computer's RAM [random access memory] when that Environment is loaded for use.'"<br><br>"Loading a computer program into RAM creates a partial copy of that program." |
| 25. | With respect Rimini's use of one copy of the software to support multiple licensed clients, Rimini's practices are consistent with generally accepted industry practices ██████████████████ | **Reckers Decl. ¶ 4 & Ex. 3 (Simmons Depo.) at 121:11-122:1, 200:3-15.** |

58

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | |  |
| | | **Hilliard Decl. ¶ 14.** |
| | | "14.    To provide their implementation and support services in an efficient and cost effective manner, third party consulting firms typically use the non-production copies of the software applications on their systems to develop the fixes and enhancements that they subsequently distribute to the licensed software users they support.  … Therefore, the industry practice of providing multiple clients updates or fixes created in a single development environment permits efficient and cost effective development, while reflecting the practice of the software vendors to license the same software to multiple clients. …" |
| 26. | One of the largest dedicated Oracle consulting firm in North America, | **Reckers Decl. ¶ 4 & Ex. 3 (Simmons Depo.) at 206:10-208:24.** |

59

360744 V1



| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|

…

**Reckers Decl. ¶ 5 & Ex. 4 (Simmons Depo. Def.'s Ex. 3) at 14, 15 and 28.**

60

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | |  |
| 27. | | Reckers Decl. ¶ 4 & Ex. 3 (Simmons Depo.) at 45:4-46:15, 101:1-9, and 200:11-15. |
| 28. | The School District of Pittsburgh's license | Dkt. 239, O'Neill Decl. ¶ 4 & Dkt. 248, Plt. Ex. 11 (ORCLRS0164981) |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1



| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | |
| 29. | ▆▆▆▆▆ the School District of Pittsburgh's license ▆▆▆▆ | **Dkt. 239, O'Neill Decl. ¶ 4 & Dkt. 248, Plt. Ex. 11 (ORCLRS0164981)** ▆▆ |
| 30. | ▆▆▆▆▆ the School District of Pittsburgh's license ▆▆▆▆ | **Dkt. 239, O'Neill Decl. ¶ 4 & Dkt. 248, Plt. Ex. 11 (ORCLRS0164981)** ▆▆ |
| 31. | Rimini (i) provides services to the School | **Reckers Decl. ¶ 31 & Ex. 30 (Support** |

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | District of Pittsburgh concerning its use of the licensed software; ███████ ██████████████████ ████████████ | Services Agreement, RSI03016354) at 1, 4 and 8. |
| 32. | City of Des Moines's license with Oracle clearly states, ██████████ ████████ | Dkt. 239, O'Neill Decl. ¶ 5 & Dkt. 248, Plt. Ex. 12 (ORCLRS0164981) ████ |



STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | |  |
| 33. | City of Des Moines's license with Oracle | **Dkt. 239, O'Neill Decl. ¶ 5 & Dkt. 248, Plt. Ex. 12 (ORCLRS0164981)** |
| 34. | The license agreements for City of Eugene and Dave & Buster's | **Dkt. 239, O'Neill Decl. ¶ 8 & Dkt. 248, Plt. Ex. 15 (ORCLRS0053220)** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| |  | **Dkt. 239, O'Neill Decl. ¶ 6 & Dkt. 248, Plt. Ex. 13(ORCLRS0163100)** |
| 35. | The license agreements for City of Eugene and Dave & Buster's | **Dkt. 239, O'Neill Decl. ¶ 8 & Dkt. 248, Plt. Ex. 15 (ORCLRS0053220)** |
| | | **Dkt. 239, O'Neill Decl. ¶ 6 & Dkt. 248, Plt. Ex. 13 (ORCLRS0163100)** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | |  |
| 36. | The City of Eugene and Dave & Buster's license rights | **Dkt. 239, O'Neill Decl. ¶ 8 & Dkt. 248, Plt. Ex. 15 (ORCLRS0053220)** |
| | | **Dkt. 239, O'Neill Decl. ¶ 6 & Dkt. 248, Plt. Ex. 13 (ORCLRS0163100)** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | ▮▮▮▮ |
| 37. | ▮▮▮▮▮▮▮ | Reckers Decl. ¶ 4 & Ex. 3 (Simmons Depo.) at 120:14-25. |
| 38. | It is customary in the software industry for consulting firms to provide cloned portions of software to multiple customers licensed to the underlying software, as such cloning permits efficient and cost effective development. | Hilliard Dec. ¶ 14.<br><br>"To provide their implementation and support services in an efficient and cost effective manner, third party consulting firms typically use the non-production copies of the software applications on their systems to develop the fixes and enhancements that they subsequently distribute to the licensed software users they support. Further, it is fully consistent with the customs and practices in the software industry for such consulting firm to provide cloned portions of applications software and updates to other customers licensed for the same underlying software"<br><br>Reckers Decl. ¶ 4 & Ex. 3 (Simmons Depo.) at 120:14-25; 121: 11-122: 1, and 200:3-15. |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|



68

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| 39. | Rimini's JDE support professionals generally do not use the local JDE environments  | **Reckers Decl. ¶ 11 & Ex. 10 (Slepko Rule 30(b)(6) Depo.) at 62:19-63:5.**<br><br>**Reckers Decl. ¶ 7 & Ex. 6 (Grigsby Rule 30(b)(6) Depo.) at 11:24-13:9, 28:15-29:1.** |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | |  |
| 40. | | **Dkt. 239, O'Neill Decl. ¶ 9 & Dkt. 248, Plt. Ex. 16(ORCLRS0164131)** |
| 41. | Rimini's maintenance of environments on behalf of its J.D. Edwards customers | **Reckers Decl. ¶ 7 & Ex. 6 (Grigsby Rule 30(b)(6) Depo.) at 13:5-15, 28:15-29:1.** |

70

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| |  | |
| 42. | | Dkt. 239, O'Neill Decl. ¶ 9 & Dkt. 248, Plt. Ex. 16 (ORCLRS0164131) |
| 43. | | Dkt. 239, O'Neill Decl. ¶ 9 & Dkt. 248, Plt. Ex. 16 (ORCLRS0164131) |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
|  |  |  |
| 44. |  | **Reckers Decl. ¶ 30 & Ex. 29 (Support Services Agreement, RSI00002747) at 4 and 8.** |
| 45. |  | **Dkt. 239, O'Neill Decl. ¶ 10 & Dkt. 248, Plt. Ex. 17 (ORCLRS0810822)** |

72

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| |  | |
| 46. | The Siebel environments maintained by Rimini are used exclusively | **Reckers Decl. ¶ 12 & Ex. 11 (Slepko Aug. 2010 Depo.) at 62:5-15.** |
| 47. | | **Reckers Decl. ¶ 23 & Ex. 22 (ORCLRS0518901).** |
| | | **Reckers Decl. ¶ 16 & Ex. 15 (Oracle's First Amended Response to Rimini's Interrogatory No. 26) at 8-9** |

73

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| 48. | ███████████████████ | **Reckers Decl. ¶ 21 & Ex. 20 (ORCLRS0144955)** ████████ <br><br> **Reckers Decl. ¶ 22 & Ex. 21 (ORCLRS0260580)** ████████ <br><br> **Reckers Decl. ¶ 24 & Ex. 23 (ORCLRS0611787)** (emails ████ |
| 49. | Oracle shipped hundreds of software installation disks directly to Rimini Street for a period of ████████ | **Reckers Decl. ¶ 16 & Ex. 15 (Oracle's First Amended Response to Rimini's Interrogatory No. 26) at 8-9** ████ <br><br> **Reckers Decl. ¶ 23 & Ex. 22 (ORCLRS0518901).** |
| 50. | Rimini's practices and procedures regarding its use of Oracle software are similar to other leading consulting firms and follow generally accepted practices in the industry. | **Hilliard Decl. ¶¶ 12-15** <br><br> "As explained in the preceding paragraphs, such practices and procedures are similar to other leading consulting firms and follow generally accepted practices in the industry. Thus, Rimini's practices are essentially similar to those of other contractors that provide software consulting services and there is no reason to distinguish it from other such |

STATEMENT OF FACTS IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

360744 V1

| # | Rimini's Statement of Facts | Supporting Evidence |
|---|---|---|
| | | contractors." |
| | | *See* **Rimini's Statement of Fact Nos. 7, 19, 25, 27, 37 and 38.** |

DATED: April 27, 2012

SHOOK HARDY & BACON LLP

*/s/ Robert H. Reckers*
Robert H. Reckers, Esq.

Attorneys for Defendants
Rimini Street Inc. and Seth Ravin

75

360744 V1