BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
FRED NORTON (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
fnorton@bsfllp.com
kringgenberg@bsfllp.com

BINGHAM MCCUTCHEN LLP
GEOFFREY M. HOWARD (*pro hac vice*)
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc., and Oracle International
Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATRION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual<br><br>Defendants. | Case No. 2: 10-cv-0106-LRH-PAL<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION AND APPLICATION TO MODIFY PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES** |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation (collectively, "Oracle") do hereby move for a modification of the Stipulated Protective Order, Dkt. 55 (the "Protective Order").

This motion is based on the Notice of Motion and Motion, the Memorandum of Points and Authorities, the accompanying Declaration of Chad Russell, the pleadings on file in this action, and on such other matters presented to the Court at the time of any hearing, if any.

## RELIEF SOUGHT

Pursuant to Fed. R. Civ. Proc. 26, Oracle seeks a modification of the Protective Order to allow documents and testimony obtained from CedarCrestone, Inc. ("CedarCrestone") in this action to be used, under the same terms of the Protective Order, in litigation between CedarCrestone and Oracle.

DATED: May 14, 2012                     BINGHAM McCUTCHEN LLP


By: */s/ Geoffrey M. Howard*
Geoff M. Howard
Attorneys for Plaintiffs
Oracle USA, Inc. and Oracle International Corp.

1

PLAINTIFFS' MOTION TO MODIFY PROTECTIVE ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to paragraph 19 of the Protective Order, Oracle submits an application to the Court for a modification of the Protective Order by way of this motion.

## I. INTRODUCTION

Oracle seeks limited relief from the Protective Order to allow Oracle to use evidence already obtained from a third party in this case to protect and enforce its intellectual property rights against that same third party in collateral litigation.

During fact discovery, Oracle subpoenaed documents from and deposed one of its partners, a company called CedarCrestone. Oracle did so in response to Defendant Rimini Street, Inc.'s ("Rimini") contention that CedarCrestone supported customers in the same way that Rimini does (*e.g.*, using unlicensed local copies of Oracle's software to support multiple customers), which Oracle contends is illegal as to Rimini. Rimini argues that CedarCrestone's conduct is evidence of waiver, industry custom and other theories that excuse Rimini's own infringement. No agreement between Oracle and CedarCrestone would permit CedarCrestone's conduct, if true. Through the discovery now obtained from CedarCrestone in this case, Oracle has concluded that ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████. Oracle has attempted to resolve these issues with CedarCrestone, so far without success.

The evidence that would support Oracle's claims against CedarCrestone consists of documents (including software code) already produced by CedarCrestone in response to Oracle's subpoena in this action, and related deposition testimony by CedarCrestone's corporate representative. This motion is necessary because CedarCrestone has designated much of that evidence as either "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" pursuant to the Protective Order entered by the Court in this action. This motion does not challenge the appropriateness of CedarCrestone's designation nor is Oracle seeking any additional productions from CedarCrestone. However, the Protective Order prohibits Oracle from using the information that CedarCrestone produced under a confidentiality designation

1

other than for "preparation for trial, trial of and/or appeal from this Action and no other." Oracle requested that CedarCrestone voluntarily agree to modify the Protective Order to allow Oracle to enforce its rights against CedarCrestone, but CedarCrestone refused. Accordingly, Oracle now moves to amend the Protective Order to allow the use of these materials in litigation against CedarCrestone. In these circumstances, the law "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

## II.   FACTUAL BACKGROUND

### A.   The Protective Order

On May 21, 2010, the Court entered the Protective Order to which the parties had stipulated. Stipulated Protective Order, Dkt. 55. The Protective Order allows non-parties, like CedarCrestone, to designate produced information as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" without seeking the Court's prior permission. *Id.* at ¶ 2. The Protective Order restricts the use of these designated materials to the "preparation for trial, trial of and/or appeal from this Action and no other." *Id.* at ¶ 8. The receiving party (here, Oracle) may only share materials designated as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" with individuals in connection with this action.[1] *Id.* at ¶¶ 9, 10, 12. Further, the party receiving information may not file designated materials in the public record without written permission from the party asserting the claim of confidentiality or a court order. *Id.* ¶ 14.

### B.   Oracle Obtains Discovery From CedarCrestone

CedarCrestone holds itself out to be ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Russell Decl., ¶ 3, Ex. A. Among the services provided by CedarCrestone to its clients are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] CedarCrestone did waive this provision so that Oracle's counsel could consult with Oracle management regarding CedarCrestone's conduct as revealed in discovery and pursue settlement discussions with CedarCrestone.

2

1  ▮▮▮▮▮▮▮▮▮. *Id.*

2  Oracle initially sought discovery from CedarCrestone because Rimini asserted as a defense to Oracle's copyright infringement claims that it is "an industry standard for third party vendors like ... CedarCrestone" to possess copies of Oracle's software and support materials. Rimini's Answer to Oracle's Second Amended Complaint and First Amended Counterclaim, Dkt. 153 at ¶ 15. Rimini also alleges in support of its counterclaims, including for defamation, that "it is common industry practice by other third party consulting vendors such as ... CedarCrestone ... to possess and work with copies of their client's licensed software products." *Id.* at ¶ 54.

On February 14, 2011, Oracle subpoenaed CedarCrestone for foundational documents concerning CedarCrestone's business model. Russell Decl., ¶ 4, Ex. B. After protracted negotiations with CedarCrestone, on July 19, 2011, Oracle, Rimini and CedarCrestone entered into a stipulation whereby CedarCrestone agreed to the terms of the Protective Order (the "CedarCrestone Stipulation"). Russell Decl., ¶ 5, Ex. C. Pursuant to the CedarCrestone Stipulation, the parties agreed that the Protective Order would govern materials produced by CedarCrestone in response to discovery requests in this action. *Id.* at preamble. Oracle and Rimini also agreed that in the event that a party to this action filed such materials with the Court, that party would file a corresponding motion to seal and provide notice to CedarCrestone. *Id.* at ¶ 3.

CedarCrestone ultimately produced approximately 625 pages of documents and a disk of software materials containing approximately 2.16 GB of files. *Id.* at ¶ 6. CedarCrestone designated most of these materials either "Confidential Information" or "Highly Confidential Information - Attorneys Eyes Only" under the Protective Order. *Id.*

After reviewing the documents produced by CedarCrestone, Oracle issued a deposition subpoena to CedarCrestone. On December 1, 2011, Oracle deposed CedarCrestone's 30(b)(6) representative, Paul Simmons. *Id.* at ¶ 7. CedarCrestone has designated all of this deposition, including exhibits used at the deposition which it had previously produced without any confidentiality designation, as "Highly Confidential Information - Attorneys' Eyes Only." *Id.*

**C. Oracle Learns That CedarCrestone Is Engaged in Many of the Same Activities As Rimini**

The documents and Simmons testimony reveal that ████████████ ████████████, including:



- ████████████████████████████████████████████████████████████. Russell Decl., ¶ 7, Ex. D (Dec. 1, 2011 Deposition of Paul Simmons ("Simmons Dep.")) at 24:23-25:6.

- ████████████████████████████████████████████████████████████. *Id.* at 26:11-29:1; 95:19-96:2.

- ████████████████████████████████████████████████████████████. *Id.* at 29:5-24; 30:22-31:12.

- ████████████████████████████████████████████████████████████. *Id.* at 70:17-72:18; 74:15-24.

## III. THE COURT SHOULD MODIFY THE PROTECTIVE ORDER

Courts in the Ninth Circuit "strongly favor[] access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz*, 331 F.3d at 1131. This preference is supported by the well-founded policy rationale that "[a]llowing the fruits of one litigation to facilitate preparation in other cases advances the interest of judicial economy by avoiding the wasteful duplication of discovery." *Id.* (citing *Bechman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992)). Therefore, requests to modify a protective order to allow the use of discovery in collateral litigation "should generally be granted." *Id.*

*Foltz* sets out a two-step test. First, the party seeking the modification "must demonstrate

1  the relevance of the protected discovery to the collateral proceedings and its general
2  discoverability therein." *Id.* at 1132. Second, the district court weighs "the countervailing
3  reliance interest of the party opposing modification against the policy of avoiding duplicative
4  discovery." *Id.* Both steps are satisfied here.

### A.  The CedarCrestone Discovery is Relevant

This Court "should satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order." *Id.* The relevance determination does not require a ruling by the court in which the collateral litigation will be brought that the discovery in this action would be relevant to the subsequent lawsuit: "No circuits require the collateral litigant to obtain a relevance determination from the court overseeing the collateral litigation prior to requesting the modification of a protective order from the court that issued the order." *Id.* Rather, once the district court makes "only a rough estimate of relevance," the "only issue it determines is whether the protective order will bar ... access to the discovery already conducted." *Id.* at 1132-33.

Oracle easily meets this test. As the Court is aware, in this action Oracle alleges that Rimini has infringed Oracle's copyrighted software through its practices of maintaining local copies of its customers' software, sharing environments between customers, developing updates in generic development environments, and indiscriminately downloading. *See, e.g.*, Oracle's Second Amended Complaint for Damages and Injunctive Relief, Dkt. 146 at ¶¶ 5, 9, 40-41, 45, 50-51, 58, 77-80, 85-87, 93-96, 119.

Through discovery, Oracle has learned that ▬▬▬▬▬▬▬▬▬▬▬▬. *See* Section II.C. The evidence obtained from CedarCrestone ▬▬▬▬▬▬ is relevant to any litigation brought by Oracle, to protect its intellectual property, against CedarCrestone. CedarCrestone has produced documents related to PeopleSoft branded software that it maintains on its computer systems, its practices of downloading materials from Oracle's websites, and documents related to its provision of services to its customers. Russell Decl., ¶ 4, Ex. B at ¶¶ 1, 2, 4, 8. CedarCrestone's corporate representative testified at length about ▬▬▬▬▬▬

1  ███████████████████████████████████████████
2  ███████████████████████████████████████████
3  █████████. Simmons Dep. at 24:23-25:6; 26:11-29:24; 30:22-31:12; 70:17-72:18, 74:15-24;
4  95:19-96:2. ███████████████████████████████████████
5  ████████████████████████████████. By definition, the information thus also
6  overlaps with the discovery that Oracle will seek in any ligation it brings against CedarCrestone
7  for this same conduct.  At a minimum, the Court can make the required finding of a "rough
8  estimate of relevance" to justify modifying the protective order.  *Foltz*, 331 F.3d at 1132-33.
9  Indeed, in this case Rimini ████████████████████████
10 ██████████. See Defendant Rimini Street Inc.'s Memorandum and Points of Authority in
11 Opposition to Oracle's Motion for Partial Summary Judgment, Dkt. 259 at 16:12-17:11.  Rimini
12 also undoubtedly will contend that Oracle has waived its rights (or has singled out Rimini who,
13 unlike CedarCrestone, is not an Oracle partner) if Oracle does not attempt to enforce its rights
14 against CedarCrestone.  Having unsuccessfully attempted to resolve its concerns through
15 dialogue with CedarCrestone so far, Oracle must now take legal action against CedarCrestone.
16         Courts in similar circumstances routinely modify protective orders to allow the use of
17 discovery materials in "collateral" proceedings which overlap on either facts, parties, or issues
18 with the litigation in which the protective order was entered.  *E.g., Largan Precision Co., Ltd. v.*
19 *Fujinon Corp.*, No. C 10-1318, 2011 WL 1226040, *3-4 (N.D. Cal. March 31, 2011) (modifying
20 protective order to allow plaintiff in patent infringement case to use confidential discovery in
21 litigation against different defendants in a case involving similar claims of patent infringement);
22 *In re Dynamic Random Access Memory Antitrust Litig.*, No. 02-1486, 2008 WL 4191780, *2-3
23 (N.D. Cal. Sept. 10, 2008) (modifying protective order so that the prohibited "use" of discovery
24 materials in California antitrust actions would not prohibit use of those materials by plaintiffs in
25 two securities cases filed in Idaho because "the same illegal price-fixing conspiracy that is at the
26 center of the DRAM MDL litigation [is] squarely at the heart of the collateral action
27 complaints"); *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 205-06 (N.D. Cal. 2009)
28 (modifying protective order to allow plaintiff to use discovery obtained in federal patent

1  infringement case to prepare to bring trade secret misappropriate claims).

### B. CedarCrestone Has No Reliance Interest That Outweighs The Efficiencies Gained By Modifying The Protective Order

In the second part of the *Foltz* test, the district court weighs "the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Id.* A blanket protective order results in less reliance "because it is by nature over inclusive." *Id.* (quoting *Beckman*, 966 F.2d at 4575). Mere reliance on a blanket protective order "will not justify a refusal to modify." *Id.*

Given that the modification to the Protective Order proposed by Oracle will not impose any additional costs or obligations on CedarCrestone, in that Oracle does not seek to compel further productions from CedarCrestone in this action, CedarCrestone's only grounds to object to the proposed modification is CedarCrestone's reliance interest on the Protective Order. However, CedarCrestone has only a minimal reliance interest in the Protective Order because it is a "blanket" protective order. The Protective Order provides that the producing party may designate discovery materials as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only." It does not require the designating party to file a motion pursuant to Federal Rule of Civil Procedure 26(c) on a document-by-document or line-by-line basis to have the Court determine that the materials is confidential. Protective Order at ¶ 6; *Foltz*, 331 F.3d at 1133; *Verizon Cal.*, 214 F.R.D. at 586 (quoting *San Jose Mercury News, Inc. v. U.S.D.C. - N.D.*, 187 F.3d 1096, 1103 (9th Cir. 1999) (protective order which allows a party to designate confidentiality without court intervention is akin to a blanket order). Indeed, the "blanket" nature of the Protective Order is evidenced by CedarCrestone's designation of the entirety of its Rule 30(b)(6) witness' deposition as "Highly Confidential Information - Attorneys' Eyes Only."[2] Russell Decl. at ¶¶ 6, 7.

---

[2] Among the deposition testimony and exhibits that CedarCrestone has designated as "Highly Confidential Information - Attorneys' Eyes Only" is ███████ (Simmons Dep. at 16:4-11), ███████ (*id.* at 14:13-22), and ███████ (Russell Decl., Ex. E (Plaintiffs' Exhibit No. 1300)).

PLAINTIFFS' MOTION TO MODIFY PROTECTIVE ORDER

1  Thus, the Protective Order in this case resembles the ones in *CBS Interactive*, 257 F.R.D. at 200, and *Verizon Cal., Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 214 F.R.D. 583, 586 (C.D. Cal. 2003). In both cases, as here, the Protective Order allowed the parties to designate certain discovery materials as confidential or highly confidential. Both courts found those to be blanket protective orders under Ninth Circuit law because the parties – not the Court – made the initial confidentiality designations. And, in both cases, the courts found that the reliance interests were too minimal to oppose modification for use of the discovery materials in collateral litigation. *CBS Interacive*, 257 F.R.D. at 206 ("Mere reliance on a blanket protective order does not justify a refusal to modify it when a reasonable request for disclosure has been made."); *Verizon Cal.*, 214 F.R.D. at 586.

Moreover, the Court easily can accommodate any minimal reliance interest CedarCrestone does have in the secrecy of the information. The Court can modify the Protective Order to include "the same restrictions on use and disclosure contained in the original protective order." *Foltz*, 331 F.3d at 1133 (quoting *United Nuclear Corp.*, 905 F.2d at 1428). Oracle's proposed order granting the present motion does exactly that. The proposed order states: "For purposes of paragraphs 8, 9, 10, 11, 12, and 14 of the May 21, 2010 Stipulated Protective Order, with respect to discovery provided by CedarCrestone, the terms 'this Action' and 'this litigation' shall include litigation between Oracle (and any of its affiliates) and CedarCrestone relating to the discovery produced by CedarCrestone." [Proposed] Order Granting Oracle's Motion to Modify the Protective Order, submitted with this motion. That modification simply alters the permitted uses of the materials obtained from CedarCrestone while preserving all the other restrictions on use and disclosure provided by the Protective Order as it exists now.

//
//
//
//
//
//

IV. CONCLUSION

For the foregoing reasons, the Court should modify the Protective Order to allow discovery obtained from CedarCrestone to be used in anticipated litigation between Oracle and CedarCrestone.

DATED: May 14, 2012         BINGHAM McCUTCHEN LLP


By:  /s/ Geoffrey M. Howard
     Geoffrey M. Howard
     Attorneys for Plaintiffs
     Oracle USA, Inc. and Oracle International Corp.