# EXHIBIT B

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
для the
District of Nevada

| | |
|---|---|
| ORACLE USA., INC, a Colorado corporation, et al. ) <br> *Plaintiff* ) <br> v. ) <br> RIMINI STREET, INC., a Nevada corporation; and ) <br> SETH RAVIN, an individual ) <br> *Defendant* ) | Civil Action No. 2:10-cv-0106-LRH-PAL <br><br> (If the action is pending in another district, state where: |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To: Cedarcrestone, Inc.
   c/o CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, NV 89119

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see attached Exhibit A.

| Place: Boies, Schiller & Flexner LLP <br> 300 South Fourth Street, Suite 800 <br> Las Vegas, NV 89101 | Date and Time: <br> 03/07/2011 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 02/14/2011

*CLERK OF COURT*

_____   OR   _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation , who issues or requests this subpoena, are:

Chad Russell, Esq.
Bingham McCutchen LLP, Three Embarcadero Center, Suite 2800, San Francisco, CA 94111
E-mail: chad.russell@bingham.com; Telephone: (415) 393-2336

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. 2:10-cv-0106-LRH-PAL

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

Subject to the Definitions and Instructions below, Cedar Crestone, Inc. should produce the following categories of documents.

1. Documents sufficient to identify all Oracle Software, including any Software and Support Materials You have maintained on any of Your Computer Systems since Jan. 1, 2008.

2. Documents sufficient to show how You (or anyone acting on your behalf) have accessed, stored, maintained, retrieved, provided, and distributed to your customers any Software and Support Materials since Jan. 1, 2008.

3. Documents sufficient to identify each of the customers for which You have provided support in connection with any of the Software and Support Materials, including the name, address, and primary contact of the customer, dates during which You have provided support to that customer, and the specific products for which You have provided support to that customer.

4. Documents sufficient to identify all Software and Support Materials that You have downloaded or copied from Oracle-maintained customer support websites, including Customer Connection, MetaLink and My Oracle Support.

5. All logs or other electronic records, in native format, showing the Software and Support Materials that You obtained using either the PeopleSoft or JD Edwards Change Assistant tools.

6. Any new, tailored or customized Computer Code You developed, delivered, provided or sent to any customer since Jan. 1, 2008 intended to interact, modify or supplement any Oracle Software.

7. Documents sufficient to show the processes by which You have designed or developed the "patches and fixes" which You claim to have applied to PeopleSoft "HR, benefits, benefits administration, payroll, general ledger,

Exhibit A to Subpoena
Case No. 2:10-cv-Ol06-LRH-PAL (D. Nev.)

Page 1 of 6

accounts payable, purchasing, asset management and projects applications" on your websites at http://www.cedarcrestone.com/documents/CS-GWB.pdf.

8. Documents sufficient to show how You provide each of the following services described on your websites, what Oracle Software is involved in the provision of such services and whether any such Oracle Software is stored or located on your Computer Systems:

   a. Hosting services for PeopleSoft applications, described on your website at http://www.cedarcrestone.com/sol-ps-cms-host.php.

   b. Maintenance services which You claim "offer clients a solution for providing ongoing tax and regulatory support" for PeopleSoft applications, at http://www.cedarcrestone.com/sol-ps-cms-main.php.

   c. Upgrade services which You claim "provides an off-site, lab based upgrade option for completing PeopleSoft applications upgrades" at http://www.cedarcrestone.com/sol-ps-cms-ul.php.

   d. Flexible development services of PeopleSoft applications described on your website at http://www.cedarcrestone.com/sol-ps-cms-dev.php.

   e. PeopleSoft Technology Integration Services which You claim "offers streamlined services for assessing, installing, implementing, administering, integrating and upgrading today's PeopleSoft Internet Architecture" at http://www.cedarcrestone.com/sol-ps-tis.php.

9. All Documents evidencing your use of automated download tools, crawlers, scrapers, or other software programs You have used to download or copy any Software and Support Materials from Oracle-maintained customer support websites, including Customer Connection, MetaLink and My Oracle Support.

10. Documents sufficient to show the marketing materials and other representations made by You to any customer or potential customer describing

Exhibit A to Subpoena
Case No. 2:10-cv-Ol06-LRH-PAL (D. Nev.)

Page 2 of 6

your capabilities, qualifications, or methods of providing support for any of the PeopleSoft, J.D. Edwards, and Siebel families of software products.

11. All Documents (including any license agreements) You claim provide authorization for your possession and use of any Oracle Software, including any Software and Support Materials.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply to each of the below Requests for Production.

1. The term "CedarCrestone," "You," and "Your," means and includes non-party CedarCrestone, Inc., and all of its current and former subsidiaries and affiliates; all divisions, predecessors, successors and assigns of each of the foregoing; and all current officers, directors, employees, agents, consultants, attorneys, accountants, administrators and all other persons, organizations, or others acting or purporting to act on behalf, or under the control, of each of the foregoing, including all temporary employees and independent contractors.

2. The term "Communication(s)" means any transmission of information from one Person to another, including without limitation any of the following: (a) any Document, including any e-mail; (b) any telephone call between two or more Persons, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more Persons, whether or not such contact was by chance or prearranged, formal or informal.

3. The term "Computer Code" means computer programs, applications, environments, data, program updates, software updates, bug fixes, patches, and custom solutions.

4. The term "Computer Systems" means any computer, hard drive, network

Exhibit A to Subpoena
Case No. 2:10-cv-Ol06-LRH-PAL (D. Nev.)

Page 3 of 6

location, CD, DVD, thumb drive, archive, backup, and internet location maintained, operated, controlled or within the custody of CedarCrestone.

5. The term "Document(s)" means and includes, without limitation, written, printed, typed, recorded, computerized, electronic, taped, graphic or other matter, in whatever form, whether in final or draft, including, but not limited to, all materials and things that constitute "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of Evidence or Documents within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

The term "Document(s)" further includes, but is not limited to, the original and each copy of any writings, including any copy that differs in any respect from the original or other versions of the Document(s), such as, but not limited to, copies containing notations, insertions, corrections, marginal notes, or any other variations; records or files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; e-mail; telephone message records or logs; computer and network activity logs; data on hard drives; backup data; data on removable computer storage media such as tapes, disks, and cards; printouts; Document image files; web pages; databases; spreadsheets; software; hardware; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital records or transcripts; drafts; jottings; and notes.

6. The term "Oracle" means and includes plaintiffs Oracle USA, Inc., a Colorado corporation, Oracle America, Inc., a Delaware corporation; and Oracle International Corporation, a California corporation, all current and former subsidiaries and affiliates thereof; all divisions, predecessors (including without limitation PeopleSoft, J.D. Edwards and Siebel), successors and assigns of each of the foregoing.

Exhibit A to Subpoena
Case No. 2:10-cv-0106-LRH-PAL (D. Nev.)

7. The term "Person" means any natural person, company, corporation, partnership, firm, association, entity, government agency or other organization cognizable at law, and its agents, representatives and employees.

8. The terms "Relate," "Relating," "Related," "Concern," or "Concerning" mean about, constituting, describing, discussing, evidencing, pertaining to, consisting of, referencing, reflecting, or having any logical or factual connection with the matter discussed.

9. The term "Software" means computer programs, applications, environments, and data that were designed, created, developed, sold or otherwise provided by Oracle, including but not limited to those of the PeopleSoft, J.D. Edwards and Siebel families of products.

10. The term "Software and Support Materials" means software applications and environments, program updates, software updates, bug fixes, patches, custom solutions, and instructional documents for any families of software products provided by Oracle, including but not limited to those of the PeopleSoft, J.D. Edwards, and Siebel families of software products, regardless of whether any such materials were later modified by any person, including without limitation a customer or third party support provider.

## INSTRUCTIONS

1. With respect to a Document that You contend is privileged, immune or otherwise excludable from discovery, provide: (i) the Document's preparation date and the date appearing on the Document; (ii) the name, present and last known addresses, telephone numbers, titles and positions, and occupations of those Persons who prepared, produced, reproduced, and received said Document, including all authors, senders, recipients, "cc" recipients, and "bcc" recipients; (iii) the number of pages or quantity of

Exhibit A to Subpoena
Case No. 2:10-cv-O106-LRH-PAL (D. Nev.)

Page 5 of 6

data withheld in the Document; and (iv) a description sufficient to identify the Document without revealing the information for which the privilege is claimed, including the general subject matter and character of the Document (*e.g.*, letter, memorandum, notes).

2. With respect to a Document that You contend is privileged only in part, produce the responsive non-privileged portion of the Document in redacted form, provided that the redacted material is identified and the basis for the claim of privilege is stated in accordance with Instruction number 1 above.

3. If a Document once existed, but has been lost or destroyed, or otherwise is no longer in Your possession, custody, or control, You shall identify the Document and state the details Concerning the loss of such Document, including the name, title, and address of the present custodian of any such Document, if known to You.

4. The terms "and" as well as "or" shall be construed disjunctively and conjunctively as necessary in order to bring within the scope of the following Requests all information which might otherwise be construed to be outside their scope.

5. The use of the singular form of any word includes the plural and vice versa.

6. The term "including" is comprehensive and shall be construed as "including but not limited to;" the term "any" shall be construed as "any and all;" and the term "each" shall be construed as "each and every."

7. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most inclusive.

8. The Requests for Production extend to all responsive materials under Your possession, custody, and/or control at any time, including all e-mail accounts.

9. Unless otherwise specified, the relevant time period for Your response to the Requests for Production shall be from January 1, 2006 to and including the date of Your Response.

Exhibit A to Subpoena
Case No. 2:10-cv-0106-LRH-PAL (D. Nev.)

Page 6 of 6

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. 2:10-cv-0106-LRH-PAL

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Cedarcrestone, Inc. c/o CSC Services of Nevada was received by me on *(date)* 2/14/11.

☐ I personally served the subpoena on the individual at *(place)*

on *(date)*                      ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*
, a person of suitable age and discretion who resides there,
on *(date)*                , and mailed a copy to the individual's last known address; or

☒ I served the subpoena to *(name of individual)* Chris Shea, who is designated by law to accept service of process on behalf of *(name of organization)* CSC Services of Nevada (Agent)
on *(date)* 2/14/11 3:45pm    or

☐ I returned the subpoena unexecuted because                      ; or

☐ other *(specify)*:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$           .

My fees are $          for travel and $          for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: 2/14/11

*Server's signature*

Casey Mickle / Process Server
*Printed name and title*

First Legal Investigations
704 S. 6th St.
Las Vegas, NV 89101
*Server's address*

Additional information regarding attempted service, etc: