1    BOIES, SCHILLER & FLEXNER LLP
     RICHARD J. POCKER (NV Bar No. 3568)
2    300 South Fourth Street, Suite 800
     Las Vegas, NV 89101
3    Telephone: (702) 382-7300
     Facsimile: (702) 382-2755
4    rpocker@bsfllp.com

5    BOIES, SCHILLER & FLEXNER LLP
     STEVEN C. HOLTZMAN (pro hac vice)
6    FRED NORTON (pro hac vice)
     KIERAN P. RINGGENBERG (pro hac vice)
7    1999 Harrison Street, Suite 900
     Oakland, CA 94612
8    Telephone: (510) 874-1000
     Facsimile: (510) 874-1460
9    sholtzman@bsfllp.com
     fnorton@bsfllp.com
10   kringgenberg@bsfllp.com

11

12   Attorneys for Plaintiffs Oracle USA, Inc.,
     Oracle America, Inc. and Oracle International
13   Corp.

BINGHAM McCUTCHEN LLP
GEOFFREY M. HOWARD (pro hac vice)
THOMAS S. HIXSON (pro hac vice)
KRISTEN A. PALUMBO (pro hac vice)
BREE HANN (pro hac vice)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com
bree.hann@bingham.com

DORIAN DALEY (pro hac vice)
DEBORAH K. MILLER (pro hac vice)
JAMES C. MAROULIS (pro hac vice)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

14

15              UNITED STATES DISTRICT COURT

16                  DISTRICT OF NEVADA

17
     ORACLE USA, INC., a Colorado corporation;
18   ORACLE AMERICA, INC., a Delaware
     corporation; and ORACLE INTERNATIONAL
19   CORPORATION, a California corporation,

20              Plaintiffs,
           v.
21
     RIMINI STREET, INC., a Nevada corporation;
22   SETH RAVIN, an individual,

23              Defendants.

24

25

26

27

28

Case No  2:10-cv-0106-LRH-PAL

**REPLY STATEMENT OF
UNDISPUTED FACTS IN SUPPORT
OF ORACLE'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
(L.R. 56-1)**

Date:          _____, 2012
Time:          _____ _.m.
Place:         Courtroom __
Judge:         Hon. Larry R. Hicks

Pursuant to Civil Local Rule 56-1, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. (collectively, "Oracle") submit this Reply Statement of Undisputed Facts in support of their motion for partial summary judgment. The additional "facts" offered by Defendant Rimini Street, Inc. ("Rimini") do not preclude partial summary judgment. Oracle incorporates by reference each of the objections to Rimini's evidence that are set forth in Oracle's separately filed Evidentiary Objections.

## I.      REPLY TO RIMINI'S RESPONSE TO ORACLE'S STATEMENT OF UNDISPUTED FACTS

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| 1. | Oracle is currently the owner or exclusive licensee of PeopleSoft-, J.D. Edwards-, and Siebel-branded software. | **Undisputed.** | |
| 2. | Oracle (including PeopleSoft, J.D. Edwards, and Siebel) has entered into written license agreements with its customers.  There are written license agreements for the City of Flint, Michigan; School District of Pittsburgh, Pennsylvania; City of Des Moines; City of Eugene, Oregon; Dave & Buster's Inc.; Giant Cement Holding, Inc.; and Novell, Inc. | **Undisputed.** | |
| 3. | Rimini cannot identify the source of the software used to construct certain environments present on its systems. | **Disputed in part.**  Rimini admits that it cannot identify the source of the specific physical media | This fact is undisputed.  Rimini does not dispute the relevant part of this fact.  Oracle agrees that Oracle (or its predecessors) are the ultimate source of |

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | used to construct certain environments present on its system.<br><br>However, the "source of the software" used to construct the environments present on Rimini's systems is Oracle or its predecessors, PeopleSoft, J.D. Edwards, or Siebel. | all of Oracle's copyrighted software. Accord Dkt. 269 at 23 (SUF 59-61, confirming Oracle's ownership of the copyrights in the relevant software, are undisputed) |
| 4. | Rimini maintains environments on its computer systems. | **Undisputed.** | |
| 5. | ██████████████████████ | **Undisputed.** | |
| 6. | When it made an electronic copy of a CD or DVD, Rimini necessarily made a copy of every file that contained more than a *de minimis* amount of protected expression present on that installation media. | **Disputed in part,** as overly broad.<br><br>Rimini admits that creating a complete copy of installation media creates at least one copy of every file present on that installation media.<br><br>However, there is no evidence that all CDs or DVDs copied by Rimini contained more than a *de minimis* amount of protected expression, and Oracle does not identify the CDs and | This fact is undisputed.  Oracle's SUF 6 and Rimini's response are consistent. Rimini's response does not dispute the relevant part of this fact.. |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
|  |  | DVDs to which this alleged fact is directed. |  |
| 7. | Rimini received the CDs or DVDs it used to build environments through various means, including shipments from Oracle and from Rimini's customers. | **Undisputed.** |  |
| 8. | ███████████████, a majority of the electronic shipping requests submitted to Oracle by Rimini (or a customer acting at Rimini's direction) included requests for a copy for the customer's "offsite backup location" – Rimini Street's address. | **Undisputed.** |  |
| 9. | None of Rimini's requests disclosed to Oracle that the software to be shipped to a Rimini Street address would be "used by Rimini Street to install the software on Rimini Street's computers," or that the software would be "used by Rimini to support multiple Rimini customers." | **Undisputed** that none of Rimini's requests expressly contained the quoted language. | This fact is undisputed.  The quoted language is from Oracle's RFAs 30 and 32; neither Oracle's RFAs nor Rimini's responses were limited to the express language quoted. |
| 10. | ████████████████████████ | **Undisputed.** |  |
| 11. | ███████████████, Oracle stopped shipping the second copy of the customer's software to the purported | **Undisputed.** |  |

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | "offsite backup location." | | |
| 12. | The Rimini executive who prepared the shipment request form admitted that ████████████ | **Disputed in part**, as misleading and incomplete. ████████████ | This fact is undisputed. Dkt. 269 at 4 (discussing SUF 12) provides additional deposition testimony from another witness that does not dispute this fact because it is unrelated to the meaning of the term "secondary off-site backup location" |
| 13. | The reason for the requests was not merely to maintain an "offsite backup" but was, instead, ████████████ | **Disputed in part.** ████████████ | This fact is undisputed. SUF 13 states that the reason for the requests was not merely to maintain offsite back up but was, instead, ████████. Rimini's response states that ████████, which does not contradict this fact. |
| 14. | The requests Rimini prepared were not | **Disputed.** | This fact is undisputed in relevant part. Dkt. 269 at 5 (discussing SUF 14) |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ████████████ | Rimini's shipping requests ████████████████████████ | provides additional deposition testimony from Mr. Lester that is irrelevant to the testimony from Mr. Corpuz quoted in SUF 14. |
| 15. | Rimini disclosed or confirmed the existence of each of the environments at issue in this motion (and hundreds more) in response to interrogatories that, without objection, defined each environment to be "a copy of Oracle software that result[ed] from installation of that software." | **Undisputed.** | |
| 16. | Rimini further admitted that each of the environments at issue in this motion (and hundreds more) embodies "a substantial portion of the protected expression" of one or more of Oracle's registered copyrights. | **Undisputed.** | |
| 17. | The environments at issue in this motion are allegedly associated with four specific customers. | **Undisputed.** | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| 18. | **Chart:** Five PeopleSoft environment are allegedly associated with customer City of Flint, Michigan. The environments are named H751AUD, H751COF2, H751COFO, H751COFO, and H751DEVO. | **Undisputed.** | |
| 19. | **Chart:** <br> ███████████████████ | **Undisputed.** | |
| 20. | **Chart:** Each of the five PeopleSoft environments for customer City of Flint, Michigan "embodies a substantial portion of the protected expression" covered by Oracle's registered, copyrighted works TX 4-792-575 (PeopleSoft HRMS 7.5) and TX 4-792-578 (PeopleTools 7.5). | **Undisputed.** | |
| 21. | **Chart:** Four PeopleSoft environments are allegedly associated with customer School District of Pittsburgh, PA. The environments are named H831PPS2, H831PPSM, F842PPSM and F842PPSM. | **Undisputed.** | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| 22. | **Chart:** The PeopleSoft environments named H831PPS2 and H831PPSM, associated with School District of Pittsburgh, PA, each contain PeopleSoft HRMS 8.3 SP1.  H831PPS2 and H831PPSM contain PeopleTools 8.22. | Undisputed. | |
| 23. | **Chart:** Each of the PeopleSoft environments named H831PPS2 and H831PPSM, associated with School District of Pittsburgh, PA, "embodies a substantial portion of the protected expression" covered by Oracle's registered, copyrighted works TX 5-469-032 (PeopleSoft HRMS 8.3) and TX 5-266-221 (PeopleTools 8.10). | Undisputed. | |
| 24. | **Chart:** The two PeopleSoft environments named F842PPSM, associated with School District of Pittsburgh, PA, each contain PeopleSoft FSCM 8.4 SP2.  Both F842PPSM environments contain PeopleTools 8.48. | Undisputed. | |
| 25. | **Chart:**  The two PeopleSoft environments named F842PPSM, associated with School District of Pittsburgh, PA, each "embodies a substantial portion of the protected expression" covered by Oracle's registered, copyrighted works TX 5-586- | Undisputed. | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | 247 (PeopleSoft FSCM 8.4) and TX 7-092-819 (PeopleTools 8.48). | | |
| 26. | **Chart:** One J.D. Edwards EnterpriseOne environment is allegedly associated with customer Giant Cement Holdings, Inc. The environment is named JGCHE5TSA1. | **Undisputed.** | |
| 27. | **Chart:** The J.D. Edwards Enterprise One environment named JGCHE5TSA1, associated with Giant Cement Holdings, Inc., contains J.D. Edwards EnterpriseOne 8.10. | **Undisputed.** | |
| 28. | **Chart:** The J.D. Edwards Enterprise One environment named JGCHE5TSA1, associated with Giant Cement Holdings, Inc., "embodies a substantial portion of the protected expression" covered by Oracle's registered, copyrighted work TX 6-541- 038 (Initial release of J.D. Edwards EnterpriseOne 8.10). | **Undisputed.** | |
| 29. | **Chart:**  Two Siebel environments are allegedly associated with customer Novell, Inc.  The environments are named NOVELL-AP01 and NOVELLCLI. | **Undisputed.** | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| 30. | **Chart:** The Siebel environments named NOVELL-AP01 and NOVELLCLI, associated with customer Novell, Inc., each contain Siebel 7.7. | **Undisputed.** | |
| 31. | **Chart:** The Siebel environments named NOVELL-AP01 and NOVELLCLI, associated with customer Novell, Inc., each "embodies a substantial portion of the protected expression" covered by Oracle's registered, copyrighted work TX 6-941-993 (Siebel 7.7.1 Initial Release and Documentation). | **Undisputed.** | |
| 32. | There are two distinct environments with the same name for both H751COFO and F842PPSM. | **Undisputed.** | |
| 33. | Rimini built its local environments using at least four methods: ████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████ | **Undisputed.** | |
| 34. | Regardless of the method employed, Rimini copied Oracle's protected | **Undisputed.** | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | expression when building an environment. | | |
| 35. | A clone of a software environment is a copy of the software in the environment that was cloned. | **Undisputed.** | |
| 36. | Krista Williams, the manager of Rimini's PeopleSoft environments team, testified that ███████████████████████ ██████████████. Williams was designated as Rimini's corporate designee on environment cloning. | **Disputed in part.**<br><br>Rimini admits Ms. Williams testified that ███████████████████████ ██████████.<br><br>Ms. Williams, however, was not designated as Rimini's corporate designee on environment cloning. Rather, a portion of Ms. William's testimony was designated as corporate testimony in connection with Rimini's response to Oracle's Interrogatories Nos. 24-25, neither of which address environment cloning. The testimony cited by Oracle in support of this alleged fact was not designated as corporate testimony. | This fact is undisputed in relevant part. Rimini does not dispute the content or accuracy of the witness's testimony, merely whether she gave the testimony solely in her capacity as manager of the relevant team or also as a corporate designee, which is not a material fact. |
| 37. | ████████████████████████ ████████████ ████████████████████ | **Undisputed.** | |

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ████████ | | |
| 38. | For certain environments, the source of the installation media used to create the environment is "unknown." | **Undisputed.** | |
| 39. | At least some of the Oracle software and support materials that Rimini used to create environments "was not stored in client-specific folders." | **Undisputed.** | |
| 40. | Rimini continued to use non-customer-specific installation media when creating environments until ████. | **Undisputed.** | |
| 41. | Rimini admits that "a portion of an Environment is loaded into a computer's RAM [random access memory] when that Environment is loaded for use." | **Undisputed.** | |
| 42. | Loading a computer program into RAM creates a partial copy of that program. | **Undisputed.** | |
| 43. | Rimini loaded or started Oracle software environments present on its computer systems for various purposes, including to create updates for PeopleSoft software. | **Undisputed.** | |
| 44. | Rimini's development managers | **Disputed in part**, as misleading and | This fact is undisputed.  Dkt. 269 at 11- |

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | (including a corporate designee) and individual developers testified that ███████████████████████ | incomplete.<br><br>Rimini admits that it ███████████████████████<br><br>Oracle's alleged fact, however, omits the fact that ███████████████████████ | 12 (discussing SUF 44) first presents a legal argument (rather than contradictory facts) and then provides additional deposition testimony that is irrelevant to SUF 44 |
| 45. | Rimini's development process required making multiple copies of an environment, including RAM copies every time Rimini loaded the environment. | **Disputed in part.**<br><br>Rimini admits that every time an environment loaded for use, a portion of the environment is loaded into a computer's RAM.<br><br>Rimini denies that its development process requires creation of complete or persistent copies of an environment. | Rimini has failed to introduce any evidence tending to dispute SUF 45. |
| 46. | ███████████████████████ | **Undisputed.** | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ■■■■■■■■■ | | |
| 47. | Rimini also had Siebel and J.D. Edwards software on its computers that it used to support its customers. | **Undisputed.** | |
| 48. | Rimini itself has no license from Oracle for any of the enterprise software in any of these local environments. | **Disputed in part.**<br><br>Rimini admits that there is no express license between Rimini itself and Oracle directed to Oracle's PeopleSoft, JD Edwards, and Siebel software.<br><br>However, as set for in Rimini's Opposition, Oracle's conduct demonstrates that it consented to Rimini maintaining local software copies, giving rise to an implied license as to the Oracle software in Rimini's local environments. | The relevant portion of this fact – that Rimini has no express license – is undisputed.  Oracle disputes that Oracle consented to Rimini's infringement, and disagrees that Rimini holds an implied license, for the reasons explained in Oracle's reply brief, |
| 49. | ■■■■■■■■■ | **Disputed in part**, as misleading and incomplete.<br><br>Rimini admits that, ■■■■■ | This fact is undisputed.  Dkt. 269 at 14-15 (discussing SUF 49) first presents a legal argument (rather than contradictory facts) and then provides additional deposition testimony that is irrelevant to SUF 49. |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | Oracle's alleged fact, however, omits the fact that | |
| 50. | | **Disputed in part**, as misleading and incomplete.<br><br>Rimini admits that,<br><br><br><br>Oracle's alleged fact, however, omits that | This fact is undisputed.  Dkt. 269 at 15-16 (discussing SUF 50) first presents a legal argument (rather than contradictory facts) and then provides additional deposition testimony that is irrelevant to SUF 50. |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| 51. |  | **Disputed in part**, as misleading and incomplete.<br><br>Rimini admits that,<br><br><br><br>Oracle's alleged fact, however, omits that | This fact is undisputed. Dkt. 269 at 16-17 (discussing SUF 51) first presents a legal argument (rather than contradictory facts) and then provides additional deposition testimony that is irrelevant to SUF 51. |
| 52. | | **Disputed in part.** | This fact is undisputed in any relevant way. Rimini quibbles with the word "similar" and uses "identical" instead, but that distinction is immaterial to the argument for which this fact is offered. |
| 53. | | **Disputed.** | Rimini has submitted no evidence to dispute this fact. By "        ," this fact means                    , as explained in Oracle's motion. Rimini's |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | ███████████████<br>██████████████<br>████████████ | response – that ██████<br>████████████ –<br>is not to the contrary. |
| 54. | ████████████████<br>████████████████<br>████████████████<br>███████████ | **Disputed in part.**<br><br>Rimini admits that ██████<br>████████████████<br>████████████████<br>████████████<br><br>Rimini, however, disputes that ████<br>████████████████<br>████████████████<br>████████████████<br>████████████████ | This fact is not disputed in any relevant way.  This relevant part of this fact is that ████████████████<br>████████████████<br>███████ Whether it was ████████████████<br>(as the fact states) or for use by ████████████████<br>████████ |
| 55. | ████████████████<br>████████████████<br>████████████████<br>████████ | **Undisputed.** | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ███████████████ ██████████████ ████████ | | |
| 56. | █████████████ ███████████ | **Disputed.** Rimini admits that ██████████ ████████████████ ████████████████ ████████████ ██████████████ ████████████ | This fact is not disputed in relevant part. Rimini has disputed SUF 56 only as to Oracle's ████████████████, but admits SUF 56 as to Oracle's ████████████. Rimini's partial admission establishes the material fact. |
| 57. | At certain stages of development, Rimini used one or more environments that it designated as "development environments." | **Undisputed.** | |
| 58. | The installed copies of Oracle's enterprise software in H751COF2 and H751DEVO (both of which Rimini contends are City of Flint environments, authorized by the City of Flint's license) and the copies in H831PPSM and H831PPS2 (both of which Rimini contends are School District of Pittsburgh environments) ██████████ | **Disputed in part.** Rimini admits ████████████ ████████████████ ████████████████ ████████ Rimini, however, denies that ████████ ████████████████ | This fact is undisputed. Rimini admits that ████████████████ ████████████████ ████████. The fact does not contend that ████████████ ████████████, which is what Rimini purports to dispute. |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
|  | ████████████ | ████████████████ |  |
| 59. | For three of the eight registrations at issue, the certificates of copyright registration identify OIC as the copyright claimant. | **Undisputed.** |  |
| 60. | The remaining five registrations identify PeopleSoft, Inc. as the copyright claimant. | **Undisputed.** |  |
| 61. | PeopleSoft, Inc., transferred ownership of these five copyrights to OIC on March 1, 2005, before Rimini had been founded. | **Undisputed.** |  |
| 62. | The twelve environments that are the subject of this motion contained installed copies of Oracle's enterprise software applications for PeopleSoft HRMS 7.5 and 8.3, PeopleSoft Financials and Supply Chain Management 8.4, PeopleTools, J.D. Edwards EnterpriseOne 8.10, and Siebel 7.7, all of which are covered by registered | **Undisputed.** |  |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | copyrights. | | |
| 63. | Each of these environments contains a substantial amount of protected expression from Oracle's registered copyrights. | **Undisputed.** | |
| 64. | When Rimini loaded these environments to use them for development, the environments were copied into RAM. | **Disputed in part.**<br><br>Only a portion of an environment is copied into RAM with the environment is loaded for development use, not the entire environment as Oracle's alleged fact implies. | Rimini has failed to introduce any evidence tending to dispute SUF 64. |
| 65. | The environments Rimini associates with City of Flint are named H751COF2, H751DEVO, H751AUD, and two distinct environments named H751COFO. | **Undisputed.** | |
| 66. | In its response to Interrogatory No. 15, Rimini relies upon the City of Flint's license agreement Bates-numbered ORCLRS0004135 as a defense to copyright infringement. | **Undisputed.** | |
| 67. | ███████████████████ | **Disputed in part.**<br><br>Rimini admits that ████████ | This fact is undisputed. As Oracle's motion made clear, ████████ |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ███████████ | ███████████ | ███. Oracle agrees that Oracle (or its predecessors) are the ultimate source of all of Oracle's copyrighted software. *Accord* Dkt. 269 at 23 (SUF 59-61, confirming Oracle's ownership of the copyrights in the relevant software, are undisputed) |
| | | However, the "source of the PeopleSoft software" used to construct these environments present on Rimini's systems is Oracle or its predecessor, PeopleSoft. | |
| 68. | ███████████ | **Undisputed.** | |
| 69. | ███████████ | **Undisputed.** | |
| 70. | The City of Flint license (ORCLRS0004135) states that ███████████ | **Undisputed.** | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ████████████ | | |
| 71. | The City of Flint license states ████████████ | **Undisputed**. | |
| 72. | The City of Flint's license agreement authorizes ████████ | **Disputed**, as incomplete and misleading.<br><br>While the quoted language in Oracle's alleged fact is found in the City of Flint's license, ████████████ | This fact is undisputed. Dkt. 269 at 25 (discussing SUF 72) presents a legal argument, rather than facts tending to dispute SUF 72. |
| 73. | The license agreement between Oracle and City of Flint states that ████████████ | **Undisputed**. | |

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ███████████ | | |
| 74. | ████████████████████ | **Undisputed.** | |
| 75. | When Rimini used the environments associated with City of Flint to create updates, it copied the software into the computer's RAM. | **Disputed in part.**<br><br>Rimini admits that use of an environment to create updates causes a portion of the software to be copied into the computer's RAM.<br><br>The evidence, however, does not establish that all environments associated with the City of Flint were used to create updates, and Oracle does not specify to which environments this alleged fact refers. | This fact is undisputed in relevant part. Oracle's SUF 75 and Rimini's response are consistent, as Rimini does not dispute its creation of RAM copies but merely quibbles whether it do so for some, as opposed to all, of the City of Flint environments, which is not material. |
| 76. | ████████████████████ | **Disputed in part.**<br><br>Rimini admits that ██████████████████████████████████<br><br>████████████████████████ | This fact is not disputed in relevant part. Rimini admits the conduct as to ████████████████, which is the relevant part of this fact. |

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | ████████████████ ████████████████████ | |
| 77. | Rimini has or had copies of PeopleSoft HRMS 8.3 (copyright registration TX 5-469-032) and PeopleTools 8.10 (copyright registration TX 5-266-221) in School District of Pittsburgh environments H831PPSM and H831PPS2. | **Undisputed.** | |
| 78. | Rimini has copies of PeopleSoft FSCM 8.4 (copyright registration TX 5-586-247) and PeopleTools 8.48 (copyright registration TX 7-092-819) in two distinct School District of Pittsburgh environments, both named F842PPSM. | **Undisputed.** | |
| 79. | Rimini relies upon the School District of Pittsburgh's license agreement Bates-numbered ORCLRS0164981 as a defense to copyright infringement. | **Undisputed.** | |
| 80. | The build source for H831PPSM, an environment allegedly associated with the School District of Pittsburgh, was ████████████████████ | **Undisputed.** | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ███████████ | | |
| 81. | The build source for H831COEM, an environment allegedly associated with the City of Eugene, was ███████████ | Undisputed. | |
| 82. | Rimini states that it built H831CODM with ███████████ | Undisputed. | |
| 83. | ███████████ | Undisputed. | |
| 84. | ███████████ | Undisputed. | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| 85. | ███████████████████ | Undisputed. | |
| 86. | The City of Des Moines' license states that ████████████████████████ | Undisputed. | |
| 87. | ██████████████ | **Disputed.**<br><br>Rimini admits that ███████████ ███████████████<br><br>███████████████ | This fact is undisputed.  Dkt. 269 at 28-30 (discussing SUF 87) first presents a legal argument (rather than contradictory facts) and then provides additional deposition testimony that is irrelevant to SUF 87.<br><br>As discussed in Oracle's reply, Oracle disagrees with Rimini's legal argument concerning the definition of "████████" in the School District of Pittsburgh's |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | ████████ | license. |
| 88. | The School District of Pittsburgh's license (ORCLRS0164981) states that ████████████ | **Disputed,** as incomplete and misleading. ████████████████ | This fact is undisputed. Dkt. 269 at 30 (discussing SUF 88) presents a legal argument, rather than facts tending to dispute SUF 88. |
| 89. | ████████████ | **Disputed.** Rimini admits that ████████████ ████████████ | This fact is undisputed. Dkt. 269 at 30-32 (discussing SUF 89) first presents a legal argument (rather than contradictory facts) and then adduces deposition testimony that is irrelevant to SUF 87. As discussed in Oracle's reply, Oracle disagrees with Rimini's legal argument concerning the definition of "█████" in City of Eugene's license and Dave & Buster's license. |
| 90. | The license agreement Rimini identified for the City of Eugene states that ████ ████████ | **Disputed,** as incomplete and misleading. While the quoted language in Oracle's | This fact is undisputed. Dkt. 269 at 32 (discussing SUF 90) presents a legal argument, rather than facts tending to |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ████████████ | alleged fact is found in the City of Eugene's license, ████████ | dispute SUF 90. |
| 91. | The license agreement Rimini identified for Dave & Buster's Inc. states that ██ ████████████ | **Disputed,** as incomplete and misleading. While the quoted language in Oracle's alleged fact is found in the Dave & Buster's license, ████████ | This fact is undisputed. Dkt. 269 at 32 (discussing SUF 91) presents a legal argument, rather than facts tending to dispute SUF 91. |
| 92. | Rimini has or had an installed copy of J.D. Edwards EnterpriseOne 8.10 (copyright registration TX 6-541-038) in environment JGCHE5TSA1 for customer Giant Cement Holding, Inc. | **Undisputed.** | |
| 93. | ████████████ | **Undisputed.** | |
| 94. | In its response to Interrogatory No. 15, Rimini identifies Giant Cement's license agreement with Oracle, Bates-numbered | **Undisputed.** | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ORCLRS0164131, as a basis for Rimini's express license defense. | | |
| 95. | ███████ the license agreement between Giant Cement and Oracle, ████ ██████████████████ ████████████████ ████████ ████████ | **Disputed.** <br><br> Rimini admits that ████████ ██████████████████ ██████████████████ Notably, the program's source code need not be accessed when copying or installing the ERP software. | This fact is undisputed.. Dkt. 269 at 33 (discussing SUF 95) concedes the "█████████" limitation and does not assert that Giant Cement's license grants ██████████ ████████. Dkt. 269 at 33 presents no admissible evidence tending to dispute SUF 95. |
| 96. | The license ████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ ████████████ | **Undisputed.** | |
| 97. | The license states that ████ ██████████████████ ██████████████████ ████████████ | **Undisputed.** | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ██████████████ | | |
| 98. | Rimini has or had copies of Siebel 7.7.1 (registration TX 6-941-993) in two environments for Novell – NOVELL-AP01 and NOVELL-CLI. | **Undisputed**. | |
| 99. | Rimini built NOVELL-AP01 and NOVELL-CLI from ████████ | **Undisputed**. | |
| 100. | Rimini relies upon the Novell license agreement Bates-numbered ORCLRS0810822 as a defense to copyright infringement. | **Undisputed**. | |
| 101. | The Novell license (ORCLRS0810822) states that ████████████████████ ██████████████████ | **Disputed in part**, as misleading and incomplete.<br><br>While the language quoted by Oracle's alleged fact is found in Novell's license, ████████████████ | This fact is undisputed.. Dkt. 269 at 34-35 (discussing SUF 101) presents a legal argument, rather than facts tending to dispute SUF 101. |

30

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | ███████████████ | |
| 102. | The Novell license (ORCLRS0810822) states that ████████ ███████████████ | Undisputed. | |
| 103. | ███████████████ | Undisputed. | |
| 104. | ███████████████ | Undisputed. | |
| 105. | For its implied license (and consent) defense, Rimini relies on the fact that, in some cases, Oracle's customer support personnel shipped install media to Rimini's mailing address when requests were submitted to Oracle describing that address as a specific, licensed customer's | **Disputed in part**, as incomplete.<br><br>While Oracle's alleged fact is accurate in substance, it omits other fact upon which Rimini's implied license and consent defenses rely. | This fact is undisputed.. Rimini has failed to introduce any evidence tending to dispute SUF 105. Dkt. 269 at 35-36 (discussing SUF 105) presents a legal argument, rather than facts tending to dispute SUF 105. |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | "secondary offsite backup location." | For instance, with respect to Oracle's website and e-delivery/downloading of software and support material, "Oracle issued and accepted log-in credentials from Rimini." By issuing and/or accepting log-in credentials from Rimini and permitting the downloading of Software and Support Material, Oracle consented to Rimini Street's possession and use of its copyrighted material. | |
| 106. | A Rimini Street employee who drafted shipping requested testified that ███ ███████████████████████████ ██████████████ | **Disputed in part.** Rimini admits that ███████████ ████████████████████████ ██████████████████. ████████████████████████████ ███████████████ | |
| 107. | Rimini is "not aware of any requests to Oracle for shipment of Oracle Enterprise Software to a Rimini Street address which expressly stated that the software be shipped to a Rimini Street address would be used by Rimini Street to install the software on Rimini Street's computers," or that stated the software | **Undisputed.** | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement Of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | "would be used by Rimini Street to support multiple Rimini customers. | | |
| 108. | The software requests that Rimini prepared were not ████████ | **Disputed.** ██████████████████ | This fact is undisputed.. Dkt. 269 at 36-37 (discussing SUF 108) provides additional deposition testimony from Mr. Lester that is irrelevant to the testimony from Mr. Corpuz quoted in SUF 108. |
| 109. | Rimini does not know the source of the PeopleSoft software used to create ██████████ | **Disputed in part.** Rimini admits that ████████████████ However, the "source of the PeopleSoft software" used to construct these environments present on Rimini's systems is Oracle or its predecessor, PeopleSoft. | This fact is undisputed. The word "████" in this fact means ████████████ |

## II.    REPLY TO RIMINI'S STATEMENT OF FACTS SUPPORTING ITS OPPOSITION

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| 1. | To allow customizations, ERP vendors (including Oracle) grant its customers access to a portion of the source code for the licensed applications to allow for customer modifications. | **Disputed in part.**<br><br>Oracle agrees that Oracle grants its customers access to a portion of the source code for J.D. Edwards and PeopleSoft software. Rimini provides no support for its statement about "ERP vendors" in general, and Oracle therefore disputes that portion of Rimini Fact 1. |
| 2. | Software vendors offer support services for a fee, distributing updates and fixes to ensure licensees remain compliant and operational. | **Undisputed.** |
| 3. | Oracle typically offers technical support and maintenance services for an annual fee equal to ▆▆▆▆▆▆▆▆▆▆▆▆. | **Undisputed.** |
| 4. | An industry of third party consultants has developed to assist licensees by providing services with respect to the ERP software. | **Disputed in part.**<br><br>Oracle agrees that an industry of third party consultant has developed to assist licensees by providing services related to the implementation of ERP software, including installation, configuration, and integration, as stated in the deposition excerpts cited by Rimini. Dkt. 269 at 39 (setting forth Rimini Fact 4) cites no evidence concerning any provision of support services unrelated to the initial installation and configuration of Oracle software. |
| 5. | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ | **Disputed in part.**<br><br>Reckers Decl. ¶ 15, Ex. 14 (Oracle's [Corrected] Supplemental And Amended Response to Rimini's First Set of Interrogatories Nos. 1-12) at 69-70 (Oracle's Response to Interrogatory No. 9).<br><br>Oracle has only acknowledged that ▆▆▆▆▆▆▆▆ |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | ████████████████████████ |
| 6. | Licensees typically lack the in-house technical resources and expertise needed to customize the software code and to otherwise implement the software and, thus, necessarily rely on third parties to provide services in connection with the software. | **Disputed in part.**<br><br>Rimini provides no evidentiary support for "necessary" reliance on third parties. |
| 7. | Oracle provides a variety of technical recommendations that describe two types of software environments that licensees should deploy: production environments for running the organization's payroll, financial or other critical systems; and nonproduction environments for developing and testing updates or otherwise supporting the production environments. | **Disputed.**<br><br>Oracle agrees that:<br><br>• a 2003 document ███████████████████████ Reckers Decl. ¶ 18 & Ex. 17 at 115.<br><br>• a 2007 document ███████████████████████ " Reckers Decl. ¶ 20 & Ex. 19 at 24.<br><br>• A 2008 document, when discussing Oracle's Oracle Enterprise Manager software, referred to "development," "test," "staging," and "production" |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | environments.  Reckers Decl. ¶ 26 & Ex. 25 at 9.<br><br>• A 2011 document, when discussing PeopleSoft software, referred to "development," "test," "staging," and "production" environments.  Reckers Decl. ¶ 25 & Ex. 24 at 2.<br><br>• A 2011 document, when discussing Siebel software and Oracle Database software, referred "development," "test," "staging," and "production" environments or databases.  Reckers Decl. ¶ 27 & Ex. 26 at 4.<br><br>• A 2011 document, when discussing PeopleSoft software and Oracle Database software, referred "development," "test," "staging," and "production" environments or databases.  Reckers Decl. ¶ 28 & Ex. 27 at 4.<br><br>• A 2011 document, when discussing PeopleSoft software, referred to "test" and "production" environments in a paragraph about hardware performance titled "Nonproduction hardware."  Reckers Decl. ¶ 25 & Ex. 24 at 2.<br><br>Neither "non-production environment" nor "nonproduction environment" appears in any document cited by Rimini.  No Oracle document cited by Rimini refers to use of an environment for "otherwise supporting the production environment."<br><br>Mr. Hilliard's declaration identifies no "technical recommendations" from Oracle other than Defendants' Exhibits 17 and 24, discussed above, and thus does not support Rimini Fact 7. |

36

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| 8. | Rimini's processes are designed to ensure that each client receives the benefit of only the software to which it is licensed. | **Disputed.**<br><br>Rimini's admissions, summarized below, show that ████████████████████ ████████████████████ ████████<br><br>Rimini does not dispute **Oracle's SUF No. 37**, which states, ████████ ████████████████████ ████████████████████ ████████████████<br><br>Rimini does not dispute **Oracle's SUF No. 39**, which states, "At least some of the Oracle software and support materials that Rimini used to create environments 'was not stored in client-specific folders.'"<br><br>In response to **Oracle's SUF No. 44**, Rimini states, "Rimini ████████ ████████████████████ ████████████████████ ████████████<br><br>In response to **Oracle's SUF No. 49**, Rimini states, ████████████████ ████████████████████ ████████████████████ ████████████████████ ████████<br><br>In response to **Oracle's SUF No. 50**, Rimini states, "████████ ████████████████████ ████████████████████ ████████████████ |

37

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | In response to **Oracle's SUF No. 51**, Rimini states, " ██████████████████████████████ ██████████████████████████████ ██████████████████████████████ |
| | | In response to **Oracle's SUF No. 52**, Rimini states, " ██████████████████████████████ ██████████████████████████████ ██████████████████████████████ |
| | | In response to **Oracle's SUF No. 54**, Rimini states, " ██████████████████████████████ ██████████████████████████████ ██████████████████████████████ |
| | | In response to **Oracle's SUF No. 74**, Rimini states, " ██████████████████████████████ ██████████████████████████████ |
| | | In response to **Oracle's SUF No. 76**, Rimini states, " ██████████████████████████████ ██████████████████████████████ |
| | | Rimini does not dispute **Oracle's SUF No. 80**, which states, "The build source for H831PPSM, an environment allegedly associated with the School District of Pittsburgh, was ██████████████ ██████████████████████████████ |
| | | Rimini does not dispute **Oracle's SUF No. 81**, which states, "The build source for H831COEM, an environment allegedly |

38

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | associated with the City of Eugene, was ██████████████████████████<br><br>Rimini does not dispute **Oracle's SUF No. 85**, which states, " █████████████████████████████████████████████████████████ |
| 9. | Rimini's development organization ████████████████████████████████ | **Disputed.** *See, e.g.,* **SUF 44, 49-52, 54, 74, 76.** |
| 10. | Environments are only built for a customer by Rimini once the customer's entitlement to the software is verified, ████████████████ | **Disputed.**<br><br>A customer is "entitled" only to the software for which it is licensed.  Oracle contends that a customer's license extends only to the copies created from installation media received from Oracle.  *See* Oracle's Reply Brief at 4-7.  Rimini has admitted to multiple instances (detailed below) where █ ███████████████████████████████████████████████████████████.  In those instances, Rimini could not possibly have verified the customer's entitlement to the software, █████████████████████████<br><br>Rimini does not dispute **Oracle's SUF No. 39**, which states, "At least some of the Oracle software and support materials that Rimini used to create environments 'was not stored in client-specific folders.'"<br><br>In response to **Oracle's SUF No. 74**, Rimini agrees that "████████████████████ |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | ▮▮▮" |
| | | In response to **Oracle's SUF No. 76**, Rimini states, "▮▮▮" |
| | | Rimini does not dispute **Oracle's SUF No. 80**, which states, "The build source for H831PPSM, an environment allegedly associated with the School District of Pittsburgh, was ▮▮▮" |
| | | Rimini does not dispute **Oracle's SUF No. 81**, which states, "The build source for H831COEM, an environment allegedly associated with the City of Eugene, was ▮▮▮." |
| | | Rimini does not dispute **Oracle's SUF No. 85**, which states, "▮▮▮" |
| 11. | The City of Flint's license ▮▮▮ | **Disputed.** ▮▮▮ |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | ██████████████████████████████████████ |
| 12. | The City of Flint's license states that PeopleSoft "retains title to all portions of the Software and any copies thereof. . . . Title to the physical media for the Software vests in Licensee upon delivery." | **Undisputed.** |
| 13. | ERP software vendors customarily afford their clients non-exclusive, perpetual, limited licenses to the licensed software programs, but do not restrict such license rights to any specific copies of installation media. | **Disputed.**<br><br>Aside from the unsupported comment of its own expert, Rimini cites no evidence in support of this claim. Oracle, one of the largest players in the industry Rimini purports to describe, does in fact restrict license rights to the specific copies of installation media sent to the customer by Oracle. ████████████████████████ |
| 14. | ████████████ the City of Flint's license states that ██████████████ | **Undisputed.** |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | ███████████████████ | |
| 15. | ██████ the City of Flint's license states that ███████████████ | Undisputed. |
| 16. | In the City of Flint's license, ████ | Undisputed. |
| 17. | ██████ the City of Flint's license states that ███████████████ | Undisputed. |
| 18. | Rimini (i) provides services to the City of Flint concerning its use of the licensed software; ██████████████ | Disputed. ██████████████ The provision in the Rimini Support Services Agreement cited in support of Rimini's claim merely states that ████ ██████████████ |
| 19. | In performing services in connection with the software, it is accepted in the industry for non-production copies of software to be maintained by third parties on a licensee's behalf, including copies maintained by third | Disputed. The comment by Rimini's expert is unsupported. ███████████ |

42

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | parties that modify and provide other services in connection with the software. | ███████████████████ *See* Rimini's SOF No. 25. The Oracle documents that Rimini cites refer to *in-house* environments created and maintained by the customer, not by third parties. |
| 20. | Certain of Oracle's Partners advertise their use of an "upgrade lab" on the consultant's computer systems wherein the licensee's environments are replicated and used to provide services to the licensee. | **Disputed in part.**<br><br>Astute Labs is not an Oracle partner, and the evidence Rimini cites does not state that Astute Labs is an Oracle partner. |
| 21. | During her deposition, Oracle's co-President Safra Catz explained that ██████████████████ | **Disputed.**<br><br>Rimini provides no evidentiary support ██ |
| 22. | Cowlitz County is licensed to the protected expression embodied by ████████ ██████ | **Disputed.**<br><br>The evidence Rimini cites does not support the claim that Cowlitz County is licensed to ████████████. The evidence cited merely supports the claim that Cowlitz County is licensed to some Oracle software and that ███████████████████ |
| 23. | The license agreement between Cowlitz County and Oracle allows Cowlitz County to ████████████████ | **Disputed in part.**<br><br>Oracle disputes that the license agreement between Cowlitz County and Oracle allows Cowlitz County to ███████████████ |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | ▮▮▮▮▮▮ | |
| 24. | Any license grant directed to providing access to or use of the software necessary includes the right to make RAM copies of the software because there is no way to access or use the software without having at least a portion of that software loaded into RAM. | **Disputed in part.**<br><br>The comment by Rimini's own expert cited in this claim is unsupported.  SUF 41 and 42 acknowledge that part of an environment is loaded into a computer's RAM when loaded for *use*, but those facts do not support the claim that there is no way to *access* the software without loading a portion of the software into RAM. |
| 25. | With respect Rimini's use of one copy of the software to support multiple licensed clients, Rimini's practices are consistent with generally accepted industry practices ▮▮▮▮▮▮▮▮ | **Disputed.**<br><br>The comment by Rimini's expert is unsupported. ▮▮▮▮▮▮▮▮▮▮ <br><br>Oracle is a significant player in this industry and its licenses do not allow one copy of a customer's software to be used to support other customers.  *See* Oracle's SOF Nos. 70, 72, 73, 86, 88, 90-91, 101-104. |
| 26. | One of the largest dedicated Oracle consulting firm in North America, ▮▮▮▮▮▮ | **Undisputed.** |
| 27. | ▮▮▮▮▮▮▮▮ | **Undisputed.** |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| 28. | The School District of Pittsburgh's license ███████████████████████ | **Disputed.** The School District of Pittsburgh's license ███████████████████████ |
| 29. | ███████████ the School District of Pittsburgh's license ███████████████ | **Disputed.** ███████████████████ |
| 30. | ███████████ the School District of Pittsburgh's license ███████████████████████ | **Undisputed.** |
| 31. | Rimini (i) provides services to the School District of Pittsburgh concerning its use of the licensed software; ███████████████ | **Disputed.** ███████████████████ The provision in the Rimini Support Services Agreement cited in support of Rimini's claim merely states that ███████████████████████ |
| 32. | City of Des Moines's license with Oracle clearly states, ███████████████ | **Undisputed.** |
| 33. | City of Des Moines's license with Oracle ███████████████ | **Disputed.** The phrase "███████████████" does not occur in the license at issue in this claim. |

45

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
|  | ████████████████ |  |
| 34. | The license agreements for City of Eugene and Dave & Buster's ████████████ | **Disputed.**<br><br>The phrase "████████" does not occur in either of the license at issue in this claim. |
| 35. | The license agreements for City of Eugene and Dave & Buster's ████████ | **Disputed.**<br><br>████████████████ |
| 36. | The City of Eugene and Dave & Buster's license rights ██████████ | **Disputed.**<br><br>████████████████ |
| 37. | ████████████████ | **Undisputed.** |
| 38. | It is customary in the software industry for consulting firms to provide cloned portions of software to multiple customers licensed to the underlying software, as such cloning permits efficient and cost effective | **Disputed.**<br><br>The comment by Rimini's expert is unsupported. ████████ |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | development. | ████████████████ |
| 39. | Rimini's JDE support professionals generally do not use the local JDE environments ████████ ████████ | **Disputed.** Ray Grigsby, Rimini's 30(b)(6) representative, stated that Rimini ███████████ ████████ . Polito Decl. ¶ 12 & Ex. 78 (Grigsby 30(b)(6) Depo) at 319:21-320:19.  Further, Mr. Grigsby could not explain why ████ ████████████████ . *Id.* at 162:17-168:12. |
| 40. | ████████████████ ████████████ | **Undisputed.** |
| 41. | Rimini's maintenance of environments on behalf of its J.D. Edwards customers ████ ████████ | **Disputed.** The testimony cited by Rimini does not state that Rimini's maintenance of JDE environments was "████████" The testimony of Rimini's witness merely states that Rimini did not use the environments. Furthermore, Ray Grigsby, Rimini's 30(b)(6) representative, stated that Rimini ████████████████ . Polito Decl. ¶ 12 & Ex. 78 (Grigsby 30(b)(6) Depo) at 319:21-320:19.  Further, Mr. Grigsby could not explain why ████████ ████████████ . *Id.* at 162:17- |



| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | 168:12. |
| 42. | | **Undisputed.** |
| 43. | | **Disputed in part.**<br><br>J.D. Edwards software is defined as "▮▮▮▮▮▮▮" under the plain language of the license, Art. VI, ¶ 1(v). Rimini has provided no support for the word "naturally" in Rimini Fact 43. |
| 44. | | **Disputed.**<br><br>Rimini has not cited any evidence that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ under Giant Cement's license. Rimini has not cited any evidence that ▮▮▮▮▮▮▮. Rimini has not cited any evidence that ▮▮▮▮▮▮▮ The provision in the Rimini Support Services Agreement cited in support of Rimini's claim merely states that ▮▮▮▮▮▮▮▮ |
| 45. | | **Disputed in part.**<br><br>The license at issue uses the phrase "▮▮▮▮▮▮▮" rather that "▮▮▮." Grants in ¶ 2.1(iv) and ¶ 2.1(viii) are subject to the general |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | ██████████████ | limitations of ¶ 2.1. |
| 46. | The Siebel environments maintained by Rimini are used exclusively ████████ ██████████████ . | **Disputed.**<br><br>The deposition testimony Rimini cites does not support the claim that Rimini's Siebel environments are used exclusively ██████ ██████████. The testimony merely states that ████████████████████████ . |
| 47. | ████████████████████ ██████████████ ████████ | **Disputed.**<br><br>Based on the undisputed facts below, it is clear that, to the extent that Oracle shipped software to Rimini's address, it generally did not know (1) the true purpose for which they would be used and (2) that Rimini would be a recipient of the software.<br><br>"████████████, a majority of the electronic shipping requests submitted to Oracle by Rimini (or a customer acting at Rimini's direction) included requests for a copy for the customer's "offsite backup location" – Rimini Street's address." **Oracle's SUF No. 8.**<br><br>"None of Rimini's requests disclosed to Oracle that the software to be shipped to a Rimini Street address would be "used by Rimini Street to install the software on Rimini Street's computers," or that the software would be "used by Rimini to support multiple Rimini customers."" **Oracle's SUF No. 9.**<br><br>"████████████████████ ██████████████████████" **Oracle's SUF No. 10.** |
| 48. | ████████████████████ | **Disputed.**<br><br>Rimini presents no evidence that Oracle |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | ████████████████ | knew "█████████" in the sense knowing how Rimini was ███████ ███████████████████. |
| 49. | Oracle shipped hundreds of software installation disks directly to Rimini Street for a period of █████████. | **Disputed.**<br><br>Rimini does not dispute that "[m]any of Rimini Street's shipping requests did not mention that Rimini Street was to be a recipient of the software." **Oracle's SUF No. 9.** Therefore, in many cases, Oracle intended to ship the software installation disks to the customer, and it did not knowingly ship them to Rimini Street. |
| 50. | Rimini's practices and procedures regarding its use of Oracle software are similar to other leading consulting firms and follow generally accepted practices in the industry. | **Disputed.**<br><br>The comment by Rimini's expert cited in support of this claim is unsupported. Further, Rimini's Fact Nos. 7, 19, 25, and 38 are all disputed by Oracle. While Oracle does not dispute that ██████████ ██████████ made the statements quoted in Rimini's Fact Nos. 27 and 37, Oracle disputes those statements and notes that ██████████████████████, *see* Rimini's Fact No. 25, and that ████████████████████. |

DATED:  May 14, 2012

BINGHAM MCCUTCHEN LLP

By:_____/s/ Geoffrey M. Howard_____
Geoffrey M. Howard
Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corp.

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S MOT. FOR PARTIAL SUMM. J.