# EXHIBIT 76

| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>B. Trent Webb, Esq. *(pro hac vice)*<br>Eric Buresh, Esq. *(pro hac vice)*<br>2555 Grand Boulevard<br>Kansas City, Missouri 64108-2613<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>bwebb@shb.com<br>eburesh@shb.com<br><br>Robert H. Reckers, Esq. *(pro hac vice)*<br>600 Travis Street, Suite 1600<br>Houston, Texas 77002<br>Telephone: (713) 227-8008<br>Facsimile: (731) 227-9508<br>rreckers@shb.com | GREENBERG TRAURIG<br>Mark G. Tratos, Esq. (Nevada Bar No. 1086)<br>Brandon Roos, Esq. (Nevada Bar No. 7888)<br>Leslie Godfrey, Esq. (Nevada Bar No. 10229)<br>3773 Howard Hughes Parkway<br>Suite 400 North<br>Las Vegas, NV 89169<br>Telephone: (702) 792-3773<br>Facsimile: (702) 792-9002<br>tratosm@gtlaw.com<br>roosb@gtlaw.com<br>godfreyl@gtlaw.com<br><br>LEWIS AND ROCA LLP<br>W. West Allen (Nevada Bar No. 5566)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada 89169<br>Tel: (702) 949-8200<br>Fax: (702) 949-8398<br>WAllen@LRLaw.com<br><br>*Attorneys for Defendants*<br>*RIMINI STREET, INC. and SETH RAVIN* |

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANT RIMINI STREET INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT RIMINI STREET, INC.** |

Pursuant to Federal Rules of Civil Procedure 26 and 36, Rimini Street, Inc. ("Rimini Street"), by and through its undersigned counsel, responds to Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.'s ("Oracle") Second Set of Requests for Admissions ("Requests").

## GENERAL OBJECTIONS

The following General Objections shall be deemed incorporated into the objections and Responses to each and every specific Request for Admission. To the extent that specific General Objections are cited in a specific Response, those specific objections are provided because they are believed to be particularly applicable to the specific Request. If Rimini Street specifically refers to General Objections in a Response, Rimini Street does not intend to waive any other General Objection applicable to information falling within the scope of the Request.

1. Rimini Street objects to Plaintiff's Requests to the extent that Plaintiff seeks to require Rimini Street to provide any information beyond what is available to Rimini Street at present from a reasonable search of its own files and a reasonable inquiry of its present employees likely to have the information necessary to admit or deny these requests.

2. Rimini Street objects to Plaintiff's Requests to the extent that Plaintiff seeks to impose on Rimini Street any other obligation not imposed by the Federal Rules of Civil Procedure or the Local Rules for the District of Nevada.

3. Rimini Street objects to the disclosure of information protected by the attorney-client privilege and/or work-product immunity.

4. Rimini Street objects to Plaintiff's Requests to the extent they call upon Rimini Street to admit or deny information that is irrelevant to the subject matter of this action. Rimini Street does not concede that any Request to which it responds is relevant to the subject matter of this litigation.

5. Rimini Street objects to these Requests to the extent they contravene the purposes underlying Federal Rule of Civil Procedure 36 to narrow the issues in this case and facilitate proof with respect to issues that can be eliminated. By way of example and without limitation, Rimini Street objects to these Requests to the extent they seek admissions related to highly contested issues, rather than admissions related to non-contested issues that could narrow the issues in this case. Rimini Street also objects to these Requests to the extent they seek admissions related to unidentified materials, which would not facilitate proof relating to issues that can be eliminated from this case.

1    6.    Rimini Street objects to these Requests to the extent they contain vague,
2 ambiguous, and non-specific statements.

3    7.    Rimini Street objects to these Requests to the extent they cannot be admitted
4 or denied without providing commentary.

5    8.    Rimini Street objects to the definition of the phrase "more than a *de minimis*
6 or trivial amount of protectable expression" to the extent they seek to incorporate legal conclusions.

7    9.    Rimini Street objects to the definitions of the terms "Complete or Partial
8 Copy", "Environment," "Oracle Database Software," "Oracle Enterprise Software," and "Software
9 and Support Materials" to the extent that, when read together, the definitions are convoluted and
10 circular.

## RESPONSES

**REQUEST NO. 19:**

Admit that each Environment identified in your responses to Interrogatories No. 20 and 21 (save for those which the stated version information in your response is "No Siebel") embodies more than a *de minimis* or trivial amount of protectable expression from at least one of the registered works.

**RESPONSE:**

*See* General Objections. Rimini Street further objects to this request as improper under Fed. R. Civ. P. 36 as seeking a legal conclusion to the extent that Oracle seeks an admission on the legal significance of the term "more than a *de minimis* or trivial amount of protectable expression." Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street admits that each Environment identified in its responses to Interrogatories No. 20 and 21 (save for those which the stated version information in your response is "No Siebel") embodies more than a trivial amount of protectable expression from at least one of the registered works.

**REQUEST NO. 20:**

Admit that each Environment identified in your responses to Interrogatories No. 20 and 21 as containing PeopleSoft-branded Oracle Enterprise Software contains at least 100 COBOL,

1 SQR, SQC, or DAT files.

2 **RESPONSE:**

3 *See* General Objections. Rimini Street further objects to this request as vague and
4 ambiguous. In responding, Rimini interprets the phrase "at least 100 COBOL, SQR, SQC, or DAT
5 files" to mean *collectively* at least 100 COBOL, SQR, SQC, or DAT files, as opposed to at least 100
6 files of each type. Subject to those objections as well as Rimini's defenses of license, estoppel and
7 waiver and Oracle's course of conduct, Rimini Street responds: Admitted.

8 **REQUEST NO. 21:**

9 Admit that each Environment identified in your responses to Interrogatories No. 20
10 and 21 as containing PeopleSoft-branded Oracle Enterprise Software contains at least 10 COBOL,
11 SQR, SQC, or DAT files, each of which embodies more than a *de minimis* or trivial amount of
12 protectable expression from at least one of the registered works.

13 **RESPONSE:**

14 *See* General Objections. Rimini Street further objects to this request as improper
15 under Fed. R. Civ. P. 36 as seeking a legal conclusion to the extent that Oracle seeks an admission
16 on the legal significance of the term "more than a *de minimis* or trivial amount of protectable
17 expression." Subject to those objections, Rimini Street denies that any single COBOL, SQR, SQC,
18 or DAT file embodies more than a trivial amount of the total protectable expression found in any one
19 of the registered works.

20 **REQUEST NO. 22:** [Sic 32]

21 Admit that each Environment identified in your responses to Interrogatories No. 20
22 and 21 as containing PeopleSoft-branded Oracle Enterprise Software contains a database that
23 embodies more than a *de minimis* or trivial amount of protectable expression from at least one of the
24 registered works.

25 **RESPONSE:**

26 *See* General Objections. Rimini Street further objects to this request as improper
27 under Fed. R. Civ. P. 36 as seeking a legal conclusion to the extent that Oracle seeks an admission
28 on the legal significance of the term "more than a *de minimis* or trivial amount of protectable

- 4 -

1  expression." Subject to those objections as well as Rimini's defenses of license, estoppel and waiver
2  and Oracle's course of conduct, Rimini Street responds: Denied-in-part and Admitted-in-part.
3  Rimini Street denies that each PeopleSoft Environment identified in its responses to Interrogatories
4  No. 20 and 21 contains an Oracle database. Rimini Street admits that, to the extent that a PeopleSoft
5  Environment identified in its responses to Interrogatories No. 20 and 21 actually includes an Oracle-
6  branded database component, said Oracle database component embodies more than a trivial amount
7  of protectable expression from at least one of the registered works.

8  **REQUEST NO. 23:**  [Sic 43]

9  Admit that each Environment identified in your responses to Interrogatories No. 20
10 and 21 as containing J.D. Edwards-branded Oracle Enterprise Software contains at least 100 .c or .h
11 files.

12 **RESPONSE:**

13 See General Objections. Rimini Street further objects to this request as vague and
14 ambiguous.  In responding, Rimini interprets the phrase "at least 100 .c or .h files" to mean
15 *collectively* at least 100 .c or .h files, as opposed to at least 100 files of each type. Subject to those
16 objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of
17 conduct, Rimini Street responds: Admitted.

18 **REQUEST NO. 24:**

19 Admit that each Environment identified in your responses to Interrogatories No. 20
20 and 21 as containing J.D. Edwards-branded Oracle Enterprise Software contains at least 10 .c or .h
21 files, each of which embodies more than a *de minimis* or trivial amount of protectable expression
22 from at least one of the registered works.

23 **RESPONSE:**

24 *See* General Objections.  Rimini Street further objects to this request as improper
25 under Fed. R. Civ. P. 36 as seeking a legal conclusion to the extent that Oracle seeks an admission
26 on the legal significance of the term "more than a *de minimis* or trivial amount of protectable
27 expression." Subject to those objections, Rimini Street denies that any single .c or .h file embodies
28 more than a trivial amount of the total protectable expression found in any one of the registered

1  works.
2
3
4  DATED:     Nov. 2, 2011          SHOOK, HARDY & BACON
5
6                                   By:   /s/ Robert H. Reckers
                                          Robert H. Reckers, Esq.
7                                         Attorney for Defendants
                                          Rimini Street, Inc. and Seth Ravin
8

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Defendant's Responses and Objections to Plaintiffs' Second Set of Requests for Admissions was served on the 2nd day of Nov. 2011, via email, as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com |

By: _/s/ Jeff Glidewell_____