| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568) | BINGHAM McCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*) |
| 2 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 | THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*) |
| 3 | Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755 | Three Embarcadero Center<br>San Francisco, CA  94111-4067 |
| 4 | rpocker@bsfllp.com | Telephone:  415.393.2000<br>Facsimile:  415.393.2286 |
| 5 | BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*) | geoff.howard@bingham.com<br>thomas.hixson@bingham.com |
| 6 | FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*) | kristen.palumbo@bingham.com |
| 7 | 1999 Harrison Street, Suite 900<br>Oakland, CA 94612 | DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*) |
| 8 | Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460 | JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION |
| 9 | sholtzman@bsfllp.com<br>fnorton@bsfllp.com | 500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070 |
| 10 | kringgenberg@bsfllp.com | Telephone:  650.506.4846<br>Facsimile:  650.506.7114 |
| 11 | | dorian.daley@oracle.com<br>deborah.miller@oracle.com |
| 12 | | jim.maroulis@oracle.com |
| 13 | Attorneys for Plaintiffs Oracle USA, Inc., | |
| 14 | Oracle America, Inc. and Oracle International<br>Corp. | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ORACLE USA, INC., a Colorado corporation;<br>ORACLE AMERICA, INC., a Delaware<br>corporation; and ORACLE INTERNATIONAL<br>CORPORATION, a California corporation,<br><br>            Plaintiffs,<br><br>      v.<br><br>RIMINI STREET, INC., a Nevada corporation;<br>SETH RAVIN, an individual,<br><br>            Defendants. | | Case No  2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S MOTION TO SEAL PORTIONS OF ITS REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND CERTAIN SUPPORTING DOCUMENTS** |

1  Pursuant to the Stipulated Protective Order (Dkt. 55) and Rules 5.2 and 26(c) of the

2 Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle

3 International Corporation (collectively "Oracle") respectfully request that the Court order the

4 Clerk of the Court to file certain portions of Oracle's Reply In Support Of Its Motion for Partial

5 Summary Judgment, submitted at Dkt. 284, and supporting documents, submitted at Dkt. 285-

6 295, under seal.

7  **DOCUMENTS DESIGNATED BY ORACLE AS**

8  **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

9  Oracle previously moved to seal Exhibits 10-17 to its motion for partial summary

10 judgment, and the corresponding parts of the motion and supporting papers, because Exhibits 10-

11 17 are Highly Confidential license agreements between Oracle and its customers.  *See* Dkt. 251.

12 Oracle now moves to seal the corresponding portions of its Reply, Reply Statement of

13 Undisputed Facts, and Evidentiary Objections (including quotes from papers previously filed

14 that, in turn, quote Exhibits 10-17).  As before, there is a compelling reason to seal discussions of

15 Exhibits 10-17 because the license terms are Highly Confidential, and because their disclosure

16 could interfere with Oracle's ongoing licensing efforts, which are an important part of its

17 business.  *Id.* at 3 (citing *Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338 (D.

18 Nev. Apr. 29, 2011)); *see also Stone v. Advance America, Cash Advance Centers, Inc.*, 2011 WL

19 662972, *3 (S.D. Cal. Feb. 11, 2011) (sealing documents because they "might become a vehicle

20 for improper purposes in the hands of business competitors").

21  Oracle also moves to seal Exhibits 68 and 73 and the corresponding parts of the Reply,

22 Reply, Reply Statement of Undisputed Facts, and Evidentiary Objections.  Exhibits 68 and 73

23 are deposition excerpts that include discussions of the terms of Oracle's license agreements with

24 its customers.  Disclosure of this information could harm Oracle just as if the license agreements

25 themselves were disclosed.  Consistent with the approach described above for Exhibits 10-17,

26 Oracle designated Exhibits 68 and 73 as "Highly Confidential" under the Protective Order

27 entered in this case.  That designation reflects Oracle's best judgment that the Exhibits contain

28 "extremely sensitive, highly confidential, non-public information, consisting either of trade

2

ORACLE'S MOTION TO SEAL PORTIONS OF ITS REPLY IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT AND CERTAIN SUPPORTING DOCUMENTS

1  secrets or other highly confidential documents related to current or future business plans,

2  protocols or strategies, the disclosure of which . . . would be likely to cause competitive or

3  business injury to [Oracle] (other than injury to [Oracle's] position in this Action)."  Dkt. 55 at ¶

4  4.  (As noted below, Rimini designated testimony excerpted in Exhibit 68 as Confidential, and

5  testimony excerpted in Exhibit 73 as Highly Confidential.)

6

7  **DOCUMENTS DESIGNATED BY RIMINI AS CONFIDENTIAL OR**

8  **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

9  Rimini has designated the following documents cited or referred to in Oracle's Reply,

10  Reply Statement of Undisputed Facts, and Evidentiary Objections as either Confidential or

11  Highly Confidential – Attorneys' Eyes Only:

| Ex. | Designation | Designation |
|---|---|---|
| 68 | Seth Ravin Deposition | Confidential |
| 69 | Oracle Depo Ex. 950 | Confidential |
| 70 | Clark Strong Deposition | Confidential, Highly Confidential |
| 71 | Dennis Chiu Deposition | Confidential |
| 72 | Oracle Depo Ex. 276 | Highly Confidential |
| 73 | James Ward Deposition | Highly Confidential |
| 74 | Oracle Depo Ex. 833 | Confidential |
| 77 | Expert Report of Brooks L. Hilliard | Highly Confidential |
| 78 | Ray Grigsby Deposition | Confidential, Highly Confidential |

21  Oracle submits these documents under seal pursuant to the Protective Order based on

22  Rimini's representation that it reasonably believes there is a valid basis under the Protective

23  Order for its confidentiality designations.  However, except for Exhibits 68 and 73, which are

24  discussed in the previous section, Oracle is not in the position to argue that the need to seal these

25  exhibits meets the "compelling interest" standard applicable to a dispositive motion.

26  **DOCUMENTS DESIGNATED BY CEDARCRESTONE AS CONFIDENTIAL OR**

27  **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

28  Third party CedarCrestone has designated Exhibits 3-4 to Rimini's Appendix of Exhibits

as either Confidential or Highly Confidential – Attorneys' Eyes Only.  These documents are cited or referred to in Oracle's Reply, Reply Statement of Undisputed Facts, and Evidentiary Objections, or in documents cited in those papers.  Oracle submits these documents under seal pursuant to the Protective Order based on CedarCrestone's representation that it reasonably believes there is a valid basis under the Protective Order for its confidentiality designations.  However, except for Exhibit 3 at 56:12-57:8 (not relevant to Oracle's reply papers, but discussed in Oracle's Response to Rimini's Motion to Seal, filed concurrently), Oracle is not in the position to argue that the need to seal these exhibits meets the "compelling interest" standard applicable to a dispositive motion.

\*       \*       \*

Oracle has submitted its Reply to the Court's public files with all other parts unredacted, which allows public access to everything except the items listed above.  Accordingly, the request to seal is narrowly tailored.  For the foregoing reasons, Oracle respectfully requests that the Court find there is a compelling interest in filing the documents discussed above under seal.

DATED: May 14, 2012                         BINGHAM McCUTCHEN LLP

By: /s/ Geoffrey M. Howard
    Geoffrey M. Howard
    Attorneys for Plaintiffs
    Oracle USA, Inc., Oracle America, Inc.,
    and Oracle International Corp.