BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
FRED NORTON (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
fnorton@bsfllp.com
kringgenberg@bsfllp.com

BINGHAM McCUTCHEN LLP
GEOFFREY M. HOWARD (*pro hac vice*)
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc. and Oracle International
Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>　　　　　　Defendants. | Case No  2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S RESPONSE TO RIMINI'S MOTION TO SEAL PORTIONS OF ITS OPPOSITION AND CERTAIN SUPPORTING DOCUMENTS** |

Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") submit this response in support of Defendant Rimini Street's ("Rimini's") motion to seal (Dkt. 265).

In its motion, Rimini asked the Court to seal certain documents attached to its Appendix of Exhibits based on Oracle's designation of those documents as either Confidential or Highly Confidential under the Protective Order (Dkt. 55). Oracle supports Rimini's request, and provides the following brief descriptions to further illustrate why there is a "compelling reason" to keep these documents under seal. *See Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338, *4 (D. Nev. Apr. 29, 2011).

- Exhibits 1 and 2 to Rimini's Appendix include highly confidential excerpts from the depositions of Safra Catz and Charles Phillips. Ms. Catz and Mr. Phillips have served as co-presidents of Oracle, and the excerpted portions of their depositions contain extremely sensitive discussions of Oracle's pricing policies and other business strategies related to Oracle's competitors and its customers. This information is not shared with the public, and if disclosed, could be used against Oracle in customer negotiations or in the marketplace by Oracle's competitors.

- Exhibits 14 and 15 to Rimini's Appendix are highly confidential excerpts of Oracle's interrogatory responses. The responses identify some of the specific ways in which Oracle's revenue streams have been harmed by Rimini's conduct. The responses also describe certain confidential business processes within Oracle. This information is not public, and if disclosed, could harm Oracle and could be used against Oracle by its competitors.

- Exhibits 16 and 18 to Rimini's Appendix are highly confidential license agreements containing terms related to Oracle's customers' use of Oracle's software. The licenses are the product of arms-length negotiations, and are not disclosed in the ordinary course. Publicizing them would undermine Oracle's ongoing licensing efforts, which are an important part of its business.

1 • Exhibits 17 and 19 to Rimini's Appendix are highly confidential excerpts of Oracle's copyrighted technical documents. These documents contain valuable information about Oracle software and are the subject of Oracle's first cause of action for copyright infringement. Oracle only shares these documents with licensees who have active support contracts. Disclosing the documents would erode the documents' value and would undermine Oracle's efforts to encourage its customers to renew their support contracts.

• Exhibits 20, 21, 22, and 23 to Rimini's Appendix are confidential and highly confidential internal communications related to Oracle's competitive analysis of the third-party support market and certain confidential business practices related to a specific customer.[1]

• Exhibit 3 to Rimini's Appendix at 56:12-57:8 recites terms from the highly confidential license agreement between Oracle and Crestone International, relating to CedarCrestone's use of Oracle's software. These terms are not disclosed in the ordinary course. Publicizing them would undermine Oracle's ongoing licensing efforts, which are an important part of Oracle's business.

These documents pertain to confidential pricing policies, license negotiations, internal business practices, competitive intelligence, Oracle's relationships with its customer base, and other extremely sensitive non-public information. Thus, there is a compelling reason for sealing the documents. *E.g.*, *Selling Source*, 2011 WL 1630338 at *6 ("Where the material includes information about . . . agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process."); *Golden Boy Promotions, Inc. v. Top Rank, Inc.*, 2011 WL 686362, *2 (D. Nev. Feb. 17, 2011) (sealing records even though parties "failed to mention

---

[1] Although the expert report of Randall Davis includes highly confidential information, Oracle does not believe a Highly Confidential designation applies to the specific portion of the report that Rimini attached to its Appendix as Exhibit 5.

1  specific harms that could occur," because information was not intended to become public, and, if
2  disclosed, could have caused business harm); *Stone v. Advance America, Cash Advance Centers,*
3  *Inc.*, 2011 WL 662972, *3 (S.D. Cal. Feb. 11, 2011) (sealing documents because they "might
4  become a vehicle for improper purposes in the hands of business competitors").

6      For the foregoing reasons, Oracle supports Rimini's request to file the documents
7  discussed above under seal.

9  DATED: May 14, 2012      BINGHAM McCUTCHEN LLP

11      By: /s/ Geoffrey M. Howard
12          Geoffrey M. Howard
        Attorneys for Plaintiffs
13          Oracle USA, Inc., Oracle America, Inc.,
        and Oracle International Corp.