# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-----------------------X

IN THE MATTER OF:

ORACLE, INC. et al

Petitioner,
Docket No.:
    -cv00106LRHPAL
Vs.

RIMINI STREET, INC. et al

Respondent.

-----------------------X

March 29, 2011

HELD AT:

BEFORE:                  HONORABLE PEGGY A. LEEN,
Judge

APPEARANCES:        GEOFFREY HOWARD, ESQ.
Attorney for the Petitioner
BINGHAM MCCUTCHEN
Three Embarcadero Center
San Francisco, CA 94111
415-393-2000


WEST ALLEN, ESQ.

Attorney for the Respondent

LEWIS AND ROCA

3993 Howard Hughes Pkwy, Suite 600

Las Vegas, NV 89169

702-949-8230


TRANSCRIBER:        EMILY HOWARD

OCEEDINGS

Page 22

1   the scope of their proper license, they want to do
2   what they're allowed to do within the scope of that
3   proper license to ask somebody else to come and help
4   them, what they would basically do themselves, if
5   they could, but they can't, don't have time, don't
6   know how to do it, so they ask a third-party to come
7   in and do basically what they would like to do.
8           THE COURT:  Hence the argument that what
9   your client is doing is perfectly lawful.
10          MR. ALLEN:  That's true.  But that goes
11  right to the issue of how you grapple with all the
12  discovery that the Plaintiff would like to do--
13          THE COURT:  [Interposing] And that's why I'm
14  asking them is some bifurcation--does some
15  bifurcation make sense?  Can you limit--can you agree
16  upon a statement of facts?  They want to know the
17  universe of what it is that you're doing before they
18  bite into--
19          MR. ALLEN:  [Interposing] Well, I think Your
20  Honor made an excellent starting suggestion, which is
21  let's look at this issue of licensing, because the
22  way I viewed the client's - - this case just less
23  than a day or two ago, is that the first question
24  everyone, uh, asked is are these consumers allowed to
25  do, within the scope of their licenses, what they're

Page 23

1   asking Rimini to do?
2           And I just heard the issue of cross, uh--or
3   using, uh, software for things they're not supposed
4   to do.  From what I've seen at Rimini, all they ever
5   do is exactly what the consumer could do.  And to the
6   extent that Oracle's worried about cross-using of
7   licenses, they are meticulous--and this is why it's
8   not like the SAP case--they are meticulous at making
9   sure--
10          THE COURT:  [Interposing] They think your
11  client has, uh, erased data that makes it difficult
12  to trace exactly what you've done, that you've
13  deleted data.
14          MR. ALLEN:  From what I've seen so far, this
15  client is very meticulous about making sure that they
16  do exactly what that consumer has a license to do.
17  And to the extent they might, uh, create economies of
18  scale by taking what Consumer A can do and it's
19  exactly what Consumer B can do, they may create
20  economies of scale doing the exact same thing for
21  Consumer B within the parameters and the scope of the
22  license that Consumer B's allowed to do, which
23  matches what Consumer A did.
24          THE COURT:  And what is--
25          MR. ALLEN:  [Interposing] Now they want to

Page 24

1   call that cross-using software improperly, but--but
2   really it's not.  It's within the parameters of the
3   license doing what that consumer is entitled to do.
4   And--and maybe the way for this case to get resolved
5   is to just define--uh, Oracle can define and we can
6   all agree what's appropriate.
7           I think the concern in this case is that
8   Oracle's reporting to its shareholders, they want to
9   do what they did with SAP, which is eliminate the
10  whole side industry and keep that for themselves.
11  And of course they would want to do that.  Um, all of
12  us would if that's what we could do.  But the real
13  issue is what this proper--
14          THE COURT:  [Interposing] If it belongs to
15  them, they can and if it doesn't, they can't.  I
16  mean…
17          MR. ALLEN:  That's right.  And consumers, we
18  believe, have a right to have a third party come in,
19  within the proper scope of their license, fix and
20  make updates and do repairs--
21          THE COURT:  [Interposing] Right.  So is the
22  issue resolvable as a matter of law and a reasonable
23  amount of discovery, Mr. Allen?  That's what I asked
24  the Plaintiff, I hope, in plain English, without
25  going through the massive project that this is.

Page 25

1   Would you agree--can you agree with the Plaintiff on
2   what a representative sample of the discovery is to
3   present the issue to a judge to get a decision as a
4   matter of law and what it is that you are doing?
5           First, can you agree on what you're doing?
6   And two, can you, uh, agree, uh, on whether, uh,
7   there's a--a small enough universe of licenses that
8   are involved?  And three, can you frame the issue for
9   dispositive motion practice?
10          MR. ALLEN:  I would say on behalf of Rimini,
11  yes.  In fact, that's one of the reasons we were here
12  today, to make sure that that's what happens, as
13  opposed to what I perceive has happened, is Oracle
14  thought this might be just SAP Case II.  They came in
15  and realize that it was not, because this company is
16  very meticulous in making sure that they do only what
17  that licensee can do.
18          And so what's happened, in my view so far,
19  is that Oracle now realizes we don't have the massive
20  what they would deem as fraud or improper conduct.
21  What we might have, if we can get enough samples, is
22  individual episodes of maybe a little error here, a
23  little error there and couple those all together and
24  be able to show this horrible story.
25          But what the truth is is we're here because

OCEEDINGS

Page 46

```
 1   of any depth.  At least, it is for me.
 2           So we'll see you back, see if we have, uh,
 3   some, um, substantial progress and if we have a
 4   proposal for, uh, trimming this down into more
 5   manageable parts.  And if not, that's what I get paid
 6   the big bucks to decide, so…[laughter]  Thank you for
 7   appearing here, counsel.  Good day.
 8           MR. HOWARD:  Thank you, Your Honor.
 9           MR. MILLER:  All rise.
10           [END OF HEARING]
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 47

```
 1           C E R T I F I C A T E
 2
 3
 4   I, Emily Howard certify that the foregoing transcript of
 5
     proceedings in the United States District Court of Nevada:
 6
 7   Oracle Inc. et al v Rimini Street, Inc. et al Docket No.
 8
       -cv00106LRHPAL  was prepared using the required
 9
10   transcription equipment and is a true and accurate record
11
     of the proceedings.
12
13
14
15
     Signature:
16
17   Date:  April 8, 2011
18
19
20
21
22
23
24
25
```

# EXHIBIT 2

Page 1

1       UNITED STATES DISTRICT COURT

2      DISTRICT OF NEVADA (Las Vegas)

3    _____

4    In the matter of:

5    ORACLE USA, INC., a Colorado corporation;

6    ORACLE AMERICA, INC., a Delaware Corporation;

7    and ORACLE INTERNATIONAL CORPORATION,

8    a California corporation,

9             Plaintiffs,        Case No. 2:10-cv-0106-LRH-PAL

10   v.

11

12   RIMINI STREET, INC., a Nevada corporation; and

13   SETH RAVIN, an individual,

14             Defendants.

15   _____

16

17             Lloyd D. George U.S. Courthouse

18             333 Las Vegas Blvd. South

19             Las Vegas, NV

20             November 8, 2011

21             9:00 AM

22

23   B E F O R E:

24   HON. MAGISTRATE PEGGY A. LEEN

25   DISTRICT COURT JUDGE

| | |
|---|---|
| 1   corporation that has superior knowledge | 1   relevant.  They were not disclosed as a |
| 2   to Ms. Williams about this issue? | 2   source of information.  We found them by |
| 3       MR. RECKERS:  No.  And so that's one | 3   asking questions in depositions and then |
| 4   of the reasons we put it in our brief. | 4   by finding a remnant of a file in a |
| 5   And the deposition transcript just went | 5   personal virtual machine from one of our |
| 6   final.  So I think that with her | 6   witnesses that was the menu for the |
| 7   testimony -- she was deposed, obviously, | 7   SharePoint system.  And it was revelatory |
| 8   on this important issue at some length. | 8   because what it shows is links between |
| 9       THE COURT:  You're telling me that | 9   the different materials that are on there |
| 10   this is the best answer that your | 10   that are the specific materials that are |
| 11   corporation can provide because she is | 11   central to the case.  The software copies |
| 12   the most knowledgeable person and she has | 12   that they have, the way that they label |
| 13   what level of detail the corporation has. | 13   those, the way that they bring them up. |
| 14       MR. RECKERS:  Absolutely. | 14   Exhibit R, to my -- to the Howard |
| 15       THE COURT:  And you're bound by | 15   declaration, is one of the exhibits that |
| 16   that. | 16   we used in that deposition.  It was Mr. |
| 17       MR. RECKERS:  Yes, Your Honor. | 17   Conway's (ph.) deposition. |
| 18       THE COURT:  And you're not going to | 18       So there is an important category of |
| 19   claim that she's incorrect? | 19   information that you can only have, and |
| 20       MR. RECKERS:  If we -- we're going | 20   our experts can only have, by seeing the |
| 21   to put the citations down and we're going | 21   interrelationship that is revealed |
| 22   to review the citations and put the ones | 22   through the dynamic system that is |
| 23   down that the corporation was bound by. | 23   SharePoint, how it's used, how they're |
| 24   And as I stand here today, my general | 24   brought out, how they're labeled, what |
| 25   understanding is that she's correct and | 25   they mean.  That's how they use the |
| Page 18 | Page 20 |

| | |
|---|---|
| 1   that is the corporation's answers to | 1   software. |
| 2   these questions. | 2       What we do have as a result, |
| 3       THE COURT:  And how soon are you | 3   violates Rule 34 both because it doesn't |
| 4   going to be in a position to supplement | 4   reveal those characteristics of the data |
| 5   your response with her testimony that's | 5   as they exist in the -- |
| 6   now the corporation's answer? | 6       THE COURT:  But you've reached an |
| 7       MR. RECKERS:  It certainly can be | 7   agreement to the beginning of this case |
| 8   served within the next ten days. | 8   about what you were going to do and if |
| 9       THE COURT:  Thank you.  Oracle's | 9   what you got in response to the |
| 10   motion to compel omitted responses to | 10   electronic request for data was |
| 11   interrogatories number 24 and 25 is | 11   inadequate.  And you have a procedure in |
| 12   granted to the extent that Rimini shall | 12   place and you've been operating under |
| 13   supplement answers to Interrogatory | 13   that procedure in place to request native |
| 14   number 24 and 25 with the information | 14   information for files in which you agree |
| 15   provided with Ms. Williams clarifying | 15   the .tif version of it is inadequate for |
| 16   that it is the corporation's response and | 16   purposes.  So how are they violating any |
| 17   within fourteen days of today's date and | 17   rule when you reached an agreement about |
| 18   denied in all other respects. | 18   we're going to do it this way at first |
| 19       I'll hear from you on your motion to | 19   and then if you need something else, let |
| 20   compel "Read-Only" access to Rimini's | 20   us know and we'll talk about it and |
| 21   SharePoint internet. | 21   provide it if we think that's reasonable. |
| 22       MR. HOWARD:  Thank you, Your Honor. | 22       MR. HOWARD:  Yeah.  And I think that |
| 23   Geoff Howard.  With respect to the | 23   is all right and true as far as it goes |
| 24   SharePoint materials, I don't think | 24   and it applies and the parties have been |
| 25   there's any dispute that t they are | 25   operating under that quite well with |
| Page 19 | Page 21 |

**Veritext National Deposition & Litigation Services**
**866 299-5127**

I N D E X

R U L I N G S

| DESCRIPTION | PAGE | LINE |
|---|---|---|
| Plaintiffs' request to compel | 19 | 17 |
| amended responses to interrogatories | | |
| #24 and #25 GRANTED to the extent | | |
| defendant shall supplement answers to | | |
| interrogatories with information | | |
| provided by Ms. Williams clarifying that | | |
| it is corporation's response within | | |
| 14 days of this date's hearing and | | |
| DENIED in all other respects | | |
| | | |
| Plaintiffs' request to compel | 29 | 21 |
| read-only access DENIED and | | |
| plaintiffs' counsel shall be | | |
| required to request on an | | |
| individual basis type of information | | |
| and level of detail that they | | |
| are seeking | | |

Page 46

I N D E X, cont'd

R U L I N G S

| DESCRIPTION | PAGE | LINE |
|---|---|---|
| Court will GRANT plaintiff up to 2 | 34 | 4 |
| days to conduct deposition of Mr. | | |
| Ravin subject to defense counsel's | | |
| belief that plaintiff will conduct | | |
| examination that is reasonable and | | |
| not meant to harass witness in any | | |
| way in which case defense may seek | | |
| remedies under Rule 30(d) | | |
| | | |
| Defendants' request for clarification | 37 | 20 |
| concerning pretrial depositions is | | |
| such that no additional depositions | | |
| are permitted after conclusion of | | |
| discovery, after dispositive motions | | |
| have been ruled on and after joint | | |
| pretrial order was filed without | | |
| strong showing of good cause that | | |
| defendants could not have anticipated | | |
| parties named as trial witnesses | | |

Page 47

C E R T I F I C A T I O N

I, Lisa Bar-Leib, hereby certify that the foregoing is a true and correct transcription, to the best of my ability, of the sound recorded proceedings submitted for transcription.

I further certify that I am not employed by nor related to any party to this action.

In witness whereof, I hereby sign this date: November 14, 2011.

_____

LISA BAR-LEIB
AAERT Certified Transcriber (CET**D-486)

Page 48

# EXHIBIT 3

1  BOIES, SCHILLER & FLEXNER LLP
   RICHARD J. POCKER (NV Bar No. 3568)
2  300 South Fourth Street, Suite 800
   Las Vegas, NV 89101
3  Telephone: (702) 382-7300
   Facsimile: (702) 382-2755
4  rpocker@bsfllp.com

5  BOIES, SCHILLER & FLEXNER LLP
   STEVEN C. HOLTZMAN (pro hac vice)
6  FRED NORTON (pro hac vice)
   KIERAN P. RINGGENBERG (pro hac vice)
7  1999 Harrison Street, Suite 900
   Oakland, CA 94612
8  Telephone: (510) 874-1000
   Facsimile: (510) 874-1460
9  sholtzman@bsfllp.com
   fnorton@bsfllp.com
10 kringgenberg@bsfllp.com

11 Attorneys for Oracle USA, Inc., Oracle
   America, Inc., and Oracle International
12 Corporation

BINGHAM MCCUTCHEN LLP
GEOFFREY M. HOWARD (pro hac vice)
THOMAS S. HIXSON (pro hac vice)
KRISTEN A. PALUMBO (pro hac vice)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

DORIAN DALEY (pro hac vice)
DEBORAH K. MILLER (pro hac vice)
JAMES C. MAROULIS (pro hac vice)
ORACLE CORPORATION
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

13

14                  **UNITED STATES DISTRICT COURT**

15                      **DISTRICT OF NEVADA**

16

| | |
|---|---|
| 17  ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware 18  corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, 19 <br> Plaintiffs, 20  v. 21  RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual;, 22 <br> Defendants. 23 | CASE NO. 2:10-cv-0106-LRH-PAL <br> **PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC., AND ORACLE INTERNATIONAL CORPORATION'S FIFTH SET OF INTERROGATORIES TO DEFENDANT RIMINI STREET, INC.** |

24

25  PROPOUNDING PARTY:        Plaintiff Oracle International Corporation

26  RESPONDING PARTY:         Defendant Rimini Street, Inc.

27  SET NO.:                  Five

28

                                    1

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs hereby request that

2    Defendant Rimini Street, Inc. answer the following Interrogatories.

3

4                         **DEFINITIONS AND INSTRUCTIONS**

5    For purposes of these Interrogatories:

6        1.    The term "Environment" means a copy of Oracle software that results from

7    installation of that software.

8        2.    The term "Identify" means to give, to the extent known, (1) the name of the item,

9    including product name and type, brand, type of media (e.g., CD), any name You assigned the

10   item, and version number where applicable; (2) the location of the item (physical location or, if

11   stored on an Identified Rimini Computer System, the network location); (3) the total quantity of

12   items; (4) the date on which You acquired or produced the item, and (5) the customer from

13   whom it was obtained and/or in whose name it was being held at the pertinent times.

14       3.    The term "Identified Rimini Computer System(s)" refers to any computer,

15   computer system, server, electronic storage environment, or network device in Rimini's

16   possession, custody, or control, including but not limited to those systems identified or

17   referenced in Rimini Street Inc.'s Responses or First Supplemental Responses to Plaintiffs' First

18   Set of Interrogatories, Nos. 6, 7, 8, 9, 10, 11 or 12.

19       4.    The term "Installation Media" refers to any CD, DVD, download, electronic file,

20   or similar item that can be or has been used to install software on Identified Rimini Computer

21   System(s).

22       5.    The term "Non-Customer Location" means any location on an Identified Rimini

23   Computer System that is not referenced to a unique Rimini customer, is not specific to a unique

24   Rimini customer, or is not exclusively used or designated for a unique Rimini customer.  This

25   includes but is not limited to the following Rimini network locations:  \\rsi-

26   clsvr01\client_software\PeopleSoft, \\rsi-clsvr01\internal_software\, \\rsi-

27   data01\share\client_archives\_ftp.peoplesoft.com\, \\rsi-data01\share\software\oracle, \\rsi-

28   data01\share\software\PeopleSoft, and \\10.12.1.5\fileshare\software\PeopleSoft.

6.      The term "Oracle" refers the plaintiffs named in the April 19, 2010 First Amended Complaint: Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation any of its predecessors, successors, parents, subsidiaries, and affiliates.

7.      The term "Personnel" refers to past and current Rimini employees and any contractors or other third parties hired by Rimini.

8.      The term "Response(s)" refers to Your interrogatory response(s), including any amended and supplemental responses.

9.      The terms "Rimini," "You," and "Your" refer to Rimini Street, Inc., all of its parents, subsidiaries and affiliates, and all of their present and former officers, directors, agents, consultants, attorneys, employees – including Seth Ravin – or other persons acting for or on behalf of any of them.

10.      The term "Software and Support Materials" means software applications and environments, program updates, software updates, bug fixes, patches, custom solutions, and instructional and knowledge base documents for any families of software products provided by Oracle, including but not limited to those of the PeopleSoft, J.D. Edwards, Siebel, and Oracle database families of software products.

11.      The term "Source" means the origin and name of all Installation Media, Software and Support Materials and/or existing Environment used to create an Environment (including all Sources for any predecessor iterations or versions incorporated into an Environment, if applicable), and further includes (1) the network or physical location(s) of the Source at the time it was used; (2) the customer from which or on whose behalf you claim to have obtained each Source (and, if you obtained a Source from Oracle, the website or media from which it was obtained); and (3) the identity (by name) of any other Environment used as a Source.

12.      Unless otherwise stated, the time period covered by these Interrogatories is the time period beginning January 1, 2005.  The topics are not limited to Rimini's current practices, systems, and Personnel. The topics extend to practices, systems, and Personnel in place at any time since January 1, 2005.

13.      These Interrogatories are to be considered continuing in nature, and You must

3

1  promptly furnish supplemental responses if any additional responsive information is discovered

2  or created after Your responses are tendered, or if any of Your responses are subsequently

3  determined to be incorrect, incomplete, or misleading in any respect.

4

5  **INTERROGATORIES**

6  **INTERROGATORY NO. 20:**

7    For each Environment listed on Exhibit A or contained within a virtual machine listed

8  on Exhibit A, Identify the Environment and the Source(s) from which You obtained all

9  Installation Media used to create or modify that Environment.  For example, if an Environment

10  was created by cloning (copying) a previously existing Environment, which in turn was created

11  from Installation Media stored on an Identified Rimini Computer System, which in turn were

12  copied from physical Installation Media obtained directly from a specific client, the response

13  should Identify the origins, names, locations at time of use, customer(s) from which or on whose

14  behalf you claim to have obtained the materials (if applicable), and website(s) or media from

15  which you obtained the materials (if applicable) for (1) the previous Environment, (2) the

16  electronic copy of Installation Media, and (3) the physical Installation Media, and the role of

17  each in serving as a source.

18

19  **INTERROGATORY NO. 21:**

20    For each Environment that ever existed on any Identified Rimini Computer System

21  (excluding Environments listed on Exhibit A or contained within a virtual machine listed on

22  Exhibit A), including but not limited to the Environments listed on Exhibit B or contained within

23  a virtual machine listed on Exhibit B, Identify the Environment and the Source(s) from which

24  You obtained all Installation Media used to create or modify that Environment.  For example, if

25  an Environment was created by cloning (copying) a previously existing Environment, which in

26  turn was created from Installation Media stored on an Identified Rimini Computer System, which

27  in turn were copied from physical Installation Media obtained directly from a specific client, the

28  response should Identify the origins, names, locations at time of use, customer(s) from which or

4

1  on whose behalf you claim to have obtained the materials (if applicable), and website(s) or media

2  from which you obtained the materials (if applicable) for (1) the previous Environment, (2) the

3  electronic copy of Installation Media, and (3) the physical Installation Media, and the role of

4  each in serving as a source.

5

6  **INTERROGATORY NO. 22:**

7  For each Environment Identified in Your Responses to Interrogatories No. 20 and 21,

8  Identify the Source(s) from which You obtained all fixes, patches, updates, and other Software

9  and Support Materials (other than Installation Media) used to create or modify that Environment.

10  For example, if an Environment was modified by applying bundles from Oracle, TomorrowNow

11  and Rimini Street, the response should Identify the name, the sources and the locations of each of

12  those bundles, customer(s) from which or on whose behalf you claim to have obtained the

13  materials (if applicable), and website(s) or media from which you obtained the materials (if

14  applicable).

15

16  **INTERROGATORY NO. 23:**

17  For every Environment Identified in your Responses to Interrogatories No. 20 and 21,

18  describe each instance in which the Environment (including any Software and Support Materials

19  contained therein) was copied or used for a customer other than the specific customer, if any,

20  from which or on whose behalf You claim to have obtained the Environment.  If You do not

21  claim to have obtained a particular Environment from or on behalf of a specific customer,

22  describe each instance in which that copy of that Environment (or of any Software and Support

23  Materials contained therein) was copied or used.

24

25  **INTERROGATORY NO. 24:**

26  Identify every copy of any Software and Support Material that is or has at any time

27  been stored at each Non-Customer Location, and the Non-Customer location where it was stored.

28  If any Non-Customer Locations have existed for which You cannot identify any particular

1   Software and Support Material stored at that location, Identify each such Non-Customer

2   Location.

3

4   **INTERROGATORY NO. 25:**

5        For every copy of Software and Support Materials identified in your Response to

6   Interrogatory No. 24, describe each instance in which the copy of Software and Support

7   Materials was copied or used for a customer other than the specific customer, if any, from which

8   or on whose behalf You claim to have obtained the Software and Support Materials that was

9   copied or used.  If You do not claim to have obtained a copy of Software and Support Materials

10  indentified in your Response to Interrogatory No. 24 from or on behalf of a specific customer,

11  describe each instance in which that copy of Software and Support Materials was copied or used.

12

13  DATED:  May 25, 2011                    Bingham McCutchen LLP

14

15

16                                         By: _____

17                                              Thomas S. Hixson
                                                Attorneys for Plaintiffs
                                         Oracle USA, Inc., Oracle America, Inc., and
18                                              Oracle International Corporation

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' FIFTH SET OF INTERROGATORIES TO DEFENDANT RIMINI STREET

**PROOF OF SERVICE**

1

2         I am a citizen of the United States, over 18 years of age, not a party to this

3 action and employed in the County of San Francisco, California at Three Embarcadero Center,

4 San Francisco, California  94111-4067.

5         Today I served the foregoing:

6         PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC.,
          AND ORACLE INTERNATIONAL CORPORATION'S FIFTH

7         SET OF INTERROGATORIES TO DEFENDANT RIMINI
          STREET, INC.

8

9 by causing a true and correct copy of the above to be hand delivered in a sealed envelope with all

10 fees fully paid, addressed as follows:

11         Eric Buresh, Esq.
          Shook, Hardy & Bacon L.L.P.

12         2555 Grand Blvd.

13         Kansas City, Missouri  64108

14         I declare that I effected the service at the direction of a member of the bar of this

15 court and that this declaration was executed on May 25, 2011.

16

17               _____

18               Shirlyn Kim

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 4

SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. *(pro hac vice)*
Eric Buresh, Esq. *(pro hac vice)*
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
eburesh@shb.com

Robert H. Reckers, Esq. *(pro hac vice)*
600 Travis Street, Suite 1600
Houston, Texas   77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
WAllen@LRLaw.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

*Attorneys for Defendants*
*RIMINI STREET, INC. and SETH RAVIN*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual, <br><br> Defendants. | Case No. 2:10-cv-0106-LRH-PAL <br><br> **DEFENDANT RIMINI STREET INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES NOS. 24 AND 25** |

        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Rimini Street, Inc.

("Rimini Street") provides the following responses to Oracle USA, Inc., Oracle America, Inc., and

Oracle International Corp.'s ("Oracle" or "Plaintiff") Fifth Set of Interrogatories.

**GENERAL OBJECTIONS**

Rimini Street incorporates its prior General and Specific Objections, stated in Rimini Street's Objections and Responses to Plaintiffs' First Set of Interrogatories, which were served on June 1, 2010, and in Rimini Streets Objections and Responses to Plaintiffs' Fifth Set of Interrogatories, which were served on July 11, 2011.

**RESPONSES AND SPECIFIC OBJECTIONS**

**INTERROGATORY NO. 24:**

Identify every copy of any Software and Support Material that is or has at any time been stored at each Non-Customer Location, and the Non-Customer location where it was stored. If any Non-Customer Locations have existed for which you cannot identify any particular Software and Support Material stored at that location, Identify each such Non-Customer Location.

**ORIGINAL ANSWER (July 11, 2011):**

Rimini Street objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information for "any" materials that "is or has at any time" stored in the various identified locations.  Rimini Street objects to this interrogatory to the extent it seeks information that is not within the possession, custody, or control of Rimini Street.   Rimini Street objects to the term "Non-Customer Location," and Oracle's definition of this term, as vague, ambiguous, overbroad and unduly burdensome.  Accordingly, and without conceding that Oracle's Specified Locations meet Oracle's definition of Non-Customer Locations, Rimini will provide an answer for the Oracle Specified Locations.  Rimini Street further objects to this interrogatory on the grounds that it would require Rimini Street to create a compilation, abstract, or summary from documents that Rimini Street has produced or will produce to Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, Rimini Street responds as follows:

1    Rimini responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has

2    produced and/or will produce documents from which the answer to this Interrogatory can be

3    ascertained, including but not limited to the following:

4    Exhibit 3, which lists Bates-numbers for documents regarding the Oracle Specified

5    Locations. More specifically, the documents identified by Exhibit 3 indicate the contents of the

6    Oracle Specified Locations, as well as use of such information.

7    **FIRST SUPPLEMENTAL ANSWER (September 8, 2011):**

8    Rimini Street objects to this Interrogatory as overly broad and unduly burdensome to the

9    extent it seeks information for "any" materials that "is or has at any time" stored in the various

10   identified locations. Rimini Street objects to this interrogatory to the extent it seeks information that

11   is not within the possession, custody, or control of Rimini Street. Rimini Street objects to the term

12   "Non-Customer Location," and Oracle's definition of this term, as vague, ambiguous, overbroad and

13   unduly burdensome. Accordingly, and without conceding that Oracle's Specified Locations meet

14   Oracle's definition of Non-Customer Locations, Rimini will provide an answer for the Oracle

15   Specified Locations. Rimini will further provide an answer with respect to network and local

16   computer locations that, at any time, were intended for use, or were regularly used as, repositories of

17   Oracle Software and Support Materials that are not associated with a specific customer. Rimini

18   Street further objects to this interrogatory on the grounds that it would require Rimini Street to create

19   a compilation, abstract, or summary from documents that Rimini Street has produced or will produce

20   to Plaintiffs.

21   Subject to and without waiver of the foregoing general and specific objections, Rimini Street

22   further responds as follows:

23   Rimini identifies the following as locations that currently or at one time included Oracle

24   Software and Support Materials:

25   \\rsi-clsvr01\client_software\PeopleSoft;

26   \\rsi-clsvr01\internal_software;

27   \\rsi-data01\share\client_archives\_ftp.peoplesoft.com;

28

- 3 -

1    \\rsi-data01\share\software\oracle;

2    \\rsi-data01\share\software\PeopleSoft;

3    \\rsi-clsvr01\fileshare\software\Peoplesoft;

4    \\rsi-clsvr01\client_software\For Development Use Only; and

5    \\rsi-clsvr03\d01\install.

6    The location \\rsi-clsvr01\client_software\PeopleSoft has included materials relating to

7    PeopleSoft software. In the past, certain materials at this location may have been used in building

8    environments for a particular client after Rimini verified that the particular client was entitled to

9    these certain materials.

10   The location \\rsi-clsvr01\internal_software was a parent directory with subdirectories that

11   have included installation materials relating to PeopleSoft software and Oracle Database software. In

12   the past, certain materials at this location may have been used in building environments for a

13   particular client after Rimini verified that the particular client was entitled to these certain materials.

14   The location \\rsi-clsvr03\d01\install has included Software and Support Materials. In the

15   past, certain materials at this location may have been used in building environments for a particular

16   client after Rimini verified that the particular client was entitled to these certain materials.

17   The location \\rsi-data01\share\client_archives\_ftp.peoplesoft.com has included materials

18   obtained from PeopleSoft's FTP website. This location was, at one time, intended to be used as a

19   repository for materials for clients that had the right to access such materials through PeopleSoft's

20   FTP site.

21   The location \\rsi-data01\share\software\oracle has included materials relating to Oracle

22   Database software.

23   The location \\rsi-data01\share\software\PeopleSoft has included materials relating to

24   PeopleSoft software.

25   The location \\rsi-clsvr01\client_software\For Development Use Only has included materials

26   relating to Oracle Software and Support Materials. Oracle has had access to this location via VPN

27   for some time.

28
- 4 -

The address \\rsi-clsvr01\fileshare\software\Peoplesoft provides a link to \\rsi-clsvr01\client_software\PeopleSoft, which may include Software and Support materials and described above. Additionally, the address 10.12.1.5 is the IP Address for \\rsi-clsvr01, which may include Software and Support materials as described above. Rimini further responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has produced and/or will produce documents from which the answer to this Interrogatory can be ascertained, including but not limited to the following:

Exhibit 3-1, which lists Bates-numbers for documents regarding the Oracle Specified Locations. More specifically, the documents identified by Exhibit 3-1 indicate the contents of the Oracle Specified Locations, as well as use of such information.

The documents spanning Bates-range RSI02971994-2158, which are Build Requests that may indicate the sources for environment builds.

**SECOND SUPPLEMENTAL ANSWER (November 22, 2011):**

Rimini Street objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information for "any" materials that "is or has at any time" stored in the various identified locations. Rimini Street objects to this interrogatory to the extent it seeks information that is not within the possession, custody, or control of Rimini Street. Rimini Street objects to the term "Non-Customer Location," and Oracle's definition of this term, as vague, ambiguous, overbroad and unduly burdensome. Accordingly, and without conceding that Oracle's Specified Locations meet Oracle's definition of Non-Customer Locations, Rimini will provide an answer for the Oracle Specified Locations. Rimini will further provide an answer with respect to network and local computer locations that, at any time, were intended for use, or were regularly used as, repositories of Oracle Software and Support Materials that are not associated with a specific customer. Rimini Street further objects to this interrogatory on the grounds that it would require Rimini Street to create a compilation, abstract, or summary from documents that Rimini Street has produced or will produce to Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, Rimini Street further responds as follows:

Rimini identifies the following as locations that currently or at one time included Oracle Software and Support Materials:

\\rsi-clsvr01\client_software\PeopleSoft;

\\rsi-clsvr01\internal_software;

\\rsi-data01\share\client_archives\_ftp.peoplesoft.com;

\\rsi-data01\share\software\oracle;

\\rsi-data01\share\software\PeopleSoft;

\\rsi-clsvr01\fileshare\software\Peoplesoft;

\\rsi-clsvr01\client_software\For Development Use Only; and

\\rsi-clsvr03\d01\install.

The location \\rsi-clsvr01\client_software\PeopleSoft has included materials relating to PeopleSoft software. In the past, certain materials at this location may have been used in building environments for a particular client after Rimini verified that the particular client was entitled to these certain materials.

The location \\rsi-clsvr01\internal_software was a parent directory with subdirectories that have included installation materials relating to PeopleSoft software and Oracle Database software. In the past, certain materials at this location may have been used in building environments for a particular client after Rimini verified that the particular client was entitled to these certain materials.

The location \\rsi-clsvr03\d01\install has included Software and Support Materials. In the past, certain materials at this location may have been used in building environments for a particular client after Rimini verified that the particular client was entitled to these certain materials.

The location \\rsi-data01\share\client_archives\_ftp.peoplesoft.com has included materials obtained from PeopleSoft's FTP website. This location was, at one time, intended to be used as a repository for materials for clients that had the right to access such materials through PeopleSoft's FTP site.

The location \\rsi-data01\share\software\oracle has included materials relating to Oracle Database software.

The location \\rsi-data01\share\software\PeopleSoft has included materials relating to PeopleSoft software.

The location \\rsi-clsvr01\client_software\For Development Use Only has included materials relating to Oracle Software and Support Materials. Oracle has had access to this location via VPN for some time.

The address \\rsi-clsvr01\fileshare\software\Peoplesoft provides a link to \\rsi-clsvr01\client_software\PeopleSoft, which may include Software and Support materials and described above. Additionally, the address 10.12.1.5 is the IP Address for \\rsi-clsvr01, which may include Software and Support materials as described above.

The testimony from the October 5, 2011 deposition of Krista Williams at 24:24-26:14, 27:7-28:2, 28:14-30:6, 32:1-33:19, 36:5-39:21, 45:19-46:5, 54:3-54:25, 56:18-57:18, 58:13-59:18, 60:9-62:5, 63:4-63:17, and 190:1-190:21.

Rimini further responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has produced and/or will produce documents from which the answer to this Interrogatory can be ascertained, including but not limited to the following:

Exhibit 3-1, which lists Bates-numbers for documents regarding the Oracle Specified Locations. More specifically, the documents identified by Exhibit 3-1 indicate the contents of the Oracle Specified Locations, as well as use of such information.

The documents spanning Bates-range RSI02971994-2158, which are Build Requests that may indicate the sources for environment builds.

**<u>INTERROGATORY NO. 25:</u>**

For every copy of Software and Support Materials identified in your Response to Interrogatory No. 24, describe each instance in which the copy of Software and Support Materials was copied or used for a customer other than the specific customer, if any, from which or on whose behalf You claim to have obtained the Software and Support Materials that was copied or used. If you do not claim to have obtained a copy of Software and Support Materials indentified in your

1   Response to Interrogatory No. 24 from or on behalf of a specific customer, describe each instance in

2   which that copy of Software and Support Materials was copied or used.

3   **ORIGINAL ANSWER (July 11, 2011):**

4   Rimini Street objects to this Interrogatory as overly broad and unduly burdensome. Rimini

5   Street objects to this interrogatory to the extent it seeks information that is not within the possession,

6   custody, or control of Rimini Street.  Rimini Street objects to the phrases "Non-Customer Location,"

7   and "used for a customer other than the specific customer" on the grounds and to the extent they are

8   vague and ambiguous.  Rimini Street further objects to this interrogatory on the grounds that it

9   would require Rimini Street to create a compilation, abstract, or summary from documents that

10  Rimini Street has produced or will produce to Plaintiffs.

11  Subject to and without waiver of the foregoing general and specific objections, Rimini Street

12  responds as follows:

13  Rimini further responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has

14  produced and/or will produce documents from which the answer to this Interrogatory can be

15  ascertained, including but not limited to the following:

16  Exhibit 3, which lists Bates-numbers for documents regarding the Oracle Specified

17  Locations. More specifically, the documents identified by Exhibit 3 indicate the contents of the

18  Oracle Specified Locations, as well as use of such information.

19  **FIRST SUPPLEMENTAL ANSWER (September 8, 2011):**

20  Rimini Street objects to this Interrogatory as overly broad and unduly burdensome. Rimini

21  Street objects to this interrogatory to the extent it seeks information that is not within the possession,

22  custody, or control of Rimini Street.  Rimini Street objects to the phrases "Non-Customer Location,"

23  and "used for a customer other than the specific customer" on the grounds and to the extent they are

24  vague and ambiguous.  Rimini will further provide an answer with respect to network and local

25  computer locations that, at any time, were intended for use, or were regularly used as, repositories of

26  Oracle Software and Support Materials that are not associated with a specific customer.  Rimini

27  Street further objects to this interrogatory on the grounds that it would require Rimini Street to create

28

RIMINI'S SECOND SUPPLEMENTAL RESPONSES TO ORACLE'S INTERROGATORIES NOS. 24 AND 25
342490 v1

1  a compilation, abstract, or summary from documents that Rimini Street has produced or will produce

2  to Plaintiffs.

3       Subject to and without waiver of the foregoing general and specific objections, Rimini Street

4  further responds as follows:

5       Rimini identifies the following as locations that currently or at one time included Oracle

6  Software and Support Materials:

7       \\rsi-clsvr01\client_software\PeopleSoft;

8       \\rsi-clsvr01\internal_software;

9       \\rsi-data01\share\client_archives\_ftp.peoplesoft.com;

10      \\rsi-data01\share\software\oracle;

11      \\rsi-data01\share\software\PeopleSoft;

12      \\rsi-clsvr01\fileshare\software\Peoplesoft;

13      \\rsi-clsvr01\client_software\For Development Use Only; and

14      \\rsi-clsvr03\d01\install.

15      The location \\rsi-clsvr01\client_software\PeopleSoft has included materials relating to

16  PeopleSoft software. In the past, certain materials at this location may have been used in building

17  environments for a particular client after Rimini verified that the particular client was entitled to

18  these certain materials.

19      The location \\rsi-clsvr01\internal_software was a parent directory with subdirectories that

20  have included installation materials relating to PeopleSoft software and Oracle Database software. In

21  the past, certain materials at this location may have been used in building environments for a

22  particular client after Rimini verified that the particular client was entitled to these certain materials.

23      The location \\rsi-clsvr03\d01\install has included Software and Support Materials. In the

24  past, certain materials at this location may have been used in building environments for a particular

25  client after Rimini verified that the particular client was entitled to these certain materials.

26      The location \\rsi-data01\share\client_archives\_ftp.peoplesoft.com has included materials

27  obtained from PeopleSoft's FTP website. This location was, at one time, intended to be used as a

28

- 9 -

repository for materials for clients that had the right to access such materials through PeopleSoft's FTP site.

The location \\rsi-data01\share\software\oracle has included materials relating to Oracle Database software.

The location \\rsi-data01\share\software\PeopleSoft has included materials relating to PeopleSoft software.

The location \\rsi-clsvr01\client_software\For Development Use Only has included materials relating to Oracle Software and Support Materials. Oracle has had access to this location via VPN for some time.

The address \\rsi-clsvr01\fileshare\software\Peoplesoft provides a link to \\rsi-clsvr01\client_software\PeopleSoft, which may include Software and Support materials and described above. Additionally, the address 10.12.1.5 is the IP Address for \\rsi-clsvr01, which may include Software and Support materials as described above.

Rimini further responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has produced and/or will produce documents from which the answer to this Interrogatory can be ascertained, including but not limited to the following:

Exhibit 3-1, which lists Bates-numbers for documents regarding the Oracle Specified Locations. More specifically, the documents identified by Exhibit 3-1 indicate the contents of the Oracle Specified Locations, as well as use of such information.

The documents spanning Bates-range RSI02971994-2158, which are Build Requests that may indicate the sources for environment builds.

**SECOND SUPPLEMENTAL ANSWER (November 22, 2011):**

Rimini Street objects to this Interrogatory as overly broad and unduly burdensome. Rimini Street objects to this interrogatory to the extent it seeks information that is not within the possession, custody, or control of Rimini Street.  Rimini Street objects to the phrases "Non-Customer Location," and "used for a customer other than the specific customer" on the grounds and to the extent they are vague and ambiguous.  Rimini will further provide an answer with respect to network and local

computer locations that, at any time, were intended for use, or were regularly used as, repositories of Oracle Software and Support Materials that are not associated with a specific customer.   Rimini Street further objects to this interrogatory on the grounds that it would require Rimini Street to create a compilation, abstract, or summary from documents that Rimini Street has produced or will produce to Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, Rimini Street further responds as follows:

Rimini identifies the following as locations that currently or at one time included Oracle Software and Support Materials:

\\rsi-clsvr01\client_software\PeopleSoft;

\\rsi-clsvr01\internal_software;

\\rsi-data01\share\client_archives\_ftp.peoplesoft.com;

\\rsi-data01\share\software\oracle;

\\rsi-data01\share\software\PeopleSoft;

\\rsi-clsvr01\fileshare\software\Peoplesoft;

\\rsi-clsvr01\client_software\For Development Use Only; and

\\rsi-clsvr03\d01\install.

The location \\rsi-clsvr01\client_software\PeopleSoft has included materials relating to PeopleSoft software. In the past, certain materials at this location may have been used in building environments for a particular client after Rimini verified that the particular client was entitled to these certain materials.

The location \\rsi-clsvr01\internal_software was a parent directory with subdirectories that have included installation materials relating to PeopleSoft software and Oracle Database software. In the past, certain materials at this location may have been used in building environments for a particular client after Rimini verified that the particular client was entitled to these certain materials.

1    The location \\rsi-clsvr03\d01\install has included Software and Support Materials. In the

2  past, certain materials at this location may have been used in building environments for a particular

3  client after Rimini verified that the particular client was entitled to these certain materials.

4    The location \\rsi-data01\share\client_archives\_ftp.peoplesoft.com has included materials

5  obtained from PeopleSoft's FTP website. This location was, at one time, intended to be used as a

6  repository for materials for clients that had the right to access such materials through PeopleSoft's

7  FTP site.

8    The location \\rsi-data01\share\software\oracle has included materials relating to Oracle

9  Database software.

10   The location \\rsi-data01\share\software\PeopleSoft has included materials relating to

11  PeopleSoft software.

12   The location \\rsi-clsvr01\client_software\For Development Use Only has included materials

13  relating to Oracle Software and Support Materials. Oracle has had access to this location via VPN

14  for some time.

15   The address \\rsi-clsvr01\fileshare\software\Peoplesoft provides a link to \\rsi-

16  clsvr01\client_software\PeopleSoft, which may include Software and Support materials and

17  described above. Additionally, the address 10.12.1.5 is the IP Address for \\rsi-clsvr01, which may

18  include Software and Support materials as described above.

19   The testimony from the October 5, 2011 deposition of Krista Williams at 24:24-26:14, 27:7-

20  28:2, 28:14-30:6, 32:1-33:19, 36:5-39:21, 45:19-46:5, 54:3-54:25, 56:18-57:18, 58:13-59:18, 60:9-

21  62:5, 63:4-63:17, and 190:1-190:21.

22   Rimini further responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has

23  produced and/or will produce documents from which the answer to this Interrogatory can be

24  ascertained, including but not limited to the following:

25   Exhibit 3-1, which lists Bates-numbers for documents regarding the Oracle Specified

26  Locations. More specifically, the documents identified by Exhibit 3-1 indicate the contents of the

27  Oracle Specified Locations, as well as use of such information.

28

RIMINI'S SECOND SUPPLEMENTAL RESPONSES TO ORACLE'S INTERROGATORIES NOS. 24 AND 25
342490 v1

1    The documents spanning Bates-range RSI02971994-2158, which are Build Requests that

2  may indicate the sources for environment builds.

3

4

5  Dated: November 22, 2011

6                                                   /s/ Robert H. Reckers

7                                                   SHOOK, HARDY & BACON LLP
                                                    B. Trent Webb, Esq.
8                                                   Eric Buresh, Esq.
                                                    2555 Grand Boulevard
9                                                   Kansas City, Missouri 64108-2613
                                                    Telephone: (816) 474-6550
10                                                  Facsimile: (816) 421-5547
                                                    bwebb@shb.com
11                                                  eburesh@shb.com

12                                                  Robert H. Reckers, Esq.
13                                                  600 Travis Street, Suite 1600
                                                    Houston, Texas   77002
14                                                  Telephone: (713) 227-8008
                                                    Facsimile: (731) 227-9508
15                                                  rreckers@shb.com

16

17

18

19

20

21

22

23

24

25

26

27

28

RIMINI'S SECOND SUPPLEMENTAL RESPONSES TO ORACLE'S INTERROGATORIES NOS. 24 AND 25
342490 v1

1

2

3

**CERTIFICATE OF SERVICE**

4

     I hereby certify that the foregoing was served on the November 22, 2011 via email, as

5

indicated below.

6

7

BOIES, SCHILLER & FLEXNER LLP

8

RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800

9

Las Vegas, NV 89101
Telephone: (702) 382-7300

10

Facsimile: (702) 382-2755
rpocker@bsfllp.com

11

12

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)

13

FRED NORTON (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)

14

1999 Harrison Street, Suite 900
Oakland, CA 94612

15

Telephone: (510) 874-1000
Facsimile: (510) 874-1460

16

sholtzman@bsfllp.com
fnorton@bsfllp.com

17

kringgenberg@bsfllp.com

18

BINGHAM MCCUTCHEN LLP
GEOFFREY M. HOWARD (*pro hac vice*)
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

ORACLE CORPORATION
JAMES C. MAROULIS (*pro hac vice*)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
jim.maroulis@oracle.com

19

20

By:   */s/ Robert H. Reckers*

21

    Robert H. Reckers.

22

23

24

25

26

27

28

- 14 -

# EXHIBIT 5
# FILED UNDER SEAL

# EXHIBIT 6
# FILED UNDER SEAL

# EXHIBIT 7

1  SHOOK, HARDY & BACON LLP
   B. Trent Webb, Esq. *(pro hac vice)*

2  Eric Buresh, Esq. *(pro hac vice)*
   2555 Grand Boulevard

3  Kansas City, Missouri 64108-2613
   Telephone: (816) 474-6550

4  Facsimile: (816) 421-5547

5  bwebb@shb.com
   eburesh@shb.com

6
   Robert H. Reckers, Esq. *(pro hac vice)*

7  600 Travis Street, Suite 1600
   Houston, Texas   77002

8  Telephone: (713) 227-8008
   Facsimile: (731) 227-9508

9  rreckers@shb.com

10

11

12

13

14

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
WAllen@LRLaw.com

*Attorneys for Defendants*
*RIMINI STREET, INC. and SETH RAVIN*

15

16          UNITED STATES DISTRICT COURT
            DISTRICT OF NEVADA

17

18  ORACLE USA, INC., a Colorado corporation;
    ORACLE AMERICA, INC., a Delaware

19  corporation; and ORACLE INTERNATIONAL
    CORPORATION, a California corporation,

20  Plaintiffs,

21  v.

22  RIMINI STREET, INC. , a Nevada corporation;

23  SETH RAVIN, an individual,

24  Defendants.

Case No. 2:10-cv-0106-LRH-PAL

**DEFENDANT RIMINI STREET INC.'S
SECOND AMENDED RESPONSES
AND OBJECTIONS TO PLAINTIFFS'
THIRD SET OF REQUESTS FOR
ADMISSIONS TO DEFENDANT
RIMINI STREET, INC.**

25        Pursuant to Federal Rules of Civil Procedure 26 and 36, Rimini Street, Inc. ("Rimini

26  Street"), by and through its undersigned counsel, responds to Oracle USA, Inc., Oracle America,

27  Inc., and Oracle International Corp.'s ("Oracle") Third Set of Requests for Admissions

28  ("Requests").

## GENERAL OBJECTIONS

The following General Objections shall be deemed incorporated into the objections and Responses to each and every specific Request for Admission.  To the extent that specific General Objections are cited in a specific Response, those specific objections are provided because they are believed to be particularly applicable to the specific Request.  If Rimini Street specifically refers to General Objections in a Response, Rimini Street does not intend to waive any other General Objection applicable to information falling within the scope of the Request.

1. Rimini Street objects to Plaintiff's Requests to the extent that Plaintiff seeks to require Rimini Street to provide any information beyond what is available to Rimini Street at present from a reasonable search of its own files and a reasonable inquiry of its present employees likely to have the information necessary to admit or deny these requests.

2. Rimini Street objects to Plaintiff's Requests to the extent that Plaintiff seeks to impose on Rimini Street any other obligation not imposed by the Federal Rules of Civil Procedure or the Local Rules for the District of Nevada.

3. Rimini Street objects to the disclosure of information protected by the attorney-client privilege and/or work-product immunity.

4. Rimini Street objects to Plaintiff's Requests to the extent they call upon Rimini Street to admit or deny information that is irrelevant to the subject matter of this action. Rimini Street does not concede that any Request to which it responds is relevant to the subject matter of this litigation.

5. Rimini Street objects to these Requests to the extent they contravene the purposes underlying Federal Rule of Civil Procedure 36 to narrow the issues in this case and facilitate proof with respect to issues that can be eliminated.  By way of example and without limitation, Rimini Street objects to these Requests to the extent they seek admissions related to highly contested issues, rather than admissions related to non-contested issues that could narrow the issues in this case.  Rimini Street also objects to these Requests to the extent they seek admissions related to unidentified materials, which would not facilitate proof relating to issues that can be eliminated from this case.

6.      Rimini Street objects to these Requests to the extent they contain vague, ambiguous, and non-specific statements.

7.      Rimini Street objects to these Requests to the extent they cannot be admitted or denied without providing commentary.

8.      Rimini Street objects to the definition of the phrase "more than a de minimis or trivial amount of protectable expression" to the extent it seeks to incorporate legal conclusions.

9.      Rimini Street objects to the definitions of the terms "Complete or Partial Copy", "Environment," "Oracle Database Software," "Oracle Enterprise Software," and "Software and Support Materials" to the extent that, when read together, the definitions are convoluted and circular.

10.     Rimini objects to the definition of the terms "Internal Software Library" and "Software Library" to the extent that the proffered definitions deviates from the plain and ordinary meaning of the term "library" and to the extent that these terms imply a library of software for general or generic use without regard to rights afforded to Rimini customers' under their respective license agreements with Oracle.  Rimini further objects to the inclusion of the phase "related materials" in the proffered definition of "Software Library" as vague and ambiguous.

11.     Rimini objects to the definition of the term "Automated Downloading Tool" as vague and ambiguous and to the extent that Oracle's requests seek to imply that the tools used by Rimini were prohibited by the terms of Oracle's various website.  As conventional Internet browsers submit Internet download requests in what may be considered a "rapid, automated fashion," it is unclear what Internet communication software is excluded from Oracle's definition.  To respond, Rimini construes Oracle's proffered definition of "Automated Download Tools" to encompass tools that utilized standard Internet browsers and applications to interact with websites, including such Rimini-created tools listed by Oracle's definition.

12.     Rimini objects to Oracle's Exhibit A and Oracle's requests citing this exhibit as overly broad and unduly burdensome.  Rimini does not have reasonable means by which it can verify the accuracy of the 88,730 files listed on the  of the 1,699 pages of text found in Exhibit A, and Oracle has declined to provide a declaration detailing how Exhibit A was created.  Where

possible, Rimini has attempted to respond based on Oracle's representation that the files listed on Exhibit A correspond to files produced from Rimini's HRMS Delivered Objects folder.[1] However, for many requests directed to Exhibit A, Rimini cannot respond given the extreme burden and overbreadth associated with Oracle's Exhibit A.

**RESPONSES**

**REQUEST NO. 25:**

Admit that each Environment identified in Your responses to Interrogatories No. 20 and 21 as containing Siebel-branded Oracle Enterprise Software embodied more than a *de minimis* or trivial amount of protectable expression from at least one of the Registered Works.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections, Rimini admits that each Environment identified in its response to Interrogatories No. 20 and 21 as containing Siebel-branded Oracle Enterprise Software embodied more than a trivial amount of protectable expression from at least one of the Registered Works.

**REQUEST NO. 26:**

With respect to Your written and electronic requests that Oracle ship software to a Rimini Street address, admit that more than 50% of the requests asked Oracle to ship the software to an "offsite backup location."

**RESPONSE:**

Subject to and without waiver of the foregoing general objections, Rimini responds: Admitted.

**REQUEST NO. 27:**

Admit that, at least once, You instructed a Rimini Street customer or prospective Rimini Street customer to state that software was to be shipped to an "offsite backup location" when that customer or prospective customer requested that Oracle ship software to a Rimini Street address.

---

[1] Rimini notes that Exhibit A includes duplicate entries for numerous files. In responding, Rimini considers these duplicate entries to correspond to only one actual file in the HRMS Delivered Objects folder.

1   acts of copying Oracle Software and Support Material into the indicated file locations in 2007.

2   Rimini objects to this request to the extent it relates to information not in Rimini's custody or

3   control. Rimini did not maintain records regarding each such action contemplated by this request.

4   Therefore, Rimini cannot admit or deny this request given its overbreadth and the lack of

5   available information.

6        **REQUEST NO. 63:**

7        Admit that, in 2010, Rimini Street only copied Oracle Software and Support Material into

8   the Internal Software Libraries when no copy of that material was already present in the Internal

9   Software Libraries.

10        **RESPONSE:**

11        Subject to and without waiver of the foregoing general objections, Rimini denies copying

12   Oracle software or support materials into the network locations indicated by this request in 2010.

13        **REQUEST NO. 64:**

14        Admit that, in 2011, Rimini Street only copied Oracle Software and Support Material into

15   the Internal Software Libraries when no copy of that material was already present in the Internal

16   Software Libraries.

17        **RESPONSE:**

18        Subject to and without waiver of the foregoing general objections, Rimini denies copying

19   Oracle software or support materials into the network locations indicated by this request in 2011.

20        **REQUEST NO. 65:**

21        Admit that, in 2006, Rimini Street built the majority of local Environments created by

22   Rimini Street using Oracle Software and Support Material that was present in the Internal

23   Software Libraries.

24        **RESPONSE:**

25        Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support

26   Material that was present in the Internal Software Libraries" as vague and ambiguous.   In

27   responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of

28   Oracle Software and Support Material stored in the Internal Software Libraries."

1    Subject to and without waiver of the foregoing general and specific objections: Denied.

2    **REQUEST NO. 66:**

3    Admit that, in 2007, Rimini Street built the majority of local Environments created by
4    Rimini Street using Oracle Software and Support Material that was present in the Internal
5    Software Libraries.

6    **RESPONSE:**

7    Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support
8    Material that was present in the Internal Software Libraries" as vague and ambiguous.   In
9    responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of
10   Oracle Software and Support Material stored in the Internal Software Libraries."

11   Subject to and without waiver of the foregoing general and specific objections: Denied.

12   **REQUEST NO. 67:**

13   Admit that, in 2008, Rimini Street built the majority of local Environments created by
14   Rimini Street using Oracle Software and Support Material that was present in the Internal
15   Software Libraries.

16   **RESPONSE:**

17   Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support
18   Material that was present in the Internal Software Libraries" as vague and ambiguous.   In
19   responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of
20   Oracle Software and Support Material stored in the Internal Software Libraries."

21   Subject to and without waiver of the foregoing general and specific objections: Denied.

22   **REQUEST NO. 68:**

23   Admit that, in 2009, Rimini Street built the majority of local Environments created by
24   Rimini Street using Oracle Software and Support Material that was present in the Internal
25   Software Libraries.

26   **RESPONSE:**

27   Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support
28   Material that was present in the Internal Software Libraries" as vague and ambiguous.   In

- 19 -

responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of Oracle Software and Support Material stored in the Internal Software Libraries."

Subject to and without waiver of the foregoing general and specific objections: Denied.

**REQUEST NO. 69:**

Admit that, in 2010, Rimini Street built the majority of local Environments created by Rimini Street using Oracle Software and Support Material that was present in the Internal Software Libraries.

**RESPONSE:**

Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support Material that was present in the Internal Software Libraries" as vague and ambiguous.   In responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of Oracle Software and Support Material stored in the Internal Software Libraries."

Subject to and without waiver of the foregoing general and specific objections: Denied.

**REQUEST NO. 70:**

Admit that, in 2011, Rimini Street built the majority of local Environments created by Rimini Street using Oracle Software and Support Material that was present in the Internal Software Libraries.

**RESPONSE:**

Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support Material that was present in the Internal Software Libraries" as vague and ambiguous.   In responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of Oracle Software and Support Material stored in the Internal Software Libraries."

Subject to and without waiver of the foregoing general and specific objections: Denied.

**REQUEST NO. 71:**

Admit that, in 2006, at least 90% of the Oracle Software and Support Material in the Internal Software Libraries that was used to build local Environments created by Rimini Street was not organized or segregated by client.

**RESPONSE:**

1

**REQUEST NO. 249:**

2

Admit that, in 2011, Rimini Street used one or more of the environments identified as

3

items 1-32 on Exhibit C to create the majority of DAT files generated by Rimini Street.

4

**RESPONSE:**

5

Subject to and without waiver of its general objections: Admitted.

6

**REQUEST NO. 250:**

7

Admit that, in 2011, Rimini Street used one or more of the environments identified as

8

items 1-32 on Exhibit C to create the majority of DAT files received from Rimini Street by each

9

of Rimini Street's then-current customers.

10

**RESPONSE:**

11

Subject to and without waiver of its general objections: Admitted.

12

13

14

DATED:          January 4, 2012          SHOOK, HARDY & BACON

15

16

By:     */s/ Robert H. Reckers*_____

17

Robert H. Reckers, Esq.
Attorney for Defendants

18

Rimini Street, Inc. and Seth Ravin

19

20

21

22

23

24

25

26

27

28

352130 v1     DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD RFAs

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Defendant's First Amended Responses and Objections to Plaintiffs' Third Set of Requests for Admissions was served on the 4th day of January, 2012, via email, as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com |

By:  */s/ Ryan Dykal*

- 89 -

# EXHIBIT 8
# FILED UNDER SEAL

# EXHIBIT 9
# FILED UNDER SEAL

# EXHIBIT 10
# FILED UNDER SEAL

# EXHIBIT 11
# FILED UNDER SEAL

# EXHIBIT 12
# FILED UNDER SEAL

# EXHIBIT 13
# FILED UNDER SEAL

# EXHIBIT 14
# FILED UNDER SEAL

# EXHIBIT 15
# FILED UNDER SEAL

# EXHIBIT 16
# FILED UNDER SEAL

# EXHIBIT 17
# FILED UNDER SEAL

# EXHIBIT 18
# FILED UNDER SEAL

# EXHIBIT 19
# FILED UNDER SEAL

# EXHIBIT 20
# FILED UNDER SEAL