BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
FRED NORTON (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
fnorton@bsfllp.com
kringgenberg@bsfllp.com

Attorneys for Oracle USA, Inc., Oracle
America, Inc., and Oracle International
Corporation

BINGHAM MCCUTCHEN LLP
GEOFFREY M. HOWARD (*pro hac vice*)
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC. a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual, <br><br> Defendants. | Case No. 2:10-cv-00106-LRH-PAL <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC., AND ORACLE INTERNATIONAL CORPORATION'S MOTION FOR EVIDENTIARY SANCTIONS FOR SPOLIATION** <br><br> **REDACTED** |

1    **[PROPOSED] ORDER**

2         Pending before this Court is Plaintiffs Oracle USA, Inc., Oracle America, Inc., and

3    Oracle International Corporation's (collectively "Oracle") Motion for Evidentiary Sanctions for

4    Spoliation against Defendants Rimini Street, Inc. and Seth Ravin (together, "Rimini") [Docket

5    No. ___].  After full consideration of the moving and opposing papers of each party, the

6    arguments of counsel, and all other matters presented to the Court, the motion is GRANTED.

7         In January 2010, ███████████████████████████████████████████████████

8    ██████████████████████████████████████████ the contents of a Rimini network

9    location known as the "software library."  The evidence shows that Rimini employees copied

10   into the software library a wide array of PeopleSoft software and support materials, and later

11   copied those same materials from the library to create installed copies of PeopleSoft software,

12   referred to as "environments."  The software library was not segregated in customer-specific

13   "data silos" but was instead organized by product and version. ████████████████████

14   ████████████████████████████████████████████████████████████████████

15   ████████████████████████████████████████

16        The Court has inherent authority to impose sanctions for spoliation, including for the

17   destruction of evidence relevant to reasonably foreseeable litigation.  *In re Nat'l Consumer*

18   *Mortg., LLC*, 2:10-CV-00930-PMP, 2011 WL 1300540, at *8 (D. Nev. Mar. 31, 2011) (citing

19   *United States v. Kitsap Physicians Svs.*, 314 F.3d 995, 1001 (9th Cir. 2002)).  The duty to

20   preserve evidence "extends to the period before litigation when a party should reasonably know

21   that evidence may be relevant to anticipated litigation."  *Morford v. Wal-Mart Stores, Inc.*,

22   2:09-CV-02251-RLH, 2011 WL 635220, at *3 (D. Nev. Feb. 11, 2011) (citing *In re Napster*,

23   462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006)).

24        Here, Rimini should have anticipated and did anticipate this litigation prior to the January

25   2010 deletion of the software library.  In December 2008 and January 2009, counsel for Oracle

26   sent letters to Rimini warning of claims of copyright infringement, including through the

27   maintenance of a centralized "library" of Oracle software used to support multiple customers,

28   and in a September 2009 filing in this Court, Rimini acknowledged that these letters were threats

1   of litigation.  Moreover, in that filing, Rimini argued that Oracle was preparing litigation against

2   Rimini. ████████████████████████████████████████████████████

3   ████████████████████████████ These facts demonstrate that Rimini should have, and did,

4   anticipate this litigation, and thus it was under a duty to preserve evidence.  *See Surowiec v.*

5   *Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1005-06 (D. Ariz. 2011) (written threat of

6   litigation triggered duty in advance of lawsuit); *Goodman v. Praxair Services, Inc.*, 632 F. Supp.

7   2d 494, 511 (D. Md. 2009) (where a "letter openly threatens litigation, then the recipient is on

8   notice that litigation is reasonably foreseeable and the duty to preserve evidence relevant to that

9   dispute is triggered"); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003)

10  (defendants' recognition of possible suit triggered duty in advance of litigation); *In re Napster,*

11  462 F. Supp. 2d at 1068-69 (evidence, including actions to prepare for litigation, showed duty to

12  preserve in advance of lawsuit); *see also Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1325

13  (Fed. Cir. 2011).  Accordingly, the January 2010 deletion of the software library was spoliation

14  in violation of Rimini's duty to preserve evidence.

15      To determine which sanctions are appropriate for Rimini's spoliation, courts consider (1)

16  the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice

17  suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid

18  substantial unfairness to the opposing party.  *See, e.g.*, *Cont'l Cas. Co. v. St. Paul Surplus Lines*

19  *Ins. Co.*, 265 F.R.D. 510, 533 (E.D. Cal. 2010).

20      First, Rimini is at fault.  Its deletion of the library was "willful" because Rimini

21  undertook an affirmative act after Rimini had "some notice that the documents were *potentially*

22  relevant to the litigation." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (citation

23  omitted; emphasis in original).  That is a more than adequate basis for an award of evidentiary

24  sanctions.  *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993)

25      Second, the deletion prejudiced Oracle.  Oracle contends that Rimini's creation and use

26  of the software library supports its claim for copyright infringement and rebuts Rimini's license

27  defense because, Oracle asserts, the customer licenses on which Rimini depends do not authorize

28  use of software from one customer to support a different customer.  Indeed, Rimini specifically

1   pled in this case that it maintained clients' Oracle software and support materials in customer-

2   specific "data silos", that its clients' Oracle software and support materials were not "physically

3   co-mingled together," and that a centralized "library" of Oracle software and support material

4   "never existed at Rimini Street."  (Dkt. 153 at 2-3.)

5       Furthermore, in discovery, Oracle propounded a number of interrogatories directed at

6   these issues, including the contents of the software library and how it was copied, and moved to

7   compel responses to certain of the interrogatories.  Rimini claimed to be unable to respond

8   completely due to lack of available information, including (1) the contents of the software library

9   and (2) which of Rimini's local installed copies of PeopleSoft software, i.e., environments, were

10  built using the software library. ████████████████████

11  ████████████████████████████████████████

12  ████████████████████████  As a result, on these key points, Oracle will have to "rely

13  on incomplete and spotty evidence at trial," which supports an adverse inference sanction.  *Leon*,

14  464 F.3d at 959 (quoting *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348

15  (9th Cir. 1995)).

16      Third, the sanction Oracle seeks – an adverse inference instruction – is the appropriate

17  remedy in these circumstances.  *See, e.g.*, *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir.

18  1991); *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 803 F. Supp. 2d 469, 487

19  (E.D. Va. 2011); *Advantacare Healthcare Partners LP v. Access IV*, No. 03-04496, 2004 WL

20  1837997, at *7-*8 (N.D. Cal. Aug. 17, 2004).  Mere payment of fees and expenses would leave

21  Rimini with the advantage in this litigation created by its willful deletion of relevant evidence.

22  And even if the sanction were to put Oracle in a "more advantageous position than if [Rimini]

23  had never destroyed evidence to begin with, the inference is nevertheless appropriate, as it places

24  the risk of an erroneous judgment on the party that wrongfully created the risk."  *Io Group Inc. v.*

25  *GLBT Ltd.*, C-10-1282 MMC DMR, 2011 WL 4974337, at *8 (N.D. Cal. Oct. 19, 2011) (citing

26  *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)).

27      Accordingly, IT IS HEREBY ORDERED THAT, an adverse inference sanction is

28  appropriate.   For summary judgment purposes, Rimini's January 2010 deletion of the software

library shall be deemed evidence that supports Oracle's claims and does not support Rimini's defenses, and each of the two sets of facts listed below shall be presumed to be true, subject to rebuttal by Rimini.  In addition, at any trial, the jury shall be instructed that it may infer from Rimini's January 2010 deletion of the software library that the contents of the software library would have supported Oracle's claims and would not have supported Rimini's defenses. Moreover, the jury shall be instructed to presume the following two sets of facts to be true, subject to rebuttal by Rimini.

1.  The software library included a complete copy of each of Oracle's registered works corresponding to the names of the folders at the time of the deletion, including each of the following:

| Deleted Folder Name (Ex. 50 (RSI06276320)) | Corresponding Registered Oracle Work (Complaint ¶ 75) |
|---|---|
| CRM 8.8 | PeopleSoft Customer Relationship Management Version 8.8 |
| CRM 8.9 | PeopleSoft Customer Relationship Management Version 8.9 |
| EPM 8.8 | PeopleSoft Electronic Performance Management Version 8.8 |
| EPM 8.9 | PeopleSoft Electronic Performance Management Version 8.9 |
| FSCM 8.4 SP2 | PeopleSoft Financials and Supply Chain Management Version 8.4 Service Pack 2 |
| FSCM 8.8 SP1 | PeopleSoft Financials and Supply Chain Management Version 8.8 Service Pack 1 |
| FSCM 9 | PeopleSoft Financials and Supply Chain Management Version 9 |
| HRMS 8 SP1 | PeopleSoft Human Resources Management System Version 8 Service Pack 1 |
| HRMS 8.3 SP1 | PeopleSoft Human Resources Management System Version 8.3 Service Pack 1 |
| HRMS 8.8 SP1 | PeopleSoft Human Resources Management System Version 8.8 Service Pack 1 |
| HRMS 8.9 | PeopleSoft Human Resources Management System Version 8.9 |
| HRMS 9.0 | PeopleSoft Human Resources Management System Version 9.0 |
| PeopleBooks | Each of the separately registered versions of PeopleBooks alleged in this action |

[PROPOSED] ORDER GRANTING MOTION TO FOR EVIDENTIARY SANCTIONS FOR SPOLIATION

| Deleted Folder Name (Ex. 50 (RSI06276320)) | Corresponding Registered Oracle Work (Complaint ¶ 75) |
|---|---|
| PT 8.21 | PeopleTools Version 8.21 |
| PT 8.22 | PeopleTools Version 8.22 |
| PT 8.42 | PeopleTools Version 8.42 |
| PT 8.45 | PeopleTools Version 8.45 |
| PT 8.46 | PeopleTools Version 8.46 |
| PT 8.47 | PeopleTools Version 8.47 |
| PT 8.48 | PeopleTools Version 8.48 |
| PT 8.49 | PeopleTools Version 8.49 |

2. Each of the 143 installed copies of PeopleSoft software, *i.e.*, environments, listed below as identified in Rimini interrogatory responses, was created by copying PeopleSoft software contained in the software library, which was not obtained from or on behalf of the client associated with the environment.



[PROPOSED] ORDER GRANTING MOTION TO FOR EVIDENTIARY SANCTIONS FOR SPOLIATION



6

[PROPOSED] ORDER GRANTING MOTION TO FOR EVIDENTIARY SANCTIONS FOR SPOLIATION



Case No. 2:10-cv-00106-LRH-PAL

[PROPOSED] ORDER GRANTING MOTION TO FOR EVIDENTIARY SANCTIONS FOR SPOLIATION



8



[PROPOSED] ORDER GRANTING MOTION TO FOR EVIDENTIARY SANCTIONS FOR SPOLIATION



Case No. 2:10-cv-00106-LRH-PAL

[PROPOSED] ORDER GRANTING MOTION TO FOR EVIDENTIARY SANCTIONS FOR SPOLIATION



11

[PROPOSED] ORDER GRANTING MOTION TO FOR EVIDENTIARY SANCTIONS FOR SPOLIATION



Case No. 2:10-cv-00106-LRH-PAL
[PROPOSED] ORDER GRANTING MOTION TO FOR EVIDENTIARY SANCTIONS FOR SPOLIATION



Case No. 2:10-cv-00106-LRH-PAL

[PROPOSED] ORDER GRANTING MOTION TO FOR EVIDENTIARY SANCTIONS FOR SPOLIATION



14

[PROPOSED] ORDER GRANTING MOTION TO FOR EVIDENTIARY SANCTIONS FOR SPOLIATION



IT IS SO ORDERED.

DATED:_____          By:_____

United States District Judge

[PROPOSED] ORDER GRANTING MOTION TO FOR EVIDENTIARY SANCTIONS FOR SPOLIATION