# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-----------------------X

IN THE MATTER OF:

ORACLE, INC. et al

Petitioner,
Docket No.:
    -cv00106LRHPAL
Vs.

RIMINI STREET, INC. et al

Respondent.

-----------------------X

March 29, 2011

HELD AT:

BEFORE:                    HONORABLE PEGGY A. LEEN,
Judge

APPEARANCES:          GEOFFREY HOWARD, ESQ.
Attorney for the Petitioner
BINGHAM MCCUTCHEN
Three Embarcadero Center
San Francisco, CA 94111
415-393-2000


WEST ALLEN, ESQ.

Attorney for the Respondent

LEWIS AND ROCA

3993 Howard Hughes Pkwy, Suite 600

Las Vegas, NV 89169

702-949-8230


TRANSCRIBER:          EMILY HOWARD

OCEEDINGS

Page 22

1 the scope of their proper license, they want to do
2 what they're allowed to do within the scope of that
3 proper license to ask somebody else to come and help
4 them, what they would basically do themselves, if
5 they could, but they can't, don't have time, don't
6 know how to do it, so they ask a third-party to come
7 in and do basically what they would like to do.
8        THE COURT:  Hence the argument that what
9 your client is doing is perfectly lawful.
10       MR. ALLEN:  That's true.  But that goes
11 right to the issue of how you grapple with all the
12 discovery that the Plaintiff would like to do--
13       THE COURT:  [Interposing] And that's why I'm
14 asking them is some bifurcation--does some
15 bifurcation make sense?  Can you limit--can you agree
16 upon a statement of facts?  They want to know the
17 universe of what it is that you're doing before they
18 bite into--
19       MR. ALLEN:  [Interposing] Well, I think Your
20 Honor made an excellent starting suggestion, which is
21 let's look at this issue of licensing, because the
22 way I viewed the client's - - this case just less
23 than a day or two ago, is that the first question
24 everyone, uh, asked is are these consumers allowed to
25 do, within the scope of their licenses, what they're

Page 23

1 asking Rimini to do?
2        And I just heard the issue of cross, uh--or
3 using, uh, software for things they're not supposed
4 to do.  From what I've seen at Rimini, all they ever
5 do is exactly what the consumer could do.  And to the
6 extent that Oracle's worried about cross-using of
7 licenses, they are meticulous--and this is why it's
8 not like the SAP case--they are meticulous at making
9 sure--
10       THE COURT:  [Interposing] They think your
11 client has, uh, erased data that makes it difficult
12 to trace exactly what you've done, that you've
13 deleted data.
14       MR. ALLEN:  From what I've seen so far, this
15 client is very meticulous about making sure that they
16 do exactly what that consumer has a license to do.
17 And to the extent they might, uh, create economies of
18 scale by taking what Consumer A can do and it's
19 exactly what Consumer B can do, they may create
20 economies of scale doing the exact same thing for
21 Consumer B within the parameters and the scope of the
22 license that Consumer B's allowed to do, which
23 matches what Consumer A did.
24       THE COURT:  And what is--
25       MR. ALLEN:  [Interposing] Now they want to

Page 24

1 call that cross-using software improperly, but--but
2 really it's not.  It's within the parameters of the
3 license doing what that consumer is entitled to do.
4 And--and maybe the way for this case to get resolved
5 is to just define--uh, Oracle can define and we can
6 all agree what's appropriate.
7        I think the concern in this case is that
8 Oracle's reporting to its shareholders, they want to
9 do what they did with SAP, which is eliminate that
10 whole side industry and keep that for themselves.
11 And of course they would want to do that.  Um, all of
12 us would if that's what we could do.  But the real
13 issue is what this proper--
14       THE COURT:  [Interposing] If it belongs to
15 them, they can and if it doesn't, they can't.  I
16 mean…
17       MR. ALLEN:  That's right.  And consumers, we
18 believe, have a right to have a third party come in,
19 within the proper scope of their license, fix and
20 make updates and do repairs--
21       THE COURT:  [Interposing] Right.  So is the
22 issue resolvable as a matter of law and a reasonable
23 amount of discovery, Mr. Allen?  That's what I asked
24 the Plaintiff, I hope, in plain English, without
25 going through the massive project that this is.

Page 25

1 Would you agree--can you agree with the Plaintiff on
2 what a representative sample of the discovery is to
3 present the issue to a judge to get a decision as a
4 matter of law and what it is that you are doing?
5        First, can you agree on what you're doing?
6 And two, can you, uh, agree, uh, on whether, uh,
7 there's a--a small enough universe of licenses that
8 are involved?  And three, can you frame the issue for
9 dispositive motion practice?
10       MR. ALLEN:  I would say on behalf of Rimini,
11 yes.  In fact, that's one of the reasons we were here
12 today, to make sure that that's what happens, as
13 opposed to what I perceive has happened, is Oracle
14 thought this might be just SAP Case II.  They came in
15 and realize that it was not, because this company is
16 very meticulous in making sure that they do only what
17 that licensee can do.
18       And so what's happened, in my view so far,
19 is that Oracle now realizes we don't have the massive
20 what they would deem as fraud or improper conduct.
21 What we might have, if we can get enough samples, is
22 individual episodes of maybe a little error here, a
23 little error there and couple those all together and
24 be able to show this horrible story.
25       But what the truth is we're here because

OCEEDINGS

Page 46

1   of any depth.  At least, it is for me.
2         So we'll see you back, see if we have, uh,
3   some, um, substantial progress and if we have a
4   proposal for, uh, trimming this down into more
5   manageable parts.  And if not, that's what I get paid
6   the big bucks to decide, so…[laughter]  Thank you for
7   appearing here, counsel.  Good day.
8         MR. HOWARD:  Thank you, Your Honor.
9         MR. MILLER:  All rise.
10        [END OF HEARING]
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 47

1        C E R T I F I C A T E
2
3
4   I, Emily Howard certify that the foregoing transcript of
5
    proceedings in the United States District Court of Nevada:
6
7   Oracle Inc. et al v Rimini Street, Inc. et al Docket No.
8
      -cv00106LRHPAL  was prepared using the required
9
10  transcription equipment and is a true and accurate record
11
    of the proceedings.
12
13
14
15
    Signature:
16
17  Date:  April 8, 2011
18
19
20
21
22
23
24
25

# EXHIBIT 2

Page 1

1          UNITED STATES DISTRICT COURT

2         DISTRICT OF NEVADA (Las Vegas)

3    _____

4    In the matter of:

5    ORACLE USA, INC., a Colorado corporation;

6    ORACLE AMERICA, INC., a Delaware Corporation;

7    and ORACLE INTERNATIONAL CORPORATION,

8    a California corporation,

9              Plaintiffs,          Case No. 2:10-cv-0106-LRH-PAL

10   v.

11

12   RIMINI STREET, INC., a Nevada corporation; and

13   SETH RAVIN, an individual,

14             Defendants.

15   _____

16

17             Lloyd D. George U.S. Courthouse

18             333 Las Vegas Blvd. South

19             Las Vegas, NV

20             November 8, 2011

21             9:00 AM

22

23   B E F O R E:

24   HON. MAGISTRATE PEGGY A. LEEN

25   DISTRICT COURT JUDGE

| | |
|---|---|
| 1 corporation that has superior knowledge<br>2 to Ms. Williams about this issue?<br>3     MR. RECKERS:  No.  And so that's one<br>4 of the reasons we put it in our brief.<br>5 And the deposition transcript just went<br>6 final.  So I think that with her<br>7 testimony -- she was deposed, obviously,<br>8 on this important issue at some length.<br>9     THE COURT:  You're telling me that<br>10 this is the best answer that your<br>11 corporation can provide because she is<br>12 the most knowledgeable person and she has<br>13 what level of detail the corporation has.<br>14     MR. RECKERS:  Absolutely.<br>15     THE COURT:  And you're bound by<br>16 that.<br>17     MR. RECKERS:  Yes, Your Honor.<br>18     THE COURT:  And you're not going to<br>19 claim that she's incorrect?<br>20     MR. RECKERS:  If we -- we're going<br>21 to put the citations down and we're going<br>22 to review the citations and put the ones<br>23 down that the corporation was bound by.<br>24 And as I stand here today, my general<br>25 understanding is that she's correct and<br>                           Page 18 | 1 relevant.  They were not disclosed as a<br>2 source of information.  We found them by<br>3 asking questions in depositions and then<br>4 by finding a remnant of a file in a<br>5 personal virtual machine from one of our<br>6 witnesses that was the menu for the<br>7 SharePoint system.  And it was revelatory<br>8 because what it shows is links between<br>9 the different materials that are there<br>10 that are the specific materials that are<br>11 central to the case.  The software copies<br>12 that they have, the way that they label<br>13 those, the way that they bring them up.<br>14 Exhibit R, to my -- to the Howard<br>15 declaration, is one of the exhibits that<br>16 we used in that deposition.  It was Mr.<br>17 Conway's (ph.) deposition.<br>18     So there is an important category of<br>19 information that you can only have, and<br>20 our experts can only have, by seeing the<br>21 interrelationship that is revealed<br>22 through the dynamic system that is<br>23 SharePoint, how it's used, how they're<br>24 brought out, how they're labeled, what<br>25 they mean.  That's how they use the<br>                           Page 20 |
| 1 that is the corporation's answers to<br>2 these questions.<br>3     THE COURT:  And how soon are you<br>4 going to be in a position to supplement<br>5 your response with her testimony that's<br>6 now the corporation's answer?<br>7     MR. RECKERS:  It certainly can be<br>8 served within the next ten days.<br>9     THE COURT:  Thank you.  Oracle's<br>10 motion to compel omitted responses to<br>11 interrogatories number 24 and 25 is<br>12 granted to the extent that Rimini shall<br>13 supplement answers to Interrogatory<br>14 number 24 and 25 with the information<br>15 provided with Ms. Williams clarifying<br>16 that it is the corporation's response and<br>17 within fourteen days of today's date and<br>18 denied in all other respects.<br>19     I'll hear from you on your motion to<br>20 compel "Read-Only" access to Rimini's<br>21 SharePoint internet.<br>22     MR. HOWARD:  Thank you, Your Honor.<br>23 Geoff Howard.  With respect to the<br>24 SharePoint materials, I don't think<br>25 there's any dispute that t they are<br>                           Page 19 | 1 software.<br>2     What we do have as a result,<br>3 violates Rule 34 both because it doesn't<br>4 reveal those characteristics of the data<br>5 as they exist in the --<br>6     THE COURT:  But you've reached an<br>7 agreement to the beginning of this case<br>8 about what you were going to do and if<br>9 what you got in response to the<br>10 electronic request for data was<br>11 inadequate.  And you have a procedure in<br>12 place and you've been operating under<br>13 that procedure in place to request native<br>14 information for files in which you agree<br>15 the .tif version of it is inadequate for<br>16 purposes.  So how are they violating any<br>17 rule when you reached an agreement about<br>18 we're going to do it this way at first<br>19 and then if you need something else, let<br>20 us know and we'll talk about it and<br>21 provide it if we think that's reasonable.<br>22     MR. HOWARD:  Yeah.  And I think that<br>23 is all right and true as far as it goes<br>24 and it applies and the parties have been<br>25 operating under that quite well with<br>                           Page 21 |

**Veritext National Deposition & Litigation Services**
**866 299-5127**

```
 1
 2               I N D E X
 3
 4            R U L I N G S
 5
 6  DESCRIPTION              PAGE   LINE
 7  Plaintiffs' request to compel      19    17
 8  amended responses to interrogatories
 9  #24 and #25 GRANTED to the extent
10  defendant shall supplement answers to
11  interrogatories with information
12  provided by Ms. Williams clarifying that
13  it is corporation's response within
14  14 days of this date's hearing and
15  DENIED in all other respects
16
17  Plaintiffs' request to compel      29    21
18  read-only access DENIED and
19  plaintiffs' counsel shall be
20  required to request on an
21  individual basis type of information
22  and level of detail that they
23  are seeking
24
25
                              Page 46
```

```
 1
 2            C E R T I F I C A T I O N
 3
 4      I, Lisa Bar-Leib, hereby certify that the
 5  foregoing is a true and correct transcription, to
 6  the best of my ability, of the sound recorded
 7  proceedings submitted for transcription.
 8
 9      I further certify that I am not employed by
10  nor related to any party to this action.
11
12      In witness whereof, I hereby sign this date:
13  November 14, 2011.
14
15
16
17
18  _____
19      LISA BAR-LEIB
20      AAERT Certified Transcriber (CET**D-486)
21
22
23
24
25
                              Page 48
```

```
 1
 2        I N D E X, cont'd
 3
 4            R U L I N G S
 5
 6  DESCRIPTION              PAGE   LINE
 7  Court will GRANT plaintiff up to 2    34    4
 8  days to conduct deposition of Mr.
 9  Ravin subject to defense counsel's
10  belief that plaintiff will conduct
11  examination that is reasonable and
12  not meant to harass witness in any
13  way in which case defense may seek
14  remedies under Rule 30(d)
15
16  Defendants' request for clarification    37    20
17  concerning pretrial depositions is
18  such that no additional depositions
19  are permitted after conclusion of
20  discovery, after dispositive motions
21  have been ruled on and after joint
22  pretrial order was filed without
23  strong showing of good cause that
24  defendants could not have anticipated
25  parties named as trial witnesses
                              Page 47
```

**Veritext National Deposition & Litigation Services**
**866 299-5127**

# EXHIBIT 3

1  BOIES, SCHILLER & FLEXNER LLP
   RICHARD J. POCKER (NV Bar No. 3568)
2  300 South Fourth Street, Suite 800
   Las Vegas, NV 89101
3  Telephone: (702) 382-7300
   Facsimile: (702) 382-2755
4  rpocker@bsfllp.com

5  BOIES, SCHILLER & FLEXNER LLP
   STEVEN C. HOLTZMAN (*pro hac vice*)
6  FRED NORTON (*pro hac vice*)
   KIERAN P. RINGGENBERG (*pro hac vice*)
7  1999 Harrison Street, Suite 900
   Oakland, CA 94612
8  Telephone: (510) 874-1000
   Facsimile: (510) 874-1460
9  sholtzman@bsfllp.com
   fnorton@bsfllp.com
10 kringgenberg@bsfllp.com

11 Attorneys for Oracle USA, Inc., Oracle
   America, Inc., and Oracle International
12 Corporation

BINGHAM MCCUTCHEN LLP
GEOFFREY M. HOWARD (*pro hac vice*)
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

13

14              **UNITED STATES DISTRICT COURT**

15                   **DISTRICT OF NEVADA**

16

17 ORACLE USA, INC., a Colorado corporation;
   ORACLE AMERICA, INC., a Delaware
18 corporation; and ORACLE INTERNATIONAL
   CORPORATION, a California corporation,
19
               Plaintiffs,
20         v.

21 RIMINI STREET, INC., a Nevada corporation;
   SETH RAVIN, an individual;,
22
               Defendants.
23

CASE NO. 2:10-cv-0106-LRH-PAL

**PLAINTIFFS ORACLE USA, INC.,
ORACLE AMERICA, INC., AND
ORACLE INTERNATIONAL
CORPORATION'S FIFTH SET OF
INTERROGATORIES TO DEFENDANT
RIMINI STREET, INC.**

24

25 PROPOUNDING PARTY:        Plaintiff Oracle International Corporation

26 RESPONDING PARTY:         Defendant Rimini Street, Inc.

27 SET NO.:                  Five

28

1

1   Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs hereby request that

2   Defendant Rimini Street, Inc. answer the following Interrogatories.

3

4   ## DEFINITIONS AND INSTRUCTIONS

5   For purposes of these Interrogatories:

6         1.     The term "Environment" means a copy of Oracle software that results from

7   installation of that software.

8         2.     The term "Identify" means to give, to the extent known, (1) the name of the item,

9   including product name and type, brand, type of media (e.g., CD), any name You assigned the

10  item, and version number where applicable; (2) the location of the item (physical location or, if

11  stored on an Identified Rimini Computer System, the network location); (3) the total quantity of

12  items; (4) the date on which You acquired or produced the item, and (5) the customer from

13  whom it was obtained and/or in whose name it was being held at the pertinent times.

14        3.     The term "Identified Rimini Computer System(s)" refers to any computer,

15  computer system, server, electronic storage environment, or network device in Rimini's

16  possession, custody, or control, including but not limited to those systems identified or

17  referenced in Rimini Street Inc.'s Responses or First Supplemental Responses to Plaintiffs' First

18  Set of Interrogatories, Nos. 6, 7, 8, 9, 10, 11 or 12.

19        4.     The term "Installation Media" refers to any CD, DVD, download, electronic file,

20  or similar item that can be or has been used to install software on Identified Rimini Computer

21  System(s).

22        5.     The term "Non-Customer Location" means any location on an Identified Rimini

23  Computer System that is not referenced to a unique Rimini customer, is not specific to a unique

24  Rimini customer, or is not exclusively used or designated for a unique Rimini customer.  This

25  includes but is not limited to the following Rimini network locations:  \\rsi-

26  clsvr01\client_software\PeopleSoft, \\rsi-clsvr01\internal_software\, \\rsi-

27  data01\share\client_archives\_ftp.peoplesoft.com\, \\rsi-data01\share\software\oracle, \\rsi-

28  data01\share\software\PeopleSoft, and \\10.12.1.5\fileshare\software\PeopleSoft.

1    6.    The term "Oracle" refers the plaintiffs named in the April 19, 2010 First

2    Amended Complaint: Oracle USA, Inc., Oracle America, Inc., and Oracle International

3    Corporation any of its predecessors, successors, parents, subsidiaries, and affiliates.

4    7.    The term "Personnel" refers to past and current Rimini employees and any

5    contractors or other third parties hired by Rimini.

6    8.    The term "Response(s)" refers to Your interrogatory response(s), including any

7    amended and supplemental responses.

8    9.    The terms "Rimini," "You," and "Your" refer to Rimini Street, Inc., all of its

9    parents, subsidiaries and affiliates, and all of their present and former officers, directors, agents,

10   consultants, attorneys, employees – including Seth Ravin – or other persons acting for or on

11   behalf of any of them.

12   10.    The term "Software and Support Materials" means software applications and

13   environments, program updates, software updates, bug fixes, patches, custom solutions, and

14   instructional and knowledge base documents for any families of software products provided by

15   Oracle, including but not limited to those of the PeopleSoft, J.D. Edwards, Siebel, and Oracle

16   database families of software products.

17   11.    The term "Source" means the origin and name of all Installation Media, Software

18   and Support Materials and/or existing Environment used to create an Environment (including all

19   Sources for any predecessor iterations or versions incorporated into an Environment, if

20   applicable), and further includes (1) the network or physical location(s) of the Source at the time

21   it was used; (2) the customer from which or on whose behalf you claim to have obtained each

22   Source (and, if you obtained a Source from Oracle, the website or media from which it was

23   obtained); and (3) the identity (by name) of any other Environment used as a Source.

24   12.    Unless otherwise stated, the time period covered by these Interrogatories is the

25   time period beginning January 1, 2005.  The topics are not limited to Rimini's current practices,

26   systems, and Personnel. The topics extend to practices, systems, and Personnel in place at any

27   time since January 1, 2005.

28   13.    These Interrogatories are to be considered continuing in nature, and You must

3

1   promptly furnish supplemental responses if any additional responsive information is discovered

2   or created after Your responses are tendered, or if any of Your responses are subsequently

3   determined to be incorrect, incomplete, or misleading in any respect.

4

5                                    **INTERROGATORIES**

6   **INTERROGATORY NO. 20:**

7           For each Environment listed on Exhibit A or contained within a virtual machine listed

8   on Exhibit A, Identify the Environment and the Source(s) from which You obtained all

9   Installation Media used to create or modify that Environment.  For example, if an Environment

10  was created by cloning (copying) a previously existing Environment, which in turn was created

11  from Installation Media stored on an Identified Rimini Computer System, which in turn were

12  copied from physical Installation Media obtained directly from a specific client, the response

13  should Identify the origins, names, locations at time of use, customer(s) from which or on whose

14  behalf you claim to have obtained the materials (if applicable), and website(s) or media from

15  which you obtained the materials (if applicable) for (1) the previous Environment, (2) the

16  electronic copy of Installation Media, and (3) the physical Installation Media, and the role of

17  each in serving as a source.

18

19  **INTERROGATORY NO. 21:**

20          For each Environment that ever existed on any Identified Rimini Computer System

21  (excluding Environments listed on Exhibit A or contained within a virtual machine listed on

22  Exhibit A), including but not limited to the Environments listed on Exhibit B or contained within

23  a virtual machine listed on Exhibit B, Identify the Environment and the Source(s) from which

24  You obtained all Installation Media used to create or modify that Environment.  For example, if

25  an Environment was created by cloning (copying) a previously existing Environment, which in

26  turn was created from Installation Media stored on an Identified Rimini Computer System, which

27  in turn were copied from physical Installation Media obtained directly from a specific client, the

28  response should Identify the origins, names, locations at time of use, customer(s) from which or

                                                 4

1    on whose behalf you claim to have obtained the materials (if applicable), and website(s) or media

2    from which you obtained the materials (if applicable) for (1) the previous Environment, (2) the

3    electronic copy of Installation Media, and (3) the physical Installation Media, and the role of

4    each in serving as a source.

5

6    **INTERROGATORY NO. 22:**

7           For each Environment Identified in Your Responses to Interrogatories No. 20 and 21,

8    Identify the Source(s) from which You obtained all fixes, patches, updates, and other Software

9    and Support Materials (other than Installation Media) used to create or modify that Environment.

10   For example, if an Environment was modified by applying bundles from Oracle, TomorrowNow

11   and Rimini Street, the response should Identify the name, the sources and the locations of each of

12   those bundles, customer(s) from which or on whose behalf you claim to have obtained the

13   materials (if applicable), and website(s) or media from which you obtained the materials (if

14   applicable).

15

16   **INTERROGATORY NO. 23:**

17          For every Environment Identified in your Responses to Interrogatories No. 20 and 21,

18   describe each instance in which the Environment (including any Software and Support Materials

19   contained therein) was copied or used for a customer other than the specific customer, if any,

20   from which or on whose behalf You claim to have obtained the Environment.  If You do not

21   claim to have obtained a particular Environment from or on behalf of a specific customer,

22   describe each instance in which that copy of that Environment (or of any Software and Support

23   Materials contained therein) was copied or used.

24

25   **INTERROGATORY NO. 24:**

26          Identify every copy of any Software and Support Material that is or has at any time

27   been stored at each Non-Customer Location, and the Non-Customer location where it was stored.

28   If any Non-Customer Locations have existed for which You cannot identify any particular

5

1  Software and Support Material stored at that location, Identify each such Non-Customer

2  Location.

3

4  **INTERROGATORY NO. 25:**

5     For every copy of Software and Support Materials identified in your Response to

6  Interrogatory No. 24, describe each instance in which the copy of Software and Support

7  Materials was copied or used for a customer other than the specific customer, if any, from which

8  or on whose behalf You claim to have obtained the Software and Support Materials that was

9  copied or used.  If You do not claim to have obtained a copy of Software and Support Materials

10  indentified in your Response to Interrogatory No. 24 from or on behalf of a specific customer,

11  describe each instance in which that copy of Software and Support Materials was copied or used.

12

13  DATED:  May 25, 2011                    Bingham McCutchen LLP

14

15

16  By: _____
                        Thomas S. Hixson
17                  Attorneys for Plaintiffs
              Oracle USA, Inc., Oracle America, Inc., and
18                Oracle International Corporation

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' FIFTH SET OF INTERROGATORIES TO DEFENDANT RIMINI STREET

PROOF OF SERVICE

1

2          I am a citizen of the United States, over 18 years of age, not a party to this

3  action and employed in the County of San Francisco, California at Three Embarcadero Center,

4  San Francisco, California  94111-4067.

5          Today I served the foregoing:

6          PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC.,
           AND ORACLE INTERNATIONAL CORPORATION'S FIFTH
7          SET OF INTERROGATORIES TO DEFENDANT RIMINI
           STREET, INC.
8

9  by causing a true and correct copy of the above to be hand delivered in a sealed envelope with all

10 fees fully paid, addressed as follows:

11         Eric Buresh, Esq.
           Shook, Hardy & Bacon L.L.P.
12         2555 Grand Blvd.
           Kansas City, Missouri  64108
13

14         I declare that I effected the service at the direction of a member of the bar of this

15 court and that this declaration was executed on May 25, 2011.

16

17         _____

18                    Shirlyn Kim

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 4

1

SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. *(pro hac vice)*
Eric Buresh, Esq. *(pro hac vice)*
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
eburesh@shb.com

Robert H. Reckers, Esq. *(pro hac vice)*
600 Travis Street, Suite 1600
Houston, Texas   77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
WAllen@LRLaw.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

*Attorneys for Defendants*
*RIMINI STREET, INC. and SETH RAVIN*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANT RIMINI STREET INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES NOS. 24 AND 25** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Rimini Street, Inc. ("Rimini Street") provides the following responses to Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.'s ("Oracle" or "Plaintiff") Fifth Set of Interrogatories.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GENERAL OBJECTIONS**

Rimini Street incorporates its prior General and Specific Objections, stated in Rimini Street's Objections and Responses to Plaintiffs' First Set of Interrogatories, which were served on June 1, 2010, and in Rimini Streets Objections and Responses to Plaintiffs' Fifth Set of Interrogatories, which were served on July 11, 2011.

**RESPONSES AND SPECIFIC OBJECTIONS**

**INTERROGATORY NO. 24:**

Identify every copy of any Software and Support Material that is or has at any time been stored at each Non-Customer Location, and the Non-Customer location where it was stored. If any Non-Customer Locations have existed for which you cannot identify any particular Software and Support Material stored at that location, Identify each such Non-Customer Location.

**ORIGINAL ANSWER (July 11, 2011):**

Rimini Street objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information for "any" materials that "is or has at any time" stored in the various identified locations.  Rimini Street objects to this interrogatory to the extent it seeks information that is not within the possession, custody, or control of Rimini Street.   Rimini Street objects to the term "Non-Customer Location," and Oracle's definition of this term, as vague, ambiguous, overbroad and unduly burdensome.  Accordingly, and without conceding that Oracle's Specified Locations meet Oracle's definition of Non-Customer Locations, Rimini will provide an answer for the Oracle Specified Locations.  Rimini Street further objects to this interrogatory on the grounds that it would require Rimini Street to create a compilation, abstract, or summary from documents that Rimini Street has produced or will produce to Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, Rimini Street responds as follows:

- 2 -

1    Rimini responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has

2    produced and/or will produce documents from which the answer to this Interrogatory can be

3    ascertained, including but not limited to the following:

4    Exhibit 3, which lists Bates-numbers for documents regarding the Oracle Specified

5    Locations. More specifically, the documents identified by Exhibit 3 indicate the contents of the

6    Oracle Specified Locations, as well as use of such information.

7    **FIRST SUPPLEMENTAL ANSWER (September 8, 2011):**

8    Rimini Street objects to this Interrogatory as overly broad and unduly burdensome to the

9    extent it seeks information for "any" materials that "is or has at any time" stored in the various

10   identified locations. Rimini Street objects to this interrogatory to the extent it seeks information that

11   is not within the possession, custody, or control of Rimini Street. Rimini Street objects to the term

12   "Non-Customer Location," and Oracle's definition of this term, as vague, ambiguous, overbroad and

13   unduly burdensome. Accordingly, and without conceding that Oracle's Specified Locations meet

14   Oracle's definition of Non-Customer Locations, Rimini will provide an answer for the Oracle

15   Specified Locations. Rimini will further provide an answer with respect to network and local

16   computer locations that, at any time, were intended for use, or were regularly used as, repositories of

17   Oracle Software and Support Materials that are not associated with a specific customer. Rimini

18   Street further objects to this interrogatory on the grounds that it would require Rimini Street to create

19   a compilation, abstract, or summary from documents that Rimini Street has produced or will produce

20   to Plaintiffs.

21   Subject to and without waiver of the foregoing general and specific objections, Rimini Street

22   further responds as follows:

23   Rimini identifies the following as locations that currently or at one time included Oracle

24   Software and Support Materials:

25   \\rsi-clsvr01\client_software\PeopleSoft;

26   \\rsi-clsvr01\internal_software;

27   \\rsi-data01\share\client_archives\_ftp.peoplesoft.com;

28
RIMINI'S SECOND SUPPLEMENTAL RESPONSES TO ORACLE'S INTERROGATORIES NOS. 24 AND 25
342490 v1

1    \\rsi-data01\share\software\oracle;

2    \\rsi-data01\share\software\PeopleSoft;

3    \\rsi-clsvr01\fileshare\software\Peoplesoft;

4    \\rsi-clsvr01\client_software\For Development Use Only; and

5    \\rsi-clsvr03\d01\install.

6    The location \\rsi-clsvr01\client_software\PeopleSoft has included materials relating to
7    PeopleSoft software. In the past, certain materials at this location may have been used in building
8    environments for a particular client after Rimini verified that the particular client was entitled to
9    these certain materials.

10    The location \\rsi-clsvr01\internal_software was a parent directory with subdirectories that
11    have included installation materials relating to PeopleSoft software and Oracle Database software. In
12    the past, certain materials at this location may have been used in building environments for a
13    particular client after Rimini verified that the particular client was entitled to these certain materials.

14    The location \\rsi-clsvr03\d01\install has included Software and Support Materials. In the
15    past, certain materials at this location may have been used in building environments for a particular
16    client after Rimini verified that the particular client was entitled to these certain materials.

17    The location \\rsi-data01\share\client_archives\_ftp.peoplesoft.com has included materials
18    obtained from PeopleSoft's FTP website. This location was, at one time, intended to be used as a
19    repository for materials for clients that had the right to access such materials through PeopleSoft's
20    FTP site.

21    The location \\rsi-data01\share\software\oracle has included materials relating to Oracle
22    Database software.

23    The location \\rsi-data01\share\software\PeopleSoft has included materials relating to
24    PeopleSoft software.

25    The location \\rsi-clsvr01\client_software\For Development Use Only has included materials
26    relating to Oracle Software and Support Materials. Oracle has had access to this location via VPN
27    for some time.

28
RIMINI'S SECOND SUPPLEMENTAL RESPONSES TO ORACLE'S INTERROGATORIES NOS. 24 AND 25
342490 v1

1    The address \\rsi-clsvr01\fileshare\software\Peoplesoft provides a link to \\rsi-

2    clsvr01\client_software\PeopleSoft, which may include Software and Support materials and

3    described above. Additionally, the address 10.12.1.5 is the IP Address for \\rsi-clsvr01, which may

4    include Software and Support materials as described above. Rimini further responds that, pursuant to

5    Federal Rule of Civil Procedure 33(d), Rimini has produced and/or will produce documents from

6    which the answer to this Interrogatory can be ascertained, including but not limited to the following:

7    Exhibit 3-1, which lists Bates-numbers for documents regarding the Oracle Specified

8    Locations. More specifically, the documents identified by Exhibit 3-1 indicate the contents of the

9    Oracle Specified Locations, as well as use of such information.

10   The documents spanning Bates-range RSI02971994-2158, which are Build Requests that

11   may indicate the sources for environment builds.

12   **SECOND SUPPLEMENTAL ANSWER (November 22, 2011):**

13   Rimini Street objects to this Interrogatory as overly broad and unduly burdensome to the

14   extent it seeks information for "any" materials that "is or has at any time" stored in the various

15   identified locations.  Rimini Street objects to this interrogatory to the extent it seeks information that

16   is not within the possession, custody, or control of Rimini Street.   Rimini Street objects to the term

17   "Non-Customer Location," and Oracle's definition of this term, as vague, ambiguous, overbroad and

18   unduly burdensome.  Accordingly, and without conceding that Oracle's Specified Locations meet

19   Oracle's definition of Non-Customer Locations, Rimini will provide an answer for the Oracle

20   Specified Locations.  Rimini will further provide an answer with respect to network and local

21   computer locations that, at any time, were intended for use, or were regularly used as, repositories of

22   Oracle Software and Support Materials that are not associated with a specific customer.  Rimini

23   Street further objects to this interrogatory on the grounds that it would require Rimini Street to create

24   a compilation, abstract, or summary from documents that Rimini Street has produced or will produce

25   to Plaintiffs.

26   Subject to and without waiver of the foregoing general and specific objections, Rimini Street

27   further responds as follows:

28

1    Rimini identifies the following as locations that currently or at one time included Oracle

2    Software and Support Materials:

3        \\rsi-clsvr01\client_software\PeopleSoft;

4        \\rsi-clsvr01\internal_software;

5        \\rsi-data01\share\client_archives\_ftp.peoplesoft.com;

6        \\rsi-data01\share\software\oracle;

7        \\rsi-data01\share\software\PeopleSoft;

8        \\rsi-clsvr01\fileshare\software\Peoplesoft;

9        \\rsi-clsvr01\client_software\For Development Use Only; and

10       \\rsi-clsvr03\d01\install.

11   The location \\rsi-clsvr01\client_software\PeopleSoft has included materials relating to

12   PeopleSoft software. In the past, certain materials at this location may have been used in building

13   environments for a particular client after Rimini verified that the particular client was entitled to

14   these certain materials.

15   The location \\rsi-clsvr01\internal_software was a parent directory with subdirectories that

16   have included installation materials relating to PeopleSoft software and Oracle Database software. In

17   the past, certain materials at this location may have been used in building environments for a

18   particular client after Rimini verified that the particular client was entitled to these certain materials.

19   The location \\rsi-clsvr03\d01\install has included Software and Support Materials. In the

20   past, certain materials at this location may have been used in building environments for a particular

21   client after Rimini verified that the particular client was entitled to these certain materials.

22   The location \\rsi-data01\share\client_archives\_ftp.peoplesoft.com has included materials

23   obtained from PeopleSoft's FTP website. This location was, at one time, intended to be used as a

24   repository for materials for clients that had the right to access such materials through PeopleSoft's

25   FTP site.

26   The location \\rsi-data01\share\software\oracle has included materials relating to Oracle

27   Database software.

28

1    The location \\rsi-data01\share\software\PeopleSoft has included materials relating to

2    PeopleSoft software.

3    The location \\rsi-clsvr01\client_software\For Development Use Only has included materials

4    relating to Oracle Software and Support Materials. Oracle has had access to this location via VPN

5    for some time.

6    The address \\rsi-clsvr01\fileshare\software\Peoplesoft provides a link to \\rsi-

7    clsvr01\client_software\PeopleSoft, which may include Software and Support materials and

8    described above. Additionally, the address 10.12.1.5 is the IP Address for \\rsi-clsvr01, which may

9    include Software and Support materials as described above.

10   The testimony from the October 5, 2011 deposition of Krista Williams at 24:24-26:14, 27:7-

11   28:2, 28:14-30:6, 32:1-33:19, 36:5-39:21, 45:19-46:5, 54:3-54:25, 56:18-57:18, 58:13-59:18, 60:9-

12   62:5, 63:4-63:17, and 190:1-190:21.

13   Rimini further responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has

14   produced and/or will produce documents from which the answer to this Interrogatory can be

15   ascertained, including but not limited to the following:

16   Exhibit 3-1, which lists Bates-numbers for documents regarding the Oracle Specified

17   Locations. More specifically, the documents identified by Exhibit 3-1 indicate the contents of the

18   Oracle Specified Locations, as well as use of such information.

19   The documents spanning Bates-range RSI02971994-2158, which are Build Requests that

20   may indicate the sources for environment builds.

21   **<u>INTERROGATORY NO. 25:</u>**

22   For every copy of Software and Support Materials identified in your Response to

23   Interrogatory No. 24, describe each instance in which the copy of Software and Support Materials

24   was copied or used for a customer other than the specific customer, if any, from which or on whose

25   behalf You claim to have obtained the Software and Support Materials that was copied or used. If

26   you do not claim to have obtained a copy of Software and Support Materials indentified in your

27

28

RIMINI'S SECOND SUPPLEMENTAL RESPONSES TO ORACLE'S INTERROGATORIES NOS. 24 AND 25
342490 v1

1   Response to Interrogatory No. 24 from or on behalf of a specific customer, describe each instance in

2   which that copy of Software and Support Materials was copied or used.

3       **ORIGINAL ANSWER (July 11, 2011):**

4       Rimini Street objects to this Interrogatory as overly broad and unduly burdensome. Rimini

5   Street objects to this interrogatory to the extent it seeks information that is not within the possession,

6   custody, or control of Rimini Street.  Rimini Street objects to the phrases "Non-Customer Location,"

7   and "used for a customer other than the specific customer" on the grounds and to the extent they are

8   vague and ambiguous.  Rimini Street further objects to this interrogatory on the grounds that it

9   would require Rimini Street to create a compilation, abstract, or summary from documents that

10  Rimini Street has produced or will produce to Plaintiffs.

11      Subject to and without waiver of the foregoing general and specific objections, Rimini Street

12  responds as follows:

13      Rimini further responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has

14  produced and/or will produce documents from which the answer to this Interrogatory can be

15  ascertained, including but not limited to the following:

16      Exhibit 3, which lists Bates-numbers for documents regarding the Oracle Specified

17  Locations. More specifically, the documents identified by Exhibit 3 indicate the contents of the

18  Oracle Specified Locations, as well as use of such information.

19      **FIRST SUPPLEMENTAL ANSWER (September 8, 2011):**

20      Rimini Street objects to this Interrogatory as overly broad and unduly burdensome. Rimini

21  Street objects to this interrogatory to the extent it seeks information that is not within the possession,

22  custody, or control of Rimini Street.  Rimini Street objects to the phrases "Non-Customer Location,"

23  and "used for a customer other than the specific customer" on the grounds and to the extent they are

24  vague and ambiguous.  Rimini will further provide an answer with respect to network and local

25  computer locations that, at any time, were intended for use, or were regularly used as, repositories of

26  Oracle Software and Support Materials that are not associated with a specific customer.  Rimini

27  Street further objects to this interrogatory on the grounds that it would require Rimini Street to create

28

a compilation, abstract, or summary from documents that Rimini Street has produced or will produce to Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, Rimini Street further responds as follows:

Rimini identifies the following as locations that currently or at one time included Oracle Software and Support Materials:

\\rsi-clsvr01\client_software\PeopleSoft;

\\rsi-clsvr01\internal_software;

\\rsi-data01\share\client_archives\_ftp.peoplesoft.com;

\\rsi-data01\share\software\oracle;

\\rsi-data01\share\software\PeopleSoft;

\\rsi-clsvr01\fileshare\software\Peoplesoft;

\\rsi-clsvr01\client_software\For Development Use Only; and

\\rsi-clsvr03\d01\install.

The location \\rsi-clsvr01\client_software\PeopleSoft has included materials relating to PeopleSoft software. In the past, certain materials at this location may have been used in building environments for a particular client after Rimini verified that the particular client was entitled to these certain materials.

The location \\rsi-clsvr01\internal_software was a parent directory with subdirectories that have included installation materials relating to PeopleSoft software and Oracle Database software. In the past, certain materials at this location may have been used in building environments for a particular client after Rimini verified that the particular client was entitled to these certain materials.

The location \\rsi-clsvr03\d01\install has included Software and Support Materials. In the past, certain materials at this location may have been used in building environments for a particular client after Rimini verified that the particular client was entitled to these certain materials.

The location \\rsi-data01\share\client_archives\_ftp.peoplesoft.com has included materials obtained from PeopleSoft's FTP website. This location was, at one time, intended to be used as a

1  repository for materials for clients that had the right to access such materials through PeopleSoft's
2  FTP site.

3     The location \\rsi-data01\share\software\oracle has included materials relating to Oracle
4  Database software.

5     The location \\rsi-data01\share\software\PeopleSoft has included materials relating to
6  PeopleSoft software.

7     The location \\rsi-clsvr01\client_software\For Development Use Only has included materials
8  relating to Oracle Software and Support Materials. Oracle has had access to this location via VPN
9  for some time.

10    The address \\rsi-clsvr01\fileshare\software\Peoplesoft provides a link to \\rsi-
11  clsvr01\client_software\PeopleSoft, which may include Software and Support materials and
12  described above. Additionally, the address 10.12.1.5 is the IP Address for \\rsi-clsvr01, which may
13  include Software and Support materials as described above.

14    Rimini further responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has
15  produced and/or will produce documents from which the answer to this Interrogatory can be
16  ascertained, including but not limited to the following:

17    Exhibit 3-1, which lists Bates-numbers for documents regarding the Oracle Specified
18  Locations. More specifically, the documents identified by Exhibit 3-1 indicate the contents of the
19  Oracle Specified Locations, as well as use of such information.

20    The documents spanning Bates-range RSI02971994-2158, which are Build Requests that
21  may indicate the sources for environment builds.

22    **SECOND SUPPLEMENTAL ANSWER (November 22, 2011):**

23    Rimini Street objects to this Interrogatory as overly broad and unduly burdensome. Rimini
24  Street objects to this interrogatory to the extent it seeks information that is not within the possession,
25  custody, or control of Rimini Street.  Rimini Street objects to the phrases "Non-Customer Location,"
26  and "used for a customer other than the specific customer" on the grounds and to the extent they are
27  vague and ambiguous.  Rimini will further provide an answer with respect to network and local

28
RIMINI'S SECOND SUPPLEMENTAL RESPONSES TO ORACLE'S INTERROGATORIES NOS. 24 AND 25
342490 v1

computer locations that, at any time, were intended for use, or were regularly used as, repositories of Oracle Software and Support Materials that are not associated with a specific customer.   Rimini Street further objects to this interrogatory on the grounds that it would require Rimini Street to create a compilation, abstract, or summary from documents that Rimini Street has produced or will produce to Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, Rimini Street further responds as follows:

Rimini identifies the following as locations that currently or at one time included Oracle Software and Support Materials:

\\rsi-clsvr01\client_software\PeopleSoft;

\\rsi-clsvr01\internal_software;

\\rsi-data01\share\client_archives\_ftp.peoplesoft.com;

\\rsi-data01\share\software\oracle;

\\rsi-data01\share\software\PeopleSoft;

\\rsi-clsvr01\fileshare\software\Peoplesoft;

\\rsi-clsvr01\client_software\For Development Use Only; and

\\rsi-clsvr03\d01\install.

The location \\rsi-clsvr01\client_software\PeopleSoft has included materials relating to PeopleSoft software. In the past, certain materials at this location may have been used in building environments for a particular client after Rimini verified that the particular client was entitled to these certain materials.

The location \\rsi-clsvr01\internal_software was a parent directory with subdirectories that have included installation materials relating to PeopleSoft software and Oracle Database software. In the past, certain materials at this location may have been used in building environments for a particular client after Rimini verified that the particular client was entitled to these certain materials.

RIMINI'S SECOND SUPPLEMENTAL RESPONSES TO ORACLE'S INTERROGATORIES NOS. 24 AND 25
342490 v1

1        The location \\rsi-clsvr03\d01\install has included Software and Support Materials. In the

2   past, certain materials at this location may have been used in building environments for a particular

3   client after Rimini verified that the particular client was entitled to these certain materials.

4        The location \\rsi-data01\share\client_archives\_ftp.peoplesoft.com has included materials

5   obtained from PeopleSoft's FTP website. This location was, at one time, intended to be used as a

6   repository for materials for clients that had the right to access such materials through PeopleSoft's

7   FTP site.

8        The location \\rsi-data01\share\software\oracle has included materials relating to Oracle

9   Database software.

10       The location \\rsi-data01\share\software\PeopleSoft has included materials relating to

11  PeopleSoft software.

12       The location \\rsi-clsvr01\client_software\For Development Use Only has included materials

13  relating to Oracle Software and Support Materials. Oracle has had access to this location via VPN

14  for some time.

15       The address \\rsi-clsvr01\fileshare\software\Peoplesoft provides a link to \\rsi-

16  clsvr01\client_software\PeopleSoft, which may include Software and Support materials and

17  described above. Additionally, the address 10.12.1.5 is the IP Address for \\rsi-clsvr01, which may

18  include Software and Support materials as described above.

19       The testimony from the October 5, 2011 deposition of Krista Williams at 24:24-26:14, 27:7-

20  28:2, 28:14-30:6, 32:1-33:19, 36:5-39:21, 45:19-46:5, 54:3-54:25, 56:18-57:18, 58:13-59:18, 60:9-

21  62:5, 63:4-63:17, and 190:1-190:21.

22       Rimini further responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has

23  produced and/or will produce documents from which the answer to this Interrogatory can be

24  ascertained, including but not limited to the following:

25       Exhibit 3-1, which lists Bates-numbers for documents regarding the Oracle Specified

26  Locations. More specifically, the documents identified by Exhibit 3-1 indicate the contents of the

27  Oracle Specified Locations, as well as use of such information.

28

RIMINI'S SECOND SUPPLEMENTAL RESPONSES TO ORACLE'S INTERROGATORIES NOS. 24 AND 25
342490 v1

1    The documents spanning Bates-range RSI02971994-2158, which are Build Requests that
2 may indicate the sources for environment builds.

3

4

5 Dated: November 22, 2011

6                                              /s/ Robert H. Reckers
7                                              SHOOK, HARDY & BACON LLP
                                               B. Trent Webb, Esq.
8                                              Eric Buresh, Esq.
                                               2555 Grand Boulevard
9                                              Kansas City, Missouri 64108-2613
                                               Telephone: (816) 474-6550
10                                             Facsimile: (816) 421-5547
                                               bwebb@shb.com
11                                             eburesh@shb.com

12                                             Robert H. Reckers, Esq.
13                                             600 Travis Street, Suite 1600
                                               Houston, Texas   77002
14                                             Telephone: (713) 227-8008
                                               Facsimile: (731) 227-9508
15                                             rreckers@shb.com

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 13 -
RIMINI'S SECOND SUPPLEMENTAL RESPONSES TO ORACLE'S INTERROGATORIES NOS. 24 AND 25
342490 v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on the November 22, 2011 via email, as indicated below.

BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
FRED NORTON (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
fnorton@bsfllp.com
kringgenberg@bsfllp.com

BINGHAM MCCUTCHEN LLP
GEOFFREY M. HOWARD (*pro hac vice*)
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

ORACLE CORPORATION
JAMES C. MAROULIS (*pro hac vice*)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
jim.maroulis@oracle.com


By:    /s/ Robert H. Reckers
       Robert H. Reckers.

RIMINI'S SECOND SUPPLEMENTAL RESPONSES TO ORACLE'S INTERROGATORIES NOS. 24 AND 25
342490 v1

# EXHIBIT 5
# FILED UNDER SEAL

# EXHIBIT 6
# FILED UNDER SEAL

# EXHIBIT 7

1
SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. *(pro hac vice)*
2
Eric Buresh, Esq. *(pro hac vice)*
2555 Grand Boulevard
3
Kansas City, Missouri 64108-2613
4
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
5
bwebb@shb.com
eburesh@shb.com
6
7
Robert H. Reckers, Esq. *(pro hac vice)*
600 Travis Street, Suite 1600
8
Houston, Texas   77002
Telephone: (713) 227-8008
9
Facsimile: (731) 227-9508
rreckers@shb.com
10
11
12
13
14
15

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
WAllen@LRLaw.com

*Attorneys for Defendants*
*RIMINI STREET, INC. and SETH RAVIN*

16
UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

17
ORACLE USA, INC., a Colorado corporation;
18
ORACLE AMERICA, INC., a Delaware
corporation; and ORACLE INTERNATIONAL
19
CORPORATION, a California corporation,
20
Plaintiffs,
21
v.
22
RIMINI STREET, INC. , a Nevada corporation;
23
SETH RAVIN, an individual,
24
Defendants.

Case No. 2:10-cv-0106-LRH-PAL

**DEFENDANT RIMINI STREET INC.'S
SECOND AMENDED RESPONSES
AND OBJECTIONS TO PLAINTIFFS'
THIRD SET OF REQUESTS FOR
ADMISSIONS TO DEFENDANT
RIMINI STREET, INC.**

25
26
27
28

Pursuant to Federal Rules of Civil Procedure 26 and 36, Rimini Street, Inc. ("Rimini Street"), by and through its undersigned counsel, responds to Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.'s ("Oracle") Third Set of Requests for Admissions ("Requests").

## GENERAL OBJECTIONS

The following General Objections shall be deemed incorporated into the objections and Responses to each and every specific Request for Admission.  To the extent that specific General Objections are cited in a specific Response, those specific objections are provided because they are believed to be particularly applicable to the specific Request.  If Rimini Street specifically refers to General Objections in a Response, Rimini Street does not intend to waive any other General Objection applicable to information falling within the scope of the Request.

1.      Rimini Street objects to Plaintiff's Requests to the extent that Plaintiff seeks to require Rimini Street to provide any information beyond what is available to Rimini Street at present from a reasonable search of its own files and a reasonable inquiry of its present employees likely to have the information necessary to admit or deny these requests.

2.      Rimini Street objects to Plaintiff's Requests to the extent that Plaintiff seeks to impose on Rimini Street any other obligation not imposed by the Federal Rules of Civil Procedure or the Local Rules for the District of Nevada.

3.      Rimini Street objects to the disclosure of information protected by the attorney-client privilege and/or work-product immunity.

4.      Rimini Street objects to Plaintiff's Requests to the extent they call upon Rimini Street to admit or deny information that is irrelevant to the subject matter of this action.  Rimini Street does not concede that any Request to which it responds is relevant to the subject matter of this litigation.

5.      Rimini Street objects to these Requests to the extent they contravene the purposes underlying Federal Rule of Civil Procedure 36 to narrow the issues in this case and facilitate proof with respect to issues that can be eliminated.  By way of example and without limitation, Rimini Street objects to these Requests to the extent they seek admissions related to highly contested issues, rather than admissions related to non-contested issues that could narrow the issues in this case.  Rimini Street also objects to these Requests to the extent they seek admissions related to unidentified materials, which would not facilitate proof relating to issues that can be eliminated from this case.

6.      Rimini Street objects to these Requests to the extent they contain vague, ambiguous, and non-specific statements.

7.      Rimini Street objects to these Requests to the extent they cannot be admitted or denied without providing commentary.

8.      Rimini Street objects to the definition of the phrase "more than a de minimis or trivial amount of protectable expression" to the extent it seeks to incorporate legal conclusions.

9.      Rimini Street objects to the definitions of the terms "Complete or Partial Copy", "Environment," "Oracle Database Software," "Oracle Enterprise Software," and "Software and Support Materials" to the extent that, when read together, the definitions are convoluted and circular.

10.     Rimini objects to the definition of the terms "Internal Software Library" and "Software Library" to the extent that the proffered definitions deviates from the plain and ordinary meaning of the term "library" and to the extent that these terms imply a library of software for general or generic use without regard to rights afforded to Rimini customers' under their respective license agreements with Oracle.  Rimini further objects to the inclusion of the phase "related materials" in the proffered definition of "Software Library" as vague and ambiguous.

11.     Rimini objects to the definition of the term "Automated Downloading Tool" as vague and ambiguous and to the extent that Oracle's requests seek to imply that the tools used by Rimini were prohibited by the terms of Oracle's various website.  As conventional Internet browsers submit Internet download requests in what may be considered a "rapid, automated fashion," it is unclear what Internet communication software is excluded from Oracle's definition.  To respond, Rimini construes Oracle's proffered definition of "Automated Download Tools" to encompass tools that utilized standard Internet browsers and applications to interact with websites, including such Rimini-created tools listed by Oracle's definition.

12.     Rimini objects to Oracle's Exhibit A and Oracle's requests citing this exhibit as overly broad and unduly burdensome.  Rimini does not have reasonable means by which it can verify the accuracy of the 88,730 files listed on the  of the 1,699 pages of text found in Exhibit A, and Oracle has declined to provide a declaration detailing how Exhibit A was created.  Where

1   possible, Rimini has attempted to respond based on Oracle's representation that the files listed on

2   Exhibit A correspond to files produced from Rimini's HRMS Delivered Objects folder.[1]

3   However, for many requests directed to Exhibit A, Rimini cannot respond given the extreme

4   burden and overbreadth associated with Oracle's Exhibit A.

5

6                                       **RESPONSES**

7          **REQUEST NO. 25:**

8          Admit that each Environment identified in Your responses to Interrogatories No. 20 and 21

9   as containing Siebel-branded Oracle Enterprise Software embodied more than a *de minimis* or trivial

10  amount of protectable expression from at least one of the Registered Works.

11         **RESPONSE:**

12         Subject to and without waiver of the foregoing general objections, Rimini admits that each

13  Environment identified in its response to Interrogatories No. 20 and 21 as containing Siebel-branded

14  Oracle Enterprise Software embodied more than a trivial amount of protectable expression from at

15  least one of the Registered Works.

16         **REQUEST NO. 26:**

17         With respect to Your written and electronic requests that Oracle ship software to a Rimini

18  Street address, admit that more than 50% of the requests asked Oracle to ship the software to an

19  "offsite backup location."

20         **RESPONSE:**

21         Subject to and without waiver of the foregoing general objections, Rimini responds: Admitted.

22         **REQUEST NO. 27:**

23         Admit that, at least once, You instructed a Rimini Street customer or prospective Rimini Street

24  customer to state that software was to be shipped to an "offsite backup location" when that customer or

25  prospective customer requested that Oracle ship software to a Rimini Street address.

26  _____

27  [1] Rimini notes that Exhibit A includes duplicate entries for numerous files. In responding, Rimini
         considers these duplicate entries to correspond to only one actual file in the HRMS
28       Delivered Objects folder.

acts of copying Oracle Software and Support Material into the indicated file locations in 2007. Rimini objects to this request to the extent it relates to information not in Rimini's custody or control. Rimini did not maintain records regarding each such action contemplated by this request. Therefore, Rimini cannot admit or deny this request given its overbreadth and the lack of available information.

**REQUEST NO. 63:**

Admit that, in 2010, Rimini Street only copied Oracle Software and Support Material into the Internal Software Libraries when no copy of that material was already present in the Internal Software Libraries.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections, Rimini denies copying Oracle software or support materials into the network locations indicated by this request in 2010.

**REQUEST NO. 64:**

Admit that, in 2011, Rimini Street only copied Oracle Software and Support Material into the Internal Software Libraries when no copy of that material was already present in the Internal Software Libraries.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections, Rimini denies copying Oracle software or support materials into the network locations indicated by this request in 2011.

**REQUEST NO. 65:**

Admit that, in 2006, Rimini Street built the majority of local Environments created by Rimini Street using Oracle Software and Support Material that was present in the Internal Software Libraries.

**RESPONSE:**

Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support Material that was present in the Internal Software Libraries" as vague and ambiguous.  In responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of Oracle Software and Support Material stored in the Internal Software Libraries."

1     Subject to and without waiver of the foregoing general and specific objections: Denied.

2          **REQUEST NO. 66:**

3     Admit that, in 2007, Rimini Street built the majority of local Environments created by

4    Rimini Street using Oracle Software and Support Material that was present in the Internal

5    Software Libraries.

6          **RESPONSE:**

7     Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support

8    Material that was present in the Internal Software Libraries" as vague and ambiguous.   In

9    responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of

10   Oracle Software and Support Material stored in the Internal Software Libraries."

11    Subject to and without waiver of the foregoing general and specific objections: Denied.

12         **REQUEST NO. 67:**

13    Admit that, in 2008, Rimini Street built the majority of local Environments created by

14   Rimini Street using Oracle Software and Support Material that was present in the Internal

15   Software Libraries.

16         **RESPONSE:**

17    Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support

18   Material that was present in the Internal Software Libraries" as vague and ambiguous.   In

19   responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of

20   Oracle Software and Support Material stored in the Internal Software Libraries."

21    Subject to and without waiver of the foregoing general and specific objections: Denied.

22         **REQUEST NO. 68:**

23    Admit that, in 2009, Rimini Street built the majority of local Environments created by

24   Rimini Street using Oracle Software and Support Material that was present in the Internal

25   Software Libraries.

26         **RESPONSE:**

27    Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support

28   Material that was present in the Internal Software Libraries" as vague and ambiguous.   In

responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of Oracle Software and Support Material stored in the Internal Software Libraries."

Subject to and without waiver of the foregoing general and specific objections: Denied.

**REQUEST NO. 69:**

Admit that, in 2010, Rimini Street built the majority of local Environments created by Rimini Street using Oracle Software and Support Material that was present in the Internal Software Libraries.

**RESPONSE:**

Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support Material that was present in the Internal Software Libraries" as vague and ambiguous.   In responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of Oracle Software and Support Material stored in the Internal Software Libraries."

Subject to and without waiver of the foregoing general and specific objections: Denied.

**REQUEST NO. 70:**

Admit that, in 2011, Rimini Street built the majority of local Environments created by Rimini Street using Oracle Software and Support Material that was present in the Internal Software Libraries.

**RESPONSE:**

Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support Material that was present in the Internal Software Libraries" as vague and ambiguous.   In responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of Oracle Software and Support Material stored in the Internal Software Libraries."

Subject to and without waiver of the foregoing general and specific objections: Denied.

**REQUEST NO. 71:**

Admit that, in 2006, at least 90% of the Oracle Software and Support Material in the Internal Software Libraries that was used to build local Environments created by Rimini Street was not organized or segregated by client.

**RESPONSE:**

- 20 -

1

**REQUEST NO. 249:**

2        Admit that, in 2011, Rimini Street used one or more of the environments identified as

3  items 1-32 on Exhibit C to create the majority of DAT files generated by Rimini Street.

4

**RESPONSE:**

5        Subject to and without waiver of its general objections: Admitted.

6

**REQUEST NO. 250:**

7        Admit that, in 2011, Rimini Street used one or more of the environments identified as

8  items 1-32 on Exhibit C to create the majority of DAT files received from Rimini Street by each

9  of Rimini Street's then-current customers.

10

**RESPONSE:**

11        Subject to and without waiver of its general objections: Admitted.

12

13

14  DATED:        January 4, 2012        SHOOK, HARDY & BACON

15

16                                 By:   */s/ Robert H. Reckers*

17                                          Robert H. Reckers, Esq.

Attorney for Defendants

18                                          Rimini Street, Inc. and Seth Ravin

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that the foregoing Defendant's First Amended Responses and Objections

3  to Plaintiffs' Third Set of Requests for Admissions was served on the 4th day of January, 2012,

4  via email, as indicated below.

5

| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com |

By: /s/ Ryan Dykal

352130 v1    DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD RFAs

# EXHIBIT 8
# FILED UNDER SEAL

# EXHIBIT 9
# FILED UNDER SEAL

# EXHIBIT 10
# FILED UNDER SEAL

# EXHIBIT 11
# FILED UNDER SEAL

# EXHIBIT 12
# FILED UNDER SEAL

# EXHIBIT 13
# FILED UNDER SEAL

# EXHIBIT 14
# FILED UNDER SEAL

# EXHIBIT 15
# FILED UNDER SEAL

# EXHIBIT 16
# FILED UNDER SEAL

# EXHIBIT 17
# FILED UNDER SEAL

# EXHIBIT 18
# FILED UNDER SEAL

# EXHIBIT 19
# FILED UNDER SEAL

# EXHIBIT 20
# FILED UNDER SEAL