# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-----------------------X

IN THE MATTER OF:

ORACLE, INC. et al

Petitioner,
Docket No.:
    -cv00106LRHPAL
Vs.

RIMINI STREET, INC. et al

Respondent.

-----------------------X

March 29, 2011

HELD AT:

BEFORE:                 HONORABLE PEGGY A. LEEN,
Judge

APPEARANCES:        GEOFFREY HOWARD, ESQ.
Attorney for the Petitioner
BINGHAM MCCUTCHEN
Three Embarcadero Center
San Francisco, CA 94111
415-393-2000


WEST ALLEN, ESQ.

Attorney for the Respondent

LEWIS AND ROCA

3993 Howard Hughes Pkwy, Suite 600

Las Vegas, NV 89169

702-949-8230


TRANSCRIBER:        EMILY HOWARD

OCEEDINGS

Page 22

1  the scope of their proper license, they want to do
2  what they're allowed to do within the scope of that
3  proper license to ask somebody else to come and help
4  them, what they would basically do themselves, if
5  they could, but they can't, don't have time, don't
6  know how to do it, so they ask a third-party to come
7  in and do basically what they would like to do.
8          THE COURT:  Hence the argument that what
9  your client is doing is perfectly lawful.
10         MR. ALLEN:  That's true.  But that goes
11 right to the issue of how you grapple with all the
12 discovery that the Plaintiff would like to do--
13         THE COURT:  [Interposing] And that's why I'm
14 asking them is some bifurcation--does some
15 bifurcation make sense?  Can you limit--can you agree
16 upon a statement of facts?  They want to know the
17 universe of what it is that you're doing before they
18 bite into--
19         MR. ALLEN:  [Interposing] Well, I think Your
20 Honor made an excellent starting suggestion, which is
21 let's look at this issue of licensing, because the
22 way I viewed the client's - - this case just less
23 than a day or two ago, is that the first question
24 everyone, uh, asked is are these consumers allowed to
25 do, within the scope of their licenses, what they're

Page 23

1  asking Rimini to do?
2          And I just heard the issue of cross, uh--or
3  using, uh, software for things they're not supposed
4  to do.  From what I've seen at Rimini, all they ever
5  do is exactly what the consumer could do.  And to the
6  extent that Oracle's worried about cross-using of
7  licenses, they are meticulous--and this is why it's
8  not like the SAP case--they are meticulous at making
9  sure--
10         THE COURT:  [Interposing] They think your
11 client has, uh, erased data that makes it difficult
12 to trace exactly what you've done, that you've
13 deleted data.
14         MR. ALLEN:  From what I've seen so far, this
15 client is very meticulous about making sure that they
16 do exactly what that consumer has a license to do.
17 And to the extent they might, uh, create economies of
18 scale by taking what Consumer A can do and it's
19 exactly what Consumer B can do, they may create
20 economies of scale doing the exact same thing for
21 Consumer B within the parameters and the scope of the
22 license that Consumer B's allowed to do, which
23 matches what Consumer A did.
24         THE COURT:  And what is--
25         MR. ALLEN:  [Interposing] Now they want to

Page 24

1  call that cross-using software improperly, but--but
2  really it's not.  It's within the parameters of the
3  license doing what that consumer is entitled to do.
4  And--and maybe the way for this case to get resolved
5  is to just define--uh, Oracle can define and we can
6  all agree what's appropriate.
7          I think the concern in this case is that
8  Oracle's reporting to its shareholders, they want to
9  do what they did with SAP, which is eliminate the
10 whole side industry and keep that for themselves.
11 And of course they would want to do that.  Um, all of
12 us would if that's what we could do.  But the real
13 issue is what this proper--
14         THE COURT:  [Interposing] If it belongs to
15 them, they can and if it doesn't, they can't.  I
16 mean…
17         MR. ALLEN:  That's right.  And consumers, we
18 believe, have a right to have a third party come in,
19 within the proper scope of their license, fix and
20 make updates and do repairs--
21         THE COURT:  [Interposing] Right.  So is the
22 issue resolvable as a matter of law and a reasonable
23 amount of discovery, Mr. Allen?  That's what I asked
24 the Plaintiff, I hope, in plain English, without
25 going through the massive project that this is.

Page 25

1  Would you agree--can you agree with the Plaintiff on
2  what a representative sample of the discovery is to
3  present the issue to a judge to get a decision as a
4  matter of law and what it is that you are doing?
5          First, can you agree on what you're doing?
6  And two, can you, uh, agree, uh, on whether, uh,
7  there's a--a small enough universe of licenses that
8  are involved?  And three, can you frame the issue for
9  dispositive motion practice?
10         MR. ALLEN:  I would say on behalf of Rimini,
11 yes.  In fact, that's one of the reasons we were here
12 today, to make sure that that's what happens, as
13 opposed to what I perceive has happened, is Oracle
14 thought this might be just SAP Case II.  They came in
15 and realize that it was not, because this company is
16 very meticulous in making sure that they do only what
17 that licensee can do.
18         And so what's happened, in my view so far,
19 is that Oracle now realizes we don't have the massive
20 what they would deem as fraud or improper conduct.
21 What we might have, if we can get enough samples, is
22 individual episodes of maybe a little error here, a
23 little error there and couple those all together and
24 be able to show this horrible story.
25         But what the truth is is we're here because

OCEEDINGS

Page 46

```
 1   of any depth.  At least, it is for me.
 2          So we'll see you back, see if we have, uh,
 3   some, um, substantial progress and if we have a
 4   proposal for, uh, trimming this down into more
 5   manageable parts.  And if not, that's what I get paid
 6   the big bucks to decide, so...[laughter]  Thank you for
 7   appearing here, counsel.  Good day.
 8          MR. HOWARD:  Thank you, Your Honor.
 9          MR. MILLER:  All rise.
10          [END OF HEARING]
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 47

```
 1        C E R T I F I C A T E
 2
 3
 4   I, Emily Howard certify that the foregoing transcript of
 5
     proceedings in the United States District Court of Nevada:
 6
 7   Oracle Inc. et al v Rimini Street, Inc. et al Docket No.
 8
        -cv00106LRHPAL  was prepared using the required
 9
10   transcription equipment and is a true and accurate record
11
     of the proceedings.
12
13
14
15
     Signature:
16
17   Date:  April 8, 2011
18
19
20
21
22
23
24
25
```

# EXHIBIT 2

1          UNITED STATES DISTRICT COURT

2        DISTRICT OF NEVADA (Las Vegas)

3    _____

4    In the matter of:

5    ORACLE USA, INC., a Colorado corporation;

6    ORACLE AMERICA, INC., a Delaware Corporation;

7    and ORACLE INTERNATIONAL CORPORATION,

8    a California corporation,

9              Plaintiffs,        Case No. 2:10-cv-0106-LRH-PAL

10   v.

11

12   RIMINI STREET, INC., a Nevada corporation; and

13   SETH RAVIN, an individual,

14              Defendants.

15   _____

16

17              Lloyd D. George U.S. Courthouse

18              333 Las Vegas Blvd. South

19              Las Vegas, NV

20              November 8, 2011

21              9:00 AM

22

23   B E F O R E :

24   HON. MAGISTRATE PEGGY A. LEEN

25   DISTRICT COURT JUDGE

**Page 18**

1  corporation that has superior knowledge
2  to Ms. Williams about this issue?
3  MR. RECKERS:  No.  And so that's one
4  of the reasons we put it in our brief.
5  And the deposition transcript just went
6  final.  So I think that with her
7  testimony -- she was deposed, obviously,
8  on this important issue at some length.
9  THE COURT:  You're telling me that
10  this is the best answer that your
11  corporation can provide because she is
12  the most knowledgeable person and she has
13  what level of detail the corporation has.
14  MR. RECKERS:  Absolutely.
15  THE COURT:  And you're bound by
16  that.
17  MR. RECKERS:  Yes, Your Honor.
18  THE COURT:  And you're not going to
19  claim that she's incorrect?
20  MR. RECKERS:  If we -- we're going
21  to put the citations down and we're going
22  to review the citations and put the ones
23  down that the corporation was bound by.
24  And as I stand here today, my general
25  understanding is that she's correct and

**Page 19**

1  that is the corporation's answers to
2  these questions.
3  THE COURT:  And how soon are you
4  going to be in a position to supplement
5  your response with her testimony that's
6  now the corporation's answer?
7  MR. RECKERS:  It certainly can be
8  served within the next ten days.
9  THE COURT:  Thank you.  Oracle's
10  motion to compel omitted responses to
11  interrogatories number 24 and 25 is
12  granted to the extent that Rimini shall
13  supplement answers to Interrogatory
14  number 24 and 25 with the information
15  provided with Ms. Williams clarifying
16  that it is the corporation's response and
17  within fourteen days of today's date and
18  denied in all other respects.
19  I'll hear from you on your motion to
20  compel "Read-Only" access to Rimini's
21  SharePoint internet.
22  MR. HOWARD:  Thank you, Your Honor.
23  Geoff Howard.  With respect to the
24  SharePoint materials, I don't think
25  there's any dispute that t they are

**Page 20**

1  relevant.  They were not disclosed as a
2  source of information.  We found them by
3  asking questions in depositions and then
4  by finding a remnant of a file in a
5  personal virtual machine from one of our
6  witnesses that was the menu for the
7  SharePoint system.  And it was revelatory
8  because what it shows is links between
9  the different materials that are on there
10  that are the specific materials that are
11  central to the case.  The software copies
12  that they have, the way that they label
13  those, the way that they bring them up.
14  Exhibit R, to my -- to the Howard
15  declaration, is one of the exhibits that
16  we used in that deposition.  It was Mr.
17  Conway's (ph.) deposition.
18  So there is an important category of
19  information that you can only have, and
20  our experts can only have, by seeing the
21  interrelationship that is revealed
22  through the dynamic system that is
23  SharePoint, how it's used, how they're
24  brought out, how they're labeled, what
25  they mean.  That's how they use the

**Page 21**

1  software.
2  What we do have as a result,
3  violates Rule 34 both because it doesn't
4  reveal those characteristics of the data
5  as they exist in the --
6  THE COURT:  But you've reached an
7  agreement to the beginning of this case
8  about what you were going to do and if
9  what you got in response to the
10  electronic request for data was
11  inadequate.  And you have a procedure in
12  place and you've been operating under
13  that procedure in place to request native
14  information for files in which you agree
15  the .tif version of it is inadequate for
16  purposes.  So how are they violating any
17  rule when you reached an agreement about
18  we're going to do it this way at first
19  and then if you need something else, let
20  us know and we'll talk about it and
21  provide it if we think that's reasonable.
22  MR. HOWARD:  Yeah.  And I think that
23  is all right and true as far as it goes
24  and it applies and the parties have been
25  operating under that quite well with

**Veritext National Deposition & Litigation Services**
**866 299-5127**

I N D E X

R U L I N G S

DESCRIPTION                    PAGE   LINE
Plaintiffs' request to compel        19    17
amended responses to interrogatories
#24 and #25 GRANTED to the extent
defendant shall supplement answers to
interrogatories with information
provided by Ms. Williams clarifying that
it is corporation's response within
14 days of this date's hearing and
DENIED in all other respects

Plaintiffs' request to compel        29    21
read-only access DENIED and
plaintiffs' counsel shall be
required to request on an
individual basis type of information
and level of detail that they
are seeking

Page 46

C E R T I F I C A T I O N

    I, Lisa Bar-Leib, hereby certify that the
foregoing is a true and correct transcription, to
the best of my ability, of the sound recorded
proceedings submitted for transcription.

    I further certify that I am not employed by
nor related to any party to this action.

    In witness whereof, I hereby sign this date:
November 14, 2011.

_____
    LISA BAR-LEIB
    AAERT Certified Transcriber (CET**D-486)

Page 48

I N D E X, cont'd

R U L I N G S

DESCRIPTION                    PAGE   LINE
Court will GRANT plaintiff up to 2   34    4
days to conduct deposition of Mr.
Ravin subject to defense counsel's
belief that plaintiff will conduct
examination that is reasonable and
not meant to harass witness in any
way in which case defense may seek
remedies under Rule 30(d)

Defendants' request for clarification   37    20
concerning pretrial depositions is
such that no additional depositions
are permitted after conclusion of
discovery, after dispositive motions
have been ruled on and after joint
pretrial order was filed without
strong showing of good cause that
defendants could not have anticipated
parties named as trial witnesses

Page 47

Pages 46 to 48

**Veritext National Deposition & Litigation Services**
**866 299-5127**

# EXHIBIT 3

1  BOIES, SCHILLER & FLEXNER LLP
   RICHARD J. POCKER (NV Bar No. 3568)
2  300 South Fourth Street, Suite 800
   Las Vegas, NV 89101
3  Telephone: (702) 382-7300
   Facsimile: (702) 382-2755
4  rpocker@bsfllp.com

5  BOIES, SCHILLER & FLEXNER LLP
   STEVEN C. HOLTZMAN (*pro hac vice*)
6  FRED NORTON (*pro hac vice*)
   KIERAN P. RINGGENBERG (*pro hac vice*)
7  1999 Harrison Street, Suite 900
   Oakland, CA 94612
8  Telephone: (510) 874-1000
   Facsimile: (510) 874-1460
9  sholtzman@bsfllp.com
   fnorton@bsfllp.com
10 kringgenberg@bsfllp.com

11 Attorneys for Oracle USA, Inc., Oracle
   America, Inc., and Oracle International
12 Corporation

   BINGHAM MCCUTCHEN LLP
   GEOFFREY M. HOWARD (*pro hac vice*)
   THOMAS S. HIXSON (*pro hac vice*)
   KRISTEN A. PALUMBO (*pro hac vice*)
   Three Embarcadero Center
   San Francisco, CA 94111-4067
   Telephone: 415.393.2000
   Facsimile: 415.393.2286
   geoff.howard@bingham.com
   thomas.hixson@bingham.com
   kristen.palumbo@bingham.com

   DORIAN DALEY (*pro hac vice*)
   DEBORAH K. MILLER (*pro hac vice*)
   JAMES C. MAROULIS (*pro hac vice*)
   ORACLE CORPORATION
   500 Oracle Parkway
   M/S 5op7
   Redwood City, CA 94070
   Telephone: 650.506.4846
   Facsimile: 650.506.7114
   dorian.daley@oracle.com
   deborah.miller@oracle.com
   jim.maroulis@oracle.com

13

14                     **UNITED STATES DISTRICT COURT**

15                          **DISTRICT OF NEVADA**

16

17 ORACLE USA, INC., a Colorado corporation;     CASE NO. 2:10-cv-0106-LRH-PAL
   ORACLE AMERICA, INC., a Delaware
18 corporation; and ORACLE INTERNATIONAL         **PLAINTIFFS ORACLE USA, INC.,**
   CORPORATION, a California corporation,        **ORACLE AMERICA, INC., AND**
19                                               **ORACLE INTERNATIONAL**
                  Plaintiffs,                    **CORPORATION'S FIFTH SET OF**
20        v.                                     **INTERROGATORIES TO DEFENDANT**
                                                 **RIMINI STREET, INC.**
21 RIMINI STREET, INC., a Nevada corporation;
   SETH RAVIN, an individual;,
22
                  Defendants.
23

24

25 PROPOUNDING PARTY:        Plaintiff Oracle International Corporation

26 RESPONDING PARTY:         Defendant Rimini Street, Inc.

27 SET NO.:                  Five

28
                                        1

1        Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs hereby request that

2  Defendant Rimini Street, Inc. answer the following Interrogatories.

3

4                      **DEFINITIONS AND INSTRUCTIONS**

5  For purposes of these Interrogatories:

6        1.     The term "Environment" means a copy of Oracle software that results from

7  installation of that software.

8        2.     The term "Identify" means to give, to the extent known, (1) the name of the item,

9  including product name and type, brand, type of media (e.g., CD), any name You assigned the

10  item, and version number where applicable; (2) the location of the item (physical location or, if

11  stored on an Identified Rimini Computer System, the network location); (3) the total quantity of

12  items; (4) the date on which You acquired or produced the item, and (5) the customer from

13  whom it was obtained and/or in whose name it was being held at the pertinent times.

14        3.     The term "Identified Rimini Computer System(s)" refers to any computer,

15  computer system, server, electronic storage environment, or network device in Rimini's

16  possession, custody, or control, including but not limited to those systems identified or

17  referenced in Rimini Street Inc.'s Responses or First Supplemental Responses to Plaintiffs' First

18  Set of Interrogatories, Nos. 6, 7, 8, 9, 10, 11 or 12.

19        4.     The term "Installation Media" refers to any CD, DVD, download, electronic file,

20  or similar item that can be or has been used to install software on Identified Rimini Computer

21  System(s).

22        5.     The term "Non-Customer Location" means any location on an Identified Rimini

23  Computer System that is not referenced to a unique Rimini customer, is not specific to a unique

24  Rimini customer, or is not exclusively used or designated for a unique Rimini customer.  This

25  includes but is not limited to the following Rimini network locations:  \\rsi-

26  clsvr01\client_software\PeopleSoft, \\rsi-clsvr01\internal_software\, \\rsi-

27  data01\share\client_archives\_ftp.peoplesoft.com\, \\rsi-data01\share\software\oracle, \\rsi-

28  data01\share\software\PeopleSoft, and \\10.12.1.5\fileshare\software\PeopleSoft.

6.     The term "Oracle" refers the plaintiffs named in the April 19, 2010 First Amended Complaint: Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation any of its predecessors, successors, parents, subsidiaries, and affiliates.

7.     The term "Personnel" refers to past and current Rimini employees and any contractors or other third parties hired by Rimini.

8.     The term "Response(s)" refers to Your interrogatory response(s), including any amended and supplemental responses.

9.     The terms "Rimini," "You," and "Your" refer to Rimini Street, Inc., all of its parents, subsidiaries and affiliates, and all of their present and former officers, directors, agents, consultants, attorneys, employees – including Seth Ravin – or other persons acting for or on behalf of any of them.

10.    The term "Software and Support Materials" means software applications and environments, program updates, software updates, bug fixes, patches, custom solutions, and instructional and knowledge base documents for any families of software products provided by Oracle, including but not limited to those of the PeopleSoft, J.D. Edwards, Siebel, and Oracle database families of software products.

11.    The term "Source" means the origin and name of all Installation Media, Software and Support Materials and/or existing Environment used to create an Environment (including all Sources for any predecessor iterations or versions incorporated into an Environment, if applicable), and further includes (1) the network or physical location(s) of the Source at the time it was used; (2) the customer from which or on whose behalf you claim to have obtained each Source (and, if you obtained a Source from Oracle, the website or media from which it was obtained); and (3) the identity (by name) of any other Environment used as a Source.

12.    Unless otherwise stated, the time period covered by these Interrogatories is the time period beginning January 1, 2005.  The topics are not limited to Rimini's current practices, systems, and Personnel. The topics extend to practices, systems, and Personnel in place at any time since January 1, 2005.

13.    These Interrogatories are to be considered continuing in nature, and You must

3

1    promptly furnish supplemental responses if any additional responsive information is discovered

2    or created after Your responses are tendered, or if any of Your responses are subsequently

3    determined to be incorrect, incomplete, or misleading in any respect.

4

5                                **INTERROGATORIES**

6    **INTERROGATORY NO. 20:**

7              For each Environment listed on Exhibit A or contained within a virtual machine listed

8    on Exhibit A, Identify the Environment and the Source(s) from which You obtained all

9    Installation Media used to create or modify that Environment.  For example, if an Environment

10   was created by cloning (copying) a previously existing Environment, which in turn was created

11   from Installation Media stored on an Identified Rimini Computer System, which in turn were

12   copied from physical Installation Media obtained directly from a specific client, the response

13   should Identify the origins, names, locations at time of use, customer(s) from which or on whose

14   behalf you claim to have obtained the materials (if applicable), and website(s) or media from

15   which you obtained the materials (if applicable) for (1) the previous Environment, (2) the

16   electronic copy of Installation Media, and (3) the physical Installation Media, and the role of

17   each in serving as a source.

18

19   **INTERROGATORY NO. 21:**

20             For each Environment that ever existed on any Identified Rimini Computer System

21   (excluding Environments listed on Exhibit A or contained within a virtual machine listed on

22   Exhibit A), including but not limited to the Environments listed on Exhibit B or contained within

23   a virtual machine listed on Exhibit B, Identify the Environment and the Source(s) from which

24   You obtained all Installation Media used to create or modify that Environment.  For example, if

25   an Environment was created by cloning (copying) a previously existing Environment, which in

26   turn was created from Installation Media stored on an Identified Rimini Computer System, which

27   in turn were copied from physical Installation Media obtained directly from a specific client, the

28   response should Identify the origins, names, locations at time of use, customer(s) from which or

                                          4

1    on whose behalf you claim to have obtained the materials (if applicable), and website(s) or media

2    from which you obtained the materials (if applicable) for (1) the previous Environment, (2) the

3    electronic copy of Installation Media, and (3) the physical Installation Media, and the role of

4    each in serving as a source.

5

6    **INTERROGATORY NO. 22:**

7            For each Environment Identified in Your Responses to Interrogatories No. 20 and 21,

8    Identify the Source(s) from which You obtained all fixes, patches, updates, and other Software

9    and Support Materials (other than Installation Media) used to create or modify that Environment.

10   For example, if an Environment was modified by applying bundles from Oracle, TomorrowNow

11   and Rimini Street, the response should Identify the name, the sources and the locations of each of

12   those bundles, customer(s) from which or on whose behalf you claim to have obtained the

13   materials (if applicable), and website(s) or media from which you obtained the materials (if

14   applicable).

15

16   **INTERROGATORY NO. 23:**

17           For every Environment Identified in your Responses to Interrogatories No. 20 and 21,

18   describe each instance in which the Environment (including any Software and Support Materials

19   contained therein) was copied or used for a customer other than the specific customer, if any,

20   from which or on whose behalf You claim to have obtained the Environment.  If You do not

21   claim to have obtained a particular Environment from or on behalf of a specific customer,

22   describe each instance in which that copy of that Environment (or of any Software and Support

23   Materials contained therein) was copied or used.

24

25   **INTERROGATORY NO. 24:**

26           Identify every copy of any Software and Support Material that is or has at any time

27   been stored at each Non-Customer Location, and the Non-Customer location where it was stored.

28   If any Non-Customer Locations have existed for which You cannot identify any particular

PLAINTIFFS' FIFTH SET OF INTERROGATORIES TO DEFENDANT RIMINI STREET

1  Software and Support Material stored at that location, Identify each such Non-Customer

2  Location.

3

4  **INTERROGATORY NO. 25:**

5        For every copy of Software and Support Materials identified in your Response to

6  Interrogatory No. 24, describe each instance in which the copy of Software and Support

7  Materials was copied or used for a customer other than the specific customer, if any, from which

8  or on whose behalf You claim to have obtained the Software and Support Materials that was

9  copied or used.  If You do not claim to have obtained a copy of Software and Support Materials

10  indentified in your Response to Interrogatory No. 24 from or on behalf of a specific customer,

11  describe each instance in which that copy of Software and Support Materials was copied or used.

12

13  DATED:  May 25, 2011              Bingham McCutchen LLP

14

15

16  By: _____
                              Thomas S. Hixson
17                          Attorneys for Plaintiffs
                    Oracle USA, Inc., Oracle America, Inc., and
18                      Oracle International Corporation

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' FIFTH SET OF INTERROGATORIES TO DEFENDANT RIMINI STREET

1          PROOF OF SERVICE

2          I am a citizen of the United States, over 18 years of age, not a party to this

3   action and employed in the County of San Francisco, California at Three Embarcadero Center,

4   San Francisco, California  94111-4067.

5          Today I served the foregoing:

6          PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC.,
           AND ORACLE INTERNATIONAL CORPORATION'S FIFTH
7          SET OF INTERROGATORIES TO DEFENDANT RIMINI
           STREET, INC.
8

9   by causing a true and correct copy of the above to be hand delivered in a sealed envelope with all

10  fees fully paid, addressed as follows:

11         Eric Buresh, Esq.
           Shook, Hardy & Bacon L.L.P.
12         2555 Grand Blvd.
           Kansas City, Missouri  64108
13

14         I declare that I effected the service at the direction of a member of the bar of this

15  court and that this declaration was executed on May 25, 2011.

16

17         _____
18                    Shirlyn Kim

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 4

SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. *(pro hac vice)*
Eric Buresh, Esq. *(pro hac vice)*
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
eburesh@shb.com

Robert H. Reckers, Esq. *(pro hac vice)*
600 Travis Street, Suite 1600
Houston, Texas   77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
WAllen@LRLaw.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

*Attorneys for Defendants*
*RIMINI STREET, INC. and SETH RAVIN*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual, <br><br> Defendants. | Case No. 2:10-cv-0106-LRH-PAL <br><br> **DEFENDANT RIMINI STREET INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES NOS. 24 AND 25** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Rimini Street, Inc. ("Rimini Street") provides the following responses to Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.'s ("Oracle" or "Plaintiff") Fifth Set of Interrogatories.

**GENERAL OBJECTIONS**

Rimini Street incorporates its prior General and Specific Objections, stated in Rimini Street's Objections and Responses to Plaintiffs' First Set of Interrogatories, which were served on June 1, 2010, and in Rimini Streets Objections and Responses to Plaintiffs' Fifth Set of Interrogatories, which were served on July 11, 2011.

**RESPONSES AND SPECIFIC OBJECTIONS**

**INTERROGATORY NO. 24:**

Identify every copy of any Software and Support Material that is or has at any time been stored at each Non-Customer Location, and the Non-Customer location where it was stored. If any Non-Customer Locations have existed for which you cannot identify any particular Software and Support Material stored at that location, Identify each such Non-Customer Location.

**ORIGINAL ANSWER (July 11, 2011):**

Rimini Street objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information for "any" materials that "is or has at any time" stored in the various identified locations. Rimini Street objects to this interrogatory to the extent it seeks information that is not within the possession, custody, or control of Rimini Street. Rimini Street objects to the term "Non-Customer Location," and Oracle's definition of this term, as vague, ambiguous, overbroad and unduly burdensome. Accordingly, and without conceding that Oracle's Specified Locations meet Oracle's definition of Non-Customer Locations, Rimini will provide an answer for the Oracle Specified Locations. Rimini Street further objects to this interrogatory on the grounds that it would require Rimini Street to create a compilation, abstract, or summary from documents that Rimini Street has produced or will produce to Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, Rimini Street responds as follows:

1   Rimini responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has

2   produced and/or will produce documents from which the answer to this Interrogatory can be

3   ascertained, including but not limited to the following:

4   Exhibit 3, which lists Bates-numbers for documents regarding the Oracle Specified

5   Locations. More specifically, the documents identified by Exhibit 3 indicate the contents of the

6   Oracle Specified Locations, as well as use of such information.

7   **FIRST SUPPLEMENTAL ANSWER (September 8, 2011):**

8   Rimini Street objects to this Interrogatory as overly broad and unduly burdensome to the

9   extent it seeks information for "any" materials that "is or has at any time" stored in the various

10   identified locations.  Rimini Street objects to this interrogatory to the extent it seeks information that

11   is not within the possession, custody, or control of Rimini Street.   Rimini Street objects to the term

12   "Non-Customer Location," and Oracle's definition of this term, as vague, ambiguous, overbroad and

13   unduly burdensome.  Accordingly, and without conceding that Oracle's Specified Locations meet

14   Oracle's definition of Non-Customer Locations, Rimini will provide an answer for the Oracle

15   Specified Locations.  Rimini will further provide an answer with respect to network and local

16   computer locations that, at any time, were intended for use, or were regularly used as, repositories of

17   Oracle Software and Support Materials that are not associated with a specific customer.  Rimini

18   Street further objects to this interrogatory on the grounds that it would require Rimini Street to create

19   a compilation, abstract, or summary from documents that Rimini Street has produced or will produce

20   to Plaintiffs.

21   Subject to and without waiver of the foregoing general and specific objections, Rimini Street

22   further responds as follows:

23   Rimini identifies the following as locations that currently or at one time included Oracle

24   Software and Support Materials:

25   \\rsi-clsvr01\client_software\PeopleSoft;

26   \\rsi-clsvr01\internal_software;

27   \\rsi-data01\share\client_archives\_ftp.peoplesoft.com;

28

- 3 -

1    \\rsi-data01\share\software\oracle;

2    \\rsi-data01\share\software\PeopleSoft;

3    \\rsi-clsvr01\fileshare\software\Peoplesoft;

4    \\rsi-clsvr01\client_software\For Development Use Only; and

5    \\rsi-clsvr03\d01\install.

6    The location \\rsi-clsvr01\client_software\PeopleSoft has included materials relating to

7    PeopleSoft software. In the past, certain materials at this location may have been used in building

8    environments for a particular client after Rimini verified that the particular client was entitled to

9    these certain materials.

10    The location \\rsi-clsvr01\internal_software was a parent directory with subdirectories that

11    have included installation materials relating to PeopleSoft software and Oracle Database software. In

12    the past, certain materials at this location may have been used in building environments for a

13    particular client after Rimini verified that the particular client was entitled to these certain materials.

14    The location \\rsi-clsvr03\d01\install has included Software and Support Materials. In the

15    past, certain materials at this location may have been used in building environments for a particular

16    client after Rimini verified that the particular client was entitled to these certain materials.

17    The location \\rsi-data01\share\client_archives\_ftp.peoplesoft.com has included materials

18    obtained from PeopleSoft's FTP website. This location was, at one time, intended to be used as a

19    repository for materials for clients that had the right to access such materials through PeopleSoft's

20    FTP site.

21    The location \\rsi-data01\share\software\oracle has included materials relating to Oracle

22    Database software.

23    The location \\rsi-data01\share\software\PeopleSoft has included materials relating to

24    PeopleSoft software.

25    The location \\rsi-clsvr01\client_software\For Development Use Only has included materials

26    relating to Oracle Software and Support Materials. Oracle has had access to this location via VPN

27    for some time.

28

RIMINI'S SECOND SUPPLEMENTAL RESPONSES TO ORACLE'S INTERROGATORIES NOS. 24 AND 25
342490 v1

The address \\rsi-clsvr01\fileshare\software\Peoplesoft provides a link to \\rsi-clsvr01\client_software\PeopleSoft, which may include Software and Support materials and described above. Additionally, the address 10.12.1.5 is the IP Address for \\rsi-clsvr01, which may include Software and Support materials as described above. Rimini further responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has produced and/or will produce documents from which the answer to this Interrogatory can be ascertained, including but not limited to the following:

Exhibit 3-1, which lists Bates-numbers for documents regarding the Oracle Specified Locations. More specifically, the documents identified by Exhibit 3-1 indicate the contents of the Oracle Specified Locations, as well as use of such information.

The documents spanning Bates-range RSI02971994-2158, which are Build Requests that may indicate the sources for environment builds.

**SECOND SUPPLEMENTAL ANSWER (November 22, 2011):**

Rimini Street objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information for "any" materials that "is or has at any time" stored in the various identified locations. Rimini Street objects to this interrogatory to the extent it seeks information that is not within the possession, custody, or control of Rimini Street. Rimini Street objects to the term "Non-Customer Location," and Oracle's definition of this term, as vague, ambiguous, overbroad and unduly burdensome. Accordingly, and without conceding that Oracle's Specified Locations meet Oracle's definition of Non-Customer Locations, Rimini will provide an answer for the Oracle Specified Locations. Rimini will further provide an answer with respect to network and local computer locations that, at any time, were intended for use, or were regularly used as, repositories of Oracle Software and Support Materials that are not associated with a specific customer. Rimini Street further objects to this interrogatory on the grounds that it would require Rimini Street to create a compilation, abstract, or summary from documents that Rimini Street has produced or will produce to Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, Rimini Street further responds as follows:

1        Rimini identifies the following as locations that currently or at one time included Oracle

2   Software and Support Materials:

3        \\rsi-clsvr01\client_software\PeopleSoft;

4        \\rsi-clsvr01\internal_software;

5        \\rsi-data01\share\client_archives\_ftp.peoplesoft.com;

6        \\rsi-data01\share\software\oracle;

7        \\rsi-data01\share\software\PeopleSoft;

8        \\rsi-clsvr01\fileshare\software\Peoplesoft;

9        \\rsi-clsvr01\client_software\For Development Use Only; and

10       \\rsi-clsvr03\d01\install.

11       The location \\rsi-clsvr01\client_software\PeopleSoft has included materials relating to

12  PeopleSoft software. In the past, certain materials at this location may have been used in building

13  environments for a particular client after Rimini verified that the particular client was entitled to

14  these certain materials.

15       The location \\rsi-clsvr01\internal_software was a parent directory with subdirectories that

16  have included installation materials relating to PeopleSoft software and Oracle Database software. In

17  the past, certain materials at this location may have been used in building environments for a

18  particular client after Rimini verified that the particular client was entitled to these certain materials.

19       The location \\rsi-clsvr03\d01\install has included Software and Support Materials. In the

20  past, certain materials at this location may have been used in building environments for a particular

21  client after Rimini verified that the particular client was entitled to these certain materials.

22       The location \\rsi-data01\share\client_archives\_ftp.peoplesoft.com has included materials

23  obtained from PeopleSoft's FTP website. This location was, at one time, intended to be used as a

24  repository for materials for clients that had the right to access such materials through PeopleSoft's

25  FTP site.

26       The location \\rsi-data01\share\software\oracle has included materials relating to Oracle

27  Database software.

28

The location \\rsi-data01\share\software\PeopleSoft has included materials relating to PeopleSoft software.

The location \\rsi-clsvr01\client_software\For Development Use Only has included materials relating to Oracle Software and Support Materials. Oracle has had access to this location via VPN for some time.

The address \\rsi-clsvr01\fileshare\software\Peoplesoft provides a link to \\rsi-clsvr01\client_software\PeopleSoft, which may include Software and Support materials and described above. Additionally, the address 10.12.1.5 is the IP Address for \\rsi-clsvr01, which may include Software and Support materials as described above.

The testimony from the October 5, 2011 deposition of Krista Williams at 24:24-26:14, 27:7-28:2, 28:14-30:6, 32:1-33:19, 36:5-39:21, 45:19-46:5, 54:3-54:25, 56:18-57:18, 58:13-59:18, 60:9-62:5, 63:4-63:17, and 190:1-190:21.

Rimini further responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has produced and/or will produce documents from which the answer to this Interrogatory can be ascertained, including but not limited to the following:

Exhibit 3-1, which lists Bates-numbers for documents regarding the Oracle Specified Locations. More specifically, the documents identified by Exhibit 3-1 indicate the contents of the Oracle Specified Locations, as well as use of such information.

The documents spanning Bates-range RSI02971994-2158, which are Build Requests that may indicate the sources for environment builds.

**<u>INTERROGATORY NO. 25:</u>**

For every copy of Software and Support Materials identified in your Response to Interrogatory No. 24, describe each instance in which the copy of Software and Support Materials was copied or used for a customer other than the specific customer, if any, from which or on whose behalf You claim to have obtained the Software and Support Materials that was copied or used. If you do not claim to have obtained a copy of Software and Support Materials indentified in your

1   Response to Interrogatory No. 24 from or on behalf of a specific customer, describe each instance in

2   which that copy of Software and Support Materials was copied or used.

3   **ORIGINAL ANSWER (July 11, 2011):**

4   Rimini Street objects to this Interrogatory as overly broad and unduly burdensome. Rimini

5   Street objects to this interrogatory to the extent it seeks information that is not within the possession,

6   custody, or control of Rimini Street.  Rimini Street objects to the phrases "Non-Customer Location,"

7   and "used for a customer other than the specific customer" on the grounds and to the extent they are

8   vague and ambiguous.  Rimini Street further objects to this interrogatory on the grounds that it

9   would require Rimini Street to create a compilation, abstract, or summary from documents that

10   Rimini Street has produced or will produce to Plaintiffs.

11   Subject to and without waiver of the foregoing general and specific objections, Rimini Street

12   responds as follows:

13   Rimini further responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has

14   produced and/or will produce documents from which the answer to this Interrogatory can be

15   ascertained, including but not limited to the following:

16   Exhibit 3, which lists Bates-numbers for documents regarding the Oracle Specified

17   Locations. More specifically, the documents identified by Exhibit 3 indicate the contents of the

18   Oracle Specified Locations, as well as use of such information.

19   **FIRST SUPPLEMENTAL ANSWER (September 8, 2011):**

20   Rimini Street objects to this Interrogatory as overly broad and unduly burdensome. Rimini

21   Street objects to this interrogatory to the extent it seeks information that is not within the possession,

22   custody, or control of Rimini Street.  Rimini Street objects to the phrases "Non-Customer Location,"

23   and "used for a customer other than the specific customer" on the grounds and to the extent they are

24   vague and ambiguous.  Rimini will further provide an answer with respect to network and local

25   computer locations that, at any time, were intended for use, or were regularly used as, repositories of

26   Oracle Software and Support Materials that are not associated with a specific customer.  Rimini

27   Street further objects to this interrogatory on the grounds that it would require Rimini Street to create

28

1  a compilation, abstract, or summary from documents that Rimini Street has produced or will produce

2  to Plaintiffs.

3      Subject to and without waiver of the foregoing general and specific objections, Rimini Street

4  further responds as follows:

5      Rimini identifies the following as locations that currently or at one time included Oracle

6  Software and Support Materials:

7      \\rsi-clsvr01\client_software\PeopleSoft;

8      \\rsi-clsvr01\internal_software;

9      \\rsi-data01\share\client_archives\_ftp.peoplesoft.com;

10     \\rsi-data01\share\software\oracle;

11     \\rsi-data01\share\software\PeopleSoft;

12     \\rsi-clsvr01\fileshare\software\Peoplesoft;

13     \\rsi-clsvr01\client_software\For Development Use Only; and

14     \\rsi-clsvr03\d01\install.

15     The location \\rsi-clsvr01\client_software\PeopleSoft has included materials relating to

16 PeopleSoft software. In the past, certain materials at this location may have been used in building

17 environments for a particular client after Rimini verified that the particular client was entitled to

18 these certain materials.

19     The location \\rsi-clsvr01\internal_software was a parent directory with subdirectories that

20 have included installation materials relating to PeopleSoft software and Oracle Database software. In

21 the past, certain materials at this location may have been used in building environments for a

22 particular client after Rimini verified that the particular client was entitled to these certain materials.

23     The location \\rsi-clsvr03\d01\install has included Software and Support Materials. In the

24 past, certain materials at this location may have been used in building environments for a particular

25 client after Rimini verified that the particular client was entitled to these certain materials.

26     The location \\rsi-data01\share\client_archives\_ftp.peoplesoft.com has included materials

27 obtained from PeopleSoft's FTP website. This location was, at one time, intended to be used as a

28

repository for materials for clients that had the right to access such materials through PeopleSoft's FTP site.

The location \\rsi-data01\share\software\oracle has included materials relating to Oracle Database software.

The location \\rsi-data01\share\software\PeopleSoft has included materials relating to PeopleSoft software.

The location \\rsi-clsvr01\client_software\For Development Use Only has included materials relating to Oracle Software and Support Materials. Oracle has had access to this location via VPN for some time.

The address \\rsi-clsvr01\fileshare\software\Peoplesoft provides a link to \\rsi-clsvr01\client_software\PeopleSoft, which may include Software and Support materials and described above. Additionally, the address 10.12.1.5 is the IP Address for \\rsi-clsvr01, which may include Software and Support materials as described above.

Rimini further responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has produced and/or will produce documents from which the answer to this Interrogatory can be ascertained, including but not limited to the following:

Exhibit 3-1, which lists Bates-numbers for documents regarding the Oracle Specified Locations. More specifically, the documents identified by Exhibit 3-1 indicate the contents of the Oracle Specified Locations, as well as use of such information.

The documents spanning Bates-range RSI02971994-2158, which are Build Requests that may indicate the sources for environment builds.

**SECOND SUPPLEMENTAL ANSWER (November 22, 2011):**

Rimini Street objects to this Interrogatory as overly broad and unduly burdensome. Rimini Street objects to this interrogatory to the extent it seeks information that is not within the possession, custody, or control of Rimini Street.  Rimini Street objects to the phrases "Non-Customer Location," and "used for a customer other than the specific customer" on the grounds and to the extent they are vague and ambiguous.  Rimini will further provide an answer with respect to network and local

computer locations that, at any time, were intended for use, or were regularly used as, repositories of Oracle Software and Support Materials that are not associated with a specific customer.   Rimini Street further objects to this interrogatory on the grounds that it would require Rimini Street to create a compilation, abstract, or summary from documents that Rimini Street has produced or will produce to Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, Rimini Street further responds as follows:

Rimini identifies the following as locations that currently or at one time included Oracle Software and Support Materials:

\\rsi-clsvr01\client_software\PeopleSoft;

\\rsi-clsvr01\internal_software;

\\rsi-data01\share\client_archives\_ftp.peoplesoft.com;

\\rsi-data01\share\software\oracle;

\\rsi-data01\share\software\PeopleSoft;

\\rsi-clsvr01\fileshare\software\Peoplesoft;

\\rsi-clsvr01\client_software\For Development Use Only; and

\\rsi-clsvr03\d01\install.

The location \\rsi-clsvr01\client_software\PeopleSoft has included materials relating to PeopleSoft software. In the past, certain materials at this location may have been used in building environments for a particular client after Rimini verified that the particular client was entitled to these certain materials.

The location \\rsi-clsvr01\internal_software was a parent directory with subdirectories that have included installation materials relating to PeopleSoft software and Oracle Database software. In the past, certain materials at this location may have been used in building environments for a particular client after Rimini verified that the particular client was entitled to these certain materials.

The location \\rsi-clsvr03\d01\install has included Software and Support Materials. In the past, certain materials at this location may have been used in building environments for a particular client after Rimini verified that the particular client was entitled to these certain materials.

The location \\rsi-data01\share\client_archives\_ftp.peoplesoft.com has included materials obtained from PeopleSoft's FTP website. This location was, at one time, intended to be used as a repository for materials for clients that had the right to access such materials through PeopleSoft's FTP site.

The location \\rsi-data01\share\software\oracle has included materials relating to Oracle Database software.

The location \\rsi-data01\share\software\PeopleSoft has included materials relating to PeopleSoft software.

The location \\rsi-clsvr01\client_software\For Development Use Only has included materials relating to Oracle Software and Support Materials. Oracle has had access to this location via VPN for some time.

The address \\rsi-clsvr01\fileshare\software\Peoplesoft provides a link to \\rsi-clsvr01\client_software\PeopleSoft, which may include Software and Support materials and described above. Additionally, the address 10.12.1.5 is the IP Address for \\rsi-clsvr01, which may include Software and Support materials as described above.

The testimony from the October 5, 2011 deposition of Krista Williams at 24:24-26:14, 27:7-28:2, 28:14-30:6, 32:1-33:19, 36:5-39:21, 45:19-46:5, 54:3-54:25, 56:18-57:18, 58:13-59:18, 60:9-62:5, 63:4-63:17, and 190:1-190:21.

Rimini further responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has produced and/or will produce documents from which the answer to this Interrogatory can be ascertained, including but not limited to the following:

Exhibit 3-1, which lists Bates-numbers for documents regarding the Oracle Specified Locations. More specifically, the documents identified by Exhibit 3-1 indicate the contents of the Oracle Specified Locations, as well as use of such information.

1    The documents spanning Bates-range RSI02971994-2158, which are Build Requests that

2 may indicate the sources for environment builds.

3

4

5 Dated: November 22, 2011

6                                            /s/ Robert H. Reckers

7                                            SHOOK, HARDY & BACON LLP
                                             B. Trent Webb, Esq.

8                                            Eric Buresh, Esq.
                                             2555 Grand Boulevard

9                                            Kansas City, Missouri 64108-2613
                                             Telephone: (816) 474-6550

10                                           Facsimile: (816) 421-5547
                                             bwebb@shb.com

11                                           eburesh@shb.com

12
                                             Robert H. Reckers, Esq.

13                                           600 Travis Street, Suite 1600
                                             Houston, Texas   77002

14                                           Telephone: (713) 227-8008
                                             Facsimile: (731) 227-9508

15                                           rreckers@shb.com

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          - 13 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on the November 22, 2011 via email, as indicated below.

BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
FRED NORTON (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
fnorton@bsfllp.com
kringgenberg@bsfllp.com

BINGHAM MCCUTCHEN LLP
GEOFFREY M. HOWARD (*pro hac vice*)
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

ORACLE CORPORATION
JAMES C. MAROULIS (*pro hac vice*)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
jim.maroulis@oracle.com

By:    _/s/ Robert H. Reckers_____
        Robert H. Reckers.

# EXHIBIT 5
# FILED UNDER SEAL

# EXHIBIT 6
# FILED UNDER SEAL

# EXHIBIT 7

SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. *(pro hac vice)*
Eric Buresh, Esq. *(pro hac vice)*
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
eburesh@shb.com

Robert H. Reckers, Esq. *(pro hac vice)*
600 Travis Street, Suite 1600
Houston, Texas   77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
WAllen@LRLaw.com

*Attorneys for Defendants*
*RIMINI STREET, INC. and SETH RAVIN*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual, <br><br> Defendants. | Case No. 2:10-cv-0106-LRH-PAL <br><br> **DEFENDANT RIMINI STREET INC.'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT RIMINI STREET, INC.** |

        Pursuant to Federal Rules of Civil Procedure 26 and 36, Rimini Street, Inc. ("Rimini Street"), by and through its undersigned counsel, responds to Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.'s ("Oracle") Third Set of Requests for Admissions ("Requests").

## **GENERAL OBJECTIONS**

The following General Objections shall be deemed incorporated into the objections and Responses to each and every specific Request for Admission.  To the extent that specific General Objections are cited in a specific Response, those specific objections are provided because they are believed to be particularly applicable to the specific Request.  If Rimini Street specifically refers to General Objections in a Response, Rimini Street does not intend to waive any other General Objection applicable to information falling within the scope of the Request.

1.      Rimini Street objects to Plaintiff's Requests to the extent that Plaintiff seeks to require Rimini Street to provide any information beyond what is available to Rimini Street at present from a reasonable search of its own files and a reasonable inquiry of its present employees likely to have the information necessary to admit or deny these requests.

2.      Rimini Street objects to Plaintiff's Requests to the extent that Plaintiff seeks to impose on Rimini Street any other obligation not imposed by the Federal Rules of Civil Procedure or the Local Rules for the District of Nevada.

3.      Rimini Street objects to the disclosure of information protected by the attorney-client privilege and/or work-product immunity.

4.      Rimini Street objects to Plaintiff's Requests to the extent they call upon Rimini Street to admit or deny information that is irrelevant to the subject matter of this action.  Rimini Street does not concede that any Request to which it responds is relevant to the subject matter of this litigation.

5.      Rimini Street objects to these Requests to the extent they contravene the purposes underlying Federal Rule of Civil Procedure 36 to narrow the issues in this case and facilitate proof with respect to issues that can be eliminated.  By way of example and without limitation, Rimini Street objects to these Requests to the extent they seek admissions related to highly contested issues, rather than admissions related to non-contested issues that could narrow the issues in this case.  Rimini Street also objects to these Requests to the extent they seek admissions related to unidentified materials, which would not facilitate proof relating to issues that can be eliminated from this case.

6.      Rimini Street objects to these Requests to the extent they contain vague, ambiguous, and non-specific statements.

7.      Rimini Street objects to these Requests to the extent they cannot be admitted or denied without providing commentary.

8.      Rimini Street objects to the definition of the phrase "more than a de minimis or trivial amount of protectable expression" to the extent it seeks to incorporate legal conclusions.

9.      Rimini Street objects to the definitions of the terms "Complete or Partial Copy", "Environment," "Oracle Database Software," "Oracle Enterprise Software," and "Software and Support Materials" to the extent that, when read together, the definitions are convoluted and circular.

10.     Rimini objects to the definition of the terms "Internal Software Library" and "Software Library" to the extent that the proffered definitions deviates from the plain and ordinary meaning of the term "library" and to the extent that these terms imply a library of software for general or generic use without regard to rights afforded to Rimini customers' under their respective license agreements with Oracle.  Rimini further objects to the inclusion of the phase "related materials" in the proffered definition of "Software Library" as vague and ambiguous.

11.     Rimini objects to the definition of the term "Automated Downloading Tool" as vague and ambiguous and to the extent that Oracle's requests seek to imply that the tools used by Rimini were prohibited by the terms of Oracle's various website.  As conventional Internet browsers submit Internet download requests in what may be considered a "rapid, automated fashion," it is unclear what Internet communication software is excluded from Oracle's definition.  To respond, Rimini construes Oracle's proffered definition of "Automated Download Tools" to encompass tools that utilized standard Internet browsers and applications to interact with websites, including such Rimini-created tools listed by Oracle's definition.

12.     Rimini objects to Oracle's Exhibit A and Oracle's requests citing this exhibit as overly broad and unduly burdensome.  Rimini does not have reasonable means by which it can verify the accuracy of the 88,730 files listed on the  of the 1,699 pages of text found in Exhibit A, and Oracle has declined to provide a declaration detailing how Exhibit A was created.  Where

possible, Rimini has attempted to respond based on Oracle's representation that the files listed on Exhibit A correspond to files produced from Rimini's HRMS Delivered Objects folder.[1] However, for many requests directed to Exhibit A, Rimini cannot respond given the extreme burden and overbreadth associated with Oracle's Exhibit A.

### RESPONSES

**REQUEST NO. 25:**

Admit that each Environment identified in Your responses to Interrogatories No. 20 and 21 as containing Siebel-branded Oracle Enterprise Software embodied more than a *de minimis* or trivial amount of protectable expression from at least one of the Registered Works.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections, Rimini admits that each Environment identified in its response to Interrogatories No. 20 and 21 as containing Siebel-branded Oracle Enterprise Software embodied more than a trivial amount of protectable expression from at least one of the Registered Works.

**REQUEST NO. 26:**

With respect to Your written and electronic requests that Oracle ship software to a Rimini Street address, admit that more than 50% of the requests asked Oracle to ship the software to an "offsite backup location."

**RESPONSE:**

Subject to and without waiver of the foregoing general objections, Rimini responds: Admitted.

**REQUEST NO. 27:**

Admit that, at least once, You instructed a Rimini Street customer or prospective Rimini Street customer to state that software was to be shipped to an "offsite backup location" when that customer or prospective customer requested that Oracle ship software to a Rimini Street address.

---

[1] Rimini notes that Exhibit A includes duplicate entries for numerous files. In responding, Rimini considers these duplicate entries to correspond to only one actual file in the HRMS Delivered Objects folder.

acts of copying Oracle Software and Support Material into the indicated file locations in 2007. Rimini objects to this request to the extent it relates to information not in Rimini's custody or control. Rimini did not maintain records regarding each such action contemplated by this request. Therefore, Rimini cannot admit or deny this request given its overbreadth and the lack of available information.

**REQUEST NO. 63:**

Admit that, in 2010, Rimini Street only copied Oracle Software and Support Material into the Internal Software Libraries when no copy of that material was already present in the Internal Software Libraries.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections, Rimini denies copying Oracle software or support materials into the network locations indicated by this request in 2010.

**REQUEST NO. 64:**

Admit that, in 2011, Rimini Street only copied Oracle Software and Support Material into the Internal Software Libraries when no copy of that material was already present in the Internal Software Libraries.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections, Rimini denies copying Oracle software or support materials into the network locations indicated by this request in 2011.

**REQUEST NO. 65:**

Admit that, in 2006, Rimini Street built the majority of local Environments created by Rimini Street using Oracle Software and Support Material that was present in the Internal Software Libraries.

**RESPONSE:**

Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support Material that was present in the Internal Software Libraries" as vague and ambiguous.   In responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of Oracle Software and Support Material stored in the Internal Software Libraries."

1    Subject to and without waiver of the foregoing general and specific objections: Denied.

2                    **REQUEST NO. 66:**

3    Admit that, in 2007, Rimini Street built the majority of local Environments created by

4    Rimini Street using Oracle Software and Support Material that was present in the Internal

5    Software Libraries.

6                    **RESPONSE:**

7    Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support

8    Material that was present in the Internal Software Libraries" as vague and ambiguous.   In

9    responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of

10   Oracle Software and Support Material stored in the Internal Software Libraries."

11   Subject to and without waiver of the foregoing general and specific objections: Denied.

12                   **REQUEST NO. 67:**

13   Admit that, in 2008, Rimini Street built the majority of local Environments created by

14   Rimini Street using Oracle Software and Support Material that was present in the Internal

15   Software Libraries.

16                   **RESPONSE:**

17   Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support

18   Material that was present in the Internal Software Libraries" as vague and ambiguous.   In

19   responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of

20   Oracle Software and Support Material stored in the Internal Software Libraries."

21   Subject to and without waiver of the foregoing general and specific objections: Denied.

22                   **REQUEST NO. 68:**

23   Admit that, in 2009, Rimini Street built the majority of local Environments created by

24   Rimini Street using Oracle Software and Support Material that was present in the Internal

25   Software Libraries.

26                   **RESPONSE:**

27   Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support

28   Material that was present in the Internal Software Libraries" as vague and ambiguous.   In

1  responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of

2  Oracle Software and Support Material stored in the Internal Software Libraries."

3       Subject to and without waiver of the foregoing general and specific objections: Denied.

4       **REQUEST NO. 69:**

5       Admit that, in 2010, Rimini Street built the majority of local Environments created by

6  Rimini Street using Oracle Software and Support Material that was present in the Internal

7  Software Libraries.

8       **RESPONSE:**

9       Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support

10  Material that was present in the Internal Software Libraries" as vague and ambiguous.   In

11  responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of

12  Oracle Software and Support Material stored in the Internal Software Libraries."

13       Subject to and without waiver of the foregoing general and specific objections: Denied.

14       **REQUEST NO. 70:**

15       Admit that, in 2011, Rimini Street built the majority of local Environments created by

16  Rimini Street using Oracle Software and Support Material that was present in the Internal

17  Software Libraries.

18       **RESPONSE:**

19       Rimini objects to the phrase "created by Rimini Street using Oracle Software and Support

20  Material that was present in the Internal Software Libraries" as vague and ambiguous.   In

21  responding, Rimini interprets this phrase to mean "created by Rimini Street using the copies of

22  Oracle Software and Support Material stored in the Internal Software Libraries."

23       Subject to and without waiver of the foregoing general and specific objections: Denied.

24       **REQUEST NO. 71:**

25       Admit that, in 2006, at least 90% of the Oracle Software and Support Material in the

26  Internal Software Libraries that was used to build local Environments created by Rimini Street

27  was not organized or segregated by client.

28       **RESPONSE:**

1

**REQUEST NO. 249:**

2   Admit that, in 2011, Rimini Street used one or more of the environments identified as

3   items 1-32 on Exhibit C to create the majority of DAT files generated by Rimini Street.

4   **RESPONSE:**

5   Subject to and without waiver of its general objections: Admitted.

6   **REQUEST NO. 250:**

7   Admit that, in 2011, Rimini Street used one or more of the environments identified as

8   items 1-32 on Exhibit C to create the majority of DAT files received from Rimini Street by each

9   of Rimini Street's then-current customers.

10   **RESPONSE:**

11   Subject to and without waiver of its general objections: Admitted.

12

13

14   DATED:   January 4, 2012        SHOOK, HARDY & BACON

15

16                    By:    /s/ Robert H. Reckers
                            Robert H. Reckers, Esq.
17                          Attorney for Defendants
                            Rimini Street, Inc. and Seth Ravin
18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that the foregoing Defendant's First Amended Responses and Objections

3   to Plaintiffs' Third Set of Requests for Admissions was served on the 4th day of January, 2012,

4   via email, as indicated below.

5

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com |

6
7
8
9
10
11
12
13
14
15
16
17
18

19
20                              By:  */s/ Ryan Dykal*
21
22
23
24
25
26
27
28

352130 v1        DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD RFAs

# EXHIBIT 8
# FILED UNDER SEAL

# EXHIBIT 9
# FILED UNDER SEAL

# EXHIBIT 10
# FILED UNDER SEAL

# EXHIBIT 11
# FILED UNDER SEAL

# EXHIBIT 12
# FILED UNDER SEAL

# EXHIBIT 13
# FILED UNDER SEAL

# EXHIBIT 14
# FILED UNDER SEAL

# EXHIBIT 15
# FILED UNDER SEAL

# EXHIBIT 16
# FILED UNDER SEAL

# EXHIBIT 17
# FILED UNDER SEAL

# EXHIBIT 18
# FILED UNDER SEAL

# EXHIBIT 19
# FILED UNDER SEAL

# EXHIBIT 20
# FILED UNDER SEAL