| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP | BINGHAM MCCUTCHEN LLP |
| RICHARD J. POCKER (NV Bar No. 3568) | GEOFFREY M. HOWARD (*pro hac vice*) |
| 300 South Fourth Street, Suite 800 | THOMAS S. HIXSON (*pro hac vice*) |
| Las Vegas, NV 89101 | KRISTEN A. PALUMBO (*pro hac vice*) |
| Telephone: (702) 382-7300 | Three Embarcadero Center |
| Facsimile: (702) 382-2755 | San Francisco, CA 94111-4067 |
| rpocker@bsfllp.com | Telephone: 415.393.2000 |
| | Facsimile: 415.393.2286 |
| BOIES, SCHILLER & FLEXNER LLP | geoff.howard@bingham.com |
| STEVEN C. HOLTZMAN (*pro hac vice*) | thomas.hixson@bingham.com |
| FRED NORTON (*pro hac vice*) | kristen.palumbo@bingham.com |
| KIERAN P. RINGGENBERG (*pro hac vice*) | |
| 1999 Harrison Street, Suite 900 | DORIAN DALEY (*pro hac vice*) |
| Oakland, CA 94612 | DEBORAH K. MILLER (*pro hac vice*) |
| Telephone: (510) 874-1000 | JAMES C. MAROULIS (*pro hac vice*) |
| Facsimile: (510) 874-1460 | ORACLE CORPORATION |
| sholtzman@bsfllp.com | 500 Oracle Parkway |
| fnorton@bsfllp.com | M/S 5op7 |
| kringgenberg@bsfllp.com | Redwood City, CA 94070 |
| | Telephone: 650.506.4846 |
| | Facsimile: 650.506.7114 |
| Attorneys for Plaintiffs Oracle USA, Inc., | dorian.daley@oracle.com |
| Oracle America, Inc., and Oracle International | deborah.miller@oracle.com |
| Corp. | jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATRION, a California corporation,<br><br>            Plaintiffs,<br><br>    v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual<br><br>            Defendants. | Case No. 2: 10-cv-0106-LRH-PAL<br><br>**PLAINTIFFS' OPPOSITION TO NON-PARTY CEDARCRESTONE, INC.'S EMERGENCY MOTION FOR ONE WEEK EXTENSION TO RESPOND TO PLAINTIFFS' MOTION TO MODIFY PROTECTIVE ORDER** |

1   Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation
2   (collectively, "Oracle") respectfully oppose CedarCrestone, Inc.'s ("CedarCrestone") Emergency
3   Motion for One Week Extension To Respond To Plaintiffs' Motion To Modify Protective Order
4   on the grounds that the requested extension is unnecessary and will result in prejudice to Oracle.
5   Oracle prefers to cooperate in granting mutual courtesies.  However, for five reasons, it
6   must oppose CedarCrestone's request for an additional extension of time to respond to the eight
7   page motion on a discrete, settled issue of law that Oracle filed on May 14, 2012.
8   First, CedarCrestone has already requested, and received, two extensions to respond
9   Oracle's Motion to Modify Protective Order ("Motion") and that should be enough.
10  CedarCrestone originally asked Oracle for a one week extension and Oracle agreed.  The stated
11  bases at that time were that new counsel needed time to familiarize herself with the dispute, and
12  a key CedarCrestone employee was out of the country.  Counsel represented that one additional
13  week would suffice to allow her to familiarize herself with the case sufficiently to prepare
14  CedarCrestone's response.  Oracle regarded this request with some skepticism because
15  CedarCrestone's other law firm, that represented it throughout the discovery at issue in the
16  motion, remains active in the matter and CedarCrestone offered no reason why that counsel
17  could not handle the opposition.  Nevertheless, Oracle agreed.  On June 6, 2012,Oracle agreed to
18  a further three day extension, which would have made the deadline for CedarCrestone's
19  opposition June 11, 2012, nearly a month after Oracle filed the Motion.  Instead of accepting
20  Oracle's extension, CedarCrestone prepared and filed this emergency motion.
21  Second, the motion just does not require this much time for a response.  It is eight pages.
22  It addresses a settled issue of law that Courts "strongly favor[] access to discovery materials to
23  meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto Ins.*
24  *Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).  It seeks narrow relief on a limited subject matter, that
25  CedarCrestone's admissions to infringing Oracle's intellectual property – which it made subject
26  to the Protective Order in this case – should be available to Oracle in order to enforce its
27  intellectual property rights against CedarCrestone in collateral litigation.  Had CedarCrestone
28  just drafted its opposition instead of the time it has spent seeking extensions and writing

preservation letters, it would have needed no extension at all.

Third, Counsel's stated unavailability does not provide adequate grounds for the court to grant CedarCrestone's request. CedarCrestone states that the extension is necessary because counsel will be travelling to London *on the day the response is due*. [Dkt. 321 at 2:27-28.] The motion does not explain why counsel's travel plans prevent CedarCrestone from filing its opposition on June 11, 2012, the new extension to which Oracle agreed. The motion does not address when counsel first learned of her conflicting travel plans. Either counsel knew of these travel plans at the time three weeks ago when the parties stipulated to the original extension, or counsel made these travel plans knowing of the briefing schedule for this motion. If the former then counsel should not have proposed and agreed to the one week extension in the first place. If the latter, then the current "emergency" is one of her own making.

Fourth, there is no emergency. CedarCrestone has two law firms handling this matter. It has adequate staffing to oppose an 8 page motion in the time agreed. Indeed, the other law firm recently sent Oracle a preservation letter referencing this very motion proceeding. (See Attachment A to this opposition). For the same reason, while Oracle is sympathetic to Mr. Loosvelt's loss, given that the two combined firms total nearly 1,000 lawyers, and several other lawyers on the matter have no stated conflict, someone should be able to draft the short opposition upon which CedarCrestone has chosen to insist.

Fifth, further delay will prejudice Oracle. As this Court is aware, Oracle is currently in active litigation, both in this litigation and in the matter of *Oracle USA, Inc., et al., v. SAP AG, et al.,* Case No. 07-CV-1658 PJH (EDL), N.D. Cal (the "*SAP* Action"). In both cases, the manner and legality of CedarCrestone's actions in supporting customers running Oracle software has been raised. The facts underlying CedarCrestone's conduct, and Oracle's response to them, may become an issue as soon as June 18, 2012, the currently scheduled trial date for the re-trial of the *SAP* Action. Further delay may prejudice Oracle's position in that case.

Because CedarCrestone has failed to present a sufficient basis for requesting the extension to the briefing schedule and because any further delay in resolving Oracle's Motion to Modify will result in prejudice to Oracle, Oracle respectfully requests that the Court deny

1  CedarCrestone's request.

2

3

4  DATED:  June 7, 2012                    BINGHAM McCUTCHEN LLP

5

6                                          By:  /s/ Geoffrey M. Howard
                                                  Geoffrey M. Howard
7                                                Attorneys for Plaintiffs
                                          Oracle USA, Inc. and Oracle International Corp.
8

9

10

...

28

PLAINTIFFS' OPPOSITION TO CEDARCRESTONE'S EMERGENCY MOTION

**CERTIFICATE OF SERVICE**

I do hereby certify that on June 7th, 2012, I electronically transmitted the foregoing **PLAINTIFFS' OPPOSITION TO NON-PARTY CEDARCRESTONE, INC.'S EMERGENCY MOTION FOR ONE WEEK EXTENSION TO RESPOND TO PLAINTIFFS' MOTION TO MODIFY PROTECTIVE ORDER** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

*/s/ Marjory A. Gentry*
Marjory A. Gentry