DOMINICA C. ANDERSON (SBN 2988)
RYAN A. LOOSVELT (SBN 8550)
**DUANE MORRIS LLP**
100 N. City Parkway, Suite 1560
Las Vegas, NV 89106
Telephone: 702.868.2600
Facsimile: 702.385.6862
Email: dcanderson@duanemorris.com
       rloosvelt@duanemorris.com

Attorneys for CedarCrestone, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation, ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants.<br><br>AND ALL RELATED COUNTER CLAIMS. | Case No. 2:10-CV-0106-LRH-PAL<br><br>**DECLARATION OF BRIAN E. FEES IN SUPPORT OF NON-PARTY CEDARCRESTONE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY PROTECTIVE ORDER, AND IN THE ALTERNATIVE, COUNTERMOTION FOR STAY** |

I, Brian E. Fees, hereby declare as follows:

1. I am over the age of eighteen years, am competent to testify in this action, and have personal knowledge of the following facts and could and would testify competently to them if called as a witness. I make this Declaration in support of Non-party CedarCrestone Inc.'s Opposition to Plaintiffs' Motion to Modify Protective Order, And In the Alternative, Countermotion for Stay.

2. I am Chief Financial Officer for CedarCrestone, Inc. ("CedarCrestone"). I hold a Bachelor of Science in Engineering from Arizona State University in Industrial and Systems Engineering and a Master of Science (SM) from the Massachusetts Institute of Technology Sloan School of Management. I have been employed at CedarCrestone since December 11, 2000.

///

3. CedarCrestone is an Oracle Certified Advantage Partner which provides a variety of services to Oracle PeopleSoft licensees. CedarCrestone has extensive expertise with Oracle technology and Oracle applications. Oracle itself has recognized CedarCrestone's expertise at delivering enterprise solutions by designating CedarCrestone one of its top-tier Platinum Partners.

4. CedarCrestone is, in some aspects, a direct competitor of Oracle in that both companies provide various services for Oracle's PeopleSoft products. Although CedarCrestone and Oracle work together in several ways, including by developing new products, co-marketing, and sub-contracting work to each other, Oracle has a consulting division which provides PeopleSoft consulting services that are similar to those provided by CedarCrestone and has a hosting division which provides PeopleSoft hosting services similar to CedarCrestone's hosting services. Oracle and CedarCrestone frequently compete for the same consulting or hosting contracts.

5. In Oracle's still-pending lawsuit against SAP and TomorrowNow (the "SAP Litigation"), CedarCrestone was one of many third parties to receive a subpoena for the production of documents. In the SAP Litigation, CedarCrestone worked amicably with Oracle over the course of several months to limit the scope of Oracle's initially overbroad and unduly burdensome requests to provide responsive documents Oracle wanted in order to press its claims against SAP and TomorrowNow.

6. CedarCrestone produced documents in the SAP Litigation pursuant to a stipulated protective order entered in that action. The stipulated protective order in the SAP Litigation appears substantially the same as the Stipulated Protective Order that Oracle crafted in the Rimini Action, including the provision that limits the discovery to use only in that particular litigation. Attached hereto as **Exhibit 1** is a true and correct copy of the Stipulated Protective Order in the SAP Litigation.

7. CedarCrestone would have filed a motion to quash the subpoena and sought its own protective order had it not been able to rely on the protective order that had been entered in the SAP Litigation.

8. On or about February 14, 2011, Oracle served a Subpoena Duces Tecum for CedarCrestone (the "Subpoena") on CSC Services of Nevada, Inc., CedarCrestone's registered agent

in Nevada in connection with the Rimini lawsuit. Attached hereto as **Exhibit 2** is a true and correct copy of the Subpoena.

9. CedarCrestone reviewed the Subpoena, consulted counsel, and concluded it was void for being issued and served in the wrong jurisdiction, was objectionable on many grounds, and unreasonably demanded production of hundreds of thousands of documents within three weeks of service. CedarCrestone has no offices in Nevada and its principal place of business is in Georgia. CedarCrestone has appointed a registered agent in Nevada, but has no physical offices or presence in Nevada. To the extent that the voluminous documents and electronic information requested in the Subpoena are in any one place they are located and stored at CedarCrestone's headquarters in Alpharetta, Georgia where the Subpoena, if not otherwise objectionable, should have been issued and served. CedarCrestone therefore retained counsel in Nevada to contest the Subpoena.

10. Without waiving any objections, and foregoing immediate filing of a Motion to Quash the Subpoena, CedarCrestone again attempted to work with Oracle in good faith to tailor a reasonable, non-objectionable production in response to the Subpoena, as it had in the SAP Litigation. Our General Counsel contacted corporate counsel at Oracle to discuss the production. But when Oracle indicated that it wanted to instead proceed by subpoena, CedarCrestone then formally objected to the Subpoena in writing by letter on March 7, 2011 and also called Oracle's counsel to discuss CedarCrestone's specific objections that same day.

11. Nevertheless, we continued to work with Oracle to reach agreement on a reduced scope of production and appropriate protection for the information to be disclosed. Oracle repeatedly and unequivocally assured CedarCrestone that the protections set out in the Protective Order would protect CedarCrestone's confidential information through a series of letters and phone calls.

12. In reliance on the parties' agreement regarding the limitations on use of CedarCrestone's information, CedarCrestone produced over 2.16 gigabytes of data in response to Oracle's subpoena. Between May 19 and July 12, 2011, CedarCrestone produced over 500 additional documents and an audio file in response to the Subpoena, all in reliance on the Protective Order in this action.

13. On June 24, 2011, prior to producing some of its documents, CedarCrestone sent Oracle a proposed sample Supplemental Stipulation of Confidentiality designed to supplement the Protective Order in order to provide more protections to third parties whom were not involved in crafting the Stipulated Protective Order. Instead of negotiating as to the scope and nature of CedarCrestone's proposal, Oracle informed CedarCrestone by email without explanation that its proposed restrictions were unreasonable and that it planned to move to compel. CedarCrestone again attempted to facilitate a dialogue concerning the Protective Order to further protect third parties' interests, but Oracle instead notified CedarCrestone that Oracle's objections were now laid out in its just-filed Motion to Compel.

14. However, CedarCrestone still continued to negotiate with Oracle in good faith even after Oracle filed a Motion to Compel. Prior to the deadline to file its opposition to Oracle's Motion to Compel, in which CedarCrestone intended to seek to quash and/or limit the Subpoena as void and objectionable, CedarCrestone and Oracle reached an agreement concerning production, and Oracle withdrew its Motion to Compel.

15. In addition, Oracle entered into a stipulation that provided additional notice to CedarCrestone as a third party to the extent the parties to the Rimini Action intended to use the CedarCrestone discovery in the Rimini Action.

16. Several months later, Oracle also sought to depose a CedarCrestone company representative in this action, and Paul Simmons appeared on behalf of CedarCrestone for deposition on December 2, 2011, again in express reliance on the protections of the Protective Order in the Rimini Action.

17. According to the Protective Order, a party has five days to designate portions of a transcript as "Confidential," Highly Confidential," or otherwise. Oracle did not immediately send the Simmons transcript to CedarCrestone, and by the time CedarCrestone received it, Oracle had already made designations to it, including "Highly Confidential – Attorneys' Eyes Only." Oracle appears now to be seeking to defeat not only CedarCrestone's designations under the Protective Order, but its own designations regarding CedarCrestone's documents as well.

///

18. Subsequent to CedarCrestone's production of documents and provision of testimony pursuant to the Protective Order, █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

19. For example, on or about April 19, 2012, ████████████████████████████████████████████████████████████████████████████████████████████ On the following day, April 20, 2012, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

20. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

///

21. On or about May 8, 2012, █████████████████████████

22. Further, on or about May 7, 2012, ████████████████████

23. On May 5, 2012, ████████████████████████████████████

24. CedarCrestone alternatively requests this Court to stay its decision on Oracle's Motion. Among other reasons, CedarCrestone is in the process of closing down the small portion of its business to which Oracle has objected, so Oracle should have no basis for claiming immediate or irreparable harm preventing a stay.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of June, 2012.

                                               /s/ Brian E. Fees
                                               Brian E. Fees

# CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2012, I served via CM/ECF a true and correct copy of the foregoing **DECLARATION OF BRIAN E. FEES IN SUPPORT OF CEDARCRESTONE'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY PROTECTIVE ORDER, AND IN THE ALTERNATIVE, COUNTERMOTION FOR STAY,** to all parties and counsel as identified on the CM/ECF-generated Notice of Electronic Filing.

/s/ Jana Dailey
Jana Dailey
An employee of DUANE MORRIS LLP