# EXHIBIT 1

# EXHIBIT 1

1  BINGHAM McCUTCHEN LLP
   CHRISTOPHER B. HOCKETT (SBN 121539)
2  GEOFFREY M. HOWARD (SBN 157468)
   ZACHARY J. ALINDER (SBN 209009)
3  BREE HANN (SBN 215695)
   Three Embarcadero Center
4  San Francisco, CA 94111-4067
   Telephone: (415) 393-2000
5  Facsimile: (415) 393-2286
   chris.hockett@bingham.com
6  geoff.howard@bingham.com
   zachary.alinder@bingham.com
7  bree.hann@bingham.com

8  DORIAN DALEY (SBN 129049)
9  JEFFREY S. ROSS (SBN 138172)
   500 Oracle Parkway
10 M/S 5op7
   Redwood City, CA 94070
11 Telephone: (650) 506-4846
   Facsimile: (650) 506-7114
12 dorian.daley@oracle.com
13 jeff.ross@oracle.com

14 Attorneys for Plaintiffs
   Oracle Corporation, Oracle USA, Inc.,
15 and Oracle International Corporation

16                UNITED STATES DISTRICT COURT
17                NORTHERN DISTRICT OF CALIFORNIA
18                    SAN FRANCISCO DIVISION
19

20 ORACLE CORPORATION, a Delaware          Case No. 07-CV-1658 (MJJ)
   corporation, ORACLE USA, INC., a Colorado
   corporation, and ORACLE INTERNATIONAL    [PROPOSED] STIPULATED
21 CORPORATION, a California corporation,   PROTECTIVE ORDER

22          Plaintiffs,
23    v.

24 SAP AG, a German corporation, SAP
   AMERICA, INC., a Delaware corporation,
25 TOMORROWNOW, INC., a Texas corporation,
   and DOES 1-50, inclusive,

26          Defendants.
27
28
                                                           Case No. 07-CV-1658 (MJJ)

STIPULATED PROTECTIVE ORDER

1   Disclosure and discovery activity in the above-captioned action (the "Action") are
2   likely to involve production of confidential, proprietary, or private information for which special
3   protection from public disclosure and from use for any purpose other than prosecuting this
4   litigation would be warranted. Accordingly, plaintiffs Oracle Corporation, Oracle USA, Inc.,
5   and Oracle International Corporation (collectively "Oracle") and defendants SAP AG, SAP
6   America, Inc., and TomorrowNow, Inc. (collectively "SAP") hereby stipulate to and petition the
7   Court to enter the following Stipulated Protective Order ("Protective Order"). The parties
8   acknowledge that this Protective Order does not confer blanket protections on all disclosures or
9   responses to discovery and that the protection it affords extends only to the limited information
10  or items that are entitled under the applicable legal principles to treatment as confidential. The
11  parties further acknowledge that this Protective Order creates no entitlement to file confidential
12  information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed
13  and reflects the standards that will be applied when a party seeks permission from the court to
14  file material under seal.
15  It is hereby ordered that the terms and conditions of this Protective Order shall govern the
16  handling of documents, answers to interrogatories, depositions, pleadings, exhibits, computer
17  readable data storage media and all other information exchanged by the parties in this action, or
18  provided by or obtained from non-parties in this action (the "Discovery Material").
19  It is hereby ORDERED as follows:
20  1.   This Protective Order shall be applicable to and govern all depositions,
21  documents, information or things produced by a party or third party in connection with this
22  litigation in response to requests for production of documents, requests for inspections of things,
23  answers to interrogatories, responses to requests for admissions, answers to deposition questions
24  and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as
25  testimony adduced at trial, matters in evidence, and other information that the Disclosing Party
26  designates as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes
27  Only."
28  2.   Any non-party to this Action may designate any Discovery Material produced by

1   Case No. 07-CV-1658 (MJJ)
STIPULATED PROTECTIVE ORDER

1  it, whether pursuant to subpoena or by agreement, as "Confidential Information" or "Highly
2  Confidential Information - Attorneys' Eyes Only" pursuant to the terms of this Protective Order,
3  upon such non-party's execution of a Declaration of Compliance with this Protective Order
4  substantially in the form attached to this Protective Order as Exhibit A.  A Party (or, if
5  applicable, non-party) designating Discovery Material as "Confidential Information" or "Highly
6  Confidential Information - Attorneys' Eyes Only" shall be referred to for purposes of this
7  Protective Order as the "Designating Party." Any Party (or, if applicable, non-party) receiving
8  Discovery Material designated as "Confidential Information" or "Highly Confidential
9  Information - Attorneys' Eyes Only" shall be referred to for purposes of this Protective Order as
10 the "Receiving Party." Counsel for any Designating Party may designate any Discovery
11 Material as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes
12 Only" under the terms of this Protective Order only if such counsel in good faith believes that
13 such Discovery Material contains such information and is subject to protection under Federal
14 Rule of Civil Procedure 26(c).  The designation by any Designating Party of any Discovery
15 Material as "Confidential Information" or "Highly Confidential Information- Attorneys' Eyes
16 Only" shall constitute a representation that such Discovery Material has been reviewed by an
17 attorney for the Designating Party, and that there is a valid basis for such designation.
18      3.      For purposes of this Protective Order, "Confidential Information" shall include all
19 non-public information or matter related to:  financial or business plans or projections;
20 acquisition offers or expressions of interest; proposed strategic transactions or other business
21 combinations; compensation plans; proprietary technical information and specifications; current
22 or future business and marketing information, plans, and strategies; studies or analyses by
23 internal or outside experts; customer information, data or lists; confidential financial data or
24 results; tax data; confidential information regarding assets and liabilities; valuation analyses;
25 competitive analyses; confidential personnel information; personal financial information;
26 personal information subject to protection under California law; or other commercially or
27 personally sensitive or proprietary information.  Notwithstanding the foregoing, Confidential
28 Information shall not mean information or documents produced or disclosed that are or become,

1  without violating this Protective Order, and apart from production or disclosure in connection
2  with this action, a matter of public record or publicly available by law or otherwise.
3      4.   For purposes of this Protective Order, "Highly Confidential Information" shall
4  include only extremely sensitive, highly confidential, non-public information, consisting either
5  of trade secrets or other highly confidential documents related to current or future business plans
6  or strategies, the disclosure of which to the receiving Parties or non-parties (other than the
7  Designating Party) would be likely to cause competitive or business injury to the Designating
8  Party (other than injury to the Designating Party's position in this Action). Highly Confidential
9  Information shall be designated as "Highly Confidential Information – Attorneys' Eyes Only"
10 and the use and disclosure of such information shall be restricted as set forth below.
11 Notwithstanding the foregoing, Highly Confidential Information shall not mean information or
12 documents produced or disclosed that are or become, without violating this Protective Order, and
13 apart from production or disclosure in connection with this action, a matter of public record or
14 publicly available by law or otherwise.
15     5.   Any Discovery Material designated as "Confidential Information" or "Highly
16 Confidential Information - Attorneys' Eyes Only," whether such information is provided orally
17 or by a document or in electronic form, shall be maintained as set forth in the Protective Order,
18 and shall not be disclosed to any person or entity, except as set forth in the Protective Order.
19     6.   All Discovery Material, whether or not filed or lodged with the Court, that a
20 Designating Party contends constitutes "Confidential Information" or "Highly Confidential
21 Information - Attorneys' Eyes Only" shall be designated by the Designating Party as follows:
22     a.   Documents or other tangible Discovery Material shall, at the time of their
23 production, be designated by stamping or labeling the same with the legend "Confidential
24 Information" or "Highly Confidential Information - Attorneys' Eyes Only" on each page
25 containing such information.
26     b.   Documents or other tangible Discovery Material produced by a non-party
27 to this Action shall be so designated by the Designating Party by providing written notice, as
28 soon as reasonably practicable, to counsel of record for the Parties (and to counsel of record, if

1 any, for the non-party who produced such Documents or other tangible Discovery Material) of
2 the Bates numbers or number range or other sufficiently definite description of the documents to
3 be designated as "Confidential Information" or "Highly Confidential Information - Attorneys'
4 Eyes Only." Counsel shall not permit documents or materials produced by a non-party to be
5 distributed to persons beyond those specified in Paragraph 9 or 10 below until they have been
6 designated in accordance with this Paragraph.

    c. Deposition testimony shall be designated "Confidential Information" or
8 "Highly Confidential Information - Attorneys' Eyes Only" (i) at the taking of the deposition by a
9 statement on the record, by counsel at the time of such disclosure, or (ii) by written notice sent to
10 counsel of record for all Parties within three (3) business days after receiving a copy of the final,
11 hard copy transcript thereof, identifying the specific pages thereof designated as "Confidential
12 Information" or "Highly Confidential Information – Attorneys' Eyes Only." In both of the
13 foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential
14 Information" or "Highly Confidential Information - Attorneys' Eyes Only" be affixed to the
15 portions of the original and all copies of the transcript. Counsel shall not permit deposition
16 transcripts to be distributed to persons beyond those specified in Paragraphs 9 or 10 below until
17 the relevant period for the designation has expired. The Parties may modify this procedure for
18 any particular deposition through agreement on the record at such depositions without further
19 order of the Court.

20     d. Non-documentary and non-testimonial material, such as oral statements,
21 shall be so designated orally at the time of disclosure and promptly confirmed in writing.

22     7. Inadvertent failure to designate Discovery Material as "Confidential Information"
23 or "Highly Confidential Information - Attorneys' Eyes Only" shall not constitute a waiver of
24 such claim and may be corrected by prompt supplemental written notice designating such
25 Discovery Material as "Confidential Information" or "Highly Confidential Information -
26 Attorneys' Eyes Only" in a manner consistent with Paragraph 6. The Party receiving such
27 supplemental written notice shall thereafter mark and treat materials so designated as
28 "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" as the

1  case may be, and such materials shall be fully subject to this Protective Order as if they had been
2  initially so designated. A person disclosing Discovery Material that is subsequently designated
3  as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" shall
4  in good faith assist the Designating Party in retrieving such Discovery Material from all
5  recipients not entitled to receive such Discovery Material under the terms of this Protective
6  Order and prevent further disclosures except as authorized under the terms of this Protective
7  Order.
8      8.   Except as the Designating Party or its counsel may otherwise agree in writing, or
9  as the Court may otherwise order, all Discovery Material marked or otherwise identified as
10 "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" and
11 received by any Receiving Party pursuant to this Protective Order: (a) shall be disclosed only to
12 such persons and in such manner as set forth in this Protective Order; (b) shall be used solely for
13 the purposes of preparation for trial, trial of and/or appeal from this Action and no other; and
14 (c) shall not be used by the Receiving Party for any other purposes, including, without limitation,
15 any business or commercial purpose. The foregoing prohibitions on the use of Confidential
16 Information and Highly Confidential Information shall survive the termination of this Action.
17     9.   Counsel for a Receiving Party may disclose or make available any Discovery
18 Material designated as "Confidential Information" and/or any information derived from such
19 Discovery Material only to the following persons:
20     a.   Counsel to the Parties in this Action (outside counsel, of counsel, and in-
21 house counsel, including members of the outside counsel firms, associate attorneys, contract
22 attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees), and
23 consultants and vendors of such Counsel to the Parties (including trial consultants, jury
24 consultants, and service vendors such as outside copying services, outside litigation support
25 services, translations services or graphics, design, or document handling services/consultants
26 retained in connection with this Action for purposes of preparing demonstrative or other exhibits
27 for deposition, trial, or other court proceedings) ("Consultants and Vendors"), provided that no
28 Discovery Material designated as "Confidential Information" shall be disclosed to any temporary

1  employees of Counsel to the Parties unless and until such person has executed a Declaration of
2  Compliance substantially in the form attached to this Protective Order as Exhibit A;
3      b.    The Parties and directors or employees of the Parties assisting counsel for
4  the purposes of this Action;
5      c.    Witnesses or deponents (other than witnesses and deponents otherwise
6  covered by (b) above), and their counsel, during the course of and, only to the extent necessary,
7  in preparation for depositions or testimony in this Action;
8      d.    Retained experts and expert consultants assisting counsel for the Parties in
9  this Action, and only to the extent necessary for the expert or expert consultant to prepare a
10  written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this
11  Action, subject to the provisions of Paragraph 12 below;
12      e.    The Court and its staff and administrative personnel, and Court reporters,
13  videographers and stenographers employed to take depositions, and any essential personnel
14  retained by the Court; and
15      f.    Any other person only upon order of the Court or upon stipulation of the
16  Designating Party.
17  10.   Counsel for a Receiving Party may disclose or make available any Discovery
18  Material designated as "Highly Confidential Information – Attorneys' Eyes Only" and/or any
19  information derived from such Discovery Material only to the following persons:
20      a.    Counsel to the Parties in this Action (outside counsel and of counsel
21  including members of the outside counsel firms, associate attorneys, contract attorneys,
22  paralegals, secretarial staff, clerical and other regular or temporary employees), and Consultants
23  and Vendors of such Counsel to the Parties, provided that no Discovery Material designated as
24  "Highly Confidential Information – Attorneys' Eyes Only" shall be disclosed to any temporary
25  employees of Counsel to the Parties unless and until such person has executed a Declaration of
26  Compliance substantially in the form attached to this Protective Order as Exhibit A;
27      b.    From each of Oracle and SAP, three in-house counsel who are employed
28  by the legal department for a Party and who are acting as legal counsel in connection with this

Action, as well as the designated in-house counsels' necessary secretarial, clerical, administrative or support staff, provided that the designated in-house counsel, secretarial, clerical, administrative or support staff are not involved in competitive decision-making for the Party (i.e., development, marketing or pricing decisions) as to the subjects of the information designated as "Highly Confidential Information – Attorneys' Eyes Only." Oracle designates Dorian Daley and Jeff Ross for this access, and SAP designates John P. Hickey and Kevin R. Hamel. Both parties reserve the right to challenge access to these in-house counsel designees based on later-acquired information. Either party may name a third in-house counsel pursuant to this paragraph by proposing an amendment to this Protective Order. Consent to such proposed amendment will be deemed given by the other parties if objection is not made within seven business days. In the event that any in-house attorney designated by a Party under this subparagraph should leave the employ of either Oracle or SAP, as applicable, a replacement in-house attorney may be named by the relevant Party, subject to the restrictions of this subparagraph;

  c. Witnesses or deponents and their counsel, during the course of and, only to the extent necessary, in preparation for depositions or testimony in this Action provided that the witness or deponent shall execute a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A acknowledging that the deponent will treat documents designated "Highly Confidential Information – Attorneys Eyes Only" in accordance with the Protective Order and that the deponent agrees to be bound by the terms of this Protective Order;

  d. Retained experts and expert consultants assisting counsel for the Parties in this Action, and only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action, subject to the provisions of Paragraph 12 below;

  e. The Court and its staff and administrative personnel, and Court reporters, videographers and stenographers employed to take depositions, and any essential personnel retained by the Court; and

1  f. Any other person only upon order of the Court or upon stipulation of the Designating Party.

2  11. Counsel for any Party to this litigation or counsel for the witness may exclude from the room during any deposition any person who is not entitled under the provisions of Paragraph 9 or 10 to receive or review "Confidential Information" or "Highly Confidential Information - Attorneys Eyes' Only" Discovery Material. No witness may be shown or examined on any "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material unless they are entitled to receive or review such material under the provisions of Paragraph 9 or 10, or unless otherwise agreed by counsel for all of the Parties. In the event that counsel for all of the Parties agree that the witness may be shown or examined on any such "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Materials, the witness must first be advised of the confidential nature of the Discovery Material, and be informed and agree on the record that any unauthorized disclosure of the information contained in the Discovery Material may constitute a contempt of this Court. Any party wishing to use documents of an opposing party designated either "Confidential Information" or "Highly Confidential Information – Attorneys Eyes Only" at the deposition of a third-party witness must give the opposing party at least 48 hours written notice. The written notice must provide (i) a list of the documents by Bates number that the requesting party wishes to use in the third-party deposition; and (ii) a complete copy set of the documents that are to be shown to a third party deponent. The parties shall not attempt to use internal documents from the other party that do not describe communications with a third party in an effort to inflame or prejudice the testimony of the third party. The third-party deponent must execute a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A, acknowledging that the deponent will treat documents designated "Confidential Information" or "Highly Confidential Information – Attorneys Eyes Only" in accordance with the Protective Order and that the third-party deponent agrees to be bound by the terms of this Protective Order.

12. "Confidential Information" or "Highly Confidential Information - Attorneys'

8                                Case No. 07-CV-1658 (MJJ)

STIPULATED PROTECTIVE ORDER

1  Eyes Only" Discovery Material may be provided to retained experts and/or expert consultants
2  assisting counsel for the Parties in this Action, and only to the extent necessary for the expert or
3  expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the
4  prosecution or defense of this Action, provided that such expert or expert consultant: (i) is not
5  currently, or has not in the past year from the date of this Protective Order, been a competitor of
6  the non-retaining Party, or a partner, director, officer, employee or other affiliate of such a
7  competitor; (ii) is using said "Confidential Information" or "Highly Confidential Information -
8  Attorneys' Eyes Only" Discovery Material solely in connection with this Action; and (iii) signs
9  a Declaration of Compliance in the form attached to this Protective Order as Exhibit A,
10 agreeing in writing to be bound by the terms and conditions of this Protective Order, consenting
11 to the jurisdiction of the Court for enforcement of this Protective Order, and agreeing not to
12 disclose or use any "Confidential Information" or "Highly Confidential Information -
13 Attorneys' Eyes Only" Discovery Material in a manner or for purposes other than those
14 permitted by this Protective Order. Counsel for the Party using the expert or expert consultant
15 shall be responsible for obtaining the signed undertaking and retaining the original, executed
16 copy. At least five (5) working days prior to providing an expert or expert consultant with any
17 information that has been designated as "Confidential Information" or "Highly Confidential
18 Information - Attorneys' Eyes Only" by the other side, Counsel must first identify the expert in
19 writing to opposing counsel. This written identification shall include a current resume or
20 curriculum vitae, and shall be served by electronic mail, in addition to, overnight mail. Should
21 the opposing party object to the disclosure of its "Confidential Information" or "Highly
22 Confidential Information - Attorneys' Eyes Only," the parties shall meet and confer on that
23 objection to the designated expert or expert consultant within one business day of the written
24 identification being served on counsel. If the meet and confer does not resolve the dispute, the
25 parties agree to an expedited resolution procedure with the Court. The objecting party shall file
26 a letter brief of not more than three pages with the Court within two court days of the meet and
27 confer, and the other party shall file a responsive letter brief not more than three pages within
28 two court days of filing of the opening brief. Both briefs shall be served by electronic mail, in

1  addition, to overnight mail. The Parties agree that Exhibit A shall not be filed with the Court,
2  and shall be deemed as "Confidential Information" within the meaning of this Protective Order.
3  No "Confidential Information" or "Highly Confidential Information - Attorneys'
4  Eyes Only" Discovery Material may be provided to retained experts and/or expert consultants
5  unless and until such person has executed a Declaration of Compliance substantially in the form
6  attached to this Protective Order as Exhibit A, and such Declaration of Compliance has been
7  served on counsel for all parties.
8  13.  This Protective Order has no effect upon, and shall not apply to, the Parties' use
9  of their own Confidential Information or Highly Confidential Information for any purpose.
10 Nothing in this Protective Order shall: (i) prevent a Designating Party from disclosing its own
11 "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"
12 Discovery Material to officers, directors, employees, agents, or advisors, including investment
13 bankers and accountants, of the Designating Party; or (ii) impose any restrictions on the use or
14 disclosure by a Party of documents, materials, or information designated "Confidential
15 Information" or "Highly Confidential Information - Attorneys' Eyes Only" if such documents,
16 materials, or information was both lawfully obtained by and lawfully retained in the possession
17 of such Party independently of the discovery proceedings in this Action.
18 14.  Without written permission from the Designating Party or a court order secured
19 after appropriate notice to all interested persons, a Party or non-party may not file in the public
20 record in this action any "Confidential Information" or "Highly Confidential Information -
21 Attorneys' Eyes Only" Discovery Material. A Party or non-party that seeks to file under seal
22 any "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"
23 Discovery Material must comply with Civil Local Rule 79-5. The envelope containing
24 documents sought to be filed under seal must indicate that the documents are being filed
25 pursuant to this Protective Order and that the envelope shall not be opened absent further order
26 of the Court.
27 15.  The inadvertent production of any Discovery Material shall be without prejudice
28 to any claim that such Discovery Material is privileged or protected from discovery as work-

1  product or by reason of any other applicable privilege or immunity, including without limitation
2  the attorney-client privilege, and no Party or non-party shall be held to have waived any rights
3  by such inadvertent production. If the claim of inadvertent production is made pursuant to this
4  Paragraph with respect to information then in the custody of another Party or non-party, such
5  Party or non-party shall promptly return to the claiming Party or non-party that material as to
6  which the claim of inadvertent production has been made and all copies thereof, and the
7  receiving Party or non-party shall not use such information for any purpose other than in
8  connection with a motion to compel. The Party or non-party returning such material may then
9  move the Court for an order compelling production of the material.
10  16.   Unless a prompt challenge to a Designating Party's confidentiality designation is
11  necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later
12  significant disruption or delay of the litigation, a Receiving Party does not waive its right to
13  challenge a confidentiality designation by electing not to mount a challenge promptly after the
14  Designating Party discloses the designation.
15      a.   A Receiving Party that elects to initiate a challenge to a Designating
16  Party's confidentiality designation must do so in good faith and must begin the process by
17  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)
18  with counsel for the Designating Party. In conferring, the challenging Receiving Party must
19  explain the basis for its belief that the confidentiality designation was not proper and must give
20  the Designating Party an opportunity to review the designated material, to reconsider the
21  circumstances, and, if no change in designation is offered, to explain the basis for the chosen
22  designation. A challenging Receiving Party may proceed to the next stage of the challenge
23  process only if it first has engaged in this meet and confer process.
24      b.   A Receiving Party that elects to press a challenge to a confidentiality
25  designation after considering the justification offered by the Designating Party may file and
26  serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if
27  applicable) that identifies the challenged material and sets forth in detail the basis for the
28  challenge. Each such motion must be accompanied by a competent declaration that affirms that

11  Case No. 07-CV-1658 (MJJ)

STIPULATED PROTECTIVE ORDER

1  the movant has complied with the meet and confer requirements imposed in the preceding
2  subparagraph and that sets forth with specificity the justification for the confidentiality
3  designation that was given by the Designating Party in the meet and confer dialogue.
4       c.   The burden of proof in any such challenge proceeding shall be on the
5  Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the
6  material in question the level of protection to which it is entitled under the Designating Party's
7  designation.
8   17.  Entering into, agreeing to, producing, or receiving "Confidential Information" or
9  "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material pursuant to,
10 and/or otherwise complying with the terms of, this Protective Order, or the taking of any action
11 pursuant to this Protective Order shall not:
12      a.   Constitute or operate as an admission by any Designating or Receiving
13 Party that any particular document, material, testimony, or thing does or does not contain, reflect,
14 or constitute a trade secret or any other type of Confidential Information or Highly Confidential
15 Information;
16      b.   Prejudice in any way the rights of any Designating or Receiving Party to
17 object to the production of documents it considers not subject to discovery, or operate as an
18 admission by any Designating or Receiving Party that the restrictions and procedures set forth in
19 this Protective Order constitute adequate protection for any particular information deemed by
20 any Designating Party to be Confidential Information or Highly Confidential Information;
21      c.   Prejudice in any way the rights of any Designating or Receiving Party to
22 object to the relevancy, authenticity, or admissibility into evidence of any document, material,
23 testimony, or thing subject to this Protective Order, or otherwise constitute or operate as an
24 admission by any Designating or Receiving Party that any particular document, material,
25 testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition,
26 at trial, or in a hearing;
27      d.   Prejudice in any way the rights of a Designating or Receiving Party to
28 seek a determination by the Court whether any Discovery Material should be subject to the terms

12                                      Case No. 07-CV-1658 (MJJ)
STIPULATED PROTECTIVE ORDER

1  of this Protective Order;

2       e.   Prejudice in any way the rights of a Designating Party to petition the Court
3  for a further protective order relating to any purportedly Confidential Information or Highly
4  Confidential Information; and/or

5       f.   Prevent the Parties to this Protective Order from agreeing, in writing, to
6  alter or waive the provisions or protections of this Protective Order with respect to any particular
7  Discovery Material.

8    18.   In the event additional persons or entities become Parties to this Action, none of
9  such Parties' counsel, experts or expert consultants retained to assist said counsel, shall have
10 access to Confidential Information or Highly Confidential Information produced by or obtained
11 from any Designating Party until said Party has executed and filed with the Court its agreement
12 to be fully bound by this Protective Order. No "Confidential Information" or "Highly
13 Confidential Information - Attorneys' Eyes Only" Discovery Material may be provided to such
14 Parties' counsel, experts or expert consultants unless and until such person has executed a
15 Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit
16 A, and such Declaration of Compliance has been served on counsel for all parties.

17   19.   It is the present intention of the Parties that the provisions of this Protective Order
18 shall govern discovery in this Action, but each of the Parties to this Protective Order shall be
19 entitled to seek modification of this Protective Order, or relief from it, by application to the Court
20 on notice to the other Parties here.

21   20.   The provisions of this Protective Order shall, absent written permission of the
22 Designating Party or further order of the Court, continue to be binding throughout and after the
23 conclusion of this Action, including without limitation any appeals in this Action. Within thirty
24 (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of
25 this Action in which "Confidential Information" or "Highly Confidential Information -
26 Attorneys' Eyes Only" Discovery Material is permitted to be used, including the exhaustion of
27 all permissible appeals, all persons and entities having received "Confidential Information" or
28 "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material, shall either make

1 a good faith effort to return such material and all copies thereof (including summaries and
2 excerpts) to counsel for the Designating Party or destroy all such "Confidential Information" or
3 "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material and copies
4 thereof (including summaries and excerpts) and certify that fact to counsel for the Designating
5 Party. Outside counsel for the Parties shall be entitled to retain all filings, court papers,
6 deposition and trial transcripts, deposition and trial exhibits, and attorney work product
7 (regardless of whether such materials contain or reference Discovery Materials designated as
8 "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" by any
9 Designating Party), provided that such outside counsel, and employees and agents of such
10 outside counsel, shall not disclose any Confidential Information or Highly Confidential
11 Information contained or referenced in such materials to any person except pursuant to court
12 order or agreement with the Designating Party. All materials, if any, returned to the Parties or
13 their counsel by the Court likewise shall be disposed of in accordance with this Paragraph. This
14 Court's jurisdiction to enforce the terms of this Protective Order shall end six (6) months after
15 final disposition of this Action, including without limitation any appeals in this Action.
16     21.   If any person receiving Discovery Material covered by this Protective Order (the
17 "Receiver") is: (a) subpoenaed in or (b) served with a demand in another action to which he, she
18 or it is a party, or (c) served with any other legal process by one not a party to this Action
19 seeking Discovery Material that was produced or designated as "Confidential Information" or
20 "Highly Confidential Information - Attorneys' Eyes Only" by someone other than the Receiver,
21 the Receiver shall give actual written notice, by hand or facsimile transmission, within two (2)
22 business days of receipt of such subpoena, demand, or legal process, to the Designating Party.
23 The Receiver shall not produce any of the Designating Party's "Confidential Information" or
24 "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material, until the
25 Designating Party gives notice to the Receiver that the Designating Party opposes production of
26 its "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"
27 Discovery Material, and has had a reasonable opportunity to object to the production. The
28 Designating Party shall be solely responsible for asserting any objection to the requested

1 production. Nothing in this Paragraph shall be construed as requiring the Receiver or anyone
2 else covered by this Protective Order to challenge or appeal any order requiring production of
3 "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"
4 Discovery Material covered by this Protective Order, or to subject such person to any penalties
5 for non-compliance with any legal process or order, or to seek any relief from this or any Court.
6     22.    Any Designating or Receiving Party seeking enforcement of this Protective Order
7 against any other Designating or Receiving Party may petition the Court by properly noticed
8 motion, pursuant to this Court's rules, including a concise statement of the specific relief sought.
9     23.    Violation by any person of any term of this Protective Order shall be punishable
10 as a contempt of court. No provision of this Protective Order shall require any person,
11 corporation, or other entity not a Party to this Action to respond to any discovery request, except
12 as may otherwise be required by law.
13 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

14
15 DATED: May 15, 2007

BINGHAM McCUTCHEN LLP

By: _____
Geoffrey M. Howard
Attorneys for Plaintiffs
Oracle Corporation, Oracle International
Corporation, and Oracle USA, Inc.

DATED: May 14, 2007

JONES DAY

By: _____
Tharan Gregory Lanier
Attorneys for Defendants
SAP AG, SAP America, Inc., and
TomorrowNow, Inc.

15

Case No. 07-CV-1658 (MJJ)

STIPULATED PROTECTIVE ORDER

1  IT IS SO ORDERED:

2  DATED: _____6/6_____, 2007    By: _____
3                                     United States District Court Judge

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Oracle Corporation, et al. v. SAP AG, et al.* I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction, of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
             [printed name]

Signature: _____
             [signature]