DOMINICA C. ANDERSON (SBN 2988)
RYAN A. LOOSVELT (SBN 8550)
**DUANE MORRIS LLP**
100 N. City Parkway, Suite 1560
Las Vegas, NV 89106
Telephone: 702.868.2600
Facsimile: 702.385.6862
Email: dcanderson@duanemorris.com
       rloosvelt@duanemorris.com

Attorneys for CedarCrestone, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation, ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants.<br><br>AND ALL RELATED COUNTER CLAIMS. | Case No. 2:10-CV-0106-LRH-PAL<br><br>**DECLARATION OF ROBERT T. GILL, ESQ., IN SUPPORT OF NON-PARTY CEDARCRESTONE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY PROTECTIVE ORDER, AND IN THE ALTERNATIVE, COUNTERMOTION FOR STAY** |

I, Robert T. Gill, hereby declare as follows:

1.  I am over the age of eighteen years, am competent to testify in this action, and have personal knowledge of the following facts. I am a partner at Peabody & Arnold LLP and am counsel for CedarCrestone, Inc. ("CedarCrestone"). I make this Declaration in support of CedarCrestone's Opposition to Plaintiffs' Motion to Modify Protective Order, and In the Alternative, Countermotion for Stay.

2.  Upon reviewing Oracle's Subpoena to CedarCrestone in connection with the Rimini lawsuit, we concluded it to be void for being issued and served in the wrong jurisdiction, was objectionable on many grounds, and unreasonably demanded production of hundreds of thousands of documents within three weeks of service.

3. On behalf of CedarCrestone, we contacted corporate counsel at Oracle to discuss the production in good faith to tailor a reasonable, non-objectionable production in response to the Subpoena, without waiving any objections and foregoing a motion challenging the Subpoena, as CedarCrestone had done in the SAP Litigation. However, when Oracle indicated that it wanted to instead proceed by subpoena, we then formally objected to the Subpoena in writing by letter on March 7, 2011 and also called Oracle's counsel to discuss CedarCrestone's specific objections that same day. Attached hereto as **Exhibit 3** is a true and correct copy of CedarCrestone's March 7, 2011 letter. On March 24, 2011, without waiving its objections, CedarCrestone made an initial production of documents in response to Oracle's subpoena. Attached hereto as **Exhibit 4** is a true and correct copy of CedarCrestone's email to Oracle concerning that production.

4. CedarCrestone continued to work with Oracle to reach agreement on a reduced scope of production and appropriate protection for the information to be disclosed. On April 14, 2011, CedarCrestone sent Oracle a letter in which it detailed its specific objections to each of the requests contained in Oracle's subpoena. Attached hereto as **Exhibit 5** is a true and correct copy of CedarCrestone's April 14, 2011 letter to Oracle. In response, Oracle repeatedly and unequivocally assured CedarCrestone that the protections set out in the Protective Order would protect CedarCrestone's confidential information.

5. On May 8, 2011, Oracle sent a letter to CedarCrestone in which it proposed modifications to several requests in the Subpoena, implicitly acknowledging the overbroad and unduly burdensome nature of the Subpoena. Attached hereto as **Exhibit 6** is a true and correct copy of Oracle's May 8, 2011 letter. In the May 8, 2011 letter, Oracle's counsel stated: "The Order will adequately protect CedarCrestone's confidential information." **[Exhibit 6, Page 5, ¶ 1]**

6. Attached hereto as **Exhibit 7** is a true and correct copy of Oracle's June 22, 2011 letter to CedarCrestone. In the June 22, 2011 letter to CedarCrestone, Oracle's counsel stated:

> "As I explained in my voicemail, multiple earlier discussions, and my letter of May 8, 2011, the Stipulated Protective Order entered in the litigation provides adequate protection for any confidential materials produced by CedarCrestone."

**[Exhibit 7, ¶3]**

7. Attached hereto as **Exhibit 8** is a true and correct copy of Oracle's June 30, 2011 email to CedarCrestone. Again in the June 30, 2011 email to CedarCrestone, Oracle's counsel stated:

> "As we have told CedarCrestone multiple times, we believe the Stipulated Protective Order is adequate."

**[Exhibit 8, ¶2]**

8. In reliance on the Protective Order and Oracle's assurances, CedarCrestone made productions of CedarCrestone confidential and highly confidential information over the course of a few months for use in the Rimini lawsuit only. Attached hereto as **Exhibit 9** is a true and correct copy of CedarCrestone's May 19, 2011 letter to Oracle regarding production. Attached hereto as **Exhibit 10** is a true and correct copy of CedarCrestone's July 1, 2011 letter to Oracle regarding production. Attached hereto as **Exhibit 11** is a true and correct copy of CedarCrestone's July 12, 2011 letter to Oracle regarding production.

9. Attached hereto as **Exhibit 12** is a true and correct copy of CedarCrestone's June 24, 2011 email to Oracle regarding the proposed sample Supplemental Stipulation of Confidentiality designed to supplement the Protective Order in order to provide more protections to third parties whom were not involved in crafting the Stipulated Protective Order.

10. Prior to CedarCrestone's opposition deadline, we reached an agreement with Oracle concerning the production, Oracle withdrew its Motion to Compel, and CedarCrestone and Oracle entered into a Stipulation providing addition protections concerning notice to third parties to the extent the parties in the Rimini Lawsuit intended to use the CedarCrestone discovery in the Rimini Lawsuit. Attached hereto as **Exhibit 13** is a true and correct copy of that Stipulation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of June, 2012.

/s/ Robert T. Gill
Robert T. Gill, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2012, I served via CM/ECF a true and correct copy of the foregoing **DECLARATION OF ROBERT T. GILL, ESQ., IN SUPPORT OF CEDARCRESTONE'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY PROTECTIVE ORDER, AND IN THE ALTERNATIVE, COUNTERMOTION FOR STAY,** to all parties and counsel as identified on the CM/ECF-generated Notice of Electronic Filing.

/s/ Jana Dailey
Jana Dailey
An employee of DUANE MORRIS LLP