# EXHIBIT 8

# EXHIBIT 8

-----Original Message-----
From: Russell, Chad [mailto:chad.russell@bingham.com]
Sent: Thursday, June 30, 2011 5:48 PM
To: Robert T. Gill
Subject: RE: Rimini: Draft Email to Chad Russell

Bob,

Oracle provided CedarCrestone a copy of the Stipulated Protective Order on March 17. CedarCrestone's imposition of new and burdensome demands more than three months later is unreasonable based on the timing alone.
The specific terms to which CedarCrestone would require Oracle to agree before producing documents are also unreasonable, for multiple reasons that Oracle will explain in detail in its motion.

Oracle in good faith has tried to reach an agreeable resolution ever since it served its subpoena on February 14. Oracle is not obligated to continue suffering the prejudice to its claims and defenses caused by CedarCrestone's delay. CedarCrestone has acknowledged it is prepared

to comply with Oracle's subpoena subject only to its newly-raised objections to the Stipulated Protective Order. As we have told CedarCrestone multiple times, we believe the Stipulated Protective Order is adequate. We think the Court will agree and we will move to compel production.

If Rimini Street and CedarCrestone have indeed agreed to a supplemental stipulated protective order, please provide an executed copy at your earliest convenience so that Oracle can assess the propriety of any potential impact on its rights in the litigation.

Thank you,
Chad


-----Original Message-----
From: Robert T. Gill [mailto:RGill@peabodyarnold.com]
Sent: Thursday, June 30, 2011 1:24 PM
To: Russell, Chad
Subject: RE: Rimini: Draft Email to Chad Russell

Chad,

I tried to reach you by phone but was not successful hence this email.

I do not think our proposed Confidentiality agreement is at all unreasonable. The one previously entered by the Court primarily addresses documents produced by the parties. Of course CederCrestone is not a party and is concerned about the confidentiality of its information. Having said that our proposed agreement was just that: a proposal. If you have a specific problem or objection if you told me what it was we might be able to resolve the issue. Short of your telling me what the term of the agreement you find problematic is I find it difficult to have a reasonable discussion around the issue. Please tell me which terms you object to so we can see if a resolution is possible.

I do not understand the point you are making in the first two sentences of your email. Allan originally sent you an agreement that Rimini had basically agreed to with one minor change so you could see it. He then sent one with a signature line for your client. We are willing to have all parties sign one agreement or if you prefer the parties could sign separate agreements. So, if that is your objection it is easily resolved.

When we sent our first proposed agreement to Rimini they had a few comments that we worked through. They tentatively agreed with the proviso that we add a provision that they could give whatever we gave them to you. We of course agreed. Given their agreement it does seem strange to me to just declare the entire agreement to be unreasonable.

Please let me know the specifics of your objections.

Bob