| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>B. Trent Webb, Esq. *(pro hac vice)*<br>2555 Grand Boulevard<br>Kansas City, Missouri 64108-2613<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>bwebb@shb.com<br><br>Robert H. Reckers, Esq. *(pro hac vice)*<br>600 Travis Street, Suite 1600<br>Houston, Texas 77002<br>Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508<br>rreckers@shb.com | GREENBERG TRAURIG<br>Mark G. Tratos, Esq. (Nevada Bar No. 1086)<br>Brandon Roos, Esq. (Nevada Bar No. 7888)<br>Leslie Godfrey, Esq. (Nevada Bar No. 10229)<br>3773 Howard Hughes Parkway<br>Suite 400 North<br>Las Vegas, NV 89169<br>Telephone: (702) 792-3773<br>Facsimile: (702) 792-9002<br>tratosm@gtlaw.com<br>roosb@gtlaw.com<br>godfreyl@gtlaw.com<br><br>LEWIS AND ROCA LLP<br>W. West Allen (Nevada Bar No. 5566)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada 89169<br>Tel: (702) 949-8200<br>Fax: (702) 949-8398<br>WAllen@LRLaw.com<br><br>*Attorneys for Defendants*<br>*RIMINI STREET, INC. and SETH RAVIN* |

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>       Plaintiffs,<br><br>  vs.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>       Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI STREET'S MOTION TO SEAL PORTIONS OF DEFENDANT RIMINI STREET INC.'S OPPOSITION TO ORACLE'S MOTIONS FOR EVIDENTIARY SANCTIONS AND EXHIBITS 1 - 3** |

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, Dkt. 55 ("Protective Order"), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Defendant Rimini Street Inc. ("Rimini") respectfully requests that the Court order the Clerk of the Court to file under seal certain portions of Rimini's Opposition to Oracle's Motion for Evidentiary Sanctions for Spoliation ("Rimini's Opposition") and Exhibits 1 - 3 thereto. These portions of Rimini's Opposition reflect information that Rimini has designated "Confidential" under the Protective Order.

The Protective Order states, "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information—Attorneys' Eyes Only' under the terms of this Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information—Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." Protective Order ¶ 2.

I.   **CONFIDENTIAL MATERIAL DESIGNATED BY RIMINI.**

Rimini has designated portions of its Opposition and Exhibits 1 - 3 as Confidential under the Protective Order. Rimini thus requests that the Court order the Clerk of the Court to file the designated portions of Rimini's Opposition and Exhibits 1 - 3 under seal. Un-redacted versions of these documents were individually lodged under seal with the Court on June 18, 2012.

For non-dispositive motions the presumption of public access may be overcome by a showing of good cause under Rule 26(c). *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

2

1    Exhibits 1 – 3 are documents or deposition testimony that have been designated as
2 "Confidential," reflecting Rimini's judgment that these contain "non-public information or matter
3 related to: . . . proprietary technical information and specifications; . . . or other commercially or
4 personally sensitive or proprietary information." Protective Order ¶ 3.  In particular, Exhibits 1 – 3
5 contain confidential information relating to Rimini's proprietary business processes.  Courts have
6 authority to shield such information from public view.  Indeed, Fed.R.Civ.P. 26(c)(1)(G) anticipates
7 that a court may require that "a trade secret or other confidential research, development, or
8 commercial information not be revealed or be revealed only in a specified way." *Selling Source,*
9 *LLC v. Red River Ventures, LLC*, 2:09-CV-01491-JCM, 2011 WL 1630338 at *2 (D. Nev. Apr. 29,
10 2011).

11    For the foregoing reasons, Rimini respectfully requests that the Court find there is a
12 compelling interest in filing portions of Rimini's Opposition and Exhibits 1 - 3 under seal.

14   DATED:     June 18, 2012               SHOOK, HARDY & BACON

                                            By:   */s/ Robert H. Reckers*
                                            B. Trent Webb, MO Bar No. 40778
                                            Robert H. Reckers, TX Bar No. 24039520
                                            SHOOK, HARDY & BACON L.L.P.
                                            2555 Grand Blvd.
                                            Kansas City, MO 64108-2613
                                            816-474-6550 Telephone
                                            816-421-5547 Facsimile

                                            *Attorney for Defendants*
                                            *Rimini Street, Inc. and Seth Ravin*

3

RIMINI STREET'S MOTION TO SEAL PORTIONS OF ITS OPPOSITION TO ORACLE'S MOTION FOR EVIDENTIARY SANCTIONS

5116100 V1

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th day of June, 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                         By: _/s/ Robert H. Reckers_