| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com<br><br>Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>  Plaintiffs,<br><br>  v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual<br><br>  Defendants. | Case No. 2: 10-cv-0106-LRH-PAL<br><br>**DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY PROTECTIVE ORDER**<br><br>**[REDACTED]** |

DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF REPLY IN SUPPORT OF
MOTION TO MODIFY PROTECTIVE ORDER

I, Geoffrey M. Howard, declare:

1. I am a member of the State Bar of California and have been admitted *pro hac vice* to appear before this Court. I am a partner of Bingham McCutchen, LLP, attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation in this action ("Oracle"). I make this declaration In Support of Reply to Plaintiffs' Notice of Motion and Motion and Application to Modify Protective Order. The facts stated here are within my personal knowledge, and I could and would testify competently to them if required.

2. Attached as **Exhibit A** are true and correct excerpts from the transcript of the December 1, 2011 deposition of Paul Simmons, CedarCrestone's corporate representative. These excerpts represent some of the testimony which give rise to Oracle's belief that ████████████████████████████████████████████████████

3. On February 14, 2011, Oracle hand-served a subpoena for the production of documents on CedarCrestone. The date for compliance with the subpoena was March 7, 2011. CedarCrestone did not produce documents in response to the subpoena or serve any objections to the subpoena prior to March 7, 2011. CedarCrestone first objected to the subpoena on April 14 2011. Attached as **Exhibit B** is a true and correct copy of the "objection" dated April 14, 2011.

4. Oracle and CedarCrestone negotiated the document subpoena between April 15 and June 24, 2011. On June 24, 2011, CedarCrestone informed Oracle that it would only comply with the subpoena if Oracle agreed to substantially modify the Protective Order. Attached as **Exhibit C** is a true and correct copy of an email and attachment from Alan Tannenwald, counsel for CedarCrestone, to Chad Russell on June 24, 2011 that contains CedarCrestone's proposed Protective Order modifications. The subject of the email is "Oracle USA, et al. v. Rimini Street, et al." The name of the attached file is "CedarCrestone_Rimini_Supplemental Stipulation of Confidentiality Between CedarCrestone and Rimini S (4)."

1  5. Having served the subpoena over four months ago, and faced with what it considered unreasonable proposed Protective Order terms, Oracle moved to compel CedarCrestone's compliance with the subpoena. Oracle's motion is at Docket number 156.

6. Upon receipt of Oracle's motion, CedarCrestone agreed to comply with the subpoena with only minor modifications to the existing Protective Order. The stipulated modifications are attached as Exhibit C to the Declaration of Chad Russell, filed in support of Oracle's Motion to Modify Protective Order at Docket Number 273-3. Based on this agreement, Oracle withdrew its motion to compel.

7. Beginning in February 2012, after Oracle deposed Mr. Simmons using documents produced by CedarCrestone in response to Oracle subpoena, counsel for Oracle initiated discussions with CedarCrestone's counsel and ultimately arranged for a series of meetings between corporate representatives of both parties. The purpose of these meetings was, at Oracle's request, to discuss the legality of CedarCrestone's business practices and to informally resolve Oracle's concerns about them based on the discovery provided by CedarCrestone. In advance of these meetings, CedarCrestone requested that Oracle's corporate representatives have "subject matter expertise" with respect to the dispute between the parties in order to facilitate the discussions between the parties.

8. To ensure that there could be no assertion that Oracle was improperly using information designated under the Protective Order for a purpose unrelated to the Oracle/Rimini Street litigation, Oracle requested CedarCrestone's permission to "to be released from the obligations imposed by the protective order as to the CedarCrestone document production and the CedarCrestone deposition testimony in the Oracle v. Rimini matter, and that [Oracle] can, for example, freely discuss the content of the documents and deposition testimony within Oracle". CedarCrestone agreed. Attached as **Exhibit D** is a true and correct copy of an email exchange between Bob Gill, counsel to CedarCrestone, and myself between January 26, 2012 and February 17, 2012. The subject of these emails is Re: Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin.

9. Based on Oracle's review of the CedarCrestone documents and testimony, as well as its own investigation, Oracle believes that [REDACTED]



11. Throughout the discussions between the parties, Oracle has requested an immediate end to CedarCrestone's infringing activities. CedarCrestone has never agreed to stop certain activities, and has refused to give a date certain for when it will stop others.

12. Attached as **Exhibit E** is a true and correct copy of the Oracle PartnerNetwork Worldwide Agreement that CedarCrestone has entered into with Oracle. Portions of Exhibit E are highlighted to assist the Court in identifying the information relevant to Oracle's motion.

13.     Attached as **Exhibit F** is a true and correct copy of the Oracle PartnerNetwork Partner Code of Conduct and Business Ethics, *available at* http://www.oracle.com/partners/en/how-to-do-business/opn-agreements-and-policies/019520.pdf. Portions of Exhibit F are highlighted to assist the Court in identifying the information relevant to Oracle's motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 25th day of June, 2012 in San Francisco, California.

By: /s/ Geoffrey M. Howard
    Geoffrey M. Howard