# EXHIBIT D

From: Robert T. Gill [mailto:RGill@peabodyarnold.com]
Sent: Friday, February 17, 2012 11:35 AM
To: Howard, Geoff
Subject: RE: Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin

Geoff,

CCI agreed to produce Mr. Simmons pursuant to the Stipulated Protective Order and subsequent Stipulation in the Rimini case. But for the Order and Stipulation, CCI would have contested the subpoena. Nevertheless at your request CCI has subsequently agreed to allow you to share certain information with some Oracle employees. CCI does not believe Oracle needs any further variation of either the Order or the Stipulation prior to the time the parties have their meeting. CCI believes that the remaining provisions of the order and agreement that it relied on when it produced Mr. Simmons should remain in place. It thinks that the orders in place are sufficient to allow CCI and Oracle to discuss the differences between what what CCI does and what Rimini does. If it appears in the future that further modifications are necessary, we can address them at that time.

Sincerely,

   Bob Gill

Robert T. Gill, Esquire
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Tel. (617) 951-4706
Fax (617) 951-2125

-----Original Message-----
From: Howard, Geoff [mailto:geoff.howard@bingham.com]
Sent: Thursday, February 16, 2012 12:19 PM
To: Howard, Geoff; Robert T. Gill
Subject: RE: Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin

However, I should add that you produced these with a "Confidential" designation so we are allowed to share them within Oracle, but only for purposes of the litigation.  This request is seeking permission to discuss the materials identified below outside the context of the litigation and as relates to CedarCrestone's own activities.

-----Original Message-----
From: Howard, Geoff
Sent: Thursday, February 16, 2012 9:18 AM
To: 'Robert T. Gill'
Subject: RE: Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin

Bob,
I think we can easily resolve this in the short term.  I want to be able to discuss the fixes that were produced, examples of which were used in the deposition, and the folder structures produced that house these fixes.  But due to the time constraints of the deposition, we weren't able to cover all of the issues raised.  Since these fixes are essentially Oracle's anyway (as it owns the underlying code), this should be controversial.  We can put aside for the time being documentation and the like.  Please let me know if this is acceptable.

Thanks,
Geoff

-----Original Message-----
From: Robert T. Gill [mailto:RGill@peabodyarnold.com]
Sent: Thursday, February 16, 2012 9:14 AM
To: Howard, Geoff
Subject: RE: Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin

Geoff,

    The documents were produced months ago and I do not have a good memory of exactly what we produced. CCI and Oracle are to some extent competitors so obviously such things as customer lists and RFPs etc. are not the type of things CCI would want to share.

    I am getting ready to go on vacation next week and frankly given the press that always occurs just before departure I do not have time to adequately comb through all the documents. My memory is that they are voluminous and I am sure that you do not want to show your folks all the documents anyway. Furthermore I assume you used the ones you thought were most relevant in the deposition. But, because you have made the request I assume you have a few particular ones in mind. I suggest the best and quickest way to deal with the issue would be for you to tell me which documents you want to show your folks and then I can respond.

Sincerely,

  Bob Gill

Robert T. Gill, Esquire
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Tel. (617) 951-4706
Fax (617) 951-2125
-----Original Message-----
From: Howard, Geoff [mailto:geoff.howard@bingham.com]
Sent: Wednesday, February 15, 2012 3:24 PM
To: Robert T. Gill
Subject: RE: Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin

Bob,
Thank you - does the same apply to the CedarCrestone document production?
Thanks,
Geoff

-----Original Message-----
From: Robert T. Gill [mailto:RGill@peabodyarnold.com]
Sent: Wednesday, February 15, 2012 12:22 PM
To: Howard, Geoff
Subject: RE: Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin

Geoff,

Per your request but without waiving CederCrestone's right to designate material as "Highly Confidential Information - Attorneys' Eyes Only"
CederCrestone agrees that the transcript of Mr. Simmons' deposition (and the exhibits)may be shared with Oracle employees assisting counsel in the Rimini lawsuit.

Once they have reviewed the information and decided which Oracle folks will meet with CederCrestone, please let me know so CederCrestone can make arraignments to have the right employees on board for their meeting.

Bob

2

Robert T. Gill, Esq.
PEABODY & ARNOLD, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Phone: (617) 951 4706
Fax: (617) 951 2125


-----Original Message-----
From: Howard, Geoff [mailto:geoff.howard@bingham.com]
Sent: Tuesday, February 14, 2012 3:17 PM
To: Robert T. Gill
Subject: RE: Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin

Bob,
I will get back to you whether Oracle agrees regarding the attendees, but in the meantime can I assume that Oracle is released from the obligations imposed by the protective order as to the CedarCrestone document production and the CedarCrestone deposition testimony in the Oracle v. Rimini matter, and that we can, for example, freely discuss the content of the documents and deposition testimony within Oracle?
Thanks,
Geoff

-----Original Message-----
From: Robert T. Gill [mailto:RGill@peabodyarnold.com]
Sent: Tuesday, February 14, 2012 12:12 PM
To: Howard, Geoff
Subject: RE: Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin

Geoff,

    I have spoken to my client and they agree with your suggestion that given the relationship between the two companies that it makes sense for them to meet to discuss the issues you have raised.  My folks believe at least for the first meeting that the lawyers should not be present.  I agree.

    My folks think the meeting will be most productive if Oracle representatives have subject matter expertise and decision making authority.  If you would advise me who at Oracle will attend, I suggest that we can then put the clients in touch so they can set the time and place without our direct involvement in the details.

    We are in the process of working on the requested re-designation of Mr. Simmons' deposition transcript.


Sincerely,

  Bob Gill

Robert T. Gill, Esquire
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Tel. (617) 951-4706
Fax (617) 951-2125
-----Original Message-----
From: Howard, Geoff [mailto:geoff.howard@bingham.com]
Sent: Thursday, February 09, 2012 10:41 AM
To: Robert T. Gill
Cc: 'clrussbos@gmail.com'
Subject: Re: Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin

I have a few minutes at 11:30 your time and will try you then.

```
----- Original Message -----
From: Robert T. Gill <RGill@peabodyarnold.com>
To: Howard, Geoff
Sent: Thu Feb 09 06:54:22 2012
Subject: RE: Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin
```

Geoff,

I am in my office now and will be here until noon EST. What works for you?

Bob

Robert T. Gill, Esq.
PEABODY & ARNOLD, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Phone: (617) 951 4706
Fax: (617) 951 2125


```
-----Original Message-----
From: Howard, Geoff [mailto:geoff.howard@bingham.com]
Sent: Wednesday, February 08, 2012 6:52 PM
To: Robert T. Gill
Cc: Le, Thai Q.; Gentry, Marjory; Russell, Chad
Subject: RE: Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin
```

Bob,
Are you available tomorrow to discuss the designation issue?
Thanks,
Geoff

```
-----Original Message-----
From: Robert T. Gill [mailto:RGill@peabodyarnold.com]
Sent: Thursday, January 26, 2012 8:48 AM
To: Gentry, Marjory
Cc: RGill@peabodyarnold.com; Dykal, Ryan D. (SHB); Reckers, Robert H.
(SHB); Howard, Geoff; Le, Thai Q.
Subject: Re: Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin
```

Marjory,
I am out of town until next Tuesday. I will call you when I return.
Please be advised that no one ever told us that you had changed your designations. Nor had anyone provided us with a copy of the Dec. 21 letter to mr. Reckers. Our response was based on the designations made at the deposition which as far as we knew had never been changed.
Bob

Sent from my iPhone

On Jan 25, 2012, at 6:39 PM, "Gentry, Marjory" <marjory.gentry@bingham.com> wrote:

> Bob,
>
> Please see the attached correspondence regarding the confidentiality designations for the deposition of Mr. Simmons.
>
>
>
>
>
> _____
> Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s)

4

listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.
>
> Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with
IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.
> <12-21-11 Letter to Robert H. Reckers.pdf>
> <1-25-12 Robert Gill Letter.pdf>


This transmission is intended only for the designated recipient(s). It contains confidential information that may be subject to the attorney-client privilege or other confidentiality protections under applicable law. If you are not a designated recipient, you must not read, use, copy or distribute this message. If you received this transmission in error, please notify the sender by telephone
(617-951-2100) or by reply e-mail and delete this message.

IRS Circular 230 requires that we inform you that if this communication (including any attachments) contains tax advice, it is not intended or written to be used, and cannot be used, for purposes of avoiding penalties under the Internal Revenue Code, or promoting marketing or recommending to another party any transaction or matter addressed herein.




This transmission is intended only for the designated recipient(s). It contains confidential information that may be subject to the attorney-client privilege or other confidentiality protections under applicable law. If you are not a designated recipient, you must not read, use, copy or distribute this message. If you received this transmission in error, please notify the sender by telephone
(617-951-2100) or by reply e-mail and delete this message.

IRS Circular 230 requires that we inform you that if this communication (including any attachments) contains tax advice, it is not intended or written to be used, and cannot be used, for purposes of avoiding penalties under the Internal Revenue Code, or promoting marketing or recommending to another party any transaction or matter addressed herein.



Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.


This transmission is intended only for the designated recipient(s). It contains confidential information that may be subject to the attorney-client privilege or other confidentiality protections under applicable law. If you are not a designated recipient, you must not read, use, copy or distribute this message. If you received this transmission

in error, please notify the sender by telephone
(617-951-2100) or by reply e-mail and delete this message.

IRS Circular 230 requires that we inform you that if this communication (including any attachments) contains tax advice, it is not intended or written to be used, and cannot be used, for purposes of avoiding penalties under the Internal Revenue Code, or promoting marketing or recommending to another party any transaction or matter addressed herein.

This transmission is intended only for the designated recipient(s). It contains confidential information that may be subject to the attorney-client privilege or other confidentiality protections under applicable law. If you are not a designated recipient, you must not read, use, copy or distribute this message. If you received this transmission in error, please notify the sender by telephone
(617-951-2100) or by reply e-mail and delete this message.

IRS Circular 230 requires that we inform you that if this communication (including any attachments) contains tax advice, it is not intended or written to be used, and cannot be used, for purposes of avoiding penalties under the Internal Revenue Code, or promoting marketing or recommending to another party any transaction or matter addressed herein.



This transmission is intended only for the designated recipient(s). It contains confidential information that may be subject to the attorney-client privilege or other confidentiality protections under applicable law. If you are not a designated recipient, you must not read, use, copy or distribute this message. If you received this transmission in error, please notify the sender by telephone
(617-951-2100) or by reply e-mail and delete this message.

IRS Circular 230 requires that we inform you that if this communication (including any attachments) contains tax advice, it is not intended or written to be used, and cannot be used, for purposes of avoiding penalties under the Internal Revenue Code, or promoting marketing or recommending to another party any transaction or matter addressed herein.



This transmission is intended only for the designated recipient(s). It contains confidential information that may be subject to the attorney-client privilege or other confidentiality protections under applicable law. If you are not a designated recipient, you must not read, use, copy or distribute this message. If you received this transmission in error, please notify the sender by telephone (617-951-2100) or by reply e-mail and delete this message.

IRS Circular 230 requires that we inform you that if this communication (including any attachments) contains tax advice, it is not intended or written to be used, and cannot be used, for purposes of avoiding penalties under the Internal Revenue Code, or promoting marketing or recommending to another party any transaction or matter addressed herein.