| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568) | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*) |
| 2 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 | THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*) |
| 3 | Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755 | Three Embarcadero Center<br>San Francisco, CA 94111-4067 |
| 4 | rpocker@bsfllp.com | Telephone: 415.393.2000<br>Facsimile: 415.393.2286 |
| 5 | BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*) | geoff.howard@bingham.com<br>thomas.hixson@bingham.com |
| 6 | FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*) | kristen.palumbo@bingham.com |
| 7 | 1999 Harrison Street, Suite 900<br>Oakland, CA 94612 | DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*) |
| 8 | Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460 | JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION |
| 9 | sholtzman@bsfllp.com<br>fnorton@bsfllp.com | 500 Oracle Parkway<br>M/S 5op7 |
| 10 | kringgenberg@bsfllp.com | Redwood City, CA 94070<br>Telephone: 650.506.4846 |
| 11 | | Facsimile: 650.506.7114<br>dorian.daley@oracle.com |
| 12 | Attorneys for Plaintiffs Oracle USA, Inc.,<br>Oracle America, Inc., and Oracle International<br>Corp. | deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual<br><br>        Defendants. | Case No. 2: 10-cv-0106-LRH-PAL<br><br>**PLAINTIFFS' MOTION TO SEAL UNREDACTED COPY OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY PROTECTIVE ORDER, THE DECLARATION OF GEOFFREY M. HOWARD AND EXHIBITS A AND E THERETO** |

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, Dkt. 55 ("Protective Order"), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (together "Oracle" or "Plaintiffs") respectfully request that the Court order the Clerk of the Court to file under seal an unredacted copy of Plaintiffs' Reply in Support of Plaintiffs' Motion to Modify Protective Order (the "Reply in Support of the Motion to Modify"), the Declaration of Geoffrey M. Howard in Support of the Reply in Support of the Motion to Modify ("Howard Declaration"), as well as Exhibits A and E to the Howard Declaration.  Plaintiffs will lodge an unredacted copy of the Reply in Support of the Motion to Modify, as well as Exhibits A and E under seal with the Court on June 25, 2012.

Sealing the unredacted Reply in Support of the Motion to Modify is requested because the redacted portions of the motion contains information that CedarCrestone, Inc. ("CedarCrestone"), the party which either produced the information or participated in the communications referenced therein, has designated as "Confidential Information" or "Highly Confidential Information - Attorney's Eyes Only" under the terms of the Protective Order. Likewise, sealing of Exhibit A is requested because the document has been designated as "Highly Confidential Information - Attorney's Eyes Only" by CedarCrestone.  The sealing of Exhibit E is requested because the document has been designated as containing "Highly Confidential Information - Attorney's Eyes Only" by Oracle.  The Protective Order states, "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' and 'Highly Confidential Information - Attorney's Eyes Only' under the terms of this Protective Order **only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).**  The designations by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information - Attorney's Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation."  Protective Order ¶ 2 (emphasis supplied).

1

1   CedarCrestone has identified the information redacted in the Reply in Support of the
2   Motion to Modify and Exhibit A "Confidential" and "Highly Confidential," and therefore
3   CedarCrestone has represented that good cause exists for sealing those portions of the
4   documents. Similarly, Oracle has identified the information redacted in Exhibit E as "Highly
5   Confidential Information - Attorney's Eyes Only," and therefore Oracle represents that good
6   cause exists for sealing those portions of the document.  This is a sufficient showing of good
7   cause to permit a sealing order on a non-dispositive motion.  *See, e.g., Pacific Gas and Elec. Co.*
8   *v. Lynch*, 216 F. Supp. 2d 1016, 1027 (N.D. Cal. 2002).
9   Oracle has submitted all non-redacted portion so the Reply in Support of the Motion to
10  Modify, the Howard Declaration, as well as all other exhibits to the Howard Declaration for
11  filing in the Court's public files, which would allow public access to all but the redacted portions
12  of the Reply in Support of the Motion to Modify and Exhibits A and E.  Accordingly, the request
13  to seal is narrowly tailored.
14  For the foregoing reasons, Oracle respectfully requests that the Court find that good cause
15  exists to file under seal the unredacted copy of the Reply in Support of the Motion to Modify and
16  Exhibits A and E to the Howard Declaration.

DATED:  June 25, 2012                        BINGHAM McCUTCHEN LLP

                                             By:   */s/* Geoffrey M. Howard
                                                   Geoffrey M. Howard
                                                   Attorneys for Plaintiffs
                                                   Oracle USA, Inc., Oracle America, Inc.
                                                   and Oracle International Corp.

2

PLAINTIFFS' MOTION TO SEAL REPLY