DOMINICA C. ANDERSON (SBN 2988)
RYAN A. LOOSVELT (SBN 8550)
**DUANE MORRIS LLP**
100 N. City Parkway, Suite 1560
Las Vegas, NV 89106
Telephone: 702.868.2600
Facsimile: 702.385.6862
Email: dcanderson@duanemorris.com
       rloosvelt@duanemorris.com

Attorneys for CedarCrestone, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation, ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants.<br><br>AND ALL RELATED COUNTER CLAIMS. | Case No. 2:10-CV-0106-LRH-PAL<br><br>**NON-PARTY CEDARCRESTONE, INC.'S (1) MOTION FOR LEAVE TO FILE SURREPLY AND (2) REPLY IN SUPPORT OF COUNTERMOTION FOR STAY**<br><br>**[REDACTED]** |

COMES NOW, Non-party CedarCrestone, Inc. ("CedarCrestone"), by and through its attorneys Dominica C. Anderson and Ryan A. Loosvelt of Duane Morris LLP and hereby moves this Court for leave to file the accompanying Surreply to Plaintiffs' Reply [Docket No. 341] in support of Motion to Modify Protective Order, and hereby submits its Reply in support of Countermotion for Stay [Docket No. 329]. The motion for leave is made and based on this Motion, the accompanying Memorandum of Points and Authorities, the accompanying Surreply and supporting Declaration, and the pleadings and papers on file herein, and upon oral argument as this Court deems warranted.

DATED: June 28, 2012        DUANE MORRIS LLP

                            By: */s/ Dominica C. Anderson*
                                Dominica C. Anderson (SBN 2988)
                                Ryan A. Loosvelt (SBN 8550)

                            Attorneys for Non-party CedarCrestone, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. MOTION FOR LEAVE TO FILE SURREPLY

Plaintiffs Oracle USA, Inc.'s, Oracle America, Inc.'s, and Oracle International Corporation's (collectively "Oracle") Reply in support of Motion to Modify Protective Order [Docket No. 341] raises new issues which Non-party CedarCrestone, Inc. ("CedarCrestone") has not had an opportunity to address.

The court in its discretion can decide whether or not to consider arguments raised for the first time in a reply brief. *Concerned Citizens for a Safe Community v. Office of Federal Detention Trustee*, 2011 WL 5041195, Case No. CV 09-014709, *1 (D.Nev. Oct. 24, 2011); *In re Pac. Gas & Elec., Co.*, 2002 WL 32071634, Case No. C-02-1550, *4 (N.D. Cal. Nov. 14, 2002), *citing Glenn K. Jackson, Inc. v. Rose*, 273 F.3d 1192, 1202 (9th Cir. 2001). When a district court accepts a reply brief that raises new reasons or evidence, it has two choices: permit a surreply, or refrain from relying on any new material contained in the reply brief. *Beaird v. Seagate Technology, Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998), *cert. denied*, 525 U.S. 1054, 119 S.Ct. 617 (1998).

The nonmovant should be granted an opportunity to respond where a moving party advances new reasons or evidence in a reply. *Beaird*, 145 F.3d at 1164, *citing Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 454 F.2d 404, 410 (1st Cir. 1985). If a court chooses to rely on materials raised for the first time in reply, the opposing party must be afforded a reasonable opportunity to respond. *In re Pac. Gas & Elec., Co.*, 2002 U.S. Dist. LEXIS 27549 at *15, *citing Beaird*, 145 F.3d at 1164-1165. It is an abuse of discretion to forbid the nonmovant from responding to new materials and argument in a reply brief where the Court relies on the new matter. *Beaird*, 145 F.3d at 1164-1165.

For the first time, Oracle's Reply raises new matters concerning discussions amongst counsel concerning whether CedarCrestone agreed to permit Oracle to utlizie CedarCrestone's confidential material outside of the Rimini Action. Contrary to Oracle's new statements in its Reply, CedarCrestone <u>never</u> agreed to any use of its confidential information outside of the Rimini Action, as demonstrated by CedarCrestone's Surreply and supporting Declaration.

///

Therefore, to the extent this Court accepts and considers the new matters raised in Plaintiffs' Reply in support of Motion to Modify Protective Order, CedarCrestone respectfully requests this Court grant leave and consider the below Surreply at Section II and accompanying Declaration when ruling on Plaintiffs' Motion.

## II. SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY

### A. **Introduction.**

Oracle's Reply in support of its Motion to Modify Protective Order [Docket No. 341] raises new issues which CedarCrestone did not have an opportunity to address in its Opposition:

- Oracle misrepresents the communications between the parties concerning use of CedarCrestone's confidential discovery material outside of the Rimini Action;
- Oracle misstates the date on which CedarCrestone first objected to Oracle's Subpoena;
- Oracle mischaracterizes the facts of *Foltz*; and
- Oracle does not give the Court a clear picture regarding alleged prejudice.

Accordingly, to the extent this Court accepts and considers the new matters raised in Plaintiffs' Reply in support of Motion to Modify Protective Order, CedarCrestone respectfully requests this Court consider this Surreply when ruling on Plaintiffs' Motion.

### B. **CedarCrestone Never Allowed Oracle To Use Its Confidential Discovery Material For Purposes Other Than The Prosecution Of The Rimini Action.**

CedarCrestone never agreed that Oracle can use any CedarCrestone Confidential Information outside the Rimini Action. Oracle asserts that "CedarCrestone agreed that Oracle, including its counsel and personnel within the company, could evaluate CedarCrestone's discovery responses and testimony independent of the Rimini litigation, for the purposes of assessing and discussing the legality of CedarCrestone's business practices and addressing related concerns directly with CedarCrestone." Reply at 9:18-21. This is not true. As an examination of the email chain, Gill Decl., Dkt. 342, Ex. D, confirms, CedarCrestone agreed only that "the transcript of Mr. Simmons' deposition (and the exhibits) may be shared with Oracle employees assisting counsel in the Rimini lawsuit" and that the purpose was "to allow CCI and Oracle to discuss the differences between what CCI does and what Rimini does". Nothing in that agreement suggests that CedarCrestone consented

to any use of the protected information outside the Rimini action. Howard Decl., Dkt. 342, Ex. D. CedarCrestone specifically stated: "the remaining provisions of the order and agreement that it relied on when it produced Mr. Simmons should remain in place." *Id.* at Ex. D. Those "remaining provisions" included the protective order's ban on use of any confidential information outside the Rimini action.

At no time did CedarCrestone agree that Oracle can use its confidential information for purposes other than the Rimini litigation. In producing confidential documents, data, and Mr. Simmons pursuant to Oracle's subpoenas, CedarCrestone relied on the Protective Order and Oracle's representation that it would not use CedarCrestone's confidential information for purposes other than the Rimini litigation.

### C.   CedarCrestone Timely Objected To Oracle's Document Subpoena.

In the Howard Declaration, Dkt. 342, ¶ 3, Oracle claims that CedarCrestone first objected to Oracle's subpoena on April 14, 2011. This assertion is false. CedarCrestone first served Oracle with a written objection to the subpoena on March 7, 2011. Gill Decl., Dkt. 331, ¶ 3 and telephoned Oracle's counsel to discuss its specific objections that same day. Rule 45(c)(2)(B) states that objections to subpoenas must be served no later than fourteen days after a subpoena is served. However, even had CedarCrestone not technically objected within the fourteen day period, courts have repeatedly and routinely exercised their discretion to consider objections outside the 14-day period under the very same circumstances present here. *See Yousuf v. Samantar*, 451 F.3d 248, 252 (D.C. Cir. 2006).

> Certain factors may guide the district court's discretion, for example, whether (1) the subpoena is "overbroad on its face and exceeds the bounds of fair discovery"; (2) the subpoenaed witness is a nonparty acting in good faith; and (3) counsel for the witness was in contact with counsel for the party issuing the subpoena prior to filing its formal objection.

*Id. See also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("[i]n light of the overbroad nature of the subpoena served by plaintiffs on nonparty KSA, the Court finds defendant's objections to the subpoena have not been waived"). As such, Oracle's claim that CedarCrestone failed to timely object to the subpoena is not true.

### D. The *Foltz* Protective Order Is Distinguishable From The One In This Case.

The *Foltz* case, which CedarCrestone has clearly distinguished from the matter at bar, did not involve "use" of Confidential Information. It involved dissemination of Confidential Information beyond a certain group, an entirely different concept. The *Foltz* protective order merely stated that "Confidential Information shall not be disclosed, disseminated, or conveyed in any way by the Producing Party, the Disclosing Party or Witnesses except as provided herein." *Foltz*, 331 F.3d at 1140. The *Foltz* order, unlike the Protective Order in this case, did not protect a disclosing entity from *use* of its Confidential Information. The Protective Order on which CedarCrestone has relied explicitly prohibits "use" of Confidential Information for "any purpose" other than the Rimini action, thus providing more and different protection for a non-party producing Confidential Information than was provided by the protective order in *Foltz*.

## III. REPLY IN SUPPORT OF COUNTERMOTION FOR STAY

### A. Oracle Would Suffer No Prejudice From A Stay Of Its Motion.

In its Reply, Oracle asserts that it will suffer prejudice if the Court grants a stay of the decision to modify the Protective Order until the Rimini Street litigation ends because CedarCrestone has not yet closed down the line of business which Oracle finds objectionable and potentially infringing and is continuing to "generate revenue by infringing Oracle's IP rights." Reply at 13:7-9. The generation of revenue, to the extent accurate, is irrelevant, since Oracle's right to recover damages were it to prove infringement would be unaffected by the stay.

In addition, Oracle fails to inform this Court that, although it did not agree with Oracle's position, as soon as CedarCrestone realized that Oracle claimed that certain aspects of its ▮ ▮ business posed intellectual property issues, CedarCrestone undertook a voluntary and orderly cessation of that very small part of its business (which it had started to help Oracle retain customers) and asked Oracle's assistance in minimizing the damage that cessation would cause to Oracle's licensees who depended on CedarCrestone's services to produce ▮ ▮. *See* Fees Decl. (Second) filed herewith, at ¶ 3.

///

Oracle has failed to provide that minimal assistance, which primarily consists of a request to review a brief list of joint customers which are (1) paying Oracle for ongoing maintenance and (2) ███████████████████████████████████████████████. *Id.* at ¶ 4. This has left CedarCrestone to do its best to balance the contractual rights and business needs of its and Oracle's customers against Oracle's unproven claims, as stated in the Rimini lawsuit, that the third party support being provided to those customers infringes upon Oracle intellectual property. *Id.* at ¶ 5. Had Oracle provided the requested transition assistance, CedarCrestone would be able to exit ███████████████ business at a faster pace. *Id.* at ¶ 6. It cannot just shut down the business on a moment's notice and leave the Oracle/CedarCrestone customers unable to ███████████. *Id.* at ¶ 7. The wind down of the business unit is proceeding at the pace CedarCrestone has disclosed to Oracle. *Id.* at ¶ 8. Any prejudice Oracle feels it is suffering as a result of the wind down process could have been avoided had Oracle cooperated with CedarCrestone in its efforts to minimize the negative effect of the change to Oracle's licensees.

**B.    A Stay Would Promote Efficiency Given The Dispositive Legal Issues Being Determined In The Rimini Action.**

The Ninth Circuit has recognized that a stay pending the resolution of a dispositive legal issue furthers the goal of efficiency for courts and litigants. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *United States ex rel. Howard v. Shoshone Paiute Tribes*, 2012 WL 2327676, *4, Case No. 2:10-cv-01890-GMN-PAL (D.Nev. June 19, 2012) (in the context of Rule 12 motion, this Court recognizing the propriety of a stay pending a dispositive legal issue by evaluating "whether it is more just to speed the parties along in discovery and other proceedings … or whether it is more just to delay or limit discovery and other proceedings to accomplish [Rule 1's purpose of] the inexpensive determination of the case."). Here, Oracle contends that ███████████████████████████████████, and therefore a stay pending the determination of the same legal issues and defenses in the Rimini Action is warranted.

**IV.   CONCLUSION**

The fundamental issue before the Court is that Oracle induced CedarCrestone to produce testimony and documents by representing and agreeing that the Stipulated Protective Order would

govern the production, then, after CedarCrestone acted in reliance on that representation and agreement, Oracle seeks to void the Protective Order so as to use CedarCrestone's Confidential Information for its own purposes outside the Rimini Action. For the reasons stated above, the Court should not modify the existing Protective Order to allow discovery obtained from CedarCrestone to be used for any purpose outside the Rimini Action or should, in the alternative, stay a decision on Oracle's motion until the Rimini Action concludes.

DATED: June 28, 2012         DUANE MORRIS LLP

By: */s/ Dominica C. Anderson*
    Dominica C. Anderson (SBN 2988)
    Ryan A. Loosvelt (SBN 8550)

Attorneys for Non-party CedarCrestone, Inc

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2012, I served via CM/ECF a true and correct copy of the foregoing **NON-PARTY CEDARCRESTONE, INC.'S MOTION FOR LEAVE TO FILE SURREPLY** to all parties and counsel as identified on the CM/ECF-generated Notice of Electronic Filing.

/s/ Jana Dailey
Jana Dailey
An employee of DUANE MORRIS LLP