DOMINICA C. ANDERSON (SBN 2988)
RYAN A. LOOSVELT (SBN 8550)
**DUANE MORRIS LLP**
100 N. City Parkway, Suite 1560
Las Vegas, NV 89106
Telephone: 702.868.2600
Facsimile: 702.385.6862
Email: dcanderson@duanemorris.com
       rloosvelt@duanemorris.com

Attorneys for CedarCrestone, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation, ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants.<br><br>AND ALL RELATED COUNTER CLAIMS. | Case No. 2:10-CV-0106-LRH-PAL<br><br>**NON-PARTY CEDARCRESTONE, INC.'S MOTION TO SEAL PORTIONS OF ITS REPLY IN SUPPORT OF COUNTERMOTION TO STAY AND PORTIONS OF THE DECLARATION OF BRIAN E. FEES IN SUPPORT THEREOF** |

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010 [Dckt. No. 55] ("Protective Order"), Rule 5.2 and Rule 26(c) of the Federal Rules of Civil Procedure, and Local Rule 10-5, Non-party CedarCrestone Inc. ("CedarCrestone") respectfully requests that the Court order the Clerk to file under seal certain portions of CedarCrestone's Reply in support of Countermotion for Stay ("Reply") and corresponding portions of the Declaration of Brian E. Fees in support thereof ("Declaration"). Unredacted versions of the Reply and Declaration were lodged under seal on June 28, 2012 [Docket. Nos. 351, 352]. Redacted versions of the Reply and Declaration were also publicly filed on the Court's ECF website on June 28, 2012 [Docket. Nos. 349, 350].

///

## MEMORANDUM OF POINTS AND AUTHORITIES

The presumption of public access to court filings may be overcome by a showing of good cause under Rule 26(c). *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The Court has broad latitude to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Specifically, CedarCrestone requests that certain portions of its Reply and the Declaration be sealed because it contains highly sensitive, commercial information that may be harmful to the business interests of CedarCrestone, a non-party to this lawsuit, and could and would be used by its competitors to the detriment of CedarCrestone's business. *See, e.g., Golden Boy Promotions, Inc. v. Top Rank, Inc.*, 2011 WL 686362, *2 (D.Nev. Feb. 17, 2011) (sealing records even though parties "failed to mention specific harms that could occur" because information was not intended to be public but if disclosed could cause business harm); *Stone v. Advance Amer., Cash Advance Centers, Inc.*, 2011 WL 662972, *3 (S.D. Cal. Feb. 11, 2011) (sealing documents because they "might become a vehicle for improper purposes in the hands of business competitors").

The portions of the Reply and Declaration to be sealed also constitute confidential commercial information that, if produced, would be designated as "Highly Confidential-Attorney's Eyes Only" or "Confidential Information" pursuant to the Protective Order entered in this action. See Protective Order, ¶¶3-4. The Protective Order provides that: "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information-Attorneys' Eyes Only' under the terms of this Protective Order only if such counsel in good faith believes that such information and is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information-Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." Protective Order, ¶2. The designating parties have represented that good cause exists for sealing when identifying information under the Protective Order as "Confidential" or "Highly Confidential-Attorneys Eyes Only." This is a sufficient showing of good

cause to permit a sealing order on a non-dispositive motion. *See, e.g., Pacific Gas and Elec. Co. v. Lynch*, 216 F.Supp.2d 1016, 1027 (N.D. Cal. 2002).

CedarCrestone's request for a sealing order has been narrowly tailored. CedarCrestone has prepared and filed redacted versions for the Court's public files that allows public access to the filings except those portions sealed, and seeks to protect only those portions of the Reply and Declaration that, if produced, would be designated as either "Highly Confidential-Attorney's Eyes Only" or "Confidential Information" under the Protective Order entered in this action, and that could be used by CedarCrestone's competitors to cause further harm to CedarCrestone.

For the foregoing reasons, CedarCrestone respectfully requests that the Court grant its Motion to Seal for good cause shown.

DATED: June 28, 2012

DUANE MORRIS LLP

By:  */s/ Dominica C. Anderson*
Dominica C. Anderson (SBN 2988)
Ryan A. Loosvelt (SBN 8550)

Attorneys for CedarCrestone, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2012, I served via CM/ECF a true and correct copy of the foregoing **NON-PARTY CEDARCRESTONE, INC.'S MOTION TO SEAL** to all parties and counsel as identified on the CM/ECF-generated Notice of Electronic Filing.

/s/ Jana Dailey
Jana Dailey
An employee of DUANE MORRIS LLP