| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com<br><br>Attorneys for Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC. a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-00106-LRH-PAL<br><br>**REVISED [PROPOSED] ORDER GRANTING PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC., AND ORACLE INTERNATIONAL CORPORATION'S MOTION FOR EVIDENTIARY SANCTIONS FOR SPOLIATION**<br><br>**REDACTED – PUBLIC VERSION**<br><br>Hearing Date: July 17, 2012<br>Time: 1:45 p.m.<br>Courtroom: 3B<br><br>Judge: Magistrate Judge Peggy A. Leen |

**[PROPOSED] ORDER**

Pending before this Court is Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation's (collectively "Oracle") Motion for Evidentiary Sanctions for Spoliation against Defendants Rimini Street, Inc. and Seth Ravin (together, "Rimini") [Docket No. ___]. After full consideration of the moving and opposing papers of each party, the arguments of counsel, and all other matters presented to the Court, the motion is GRANTED.

In January 2010, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the contents of a Rimini network location known as the "software library." The evidence shows (and Rimini now concedes) that Rimini employees copied into the software library a wide array of PeopleSoft software and support materials, and later copied those same materials from the library to create installed copies of PeopleSoft software, referred to as "environments." The software library was not segregated in customer-specific "data silos" but was instead organized by product and version.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The Court has inherent authority to impose sanctions for spoliation, including for the destruction of evidence relevant to reasonably foreseeable litigation. *In re Nat'l Consumer Mortg., LLC*, 2:10-CV-00930-PMP, 2011 WL 1300540, at *8 (D. Nev. Mar. 31, 2011) (citing *United States v. Kitsap Physicians Svs.*, 314 F.3d 995, 1001 (9th Cir. 2002)). The duty to preserve evidence "extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation." *Morford v. Wal-Mart Stores, Inc.*, 2:09-CV-02251-RLH, 2011 WL 635220, at *3 (D. Nev. Feb. 11, 2011) (citing *In re Napster*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006)).

Here, Rimini should have anticipated and did anticipate this litigation, as it admits in its Opposition (Opp'n at 4), prior to the January 2010 deletion of the software library. Accordingly, the January 2010 deletion of the software library was spoliation in violation of Rimini's duty to preserve evidence.

To determine which sanctions are appropriate for Rimini's spoliation, courts consider (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party.  *See, e.g.*, *Cont'l Cas. Co. v. St. Paul Surplus Lines Ins. Co.*, 265 F.R.D. 510, 533 (E.D. Cal. 2010).

First, Rimini is at fault.  Its deletion of the library was "willful" because Rimini undertook an affirmative act after Rimini had "some notice that the documents were *potentially* relevant to the litigation."  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (citation omitted; emphasis in original).  That is a more than adequate basis for an award of evidentiary sanctions.  *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993)

Second, the deletion prejudiced Oracle.  Oracle contends that Rimini's creation and use of the software library supports its claim for copyright infringement and rebuts Rimini's license defense because, Oracle asserts, the customer licenses on which Rimini depends do not authorize use of software from one customer to support a different customer.  Indeed, Rimini specifically pled in this case that it maintained clients' Oracle software and support materials in customer-specific "data silos", that its clients' Oracle software and support materials were not "physically co-mingled together," and that a centralized "library" of Oracle software and support material "never existed at Rimini Street."  (Dkt. 153 at 2-3.)   Rimini now concedes that it did copy Oracle software into its physically comingled library, and offers to stipulate to the library's contents.  (Opp'n at 2.)

Furthermore, in discovery, Oracle propounded a number of interrogatories directed at these issues, including the contents of the software library and how it was copied, and moved to compel responses to certain of the interrogatories.  Rimini claimed to be unable to respond completely due to lack of available information, including (1) the contents of the software library and (2) which of Rimini's local installed copies of PeopleSoft software, i.e., environments, were built using the software library.  ███████████████████████

███████████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████ Rimini concedes that it also

deleted metadata that would have demonstrated when software was copied into and out of the software library, and thus was relevant to Oracle's claims. (Opp'n at 3, 10.) As a result, on these key points, Oracle will have to "rely on incomplete and spotty evidence at trial," which supports an adverse inference sanction. *Leon*, 464 F.3d at 959 (quoting *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)).

Third, the sanction Oracle seeks – an adverse inference instruction – is the appropriate remedy in these circumstances. *See, e.g.*, *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991); *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 803 F. Supp. 2d 469, 487 (E.D. Va. 2011); *Advantacare Healthcare Partners LP v. Access IV*, No. 03-04496, 2004 WL 1837997, at *7-*8 (N.D. Cal. Aug. 17, 2004). Mere payment of fees and expenses would leave Rimini with the advantage in this litigation created by its willful deletion of relevant evidence. And even if the sanction were to put Oracle in a "more advantageous position than if [Rimini] had never destroyed evidence to begin with, the inference is nevertheless appropriate, as it places the risk of an erroneous judgment on the party that wrongfully created the risk." *Io Group Inc. v. GLBT Ltd.*, C-10-1282 MMC DMR, 2011 WL 4974337, at *8 (N.D. Cal. Oct. 19, 2011) (citing *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)).

Accordingly, IT IS HEREBY ORDERED THAT, an adverse inference sanction is appropriate. For summary judgment purposes, Rimini's January 2010 deletion of the software library shall be deemed evidence that supports Oracle's claims and does not support Rimini's defenses, and each of the two sets of facts listed below shall be presumed to be true, subject to rebuttal by Rimini. In addition, at any trial, the jury shall be instructed that it may infer from Rimini's January 2010 deletion of the software library that the contents of the software library would have supported Oracle's claims and would not have supported Rimini's defenses. Moreover, the jury shall be instructed to presume the following two sets of facts to be true, subject to rebuttal by Rimini.

1. The software library included a complete copy of each of Oracle's registered works corresponding to the names of the folders at the time of the deletion, including each of the following:

REVISED [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR EVIDENTIARY SANCTIONS FOR SPOLIATION

| Deleted Folder Name (Ex. 50 (RSI06276320)) | Corresponding Registered Oracle Work (Complaint ¶ 75) |
|---|---|
| CRM 8.8 | PeopleSoft Customer Relationship Management Version 8.8 |
| CRM 8.9 | PeopleSoft Customer Relationship Management Version 8.9 |
| EPM 8.8 | PeopleSoft Electronic Performance Management Version 8.8 |
| EPM 8.9 | PeopleSoft Electronic Performance Management Version 8.9 |
| FSCM 8.4 SP2 | PeopleSoft Financials and Supply Chain Management Version 8.4 Service Pack 2 |
| FSCM 8.8 SP1 | PeopleSoft Financials and Supply Chain Management Version 8.8 Service Pack 1 |
| FSCM 9 | PeopleSoft Financials and Supply Chain Management Version 9 |
| HRMS 8 SP1 | PeopleSoft Human Resources Management System Version 8 Service Pack 1 |
| HRMS 8.3 SP1 | PeopleSoft Human Resources Management System Version 8.3 Service Pack 1 |
| HRMS 8.8 SP1 | PeopleSoft Human Resources Management System Version 8.8 Service Pack 1 |
| HRMS 8.9 | PeopleSoft Human Resources Management System Version 8.9 |
| HRMS 9.0 | PeopleSoft Human Resources Management System Version 9.0 |
| PeopleBooks | Each of the separately registered versions of PeopleBooks alleged in this action |
| PT 8.21 | PeopleTools Version 8.21 |
| PT 8.22 | PeopleTools Version 8.22 |
| PT 8.42 | PeopleTools Version 8.42 |
| PT 8.45 | PeopleTools Version 8.45 |
| PT 8.46 | PeopleTools Version 8.46 |
| PT 8.47 | PeopleTools Version 8.47 |
| PT 8.48 | PeopleTools Version 8.48 |
| PT 8.49 | PeopleTools Version 8.49 |

2. Each of the 74 installed copies of PeopleSoft software, *i.e.*, environments, listed below as identified in Rimini interrogatory responses, was created by copying PeopleSoft software contained in the software library, which was not obtained from or on behalf of the client associated with the environment.









REVISED [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR EVIDENTIARY SANCTIONS FOR SPOLIATION



19  IT IS SO ORDERED.

20  DATED:_____            By:_____
21                                        United States District Judge