| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com<br><br>Attorneys for Plaintiffs Oracle USA, Inc.,<br>Oracle America, Inc., and Oracle International Corp. | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual<br><br>Defendants. | Case No. 2: 10-cv-0106-LRH-PAL<br><br>**ORACLE'S OBJECTION TO ORDER OF DISCOVERY MAGISTRATE DENYING MOTION TO MODIFY PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[REDACTED]<br><br>Judge: Larry R. Hicks |

# OBJECTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively, "Oracle") do hereby object to Magistrate Judge Peggy A. Leen's order, entered on July 5, 2012, Dkt. 364, denying Plaintiffs' Motion and Application to Modify Protective Order, Dkt. 272. Oracle objects to Magistrate Leen's order on the grounds that having found that Oracle had established good cause to modify the Protective Order, it was contrary to Ninth Circuit law to deny Oracle's motion. *See Foltz v. State Farm Mut. Auto. Inc. Co.*, 331 F.3d 1122, 1131-32 (9th Cir. 2003).

This objection is based on the Memorandum of Points and Authorities, the accompanying Declaration of Marjory A. Gentry, the pleadings on file in this action, and on such other matters presented to the Court at the time of any hearing, if any.

DATED: July 23, 2012                    BINGHAM McCUTCHEN LLP


By:     /s/ Geoffrey M. Howard
        Geoffrey M. Howard
        Attorneys for Plaintiffs
        Oracle USA, Inc., Oracle America, Inc., and
        Oracle International Corp.

# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | STANDARD OF REVIEW | | 2 |
| III. | BACKGROUND | | 2 |
| | A. | Factual Background | 2 |
| | B. | Procedural Background | 4 |
| IV. | ARGUMENT | | 4 |
| | A. | Oracle Has Satisfied The Conditions Established by *Foltz* For Modifying A Protective Order | 4 |
| | B. | Collateral Litigation Need Not Already Be Pending To Modify The Protective Order | 5 |
| | C. | Oracle Specifically Described The Limited Modification It Seeks And The Claims It Would Bring | 8 |
| | D. | The Fact That CedarCrestone May Voluntarily Stop Its Infringing Conduct Is Irrelevant To This Motion | 11 |
| V. | CONCLUSION | | 12 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Avago Technologies Fiber IP (Singapore) PTE, Ltd. V. IPtronics, Inc.*,
　2011 WL 5975243 (N.D. Cal. November 29, 2011) ................................................................. 6, 7

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
　966 F.2d 470 (9th Cir. 1992) ............................................................................................................. 4

*Burdick v. Comm'r Internal Revenue Serv.*,
　979 F.2d 1369 (9th Cir. 1992) .......................................................................................................... 2

*CBS Interactive, Inc. v. Etilize, Inc.*,
　257 F.R.D. 195 (N.D. Cal. 2009) ............................................................................................... 2, 6, 7

*Foltz v. State Farm Mut. Auto. Inc. Co.*,
　331 F.3d 1122 (9th Cir. 2003) ................................................................................................ passim

*H.L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.*,
　106 F.R.D. 551 (S.D.N.Y. 1985) .................................................................................................... 5, 7

*McCarty v. Bankers Insurance Co., Inc.*,
　195 F.R.D. 39 (N.D. Fla. 1998) ...................................................................................................... 5, 7

*Olympic Refining Co. v. Carter*,
　332 F.2d 260 (9th Cir. 1964), *cert. denied*, 379 U.S. 900 (1964) ................................................ 4

*Oracle Corp. v. SAP AG*,
　2010 WL 545842 (N.D. Cal. Feb. 12, 2010) ............................................................................ 2, 6, 7

*Rockwell Int'l, Inc. v. Pos–A–Traction Indus. Inc.*,
　712 F.2d 1324 (9th Cir. 1983) (per curiam) ................................................................................... 2

*U.S. v. U.S. Gypsum Co.*,
　333 U.S. 364 (1948) ........................................................................................................................... 2

**STATUTES**

28 U.S.C. § 636(b)(1)(A) ........................................................................................................................ 2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 72(a) ............................................................................................................................... 2

Fed. R. Civ. Proc. 77(d)(1) ................................................................................................................... 4

Rule 12(b)(6) ......................................................................................................................................... 10

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

Rule 26(c)..................................................................................................................6

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Through discovery obtained in this action from non-party CedarCrestone, Inc. ("CedarCrestone"), Oracle has received evidence that ██████████████████████ ████████████████ (the "Discovery Materials"). ████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████. CedarCrestone's deposition testimony confirms ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████. Despite having this evidence in its possession that ████████████████████████ ██████████████████████, Oracle can only use the Discovery Materials for "preparation for trial, trial of and/or appeal from this Action and no other" under the terms of the Stipulated Protective Order, Dkt. 55 (the "Protective Order"). Protective Order at ¶ 8. To protect its intellectual property and stop CedarCrestone's conduct, Oracle sought an order from the Court modifying the Protective Order to allow Oracle to use the Discovery Materials to prepare and file a collateral action against CedarCrestone. Dkt. 272.

Magistrate Peggy A. Leen denied Oracle's motion, in a minute order, entered on July 5, 2012. Dkt. 364. At the July 3, 2012 hearing on Oracle's motion, Magistrate Leen found that the Discovery Materials were relevant to the collateral litigation that Oracle seeks to bring, and that there would be good cause to modify the Protective Order in the event that Oracle commenced collateral litigation against CedarCrestone. Declaration of Marjory Gentry ("Gentry Decl."), Ex. A, Transcript of July 3, 2012 Motion Hearing before the Honorable Peggy A. Leen ("Hearing Transcript") at 20:8-10; 21:6-9. Despite these findings, Magistrate Leen denied Oracle's motion on the grounds that Oracle has not yet commenced collateral litigation. *Id.* at 19:16-17, 20:6-10, 21:4-9.

Oracle objects to Magistrate Leen's ruling. Since she found that Oracle had established good cause to modify the Protective Order, Ninth Circuit law requires modification of the Protective Order. *See Foltz v. State Farm Mut. Auto. Inc. Co.*, 331 F.3d 1122, 1131-32 (9th Cir.

1

2003). The policy set forth in *Foltz* does not depend on the existence of pending litigation; to the contrary, requiring litigation already to exist would contradict this policy. Indeed, the other district courts in the Ninth Circuit to consider this fact pattern have found that the policy in *Foltz* does not depend on the existence of a pending litigation. *See, e.g., CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195 (N.D. Cal. 2009); *Oracle Corp. v. SAP AG*, 2010 WL 545842 (N.D. Cal. Feb. 12, 2010). Oracle thus objects to Magistrate Leen's ruling on its motion to modify the Protective Order and requests that the Court modify the Protective Order to allow discovery obtained from CedarCrestone to be used in anticipated litigation between Oracle and CedarCrestone.

## II. STANDARD OF REVIEW

When reviewing a non-dispositive order entered by a magistrate judge, the court will uphold the magistrate judge's order unless it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); LR IB 3–1. Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and thus subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Int'l, Inc. v. Pos-A-Traction Indus. Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (per curiam). A magistrate's finding is "clearly erroneous" if the reviewing court is left with "a definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992).

## III. BACKGROUND

### A. Factual Background

On May 21, 2010, the Court entered a stipulated Protective Order, which allows non-parties, like CedarCrestone, to designate information they produce in response to a subpoena as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" without seeking the Court's prior permission. Protective Order, Dkt. 55 at ¶ 2. The Protective Order restricts the use of designated discovery materials, including limiting who can see these materials and limiting their use to the "preparation for trial, trial of and/or appeal from this Action and no other." *Id.* at ¶ 8, 9, 10. The Protective Order further contemplates that it is

1  subject to modification upon a party's application to the Court. *Id.* at ¶ 19.

2  During discovery, Oracle subpoenaed CedarCrestone, a company that claims to provide tax and regulatory updates for PeopleSoft-brand software applications. Declaration of Chad Russell In Support Of Motion to Modify Protective Order ("Russell Decl."), Dkt. 273, ¶ 4, Ex. B. Oracle sought discovery from CedarCrestone because Rimini asserted as a defense to Oracle's copyright infringement claims that it is "an industry standard for third party vendors like . . . CedarCrestone" to possess copies of Oracle's software and support materials. Rimini's Answer to Oracle's Second Amended Complaint and First Amended Counterclaim, Dkt. 153 at ¶ 5. Rimini also alleges in support of its counterclaims, including for defamation, that "it is common industry practice by other third party consulting vendors such as . . . CedarCrestone . . . to possess and work with copies of their client's licensed software products." *Id.* at ¶ 54.

After protracted negotiations with CedarCrestone, on July 19, 2011, Oracle, Rimini and CedarCrestone entered into a stipulation whereby CedarCrestone agreed to the terms of the Protective Order (the "CedarCrestone Stipulation"). Russell Decl., ¶ 5, Ex. C. Pursuant to the CedarCrestone Stipulation, the parties agreed that the Protective Order would govern materials produced by CedarCrestone in response to discovery requests in this action. *Id.* at Preamble. The CedarCrestone Stipulation did not modify the provision of the Protective Order allowing parties to seek modification of the Protective Order. *See id.*

CedarCrestone ultimately produced the Discovery Materials, which consist of [REDACTED], and the deposition of CedarCrestone's corporate representative, Paul Simmons. Russell Decl., ¶¶ 6, 7. CedarCrestone designated most of the Discovery Materials either "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" under the Protective Order. *Id.* After reviewing the discovery obtained from CedarCrestone, Oracle learned that [REDACTED]. In particular, [REDACTED]. It then

[lines 1-4 redacted]

### B. Procedural Background

On May 14, 2012, Oracle moved to modify the Protective Order after Oracle and CedarCrestone failed informally to resolve their dispute over what Oracle contended was CedarCrestone's infringement of Oracle's intellectual property as described above (in part). Dkt. 272. Through its motion, Oracle sought a limited modification of the Protective Order to allow Oracle to use the Discovery Materials obtained from CedarCrestone to prepare and file a complaint against CedarCrestone. *Id.* Oracle did not seek to otherwise modify the restrictions contained in the Protective Order, including the restrictions on public disclosure. *Id.* Nor did Oracle seek to modify the confidentiality designations asserted by CedarCrestone. *Id.*

On July 3, 2012, the motion came for hearing before Magistrate Judge Peggy A. Leen. Dkt. 364. Judge Leen denied Oracle's motion in a minute order on July 5, 2012. *Id.* Oracle has now timely objected to this order. *See* Fed. R. Civ. Proc. 77(d)(1) (service made by clerk after entry of the order); LR IB 3–1(a) (objections to magistrate judge's ruling to be filed and served fourteen days from date of service of ruling).

## IV. ARGUMENT

### A. Oracle Has Satisfied The Conditions Established by *Foltz* For Modifying A Protective Order

The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992); *Olympic Refining Co. v. Carter*, 332 F.2d 260, 264-66 (9th Cir. 1964), *cert. denied*, 379 U.S. 900 (1964). *Foltz* sets out a two-step test for determining whether protective orders should be modified to accommodate the needs of collateral litigation. First, the court should make a "rough estimate of relevance" which "hinges on the degree of overlap in facts,

4

parties and issues" such that "a substantial amount of duplicative discovery will be avoided by modifying the protective order." *Foltz*, 331 F.3d at 1132 (citations omitted). Assuming that the court finds the materials relate to the collateral litigation, the court weighs the "countervailing reliance interest" of the party opposing modification. *Id.* at 1133. The opposing party's "reliance on a blanket protective order in granting discovery and settling a case, without more, will not justify a refusal to modify." *Id.*

Magistrate Leen found that (1) Oracle had established that the Discovery Materials are relevant to the proposed collateral litigation (Gentry Decl., Ex. A (Hearing Transcript) at 20:8-10); (2) the Protective Order is a blanket protective order (*id.* at 19:17-20:3); and (3) "if and when there is a pending collateral litigation, preliminarily it appears that there is more than good cause to modify the protective order for appropriate documents that demonstrate any infringing conduct." (*Id.* at 21:6-9.) Her findings establish all of the prerequisites for modification under the Ninth Circuit's test in *Foltz*; it was thus clearly erroneous to deny the motion for modification.[1]

### B. Collateral Litigation Need Not Already Be Pending To Modify The Protective Order

Having found that Oracle established good cause to modify the Protective Order, Magistrate Leen nonetheless denied Oracle's requested modification on the grounds that there is no pending collateral litigation. Gentry Decl., Ex. A (Hearing Transcript) at 19:16-17 ("key to the Court's analysis in this case is that there is no pending collateral litigation"); *see also id.* at 20:6-10; 21:5-9. This finding is contrary to Ninth Circuit law.

First, *Foltz* does not require that collateral litigation be pending before a protective order can be modified. *Foltz*, 331 F.2d 1122. In fact, *Foltz* specifically states that "[a]llowing the fruits of one litigation *to facilitate preparation* in other cases advances the interest of judicial economy by avoiding the wasteful duplication of discovery." *Id.* at 1131 (emphasis supplied).

---

[1] Magistrate Leen's order wrongly confused the import of a blanket protective order. Under *Foltz*, the Ninth Circuit found that the reliance interest of the party opposing modification is reduced if there has been a blanket protective order, thus warranting modification. Magistrate Leen seemed to weigh the fact that there had been no specific reliance the opposite way. Gentry Decl., Ex. A (Hearing Transcript) at 9:16-22.

1  Here, Oracle seeks to use discovery obtained from CedarCrestone to facilitate the preparation of
2  its case against CedarCrestone, which is directly within the scope of use contemplated by *Foltz*.
3        Second, applying *Foltz*, at least two other courts in the Ninth Circuit have modified
4  protective orders to allow parties to prepare to file collateral litigation. In *CBS Interactive Inc. v*
5  *Etilize*, 257 F.R.D. 195 (N.D. Cal. 2009), the court agreed to modify a protective order to permit
6  use of discovery information for the purpose of ***initiating*** collateral litigation. In so doing, the
7  court relied on the Ninth Circuit's "strong policy" – set forth in *Foltz* – "favoring access to
8  discovery materials to meet the needs of parties engaged in collateral litigation." *Id.* at 206;
9  *Foltz*, 331 F.3d at 1131. The court found that the documents "present a rather questionable use
10 of proprietary information" by the party opposing modification, and therefore the party seeking
11 modification had satisfied the good cause standard of Rule 26(c) to "to justify [the] motion to use
12 such discovery material to protect itself from harm." *Id.* at 205. The court then granted the
13 modification to allow the use of "discovery information from this litigation for the purposes of
14 initiating collateral litigation." *Id.*
15       Similarly, in *Oracle Corp. v. SAP AG*, 2010 WL 545842 (N.D. Cal. Feb 12, 2010), the
16 court allowed a limited modification to a protective order, virtually identical to the Protective
17 Order entered in this action, so Oracle could share information obtained through discovery with
18 European attorneys in order to evaluate the viability of commencing collateral litigation against a
19 previously dismissed defendant. *Oracle Corp.*, 2010 WL 545842 at * 2-3. In so doing, the court
20 found that "[t]he policy considerations set forth in *Foltz* regarding efficient use of previously
21 produced discovery in related proceedings weigh in favor of modification of the blanket
22 protective order in this case, especially to allow Oracle to reach an informed decision whether to
23 initiate foreign proceedings." *Id.*
24       At the hearing (though not cited in its briefing), CedarCrestone cited *Avago Technologies*
25 *Fiber IP (Singapore) PTE, Ltd. V. IPtronics, Inc.*, 2011 WL 5975243 (N.D. Cal. November 29,
26 2011) to support its claim that collateral litigation already must be pending. That case is
27 distinguishable. In *Avago*, plaintiff sought to modify the protective order to use documents
28 produced by defendant to support collateral litigation it planned to bring against defendant and a

former employee of plaintiff. *Id.* at *1. Unlike here, the court found that plaintiff had not met its burden of establishing good cause for four reasons. First, plaintiff had not identified documents sufficient to allow the court to determine relevance. *Id.* at *2. Here, in contrast, Magistrate Leen agreed that Oracle has met its burden to show that the documents are relevant to specific litigation regarding CedarCrestone's infringement of Oracle's IP rights. Second, plaintiff sought to allow disclosure of the documents to personnel not bound by any patent prosecution bar. *Id.* No such concern has been raised here. In fact, Oracle has agreed to maintain the confidentiality designations placed on the documents by CedarCrestone. Third, threatened criminal charges could be supported by the federal prosecutors' own discovery resources. *Id.* No criminal charges have been threatened here.[2] Finally, no collateral litigation was pending "for which the relevance of the disputed information may be evaluated . . . Avago has not even provided any specific information regarding the collateral proceedings that it contemplates." *Id.* Here, Magistrate Leen agreed that the disputed information was relevant. Gentry Decl., Ex. A (Hearing Transcript) at 20:6-10, 21:4-9. Oracle has described in detail the collateral proceedings it contemplates against CedarCrestone for IP infringement. *See* Section IV.C.

Once the Ninth Circuit's *Foltz* requirements are established, it is error to deny a request to modify the protective order. As the courts in *CBS Interactive* and *Oracle Corp.* recognized, there is no basis under *Foltz* to draw a distinction between a party seeking to modify a protective order for use in an ongoing litigation and a party seeking to modify a protective order for use in an anticipated litigation. The Ninth Circuit's strong preference favoring "access to discovery materials to meet the needs of parties engaged in collateral litigation" applies equally to each of

---

[2] In its motion papers, CedarCrestone cited two out-of-circuit district court cases, *McCarty v. Bankers Insurance Co., Inc.*, 195 F.R.D. 39 (N.D. Fla. 1998) and *H.L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.*, 106 F.R.D. 551 (S.D.N.Y. 1985). Both are distinguishable because they involve the rights of government prosecutors to obtain access to documents produced in related civil litigation. Both courts found that because the government has "special investigative powers," access to documents in a civil action "require a special showing of compelling need." *McCarty*, 195 F.R.D. at 43; *Hayden*, 106 F.R.D. at 556. Because the government had yet to file an action, but rather remained only in investigatory mode, the courts rejected the requests for modification. *Id.* In addition, in *Hayden*, the court expressed concern that the party seeking modification was initiating the outreach to the government in an effort to harass the opposing party, rather than the government seeking discovery of the information. *Hayden*, 106 F.R.D. at 556. This case does not involve a government prosecutor seeking documents produced in civil litigation, and these cases are inapposite.

these parties. Creating an intra-Circuit split in authority by imposing an additional requirement that collateral litigation be already pending would not further the *Foltz* policy. Indeed, it would have – and here is having – the effect of immunizing wrongdoers from litigation provided that they produce the evidence of their wrongdoing under a protective order.

### C. Oracle Specifically Described The Limited Modification It Seeks And The Claims It Would Bring

Magistrate Leen's statements that Oracle has provided "no description of a specific intent to have a specific form of collateral litigation" and that Oracle seeks to have a "wholesale" modification of the Protective Order are clearly erroneous as a matter of fact. *See* Gentry Decl., Ex. A (Hearing Transcript) at 20:20-25.

*First*, Oracle is not seeking a "wholesale" modification of the Protective Order. As set forth in Oracle's motion as well as the proposed order filed in connection with that motion, Oracle seeks a limited modification of the Protective Order to expand the allowable use of the Discovery Materials, obtained from only CedarCrestone, to include using these materials in connection a single collateral litigation between Oracle and CedarCrestone. *See* Dkt. 272 at 8:11-22; Dkt. 272-1. Oracle does not seek to modify the confidentiality protections contained within the Protective Order with respect to the persons entitled to view the Discovery Materials. *Id.* Oracle also does not seek a modification to the provisions of the Protective Order that require designated Discovery Materials to be filed under seal. *Id.* Further, the modification sought by Oracle is limited in scope to only a small subset of the discovery in the action against Rimini Street, specifically the Discovery Materials obtained from CedarCrestone. *Id.*

*Second*, there is no mystery as to the scope and nature of the documents contained in the Discovery Materials that Oracle seeks to use to commence collateral litigation against CedarCrestone. All told, Oracle seeks permission to utilize (i) ███████████████
████████████████████████████████████████████
████████████████████████████████████████████
; (ii) ████████████████████████████████████████
████████; and (iii) the deposition transcript of CedarCrestone's corporate

8

representative, Paul Simmons. Russell Decl., ¶ 4, Ex. B; ¶¶ 6, 7. While not required to do so under *Foltz*, Oracle provided in both its motion and reply multiple examples of these documents and deposition testimony. *See, e.g.*, Dkt. 272 at 4:1-19; Dkt. 341 at n. 6. Specifically, Oracle provided for Magistrate Leen's review 18 separate excerpts from the Simmons deposition transcript in which Mr. Simmons testified to, among other things:

- ████████████████████████████████ (Howard Decl., Ex. A, 27:01-28:07, 142:15-143:03; Russell Decl., Ex. D, 29:5-24, 30:22-31:12);

- ████████████████████████████████ (Howard Decl., Ex. A, 101:01-09, 102:10-103:18, 95:15-96:02; Russell Decl., Ex. D., 24:23-25:6, 26:11-29:1, 95:15-96:2);

- ████████████████████████████████ (Howard Decl., Ex. A, 72:13-18; Russell Decl., Ex. D., 70:17-72:18, 74:15-24); and

- ████████████████████████████████ (Howard Decl., Ex. A, 149:16-20, 150:16-20, 153:17-25).

These excerpts also include multiple references to exhibits used with Mr. Simmons and obtained from the documents and software materials produced by CedarCrestone including:

- Exhibits 1309 and 1330, which are screen shots of ████████████████████████ (Howard Decl., Ex. A, 95:15-96:02, 102:10-103:18, 143:15-144:3; Gentry Decl., ¶ 3);

- Exhibit 1316, which is a ████████████████████████ (Howard Decl., Ex. A, 102:10-103:18; Gentry Decl., ¶ 4); and

- Exhibit 1334, which is a ████████████████████████ (Howard Decl., Ex. A, 149:16-20; Gentry Decl., ¶ 5).

Oracle has therefore provided the Court with ample specific information concerning the content of the limited universe of documents that it seeks to use to prepare and prosecute collateral action against CedarCrestone.

*Third*, with respect to the form of collateral litigation that Oracle seeks to pursue against CedarCrestone, the nature of Oracle's claims against CedarCrestone are straightforward. As set

forth in both Oracle's motion and reply, Oracle seeks to bring an action against CedarCrestone to protect its intellectual property that is similar in nature to the action that Oracle is currently pursuing against Rimini Street. *See* Dkt. 272 at 4:1-19, 5:16-6:8; Dkt. 341 at n. 6. In the action against Rimini Street, Oracle accuses Rimini Street of engaging in an illegal business model involving the massive theft of Oracle's software. Dkt. 146 at ¶ 5. This Court found this conduct to be actionable in denying Rimini Street's motion to dismiss many of Oracle's claims pursuant to Rule 12(b)(6). Dkt. 78. Based on the Discovery Materials obtained from CedarCrestone, Oracle has now learned that ███████████████████████████████████████████████████████████████████████. The table below summarizes three examples of such similar conduct:



| Wrongful Conduct | Rimini Street Evidence | CedarCrestone Evidence |
|---|---|---|
| ███ | ███ | Russell Decl., Ex. D at 24:23-25:6; Howard Decl., Ex. A at 26:11-29:1; 95:19-96:2. |
| ███ | ███ | Russell Decl., Ex. D at 29:5-24; 30:22-31:12. |
| ███ | ███ | Russell Decl., Ex. D at 70:17-72:18; 74:15-24. |

Given the overlap between Rimini Street's conduct that forms of the basis of this action and ███████████████████████████████, Oracle intends to bring collateral litigation against CedarCrestone that will be substantially similar to the claims that it is currently pursuing against Rimini Street.

### D. The Fact That CedarCrestone May Voluntarily Stop Its Infringing Conduct Is Irrelevant To This Motion

At the hearing on Oracle's motion, Magistrate Leen commented there was "no description of a specific intent to have a specific form of collateral litigation" in part because CedarCrestone's counsel "has indicated that [CedarCrestone is] shutting this business down to avoid future problems with the potential plaintiff in the case." *See* Gentry Decl., Ex. A (Hearing Transcript) at 20:22-25. Thus, Magistrate Leen suggested that the lack of a pending litigation coupled with CedarCrestone's representation that it plans to cease certain infringing activities made it difficult for the court to assess the proper scope of any proposed modification to the Protective Order, apparently because the court was unclear what claims Oracle would assert against CedarCrestone. However, as discussed immediately above in Section C, Oracle has set forth precisely the types of claims it would bring against CedarCrestone if the Protective Order were modified.

Moreover, to the extent Magistrate Leen's denial of Oracle's motion is based on CedarCrestone's representations with respect to its future business plans, her order is contrary to law. Under the framework established by *Foltz*, the fact that a potential defendant may voluntarily cease its wrongful conduct has no impact on any of the considerations that the court considers in determining whether to modify a protective order. *Foltz*, 331 F.3d at 1131-32. Here, Oracle is entitled to damages based on CedarCrestone's ███████. Whether or not CedarCrestone stops infringing Oracle's IP in the future is no reason to preclude Oracle from vindicating its right to pursue compensation for past wrongdoing. In addition, CedarCrestone admits ███████████. *See* Dkt. 349 at 5:20-27. And while CedarCrestone has indicated that it may, ███████████. *Id.* CedarCrestone also has never agreed to cease other activities that Oracle also contends infringe its intellectual property, and that have resulted to date in ███████. In the meantime, CedarCrestone's ongoing conduct damages Oracle by ███████ and serving as a beacon to other

1  parties against whom Oracle is litigating similar issues (including Rimini Street). Accordingly,
2  denying Oracle's motion on the ground that, with the passage of time, Oracle's dispute with
3  CedarCrestone may not require injunctive relief in addition to damages, would violate the *Foltz*
4  standard.

## V.  CONCLUSION

For the reasons stated above, the Court should sustain Oracle's objection to Magistrate Leen's Order denying modification of the existing Protective Order and order the Protective Order modified to allow discovery obtained from CedarCrestone to be used in anticipated litigation between Oracle and CedarCrestone.

DATED: July 23, 2012                    BINGHAM McCUTCHEN LLP


By:    /s/ Geoffrey M. Howard
       Geoffrey M. Howard
       Attorneys for Plaintiffs
       Oracle USA, Inc., Oracle America, Inc.,
       and Oracle International Corp.