| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP | BINGHAM MCCUTCHEN LLP |
| RICHARD J. POCKER (NV Bar No. 3568) | GEOFFREY M. HOWARD (*pro hac vice*) |
| 300 South Fourth Street, Suite 800 | THOMAS S. HIXSON (*pro hac vice*) |
| Las Vegas, NV 89101 | KRISTEN A. PALUMBO (*pro hac vice*) |
| Telephone: (702) 382-7300 | Three Embarcadero Center |
| Facsimile: (702) 382-2755 | San Francisco, CA 94111-4067 |
| rpocker@bsfllp.com | Telephone: 415.393.2000 |
| | Facsimile: 415.393.2286 |
| BOIES, SCHILLER & FLEXNER LLP | geoff.howard@bingham.com |
| STEVEN C. HOLTZMAN (*pro hac vice*) | thomas.hixson@bingham.com |
| FRED NORTON (*pro hac vice*) | kristen.palumbo@bingham.com |
| KIERAN P. RINGGENBERG (*pro hac vice*) | |
| 1999 Harrison Street, Suite 900 | DORIAN DALEY (*pro hac vice*) |
| Oakland, CA 94612 | DEBORAH K. MILLER (*pro hac vice*) |
| Telephone: (510) 874-1000 | JAMES C. MAROULIS (*pro hac vice*) |
| Facsimile: (510) 874-1460 | ORACLE CORPORATION |
| sholtzman@bsfllp.com | 500 Oracle Parkway |
| fnorton@bsfllp.com | M/S 5op7 |
| kringgenberg@bsfllp.com | Redwood City, CA 94070 |
| | Telephone: 650.506.4846 |
| | Facsimile: 650.506.7114 |
| Attorneys for Plaintiffs Oracle USA, Inc., | dorian.daley@oracle.com |
| Oracle America, Inc., and Oracle International | deborah.miller@oracle.com |
| Corp. | jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual<br><br>Defendants. | Case No. 2: 10-cv-0106-LRH-PAL<br><br>**PLAINTIFFS' MOTION TO SEAL THE UNREDACTED COPIES OF ORACLE'S OBJECTION TO ORDER OF DISCOVERY MAGISTRATE DENYING MOTION TO MODIFY PROTECTIVE ORDER AND THE DECLARATION OF MARJORY A. GENTRY IN SUPPORT THEREOF** |

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, Dkt. 55 ("Protective Order"), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (together "Oracle" or "Plaintiffs") respectfully request that the Court order the Clerk of the Court to file under seal an unredacted copy of Oracle's Objection to Order of Discovery Magistrate Denying Motion to Modify Protective Order (the "Oracle's Objection") as well as an unredacted copy of the Declaration of Marjory A. Gentry in Support of Oracle's Objection to Order of Discovery Magistrate Denying Motion to Modify Protective Order (the "Gentry Declaration").  An unredacted copies of Oracle's Objection and the Gentry Declaration were individually lodged under seal with the Court on July 23, 2012.  *See* Dkt. 371, 372.

Sealing of the unredacted copy of Oracle's Objection is requested because the redacted portions of Oracle's Objection contains information that CedarCrestone, Inc. ("CedarCrestone"), the party which produced the information, has designated as "Confidential Information" and "Highly Confidential Information - Attorneys' Eyes Only" under the terms of the Protective Order.  Likewise, sealing of the unredacted copy of the Gentry Declaration is requested because the redacted portions of the Gentry Declaration contains information that either CedarCrestone and/or Oracle, have designated as "Confidential Information" and "Highly Confidential Information - Attorneys' Eyes Only."  The Protective Order states, "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' and 'Highly Confidential Information - Attorneys' Eyes Only' under the terms of this Protective Order **only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).**  The designations by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information - Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation."  Protective Order ¶ 2 (emphasis supplied).

1

PLAINTIFFS' MOTION TO SEAL OBJECTION TO ORDER DENYING
MOTION TO MODIFY PROTECTIVE ORDER AND SUPPORTING DECLARATION

CedarCrestone has identified the information redacted in Oracle's Objection and the Gentry Declaration as Confidential and Highly Confidential, and therefore CedarCrestone has represented that good cause exists for sealing those portions of the documents. This is a sufficient showing of good cause to permit a sealing order on a non-dispositive motion. *See, e.g.*, *Pac. Gas & Elec. Co. v. Lynch,* 216 F. Supp. 2d 1016, 1027 (N.D. Cal. 2002).

Oracle has submitted all non-redacted portions of Oracle's Objection and the Gentry Declaration which allows the public access to all but the redacted portions of these documents. Accordingly, the request to seal is narrowly tailored.

For the foregoing reasons, Oracle respectfully requests that the Court find that good cause exists to file under seal the unredacted copy of Oracle's Objection and the Gentry Declaration.

DATED: July 23, 2012                BINGHAM McCUTCHEN LLP


By:   */s/* Geoffrey M. Howard
          Geoffrey M. Howard
          Attorneys for Plaintiffs
          Oracle USA, Inc., Oracle America, Inc.
          and Oracle International Corp.