DOMINICA C. ANDERSON (SBN 2988)
RYAN A. LOOSVELT (SBN 8550)
**DUANE MORRIS LLP**
100 N. City Parkway, Suite 1560
Las Vegas, NV 89106
Telephone: 702.868.2600
Facsimile: 702.385.6862
Email: dcanderson@duanemorris.com
       rloosvelt@duanemorris.com

Attorneys for CedarCrestone, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation, ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants.<br><br>AND ALL RELATED COUNTER CLAIMS. | Case No. 2:10-CV-0106-LRH-PAL<br><br>**NON-PARTY CEDARCRESTONE, INC.'S OPPOSITION TO PLAINTIFFS' OBJECTION TO ORDER OF DISCOVERY MAGISTRATE DENYING MOTION TO MODIFY PROTECTIVE ORDER** |

COMES NOW, non-party CedarCrestone, Inc. ("CedarCrestone"), by and through its attorneys, Duane Morris LLP, and hereby submits its Opposition to Plaintiffs Oracle USA, Inc.'s. Oracle America, Inc.'s, and Oracle International Corporation's (collectively as "Oracle") Objection to Order of Discovery Magistrate Denying Motion to Modify Protective Order [Dkt. No. 369], as follows:

## I.     INTRODUCTION

In the course of discovery in this action, Oracle served a highly objectionable subpoena on one of its non-party Platinum Partners, CedarCrestone. Oracle represented to CedarCrestone that it needed the materials identified by the subpoena in order to prosecute its case against the defendants in this action, Rimini Street and Seth Ravin. Oracle also repeatedly assured CedarCrestone that information provided by CedarCrestone in response to the subpoena would be protected by the

provisions of the agreed-upon Protective Order in this action, which prohibits the use of discovery material provided by non-party subpoena recipients outside of this action. Oracle even entered into a separate stipulation with CedarCrestone in which it agreed that the Protective Order would govern CedarCrestone's production. Relying on Oracle's repeated assurances that it would comply with the Protective Order, CedarCrestone forewent asking the Court to intervene to quash or modify Oracle's objectionable subpoena and produced over 2.16 GB of documents and software (the "Discovery Materials"), much of which constituted proprietary trade secrets, and a company representative for a deposition.

Having received the benefit of its bargain with CedarCrestone, Oracle filed a Motion to Modify the Protective Order in an effort to avoid its burdens and use CedarCrestone's Discovery Materials against it. The Magistrate Judge (Leen, J.) denied Oracle's Motion. [Order, Dkt. No. 364]. At issue in the instant motion for reconsideration is whether her decision to deny Oracle's Motion to Modify was "clearly erroneous" and "contrary to law."

The Magistrate Judge's decision was neither "contrary to law" nor "clearly erroneous." Oracle greatly mischaracterizes the Magistrate Judge's ruling in order to manufacture error where none otherwise exists. Contrary to what Oracle argues, the Magistrate Judge did not "find" pending collateral litigation to be a prerequisite to modification. Rather, the Magistrate Judge properly based her ruling on an evaluation of the considerations enumerated by the Ninth Circuit when deciding whether to modify a protective order, including whether CedarCrestone's reliance interests in the protective order outweighed the policy of avoiding duplicative discovery. The Magistrate Judge also did not "find" there was currently good cause to modify the protective order or that Oracle's requested discovery was relevant to present collateral litigation against CedarCrestone.

After full briefing and oral argument, the Magistrate Judge denied Oracle's Motion to Modify on the grounds that (1) there is "no pending collateral litigation," (2) Oracle failed to provide a "description of a specific intent to have a specific form of collateral litigation," (3) there was "nothing to avoid repetitious or duplicative discovery that wastes either of the parties' resources," and because (4) Oracle improperly sought to lift the protection "on a wholesale basis" with respect to everything CedarCrestone produced. [Transcript, Dkt. No. 370-1, 20:17-25]. The Magistrate Judge

therefore concluded that "for these reasons the motion for protective order is denied." [Dkt. No. 370-1, 21:4-5].

The Magistrate Judge's reliance on the absence of pending collateral litigation, Oracle's failure to provide an adequate description of its contemplated collateral litigation, and Oracle's attempt to modify the protective order wholesale as grounds to deny Oracle's Motion to Modify was neither erroneous nor contrary to law but rather entirely consistent with Ninth Circuit precedent. Accordingly, this Court should affirm the Magistrate Judge's decision and overrule Oracle's Objection.

## II. STATEMENT OF FACTS

Oracle negotiated and agreed with the Defendants in this action to a stipulated protective order to facilitate discovery that specifically prevents use of the discovery outside the instant litigation. [Protective Order, Dkt. No. 55]. Oracle later subpoenaed information from several non-parties, including CedarCrestone, which is one of Oracle's Platinum Partners. (CedarCrestone's Opposition to Motion to Modify Protective Order, Dkt. No. 329, Section II(C), Exh. 2). Oracle's subpoena to CedarCrestone was void and objectionable on many grounds. (*Id.*). In addition to being partners, Oracle and CedarCrestone are also competitors, and therefore the use of CedarCrestone's confidential information by Oracle outside the Rimini action poses significant harm to CedarCrestone's business interests. (*Id.*, Sections II(A), II(D)).

Instead of quashing the subpoena and/or filing other challenges,[1] CedarCrestone worked in good faith with Oracle to produce information for this action. (*Id.*). CedarCrestone ultimately produced over 600 pages of documents, a disk with approximately 2.16 GB of information, and voluntarily provided a witness for deposition without any challenges. (*Id.*).[2] CedarCrestone elected

---

[1] Among other extreme deficiencies with the Subpoena, it was *void* for being issued and served in the wrong jurisdiction and otherwise highly objectionable. [Dkt. No. 329, CedarCrestone's Opposition to Motion to Modify Protective Order, Section II(C), n.1-void subopoena]; [Dkt. No. 331-3, Exh. 5 – 18 page letter of detailed objections to Subpoena]. The Subpoena was objectionable as incredibly overbroad, unreasonably burdensome, requested irrelevant information as well as trade secrets, sensitive commercial information not remotely pertinent to the Rimini action yet harmful to CedarCrestone's business interests, and called for information that would cause CedarCrestone to violate contracts and licenses with other parties. (*Id.*).

[2] After the deposition of CedarCrestone's witness, Oracle belatedly sent CedarCrestone the deposition transcript and Oracle had already marked the entire transcript as Highly Confidential, so

not to press its objections against Oracle and respond in full to the Subpoena in direct <u>reliance</u> on *repeated* representations by Oracle that CedarCrestone's discovery would only be used consistent with the protective order already in place, and not for any purposes outside this Rimini action. (*Id*). Indeed, Oracle even entered into a separate stipulation with CedarCrestone in which it agreed that the Protective Order would govern CedarCrestone's Discovery Materials.

Oracle has now sought to modify the Protective Order so that it can use CedarCrestone's information against it. (*Id.*, Section II(D)). After full briefing and oral argument, the Magistrate Judge denied Oracle's Motion to Modify Protective Order by Minute Order. [Dkt. No. 364]. In denying Oracle's Motion, the Magistrate Judge stated that: (1) there was "no pending collateral litigation," (2) there was "nothing to avoid repetitious or duplicative discovery that wastes either of the parties' resources," (3) there was "no description of a specific intent to have a specific form of collateral litigation," and (4) that Oracle sought to lift protections "on a wholesale basis" as to all discovery provided by CedarCrestone without delineation. [Transcript, Dkt. No. 370-1, 20:17-21:3].

## III. ARGUMENT

### A. Standard For Reconsideration Of Magistrate's Order By District Court Judge.

A district judge may reconsider a non-dispositive matter referred to a magistrate judge but may only modify the magistrate's ruling where it is shown to be "clearly erroneous or contrary to law." LR IB 3-1; Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court may not simply substitute its judgment for that of the deciding court. *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988). A non-dispositive order entered by a magistrate must be deferred to unless it is "clearly erroneous or contrary to law." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

### B. In the Ninth Circuit, a Court Deciding Whether To Modify A Protective Order Must Weigh the Reliance Interest Of The Party Opposing Modification Against The Policy Of Avoiding Duplicative Discovery in Pending Collateral Litigation.

The Ninth Circuit recognizes that "a court should not grant a collateral litigant's request for

---

CedarCrestone agreed to the designations. [Dkt. No. 329, CedarCrestone's Opposition to Motion to Modify Protective Order, Section II(C)]. Oracle now appears to suggest that its own designations warrant modification of the protective order.

DM1\3447082.1

4
CEDERCRESTONE'S OPPOSITION TO ORACLE'S OBJECTION TO MAGISTRATE ORDER

modification automatically." *Foltz v. State Farm Mutt's Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003). Instead, the collateral litigant must demonstrate the relevance[3] of the protected discovery to the collateral proceedings." *Foltz*, 331 F.3d at 1132. Relevance to the collateral litigation is not the sole consideration evaluated by the court. Once the required showing of relevance is made, the court, before deciding to modify the protective order, must weigh "the countervailing reliance interest of the party opposing modification *against the policy of avoiding duplicative discovery.*" *Foltz*, 331 F.3d at 1133, citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (emphasis added). As set forth *infra*, the Magistrate Judge properly applied this test in denying Oracle's Motion to Modify the Protective Order in this case.

Not surprisingly, Oracle intentionally leaves this latter part of the weighing test – avoiding duplicative discovery – out of its Objection pleading altogether. But it is the avoidance of duplicative discovery that is key here, and without collateral litigation, the risk of duplicative discovery is unquestionably diminished.

C. **The Magistrate Judge Properly Considered the Absence Of Pending Collateral Litigation, Among Other Factors, In Weighing CedarCrestone's Reliance Interest in the Protective Order Against The Policy Of Avoiding Duplicative Discovery.**

In denying Oracle's Motion to Modify, the Magistrate Judge properly recognized that, *absence* of pending collateral litigation is an important element in the weighing process of whether duplicative discovery may be avoided. Indeed, while the Ninth Circuit generally favors access to discovery materials, it typically does so "to meet the needs of parties *engaged* in collateral litigation." *Foltz*, 331 F.3d at 1131 (emphasis added); *Beckman*, 966 F.2d at 475 (Ninth Circuit precedent "favors disclosure to meet the needs of parties *in pending litigation*.") (emphasis added). And while courts may allow the fruits of one litigation to facilitate other cases, it does so where it "advances the interests of judicial economy *by avoiding the wasteful duplication of discovery.*" *Foltz*, 331 F.3d at 1131 (emphasis added).

---

[3] While Oracle argues that the Magistrate Judge "found" the subject discovery relevant to the anticipated collateral proceedings, she actually held that Oracle did not sufficiently specify or describe the contemplated collateral litigation, and thus the Judge could not have necessarily made such a relevancy determination.

At least one Ninth Circuit court has recognized that the absence of pending collateral litigation weighs in favor of denying a motion to modify a protective order. In *Avago Technologies Fiber IP (Singapore) PTE, Ltd. v. IPtronics, Inc.*, 2011 WL 5975243 (N.D. Cal. 2011), the Court denied modification of a motion to modify a protective order in which Avago sought to lift the protections in order to file a separate collateral lawsuit against the same defendant, IPtronics. Avago argued that discovery produced pursuant to a protective order revealed certain wrongdoing by IPtronics, and asked the court to modify the protective order to in part permit use of the discovery to bring a potential collateral proceeding. *Avago Technologies*, 2011 WL 5975243 at *1. Avago principally relied on the *CBS Interactive Inc. v. Etilize*, 257 F.R.D. 195 (N.D. Cal. 2009) case, on which Oracle likewise principally relies, and argued that use of the information should be permitted outside of the case in which it was produced to bring a collateral lawsuit. *Id.*

The Court denied the motion to modify and held, "in contrast to *CBS Interactive*, Avago has not identified with any particularity the specific documents it seeks to disclose." *Id.* The Court also held that Avago did not "identify[] the specific Avago individuals to whom disclosure was sought." *Id.* Most importantly, the Court further held that "there are no collateral proceedings pending … and Avago has not even provided any specific information regarding the collateral proceedings it contemplates." *Id.*

As in *Avago Technologies*, in denying Oracle's Motion, the Magistrate Judge in this case held that there was not a significant risk of duplicative discovery which outweighed CedarCrestone's reliance interests in part because there is no currently pending litigation. (Transcript, Dkt. No. 370-1, 20:17-25, 21:1-3). The Magistrate Judge also stated that, not only was there no pending litigation, but Oracle did not even provide a "description of a specific intent to have a specific form of collateral litigation" by Oracle. (Transcript, Dkt. No. 370-1, 20:17-25) (emphasis added). An adequate description of contemplated litigation is particularly important in the absence of collateral litigation. Consistent with Ninth Circuit precedent, the failure to provide one is sufficient grounds for denying modification of a protective order where there is no pending collateral litigation. *See Avago Technologies*, 2011 WL 5975243, at *1. Oracle cannot undo this failure in a motion for reconsideration.

Further, the Magistrate Judge held that Oracle was attempting to modify the protective order on a wholesale basis without particularity with respect to the specific documents for which it sought to lift the protections. (Transcript, Dkt. No. 370-1, 20:17-25). While Oracle now attempts to argue that it specifically identified the discovery for which it sought to lift protection, the Magistrate Judge correctly held that Oracle's Motion to Modify Protective Order never delineated what specific information from this wholesale production it needed to support its unfiled, unspecified "anticipated" lawsuit against CedarCrestone. Instead, Oracle summarily sought to lift the protective order's protections wholesale.

Oracle also claims that its Motion to Modify specifically described the lawsuit it would bring but a review thereof proves otherwise. Oracle's Motion to Modify merely alleges that the evidence obtained from CedarCrestone "is relevant to any litigation brought by Oracle … against CedarCrestone." [Dkt. No. 272, 22-24]. As the Magistrate Judge stated, there was no description regarding intended collateral litigation.

Oracle's Objection now attempts to identify specific portions of documents or testimony *for the first time*, and attempts to introduce purported facts *it never discussed in its Motion*. However, none of that is pertinent to the Court's reconsideration and it should all be disregarded; Oracle still concedes in the end that it seeks to lift the protections wholesale for all of CedarCrestone's production and testimony.

Similarly, Oracle's Objection contains many sweeping, self-serving allegations of wrongdoing against CedarCrestone that are completely false, unproven, and unsupported, in an attempt to sway the Court upon reconsideration. As the Magistrate Judge recognized at the hearing, Oracle is merely "accusing" CedarCrestone of wrongdoing, but there certainly has been no such showing. Oracle's allegations of wrongdoing, which CedarCrestone vigorously disputes, are not determinative or relevant to the issues before this Court on reconsideration.

The Magistrate Judge utilized the *Foltz* weighing test and determined that, under the circumstances of this case, denial of modification was warranted. (Transcript, Dkt. No. 370-1, 21-45). Her decision to deny Oracle's Motion to Modify, which was based in part on the absence of pending collateral litigation, is consistent with Ninth Circuit law.

### D. The Magistrate Judge's Ruling Is Consistent With Ninth Circuit Authority.

Oracle relies on two *inapposite* California federal district court cases (*CBS Interactive* and *Oracle Corp. v. SAP AG*, 2010 WL 545842 (N.D. Cal. Feb. 12, 2010) in an attempt to argue that the Magistrate Judge's ruling in this case somehow creates an inter-Circuit conflict. Unlike the instant case, however, *CBS Interactive* involved a party litigant seeking to modify a protective order to bring another suit against the other party litigant. Because the *CBS Interactive* defendant was already involved in litigation with the party seeking modification of the protective order, it could not show that its reliance interest outweighed the Court's policy of avoiding duplicative discovery. *SAP* is distinguishable along similar lines. As Oracle itself points out in its Objection, it sought modification of the protective order in that case in order to use discovery provided by the *defendants in that case* in order evaluate the viability of commencing collateral litigation against *those same defendants* in Europe.

By contrast, in this case, the Magistrate Judge found that the lack of pending collateral litigation between Oracle and CedarCrestone meant that there was little to no risk of duplicative discovery which would warrant modifying the protective order. CedarCrestone also demonstrated that it had a substantial reliance interest in the Protective Order that was distinguishable from that of the parties opposing modification in *CBS Interactive*, *SAP*, *Foltz* and *Beckman*. Indeed, in *Foltz and Beckman*, the party opposing modification showed no reliance outside of the fact that it produced documents pursuant to a stipulated protective order. In *CBS Interactive and SAP*, the parties opposing modification already were named defendants in lawsuits brought by the party seeking modification when they produced the discovery materials at issue.

As fully briefed in CedarCrestone's Opposition to motion to Modify Protective Order, CedarCrestone is not a party to litigation with Oracle, produced a large volume of its proprietary trade secrets and forewent objections and challenges to Oracle's overbroad, highly objectionable and void subpoena, all in direct reliance on Oracle's *repeated* assurances that the discovery would only be used for purposes of the Rimini Action and a separate stipulation in which Oracle agreed that the Protective Order would govern CedarCrestone's production. (CedarCrestone Opposition to Motion to Modify, Dkt. No. 329, Section II(C), 6:16-9:15). CedarCrestone and Oracle negotiated a

production, and CedarCrestone provided a witness for deposition without challenges all in direct reliance on Oracle's *many* representations and assurances, only to have Oracle renege on those representations once it obtained the discovery it wanted from CedarCrestone. (*Id.*).

"The extent to which a party can rely on a protective order depends on the extent to which the order did reasonably induce the party to allow discovery." *Foltz*, 331 F.3d at 1137, *citing Beckman*, 966 F.2d at 475. Reliance is greater where discovery is provided or witnesses testified without invoking their rights. *Beckman*, 966 F.2d at 475. Among the goals furthered by protective orders is reducing conflict over discovery and facilitating the flow of information through discovery … changing the ground rules later is to be avoided because protective orders that cannot be relied upon will not foster cooperation through discovery." *Foltz*, 331 F.3d at 1137, *citing* Wright, Miller & Marcus §2044.1.

Oracle has failed to demonstrate that the Magistrate Judge's ruling is "clear erroneous or contrary to law." A Magistrate Judge has broad discretion in ruling on discovery issues and determining whether to modify a protective order.[4] The Magistrate Judge in this case properly considered whether collateral litigation is pending between Oracle and CedarCrestone when weighing CedarCrestone's reliance interest in the protective order against the policy of avoiding duplicative discovery. Her ruling was not contrary to law and did not create an intra-Circuit conflict. Instead, Magistrate Leen's ruling is consistent with Ninth Circuit precedent, such as *Avago Technologies*, which denied modification based on the same considerations Magistrate Leen denied modification here.

## IV.  CONCLUSION

For the foregoing reasons and argument, CedarCrestone respectfully requests that this Court deny Oracle's Objection to Order of Discovery Magistrate Denying Motion to Modify Protective Order. The Magistrate Judge's Order is not clearly erroneous or contrary to law and must therefore be affirmed.

///

---

[4] To the extent this Court, if at all, is inclined to overturn Magistrate Leen's ruling, CedarCrestone respectfully requests the Court stay enforcement of such order for thirty (30) days to allow time for an appeal.

DATED: August 8, 2012

DUANE MORRIS LLP

By: /s/ *Dominica C. Anderson*
Dominica C. Anderson (SBN 2988)
Ryan A. Loosvelt (SBN 8550)

Attorneys for CedarCrestone, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2012, I served via CM/ECF a true and correct copy of the foregoing **NON-PARTY CEDARCRESTONE, INC.'S OPPOSITION TO PLAINTIFFS' OBJECTIONS TO ORDER OF DISCOVERY MAGISTRATE DENYING MOTION TO MODIFY PROTECTIVE ORDER** to all parties and counsel as identified on the CM/ECF-generated Notice of Electronic Filing.

/s/ Jana Dailey
Jana Dailey
An employee of DUANE MORRIS LLP