| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com<br><br>Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA  94111-4067<br>Telephone:  415.393.2000<br>Facsimile:  415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual<br><br>　　　　　Defendants. | Case No. 2: 10-cv-0106-LRH-PAL<br><br>**ORACLE'S REPLY IN SUPPORT OF ITS OBJECTION TO ORDER OF DISCOVERY MAGISTRATE DENYING MOTION TO MODIFY PROTECTIVE ORDER** |

ORACLE'S REPLY IN SUPPORT OF OBJECTION

## I. INTRODUCTION

Oracle's objection raises a pure question of law: Does Ninth Circuit policy, as articulated in *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2001) and progeny, require pending collateral litigation before modifying a blanket protective order to permit the use of existing discovery to prepare for other litigation? CedarCrestone says yes, but can cite no relevant authority in support. Magistrate Leen also said yes, and in the process, Oracle contends, misapplied the controlling test laid out in *Foltz*.

Under *Foltz*, the first step in evaluating a request to modify a protective order is a "rough" determination by the Court of the relevance of the discovery subject to the protective order. *Foltz*, 331 F.3d at 1132. In making this determination, Magistrate Leen found that: "[A]lthough there is no currently pending collateral litigation which persuades the Court that there is no need to modify the protective order at this time, the materials that are the subject matter of the motion would appear to be relevant to a determination of future litigation." Transcript, Dkt. No. 370-1, at 20:6-10; *see also id.* at 21:6-9 ("[I]f and when there is a pending collateral litigation, preliminarily it appears that there is more than good cause to modify the protective order for appropriate documents that demonstrate any infringing conduct.")

*Foltz* then requires the Court to assess the opposing party's reliance interest on the protective order. *Foltz*, 331 F.3d at 1133. Oracle submits that Magistrate Leen, in adopting CedarCrestone's argument, misapplied that prong in finding that the blanket nature of the protective order supported CedarCrestone's reliance interest. The law is to the contrary.

Then, at CedarCrestone's urging, Magistrate Leen applied a third standard not found in Ninth Circuit case law: whether collateral litigation was already pending. Transcript, Dkt. No. 370-1, at 19:16-17; 20:6-10; 21:5-9. Neither *Foltz* nor later cases in the Ninth Circuit have required such a step. *See Foltz*, 331 F.3d at 1132-33; *CBS Interactive Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 205-06 (N.D. Cal. 2009) (court allowed modification to permit use of discovery materials to initiate collateral litigation); *Oracle Corp. v. SAP AG*, 2010 WL 545842, *2-3 (N.D. Cal. Feb. 12, 2010) (same). Magistrate Leen's errors, induced by CedarCrestone, are "clearly erroneous and contrary to law" and require reversal. Fed.R.Civ.P. 72(a).

1   Finally, the Court should deny CedarCrestone's request for a stay if it sustains Oracle's
2   objection. First, CedarCrestone has not established that it will suffer irreparable injury absent a
3   stay. Second, a stay is not in the public interest while CedarCrestone continues to infringe.
4   Third, Oracle continues to be harmed by its current inability to pursue litigation in order to
5   protect its IP rights.

6   **II.   ARGUMENT**

7   **A.   Magistrate Leen Correctly Found That The Discovery Materials Are Relevant**
8

9   *Foltz* sets out a two-step test for determining whether a court should modify a protective
10  order to allow use of discovery for another litigation. *Foltz*, 331 F.3d at 1132-33; *see also*
11  *Beckman Indus. Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992); *Olympic Refining Co. v.*
12  *Carter*, 332 F.2d 260, 264-65 (9th Cir.), *cert. denied*, 379 U.S. 900 (1964).
13  First, the court should make a "rough estimate of relevance," which "hinges on the degree
14  of overlap in facts, parties, and issues" such that "a substantial amount of duplicative discovery
15  will be avoided by modifying the protective order." *Foltz*, 331 F.3d at 1132 (citations omitted).
16  Magistrate Leen applied that test and found the relevance standard had been met: "[I]f and when
17  there is a pending collateral litigation, preliminarily it appears that there is more than good cause
18  to modify the protective order for appropriate documents that demonstrate any infringing
19  conduct." Transcript, Dkt. No. 370-1, at 21:6-9.

20  **B.   Magistrate Leen Applied The Reliance Factor Backward**

21  *Foltz* then instructs that the court should weigh the "countervailing reliance interest" of
22  the party opposing modification. *Foltz*, 331 F.3d at 1133. In making that assessment, the
23  opposing party's "reliance on a blanket protective order in granting discovery and settling a case,
24  without more, will not justify a refusal to modify." *Id*. Nowhere within Magistrate Leen's ruling
25  does she otherwise mention, let alone rule on, the significance of CedarCrestone's reliance
26  interest other than to note that the Protective Order is a blanket protective order. Transcript, Dkt.
27  No. 370-1, at 19:14-21:9. But Magistrate Leen misapplied the presumption that follows from
28  that fact. She found that the blanket nature of the protective order was a reason *not* to modify it

1 to allow use of discovery in other litigation. *Id.* at 9:16-22.  However, a blanket protective order
2 weighs *against* finding that CedarCrestone's reliance interest, if any, justifies denying the
3 requested modification. *Beckman*, 966 F.2d at 475 ("Reliance will be less with a blanket
4 [protective] order, because it is by nature over inclusive."); *Foltz*, 331 F.3d at 1133 (same).[1]
5       As set forth in Oracle's briefing, CedarCrestone cannot establish a reliance interest in the
6 Protective Order sufficient to justify a refusal to modify the Protective Order.  *See* Dkt. 272 at
7 7:3-8:22.  Because Oracle does not seek to modify the provisions of the Protective Order that
8 restrict who may have access to the Discovery Materials, CedarCrestone's reliance interest in
9 protecting the privacy of its documents has no bearing on the Court's decision.  *See* Dkt. 272-1.
10 Instead, CedarCrestone's reliance interest centers on its interest in avoiding collateral litigation.
11 Protective orders do not protect this type of interest.  *See, e.g.*, *United Nuclear Corp. v. Cranford*
12 *Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990) ("Defendants' desire to make it more burdensome
13 for Intervenors to pursue their collateral litigation is not legitimate prejudice.")

14       **C.**    **The Lack Of Pending Collateral Litigation Does Not Preclude Modification Of A Protective Order**
15

16       CedarCrestone argues that the Court "did not 'find' pending collateral litigation to be a
17 prerequisite to modification" but instead "properly based her ruling on an evaluation of the
18 considerations enumerated by the Ninth Circuit."  Opp. at 2:16-19.  To this end, CedarCrestone
19 argues that "it is the avoidance of duplicative discovery that is key here, and without collateral
20 litigation, the risk of duplicative discovery is unquestionably diminished." *Id*. at 5:10-12.
21 However, Magistrate Leen made no comment regarding the risk (or lack thereof) of duplicative
22 discovery.  Instead, Magistrate Leen focused her ruling entirely (and erroneously) on the lack of
23 pending collateral litigation.  CedarCrestone attempts to minimize the significance of this ruling

24 [1]In its opposition, CedarCrestone makes much of its claimed "reliance" on the negotiations that
led it to produce the discovery at issue here.  Magistrate Leen did not credit those claims, nor
25 should this Court.  No law supports that type of reliance as a reason to deny modification.  And,
as explained in Oracle's briefing to Magistrate Leen, CedarCrestone had sophisticated counsel
26 assisting it when it agreed to a protective order that expressly allows for modification upon a
showing of good cause. Dkt. 272 at 3:11-19.  CedarCrestone made that agreement rather than
27 oppose Oracle's motion to compel production of the documents it finally did produce (the
"Discovery Materials").  Indeed, Oracle has scrupulously complied with the Protective Order,
28 which is why it brought its motion to modify in the first place.

by contending that the Court simply incorporated it as part of the reliance analysis under the second prong of the *Foltz* test (which, as explained above, requires weighing "the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery.")  Opp. at 5:5-6; *Foltz*, 331 F.3d at 1133.  Semantics aside, nothing in the language highlighted by CedarCrestone implies that collateral litigation must already be pending.

To the contrary, when read in context, the *Foltz* excerpts CedarCrestone cites do not support CedarCrestone's position that pending collateral litigation is a pre-requisite to modifying a protective order.  Opp. at 5:17-25.  Instead, read as a whole, *Foltz* states a policy preference for promoting judicial economy through appropriate modifications rather than creating hard and fast rules with respect to prerequisites for allowing modification.  That policy permits modifications to protective orders to allow "the fruits of one litigation ***to facilitate preparation in other cases***" which "***advances the interests of judicial economy*** by avoiding the wasteful duplication of discovery."  *Foltz*, 331 F.3d at 1131 (emphasis supplied).  "[W]here an appropriate modification of a protective order ***can place private litigants in a position they would otherwise reach only after repetition of another's discovery***, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification."  *Id.* at 1132 (citing *United Nuclear Corp.*, 905 F.2d at 1428) (emphasis supplied).  Therefore, "[w]here reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted."  *Id.*

No lower court opinions within the Ninth Circuit support CedarCrestone's interpretation of *Foltz* to require pending litigation prior to modification.  CedarCrestone cites *Avago Technologies Fiber IP (Singapore) PTE, Ltd. v. IPtronics, Inc.*, 2011 WL 5975243 (N.D. Cal., Nov. 29, 2011), to support its novel theory that the lack of pending collateral litigation weighs against modifying the protective order.  *See* Opp. at 6:1-17.  In *Avago*, the party seeking to modify the protective order had not yet filed collateral litigation.  However, nothing in the *Avago* opinion suggests that the court denied the requested modification on that ground.  *Avago*

4

1   *Technologies Fiber IP (Singapore) PTE, Ltd.*, 2011 WL 5975243 at *1.  Instead, the *Avago* court

2   denied the requested modification in part because "there are no collateral proceedings pending

3   for which the *relevance* of the disputed information may be evaluated" and because the

4   requesting party had not provided sufficient information regarding the contemplated collateral

5   litigation *to allow the court to make the rough determination of relevance required* under *Foltz*.

6   *Id.* at *2.  Thus, the *Avago* court focused on relevance, not pendency of other litigation.

7         Unlike the *Avago* court, Magistrate Leen could – and did – evaluate the relevance of the

8   Discovery Materials to the contemplated collateral litigation:

> At the end of the day, however, Counsel for Crestone – CedarCrestone, federal discovery is about obtaining the truth.  And although there is no currently pending collateral litigation which persuades the Court that there is no need to modify the protective order at this time, ***the materials that are the subject matter of the motion would appear to be relevant to a determination of future litigation***.

12   Transcript, Dkt. No. 370-1, at 20:4-10 (emphasis supplied); *see also id.* at 21:5-9 ("if and when

13   there is a pending collateral litigation, preliminarily it appears that there is more than good cause

14   to modify the protective order").[2]

15         Finally, other courts within the Ninth Circuit have applied *Foltz* and modified protective

16   orders with no pending collateral litigation.  In both *CBS Interactive Inc. v. Etilize, Inc.*, 257

17   F.R.D. 195 (N.D. Cal. 2009) and *Oracle Corp. v. SAP AG*, 2010 WL 545842 (N.D. Cal. Feb. 12,

18   2010), the court modified a protective order to allow a party access to discovery to prepare for

19   initiating anticipated collateral litigation.  *CBS Interactive Inc.*, 257 F.R.D. at 205-6; *Oracle*

20   *Corp.*, 2010 WL 545842 at *2-3.  CedarCrestone attempts to distinguish these cases on the

21   grounds that in *CBS Interactive* and *SAP*, it was a party to the actual litigation, rather than a non-

22   party like CedarCrestone, that resisted the modification.  Opp. at 8:2-12.  CedarCrestone offers

23   no explanation as to why collateral litigation must exist as to a non-party but need not for a party.

24   Oracle has located no case law to support that arbitrary distinction.

---

[2] Similarly, CedarCrestone cannot support its allegation that Oracle failed to identify the exact nature of the litigation that it seeks to bring. *See* Opp. at 7:9-13.  As Magistrate Leen's statement makes clear, Oracle provided sufficient detail regarding the nature and scope of the anticipated collateral litigation, including citations to and excerpts from the specific evidence that Oracle described formed the basis for claims similar to those in the *Oracle v. Rimini Street* litigation, to allow Magistrate Leen to make a "rough estimate of relevance." *See* Transcript, Dkt. No. 370-1 at 20:4-10.

1       CedarCrestone's discovery documents prove Rimini's allegations correct that
2  CedarCrestone also infringes Oracle's IP.[3]  *See* Dkt. 272 at 4:2-18; Objection at 10:11-24.
3  Oracle has identified the specific facts and discovery that it would use to file specific claims for
4  IP infringement against CedarCrestone. CedarCrestone's contention that Oracle's allegations of
5  wrongdoing are "unproven, and unsupported" is belied by the vigor with which it has sought to
6  prevent Oracle from pursuing its claims with this discovery. Opp. at 7:19-21. The Court should
7  not allow CedarCrestone to shield its wrong-doing by hiding behind the Protective Order. It
8  should instead modify the Protective Order to allow Oracle to pursue its claims against
9  CedarCrestone.

**D.  CedarCrestone Has Not Established That This Court Should Stay Enforcement Of Any Order Modifying The Protective Order**

12       CedarCrestone's alternative request for a stay of the order modifying the Protective Order
13  pending appeal has no basis in law, and CedarCrestone has made no showing to merit such relief.
14  *See, e.g.*, *Largan Precision Co., Ltd. v. Fujinon Corp.*, 2011 WL 1226040, *5 (N.D. Cal. March
15  31, 2011). In determining whether a stay pending the appeal of a discovery ruling is appropriate,
16  courts consider four factors; whether: (1) CedarCrestone will suffer irreparable injury absent a
17  stay; (2) Oracle is unlikely to be substantially injured by a stay; (3) CedarCrestone is likely to
18  succeed on appeal; or (4) a stay would be in the public interest. *See Vallabhapurapu v. Burger
19  King Corp.*, 2011 WL 5036705, *1 (N.D. Cal. Oct. 21, 2011).
20       First, the use of the Discovery Materials could not constitute irreparable injury. Under
21  the requested modification, the Discovery Materials would remain subject to the terms of the
22  Protective Order, and retain their current designated status. *See* Dkt. 272-1. Thus, the Court's
23  ruling will not at this time result in any public disclosure of any trade secrets or sensitive
24  information. Oracle reserves for another day the propriety of CedarCrestone's designations of
25  these materials.

---

[3]CedarCrestone's suggestion that Oracle has introduced new documents, testimony, and facts by way of its Objection is meritless. Opp. at 7:14-18. Each of the documents, testimony, and facts relating to the Discovery Materials and the information that can be gleaned from these materials was specifically referenced and, where appropriate, attached as an exhibit, in Oracle's Motion to Modify the Protective Order and its Reply in support of that motion.

1    Second, if Oracle's claims lack merit, CedarCrestone will have the opportunity to raise
2    any defenses it has in response.
3    Third, CedarCrestone admits that it continues the conduct that Oracle alleges infringes
4    Oracle's IP rights.  Dkt. 327 at 20:19-22.  Despite assertions that CedarCrestone is "closing
5    down" a portion of its business, it has not done so to date.  Indeed, Oracle knows of no authority
6    (and CedarCrestone cites none) that it furthers the public's interest to permit a company to
7    continue infringing conduct.
8    Finally, because CedarCrestone continues its conduct, a stay will result in substantial
9    injury to Oracle, and the Court should deny CedarCrestone's request for a stay.

## III.  CONCLUSION

For the reasons stated above, as well as those detailed in Oracle's Objection, the Court should sustain Oracle's Objection to Magistrate Leen's Order, and order the Protective Order modified to allow discovery obtained from CedarCrestone to be used in collateral litigation between Oracle and CedarCrestone.

DATED: August 20, 2012

BINGHAM McCUTCHEN LLP


By:  /s/  Geoffrey M. Howard
Geoffrey M. Howard
Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc.,
and Oracle International Corp.