| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP | BINGHAM MCCUTCHEN LLP |
|   | RICHARD J. POCKER (NV Bar No. 3568) | GEOFFREY M. HOWARD (*pro hac vice*) |
| 2 | 300 South Fourth Street, Suite 800 | THOMAS S. HIXSON (*pro hac vice*) |
|   | Las Vegas, NV 89101 | KRISTEN A. PALUMBO (*pro hac vice*) |
| 3 | Telephone: (702) 382-7300 | BREE HANN (*pro hac vice*) |
|   | Facsimile: (702) 382-2755 | Three Embarcadero Center |
| 4 | rpocker@bsfllp.com | San Francisco, CA 94111-4067 |
|   |   | Telephone: 415.393.2000 |
| 5 | BOIES, SCHILLER & FLEXNER LLP | Facsimile: 415.393.2286 |
|   | STEVEN C. HOLTZMAN (*pro hac vice*) | geoff.howard@bingham.com |
| 6 | FRED NORTON (*pro hac vice*) | thomas.hixson@bingham.com |
|   | KIERAN P. RINGGENBERG (*pro hac vice*) | kristen.palumbo@bingham.com |
| 7 | 1999 Harrison Street, Suite 900 | bree.hann@bingham.com |
|   | Oakland, CA 94612 |   |
| 8 | Telephone: (510) 874-1000 | DORIAN DALEY (*pro hac vice*) |
|   | Facsimile: (510) 874-1460 | DEBORAH K. MILLER (*pro hac vice*) |
| 9 | sholtzman@bsfllp.com | JAMES C. MAROULIS (*pro hac vice*) |
|   | fnorton@bsfllp.com | ORACLE CORPORATION |
| 10 | kringgenberg@bsfllp.com | 500 Oracle Parkway |
|   |   | M/S 5op7 |
| 11 |   | Redwood City, CA 94070 |
|   | Attorneys for Plaintiffs Oracle USA, Inc., | Telephone: 650.506.4846 |
| 12 | Oracle America, Inc., and Oracle International | Facsimile: 650.506.7114 |
|   | Corp. | dorian.daley@oracle.com |
| 13 |   | deborah.miller@oracle.com |
|   |   | jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC. a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATRION, a California corporation,<br><br>   Plaintiffs,<br><br>   v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual<br><br>   Defendants. | Case No. 2: 10-cv-0106-LRH-PAL<br><br>**[PROPOSED] ORDER GRANTING ORACLE'S MOTION TO MODIFY PROTECTIVE ORDER** |

1   Pending before this Court is Plaintiffs Oracle America, Oracle USA and Oracle
2   International Incorporation's (collectively, "Oracle") Motion to Modify Protective Order
3   ("Motion").
4   Having considered (1) Oracle's Motion and supporting papers; (2) third-party
5   CedarCrestone's Opposition and supporting papers, and having heard and considered the
6   arguments of counsel at the regularly scheduled hearing of this matter:
7   IT IS HEREBY ORDERED THAT Oracle's Motion is GRANTED as follows.
8   1.  On May 21, 2010, the Court entered a stipulated Protective Order in this action (the
9   "Protective Order").  Dkt. 55.  The Protective Order allows non-parties, like CedarCrestone, to
10  designate produced information as "Confidential Information" or "Highly Confidential
11  Information – Attorneys' Eyes Only" without seeking the Court's prior permission.  *Id.* ¶ 2.  The
12  Protective Order restricts the use of these designated materials to the "preparation for trial, trial
13  of and/or appeal from this Action and no other."  *Id.* ¶ 8.  The Protective Order is a blanket
14  Protective Order in that the parties make their own designations of confidentiality without Court
15  involvement.  The receiving party (here, Oracle) may only share materials designated as
16  "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" with
17  individuals in connection with this action.  *Id.* ¶¶ 9, 10, 12.  The Protective Order provides that
18  its terms are subject to modification.  *Id.* ¶ 19.
19  2.  On February 14, 2011, Oracle subpoenaed CedarCrestone for foundational documents
20  concerning CedarCrestone's business model.  On July 19, 2011, Oracle, Rimini and
21  CedarCrestone entered into a stipulation (the "CedarCrestone Stipulation") whereby
22  CedarCrestone agreed to the terms of the Protective Order.  Pursuant to the CedarCrestone
23  Stipulation, the parties agreed that the Protective Order would govern materials produced by
24  CedarCrestone in response to discovery requests in this action.  The CedarCrestone Stipulation
25  did not modify paragraph 19 of the Protective Order, which provides that the Protective Order
26  may be modified.
27  3.  On December 1, 2011, Oracle deposed CedarCrestone's 30(b)(6) representative, Paul
28  Simmons.  Dkt. 273 ¶ 7.  CedarCrestone has designated all of this deposition, including exhibits

1   used at the deposition which it had previously produced without any confidentiality designation,
2   as "Highly Confidential Information – Attorneys' Eyes Only." *Id*. The DVD and Simmons
3   deposition transcript and exhibits are referred to below as "the Discovery Materials."
4        4. On May 14, 2012, Oracle filed a motion seeking to modify the Protective Order. Dkt.
5   272. Through its motion, Oracle sought a limited modification of the Protective Order to allow
6   Oracle to use the Discovery Materials obtained from CedarCrestone to prepare and file a
7   complaint against CedarCrestone. *Id*. Oracle did not seek to otherwise modify the restrictions
8   contained in the Protective Order, including the restrictions on public disclosure. *Id.* The motion
9   came for hearing before this Court on July 3, 2012. Dkt. 364. The Court denied Oracle's motion
10  at the hearing and as reflected in the Court's minute order dated July 5, 2012. *Id.* In the course
11  of denying Oracle's motion, the Court ruled that the materials produced by CedarCrestone that
12  Oracle sought to use were relevant to the claims Oracle said it wished to bring against
13  CedarCrestone. On July 23, 2012, Oracle filed an objection to the Court's ruling with Judge
14  Hicks. Dkt. 369. As of the filing of this Motion, Judge Hicks has not yet ruled on Oracle's
15  objection.
16       5. On September 5, 2012, Oracle filed a complaint against CedarCrestone in the Northern
17  District of California, thereby initiating the *CedarCrestone* Action. Papay Declaration In
18  Support Of Plaintiffs' Motion To Modify Protective Order., Ex. B. In the *CedarCrestone*
19  Action, Oracle asserts claims for copyright infringement, breach of contract, and unfair
20  competition in connection with CedarCrestone's conduct in providing tax and regulatory updates
21  for PeopleSoft software to its customers. *Id*.
22       6. Courts in the Ninth Circuit "strongly favor[] access to discovery materials to meet the
23  needs of parties engaged in collateral litigation." *Foltz*, 331 F.3d at 1131. This preference is
24  supported by the well-founded policy rationale that "[a]llowing the fruits of one litigation to
25  facilitate preparation in other cases advances the interest of judicial economy by avoiding the
26  wasteful duplication of discovery." *Id.* (citing *Bechman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d
27  470, 475 (9th Cir. 1992)). Therefore, requests to modify a protective order to allow the use of
28  discovery in collateral litigation "should generally be granted." *Id.*

[PROPOSED] ORDER GRANTING ORACLE'S MOTION TO MODIFY PROTECTIVE ORDER

1   7. *Foltz* sets out a two-step test.  First, the party seeking the modification "must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Id.* at 1132.  Second, the district court weighs "the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Id.*  Both steps are satisfied here.

8. After reviewing Oracle's complaint, the Court reaffirms its prior finding that the materials produced by CedarCrestone in this action are relevant to the claims Oracle has brought in the *CedarCrestone* Action.  In addition, the Court finds that CedarCrestone does not have a sufficient reliance interest in the blanket Protective Order in place in this action to warrant blocking Oracle's access to this relevant material.

Accordingly, IT IS HEREBY ORDERED that paragraph 8 of the Protective Order in this action is modified to include the following sentence at the end of the paragraph: "Notwithstanding the above, Oracle may use certain materials produced by CedarCrestone in this action in connection with the collateral litigation, captioned *Oracle, et al. v. CedarCrestone, Inc.*, Case No. CV-12-4626, pending in the Northern District of California (the "*CedarCrestone* Action").  Those materials, which shall be referred to as the "Discovery Materials," shall consist of the entire deposition of CedarCrestone witness Mr. Paul Simmons (including all exhibits to that deposition), and the DVD of computer files produced by third party CedarCrestone in this Action."  The existing confidentiality designations for the Discovery Materials shall remain in place, and the Discovery Materials shall otherwise be governed by the restrictions and procedures in the Protective Order that apply to discovery produced in this action designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only," as applicable, until such time as the parties agree or a Court orders otherwise.

For purposes of paragraphs 8, 9, 10, 11, 12, and 14 of the May 21, 2010 Stipulated Protective Order the terms 'this Action" and "this litigation" shall include the *CedarCrestone* Action with respect to the Discovery Materials.

1    **IT IS SO ORDERED.**

3    Dated: _____, 2012            _____

[PROPOSED] ORDER GRANTING ORACLE'S MOTION TO MODIFY PROTECTIVE ORDER