# EXHIBIT 18

SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. *(pro hac vice)*
Eric Buresh, Esq. *(pro hac vice)*
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
eburesh@shb.com

Robert H. Reckers, Esq. *(pro hac vice)*
600 Travis Street, Suite 1600
Houston, Texas  77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
WAllen@LRLaw.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

*Attorneys for Defendants
RIMINI STREET, INC. and SETH RAVIN*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANT RIMINI STREET INC.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES, NOS. 17, 18 & 26** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Rimini Street, Inc. ("Rimini Street") submits the following supplemental responses and objections to Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.'s ("Oracle" or "Plaintiffs") Third and Sixth Sets of Interrogatories (Interrogatory Nos. 17, 18 and 26).

## GENERAL OBJECTIONS

Rimini Street incorporates its objections to Plaintiffs' previous sets of interrogatories.

## RESPONSES AND SPECIFIC OBJECTIONS

### INTERROGATORY NO. 17.

Identify all Oracle Database Software currently or formerly present on Identified Rimini Computer System(s) or identified Rimini Virtual Machine(s), including for each instance:

    a. type and version of database (for instance, "Oracle RDBMS, version 10.1.0.1.0");

    b. for each database instance, the name or other unique identifier given to it by You, including host, port number, and SID as needed to distinguish this instance from any other database instance;

    c. server name, virtual machine name (if applicable), file and path information sufficient to identify the current or former location of each database;

    d. date that the database was created;

    e. date that the database instance was deleted, destroyed, or left the custody and control of Rimini, if applicable.

    f. the Rimini customers that have received support from Rimini related to, involving, or though any use of the database instance.

**ORIGINAL ANSWER (March 14, 2011):**

Rimini Street objects to this Interrogatory as unduly burdensome and improper under the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada, to the extent that it encompasses numerous separate, discrete subparts within a single interrogatory. Rimini Street further objects to this Interrogatory as unduly burdensome and improper to the extent that it places burdens on Rimini Street beyond any obligations provided for in the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada.  Rimini Street further objects to this Interrogatory as unduly burdensome to the extent that it requests information not kept within the ordinary course of business or information that cannot be located following a reasonable investigation.  Rimini Street further objects to the phrase "database" as vague and ambiguous to the extent that it is undefined and encompasses both Rimini Street databases and Oracle Database Software.  Rimini Street further objects to the phrase "Oracle Database Software" as vague, ambiguous and overly broad to the extent that it encompasses software and support materials from undefined "third party content distribution networks."  Additionally, Rimini Street objects to the phrase "Oracle Database Software" as vague, ambiguous and overly broad to the extent that it encompasses Software and Support Materials "related to Oracle Database," including Software and Support Materials that are not copyrighted or copyrightable. Rimini Street further objects to the phrase "currently on or formerly present on" as overly broad, vague and ambiguous.  Rimini Street further objects to the phrase "Identified Rimini Computer System(s)" as vague, ambiguous and overly broad to the extent that it encompasses "any" computer, computer system, server, electronic storage environment, or network device, including such items not likely to contain relevant and/or discoverable information.  Rimini Street objects to the phrase "Identified Rimini Virtual Machine(s)" as vague and ambiguous to the extent that "virtual machine" is not defined.  Additionally, Rimini Street objects to the phrase "Identified Rimini Virtual Machine(s)" as overly broad to the extent that it encompasses "any" virtual machine, including virtual machines not likely to contain relevant and/or discoverable

3

information. Rimini Street further objects to the phrase "related to, involving, or through," as used in subpart (f), as vague, ambiguous and overly broad.

Subject to and without waiver of the foregoing General and Specific objections, Rimini Street responds that responsive information is set forth in Attachment A.

**FIRST SUPPLEMENTAL ANSWER (September 19, 2011):**

Rimini Street objects to this Interrogatory as unduly burdensome and improper under the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada, to the extent that it encompasses numerous separate, discrete subparts within a single interrogatory. Rimini Street further objects to this Interrogatory as unduly burdensome and improper to the extent that it places burdens on Rimini Street beyond any obligations provided for in the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada. Rimini Street further objects to this Interrogatory as unduly burdensome to the extent that it requests information not kept within the ordinary course of business or information that cannot be located following a reasonable investigation. Rimini Street further objects to the phrase "database" as vague and ambiguous to the extent that it is undefined and encompasses both Rimini Street databases and Oracle Database Software. Rimini Street further objects to the phrase "Oracle Database Software" as vague, ambiguous and overly broad to the extent that it encompasses software and support materials from undefined "third party content distribution networks." Additionally, Rimini Street objects to the phrase "Oracle Database Software" as vague, ambiguous and overly broad to the extent that it encompasses Software and Support Materials "related to Oracle Database," including Software and Support Materials that are not copyrighted or copyrightable. Rimini Street further objects to the phrase "currently on or formerly present on" as overly broad, vague and ambiguous. Rimini Street further objects to the phrase "Identified Rimini Computer System(s)" as vague, ambiguous and overly broad to the extent that it encompasses "any" computer, computer system, server, electronic storage environment, or network device, including such items not likely to contain relevant and/or discoverable information. Rimini Street objects to the phrase "Identified Rimini Virtual Machine(s)" as vague and ambiguous to the extent that

4

"virtual machine" is not defined. Additionally, Rimini Street objects to the phrase "Identified Rimini Virtual Machine(s)" as overly broad to the extent that it encompasses "any" virtual machine, including virtual machines not likely to contain relevant and/or discoverable information. Rimini Street further objects to the phrase "related to, involving, or through," as used in subpart (f), as vague, ambiguous and overly broad.

Subject to and without waiver of the foregoing General and Specific objections, Rimini Street responds that responsive information is set forth in Attachment A to Rimini's Responses to Plaintiffs' Third Set of Interrogatories served March 14, 2011. Rimini further responds that responsive information is set forth in Attachment C.

**INTERROGATORY NO. 18.**

Identify all Installation Media for Oracle Database Software currently or formerly present on Identified Rimini Computer System(s) or Identified Rimini Virtual Machine(s) or otherwise within Rimini's possession, custody or control, including for each instance:

a. type and version of database created (for instance, "Oracle RDBMS, version 10.1.0.1.0");

b. for Installation Media currently or formerly present on Identified Rimini Computer System(s) or Identified Rimini Virtual Machine(s), server name, virtual machine name (if applicable), file and path information sufficient to identify the current or former location of the installation Media;

c. for Installation Media neither currently nor formerly present on Identified Rimini Computer System(s), nor on Identified Rimini Virtual Machine(s), information sufficiently to identify the current or former location of the Installation Media (for instance, label and location of a CD or DVD);

d. date that the Installation Media were obtained;

e. source from which the Installation Media were obtained; and

f. date that the Installation Media were deleted, destroyed, or left the custody and control of Rimini, if applicable.

**ORIGINAL ANSWER (March 14, 2011):**

Rimini Street objects to this Interrogatory as unduly burdensome and improper under the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada, to the extent that it encompasses numerous separate, discrete subparts within a single interrogatory. Rimini Street further objects to this Interrogatory as unduly burdensome and improper to the extent that it places burdens on Rimini Street beyond any obligations provided for in the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada. Rimini Street further objects to this Interrogatory as unduly burdensome to the extent that it requests information not kept within the ordinary course of business or information that cannot be located following a reasonable investigation. Rimini Street further objects to the phrase "database" as vague and ambiguous, to the extent that it is undefined and encompasses both Rimini Street databases and Oracle Database Software. Rimini Street further objects to the phrase "Oracle Database Software" as vague, ambiguous and overly broad to the extent that it encompasses software and support materials from undefined "third party content distribution networks." Additionally, Rimini Street objects to the phrase "Oracle Database Software" as vague, ambiguous and overly broad to the extent that it encompasses Software and Support Materials "related to Oracle Database," including Software and Support Materials that are not copyrighted or copyrightable. Rimini Street further objects to the phrase "currently on or formerly present on" as overly broad, vague and ambiguous. Rimini Street further objects to the phrase "Identified Rimini Computer System(s)" as vague, ambiguous and overly broad to the extent that it encompasses "any" computer, computer system, server, electronic storage environment, or network device, including such items not likely to contain relevant and/or discoverable information. Rimini Street objects to the phrase "Identified Rimini Virtual Machine(s)" as vague and ambiguous to the extent that "virtual machine" is not defined. Additionally, Rimini Street objects to the phrase "Identified Rimini Virtual Machine(s)" as overly broad to the extent that it encompasses "any" virtual machine, including virtual machines not likely to contain relevant and/or discoverable

information. Rimini Street objects to the phrase "Installation Media" as vague, ambiguous and overly broad to the extent that it encompasses undefined "items," including installation media for non-Oracle software or support materials.

Subject to and without waiver of the foregoing General and Specific objections, Rimini Street responds that responsive information is set forth in Attachment B.

Rimini further responds that it generally receives installation files for Oracle's database either from its customers or by downloading such files from Oracle's website. Though Rimini does not keep records of the installation files within its possession or control, the information provided in Attachment B was compiled following a review of the contents of Rimini's various data stores, including its Client Archives and Client Software repositories. Rimini's review of these voluminous repositories remains ongoing, and Rimini reserves the right to supplement its response to this Interrogatory should addition installation media be identified.

### FIRST SUPPLEMENTAL ANSWER (September 19, 2011):

Rimini Street objects to this Interrogatory as unduly burdensome and improper under the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada, to the extent that it encompasses numerous separate, discrete subparts within a single interrogatory. Rimini Street further objects to this Interrogatory as unduly burdensome and improper to the extent that it places burdens on Rimini Street beyond any obligations provided for in the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada. Rimini Street further objects to this Interrogatory as unduly burdensome to the extent that it requests information not kept within the ordinary course of business or information that cannot be located following a reasonable investigation. Rimini Street further objects to the phrase "database" as vague and ambiguous, to the extent that it is undefined and encompasses both Rimini Street databases and Oracle Database Software. Rimini Street further objects to the phrase "Oracle Database Software" as vague, ambiguous and overly broad to the extent that it encompasses software and support materials from undefined "third party content distribution networks." Additionally, Rimini Street objects to the phrase "Oracle Database Software" as vague, ambiguous and overly

7

broad to the extent that it encompasses Software and Support Materials "related to Oracle Database," including Software and Support Materials that are not copyrighted or copyrightable. Rimini Street further objects to the phrase "currently on or formerly present on" as overly broad, vague and ambiguous. Rimini Street further objects to the phrase "Identified Rimini Computer System(s)" as vague, ambiguous and overly broad to the extent that it encompasses "any" computer, computer system, server, electronic storage environment, or network device, including such items not likely to contain relevant and/or discoverable information. Rimini Street objects to the phrase "Identified Rimini Virtual Machine(s)" as vague and ambiguous to the extent that "virtual machine" is not defined. Additionally, Rimini Street objects to the phrase "Identified Rimini Virtual Machine(s)" as overly broad to the extent that it encompasses "any" virtual machine, including virtual machines not likely to contain relevant and/or discoverable information. Rimini Street objects to the phrase "Installation Media" as vague, ambiguous and overly broad to the extent that it encompasses undefined "items," including installation media for non-Oracle software or support materials.

Subject to and without waiver of the foregoing General and Specific objections, Rimini Street responds that responsive information is set forth in Attachment B to Rimini's Responses to Plaintiffs' Third Set of Interrogatories served March 14, 2011.

Rimini further responds that it generally receives installation files for Oracle's database either from its customers or by downloading such files from Oracle's website. Though Rimini does not keep records of the installation files within its possession or control, the information provided in Attachment B was compiled following a review of the contents of Rimini's various data stores, including its Client Archives and Client Software repositories. Rimini's review of these voluminous repositories remains ongoing, and Rimini reserves the right to supplement its response to this Interrogatory should addition installation media be identified.

Rimini further responds that, pursuant to Federal Rule of Civil Procedure 33(d), Rimini has produced and/or will produce documents from which the answer to this Interrogatory can be ascertained, including but not limited to the following:

The media lists bearing the Bates-stamp RSI00919622.

The documents spanning Bates-range RSI00436870-71, which are documents related to and including the Offsite Storage Lists. The Offsite Storage Lists include client media that Rimini has stored on behalf of clients at an offsite location.

**INTERROGATORY NO. 26.**

For each instance of Oracle Database Software listed in Your Response and Attachment A to Oracle's Interrogatory No. 17, Identify the server type, server configuration, server name and location, processor type, number of CPUs/processors, and number of cores of the Identified Rimini Computer System(s) or Identified Rimini Virtual Machines(s), to the extent applicable, on which the Oracle Database Software currently or formerly resided.

**ORIGINAL ANSWER (September 12, 2011):**

Rimini Street objects to this interrogatory to the extent it seeks information that is not maintained by Rimini in the ordinary course of its business or information that is not within the possession, custody, or control of Rimini Street. Rimini Street further objects to the terms "server type" and "server configuration" as vague and ambiguous. Rimini Street further objects to this interrogatory on the grounds that it would require Rimini Street to create a compilation, abstract, or summary from documents that Rimini Street has produced or will produce to Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, Rimini Street responds as follows:

Rimini Street identifies in the attached Exhibit A the server type, server configuration, server name and location, processor type, number of CPUs/processors, and number of cores of each instance of Oracle Database Software identified in its Response to Oracle's Interrogatory No. 17.

**FIRST SUPPLEMENTAL ANSWER (September 19, 2011)**

Rimini Street objects to this interrogatory to the extent it seeks information that is not maintained by Rimini in the ordinary course of its business or information that is not within the

possession, custody, or control of Rimini Street. Rimini Street further objects to the terms "server type" and "server configuration" as vague and ambiguous. Rimini Street further objects to this interrogatory on the grounds that it would require Rimini Street to create a compilation, abstract, or summary from documents that Rimini Street has produced or will produce to Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, Rimini Street responds as follows:

Rimini Street identifies in Exhibit A served September 12, 2011 the server type, server configuration, server name and location, processor type, number of CPUs/processors, and number of cores of each instance of Oracle Database Software identified in its Response to Oracle's Interrogatory No. 17.

Rimini Street further identifies in the attached Exhibit D the server type, server configuration, server name and location, processor type, number of CPUs/processors, and number of cores of each additional instance of Oracle Database Software identified in its First Supplemental Response to Oracle's Interrogatory No. 17.

DATED: September 19, 2011

SHOOK, HARDY & BACON

By:   _/s/ Robert H. Reckers_____
      Robert H. Reckers, Esq.
      Attorney for Defendants
      Rimni Street, Inc. and Seth Ravin

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANT RIMINI STREET INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' THIRD AND SIXTH SETS OF INTERROGATORIES (INTERROGATORY NOS. 17, 18 and 26) was served on the 19th day of September via email, as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com |

By*: /s/ Robert H. Reckers*
Robert H. Reckers, Esq.
Attorney for Defendants
Rimini Street, Inc. and Seth Ravin