# EXHIBIT 23

SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. *(pro hac vice)*
Eric Buresh, Esq. *(pro hac vice)*
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
eburesh@shb.com

Robert H. Reckers, Esq. *(pro hac vice)*
600 Travis Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
WAllen@LRLaw.com

*Attorneys for Defendants*
*RIMINI STREET, INC. and SETH RAVIN*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ORACLE USA, INC., a Colorado corporation;
ORACLE AMERICA, INC., a Delaware
corporation; and ORACLE INTERNATIONAL
CORPORATION, a California corporation,

Plaintiffs,

v.

RIMINI STREET, INC. , a Nevada corporation;
SETH RAVIN, an individual,

Defendants.

Case No. 2:10-cv-0106-LRH-PAL

**DEFENDANT RIMINI STREET INC.'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF
REQUESTS FOR ADMISSIONS TO
DEFENDANT RIMINI STREET, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 36, Rimini Street, Inc. ("Rimini Street"), by and through its undersigned counsel, responds to Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.'s ("Oracle") First Set of Requests for Admissions ("Requests").

**GENERAL OBJECTIONS**

The following General Objections shall be deemed incorporated into the objections and Responses to each and every specific Request for Admission.  To the extent that specific General Objections are cited in a specific Response, those specific objections are provided because they are believed to be particularly applicable to the specific Request.  If Rimini Street specifically refers to General Objections in a Response, Rimini Street does not intend to waive any other General Objection applicable to information falling within the scope of the Request.

1.      Rimini Street objects to Plaintiff's Requests to the extent that Plaintiff seeks to require Rimini Street to provide any information beyond what is available to Rimini Street at present from a reasonable search of its own files and a reasonable inquiry of its present employees likely to have the information necessary to admit or deny these requests.

2.      Rimini Street objects to Plaintiff's Requests to the extent that Plaintiff seeks to impose on Rimini Street any other obligation not imposed by the Federal Rules of Civil Procedure or the Local Rules for the District of Nevada.

3.      Rimini Street objects to the disclosure of information protected by the attorney-client privilege and/or work-product immunity.

4.      Rimini Street objects to Plaintiff's Requests to the extent they call upon Rimini Street to admit or deny information that is irrelevant to the subject matter of this action. Rimini Street does not concede that any Request to which it responds is relevant to the subject matter of this litigation.

5.      Rimini Street objects to these Requests to the extent they contravene the purposes underlying Federal Rule of Civil Procedure 36 to narrow the issues in this case and facilitate proof with respect to issues that can be eliminated.  By way of example and without limitation, Rimini Street objects to these Requests to the extent they seek admissions related to highly contested issues, rather than admissions related to non-contested issues that could narrow the issues in this case.  Rimini Street also objects to these Requests to the extent they seek admissions related to unidentified materials, which would not facilitate proof relating to issues that can be eliminated from this case.

6.    Rimini Street objects to these Requests to the extent they contain vague, ambiguous, and non-specific statements.

7.    Rimini Street objects to these Requests to the extent they cannot be admitted or denied without providing commentary.

8.    Rimini Street objects to the definition of the terms "Code Objects," "Complete or Partial Copies" and "RAM Copy" to the extent they seek to incorporate legal conclusions.

9.    Rimini Street objects to the definitions of the terms "Complete or Partial Copy", "Environment," "Oracle Database Software," "Oracle Enterprise Software," "PeopleSoft Enterprise Software," and "Software and Support Materials" to the extent that, when read together, the definitions are convoluted and circular.

**RESPONSES**

**REQUEST NO. 1:**

Admit that any successful installation of Oracle Enterprise Software creates at least one Environment.

**RESPONSE:**

*See* General Objections. Rimini further objects to the phrase "successful installation" as vague and ambiguous. Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied-in-part and Admitted-in-part. Rimini admits that any complete installation of Oracle Enterprise Software creates at least one Environment comprising the software that was installed.

**REQUEST NO. 2:**

Admit that creating a complete copy of an existing Environment creates at least one copy of any and all Software and Support Materials present in that Environment.

**RESPONSE:**

*See* General Objections. Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Admitted.

**REQUEST NO. 3:**

Admit that copying an Environment located on one computer, network location,

- 3 -

or physical media creates at least one complete copy of any Environment present on the restored virtual machine.

**RESPONSE:**

*See* General Objections. Rimini Street further objects to the phrases "restoring" and "backed-up" as vague and ambiguous. Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied-in-part and Admitted-in-part. Rimini admits that completely copying a virtual machine from one physical location or device to a second physical location or device creates at least one complete copy of any Environment present on the virtual machine.

**REQUEST NO. 12:**

Admit that restoring a backed-up virtual machine as a virtual machine with a different name creates at least one complete copy of any Environment present on the restored virtual machine.

**RESPONSE:**

*See* General Objections. Rimini Street further objects to the phrases "restoring" and "backed-up" as vague and ambiguous. Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied.

**REQUEST NO. 13:**

Admit that creating a complete copy of Installation Media creates at least one copy of any and all Code Objects present on that Installation Media.

**RESPONSE:**

*See* General Objections. Rimini Street further objects to this request as improper under Fed. R. Civ. P. 36 as seeking a legal conclusion to the extent that Oracle seeks an admission on the legal significance of the term "Code Objects." Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Admitted.

**REQUEST NO. 14:**

Admit that copying Installation Media located on one computer, network location, virtual machine, storage device or physical media onto a second computer, network location, virtual

machine, storage device or physical media creates at least one complete copy of that Installation Media.

**RESPONSE:**

See General Objections. Rimini Street further objects to the phrase "copying Installation Media" as vague and ambiguous. Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied-in-part and Admitted-in-part. Rimini Street admits that completely copying Installation Media from one physical location or device to a second physical location or device creates at least one complete copy of that Installation Media.

**REQUEST NO. 15:**

Admit that Installation Media constitutes a complete copy of the Oracle Enterprise Software or Oracle Database Software that it can be used to install.

**RESPONSE:**

*See* General Objections. Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds: Denied-in-part and Admitted-in-part. Rimini admits that Installation Media may be used to create a copy of the Oracle Enterprise Software or Oracle Database Software that is present on that Installation Media. Rimini denies that Installation Media necessarily constitutes a complete copy of the Oracle Enterprise Software or Oracle Database Software that it can be used to install.

**REQUEST NO. 16:**

Admit that loading an Environment for use creates at least one RAM Copy that is a Complete or Partial Copy of that Environment.

**RESPONSE:**

*See* General Objections. Rimini Street further objects to this request as improper under Fed. R. Civ. P. 36 as seeking a legal conclusion to the extent that Oracle seeks an admission on the legal significance of the term "RAM Copy." Subject to those objections as well as Rimini's defenses of license, estoppel and waiver and Oracle's course of conduct, Denied-in-part and Admitted-in-part. Rimini admits that a portion of an Environment is loaded into a computer's RAM

1    when that Environment is loaded for use.

2    **REQUEST NO. 17:**

3    Admit that licenses granted by Oracle to Relevant Customers for Oracle Enterprise

4    Software do not permit Relevant Customers to install licensed Software and Support Materials on

5    computers neither owned nor leased by the customer.

6    **RESPONSE:**

7    *See* General Objections. Rimini Street further objects to this request as improper

8    under Fed. R. Civ. P. 36 as seeking a legal conclusion to the extent that Oracle seeks an admission

9    on the interpretation of license agreements at issue. Subject to those objections as well as Rimini's

10   defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds:

11   Denied.

12

13   **REQUEST NO. 18:**

14   Admit that licenses granted by Oracle to Relevant Customers for Oracle Enterprise

15   Software do not permit Software and Support Materials licensed by one Relevant Customer to be

16   used or copied for the economic benefit of a second Relevant Customer

17   **RESPONSE:**

18   *See* General Objections. Rimini Street further objects to this request as improper

19   under Fed. R. Civ. P. 36 as seeking a legal conclusion to the extent that Oracle seeks an admission

20   on the interpretation of license agreements at issue. Subject to those objections as well as Rimini's

21   defenses of license, estoppel and waiver and Oracle's course of conduct, Rimini Street responds:

22   Denied.

23

24   DATED:          September 28, 2011          SHOOK, HARDY & BACON

25

26                              By:     _/s/ Robert H. Reckers_____
                                        Robert H. Reckers, Esq.
27                                      Attorney for Defendants
                                        Rimini Street, Inc. and Seth Ravin
28

- 9 -

1

## CERTIFICATE OF SERVICE

2       I hereby certify that the foregoing Defendant's Responses and Objections to

3   Plaintiffs' First Set of Requests for Admissions was served on the 28th day of September 2011,

4   via email, as indicated below.

5

| | |
|---|---|
| 6  BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>7  300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>8  Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>9  rpocker@bsfllp.com<br>10  BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>11  FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>12  1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>13  Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>14  sholtzman@bsfllp.com<br>15  fnorton@bsfllp.com<br>kringgenberg@bsfllp.com<br>16 | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com |

17

18

19

20                      By: /s/ Robert H. Reckers
                            Robert H. Reckers, Esq.
21                          Attorney for Defendants
                            Rimini Street, Inc. and Seth Ravin
22

23

24

25

26

27

28

4678578 v1        DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS