# EXHIBIT 33
# FILED UNDER SEAL

1

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

---

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation, ORACLE AMERICA, Inc., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br>    Plaintiffs,<br>        vs.<br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br>    Defendants. | No. 2:10-cv-0106<br>LRH-PAL |

---

VIDEOTAPED DEPOSITION OF 30(b)(6) DOUGLAS ZORN

OAKLAND, CALIFORNIA

FRIDAY, SEPTEMBER 16, 2011

REPORTED BY:
REBECCA L. ROMANO, CSR No. 12546
PAGES 1 - 267

## Page 10

1   MR. NORTON: Fred Norton of Boies Schiller & 09:33:30
2   Flexner for plaintiff, Oracle. 09:33:32
3   MR. RECKERS: Rob Reckers, Shook Hardy & 09:33:36
4   Bacon, for the defendants. 09:33:38
5   MR. NORTON: Go ahead and identify yourself. 09:33:42
6   MS. DARROCH: I'm Kelly Darroch, TM Financial 09:33:45
7   Forensics. 09:33:46
8   THE VIDEOGRAPHER: Thank you. 09:33:47
9   Would the reporter please swear the witness. 09:33:48
10  THE REPORTER: If you could raise your right 12:22:21
11  hand for me, please. 12:22:21
12  THE DEPONENT: (Complies.) 12:22:21
13  THE REPORTER: You do solemnly state under 12:22:21
14  penalty of perjury that the testimony you're about to 12:22:21
15  give in this deposition shall be the truth, the whole 12:22:21
16  truth and nothing but the truth? 12:22:21
17  THE DEPONENT: Yes, I do. 12:22:21
18  THE VIDEOGRAPHER: Thank you. Please 09:34:02
19  proceed. 09:34:02
20   09:34:02
21   09:34:02
22   09:34:02
23   09:34:02
24   09:34:02
25  ///// 09:34:02

## Page 11

1   DOUGLAS ZORN, 09:34:02
2   the witness, having been administered an oath by the 09:34:02
3   Court Reporter, testified as follows: 09:34:02
4    09:34:02
5   EXAMINATION 09:34:02
6   BY MR. NORTON: 09:14:52
7   Q. Good morning. 09:34:03
8   A. Good morning. 09:34:03
9   Q. As you heard, my name is Fred Norton, and I 09:34:04
10  represent -- 09:34:06
11  A. Okay. 09:34:07
12  Q. -- Oracle. And I'll be asking you questions 09:34:07
13  for a good part of today. 09:34:10
14  A. Okay. 09:34:11
15  Q. Just -- can we begin by just -- would you 09:34:11
16  please state your name for the record. 09:34:13
17  A. It's Douglas Zorn, Z-O-R-N. 09:34:15
18  Q. And by whom are you currently employed? 09:34:18
19  A. Rimini Street, Incorporated. 09:34:20
20  Q. And what is your position at Rimini Street? 09:34:21
21  A. I'm the CFO. 09:34:23
22  Q. Have you had your deposition taken before? 09:34:24
23  A. Yes. 09:34:27
24  Q. And how many times? 09:34:27
25  A. Five or six times. 09:34:30

## Page 12

1   Q. Have you had your deposition taken as a 09:34:32
2   corporate representative before? 09:34:35
3   A. In all those cases. 09:34:37
4   Q. Are you familiar with the term a "30(b)(6) 09:34:39
5   deposition"? 09:34:42
6   A. I am familiar with the term. 09:34:44
7   Q. It's a lawyer's term. 09:34:45
8   A. I don't know exactly what it means. 09:34:45
9   Q. All right. Do you understand that you're 09:34:46
10  testifying today not solely in your individual 09:34:47
11  capacity, but on behalf of Rimini Street? 09:34:50
12  A. Yes. 09:34:53
13  Q. In your -- can you just tell me when was the 09:34:55
14  last time you were deposed? 09:34:58
15  A. About two or three years ago. 09:35:02
16  Q. Was that prior to the time that you joined 09:35:05
17  Rimini Street? 09:35:07
18  A. It was probably both before, and the last 09:35:12
19  time was probably when I was in my employment with 09:35:15
20  Rimini Street. 09:35:19
21  Q. What was the -- have you given deposition 09:35:23
22  testimony about any matters concerning Rimini Street 09:35:27
23  before today? 09:35:31
24  A. No. 09:35:32
25  Q. What was the subject matter of your prior -- 09:35:32

## Page 13

1   your most recent deposition? 09:35:33
2   A. It was a lawsuit between 09:35:35
3   PricewaterhouseCoopers and a company called Appiant 09:35:39
4   Technologies. 09:35:42
5   Q. And were you employed by one of those two 09:35:44
6   companies at the time of -- 09:35:45
7   A. By Appiant. 09:35:48
8   Q. -- your deposition? 09:35:48
9   I beg your pardon? 09:35:49
10  A. By Appiant. 09:35:49
11  Q. I know you have been deposed before, and so I 09:35:50
12  assume you are somewhat familiar with the process. 09:35:53
13  A. Uh-huh. 09:35:55
14  Q. I'll go over a couple of ground rules just so 09:35:56
15  we're -- we have the same understanding of the process. 09:35:58
16  A. Okay. 09:36:00
17  Q. As you can see, we are videotaping today's 09:36:01
18  deposition, and we have a court reporter as well. 09:36:03
19  Notwithstanding the fact that there's a videotape, you 09:36:05
20  have to give audible answers so that the court reporter 09:36:08
21  can take them down. 09:36:10
22  A. Yes. 09:36:12
23  Q. So a "yes" or a "no" as opposed to a shake of 09:36:12
24  the head or -- 09:36:14
25  A. Yes. 09:36:15

```
 1    Q. -- nod of the head.                      09:36:15
 2         Fine. If at any time you don't understand my   09:36:16
 3    question, let me know. I'll do my best to rephrase it.   09:36:19
 4    Even when it's really obvious where I'm going -- and   09:36:22
 5    often it's really obvious where I'm going -- if you can   09:36:24
 6    let me finish my question and then give an answer.   09:36:26
 7    Otherwise, we talk over each other and the court   09:36:28
 8    reporter can't really get a clear record.   09:36:31
 9         So sometimes we kind of get going in a more   09:36:33
10    conversational fashion and we both forget, but we need   09:36:36
11    to have a clear question, complete question, complete   09:36:38
12    answer for the record.                     09:36:40
13         Is that clear?                       09:36:41
14    A. Yes.                                09:36:45
15    Q. If you need to take any breaks throughout the   09:36:45
16    day, as I said, we'll certainly go through lunch and   09:36:45
17    into the afternoon, so we should take breaks when you   09:36:47
18    need them.                              09:36:51
19         The only exception to that is if there's a   09:36:52
20    question pending, then I'll expect you to answer that   09:36:53
21    question before we take a break.          09:36:56
22         Do you understand that?             09:36:58
23    A. Yes.                                09:36:59
24    Q. And there's an exception to the exception,   09:36:59
25    which is if you feel like you are not able to answer my   09:37:01
                                                 14
```

```
 1    question because you think that it might implicate an   09:37:04
 2    attorney-client privilege, then we can stop. You can   09:37:06
 3    ask Mr. Reckers for advice about how to answer, and we   09:37:09
 4    can come back and resolve the issue.      09:37:12
 5         Okay?                            09:37:14
 6    A. Okay.                              09:37:15
 7         MR. NORTON: All right. Let's mark our first   09:37:15
 8    exhibit of the day, Exhibit 417.         09:37:18
 9         (Whereupon, Exhibit 417 was marked for   09:37:20
10         identification.)                   09:37:21
11    Q. (By Mr. Norton) Have you seen Exhibit 417   09:37:42
12    before?                               09:37:44
13    A. Yes, I have.                         09:37:45
14    Q. And what do you understand that to be?   09:37:45
15    A. This is the substance of which I'm going to   09:37:47
16    be testifying to here in this deposition.   09:37:49
17    Q. Okay. So if we turn to -- there's a -- the   09:37:53
18    third page of the document, which bears at the top,   09:37:57
19    "Schedule A."                          09:38:00
20    A. Yes.                                09:38:01
21    Q. And there are four topics listed under the   09:38:01
22    heading "Topics."                      09:38:08
23         And you reviewed all those?         09:38:08
24    A. Yes, I did.                         09:38:11
25    Q. Okay. And do you understand that you are   09:38:12
                                                 15
```

```
 1    testifying on behalf of Rimini Street with respect to   09:38:13
 2    each of those topics?                   09:38:17
 3    A. Yes, I do.                          09:38:18
```



Redacted

Redacted



Pages 38 to 41



Pages 158 to 161



```
 5  Q. Okay. You used the term "shelfware."          02:36:10
 6     Can you just define what you mean by the term 02:36:13
 7  "shelfware."                                     02:36:14
 8  A. That's when a client buys software and some   02:36:16
 9  portion of the software they are not using; they 02:36:18
10  haven't installed it.                            02:36:20
```

Pages 194 to 197

```
 1   STATE OF CALIFORNIA      ) ss:
                              )
 2   COUNTY OF CONTRA COSTA   )

 3

 4        I, Rebecca L. Romano, CSR. 12546, do hereby
 5   certify:
 6        That the foregoing deposition testimony was taken
 7   before me at the time and place therein set forth and at
 8   which time the witness was administered the oath;
 9        That the testimony of the witness and all
10   objections made by counsel at the time of the
11   examination were recorded stenographically by me, and
12   were thereafter transcribed under my direction and
13   supervision, and that the foregoing pages contain a
14   full, true and accurate record of all proceedings and
15   testimony to the best of my skill and ability.
16        I further certify that I am neither counsel for any
17   party to said action, nor am I related to any party to
18   said action, nor am I in any way interested in the
19   outcome thereof.
20
21
22
23
24                    Rebecca L. Romano, CSR. No 12546
25
```