# EXHIBIT 69

**BINGHAM**

Bree Hann
Direct Phone:  415.393.2958
Direct Fax:      415.393.2286
bree.hann@bingham.com

April 19, 2011

**Via Email**

Robert Reckers, Esq.
Shook, Hardy & Bacon, LLP
JP Morgan Chase Tower
600 Travis Street, Suite 1600
Houston, TX 77002
rreckers@shb.com

Re:   *Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin*,
        Case No. 2:10-cv-00106 (D. Nev.)

Dear Rob:

I write with respect to Rimini Street's response to Interrogatory No. 16 from Plaintiffs' Second Set of Interrogatories. Rimini Street's response is insufficient and should be supplemented.

The Interrogatory asked Rimini Street to Identify, for each false, defamatory, or disparaging statement alleged in Count One of Rimini Street's Counterclaim, the statement and the individual who made it. As defined in the Interrogatories, "Identify" means "to identify with precision to the extent known including (a) with respect to persons, the person's full name, and, when referring to a natural person, the person's job title at the relevant time; (b) with respect to documents, to give the title of the document, date of the document, author(s), addressee(s), recipient(s), and Bates number (as applicable); and (c) with respect to non-written communications, to give, to the extent known, the date, content, and parties to the communications (*i.e.*, the natural persons sending and receiving the communications)."

In responding to the Interrogatory, Rimini Street first describes general "defamatory statements . . . published and republished by Oracle and its agents to members of the media and analyst community, Rimini Street's customers and potential customers, as well as to the public at large." Rimini Street then lists three alleged examples: a statement by Deborah Hellinger on March 29, 2010, a statement by an unknown Oracle representative in March 2009, and a statement from James McLeod on January 30, 2010.

There are at least two problems with Rimini Street's response. First, referring generally to "defamatory statements . . . published and republished by Oracle and its agents" does not satisfy the Interrogatory, as the reference identifies neither a statement nor who made it. The Interrogatory requires Rimini Street to describe, with particularity and precision, each false, defamatory, or disparaging statement alleged in Rimini Street's Counterclaim

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T +1.415.393.2000
F +1.415.393.2286
bingham.com

A/74158029.1

Robert Reckers, Esq.
April 19, 2011
Page 2

and its source. If Rimini Street wishes to amend its response to include additional specific statements, then it may do so, but general descriptions of unattributed and unspecified statements are not responsive. Further, Rimini Street's description of the three statements as "examples" is improper. The Interrogatory requires Rimini Street to identify each statement that Rimini Street alleges in its Counterclaim; every such statement therefore must be included, not simply "examples."

Second, Rimini Street's identification of the alleged March 2009 statement is insufficient. Rimini Street states, "in approximately March of 2009, an Oracle representative contacted a senior analyst, Pat Phelan, for an influential analyst firm, Gartner Research, and made statements insinuating that Rimini Street's business practices were illegal, including its practices employed when providing maintenance and support for Oracle-branded software." This description identifies neither the Oracle representative who allegedly made the statement, nor the actual statement itself. A high-level description of the statement does not give Oracle the detail necessary to defend against Rimini Street's allegation. Indeed, the exact content of the statement is all the more important given that Rimini Street's allegation of "insinuating" statements implicitly concedes that the unnamed Oracle representative made no direct allegations of the kind Rimini Street alleges. Moreover, Oracle cannot tell from Rimini Street's description whether this statement was made in writing, over the telephone, or otherwise. Oracle is entitled to the exact statement itself, as well as the identity of the Oracle representative, the date of the statement, and the circumstances under which it was made. If Rimini Street does not have this information, then Oracle is entitled to a statement to that effect.

For these reasons, Oracle requests that Rimini Street amend its response to Interrogatory No. 16.

Regards,

*Bree Hann*
Bree Hann