# EXHIBIT 3

**PEABODY & ARNOLD** LLP
COUNSELLORS AT LAW

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE, BOSTON, MA 02210-2261
(617) 951-2100  FAX (617) 951-2125

BOSTON, MA    PROVIDENCE, RI

ROBERT T. GILL
[617] 951.4706
rgill@peabodyarnold.com

July 8, 2011

**BY FEDERAL EXPRESS AND ELECTRONIC MAIL**
**(chad.russell@bingham.com)**

Chad Russell, Esq.
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA  94111

> *Re:    Subpoena to CedarCrestone in Oracle USA, Inc., et al. v. Rimini Street, Inc.*
> *Litigation*

Dear Chad:

I received the motion to compel Oracle filed in response to my recent email to you raising concerns about some confidentiality issues surrounding some of the documents CedarCrestone has gathered to produce to Oracle.  I was most surprised to learn that Oracle had filed the motion and even more surprised to receive an email saying that we could look at Oracle's motion to see what issues it took with our suggestions regarding confidentiality.  CedarCrestone has been cooperating with Oracle throughout our discussions.  While it will prepare a formal response to the motion, I assume Oracle is willing to attempt to resolve CedarCrestone's concerns so that we can complete the production expeditiously and without the assistance of the court.

My purpose in writing is to lay out CedarCrestone's most pressing concerns about the Protective Order.  I am confident that if we discuss these issues, we will be able to reach a satisfactory agreement regarding confidentiality and CedarCrestone will be able to release the rest of its production to Oracle.

There are two primary issues affecting CedarCrestone's production:

First, the protective order's definitions of  "Confidential Information" and "Highly Confidential Information" are confusing.  The Protective Order appears intended to provide "Highly Confidential Information" with substantially more protections than "Confidential Information."  However, its definitions of those terms seem contradictory.  The Protective Order defines "Confidential Information" as including" "proprietary technical information and specifications" and non-public "customer information, data or lists" and defines "Highly Confidential Information" as including "trade secrets."  CedarCrestone considers much of the information requested by Oracle, including its "proprietary technical information and

**PEABODY & ARNOLD** LLP
Chad Russell, Esq.
July 8, 2011
Page 2

specifications" and non-public "customer information, data or lists," to be "trade secrets." However, as the Protective Order currently is worded, it is unclear whether "proprietary technical information and specifications" and non-public "customer information, data or lists" which CedarCrestone considers to be trade secrets would be entitled to "Confidential Information" or "Highly Confidential Information" protections. In other words, it is unclear whether the "confidential information" or "highly confidential information" designations are mutually exclusive.

Whether CedarCrestone's "proprietary technical information and specifications" and non-public "customer information, data or lists" are treated by Oracle, Rimini Street and Seth Ravin as "Confidential Information" or "Highly Confidential Information" under the Protective Order is important to CedarCrestone. If such material merely was treated as "confidential information," the Protective Order would permit employees and directors of Oracle and Rimini Street to review CedarCrestone's "proprietary technical information and specifications" and non-public "customer information, data or lists." (See Protective Order ¶ 9(b)). The Protective Order also would permit witnesses and deponents and their counsel to review such materials even if they had not seen or had personal knowledge of the information contained therein before. (See Protective Order ¶ 9(c)).

Given that CedarCrestone is an innocent third party in this case and CedarCrestone and Rimini Street - and, to some extent, CedarCrestone and Oracle - are direct competitors in some areas, CedarCrestone has significant concerns about Oracle and Rimini Street's employees being permitted to have access to its "proprietary technical information and specifications" and non-public "customer information, data or lists." Despite good faith attempts to do so, CedarCrestone does not believe that Oracle or Rimini Street can guarantee that their employees, directors, and in-house counsel will not use such materials or information contained therein for purposes unrelated to this lawsuit. Therefore, CedarCrestone needs to make sure that the information is adequately protected.

For these reasons, CedarCrestone proposes that we agree, for purposes of CedarCrestone's production, to modify the definition of "highly confidential information" in the Protective Order to include CedarCrestone's "proprietary technical information and specifications" and non-public "customer information, data or lists".

CedarCrestone's second issue is that the protective order, since it is designed to protect the documents of the parties to the lawsuit, does not provide sufficient protection for the documents of "Confidential" or "Highly Confidential" information of third parties such as CedarCrestone.

**PEABODY & ARNOLD** LLP
Chad Russell, Esq.
July 8, 2011
Page 3

The issues most important to CedarCrestone are:

(1)     Paragraph 11(b) requires that any party wishing to use documents of an "opposing Party" designated as either "confidential information" or "highly confidential information" at the deposition of a third-party witness give the "opposing party" at least 48 hours written notice. Since CedarCrestone is not an "opposing party", it does not appear to be included within this provision.

(2)     Paragraph 11(b) of the Protective Order only requires parties to give notice of their intent to use "confidential information" or "highly confidential information at a third-party witness' deposition.  The Protective Order does not require parties to give notice of their intent to use "confidential information" or "highly confidential information" of a third party at a party witness' deposition.

(3)     Paragraph 12 of the Protective Order prohibits Oracle and Rimini Street from providing each other's "highly confidential information" discovery material to experts who are or have been in the past year competitors of Oracle or Rimini Street.  However, the Protective Order does not prevent Oracle or Rimini Street from providing CedarCrestone's "highly confidential information" discovery material to experts who are or have been within the past year a competitor of CedarCrestone.

(4)     Paragraph 12 of the Protective Order appears to require Oracle and Rimini Street to, before providing "confidential information" or "highly confidential information" to an expert or expert consultant, identify the expert or expert consultant in writing.  The Protective Order does not require Oracle or Rimini Street to give notice to CedarCrestone before they show CedarCrestone's "confidential information" or "highly confidential information."

(5)     The Protective Order contains no requirement that Oracle and Rimini Street provide any notice to CedarCrestone before filing CedarCrestone's "confidential information" or "highly confidential information" in the public record or using such material at trial or on appeal.

(6)     Paragraph 9 of the Protective Order recognizes that additional parties may be added to this litigation and requires that such parties' counsel, experts and expert consultants sign the Protective Order before receiving material designated by any party or non-party as "confidential information" or "highly confidential information."  However, the Protective Order does not require such parties' directors or employees to sign the Protective Order before receiving such material.

In light of these issues, CedarCrestone proposes that Oracle and CedarCrestone agree to the following modifications of the Protective Order as it relates to CedarCrestone's production:

**PEABODY & ARNOLD** LLP
Chad Russell, Esq.
July 8, 2011
Page 4


     (1)    Require parties to give CedarCrestone 48 hours written notice if they intend to use CedarCrestone's "confidential information" or "highly confidential information" at any deposition;

     (2)    Prohibit Oracle and Rimini Street from providing CedarCrestone's "highly confidential information" discovery material to experts who are or have been within the past year competitors of CedarCrestone;

     (3)    Require Oracle and Rimini Street to give 48 hours written notice to CedarCrestone before showing CedarCrestone's "confidential information" or "highly confidential information" to experts and expert consultants;

     (4)    Require Oracle and Rimini Street to provide reasonable written notice to CedarCrestone before filing CedarCrestone's "confidential information" or "highly confidential information" in the public record or using such material at trial or on appeal; and

     (5)    Require any additional parties' directors and employees to sign the Protective Order before receiving CedarCrestone's "confidential information" or "highly confidential information" material.

     Once you have had a chance to review this letter, please contact me.  I continue to hope that we can resolve this matter amicably without the Court's involvement so as to minimize our clients' legal expenses and the amount of time which they must devote to this matter.

                       Sincerely,

                       Robert T. Gill

RTG/rl

747851_1