| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP | BINGHAM MCCUTCHEN LLP |
| RICHARD J. POCKER (NV Bar No. 3568) | GEOFFREY M. HOWARD (*pro hac vice*) |
| 300 South Fourth Street, Suite 800 | THOMAS S. HIXSON (*pro hac vice*) |
| Las Vegas, NV 89101 | KRISTEN A. PALUMBO (*pro hac vice*) |
| Telephone: (702) 382-7300 | BREE HANN (*pro hac vice*) |
| Facsimile: (702) 382-2755 | Three Embarcadero Center |
| rpocker@bsfllp.com | San Francisco, CA 94111-4067 |
| | Telephone: 415.393.2000 |
| BOIES, SCHILLER & FLEXNER LLP | Facsimile: 415.393.2286 |
| STEVEN C. HOLTZMAN (*pro hac vice*) | geoff.howard@bingham.com |
| FRED NORTON (*pro hac vice*) | thomas.hixson@bingham.com |
| KIERAN P. RINGGENBERG (*pro hac vice*) | kristen.palumbo@bingham.com |
| 1999 Harrison Street, Suite 900 | bree.hann@bingham.com |
| Oakland, CA 94612 | |
| Telephone: (510) 874-1000 | DORIAN DALEY (*pro hac vice*) |
| Facsimile: (510) 874-1460 | DEBORAH K. MILLER (*pro hac vice*) |
| sholtzman@bsfllp.com | JAMES C. MAROULIS (*pro hac vice*) |
| fnorton@bsfllp.com | ORACLE CORPORATION |
| kringgenberg@bsfllp.com | 500 Oracle Parkway |
| | M/S 5op7 |
| Attorneys for Plaintiffs Oracle USA, Inc., | Redwood City, CA 94070 |
| Oracle America, Inc., and Oracle International | Telephone: 650.506.4846 |
| Corp. | Facsimile: 650.506.7114 |
| | dorian.daley@oracle.com |
| | deborah.miller@oracle.com |
| | jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual<br><br>Defendants. | Case No. 2: 10-cv-0106-LRH-PAL<br><br>**PLAINTIFFS' MOTION TO SEAL UNREDACTED COPY OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY PROTECTIVE ORDER, DECLARATION OF GEOFFREY M. HOWARD, AND EXHIBITS 1 AND 2 TO THE DECLARATION OF GEOFFREY M. HOWARD** |

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, Dkt. 55 ("Protective Order"), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (together "Oracle" or "Plaintiffs") respectfully request that the Court order the Clerk of the Court to file under seal an unredacted copy of Plaintiffs' Reply in Support Of Motion to Modify Protective Order (the "Reply"), an unredacted copy of the declaration of Geoffrey M. Howard (the "Howard Declaration"), and Exhibits 1 and 2 to the Howard Declaration. Unredacted copies of the Reply, the Howard Declaration, as well as Exhibits 1 and 2 to the Howard Declaration, were individually lodged under seal with the Court on October 4, 2012. *See* Dkt. 430, 431, 431-1, 431-2.

Sealing of the unredacted Reply and the Howard Declaration is requested because the redacted portions of these documents contain information that CedarCrestone, Inc. ("CedarCrestone"), the party which produced the information, has designated as "Confidential Information" and "Highly Confidential Information – Attorneys' Eyes Only" under the terms of the Protective Order. Likewise, sealing of Exhibits 1 and 2 to the Howard Declaration is requested because these documents have been designated as "Confidential Information" and "Highly Confidential Information – Attorneys' Eyes Only" by CedarCrestone. The Protective Order states, "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' and 'Highly Confidential Information – Attorneys' Eyes Only' under the terms of this Protective Order **only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).** The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." Protective Order ¶ 2 (emphasis supplied).

CedarCrestone has identified the information redacted in the Reply, the Howard Declaration, and Exhibits 1 and 2, as Confidential and Highly Confidential, and therefore

CedarCrestone has represented that good cause exists for sealing those portions of the documents. This is a sufficient showing of good cause to permit a sealing order on a non-dispositive motion. *See, e.g.*, *Pac. Gas & Elec. Co. v. Lynch,* 216 F. Supp. 2d 1016, 1027 (N.D. Cal. 2002).

Oracle has submitted all non-redacted portions of the Reply, the Howard Declaration, as well as other exhibits to the Howard Declaration for filing in in Court's public files, which allows the public access to all but the redacted portions of the Reply, the Howard Declaration, and Exhibits 1 and 2 to the Howard Declaration. Accordingly, the request to seal is narrowly tailored.

For the foregoing reasons, Oracle respectfully requests that the Court find that good cause exists to file under seal the unredacted copy of the Reply, the Howard Declaration and Exhibits 1 and 2 to the Howard Declaration.

DATED: October 4, 2012                BINGHAM McCUTCHEN LLP


By:   */s/* Geoffrey M. Howard
    Geoffrey M. Howard
    Attorneys for Plaintiffs
    Oracle USA, Inc., Oracle America, Inc.
    and Oracle International Corp.

PLAINTIFFS' MOTION TO SEAL PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO MODIFY PROTECTIVE ORDER, SUPPORTING DECLARATION AND EXHIBITS THERETO