DOMINICA C. ANDERSON (SBN 2988)
RYAN A. LOOSVELT (SBN 8550)
**DUANE MORRIS LLP**
100 N. City Parkway, Suite 1560
Las Vegas, NV 89106
Telephone: 702.868.2600
Facsimile: 702.385.6862
Email: dcanderson@duanemorris.com
       rloosvelt@duanemorris.com

Attorneys for CedarCrestone, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation, ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants.<br><br>AND ALL RELATED COUNTER CLAIMS. | Case No. 2:10-CV-0106-LRH-PAL<br><br>**NON-PARTY CEDARCRESTONE, INC.'S REPLY IN SUPPORT OF ALTERNATIVE COUNTERMOTION FOR STAY** |

Non-party CedarCrestone, Inc. ("CedarCrestone") hereby submits its Reply in support of Countermotion for Stay [Dckt. No. 428] pending reconsideration by District Court Judge, for which CedarCrestone moves in the alternative to this Court denying Plaintiffs Oracle USA, Inc.'s, Oracle America, Inc.'s, and Oracle International Corporation's (collectively "Oracle") renewed Motion to Modify Protective Order [Dckt. No. 385], as follows:

## I.     INTRODUCTION

Oracle's renewed Motion to Modify Protective Order (the "Renewed Motion") should be denied for the reasons set forth in CedarCrestone's Oppositional papers. In the alternative to this Court denying Oracle's Renewed Motion, CedarCrestone moved for a short stay of enforcement of the order to allow CedarCrestone time to seek reconsideration by the District Court. CedarCrestone is seeking the brief stay were this Court to grant Oracle's motion because Oracle admittedly intends

to immediately use the protected materials – which is itself improper under *Foltz* and Ninth Circuit law as discussed below – irreparably harming CedarCrestone, and which would render the relief CedarCrestone seeks upon reconsideration moot. Under such circumstances, a stay is particularly warranted and necessary based on the irreparable harm alone.

## II.    ARGUMENT

### A.    The Balance Of Hardships Tips Strongly In CedarCrestone's Favor, Warranting A Stay Pending Reconsideration By The District Court Judge.

The standard for a stay pending review is similar to that employed by courts in deciding whether to grant a preliminary injunction. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). In the Ninth Circuit, there are two interrelated legal tests that represent the "outer reaches of a single continuum." *Lopez*, 713 F.2d at 1435. At one end of the continuum, the moving party may show a "probability of success on the merits and the possibility of irreparable injury," and on the other end, it may demonstrate that "serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.* "The 'relative hardships to the parties' is the 'critical element' in deciding at which point along the continuum a stay is justified." *Id.* Here, CedarCrestone would suffer significant hardship if a stay is not entered, whereas Oracle would experience *de minimus*, if any, hardship. Therefore, a stay is warranted.

CedarCrestone is likely to prevail upon reconsideration for the reasons stated in its Oppositional papers to Plaintiff's Renewed Motion to Modify Protective Order [Dckt. No. 425-Opposition, incorporated herein by this reference]. Among other reasons, it is abundantly clear that Oracle filed the collateral litigation solely to try to lift the existing protections on the CedarCrestone materials in the *Rimini* Action. The Ninth Circuit holds that this exploitation and subversion of the discovery process, including filing a collateral suit to lift protections for materials in a separate case, warrants denial of modification of a protective order. *Foltz v. State Farm Mutt's Auto. Ins. Co.*, 331 F.3d 1122, 1133-1134 (9th Cir. 2003). Perhaps most telling is Oracle's recent admission in its Opposition to Countermotion for Stay where Oracle says that it had begun investigating CedarCrestone when Rimini filed its Answer on March 29, 2010, long before it sought to obtain CedarCrestone's documents. It is thus now apparent that Oracle always intended to use the

information against CedarCrestone and that the subpoenas in the *Rimini* Action were just an avenue for it to obtain CedarCrestone's confidential information to help it do so.

CedarCrestone will undoubtedly suffer harm that cannot be undone were Oracle permitted to use the protected materials outside the *Rimini* Action before the propriety of an order allowing modification can be reviewed. Use of a company's confidential information by a competitor such as Oracle is a concrete harm against which courts routinely protect. Courts must exercise caution in pre-litigation discovery devices under circumstances involving direct competitors, as here, in order to limit the potential that discovery directed to non-parties is used for improper purposes. *Ultimate Timing LLC v. Simms*, 2009 WL 1148056, Case No. 3:09-mc-6RLY-WGH, *2 (S.D. Ind. Apr. 28, 2009). Use of CedarCrestone's confidential information against it by Oracle, a competitor, will only serve to harm CedarCrestone's business interests, damage its reputation, and affect its current and prospective client relationships.

Oracle has the audacity to oppose a short stay by arguing that somehow no prejudice will befall CedarCrestone *because Oracle is already in possession of the protected materials*. But the fact that the documents are already improperly in the hands of the party who seeks modification warrants *denial* of modification. *County of Santa Clara v. Astra USA, Inc.*, 2011 WL 2912849, Case No. C 05-03740 WHA, *2 (N.D.Cal. July 20, 2011) (denying modification in part because in *Foltz*, "unlike here, the documents were not improperly in the hands of the moving party to begin with."). Oracle obtained the information by virtue of its position in the *Rimini* Action, unlike any case Oracle has cited in support of modification.

Further, Oracle admits it intends to immediately use the materials to amend its collateral complaint against CedarCrestone, but this is contrary to *Foltz* and Ninth Circuit precedent. Discovery is not even underway in the collateral action, and if it were, Oracle cannot, as a matter of law, determine for itself that it will summarily use the protected materials in the collateral action; rather, that is for the judge in the collateral action to decide. *Foltz*, F.3d at 133 ("Even if the issuing court modifies the protective order, it does not decide whether the collateral litigants will ultimately obtain the discovery materials … The disputes over the ultimate discoverability of specific materials covered by the protective order must be resolved by the collateral courts.").

Thus, Oracle's immediate use of the protected materials by, among other things, improperly expanding the scope of the publicly filed collateral complaint, is contrary to law and would irreparably harm CedarCrestone and its business interests. Oracle will experience minimal harm if a stay is issued, whereas CedarCrestone would suffer irreparable harm were a stay not entered. Accordingly, the balance of hardships therefore tips strongly in favor of CedarCrestone.

Finally, there are serious legal questions at stake in this matter which justify entering a stay pending reconsideration by a District Judge, namely the importance of protecting non-parties from abusive and unlawful discovery techniques. Recognizing the potential for abuse of the policy favoring liberal discovery, the Ninth Circuit has stated that there are "quite strong considerations indicating that discovery would be more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents." *Dart Indus. Co., Inc. v. Westwood Chemical Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980). It is in the public's interest that non-parties to a lawsuit may rely on assurances of the parties inducing the non-party discovery, as well as court orders like protective orders under which the non-party discovery is provided in reliance upon. At a minimum, the public's interest is best served by staying enforcement of an order granting Oracle's Renewed Motion until a District Judge can confirm or deny the propriety of the Magistrate Judge's order in the event she grants modification.

## III. CONCLUSION

To the extent this Court grants Oracle's Renewed Motion, CedarCrestone should be afforded an opportunity to obtain review of any such order before the protected materials are used outside the *Rimini* Action. To allow Oracle to use the protected materials outside the *Rimini* Action before reconsideration obviously would cause direct harm to CedarCrestone whereas a short stay during reconsideration would not be prejudicial to Oracle.

///

///

///

///

///

For the foregoing reasons and arguments, were this Court to grant Oracle's motion for modification of the protective order, this Court should stay enforcement of that order pending reconsideration the District Court Judge.

DATED: October 15, 2012     DUANE MORRIS LLP

By: /s/ Dominica C. Anderson
    Dominica C. Anderson (SBN 2988)
    Ryan A. Loosvelt (SBN 8550)

Attorneys for CedarCrestone, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2012, I served via CM/ECF a true and correct copy of the foregoing **NON-PARTY CEDARCRESTONE, INC.'S REPLY IN SUPPORT OF ALTERNATIVE MOTION FOR STAY** to all parties and counsel as identified on the CM/ECF-generated Notice of Electronic Filing.

*/s/ Jana Dailey*
Jana Dailey
An employee of DUANE MORRIS LLP