DOMINICA C. ANDERSON (SBN 2988)
RYAN A. LOOSVELT (SBN 8550)
**DUANE MORRIS LLP**
100 N. City Parkway, Suite 1560
Las Vegas, NV  89106
Telephone: 702.868.2600
Facsimile:  702.385.6862
Email:  dcanderson@duanemorris.com
        rloosvelt@duanemorris.com

Attorneys for CedarCrestone, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation, ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants.<br><br>AND ALL RELATED COUNTER CLAIMS. | Case No.  2:10-CV-0106-LRH-PAL<br><br>**DECLARATION OF ROBERT T. GILL IN SUPPORT OF NON-PARTY CEDARCRESTONE INC.'S SURREPLY** |

I, Robert T. Gill, hereby declare as follows:

1. I am over the age of eighteen years, am competent to testify in this action, and have personal knowledge of the following facts. I am a partner at Peabody & Arnold LLP and am counsel for CedarCrestone, Inc. ("CedarCrestone"). I make this Declaration in support of non-party CedarCrestone's Surreply to Plaintiffs' renewed Motion to Modify Protective Order.

2. Attached hereto as **Exhibit 1** is a true and correct copy of CedarCrestone's Answer and Counterclaims filed October 10, 2012 in the the action entitled *Oracle America, Inc., Oracle International Corporation, v. CedarCrestone, Inc.*, pending in the United States District Court, Northern District of California, Case No. CV-12-4626.

///

3. Brian Fees, CedarCrestone's Chief Financial Officer, and myself previously signed declarations dated June 14, 2012 [*see* Dckt. Nos. 330, 331] attesting to our review of Oracle's subpoena to CedarCrestone, determination that the subpoena was void and objectionable, and discussing our good faith communications with Oracle concerning the production of CedarCrestone's confidential information to be used only for purposes of the Rimini Action.

4. Oracle never informed CedarCrestone that it was investigating CedarCrestone or that Oracle would want to try to use the CedarCrestone information outside the *Rimini* Action throughout the many months of discussions and communications with Oracle and its representatives leading up to CedarCrestone's good faith production of confidential information. Also, Oracle never informed CedarCrestone that it was investigating it or that Oracle really wanted the CedarCrestone confidential information for use outside of the *Rimini* Action during the months after having received the information, but before it requested the CedarCrestone deposition. Only *after* Oracle had also procured the CedarCrestone testimony did it then inform CedarCrestone that Oracle intended to use the information for purposes other than the *Rimini* Action. Now, in its recent Reply, Oracle states that it was investigating CedarCrestone the whole time but it never told this to CedarCrestone.

5. Oracle was the vastly stronger partner in the prior Oracle-CedarCrestone partnership relationship and knew CedarCrestone was incentivized to maintain the partnership. It was always implicit in the discussions with Oracle that Oracle was asking CedarCrestone to help it against Rimini, a competitor of both Oracle and CedarCrestone, and that the CedarCrestone information would not be used outside the *Rimini* Action. Obviously, had CedarCrestone known Oracle was already investigating CedarCrestone, it would not have agreed to the production and deposition but would have asserted its legal rights, including quashing the void and abusively overbroad subpoena. Instead, CedarCrestone agreed to a good faith production and deposition in reliance on CedarCrestone's assurances, the protections of the Protective Order, and the protections of the Supplemental Stipulation which expressly stated the parties' implicit understanding that disclosure of non-party confidential materials was in need of "special protection from public disclosure and from use for any purpose other than defending against this [Rimini] litigation." [Dckt. No. 386-4].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated October 18, 2012.

                                            /s/ *Robert T. Gill*
                                            Robert T. Gill

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2012, I served via CM/ECF a true and correct copy of the foregoing **DECLARATION OF ROBERT T. GILL IN SUPPORT OF CEDARCRESTONE'S SURREPLY** to all parties and counsel as identified on the CM/ECF-generated Notice of Electronic Filing.

/s/ Jana Dailey
Jana Dailey
An employee of DUANE MORRIS LLP