| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568) | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*) |
| 2 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 | THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*) |
| 3 | Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755 | BREE HANN (*pro hac vice*)<br>Three Embarcadero Center |
| 4 | rpocker@bsfllp.com | San Francisco, CA 94111-4067<br>Telephone: 415.393.2000 |
| 5 | BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*) | Facsimile: 415.393.2286<br>geoff.howard@bingham.com |
| 6 | FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*) | thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com |
| 7 | 1999 Harrison Street, Suite 900<br>Oakland, CA 94612 | bree.hann@bingham.com |
| 8 | Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460 | DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*) |
| 9 | sholtzman@bsfllp.com<br>fnorton@bsfllp.com | JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION |
| 10 | kringgenberg@bsfllp.com | 500 Oracle Parkway<br>M/S 5op7 |
| 11 | | Redwood City, CA 94070 |
| 12 | Attorneys for Plaintiffs Oracle USA, Inc.,<br>Oracle America, Inc., and Oracle International<br>Corp. | Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com |
| 13 | | deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| 19 | ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual<br><br>Defendants. | Case No. 2: 10-cv-0106-LRH-PAL<br><br>**PLAINTIFFS' OBJECTION TO CEDARCRESTONE, INC.'S MOTION FOR LEAVE TO FILE SURREPLY** |

Oracle objects to and opposes CedarCrestone's Motion for Leave to File Surreply ("MLFS"), filed on October 18, 2012 (Dkts. 445 & 447).  The Court should deny CedarCrestone's motion because Oracle's Reply raised no new issues and because the surreply relies on inadmissible evidence.

First, Oracle did not contend in its Reply that "CedarCrestone does not deny it engaged in wrongful conduct."  MLFS, 4:11-13.  That would have made no sense after CedarCrestone represented in its Opposition that it would move to dismiss Oracle's claims.  Dkt. 426, 20:4-8 (contending discovery might never commence "depending on the result of defensive motions filed in response to the NDCA Action's complaint").[1]  Oracle's actual contention in the language CedarCrestone inaccurately paraphrases is, "CedarCrestone never denies that it engaged in the conduct *Oracle asserts constitutes* copyright infringement, breach of contract, and unfair competition in the collateral CedarCrestone Action."  Reply, Dkt. 430, 1:2-6 (emphasis supplied).  This statement is true, and not new.  CedarCrestone admits in its Answer and Counterclaims to the downloading, copying, use, and statements (the "conduct") that Oracle asserts as the bases for its claims.  *See, e.g.*, Dkt. 448-1, ¶¶ 23, 24, 28, 30, 32, 33, and pp. 31:26-35:5.  CedarCrestone denies that its conduct was wrongful, but does not deny that it happened.

Second, Oracle did not "newly admit" in its Reply that it was investigating CedarCrestone, and it is not true that Oracle "never informed CedarCrestone of this crucial fact."  MLFS at 5:12-19 (emphasis in original).  Serving a subpoena is investigating.  Oracle's subpoena detailed precisely the CedarCrestone business practices Oracle sought to investigate.  Dkt. 273-2.  Oracle then told CedarCrestone the nature and purpose of its investigation.  Ex. 1, p. 2 (Letter from Oracle counsel to CedarCrestone counsel, April 5, 2012) ("These eleven foundational requests are all directly relevant to Rimini Street's claims and defenses related to CedarCrestone, third-party support, and software industry practices.").  Only CedarCrestone

---

[1] Despite what it said in its opposition, in fact CedarCrestone did not move to dismiss any of Oracle's claims in the NDCA Action.  It has never disclosed that fact to this Court in at least sixteen pages of briefing filed since it filed its Answer and Counterclaims unaccompanied by any motion.

1

knew, and never informed Oracle, that investigating Rimini Street's claims and defenses would yield evidence of infringement by Oracle's trusted partner.

Third, Oracle does not "newly argue" that it never assured CedarCrestone the Protective Order could not be modified. MLFS, at 6:13-7:1. Rather, CedarCrestone (1) newly concedes that Oracle actually never expressed the "repeated and continuous assurances" alleged throughout CedarCrestone's Opposition, and (2) newly argues that the alleged assurances arose from "the implication of the discussions," and so "the issue is not so cut and dry." *Compare* Opposition at pp. 4, 5, 6, 12, 17, and 20 (assurances), *with* MLFS at 6:13-7:1 (implication).

Fourth, Oracle has not "switched gears" in stating that the examples detailed in its Complaint are "merely illustrative examples of CedarCrestone's business practices generally." MLFS at 8:4-8. Oracle's Complaint identifies examples of CedarCrestone's broader conduct. *See, e.g.*, Complaint, Dkt. 386-2, ¶ 28 (alleging one "example" of CedarCrestone's wrongful conduct "when providing support services to customers"). CedarCrestone even *acknowledges* in its Answer and Counterclaims that Oracle's allegations implicate its general "business practices." *See, e.g.*, Dkt. 448-1, 25:16-21 (discussing the "CedarCrestone business practices" that are "the basis of this lawsuit"), & 34:15-16 ("All of the accused statements are factually true representations of CedarCrestone's business practices.").

Fifth, CedarCrestone misstates the law regarding prejudice. It cites only *County of Santa Clara v. Astra USA, Inc.*, 2011 WL 2912849 (N.D. Cal. July 20, 2011), in purporting to describe an alleged "Ninth Circuit factor" that "the Ninth Circuit has held" to weigh against modification. This unpublished Northern District of California case mentions no such Ninth Circuit factor, and no such Ninth Circuit holding.

Finally, the surreply relies on inadmissible evidence: the declaration of CedarCrestone's outside counsel purporting to swear based on personal knowledge to the relative market power of each party at the time of contracting. Declaration of Robert T. Gill, Dkts. 446 & 448, ¶ 5.

For all of the reasons above, the Court should deny CedarCrestone's motion and disregard its surreply.

PLAINTIFFS' OBJECTION TO MOTION FOR LEAVE TO FILE SURREPLY

1 | DATED: October 23, 2012

BINGHAM McCUTCHEN LLP

By: /s/ Geoffrey M. Howard
Geoffrey M. Howard
Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.