1   BOIES, SCHILLER & FLEXNER LLP
    RICHARD J. POCKER (NV Bar No. 3568)
2   300 South Fourth Street, Suite 800
    Las Vegas, NV 89101
3   Telephone: (702) 382-7300
    Facsimile: (702) 382-2755
4   rpocker@bsfllp.com

5   BOIES, SCHILLER & FLEXNER LLP
    STEVEN C. HOLTZMAN (pro hac vice)
6   FRED NORTON (pro hac vice)
    KIERAN P. RINGGENBERG (pro hac vice)
7   1999 Harrison Street, Suite 900
    Oakland, CA 94612
8   Telephone: (510) 874-1000
    Facsimile: (510) 874-1460
9   sholtzman@bsfllp.com
    fnorton@bsfllp.com
10  kringgenberg@bsfllp.com

11  Attorneys for Plaintiffs Oracle USA, Inc.,
    Oracle America, Inc. and Oracle International
12  Corp.

BINGHAM McCUTCHEN LLP
GEOFFREY M. HOWARD (pro hac vice)
THOMAS S. HIXSON (pro hac vice)
KRISTEN A. PALUMBO (pro hac vice)
BREE HANN (pro hac vice)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com
bree.hann@bingham.com

DORIAN DALEY (pro hac vice)
DEBORAH K. MILLER (pro hac vice)
JAMES C. MAROULIS (pro hac vice)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

13

14

15                    UNITED STATES DISTRICT COURT

16                         DISTRICT OF NEVADA

17
    ORACLE USA, INC., a Colorado corporation;
18  ORACLE AMERICA, INC., a Delaware
    corporation; and ORACLE INTERNATIONAL
19  CORPORATION, a California corporation,

20                    Plaintiffs,
                  v.
21
    RIMINI STREET, INC., a Nevada corporation;
22  SETH RAVIN, an individual,

23                    Defendants.

24  _____

Case No  2:10-cv-0106-LRH-PAL

**REPLY STATEMENT OF
UNDISPUTED FACTS IN SUPPORT
OF ORACLE'S SECOND MOTION
FOR PARTIAL SUMMARY
JUDGMENT (L.R. 56-1)**

_____

Judge:        Hon. Larry R. Hicks

25

26

27

28
    A/75220618 10

Pursuant to Civil Local Rule 56-1, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. (collectively, "Oracle") submit this Reply Statement of Undisputed Facts ("RSUF") in support of their motion for partial summary judgment. The additional "facts" offered by Defendant Rimini Street, Inc. ("Rimini") do not preclude partial summary judgment. Oracle incorporates by reference each of the objections to Rimini's evidence that are set forth in Oracle's separately filed Evidentiary Objections.

## I.   REPLY TO RIMINI'S RESPONSE TO ORACLE'S STATEMENT OF UNDISPUTED FACTS

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| 1. | Oracle International Corporation owns or is the exclusive licensee of all copyrights-in-suit, including the copyrights for the six versions of Oracle's Relational Database Management Software ("Oracle Database") at issue in Oracle's second motion for partial summary judgment. | Undisputed. | |
| 2. | The copyrights for the six versions of Oracle Database at issue in Oracle's second motion for partial summary judgment are all valid. | Undisputed. | |
| 3. | The Oracle License and Service Agreement ("OLSA") permits paying customers to use Oracle Database subject to certain limitations, such as that ██████████████ | Disputed in part.<br><br>Rimini admits that certain Oracle License and Service Agreements ("OLSA") permit customers to use Oracle Database subject to certain | There is **no genuine dispute** as to the material part of this fact.<br><br>████████████████████ |

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ▮▮▮▮▮▮▮ | limitations, such as that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **Declaration of Robert H. Reckers in Support of Rimini Street's Opposition to Oracle's Second Motion for Partial Summary Judgment ("Reckers Decl.") ¶¶ 2-5 & Exs. 1-4 (ORCLRS1313013, ORCLRS1313047, ORCLRS1312961, and ORCLRS1312992).** **Dkt. 236 (Stipulation and Order Concerning Claims Related to Rimini's Use of Oracle Database).** The Parties agreed on March 22, 2012 that "the terms of the [27] Oracle standard form Database licenses" listed in Dkt. 236 "are representative of the licenses Oracle entered into with its customers for use of Oracle database. | ▮▮▮▮▮▮▮▮▮▮▮ |

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | The Parties further agree[d] that, to the extent either Party wishes to invoke the terms of an Oracle Database license, for any purpose in the litigation or at trial, the Parties will substitute the terms of Oracle's standard form Database licenses (which Oracle has produced), for the actual Database license agreements entered into between Oracle and its customers ...."<br><br>ORCLRS1313013, ORCLRS1313047, ORCLRS 131296 1, and ORCLRS 1312992 are among the "Oracle Standard Licenses" listed in Dkt. 236. | |
| 4. | The Developer License allows application developers to use Oracle Database for free "only for the purpose of developing, testing, prototyping and demonstrating your application, and not for any other purpose," and it provides that the developer may not use Oracle Database "for any commercial or production purpose." | **Disputed.**<br><br>The Developer License permits use of Oracle Database for "developing, testing, prototyping and demonstrating your application" and disallows use of Oracle Database for "internal data processing or for any commercial or production purposes, or use the programs for any purpose except the development of your application."<br><br>**Dkt. 407, Declaration of Manu Pradhan In Support of Oracle's** | There is **no genuine dispute** that Exhibits 3-5 accurately reflect the terms of the Developer License. *See* **Dkt. 407 ("Pradhan Decl.") ¶¶ 5-7 & Dkt. 419, Ex. 3 and Dkt. 411, Exs. 4-5.**<br><br>Rimini's "dispute" consists of legal argument concerning what that license authorizes. |

4

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | **Second Motion for Partial Summary Judgment ("Pradhan Decl.") ¶ 7 & Dkt. 411, Plt. Ex. 5 (Developer License).** | |
| 5. | "You" and "your" is defined in the Developer License to mean the individual or entity that wishes to use the programs from Oracle. | **Undisputed.** | |
| 6. | The Developer License provides that the user may not "continue to develop your application" on Oracle Database "after you have used it for any . . . commercial purpose . . . without securing an appropriate license from us, or an Oracle reseller." | **Disputed in part**, as misleading and incomplete.<br><br>Oracle's citation to the Developer's License alters the language from the license agreement.<br><br>The Developer License provides that the user may not "continue to develop your application after you have used [the application] for any internal data processing, commercial or production purpose without securing an appropriate license from us, or an Oracle reseller."<br><br>**Dkt. 407, Pradhan Decl. ¶¶ 5-7 & Dkt. 419, Plt. Ex. 3 (3/09/05 Developer License), Dkt. 411, Plt. Ex. 4 (1/24/08 Developer License), Dkt. 411, Plt. Ex. 5 (1/24/08 Developer License).** | There is **no genuine dispute** that Exhibits 3-5 accurately reflect the terms of the Developer License. *See* **Pradhan Decl. ¶¶ 5-7 & Dkt. 419, Ex. 3 and Dkt. 411, Exs. 4-5.**<br><br>Rimini's "dispute" consists of legal argument concerning what that license authorizes. |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| 7. | The Developer License and the OLSA state that they are "governed by the substantive and procedural laws of California." | Undisputed. | |
| 8. | ████████████████████ | Undisputed. | |
| 9. | ████████████████████ | Undisputed. | |
| 10. | Rimini admits to ████████ | Undisputed. | |
| 11. | The copies ████████ cover five of the six copyrights for Oracle Database at issue in Oracle's second motion for partial summary judgment. | Undisputed. | |
| 12. | Creating a complete copy of installation media also creates a copy of any protected expression present on that installation media. | Undisputed. | |
| 13. | ████████████████████ | Undisputed. | |

6

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ██████████████ | | |
| 14. | In discovery, when asked to identify what license authorized its Oracle Database, ████████████ | **Undisputed.** | |
| 15. | As Rimini Vice President George Lester testified ████████████████ ████████████████ | **Disputed in part**, as misleading and incomplete.<br><br>Rimini admits that, at certain times, ████████████████ ████████████████ ████████████████ ████████████████<br><br>**Dkt. 407, Pradhan Decl. ¶ 9 & Dkt. 419, Plt. Ex. 7 (G. Lester Depo.) at 85:8-11, 14-24.** ████████████████ ████████████████ ████████ | There is **no genuine dispute** as to the material part of this fact.<br><br>Rimini admits ████████████████ ████████████████ ████████████████ ████ Testimony that is speculative on its face and that is not based on personal knowledge does not create a disputed question of fact. ████████████████ ████████<br><br>• ████████████ |

7

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | ███████████████████ | ███████████████████ ███████████████████ **Pradhan Decl. ¶ 27 & Dkt. 419, Ex. 25.** |
| 16. | ███████████████████ | **Undisputed**, that Mr. Lester testified ███ ███████████████████ **Dkt. 407, Pradhan Decl. ¶ 9 & Dkt. 419, Plt. Ex. 7 (G. Lester Depo.) at 83:3-10.** ███████████████████ | There is **no genuine dispute** as to this fact. Rimini does not dispute the content of the witness's testimony. |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | ████████████████████ | |
| 17. | At his deposition, Seth Ravin, Rimini's founder and CEO, recalled having discussed with Mr. ████████ ████████████ | **Disputed.** Mr. Ravin's sole recollection at his deposition was that ████ ████████████ **Dkt. 407, Pradhan Decl. ¶ 18 & Dkt. 419, Plt. Ex. 16 (Ravin Depo.) at 446:12-447:17.** ████████████████ ████████████ ██████████ ████████████ ████████████ ████████ ██████████ | There is **no genuine dispute** as to this fact. Rimini does not dispute the content of the witness's testimony.  Rimini does not dispute any material fact. ████████████████ ████████████ |

9

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | ███████████████████████ | |
| 18. | ████████████████ | Undisputed. | |
| 19. | Rimini admits ████████████ | Undisputed. | |
| 20. | ████████████████ | Undisputed. | |
| 21. | ████████████████ | Undisputed. | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ■■■■■■■■■■ | | |
| 22. | An installed copy of Oracle Database includes copies of substantial portions of the source code and related components of the underlying Oracle Database software. | **Undisputed.** | |
| 23. | ■■■■■■■■■■ | **Undisputed.** | |
| 24. | ■■■■■■■■■■ | **Undisputed.** | |
| 25. | ■■■■■■■■■■ | **Disputed in part**, as overly broad.<br><br>Rimini admits that, at certain times, ■■■■■■■■ | There is **no genuine dispute** as to the material part of this fact.<br><br>Rimini admits ■■■■■■■■ |

11

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | Dkt. 407, Pradhan Decl. ¶ 9 & Dkt. 419, Plt. Ex. 7 (G. Lester Depo.) at 85:8-11, 14-24: ▮▮▮▮▮ | ▮▮▮▮▮ Testimony that is speculative on its face and that is not based on personal knowledge does not create a disputed question of fact. ▮▮▮▮▮  • ▮▮▮▮▮  **Pradhan Decl. ¶ 27 & Dkt. 419, Ex. 25.** |

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| 26. | ███████████ | Undisputed. | |
| 27. | ███████████ | Undisputed. | |
| 28. | ███████████ | Undisputed. | |
| 29. | ███████████ | Disputed.<br><br>███████████<br><br>**Dkt. 407, Pradhan Decl. ¶ 18 & Dkt. 419, Plt. Ex. 16 (Ravin Depo.) at 243:3-6.**<br><br>███████████ | There is **no genuine dispute** as to the material part of this fact.<br><br>Oracle does not dispute that the cited testimony relates to ███████████<br><br>However, Rimini has failed to introduce any evidence that tends to dispute the fact that ███████████ |
| 30. | ███████████ | Disputed in part. | There is **no genuine dispute** as to this |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ███████████████ ████ | Rimini admits ████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br><br>*See, e.g.*, Dkt. 407, Pradhan Decl. ¶ 47 & Dkt. 420, Plt. Ex. 45 (Rimini Street Support Services Agreement at RSI06800798).<br><br>████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████ | fact.<br><br>Rimini quibbles with the word ███████ but then admits that ████████████████ "██████████ ." |
| 31. | ████████████████ ████ | Undisputed. | |
| 32. | ████████████████ ████ | **Disputed in part**, as misleading.<br><br>Rimini admits Mr. Lester testified ████ | There is **no genuine dispute** as to this fact. |

14

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | updates. | ███████████████ ███████████████ ███████████████ ███████████████<br><br>**Dkt. 260, Declaration of Robert H. Reckers In Support of Defendant Rimini Street Inc.'s Opposition to Oracle's [First] Motion for Partial Summary Judgment ("Reckers First Decl.") ¶ 12 & Dkt. 267, Ex. 11 (Slepko Rule 30(b)(6) Depo., Dec. 16, 2011) at 62:5-15.**<br><br>███████████████ ███████████████ ███████████████ ███████████████ ███████████████ | Rimini does not dispute the content of the witness's testimony.  For purposes of this fact, there is no material distinction ████████████████████████.  *See* **Oracle Fact 8.** |
| 33. | ███████████████ | **Disputed in part**, as misleading and incomplete. | There is **no genuine dispute** as to this fact. |

15

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ███████████████ | Ms. Lester testified that ████████████ ███████████<br><br>Dkt. 407, Pradhan Decl. ¶¶ 14 & Dkt. 419, Ex. 12 (B. Lester Rule 30(b)(6) Depo.) at 39:2-6.<br><br>████████████████ | Rimini quibbles with the term ██████ but fails to introduce any evidence tending to dispute Oracle Fact 33. |
| 34. | ████████████████ | Undisputed. | |
| 35. | ███████████ | Undisputed. | |

16

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ████████████████ | | |
| 36. | ████████████████ | **Undisputed.** | |
| 37. | ████████████████ | **Disputed in part.**<br><br>Rimini admits Mr. ██████ ████████ wrote an internal email that is accurately quoted in Oracle's alleged fact.<br><br>████████████████<br><br>*See, supra,* **Rimini's Responses to Oracle's Disputed Facts 4 and 6.** | There is **no genuine dispute** as to this fact.<br><br>Rimini does not dispute the content of the quoted document.  Rimini's response presents a legal argument, rather than facts tending to dispute Oracle Fact 37. |
| 38. | ████████████████ | **Undisputed.** | |
| 39. | ████████████████ | **Disputed in part**, as overly broad. | There is **no genuine dispute** as to this |



| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ███████████ | Rimini admits ███████████ ███████████ ███████████<br><br>**Reckers Decl. ¶ 6 & Ex. 5 (Slepko Depo., Dec. 15, 2011) at 34:5-14.**<br><br>███████████ ███████████ ███████████ ███████████ ███████████<br><br>**Reckers Decl. ¶ 7 & Ex. 6 (Slepko Rule 30(b)(6) Depo., Dec. 16, 2011) at 72:19-22.**<br><br>███████████ | fact.<br><br>The proffered fact is that ███████████ ███████████, which Rimini does not dispute.  Oracle does not contend in Oracle Fact 39 that ███████████. |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | ███████████████████████ ████████████ ██████ ████ | |
| 40. | ████████████████████ ████ | **Disputed.** <br><br> Mr. Lester testified that ███████████ ███████████ <br><br> **Dkt. 407, Pradhan Decl. ¶ 9 & Dkt. 419, Plt. Ex. 7 (G. Lester Depo.) at 114:9-13.** <br><br> ███████████████████ █████████████████████ ███████████████ ██████████ | There is **no genuine dispute** as to this fact. <br><br> Rimini does not dispute the content of the witness's testimony. Moreover, Rimini misleadingly cites a limited excerpt of the testimony Oracle included in its evidence supporting Oracle Fact 40. The broader excerpt that Oracle cited shows that ████████ ████████████████████████ ████████████████████████ ███████████ " **Pradhan Decl. ¶ 9 & Dkt. 419, Ex. 7 at 114:9-18.** |
| 41. | ████████████████████ ████ | **Disputed**, as overly broad. <br><br> Mr. Lester did not ███████ █████████████████████ █████████████████████ ████████████████ | There is **no genuine dispute** as to this fact. <br><br> Rimini does not dispute the content of the witness's testimony. Moreover, the excerpt Rimini cites is misleading because it omits the immediate follow-up exchange in which Oracle asked Mr. |

19

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | Dkt. 407, Pradhan Decl. ¶ 9 & Dkt. 419, Plt. Ex. 7 (G. Lester Depo.) at 114:9-13.<br><br>█████ is ████████████████████ | Lester to confirm that ████████████████████████████████.″<br><br>**Pradhan Decl. ¶ 9 & Dkt. 419, Ex. 7 at 114:9-18.** |
| 42. | ███████████████████████. | **Disputed in part**, as overly broad.<br><br>Rimini admits that it does not own the Oracle source code underlying its updates. Rimini has not further taken a position on its ownership rights in its updates. | There is **no genuine dispute** as to this fact.<br><br>Rimini has failed to introduce any evidence tending to dispute Oracle Fact 42. |
| 43. | ███████████████████████ | **Disputed in part**, as overly broad.<br><br>Rimini admits that Oracle's alleged fact accurately quotes an email from one of Rimini's employees. Rimini further admits that it does not own the Oracle source code underlying its updates. Rimini has not further taken a position on its ownership rights in its updates. | There is **no genuine dispute** as to this fact.<br><br>Rimini has failed to introduce any evidence tending to dispute Oracle Fact 43. |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| 44. | ██████████████ | Undisputed. | |
| 45. | Until late in 2011, Rimini did not provide support for customers on Oracle Database. | ██████ ██████████████ ██████████████ | There is **no genuine dispute** as to this fact.<br><br>Rimini does not dispute the content or accuracy of the press release dated October 3, 2011, which states that Rimini "***today*** announced the expansion of its maintenance and support services to cover Oracle Database products." **Pradhan Decl. ¶ 57 & Dkt. 413, Ex. 55** (emphasis supplied).  Yet, in a September 19, 2011 interrogatory response, Rimini identified the copies of Oracle Database it downloaded, **Pradhan Decl. ¶ 20 & Dkt. 411, Ex. 18 at 8.** **Pradhan Decl. ¶ 22 & Dkt. 419, Ex. 20.**  Rimini presents no evidence that ███████████████ ██████████ |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | | ████████████<br><br>• ████████████████████<br>█████████████████<br>████████████<br>███████. **Pradhan Decl. ¶¶ 46-56, Dkt. 420, Exs. 44-48 & Dkt. 421, Exs. 49-54 (Rimini support agreements).**<br><br>• ████████████████████<br>████████████████████<br>████████████████████<br>████████████████████<br>████████████████████<br>████████████████████<br>██████████. **Pradhan Decl. ¶¶ 46-50, 52, 55-56 & Dkt. 420, Exs. 44-48 and Dkt. 421, Exs.** |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | | 50, 53-54 (Rimini support agreements). |
| 46. | ██████████████ | **Disputed.** The products supported by Rimini ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ **Dkt. 407, Pradhan Decl. ¶¶ 46-56 & Dkt. 420, Plt. Exs. 44-48, Dkt. 421, Plt. Exs. 49-54 (Rimini support agreements).** | There is **no genuine dispute** as to this fact. Rimini does not dispute the content of the cited testimony of its Vice President Of Sales that ████████████ ████████████. *See* **Pradhan Decl. ¶ 37 & Dkt. 420, Ex. 35 (Michael Davichick Depo.) at 219:20-220:7.** ████████████. *See* **Oracle Fact 45; Pradhan Decl. ¶¶ 46-50, 52, 55-56, Dkt. 420 & Exs. 44-48 and Dkt. 421, Exs. 50, 53-54 (Rimini support agreements).** ████████████ |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | | **Pradhan Decl. ¶¶ 51, 53-54 & Dkt. 421, Exs. 49, 51-52 (Rimini support agreements).** |
| 47. | ████████████ | **Disputed.** The products supported by Rimini ████████████ | There is **no genuine dispute** as to this fact. ████████████ *. See* **Oracle Fact 45; Oracle's Response To Rimini Fact 30.** |
| | | ████████████ **Dkt. 407, Pradhan Decl. ¶¶ 46-56 & Dkt. 420, Plt. Exs. 44-48, Dkt. 421, Plt. Exs. 49- 54 (Rimini support** | |

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | agreements). | |
| 48. |  | **Disputed.** Since 2009, Rimini ▮▮▮▮▮▮▮▮▮ **Dkt. 407, Pradhan Decl. ¶ 9 & Dkt. 419, Plt. Ex. 7 (G. Lester Depo.) at 85:8-11, 14-24.** | There is **no genuine dispute** as to this fact. ▮▮▮▮▮ Rimini is bound by its responses to Interrogatories 17 & 18. *See* Fed. R. Civ. P. 37(c)(1); *see, e.g., Spellbound Development Group, Inc. v. Pacific Handy Cutter*, 2011 WL 5554312 at *6 (C.D. Cal. Nov. 14, 2011) (non-moving party "bound by its interrogatories as of the date [movants] filed their summary judgment motion"). *See also* **Oracle Fact 10** ▮▮▮▮; **Oracle Fact 19** ▮▮▮▮ ▮▮▮▮ Testimony that is |

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | | speculative on its face and that is not based on personal knowledge does not create a disputed question of fact. *See also* **Oracle Facts 15, 21.** |
| 49. | ██████████████ | Undisputed. | |
| 50. | ██████████████ | Undisputed. | |
| 51. | ██████████████ | Undisputed. | |
| 52. | ██████████████ | Undisputed. | |
| 53. | ██████████████ | Undisputed. | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ▮▮▮▮▮▮ | | |
| 54. | ▮▮▮▮▮▮▮▮▮▮ | Undisputed. | |
| 55. | ▮▮▮▮▮▮▮▮▮▮ | Undisputed. | |
| 56. | ▮▮▮▮▮▮▮▮▮▮ | Undisputed. | |
| 57. | Oracle brought this action on January 25, 2010. | Undisputed. | |
| 58. | Citing the three-year limitations period set forth at 17 U.S.C. § 507(b), Rimini asserts that all of Oracle's copyright claims are untimely "with respect to acts that occurred prior to January 25, 2007." | Undisputed. | |
| 59. | Oracle served Rimini an interrogatory requesting that Rimini "[i]dentify all facts that support" Rimini's statute of limitations defense. | Undisputed. | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| 60. | Rimini's response to that interrogatory identifies no specific evidence, but instead states generally that "Oracle had or should have had knowledge that Rimini was in business and competing with Oracle, that it was accessing and downloading materials from Oracle's systems on behalf of its clients, that it was receiving delivery of Oracle software, and that it was software support services, including updates and patches. | **Disputed.**<br><br>Rimini's response to Oracle's interrogatory identified specific evidence. For example, Rimini's response stated that, "Siebel sent a letter to Rimini on September 26, 2005 indicating that it knew of Rimini's activities, and Rimini replied by letter of October 5, 2005 discussing its access to Siebel's systems, its provision of support services and updates, and its competitive status with Siebel. Similarly, in June 2007, Rimini Street wrote Oracle stating that Rimini Street believed Oracle's actions were anti-competitive and constituted a breach of its license agreements with its clients."<br><br>**Dkt. 407, Pradhan Decl. ¶ 58 & Dkt. 413, Plt. Ex. 56 (Rimini's Responses to Oracle's 8th Set of Interrogatories) at 9.**<br><br>**See Dkt. 407, Pradhan Decl. ¶¶ 59-60 & Dkt. 421, Plt. Ex. 57 (Sept. 26, 2005 Letter from S. Gattey to S. Ravin), Plt. Ex. 58 (Oct. 6, 2005 Letter from P. Byrne to S. Gattey).** | There is **no genuine dispute** as to this fact.<br><br>Rimini cites two documents dating from before January 25, 2007 in its interrogatory response that Oracle expressly addresses in its motion. |

28

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| 61. | Rimini launched its business in September 2005, focusing initially on offering support for Siebel products, which it later expanded to include J.D. Edwards and PeopleSoft products. | Undisputed. | |
| 62. | ██████████████████████ ██████████████████████ | Undisputed. | |
| 63. | ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ | **Disputed**, as misleading and incomplete.<br><br>Rimini admits the quoted language appears in Rimini's letter. ████████ ████████████████<br><br>**Dkt. 407, Pradhan Decl. ¶ 60 & Dkt. 421, Plt. Ex. 58 (Oct. 6, 2005 Letter from P. Byrne to S. Gattey) at RSI03232064.**<br><br>██████████████████████ ██████████████████████ | There is **no genuine dispute** as to this fact.<br><br>Rimini admits that ████████ ████████████████. Oracle Fact 63 does not contend that this was the entirety of the letter, which is what Rimini purports to dispute. |

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | | |
| 64. | Rimini contends in this litigation that the actions it took to support its customers were authorized by its customers' license agreements with Oracle. | **Undisputed.** | |
| 65. | ██████████████ | **Undisputed.** | |
| 66. | ██████████████ | **Disputed in part.**<br><br>Rimini admits that its 2005 letter ████████<br><br>████████ | There is **no genuine dispute** as to this fact.<br><br>Rimini's October 2005 letter does not mention ████<br><br>████████<br><br>Rimini's Answer is not admissible against Oracle to prove its truth.  Fed. R. |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| . | | ██████████████████<br><br>**Dkt. 407, Pradhan Decl. ¶ 60 & Dkt. 421, Plt. Ex. 58 (Oct. 6, 2005 Letter from P. Byrne to S. Gattey) at RSI03232064.**<br><br>████████████████<br><br>████████████████<br><br>*See, e.g.,* **Dkt. 30 (Defendant Rimini Street Inc.'s Answer and Counterclaims) at ¶¶ 5-6); Dkt. 407, Pradhan Decl. ¶ 103 & Dkt. 415, Plt. Ex. 96 (Rimini's Answer to Oracle's Second Amended Complaint and First Amended Counterclaim) at ¶¶ 5-6**<br><br>"5. With respect to Oracle's complaint | Evid. 802.  To the extent Rimini intends the citation to Rimini's answer to be evidence of a disclosure to Oracle, it is irrelevant to the statute of limitations and laches defenses because it post-dates the filing of the complaint.<br><br>Oracle incorporates its prior objections to the Declaration of Brooks L. Hilliard. **Dkt. 286 at 11-16 (objections to ¶¶ 11, 12, nn. 1-2).** |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | about Rimini Street possessing copies of Oracle customer licensed software, Oracle customers authorize Rimini Street to possess and use such copies. Not only is possessing and using the copies legal, it is an industry standard for third party vendors like IBM, AT&T, Accenture, CedarCrestone, and countless others who work with the same Oracle customer licensed software. Oracle is well aware of Rimini Street's authorized possession and usage of customer licensed software because Oracle itself delivered the software to Rimini Street for hundreds of its customers.<br><br>6. Oracle is fully aware of Rimini Street's processes and procedures. If Oracle had genuine concerns about Rimini Street's use of its intellectual property, Oracle could have accepted Rimini Street's numerous offers since September 2005 to openly and transparently review and discuss Rimini Street processes and procedures, or Oracle could have even accepted Rimini Street's invitation to review internal materials and Rimini Street's invitation to have a third-party independent auditor review Rimini Street's compliance with | |

32

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | its processes and procedures." **Dkt 270, Declaration of Brooks L. Hilliard in Support of Rimini's Opposition to Oracle's [First] Motion for Partial Summary Judgment ("Hilliard Decl.") at ¶¶ 11-12.** "11. Enterprise software support – whether done by the developers of the software, licensees of the software, or consultants engaged by the licensees requires the creation of multiple nonproduction copies of the software applications being supported. ▮▮▮▮▮▮▮▮ ... As reflected by these documents, the maintenance of non-production software copies (e.g., for development, testing, archival, disaster recovery, troubleshooting and other support purposes) is the normal and customary practice in the industry and, in my experience of reviewing hundreds of enterprise software licenses, there are seldom (if ever) any contractual limits on | |

33

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | the number of nonproduction copies that licensees can maintain . . . .<br><br>12. When engaged, consultants likewise create and rely on non-production copies of the software to provide services in connection with the licensees' use of the software. For example, development of custom modifications to prior code has historically occurred on computers maintained by the consultants with development occurring both in, and outside of, the United States. The motivation to have this work performed offsite (for purposes of convenience and cost, among others) remains similar today as when it first began in the early 1990s. In particular, the normal and customary way that a professional software development organization (such as a consulting organization) modifies and updates a customer's software is to create non-production copies of the software on the consultant's computer systems, such that the non-production versions of the software can be maintained and modified as needed. Oracle acknowledges that companies often 'copy production data into staging or test environments to allow in-house | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | developers or offshore testers to perform application development and application testing.' Ex. 27 (ORCLRS0811866-72) at ORCLRS0811870. Oracle's website explains that it is 'normal' for a single production instance of Oracle ERP software 'to have ten or more corresponding test or development instance copies for use by several different teams of developers or departments.' In fact, Oracle provides its licensees tools to facilitate remote development work." | |
| 67. | ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████ | **Disputed in part.**<br><br>Rimini admits ███████████ ███████████████████████ ███████████████████████ ███████████████ | There is **no genuine dispute** as to this fact.<br><br>Rimini has not provided any evidence to the contrary or any explanation for why it ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ ███████████████. **Dkt. 260, Reckers Decl. ¶ 16 & Dkt. 267, Ex. 15 (Oracle's First Amended Response to Rimini's Interrogatory No. 26), at 7; Pradhan Decl. ¶ 63 & Ex.** |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | | 61 (Oracle Depo. Ex. 458); Dkt. 269 (Rimini's Statement of Facts in Support of Rimini's Opposition to Oracle's [First] Motion for Partial Summary Judgment and Response to Oracle's Alleged Facts) at 3, No. 10. |
| 68. | ▮▮▮▮▮▮ | Undisputed. | |
| 69. | ▮▮▮▮▮▮ | Undisputed. | |
| 70. | ▮▮▮▮▮▮ | Disputed in part.<br><br>Rimini admits that ▮▮▮▮▮ | There is **no genuine dispute** as to this fact.<br><br>Rimini does not present any evidence that ▮▮▮▮▮ |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| ██ | ██████ | ██████ ███████████████ ███████████████ ███████████████ ███████████████ ██████████ **Dkt. 260, Reckers First Decl. ¶ 9 & Dkt. 267, Plt. Ex. 8 (G. Lester Depo.) at 136:12-18.** ██████████████ ██████████████ ██████████████ ██████████ **Dkt. 239, Declaration of Thom O'Neill in Support of Oracle's [First] Motion for Partial Summary Judgment ("O'Neill Decl.") ¶ 3 & Dkt. 248, Plt. Ex. 10 (City of Flint License) at §§ 1.2.b, c.** | ████████████████ █████ |

37

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | ██████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ | |
| 71. | ██████████████████ ██████████████████ ██████████████ ██████████████ | **Undisputed.** | |
| 72. | ██████████████████ ██████████████████ ██████████████ | **Disputed in part.**<br><br>Rimini admits ████████ ████████████ | There is **no genuine dispute** as to the material part of this fact.<br><br>Rimini does not dispute that ██████ ████████████████ |

38

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ■■■■ | ■■■■ ■■■■■■ | ■■■■■■ ■■■■■■ |
| 73. | Rimini alleged in a pleading filed in this Court that as late as March 2009 and March 29, 2010, when Rimini employees allegedly made defamatory statements, Oracle had "no basis to believe in ... [the] illegality of Rimini Street's business practices." | **Undisputed.** | |
| 74. | Rimini told its customers that ■■■■ | **Disputed in part**, as overly broad.<br><br>The statement in Oracle's alleged fact is accurately quoted, but there is no evidence this statement was sent to more than one customer. | There is **no genuine dispute** as to this fact.<br><br>Rimini has testified that ■■■■<br><br>**Dkt. 303, Ringgenberg Decl. ¶ 13 & Dkt. 316, Ex. 12 (Maddock Depo.) at 59:15-23:** |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | |  |
| 75. | In a pleading filed on June 16, 2011, Rimini asserted that "clients' Oracle Software and Support Materials are not physically co-mingled together" and that a central "'library' of Oracle's intellectual property 'to support its present and prospective customers'" has "never existed at Rimini Street." | **Disputed in part.**<br><br>Rimini admits that its pleading dated June 16, 2011 states that each of its clients "has a unique data 'silo' for storing clients' Oracle Software and Support Material" such that the materials "are not physically co-mingled together." These statements are true.<br><br>Rimini, however, disputes that it has ever claimed to have silo-ed all Oracle software ever in its possession, as Oracle's out-of-context quotations suggests. In reality, the alleged "library" denial Oracle purports to quote was directed to a specific allegation in Oracle's complaint, namely that Rimini improperly accessed Oracle's website to download support materials so as "to stockpile a library to support its present | There is **no genuine dispute** as to this fact.<br><br>Rimini admits it made these statements in its Answer.  It simply disputes whether it has alleged in other places that it keeps all of its software and support materials segregated by customer. |

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | and prospective customers." Dkt. 146 at 60. Rimini truthfully denied this allegation, and the evidence indeed establishes that Rimini has not maintained the alleged central library of downloaded Oracle support material.<br><br>**Reckers Decl. ¶ 7 & Ex. 6 (Slepko Rule 30(b)(6) Depo., Dec. 16, 2011) at 39:6-20.**<br><br>██████████████ | |

41

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| 76. | Only after discovery revealed the falsity of this assertion did Rimini concede that it did co-mingle different customer software together and that it did use such a "library of Oracle's intellectual property" for years at Rimini. | **Disputed.**<br><br>As set forth by Rimini's response to Oracle's previous alleged fact, Rimini's assertions were not false. Further, while Rimini admits that it stored Oracle software (here, installation media) obtained on behalf of different clients in the same folder, "the reality is that this folder ... was organized by software release so Rimini personnel could easily determine which clients were entitled to the stored media."<br><br>*See* **Dkt. 336, Defendants' Opposition to Oracle's Motion for Evidentiary Sanctions for Spoliation [Redacted] at 4-5.**<br><br>"[T]his folder ... was organized by software release so Rimini personnel could easily determine which clients were entitled to the stored media." | There is **no genuine dispute** as to this fact.<br><br>Whether Rimini's software library was well-organized or not is beside the point made in Oracle Fact 76.  Rimini has admitted that the software for different customers was commingled and that software obtained from one customer was available for use by other customers. *See* **Dkt. 303, Ringgenberg Decl. ¶¶ 14, 17 & Dkt. 316, Ex. 16 (Williams Depo., Oct. 5, 2011) at 26:9-14, 29:20-30:3 & Ex. 14 (Slepko Depo., Dec. 16, 2011) at 26:11-15 (** ███████████████ **.** |
| 77. | *Alleged Defamatory Statement 1:* ████████████████████████ | **Undisputed.** | |

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ██████████████ | | |
| 78. | As to Alleged Defamatory Statement 1, Rimini does not know who made the alleged "insinuation" to Pat Phelan of Gartner Research. | **Undisputed** that Rimini has not identified, by name, the individual that made Alleged Defamatory Statement 1.<br><br>As noted in Rimini Street's Opposition to Oracle's Second Motion for Partial Summary Judgment, after conducting discovery, Rimini elected not to pursue its defamation claims as to Alleged Defamatory Statement 1. | There is **no genuine dispute** as to this fact.<br><br>Rimini has failed to introduce any evidence tending to dispute Oracle Fact 78. |
| 79. | In discovery, Oracle asked Rimini to identify the actual contents of the alleged defamatory statement to Ms. Phelan and to identify the Oracle employee who allegedly made the statement. Rimini's May 18 2011 supplemental response to that interrogatory, which Rimini admits contains all "the information it currently has," identifies no speaker or statement. | **Undisputed.** | |
| 80. | Rimini sought no documents, deposition testimony or any other discovery from Ms. Phelan or Gartner Research. | **Undisputed** that Rimini did not seek formal discovery from Ms. Phelan or Gartner Research. | There is **no genuine dispute** as to this fact.<br><br>Rimini has failed to introduce any evidence tending to dispute Oracle Fact 80. |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| 81. | Rimini neither asked any Oracle witness at deposition nor served Oracle with any written discovery about Alleged Defamatory Statement 1, including as to (a) any specific statement to Ms. Phelan about Rimini or (b) the identity or state of mind of the Oracle employee who made the alleged "insinuation" about Rimini to Ms. Phelan. | **Disputed in part.**<br><br>Rimini admits that it did not seek formal discovery specifically related to Alleged Defamatory Statement 1.<br><br>However, Rimini took formal discovery, both written and through depositions, regarding statements made by Oracle to industry analysts.<br><br>**Dkt. 407, Pradhan Decl. ¶ 81 & Dkt. 422, Plt. Ex. 73 (Jones Depo.) at 64:1–65:6, 72:12-76:1, 83:12-85:19, 106:5-19** (discussing statements made by Oracle to industry analysts).<br><br>**Reckers Decl. ¶ 8 & Ex. 7 (Defendant Rimini Street Inc.'s Second Set of Requests for Production of Documents to Plaintiffs (No. 1-88)).**<br><br>"Request No. 2: All documents relating to any statement, communication, or correspondence made, generated, or authorized by Oracle that refers or relates to the Defendants, the Defendants' products or services, or this lawsuit, including, without limitation, any speeches, interviews, press releases, or | There is **no genuine dispute** as to the material part of this fact.<br><br>Rimini admits it did not seek formal discovery regarding Alleged Defamatory Statement 1.<br><br>The deposition testimony of Juan Jones and the broad request for production that Rimini cites are **immaterial.** Neither tends to dispute Oracle Fact 81.<br><br>The cited deposition testimony of Juan Jones does not relate to the speaker or contents of Alleged Defamatory Statement 1 or any communication between any Oracle employee and any analyst regarding Rimini. *See* **Oracle Fact 82,** below, which is undisputed by Rimini.<br><br>The broad document request Rimini cites does not refer to Alleged Defamatory Statement 1 or Ms. Phelan. |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | publications made by Oracle to members of the media, analysts, an Oracle customer, a potential Oracle customer, or a Rimini Street client." | |
| 82. | Rimini contends that it "inquired into analyst conversations and ... derogatory comments regarding Rimini" at the deposition of Oracle employee Juan Jones, citing Mr. Jones' deposition transcript at 64:1-65:6, 72:12-76:1, 83:12-85:19, 106:5- 19. The testimony Rimini cites does not relate to the speaker or contents of Alleged Defamatory Statement 1 or any communication between any Oracle employee and any analyst regarding Rimini. | **Undisputed.** | |
| 83. | *Alleged Defamatory Statement 2:* ████████████████████████ | **Undisputed.** | |

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ████████████████ | | |
| 84. | Ms. Hellinger believed her statement that Rimini had engaged in "massive theft" of Oracle's intellectual property to be true and had no doubt as to its truthfulness. | **Disputed.**<br><br>As Oracle's Senior Director of Corporate Communications **(Dkt. 409, Declaration of Deborah Hellinger In Support Of Oracle's Second Motion for Partial Summary Judgment ("Hellinger Decl.") ¶¶ 1-2)**, Ms. Hellinger speaks for Oracle as an agent of the company. As set forth by the below-cited evidence, Oracle knew or should have known that its "massive theft" statements were false, given:<br><br>Oracle knew that every Rimini client is licensed by Oracle to the software products supported by Rimini. *See, infra,* **Rimini's Statement of Facts Supporting Its Opposition ("SOF") 38;**<br><br>Oracle knew that it is common industry practice for third party vendors to | There is **no genuine dispute** as to this fact.<br><br>The "facts" and "evidence" Rimini presents, even if true, are insufficient to create a genuine dispute of fact material to Ms. Hellinger's state of mind. Moreover, Rimini's response presents a legal argument, rather than facts tending to dispute Oracle Fact 84.<br><br>In a defamation action, only the speaking employee's state of mind matters. Individual employees who make statements do not get judged according to what the entire corporation knows. *See Holbrook v. Harman Auto., Inc.,* 58 F.3d 222, 225-26 (6th Cir. 1995); *Speer v. Ottoway Newspapers, Inc.,* 828 F.2d 475, 478 (8th Cir. 1987); *DePinto v. Sherwin-Williams Co.,* 776 F. Supp. 2d 796, 805 (N.D. Ill. 2011); *N.Y. Times v. Sullivan,* |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | possess and work with copies of their clients' licensed software products. *See, infra,* **SOF 10**; and<br><br>Oracle worked closely with Rimini Street personnel and knowingly sent hundreds of copies of Oracle software to Rimini over the years. *See, infra,* **SOF 22-23**. | 376 U.S. 254, 287 (1964); 1 Sack on Defamation (4d ed. 2012) § 5.5.2[E], at 5-109. Rimini presents no evidence that Ms. Hellinger knew of the "facts" on which it relies. Thus, Rimini cannot use those "facts" to contradict Ms. Hellinger's sworn testimony that she believed her statement that Rimini had engaged in "massive theft" of Oracle's intellectual property to be true and had no doubt as to its truthfulness.<br><br>*See* **Oracle's Response to Rimini Facts 10, 22-23 and 38**, below, for Oracle's specific response to Rimini's statements of "fact" that (1) "Oracle knew that every Rimini client is licensed by Oracle to the software products supported by Rimini, (2) "Oracle knew that it is common industry practice for third party vendors to possess and work with copies of their clients' licensed software products," and (3) "Oracle worked closely with Rimini Street personnel and knowingly sent hundreds of copies of Oracle software to Rimini over the years." |
| 85. | Rimini neither deposed Ms. Hellinger nor designated her as an Oracle custodian whose documents should be produced in | **Undisputed.** | |

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
|  | this case. |  |  |
| 86. | Rimini did not propound any written discovery, or ask any witness at deposition, about Ms. Hellinger's statements to the press. | **Disputed in part.**<br><br>Rimini admits it did not seek discovery specifically directed to Ms. Hellinger's statements to the press.<br><br>However, Rimini propounded discovery regarding defamatory statements that Oracle representatives made to third parties, including the press.<br><br>**Reckers Decl. ¶ 8 & Ex. 7 (Defendant Rimini Street Inc.'s Second Set of Requests for Production of Documents to Plaintiffs (No. 1-88)).**<br><br>"Request No. 2: All documents relating to any statement, communication, or correspondence made, generated, or authorized by Oracle that refers or relates to the Defendants, the Defendants' products or services, or this lawsuit, including, without limitation, any speeches, interviews, press releases, or publications made by Oracle to members of the media, analysts, an Oracle customer, a potential Oracle customer, or a Rimini Street client." | There is **no genuine dispute** as to this fact.<br><br>Rimini admits it did not ask any witness at deposition, or propound any written discovery, specifically directed to Ms. Hellinger's statements to the press.<br><br>The broad request for production that Rimini cites is immaterial.  It does not refer to Ms. Hellinger or her statements to the press.  It therefore does not tend to dispute Oracle Fact 86. |

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| 87. | *Alleged Defamatory Statement 3:* <br><br> ███████████ | Undisputed. | |
| 88. | With respect to Alleged Defamatory Statement 3, Rimini bases its defamation claim solely on the quote from Oracle's complaint that appears in the *InformationWeek* article that Mr. McLeod forwarded to Ms. Fogarty. | **Disputed.** <br><br> The false and defamatory statements in Mr. McLeod's email were not solely limited to quotes from Oracle's Complaint. <br><br> **Dkt. 410, Declaration of James McLeod In Support of Oracle's** | There is **no genuine dispute** as to this fact. <br><br> Rimini attempts to raise a dispute as to this fact by expanding the basis for its defamation claim beyond what it disclosed in discovery (a single statement in the forwarded *InformationWeek* article which quotes from Oracle's complaint). |

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | **Second Motion For Partial Summary Judgment ("McLeod Decl.") ¶¶ 2, 4 & Dkt. 422, Plt. Ex. 74 (ORCLRS0587677-78).**<br><br>Title: "Oracle Sues Rimini Street for 'Massive Theft'"<br><br>"Rimini's heavily discounted support offerings for Siebel, JD Edwards, and PeopleSoft apps are illegal, Oracle claims in court documents."<br><br>"*InformationWeek* has learned that the software maker on Monday filed a lawsuit against Ravin's Rimini Street, Inc. for allegedly swiping Oracle software and intellectual property so it can provide cut-rate, third-party support to Oracle."<br><br>"Oracle said Rimini Street is using ill-gotten materials to provide such services."<br><br>"In its suit against Rimini Street, Oracle alleges that Ravin is committing the same alleged breaches under a new shingle." | *See* **Pradhan Decl. ¶ 76 & Dkt. 421, Ex. 68 (Rimini's First Supp. Response to Interrogatory 16).** Pursuant to Federal Rule of Civil Procedure 37(c)(2). Rimini cannot defeat summary judgment with these newly-identified statements. *See* **Objections to Evidence Submitted In Support of Defendants' Opposition to Oracle's Second Motion for Partial Summary Judgment at 1.**<br><br>Even if the Court were to consider the newly identified statements, each accurately paraphrases the allegations in Oracle's complaint and thus they are not, "false and defamatory." Rimini makes no attempt to demonstrate the false or defamatory nature of any of the new statements. Each is quoted below, followed by a citation to the paragraphs of Oracle's complaint that demonstrate the statement's substantial truth:<br><br>• "Title:  Oracle Sues Rimini Street for 'Massive Theft'." *See* **Dkt. 1 (Complaint) ¶ 5.**<br><br>• "Rimini's heavily discounted support offerings for Siebel, JD Edwards, and PeopleSoft apps are illegal, Oracle claims in court documents." *See id.* |

50

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
|  |  | "Oracle claimed Rimini uses automated bots to scour its Web site and download the materials after obtaining passwords from Oracle customers."<br><br>"It also accused Rimini Street of possessing illegal copies of Oracle enterprise applications." | **¶¶ 5, 8, 14.**<br><br>• "*Information Week* has learned that the software maker on Monday filed a lawsuit against Ravin's Rimini Street, Inc. for allegedly swiping Oracle software and intellectual property so it can provide cut-rate, third-party support to Oracle." *See id.* **¶¶ 5, 8, 14, 35-46.**<br><br>• "Oracle said Rimini Street is using ill-gotten materials to provide such services." *See id.* **¶¶ 14, 35-46.**<br><br>• "In its suit against Rimini Street, Oracle alleges that Ravin is committing the same alleged breaches under a new shingle." *See id.* **¶¶ 9-14.**<br><br>• "Oracle claimed Rimini uses automated bots to scour its Web site and download the materials after obtaining passwords from Oracle customers." *See id.* **¶¶ 5-6, 8-9.**<br><br>• "It also accused Rimini Street of possessing illegal copies of Oracle |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | | enterprise applications." *See id.* ¶ 9. |
| 89. | Oracle said in its Complaint filed in this Court on January 25, 2010 that "[t]his case is about massive theft of Oracle's software and related support materials through an illegal business model ...." | **Undisputed.** | |
| 90. | Mr. McLeod believed the *Information Week* article he forwarded to Ms. Fogarty truthfully reported the contents of Oracle's complaint in this case and he had no doubts that it did so. | **Disputed.**<br><br>As Oracle's Regional Services Sales Manager **(Dkt. 410, McLeod Decl. ¶¶ 1-2)**, Mr. McLeod speaks for Oracle as an agent of the company. As set forth by the below-cited evidence, Oracle knew or should have known that its "massive theft" and "illegal business model" statements were false, given:<br><br>Oracle knew that every Rimini client is licensed by Oracle to the software products supported by Rimini. *See, infra,* **SOF 38**;<br><br>Oracle knew that it is common industry practice for third party vendors to possess and work with copies of their clients' licensed software products. *See, infra,* **SOF 10**; and<br><br>Oracle worked closely with Rimini Street | There is **no genuine dispute** as to this fact.<br><br>The "evidence" Rimini presents, even if true, is insufficient to create a genuine dispute of fact material to Mr. McLeod's state of mind. Moreover, Rimini's response presents a legal argument, rather than facts tending to dispute Oracle Fact 90.<br><br>In a defamation action, only the speaking employee's state of mind matters. Individual employees who make statements do not get judged according to what the entire corporation knows. *See Holbrook v. Harman Auto., Inc.*, 58 F.3d 222, 225-26 (6th Cir. 1995); *Speer v. Ottoway Newspapers, Inc.*, 828 F.2d 475, 478 (8th Cir. 1987); *DePinto v. Sherwin-Williams Co.*, 776 F. Supp. 2d 796, 805 (N.D. Ill. 2011); *N.Y. Times v. Sullivan*, 376 U.S. 254, 287 (1964); 1 Sack on |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
|  |  | personnel and knowingly sent hundreds of copies of Oracle software to Rimini over the years. *See, infra*, SOF 22-23. | Defamation (4d ed. 2012) § 5.5.2[E], at 5-109.  Rimini presents no evidence that Mr. McLeod knew of the "facts" on which it relies.  Therefore, Rimini cannot use those "facts" to contradict Mr. McLeod's sworn testimony that he believed the *InformationWeek* article he forwarded truthfully reported the contents of Oracle's complaint in this case and had no doubts that it did so.<br><br>Even if imputation applies, and assuming Rimini's "facts" are true, those "facts" – *i.e.*, that Rimini's customers have licenses, that Oracle partners "possess and work with copies of their client's licensed software products" and that Oracle sent Rimini "hundreds of copies of Oracle software" – have nothing to do with whether the *Information Week* article Mr. McLeod forwarded accurately reported Oracle's allegations in this lawsuit.  Thus, they are irrelevant to Mr. McLeod's belief that the article did so.<br><br>*See* **Oracle's Response to Rimini Facts 10, 22-23 and 38**, below, for Oracle's specific response to Rimini's statements of "fact" that (1) "Oracle knew that every Rimini client is licensed by Oracle to the software products supported by Rimini, |

53

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | | (2) "Oracle knew that it is common industry practice for third party vendors to possess and work with copies of their clients' licensed software products," and (3) "Oracle worked closely with Rimini Street personnel and knowingly sent hundreds of copies of Oracle software to Rimini over the years." |
| 91. | Rimini did not depose Mr. McLeod or Ms. Fogarty in this case. | **Undisputed.** | |
| 92. | Rimini did not propound any written discovery, or ask any witness at deposition, about Mr. McLeod's email to Ms. Fogarty. | **Disputed.**<br><br>Oracle produced Mr. McLeod's email in response to Rimini's written discovery requests.<br><br>**Dkt. 410, McLeod Decl. ¶¶ 2, 4 & Dkt. 422, Plt. Ex. 74 (ORCLRS0587677-78).**<br><br>**Reckers Decl. ¶ 8 & Ex. 7 (Defendant Rimini Street Inc.'s Second Set of Requests for Production of Documents to Plaintiffs (No. 1-88)).**<br><br>"Request No. 2: All documents relating to any statement, communication, or correspondence made, generated, or authorized by Oracle that refers or relates to the Defendants, the Defendants' | There is **no genuine dispute** as to this fact.<br><br>That Oracle produced Mr. McLeod's email in response to Rimini's written discovery does not demonstrate that Rimini propounded written discovery, or asked any witness at deposition, about that email.<br><br>Rimini cites no questions that it asked at deposition that tend to dispute Oracle Fact 92. The broad requests for production that Rimini cites are immaterial. They do not refer to Mr. McLeod or his email to Ms. Fogarty. They therefore do not tend to dispute Oracle Fact 92. |

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | products or services, or this lawsuit, including, without limitation, any speeches, interviews, press releases, or publications made by Oracle to members of the media, analysts, an Oracle customer, a potential Oracle customer, or a Rimini Street client." "Request No. 63: All documents relating to communications to or from any former, current or prospective customer of either Oracle or Defendants that refers or relates to Rimini Street's products or services." | |
| 93. | Rimini frequently makes public comments – including statements to the press – about the legality of third-party support and its own conduct. | **Disputed.** At best, Rimini makes infrequent public comments and statements to the press regarding the legality of third-party support and Rimini's own conduct. For example, in support of this alleged fact, Oracle cites to eight (8) comments by Rimini spanning roughly seven (7) years. Further, many of the comments cited by Oracle do not touch on the legality of third-party support or Rimini's conduct. | There is **no genuine dispute** as to this fact. Rimini admits that it made public comments and statements to the press regarding the legality of third-party support and Rimini's own conduct. Rimini takes issue with whether its comments were "frequent." The evidence demonstrates that the frequency of Rimini's comments is more than sufficient for purposes of the argument for which this fact is offered. ***See*** **Oracle Reply Brief at p. 15.** Rimini's statements to the press that |

55

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | **Dkt. 418, Statement of Alleged Facts In Support Of Oracle's Second Motion For Partial Summary Judgment (L.R. 56-1) ("Oracle SUF") at 74-75 (Oracle's Alleged Facts 93-101 & Dkt. 414, Plt. Exs. 78, 80-85, Dkt. 422, Plt. Ex. 79 cited therein).** <br><br> **Dkt. 407, Pradhan Decl. ¶¶ 85, 87-92 & Dkt. 414, Plt. Exs. 78, 80-85; Dkt. 407, Pradhan Decl. ¶ 86 & Dkt. 422, Plt. Ex. 79** (Oracle has identified five articles, one email, one press release, and one interview, between March 5, 2005 and January 11, 2011, many of which do not discuss the legality of third-party support or Rimini's conduct, as discussed *infra*). | Oracle submitted on summary judgment (*see* Oracle Facts 94-101; Dkt. 414, Exs. 78-83) were only examples.  In response to Rimini's opposition arguments, Oracle submits additional evidence of Rimini's comments about the *Oracle v. SAP* lawsuit and its proper outcome, the legal issues that lawsuit raised about third-party support, what third party providers may legally do, and the legality of Rimini's own conduct. *See* **Declaration of Kevin Papay In Support Of Oracle's Second Motion For Partial Summary Judgment ("Papay Decl.") ¶¶ 2-5, 7-10 & Exs. A-D, F-I** (relevant excerpts highlighted). |
| 94. | A March 5, 2005 Wall Street Journal article by David Bank entitled "Oracle Will Face New Competitor For Siebel Users" attributes a statement to Seth Ravin about the legality of software modification and third-party support under the terms of Siebel license. | **Disputed in part**, as overly broad. <br><br> Rimini admits that the Wall Street Journal article contains a statement attributed to Mr. Ravin about Siebel licenses. <br><br> However, Mr. Ravin's comments do not discuss the legality of software modification and third party support. | There is **no genuine dispute** as to this fact. <br><br> Rimini admits that Mr. Ravin is quoted in the article as saying "Siebel's licenses give customers the right to modify their own software and to hire outside consultants to do so." **Pradhan Decl. ¶ 85 & Dkt. 414, Ex. 78.** <br><br> There is no material distinction between the subject of the quoted statement and |

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | **Dkt. 407, Pradhan Decl. ¶ 85 & Dkt. 414, Plt. Ex. 78 (David Bank, "Oracle Will Face New Competitor For Siebel Users," Wall Street Journal, Mar. 5, 2005).**<br><br>"Mr. Ravin's new company, Rimini Street, Inc., based in Las Vegas, will be wooing Siebel customers in a hotel suite down the street from Oracle's annual OpenWorld trade show, which opens today in San Francisco. Mr. Ravin plans to offer services early next year from offices near Siebel's headquarters in San Mateo, Calif., and is looking to hire former or current Siebel engineers to develop the products. Mr. Ravin said Siebel's licenses give customers the right to modify their own software and to hire outside consultants to do so." | "the legality of software modification and third party support." |
| 95. | In May 2006, Seth Ravin corresponded at length with Vauhini Vara from the Wall Street Journal about the nature of third-party support, differences between Rimini Street's and TomorrowNow's business model, and the legal basis for Rimini Street's business model. | **Undisputed.** | |
| 96. | A March 23, 2007 CRN.com article by Stacy Cowley entitled "Solution | **Disputed in part**, as overly broad. | There is **no genuine dispute** as to this |

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | Providers: Oracle Suing Over Standard Industry Practice" includes quotations from Seth Ravin about the *Oracle v. SAP* lawsuit and the legality of the third-party support industry. | Rimini admits that the CRN.com article contains certain comments attributed to Mr. Ravin concerning the Oracle/SAP lawsuit.<br><br>However, the comments attributed to Mr. Ravin do not reference the legality of the third-party support industry generally, and specifically note that the Oracle/SAP lawsuit is not about the legality of third-party support.<br><br>**Dkt. 407, Pradhan Decl. ¶ 87 & Dkt. 414, Plt. Ex. 80 (Stacy Cowley, "Solution Providers: Oracle Suing Over Standard Industry Practice," CRN.com, Mar. 23, 2007).**<br><br>"'I think the most important thing to realize about this case is that this is not Oracle suing SAP TomorrowNow for being in the business of providing third-party support,' Ravin said." | fact.<br><br>Rimini admits that the article contains comments attributed to Mr. Ravin concerning the Oracle/SAP lawsuit.<br><br>Oracle does not dispute that, as stated in the March 23, 2007 article, Mr. Ravin "was eager to draw a bright line dividing the specific improprieties detailed in Oracle's case against SAP and the overall legality of their industry," and is quoted as saying "I think the most important thing to realize about this case is that this is not Oracle suing SAP TomorrowNow for being in the business of providing third-party support." **Pradhan Decl. ¶ 87 & Dkt. 414, Ex. 80.** But that statement does not tend to dispute that the article includes quotations from Mr. Ravin about what constitutes legal (as opposed to illegal) methods of third party support. For example, the following comments are attributed to Mr. Ravin:<br><br>• "It's very common for consultants to be authorized by a customer on their behalf to go get updates and products. They key is 'are they authorized?' . . . We're no different |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | | than implementation partners and customization partners, who also do that all the time." |
| | | | • "If it's ambiguous about what customers are given the opportunity to download and what they have rights to download, that just gives everyone the willies . . . I don't think most customers want decision about what's legally appropriate being left to their consultants, or even to their line-of-business employees." |
| | | | *Id.* |
| 97. | A March 27, 2007 Enterprise System Spectator article by Frank Scavo entitled "Oracle/SAP lawsuit: view from Rimini Street" details an interview that Mr. Scavo had with Seth Ravin about the *Oracle v. SAP* lawsuit and its impact on Rimini's business. | Undisputed. | |
| 98. | A July 12, 2007 eWeek article by Renee Boucher Ferguson entitled "Oracles Suit Against SAP Raises Customer Concerns" includes quotations from Rimini's Vice President of Global Marketing and Alliances, David Rowe, about how the *Oracle v. SAP* lawsuit impacted Rimini's | Undisputed. | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | interactions with its customers and led Rimini to modify its own business processes. | | |
| 99. | An April 25, 2008 CIO article by Thomas Wailgum entitled "Oracle v. SAP Legal Fight Gets Messier, Raises Tough Questions About Third-Party Maintenance" includes quotations from Rimini's Vice President of Global Marketing, David Rowe, about how Rimini Street's business model differs from TomorrowNow's. | **Undisputed.** | |
| 100. | A March 29, 2010 Rimini Press Release entitled "Rimini Street Sues Oracle" directly states and details why Rimini's business model is "entirely legal." | **Undisputed.** | |
| 101. | During a January 11, 2011 interview with Margaret Brennan of Bloomberg News, Seth Ravin spoke at length about the legality of Rimini's support model and the differences between Rimini's business practices and those of TomorrowNow, which admitted to illegally downloading and copying Oracle's software. | **Disputed in part**, as overly broad.<br><br>Rimini admits that Mr. Ravin denied that Rimini's business model is "illegal and corrupt" and generally stated that Rimini's model was "a very different model" than TomorrowNow's.<br><br>However, in the short interview cited by Oracle, Mr. Ravin did not speak "at length" about the legality of Rimini's support model, TomorrowNow's support model, or the third party support market | There is **no genuine dispute** as to the material part of this fact.<br><br>Rimini admits that the interview includes statements by Mr. Ravin concerning the topics listed in Oracle Fact 101, and only quibbles with the phrase "at length." That distinction is not material to the argument for which this fact is offered. |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | generally. Nor did, Mr. Ravin speak "at length" about the differences between Rimini's business practices and those of TomorrowNow.<br><br>**Dkt. 407, Pradhan Decl. ¶ 92 & Dkt. 414, Plt. Ex. 85 (Jan. 11, 2011 Bloomberg Interview with Seth Ravin)** (the interview transcript comprising approximately three page of text). | |
| 102. | Rimini is a substantial third-party support provider, has a large number of customers, high revenue, analyst coverage, and strong growth. | **Disputed in part**, as overly broad and misleading.<br><br>███████████████<br><br>███████████████<br><br>███████████████<br><br>**Reckers Decl. ¶ 9 & Ex. 8 (Dones Depo., Aug. 12, 2010) at 113:2-5** (Rimini has approximately 200 employees). | There is **no genuine dispute** as to this fact.<br><br>Rimini does not dispute any of the factual assertions in Oracle Fact 102. None of the facts or evidence to which Rimini points has anything to do with the number of customers it has, its revenue figures, or the strength of its growth. Nor does Rimini dispute, with facts or evidence, that it receives analyst coverage and is a substantial third-party support provider.<br><br>Rimini cites facts and evidence regarding issues that do not fall within the scope of Oracle Fact 102, including: the number of Rimini's employees, Rimini's market share, or some purported quantifiable measurement of the analyst coverage |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | **Reckers Decl. ¶ 10 & Ex. 9 (Ravin Depo., Nov. 17, 2011) at 42:15-43:11, 57:6-17** (discussing the size of the market and estimated number of total potential customers for PeopleSoft, JDE, and Siebel).<br><br>**Dkt. 418, Oracle SUF at 76-78 (Oracle's Alleged Fact 102)** (citing only sporadic analyst coverage). | Rimini receives. |
| 103. | The only specific customer Rimini has identified as a recipient of any alleged defamatory statements is Liz Claiborne (recipient of Alleged Defamatory Statement 3). | **Disputed in part**, as overly broad.<br>Ms. Hellinger's defamatory comments were published to the public and remain widely available on the Internet.<br><br>**Dkt. 407, Pradhan Decl. ¶ 100 & Dkt. 415, Plt. Ex. 96 (Rimini's Amended Answer and Counterclaim (Dkt. 153)) at ¶ 45.** | There is **no genuine dispute** as to this fact.<br><br>Rimini fails to identify, in its response to Oracle Fact 103 or the evidence it cites, any specific customer, other than Liz Claiborne, as a recipient of any alleged defamatory statement.  Rimini's Amended Answer and Counterclaim is not admissible against Oracle to prove its truth, Fed. R. Evid. 802, and it does not identify any specific customer-recipient in any event. |
| 104. | ███████████████ | **Undisputed.** | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | ███████ | | |
| 105. | ████████████████ ████████████████ ████████████ | **Undisputed.** | |
| 106. | ████████████████ ████████████ | **Disputed.**<br><br>In his testimony, Mr. Ravin ████████████████ ████████<br><br>**Dkt. 407, Pradhan Decl. ¶ 18 & Dkt. 419, Plt. Ex. 16 (Ravin Depo., Nov. 17-18, 2011) at 31:11-32:4.**<br><br>████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ | There is **no genuine dispute** as to this fact.<br><br>Rimini does not dispute the content of the witness's testimony.<br><br>████████████████ ████████████████ ████████████ In fact, the evidence Rimini cites directly contradicts Rimini's contention: ████████████████ ████████████████ ████████████ **Pradhan Decl. ¶ 18 & Dkt. 419, Ex. 16 (Ravin Depo.) at 31:23-32:4 (emphasis supplied);** *see also id.* at 28:9-31:22. |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Oracle's Statement of Fact | Rimini's Response | Oracle's Reply |
|---|---|---|---|
| | | ████████████████ | |
| 107. | Rimini's claim for violation of California's Unfair Competition Law rests entirely on its defamation allegations. | **Undisputed.** | |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

## II.    REPLY TO RIMINI'S STATEMENT OF FACTS SUPPORTING ITS OPPOSITION

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| 1. | Oracle's "Developer License" is provided free of charge to software developers to facilitate development of software applications that run in connection with Oracle Database. | **Undisputed.** |
| 2. | The Developer License permits use of Oracle Database for "developing, testing, prototyping and demonstrating your application" but disallows use of Oracle Database for "internal data processing or for any commercial or production purposes ... except the development of your application." | **Disputed in part.**<br><br>There is no factual dispute that Exhibits 3-5 accurately reflect the terms of the Developer License. ***See Pradhan Decl. ¶¶ 5-7 & Dkt. 419, Ex. 3 and Dkt. 411, Exs. 4-5.***<br><br>As a legal matter, Oracle disagrees with Rimini's characterization of the terms of the Developer License.  The Developer License states that the licensee may use the programs "only for the purpose of developing, testing, prototyping and demonstrating your application, ***and not for any other purpose." Id.*** (emphasis supplied).<br><br>Further, the ellipsis in Rimini's "fact" shows that the phrase "except the development of your application" does not apply to the restriction on commercial use.  Without edits, the Developer License disallows the use of the programs "for internal data processing or for any commercial or production purposes, ***or use the programs for any purpose*** except the development of your application." ***Id.*** (emphasis supplied). |
| 3. | The Developer License does not limit development to "initial stages" of development but rather prohibits continued development of an application after the application is used for "internal data processing, commercial or production purpose without securing" an additional | **Disputed in part.**<br><br>There is no factual dispute that Exhibits 3-5 accurately reflect the terms of the Developer License. ***See Pradhan Decl. ¶¶ 5-7 & Dkt. 419, Ex. 3 and Dkt. 411, Exs. 4-5.*** |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | license. | As a legal matter, Oracle disagrees with Rimini's characterization of the terms of the Developer License. The Developer License states that the licensee may use the programs "only for the purpose of developing, testing, prototyping and demonstrating your application, *and not for any other purpose." Id.* (emphasis supplied). |
| | | Oracle agrees that the Developer License does not authorize continued development of an application after the application is used for "internal data processing, commercial or production purpose without securing an appropriate license from [Oracle], or an Oracle reseller." *Id.* |
| 4. | Oracle also licenses Oracle Database under the Oracle License and Service Agreement ("OLSA"). | **Undisputed.** |
| 5. | The OLSA provides ██████████ ██████████████████ | **Undisputed.** |
| 6. | The terms of the standard OLSA ████ ████████████████████ | **Disputed in part.** |
| | | There is no factual dispute that Exhibit 2 accurately reflects the terms of the OLSA. *See* **Pradhan Decl. 4 & Dkt. 419, Ex. 2** |
| | | As a legal matter, Oracle disagrees with Rimini's characterization of the scope of what the OLSA authorizes. |
| | | The OLSA states that: |
| | | ████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | ████████████████████ ████████████ ████████ ████████████<br><br>**Pradhan Decl. ¶ 4 & Dkt. 419, Ex. 2.** |
| 7. | Rimini create ████████ ████████████████ | **Disputed in part.**<br><br>For purposes of this motion, Oracle agrees that Rimini ████████████ ████████████████ As a factual matter, Rimini has not always done this, but that is not material to the legal argument for which this fact is being offered.<br><br>Oracle disputes Rimini Fact 7 to the extent ████████████████ ████████ s consistent with industry practices or is encouraged by Oracle's own technical recommendations. ***See* Oracle's Response to Rimini Fact 9.** |
| 8. | ████████████████ ████████████ | **Disputed in part.**<br><br>Oracle agrees that ████████ ████████████████ ████████████████ ████████████ .<br><br>Oracle disputes Rimini Fact 8 to the extent ████████████████ ████████ is consistent with industry practices or is encouraged by Oracle's own technical recommendations. ***See* Oracle's Response to Rimini Fact 9.** |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
|  |  |  |
| 9. | The creation of non-production environments for support purposes is a widely accepted practice in the industry and is encouraged by Oracle's own technical recommendations. | **Disputed.**<br><br>All of the evidence Rimini cites in support of this claimed fact relates to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Rimini provides no evidence of any widely accepted practice, or any recommendations by Oracle, for third-party support providers to create nonproduction environments on the support provider's systems – which is one of Rimini's business practices challenged in this lawsuit.<br><br>As Oracle demonstrated in its first summary judgment motion, the relevant application licenses do not authorize the creation of "non-production environments" on Rimini systems. ***See, e.g.*, Dkt. 247 at Oracle Facts 70, 86, 88, 90, 91, 95, 101-104.**<br><br>Oracle incorporates its prior objections to the Declaration of Brooks L. Hilliard and the documents cited therein. **Dkt. 286.** |
| 10. | It is common in the industry for third-party support vendors to maintain a copy of a client's software environment, including an instance of the client's database, for support purposes. | **Disputed.**<br><br>The comment by Rimini's expert is unsupported. The claims by CedarCrestone's representative are not credible, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ***See* Dkt. 285 at Rimini Fact 25.** In fact, Oracle has sued CedarCrestone for copyright infringement. ***See* Dkt. 436 (Rimini's Opposition to Oracle's Second Motion for Partial Summary Judgment) at 24, n.8.** The Oracle documents that Rimini cites refer to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Further, as Oracle has explained, the relevant application licenses do not |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | authorize ████████████████████████. **See, e.g.**, Dkt. 247 at Oracle Facts 70, 86, 88, 90, 91, 95, 101-104. Oracle incorporates its prior objections to the Declaration of Brooks L. Hilliard and the documents cited therein. **Dkt. 286** |
| 11. | Rimini uses ████████ ████████████████████████ ████████. | **Disputed in part.** There is no factual dispute that ████ ████████████████████████ ████████████████████. As a legal matter, Oracle disputes Rimini Fact 11 and Rimini's characterization of the evidence cited in support thereof to the extent Rimini contends ████████ ████████████████ " **See Oracle Facts 40-41.** |
| 12. | Updates to ERP software, like PeopleSoft, are generally issued to address tax and regulatory changes that impact, e.g. payroll calculations, and are crucial to the correct operations of ERP software. | **Undisputed.** |
| 13. | Rimini employs a team of full-time software developers who ████████████ ████████████████████. | **Disputed in part.** Oracle disputes Rimini Fact 13 to the extent ████████████████████████ ██████████████████ is consistent with industry practices or is encouraged by Oracle's own technical recommendations. **See Oracle's Response to Rimini Fact 9.** |
| 14. | Rimini application updates ████████ ████████████████████████ ████████. | **Undisputed** for purposes of this motion. ████████████████████████████ ████ that point is not material to the legal argument for which Rimini Fact 14 is being |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | offered ██████████████████ ████. |
| 15. | ██████████████████ ████ | **Disputed.**<br><br>█████████████████████ ████████████████████ █████████████ ***See, e.g.,*** **Oracle Facts 33-34 (undisputed), above.** |
| 16. | █████████████████████ ████████████████████ ██████████ | **Disputed in part.**<br><br>█████████████████████ █████████████████████ █████████████████████ ████████ n fact, there are times when Rimini has not done this, but that is not material to the legal argument for which this fact is being offered.<br><br>However, Oracle disputes Rimini Fact 16 to the extent t███████████████████ ████████████████ is consistent with industry practices or is encouraged by Oracle's own technical recommendations. ***See*** **Oracle's Response to Rimini Fact 9.** |
| 17. | Rimini can █████████ █████████████████████ ██████████████. | **Disputed in part.**<br><br>There is no factual dispute that Rimini █████████████████████ █████████████████████ ██████████ However, as a legal matter, to the extent this fact is intended to imply that Rimini's use of Oracle software is legally authorized, Oracle disagrees for the reasons stated in its moving and reply papers.<br><br>Oracle disputes Rimini Fact 17 to the extent ██████████████████████ |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
|  |  | ███████ is consistent with industry practices or is encouraged by Oracle's own technical recommendations. *See* **Oracle's Response to Rimini Fact 9, above.** |
| 18. | ████████████ | Disputed.<br><br>███████████<br><br>. However, Oracle disputes that ███████████<br><br>• ████████████ *See, e.g.,* **Oracle Facts 49-56 (undisputed), above.**<br><br>• ████████████ **Papay Decl. ¶ 11 & Ex. J (Oracle Depo. Ex. 1578A)** (emphasis supplied). "███████████<br><br>*See* **Pradhan Decl. ¶ 21 & Dkt. 419, Ex. 19** (p. 1 row 15, and p. 3 rows 24-25). ████████ |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | ███████████████ <br> *See id.* (p. 3, rows 29-30). |
| 19. | ████████████████ | **Disputed in part.** <br> ████████████████ <br> **Pradhan Decl. ¶ 59 & Dkt. 421, Ex. 57 (Sept. 26, 2005 Letter from S. Gattey to S. Ravin).** |
| 20. | Rimini responded on October 6, 2005, ████████████████ | **Disputed.** <br> Rimini did not ever in its letter write that █ <br> **Pradhan Decl. ¶ 60 & Dkt. 421, Ex. 58 (Oct. 6, 2005 Letter from P. Byrne to S. Gattey).** <br> Nor does Rimini's letter mention ████ ████████████████ |
| 21. | In a letter to Rimini dated November 16, 2005, Oracle stated ████████████ | **Disputed in part.** <br> The sentence quoted in Rimini Fact 21 is a misleading fragment. It reads in its entirety: <br> ████████████████ |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | ███████████████████<br>███████████████████<br><br>**Dkt. 438, Reckers Decl. ¶ 15 & Ex. 14 (Nov. 16, 2005 Letter from Robert E. Freitas to Jeffrey F. Barr)** (emphasis supplied). |
| 22. | In 2006, Rimini began requesting that ███████████████████████<br>███████████████████████ | **Disputed in part.**<br><br>Rimini has provided no evidence ████████████████████<br>█████████████████████<br>█████████████████████. **Dkt. 260, Reckers First Decl. ¶ 16 & Dkt. 267, Ex. 15 (Oracle's First Amended Response to Rimini's Interrogatory No. 26) at 8-9:**<br><br>████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br><br>**Dkt. 260, Reckers First Decl. ¶ 23 & Dkt. 268, Ex. 22 (ORCLRS0518901),** an internal email dated from over six months after January 25, 2007, could not show what |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | Oracle knew before that date.<br><br>**Pradhan Decl. ¶ 62 & Dkt. 421, Ex. 60,** ▮<br><br>[REDACTED] |
| 23. | Oracle's own documents [REDACTED] | **Disputed.**<br><br>Oracle did not know [REDACTED]<br><br>and Rimini has presented no evidence to prove that it did.<br><br>[REDACTED]<br><br>**Dkt. 240, Hann Decl. ¶ 18 & Dkt. 243, Ex. 33 (Rimini Street's Second Amended Responses to Oracle's Third Set of Requests for Admission) at 5-7:**<br><br>Request No. 30:<br>"With respect to Your written and electronic requests that Oracle ship Oracle Enterprise Software to a Rimini Street address, admit that none of the requests disclosed to Oracle that the software to be shipped to a Rimini Street address would be used by Rimini Street to install the software on Rimini Street's computers."<br><br>Response:<br>"Subject to and without waiver of the foregoing objections, Rimini responds that, having investigated, it is not aware of any requests to Oracle for shipment of Oracle Enterprise Software to a Rimini |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | Street address which expressly stated that the software be shipped to a Rimini Street address would be used by Rimini Street to install the software on Rimini Street's computers." |
| | | Request No. 32:<br>"With respect to Your written and electronic requests that Oracle ship Oracle Enterprise Software to a Rimini Street address, admit that none of the requests disclosed to Oracle that the software to be shipped to a Rimini Street address would be used by Rimini Street to support multiple Rimini Street customers." |
| | | Response:<br>"Subject to and without waiver of the foregoing objections, Rimini responds that, having investigated, it is not aware of any requests for shipment of Oracle Enterprise Software to a Rimini Street address which expressly stated that the software be shipped to a Rimini Street address would be used by Rimini Street to support multiple Rimini customers." |
| | | **Dkt. 240, Hann Decl. ¶ 29 & Dkt. 249, Ex. 44 (RSI00479793):** |
| | | **Dkt. 240, Hann Decl. ¶¶ 28, 31 & Dkt. 249, Ex. 43 (J.R. Corpuz Depo.) at 163:17-23, Ex. 46 (Oracle Depo. Ex. 34):** |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | |  |
| 24. | Ms. Deborah Hellinger, in her capacity as Senior Director of Corporate Communications, sent defamatory statements to at least two separate news services. | **Disputed in part.**<br><br>Oracle does not dispute that, after Rimini proclaimed the filing of its Counterclaim to the press, Chris Kanarcus of IDG News Service and John Letzing of Marketwatch sought a response from Oracle, and Ms. Hellinger responded to Mr. Kanaracus and Mr. Letzing by providing the following statement by email: "Oracle is committed to customer choice and vigorous competition, but draws the line with any company, big or small, that steals its intellectual property. The massive theft that Rimini and Mr. Ravin engaged in is not healthy competition.  We will prove this in court." **Dkt. 409, Hellinger Decl. ¶¶ 4, 6.**<br><br>Oracle disputes Rimini's legal characterization of Ms. Hellinger's statements as "defamatory" on the grounds that it is true.  *See* **Dkt. 417 (Oracle's Second Motion for Summary Judgment) at 26-27.**  It also was not made with the requisite state of mind.  *See* **Oracle Fact 84, above; Dkt. 417 (Oracle's Second Motion for Partial Summary Judgment) at 25-26; Oracle Reply Brief at pp. 15-16.** |
| 25. | James McLeod, an Oracle Regional Services Sales Manager, distributed an article that stated Oracle sued Rimini Street for "massive theft," but fails to directly mention Oracle's copyright infringement claims or any of the other causes actually | **Undisputed** that Mr. McLeod forwarded an article to a Vice President of Liz Claiborne, Inc. that stated Oracle sued Rimini Street for "massive theft."  **Dkt. 410, McLeod Decl. ¶¶ 2-4.**<br><br>**Undisputed** that the article does not identify |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
|  | pled by Oracle. | any of the causes of action that Oracle pled in its Complaint, including its copyright infringement claims.<br><br>The absence of any such content, however, is **immaterial** to Rimini's defamation claim and Oracle's motion. ***See* Oracle Reply Brief at pp. 19-20.** |
| 26. | ███████████████████████████ | **Disputed in part.**<br><br>Oracle disputes Rimini Fact 26 to the extent it misleadingly omits relevant testimony from Richard Allison's deposition that immediately follows Rimini's cited excerpt. The relevant testimony is as follows:<br><br>██████████████████████████<br><br>***See* Pradhan Decl. ¶ 8 & Dkt. 419, Ex. 6 at 209:23-210:17** (emphasis supplied); *see also* **Oracle Fact 4, above.**<br><br>Oracle further disputes Rimini Fact 26, and its supporting evidence, to the extent that Rimini misidentifies the source of the testimony.  The quoted deposition testimony was taken from Richard Allison's deposition on November 12, *2009* – not 2011 – as part of the *Oracle v. SAP* litigation. |
| 27. | The OLSAs ██████████████ | **Undisputed.** |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | ████████████████ | |
| 28. | The Rimini support agreements that Oracle includes as exhibits to its brief (Oracle Exs. 44-54) ████████████████ ████████████. | **Disputed.** ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ *See* **Oracle Facts 45-46, above.** |
| 29. | ████████████████ ████████ | **Undisputed.** |
| 30. | ████████████████ ████████████████ ████████████████ ████████████████ | **Disputed.** Oracle admits that Rimini quotes accurately from **Dkt. 421, Ex. 54.** However, other support agreements show ████████████████████ ████████████ *See, e.g.*, **Pradhan Decl. ¶¶ 51, 53 & Dkt. 421, Exs. 49, 51.** ████████████ █. *See* **Oracle Fact 13.** |
| 31. | ████████████████ ████████████ | **Undisputed.** |
| 32. | Rimini's standard support agreements █ ████████████ | **Disputed.** *See* **Oracle Fact 46, above.** |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| 33. | Rimini customers who use Oracle Database are licensed under the terms set forth by the OLSA. | **Disputed in part.**<br><br>It is undisputed that those Rimini customers *who have a license from Oracle for Oracle Database* do so pursuant to the terms of the OLSA.  Rimini submits no evidence that every Rimini customer that uses Oracle Database is a licensee.  The stipulation between the parties that Rimini cites in support of this "fact" provides merely that "the terms of the [standard form OLSAs] are representative of the licenses Oracle entered into with its customers for use of Oracle Database."  **Dkt. 236 (Stipulation and Order Concerning Claims Related to Rimini's Use of Oracle Database) at ¶ 4.** |
| 34. | ███████████████████████ | **Disputed.**<br><br>First, the cited testimony does not say anything to support the assertion ███████████████████ **Pradhan Decl. ¶ 18 & Dkt. 419, Ex. 16 (Ravin Depo.) at 448:6-9.**<br><br>Second, ████████████████ |

79

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | ███████████████████<br>**Papay Decl. ¶ 12 & Ex. K.** ████████<br>████████████████████<br>████████████████████<br>██████████. |
| 35. | Oracle concedes that third-party support is permissible. | **Disputed in part.**<br><br>Oracle disputes Rimini Fact 35 to the extent it suggests that third-party support of Oracle's PeopleSoft, J.D. Edwards, and Siebel families of software products is *always* permissible.  Oracle's response to Rimini's Interrogatory No. 9 clearly states that third-party support of such products is only permissible if ████████████<br>██████████████████ **Dkt. 260, Reckers First Decl. ¶ 15 & Dkt. 267, Ex. 14.** |
| 36. | Oracle fails to identify any public comments by Rimini regarding the legality of its support offerings between April 25, 2008 and March 29, 2010. | **Disputed.**<br><br>*See* **Papay Decl. ¶ 9 & Ex. H** (September 1, 2009 InformationWeek article entitled "Oracle Sees A Threat In Rimini Street" in which Rimini's Senior Vice President of Marketing, David Rowe, is quoted as saying "Oracle's position [regarding Rimini's business model] is meritless, and we will respond in court at the appropriate time.").<br><br>*See also* **Reply re Oracle Fact 93.**  Even an absence of public comments by Rimini regarding the legality of its support offering between April 25, 2008 and March 29, 2010 would be **immaterial** to a determination of the legal issue for which this fact is offered (i.e., whether Rimini is a limited purpose public figure).  *See* **Oracle Reply Brief at pp. 13-15.** |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| 37. | The Rimini comment published on April 25, 2008 expressly notes the lack of debate regarding the legality of third party support and promotes certain differences between Rimini and one of its former competitors, TomorrowNow. | **Disputed in part.**<br><br>Oracle does not dispute that, as quoted in the April 25, 2008 article, Rimini claimed that Oracle had a problem with specific aspects of the way that TomorrowNow provided third-party support, rather than challenging its blanket ability to provide third-party support under any circumstances. The evidence Rimini cites, however, does not support the claim that there was no debate regarding the circumstances under which a third party could legally support Oracle products. ***See also* Oracle Fact 99 (citing this article for support), above.**<br><br>The publicly available CIO.com article itself is evidence that a public debate existed regarding the distinction between legal and illegal third-party support. For example:<br><br>• Its title states that the *Oracle v. SAP* lawsuit "Raises Tough Questions About Third-Party Maintenance."<br><br>• It states that "many interesting legal and liability questions relating to software agreements have been raised by Oracle in the lawsuit and countered by SAP in its responses," including whether "licenses between Oracle and its customers prevent TomorrowNow from access to that software to provide third party support[.]" The article describes these as "unanswered questions."<br><br>• The article includes a quotation attributed to NetCustomer – identified as one "of the more well-known third-party maintenance providers" along with TomorrowNow and Rimini Street – acknowledging that the third-party |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | support market is "under scrutiny and there's a lot of interest lately."<br><br>• The article asks questions regarding what could constitute legal third-party support: "If a third party is providing maintenance on the customer's code (which is Oracle's), the how can that third party provider not 'touch' the code at some point the process?  And how does that match up with the software licensing agreement?"<br><br>**Pradhan Decl. ¶ 90 & Dkt. 414, Ex. 83.**<br><br>*See also* Oracle Facts 93-98, 100-101 (identifying public articles and statements by Rimini as examples of Rimini's participation in and awareness of a public debate over what constitutes legal third-party support of Oracle products). |
| 38. | Oracle identified and produced a license agreement for each and every Rimini Oracle-support client. | **Undisputed for purposes of this motion.**<br><br>Consistent with its responses to Rimini's discovery requests, Oracle produced license agreements applicable to the PeopleSoft, J.D. Edwards and Siebel software applications at issue in this litigation that were effective on or after September 1, 2005 for the Rimini Oracle-support clients Rimini has disclosed, to the extent such agreements were in Oracle's possession, control or custody and located with a reasonable and diligent search. |
| 39. | ██████████████████████████████ | **Disputed in part.**<br><br>Oracle admits the licenses include provisions ██████████████████████ |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| 40. | Rimini disclosed ███████ ████████████████████ ██████████ | **Disputed.**<br><br>Rimini did not disclose ███████ █████████████████████ █████████████████████ ████████<br><br>█████████████████████ ████████████████ **Pradhan Decl. ¶ 60 & Dkt. 421, Ex. 58 (Oct. 6, 2005 Letter from P. Byrne to S. Gattey).**<br><br>█████████████████████ █████████████████████ █████████████████████ █████████████████████ █████████████████████<br><br>Rimini's own testimony and documents support this distinction ████████████<br><br>**Papay Decl. ¶ 13, Ex. L (Oracle Depo. Ex. 956):**<br><br>█████████████████████ █████████████████████ █████████████████████ █████████████████████ █████████████████████ |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | ███ |
| | | **Papay Decl. ¶ 14, Ex. M (Ravin Depo. at 475:9-476:9):** |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
|   |   | Papay Decl. ¶ 15, Ex. N (Black Depo.) at 22:5-25, 23:20-24:8, 25:7-11: |

85

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | ██████████<br>█<br>████████████████<br>████████████████<br>███████████<br><br>**Papay Decl. ¶ 16, Ex. O (Carter Depo.) at 30:10-31:8:**<br><br>████████████████ |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | ███████████████████<br><br>**Papay Decl. ¶ 17, Ex. P (Conley Depo.) at 9:4-7, 9:24-11:19:**<br><br>Q.  What was your next job after that involving PeopleSoft software?<br>A.  Right.  PriceWaterhouseCoopers from 2000 until 2003 -- no, 2004.<br>  . . .<br>  Q.  All right.  After PWC, where did you go?<br>  A.  I went into consulting, independent.<br>  Q.  Just set up your own shop?<br>  A.  Yeah.<br>  Q.  And how did you get work?<br>  A.  Monster.com mostly.  Put my resumi out.  People called me.<br>  Q.  What kind of jobs did you get?  What were some examples?<br>  A.  I worked for Boeing, Florida State University, Siemens, Royal Bank of Scotland, Extensure (phonetic), Unilever.<br>  Q.  And in each of those instances, were you also doing development work with PeopleSoft software?<br>  A.  Yes.<br>  Q.  Let's take Boeing, for example.  When you signed up as a contractor with Boeing through your consultancy, what was the nature of the project?<br>  A.  It was actually in financials and it was consolidation of their general book of ledger, so --<br>  Q.  Would you be working remotely or would you be working onsite at each of these clients when you were consulting? |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | A. It was a mixture.<br>Q. Did you ever have a local version of PeopleSoft software on your home machine as part of your work as a consultant with any of these companies?<br>A. No, sir.<br>Q. So if you were working remotely, how would you do -- how would you perform your work for Boeing or for one of the other --<br>A. Remote desktop connection.<br>Q. You would dial into their machine?<br>A. Correct.<br>Q. And so you would be doing development work in some of those projects?<br>A. Yes, sir.<br>Q. And so you would do your work by dialing in remotely --<br>A. Yes.<br>Q. -- through a VPM connection?<br>A. Yes.<br>Q. Did you ever download or have objects that you were working on on your local machine as a consultant working for any of these clients?<br>A. Not to my recollection.<br><br>**Papay Decl. ¶ 18, Ex. Q (Holmes Depo.) at 17:9-11, 17:25-18:3, 120:4-22:**<br><br>Q. Got it. Thank you. You left PeopleSoft around March 2005?<br>A. Sounds about right.<br>. . .<br><br>Q. And what did you do next?<br>A. I became an independent consultant.<br>Q. Is that ADH Consulting?<br>A. Yes<br><br>. . . |

88

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | |  |
| 41. | | **Disputed.**<br><br>Oracle agrees that Rimini wrote in an October 2005 letter to Siebel Systems<br><br>**Pradhan Decl. ¶ 60 & Dkt. 421, Ex. 58 (Oct. 6, 2005 Letter from P. Byrne to S. Gattey).**<br><br>Oracle agrees that Oracle wrote, in two |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | different March 2011 documents, that "Database administrators (DBAs) in these enterprises copy production data into staging or test environments to allow in-house developers or offshore testers to perform application development and application testing." **Dkt. 260, Reckers First Decl. ¶ 27 & Dkt. 262, Ex. 26 (ORCLRS0811859) at 4; Dkt. 260, Reckers First Decl. ¶ 28 & Dkt. 262, Ex. 27 (ORCLRS0811866) at 4.** But neither of these documents makes any mention of ▮▮▮▮▮▮▮▮. <br><br> Further, the cited testimony of CedarCrestone's representative also does not establish that ▮▮▮▮▮▮▮▮ *See* **Papay Decl. ¶ 19, Ex. R (Simmons Depo.) at 174:4-12.** ▮▮▮▮▮▮▮▮ |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | |  |

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████<br><br>*Id*. at 200:16-203:23.<br><br>Finally, paragraphs 11 & 12 of Mr. Hilliard's report do not support the proposition either.  The testimony and documents Mr. Hilliard purports to rely on do not mention "████████" and "the declaration does not demonstrate any reliable basis for Mr. Hilliard to offer as expert opinions the assertions" in either |

| # | Rimini's Statement of Fact | Oracle's Response |
|---|---|---|
| | | paragraph.  **Dkt. 286 (Oracle's Objections to Evidence Submitted In Support Of Rimini's Opposition to Oracle's First Motion for Partial Summary Judgment) at pp. 12-13, 14-16.** |

DATED:    October 26, 2012          BINGHAM MCCUTCHEN LLP


By:_____/s/ Geoffrey M. Howard_____
Geoffrey M. Howard
Attorneys for Plaintiffs Oracle USA, Inc., Oracle
America, Inc. and Oracle International Corp.

REPLY STATEMENT OF UNDISPUTED FACTS IN SUPP. OF
ORACLE'S SECOND MOT. FOR PARTIAL SUMM. J.