BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
FRED NORTON (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
fnorton@bsfllp.com
kringgenberg@bsfllp.com

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.

BINGHAM MCCUTCHEN LLP
GEOFFREY M. HOWARD (*pro hac vice*)
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286
geoff.howard@bingham.com
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | CASE NO. 2:10-cv-0106-LRH-PAL<br><br>**OBJECTIONS PURSUANT TO FED. R. CIV. P. 56(c)(2) TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO ORACLE'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT** |

A/75232494.4

1  Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation
2  (collectively, "Oracle") hereby submit objections to the following materials cited by Defendants
3  ("Rimini") in support of Rimini's Opposition to Oracle's Second Motion for Partial Summary
4  Judgment, filed at Dkt. 436: (1) statements identified in response to Fact No. 88 in Rimini's
5  Statement of Facts In Support of Its Opposition to Oracle's Second Motion for Partial Summary
6  Judgment and Response to Oracle's Alleged Facts, filed at Dkt. 437; and (2) certain documents
7  originally filed in support of Rimini's Opposition to Oracle's First Motion For Partial Summary
8  Judgment.  The grounds for Oracle's objections are identified below.

## I. RULE 37(C)(2) OBJECTION TO RIMINI'S RESPONSE TO ORACLE FACT 88

In its opposition to Oracle's second motion for partial summary judgment, Rimini attempts to expand the basis for its defamation claim to include new alleged defamatory statements that it failed to disclose in discovery.  The Court should exclude these new alleged statements as a discovery sanction pursuant to Federal Rule of Civil Procedure 37(c)(2).

In an interrogatory, Oracle asked Rimini to identify "each false, defamatory, or disparaging statement" upon which it based its claim.  Dkt. 421, Appendix of Exhibits Cited In Support of Oracle's Second Motion for Partial Summary Judgment (Vol. III) [Filed Under Seal] ("Sealed Appendix of Exhibits"), Ex. 68 at 2.  In its initial and supplemental responses, with respect to its allegation that Oracle Regional Services Sales Manager James McLeod published a defamatory statement, Rimini said only ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* at 3-4.  Other than that ██████████████████████████████████, Rimini identified *no other statement* in Mr. McLeod's email.  *Id.*  Later, in an effort to moot this very motion since Rimini had taken no discovery on its counterclaims, Oracle wrote to Rimini asking it to dismiss those claims or identify the evidence upon which Rimini intended to rely.  *See* Dkt. 413, Appendix of Exhibits Cited In Support of Oracle's Second Motion for Partial Summary Judgment (Vol. III) (Public Version), Ex. 71. ████████████████████

1

███████████████████████████████████████████. *See* Sealed Appendix of Exhibits (Dkt. 421), Ex. 72.  At no time until it filed its opposition to this motion did Rimini seek to further update its interrogatory response to disclose any new alleged defamatory statements.  Now, in its opposition, Rimini states for the first time that "[t]he false and defamatory statements in Mr. McLeod's email were not limited solely to the quotes from Oracle's complaint," and identifies other alleged defamatory statements never before disclosed as a basis for its claim.  *Compare* Sealed Appendix of Exhibits (Dkt. 421), Ex. 68 *with* Dkt. 437, Reply Statement Of Undisputed Facts In Support Of Oracle's Second Motion For Partial Summary Judgment ("RSUF") at Oracle Fact 88.

Federal Rule of Civil Procedure 26(e)(2) requires that litigants "timely" supplement all interrogatory responses if their prior responses are either incomplete or incorrect.  Rule 37 provides that if a party fails to do so, it cannot use previously-undisclosed information "to supply evidence on a motion . . . unless the failure was substantially justified or is harmless."  Fed.R.Civ.P. 37(c)(1).  Absent a showing of substantial justification or harmlessness, the exclusion of the new information is "automatic and mandatory."  *Cambridge Elec. Corp. v. MGA Elec., Inc.*, 227 F.R.D. 313, 321 (C.D. Cal. 2004); *see also Yeti by Molly, Ltd. v. Deckers Outdoors Corp.*, 259 F.3d 1101, 1106-7 (9th Cir. 2001).  Rimini does not and cannot make the requisite showing.  "Learning of plaintiff's liability theories only after they had filed their motion for summary judgment place[s] [Oracle] at a distinct disadvantage and constitute[s] unfair surprise."  *Cambridge*, 227 F.R.D. at 325.  Thus, Rimini cannot now point to new statements to defeat summary judgment, and the Court should not consider any statement in Mr. McLeod's email other the one identified in Rimini's interrogatory response.  *See id.* at 323-25; *Robinson v. Geithner*, 2011 WL 2143026, at *11 (E.D. Cal. May 31, 2011).

## II. OBJECTIONS TO PREVIOUSLY-SUBMITTED EVIDENCE

Rimini's opposition to Oracle's second motion for partial summary judgment also relies on previously-filed documents:  (1) the Declaration Of Brooks L. Hilliard In Support Of Rimini's Opposition To Oracle's [First] Motion For Partial Summary Judgment, filed at Dkt. 264 and under seal; and (2) Exhibits 3, 11, 14, 15, 17, 19, and 24-28 (filed at Dkt. 261-62 and under

1  seal) to the first Declaration of Robert Reckers (Dkt. 260).  *See* RSUF at Oracle Facts 32, 66 &

2  Rimini Facts 9-10, 22-23, 35, 41.  Oracle asserted evidentiary objections to these documents

3  when they were first filed.  *See* Dkt. 286 at 4, 23, 26.  Oracle reasserts those same objections

4  here.  Rather than repeating them in their entirety a second time, Oracle hereby incorporates its

5  previously-filed objections by reference, as though fully set forth herein.

                                                Respectfully submitted,

DATED: October 26, 2012                         BINGHAM MCCUTCHEN LLP


                                                By:_____/s/ Geoffrey M. Howard_____
                                                        Geoffrey M. Howard
                                                Attorneys for Plaintiffs Oracle USA, Inc., Oracle
                                                America, Inc. and Oracle International Corp.