| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com<br><br>Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corp. | BINGHAM McCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>          Plaintiffs,<br>  v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>          Defendants. | Case No 2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S RESPONSE TO RIMINI'S MOTION TO SEAL PORTIONS OF ITS OPPOSITION AND CERTAIN SUPPORTING DOCUMENTS** |

Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") submit this response in support of Defendant Rimini Street's ("Rimini's") motion to seal (Dkt. 439).

In its motion, Rimini asked the Court to seal certain documents attached to the Declaration Of Robert H. Reckers In Support Of Defendant Rimini Street Inc.'s Opposition To Oracle's Second Motion For Partial Summary Judgment (Dkt. 443) (the "Reckers Declaration"). Rimini's motion correctly noted that Oracle designated these documents as either Confidential or Highly Confidential under the Protective Order (Dkt. 55). Oracle supports Rimini's request to seal these documents, and provides the following brief descriptions to further illustrate why there is a "compelling reason" to keep these documents under seal. *See Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338, *4 (D. Nev. Apr. 29, 2011).

- Exhibits 1-4 to the Reckers Declaration are Highly Confidential form license agreements containing terms related to Oracle's customers' use of Oracle's software. Likewise, Exhibit 15 to the Reckers Declaration is a Highly Confidential interrogatory response that quotes from multiple Oracle licenses with customers that are themselves Highly Confidential. These documents should be filed under seal because Oracle's licenses are the product of arms-length negotiations with customers, and are not disclosed in the ordinary course. Publicizing the license terms would undermine Oracle's ongoing licensing efforts, which are an important part of its business.

- Exhibit 10 to the Reckers Declaration is a Confidential internal communication related to certain confidential business practices and Oracle's discussions with a specific customer. This information is not public, and if disclosed, could harm Oracle and could be used against Oracle by its competitors.

- Exhibit 15 to the Reckers Declaration is a Highly Confidential excerpt of a report by one of Oracle's technical experts. The excerpt reflects information related to sensitive internal business practices. The parties agree that certain information referenced in this excerpt is properly designated Highly Confidential.

1  These documents pertain to confidential license negotiations, internal business practices,
2  Oracle's relationships with its customer base, and other extremely sensitive non-public
3  information.  Thus, there is a compelling reason for sealing the documents.  *See, e.g.*, *Selling*
4  *Source*, 2011 WL 1630338 at *6  ("Where the material includes information about . . .
5  agreements with clients, there are compelling reasons to seal the material because possible
6  infringement of trade secrets outweighs the general public interest in understanding the judicial
7  process."); *Golden Boy Promotions, Inc. v. Top Rank, Inc.*, 2011 WL 686362, *2 (D. Nev. Feb.
8  17, 2011) (sealing records even though parties "failed to mention specific harms that could
9  occur," because information was not intended to become public, and, if disclosed, could have
10  caused business harm); *Stone v. Advance America, Cash Advance Centers, Inc.*, 2011 WL
11  662972, *3 (S.D. Cal. Feb. 11, 2011) (sealing documents because they "might become a vehicle
12  for improper purposes in the hands of business competitors").
13  For the foregoing reasons, Oracle supports Rimini's request to file the documents
14  discussed above under seal.
15
16  DATED:  October 26, 2012

                  BINGHAM MCCUTCHEN LLP

17
18
             By:   /s/ Geoffrey M. Howard
19
               Geoffrey M. Howard
               Attorneys for Plaintiffs
20
           Oracle USA, Inc., Oracle America, Inc.
             and Oracle International Corp.
21
22
23
24
25
26
27
28

ORACLE'S RESPONSE TO RIMINI'S MOTION TO SEAL PORTIONS
OF ITS OPPOSITION AND CERTAIN SUPPORTING DOCUMENTS