| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com<br><br>Attorneys for Plaintiffs Oracle USA, Inc.,<br>Oracle America, Inc. and Oracle International Corp. | BINGHAM McCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>             Plaintiffs,<br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>             Defendants. | Case No 2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S MOTION TO SEAL PORTIONS OF ITS REPLY IN SUPPORT OF ITS SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT AND CERTAIN SUPPORTING DOCUMENTS** |

A:/75235491.1

ORACLE'S MOTION TO SEAL PORTIONS OF ITS REPLY IN SUPP. OF ITS
SECOND MOT. FOR PARTIAL SUMM. J. AND CERTAIN SUPPORTING DOCUMENTS

Pursuant to the Stipulated Protective Order (Dkt. 55) and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") respectfully request that the Court order the Clerk of the Court to file certain portions of Oracle's Reply In Support Of Its Second Motion for Partial Summary Judgment (Dkt. 454, "Reply") and supporting papers (Dkts. 455-57) under seal.

**DOCUMENTS DESIGNATED BY ORACLE AS CONFIDENTIAL AND HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Oracle previously moved to seal Exhibits 2, 6, 60, and 73 to its second motion for partial summary judgment, and the corresponding parts of the motion and supporting papers. *See* Dkt. 423. Oracle now moves to seal the corresponding portions of its Reply, Reply Statement of Undisputed Facts, and Evidentiary Objections (including quotes from papers previously filed that, in turn, quote Exhibits 2, 6, 60, and 73).

As explained, Exhibit 2 is a license agreement designated "Highly Confidential - Attorneys' Eyes Only" under the Protective Order. There is a compelling reason to seal discussions of Exhibit 2 because its disclosure could interfere with Oracle's ongoing licensing efforts, which are an important part of its business. *Id.* at 3 (citing *Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338 (D. Nev. Apr. 29, 2011)); *see also Stone v. Advance America, Cash Advance Centers, Inc.*, 2011 WL 662972, *3 (S.D. Cal. Feb. 11, 2011) (sealing documents because they "might become a vehicle for improper purposes in the hands of business competitors"). Likewise, there is a compelling reason to seal discussions of Exhibits 6, 60, and 73 and the corresponding parts of the Reply and supporting papers. Exhibit 6 contains testimony by an Oracle executive about Oracle's customer licenses and licensing practices. Exhibit 60 is a written request by an Oracle customer for Oracle to ship software to the customer, detailing the customer's licensed software and contact information. Exhibit 73 contains testimony by an Oracle executive about Oracle's decisions and planning related to its competition. Oracle designated these documents Confidential because disclosure of this information could interfere with Oracle's ongoing licensing efforts, customer relationships, and/or competitive strategy. Thus, there is a compelling interest for this information to be sealed.

1

ORACLE'S MOTION TO SEAL PORTIONS OF ITS REPLY IN SUPP. OF ITS
SECOND MOT. FOR PARTIAL SUMM. J. AND CERTAIN SUPPORTING DOCUMENTS

1  Oracle also moves to seal portions of its Reply and supporting papers that discuss
2  Exhibits 1-4, 10-11 and 15 to the Declaration of Robert H. Reckers (Dkt. 443) submitted by
3  Rimini Street in support of its opposition to Oracle's second motion for partial summary
4  judgment (Dkt. 441).  As Oracle explained in its statement in support of sealing the exhibits
5  themselves, disclosure of the contents of these documents could disrupt Oracle's ongoing license
6  practices and its relationships with its customers, and could reveal sensitive internal business
7  practices.  *See* Dkt. 458.  Accordingly, there is a compelling reason to seal these portions of the
8  Reply and supporting papers as well.
9  Finally, Oracle moves to seal portions of its Reply and supporting papers that discuss
10 documents from Oracle's first motion for partial summary judgment that Oracle designated
11 Confidential or Highly Confidential.  The Court has already ordered that those documents should
12 be sealed.  *See* Dkt. 325.  Consistent with that Order, the Court should find that the
13 corresponding portions of Oracle's Reply and supporting papers should also be sealed.

14 **DOCUMENTS DESIGNATED BY RIMINI OR THIRD PARTIES AS**
15 **CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

16 Rimini or a third party assert confidentiality over Exhibits 1, 3, 7, 9-17, 19-21, 24-29, 31-
17 38, 40-54, 57-59, 61-68, 70, 72, 79, 86-89, and 94 to Oracle's second motion for partial summary
18 judgment (and corresponding parts of its supporting papers).  *See* Dkt. 423.  Oracle discusses
19 these exhibits in its Reply and supporting papers.  Oracle's Reply and supporting papers also
20 attach and discuss the following documents, which either Rimini or a third party designated as
21 either Confidential ("C") or Highly Confidential ("HC"):

| Ex. | Designation | Designation |
|---|---|---|
| J | Oracle Deposition Exhibit 1578A, introduced during the December 16, 2011 Rule 30(b)(6) deposition of Brian Slepko. | C by Rimini |
| K | Oracle Deposition Exhibit 462, introduced during the September 27, 2011 deposition of John Whittenbarger | C by Rimini |
| L | Oracle Deposition Exhibit 956, introduced during the November 18, 2011 deposition of Seth Ravin | C by Rimini |
| M | Excerpts from the November 18, 2011 deposition of S. Ravin | C by Rimini |
| N | Excerpts from the December 14, 2011 deposition of T. Black | HC by Rimini |

| | | |
|---|---|---|
| O | Excerpts from the October 12, 2011 deposition of G. Carter | HC by Rimini |
| P | Excerpts from the September 1, 2011 deposition of T. Conley | C by Rimini |
| Q | Excerpts from the December 16, 2011 deposition of A. Holmes | C by Rimini |
| R | Excerpts from the December 1, 2011 deposition of P. Simmons | HC by Third Party |

Oracle moves to seal the portions of its Reply and supporting papers that discuss these documents based on the parties' representations that they reasonably believe there is a valid basis under the Protective Order for their confidentiality designations.  Oracle is not in the position to argue that the need to seal these exhibits meets the "compelling interest" standard applicable to a dispositive motion.

Finally, Oracle moves to seal portions of its Reply and supporting papers that discuss documents from Oracle's first motion for partial summary judgment that Rimini or a third party designated Confidential or Highly Confidential.  The Court has already ordered those documents should be sealed.  *See* Dkt. 325.  Consistent with that Order, the Court should find that the corresponding portions of Oracle's Reply and supporting papers should also be sealed.

*   *   *

Oracle has submitted its Reply to the Court's public files with all other parts unredacted, which allows public access to everything except the items listed above.  Accordingly, the request to seal is narrowly tailored.  For the foregoing reasons, Oracle respectfully requests that the Court find there is a compelling interest in filing the documents discussed above under seal.

DATED:   October 26, 2012

BINGHAM MCCUTCHEN LLP

By:      /s/ Geoffrey M. Howard
Geoffrey M. Howard
Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corp.