SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 3400
Houston, Texas   77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
WAllen@LRLaw.com

*Attorneys for Defendants*
*Rimini Street, Inc., and Seth Ravin*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANT RIMINI STREET INC.'S RESPONSE TO ORACLE'S OBJECTIONS PURSUANT TO FED. R. CIV. P. 56(c)(2) TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO ORACLE'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendant Rimini Street, Inc. hereby submits responses to objections made by Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively, "Oracle") to materials submitted with Defendant's Opposition to Oracle's Second Motion for Partial Summary Judgment.

## I. LEGAL STANDARDS

### A. Rule 56(c)(2)

Rule 56(c)(2) of the Federal Rules of Civil Procedure allows a party to object to evidence that "cannot be presented in a form that would be admissible in evidence." Therefore, "[o]n summary judgment, a party need not present evidence in a form admissible at trial because at this stage, courts focus on the admissibility of the evidence's contents rather than on the admissibility of the form." *In re Agribiotech, Inc.*, 2005 U.S. Dist. LEXIS 6467, at *30 (D. Nev. Mar. 2, 2005) (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003)).

### B. Rule 26(e)(1)(A)

Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure states a party "who has responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed.R.Civ.P. 26(e)(1)(A).

### C. Rule 37(c)

Rule 37(c) of the Federal Rules of Civil Procedure provide that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Rule 37(c)(1) does not require the court, in all instances, to exclude evidence as a sanction for a late disclosure that is neither justified nor harmless. *Martin v. Collier*, 2:11-CV-00320-LRH, 2012 WL 2564890 (D. Nev. July 2, 2012) (citing *Design Strategy, Inc. v. Davis,* 469 F.3d at 296, 298, and *Allstate Ins. Co. v. Nassiri,* 2011 WL 2977127, *5–6 (D.Nev.2011).

2

RIMINI STREET'S RESPONSE TO ORACLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO ORACLE'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT
5361690 v1

## II. ORACLE'S RULE 37(C)(1) OBJECTION TO RIMINI'S RESPONSE TO ORACLE FACT 88

Oracle was fully on notice of the facts supporting Rimini's defamation claims and cannot credibly argue otherwise. During discovery, Rimini disclosed the basis for its defamation claims by, *inter alia*, identifying an email James McLeod (an Oracle Sales Manager) sent to a Rimini customer. (Dkt. 421, Ex. 68 at 3–4). This email, containing approximately one page of text, was further disclosed by Rimini in correspondence between the parties discussing Rimini's claims. (*Id.*, Ex. 72). Rimini's disclosures put Oracle squarely on notice of Rimini's intent to rely on the defamatory statements in this email, and Rimini has fully complied with the requirements of Rules 26 and 37 of the Federal Rules of Civil Procedure. The Court should overrule Oracle's objection.

It is undisputed that, in response to Oracle's interrogatory seeking to identify "each false, defamatory, or disparaging statement" upon which Rimini based its defamation claims, Rimini identified the very January 30, 2010 email that Rimini cites in response to Oracle Fact 88. (Dkt. 421, Ex. 68 at 3–4). Given this simple fact, Oracle's present objection fails. But Rimini further clarified that it would rely on this email in support of its defamation claim in correspondence between the parties – and in no way limited its contentions to the any specific passage from this email. (*Id.*, Ex. 72).[1] In light of Rimini's unambiguous disclosures, Oracle's claim that Rimini failed to disclose the full basis for its defamation claim is meritless.

Oracle attempts to dodge the fact that Rimini plainly cited Mr. McLeod's email in its discovery responses by arguing that Rimini somehow committed itself to relying only on isolated portions of this short document. This argument fails for a number of reasons. First, as noted, Oracle requested that Rimini identify each defamatory statement, and Rimini responded by citing the email-in-question. Oracle can hardly claim surprise that Rimini is now relying on the contents of this email to support its defamation claims.

---

[1] Mr. McLeod's email was produced by Oracle as ORCLRS0587677-78 and is cited in Oracle's motion and Rimini's opposition. Rimini's interrogatory response and correspondence cites the recipient's copy of the same email, which bears the Bates-numbers LC-SUB00087-LCSUB00088. *Compare* Dkt. 421, Ex. 74 with Dkt. 421, Ex. 75.

3

RIMINI STREET'S RESPONSE TO ORACLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO ORACLE'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT
5361690 v1

Nothing in Rimini's discovery responses limited Rimini's reliance on this email to the specific statements now suggested by Oracle. To the contrary, Rimini's interrogatory response stated that Mr. McLeod's email contained statements "that Rimini had obtained 'Oracle's software and related support materials through an illegal business model' including 'massive theft.'" (Dkt. 421, Ex. 68 at 3–4). Through this statement, Rimini clearly disclosed its intent to rely on the defamatory statements in Mr. McLeod's email that reiterated Oracle's allegations of illegality and theft. Tellingly, each of alleged "newly identified statements" Rimini advances in response to Oracle's Alleged Fact No. 88 easily falls within the scope of this disclosure. (*See* Dkt. 451 at 49-52). As such, Rimini has fulfilled its obligations under Rule 26, and the Court should deny Oracle's requests to exclude these defamatory statements as a discovery sanction.

Finally, even assuming that Oracle *could* establish that Rimini failed its duties under Federal Rule of Civil Procedure 26(e)(1)(A)—which it cannot—Oracle is not entitled to the requested sanctions because any such failure was harmless. Oracle concedes as much in its reply brief, stating that the "the newly-identified statements . . . each accurately paraphrases the allegations in Oracle's complaint." (Dkt. 450 at 24, n1). Indeed, it is undisputed that Rimini's discovery responses put Oracle on notice of Rimini's intent to rely on Mr. McLeod's re-publication of allegations from Oracle's complaint. (*Id.* at 24). As a result, Oracle is not harmed by Rimini's reliance on additional statements that admittedly paraphrase these same allegations. Because Oracle cannot show that Rimini failed to cite this evidence or establish any harm, Oracle's objection should be overruled.

## III.    OBJECTIONS TO PREVIOUSLY-SUBMITTED EVIDENCE

Oracle also reasserts its objections to Rimini's evidence made to previously-filed documents: (1) the Declaration Of Brooks L. Hilliard In Support Of Rimini's Opposition To Oracle's [First] Motion For Partial Summary Judgment, filed at Dkt. 264 and under seal; and (2) Exhibits 3, 11, 14, 15, 17, 19, and 24-28 (filed at Dkt. 261-62 and under seal) to the first Declaration of Robert Reckers (Dkt. 260). *See* Dkt. 286 at 4–23, 26. Rimini has already responded to these objections. *See* Dkt.

RIMINI STREET'S RESPONSE TO ORACLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO ORACLE'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT
5361690 v1

319. Rimini reasserts those same responses and hereby incorporates them by reference, as though fully set forth herein.

    Dated:   November 5, 2012                   SHOOK, HARDY & BACON, LLP

                                                       By:  */s/ Robert H. Reckers*
                                                           Robert H. Reckers, Esq

                                                  *Attorneys for Defendants*
                                                  *Rimini Street, Inc. and Seth Ravin*

RIMINI STREET'S RESPONSE TO ORACLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO ORACLE'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

5361690 v1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of November, 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: /s/ Robert H. Reckers
    Robert H. Reckers Esq.

*Attorney for Defendants
Rimini Street, Inc., and Seth Ravin*

RIMINI STREET'S RESPONSE TO ORACLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' OPPOSITION TO ORACLE'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

5361690 v1