1

2

3

4

5

6                       UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                   * * *

9   ORACLE USA, INC., a Colorado corporation; )
    ORACLE AMERICA, INC., a Delaware        )
10  corporation; and ORACLE                 )          2:10-CV-00106-LRH-PAL
    INTERNATIONAL CORPORATION, a            )
11  California corporation,                 )
                                            )
12                 Plaintiffs,              )          ORDER
                                            )
13  v.                                      )
                                            )
14  RIMINI STREET, INC., a Nevada           )
    corporation; SETH RAVIN, an individual, )
15                                          )
                   Defendants.              )
16  _____ )

17        Before the court is plaintiffs Oracle USA, Inc.; Oracle America, Inc.; and Oracle

18  International Corporation's (collectively "Oracle") objections to evidence submitted in support of

19  defendant Rimini Street, Inc.'s ("Rimini") opposition to Oracle's motion for partial summary

20  judgment (Doc. #259[1]). Doc. #283. Defendant Rimini filed a response to Oracle's objections.

21  Doc. #319.

22  **I.    Facts and Procedural History**

23        Plaintiff Oracle develops and licenses intellectual property related to computer software and

24  provides related services. Defendant Rimini is a company that provides third-party maintenance

25  and service support to companies that license Oracle's software applications.

26
    _____
          [1]Refers to the court's docket entry number.

On January 25, 2010, Oracle filed a complaint for copyright infringement against Rimini. Doc. #1. On March 30, 2012, Oracle filed a motion for partial summary judgment on several of its claims. Doc. #237. In response, Rimini filed an opposition to Oracle's motion. Doc. #259. Along with its opposition, Rimini filed several declarations and exhibits in support of its opposition. Doc. ##260, 261, 262, 263, 264. Thereafter, Oracle filed the present evidentiary objections. Doc. #283.

**II.    Discussion**

In its motion, Oracle objects to the following materials submitted with Rimini's opposition to its motion for partial summary judgment: (1) the declaration of Brooks L. Hilliard ("Hilliard") (Doc. #264); (2) exhibits 31 through 35 to the Hilliard declaration (Doc. #262); and (3) exhibits 1 through 15, 17, and 19 through 30 of the declaration of Robert Reckers ("Reckers") (Doc. ##261, 262). *See* Doc. #283. The court shall address each objection below.

**A. Objections to the Hilliard declaration and Exhibits 31 through 35**

Oracle's objections to the Hilliard declaration can be classified into two categories: (1) objections to paragraphs 1 through 5 of the declaration along with Exhibit 31 which relate to Hilliard's education and background information; and (2) objections to paragraphs 6 through 16 of the declaration along with Exhibits 32 through 35 which relate to Hilliard's opinion about licensing software industry customs. *See* Doc. #283.

**i. Paragraphs 1 through 5 and Exhibit 31**

The first five paragraphs of Hilliard's declaration identify his educational and background information. Exhibit 31 is his professional biography. Oracle objects to the information contained in these paragraphs and exhibit as irrelevant to the underlying motion and argues that the evidence should be excluded under Rule 402 of the Federal Rules of Evidence. In particular, Oracle argues that Hilliard's educational and background information is not relevant because that information does not make any fact at issue in Oracle's motion "more or less probable than it would be without the evidence." FED. R. EVID. 401(a).

2

1    The court has reviewed the documents and pleadings on file in this matter and finds that the

2    information contained in paragraphs 1 through 5 of Hilliard's declaration and Exhibit 31 to his

3    declaration is relevant information to this action. Rimini has identified Hilliard as one of its experts

4    concerning software licensing and industry customs. The challenged evidence relates directly to

5    Hilliard's "knowledge, skill, experience, training, [and] education" and is relevant and admissible

6    under Rule 702 to establish that Hilliard is "competent to given an expert opinion" in this matter.

7    FED. R. EVID. 702. Therefore, the court shall overrule Oracle's objections to this evidence.

8                    **ii. Paragraphs 6 through 16 and Exhibits 32 through 35**

9    The remaining paragraphs of Hilliard's declaration, along with Exhibits 32 through 35,

10   discuss Hilliard's opinion about the software licensing industry, its customs, and traditional

11   licensing agreements. Oracle challenges Hilliard's declaration on three basis: (1) Hilliard's

12   declaration does not demonstrate personal knowledge; (2) Hilliard's declaration contains

13   inadmissable legal conclusions; and (3) Hilliard's declaration contains inadmissable parol evidence

14   concerning Oracle's licensing agreements. *See* Doc. #283. The court addresses each challenge

15   below.

16   First, as noted above, Hilliard has been identified as Rimini's expert witness regarding the

17   software licensing industry. Under Rule 703, an expert need not have personal knowledge of the

18   underlying events on which he is giving his testimony, but rather, "may base an opinion on facts or

19   data in the case that the expert has been made aware of." FED. R. EVID. 703. Here, prior to his

20   declaration, Hilliard was provided with copies of Oracle's licensing agreements and other key facts

21   of this action. Therefore, he may properly offer his opinion as an expert at this time.

22   Second, the court agrees that Hilliard's declaration contains some legal conclusions that are

23   within the purview of the court. However, rather than striking entire paragraphs from Hilliard's

24   declaration, the court finds the more appropriate solution is to disregard any legal conclusions

25   when considering the parties' briefing on the underlying motion for partial summary judgment.

26   ///

1   Finally, as to Oracle's argument that Hilliard's declaration contains improper parol

2   evidence, the court disagrees. This action involves the application of California law. In California,

3   courts recognize a broad exception to the parol evidence rule. In particular, "[e]xtrinsic evidence is

4   admissible to demonstrate that there is an ambiguity in an instrument and for the purpose of

5   construing this ambiguity." *Adobe Sys. Inc. v. One Stop Micro, Inc.*, 84 F. Supp. 2d 1086, 1090

6   (N.D. Cal. 2000). Acceptable extrinsic evidence includes industry customs, course of dealing

7   between the parties, and course of performance. *See Miller v. Glen Miller Prods., Inc.*, 454 F.3d

8   975, 989 (9th Cir. 2006).

9   In this action, Rimini has raised affirmative defenses of both express and implied license

10  and thus, the licensing agreements are properly before the court. As part of these defenses, Rimini

11  argues that Oracle's licensing contracts are ambiguous. It would be improper to foreclose Rimini's

12  affirmative defenses solely on evidentiary grounds. Therefore, the court finds that Rimini should be

13  allowed to present the identified evidence concerning the licensing agreements and industry

14  customs, especially in light of California's broad exception to the parol evidence rule. Accordingly,

15  the court shall overrule Oracle's objections.

16  **B.  Objections to the Reckers declaration**

17      **i. Exhibit 3**

18  Exhibit 3 to the Reckers declaration contains excerpts from the deposition of Paul

19  Simmons. Oracle objects to this exhibit as irrelevant and improper parol evidence. The court

20  disagrees.

21  First, the deposition discusses the industry practices of both Rimini and its clients, practices

22  that the court finds are relevant to the claims at issue in this action. Second, as addressed above, the

23  court finds that based on the broadly construed parol evidence rule, this evidence is admissible for

24  the purposes of establishing whether an ambiguity exists in Oracle's licensing agreements.

25  Therefore, the court shall overrule this objection.

26  ///

4

1

### ii. Exhibit 4

2    Exhibit 4 contains various statements from non-party Cedar Crestone, or its employees,

3   along with statements by the Oklahoma City Municipal Facilities Authority. Oracle argues that

4   these statements are irrelevant to the present action and contain inadmissible hearsay. However,

5   the identified statements are not being offered for the truth of the matter asserted. Rather, they are

6   being offered to show certain industry customs in the software licensing industry and on that basis,

7   the court finds that Exhibit 4 is relevant. Therefore, the court shall overrule this objection.

8

### iii. Exhibits 9, 29, and 30

9    Exhibit 9 to the Reckers declaration is an alleged copy of Rimini's service agreement with

10   the City of Flint. Exhibit 29 is an alleged copy of a similar service agreement with Giant Cement

11   Holdings, Inc. Finally, Exhibit 30 is an alleged copy of Rimini's service agreement with the School

12   District of Pittsburgh. Oracle challenges these exhibits on the basis that they are unsigned,

13   unauthenticated documents. The court agrees.

14   Although Rimini argues that these exhibits are just the unexecuted drafts of the final

15   contract, the court finds that they are not admissible evidence of the final contracts as they do not

16   constitute an original writing under Rule 1002. *See* FED. R. EVID. 1002. Therefore, the court shall

17   sustain Oracle's objections and strike these exhibits.

18

### iv. Exhibits 1-2, 5-8, 10-15, 17, and 19-28 to the Reckers declaration

19   Oracle argues that the remaining challenged exhibits to the Reckers declaration contain

20   improper parol evidence. As addressed above, the court finds that the identified parol evidence is

21   admissible at this time to demonstrate the existence of an ambiguity in Oracle's licensing

22   agreements. Accordingly, the court shall overrule Oracle's objections to these exhibits.

23   ///

24   ///

25   ///

26

1       IT IS THEREFORE ORDERED that plaintiff's objections to evidence (Doc. #283) are

2  OVERRULED in-part and SUSTAINED in-part in accordance with this order. Exhibits 3, 29, and

3  30 to the declaration of Robert Reckers are STRICKEN.

4       IT IS SO ORDERED.

5       DATED this 12th day of August, 2013.

 

 

                           _____

                           LARRY R. HICKS
                           UNITED STATES DISTRICT JUDGE

6