UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | 2:10-CV-00106-LRH-PAL<br><br><u>AMENDED ORDER</u> |

Before the court is plaintiffs Oracle USA, Inc.; Oracle America, Inc.; and Oracle International Corporation's (collectively "Oracle") objections to evidence submitted in support of defendant Rimini Street, Inc.'s ("Rimini") opposition to Oracle's motion for partial summary judgment (Doc. #259[1]). Doc. #283. Defendant Rimini filed a response to Oracle's objections. Doc. #319.

**I.   Facts and Procedural History**

Plaintiff Oracle develops and licenses intellectual property related to computer software and provides related services. Defendant Rimini is a company that provides third-party maintenance and service support to companies that license Oracle's software applications.

---

[1] Refers to the court's docket entry number.

On January 25, 2010, Oracle filed a complaint for copyright infringement against Rimini. Doc. #1. On March 30, 2012, Oracle filed a motion for partial summary judgment on several of its claims. Doc. #237. In response, Rimini filed an opposition to Oracle's motion. Doc. #259. Along with its opposition, Rimini filed several declarations and exhibits in support of its opposition. Doc. ##260, 261, 262, 263, 264. Thereafter, Oracle filed the present evidentiary objections. Doc. #283.

**II.    Discussion**

In its motion, Oracle objects to the following materials submitted with Rimini's opposition to its motion for partial summary judgment: (1) the declaration of Brooks L. Hilliard ("Hilliard") (Doc. #264); (2) exhibits 31 through 35 to the Hilliard declaration (Doc. #262); and (3) exhibits 1 through 15, 17, and 19 through 30 of the declaration of Robert Reckers ("Reckers") (Doc. ##261, 262). *See* Doc. #283. The court shall address each objection below.

**A. Objections to the Hilliard declaration and Exhibits 31 through 35**

Oracle's objections to the Hilliard declaration can be classified into two categories: (1) objections to paragraphs 1 through 5 of the declaration along with Exhibit 31 which relate to Hilliard's education and background information; and (2) objections to paragraphs 6 through 16 of the declaration along with Exhibits 32 through 35 which relate to Hilliard's opinion about licensing software industry customs. *See* Doc. #283.

**i. Paragraphs 1 through 5 and Exhibit 31**

The first five paragraphs of Hilliard's declaration identify his educational and background information. Exhibit 31 is his professional biography. Oracle objects to the information contained in these paragraphs and exhibit as irrelevant to the underlying motion and argues that the evidence should be excluded under Rule 402 of the Federal Rules of Evidence. In particular, Oracle argues that Hilliard's educational and background information is not relevant because that information does not make any fact at issue in Oracle's motion "more or less probable than it would be without the evidence." FED. R. EVID. 401(a).

2

The court has reviewed the documents and pleadings on file in this matter and finds that the information contained in paragraphs 1 through 5 of Hilliard's declaration and Exhibit 31 to his declaration is relevant information to this action. Rimini has identified Hilliard as one of its experts concerning software licensing and industry customs. The challenged evidence relates directly to Hilliard's "knowledge, skill, experience, training, [and] education" and is relevant and admissible under Rule 702 to establish that Hilliard is "competent to given an expert opinion" in this matter. FED. R. EVID. 702. Therefore, the court shall overrule Oracle's objections to this evidence.

### ii. Paragraphs 6 through 16 and Exhibits 32 through 35

The remaining paragraphs of Hilliard's declaration, along with Exhibits 32 through 35, discuss Hilliard's opinion about the software licensing industry, its customs, and traditional licensing agreements. Oracle challenges Hilliard's declaration on three basis: (1) Hilliard's declaration does not demonstrate personal knowledge; (2) Hilliard's declaration contains inadmissable legal conclusions; and (3) Hilliard's declaration contains inadmissable parol evidence concerning Oracle's licensing agreements. *See* Doc. #283. The court addresses each challenge below.

First, as noted above, Hilliard has been identified as Rimini's expert witness regarding the software licensing industry. Under Rule 703, an expert need not have personal knowledge of the underlying events on which he is giving his testimony, but rather, "may base an opinion on facts or data in the case that the expert has been made aware of." FED. R. EVID. 703. Here, prior to his declaration, Hilliard was provided with copies of Oracle's licensing agreements and other key facts of this action. Therefore, he may properly offer his opinion as an expert at this time.

Second, the court agrees that Hilliard's declaration contains some legal conclusions that are within the purview of the court. However, rather than striking entire paragraphs from Hilliard's declaration, the court finds the more appropriate solution is to disregard any legal conclusions when considering the parties' briefing on the underlying motion for partial summary judgment.

///

3

Finally, as to Oracle's argument that Hilliard's declaration contains improper parol evidence, the court disagrees. This action involves the application of California law. In California, courts recognize a broad exception to the parol evidence rule. In particular, "[e]xtrinsic evidence is admissible to demonstrate that there is an ambiguity in an instrument and for the purpose of construing this ambiguity." *Adobe Sys. Inc. v. One Stop Micro, Inc.*, 84 F. Supp. 2d 1086, 1090 (N.D. Cal. 2000). Acceptable extrinsic evidence includes industry customs, course of dealing between the parties, and course of performance. *See Miller v. Glen Miller Prods., Inc.*, 454 F.3d 975, 989 (9th Cir. 2006).

In this action, Rimini has raised affirmative defenses of both express and implied license and thus, the licensing agreements are properly before the court. As part of these defenses, Rimini argues that Oracle's licensing contracts are ambiguous. It would be improper to foreclose Rimini's affirmative defenses solely on evidentiary grounds. Therefore, the court finds that Rimini should be allowed to present the identified evidence concerning the licensing agreements and industry customs, especially in light of California's broad exception to the parol evidence rule. Accordingly, the court shall overrule Oracle's objections.

**B.  Objections to the Reckers declaration**

**i. Exhibit 3**

Exhibit 3 to the Reckers declaration contains excerpts from the deposition of Paul Simmons. Oracle objects to this exhibit as irrelevant and improper parol evidence. The court disagrees.

First, the deposition discusses the industry practices of both Rimini and its clients, practices that the court finds are relevant to the claims at issue in this action. Second, as addressed above, the court finds that based on the broadly construed parol evidence rule, this evidence is admissible for the purposes of establishing whether an ambiguity exists in Oracle's licensing agreements. Therefore, the court shall overrule this objection.

///

4

#### ii. Exhibit 4

Exhibit 4 contains various statements from non-party Cedar Crestone, or its employees, along with statements by the Oklahoma City Municipal Facilities Authority. Oracle argues that these statements are irrelevant to the present action and contain inadmissable hearsay. However, the identified statements are not being offered for the truth of the matter asserted. Rather, they are being offered to show certain industry customs in the software licensing industry and on that basis, the court finds that Exhibit 4 is relevant. Therefore, the court shall overrule this objection.

#### iii. Exhibits 9, 29, and 30

Exhibit 9 to the Reckers declaration is an alleged copy of Rimini's service agreement with the City of Flint. Exhibit 29 is an alleged copy of a similar service agreement with Giant Cement Holdings, Inc. Finally, Exhibit 30 is an alleged copy of Rimini's service agreement with the School District of Pittsburgh. Oracle challenges these exhibits on the basis that they are unsigned and unauthenticated documents. The court agrees.

Although Rimini argues that Exhibits 9 and 30 are just the unexecuted drafts of the final contract, the court finds that they are not admissible evidence of the final contracts as they do not constitute an original writing under Rule 1002. *See* FED. R. EVID. 1002. As to Exhibit 29, the court finds that this document is not properly authenticated to prove that it in fact is the final, signed copy of the service agreement between Rimini and Giant Cement Holdings, Inc. The document is not self-authenticating and there is no declaration from anyone with knowledge, like a signing party or a witness to the contract, attesting to the accuracy of the contract and the authenticity of the signatures. Therefore, the court shall sustain Oracle's objections and strike these challenged exhibits.

#### iv. Exhibits 1-2, 5-8, 10-15, 17, and 19-28 to the Reckers declaration

Oracle argues that the remaining challenged exhibits to the Reckers declaration contain improper parol evidence. As addressed above, the court finds that the identified parol evidence is

5

admissible at this time to demonstrate the existence of an ambiguity in Oracle's licensing agreements. Accordingly, the court shall overrule Oracle's objections to these exhibits.

IT IS THEREFORE ORDERED that plaintiff's objections to evidence (Doc. #283) are OVERRULED in-part and SUSTAINED in-part in accordance with this order. Exhibits 9, 29, and 30 to the declaration of Robert Reckers are STRICKEN.

IT IS SO ORDERED.

DATED this 16th day of August, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE