UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| ORACLE USA, INC.; et al., | ) | |
| Plaintiffs, | ) | 2:10-CV-00106-LRH-PAL |
| v. | ) | |
| | ) | ORDER |
| RIMINI STREET, INC.; et al., | ) | |
| Defendants. | ) | |

Before the court is plaintiffs Oracle USA, Inc.; Oracle America, Inc.; and Oracle International Corporation's (collectively "Oracle") objections to evidence submitted in support of defendant Rimini Street, Inc.'s ("Rimini") opposition to Oracle's second motion for partial summary judgment (Doc. #405[1]). Doc. #453. Defendant Rimini filed a response to Oracle's objections. Doc. #461.

**I.     Facts and Procedural History**

Plaintiff Oracle develops and licenses intellectual property related to computer software and provides related services. Defendant Rimini is a company that provides third-party maintenance and service support to companies that license Oracle's software applications.

On January 25, 2010, Oracle filed a complaint for copyright infringement against Rimini. Doc. #1. On September 14, 2012, Oracle filed its second motion for partial summary judgment.

---

[1]Refers to the court's docket entry number.

1  Doc. #405. In response, Rimini filed an opposition to Oracle's motion. Doc. #436. Along with its
2  opposition, Rimini filed several exhibits in support of its opposition (Doc. #437) and referenced
3  additional exhibits previously submitted to the court in support of its opposition to Oracle's first
4  motion for partial summary judgment (Doc. ##260, 261, 262, 263, 264). Thereafter, Oracle filed
5  the present evidentiary objections. Doc. #453.

**II.   Discussion**

In its motion, Oracle seeks to exclude (1) newly identified statements in support of Rimini's counterclaims for defamation and trade disparagement; and (2) certain documents originally filed in support of Rimini's opposition to Oracle's first motion for partial summary judgment. *See* Doc. #453. The court shall address both evidentiary issues below.

**A. New Allegations of Defamation**

In its opposition to Oracle's second motion for partial summary judgment, Rimini identified several statements contained in an email written by Oracle employee James McLeod ("McLeod") supporting its defamation counterclaim. Oracle contends that Rimini failed to disclose all but one of these statements during discovery,[2] and therefore, the court should exclude the other alleged defamatory statements under Rule 37 of the Federal Rules of Civil Procedure.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that if a party fails to provide information as required by either Rule 26(a) or Rule 26(e), that party is not entitled to use that information at trial unless the failure was substantially justified or harmless. FED. R. CIV. P. 37(c)(1). The burden is upon the disclosing party to show that the failure to disclose information or witnesses was justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,

---

[2] In its objections, Oracle concedes that Rimini properly disclosed the following allegedly defamatory statement during discovery: "on January 30, 2010, James McLeod, a Regional Services Sales Manager for Oracle, sent an e-mail to Kerry Fogarty, a Vice President at Liz Claiborne, Inc., containing statements that Rimini Street had obtained 'Oracle's software and related support materials through an illegal business model,' including 'massive theft.'" *See* Doc. #421, Exhibit 68, Rimini's Supplemental Response to Oracle's Interrogatory #88, p. 4.

2

1  259 F.3d 1101, 1107 (9th Cir.2001). The Ninth Circuit has identified several factors that a district
2  court may consider in deciding whether to impose Rule 37 sanctions. Those factors include: (1) the
3  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
4  (3) the risk of prejudice to the other parties; (4) the public policy favoring disposition of cases on
5  their merits; and (5) the availability of less drastic sanctions. *See Wendt v. Host International, Inc.*,
6  125 F.3d 806, 814 (9th Cir. 1997).

7        In its interrogatories, Oracle asked Rimini to identify each false, defamatory, or disparaging
8  statement upon which its defamation claim was based. In its response to the interrogatory, Rimini
9  identified the entire McLeod email including statements made by McLeod about Rimini's "massive
10 theft" of Oracle's intellectual property. Further, Rimini clarified in its supplemental response that
11 it was relying on the entire email in support of its defamation claim and never stated that it was
12 limiting its contentions to the one specifically cited passage of the email. The court finds that this
13 disclosure was sufficient to put Oracle on notice of all the allegedly defamatory statements
14 contained in the email. Therefore, the court shall not exclude the additional allegedly defamatory
15 statements raised in Rimini's opposition to Oracle's second motion for partial summary judgment.

16     **B.  Prior Evidentiary Issues**

17       In its opposition, Rimini relies on evidence previously filed in support of its opposition to
18 Oracle's first motion for partial summary judgment which was the subject of a previous set of
19 objections. *See* Doc. #283. Oracle now reasserts the same evidentiary objections to that evidence.
20 The court has already addressed the challenged evidence in detail in a prior order. *See* Doc. #470.
21 As no new objections have been raised as to this evidence, the court's prior order on that evidence
22 shall stand.
23 ///
24 ///
25 ///
26 ///

3

IT IS THEREFORE ORDERED that plaintiff's objections to evidence (Doc. #453) are OVERRULED in accordance with this order.

IT IS SO ORDERED.

DATED this 6th day of May, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE