| | |
|---|---|
| SHOOK, HARDY & BACON LLP | GREENBERG TRAURIG |
| B. Trent Webb, Esq. (*pro hac vice*) | Mark G. Tratos, Esq. (Nevada Bar No. 1086) |
| 2555 Grand Boulevard | Brandon Roos, Esq. (Nevada Bar No. 7888) |
| Kansas City, Missouri 64108-2613 | Leslie Godfrey, Esq. (Nevada Bar No. 10229) |
| Telephone: (816) 474-6550 | 3773 Howard Hughes Parkway |
| Facsimile: (816) 421-5547 | Suite 400 North |
| bwebb@shb.com | Las Vegas, NV 89169 |
| | Telephone:  (702) 792-3773 |
| Robert H. Reckers, Esq. (*pro hac vice*) | Facsimile:  (702) 792-9002 |
| 600 Travis Street, Suite 3400 | tratosm@gtlaw.com |
| Houston, Texas   77002 | roosb@gtlaw.com |
| Telephone: (713) 227-8008 | godfreyl@gtlaw.com |
| Facsimile: (713) 227-9508 | |
| rreckers@shb.com | LEWIS ROCA ROTHGERBER LLP |
| | W. West Allen (Nevada Bar No. 5566) |
| | 3993 Howard Hughes Parkway, Suite 600 |
| | Las Vegas, Nevada 89169 |
| | Tel: (702) 949-8200 |
| | Fax: (702) 949-8398 |
| *Attorneys for Defendants* | WAllen@lrrlaw.com |
| *Rimini Street, Inc., and Seth Ravin* | |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**MOTION BY DEFENDANT RIMINI STREET, INC. FOR CLARIFICATION OF AUGUST 13, 2014 ORDER (DKT. 476) REGARDING RIMINI'S FIRST COUNTERCLAIM (DEFAMATION)** |

      Defendant Rimini Street, Inc. ("Rimini") respectfully moves the Court to clarify its Order granting summary judgment to Oracle on Rimini's first counterclaim (for defamation), in accordance with Federal Rule of Civil Procedure 59(e) and the Court's inherent authority. This motion is based

RIMINI STREET INC.'S MOTION FOR CLARIFICATION OF THE AUGUST 13, 2014 ORDER  (DKT. 476)
REGARDING RIMINI'S FIRST COUNTERCLAIM

6490095 v1

1  on the Notice of Motion and Motion, the Memorandum of Points and Authorities, the accompanying
2  exhibits, the pleadings on file in this action, the Declaration of B. Trent Webb, and on such other
3  matters presented to the court at the time of any hearing.

### INTRODUCTION

5  Oracle's motion for summary judgment did not put the willfulness of Rimini's acts at issue
6  and theft is not an issue in this case. Yet, Oracle is now using this Court's order as a presumptive
7  finding on both.

8  The Court deemed Oracle's allegedly defamatory statements resembled the truth sufficiently
9  enough to not be defamatory as a matter of law (even though not literally true). [Dkt. 476 at 29:24-
10 30:5.] But the Order further stated that "[i]t is undisputed that Rimini engaged in theft of Oracle's
11 intellectual property" and concluded that, because Rimini infringed Oracle's copyrights, "it is true
12 that Rimini has engaged in theft of Oracle's intellectual property." [*Id.* at 29:21-22, 30:11-12.] These
13 statements run counter to established Supreme Court precedent related to issues of theft and willful
14 infringement—matters not at issue in the pending motion. Accordingly, Rimini understands these
15 statements are not findings of fact and do not constitute the Court's holding. As shown below,
16 Oracle believes otherwise.

17 The Court's statements concerning Rimini's supposed theft are causing confusion with
18 Rimini's clients in the marketplace and for determining what issues remain for the jury and
19 necessitate clarification. Theft of Oracle's intellectual property was not pleaded, not at issue in the
20 summary judgment motion, and not supported by any evidence. Nonetheless, Oracle and its trial
21 counsel are publicly proclaiming that this Court made a presumptive finding of theft. Oracle is
22 further using the Court's opinion in its own statements in the press and, through Oracle's counsel, in
23 statements made directly to Rimini's current clients and is interfering with Rimini's contractual
24 relationship with its clients and Rimini's right to fairly compete. Finally, clarification of the issues in
25 advance of trial will clarify for both parties that intent and willfulness remain for decision by the
26 jury.

27 Therefore, Rimini respectfully suggests the Court should clarify the Order to make clear that,

in its August 13 Opinion:

    (1)   The Court did not hold or find that Rimini committed any act of intentional theft; and

    (2)   The Court did not hold or find that Rimini engaged in any act of willful infringement.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    Background.**

On August 13, 2014, the Court entered an Order (Dkt. 476) granting Oracle's second motion for partial summary judgment (Dkt. 405) addressing Oracle's first cause of action (for copyright infringement) and a number of Rimini's affirmative defenses and its defamation counterclaim. Rimini's defamation counterclaim arose from Oracle's statements that Rimini engaged in a "massive theft" of Oracle's intellectual property. In granting Oracle's motion as to the defamation counterclaim, the Court held Oracle's statements resembled the truth enough that they were not defamatory as a matter of law.

The Court colloquially[1] equated theft with infringement, noting "[i]t is undisputed that Rimini engaged in theft of Oracle's intellectual property by repeatedly making multiple copies of Oracle's copyrighted Enterprise Software programs," and concluding that "because the court has found that Rimini engaged in copyright infringement, it is true that Rimini has engaged in theft of Oracle's intellectual property." [Dkt. 476 at 29:15-30:13.] Rimini understands these statements are not holdings of fact because (1) *theft* and the specific intent necessary to support a finding of theft were not at issue in Oracle's summary judgment motion and (2) the Supreme Court has held copyright infringement is not theft.

Theft has not been pled by Oracle, and Rimini's intent to commit theft was not at issue in the summary judgment motion. Nonetheless, Oracle is publicly representing the Court's statements as presumptive findings of Rimini's guilt of theft. Oracle's trial counsel has even directly

---

[1]    "While one may colloquially like infringement with some general notion of wrongful appropriation, infringement plainly implicates a more complex set of property interests than does run-of-the-mill theft, conversion, or fraud." *Dowling v. United States*, 473 U.S. 207, 217-18 (1985).

1   communicated with Rimini's current customers and asserted Rimini is untrustworthy because the
2   Court held that Rimini "engaged in a massive theft of Oracle's intellectual property." Oracle made
3   these representations even though Rimini has given Oracle proof through supplemental discovery
4   that Rimini has (since the Court's February 13 Order) modified its practices to conform with the
5   Court's Order and to ensure non-infringement.

6   With trial still pending, clarification is needed concerning the issues still remaining for
7   decision by the jury following the August 13 Order.

8   **II.    Clarification of the August 13 Order is Needed.**

9   Courts possess the inherent power to clarify a prior interlocutory order for good cause. *See*
10  *Carney v. Nevada ex rel. Dep't of Educ.*, No. 03:05-cv-00713-LRH-RAM, 2007 WL 3256573 at *1-
11  2 (D. Nev. Oct. 31, 2007) (clarifying a prior order mischaracterized by a party). Rimini asks for
12  clarification of a point tangential to the issues presented in Oracle's summary judgment motion—
13  whether Rimini acted with the intent necessary to be guilty of theft under Nevada law. That
14  clarification is necessary because of Oracle's ongoing and increasing public representations of the
15  Court's supposed finding of "theft" of intellectual property.

16  The Court's August 13 Order granted summary judgment to Oracle on Rimini's first
17  counterclaim. Rimini understands the Order to hold Oracle's statements resembled the truth
18  sufficiently [even though not literally true] such that Rimini cannot sustain its defamation claim as a
19  matter of law.

20  Oracle, however, characterizes the Order to be a definitive *finding* that Rimini had the
21  requisite intent to commit theft under Nevada law. But Oracle's interpretation must be wrong—if
22  Oracle were correct, the Order would be predicated on clear error (as demonstrated below). In truth,
23  the Order simply granted summary judgment as to a defamation claim. Because Rimini's intent was
24  not before the Court—and because it will be at issue for the jury at trial—Rimini asks the Court to
25  clarify the August 13 Order.

### A. A Finding of Copyright Infringement Does Not Mean Rimini Committed Theft.

In both the February 13, 2014 Order [Dkt. 474 (regarding Oracle's PeopleSoft, J.D. Edwards, and Seibel-branded Enterprise Software programs)] and the August 13 Order [Dkt. 476 (regarding Oracle Database)], the Court granted, in part, summary judgment on Oracle's claim for copyright infringement. [Dkt. 474 at 4:17-6:21; Dkt. 476 at 5:5-6:14.] Because copyright infringement is a strict liability tort, *Educ. Testing Svc. v. Simon*, 95 F. Supp. 2d 1081, 1087 (C.D. Cal. 1999), Rimini's willfulness or intent were not at issue.[2]

Indeed, Oracle has not even pled a cause of action for theft. "Theft" is statutorily-defined in Nevada to require a defendant to "knowingly" control another's property to the exclusion of the owner. Nev. Rev. Stat. § 205.0832. Exercising control requires an actor "to act so as to prevent a person from using his or her own property except on the actor's terms." Nev. Rev. Stat. § 205.0823. Because theft requires "knowing" conduct, a defendant's actions must have been intentional, deliberate, or designed—as contrasted with accidental, inadvertent, or innocent. *Cf. Robey v. State*, 611 P.2d 209, 210 (Nev. 1980); *cf. also Harvey v. State*, 375 P.2d 225, 226 (Nev. 1962) ("Nevada law is settled that, to constitute larceny, there must exist in the mind of the perpetrator, at the time of the taking, the specific intent to permanently deprive the owner of his property.").

Oracle did not claim any Rimini customer ever received Oracle software that it had not paid for, or that Oracle had been deprived of its use of any copyrighted material. Neither of Oracle's summary judgment motions presented evidence that Rimini intended to deprive Oracle of its property. Any representation by Oracle that the Court had made a finding of intentional theft, therefore, is not supported by the evidence and misconstrues the Court's August 13 Order. *See Gregg v. Am. Quasar Petrol. Co.*, 840 F.Supp. 1394, 1401 (D. Colo. 1991) (Rule 59(e) motions are appropriate when the court "has made a decision outside the adversarial issues presented").

---

[2] "Generally, a determination as to willfulness requires an assessment of a party's state of mind, a factual issue that is not usually susceptible to summary judgment. Rather, the determination of willfulness is ordinarily a question of fact for the jury." *UMG Recordings, Inc. v. Disco Azteca Distribs., Inc.*, 446 F.Supp.2d 1164, 1167 (E.D. Cal. 2006) (citations and internal punctuation omitted).

Importantly, the Court's infringement analysis did not examine Rimini's supposed intent to *steal* Oracle's copyrighted software. Both Orders merely found Rimini liable based on conduct the Court deemed inconsistent with an applicable license. [*See* Dkt. 474 at 6:6-17; Dkt. 476 at 5:18-6:11, 9:1-5, 12:6-13:24.] The Court did not attribute Rimini's conduct to anything more sinister than a dispute over the bounds of a license. Where a party reasonably believes its conduct was permitted under a license, its infringement cannot be called willful. *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012) (citations omitted).

Nonetheless, in the context of a defamation counterclaim, the August 13 Order suggested that the complained-of copyright infringement might be equated with "theft of Oracle's intellectual property." [Dkt. 476 at 29:15-30:13.]

The cases relied on in the Order to support this association were cited by Oracle in its Reply brief. However, the passages cited in the two cases are dicta,[3] not law, and neither case stands for the legal proposition that Oracle now attributes to the Court's ruling—that infringement is equivalent of theft.

Directly contrary to the cases Oracle cited to the Court, the Supreme Court found copyright infringement and criminal theft *are not* the same. In *Dowling v. United States*, 473 U.S. 207 (1985), the Court considered the appeal of a copyright infringer's conviction under the National Stolen Property Act. The Court considered and rejected the Government's argument that the unauthorized use of copyrighted information renders the information stolen, converted, or taken by fraud (as required for a conviction under the NSPA). *Id.* at 208, 214-16. The Court distinguished a copyright from "ordinary chattel" by observing that "[a] copyright, like other intellectual property, comprises a series of carefully defined and carefully delineated interests to which the law affords correspondingly exact protections" but does not grant its "owner complete control over all possible uses of his work." *Id.* at 216-17 (quotation omitted). Thus, "interference with copyright does not easily equate with theft, conversion, or fraud." *Id.* at 217. Though infringement might "colloquially"

---

[3] *Export Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1472 (statements not necessary to decision are dicta and have no binding or precedential impact).

- 6 -

be equated with "some general notion of wrongful appropriation," *infringement* is a "term of art" that "plainly implicates a more complex set of property interests than does run-of-the-mill theft, conversion, or fraud." *Id.* at 217-18. In other words, *copyright infringement is not theft* (even though the two may be equated "colloquially").

Oracle did not address *Dowling* in its Reply. Instead, it relied on dicta from *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.* and *Polar Bear Productions, Inc. v. Timex Corporation*, which also were relied upon in the August 13 Order. [Reply, Dkt. 454 (Under Seal) at 18:6-21; Order, Dkt. 476 at 30:6-13.] Neither case has precedential value and neither supports the conclusion that infringement may be equated with theft.

The passage Oracle relied on in *Grokster* is dicta from a concurring opinion and not law. In *Grokster*, defendants were shown to have "clearly voiced the objective" that users of their free software "use it to download copyrighted works, and each took active steps to encourage infringement." 545 U.S. 913, 923-24 (2005). The *Grokster* defendants' culpability may have provided justification for Justice Breyer's statement—mere *dicta* in his concurring opinion[4]—that "deliberate unlawful copying is no less an unlawful taking of property than a garden-variety theft," *id.* at 961 (Breyer, J., concurring). That statement, even if it were not dicta in a concurring opinion, is a far cry from an endorsement of the principle that every infringement is intentional theft as Oracle and its trial counsel now represent this Court has held.

Oracles' reliance on *Polar Bear Productions*, 384 F.3d 700 (9th Cir. 2004), is also dicta and thus similarly flawed. As with *Grokster*, *Polar Bear* dealt with a defendant's intentional use of the plaintiff's copyrighted material. *Id.* at 704. At issue, though, was the amount of damages resulting from the infringement under 17 U.S.C. § 504(b). Rejecting one of defendant's contentions on appeal, the Ninth Circuit made a passing comment likening the defendant's position to that of an "ordinary thief" contesting the jury's valuation. *Id.* at 709. But there was no claim Timex actually stole any

---

[4] A concurring opinion is, itself, in the nature of dicta and not controlling. *See Caruso v. Yamhill County*, 422 F.3d 848, 857 (9th Cir. 2005) (distinguishing the precedential value of a Rehnquist concurrence).

property; instead, the Ninth Circuit's remark was a "colloquialism" as the Supreme Court observed in *Dowling*. But off-hand remarks do not supplant actual precedent, and colloquialisms are not findings of fact.

Because Oracle is representing the Court's Order in a manner contrary to Supreme Court precedent, the Court should clarify the August 13 Order to make clear that (1) the Court did not hold or find that Rimini committed any act of intentional theft, and (2) the Court did not hold or find that Rimini engaged in any act of willful infringement.

### III.     Clarification Will Define the Issues for Trial and Prevent Unfair Harm to Rimini In The Marketplace.

The issue of Rimini's willfulness (and the requisite intent underlying such a finding) was not before the Court in Oracle's second summary judgment motion. Because Rimini's intent *will* be an issue at trial, the Order should be clarified to make clear that Rimini's intent has not been decided or pre-judged by the Court. The issue of Rimini's willfulness falls squarely within the province of the jury. *See UMG Recordings*, 446 F.Supp.2d at 1167. The question of theft is not at issue in this civil action.

Immediately following the Court's Order, Oracle issued a press release proclaiming that the Court held Rimini "Engaged in 'Massive Theft' of Oracle's Intellectual Property." [Declaration of B. Trent Webb, Ex. 1.] This representation has been widely reported in industry media and to Rimini's customers. Indeed, once such media report states "Oracle has kindly let the world know about what it considers the best bits," including a "quote to the effect that 'Rimini has engaged in massive theft of Oracle's intellectual property are true' and . . . 'It is undisputed that Rimini engaged in theft of Oracle's intellectual property.'" *E.g.*, Simon Sharwood, *Oracle claims knockout blow in IP lawsuit: Judge says Rimini Street pinched Larry's goodies*, The Register (Aug. 15, 2014), http://www.theregister.co.uk/2014/08/15/oracle_claims_mortal_blow_in_ip_lawsuit, attached to Webb Decl. as Ex. 2.

As shown in the following chart, this publication is only the tip of the iceberg:

| Title | Available at | Webb Decl. Ex. |
|---|---|---|
| *Rimini Street did steal Oracle's intellectual property, judge says.* | http://www.networkworld.com/article/2465701/rimini-street-did-steal-oracles-intellectual-property-judge-says.html#tk.rss_all | 3 |
| *Rimini Infringed Oracle's Database Copyrights, Says Court: US District Court dismisses Rimini Street's counterclaims of defamation and unfair trade practices, agrees that it engaged in 'massive theft' of Oracle's intellectual property as trial moves closer.* | http://www.informationweek.com/software/enterprise-applications/rimini-infringed-oracles-database-copyrights-says-court/d/d-id/1298079 | 4 |
| *Oracle lands blow in fight against cut-price support firm.* | http://www.channelweb.co.uk/crn-uk/news/2360617/oracle-lands-blow-in-fight-against-cut-price-support-firm | 5 |
| *Oracle bests Rimini Street in latest lawsuit ruling.* | http://www.zdnet.com/oracle-bests-rimini-street-in-latest-lawsuit-ruling-7000032665/ | 6 |
| *Oracle wins key legal ruling in long-running Rimini Street IP legal battle* | http://www.v3.co.uk/v3-uk/news/2360561/oracle-wins-key-ruling-in-long-running-rimini-street-ip-legal-battle | 7 |
| *Stuck between a rock and a hard place: How to renegotiate software contracts.* | http://www.computerweekly.com/news/2240227105/How-to-renegotiate-major-software-licensing-contracts | 8 |
| *Oracle scores another win against Rimini in copyright fight.* | http://www.itworldcanada.com/article/oracle-scores-another-win-against-rimini-in-copyright-fight/96478 | 9 |

Each of the articles above echo Oracle's characterization of the August 13 Order by referring to Rimini as a thief. Many more examples of Oracle's assertions of Rimini's thievery are publicly available.

  Oracle has taken its representations even further, by communicating (through Oracle's trial counsel) with Rimini's customers and informing them of the Court's supposed finding of "massive theft." [Email from Z. Hill to S. Cochrane (Aug. 20, 2014), Webb Decl. Ex. 10; Letter from Z. Hill to A. Cormier (Aug. 21, 2014), Webb Decl. Ex. 11.] Importantly, some of Oracle's communications (through counsel) are directed to Rimini's clients for Rimini *products unrelated to those at issue in this litigation* and thus for *products never adjudged to have been infringing*. Simply put, Oracle and

its counsel are using the Court's Order to interfere with Rimini's contracts with its customers and to unfairly compete in the marketplace.

The wide reporting of Oracle's representation of the Court's ruling, coupled with direct contact of Rimini's clients by Oracle's counsel to represent the Court's Order as a finding of theft, is causing Rimini harm in the marketplace. By clarifying the Order to confirm that the Court made no finding of intent, the Court will prevent further unfair harm to Rimini and, more importantly, will clarify the issues remaining to be decided by the jury.

## CONCLUSION

The Court should clarify the August 13 Order to make clear that:

(1)   The Court did not hold or find that Rimini committed any act of intentional theft; and

(2)   The Court did not hold or find that Rimini engaged in any act of willful infringement.

A form of proposed order is submitted with this motion for the Court's convenience, in compliance with LR 7-2(f).

DATED:         August 22, 2014                SHOOK, HARDY & BACON

By:   */s/ B. Trent Webb*
B. Trent Webb, Esq.
Attorney for Defendants
Rimini Street, Inc. and Seth Ravin

**Certificate of Service**

I hereby certify that the foregoing RIMINI STREET INC.'S MOTION FOR CLARIFICATION OF THE AUGUST 13, 2014 ORDER (DKT. 476) REGARDING RIMINI'S FIRST COUNTERCLAIM, including its supporting documents, was electronically filed and served on the 22nd day of August, 2014, via email, as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com |

By: */s/ B. Trent Webb*