# EXHIBIT 11

# BINGHAM

Beijing
Boston
Frankfurt
Hartford
Hong Kong
Lexington (GSC)
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T +1.415.393.2000
F +1.415.393.2286
bingham.com

Zachary Hill
Direct Phone:  +1.415.393.2033
Direct Fax:       +1.415.262.9260
zachary.hill@bingham.com

August 21, 2014

Annie Cormier
Senior Legal Counsel
Aldo Group
2300 Emile-Bélanger
Montreal (Québec)
Canada H4R 3J4

**Re:   Oracle and Rimini Street Legal Proceedings**

Dear Ms. Cormier:

Thank you for your response to my July 28, 2014 letter regarding Oracle's concerns about the support services Rimini Street is providing to Aldo Group.  In your response, you noted that you "understand from Rimini Street" that Rimini Street does not maintain local copies of Oracle software or copy or share Oracle software between its clients.  Further, given that your response follows verbatim the response we have received from another Rimini customer, I assume you consulted Rimini Street and it provided you with a response to my letter, which you chose to send.

Unfortunately, Rimini Street's representations regarding its use of Oracle software are not credible to Oracle, given Rimini Street's history.  In its June 16, 2011 answer to Oracle's complaint filed with the Court, Rimini Street claimed that "each client is assigned a separate data 'silo' where Oracle Software and Support Materials for only that client are maintained." (Dkt. 153 at ¶ 4).  Yet, in its February 13, 2014 ruling holding that Rimini Street had infringed Oracle's copyrights, the Court held that one customer's "development environments were used to develop and test software updates for the City of Flint and other Rimini customers with similar software licenses." (2014 WL 576097 at *6).  And, in a prior ruling in March of 2013, the Court found that Rimini admitted to maintaining a co-mingled software library.  The Court also found that Rimini intentionally deleted this software library well after Rimini was on notice of potential litigation and aware that the co-mingled software library was potentially relevant evidence.  The Court sanctioned Rimini for destroying this evidence.  Further, in the Court's new ruling issued last week (enclosed), it held that "Rimini intentionally concealed its identity" in software requests from Oracle in order "to allow Rimini to create development environments to service Rimini's customers without Oracle's knowledge."  The Court also held that "Rimini engaged in 'massive theft' of Oracle's intellectual property . . . by repeatedly making multiple copies of Oracle's copyrighted Enterprise Software programs to support its software support service clients."

In the context of Rimini Street's past practices, you can understand why Oracle does not take Rimini Street at its word.  And, since it is Aldo Group's obligation to ensure that it is

Annie Cormier
August 21, 2014
Page 2

not infringing Oracle's copyrights, Oracle encourages Aldo Group to approach Rimini Street's claims with skepticism.  Therefore, Oracle requests that Aldo Group perform an independent investigation of Rimini Street's support services and provide Oracle with documentation that shows in detail exactly how Rimini is providing support services to Aldo Group, including how it is creating, testing, and applying any software updates or patches and how it is developing the know-how to create those materials.  Please provide this documentation by September 5, 2014.

Meanwhile, Oracle reserves all its rights, including, without limitation, the right to commence an audit to ensure compliance with the terms of its license.

Sincerely yours,

*/s/ Zachary Hill*

Zachary Hill



Enclosure

cc:     Catherine Ross