| | |
|---|---|
| SHOOK, HARDY & BACON LLP | GREENBERG TAURIG |
| B. Trent Webb, Esq. (*pro hac vice*) | Mark G. Tratos, Esq. (Nevada Bar No. 1086) |
| Peter Strand, Esq. (*pro hac vice*) | Brandon Roos, Esq. (Nevada Bar No. 7888) |
| 2555 Grand Boulevard | Leslie Godfrey, Esq. (Nevada Bar No. 10229) |
| Kansas City, Missouri 64108-2613 | 3773 Howard Hughes Parkway |
| Telephone: (816) 474-6550 | Suite 400 North |
| Facsimile: (816) 421-5547 | Las Vegas, NV 89169 |
| bwebb@shb.com | Telephone: (702) 792-3773 |
| pstrand@shb.com | Facsimile: (702) 792-9002 |
| | tratosm@gtlaw.com |
| Robert H. Reckers, Esq. (*pro hac vice*) | roosb@gtlaw.com |
| 600 Travis Street, Suite 3400 | godfreyl@gtlaw.com |
| Houston, Texas 77002 | |
| Telephone: (713) 227-8008 | LEWIS ROCA ROTHGERBER LLP |
| Facsimile: (713) 227-9508 | W. West Allen (Nevada Bar No. 5566) |
| rreckers@shb.com | 3993 Howard Hughes Parkway, Suite 600 |
| | Las Vegas, Nevada 89169 |
| | Tel: (702) 949-8200 |
| | Fax: (702) 949-8398 |
| | WAllen@lrrlaw.com |

*Attorneys for Defendants*
*Rimini Street, Inc., and Seth Ravin*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, | Case No. 2:10-cv-0106-LRH-PAL |
| Plaintiffs, | **REPLY IN SUPPORT OF RIMINI STREET'S MOTION FOR CLARIFICATION OF AUGUST 13, 2014 ORDER (DKT. 476)** |
| v. | |
| RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual, | |
| Defendants. | |

1    Oracle's Response to Rimini's Motion to Clarify the August 13, 2014 Order incorrectly supposes the Court is powerless to clarify its own Order.  Oracle takes this position even though (1) the Court cited legally insufficient *dicta* to support the statement Rimini seeks to clarify; (2) Oracle was the source of the *dicta* upon which the Court incorrectly relied; and (3) Oracle is using that incorrect statement of the law to harm Rimini in the marketplace.

Even if Oracle's Response raised more than a procedural objection to Rimini's request for clarification (which it does not), it would still fail substantively.  In a remark not central to the Court's finding, the Order colloquially equated Rimini's conduct with theft;  in doing so, Rimini understands the Court was not making a definitive finding of theft, as such a finding would run counter to Supreme Court precedent. But because Oracle is misconstruing the Order in a manner that would make it susceptible to a finding of clear error, the Court should grant Rimini's Motion for Clarification.

The positions advanced in Oracle's Response fail for three reasons:

<u>First</u>, Oracle's primary rebuttal is procedural:  Oracle argues the Court cannot reconsider the Order under Rule 59(e) because the Order is not a final judgment.  But, **Rimini does not seek reconsideration of the Court's August 13, 2014 Order** relating to Rimini's first counterclaim for defamation.  Rimini's Motion instead makes clear that clarification of the Order is necessary to correct an error of law induced by Oracle's improper citation to non-binding dicta in support of its argument that copyright infringement is the legal equivalent of theft.  Under controlling Supreme Court precedent, however, copyright infringement and theft are not the same thing.  Therefore, the August 13 Order should be clarified to make clear that the Court did not hold or find that Rimini committed any act of intentional theft of engaged in any act of willful infringement.

Notwithstanding Oracle's assertion to the contrary, "[i]t is within the District Judge's discretion to revise his interlocutory order prior to entry of final judgment." *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). Regardless of the applicability of Rule 59(e), the Court has ample authority to clarify the August 13 Order.

<u>Second</u>, Rimini's Motion is appropriately based on controlling law. In *Dowling v. United*

1  *States*, the Supreme Court made clear that copyright infringement and theft are two different things.
2  The reference in the Court's August 13 reference to theft was necessarily the type of colloquial
3  expression recognized by the Supreme Court, not a legal finding. *Dowling*, 473 U.S. 207, 217-18
4  (1985). Oracle nonetheless portrays the Court's Order as a definitive finding that Rimini has
5  engaged in willful theft. For Oracle to be correct, however, the Court's Order would run afoul of
6  *Dowling* and thus result in clear error.

7  Rather than addressing the inherent error in its position, Oracle rehashes the same *dicta* it
8  improperly relied on in its reply brief in an attempt to bolster assertion that Rimini is a thief. But
9  this *dicta* is inapposite because the Supreme Court has held copyright infringement is not theft. *Id.* at
10 217-18.[1] Oracle makes no attempt to distinguish *Dowling* and notably does not defend its citations
11 to dicta in *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.* and *Polar Bear Productions v.*
12 *Timex Corporation*. Nor can it, for the authority Oracle relies upon is not controlling and cannot
13 out-muscle a holding from the Supreme Court.

14 Put simply, copyright infringement is not theft. *Dowling*, 473 U.S. 207, 217-18. That Oracle
15 cited to non-controlling authority to render its accusations of theft *true enough* to avoid Rimini's
16 defamation claim, does not cast Rimini as an *actual* thief. The Court therefore should clarify the
17 Order to make clear that the Court did not hold or find that Rimini committed any act of intentional
18 theft or engaged in any act of willful infringement.

19 Third, and finally, Oracle's Response fails to address the prejudice that will result if the
20 Order is not clarified. As noted in Rimini's Motion, the issue of Rimini's intent is an issue for the
21 jury during trial. The Order should be clarified to make clear that Rimini's intent has not been pre-
22 judged by the Court.

23 In addition, clarifying the Order will prevent Oracle from continuing to misconstrue it in the
24 marketplace in an effort to cause Rimini competitive harm. In entering the Order, the Court likely
25 did not anticipate Oracle would misconstrue it to cause Rimini harm. But that is precisely what has

---

[1] Statements not necessary to decision, including concurring opinions, are dicta and have no binding or precedential impact. *See Caruso v. Yamhill County*, 422 F.3d 848, 857 (9th Cir. 2005); *see also Export Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1472 (9th Cir. 1995).

- 4 -

1  happened, as Oracle has represented to the public that Rimini has been deemed a thief by this Court.

2  [Motion (Dkt. 477) at 8-9.] The Court should not countenance such a transparent misapplication of

3  its Order and Supreme Court authority.  The Order should be clarified to make clear that the Court

4  did not hold or find that Rimini committed any act of intentional theft of engaged in any act of

5  willful infringement.

6      DATED:        September 15, 2014         SHOOK, HARDY & BACON

8                                  By:    */s/ B. Trent Webb*
                                           B. Trent Webb, Esq.
9                                          Peter Strand, Esq.
                                           Attorney for Defendants
10                                         Rimini Street, Inc. and Seth Ravin

**Certificate of Service**

I hereby certify that the foregoing REPLY IN SUPPORT OF RIMINI STREET'S MOTION FOR CLARIFICATION OF THE AUGUST 13, 2014 ORDER (DKT. 476), including its supporting documents, was electronically filed and served on the 15th day of September, 2014, via email, as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com |

By*:  /s/ B. Trent Webb*