# EXHIBIT K

# BINGHAM

Thomas S. Hixson
Direct Phone: +1.415.393.2152
Direct Fax:   +1.415.393.2286
thomas.hixson@bingham.com

July 24, 2014

**Via E-Mail**

Robert H. Reckers
Shook, Hardy & Bacon LLP
JPMorgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX  77002-2926

Re:  *Oracle USA, Inc., et al. v. Rimini Street, Inc. and Seth Ravin*,
     No. 2:10-cv-0106 LRH PAL (D.Nev.)

Dear Rob:

I write in response to your June 17, 2014 letter and as part of our continuing discussion about supplemental discovery.

**Rule 30(b)(6) deposition.**  As a preliminary matter, we do not think it is appropriate to condition the agreed-upon Rule 30(b)(6) deposition of Mr. Benge on the completion of Oracle's production of documents requested by Rimini. While Oracle made substantial productions on June 20 and July 8 in response to Rimini's requests and is working diligently to complete its production, the deposition of Mr. Benge is unrelated to the supplemental discovery that Rimini has sought from Oracle. Oracle is prepared to depose Mr. Benge as soon as Rimini completes its supplemental production, including some items noted below, and Oracle has the opportunity to review it.

Regarding Oracle's requests for supplemental discovery:

**Missing Contract Documents**

Oracle appreciates Rimini's supplemental production of customer contract documents. However, after reviewing the production, it appears to be missing certain documents. Specifically, statements of work and/or the entire agreement are missing for the following customers that appear on Rimini's customer list:

Beijing
Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T +1.415.393.2000
F +1.415.393.2286
bingham.com

Robert H. Reckers
July 24, 2014
Page 2

| Rimini Customer Name | Missing Contract Documents |
|---|---|
| Blue Coat Systems, Inc. | Statement of Work Nos. 1-2 |
| Campbell Soup Company | Statement of Work No. 2 |
| City of Santa Monica, California | Statement of Work No. 3 |
| Express Scripts Holding Company | Statement of Work Nos. 2 & 4 |
| Giant Eagle, Inc. | Statement of Work Nos. 3-4 |
| Kellogg Brown & Root, LLC | Statement of Work No. 1 |
| NAGRAVISION SA | Statement of Work Nos. 1-2 |
| The New York Times Company | Statement of Work No. 2 |
| Toyota Belgium, NV/SA | Statement of Work Nos. 1-4 |
| UCI International | Statement of Work Nos. 1-2 |
| USEC | Statement of Work No. 1 |
| World Vision Canada | Statement of Work No. 1 |
| WWRD US, LLC | Entire agreement |

In addition, Rimini produced a contract amendment United Biscuits (UK) Limited, but did not produce the underlying contract or include this customer on RSI06806783 (Rimini's customer list).

Further, Oracle's review of Rimini's production indicates that certain customers appear on RSI06806782 (Rimini's reported revenue by customer), but they do not appear on RSI06806783 (Rimini's customer list). Except for 3M Company's contract documents related to support for JDE, Oracle has not been able to locate Rimini contract documents for those customers. The customers for which the contract documents are missing are listed below by name and product line.

| Rimini Customer Name | Product Line |
|---|---|
| Agri Beef Co. | PeopleSoft |
| Amica Mutual Insurance Company | PeopleSoft |
| AON Australia | PeopleSoft |
| Artel Video Systems | JDE |
| Atterro, Inc. | PeopleSoft |
| BBU, Inc. | PeopleSoft |
| Bemis Company, Inc. | PeopleSoft |
| BI Worldwide | PeopleSoft |
| California Physicians Service d/b/a Blue Shield of CA | PeopleSoft |

Robert H. Reckers
July 24, 2014
Page 3

| Rimini Customer Name | Product Line |
|---|---|
| Canadian Tolling Company International, Inc. | PeopleSoft |
| Community Development Commission of the County of Los Angeles | PeopleSoft |
| Conseillers en gestion et Infortmatique CGI, Inc. | PeopleSoft |
| DMD Data Systems, Inc. (Lexington Fayette Co. Gov't) | PeopleSoft |
| DRI Companies | JDE |
| East Coast Millworks Distributor, Inc. | JDE |
| Epicor Software Corporation | Siebel |
| F. Hoffman Laroche AG | Siebel |
| GE Intelligent Platforms, Inc. | Siebel |
| HGST, Inc. | PeopleSoft |
| Interpark Holdings LLC | PeopleSoft |
| Jacobs Technology, inc. | PeopleSoft |
| Journal Communications, inc. | PeopleSoft |
| JS Information Systems Ltd. | Siebel |
| LA Community & Technical College System | PeopleSoft |
| Lee Hecht Harrison | JDE |
| Provincial Health Services Authority | PeopleSoft |
| QVC Deutschland Inc. & Co. KG | Siebel |
| QVC Italia SRL | Siebel |
| QVC, Inc. | PeopleSoft |
| Randstad Professionals US, LP | PeopleSoft |
| Rio Tinto Canada Management, Inc. | PeopleSoft |
| RockTenn CP, LLC | PeopleSoft |
| Samsonite, LLC | JDE |
| Santa Clara Water District | PeopleSoft |
| SIX Group Services AG | Siebel |
| Talbots, Inc. | PeopleSoft |
| The School District of Kansas City Missouri | JDE |
| Veolia Energy | PeopleSoft |
| Washtenaw County | JDE |

Finally, Rimini produced numerous contract amendments for its newly identified customers that purport to alter the contract terms regarding Rimini's access to

Robert H. Reckers
July 24, 2014
Page 4

Software. *See* RSI06806204. However, we have not located any such amendments for previously disclosed customers.

Please update your customer list and produce the missing contract documents for the customers identified above or identify them in Rimini's production if you believe Rimini has already produced the requested documents.

**Oracle's Further Discovery Requests**

Oracle has substantially completed its review of Rimini's supplemental productions, and it requests that Rimini produce the following documents. These items are either updates due to the passage of time and/or concern Rimini's claimed new development process. For ease of reference we also include here items we have previously mentioned to which we have not received a response:

1. Documentation relating to revised development processes for PeopleSoft tax and regulatory updates, as described in your April 23, 2014 letter and Nitin Jindal's June 18, 2014 letter to you. To date, Rimini has produced only the source code for certain tools apparently used in the development process.

2. Updated financial information, as described in Nitin Jindal's June 18, 2014 letter to you. In addition to the issues identified in his letter, we have discovered that Rimini's prior and updated financial productions do not include revenue data by customer or product line for all of 2011. Rimini's prior production only included actual revenue data through September 2011, and Rimini's updated production starts in January 2012. Please update RSI06806782 and RSI06806787 with the missing data.

3. Documents regarding Rimini's recently filed prospectus, as described in Nitin Jindal's June 18, 2014 letter to you.

4. Communications between Rimini representatives and any new customers regarding the issues in this lawsuit.

5. Updated versions of Exhibits 1A, 1B, 1C, D, and 4 to Rimini's response to Interrogatories 20-22. The documents Rimini produced in its supplemental production include information related to these documents, but omit key information that was included in earlier versions of these documents.

6. An updated version of Ex. C to Rimini's response to Interrogatory 17.

Robert H. Reckers
July 24, 2014
Page 5

7. Any environment build requests for PSFT, JDE, or Siebel environments created since Rimini's last production of environment build requests.

8. An updated list of PeopleSoft updates Rimini has provided from 2011 on.

9. Access to Rimini's Devtrak system.

10. Copies of all PeopleSoft fixes and updates Rimini has developed since its last production, along with copies of their internal development and staging-area folders.

11. Copies of Rimini's rsiAFWRequest, rsi_intranet_wss3, and PTrackDB8 databases, and of the RSIAutoFramework.ini file.

12. Updated Juniper, vCenter, and Netwrix logs.

13. Updated FTP server logs.

14. Copies of log files returned to Rimini from client systems as part of the new PeopleSoft fix/update development and distribution system, such as those apparently sent to Rimini's FTP server in the folder ToRSI\OutputReturn\

15. Copies of the following database tables apparently used in connection with the new PeopleSoft fix/update development and distribution system: rsiRequestData,   rsiReturnData, rsiRequestTbl, rsiRequestTblStatus, andrsiRequestAll

Regarding Rimini's requests for supplemental discovery:

### Oracle's Fee Assessments and Audits

You write that "Rimini is asking that Oracle produce documents that were created after the close of discovery that are within the scope of its previous discovery requests." The time for determining the scope of Rimini's previous discovery requests passed long ago, and during that time Rimini never raised the issue of any fee assessments or audits. Oracle will not agree to use this supplemental discovery exercise to allow Rimini to seek new categories of documents that are not called into issue by events that occurred after the close of fact discovery. However, if there are specific "fee assessment or audit" documents that were previously produced and that you would like updated versions of to account for the passage of time, Oracle will evaluate such requests.

Bingham McCutchen LLP
bingham.com

Robert H. Reckers
July 24, 2014
Page 6

### Oracle's Settlement Agreement with CedarCrestone

Oracle disagrees that the settlement agreement falls within the scope of Rimini's prior requests. Regardless of that disagreement, the terms of the settlement agreement require Oracle to keep the agreement confidential except as required by law. Since fact discovery closed long ago and the parties are conducting this supplemental discovery informally without the Court re-opening fact discovery, there is no operative legal requirement that would permit Oracle to disclose the settlement agreement. Therefore, Oracle simply cannot produce its settlement agreement with CedarCrestone.

### Oracle's Representatives' Contact with Rimini Customers

We reiterate that on our May 5, 2014 meet and confer call, you agreed to limit your request to non-privileged talking points regarding Rimini that may have been provided to Oracle sales and support representatives. Based on your statement, Oracle began searching for non-privileged documents fitting that description. In any event, your new request for "any actual communications" between Oracle and Rimini customers is too burdensome. Rimini has several hundred customers, including 100 newly disclosed customers, and searching for all communications with them could involve searching the custodial files of a large number of Oracle employees. We do not think that is reasonable under the circumstances. However, we are willing to meet and confer with you concerning a reasonable search for relevant documents.

We would like to meet and confer with you next week concerning the points raised in this letter and the scheduling of a Rule 30(b)(6) deposition. I will email you to propose a time.

Sincerely yours,

Thomas S. Hixson