UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| ORACLE USA, INC.; *et al.*, | ) | |
| Plaintiffs, | ) ) ) | 2:10-CV-00106-LRH-PAL |
| v. | ) ) | ORDER |
| RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual; | ) ) ) | |
| Defendants. | ) ) | |

Before the court is defendant Rimini Street, Inc.'s ("Rimini") motion for clarification of the court's August 13, 2014 partial summary judgment order (Doc. #476[1]). Doc. #477. Plaintiffs Oracle USA, Inc.; Oracle America, Inc.; and Oracle International Corporation (collectively "Oracle") filed an opposition (Doc. #479) to which Rimini replied (Doc. #485).

### I.  Facts and Procedural History[2]

This is a copyright infringement action filed by plaintiff Oracle against defendant Rimini. Oracle develops, manufacturers, and licenses computer software. Oracle also provides support services to its customers through separate software support service contracts.

///

---

[1] Refers to the court's docket entry number.

[2] This case has an extensive factual and procedural history. For a more complete history of this action refer to the court's August 13, 2014 partial summary judgment order. Doc. #476.

1  Defendant Rimini is a company that provides similar software support services to customers
2  licensing Oracle's Enterprise Software programs and competes directly with Oracle to provide
3  these services.
4  On January 25, 2010, Oracle filed a copyright infringement complaint against Rimini
5  alleging that Rimini copied several of Oracle's copyright-protected software programs onto its own
6  computer systems in order to provide software support services to its customers. Doc. #1. Rimini
7  filed an answer contesting Oracle's claims, raising several affirmative defenses, and alleging three
8  counterclaims: (1) defamation, business disparagement, and trade libel; (2) copyright misuse; and
9  (3) unfair competition in violation of California Business and Professional Code,
10 Cal. BPC. § 17200. Doc. #30.
11 On September 14, 2012, Oracle filed its second motion for partial summary judgment.
12 Doc. #405. On August 13, 2014, the court granted Oracle's second motion for partial summary
13 judgment in its entirety. Doc. #476. Thereafter, Rimini filed the present motion for clarification.
14 Doc. #477.

**II.  Discussion**

In its motion, Rimini requests the court clarify the August order to specifically state that the court made no finding that Rimini engaged in theft of Oracle's intellectual property. Rimini contends that Oracle has been misinterpreting the court's order in the press, stating that the court found that Rimini intentionally engaged in theft of Oracle's intellectual property.

Although the court believes the August order was quite clear, the court shall clarify the order, as the issue of copyright infringement and theft appears to cause confusion between the parties. In the prior order, when addressing the defamation allegations, the court found that "the semantic distinction between copyright infringement and theft does not matter in this instance," because "there is no meaningful distinction between "theft" and "copyright infringement" in the Ninth Circuit. *See* Doc. #476. Further, the court found that because "Rimini has engaged in copyright infringement, it is true [for purposes of Rimini's defamation allegations] that Rimini has

engaged in theft of Oracle's intellectual property." *Id*.

The only factual findings made by the court in this motion related to Oracle's claims of copyright infringement. The issue of whether Rimini engaged in theft, as a separately pled cause of action, was not before the court. The court's ruling concerning Oracle's statements of theft was solely within the context of Rimini's defamation allegations. Within that limited context, the court found that because Rimini had engaged in copyright infringement, and based on Ninth Circuit and Supreme Court legal precedent, Oracle's statements that Rimini had engaged in "massive theft" were not actionable defamation. The court takes this opportunity to clarify that at no point in the August order did the court make a specific holding or finding that Rimini committed any act of intentional theft.

IT IS THEREFORE ORDERED that defendant's motion for clarification (Doc. #477) is GRANTED in accordance with this order.

IT IS SO ORDERED.

DATED this 14th day of October, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE