| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568) | BINGHAM McCUTCHEN LLP<br>GEOFFREY M. HOWARD *(pro hac vice)* |
| 2 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 | THOMAS S. HIXSON *(pro hac vice)*<br>KRISTEN A. PALUMBO *(pro hac vice)* |
| 3 | Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755 | Three Embarcadero Center<br>San Francisco, CA  94111-4067 |
| 4 | rpocker@bsfllp.com | Telephone:  415.393.2000<br>Facsimile:  415.393.2286 |
| 5 | BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN *(pro hac vice)* | geoff.howard@bingham.com<br>thomas.hixson@bingham.com |
| 6 | KIERAN P. RINGGENBERG *(pro hac vice)*<br>1999 Harrison Street, Suite 900 | kristen.palumbo@bingham.com |
| 7 | Oakland, CA 94612<br>Telephone: (510) 874-1000 | DORIAN DALEY *(pro hac vice)*<br>DEBORAH K. MILLER *(pro hac vice)* |
| 8 | Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com | JAMES C. MAROULIS *(pro hac vice)*<br>ORACLE CORPORATION |
| 9 | kringgenberg@bsfllp.com | 500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070 |
| 10 | Attorneys for Plaintiffs Oracle USA, Inc.,<br>Oracle America, Inc. and Oracle International | Telephone:  650.506.4846<br>Facsimile:  650.506.7114 |
| 11 | Corp. | dorian.daley@oracle.com<br>deborah.miller@oracle.com |
| 12 | | jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>                    Plaintiffs,<br><br>           v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>                    Defendants. | | Case No  2:10-cv-00106-LRH-PAL<br><br>**ORACLE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RIMINI'S MOTION TO SEAL DYKAL EXHIBITS AND SUPPLEMENT TO ORACLE'S MOTION TO SEAL PORTIONS OF THE PARTIES' JOINT REQUEST** |

Pursuant to the Court's October 17, 2014 Order, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (together "Oracle" or "Plaintiffs") file this memorandum of points and authorities in support of (1) Defendant Rimini Street, Inc.'s ("Rimini") Amended Motion to Seal Exhibits A, C, D, and J to the Declaration of Ryan D. Dykal (Dkt. 511); and (2) Oracle's Motion to Seal Portions of the Joint Request for Case Management Conference (Dkt. 497).

## EXHIBITS A AND J TO THE DYKAL DECLARATION, AND RELATED PORTIONS OF THE JOINT REQUEST

Oracle designated Exhibits A and J to the Dykal Declaration as Confidential and Highly Confidential – Attorneys' Eyes Only under the Protective Order entered into in this action. Accordingly, Rimini filed these exhibits under seal and Oracle filed related portions of the parties' Joint Request under seal. Exhibits A and J were redacted from the Dykal Declaration. Dkt. 499. Unredacted versions of Exhibits A and J were filed under seal with the Court on October 20, 2014. Dkt. 512. A public, redacted version of the Joint Request was filed on September 17, 2014. Dkt. 488. An unredacted version of the Joint Request was filed under seal with the Court on September 17, 2014. Dkt. 490.

The Protective Order states, "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' under the terms of this Protective Order *only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c)*. The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." Protective Order ¶ 2 (emphasis supplied).

Oracle requests that the Court order the Clerk of the Court to file Exhibits A and J under seal, as well as the related portions of the Joint Request that reflect information contained in

1

ORACLE'S MEMORANDUM IN SUPPORT OF RIMINI'S MOTION TO SEAL AND
SUPPLEMENT TO ORACLE'S MOTION TO SEAL

1   Exhibit J.  Documents may be sealed for "good cause."  *Selling Source, LLC v. Red River*

2   *Ventures, LLC*, 2:09-CV-01491-JCM, 2011 WL 1630338, at *1 (D. Nev. Apr. 29, 2011) (citing

3   *Phillips v. General* Motors, 307 F.3d 1206, 1210, 1213 (9th Cir. 2002)).  "For good cause to

4   exist, the party seeking protection bears the burden of showing that specific prejudice or harm

5   will result if the materials are not filed under seal."  *Id.*

6        Exhibit A is an Oracle discovery response.  The response describes Oracle's software

7   licensing practices, as well as specific confidential license terms between Oracle and its

8   customers.  Exhibit J is a declaration from an Oracle customer.  The declaration describes the

9   extent of Oracle's relationship with the third party, as well as the confidential terms of the third

10  party's license to use Oracle's enterprise software.  The declaration also makes statements

11  regarding the boundaries of Oracle's intellectual property rights and licensing practices.  Oracle

12  has invested billions to acquire and develop the software described in the declarations, and

13  Oracle relies on licensing to recoup some of those costs.  Disclosure of the declarations could

14  interfere with Oracle's ongoing licensing efforts.  Thus, there is good cause for Exhibits A and J

15  to be sealed.  *Selling Source*, 2011 WL 1630338, at *1 (finding good cause to seal information

16  about party's "business operations, customer agreements . . . details of [the party's] customer

17  base and how the company works with and licenses products to its customers and measures it

18  takes to protect its intellectual property").  Indeed, there is a compelling interest in having them

19  sealed.  *Id.* at *6 ("Where the material includes information about . . . agreements with clients,

20  there are compelling reasons to seal the material because possible infringement of trade secrets

21  outweighs the general public interest in understanding the judicial process.").

22       For the foregoing reasons, Oracle respectfully requests that the Court find that good cause

23  exists to file under seal Dykal Exhibits A and J and the related portions of the Joint Request.

24                    **EXHIBITS C AND D TO THE DYKAL DECLARATION**

25       Rimini also filed under seal Exhibits C and D to the Dykal Declaration (Dkts. 499, 512).

26  Exhibits C and D are excerpts from the expert report of Oracle expert Elizabeth Dean.  Although

27  Oracle designated this expert report as Highly Confidential – Attorneys' Eyes Only, the specific

28

1  excerpts of the report contained in Exhibits C and D do not contain information that Oracle
2  requests be filed under seal.

4  DATED:  October 29, 2014                    **BINGHAM MCCUTCHEN LLP**

7                    By:  _____/s/ Geoffrey M. Howard_____
                              Geoffrey M. Howard
                    Attorneys for Plaintiffs Oracle USA, Inc., Oracle
8                    America, Inc. and Oracle International Corp.

3

ORACLE'S MEMORANDUM IN SUPPORT OF RIMINI'S MOTION TO SEAL AND
SUPPLEMENT TO ORACLE'S MOTION TO SEAL