| | |
|---|---|
| SHOOK, HARDY & BACON LLP | GREENBERG TRAURIG |
| B. Trent Webb, Esq. (*pro hac vice*) | Mark G. Tratos, Esq. (Nevada Bar No. 1086) |
| Peter Strand, Esq. (*pro hac vice*) | Brandon Roos, Esq. (Nevada Bar No. 7888) |
| 2555 Grand Boulevard | Leslie Godfrey, Esq. (Nevada Bar No. 10229) |
| Kansas City, Missouri 64108-2613 | 3773 Howard Hughes Parkway |
| Telephone: (816) 474-6550 | Suite 400 North |
| Facsimile: (816) 421-5547 | Las Vegas, NV 89169 |
| bwebb@shb.com | Telephone: (702) 792-3773 |
| pstrand@shb.com | Facsimile: (702) 792-9002 |
| | tratosm@gtlaw.com |
| Robert H. Reckers, Esq. (*pro hac vice*) | roosb@gtlaw.com |
| 600 Travis Street, Suite 3400 | godfreyl@gtlaw.com |
| Houston, Texas 77002 | |
| Telephone: (713) 227-8008 | LEWIS ROCA ROTHGERBER LLP |
| Facsimile: (713) 227-9508 | W. West Allen, Esq. (Nevada Bar No. 5566) |
| rreckers@shb.com | 3993 Howard Hughes Parkway, Suite 600 |
| | Las Vegas, Nevada 89169 |
| DANIEL B. WINSLOW, Esq. (*pro hac vice*) | Tel: (702) 949-8200 |
| RIMINI STREET, INC. | Fax: (702) 949-8398 |
| 6601 Koll Center Parkway Suite 300 | WAllen@LRRLaw.com |
| Pleasanton, CA 94566 | |
| Telephone: (925) 264-7736 | |
| dwinslow@riministreet.com | |

*Attorneys for Defendants*
*Rimini Street, Inc., and Seth Ravin*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS' MOTION TO MODIFY THE PROTECTIVE ORDER (Dkt. 55)** |

Defendant Rimini Street, Inc. ("Rimini") respectfully moves the Court to modify the Protective Order (Dkt. 55). This motion is based on the Motion, the Memorandum of Points and Authorities, the pleadings on file in this action, and on such other matters presented to the court at the time of any hearing.

### Relief Sought

In accordance with Federal Rule of Civil Procedure 26(c) and the Court's inherent authority, Rimini respectfully moves the Court to modify the Protective Order (Dkt. 55) to allow Defendant Seth Ravin to review Plaintiff's Trial Exhibits categorized as "Highly Confidential Information – Attorneys Eyes' Only." Alternatively, the Court should order that all "Highly Confidential" trial exhibits shall be re-designated as "Confidential" and allow Oracle five business days after the date of decision on this motion to withdraw any proposed trial exhibit it does not wish to disclose. This modification to the Protective Order is necessary to allow Mr. Ravin to prepare for trial and to defend against the claims Plaintiffs have made against him as a named defendant, and for Mr. Ravin as Chief Executive Officer to assist Rimini Street's preparation for trial and defense against claims Plaintiffs have made against the company. Throughout the pretrial activity in this case Mr. Ravin was prohibited from viewing documents Plaintiffs categorized as "Highly Confidential Information – Attorneys Eyes' Only," but now that discovery has closed and trial is approaching, Mr. Ravin should be allowed to view the subset of those materials that Plaintiffs have identified as anticipated Trial Exhibits. Filed with this motion are a Proposed Modified Protective Order (Exhibit A) and a redlined version comparing the proposed protective order to the current protective order (Exhibit B) to aid in identifying the modifications sought by Rimini.

**Memorandum of Points and Authorities**

**I.   Introduction.**

The Court's Protective Order (Dkt. 55) provides that certain materials may be designated "Highly Confidential Information – Attorneys Eyes' Only." Specifically, "Counsel for any Designating Party may designate any Discovery Material as . . . 'Highly Confidential Information - Attorneys' Eyes Only' under the terms of this Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party . . . shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation. . . . 'Highly Confidential Information' shall include only extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or other highly confidential documents related to current or future business plans, protocols or strategies, the disclosure of which to the Receiving Parties or non-parties (other than the Designating Party) would be likely to cause competitive or business injury to the Designating Party." Protective Order (Dkt. 55) at ¶¶ 2, 4.

Material so designated can be shown to only a limited number of individuals: counsel for the parties to this action, three in-house counsel for the corporate parties, the author of any such material, witnesses who previously saw the material, experts, the Court and its staff, and "[a]ny other person only upon order of the Court or upon stipulation of the Designating Party." Protective Order (Dkt. 55) at ¶ 10(a)-(g). Thus, a named party like Mr. Ravin, who is an individual, is not allowed to view material designated by an adversary as "Highly Confidential Information – Attorneys Eyes' Only."

While these restrictions served a valid purpose during discovery, trial is now scheduled for September, only a few months away. Plaintiffs have disclosed that they intend to use as Trial Exhibits certain documents that they designated "Highly Confidential Information – Attorneys Eyes' Only." Mr. Ravin has not seen these materials, and he is in the unenviable position of preparing to

defend against Plaintiffs' claims without seeing Plaintiffs' evidence. Defendants have asked Plaintiffs to stipulate that Mr. Ravin may review these materials in Plaintiffs' exhibit list, but Plaintiffs do not consent. Defendants therefore ask the Court to modify the Protective Order to allow Mr. Ravin to view any of Plaintiffs' trial exhibits designated "Highly Confidential Information – Attorneys Eyes' Only," subject of course to the other confidentiality requirements of the Protective Order.

Pursuant to D. Nev. L.R. 26-7 the parties have met and conferred regarding the issues related to modifying the Court's Protective Order, but have been unable resolve the matter without Court action. On November 24, 2014, Rimini sent correspondence to Oracle requesting modification of the Protective Order that would allow Mr. Ravin to view Plaintiffs' trial exhibits designated "Highly Confidential Information – Attorneys Eyes' Only." The following day, Oracle responded that they would not agree to modify the protective order to permit Mr. Ravin to see all materials referenced in the pre-trial disclosures because Rimini and Mr. Ravin had agreed at the outset of the litigation to an order that prohibits Mr. Ravin from seeing such material, and Oracle saw no basis to change those terms now merely because some material was in the large set identified for potential use at trial.

## II.     The Court Should Modify the Protective Order.

It is settled that the Court "possess[es] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*. 254 F.3d 882, 885 (9th Cir. 2001) (internal punctuation and citation omitted); Fed. R. Civ. P. 59(e). More specifically, "[i]t is well-established that a district court retains the power to modify or lift confidentiality orders that it has entered." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 784 (3d Cir. 1994). A protective order may be modified for "good cause." *E.g.*, *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 790 (1st Cir. 1988) (collecting cases).

Where it is clear that documents exchanged in discovery will be used at trial, the impetus for secrecy must take a back seat to the requirement for fairness:

- 4 -
DEFENDANTS' MOTION TO MODIFY THE PROTECTIVE ORDER (Dkt. 55)

306380 v1

> "[T]he Court agrees with Haemonetics that there is good cause to re-designate TPG's documents as "confidential" rather than [attorney eyes only]. Re-designation is warranted to permit Haemonetics' in-house counsel and expert witnesses to have access to documents which are arguably crucial to Haemonetics' case in chief. Haemonetics explains that it needs access to the documents to prove damages because they purportedly represent TPG's view of the market for automated red blood cell collection systems and are thus probative of the reasonable royalties and lost profits to which Haemonetics may be entitled."

*Haemonetics Corp. v. Baxter Healthcare Corp.*, 593 F.Supp.2d 298, 302 (D. Mass. 2009).

This holding is merely an extension of the fundamental principle that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Petrovic v. City of Chicago*, No. 06–CV–6111, 2007 WL 2410336, at *4 (N.D. Ill. Aug. 21, 2007) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). It is simply unfair to require a defendant to go to trial without knowledge of the evidence that will be admitted against him. And it has been suggested that restricting a "party's right to access [litigation information] might implicate due process considerations." *Phillip M. Adams & Assocs. v. Dell, Inc.*, No. 05-CV-64 TS, 2006 U.S. Dist. LEXIS 39173, *24-25 (D. Utah June 12, 2006). Thus, it is only logical to conclude that good cause exists to modify a protective order where an "attorney eyes only" category interferes with a litigant's ability to defend himself. *See, e.g.*, *United States v. Lawson*, No. 08-21-KSF, 2009 WL 2136818, *2 (E.D. Ky. July 16, 2009) (modifying protective order, finding that "privacy rights or the proprietary value of this information pales in comparison to the defendants' need to defend themselves in the trial of this matter" and considering that the documents related to "the heart of" the claims against defendants).

During discovery, it was reasonable to place restrictions on material designated "Highly Confidential Information – Attorneys Eyes' Only," considering the large volume of sensitive information that the parties were likely to exchange, the risk of inadvertent disclosure of that information, and the likelihood that the vast majority of the discovery exchanged might never be used as evidence. But discovery is over, and now the parties can anticipate what documents will be

- 5 -
DEFENDANTS' MOTION TO MODIFY THE PROTECTIVE ORDER (Dkt. 55)

306380 v1

offered at trial. As to this much smaller body of documents, there is no reasonable justification to deny a defendant like Mr. Ravin the ability to see that evidence. Depriving him of the opportunity to review the evidence in advance of the trial does nothing more than put him at an unfair disadvantage.

## Conclusion

Fundamental fairness requires that Mr. Ravin and Rimini Street, Inc. be allowed to see the evidence Plaintiffs intend to use against them. The Court should modify the Protective Order (Dkt. 55) to identify Mr. Ravin as a person under Paragraph 10 who may review documents identified on any trial Exhibit List and designated "Highly Confidential Information – Attorneys Eyes' Only." A copy of the proposed Protective Order is attached to this motion as Exhibit A.

DATED:  March 12, 2015          SHOOK, HARDY & BACON

                                By:   */s/ Robert H. Reckers*
                                      Robert H. Reckers, Esq.
                                      Attorney for Defendants
                                      Rimini Street, Inc. and Seth Ravin

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANTS' MOTION TO MODIFY THE PROTECTIVE ORDER (Dkt. 55) was filed with the Court's CM/ECF system which will send notice, via email, to registered attorneys as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>NITIN JINDAL (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94110<br>Telephone: (415) 393-2046<br>nitin.jindal@morganlewis.com<br>john.polito@morganlewis.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH MILLER (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com |

By: */s/ Robert H. Reckers*

306380 v1