# EXHIBIT B

| | | |
|---|---|---|
| 1 | SHOOK, HARDY & BACON LLP | GREENBERG TRAURIG |
| | B. Trent Webb, Esq. (*pro hac vice*) | Mark G. Tratos, Esq. (Nevada Bar No. 1086) |
| 2 | Peter Strand, Esq. (*pro hac vice*) | Brandon Roos, Esq. (Nevada Bar No. 7888) |
| | 2555 Grand Boulevard | Leslie Godfrey, Esq. (Nevada Bar No. 10229) |
| 3 | Kansas City, Missouri 64108-2613 | 3773 Howard Hughes Parkway |
| | Telephone: (816) 474-6550 | Suite 400 North |
| 4 | Facsimile: (816) 421-5547 | Las Vegas, NV 89169 |
| | bwebb@shb.com | Telephone:  (702) 792-3773 |
| 5 | pstrand@shb.com | Facsimile:  (702) 792-9002 |
| | | tratosm@gtlaw.com |
| 6 | Robert H. Reckers, Esq. (*pro hac vice*) | roosb@gtlaw.com |
| | 600 Travis Street, Suite 3400 | godfreyl@gtlaw.com |
| 7 | Houston, Texas   77002 | |
| | Telephone: (713) 227-8008 | LEWIS ROCA ROTHGERBER LLP |
| 8 | Facsimile: (713) 227-9508 | W. West Allen, Esq. (Nevada Bar No. 5566) |
| | rreckers@shb.com | 3993 Howard Hughes Parkway, Suite 600 |
| 9 | | Las Vegas, Nevada 89169 |
| | DANIEL B. WINSLOW, Esq. (*pro hac vice*) | Tel: (702) 949-8200 |
| 10 | RIMINI STREET, INC. | Fax: (702) 949-8398 |
| | 6601 Koll Center Parkway Suite 300 | WAllen@LRLaw.com |
| 11 | Pleasanton, CA 94566 | |
| | Telephone: (925) 264-7736 | ~~BINGHAM MCCUTCHEN LLP~~ |
| 12 | dwinslow@riministreet.com | ~~GEOFFREY M. HOWARD (*pro hac vice*)~~ |
| | | ~~THOMAS S. HIXSON (*pro hac vice*)~~ |
| 13 | | ~~KRISTEN A. PALUMBO (*pro hac vice*)~~ |
| | *Attorneys for Defendants* | ~~Three Embarcadero Center~~ |
| 14 | *Rimini Street, Inc., and Seth Ravin*~~BOIES,~~ | ~~San Francisco, CA  94111-4067~~ |
| | ~~SCHILLER & FLEXNER LLP~~ | ~~Telephone:  415.393.2000~~ |
| 15 | ~~RICHARD J. POCKER (NV Bar No. 3568)~~ | ~~Facsimile:  415.393.2286~~ |
| | ~~300 South Fourth Street, Suite 800~~ | ~~geoff.howard@bingham.com~~ |
| 16 | ~~Las Vegas, NV 89101~~ | ~~thomas.hixson@bingham.com~~ |
| | ~~Telephone: (702) 382-7300~~ | ~~kristen.palumbo@bingham.com~~ |
| 17 | ~~Facsimile: (702) 382-2755~~ | |
| | ~~rpocker@bsfllp.com~~ | ~~DORIAN DALEY (*pro hac vice*~~ |
| 18 | | ~~application to be submitted~~) |
| | ~~BOIES, SCHILLER & FLEXNER LLP~~ | ~~DEBORAH K. MILLER (*pro hac vice*)~~ |
| 19 | ~~STEVEN C. HOLTZMAN (*pro hac vice*)~~ | ~~JAMES C. MAROULIS (*pro hac vice*)~~ |
| | ~~FRED NORTON (*pro hac vice*)~~ | ~~ORACLE CORPORATION~~ |
| 20 | ~~KIERAN P. RINGGENBERG (*pro hac vice*)~~ | ~~500 Oracle Parkway~~ |
| | ~~1999 Harrison Street, Suite 900~~ | ~~M/S 5op7~~ |
| 21 | ~~Oakland, CA 94612~~ | ~~Redwood City, CA 94070~~ |
| | ~~Telephone: (510) 874-1000~~ | ~~Telephone:  650.506.4846~~ |
| 22 | ~~Facsimile: (510) 874-1460~~ | ~~Facsimile:  650.506.7114~~ |
| | ~~sholtzman@bsfllp.com~~ | ~~dorian.daley@oracle.com~~ |
| 23 | ~~fnorton@bsfllp.com~~ | ~~deborah.miller@oracle.com~~ |
| | ~~kringgenberg@bsfllp.com~~ | ~~jim.maroulis@oracle.com~~ |
| 24 | | |
| 25 | ~~Attorneys for Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation~~ | |
| 26 | | |
| 27 | UNITED STATES DISTRICT COURT | |
| 28 | DISTRICT OF NEVADA | |
| | [PROPOSED] ~~STIPULATED~~ MODIFIED PROTECTIVE ORDER | |

~~313852v1~~
~~306545 v1~~ ~~306545 v1~~ 306545 v1

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; Oracle America, Inc. a Delaware corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual, <br> Defendants | Case No. 2:10-cv-00106-LRH-PAL <br><br> **[PROPOSED] ~~STIPULATED~~MODIFIED PROTECTIVE ORDER** |

1

[PROPOSED] ~~STIPULATED~~MODIFIED PROTECTIVE ORDER

306545 v1 ~~306545 v1~~ 306545 v1

Disclosure and discovery activity in the above-captioned action (the "Action") are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, ~~plaintiffs Oracle America, Inc. ("Oracle America"), Oracle USA, Inc. ("Oracle USA"), and Oracle International Corporation (collectively, "Oracle") and the~~ defendants Rimini Street, Inc. and Seth Ravin (collectively, "Rimini Street") hereby ~~stipulate to and~~ petition the Court to enter the following ~~Stipulated~~Modified Protective Order ("Protective Order"). The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Protective Order creates no entitlement to file confidential information under seal in connection with a dispositive motion, and that the parties will follow the procedures of this Court with regard to filing documents under seal in connection with dispositive motions.

It is hereby ORDERED as follows:

1. This Protective Order shall be applicable to and govern all depositions, documents, information or things produced by a party or third party in connection with this litigation in response to requests for production of documents, requests for inspections of things, answers to interrogatories, responses to requests for admissions, answers to deposition questions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and other information (hereinafter, "Discovery Material") that the Disclosing Party designates as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only."

2. Any non-party to this Action may designate any Discovery Material produced by it, whether pursuant to subpoena or by agreement, as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the terms of this Protective Order, upon such non-party's execution of a Declaration of Compliance with this Protective Order substantially in the form attached to this Protective Order as Exhibit A. A Party (or, if

applicable, non-party) designating Discovery Material as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" shall be referred to for purposes of this Protective Order as the "Designating Party." Any Party (or, if applicable, non-party) receiving Discovery Material designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" shall be referred to for purposes of this Protective Order as the "Receiving Party." Counsel for any Designating Party may designate any Discovery Material as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" under the terms of this Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation.

3. For purposes of this Protective Order, "Confidential Information" shall include all non-public information or matter related to: financial or business plans or projections; acquisition offers or expressions of interest; proposed strategic transactions or other business combinations; compensation plans; proprietary technical information and specifications; current or future business and marketing information, plans, and strategies; studies or analyses by internal or outside experts; customer information, data or lists; confidential financial data or results; tax data; confidential information regarding assets and liabilities; valuation analyses; competitive analyses; confidential personnel information; personal financial information; personal information subject to protection under California or Nevada law; or other commercially or personally sensitive or proprietary information. Notwithstanding the foregoing, Confidential Information shall not mean information or documents produced or disclosed that are or become, without violating this Protective Order, and apart from production or disclosure in connection with this action, a matter of public record or publicly available by law or otherwise.

4. For purposes of this Protective Order, "Highly Confidential Information" shall include only extremely sensitive, highly confidential, non-public information, consisting either

1 of trade secrets or other highly confidential documents related to current or future business plans,
2 protocols or strategies, the disclosure of which to the Receiving Parties or non-parties (other than
3 the Designating Party) would be likely to cause competitive or business injury to the Designating
4 Party (other than injury to the Designating Party's position in this Action).  Highly Confidential
5 Information shall be designated as "Highly Confidential Information – Attorneys' Eyes Only" or
6 "Highly Confidential Information – AEO" and the use and disclosure of such information shall
7 be restricted as set forth below.  Notwithstanding the foregoing, Highly Confidential Information
8 shall not mean information or documents produced or disclosed that are or become, without
9 violating this Protective Order, and apart from production or disclosure in connection with this
10 action, a matter of public record or publicly available by law or otherwise.
11     5.     Any Discovery Material designated as "Confidential Information" or "Highly
12 Confidential Information – Attorneys' Eyes Only," whether such information is provided orally
13 or by a document or in electronic form, shall be maintained as set forth in the Protective Order,
14 and shall not be disclosed to any person or entity, except as permitted in the Protective Order.
15     6.     All Discovery Material, whether or not filed or lodged with the Court, that a
16 Designating Party contends constitutes "Confidential Information" or "Highly Confidential
17 Information" shall be designated by the Designating Party as follows:
18         a.     Documents or other tangible Discovery Material shall, at the time of their
19 production, be designated by stamping or labeling the same with the legend "Confidential
20 Information" or "Highly Confidential Information – Attorneys' Eyes Only" on each page of a
21 document or material containing such information.
22         b.     Documents or other tangible Discovery Material produced by a non-party
23 to this Action shall be so designated by the Designating Party by providing written notice, as
24 soon as reasonably practicable, to counsel of record for the Parties (and to counsel of record, if
25 any, for the non-party who produced such Documents or other tangible Discovery Material) of
26 the Bates numbers or number range or other sufficiently definite description of the documents to
27 be designated as "Confidential Information" or "Highly Confidential Information - Attorneys'
28 Eyes Only."  Counsel shall not permit documents or materials produced by a non-party to be

1  distributed to persons beyond those specified in Paragraph 9 or 10 below until those documents
2  or materials have been designated in accordance with this Paragraph.
3             c.      Deposition testimony shall be designated "Confidential Information" or
4  "Highly Confidential Information - Attorneys' Eyes Only" (i) at the taking of the deposition by a
5  statement on the record, by counsel at the time of such disclosure, or (ii) by written notice sent to
6  counsel of record for all Parties within five (5) business days after receiving a copy of the final,
7  hard copy transcript thereof, identifying the specific pages thereof designated as "Confidential
8  Information" or "Highly Confidential Information - Attorneys' Eyes Only."  In both of the
9  foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential
10 Information" or "Highly Confidential Information - Attorneys' Eyes Only" be affixed to the
11 portions of the original and all copies of the transcript.  Counsel shall treat deposition transcripts
12 as "Highly Confidential Information - Attorneys' Eyes Only" in their entirety until the relevant
13 period for the designation has expired.  The Parties may modify this procedure for any particular
14 deposition through agreement on the record at such depositions without further order of the
15 Court.
16            d.      Non-documentary and non-testimonial material, such as oral statements,
17 shall be designated as "Confidential Information" or "Highly Confidential Information -
18 Attorneys' Eyes Only" at the time of disclosure and promptly confirmed in writing.
19      7.      Inadvertent failure to designate Discovery Material as "Confidential Information"
20 or "Highly Confidential Information - Attorneys' Eyes Only" shall not constitute a waiver of
21 such claim and may be corrected by prompt supplemental written notice designating such
22 Discovery Material as "Confidential Information" or "Highly Confidential Information -
23 Attorneys' Eyes Only" in a manner consistent with Paragraph 6.  The Party receiving such
24 supplemental written notice shall thereafter mark and treat materials so designated as
25 "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" as the
26 case may be, and such materials shall be fully subject to this Protective Order as if they had been
27 initially so designated.  A person disclosing Discovery Material that is subsequently designated
28 as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" shall

1  in good faith assist the Designating Party in retrieving such Discovery Material from all
2  recipients not entitled to receive such Discovery Material under the terms of this Protective
3  Order and prevent further disclosures except as authorized under the terms of this Protective
4  Order.
5       8.      Except as the Designating Party or its counsel may otherwise agree in writing, or
6  as the Court may otherwise order, all Discovery Material marked or otherwise identified as
7  "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" and
8  received by any Receiving Party pursuant to this Protective Order: (a) shall be disclosed only to
9  such persons and in such manner as set forth in this Protective Order; (b) shall be used solely for
10 the purposes of preparation for trial, trial of and/or appeal from this Action and no other; and
11 (c) shall not be used by the Receiving Party for any other purposes, including, without limitation,
12 any business or commercial purpose.  The prohibitions on the use of Confidential Information
13 and Highly Confidential Information as set forth in this Protective Order shall survive the
14 termination of this Action.
15      9.      Counsel for a Receiving Party may disclose or make available any Discovery
16 Material designated as "Confidential Information" and/or any information derived from such
17 Discovery Material only to the following persons:
18      a.      Counsel to the Parties in this Action (outside counsel, of counsel, and in-
19 house counsel, including members of the outside counsel firms, associate attorneys, contract
20 attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees), and
21 consultants and vendors of such Counsel to the Parties (including trial consultants, jury
22 consultants, and service vendors such as outside copying services, outside litigation support
23 services, translations services or graphics, design, or document handling services/consultants
24 retained in connection with this Action for purposes of preparing demonstrative or other exhibits
25 for deposition, trial, or other court proceedings) ("Consultants and Vendors"), provided that no
26 Discovery Material designated as "Confidential Information" shall be disclosed to any
27 Consultants and Vendors or temporary employee of Counsel to the Parties unless and until such
28 person has executed a Declaration of Compliance substantially in the form attached to this

1   Protective Order as Exhibit A;

2     b. The Parties and directors or employees of the Parties assisting counsel for
3   the purposes of this Action;

4     c. Witnesses or deponents (other than witnesses and deponents otherwise
5   covered by (b) above), and their counsel, during the course of and, only to the extent necessary,
6   in preparation for depositions or testimony in this Action;

7     d. Retained experts and expert consultants assisting counsel for the Parties in
8   this Action, and only to the extent necessary for the expert or expert consultant to prepare a
9   written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this
10  Action, subject to the provisions of Paragraph 12 below;

11    e. The Court and its staff and administrative personnel, and Court reporters,
12  videographers and stenographers employed to take depositions, and any essential personnel
13  retained by the Court; and

14    f. Any other person only upon order of the Court or upon stipulation of the
15  Designating Party.

16   10. Counsel for a Receiving Party may disclose or make available any Discovery
17  Material designated as "Highly Confidential Information – Attorneys' Eyes Only" and/or any
18  information derived from such Discovery Material only to the following persons:

19    a. Counsel to the Parties in this Action (outside counsel and of counsel
20  including members of the outside counsel firms, associate attorneys, contract attorneys,
21  paralegals, secretarial staff, clerical and other regular or temporary employees), and Consultants
22  and Vendors of such Counsel to the Parties, provided that no Discovery Material designated as
23  "Highly Confidential Information – Attorneys' Eyes Only" shall be disclosed to any Consultants
24  and Vendors or temporary employee of Counsel to the Parties unless and until such person has
25  executed a Declaration of Compliance substantially in the form attached to this Protective Order
26  as Exhibit A;

27    b. From each of Oracle and Rimini Street, three in-house counsel who are
28  employed by the legal department for a Party and who are acting as legal counsel in connection

1  with this Action, as well as the designated in-house counsels' necessary secretarial, clerical,
2  administrative or support staff, provided that the designated in-house counsel, secretarial,
3  clerical, administrative or support staff are not involved in competitive decision-making for the
4  Party (*i.e.*, development, marketing or pricing decisions) and further provided that such
5  secretarial, clerical, administrative or support staff do not also support persons who are involved
6  competitive decision-making for the Party as to the subjects of the information designated as
7  "Highly Confidential Information – Attorneys' Eyes Only."   Both parties reserve the right to
8  challenge access to in-house counsel designees based on later-acquired information.  Either party
9  may designate up to three in-house counsel and may change the in-house counsel named in this
10 paragraph by proposing such a designation or change in writing to (i) all counsel of record in this
11 action, including providing a detailed description of the proposed designee's present and past
12 roles and responsibilities as an employee of the party, and (ii) counsel of record for all third-
13 parties, if any, that have produced documents or materials designated as "Highly Confidential
14 Information – Attorneys' Eyes Only" pursuant to this Protective Order. Consent to such
15 proposed amendment will be deemed given by the other parties (including third parties) if
16 objection is not made within ten (10) business days.
17        c.       the author of the Discovery Material or the original source of the entirety
18 of the information contained therein, and any copied recipients thereof;
19        d.       Witnesses or deponents and their counsel, during the course of and, only
20 to the extent necessary, in preparation for depositions or testimony in this Action only if (1) that
21 witness or deponent had previously received or seen, independent of this Action, the specific
22 documents or materials designated as "Highly Confidential Information – Attorneys' Eyes Only"
23 or previously had, independent of this Action, personal knowledge of the information designated
24 as "Highly Confidential Information – Attorneys' Eyes Only"; and (2), except for individuals
25 who are present employees of the party that produced the Discovery Material, that witness or
26 deponent has executed a Declaration of Compliance substantially in the form attached to this
27 Protective Order as Exhibit A acknowledging that the deponent will treat documents designated
28 "Highly Confidential Information – Attorneys Eyes Only" in accordance with the Protective

1  Order and that the witness or deponent agrees to be bound by the terms of this Protective Order,
2  or the witness shall agree on the record to be bound by the terms of this Protective Order and the
3  Declaration of Compliance attached hereto as Exhibit A.  If a witness refuses both options, the
4  deposition may cease and the parties should file any necessary motions with the Court, or the
5  parties may agree to continue the deposition on terms agreeable to all parties;
6             e.     Retained experts and expert consultants assisting counsel for the Parties in
7  this Action, and only to the extent necessary for the expert or expert consultant to prepare a
8  written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this
9  Action, subject to the provisions of Paragraph 12 below;
10            f.     The Court and its staff and administrative personnel, and Court reporters,
11 videographers and stenographers employed to take depositions, and any essential personnel
12 retained by the Court; and
13            g.     Any other person only upon order of the Court or upon stipulation of the
14 Designating Party.
15            h.     Defendant Seth Ravin but only to the extent the documents or materials
16 designated as "Highly Confidential Information – Attorneys' Eyes Only" are identified by Oracle
17 in the Pretrial Order (or similar filing) as evidence to be used at trial in support of Oracle's
18 claims against Mr. Ravin or Rimini Street.
19       11.    Counsel for any Party to this litigation or counsel for the witness may exclude
20 from the room during any deposition any person who is not entitled under the provisions of
21 Paragraph 9 or 10 to receive or review "Confidential Information" or "Highly Confidential
22 Information - Attorneys Eyes' Only" Discovery Material during the time that such information
23 is being disclosed or discussed in the deposition.
24            a.     No witness may be shown or examined on any "Confidential Information"
25 or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material unless he or
26 she is entitled to receive or review such material under the provisions of Paragraph 9 or 10, or
27 unless otherwise agreed by counsel for the Designating Party for the Discovery Material at
28 issue. In the event that counsel for the Designating Party of the Discovery Material that has

1  been designated as "Confidential Information" or "Highly Confidential Information –
2  Attorneys' Eyes Only" agrees that the witness may be shown or examined on any such
3  "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"
4  Discovery Materials, the witness must first be advised of the confidential nature of the
5  Discovery Material, and be informed that any unauthorized disclosure of the information
6  contained in the Discovery Material may constitute a contempt of this Court.
7            b.      Any Party wishing to use documents of an opposing Party designated
8  either "Confidential Information" or "Highly Confidential Information – Attorneys Eyes Only"
9  at the deposition of a third-party witness must give the opposing party at least 48 hours written
10 notice.  The written notice must provide (i) a list of the documents by Bates number that the
11 requesting party wishes to use in the third-party deposition; and (ii) a complete copy set of the
12 documents that are to be shown to a third party deponent.  The third-party deponent must be
13 asked to execute a Declaration of Compliance substantially in the form attached to this
14 Protective Order as Exhibit A, acknowledging that the deponent will treat documents
15 designated "Confidential Information" or "Highly Confidential Information – Attorneys Eyes
16 Only" in accordance with the Protective Order and that the third-party deponent agrees to be
17 bound by the terms of this Protective Order.  If before testifying the third-party deponent
18 refuses to sign the Declaration of Compliance Counsel for the Party seeking to depose the
19 witness shall (i) provide the third-party deponent a copy of this Protective Order; (ii) state on
20 the record that the Discovery Material about which the third-party deponent is to be questioned
21 is subject to the terms of the Order; and (iii) inform the third-party deponent on the record that
22 unauthorized disclosure of the information contained in the Discovery Material may constitute a
23 contempt of this Court.
24       12.    "Confidential Information" or "Highly Confidential Information - Attorneys'
25 Eyes Only" Discovery Material may be provided to retained experts and/or expert consultants
26 assisting counsel for the Parties in this Action, and only to the extent necessary for the expert or
27 expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the
28 prosecution or defense of this Action, provided that such expert or expert consultant: (i) is not

1  currently, or has not in the past year from the date of this Protective Order, been a competitor of
2  the non-retaining Party, or a partner, director, officer, employee or other affiliate of such a
3  competitor; (ii) is using said "Confidential Information" or "Highly Confidential Information -
4  Attorneys' Eyes Only" Discovery Material solely in connection with this Action; and (iii) signs
5  a Declaration of Compliance in the form attached to this Protective Order as Exhibit A,
6  agreeing in writing to be bound by the terms and conditions of this Protective Order, consenting
7  to the jurisdiction of the Court for enforcement of this Protective Order, and agreeing not to
8  disclose or use any "Confidential Information" or "Highly Confidential Information -
9  Attorneys' Eyes Only" Discovery Material in a manner or for purposes other than those
10 permitted by this Protective Order.  Counsel for the Party using the expert or expert consultant
11 shall be responsible for obtaining the signed undertaking and retaining the original, executed
12 copy.  At least five (5) business days prior to providing an expert or expert consultant with any
13 information that has been designated as "Confidential Information" or "Highly Confidential
14 Information - Attorneys' Eyes Only" by the other side, Counsel must first identify the expert in
15 writing to opposing counsel.  This written identification shall include a current resume or
16 curriculum vitae, and shall be served by electronic mail, in addition to overnight mail.  Should
17 the opposing party object to the disclosure of its "Confidential Information" or "Highly
18 Confidential Information - Attorneys' Eyes Only" to the designated expert or expert consultant,
19 it shall provide written notice within five (5) business days.  The parties shall meet and confer
20 on that objection within two (2) business days of the written objection being served on counsel.
21 If the meet and confer does not resolve the dispute, the parties agree to expedited briefing.  The
22 objecting party shall file a motion within two court days of the meet and confer.  The other
23 party shall file any opposition within three court days of filing of the opening brief, and no
24 reply will be filed.  Both briefs shall be served by electronic mail, in addition, to overnight mail.
25 The Parties agree that Exhibit A shall not be filed with the Court, and shall be deemed as
26 "Confidential Information" within the meaning of this Protective Order.
27          No "Confidential Information" or "Highly Confidential Information - Attorneys'
28 Eyes Only" Discovery Material may be provided to retained experts and/or expert consultants

1  unless and until such person has executed a Declaration of Compliance substantially in the form
2  attached to this Protective Order as Exhibit A, and such Declaration of Compliance has been
3  served on counsel for all parties.  Further, upon service of a written objection to an expert or
4  expert consultant pursuant to this Paragraph 12, no information designated as "Confidential
5  Information" or "Highly Confidential Information - Attorneys' Eyes Only" by the objecting
6  party may be disclosed to the expert or expert consultant subject to objection unless and until
7  the time to file a motion with the Court has expired or the Court has ruled on the motion.
8         13.    This Protective Order has no effect upon, and shall not apply to, the Parties' use
9  of their own Confidential Information or Highly Confidential Information for any purpose.
10  Nothing in this Protective Order shall:  (i) prevent a Designating Party from disclosing its own
11  "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"
12  Discovery Material to officers, directors, employees, agents, or advisors, including investment
13  bankers and accountants, of the Designating Party; or (ii) impose any restrictions on the use or
14  disclosure by a Party of documents, materials, or information designated "Confidential
15  Information" or "Highly Confidential Information - Attorneys' Eyes Only" if such documents,
16  materials, or information were both lawfully obtained by and lawfully retained in the possession
17  of such Party independently of the discovery proceedings in this Action.
18         14.    Without written permission from the Designating Party or a court order secured
19  after appropriate notice to all interested persons, a Party or non-party may not file in the public
20  record in this action any "Confidential Information" or "Highly Confidential Information -
21  Attorneys' Eyes Only" Discovery Material.  A Party or non-party that seeks to file under seal
22  any "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"
23  Discovery Material must comply with the applicable procedures of this Court.  The envelope
24  containing documents sought to be filed under seal must indicate that the documents are being
25  filed pursuant to this Protective Order and that the envelope shall not be opened absent further
26  order of the Court.
27         15.    The inadvertent production of any Discovery Material shall be without prejudice
28  to any claim that such Discovery Material is privileged or protected from discovery as work-

product or by reason of any other applicable privilege or immunity, including without limitation the attorney-client privilege, and no Party or non-party shall be held to have waived any otherwise applicable privilege or protection by such inadvertent production.  If the claim of inadvertent production is made pursuant to this Paragraph with respect to information then in the custody of another Party or non-party, such Party or non-party shall promptly return to the claiming Party or non-party that material as to which the claim of inadvertent production has been made and all copies thereof, and the receiving Party or non-party shall not use such information for any purpose, expect as provided by Fed. R. Civ. P. 26(b)(5)(B).

16. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the Designating Party discloses the designation.

a. A Receiving Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Receiving Party may proceed to the next stage of the challenge process only if it first has engaged in this meet and confer process.

b. A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion in compliance with all applicable Federal and Local rules that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding subparagraph and that (to the extent possible)

1   sets forth with specificity the justification for the confidentiality designation that was given by
2   the Designating Party in the meet and confer dialogue.
3           c.      The burden of proof in any such challenge proceeding shall be on the
4   Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the
5   material in question the level of protection to which it is entitled under the Designating Party's
6   designation.  This provision applies only to challenge proceedings, and shall not be construed to
7   affect the burden of proof for a motion to seal.
8       17.     Entering into, agreeing to, producing, or receiving "Confidential Information" or
9   "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material pursuant to,
10  and/or otherwise complying with the terms of, this Protective Order, or the taking of any action
11  pursuant to this Protective Order shall not:
12          a.      Constitute or operate as an admission by any Designating or Receiving
13  Party that any particular document, material, testimony, or thing does or does not contain, reflect,
14  or constitute a trade secret or any other type of Confidential Information or Highly Confidential
15  Information;
16          b.      Prejudice in any way the rights of any Designating or Receiving Party to
17  object to the production of documents it considers not subject to discovery, or operate as an
18  admission by any Designating or Receiving Party that the restrictions and procedures set forth in
19  this Protective Order constitute adequate protection for any particular information deemed by
20  any Designating Party to be Confidential Information or Highly Confidential Information –
21  Attorneys' Eyes Only;
22          c.      Prejudice in any way the rights of any Designating or Receiving Party to
23  object to the relevancy, authenticity, or admissibility into evidence of any document, material,
24  testimony, or thing subject to this Protective Order, or otherwise constitute or operate as an
25  admission by any Designating or Receiving Party that any particular document, material,
26  testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition,
27  at trial, or in a hearing;
28          d.      Prejudice in any way the rights of a Designating or Receiving Party to

1   seek a determination by the Court whether any Discovery Material should be subject to the terms
2   of this Protective Order;
3               e.      Prejudice in any way the rights of a Designating Party to petition the Court
4   for a further protective order relating to any purportedly Confidential Information or Highly
5   Confidential Information;
6               f.      Prejudice in any way the rights of a Designating or Receiving Party to
7   oppose another Party's or non-party's motion to seal; and/or
8               g.      Prevent the Parties to this Protective Order from agreeing, in writing, to
9   alter or waive the provisions or protections of this Protective Order with respect to any particular
10  Discovery Material.
11      18.     In the event additional persons or entities become Parties to this Action, none of
12  such Parties' counsel, experts or expert consultants retained to assist said counsel, shall have
13  access to Confidential Information or Highly Confidential Information produced by or obtained
14  from any Designating Party until said Party has executed and filed with the Court its agreement
15  to be fully bound by this Protective Order.  No "Confidential Information" or "Highly
16  Confidential Information - Attorneys' Eyes Only" Discovery Material may be provided to such
17  Parties' counsel, experts or expert consultants unless and until such person has executed a
18  Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit
19  A, and such Declaration of Compliance has been served on counsel for all parties.
20      19.     It is the present intention of the Parties that the provisions of this Protective Order
21  shall govern discovery in this Action, but each of the Parties to this Protective Order shall be
22  entitled to seek modification of this Protective Order, or relief from it, by application to the Court
23  on notice to the other Parties here.
24      20.     The provisions of this Protective Order shall, absent written permission of the
25  Designating Party or further order of the Court, continue to be binding throughout and after the
26  conclusion of this Action, including without limitation any appeals in this Action.  Within thirty
27  (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of
28  this Action, including the exhaustion of all permissible appeals, all persons and entities having

1  received "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes
2  Only" Discovery Material, shall either make a good faith effort to return such material and all
3  copies thereof (including summaries and excerpts) to counsel for the Designating Party or
4  destroy all such "Confidential Information" or "Highly Confidential Information - Attorneys'
5  Eyes Only" Discovery Material and copies thereof (including summaries and excerpts) and
6  certify that fact to counsel for the Designating Party.  Outside counsel for the Parties shall be
7  entitled to retain all filings, court papers, deposition and trial transcripts, deposition and trial
8  exhibits, and attorney work product (regardless of whether such materials contain or reference
9  Discovery Materials designated as "Confidential Information" or "Highly Confidential
10 Information - Attorneys' Eyes Only" by any Designating Party), provided that such outside
11 counsel, and employees and agents of such outside counsel, shall not disclose any Confidential
12 Information or Highly Confidential Information contained or referenced in such materials to any
13 person except pursuant to court order or agreement with the Designating Party.  All materials, if
14 any, returned to the Parties or their counsel by the Court likewise shall be disposed of in
15 accordance with this Paragraph.  This Court shall have continuing jurisdiction to enforce the
16 terms of this Protective Order, including without limitation during any appeals in this Action.
17       21.    If any person receiving Discovery Material covered by this Protective Order (the
18 "Receiving Party") is:  (a) subpoenaed in or (b) served with a demand in another action to which
19 he, she or it is a party, or (c) served with any other legal process by one not a party to this Action
20 seeking Discovery Material that was produced or designated as "Confidential Information" or
21 "Highly Confidential Information - Attorneys' Eyes Only" by someone other than the Receiving
22 Party, the Receiving Party shall give actual written notice, by hand or facsimile transmission,
23 within five (5) business days of receipt of such subpoena, demand, or legal process, to the
24 Designating Party.  The Receiving Party shall not produce any of the Designating Party's
25 "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"
26 Discovery Material, until the Designating Party gives notice to the Receiving Party that the
27 Designating Party consents to production, or opposes production of its "Confidential
28 Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material,

1  and has had a reasonable opportunity to object to the production.  The Designating Party shall be

2  solely responsible for asserting any objection to the requested production.  Nothing in this

3  Paragraph shall be construed as requiring the Receiving Party or anyone else covered by this

4  Protective Order to challenge or appeal any order requiring production of "Confidential

5  Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material

6  covered by this Protective Order, or to subject such person to any penalties for non-compliance

7  with any legal process or order, or to seek any relief from this or any Court.

8       22.    Any Designating or Receiving Party seeking enforcement of this Protective Order

9  against any other Designating or Receiving Party may petition the Court by properly noticed

10  motion, pursuant to this Court's rules, including a concise statement of the specific relief sought.

11       23.    Violation by any person of any term of this Protective Order shall be punishable

12  as a contempt of court.  No provision of this Protective Order shall require any person,

13  corporation, or other entity not a Party to this Action to respond to any discovery request, except

14  as may otherwise be required by law.

15  ~~IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:~~

16

17

18

19  IT IS SO ORDERED:

20  DATED:_____,      By:_____

21  ~~2010~~2015                              United States District Court Judge

22

23

24

25

26

27

28

17

[PROPOSED] ~~STIPULATED~~MODIFIED PROTECTIVE ORDER

~~306545 v1~~ ~~306545 v1~~ 306545 v1

<u>EXHIBIT A</u>

<u>DECLARATION OF COMPLIANCE</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the ~~Stipulated~~ Protective Order that was issued by the United States District Court for the District of Nevada on _____ [date] in the case of *Oracle USA, Inc., et al. v. Rimini Street, Inc., et al.*  I agree to comply with and to be bound by all the terms of this ~~Stipulated~~ Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this ~~Stipulated~~ Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this ~~Stipulated~~ Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this ~~Stipulated~~ Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]