# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FILED
JUL 19 1995
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORN.
SAN JOSE

ROGER SCHLAFLY,

    Plaintiff,

v.

PUBLIC KEY PARTNERS, and
RSA DATA SECURITY, INC.,

    Defendants.

Case No.: C-94 20512 SW (PVT)

ORDER FOLLOWING AN
EVIDENTIARY HEARING

On June 6, 1995, defendants' motion for a protective order came on for hearing. This motion was continued to July 12, 1995, for a status conference and an evidentiary hearing consistent with Brown Bag Software v. Symantec Corp. 960 F.2d 1465 (9th Cir. 1992). Robert Schlafly appeared in pro se; Thomas R. Hogan represented Public Key Partners ("PKP"); Thomas E. Moore III represented RSA Data Security, Inc. ("RSA").

### I. BACKGROUND

Plaintiff filed a complaint alleging invalidity of defendants' patents on cryptography technology and a violation

1

of anti-trust laws. Defendant PKP has counterclaimed, seeking declaratory judgment that plaintiff has infringed their patents.

Defendants argued that a protective order is necessary because discovery in this action is likely to disclose highly sensitive proprietary, trade secret information to the plaintiff. Defendants' Protective Order provides a two-tiered organization of confidential information. Plaintiff has access to the "CONFIDENTIAL BUSINESS INFORMATION PROTECTED BY COURT ORDER" tier, (Protective Order 6:11-13, 7:9-10), but is excluded from the "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" tier. (Protective Order 8:6-10). However, plaintiff may retain an "independent expert consultant" who would have access to information designated "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" and be able to advice plaintiff accordingly. (Protective Order 8:6-10).

According to defendants, plaintiff is a direct competitor because plaintiff develops similar software involving public key cryptography, and sells the software to the same customers. Therefore, defendants assert there is a strong risk of inadvertent disclosure if plaintiff had access to defendants' confidential information.

Ordinarily, an "ATTORNEY'S EYES ONLY" limitation in a protective order would protect confidential information from possible misuse by the opposing party, yet allow access to opposing counsel for purposes of litigation. However, plaintiff is appearing <u>in pro se</u>, so such a limitation could

2

essentially bar the plaintiff from seeing certain evidence at all. Therefore, the Court must analyze whether this protective order is warranted.

## II. STANDARD OF REVIEW

A proper review of protective orders requires a factual examination of all the risks and safeguards surrounding inadvertent disclosure. The nature of the claims and of a party's opportunity to develop its case through alternative discovery procedures should be considered. The Court should also consider the extreme sensitivity of the trade secrets at issue and the potential damage to parties should the trade secrets inadvertently become subject to misuse by the other party. Brown Bag Software., 960 F.2d at 1470.

## III. ANALYSIS

The issue is whether plaintiff should be restricted from materials designated "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" under the Protective Order.

Mr. Schlafly's integrity, as an individual who signs and agrees to be bound by a Protective Order, is not in question. However, according to Brown Bag Software, 960 F.2d at 1470, the Court must examine factually all the risks and safeguards surrounding inadvertent disclosure of defendants' trade secrets by plaintiff.

After inquiring into the specific factual circumstances of plaintiff and defendants' conflicting interests, the Court

3

finds that Mr. Schlafly and defendants are direct competitors. Plaintiff's access to defendants' confidential information would necessarily entail the use of defendants' trade secrets in the development of plaintiff's software, which poses a high risk of inadvertent disclosure. Therefore, the Protective Order may exclude Mr. Schlafly from documents designated as "CONFIDENTIAL -- ATTORNEY'S EYES ONLY."

The Court advises Mr. Schlafly to seek legal counsel or an independent expert consultant as provided in the Protective Order. In this way, Mr. Schlafly is not completely barred from seeing certain evidence and defendants' confidential information is protected from inadvertent disclosure.

Further, defendants shall log all materials which are designated as "CONFIDENTIAL -- ATTORNEY'S EYES ONLY." The defendants are cautioned not to over designate material as "ATTORNEY'S EYES ONLY."

### IV. CONCLUSION

Good cause appearing therefore, IT IS HEREBY ORDERED that defendants' motion for protective order is GRANTED.

Compliance with disclosures shall be completed by August 11, 1995. A motions hearing is scheduled for December 6, 1995 at 10:00 a.m. with Judge Williams. Defendants shall file their opposition to plaintiff's motion and their own summary judgment motions by October 6, 1995. Replies shall be pursuant to local rules.

If Judge Williams does not set trial and pre-trial dates,

Magistrate Judge Trumbull shall be notified, within five days after Judge Williams' decision on the summary judgment motions, to set dates accordingly.

Dated: 7-18-95

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

5

COPIES MAILED ON  7/19/95  TO:

Roger Schlafly
P.O. Box 1680
Soquel, California 95073

Thomas R. Hogan
LAW OFFICES OF THOMAS R. HOGAN
60 South Market Street, Suite 1125
San Jose, California 95113-2332

Thomas E. Moore III
TOMLINSON, ZISKO, MOROSOLI & MASER
200 Page Mill Road, Second Floor
Palo Alto, California 94306

*Lorraine Quibodeaux*
LORRAINE QUIBODEAUX
Deputy Clerk

**National Archives Trust Fund**
1000 Commodore Drive
San Bruno, CA 94066
(650) 238-3470

Civil Cases - Entire Case File
FORM91A         1@       90.00         $90.00
           1.00 ITEMS SUBTOTAL          $90.00
                  TOTAL                 $90.00
              Credit Card               $90.00
              4000
              Change Due                 $0.00

AFO-SB-INV001351

LOC:   AFO-SB            WKS:  AFO-SB_02
OPER:  dsteiner          SLS:  DSTEINER
DATE:  1/15/2014         TIME: 10:52:04 AM
CUSTOMER ACCOUNT:        AFO-SB

*Ready Access to*
*Essential Evidence*