SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
pstrand@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 3400
Houston, Texas   77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

DANIEL B. WINSLOW, Esq. (*pro hac vice*)
RIMINI STREET, INC.
6601 Koll Center Parkway Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

LEWIS AND ROCA LLP
W. West Allen, Esq. (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
WAllen@LRLaw.com

*Attorneys for Defendants*
*Rimini Street, Inc., and Seth Ravin*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ORACLE USA, INC., a Colorado corporation;
ORACLE AMERICA, INC., a Delaware
corporation; and ORACLE INTERNATIONAL
CORPORATION, a California corporation,

Plaintiffs,

v.

RIMINI STREET, INC. , a Nevada corporation;
SETH RAVIN, an individual,

Defendants.

Case No. 2:10-cv-0106-LRH-PAL

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO MODIFY
THE PROTECTIVE ORDER (Dkt. 55)**

### Memorandum of Points and Authorities

Oracle has designated approximately 2,000 exhibits that it says it plans to use at trial against Rimini Street and Mr. Ravin, but maintains that Mr. Ravin may not see those documents in preparing his defense.  This argument offends the most basic principles of due process and fundamental fairness, and clearly prejudices Mr. Ravin's and Rimini Street's ability to defend themselves.  "Due process requires that there be an opportunity to present every available defense." *Lindsey v. Normet* 405 U.S. 56, 66 (1972).  Implicit in that right is "a chance to present evidence and arguments on the claim," *Blonder-Tongue Laboratories, Inc. v. Univ. of Illinois Foundation*, 402 U.S. 313, 329 (1971), which if restricted by limiting a litigant's access to information, may constitute a denial of the core due process rights to notice and a meaningful opportunity to be heard. *Cf. Goldberg v. Kelly*, 397 U.S. 254, 269–70 (1970); *see also Standard Space Platforms Corp. v. United States*, 35 Fed. Cl. 505, 509 (1996) ("to deny plaintiff the right to have its own president assist in its litigation, given defendants' flimsy showing, could well border on a denial of due process").  It is not for Oracle to decide that Mr. Ravin "has what he needs to defend against [Oracle's] allegations."  (Opposition at 1).  Oracle brought this case against not only Rimini Street but Mr. Ravin individually, and seeks damages—even *punitive* damages—from Mr. Ravin individually.  One of the consequences of that strategic choice is that Mr. Ravin is entitled to see the documents Oracle plans to use against him at trial.  The Court should therefore grant Defendants' motion.

Oracle acknowledges, in the final pages of its opposition brief, that the only documents at issue are the ones *Oracle* plans to use at trial, and that their exhibits are likely to become public anyway when offered at trial (Opposition at 14), for example, in support of Oracle's damages theory. (*See* Hill Declaration at ¶¶ 4-5).  There is no logical reason—let alone a constitutional justification—for keeping the documents on Oracle's own exhibit list from Mr. Ravin during trial preparation, especially given that Mr. Ravin will be a principal witness at trial.

For instance, Oracle does not even attempt to show that it could meet its burden of maintaining these documents under seal at trial.  As Oracle admits, the standard for sealing trial

documents is "high," to put it mildly (Opposition at 14 n. 6), and what may be sealed is narrower than what the protective order allows Oracle to designate as "Attorneys' Eyes Only."  If the Attorneys' Eyes Only materials are not sealed, they will be available to the world, not just Mr. Ravin, thus resulting in the same alleged risk of competitive injury with which Oracle is purportedly concerned.

Moreover, even if the exhibits are sealed, Oracle does not even claim that it could keep Mr. Ravin from viewing the exhibits *at trial*.  Oracle could not possibly escort Mr. Ravin out of the courtroom when these materials are presented in the case against him or Rimini Street.  Rather, what will happen at this trial is what happens at all trials in the United States of America: the defendants will be shown the evidence offered against them.  Delaying that disclosure until the day of trial does not protect Oracle from any supposed competitive harm – it only disadvantages Defendants.

Oracle attempts to distract from the illogic of its argument by painting Mr. Ravin as a bad actor based on complete mischaracterizations of the facts and without citing any evidence.  For instance, Oracle says repeatedly that Rimini Street was found in contempt of court, but omits the relevant context, which is that the company stipulated to contempt in order to challenge an overbroad Oracle subpoena.  *See Oracle USA, Inc., et al. v. SAP AG, et al.*, Case No. 2:09-CV-01591 KJD (GWF) (D. Nev. Jan. 12, 2010) (stipulation).  The contempt order was *subsequently withdrawn* by the Court.  *See id.* (Dec. 1, 2010 order).  Over and over again in its brief, Oracle misrepresents these sorts of facts and cites no evidence.  These baseless assertions do not support Oracle's attempt to deny Mr. Ravin the ability to see the documents Oracle plans to use against him and Rimini Street, the company he founded, at trial.

Oracle also mischaracterizes the caselaw applying the "good cause" standard for modifying a protective order.  For instance, Oracle argues that *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775 (1st Cir. 1988), stands for the proposition that the *only* good cause is a change of circumstances. (Opposition at 14 n. 5).  In reality, *Public Citizen* makes clear that a change of circumstances is but *one form* of good cause that may exist.  858 F.2d at 791.  Oracle suggests that the Defendants in *United States v. Lawson*, No. 08-21-KSF, 2009 WL 2136818 (E.D. Ky. July 16, 2009), were not

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY THE PROTECTIVE ORDER (Dkt. 55)

6907959 v1

trying to read the Attorney Eyes' Only documents, but merely "use" them at trial.  (Opposition at 9-10 n. 3).  That distinction makes no sense.  Rather, the court in *Lawson* made it clear that one justification for modifying the protective order there, which provided that "any document designated as 'Attorneys Eyes Only' [was] 'not to be provided to or seen by any Defendant unless so ordered by the Court,'" was "the defendants['] need to have access to the documents."  2009 WL 2136818 at **1, 2.  The same good cause exists here.

The few cases adopting a narrow view of modification cited by Oracle are inapposite.  First, like *Lawson*, the protective order here specifically contemplates future amendments, such as the kind of amendments sought here: an expansion of the categories of persons who may view Attorneys' Eyes Only material.  Indeed, the protective order already provides that Attorneys' Eyes Only material may be disclosed to "[a]ny other person . . . upon order of the Court."  Protective Order (Dkt. 55) at ¶ 10(a)-(g).

Additionally, none of Oracle's cases address the specific situation here, where a *named Defendant* will be denied the opportunity to view the evidence to be offered against him unless the Court modifies the protective order.  It is no surprise, in light of the due process concerns raised by cases like *Lawson*, that Oracle can find no case where a defendant was denied the ability to see the evidence against him, and in fact the caselaw is to the contrary.  *See*, *e.g.*, *Martinez v. City of Ogden*, 2009 WL 424785, at *3 (D. Utah 2009) ("Restrictions on a litigant's access to information that may constitute or lead to evidence and arguments may severely hamper the litigant's participation [and] to deny plaintiff the right to assist in its own litigation could well border on a denial of due process.") (internal quotations and brackets omitted).  Oracle's vague claims of competitive injury cannot justify denying a named Defendant access to documents that will be used against him at trial.  *Cf. Arvco Container Corp. v. Weyerhauser Co.*, 2009 WL 311125, at *6 (W.D. Mich. Feb. 9, 2009) (denying "direct competitor's" request for attorney's eyes only protection of alleged confidential business information and recognizing that litigants should not be "kept in the dark" regarding important facts about the case) (citation omitted).

6907959 v1

1       Oracle's final argument, that it may not actually *use* all 2,000 Attorney Eyes' Only

2   documents on its exhibit list, is one more reason to resolve this issue now.  Oracle should be

3   compelled to take a closer look at what information it plans to use at trial, and how much of that

4   information actually presents a risk of competitive injury if disclosed.  Oracle's documents were

5   afforded generous, blanket protections throughout discovery, but now that trial is near and the parties

6   know or should know which exhibits are likely to be put in evidence, those discovery protections

7   must take a back seat to the transparency of trial and the due process right of Defendants to prepare

8   their defense.

9   **Conclusion**

10       Defendants merely ask that Mr. Ravin and Rimini Street, Inc. be allowed to see the evidence

11   Plaintiffs intend to use against them.  There are approximately 2,000 documents Oracle says it will

12   use at trial, and that Defendants therefore will see at trial, and Oracle identifies no facts or argument

13   that justifies preventing Defendants from seeing this evidence in advance.  The Court should modify

14   the Protective Order (Dkt. 55) to identify Mr. Ravin as a person under Paragraph 10 who may review

15   documents identified on any trial Exhibit List and designated "Highly Confidential Information –

16   Attorneys' Eyes Only," it should issue an "order of the Court" under Paragraph 10(g) allowing Mr.

17   Ravin to view the documents identified on Oracle's trial exhibit list, or it should re-designate the

18   Oracle trial exhibits as "Confidential."

19

20     DATED:      April 9, 2015        SHOOK, HARDY & BACON

21

22                             By:    */s/ Robert H. Reckers*_____

23                                   Robert H. Reckers, Esq.

24                                   Attorney for Defendants
                                Rimini Street, Inc. and Seth Ravin

25

26

27

28

6907959 v1

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing REPLY IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY THE PROTECTIVE ORDER (Dkt. 55) was served on the 9th day of April, 2015, via email, as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br>Facsimile: (415) 442-1001<br>thomas.hixson@morganlewis.com<br>kristen.palumbo@morganlewis.com<br><br>ORACLE CORPORATION<br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER(*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com |

By: _/s/ Robert H. Reckers_

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY THE PROTECTIVE ORDER (Dkt. 55)

6907959 v1