SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand Esq. (*pro hac vice*)
Ryan D. Dykal Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, Texas   77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
WAllen@LRRLaw.com

*Attorneys for Defendants*
*Rimini Street, Inc., and Seth Ravin*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET INC.'S AND SETH RAVIN'S MOTION TO PRECLUDE CERTAIN DAMAGES EVIDENCE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(E) AND 37(C), OR, IN THE ALTERNATIVE, TO CONSOLIDATE** |

**[REDACTED]**

6939861 v1

## I. INTRODUCTION

Oracle failed to timely supplement its expert reports in this case ("*Rimini I*")[1] as required by Rule 26(e), despite having received sufficient supplemental discovery from defendants Rimini Street, Inc. and Seth Ravin ("Rimini") by August 2014. Therefore, Oracle should be precluded from introducing any damages claims at trial that extend beyond the damages theories set forth in Oracle's expert damage report, which was served in January of 2012. In addition, Oracle should be precluded from circumventing Rule 26(e) and asserting identical damages claims in a related declaratory judgment action ("*Rimini II*")[2] now pending in this District.[3]

In *Rimini I*, Oracle seeks, among other things, pre- and post-complaint damages for copyright infringement arising from Rimini's pre-February 2014 conduct. In January 2012, Oracle served its expert damages report, which calculated damages ████████████████████████████████ ████████████████████████████████████████ Throughout 2014, Oracle demanded—and Rimini produced—supplemental discovery that included Rimini's client lists and financials through early 2014. But, despite having been given all the information it needed to update the report by at least August 2014, Oracle failed to supplement the expert report, as required by Rule 26(e), to include damages for Rimini's post-December 2011 clients.

In an effort to overcome its lack of diligence, Oracle now asserts a counterclaim in *Rimini II* seeking the *same* relief for the *same* cause of action alleged in *Rimini I*, namely, copyright infringement arising from Rimini's pre-February 2014 conduct. For the reasons expressed below, Oracle's attempt to circumvent its duty to supplement under Rule 26(e) by improperly splitting its

---

[1] *Oracle et al. v. Rimini Street, Inc. et al.*, Case No. 2:10-cv-0106-LRH-PAL (filed Jan. 25, 2010).
[2] *Rimini Street, Inc. v. Oracle Int'l Corp.*, Case No. 2:14-cv-01699-LDG-VCF (filed Oct. 15, 2014).
[3] By order dated May 12, 2015, *Rimini II* was transferred to this Court.  Order Reassigning Matter to Judge Larry R. Hicks and Magistrate Judge Peggy A. Leen, Dkt. No. 52 (filed May 12, 2015). Given the nature of the relief sought, Rimini is filing motions to strike concurrently in both cases.

[4] Reckers Decl., Ex. M, Expert Report of Elizabeth A. Dean, at ¶ 89 (Jan. 17, 2012); *see also* Reckers Decl., Ex. M, Expert Report of Elizabeth A. Dean, at ¶ 119 (████████████ █████████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████████████ ████)

6939861 v1

cause of action between *Rimini I* and *Rimini II* calls for the exclusion in *Rimini II* of any damages evidence based on pre-February 2014 conduct pursuant to Rule 37(c).

## II.     BACKGROUND

Oracle submitted its damages report in *Rimini I* in January ███████████████████████████████████ Despite having demanded—and received—extensive discovery from Rimini between that date and August 2014 on Rimini's clients, client support contracts, financial information, and other technical data, Oracle never updated its damages report, claiming that there had been "no formal discovery" since 2011 and that the documents Rimini produced "fell far short of what is necessary to litigate" its claims. (*Rimini II*, Dkt. 48 at 2.) That is demonstrably incorrect; in fact, Rimini has consistently updated discovery in response to Oracle's numerous discovery requests and Oracle had sufficient supplemental discovery from Rimini to update its damages report in a timely manner.

### A.    Discovery and Expert Disclosures in *Rimini I*

Oracle filed its complaint on January 25, 2010, alleging copyright infringement and other related claims against Rimini Street. After more than two years of fact and expert discovery principally on Oracle's copyright claims, Oracle filed its first of two motions for partial summary judgment on March 30, 2012, alleging that certain of Rimini Street's processes related to PeopleSoft, JD Edwards, and Siebel software infringed Oracle's exclusive right to reproduce the eight registered works at issue in the motion, and moving to strike Rimini's related affirmative defenses.

On September 14, 2012, Oracle filed its second motion for partial summary judgment, alleging that Rimini's use of Oracle Database software on behalf of its clients infringed Oracle's exclusive right to reproduce the six registered works of Oracle Database at issue in the motion, moving to strike additional Rimini affirmative defenses and to dismiss Rimini's counterclaims for defamation and unfair competition.

On February 13, 2014, the Court granted the first motion in part and denied it in part.

On February 25, 2014, Oracle wrote to Rimini Street demanding that it "cease the business practices that the Court's February 13, 2014 Order determined constituted copyright infringement, and that Rimini provide critical information regarding its current practices." Declaration of Robert

6939861 v1

H. Reckers in Support of Defendants' Motion to Preclude Certain Damages Evidence ("Reckers Decl."), Ex. A at 1. Oracle noted that "[b]oth issues are important to the way this case will go to trial" and demanded that Rimini identify "all updates generated from any of these infringing environments," and "all environments to which Rimini has applied, any update generated from any of the infringing environments . . . includ[ing] environment[s] where Rimini facilitated a customer's application of any update generated from any of the infringing environments." *Id.* at 2–3. Oracle's letter included additional requests for information and documents specific to Rimini's new processes that it had begun to implement following the Court's Order for Oracle's first motion for partial summary judgment issued on February 13, 2014. *Id.*

On March 10, 2014, Rimini responded to Oracle's February 25, 2014 letter and agreed to provide Oracle "an updated client list, along with a list of any Rimini hosted PeopleSoft, JDE and Siebel environments created after the close of fact discovery," "a list of the PeopleSoft updates created on any Rimini-hosted environment," and "a list of clients that received updates generated on Rimini-hosted environments." Reckers Decl., Ex. B at 2–3.

On April 3, 2014, Rimini produced its first supplemental discovery response to Oracle's requests, which included:

- An updated client list, including the clients Rimini obtained since the close of fact discovery on December 5, 2011 (Dkt. 161), product line(s) supported, support start date, and support end date where applicable;

- A list of Rimini-hosted environments created after the close of fact discovery, which includes the client name, DNS name, and ERP release name contained in the environment for PeopleSoft environments created at Rimini from January 1, 2012 to present; and

- A list of clients that received updates generated on Rimini-hosted environments, which includes the client name, support start date if after January 1, 2012, and support end date where applicable. This exhibit reflects the PeopleSoft updates created and delivered by Rimini to the clients listed in the exhibit and the relevant time period of the deliveries.

- 4 -

6939861 v1

Reckers Decl., Ex. C.

These responses were specifically directed to Oracle's requests for supplemental responses to its interrogatories based on developments between the close of fact discovery in December 2011 and the time of the request on conduct prior to the Court's February 13, 2014 order. Rimini's response included a request "that Oracle supplement in light of the intervening time period since discovery's close." *Id.*

Oracle responded on April 11, 2014, reiterating its requests for information regarding Rimini's post-February 2014 conduct, demanding that Rimini "identify and disclose persons whose job responsibilities involve, or who have knowledge about, a list of topics concerning Rimini's conduct since the close of fact discovery," and requesting "document productions from relevant individuals, as well as non-custodial documents." Reckers Decl., Ex. D at 1. Oracle further requested that Rimini provide updated financial information, updated information about the use of Oracle Database for Rimini-hosted environments, and Rimini support contracts with its clients for the period covered by Rimini's pre-February 2014 conduct. *Id.* at 2.

On June 6, 2014 Rimini produced 3,817 pages of documents in its second supplemental response to Oracle's request for information on Rimini's pre-February 13, 2014 conduct, including:

- Client support contracts; and
- Further financial information, delivered updates, environments, and technical processes.

Reckers Decl., Ex. E.

On June 20, 2014, Oracle produced its first set of supplemental discovery responses, including 13,381 pages of documents. These responses included:

- Customer contract documents;
- Updated financial information; and
- Declarations from CedarCrestone, Inc. and Mathew Stava.

Reckers Decl., Ex. F.

On July 8, 2014, Oracle produced its second set of supplemental discovery responses, which included 3,736 pages of documents. These responses also included:

- 5 -

6939861 v1

- Customer contract documents; and
- Customer specific financial reports (ODS reports).

Reckers Decl., Ex. G.

On August 8, 2014, Oracle produced its third set of supplemental discovery responses, including:

- Additional financial reports that were inadvertently omitted from prior document productions; and
- Customer specific financial reports (ODS reports).

Reckers Decl., Ex. H.

On August 14, 2014, the Court ruled on Oracle's second motion for partial summary judgment. The Court gave the parties sixty days following the entry of the Order to submit a proposed joint pre-trial order, and on August 20, 2014, Rimini wrote to Oracle to discuss a schedule to complete the supplemental discovery in light of the pre-trial order deadline. Reckers Decl., Ex. I.

In response to Oracle's July 24, 2014 letter and subsequent meet-and-confer, on August 20, 2014, Rimini produced its third set of supplemental discovery responses, including an additional 125 pages of documents relating to Rimini's revised PeopleSoft software update development process. Reckers Decl., Ex. J.

On August 29, 2014, Rimini produced 2,829 pages of documents in its fourth set of supplemental responses to Oracle's July 24, 2014 letter, including detailed financial information and other responsive documents and information. Reckers Decl., Ex. K.

On September 17, 2014, more than six months after the first set of supplemental responses was served, the parties filed a joint motion for case management conference. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

- 6 -

6939861 v1

After an October 9, 2014 hearing on the joint motion, Magistrate Judge Leen found in Oracle's favor, precluding evidence of Rimini's new support model from being introduced in *Rimini I*. In so doing, Judge Leen was explicit in setting the damage period in this case as ending in February 2014, stating that "Oracle has offered to stipulate not to seek damages in this case for the period on or after the District Court's February 13, 2014 order, and the Court will hold Oracle to that offer." Dkt. 515 at 3.

### B. Rimini's Declaratory Judgment Action in *Rimini II*

On October 15, 2014 Rimini filed a separate declaratory judgment action seeking to establish that its new PeopleSoft Software update development process does not infringe the Oracle copyrights listed in the *Rimini II* complaint as of at least July 31, 2014 (when Rimini finished converting off of the previous PeopleSoft Development process at issue in *Rimini I*).

On April 21, 2015, the parties filed their stipulated discovery plan and proposed scheduling order. Dkt. 48. In its portion of the plan, and for the first time, Oracle stated that "Oracle's agreement not to seek damages in *Rimini I* for conduct years after the close of fact discovery in that matter is no bar to seeking damages in *Rimini II*." Simply ignoring the parties' significant supplemental discovery in *Rimini I*, Oracle further stated that "[t]here has been no formal discovery from Rimini for more than three years, since December 2011." Dkt. 48 at 2. This statement is demonstrably incorrect, as detailed above.

### III. DISCUSSION

Oracle had ample opportunity and sufficient supplemental discovery from Rimini to timely update its January 2012 expert report with the thousands of pages of documents Rimini produced between April and August 2014, but failed to do so. Oracle should not be able to benefit from its own lack of diligence, and should be (1) precluded from asserting any damages claims at trial that extend beyond the damages theories set forth in Oracle's expert damages report and (2) barred from appending pre-February 2014 damage claims to their counterclaims in *Rimini II*.

### A. Oracle Failed to Timely Supplement Its Expert Report Pursuant to Rule 26(e)

Federal Rule of Civil Procedure 26(e) governs a party's duty to supplement discovery and expert reports, stating:

> **(1) *In General.*** A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> > **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> >
> > **(B)** as ordered by the court.
>
> **(2) *Expert Witness.*** For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement expends both to information included in the report and to information given during the expert's deposition. *Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.* (emphasis supplied)

Fed. R. Civ. P. 26(3)(2); *see Burger v. Excel Contractors, Inc.*, 2013 WL 5781724, at *2 (D. Nev. 2013).

From April through August of 2014, in four separate document productions and supplemental discovery responses, defendants produced sufficient supplemental discovery needed to supplement their expert damages report. In April 2014, Rimini provided Oracle with an updated client list, a list of Rimini-hosted environments created after the close of discovery, and a list of clients that received updates generated on Rimini-hosted environments. In June 2014, Defendants provided to Oracle updated client support contracts, a supplemental production of source code for Rimini's new technical processes, and a supplemental production relating to Rimini's financial information, delivered updates, environments, and technical processes. In August 2014, Rimini produced additional documents relating to Rimini's post-February 2014 new processes and conduct, and again produced detailed financial information related to its new clients and revenue generated after the close of fact discovery on December 5, 2011. *See supra* pp. 3–6.

In October 2014, the Court held a Case Management Conference in which the parties addressed whether Rimini could rely on evidence of Rimini's post-February 2014 new processes and conduct (now the subject of *Rimini II*) in *Rimini I*. In arguing ***against*** combining Rimini's pre- and post-February 2014 support models and conduct into a single case, Oracle warned against "dramatically expand[ing]" *Rimini I* and advised the Court that its "point of view is that we should take those issues [regarding Rimini's "new" support model] and put them in another case." Reckers

- 8 -

6939861 v1

Decl., Ex. L, [Case Management Conference Tr. 8:10–17]. In fact, the Court squarely asked whether it was Oracle's position that its "damages are going to be cut off as of December 2011" in *Rimini I*. Reckers Decl., Ex. L, [Case Management Conference Tr. 7:19–24]. Oracle responded: "[W]e would not seek damages after Rimini claims it switched to the new model . . . which is **February 13, 2014**." Reckers Decl., Ex. L, [Case Management Conference Tr. 7:21–24].

The deadline for pretrial disclosures under Rule 26(a)(3) passed without any update to Oracle's expert damages report to reflect post-December 31, 2011 clients or conduct.

### B. Oracle's Failure to Supplement Its Damages Report Requires Exclusion of Damages Arising From Conduct after December 31, 2011

A party who fails to comply with Rule 26(e) is subject to sanctions pursuant to Rule 37(c). *Burger v. Excel Contractors, Inc.*, 2013 WL 5781724, at *2 (D. Nev. 2013); *See* Fed. R. Civ. P. 37(c). Rule 37(c) provides:

> (1) **Failure to Disclose or Supplement.** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c). The party facing sanctions must prove its failure was substantially justified or harmless. *Id.* at 1107.

Rule 37(c)'s exclusion sanction "gives teeth" to Rule 26(e) and "is self-executing and automatic." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Burger*, 2013 WL 5781724, at *4; *see also Fulmore v. Home Depot, U.S.A., Inc.*, 423 F. Supp. 2d 861, 871–72 (S.D. Ind. 2006) ("The Advisory Committee Notes to both the 1993 and 2000 Amendments to Rule 37 make clear that Rule 37(c) operates independent of any motion required by Rule 37(a). Rule 37(c) simply does not require conferral"). The Ninth Circuit has observed that Rule 37 contemplates "stricter adherence to discovery requirements, and harsher sanctions for

- 9 -

6939861 v1

breaches of this rule . . . ." *Yeti*, 259 F.3d at 1106.  Accordingly, the district court may impose the exclusionary sanction "even when a litigant's entire cause of action . . . [will be] precluded" and "even in the absence of a showing of bad faith or willfulness." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008); *Burger*, 2013 WL 5781724, at *3 (citing *Yeti*, 259 F.3d at 1106).  In determining whether Oracle's failure to timely supplement its expert damages report is substantially justified or harmless, courts may consider several factors, including:

> (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.

*Burger*, 2013 WL 5781724, at *3 (citing *Menneh v. Inverness Medical Innovations, Inc.*, 2010 WL 3212129, at *2 (S.D. Cal. 2010)).

Oracle cannot meet its burden to show its failure to timely supplement was justified or harmless.  Defendants provided Oracle with updated clients information and financials relevant to the period at issue over ten months ago, and thus Oracle has long had all the information it needs to supplement its damages report to include all damages arising from Rimini's pre-February 2014 conduct.  But Oracle, without excuse, simply failed to supplement its damages.

Nor could Oracle remedy its failure to supplement by amending its expert disclosures now because the prejudice to Rimini from any eleventh-hour amendment is readily apparent. ████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ The Ninth Circuit has stated that such consequences are not harmless.  *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2004) ("Disruption to the schedule of the court and other parties … is not harmless"); *Hoffman*, 541 F.3d at 1180 (disruption of trial schedule supported

district court's conclusion that untimely disclosure was not harmless); *Patton v. Wal-Mart Stores, Inc.*, 2013 WL 6158461, at *2 (D. Nev. 2013) (excluding evidence of untimely disclosed damages, observing Rule 26(e) "does not create a 'loophole' for a party who wishes to revise its initial disclosures to its advantage after the deadline has passed").

Oracle failed to supplement its damages reports despite having received sufficient, timely discovery supplementation from Rimini in order to do so. Accordingly, any damages claims that extend beyond the damages theories set forth in Oracle's expert damage report, should be excluded at trial in *Rimini I*.

### C. Oracle Should Be Barred from Impermissible Claim-Splitting and Reasserting Its *Rimini I* Forfeited Damages in *Rimini II*

Having failed to timely supplement its damages report in *Rimini I*, Oracle seeks to shoehorn those forfeited damages into *Rimini II* by adding to Rimini's declaratory judgment action the same claims Oracle brought in *Rimini I*. This attempted end-run around the clear consequences of Oracle's failure to supplement is blatant and impermissible claim-splitting, and should be barred.[5]

The law is clear: Oracle has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). Courts have long recognized that "a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or a series of transactions that can be brought together." *Ferring B.V. v. Actavis, Inc.*, 2014 WL 3697260, at *4–5 (D. Nev. 2014). *see also Abbott v. 76 Land & Water Co.*, 118 P. 425, 427 (Cal. 1911) ("under elementary principles, [the plaintiff] was bound to obtain all his relief on account of the breach in one action, and could not recover part in one and part in another"); *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1207 (Ill. 1996) ("The rule against claim-splitting, which is an aspect of the law of preclusion, prohibits a plaintiff from suing for part of a claim in one action and then suing for the remainder in another

---

[5] Oracle's Stipulated Discovery Plan, at 4 (April 21, 2015) (*Rimini II*, Dkt. 48) ("Nor are Oracle's counterclaims [in *Rimini II*] limited to Rimini's current processes. Customers who joined Rimini after the close of fact discovery in December 2011 are the subject of *Rimini II*, not *Rimini I*.").

action"). The "main purpose behind the rule" is to "protect the defendant from being harassed by repetitive actions based on the same claim." *Clements v. Airport Authority of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995) (internal quotations omitted); *Cook v. C.R. England, Inc*., 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012) ("There would be no end to litigation if [claim splitting] were permissible") (citing *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894)). This prohibition on "claim-splitting" is well established and widely accepted by courts, including the Ninth Circuit. *See Adams*, 487 F.3d at 689; *Trujillo v. City of Ontario*, 269 Fed. App'x 683 (9th Cir. 2008); *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982); *Ferring*, 2014 WL 3697260, at *5; *see also* Restatement (Second) of Judgments § 24.

The Ninth Circuit "borrow[s] from the test for claim preclusion" in determining whether a suit is duplicative and "examine[s] whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689. The Ninth Circuit uses the so-called "transaction test" to determine whether a cause of action is the same. *Id.* Under the transaction test, the court examines four factors, namely:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* (internal quotation marks omitted). "The last of these criteria is the most important." *Id.* (internal quotation marks omitted).

Oracle's copyright infringement claims in *Rimini II* based on Rimini's pre-February 2014 conduct allege *the same cause of action* for *the same allegedly infringing conduct*, to wit, copyright infringement arising from Rimini's pre-February 2014 support model and conduct, which was the subject of ample discovery between February and August 2014.[6] Indeed, Oracle has had a copy of all Rimini client contracts executed between December 31, 2011 and February 13, 2014 since at least August 2014. And indeed, Oracle has always intended to seek damages through the ***date of judgment for post-complaint conduct***. The expert report, for example, states:

---

[6] Rimini does not assert that Oracle's claim for damages arising from Rimini's post-February 2014 support model is duplicative or involves improper case-splitting.

- 12 -

6939861 v1

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Notably, Schedule 16 to Oracle's damages report lists ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Courts have rejected a party's attempt to split a cause of action even where (unlike here) the damages periods do not overlap exactly.  In *Single Chip System Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052 (S.D. Cal. 2007), for example, the Court held that the plaintiff improperly split its claim even though the plaintiff's 2004 counterclaim sought damages for pre-2005 acts and the 2007 complaint sought damages for post-January 1, 2005 acts.  Similarly, in *Ferring B.V. v. Actavis, Inc.*, 2014 WL 3697260 (D. Nev. 2014), the court dismissed the plaintiff's second cause of action where the plaintiff had "ample opportunity" to raise damages (in addition to prospective relief) in the first trial.  The Court explained that the plaintiff's "strategic decision to wait eight months and then burden this Court with a concurrent suit on the exact same patents, exemplifies the kind of gamesmanship and piecemeal litigation that the doctrine of claim preclusion is intended to prevent."  *Ferring*, 2014 WL 3697260, at *5 (D. Nev. 2014).

In addition to the identical damages claims, Oracle also seeks identical forms of post-judgment relief in both actions, namely, an injunction preventing Rimini from providing services to its clients pursuant to its pre-February 2014 conduct.  Oracle is, therefore, seeking a second chance to litigate in *Rimini II* the same conduct it complained of in *Rimini I*.  This is "precisely" what the rule against claim splitting and duplicative lawsuits is "meant to prevent."  *Cf. Green v. Ill. Dep't of Rev.*, 609 F. Supp. 1021, 1025–27 (D.C. Ill. 1985) (barring request for identical injunctive relief in successive lawsuits based on conduct continuing after the filing of the complaint).

---

[7] Reckers Decl., Ex. M, Expert Report of Elizabeth A. Dean, ▇▇▇▇ (Jan. 17, 2012); *see also* Reckers Decl., Ex. M, Expert Report of Elizabeth A. Dean, at ¶ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ¶ 378 (▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

[8] *See* Reckers Decl., Ex. M, Expert Report of Elizabeth A. Dean, ▇▇▇▇▇▇ (Jan. 17, 2012).

6939861 v1

From the foregoing, it is apparent that Oracle's injection of copyright infringement damages arising from Rimini's pre-February 2014 conduct into *Rimini II* amounts to an effort to do so by improper case splitting what it failed to do in *Rimini I*, namely, timely update its damages report as required by Rule 26(e). That cannot be permitted: Either Oracle must litigate the entirety of its damages claim based on pre-February 2014 conduct in *Rimini I*, or it may not do so at all. Allowing a party to avoid its duty to supplement under Rule 26(e) by improperly splitting its cause of action would reduce Rule 26(e) to a nullity and render toothless Rule 37(c). *See Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1025 (9th Cir. 2011) (referring to actions dismissed for claim-splitting as actions where the "plaintiff was, in effect, attempting to avoid an unfavorable prior ruling in one case by filing essentially the same claims in a new case").

**D.     Alternatively, *Rimini I* and *Rimini II* Should Be Consolidated**

Alternatively, in the event the Court does not strike Oracle's untimely claim for damages, Rimini requests that the Court consolidate *Rimini I* and *Rimini II*. When a party improperly splits its cause of action as Oracle has here, the Court has discretion "to consolidate both actions." *Adams*, 487 F.3d at 688; *Riggio v. Service Corp. Intern.*, 476 Fed. App'x. 135, 136 (9th Cir. 2012); *see also* Fed. R. Civ. P. 42 (giving the Court discretion to consolidate actions involving common questions of fact); *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989).

By injecting Rimini's pre-February 2014 conduct into *Rimini II*, Oracle has guaranteed a tremendous waste of judicial resources that will unfairly prejudice Rimini's defense. *See Huene v. United States*, 743 F.3d 703, 704 (9th Cir. 1984). *Rimini I* and *Rimini II* involve nearly identical evidence regarding Rimini's pre-February 2014 conduct. Oracle's own pleadings in *Rimini II* demonstrate as much. In its Answer and Counterclaims, Oracle shrugs off Rimini's post-February 2014 conduct as "old wine in a new bottle." *Rimini II*, Dkt. 21, at ¶¶ 9, 23 Similarly, in *Rimini II* Oracle intends to use duplicative evidence of Rimini's pre-February 2014 conduct which is properly at issue in *Rimini I* to bootstrap its infringement claims regarding Rimini's post-February 2014 conduct.

- 14 -

6939861 v1

In addition, Rimini's non-infringing alternatives will be litigated in both *Rimini I* and *Rimini II*. In *Rimini I*, Rimini will present evidence ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The only material difference between the evidence of Rimini's non-infringing alternative in *Rimini I* and *Rimini II* will be that, in *Rimini II* the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Further, consolidating *Rimini I* and *Rimini II* will mitigate the risk of duplicative recovery. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ In *Rimini II*, Oracle's pleadings state that it will seek damages arising from Rimini's post-December *2011* conduct, which—according to Oracle's own expert— includes the period during which Rimini would have enjoyed a license to Oracle's copyrights.[10]

Oracle's infringement claims in *Rimini II* will waste judicial resources and unnecessarily place the expense of two lawsuits on Rimini. Because Oracle improperly split its cause of action by injecting evidence of Rimini's pre-February 2014 conduct into *Rimini II*, *Rimini I* and *Rimini II* should be consolidated in the event the Court denies Rimini's motion to strike damages.

## IV.  CONCLUSION

Oracle failed to timely amend its damages report in *Rimini I*, despite having all information necessary to supplement its expert report by August 2014. Accordingly, defendants respectfully

---

[9] *See* Reckers Decl., Ex. M, Expert Report of Elizabeth A. Dean, at ¶ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ . . ."), ¶ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

[10] *See, e.g.*, Oracle's Stipulated Discovery Plan, at 4 (April 21, 2015) (*Rimini II*, Dkt. 48).

request entry of an order ruling (1) that under Rule 26(e), Oracle failed to supplement its expert damage opinions; (2) that as a result, Oracle is precluded from introducing evidence of or otherwise seeking such damages in *Rimini I*; and (3) that Oracle's attempt to shoehorn its forfeited damages claims for any Rimini conduct that is the subject matter of *Rimini I* and occurred prior to February 13, 2014 into *Rimini II* is improper claims splitting and is precluded as well. In the alternative, defendants request entry of an order consolidating *Rimini I* and *Rimini II*.

DATED: May 18, 2015         SHOOK, HARDY & BACON

By:  */s/ Robert H. Reckers*
     Robert H. Reckers, Esq.

     *Attorney for Defendants*
     *Rimini Street, Inc. and Seth Ravin*

6939861 v1

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Preclude Certain Damages Evidence Pursuant to Federal Rules of Civil Procedure 26(E) And 37(C), or, in the Alternative, to Consolidate was filed, on May 18, 2015, with the Court's CM/ECF system which will send notice, via email, to registered attorneys as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>NITIN JINDAL (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: 415.442.1000<br>Facsimile: 415.442.1001<br>thomas.hixson@morganlewis.com<br>kristen.palumbo@morganlewis.com<br>Nitin.jindal@morganlewis.com<br>John.polito@morganlewis.com<br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH MILLER (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com |

By: _/s/ Robert H. Reckers_____
Robert H. Reckers, Esq.

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*

- 17 -

6939861 v1