| | |
|---|---|
| SHOOK, HARDY & BACON LLP | GREENBERG TAURIG |
| B. Trent Webb, Esq. (*pro hac vice*) | Mark G. Tratos, Esq. (Nevada Bar No. 1086) |
| Peter Strand Esq. (*pro hac vice*) | Brandon Roos, Esq. (Nevada Bar No. 7888) |
| Ryan D. Dykal Esq. (*pro hac vice*) | Leslie Godfrey, Esq. (Nevada Bar No. 10229) |
| 2555 Grand Boulevard | 3773 Howard Hughes Parkway |
| Kansas City, Missouri 64108-2613 | Suite 400 North |
| Telephone: (816) 474-6550 | Las Vegas, NV 89169 |
| Facsimile: (816) 421-5547 | Telephone: (702) 792-3773 |
| bwebb@shb.com | Facsimile: (702) 792-9002 |
| | tratosm@gtlaw.com |
| Robert H. Reckers, Esq. (*pro hac vice*) | roosb@gtlaw.com |
| 600 Travis Street, Suite 1600 | godfreyl@gtlaw.com |
| Houston, Texas 77002 | |
| Telephone: (713) 227-8008 | LEWIS AND ROCA LLP |
| Facsimile: (731) 227-9508 | W. West Allen (Nevada Bar No. 5566) |
| rreckers@shb.com | 3993 Howard Hughes Parkway, Suite 600 |
| | Las Vegas, Nevada 89169 |
| | Tel: (702) 949-8200 |
| | Fax: (702) 949-8398 |
| | WAllen@LRRLaw.com |

*Attorneys for Defendants*
*Rimini Street, Inc., and Seth Ravin*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual, <br><br> Defendants. | Case No. 2:10-cv-0106-LRH-PAL <br><br> **[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION TO PRECLUDE CERTAIN DAMAGES EVIDENCE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(E) AND 37(C), OR, IN THE ALTERNATIVE, TO CONSOLIDATE** |

### [PROPOSED] ORDER

1. Before this Court is Defendants' Motion to Preclude Certain Damages Evidence Pursuant to Federal Rules of Civil Procedure 26(e) and 37(c). The Court has considered the parties' pleadings. For the reasons expressed below, Defendants' motion is **GRANTED.**

6950031 v1

2. Oracle filed this lawsuit, *Oracle et al. v. Rimini Street, Inc. et al.*, Case No. 2:10-cv-0106-LRH-PAL ("*Rimini I*") on January 25, 2010. Oracle's Complaint (and Amended Complaints) seeks damages and injunctive relief for, *inter alia*, copyright infringement arising from Defendants' third-party software support.

3. Oracle served its damages report in *Rimini I* in January 2012. Oracle's damages report calculates damages for Defendants' pre- and post- complaint customers through December 2012.

4. On February 13, 2014, this Court granted in part and denied in part Oracle's first motion for partial summary judgment. The Court found Defendants' method of providing third-party software support infringed Oracle's copyrights.

5. Rimini Street, Inc. changed the method by which it provided software support after the Court's February 13, 2014 Summary Judgment Order.

6. Between February and August 2014, Oracle demanded—and Defendants provided—extensive discovery on Defendants' updated customer list and financial information through at least July 2014. Through this supplemental discovery, Oracle secured the information needed to calculate damages arising from Defendants' conduct through at least July 2014.

7. This Court held a Case Management Conference on October 9, 2014. During the conference, the Court heard arguments regarding whether Defendants could introduce evidence of Defendants' post-February 2014 processes and conduct during the trial in *Rimini I*. At that time, Oracle argued *against* combining issues concerning Defendants' pre- and post-February 2014 processes and conduct in a single trial. The Court explicitly asked Oracle counsel if Oracle's damages would be cut off as of December 2011. Oracle counsel responded that it would not seek in *Rimini I* damages "after Rimini claims it switched to the new model . . . which is February 13,

- 2 -

6950031 v1

2014." Oracle did not state that it planned to seek additional damages arising from Defendants pre-February 2014 processes and conduct in a second lawsuit.

8. Following the hearing, Oracle did not supplement its damages report in *Rimini I* to include a post-December 2012 calculation of damages.

9. On October 15, 2014, Rimini Street, Inc. filed a declaratory judgment action in this Court seeking, *inter alia*, a declaration that its post-February 2014 processes did not infringe Oracle's copyrights. The declaratory judgment action is captioned *Rimini Street, Inc. v. Oracle Int'l Corp.*, Case No. 2:14-cv-01699-LDG-VCF, and is referred to hereafter as "*Rimini II*."

10. Before Oracle filed its Answer in *Rimini II*, Oracle in *Rimini I* filed a Proposed Joint Pretrial Order on November 21, 2014 (Dkt. 523), and the Joint Pretrial Order (Dkt. 528) was filed on January 12, 2015. Oracle's Proposed Joint Pretrial Order and the Joint Pretrial Order included Oracle's Rule 26(a)(3) pretrial disclosures.

11. Despite the stipulation concerning the applicability of the Court's February 13, 2014 Summary Judgment Order and having taken extensive supplemental discovery on Defendants' updated customer and financial information through at least July 2014, Oracle failed to supplement its damages report before filing its Rule 26(a)(3) disclosures.

12. This Court finds that Oracle failed to timely supplement its damages report in *Rimini I* pursuant to Rule 26(e) because Oracle failed to supplement its discovery responses in a "timely manner" and failed to supplement its damages expert report "by the time [Oracle's] pretrial disclosures under Rule 26(a)(3) [were] due." *See* Fed. R. Civ. P. 26(e).

13. Having failed to timely supplement its damages report in *Rimini I*, Oracle attempted to seek post-December 2012 copyright infringement damages arising from Defendants' pre-February 2014 processes and conduct in *Rimini II*. On February 17, 2015, Oracle filed its Counterclaims and Answer in *Rimini II* alleging copyright infringement. Oracle's *Rimini II* pleadings on April 21 make

- 3 -

6950031 v1

clear that Oracle intends to seek damages in *Rimini II* arising from Defendants' pre-February 2014 processes and conduct, stating: "Nor are Oracle's counterclaims [in *Rimini II*] limited to Rimini's current processes. Customers who joined Rimini after the close of fact discovery in December 2011 are the subject of *Rimini II*, not *Rimini I*." Oracle's *Rimini II* Stipulated Discovery Plan, at 4 (filed April 21, 2015) (Dkt. 48).

14. Oracle, however, cannot circumvent Rule 26(e) by improperly splitting its cause of action arising from Defendants' pre-February 2014 processes and conduct between *Rimini I* and *Rimini II*. The Ninth Circuit has explained that a party has "no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendants." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). In *Rimini I*, Oracle seeks damages and injunctive relief for alleged pre- and post-complaint copyright infringement arising from Defendants' pre-February 2014 support model. Now, in *Rimini II*, Oracle again seeks damages and injunctive relief arising from Defendants' pre-February 2014 support model, even though Oracle has had all the information it needed to supplement its damages report since at least August 2014. Given the parties' stipulation concerning the application of the Court's February 13, 2014 Summary Judgment Order, Oracle has no justification for failing to timely supplement its damages report. This is precisely the type of conduct the rule against claim splitting is intended to prevent.

15. In short, Oracle cannot seek in *Rimini II* the same relief for the same infringing support model and conduct for which Oracle took extensive discovery in *Rimini I*. Oracle's failure to timely supplement its damages report cannot be cured by an improper attempt to split its cause of action.

16. The Court further finds that the exclusion sanction pursuant to Rule 37(c) is necessary and appropriate under the circumstances. The exclusion sanction under Rule 37(c) is self-executing

- 4 -

6950031 v1

and automatic. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Oracle's unexcused failure to timely supplement its damages report is not justified or harmless. Trial is less than five months away. At this advanced stage of the litigation, forcing Defendants into court where their potential liability may be significantly increased would not only prejudice Defendants, but would also reward Oracle for its gamesmanship and incentivize litigants to manipulate the rules of procedure.

17. Therefore, for above reasons and those expressed in Defendants' Motion to Preclude Certain Damages Evidence Pursuant to Federal Rules of Civil Procedure 26(e) and 37(c), Defendants' motion is **GRANTED**, and the Court accordingly finds:

    a. that under Rule 26(e), Oracle failed to supplement its expert damage opinions;

    b. that as a result, Oracle is precluded from introducing evidence of or otherwise seeking such damages in *Rimini I*; and

    c. that Oracle's attempt to shoehorn its forfeited damages claims for any Rimini conduct that is the subject matter of *Rimini I* and occurred prior to February 13, 2014 into *Rimini II* is improper claims splitting and is precluded as well.

SHOOK, HARDY & BACON

DATED: May 18, 2015

By: /s/ Robert H. Reckers
Robert H. Reckers, Esq.

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing [Proposed] Order Regarding Defendants' Motion to Preclude Certain Damages Evidence Pursuant to Federal Rules of Civil Procedure 26(e) and 37(c), or, in the Alternative, to Consolidate, was filed, on May 18, 2015, with the Court's CM/ECF system which will send notice, via email, to registered attorneys as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>NITIN JINDAL (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: 415.442.1000<br>Facsimile: 415.442.1001<br>thomas.hixson@morganlewis.com<br>kristen.palumbo@morganlewis.com<br>Nitin.jindal@morganlewis.com<br>John.polito@morganlewis.com<br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH MILLER (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com |

By: _/s/ Robert H. Reckers_____
        Robert H. Reckers, Esq.

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*

6950031 v1