# **EXHIBIT D**

# BINGHAM

Thomas S. Hixson
Direct Phone: +1.415.393.2152
Direct Fax:   +1.415.393.2286
thomas.hixson@bingham.com

April 11, 2014

**Via E-Mail**

Robert H. Reckers
Shook, Hardy & Bacon LLP
JPMorgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX  77002-2926

Re: *Oracle USA, Inc., et al. v. Rimini Street, Inc. and Seth Ravin*,
No. 2:10-cv-0106 LRH PAL (D.Nev.)

Dear Rob:

I write in response to your April 3, 2014 letter and further to our prior correspondence regarding updated discovery. As we have explained, the Court's February 13, 2014 summary judgment order held certain of Rimini's business practices to be copyright infringement, and Oracle needs updated discovery to determine the extent of these practices in the more than two years since the close of fact discovery. In addition, Rimini has made representations to the market and to Oracle that it has begun to migrate customers off Rimini-hosted environments and plans in some fashion to revise the process for developing tax and regulatory updates. Oracle needs updated discovery to evaluate and test these assertions.

Thank you for providing the updated lists of Rimini customers, Rimini-hosted environments, and Rimini customers that received PeopleSoft updates developed on Rimini-hosted environments. However, the remainder of your letter is noncommittal. You state that Rimini is "continuing to investigate and gather information responsive to the topics" of Oracle's February 25, 2014 letter. But you have not directly responded to most of our requests for updated discovery. Specifically, Oracle's March 14, 2014 letter asked Rimini to identify and disclose persons whose job responsibilities involve, or who have knowledge about, a list of topics concerning Rimini's conduct since the close of fact discovery. We stated that we would need document productions from relevant individuals, as well as non-custodial documents.

As an illustration, your April 3, 2014 letter provided an updated list of Rimini customers and environments. However, Oracle needs additional documents and

Beijing
Boston
Frankfurt
Hartford
Hong Kong
Lexington (GSC)
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T +1.415.393.2000
F +1.415.393.2286
bingham.com

Robert H. Reckers
April 11, 2014
Page 2

information for that updated list to be meaningful. This additional information includes updated Rimini financial information (i.e., an updated version of RSI0680246); an updated Exhibit A to Rimini's responses to Oracle's sixth set of interrogatories, which provided information about the use of Oracle Database for Rimini-hosted environments; and Rimini's support contracts with its customers. The support contracts identify the specific modules that Rimini supports its customers on, rather than just the high level product (e.g., "PeopleSoft"), which is all that the updated customer list discloses. We note that you have asked Oracle for license agreements for Rimini's new customers, but without knowing what particular software modules Rimini is supporting, it may be difficult to determine which licenses are applicable.

We also stated in the March 14 letter that depositions on these relevant topics may be necessary as well, and we proposed a time table to complete this supplemental discovery expeditiously.

It is important for Oracle to obtain this updated discovery. The Court's February 13 Order held that Rimini's use of PeopleSoft software was infringing with respect to two exemplar customers, and this updated discovery is important to determine the scope of the application of that ruling, as well Rimini's claimed efforts to achieve compliance. Further, despite your suggestion that Rimini plans to adopt a development process for PeopleSoft updates that avoids the conduct that the Court held to be infringing, Oracle is skeptical. Rimini's March 24, 2014 press release announced on a single day the delivery of tax and regulatory updates to all of Rimini's North American PeopleSoft customers. The development of those updates was surely the result of cross-use of some customers' PeopleSoft environments to develop updates to be distributed to other customers, conduct that the Court has held to be copyright infringement.

We ask that within one week, Rimini confirm that it will provide the documents and information requested in this and our March 14 letter, or let us know what portion of that Rimini will not provide, so that Oracle can determine if it must seek relief from the Court. Oracle prefers to resolve these issues without judicial intervention if possible, but so far Rimini has been unwilling to definitively state that it will or will not provide the requested updated discovery.

Your April 3 letter also requests three categories of discovery from Oracle. First, you asked for licenses and other agreements Oracle may have entered into with new Rimini customers identified in your Exhibit 1. Exhibit 1 is a large list of new customers, and it is extremely burdensome for Oracle to locate the requested

Robert H. Reckers
April 11, 2014
Page 3

licenses, which based on past experience with Rimini could have been entered into decades ago. Nonetheless, Oracle will conduct a reasonable search for relevant licenses. As noted, Rimini's Exhibit 1 provides only a very general description of the software that Rimini is supporting for the new customers, and Rimini's production of its customer contracts may help Oracle to identify applicable licenses.

Second, you asked for "any and all other agreements" that previously disclosed Rimini customers may have entered into with Oracle following the close of fact discovery. Given the long list of previously disclosed Rimini customers, this is likewise a burdensome request. Nonetheless, Oracle will conduct a reasonable search for relevant agreements.

Third, you asked for "documents relating to any claims (or potential claims) made by Oracle relating to copyright violations or breach of contract." You listed as examples documents relating to Oracle's litigation with CedarCrestone, as well as audits, investigations, and fee assessments for Oracle customers. You contended those documents would be responsive to Rimini's RFP No. 7 in its first set of RFPs and to RFPs Nos. 23 and 55 in its second set of RFPs.

Oracle does not agree to provide this third category of documents because they do not relate to updating discovery that Oracle previously produced. RFP No. 7 in Rimini's first set asked about pleadings and other documents related to the *Oracle v. SAP* case, which Oracle provided during fact discovery, but which has nothing to do with Rimini's current request. Oracle did not agree to produce anything in response to Rimini's RFP No. 23 in the second set, and for RFP No. 55, Oracle agreed to produce documents reflecting its response to Rimini's creation and distribution of infringing works, which Oracle did produce during fact discovery, and which also is not the subject of your current request.

Sincerely yours,

Thomas S. Hixson