| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>B. Trent Webb, Esq. (*pro hac vice*)<br>Peter Strand Esq. (*pro hac vice*)<br>Ryan D. Dykal Esq. (*pro hac vice*)<br>2555 Grand Boulevard<br>Kansas City, Missouri 64108-2613<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>bwebb@shb.com<br><br>Robert H. Reckers, Esq. (*pro hac vice*)<br>600 Travis Street, Suite 1600<br>Houston, Texas 77002<br>Telephone: (713) 227-8008<br>Facsimile: (731) 227-9508<br>rreckers@shb.com<br><br>DANIEL B. WINSLOW (*pro hac vice*)<br>RIMINI STREET, INC.<br>6601 Koll Center Parkway Suite 300<br>Pleasanton, CA 94566<br>Telephone: (925) 264-7736<br>dwinslow@riministreet.com | GREENBERG TRAURIG<br>Mark G. Tratos, Esq. (Nevada Bar No. 1086)<br>Brandon Roos, Esq. (Nevada Bar No. 7888)<br>Leslie Godfrey, Esq. (Nevada Bar No. 10229)<br>3773 Howard Hughes Parkway<br>Suite 400 North<br>Las Vegas, NV 89169<br>Telephone: (702) 792-3773<br>Facsimile: (702) 792-9002<br>tratosm@gtlaw.com<br>roosb@gtlaw.com<br>godfreyl@gtlaw.com<br><br>LEWIS ROCA ROTHBERGER LLP<br>W. West Allen (Nevada Bar No. 5566)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada 89169<br>Tel: (702) 949-8200<br>Fax: (702) 949-8398<br>WAllen@LRRLaw.com<br><br>*Attorneys for Defendants*<br>*Rimini Street, Inc., and Seth Ravin* |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | **Case No. 2:10-cv-0106-LRH-PAL**<br><br>**DEFENDANTS' MOTION TO EXCLUDE CERTAIN INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.**<br><br>**(SUPPORTING DECLARATION FILED CONCURRENTLY)**<br><br>**[REDACTED VERSION]** |

6977177 v1

Defendants Rimini Street, Inc. and Seth Ravin move in limine pursuant to Rules 401–404 of the Federal Rules of Evidence to exclude any inquiry, evidence, or argument regarding: (1) any aspect of the lawsuit filed by Oracle against SAP AG and TomorrowNow in 2007 and the subsequent appeal of that case; (2) TomorrowNow's purported copyright infringement and stipulation of infringement; and (3) the filing of a criminal information for copyright infringement against TomorrowNow, and the subsequent plea agreement and fine (collectively the "TomorrowNow evidence").  Because of the potential for a "trial within a trial" and the additional preparations that will be necessary if the TomorrowNow evidence is not excluded, there is an urgent need to resolve this matter now before the other motions in limine that may be filed in August. Significant delay resolving this issue would put defendants at an unfair disadvantage given that, unlike Oracle, they have limited familiarity with the TomorrowNow litigation and do not have ready access to all the evidence presented in that matter.

**I.  INTRODUCTION**

Evidence regarding the civil and criminal actions against TomorrowNow is not relevant to the instant proceeding and would be unduly prejudicial to defendants if admitted at trial.  Though an early employee of TomorrowNow, Mr. Ravin spent only three months at TomorrowNow after it was sold to SAP in 2005.  Over five years later in 2010, SAP and TomorrowNow stipulated to civil liability, and, in 2011, SAP and TomorrowNow stipulated to criminal responsibility, based on specific acts that post-dated Mr. Ravin's involvement with the company.[1]  As such, the TomorrowNow evidence is not relevant to the instant proceeding, and any evidence relating to those actions would be unduly prejudicial, confusing, and a waste of the court's and the jury's time.  Fed. R. Evid. 401, 403.  Nor is that evidence admissible as evidence of Rimini or Mr. Ravin's "prior bad acts" (Fed. R. Evid. 404) because TomorrowNow is a completely separate entity and stipulated to liability without any involvement by Mr. Ravin or Rimini.

---

[1] *See generally* Reckers Decl., Ex. I [Information, *United States v. TomorrowNow, Inc.*, N.D. Cal. Case No. 4:11-cr-00642-PJH, Dkt. 1].

- 2 -

DEFENDANTS' MOTION TO EXCLUDE INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

6977177 v1

During the SAP/TomorrowNow litigation, Oracle made these same arguments in seeking exclusion of any evidence relating to the action involving Rimini or Mr. Ravin, because the two companies were separate entities, and "it could be difficult to separate the two lawsuits in the[] minds" of the jury. Reckers Decl., Ex. F [N.D. Cal. Case No. 4:07-cv-01658-PJH, Dkt. 737 (Plaintiffs' Redacted Motions in Limine)] at 23-24. Oracle succeeded in excluding reference to Rimini and Mr. Ravin in its case against SAP, and should be barred from taking the opposite position here and injecting the same irrelevant, prejudicial, and confusing issues into these proceedings.

## II.   STATEMENT OF FACTS

TomorrowNow was founded by Andrew Nelson in 1998 and provided maintenance support services to licensees of Oracle software products.

In January 2005, SAP America, Inc., another competitor of Oracle, acquired TomorrowNow, making TomorrowNow a wholly owned subsidiary of SAP and Mr. Ravin an SAP employee.

On March 22, 2007, two years after Mr. Ravin left TomorrowNow, Oracle filed suit against SAP and TomorrowNow in the Northern District of California, alleging, in part, that SAP and TomorrowNow had infringed PeopleSoft, JD Edwards, and Siebel copyrights owned by Oracle. *See*

- 3 -
DEFENDANTS' MOTION TO EXCLUDE INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.
6977177 v1

Reckers Decl., Ex. E at 32–35 [Amended Complaint, N.D. Cal. Case No. 4:07-cv-01658-PJH, Dkt. 31]. Neither Mr. Ravin nor Rimini were parties to that action. *Id.*

Prior to trial, SAP and TomorrowNow stipulated to liability for infringement of certain Oracle copyrights, and Oracle dismissed its remaining claims. Reckers Decl., Ex. H [Amended Trial Stipulation and Order, N.D. Cal. Case No. 4:07-cv-01658-PJH, Dkt. 965]. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And Oracle and TomorrowNow expressly agreed that the stipulation would have "no force or effect in any other proceeding or jurisdiction." Reckers Decl., Ex. H [Amended Trial Stipulation and Order, N.D. Cal. Case No. 4:07-cv-01658-PJH, Dkt. 965] at 4.

At trial, the parties in *Oracle v. SAP* presented evidence on the issue of damages, and on November 23, 2010, the jury returned a verdict against SAP and TomorrowNow in the amount of $1.3 billion, *Oracle USA, Inc. v. SAP AG*, 765 F.3d 1081, 1085 (9th Cir. 2014). However, that award was vacated on appeal because it rested upon "an undue amount of speculation." *Id.* at 1089. The case was resolved thereafter without further judicial proceedings.

In September 2011, while the civil case was still on appeal, TomorrowNow entered into a plea agreement in a separate criminal proceeding, in which the government alleged unauthorized access to a protected computer with intent to defraud and obtaining something of value, as well as one criminal count of copyright infringement. Reckers Decl., Ex. I; Plea Agreement, *United States v. TomorrowNow, Inc.*, N.D. Cal. Case No. 4:11-cr-00642-PJH-1, Dkt. Entry 13 (Sept. 14, 2011). According to the information filed by the government in lieu of an indictment, TomorrowNow allegedly accessed Oracle computers 11 times in 2006 and 2007 (*i.e.*, after Ravin had left the company) to download Oracle software. Reckers Decl., Ex. I [*United States v. TomorrowNow, Inc.*, N.D. Cal. Case No. 4:11-cr-00642-PJH-1, Dkt. 1]. The only allegations concerning copyright infringement stated that, "[b]eginning on an unknown date, but by no later than in or about March 2005, and continuing to on or about October 12, 2008," TomorrowNow infringed some unidentified

Oracle copyrighted works "during a 180-day period." *Id.* The TomorrowNow plea bargain is under seal.

TomorrowNow was sentenced to probation and ordered to pay a fine of $20 million. Reckers Decl., Ex. J [Judgment, *United States v. TomorrowNow, Inc.*, N.D. Cal. Case No. 4:11-cr-00642-PJH, Dkt. 14]. Neither Mr. Ravin, Rimini, nor any Rimini employee was named, implicated, or had any involvement whatsoever in the government's criminal action. Indeed, all of the specific facts described in the information occurred after Ravin left TomorrowNow.

Despite the foregoing, in the joint pre-trial order, Oracle states that it plans to present evidence of TomorrowNow's stipulation to civil and criminal liability, as well as Mr. Ravin's role in designing TomorrowNow's business model, in support of its claims that Rimini and Mr. Ravin committed copyright infringement and accessed Oracle computers in a knowing and willful fashion. *See* Dkt. 523 at 4, 23, 38, 49.

**III.   LEGAL STANDARD**

A party may use a motion in limine "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007). Even if the evidence is relevant, a court may exclude it "if its probative value is substantially outweighed by the danger of unfair prejudice," Fed. R. Evid. 403, or if "there is a significant danger that the jury would base its assessment of liability on remote events involving" non-parties. *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *see also Server Technology, Inc. v. American Power Conversion Corp.*, 2014 WL 1308617, at *3 (D. Nev. Mar. 31, 2014). The party seeking to introduce the evidence bears "the burden of establishing the evidence [is] admissible." *City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 937 (9th Cir. 1995); *see also Durham v. County of Maui*, 804 F. Supp. 2d 1068, 1069 (D. Haw. 2011) (granting motion in limine where the defendants had "not carried their burden of establishing the admissibility" of certain evidence).

## IV. ARGUMENT

The TomorrowNow evidence is irrelevant to these proceedings and would be unduly prejudicial to Defendants if admitted.

### A. The TomorrowNow Evidence Is Not Relevant to This Proceeding

The TomorrowNow evidence has no tendency to make a fact in support of Oracle's claims in this case more or less probable, and any evidence relating to them should be excluded from this proceeding.

Oracle seeks to hold Rimini liable for infringing its copyrights and for twelve other claims. Dkt. 523 at 3. Oracle alleges that Mr. Ravin, in turn, can be personally liable because he "designed and had policy and operational control over [Rimini]." *Id.* As the proponent of TomorrowNow evidence, Oracle bears the burden of demonstrating how that evidence might be relevant to these allegations. *See Standard Oil*, 46 F.3d at 937. It cannot meet that burden here.

Oracle argues in the pretrial order that, among other things, TomorrowNow "committed criminal copyright infringement and violated the CFAA by unlawfully downloading materials and making and using thousands of copies of Oracle's copyrighted software pursuant to a support model Ravin claimed to have created and then mimicked at Rimini." Dkt. 523 at 4. In other words, Oracle seeks to prove that because TomorrowNow was an infringer "pursuant to a support model" that is allegedly similar to Rimini's, defendants are infringers, too.

There are several problems with Oracle's theory that preclude admission of the TomorrowNow evidence.

*First*, neither Mr. Ravin nor Rimini was a party to the prior civil action. Similarly, the criminal allegations against TomorrowNow cite specific acts of infringement that occurred between March 2005 and September 2008—after Ravin left the company. The criminal action did not name, implicate, describe or discuss Mr. Ravin or Rimini in any way. As such, evidence of TomorrowNow's liability does not make it more or less likely that Rimini or Mr. Ravin is liable, because they are different people and entities. *See*, *e.g.*, *Barnett v. Gamboa*, 2013 WL 178132, at *7

(E.D. Cal. Jan. 16, 2013) (excluding evidence of a minute order as irrelevant from a criminal prosecution because it involved "a different cause of action, different parties, and a different burden of proof"); *JIPC Mgmt., Inc. v. Incredible Pizza Co.*, 2009 WL 8591607, at *29 (C.D. Cal. July 14, 2009) (excluding evidence of a scheme between the plaintiff and a third party as irrelevant to claims that the plaintiff failed to maintain control over the quality of restaurants operated by different affiliated entities).

*Second*, TomorrowNow's liability for copyright infringement was never proven in a court of law. Rather, TomorrowNow (through SAP) admitted liability in the civil case and pleaded guilty in the criminal case—again without any involvement by Rimini or Mr. Ravin. In order to prove its claims against Rimini and Mr. Ravin, Oracle will have to introduce evidence of defendants' conduct in this case, not the conduct of others.

Separately, the TomorrowNow evidence is not relevant to any claim of willful infringement by defendants, to the extent such a claim is even viable or at issue in this case. *See* Dkt. 523 at 4. As a matter of law, willful infringement would be an issue for the jury in this case only if Oracle chooses to elect statutory damages as a remedy. *See* 17 U.S.C. § 504; *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 957 (9th Cir. 2001) (describing section 504 as the "willfulness augmentation of statutory copyright damages"). But beyond that, the criminal information alleged specific conduct after Mr. Ravin left TomorrowNow in March 2005. Evidence concerning what Mr. Ravin's former employer did over the years following his departure from that company is hardly evidence of Rimini's willful infringement.

Oracle's real argument, it seems, is that Mr. Ravin's involvement with TomorrowNow means it is more likely that Rimini infringed. *See* Dkt. 523 at 23 (citing Mr. Ravin's deposition testimony). But this kind of suggested inference stretches Rule 401 past the breaking point. Even if the TomorrowNow evidence were evidence that TomorrowNow engaged in acts of infringement (because the allegations were never proven, it is not), that evidence is not and cannot be evidence of *Mr. Ravin's or Rimini's* infringement or any other issue in this trial. *See United States v. Nguyen*, 465 F.3d 1128, 1132 (9th Cir. 2006) (prior convictions not admissible to prove defendant committed

the crime in a later case); *see also Anda v. Wickes Furniture Co.*, 517 F.3d 526, 533-34 (8th Cir. 2008) (declining to admit evidence of a rule at another company because not probative of the rule at the defendant's company).  Because evidence regarding TomorrowNow's civil liability and criminal responsibility for acts post-dating Ravin's involvement with the company does not tend to make the existence of any fact that is of consequence to the determination of this case more or less probable than it would be without it, it should be excluded at trial as not relevant.  *See* Fed. R. Evid. 401, 402.

### B. Evidence Regarding TomorrowNow Should Be Excluded Because It Would Be Unfairly Prejudicial, Confusing, and Unnecessarily Cumulative

Even if evidence regarding TomorrowNow were relevant to the instant proceeding, such evidence should be excluded because any probative value it has would be substantially outweighed by the danger of unfair prejudice to Rimini and Mr. Ravin, its potential to confuse and mislead the jury, and because it would cause undue delay and waste time and judicial resources.

Rule 403 requires the exclusion of even relevant evidence if its probative value is "substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  This standard contemplates all kinds of evidence that might "suggest decision on an improper basis," (Fed. R. Evid. 403, adv. comm. note), or that is "likely to be misused for an improper purpose," *Mendez v. Reinforcing Ironworkers Union Local 416*, 2013 WL 140417, at *2 (D. Nev. Jan. 9, 2013).  "The case law recognizes that certain circumstances call for the exclusion of evidence which is of unquestioned relevance.  These circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme." Fed. R. Evid. 403, advisory committee's note.

The risk of prejudice to defendants from evidence and argument related to the TomorrowNow evidence weighs heavily in favor of exclusion.

*First*, the TomorrowNow evidence—and particularly evidence surrounding TomorrowNow's criminal plea agreement—would be unfairly prejudicial to defendants given the actual circumstances of the plea and the unwarranted inferences that might nevertheless be drawn from it.  Oracle never

- 8 -
DEFENDANTS' MOTION TO EXCLUDE INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

6977177 v1

proved its claims against TomorrowNow, agreeing instead to a stipulation with "no force or effect in any other proceeding or jurisdiction." *See* Reckers Decl., Ex. H [N.D. Cal. Case No. 4:07-cv-01658-PJH, Dkt. 965] at 4. Nevertheless, because TomorrowNow stipulated to, and later pleaded guilty to copyright infringement in the past, and Mr. Ravin had a prior relationship with TomorrowNow, the jury may erroneously conclude that Mr. Ravin and his current company, Rimini, must have engaged in infringement in this case, or that they engaged in some sort of culpable, and possibly even criminal, behavior, even though they had no role in the criminal matter or the events referred to in the information. That would result in significant prejudice to Mr. Ravin and Rimini, and it is for precisely this reason that courts exclude evidence relating to criminal proceedings that have no bearing on the claims in an unrelated civil case. *See Kramas v. Security Gas & Oil Inc.*, 672 F.2d 766, 772 (9th Cir. 1982) (affirming exclusion of a consent decree entered against defendants in unrelated proceeding where, among other things, its probative value "was limited" as it "related to different transactions and alleged misrepresentations of a different kind" and its "prejudicial impact … was obviously substantial"); *Baxter Health Corp. v. Spectramed, Inc.*, 1992 WL 340763, at *2-3 (C.D. Cal. Aug. 27, 1992) (excluding evidence of criminal indictment as unduly prejudicial in an unrelated civil matter under Rule 403); *Mariscal v. McIntosh*, 2006 WL 6627090, at *10-11 (C.D. Cal. Dec. 19, 2006) (granting motion to exclude nolo contendere plea for resisting arrest in a civil action because it would allow the jury to draw "unacceptable and negative inferences from the plea"); *Allen v. City of Los Angeles*, 2012 WL 1641712, at *3 (C.D. Cal. May 7, 2012) (excluding evidence of prior investigations and lawsuits involving officers for purposes of proving their liability in the current litigation).

*Second*, the TomorrowNow evidence would confuse and mislead the jury because there are numerous distinctions between the circumstances surrounding TomorrowNow and Rimini, and a comparison between the two companies' support services would require highly technical evidence and testimony. The presentation of such complex, technical testimony would risk confusing the jury, which will already be tasked with considering a large volume of technical evidence related solely to the claims against Rimini. It is not necessary to compound this problem further. *See*, *e.g.*,

- 9 -
DEFENDANTS' MOTION TO EXCLUDE INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.
6977177 v1

*Guillory v. Domtar Industries*, 95 F.3d 1320, 1331 (5th Cir. 1996) (affirming decision to exclude technical evidence noting that "where technical information is involved, it is eas[y] for the jury to get lost in the labyrinth of concepts"); *Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1269 (7th Cir. 1988) ("[I]f the district court had permitted this evidence, the defendant would have had to defend ... not only against the present suit, but also against [an unrelated suit]. The jury would be confronted with additional technical evidence on a collateral issue that would have unnecessarily prolonged the trial and created a risk of confusion of the issues."); *Tennison*, 244 F.3d at 690 (excluding evidence of "remote events involving other employees" because jury might confuse them with "recent events concerning Plaintiffs").

Oracle successfully made this exact argument in its motion to exclude evidence relating to Rimini and Mr. Ravin in the SAP/TomorrowNow litigation, telling the Court there that evidence of Rimini's "pleadings or communications that reference them would be *highly likely to confuse the jury and be unfairly prejudicial*.... [B]ecause Ravin was previously employed by SAP TN, *it could be difficult* for the jurors to separate the two lawsuits in their minds. Accordingly, this evidence is also inadmissible under Fed. R. Evid. 403 and 404." Reckers Decl., Ex. F [Plaintiffs' Redacted Motions in Limine, N.D. Cal. Case No. 4:07-cv-01658-PJH, Dkt. 737] at 23-24 (emphasis added); *see also id.*, Reckers Decl., Ex. G [Final Pretrial Order, N.D. Cal. Case No. 4:07-cv-01658-PJH, Dkt. 914] at 2-3 (granting Oracle's motion). Oracle was correct when it made this argument in the SAP/TomorrowNow litigation, and it should not be permitted to take the opposite position here.

*Third*, even if the jury were able to distinguish between the two lawsuits, the presentation of TomorrowNow evidence would result in undue delay and waste of time in the instant action. The Ninth Circuit has frequently upheld the exclusion of evidence of collateral matters, similar events, and other acts of alleged wrongdoing where, as here, its introduction would result in "a trial within a trial." *See*, *e.g.*, *United States v. Bussell*, 414 F.3d 1048, 1059-60 (9th Cir. 2005) (affirming trial court's decision to exclude evidence of "unrelated clients involved in unrelated schemes" finding that they "posed a potential for … delay"); *Kramas*, 672 F.2d at 772 (affirming exclusion of a consent decree that would have "opened large areas of proof on collateral matters"); *see also ROC*

- 10 -
DEFENDANTS' MOTION TO EXCLUDE INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.
6977177 v1

1  *ASAP L.L.C. v. Starnet Ins. Co.*, 2014 WL 4631121, at *5 (W.D. Okla. Sept. 15, 2014) (granting
2  motion in limine to exclude "legally technical" evidence relating to non-parties which was likely to
3  "consume an excessive amount of time at trial in comparison to their limited relevance").

4  Indeed, the many fact issues embedded in the TomorrowNow litigation would require a full
5  explication in order to make sense of them and would overwhelm the evidence pertinent to the
6  instant claims, thereby creating a trial within a trial.

7  For instance, if Oracle introduced evidence that TomorrowNow pleaded guilty in the
8  criminal action, the parties would need to explain to the jury the circumstances of that case and the
9  claims against TomorrowNow.  Or, if Oracle were permitted to introduce evidence of its past claims
10 against TomorrowNow or TomorrowNow's stipulated liability, Rimini and Mr. Ravin would then
11 have to offer the testimony of numerous expert and fact witnesses and volumes of complex
12 documentary evidence to distinguish Rimini's business model from that of SAP and TomorrowNow
13 and to illustrate the different timing of the facts underlying each claim; explain the distinction
14 between civil infringements and criminal violations, and between settlements and adjudication on
15 the merits; and provide context for Mr. Ravin's involvement and role at TomorrowNow.  On that
16 point, among other things, defendants would need to explain how the TomorrowNow service
17 "evolved … and … [became] a better service with Rimini Street."  Dkt. 523 at 23.

18 These issues would require an enormous amount of additional evidence (much of it highly
19 technical), consume a great deal of time, and unnecessarily burden and confuse the jury with a
20 number of irrelevant, collateral issues.  Compounding the unfairness, defendants do not have access
21 to much of that evidence, because a considerable portion of the proceedings in the
22 SAP/TomorrowNow litigation, as well as the criminal investigation and plea bargain, were filed
23 under seal.  It would be grossly unfair to allow Oracle to present evidence and argument relating to
24 TomorrowNow where defendants as a practical matter are incapable of rebutting that evidence.

- 11 -
DEFENDANTS' MOTION TO EXCLUDE INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.
6977177 v1

### C. Evidence Regarding TomorrowNow Is Not Admissible as Character Evidence Pursuant to Rule 404.

Oracle's attempt to use evidence of TomorrowNow's conduct, and Mr. Ravin's involvement at TomorrowNow, in order to prove that he supposedly acted in conformity with that conduct here (*see* Dkt. 523 at ¶¶ 13–17, 172), is expressly barred by Rule 404, and therefore cannot be admitted on this basis either.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This rule "is designed to avoid the danger that the jury will punish the defendant for offenses other than those charged ... because it is convinced that the defendant is a bad man deserving of punishment." *United States v. Hill*, 953 F.2d 452, 457 (9th Cir. 1991); *see Huddleston,* 485 U.S. at 685 (Rule 404(b) "generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character").

Importantly, the Ninth Circuit has "specifically incorporated Rule 403's probative value/unfair prejudice balancing requirement into the Rule 404(b) inquiry" (*United States v. Mayans,* 17 F.3d 1174, 1183 (9th Cir. 1994) (citing *United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989)); *see also United States v. Sarault*, 840 F.2d 1479, 1485 (9th Cir. 1988)), thereby preventing Rule 404 from being used as a back-door means of admitting evidence that violates Rule 403, *see United States v. Arambula-Ruiz,* 987 F.2d 599, 602 (9th Cir. 1993). As a result, even where evidence is otherwise admissible under Rule 404, it becomes inadmissible where it would be unduly prejudicial. Because, as discussed above, defendants would unquestionably be unduly prejudiced by admission of TomorrowNow evidence, the evidence is for the same reasons inadmissible under Rule 404(b).

Admission of the TomorrowNow evidence would be especially inappropriate here because neither Rimini nor Mr. Ravin were named parties in either the civil or criminal cases against SAP and TomorrowNow. They had no role in the prior cases, or in the decisions of the defendants in those cases to admit liability or responsibility. Nor were the claims in either of the prior cases *proven* or even adjudicated on the merits, so there is no clear and convincing evidence that the facts

1  alleged in those cases actually occurred. *Coursen v. A.H. Robbins Co., Inc.*, 764 F.2d 1329, 1334
2  (9th Cir. 1985), *corrected*, 773 F.2d 1049 (1985) ("Evidence of prior misconduct is admissible if it is
3  *clear and convincing*") (emphasis added); *Baxter*, 1992 WL 340763, at *4 ("acts of prior misconduct
4  must be proven by clear and convincing evidence"); *see also Downs v. River City Group, LLC*, 2015
5  WL 631294 at *3 (D. Nev. Feb. 13, 2015) (excluding evidence of a past judgment against the
6  defendant that did "not address or identify what the judgment was for" and evidence of factual
7  findings that were "based on evidence that will not be presented to the jury").

8  Rule 404(b) provides no support for admitting evidence of charges against third parties—for
9  any purpose—based on nothing more than a remote connection to the named defendants. Oracle's
10 claims in the instant action must be tried on the facts of *this case*, and not on the allegations asserted
11 and never proven in a different action against a different company. *See*, *e.g.*, *Spectramed*, 1992 WL
12 340763, at *2-3 (evidence of criminal indictment in civil case was "impermissible character
13 evidence which should be excluded under … Rule 404(b)").

14 **V.    CONCLUSION**

15 Defendants Seth Ravin and Rimini Street respectfully request that this Court exclude any
16 inquiry, evidence, or argument regarding: (1) any aspect of the lawsuit filed by Oracle against SAP
17 AG and TomorrowNow in 2007 and the subsequent appeal of that case; (2) TomorrowNow's
18 purported copyright infringement and stipulation of infringement; and (3) the filing of a criminal
19 information for copyright infringement against TomorrowNow, and the subsequent plea agreement
20 and fine (collectively the "TomorrowNow evidence").

21 DATED:     May 20, 2015          SHOOK, HARDY & BACON

23                                   By:   /s/ Robert H. Reckers
                                           Robert H. Reckers, Esq.
24                                         Attorney for Defendants
                                           Rimini Street, Inc. and Seth Ravin

- 13 -
DEFENDANTS' MOTION TO EXCLUDE INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

6977177 v1

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANTS' MOTION TO EXCLUDE INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC. was served on the 20th day of May, 2015, via email, as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>NITIN JINDAL (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: 415.442.1000<br>Facsimile: 415.442.1001<br>thomas.hixson@morganlewis.com<br>kristen.palumbo@morganlewis.com<br>Nitin.jindal@morganlewis.com<br>John.polito@morganlewis.com<br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH MILLER (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com |

By: _/s/ Robert H. Reckers_
Robert H. Reckers, Esq.

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*