# EXHIBIT A

# BOIES, SCHILLER & FLEXNER LLP

1999 HARRISON STREET • SUITE 900 • OAKLAND, CA 94612 • PH. 510.874.1000 • FAX 510.874.1460

March 27, 2015

**VIA E-MAIL**

Robert Reckers, Esq.
Shook, Hardy & Bacon, LLP
JP Morgan Chase Tower
600 Travis Street, Suite 1600
Houston, TX 77002
rreckers@shb.com

      Re:    *Oracle USA, Inc. and Oracle International Corp. v. Rimini Street, Inc. and Seth Ravin*, No. 2:10-cv-00106 (D. Nev., filed Jan. 25, 2010)

Dear Rob:

I write in response to your March 13 email discussing our proposed joint request to the Court for an accelerated briefing schedule for certain jury instructions relating to license agreements.

The expedited jury instruction process that we propose is aimed at the unambiguous terms of Oracle's licenses for PeopleSoft, J.D. Edwards, and Siebel and other questions of law, many of which have been answered by Judge Hicks' summary judgment orders and upon which the jury will have to be instructed. The license agreements are not ambiguous merely because the parties dispute what they authorize and what they do not. Nor would it be appropriate to simply throw the complex license agreements in front of the jury and allow the lawyers (or witnesses) to argue about what they permit based on "plain and ordinary" meaning of the words in them. Rather, it is the Court's duty, as a matter of law, to interpret the written license agreements unless ambiguity of specific terms is shown. The summary judgment orders show this clearly; the parties disputed the meaning of the agreements and, in particular, how terms of each agreement interacted with the other terms of that agreement, and the Court did not find a single ambiguity. Rather, it construed the licenses as a whole and held, as a matter of law, what they authorize and what they do not. The jury will need to be instructed as to these legal determinations regarding the meaning of the licenses, and it is in both parties' interest to determine the instructions now rather than shortly before, or during, trial.

Robert Reckers, Esq.
March 27, 2015
Page 2 of 3

First, PeopleSoft license instructions are necessary for the jury to determine the scope of infringement and also, to the extent Rimini's damages theory is allowed to reach the jury, that issue as well.  We understand that Rimini has agreed to withdraw its license defense as to PeopleSoft copying.  That leaves a number of scope-of-infringement issues unresolved, however, including as to distribution and derivative works, which Rimini expressly declined to address in the license stipulation.  As we understand it, Rimini intends to present a license defense at trial as to this conduct.  As a result, the jury will need to be instructed as to the PeopleSoft license agreements in connection with that defense.  In addition, Rimini previously asserted that damages are appropriately measured by reference to the incremental costs of providing its support services in a manner that would be licensed.  For example, Rimini's damages expert's report argues that "the hypothetical negotiations should consider the existing license conditions under which support providers may permissibly operate and seek to address the gaps between conduct expressly allowed by client licenses and Rimini Street's accused improper conduct."  Hampton Report ¶ 216.  While Oracle disputes that this approach to damages is appropriate, if it is to be presented to the jury, the jury must know what the existing license conditions permit and what they do not.  Understanding what the licenses permit is also relevant to rebut Rimini's claims that Rimini's infringement "provided little, if any value, to Rimini."  Dkt. 523 (Pretrial Order) at 6.

We are also surprised by your claim that the existing PeopleSoft stipulation obviates the need for further PeopleSoft license instructions.  We have consistently maintained that Rimini should stipulate that "Rimini will not dispute that no license authorized Rimini to use copies of Oracle's PeopleSoft-branded software associated with one customer to develop and test software updates for other Rimini customers."  We explained that the proposed language comes directly from the Court's order.  *See* January 6, 2015 email from Nitin Jindal.  When you refused, noting only that you "disagree[d] with the analysis" we provided, we directly told you we intended to raise the parties' dispute with the Court.  *See* February 11, 2015 email from Nitin Jindal.  The footnote both parties agreed to add to the proposed stipulation was in recognition that the parties still had disputes regarding what the relevant PeopleSoft licenses allowed.

Second, regarding Siebel and J.D. Edwards license instructions, our intent is only to translate the unambiguous license terms, including the terms subject to the Court's prior holdings, into jury instructions sooner rather than later, so that all parties can focus their trial plans accordingly.  We understand your hesitancy to commit to a joint proposal without a clearer understanding of its scope.  As such, we propose the following:  we will share our proposed jury instructions with Rimini conditioned on Rimini agreeing to a firm timeline during which the parties will work together in good faith to draft jury

Robert Reckers, Esq.
March 27, 2015
Page 3 of 3

instructions on the licenses that can be jointly proposed to the Court by a date certain; if the parties fail to reach an agreement on such instructions by that date, the parties agree to jointly submit to the Court a request for a briefing schedule to determine the issue significantly in advance of trial, as proposed in my March 4, 2015 email to Ryan Dykal.  While the precise contours of a schedule are of course negotiable, we believe the parties need to agree on a schedule that permits the issue to be submitted to the Court, and resolved, in time for the parties to prepare for trial with the benefit of the ruling.  Accordingly, we propose the following schedule:

| Event | Date |
|---|---|
| Oracle provides proposed instructions to Rimini Street | 4/3/2015 |
| Rimini provides proposed competing instructions to Oracle | 4/17/2015 |
| If parties cannot agree on jury instructions, a joint proposal to the Court with a proposed briefing schedule | 4/24/2015 |

If it would be productive, I would be happy to discuss these issues with you.


Very truly yours,

/s/

Kieran Ringgenberg