# EXHIBIT D



Robert H. Reckers

**VIA E-MAIL**

Kieran Ringgenberg
Boies, Schiller & Flexner LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612

JPMorgan Chase Tower
600 Travis Street, Suite 3400
Houston
Texas 77002-2926
**t** 713.227.8008
**d** 713.546.5626
**f** 713.227.9508
rreckers@shb.com

Re:   *Oracle USA, Inc. and Oracle International Corp. v. Rimini Street, Inc. and Seth Ravin*, No. 2:10-cv-00106 (D. Nev., filed Jan. 25, 2010)

Dear Kieran:

I write in response to your letter dated May 8, 2015 regarding proposed jury instructions on Defendants' license defense.

Defendants object to the instructions because they incorrectly state the law and are argumentative, misleading, incomplete, and irrelevant. *See Duboise v. Brauer*, 312 F.3d 641, 641 (9th Cir. 2011); *see also Virginia v. Black*, 538 U.S. 434, 376 (2003). There are several problems with the proposed instructions; set forth below are just a few:

*First*, the proposed instructions regarding the terms of the PeopleSoft and Database software are unnecessary as they address subject matter beyond the issues the jury will be asked to decide. As you know, the Court granted summary judgment on Defendants' express license defense as it relates to PeopleSoft and Database software. Thereafter, Defendants stipulated that the Court's first summary judgment order precludes Rimini from presenting a license defense for PeopleSoft software. Therefore, Rimini's license defense for the PeopleSoft and Databased software is not an issue for trial and the proposed instructions regarding the terms of the PeopleSoft and Database software licenses is unnecessary and irrelevant.

*Second*, the instructions regarding the Siebel and J.D. Edwards licenses fail to correctly state the law and are misleading. Contracts are to be interpreted as a whole,[1] and Oracle's attempt to take selected portions of the license agreements out of context and unduly emphasize its theory of the case is inherently misleading. Further, the proposed instructions presuppose that ***all*** Siebel and J.D. Edwards licenses are identical,

---

[1] *Klamath Water Uses Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999); *State v. Continental Ins. Co.*, 281 P.3d 1000, 1004-05 (Cal. 2012); *Fed. Deposit Ins. Corp. v. Fisher*, 292 P.3d 934, 940-41 (Colo. 2013).

SHOOK
HARDY & BACON

May 22, 2015
Page 2

but they aren't.  The Siebel licenses, for example, vary among licensees.[2]  Yet, Oracle has made no showing that the relevant license provisions upon which Oracle seeks an instruction are exemplary or common among all Siebel and J.D. Edwards licenses.[3]  Oracle is asking the Court to read into the license terms and limitations that, on the face of the license, don't exist.  The Siebel licenses, for example, do not include a limiting definition of "archival, back-up, or disaster recovery copy of the software."[4]  But Oracle's proposed instruction does.[5]  This and other limitations in the proposed instruction have no support in the four corners of the license agreements.

As noted, these are just a few of the concerns Defendants have with the proposed instructions.  Defendants would be happy to discuss further or consider any revised instructions on these issues.  Defendants, of course, reserve the right to make additional objections based on supplementary research and analysis.

Very truly yours,

*/s/ Rob Reckers*

---

[2] *Compare, e.g.*, Software License and Services Agreement Between Siebel and Keynote Systems, ORCLRS0204484–4492 *with* Software License and Services Agreement Between Siebel Systems, Inc. and Novel, ORCLRS0810822–OCLRS0810832 (Nov. 25, 1997).

[3] The Agreement between Siebel and Keynote Systems is illustrative.  For instance, the Keynote Systems agreement expressly allows copying under other circumstances, including "to copy the Programs that operate on server systems as reasonably necessary to support the maximum number of named users" and "to copy the Documentation as reasonably necessary to support its Users."  Software License and Services Agreement Between Siebel and Keynote Systems, ORCLRS0204484.

[4] *See, e.g.*, Software License and Services Agreement Between Siebel Systems, Inc. and Novel, ORCLRS0810822–OCLRS0810832 (Nov. 25, 1997).

[5] Ltr. From Mr. Ringgenberg to Mr. Reckers, dated May 8, 2015, at 2 (limiting archival, back-up, or disaster recovery copy of the software" to "an unmodified copy of the software."

6978395 v1