# EXHIBIT E

| | |
|---|---|
| **From:** | Dykal, Ryan D. (SHB) < RDYKAL@shb.com> |
| **Sent:** | Thursday, January 29, 2015 3:23 PM |
| **To:** | 'Jindal, Nitin'; Reckers, Rob (SHB); Strand, Peter (SHB); Glidewell, Jeff (SHB); Niegowski, David (SHB) |
| **Cc:** | Howard, Geoff; Hixson, Thomas S.; Hill, Zachary; Kieran Ringgenberg; Beko Richardson |
| **Subject:** | RE: Oracle v. Rimini |

Nitin,

Thank you for the follow up. We disagree with the analysis in your Jan 6 email. Rimini remains willing to enter into the stipulation we circulated previously, however.

Thanks,
Ryan

---

**From:** Jindal, Nitin [mailto:nitin.jindal@morganlewis.com]
**Sent:** Tuesday, January 27, 2015 7:59 PM
**To:** Dykal, Ryan D. (SHB); Reckers, Rob (SHB); Strand, Peter (SHB); Glidewell, Jeff (SHB); Niegowski, David (SHB)
**Cc:** Howard, Geoff; Hixson, Thomas S.; Hill, Zachary; Kieran Ringgenberg (kringgenberg@BSFLLP.com); Beko Richardson (brichardson@BSFLLP.com)
**Subject:** RE: Oracle v. Rimini

Counsel,

It has now been three weeks since we made our last proposal.  Please tell us <u>by this Friday</u> if you will agree to the stipulation we proposed in my January 6 email.  If we do not receive a response by then, we intend to seek the Court's guidance on extrapolating its PeopleSoft findings to the remaining issues to be decided.

Best regards,

Nitin

**Nitin Jindal**
**Morgan, Lewis & Bockius LLP**
3 Embarcadero Center | San Francisco, CA  94110
Direct: +1.415.393.2046 | Main: +1.415.393.2000
nitin.jindal@morganlewis.com | www.morganlewis.com

---

**From:** Jindal, Nitin
**Sent:** Wednesday, January 21, 2015 8:16 AM
**To:** 'Dykal, Ryan D. (SHB)'; 'Reckers, Rob (SHB)'; 'Strand, Peter (SHB)'; 'Glidewell, Jeff (SHB)'; 'Niegowski, David (SHB)'
**Cc:** Howard, Geoff; Hixson, Thomas S.; Hill, Zachary; 'Kieran Ringgenberg (kringgenberg@BSFLLP.com)'; 'Beko Richardson (brichardson@BSFLLP.com)'
**Subject:** RE: Oracle v. Rimini

Ryan,

I am writing to follow up on the below.  Please let us know when we can expect a response.

Best regards,

Nitin

---

**From:** Jindal, Nitin
**Sent:** Tuesday, January 06, 2015 10:13 AM
**To:** 'Dykal, Ryan D. (SHB)'; Reckers, Rob (SHB); Strand, Peter (SHB); Glidewell, Jeff (SHB); Niegowski, David (SHB)
**Cc:** Howard, Geoff; Hixson, Thomas S.; Hill, Zachary; Kieran Ringgenberg (kringgenberg@BSFLLP.com); Beko Richardson (brichardson@BSFLLP.com)
**Subject:** RE: Oracle v. Rimini

Ryan,

The language we added to the draft stipulation regarding the "use" of development environments came directly from the MSJ Order. Our proposed language states that "Further, Rimini will not dispute that no license authorized Rimini to use copies of Oracle's PeopleSoft-branded software associated with one customer to develop and test software updates for other Rimini customers."  The Order states:

> Additionally, it is undisputed that the development environments associated with the City of Flint were not *used* solely for the City of Flint's internal data processing operations.  Instead, the development environments were **used to develop and test software updates for** the City of Flint and **other Rimini customers** with similar software licenses. See Doc. #242, Exhibit 50, Lester Depo., p.207:17-201:25; Exhibit 62, Williams Depo., p.9:22-10:6. Therefore, the court finds that Rimini's copying of the copyrighted software is outside the scope of Section 1.2(b)(i). Accordingly, and consistent with the court's rulings above, the court finds that Section 1.2(b) does not expressly authorize Rimini's copying of Oracle's copyrighted PeopleSoft-branded software as a matter of

MSJ Order at 13 (emphasis supplied).  Rimini's copying was outside the scope of the relevant PeopleSoft license *because it was* "used to develop and test software updates for . . . other Rimini customers." This is the exact language we added to the stipulation.

We added "distribution" and the "preparation of derivative works" to the stipulation because no PeopleSoft license allows for them, and Rimini has no basis for claiming any PeopleSoft license authorizes those acts. Nonetheless, in the spirit of compromise and keeping the stipulation tailored to the MSJ Order, we will remove this addition.  We can separately discuss these issues.  Attached is an updated stipulation for your review.

Finally, we continue to have a fundamental disagreement regarding the difference between a stipulation for liability and one in which Rimini waives its express license defense.  The MSJ Order clearly dictates specific findings of infringement with respect to every copy of PeopleSoft software on Rimini's systems.  You claim such a stipulation is redundant, but if there really is no difference, Rimini should have no problem stipulating to these facts.  Oracle reserves all rights with respect to this issue.

Best regards,

Nitin

**Nitin Jindal**
Morgan, Lewis & Bockius LLP
3 Embarcadero Center | San Francisco, CA  94110
Direct: +1.415.393.2046 | Main: +1.415.393.2000
nitin.jindal@morganlewis.com | www.morganlewis.com

---

**From:** Dykal, Ryan D. (SHB) [mailto:RDYKAL@shb.com]
**Sent:** Tuesday, December 23, 2014 11:20 AM
**To:** Jindal, Nitin; Reckers, Rob (SHB); Strand, Peter (SHB); Glidewell, Jeff (SHB); Niegowski, David (SHB)
**Cc:** Howard, Geoff; Hixson, Thomas S.; Hill, Zachary; Kieran Ringgenberg (kringgenberg@BSFLLP.com); Beko

Richardson (brichardson@BSFLLP.com)
**Subject:** RE: Oracle v. Rimini

Nitin,

Oracle's revisions again depart from the MSJ Order and seek to encompass conduct not addressed by the Court. The MSJ Order does not discuss "distribution" or "preparation of derivative works." Nor does it state that the "use" of development environments was unauthorized. Rather, as noted in my previous email, the Court held that specific acts of *copying* were not authorized. See Dkt. 474 at 12–13. These acts of copying are fully addressed in the draft stipulation we circulated previously.

Rimini will thus stipulate that the Court's rulings regarding such acts of copying apply to Rimini's hundreds of PeopleSoft customers (rather than just the 2 for which Oracle moved). This significantly narrows the trial by eliminating the need to introduce and construe thousands of additional license agreements and amendments. Rimini will not agree to expand the MSJ Order to encompass conduct that was not addressed by the Court, however.

Regarding your request that Rimini agree to stipulate to liability for "all copies on Rimini's servers," we are a bit perplexed given that this is already reflected in our previous draft. Particularly, that draft states that "Rimini will not dispute that no PeopleSoft license agreement authorized Rimini to create copies of Oracle's PeopleSoft-branded software on Rimini's systems." If Oracle has some concern regarding the scope of this language, please let us know. Otherwise, Rimini remains willing to enter into the stipulation it previously circulated.

Ryan


-----Original Message-----
**From:** Jindal, Nitin [nitin.jindal@morganlewis.com]
**Received:** Thursday December 18, 2014, 05:07 PM
**To:** Dykal, Ryan D. (SHB) [RDYKAL@shb.com]; Reckers, Rob (SHB) [RRECKERS@shb.com]; Strand, Peter (SHB) [PSTRAND@shb.com]; Glidewell, Jeff (SHB) [JGLIDEWELL@shb.com]; Niegowski, David (SHB) [DNIEGOWSKI@shb.com]
**CC:** Howard, Geoff [geoff.howard@morganlewis.com]; Hixson, Thomas S. [thomas.hixson@morganlewis.com]; Hill, Zachary [zachary.hill@morganlewis.com]; Kieran Ringgenberg (kringgenberg@BSFLLP.com) [kringgenberg@BSFLLP.com]; Beko Richardson (brichardson@BSFLLP.com) [brichardson@BSFLLP.com]
**Subject:** RE: Oracle v. Rimini

Ryan,

Thank you for your willingness to engage with us on these issues.  Oracle has not and is not attempting to "hide the ball."  In fact, Oracle has been transparent and consistent since the beginning of this case as to the scope of Rimini's actual infringement that Oracle intends to prove at trial.

You state that "Rimini has offered to stipulate that all copies on Rimini's servers are infringing."  We previously understood that you would not agree to such a stipulation, even though one is dictated by the Court's MSJ Order.  Please let us know if you will now stipulate to liability for all copies on Rimini's servers.

We are willing to continue to work with you to appropriately narrow trial.  To that end, attached is a revised draft PeopleSoft stipulation that we have tied more closely to the Court's MSJ Order.  We hope to have a revised JDE and Siebel proposal to you soon.

Best regards,

Nitin

**Nitin Jindal**
**Morgan, Lewis & Bockius LLP**
3 Embarcadero Center | San Francisco, CA  94110
Direct: +1.415.393.2046 | Main: +1.415.393.2000
nitin.jindal@morganlewis.com | www.morganlewis.com

---

**From:** Dykal, Ryan D. (SHB) [mailto:RDYKAL@shb.com]
**Sent:** Monday, December 15, 2014 9:10 AM
**To:** Jindal, Nitin; Reckers, Rob (SHB); Strand, Peter (SHB); Glidewell, Jeff (SHB); Niegowski, David (SHB)
**Cc:** Howard, Geoff; Hixson, Thomas S.; Hill, Zachary; Kieran Ringgenberg (kringgenberg@BSFLLP.com); Beko Richardson (brichardson@BSFLLP.com)
**Subject:** RE: Oracle v. Rimini

Nitin,

Oracle's identification of thousands of exhibits, over 50 hours of deposition testimony, and dozens of pages of "material" facts is sufficient to verify that the current scope of the trial is Oracle's doing.

Unfortunately, Rimini's attempts to narrow the trial have been met with resistance. **Rimini has already agreed to stipulate that, in light of the Court's February Order, it has no license defense for its copying of PeopleSoft software.** This stipulation would seemingly remove Oracle's need to prove infringement for these acts, mooting the vast majority of Oracle's proposed facts and deposition testimony. Yet Oracle refuses to narrow its evidence, insisting on introducing weeks of unnecessary and cumulative evidence.

It is obvious to us that Oracle is either trying to "hide the ball" on what it will introduce at trial, or thinks that it can persuade the jury with volume. Either way, Rimini has repeatedly noted the impropriety of Oracle's tactics and sought to narrow the case for the jury to the issues that are truly disputed.

These are the facts.  Your email attempting to shift the blame for an unnecessarily long trial to Rimini will not change them.

Regarding Oracle's additional proposed stipulation for "conduct relating to PeopleSoft," we have informed you that this is both unnecessary and legally unsound. Unnecessary because Rimini has offered to stipulate that all copies on Rimini's servers are infringing—thus obviating Oracle's need to prove infringement for any conduct involving those infringing copies. Legally unsound because not all conduct can be infringing—only conduct covered by the Copyright Act, such as copying and other specifically delineated acts.

Though your email suggests otherwise, it is Oracle that insisted on including the term "conduct" in the stipulation. As reflected in the last draft of the stipulation we circulated, Rimini will only agree to stipulate regarding acts addressed by the Court's February Order. Indeed, the Court's Order does not discuss Rimini's "conduct" in the abstract. Rather, it addresses specific acts of copying. These acts are already reflected in the draft stipulation.

Nevertheless, in the spirit of cooperation, we are attaching a revised draft of the stipulation that addresses the Court's statements regarding Oracle's cross use arguments. We are also attaching Rimini's edits the proposed JDE and Siebel stipulations. We look forward to discussing with you.

If Oracle continues to refuse to narrow its case in light of these revised stipulations, we think the Court will have no difficulty determining which party is responsible for the unnecessary, extended length of the trial.

Thanks,
Ryan

---

**From:** Jindal, Nitin [mailto:nitin.jindal@bingham.com]
**Sent:** Thursday, December 04, 2014 1:45 PM
**To:** Reckers, Rob (SHB); Strand, Peter (SHB); Glidewell, Jeff (SHB); Dykal, Ryan D. (SHB); Niegowski, David (SHB)
**Cc:** Howard, Geoff; Hixson, Thomas S.; Hill, Zachary; Kieran Ringgenberg (kringgenberg@BSFLLP.com); Beko Richardson (brichardson@BSFLLP.com)
**Subject:** Oracle v. Rimini

Counsel,

As we have discussed extensively over the last few months, one of the most significant issues regarding the scope, length, and manageability of trial is the application of the Court's February 2014 summary judgment order to the rest of the issues to be decided.  We previously indicated to the Court our belief that it's rulings on that motion could be used to significantly narrow the issues at trial.  We have been trying to do that cooperatively with you.  Our understanding is that you previously indicated a willingness to reach stipulations based on the Court's rulings regarding Rimini's PeopleSoft conduct, and the Court's PeopleSoft, J.D. Edwards, and Siebel license interpretations.  Prior to the October 9, 2014 case management conference before Judge Leen, we believe you indicated in a telephonic meet and confer that Rimini would waive its express license defense for all PeopleSoft copies.   When we asked what conduct would be included, you subsequently told us that the waiver would apply to Rimini's entire PeopleSoft development process.

We understood our call on Monday to mean that you now will only stipulate to not pursuing a license defense for "the past conduct of Rimini that formed the basis of the Court's ruling in its February 13, 2014 Order."  We do not think that gives the parties or the Court any clarity, nor does it narrow the issues for trial as the conduct put before the court was exemplary.  We also do not have any way to make a different proposal because, despite numerous requests from Oracle, you have never told us with any specificity what "conduct" means.  On Monday's meet and confer, although you said you would look again at the conduct we had outlined in our pre-trial facts, you indicated that you could and would not be more specific so that you can preserve flexibility at trial.  Finally, despite repeated requests from Oracle, you have never substantively responded to specific PeopleSoft, J.D. Edwards, and Siebel license construction proposals that we have made, except to say that you will not agree to them.  Given the hundreds of customers at issue, the result is a trial that will be unnecessarily long and unmanageable.

We intend to seek the Court's guidance on these issues at a case management conference.  At the conference, we intend to request a short motion to extrapolate the Court's PeopleSoft liability findings to the undisputed conduct and additional PeopleSoft licenses that have yet to be ruled upon.  Confirming the application of the Court's findings will greatly simplify trial.  We also intend to request that the parties brief how the Court's summary judgment license interpretations can be manageably applied to the remaining customers at issue.  We will likely propose a one-day *Markman*-type hearing as soon as possible so that the Court can rule on the application of its summary judgment rulings and on any remaining contract interpretation issues, including as to Siebel and J.D. Edwards.

We continue to think that the vast majority of this effort is unnecessary if Rimini would simply do as it initially indicated it would and agree that the Court's ruling means Rimini has no license defense at trial to copying and cross-use it engaged in as to PeopleSoft software.

Please let us know by December 10 if you will oppose this request, or if you have another proposal to deal with these issues.

Best regards,

Nitin


**Nitin Jindal**

**Morgan, Lewis & Bockius LLP**
3 Embarcadero Center | San Francisco, CA  94110
Direct: +1.415.393.2046 | Main: +1.415.393.2000
nitin.jindal@morganlewis.com | www.morganlewis.com

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

Mail Gate made the following annotations on Mon Dec 15 2014 11:10:17

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Mail Gate made the following annotations on Thu Jan 29 2015 17:22:36

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.