UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORACLE USA, INC.; *et al.*, ) | |
| ) | |
| Plaintiffs, ) | 2:10-CV-00106-LRH-PAL |
| ) | |
| v. ) | |
| ) | ORDER |
| RIMINI STREET, INC., a Nevada ) corporation; SETH RAVIN, an individual; ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the court is defendants Rimini Street, Inc. ("Rimini") and Seth Ravin's ("Ravin") (collectively "defendants") motion to modify the stipulated protective order (Doc. #55[1]). Doc. #539. Plaintiffs Oracle USA, Inc.; Oracle America, Inc.; and Oracle International Corporation (collectively "Oracle") filed an opposition to the motion (Doc. #544) to which defendants replied (Doc. #551).

**I.     Facts and Procedural History**

Oracle develops, manufacturers, and licenses computer software. Oracle also provides support services to customers who license its company software. Defendant Rimini is a company that provides similar software support services to customers licensing Oracle's Enterprise Software programs and competes directly with Oracle to provide these services.

On January 25, 2010, Oracle filed a complaint for copyright infringement alleging that Rimini copied several of Oracle's copyright-protected software programs onto its own computer

---

[1] Refers to the court's docket number.

1  systems in order to provide software support services to its customers. *See* Doc. #1. During
2  discovery, the parties stipulated to a protective order for the disclosure of various documents which
3  was approved by the court. Doc. #55. Defendants now move to modify the protective order.
4  Doc. #539.

**II.    Discussion**

In their motion, defendants seek an order modifying the protective order to allow defendant Ravin, the CEO and owner of defendant Rimini, to review all of Oracle's proposed trial exhibits that have been categorized as "Highly Confidential Information - Attorneys Eyes' Only."[2] *See* Doc. #539. Defendants argue that this modification to the protective order is necessary to allow defendant Ravin to prepare for trial. In support of their motion, defendants have submitted a proposed modified protective order. *See* Doc. #539, Exhibit A.

The court has reviewed the documents and pleadings on file in this matter and finds that modification of the protective order is not warranted. First, the court finds that there is not good cause to modify the protective order. As the moving party, Rimini bears the burden of showing "good cause" to modify the existing protective order. *See Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 528 (N.D. Cal. 2000). To establish good cause, Rimini must demonstrate that the existing protective order, which has been in effect for over four years, will cause actual prejudice to its defense in this matter, rather than simply "increase the difficulty in managing the litigation." *Id*.

///

---

[2] In the protective order, the "Highly Confidential Information - Attorneys Eyes' Only" designation is only used for "extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or other highly confidential documents" the disclosure of which "would be likely to cause competitive or business injury to the Designating Party." Doc. #55, ¶ 4. Materials designated "Highly Confidential Information - Attorneys Eyes' Only" may only be shown to a limited number of individuals including counsel to the parties in this action, in-house counsel for the corporate parties, the author of any such material, witnesses who had previously seen the material prior to the initiation of the lawsuit, expert witnesses, the court, and any of other person upon order of the court. *Id*. ¶ 10(a)-(g). Thus, a named party like defendant Ravin is not allowed to personally view material designated "Highly Confidential Information - Attorneys Eyes' Only." However, defendant Ravin's attorneys, along with Rimini's in-house counsel and designated experts, are permitted to review such material.

1    Here, good cause does not support providing defendant Ravin with a special exception from
2 the stipulated protective order to review sensitive Oracle documents prior to trial. The current
3 protective order does not prejudice defendant Ravin's defense because his in-house counsel,
4 outside counsel, and retained experts have access to such designated material and have been
5 retained to adequately represent his interests.
6    Second, Rimini's motion does not point to any specific trial exhibit proffered by Oracle that
7 Ravin must see to present his defense. The proposed trial exhibits include license agreements
8 between Oracle and particular customers that include sensitive information or non-disclosure
9 agreements. Defendants provide no reason or explanation as to why defendant Ravin needs to see
10 these materials, which he would not have seen in the normal course of his business, in order to
11 prepare for trial. Thus, proceeding under the current protective order will not prejudice his or
12 Rimini's ability to present a defense at trial. Oracle's claims against defendant Ravin center around
13 his contributions to Rimini's wrongdoing. As such, defendant Ravin does not need to have
14 personal pre-trial access to Oracle's sensitive license agreements in order to defend himself against
15 these claims as these claims are not dependent or based on Oracle's customer license agreements.
16    Finally, the court finds that there is no justification for defendants' proposed one-sided
17 modification. The proposed modification only allows defendant Ravin access to Oracle's material
18 designated as "Highly Confidential," but does not provide Oracle executives or company officers
19 with similar access to Rimini's designated material. Therefore, the court shall deny defendants'
20 motion to modify the protective order.
21    IT IS THEREFORE ORDERED that defendants' motion to modify the protective order
22 (Doc. #539) is DENIED.
23    IT IS SO ORDERED.
24    DATED this 12th day of June, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3