BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
kringgenberg@bsfllp.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc. and
Oracle International Corp.

MORGAN, LEWIS & BOCKIUS, LLP
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, | No. 2:10-cv-0106-LRH-PAL |
| Plaintiffs, | **ORACLE'S OPPOSITION TO DEFENDANTS RIMINI STREET INC.'S AND SETH RAVIN'S MOTION TO PRECLUDE CERTAIN DAMAGES EVIDENCE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(E) AND 37(C), OR, IN THE ALTERNATIVE, TO CONSOLIDATE** |
| v. | |
| RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual, | Judge:      Hon. Larry R. Hicks |
| Defendants. | |

1
2

# TABLE OF CONTENTS

3
4
5
6
7
8
9
10
11
12

INTRODUCTION ................................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND .................................................................. 2

ARGUMENT ........................................................................................................................ 5

   I.   Oracle Does Not Seek Damages in *Rimini I* for Post-Discovery Customers or
      Conduct. ...................................................................................................................... 5

   II.  Oracle Is Not Barred from Seeking Post-Discovery Damages in *Rimini II*. ....................... 6

       A.   Trying Post-Discovery Customers and Conduct in *Rimini II* Is Not Claim-
           Splitting. ............................................................................................................. 8

       B.   Judge Leen Already Ordered That *Rimini I* Is Limited in Scope. .......................... 10

       C.   The Court May Exercise Its Discretion to Permit Oracle to Seek Post-
           Discovery Damages in *Rimini II*. ...................................................................... 12

   III.  Consolidation Would Create Unfair Delay in Trying a Case Filed in 2010. .................... 13

CONCLUSION ................................................................................................................... 14

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE DAMAGES EVIDENCE

1

**TABLE OF AUTHORITIES**

2

3    **Cases**

4    *Adams v. California Dep't of Health Servs.*,
        487 F.3d 684 (9th Cir. 2007).................................................................passim

5    *Atchley v. Pepperidge Farm, Inc.*,
        No. CV-07-0277-FVS, 2008 WL 5377770 (E.D. Wash. Dec. 22, 2008) ................... 7, 8, 9, 13

6    *Balivi Chem. Corp. v. JMC Ventilation Refrigeration, LLC*,
        No. CV-07-353-S-BLW, 2008 WL 131028 (D. Idaho Jan. 10, 2008)..................................... 13

7    *Bell v. Salazar*,
        No. 2:12-CV-01414-TLN, 2013 WL 2665208 (E.D. Cal. June 12, 2013) .............................. 11

8    *Berglee v. First Nat. Bank, Brookings, S. Dakota*,
        159 F.3d 342 (8th Cir. 1998)............................................................................................ 12

9

10   *Central Delta Water Agency v. United States*,
        306 F.3d 938 (9th Cir. 2002)............................................................................................. 7

11

12   *Cook v. C.R. England, Inc.*,
        No. CV 12-3515-GW CWX, 2012 WL 2373258 (C.D. Cal. June 21, 2012) ............................ 7

13   *Cordis Corp. v. Boston Scientific Corp.*,
        635 F. Supp. 2d 361 (D. Del. 2009)............................................................................... 8, 10

14   *Curtis v. Citibank, N.A.*,
        226 F.3d 133 (2d Cir. 2000).............................................................................................. 8

15   *Dodd v. Hood River County*,
        59 F.3d 852 (9th Cir. 1995).............................................................................................. 11

16

17   *Eisenman Chem. Co. v. NL Indus., Inc.*,
        595 F. Supp. 141 (D. Nev. 1984)...................................................................................... 10

18   *El-Hakem v. BJY Inc.*,
        415 F.3d 1068 (9th Cir. 2005)............................................................................................ 6

19   *Estate of Gaither ex rel. Gaither v. D.C.*,
        No. CIVA 03-1458 CKK/AK, 2008 WL 5869876 (D.D.C. Oct. 23, 2008) .............................. 6

20   *Evans v. Alliedbarton Sec. Servs., LLP*,
        No. C 08-4993 MMC, 2009 WL 5218010  (N.D. Cal. Dec. 31, 2009) ................................... 11

21   *Glass v. Intel Corp.*,
        No. CV 06-671-PHX-MHM, 2007 WL 2265663 (D. Ariz. Aug. 6, 2007) ............................. 14

22

23   *Greenawalt v. Sun City W. Fire Dist.*,
        250 F. Supp. 2d 1200 (D. Ariz. 2003)................................................................................. 6

24   *Harkins Amusement Enters., Inc. v. Harry Nace Co.*,
        890 F.2d 181 (9th Cir. 1989)........................................................................................... 7, 9

25   *Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*,
        296 F.3d 982 (10th Cir. 2002).......................................................................................... 12

26   *Huene v. United States*,
        743 F.2d 703 (9th Cir. 1984)........................................................................................... 13

27   *Idaho Wool Growers Assoc. v. Schafer*, No. CV-08-394-S-BLW, 2009 WL 73738 (D.
        Idaho Jan. 8, 2009).......................................................................................................... 13

28

1

2
*KGK Jewelry LLC v. ESDNetwork*,
   No. 11CV9236-LTS-RLE, 2014 WL 7333291 (S.D.N.Y. Dec. 24, 2014) ............................. 14

3
*Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*,
   750 F.2d 731 (9th Cir. 1984) ............................................................................. 2, 8, 12

4
*Maharaj v. Bankamerica Corp.*,
   128 F.3d 94 (2d Cir. 1997) ............................................................................................. 9

5
*Mills v. Beech Aircraft Corp.*,
   886 F.2d 758 (5th Cir. 1989) ........................................................................................ 14

6
*Negrete v. Allianz Life Ins. Co. of N. Am.*,

7
   No. CV 05-6838 CAS MANX, 2011 WL 2909246 (C.D. Cal. July 18, 2011) ...................... 11

8
*Oracle USA, Inc., et al. v. Rimini Street, Inc. et al.*,
   Case No. 2:10-cv-0106-LRH-PAL (filed Jan. 25, 2010) .................................................. 1

9
*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   134 S. Ct. 1962 (2014) ................................................................................................. 10

10
*Rimini Street, Inc. v. Oracle Int'l Corp.*,
   Case No. 2:14-cv-01699-LRH-PAL (filed Oct. 15, 2014) ................................................ 1

11
*Rodriguez v. Taco Bell Corp.*,

12
   No. 1:13-CV-01498-SAB, 2013 WL 5877788 (E.D. Cal. Oct. 30, 2013) ......................... 12

13
*SEC v. First Jersey Secs., Inc.*,
   101 F.3d 1450 (2d Cir. 1996) ......................................................................................... 9

14
*Semtech Corp. v. Royal Ins. Co. of Am.*,
   No. CV 03-2460-GAF PJWX, 2005 WL 6192906 (C.D. Cal. Sept. 8, 2005) ...................... 6

15
*Single Chip* and *Ferring B.V. v. Actavis, Inc.*,
   No. 3:13-CV-00477-RCJ, 2014 WL 3697260 (D. Nev. July 23, 2014) ............................ 10

16
*Single Chip Sys. Corp. v. Intermec IP Corp.*,
   495 F. Supp. 2d 1052 (S.D. Cal. 2007) ..................................................................... 8, 10

17
*Taylor v. Sturgell*,

18
   553 U.S. 880 (2008) ....................................................................................................... 7

19
*U.S. Rubber Recycling, Inc. v. Encore Int'l, Inc.*,
   No. CV 09-09516 SJO OPX, 2011 WL 311014 (C.D. Cal. Jan. 7, 2011) .......................... 13

20
*Unicolors, Inc. v. Macy's, Inc.*,
   No. CV 14-08611-RGK SSX, 2015 WL 1020101 (C.D. Cal. Mar. 6, 2015) ....................... 7

21
*Venuto v. Witco Corp.*,
   117 F.3d 754 (3d Cir. 1997) ......................................................................................... 12

22

23
**Rules**

Federal Rules of Civil Procedure

24
   Rule 16 .......................................................................................................................... 6

25
   Rule 16(b)(4) .................................................................................................................. 6

   Rule 26(a)(3) .................................................................................................................. 6

26
   Rule 26(e) ................................................................................................................... 1, 3

27
   Rule 26(e)(2) .................................................................................................................. 6

   Rule 30(b)(6) .................................................................................................................. 3

28
   Rule 37(c) ................................................................................................................... 1, 3

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE DAMAGES EVIDENCE

1

Rule 37(c)(1) ..................................................................................................... 6

2

Rule 42(a) .......................................................................................................... 13

Rule 72(a) .......................................................................................................... 11

3

U.S. District Court, Nevada

4

Local Rule § IB 3-1 ........................................................................................... 11

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE DAMAGES EVIDENCE

1    Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.

2    (collectively, "Oracle") oppose Rimini Street, Inc.'s and Seth Ravin's (collectively, "Rimini's")

3    motion to preclude certain damages evidence pursuant to Federal Rules of Civil Procedure 26(e)

4    and 37(c), or, in the alternative, to consolidate (the "Motion").

5                                        **INTRODUCTION**

6            By its motion, Rimini seeks a free pass from all consequences of its conduct between

7    September 28, 2011, and February 13, 2014.  Specifically, Rimini attempts to avoid two

8    categories of damages during this twenty-eight month period in either *Rimini I* or *Rimini II*:[1]

9    (1) damages for customers Rimini gained after September 28, 2011, the effective date of the last

10   customer list Rimini produced before the December 2011 close of discovery in *Rimini I*; and

11   (2) updated damages for customers Rimini gained before September 28, 2011.  Rimini finds no

12   basis in law supporting its attempt to escape damages for its ongoing conduct.  Nonetheless,

13   Rimini makes what amounts to an improper appeal from Magistrate Judge Leen's October 9,

14   2014, ruling that the record in this case "will remain as it was put in at the close of discovery."

15           Oracle's position is that the parties should comply with Judge Leen's ruling.  The parties

16   should proceed to trial in *Rimini I* on September 14, 2015, using the record developed during the

17   discovery period in *Rimini I*.  Damages arising from conduct after the close of discovery in

18   *Rimini I*, along with customers Oracle lost to Rimini after September 28, 2011, should be the

19   subject of discovery and trial in *Rimini II*.  Updated damages through February 2014 for Rimini's

20   customers as of September 28, 2011 should be permitted in *Rimini I*; but if the Court concludes

21   that such an update would require postponing the trial, the updated damages should be included

22   in *Rimini II*.

23           The Court possesses discretion to manage its docket by using the fact discovery cutoff as

24   the dividing line between the cases.  Doing so will maintain the long-awaited trial date, ensure

25   fairness to both parties, and avoid duplication of effort.

26   _____

27   [1] "*Rimini I*" herein refers to *Oracle USA, Inc., et al. v. Rimini Street, Inc. et al.*, Case No. 2:10-cv-0106-LRH-PAL (filed Jan. 25, 2010), and "*Rimini II*" herein refers to *Rimini Street, Inc. v.*

28   *Oracle Int'l Corp.*, Case No. 2:14-cv-01699-LRH-PAL (filed Oct. 15, 2014).

                                            1
_____

1    Rimini's motion is based on two meritless arguments.  First, it claims that the Court

2   should preclude Oracle from claiming any damages in *Rimini I* beyond the damages set forth in

3   Oracle's January 17, 2012 expert report.  Oracle does not intend to assert any damages claims at

4   trial for customers beyond the lost customers currently set forth in that report.  Instead, consistent

5   with Judge Leen's ruling, Oracle seeks only to update its expert report for the damages

6   attributable to lost customers already included in that report, all of which were subject to fact

7   discovery in *Rimini I*—a simple update to account for the passage of time.

8    Second, Rimini argues that Oracle should be barred from including in *Rimini II* any

9   damages incurred between the close of discovery in *Rimini I* and the Court's first summary

10   judgment Order in February 2014.  According to Rimini, the Court should issue an order barring

11   Oracle from pursuing all damages for Rimini's illegal conduct undertaken between

12   September 28, 2011 and February 13, 2014.  Yet the Ninth Circuit has squarely held that, where

13   a defendant engages in actionable conduct after a lawsuit is commenced, as is the case here,

14   principles of *res judicata* underlying claim-splitting do not bar a later suit on that unlitigated

15   subsequent conduct.  *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 750 F.2d

16   731, 739 (9th Cir. 1984).  Here, because the damages are disparate in time and cover different

17   events, claim-splitting principles do not apply.  Further, courts apply principles of claim-splitting

18   in their *discretion*, and there is no reason the Court should exercise its discretion to absolve

19   Rimini – a party the Court has twice found liable for copyright infringement – from claims for

20   tens of millions of dollars in damages.

21                    **FACTUAL AND PROCEDURAL BACKGROUND**

22    The Court is familiar with the procedural history of these actions; thus, Oracle briefly

23   recounts the history here and attaches a timeline as **Appendix A**.

24    Oracle filed its initial complaint in January 2010 alleging, among other things, that

25   Rimini's support services infringed Oracle's PeopleSoft, J.D. Edwards, and Siebel copyrighted

26   software.  Dkt. 1.[2]  Oracle filed its latest amended complaint on June 1, 2011.  Dkt. 146.  Fact

27   _____

28   [2] All citations to the docket reference *Rimini I* docket entries unless otherwise indicated.

1    discovery began in April 2010, lasted for 20 months, and closed in December 2011.  Dkt. 161.[3]

2    Prior to the close of fact discovery, Rimini produced a customer list effective as of September

3    28, 2011.  Declaration of Kieran Ringgenberg in Support of Plaintiffs' Opposition to

4    Defendants' Motion to Preclude Certain Damages Evidence Pursuant To Federal Rules Of Civil

5    Procedure 26(e) And 37(c), Or, In The Alternative, To Consolidate ("Ringgenberg Decl.") ¶ 2.

6    Expert discovery closed on June 15, 2012.  Dkt. 258.

7         Oracle's damages expert, Elizabeth Dean, calculated actual damages based in part on

8    customers that Rimini acquired as of September 28, 2011, based on the last customer list Rimini

9    produced.  Motion Ex. M, Schedule 16.  Ms. Dean also projected damages related to lost

10    customers through December 2012, then the parties' estimated trial date.  *Id.*

11         In 2012, Oracle filed two summary judgment motions.  The Court granted in part those

12    motions in February and August 2014, finding that Rimini's practices infringed Oracle's

13    intellectual property rights and, with respect to PeopleSoft and Database software, exceeded the

14    scope of the applicable licenses.  Dkt. 474 at 6:10–11, 15:16–20, 20:14–18; Dkt. 476 at 5–16.

15    Shortly after the Court's first Order, in February 2014, Rimini announced that it was beginning

16    to implement remote-only support for all its customers.  Motion, Ex. B at 2.  In *Rimini II*, Rimini

17    identifies July 31, 2014, as the date on which it completed the transition to remote-only support.

18    *Rimini II*, First Am. Compl. ¶ 8, Dkt. 63.

19         In February 2014, following the Court's first summary judgment Order, the parties began

20    to discuss updating discovery.  From February through October 9, 2014, Rimini made

21    incomplete productions of limited, discrete categories of information.  Motion, Exs. E, J, K;

22    Ringgenberg Decl. ¶¶ 3–4.  Since the close of discovery, Rimini has made no additional

23    document productions, offered no 30(b)(6) depositions or deposition dates (notwithstanding an

24    agreement to do so), and provided no verified interrogatory responses.  *Id.*

25         Rimini's limited supplemental production following the discovery cutoff was also

26

27    _____

[3] The parties produced select materials shortly after the close of formal fact discovery pursuant to
28    a stipulated schedule and order allowing limited supplementation.  Dkt. 232.

1   materially incomplete for purposes of resolving damages issues after September 28, 2011.

2   Rimini has never produced a complete list of customers that it acquired after the close of fact

3   discovery, despite Oracle's requests. *Id.* ¶¶ 3–4 & Ex. A (September 16, 2014 letter asking

4   Rimini to identify or provide a full customer list, to which Rimini never responded).  For

5   purposes of assessing damages for additional lost customers, Oracle also lacks updated versions

6   of data on which Ms. Dean relied in preparing her report, including:  (1) a full set of Rimini

7   Street's audited financial statements; (2) communications with investors and/or potential

8   investors; (3) third-party valuations; (4) planning documents and projections of customer

9   revenues and profits; and (5) documents from relevant document custodians, including

10  communications with customers.  *Id.* ¶ 4.  Rimini also has not produced copies of derivative

11  works that Rimini created from Oracle's software.  *Id.*

12          Concerned about inadequate supplemental document production following the discovery

13  cutoff, Oracle asked Judge Leen either to permit Oracle to update discovery, or to allow the case

14  to be tried as it existed at the close of discovery in 2011.  At the hearing, the Court asked Oracle

15  about "damages between the close of fact discovery and [February 13, 2014]."  Mot. Hr'g. Tr.

16  7:21–8:6, Oct. 9, 2014.  In response, Oracle expressed a preference for keeping its long-awaited

17  trial date and, in order to preserve that date, offered "not to seek damages *in this case* for the

18  period on or after the District Court's February 13, 2014 order."  Dkt. 515 at 3 (emphasis added).

19  Oracle specifically reserved the right to seek damages in a second case. Dkt. 488 at 8

20  (subsequent damages "would be sought in a separate lawsuit").  Regarding the time period

21  between December 2012 (the end of Ms. Dean's damages calculations) and February 13, 2014,

22  Oracle explained that, "if those two years" are "what's really driving this, like if Oracle were to

23  [be] ask[ed], You can either go to trial now or we can have another extensive period of discovery

24  and delay your trial, I think it might choose just to push 2012 off into the next case too.  Our

25  interest is in trying to get this thing through."  Hr'g. Tr. 9:8–24, Oct. 9, 2014.  Rimini was given

26  an opportunity to respond, but did not address the 2012–2014 period.  After considering the

27  issue, Judge Leen held that there was "not a basis to reopen discovery," noted Oracle's offer not

28  to seek damages on or after February 13, 2014, and stated the Court would "hold Oracle to that

1    offer." *Id.* at 25:12–22.  Rimini neither appealed nor sought reconsideration of this ruling.

2         Six days later, on October 15, 2014, Rimini (not Oracle) filed the second case, *Rimini II,*

3    as a declaratory judgment action.  Dkt. 534 (notice of related case).  A few weeks later, on

4    November 21, 2014, the parties filed their Joint Pretrial Order in *Rimini I*, including pretrial

5    disclosures.  Dkt. 523.  On January 12, 2015, the Court set a trial date of September 14, 2015.

6    Dkt. 528.  On February 17, 2015, Oracle asserted counterclaims in *Rimini II* seeking damages

7    caused by Rimini's conduct, and stemming from customers gained, after the close of fact

8    discovery in *Rimini I*.  *Rimini II*, Dkt. 21.

9                                                    **ARGUMENT**

10
11   **I.     Oracle Does Not Seek Damages in *Rimini I* for Post-Discovery Customers or
             Conduct.**

12        Rimini argues that Oracle should be "precluded from asserting any damages claims at trial

13   that extend beyond the damages theories set forth in Oracle's expert damages report."  Motion

14   at 7.  To the extent that Rimini is requesting the Court exclude post-discovery customers (*i.e.*,

15   new customers not on Rimini's September 28, 2011 list) and conduct, this is a non-issue.  Judge

16   Leen has already ruled that the case "will remain as it was put in at the close of discovery, not

17   thereafter."  Dkt. 515 at 3.  Consistent with Judge Leen's Order, Oracle intends to seek at trial in

18   *Rimini I* only damages based on customers and conduct that were the subject of fact discovery in

19   *Rimini I*.

20        By this filing, Oracle requests leave to update its expert report based on the current

21   discovery record for customers named in its current damages report solely to account for the

22   passage of time.  Such an update would not "assert[] any damages claims at trial that extend

23   beyond the damages theories," Motion at 7, in the original report; instead, it would simply extend

24   the same opinions and analysis from December 2012 to February 13, 2014.  The report would

25   also be updated to account for any customers who returned to Oracle, reducing the damages.

26   Oracle has proposed a supplementation schedule to Rimini, including offering an additional

27   deposition of Ms. Dean, and asked whether Rimini would like to update its own expert report to

28   account for the passage of time.

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE DAMAGES EVIDENCE

1    The Court possesses broad discretion to permit Oracle to update its expert report in this

2    manner.  The Federal Rules allow supplementation of expert reports until 30 days before trial

3    unless otherwise ordered by the Court.  Fed. R. Civ. P. 26(a)(3) and 26(e)(2).  The Court can

4    adjust deadlines it sets in its discretion upon a showing of good cause, Fed. R. Civ. P. 16(b)(4);

5    *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1077 (9th Cir. 2005), and even a late report is permitted if

6    any delay was harmless or substantially justified.  Fed. R. Civ. P. 37(c)(1).  Here, there is good

7    cause under Rule 16 to allow Oracle to update Ms. Dean's report for the purpose of accounting

8    for the passage of time since the previous report.  *E.g., Semtech Corp. v. Royal Ins. Co. of Am.*,

9    No. CV 03-2460-GAF PJWX, 2005 WL 6192906, at *2–3 (C.D. Cal. Sept. 8, 2005) (permitting

10   supplemental damages calculations where trial was over a month away, which gave "ample time

11   to prepare effective cross examination and consider possible witnesses to counter" the opinions);

12   *Estate of Gaither ex rel. Gaither v. D.C.*, No. CIVA 03-1458 CKK/AK, 2008 WL 5869876, at *3

13   (D.D.C. Oct. 23, 2008) (permitting report where the "current pretrial schedule will provide

14   Plaintiff with sufficient time to process and respond to Defendants' supplemental report");

15   *Greenawalt v. Sun City W. Fire Dist.*, 250 F. Supp. 2d 1200, 1206–07 (D. Ariz. 2003) (finding

16   good cause to modify a four-year-old scheduling order where no additional discovery was

17   required).  Good cause exists here because (1) Oracle diligently relied on Judge Leen's October

18   9, 2014 order; (2) the amount at stake is significant – a full fourteen months' damages

19   attributable to customers who have been in the case all along; (3) allowing Ms. Dean to update

20   her report will not prejudice Rimini, as Oracle will make her available for deposition regarding

21   the updated report; and (4) permitting Ms. Dean to supplement her report in this manner should

22   not jeopardize the September 14 trial date.  If the Court concludes otherwise, then Oracle

23   respectfully requests the Court maintain the current trial date and permit Oracle to seek this

24   category of damages in *Rimini II*.  Oracle has consistently sought to protect the long-awaited trial

25   date and does not want to place that date in jeopardy.

26   **II.    Oracle Is Not Barred from Seeking Post-Discovery Damages in *Rimini II*.**

27        Rimini claims that Oracle should be "barred from appending pre-February 2014 damage

28   claims to their counterclaims in *Rimini II*," arguing that post-discovery damages claims amount

1    to "claim-splitting."  Motion at 7, 11.  Rimini bears the burden of showing that Oracle's pre-

2    February 2014 damages should be dismissed based on an assertion of claim-splitting.  *Unicolors,*

3    *Inc. v. Macy's, Inc.*, No. CV 14-08611-RGK SSX, 2015 WL 1020101, at *2 (C.D. Cal. Mar. 6,

4    2015) (citing *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008)) ("The burden of establishing

5    improper claim splitting is on the moving party").  The Ninth Circuit has held that the claim-

6    splitting doctrine "borrow[s] from" principles of claim preclusion.  *Adams v. California Dep't of*

7    *Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007), *overruled on other grounds by Taylor*, 553

8    U.S. at 904 (2008).  The doctrine only applies when "the causes of action and relief sought, as

9    well as the parties or privies to the action, are the same."  *Adams*, 487 F.3d. at 689.

10          To determine whether claims are duplicative under the claim-splitting doctrine, courts use

11   the "the transaction test, developed in the context of claim preclusion."  *Id.*  As Rimini concedes,

12   the Court looks at four factors, whether:  (1) rights or interests established in the prior judgment

13   would be destroyed or impaired by prosecution of the second action; (2) substantially the same

14   evidence is presented in the two actions; (3) the two suits involve infringement of the same right;

15   and (4) the two suits arise out of the same transactional nucleus of facts.  *Id.*  The last factor is

16   the most important.  *Id.*

17          In applying these factors, courts do not consider conduct to be duplicative if it "occurred

18   in a different time period" and is "at least 10 percent different from the facts alleged."  *Harkins*

19   *Amusement Enters., Inc. v. Harry Nace Co.*, 890 F.2d 181, 183 (9th Cir. 1989).  "When

20   considering whether a prior action involved the same 'nucleus of facts' for preclusion purposes,

21   [a court] must narrowly construe the scope of that earlier action."  *Cook v. C.R. England, Inc.*,

22   No. CV 12-3515-GW CWX, 2012 WL 2373258, at *5 (C.D. Cal. June 21, 2012) (quoting

23   *Central Delta Water Agency v. United States*, 306 F.3d 938, 953 (9th Cir. 2002)).  Courts also

24   look to see whether the plaintiff had a "full and fair opportunity" to litigate the claims in the first

25   action.  *Atchley v. Pepperidge Farm, Inc.*, No. CV-07-0277-FVS, 2008 WL 5377770, at *3 (E.D.

26   Wash. Dec. 22, 2008).

27

28

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE DAMAGES EVIDENCE

1

2

3

      **A.**      **Trying Post-Discovery Customers and Conduct in *Rimini II* Is Not Claim-Splitting.**

4

      *Rimini I* and *Rimini II* do not present the same "causes of action and relief sought" under

the four factors laid out in *Adams*.

5

6

      ***Different time period***.  The Ninth Circuit in *Adams* signaled it would be an abuse of

7

discretion to dismiss claims in a second suit if they are "based on events occurring subsequent to

the filing of [the plaintiff's] complaint in the first action[.]"  487 F.3d at 693 (citing *Curtis v.*

8

*Citibank, N.A.*, 226 F.3d 133, 139–40 (2d Cir. 2000)).  The complaint at the time it is filed—not

9

later conduct—defines the scope of the litigation.  In *Los Angeles Branch NAACP v. Los Angeles*

10

*Unified Sch. Dist.*, 750 F.2d 731 (9th Cir. 1984), the Ninth Circuit held that, where a defendant

11

engages in actionable conduct after a lawsuit is commenced, no principle of claim preclusion

12

bars a later suit on that subsequent conduct.  "The crucial date is the date the complaint was filed.

13

The plaintiff has no continuing obligation to file amendments to the complaint to stay abreast of

14

subsequent events; plaintiff may simply bring a later suit on those later-arising claims."  *Atchley*,

15

2008 WL 5377770, at *3 (citing *Los Angeles Branch NAACP*, 750 F.2d at 739 and *Curtis*, 226

16

F.3d at 139).  This principle comports with basic principles of claim preclusion/*res judicata*: if

17

the events overlapped in time, the plaintiff would have had a "full and fair opportunity to litigate

18

her claims in the first action."  *Id.*  Without that overlap, no such opportunity existed.[4]

19

      For example, in *Atchley*, the court rejected an attempt to preclude claims based on events

20

21

---

[4] Rimini's reliance on *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052 (S.D. Cal. 2007), is misplaced.  In that case, the defendant alleged patent infringement of the exact same product in different time periods; an identical factual analysis applied to determine liability in both cases.  *See id.* at 1062–63.  Here, by contrast, the activities that underpin a finding of infringement will depend on, among other things, what the customer's license permits and how Rimini provided support to it, and Oracle's lost profit damages will vary depending on the details of that customer's relationship with Oracle.  Moreover, the *Single Chip* court erred when it declined to give weight to the difference in time period underpinning the actions; as the Ninth Circuit signaled, it instead would be an abuse of discretion to dismiss claims in a second suit if they are "based on events occurring subsequent to the filing of [the plaintiff's] complaint in the first action[.]"  *Adams*, 487 F.3d at 693; *see also Cordis*, 635 F. Supp. 2d at 368–69 (declining to follow *Single Chip* on this ground; finding no claim preclusion for patent infringement of exactly the same product where "the only difference between the allegations is the time period of the alleged infringement").

22

23

24

25

26

27

28

1  after the filing of the first complaint, concluding that the claims involved "different factual

2  contentions and do not arise out of a common nucleus of facts."  2008 WL 5377770, at *4.

3  "While claim preclusion bars relitigation of the events underlying a previous judgment, it does

4  not preclude litigation of events arising after the filing of the complaint that formed the basis of

5  the first lawsuit."  *Id.* at *3 (citing *SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1464 (2d Cir.

6  1996)); *accord Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) ("Thus, as a

7  matter of logic, when the second action concerns a transaction occurring after the

8  commencement of the prior litigation, claim preclusion generally does not come into play").

9      ***Different customers.***  Oracle seeks relief in *Rimini II* for new customers that are not at

10  issue in *Rimini I*.  Oracle's current expert report in *Rimini I* estimates damages ██████████

11  █████████████████████████████████████████████████████████████

12  █████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████

14  ███████████████████████████

15      In addition, Oracle seeks lost profits, which are calculated based on the actual and

16  expected revenues for each particular customer.  Rimini has asserted a license defense, which is

17  also particular to each individual customer.  Thus, there can be no claim that damages are

18  duplicative if they are based on lost profits particular to each customer.

19      Further, establishing cross-use—that is, exceeding the scope of a customer's license by

20  using one customer's environment to create updates for another customer[5]—requires

21  investigation into customer-specific environments and usage.  That *Rimini II* and *Rimini I*

22  concern different customers is again sufficient, standing alone, to demonstrate that *Rimini II* is

23  "at least 10 percent different from the facts alleged" in *Rimini I* and therefore not duplicative.

24  *Harkins,* 890 F.2d at 183 (rejecting preclusion where facts were "at least 10 percent different"

25  and "occurred in a different time period").

26  _____

27  [5] Order, February 13, 2014, Dkt. 474 at 11 ("the undisputed evidence establishes that these
development environments were used to develop and test software updates for the City of Flint
28  and other Rimini customers with similar software licenses").

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE DAMAGES EVIDENCE

1      ***Different copies; different rights.***  Copyright infringement is a continuing tort; "[e]ach

2      time an infringing work is reproduced or distributed, the infringer commits a new wrong."

3      *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014); *see also Eisenman Chem.*

4      *Co. v. NL Indus., Inc.*, 595 F. Supp. 141, 146 (D. Nev. 1984).  Because each new act of

5      infringement is a distinct tort, the "same right" is not involved, and the third *Adams* factor is not

6      met.  *Cordis Corp. v. Boston Scientific Corp.*, 635 F. Supp. 2d 361, 370 (D. Del. 2009) ("patent

7      infringement [is] a continuing tort, whereby each act gives rise to a separate cause of action," and

8      thus claim preclusion did not apply to block a new patent-infringement suit on the same product

9      infringed in different time periods).

10      ***No prejudice or gamesmanship.***  The first *Adams* factor requires the moving party to

11      show what "rights or interests established" in a first judgment would be "destroyed or impaired"

12      by prosecution of a second action.  *Adams*, 487 F.3d at 689.  Because there will be no duplication

13      of effort, damages, or a substantial amount of evidence, and the conduct at issue occurred in a

14      different time period, Rimini has not even offered an argument of prejudice.  Oracle, however,

15      would face substantial prejudice if the motion were granted as Rimini is seeking an order barring

16      Oracle from ever asserting tens of millions of dollars in damages claims without a ruling on the

17      merits.

18      Unlike the cases upon which Rimini relies, *Single Chip* and *Ferring B.V. v. Actavis, Inc.*,

19      No. 3:13-CV-00477-RCJ, 2014 WL 3697260, (D. Nev. July 23, 2014), there is no suggestion

20      here that Oracle has engaged in "gamesmanship," *Ferring*, 2014 WL 3697260, at *5, or an "end-

21      run around this Court's order denying [leave to amend]," *Single Chip*, 495 F. Supp. 2d at 1057.

22      In limiting its damages claims in *Rimini I*, Oracle is *complying with* Judge Leen's directive that

23      "the case will remain as it was put in at the close of discovery, not thereafter."  Dkt. 515 at 3.

24      Further, Rimini, not Oracle, filed the second case, and Oracle simply asserted its available and

25      compulsory counterclaims.  Rimini can cite no case in which a litigant was precluded from

26      asserting claims in these circumstances.

27      **B.      Judge Leen Already Ordered That *Rimini I* Is Limited in Scope.**

28      Rimini's motion attempts to relitigate an issue it has already lost, and is, in effect, an

1   improper and time-barred appeal from Judge Leen's Order.  The Court has already established a

2   clear dividing line between the two cases: the close of discovery in *Rimini I.  Dodd v. Hood*

3   *River County*, 59 F.3d 852, 862 (9th Cir. 1995).

4        Judge Leen has ordered that *Rimini I* would be tried "as it was put in at the close of

5   discovery, not thereafter."  Dkt. 515 at 3.  By limiting the scope of discovery and trial in

6   *Rimini I*, Judge Leen "reserve[d] plaintiff['s] right to file such a claim in a subsequent action."

7   *Negrete v. Allianz Life Ins. Co. of N. Am.*, No. CV 05-6838 CAS MANX, 2011 WL 2909246, at

8   *6 (C.D. Cal. July 18, 2011) (reserving statutory claim for subsequent action by omitting

9   decision on that claim).  Rimini did not object to Judge Leen's order, waiving its right to

10  challenge that decision. Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the

11  order within 14 days after being served with a copy.  A party may not assign as error a defect in

12  the order not timely objected to."); Local Rule § IB 3-1; *see, e.g.*, *Bell v. Salazar*, No. 2:12-CV-

13  01414-TLN, 2013 WL 2665208, at *1 (E.D. Cal. June 12, 2013) (holding that a party waived its

14  right to challenge the Magistrate Judge's order when objections were untimely under

15  Rule 72(a)); *Evans v. Alliedbarton Sec. Servs., LLP*, No. C 08-4993 MMC, 2009 WL 5218010,

16  at *4 (N.D. Cal. Dec. 31, 2009) *aff'd*, 447 F. App'x 838 (9th Cir. 2011) (same).  Instead, days

17  later, Rimini filed *Rimini II*.

18       The portion of Rimini's motion that seeks to bar Oracle from seeking any damages for

19  Rimini's conduct between December 2012 and February 2014 is an untimely and improper

20  attempt to appeal the dividing line that Judge Leen established between *Rimini I* and *Rimini II*.

21  The portion of the motion that seeks to consolidate these cases also is an improper appeal of

22  Judge Leen's decision, made more than eight months ago, that Rimini's "new process" is not

23  part of the *Rimini I* case.  After choosing not to appeal that ruling in October, Rimini cannot now

24  argue that the cases must either be consolidated (inserting the very same "new process" issues

25  Judge Leen found are not part of *Rimini I*) or Oracle must be barred in *Rimini II* from seeking

26  damages that were never part of *Rimini I*.

27       Judge Leen's Order is consistent with the rulings of other courts, which commonly

28  require claims to be brought in a subsequent case if it will help move the first case to trial more

1    efficiently.  In *Venuto v. Witco Corp.*, 117 F.3d 754 (3d Cir. 1997), for example, the Third

2    Circuit held that the lower-court's "decision to exclude a claim 'without prejudice' preserve[d]

3    the claim for a second action." *Id.* at 759 (collecting other circuit cases).  The appeals court

4    affirmed, finding that "[Magistrate] Judge Simandle appropriately exercised his discretion to

5    permit [plaintiff] Venuto to file a second action." *Id.* at 760.  Similarly, in *Negrete*, 2011 WL

6    2909246, the court denied plaintiffs' request to amend their complaint and instead "reserve[d]

7    plaintiffs' right to file such a claim in a subsequent action." *Id.* at *6.  And in *Berglee v. First

8    *Nat. Bank, Brookings, S. Dakota*, 159 F.3d 342, 344 (8th Cir. 1998), the court found that new

9    claims were not barred by *res judicata* because the district court did not give the plaintiff "leave

10   to expand the issues" at trial.

11           C.       **The Court May Exercise Its Discretion to Permit Oracle to Seek Post-**
                      **Discovery Damages in *Rimini II*.**
12

13          Where claim-splitting does apply, the Ninth Circuit has held that a trial court applies

14   principles of claim-splitting as an "exercise [of] its discretion" "[a]fter weighing the equities of

15   the case[.]" *Adams,* 487 F.3d at 688; *accord Rodriguez v. Taco Bell Corp.*, No. 1:13-CV-01498-

16   SAB, 2013 WL 5877788, at *3 (E.D. Cal. Oct. 30, 2013) ("The Court's decision to dismiss or

17   stay an action under the claim-splitting doctrine is discretionary").  Managing claim-splitting

18   issues is "part of district court's 'general power to administer its docket.'" *Hartsel Springs*

19   *Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002) (quoting *Curtis*,

20   226 F.3d at 138).

21          Judge Leen's decision to impose a clear dividing line between the cases at the end of fact

22   discovery comports with the facts, the law, and sound judicial management.  To have done

23   otherwise would have risked a never-ending cycle of amendment of pleadings and expert reports,

24   resulting in an ever-further trial date. *See Los Angeles Branch NAACP v. Los Angeles Unified*

25   *Sch. Dist.*, 750 F.2d 731, 739 n.9 (9th Cir. 1984) ("We decline to impose a potentially

26   unworkable requirement that every claim arising prior to entry of a final decree must be brought

27   into the pending litigation or lost").

28          In exercising the Court's discretion, Oracle also submits that the Court should take into

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE DAMAGES EVIDENCE

1    account whether Oracle had a "full and fair opportunity to litigate" damages post-dating the close

2    of discovery.  *Atchley*, 2008 WL 5377770, at *3 (citing *Adams*, 487 F.3d at 693).  Here, Oracle

3    has not had this opportunity.  Oracle cannot update its expert reports without discovery

4    concerning Rimini's post-discovery customers and conduct, let alone put on a case at trial.

5    Without the necessary discovery, Oracle has not had a "full and fair" opportunity to litigate its

6    post-cutoff damages and should be allowed to assert them in the second case.  *See Atchley*, 2008

7    WL 5377770, at *3; *see also Adams*, 487 F.3d at 693.

8    **III.      Consolidation Would Create Unfair Delay in Trying a Case Filed in 2010.**

9               Rimini's "alternative" request to consolidate *Rimini I* and *Rimini II* may be the real

10   reason for its motion, as it would allow Rimini to continue its infringing behavior for years.

11              Consolidation requests are within the Court's discretion. Fed. R. Civ. P. 42(a); *U.S.*

12   *Rubber Recycling, Inc. v. Encore Int'l, Inc.*, No. CV 09-09516 SJO OPX, 2011 WL 311014, at

13   *13 (C.D. Cal. Jan. 7, 2011).  In exercising this discretion, the Court "weighs the saving of time

14   and effort consolidation would produce against any inconvenience, delay, or expense that it

15   would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).  It is Rimini's burden

16   to demonstrate that consolidation should be granted.  *Idaho Wool Growers Assoc. v. Schafer*, No.

17   CV-08-394-S-BLW, 2009 WL 73738, at *1 (D. Idaho Jan. 8, 2009); *accord Balivi Chem. Corp.*

18   *v. JMC Ventilation Refrigeration, LLC*, No. CV-07-353-S-BLW, 2008 WL 131028, at *1 (D.

19   Idaho Jan. 10, 2008).

20              In this case, consolidation would delay trial.  Consolidation would introduce into *Rimini I*

21   issues about additional customers taken by Rimini from Oracle.  Consolidation would also

22   require consideration of Rimini's new "remote" support process and a determination of liability

23   as to that process.[6]  Motion at 12, n.6.  Moreover, injecting this new *liability* issue into *Rimini I*

24   for a more recent time period would increase the complexity of the issues in the case and require

25   extensive additional discovery, relating to (1) whether that process infringes Oracle's copyrights,

26   and (2) calculation of damages for a wide array of new customers that were not subject to

27

---

28   [6] As noted above, Judge Leen ruled in October 2014 that this issue is not part of *Rimini I*.

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE DAMAGES EVIDENCE

1  discovery in *Rimini I*.  The parties agreed that *Rimini II* would not be ready for pretrial

2  disclosures until the end of 2016, *Rimini II*, Dkt. 48 at 16, and if history is any guide it could take

3  substantially longer.  If the cases were consolidated, *Rimini I*—filed in January 2010—would

4  take at least *seven years* to get to trial, and in the interim Rimini would continue to poach

5  Oracle's customers despite rulings from this Court that Rimini's practices are unlawful.

6       The prejudice from delaying an imminent trial alone is clear grounds to deny

7  consolidation.  For example, in *Glass v. Intel Corp.*, No. CV 06-671-PHX-MHM, 2007 WL

8  2265663 (D. Ariz. Aug. 6, 2007), the court held that it was inappropriate to delay trial in the

9  first-filed case by consolidating it with a later-filed declaratory-judgment action involving the

10  same parties.  The court recognized that commonality between the cases existed, but denied the

11  motion to consolidate "due to the varying stages the two cases are in."  *Id.* at *5; *see also Mills v.*

12  *Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989) (finding no abuse of discretion in

13  denial of a motion to consolidate cases that had been filed two years apart, even though similar

14  questions of fact and law were presented, because "[c]onsolidation may properly be denied in

15  instances where the cases are at different stages of preparedness for trial"); *KGK Jewelry LLC v.*

16  *ESDNetwork*, No. 11CV9236-LTS-RLE, 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014)

17  (rejecting consolidation when it would delay a trial-ready case).

18                                    **CONCLUSION**

19       For all the reasons described above, Rimini's motion should be denied, and the Court

20  should grant the parties leave to update their damages expert reports to account for the passage of

21  time.

22  DATED:  June 16, 2015                    BOIES SCHILLER & FLEXNER LLP

23

24

25                              By: /s/ Kieran P. Ringgenberg
                                    Kieran P. Ringgenberg
26                                  Attorneys for Plaintiffs
                                    Oracle USA, Inc., Oracle America, Inc.,
27                                  and Oracle International Corp.

28

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE DAMAGES EVIDENCE

1    **APPENDIX A**:  **TIMELINE**

2

3    **January 25, 2010:** Oracle files its initial complaint in *Rimini I*
     (Dkt. 1)
4
     **April 2010:** Fact discovery opens
5
     **June 1, 2011:** Oracle files its latest amended complaint in *Rimini I*
6    (Dkt. 146)

7    **September 28, 2011:** Last customer list Rimini produced before
     close of discovery in *Rimini I*; ███████████████████████
8    ████████████

9    **December 19, 2011:** Fact discovery closes (Dkt. 161, 212)

10   **March 30, 2012:** Oracle files its first motion for partial summary
     judgment (Dkt. 237)

11   **June 15, 2012:** Expert discovery closes (Dkt. 258)

12   ┌─────────────────┐
     │ Period for which │    **September 14, 2012:** Oracle files its second motion for partial
     │ Rimini asks     │    summary judgment (Dkt. 405)
13   │ Oracle to forfeit│
     │ damages         │    **December 31, 2012:** End of period in Oracle's expert's damages
     └─────────────────┘    report for which damages for customers lost as of September 2011
14                          are carried forward, based on the assumption that trial in *Rimini I*
                            would occur on or about that date (Motion, Ex. M, ¶ 89 and
15                          Schedule 16)

16

17

18   **February 13, 2014:** Court grants in part Oracle's first motion for
     partial summary judgment (Dkt. 474)
19

20   **August 13, 2014:** Court grants Oracle's second motion for partial
     summary judgment (Dkt. 476)
21
     **October 9, 2014:** Magistrate Judge Leen orders that the record in
22   *Rimini I* shall "remain[] as it was put in at the close of discovery."
     (Hr'g. Tr., Oct. 9, 2014; Dkt. 515)
23
     **October 15, 2014:** Rimini files a declaratory-judgment action,
24   *Rimini II*, Case No. 2014-cv-1699 (*see* Dkt. 534)

25   **November 21, 2014:** Parties submit Joint Pretrial Order (Dkt. 523)

26   **January 12, 2015:** Court sets trial date.  (Dkt. 528)

27   **September 14, 2015:** Trial date in *Rimini I*

28

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE DAMAGES EVIDENCE

| | |
|---|---|
| 1 | <div align="center">**CERTIFICATE OF SERVICE**</div> |
| 2 | I hereby certify that on the 16th day of June, 2015, I electronically transmitted the |
| 3 | foregoing **ORACLE'S OPPOSITION TO DEFENDANTS RIMINI STREET INC.'S AND** |
| 4 | **SETH RAVIN'S MOTION TO PRECLUDE CERTAIN DAMAGES EVIDENCE** |
| 5 | **PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(E) AND 37(C), OR, IN** |
| 6 | **THE ALTERNATIVE, TO CONSOLIDATE** to the Clerk's Office using the CM/ECF System |
| 7 | for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel |
| 8 | being registered to receive Electronic Filing. |
| 9 | |
| 10 | /s/ Catherine Duong |
| 11 | An employee of Boies, Schiller & Flexner LLP |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |