UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**STIPULATION AND ORDER REGARDING PEOPLESOFT LICENSE AGREEMENTS & EXPRESS LICENSE DEFENSE** |

Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. (collectively, "Oracle" or "Plaintiffs") and Defendants Rimini Street, Inc. ("Rimini Street") and Seth Ravin ("Ravin") (together, "Rimini" or "Defendants"; together with Oracle, the "Parties") jointly STIPULATE, through their respective counsel of record, as follows:

**I.   PEOPLESOFT LICENSE AGREEMENTS**

1. For purposes of this action, the Parties agree and stipulate that the PeopleSoft license agreements for all of Rimini's PeopleSoft customers have identical or similar language to the PeopleSoft license agreements for City of Flint (Oracle Trial Ex. 698) and School District of Pittsburg (Oracle Trial Ex. 699) construed by the Court in its February 13, 2014 order (Dkt. # 474).

2. For purposes of this action, the Parties agree and stipulate that the PeopleSoft license agreements for all of Rimini's PeopleSoft customers shall be governed by the license construction provided by the Court in its February 13, 2014 order (Dkt. # 474).

**II.   RIMINI'S EXPRESS LICENSE DEFENSE AS TO PEOPLESOFT SOFTWARE**

3. For purposes of this action, and without waiving any right to challenge or appeal the Court's prior decisions, Rimini will not pursue an affirmative defense of express license at trial for Rimini's past copying of PeopleSoft software because the common provisions in the PeopleSoft license agreements for Rimini's customers effectively preclude Rimini from

advancing an affirmative express license as to such past copying. Specifically, Rimini will not dispute that no PeopleSoft license agreement authorized Rimini to create copies of Oracle's PeopleSoft-branded software on Rimini's systems. (Dkt. # 474 at 11–13, 18–19). Further, Rimini will not dispute that the license agreement of any particular customer did not authorize Rimini to copy Oracle's PeopleSoft-branded software on behalf of any other customer. (Dkt. # 474 at 13).[1]

    4.    By declining to pursue an affirmative defense of express license at trial for Rimini's past copying as to PeopleSoft software, Rimini does not waive any right to challenge or appeal the Court's decisions, and all such rights are expressly reserved. Oracle similarly does not waive any right to challenge or appeal the Court's decisions, and all such rights are expressly reserved.

    5.    Nothing in the foregoing shall serve to preclude either party from offering evidence regarding the PeopleSoft license agreements, subject to the Court's rulings, motions in limine, anticipated *Daubert* motions and other pretrial issues.

    6.    Nothing in the foregoing shall preclude Rimini from pursuing license defenses for other acts of alleged infringement, including Oracle's infringement claims based on Rimini's copying of J.D. Edwards software and documentation; Oracle's infringement claims based on Rimini's copying of Siebel software and documentation; and Oracle's infringement claims based on Rimini's copying of documentation for PeopleSoft.

---

[1] The parties dispute additional constructions of the relevant license agreements. In addition, Rimini disputes further aspects of the Court's license analysis not directly addressed by this stipulation, including (by way of example and not limitation) the Court's conclusion that Rimini agreed it is a "designate" under the relevant PeopleSoft licenses. (Dkt. # 474 at 18, fn 16). As a result, the parties do not intend this stipulation to address all relevant license constructions, and they reserve the right to raise remaining disputes with the Court and/or on appeal.

1 **SO STIPULATED AND AGREED.**

2 Dated: April 6, 2015

| SHOOK, HARDY & BACON LLP | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|
| By:  /s/ Robert H. Reckers<br>Robert H. Reckers<br>Attorneys for Defendants<br>Rimini Street, Inc. and<br>Seth Ravin | By:  /s/ Thomas S. Hixson<br>Thomas S. Hixson<br>Attorneys for Plaintiffs<br>Oracle USA, Inc.,<br>Oracle America, Inc. and<br>Oracle International Corporation |

**ATTESTATION OF FILER**

The signatories to this document are Robert Reckers and me, and I have obtained Mr. Reckers's concurrence to file this document on his behalf.

Dated:  April 6, 2015

MORGAN, LEWIS & BOCKIUS LLP

By:  /s/ Thomas S. Hixson
Thomas S. Hixson
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation

**IT IS SO ORDERED.**

DATED this 18th day of June, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE