| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>5301 Wisconsin Ave, NW<br>Washington, DC 20015<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA  94105<br>Telephone:  415.442.1000<br>Facsimile:  415.442.1001<br>thomas.hixson@morganlewis.com<br>kristen.palumbo@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:  650.506.4846<br>Facsimile:  650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>            Plaintiffs,<br>     v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>            Defendants. | Case No  2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF ELIZABETH A. DEAN AND EXHIBITS TO THE DECLARATION OF NITIN JINDAL** |

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, Dkt. 55 ("Protective Order"), Local Rules 10-5(b) and 16.1-4, and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") respectfully request that the Court grant leave to file under seal certain portions of Oracle's Opposition To Defendants' Motion To Exclude Expert Testimony Of Elizabeth A. Dean (Oracle's "Opposition") and Exhibits A, C, E, F, G, H, I, J, L, M, N, P, and T of the Declaration of Nitin Jindal in support of the same (the "Jindal Declaration"). These portions of Oracle's motion and supporting documents reflect information that Rimini Street, Inc. ("Rimini") has designated "Confidential" or "Highly Confidential - Attorneys' Eyes only" under the Protective Order. Public, redacted versions of Oracle's Opposition and the Jindal Declaration were filed on June 22, 2015, *see* Dkt. 600-601, and an unredacted version of each was subsequently filed under seal with the Court, *see* Dkt. 602-603.

The Protective Order states, "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' under the terms of this Protective Order *only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).* The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." Protective Order ¶ 2 (emphasis supplied).

## DOCUMENTS DESIGNATED BY RIMINI AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Rimini has designated the following documents cited or referred to in Oracle's Opposition as Confidential ("C") or Highly Confidential - Attorneys' Only ("HC") under the Protective Order:

| Ex. | Description | Designation |
|---|---|---|
| A | January 17, 2012 Expert Report of Elizabeth A. Dean | HC |
| C | Schedule 9 to the Expert Report of Elizabeth A. Dean | HC |
| E | March 30, 2012 Expert Report of Scott D. Hampton | HC |
| F | May 23, 2012 Deposition of Elizabeth A. Dean | C |
| G | Exhibit 5 to the May 23, 2012 Deposition of Elizabeth A. Dean | HC |
| H | Plaintiffs' Trial Exhibit 11 | HC |
| I | Plaintiffs' Trial Exhibit 60 | HC |
| J | Plaintiffs' Trial Exhibit 740 | HC |
| L | Plaintiffs' Trial Exhibit 795 | HC |
| M | July 21, 2011 Deposition of Michael Davichick | C |
| N | January 5, 2012 Deposition of Kevin Maddock | HC |
| P | November 28, 2011 Deposition of Cort Swanson | HC |
| T | November 17, 2011 Deposition of Stephen Woodward | C |

Oracle submits these documents under seal pursuant to the Protective Order based on Rimini's representation that it reasonably believes there is a valid basis under the Protective Order for its confidentiality designations. However, because the foregoing documents have been designated by Rimini, Oracle is not in the position to provide further justification for why filing them publicly would cause Rimini harm sufficient to show good cause.

Oracle has submitted all other portions of Oracle's Opposition and supporting papers to the Court's public files, which would allow public access to all materials except for the items discussed above. Accordingly, the request to seal is narrowly tailored. For the foregoing reasons, Oracle respectfully requests that the Court grants leave to file the documents discussed above under seal.

DATED: June 22, 2015                    MORGAN, LEWIS & BOCKIUS LLP


By: _____/s/ Thomas S. Hixson_____
Thomas S. Hixson
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc.,
and Oracle International Corp.

3

MOTION TO SEAL RE OPPOSITION TO MOTION TO EXCLUDE
EXPERT TESTIMONY OF ELIZABETH A. DEAN