BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM ISAACSON (pro hac vice)
KAREN DUNN (pro hac vice)
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (pro hac vice)
KIERAN P. RINGGENBERG (pro hac vice)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
kringgenberg@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (pro hac vice)
KRISTEN A. PALUMBO (pro hac vice)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:  415.442.1000
Facsimile:  415.442.1001
thomas.hixson@morganlewis.com
kristen.palumbo@morganlewis.com

DORIAN DALEY (pro hac vice)
DEBORAH K. MILLER (pro hac vice)
JAMES C. MAROULIS (pro hac vice)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>   Plaintiffs,<br>  v.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>   Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.**<br><br>*PUBLIC REDACTED VERSION* |

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION .................................................................................................. 1

II. FACTUAL BACKGROUND .............................................................................. 2

    A. Mr. Ravin Created TomorrowNow's Support Model ................................. 2

    B. Mr. Ravin Carried Over the TomorrowNow Support Model to Rimini ............... 3

    C. Mr. Ravin Attempted to Buy TomorrowNow and Acquired Its Employees, Customers and Infringing Materials .......................................................... 4

    D. After Oracle Sued TomorrowNow, Rimini Falsely Assured Its Customers That It Was Different From TomorrowNow ................................................ 4

    E. Mr. Ravin and Rimini Were Held in Contempt for Failing to Provide Discovery Related to Their Support Processes in the TomorrowNow Lawsuit ........................................................................................................ 6

    F. TomorrowNow Stipulated to Civil Liability and Pled Guilty to Criminal Copyright Infringement .............................................................................. 6

    G. Rimini Selectively Relies on and Ignores Evidence Related to TomorrowNow ............................................................................................. 7

III. ARGUMENT ...................................................................................................... 8

    A. The TomorrowNow Evidence Is Relevant to Multiple Issues in this Lawsuit ........................................................................................................ 9

        1. Tortious Interference and Unfair Competition – The TomorrowNow Evidence Is Relevant to Show That Rimini Lied to Oracle's Customers When They Questioned Rimini About TomorrowNow's Infringement ............................................................ 9

        2. Causation and Damages – The TomorrowNow Evidence Is Relevant to Show That TomorrowNow Was Not a Non-Infringing Alternative ...................................................................... 10

        3. Causation and Damages – The TomorrowNow Evidence Is Relevant to Show That Rimini Could Not Have Switched Easily or Inexpensively to a Non-Infringing Support Method ............................. 11

        4. Willful Infringement – The TomorrowNow Evidence Is Relevant to Show That Rimini Intentionally Infringed Oracle's Copyrights ......... 12

        5. Industry Practice – The TomorrowNow Evidence Is Relevant to Show That Rimini's Support Methods Are Not Standard Industry Practice ..................................................................................................... 13

        6. The TomorrowNow Evidence Refutes Rimini's False Allegations Concerning Oracle's Behavior ............................................................... 14

        7. The TomorrowNow Evidence Refutes Rimini's Claim That It Was Transparent in Its Conduct and Sought Oracle's Guidance ................... 14

        8. Rimini's Argument That the TomorrowNow Evidence Is Irrelevant Is Baseless ............................................................................................. 15

    B. The TomorrowNow Evidence Should Not Be Excluded Under Rule 403 .......... 15

IV. CONCLUSION .................................................................................................... 19

i

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. City of Los Angeles*,
No. CV 10-4695 CAS RCX, 2012 WL 1641712 (C.D. Cal. May 7, 2012)............................ 17

*Baxter Health Care Corp. v. Spectramed Inc.*,
No. SA CV 89-131 ......................................................................................................... 17

*Cargill Inc. v. Progressive Dairy Solutions, Inc.*,
362 F. App'x 731 (9th Cir. 2010) ..................................................................................... 16

*Columbia Pictures Television v. Krypton Broad.*,
106 F.3d 284 (9th Cir. 1997), *rev'd on other grounds sub nom. Feltner v.
Columbia Pictures Television*, 523 U.S. 340, 118 S. Ct. 1279 (1998) ................................... 12

*Creswell v. HCAL Corp.*,
No. 04CV388BTMRBB, 2007 WL 628036 (S.D. Cal. Feb. 12, 2007) .................................. 16

*Guillory v. Domtar Industries*,
95 F.3d 1320 (5th Cir. 1996) ........................................................................................... 17

*Kramas v. Security Gas & Oil Inc.*,
672 F.2d 766 (9th Cir. 1982) ..................................................................................... 17, 19

*Mariscal v. McIntosh*,
No. CV 04-9087 CAS, 2006 WL 6627090 (C.D. Cal. Dec. 19, 2006).................................. 17

*Nachtsheim v. Beech Aircraft Corp.*,
847 F.2d 1261 (7th Cir. 1988).......................................................................................... 17

*Pall Corp. v. Micron Separations*,
66 F.3d 12111222 (Fed. Cir. 1995).................................................................................... 10

*Polaroid Corp. v. Eastman Kodak Co.*,
No. 76-1634-MA, 1990 WL 324105 (D. Mass. Oct. 12, 1990) *amended*, No.
CIV.A. 76-1634-MA, 1991 WL 4087 (D. Mass. Jan. 11, 1991) ........................................... 10

*ROC ASAP, L.L.C. v. Starnet Ins. Co.*,
No. CIV-12-461-D, 2014 WL 4631121 (W.D. Okla. Sept. 15, 2014).................................... 19

*Sec'y, Dep't of Labor v. Seibert*,
464 F. App'x 820 (11th Cir. 2012) .................................................................................... 16

*State Indus., Inc. v. Mor-Flo Indus., Inc.*,
883 F.2d 1573 (Fed. Cir. 1989)...................................................................................... 1, 10

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

*Tennison v. Circus Circus Enterprises*,
   244 F.3d 684 (9th Cir. 2001) ................................................................... 18

*U.S. v. Killough*,
   848 F.2d 1523 (11th Cir. 1988) ............................................................... 16

*U.S. v. Tse*,
   375 F.3d 148 (1st Cir. 2004) ................................................................... 16

*United States v. Bussell*,
   414 F.3d 1048 (9th Cir. 2005) ................................................................ 19

*United States v. Cole*,
   755 F.2d 748 (11th Cir. 1985) ................................................................ 15

*United States v. McMahon*,
   938 F.2d 1501 (1st Cir. 1991) ................................................................ 15

**Statutes**

17 U.S.C. § 504(c)(2) ..................................................................................... 12

Fed. R. Evid. 401 .................................................................................. 9, 11, 12

Fed. R. Evid. 402 ........................................................................................... 17

Fed. R. Evid. 403 ..................................................................................... 15, 16

Fed. R. Evid. 404 ..................................................................................... 15, 17

**Other Authorities**

22 C. Wright & K. Graham, Federal Practice and Procedure § 5221 (2015) .............................. 15

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

1   **I.      INTRODUCTION**

2          The Court should deny Defendants Rimini Street, Inc.'s and Seth Ravin's (together,

3   "Rimini") motion to exclude evidence concerning (1) any aspect of the lawsuit filed by Oracle

4   against SAP AG and TomorrowNow in 2007 and the subsequent appeal of that case; (2)

5   TomorrowNow's purported copyright infringement and stipulation of infringement; and (3) the

6   filing of a criminal information for copyright infringement against TomorrowNow, and the

7   subsequent plea agreement and fine (collectively the "TomorrowNow evidence").  This

8   evidence is directly relevant to several matters at issue, including legal positions Rimini asserts

9   in its defenses and trial exhibits.  The TomorrowNow evidence is relevant to Oracle's claims

10  because many of Rimini's lies to Oracle's customers are about the TomorrowNow lawsuit.

11  When Rimini was starting as a company, it sought to attract Oracle customers by claiming its

12  service was very similar to TomorrowNow's (another company that Ravin founded).  Once it

13  became clear that TomorrowNow's conduct was unlawful, Rimini changed its tune, telling

14  Oracle customers that Rimini's support model was different from TomorrowNow's, that Rimini

15  was not infringing Oracle's copyrights, and that Rimini would not end up like TomorrowNow.

16  Evidence explaining what TomorrowNow did is directly relevant to establishing these

17  misrepresentations.  It is also relevant to Oracle's tortious interference and unfair competition

18  claims, and to willful infringement (as Rimini comes close to admitting), and other issues in the

19  case.

20          The evidence of TomorrowNow's conduct also relates to Rimini's defenses and

21  evidence.  For example, Rimini and its damages expert Scott Hampton argue that Oracle did not

22  lose profits from Rimini's copyright infringement because the customers Oracle lost to Rimini

23  would have gone to some other third party support provider anyway, rather than stay with

24  Oracle.  Rimini's trial exhibits and its expert identify TomorrowNow as one of those other third

25  party support providers.  The law is clear that if the other third party support provider was *also*

26  a "likely infringer[]" of Oracle's copyrights, then it does not count as a valid alternative option

27  and Oracle "would [be] entitled to [that] share[] of the market" when calculating lost profits.

28  *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1578 (Fed. Cir. 1989).  The

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

1  TomorrowNow evidence is therefore relevant to proving that TomorrowNow was *not* a non-

2  infringing alternative.  The TomorrowNow evidence is also relevant to refuting Rimini's and its

3  expert's novel "avoided costs" measure of damages and Rimini's theories about a supposed

4  industry practice of copying and cross-use of software.  Due process requires that Oracle be

5  permitted to respond to Rimini's defenses, including expert testimony and trial exhibits, relying

6  on TomorrowNow.

7       Rimini's arguments that the danger of prejudice from the TomorrowNow evidence

8  "substantially outweighs" its probative value lack merit.  The only prejudice Rimini claims

9  arises from facts that should have been made known to customers at issue in this case when

10  misleading statements were made by Rimini.  Oracle will not argue, and the Court may instruct

11  the jury not to assume, that because Mr. Ravin was associated with TomorrowNow and

12  TomorrowNow infringed Oracle's copyrights, Mr. Ravin's new company, Rimini, must have

13  also infringed Oracle's copyrights.  Rimini's argument that admitting this evidence will result

14  in a "trial within a trial" is likewise hand waving without any support.

15  **II.     FACTUAL BACKGROUND**

16       Rimini's motion notes the barest of details of Mr. Ravin's involvement with

17  TomorrowNow and claims that, since he left the company, Mr. Ravin "has had no involvement

18  with SAP or TomorrowNow."  Mot. at 3:21-22.  In fact, the lives of Mr. Ravin, TomorrowNow,

19  and Rimini have been closely intertwined.

20       **A.     Mr. Ravin Created TomorrowNow's Support Model**

21  ████████████████████████████████████████████ Hill Decl., Ex. 13

22  (Ravin 11/18/11 Dep.) at 411:14-19; Ex. 7 at 11.  ████████████████████████

23  ████████████████████████████████████ *Id.*, Ex. 14 (Ravin

24  5/21/09 Dep.) at 19:2-22.  TomorrowNow's service offering and business model were his idea.

25  *Id.*  He "designed" them.  *Id.*, Ex. 6 at 3-4, Ex. 13 (Ravin 11/17/11 Dep.) at 64:19-65:2.  Since

26  then, Mr. Ravin has also always claimed responsibility for TomorrowNow's growth and (until it

27  was shut down after Oracle sued) success.  As he told one customer in 2007, ████████████

28  ████████████████████████████████████████████████████

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.



1  ███████████████████████████████████████ *Id.*, Ex. 25 at RSI03055712. ███

2  ████████████████████████████████████████████████████ *Id.* ██

3  ██████████████████████████████████████ *Id.*, Ex. 13 (Ravin 11/17/11 Dep.) at

4  64:19-65:2; *see also id.*, Ex. 7 at 11 (█████████████████████████████████

5  █████████████████████████████████████████████

6  ████████████████████████████████████████████████████████

7  █████████████████████████████████████████).

8     **B.    Mr. Ravin Carried Over the TomorrowNow Support Model to Rimini**

9     Mr. Ravin designed Rimini's and Tomorrow's business models to be the same.  He

10  "designed the TomorrowNow service," Hill Decl., Ex. 6 at 3-4, and Rimini's model "hasn't

11  changed much from what I put together at TomorrowNow several years ago when we were

12  launching the company."  *Id.* at 3. ████████████████████████████

13  ███████████████████████████████████ *Id.*, Ex. 7 at 11; Ex.

14  14 (Ravin 7/21/10 Dep.) at 324:18-325:7. ████████████████████████

15  ███████████ *Id.*, Ex. 14 (Ravin 5/21/09 Dep.) at 35:17-24; *see also id.* at 44:2-45:17.

16  █████████████████████████████████████████████████████

17  ██████████████ *Id.*, Ex. 14 (Ravin 7/21/10 Dep.) at 325:8-16. ████████████

18  █████████████████ *Id.*, Ex. 14 (Ravin 5/21/09 Dep.) at 315:5-14. ████████

19  █████████████████████████████████████████████████

20  ████████████████████ *Id.* at 211:8-14; *id.* Ex. 6 at 3 (Ravin:  "[w]hat we're

21  offering is on top of what they're used to, which is the vanilla offering that I actually assembled

22  – because it hasn't changed much from what I put together at TomorrowNow several years ago

23  when we were launching the company").

24  ███████████████████████████████████████████████████

25  ██████████████ *Id.*, Ex. 15 (Davichick Dep.) at 50:17-20 ████████████

26  ████████████████████████████████████████); *see also, e.g.*,

27  *id.*, Ex. 8 (███████████████████████████████████████████). ██

28  ████████████████████████████████████ *Id.*, Ex. 13 (Ravin

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

1    11/17/11 Dep.) at 202:22-204:1; Ex. 9.

2        **C.**      **Mr. Ravin Attempted to Buy TomorrowNow and Acquired Its Employees,**

3                    **Customers and Infringing Materials**

4

5

6                                                                            Hill Decl., Ex. 14

7    (Ravin 5/21/09 Dep.) at 178:4-181:4.

8

9

10                     *Id.*, Ex. 14 (Ravin 5/21/09 Dep.) at 315:5-14.[1]  George Lester and Beth

Lester (Vice President, Services Strategy), joined Rimini Street in senior positions from

11    TomorrowNow in October 2006, prior to Rimini launching its support of PeopleSoft and J.D.

12    Edwards.  *Id.*, Ex. 5.

13

14

15                                                                               *Id.*,

Ex. 15 (Davichik Dep.) at 17:2-12; Ex. 16 (Hosali Dep.) at 6:23-7:11; Ex. 17 (Slepko 12/15/11

16    Dep.) at 5:25-6:20; Ex. 18 (Williams Dep.) at 7:11-20.

17                                                                *Id.*, Ex. 14 (Ravin

18    7/21/10 Dep.) at 372:7-20.

19

20                                         *Id.*, Ex. 17 (Slepko Dep.) at 73:7-17.

21                                                                                      *Id.*,

22    Ex. 13 (Ravin 11/18/11 Dep.) at 399:7-16.

23

24        **D.**      **After Oracle Sued TomorrowNow, Rimini Falsely Assured Its Customers**

                   **That It Was Different From TomorrowNow**

25      After discovering massive theft of its intellectual property by TomorrowNow and

26    _____

[1]

27                                    Hill Decl., Ex. 14 (Ravin 7/21/2010 Dep.) at 315:23-316:3.

28

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

1   automated downloading that damaged Oracle's servers, Oracle filed its lawsuit against

2   TomorrowNow on March 22, 2007.  *Oracle USA, Inc. v. SAP AG*, N.D. Cal. Case No. 07-CV-

3   1658, Dkt. 1.  A month before, soon after it initially discovered TomorrowNow's conduct,

4   Oracle changed its website terms of use to prevent the damaging automated downloading

5   TomorrowNow had conducted.  Rimini complained to Oracle that the modified terms of use

6   prevented its own automated downloading.  Rimini's trial exhibit list contains a letter Rimini

7   sent to Oracle in June of 2007 claiming a "pattern of anti-competitive behavior" by Oracle.  Hill

8   Decl., Ex. 2 at 1.  Rimini contended that Oracle had changed its website terms of use to prohibit

9   automated downloading tools, which Rimini had been using all along.  Rimini claimed that

10  Oracle's change in its terms of use was "designed as a competitive barrier."  *Id.* at 3.



13  *Id.*, Ex. 3 at 3.

16  *Id.*, Ex. 19 (Maddock 1/5/12 Dep.) at 194:25-19

18  ; *id.* at 196:15-198:5

19  ); Ex. 26; Ex. 27

20  ).

21  *E.g., id.*, Ex. 22

22  (County of Kent Dep.) at 33:1-7

23  ).

25  *Id.*, Ex. 19 (Maddock 1/6/12 Dep.) at 115:10-118:14.

27  *Id.*, Ex. 12.

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

1

2 *Id.*, Ex. 11 at 10-12; Ex. 19

3 (Maddock 1/5/12 Dep.) at 206:13-208:10.

4     In response to customers, Rimini made false statements to convince customers that

5 Rimini was different from TomorrowNow.

6

7

8 *Id.* at 197:5-198:5.

9

10

11

12     *Id.*, Ex. 11 at 10; *see also id.*, Ex. 19 (Maddock 1/5/12 Dep.) at 207:11-208:8 (

13

14 ).  Of course, this Court explicitly found that Rimini used one

15 customer's software to support other customers.  Dkt. 474 (MSJ Order) at 13.

**E.**    **Mr. Ravin and Rimini Were Held in Contempt for Failing to Provide Discovery Related to Their Support Processes in the TomorrowNow Lawsuit**

    Oracle subpoenaed Mr. Ravin and Rimini as third parties during discovery in the TomorrowNow lawsuit, but they refused to comply.  Rimini held out as long as possible to avoid or delay Oracle's discovery of Rimini's theft of Oracle's intellectual property.  Only after this Court held Mr. Ravin and Rimini in contempt of court did Mr. Ravin agree to give testimony on Rimini's support processes.  Hill Decl., Ex. 28 (*Oracle USA, Inc. v. SAP AG*, No. 2:09-CV-01591-KJD-GWF (D. Nev. Jan. 12, 2010), Dkt. 49) at 2.

**F.**    **TomorrowNow Stipulated to Civil Liability and Pled Guilty to Criminal Copyright Infringement**

    The conduct of TomorrowNow, substantially the same as that of Rimini, provided the basis for TomorrowNow's civil and criminal liability.  As TomorrowNow admitted in its civil

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

1    case on September 28, 2010,[2] "TomorrowNow obtained Oracle Install Software through its

2    customers.  TomorrowNow thereafter made Copies of Oracle Enterprise Software using the

3    Oracle Install Software.  TomorrowNow called these Copies of software 'environments.'  Some

4    of these environments were made in order to provide service to TomorrowNow's other

5    customers."  Hill Decl., Ex. 30 (*Oracle USA, Inc. v. SAP AG*, N.D. Cal. Case No. 07-CV-1658

6    (May 21, 2009), Dkt. 907), ¶15.  "TomorrowNow made at least 6,189 Copies of Oracle's

7    PeopleSoft Software.  Each copy constituted an infringement" of Oracle's copyrights.  *Id.*, ¶ 16.

8    A jury awarded Oracle $1.3 billion in damages against TomorrowNow and its parent company,

9    SAP, for this conduct, *id.*, Ex. 31 (*Oracle USA, Inc. v. SAP AG*, N.D. Cal. Case No. 07-CV-

10   1658, Dkt. 1036), a verdict that was later reduced to hundreds of millions, *id.*, Ex. 32 (*Oracle*

11   *USA, Inc. v. SAP AG*, N.D. Cal. Case No. 07-CV-1658, Dkt. 1251).

12        In its criminal case, TomorrowNow admitted as part of the factual basis for its criminal

13   copyright infringement plea on September 14, 2011 that "TomorrowNow was engaged in an

14   effort to convince Oracle customers to terminate their use of Oracle's maintenance and support

15   services. . . .  In order to service some customers, TomorrowNow obtained copies of the Oracle

16   software . . . .  One of the ways that TomorrowNow obtained some of these materials was by

17   downloading [them] from Oracle websites."  *Id.*, Ex. 10 (Criminal Plea) at 3.  TomorrowNow

18   agreed that it "installed partial or full copies of [] Oracle copyrighted software applications on

19   TomorrowNow's computer systems. . . .  Each of these copies constituted an infringement of

20   numerous copyrighted works."  *Id.*  TomorrowNow was sentenced to probation and $20 million

21   in criminal fines.  *Id.* at 7-8.  This Court determined on summary judgment that Rimini infringed

22   Oracle's copyrights in the same fashion.  Dkt. 474 at 8:11-14, 15:16-20, 16:2-5, 20:14-18, 27:25-

23   28:4.

24        **G.    Rimini Selectively Relies on and Ignores Evidence Related to TomorrowNow**

25   _____

26   [2] TomorrowNow publicly stipulated to "all liability on all claims" in the lawsuit Oracle filed
     against it.  Hill Decl., Ex. 29 (*Oracle USA, Inc. v. SAP AG*, N.D. Cal. Case No. 07-CV-1658
27   (Sep. 13, 2010), Dkt. 866), ¶ 1.

28

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

1    Rimini will argue at trial that "there is no causal link between any infringement by

2  Rimini and clients choosing to switch from Oracle support to Rimini support" because "a

3  portion of Oracle's customers leave every year in favor of other support options, such as self-

4  support and other independent support providers."  Dkt. 523 (Joint Pretrial Order) at 6:12-15.

5  Rimini's damages expert, Scott Hampton, identified TomorrowNow as one such independent

6  support provider at his deposition:

> Q.  And TomorrowNow is one of the options in the market that you point to that say
> TomorrowNow breaks the chain of causation for Oracle's loss profits; is that right?
> A.  During the time that they were receiving the customers.
> Q.  So during that time, that's correct?
> A.  They were a substitute alternative, and that would defeat the causation established
> or sought by Oracle and Oracle's expert.

11  Hill Decl., Ex. 20 (Hampton Dep.) at 209:14-23.  Many exhibits on Rimini's trial exhibit list

12  also discuss TomorrowNow as an alternative support provider.  *Id.*, Ex. 1 at 3; Ex. 4 at 2.

13    By contrast, Rimini's "industry practice" expert, Brooks Hilliard, took a different

14  approach.  ████████████████████████████████████████████████████████████

15  ███████████████████████████████████████████████████████  *Id.*, Ex. 24

16  (Hilliard Report) at 3, 24.[3]  Mr. Hilliard acknowledged that TomorrowNow's services were in

17  some respect similar to Rimini Street's services.  *Id.*, Ex. 21 (Hilliard Dep.) 90:13-91:6.  In fact,

18  hosting software environments on TomorrowNow's local servers and cross-use of software

19  between customers were part of the conduct that formed the basis of TomorrowNow's

20  admission of criminal liability.  *Id.*, Ex. 10 (Criminal Plea) at ¶¶ (e), (g).  However, Mr. Hilliard

21  testified that in forming his opinions, he gave no consideration to the fact that TomorrowNow

22  stipulated to civil and criminal liability for conduct that he claims is standard practice.  *Id.*, Ex.

23  21 (Hilliard Dep.) at 117:2-19.

24  **III.    ARGUMENT**

25  ───────────────────────

26  [3] Mr. Hilliard's opinions related to industry custom and practice are apparently offered as parol
evidence in support of Rimini's second affirmative defense of express license.  Dkt. 266
27  (Rimini's Opp'n to Mot. Summ. J.) at 6:21-24; Dkt. 270 (Hilliard Decl.), ¶ 15. Oracle plans to
file a *Daubert* motion to exclude these opinions.

28

8

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

The TomorrowNow evidence is relevant to several "facts of consequence in determining the action" that the evidence makes "more or less probable than [they] would be without the evidence." Fed. R. Evid. 401.  Oracle lays out the leading examples and how the TomorrowNow evidence is probative on those facts in Section III.A, below.  Further, as discussed in Section III.B below, the probative value of the TomorrowNow evidence is not outweighed by any potential prejudice.

**A.     The TomorrowNow Evidence Is Relevant to Multiple Issues in this Lawsuit**

       **1.     Tortious Interference and Unfair Competition – The TomorrowNow Evidence Is Relevant to Show That Rimini Lied to Oracle's Customers When They Questioned Rimini About TomorrowNow's Infringement.**

Oracle claims in this action that Rimini interfered with Oracle's contractual relationships with its customers and engaged in unfair competition.  Rimini did this, among other ways, by lying to Oracle's customers, which caused them to cancel Oracle support and move to Rimini.  The TomorrowNow evidence is relevant to these claims because many of Rimini's lies to Oracle's customers concerned the TomorrowNow lawsuit, as discussed above in Section II.D.  These misrepresentations made customers comfortable moving to Rimini.

One category of TomorrowNow evidence that Rimini seeks to exclude is "any aspect of the lawsuit filed by Oracle against SAP AG and TomorrowNow in 2007," Mot. at 1:2-3.  But Rimini told lies to customers about purported differences between it and TomorrowNow – which form a basis of Oracle's claims for unfair competition and tortious interference – in response to questions *about* that lawsuit.  *See* § II.D *supra*, including, *e.g.*, Hill Decl., Ex. 19 (Maddock 1/5/12 Dep.) at 194:25-19, 196:15-198:5, 207:11-208:8 (███████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ but that was false as the Court found on summary judgment); Ex. 11.

And the pendency of that lawsuit shows why Rimini's lies were material to the customers' decision to contract with Rimini:  the customers were worried they might sign up for service with Rimini, only to have the reliability of that service compromised (and the customers

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

1    placed in breach of their license agreements) if Rimini were forced to shut down or change its

2    business operations because Rimini would face the same legal troubles as TomorrowNow.

3          Evidence concerning Rimini's discussions with customers concerning TomorrowNow

4    also definitively shows that, if Rimini's copyright violations had been known to customers,

5    those customers would not have left Oracle for Rimini.  *See* § II.D, *supra*.

6          2.    **Causation and Damages – The TomorrowNow Evidence Is Relevant
7                to Show That TomorrowNow Was Not a Non-Infringing Alternative**

8          As discussed above in Section II.G, Rimini plans to argue at trial that Rimini did not

9    cause Oracle's damages, because Oracle's customers would have gone to other third-party

10   support providers in any event.  Rimini's expert and proposed trial exhibits identify

11   TomorrowNow as one such provider.  The law is clear that only *non-infringing* alternatives can

     be considered as valid alternative options that could reduce claimed lost profits damages.
12
     *Polaroid Corp. v. Eastman Kodak Co.*, No. 76-1634-MA, 1990 WL 324105, at *13 (D. Mass.
13
     Oct. 12, 1990) *amended*, No. CIV.A. 76-1634-MA, 1991 WL 4087 (D. Mass. Jan. 11, 1991)
14
     (when calculating lost profits, "[t]he inquiry [into substitutes] is quite narrow; acceptable
15
     substitutes are those products which offer the key advantages of the patented device *but do not*
16
     *infringe*") (emphasis supplied); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1578
17
     (Fed. Cir. 1989) (if the other suppliers "were likely infringers," patent holder would have been
18
     entitled to their shares of the market in determining damages based on lost sales); *cf. Pall Corp.*
19
     *v. Micron Separations*, 66 F.3d 12111222 (Fed. Cir. 1995) (a "voluntary settlement of litigation
20
     does not retrospectively transform an accused infringing product into a 'noninfringing
21
     substitute'" that is relevant to lost profits).  The TomorrowNow evidence is relevant to showing
22
     that TomorrowNow was not a non-infringing alternative.
23
           Rimini complains that it was not a party to the TomorrowNow lawsuit and that it had no
24
     control over TomorrowNow's decision to plead guilty, but Rimini would also have had no
25
     control over TomorrowNow's litigation if the company had chosen to litigate its civil and
26

27

28

**ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.**

1   criminal liability.[4]  In this case, Rimini's damages theory, damages expert, and trial exhibits all

2   put at issue the factual question of whether TomorrowNow was a non-infringing alternative.

3   TomorrowNow's civil stipulation and criminal guilty plea that it committed copyright

4   infringement "has [a] tendency to make [it] more . . . probable" that TomorrowNow did commit

5   copyright infringement.  Fed. R. Evid. 401.

6   **3.    Causation and Damages – The TomorrowNow Evidence Is Relevant
            to Show That Rimini Could Not Have Switched Easily or
7          Inexpensively to a Non-Infringing Support Method**

8        Rimini will also argue at trial that its infringement "provided little, if any value, to

9   Rimini" and that "Rimini could have implemented a non-infringing support models [sic] with

10  minimal additional costs."  Mot. at 6:16-18.  ████████████████████████████████

11  ████████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████ (*id.* at 6:18-20;

13  Hill Decl., Ex. 23 (Hampton Report) at 88-89), ████████████████████████

14  ████████████████████████████████████████████[5]

15       If Rimini is allowed to present this damages model at trial, Oracle will argue that

16  Rimini's costs to avoid infringement would have been prohibitively high.  The TomorrowNow

17  evidence clearly shows that cost.  As outlined in Section II, above, Mr. Ravin based the Rimini

18  support model on the TomorrowNow model he had created.

19       A jury awarded Oracle $1.3 billion in damages for TomorrowNow's infringement, and

20  TomorrowNow pled guilty to criminal copyright infringement – including paying $20 million

21  in fines.  Any rational actor in Rimini's shoes would have made the purported minor

22  adjustments to avoid the same fate.  Yet after all these events happened, throughout the entire

23

24  [4] Rimini also appears to be suggesting that the fact that TomorrowNow stipulated to civil
    liability and pled guilty to federal crimes somehow makes TomorrowNow's conduct less
25  culpable than if juries had found the company liable and guilty.  In reality, companies stipulate to
    liability and plead guilty to federal crimes when the evidence of misconduct is overwhelming.
26

27  [5] This damages model is not legally valid and Oracle plans to file a *Daubert* motion to exclude
    this opinion.
28

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

1  fact discovery period Rimini *continued* using its infringing business model. Rimini argues

2  there was a cheap and easy fix to its infringing business model, but Rimini refused to adopt the

3  fix in the face of a huge incentive to do so. The TomorrowNow evidence therefore "has any

4  tendency" to show, Fed. R. Evid. 401, that the actual costs of adopting a non-infringing

5  business model at the time must have been much higher than Rimini now claims, and that

6  Rimini must have believed at the time that compliance was impossible for it to achieve.

7        **4.        Willful Infringement – The TomorrowNow Evidence Is Relevant to
            Show That Rimini Intentionally Infringed Oracle's Copyrights**

8

9        As Rimini acknowledges, willfulness is relevant to determining the amount of statutory

10  damages awarded for copyright infringement. Mot. at 7:12-17; 17 U.S.C. § 504(c)(2). In the

11  context of statutory damages for copyright infringement, the term "willful" refers to conduct

12  that occurs "with knowledge that the defendant's conduct constitutes copyright infringement."

13  *Columbia Pictures Television v. Krypton Broad.*, 106 F.3d 284, 293 (9th Cir. 1997) (internal

14  quotation marks and citation omitted), *rev'd on other grounds sub nom. Feltner v. Columbia

15  Pictures Television*, 523 U.S. 340, 118 S. Ct. 1279 (1998). Oracle may elect to seek statutory

16  damages for Rimini's infringement of Oracle's copyrights in certain documentation related to

17  its software. Therefore, Rimini's knowledge that its conduct constituted copyright infringement

18  is relevant to Oracle's damages.

19        The TomorrowNow evidence is probative of Rimini's knowledge of its copyright

20  infringement. Mr. Ravin admits that he created the TomorrowNow support model and that he

21  copied that model when he started Rimini. ███████████████████████████████████

22  ████████████████████████████████████████ (*id.*, Ex. 14 (Ravin 5/21/2009

23  Dep.) at 35:17-24, 44:2-45:17). This knowledge, in combination with the fact that (1) Oracle

24  sued TomorrowNow for copyright infringement in 2007, (2) TomorrowNow stipulated to all

25  liability on all claims in 2010, and (3) TomorrowNow pled guilty to criminal copyright

26  infringement in early 2011, is relevant to show that, by 2011, Rimini knew that its ongoing

27  conduct was infringement, and Rimini continued it regardless. In addition, Rimini's lies about

28  not having a software library shared between customers, which Rimini told to customers to

**ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.**

1   distinguish itself from TomorrowNow, *see* § II.D *supra*, are highly probative of willfulness.

2        Rimini argues that the TomorrowNow evidence is not probative on the issue of

3   willfulness because the TomorrowNow criminal information only alleged conduct after Mr.

4   Ravin left TomorrowNow.  Mot. at 7:17-20.  First of all, that is a false characterization of the

5   criminal allegations.  The criminal information alleges:  "*Beginning on an unknown date, but by*

6   *no later than in or about March 2005*, and continuing to on or about October 12, 2008 . . .

7   TOMORROWNOW, INC., through its employees and agents, did willfully . . . infringe the

8   copyrights of copyrighted works, that is, Oracle software . . . ."  Reckers Decl., Ex. I

9   (Information, *United States v. TomorrowNow, Inc.*, N.D. Cal. Case No. 4:11-cr-00642-PJH,

10  Dkt. 1) at 4:5-12 (emphasis supplied).  Mr. Ravin left TomorrowNow in March 2005, and the

11  infringement began *no later than* March 2005.

12       Further, regardless of the date Mr. Ravin left TomorrowNow, by his own admission he

13  designed the TomorrowNow model and carried it over to Rimini.  *See* § II.B, *supra*.  Ravin's

14  continuation of that business model unchanged after it became clear to the world that it was

15  illegal copyright infringement is relevant to show the willfulness of Rimini's infringement by at

16  least 2011.

17       **5.    Industry Practice – The TomorrowNow Evidence Is Relevant to Show**
18       **That Rimini's Support Methods Are Not Standard Industry Practice.**

19       Oracle also is entitled to admit the TomorrowNow evidence to rebut testimony by

20  Rimini's expert that Rimini's infringing conduct is standard industry custom and practice.[6]  The

21  TomorrowNow evidence undermines Mr. Hilliard's opinions.  Unless Mr. Hilliard is prepared

22  to change his testimony and now claim that the entire software industry is rampantly breaking

23  the law, TomorrowNow's admission of civil and criminal liability shows that the business

24  practice of cross-using software between customers is aberrational rather than standard industry

25  practice.

26  ───────────────────

[6] Mr. Hilliard's opinions related to industry custom and practice are apparently offered as parol evidence in support of Rimini's second affirmative defense of express license.  Dkt. 266
27  (Rimini's Opp'n to Mot. Summ. J.) at 6:21-24; Dkt. 270 (Hilliard Decl.), ¶ 15. Oracle plans to file a *Daubert* motion to exclude these opinions.

28

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

6. **The TomorrowNow Evidence Refutes Rimini's False Allegations Concerning Oracle's Behavior.**

Based on its exhibit list, Rimini will attempt to argue at trial that Oracle sued Rimini not in order to protect its intellectual property, but to crush its main competitor in third-party support for Oracle's products.  Dkt. 46 (Rimini's Answer to FAC) at 3:20-23 ("Oracle initiated this baseless litigation as another anticompetitive tactic to try and slow Rimini Street's fast-paced growth and protect Oracle's dominant 95% market share").

As noted, Rimini's prime example of this supposed behavior will be the fact that Oracle modified its support website terms of use in February 2007 in order (Rimini says) to prevent Rimini from downloading files using automated tools.  *Id.* at ¶ 27.  As explained in Section II.D, above, Oracle changed its terms of use after similar downloading by TomorrowNow had damaged Oracle's servers and resulted in TomorrowNow's massive theft of Oracle's intellectual property.  Oracle explained this in a letter to Rimini just months after it had sued TomorrowNow.  Therefore, Oracle needs to refer to the TomorrowNow evidence – including the lawsuit it filed against TomorrowNow – to counter Rimini's false allegations of anti-competitive behavior related to Oracle's changes in its website terms of use.

7. **The TomorrowNow Evidence Refutes Rimini's Claim That It Was Transparent in Its Conduct and Sought Oracle's Guidance.**

Rimini will argue at trial that it sought to work with Oracle to understand Oracle's concerns and that it made its support processes transparent for Oracle to review.  Rimini alleges in its answer that "[i]f Oracle had genuine concerns about Rimini Street's use of its intellectual property, Oracle could have accepted Rimini Street's numerous offers since September 2005 to openly and transparently review and discuss Rimini Street processes and procedures, or Oracle could have even accepted Rimini Street's invitation to review internal materials and Rimini Street's invitation to have a third-party independent auditor review Rimini Street's compliance with its processes and procedures."  Dkt. 153 (Rimini Answer to Second Amended Complaint) at ¶ 6.  Rimini's exhibit list contains numerous exhibits aimed at ███████████████ ███████████████████████████████████████████ Hill Decl., Ex. 2 at 6; Ex. 13 (Ravin 11/17/2011) at 163:11-167:1.

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

The TomorrowNow evidence is relevant to show the jury what really happened.  As discussed in Section II.E above, Mr. Ravin and Rimini were held in contempt after Oracle subpoenaed them in the TomorrowNow lawsuit and they refused to produce evidence related to their support process, belying their claimed "transparency."  Therefore, the discussion of the TomorrowNow evidence is relevant to Oracle's ability to counter Rimini's false characterization of its willingness to allow Oracle to understand its support processes.

**8.    Rimini's Argument That the TomorrowNow Evidence Is Irrelevant Is Baseless.**

The bulk of Rimini's motion has nothing of substance and attacks a straw man.  Rimini says that "Oracle seeks to prove that because TomorrowNow was an infringer 'pursuant to a support model' that is allegedly similar to Rimini's, defendants are infringers, too," (Mot. at 6:17-18) and that "Mr. Ravin's involvement with TomorrowNow means it is more likely that Rimini infringed" (*id.* at 7:21-22).  Or that Oracle simply wants to use the Tomorrow Now evidence as evidence of Rimini or Mr. Ravin's "prior bad acts' (Fed. R. Evid. 404)."  Mot. at 2:22-23.  This is not the case; Oracle has no intention of making these arguments.  The Court may also instruct the jury on the purposes for which the TomorrowNow evidence may be considered.[7]

**B.    The TomorrowNow Evidence Should Not Be Excluded Under Rule 403.**

"Rule 403 is a liberal rule under which relevant evidence generally is admitted."  *United States v. McMahon*, 938 F.2d 1501, 1508 (1st Cir. 1991).  Rule 403 is an extraordinary remedy which "should be applied sparingly."  *United States v. Cole*, 755 F.2d 748, 766 (11th Cir. 1985).  As explained above, the TomorrowNow evidence is relevant to establishing liability, causation and damages.  Because of its probative value to key issues at trial, the Court should not exclude this evidence.  22 C. Wright & K. Graham, Federal Practice and Procedure § 5221 (2015) (the purpose of requiring probative worth to be "substantially outweighed" is to further the policy of

[7] Advisory Committee's Note, Fed. R. Evid. 403. ("In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction.").

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

1    favoring the admissibility of evidence - "it creates a 'presumption' of admissibility").  Further,

2    "[t]he burden under Rule 403 is on the party opposing admission, who must show that the

3    probative value 'is *substantially outweighed* by the danger of *unfair prejudice*.'" *U.S. v. Tse*, 375

4    F.3d 148, 164 (1st Cir. 2004).

5          When evidence is highly probative to issues at trial or the assessment of damages, like the

6    TomorrowNow evidence, courts have admitted the evidence despite some potential prejudice.

7    *U.S. v. Killough*, 848 F.2d 1523, 1528 (11th Cir. 1988) (guilty pleas from a prior criminal

8    investigation were relevant to calculating damages and not unfairly prejudicial to defendants);

9    *Sec'y, Dep't of Labor v. Seibert*, 464 F. App'x 820, 823 (11th Cir. 2012) (the lower court properly

10   admitted statements from an earlier criminal plea agreement that contained factual admissions

11   that were "highly relevant to the issues being decided [and] had significant probative value");

12   *Creswell v. HCAL Corp.*, No. 04CV388BTMRBB, 2007 WL 628036, at *7 (S.D. Cal. Feb. 12,

13   2007) (admitting evidence of other lawsuits to contradict plaintiff's claim and undermine

14   credibility); *Cargill Inc. v. Progressive Dairy Solutions, Inc.*, 362 F. App'x 731, 733 (9th Cir.

15   2010) (district court did not abuse its discretion when it allowed the jury to consider testimony

16   describing the existence and nature of other lawsuits and evidence that was directly relevant to

17   the claims in the case).

18         Rimini argues that even probative evidence related to the TomorrowNow criminal

19   proceeding is unfairly prejudicial, would confuse the jury and should be excluded.  Mot. at 8-9.

20   Rimini says that "because TomorrowNow stipulated to, and later pleaded guilty to copyright

21   infringement in the past and Mr. Ravin had a prior relationship with TomorrowNow, the jury

22   may erroneously conclude that Mr. Ravin and his current company, Rimini, must have engaged

23   in infringement in this case."  Mot. at 9:3-6. Oracle will not make the argument Rimini suggests

24   it will.  Rather as stated above, the TomorrowNow evidence may be admitted for proper

25   purposes and the jury may be instructed as to those purposes.  The relevance of the

26   TomorrowNow evidence is not to suggest that Rimini must be doing the same thing.

27

28

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

1    For similar reasons, the cases Rimini cites are all off point as none of them involved

2   evidence that was directly probative of issues at trial.[8]  For example, in *Kramas v. Security Gas*

3   *& Oil Inc.*, 672 F.2d 766, 772 (9th Cir. 1982), the court excluded a consent decree of "limited"

4   probative value because it contained "no finding of culpability and no judgment of wrongdoing"

5   and it "related to different transactions and alleged misrepresentations of a different kind." In

6   *Baxter Health Care Corp. v. Spectramed Inc.*, No. SA CV 89-131 AHSRWRX, 1992 WL

7   340763, at *3 (C.D. Cal. Aug. 27, 1992), the court excluded evidence of a criminal *indictment* –

8   not a guilty *plea* – against plaintiff's primary witness because it contained "unsubstantiated

9   allegations" as the criminal case was yet to be tried.  However, the court denied plaintiff's

10  motion in limine to exclude all reference to the facts related to the indictment, finding use of

11  specific acts underlying the indictment "may have significant probative value" as to a key

12  witness's credibility and character.  *Id.* at *4.  Here, there is a final criminal plea and stipulation

13  containing actual admissions, and these findings and related underlying facts are probative aside

14  from any character issues.  *See also Mariscal v. McIntosh*, No. CV 04-9087 CAS, 2006 WL

15  6627090, at *10-11 (C.D. Cal. Dec. 19, 2006) (granting motion to exclude nolo contendere plea

16  for resisting arrest in a civil action because it was "not relevant to the officers' conduct, which is

17  at issue in this case."); *Allen v. City of Los Angeles*, No. CV 10-4695 CAS RCX, 2012 WL

18  1641712, at *3-4 (C.D. Cal. May 7, 2012) (excluding evidence of prior investigations and

19  lawsuits involving officers because they were "unrelated allegations", "irrelevant" and not proper

20  character evidence *but* clarifying that "this evidence may be admissible to demonstrate the

21  policies or practices of the City of Los Angeles and that such policies and practices resulted in a

22  violation of plaintiff's civil rights").[9]

23

[8] Each of Defendants' four cases discusses irrelevant and impermissible character evidence under
24  Fed. R. Evid. 404(b).  Here, the TomorrowNow evidence is first and foremost relevant under
    Fed. R. Evid. 402.  Oracle is not relying on rule 404(b) for admission.
25

[9] Rimini cites three cases to support its argument that technical testimony would risk confusing
26  the jury.  Each case cited, again does not deal with evidence that is directly probative of issues at
    trial.  *Guillory v. Domtar Industries*, 95 F.3d 1320, 1330-31 (5th Cir. 1996) (affirming decision
27  to exclude technical evidence that the court found was "not sufficiently grounded in scientific
    methodology or the facts as presented in the testimony of other witnesses"); *Nachtsheim v. Beech*
28

(Footnote Continued on Next Page.)

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

1    In reality, *excluding* the TomorrowNow evidence would be unfairly prejudicial.  Rimini

2    is not entitled to a one-sided presentation of the evidence at trial, in which Rimini argues to the

3    jury, for example, that its customers would have gone to companies other than Oracle, and shows

4    the jury exhibits identifying TomorrowNow as another available support provider – and Oracle is

5    then unfairly prevented from using relevant evidence to show the jury why TomorrowNow

6    cannot be considered an alternative option under governing law.  Similarly, Rimini should not be

7    allowed to present its "avoided costs" damages model – which claims that Rimini could easily

8    have adopted a non-infringing business model – or have its expert testify that copying and cross-

9    use of Oracle's software is standard industry practice, when the TomorrowNow evidence refutes

10   those assertions.

11   Next, Rimini attempts to compare its arguments with Oracle's Motion in Limine in its

12   case against SAP and TomorrowNow.  There Oracle moved in limine to exclude references to

13   "allegations made against it" in *this* lawsuit, i.e., "references to Rimini Street's counterclaims

14   against Oracle" and "Rimini Street's allegations of unfair conduct by Oracle."  Reckers Decl.,

15   Ex. F at 23-24.[10]  As Oracle pointed out, SAP and TomorrowNow did not allege any

16   counterclaims against Oracle, and Rimini's unproven allegations were not relevant to anything in

17   that lawsuit.  *Id.* at  24.  Here, the TomorrowNow evidence is not unproven allegations but

18   stipulated civil and criminal liability.  Further, it is directly relevant to Rimini's core damages

19   theories in this case, as well as to liability allegations on several of Oracle's claims.

20   Finally, the TomorrowNow evidence is not "evidence of collateral matters" and would

21   not result in "a trial within a trial."  Mot. at 10:20-11:24.  Rimini suggests that an "enormous

22   amount of additional evidence," including "numerous expert and fact witnesses," would need to

23   _____

24   (Footnote Continued from Previous Page.)

25   *Aircraft Corp.*, 847 F.2d 1261, 1269 (7th Cir. 1988) (evidence of different accident was found
     not to be substantially similar to the accident at issue to justify admission in a products liability
26   case); *Tennison v. Circus Circus Enterprises*, 244 F.3d 684, 689-90 (9th Cir. 2001) (upholding
     lower court's exclusion of evidence of "remote events involving other employees").

27   [10] This Court has since dismissed those counterclaims.  Dkt. 111 and 476.

28

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.

1   be admitted if the TomorrowNow evidence were admitted and that "the parties would need to

2   explain to the jury the circumstances of that case and the claims against TomorrowNow."  Mot.

3   at 11:7-9.  Unlike the cases cited by Rimini, this is not a situation where Oracle wants to

4   introduce evidence of "unrelated clients involved in unrelated schemes."[11]

5          The first and most obvious reason why there will not be a "trial within a trial" concerning

6   TomorrowNow is that *there are no facts to find*.  TomorrowNow stipulated to civil and criminal

7   liability, and it identified its infringing conduct.  There is nothing complicated or technical about

8   using the TomorrowNow evidence in the ways Oracle has described in this brief.  Oracle is not

9   proposing to add a single additional document to the record in this case, nor is it seeking to add

10  any witnesses, to address the TomorrowNow evidence.

11         Rimini's assertion that admitting the TomorrowNow evidence would require "numerous

12  expert" witnesses is difficult to understand.  The parties' expert witness disclosures were due

13  three years ago (Dkt. 161); those reports have already discussed TomorrowNow, and further

14  expert testimony on the issue is not allowed or required.

15  **IV.    CONCLUSION**

16         For the reasons stated above, the Court should deny Rimini's motion to exclude certain

17  inquiry, evidence or argument regarding TomorrowNow.

18

19  DATED:  June 22, 2015

20                                    MORGAN, LEWIS & BOCKIUS LLP

21                                    By: _____/s/ Thomas S. Hixson_____
                                            Thomas S. Hixson
22                                        Attorneys for Plaintiffs
                                            Oracle USA, Inc.,
23                                     Oracle America, Inc. and
                                    Oracle International Corporation

24  _____

25  [11] *United States v. Bussell*, 414 F.3d 1048, 1059-60 (9th Cir. 2005).  Again Rimini's cases are off
    point because there the cited evidence was irrelevant.  *Id.* (affirming trial court's decision to
26  exclude evidence of "unrelated clients involved in unrelated schemes"); *Kramas*, 672 F.2d at 772
    (affirming exclusion "related to different transactions and alleged misrepresentations of a
27  different kind"); *ROC ASAP, L.L.C. v. Starnet Ins. Co.*, No. CIV-12-461-D, 2014 WL 4631121,
    at *5 (W.D. Okla. Sept. 15, 2014) (excluding evidence of "limited relevance" because the
28  relevant facts "can be established through introduction of other evidence.").

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
INQUIRY, EVIDENCE OR ARGUMENT REGARDING TOMORROWNOW, INC.