SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand Esq. (*pro hac vice*)
Ryan D. Dykal Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, Texas   77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone:  (702) 792-3773
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
WAllen@LRRLaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone:  (925) 264-7736
dwinslow@riministreet.com
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc., and Seth Ravin*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual, <br><br> Defendants. | Case No. 2:10-cv-0106-LRH-PAL <br><br> **DEFENDANTS' MOTION TO BIFURCATE WILLFULNESS EVIDENCE AND EVIDENCE RELATED SOLELY TO PUNITIVE DAMAGES** |

Defendants Rimini Street, Inc. and Seth Ravin ("Rimini Street") respectfully request pursuant to Federal Rule of Civil Procedure 42(b) that the Court bifurcate the upcoming trial to avoid undue prejudice to Rimini Street, reduce the risk of jury confusion and waste of jurors' time, improve convenience to the parties, and promote efficient use of judicial resources.  Rimini Street proposes two trial phases:  In the first phase, Oracle can present its plenary case on liability and compensatory damages; in the second phase, if Oracle has not yet elected economic damages, it can present evidence of willfulness, and it can attempt to prove its entitlement to punitive damages and the amount that should be assessed.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Unless the Court bifurcates the proceedings so that all evidence supporting "willful" infringement and punitive damages is tried separately from infringement and compensatory damages, there is a real risk that the jury will be improperly prejudiced in deciding infringement and compensatory damages based on evidence that is unduly inflammatory and wholly irrelevant. Courts regularly bifurcate proceedings in this manner, this Court clearly has the discretion to do so (and in the case of at least one of Oracle's claims *must* do so), and the Court should exercise its discretion here.

Whether Rimini Street engaged in "willful" infringement is relevant only if Oracle elects to recover statutory damages.  17 U.S.C. § 504(c)(2).  Those statutory damages are capped at $150,000 per registered work (*id.*), and Rimini Street fully anticipates that at the end of the trial Oracle will elect economic rather than statutory damages.  Yet in the meantime, under the guise of potentially pursuing statutory damages, Oracle may seek to introduce evidence of willful conduct.  That evidence will ultimately be irrelevant if, as is likely, Oracle elects economic damages, but that inflammatory willfulness evidence would inevitably poison the minds of the jurors and could improperly affect their decisions concerning liability and economic damages, as well as needlessly prolong the trial.

460374 v1

Moreover, in order to establish Oracle's entitlement to punitive damages (*see* Pretrial Order at 3, ECF No. 527), Oracle will need to prove "by clear and convincing evidence" – a higher burden of proof than that applicable to the other issues to be tried – that Rimini Street acted with "oppression, fraud or malice." Nev. Rev. Stat. § 42.005(1). Similar to willfulness, whether Rimini Street engaged in such conduct is completely irrelevant to any potential liability and compensatory damages for those claims. Allowing Oracle to introduce evidence of punitive damages in the first phase of the trial would taint any potentially adverse liability verdict, would serve only to inflame the jury's compensatory damages awards, and would be unnecessary to try if Oracle fails in its proof of liability. Indeed, Nevada law *requires* bifurcation of the punitive damages proceedings for Oracle's tort claims. *See* Nev. Rev. Stat. § 42.005.

Additionally, Oracle has recently abandoned its fair market value and income approach to its damages claims (ECF No. 600).[1] With those damages theories out of the case, the first phase will proceed as a standard commercial lost profits case – a factor that further supports bifurcating the willfulness and punitive damages aspects.

Bifurcation of proceedings would protect all parties' rights and avoid the waste of jurors' time and judicial resources, as well as the undue, unnecessary, and inevitable prejudice Rimini Street will suffer if Oracle is permitted to introduce evidence of willful or malicious conduct and then elect economic damages after tainting the jury with passion and prejudice. There is no prejudice to Oracle from bifurcation, because Oracle retains its right to elect either economic or statutory copyright damages and retains its ability to establish its entitlement to punitive damages for any claims on which it proves liability in the first phase of trial.

---

[1]   In response to Rimini Street's motion to exclude Oracle's expert Elizabeth A. Dean's attempt to calculate fair market value damages through her "income approach" and hypothetical license negotiation analysis (ECF No. 563), Oracle "has elected not to present these two damage opinions at trial" (ECF No. 600 at 2).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) allows trial courts to "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for "convenience, to avoid prejudice, or to expedite and economize."  Trial courts possess broad discretion under Rule 42(b).  *See, e.g.*, *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961-62 (9th Cir. 2001); *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 448 (N.D. Cal. 2001) ("district court has 'broad discretion' to order separate trials under [Fed. R. Civ. P. 42(b)]").  Some factors that courts consider when deciding whether to bifurcate are "avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing risk of confusion."  *Bates*, 204 F.R.D. at 448; *Gable v. Land Rover N. Am., Inc.*, No. SACV-07-0376, 2011 WL 3563097, at *6 (C.D. Cal. July 25, 2011).

Courts have bifurcated trials in a variety of ways depending on the claims asserted and the needs of each case.  *See, e.g.*, *Danjaq*, 263 F.3d at 961-63 (no abuse of discretion where trial court bifurcated laches and willfulness from liability in a copyright case); *Triad Sys. Corp. v. Se. Express Co.*, 64 F.3d 1330, 1338 (9th Cir. 1995) (*superseded by statute on other grounds as stated in Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1158 (9th Cir. 2011)) (no abuse of discretion where trial court bifurcated copyright claims from antitrust claims); *Bridgeport Music, Inc. v. Justin Combs Publ'g.*, 507 F.3d 470, 481-82 (6th Cir. 2008) (no abuse of discretion where trial court bifurcated copyright trial into liability and punitive damages phases); *Bates*, 204 F.R.D. at 448-49 (bifurcating liability and equitable relief issues from damages in an employment discrimination suit); *Gable*, 2011 WL 3563097 at *6 (bifurcating liability and damages in a trial involving claims under consumer protection statutes and claims of unjust enrichment); *Apple Computer, Inc. v. Microsoft Corp.*, 821 F.Supp. 616, 630 (N.D. Cal. 1993), *aff'd,* 35 F.3d 1435 (9th Cir. 1994) (bifurcating liability and damages in a copyright trial); *Capital Records, Inc. v. MP3tunes, LLC*, No. 07-CIV. 9931 WHP, 2014 WL 503959, at *6 (S.D.N.Y. Jan. 29, 2014) (bifurcating liability from willfulness and damages in a copyright trial).

- 3 -

460374 v1

### III.    ARGUMENT

This Court should bifurcate the trial because doing so would avoid undue prejudice to Rimini Street, reduce the risk of jury confusion and waste of jurors' time, improve convenience to the parties, and promote the efficient use of judicial resources.

Rimini Street requests that the trial be held in two phases.  During the first phase, Oracle would be permitted to offer evidence[2] it alleges supports (a) non-willful copyright infringement, (b) economic copyright damages, and (c) liability and compensatory damages for any other claim it asserts at trial.  Then, during the second phase, if Oracle has not yet made an election concerning copyright damages, Oracle would be permitted to offer evidence it alleges supports willful infringement[3] and evidence to support its entitlement to punitive damages for any non-copyright claim on which Oracle prevailed in the first phase.  This phased approach would result in numerous benefits that closely track the language and intent of Rule 42(b):

*Prejudice*.  By permitting evidence of willful copyright infringement only after the jury has decided liability and economic damages, Rimini Street will not be unduly prejudiced in the minds of the jury by inflammatory evidence that is not relevant to the issues before them.

The potential prejudice is particularly acute because it is highly unlikely that Oracle will seek statutory damages with their accompanying $150,000 per registered work cap.  It is far more likely that Oracle will pursue economic damages in a higher amount, and if it does so, then evidence related to willful infringement would be completely irrelevant.  *See* 17 U.S.C. § 504(c)(2).

---

[2]    Any offer of evidence would be subject to all applicable evidentiary rules, court orders, motions *in limine*, and any other applicable authority.  Nothing in this motion is intended to change or concede admissibility or relevance of any proffered evidence.

[3]    A "copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages [] in a sum of not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  *Id.* § 504(c)(2).

1  Although irrelevant, the evidence of willfulness will have the prejudicial tendency to distract

2  the jury from proper considerations related to infringement and economic damages.  This potential

3  unfair prejudice is significant:  The jury could be swayed to find liability or economic damages

4  based on evidence not relevant to either.  *E.g.*, Fed. R. Evid. 403, Advisory Committee Note

5  ("'Unfair prejudice' ... means an undue tendency to suggest decision on an improper basis.").

6  Bifurcation provides a simple and straightforward way to eliminate the risk of such undue prejudice

7  and helps ensure a fair trial.

8  *Juror Confusion*.  Oracle has alleged eleven causes of action, each of which requires a

9  variety of elements to prove.  In addition to federal copyright claims, Oracle alleges federal

10  computer fraud and abuse claims, claims related to contracts that are governed by the laws of various

11  states, and California and Nevada state law claims.  With such a large number of claims and

12  elements of proof and disparate bodies of law, the first phase already will be complicated enough

13  even without the addition of willfulness and punitive damages.  Restricting evidence related to

14  willful infringement or punitive damages to the relevant claims on which Oracle prevails is a

15  sensible way to aid the jury in managing the immense amount of facts and law that it will be

16  expected to understand, remember, and apply.  *See*, *e.g.*, *Triad*, 64 F.3d at 1338 (where different

17  claims covered "discrete issues, involving separate, complex bodies of law[, the] district court

18  justifiably did not want the jury to muddle the two"); *Gable*, 2011 WL 3563097, at *6-7 (bifurcating

19  liability and damages will "help prevent juror confusion at trial by allowing the jury to decide issues

20  that are as narrowly tailored as possible"); *Bates*, 204 F.R.D 440, 448-49 ("reducing the types and

21  amount of evidence to be produced in each phase of trial would promote judicial economy and

22  reduce the risk of confusion").  Additionally, entitlement to punitive damages must be established by

23  clear and convincing evidence (Nev. Rev. Stat. § 42.005(1)), a higher burden of proof than the other

24  claims in this case – and separating that issue will additionally help the jury to apply the correct

25  standard of proof.

26  *Judicial Resources*.  For the same reasons that bifurcation will reduce some of the facts and

27  laws that the jury must consider, it will also reduce the amount of judicial resources and time needed

28

460374 v1

for the Court to oversee the trial.  And, if Oracle elects economic copyright damages and does not prevail on any non-copyright claims that provide for punitive damages, the second phase would never even happen, saving the Court, the jury, and the parties, substantial time and resources.

Further, Oracle's claim for punitive damages on its tort claims[4] *must* be bifurcated into a separate proceeding:

> *If punitive damages are claimed* pursuant to this section, the trier of fact shall make a finding of whether such damages will be assessed.  If such damages are to be assessed, *a subsequent proceeding must be conducted* before the same trier of fact to determine the amount of such damages to be assessed.  The trier of fact shall make a finding of the amount to be assessed according to the provisions of this section.  The findings required by this section, if made by a jury, must be made by special verdict along with any other required findings.

NRS § 42.005(3) (emphasis added); *see also Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1083 (9th Cir. 2015) (analyzing claim in Nevada for intentional interference with prospective economic advantage under NRS § 42.005); *Desert Salon Serv., Inc. v. KPSS, Inc.*, No. 2:12-CV-1886 JCM CWH, 2013 WL 497599, at *5-6 (D. Nev. Feb. 6, 2013) (NRS § 42.005 applies to claim in Nevada for intentional interference with prospective economic advantage); *Peri & Sons Farms, Inc., v. Jain Irrigation, Inc.*, 933 F.Supp.2d 1279, 1294 (D. Nev. 2013) (tort claims in Nevada are governed by NRS § 42.005); *SMSW Enter., LLC v. Halberd Corp.*, No. CV 13-01412 BRO SPX, 2015 WL 1457605, at *14 (C.D. Cal. Mar. 30, 2015) (NRS § 42.005 applies to claim in Nevada for intentional interference with prospective economic advantage).

Because Oracle's right to punitive damages under NRS § 42.005 must be bifurcated by state law, it would conserve judicial resources to bifurcate *all* punitive damage issues, including any findings by the jury related to entitlement to punitive damages, thereby avoiding the entire issue of punitive damages for any claim on which Oracle does not succeed.  *See also Gable*, 2011 WL 3563097 at *6-7 (bifurcating liability and damages "will serve the interest of judicial economy by allowing the parties to separately and efficiently focus on these distinct issues" and noting "bifurcation might eliminate the need to consider evidence of damages at all if Defendant prevails at

---

[4]     Oracle seeks punitive damages for its third, fourth, sixth, and seventh claims, which are brought under state laws.  Dkt. No. #146 at 29-35.

460374 v1

the liability stage of trial"); *Bates*, 204 F.R.D 440, 448-49 ("reducing the types and amount of evidence to be produced in each phase of trial would promote judicial economy and reduce the risk of confusion"); *Apple Computer*, 821 F.Supp. 616, 630 (bifurcating copyright liability and damages "in the interest of judicial economy and convenience").  Because Oracle's evidence related to willful infringement will no doubt overlap with evidence related to malice, oppression, or fraud (*see*, *e.g.*, Pretrial Order at 3, ECF No. 527 (Oracle claims that it is entitled to punitive damages due to "Rimini's wrongful conduct")), it makes sense to include those issues together in a second phase.

*Convenience*.  These same reasons will make the trial more convenient for the parties as well, allowing them to focus their trial efforts on the specific issues of liability and compensatory damages, without wasting their time or resources on issues that may never arise at trial.  *See*, *e.g.*, *Bates*, 204 F.R.D 440, 448-49 (where "the issues of liability and damages are separable, it would be convenient to bifurcate"); *Apple Computer*, 821 F.Supp. 616, 630 (bifurcating copyright liability and damages "in the interest of judicial economy and convenience").

*Separability*.  The bifurcation of willful copyright infringement is an easily separable issue, and there is little to no overlap between the evidence and witnesses needed to establish damages and the evidence and witnesses needed to establish willfulness.  Indeed, this type of bifurcation has readily been done by other courts in copyright trials.  *See*, *e.g.*, *Danjaq*, 263 F.3d at 961-63; *Capital Records*, 2014 WL 503959, at *6.  And, as noted above, Nevada law *requires* bifurcation of at least a punitive damages phase.  *See*, *e.g.*, NRS § 42.005; *Fifty-Six Hope Road*, 778 F.3d at 1083; *Desert Salon*, 2013 WL 497599, at *5-6; *Peri & Sons*, 933 F.Supp.2d at 1294; *SMSW Enter.*, 2015 WL 1457605, at *14.   The elements required to prove punitive damages (including malicious, oppressive, or fraudulent conduct) are different from those required to prove liability, and they are subjected to a higher evidentiary standard of clear and convincing evidence.

*No Prejudice To Oracle*.  Oracle would not be prejudiced under this proposed bifurcation. Oracle brought state law tort claims that require bifurcation by statute.  And Oracle is free to offer evidence (which it already possesses) in the second phase if such evidence is relevant to any remaining claim.  Trial is still three months away, giving the parties adequate time to prepare for

460374 v1

1    bifurcation that merely affects the phased presentation of the evidence without changing or
2    expanding the scope of evidence at trial.

3                                    **IV.   CONCLUSION**

4            A two-phase trial, as outlined above, provides a simple, workable trial plan that is supported
5    by each guidepost of Rule 42(b):  It would help avoid undue prejudice to Rimini Street, alleviate
6    juror confusion resulting from the large number of federal and state law claims, improve judicial
7    resources, avoid waste of jurors' time, and increase convenience for the parties.   The proposed
8    phasing addresses easily separable issues, which, in some instances, are required by state law to be
9    bifurcated.  Finally, there is no prejudice to Oracle from this approach.  Rimini Street respectfully
10   requests that the Court order a bifurcated trial as requested herein.

11   ///

12   ///

13    DATED:        June 26, 2015                      SHOOK, HARDY & BACON

14

15                                                    By:   /s/ *Robert H. Reckers*
                                                     Robert H. Reckers
16                                                   rreckers@shb.com
                                                     B. Trent Webb
17                                                   bwebb@shb.com
                                                     Peter  Strand
18                                                   pstrand@shb.com
                                                     Ryan Dykal
19                                                   rdykal@shb.com
                                                     SHOOK, HARDY & BACON L.L.P.
20                                                   2555 Grand Blvd.
21                                                   Kansas City, MO 64108-2613
                                                     816-474-6550 Telephone
22                                                   816-421-5547 Facsimile

23                                                   *Attorneys for Defendants*
24                                                   *Rimini Street, Inc. and Seth Ravin*

25

26

27

28

- 8 -

460374 v1

**CERTIFICATE OF SERVICE**

I hereby certify that on the June 26, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br><br>ORACLE CORPORATION<br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com |

By: ___/s/ Robert H. Reckers_____

Robert H. Reckers.

*Attorney for Defendants*
*Rimini Street, Inc., and Seth Ravin*

- 9 -

460374 v1