SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
bevanson@gibsondunn.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone: (702) 792-3773
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
wallen@LRRLaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

*Attorneys for Defendants Rimini Street, Inc., and Seth Ravin*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S OPPOSITION TO ORACLE'S MOTION TO DETERMINE DISPUTED JURY INSTRUCTIONS**<br><br>Trial Date: **September 14, 2015**<br><br>REDACTED |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................................1

II. LEGAL STANDARDS............................................................................................................1

III. ARGUMENT ...........................................................................................................................2

    A. Oracle's Proposed "License Defense" Instruction Is Erroneous, Argumentative, And Misleading..................................................................................................................2

    B. Oracle's Proposed "Scope" Instruction Is Unnecessary, Argumentative, Incomplete, And Incorrectly States the Law..................................................................3

        1. The Proposed Instruction Refers to Subject Matter That Is Not Disputed and on Which the Jury Needs No Instruction......................................4

        2. The Proposed Instruction Is Incomplete and Unfairly Emphasizes Oracle's Theory of the Case................................................................................6

        3. Any "Scope" Instruction Would Need to Include a Fair and Even-Handed Description of the Scope of the License .............................................8

IV. CONCLUSION........................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Baisden v. I'm Ready Prods., Inc.*,
  693 F.3d 491 (5th Cir. 2012) ................................................................................................ 2

*Clem v. Lomeli*,
  566 F.3d 1177 (9th Cir. 2009) .............................................................................................. 2

*Graham v. James*,
  144 F.3d 229 (2d Cir. 1998) ................................................................................................. 2

*Gulliford v. Pierce Cnty.*,
  136 F.3d 1345 (9th Cir. 1998) .......................................................................................... 1, 8

*Hewlett-Packard Co. v. Mustek Sys., Inc.*,
  2001 WL 36166855 (S.D. Cal. June 11, 2011) .................................................................... 6

*LGS Architects, Inc. v. Concordia Homes*,
  434 F.3d 1150 (9th Cir. 2006) .............................................................................................. 2

*Morhy v. Long*,
  2015 WL 226015 (C.D. Cal. Jan. 16, 2015) ......................................................................... 7

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
  521 F.3d 1351 (Fed. Cir. 2008) ............................................................................................ 5

*Oracle USA, Inc. v. Rimini Street, Inc.*,
  6 F. Supp. 3d 1086 (D. Nev. 2014) ........................................................................... 2, 3, 6, 7

*Patsy's Italian Rest., Inc. v. Banas*,
  658 F.3d 254 (2d Cir. 2011) ................................................................................................. 5

*Rich v. Outdoor Media Dimensions, Inc.*,
  183 F. App'x 655 (9th Cir. 2006) ......................................................................................... 6

*Ringle v. Bruton*,
  86 P.3d 1032 (Nev. 2004) ..................................................................................................... 6

*Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*,
  421 F.3d 1307 (Fed. Cir. 2005) ............................................................................................ 3

*Sukenic v. Maricopa Cnty.*,
  2004 WL 3522693 (D. Ariz. July 21, 2004) ......................................................................... 8

*Sulzer Textil A.G. v. Picanol N.V.*,
  358 F.3d 1356 (Fed. Cir. 2004) ............................................................................................ 4

*United States v. Daane*,
  475 F.3d 1114 (9th Cir. 2007) .............................................................................................. 7

*United States v. Laurent*,
  607 F.3d 895 (1st Cir. 2010) ................................................................................................. 6

*United States v. Little*,
  753 F.2d 1420 (9th Cir. 1984) ..................................................................................... 2, 3, 8

**TABLE OF AUTHORITIES** (continued)

**Page(s)**

*United States v. Marks*,
    530 F.3d 799 (9th Cir. 2008) ........................................................................................... 2

*United States v. Morris*,
    928 F.2d 504 (2d Cir. 1991) ............................................................................................ 5

*United States v. Rodrigues*,
    159 F.3d 439 (9th Cir. 1998) ........................................................................................... 4

## I. INTRODUCTION

Plaintiffs' proposed jury instructions regarding defendants Rimini Street's and Seth Ravin's (collectively, "Rimini Street") license defense misstate the applicable law, mischaracterize the applicable licenses, and would improperly intrude on the province of the jury. The proposed instructions should therefore be rejected.

The first proposed instruction (the "license defense" instruction) overstates Rimini Street's burden of proof in establishing a license defense: Although it is Rimini Street's burden to identify the applicable license, it is clearly *Oracle's* burden to show that the alleged infringement falls outside the terms of the license. The license defense instruction also strays from the plain language of the Court's summary judgment orders, which held squarely that Rimini Street may assert the licenses of its clients. *See* D.I. 575 ("Mot.") at 1. Accordingly, the Court should reject Oracle's proposed instruction and give Rimini Street's proposed instruction instead.

The second jury instruction (the "scope" instruction) would usurp the role of the jury and establish blanket interpretations of the PeopleSoft, Siebel, and J.D. Edwards licenses even though these licenses are not highly technical and are either not at issue (in the case of PeopleSoft and the Database license) or else, in certain important respects, vary widely in their terms. *See* Mot. at 2-4. The scope instruction also takes portions of the relevant license agreements out of context, otherwise imports terms and conditions that are not in the licenses, and unduly emphasizes Oracle's theory of the case. In short, the licenses say what they say, no additional construction for the jury is required, and Oracle's instruction would confuse the issue by offering an erroneous construction. Accordingly, the Court should reject Oracle's proposed instructions altogether or, in the alternative, adopt defendants' revised jury instructions, which include an even-handed description of the license provisions that flows directly from the Court's treatment of these provisions in its February 13, 2014 summary judgment order.

## II. LEGAL STANDARDS

Jury instructions must "fairly and adequately cover the issue presented, correctly state the law, and … not [be] misleading." *Gulliford v. Pierce Cnty.*, 136 F.3d 1345, 1348 (9th Cir. 1998). A court is not required to give instructions that are "not relevant to the issues that the jury [will] decide"

(*United States v. Marks*, 530 F.3d 799, 809 (9th Cir. 2008)), nor is a court required to approve instructions that represent "inappropriate attempts to influence the jury" or to conclusively establish "matters within the province of the jury" (*United States v. Little*, 753 F.2d 1420, 1433 n.3 (9th Cir. 1984)). Erroneous or misleading instructions should be modified or rejected by the court. *See Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009).

### III.   ARGUMENT

Oracle's proposed instructions are argumentative, irrelevant, and misleading, would improperly usurp the jury's role, and incorrectly state the law. For these reasons, Oracle's proposed instructions should be rejected.

**A.   Oracle's Proposed "License Defense" Instruction Is Erroneous, Argumentative, And Misleading**

Oracle's proposed license defense instruction misstates the applicable law and is framed in a way that invites the jury to draw inferences favorable to Oracle.

The license defense instruction misstates Rimini Street's burden in establishing its license defense. In its February 13, 2014 summary judgment order, this Court described Rimini Street's burden as having to "*identify* any license provision(s) that it believes excuses its infringement." *Oracle USA, Inc. v. Rimini Street, Inc*., 6 F. Supp. 3d 1086, 1093 (D. Nev. 2014) ("*Rimini I*") (emphasis added); *see also Baisden v. I'm Ready Prods., Inc*., 693 F.3d 491, 507 (5th Cir. 2012) (court "correctly instructed" the jury that if defendants "prove the existence of a license by a preponderance of the evidence … [plaintiff] must prove by a preponderance of the evidence that [d]efendant's copying was not authorized by the license"); *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998) (the "burden of proving *existence* of license is on licensee," but the "burden [is] on [the] copyright owner to *show* that the allegedly infringing acts were not allowed by the license") (emphases added); *LGS Architects, Inc. v. Concordia Homes*, 434 F.3d 1150, 1156 (9th Cir. 2006) (applying same burden-shifting framework). But under these authorities, Rimini Street did not need to *prove* that the provisions it identified affirmatively "authorized each individual copy or other infringing work," as Oracle's proposed instruction asserts. Mot. App'x at 1.

In fact, the Court held on summary judgment that "Rimini may assert [its client's] software license as a defense to a claim of copyright infringement." *Rimini I*, 6 F. Supp. 3d at 1096 (City of Flint license); *see also id*. at 1100 (Pittsburgh Public Schools license); *id*. at 1103 (Giant Cement license); *id*. at 1104 (Novell license). Because Oracle does not dispute that each of Rimini Street's clients possess licenses to the Oracle software supported by Rimini Street, Rimini Street indisputably can and will satisfy its initial burden of identifying the licenses it seeks to assert as part of its license defense. *See*, *e.g.*, *Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*, 421 F.3d 1307, 1315 (Fed. Cir. 2005) (shifting burden to copyright owner to prove conduct exceeded scope of license after alleged infringer asserted provisions of its customers' licenses as a defense). Oracle's proposed instruction—which states that Rimini Street must "prove by a preponderance of the evidence the existence of a specific license provision that authorized each individual copy or other infringing work that Rimini Street made"—inaccurately suggests that this is still an open question. *See* Mot. App'x at 1.

Nor has Oracle offered any reason to tell the jury that "Rimini Street did not have any licenses of its own with Oracle relevant to the issues [the jury is] deciding." Mot. App'x at 1. This statement is directly contrary to the foregoing, and it is also unduly argumentative because it presupposes that Rimini Street in fact has no license defense, which is exactly the question the jury is supposed to decide. *See Little*, 753 F.2d at 1433 n.3 (instructions should not "inappropriate[ly]" "influence" the jury or establish matters the jury is tasked with deciding).

Accordingly, defendants respectfully submit a revised instruction on this issue in the attached Appendix that tracks the language of this Court's February 13, 2014 summary judgment order.

**B.     Oracle's Proposed "Scope" Instruction Is Unnecessary, Argumentative, Incomplete, And Incorrectly States the Law**

Oracle asks this Court to instruct the jury on the meaning and scope of the PeopleSoft, Database, Siebel, and J.D. Edwards licenses, but the PeopleSoft and Database licenses are not at issue, and the terms of the other two licenses are not so technical or complicated that they merit any special explanation by the Court. In fact, Oracle admits that its jury instruction proposal is "aimed at the *unambiguous* terms of Oracle's licenses for PeopleSoft, J.D. Edwards, and Siebel…."

3

Declaration of Robert Reckers ("Reckers Decl."), Ex. A at 1 (emphasis added). Oracle's instruction is also improper insofar as it seeks to conclusively establish issues that are for the jury to decide and to gloss over material variances in the terms of the licenses. As such, Rimini Street submits that no separate scope instruction is necessary. If this Court decides to give one, Rimini Street respectfully requests that it give Rimini Street's proposed instruction, which provides a balanced presentation of the issues that are actually at stake.

### 1. The Proposed Instruction Refers to Subject Matter That Is Not Disputed and on Which the Jury Needs No Instruction

Oracle's proposed "scope" instruction refers to acts or issues that are no longer disputed by the parties and defines or otherwise explains terms that need no explanation in a way that presents the licenses in the manner most favorable to Oracle's position.

Generally, a court may instruct the jury only on issues that are actually disputed by the parties. *See*, *e.g.*, *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1367-68 (Fed. Cir. 2004); *United States v. Rodrigues*, 159 F.3d 439, 446 (9th Cir. 1998) (not error to fail to give instruction on issue that was not disputed). Here, the Court granted summary judgment to Oracle as to Rimini Street's license defense as it related to the PeopleSoft and Oracle Database software. *See* D.I. 474, at 15, 20, 28; D.I. 476, at 15-16, 30. Rimini Street then stipulated and agreed that, based on the matters at issue in those summary judgment orders, it would not present a license defense as to those programs. *See* D.I. 550, at 1-2. Thus, any instruction relating to the licenses for the PeopleSoft and Database software is unnecessary, irrelevant, and would have little utility beyond emphasizing for the jury that the Court had already rejected Rimini Street's license defense as to those two software packages.

Oracle's arguments to the contrary are without merit.

First, Oracle argues that the PeopleSoft instructions are still necessary because Rimini Street did not withdraw its license defense as to documentation. Mot. at 6. But Oracle's proposed "scope" instruction is not tailored to the limited liability issues remaining as to PeopleSoft documentation, and Oracle's proposal largely ignores the discrete license provisions regarding documentation, which were not addressed by Oracle's summary judgment briefing. Oracle is not entitled to instructions that show all of the ways in which it thinks Rimini Street infringed. Oracle has not shown that judicial

1 construction of the PeopleSoft documentation provisions is warranted, and the disputed
2 documentation issues do not justify Oracle's proposed PeopleSoft instructions.

3 Second, Oracle argues that the Database instruction is necessary "[b]ecause Rimini still
4 asserts a license defense as to other software." Mot. at 6. Whether Rimini Street asserts a defense as
5 to other software—specifically, the J.D. Edwards and Siebel software—is totally irrelevant to the
6 Court's summary judgment order on the Database software. There is no need, and Oracle has not
7 identified one, to clarify the Court's infringement determination as to a completely unrelated software
8 package. The Database instruction plainly seeks to encourage the jury to rule for Oracle merely
9 because Rimini Street's conduct was deemed infringing as to some software, and it should not be
10 permitted.

11 Third, the "scope" instruction is unnecessary because the meanings of the licenses are clear,
12 nontechnical, and unambiguous. Reckers Decl., Ex. A at 1 (admitting that the license provisions are
13 "unambiguous"); *see also United States v. Morris*, 928 F.2d 504, 511 (2d Cir. 1991) (inappropriate to
14 instruct jury on terms lacking a "technical" or "ambiguous" meaning). If the jury is "capable of
15 determining the meaning of [a] term" (*Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254, 269 (2d Cir.
16 2011)), the court is not required to add its own interpretive gloss (c*f. O2 Micro Int'l Ltd. v. Beyond*
17 *Innovation Tech. Co*., 521 F.3d 1351, 1360 (Fed. Cir. 2008) (courts in patent claim construction cases
18 "not obligated to construe terms with ordinary" or "common" meanings)). The terms of the Siebel
19 and J.D. Edwards licenses in this case are not especially "technical or ambiguous" as a whole, and
20 consequently there is no need to summarize them in the broad terms Oracle proposes. For example,
21 one important clause in the J.D. Edwards license simply states: ▬▬▬▬▬▬▬▬▬▬

22 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

23 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

24 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ D.I. 242-
25 16. Each of the capitalized terms is defined in straightforward, simple language at the outset of the
26 agreement. No specialized knowledge or judicial gloss is required to understand the meaning of
27 these provisions.

28

Finally, it is not appropriate to instruct the jury as to the meaning of the Siebel and J.D. Edwards licenses to the extent factual disputes remain as to their meanings. *See Rich v. Outdoor Media Dimensions, Inc.*, 183 F. App'x 655, 657 (9th Cir. 2006) ("[u]nder Nevada law, it is the ***province of the jury*** to determine the meaning of an ambiguous contract" where the ambiguity can be resolved through fact-finding) (citing *Ringle v. Bruton*, 86 P.3d 1032, 1039 (Nev. 2004) (emphasis added)). Jury instructions may not "conclusively establish[]" the meaning of factually disputed terms, as that would strip the jury of one of its fact-finding functions. *Id.* For example, Oracle's proposed instruction that it is the Court's duty to "instruct [the jury] as to what the license agreements permitted and what they prohibited" (Mot. App'x at 2) would effectively resolve for the jury the ongoing dispute about the scope of the J.D. Edwards and Siebel licenses, and whether they could fairly be read to encompass Rimini Street's conduct, even though this Court expressly found that there were "disputed issues of material fact" as to at least some of those issues. *Rimini I*, 6 F. Supp. 3d at 1104 (refusing to grant summary judgment to Oracle based on Giant Cement's J.D. Edwards license).

### 2. The Proposed Instruction Is Incomplete and Unfairly Emphasizes Oracle's Theory of the Case.

The proposed instruction is incomplete and likely to mislead and confuse the jury about the terms of the Siebel and J.D. Edwards license agreements, because the blanket summaries Oracle proposes unduly emphasize its theory of the case and inaccurately represent that all the Siebel and J.D. Edwards licenses are identical. *See*, *e.g.*, *Hewlett-Packard Co. v. Mustek Sys., Inc.*, 2001 WL 36166855, at *4 (S.D. Cal. June 11, 2011) (granting defendant's motion to exclude any references to prior summary judgment order in favor of plaintiffs); *cf.* HP's Motion, 2001 WL 36151796 (S.D. Cal. May 25, 2001). Oracle does not even purport to show that the licenses are identical, instead improperly attempting to place the burden on defendants. Mot. at 7 ("Rimini has … failed to identify a single specific term that varies among licenses in a manner that would be material to Rimini's license defense."). Oracle is wrong as a matter of law. *See*, *e.g.*, *United States v. Laurent*, 607 F.3d 895, 902 (1st Cir. 2010) ("The burden is upon the party seeking the instruction" to point to evidence that supports the instruction.). And as shown below, the licenses are far from identical, and therefore

1 the entire premise of Oracle's proposed instruction is false.  *See*, *e.g*., *United States v. Daane*, 475
2 F.3d 1114, 1120-21 (9th Cir. 2007) (no error in rejecting instruction that was "not supported by the
3 … facts"); *Morhy v. Long*, 2015 WL 226015, at *8 (C.D. Cal. Jan. 16, 2015) (same).

As one prime example of how varied the license agreements are, the provision ███████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████ Differences in the source code permissions have significant implications for the scope of licenses generally and the type of permissible copying, which is directly relevant to the success of Oracle's allegations of copyright infringement and Rimini Street's license defense.

In addition, as a general matter, both the J.D. Edwards and Siebel licenses vary in their terms by licensee (*compare*, *e.g.*, Reckers Decl., Ex. D at 1-7, *with id.*, Ex. E at 1-10), and Oracle has made no showing that the provisions on which it wishes to rely are exemplary of, or common among, all the Siebel and J.D. Edwards licenses.  The Agreement between Siebel and Keynote Systems is illustrative.  ███████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████ *Id.*, Ex. D at 1.

And although Oracle attempts to rely on the Court's February summary judgment order as support for these new terms and conditions, it admits that the definition used in the jury instructions was based on the Court's interpretation of provisions in the "***PeopleSoft*** licenses" (Mot. at 7, emphasis added), and not the Siebel or J.D. Edwards licenses it attempts to limit.  ███████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████ As such, it is improper for Oracle to offer the jury a blanket definition of these terms.

Finally, the proposed "scope" instruction also asks the Court to insert limitations on terms and conduct that the licenses themselves do not contain. ████████████████████

████████████████████████████████████████████████████████

█████████████████████████████ but Oracle's proposed instruction specifically defines the term "archival, back-up or disaster recovery copy" without clarifying that this definition is not included within the license agreement itself. Mot. at 7.

### 3. Any "Scope" Instruction Would Need to Include a Fair and Even-Handed Description of the Scope of the License

Based on the foregoing, Rimini Street submits that no "scope" instruction is necessary. The license agreements say what they say and understanding what they permit or prohibit is plainly within the jury's ability. However, if the Court is nevertheless inclined to give a "scope" instruction, Rimini Street submits that such an instruction *must* include a fair and even-handed explanation of the scope of the license. *See Gulliford*, 136 F.3d at 1348; *Little*, 753 F.2d at 1433 n.3; *Sukenic v. Maricopa Cnty.*, 2004 WL 3522693, at *2 (D. Ariz. July 21, 2004) (court did not abuse its discretion in refusing to give one-sided instruction).

For example, ███████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████ Only if these and other provisions are included within the instruction would the jury receive a fair and balanced view of the dispute over the terms of the licenses. A copy of Rimini Street's proposed "scope" instruction is included in the Appendix.

## IV. CONCLUSION

The Court should reject Oracle's proposed "license defense" and "scope" instructions and give only defendants' proposed license defense instruction. If the Court determines that a scope instruction is necessary, the Court should give Rimini Street's proposed scope instruction.

DATED: June 29, 2015

SHOOK, HARDY & BACON

By: */s/ Robert H. Reckers*
Robert H. Reckers, Esq.
Attorney for Defendants
Rimini Street, Inc. and Seth Ravin

# APPENDIX

**PROPOSED REVISED INSTRUCTION 1:  COPYRIGHT DEFENSES—LICENSE**

Where Defendants assert a license defense to copyright infringement, the Defendants have the initial burden to identify any license provision(s) they believe excuses the infringement. If Defendants satisfy this burden, then it becomes Oracle's burden to prove by a preponderance of the evidence that Rimini Street's copying or other infringement was not authorized by the express license.

Oracle enters into written license agreements with its customers that allow the customers to use copyrighted Oracle software and have access to support materials for that Oracle software. Defendants are permitted under the law to assert those license agreements as a defense, and so have satisfied their initial burden.  Defendants claim that these customer license agreements authorized certain of the conduct that Oracle alleges constituted copyright infringement, and it is Oracle's burden to show that the copying it alleges was not authorized by the agreements.

Authority:  *Oracle USA, Inc. v. Rimini Street, Inc.*, 6 F. Supp. 3d 1086, 1093 (D. Nev. 2014) ("As the party alleging the affirmative defense, Rimini has the initial burden to identify any license provision(s) that it believes excuses its infringement."); *Netbula, LLC v. Bindview Dev. Corp.*, 516 F. Supp. 2d 1137, 1151 (N.D. Cal. 2007) ("Where the existence of a license is not in dispute, and only the scope of the license is at issue, the copyright owner bears the burden of proving that the defendant's copying was unauthorized."); *see also Bourne v. Walt Disney Co.*, 68 F.3d 621, 631 (2d Cir. 1995); *Michaels v. Internet Ent. Group, Inc.*, 5 F. Supp. 2d 823, 831 (C.D. Cal. 1998).

**PROPOSED REVISED INSTRUCTION 2:  TERMS OF LICENSE AGREEMENTS**

I will now instruct you regarding the terms of the license agreements in this case.

Oracle's license agreements allowed Oracle's customers—referred to as "licensees"—to copy the licensed software, subject to certain limitations.  Oracle's license agreements also allowed Oracle's customers to hire third parties such as Rimini Street to provide support services in connection with the licensed software, again subject to certain prohibitions.

I will now instruct you regarding the meaning of the license agreements for PeopleSoft, Siebel, and J.D. Edwards.

With respect to PeopleSoft software and support materials:

The rights granted by the PeopleSoft licenses to the licensee are not limited or restricted to any specific physical embodiment of the software, such as Oracle's provided software installation media.[1] Rather, the license rights extend to and apply equally to the copies of the copyrighted software regardless of the specific installation media used to make those copies.[2]

The PeopleSoft licenses permit the licensee to make a reasonable number of copies of the software for: (i) the licensee's internal data processing operations; (ii) archive and emergency backup purposes; and/or (ii) disaster recovery testing purposes.[3] The PeopleSoft licenses further permit the licensee to modify or merge the software with other software.[4] The PeopleSoft licenses further permit the licensee to make a reasonable number of copies of the PeopleSoft documentation.[5]

In addition, the PeopleSoft licenses permit disclosure of the software to the licensee's employees and to third-party consultants, like Rimini Street.[6] The PeopleSoft licenses further permit third parties, like Rimini Street, to access and use PeopleSoft software and support materials to provide services to the licensee concerning licensee's use of the software.[7] The Court, however, has held the PeopleSoft licenses did not contain express provisions allowing Rimini Street to copy PeopleSoft software or support materials on or from Rimini Street's own computer systems.[8]

---

[1] D.I. 474 at 10 (Order on Oracle's First Motion for Partial Summary Judgment).

[2] *Id.*

[3] *See* D.I. 242-10 at §§ 1.1 and 1.2(b) (City of Flint's PeopleSoft License).

[4] *See id.* at § 1.2(c).

[5] *See id.* at § 1.3.

[6] *See id.* at § 4.2.

[7] *See id.* at § 14.2.

[8] Rimini Street respectfully reserves all appellate rights with respect to this finding.

With respect to Siebel software and support materials:

The Siebel licenses permit third parties, like Rimini Street, to copy a licensee's Siebel software and support material onto the third party's own computer systems for archival, emergency backup, and/or disaster recovery purposes, as well as related testing.[9]

With respect to J.D. Edwards software and support materials:

The J.D. Edwards licenses permit third parties like Rimini Street, who were engaged by a licensee to provide support or other services, to copy J.D. Edwards software and support materials onto their computer systems when necessary for the licensee's archival needs and to support the licensee's users.[10]

---

[9] *See* D.I. 242-17 at §§ 2.1 (iv), (vii), and (viii) (Novell's Siebel License); *see also* D.I. 474 at 23-24 (Order on Oracle's First Motion for Partial Summary Judgment).

[10] *See* D.I. 242-16 at Article II, Section 7(iii) (Giant Cement's J.D. Edwards License); D.I. 474 at 21-23 (Order on Oracle's First Motion for Partial Summary Judgment); *see also id.* at D.I. 242-16 at Article II.1(ii) (contractors may access the software); *id.* at IV.5 (third party services are allowed); *id.* at VI.4 (consultants may be provided confidential information, including the software).