| | |
|---|---|
| SHOOK, HARDY & BACON LLP | GIBSON, DUNN & CRUTCHER LLP |
| B. Trent Webb, Esq. (*pro hac vice*) | Lauren Blas (*pro hac vice*) |
| Peter Strand, Esq. (*pro hac vice*) | Blaine H. Evanson (*pro hac vice*) |
| Ryan D. Dykal Esq. (*pro hac vice*) | 333 S. Grand Ave. |
| 2555 Grand Boulevard | Los Angeles, CA  90071-3197 |
| Kansas City, Missouri 64108-2613 | Telephone: (213) 229-7000 |
| Telephone: (816) 474-6550 | lblass@gibsondunn.com |
| Facsimile: (816) 421-5547 | bevanson@gibsondunn.com |
| bwebb@shb.com | |
| | GREENBERG TRAURIG |
| Robert H. Reckers, Esq. (*pro hac vice*) | Mark G. Tratos, Esq. (Nevada Bar No. 1086) |
| 600 Travis Street, Suite 1600 | Brandon Roos, Esq. (Nevada Bar No. 7888) |
| Houston, Texas 77002 | Leslie Godfrey, Esq. (Nevada Bar No. 10229) |
| Telephone: (713) 227-8008 | 3773 Howard Hughes Parkway |
| Facsimile: (713) 227-9508 | Suite 400 North |
| rreckers@shb.com | Las Vegas, NV 89169 |
| | Telephone:  (702) 792-3773 |
| GIBSON, DUNN & CRUTCHER LLP | tratosm@gtlaw.com |
| Mark A. Perry (*pro hac vice*) | roosb@gtlaw.com |
| 1050 Connecticut Avenue, N.W. | godfreyl@gtlaw.com |
| Washington, DC 20036-5306 | |
| Telephone: (202) 955-8500 | LEWIS AND ROCA LLP |
| mperry@gibsondunn.com | W. West Allen (Nevada Bar No. 5566) |
| | 3993 Howard Hughes Parkway, Suite 600 |
| GIBSON, DUNN & CRUTCHER LLP | Las Vegas, Nevada 89169 |
| Joseph A. Gorman (*pro hac vice*) | Telephone: (702) 949-8200 |
| 555 Mission Street | wallen@LRRLaw.com |
| San Francisco, CA  94105 | |
| 415-393-8296 | RIMINI STREET, INC. |
| jgorman@gibsondunn.com | Daniel B. Winslow (*pro hac vice*) |
| | 6601 Koll Center Parkway, Suite 300 |
| | Pleasanton, CA 94566 |
| | Telephone:  (925) 264-7736 |
| | dwinslow@riministreet.com |

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL ITS OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE DISPUTED JURY INSTRUCTIONS AND ACCOMPANYING EXHIBITS B-E** |

7039278 v1

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010 (*See* Dkt. 55, "Protective Order"), Local Rule 10-5(b) and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Defendants Rimini Street, Inc. and Seth Ravin ("Rimini") respectfully requests that the Court grant leave to file under seal portions of its Opposition to Oracle's Motion to Determine Disputed Jury Instructions ("Opposition") and accompanying Exhibits B–E.  A public, redacted version of this Opposition was filed on June 29, 2015.  Additionally, on June 29, 1015, the unredacted version of Exhibits B–E were filed under seal.

The Protective Order provides that: "Counsel for any Designating Party may designate any Discovery Material as "Confidential Information" and as "Highly Confidential Information- Attorneys' Eyes Only" under the terms of the Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as "Confidential Information" or "Highly Confidential Information- Attorneys' Eyes Only" shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation". Protective Order at Paragraph 2.

The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

Sealing portions of the Opposition is requested because the document contains information that Oracle has designated as "Confidential" or "Highly Confidential Information – Attorneys' Eyes Only" under the terms of the Protective Order. This information includes license agreements that Oracle has designated "Confidential" and "Highly Confidential Information – Attorneys' Eyes Only."  The motion contains references to and portions of these license agreements that Oracle has designated "Highly Confidential Information – Attorneys' Eyes Only" under the terms of the Protective Order.  Disclosure of this information is likely to result in competitive harm to Oracle in future license agreement negotiations with current and potential licensees.

7039278 v1

The Protective Order provides that: "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' under the terms of this Protective Order **only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).** The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information –Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." Protective Order ¶ 2 (emphasis supplied).

A description of the Exhibits to be filed under seal referenced in this Opposition is included below:

1. **Exhibit B** consists of a copy of a license agreement between J.D. Edwards & Company and Dana Corporation.
2. **Exhibit C** consists of a copy of a license agreement between J.D. Edwards & Company and Baxter Sales Corp.
3. **Exhibit D** consists of a copy of a license agreement between Siebel Systems, Inc. and Keynote Systems.
4. **Exhibit E** consists of a copy of a license agreement between Siebel Systems, Inc. and Novell, Inc.

Thus, in identifying the Opposition Exhibits which contain Confidential or Highly Confidential material Rimini contends that good cause exists for sealing Exhibits B–E.

Rimini has submitted all other portions of the Opposition as well as all other exhibits to the Opposition, for filing in the Court's public files, which would allow public access to the filings except for the documents Rimini has designated as Confidential or Highly Confidential. Accordingly, the request to seal is narrowly tailored.

For the foregoing reasons, Rimini respectfully requests that the Court grant leave to file portions of this Opposition and accompanying Exhibits B-E under seal.

7039278 v1

| | | |
|---|---|---|
| 1 | DATED:      June 29, 2015 | SHOOK, HARDY & BACON |

By: __/s/ *Robert H. Reckers*_____
Rbert H. Reckers, Esq.

*Attorneys for Defendants*
*Rimni Street, Inc. and Seth Ravin*

### CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: __/s/ *Robert H. Reckers*
     Robert H. Reckers.

*Attorney for Defendants*
*Rimini Street, Inc., and Seth Ravin*

- 4 -

7039278 v1