SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand Esq. (*pro hac vice*)
Ryan D. Dykal Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 227-8008
Facsimile: (731) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone: (702) 792-3773
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
wallen@LRRLaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

*Attorneys for Defendants Rimini Street, Inc., and Seth Ravin*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S REPLY BRIEF IN SUPPORT OF MOTION TO PRECLUDE CERTAIN DAMAGES EVIDENCE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(E) AND 37(C), OR, IN THE ALTERNATIVE, TO CONSOLIDATE** |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 3

A. It Is Undisputed That Oracle Failed to Supplement Its Expert Report by the November 21, 2014 Deadline and Excusing Oracle's Failure to Do So Would Prejudice Defendants ............................................................................................. 3

B. Oracle Should Not Be Permitted to Salvage Its Forfeited Damages in *Rimini I* by Adding Them to *Rimini II* ..................................................................................... 5

    1. Oracle's Newly Alleged Counterclaims in *Rimini II* Arise from the Same Facts at Issue in *Rimini I* .......................................................................... 6

    2. Oracle Incorrectly Applies the Ninth Circuit's Test for Claim-Splitting ..... 8

C. Alternatively, *Rimini I* and *Rimini II* Should Be Consolidated ............................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Cal. Dept. of Health Servs.*,
  487 F.3d 684 (9th Cir. 2007) ................................................................................. 1, 5, 6, 9, 10

*Atchley v. Pepperidge Farm, Inc.*,
  2008 WL 5377770 (E.D. Wash. Dec. 22, 2008) ................................................................. 8

*Burger v. Excel Contractors, Inc.*,
  2013 WL 5781724 (D. Nev. 2013) ...................................................................................... 4

*Carolina Cas. Ins. Co. v. Ortiz*,
  2009 WL 3627921 (E.D. Cal. Oct. 28, 2009) ..................................................................... 4

*Dayton Valley Investors v. Union Pacific R.R. Co.*,
  2010 WL 3829219 (D. Nev.) ............................................................................................... 3

*Dusky v. Bellaisaire Investments*,
  2007 WL 4403985 (C.D. Cal. Dec. 4, 2007) .................................................................... 11

*Estate of Gaither ex rel Gaither v. D.C.*,
  2008 WL 5869876 (D.D.C. Oct. 23, 2008) ......................................................................... 5

*Ferring BV Actavis, Inc.*,
  2014 WL 3697260 (D. Nev. July 23, 2014) .............................................................. 6, 8, 10

*First Mercury Ins. Co. v. SQI, Inc.*,
  2014 WL 496685 (W.D. Wash. Feb. 6, 2014) .................................................................. 10

*Greenawalt v. Sun City W. Fire Dist.*,
  250 F. Supp. 2d 1200 (D. Ariz. 2003) ................................................................................. 5

*Hicks v. Dairyland Ins. Co.*,
  2009 WL 2243794 (D. Nev. 2009) ...................................................................................... 3

*Hoffman v. Constr. Protective Servs., Inc.*,
  541 F.3d 1175 (9th Cir. 2008) ............................................................................................. 1

*Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
  877 F.2d 777 (9th Cir. 1989) ............................................................................................. 10

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ............................................................................................... 5

*KGK Jewelry LLC v. ESDNetwork*,
  2014 WL 7333291 (S.D.N.Y. Dec. 24, 2014) .................................................................. 11

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Lawlor v. National Screen Service Corp.*,
  349 U.S. 322 (1955) .................................................................................................. 9

*Morgan v. Napolitano*,
  2012 WL 4755034 (E.D. Cal. Oct. 4, 2012) .............................................................. 10

*Oracle USA, Inc. v. SAP AG*,
  264 F.R.D. 541 (N.D. Cal. 2009) ................................................................................ 2

*Semtech Corp. v. Royal Ins. Co. of Am.*,
  2005 WL 6192906 (C.D. Cal. Sept. 8, 2005) .............................................................. 5

*Single Chip Systems Corp. v. Intermec IP Corp.*,
  495 F. Supp. 2d 1052 (S.D. Cal. 2007) ................................................................... 5, 9

*Stearns v. Ticketmaster Corp.*,
  655 F.3d 1013 (9th Cir. 2011) .................................................................................... 9

*Tracy v. Clark*,
  2009 WL 875284 (D. Nev. Mar. 27, 2009) ................................................................. 2

*Wong v. Regents of Univ. of Cal.*,
  410 F.3d 1052 (9th Cir. 2004) .................................................................................... 4

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
  259 F.3d 1101 (9th Cir. 2001) ................................................................................ 1, 3

**Rules**

Fed. R. Civ. P. 26(e)(2) .................................................................................................... 3

Fed. R. Civ. P. 37(c)(1) ................................................................................................ 1, 3

# INTRODUCTION

Oracle does not dispute that the deadline to supplement its expert report (November 21, 2014) has long passed, and that Oracle failed to meet that deadline. Nor does Oracle even attempt to demonstrate that its failure was "harmless" or "substantially justified," as required by Federal Rule of Civil Procedure 37(c)(1). *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008). In fact, Oracle has failed to offer any justification (let alone a substantial one) for why it waited until this close to trial (and to do so in the context of an opposition brief) to first request permission to supplement its expert report. Permitting Oracle to do so at this point in the litigation, with trial only weeks away, and with insufficient time for Rimini Street to challenge a revised report with deposition, a responsive report, and a potential *Daubert* challenge, would substantially prejudice Rimini Street, and this Court should therefore reject Oracle's request. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). And because the expert report does not include any damages for the December 2012 to February 13, 2014 time period, Oracle should be barred from seeking these damages at trial in *Rimini I* as an appropriate sanction under Federal Rule of Civil Procedure 37(c)(1). *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … at a trial").

In addition, Oracle should not be permitted to cure its failure to update its damages report in *Rimini I* by shoehorning those damages into *Rimini II*. Magistrate Judge Leen separated the two lawsuits by a clear dividing line (to which Oracle agreed)—this Court's February 13, 2014 summary judgment order in *Rimini I* finding Rimini Street liable for copyright infringement. After that summary judgment ruling, Rimini Street modified its business model so that it did not infringe under the Court's ruling, and then filed *Rimini II* seeking a declaration from the Court that its modified practices no longer infringed Oracle's copyrights. The *entire* purpose of *Rimini II* is to test a *different* business model; thus, the copyright issues in *Rimini II* are wholly distinct from those in *Rimini I*. Permitting Oracle to inject *Rimini II* with the issues in *Rimini I*, thereby allowing Oracle to seek overlapping relief in the two cases, would require retrying copyright infringement

and related issues in *Rimini II*. Courts in the Ninth Circuit have barred such improper "claim-splitting." *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).

This is not the first time Oracle has sought to inject lost profits damages evidence at the eleventh hour. In *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541 (N.D. Cal. 2009), the court granted defendant SAP's "motion to preclude certain damages evidence" because Oracle "failed to timely supplement [its expert] disclosures to update [its] damages theory," and therefore Oracle was "precluded from presenting evidence at a hearing or at trial that their lost profits damages" included the supplemental damages. *Id.* at 557. Rimini Street requests that this Court do the same.

Precluding Oracle from seeking damages between December 2012 and February 2014 is appropriate given Oracle's failure to update its damages report—a decision Oracle does not even attempt to justify. The consequences of Oracle's failure should be borne by Oracle, and not by Rimini Street, the Court, and the jury, who, under Oracle's proposal, would have to adjudicate overlapping time periods and infringement theories, the result of which would be confusion, wasted judicial resources, and a strong likelihood of duplicative liability or inconsistent adjudications.

The only other viable solution is for the Court to consolidate the two lawsuits. Oracle's primary objection to consolidation—that it would delay the September 14, 2015 trial in *Rimini I*—rings hollow because the delay is entirely of Oracle's own making. And the remaining factors weigh strongly in favor of consolidation. Indeed, recognizing that the two lawsuits overlap both factually and legally, Oracle and Rimini Street recently stipulated that "judicial economy would be served" by having the same district and magistrate judges preside over both *Rimini I* and *Rimini II*. *See Rimini Street, Inc. v. Oracle International Corp.*, 2:10-cv-00106-LRH-PAL, Dkt. 52 (May 11, 2015) (order consolidating cases). "Consolidating these two actions would be significantly more efficient than trying the cases individually and would eliminate the substantial duplication of labor which would otherwise result from addressing these cases separately [and] avoids the risk of potentially inconsistent outcomes" and duplicative liability. *Tracy v. Clark*, 2009 WL 875284, at *2 (D. Nev. Mar. 27, 2009). Consolidation would have the benefit as well of having a single jury adjudicate the common factual issues in the two actions.

In short, Rimini Street requests that this Court preclude Oracle (i) from amending its expert report in *Rimini I*, and (ii) from seeking pre-February 13, 2014 damages in *Rimini II*. Alternatively, Rimini Street requests that the Court consolidate both lawsuits.

## ARGUMENT

**A.  It Is Undisputed That Oracle Failed to Supplement Its Expert Report by the November 21, 2014 Deadline and Excusing Oracle's Failure to Do So Would Prejudice Defendants**

Oracle's opposition brief goes to great lengths to cloud the simple, undisputed fact that it missed the deadline to supplement its expert report. A straightforward analysis of Federal Rule of Civil Procedure 26 and this Court's orders demonstrates—and Oracle does not directly dispute—that the deadline to supplement was on November 21, 2014, and that Oracle missed that deadline. Oracle offers no justification, let alone a substantial justification, for its failure to supplement, and allowing Oracle to belatedly do so now would prejudice Rimini Street.

Rule 26 states that a party must supplement its expert report "by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Here, the Court ordered that "[t]he disclosures required by Fed. R. Civ. P. 26(a)(3) … shall be included in the pretrial order." Dkt. 109 at 5:16-17. The pretrial order was due on November 21, 2014, following several extensions jointly requested by the parties. Dkt. 520 ("no further extensions will be allowed"). Oracle did not supplement its expert report by that date, and it therefore missed the court-ordered deadline. *Dayton Valley Investors v. Union Pacific R.R. Co.*, 2010 WL 3829219 (D. Nev.) ("any additions or changes … must be disclosed by the time the party's pretrial disclosures … under Rule 26(a)(3) are due").

Exclusion of the expert's testimony is a proper sanction for failure to timely supplement an expert report under Rule 37, absent a showing that the failure was "harmless" or "substantially justified." Fed. R. Civ. P. 37(c)(1); *Hicks v. Dairyland Ins. Co.*, 2009 WL 2243794, at *4 (D. Nev. 2009) ("A literal reading of [Rule 37(c)(1)] compels the conclusion that an expert's trial testimony should be automatically excluded if a party fails to strictly comply with the requirements of Rule 26(a)(2)(B) unless the court finds that there was a substantial justification for the failure to make complete disclosure, or that the failure to disclose is harmless"); *Yeti by Molly*, 259 F.3d at 1106

(holding district court did not abuse discretion in excluding testimony of defendants' only damages expert as a sanction).

In this case Oracle has not offered justification, let alone substantial justification, for its failure to supplement in a timely manner. In fact, Oracle's brief is completely devoid of any explanation for why it waited until *now* to request permission to supplement its report. Instead, Oracle attempts to shift the issue, focusing instead on whether it *could have* amended its report and sought damages for the December 2012 to February 13, 2014 time period, repeatedly (and falsely) claiming that it could not have supplemented its expert report earlier because Rimini Street's supplemental productions in 2014 were incomplete. But that is both incorrect and completely irrelevant here. And Oracle does not even attempt to explain why it waited until now, two months before trial, to raise the issue, rather than filing a motion to compel or request for an extension before the November 2014 deadline expired.

Oracle's argument that the Court should treat the deadline to supplement its expert report as a scheduling order pursuant to Federal Rule of Civil Procedure 16 is misplaced. *See Burger v. Excel Contractors, Inc.*, 2013 WL 5781724, at *2 (D. Nev. 2013) ("The duty to supplement expert reports is governed by Rule 26(e)(2) and any sanctions from the failure to comply therewith stem from Rule 37(c), **not Rule 16(f)**") (emphasis added). In any case, Oracle's delay in waiting until this close to trial (three years after the close of expert discovery, ten months after the second summary judgment ruling, and eight months after Judge Leen's case management order) does not constitute the type of diligence required to amend a scheduling order under Rule 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) ("Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment" and "carelessness is not compatible with a finding of diligence"). Oracle's cited cases are likewise inapposite. *Estate of Gaither ex rel Gaither v. D.C.*, 2008 WL 5869876, at *1 (D.D.C. Oct. 23, 2008) (supplemental report permitted where, unlike here, it was served before the parties' pretrial disclosures); *Semtech Corp. v. Royal Ins. Co. of Am.*, 2005 WL 6192906, at *1, n.1 (C.D. Cal. Sept. 8, 2005) (permitting supplemental report a mere two months (rather than three years, as here) after the close of expert discovery and, unlike here, before the court issued a ruling on summary judgment); *Greenawalt v.*

*Sun City W. Fire Dist.*, 250 F. Supp. 2d 1200, 1206-07 (D. Ariz. 2003) (permitting late motion for summary judgment under Rule 16 and not addressing supplemental expert reports at all).

In addition, Oracle should not be permitted to supplement its report so long after the deadline, because doing so would substantially prejudice Rimini Street. Between now and the September 14 trial date Oracle would need to supplement its report, and then permit Rimini Street to depose Oracle's expert a second time on the amended report, amend its own rebuttal expert report, and (potentially) file another *Daubert* motion to exclude Oracle's report. Notably, Oracle concedes that (at least) each of these steps must be taken to alleviate any "prejudice" to Rimini Street resulting from the late amendment to the expert report, but it fails to explain how this schedule could be achieved. Opp. 5. And even if it were possible for Rimini Street to complete these steps before trial, the disruption to the schedule and Rimini Street's trial preparation would not be harmless. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2004) ("Disruption to the schedule of the court and other parties … is not harmless"); *Carolina Cas. Ins. Co. v. Ortiz*, 2009 WL 3627921, at *6 (E.D. Cal. Oct. 28, 2009) ("The burden of proving substantial justification or harmlessness is on the party that failed to comply with its disclosure obligations under Rule 26").

In short, Oracle has failed to demonstrate that it should be permitted to supplement its expert report, and its request should be denied.

**B.   Oracle Should Not Be Permitted to Salvage Its Forfeited Damages in *Rimini I* by Adding Them to *Rimini II***

Having failed to properly supplement its damages report in *Rimini I*, Oracle attempts to shoehorn them into *Rimini II*—a case involving a different business model and entirely different infringement allegations. Oracle indisputably seeks to add to *Rimini II* the exact same claims seeking the exact same relief as it seeks in *Rimini I*. This is unmistakable "claim-splitting," and this Court should preclude it. *Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007) ("The doctrine of claim splitting bars a party from subsequent litigation where the same controversy exists" in both the first and second lawsuit). Where a plaintiff "is

denied leave to amend" in the first lawsuit, it is improper claim-splitting to "file a second lawsuit based on the same facts." *Adams*, 487 F.3d at 688.

In *Single Chip*, the court barred the plaintiff from alleging a counterclaim for patent infringement in a second lawsuit seeking damages for the same infringement in a different time period. *Single Chip*, 495 F. Supp. 2d at 1064-65. Similarly, in *Ferring BV Actavis, Inc.*, 2014 WL 3697260 (D. Nev. July 23, 2014), the Court barred a plaintiff from seeking damages for patent infringement that it could have pursued in the prior lawsuit. *Id.* at *5 ("it is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together").

Likewise, here, Oracle asks this Court to allow it to seek damages in *Rimini II* that it also wants to pursue in *Rimini I* simply because it neglected to include those damages calculations in its expert report. Oracle's opposition mischaracterizes the nature of the two lawsuits at issue, fails to analyze the relevant factors, and puts forth arguments that have been expressly rejected by courts in this Circuit. Oracle does not cite a single case permitting the type of claim splitting it seeks to accomplish here, and there is not one.

**1. Oracle's Newly Alleged Counterclaims in *Rimini II* Arise from the Same Facts at Issue in *Rimini I***

The distinction between *Rimini I* and *Rimini II* is largely ignored in Oracle's opposition. Oracle filed *Rimini I* in January 2010 alleging, *inter alia*, that Rimini Street copied Oracle's copyright-protected software programs in order to provide software support services to its customers. On February 13, 2014, this Court granted in part Oracle's motion for summary judgment, holding that certain of Rimini Street's existing practices infringed Oracle's copyrights as a matter of law. Rimini Street then modified its business model and filed *Rimini II* seeking a declaration from the Court that its modified practices no longer infringed Oracle's copyrights. Oracle counter-claimed in *Rimini II*, alleging that Rimini Street's modified business model continues to infringe. Thus, the entire purpose of *Rimini II* is to test a *different* business model, and the copyright issues in *Rimini II* are, therefore, distinct from those in *Rimini I*.

Nevertheless, Oracle alleged copyright infringement counterclaims in *Rimini II* based on pre-February 2014 conduct that necessarily arises from Rimini Street's pre-February 2014 support model and conduct, thereby improperly "fil[ing] a second lawsuit based on the same facts" as the first. *Adams*, 487 F.3d at 688. As the claim-splitting doctrine recognizes, it simply makes no sense for *some* aspects of Rimini Street's pre-February 2014 conduct to be tried in *Rimini I*, and the rest to be tried in *Rimini II*, guided only by what Oracle decided to allege in one lawsuit versus the other. Magistrate Judge Leen recognized this sensible dividing line—February 13, 2014—and therefore wrote in her case management order: "Oracle has offered to stipulate not to seek damages in this case for the period on or after the District Court's February 13, 2014 order, and the Court will hold Oracle to that offer." Dkt. 515 at 3.

Oracle ignores Judge Leen's actual ruling drawing the dividing line between *Rimini I* and *Rimini II*. *Id.* Oracle instead focuses on the Court's statement three sentences later that "[d]iscovery will remain closed, and the case will remain as it was put in at the close of discovery." By this statement, Judge Leen was clearly ruling on the parties' dispute regarding whether additional discovery on Rimini Street's new non-infringing support model would take place in *Rimini I* (it did not, because *Rimini I* concerns only pre-February 2014 conduct). Indeed, at the hearing, Judge Leen elaborated, stating that "the case is going to be the case that was … discovered and closed after the expert disclosure deadlines ***and the pretrial order***" (issued later, on January 12, 2015). Dkt. 555-12 at 25:23-26:2 (October 9, 2014 Hrg. Tr.) (emphasis added).

Oracle now argues that Judge Leen's statement was meant to draw a dividing line between *Rimini I* and *Rimini II* at the "close of discovery" in *Rimini I*, *i.e.*, December 19, 2011. Oracle Opp. 11:1-3 ("The Court has already established a clear dividing line between the two cases: the close of discovery in *Rimini I*"). But Oracle cannot square this argument (that *Rimini I* involves only pre-December 2011 conduct), with its current request to *supplement* its expert report to include *post*-December 2011 damages. Oracle fails to reconcile, or even acknowledge, these two directly conflicting positions that it takes in the same brief. Remarkably, Oracle *also* argues that the dividing line between the two cases is "the date the [latest] complaint was filed" in *Rimini I*, *i.e.*, June 1, 2011. *Id.* at 8:5-18. And Oracle's expert offers yet *another* dividing line, calculating

7
REPLY IN SUPPORT OF MOTION TO PRECLUDE CERTAIN DAMAGES EVIDENCE OR TO CONSOLIDATE

damages "through the end date of trial." But the only dividing line that makes any sense is the one drawn by Judge Leen, which reflects the different nature of the two lawsuits—*Rimini I* concerns Rimini Street's original allegedly infringing conduct, and *Rimini II* concerns the question of whether the subsequent, modified conduct infringes at all.

### 2. Oracle Incorrectly Applies the Ninth Circuit's Test for Claim-Splitting

Oracle fails to analyze the correct factors for determining whether allegations constitute improper claim-splitting (discussed above), instead making up factors that are entirely inapplicable here. Opp. 7:10-16. Specifically, Oracle argues that four factors counsel against a finding of improper claim-splitting: (i) different time period, (ii) different customers, (iii) continuing tort doctrine, and (iv) no prejudice or gamesmanship. These are not the factors courts consider in deciding whether to bar a claim as improper claim-splitting, and even these factors do not support Oracle's argument.

***Different Time Period.*** First, Oracle argues that any damages that post-date the *filing of the complaint* in *Rimini I* cannot be barred by the claim-splitting doctrine. There is no authority for this position, and it conflicts with *Single Chip* and *Ferring*. Mot. at 13; *Ferring*, 2014 WL 3697260, at *5 (dismissing second cause of action where plaintiff had "ample opportunity" to seek damages in first trial). Oracle relies on *Atchley v. Pepperidge Farm, Inc.*, 2008 WL 5377770 (E.D. Wash. Dec. 22, 2008), but the court there permitted the second lawsuit (*Atchley II*) to go forward *not* because the allegations post-dated the filing of the first complaint, but rather, because the complaint in the second lawsuit was "materially different from the causes of action asserted in *Atchley I*." *Id.* at *2 ("the instant action involves allegations regarding the termination and resale of the distributorship, rather than the purchase, formation and operation thereof, the subject of *Atchley I*"). By contrast, Oracle's counterclaim in *Rimini II* involves the same allegations of copyright infringement—based on Rimini Street's pre-February 2014 conduct—that is the subject of *Rimini I*. Moreover, Oracle seeks to add to *Rimini II* identical damages and forms of post-judgment relief, *i.e.*, an injunction barring Rimini Street from providing services to its clients pursuant to its pre-February 2014 conduct. That is precisely the same conduct that is being litigated in *Rimini I*.

In addition, Oracle's conduct in *Rimini I* contradicts the assertion in its opposition brief that the scope of *Rimini I* should be limited to the date the complaint was filed. Rimini Street provided Oracle with ample supplemental discovery regarding the time period between the close of fact discovery (December 5, 2011) and the Court's February 13, 2014 summary judgment order. Dkt. 553 at 4-6, 8. As noted above, Oracle's expert stated multiple times that she was calculating damages "through the end date of trial." Dean Rep. ¶¶ 89, 119, and 378. Indeed, Schedule 16 to Oracle's damages report lists dozens of clients for which the "Damages Start Date" began *after* the filing of the *Rimini I* complaint. Oracle ***does not even respond*** to these facts in its opposition brief.

***Different Customers.*** Oracle argues that its counterclaim in *Rimini II* relates to customers not at issue in *Rimini I*. Specifically, Oracle references 145 additional customers "[f]or the period between September 2011 and February 2014." Oracle Opp. 9:11-13. But those customers are not at issue in *Rimini I* because Oracle failed to supplement its expert report to include them. Rimini Street provided thousands of pages of documents relating to those customers between February and August 2014, and Oracle never filed a motion to compel or otherwise complained that it did not have a "full and fair opportunity" to litigate its pre-February 2014 damages. Oracle's failure to supplement its expert report to include these customers does not somehow make them proper subjects of a subsequent lawsuit based on the same infringing conduct. *Adams*, 487 F.3d at 688 ("the fact that plaintiff was denied leave to amend does not give her the right to file a second lawsuit based on the same facts"); *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1025 (9th Cir. 2011) (describing actions barred for impermissible claim-splitting as cases "where a plaintiff was, in effect, attempting to avoid an unfavorable prior ruling in one case by filing essentially the same claims in a new case"). Oracle does not get a second bite at the apple because it failed to supplement its expert report in *Rimini I*.

***Different Copies/Different Rights.*** Oracle next argues that because copyright infringement is a continuing tort, "each new act of infringement is a distinct tort," and therefore the same "right" is not involved in *Rimini I* and *Rimini II*. Opp. at 10:1-9. This very argument was rejected in *Single Chip*, where the court noted that "the Supreme Court expressly rejected the argument that resolution of res judicata should turn on whether the parties' conduct is regarded as a series of

individual torts or as one continuing tort. Instead, the Court looked to the character of the conduct, *i.e.*, the specific factual basis, of both suits in order to determine if the same cause of action existed." *Single Chip*, 495 F. Supp. 2d at 1064-65 (citing *Lawlor v. National Screen Service Corp.*, 349 U.S. 322 (1955)). Here, Oracle's copyright infringement counterclaim is based on the same copyright infringement at issue in *Rimini I*, which was the subject of ample discovery between February and August 2014 in *Rimini I*.

*Prejudice/Gamesmanship.* Finally, Oracle halfheartedly argues that Rimini Street will not be prejudiced if it is allowed to assert its counterclaim in *Rimini II*. But under Oracle's proposal, the lawsuits would involve overlapping time periods and infringement theories, the result of which would be confusion, wasted judicial resources, and a strong likelihood of duplicative liability or inconsistent adjudications, all because Oracle failed to timely supplement its expert report in *Rimini I*. This exemplifies the kind of "piecemeal litigation that the doctrine of claim preclusion is intended to prevent." *Ferring*, 2014 WL 3697260, at *5.

**C.  Alternatively, *Rimini I* and *Rimini II* Should Be Consolidated**

Where, as here, a party improperly splits its cause of action, the Court has discretion to "consolidate both actions" if it decides not to strike the untimely claim. *Adams*, 487 F.3d at 688; *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 780 (9th Cir. 1989) ("The court has broad power under this rule to consolidate cases"). If the Court is unwilling to hold Oracle to the consequences of its failure to supplement its report and bar Oracle from pursuing damages between December 2012 and February 2014, the only plausible and fair option is for the Court to consolidate the two actions.

First of all, the parties have already stipulated that the cases involve common factual and legal issues and therefore "judicial economy would be served" by having the same district and magistrate judges preside over both *Rimini I* and *Rimini II*. *See Rimini Street, Inc. v. Oracle International Corp.*, 2:10-cv-00106-LRH-PAL, Dkt. 52 (May 11, 2015) (order consolidating cases); *see* Fed. R. Civ. P. 42(a) (empowering court to consolidate actions involving common questions of law or fact). And many of the same witnesses will be required to travel to Las Vegas for both trials. *See Morgan v. Napolitano*, 2012 WL 4755034, at *3 (E.D. Cal. Oct. 4, 2012)

("Given the factual and legal identities between the matters, a second lawsuit would also mean a tremendously duplicative expenditure of effort and resources by the parties, the witnesses, and the court. This is especially true [where] most of the witnesses are from outside [of] the … area …. There seems little merit in requiring these far-flung individuals to testify at a second trial").

Consolidating the cases for a unitary trial would have the additional benefit of having a single jury adjudicate the claims, eliminating the risk of "inconsistent adjudications of common factual and legal issues." *Id.* at *2; *First Mercury Ins. Co. v. SQI, Inc.*, 2014 WL 496685, at *3 (W.D. Wash. Feb. 6, 2014) ("Consolidation also reduces the risk of inconsistent results in the two cases."). Indeed, both lawsuits would involve, at a minimum: (i) Rimini Street's pre-February 2014 conduct, including duplicative evidence and witnesses; (ii) non-infringing alternatives, including the availability, feasibility, and cost of employing a remote-only support model; and (iii) damage to Oracle during the post-December 2011 and pre-February 2014 time period, among many other common legal and factual issues.

Judicial economy is also served by consolidating the cases, since many of the same issues will arise in both trials, and it makes little sense for the Court and its staff to travel to Las Vegas *twice* for trials that will address many common issues. *See Dusky v. Bellaisaire Investments*, 2007 WL 4403985, at *1 (C.D. Cal. Dec. 4, 2007) ("The purpose of consolidation is to enhance court efficiency and avoid the danger of inconsistent adjudications"); *KGK Jewelry LLC v. ESDNetwork*, 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014) ("Consolidation is warranted where it promoted judicial economy, and serves to eliminate the waste associated with … multiple trials, and the danger of inconsistent verdicts") (internal citations omitted).

## CONCLUSION

Rimini Street requests that this Court preclude Oracle (i) from amending its expert report in *Rimini I*, and (ii) from seeking pre-February 13, 2014 damages in *Rimini II*. If the Court permits Oracle to seek pre-February 13, 2014 damages in *Rimini II*, Rimini Street requests that the Court consolidate the lawsuits.

| | | |
|---|---|---|
| DATED: | July 6, 2015 | SHOOK, HARDY & BACON |

By: */s/ Robert H. Reckers*
Robert H. Reckers, Esq.
Attorney for Defendants

Rimini Street, Inc. and Seth Ravin

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed, on July 6, 2015, with the Court's CM/ECF system which will send notice, via email, to registered attorneys as indicated below.

| | |
|---|---|
| BOEIS, SCHILLER & Flexner LLP<br>Beko O. Reblitz-Richardson *(pro hac vice)*<br>Kieran Ringgenberg *(pro hac vice)*<br>Steven Holtzman *(pro hac vice)*<br>Richard J. Pocker<br>1999 Harrison Street, Ste. 900<br>Oakland, CA  94612<br>Telephone: 510-874-1000<br>kringgenberg@bsfllp.com<br>sholtzman@bsfllp.com<br>rpocker@bsfllp.com | Deborah K. Miller *(pro hac vice)*<br>Dorian E. Daley *(pro hac vice)*<br>James C. Maroulis *(pro hac vice)*<br>Oracle Corporation<br>500 Oracle Parkway<br>Redwood City, CA 94070<br>Telephone: 650-506-4846<br>deborah.miller@oracle.com<br>dorian.daley@oracle.com<br>james.maroulis@oracle.com |
| MORGAN LEWIS & BOCKIUS LLP<br>John A. Polito *(pro hac vice)*<br>Kristen A. Palumbo *(pro hac vice)*<br>Nitin Jindal *(pro hac vice)*<br>Thomas S. Hixson *(pro hac vice)*<br>One Market, Spear Street Tower<br>San Francisco, CA  94105<br>Telephone: 415-442-1001<br>john.polito@morganlewis.com<br>Kristen.palumbo@morganlewis.com<br>nitin.jindal@morganlewis.com<br>thomas.hixson@morganlewis.com<br><br>***Attorneys for Defendants Oracle International Corporation and Counter-Claimants Oracle International Corporation et al.*** | |

By: */s/ Robert H. Reckers*_____

Robert H. Reckers, Esq.

*Attorney for Rimini Street, Inc.*