| | |
|---|---|
| SHOOK, HARDY & BACON LLP | GREENBERG TRAURIG |
| B. Trent Webb, Esq. (*pro hac vice*) | Mark G. Tratos, Esq. (Nevada Bar No. 1086) |
| Peter Strand, Esq. (*pro hac vice*) | Brandon Roos, Esq. (Nevada Bar No. 7888) |
| Ryan D. Dykal Esq. (*pro hac vice*) | Leslie Godfrey, Esq. (Nevada Bar No. 10229) |
| 2555 Grand Boulevard | 3773 Howard Hughes Parkway |
| Kansas City, Missouri 64108-2613 | Suite 400 North |
| Telephone: (816) 474-6550 | Las Vegas, NV 89169 |
| Facsimile: (816) 421-5547 | Telephone: (702) 792-3773 |
| bwebb@shb.com | tratosm@gtlaw.com |
| | roosb@gtlaw.com |
| Robert H. Reckers, Esq. (*pro hac vice*) | godfreyl@gtlaw.com |
| 600 Travis Street, Suite 3400 | |
| Houston, Texas 77002 | LEWIS AND ROCA LLP |
| Telephone: (713) 227-8008 | W. West Allen (Nevada Bar No. 5566) |
| Facsimile: (713) 227-9508 | 3993 Howard Hughes Parkway, Suite 600 |
| rreckers@shb.com | Las Vegas, Nevada 89169 |
| | Tel: (702) 949-8200 |
| GIBSON, DUNN & CRUTCHER LLP | wallen@LRLaw.com |
| Mark A. Perry (*pro hac vice*) | |
| 1050 Connecticut Avenue, N.W. | RIMINI STREET, INC. |
| Washington, DC 20036-5306 | Daniel B. Winslow (*pro hac vice*) |
| Telephone: (202) 955-8500 | 6601 Koll Center Parkway, Suite 300 |
| mperry@gibsondunn.com | Pleasanton, CA 94566 |
| | Telephone: (925) 264-7736 |
| Blaine H. Evanson (*pro hac vice*) | dwinslow@riministreet.com |
| 333 South Grand Avenue | |
| Los Angeles, CA 90071 | |
| Telephone: (213) 229-7000 | |
| bevanson@gibsondunn.com | |

*Attorneys for Defendants Rimini Street, Inc., and Seth Ravin*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF ELIZABETH A. DEAN**<br><br>Trial Date: September 14, 2015 |

Oracle's proposed expert, Elizabeth Dean, offered two alternative methods of calculating damages resulting from Rimini Street's purported copyright infringement. Her primary analysis calculated a hypothetical license worth over $200 million, and her alternative analysis calculated lost profits at under $100 million. Dkt. 566; Declaration of Robert H. Reckers ("Reckers Decl."), Ex. A, Dean Rep. at 26 (Table 5). Her analysis under both theories was deeply flawed, and therefore Rimini Street moved to exclude Ms. Dean's testimony relating to these two methodologies in its *entirety*. Dkt. 563. In its Opposition Brief, Oracle *abandoned* its hypothetical license theory – the over $200 million hypothetical license – as well as its income approach, claiming that it has done so to "streamline the issues for trial." Opp. 2:14-19. Given this concession, the only theory for copyright infringement damages even available to Oracle at trial is for lost profits, though that theory should be excluded as well for the reasons set forth in Rimini's opening brief and as further explained in this Reply.

Significantly, Ms. Dean *admitted* in her expert report that

As foreshadowed by her own admissions, Ms. Dean's lost profits calculation is fundamentally unreliable and should be excluded because her analysis of any "causal link" between copyright infringement and lost profits is purely "speculative." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708-10 (9th Cir. 2004); *Good Tech. Corp. v. MobileIron, Inc.*, 2015 WL 3882608 (N.D. Cal. June 23, 2015). Rather than include in her calculation only those customers that left Oracle because of alleged infringement by Rimini Street, Ms. Dean devised a vastly over-inclusive model for determining which lost customers to include, such as *every* Oracle customer that became a Rimini Street customer. Ms. Dean ignored that many customers

Failing to address these clear flaws in Ms. Dean's analysis, Oracle's Opposition resorts to mischaracterizing Rimini Street's arguments, asserting that Rimini Street is seeking "a ruling that Oracle cannot prove causation, as a matter of law." Opp. 1:14-18. Not so. Rimini Street is asking this Court to exclude Ms. Dean's lost profits testimony, *because* the causation analysis disclosed in her report is unreliable and irrelevant and therefore inadmissible under *Daubert v. Merrell Dow Pharms.*, 43 F.3d 1311, 1320-22 (9th Cir. 1995), *remanded from* 509 U.S. 579 (1993). Whatever *other* evidence Oracle can present to demonstrate causation at trial is not the subject of the present motion.

Oracle also misstates the applicable legal standard, claiming in a footnote that it need not satisfy a "but for" causation test. *See* Opp. 11:15-28. That is incorrect. Ninth Circuit authority is clear that Oracle bears the burden of demonstrating it would have earned the allegedly lost profits ***but for*** the infringing activity. *Polar Bear*, 384 F.3d at 710; *Mackie v. Rieser*, 296 F.3d 909, 914 (9th Cir. 2002); *see Hamil Am., Inc. v. GFI*, 193 F.3d 92, 108 (2d Cir. 1999) ("'In the absence of convincing evidence as to the volume of sales that plaintiff would have obtained but for the infringement, the measure of lost profits may be rejected as too speculative'") (quoting 4 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 140.02[A], at 14-11 (1996)). And "mere speculation does not suffice to link the losses to the infringement" to satisfy that burden. *Polar Bear*, 384 F.3d at 710; *cf. also Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978) ("To obtain as damages the profits on sales he would have made absent the infringement …, a patent owner must prove … the absence of acceptable noninfringing substitutes").[1]

But speculation is all that Ms. Dean offers here. Indeed, Dean's report is riddled with speculative assertions (ignored in Oracle's Opposition), none of which are sufficiently reliable such

---

[1] Indeed, the existence of a non-infringing alternative throughout the period of infringement, which is not addressed here, is directly relevant to Oracle's burden to prove "but for" causation and will likely be a highly contested issue at trial.

that a jury could reach a verdict in Oracle's favor based on that evidence. For example, Dean ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ this speculation is insufficient to establish a "causal link between the infringement and" "lost profits" as a matter of law. *Polar Bear*, 384 F.3d at 708; *see also Crunchyroll, Inc. v. Pledge*, 2014 WL 1347492, at *3 (N.D. Cal. Mar. 31, 2014) ("It is entirely speculative" to assume that customers of infringer "would have" "automatically" become customers of copyright holder absent infringement given customer preferences unrelated to infringement). Rather, where, as here, the plaintiff cannot show that the loss of (or failure to gain) a particular customer is attributable to infringement, it "cannot recover damages related to [that] customer." *Polar Bear*, 384 F.3d at 708.

Oracle contends that Rimini Street does not challenge two out of three "components" of Dean's lost profits analysis: (i) discounts Oracle gave to customers to prevent them from defecting, and (ii) money Rimini Street *would have* paid Oracle to use its Database software. Opp. 2:3-13. This, too, is false. Oracle cannot recover for these categories of damages absent a showing of causation that any customers left Oracle because of Rimini Street's infringement, which it has not demonstrated. Similarly, Oracle is incorrect that Rimini Street does not challenge Dean's analysis of a hypothetical license with respect to the Oracle Database. Opp. 2:14-19. Rimini Street's motion challenged the *entire* hypothetical license damages calculation, including the Oracle Database. Dkt. 563 at 9:7 ("Dean's entire value of use calculations rely upon projections and expectations"), 1:10-12 (challenging entire damages figure). And Oracle's conclusory assertion that its Database "benchmark" is non-speculative and admissible ignores the non-infringing

3

REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY

7056674 v1

alternatives available to Rimini Street, and ignores Rimini Street's arguments that Dean improperly assumed unreasonable economic behavior for all aspects of the hypothetical license claims. Dkt. 563 at 13:9-23. It also completely ignores the fact that the Ninth Circuit has never affirmed a hypothetical license award in a lawsuit between two competitors.

Finally, Oracle's repeated plea that the Court should deny Rimini Street's motion because it goes to the weight of the evidence, and not its admissibility, rings hollow. Ms. Dean should not be permitted to testify on matters that could not support a jury verdict as a matter of law. *Polar Bear*, 384 F.3d at 710 (reversing jury verdict and remanding for new trial because lost profits award was based on "pie-in-the-sky" speculative expert testimony). Such testimony is irrelevant and therefore inadmissible under Rule 702. *See Daubert*, 43 F.3d at 1320-22. And in any case, the Court should enter an order excluding evidence related to a hypothetical license and income approach, given that Oracle has abandoned those theories, and it will not be part of Dean's testimony or the upcoming trial.

Rimini Street therefore respectfully requests that this Court exclude any expert testimony of Ms. Dean with respect to lost profits and fair market value damage theories.

DATED: July 9, 2015                         SHOOK, HARDY & BACON

                                          By:   */s/ Robert H. Reckers*
                                                   Robert H. Reckers, Esq.
                                                   Attorney for Defendants
                                                   Rimini Street, Inc. and Seth Ravin