UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ORACLE USA, INC.; *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RIMINI STREET, INC., a Nevada ) <br> corporation; SETH RAVIN, an individual; ) <br> ) <br> Defendants. ) | 2:10-CV-00106-LRH-PAL <br><br> ORDER |

Before the court are defendants Rimini Street, Inc. ("Rimini") and Seth Ravin's ("Ravin") (collectively "defendants") motion in limine to exclude evidence concerning non-party TomorrowNow, Inc. (Doc. #559[1]) and motion in limine to exclude expert testimony (Doc. #563). Plaintiffs Oracle USA, Inc.; Oracle America, Inc.; and Oracle International Corporation (collectively "Oracle") filed oppositions to the motions (Doc. ##605, 600 respectively).

**I.   Facts and Procedural History**

This action has an extensive factual and procedural history. In brief, plaintiff Oracle develops, manufacturers, and licenses computer software. Oracle also provides support services to customers who license its software. Defendant Rimini is a company that provides similar software support services to customers licensing Oracle's software and competes directly with Oracle to

---

[1] Refers to the court's docket number.

provide these services. Defendant Ravin is the owner and CEO of defendant Rimini and was a former owner and president of non-party TomorrowNow, Inc. ("TomorrowNow").

On January 25, 2010, Oracle filed a complaint for copyright infringement against defendants alleging that Rimini copied several of Oracle's copyright-protected software programs onto its own computer systems in order to provide software support services to customers. This action is currently set for trial in September 2015. Defendants filed the present motions in limine to allow the court to address certain evidentiary issues before trial. *See* Doc. ##559, 663.

## II.  Legal Standard

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2012). The decision on a motion in limine is consigned to the district court's discretion - including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless "the evidence [is] inadmissible on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Even then, rulings on these motions are not binding on the court, and the court may change such rulings in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41 (1984).

Generally, all relevant evidence is admissible. FED. R. EVID. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008).  However, the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403. Further, evidence may be

excluded when there is a significant danger that the jury might base its decision on emotion or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

### III.    Discussion

**A.  Motion to Exclude Evidence About Non-Party TomorrowNow (Doc. #559)**

In their first motion in limine, defendants seek to exclude any inquiry, evidence, or argument concerning: (1) any aspect of the lawsuit filed by Oracle against TomorrowNow in 2007 and the subsequent appeal of that case; (2) TomorrowNow's copyright infringement of Oracle's software and stipulation of infringement; and (3) the filing of a criminal information for copyright infringement against TomorrowNow, and the subsequent plea agreement and fine (collectively the "TomorrowNow evidence"). *See* Doc. #559. Defendants seek to exclude this evidence as irrelevant to the present action under Rule 401 and unfairly prejudicial and burdensome under Rule 403. *Id*.

The court has reviewed the documents and pleadings concerning this motion and finds that the present motion should be denied without prejudice. The court is cognizant that the identified TomorrowNow evidence covers an extraordinary amount of information and that defendants are seeking a general ruling excluding this entire class of information under Rule 401 and Rule 403 rather than any specific documents or proposed testimony. This type of broad motion makes it difficult for the court to fashion specific evidentiary rulings prior to trial and the court is loathe to make such a broad and general exclusion of evidence when the evidence has not been presented in context and covers information for which the court is not yet familiar. The court recognizes that certain pieces or aspects of this evidence may not be relevant or may be at the time too confusing for the jury or unduly prejudicial as Rimini contends, but the court cannot make that determination at this time until it is more familiar with the evidence and the manner that it will be used and introduced at trial. The impossibility of a general exclusion of this evidence is especially true in this action as Oracle has identified several areas where the TomorrowNow evidence may be

relevant including its claims for unfair competition and tortious interference with contractual relations[2] as well as Rimini's defenses of standard industry practice and lack of lost profits.[3] Thus, the court finds that it is more appropriate to address these evidentiary issues at trial so the court can fully understand the nature of the evidence, the manner for which it will be used, and the manner it is being presented. The court finds that this approach will allow the court a more thorough opportunity to address specific objections to specific pieces of evidence and proposed testimony that a general blanket order cannot accomplish. Therefore, the court shall deny this motion without prejudice. Any specific concerns or objections Rimini has to a specific piece of evidence or the manner in which it is being presented may be raised at trial.

### B. Motion to Exclude Expert Testimony (Doc. #563)

Under the Copyright Act, a party that successfully establishes copyright infringement is entitled to (1) statutory damages; and/or (2) actual damages. 17 U.S.C. § 504(a). Actual damages can be awarded either in the form of lost profits or the fair market value of the copyrighted work at the time of the infringement established using a hypothetical license. *See Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087 (9th Cir. 2014).

In their motion, defendants seek to exclude the expert testimony of Oracle's damages expert Elizabeth A. Dean ("Dean") as it relates to both her lost profits and her hypothetical license opinions. *See* Doc. #563. In particular, defendants argue that Deans' hypothetical license opinion is highly speculative and relies on unrealistic and speculative damage approaches that have been

---

[2] In this action, Oracle has alleged that Rimini made misrepresentations about its business model, as well as the impact of the TomorrowNow litigation on its business model, to Oracle customers in order to lure them away from Oracle. Thus, evidence about the TomorrowNow litigation and TomorrowNow's infringement is relevant to whether Rimini's statements about its business model were false.

[3] In one of its defenses Rimini has alleged that Oracle did not lose profits to Rimini because those customers who chose Rimini would have gone to another third-party servicer like TomorrowNow. However, evidence that TomorrowNow engaged in copyright infringement is relevant to whether that company can constitute a valid alternative for Oracle's damages computation and whether Oracle would have regained those customers lost to Rimini if Rimini had not engaged in copyright infringement.

rejected by other courts, and therefore, her opinion is not based on reliable principles and methods in accordance with Rule 702 of the Federal Rules of Evidence. *Id*. Similarly, defendants contend that Deans' lost profits opinion is not supported by the evidence and should likewise be excluded. *Id*.

An expert witness can testify about his or her opinion on a matter if "(a) the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. Evid. 702. A district court must ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592-93.

> Although "[m]any factors will bear on the inquiry," some of the considerations considered relevant by the Supreme Court to such an assessment include: (a) whether the theory or technique can and has been tested; (b) whether the theory or technique has been subjected to peer review and publication; (c) the known or potential rate of error for the technique; and (d) the theory or technique's general degree of acceptance in the relevant scientific community.

*Boyd v. City and Cnty. of S.F.*, 576 F.3d 938, 945 (9th Cir. 2009) (citing *Daubert*, 509 U.S. at 593-94). A trial court "is not required to rigidly apply the specific factors relating to expert scientific evidence to cases involving expert specialized knowledge evidence." *Visa Int'l Serv. Ass'n v. JSL Corp.*, No. 2:01-cv-0294, 2006 WL 3248394, at *2 (D. Nev. Nov. 7, 2006) (citing *United States v. Hankey*, 203 F.3d 1160, 1168-69 (9th Cir. 2000)).

In its opposition brief, plaintiff Oracle has stated that it is no longer pursuing any hypothetical license damages as it relates to Oracle's allegations of copyright infringement for its PeopleSoft, J.D. Edwards, and Siebel-branded software materials. *See* Doc. #600. Instead, Oracle is solely seeking lost profits damages for the alleged copyright infringement of these copyrighted

works. As such, defendants' arguments as they relate to Deans' hypothetical license opinion are moot and the court shall only address defendants' challenges to Deans' lost profits opinion.

In her expert opinion, Dean opines that Oracle lost $96.1 million in profits due to Rimini's infringement. Defendants argue that this opinion is unreliable and fails to demonstrate any casual link between Rimini's conduct and the lost profit damages sought by Oracle. In particular, defendants argue that Dean includes in her calculation evidence for customers that would have left Oracle even if another alternative had not been available, and as such, her lost profit damages includes customers that Oracle would not have regained.

Initially, the court notes that Rimini's motion does not challenge Dean's qualifications as a damage expert in this action or the appropriateness of the damage methodology she used. Rather, they dispute the evidence underlaying her calculations and thus, her ultimate opinion on the amount of profits lost by Oracle. Thus, the only issue before the court is whether there is evidence in the record to support Dean's calculations. The court finds that there is such evidence.

Contrary to Rimini's assertions, extrinsic evidence establishes that Rimini's infringement caused Oracle to suffer the lost profits that Dean describes in her report. The court has reviewed Dean's expert opinion and finds that her calculations and opinion are based on evidence in the record. Although Rimini disputes the validity of the underlying evidence, such a challenge and dispute does not affect the admissibility of Dean's lost profits opinion. Rimini may challenge that there is no causal relationship between its infringement and Oracle's lost profits because certain customers would not have used Oracle's services even if Rimini was not engaged in business, but such a challenge only goes to the weight the jury should give Dean's opinion and not its admissibility. When evaluating the admissibility of expert testimony, the overarching concern is that the evidence is relevant and that the methods used by the expert are reliable. *See Daubert*, 509 U.S. at 597. The court finds that Dean's lost profits opinion is relevant and reliable and is therefore admissible in this action. The court shall deny defendants' motion accordingly.

///

1   IT IS THEREFORE ORDERED that defendants' motion in limine to exclude evidence
2 concerning non-party TomorrowNow, Inc. (Doc. #559) is DENIED without prejudice.
3   IT IS FURTHER ORDERED that defendants' motion in limine to exclude expert testimony
4 (Doc. #563) is DENIED.
5   IT IS SO ORDERED.
6   DATED this 9th day of July, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE