
| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com | MORGAN, LEWIS & BOCKIUS, LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com |
| BOIES, SCHILLER & FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>5301 Wisconsin Ave, NW<br>Washington, DC 20015<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com | DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |
| BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com | |

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc. and
Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | No. 2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S OPPOSITION TO DEFENDANTS RIMINI STREET INC.'S AND SETH RAVIN'S MOTION TO BIFURCATE**<br><br>**[REDACTED]**<br><br>Judge:    Hon. Larry R. Hicks |

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 1

LEGAL STANDARD .............................................................................................................. 2

ARGUMENT ............................................................................................................................ 3

I. Oracle's Entitlement to Punitive Damages Should Be Determined During the First Phase of Trial. .................................................................................................. 3

    A. Determining Oracle's Entitlement To Punitive Damages In the First Phase Is Consistent With Applicable Law. ............................................................. 3

    B. It Would Be Inefficient to Separately Present Evidence Relevant to Oracle's Entitlement to Punitive Damages In the Second Phase. ........................... 5

II. Defendants' Willfulness Should Also Be Determined During the First Phase of Trial. ..... 6

    A. Evidence of Willfulness is Relevant to Oracle's Entitlement to Punitive Damages. .................................................................................................. 6

    B. Bifurcation Should Be Rejected Because Willfulness Is Relevant to Other Issues at Trial. .............................................................................................. 6

    C. Relevant Authority Rejects Bifurcation of Willfulness. ..................................... 11

    D. Excluding Evidence Relevant to Willfulness and Oracle's Entitlement to Punitive Damages Would Prejudice Oracle. ....................................................... 12

CONCLUSION ...................................................................................................................... 13

**TABLE OF AUTHORITIES**

**Cases**

*Abbott Biotech. Ltd. v. Centocor Ortho Biotech, Inc.*,
 55 F. Supp. 3d 221 (D. Mass. 2014) ................................................................................ 2

*Allen v. City of L.A.*,
 No. CV 10–4695 CAS (RCX), 2012 WL 1641712 (C.D. Cal. May 7, 2012) ........................ 6

*Capitol Records, Inc. v. MP3tunes, LLC*,
 No. 07 Civ. 9931(WHP), 2014 WL 503959 (S.D.N.Y. Jan. 29, 2014) ................................ 12

*Conboy v. Wynn Las Vegas, LLC*,
 No. 2:11–CV–1649 JCM (CWH), 2013 WL 1701073 (D. Nev. Apr. 18, 2013) .................... 6

*Danjaq LLC v. Sony Corp.*,
 263 F.3d 942 (9th Cir. 2001) .............................................................................................. 12

*Dream Games of Arizona, Inc. v. PC Onsite*,
 561 F.3d 983 (9th Cir. 2009) .............................................................................................. 11

*Feltner v. Columbia Pictures Television, Inc.*,
 523 U.S. 340 (1998) ........................................................................................................... 11

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
 778 F.3d 1059 (9th Cir. 2015) ............................................................................................ 4

*Hamm v. Am. Home Products Corp.*,
 888 F. Supp. 1037 (E.D. Cal. 1995) ................................................................................... 10

*Hangarter v. Provident Life & Accident Ins. Co.*,
 373 F.3d 998 (9th Cir. 2004) ........................................................................................... 2, 6

*Historical Research v. Cabral*,
 80 F.3d 377 (9th Cir. 1996) ................................................................................................ 11

*In re USA Commercial Mortgage Co.*,
 No. 2:07-CV-00892-RCJ, 2010 WL 4702341 (D. Nev. Nov. 12, 2010) ............................... 4

*Kamar Int'l, Inc. v. Russ Berrie & Co.*,
 752 F.2d 1326 (9th Cir. 1984) ............................................................................................ 9

*Lam Research Corp. v. Schunk Semiconductor*,
 65 F. Supp. 3d 863 (N.D. Cal. 2014) .................................................................................. 12

*Lindsay v. Lindsay*,
 No. 03:05-CV-00305-LRH (RAM), 2007 WL 201160 (D. Nev. Jan. 23, 2007) .................... 7

*Mattison v. Dallas Carrier Corp.*,
 947 F.2d 95 (4th Cir. 1991) ................................................................................................ 6

*Mendez v. Reinforcing Ironworkers Union Local 416*,
 No. 2:09-CV-02332-LRH, 2013 WL 1187441 ................................................................. 2, 6

*Oliver v. Geico Gen. Ins. Co.*,
 No. 2:15-CV-204 JCM (CWH), 2015 WL 4064748 (D. Nev. July 2, 2015) .................... 3, 11

*Oracle Corp. v. SAP AG*,
 765 F.3d 1081 (9th Cir. 2014) ............................................................................................ 9

*Pasina ex rel. Taputu v. Cal. Cas. Indem. Exch.*,
 No. 2:08-CV-01199-RCJ-(RJJ), 2010 WL 3860646 (D. Nev. Sept. 28, 2010) .................... 5

*Peer Int'l Corp. v. Pausa Records, Inc.*,
  909 F.2d 1332 (9th Cir. 1990) .................................................................................... 11

*Polar Bear Prods., Inc. v. Timex Corp.*,
  384 F.3d 700 (9th Cir. 2004) ...................................................................................... 11

*Powell v. Union Pac. R.R. Co.*,
  No. CIV. 2:09-1857 WBS CKD, 2013 WL 497636 (E.D. Cal. Feb. 7, 2013) ................. 3, 5, 10

*Precision Shooting Equip., Inc. v. Golden Eagle Indus., LLC*,
  No. 8:00-450CIV-T17TGW, 2005 WL 1669120 (M.D. Fla. July 8, 2005) ..................... 3

*Renfrow v. Redwood Fire & Cas. Ins. Co.*,
  288 F.R.D. 514 (D. Nev. 2013) ..................................................................................... 7

*Response of Carolina, Inc. v. Leasco Response, Inc.*,
  537 F.2d 1307 (5th Cir. 1976) ...................................................................................... 2

*Sherwin v. Infinity Auto Ins. Co.*,
  No. 2:11–CV–43 JCM (VCF), 2012 WL 600812 (D. Nev. Feb. 23, 2012) .................. 10

*Spears v. Adamson*,
  No. 3:04–CV–00087–LRH–RAM, 2009 WL 948544 (D. Nev. Apr. 6, 2009) ............... 5

*Spectra-Physics Lasers, Inc. v. Uniphase Corp.*,
  144 F.R.D. 99 (N.D. Cal. 1992) ................................................................................. 3, 12

*Three Boys Music Corp. v. Bolton*,
  212 F.3d 477 (9th Cir. 2000) ........................................................................................ 9

*Tracey v. Am. Family Mut. Ins. Co.*,
  No. 2:09–cv–01257–GMN–PAL, 2010 WL 3613875 (D. Nev. Sept. 8, 2010) ............. 7

*United States v. Ergs, Inc.*,
  No. 03:02-CV-0615-LRH, 2006 WL 778622 (D. Nev. Mar. 27, 2006) ........................ 7

*Unwired Planet, LLC v. Google Inc.*,
  No. 3:12-CV-00504-MMD-VPC, 2014 WL 7012499 (D. Nev. Dec. 12, 2014) ............ 3

*Wyeth v. Rowatt*,
  244 P.3d 765 (Nev. 2010) ............................................................................................. 4

*Young ex rel. Broughton v. Mercury Cas. Co.*,
  No. 2:09–CV–2399 JCM (LRL), 2010 WL 2757291 (D. Nev. July 8, 2010) .............. 11

**Statutes**

17 U.S.C. § 504(c) ................................................................................................................ 6, 11

17 U.S.C. § 505 ........................................................................................................................ 11

18 U.S.C. § 1030(a)(2) .............................................................................................................. 9

Cal. Civ. Code § 3295(d) ........................................................................................................... 4

Cal. Penal Code § 502 ........................................................................................................... 4, 9

Fed. R. Civ. P. 42(b) .................................................................................................................. 2

Nev. Rev. Stat. § 205.4765 ........................................................................................................ 9

Nev. Rev. Stat. § 42.005 .................................................................................................... 3, 4, 5

**Other Authorities**

9th Cir. Model Civ. Jury Instr. 17.25 (2007) ................................................................................ 11
9th Cir. Model Civ. Jury Instr. 17.27 (2007) .................................................................................. 9

1      Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.
(collectively, "Oracle" or "Plaintiffs") oppose in part Rimini Street, Inc.'s and Seth Ravin's
(collectively, "Rimini's" or "Defendants'") motion to bifurcate (the "Motion").

## INTRODUCTION

Oracle does not oppose Rimini's request to have a second phase of trial to assess the amount of punitive damages owed by Defendants, during which the jury would hear evidence concerning the current financial conditions of Mr. Ravin and Rimini Street and other relevant evidence.[1] Oracle does oppose Rimini's request to exclude from the first phase of trial the jury's determination of entitlement to punitive damages as well as unspecified "evidence of punitive damages" and "evidence of willfulness."

Relevant case law and the plain language of the Nevada statute on which Rimini relies direct that the jury should resolve the entitlement to punitive damages in the first phase of trial. All evidence of willful conduct by Rimini is relevant to whether punitive damages should be awarded against Rimini to show that Rimini's actions were malicious, oppressive, or in reckless disregard of Oracle's rights. There is no basis to otherwise exclude "evidence of punitive damages" from the first phase of trial.

Rimini's request to exclude "evidence of willfulness" is unprecedented and unfounded. The Ninth Circuit form instructions and case law establish that the jury should be instructed on the issue of willfulness as part of Oracle's claim for damages under the Copyright Act.

Evidence of Rimini's willful infringement and other intentional misconduct also is relevant to the other issues of liability and damages that will be decided in the first phase of trial. For example, evidence of Rimini's willful conduct is relevant to Oracle's intentional interference claim. Oracle seeks to prove that Rimini lied to customers – who would not have signed up for support with Rimini had they known the truth – including by ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Evidence

---

[1] Rimini did not meet and confer with Oracle before filing this motion, so there was no opportunity to discuss these issues in advance.

1  showing that Rimini willfully infringed Oracle's copyrights and never took those steps to prevent
2  infringement is relevant to show that Rimini made intentional misrepresentations.
3        Rimini's request to assess willfulness separately amounts to an attempt to withhold from
4  the jury an unidentified volume of evidence relevant to assessing Defendants' liability.  Rimini
5  does not actually identify any specific evidence that its motion would exclude from the first
6  phase of trial, nor does it define the category of "non-willful" evidence it deems acceptable in the
7  first phase.  Rimini does not identify a single trial exhibit or deposition designation that would be
8  relevant only to willfulness or liability for punitive damages.  If Rimini wishes to argue that any
9  specific piece of Oracle's trial evidence is irrelevant and inflammatory, the proper procedure
10 would be for Rimini to move to exclude specific evidence *in limine* or at trial.

## LEGAL STANDARD

12       Federal Rule of Civil Procedure 42(b) allows trial courts to "order a separate trial of one
13 or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for
14 "convenience, to avoid prejudice, or to expedite and economize" so long as the court
15 "preserve[s] any federal right to a jury trial."  Fed. R. Civ. P. 42(b).  Bifurcation is the exception
16 and not the rule.  Advisory Committee Note to the 1966 Amendment of Fed. R. Civ. P. 42(b)
17 ("separation of issues for trial is not to be routinely ordered").
18       Courts recognize that bifurcation is not the "usual course."  *Mendez v. Reinforcing*
19 *Ironworkers Union Local 416*, No. 2:09-CV-02332-LRH, 2013 WL 1187441, at *1 (D. Nev.
20 Mar. 19, 2013) ("the 'normal procedure' is to try punitive liability and amount issues together,
21 with appropriate instructions making clear the difference, since the evidence on these issues
22 'usually overlaps substantially'") (Hicks, J.) (quoting *Hangarter v. Provident Life & Accident*
23 *Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004)); *Response of Carolina, Inc. v. Leasco Response,*
24 *Inc.*, 537 F.2d 1307, 1323–24 (5th Cir. 1976) ("separation of issues is not the usual course that
25 should be followed and the 'the issue to be tried must be so distinct and separable from the others
26 that a trial of it alone may be had without injustice'") (citation omitted); *Abbott Biotech. Ltd. v.*
27 *Centocor Ortho Biotech, Inc.*, 55 F. Supp. 3d 221, 222–23 (D. Mass. 2014) (declining to
28 bifurcate a willful infringement determination in the patent context because defendant failed to

meet its burden, even when the "willfulness inquiry raises questions of defendant's subjective intent that are not otherwise relevant").

Bifurcation is particularly unwarranted when issues require the same evidence or witnesses. *E.g.*, *Oliver v. Geico Gen. Ins. Co.*, No. 2:15-CV-204 JCM (CWH), 2015 WL 4064748, at *2 (D. Nev. July 2, 2015) (declining to bifurcate trial where that "would require the parties to present the same evidence"); *Powell v. Union Pac. R.R. Co.*, No. CIV. 2:09-1857 WBS CKD, 2013 WL 497636, at *3–*4 (E.D. Cal. Feb. 7, 2013) (declining to bifurcate when "witnesses who will testify for each claim will [not] be so distinct that separating the liability portions of the trial would conserve judicial resources"); *Precision Shooting Equip., Inc. v. Golden Eagle Indus., LLC*, No. 8:00-450CIV-T17TGW, 2005 WL 1669120, at *2 (M.D. Fla. July 8, 2005) (declining to bifurcate "because of the overlapping evidence and testimony that will be heard in both the defenses").

"The moving party 'has the burden of proving that bifurcation is justified given the facts in [a] case.'" *Unwired Planet, LLC v. Google Inc.*, No. 3:12-CV-00504-MMD-VPC, 2014 WL 7012499, at *1 (D. Nev. Dec. 12, 2014) (quoting *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992)).

## ARGUMENT

### I. Oracle's Entitlement to Punitive Damages Should Be Determined During the First Phase of Trial.

Consistent with Nevada and California law and previous decisions in this District, the jury should decide Oracle's entitlement to punitive damages in the first phase of trial while the amount of such damages may be left for a second phase. It would be inefficient to exclude unspecified "evidence of punitive damages in the first phase" (Mot. at 2) and require the parties to call the same witnesses and present evidence again in the second phase.

#### A. Determining Oracle's Entitlement To Punitive Damages In the First Phase Is Consistent With Applicable Law.

Rimini relies on Nev. Rev. Stat. § 42.005 to support bifurcation and argues that it governs intentional interference with prospective economic advantage actions arising under Nevada state

law. Mot. at 6; *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1083 (9th Cir. 2015). Rimini incorrectly contends based on this statute that "Oracle's claim for punitive damages on its tort claims *must* be bifurcated into a separate proceeding" and that Nevada law "*requires*" the Court to bifurcate the determination of "Oracle's entitlement to punitive damages." Mot. at 2, 6, 7 (citing Nev. Rev. Stat. § 42.005).

Rimini's proposal that the jury decide the "entitlement to punitive damages *and* the amount that should be assessed" in the second phase (Mot. at 1 (emphasis added)) violates the Nevada statute on which Rimini relies. Nev. Rev. Stat. § 42.005(3) requires that the jury first determine "whether such [punitive] damages will be assessed" and that "a subsequent proceeding *must be conducted* . . . to determine the amount of such damages to be assessed." (emphasis added). Rimini asks for a Court order that violates this requirement, with both issues decided in a single second phase. California law (such as Oracle's claim under Cal. Penal Code § 502) similarly requires, "on application of any defendant," that "evidence of that defendant's profits or financial condition" be admitted only "after the trier of fact . . . finds that a defendant is guilty of malice, oppression, or fraud[.]" Cal. Civ. Code § 3295(d); *accord* Nev. Rev. Stat. § 42.005(4). While a second phase of trial to determine the amount of punitive damages is appropriate, Rimini's request to also assess the *entitlement* to punitive damages in a second phase is inconsistent with these statutes.

Courts routinely recognize that entitlement to punitive damages should be decided in the first phase of trial, while the amount of those damages may be reserved for a second phase. *E.g.*, *Wyeth v. Rowatt*, 244 P.3d 765, 770, 775, 785–86 (Nev. 2010) ("By statute, Nevada requires that the liability determination for punitive damages against a defendant be bifurcated from the assessment of the amount of punitive damages, if any, to be awarded. . . . Here, the district court properly bifurcated the underlying proceedings. The jury was instructed [in the first phase of trial] on liability and compensatory damages, and asked *to determine if [the defendant] could be held liable for punitive damages*") (emphasis added); *In re USA Commercial Mortgage Co.*, No. 2:07-CV-00892-RCJ, 2010 WL 4702341, at *2 (D. Nev. Nov. 12, 2010) ("the first phase of a trial implicating punitive damages is only to determine *whether punitive damages are warranted*,

4

and not an amount") (citing Nev. Rev. Stat. § 42.005(3)) (emphasis added); *Pasina ex rel. Taputu v. Cal. Cas. Indem. Exch.*, No. 2:08-CV-01199-RCJ-(RJJ), 2010 WL 3860646, at *6 (D. Nev. Sept. 28, 2010) (applying Nevada law, the court bifurcated the trial "so that the jury determines liability for and the amount of non-punitive damages and liability for punitive damages in phase one. If the jury finds [defendant] liable for punitive damages, the same jury will determine the amount of punitive damages in phase two") (citing Nev. Rev. Stat. § 42.005(3)).

Rimini's argument thus fundamentally relies on a misinterpretation of the Nevada statute, and the cases Rimini cites only support the uncontroversial proposition that Nev. Rev. Stat. § 42.005 governs punitive damages in a tort action arising under Nevada law. Mot. at 6–7.

### B. It Would Be Inefficient to Separately Present Evidence Relevant to Oracle's Entitlement to Punitive Damages In the Second Phase.

Deciding Oracle's entitlement to punitive damages in the second phase of trial would also unnecessarily prolong trial and waste judicial resources. Oracle seeks punitive damages based on state-law claims involving intentional misconduct by Defendants, including for example Defendants' intentional misrepresentations to customers. Determining Rimini's liability and the associated compensatory damages for Oracle's state-law claims will involve the same witnesses and documents required to determine Oracle's entitlement to punitive damages. Bifurcation will not save "time and resources" (Mot. at 6) and will instead unnecessarily extend the trial. *E.g.*, *Spears v. Adamson*, No. 3:04–CV–00087–LRH–RAM, 2009 WL 948544, at *1 (D. Nev. Apr. 6, 2009) (deciding entitlement to punitive damages with liability in first phase comports with "considerations of convenience and economy"). There is no reason to exclude unspecified "evidence of punitive damages in the first phase" (Mot. at 2) given this overlap. *Powell*, 2013 WL 497636, at *4 (declining to bifurcate assessment of punitive damages from remainder of trial "given the countervailing efficiencies of a single trial"; "Hearing testimony from these same witnesses twice is inefficient and will prolong a jury's service unnecessarily").

## II. Defendants' Willfulness Should Also Be Determined During the First Phase of Trial.

While Rimini next argues that evidence of willfulness should be excluded from the initial proceeding because willfulness is a predicate for enhanced statutory damages under the Copyright Act, 17 U.S.C. § 504(c), the Court should reject this argument for four reasons: (1) evidence of willfulness is relevant to assessing Oracle's entitlement to punitive damages, which under well-established procedure, should be decided in the first phase; (2) evidence of willfulness is relevant to many other issues of liability and damages; (3) bifurcation of willfulness is inappropriate in a copyright case; and (4) for those reasons, bifurcating evidence supporting willful infringement and punitive damages would prejudice Oracle at trial.

### A. Evidence of Willfulness is Relevant to Oracle's Entitlement to Punitive Damages.

The issue of whether a defendant is liable for punitive damages is commonly adjudicated in the liability phase of trial. *E.g.*, *Mendez*, 2013 WL 1187441, at *1 ("the 'normal procedure' is to try punitive liability and amount issues together, with appropriate instructions making clear the difference, since the evidence on these issues 'usually overlaps substantially'") (quoting *Hangarter*, 373 F.3d at 1021); *Conboy v. Wynn Las Vegas, LLC*, No. 2:11–CV–1649 JCM (CWH), 2013 WL 1701073, at *14 (D. Nev. Apr. 18, 2013); *Mattison v. Dallas Carrier Corp.*, 947 F.2d 95, 110 (4th Cir. 1991) (in "a bifurcated trial, the jury should be required, in the first phase [with liability and compensatory damages], to determine whether punitive damages are to be awarded"); *Allen v. City of L.A.*, No. CV 10–4695 CAS (RCX), 2012 WL 1641712, at *2 (C.D. Cal. May 7, 2012). All evidence of willful conduct by Rimini is clearly relevant to whether Rimini should be subjected to punitive damages. The Court need go no further.

### B. Bifurcation Should Be Rejected Because Willfulness Is Relevant to Other Issues at Trial.

Rimini concedes, as it must, that in the first phase of trial, Oracle should be permitted to offer evidence in support of its liability and damages allegations. Mot. at 4. Evidence of willfulness is relevant to proving those liability and damages issues—and Rimini has not

1  attempted to show otherwise.

2  Courts routinely deny bifurcation motions where, as here, the parties would need to present the same evidence and witnesses twice. In *Tracey v. Am. Family Mut. Ins. Co.*, No. 2:09–cv–01257–GMN–PAL, 2010 WL 3613875, at *7 (D. Nev. Sept. 8, 2010), for example, the court denied the defendant's bifurcation motion because the two claims were "inextricably intertwined" and resolution of one claim would not eliminate the need to assess the second claim. The court recognized that bifurcation would require parties to needlessly "recall essentially the same witnesses resulting in extended trial time and costs associated with litigation." *Id.* There, as in this case, "concerns regarding judicial economy and expediency cut against bifurcation." *Id.*; *see also, e.g.*, *Renfrow v. Redwood Fire & Cas. Ins. Co.*, 288 F.R.D. 514, 523–24 (D. Nev. 2013) (denying motion where bifurcation "would require the parties to present much of the same evidence twice" and "have the same witnesses testify twice"); *Lindsay v. Lindsay*, No. 03:05-CV-00305-LRH (RAM), 2007 WL 201160, at *2 (D. Nev. Jan. 23, 2007) (denying motion where the same evidence was "relevant to several of Plaintiffs' causes of action" and "a bifurcated trial would result in witnesses having to testify at two separate proceedings"); *United States v. Ergs, Inc.*, No. 03:02-CV-0615-LRH, 2006 WL 778622, at *2 (D. Nev. Mar. 27, 2006) (denying motion where bifurcation would "result in two trials that will involve calling a significant number of the same witnesses").

Evidence of Rimini's conduct and knowledge is relevant to many of Oracle's claims and Rimini's defenses, and accordingly, bifurcation should be denied. Further, Rimini cannot show that "evidence of willfulness" is distinct from other evidence that will be admitted at trial.

*Intentional Interference.* Oracle will submit to the jury a claim for intentional interference with prospective economic advantage based on, among other things, Rimini's intentional misrepresentations to customers. Rimini's willful conduct, including deceit, is central to Oracle's claim, and the jury will be allowed to hear that Rimini's wrongful actions were intentional. For example, Rimini

1  ▮▮▮ (Ex. 5,[2] PTX 17), ▮▮▮
2  ▮▮▮ (Ex. 23, PTX 57), and ▮▮▮ (Ex. 5,
3  PTX 17)  Rimini also ▮▮▮
4  ▮▮▮ (Ex. 15, PTX 35; Ex. 16, PTX 36) and ▮▮▮
5  ▮▮▮
6  ▮▮▮
7  ▮▮▮ (Ex. 22, PTX 56)  Rimini ▮▮▮
8  ▮▮▮
9  ▮▮▮ (Ex. 13, PTX 601)  Rimini's CEO Seth Ravin even ▮▮▮
10 ▮▮▮
11 ▮▮▮ (Ex. 9,
12 PTX 24)
13      Rimini also ▮▮▮
14 ▮▮▮
15 ▮▮▮ (Ex. 11, PTX 4937)  Rimini even went so far as to ▮▮▮
16 ▮▮▮ (Ex. 12,
17 PTX 2140 at 46–47)  Deposition testimony from customers establishes that these lies were
18 material, *i.e.*, that customers would not have gone to Rimini for support had they known the
19 truth. (*E.g.*, Ex. 32, Higa 11/21/11 Dep. Tr. 50:9–14; Ex. 30, O'Brien 11/07/11 Dep. Tr. 65:18–
20 21, 65:25–66:6; Ex. 33, Tewell, 12/09/11 Dep. Tr. 34:19–23, 35:4–7, 46:7–20; Ex. 31, Ward
21 11/15/11 Dep. Tr. 46:1-13, 75:1–5, 75:8; Ex. 29, Cabada 11/03/11 Dep. Tr. 20:1–8)
22      Oracle will prove to the jury that Rimini knew its statements were false.  Rimini ▮▮▮
23 ▮▮▮
24 ▮▮▮ (Ex. 2, PTX 13; Ex. 26, PTX 63; Ex. 27,
25 PTX 64); ▮▮▮
26

---

27 [2] The cited exhibits are attached to the Appendix of Exhibits in Support of Oracle's Opposition to Rimini Street Inc.'s and Seth Ravin's Motion to Bifurcate and are cited as "Ex. __."
28

1  ███████████████████████████████████████ (Ex. 4, PTX 14; Ex. 17, PTX 40;
2  Ex. 20, PTX 41; Ex. 21, PTX 53); ███████████████████████████████
3  █████████████████████ (Ex. 14, PTX 34; Ex. 3, PTX 1585); ███████████
4  █████████████████████████████████████ (Ex. 24, PTX 58;
5  Ex. 28, Williams 10/5/11 Dep. Tr. 201:2–202:5); and ██████████████
6  ████████████████████████████████████████████████████
7  █████████ (Ex. 25, PTX 61 at 17, 26)  The jury is entitled to consider this and other
8  evidence that Rimini could classify as "evidence of willfulness" when assessing Oracle's
9  intentional interference claim.

*Causation and Damages.*  Oracle is entitled to present evidence rebutting the contention of Rimini's damages expert Scott Hampton that Rimini's infringement was unimportant to its business model.  Oracle may present causation evidence that shows Rimini intentionally infringed Oracle's copyrights because doing so was critical to Rimini's success.  Rimini's top executives ████████████████████████████████████████████████
████████████████████████████ (Ex. 1, PTX 2)  Rimini ████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████ (Ex. 1, PTX 2)  Rimini ████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████.

In addition to statutory damages under the Copyright Act, the assessment of Oracle's claim for infringers' profits also requires a determination of whether Rimini's infringement was willful.[3]  Comment to 9th Cir. Model Civ. Jury Instr. 17.27 (2007) ("deductions of defendant's expenses are denied where the defendant's infringement is willful or deliberate") (citing *Kamar*

---

[3] The Ninth Circuit referenced this issue but did not decide it in *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1096 (9th Cir. 2014).

1  *Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1331–32 (9th Cir. 1984); *Three Boys Music
2  Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000)).

3     *Computer Fraud.* The statutes under which Oracle asserts computer fraud claims require a showing of knowledgeable or willful misconduct. 18 U.S.C. § 1030(a)(2) ("intentionally accesses a computer without authorization or exceeds authorized access"); Cal. Penal Code § 502(c)(2) ("Knowingly accesses and without permission takes, copies, or makes use of any data from a computer"); Nev. Rev. Stat. § 205.4765 ("a person who knowingly, willfully and without authorization"). Oracle can show that Ravin and Rimini ███████ ███████ (Ex. 6, PTX 20), but Ravin ███████ Ex. 7, PTX 21), Ravin ███████ ███████ (Ex. 8, PTX 22; Ex. 10, PTX 27) Rimini ███████ ███████ (Ex. 19, PTX 229) When Rimini ███████ ███████ (Ex. 18, PTX 42)

   Rimini does not identify a single, specific piece of evidence—or even category of evidence—that would be excluded from the first phase of trial, according to its theory of separable willfulness.[4] Any concerns Rimini may have in connection with specific evidence can be addressed at trial and through jury instructions. *Powell*, 2013 WL 497636, at *2 ("Any prejudice defendants could encounter as a result of the jury hearing evidence for punitive damages and on liability for two different types of injuries can be prevented with jury instructions."); *Hamm v. Am. Home Products Corp.*, 888 F. Supp. 1037, 1039 (E.D. Cal. 1995)

---

[4] The only specific evidence ever identified by Rimini (during the course of a meet and confer held after this motion was filed) was evidence regarding TomorrowNow's criminal conviction— evidence that Rimini has moved *in limine* to exclude. Dkt. 559. The Court has denied that motion without prejudice. Dkt. 636.

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE

("any concerns about potential prejudice to the defendant may be directly addressed, and the prejudice cured, with appropriate limiting instructions"); *Sherwin v. Infinity Auto Ins. Co.*, No. 2:11–CV–43 JCM (VCF), 2012 WL 600812, at *4 (D. Nev. Feb. 23, 2012) (concerns of prejudice are better resolved by "an appropriate motion, at the appropriate time, seeking exclusion of whatever argument it deems inappropriate under the Federal Rules of Evidence"). The Court can economize its and the parties' resources only by ordering a single presentation of evidence and witnesses on this question that is relevant to so many outstanding issues in the case.

### C. Relevant Authority Rejects Bifurcation of Willfulness.

Whether Rimini's copyright infringement was "willful" is relevant to Oracle's copyright case because a finding that Rimini's "infringement was committed willfully" permits a higher award of statutory damages. 17 U.S.C. § 504(c)(2). Copyright infringement is "willful" when a defendant acts "with knowledge that the defendant's conduct constitutes copyright infringement." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335–36 & n.3 (9th Cir. 1990) (citation omitted).

The jury must decide whether infringement was willful in the course of determining the amount of statutory damages. The Ninth Circuit model jury instruction on statutory damages presents a single question to the jury, with different award ranges depending on whether the infringement was willful. 9th Cir. Model Civ. Jury Instr. 17.25 (2007). Willfulness is not a multiplier tacked on at a later stage after an initial, non-willful award is calculated, but is instead a predicate determination that must be made in the course of calculating the award.[5] "[T]he Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages . . . ." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998); *see also Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009)

---

[5] Willfulness is also a predicate to two other issues decided by the Court. First, whether Rimini willfully infringed Oracle's copyrights is relevant to the Court's award of any attorney's fees. 17 U.S.C. § 505 (permitting award of attorney's fees); *Historical Research v. Cabral*, 80 F.3d 377, 379 (9th Cir. 1996) ("willful infringement is an important factor favoring an award of fees"). Second, willful infringement is relevant to the Court's award of any prejudgment interest. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 718 (9th Cir. 2004) (prejudgment interest appropriate in cases "involving undisputed copyright infringement").

("at the plaintiff's election of a jury trial, we replace the term 'court' in § 504(c) with 'jury'").

Rimini's proposal to bifurcate the elements of a statutory-damages award on grounds of jury confusion finds no support in the law.  In *Oliver v. Geico Gen. Ins. Co.*, the court rejected this same argument made here by Rimini and denied the defendant's motion to bifurcate bad faith claims from breach of contract claims.  No. 2:15–CV–204 JCM (CWH), 2015 WL 4064748, at *2–*3 (D. Nev. July 2, 2015).  The court found that the movant had not met its burden of offering "compelling reasons for the court to doubt the jury's capability to handle the potential evidence in this case." *Id.* at *3; *see also Young ex rel. Broughton v. Mercury Cas. Co.*, No. 2:09–CV–2399 JCM (LRL), 2010 WL 2757291 (D. Nev. July 8, 2010) (denying motion to bifurcate bad faith from breach of contract claims); *Lam Research Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863, 865 (N.D. Cal. 2014) (finding little risk of jury confusion because movant did not show that computation of damages was "more unusual complex or complicated than the average patent case").

Rimini does not cite a single case that has bifurcated the determination of *willfulness* from statutory damages.  Rimini cites *Danjaq LLC v. Sony Corp.*, 263 F.3d 942 (9th Cir. 2001) and states that the "trial court bifurcated laches and willfulness from liability in a copyright case[.]"  Mot. at 3.  That decision only concerns "willful infringement" as a counter defense to laches; the case does not concern willful infringement as an enhancement to statutory damages.  Rimini also cites *Capitol Records, Inc. v. MP3tunes, LLC*, No. 07 Civ. 9931(WHP), 2014 WL 503959 (S.D.N.Y. Jan. 29, 2014), where the court bifurcated a trial entirely into liability and damages phases (which Rimini does not propose to do).  There, particularly strong prejudice would have resulted from introducing at the liability phase evidence of the defendant's "general infringement" of copyrights not at issue in the litigation and owned by parties not involved in the litigation—and therefore "relevant to the issue of willfulness, but irrelevant to infringement liability." *Id.* at *6.

### D. Excluding Evidence Relevant to Willfulness and Oracle's Entitlement to Punitive Damages Would Prejudice Oracle.

Rimini's motion to bifurcate "*all evidence supporting* 'willful' infringement and punitive

12

damages" (Mot. at 1 (emphasis added)) is an improper attempt to broadly exclude evidence of Rimini's wrongdoing from the liability phase, which is largely about Rimini's wrongdoing and subsequent cover-ups and lies.  While Rimini would no doubt prefer to prevent Oracle from presenting evidence of Rimini's misconduct to the jury, doing so would severely prejudice Oracle at trial.  As explained *supra*, evidence of Rimini's misdeeds is central to a number of issues that would be heard in the first phase of trial, even under Rimini's proposal.  Bifurcation is not a proper mechanism for withholding unpleasant facts from the jury, and it is not a tool for Rimini to sanitize the record of its bad acts.  Rimini's claim that there is "no prejudice to Oracle" (Mot. at 7) is incorrect, and Rimini has not met and cannot meet its burden of showing that "no party will be prejudiced by the bifurcation." *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

## CONCLUSION

For all the reasons described above, Rimini's motion should be denied except with respect to bifurcation of the amount of punitive damages.

DATED: July 16, 2015

BOIES SCHILLER & FLEXNER LLP

By: /s/ *Kieran P. Ringgenberg*
Kieran P. Ringgenberg
Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.

**ATTESTATION OF FILER**

The signatory to this document is Kieran Ringgenberg, and I have obtained Mr. Ringgenberg's concurrence to file this document on his behalf.

Dated: July 16, 2015

BOIES, SCHILLER & FLEXNER LLP

By: /s/ *Steven C. Holtzman*
Steven C. Holtzman, Esq. (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
kringgenberg@bsfllp.com

*Attorneys for Plaintiffs*

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2015, I electronically transmitted the foregoing **ORACLE'S OPPOSITION TO DEFENDANTS RIMINI STREET INC.'S AND SETH RAVIN'S MOTION TO BIFURCATE** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

/s/ Catherine Duong
An employee of Boies, Schiller & Flexner LLP