# EXHIBIT 31

```
                                                           Page 1
 1            UNITED STATES DISTRICT COURT
 2                 DISTRICT OF NEVADA
 3   _____
 4   ORACLE USA, INC., a Colorado
 5   corporation; ORACLE AMERICA,
 6   INC., a Delaware corporation;
 7   and ORACLE INTERNATIONAL
 8   CORPORATION, a California         Case No.
 9   corporation,                      2:10-cv-00106-LRH-PAL
10            Plaintiffs,
11        vs.
12   RIMINI STREET, INC., A
13   Nevada corporation; SETH RAVIN,
14   an individual,
15            Defendants.
16   _____
17             Videotaped Deposition of
18                  JAMES WARD
19                NOVEMBER 15, 2011
20                  10:00 a.m.
21                  Taken at:
22      Vorys, Sater, Seymour and Pease, LLP
23              52 East Gay Street
24                Columbus, Ohio
25      Kimberly A. Kaz, RPR, Notary Public
```



```
 1       Q.   Would Wendy's have switched to
 2  Rimini Street for support if Wendy's believed
 3  that Rimini Street provided support in any way
 4  that broke the law?
 5       MR. TONG:  Objection to form.
 6       THE WITNESS:  No.
 7       Q.   Would Wendy's have switched to
 8  Rimini Street for support if Wendy's believed
 9  that Rimini Street provided support in a way
10  that went beyond the scope of their PeopleSoft
11  license agreement?
12       MR. TONG:  Objection.  Form.
13       THE WITNESS:  No.
14       - - - - -
```

```
17       Q.   You said earlier that you were
18  involved in the decision to switch to Rimini
19  Street.  Were you also involved in negotiating
20  the terms of Wendy's support agreement with
21  Rimini Street?
22       A.   Yes.
```

Page 46

Page 48

Page 47

Page 49

Veritext National Deposition & Litigation Services
866 299-5127



Page 74

21  Q. Are you aware that in this
22  litigation today, Oracle asserts claims against
23  Rimini Street based on copy write infringement
24  we well as other claims?
25  A. No.

Page 75

1   Q. If Wendy's believed that Rimini
2   Street had a business model that involved the
3   improper use of intellectual property, would
4   Wendy's have contracted with Rimini Street for
5   support?
6      MR. TONG: Objection. Calls for
7   speculation.
8      THE WITNESS: No.
9   Q. If Wendy's believed that Rimini had
10  a business model that involved the improper use
11  of intellectual property, would that have made
12  Wendy's less likely to provide references to
13  other Rimini Street customers?
14     MR. TONG: Same objection.
15     THE WITNESS: Yes.
16  Q. Does Wendy's still use the
17  PeopleSoft products that Rimini Street
18  supported?
19  A. No.
20  Q. You testified earlier that, I
21  believe, Wendy's has changed to E-Business
22  Suite; is that correct?
23  A. Yes.
24  Q. And does Wendy's -- who does
25  Wendy's receive support Oracle E-Business

Page 76

1   Suites from?
2   A. Oracle.
3      MR. PAPAY: That's all I have.
4   Thank you.
5      EXAMINATION OF JAMES WARD
6   BY MR. TONG:
7   Q. Good morning, Mr. Ward. My Name is
8   Jared Tong, and I represent Rimini Street and
9   Seth Ravin. I just have a few questions to
10  follow up with.
11     First of all, I believe you
12  mentioned cost being a factor when you were
13  determining whether to stay or leave Oracle
14  support; is that correct?
15  A. Yes.
16  Q. Now, was that the only factor that
17  Wendy's considered when making this decision to
18  leave?
19  A. Support model was very important to
20  us. I mean, we have to support the business.
21  We were supporting multiple business entities
22  at the time, and it was very critical --
23  mission critical for us to have a support model
24  in place.
25  Q. Okay. Now, did you have -- strike

Page 77

1   that. Sorry.
2      When you were determining whether
3   to leave, did Wendy's -- did Wendy's have any
4   experience with poor support with Oracle, any
5   poor experiences or lack of responsiveness?
6   A. You say before we were to leave.
7   Would you explain yourself there?
8   Q. When you were receiving support
9   from Oracle support --
10  A. Yes.
11  Q. -- did -- do you remember any
12  instances of, I guess, poor support or lack of
13  responsiveness to Wendy's needs?
14     MR. PAPAY: Objection. Vague.
15     THE WITNESS: No.

Veritext National Deposition & Litigation Services
866 299-5127

Page 86

1  I do further certify that I am not
2  a relative, counsel or attorney for either
3  party, or otherwise interested in the event of
4  this action.
5  IN WITNESS WHEREOF, I have hereunto
6  set my hand and affixed my seal of office at
7  Cleveland, Ohio, on this __22nd__ day of
8  __November__, 2011.
9
10
11
12
13  __Kimberly Q. Kaz__
14  Kimberly A. Kaz, RPR, Notary Public
15  within and for the State of Ohio
16
17  My commission expires March 31, 2013.