| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568) | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*) |
| 2 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 | KRISTEN A. PALUMBO (*pro hac vice*)<br>One Market, Spear Street Tower |
| 3 | Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755 | San Francisco, CA 94105<br>Telephone: 415.442.1000 |
| 4 | rpocker@bsfllp.com | Facsimile: 415.442.1001<br>thomas.hixson@morganlewis.com |
| 5 | BOIES, SCHILLER & FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*) | kristen.palumbo@morganlewis.com |
| 6 | KAREN DUNN (*pro hac vice*)<br>5301 Wisconsin Ave, NW | DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*) |
| 7 | Washington, DC 20015 | JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION |
| 8 | Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131 | 500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070 |
| 9 | wisaacson@bsfllp.com<br>kdunn@bsfllp.com | Telephone: 650.506.4846<br>Facsimile: 650.506.7114 |
| 10 | BOIES, SCHILLER & FLEXNER LLP | dorian.daley@oracle.com<br>deborah.miller@oracle.com |
| 11 | STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*) | jim.maroulis@oracle.com |
| 12 | 1999 Harrison Street, Suite 900<br>Oakland, CA 94612 | |
| 13 | Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460 | |
| 14 | sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com | |
| 15 | | |
| 16 | Attorneys for Plaintiffs Oracle USA, Inc.,<br>Oracle America, Inc. and Oracle International<br>Corp. | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>　　　　　Defendants. | Case No 2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S MOTIONS *IN LIMINE* AND EXHIBITS TO THE DECLARATION OF THOMAS HIXSON** |

1          Pursuant to the Stipulated Protective Order governing confidentiality of documents
2   entered by the Court on May 21, 2010, Dkt. 55 ("Protective Order"), Local Rules 10-5(b) and
3   16.1-4, and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA,
4   Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle")
5   respectfully request that the Court grant leave to file under seal certain portions of Oracle's
6   Motions *In Limine* and Exhibits 2, 3, 4, 8, 9, 10, 12, and 14-28 of the Declaration of Thomas
7   Hixson in support of the same (the "Hixson Declaration"). These portions of Oracle's motion
8   and supporting documents reflect information that Oracle or Rimini Street, Inc. ("Rimini") has
9   designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under the Protective
10  Order. Public, redacted versions of Oracle's Motions *In Limine* and the Hixson Declaration were
11  filed on July 22, 2015, *see* Dkt. 646-647, and an unredacted version of each was subsequently
12  filed under seal with the Court, *see* Dkt. 648-649.
13         The Protective Order states, "Counsel for any Designating Party may designate any
14  Discovery Material as 'Confidential Information' or 'Highly Confidential Information –
15  Attorneys' Eyes Only' under the terms of this Protective Order *only if such counsel in good*
16  *faith believes that such Discovery Material contains such information and is subject to*
17  *protection under Federal Rule of Civil Procedure 26(c).* The designation by any Designating
18  Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential
19  Information – Attorneys' Eyes Only' shall constitute a representation that an attorney for the
20  Designating Party reasonably believes there is a valid basis for such designation." Protective
21  Order ¶ 2 (emphasis supplied).
22              **DOCUMENTS DESIGNATED BY ORACLE AS CONFIDENTIAL OR HIGHLY**
23                          **CONFIDENTIAL - ATTORNEYS' EYES ONLY**
24         Oracle has designated Exhibits 2 and 14-17 as Confidential or Highly Confidential -
25  Attorneys' Eyes Only. Oracle requests that the Court order the Clerk of the Court to file Exhibits
26  2 and 14-17 under seal, as well as the related portions of Oracle's Motions *In Limine* that reflect
27  information contained in Exhibits 2 and 14-17. Documents may be sealed for "good cause."
28  *Selling Source, LLC v. Red River Ventures, LLC*, 2:09-CV-01491-JCM, 2011 WL 1630338, at *1

(D. Nev. Apr. 29, 2011) (citing *Phillips v. General* Motors, 307 F.3d 1206, 1210, 1213 (9th Cir. 2002)). "For good cause to exist, the party seeking protection bears the burden of showing that specific prejudice or harm will result if the materials are not filed under seal." *Id.*

Exhibits 2 and 14-17 contain excerpts from Oracle's "at risk" reports. These reports contain highly sensitive non-public internal Oracle pricing and customer information, and Oracle's negotiation history and strategy with respect hundreds of its customers. The public disclosure of this information would grant Oracle's actual and potential competitors and customers access to non-public and commercially sensitive information about Oracle's support pricing, business vulnerabilities, and practices. Such information could unfairly be used to compete with Oracle or to extract unfair leverage in licensing and support negotiations. Thus, there is good cause to seal this information because disclosure would create a risk of significant competitive injury and particularized harm and prejudice to Oracle. *Selling Source, LLC* 2011 WL 1630338, at *1(finding good cause to seal information about party's "business operations, customer agreements . . . details of [] customer base . . . how the company works with and licenses products to its customers and measures it takes to protect its intellectual property"). Indeed, there is a compelling interest in having them sealed. *Id*. at *6 ("Where the material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process.") Exhibits 2 and 14-17 also contain information which many of the non-interested third-party customers reflected in the Report might consider confidential.

For the foregoing reasons, Oracle respectfully requests that the Court find that good cause supports filing under seal Hixson Exhibits 2 and 14-17 and the related portions of Oracle's Motions *In Limine*.

### DOCUMENTS DESIGNATED BY RIMINI AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Rimini has designated the entirety or portions of the following documents cited or referred to in Oracle's Motions *In Limine* as Confidential ("C") or Highly Confidential -

1 Attorneys' Eyes Only ("HC"):

| Ex. | Description | Designation |
|---|---|---|
| 2 | July 13, 2011 deposition of Richard Cummins | HC/C |
| 3 | December 1, 2011 deposition of James Dorvee | HC |
| 4 | November 17, 2011 deposition of Seth Ravin | C |
| 8 | 3/1/11 Rimini's Response to Oracle's Second Set of Interrogatories, No. 15 | HC |
| 9 | 12/19/2011 - Rimini's Supplemental Response to Oracle's Second Set of Interrogatories, No. 15 and Exhibits A-C | HC |
| 10 | 1/12/2012 - Rimini's Supplemental Responses Exhibit A-C | HC |
| 12 | Plaintiffs' Trial Exhibit 551 - (Dorvee Ex. 1229) | HC |
| 18 | Defendants' Trial Exhibit 378 | HC |
| 19 | Defendants' Trial Exhibit 379 | HC |
| 20 | Defendants' Trial Exhibit 383 | HC |
| 21 | Defendants' Trial Exhibit 384 | HC |
| 22 | Defendants' Trial Exhibit 385 | HC |
| 23 | Defendants' Trial Exhibit 387 | HC |
| 24 | Defendants' Trial Exhibit 388 | HC |
| 25 | Defendants' Trial Exhibit 397 | HC |
| 26 | Defendants' Trial Exhibit 398 | C |
| 27 | Defendants' Trial Exhibit 412 | HC |
| 28 | Defendants' Trial Exhibits 413-440 | HC |

Oracle submits these documents under seal pursuant to the Protective Order based on Rimini's representation that it reasonably believes there is a valid basis under the Protective Order for its confidentiality designations. However, because the foregoing documents were designated by Rimini, Oracle is not in a position to provide further justification for why filing them publicly would cause Rimini harm sufficient to show good cause.

Oracle has submitted all other portions of Oracle's Motions *In Limine* and supporting papers to the Court's public files, which allow public access to all materials except for the items discussed above. Accordingly, the request to seal is narrowly tailored. For the foregoing reasons, Oracle respectfully requests that the Court grant leave to file the documents discussed above under seal.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: July 22, 2015 | MORGAN, LEWIS & BOCKIUS LLP |
| 3 | | |
| 4 | | |
| 5 | | By: _____/s/ Thomas S. Hixson_____ |
| | | Thomas S. Hixson |
| 6 | | Attorneys for Plaintiffs |
| | | Oracle USA, Inc., |
| 7 | | Oracle America, Inc., |
| | | and Oracle International Corp. |

4

MOTION TO SEAL RE ORACLE'S MOTIONS *IN LIMINE*