| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>5301 Wisconsin Ave, NW<br>Washington, DC 20015<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com<br><br>Attorneys for Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation | MORGAN, LEWIS & BOCKIUS, LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC. a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>             Plaintiffs,<br>     v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>             Defendants. | Case No. 2:10-cv-00106-LRH-PAL<br><br>**PLAINTIFFS ORACLE'S MOTION TO SEAL THEIR MOTION TO EXCLUDE TESTIMONY OF DEFENDANTS' EXPERTS SCOTT HAMPTON, BROOKS HILLIARD, DAVID KLAUSNER, AND JAMES BENGE AND SUPPORTING DOCUMENTS**<br><br>Judge:     Hon. Larry R. Hicks |

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, Dkt. 55 ("Protective Order"), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (together "Oracle" or "Plaintiffs") respectfully request that the Court order the Clerk of the Court to file under seal an unredacted copy of Oracle's Motion to Exclude Testimony of Defendants' Experts Scott Hampton, Brooks Hilliard, David Klausner, and James Benge ("Motion") and supporting Exhibits.[1]  Unredacted copies of the Motion and Exhibits were individually lodged under seal with the Court on July 22, 2015.

Sealing of the unredacted Motion and Exhibits is requested because the redacted portions of it contain information that Rimini Street, Inc. and Seth Ravin (collectively the "Defendants"), have designated as "Confidential Information" and "Highly Confidential Information – Attorneys' Eyes Only" under the terms of the Protective Order.  The Protective Order states, "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' and 'Highly Confidential Information – Attorneys' Eyes Only' under the terms of this Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).  The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation."  Protective Order ¶ 2.

For sealing requests relating to non-dispositive motions, such as this, the presumption of public access to court filings may be overcome by a showing of good cause under Rule 26(c). *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Defendants have identified the information redacted in the

---

[1] All Exhibits referred to in this motion are attached to the Appendix of Exhibits in Support of Oracle's Motion to Exclude Testimony of Defendants' Experts Scott Hampton, Brooks Hilliard, David Klausner, and James Benge.

1  Motion as well as the Exhibits as Confidential and Highly Confidential, and therefore
2  Defendants have represented that good cause exists for sealing those portions of the documents.
3  This is a sufficient showing of good cause to permit a sealing order on a non-dispositive motion.
4  *See, e.g.*, *Pac. Gas & Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1027 (N.D. Cal. 2002).
5      Likewise, sealing of the unredacted Exhibits is also requested because they contain
6  information designated as "Confidential Information" and "Highly Confidential Information –
7  Attorneys' Eyes Only" by Oracle.
8      Exhibit 9 contains information from the Expert Report of Ms. Elizabeth Dean which, in
9  turn, contains non-public financial information regarding Oracle's operations.  Oracle designated
10 such material "Highly Confidential," which reflects, in Oracle's best judgment, that the
11 documents contain "extremely sensitive, highly confidential, non-public information, consisting
12 either of trade secrets or other highly confidential documents related to current or future business
13 plans, protocols or strategies, the disclosure of which . . . would be likely to cause competitive or
14 business injury to [Oracle] (other than injury to [Oracle's] position in this Action)."  Protective
15 Order ¶ 4.  Such information is properly sealed.  *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d
16 1214, 1225 (Fed. Cir. 2013) (sealing financial information under compelling reason standard).
17 The Court has previously granted a motion to seal excerpts from Ms. Dean's Report.  Dkt. 633.
18     Exhibit 16, excerpts of the deposition of Brooks L. Hilliard, contains material from
19 license agreements between Oracle and its customers.  Oracle designated each of those
20 agreements "Highly Confidential," which reflects, in Oracle's best judgment, that the documents
21 contain "extremely sensitive, highly confidential, non-public information, consisting either of
22 trade secrets or other highly confidential documents related to current or future business plans,
23 protocols or strategies, the disclosure of which . . . would be likely to cause competitive or
24 business injury to [Oracle] (other than injury to [Oracle's] position in this Action)."  Protective
25 Order ¶ 4.  In particular, these license agreements contain confidential terms related to the
26 customers' licensed use of Oracle's enterprise software. Oracle has invested billions to acquire
27 and develop this software, and it relies on licensing to recoup some of those costs. Disclosure of
28 the confidential terms of the licenses could interfere with Oracle's ongoing licensing efforts.

1  Thus, there is a basis for this material to be sealed.  *Selling Source, LLC v. Red River Ventures,*
2  *LLC*, 2:09-CV-01491-JCM, 2011 WL 1630338 *6 (D. Nev. Apr. 29, 2011) (citing *Pintos*, 565
3  F.3d at 1115 n. 4).  The Court has previously sealed similar materials in connection with
4  summary judgment briefing.  Dkt. 325 at 2.

## TESTIMONY AND DOCUMENTS DESIGNATED AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Defendants have designated the following materials cited or referred to in Oracle's Motion as Confidential or Highly Confidential – Attorneys' Eyes Only:

| EX. NO. | DESCRIPTION | CONF. DESIGN. |
|---|---|---|
| 1 | Email from Beth Lester to Dennis Chiu, which has been marked as PTX 2152. | Highly Confidential (by Rimini) |
| 2 | Email from Beth Lester, to Seth Ravin, which has been marked as PTX 18. | Highly Confidential (by Rimini) |
| 3 | Email from Dennis Chiu to George Lester copying Seth Ravin and Michael Davichick, which has been marked as PTX 20. | Confidential (by Rimini) |
| 4 | Email from Krista Williams to Jeff Allen, which has been marked as PTX 50. | Confidential (by Rimini) |
| 5 | Weekly Status Report for Jeff Allen from 2/8/2009 to 2/14/2009, which has been marked as PTX 51. | Highly Confidential (by Rimini) |
| 6 | Email from Brian Slepko to Jeff Allen, Susan Tahtaras and Dennis Chiu, which has been marked as PTX 52. | Highly Confidential (by Rimini) |
| 7 | Email from Ed Freeman to Jim Benge, copying Brenda Davenport, Dennis Chiu, Kevin Maddock, Krista Williams, Sara Lu, and Tim Conley, which has been marked as PTX 60. | Highly Confidential (by Rimini) |
| 8 | Expert Report of Elizabeth A. Dean. | Highly Confidential (by Oracle) |
| 9 | Expert Report of Christian B. Hicks. | Highly Confidential (by Rimini) |
| 10 | Expert Report of Brooks L. Hilliard. | Highly Confidential (by Rimini) |

| | | | |
|---|---|---|---|
| 1 | 10A | Expert Report of Brooks L. Hilliard with portions subject to Motion to Exclude highlighted in grey. | Highly Confidential (by Rimini) |
| 2 | 11 | Expert Report of David Klausner. | Highly Confidential (by Rimini) |
| 3 | 11A | Expert Report of David Klausner with portions subject to Motion to Exclude highlighted in grey. | Highly Confidential (by Rimini) |
| 4 | 12 | Expert Report of Scott D. Hampton. | Highly Confidential (by Rimini) |
| 5 | 12A | Expert Report of Scott D. Hampton with portions subject to Motion to Exclude highlighted in grey. | Highly Confidential (by Rimini) |
| 6 | 13 | Rebuttal Report to the Expert Report of David Klausner by Christian B. Hicks. | Highly Confidential (by Rimini) |
| 7 | 14 | Excerpts from the deposition of Scott D. Hampton, taken on May 25, 2012. | Highly Confidential (by Rimini) |
| 8 | 15 | Excerpts from the deposition of Brooks L. Hilliard, taken on June 5, 2012. | Highly Confidential (by Rimini); Highly Confidential (by Oracle) |
| 9 | 16 | Excerpts from the deposition of David Klausner, taken on June 15, 2015. | Confidential (by Rimini) |
| 10 | 17 | Excerpts from the deposition of Jim Benge, taken on June 21, 2012. | Confidential (by Rimini) |
| 11 | 19 | Oracle Customer Connection Terms of Use, which has been marked as PTX 19. | Confidential (by Oracle) |
| 12 | 20 | Instant message between c_limburg and kpedn, which has been marked as PTX 48. | Confidential (by Rimini) |

Oracle has submitted all other exhibits in the Appendix to the Court's public files, which would allow public access to all Exhibits except for the items listed above. Accordingly, the request to seal is narrowly tailored.

For the foregoing reasons, Oracle respectfully requests that the Court find that good cause exists to file under seal the unredacted copies of the Motion and above-listed Exhibits, and to

1 issue an order sealing the same.

2 DATED: July 22, 2015                    BOIES SCHILLER & FLEXNER LLP

3

4
                                          By: /s/ *Kieran P. Ringgenberg*
5                                             Kieran P. Ringgenberg
                                              Attorneys for Plaintiffs
6                                             Oracle USA, Inc., Oracle America, Inc.,
                                              and Oracle International Corp.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of July, 2015, I electronically transmitted the foregoing **PLAINTIFFS ORACLE'S MOTION TO SEAL THEIR MOTION TO EXCLUDE TESTIMONY OF DEFENDANTS' EXPERTS SCOTT HAMPTON, BROOKS HILLIARD, DAVID KLAUSNER, AND JAMES BENGE AND SUPPORTING DOCUMENTS** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

/s/ Catherine Duong
An employee of Boies, Schiller & Flexner LLP