UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| ORACLE USA, INC.; *et al.*, | ) | |
| Plaintiffs, | ) ) | 2:10-CV-00106-LRH-PAL |
| v. | ) ) | ORDER |
| RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual; | ) ) ) | |
| Defendants. | ) ) | |

Before the court is defendants Rimini Street, Inc. ("Rimini") and Seth Ravin's ("Ravin") (collectively "defendants") motion to preclude certain damages evidence pursuant to Federal Rules of Civil Procedure 26(e) and 37(c), or in the alternative, to consolidate. Doc. #554.[1] Plaintiffs Oracle USA, Inc.; Oracle America, Inc.; and Oracle International Corporation (collectively "Oracle") filed an opposition and counter-motion to supplement expert report (Doc. #593) to which defendants replied (Doc. #625).

**I.   Facts and Procedural History**

This action has an extensive factual and procedural history. In brief, plaintiff Oracle develops, manufacturers, and licenses computer software. Oracle also provides support services to customers who license its software. Defendant Rimini is a company that provides similar software

---

[1] Refers to the court's docket number.

support services to customers licensing Oracle's software and competes directly with Oracle to provide these services. Defendant Ravin is the owner and CEO of defendant Rimini.

On January 25, 2010, Oracle filed a complaint for copyright infringement against defendants alleging that Rimini copied several of Oracle's copyright-protected software programs onto its own computer systems in order to provide software support services to Rimini's customers. Oracle seeks both pre- and post-complaint damages for the alleged copyright infringement.

Fact discovery for this action closed in December 2011. In January 2012, Oracle served its expert report on the issue of damages seeking lost profits for customers gained by Rimini as of September 28, 2011, the date of Rimini's last disclosed customer list prior to the close of discovery. Oracle's expert damages report calculated damages for these identified customers "through the end of trial" which was presumed in the report to be December 2012. At this time, Oracle has not yet updated or supplemented its expert report on the issue of damages to account for the passage of time in this lengthy litigation. However, Oracle has made it clear in various pretrial filings that it intends to supplement its expert damages report to cover the time period from September 28, 2011, through February 2014.[2]

While the present action was proceeding, Rimini allegedly changed the process by which it serviced customers who had licensed Oracle software in response to the several orders by the court. Subsequently, on October 15, 2014, Rimini initiated a second action, *Rimini Street, Inc. v. Oracle Int'l Corp.*, 2:14-cv-1699-LRH-PAL ("*Rimini*"), seeking declaratory relief that its new process, enacted after February 2014, does not infringe Oracle's software copyrights. Oracle filed an answer in which it alleged various counterclaims, including a claim for copyright infringement for Rimini's new support service model. Oracle also sought damages for copyright infringement for conduct prior to February 2014, but after the December 2011 discovery deadline in the present

---

[2] In fact, in response to defendants' motion, Oracle has requested leave to supplement the aforementioned expert report. *See* Doc. #593.

2

action. Specifically, Oracle seeks lost profit damages in the *Rimini* action for customers gained by Rimini after the close of fact discovery in this action for conduct at issue in this action. In response to Oracle's various activities in both actions, Rimini filed the present motion to preclude certain damages evidence, or in the alternative, to consolidate the two actions. Doc. #554. Rimini has filed a duplicate motion in the separate *Rimini* action.

**II.   Discussion**

In the present motion, defendants seek three specific rulings from the court. First, defendants seek to foreclose Oracle from supplementing its expert report on the issue of damages related to customers Rimini disclosed during fact discovery in this action. Second, defendants seek to preclude Oracle from seeking damages for customers Rimini gained after September 28, 2011 - the effective date of the last customer list Rimini produced before the December 2011 discovery deadline in this action - from the separate *Rimini* action.[3] Finally, defendants seek consolidation of the two actions as an alternative to evidentiary preclusion, thereby postponing the pending trial currently scheduled for September 2015.

**A.   Supplementation of Expert Report**

Generally, a party who fails to comply with the disclosure and supplementation requirements of Rule 26(e) is subject to sanctions pursuant to Rule 37(c). *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 26(e) provides in pertinent part that "[f]or an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." FED. R. CIV. P. 26(e)(2). Rule 37(c)

---

[3] The issue of whether to allow Oracle to seek damages in the separate *Rimini* action for customers Rimini gained after the close of fact discovery in this action is an issue solely related to the separate *Rimini* action. Oracle has not sought leave to allege damages for customers not identified in its original expert report. Thus, this issue shall be addressed in a separate order in response to the duplicate motion to preclude filed in the *Rimini* action.

3

provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In their motion, defendants argue that Oracle should be precluded from supplementing its expert damages report because it is undisputed that Oracle failed to supplement the report by November 21, 2014, the parties' pretrial disclosure deadline. As such, defendants contend that Oracle should be precluded from supplementing the report on the eve of trial. The court disagrees.

Initially, the court notes that Oracle does not intend to assert any damages at trial for any customers beyond those currently set forth in that report. Instead, Oracle only seeks to supplement its expert report for additional damages attributable to those customers to account for the nearly two and a half years of continued litigation between the parties during which Rimini allegedly continued to engage in copyright infringement. The court finds that such supplementation, although technically a late disclosure under Rule 26(a), would be harmless in the present action and would not prejudice defendants.

At the time Oracle's expert report was served, the parties initially expected trial to conclude in December 2012. Oracle's proposed supplementation only seeks to include damages that accrued during litigation. Oracle is entitled to seek such damages. Further, precluding Oracle from seeking such damages, while there is still time for both parties to file supplemental reports, would grant Rimini a windfall for continuing to engage in the allegedly infringing conduct during this litigation.

The court recognizes that granting Oracle leave to supplement its expert report at this time necessarily requires allowing the same opportunity to Rimini after Rimini has had an opportunity to examine Oracle's supplement. The court finds that such an order would negate any prejudice to either party as there is sufficient time before trial for the parties to undertake this limited supplementation. Further, Oracle has offered defendants the opportunity to depose its damages expert in response to the supplementation. The court shall hold Oracle to its offer. Accordingly, the

4

1 court shall deny defendants' motion to preclude and grant Oracle's request for leave to supplement
2 its expert report.

### B. Consolidation

If the court does not preclude Oracle from supplementing its expert report on the issue of damages, defendants request the court postpone the pending trial and consolidate the present action with the separate *Rimini* action pursuant to Rule 42. *See* Doc. #554.

Rule 42(a) provides that: "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." FED. R. CIV. P. 42(a). Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party. FED. R. CIV. P. 42(b).

Here, though commonality exists between the two actions, the court, nevertheless, finds consolidation inappropriate because of the distinct litigation postures the cases are currently in. *See* Charles Alan Wright & Arthur R. Miller, 9 Federal Practice and Procedure § 2383 (2006) ("[A] motion under Rule 42(a) may be denied . . . if consolidation will cause delay in the processing of one or more of the individual cases" or "when one of the actions has proceeded further in the discovery process than the other."). In the present action, consolidation would lead to an unreasonable delay of trial, as this case is currently set for trial in September and has been pending on the court's docket since 2010. In contrast, the *Rimini* action was just initiated in the fall of 2014 and has yet to begin discovery, let alone pre-discovery motions. Such an unreasonable delay in a trial is sufficient cause to deny consolidation. Accordingly, the court shall deny defendants' alternative motion to consolidate.

IT IS THEREFORE ORDERED that defendants' motion to preclude evidence, or in the alternative, to consolidate (Doc. #554) is DENIED.

1    IT IS FURTHER ORDERED that plaintiffs' request to supplement expert report
2 (Doc. #593) is GRANTED. Plaintiffs shall have ten (10) days after entry of this order to
3 supplement their expert report on the issue of damages in accordance with this order. Defendants
4 shall have fifteen (15) days after being served with any supplemental expert report to depose
5 plaintiffs' expert. Defendants shall then have twenty (20) days after deposing plaintiffs' expert to
6 prepare and serve any supplement to their own expert report on the issue of the supplemental
7 damages, if so desired.
8    IT IS SO ORDERED.
9    DATED this 23rd day of July, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE