# EXHIBIT G

Page 1

```
UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
------------------------X

IN THE MATTER OF:

ORACLE, INC. et al

Petitioner,
Docket No.:
    -cv00106LRHPAL
Vs.

RIMINI STREET, INC. et al

Respondent.

------------------------X
```

March 29, 2011

HELD AT:

BEFORE:                         HONORABLE PEGGY A. LEEN, Judge

APPEARANCES:            GEOFFREY HOWARD, ESQ.
Attorney for the Petitioner
BINGHAM MCCUTCHEN
Three Embarcadero Center
San Francisco, CA 94111
415-393-2000


WEST ALLEN, ESQ.

Attorney for the Respondent

LEWIS AND ROCA

3993 Howard Hughes Pkwy, Suite 600

Las Vegas, NV 89169

702-949-8230


TRANSCRIBER:            EMILY HOWARD

Page 22

1  the scope of their proper license, they want to do
2  what they're allowed to do within the scope of that
3  proper license to ask somebody else to come and help
4  them, what they would basically do themselves, if
5  they could, but they can't, don't have time, don't
6  know how to do it, so they ask a third-party to come
7  in and do basically what they would like to do.
8          THE COURT:  Hence the argument that what
9  your client is doing is perfectly lawful.
10         MR. ALLEN:  That's true.  But that goes
11 right to the issue of how you grapple with all the
12 discovery that the Plaintiff would like to do--
13         THE COURT:  [Interposing] And that's why I'm
14 asking them is some bifurcation--does some
15 bifurcation make sense?  Can you limit--can you agree
16 upon a statement of facts?  They want to know the
17 universe of what it is that you're doing before they
18 bite into--
19         MR. ALLEN:  [Interposing] Well, I think Your
20 Honor made an excellent starting suggestion, which is
21 let's look at this issue of licensing, because the
22 way I viewed the client's - - this case just less
23 than a day or two ago, is that the first question
24 everyone, uh, asked is are these consumers allowed to
25 do, within the scope of their licenses, what they're

Page 23

1  asking Rimini to do?
2          And I just heard the issue of cross, uh--or
3  using, uh, software for things they're not supposed
4  to do.  From what I've seen at Rimini, all they ever
5  do is exactly what the consumer could do.  And to the
6  extent that Oracle's worried about cross-using of
7  licenses, they are meticulous--and this is why it's
8  not like the SAP case--they are meticulous at making
9  sure--
10         THE COURT:  [Interposing] They think your
11 client has, uh, erased data that makes it difficult
12 to trace exactly what you've done, that you've
13 deleted data.
14         MR. ALLEN:  From what I've seen so far, this
15 client is very meticulous about making sure that they
16 do exactly what that consumer has a license to do.
17 And to the extent they might, uh, create economies of
18 scale by taking what Consumer A can do and it's
19 exactly what Consumer B can do, they may create
20 economies of scale doing the exact same thing for
21 Consumer B within the parameters and the scope of the
22 license that Consumer B's allowed to do, which
23 matches what Consumer A did.
24         THE COURT:  And what is--
25         MR. ALLEN:  [Interposing] Now they want to

Page 24

1  call that cross-using software improperly, but--but
2  really it's not.  It's within the parameters of the
3  license doing what that consumer is entitled to do.
4  And--and maybe the way for this case to get resolved
5  is to just define--uh, Oracle can define and we can
6  all agree what's appropriate.
7          I think the concern in this case is that
8  Oracle's reporting to its shareholders, they want to
9  do what they did with SAP, which is eliminate that
10 whole side industry and keep that for themselves.
11 And of course they would want to do that.  Um, all of
12 us would if that's what we could do.  But the real
13 issue is what this proper--
14         THE COURT:  [Interposing] If it belongs to
15 them, they can and if it doesn't, they can't.  I
16 mean…
17         MR. ALLEN:  That's right.  And consumers, we
18 believe, have a right to have a third party come in,
19 within the proper scope of their license, fix and
20 make updates and do repairs--
21         THE COURT:  [Interposing] Right.  So is the
22 issue resolvable as a matter of law and a reasonable
23 amount of discovery, Mr. Allen?  That's what I asked
24 the Plaintiff, I hope, in plain English, without
25 going through the massive project that this is.

Page 25

1  Would you agree--can you agree with the Plaintiff on
2  what a representative sample of the discovery is to
3  present the issue to a judge to get a decision as a
4  matter of law and what it is that you are doing?
5          First, can you agree on what you're doing?
6  And two, can you, uh, agree, uh, on whether, uh,
7  there's a--a small enough universe of licenses that
8  are involved?  And three, can you frame the issue for
9  dispositive motion practice?
10         MR. ALLEN:  I would say on behalf of Rimini,
11 yes.  In fact, that's one of the reasons we were here
12 today, to make sure that that's what happens, as
13 opposed to what I perceive has happened, is Oracle
14 thought this might be just SAP Case II.  They came in
15 and realize that it was not, because this company is
16 very meticulous in making sure that they do only what
17 that licensee can do.
18         And so what's happened, in my view so far,
19 is that Oracle now realizes we don't have the massive
20 what they would deem as fraud or improper conduct.
21 What we might have, if we can get enough samples, is
22 individual episodes of maybe a little error here, a
23 little error there and couple those all together and
24 be able to show this horrible story.
25         But what the truth is is we're here because

OCEEDINGS

Page 46

1  of any depth.  At least, it is for me.
2          So we'll see you back, see if we have, uh,
3  some, um, substantial progress and if we have a
4  proposal for, uh, trimming this down into more
5  manageable parts.  And if not, that's what I get paid
6  the big bucks to decide, so…[laughter]  Thank you for
7  appearing here, counsel.  Good day.
8          MR. HOWARD:  Thank you, Your Honor.
9          MR. MILLER:  All rise.
10         [END OF HEARING]

Page 47

1           C E R T I F I C A T E
2
3
4  I, Emily Howard certify that the foregoing transcript of
5  proceedings in the United States District Court of Nevada:
6
7  Oracle Inc. et al v Rimini Street, Inc. et al Docket No.
8    -cv00106LRHPAL  was prepared using the required
9
10 transcription equipment and is a true and accurate record
11 of the proceedings.
12
13
14
15
    Signature:
16
17  Date:  April 8, 2011