| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP | MORGAN, LEWIS & BOCKIUS, LLP |
| | RICHARD J. POCKER (NV Bar No. 3568) | THOMAS S. HIXSON (*pro hac vice*) |
| 2 | 300 South Fourth Street, Suite 800 | KRISTEN A. PALUMBO (*pro hac vice*) |
| 3 | Las Vegas, NV 89101 | Three Embarcadero Center |
| | Telephone: (702) 382-7300 | San Francisco, CA 94111-4067 |
| 4 | Facsimile: (702) 382-2755 | Telephone: 415.393.2000 |
| | rpocker@bsfllp.com | Facsimile: 415.393.2286 |
| 5 | | thomas.hixson@bingham.com |
| | BOIES, SCHILLER & FLEXNER LLP | kristen.palumbo@bingham.com |
| 6 | WILLIAM ISAACSON (*pro hac vice*) | |
| | KAREN DUNN (*pro hac vice*) | DORIAN DALEY (*pro hac vice*) |
| 7 | 5301 Wisconsin Ave, NW | DEBORAH K. MILLER (*pro hac vice*) |
| | Washington, DC 20015 | JAMES C. MAROULIS (*pro hac vice*) |
| 8 | Telephone: (202) 237-2727 | ORACLE CORPORATION |
| | Facsimile: (202) 237-6131 | 500 Oracle Parkway, M/S 5op7 |
| 9 | wisaacson@bsfllp.com | Redwood City, CA 94070 |
| | kdunn@bsfllp.com | Telephone: 650.506.4846 |
| 10 | | Facsimile: 650.506.7114 |
| | BOIES, SCHILLER & FLEXNER LLP | dorian.daley@oracle.com |
| 11 | STEVEN C. HOLTZMAN (*pro hac vice*) | deborah.miller@oracle.com |
| | KIERAN P. RINGGENBERG (*pro hac vice*) | jim.maroulis@oracle.com |
| 12 | 1999 Harrison Street, Suite 900 | |
| | Oakland, CA 94612 | |
| 13 | Telephone: (510) 874-1000 | |
| | Facsimile: (510) 874-1460 | |
| 14 | sholtzman@bsfllp.com | |
| | kringgenberg@bsfllp.com | |
| 15 | | |
| 16 | Attorneys for Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation | |
| 17 | | |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| 20 | ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC. a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, | Case No. 2:10-cv-00106-LRH-PAL |
| 21 | | **PLAINTIFFS ORACLE'S MOTION TO SEAL THEIR REPLY IN SUPPORT OF ORACLE'S MOTION TO DETERMINE DISPUTED JURY INSTRUCTIONS** |
| 22 | | |
| 23 | Plaintiffs, v. | |
| 24 | | Judge:   Hon. Larry R. Hicks |
| 25 | RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual, | |
| 26 | Defendants. | |

1  Pursuant to the Stipulated Protective Order governing confidentiality of documents
2  entered by the Court on May 21, 2010, Dkt. 55 ("Protective Order"), and Rules 5.2 and 26(c) of
3  the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and
4  Oracle International Corporation (together "Oracle" or "Plaintiffs") respectfully request that the
5  Court order the Clerk of the Court to file under seal an unredacted copy of Oracle's Reply in
6  Support of Oracle's Motion to Determine Disputed Jury Instructions ("Reply") and Exhibits K
7  and L to the Declaration of Kieran P. Ringgenberg in Support of Plaintiffs Oracle's Reply in
8  Support of Oracle's Motion to Determine Disputed Jury Instructions (the "Ringgenberg Reply
9  Declaration").  Unredacted copies of the Reply and Exhibits K and L were individually lodged
10  under seal with the Court on July 24, 2015.
11  Sealing of the unredacted Reply and Exhibits K and L is requested because the redacted
12  portions of it contain information that Rimini Street, Inc. and Seth Ravin (collectively the
13  "Defendants") have designated as "Confidential Information" and "Highly Confidential
14  Information – Attorneys' Eyes Only" under the terms of the Protective Order.  The Protective
15  Order states, "Counsel for any Designating Party may designate any Discovery Material as
16  'Confidential Information' and 'Highly Confidential Information – Attorneys' Eyes Only' under
17  the terms of this Protective Order only if such counsel in good faith believes that such Discovery
18  Material contains such information and is subject to protection under Federal Rule of Civil
19  Procedure 26(c).  The designation by any Designating Party of any Discovery Material as
20  'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' shall
21  constitute a representation that an attorney for the Designating Party reasonably believes there is
22  a valid basis for such designation."  Protective Order ¶ 2.
23  For sealing requests relating to non-dispositive motions, such as this, the presumption of
24  public access to court filings may be overcome by a showing of good cause under Rule 26(c).
25  *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. Honolulu*,
26  447 F.3d 1172, 1179 (9th Cir. 2006).  The parties have identified the information redacted in the
27  Reply as well as Exhibits K and L as Confidential and Highly Confidential, and therefore have
28  represented that good cause exists for sealing those portions of the documents.  This is a

1  sufficient showing of good cause to permit a sealing order on a non-dispositive motion. *See,*

2  *e.g.*, *Pac. Gas & Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1027 (N.D. Cal. 2002).

3  In addition, material in the Reply and Exhibits K and L is, or is taken from, license

4  agreements between Oracle and its customers.  Oracle designated each of those agreements

5  "Highly Confidential," which reflects, in Oracle's best judgment, that the documents contain

6  "extremely sensitive, highly confidential, non-public information, consisting either of trade

7  secrets or other highly confidential documents related to current or future business plans,

8  protocols or strategies, the disclosure of which . . . would be likely to cause competitive or

9  business injury to [Oracle] (other than injury to [Oracle's] position in this Action)."  Protective

10 Order ¶ 4.  In particular, these license agreements contain confidential terms related to the

11 customers' licensed use of Oracle's enterprise software.  Oracle has invested billions of dollars

12 to acquire and develop this software, and it relies on licensing to recoup some of those costs.

13 Disclosure of the confidential terms of the licenses could interfere with Oracle's ongoing

14 licensing efforts.  Thus, there is a basis for this material to be sealed.  *Selling Source, LLC v. Red*

15 *River Ventures, LLC*, 2:09-CV-01491-JCM, 2011 WL 1630338 *6 (D. Nev. Apr. 29, 2011)

16 (citing *Pintos*, 565 F.3d at 1115 n.4).  The Court has previously sealed similar materials in

17 connection with summary judgment briefing.  Dkt. 325 at 2.

18 Oracle has submitted all other exhibits in the Ringgenberg Reply Declaration to the

19 Court's public files, which would allow public access to all Exhibits except for Exhibits K and L.

20 Accordingly, the request to seal is narrowly tailored.

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

2                                    Case No. 2:10-cv-00106-LRH-PAL
ORACLE'S MOTION TO SEAL REPLY IN SUPPORT OF MOTION TO DETERMINE DISPUTED
JURY INSTRUCTIONS

1  For the foregoing reasons, Oracle respectfully requests that the Court find that good cause
2  exists to file under seal the unredacted copies of the Reply and Exhibits K and L, and to issue an
3  order sealing the same.

DATED: July 24, 2015                    BOIES SCHILLER & FLEXNER LLP


By: /s/ *Kieran P. Ringgenberg*
    Kieran P. Ringgenberg
    Attorneys for Plaintiffs
    Oracle USA, Inc., Oracle America, Inc.,
    and Oracle International Corp.

# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July, 2015, I electronically transmitted the foregoing **PLAINTIFFS ORACLE'S MOTION TO SEAL THEIR REPLY IN SUPPORT OF ORACLE'S MOTION TO DETERMINE DISPUTED JURY INSTRUCTIONS** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

/s/ Catherine Duong
An employee of Boies, Schiller & Flexner LLP

Case No. 2:10-cv-00106-LRH-PAL

CERTIFICATE OF SERVICE