SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 3400
Houston, TX 77002
Telephone: (713) 227-8008
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
bevanson@gibsondunn.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
wallen@LRLaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 780
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANT RIMINI STREET, INC.'S AND SETH RAVIN'S REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE TRIAL**<br><br>Trial Date: September 14, 2015 |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ................................................................................................. 2

    A.    Oracle's Entitlement To Punitive Damages Should Be Tried In Phase Two, If At All.............................................................................................................. 3

    B.    Oracle's Claims Of Willful Copyright Infringement Should Be Tried in Phase II, If At All ...................................................................................................... 4

          1.    Willful Infringement Is Properly Bifurcated............................................... 4

          2.    Willful Infringement Is Irrelevant To Phase One of the Trial ................... 6

    C.    Oracle Will Suffer No Prejudice If Rimini Street's Motion Is Granted ................ 7

    D.    Oracle's Remaining Arguments Are Meritless ...................................................... 8

III. CONCLUSION ................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Apple Computer, Inc. v. Microsoft Corp.*,
  821 F. Supp. 616 (N.D. Cal. 1993) ................................................................. 9

*Aptargroup, Inc. v. Owens-Illinois, Inc.*,
  2003 WL 21557632 (N.D. Ill. July 3, 2003) ................................................... 5

*Blue Nile, Inc. v. Ice.com, Inc.*,
  478 F. Supp. 2d 1240 (W.D. Wash. 2007) ...................................................... 4

*Bucklew v. Hawkins, Ash, Baptie & Co.*,
  329 F.3d 923 (7th Cir. 2003) .......................................................................... 1

*Capital Records, Inc. v. MP3tunes, LLC*,
  2014 WL 503959 (S.D.N.Y. Jan. 29, 2014) .................................................... 4

*D.R. Horton, Inc. v. Betsinger*,
  335 P.3d 1230, 1233 (Nev. 2014) .................................................................. 3

*Danjaq LLC v. Sony Corp.*,
  263 F.3d 942 (9th Cir. 2001) .......................................................................... 4

*Dixon v. CSX Transp., Inc.*,
  990 F.2d 1440 (4th Cir. 1993) ........................................................................ 7

*Drennan v. Maryland Cas. Co.*,
  366 F. Supp. 2d 1002 (D. Nev. 2005) ............................................................ 6

*Hirst v. Gertzen*,
  676 F.2d 1252 (9th Cir. 1982) ........................................................................ 5

*In re Innotron Diagnostics*,
  800 F.2d 1077 (Fed. Cir. 1986) ...................................................................... 8

*In re Recombinant DNA Tech. Patent & Contract Litig.*,
  1994 WL 270712 (S.D. Ind. Dec. 22, 1993) .................................................. 5

*Magazzu v. Volmar Servs., Inc.*,
  2009 WL 5194396 (D.N.J. Dec. 21, 2009) ..................................................... 8

*Oboler v. Goldin*,
  714 F.2d 211 (2d Cir. 1983) ........................................................................... 1

*Oliver v. Geico Gen. Ins. Co.*,
  2015 WL 4064748 (D. Nev. July 2, 2015) ...................................................... 5

*Oracle Corp. v. SAP, AG*,
  765 F.3d 1081 (9th Cir. 2014) ........................................................................ 7

*Ortho-McNeil v. Teva Pharms. USA*,
  2003 WL 25888720 (D.N.J. Jan. 28, 2003) .................................................... 5

*Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*,
  180 F.R.D. 254 (D.N.J. 1997) ........................................................................ 5

*Sherwin v. Infinity Auto. Ins. Co.*,
  2012 WL 600812 (D. Nev. Feb. 23, 2012) ..................................................... 5

*Tracey v. Am. Family Mut. Ins. Co.*,
  2010 WL 3613875 (D. Nev. Sept. 8, 2010) ................................................. 5, 6

REPLY IN SUPPORT OF MOTION TO BIFURCATE TRIAL

*Yanni v. City of Seattle*,
  2005 WL 2180011 (W.D. Wash. Sept. 9, 2005) ............................................................. 2, 8

*Young ex rel. Broughton v. Mercury Cas. Co.*,
  2010 WL 2757291 (D. Nev. July 8, 2010) ......................................................................... 5

*ZZ Top v. Chrysler Corp.*,
  70 F. Supp. 2d 1167 (W.D. Wash. 1999) ........................................................................... 7

**Statutes**

17 U.S.C. § 301 .......................................................................................................................... 1, 4

17 U.S.C. § 504 ............................................................................................................................. 6

REPLY IN SUPPORT OF MOTION TO BIFURCATE TRIAL

# I. INTRODUCTION

Oracle acknowledges that the trial must be bifurcated, and that this Court has broad discretion to bifurcate the proceedings in the way that is most just and efficient.  But Oracle nonetheless insists that willful infringement and Oracle's entitlement to punitive damages must be included in the first phase of trial, despite the clear prejudice from doing so that Rimini Street articulated in its motion. Dkt. 616 at 4–5.  Indeed, Oracle completely ignores the *primary* reason for bifurcation of willful infringement and punitive damages—namely that Oracle will under no plausible scenario elect statutory damages for copyright infringement.  Oracle's *sole* purpose of including evidence regarding willful infringement in the first phase of trial is to improperly inflame the jury and encourage an inflated economic damages award.  The most efficient and fair bifurcation of the issues would be to adjudicate Rimini Street's liability and the amount of compensatory damages in the first phase, and bifurcate the adjudication of willful infringement and punitive damages (if necessary) into subsequent proceedings.

First, because punitive damages are not an available remedy for copyright infringement, they are not available to Oracle unless and until it establishes liability for one of its tort claims.  *Oboler v. Goldin*, 714 F.2d 211, 213 (2d Cir. 1983) ("punitive damages are not available under the Copyright Act").  Oracle has not prevailed on any of its tort claims, nor will it meet its burden of proving these claims at trial, and these state-law claims are in any event preempted by the Federal Copyright Act. 17 U.S.C. § 301(a); *see Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 934 (7th Cir. 2003) ("the statute's preemption clause forbids states to add [punitive damages] for a wrongful act that is identical to a violation of the [copyright] statute").  As a result, adjudicating Oracle's entitlement to punitive damages in the second phase of trial may absolve the parties of having to litigate this issue at all, and will help protect against the prejudice to Rimini Street from having Oracle inject punitive damages evidence into the jury's determination of copyright infringement liability and compensatory damages.

Second, Oracle *does not even respond* to Rimini Street's argument that there is virtually no plausible or rational scenario in which Oracle would seek statutory damages based on willful copyright infringement because such damages are capped at $150,000 per registered work—a

maximum of $15 million in statutory damages for the registered works at issue here. Dkt. 616 at 4. Instead, Oracle will elect actual (economic) damages, which its expert has calculated at over $100 million. *See*, *e.g.*, Dkt. 656-8 at 26–27. Oracle has thus far declined to elect actual (rather than statutory) damages, no doubt because if statutory damages are ostensibly at issue, Oracle has a pretense to put forth evidence and create a narrative of *willful* infringement, which will inflame the jury into awarding a higher compensatory damages figure to Oracle. That is the opposite of efficiency and the definition of undue prejudice. Bifurcating proceedings in the way Rimini Street has proposed will solve this clear problem, which Oracle completely ignores.

Oracle's argument against bifurcation of these two issues boils down to an oversimplified appeal to efficiency—Oracle cites some evidence that it contends will be used to prove intentional torts, which also will purportedly be used to prove entitlement to punitive damages and statutory damages based on willful infringement. And Oracle argues this means that it will either be precluded from presenting the evidence in the first phase, or it will have to present the evidence again in the second phase. But Oracle is wrong on both counts, because both phases will be tried to the same jury, and the witnesses will not need to repeat testimony from the first phase. "Instead, the jury would be instructed to consider testimony from the first phase in their deliberations in the second phase." *Yanni v. City of Seattle*, 2005 WL 2180011, at *2 (W.D. Wash. Sept. 9, 2005). The testimony in the second phase (if necessary at all) "would be brief and not overly duplicative." *Id.*

Because Oracle has not identified any actual prejudice, and trying this case in phases is unquestionably more efficient and fair, the Court should grant Rimini Street's motion.

## II. ARGUMENT

Rimini Street seeks a bifurcated trial whereby Oracle's entitlement to (i) punitive damages and (ii) statutory damages based on willful copyright infringement are tried in the second phase because doing so will avoid undue prejudice to Rimini Street, reduce the risk of jury confusion, improve convenience to the parties, and most fundamentally, promote the efficient use of judicial resources by avoiding the need for trial on issues that may not (and in the case of statutory damages based on willful infringement, almost certainly will not) come to pass.

**A.      Oracle's Entitlement To Punitive Damages Should Be Tried In Phase Two, If At All**

Oracle concedes, as it must, that Nevada Revised Statute section 42.005(3) requires bifurcation of proceedings, and that the amount of punitive damages cannot be tried in the first phase of the trial.  Dkt. 638 at 1.  But Oracle incorrectly suggests that the statute requires the issue of its *entitlement* to punitive damages to be tried with compensatory damages in the first phase of the trial. *Id.* at 4.  That is incorrect.

The Nevada Supreme Court recently held that entitlement to punitive damages and compensatory damages "may be tried separately" on remand.  *D.R. Horton, Inc. v. Betsinger*, 335 P.3d 1230, 1233 (Nev. 2014).  The court in *Betsinger* determined that under Nevada's bifurcation statute, a first jury may determine compensatory liability and compensatory damages, but, on remand, a different jury may determine first whether punitive damages were warranted and then make a determination of the amount of those punitive damages.  *Id.*  Rimini Street's bifurcation request comports with *Betsinger* and does not violate the statute.

Rimini Street does not oppose the same jury determining the *amount* of punitive damages (if any) at the end of the second phase of trial after its determination of whether punitive damages are warranted, as the court said would be appropriate in *Betsinger*.  Rimini Street's primary concern— which Oracle completely sidesteps—is the game Oracle is playing, seeking to inject inflammatory evidence that is not relevant to determining infringement and compensatory liability.  Oracle does not deny that it intends to use evidence in an improper or inflammatory way; its only response is that Rimini Street should move to exclude the inflammatory evidence.  Dkt. 638 at 2, 10.  But the clear risk of inflaming the jury, coupled with the fact that the parties *agree* that the trial should be bifurcated, should lead the Court to bifurcate the trial in a way that is fair and avoids the risk of irrelevant willfulness evidence inflating a compensatory damages award that has nothing to do with the willfulness of the infringement.

Indeed, because this Court has already resolved many issues at summary judgment (e.g., copyright infringement, Dkt. 474), and the parties have resolved by stipulation or abandoned other significant issues (*e.g.*, certain fair market value damages calculations, Dkt. 636), this case is uniquely situated to have a first phase that is narrowly tailored and streamlined.  In addition, Oracle's

REPLY IN SUPPORT OF MOTION TO BIFURCATE TRIAL

state-law claims are preempted because they are simply a repackaging of Oracle's copyright infringement claim, and punitive damages are not available for copyright infringement.  17 U.S.C. § 301(a); *see*, *e.g.*, *Blue Nile, Inc. v. Ice.com, Inc.*, 478 F. Supp. 2d 1240, 1251 (W.D. Wash. 2007) (claim for unjust enrichment "based on rights equivalent to those protected by copyright" was preempted as the claim's "underlying nature ... is part and parcel of a copyright claim").  This is primarily a case about causation and the amount of damages; it need not devolve into mudslinging.

Oracle's only remaining opposition to bifurcating punitive damages is its conclusory assertion that trying its *entitlement* to punitive damages in the second phase of the trial would "unnecessarily extend the trial."  Dkt. 638 at 5.  Not so.  In contrast to the cases cited by Oracle, the parties here *agree* that a multi-phased trial is appropriate, and they likewise agree that if Oracle fails to establish liability on its tort claims in the first phase, there will be no need to try punitive damages in a subsequent phase.  As a result, bifurcating the trial as Rimini Street requests will likely *shorten*, not extend, the trial.  Oracle does not address this argument.  Nor does Oracle identify any actual prejudice it will suffer if Rimini Street's motion is granted.

**B.   Oracle's Claims Of Willful Copyright Infringement Should Be Tried in Phase II, If At All**

Oracle's entitlement to any statutory-damages enhancement based on willful infringement also should be tried in the second phase, because it is irrelevant to the question of copyright infringement and the amount of Oracle's economic damages.

**1.   Willful Infringement Is Properly Bifurcated**

Courts can and do bifurcate the issue of willfulness in copyright cases.  *See*, *e.g.*, *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961–62 (9th Cir. 2001); *Capital Records, Inc. v. MP3tunes, LLC*, 2014 WL 503959, at *6 (S.D.N.Y. Jan. 29, 2014).  Oracle's attempt to distinguish these cases fails.  In *Danjaq*, the Ninth Circuit affirmed the bifurcation of (i) "willful infringement" from (ii) liability. 263 F.3d at 961.  It matters not that the "willful infringement" at issue in *Danjaq* was a counter-defense to laches, rather than, as here, a statutory damages enhancement.  The issue—willfulness of the infringement—is the same in both cases, and the reason for bifurcating the issue applies equally here.  *Id.* (bifurcation may allow the parties to "avoid[] a difficult question by first dealing with an

easier, dispositive issue") (citing *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982)). *Danjaq* demonstrates that so long as there are no constitutional concerns (there are none here), bifurcation of willful infringement is within the Court's discretion. Oracle offers no meaningful distinction of this binding authority.

The willfulness issue is also commonly bifurcated in the patent context, which further supports the same procedure in the analogous copyright context. *E.g.*, *Aptargroup, Inc. v. Owens-Illinois, Inc.*, 2003 WL 21557632, at *1 (N.D. Ill. July 3, 2003) ("[A]n 'intent' issue mixed up with an infringement issue will have a tendency to confuse and possibly prejudice the jury, without any real relevant evidence benefit"); *Ortho-McNeil v. Teva Pharms. USA*, 2003 WL 25888720, at *3–*4 (D.N.J. Jan. 28, 2003) (same); *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 258 (D.N.J. 1997) ("This Court is persuaded by the more recent case law which holds that willful infringement is more appropriately determined after liability has been established, thereby avoiding even the possibility of prejudice to a patent defendant's litigation rights"); *In re Recombinant DNA Tech. Patent & Contract Litig.*, 1994 WL 270712, at *27–*28 (S.D. Ind. Dec. 22, 1993) (bifurcating patent trial because "any possible overlap in evidence will be insubstantial," and including "willfulness" of infringement in second trial).

By contrast, Oracle fails to cite a single case (let alone a copyright case) where a court *denied* a motion to bifurcate willfulness. Oracle contends that the court in *Oliver v. Geico Gen. Ins. Co.*, 2015 WL 4064748 (D. Nev. July 2, 2015), "rejected th[e] same argument made here by Rimini" (Dkt. 638 at 12), but that case actually supports Rimini Street's argument. In *Oliver*, the court concluded that because a breach of contract claim is not a necessary prerequisite to a bad faith claim (as the defendant argued), there was no reason to try the breach of contract claim *before* the bad faith claim. 2015 WL 4064748, at *2–*3. The court recognized, however, that "[b]ifurcation is particularly appropriate when resolution of a claim or issue might dispose of the entire case." *Id.* at *1.[1]

---

[1] Oracle's lead cases focus on this same narrow (and previously disputed) issue under Nevada law that is completely irrelevant here: whether liability for breach of contract is a prerequisite for a bad faith claim such that it makes sense to try the breach of contract claim first. *See also Sherwin v. Infinity Auto. Ins. Co.*, 2012 WL 600812, at *3–*4 (D. Nev. Feb. 23, 2012); *Tracey v. Am. Family Mut. Ins. Co.*, 2010 WL 3613875, at *6–7 (D. Nev. Sept. 8, 2010); *Young ex rel. Broughton v. Mercury Cas. Co.*, 2010 WL 2757291 (D. Nev. July 8, 2010). Although Nevada courts now hold

That is precisely the situation here.  Unlike in *Oliver*, efficiency is better served by Rimini Street's proposed bifurcation because a finding of no liability on the tort claims will avoid *entirely* the need to try punitive damages.  Likewise, Oracle's election of actual damages will avoid *entirely* the need to try statutory damages based on willful copyright infringement.  Oracle does not dispute these critical points, and they compel bifurcation of punitive damages and willful infringement here.  *See Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007–08 (D. Nev. 2005) (bifurcating trial where resolution of one claim would "effectively dispose[] of" the plaintiff's remaining claim) (internal citation omitted).

### 2.     Willful Infringement Is Irrelevant To Phase One of the Trial

Oracle does not dispute that there is virtually no chance that it will elect a statutory damages award in this case.  The Copyright Act permits a plaintiff to recover (i) actual damages, or (ii) statutory damages, but not both.  17 U.S.C. § 504(a).  The actual damages potentially available to Oracle in this case dwarf even the highest potential statutory damages award:

- Statutory damages must be between $750 and $30,000 per infringing work.  *Id.* § 504(c)(1).  If the "infringement was committed willfully," the statutory damages award may be increased "to a sum of not more than $150,000" per infringing work.  *Id.* § 504(c)(2).  Here, there are at most 100 works at issue, and therefore Oracle's maximum recovery for statutory damages is approximately $15 million.

- By contrast, Oracle's expert calculated actual (economic) damages at *over* $100 million, i.e., almost *seven times* the maximum statutory damages award.  *See* Dkt. 656-8 at 26–27.

Thus, Oracle has no rational basis to elect statutory damages, and the only practical reason for Oracle to inject willful infringement into the first phase of the trial is for the purpose of inflaming the jury with mudslinging.  Oracle's intended approach at trial is evident by its constant stream of invective and hyperbole to describe Rimini Street's conduct in nearly every filing to date.  *See*, *e.g.*,

that the two claims are not dependent on each other, and therefore bifurcation makes little sense because the second phase will occur regardless of the outcome of the first phase, each of the cases is consistent with Rimini Street's argument that "[b]ifurcation is particularly appropriate" where, as here, "resolution of a single claim or issue could be dispositive of the entire case."  *Tracey*, 2010 WL 3613875 at *4.

REPLY IN SUPPORT OF MOTION TO BIFURCATE TRIAL

1    Dkt. 507 (order granting motion for clarification).  If permitted, this disingenuous gambit will waste

2    the jury's time and the Court's valuable resources.  *See Dixon v. CSX Transp., Inc.*, 990 F.2d 1440,

3    1443 (4th Cir. 1993) (holding it was an abuse of discretion to deny motion to bifurcate where failure

4    to do so led the jury to hear "inflammatory," "incitive," and "highly prejudicial" irrelevant evidence).

5           Oracle strains to argue that willful infringement is relevant to infringer's profits, relying, as it

6    did in its case against SAP, "heavily on dicta" to argue that Ninth Circuit "caselaw precludes willful

7    infringers from deducting overhead costs."  *Oracle Corp. v. SAP, AG*, 765 F.3d 1081, 1096 (9th Cir.

8    2014) (noting that same argument is based on *dicta* and declining to rule on the issue).  But the Ninth

9    Circuit has "not yet adopted such a rule."  *ZZ Top v. Chrysler Corp.*, 70 F. Supp. 2d 1167, 1168–69

10   (W.D. Wash. 1999) ("neither the language of the statute, its legislative intent, nor the relevant case

11   law requires or justifies prohibiting defendant from putting on evidence regarding its overhead

12   costs").  Thus, there is no practical reason to allow Oracle to argue in the first phase of trial that

13   Rimini Street willfully infringed.

14   **C.     Oracle Will Suffer No Prejudice If Rimini Street's Motion Is Granted**

15          Much of Oracle's opposition is devoted to pointing to evidence that Oracle contends will

16   overlap between the two phases of trial, and that Rimini's motion should be denied because "the

17   parties would need to present the same evidence and witnesses twice."  Dkt. 638 at 7.  Oracle

18   exaggerates and overstates the import of this overlap.

19          First of all, Oracle does not point to a single witness who will have to testify in both phases of

20   trial.  Any such duplication would be minimal, and because the issue is the willfulness of Rimini

21   Street's conduct, the only witnesses who would even potentially need to testify twice would be

22   *Rimini Street* witnesses.  *Oracle* would therefore suffer no plausible prejudice from bifurcation.  By

23   contrast, the entire willfulness issue could be mooted if (as Oracle does not dispute is nearly certain),

24   Oracle does not elect statutory damages.  This would relieve the parties of having to litigate this

25   complex and time-consuming issue and addressing the admissibility issues with the TomorrowNow

26   evidence.

27          Moreover, the same jury will presumably preside over both trials, the subsequent phases will

28   be short and supplemental, and "the witnesses will not need to repeat" themselves if a second phase is

necessary because "the jury would be instructed to consider testimony from the first phase in their deliberations in the second phase." *Yanni*, 2005 WL 2180011, at *2. Indeed, "[t]estimony in the second phase would be brief and not overly duplicative." *Id.*; *cf. Magazzu v. Volmar Servs., Inc.*, 2009 WL 5194396, at *7 (D.N.J. Dec. 21, 2009) ("Although there may be some overlap with regards to witnesses and evidence, the duplication will not be so repetitive and burdensome as to offset the benefits of bifurcated proceedings"); *see also In re Innotron Diagnostics*, 800 F.2d 1077, 1086 (Fed. Cir. 1986) ("even in the unlikely event that the same testimony and documents may be placed before two juries, [plaintiff's] argument would nonetheless fail, for it has been well said that the prohibition is not against having two juries review the same *evidence*, but rather against having two juries *decide* the same *essential issues*") (internal quotations omitted).

Thus, Oracle's argument that Rimini Street is attempting to "withhold from the jury" relevant evidence (Dkt. 638 at 2) is a red herring. If evidence and argument is relevant to Oracle's claims in the first phase and otherwise admissible, that evidence should be admitted even if it is *also* relevant to willful infringement. Nor will Oracle be required to "call the same witnesses and present evidence again in the second phase" (*id.* at 3), as it contends. Rather, the issues in the first trial will be narrowly tailored to Oracle's claims and the amount of compensatory damages; then, and only if necessary, the jury will be called upon in the second phase to decide if Rimini Street infringed willfully or acted with malice, oppression, or fraud. The jury in the second phase will be entitled to rely on any evidence from the first phase that is relevant to those issues and not otherwise inadmissible. As Oracle concedes, the parties can resolve these issues in connection with "specific piece[s] of Oracle's trial evidence" *in limine* or at trial. *Id.* at 2.

## D.   Oracle's Remaining Arguments Are Meritless

Oracle's remaining arguments likewise fail. Because Rimini Street's proposal would adjudicate *both* entitlement to punitive damages and entitlement to statutory damages based on willful infringement in the second phase of the trial, Oracle's argument that the two should be paired together (Dkt. 638 at 5) supports Rimini Street. And Oracle's argument that the Court must consider willful infringement in ruling on attorneys' fees and prejudgment interest (*id.* at 11 n.5) is no reason to deny Rimini Street's motion, because the Court will not even need to address these issues unless

and until Oracle prevails at trial.  *Cf. Apple Computer, Inc. v. Microsoft Corp.*, 821 F. Supp. 616, 630 (N.D. Cal. 1993) (including prejudgment interest determination in second phase of bifurcated copyright case).

### III. CONCLUSION

For these reasons, Rimini Street respectfully requests that this Court bifurcate the trial such that entitlement to (i) punitive damages, and (ii) statutory damages based on willful infringement, are tried in the second phase of trial, if necessary.

DATED:  July 27, 2015                      SHOOK, HARDY & BACON

                                  By:    */s/ Robert H. Reckers*_____
                                         Robert H. Reckers, Esq.
                                         Attorney for Defendants
                                         Rimini Street, Inc. and Seth Ravin

REPLY IN SUPPORT OF MOTION TO BIFURCATE TRIAL

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing DEFENDANT RIMINI STREET, INC.'S AND SETH RAVIN'S REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE TRIAL was filed, on July 27, 2015, with the Court's CM/ECF system which will send notice, via email, to all attorneys registered with the CM/ECF system.

DATED:  July 27, 2015                         SHOOK, HARDY & BACON

                                                            By:     */s/ Robert H. Reckers*
                                                                      Robert H. Reckers, Esq.
                                                                      Attorney for Defendants
                                                                      Rimini Street, Inc. and Seth Ravin