UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>          Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>          Defendants. | 2:10-CV-00106-LRH-PAL<br><br>ORDER |

Before the court is defendants Rimini Street, Inc. ("Rimini Street") and Seth Ravin's ("Ravin") (collectively "defendants") motion to seal their motion for leave to file reply. Doc. #628. Also before the court are plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation's (collectively "Oracle") motion to seal portions of its opposition to the motion to bifurcate (Doc. #643), motion to seal motion in limine (Doc. #650) motion to seal motion to exclude testimony (Doc. #666), and motion to seal reply to motion to exclude testimony (Doc. #674).

As an initial matter, the court is acutely cognizant of the presumption in favor of public access to papers filed in the district court. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Therefore, a party seeking to file materials under seal bears the burden of overcoming that

presumption by showing that the materials are covered by an operative protective order and are also deserving of confidentiality. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2005). Specifically, a party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana, City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted).

Here, in this intellectual property action, the court has entered a protective order governing documentation and testimony that is confidential to the parties' internal research and development, internal business strategies, and other highly sensitive areas. The court has reviewed the documents and pleadings on file in this matter and finds that the documents at issue in the present motions contain information that is either designated "Confidential" and/or "Highly Confidential" under the protective order. Therefore, the court finds that the parties have satisfied their burdens to show compelling reasons for filing the various pleadings under seal. Further, the court notes that the parties appropriately filed redacted versions of the same pleadings for public record. Accordingly, the court shall grant the parties' motions.

IT IS THEREFORE ORDERED that the parties' various motions to seal (Doc. ##628, 643, 650, 666, 674) are GRANTED.

IT IS SO ORDERED.

DATED this 4th day of August, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE