SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 3400
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
bevanson@gibsondunn.com

GREENBERG TRAURIG
Mark G. Tratos, Esq. (Nevada Bar No. 1086)
Brandon Roos, Esq. (Nevada Bar No. 7888)
Leslie Godfrey, Esq. (Nevada Bar No. 10229)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone: (702) 792-3773
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

LEWIS AND ROCA LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
wallen@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC., a Nevada corporation and SETH RAVIN, an individual, <br><br> Defendants. | Case No. 2:10-cv-0106-LRH-PAL <br><br> **DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE CERTAIN INQUIRY, EVIDENCE, OR ARGUMENT REGARDING TOMORROWNOW, INC.** <br><br> Trial Date:  September 14, 2015 |

REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OR ARGUMENT
7053023 v1
7104085 v1

## 1) INTRODUCTION

Oracle has not met its burden of establishing that the evidence of TomorrowNow's civil lawsuit, its stipulation of infringement, and/or the TomorrowNow criminal case is relevant to its claims against defendants. Nor has Oracle offered much in the way of a rebuttal to Rimini Street's claims of prejudice, other than to agree to a jury instruction on this issue. But once the evidence is introduced, it would be "obviously futile … to 'unring the bell'" by means of a jury instruction—hence the need to resolve this issue through a motion *in limine*. *Pinal Creek Grp. v. Newmount Min. Corp.*, 2006 WL 1766494, at *1 (D. Ariz. June 26, 2006).

Moreover, as Oracle argued in its case against SAP, introducing non-party TomorrowNow into this trial will require evidence and testimony on a number of collateral and irrelevant issues that will only confuse the jury and waste the Court's, the jury's, and the parties' time at trial. Oracle responds that it can simply admit the stipulation and indictment without any further witnesses or documents, but that does nothing to address the prejudice to *Rimini Street* that would result from having to devote significant time and energy to distinguish Rimini Street's business model from TomorrowNow's and to explain the differences between TomorrowNow's stipulating to liability for infringement and being adjudicated an infringer on the merits.

The TomorrowNow evidence therefore should be excluded under Federal Rules of Evidence 401 and 403.[1]

## 2) ARGUMENT

a)   Oracle Has Not Established That The TomorrowNow Evidence Is Relevant.

Oracle's Opposition offers no credible rebuttal to Rimini Street's arguments that the TomorrowNow evidence is irrelevant and prejudicial. Oracle's primary argument in support of admission of this evidence is that *Rimini Street* intends to rely on such evidence where it would support Rimini Street's arguments regarding the existence of "non-infringing alternatives." D.I. 605 at 1. But Rimini Street does not intend to introduce any evidence or argument in support of its

---

[1] Oracle does not dispute that the TomorrowNow evidence is not admissible under Rule 404(b).

defenses that mentions or relies upon TomorrowNow as a purported non-infringing alternative. Therefore, this is not a valid reason to admit the TomorrowNow evidence.

Oracle also proposes to use the TomorrowNow evidence to demonstrate that Rimini Street's costs of avoiding infringement would have been "prohibitively high" (D.I. 605 at 11), but this confuses the speed with which a non-infringing model can be adopted with the existence of such a model. The fact that Rimini Street did not change its model as quickly as Oracle thinks it should have does not mean that no non-infringing model existed then or exists now.

Oracle next argues that the TomorrowNow evidence is relevant to its fraud, tortious interference, unfair competition, and willfulness claims. D.I. 605 at 1. But Oracle does not need to mention anything related to the TomorrowNow lawsuit itself in order to argue that Rimini Street allegedly made false representations to its customers about TomorrowNow, and doing so would prejudice Rimini Street for the reasons described in its Motion and in section II.B.

Oracle's remaining arguments on the relevance of the TomorrowNow evidence are all premised on the impermissible use of that evidence to show that because TomorrowNow was adjudged an infringer (after stipulating to liability), and because Rimini Street is essentially the same entity as TomorrowNow, Rimini Street must have infringed as well. But this is plainly not a proper use of the evidence. *See*, *e.g.*, *Tennison v. Circus Enters., Inc*., 244 F.3d 684, 690 (9th Cir. 2001) (excluding evidence of "remote events involving other employees" because jury might confuse them with "recent events concerning [p]laintiffs"); *Anda v. Wickes Furniture Co*., 517 F.3d 526, 533-34 (8th Cir. 2008) (declining to admit evidence of practices at one company because they were not probative of the lawfulness of the practices at a separate company).

For instance, Mr. Ravin cannot be charged with knowing that TomorrowNow's business model was infringing when the allegedly infringing conduct occurred after he left the company. D.I. 559 at 6-7; *Barnett v. Gamboa*, 2013 WL 178132, at *7 (E.D. Cal. Jan. 16, 2013). Moreover, Oracle is incorrect that Mr. Ravin continued the TomorrowNow business model "unchanged" in the form of Rimini Street. As Mr. Ravin stated in his deposition, and as Rimini Street has shown elsewhere, Rimini Street was intended to be an improved version of the TomorrowNow model. D.I. 527 at 23

("I designed the TomorrowNow service. I evolved it and created a better service with Rimini Street.").

Finally, the fact that *TomorrowNow* stipulated to liability for infringement is not relevant to refuting Mr. Hilliard's anticipated testimony that *Rimini Street*'s conduct is "standard industry custom and practice" (D.I. 605 at 13), as Mr. Hilliard does not rely on TomorrowNow as support for these opinions. Here again, Oracle fails to proffer a valid reason to admit the TomorrowNow evidence.

b)  The TomorrowNow Evidence Should Be Excluded Because It Would Unfairly Prejudice Rimini Street And Would Both Waste Time And Mislead The Jury.

Even if the TomorrowNow evidence were relevant, its admission at trial would be unfairly prejudicial given the circumstances of TomorrowNow's stipulation and plea and the unwarranted inferences that might be drawn from it, and nothing in Oracle's Opposition suggests otherwise. As if to prove Rimini Street's point, Oracle's suggestion that "companies stipulate to liability and plead guilty to federal crimes when the evidence of misconduct is overwhelming" (D.I. 605 at 11 n.4) is *precisely* the sort of argument that could cause the jury to decide on an impermissible basis. In addition, as Oracle itself argued during the SAP/TomorrowNow litigation, admitting the TomorrowNow evidence would confuse the jury and prolong the trial (D.I. 559 at 9) because of the highly technical evidence and testimony that would be necessary to distinguish the two companies' business models (*id*. at 10).

Oracle retorts that the evidence is supposedly too probative to leave out (D.I. 605 at 15, 17 n.9) and attempts to distinguish Rimini Street's cases by arguing that "none of them involved evidence that was directly probative of issues at trial." *Id*. at 17. But, as discussed above, the probative value of the evidence is weak at best, and none of the cases Oracle cites support its admission.

In *United States v. Killough*, 848 F.2d 1523, 1528 (11th Cir. 1988), plaintiffs sought to introduce prior criminal pleas of the defendants in a related civil case. The court found that the pleas were not prejudicial because liability was no longer at issue, and the only question was the amount of

3
REPLY IN SUPPORT OF MOTION TO EXCLUDE TOMORROWNOW EVIDENCE

7053023 v1
7104085 v1

damages, which the pleas themselves specifically addressed. Here, by contrast, Oracle seeks to introduce the plea of an unrelated third party, in part to show that some of Rimini Street's defenses, including its industry-standard and non-infringing alternative defenses, cannot be viable, on the theory that if they were, TomorrowNow would not have pleaded guilty. That intended use is far more prejudicial, and far less probative, than what was at issue in *Killough*.

*Secretary, Dep't of Labor v. Seibert*, 464 F. App'x 820, 823 (11th Cir. 2012), involved a bench trial, and thus did not present the same risk of "unfairly misleading or biasing the factfinder." In *Creswell v. HCAL Corp.*, 2007 WL 628036, at *7 (S.D. Cal. Feb. 12, 2007), the court *excluded* evidence of a prior conviction under Rule 403 and admitted only the evidence of a civil lawsuit the defendant himself had filed against the city that would have painted the defendant as a "grossly litigious individual." That, again, is nowhere near the type of prejudice that Rimini Street would suffer if the TomorrowNow evidence were introduced. Finally, in *Cargill Inc. v. Progressive Dairy Solutions, Inc.*, 362 F. App'x 731, 733 (9th Cir. 2010), the court admitted evidence of two lawsuits filed against the plaintiff that were directly relevant to the key issue in the case with limiting instructions and a pre-trial order *in limine* that "sharply constrained" any references to the lawsuits beyond what was necessary to establish the parties' claims and defenses.

These cases simply do not establish that the type of evidence Oracle seeks to introduce here is so probative, and the prejudice so minor, that the Rule 403 test is satisfied.

In addition, Oracle's responses to Rimini Street's real concerns involving prejudice, jury confusion, and wasting time fall flat.

First, Oracle admits that while there might be "some potential prejudice" to Rimini Street from the introduction of the TomorrowNow evidence (D.I. 605 at 16), the admitted prejudice will not be substantial because Oracle "will not make the argument" that "because TomorrowNow stipulated, and later pleaded guilty, to copyright infringement in the past and Mr. Ravin had a prior relationship with TomorrowNow, … Ravin and his current company, Rimini, must have engaged in infringement in this case." *Id*. But nearly all of Oracle's arguments for admission rely on this theme in some way—e.g., Mr. Ravin must have known about Rimini's infringing conduct because he founded TomorrowNow and operated Rimini under the same model (*id*. at 12-13); Rimini's business model

4

REPLY IN SUPPORT OF MOTION TO EXCLUDE TOMORROWNOW EVIDENCE

7053023 v1
7104085 v1

1   cannot be consistent with common industry practice because TomorrowNow had a similar model and
2   was found liable for millions of dollars (*id*. at 13-14); and Rimini must be wrong about the
3   availability of non-infringing alternatives because it never changed its model from the
4   TomorrowNow model (*id*. at 11-12)—and belie Oracle's representations that its use of the
5   TomorrowNow evidence would be limited and would not prejudice Rimini Street.

6   Second, Oracle argues that the Court should discount the indisputable risk of jury confusion
7   because the evidence in this case is "directly relevant" to claims and defenses at issue and involves
8   "stipulated criminal and civil liability." D.I. 605 at 18. This is not a valid basis for admission: If the
9   TomorrowNow evidence is introduced, Rimini Street will have no choice but to explain to the jury
10  the differences between TomorrowNow and Rimini Street and the differences between stipulating to
11  infringement and adjudicating infringement, which are exactly the sort of confusing and collateral
12  issues that Oracle sought to exclude in the SAP litigation. D.I. 559 at 4 and 7.

13  Third, Oracle maintains that introducing the TomorrowNow evidence will not result in a trial
14  within a trial because Oracle is "not proposing to add a single additional document" or witness to the
15  record. D.I. 605 at 19. But the problem is not that *Oracle* will have to submit additional testimony
16  and evidence; it is that, after Oracle bombards the jury with evidence about TomorrowNow, the civil
17  judgment against it, and the criminal indictment and plea, *Rimini Street* will have to devote
18  significant time and resources to contextualizing the evidence—for example, proving that although
19  TomorrowNow stipulated to liability, it did not clearly infringe; that Mr. Ravin was not at
20  TomorrowNow when it stipulated to liability or when it was indicted; and that Rimini Street was not
21  simply an iteration of the TomorrowNow business model.

22  And all of that will be challenging to do given that TomorrowNow is a third party from whom
23  Rimini Street cannot readily obtain documents. *See*, *e.g.*, *Nachtsheim v. Beech Aircraft Corp.*, 847
24  F.2d 1261, 1269 (7th Cir. 1988) (acknowledging that introduction of certain evidence, while not
25  burdensome for the plaintiff, would have required defendant to defend against that evidence with its
26  own technical responses and lengthy testimony which would have confused the jury and prolonged
27  trial). Evidence to prove the foregoing (and more) is absolutely necessary if the Court allows Oracle
28  to introduce the TomorrowNow evidence in the case, and it is for this very reason that the Northern

District of California (at Oracle's urging) kept Rimini Street out of *Oracle v. SAP*. This Court should do the same here.

**3)    CONCLUSION**

Rimini Street respectfully asks this Court to exclude all evidence and argument relating to the TomorrowNow civil and criminal lawsuits.

DATED:    August 5, 2015        SHOOK, HARDY & BACON

By:    */s/ Robert H. Reckers*_____
Robert H. Reckers, Esq.
Attorney for Defendants
Rimini Street, Inc. and Seth Ravin

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE CERTAIN INQUIRY, EVIDENCE, OR ARGUMENT REGARDING TOMORROWNOW, INC. was filed, on August 5, 2015, with the Court's CM/ECF system which will send notice, via email, to all attorneys registered with the CM/ECF system.

*/s/ Robert H. Reckers*_____
Robert H. Reckers, Esq.