| | | |
|---|---|---|
| 1 | SHOOK, HARDY & BACON LLP | GIBSON DUNN & CRUTCHER LLP |
| 2 | B. Trent Webb, Esq. (*pro hac vice*) | Lauren Blas |
| | Peter Strand Esq. (*pro hac vice*) | Blaine H. Evanson |
| 3 | Ryan D. Dykal Esq. (*pro hac vice*) | 333 S. Grand Ave., 47th Floor |
| 4 | 2555 Grand Boulevard | Los Angeles, California 90071 |
| | Kansas City, Missouri 64108-2613 | Telephone: 213-229-7000 |
| 5 | Telephone: (816) 474-6550 | Facsimile: 213-229-7228 |
| | Facsimile: (816) 421-5547 | bevanson@gibsondunn.com |
| 6 | bwebb@shb.com | |
| 7 | | GIBSON DUNN & CRUTCHER LLP |
| | Robert H. Reckers, Esq. (*pro hac vice*) | Joseph A. Gorman |
| 8 | 600 Travis Street, Suite 3400 | 555 Mission Street |
| | Houston, Texas   77002 | San Francisco, California  94105 |
| 9 | Telephone: (713) 227-8008 | Telephone: 415-393-8296 |
| | Facsimile: (731) 227-9508 | jgorman@gibsondunn.com |
| 10 | rreckers@shb.com | |
| 11 | | GIBSON DUNN & CRUCTHER LLP |
| | GREENBERG TRAURIG | Mark A. Perry |
| 12 | Mark G. Tratos, Esq. (Nevada Bar No. 1086) | 1050 Connecticut Avenue N.W. |
| | Brandon Roos, Esq. (Nevada Bar No. 7888) | Washington, D.C. 20036-5306 |
| 13 | Leslie Godfrey, Esq. (Nevada Bar No. 10229) | |
| | 3773 Howard Hughes Parkway | RIMINI STREET, INC. |
| 14 | Suite 400 North | Daniel B. Winslow |
| | Las Vegas, NV 89169 | 6601 Koll Center Parkway, Suite 300 |
| 15 | Telephone:  (702) 792-3773 | Pleasanton, California  94566 |
| | Facsimile:  (702) 792-9002 | Telephone: 925-264-7736 |
| 16 | tratosm@gtlaw.com | DWinslow@riministreet.com |
| | roosb@gtlaw.com | |
| 17 | godfreyl@gtlaw.com | *Attorneys for Defendants* |
| 18 | | *Rimini Street, Inc., and Seth Ravin* |
| | LEWIS AND ROCA LLP | |
| 19 | W. West Allen (Nevada Bar No. 5566) | |
| | 3993 Howard Hughes Parkway, Suite 600 | |
| 20 | Las Vegas, Nevada 89169 | |
| | Tel: (702) 949-8200 | |
| 21 | Fax: (702) 949-8398 | |
| | WAllen@LRRLaw.com | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

7126296 v1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,

Plaintiffs,

v.

RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,

Defendants.

Case No. 2:10-cv-0106-LRH-PAL

**RIMINI STREET AND RAVIN'S MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THEIR OPPOSITION TO ORACLE'S MOTION TO EXCLUDE TESTIMONY OF DEFENDANTS' EXPERTS AND ACCOMPANYING EXHIBITS A-D AND F**

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010 (*See* Dkt. 55, "Protective Order"), Local Rule 10-5(b) and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Defendants Rimini Street, Inc. and Seth Ravin ("Rimini") respectfully request that the Court grant leave to file under seal portions of their Opposition to Oracle's Motion to Exclude Testimony of Defendants' Experts ("Daubert Opposition") and accompanying Exhibits A-D and F. A public, redacted version of the Daubert Opposition was filed on August 14, 2015. Additionally, also on August 14, 2015, the unredacted version of the Daubert Opposition was filed under seal.

The Protective Order provides that: "Counsel for any Designating Party may designate any Discovery Material as "Confidential Information" and as "Highly Confidential Information- Attorneys' Eyes Only" under the terms of the Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as "Confidential Information" or "Highly Confidential Information- Attorneys' Eyes Only" shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation". Protective Order at Paragraph 2.

The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research,

7126296 v1

development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

Sealing portions of the Daubert Opposition is requested because it cites Exhibits which have already been filed Under Seal in this action. These Exhibits, and the information referenced in the Daubert Opposition, include portions of the deposition testimony of witnesses of either Oracle OR Rimini, which includes information marked Highly-Confidential Information—Attorneys' Eyes Only by Oracle or Rimini. If disclosed, this information, which includes the parties' customer revenue data and financial data, could competitively harm Oracle and Rimini. The Protective Order provides that: "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' under the terms of this Protective Order **only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).** The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information –Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." Protective Order ¶ 2 (emphasis supplied).

A description of the Exhibits to be filed under seal referenced in this Opposition is included below:

1. Exhibit A consists of excerpts of the deposition testimony of Scott Hampton.
2. Exhibit B consists of excerpts of the deposition testimony of Brooks Hilliard.
3. Exhibit C consists of excerpts of the deposition testimony of Krista Williams.
4. Exhibit D consists of excerpts of the deposition testimony of Jim Benge.
5. Exhibit F consists of excerpts of the deposition testimony of David Klausner.

Rimini has submitted all other portions of its Daubert Opposition for filing in the Court's public files, which would allow public access to the filings except for the documents designated as Confidential or Highly Confidential due to the descriptions of Exhibits previously filed Under Seal. Accordingly, the request to seal is narrowly tailored.

7126296 v1

For the foregoing reasons, Rimini respectfully request that the Court grant leave to file portions of its Daubert Opposition and accompanying Exhibits A-D and F under seal.

DATED: August 14, 2015

SHOOK, HARDY & BACON

By: /s/ *Robert H. Reckers*
Robert H. Reckers, Esq.

*Attorneys for Defendants*
*Rimni Street, Inc. and Seth Ravin*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: */s/ Robert H. Reckers*
Robert H. Reckers

- 4 -

7126296 v1