| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP | MORGAN, LEWIS & BOCKIUS LLP |
|   | RICHARD J. POCKER (NV Bar No. 3568) | THOMAS S. HIXSON (*pro hac vice*) |
| 2 | 300 South Fourth Street, Suite 800 | KRISTEN A. PALUMBO (*pro hac vice*) |
|   | Las Vegas, NV 89101 | One Market, Spear Street Tower |
| 3 | Telephone: (702) 382-7300 | San Francisco, CA 94105 |
|   | Facsimile: (702) 382-2755 | Telephone: 415.442.1000 |
| 4 | rpocker@bsfllp.com | Facsimile: 415.442.1001 |
|   |   | thomas.hixson@morganlewis.com |
| 5 | BOIES, SCHILLER & FLEXNER LLP | kristen.palumbo@morganlewis.com |
|   | WILLIAM ISAACSON (*pro hac vice*) |   |
| 6 | KAREN DUNN (*pro hac vice*) | DORIAN DALEY (*pro hac vice*) |
|   | 5301 Wisconsin Ave, NW | DEBORAH K. MILLER (*pro hac vice*) |
| 7 | Washington, DC 20015 | JAMES C. MAROULIS (*pro hac vice*) |
|   | Telephone: (202) 237-2727 | ORACLE CORPORATION |
| 8 | Facsimile: (202) 237-6131 | 500 Oracle Parkway, M/S 5op7 |
|   | wisaacson@bsfllp.com | Redwood City, CA 94070 |
| 9 | kdunn@bsfllp.com | Telephone: 650.506.4846 |
|   |   | Facsimile: 650.506.7114 |
| 10 | BOIES, SCHILLER & FLEXNER LLP | dorian.daley@oracle.com |
|   |   | deborah.miller@oracle.com |
| 11 | STEVEN C. HOLTZMAN (*pro hac vice*) | jim.maroulis@oracle.com |
|   | KIERAN P. RINGGENBERG (*pro hac vice*) |   |
| 12 | 1999 Harrison Street, Suite 900 |   |
|   | Oakland, CA 94612 |   |
| 13 | Telephone: (510) 874-1000 |   |
|   | Facsimile: (510) 874-1460 |   |
| 14 | sholtzman@bsfllp.com |   |
|   | fnorton@bsfllp.com |   |
| 15 | kringgenberg@bsfllp.com |   |

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual, <br><br> Defendants. | Case No. 2:10-cv-0106-LRH-PAL <br><br> **ORACLE'S MOTION TO RE-DESIGNATE RIMINI'S 2006-2011 CUSTOMER LIST AS "CONFIDENTIAL INFORMATION" UNDER THE PROTECTIVE ORDER** <br><br> **PUBLIC REDACTED VERSION** |

Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. (collectively, "Oracle") move to re-designate Undisputed Fact Paragraph 18 in the Parties' Joint Pretrial order (Dkt. 523) – which contains Rimini Street, Inc. and Seth Ravin's ("Rimini" or "Defendants") 2006-2011 customer list – from "Highly Confidential Information – Attorneys Eyes Only" ("HC-AEO") to "Confidential Information" under the protective order in this action. Dkt. 55.

## I.   INTRODUCTION

With less than a month before trial begins, Rimini is using the protective order to unduly prejudice Oracle's trial preparations. The identities of Rimini's 2006-2011 customers are a key foundational fact for nearly every issue to be decided at trial, and there is no question they will be disclosed or displayed to the jury. Pursuant to Local Rule 16-3, the parties have stipulated to the customers' identities, the products on which they received service from Rimini, and their Rimini start dates – so those facts are already deemed established for trial. All of these customers are also Oracle software licensees and former Oracle support customers. Even though Rimini markets its customers' identities to the world on its website for advertising purposes, in litigation Rimini has designated its 2006-2011 customer list – which is now four years old – as HC-AEO, meaning that their identities cannot be disclosed to Oracle witnesses in preparation for testimony at trial or cross-examination.

There is no basis for Rimini's HC-AEO designation for this stale and barely confidential information except to handicap Oracle's trial preparation. Rimini will not suffer any competitive harm from re-designating the 2006-2011 customer list as "Confidential Information." Rimini has publicly disclosed a significant portion of the list through other means, and no pricing information or contractual terms are included in the paragraph of the Joint Pretrial Order that Oracle seeks to re-designate. Moreover, if this information is re-designated as "Confidential," Oracle employees would only be able to review the list "for the purposes of this Action" and "only to the extent necessary, in preparation for . . . testimony in this Action" and not for

independent business purposes (Dkt. 55 ¶ 9(b)-(c)), which provides Rimini any protection it needs against any claimed prejudice.

By contrast, Oracle trial witnesses are presently unable to adequately prepare for trial. Because Rimini's customers used to be Oracle's customers, they are included in numerous exhibits on both parties' exhibit lists. For Oracle documents that list numerous Oracle customers, Oracle's counsel is unable to tell the Oracle witness which customers went to Rimini and are at issue in this case. To avoid this undue prejudice, the Court should re-designate the list as "Confidential Information."

## II.    RIMINI'S "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" MATERIALS CANNOT BE DISCLOSED TO ORACLE'S TRIAL WITNESSES

The protective order provides the parties with two avenues for protecting their sensitive business information: "Confidential Information" or HC-AEO. Material that can be designated as "Confidential Information" is broad, and includes "customer information, data and lists," which is the very material Oracle seeks to re-designate. "Confidential Information" is defined as:

> non-public information or matter related to: financial or business plans or projections; acquisition offers or expressions of interest; proposed strategic transactions or other business combinations; compensation plans; proprietary technical information and specifications; current or future business and marketing information, plans, and strategies; studies or analyses by internal or outside experts; *customer information, data or lists*; confidential financial data or results; tax data; confidential information regarding assets and liabilities; valuation analyses; competitive analyses; confidential personnel information; personal financial information; personal information subject to protection under California or Nevada law; or other commercially or personally sensitive or proprietary information.

Dkt. 55 ¶ 3 (emphasis added). "Confidential Information" can be disclosed to a receiving party's counsel, employees (for the purposes of this action), experts, and court staff. Dkt. 55 ¶ 9(a)-(e).

To obtain HC-AEO protection, materials must be:

> extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or other highly confidential documents related to current or future business plans, protocols or strategies, the disclosure of which to the Receiving Parties or non-

parties (other than the Designating Party) would be likely to cause competitive or business injury to the Designating Party (other than injury to the Designating Party's position in this Action).

Dkt. 55 ¶ 4. Materials **cannot** be designated as HC-AEO if they "are or become . . . a matter of public record or publicly available by law or otherwise." Dkt. 55 ¶ 4.

HC-AEO materials can be disclosed only to a receiving party's outside counsel, certain designated in-house counsel, experts, court staff, and certain witnesses or deponents. Dkt. 55 ¶ 10(a)-(g). They cannot be disclosed to a receiving party's employees, including anticipated trial witnesses, unless the witness has previously received or seen the material. Dkt. 55 ¶ 10(d).

### III. RIMINI'S 2006-2011 CUSTOMER LIST SHOULD BE RE-DESIGNATED AS "CONFIDENTIAL INFORMATION"

Rimini's designation of its 2006-2011 customer list as HC-AEO is a straightforward violation of the protective order. The order identifies "customer information, data or lists" as material that can be designated "Confidential," *no*t HC-AEO. Nothing in the definition of HC-AEO material even arguably covers a customer list that is *four years* out of date.

Rimini's maintaining its HC-AEO designation of its customer list unduly prejudices Oracle's trial preparation efforts. The identity of Rimini's 2006-2011 customers and their reasons for purchasing infringing support from Rimini are key issues to both parties' damages claims. *See, e.g.*, Dkt. 523 (Pretrial Order) at 6 (Rimini claiming that "there is no causal link between any infringement by Rimini and clients choosing to switch from Oracle support to Rimini support"). The customers are mentioned on numerous documents on both parties' exhibit lists. *E.g.*, Dkt. 647, Exs. 14 (DTX 154), 15 (DTX 290), 17 (DTX 293).[1] Indeed, at one time, every customer on Rimini's 2006-2011 list was a customer of both parties: as a Rimini support customer, and as an Oracle licensee and former support customer. *See* Dkt. 523 (Pretrial Order) Undisputed Facts ¶¶ 15-16. There is no question that the customers' identities will be revealed at trial; the only question is when.[2]

---

[1] Portions of certain of these exhibits are subject to the parties' motions in limine.

[2] Rimini can ask that the courtroom be sealed if it can prove there are compelling reasons to do so. *Selling Source, LLC v. Red River Ventures, LLC*, 2:09-CV-01491-JCM, 2011 WL 1630338, at *4 (D. Nev. Apr. 29, 2011) (citing *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 n.4

Rimini's current designation allows *only* Rimini witnesses to prepare to testify about relevant customers in this case.  When reviewing potential trial exhibits with potential trial witnesses – documents that the witness would have seen in the normal course of business – Oracle's counsel is unable to identify for them which customers are at issue in the case, and about which they might testify or be cross-examined.  *See, e.g.*, Dkt. 647, Ex. 14 (DTX 154). There is nothing Oracle's counsel or experts can do to bridge this gap.  Oracle is thus unduly prejudiced by being left to prepare with one hand tied behind its back, and the list should be re-designated as a result.  *Cf. Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 528 (N.D. Cal. 2000) (actual prejudice justifying modification to protective order where prejudice is not simply an "increase the difficulty in managing the litigation"); Dkt. 592 at 2 (citing same).

Re-designation is also appropriate because Rimini's 2006-2011 list does not warrant HC-AEO protection at all.  As noted above, it does not qualify as HC-AEO under the plain language of the protective order.  Further, as a factual matter, Rimini proudly markets the identity of a significant number of its customers on various pages on its website, including the services they purchase from Rimini.  *See* Declaration of Nitin Jindal In Support of Oracle's Motion to Re-Designate Rimini's 2006-2011 Customer List and Unopposed Motion For Order Shortening Time ("Jindal Dec."), Ex. 1 (http://www.riministreet.com/clients ), Ex. 2 (http://www.riministreet.com/clients/industries), Ex. 3 (http://www.riministreet.com/client-success-stories).  Rimini has marketed the identities of its customers since their inception.  And many of Rimini's 2006-2011 customers have since left Rimini, leaving Rimini with no competitive interest in shielding their identity.  *E.g.*, Dkt. 602 at 5:6-9 (describing how Oracle's damages expert accounted for customers that left Rimini and returned to Oracle).  Nonetheless, in the parties' Joint Pretrial Order, Rimini moved to seal its 2006-2011 list of PeopleSoft, J.D. Edwards, and Siebel customers, even though many of the same customers on the list are also

---

(9th Cir. 2009)).  However, as described below, Rimini's HC-AEO designation is inappropriate and thus Rimini is unlikely to meet the high standard for closing the courtroom when customer identities are disclosed.  Moreover, even if the courtroom is sealed when these facts are revealed, Oracle witnesses would still learn their identities when Rimini's counsel asked them questions about the customers' experiences with Oracle.

4

ORACLE'S MOTION TO RE-DESIGNATE RIMINI'S 2006-2011 CUSTOMER LIST AS
"CONFIDENTIAL INFORMATION" UNDER THE PROTECTIVE ORDER

1  listed on Rimini's website. *Compare* Dkt. 523, Undisputed Fact ¶ 18 *with* Jindal Decl., Ex. 2.

2  Rimini cannot claim any harm from re-designation of the 2006-2011 customer list as
3  "Confidential Information." Rimini has already publicly disclosed the identities of a significant
4  number of its customers. The only additional information that Oracle's motion would allow
5  Oracle trial witnesses to know is (1) the identities of Rimini's 2006-2011 customers not already
6  disclosed on Rimini's website or through other public sources, and (2) the product line Rimini
7  supports each customer on (PeopleSoft, J.D. Edwards or Siebel) and the start date of Rimini's
8  support for each customer. The 2006-2011 customer list is old and includes many customer who
9  are no longer at Rimini. The list does not include commercially sensitive information, such as
10  service prices or contractual terms.

11  When the parties met and conferred prior to Oracle's bringing this motion, ███
12  ████████████████████████████████████████████████████████
13  ████████████████████████████████████████████████████████
14  ████████████████████████████████████████████████████████
15  ████████████████████████████████████████████████████████
16  ████████████████████████████████████████████████████████
17  ██████████████████ *Id*. However, based on the customer contracts Rimini produced in
18  discovery, that argument has no merit. As an initial matter, ███████████████
19  ████████████████████████████████████████████████████████
20  ██████████████████████████████████████████████████
21  ████████████████████████████████████████████████████████
22  ████████████████████████████████████ *E.g., id.*, Ex. 6 (PTX 2547) ¶ 8(e). For
23  those customers, the relationship is not confidential *at all*. ██████████████████
24  ████████████████████████████████████████████████████
25  ████████████████████████████████████████████████████████
26  ████████████ has nothing to do with whether the customer relationship is "Confidential" as
27  opposed to HC-AEO under the protective order, as both designations keep the information
28

5
ORACLE'S MOTION TO RE-DESIGNATE RIMINI'S 2006-2011 CUSTOMER LIST AS
"CONFIDENTIAL INFORMATION" UNDER THE PROTECTIVE ORDER

confidential.

Further, █████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████" Jindal Decl., Ex. 6 (PTX 2547) ¶¶ 8(d) & 8(a), Ex.7 (PTX 2502)

¶ 9.4(D). ████████████████████████████████████████████

████████████████████████████████████████ *id.*, Ex. 6 (PTX 2547) ¶ 8(d), Ex.

7 (PTX2502) ¶ 9.4(D), which of course the Court has already entered in this case. Indeed, Oracle's motion seeks to have Rimini's 2006-2011 customer list treated as "Confidential" *under the terms of that protective order*. Thus, there is no tension between Oracle's motion and the confidentiality provisions in Rimini's customer contracts.

Regardless, Rimini cannot trump the protective order – which states that customer lists fall within the category of "Confidential" information – by entering into agreements with its customers. The protective order is an order of the Court, and the parties are required to comply with it. Rimini is not at liberty to make private contractual promises not to disclose discoverable information to Oracle; that violates the protective order, which sets forth the standards that determine what information Oracle's witnesses can be shown. Further, Oracle should not be prejudiced from vindicating its rights at trial because of how Rimini drafted agreements with its customers, which is obviously outside of Oracle's control. Moreover, whatever the basis for Rimini's agreements with its customers, the identities of Rimini's customers will still remain protected. As "Confidential Information," they can only be disclosed to Oracle employees *in preparation for their testimony* and to assist with this case – and not to be used for Oracle's business purposes independent of litigation.

Finally, Oracle's request is distinguishable from Ravin's prior attempt to modify the protective order so that he could review Oracle's HC-AEO material. Dkt. 539. Unlike Ravin's broad motion – which sought access to every HC-AEO document on Oracle's trial exhibit list – Oracle's request is narrow and targeted at a specific set of information that is necessary for

1    Oracle witnesses to testify about their own knowledge and Oracle's own documents.  Dkt. 592 at
2    3 (order denying Ravin's request).  The customer identities at issue are described in documents
3    that Oracle witnesses see in the normal course of their business.  *Id.*  There is no sensitive
4    information in the list that has not largely been disclosed publicly already.  *Id.*  Further, because
5    the parties stipulated to the customer list of the Joint Pretrial Order, it is already part of the trial
6    record because it is considered an undisputed fact under Local Rule 16-3.

**IV.    CONCLUSION**

For the reasons stated above, the Court should grant Oracle's motion and re-designate Rimini's 2006-2011 customer list, as provided as Undisputed Fact Paragraph 18 in the Parties' Joint Pretrial order (Dkt. 523), from HC-AEO to "Confidential Information" under the protective order in this action.

DATED:  August 19, 2015

Morgan, Lewis & Bockius LLP

By:         /s/ Thomas Hixson
Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc.
and Oracle International Corp.