| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>5301 Wisconsin Ave, NW<br>Washington, DC 20015<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com<br><br>Attorneys for Plaintiffs<br>Oracle USA, Inc., Oracle America, Inc., and<br>Oracle International Corp. | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: 415.442.1000<br>Facsimile: 415.442.1001<br>thomas.hixson@morganlewis.com<br>kristen.palumbo@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>       Plaintiffs,<br><br>   v.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>       Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**UNOPPOSED MOTION FOR ORDER SHORTENING TIME (CIV. L.R. 6-2)** |

ORACLE UNOPPOSED MOTION FOR ORDER TO SHORTEN TIME

DB3/ 200394785.3

Pursuant to Civil Local Rule 6-2, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. (collectively, "Oracle") submit this Unopposed Motion for Order Shortening Time regarding Oracle's Motion to Re-Designate Rimini's 2006-2011 Customer List as Confidential (the "Motion"). Oracle proposes that Defendants Rimini Street, Inc.'s and Seth Ravin's ("Rimini" or "Defendants") opposition be due on Monday, August 24, and that Oracle's reply (if any) be due on Tuesday, August 25. As noted, Rimini does not oppose this motion.

There is good cause to shorten the hearing on the Motion and corresponding briefing schedule because the trial date is twenty-six days away, the Motion addresses Oracle's ability to prepare its witnesses for trial, and thus a ruling is needed before trial commences to be meaningful. Further, Oracle's Motion is short and raises only one issue (the proper level of confidentiality under the Protective Order in this action for Rimini's four-year-old customer list) that is easily resolved. The Court currently has a hearing in this case scheduled for August 26, 2015, and the proposed shortened briefing schedule will mean that briefing on the Motion is completed before the August 26 hearing.

As described in the Motion, Rimini has designated its 2006-2011 customer list as "Highly Confidential - Attorneys' Eyes Only" ("HC-AEO") under the Protective Order. *See* Oracle's Motion to Re-Designate Rimini's 2006-2011 Customer List as Confidential, attached hereto as Appendix A. The effect of this designation is to prevent Oracle witnesses who are preparing for trial from knowing which customers mentioned in Oracle's own documents are also Rimini customers at issue in this case. As described in the Motion, Rimini's 2006-2011 customer list does not meet the requirements to be HC-AEO under the Protective Order, which states that customer lists are to be designated at the lower level of confidentiality, i.e., "Confidential." (Oracle witnesses may see "Confidential" information in connection with their testimony.) Further, as discussed in the Motion, all of the customers on the list are Oracle software licensees and were once Oracle support customers, and Rimini has disclosed the identities of many of them through its own advertising on its website. *Id.*

Oracle expected that it could avoid motion practice concerning the proper level of confidentiality for the Rimini's 2006-2011 customer list and address the issue through the meet

1

and confer process.  The parties have been meeting and conferring about pretrial issues, and more specifically on whether the parties would reach an agreement that both sides could disclose undisputed facts – as stipulated to in the Joint Pretrial Order (Dkt. 523) – to expected trial witnesses.  Declaration of Nitin Jindal in Support of Oracle's Motion to Re-Designate Rimini's 2006-2011 Customer List and Unopposed Motion for Order Shortening Time ("Jindal Decl."), ¶ 7.  That would have resolved this confidentiality issue, since Uncontested Fact No. 18 in the Joint Pretrial Order (which Rimini insisted on filing under seal) is Rimini's 2006-2011 customer list.  Dkt. 522 at 8-17.  However, with the September 14 trial date fast approaching, on Monday, August 17, Oracle requested a telephonic meet and confer to discuss the issue, a requirement under the protective order in this action before the Motion could be filed.  Jindal Decl., ¶ 7, Ex. 6; Dkt. 55.  Oracle also informed Rimini that, absent an agreement, it would file a motion to re-designate the 2006-2011 customer list as "Confidential" and request that it be decided on an expedited basis.  Jindal Decl., ¶ 7, Ex. 6.  On Tuesday, August 18, Rimini stated that it was still "considering Oracle's request," but did not have an answer.  *Id.*  On Wednesday, August 19, the parties had a telephonic meet and confer to discuss the issue, and Rimini stated that it would not re-designate its 2006-2011 customer list as "Confidential Information."  *Id.*, ¶ 8. Without an agreement between the parties, Oracle is left with no choice but to file the Motion and given the timing must ask that it be resolved on an expedited basis.[1]

Because a resolution of this issue before trial is the only way for any relief to be meaningful to Oracle, Oracle moves for an Order setting the following shortened briefing schedule for the Motion:

- Defendants' Opposition due Monday, August 24, 2015
- Oracle Reply (if any) due Tuesday, August 25, 2015

The Court can then address the Motion and any questions it may have at the August 26, 2015 Rule 26 conference.  Rimini has agreed to the abbreviated schedule.

---

[1] Absent an order shortening the briefing schedule for the Motion, the issue would not even be fully *briefed* until September 9, five days before the start of trial.

1   A quick resolution of the Motion is necessary to prevent Oracle from being unduly
2   prejudiced in preparing for trial.
3   Accordingly, the Court should grant this Unopposed Motion for Order Shortening Time.
4
5   DATE:  August 19, 2015

6                                                                   Morgan, Lewis & Bockius LLP

7
8                                                                   By:          /s/ Thomas Hixson
                                                                           Attorneys for Plaintiffs
9                                                                   Oracle USA, Inc., Oracle America, Inc.
                                                                        And Oracle International Corp.
10
11
12
    **IT IS SO ORDERED.**
13
    DATE:
14
15                                                                   _____
                                                                     UNITED STATES DISTRICT JUDGE
16                                                                        LARRY R. HICKS