BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
fnorton@bsfllp.com
kringgenberg@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:  415.442.1000
Facsimile:  415.442.1001
thomas.hixson@morganlewis.com
kristen.palumbo@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S REPLY REGARDING MOTION TO RE-DESIGNATE RIMINI'S 2006-2011 CUSTOMER LIST AS "CONFIDENTIAL INFORMATION" UNDER THE PROTECTIVE ORDER** |

## I. INTRODUCTION

The crux of Rimini's argument is a false analogy between Oracle's targeted and limited request to identify Rimini's customers for Oracle's trial witnesses *on Oracle's own documents*, and Rimini's prior motion to allow Mr. Ravin to see every Oracle document on both parties' thousands-of-documents-long exhibit lists. Unlike that broad and vague request, Oracle's motion asks for re-designation of only one paragraph in the Joint Pretrial Order (Dkt. 523 Undisputed Fact ¶ 18): a paragraph that (1) is undisputed as a fact and is thus already part of the trial record, (2) is the foundation for nearly every issue to be decided at trial, (3) Rimini admittedly attempts to publicize every chance it gets, and (4) will undoubtedly become public at the trial in 20 days.

Even though it is Rimini's burden to justify why its customer list should be "Highly Confidential – Attorneys' Eyes Only" ("HC-AEO") under the protective order, Rimini makes no attempt to explain how it would suffer any competitive or business injury from the re-designation of information it already seeks to publicize. No wonder that Rimini's argument that the list should be HC-AEO comes last in its brief. Rimini's motivation is not to protect information that is actually competitively sensitive; Rimini wants to put a clamp on Oracle's pretrial preparations.

## II. RIMINI DOES NOT MEET ITS BURDEN TO DESIGNATE ITS CUSTOMER LIST AS HC-AEO

Rimini wrongly argues that Oracle faces the burden on this motion. The protective order clearly states that "[t]he burden of proof in any [designation] challenge proceeding ***shall be on the Designating Party***." Dkt. 55 ¶ 16(c) (emphasis supplied).[1] Rimini does meet its burden here.

Far from treating its customers list as "extremely sensitive, highly confidential, non-public information" (Dkt. 55 ¶ 4), Rimini admits that it always attempts to obtain a contractual

---

[1] By contrast, the burden for *modifying a protective order* under Rule 16 is on the moving party. *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 528 (N.D. Cal. 2000); Dkt. 592 at 2 (citing same). Unlike Rimini, Oracle is not seeking to modify the protective order. There is nothing wrong with the existing protective order; the problem is Rimini's designation of its customer list at the wrong level of confidentiality under the standards set forth in the order.

1

ORACLE'S REPLY RE: MOTION TO RE-DESIGNATE RIMINI'S 2006-2011 CUSTOMER LIST AS "CONFIDENTIAL INFORMATION" UNDER THE PROTECTIVE ORDER

agreement that Rimini can publicize its clients' names.  Rimini's Opposition to Oracle's Motion to Re-Designate Rimini Street's Customer List ("Opp."), Dkt. 714 at 3:5-8.  Rimini does not view disclosure of its customer list as posing the risk of "competitive or business injury" (Dkt. 55 ¶ 4); Rimini views disclosure as *competitively beneficial*.  This is likely why Rimini agreed in 2010 to the existing stipulated protective order, which treats customer lists as presumptively Confidential Information – the level of confidentiality Oracle argues for here.  Opp. at 8:17-19 (admitting customer lists are presumptively confidential).

Rimini's contracts with its customers do not justify a designation of HC-AEO.  Rimini claims that it "understands that it is forbidden under the terms of its standard client contracts from publicly disclosing a client's identity" (Opp. at 3:8-9), but Oracle does not seek public disclosure of Rimini's customer list.  Oracle asks that it be treated as confidential under the protective order.  Rimini's customer contracts *allow* for disclosure where there is a protective order, as there already is here.  Oracle's Motion to Re-Designate Rimini's 2006-2011 Customer List ("Mot."), Dkt. 714 at 5-6.

Rimini's only attempt at claiming any harm from disclosure is by stating that Oracle would act in an "anticompetitive manner."  Opp. at 9:15.  There is no basis for the accusation that Oracle would not comply with its obligations under the protective order to treat Rimini's customer list as confidential and use it only for the purpose of preparing Oracle's witnesses for trial.[2]  Factual and truthful letters that Oracle's outside counsel sent to customers based on information *not* governed by the protective order are *completely irrelevant* to whether the list should be designated as HC-AEO or simply Confidential Information under the protective order.  So is a tweet also based on information not governed by the protective order sent by someone who is not on Oracle's witness list and who has no bearing on the issues at stake here.  Opp. at 13:17.  These issues have nothing to do with whether Oracle's counsel can identify for Oracle's trial witnesses *on Oracle's own documents* the name of the customers that are issue.  Rimini's

---

[2] By contrast, this Court has already found that Mr. Ravin and Rimini have made false statements to the Court and the public, have been sanctioned for destroying evidence, and has held Mr. Ravin in contempt for attempting to avoid providing discovery in a different case.  Dkt. 466; *Oracle USA, Inc. v. SAP AG*, No. 2:09-CV-01591-KJD-GWF (D. Nev. Jan. 12, 2010), Dkt. 49.

2
ORACLE'S REPLY RE: MOTION TO RE-DESIGNATE RIMINI'S 2006-2011 CUSTOMER
LIST AS "CONFIDENTIAL INFORMATION" UNDER THE PROTECTIVE ORDER

1  attempt to distract from the issue at hand only confirms its intention in preventing Oracle from

2  preparing for trial.³

3  Rimini does not even argue that, *in 20 days* when trial begins, they will have "compelling

4  reasons" to justify sealing the courtroom. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78

5  (9th Cir. 2010) (amended opinion); *see also Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)

6  (holding that "only the most compelling reasons can justify the total foreclosure of public and

7  professional scrutiny" to a court's "grounds for th[e] adjudication"); *Kamakana City & Cnty. of*

8  *Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ( "The mere fact that the production of records

9  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,

10  without more, compel the court to seal its records."); *see also Joy*, 692 F.2d at 894 ("[A] naked

11  conclusory statement that publication of the Report will injure the bank in the industry and local

12  community falls woefully short of the kind of showing which raises even an arguable issue as to

13  whether it may be kept under seal.").  There is simply no basis to prevent Oracle's witnesses

14  from knowing which customers on Oracle's own documents went to Rimini, so the witnesses can

15  prepare for trial, when Rimini's customer list will inevitably become public anyway.

16  Rimini does not dispute that its customer list is a foundational fact that is relevant to

17  nearly every issue to be decided at trial, and that it is an established fact for trial purposes

18  because it is undisputed in the parties' Joint Pretrial Order.  It should be re-designated as

19  Confidential Information now, so Oracle's witnesses can prepare for trial.

20  **III.  JUDICIAL ESTOPPEL DOES NOT APPLY ORACLE'S MOTION
         COMPLETELY DISTINGUISHABLE FROM MR. RAVIN'S**
21  **PRIOR MOTION TO MODIFY THE PROTECTIVE**

22  Rimini's attempt to analogize Oracle's request to Mr. Ravin's failed attempt to modify

23  the protective order has no merit.

24

25

---

26  ³ Rimini also argues that Oracle designated its customer lists as HC-AEO, but every one of
    Rimini's examples included other competitively sensitive information. Opp. at 8:24-9:1
27  (customer lists accompanies by "pricing information," "negotiated terms," and customer "data").
    Oracle has, and remains, willing to discuss any of Oracle's specific designations that Rimini
28  seeks to challenge. Rimini's customer list contains no such sensitive information.

1 *First*, unlike Mr. Ravin's request to see thousands of Oracle documents that might never be used at trial, Oracle seeks only to be able to identify, for *Oracle's employees*, on *Oracle's own documents*, the customers who are at issue in this case. Oracle does not seek to show any Oracle employee any Rimini document. Oracle's trial witnesses would only be shown documents they *have already seen* in the normal course of their business.

*Second*, unlike Mr. Ravin's broad motion, Oracle's motion is targeted to one paragraph in the Parties' Joint Pretrial Order, as that one paragraph is the foundation for nearly every issue to be tried. There is no pricing information or other sensitive data on the customer list in that paragraph. There is simply the customer name, product, and Rimini start date. Dkt. 523 Undisputed Fact ¶ 18. Because the list relates to 2006-2011, Oracle's trial witnesses would not even know if the customer is still at Rimini.

*Third*, granting the motion would not be unfair. Oracle simply wishes to show its trial witnesses *their own documents*, while being allowed to identify the Rimini customer. There is no question that Oracle's own documents are relevant to the testimony of Oracle's own employees in this case.

By contrast, Rimini never identified a single Oracle document with a concrete explanation for why Mr. Ravin needs to see the document to prepare for trial. Rimini still has not done so. Rimini now half-heartedly complains that Ravin needed to see "Oracle's customer lists" to prepare for trial because Oracle claims that he induced Oracle's customers into breaching their software licenses with Oracle (Opp. at 7:12-21), but this claim is disingenuous at best. Oracle claims that Mr. Ravin induced *the list of Rimini customers* into breaching their software licenses with Oracle. Mr. Ravin already knows who they are. He has everything he needs to defend his actions with these customers. When Oracle sought to protect its "customer lists" from Mr. Ravin, it was the list of Oracle customers *who are not relevant in this case*.

Oracle's request is nothing like Rimini's prior request for Mr. Ravin. Here, there are a specific set of facts that are relevant to the testimony of Oracle witnesses, the facts are

undisputed, the facts are not commercially sensitive, and the facts will become public. They should be designated only as Confidential Information.

### IV. Oracle Motion's Is Timely

Rimini's suggestion that Oracle's motion is untimely because Oracle waited "*five years* to challenge the designation" again ignores the plain language of the protective order. Opp. 11:2-13. The protective order states:

> Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, *a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the Designating Party discloses the designation*.

Dkt. 55, ¶ 16 (emphasis supplied). After agreeing to this provision in the protective order, Rimini now has no basis to claim Oracle waited too long to challenge Rimini's designation.[4]

Rimini's argument that Oracle should have "raised this position at the same time Rimini sought similar relief" similarly has no basis. Opp. at 11:7. As described above, Oracle's motion is fundamentally different from Rimini's prior request. Moreover, the parties had been meeting and conferring for weeks on the issue of disclosing to their employees any undisputed facts that will be admitted at trial. The meet and confer was based on the mutual understanding that many facts that are designated as Confidential Information or HC-AEO under the protective order would become public at trial.

### V. Adopting Rimini's Notice Procedure Would Accomplish Rimini's Goal Of Prejudicing Oracle's Pretrial Preparations

Rimini's request that the Court put impose 15-day "notice procedure" (Opp. at 11:16-26) – with only 20 days before trial beings – is yet another example of Rimini's strategy to create unnecessary obstacles for Oracle's trial preparation. First, as explained above, Rimini's contracts do not require any notice so long as the information in the contracts is subject to the

---

[4] During one of the parties numerous meet and confer conversations regarding re-designation of Rimini's customer list, counsel for Rimini raised this same timeliness argument and Oracle specifically pointed counsel to the Protective Order's carve out regarding waiver arguments. Rimini's counsel agreed on the call that Oracle had not waived its ability to move to re-designate.

ORACLE'S REPLY RE: MOTION TO RE-DESIGNATE RIMINI'S 2006-2011 CUSTOMER LIST AS "CONFIDENTIAL INFORMATION" UNDER THE PROTECTIVE ORDER

protective order.  *See also* Mot. at 5-6.  Presumably this is why Rimini did not provide notice to its customers five years ago when it first produced its contracts to Oracle as HC-AEO.  Re-designating the *level* of confidentiality under the protective order does not trigger any notice requirement in Rimini's customer contracts – and Rimini's opposition brief never actually argues that it does.  Second, it would be patently unfair to Oracle to impose this requirement now with 20 days before trial, especially when Rimini already knew the content of its customer contracts when Rimini entered into the protective order in 2010.  If there was any notification failure, it was on Rimini's part.  Oracle's trial preparations should not be prejudiced as a result.

DATED:  August 25, 2015

                        Morgan, Lewis & Bockius LLP


By:_____/s/ Thomas Hixson_____
Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc.
and Oracle International Corp.