UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| ORACLE USA, INC.; *et al.*, | ) | |
| Plaintiffs, | ) ) ) | 2:10-CV-00106-LRH-PAL |
| v. | ) ) | ORDER |
| RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual; | ) ) ) | |
| Defendants. | ) ) | |

Before the court is defendants Rimini Street, Inc. ("Rimini") and Seth Ravin's ("Ravin") (collectively "defendants") motion to bifurcate trial. Doc. #616. Plaintiffs Oracle USA, Inc.; Oracle America, Inc.; and Oracle International Corporation (collectively "Oracle") filed an opposition to the motion (Doc. #638) to which defendants replied (Doc. #677).

**I.    Facts and Procedural History**

This action has an extensive factual and procedural history. In brief, plaintiff Oracle develops, manufacturers, and licenses computer software. Oracle also provides support services to customers who license its software. Defendant Rimini is a company that provides similar software support services to customers licensing Oracle's software and competes directly with Oracle to provide these services. Defendant Ravin is the owner and CEO of defendant Rimini.

On January 25, 2010, Oracle filed a complaint for copyright infringement against defendants alleging that Rimini copied several of Oracle's copyright-protected software programs

1  onto its own computer systems in order to provide software support services to customers. This
2  action is currently set for trial in September 2015. In response to the pending trial schedule,
3  defendants filed the present motion to bifurcate trial. Doc. #616.
4  **II.    Discussion**
5      In the present motion, defendants seek to bifurcate the trial into two separate phases: a
6  liability phase on all of Oracle's claims followed by a subsequent punitive damages and willful
7  infringement phase if necessary. *See* Doc. #616. Defendants also seek to exclude all evidence
8  related to punitive damages and willful infringement from the first phase of trial. *Id*.
9      Oracle opposes defendants' request to bifurcate the initial finding of punitive damage
10 liability and willful infringement. Oracle further opposes defendants' request to exclude all
11 unspecified evidence 'relevant to punitive damages and willful infringement' from the jury's
12 determination of liability on Oracle's claims. However, Oracle does not oppose bifurcating the trial
13 simply to assess the amount of punitive damages, if any, that should be awarded by the jury, in
14 accordance with Nevada law.
15     Under Rule 42 of the Federal Rules of Civil Procedure, the court may bifurcate a trial for
16 the convenience of the court and the parties, to avoid prejudice, and to expedite and economize the
17 trial process. FED. R. CIV. P. 42(b). Under Rule 42(b), a district court has broad discretion to
18 bifurcate as part of its trial management. *Gardco Mfg., Inc. v. Herst Lighting*, 820 F.2d 1209, 1212
19 (Fed. Cir. 1987); *Hangarter v. Provident Life & Accident Insurance Co.*, 373 F.3d 998, 1021 (9th
20 Cir. 2004) (citation and quotation marks omitted). In considering a motion to bifurcate trial, courts
21 have weighed the factors of convenience, prejudice, judicial economy, risk of confusion, and
22 whether the issues are clearly separable. *See* William W. Schwarzer et al., *Federal Civil Procedure*
23 *Before Trial* § 16:160.4 (2011).
24     Here, the court finds that bifurcating the upcoming trial as proposed by defendants is not
25 warranted. First, the court finds that bifurcation will not expedite nor economize the trial.
26 Defendants argue generally that bifurcation will avoid a waste of juror time because if the jury does

not find defendants liable for any of Oracle's state tort claims, then the issue of punitive damages becomes moot, thus saving juror's time. But, defendants proposed bifurcation would not reduce the time for trial as even if the jury does not find liability on the state tort claims, there would still be a second trial phase on the issue of willful infringement as the court has already found that defendants engaged in copyright infringement as a matter of law.

Second, the court finds that bifurcation will cause an unnecessary duplication of evidence and testimony that is relevant to both Oracle's state law tort claims and the issues of willfulness and punitive damages liability. For example, Oracle has brought claims for intentional interference and intentional misrepresentation based on defendants' statements to prospective customers that they did not engage in any copyright infringement and were actively taking steps to prevent any infringement. Thus, evidence showing that defendants engaged in willful infringement is relevant to show that defendants made intentional misrepresentations to prospective customers. Determining Oracle's state-law claims will also involve the same witnesses and documents required to determine Oracle's entitlement to punitive damages and willful infringement. Therefore, bifurcation will not save time and resources at trial. Accordingly, the court shall deny defendants' motion.

IT IS THEREFORE ORDERED that defendants' motion to bifurcate (Doc. #616) is DENIED. If the jury finds that punitive damages are warranted in this action, the court shall then hold a second phase of the trial with the same jury to determine the amount of punitive damages to be awarded in accordance with Nevada law.

IT IS SO ORDERED.

DATED this 25th day of August, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE