UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| ORACLE USA, INC.; *et al.*, | ) | |
| Plaintiffs, | ) ) ) | 2:10-CV-00106-LRH-PAL |
| v. | ) ) | ORDER |
| RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual; | ) ) ) | |
| Defendants. | ) ) | |

Before the court is defendants Rimini Street, Inc. ("Rimini") and Seth Ravin's ("Ravin") (collectively "defendants") motion in limine numbers 1-12. Doc. #652.[1] Plaintiffs Oracle USA, Inc.; Oracle America, Inc.; and Oracle International Corporation (collectively "Oracle") filed an opposition to the motion. Doc. #695.

**I.   Facts and Procedural History**

This action has an extensive factual and procedural history. In brief, plaintiff Oracle develops, manufacturers, and licenses computer software. Oracle also provides support services to customers who license its software. Defendant Rimini is a company that provides similar software support services to customers licensing Oracle's software and competes directly with Oracle to provide these services. Defendant Ravin is the owner and CEO of defendant Rimini.

---

[1] Refers to the court's docket number.

On January 25, 2010, Oracle filed a complaint for copyright infringement against defendants alleging that Rimini copied several of Oracle's copyright-protected software programs onto its own computer systems in order to provide software support services to customers. This action is currently set for trial in September 2015. Defendants filed the present motion in limine to allow the court to address certain evidentiary issues before trial. *See* Doc. #652.

**II.    Legal Standard**

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2012). The decision on a motion in limine is consigned to the district court's discretion - including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless "the evidence [is] inadmissible on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Even then, rulings on these motions are not binding on the court, and the court may change such rulings in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41 (1984).

Generally, all relevant evidence is admissible. FED. R. EVID. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008).  However, the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403. Further, evidence may be excluded when there is a significant danger that the jury might base its decision on emotion, or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison*

2

*v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

**III.     Discussion**

In their motion in limine, defendants seek to preclude evidence or argument on twelve (12) different issues. The court shall address each proposed exclusion below.

**1.     Exclusion of Inflammatory or Derogatory Terms**

In their first motion in limine, defendants seek to preclude Oracle and its witnesses from using inflammatory or other derogatory rhetoric during the trial by referring to defendants as "thieves" or arguing that defendants "stole" or "ripped off" Oracle's copyrighted works. *See* Doc. #652.

The court has reviewed defendants' motion and finds that references to defendants as "thieves" and other similar terms should be excluded from trial. Balancing the potential for prejudice to defendants by using terms that denote criminal behavior with the extremely limited value to Oracle of using this language to define defendants' conduct, the court concludes that use of the words "theft" or "stealing" - or similar rhetoric that identifies defendants' conduct as criminal - would be inflammatory and unfairly prejudicial to defendants. Accordingly, the court shall grant defendants' motion on this issue. Oracle may argue that defendants copied, took, or used the copyrighted software without authorization, but may not characterize defendants' conduct as "theft."

**2.     Exclusion of Prior Court Rulings**

In their second motion in limine, defendants argue that the parties should be precluded from introducing any evidence, argument, or reference relating to any prior court rulings, statements, or findings in this matter, including the court's rulings on defendants' affirmative defenses and counterclaims that have been previously dismissed. *See* Doc. #652. Defendants contend that the court's prior ruling are not probative of any facts at issue in this case and should be excluded because the jury would likely give those rulings excessive weight.

The court has reviewed defendants' request and finds that defendants' motion is impermissibly overbroad and vague. Defendants do not identify any specific findings, statements, or facts from the court's prior orders that are no longer relevant to this action. Further, defendants' request would seem to exclude relevant evidence about established facts and legal findings that have been made by the court including defendants' infringement of Oracle's PeopleSoft copyrights. These rulings are still relevant to Oracle's damages claims and the compensatory damages to be awarded by the jury for this infringement. Therefore, the court shall deny defendants' motion as to this issue without prejudice. Any specific concerns or objections that defendants have to any specific evidence or testimony may be raised at trial.

**3. Exclusion of Defendants' Financial Condition**

In their third motion, defendants seek to preclude Oracle from introducing any evidence or argument relating to Rimini's revenue from non-accused products and defendant Ravin's net worth in Rimini stock. Defendants argue that such evidence is not relevant to any of the issues at trial and should be excluded. The court disagrees.

As to defendants' request to exclude the worth of defendant Ravin's Rimini stock, the court finds that this evidence is relevant to several of Oracle's claims. For example, Ravin's financial interest in Rimini's activities is a direct element of whether or not he can be held vicariously liable for Rimini's alleged copyright infringement. Further, evidence of defendant Ravin's financial interest in Rimini is also relevant to establish his bias. Rimini has publicly stated that the outcome of this case may have a material impact on its value. As such, defendant Ravin has a direct financial stake in the outcome of this case and Oracle is entitled to examine any testimonial bias during trial. Therefore, the court finds that evidence of defendant Ravin's financial interest in Rimini, including his ownership of Rimini stock, is relevant to Oracle's claims.

As to defendants' request to exclude evidence of Rimini's revenue from its non-accused products and its contractual backlog, the court finds that these financial metrics are relevant to explain how Rimini used its financials, particularly its contractual backlog from alleged

1  infringement, to convince customers to leave Oracle and sign with Rimini. Oracle has alleged in its
2  tortious interference claim that Rimini relayed figures of projected revenues from the customers
3  serviced by the alleged copyright violations to potential new customers in order to suggest Rimini's
4  stability and reliability as a company and gain new customers. Thus, evidence of Rimini's
5  financials are relevant to the present action and the court shall deny this motion.

6  **4. Motion in Limine to Limit Use of Videotaped Deposition Testimony**

7  In their fourth motion, defendants seek to exclude Oracle from introducing the videotaped
8  deposition testimony of any witness at trial unless (1) the witness is unavailable or otherwise
9  outside the court's subpoena power, or (2) the deposition testimony is used to impeach the witness
10 while the witness is testifying on the stand. *See* Doc. #652. In their motion, defendants argue that
11 the videotaped deposition testimony is unnecessary if the witness is going to be available to testify
12 and will be cumulative to any live testimony.

13 The court has reviewed the motion and finds that defendants' request to exclude videotaped
14 deposition testimony contradicts the plain language of Rule 32(a)(3). Under Rule 32(a)(3), "an
15 adverse party may use for any purpose the deposition testimony of a party or anyone who, when
16 deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) of
17 31(a)(4)." FED. R. CIV. P. 32(a)(3). Rimini's witnesses Beth Lester, Kevin Maddock, Brian Slepko,
18 and Douglas Zorn were deposed as Rule 30(b)(6) designees. Thus, their depositions are allowable
19 under Rule 32(a)(3) for any purpose, even if the witness is available and will testify at trial.
20 Therefore, the court shall deny defendants' motion in limine as to this issue. If defendants have
21 objections to other witnesses not specifically identified by the parties, these objections can be made
22 at trial.

23 **5. Exclusion of Additional Infringement Theories**

24 In their fifth motion in limine, defendants seek to preclude Oracle from introducing any
25 evidence or argument related to acts of copying already adjudicated by the court as well as any
26 additional, overlapping and cumulative ways in which Oracle claims that Rimini infringed Oracle's

5

copyrights. Defendants argue that because liability for infringement of the PeopleSoft software has been established under the court's summary judgment rulings, that evidence or argument regarding the additional ways in which Oracle had alleged that Rimini infringed the PeopleSoft software would be cumulative, and prejudicial, and thus, should be excluded from trial.

As a preliminary matter, it is not clear from defendants' motion what evidence falls in the category defendants seek to exclude. This type of broad motion makes it difficult for the court to fashion specific evidentiary rulings prior to trial and the court is loathe to make such a broad and general exclusion of evidence when the evidence has not been presented in context and covers information for which the court is not yet familiar. Defendants have not identified any specific exhibits or other evidence that exemplifies what defendants seek to exclude. The court recognizes that certain pieces or aspects of this evidence may not be relevant or may be at the time too confusing for the jury or unduly prejudicial as Rimini contends, but the court cannot make that determination at this time until it is more familiar with the evidence and the manner that it will be used and introduced at trial. The impossibility of a general exclusion of this evidence is especially true in this action as Oracle has identified areas where the evidence may be relevant. Therefore, the court shall deny defendants' motion on this issue.

**6. Exclusion of Oracle's Purchase of Software**

In their sixth motion in limine, defendants argue that the court should preclude Oracle from introducing any evidence or argument about the purchase price of the various companies acquired by Oracle or the total amount Oracle spent on the copyrighted software at issue in this action. Defendants argue that the total amount Oracle spent to acquire or develop these software programs is not relevant to any of its causes of action or claims for damages. The court disagrees.

The court has reviewed the parties' briefing on this issue and finds that evidence regarding Oracle's initial investment in developing and/or purchasing the copyrighted software at issue in this action is relevant to Oracle's causes of action and its damages claims. Evidence of the amounts spent to acquire and/or develop the software provides necessary context to Oracle's pricing for its

services as well as the value of the copyrighted software. Further, the evidence is relevant to Rimini's motive in offering substantially lower prices for its services as well as its ability to offer those services at such a price. Therefore, the court shall deny defendants' motion as to this issue.

**7. Exclusion of Evidence that Rimini "Pirated" the Software**

In their seventh motion, defendants seek to preclude Oracle from making any reference that defendants "pirated" the copyrighted software as not relevant to any claims in this action and improperly inflammatory. In its opposition, Oracle states that it does not intend to use the term "pirated" or refer to defendants as having "pirated" the copyrighted software. Therefore, the court shall grant defendants' motion as to this issue.

**8. Exclusion of Evidence about Misappropriation of Trade Secrets**

In their eighth motion in limine, defendants argue that the court should preclude Oracle from introducing any evidence, argument, or reference to any misappropriation of confidential or trade secret information by Rimini employees from their former employers, including information a Rimini employee had in his possession from working for J.D. Edwards.

Specifically, this motion involves Rimini employee Ray Grigsby ("Grigsby"). Mr. Grigsby is the Vice President of Rimini's J.D. Edwards practice and testified during his deposition that he was a former employee of J.D. Edwards when it was purchased by Oracle and that he took with him a backup hard drive containing various confidential materials when he left that employment. Mr. Grigsby further testified that he used these materials on occasion while employed at Rimini, including a PowerPoint sales presentation about J.D. Edwards software that he used to create content for Rimini. Defendants argue that because Mr. Grigsby is not a defendant in this case, his possession or use of confidential material from a former employer is not an issue in this lawsuit. Thus, defendants argue that any reference to that testimony is irrelevant to Oracle's claims and should be excluded. The court disagrees.

The court finds that Mr. Grigsby's conduct is relevant to Oracle's copyright infringement claims. In particular, evidence of Mr. Grigsby's use of confidential materials from J.D. Edwards is

7

relevant to Oracle's claim of willful infringement, as Mr. Grigsby admitted in his deposition that he used confidential materials to create content for Rimini with the knowledge that these materials were from a former employer. Therefore, the court shall deny defendants' motion.

**9. Exclusion of Evidence of Spoliation**

Before the filing of this suit, Rimini deleted an internal software folder that included copies of Oracle's copyrighted works. During discovery, Oracle moved for spoliation sanctions which were granted by the court. Doc. #466. As part of the court's order, the Magistrate Judge determined that an adverse inference instruction be given to the jury. *Id*.

In their ninth motion, defendants seek to preclude Oracle from making any reference to or mention of Rimini's deletion of its software library, including the court's spoliation order and any adverse jury instruction. Defendants argue that in light of the court's intervening rulings such evidence of defendants' spoliation is irrelevant to Oracle's remaining claims. The court disagrees.

The court finds that defendants are incorrect that the Magistrate Judge's order does not continue to apply in this action. During discovery, the Magistrate Judge found that defendants' use of the library and the creation of various client environments is in dispute in this litigation. Further, deletion of the library may have denied Oracle of its ability to prove, conclusively, that Rimini copied PeopleSoft documentation without any potentially applicable license. These findings are still relevant to this action and the jury should be informed of Rimini's pre-litigation actions.

Additionally, deletion of the library is relevant to the credibility and bias of Rimini and its employees, given repeated statements by Rimini that the library never existed, and sworn, false testimony to the same effect by Rimini employees. Finally, the court finds that the adverse jury instruction is still relevant and necessary to this action and shall be given to the jury as ordered by the Magistrate Judge. Accordingly, the court shall deny defendants' motion as to this issue.

**10. Exclusion of Damages Evidence more than Three Years Old**

In their tenth motion in limine, defendants argue that the court should preclude Oracle from introducing any evidence or argument about copyright infringement damages allegedly incurred

before January 25, 2007, which is three years before the January 25, 2010 filing date of Oracle's initial complaint. As indicated in the pretrial order, Oracle has stated that it will present evidence and seek damages relating to infringement that allegedly occurred in 2006. Defendants argue that such damages claims are outside the applicable statute of limitations. The court disagrees.

Claims under the Copyright Act must be commenced within three (3) years after the claim accrued. In the Ninth Circuit, a copyright claim accrues "when the copyright holder has knowledge of a violation or is chargeable with such knowledge." *Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004).

In their motion, defendants argue that the recent Supreme Court case *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014), established that a copyright infringement claim accrues when the injury occurred rather then when it was discovered. Therefore, under new precedent, defendants argue that Oracle is limited to only three years of damages. However, the Supreme Court in *Petrella* expressly declined to reject the discovery rule. *Id*. at 1969, n.4. As such, the discovery rule is still controlling precedent in this action and the court shall deny defendants' motion as to this issue.

**11. Exclusion of Evidence Related to Withdrawn Damage Theories**

In their eleventh motion in limine, defendants seek to preclude Oracle from introducing any evidence or argument previously offered solely to support Oracle's abandoned hypothetical license theory. As Oracle has already dismissed its hypothetical license damages theory, defendants argue that the evidence and argument previously offered solely to support this abandoned damages theory should be excluded. The court disagrees.

Defendants' motion seeks to limit Oracle's evidence of damages by broadly and vaguely requesting the court exclude evidence previously offered solely to support withdrawn damages theories. However, defendants do not identify any specific evidence or expert testimony. Rather, defendants only vaguely reference the type of evidence it seeks to exclude. This type of broad motion makes it difficult for the court to fashion specific evidentiary rulings prior to trial and the

court is loathe to make such a broad and general exclusion of evidence when the evidence has not been presented in context and covers information for which the court is not yet familiar. At this time, the court can only guess as to what evidence defendants are attempting to exclude. Therefore, the court shall deny defendants' motion without prejudice. Any specific concerns or objections that defendants have to any specific evidence or testimony may be raised at trial.

**12. Motion in Limine to Exclude Oracle Trial Exhibit #65**

In their final motion in limine, defendants seek to exclude Oracle's Trial Exhibit #65. Trial Exhibit #65 is a March 9, 2010 e-mail sent from a Rimini engineer named Chris Limburg ("Limburg") to a Rimini manager named John Royse ("Royse"). In the e-mail Mr. Limburg makes the statement: "[W]e are using development [O]racle software that I don't think is licensed. Just don't want that to fall back on us if we get audited. Cause you can download [O]racle software from there [sic] site but not to make money and were [sic] making a crap load of money from there [sic] free stuff :)." Defendants argue that this e-mail contains the speculations of a single engineer who was not authorized to speak on behalf of the company and should be excluded as irrelevant and prejudicial. The court disagrees.

The court finds that Trial Exhibit #65 is relevant to Oracle's damages claim and willful infringement theory. Further, during the relevant time period, Mr. Limburg was a Senior PeopleSoft Environments Engineer at Rimini. In his role, he used development environments that were created from Oracle software that was allegedly not licensed to any particular client. As someone who worked with the infringing software within the scope of his job responsibilities, Mr. Limburg's statement about that causal link between Rimini's infringement and its revenues is a party admission and is probative of the disputed causation and damages issues. Therefore, the court shall deny defendants' motion as to this issue.

///
///
///

1    IT IS THEREFORE ORDERED that defendants' motion in limine numbers 1-12
2  (Doc. #652) is GRANTED in-part and DENIED in-part in accordance with this order.
3    IT IS SO ORDERED.
4    DATED this 27th day of August, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE