1

```
                 UNITED STATES DISTRICT COURT
                       DISTRICT OF NEVADA
         BEFORE THE HONORABLE LARRY R. HICKS, DISTRICT JUDGE


ORACLE USA, INC., a Colorado     :
corporation; ORACLE AMERICA,     :
INC., a Delaware corporation;    :
and ORACLE INTERNATIONAL         :No. 2:10-cv-0106-LRH-PAL
CORPORATION, a California        :
corporation,                     :
                                 :
        Plaintiffs,              :
                                 :
    vs.                          :
                                 :
RIMINI STREET, INC., a Nevada    :
corporation; and SETH RAVIN,     :
an individual,                   :
                                 :
        Defendants.              :
                                 :
```

TRANSCRIPT OF CALENDAR CALL AND PRETRIAL CONFERENCE

August 26, 2015

Reno, Nevada

Court Reporter:     Donna Davidson, RDR, CRR, CCR 318
                    Certified Realtime Reporter
                    400 South Virginia Street
                    Reno, Nevada  89501
                    (775) 329-0132

```
 1                      A P P E A R A N C E S

 2   FOR THE PLAINTIFFS:

 3   BOIES, SCHILLER & FLEXNER LLP
     KIERAN P. RINGGENBERG
 4   1999 Harrison Street, Suite 900
     Oakland, California 94612
 5   (510) 874-1000
     Fax: (510) 874-1460
 6   kringgenberg@bsfllp.com

 7   BOIES, SCHILLER & FLEXNER LLP
     RICHARD J. POCKER
 8   300 South Fourth Street, Suite 800
     Las Vegas, Nevada 89101
 9   (702) 382-7300
     Fax: (702) 382-2755
10   rpocker@bsfllp.com

11   BOIES, SCHILLER & FLEXNER LLP
     WILLIAM A. ISAACSON
12   KAREN L. DUNN (By telephone)
     5301 Wisconsin Avenue, NW
13   Washington, DC  20015
     (202) 237-2727
14   Fax:  (202) 237-6131
     wisaacson@bsfllp.com
15   kdunn@bsfllp.com

16   MORGAN LEWIS & BOCKIUS LLP
     THOMAS S. HIXSON
17   NITIN JINDAL
     One Market, Spear Street Tower
18   San Francisco, California 94105
     (415) 442-1000
19   Fax:  (415) 442-1001
     thomas.hixson@morganlewis.com
20   nitin.jindal@morganlewis.com

21
     JAMES C. MAROULIS
22   Oracle Corporation
     500 Oracle Parkway
23   Redwood City, California 94070
     (650) 506-4846
24   jim.maroulis@oracle.com

25
```

3

A P P E A R A N C E S (Continued)

FOR THE DEFENDANTS:

SHOOK, HARDY & BACON LLP
PETER E. STRAND
B. TRENT WEBB
RYAN D. DYKAL
2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550
Fax: (816) 421-5547
pstrand@shb.com
bwebb@shb.com
rdykal@shb.com

SHOOK, HARDY & BACON LLP
ROBERT H. RECKERS
600 Travis Street, Suite 3400
Houston, Texas 77002
(713) 227-8008
Fax: (713) 227-9508
rreckers@shb.com

LEWIS ROCA ROTHGERBER LLP
W. WEST ALLEN
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8230
Fax: (702) 949-8364
wallen@lrrlaw.com

```
 1              RENO, NEVADA, AUGUST 26, 2015, 10:10 A.M.
 2                              --oOo--
 3                         P R O C E E D I N G S
 4
 5             THE COURT:  Good morning.  Have a seat, please.
 6             COURTROOM ADMINISTRATOR:  Today is the date and
 7   time for a pretrial status conference and calendar call in
 8   civil case 2:10-cv-106-LRH-PAL, Oracle USA, Inc., and
 9   others, versus Rimini Street, Inc., and others.
10             Counsel, can you please state your appearances
11   for the record.
12             MR. ISSACSON:  Bill Issacson, Your Honor, Boies,
13   Schiller & Flexner, for Plaintiff Oracle.
14             MR. RINGGENBERG:  Kiernan Ringgenberg, Boies,
15   Schiller & Flexner, for Plaintiff Oracle.
16             MR. HIXSON:  Tom Hixson, with Morgan Lewis, for
17   Plaintiff Oracle.
18             MR. POCKER:  Rick Pocker, Boies, Schiller &
19   Flexner, for Plaintiff Oracle.
20             THE COURT:  Okay.  Welcome to all of you.
21             MR. WEBB:  Good morning.  Trent Webb, with
22   Shook, Hardy & Bacon, on behalf of the defendants, Your
23   Honor.
24             MR. RECKERS:  Rob Reckers, Shook, Hardy & Bacon,
25   for the defendants, as well, Your Honor.
```

1           MR. STRAND:  Good morning, Your Honor.  Peter
2   Strand, Shook, Hardy & Bacon, on behalf of defendants.
3           MR. DYKAL:  Good morning, Your Honor.  Ryan
4   Dykal, Shook, Hardy & Bacon, on behalf of defendants.
5           MR. ALLEN:  Your Honor, West Allen, from Lewis
6   Roca Rothgerber, on behalf of defendants.
7           THE COURT:  All right.  Welcome to all of you.
8           And then telephonically do we have anyone
9   appearing?
10          MR. MAROULIS:  Yes, Your Honor.  This is James
11  Maroulis, from Oracle, for plaintiffs.
12          THE COURT:  All right.  Thank you.
13          MS. DUNN:  Good morning, Your Honor.  Karen
14  Dunn, from Boies, Schiller & Flexner, representing Oracle.
15          MR. JINDAL:  Good morning, Your Honor.  This is
16  Nitin Jindal, from Morgan Lewis, representing Oracle.
17          THE COURT:  All right.  And according to my
18  notes here, we do not have any counsel for defendant
19  telephonically; is that correct?
20          MR. WEBB:  That's correct, Your Honor.
21          THE COURT:  All right.  Thank you.  All right.
22  This hearing has been scheduled for calendar call on our
23  upcoming trial.
24          Well, let me -- I'll cover some of the issues
25  that I'm aware of that may be of interest.

1              First of all, I note that I do have orders
2    pending on the motions in limine that have been filed.  I
3    think there's a total of six of them which are pending
4    before me.  And I expect that we'll have orders on most of
5    those today or tomorrow and orders on the remaining one or
6    two probably next week sometime.
7              I'd like also to confirm the trial schedule,
8    which we've issued orders on before, but just to make sure
9    that everyone's on the same page.
10             The Monday schedule will be from 1:00 to 5:00;
11   the Tuesday, Wednesday, and Thursday schedule will be from
12   8:00 a.m. until 2:00 or later, if necessary; and the Friday
13   schedule will be from 8:00 a.m. to approximately noon.
14             I don't believe -- I couldn't recall if we had
15   discussed the number of jurors.  But I had proposed to have
16   nine jurors in the case.
17             As counsel are aware, we have to have six for a
18   verdict.  And when we have more than six a unanimous
19   verdict is still required.  But the Court was -- I'm of the
20   opinion that we should have nine based on prior experience
21   with these lengthier trials.
22             But if anyone has a problem with that, I
23   certainly would hear from them.
24             I'm also proposing limitation on opening
25   statements in this case of an hour.  If either side has any

1   particular problem with that, I'm willing to hear from
2   counsel as well.
3          Jury selection -- of course, my order regarding
4   trial addressed proposed -- the submission of proposed
5   questions to jurors.  I think I had mentioned this to you
6   in our last conference.  But my practice on the voir dire
7   examination is that I will be posing the questions.
8          And typically I've had success just following
9   the outline of the questions that are submitted.  There'll
10  undoubtedly be some that I may summarize or not ask
11  verbatim, as proposed, but the subject matter, if it's
12  appropriate, certainly will be addressed.
13         I also will offer sidebar conferences to counsel
14  for follow-up questions to particular jurors.  If counsel
15  wish to have some follow-up that I have not conducted, I'll
16  certainly hear from you at sidebar and consider following
17  up on that.
18         Those were the immediate thoughts that I had
19  that I wanted to make sure that you were aware of in this
20  case.
21         So let me turn it over first to plaintiffs'
22  counsel.  Are there issues or developments that plaintiffs'
23  counsel are concerned about or any particular responses to
24  the matters I've just raised?
25         MR. ISSACSON:  No responses to the matters you

8

1   just raised, Your Honor.
2           Just to bring you up to date, the parties are
3   continuing to confer about any number of issues moving
4   forward to the trial.
5           In terms of the estimated length of the trial,
6   at the last conference I believe plaintiffs estimated that
7   our case would take approximately -- would take 10 trial
8   days.  We think that -- and that's under your current
9   schedule.  We think that's still about right.  If we're
10  wrong, we're hoping it's going to be less than 10.  And
11  we're working to do that.
12          The defendants have estimated now five to seven
13  trial days for their case.  There's going to be some
14  overlap in our cases because the plaintiff intends to call
15  Seth Ravin as part of our case.  And we've agreed that they
16  can do their full direct of him and -- following the cross,
17  without any objections as to scope.
18          So saying all that together, it sounds like a
19  three-week trial to us.
20          THE COURT:  All right.  I appreciate that
21  update.
22          And I would tell you that, and I think I
23  indicated before, I move a trial along fairly quickly.
24          If there are issues that need to be ruled upon
25  or which may require some time to argue, it's my policy to

1    do those either before we start court in the morning or
2    after the jury's been released in the afternoon.
3            Because we're starting at an early time with the
4    jury, the 8:00 a.m. start is an early time, it's most
5    likely that we would be scheduling any needed arguments
6    after the jurors have been excused and into the afternoon
7    session.
8            MR. ISSACSON:  I had a number of questions about
9    that from people who were wondering how early we would be
10   rising.  So thank you for telling us that.
11           We've also been conferring about any witness
12   issues.  There are two additional witnesses from Rimini
13   that we have asked to call in our case.  And they are
14   questioning our ability to do that.  We're continuing to
15   confer about that.  But it's possible that issue would come
16   before the Court before trial.
17           In addition, there are some newly-added
18   witnesses to the witness list.  And we are conferring about
19   that as to whether either side needs to bring that issue to
20   court.  But neither of those -- we are talking about those
21   things, and neither of them are at loggerheads quite yet.
22           THE COURT:  Okay.  Let me comment that I
23   appreciate that.  And I -- I recognize the professionalism
24   of counsel on both sides, in this case in particular.
25           And I would expect counsel to be able to resolve

1    witness issues.  And if you can't, let me know, we'll deal
2    with that.  But I certainly expect that of counsel.
3                MR. ISSACSON:  And then with regards to trial
4    exhibits, both sides are conferring obviously about
5    objections.
6                We're also conferring about agreeing to a set of
7    trial exhibits for which there'll be no objections and they
8    can be preadmitted and can be immediately used, for
9    example, in opening statements or the first witnesses
10   without having to -- any formal admission.
11               And if the parties agree on that, which I think
12   we will, we'll just be giving you a stipulation on that
13   with the numbers.
14               THE COURT:  All right.  I would appreciate the
15   stipulation.  And, again, it's my policy to encourage that.
16               And I would allow the reference to exhibits and
17   that they could be displayed during the course of opening
18   statements.  And I don't need to state the obvious, because
19   I'm sure it won't be a problem, and that is that you really
20   need your tech support people to be prepared and ready to
21   go and present those.
22               One of the worst problems that can ever occur is
23   when that process breaks down somehow in front of a jury.
24   And I don't need to give speeches.
25               MR. ISSACSON:  Yes.  There's more and more

1    pressure on the tech people these days.
2              THE COURT:  Yes.
3              MR. ISSACSON:  Those were the issues I just
4    wanted to acquaint you with that the parties have been
5    discussing.  I don't know if I missed something or the
6    defendants want to discuss anything else we've been
7    discussing.
8              MR. WEBB:  Good morning, Your Honor.
9              THE COURT:  Mr. Webb.
10             MR. WEBB:  Trent Webb.  I think we've -- that
11   covers the outstanding issues.  We are hopeful that we will
12   be able to resolve all of these things without involving
13   Your Honor.
14             If, however, we do have an issue, is there a
15   process that we could use to get some relatively quick
16   guidance from Your Honor?  Should we do some sort of a
17   telephonic hearing or something -- my concern is that if we
18   ever get to a problem where we can't agree on something, if
19   we go through a briefing process, it may be a while before
20   we have guidance, and we'd like to know as soon as
21   possible, because we are preparing for a significant trial.
22             Is there some process that you would like us to
23   follow if we do have one of those disputes?
24             THE COURT:  Well, first of all, if it arises
25   during trial, I'm available for sidebar conferences.  And

1   every case is different.  But I think that we would be able
2   to identify from the comments at sidebar, which should not
3   take long, whether it need be something that would be
4   addressed later in the day, after the jury has been
5   dismissed, or not.
6              As to issues which may arise prior to trial, I
7   will tell you, you're looking at my trial team here in the
8   courtroom.  And my court clerk, Dionna Negrete, is very
9   familiar with issues that arise and bringing them to my
10  attention.  So I would say she's your go-to person if you
11  have an issue that you sense is brewing and you need to
12  have some time before me.
13             And my schedule is -- it's a little jammed, but
14  we would fit things in, I'm sure.
15             MR. WEBB:  Thank you, Your Honor.  Just two more
16  issues.
17             One is instructions.  I know we've been working
18  back and forth on trying to do that.  Is there a deadline
19  that we -- I understand the deadline may have moved to
20  September 4th -- September 9th.
21             THE COURT:  The order regarding trial, I think,
22  addressed that.  And it should have -- as I recall, it was
23  Wednesday, September 9th.
24             MR. WEBB:  Okay.  And then the other issue is we
25  have discussed among the lawyers the possibility of a jury

1    questionnaire that could, at least conceivably, be given to
2    the prospective jurors in advance of trial which would
3    allow us to have some feedback, some information before we
4    go through voir dire.
5             Is there a process that Your Honor would like us
6    to follow?  Is that something we can do?
7             THE COURT:  Well, essentially where we are is
8    I'm advised that notices have gone out and responses have
9    been received from a total of 200 prospective jurors who
10   are available.  Out of that, we probably would -- we're
11   probably dealing with a number of 100.  We just have other
12   people if we had to somehow resort to that.
13            As to a questionnaire itself, if you can agree
14   on one and get it to me -- I'm thinking of the Court's
15   schedule -- within the next week -- Dionna, do you have a
16   thought on that?  You've been speaking with the jury
17   commissioner down there.
18            COURTROOM ADMINISTRATOR:  Well, the
19   questionnaires were sent on August 10th as to their
20   availability and all of that.
21            I'm not sure how -- I mean, she would have to
22   give them to them that morning probably.
23            THE COURT:  The likelihood is is that we would
24   have to present them to the prospective jurors when they
25   came in on our commencement date, which is Monday the 14th.

1        But if you had an agreed upon list of questions
2   and we could -- I'm thinking of my schedule.  I could
3   review that and consider it in the latter half of next
4   week, which is only 10 days or so before trial.  We --
5   there -- we might be able to mail it out.  But I -- that's
6   a big if.
7        MR. WEBB:  Understood, Your Honor.  We will do
8   our best to try to agree upon something and get it to you
9   early next week.  So we'll shoot for early next week, Your
10  Honor.
11       THE COURT:  All right.  That's acceptable.
12       MR. WEBB:  And I believe that that's all that we
13  had.  Thank you very much.
14       THE COURT:  All right.  Okay.
15       Mr. Issacson?
16       MR. ISSACSON:  I think the only other issue is
17  there's the motion having to do with the designation of
18  documents under the protective order.
19       And if you want to hear about that, Mr. Hixson
20  is prepared to address it.
21       THE COURT:  Okay.  I am familiar with that.
22  I've looked at it and considered it already.  And, again, I
23  expect I will have an order on that.  I don't feel that I
24  need argument on it at this time.
25       MR. ISSACSON:  Thank you, Your Honor.

15

1            THE COURT:  All right.  Are there any other
2   questions?
3            MR. WEBB:  Not from defendants, Your Honor.
4            MR. ISSACSON:  Not from plaintiff, Your Honor.
5            THE COURT:  All right.
6            All right, Counsel.  Well, to the extent that we
7   can move this trial along, it's obviously appreciated by
8   everyone.  But I think you'll be able to try your cases.
9            All right.  Thank you very much.  I appreciate
10  those who have personally attended this morning.  I
11  appreciate those who are also present by telephone.
12           But at this time, it appears our business is
13  done, and the Court will be in recess.  Thank you.
14           COURTROOM ADMINISTRATOR:  Please rise.
15        (The proceedings concluded at 10:26 a.m.)
16                        *   *   *
17
18
19
20
21
22
23
24
25

1                         -oOo-

2        I certify that the foregoing is a correct

3        transcript from the record of proceedings

4        in the above-entitled matter.

5

6    _____          8/27/15

7    Donna Davidson, RDR, CRR, CCR #318       Date
     Official Reporter