UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORACLE USA, INC.; *et al.*, | ) |
| Plaintiffs, | ) 2:10-CV-00106-LRH-PAL |
| v. | ) |
| | ) ORDER |
| RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual; | ) |
| Defendants. | ) |

Before the court is plaintiffs Oracle USA, Inc.; Oracle America, Inc.; and Oracle International Corporation's (collectively "Oracle") motion in limine to exclude evidence. Doc. #646.[1] Defendants Rimini Street, Inc. ("Rimini") and Seth Ravin ("Ravin") (collectively "defendants") filed an opposition to the motion. Doc. ##691.

**I.   Facts and Procedural History**

This action has an extensive factual and procedural history. In brief, plaintiff Oracle develops, manufacturers, and licenses computer software. Oracle also provides support services to customers who license its software. Defendant Rimini is a company that provides similar software support services to customers licensing Oracle's software and competes directly with Oracle to provide these services. Defendant Ravin is the owner and CEO of defendant Rimini.

---

[1] Refers to the court's docket number.

On January 25, 2010, Oracle filed a complaint for copyright infringement against defendants alleging that Rimini copied several of Oracle's copyright-protected software programs onto its own computer systems in order to provide software support services to customers. This action is currently set for trial in September 2015. Oracle filed the present motion in limine to allow the court to address certain evidentiary issues before trial. *See* Doc. #646.

**II.   Legal Standard**

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2012). The decision on a motion in limine is consigned to the district court's discretion - including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless "the evidence [is] inadmissible on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Even then, rulings on these motions are not binding on the court, and the court may change such rulings in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41 (1984).

Generally, all relevant evidence is admissible. FED. R. EVID. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008). However, the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403. Further, evidence may be excluded when there is a significant danger that the jury might base its decision on emotion, or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison*

2

*v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

**III.     Oracle's Motion in Limine to Exclude Evidence (Doc. #646)**

In their motion in limine, Oracle seeks to preclude evidence or argument on ten (10) different issues. The court shall address each proposed exclusion below.

**1.  Exclusion of Defendants' New Support Model**

In its first motion in limine, Oracle seeks to exclude evidence and argument relating to Rimini's new service support model initiated by the company in 2014. Oracle argues that evidence related to Rimini's new support model, initiated after the court's infringement findings at summary judgment, is irrelevant to this action. The court agrees.

The court has reviewed Oracle's motion and finds that Rimini's new service support model is not relevant to any claim or issue in this action. In their opposition, defendants argue that Rimini's new support model constitutes a non-infringing alternative to its old process and that evidence of this process is relevant to show that non-infringing alternatives were available to Rimini at the time of the alleged infringement. However, the court finds that defendants' claim that the new support model is non-infringing is speculative. In fact, Oracle has raised similar copyright infringement claims against defendants as to the new support model in a separate action, *Rimini Street v. Oracle USA*, case no. 2:14-cv-1699-LRH-PAL. Further, all claims, issues, and evidence related to the new support model are being addressed solely in that separate action. Therefore, the court finds that evidence of Rimini's new service model is not relevant to this action and the court shall grant Oracle's motion accordingly.

**2.  Exclusion of Defendants' Financial Condition**

In its second motion in limine, Oracle moves to preclude defendants from introducing any evidence or argument related to defendants' financial condition insofar as it would mean that defendants' cannot afford to pay the damages sought by Oracle.

///

3

The court has reviewed Oracle's request and finds that it is impermissibly overbroad and vague. Oracle does not identify any specific evidence or witness testimony that should be excluded. Further, the court has already found that defendants' financial condition is relevant to several claims and issues in this action. Doc. #721, p.4-5. Therefore, the court shall deny Oracle's motion without prejudice. Any specific concerns or objections that Oracle has to any specific evidence, testimony, or argument may be raised at trial.

**3. Exclusion of Oracle's Company Wealth and Assets**

In its third motion, Oracle moves to exclude all evidence regarding its company wealth, including total assets, total revenues, total market capitalization, and any other financial metric that is not directly related to the specific copyrighted software product lines at issue in this case. *See* Doc. #646. Oracle also moves to exclude any evidence regarding the compensation or stock holdings of any Oracle officer or employee. Oracle argues that this evidence is irrelevant to any of its causes of action.

The court has reviewed Oracle's motion on this issue and finds that Oracle's overall company wealth and financial assets are relevant as Oracle has put its wealth and financial condition directly at issue in this case. In the joint pretrial order, Oracle has stated that it intends to proffer evidence that it is one of the largest software companies in the world and that it spends several billions of dollars each year in software research and development. Such statements open the door for defendants to reference and challenge Oracle's financial evidence. Further, evidence of Oracle's financial condition is also independently relevant to the issue of damages as Oracle is seeking lost profits from defendants' alleged infringement. Similarly, as to the financial condition of Oracle officers or employees, the court finds that this evidence may be relevant in examining the witnesses' bias, if any. Oracle officers and employees who are directly compensated by Oracle for their work or hold stock in Oracle may have a financial interest in the outcome of this case and defendants are entitled to examine relevant testimonial bias at trial. Therefore, the court shall deny Oracle's motion as to this issue.

### 4. Exclusion of License Provisions not Disclosed in Discovery

In its fourth motion, Oracle moves to preclude defendants from asserting any license provision in support of its express license defense that it did not identify and assert during discovery. In their opposition, defendants state that they do not intend to rely on any license provision not previously disclosed in discovery. Therefore, the court shall grant Oracle's motion as to this issue.

### 5. Exclusion of Parol Evidence

In its fifth motion, Oracle moves to preclude defendants from proffering any parol evidence related to Oracle's software licenses, including evidence of industry standard and practice, in order to interpret the unambiguous terms of the software license agreements. In particular, Oracle argues that defendants seek to have several experts testify about the interpretation of the software licenses and moves to exclude this testimony as irrelevant and unfairly prejudicial.

As a preliminary matter, it is not clear from Oracle's motion what evidence falls within the category of improper parol evidence. This type of broad motion makes it difficult for the court to fashion specific evidentiary rulings prior to trial and the court is loathe to make such a broad and general exclusion of evidence when the evidence has not been presented in context and covers information for which the court is not yet familiar. The court does note that any interpretation of the software licenses is an issue of law for the court to determine. As such, any evidence that attempts to interpret the licenses shall be excluded. However, Oracle has not identified any specific exhibits or other evidence that exemplifies what it seeks to exclude. Further, the court recognizes that certain aspects of the industry standards and practice evidence may be relevant to the myriad issues in this action. Thus, the court cannot make any evidentiary rulings on this evidence until it is more familiar with the evidence and the manner that it will be used and introduced at trial. Therefore, the court shall deny Oracle's motion on this issue.

///

///

### 6. Exclusion of Customer Statements in At-Risk Reports

In its sixth motion, Oracle moves to exclude all customer statements in its At-Risk Reports on the basis that these statements are inadmissible hearsay. *See* Doc. #646.

In May 2005, Oracle began maintaining At-Risk Reports on its clients which contained information from customers. These reports contain several categories of information, including the annual support amounts for the customer, the customer's status, the type of contract, and other client information. Oracle's motion is directed only to the customer comments contained in the 'notes' or 'issues' fields, which allegedly recite the reasons the customer gave for dropping Oracle support services. In particular, Oracle argues that these statements should be excluded as hearsay because the customer's comments are out-of-court statements by a third party.

Initially, the court notes that Oracle does not contest the relevance of the At-Risk Reports. Rather, Oracle argues that the customer statements contained within the reports are impermissible hearsay. The court has reviewed Oracle's motion and the At-Risk Reports at issue and finds that they should be addressed on a case-by-case basis at trial. The content of the notes for each customer varies significantly and thus, a wholesale, all encompassing ruling is impossible. At this point, the only generalized ruling that the court can provide is that any direct quoted statements from customers that are being used to prove the truth of the matter asserted - e.g., Customer A states that it is leaving Oracle for a particular reason - are inadmissible hearsay and shall be excluded. However, statements by Oracle employees that constitute analysis of the customer relationship, which may or may not be based on information the employee receives from the customer, may be admissible if the statements constitute employee party admissions or present-sense impressions. However, the court shall make these determinations at trial when the court is more familiar with the statements and the context for which they are being offered. Therefore, the court shall deny this request without prejudice.

### 7. Exclusion of Antitrust and Anti-Competition Agreements

In its seventh motion, Oracle moves to exclude any evidence or argument referring to

Oracle as a "monopolist," or that Oracle's practices are "anti-competitive" or "unlawful" including any reference to defendants' previously dismissed counterclaims and affirmative defenses. The court agrees.

The court notes that defendants have never alleged any antitrust claims against Oracle. Further, the court notes that defendants' claim for copyright misuse has already been dismissed by the court. As such, the court finds that any evidence and argument relating to counterclaims that were never filed, or that were filed and have been dismissed, are not relevant to this action. Therefore, the court shall grant Oracle's motion and preclude defendants from making any arguments or references that Oracle is a "monopoly," "anti-competitive," or engaged in "anti-trust" violations.

**8. Exclusion of Evidence Related to Settlement Discussions**

In its eighth motion in limine, Oracle moves to exclude evidence of any and all communications made during the parties' June 3, 2015 court-ordered settlement conference, as well as nine other alleged pre-suit offers of compromise.

The court has reviewed Oracle's motion and finds that evidence relating to the parties' settlement conference should be excluded pursuant to Federal Rule of Evidence 408. However, as to the nine exhibits listed in defendants' proposed exhibit list - which are nine pre-suit letters between defendants and Oracle - the court finds that these exhibits are best addressed on a case-by-case basis at trial when the court is more familiar with the evidence and the context for which it will be used. Therefore, the court shall deny Oracle's motion as to the nine trial exhibits without prejudice.

**9. Live Witnesses at Trial**

In its ninth motion, Oracle moves to preclude defendants from calling any employee defense witness whom they fail to make available to Oracle during its case-in-chief. *See* Doc. #646.

In their opposition, defendants have stated that they are willing to make their employee witnesses available to Oracle during its case-in-chief if the witness is otherwise available so long as

7

defendants are allowed to conduct a full examination of the witnesses at that time, and the video deposition testimony of those witnesses are limited to impeachment purposes. The parties agree on the first condition, and the court has already addressed the issue of witness deposition testimony in a separate order. *See* Doc. #721, p.5. Therefore, because the court and the parties agree that allowing Oracle to call defendants' employee witnesses during Oracle's case-in-chief will streamline the trial, be more convenient for the witnesses, and avoid juror confusion in the presentation of witnesses, the court shall allow Oracle to call defendants' employee witnesses during its case-in-chief. The court shall likewise allow defendants to conduct a full examination of those witnesses at that time while preserving defendants' ability to re-call those witnesses for rebuttal purposes if necessary. Therefore, the court shall grant Oracle's request.

**10. Exclusion of Evidence Related to Avoided Labor Cost**

In its final motion in limine, Oracle seeks to preclude defendants from admitting any evidence or argument related to the labor costs Rimini allegedly saved from infringing Oracle's software, also known as avoided labor cost. The court notes that this issue is more thoroughly briefed in Oracle's separate motion to exclude expert testimony. *See* Doc. #653. Therefore, the court shall address this issue within the confines of Oracle's separate motion to exclude.

IT IS THEREFORE ORDERED that plaintiffs' motion in limine to exclude evidence (Doc. #646) is GRANTED in-part and DENIED in-part in accordance with this order.

IT IS SO ORDERED.

DATED this 3rd day of September, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE