1  BOIES, SCHILLER & FLEXNER LLP
   RICHARD J. POCKER (NV Bar No. 3568)
2  300 South Fourth Street, Suite 800
   Las Vegas, NV 89101
3  Telephone: (702) 382-7300
   Facsimile: (702) 382-2755
4  rpocker@bsfllp.com

5  WILLIAM A. ISAACSON (*pro hac vice*)
   KAREN L. DUNN (*pro hac vice*)
6  5301 Wisconsin Ave, NW
   Washington, DC 20015
7  Telephone: (202) 237-2727
   Facsimile: (202) 237-6131
8  wisaacson@bsfllp.com
   kdunn@bsfllp.com
9
   STEVEN C. HOLTZMAN (*pro hac vice*)
10 KIERAN P. RINGGENBERG (*pro hac vice*)
   1999 Harrison Street, Suite 900
11 Oakland, CA 94612
   Telephone: (510) 874-1000
12 Facsimile: (510) 874-1460
   sholtzman@bsfllp.com
13 kringgenberg@bsfllp.com

14 MORGAN, LEWIS & BOCKIUS LLP
   THOMAS S. HIXSON (*pro hac vice*)
15 KRISTEN A. PALUMBO (*pro hac vice*)
   One Market, Spear Street Tower
16 San Francisco, CA  94105
   Telephone:  415.442.1000
17 Facsimile:  415.442.1001
   thomas.hixson@morganlewis.com
18 kristen.palumbo@morganlewis.com

19 ORACLE CORPORATION
   DORIAN DALEY (*pro hac vice*)
20 DEBORAH K. MILLER (*pro hac vice*)
   JAMES C. MAROULIS (*pro hac vice*)
21 500 Oracle Parkway, M/S 5op7
   Redwood City, CA 94070
22 Telephone:  650.506.4846
   Facsimile:  650.506.7114
23 dorian.daley@oracle.com
   deborah.miller@oracle.com
24 jim.maroulis@oracle.com

25 Attorneys for Plaintiffs
   Oracle USA, Inc., Oracle America, Inc., and
26 Oracle International Corp.

27

28

SHOOK, HARDY & BACON LLP
B. TRENT WEBB (*pro hac vice*)
PETER E. STRAND (*pro hac vice*)
RYAN D. DYKAL (*pro hac vice*)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
pstrand@shb.com
rdykal@shb.com

ROBERT H. RECKERS (*pro hac vice*)
600 Travis Street, Suite 3400
Houston, Texas  77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

LEWIS AND ROCA LLP
W. WEST ALLEN (NV Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
WAllen@LRLaw.com

DANIEL B. WINSLOW
RIMINI STREET, INC.
6601 Koll Center Parkway Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

Attorneys for Defendants Rimini Street,
Inc., and Seth Ravin

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ORACLE USA, INC., a Colorado corporation;
ORACLE AMERICA, INC., a Delaware
corporation; and ORACLE INTERNATIONAL
CORPORATION, a California corporation,

          Plaintiffs,

  v.

RIMINI STREET, INC., a Nevada corporation;
SETH RAVIN, an individual,

          Defendants.

Case No. 2:10-cv-0106-LRH-PAL

**THE PARTIES' AGREED &
JOINTLY PROPOSED
JURY INSTRUCTIONS**

     For the Court's consideration, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. (collectively, "Oracle" or "Plaintiffs") and Defendants Rimini Street, Inc. ("Rimini Street") and Seth Ravin ("Ravin") (together, "Rimini" or "Defendants") jointly submit these agreed and jointly proposed Jury Instructions.

Dated:  September 9, 2015

SHOOK, HARDY & BACON LLP

By:     */s/ Robert H. Reckers*
       Robert H. Reckers
      Attorneys for Defendants
       Rimini Street, Inc. and
          Seth Ravin

BOIES, SCHILLER & FLEXNER LLP

By*:*     */s/ Kieran P. Ringgenberg*
      Kieran P. Ringgenberg
       Attorneys for Plaintiffs
        Oracle USA, Inc.,
    Oracle America, Inc. and
  Oracle International Corporation

1

**ATTESTATION OF FILER**

2    The signatories to this document are Robert H. Reckers and me, and I have obtained Mr.

3   Recker's concurrence to file this document on his behalf.

4

5   Dated:  September 9, 2015                    BOIES, SCHILLER & FLEXNER LLP

6                                               By:        /s/ Kieran P. Ringgenberg

7                                                      Kieran P. Ringgenberg
                                                       Attorneys for Plaintiffs
8                                                      Oracle USA, Inc.,
                                                       Oracle America, Inc. and
9                                                 Oracle International Corporation

10

11                    **CERTIFICATE OF SERVICE**

12    I hereby certify that the foregoing THE PARTIES' AGREED & JOINTLY PROPOSED

13   JURY INSTRUCTIONS was filed, on September 9, 2015, with the Court's CM/ECF system

14   which will send notice, via email, to all attorneys registered with the CM/ECF system.

15

16   Dated:  September 9, 2015                    BOIES, SCHILLER & FLEXNER LLP

17
                                                By:        /s/ Kieran P. Ringgenberg
18                                                     Kieran P. Ringgenberg
                                                       Attorneys for Plaintiffs
19                                                     Oracle USA, Inc.,
                                                       Oracle America, Inc. and
20                                                Oracle International Corporation

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2    I.    PRELIMINARY JURY INSTRUCTIONS ........................................................ 1

3         J-1.  DUTY OF THE JURY ..................................................................... 1

4         J-2.  BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE ................... 3

          J-3.  WHAT IS EVIDENCE ..................................................................... 5

5         J-4.  WHAT IS NOT EVIDENCE .............................................................. 7

6         J-5.  RULING ON OBJECTIONS .............................................................. 9

7         J-6.  DIRECT AND CIRCUMSTANTIAL EVIDENCE ..................................... 11

          J-7.  EVIDENCE FOR A LIMITED PURPOSE .............................................. 13

8         J-8.  EXPERT OPINION ...................................................................... 15

9         J-9.  STIPULATIONS OF FACT ............................................................. 17

10        J-10.  OUTLINE OF TRIAL .................................................................. 20

          J-11.  CONDUCT OF THE JURY ............................................................ 22

11   II.   POST-TRIAL JURY INSTRUCTION ...................................................... 26

12        J-12 DUTY OF THE JURY ................................................................... 26

13        J-13.  BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE ............... 28

          J-14.  WHAT IS EVIDENCE ................................................................. 30

14        J-15.  EVIDENCE FOR A LIMITED PURPOSE ........................................... 32

15        J-16.  WHAT IS NOT EVIDENCE .......................................................... 34

16        J-17.  RULING ON OBJECTIONS .......................................................... 36

          J-18.  DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................... 38

17        J-19.  CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE ................... 40

18        J-20.  CHARTS AND SUMMARIES IN EVIDENCE ....................................... 42

19        J-21.  USE OF INTERROGATORIES OF A PARTY ....................................... 44

          J-22.  USE OF REQUESTS FOR ADMISSION ............................................. 46

20        J-23.  REDACTED DOCUMENTS ........................................................... 48

21        J-24.  CREDIBILITY OF WITNESSES ...................................................... 50

22        J-25.  EXPERT OPINION .................................................................... 52

23        J-26.  COPYRIGHT—DEFENSES—LICENSE ............................................. 54

          J-27.  STIPULATIONS OF FACT ............................................................ 55

24        J-28.  SPOLIATION OF EVIDENCE ........................................................ 57

25        J-29.  TERMS OF ORACLE'S LICENSE AGREEMENTS ................................ 59

          J-30.  STIPULATION REGARDING PEOPLESOFT LICENSE AGREEMENT
26             INTERPRETATION .................................................................. 60

27        J-31.  COPYRIGHT—COPYING—ACCESS DEFINED .................................. 61

          J-32.  COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT ..................... 63

28        J-33.  COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT ...................... 65

i

J-34. INTENTIONAL INTERFERENCE—EXISTENCE OF RELATIONSHIP .........67
J-35. FEDERAL COMPUTER FRAUD AND ABUSE ACT—DEFINITIONS ...........69
J-36. CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT ...................71
J-37. CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT—
      DEFINITIONS ...................................................................................................73
J-38. TRESPASS TO CHATTELS ....................................................................................75
J-39. TRESPASS TO CHATTELS—DAMAGES ...........................................................78
J-40. PUNITIVE DAMAGES—OFFICER, DIRECTOR, OR MANAGING
      AGENT ................................................................................................................81
J-41. DUTY TO DELIBERATE ........................................................................................83
J-42. THE USE OF ELECTRONIC TECHNOLOGY TO CONDUCT
      RESEARCH ON OR COMMUNICATE ABOUT A CASE ...............................85
J-43. NOTES .......................................................................................................................87
J-44. COMMUNICATION WITH COURT ....................................................................89
J-45. RETURN OF VERDICT ..........................................................................................91

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1        **I.        PRELIMINARY JURY INSTRUCTIONS**

2    **J-1.  DUTY OF THE JURY**

3        Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on

4    the law.

5        These instructions are preliminary instructions to help you understand the principles that

6    apply to civil trials and to help you understand the evidence as you listen to it.  You will be

7    allowed to keep this set throughout the trial for reference.  This set of instructions is not to be

8    taken home and must remain in the jury room when you leave in the evenings.  At the end of the

9    trial, I will give you a final set of instructions.  It is the final set of instructions which will govern

10   your deliberations.

11       You must not infer from these instructions or from anything I may say or do as indicating

12   that I have an opinion regarding the evidence or what your verdict should be.

13       It is your duty to find the facts from all the evidence in the case.  To those facts you will

14   apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

15   with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

16   prejudices, or sympathy.  That means that you must decide the case solely on the evidence before

17   you.  You will recall that you took an oath to do so.

18       In following my instructions, you must follow all of them and not single out some and

19   ignore others; they are all important.

20

21   Authority:   Ninth Circuit Manual of Model Jury Instructions, Instruction 1.1A (Civil) (2007)

22   (verbatim).

23

24

25

26

27

28

1

1        Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on

2   the law.

3        These instructions are preliminary instructions to help you understand the principles that

4   apply to civil trials and to help you understand the evidence as you listen to it.  You will be

5   allowed to keep this set throughout the trial for reference.  This set of instructions is not to be

6   taken home and must remain in the jury room when you leave in the evenings.  At the end of the

7   trial, I will give you a final set of instructions.  It is the final set of instructions which will govern

8   your deliberations.

9        You must not infer from these instructions or from anything I may say or do as indicating

10   that I have an opinion regarding the evidence or what your verdict should be.

11        It is your duty to find the facts from all the evidence in the case.  To those facts you will

12   apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

13   with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

14   prejudices, or sympathy.  That means that you must decide the case solely on the evidence before

15   you.  You will recall that you took an oath to do so.

16        In following my instructions, you must follow all of them and not single out some and

17   ignore others; they are all important.

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

**J-2.  BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority:  Ninth Circuit Manual of Model Jury Instructions, No 1.4 (Civil) (2007) (verbatim).

3

1    When a party has the burden of proving any claim or defense by clear and convincing

2    evidence, it means you must be persuaded by the evidence that the claim or defense is highly

3    probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

4    You should base your decision on all of the evidence, regardless of which party presented

5    it.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1  **J-3.  WHAT IS EVIDENCE**

2        The evidence you are to consider in deciding what the facts are consists of:

3        1)      the sworn testimony of any witness;

4        2)      the exhibits which are received into evidence; and

5        3)      any facts to which the lawyers have agreed.

6

7  <u>Authority</u>:  Ninth Circuit Manual of Model Jury Instructions, No. 1.6 (Civil) (2007) (verbatim).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1    The evidence you are to consider in deciding what the facts are consists of:

2        1)    the sworn testimony of any witness;

3        2)    the exhibits which are received into evidence; and

4        3)    any facts to which the lawyers have agreed.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1   **J-4.  WHAT IS NOT EVIDENCE**

2           In reaching your verdict, you may consider only the testimony and exhibits received into

3   evidence.  Certain things are not evidence, and you may not consider them in deciding what the

4   facts are.  I will list them for you:

5           1)      Arguments and statements by lawyers are not evidence.  The lawyers are not

6                   witnesses.  What they have said in their opening statements, will say in their

7                   closing arguments, and at other times, is intended to help you interpret the

8                   evidence, but it is not evidence.  If the facts as you remember them differ from the

9                   way the lawyers have stated them, your memory of the facts controls.

10          2)      Questions and objections by lawyers are not evidence.  Attorneys have a duty to

11                  their clients to object when they believe a question is improper under the rules of

12                  evidence.  But you should not be influenced by the objection or by the court's

13                  ruling on it.

14          3)      Testimony that has been excluded or stricken, or that you have been instructed to

15                  disregard, is not evidence and must not be considered.  In addition, sometimes

16                  testimony and exhibits are received only for a limited purpose; when I have given

17                  a limiting instruction, you must follow it.

18          4)      Anything you have seen or heard when the court was not in session is not

19                  evidence.  You are to decide the case solely on the evidence received at the trial.

20          5)      Any notes taken by you or other jurors are not evidence.

21

22   Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 1.7 (Civil) (verbatim,

23   except item 5 added).

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1    In reaching your verdict, you may consider only the testimony and exhibits received into

2  evidence.  Certain things are not evidence, and you may not consider them in deciding what the

3  facts are.  I will list them for you:

4       1)   Arguments and statements by lawyers are not evidence.  The lawyers are not

5            witnesses.  What they have said in their opening statements, will say in their

6            closing arguments, and at other times, is intended to help you interpret the

7            evidence, but it is not evidence.  If the facts as you remember them differ from the

8            way the lawyers have stated them, your memory of the facts controls.

9       2)   Questions and objections by lawyers are not evidence.  Attorneys have a duty to

10           their clients to object when they believe a question is improper under the rules of

11           evidence.  But you should not be influenced by the objection or by the court's

12           ruling on it.

13      3)   Testimony that has been excluded or stricken, or that you have been instructed to

14           disregard, is not evidence and must not be considered.  In addition, sometimes

15           testimony and exhibits are received only for a limited purpose; when I have given

16           a limiting instruction, you must follow it.

17      4)   Anything you have seen or heard when the court was not in session is not

18           evidence.  You are to decide the case solely on the evidence received at the trial.

19      5)   Any notes taken by you or other jurors are not evidence.

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

**J-5.  RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 1.10 (Civil) (verbatim).

9

1    There are rules of evidence that control what can be received into evidence.  When a

2    lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks

3    that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the

4    objection, the question may be answered or the exhibit received.  If I sustain the objection, the

5    question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an

6    objection to a question, you must ignore the question and must not guess what the answer might

7    have been.

8    Sometimes I may order that evidence be stricken from the record and that you disregard

9    or ignore the evidence.  That means that when you are deciding the case, you must not consider

10   the evidence that I told you to disregard

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1    **J-6.  DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2          Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

3    as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

4    evidence is proof of one or more facts from which you could find another fact.  You should

5    consider both kinds of evidence.

6          The law makes no distinction between the weight to be given to either direct or

7    circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

8

9    <u>Authority</u>:  Ninth Circuit Manual of Model Jury Instructions, Instruction 1.9 (Civil) (verbatim).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1    Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

2  as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

3  evidence is proof of one or more facts from which you could find another fact.  You should

4  consider both kinds of evidence.

5    The law makes no distinction between the weight to be given to either direct or

6  circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

1    **J-7.  EVIDENCE FOR A LIMITED PURPOSE**

2         Some evidence may be admitted for a limited purpose only.  When I instruct that an item

3    of evidence has been admitted for a limited purpose, you must consider it only for that limited

4    purpose and for no other.

5

6    <u>Authority</u>:  Ninth Circuit Manual of Model Jury Instructions, Instruction 1.8 (Civil) (verbatim).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1    Some evidence may be admitted for a limited purpose only.  When I instruct that an item

2  of evidence has been admitted for a limited purpose, you must consider it only for that limited

3  purpose and for no other.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

1    **J-8.  EXPERT OPINION**

2           Some witnesses, because of education or experience, are permitted to state opinions and

3    the reasons for those opinions.

4           Opinion testimony should be judged just like any other testimony.  You may accept it or

5    reject it, and give it as much weight as you think it deserves, considering the witness's education

6    and experience, the reasons given for the opinion, and all the other evidence in the case.

7

8    Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 2.11 (Civil) (2007) (verbatim).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1       Some witnesses, because of education or experience, are permitted to state opinions and
2   the reasons for those opinions.
3       Opinion testimony should be judged just like any other testimony.  You may accept it or
4   reject it, and give it as much weight as you think it deserves, considering the witness's education
5   and experience, the reasons given for the opinion, and all the other evidence in the case.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28   JURY INSTRUCTION NO. _____

1   **J-9. STIPULATIONS OF FACT**

2        The parties have agreed to certain facts.  This agreement is known as a "stipulation."

3   You should treat all these facts as already proved.  Your juror notebook identifies these facts.

4

5   <u>Authority:</u>  Pretrial Order; Ninth Circuit Manual of Model Jury Instructions, No. 2.2 (Civil)

6   (2007) (modified; added definition of "stipulation" and replaced reference to "exhibit" with

7   sentence re juror notebook).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1    The parties have agreed to certain facts.  This agreement is known as a "stipulation."

2    You should treat all these facts as already proved.  Your juror notebook identifies these facts.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

1   **J-10.  OUTLINE OF TRIAL**

2          Trials proceed in the following way:  First, each side may make an opening statement.

3   An opening statement is not evidence.  It is simply an outline to help you understand what that

4   party expects the evidence will show.

5          Oracle will then present evidence, and counsel for Rimini Street and Seth Ravin may

6   cross-examine.   Then Rimini Street and Seth Ravin may present evidence, and counsel for the

7   Oracle may cross-examine.

8          After the evidence has been presented, I will instruct you on the law that applies to the

9   case and the attorneys will make closing arguments.  After that, you will go to the jury room to

10  deliberate on your verdict.

11

12  Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.19 (Civil) (2007) (verbatim).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

1    Trials proceed in the following way:  First, each side may make an opening statement.

2    An opening statement is not evidence.  It is simply an outline to help you understand what that

3    party expects the evidence will show.

4    Oracle will then present evidence, and counsel for Rimini Street and Seth Ravin may

5    cross-examine.   Then Rimini Street and Seth Ravin may present evidence, and counsel for the

6    Oracle may cross-examine.

7    After the evidence has been presented, I will instruct you on the law that applies to the

8    case and the attorneys will make closing arguments.  After that, you will go to the jury room to

9    deliberate on your verdict.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

**J-11.  CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

*First*, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

*Second*, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to earn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same

1   evidence that each party has had an opportunity to address. A juror who violates these

2   restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would

3   require the entire trial process to start over.  If any juror is exposed to any outside information,

4   please notify the court immediately.

5

6   <u>Authority:</u>  Ninth Circuit Manual of Model Jury Instructions, No. 1.12 (Civil) (2007) (verbatim).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1    I will now say a few words about your conduct as jurors.

2    *First*, keep an open mind throughout the trial, and do not decide what the verdict should

3    be until you and your fellow jurors have completed your deliberations at the end of the case.

4    *Second*, because you must decide this case based only on the evidence received in the

5    case and on my instructions as to the law that applies, you must not be exposed to any other

6    information about the case or to the issues it involves during the course of your jury duty. Thus,

7    until the end of the case or unless I tell you otherwise:

8        Do not communicate with anyone in any way and do not let anyone else

9        communicate with you in any way about the merits of the case or anything to do

10       with it. This includes discussing the case in person, in writing, by phone or

11       electronic means, via e-mail, text messaging, or any Internet chat room, blog,

12       Web site or other feature. This applies to communicating with your fellow jurors

13       until I give you the case for deliberation, and it applies to communicating with

14       everyone else including your family members, your employer, the media or press,

15       and the people involved in the trial, although you may notify your family and

16       your employer that you have been seated as a juror in the case.  But, if you are

17       asked or approached in any way about your jury service or anything about this

18       case, you must respond that you have been ordered not to discuss the matter and

19       to report the contact to the court.

20       Because you will receive all the evidence and legal instruction you properly may

21       consider to return a verdict: do not read, watch, or listen to any news or media

22       accounts or commentary about the case or anything to do with it; do not do any

23       research, such as consulting dictionaries, searching the Internet or using other

24       reference materials; and do not make any investigation or in any other way try to

25       earn about the case on your own.

26   The law requires these restrictions to ensure the parties have a fair trial based on the same

27   evidence that each party has had an opportunity to address. A juror who violates these

28   restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would

24

1    require the entire trial process to start over.  If any juror is exposed to any outside information,

2    please notify the court immediately.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

1

## II.    POST-TRIAL JURY INSTRUCTION

2  **J-12 DUTY OF THE JURY**

3       Members of the Jury:  Now that you have heard all of the evidence and the arguments of

4  the attorneys, it is my duty to instruct you as to the law of the case.

5       Each of you has received a copy of these instructions that you may take with you to the

6  jury room to consult during your deliberations.

7       You must not infer from these instructions or from anything I may say or do as indicating

8  that I have an opinion regarding the evidence or what your verdict should be.

9       It is your duty to find the facts from all the evidence in the case.  To those facts you will

10  apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

11  with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

12  prejudices, or sympathy.  That means that you must decide the case solely on the evidence before

13  you.  You will recall that you took an oath to do so.

14       In following my instructions, you must follow all of them and not single out some and

15  ignore others; they are all important.

16

17  <u>Authority</u>:   Ninth Circuit Manual of Model Jury Instructions, Instruction 1.1C (Civil) (2007)

18  (verbatim).

19

20

21

22

23

24

25

26

27

28

26

1        Members of the Jury:  Now that you have heard all of the evidence and the arguments of

2   the attorneys, it is my duty to instruct you as to the law of the case.

3        Each of you has received a copy of these instructions that you may take with you to the

4   jury room to consult during your deliberations.

5        You must not infer from these instructions or from anything I may say or do as indicating

6   that I have an opinion regarding the evidence or what your verdict should be.

7        It is your duty to find the facts from all the evidence in the case.  To those facts you will

8   apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

9   with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

10  prejudices, or sympathy.  That means that you must decide the case solely on the evidence before

11  you.  You will recall that you took an oath to do so.

12       In following my instructions, you must follow all of them and not single out some and

13  ignore others; they are all important.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

1    **J-13.  BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

2           When a party has the burden of proving any claim or defense by clear and convincing

3    evidence, it means you must be persuaded by the evidence that the claim or defense is highly

4    probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

5           You should base your decision on all of the evidence, regardless of which party presented

6    it.

7

8    Authority:  Ninth Circuit Manual of Model Jury Instructions, No 1.4 (Civil) (2007) (verbatim).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    When a party has the burden of proving any claim or defense by clear and convincing

2  evidence, it means you must be persuaded by the evidence that the claim or defense is highly

3  probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

4    You should base your decision on all of the evidence, regardless of which party presented

5  it.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

1   **J-14.  WHAT IS EVIDENCE**

2        The evidence you are to consider in deciding what the facts are consists of:

3        1.     the sworn testimony of any witness;

4        2.     the exhibits which are received into evidence; and

5        3.     any facts to which the lawyers have agreed.

6

7   <u>Authority</u>:  Ninth Circuit Manual of Model Jury Instructions, No. 1.6 (Civil) (2007) (verbatim).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1    The evidence you are to consider in deciding what the facts are consists of:

2       1.      the sworn testimony of any witness;

3       2.      the exhibits which are received into evidence; and

4       3.      any facts to which the lawyers have agreed.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

**J-15.  EVIDENCE FOR A LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.  When I instruct that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 1.8 (Civil) (verbatim).

32

1    Some evidence may be admitted for a limited purpose only.  When I instruct that an item

2  of evidence has been admitted for a limited purpose, you must consider it only for that limited

3  purpose and for no other.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. ____

1  **J-16.  WHAT IS NOT EVIDENCE**

2        In reaching your verdict, you may consider only the testimony and exhibits received into

3  evidence.  Certain things are not evidence, and you may not consider them in deciding what the

4  facts are.  I will list them for you:

5        1)      Arguments and statements by lawyers are not evidence.  The lawyers are not

6                witnesses.  What they have said in their opening statements, will say in their

7                closing arguments, and at other times, is intended to help you interpret the

8                evidence, but it is not evidence.  If the facts as you remember them differ from the

9                way the lawyers have stated them, your memory of the facts controls.

10        2)      Questions and objections by lawyers are not evidence.  Attorneys have a duty to

11                their clients to object when they believe a question is improper under the rules of

12                evidence.  But you should not be influenced by the objection or by the court's

13                ruling on it.

14        3)      Testimony that has been excluded or stricken, or that you have been instructed to

15                disregard, is not evidence and must not be considered.  In addition, sometimes

16                testimony and exhibits are received only for a limited purpose; when I have given

17                a limiting instruction, you must follow it.

18        4)      Anything you have seen or heard when the court was not in session is not

19                evidence.  You are to decide the case solely on the evidence received at the trial.

20        5)      Any notes taken by you or other jurors are not evidence.

21

22  Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 1.7 (Civil) (verbatim,

23  except item 5 added).

24

25

26

27

28

---

1    In reaching your verdict, you may consider only the testimony and exhibits received into

2    evidence.  Certain things are not evidence, and you may not consider them in deciding what the

3    facts are.  I will list them for you:

4        1)    Arguments and statements by lawyers are not evidence.  The lawyers are not

5                witnesses.  What they have said in their opening statements, will say in their

6                closing arguments, and at other times, is intended to help you interpret the

7                evidence, but it is not evidence.  If the facts as you remember them differ from the

8                way the lawyers have stated them, your memory of the facts controls.

9        2)    Questions and objections by lawyers are not evidence.  Attorneys have a duty to

10               their clients to object when they believe a question is improper under the rules of

11               evidence.  But you should not be influenced by the objection or by the court's

12               ruling on it.

13       3)    Testimony that has been excluded or stricken, or that you have been instructed to

14               disregard, is not evidence and must not be considered.  In addition, sometimes

15               testimony and exhibits are received only for a limited purpose; when I have given

16               a limiting instruction, you must follow it.

17       4)    Anything you have seen or heard when the court was not in session is not

18               evidence.  You are to decide the case solely on the evidence received at the trial.

19       5)    Any notes taken by you or other jurors are not evidence.

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

**J-17.  RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overruled the objection, the question may be answered or the exhibit received.  If I sustained the objection, the question cannot be answered, and the exhibit was not received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 1.10 (Civil) (verbatim except tense modified for post-trial instructions).

36

1    There are rules of evidence that control what can be received into evidence.  When a

2    lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks

3    that it is not permitted by the rules of evidence, that lawyer may object.  If I overruled the

4    objection, the question may be answered or the exhibit received.  If I sustained the objection, the

5    question cannot be answered, and the exhibit was not received.  Whenever I sustained an

6    objection to a question, you must ignore the question and must not guess what the answer might

7    have been.

8    Sometimes I ordered that evidence be stricken from the record and that you disregard or

9    ignore the evidence.  That means that when you are deciding the case, you must not consider the

10   evidence that I told you to disregard.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. ____

1  **J-18.  DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2          Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

3  as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

4  evidence is proof of one or more facts from which you could find another fact.  You should

5  consider both kinds of evidence.

6          The law makes no distinction between the weight to be given to either direct or

7  circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

8

9  <u>Authority</u>:  Ninth Circuit Manual of Model Jury Instructions, Instruction 1.9 (Civil) (verbatim).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1    Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

2  as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

3  evidence is proof of one or more facts from which you could find another fact.  You should

4  consider both kinds of evidence.

5    The law makes no distinction between the weight to be given to either direct or

6  circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

1    **J-19.  CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

2          Certain charts, summaries, and slides not received in evidence have been shown to you in

3    order to help explain the contents of books, records, documents, or other evidence in the case.

4    They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts

5    or figures shown by the evidence in the case, you should disregard these charts and summaries

6    and determine the facts from the underlying evidence.

7

8    <u>Authority:</u>  Ninth Circuit Manual of Model Jury Instructions, No. 2.12 (Civil) (2007) (verbatim).

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

40

1    Certain charts, summaries, and slides not received in evidence have been shown to you in

2  order to help explain the contents of books, records, documents, or other evidence in the case.

3  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts

4  or figures shown by the evidence in the case, you should disregard these charts and summaries

5  and determine the facts from the underlying evidence.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

**J-20.  CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

<u>Authority:</u>  Ninth Circuit Manual of Model Jury Instructions, No. 2.13 (Civil) (2007) (verbatim).

1        Certain charts and summaries may be received into evidence to illustrate information

2   brought out in the trial.  Charts and summaries are only as good as the underlying evidence that

3   supports them.  You should, therefore, give them only such weight as you think the underlying

4   evidence deserves.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

**J-21.  USE OF INTERROGATORIES OF A PARTY**

Evidence may be presented to you in the form of an answer of one of the parties to a written interrogatory submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to a question that was submitted in writing under established court procedures.  You should consider the answer, insofar as possible, in the same way as if it was made from the witness stand.

Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 2.10 (Civil) (2007) (modified verb tense only).

44

1    Evidence may be presented to you in the form of an answer of one of the parties to a

2    written interrogatory submitted by the other side.  These answers were given in writing and

3    under oath, before the actual trial, in response to a question that was submitted in writing under

4    established court procedures.  You should consider the answer, insofar as possible, in the same

5    way as if it was made from the witness stand.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1   **J-22.  USE OF REQUESTS FOR ADMISSION**

2       Oracle has introduced into evidence certain responses from Rimini Street and Seth Ravin

3   to "requests for admissions."  You are to take the facts to which Rimini Street and Seth Ravin

4   responded "ADMIT" as true for purposes of this case.

5

6   Authority:  Federal Jury Practice & Instructions No. 104:70 (West 2015) (modified to reflect that

7   Oracle will use "admitted" answers; model written for when a party fails to respond); *see*

8   Comment to Ninth Circuit Manual of Model Jury Instructions, No. 2.10 (Civil) (2007) (requests

9   for admission require drafting "a special" instruction).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Oracle has introduced into evidence certain responses from Rimini Street and Seth Ravin

2    to "requests for admissions."   You are to take the facts to which Rimini Street and Seth Ravin

3    responded "ADMIT" as true for purposes of this case.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1    **J-23.  REDACTED DOCUMENTS**

2           Certain documents received in evidence may have portions blacked out or otherwise

3    redacted.  Do not speculate or consider what would have been included in the document absent

4    those redactions.  You should not consider the redactions during your deliberations.

5

6    Authority:  *Apple iPod iTunes Antitrust Litigation*, Case No. 05-CV-0037 YGR, Dkt. 1005, at

7    p.14 (Dec. 15, 2014) (verbatim)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

48

1    Certain documents received in evidence may have portions blacked out or otherwise

2   redacted.  Do not speculate or consider what would have been included in the document absent

3   those redactions.  You should not consider the redactions during your deliberations.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1    **J-24.  CREDIBILITY OF WITNESSES**

2    In deciding the facts in this case, you may have to decide which testimony to believe and

3    which testimony not to believe. You may believe everything a witness says, or part of it, or none

4    of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about

5    it.

6    In considering the testimony of any witness, you may take into account:

7    1)      the opportunity and ability of the witness to see or hear or know the things

8            testified to;

9    2)      the witness's memory;

10   3)      the witness's manner while testifying;

11   4)      the witness's interest in the outcome of the case and any bias or prejudice;

12   5)      whether other evidence contradicted the witness's testimony;

13   6)      the reasonableness of the witness's testimony in light of all the evidence; and

14   7)      any other factors that bear on believability.

15   The weight of the evidence as to a fact does not necessarily depend on the number of

16   witnesses who testify about it.

17

18   Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 1.11 (Civil) (2007) (verbatim).

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1    In deciding the facts in this case, you may have to decide which testimony to believe and

2    which testimony not to believe. You may believe everything a witness says, or part of it, or none

3    of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about

4    it.

5    In considering the testimony of any witness, you may take into account:

6    1)    the opportunity and ability of the witness to see or hear or know the things

7          testified to;

8    2)    the witness's memory;

9    3)    the witness's manner while testifying;

10   4)    the witness's interest in the outcome of the case and any bias or prejudice;

11   5)    whether other evidence contradicted the witness's testimony;

12   6)    the reasonableness of the witness's testimony in light of all the evidence; and

13   7)    any other factors that bear on believability.

14   The weight of the evidence as to a fact does not necessarily depend on the number of

15   witnesses who testify about it.

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1  **J-25.  EXPERT OPINION**

2         Some witnesses, because of education or experience, are permitted to state opinions and

3  the reasons for those opinions.

4         Opinion testimony should be judged just like any other testimony.  You may accept it or

5  reject it, and give it as much weight as you think it deserves, considering the witness's education

6  and experience, the reasons given for the opinion, and all the other evidence in the case.

7

8  Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 2.11 (Civil) (2007) (verbatim).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AGREED PROPOSED JURY INSTRUCTIONS**

1          Some witnesses, because of education or experience, are permitted to state opinions and

2    the reasons for those opinions.

3          Opinion testimony should be judged just like any other testimony.  You may accept it or

4    reject it, and give it as much weight as you think it deserves, considering the witness's education

5    and experience, the reasons given for the opinion, and all the other evidence in the case.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

1   **J-26.  COPYRIGHT—DEFENSES—LICENSE**

2          *The parties have briefed this instruction with the Court, and the Court has ruled that it*

3   *will consider the necessary instruction after having considered the evidence presented at trial.*

4   *Order, Aug. 26, 2015, Dkt. 719 at 3-4.  Therefore, both parties reserve their rights to request a*

5   *particular licensing instructions, and both parties reserve their rights on appeal for the*

6   *instructions proposed in the briefing on this issue (including but not limited to Dkt. 575, Dkt.*

7   *617, and Dkt. 670).*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

54

1    **J-27.  STIPULATIONS OF FACT**

2           The parties have agreed to certain facts.  This agreement is known as a "stipulation."

3    You should treat all these facts as already proved.  Your juror notebook identifies these facts.

4

5    Authority:  Pretrial Order; Ninth Circuit Manual of Model Jury Instructions, No. 2.2 (Civil)

6    (2007) (modified; added definition of "stipulation" and replaced reference to "exhibit" with

7    sentence re juror notebook).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1    The parties have agreed to certain facts.  This agreement is known as a "stipulation."
2    You should treat all these facts as already proved.  Your juror notebook identifies these facts.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

1    **J-28.  SPOLIATION OF EVIDENCE**

2         Rimini Street had a location on its computer systems that some employees referred to as

3    the "software library."

4         This location contained a complete copy of at least 31 of [Oracle / Oracle International

5    Corporation]'s registered, copyrighted works.  A list of the 31 works is in your juror notebook.

6    Rimini breached its duty to preserve relevant evidence when it deleted certain material in the

7    software library in January 2010.

8         You may, but are not required, to infer that the deleted material included evidence that

9    was favorable to [Oracle / Oracle America and Oracle International Corporation]'s claims and

10   unfavorable to Rimini Street's defenses in this case. [1]

11

12   Authority:  Order Granting in Part and Denying in Part Motion For Sanctions (Mar. 29, 2013), at

13   19-20.

14

15

16

17

18

19

20

21

22

23

24

25   _____

26   [1] The parties dispute whether the instructions should refer generically to "Oracle" or the specific
27   Oracle entity alleging the claim.  They otherwise agree to this set of instructions.  The parties
     intend to brief their respective positions in their oppositions to disputed jury instructions.

28

57

AGREED PROPOSED JURY INSTRUCTIONS

1    Rimini Street had a location on its computer systems that some employees referred to as

2    the "software library."

3    This location contained a complete copy of at least 31 of [Oracle / Oracle International

4    Corporation]'s registered, copyrighted works.  A list of the 31 works is in your juror notebook.

5    Rimini breached its duty to preserve relevant evidence when it deleted certain material in the

6    software library in January 2010.

7    You may, but are not required, to infer that the deleted material included evidence that

8    was favorable to [Oracle / Oracle America and Oracle International Corporation]'s claims and

9    unfavorable to Rimini Street's defenses in this case.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1  **J-29.  TERMS OF ORACLE'S LICENSE AGREEMENTS**

2         *The parties have briefed this instruction with the Court, and the Court has ruled that it*

3  *will consider the necessary instruction after having considered the evidence presented at trial.*

4  *Order, Aug. 26, 2015, Dkt. 719 at 3-4.  Therefore, both parties reserve their rights to request a*

5  *particular licensing instructions, and both parties reserve their rights on appeal for the*

6  *instructions proposed in the briefing on this issue (including but not limited to Dkt. 575, Dkt.*

7  *617, and Dkt. 670).*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1  **J-30.  STIPULATION REGARDING PEOPLESOFT LICENSE AGREEMENT**

2  **INTERPRETATION**

3       *The parties have briefed this instruction with the Court, and the Court has ruled that it*

4  *will consider the necessary instruction after having considered the evidence presented at trial.*

5  *Order, Aug. 26, 2015, Dkt. 719 at 3-4.  Therefore, both parties reserve their rights to request a*

6  *particular licensing instructions, and both parties reserve their rights on appeal for the*

7  *instructions proposed in the briefing on this issue (including but not limited to Dkt. 575, Dkt.*

8  *617, and Dkt. 670).*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AGREED PROPOSED JURY INSTRUCTIONS**

1    **J-31.  COPYRIGHT—COPYING—ACCESS DEFINED**

2           As part of its burden for direct infringement, [Oracle / Oracle International Corporation]

3    must show by a preponderance of the evidence that Rimini Street had access to [Oracle / Oracle

4    International Corporation]'s work.  You may find that the defendant had access to the plaintiff's

5    work if Rimini Street had a reasonable opportunity to copy [Oracle / Oracle International

6    Corporation]'s work before the defendant's work was created.

7

8    Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 17.16 (Civil) (2007) (modified
     to reflect party names and cross-reference to direct infringement rather than instruction number).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1    As part of its burden for direct infringement, [Oracle / Oracle International Corporation]

2    must show by a preponderance of the evidence that Rimini Street had access to [Oracle / Oracle

3    International Corporation]'s work.  You may find that the defendant had access to the plaintiff's

4    work if Rimini Street had a reasonable opportunity to copy [Oracle / Oracle International

5    Corporation]'s work before the defendant's work was created.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

**J-32.  COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT**

An infringement is considered innocent when the Defendant has proved both of the following elements by a preponderance of the evidence:

    1)    the Defendant was not aware that its acts constituted infringement of the copyright; and

    2)    the Defendant had no reason to believe that its acts constituted  an infringement of the copyright.

<u>Authority:</u>  Ninth Circuit Manual of Model Jury Instructions, Nos. 17.26 (Civil) (2007).

1        An infringement is considered innocent when the Defendant has proved both of the

2  following elements by a preponderance of the evidence:

3          1)     the Defendant was not aware that its acts constituted infringement of the

4                    copyright; and

5          2)     the Defendant had no reason to believe that its acts constituted  an infringement of

6                    the copyright.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

1  **J-33.  COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT**

2          An infringement is considered willful when the plaintiff has proved both of the following

3  elements by a preponderance of the evidence:

4          1.      the Defendant engaged in acts that infringed the copyright; and

5          2.      the Defendant knew that those acts infringed the copyright.

6

7  <u>Authority:</u>  Ninth Circuit Manual of Model Jury Instructions, Nos. 17.27 (Civil) (2007)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1          An infringement is considered willful when the plaintiff has proved both of the following

2    elements by a preponderance of the evidence:

3        1.    the Defendant engaged in acts that infringed the copyright; and

4        2.    the Defendant knew that those acts infringed the copyright.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

1    **J-34.  INTENTIONAL INTERFERENCE—EXISTENCE OF RELATIONSHIP**

2         For [Oracle / Oracle America and Oracle International Corporation] to prevail on its

3    claim for intentional interference with prospective economic advantage, you must find that

4    [Oracle / Oracle America or Oracle International Corporation] had expectancies in prospective

5    contractual relationships with its customers at the time of the Defendants' conduct.

6         An expectancy need not be evidenced by a contract.  It is sufficient if you find from the

7    evidence that there were either prior dealings or a prior course of conduct between [Oracle /

8    Oracle America or Oracle International Corporation] and purchasers of [Oracle / Oracle America

9    or Oracle International Corporation] 's support services and software from which there would be

10   a reasonable expectation of future economic benefit.  [Oracle / Oracle America and Oracle

11   International Corporation] must show this expected benefit with some degree of specificity, such

12   that it is a realistic expectation, but it need not be shown with certainty, because prospective

13   things in nature are necessarily uncertain.  The law requires more than a mere hope or optimism;

14   what is required is a reasonable likelihood or probability.

15

16   Authority:  ABA Model Jury Instruction No. 2.3.1 (Business Torts) (2005) (modified first

17   paragraph for clarity and consistency in form and format with other instructions; omitted

18   prefatory language from second paragraph and specified parties; otherwise second paragraph

19   verbatim).

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1    For [Oracle / Oracle America and Oracle International Corporation] to prevail on its
2    claim for intentional interference with prospective economic advantage, you must find that
3    [Oracle / Oracle America or Oracle International Corporation] had expectancies in prospective
4    contractual relationships with its customers at the time of the Defendants' conduct.

5    An expectancy need not be evidenced by a contract.  It is sufficient if you find from the
6    evidence that there were either prior dealings or a prior course of conduct between [Oracle /
7    Oracle America or Oracle International Corporation] and purchasers of [Oracle / Oracle America
8    or Oracle International Corporation] 's support services and software from which there would be
9    a reasonable expectation of future economic benefit.  [Oracle / Oracle America and Oracle
10   International Corporation] must show this expected benefit with some degree of specificity, such
11   that it is a realistic expectation, but it need not be shown with certainty, because prospective
12   things in nature are necessarily uncertain.  The law requires more than a mere hope or optimism;
13   what is required is a reasonable likelihood or probability.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1    **J-35.  FEDERAL COMPUTER FRAUD AND ABUSE ACT—DEFINITIONS**

2           For the purposes of assessing [Oracle / Oracle America and Oracle International

3    Corporation]'s claims under the CFAA, the following terms have the following meanings:

4        1)    A person who "exceeds authorized access" has permission to access the computer,

5              but accesses information on the computer that the person is not entitled to access.

6        2)    A person who accesses a computer "without authorization" accesses a computer

7              without any permission at all.

8        3)    "Protected computer" means a computer used in or affecting interstate or foreign

9              commerce or communication, including a computer located outside the United

10             States that is used in a manner that affects interstate or foreign commerce or

11             communication of the United States.

12       4)    "Loss" means any reasonable cost to any victim, including the cost of responding

13             to an offense, conducting a damage assessment, and restoring the data, program,

14             system, or information to its condition prior to the offense, and any revenue lost,

15             cost incurred, or other consequential damages incurred because of interruption in

16             service.

17       5)    "Damage" means any impairment to the integrity or availability of data, a

18             program, a system, or information.

19       6)    "Person" includes any individual, firm, corporation, or other entity.

20

21   Authority:  18 U.S.C. § 1030(e)(2), (6), (8), (11)-(12) (omitted some examples of "person" that

22   do not apply to the facts of this case); *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1133 (9th

23   Cir. 2009) (definitions 1 and 2).

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1    For the purposes of assessing [Oracle / Oracle America and Oracle International

2  Corporation]'s claims under the CFAA, the following terms have the following meanings:

3    1)    A person who "exceeds authorized access" has permission to access the computer,

4          but accesses information on the computer that the person is not entitled to access.

5    2)    A person who accesses a computer "without authorization" accesses a computer

6          without any permission at all.

7    3)    "Protected computer" means a computer used in or affecting interstate or foreign

8          commerce or communication, including a computer located outside the United

9          States that is used in a manner that affects interstate or foreign commerce or

10          communication of the United States.

11    4)    "Loss" means any reasonable cost to any victim, including the cost of responding

12          to an offense, conducting a damage assessment, and restoring the data, program,

13          system, or information to its condition prior to the offense, and any revenue lost,

14          cost incurred, or other consequential damages incurred because of interruption in

15          service.

16    5)    "Damage" means any impairment to the integrity or availability of data, a

17          program, a system, or information.

18    6)    "Person" includes any individual, firm, corporation, or other entity.

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

**J-36.  CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT**

[Oracle / Oracle America and Oracle International Corporation] contends that Rimini Street and Seth Ravin violated three provisions of California Penal Code Section 502, known as the California Computer Data Access and Fraud Act ("CDAFA").  I will now instruct you on the law regarding the applicable provisions of the CDAFA, and the damages you may award if you find a CDAFA violation.  If you find that a Defendant violated at least one of the CDAFA provisions that follow, you should find for [Oracle / Oracle America or Oracle International Corporation] and against that Defendant on the CDAFA claim.

Authority: Cal. Penal Code § 502.

71

1    [Oracle / Oracle America and Oracle International Corporation] contends that Rimini

2   Street and Seth Ravin violated three provisions of California Penal Code Section 502, known as

3   the California Computer Data Access and Fraud Act ("CDAFA").  I will now instruct you on the

4   law regarding the applicable provisions of the CDAFA, and the damages you may award if you

5   find a CDAFA violation.  If you find that a Defendant violated at least one of the CDAFA

6   provisions that follow, you should find for [Oracle / Oracle America or Oracle International

7   Corporation] and against that Defendant on the CDAFA claim.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

**J-37. CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT—DEFINITIONS**

For the purposes of assessing [Oracle / Oracle America and Oracle International Corporation]'s CDAFA claim, the following terms have the following meanings:

1) "Access" means to gain entry to, instruct, or communicate with the logical, arithmetical, or memory function resources of a computer, computer system, or computer network.

2) "Computer program or software" means a set of instructions or statements, and related data, that when executed in actual or modified form, cause a computer, computer system, or computer network to perform specified functions.

3) "Computer network" means any system that provides communications between one or more computer systems and input/output devices.

4) "Computer services" includes, but is not limited to, computer time, data processing, or storage functions, or other uses of a computer, computer system, or computer network.

5) "Data" means a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions. Data may be in any form, in storage media, or as stored in the memory of the computer or in transit or presented on a display device.

6) "Supporting documentation" includes, but is not limited to, all information, in any form, pertaining to the design, construction, classification, implementation, use, or modification of a computer, computer system, computer network, computer program, or computer software, which information is not generally available to the public and is necessary for the operation of a computer, computer system, computer network, computer program, or computer software.

Authority:  Cal. Penal Code § 502(b) (all verbatim)

73

1    For the purposes of assessing [Oracle / Oracle America and Oracle International

2  Corporation]'s CDAFA claim, the following terms have the following meanings:

3        1)    "Access" means to gain entry to, instruct, or communicate with the logical,

4              arithmetical, or memory function resources of a computer, computer system, or

5              computer network.

6        2)    "Computer program or software" means a set of instructions or statements, and

7              related data, that when executed in actual or modified form, cause a computer,

8              computer system, or computer network to perform specified functions.

9        3)    "Computer network" means any system that provides communications between

10             one or more computer systems and input/output devices.

11       4)    "Computer services" includes, but is not limited to, computer time, data

12             processing, or storage functions, or other uses of a computer, computer system, or

13             computer network.

14       5)    "Data" means a representation of information, knowledge, facts, concepts,

15             computer software, computer programs or instructions. Data may be in any form,

16             in storage media, or as stored in the memory of the computer or in transit or

17             presented on a display device.

18       6)    "Supporting documentation" includes, but is not limited to, all information, in

19             any form, pertaining to the design, construction, classification, implementation,

20             use, or modification of a computer, computer system, computer network,

21             computer program, or computer software, which information is not generally

22             available to the public and is necessary for the operation of a computer, computer

23             system, computer network, computer program, or computer software.

24

25

26

27

28  JURY INSTRUCTION NO. _____

1   **J-38.  TRESPASS TO CHATTELS**

2          In addition to its other claims, [Oracle / Oracle America] contends that Rimini Street and

3   Seth Ravin wrongfully trespassed on the computer systems and computer networks that host

4   [Oracle / Oracle America]'s customer support websites.  To establish this claim, [Oracle / Oracle

5   America] must prove the following:

6          1)      [Oracle / Oracle America] owned customer computer systems or computer

7                  networks that hosted its customer support websites;

8          2)      A Defendant intentionally interfered with [Oracle / Oracle America]'s use or

9                  possession of those computer systems or computer networks;

10         3)      [Oracle / Oracle America] did not consent;

11         4)      [Oracle / Oracle America]'s computer systems were substantially harmed; and

12         5)      The Defendant's intentional interference was a substantial factor in causing

13                 [Oracle / Oracle America]'s harm.

14         For purposes of the trespass to chattels claim, the harm must damage or impair the

15  function of the computer systems or networks.  Impaired function may be proved by showing

16  that the Defendant consumed a significant portion of the systems' or network's capacity,

17  significantly reduced their available memory or processing power, slowed their responsiveness,

18  or otherwise harmed their performance.

19         If you find that [Oracle / Oracle America] suffered only nominal damages or speculative

20  harm, then you must find that Rimini Street is not liable for trespass to chattels.

21

22  Authority:  CACI No. 2101 (2015) (elements only; modified to conform to style and format of

23  other instructions); Order re Defendants' Motions to Dismiss, Dkt. No. 78 at 8 (Aug. 13, 2010)

24  (quoting Restatement (Second) of Torts § 217); *Register.com v. Verio, Inc.*, 356 F.3d 393 (2d

25  Cir. 2004) ("a significant portion of the capacity"); *Intel v. Hamidi*, 30 Cal.4th 1342, 1356 (2003)

26  ("the defendant's use of the plaintiff's computer system was held sufficient to support an action

27  for trespass when it actually did, or threatened to, interfere with the intended functioning of the

28  system, as by significantly reducing its available memory and processing power"); *id.* ("an

75

1   actionable deprivation of use "must be for a time so substantial that it is possible to estimate the

2   loss caused thereby"); *id.* at 1352 (trespass to chattels requires "the necessity of some actual

3   damage to the chattel before the action can be maintained"); *see also eBay, Inc. v. Bidder's Edge*,

4   100 F. Supp. 2d 1058, 1069-70 (N.D. Cal. 2000).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1    In addition to its other claims, [Oracle / Oracle America] contends that Rimini Street and

2    Seth Ravin wrongfully trespassed on the computer systems and computer networks that host

3    [Oracle / Oracle America]'s customer support websites.  To establish this claim, [Oracle / Oracle

4    America] must prove the following:

5        1)    [Oracle / Oracle America] owned customer computer systems or computer

6              networks that hosted its customer support websites;

7        2)    A Defendant intentionally interfered with [Oracle / Oracle America]'s use or

8              possession of those computer systems or computer networks;

9        3)    [Oracle / Oracle America] did not consent;

10       4)    [Oracle / Oracle America]'s computer systems were substantially harmed; and

11       5)    The Defendant's intentional interference was a substantial factor in causing

12             [Oracle / Oracle America]'s harm.

13   For purposes of the trespass to chattels claim, the harm must damage or impair the

14   function of the computer systems or networks.  Impaired function may be proved by showing

15   that the Defendant consumed a significant portion of the systems' or network's capacity,

16   significantly reduced their available memory or processing power, slowed their responsiveness,

17   or otherwise harmed their performance.

18   If you find that [Oracle / Oracle America] suffered only nominal damages or speculative

19   harm, then you must find that Rimini Street is not liable for trespass to chattels.

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

**J-39.  TRESPASS TO CHATTELS—DAMAGES**

If you find for [Oracle / Oracle America] on its claim for trespass to chattels, you must determine compensatory damages.  Compensatory damages consist of the amount of money that will reasonably and fairly compensate [Oracle / Oracle America] for actual damage caused to its computer hardware or software due to the trespass.  [Oracle / Oracle America] may not recover consequential damages such as the time its employees spent responding to the alleged trespass or any kind of lost profits.  [Oracle / Oracle America] has the burden to prove compensatory damages by a preponderance of the evidence.

Damages, if any, should be restricted to such losses, if any, as are proved by facts from which their existence is logically and legally inferable.  The general rule on the subject of damages is that all damages resulting necessarily, immediately, and directly from the wrong are recoverable, and not those that are contingent and uncertain or mere speculation.

Although a qualified person may make estimates concerning probable profits or losses of a going business, you should, in weighing all such evidence, take into consideration, among other things, the truth or falsity of the basis of such estimates; the knowledge or lack of knowledge of the witnesses of all of the conditions on which the estimate is based; whether the facts assumed as a basis for an estimate rest upon actual accounts and records kept in the ordinary course of business rather than in uncertain recollections; and knowledge of the witness in the particular line of business about which the witness testifies.  From all of the evidence in this case bearing on the subject, you should determine for yourselves the probability or improbability, and the amount, of profits anticipated by [Oracle / Oracle America] .

The difficulty or uncertainty in ascertaining or measuring the precise amount of any damages does not preclude recovery, and you, the jury, should use your best judgment in determining the amount of such damages, if any, based upon the evidence.  Damages may not be awarded based on speculation or guesswork.

That the defendant did not actually anticipate or contemplate that these losses would occur is not a relevant factor for you to consider.

78

1    Authority: ABA Model Jury Instruction 2.10.2 (Business Torts) (2005) (modified introductory

2    phrase for clarity and consistency in form and format with other instructions; specified parties

3    and omitted unnecessary instructions; modified required showing of damages based on *Intel*

4    explanation of trespass to chattels claim in electronic context; otherwise verbatim); *Intel v.*

5    *Hamidi*, 30 Cal.4th 1342, 1352-53 (2003) ("The dispositive issue in this case, therefore, is

6    whether the undisputed facts demonstrate Hamidi's actions caused or threatened to cause damage

7    to … Intel's computer hardware or software"); *id.* at 1352 (trespass to chattels requires "the

8    necessity of some actual damage to the chattel before the action can be maintained"); *id.* ("injury

9    to the personal property or the possessor's interest in it *is* an element of the action") (emphasis in

10   original); *id.* at 1347 ("The consequential economic damage Intel claims to have suffered, i.e.,

11   loss of productivity caused by employees reading and reacting to Hamidi's messages and

12   company efforts to block the messages, is not an injury to the company's interest in its

13   computers."); *id.* at 1359 ("Nor may Intel appropriately assert a property interest in its

14   employees' time.").

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

If you find for [Oracle / Oracle America] on its claim for trespass to chattels, you must determine compensatory damages.  Compensatory damages consist of the amount of money that will reasonably and fairly compensate [Oracle / Oracle America] for actual damage caused to its computer hardware or software due to the trespass.  [Oracle / Oracle America] may not recover consequential damages such as the time its employees spent responding to the alleged trespass or any kind of lost profits.  [Oracle / Oracle America] has the burden to prove compensatory damages by a preponderance of the evidence.

Damages, if any, should be restricted to such losses, if any, as are proved by facts from which their existence is logically and legally inferable.  The general rule on the subject of damages is that all damages resulting necessarily, immediately, and directly from the wrong are recoverable, and not those that are contingent and uncertain or mere speculation.

Although a qualified person may make estimates concerning probable profits or losses of a going business, you should, in weighing all such evidence, take into consideration, among other things, the truth or falsity of the basis of such estimates; the knowledge or lack of knowledge of the witnesses of all of the conditions on which the estimate is based; whether the facts assumed as a basis for an estimate rest upon actual accounts and records kept in the ordinary course of business rather than in uncertain recollections; and knowledge of the witness in the particular line of business about which the witness testifies.  From all of the evidence in this case bearing on the subject, you should determine for yourselves the probability or improbability, and the amount, of profits anticipated by [Oracle / Oracle America] .

The difficulty or uncertainty in ascertaining or measuring the precise amount of any damages does not preclude recovery, and you, the jury, should use your best judgment in determining the amount of such damages, if any, based upon the evidence.  Damages may not be awarded based on speculation or guesswork.

That the defendant did not actually anticipate or contemplate that these losses would occur is not a relevant factor for you to consider.

JURY INSTRUCTION NO. _____

**J-40.  PUNITIVE DAMAGES—OFFICER, DIRECTOR, OR MANAGING AGENT**

Because Rimini Street is a corporation, [Oracle / Oracle America and Oracle International Corporation] must prove at least one of the following by clear and convincing evidence in order for punitive damages to be available:

1)     That the malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of Rimini Street, who acted on behalf of Rimini Street;

2)     That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Rimini Street;

3)     That one or more officers, directors, or managing agents of Rimini Street knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision-making such that his or her decisions ultimately determine corporate policy.

Authority:  CACI 3946 (2015) (all verbatim except introductory paragraph).

81

1    Because Rimini Street is a corporation, [Oracle / Oracle America and Oracle

2    International Corporation] must prove at least one of the following by clear and convincing

3    evidence in order for punitive damages to be available:

4         1)    That the malice, oppression, or fraud was conduct of one or more officers,

5               directors, or managing agents of Rimini Street, who acted on behalf of Rimini

6               Street;

7         2)    That the conduct constituting malice, oppression, or fraud was authorized by one

8               or more officers, directors, or managing agents of Rimini Street;

9         3)    That one or more officers, directors, or managing agents of Rimini Street knew of

10              the conduct constituting malice, oppression, or fraud and adopted or approved that

11              conduct after it occurred.

12   An employee is a "managing agent" if he or she exercises substantial independent

13   authority and judgment in his or her corporate decision-making such that his or her decisions

14   ultimately determine corporate policy.

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1  **J-41.  DUTY TO DELIBERATE**

2      When you begin your deliberations, you should elect one member of the jury as your

3  presiding juror.  That person will preside over the deliberations and speak for you here in court.

4  You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your

5  verdict must be unanimous.

6      Each of you must decide the case for yourself, but you should do so only after you have

7  considered all of the evidence, discussed it fully with the other jurors, and listened to the views

8  of your fellow jurors.

9      Do not hesitate to change your opinion if the discussion persuades you that you should.

10  Do not come to a decision simply because other jurors think it is right.

11      It is important that you attempt to reach a unanimous verdict but, of course, only if each

12  of you can do so after having made your own conscientious decision.  Do not change an honest

13  belief about the weight and effect of the evidence simply to reach a verdict.

14

15  Authority:   Ninth Circuit Manual of Model Jury Instructions, Instruction 3.1 (Civil) (2007)

16  (verbatim); Fed. R. Civ. P. 48.

17

18

19

20

21

22

23

24

25

26

27

28

1    When you begin your deliberations, you should elect one member of the jury as your

2    presiding juror.  That person will preside over the deliberations and speak for you here in court.

3    You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your

4    verdict must be unanimous.

5    Each of you must decide the case for yourself, but you should do so only after you have

6    considered all of the evidence, discussed it fully with the other jurors, and listened to the views

7    of your fellow jurors.

8    Do not hesitate to change your opinion if the discussion persuades you that you should.

9    Do not come to a decision simply because other jurors think it is right.

10    It is important that you attempt to reach a unanimous verdict but, of course, only if each

11    of you can do so after having made your own conscientious decision.  Do not change an honest

12    belief about the weight and effect of the evidence simply to reach a verdict.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

**J-42.  THE USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON OR COMMUNICATE ABOUT A CASE**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smartphone, iPhone, Blackberry or computer; the Internet, any Internet service, or any text or instant messaging service, or any Internet chat room, blog, or social media website or mobile application such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.

If you become aware that another juror has researched the case outside of the evidence presented during this trial, you should ask the marshal to speak with the judge privately to alert the Court.

Authority:  Federal Judicial Conference, Benchbook for U.S. District Court Judges (Mar. 2013), at p.217 (first paragraph only; paraphrased).

85

1    During your deliberations, you must not communicate with or provide any information to

2    anyone by any means about this case.  You may not use any electronic device or media, such as a

3    telephone, cell phone, smartphone, iPhone, Blackberry or computer; the Internet, any Internet

4    service, or any text or instant messaging service, or any Internet chat room, blog, or social media

5    website or mobile application such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to

6    communicate to anyone any information about this case or to conduct any research about this

7    case until after I accept your verdict.

8    If you become aware that another juror has researched the case outside of the evidence

9    presented during this trial, you should ask the marshal to speak with the judge privately to alert

10   the Court.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1   **J-43.  NOTES**

2          If you wish, you may take notes to help you remember the evidence.  If you do take

3   notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide

4   the case.  Do not let your note-taking interfere with your ability to listen carefully to all the

5   testimony and to watch the witnesses as they testify.  Nor should you allow your impression of a

6   witness or other evidence to be influenced by whether or not other jurors are taking notes.  When

7   you leave, your notes should be left in the courtroom.  No one will read your notes.  They will be

8   destroyed at the conclusion of the case.

9          You should use your notes only to remind yourself of what happened during the trial.

10  Your independent recollection of the evidence should govern your verdict, and you should not

11  allow yourself to be influenced by the notes of other jurors if those notes differ from what you

12  remember.

13

14  Authority:  Ninth Circuit Manual of Model Jury Instructions 1.14 (Civil) (2007) (first and last

15  two sentences of first paragraph verbatim; other sentences in first paragraph paraphrased); CACI

16  102 (2015) (sentences in last paragraph verbatim).

17

18

19

20

21

22

23

24

25

26

27

28

1        If you wish, you may take notes to help you remember the evidence.  If you do take

2    notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide

3    the case.  Do not let your note-taking interfere with your ability to listen carefully to all the

4    testimony and to watch the witnesses as they testify.  Nor should you allow your impression of a

5    witness or other evidence to be influenced by whether or not other jurors are taking notes.  When

6    you leave, your notes should be left in the courtroom.  No one will read your notes.  They will be

7    destroyed at the conclusion of the case.

8        You should use your notes only to remind yourself of what happened during the trial.

9    Your independent recollection of the evidence should govern your verdict, and you should not

10   allow yourself to be influenced by the notes of other jurors if those notes differ from what you

11   remember.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1    **J-44.  COMMUNICATION WITH COURT**

2           If it becomes necessary during your deliberations to communicate with me, you may send

3    a note through the marshal, signed by your presiding juror or by one or more members of the

4    jury.  No member of the jury should ever attempt to communicate with me except by a signed

5    writing; I will communicate with any member of the jury on anything concerning the case only

6    in writing, or here in open court.  If you send out a question, I will consult with the parties before

7    answering it, which may take some time.  You may continue your deliberations while waiting for

8    the answer to any question.   Remember that you are not to tell anyone—including me—how the

9    jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have

10   been discharged.  Do not disclose any vote count in any note to the court.

11

12   Authority:   Ninth Circuit Manual of Model Jury Instructions, Instruction 3.2 (Civil) (2007)

13   (verbatim).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROPOSED JURY INSTRUCTIONS

1     If it becomes necessary during your deliberations to communicate with me, you may send

2     a note through the marshal, signed by your presiding juror or by one or more members of the

3     jury.  No member of the jury should ever attempt to communicate with me except by a signed

4     writing; I will communicate with any member of the jury on anything concerning the case only

5     in writing, or here in open court.  If you send out a question, I will consult with the parties before

6     answering it, which may take some time.  You may continue your deliberations while waiting for

7     the answer to any question.   Remember that you are not to tell anyone—including me—how the

8     jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have

9     been discharged.  Do not disclose any vote count in any note to the court.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

1   **J-45.  RETURN OF VERDICT**

2          A verdict form has been prepared for you.  After you have reached unanimous agreement

3   on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it,

4   and advise the court that you are ready to return to the courtroom.

5

6   <u>Authority</u>:   Ninth Circuit Manual of Model Jury Instructions, Instruction 3.3 (Civil) (2007)

7   (verbatim).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    A verdict form has been prepared for you.  After you have reached unanimous agreement

2    on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it,

3    and advise the court that you are ready to return to the courtroom.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____