1  BOIES, SCHILLER & FLEXNER LLP
   RICHARD J. POCKER (NV Bar No. 3568)
2  300 South Fourth Street, Suite 800
   Las Vegas, NV 89101
3  Telephone: (702) 382-7300
   Facsimile: (702) 382-2755
4  rpocker@bsfllp.com

5  BOIES, SCHILLER & FLEXNER LLP
   WILLIAM A. ISAACSON (*pro hac vice*)
6  KAREN L. DUNN (*pro hac vice*)
   5301 Wisconsin Ave, NW
7  Washington, DC 20015
   Telephone: (202) 237-2727
8  Facsimile: (202) 237-6131
   wisaacson@bsfllp.com
9  kdunn@bsfllp.com

10 BOIES, SCHILLER & FLEXNER LLP
11 STEVEN C. HOLTZMAN (*pro hac vice*)
   KIERAN P. RINGGENBERG (*pro hac vice*)
12 1999 Harrison Street, Suite 900
   Oakland, CA 94612
13 Telephone: (510) 874-1000
   Facsimile: (510) 874-1460
14 sholtzman@bsfllp.com
   kringgenberg@bsfllp.com

15
   Attorneys for Plaintiffs
16 Oracle USA, Inc., Oracle America, Inc., and
   Oracle International Corp.

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001
thomas.hixson@morganlewis.com
kristen.palumbo@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:  (650) 506-4846
Facsimile:  (650) 506-7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

17                **UNITED STATES DISTRICT COURT**

18                      **DISTRICT OF NEVADA**

19

| | |
|---|---|
| 20  ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, | Case No. 2:10-cv-0106-LRH-PAL |
| 22                        Plaintiffs, | **ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS (AMENDED)** |
| 23  v. RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual, | |
| 24                        Defendants. | |

25

26

27

28

1   For the Court's consideration, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and

2   Oracle International Corp. (collectively, "Oracle" or "Plaintiffs") submit these proposed Jury

3   Instructions.

4

5   Dated:  September 10, 2015                    BOIES, SCHILLER & FLEXNER LLP

6                                                 By:        /s/ Kieran P. Ringgenberg

7                                                        Kieran P. Ringgenberg
                                                        Attorneys for Plaintiffs
8                                                        Oracle USA, Inc.,
                                                        Oracle America, Inc. and
9                                                 Oracle International Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that the foregoing ORACLE'S ADDITIONAL PROPOSED JURY

3  INSTRUCTIONS was filed, on September 9, 2015, with the Court's CM/ECF system which will

4  send notice, via email, to all attorneys registered with the CM/ECF system.

5

6  Dated:  September 10, 2015                    BOIES, SCHILLER & FLEXNER LLP

7

8                                               By:      /s/ Kieran P. Ringgenberg
                                                    Kieran P. Ringgenberg
9                                                   Attorneys for Plaintiffs
                                                    Oracle USA, Inc.,
10                                                  Oracle America, Inc. and
                                                    Oracle International Corporation
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1

**TABLE OF CONTENTS**

2

3   I.   PRELIMINARY JURY INSTRUCTIONS ....................................................... 1

    P-1. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE.................. 1
4
    P-2. TOMORROWNOW EVIDENCE.................................................................. 3
5
    P-3. ORACLE ENTITIES AND CLAIMS ............................................................ 5
6
    P-4. COPYRIGHT—INTRODUCTION AND DEFINITIONS .............................. 7
7
    P-5. LICENSE INTERPRETATION—PAROL EVIDENCE..................................... 9

    P-6. SPOLIATION OF EVIDENCE .................................................................. 11
8   II.  POST-TRIAL JURY INSTRUCTION ........................................................ 13
9
    P-7. CORPORATE PARTIES ......................................................................... 13
10
    P-8. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE.................. 15
11
    P-9. ORACLE ENTITIES AND CLAIMS .......................................................... 17

    P-10. TOMORROWNOW EVIDENCE ............................................................ 19
12
    P-11. COPYRIGHT—INTRODUCTION AND DEFINITIONS ............................ 21
13
    P-12. COPYRIGHT INFRINGEMENT ............................................................ 23
14
    P-13. COPYRIGHT—DIRECT INFRINGEMENT ............................................. 25
15
    P-14. COPYRIGHT—ACCESS AND SUBSTANTIAL SIMILARITY ..................... 27

    P-15. LICENSE INTERPRETATION—PAROL EVIDENCE.................................. 29
16
    P-16. COPYRIGHT—CONTRIBUTORY INFRINGEMENT ................................ 31
17
    P-17. COPYRIGHT—VICARIOUS INFRINGEMENT ....................................... 33
18
    P-18. COPYRIGHT DAMAGES—CAUSATION ................................................ 35

    P-22. COPYRIGHT—DAMAGES—INFRINGER'S PROFITS.............................. 43
19
    P-24. INDUCING BREACH OF CONTRACT .................................................. 48
20
    P-25. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC
21           ADVANTAGE .................................................................................... 51

    P-26. INDUCING BREACH OF CONTRACT AND INTENTIONAL
22           INTERFERENCE—KNOWLEDGE........................................................ 54

    P-27. INDUCING BREACH OF CONTRACT AND INTENTIONAL
23           INTERFERENCE—INTENT ................................................................. 56

    P-28. INDUCING BREACH OF CONTRACT AND INTENTIONAL
24           INTERFERENCE—CAUSATION .......................................................... 58

    P-29. INTENTIONAL INTERFERENCE AND INDUCING BREACH OF
25           CONTRACT —COMPENSATORY DAMAGES............................................ 60

    P-30. FEDERAL COMPUTER FRAUD AND ABUSE ACT—
26           INTRODUCTION ............................................................................. 64

    P-32. FEDERAL COMPUTER FRAUD AND ABUSE ACT—INTENTIONAL
27           DAMAGE TO A PROTECTED COMPUTER .................................................. 68
28

i

_____

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

P-33. FEDERAL COMPUTER FRAUD AND ABUSE ACT—RECKLESS DAMAGE TO A PROTECTED COMPUTER ...................................................70

P-34. FEDERAL COMPUTER FRAUD AND ABUSE ACT—DAMAGES ...............72

P-35. CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT— CONTINUED ........................................................................................74

P-36. CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT— CONTINUED ........................................................................................76

P-37. CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT— ASSISTING, OR AIDING AND ABETTING........................................78

P-38. CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT— DAMAGES ...........................................................................................80

P-39. NEVADA COMPUTER CRIMES LAW ....................................................82

P-40. NEVADA COMPUTER CRIMES LAW—CONTINUED ..................................84

P-41. NEVADA COMPUTER CRIMES LAW—CONTINUED ..................................86

P-42. NEVADA COMPUTER CRIMES LAW—DEFINITIONS..............................88

P-43. NEVADA COMPUTER CRIMES LAW—DAMAGES....................................91

P-44. TRESPASS TO CHATTELS—CAUSATION ........................................93

P-45. BREACH OF CONTRACT ........................................................................95

P-46. DAMAGES—PUNITIVE DAMAGES—LIABILITY .......................................97

P-47. DAMAGES—PUNITIVE DAMAGES—AMOUNT [FOR SECOND PHASE]........................................................................................... 101

P-48. VERDICT FORM—DUPLICATIVE DAMAGES ........................................ 105

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1                      **I.**        **PRELIMINARY JURY INSTRUCTIONS**

2       **P-1.  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

3              This is a civil case.  The plaintiff has the burden of proving its case by what is called the

4       preponderance of the evidence.  That means the plaintiff has to produce evidence which,

5       considered in the light of all the facts, leads you to believe that what the plaintiff claims is more

6       likely true than not.  To put it differently, if you were to put the plaintiff's and the defendant's

7       evidence on opposite sides of the scales, the plaintiff would have to make the scales tip

8       somewhat on its side.  If the plaintiff fails to meet this burden, the verdict must be for the

9       defendant.

10             Those of you who have sat on criminal cases will have heard of proof beyond a

11      reasonable doubt.  That requirement does not apply to a civil case; therefore, you should put it

12      out of your mind.

13

14      Authority:  Federal Judicial Center, Benchbook for U.S. District Court Judges (Mar. 2013), at

15      p.221 (verbatim except to replace "his" to "its").

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    This is a civil case.  The plaintiff has the burden of proving its case by what is called the

2    preponderance of the evidence.  That means the plaintiff has to produce evidence which,

3    considered in the light of all the facts, leads you to believe that what the plaintiff claims is more

4    likely true than not.  To put it differently, if you were to put the plaintiff's and the defendant's

5    evidence on opposite sides of the scales, the plaintiff would have to make the scales tip

6    somewhat on its side.  If the plaintiff fails to meet this burden, the verdict must be for the

7    defendant.

8    Those of you who have sat on criminal cases will have heard of proof beyond a

9    reasonable doubt.  That requirement does not apply to a civil case; therefore, you should put it

10    out of your mind.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. ____

1  **P-2.  TOMORROWNOW EVIDENCE**

2  You may hear evidence concerning TomorrowNow.  You may consider TomorrowNow

3  evidence for its bearing, if any, on the following questions:

4      1)    Whether a Defendant had the state of mind or intent necessary for Oracle to

5          prevail on a claim;

6      2)    Whether a Defendant committed the acts at issue by accident or mistake;

7      3)    Whether a Defendant made misrepresentations concerning Rimini Street's

8          business model or to lure customers from Oracle; and

9      4)    Whether Oracle lost profits because customers who chose Rimini Street would or

10          could have gone to another provider such as TomorrowNow.

11  You may not use TomorrowNow evidence to infer that, because of his or her character,

12  Seth Ravin or any individual employed by Rimini Street did the things that Oracle contends.

13

14  <u>Authority:</u>  *See* Ninth Circuit Manual of Model Jury Instructions, No. 2.10 (Criminal) (2011)

15  (adopted portion of introductory paragraph and purposes 1 and 2); Order (July 9, 2015), at p.4 &

16  nn.2-3 (purposes 3 and 4; paraphrased).

17

18

19

20

21

22

23

24

25

26

27

28

3

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    You may hear evidence concerning TomorrowNow.  You may consider TomorrowNow

2    evidence for its bearing, if any, on the following questions:

3        1)  Whether a Defendant had the state of mind or intent necessary for Oracle to prevail

4            on a claim;

5       2)     Whether a Defendant committed the acts at issue by accident or mistake;

6       3)     Whether a Defendant made misrepresentations concerning Rimini Street's

7            business model or to lure customers from Oracle; and

8       4)     Whether Oracle lost profits because customers who chose Rimini Street would or

9            could have gone to another provider such as TomorrowNow.

10    You may not use TomorrowNow evidence to infer that, because of his or her character,

11   Seth Ravin or any individual employed by Rimini Street did the things that Oracle contends.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. ____

**P-3.  ORACLE ENTITIES AND CLAIMS**

You will see references to several "Oracle" entities.  Oracle America, Inc. develops and licenses certain intellectual property and software, and provides software support services. Oracle America, Inc. is the successor to Oracle USA, Inc., as well as certain companies that were formerly part of PeopleSoft, JD Edwards, and Siebel Systems.  Oracle International Corporation is the owner or exclusive licensee of the copyrights at issue in this case.   In these instructions, I refer to these entities as "Oracle."

<u>Authority</u>:  Joint Pretrial Order, Dkt. 523, Uncontested Facts ¶¶ 1, 3-5, 40 at pp. 7, 19.

5

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    You will see references to several "Oracle" entities.  Oracle America, Inc. develops and

2    licenses certain intellectual property and software, and provides software support services.

3    Oracle America, Inc. is the successor to Oracle USA, Inc., as well as certain companies that were

4    formerly part of PeopleSoft, JD Edwards, and Siebel Systems.  Oracle International Corporation

5    is the owner or exclusive licensee of the copyrights at issue in this case.   In these instructions, I

6    refer to these entities as "Oracle."

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

1    **P-4.  COPYRIGHT—INTRODUCTION AND DEFINITIONS**

2    Some of the issues in this case involve copyright.  Copyright is the exclusive right to

3    copy.  This right to copy includes the exclusive rights to:

4    1)    reproduce the copyrighted work;

5    2)    prepare derivative works based upon the copyrighted work by adapting or

6    transforming it; and

7    3)    distribute copies of either the copyrighted work or derivative work.

8    The owner or exclusive licensee of a copyright holds these exclusive rights.  "Owner"

9    refers to the author of the work, or one who has been assigned the ownership of exclusive rights

10   in the work.  In general, copyright law protects against the reproduction, adaptation, or

11   distribution of the owner's copyrighted work without the owner's permission.  An owner may

12   enforce these rights to exclude others in an action for copyright infringement.

13   Even though one may acquire a copy of the copyrighted work, the copyright owner

14   retains certain rights and control of that copy, including uses that may result in additional copies

15   or alterations of the work.

16   The term "derivative work" refers to a work based on one or more pre-existing works,

17   where the pre-existing work is recast, transformed, or adapted.  Accordingly, the owner of a

18   copyrighted work is entitled to exclude others from recasting, transforming or adapting the

19   copyrighted work without the owner's permission.

20   An "original work" or "original element" is one that has been created independently by

21   the author (that is, the author did not copy it) using at least minimal creativity.

22

23   Authority:  Ninth Circuit Manual of Model Jury Instructions, Nos. 17.1, 17.12, 17.13 (Civil)

24   (2007) (combined and greatly shortened to fit the facts of this case; first sentence added; second

25   sentence and language in the three numbered items verbatim from 17.1; second paragraph

26   paraphrased from 17.1; third paragraph verbatim from 17.1; fourth paragraph verbatim from

27   17.13; final paragraph paraphrased from 17.12).

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    Some of the issues in this case involve copyright.  Copyright is the exclusive right to

2  copy.  This right to copy includes the exclusive rights to:

3    1)    reproduce the copyrighted work;

4    2)    prepare derivative works based upon the copyrighted work by adapting or

5          transforming it; and

6    3)    distribute copies of either the copyrighted work or derivative work.

7    The owner or exclusive licensee of a copyright holds these exclusive rights.  "Owner"

8  refers to the author of the work, or one who has been assigned the ownership of exclusive rights

9  in the work.  In general, copyright law protects against the reproduction, adaptation, or

10  distribution of the owner's copyrighted work without the owner's permission.  An owner may

11  enforce these rights to exclude others in an action for copyright infringement.

12    Even though one may acquire a copy of the copyrighted work, the copyright owner

13  retains certain rights and control of that copy, including uses that may result in additional copies

14  or alterations of the work.

15    The term "derivative work" refers to a work based on one or more pre-existing works,

16  where the pre-existing work is recast, transformed, or adapted.  Accordingly, the owner of a

17  copyrighted work is entitled to exclude others from recasting, transforming or adapting the

18  copyrighted work without the owner's permission.

19    An "original work" or "original element" is one that has been created independently by

20  the author (that is, the author did not copy it) using at least minimal creativity.

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

1   **P-5.  LICENSE INTERPRETATION—PAROL EVIDENCE**

2           The license agreements between Oracle and its customers are complete contracts.  The

3   Court will explain the meaning of those agreements to you.  You may not consider other

4   evidence, such as evidence of industry practice, to add to or change the meaning of those

5   agreements.

6

7   Authority:  *See* Order re MIL (9/3/2015), at 5.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1        The license agreements between Oracle and its customers are complete contracts.  The

2    Court will explain the meaning of those agreements to you.  You may not consider other

3    evidence, such as evidence of industry practice, to add to or change the meaning of those

4    agreements.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

1   **P-6.  SPOLIATION OF EVIDENCE**

2           Rimini Street had a location on its computer systems that some employees referred to as

3   the "software library."

4           This location contained a complete copy of at least 31 of Oracle's registered, copyrighted

5   works.  A list of the 31 works is in your juror notebook.   Rimini Street breached its duty to

6   preserve relevant evidence when it deleted certain material in the software library in January

7   2010.

8           You may, but are not required, to infer that the deleted material included evidence that

9   was favorable to Oracle's claims and unfavorable to Rimini Street's defenses in this case.

10

11  Authority:  Order Granting in Part and Denying in Part Motion For Sanctions (Mar. 29, 2013), at

12  19-20.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    Rimini Street had a location on its computer systems that some employees referred to as

2  the "software library."

3    This location contained a complete copy of at least 31 of Oracle's registered, copyrighted

4  works.  A list of the 31 works is in your juror notebook.  Rimini Street breached its duty to

5  preserve relevant evidence when it deleted certain material in the software library in January

6  2010.

7    You may, but are not required, to infer that the deleted material included evidence that

8  was favorable to Oracle's claims and unfavorable to Rimini Street's defenses in this case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. ____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.     POST-TRIAL JURY INSTRUCTION

**P-7.  CORPORATE PARTIES**

Both Oracle and Rimini Street are corporations.  Corporations are entitled to the same fair and impartial treatment that you would give to an individual.  You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

Authority:  CACI 104 (2015) (first sentence and first two words of second sentence modified for the facts of this case; remainder verbatim; omitted second paragraph [re use of "he" and "she" because these instructions omit gendered pronouns]).

13

1    Both Oracle and Rimini Street are corporations.  Corporations are entitled to the same

2   fair and impartial treatment that you would give to an individual.  You must decide this case with

3   the same fairness that you would use if you were deciding the case between individuals.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. ____

1   **P-8.  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

2         This is a civil case.  The plaintiff has the burden of proving its case by what is called the

3   preponderance of the evidence.  That means the plaintiff has to produce evidence which,

4   considered in the light of all the facts, leads you to believe that what the plaintiff claims is more

5   likely true than not.  To put it differently, if you were to put the plaintiff's and the defendant's

6   evidence on opposite sides of the scales, the plaintiff would have to make the scales tip

7   somewhat on its side.  If the plaintiff fails to meet this burden, the verdict must be for the

8   defendant.

9         Those of you who have sat on criminal cases will have heard of proof beyond a

10  reasonable doubt.  That requirement does not apply to a civil case; therefore, you should put it

11  out of your mind.

12

13  Authority:  Federal Judicial Center, Benchbook for U.S. District Court Judges (Mar. 2013), at

14  p.221 (verbatim except to replace "his" to "its").

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    This is a civil case.  The plaintiff has the burden of proving its case by what is called the

2    preponderance of the evidence.  That means the plaintiff has to produce evidence which,

3    considered in the light of all the facts, leads you to believe that what the plaintiff claims is more

4    likely true than not.  To put it differently, if you were to put the plaintiff's and the defendant's

5    evidence on opposite sides of the scales, the plaintiff would have to make the scales tip

6    somewhat on its side.  If the plaintiff fails to meet this burden, the verdict must be for the

7    defendant.

8    Those of you who have sat on criminal cases will have heard of proof beyond a

9    reasonable doubt.  That requirement does not apply to a civil case; therefore, you should put it

10    out of your mind.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

1    **P-9.  ORACLE ENTITIES AND CLAIMS**

2         You have seen references to several "Oracle" entities.  Oracle America, Inc. develops and

3    licenses certain intellectual property and software, and provides software support services.

4    Oracle America, Inc. is the successor to Oracle USA, Inc., as well as certain companies that were

5    formerly part of PeopleSoft, JD Edwards, and Siebel Systems.  Oracle International Corporation

6    is the owner or exclusive licensee of the copyrights at issue in this case.   In these instructions, I

7    refer to these entities as "Oracle" or "plaintiff(s)."

8

9    <u>Authority:</u>  Joint Pretrial Order, Dkt. 523, Uncontested Facts ¶¶ 1, 3-5, 40 at pp. 7, 19.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    You have seen references to several "Oracle" entities.  Oracle America, Inc. develops and

2    licenses certain intellectual property and software, and provides software support services.

3    Oracle America, Inc. is the successor to Oracle USA, Inc., as well as certain companies that were

4    formerly part of PeopleSoft, JD Edwards, and Siebel Systems.  Oracle International Corporation

5    is the owner or exclusive licensee of the copyrights at issue in this case.   In these instructions, I

6    refer to these entities as "Oracle" or "plaintiff(s)."

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

1   **P-10.  TOMORROWNOW EVIDENCE**

2   You may hear evidence concerning TomorrowNow.  You may consider TomorrowNow

3   evidence for its bearing, if any, on the following questions:

4      1)   Whether a Defendant had the state of mind or intent necessary for Oracle to prevail

5            on a claim;

6      2)   Whether a Defendant committed the acts at issue by accident or mistake;

7      3)   Whether a Defendant made misrepresentations concerning Rimini Street's

8            business model or to lure customers from Oracle; and

9      4)   Whether Oracle lost profits because customers who chose Rimini Street would or

10           could have gone to another provider such as TomorrowNow.

11  You may not use TomorrowNow evidence to infer that, because of his or her character,

12  Seth Ravin or any individual employed by Rimini Street did the things that Oracle contends.

13

14  Authority:   *See* Ninth Circuit Manual of Model Jury Instructions, No. 2.10 (Criminal) (2011)

15  (adopted portion of introductory paragraph and purposes 1 and 2); Order (July 9, 2015), at p.4 &

16  nn.2-3 (purposes 3 and 4; paraphrased).

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    You may hear evidence concerning TomorrowNow.  You may consider TomorrowNow

2  evidence for its bearing, if any, on the following questions:

3        1)    Whether a Defendant had the state of mind or intent necessary for Oracle to

4              prevail on a claim;

5        2)    Whether a Defendant committed the acts at issue by accident or mistake;

6        3)    Whether a Defendant made misrepresentations concerning Rimini Street's

7              business model or to lure customers from Oracle; and

8        4)    Whether Oracle lost profits because customers who chose Rimini Street would or

9              could have gone to another provider such as TomorrowNow.

10    You may not use TomorrowNow evidence to infer that, because of his or her character,

11  Seth Ravin or any individual employed by Rimini Street did the things that Oracle contends.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

**P-11. COPYRIGHT—INTRODUCTION AND DEFINITIONS**

Some of the issues in this case involve copyright.  Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:

> 1)      reproduce the copyrighted work;
>
> 2)      prepare derivative works based upon the copyrighted work by adapting or transforming it; and
>
> 3)      distribute copies of either the copyrighted work or derivative work.

The owner or exclusive licensee of a copyright holds these exclusive rights.  "Owner" refers to the author of the work, or one who has been assigned the ownership of exclusive rights in the work.  In general, copyright law protects against the reproduction, adaptation, or distribution of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

Even though one may acquire a copy of the copyrighted work, the copyright owner retains certain rights and control of that copy, including uses that may result in additional copies or alterations of the work.

The term "derivative work" refers to a work based on one or more pre-existing works, where the pre-existing work is recast, transformed, or adapted.  Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.

An "original work" or "original element" is one that has been created independently by the author (that is, the author did not copy it) using at least minimal creativity.

Authority:  Ninth Circuit Manual of Model Jury Instructions, Nos. 17.1, 17.12, 17.13 (Civil) (2007) (combined and greatly shortened to fit the facts of this case; first sentence added; second sentence and language in the three numbered items verbatim from 17.1; second paragraph paraphrased from 17.1; third paragraph verbatim from 17.1; fourth paragraph verbatim from 17.13; final paragraph paraphrased from 17.12).

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    Some of the issues in this case involve copyright.  Copyright is the exclusive right to

2    copy.  This right to copy includes the exclusive rights to:

3        1)    reproduce the copyrighted work;

4        2)    prepare derivative works based upon the copyrighted work by adapting or

5              transforming it; and

6        3)    distribute copies of either the copyrighted work or derivative work.

7    The owner or exclusive licensee of a copyright holds these exclusive rights.  "Owner"

8    refers to the author of the work, or one who has been assigned the ownership of exclusive rights

9    in the work.  In general, copyright law protects against the reproduction, adaptation, or

10    distribution of the owner's copyrighted work without the owner's permission.  An owner may

11    enforce these rights to exclude others in an action for copyright infringement.

12    Even though one may acquire a copy of the copyrighted work, the copyright owner

13    retains certain rights and control of that copy, including uses that may result in additional copies

14    or alterations of the work.

15    The term "derivative work" refers to a work based on one or more pre-existing works,

16    where the pre-existing work is recast, transformed, or adapted.  Accordingly, the owner of a

17    copyrighted work is entitled to exclude others from recasting, transforming or adapting the

18    copyrighted work without the owner's permission.

19    An "original work" or "original element" is one that has been created independently by

20    the author (that is, the author did not copy it) using at least minimal creativity.

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

1  **P-12.  COPYRIGHT INFRINGEMENT**

2          Oracle contends that Rimini Street is liable for direct copyright infringement of Oracle's

3  PeopleSoft, J.D. Edwards, Siebel software and support material and Oracle Database software,

4  and that Ravin is liable for contributory and vicarious copyright infringement.  Rimini Street

5  denies infringing Oracle's copyrights and asserts an affirmative license defense as to some, but

6  not all, of the conduct at issue, which I will explain in more detail.

7

8  Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 17.0 (Civil) (2007) (modified

9  to reflect facts of case and serve as transition to elements).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

1    Oracle contends that Rimini Street is liable for direct copyright infringement of Oracle's

2  PeopleSoft, J.D. Edwards, Siebel software and support material and Oracle Database software,

3  and that Ravin is liable for contributory and vicarious copyright infringement.  Rimini Street

4  denies infringing Oracle's copyrights and asserts an affirmative license defense as to some, but

5  not all, of the conduct at issue, which I will explain in more detail.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

**P-13.  COPYRIGHT—DIRECT INFRINGEMENT**

To prevail on its direct infringement claim in the circumstances of this case, Oracle must prove the following by a preponderance of the evidence:

1)    Oracle is the owner or exclusive licensee of a valid copyright in an original work; and

2)    Rimini Street copied original elements from, created derivative works from, or distributed the original work.

The parties have agreed that Oracle owns or is the exclusive licensee of the copyrights at issue in this case, which means that Oracle has proven the first element.   If you find that Oracle proved the second element, you should find for Oracle and against Rimini Street on the copyright infringement claim.  If, on the other hand, Oracle has failed to prove the second element, you should find for Rimini Street and against Oracle on the copyright infringement claim.

Authority:  Amended Stipulation Re Copyright Registrations and Copies and Order Thereon, Dkt. 401 (Sept. 12, 2012) (reflecting stipulation as to first element); Ninth Circuit Manual of Model Jury Instructions, Nos. 17.4 17.5 (Civil) (2007) (modified to reflect facts and stipulation in this case; expanded element 1 to incorporate validity instruction because it is stipulated); *see also Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004).

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    To prevail on its direct infringement claim in the circumstances of this case, Oracle must

2    prove the following by a preponderance of the evidence:

3        1)    Oracle is the owner or exclusive licensee of a valid copyright in an original

4            work; and

5        2)    Rimini Street copied original elements from, created derivative works from, or

6            distributed the original work.

7    The parties have agreed that Oracle owns or is the exclusive licensee of the copyrights at

8    issue in this case, which means that Oracle has proven the first element.  If you find that Oracle

9    proved the second element, you should find for Oracle and against Rimini Street on the copyright

10   infringement claim.  If, on the other hand, Oracle has failed to prove the second element, you

11   should find for Rimini Street and against Oracle on the copyright infringement claim.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1    **P-14.  COPYRIGHT—ACCESS AND SUBSTANTIAL SIMILARITY**

2          Oracle need not offer direct evidence of copying.  Oracle may prove copying by showing

3    each of the following:

4          1)     Rimini Street had access to Oracle's work

5          2)     Rimini Street had reasonable opportunity to copy Oracle's work; and

6          3)     Oracle's work and Rimini Street's work are substantially similar such that

7                 copying is more likely than not.

8

9    Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 17.15 (Civil) (2007) (separated

10   elements for clarity; modified element 3 in light of Ninth Circuit's withdrawn instruction No.

11   17.17 and *Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004)).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    Oracle need not offer direct evidence of copying.  Oracle may prove copying by showing

2  each of the following:

3        1)    Rimini Street had access to Oracle's work

4        2)    Rimini Street had reasonable opportunity to copy Oracle's work; and

5        3)    Oracle's work and Rimini Street's work are substantially similar such that

6              copying is more likely than not.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

1   **P-15.  LICENSE INTERPRETATION—PAROL EVIDENCE**

2          The license agreements between Oracle and its customers are complete contracts.  The

3   Court has explained the meaning of those agreements to you.  You may not consider other

4   evidence, such as evidence of industry practice, to add to or change the meaning of those

5   agreements.

6

7   Authority:  *See* Order re MIL (9/3/2015), at 5.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    The license agreements between Oracle and its customers are complete contracts.  The

2  Court has explained the meaning of those agreements to you.  You may not consider other

3  evidence, such as evidence of industry practice, to add to or change the meaning of those

4  agreements.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

1    **P-16.  COPYRIGHT—CONTRIBUTORY INFRINGEMENT**

2          A defendant may be liable for copyright infringement engaged in by another.  Oracle

3    contends that Seth Ravin is liable for Rimini Street's copyright infringement under the doctrine

4    of "contributory infringement."   Therefore, you must also consider whether Seth Ravin is liable

5    for contributory infringement.

6          To prevail on contributory infringement against Seth Ravin, Oracle must prove both of

7    the following elements by a preponderance of the evidence:

8          1)      Seth Ravin knew or had reason to know of Rimini Street's infringing activity; and

9          2)      Seth Ravin intentionally induced or materially contributed to that infringing

10                 activity.

11         If you find that Oracle proved both of these elements, you should find for Oracle and

12   against Seth Ravin on the copyright infringement claim as to contributory infringement.  If, on

13   the other hand, Oracle has failed to prove either of these elements, you should find for Seth

14   Ravin and against Oracle on the copyright infringement claim as to contributory infringement.

15

16   Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 17.21 (Civil) (2007) (modified

17   for clarity and to reflect that jury must consider contributory infringement because some

18   infringement by Rimini Street has already been established by summary judgment and

19   stipulations).

20

21

22

23

24

25

26

27

28

31

1      A defendant may be liable for copyright infringement engaged in by another.  Oracle

2  contends that Seth Ravin is liable for Rimini Street's copyright infringement under the doctrine

3  of "contributory infringement."   Therefore, you must also consider whether Seth Ravin is liable

4  for contributory infringement.

5      To prevail on contributory infringement against Seth Ravin, Oracle must prove both of

6  the following elements by a preponderance of the evidence:

7      1)      Seth Ravin knew or had reason to know of Rimini Street's infringing activity; and

8      2)      Seth Ravin intentionally induced or materially contributed to that infringing

9              activity.

10      If you find that Oracle proved both of these elements, you should find for Oracle and

11  against Seth Ravin on the copyright infringement claim as to contributory infringement.  If, on

12  the other hand, Oracle has failed to prove either of these elements, you should find for Seth

13  Ravin and against Oracle on the copyright infringement claim as to contributory infringement.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

**P-17.  COPYRIGHT—VICARIOUS INFRINGEMENT**

In addition to contributory liability, a defendant may also be liable for copyright infringement committed by another defendant based on "vicarious liability."

To prevail on vicarious infringement against Seth Ravin, Oracle must prove each of the following elements by a preponderance of the evidence:

    1)    Seth Ravin profited directly from Rimini Street's infringing activity;

    2)    Seth Ravin had the right and ability to supervise or control Rimini Street's infringing activity;  and

    3)    Seth Ravin failed to exercise that right and ability.

If you find that Oracle proved each of these elements, you should find for Oracle and against Seth Ravin on the copyright infringement claim as to vicarious infringement.  If, on the other hand, Oracle has failed to prove any of these elements, you should find for Seth Ravin and against Oracle on the copyright infringement claim as to vicarious infringement.

Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 17.20 (Civil) (2007) (modified for clarity and to reflect that jury must consider contributory infringement because some infringement by Rimini Street has already been established by summary judgment and stipulations).

1       In addition to contributory liability, a defendant may also be liable for copyright

2   infringement committed by another defendant based on "vicarious liability."

3       To prevail on vicarious infringement against Seth Ravin, Oracle must prove each of the

4   following elements by a preponderance of the evidence:

5       1)      Seth Ravin profited directly from Rimini Street's infringing activity;

6       2)      Seth Ravin had the right and ability to supervise or control Rimini Street's

7               infringing activity;  and

8       3)      Seth Ravin failed to exercise that right and ability.

9       If you find that Oracle proved each of these elements, you should find for Oracle and

10  against Seth Ravin on the copyright infringement claim as to vicarious infringement.  If, on the

11  other hand, Oracle has failed to prove any of these elements, you should find for Seth Ravin and

12  against Oracle on the copyright infringement claim as to vicarious infringement.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

1  **P-18.  COPYRIGHT DAMAGES—CAUSATION**

2        For Oracle to recover actual copyright damages, it must prove that the infringement

3  caused its damages.  Infringement caused damages if it the infringement was a "substantial

4  factor" in causing the damages.

5        A substantial factor is a factor that a reasonable person would consider to have

6  contributed.  It must be more than a remote or trivial factor.  It does not have to be the only cause

7  of harm.

8        Conduct is not a substantial factor in causing harm if the same harm would have occurred

9  without that conduct.

10

11  Authority:  *Mackie v. Rieser*, 296 F.3d 909, 915 & n.6 (9th Cir. 2002) (copyright damages uses

12  tort principles of causation); CACI 430 (2015) (substantial factor causation; second and third

13  paragraphs only).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    For Oracle to recover actual copyright damages, it must prove that the infringement

2    caused its damages.  Infringement caused damages if it the infringement was a "substantial

3    factor" in causing the damages.

4    A substantial factor is a factor that a reasonable person would consider to have

5    contributed.  It must be more than a remote or trivial factor.  It does not have to be the only cause

6    of harm.

7    Conduct is not a substantial factor in causing harm if the same harm would have occurred

8    without that conduct.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

1    P-19.  **COPYRIGHT—DAMAGES—ACTUAL DAMAGES INTRODUCTION**

2        You must determine Oracle's damages due to copyright infringement.  Oracle is entitled

3    to recover the actual damages suffered as a result of the infringement.  The term "actual

4    damages" means the amount of money adequate to compensate the copyright owner for the

5    reduction of the market value of the copyrighted work caused by the infringement.  Damages

6    must be proven by a preponderance of the evidence.

7        Methods for determining actual damages due to copyright infringement include:

8        •    Profits that Oracle proves it would have made without the infringement.   This is

9              the "lost-profits" method.

10       •    What a willing buyer would have been reasonably required to pay to a willing

11             seller at the time of infringement for the use made of Oracle's work.  This is the

12             "fair-market-value" method.

13       Oracle must prove actual damages by a preponderance of the evidence.  You should

14   determine actual damages separately for each Defendant that you find liable for copyright

15   infringement

16       I will now explain these methods to you.

17

18   Authority:  Federal Jury Practice & Instructions, No. 160:90 (West 2015) (used as baseline

19   because comment to the relevant Ninth Circuit model instruction [No. 17.23] notes that the Ninth

20   Circuit model does not address situations where multiple methods are presented; modified for

21   clarity, to reflect facts of this case, and to reflect Ninth Circuit law regarding lost profits); *see*

22   *also* Seventh Circuit Pattern Civil Jury Instructions, No. 12.8.2 (2007); *Polar Bear Prods., Inc. v.*

23   *Timex Corp.*, 384 F.3d 700, 708-09 (9th Cir. 2004); *Oracle Corp. v. SAP AG*, 765 F.3d 1081,

24   1087, 1094-95 (9th Cir. 2014); 17 U.S.C. § 504(b).

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1       You must determine Oracle's damages due to copyright infringement.  Oracle is entitled

2  to recover the actual damages suffered as a result of the infringement.  The term "actual

3  damages" means the amount of money adequate to compensate the copyright owner for the

4  reduction of the market value of the copyrighted work caused by the infringement.  Damages

5  must be proven by a preponderance of the evidence.

6       Methods for determining actual damages due to copyright infringement include:

7       •    Profits that Oracle proves it would have made without the infringement.   This is

8            the "lost-profits" method.

9       •    What a willing buyer would have been reasonably required to pay to a willing

10           seller at the time of infringement for the use made of Oracle's work.  This is the

11           "fair-market-value" method.

12       Oracle must prove actual damages by a preponderance of the evidence.  You should

13  determine actual damages separately for each Defendant that you find liable for copyright

14  infringement

15       I will now explain these methods to you.

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

1   P-20.  **COPYRIGHT—ACTUAL DAMAGES—LOST PROFITS**

2        For the PeopleSoft, J.D. Edwards, and Siebel software and support materials, you heard

3   evidence concerning the "lost-profits" method for actual damages.  Actual damages for "lost

4   profits" means the amount of money adequate to compensate Oracle for the profits it would have

5   made but for any infringement you found.  You must apply the lost profits method, and not the

6   fair-market-value method, to determine the appropriate damages for infringement of PeopleSoft,

7   J.D. Edwards, and Siebel software and support materials.

8

9   Authority:  *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708-09 (9th Cir. 2004)

10  (paraphrased); *see also Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087, 1094-95 (9th Cir. 2014).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1          For the PeopleSoft, J.D. Edwards, and Siebel software and support materials, you heard

2     evidence concerning the "lost-profits" method for actual damages.  Actual damages for "lost

3     profits" means the amount of money adequate to compensate Oracle for the profits it would have

4     made but for any infringement you found.  You must apply the lost profits method, and not the

5     fair-market-value method, to determine the appropriate damages for infringement of PeopleSoft,

6     J.D. Edwards, and Siebel software and support materials.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28     JURY INSTRUCTION NO. _____

1  P-21.  **COPYRIGHT—ACTUAL DAMAGES—FAIR MARKET VALUE**

2        For the Oracle Database software, you heard evidence concerning both the "fair-market-

3  value" method and the "lost-profits" method for actual damages.  Actual damages for "fair-

4  market-value" means the amount of money adequate to compensate Oracle for the reduction of

5  the fair market value of the copyrighted work caused by any infringement you found.  You may

6  apply either the fair-market-value method or the lost-profits method, but not both, to determine

7  the appropriate damages for infringement of Oracle Database software.

8        The reduction of the fair market value of the copyrighted work is the amount a willing

9  buyer would have been reasonably required to pay a willing seller at the time of the infringement

10  for the actual use made by Defendants of Oracle's registered copyrighted works.  You must

11  determine what would have been the result of this negotiation in order to establish the fair market

12  value, calculated at the time the infringement commenced.  The value of a hypothetical license is

13  not necessarily the amount the Defendants in this case would have agreed to pay.

14

15  Authority:  *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708-09 (9th Cir. 2004)

16  (paraphrased); Order, Dkt. 724 at 5; *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1089 (9th Cir.

17  2014) ("Fair market value in a voluntary licensing transaction between arms-length parties

18  ordinarily lies somewhere between the two poles of cost to the seller and benefit to the buyer.");

19  Federal Circuit Bar Association Model Patent Jury Instructions, No. 6.6 (last two paragraphs

20  only; paraphrased and adapted to copyright context); *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d

21  1359, 1373 (Fed. Cir. 2008) ("[It] is wrong as a matter of law to claim that reasonable royalty

22  damages are capped at the cost of implementing the cheapest available, acceptable, non-

23  infringing alternative."), *mandate recalled and amended on other grounds*, 557 F.3d 1377 (Fed.

24  Cir. 2009); *Grain Processing Corp. v. American Maize-Products*, 185 F. 3d 1341, 1350-51 (Fed.

25  Cir. 1999); *see also Oracle*, 765 F.3d at 1087, 1094-95.

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    For the Oracle Database software, you heard evidence concerning both the "fair-market-

2    value" method and the "lost-profits" method for actual damages.  Actual damages for "fair-

3    market-value" means the amount of money adequate to compensate Oracle for the reduction of

4    the fair market value of the copyrighted work caused by any infringement you found.  You may

5    apply either the fair-market-value method or the lost-profits method, but not both, to determine

6    the appropriate damages for infringement of Oracle Database software.

7    The reduction of the fair market value of the copyrighted work is the amount a willing

8    buyer would have been reasonably required to pay a willing seller at the time of the infringement

9    for the actual use made by Defendants of Oracle's registered copyrighted works.  You must

10   determine what would have been the result of this negotiation in order to establish the fair market

11   value, calculated at the time the infringement commenced.  The value of a hypothetical license is

12   not necessarily the amount the Defendants in this case would have agreed to pay.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1   **P-22.  COPYRIGHT—DAMAGES—INFRINGER'S PROFITS**

2         In addition to actual damages**,** the copyright owner is entitled to any profits of the

3   defendant attributable to the infringement.  You may not include in an award of profits any

4   amount that you took into account in determining actual damages.

5         You may make an award of Defendants' profits only if you find that Oracle showed a

6   causal relationship between the infringement and the profits generated directly or indirectly from

7   Defendants' infringement.

8         The Defendant's profit is determined by subtracting all expenses from the Defendant's

9   gross revenue.  The Defendant's gross revenue is all of the defendant's receipts from the use or

10  sale of a product containing or using the copyrighted work associated with the infringement.

11  Oracle has the burden of proving the defendant's gross revenue by a preponderance of the

12  evidence.

13        Expenses are all operating costs and overhead costs incurred in producing the

14  Defendant's gross revenue.  The Defendant has the burden of proving expenses by a

15  preponderance of the evidence.

16        If you find that a Defendant's infringement was not willful, then Defendant's profits are

17  determined by subtracting expenses that Defendants incurred to generate Defendant's gross

18  revenue due to the infringement.

19        If you find that the infringement was willful, then you may not deduct the Defendant's

20  overhead costs, and the profits are equal to the gross revenue due to infringement minus any

21  operating costs incurred to generate Defendant's gross revenue due to the infringement.

22        I will explain separately what constitutes willful infringement.

23        Unless you find that a portion of the profit from the use of the copyrighted works is

24  attributable to factors other than use of the copyrighted works, all of the profit is to be attributed

25  to the infringement.  Defendants have the burden of proving the portion of the profit, if any,

26  attributable to factors other than infringing the copyrighted works.

27

28

43

1   <u>Authority:</u>  Ninth Circuit Manual of Model Jury Instructions, No. 17.24 (modified to add

2   willfulness instructions as explained in *id.* No. 17.27 at cmt. ("Generally, deductions of

3   defendant's expenses are denied where the defendant's infringement is willful or deliberate.");

4   modified to reflect party names and facts of the case; modified to reference separate willfulness

5   instruction) (Civil) (2007); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 709 (9th Cir.

6   2004); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985);

7   *Saxon v. Blann*, 968 F.2d 676, 681 (8th Cir. 1992) ("[o]verhead may not be deducted from gross

8   revenues to arrive at profits when an infringement was deliberate or willful"); *Williams v.*

9   *Bridgeport Music, Inc.*, No. LA CV-13-06004 JAK (AGRx), ECF No. 322 at Jury Instruction

10  No. 38 (C.D. Cal. Mar. 10, 2015) ("Overhead costs may not be deducted where a party's

11  infringement is willful."); *Jarvis v. A & M Records*, 827 F. Supp. 282, 294-95 (D.N.J. 1993) ("it

12  is a question of fact whether these defendants did in fact act willfully[;]" "if a defendant's

13  conduct is willful, overhead may not be deducted"); *Mfrs. Techs., Inc. v. Cams, Inc.*, 728 F.

14  Supp. 75, 84 (D. Conn. 1989) (defendant's "taxes" and "overhead or 'allocated expenses'" not

15  deductible because infringement was willful); 5 Melville B. Nimmer and David Nimmer,

16  *Nimmer on Copyright* § 14.03[C][2]-[3] (Lexis 2015).

17

18

19

20

21

22

23

24

25

26

27

28

44

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    In addition to actual damages**,** the copyright owner is entitled to any profits of the

2    defendant attributable to the infringement.  You may not include in an award of profits any

3    amount that you took into account in determining actual damages.

4    You may make an award of Defendants' profits only if you find that Oracle showed a

5    causal relationship between the infringement and the profits generated directly or indirectly from

6    Defendants' infringement.

7    The Defendant's profit is determined by subtracting all expenses from the Defendant's

8    gross revenue.  The Defendant's gross revenue is all of the defendant's receipts from the use or

9    sale of a product containing or using the copyrighted work associated with the infringement.

10   Oracle has the burden of proving the defendant's gross revenue by a preponderance of the

11   evidence.

12   Expenses are all operating costs and overhead costs incurred in producing the

13   Defendant's gross revenue.  The Defendant has the burden of proving expenses by a

14   preponderance of the evidence.

15   If you find that a Defendant's infringement was not willful, then Defendant's profits are

16   determined by subtracting expenses that Defendants incurred to generate Defendant's gross

17   revenue due to the infringement.

18   If you find that the infringement was willful, then you may not deduct the Defendant's

19   overhead costs, and the profits are equal to the gross revenue due to infringement minus any

20   operating costs incurred to generate Defendant's gross revenue due to the infringement.

21   I will explain separately what constitutes willful infringement.

22   Unless you find that a portion of the profit from the use of the copyrighted works is

23   attributable to factors other than use of the copyrighted works, all of the profit is to be attributed

24   to the infringement.  Defendants have the burden of proving the portion of the profit, if any,

25   attributable to factors other than infringing the copyrighted works.

26

27

28   JURY INSTRUCTION NO. _____

1    P-23.  **STATUTORY DAMAGES**

2         You must also calculate a statutory damages award.  Congress established statutory

3    damages to penalize infringers and deter future violations of the copyright laws.

4         The amount you may award as statutory damages is not less than $750, nor more than

5    $30,000 for each work you conclude was infringed.

6         However, if you find the infringement was innocent, you may award not less than $200

7    for each work innocently infringed.

8         However, if you find the infringement was willful, you may award as much as

9    $150,000 for each work willfully infringed.

10        The instructions that follow will tell you what constitutes innocent infringement and what

11   constitutes willful infringement.

12

13   Authority:  Ninth Circuit Manual of Model Jury Instructions, Nos. 17.25, 17.27 (Civil) (2007)

14   (introductory sentences modified to reflect this case's circumstances; language from "purpose"

15   through end verbatim).

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    You must also calculate a statutory damages award.  Congress established statutory

2  damages to penalize infringers and deter future violations of the copyright laws.

3    The amount you may award as statutory damages is not less than $750, nor more than

4  $30,000 for each work you conclude was infringed.

5    However, if you find the infringement was innocent, you may award not less than $200

6  for each work innocently infringed.

7    However, if you find the infringement was willful, you may award as much as

8  $150,000 for each work willfully infringed.

9    The instructions that follow will tell you what constitutes innocent infringement and what

10  constitutes willful infringement.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

1    **P-24.  INDUCING BREACH OF CONTRACT**

2          In addition to its other claims, Oracle contends that Rimini Street induced customers to

3    breach their contracts with Oracle.  Specifically, Oracle contends that the terms of use on its

4    website and its software license agreements are contracts with its customers.  Oracle contends

5    that Rimini Street intentionally caused Oracle customers to breach their contracts with Oracle.

6          To prevail on this claim in the circumstances of this case, Oracle must prove each of the

7    following for each such contract by a preponderance of the evidence:

8          1)      A valid contract existed between Oracle and a customer;

9          2)      Rimini Street knew the contract existed;

10         3)      Rimini Street intentionally engaged in conduct designed to disrupt the contract by

11                 means of one or more of the following:  (a) fraud, that is, a deceit which, whether

12                 perpetrated by words, conduct, or silence, is intentionally designed to cause a

13                 reasonable person to rely upon it, and which does cause reliance; (b) by

14                 committing trespass to chattels, or (c) by violating the computer-related statutes I

15                 will explain in a moment (that is, the CFAA, NCCL, or CDAFA);

16         4)      Rimini Street did so with the intent to disrupt the contract;

17         5)      Such conduct did in fact disrupt the contract; and

18         6)      Such conduct was a substantial factor in causing Oracle harm.

19         If you find that Oracle proved each of these elements, you should find for Oracle and

20   against Rimini Street on the claim for inducing breach of contract.  If, on the other hand, Oracle

21   has failed to prove any of these elements, you should find for Rimini Street and against Oracle

22   on the claim for inducing breach of contract.

23

24   Authority:  Nevada Jury Instructions (Civil) No. 15CT.25 (2011) (modified to reflect parties and

25   circumstances of the case; for clarity and specifically to limit the conduct the jury may consider

26   so as to reduce juror confusion and make additional instructions re wrongfulness, privilege, or

27   justification unnecessary); CACI 2200 (2015) (modified to reflect parties and circumstances of

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    the case; for clarity and specifically to limit the conduct the jury may consider so as to reduce

2    juror confusion and make additional instructions re wrongfulness, privilege, or justification

3    unnecessary); Restatement (Second) Torts, § 768 & cmt. (d) (competitor's fraud cannot be

4    privileged or justified); *Crockett v. Sahara Realty Corp.*, 95 Nev. 197, 199 (1979) (conduct by a

5    competitor that is "wanton, malicious, and unjustifiable" or that is not "fair and reasonable" is

6    not privileged or justified); (modified); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th

7    1134, 1159 (2003) (competitor's conduct that violates law satisfies conduct element); Federal

8    Jury Practice and Instructions § 16:08 (Criminal) (West 2015) (definition of fraud; added

9    elements expressing requiring reliance and causation from fraud).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

49

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    In addition to its other claims, Oracle contends that Rimini Street induced customers to

2    breach their contracts with Oracle.  Specifically, Oracle contends that the terms of use on its

3    website and its software license agreements are contracts with its customers.  Oracle contends

4    that Rimini Street intentionally caused Oracle customers to breach their contracts with Oracle.

5    To prevail on this claim in the circumstances of this case, Oracle must prove each of the

6    following for each such contract by a preponderance of the evidence:

7        1)    A valid contract existed between Oracle and a customer;

8        2)    Rimini Street knew the contract existed;

9        3)    Rimini Street intentionally engaged in conduct designed to disrupt the contract by

10            means of one or more of the following:  (a) fraud, that is, a deceit which, whether

11            perpetrated by words, conduct, or silence, is intentionally designed to cause a

12            reasonable person to rely upon it, and which does cause reliance; (b) by

13            committing trespass to chattels, or (c) by violating the computer-related statutes I

14            will explain in a moment (that is, the CFAA, NCCL, or CDAFA);

15        4)    Rimini Street did so with the intent to disrupt the contract;

16        5)    Such conduct did in fact disrupt the contract; and

17        6)    Such conduct was a substantial factor in causing Oracle harm.

18    If you find that Oracle proved each of these elements, you should find for Oracle and

19    against Rimini Street on the claim for inducing breach of contract.  If, on the other hand, Oracle

20    has failed to prove any of these elements, you should find for Rimini Street and against Oracle

21    on the claim for inducing breach of contract.

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

1    **P-25.  INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC**

2    **ADVANTAGE**

3           In addition to its other claims, Oracle contends that Rimini Street and Seth Ravin

4    intentionally interfered with economic relationships between Oracle and customers that probably

5    would have resulted in an economic benefit to Oracle.

6           To prevail on this claim in the circumstances of this case, Oracle must prove each of the

7    following for each such customer by a preponderance of the evidence:

8          1)      Oracle had an expectancy in a prospective contractual relationship with the

9                  customer;

10         2)      A Defendant knew of the existence of the relationship;

11         3)      The Defendant interfered with the relationship by one or more of the following

12                 means:  (a) fraud, that is, a deceit which, whether perpetrated by words, conduct,

13                 or silence, is intentionally designed to cause a reasonable person to rely upon it,

14                 and which does cause reliance; (b) by committing trespass to chattels, or (c) by

15                 violating the computer-related statutes I will explain in a moment (that is, the

16                 CFAA, NCCL, or CDAFA);

17         4)      The Defendant did so with the intent to interfere with or disrupt the relationship;

18                 and

19         5)      Such conduct was a substantial factor in causing Oracle harm.

20          If you find that Oracle proved each of these elements as to a Defendant, you should find

21   for Oracle and against the Defendant on the claim for intentional interference with prospective

22   economic advantage.  If, on the other hand, Oracle has failed to prove any of these elements as to

23   a Defendant, you should find for the Defendant and against Oracle on the claim for intentional

24   interference with prospective economic advantage.

25

26   <u>Authority:</u>  Nevada Jury Instructions (Civil) No. 15CT.26 (2011) (modified to reflect parties and

27   circumstances of the case; for clarity and specifically to limit the conduct the jury may consider

28   so as to reduce juror confusion and make additional instructions re wrongfulness, privilege, or

51

1  justification unnecessary); Restatement (Second) Torts, § 768 & cmt. (d) (competitor's fraud

2  cannot be privileged or justified); CACI 2202 (2015) (modified); *Crockett v. Sahara Realty*

3  *Corp.*, 95 Nev. 197, 199 (1979) (conduct by a competitor that is "wanton, malicious, and

4  unjustifiable" or that is not "fair and reasonable" is not privileged or justified); *Korea Supply Co.*

5  *v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003) (competitor's conduct that violates law

6  satisfies conduct element); CACI 2202 (2015) (modified to reflect parties and circumstances of

7  the case; for clarity and specifically to limit the conduct the jury may consider so as to reduce

8  juror confusion and make additional instructions re wrongfulness, privilege, or justification

9  unnecessary); *Crockett v. Sahara Realty Corp.*, 95 Nev. 197, 199 (1979) (conduct by a

10 competitor that is "wanton, malicious, and unjustifiable" or that is not "fair and reasonable" is

11 not privileged or justified); (modified); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th

12 1134, 1159 (2003) (competitor's conduct that violates law satisfies conduct element); Federal

13 Jury Practice and Instructions § 16:08 (Criminal) (West 2015) (definition of fraud; added

14 elements expressing requiring reliance and causation from fraud).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    In addition to its other claims, Oracle contends that Rimini Street and Seth Ravin

2    intentionally interfered with economic relationships between Oracle and customers that probably

3    would have resulted in an economic benefit to Oracle.

4    To prevail on this claim in the circumstances of this case, Oracle must prove each of the

5    following for each such customer by a preponderance of the evidence:

6    1)    Oracle had an expectancy in a prospective contractual relationship with the

7          customer;

8    2)    A Defendant knew of the existence of the relationship;

9    3)    The Defendant interfered with the relationship by one or more of the following

10         means:  (a) fraud, that is, a deceit which, whether perpetrated by words, conduct,

11         or silence, is intentionally designed to cause a reasonable person to rely upon it,

12         and which does cause reliance; (b) by committing trespass to chattels, or (c) by

13         violating the computer-related statutes I will explain in a moment (that is, the

14         CFAA, NCCL, or CDAFA);

15   4)    The Defendant did so with the intent to interfere with or disrupt the relationship;

16         and

17   5)    Such conduct was a substantial factor in causing Oracle harm.

18   If you find that Oracle proved each of these elements as to a Defendant, you should find

19   for Oracle and against the Defendant on the claim for intentional interference with prospective

20   economic advantage.  If, on the other hand, Oracle has failed to prove any of these elements as to

21   a Defendant, you should find for the Defendant and against Oracle on the claim for intentional

22   interference with prospective economic advantage.

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

**P-26.  INDUCING BREACH OF CONTRACT AND INTENTIONAL INTERFERENCE—KNOWLEDGE**

For Oracle to prevail on its claims for inducing breach of contract or intentional interference with prospective economic advantage, you must also find that the Defendant knew of the existence of the contract or prospective relationship.  To have knowledge means that the Defendant has information concerning the contract or prospective Defendant, which was discovered by the Defendant or was brought to Defendant's attention by others.

In this regard, knowledge may be found to exist if, from the facts and circumstances of which the Defendant had knowledge, the Defendants should have known of the contract or prospective relationship.


Authority:  ABA Model Jury Instruction 2.4.1 (Business Torts) (2005) (modified introductory phrase for clarity and consistency in form and format with other instructions; otherwise verbatim except replaced "contract" with "business relationship").

54

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    For Oracle to prevail on its claims for inducing breach of contract or intentional

2    interference with prospective economic advantage, you must also find that the Defendant knew

3    of the existence of the contract or prospective relationship.  To have knowledge means that the

4    Defendant has information concerning the contract or prospective Defendant, which was

5    discovered by the Defendant or was brought to Defendant's attention by others.

6    In this regard, knowledge may be found to exist if, from the facts and circumstances of

7    which the Defendant had knowledge, the Defendants should have known of the contract or

8    prospective relationship.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

**P-27.  INDUCING BREACH OF CONTRACT AND INTENTIONAL INTERFERENCE— INTENT**

For Oracle to prevail on its claims for inducing breach of contract or intentional interference with prospective economic advantage, you must find intentional conduct by a Defendant.  For purposes of these two claims, conduct is intentional if done with the desire to disrupt the contract or interfere with the relationship; or if it is done with the belief that disruption or interference is substantially certain to result.

Intent ordinarily may not be proved directly, because there is no way of scrutinizing the operations of the human mind.  You may infer a person's intent from conduct substantially certain to cause disruption or interference, but you are not required to infer it and should consider all of the circumstances.  You may consider any statements made or acts done or omitted by a party whose intent is an issue, and all of the facts and circumstances that indicate the party's state of mind.

Furthermore, in determining the intention, the law assumes that every person intends the natural consequences of one's knowingly done acts.  Thus, if you find that the conduct of one or more of the Defendants was knowingly done, you may draw the inference and find, unless the contrary appears from the evidence, that the Defendant intended all of the natural and probable consequences of that conduct.

Authority:  ABA Model Jury Instructions 2.6.1-6.2 (Business Torts) (2005) (citing Ninth Circuit authority) (last two paragraphs verbatim).

56

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    For Oracle to prevail on its claims for inducing breach of contract or intentional

2    interference with prospective economic advantage, you must find intentional conduct by a

3    Defendant.  For purposes of these two claims, conduct is intentional if done with the desire to

4    disrupt the contract or interfere with the relationship; or if it is done with the belief that

5    disruption or interference is substantially certain to result.

6    Intent ordinarily may not be proved directly, because there is no way of scrutinizing the

7    operations of the human mind.  You may infer a person's intent from conduct substantially

8    certain to cause disruption or interference, but you are not required to infer it and should consider

9    all of the circumstances.  You may consider any statements made or acts done or omitted by a

10   party whose intent is an issue, and all of the facts and circumstances that indicate the party's state

11   of mind.

12   Furthermore, in determining the intention, the law assumes that every person intends the

13   natural consequences of one's knowingly done acts.  Thus, if you find that the conduct of one or

14   more of the Defendants was knowingly done, you may draw the inference and find, unless the

15   contrary appears from the evidence, that the Defendant intended all of the natural and probable

16   consequences of that conduct.

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

**P-28.  INDUCING BREACH OF CONTRACT AND INTENTIONAL INTERFERENCE— CAUSATION**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Authority:  CACI 430 (2015) (verbatim, including optional second paragraph); *Holcomb v. Georgia Pacific, LLC*, 289 P.3d 188, 196 (Nev. 2012) (Nevada uses "substantial factor" causation).

1    A substantial factor in causing harm is a factor that a reasonable person would consider to

2  have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to

3  be the only cause of harm.

4    Conduct is not a substantial factor in causing harm if the same harm would have occurred

5  without that conduct.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

1  **P-29.  INTENTIONAL INTERFERENCE AND INDUCING BREACH OF CONTRACT**

2  **—COMPENSATORY DAMAGES**

3      If you find for Oracle on one or more of these two claims (intentional interference with

4  prospective economic advantage and inducing breach of contract), you must determine

5  compensatory damages.  Compensatory damages consist of the amount of money that will

6  reasonably and fairly compensate Oracle for any damage due to the conduct that created liability

7  on the claim.  Oracle has the burden to prove compensatory damages by a preponderance of the

8  evidence.

9      In determining compensatory damages on these claims, you may consider whether Oracle

10  suffered any measurable loss of profits as a result of a Defendant's conduct.  In this case, Oracle

11  contends that its business was affected because of loss of profits plaintiff might have earned but

12  for the Defendants' conduct.

13      For lost profits to be recovered there must be a reasonable basis for computing them.

14  Profits are determined by deducting all expenses from gross revenue.  Ordinarily, it is sufficient

15  for this purpose to show actual past profits and losses.  Although they cannot be taken as an

16  exact measure of future or anticipated profits, you, the jury, should consider those past profits

17  and losses together with the uncertainties and contingencies by which they probably would have

18  been affected.  Losses and profits that are mere guesses, speculative, remote, or uncertain should

19  not be considered.

20      Damages, if any, should be restricted to such losses, if any, as are proved by facts from

21  which their existence is logically and legally inferable.  The general rule on the subject of

22  damages is that all damages resulting necessarily, immediately, and directly from the wrong are

23  recoverable, and not those that are contingent and uncertain or mere speculation.

24      Although a qualified person may make estimates concerning probable profits or losses of

25  a going business, you should, in weighing all such evidence, take into consideration, among

26  other things, the truth or falsity of the basis of such estimates; the knowledge or lack of

27  knowledge of the witnesses of all of the conditions on which the estimate is based; whether the

28  facts assumed as a basis for an estimate rest upon actual accounts and records kept in the

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    ordinary course of business rather than in uncertain recollections; and knowledge of the witness

2    in the particular line of business about which the witness testifies.  From all of the evidence in

3    this case bearing on the subject, you should determine for yourselves the probability or

4    improbability, and the amount, of profits anticipated by Oracle.

5          The difficulty or uncertainty in ascertaining or measuring the precise amount of any

6    damages does not preclude recovery, and you, the jury, should use your best judgment in

7    determining the amount of such damages, if any, based upon the evidence.

8    That the defendant did not actually anticipate or contemplate that these losses would occur is not

9    a relevant factor for you to consider.

10         If you find that the plaintiff is entitled to a verdict in accordance with these instructions,

11   but you do not find that the evidence before you is sufficient to show that Oracle has sustained

12   any substantial damages, then you may return a verdict for the plaintiff on one or more of these

13   claims (inducing breach of contract and intentional interference with prospective economic

14   advantage) and fix the amount of the compensatory damages in a nominal sum such as one

15   dollar.  Such a verdict would determine the rights of the parties, and the court can then issue

16   orders directing their future conduct.

17

18   Authority: ABA Model Jury Instruction 2.10.2 (Business Torts) (2005) (modified introductory

19   phrase for clarity and consistency in form and format with other instructions; specified parties

20   and omitted unnecessary instructions; otherwise verbatim).

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1      If you find for Oracle on one or more of these two claims (intentional interference with

2   prospective economic advantage and inducing breach of contract), you must determine

3   compensatory damages.  Compensatory damages consist of the amount of money that will

4   reasonably and fairly compensate Oracle for any damage due to the conduct that created liability

5   on the claim.  Oracle has the burden to prove compensatory damages by a preponderance of the

6   evidence.

7      In determining compensatory damages on these claims, you may consider whether Oracle

8   suffered any measurable loss of profits as a result of a Defendant's conduct.  In this case, Oracle

9   contends that its business was affected because of loss of profits plaintiff might have earned but

10   for the Defendants' conduct.

11      For lost profits to be recovered there must be a reasonable basis for computing them.

12   Profits are determined by deducting all expenses from gross revenue.  Ordinarily, it is sufficient

13   for this purpose to show actual past profits and losses.  Although they cannot be taken as an

14   exact measure of future or anticipated profits, you, the jury, should consider those past profits

15   and losses together with the uncertainties and contingencies by which they probably would have

16   been affected.  Losses and profits that are mere guesses, speculative, remote, or uncertain should

17   not be considered.

18      Damages, if any, should be restricted to such losses, if any, as are proved by facts from

19   which their existence is logically and legally inferable.  The general rule on the subject of

20   damages is that all damages resulting necessarily, immediately, and directly from the wrong are

21   recoverable, and not those that are contingent and uncertain or mere speculation.

22      Although a qualified person may make estimates concerning probable profits or losses of

23   a going business, you should, in weighing all such evidence, take into consideration, among

24   other things, the truth or falsity of the basis of such estimates; the knowledge or lack of

25   knowledge of the witnesses of all of the conditions on which the estimate is based; whether the

26   facts assumed as a basis for an estimate rest upon actual accounts and records kept in the

27   ordinary course of business rather than in uncertain recollections; and knowledge of the witness

28   in the particular line of business about which the witness testifies.  From all of the evidence in

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1   this case bearing on the subject, you should determine for yourselves the probability or

2   improbability, and the amount, of profits anticipated by Oracle.

3        The difficulty or uncertainty in ascertaining or measuring the precise amount of any

4   damages does not preclude recovery, and you, the jury, should use your best judgment in

5   determining the amount of such damages, if any, based upon the evidence.

6   That the defendant did not actually anticipate or contemplate that these losses would occur is not

7   a relevant factor for you to consider.

8        If you find that the plaintiff is entitled to a verdict in accordance with these instructions,

9   but you do not find that the evidence before you is sufficient to show that Oracle has sustained

10   any substantial damages, then you may return a verdict for the plaintiff on one or more of these

11   claims (inducing breach of contract and intentional interference with prospective economic

12   advantage) and fix the amount of the compensatory damages in a nominal sum such as one

13   dollar.  Such a verdict would determine the rights of the parties, and the court can then issue

14   orders directing their future conduct.

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1    **P-30.  FEDERAL COMPUTER FRAUD AND ABUSE ACT—INTRODUCTION**

2           In addition to its other claims, Oracle contends that Rimini Street and Seth Ravin violated

3    five sections of the Federal Computer Fraud and Abuse Act ("CFAA").  I will now instruct you

4    on various sections of the CFAA, and the damages you may award if you find any CFAA

5    violation.  If you find that a Defendant violated at least one of the CFAA sections that follow,

6    you should find for Oracle and against that Defendant on the CFAA claim.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    In addition to its other claims, Oracle contends that Rimini Street and Seth Ravin violated

2    five sections of the Federal Computer Fraud and Abuse Act ("CFAA").  I will now instruct you

3    on various sections of the CFAA, and the damages you may award if you find any CFAA

4    violation.  If you find that a Defendant violated at least one of the CFAA sections that follow,

5    you should find for Oracle and against that Defendant on the CFAA claim.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1    **P-31.  FEDERAL COMPUTER FRAUD AND ABUSE ACT—OBTAINING**

2    **INFORMATION FROM A PROTECTED COMPUTER**

3    *First*, Oracle contends that Rimini Street and Seth Ravin unlawfully obtained

4    information from a protected computer in violation of the CFAA, Section 1030(a)(2)(C).  To

5    prevail under this provision, Oracle must prove each of the following elements by a

6    preponderance of the evidence:

7        1)    A Defendant intentionally accessed a computer without authorization, or

8            exceeded authorized access;

9        2)    Through such access, the Defendant obtained information from a protected

10           computer; and,

11       3)    Such access caused loss to Oracle totaling at least $5,000 in value during any one-

12           year period.

13

14   Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 8.97 (Criminal) (modified for

15   clarity and adapted to civil context, including by adding 18 U.S.C. § 1030(g) requirement); *see*

16   *also LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009).

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    *First*, Oracle contends that Rimini Street and Seth Ravin unlawfully obtained

2    information from a protected computer in violation of the CFAA, Section 1030(a)(2)(C).  To

3    prevail under this provision, Oracle must prove each of the following elements by a

4    preponderance of the evidence:

5        1)    A Defendant intentionally accessed a computer without authorization, or

6              exceeded authorized access;

7        2)    Through such access, the Defendant obtained information from a protected

8              computer; and,

9        3)    Such access caused loss to Oracle totaling at least $5,000 in value during any one-

10             year period.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

**P-32.  FEDERAL COMPUTER FRAUD AND ABUSE ACT—INTENTIONAL DAMAGE TO A PROTECTED COMPUTER**

*Second*, Oracle contends that Rimini Street and Seth Ravin committed damage to a protected computer in violation of the CFAA, Section 1030(a)(5)(A).  To prevail under this provision, Oracle must prove each of the following elements by a preponderance of the evidence:

1)  A Defendant knowingly caused the transmission of a program, information, code, or command to a computer;

2)  As a result of such transmission, the Defendant intentionally caused damage to a protected computer without authorization; and

3)  Such transmission caused loss to Oracle during any one-year period aggregating at least $5,000 in value.

Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 8.100 (Criminal) (2010) (modified for clarity and adapted to civil context, including by adding 18 U.S.C. § 1030(g) requirement).

1    *Second*, Oracle contends that Rimini Street and Seth Ravin committed damage to a

2    protected computer in violation of the CFAA, Section 1030(a)(5)(A).  To prevail under this

3    provision, Oracle must prove each of the following elements by a preponderance of the evidence:

4        1)    A Defendant knowingly caused the transmission of a program, information, code,

5              or command to a computer;

6        2)    As a result of such transmission, the Defendant intentionally caused damage to a

7              protected computer without authorization; and

8        3)    Such transmission caused loss to Oracle during any one-year period aggregating

9              at least $5,000 in value.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1    **P-33.  FEDERAL COMPUTER FRAUD AND ABUSE ACT—RECKLESS DAMAGE TO**

2    **A PROTECTED COMPUTER**

3          *Third*, Oracle contends that that Rimini Street and Seth Ravin recklessly damaged a

4    protected computer in violation of the CFAA, Section 1030(a)(5)(B).  To prevail under this

5    provision, Oracle must prove each of the following elements by a preponderance of the evidence:

6          1)      A Defendant intentionally accessed a protected computer without authorization;

7          2)      As a result of such conduct, the Defendant recklessly caused damage; and,

8          3)      Such access caused loss to Oracle during any one-year period

9                  aggregating at least $5,000 in value.

10

11   Authority:  Ninth Circuit Manual of Model Jury Instructions, No. 8.101 (Criminal) (2010)

12   (modified for clarity and adapted to civil context, including by adding 18 U.S.C. § 1030(g)

13   requirement).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

70

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    *Third*, Oracle contends that that Rimini Street and Seth Ravin recklessly damaged a

2    protected computer in violation of the CFAA, Section 1030(a)(5)(B).  To prevail under this

3    provision, Oracle must prove each of the following elements by a preponderance of the evidence:

4         1)    A Defendant intentionally accessed a protected computer without authorization;

5         2)    As a result of such conduct, the Defendant recklessly caused damage; and,

6         3)    Such access caused loss to Oracle during any one-year period

7              aggregating at least $5,000 in value.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

**P-34.  FEDERAL COMPUTER FRAUD AND ABUSE ACT—DAMAGES**

If you find that a Defendant violated any of the CFAA sections described above, you may award Oracle damages under the CFAA from that the Defendant caused.  These damages may include:

      1)      costs of responding to the violation;

      2)      costs of conducting a damage assessment;

      3)      costs of restoring the system and data to its prior condition;

      4)      lost revenues or costs due to interruption of service;

      5)      costs of investigating the violation;  and

      6)      the value of any business that Oracle lost as a result of the violation of the CFAA.

It is Oracle's burden to prove its damages by a preponderance of the evidence.  You should determine damages separately for each Defendant, if any, that you find violated the CFAA.

Authority: 18 U.S.C. § 1030(e)(11) (items 1-5; paraphrased); *Creative Computing v. Getloaded.com LLC*, 386 F.3d 930, 935 & n.19 (9th Cir. 2004) (items 3-4, 6; paraphrased); *see also SuccessFactors, Inc. v. Softscape, Inc.*, 544 F. Supp. 2d 975 at 980-81 (N.D. Cal. 2008)**.**

1    If you find that a Defendant violated any of the CFAA sections described above, you may

2    award Oracle damages under the CFAA from that the Defendant caused.  These damages may

3    include:

4        1)      costs of responding to the violation;

5        2)      costs of conducting a damage assessment;

6        3)      costs of restoring the system and data to its prior condition;

7        4)      lost revenues or costs due to interruption of service;

8        5)      costs of investigating the violation;  and

9        6)      the value of any business that Oracle lost as a result of the violation of the CFAA.

10    It is Oracle's burden to prove its damages by a preponderance of the evidence.  You

11    should determine damages separately for each Defendant, if any, that you find violated the

12    CFAA.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

**P-35.  CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT—CONTINUED**

*First*, Oracle contends that Rimini Street and Seth Ravin violated the CDAFA, Section 502(c)(2).  To prevail under this provision, Oracle must prove each of the following by a preponderance of the evidence:

    1)      A Defendant knowingly accessed and without permission took or made use of any data, computer, computer system, or computer network, or took any supporting documentation; and

    2)      Thereby caused Oracle to suffer damage or loss.

Authority:  Cal. Penal Code § 502(c)(2) (tense changed and broken into elements); Cal. Penal Code § 502(e) ("suffer[] damage or loss"); *see also United States v. Christensen*, --- F.3d ----, 2015 WL 5010591, at *14 (9th Cir. 2015) (regarding "access").

74

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    *First*, Oracle contends that Rimini Street and Seth Ravin violated the CDAFA, Section

2    502(c)(2).  To prevail under this provision, Oracle must prove each of the following by a

3    preponderance of the evidence:

4         1)    A Defendant knowingly accessed and without permission took or made use of any

5               data, computer, computer system, or computer network, or took any supporting

6               documentation; and

7         2)    Thereby caused Oracle to suffer damage or loss.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

1    **P-36.  CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT—CONTINUED**

2        *Second*, Oracle contends that Rimini Street and Seth Ravin violated the CDAFA, Section

3    502(c)(3).  To prevail under this provision, Oracle must prove each of the following by a

4    preponderance of the evidence:

5        1)    A Defendant knowingly accessed and without permission used or caused to be

6              used computer services; and

7        2)    Thereby caused Oracle to suffer damage or loss.

8

9    Authority:  Cal. Penal Code § 502(c)(3) (tense changed and broken into elements); Cal. Penal

10   Code § 502(e) ("suffer[] damage or loss"); see also *United States v. Christensen*, --- F.3d ----,

11   2015 WL 5010591, at *14 (9th Cir. 2015) (regarding "access").

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    *Second*, Oracle contends that Rimini Street and Seth Ravin violated the CDAFA, Section

2    502(c)(3).  To prevail under this provision, Oracle must prove each of the following by a

3    preponderance of the evidence:

4        1)      A Defendant knowingly accessed and without permission used or caused to be

5                used computer services; and

6        2)      Thereby caused Oracle to suffer damage or loss.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

**P-37.  CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT—ASSISTING, OR AIDING AND ABETTING**

In addition to contending that Seth Ravin personally violated the CDAFA, Oracle also contends that Seth Ravin assisted or aided and abetted Rimini Street or its employees in violating the CDAFA.  If you have not found that Seth Ravin personally committed one of the CDAFA violations above, then you must consider whether Seth Ravin is responsible for CDAFA violations committed by Rimini Street or its employees.

To prevail on this theory Oracle must prove each of the following by a preponderance of the evidence:

1)      Seth Ravin knowingly and without permission provided or assisted in providing another person a means of accessing a computer, computer system, or computer network in violating the CDAFA;

2)      Seth Ravin's conduct was of substantial assistance in the other person's CDAFA violation;

3)      Seth Ravin knew the other person intended conduct that would violate the CDAFA; and

4)      Seth Ravin's assistance was a substantial factor in causing harm to Oracle.

If you find that Seth Ravin assisted or aided and abetted another person's CDAFA violation, you should find for Oracle and against Seth Ravin on the CDAFA claim.

Authority:  Cal. Penal Code § 502(c)(6) ("Knowingly and without permission provides or assists in providing a means of accessing a computer, computer system, or computer network in violation of this section" is liable); Cal. Penal Code § 502(e) (civil liability); CACI 3610 (2015) (augmented aiding and abetting liability provision at § 502(c)(6) with civil aiding and abetting elements); *see also* CALCRIM 401 (criminal aiding and abetting substantially similar); *see also* *United States v. Christensen*, --- F.3d ----, 2015 WL 5010591, at *14 (9th Cir. 2015) (regarding "access").

1          In addition to contending that Seth Ravin personally violated the CDAFA, Oracle also

2   contends that Seth Ravin assisted or aided and abetted Rimini Street or its employees in violating

3   the CDAFA.  If you have not found that Seth Ravin personally committed one of the CDAFA

4   violations above, then you must consider whether Seth Ravin is responsible for CDAFA

5   violations committed by Rimini Street or its employees.

6          To prevail on this theory Oracle must prove each of the following by a preponderance of

7   the evidence:

8          1)      Seth Ravin knowingly and without permission provided or assisted in providing

9                  another person a means of accessing a computer, computer system, or computer

10                 network in violating the CDAFA;

11         2)      Seth Ravin's conduct was of substantial assistance in the other person's CDAFA

12                 violation;

13         3)      Seth Ravin knew the other person intended conduct that would violate the

14                 CDAFA; and

15         4)      Seth Ravin's assistance was a substantial factor in causing harm to Oracle.

16         If you find that Seth Ravin assisted or aided and abetted another person's CDAFA

17   violation, you should find for Oracle and against Seth Ravin on the CDAFA claim.

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1   **P-38.  CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT—DAMAGES**

2        If you find that a Defendant violated the CDAFA, you may award damages to Oracle.

3   These damages shall include amounts sufficient to compensate Oracle for the harm it suffered as

4   a result of any violations, including any expenditure reasonably and necessarily incurred to

5   verify that their computers, computer systems, computer networks, and/or data was or was not

6   altered, damaged, or deleted by the access.

7        In addition, if, you find by clear and convincing evidence that a Defendant willfully

8   violated the CDAFA with oppression, fraud, or malice, you may additionally award punitive

9   damages from that Defendant, as set forth in the instructions on punitive damages I will give you

10   later.

11        You should determine actual damages separately for each Defendant, if any, that you find

12   liable for violating the CDAFA.

13

14   Authority:  Cal. Penal Code § 502(e)(1) (compensatory damages that "shall include"  include any

15   expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer

16   system, computer network, computer program, or data was or was not altered, damaged, or

17   deleted by the access"); *id.* § 502(e)(4) ("where it is proved by clear and convincing evidence

18   that a defendant has been guilty of oppression, fraud, or malice as defined in subdivision (c) of

19   Section 3294 of the Civil Code, the court may additionally award punitive or exemplary

20   damages.").

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    If you find that a Defendant violated the CDAFA, you may award damages to Oracle.

2    These damages shall include amounts sufficient to compensate Oracle for the harm it suffered as

3    a result of any violations, including any expenditure reasonably and necessarily incurred to

4    verify that their computers, computer systems, computer networks, and/or data was or was not

5    altered, damaged, or deleted by the access.

6    In addition, if, you find by clear and convincing evidence that a Defendant willfully

7    violated the CDAFA with oppression, fraud, or malice, you may additionally award punitive

8    damages from that Defendant, as set forth in the instructions on punitive damages I will give you

9    later.

10    You should determine actual damages separately for each Defendant, if any, that you find

11    liable for violating the CDAFA.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____

1    **P-39.  NEVADA COMPUTER CRIMES LAW**

2           In addition to its other claims, Oracle contends that Rimini Street and Seth Ravin violated

3    two provisions of the Nevada computer crimes law ("NCCL"), Nevada Revised Statute

4    § 205.4765.  I will now instruct you on the law regarding the applicable provisions of the NCCL

5    and the damages you may award if you find a violation of the NCCL.  If you find that a

6    Defendant violated at least one of the NCCL's provisions that follow, you should find for Oracle

7    and against that Defendant on the NCCL claim.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1     In addition to its other claims, Oracle contends that Rimini Street and Seth Ravin violated

2     two provisions of the Nevada computer crimes law ("NCCL"), Nevada Revised Statute

3     § 205.4765.  I will now instruct you on the law regarding the applicable provisions of the NCCL

4     and the damages you may award if you find a violation of the NCCL.  If you find that a

5     Defendant violated at least one of the NCCL's provisions that follow, you should find for Oracle

6     and against that Defendant on the NCCL claim.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28     JURY INSTRUCTION NO. _____

**P-40.  NEVADA COMPUTER CRIMES LAW—CONTINUED**

*First*, Oracle contends that Rimini Street and Seth Ravin violated the NCCL, Section 1. To prevail under this provision, Oracle must prove each of the following by a preponderance of the evidence:

      1)     A Defendant modified, damaged, disclosed, used, transferred, concealed, retained possession of, obtained or attempted to obtain access to, permitted access to or caused to be accessed, or entered any of the following: data, a program or any supporting documents which exist inside or outside a computer, system or network;

      2)     The Defendant did so knowingly, willfully, and without authorization; and

      3)     Oracle was the victim of the Defendant's conduct.

Authority:  N.R.S. § 205.4765(1) (broke into elements; changed verb tense; omitted conduct not at issue in this claim); N.R.S. § 205.511 ("victim" may bring civil action).

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    *First*, Oracle contends that Rimini Street and Seth Ravin violated the NCCL, Section 1.

2    To prevail under this provision, Oracle must prove each of the following by a preponderance of

3    the evidence:

4        1)    A Defendant modified, damaged, disclosed, used, transferred, concealed, retained

5              possession of, obtained or attempted to obtain access to, permitted access to or

6              caused to be accessed, or entered any of the following: data, a program or any

7              supporting documents which exist inside or outside a computer, system or

8              network;

9        2)    The Defendant did so knowingly, willfully, and without authorization; and

10       3)    Oracle was the victim of the Defendant's conduct.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1    **P-41.  NEVADA COMPUTER CRIMES LAW—CONTINUED**

2            *Second*, Oracle contends that Rimini Street and Seth Ravin violated the NCCL, Section 3.

3    To prevail under this provision, Oracle must prove each of the following by a preponderance of

4    the evidence:

5            1)      A Defendant damaged, altered, transferred, disclosed, concealed, used,

6                    retained possession of, or obtained or attempted to obtain access to,

7                    permitted access to or caused to be accessed any of the following: a

8                    computer, system or network;

9            2)      The Defendant did so knowingly, willfully, and without authorization; and

10           3)      Oracle was the victim of the Defendant's conduct.

11

12   Authority:  N.R.S. § 205.4765(3) (broke into elements; changed verb tense; omitted conduct not

13   at issue in this claim); N.R.S. § 205.511 ("victim" may bring civil action).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    *Second*, Oracle contends that Rimini Street and Seth Ravin violated the NCCL, Section 3.

2    To prevail under this provision, Oracle must prove each of the following by a preponderance of

3    the evidence:

4              1)    A Defendant damaged, altered, transferred, disclosed, concealed, used,

5                    retained possession of, or obtained or attempted to obtain access to,

6                    permitted access to or caused to be accessed any of the following: a

7                    computer, system or network;

8              2)    The Defendant did so knowingly, willfully, and without authorization; and

9              3)    Oracle was the victim of the Defendant's conduct.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

1   **P-42. NEVADA COMPUTER CRIMES LAW—DEFINITIONS**

2         For the purposes of assessing Oracle's NCCL claim, the following terms have the

3   following meanings:

4       1)   "Access" means to intercept, instruct, communicate with, store data in, retrieve

5           from or otherwise make use of any resources of a computer, network or data.

6       2)   "Data" means a representation in any form of information, knowledge, facts,

7           concepts or instructions which is being prepared or has been formally prepared

8           and is intended to be processed, is being processed or has been processed in a

9           system or network.

10       3)   "Network" means a set of related, remotely connected devices and facilities,

11           including more than one system, with the capability to transmit data among any of

12           the devices and facilities. The term includes, without limitation, a local, regional

13           or global computer network.

14       4)   "Program" means an ordered set of data representing coded instructions or

15           statements which can be executed by a computer and cause the computer to

16           perform one or more tasks.

17       5)   "Response costs" means any reasonable costs caused by an NCCL violation,

18           including any reasonable costs to:

19           •   Investigate the facts surrounding the violation;

20           •   Ascertain or calculate any past or future loss, injury or other damage;

21           •   Remedy, mitigate or prevent any past or future loss, injury or other

22           damage; or

23           •   Test, examine, restore or verify the integrity of or the normal operation or

24           use of any Internet or network site, electronic mail address, computer,

25           system, network, component, device, equipment, data, information, image,

26           program, signal or sound.

27       6)   "System" means a set of related equipment, whether or not connected, which is

28           used with or for a computer.

88

1

2  Authority:  N.R.S. §§ 205.4732, 205.474, 205.4745, 205.475, 205.4759, 205.476 (all verbatim,

3  except N.R.S. § 205.4759; N.R.S. § 205.4759 simplified, adapted to civil context, and

4  subsections reformatted as bullet).

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1   For the purposes of assessing Oracle's NCCL claim, the following terms have the

2   following meanings:

3       1)   "Access" means to intercept, instruct, communicate with, store data in, retrieve

4            from or otherwise make use of any resources of a computer, network or data.

5       2)   "Data" means a representation in any form of information, knowledge, facts,

6            concepts or instructions which is being prepared or has been formally prepared

7            and is intended to be processed, is being processed or has been processed in a

8            system or network.

9       3)   "Network" means a set of related, remotely connected devices and facilities,

10           including more than one system, with the capability to transmit data among any of

11           the devices and facilities. The term includes, without limitation, a local, regional

12           or global computer network.

13      4)   "Program" means an ordered set of data representing coded instructions or

14           statements which can be executed by a computer and cause the computer to

15           perform one or more tasks.

16      5)   "Response costs" means any reasonable costs caused by an NCCL violation,

17           including any reasonable costs to:

18           •   Investigate the facts surrounding the violation;

19           •   Ascertain or calculate any past or future loss, injury or other damage;

20           •   Remedy, mitigate or prevent any past or future loss, injury or other

21               damage; or

22           •   Test, examine, restore or verify the integrity of or the normal operation or

23               use of any Internet or network site, electronic mail address, computer,

24               system, network, component, device, equipment, data, information, image,

25               program, signal or sound.

26      6)   "System" means a set of related equipment, whether or not connected, which is

27           used with or for a computer.

28  JURY INSTRUCTION NO. _____

**P-43.  NEVADA COMPUTER CRIMES LAW—DAMAGES**

If you find that a Defendant violated any of the above NCCL provisions, you may award compensatory damages to Oracle.  These damages may compensate Oracle for any response costs, loss, or injury that Oracle suffered as a result of the violation.

In addition, if, you find by clear and convincing evidence that a Defendant willfully violated the NCCL with oppression, fraud, or malice, you may additionally award punitive damages from that Defendant, as set forth in the instructions on punitive damages I will give you later.

You should determine damages separately for each Defendant, if any, that you find liable for violating the NCCL.

Authority:  N.R.S. § 205.511(1)(a) (civil plaintiff entitled to "Damages for any response costs, loss or injury suffered as a result of the crime"); *id.* at 205.511(1)(b (civil plaintiff may recover punitive damages).

1    If you find that a Defendant violated any of the above NCCL provisions, you may award

2    compensatory damages to Oracle.  These damages may compensate Oracle for any response

3    costs, loss, or injury that Oracle suffered as a result of the violation.

4    In addition, if, you find by clear and convincing evidence that a Defendant willfully

5    violated the NCCL with oppression, fraud, or malice, you may additionally award punitive

6    damages from that Defendant, as set forth in the instructions on punitive damages I will give you

7    later.

8    You should determine damages separately for each Defendant, if any, that you find liable

9    for violating the NCCL.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

**P-44.  TRESPASS TO CHATTELS—CAUSATION**

For purposes of the assessing Oracle's trespass to chattels claim, an interference causes harm if it is a substantial factor in causing harm.

A substantial factor is one that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Authority: CACI 430 (2015) (second paragraph and third paragraphs only; verbatim); *Holcomb v. Georgia Pacific, LLC*, 289 P.3d 188, 196 (Nev. 2012) (Nevada uses "substantial factor" causation).

1        For purposes of the assessing Oracle's trespass to chattels claim, an interference causes

2  harm if it is a substantial factor in causing harm.

3        A substantial factor is one that a reasonable person would consider to have contributed to

4  the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of

5  harm.

6        Conduct is not a substantial factor in causing harm if the same harm would have occurred

7  without that conduct.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  JURY INSTRUCTION NO. _____

**P-45.  BREACH OF CONTRACT**

In addition to its other claims, Oracle contends that Rimini Street breached contracts with Oracle.  Specifically, Oracle contends that in order to gain access to Oracle's customer support websites, each user must agree to abide by terms of use for those websites, creating a contract between Oracle and the user.  Oracle contends that Rimini Street agreed to these terms of use, but then violated that contract by engaging in conduct that the contract prohibited.  Oracle contends that Defendants' breach of contract caused harm for which Defendants should pay.

To prevail on its claim for breach of contract, Oracle must prove by a preponderance of the evidence all of the following:

1) Oracle and Rimini Street entered into a contract;

2) Oracle did all, or substantially all, of the significant things that the contract required it to do;

3) All conditions required by the contract for Oracle's performance had occurred;

4) Rimini Street failed to do something that the contract required, or did something that the contract prohibited; and

5) Oracle was harmed by that failure.

Authority:  CACI 303 (2015) (elements only; modified to conform to style and format of other instructions).

95

1    In addition to its other claims, Oracle contends that Rimini Street breached contracts with

2    Oracle.  Specifically, Oracle contends that in order to gain access to Oracle's customer support

3    websites, each user must agree to abide by terms of use for those websites, creating a contract

4    between Oracle and the user.  Oracle contends that Rimini Street agreed to these terms of use,

5    but then violated that contract by engaging in conduct that the contract prohibited.  Oracle

6    contends that Defendants' breach of contract caused harm for which Defendants should pay.

7    To prevail on its claim for breach of contract, Oracle must prove by a preponderance of

8    the evidence all of the following:

9    1)    Oracle and Rimini Street entered into a contract;

10   2)    Oracle did all, or substantially all, of the significant things that the contract

11          required it to do;

12   3)    All conditions required by the contract for Oracle's performance had occurred;

13   4)    Rimini Street failed to do something that the contract required, or did something

14          that the contract prohibited; and

15   5)    Oracle was harmed by that failure.

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

**P-46.  DAMAGES—PUNITIVE DAMAGES—LIABILITY**

   If you find that Oracle is entitled to compensatory damages for actual harm or loss on any of the following claims, then you may, but are not required to, award punitive damages to Oracle:

   1)     California Computer Data Access and Fraud Act (CDAFA);

   2)     Nevada Computer Crime Law (NCCL);

   3)     Trespass to chattels; or

   4)     Intentional interference with prospective economic advantage.

   You may not award punitive damages with respect to any other claim by any of the plaintiffs.

   If you find that Oracle entitled to compensatory damages for actual harm or loss caused under one or more of those claims, then you may consider whether you should award punitive damages against that Defendant.  The question whether to award punitive damages against a particular Defendant must be considered separately with respect to each Defendant.

   You may award punitive damages against a Defendant only if Oracle proves by clear and convincing evidence that the wrongful conduct upon which you base your finding of liability for compensatory damages was engaged in with fraud, oppression or malice on the part of that Defendant.  You cannot punish the Defendant for conduct that is lawful, or which did not cause actual harm or loss to Oracle.  For the purposes of your consideration of punitive damages only:

   "Fraud" means an intentional misrepresentation, deception or concealment of a material fact known to a defendant with the intent to deprive Oracle of rights or property or to otherwise injure Oracle.

   "Oppression" means despicable conduct that subjects Oracle to cruel and unjust hardship with a conscious disregard of the rights of the Oracle.

   "Malice" means conduct which is intended to injure the Oracle or despicable conduct which is engaged in with a conscious disregard of the rights or safety of Oracle.

   "Despicable conduct" means conduct that is so vile, base or contemptible that it would be looked down upon and despised by ordinary, decent people.

97

1    "Conscious disregard" means knowledge of the probable harmful consequences of a

2    wrongful act and a willful and deliberate failure to avoid these consequences.

3        The purposes of punitive damages are to punish a wrongdoer that acts with fraud,

4    oppression and/or malice in harming a plaintiff and deter similar conduct in the future, not to

5    make the plaintiff whole for its injuries.  Consequently, a plaintiff is never entitled to punitive

6    damages as a matter of right and whether to award punitive damages against a Defendant is

7    entirely within your discretion.

8        You are only asked to decide whether punitive damages would be proper and justified in

9    this case.  You are not asked to determine an amount of punitive damages.

10

11   Authority:  Nevada Jury Instructions (Civil) No. 12PD.1 (2011) (citing Nevada and California

12   authorities) (added introductory paragraph and limitation to specific claim; omitted unnecessary

13   optional language; conformed to party names; simplified final paragraph); N.R.S. § 205.511(1)

14   (punitive damages available for NCCL); Cal. Penal Code § 502(e)(4) (punitive damages

15   available for CDAFA); Cal. Civ. Code § 3294 (California punitive damages); N.R.S. § 42.005

16   (Nevada punitive damages); *see also see also* ABA Model Jury Instruction No. 20.10.3

17   (Business Torts) (2005).

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1        If you find that Oracle is entitled to compensatory damages for actual harm or loss on any

2  of the following claims, then you may, but are not required to, award punitive damages to

3  Oracle:

4        1)     California Computer Data Access and Fraud Act (CDAFA);

5        2)     Nevada Computer Crime Law (NCCL);

6        3)     Trespass to chattels; or

7        4)     Intentional interference with prospective economic advantage.

8        You may not award punitive damages with respect to any other claim by any of the

9  plaintiffs.

10        If you find that Oracle entitled to compensatory damages for actual harm or loss caused

11  under one or more of those claims, then you may consider whether you should award punitive

12  damages against that Defendant.  The question whether to award punitive damages against a

13  particular Defendant must be considered separately with respect to each Defendant.

14        You may award punitive damages against a Defendant only if Oracle proves by clear and

15  convincing evidence that the wrongful conduct upon which you base your finding of liability for

16  compensatory damages was engaged in with fraud, oppression or malice on the part of that

17  Defendant.  You cannot punish the Defendant for conduct that is lawful, or which did not cause

18  actual harm or loss to Oracle.  For the purposes of your consideration of punitive damages only:

19        "Fraud" means an intentional misrepresentation, deception or concealment of a material

20  fact known to a defendant with the intent to deprive Oracle of rights or property or to otherwise

21  injure Oracle.

22        "Oppression" means despicable conduct that subjects Oracle to cruel and unjust hardship

23  with a conscious disregard of the rights of the Oracle.

24        "Malice" means conduct which is intended to injure the Oracle or despicable conduct

25  which is engaged in with a conscious disregard of the rights or safety of Oracle.

26        "Despicable conduct" means conduct that is so vile, base or contemptible that it would be

27  looked down upon and despised by ordinary, decent people.

28        "Conscious disregard" means knowledge of the probable harmful consequences of a

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1   wrongful act and a willful and deliberate failure to avoid these consequences.

2        The purposes of punitive damages are to punish a wrongdoer that acts with fraud,

3   oppression and/or malice in harming a plaintiff and deter similar conduct in the future, not to

4   make the plaintiff whole for its injuries.  Consequently, a plaintiff is never entitled to punitive

5   damages as a matter of right and whether to award punitive damages against a Defendant is

6   entirely within your discretion.

7        You are only asked to decide whether punitive damages would be proper and justified in

8   this case.  You are not asked to determine an amount of punitive damages.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JURY INSTRUCTION NO. _____

**P-47.  DAMAGES—PUNITIVE DAMAGES—AMOUNT [FOR SECOND PHASE]**

There are no fixed standards for determining the amount of a punitive damage award; the amount, if any, is left to your sound discretion, to be exercised without passion or prejudice and in accordance with the following governing principles.

The amount of a punitive damage award is not to compensate the Oracle for harm suffered but what is reasonably necessary (in light of the Defendant's financial condition) and fairly deserved (in light of the blameworthiness and harmfulness inherent in the Defendant's conduct) to punish and deter the Defendant and others from engaging in conduct such as that warranting punitive damages in this case.  Your award cannot be more than otherwise warranted by the evidence in this case merely because of the wealth of the Defendant.  Your award cannot either punish the defendant for conduct injuring others who are not parties to this litigation or financially annihilate or destroy the Defendant in light of the Defendant's financial condition.

In determining the amount(s) of your punitive damage award(s), you should consider the following guideposts separately for each defendant:

1)    The degree of reprehensibility of the Defendant's conduct, in light of (a) the culpability and blameworthiness of the Defendant's fraudulent, oppressive and/or malicious misconduct under the circumstances of this case; (b) whether the conduct injuring Oracle that warrants punitive damages in this case was part of a pattern of similar conduct by the defendant; and (c) any mitigating conduct by the Defendant, including any efforts to settle the dispute.

2)    The ratio of your punitive damage award to the actual harm inflicted on Oracle by the conduct warranting punitive damages in this case, since the measure of punishment must be both reasonable and proportionate to the amount of harm to Oracle and to the compensatory damages recovered by Oracle in this case.

3)    How your punitive damages award compares to other civil or criminal penalties that could be imposed for comparable misconduct, since punitive damages are to provide a means by which the community can express its outrage or distaste for

101

1

2        the misconduct of a fraudulent, oppressive or malicious defendant and deter and

warn others that such conduct will not be tolerated.

3

4    Authority:  Nevada Jury Instructions (Civil) Nos. 12PD.2 (2011) (citing Nevada and California

authorities) (modified only to conform party names; omitted unnecessary optional language);

5

6    Cal. Civ. Code § 3294 (California punitive damages); N.R.S. § 42.01 (Nevada punitive

damages); *see also* ABA Model Jury Instruction No. 20.10.3 (Business Torts) (2005).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    There are no fixed standards for determining the amount of a punitive damage award; the

2    amount, if any, is left to your sound discretion, to be exercised without passion or prejudice and

3    in accordance with the following governing principles.

4    The amount of a punitive damage award is not to compensate the Oracle for harm

5    suffered but what is reasonably necessary (in light of the Defendant's financial condition) and

6    fairly deserved (in light of the blameworthiness and harmfulness inherent in the Defendant's

7    conduct) to punish and deter the Defendant and others from engaging in conduct such as that

8    warranting punitive damages in this case.  Your award cannot be more than otherwise warranted

9    by the evidence in this case merely because of the wealth of the Defendant.  Your award cannot

10    either punish the defendant for conduct injuring others who are not parties to this litigation or

11    financially annihilate or destroy the Defendant in light of the Defendant's financial condition.

12    In determining the amount(s) of your punitive damage award(s), you should consider the

13    following guideposts separately for each defendant:

14    1)    The degree of reprehensibility of the Defendant's conduct, in light of (a) the

15    culpability and blameworthiness of the Defendant's fraudulent, oppressive and/or

16    malicious misconduct under the circumstances of this case; (b) whether the

17    conduct injuring Oracle that warrants punitive damages in this case was part of a

18    pattern of similar conduct by the defendant; and (c) any mitigating conduct by the

19    Defendant, including any efforts to settle the dispute.

20    2)    The ratio of your punitive damage award to the actual harm inflicted on Oracle by

21    the conduct warranting punitive damages in this case, since the measure of

22    punishment must be both reasonable and proportionate to the amount of harm to

23    Oracle and to the compensatory damages recovered by Oracle in this case.

24

25

26

27

28

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

3)      How your punitive damages award compares to other civil or criminal penalties that could be imposed for comparable misconduct, since punitive damages are to provide a means by which the community can express its outrage or distaste for the misconduct of a fraudulent, oppressive or malicious defendant and deter and warn others that such conduct will not be tolerated.

JURY INSTRUCTION NO. _____

**P-48.  VERDICT FORM—DUPLICATIVE DAMAGES**

Oracle seeks an award of damages under multiple claims or legal theories.

After each claim or legal theory on your verdict form, there is a space for the amount of damages, if any, that you intend to award Oracle under that claim or legal theory.  The amount you enter into these spaces should include all the damages that you conclude Oracle may recover on that claim or legal theory, regardless whether the same damages are duplicated under another claim or legal theory.

However, Oracle can only recover once for each harm or item of damage.  Therefore, at the end of the form there are spaces for the "total non-duplicative damages" against each Defendant.

You are instructed to write the total amount of damages you intend to award to Oracle for all the harm caused by all the violations for which you found that Defendant liable, without counting damages for the same harm twice as to that Defendant.  When determining this total amount you must exclude copyright statutory damages.

For example, if you find for Oracle on more than one claim, and conclude that Oracle suffered the same harm and is entitled to the same damages on more than one claim, only include those damages once in the "total non-duplicative damages."  Likewise, if you conclude that Oracle suffered different and distinct harm on different claims, resulting in different damages on those claims, you should add the different damages figures resulting from those claims together for the "total non-duplicative damages" number.

ORACLE'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1    Oracle seeks an award of damages under multiple claims or legal theories.

2    After each claim or legal theory on your verdict form, there is a space for the amount of

3    damages, if any, that you intend to award Oracle under that claim or legal theory.  The amount

4    you enter into these spaces should include all the damages that you conclude Oracle may recover

5    on that claim or legal theory, regardless whether the same damages are duplicated under another

6    claim or legal theory.

7    However, Oracle can only recover once for each harm or item of damage.  Therefore, at

8    the end of the form there are spaces for the "total non-duplicative damages" against each

9    Defendant.

10    You are instructed to write the total amount of damages you intend to award to Oracle for

11    all the harm caused by all the violations for which you found that Defendant liable, without

12    counting damages for the same harm twice as to that Defendant.  When determining this total

13    amount you must exclude copyright statutory damages.

14    For example, if you find for Oracle on more than one claim, and conclude that Oracle

15    suffered the same harm and is entitled to the same damages on more than one claim, only include

16    those damages once in the "total non-duplicative damages."  Likewise, if you conclude that

17    Oracle suffered different and distinct harm on different claims, resulting in different damages on

18    those claims, you should add the different damages figures resulting from those claims together

19    for the "total non-duplicative damages" number.

20

21

22

23

24

25

26

27

28    JURY INSTRUCTION NO. _____