SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
wallen@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone:  (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 780
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC. , a Nevada corporation and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S OPPOSITION TO ORACLE'S MOTION TO COMPEL KEVIN MADDOCK TO APPEAR AT TRIAL**<br><br>Judge:    Hon. Larry R. Hicks |

I.      INTRODUCTION

On the eve of trial, Oracle USA, Inc., Oracle International Corp., and Oracle America (together, "Oracle") seek to compel the appearance and testimony of Kevin Maddock, a Rimini Street, Inc. ("Rimini") employee whom Oracle has not served with a subpoena and whom cannot be compelled to appear at trial in Nevada under the Federal Rules of Civil Procedure. Indeed, Oracle does not dispute that Mr. Maddock resides and works in the San Francisco Bay Area, which is over 100 miles from Las Vegas, and therefore he is outside the geographic reach of this Court's subpoena power. Fed. R. Civ. P. 45(c)(1)(A). And Oracle concedes (as it must) that just because Rimini Street is headquartered in Nevada does not mean that its corporate officers can be compelled to testify there. Dkt. No. 725 at 3:2–9; Fed. R. Civ. P. 45 advisory committee's note (2013); *Roundtree v. Chase Bank USA, N.A.*, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014) ("[T]he corporate deponent resides and is employed in Arizona. Regardless of his status as nonparty witness, party, or party officer, he is more than 100 miles from Seattle and in another state. Therefore, the Federal Rules of Civil Procedure do not authorize this Court to compel his attendance.").

Oracle nonetheless argues that because Mr. Maddock purportedly travels to Las Vegas two or three times per year, he is "employed" and "regularly transacts business" there pursuant to Federal Rule of Civil Procedure 45(c)(1)(B). But Oracle conveniently ignores the body of case law that consistently interprets Rule 45 as requiring more than "two or three" visits per year before a witness can be compelled to attend trial in a place he neither resides nor works. *See, e.g.*, *M'Baye v. New Jersey Sports Prod., Inc.*, 246 F.R.D. 205, 207-08 (S.D.N.Y. 2007) ("fourteen to eighteen days in two years is insufficient to render a person amenable to a subpoena"); *Bostian v. Suhor Indus., Inc.*, 2007 WL 3005177, at *1 (N.D. Okla. Oct. 12, 2007) ("twice yearly visits to Oklahoma to conduct business … [do] not qualify as regularly transacting business"). The one case Oracle cites is wholly inapposite (as explained below), and in any event, Oracle fails to cite *a single* case in which a district court compelled attendance at trial absent an evidentiary basis to do so. The only evidence Oracle offers are snippets from Rimini's website, and on that slim reed Oracle seeks to have this Court do what the Federal Rules do not authorize. Accordingly, Oracle's motion should be denied.

The motion also should independently be denied because Oracle has not served Mr. Maddock with a subpoena. Absent the valid service of a subpoena, there is no basis to invoke the provisions of Rule 45.

Oracle's motion is not only meritless on several grounds, it is also completely unnecessary. Indeed, Oracle completely fails to acknowledge in its motion that Rimini offered Michael Davichick, Rimini's Vice President of Sales who has worked for the company since 2006 (longer than Mr. Maddock who joined the company in 2008) to testify on the topics for which Oracle seeks Mr. Maddock's testimony. Oracle offers no reason why Mr. Davichick's testimony is inadequate. In addition, Rimini has offered to allow Oracle to use Mr. Maddock's deposition testimony, which is standard practice where, as here, the deposed witness is outside the Court's subpoena power. Fed. R. Civ. P. 32(a)(4); *Allstate Ins. Co. v. Nassiri*, 2013 WL 2394116, at *7–8 (D. Nev. May 30, 2013) ("The court finds that there is sufficient evidence to establish that [the witness] resides more than 100 miles from Clark County and therefore it is proper to read her deposition transcript into evidence at trial under Fed. R. Civ. P. 32(a)(4)(B)"). In other words, the Federal Rules of Civil Procedure expressly authorize Rimini's proposed alternatives and forbid Oracle's request to compel.

Oracle's motion appears to be nothing more than a needless attempt to harass Rimini and its executives on the eve of trial, and it should be denied.

## II.   BACKGROUND

Kevin Maddock is Rimini's Senior Vice President of Global Sales. Maddock Decl. ¶ 1. He lives and resides in San Francisco, California, and works at Rimini's Silicon Valley Operations Center in Pleasanton, California, along with approximately 150 other Rimini employees. *Id.* ¶ 2. San Francisco is approximately 500 miles from Las Vegas, Nevada. *See United States v. Fritts*, 2005 WL 3299834, at *2 (N.D. Cal. Dec. 6, 2005) (taking judicial notice of distance between Selma, Oregon and San Francisco, California); Fed. R. Evid. 201(b). The address for Rimini's California office is featured on the Rimini website's "Contact Us" page along with the addresses of its Nevada, New York, and international locations. *Id.* Ex. B. Oracle's assertion that "the only address listed" on Rimini's website is its Global Headquarters in Las Vegas (Dkt. No. 725 at 1) is simply incorrect.

Mr. Maddock travels to Las Vegas approximately two or three times per year and has thus far traveled to Las Vegas only once in 2015. Maddock Decl. ¶ 4.

Over three years ago, Mr. Maddock was deposed on two consecutive days in both his personal capacity (January 5, 2012) and as a 30(b)(6) witness on behalf of Rimini Street (January 6, 2012). Dkt. Nos. 727-4, 727-5. In support of its motion, Oracle attached a mere five pages of those two deposition transcripts to demonstrate the purportedly relevant testimony that Oracle intends to call Mr. Maddock to discuss at trial (*id.*), apparently all relating to the vague topic of "Rimini Street's representations to customers and prospective customers about Oracle's intellectual property." Dkt. No. 725 at 1.

Oracle has offered no explanation for why (i) these five pages of Mr. Maddock's deposition testimony should not be used in lieu of his live testimony, or (ii) why Michael Davichick, Rimini Street's Vice President of Sales, cannot testify on the topics for which Oracle intends to call Mr. Maddock, especially since Mr. Davichick actually worked at Rimini Street during the primary time period at issue in this lawsuit (pre-2008), and Mr. Maddock did not. Maddock Decl. ¶ 6.

Oracle has not served Mr. Maddock with a subpoena to testify at trial.

### III.   ARGUMENT

Federal Rule of Civil Procedure provides that a subpoena "may command a person to attend trial" "*only*" "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A) (emphasis added).[1] "If [a] subpoena falls outside the scope of [Rule] 45 … the Federal Rules of Civil Procedure do not authorize [the] Court to compel [a witness's] attendance." *Roundtree*, 2014 WL 2480259, at *2 (denying motion to compel corporate deponent at trial). And as the moving party, Oracle bears the burden of demonstrating that the subpoena is appropriate. *See Green v. Baca*, 226 F.R.D. 624, 654 (C.D. Cal. 2005).

**A.   Oracle Has Not Affected Service of a Subpoena, a Prerequisite to Its Motion to Compel.**

A plaintiff must serve third-parties and defendants with a subpoena to attend trial. A plaintiff cannot shirk that duty and rely instead on the Court to compel a witness's attendance. "Persons need

---

[1] Oracle does not contend that the other provisions of Rule 45 are at issue here.

not attend the proceedings just because they have been named as parties. . . . The way to test whether a witness is beyond a federal court's power to hale him into court is to issue a subpoena. . . . Relying on 'inherent powers' to compel the attendance of a witness who is outside the court's subpoena power would make the restrictions in Rule 45(e) [now Rule 45(b)(2)] meaningless." *McGill v. Duckworth*, 944 F.2d 344, 353–54 (7th Cir. 1991), *overruled on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994)[2]; *see also Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981) ("Witnesses may not be compelled to attend trial unless they can be served with subpoenas within the trial district, or at any place outside of the district that is within 100 miles of the place of trial"); *Riff v. Police Chief Elmer Clawges*, 158 F.R.D. 357, 358 (E.D. Pa. 1994) ("Although federal judges have some inherent powers, they do not extend to compelling the attendance of witnesses; such a power would render Rule 45 meaningless."). Accordingly, in *McGill*, the Seventh Circuit held that "[t]he district judge was correct in refusing to order [defendants'] appearance in the absence of a subpoena." 944 F.2d at 354.

Here, Oracle has not served a subpoena on Mr. Maddock. Accordingly, Oracle's motion should be denied without further consideration. *See* 9A Wright, Miller, Kane, & Marcus, *Federal Practice and Procedure* § 2454 (3d ed. 2014) ("The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required" to effectuate the Rule's "delivery" requirement).

**B.     Federal Rule of Civil Procedure 45 Bars the Relief Oracle Seeks.**

Oracle's motion also should be denied because, even if Oracle had properly served Mr. Maddock, he is outside the geographical reach of this Court to compel his attendance at trial. Indeed, "although a subpoena may be served anywhere in the world on a 'national or resident of the United States,' it may only compel compliance within the state or within 100 miles of where 'the person resides, is employed, or regularly transacts business in person.'" *NML Capital Ltd. v. Republic of Argentina*, 2014 WL 3898021, at *10 (D. Nev. Aug. 11, 2014) (citing Fed. R. Civ. P. 45(c)(1)(A)).

---

[2] *McGill* remains good law on the issue for which it is cited here. *See Aiello v. McCaughtry*, 92 F.3d 1187, at *2 (7th Cir. 1996).

- 4 -

Here, it is undisputed that Mr. Maddock lives and works in the San Francisco Bay Area (Maddock Decl. ¶ 2), which is approximately 500 miles from Las Vegas, the trial location. Therefore, this Court cannot compel his attendance at trial unless he is employed or regularly transacts business in person in Las Vegas. Fed. R. Civ. P. 45(c)(1)(A); *id.* advisory committee's note (2013) ("Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state").

It does not matter that Mr. Maddock is a Rimini employee, Rimini executive, or former Rimini 30(b)(6) witness. Indeed, as Oracle acknowledges in its motion (Dkt. No. 725 at 3:2–9), Rule 45 was amended in 2013 to make clear that "[r]egardless of [the witness's] status as a nonparty witness, party, or party officer, [if] he is more than 100 miles from [trial] and in another state …, the Federal Rules of Civil Procedure do not allow [the] Court to compel his attendance." *Roundtree*, 2014 WL 2480259, at *2; Fed. R. Civ. P. 45 advisory committee's note (2013) ("Because Rule 45(c) directs that compliance may be commanded only as it provides, these amendments resolve a split in interpreting Rule 45's provisions for subpoenaing parties and party officers"). Similarly, Rule 30(b)(6) is a "discovery rule applicable when a party wishes to depose an organization," but "the rule contains no language compelling the corporate deponent's testimony at trial." *Roundtree*, 2014 WL 2480259, at *1 (denying motion to compel corporate witness to testify at trial because the subpoena fell outside the scope of Rule 45(c)). Thus, Oracle's argument that Mr. Maddock's position as a Rimini executive somehow justifies compelling him to appear at trial in Las Vegas is not only completely unfounded, but also counter to the express language in Rule 45 and its advisory committee note. *See also Havens v. Maritime Commc'ns/Land Mobile, LLC*, 2014 WL 2094035, at *2 (D.N.J. May 20, 2014) (rejecting argument that because corporation conducts business in New Jersey, its executives "can be subpoenaed to appear for trial in New Jersey" as "[t]he recent amendments to Rule 45 sharply undermine this argument" and recognize that "officers are distinct entities from parties for purposes of the rule"); *Dietz v. Spangenberg*, 2014 WL 537753, at *3–*4 (D. Minn. Feb. 11, 2014) (concluding that pursuant to Rule 45 chairman of the board who resided in

Texas was not employed in, and did not regularly conduct business in person in, Minnesota even though her company maintained two Minnesota offices, and she had traveled to Minnesota three times within the previous year).

Oracle also contends that because Mr. Maddock travels to Las Vegas "two or three times per year," he regularly conducts business *in person* there. But Oracle simply has not met its burden of producing evidence demonstrating that Mr. Maddock is employed or regularly conducts business in Las Vegas. *See Havens*, 2014 WL 2094035, at *2 n.5 (granting motion to quash subpoena because argument regarding witness's regular business transactions under Rule 45 was "unsupported" by evidence, and therefore was an "insufficient basis" to compel the corporate officers to testify at trial). Further, infrequent visits to a city simply cannot satisfy Rule 45(c)(1), as the case law ignored by Oracle makes clear. *See, e.g., M'Baye*, 246 F.R.D. at 207-08 ("fourteen to eighteen days in two years is insufficient to render a person amenable to a subpoena"); *Bostian*, 2007 WL 3005177, at *1 ("twice yearly visits to Oklahoma to conduct business … [do] not qualify as regularly transacting business"); *In re Application for Order Quashing Deposition Subpoenas*, 2002 WL 1870084, at *3 (S.D.N.Y. 2002) (a person who comes to New York for business four times within five years "does not regularly transact business in person in New York to the extent contemplated by Rule 45(c)(3)(A)(ii)") (internal quotations omitted); *Regents of Univ. of Cal. v. Kohne*, 166 F.R.D. 463, 465 (S.D. Cal. 1996) ("'regularly' does not mean ten times in seven years"); *Dietz*, 2014 WL 537753, at *4 (three visits in one year, including one trip for two days, were insufficient in "frequency and duration").

Oracle also provides no contrary authority for its position. Instead, it takes out of context a single case without discussing its facts or holding. *See* Dkt. No. 725 at 2 (citing *Halliburton Energy Services, Inc. v. M-I, LLC*, 2006 WL 2663948 (S.D. Tex. Sept. 15, 2006)). In *Halliburton*, the Houston-based plaintiff (Halliburton) sued the defendant (M-I) for patent infringement in the Eastern District of Texas. M-I personally served a subpoena on a third party, Mr. Heinz Mueller, *while he was in Houston* "during one of [his] **regularly scheduled extended business trips**" relating to his German-based company's contract work with Halliburton. *Id.* at *1 (emphasis added). The

- 6 -

1  subpoena was for a deposition—not trial testimony. *Id.* Mr. Mueller moved to quash the deposition
2  subpoena on the grounds that it required him to travel to Houston, over 100 miles from where he
3  lived, and because it subjected him to an undue burden. *Id.* The court denied his motion to quash,
4  concluding that his "***regular, frequent, and extended*** trips to Houston" place him in the category of
5  "regularly transacting business in person" in Houston because he averaged "approximately ***forty***
6  ***days per year***" in Houston ***for "the past ten years***." *Id.* at *1–2 (emphases added). Further, the
7  court held there was no undue burden because M-I agreed to (i) pay for travel to the deposition, (ii)
8  travel to Germany to take it there, or (iii) "combine his deposition in Houston with a regularly
9  scheduled business trip" there. *Id.* at *2.

      Here, by contrast, Oracle failed to serve a subpoena on Mr. Maddock, and so there is no subpoena to quash. *See* Section III.A., *supra*. Indeed, in *Halliburton*, Mr. Mueller did not contend that the subpoena was served improperly, and here there was no service. This distinction alone renders *Halliburton* inapposite and irrelevant. Further, unlike the plaintiff in *Halliburton*, Oracle has presented no actual evidence to support the conclusion that Mr. Maddock "regularly transacts business in person" in Las Vegas, notwithstanding the fact that it had ample opportunity to question him about his business travel during his deposition. Moreover, unlike in *Halliburton*, Mr. Maddock does not have the option to testify during one of his "regularly scheduled business trips" to Las Vegas because they do not exist. In fact, Oracle has provided no information whatsoever on when Mr. Maddock might be called or how long his testimony will take.

      In short, Oracle has cited to no case where a person in Mr. Maddock's position was compelled to testify, and the overwhelming authority demonstrates that there is no authority for such an order. Oracle's motion should be denied on this ground as well.

**C.    Compelling Mr. Maddock to Testify Is Unnecessary.**

      Rimini has offered *two* alternatives to Oracle's request, but Oracle has refused to compromise. *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409–10 (C.D. Cal. 2014) (noting that courts are "particularly reluctant" to require a non-party to provide information that can be obtained from other sources). First, Rimini offered Michael

- 7 -

1  Davichick to testify at trial. Mr. Davichick is Rimini's Vice President of Sales, who has worked for
2  the company for 9 years. Maddock Decl. ¶ 6. Notably, not only has he worked there longer than
3  Mr. Maddock, but he also worked at the company during the primary time relevant to this lawsuit
4  (whereas Mr. Maddock did not). Oracle offers no reason why Mr. Davichick's testimony is
5  inadequate.

6  In addition, Rimini has offered to allow Oracle to use Mr. Maddock's deposition transcripts
7  in lieu of his live testimony. Courts regularly permit this procedure, which is authorized by Federal
8  Rule of Civil Procedure 32(a)(4) in precisely these circumstances. *See*, *e.g.*, *Allstate Ins. Co.*, 2013
9  WL 2394116, at *7–8 ("The court finds that there is sufficient evidence to establish that [witness]
10 resides more than 100 miles from Clark County and therefore it is proper to read her deposition
11 transcript into evidence at trial under Fed. R. Civ. P. 32(a)(4)(B)"). Here, Oracle has identified only
12 small portions of *five pages* (out of several hundred pages) of deposition testimony on which it
13 intends to question Mr. Maddock. The small amount of purportedly relevant information for which
14 Oracle intends to call Mr. Maddock does not justify compelling him to testify in the absence of a
15 properly served and appropriate subpoena.

## IV.   CONCLUSION

17  For the foregoing reasons, the Court should deny Oracle's motion. At the very least, if the
18 Court were to compel Mr. Maddock to appear at trial, it should require Oracle to provide a date
19 certain on which it will call Mr. Maddock.

20  DATED:     September 10, 2015         LEWIS ROCA ROTHGERBER

22                                        By: __/s/ *W. West Allen*_____
                                              W. West Allen

                                          *Attorneys for Defendants*
                                          *Rimini Street, Inc. and Seth Ravin*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: __/s/ *W. West Allen*__
         W. West Allen

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*