| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>B. Trent Webb, Esq. (*pro hac vice*)<br>Peter Strand, Esq. (*pro hac vice*)<br>Ryan D. Dykal, Esq. (*pro hac vice*)<br>2555 Grand Boulevard<br>Kansas City, MO 64108-2613<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>bwebb@shb.com<br><br>Robert H. Reckers, Esq. (*pro hac vice*)<br>600 Travis Street, Suite 1600<br>Houston, TX 77002<br>Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508<br>rreckers@shb.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>Mark A. Perry (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8500<br>mperry@gibsondunn.com<br><br>Blaine H. Evanson (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7228<br>bevanson@gibsondunn.com | LEWIS ROCA ROTHGERBER<br>W. West Allen (Nevada Bar No. 5566)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169<br>Telephone: (702) 949-8200<br>wallen@lrrlaw.com<br><br>RIMINI STREET, INC.<br>Daniel B. Winslow (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566<br>Telephone: (925) 264-7736<br>dwinslow@riministreet.com<br><br>John P. Reilly (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: (336) 908-6961<br>jreilly@riministreet.com |

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>RIMINI STREET, INC., a Nevada corporation and SETH RAVIN, an individual,<br>　　　　　　　　　　　Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI STREET, INC.'S AND SETH RAVIN'S [PROPOSED] LIMITING INSTRUCTION**<br><br>Judge:　　Hon. Larry R. Hicks |

The Court requested that the parties submit a proposed limiting instruction concerning hypothetical questions asked during the depositions of Rimini clients about whether the clients would have been willing to contract for support with Rimini if they had known certain hypothetical facts. As mentioned in Oracle's submission, the parties were unable to agree on a proposed limiting instruction." (Dkt. 782 at 1).  From Rimini's perspective, Oracle's instruction is insufficient because it does not even address the issue the Court identified—namely that the hypothetical "question[s] ... assume[] certain conclusions."  9/14/2015 Trial Tr. at 125:24-126:2 (rough).  It also states that the facts assumed "are for the jury to decide," but it is *Oracle's burden* to establish those facts.  By contrast, Rimini's proposed instruction (below) identifies in plain terms the concern with the testimony and instructs the jury on what it should do:

"In the deposition excerpts you are about to see, there will be testimony about whether a Rimini customer would have been willing to contract for services with Rimini if that customer had known certain information about Rimini's services or conduct.  The questions the witness answered were asked and answered prior to this court's ruling on certain questions of infringement.  Thus, neither Rimini nor the clients answering the questions knew what this Court's ruling would be at the time the questions were asked.

You may not assume that anything suggested in the hypothetical questions is true or that the hypothetical provides enough factual context to prove the answer on the disputed issues in the case.  Oracle must prove those disputed facts by a preponderance of the evidence."

Authority:  *See* 9/14/2015 Trial Tr. at 123:14-16 (rough) ("the questions as formed are admissible, but they invite a limiting instruction from the court"); *id.* at 125:24-126:2 ("the question also assumes certain conclusions.  And I think the limiting nature of the instruction should be directed at that as well"); *Miller v. Village of Pinckney*, 2008 WL 4190619, at *1 (E.D. Mich. Sept. 9, 2008) (excluding responses to hypothetical questions where the questions were based on facts not present in the record); *Howard v. Rustin*, 2008 WL 1925102, at *3 (W.D. Pa. Apr. 30, 2008) ("While counsel may pose hypothetical questions to a lay witness, said questions must be based on facts of record.");

Gibson, Dunn & Crutcher LLP

1

*United States v. Young*, 73 F.2d 690, 691 (9th Cir. 1934) (reversing trial court decision to allow response to hypothetical question where it was "not based on a substantial statement of the facts").

DATED: September 16, 2015          Shook, Hardy & Bacon LLP

                                   By: ___/s/ Robert H. Reckers_____
                                          Robert H. Reckers

                                   *Attorneys for Defendants
                                   Rimini Street, Inc. and Seth Ravin*

## CERTIFICATE OF SERVICE

The above document was e-filed with the Court's CM/ECF system which sent Notice to all registered users linked to this case.

                                              /s/ Robert H. Reckers

Gibson, Dunn & Crutcher LLP