✓ FILED                    ___ RECEIVED
___ ENTERED                ___ SERVED ON
                    COUNSEL/PARTIES OF RECORD

SEP 1 5 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DbN                           DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORACLE USA, INCL., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, | Case No. 2:10-cv-00106-LRH-PAL |
| Plaintiffs, | PRELIMINARY INSTRUCTIONS |
| v. | |
| RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual, | |
| Defendants. | |

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

JURY INSTRUCTION NO. 1

This is a civil case. The plaintiff has the burden of proving its case by what is called the preponderance of the evidence. That means the plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendant's evidence on opposite sides of the scales, the plaintiff would have to make the scales tip somewhat on its side. If the plaintiff fails to meet this burden, the verdict must be for the defendant.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

JURY INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits which are received into evidence; and

(3)    any facts to which the lawyers have agreed.

JURY INSTRUCTION NO. *3*

*4*

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. *4*

In deciding the facts of this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness' memory;

(3)     the witness' manner while testifying;

(4)     the witness' interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness' testimony;

(6)     the reasonableness of the witness' testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

JURY INSTRUCTION NO. _5_

JURY INSTRUCTION NO. _6_

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

During the course of trial, testimony may also be read to you from depositions, or perhaps played for you from videotapes of depositions. A deposition is testimony taken under oath before trial and preserved in writing, or in some cases on videotape. Unless I instruct you otherwise, you may consider deposition testimony as if it had been given here in open court by the witness.

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.   You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

JURY INSTRUCTION NO. 7

Some evidence may be admitted for a limited purpose only. When I instruct that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no others.

JURY INSTRUCTION NO. _8_

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times, is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

(2)    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  But you should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)    Anything you have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

(5)    Any notes taken by you or other jurors are not evidence.

JURY INSTRUCTION NO. _9_

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit is not received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes, I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that was striken.

JURY INSTRUCTION NO. *10*

You should pay close attention to the testimony and all evidence as it is presented because it will be necessary for you to rely upon your collective memories concerning what the testimony was when you retire to deliberate on a verdict. Although, as you can see, a court reporter is recording everything that is said during the trial, typewritten transcripts cannot be prepared for your use during deliberations and you should not expect to receive them.

JURY INSTRUCTION NO. _11_

On the other hand, all exhibits admitted into evidence during the trial will be available to you for your study during your deliberations. So, if an exhibit is received into evidence but is not fully read or shown to you at the time, do not be concerned because you will be able to see the exhibit later during your jury deliberations.

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the jury room.

JURY INSTRUCTION NO. _12_

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes. Your notes and any other juror's notes are not evidence.

JURY INSTRUCTION NO. *13*

JURY INSTRUCTION NO. *14*

The parties have agreed to certain facts. This agreement is known as a "stipulation." You should treat all these facts as already proved. Your juror notebook identifies these facts.

JURY INSTRUCTION NO. *14*

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to earn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who

violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

JURY INSTRUCTION NO. 15

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.

Plaintiffs Oracle will then present evidence, and counsel defendants for Rimini Street and Seth Ravin may cross-examine. Then defendants Rimini Street and Seth Ravin may present evidence, and counsel for the Oracle plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.  After that, you will go to the jury room to deliberate on your verdict.

Given in open court this _15_ day of September, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

JURY INSTRUCTION NO. _16_