SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
wallen@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone:  (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br>                    Plaintiffs,<br><br>     v.<br><br>RIMINI STREET, INC. , a Nevada corporation and SETH RAVIN, an individual,<br>                    Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI STREET, INC.'S AND SETH RAVIN'S MOTION FOR RECONSIDERATION OF CERTAIN EVIDENTIARY RULINGS**<br><br>Judge:      Hon. Larry R. Hicks |

Mr. Ravin's state of mind is at issue in this case because Oracle has alleged that Rimini Street and Mr. Ravin willfully infringed its copyrights and are both liable for punitive damages. Mr. Ravin's good faith belief that neither he nor Rimini Street were infringing Oracle's copyrights, and his testimony that he would not have engaged in certain acts had he known they were infringing, is a complete defense to both willful infringement and punitive damages liability. *See*, *e.g.*, *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201, 2215-16 (2007) (because defendant's interpretation, "albeit erroneous, was not objectively unreasonable," defendant could not be said to have acted "willfully" or with "reckless disregard"); *Cheek v. United States*, 498 U.S. 192, 201 (1991) (good-faith misunderstanding of the law or good-faith belief that one is not violating the law negates willfulness); *Dayton Tire v. Sec'y of Labor*, 671 F.3d 1249, 1255 (D.C. Cir. 2012) ("good faith, reasonable belief" that conduct "conformed to the law negates a finding of willfulness"); *Taylor v. Superior Court*, 24 Cal. 3d 890, 894-95 (1979).

Mr. Ravin testified at trial that had he known when he founded Rimini in 2005 that he could not "operate [his] business using a local environment" (Day 3 Rough Tr. 84:16-17), could not "clone environments" (*id.* at 85:5), and could not "reuse updates" (*id.* at 86:4), he would have done "a hundred percent remote environments" (*id.* at 84:19-20), "load[ed] all the DVDs manually for each customer" (*id.* at 85:8-9), and "rebuilt each update for each customer instead of reusing code" (*id.* at 86:7-9). The Court concluded Mr. Ravin had "clearly opened the door" "as a result" of that testimony (*id.* at 235:6-8), reconsidered its initial ruling on PTX-2140, and decided it could be admitted as evidence relevant to willfulness.[1]

Rimini Street maintains its objection to PTX-2140 and any evidence regarding admissions by SAP or TomorrowNow to Oracle's infringements allegations in the 2007 litigation. Permitting Oracle to refer to the specific allegations in the TomorrowNow lawsuit and the admissions of wrongdoing by SAP's CEO on behalf of TomorrowNow is manifestly unfair and unduly prejudicial.

---

[1] Subject to Oracle's agreement to exclude references to the DOJ investigation and DOJ probe on pages 46 and 47. *See* Day 3 Rough Tr. 3:11-12, 23-24.

*See* Day 3 Rough Tr. at 8:7-15.  All the jury needs to do is connect the dots between the repeated mentions of the lawsuit and SAP's admissions, and the damage will be done.

But if the Court admits this testimony—which, respectfully, it should not—then as a matter of fundamental fairness it must reconsider its ruling excluding the attorney letter (DTX-0384) and evidence of Rimini's decision to change its conduct after 2011.  Specifically, if Oracle is permitted to tell the jury that Mr. Ravin acted willfully in not taking note of the actions of SAP when it "admitted wrongdoing" by TomorrowNow, then Mr. Ravin must be permitted to fully explain to the jury why he and Rimini did not do as SAP did and stop local hosting.  The letters from his attorneys responding to Siebel's allegations are the best and most probative evidence of Mr. Ravin's state of mind and background understanding around that time.  *See*, *e.g.*, *Steinert v. United States*, 571 F.2d 1105, 1107 (9th Cir. 1978) (good faith reliance on advice of professionals "may negate the element of willfulness").  In addition, the fact that Rimini Street no longer engages in the practices being challenged and indeed, changed its support model after it was found to infringe some of the Oracle copyrights, is far more probative of Mr. Ravin's state of mind than the actions by SAP in an unrelated lawsuit occurring years after Mr. Ravin left TomorrowNow.

***The Letter to Siebel***.  When Rimini was accused of making false and misleading statements in a letter from Siebel Systems in 2005, Mr. Ravin consulted counsel and was advised at length that no wrongdoing had occurred and that Rimini's practices were lawful.  The letter his counsel drafted in response to Siebel states that "[h]aving investigated the facts … as well as having reviewed additional information from Siebel Systems and third parties, we conclude that neither Rimini Street nor any of its representatives have made any false or misleading statements."  DTX-0384 at 1.  The letter also reflects Mr. Ravin's belief that the limitations on copying in the Siebel license "are of little consequence to Rimini Street and independent consultants" because those limitations apply only to competitors.  The letter further explains that "Rimini Street's proposed maintenance and support consulting services for Siebel Systems licensees require the same software program access as other independent consulting services procured by Siebel Systems licensees on a regular basis."  *Id*. at 2. The letter goes on to state that counsel "believe[s] the facts are clear" that the Siebel licenses permit access by independent software consultants like Rimini.  *Id*. at 3.

To be clear, Defendants do not seek to offer this letter or these statements for their truth, or as proof that Rimini's practices were *in fact* non-infringing, but rather as evidence of Mr. Ravin's good-faith belief that his company's practices were lawful. As such, Rimini would agree to an instruction telling the jury that it may consider the letter only as evidence of Mr. Ravin's state of mind and for no other purpose, thus addressing any hearsay concerns. That would be consistent with the state-of-mind exception to the rule against hearsay (*see* Fed. R. Evid. 803(3)), which, Rimini respectfully submits, should have been considered in deciding whether to exclude this evidence. *See*, *e.g.*, *United States v. Moran*, 493 F.3d 1002, 1013 (9th Cir. 2007) (error to exclude evidence of defendant's good-faith reliance on advice of experts where testimony was not offered for its truth but to establish the defendant's state of mind); *Almada v. Allstate Ins. Co.*, 153 F. Supp. 2d 1108, 1115 (D. Ariz. 2000) (admitting hearsay evidence on question whether defendant's belief was "objectively reasonable"); *Casumpang v. Hawaiian Commercial & Sugar Co.*, 2014 WL 4322168, at *16 (D. Haw. Aug. 29, 2014) (admitting hearsay evidence on question whether defendant had a "legitimate good-faith basis for suspending and terminating [p]laintiff"). If this exhibit were admitted, Rimini would, of course, make the necessary redactions regarding anti-competitive rhetoric as required by this Court's September 3, 2015 motion *in limine* ruling. Dkt. 723. A redacted exemplar is attached to this Motion.

At minimum, even if the Court does not wish to admit the letter or the specific statements cited above, Rimini must be permitted to question Mr. Ravin about whether he received and relied upon advice from counsel in response to Siebel's letter, what that advice was, and how it affected his state of mind.

***Post-2011 Conduct***. Rimini also asks this Court to reconsider its ruling on the evidence of Rimini's post-2011 conduct (alluded to but not introduced at Day 3 Rough Tr. 86:17-18). This evidence is also relevant to Mr. Ravin's state of mind and good-faith belief in the lawfulness of certain practices. Specifically, it shows that when Mr. Ravin had a credible reason—for example, the 2014 summary judgment rulings on PeopleSoft and the Oracle Database—to believe that Rimini's practices (not the practices of some unrelated company) was infringing, Rimini ceased engaging in those practices.

Gibson, Dunn & Crutcher LLP

3

If the jury may be told that Mr. Ravin continued to engage in certain practices after SAP's CEO "admitted wrongdoing" by TomorrowNow, the jury must also be told that Mr. Ravin and Rimini stopped engaging in those practices when Mr. Ravin lost his good-faith belief that those practices were not infringing. Otherwise, the jury might be erroneously led to believe that Mr. Ravin and Rimini were bent on engaging in local hosting, cross-use, and automatic downloading even after they learned their conduct (not the conduct of a third party) infringed Oracle's copyrights.

To be clear, Rimini has no intention of referencing *Rimini II*, nor does Rimini intend to argue that its current practices do not infringe (which is what *Rimini II* will determine). Rimini simply wants to explain to the jury, in response to Oracle's accusations that Mr. Ravin is a willful infringer who failed to heed the warning signs from the TomorrowNow litigation, that Mr. Ravin did respond to rulings concerning his own company, and that Rimini ceased engaging in the three challenged practices on certain dates during and after the time period in question. As with the Siebel letter, Rimini would agree to a limiting instruction telling the jury that they may consider this evidence only as evidence of Mr. Ravin's state of mind and for no other purpose.

At minimum, even if this Court is not inclined to permit Rimini to introduce specific evidence about the cessation of specific practices, it should at least permit Mr. Ravin to answer a yes-or-no question about whether Rimini changed any of its practices in response to the Court's summary judgment rulings.

DATED:     September 18, 2015          Respectfully submitted,

                                       Shook, Hardy & Bacon LLP

                                       By: __/s/ Robert H. Reckers_____
                                             Robert H. Reckers

                                       *Attorneys for Defendants*
                                       *Rimini Street, Inc. and Seth Ravin*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: __/s/ *Robert H. Reckers*
Robert H. Reckers

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*

Gibson, Dunn & Crutcher LLP