SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 3400
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
wallen@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone:  (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC. , a Nevada corporation and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI STREET, INC.'S AND SETH RAVIN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ADMISSION OF DEFENSE EXHIBITS 378-388 AND RELATED TESTIMONY**<br><br>Judge:      Hon. Larry R. Hicks |

# I.  EVIDENCE SOUGHT TO BE ADMITTED

Pursuant to this Court's instruction to the parties on September 18, 2015, defendants Rimini Street, Inc. and Seth Ravin hereby submit the following memorandum of points and authorities permitting them to present evidence to the jury that (1) Mr. Ravin's lawyers exchanged a series of letters with Siebel's and Oracle's lawyers which are directly relevant to Mr. Ravin's good-faith belief that Rimini's practices were not infringing, and (2) those letters evidence Mr. Ravin's beliefs, at the time, that Rimini's practices were not infringing.  Such evidence would take the specific form of:

- Defendants' exhibits 378 through 388, and

- Mr. Ravin's testimony regarding his state of mind, as reflected by the counsel letters.

The importance of this evidence cannot be overstated.  The jury has thus far heard a one-sided willfulness presentation in which Oracle has been permitted to argue that Mr. Ravin—based on acts by TomorrowNow and its parent company, SAP, that occurred well after he left his position at TomorrowNow in January 2005, and his position at SAP in March 2005—had actual knowledge that Rimini's practices were infringing.  Mr. Ravin, by contrast, has been barred from introducing critical evidence *from that time period* reflecting his state of mind and good-faith belief that Rimini Street's conduct did not infringe.  Now that PTX-2140 has been admitted and the jury has learned about SAP and TomorrowNow's admission of unspecified "wrongdoing"—a fact that the Court recognized as "relevant to the state of mind of Mr. Ravin" (Day 3 Tr. 419:18-20)—it is imperative that Mr. Ravin be permitted to offer some evidence of his own good-faith belief during this time period, as evidenced by the non-privileged letters exchanged between his counsel and Oracle's counsel.

Oracle has argued that this is an improper "advice of counsel" defense that defendants have not asserted and on which Oracle has not taken discovery.  That is absolutely wrong.  Mr. Ravin does not seek to introduce any evidence of privileged advice he received from his attorneys.  He seeks only to admit the letters exchanged between his counsel and Oracle's counsel and to testify about his state of mind as evidenced by the contents of those letters. Both parties acknowledge that this evidence is of central importance in this case as a result of Oracle's claim that defendants willfully infringed and may also be held liable for punitive damages.

Gibson, Dunn &
Crutcher LLP

## II. ARGUMENT

Oracle claims that Rimini Street and Mr. Ravin willfully infringed its copyrights and are each liable for punitive damages on Oracle's tort claims.  Both willfulness and liability for punitive damages require an inquiry into the actor's motive, and a good-faith belief that conduct does not infringe precludes a finding of willful infringement or punitive damages.  *E.g.*, *Dayton Tire v. Sec'y of Labor*, 671 F.3d 1249, 1255 (D.C. Cir. 2012) ("good faith, reasonable belief" that conduct "conformed to the law negates a finding of willfulness"); *Neal v. Farmers Ins. Exchange*, 21 Cal. 3d 910, 923 (1978) ("we must look … [to] motive and intent" to "establish that [the] defendant acted with the quality of intent that is requisite to an award of punitive damages").[1]

Mr. Ravin therefore is entitled to present evidence that his state of mind did not evince the "evil motive" upon which an award of punitive damages must be predicated, or the willful conduct that is required to award treble statutory damages.  *See Taylor v. Superior Court*, 24 Cal. 3d 890, 894-95 (1979); *Dunhall Pharm. v. Discus Dental, Inc.*, 994 F. Supp. 1202, 1204 (C.D. Cal. 1998) ("in a willful infringement analysis, the issue is the state of mind of the alleged infringer").  A belief that is negligent, grossly negligent, or even reckless, does not establish liability for punitive damages.  *See Wyeth v. Rowatt*, 244 P.3d 765, 783 (Nev. 2010) ("to justify punitive damages, the defendant's conduct must have exceeded mere recklessness or gross negligence") (citation omitted); *Taylor*, 24 Cal. 3d at 895 ("The central spirit of the exemplary damage statute, the demand for evil motive, is violated by an award founded upon recklessness alone") (quoting *G.D. Searle & Co. v. Superior Court*, 49 Cal. App. 3d 22, 32 (1975)).  This is true even if that belief turns out to be incorrect.  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68-70 (2007) (no willfulness found where defendant's reading of the statute "albeit erroneous, was not objectively unreasonable").

It would be unconstitutional to hamstring defendants in their defense against willful infringement and punitive damages by keeping from the jury highly probative evidence of Mr.

---

[1] Nevada courts have largely followed California law on punitive damages.  *See Clark v. Lubritz*, 113 Nev. 1089, 1096 n.6 (1997) ("Nevada's statute on punitive damages is a verbatim copy of the California punitive damages statute. ... We have adhered to the rule of statutory interpretation that when a statute is derived from a sister state, it is presumably adopted with the construction given it by the highest court of the sister state.").

Gibson, Dunn & Crutcher LLP

Ravin's good-faith belief that Rimini's conduct did not infringe Oracle's copyrights.  *See*, *e.g.*, *Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007) ("the Due Process Clause prohibits a State from punishing an individual without first providing that individual with 'an opportunity to present every available defense'") (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972)); *see also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003); *Honda Motor Co. v. Oberg*, 512 U.S. 415, 434-35 (1994).

The Court should therefore admit the letters exchanged between Rimini's attorneys and Oracle's attorneys with regard to allegations of infringement, and also permit testimony regarding Mr. Ravin's and others' good-faith belief that Rimini's practices were not infringing.

***The Letters.***  One clear indication of Mr. Ravin's state of mind, good-faith belief, and lack of evil motive is the 11 letters exchanged between his counsel and Oracle's counsel during the relevant time period in which the lawyers discuss various of Rimini's practices and their reasoning as to why those practices are or are not infringing.  The time period covered by these letters includes the period during which TomorrowNow was accused of engaging in infringing conduct, and during which the CEO of SAP "admitted wrongdoing" by TomorrowNow.  PTX-2140.  While some of the letters do contain anti-competitive language, those passages easily can be redacted to comply with the Court's motion *in limine* ruling on this issue (Dkt. 723) as Rimini suggested in its motion for reconsideration.

These letters are hearsay, but they fall squarely within the state-of-mind exception.  Fed. R. Evid. 803(3); *see also Almada v. Allstate Ins. Co*., 153 F. Supp. 2d 1108, 1115 (D. Ariz. 2000) (admitting hearsay evidence on question whether defendant's belief was "objectively reasonable"); *Casumpang v. Hawaiian Commercial & Sugar Co.*, 2014 WL 4322168, at *16 (D. Haw. Aug. 29, 2014) (admitting hearsay evidence on question whether defendant had a "legitimate good-faith basis for suspending and terminating [p]laintiff").

There is no question that defendants seek to offer the letters not for their truth or for the proposition that Rimini Street's conduct did not in fact infringe, but as direct evidence of Mr. Ravin's state of mind during the relevant time period.  The letters are therefore admissible.

Gibson, Dunn & Crutcher LLP

A jury could rationally conclude that it was reasonable for Mr. Ravin to believe that Rimini's practices were not infringing and that the company was not hiding anything from Oracle given Mr. Ravin's belief that:

− "Having investigated the facts … as well as having reviewed additional information from Siebel Systems and third parties, [his lawyers] conclude[d] that neither Rimini Street nor any of its representatives have made any false or misleading statements" (DTX-0384 (10/6/05 letter) at 1);

− Limitations on copying in the Siebel license "are of little consequence to Rimini Street and independent consultants" because the limitations apply only to software competitors, which Rimini was not (DTX-0384 (10/6/05 letter) at 2);

− "Rimini Street's proposed maintenance and support consulting services for Siebel Systems licensees require the same software program access as other independent consulting services procured by Siebel Systems licensees on a regular basis" (DTX-0384 (10/6/05 letter) at 2);

− Rimini was willing to " collaborate and cooperate with Oracle to ensure adequate protection of Oracle's intellectual property while enabling Oracle's licensees to fully exploit their contractual rights with both Oracle and Rimini Street" (DTX-0379 (6/28/07 letter) at 6);

− Oracle customers have "contracted and paid to access, possess, and use with their license rights" various support materials made available by Oracle (DTX-0379 (6/28/07 letter) at 3);

− Oracle customers have a "contractual right to choose what, if any, licensed Oracle products for which to elect coverage by Oracle Annual Support services" (DTX-0379 (6/28/07 letter) at 4);

− Oracle's lawyers' statements that Rimini's concerns about restrictions to third-party access to support materials are "hypothetical," their statements that they cannot determine "whether particular actions [by Rimini] are or are not authorized," and their refusal to give "an advisory opinion on what [Rimini], as an unlicensed party, is allowed to do with respect to accessing support materials, ***especially while the SAP TomorrowNow litigation is pending***" (DTX-0385 (10/11/2007 letter) at 3, emphasis added).

Gibson, Dunn & Crutcher LLP

These passages are directly relevant to rebutting Oracle's claims of willful infringement (and more particularly, to claims of willfulness based on the TomorrowNow litigation), are admissible under Fed. R. Evid. 803(3), and would not cause any prejudice to Oracle. Moreover, they are essential to safeguard Mr. Ravin's due process rights and to ensure that any punitive damages are not awarded in an unconstitutional way. *Williams*, 549 U.S. at 353; *State Farm*, 538 U.S. at 423. Defendants should therefore be permitted to introduce them.

To minimize any confusion on the part of the jury, Rimini would agree to a limiting instruction specifically telling the jury that it may not consider the letters as evidence that Rimini's practices were *in fact* lawful, but may only consider them to the extent they are relevant to Mr. Ravin's *belief* that the practices were lawful.

***Testimony about the letters***. Mr. Ravin does not intend to refer to advice he received from counsel over the last ten years, nor does he intend to allude to matters about which there has been no discovery. Instead, he seeks to testify that the letters accurately reflect his personal beliefs at the time about whether Rimini's practices were infringing. That testimony is plainly relevant to rebutting Oracle's willfulness allegations and its request for punitive damages and does not constitute a waiver of the attorney-client privilege. "Advice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in relevant manner." *Genentech, Inc. v. Insmed, Inc.*, 236 F.R.D. 466, 469 (N.D. Cal. 2006) (declining to find waiver where defendant "merely den[ied] intent"); *Claffey v. River Oaks Hyundai*, 486 F. Supp. 2d 776, 778 (N.D. Ill. 2007) ("The fact that [the defendant's] state of mind theoretically might have been affected by advice of legal counsel does not put the [attorney-client] privilege in issue, unless [the defendant] uses advice by counsel to support its denial of willfulness"). Introducing that testimony would not amount to the introduction of an improper, unpleaded advice-of-counsel defense.

At minimum, even if this Court declines to admit the letters, it should permit Mr. Ravin to testify that a series of letters were exchanged between Oracle and Rimini's counsel between September 2005 and January 2009 regarding whether Rimini's practices were infringing. Again, to minimize any jury confusion, Rimini would agree to a limiting instruction specifically telling the jury

that Mr. Ravin's testimony can be used only in connection with his state of mind, and that the statements in the letters should not be considered for their truth.

* * *

Whether Mr. Ravin held a good-faith belief that Rimini's practices were lawful, or whether he acted with the requisite despicable conduct, in, among other things, disregarding the TomorrowNow lawsuit and the admissions of unspecified wrongdoing by SAP's CEO are issues of fact for the jury to decide. But it would be unfair, erroneous, and unduly prejudicial to keep evidence of Mr. Ravin's good-faith belief—as evidenced by these letters—from the jury and thereby allow the jury to potentially punish Mr. Ravin without hearing such directly relevant evidence. Such a result would threaten Mr. Ravin's due process rights and would cause irreparable undue prejudice at trial.

### III.    CONCLUSION

For the foregoing reasons, defendants respectfully ask this Court to admit the letters, or the relevant passages therefrom, and to permit Mr. Ravin to testify that the letters evidence his belief regarding whether Rimini's practices were infringing at the time.

DATED:          September 20, 2015          Respectfully submitted,

Shook, Hardy & Bacon LLP

By: ____ */s/ Robert H. Reckers*_____
            Robert H. Reckers

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.


By:  __/s/ *Robert H. Reckers*
Robert H. Reckers

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*

Gibson, Dunn & Crutcher LLP