| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568) | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*) |
| 2 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 | KRISTEN A. PALUMBO (*pro hac vice*)<br>One Market Street |
| 3 | Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755 | Spear Street Tower<br>San Francisco, CA 94105-1596 |
| 4 | rpocker@bsfllp.com | Telephone: (415) 442-1000<br>Facsimile: (415) 442-1001 |
| 5 | BOIES, SCHILLER & FLEXNER LLP<br>WILLIAM A. ISAACSON (*pro hac vice*) | thomas.hixson@morganlewis.com<br>kristen.palumbo@morganlewis.com |
| 6 | KAREN L. DUNN (*pro hac vice*)<br>5301 Wisconsin Ave, NW | DORIAN DALEY (*pro hac vice*) |
| 7 | Washington, DC 20015 | DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*) |
| 8 | Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131 | ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7 |
| 9 | wisaacson@bsfllp.com<br>kdunn@bsfllp.com | Redwood City, CA 94070<br>Telephone: (650) 506-4846 |
| 10 | BOIES, SCHILLER & FLEXNER LLP | Facsimile: (650) 506-7114<br>dorian.daley@oracle.com |
| 11 | STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*) | deborah.miller@oracle.com<br>jim.maroulis@oracle.com |
| 12 | 1999 Harrison Street, Suite 900<br>Oakland, CA 94612 | |
| 13 | Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460 | |
| 14 | sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com | |

*Attorneys for Plaintiffs*
Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | CASE NO. 2:10-cv-0106-LRH-PAL<br><br>**PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC., AND ORACLE INTERNATIONAL CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF CERTAIN EVIDENTIARY RULINGS** |

**TABLE OF CONTENTS**

BACKGROUND .................................................................................................................... 2

ARGUMENT ........................................................................................................................... 3

    I.    RIMINI MUST NOT BE ALLOWED TO TELL THE JURY THAT IT RELIED ON WHAT ITS LAWYERS SAID ......................................................... 3

    II.   THE HEARSAY MATERIALS RIMINI SEEKS TO ADMIT OR REFERENCE ARE NOT PROBATIVE AND WOULD BE CONFUSING AND PREJUDICIAL ................................................................. 6

CONCLUSION ........................................................................................................................ 7

**TABLE OF AUTHORITIES**

**Cases**

*Arista Records LLC v. Lime Group LLC*,
No. 06-CV-5936, 2011 WL 1642434 (S.D.N.Y. Apr. 20, 2011) .................................. 1, 3, 4, 5

*Arista Records LLC v. Usenet.com, Inc.*,
No. 07-Civ-8822, 2010 WL 3629688 (S.D.N.Y. Feb. 2, 2010) ...................................... 1, 5, 6

*Bittaker v. Woodford*,
331 F.3d 715 (9th Cir. 2003) .................................................................................................. 3

*Chevron Corp. v. Pennzoil Co.*,
974 F.2d 1156 (9th Cir. 1992) ................................................................................................ 3

*E.G.L. Gem Lab Ltd. v. Gem Quality Institute, Inc.*,
90 F. Supp. 2d 277 (S.D.N.Y. 2000) ...................................................................................... 5

*Linear Grp. Servs., LLC v. Attica Automation, Inc.*,
No. 13-10108, 2014 WL 4206871 (E.D. Mich. Aug. 25, 2014) ............................................. 5

*Sidco Indus. Inc. v. Wimar Tahoe Corp.*,
No. 91-110, 1992 WL 58732 (D. Ore. Mar. 19, 1992) .......................................................... 5

*United States v. Bilzerian*,
926 F.2d 1285 (2d Cir. 1991) ................................................................................................. 3

*Volterra Semiconductor Corp. v. Primarion, Inc.*,
No. 08-CV-05129, 2013 WL 1366037 (N.D. Cal. Apr. 13, 2013) ......................................... 5

*Wildlife Express Corp. v. Carol Wright Sales, Inc.*,
18 F.3d 502 (7th Cir. 1994) .................................................................................................... 6

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF CERTAIN
EVIDENTIARY RULINGS

1    Defendants Seth Ravin and Rimini Street, Inc. ("Rimini") must not be allowed to claim at trial that Rimini believed its conduct was lawful based on communications from Rimini's lawyers. In the nearly six years this case has been pending, Rimini has never raised an advice-of-counsel defense or anything like it. Rimini withheld as privileged evidence of what information the lawyers received and what they advised Rimini based on that information. This evidence – were it disclosed, which it would have been if Rimini had ever raised an advice-of-counsel defense – likely would show either that Rimini misled its lawyers about its practices (as it has misled its customers and this Court) or that, if Rimini's lawyers learned the truth, that they advised Rimini against continuing its unlawful conduct. But neither the Court nor the jury can know what the lawyers were told or what they advised Rimini because Rimini withheld that evidence based on the attorney-client privilege.

Moreover, the specific exhibits Rimini has sought to introduce and reference are simply not probative of Rimini's state of mind. These are lawyer advocacy letters, not independent opinions. And they have nothing to do with the issues that are in dispute in this case.

Courts regularly reject virtually identical ploys for these reasons:

> Defendants' remaining argument—advice of counsel—is also without merit. Defendants have not previously asserted an advice of counsel defense. To the contrary, Defendants have declined to produce the communications that might support this position, on the basis of attorney-client privilege. Defendants may not use the privilege as both a shield and a sword, protecting the very documents from disclosure that they claim support their "innocence" of copyright infringement. Further, Defendants' alleged reliance on counsel is premised on a letter written by their attorneys to Plaintiffs. As Plaintiffs correctly point out, an advocacy letter is insufficient to support Defendants' purported defense of reliance on counsel.

*Arista Records LLC v. Usenet.com, Inc.*, No. 07-Civ-8822, 2010 WL 3629688 at *7 (S.D.N.Y. Feb. 2, 2010) (citations omitted) (Katz, M.J.) (hereafter "*Usenet.com*"), *adopted by district court at* 2010 WL 3629587 (S.D.N.Y. Sept. 16, 2010); *accord Arista Records LLC v. Lime Group LLC*, No. 06-CV-5936, 2011 WL 1642434 at *2-*3 (S.D.N.Y. Apr. 20, 2011) (Wood, J.) (hereafter "*Lime Group*") (excluding any evidence of copyright infringer's alleged good-faith belief where communications with counsel had been withheld). These opinions are attached for the convenience of the Court.

1

Oracle respectfully submits that this Court should reach the same conclusion here and exclude Rimini's lawyer advocacy letters and any claimed reliance on them, as well as any reference to advice of counsel.

## BACKGROUND

Rimini seeks a dramatic *mid-trial* about-face and to introduce evidence about what Rimini's lawyers said or wrote in order to show good faith. Specifically, Rimini's lawyers argued in advocacy letters to Oracle years ago that certain conduct by Rimini was lawful (and that certain conduct by Oracle allegedly was not). Rimini seeks to introduce those letters or, in the alternative, to allow Mr. Ravin to testify that he considered and relied on what the lawyers said.

Rimini wants the jury to believe that Rimini's lawyers independently concluded that Rimini's conduct was lawful and advised Rimini of that opinion, and that Rimini reasonably relied on that advice. Motion for Reconsideration, Dkt. 793, at 3 ("Rimini must be permitted to question Mr. Ravin about whether he received *and relied upon advice from counsel* in response to Siebel's letter, what that advice was, and how it affected his state of mind") (emphasis added)).

Contrary to its written filing 30 minutes earlier, Rimini's counsel told the Court in-person that Rimini was not asserting an advice-of-counsel defense. But the substance of what Rimini wants the jury to conclude is clear: that Rimini believed its conduct was lawful because its lawyers said it was. Tr. 749:13-15, 750:9-12 ("We're saying that among the things Mr. Ravin considered in determining to continue [the conduct at issue] were these letters written by lawyers to Oracle addressing their allegations"; "Now, if Mr. Ravin were allowed to testify, he would say he relied on those, he was aware of those, he tracked the letters back and forth, and he had a good faith belief going forward"). That is reliance on advice of counsel and, even if were something less, it would put at issue what Rimini told its lawyers and what advice the lawyers actually gave Rimini.

In discovery, Rimini withheld as privileged wide swaths of evidence that would be relevant to testing whether Rimini's lawyers received accurate information about Rimini's

1  practices and about the content of the advice that the lawyers gave Rimini.  Excerpts of Rimini's
2  privilege logs are attached as Exhibit A to the Declaration of Kieran Ringgenberg in Opposition
3  to Rimini's Motion to Reconsider.  For example, entries contemporaneous with the 2005 Siebel
4  letter (DTX 384) that Defendants wish to introduce into evidence appear to discuss that letter and
5  events surrounding it.  Ex. A at 7-8 (three entries from October 5-6 concerning legal advice from
6  Snell & Wilmer, which authored the October 6, 2005 letter reflected in DTX 384).   Other entries
7  reflect "[r]eport[s] sent from employee to counsel to facilitate the rendition of the legal advice [ .
8  . . ] pursuant to pending and anticipated litigation regarding Rimini Street processes" dating back
9  to 2007.  Ex. A at 1-5.  Rimini's counsel also objected during depositions when Oracle attempted
10 to inquire into whether Rimini believed its conduct was licensed.  *E.g.*, R. Grigsby 30(b)(6) Dep.
11 at 31:17-33:4 (June 8, 2011) (Rimini corporate witness declining to answer after counsel
12 instructed him not to reveal attorney communications concerning the legality of local
13 environments).

## ARGUMENT

**I.    RIMINI MUST NOT BE ALLOWED TO TELL THE JURY THAT IT RELIED ON WHAT ITS LAWYERS SAID.**

It is a fundamental principle that the attorney-client privilege "may not be used both as a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (citing *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)).  "In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003).  A defendant's failure to make "full disclosure" of an advice-of-counsel defense during discovery "*constitutes a waiver of the advice-of-counsel defense*." *Lime Group*, 2011 WL 1642434, at *2 (quoting precedent; emphasis in original).

In this case, it would be profoundly unfair to allow Rimini to admit the letters from Rimini's lawyers (or to allow Mr. Ravin to testify about what he relied on from his lawyers) because Rimini withheld as privileged other communications to the lawyers on this subject. Ringgenberg Decl. Ex. A (collecting examples).  The evidence before the Court shows that it is

3

all but certain that one or more of the following occurred:

- First, Rimini misled its lawyers about its practices just as it has attempted to mislead the Court, Oracle, and its customers (PTX 1482 at 7 (Answer to Second Amended Complaint; "each of Rimini Street's clients has a unique data 'silo' for storing clients' Oracle Software and Support Materials. Therefore, the clients' Oracle Software and Support Materials are not physically co-mingled together"); PTX 3499 at 3 (Interrogatory Response; "Rimini Street has, since its inception, designed its policies and procedures around the proper use of third party intellectual property . . . . As Mr. Ravin explained, Rimini has long had policies to ensure that there is no cross or intermingling of client software and support material"); PTX 1407 at 2 (email to prospect; "Rimini Street has strictly enforced and documented business practices to guarantee that we remain compliant with all intellectual property laws. All clients are 'siloed' so there is no co-mingling of data").

- Second, *if* Rimini's lawyers learned the truth, those lawyers warned Rimini outside of the advocacy letters that Rimini's conduct was unlawful, just as the Court determined after learning the truth (Dkt. 474 at 13).

Rimini has thus far concealed the facts about how the lawyer advocacy letters were created, what Rimini's lawyers learned in preparing the letters, and what Rimini's lawyers advised Rimini outside of the letters to Oracle. Mr. Ravin cannot be allowed to claim on the witness stand that he learned his lawyers said his conduct was lawful, after Rimini withheld as privileged the evidence that may well show Rimini's lawyers told Mr. Ravin that Rimini's conduct was *unlawful*. For example, in *Lime Group*, Judge Wood rejected a similar argument from defendants who raised an advice-of-counsel defense for the first time on the eve of a copyright trial. 2011 WL 1642434, at *1. The defense offered testimony on a "good faith belief that their conduct" was "lawful." *Id.* A defendant further declared that he had hired "a law firm to assist him" without any intent "to avoid any potential legal exposure." *Id.* Judge Wood explained that "it would be unfair for a party asserting contentions [of good faith] to then rely on its privileges to deprive its adversary of access to material that might disprove or undermine the

4

party's contentions." *Id.* at *3 (brackets in original). The court precluded the defendants from offering any "evidence or argument at trial regarding their purported belief in the lawfulness of their conduct." *Id.*

And in another copyright infringement case, the court similarly rejected a defendants' attempt to use lawyer advocacy letters on the issue of willfulness for the same reason: "Defendants may not use the privilege as both a shield and a sword." *Usenet.com*, 2010 WL 3629688, at *7 (citations omitted). Other courts routinely preclude advice-of-counsel and similar assertions when a party blocks access to discovery on privilege grounds.[1]

This Court should do likewise and bar Rimini from offering testifying that:

- Mr. Ravin "relied on" the content of the lawyer letters (Tr. 750:9-10);
- Mr. Ravin "was represented by counsel," "consulted with counsel," and "as a result of that consultation, he felt that that what he was doing was acceptable" (Tr. 756:8-11); or
- Mr. Ravin "relied on advice of counsel" (Tr. 755:12-14).

---

[1] *E.G.L. Gem Lab Ltd. v. Gem Quality Institute, Inc.*, 90 F. Supp. 2d 277, 296 n.133 (S.D.N.Y. 2000) ("Having blocked his adversary from conducting discovery on this issue, he will not now be heard to advance reliance on counsel"), *aff'd*, 4 F. App'x 81 (2d Cir. 2001); *Linear Grp. Servs., LLC v. Attica Automation, Inc.*, No. 13-10108, 2014 WL 4206871, at *6 (E.D. Mich. Aug. 25, 2014) ("Thus far, Linear has withheld all advice of counsel documents on assertion of attorney-client privilege. […] Consequently, […] it has waived the use of any such evidence in support at trial"); *Volterra Semiconductor Corp. v. Primarion, Inc.*, No. 08-CV-05129, 2013 WL 1366037, at *2 (N.D. Cal. Apr. 13, 2013) ("the introduction of any evidence that [defendant's] investigation included seeking advice of counsel would be sufficient to put that advice in issue and further, would result in unfairness to [plaintiff] to the extent it would leave the jury with the impression that [defendant] relied on the advice of counsel"); *Sidco Indus. Inc. v. Wimar Tahoe Corp.*, No. 91-110, 1992 WL 58732, at *1 (D. Ore. Mar. 19, 1992) (citation and internal quotation marks omitted) ("if" a party "intends to rely on the advice-of-counsel as a defense to a claim of bad faith or wilfulness, it must make a full disclosure of the discovery supporting this defense. [F]ailure to do so constitutes a waiver of the advice-of-counsel defense").

## II. THE HEARSAY MATERIALS RIMINI SEEKS TO ADMIT OR REFERENCE ARE NOT PROBATIVE AND WOULD BE CONFUSING AND PREJUDICIAL.

Moreover, setting aside the unfairness to Oracle, the evidence Rimini seeks to admit is hearsay, and any probative value they is "substantially outweighed" by the confusion and unfair prejudice they would create. Thus, the letters and reference to them should be excluded under Rules 802 and 403.

First, the letters are not attorney opinions about the legality of Rimini's business. Rimini itself characterized them as "nothing more than one-sided demands that arose before the lawsuit or any attempt to settle a concrete dispute." Defendants' Oppositions to Oracle's Motions in Limine, Dkt. 690 at 23. They are advocacy letters incapable of establishing an advice-of-counsel defense or supporting reasonable reliance as a matter of law. *Usenet.com*, 2010 WL 3629688, at *7 (citations omitted) ("Defendants' alleged reliance on counsel is premised on a letter written by their attorneys to Plaintiffs. As Plaintiffs correctly point out, an advocacy letter is insufficient to support Defendants' purported defense of reliance on counsel"); *see also Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 513 (7th Cir. 1994) ("advice of counsel is proved by the letter counsel sends his client, not the letter counsel sends his adversary" (quoting and affirming district court's finding of willfulness in a copyright case)). The letters therefore offer the jury nothing of probative value.

Second, the letters do not address the specific issues in this litigation. For example, DTX 384 contains Rimini's lawyer's argument to Oracle about whether Rimini is a "competitor" of Siebel's within the meaning of Section 9.1 in a specific license. DTX 384 at 2. There has been *no* testimony at trial about that provision in any applicable license. The Court heard both Mr. Ravin and Mr. Richard Allison's testimony about license terms, and that "competitor" provision was not among them. Even if the letter provided a basis for Mr. Ravin to conclude that Rimini's lawyers opined that Section 9.1 of that specific license did not prohibit Rimini's conduct (and, as addressed above, it does not), the letter provides him *no* basis to conclude that the conduct at issue in this case was authorized. Other letters cited by Rimini are even farther from relevance, and they are summarized in the attached chart. Those letters offer the jury

6

1  nothing of probative value, but instead are highly likely to confuse the jury and would require
2  extensive instructions to prevent the jury from misunderstanding them.  Attachment 1 to this
3  Opposition summarizes the letters that Rimini's counsel offered in court.  Tr. 748:21-25.
4       Third, and finally, the letters are full of false allegations of misconduct by Oracle, which
5  are irrelevant and prejudicial hearsay.  While Rimini has offered to redact portions of the letters,
6  there is no reason to do so if the letters have no significant value for the jury.

## CONCLUSION

For the foregoing reasons, Oracle respectfully requests the Court deny the remainder of Rimini's Motion for Reconsideration and bar Rimini from presenting at trial evidence of what its lawyers said regarding the legality of Rimini's practices or Rimini's compliance with the terms of applicable licenses.

DATED:  _September 20, 2015_____        BOIES SCHILLER & FLEXNER LLP

By: */s/ Kieran P. Ringgenberg*
Kieran P. Ringgenberg
Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC., AND ORACLE INTERNATIONAL CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF CERTAIN EVIDENTIARY RULINGS** was filed, on September 20, 2015, with the Court's CM/ECF system which will send notice, via email, to all attorneys registered with the CM/ECF system.

Dated: September 20, 2015

BOIES, SCHILLER & FLEXNER LLP

By: */s/ Kieran P. Ringgenberg*
Kieran P. Ringgenberg
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation