2011 WL 1642434
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

ARISTA RECORDS LLC; Atlantic Recording Corporation; Arista Music, fka BMG Music; Capitol Records, Inc; Elektra Entertainment Group Inc; Interscope Records; Laface Records LLC; Motown Record Company, L.P.; Priority Records LLC; Sony Music Entertainment, fka Sony BMG Music Entertainment; UMG Recordings, Inc; Virgin Records America, Inc.; and Warner Bros. Records Inc., Plaintiffs,
v.
LIME GROUP LLC; Lime Wire LLC; Mark Gorton; Greg Bildson; and M.J.G. Lime Wire Family Limited Partnership, Defendants.

No. 06 CV 5936(KMW).  |  April 20, 2011.

### OPINION AND ORDER

[KIMBA M. WOOD](), District Judge.

**I.** *Introduction*

 *1  On May 11, 2010, this Court granted summary judgment in favor of Plaintiffs on their claims against Defendants LimeWire LLC ("LW"), Lime Group LLC ("Lime Group"), and Mark Gorton (collectively, "Defendants") for secondary copyright infringement. The Court found that Defendants had induced multiple users of the LimeWire online file-sharing program ("LimeWire") to infringe Plaintiffs' copyrights. In the Court's Opinion and Order (as amended on May 25, 2010), the Court detailed this case's procedural and factual background, familiarity with which is assumed. (*See* Dkt. Entry No. 223.)

The litigation is now in the damage phase, with a trial on damages scheduled for May 3, 2011. Plaintiffs have identified approximately 11,205 sound recordings that have allegedly been infringed through the LimeWire system. Of those, approximately 9,715 are sound recordings as to which Plaintiffs have elected to seek statutory damages under Section 504(c)(1) of the Copyright Act .[1] *See* [17 U.S.C. § 504(c)(1)](). With respect to those 9,715 sound recordings, Plaintiffs have submitted competent evidence (1) that all of the sound recordings were infringed on the LimeWire system; and (2) that all of the sound recordings were owned by Plaintiffs. (*See* Dkt. Entry No. 649.)

Plaintiffs have moved *in limine* to preclude Defendants from offering any argument or evidence at the trial regarding Defendants' purported good faith belief in the lawfulness of their conduct. Plaintiffs base their motion on the fact that Defendants have repeatedly invoked privilege to block Plaintiffs' inquiry into any facts that may have served as the basis for Defendants' alleged good faith belief in the lawfulness of their conduct. For the following reasons, Plaintiffs' motion is GRANTED.

**II.** *Factual Background*
Throughout the litigation, Defendants have asserted that they had a good faith belief with respect to (1) the lawfulness of their conduct in operating LimeWire; and (2) the lawfulness of their conduct in conveying assets into family limited partnerships ("FLPs").

With respect to operating LimeWire, Mark Gorton has testified that it was his "feeling" that "LimeWire was not at great legal risk." (Klaus Decl. Ex. 1 at 126: 5–7.) Gorton further stated that he had "a hard time" seeing LimeWire as "an illegal thing or something for which I'm liable." (*Id.* at 126:16–18.) Gorton described this thinking as his "state of mind." (*Id.* at 126: 21–22) Plaintiffs contend that Defendants have invoked privilege to block *any* inquiry by Plaintiffs into Defendants' alleged good faith belief that their conduct in operating LimeWire was lawful.

With respect to Gorton's conveyance of assets into FLPs, Gorton has stated that he retained a law firm to assist him "in estate and tax planning matters," and that, after "listen[ing] to their advice" he "set up five separate family limited partnerships including the MJG Lime Wire Family Limited Partnership." (Klaus Decl. Ex. 6, ¶ 6.) Gorton further stated that he "did not conceive of this plan of utilizing family limited partnerships in order to avoid any potential legal exposure from being sued by the plaintiffs in this lawsuit or anyone else ... [because] at the time these transactions took place ... [he] did not believe that [LimeWire] ... would be sued for copyright infringement." (*Id.* at ¶ 7.) Plaintiffs contend that, whenever they have inquired into Gorton's beliefs regarding his exposure to copyright liability at the time that he conveyed assets into his FLPs, Defendants have invoked privilege to block that inquiry.

**\*2** Plaintiffs contend that, having repeatedly blocked Plaintiffs from conducting any discovery into their communications with counsel, Defendants cannot now, at trial, assert their alleged good faith belief in the lawfulness of their conduct.

### III. *Analysis*

Plaintiffs are correct that a party may not assert that it believed its conduct was lawful, and simultaneously claim privilege to block inquiry into the basis for the party's state of mind or belief. *See United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir.1991) (finding that, by asserting a good faith defense to securities fraud, Defendant had "assert[ed] a claim that in fairness requires examination of the protected communications.") Indeed, a party "cannot be permitted, on the one hand, to argue that it acted in good faith and without an improper motive and then, on the other hand to deny ... access to the advice given by counsel where that advice ... played a substantial and significant role in formulating actions taken by [the defendant]." *Pereira v. United Jersey Bank,* 1997 WL 773716, at \*6 (S.D.N.Y. Dec. 11, 1997). Accordingly, "[a] party who intends to rely at trial on the advice of counsel must make a full disclosure during discovery; *failure to do so constitutes a waiver of the advice-of-counsel defense.*" *Vicinanzo v. Brunschwig & Fils, Inc.,* 739 F.Supp. 891, 894 (S.D.N.Y.1990) (emphasis added).

Defendants argue that Plaintiffs' motion *in limine* is "no more than a disguised and untimely motion to compel." (Def. Opp. at 3.) This argument can be rejected outright. In filing the instant motion, Plaintiffs are not seeking privileged communications; rather they are seeking to preclude argument and testimony where Defendants have already blocked inquiry on the basis of privilege. In any event, a motion to compel is not a prerequisite to invoking the *Bilzerian* rule. Rather, *Bilzerian* provides that a party "who intends to rely at trial" on a good faith defense "must make a full disclosure during discovery; failure to do so constitutes a waiver" of that defense. *Vicinanzo,* 739 F.Supp. at 894. Indeed, courts in this circuit have followed *Bilzerian* and blocked good faith defenses, without requiring the party seeking preclusion to move to compel. For example, in *E.G.L. Gem Lab Ltd. v. Gem Quality Institute, Inc.,* the defendant "asserted good faith as a defense to willful [trademark] infringement and thus placed the substance of his communications in issue and thereby waived the attorney-client privilege." 90 F.Supp.2d 277, 296 n. 133 (S.D.N.Y.2000). The Court held that, "[h]aving blocked his adversary from conducting discovery on this issue, [the defendant] will not now be heard to advance reliance on counsel." *Id.*

Defendants also argue that Gorton will be able to divorce his trial testimony regarding his belief in the lawfulness of his conduct, from anything that his lawyers may have told him. Defendants assert that, "[u]nlike in *Bilzerian* ... Defendants will not defend against assertions that they acted willfully or engaged in [fraudulent] transactions by testifying that they relied upon on [sic] the advice of counsel, or that their conduct was based on the advice of lawyers." (Def. Opp. at 8.) In other words, Defendants seem to be suggesting that Gorton's belief in the lawfulness of his own conduct come from some innate knowledge of copyright law, and not from advice of counsel.

**\*3** Defendants' assertion that *Bilzerian* does not apply because they may not be relying on advice of counsel for their good faith defense misreads the law. Defendants cite to *In re County of Erie,* where the Court held that "the key to a finding of implied waiver ... is some showing by the party arguing for a waiver that the opposing party *relies* on the privileged communication as a claim or defense or as an element of a claim or defense." 546 F.3d 222, 228 (2d Cir.2008). However, the *Erie* Court noted that the *Bilzerian* Court was correct in finding that, if a defendant "asserted his good faith, the jury would be entitled to know the basis of his understanding that his actions were legal." *Id.* Further, a decision issued after *Erie* makes clear that:

> a party need not explicitly rely on advice of counsel to implicate the privileged communications. Instead, advice of counsel may be placed in issue where, for example, a party's state of mind, such as his good faith belief in the lawfulness of his conduct, is relied upon in support of a claim of defense.... [Because the] legal advice that a party received may well demonstrate the falsity of its claim of good faith belief, waiver in these instances arises as a matter of fairness.

*Leviton Mfg. Co. Inc. v. Greenberg Trauig LLP,* 2010 WL 4983183 (S.D.N.Y. Dec. 6, 2010), at \*3.

Moreover, as Plaintiffs note, "[e]ven if ... Gorton's beliefs about the lawfulness of his conduct were actually separate from legal advice, ... Plaintiffs still would be entitled to know

if Gorton ignored counsel's advice." (Pl. Reply Mem. at 9.) The Second Circuit has held that the "failure to follow the advice of counsel given before infringement must factor into an assessment of an infringer's bad faith." *Int'l Start Class Yacht Racing Ass'n v. Tommy Hiifiger, U.S.A., Inc.,* 80 F.3d 749, 754 (2d. Cir.1996).

In sum, like many other courts have found, "it would be unfair for a party asserting contentions [of good faith] to then rely on its privileges to deprive its adversary of access to material that might disprove or undermine the party's contentions." *Newsmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.,* 258 F.R.D. 95, 106 (S.D.N.Y.2009).

### IV. *Conclusion*

For the foregoing reasons, Plaintiffs' motion is GRANTED. Defendants are precluded from offering evidence or argument at trial regarding their purported belief in the lawfulness of their conduct.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 1642434

---

Footnotes

1  Plaintiffs are also seeking to recover actual damages for approximately 1,490 sound recordings from the pre–1972 period, for which statutory damages under the Copyright Act are concededly not available.

---

**End of Document**   © 2015 Thomson Reuters. No claim to original U.S. Government Works.