SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
wallen@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>RIMINI STREET, INC. , a Nevada corporation and SETH RAVIN, an individual,<br>　　　　　　　　　　　Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI STREET, INC.'S AND SETH RAVIN'S MOTION TO ADMIT DTX 152, DTX 153, DTX 154B, DTX 164A, DTX 340, AND DTX 345 WITHOUT REDACTIONS**<br><br>**PUBLIC REDACTED VERSION**<br><br>Judge:　　Hon. Larry R. Hicks |

# I. INTRODUCTION

Oracle began closely tracking in a database the clients it was losing due to their dissatisfaction with Oracle's service, and the database entries also included observations made by its sales representatives. The "at risk reports" produced from that database and other similar documents created by Oracle would allow the jury reasonably to infer that Oracle lost its clients because of Oracle's poor service and high costs, and not due to any infringement or representations by Rimini. Oracle moved *in limine* to keep these highly relevant documents from the jury under hearsay rules, but the Court denied that motion without prejudice, observing: "the court notes that Oracle does not contest the relevance of the At-Risk Reports… statements by Oracle employees that constitute analysis of the customer relationship, which may or may not be based on information the employee receives from the customer, may be admissible if the statements constitute employee party admissions or present sense impressions." Dkt. 723 at 6. These statements – by Oracle employees – are directly relevant to causation, damages, and to rebut trial testimony from Oracle witnesses, including at least Ms. Catz and Ms. Ransom.

Oracle is seeking to circumvent that ruling through redactions. It seeks to redact directly relevant observations and analyses of customer relationships ***made by its own employees*** in Oracle's own documents. Oracle's proposed redactions disregard the plain language of the Federal Rules of Evidence that such employee party admissions are "not hearsay." Fed. R. Evid. 801(d). Some of Oracle's proposed redactions do not even pass the smell test, such as: "[redacted]." DTX 340.

This evidence has become even more critical following Oracle's CEO Safra Catz's testimony on September 21 that "[t]he vast majority of our customers stay with us if they're using the software. If they go bankrupt, obviously, then, they go away. But for Rimini, since Rimini Street, all those customers are still using our software, I believe that we would have been able to have them all stay with us but for Rimini's behavior." Sept. 21, 2015 Trial Tr. 949:16-22. The documents tell a very different story.

For the reasons set forth below, Rimini requests that the Court admit un-redacted copies of DTX 152, DTX 153, DTX 154B, DTX 164A, DTX 340, and DTX 345. These documents are directly relevant to Rimini's defense and are admissible.

## II. BACKGROUND

Oracle previously moved *in limine* to exclude statements in its "at risk reports" as inadmissible hearsay. This Court denied that motion without prejudice, adopting Rimini's arguments in opposition. Dkt. 723 at 6 (Order); Dkt. 690 at 15-20 (Rimini Opp. Br.). Recognizing that neither side disputed the relevance of these reports, the Court's ruling presented a straightforward application of the hearsay rules:

> At this point, the only generalized ruling that the court can provide is that any direct quoted statements from customers that are being used to prove the truth of the matter asserted - e.g., Customer A states that it is leaving Oracle for a particular reason - are inadmissible hearsay and shall be excluded. However, statements by Oracle employees that constitute analysis of the customer relationship, which may or may not be based on information the employee receives from the customer, may be admissible if the statements constitute employee party admissions or present sense impressions.

Dkt. 723 at 6. That ruling was also consistent with Judge Hamilton's ruling on this same issue in the *Oracle v. SAP AG* case. *See Oracle U.S.A. v. SAP AG*, 2012 U.S. Dist. LEXIS 107147, at *4-5 (N.D. Cal. July 31, 2012).

Rimini intends to introduce Oracle documents in which Oracle employees analyze various customer relationships. Among those documents are DTX 152, DTX 153, DTX 154B, DTX 164A, DTX 340, and DTX 345. Oracle has requested that significant portions of those documents be redacted. ***But not one of Oracle's proposed redactions is a direct quoted customer statement*** (except for limited content in rows 13, 88, 103, and 106 in DTX 154B). Attached as Exhibits A-F are a complete set of those exhibits, with Oracle's proposed redactions highlighted.[1] There are many proposed redactions but, by way of illustrative example, Oracle proposes redacting:

- DTX 152: "[redacted]"
- DTX 153: "[redacted]"

---

[1] As the Court noted in its motion *in limine* order, the variety of statements about Oracle customers generally precludes an all-encompassing ruling. Dkt. 723 at 6. Rather than ask the Court to rule on every proposed redaction, the parties have identified 18 redactions sought by Oracle, in the expectation that once those rulings are made, the parties should be able to resolve any remaining redaction issues. However, Rimini reserves its rights to seek further guidance or rulings from the Court as necessary. The exemplary redacted sections are called out in the attached exhibits with a red box around the redacted text.

- DTX 154B: "[redacted]"
- DTX 164A: "[redacted]"
- DTX 340: "[redacted]"
- DTX 345: "[redacted]"

### III.   ARGUMENT

These highly relevant documents are admissible in their entirety. Oracle's *own employees'* observations about customer relationships are "not hearsay." Fed R. Evid. 801(d). Even if they were hearsay, multiple exceptions apply. The Court should overrule Oracle's objections.

**A.   Oracle's Documents Explaining Why Its Customers Left Are Plainly Relevant.**

The parties never disputed this evidence was relevant. As the Court previously observed: "Oracle does not contest the relevance of the At-Risk Reports." Dkt. 723 at 6. For the first time, however, Oracle suggested at trial that it may now dispute the relevance of these documents. Such an objection would be without merit.

Evidence of why Oracle's customers left Oracle is directly relevant to the causation issues that are central in the case. For example, Ms. Catz testified, among other things, that Oracle customers leave Oracle support under two circumstances: when they drop Oracle software or because of "Rimini's behavior." Sept. 21, 2015 Trial Tr.949:16-22; *id.* 980:21-22(same); *id.* 982:10-13 (same). Ms. Catz also testified that Oracle's customers "had good experience[s] with us." *Id.* at 925:18. Later, Oracle employee Ms. Ransom was asked, by her own attorney, "Do customers ever leave because they're unhappy with Oracle support?" Sept. 22, 2015 Trial Tr. at 1302:16-17. Ms. Ransom did not directly answer that question, instead testifying "You know, I have had customers that are happy and unhappy, but they're staying with Oracle support. So I would say that -- you know, I would say that 95 percent of the time our customers stay with us and are happy with our support." *Id*. at 1302:18-22. Ms. Ransom also testified, "Does Oracle force its customers to upgrade to new versions? A. No. As you can see, we have sustaining support." But Oracle's own documents tell a very different story of customer satisfaction. These documents, which Oracle created as part of its regular business to track and identify why customers were leaving, detail the many different reasons that customers left. This evidence is critical to Rimini's case and is also necessary to rebut Oracle's

own assertions made to the jury about why customers left.  There is simply no basis upon which to conclude that such evidence is not relevant.  *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has *any* tendency to make a factor more or less probably than it would be without the evidence; and (b) the fact is of consequence in determining the action") (emphasis added).

**B.      Oracle's Employees Statements Made On A Matter Within The Scope Of Their Employment Are "Not Hearsay."**

Apart from a few statements in rows 13, 88, 103, and 106 in DTX 154B, not one of Oracle's proposed redactions is a direct quoted customer statement.  Instead, they are observations made by Oracle employees within the scope of those employees' jobs.  The Rules are unequivocal that a statement made by an opposing party's "employee on a matter within the scope of that [employment] relationship" "is not hearsay."  Fed. R. Evid. 801(d), 801(d)(2)(D).

Therefore, when an Oracle employee reports, for example, that "[redacted]" (DTX 154B, proposed redaction by Oracle), those are statements *made by the Oracle sales representative* within the course of his employment as a sales representative.  Those statements are fully admissible.

Some of Oracle's proposed redactions are frivolous.  For example, Oracle proposes redacting in DTX 340: "[redacted]."  Or in DTX 345: "[redacted]."  Or in DTX 345: "[redacted]"  These are clearly observations made by Oracle employees.  None of these are statements made by the customer.  They are not even close to being a direct quote of a customer's statement.

Oracle's positions are also inconsistent.  There are many similar statements that Oracle does not propose to redact, which are legally indistinguishable from the statements it does want to redact.  For example, Oracle does not propose redacting: "[redacted]" (DTX 152); or "[redacted]" (DTX 154B); or "[redacted]" (DTX 345).  Put simply, Oracle proposes redactions of only the statements that hurt its case.  *See*, *e.g.*, DTX 154B, at row 72 (proposing to redact only "[redacted]").

In short, under the plain language of Rule 801, Oracle's proposed redactions do not constitute hearsay.  Fed. R. Evid. 801; *see Oracle U.S.A. v. SAP AG*, 2012 U.S. Dist. LEXIS 107147, at *4-5 (N.D. Cal. July 31, 2012) ("statements by Oracle employees that constitute analysis of a particular Oracle-Customer relationship, which may or may not be based on information that an Oracle employee obtained from the customer's representative, are not inadmissible hearsay, because they

1  constitute employee party admissions or present-sense impressions"); *id.* at *10, *15-16 (admitting
2  similar statements).
3      In addition, an out-of-court statement becomes hearsay only when it is relied upon "to prove
4  the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). There is no hearsay issue
5  if Rimini does not rely on the customer's assertions for the truth of the matter asserted.
6      Take, for example, the comment in DTX 164A on page 8 that "[redacted]." That statement is
7  not hearsay if Rimini does not use it to prove [redacted]. But Rimini can use it to show, as the Oracle
8  employee states, that a customer [redacted]. *Id.*; *see*, *e.g.*, *Atlantic-Pacific Const. Co., Inc. v. NLRB*,
9  52 F.3d 260, 263 (9th Cir. 1995) (testimony of conversations with third parties was "not hearsay"
10 when it "was not offered for the truth" of those conversations, but instead "to show the context within
11 which the parties were acting, to permit the factfinder to learn the circumstances surrounding the
12 matter"); *Henein v. Saudi Arabian Parsons Limited*, 818 F.2d 1508, 1512 (9th Cir. 1987) ("The
13 *reason* given by [a third party] … may be inadmissible hearsay if offered to prove [the truth of the
14 reason], but the fact that [the communication occurred] is certainly not hearsay—it is direct
15 testimony") (emphasis in original); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F.
16 Supp. 2d 966, 974 (C.D. Cal. 2006) (customer emails not hearsay when not offered for the truth of
17 the matter asserted, but instead to establish the company's "knowledge and state of mind as to the
18 activities of" its customers).
19     Nor are statements hearsay when offered for the fact that such communications existed—for
20 example, that Oracle was tracking the loss of dissatisfied customers. *See Henein*, 818 F.2d at 1512
21 ("The hearsay rule does not operate to render inadmissible every statement repeated by a witness as
22 made to another person. It does not exclude evidence offered to prove the fact that a statement was
23 made, rather than the truth of the statement.") (quotation and alteration omitted); *Haddad v. Lockheed*
24 *Cal. Corp.*, 720 F.2d 1454, 1456 (9th Cir. 1983) (testimony by "management regarding third parties'
25 complaints … was not hearsay" when "not offered to prove the truth of the complaints" but instead
26 "to show that [the party's] management had received complaints").
27 **C.    Multiple Hearsay Exceptions Apply.**
28     Even if there were direct quoted customer statements being offered for the truth of the matter

Gibson, Dunn & Crutcher LLP

asserted (and there are only four quoted customer statements in the hundreds of redactions proposed by Oracle), there are multiple exceptions that still make the statements admissible and properly entered into evidence before the jury.

*State of Mind*: Under Federal Rule of Evidence 803(3), "[a]n out of court statement may be admitted as circumstantial evidence of the [party's] state of mind." *Atlantic-Pacific Const. Co.*, 52 F.3d at 263. Here, the customers' statements in Oracle's documents demonstrate that Oracle knew its customers were unhappy with the technical support they were receiving and that they were leaving as a result. Such statements are admissible to establish Oracle's state of mind. *See Oracle U.S.A.*, 2012 U.S. Dist. LEXIS 107147, at *22-23 ("The Oracle statements are not hearsay, and reflect that Oracle was aware that [the customer] was considering leaving Oracle, and that Oracle was evaluating various solutions for this problem. So long as the [customer] email is not being admitted to show that [the customer] in fact cancelled its contract with Oracle for a particular reason, it is admissible under the state-of-mind exception."); *see also Grokster*, 454 F. Supp. 2d at 974.

*Present Sense Impression*: Hearsay is admissible if the statement "describ[es] or explain[s] an event or condition … while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). Here, "the information came from sales reps *as they were going through the renewal cycle*." Dkt. 690-2 at 92:10-11 (Reckers Decl., Ex. A [*Rimini* Cummins Depo. Tr.]) (emphasis added). In other words, the notes in those reports, which were "cut and pasted" from emails sent by Oracle sales representatives (Dkt. 647-14 at 216:16-23, 269:17), are present sense impressions from the sales representatives as they contemporaneously reported on customer renewal negotiations. *See Oracle U.S.A.*, 2012 U.S. Dist. LEXIS 107147, at *4-5 ("statements by Oracle employees that constitute analysis of a particular Oracle-Customer … are not inadmissible hearsay, because they constitute employee party admissions or present-sense impressions").

*Business Records*: The customers' comments embedded within Oracle's documents also fall under the business record exception. "Rule 803(6) allows the admission of business records when two foundational facts are proved: (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity." *Sea-Land Serv., Inc. v. Lozen Intern., LLC*, 285 F.3d 808, 819 (9th Cir.

Gibson, Dunn &
Crutcher LLP

6

2002). Oracle's own employees' statements describing their observations about customers are admissible under the business records exception. *See United States v. Pazsint*, 703 F.2d 420, 424 (9th Cir. 1983) (applying the business records exception to admit evidence of a police officer's observations about third parties, noting "[i]t is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted"). And the nature of the reports themselves demonstrates that Oracle verified the accuracy of the contents. The reports were created at the request of "the management team" (Dkt. 690-2 at 90:14-22), Oracle was "trying to be proactive to understand any customer that was at risk" (Dkt. 690-3 at 219:23-25 [*SAP* Cummins Depo. Tr.]), and they even had a "SWAT team … to make sure information was available for use in sales of renewal support" (*id*. at 127:3-7). In other words, Oracle had every reason to ensure the accuracy of the information in the at risk reports. Additionally, without waiving any rights, counsel for both sides agreed on September 21, 2015 to treat parties' emails as falling within the business records exception for trial purposes. DTX 340 is an email exchange among Oracle employees and is therefore admissible in its entirety under this agreement.

*Residual Hearsay Exception*: Because Oracle ensured the accuracy of the contents of these documents, that information is separately admissible under Rule 807. It is highly relevant, highly probative evidence with sufficient indicia of trustworthiness. *See FTC v. Figgie Intern., Inc.*, 994 F.2d 595, 608 (9th Cir. 1993) (admitting complaint letters written by consumers under Rule 803(24)).

## IV.   CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court admit DTX 152, DTX 153, DTX 154B, DTX 164A, DTX 340, and DTX 345 without any redactions.

DATED:   September 23, 2015          Respectfully submitted,

Shook, Hardy & Bacon LLP

By: ___/s/ *Robert H. Reckers*_____
       Robert H. Reckers

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

Gibson, Dunn & Crutcher LLP

7

# CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: (415) 393-2000<br>Facsimile: (415) 393-2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>ORACLE CORPORATION<br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: (650) 506-4846<br>Facsimile: (650) 506-7114<br>jim.maroulis@oracle.com |

By:  /s/ *Robert H. Reckers*
         Robert H. Reckers

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*

Gibson, Dunn &
Crutcher LLP

8