BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
kringgenberg@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:  415.442.1000
Facsimile:  415.442.1001
thomas.hixson@morganlewis.com
kristen.palumbo@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S OPPOSITION TO RIMINI STREET'S AND SETH RAVIN'S MOTION TO ADMIT DTX 152, DTX 153, DTX 154B, DTX 164A, DTX 340 AND DTX 345 WITHOUT REDACTIONS**<br><br>*PUBLIC REDACTED VERSION* |

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO ADMIT DTX 152, DTX 153,
DTX 154B, DTX 164A, DTX 340 AND DTX 345 WITHOUT REDACTIONS

Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively, "Oracle") submit this opposition to Defendants' ("Rimini's") motion to admit DTX 152, DTX 153, DTX 154B, DTX 164A, DTX 340 and DTX 345 without redactions.

## I.     BACKGROUND

Oracle has produced numerous documents in this matter that contain statements from Oracle's customers. Some of those customers left Oracle for Rimini, but many others did not and are irrelevant to this case. Rimini included many of these documents on its exhibit list, and Oracle moved *in limine* to exclude the inadmissible hearsay in these documents. Dkt. 648 at 12:24-16:2. The Court denied the motion "without prejudice," stating that the exhibits "should be addressed on a case-by-case basis at trial." The Court stated that "[a]t this point, the only generalized ruling" it could make was "any *direct quoted* statements from customers that are being used to prove the truth of the matter asserted . . . are inadmissible hearsay and shall be excluded," and that "statements by Oracle employees that *constitute analysis of the customer relationship*, which may or may not be based on information the employee receives from the customer, *may* be admissible if the statements constitute employee party admissions or present-sense impressions." Dkt. 723 at 6:11-24 (emphasis added). The Court did not make any determinations as to whether any specific statements fall into the former, *inadmissible* category ("direct quoted statements from customers") or the latter, *admissible* category ("analysis of the customer relationship"). The Court also did not address the large in-between category, where an Oracle employee simply paraphrases information provided by a customer but does not provide any analysis of the customer relationship. Rather, the Court stated that it would make those determinations "at trial when the court is more familiar with the statements and the context for which they are being offered." *Id.* at 6:22-24.

Rimini now seeks to admit various documents that contain quoted or paraphrased statements from Oracle's customers – whether or not they are relevant to this case, including many statements by customers that did *not* go to Rimini – often including negative statements about Oracle support. Not only do these documents contain customer hearsay in the form of statements from customers falling in the category of statements the Court has ruled inadmissible,

1  but much of that hearsay is also irrelevant and unduly prejudicial because it relates to customers
2  that are not even at issue in this case because they did not leave Oracle for Rimini Street or
3  because they were not licensees of the relevant Oracle products.  Further, at this point in the trial
4  when all of Oracle's employee witnesses have been questioned and only Oracle's damages
5  experts remain, Rimini cannot establish a foundation for these documents or in any way establish
6  that they are relevant to this case.  Therefore, consistent with the Court's ruling, Oracle has
7  proposed redactions to these exhibits to eliminate the inadmissible hearsay and irrelevant and
8  unduly prejudicial customer statements.
9      In order to resolve this dispute, the parties have agreed to limit their discussion to a
10 subset of Oracle's proposed redactions in six of the documents that Rimini seeks to admit.
11 Based on the Court's rulings on these exemplar proposed redactions, the parties can then
12 extrapolate to any other of Oracle's proposed redactions to these documents that Rimini seeks to
13 admit.
14 **II.    DISCUSSION**
15     Rimini's motion to admit these exhibits without redactions should be denied for three
16 reasons.  *First*, the customer comments are unreliable hearsay that Rimini seeks to admit for the
17 truth of the matters asserted.  The documents that Rimini seeks to admit are largely ████████
18 ████████████████████████████████████████████████████████████████
19 ████████████████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████████
21 ████████████████████████████████████████████████  Dkt. 647-1 (Ransom
22 Dep.) at 71:4-17.  Oracle had no way of verifying the customer statements' accuracy.  █
23 ████████████████████████████████████████████████████████████████
24 ████████████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████
28     The customer statements at issue in these documents are classic examples of unreliable

1 customer complaints, and the Court should exclude them from evidence. *See Rowland v. Am.*
2 *Gen. Fin.*, 340 F.3d 187, 194-95 (4th Cir. 2003) (customer complaint inadmissible as double
3 hearsay, even when contained within official records that came within a hearsay exception).
4    In selecting the customer statements for proposed redaction, Oracle has taken care to
5 follow the Court's guidance on Oracle's motion *in limine* regarding customer hearsay and only
6 proposed redactions for statements that came directly from customers and not statements that
7 consist of Oracle's analysis of the customer relationship. The hearsay issues relevant to the
8 exemplar statements are discussed in detail below.
9    ***Second***, for many of the proposed redactions, the customer statements are irrelevant and
10 unduly prejudicial because the negative statements relate to non-Rimini customers or to
11 customers on products that are not at issue in this case. For example, in one of the exemplars,
12 Column M, Row 77 of DTX 154B, the customer at issue is ███████████████, which is
13 not a relevant customer in this case. *See* Dkt. 523 at 8:23-17:23. In another example, page 2 of
14 DTX 340 contains a statement by customer ████████████ concerning why it dropped
15 support "████████████████." Hixson Decl., Ex. E. Rimini quotes this statement
16 prominently in its brief (Motion at 3), but not only is True Value Company not a Rimini
17 customer, Oracle's Retail software is not a product line at issue in this case. Between them,
18 DTX 154B and 171B contain literally hundreds of hearsay statements by customers that did not
19 go to Rimini and have nothing to do with this lawsuit. Rimini is trying to admit huge piles of
20 obviously irrelevant hearsay purely for its prejudicial effect.
21    ***Third***, Rimini has failed to establish a foundation for the statements at issue in these
22 documents. At this point in the trial, Oracle's only remaining witnesses are its damages experts.
23 Rimini has failed to introduce these documents with an Oracle decision-maker to establish
24 relevance or foundation. Right now they are just unexplained spreadsheets or PowerPoints with
25 no foundational testimony to show how they were created, who received them, or how they were
26 used. Rimini argues in its motion that the customer statements at issue are not really statements
27 by the customers but analysis by Oracle employees of the customer relationship, but there is no
28 evidence at trial or otherwise to establish that this is actually true. Admission of these

documents without Oracle's proposed redactions would introduce unreliable hearsay that is irrelevant and unduly prejudicial and lacks sufficient foundation.

## III. EXEMPLARS

### A. DTX 152 (Hixson Decl., Ex. A)

DTX 152 is a ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. The parties propose that the Court rule on the following redactions proposed by Oracle for DTX 152 (the text that Oracle proposes to redact is highlighted in Ex. A):

*Column AH, Row 4 (p.4)*

**Excerpted Text (proposed redacted text in bold italics):** "▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌"

**Argument:** ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ The repeated statements "they believe" and "they feel" indicate that the Oracle employee is recording the statements of others. The quoted text merely reports hearsay and contains no analysis of the customer relationship by Oracle, and therefore it is not a party admission or a present sense impression.

*Column AH, Row 10 (p.4)*

**Excerpted Text (proposed redacted text in bold italics):** "▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌"

**Argument:** ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Why that company left Oracle support has no relevance

1  at all to this case.  Further, Oracle proposes to redact the bolded text in this cell because it is
2  paraphrased statements directly from the customer made at a meeting with the customer's
3  controller.  ██████████████████████████████████████████████████
4  ██████████████████████████████████████  These statements are preceded and
5  followed by what is arguably an analysis of the customer relationship, but the material in the
6  proposed redactions merely reports hearsay.
7  *Column AH, Row 15 (p.4)*
8  **Excerpted Text (proposed redacted text in bold italics):** "████████████████
9  ██████████████████████████████████████████████
10 ██████████████████████████████████████████████
11 ██████████████████████████████████████████████
12 ██████████████████████████████████████████"
13 **Argument:**  The text in this cell is paraphrased statements directly from the customer apparently
14 made at a meeting with the customer on 12/21/2005.  The proposed redacted text contains
15 information that Oracle could only have heard from the customer, such as what the customer
16 "wants."  Therefore, the proposed redactions are inadmissible hearsay.
17 *Column AH, Row 18 (p.4)*
18 **Excerpted Text (proposed redacted text in bold italics):** "████████████████
19 ██████████████████████████████████████████████
20 ██████████████████████████████████████████████
21 ██████████████████████████████████████████████
22 ██████████████████████████████████████████████
23 ██████████████████████████████████████████████
24 ██████████████████████████████████████████████
25 ██████████████████████████████████████████████
26 ██████████████████████████████████████████████
27 ████████████████████"
28

...

1 **Argument:** The bolded text in this cell is paraphrased statements directly from the customer.
2 The proposed redacted text contains information that Oracle could only have heard from the
3 customer, such as what the customer plans to do and what "they are basically telling us." The
4 proposed redactions are inadmissible hearsay.

5       **B.**     **DTX 153 (Hixson Decl., Ex. B)**

6 DTX 153 is a slide presentation that appears to be a training deck for the Oracle sales
7 organization. The first few pages of the slide deck provide guidance on ▮▮▮▮▮
8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Page 25 of the presentation contains an example of
9 an "Executive Summary," which is a form Oracle sales renewal representatives can fill out to
10 send to management to obtain approval. Page 25 has an example of an Executive Summary for
11 ▮▮▮▮▮▮▮▮▮. The parties propose that the Court rule on the following redaction proposed
12 by Oracle for DTX 153 (the text that Oracle proposes to redact is highlighted at Bates page
13 ORCLRS0175460 of Ex. B):

14 **Excerpted Text (proposed redacted text in bold italics):** "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"

19 **Argument:** This text is irrelevant. There is no indication that this example in the training
20 presentation is real. In context, this document is clearly being used for training purposes; the
21 ▮▮▮ example could be made up for training purposes. Assuming this example is real, the text
22 in this cell would consist of paraphrased statements directly from the customer. The proposed
23 redacted text reports what the customer "expressed" and what it "suggested." Therefore, the
24 proposed redactions are inadmissible hearsay.

25       **C.**     **DTX 154B (Hixson Decl., Ex. C)**

26 DTX 154B is a spreadsheet recording data related to communications with customers
27 from the 2005-2006 timeframe. The parties propose that the Court review the following
28

1  redactions proposed by Oracle for DTX 154B (the text that Oracle proposes to redact is
2  highlighted in Ex. C):
3  *Column M, Row 6 (Ex. C at 63)*
4  **Excerpted Text (proposed redacted text in bold italics):** "█████████
5  ████████████████████████████████████
6  ████████████████████████████████████
7  ████████████████████████████████████
8  ███████████████████████████"
9  **Argument:**  The proposed redacted text in this cell is paraphrased statements directly from the
10  customer.  ████████████████████████████████
11  ████████████████████████████████  The
12  proposed redacted text merely reports hearsay.
13  *Column M, Row 7 (Ex. C at 63)*
14  **Excerpted Text (proposed redacted text in bold italics):** "█████████
15  ████████████████████████████████████
16  ████████████████████████████████████
17  ████████████████████████████████████
18  █████████████████"
19  **Argument:**  The statements are hearsay.  The proposed redacted text in this cell is explicitly
20  paraphrased statements directly from the customer.  The proposed redacted text begins, "They
21  say," referring to the customer.  The proposed redacted text merely reports hearsay.
22  *Column M, Row 31 (Ex. C at 69)*
23  **Excerpted Text (proposed redacted text in bold italics):** "█████████
24  ████████████████████████████████████
25  ████████████████████████████████████
26  ████████████████████████████████████
27  ████████████████████████████████████
28  ████████████████████████████████

1  █████████████████████████████████████████████

2  █████████████████████████████████

3  ███████████████████████████████████

4  █████████████████████████████████████████████

5  █████████████████████████████████████

6  █████████████████████████████████████

7  █████████████████████████████████████████████

8  ████"

9  **Argument:**  The proposed redacted text in this cell is explicitly paraphrased statements directly

10  from the customer.  The proposed redacted text begins, "They say," referring to the customer.

11  Portions of the text are written in the first person, stating views obviously attributable to the

12  customers ("█████████████████████████████████████

13  ████████████"), as if written by the customer itself.

14  *Column M, Row 77 (Ex. C at 76)*

15  **Excerpted Text (proposed redacted text in bold italics):** "████████████████

16  █████████████████████████████████████████████

17  █████████████████████████████████████████████

18  █████████████████████████████████████████████

19  ███████████████████████████████████████

20  █████████████████████████████████████████████

21  █████████████████████████████████████████

22  ████████████████████████████████████████

23  ████████████████████████████████████████

24  █████████████████████████████████████████

25  ██████████████████████████████████████

26  █████████████████████████████████████████

27  █████████████████████████████████████████

28

1 ███████████████████████████████████████████████████████████████

2 ████████████████████████████████"

3 **Argument:** This text is irrelevant because it relates to ████████████████ (Ex. C at 14),

4 which is not a Rimini customer. *See* Dkt. 523 at 8:23-17:23. Further, the proposed redacted text

5 in this cell is explicitly paraphrased or quoted statements directly from the customer. The

6 proposed redacted directly quotes the customer multiple times, refers to what the customer

7 requested, communicated, felt, and wanted. The proposed redacted text merely reports hearsay

8 *Column M, Row 78 (Ex. C at 76)*

9 **Excerpted Text (proposed redacted text in bold italics):** "████████████████

10 ██████████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████

12 ██████████████████████████████████████████████████████████████

13 ██████████████████████████████████████████"

14 **Argument:** This text is irrelevant because the customer at issue – ████████████ – (Ex. C at

15 14) is not a Rimini customer. *See* Dkt. 523 at 8:23-17:23. In addition, the proposed redacted

16 text in this cell is paraphrased statements directly from the customer. The proposed redaction

17 describes what the customer "wrote," and paraphrases the customer's response to Oracle's email.

18 *Column M, Row 92 (Ex. C at 77)*

19 **Excerpted Text (proposed redacted text in bold italics):** "████████████████

20 ██████████████████████████████████████████████████████████████

21 ██████████████████████████████████████████████████████████████

22 ████████████████████████████████████"

23 **Argument:** This text is irrelevant because the customer at issue – ████████████ – (Ex. C

24 at 15) is not a Rimini customer. *See* Dkt. 523 at 8:23-17:23. In addition, the proposed redacted

25 text in this cell is paraphrased statements directly from the customer. The proposed redaction

26 describes how the customer felt, conveying statements that only could have come from the

27 customer.

28 *Column M, Row 129 (Ex. C at 83)*

1 **Excerpted Text (proposed redacted text in bold italics):** "█████

2 ████████

3 ████████

4 ████████

5 ████████

6 ████"

7 **Argument:** The proposed redacted text in this cell is paraphrased statements directly from the

8 customer.  The proposed redactions paraphrase the customer's email and statements made on a

9 phone conversation.

10     D.    **DTX 164A (Hixson Decl., Ex. D)**

11     DTX 164A is an email and attached slide presentation that contains summary information

12 about customer cancellations.  The parties propose that the Court review the proposed redactions

13 related to ████████ on page ORCLRS0207977 and ████████ highlighted on page

14 ORCLRS0207977 of Ex. D.

15 **Excerpted Text (proposed redacted text in bold italics):**

16 "████████

17 ████████

18 ████████

19 ████████

20 ████████

21 ████████

22 ██

23 ████████

24 ████████

25 ████████"

26 **Argument:** ████████ are not Rimini

27 customers, so these entries about them are irrelevant to this case.  In addition, the proposed

28 redacted text is paraphrased statements directly from the customer.  The proposed redactions

1 paraphrase statements that the customers must have made to Oracle, such as what the customer's

2 "intention" was, what the customer could "justify," or what the customer "needs" or how the

3 customer is "uncertain."  The proposed redacted text merely reports hearsay.

4       **E.**      **DTX 340 (Hixson Decl., Ex. E)**

5       DTX 340 is an Oracle email containing approval requests.  The parties propose that the

6 Court review the proposed redactions related to ▮▮▮▮▮▮▮▮ highlighted on page

7 ORCLRS0703290 of Ex. E.

8 **Excerpted Text (proposed redacted text in bold italics):**

9 "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮

13 ▮

14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16 ▮▮▮▮"

17 **Argument:**  This text is irrelevant because ▮▮▮▮▮▮▮▮ is not a Rimini customer and

18 Oracle's Retail software is not a product line at issue in this case.  In addition, the proposed

19 redacted text is paraphrased statements directly from the customer explaining why the customer

20 canceled Oracle support and the customer's related feelings.

21       **F.**      **DTX 345 (Hixson Decl., Ex. F)**

22       DTX 345 is a slide presentation regarding Global Support Cancellations.  The parties

23 propose that the Court review the proposed redactions highlighted at Bates pages

24 ORCLRS0707449 (Ennis) and ORCLRS0707457 (Sysmex) of Ex. F.

25 **Excerpted Text (proposed redacted text in bold italics):**

26 ▮▮▮▮▮: "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  ██████████████████████████████████████████████████████████████

2  ██████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████"

4  Sysmex: "████████████████████████████████████████████████████

5  ██████████████████████████████████████████████████████████████

6  ██████████████████████████████████████████████████████████████

7  ████████████████████████████████████"

8  **Argument:** Both of the above entries are irrelevant because neither ██████████ are

9  Rimini customers. *See* Dkt. 523 at 8:23-17:23. They have nothing to do with this case. In

10 addition, the proposed redacted text is paraphrased statements directly from the customers

11 explaining why the customers canceled Oracle support and the customer's related "thoughts,"

12 "plans," and "decisions" for its business. The proposed redacted text merely reports hearsay and

13 contains no analysis of the customer relationship by Oracle, and therefore it is not a party

14 admission or a present sense impression.

**IV. CONCLUSION**

For the foregoing reasons, the Court should deny Rimini's motion and order the redactions that Oracle has proposed.

Dated: September 24, 2015

                              MORGAN, LEWIS & BOCKIUS LLP

                              By:     /s/ Thomas S. Hixson
                                        Thomas S. Hixson
                                    Attorneys for Plaintiffs
                                      Oracle USA, Inc.,
                                   Oracle America, Inc. and
                               Oracle International Corporation

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO ADMIT DTX 152, DTX 153,
DTX 154B, DTX 164A, DTX 340 AND DTX 345 WITHOUT REDACTIONS