| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>5301 Wisconsin Ave, NW<br>Washington, DC 20015<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com<br><br>Attorneys for Plaintiffs Oracle USA, Inc.,<br>Oracle America, Inc. and Oracle International Corp. | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: 415.442.1000<br>Facsimile: 415.442.1001<br>thomas.hixson@morganlewis.com<br>kristen.palumbo@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>        Plaintiffs,<br>   v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>        Defendants. | Case No 2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO ADMIT EXHIBITS WITHOUT REDACTIONS AND SUPPORTING EXHIBITS A-F** |

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, Dkt. 55 ("Protective Order"), Local Rules 10-5(b) and 16.1-4, and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") respectfully request that the Court grant leave to file under seal certain portions of Oracle's Opposition to Defendants' Motion to Admit Exhibits Without Redactions ("Opposition") and Exhibits A-F of the Declaration of Thomas Hixson in support of the same (the "Hixson Declaration"). These portions of Oracle's motion and supporting documents reflect information that Oracle has designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under the Protective Order. Public, redacted versions of Oracle's Opposition and Exhibits to the Hixson Declaration were filed on September 24, 2015, *see* Dkt. 811, and an unredacted version of each was subsequently filed under seal with the Court, *see* Dkt. 812.

The Protective Order states, "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' under the terms of this Protective Order *only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).* The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." Protective Order ¶ 2 (emphasis supplied).

Oracle has designated Exhibits A-F as Confidential or Highly Confidential - Attorneys' Eyes Only. Oracle requests that the Court order the Clerk of the Court to file Exhibits A-F under seal, as well as the related portions of Oracle's Opposition that reflect information contained in Exhibits A-F. Documents may be sealed for "good cause." *Selling Source, LLC v. Red River Ventures, LLC*, 2:09-CV-01491-JCM, 2011 WL 1630338, at *1 (D. Nev. Apr. 29, 2011) (citing *Phillips v. General* Motors, 307 F.3d 1206, 1210, 1213 (9th Cir. 2002)). "For good cause to exist, the party seeking protection bears the burden of showing that specific prejudice or harm

1

ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO ADMIT EXHIBITS WITHOUT REDACTIONS AND SUPPORTING EXHIBITS

1  will result if the materials are not filed under seal." *Id.*

2  Exhibits A-F are Oracle's "at risk" reports and documents that excerpt portions of those
3  reports. These reports contain highly sensitive non-public internal Oracle pricing and customer
4  information, and Oracle's negotiation history and strategy with respect hundreds of its
5  customers. The public disclosure of this information would grant Oracle's actual and potential
6  competitors and customers access to non-public and commercially sensitive information about
7  Oracle's support pricing, business vulnerabilities, and practices. Such information could unfairly
8  be used to compete with Oracle or to extract unfair leverage in licensing and support
9  negotiations. Thus, there is good cause to seal this information because disclosure would create
10 a risk of significant competitive injury and particularized harm and prejudice to Oracle. *Selling*
11 *Source, LLC* 2011 WL 1630338, at *1 (finding good cause to seal information about party's
12 "business operations, customer agreements . . . details of [] customer base . . . how the company
13 works with and licenses products to its customers and measures it takes to protect its intellectual
14 property"). Indeed, there is a compelling interest in having them sealed. *Id*. at *6 ("Where the
15 material includes information about proprietary business operations, a company's business
16 model or agreements with clients, there are compelling reasons to seal the material because
17 possible infringement of trade secrets outweighs the general public interest in understanding the
18 judicial process.")

19 Oracle has submitted all other portions of Oracle's Opposition and supporting papers to
20 the Court's public files, which allow public access to all materials except for the items discussed
21 above. Accordingly, the request to seal is narrowly tailored. For the foregoing reasons, Oracle
22 respectfully requests that the Court grant leave to file the documents discussed above under seal.

23 DATED: September 24, 2015                    MORGAN, LEWIS & BOCKIUS LLP

                                                By: _____/s/ Thomas S. Hixson_____
                                                        Thomas S. Hixson
                                                        Attorneys for Plaintiffs
                                                        Oracle USA, Inc.,
                                                        Oracle America, Inc.,
                                                        and Oracle International Corp.

2

ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S OPPOSITION TO
DEFENDANTS' MOTION TO ADMIT EXHIBITS WITHOUT
REDACTIONS AND SUPPORTING EXHIBITS