SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 3400
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
wallen@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC.; and ORACLE INTERNATIONAL CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC.; and SETH RAVIN,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S BRIEF REGARDING EVIDENTIARY DISPUTE** |

## I. INTRODUCTION

Although no court or jury has adjudicated either TomorrowNow or CedarCrestone to have infringed Oracle's copyrights, Oracle would have its experts tell the jury that both parties infringed. At the same time, Oracle seeks to prevent Rimini Street's expert from testifying about CedarCrestone's conduct in the market during the time period relevant here, despite this Court's order denying Oracle's motion in limine on the same topic. Oracle is wrong on both counts.

*First*, the irrelevant and prejudicial testimony that TomorrowNow and CedarCrestone infringed Oracle's copyrights (in the form of testimony and demonstratives) would be highly improper given that (i) no court found that these third parties infringed and (ii) there was no discovery relating to whether these third parties infringed. Remarkably, the "evidence" Oracle seeks to introduce on this point is its expert's testimony at trial that he was *informed* by Oracle's lawyer that these parties infringed. Such testimony violates just about every rule in the Federal Rules of Evidence, including that it constitutes inadmissible hearsay, lacks personal knowledge, lacks foundation, lacks relevance, is speculative, is incomplete, assumes facts not in evidence, is being presented as improper character evidence, and is not an issue on which the expert is qualified. *See*, *e.g.*, Fed. R. Evid. 104, 401, 403, 602, 702, 802, 901.

Oracle's true motive is crystal clear—to finally connect the dots between Seth Ravin and TomorrowNow to create the impermissible inference in the jurors' minds that Mr. Ravin is a recidivist infringer. This has been Oracle's goal all along. *E.g.*, Dkt. 747 at 24 (Oracle Trial Br.) ("This was not the first time that Ravin engaged in this conduct, and he persisted in this unlawful conduct even after Oracle sued TomorrowNow and after TomorrowNow shut down"). Notwithstanding Rimini's objection at every stage (including its standing objections), the Court permitted TomorrowNow to be mentioned, the Court permitted the jury to hear that TomorrowNow is no longer operating, that SAP's CEO admitted unspecified "wrongdoing" by TomorrowNow, that Oracle brought the lawsuit against Rimini at least in part because of TomorrowNow's conduct, and now Oracle seeks to tell the jury that TomorrowNow is no longer operating because it infringed Oracle's copyrights. This next step in the egregious expansion of Oracle's use of the TomorrowNow evidence would further irretrievably taint any verdict, despite the lack of foundation of sufficient

-1-

1  similarity between TomorrowNow and Rimini, either during, and *especially* after, Mr. Ravin's
2  departure.

3        And Oracle argues that because CedarCrestone and Oracle settled a copyright infringement
4  lawsuit in 2013, *after* discovery closed in this case, and *after* the relevant time period at issue during
5  this trial, that somehow justifies Oracle telling the jury that CedarCrestone infringed. But there is no
6  basis whatsoever for drawing that distinction, because there is absolutely no evidence regarding why
7  CedarCrestone settled its case with Oracle. Rimini was denied any discovery into CedarCrestone's
8  settlement with Oracle, and for the same reasons Oracle has successfully prevented Rimini from
9  discussing any facts from after 2011 or testifying about its state of mind regarding the attorney
10 letters, nothing about CedarCrestone's settlement with Oracle or anything suggesting CedarCrestone
11 infringed Oracle's copyright, should be admitted at trial.

12       ***Second***, Oracle attempts to prevent Rimini's industry custom and practice expert from
13 discussing CedarCrestone's conduct in the market pre-December 31, 2011. But such evidence is
14 critical to Rimini's punitive damages defense that during this time CedarCrestone, which also
15 competed with Oracle, used certain similar business practices as Rimini, and therefore Rimini's
16 conduct was consistent with the industry custom and practice. *Safeco Ins. Co. of Am. v. Burr*, 127 S.
17 Ct. 2201, 2216 n.20 (2007) ("disagree[ing]" with defendant's analysis of its legal obligations, but
18 holding that because defendant's interpretation, "albeit erroneous, was not objectively
19 unreasonable," defendant could not be said to have acted "willfully" or with "reckless disregard").

20       **II.   ARGUMENT**

21 **A.   Oracle Should Not Be Permitted to Argue that Other Parties Infringed**

22       Permitting Oracle's experts to tell the jury that TomorrowNow and CedarCrestone infringed
23 Oracle's copyrights would be highly improper and unduly prejudicial. And because Rimini *will not*
24 *introduce evidence* that TomorrowNow and CedarCrestone were infringing or non-infringing
25 alternatives, Oracle's proposed jury instruction (Dkt. 810) misses the issue entirely, and would
26 merely highlight the TomorrowNow issue for the jury.

27
28

457839 v1

1. **Testimony That TomorrowNow Infringed Oracle's Copyrights Would Be Unduly Prejudicial**

The Court has repeatedly ruled that evidence of the result of the TomorrowNow lawsuit would be highly prejudicial to Rimini Street and should be excluded from trial. *See* Day 3 Tr. 391:25-406:8; Day 4 Tr. 495:12-503:14; Day 6 Tr. 941:25-942:3. Those rulings have been steadily undermined by Oracle. TomorrowNow has been mentioned every day at trial, with almost every witness. *See*, *e.g.*, Day 3 Tr. 350, 408, 421, 429 (Ravin); Day 4 Tr. at 868 (Allison); Day 5 Tr. at 938, 946 (Catz); Day 7 Tr. at 1346 (Ransom); Day 7 Tr. at 1221 (Baron). Permitting Oracle to now bring in evidence that TomorrowNow actually infringed Oracle's copyrights, and to make explicit what it has been intimating to the jury for the last eight days, would deprive Rimini any chance of defending itself against Oracle's claims.

There is no basis for telling the jury that TomorrowNow was an infringing alternative.

First, no one knows *why* SAP and TomorrowNow stipulated to liability: they could have decided those claims were too expensive to defend, that they had better arguments they wanted to focus on, that TomorrowNow was indeed liable for infringement, or something else entirely. Because TomorrowNow's liability was never adjudicated in a court of law, there is no clear and convincing evidence of infringement. *Coursen v. AH Robbins Co.*, 764 F.32d 1329, 1334 (9th Cir. 1985); *Baxter Health Corp. v. Spectramed*, 1992 WL 340763, at *9 (C.D. Cal. Dec. 19, 2006). Indeed, without third-party discovery, the true answer will never be known.

Second, as Rimini has argued before and during trial, there has been no evidence about how TomorrowNow actually operated during the two years in which it was run by SAP, beyond cursory assertions that Mr. Ravin came from TomorrowNow, that TomorrowNow had similar "design elements" to Rimini Street, and that Mr. Ravin came up with the idea for both business models. Day 3 Tr. 409:14-16, 410:19-21. Oracle has not proven, as was its burden, that TomorrowNow was sufficiently similar to Rimini or that Mr. Ravin was in any way responsible for the conduct at TomorrowNow that ultimate led to the stipulation of infringement. Dkt. 561 at 7-8. Since the Court permitted admission of TomorrowNow evidence Oracle has explored TomorrowNow with almost every witness, which has sowed confusion and unduly prejudiced Oracle.

- 3 -

457839 v1

1    Third, even though Oracle purports to seek introduction of this evidence for the limited
2 purpose of discussing non-infringing alternatives, there is no way to truly cabin the consideration of
3 this evidence for the jury.  Moreover, there is no reason for Oracle to introduce this evidence
4 because Rimini will not argue and its witnesses will not testify that TomorrowNow was a non-
5 infringing alternative.  As this Court noted a few days ago, the parties will "obviously reach a point
6 where references to the [TomorrowNow] litigation will have to cease."  Day 3 Tr. 419:16-17.
7 Rimini submits that this point was reached long ago, but admitting this evidence would worsen
8 Rimini's position still further.  This evidence should therefore be excluded pursuant to Federal Rule
9 of Evidence 403 and 404(b).

2. **Testimony That CedarCrestone Infringed Oracle's Copyrights Would Be Unduly Prejudicial and Was Not Subject to Discovery**

For the same reasons, whether CedarCrestone infringed Oracle's copyrights is completely irrelevant to do with whether Rimini infringed.  *See*, *e.g.*, *Predator International Inc. v. Gamo Outdoor USA, Inc.*, 2014 WL 348637, at *3 (D. Colo. Jan. 31, 2014) (excluding evidence of unrelated litigation because it was not relevant); *cf. Retractable Technologies, Inc. v. Becton, Dickinson and Co.*, 653 F.3d 1296, 1307 (Fed. Cir. 2011) (holding that district court properly excluded evidence of party's litigation with third party).   And in any event, *there is no evidence* that CedarCrestone *did infringe*.  CedarCrestone settled a lawsuit with Oracle, but, as discussed above, there are myriad reasons why a party would settle a lawsuit completely unrelated to actual liability.

Moreover, Rimini was specifically denied any discovery into CedarCrestone's settlement with Oracle.  Oracle disclosed the declaration it seeks to use here *in 2013*.  That declaration was dated the *same day* Oracle and CedarCrestone settled their lawsuit (on August 13, 2013), and recants testimony from a prior deposition testimony defending CedarCrestone's conduct that Oracle claimed infringed.  Rimini immediately sought discovery, which was opposed by Oracle, and denied by Magistrate Judge Leen.

The reason that CedarCrestone settled with Oracle and why it recanted the testimony it had given under oath are totally unknown to Rimini Street.  Consequently, Rimini has no way to rebut this evidence—*even if CedarCrestone never actually infringed Oracle's copyrights*.  It is absurd to

- 4 -

457839 v1

1  let Oracle tell the jury that CedarCrestone infringed when there is no evidentiary basis to make that
2  speculative assertion, which also lacks foundation, constitutes inadmissible hearsay, lacks personal
3  knowledge, assumes facts not in evidence, and is not an issue on which the expert is qualified,
4  among other flaws.

5  And in any event, because this declaration was created after the close of discovery and after
6  the relevant time period at issue in this case, it and any testimony related to it should be excluded on
7  the independent grounds that it is untimely and irrelevant. *United States v. Little,* 2007 WL 869679,
8  *6 (E.D. Cal. Mar. 21, 2007) (evidence was "not admissible discovery material as it [was] presented
9  outside the scope of discovery and after discovery had been closed"); *cf., James R. Glidewell Dental*
10 *Ceramics, Inc. v. Keating Dental Arts, Inc.,* 2013 WL 655314, at n.3 (C.D. Cal. Feb. 21, 2013) ("The
11 Court will not consider the portions of the [untimely] Declaration that contradict timely-produced
12 discovery documents") (internal citation omitted); Fed. R. Civ. P. 26(a).

13 **B.     Rimini Must Be Permitted to Demonstrate that It Complied with Industry Custom**

14 Although testimony about CedarCrestone from after the discovery cut-off cannot be admitted
15 at trial, CedarCrestone's conduct *within* the discovery period is plainly relevant as industry custom
16 and practice supporting Rimini's punitive damages defense that Rimini acted consistent with
17 industry custom and practice and was therefore not a reckless actor.  This Court denied Oracle's
18 motion in limine on this issue, explaining that "testimony about industry standards, customs, and
19 practice is relevant to Oracle's claims for punitive damages and willful infringement" and "will
20 assist the jury in determining whether defendants' actions were willful."  Dkt. 724 at 8.  This ruling
21 was correct and applies squarely to CedarCrestone, and the testimony should be admitted.

22 CedarCrestone was an actor in the industry during the relevant time period, and its conduct is
23 highly relevant to the question of what the industry thought was proper and legal.  And, importantly,
24 whether or not CedarCrestone's conduct was in fact infringing is immaterial.  The question for
25 punitive damages liability is whether Rimini's conduct was in line with the industry's conduct.
26 Thus, even if the industry misjudged whether its conduct was infringing, Rimini would still not be
27 subject to a punitive damages award.  *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007); *see*
28 *also*, *e.g.*, *Ramirez v. Plough*, 6 Cal. 4th 539, 552-555 (1993); *Mason v. Mercury Casualty Co.*, 64

1  Cal. App. 3d 471, 475 (1976) (citing defendant's compliance with industry custom in rejecting
2  punitive damages as a matter of law).[1]  This is because a defendant that acts in line with prevailing
3  industry practices lacks the requisite "evil intent" that the law demands before punitive damages can
4  be imposed.  *Taylor v. Superior Court*, 24 Cal. 3d 890, 894-95 (1979); *see* Nev. Rev. Stat.
5  § 42.001(3) (malice requires conduct "intended to injure a person or despicable conduct"); *Wyeth v.*
6  *Rowatt*, 244 P.3d 765, 783 (Nev. 2010) ("to justify punitive damages, the defendant's conduct must
7  have exceeded mere recklessness or gross negligence").  Such evidence is especially crucial here,
8  where expert testimony strongly shows that making copies of software applications and
9  environments is actually encouraged among software consultants.  *See* Hilliard Decl. ¶¶ 7-11.

10       In describing industry custom and practice, however, Rimini has not opened the door to a
11 trial within a trial on whether CedarCrestone infringed.  Whether CedarCrestone infringed is
12 irrelevant to the question of the industry's custom and practice during the relevant time period.
13 Oracle successfully opposed Rimini's request for such discovery and is estopped from benefitting
14 from that argument now by presenting inadmissible evidence that Rimini *cannot* rebut.  Oracle's
15 cases are inapposite, and in fact, support Rimini's argument.  They merely hold that the patent
16 holder (here, by analogy, Oracle, the copyright holder) "must prove … an absence of acceptable
17 noninfringing substitutes" to obtain lost profits.  *IGT Alliance Gaming Corp.*, 2008 WL 7084065, at
18 *5 (D. Nev. Oct. 21, 2008).  Oracle cannot make such a showing because there has been no
19 discovery on the issue.  That is the end of the matter.

20                    **III.   CONCLUSION**

21       For the foregoing reasons, Rimini respectfully requests that the Court reject Oracle's
22 arguments, and (i) exclude any evidence, testimony, or demonstratives regarding whether
23 TomorrowNow and CedarCrestone were infringing or non-infringing Oracle's copyrights, and (ii)
24 permit Rimini to present evidence of industry custom and practice in support of its punitive damages
25 defense.

---

[1] California cases on punitive damages provide authority in Nevada.  *See Clark v. Lubritz*, 113 Nev. 1089, 1096 n.6 (1997).

- 6 -

457839 v1

| | | |
|---|---|---|
| 1 | DATED: September 24, 2015 | SHOOK, HARDY & BACON |
| 2 | | |
| 3 | | By: /s/ Robert H. Reckers |
| | | Robert H. Reckers |
| 4 | | |
| 5 | | *Attorneys for Defendants* |
| | | *Rimini Street, Inc. and Seth Ravin* |

- 7 -

457839 v1

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: */s/  Robert H. Reckers*
Robert H. Reckers

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*

- 8 -

457839 v1