# EXHIBIT C

ORACLE USA, INC., ET AL.

V.

RIMINI STREET, INC., ET AL.

CASE NO. 2:10-CV-0106-LRH-PAL

SUPPLEMENTAL EXPERT REPORT OF ELIZABETH A. DEAN

TM FINANCIAL FORENSICS, LLC
JULY 30, 2015

*[signature]*
ELIZABETH A. DEAN

1.  Plaintiffs Oracle USA, Inc. ("OUSA"), Oracle International Corporation ("OIC") and Oracle America, Inc. ("Oracle America") (collectively "Oracle" or "Plaintiffs") retained TM Financial Forensics, LLC ("TMF") to address damages issues related to alleged copyright infringement and other acts by Rimini Street, Inc. ("Rimini Street") and Seth Ravin (collectively "Defendants").[1] I issued an Expert Report, including schedules, in that matter on January 17, 2012 ("January 2012 Dean Report"). I provided additional schedules and analyses of the opinions of Rimini Street expert, Mr. Hampton, as well as provided deposition testimony on May 23, 2012.[2] In this Supplemental Expert Report and accompanying schedules, I have updated my calculation of Oracle's damages to account for the passage of time since my January 2012 report.[3] Specifically, I have:

    - Excluded additional customers from my calculation of Oracle's lost profits on lost support customers where Oracle contract data indicates the customer has returned to Oracle support;[4]
    - Extended my calculations of Oracle's lost profits on lost support customers and Oracle's lost database license through the date the customer has received support from Rimini Street, but not beyond February 12, 2014;
    - Updated the attrition rates and profit margins used in my calculations of Oracle's lost profits through February 12, 2014 to reflect Oracle's historical results;
    - Extended my calculations of Oracle's lost profits on lost Siebel inflationary adjustments to reflect Oracle's historical Siebel contracting activity through February 12, 2014; and
    - Extended my calculations of Rimini Street's Oracle-related revenues and customer counts to include periods through February 2014, and to reflect the additional customers excluded from my calculation of Oracle's lost profits.

---

[1] *See, Oracle USA, Inc., et al. v. Rimini Street, Inc., et al.,* Second Amended Complaint in Case No. 2:10-cv-0106-LRH-PAL, June 1, 2011 ("Second Amended Complaint").

[2] Specifically, I provided Schedules 7.1.R through 7.3.R, Schedules 38.1 through 38.9 and notes related to points raised by Mr. Hampton [*See* Deposition of Elizabeth Dean, May 23, 2012, Exhibit 5].

[3] I understand that the Court has ruled that Oracle may supplement its damages [*Oracle USA, Inc., et al. v. Rimini Street, Inc. and Seth Ravin*, Order, July 23, 2015]. I have been asked to extend my damages calculations through February 12, 2014 for Rimini Street's customers identified as of September 28, 2011 [*See* Rimini's Response to 7th Set of Interrogatories, Exhibit A, dated 9/28/2011].

[4] Consistent with my January 2012 Dean Report, I have assumed that customers who returned to Oracle paid back support for the period that they were not paying for Oracle's support services. *See* January 2012 Dean Report, p. 53 fn 187. My exclusion of these customers would tend to understate Oracle's lost profit damages in cases where Oracle waived the requirement to pay back support or the customer re-licensed same or similar products at a lower price than it would have paid had it paid Oracle back support.

2. Except where updates to my opinions are indicated in this Supplemental Expert Report and accompanying schedules, I incorporate herein my opinions, analysis and support relied on in the January 2012 Dean Report and schedules provided at my May 23, 2012 deposition. This Supplemental Expert Report should be used in conjunction with the January 2012 Dean Report and schedules provided at my May 23, 2012 deposition.

3. My current curriculum vitae is included as **SCHEDULE 1.SU** to this Supplemental Expert Report. An updated listed of cases in which I have testified as an expert witness at trial, arbitration and/or deposition in the last 10 years is included as **SCHEDULE 2.SU**. I have no publications during the last ten years. My hourly billing rate on this matter is $475. TMF's compensation is not dependent on the outcome of this matter. TMF's work on this matter was performed by me or under my supervision.

4. **SCHEDULE 3.SU** to this Supplemental Expert Report provides a listing of various additional documents and information considered in this Supplemental Expert Report. The opinions and analyses in this Supplemental Expert Report are based on currently available documents and information. If additional information becomes available, I may supplement and amend my opinions. Similarly, the January 2012 Dean Report and this Supplemental Expert Report may be supplemented by testimony, and I may also be asked to address issues raised by Defendants' witnesses.

5. **Updated Table 5** presents a summary of my damages opinions as updated for the passage of time.

*Subject to Protective Order*
*Highly Confidential Information – Attorneys' Eyes Only*

| Updated Table 5: Summary of Oracle's Damages[5] | |
|---|---|
| 1. Oracle's Damages Due To Copyright Infringement | |
| • OIC Lost Profits (Lost Support Customers)[6] | $76.5 million |
| • OIC Lost Profits (Lost Database License)[7] | $19.2 million |
| • OIC Lost Profits (Lost Siebel IAR)[8] | $2.9 million |
| • Fair Market Value of Use – Oracle Database[9] | $19.2 million |
| 2. Oracle's Damages Due To Interference[10] | |
| • OIC (Lost Support Customers)[11] | $76.5 million |
| • Oracle America (Lost Support Customers)[12] | $117.6 million |
| 3. Oracle's Damages Due To CFAA[13] | |
| • Oracle America (Lost Siebel Support Customers)[14] | $21.1 million |
| • OIC (Lost Siebel Support Customers)[15] | $13.8 million |
| 4. Oracle's Investigation Costs[16] | $27 thousand |

---

[5] Updated Table 5 reflects the values for items of damages which I have been asked to quantify to date. Some of the damages described economically overlap, but they are not coextensive as to the damage caused by the various claims. I understand that Oracle would not seek or be entitled to duplicate recovery, though it will likely seek damages in the alternative. I further understand that Oracle reserves the right to seek damages for any harm or damages recognized by law on a per-claim basis. I further understand that due to Seth Ravin's involvement in the alleged copyright infringement and tortious conduct, Oracle contends that Seth Ravin is jointly and severally liable with Rimini Street for damages I have been asked to quantify. I further understand that Oracle may have one or more equitable remedies stemming from several of its claims, such as restitution. I do not express an opinion as to Oracle's restitutionary remedies not otherwise described in the January 2012 Dean Report or this Supplemental Expert Report. I may also be asked to provide opinions and/or quantify pre-judgment interest, Oracle's attorney's fees and costs, and punitive damages. Items in Updated Table 5 represent different remedies for Oracle's allegations and certain elements may not be additive.

[6] SCHEDULE 26.SU.

[7] SCHEDULE 37.1.SU. $20.18 million x 95% = $19.17 million. In addition to updates for the passage of time, Schedule 37.1.SU has been updated to reconcile the damage end dates with those provided on Schedule 9.SU.

[8] SCHEDULE 29.SU.

[9] SCHEDULE 37.1.SU. $20.18 million x 95% = $19.17 million.

[10] I understand these amounts also represent damages for Oracle's claims for inducing breach of contract and unfair practices under the California Business and Professional Code § 17000 *et seq.*

[11] SCHEDULE 26.SU.

[12] SCHEDULE 25.SU. Oracle America's amount does not economically overlap with OIC's listed interference damages.

[13] I understand these amounts also represent damages for Oracle's claims for CDAFA – California Penal Code § 502, Nevada Revised Statute 205.4765, and Trespass to Chattels (as to Oracle America only).

[14] SCHEDULE 23.SU. Oracle America's amount does not economically overlap with OIC's listed CFAA damages.

[15] SCHEDULE 24.SU.

[16] *See* January 2012 Dean Report Section XII.A. and SCHEDULE 32. I understand these amounts represent damages for Oracle's claims for Breach of Contract, the Federal Computer Fraud and Abuse Act, CDAFA – California Penal Code § 502, Nevada Revised Statute 205.4765, and Trespass to Chattels.

| Updated Table 5: Summary of Oracle's Damages[5] | |
|---|---|
| 5. Defendants' Infringer's Profits / Unjust Enrichment | |
| • Rimini Street Oracle-Related Revenues[17] | ▮ |
| • Rimini Street Oracle-Related Revenues, Excluded Customers[18] | ▮ |
| • Avoided Database License Fee[19] | $19.2 million |

6. **Table 5A** provides a summary of Oracle's damages assuming that it were to prevail on all causes of action, and removing duplicative damages among the claims as shown on **Updated Table 5**.



---

[19] **SCHEDULE 37.1.SU.** $20.18 million x 95% = $19.17 million.

*Subject to Protective Order*
*Highly Confidential Information – Attorneys' Eyes Only*                           4

| Table 5A: Oracle's Total, Non-Duplicative Damages | |
|---|---|
| **Damage** | **Amount** |
| OIC Lost Profits on Lost Support Customers:[20] | |
|    PeopleSoft | $57.7 million |
|    J.D. Edwards | $5.0 million |
|    Siebel | $13.8 million |
| Oracle America Lost Profits on Lost Support Customers:[21] | |
|    PeopleSoft | $88.8 million |
|    J.D. Edwards | $7.7 million |
|    Siebel | $21.1 million |
| OIC Lost Database License[22] | $19.2 million |
| Oracle's Investigation Costs[23] | $27 thousand |
| Rimini Street Oracle-Related Revenues from Excluded Customers[24] | ███████ |
| **SUBTOTAL** | **$245.9 million** |
| OIC Lost Siebel IAR[25] | $2.9 million |
| **TOTAL** | **$248.8 million** |

---

[20] SCHEDULE 24.SU.
[21] SCHEDULE 23.SU.
[22] SCHEDULE 37.1.SU. $20.18 million x 95% = $19.17 million.
[23] *See* January 2012 Dean Report Section XII.A. and SCHEDULE 32. .



[25] SCHEDULE 29.SU.

*Subject to Protective Order*
*Highly Confidential Information – Attorneys' Eyes Only*