BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
kringgenberg@bsfllp.com

Attorneys for Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation

MORGAN, LEWIS & BOCKIUS, LLP
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
One Market Street
Spear Street Tower
San Francisco, CA  94105
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001
thomas.hixson@morganlewis.com
kristen.palumbo@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:  (650) 506-4846
Facsimile:  (650) 506-7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC. a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>　　　　　　Defendants. | Case No. 2:10-cv-00106-LRH-PAL<br><br>**PLAINTIFFS ORACLE'S MOTION TO SEAL THEIR OPPOSITION TO DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S MOTION FOR RECONSIDERATION ON THE ADMISSIBILITY OF THEIR POST-2011 CONDUCT**<br><br>Judge:　　Hon. Larry R. Hicks |

1  Pursuant to the Stipulated Protective Order governing confidentiality of documents
2  entered by the Court on May 21, 2010, Dkt. 55 ("Protective Order"), and Rules 5.2 and 26(c) of
3  the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and
4  Oracle International Corporation (together "Oracle" or "Plaintiffs") respectfully request that the
5  Court order the Clerk of the Court to file under seal an unredacted copy of Oracle's Motion to
6  Seal Their Opposition to Rimini's Motion for Reconsideration on the Admissibility of Their
7  Post-2011 Conduct ("Motion") and Exhibit 1 to the Declaration of Kieran P. Ringgenberg in
8  Support of Plaintiffs Oracle's Opposition to Rimini's Motion for Reconsideration on the
9  Admissibility of Their Post-2011 Conduct ("Ringgenberg Declaration").  Unredacted copies of
10 the Motion and Exhibit 1 were individually lodged under seal with the Court on September 30,
11 2015.
12    Sealing of the unredacted Motion and Exhibit 1 is requested because the redacted
13 portions contain information that Rimini Street, Inc. and Seth Ravin (collectively the
14 "Defendants") have designated as "Confidential Information" and "Highly Confidential
15 Information – Attorneys' Eyes Only" under the terms of the Protective Order.  The Protective
16 Order states, "Counsel for any Designating Party may designate any Discovery Material as
17 'Confidential Information' and 'Highly Confidential Information – Attorneys' Eyes Only' under
18 the terms of this Protective Order only if such counsel in good faith believes that such Discovery
19 Material contains such information and is subject to protection under Federal Rule of Civil
20 Procedure 26(c).  The designation by any Designating Party of any Discovery Material as
21 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' shall
22 constitute a representation that an attorney for the Designating Party reasonably believes there is
23 a valid basis for such designation."  Protective Order ¶ 2.
24    For sealing requests relating to non-dispositive motions, such as this, the presumption of
25 public access to court filings may be overcome by a showing of good cause under Rule 26(c).
26 *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. Honolulu*,
27 447 F.3d 1172, 1179 (9th Cir. 2006).  Defendants have identified the information redacted in the
28 Motion as well as Exhibits C-E as Confidential and Highly Confidential, and therefore have

ORACLE'S MOTION TO SEAL THEIR OPPOSITION TO RIMINI'S MOTION FOR
RECONSIDERATION ON THE ADMISSIBILITY OF THEIR POST-2011 CONDUCT

1  represented that good cause exists for sealing those portions of the documents.  This is a

2  sufficient showing of good cause to permit a sealing order on a non-dispositive motion.  *See,*

3  *e.g.*, *Pac. Gas & Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1027 (N.D. Cal. 2002).

**TESTIMONY AND DOCUMENTS DESIGNATED BY RIMINI AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Rimini has designated the following documents cited or referred to in Oracle's motion and proposed order as Confidential or Highly Confidential – Attorneys' Eyes Only:

| EX. NO. | DESCRIPTION | CONF. DESIGN. |
|---|---|---|
| 1 | Excerpts from the 30(b)(6) deposition of Brian Slepko taken on August 24, 2010. | Highly Confidential |

For the foregoing reasons, Oracle respectfully requests that the Court find that good cause exists to file under seal the unredacted copies of the Motion and Exhibit 1, and to issue an order sealing the same.

DATED: September 30, 2015                             BOIES SCHILLER & FLEXNER LLP

By: /s/ *Kieran P. Ringgenberg*
Kieran P. Ringgenberg
Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc.,
and Oracle International Corp.