SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 3400
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
wallen@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone:  (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI STREET'S AND SETH RAVIN'S PROPOSED VERDICT FORM** |

Defendants Rimini Street, Inc. and Seth Ravin (together "Rimini") sought judgment as a matter of law on all of Oracle's claims and in particular on Oracle's non-copyright claims, request for punitive damages, and lost and infringer's profits damages for copyright infringement.  In response to Rimini's motion, Oracle already dropped its trespass to chattels and breach of contract claims.  Rimini expects that the Court's resolution of Rimini's motion will further reduce the number of questions that need to be asked of the jury.  Nevertheless, as currently pleaded, Rimini proposes the verdict form below.

RIMINI STREET'S AND SETH RAVIN'S PROPOSED VERDICT FORM

**RIMINI STREET'S AND SETH RAVIN'S PROPOSED VERDICT FORM**

**Section I: Oracle's Copyright Infringement Claims**

A.   PeopleSoft

1.   Did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin
infringed any copyrights on PeopleSoft documentation?

Rimini Street:   Yes _____   No _____

Seth Ravin:   Yes _____   No _____

If you answered no to both, skip to Section I.B.

2.   Did Oracle use its PeopleSoft copyright to indirectly gain commercial control over the market
for software support services?

Yes _____   No _____

B.   J.D. Edwards

3.   Did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin
infringed any of the works containing a J.D. Edwards software copyright?

Rimini Street:   Yes _____   No _____

Seth Ravin:   Yes _____   No _____

If yes, how many works proven:   _____

If you answered no to all questions, skip to Section I.C.

4.   Did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin
infringed the J.D. Edwards copyrights?

Rimini Street:   Yes _____   No _____

Seth Ravin:   Yes _____   No _____

If you answered no to both, skip to Section I.C.

5.      Did Oracle prove by a preponderance of the evidence that any such infringement exceeded the scope of the licenses of Oracle's customers?

          Yes _____              No _____

If you answered no, skip to Section I.C.

6.      Did Oracle use its J.D. Edwards copyright to indirectly gain commercial control over the market for software support services?

          Yes _____              No _____

C.      <u>Siebel</u>

7.      Did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin infringed any of the works containing a Siebel software copyright?

          Rimini Street:        Yes _____              No _____

          Seth Ravin:          Yes _____              No _____

If yes, how many works proven:   _____

If you answered no to both, skip to Section I.D.

8.      Did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin infringed the Siebel copyrights?

          Rimini Street:        Yes _____              No _____

          Seth Ravin:          Yes _____              No _____

If you answered no to both, skip to Section I.D.

9.      Did Oracle prove by a preponderance of the evidence that any such infringement exceeded the scope of the licenses of Oracle's customers?

          Yes _____              No _____

If you answered no, skip to Section I.D.

RIMINI STREET'S AND SETH RAVIN'S PROPOSED VERDICT FORM

10. Did Oracle use its Siebel copyright to indirectly gain commercial control over the market for software support services?

        Yes _____        No _____

D. <u>All Copyright Infringement Claims – Causation and Measure of Damages</u>

11. Has Oracle met its burden of establishing by a preponderance of the evidence an objective, non-speculative actual damages amount as to its copyright infringement claims?

        Yes _____        No _____

If you answered yes, proceed to question 12.

If you answered no, your answer to question 15 should be the amount of statutory damages you award to Oracle.

12. If you answered yes to question 11, place an "X" next to the best measure of actual damages:

        _____ Fair market value of use

        _____ Lost profits

If you selected fair market value of use, your answer to question 15 should be the amount of the fair market value of Rimini Street and/or Seth Ravin's use of the infringed copyrights.

13. If you chose lost profits in question 12, did Oracle prove by a preponderance of the evidence that Rimini Street caused clients to leave Oracle as a result of Rimini Street's and/or Seth Ravin's infringement?

        Yes _____        No _____

If you answered yes, proceed to question 14.

14. If you answered yes to question 13, did you find that Rimini Street earned profits caused by the infringement that were not taken into account in computing the lost profits?

        Yes _____        No _____

If you answered yes, your answer to question 15 should be the lost profits (No. 13) and these

infringer's profits (14).

If you answer no, your answer to question 15 should be the lost profits (No. 13) only.

15.    What is the total amount of copyright infringement damages you award to Oracle International?

$ _____.

RIMINI STREET'S AND SETH RAVIN'S PROPOSED VERDICT FORM

**Section II: Oracle's Federal Computer Fraud And Abuse Act Claims**

16.    Did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin violated the Computer Fraud and Abuse Act?

        Rimini Street:        Yes _____           No _____

        Seth Ravin:         Yes _____           No _____

If you answered no both of these questions, skip to Section III.

17.    Did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin knew they were violating the Computer Fraud and Abuse Act and had the specific intent to violate that law when accessing an Oracle computer?

        Rimini Street:        Yes _____           No _____

        Seth Ravin:         Yes _____           No _____

If you answered no to both of these questions, skip to Section III.

18.    Did Oracle prove by a preponderance of the evidence that a violation of the Computer Fraud and Abuse Act caused specific damage or loss to Oracle's computer systems?

        Rimini Street:        Yes _____           No _____

        Seth Ravin:         Yes _____           No _____

RIMINI STREET'S AND SETH RAVIN'S PROPOSED VERDICT FORM

**Section III: Oracle's California Computer Data Access And Fraud Act Claims**

19.   Did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin violated California's Computer Data Access and Fraud Act?

      Rimini Street:      Yes _____          No _____

      Seth Ravin:      Yes _____          No _____

If you answered no to both of these questions, skip to Section IV.

20.   Did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin knew they were violating California's Computer Data Access and Fraud Act and had the specific intent to violate that law when accessing an Oracle computer?

      Rimini Street:      Yes _____          No _____

      Seth Ravin:      Yes _____          No _____

21.   Did Oracle prove by a preponderance of the evidence that a violation of the California Computer Data Access and Fraud Act caused specific damage or loss to Oracle's computer systems?

      Rimini Street:      Yes _____          No _____

      Seth Ravin:      Yes _____          No _____

RIMINI STREET'S AND SETH RAVIN'S PROPOSED VERDICT FORM

**Section IV: Oracle's Nevada State Law Unlawful Acts Regarding Computers Claims**

22.    Did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin violated Nevada's State Law regarding unlawful acts regarding computers?

      Yes _____           No _____

If you answered no to this question, skip to Section V.

23.    Did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin knew they were violating Nevada's State Law regarding unlawful acts regarding computers and had the specific intent to violate that law when accessing the Oracle computer?

      Rimini Street:      Yes _____         No _____

      Seth Ravin:      Yes _____         No _____

24.    Did Oracle prove by a preponderance of the evidence that a violation of Nevada's Unlawful Acts Regarding Computers statute caused specific damage or loss to Oracle's computer systems?

      Rimini Street:      Yes _____         No _____

      Seth Ravin:      Yes _____         No _____

RIMINI STREET'S AND SETH RAVIN'S PROPOSED VERDICT FORM

**Section V: Oracle's Inducing Breach of Contract Claim**

25.     Did Oracle prove by a preponderance of the evidence that any Rimini client breached the terms of service of Oracle's websites?

        Yes _____          No _____

If you answered no to this question, skip to Section VI.

If you answered yes to this question, which client(s) did Rimini cause to breach the terms of service?

Client: _____          Client: _____

Client: _____          Client: _____

If you need space to list additional client(s), list them on the attached sheet.


26.     Did Oracle prove by a preponderance of the evidence that a specific act of Rimini Street and/or Seth Ravin's intentional and unjustifiable inducement caused a specific client's breach of the terms of service of Oracle's websites?

        Rimini Street:          Yes _____          No _____

        Seth Ravin:          Yes _____          No _____

If you answered no to both of these questions, skip to Section VI.


27.     Did a breach by any of the clients identified in question 25 cause actual harm to Oracle?

        Yes _____          No _____

If you answered yes to this question, please circle the relevant clients listed in question 25.

RIMINI STREET'S AND SETH RAVIN'S PROPOSED VERDICT FORM

**Section VI: Oracle's Intentional Interference with Prospective Economic Advantage Claim**

28.    Did Oracle prove by a preponderance of the evidence that a prospective contractual relationship existed between any third parties and Oracle?

Yes _____          No _____

If you answered no to this question, skip to Section VII.


If you answered yes to this question, which third-party client relationships did Oracle prove existed?

Client: _____          Client: _____

Client: _____          Client: _____

If you need space to list additional client(s), list them on the attached sheet.


29.    Did Oracle prove by a preponderance of the evidence that Rimini Street knew of the prospective contractual relationship between any of the clients listed in response to question 28 and Oracle, and that Rimini Street and/or Seth Ravin prevented the prospective relationship from continuing?

Rimini Street:     Yes _____          No _____

Seth Ravin:        Yes _____          No _____

If you answered no to both of these questions, skip to Section VII.


30.    Did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin had the specific motive to harm Oracle when it prevented the prospective relationship from continuing?

Rimini Street:     Yes _____          No _____

Seth Ravin:        Yes _____          No _____

If you answered no to all of these questions, skip to Section VII.


31.    Did Rimini Street and/or Seth Ravin prove by a preponderance of the evidence that their

purpose was at least in part to advance their interest in competing with Oracle and that it did not employ wrongful means in competing for third-party client business?

    Rimini Street:        Yes \_\_\_\_           No \_\_\_\_

    Seth Ravin:        Yes \_\_\_\_           No \_\_\_\_

If you answered yes to both of these questions, skip to Section VII.

32.     Did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin engaged in any of the following acts in disrupting the prospective relationship between the third-party client and Oracle?

    A.    <u>Fraud</u>:

       a.  Did Rimini Street and/or Seth Ravin make any statement to a third-party client that was later shown to be false?

    Rimini Street:        Yes \_\_\_\_           No \_\_\_\_

    Seth Ravin:        Yes \_\_\_\_           No \_\_\_\_

If you answered no to both, skip to question 32(B).

       b.  Did Rimini and/or Seth Ravin know that the statement was false when either of them made it?

    Rimini Street:        Yes \_\_\_\_           No \_\_\_\_

    Seth Ravin:        Yes \_\_\_\_           No \_\_\_\_

If you answered no to both, skip to question 32(B).

       c.  Did Rimini and/or Seth Ravin intend for a third-party client to rely on this statement in deciding whether to end its economic or prospective economic relationship with Oracle?

    Rimini Street:        Yes \_\_\_\_           No \_\_\_\_

    Seth Ravin:        Yes \_\_\_\_           No \_\_\_\_

If you answered no to both, skip to question 32(B).

       d.  Was the statement material to the third-party client's decision to end its economic or prospective economic relationship with Oracle?

RIMINI STREET'S AND SETH RAVIN'S PROPOSED VERDICT FORM

Rimini Street:          Yes ____                No ____

Seth Ravin:             Yes ____                No ____

If you answered no to both, skip to question 32(B).

    e.  Was it reasonable for the third-party client to rely on the statement in deciding whether to end its economic or prospective economic relationship with Oracle?

        Yes ____              No ____

If you answered no to both, skip to question 32(B).


B.     <u>Computer Fraud and Abuse Act</u>:

    f.  If you found that Rimini Street and/or Seth Ravin violated the Computer Fraud and Abuse Act, did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin violated the Act to specifically disrupt the economic or prospective relationship between Oracle and the third-party client?

Rimini Street:          Yes ____                No ____

Seth Ravin:             Yes ____                No ____


C.     <u>California Computer Data Access and Fraud Act</u>:

    g.  If you found that Rimini Street and/or Seth Ravin violated California's Computer Data Access and Fraud Act, did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin violated the Act to specifically disrupt the economic or prospective relationship between Oracle and the third-party client?

Rimini Street:          Yes ____                No ____

Seth Ravin:             Yes ____                No ____


D.     <u>Nevada Unlawful Acts Regarding Computers Statute</u>

    h.  If you found that Rimini Street and/or Seth Ravin violated the Nevada Unlawful Acts Regarding Computers Statute, did Oracle prove by a preponderance of the evidence

RIMINI STREET'S AND SETH RAVIN'S PROPOSED VERDICT FORM

that Rimini Street and/or Seth Ravin violated the Statute to specifically disrupt the economic or prospective relationship between Oracle and the third-party client?

Rimini Street:          Yes _____          No _____

Seth Ravin:             Yes _____          No _____

33.    Did Oracle prove by a preponderance of the evidence that the prospective relationship would not have continued between the third-party client and Oracle and that it was harmed as a result of Rimini Street and/or Seth Ravin's conduct based on the acts listed in question 28?

Rimini Street:          Yes _____          No _____

Seth Ravin:             Yes _____          No _____

34.    Did Oracle prove by a preponderance of the evidence that Rimini Street and/or Seth Ravin's conduct based on the acts listed in question 28 caused interference with an economic or prospective relationship between Oracle and an economic or prospective economic relationship?

Rimini Street:          Yes _____          No _____

Seth Ravin:             Yes _____          No _____

If you answered yes to all of the questions at 28-34 above, please circle the client names in question 28 for which you answered yes to all the questions.

RIMINI STREET'S AND SETH RAVIN'S PROPOSED VERDICT FORM

**Section VII: Total Damages**

35.    What is the amount you included in question 15?  $ _____.


36.    Did Oracle prove that it suffered any damages for the Computer Fraud and Abuse Act,

California Computer Data Access and Fraud Act, Nevada Unlawful Acts Regarding

Computers claims, intentional interference or inducing breach of contract claims against

Rimini Street and/or Seth Ravin, which are not duplicative of your answer to 35?

          Rimini Street:          Yes _____          No _____

          Seth Ravin:          Yes _____          No _____

If you answered no to all, skip to Section VIII.


37.    If you answered yes to any, what is the total amount of non-duplicative damages you award to

Oracle, for both copyright damages (No. 35) and non-copyright infringement damages (No.

36):

          Rimini Street          $ _____. (A)

          Seth Ravin          $ _____. (B)

          **Grand Total Damages**:          $ _____. (A+B)

RIMINI STREET'S AND SETH RAVIN'S PROPOSED VERDICT FORM

**Section VIII: Punitive Damages**

38.    If you found that Rimini Street is liable for intentional interference with prospective economic advantage, did Oracle prove by clear and convincing evidence that a director, officer, or managing agent of Rimini Street engaged in malice, oppression, or fraud such that punitive damages are warranted?

        Yes \_\_\_\_            No \_\_\_\_

39.    If you found that Rimini Street is liable under the California Computer Data Access and Fraud Act, and/or Nevada Unlawful Acts Regarding Computers statute, did Oracle prove by clear and convincing evidence that a director, officer, or managing agent of Rimini Street engaged in malice, oppression, or fraud such that punitive damages are warranted?

        Yes \_\_\_\_            No \_\_\_\_

40.    If you found that Seth Ravin is liable for intentional interference with prospective economic advantage, did Oracle prove by clear and convincing evidence that he engaged in malice, oppression, or fraud such that punitive damages are warranted?

        Yes \_\_\_\_            No \_\_\_\_

41.    If you found that Seth Ravin is liable under the California Computer Data Access and Fraud Act, and/or Nevada Unlawful Acts Regarding Computers statute, did Oracle prove by clear and convincing evidence that he engaged in malice, oppression, or fraud such that punitive damages are warranted?

        Yes \_\_\_\_            No \_\_\_\_

RIMINI STREET'S AND SETH RAVIN'S PROPOSED VERDICT FORM

Dated: _____

_____

Jury Foreperson's Signature

DATED:        October ___, 2015

_____

Jury Foreperson's Printed Name

SHOOK, HARDY & BACON LLP

By: __/s/ W. West Allen_____
        W. West Allen

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

RIMINI STREET'S AND SETH RAVIN'S PROPOSED VERDICT FORM

**Question 25: Clients**

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____
7. _____
8. _____
9. _____
10. _____
11. _____
12. _____
13. _____
14. _____
15. _____
16. _____
17. _____
18. _____
19. _____
20. _____
21. _____
22. _____
23. _____
24. _____
25. _____
26. _____
27. _____
28. _____
29. _____
30. _____

31. _____
32. _____
33. _____
34. _____
35. _____
36. _____
37. _____
38. _____
39. _____
40. _____
41. _____
42. _____
43. _____
44. _____
45. _____
46. _____
47. _____
48. _____
49. _____
50. _____
51. _____
52. _____
53. _____
54. _____
55. _____
56. _____
57. _____
58. _____
59. _____
60. _____

61. _____

62. _____

63. _____

64. _____

65. _____

66. _____

67. _____

68. _____

69. _____

70. _____

71. _____

72. _____

73. _____

74. _____

75. _____

76. _____

77. _____

78. _____

79. _____

80. _____

81. _____

82. _____

83. _____

84. _____

85. _____

86. _____

87. _____

88. _____

89. _____

90. _____

91. _____

92. _____

93. _____

94. _____

95. _____

96. _____

97. _____

98. _____

99. _____

100. _____

101. _____

102. _____

103. _____

104. _____

105. _____

106. _____

107. _____

108. _____

109. _____

110. _____

111. _____

112. _____

113. _____

114. _____

115. _____

116. _____

117. _____

118. _____

119. _____

120. _____

121. _____

122. _____

123. _____

124. _____

125. _____

126. _____

127. _____

128. _____

129. _____

130. _____

131. _____

132. _____

133. _____

134. _____

135. _____

136. _____

137. _____

138. _____

139. _____

140. _____

141. _____

142. _____

143. _____

144. _____

145. _____

146. _____

147. _____

148. _____

149. _____

150. _____

151. _____

152. _____

153. _____

154. _____

155. _____

156. _____

157. _____

158. _____

159. _____

160. _____

161. _____

162. _____

163. _____

164. _____

165. _____

166. _____

167. _____

168. _____

169. _____

170. _____

171. _____

172. _____

173. _____

174. _____

175. _____

176. _____

177. _____

178. _____

179. _____

180. _____

181. _____

182. _____

183. _____

184. _____

185. _____

186. _____

187. _____

188. _____

189. _____

190. _____

191. _____

192. _____

193. _____

194. _____

195. _____

196. _____

197. _____

198. _____

199. _____

200. _____

201. _____

202. _____

203. _____

204. _____

205. _____

206. _____

207. _____

208. _____

209. _____

210. _____

211. _____

212. _____

213. _____

214. _____

215. _____

216. _____

217. _____

218. _____

219. _____

220. _____

221. _____

222. _____

223. _____

224. _____

225. _____

226. _____

227. _____

228. _____

**<u>Question 28: Clients</u>**

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____
7. _____
8. _____
9. _____
10. _____
11. _____
12. _____
13. _____
14. _____
15. _____
16. _____
17. _____
18. _____
19. _____
20. _____
21. _____
22. _____
23. _____
24. _____
25. _____
26. _____
27. _____
28. _____
29. _____
30. _____

31. _____
32. _____
33. _____
34. _____
35. _____
36. _____
37. _____
38. _____
39. _____
40. _____
41. _____
42. _____
43. _____
44. _____
45. _____
46. _____
47. _____
48. _____
49. _____
50. _____
51. _____
52. _____
53. _____
54. _____
55. _____
56. _____
57. _____
58. _____
59. _____
60. _____

61. _____

62. _____

63. _____

64. _____

65. _____

66. _____

67. _____

68. _____

69. _____

70. _____

71. _____

72. _____

73. _____

74. _____

75. _____

76. _____

77. _____

78. _____

79. _____

80. _____

81. _____

82. _____

83. _____

84. _____

85. _____

86. _____

87. _____

88. _____

89. _____

90. _____

91. _____

92. _____

93. _____

94. _____

95. _____

96. _____

97. _____

98. _____

99. _____

100. _____

101. _____

102. _____

103. _____

104. _____

105. _____

106. _____

107. _____

108. _____

109. _____

110. _____

111. _____

112. _____

113. _____

114. _____

115. _____

116. _____

117. _____

118. _____

119. _____

120. _____

121. _____

122. _____

123. _____

124. _____

125. _____

126. _____

127. _____

128. _____

129. _____

130. _____

131. _____

132. _____

133. _____

134. _____

135. _____

136. _____

137. _____

138. _____

139. _____

140. _____

141. _____

142. _____

143. _____

144. _____

145. _____

146. _____

147. _____

148. _____

149. _____

150. _____

151. _____

152. _____

153. _____

154. _____

155. _____

156. _____

157. _____

158. _____

159. _____

160. _____

161. _____

162. _____

163. _____

164. _____

165. _____

166. _____

167. _____

168. _____

169. _____

170. _____

171. _____

172. _____

173. _____

174. _____

175. _____

176. _____

177. _____

178. _____

179. _____

180. _____

181. _____

182. _____

183. _____

184. _____

185. _____

186. _____

187. _____

188. _____

189. _____

190. _____

191. _____

192. _____

193. _____

194. _____

195. _____

196. _____

197. _____

198. _____

199. _____

200. _____

201. _____

202. _____

203. _____

204. _____

205. _____

206. _____

207. _____

208. _____

209. _____

210. _____

211. _____

212. _____

213. _____

214. _____

215. _____

216. _____

217. _____

218. _____

219. _____

220. _____

221. _____

222. _____

223. _____

224. _____

225. _____

226. _____

227. _____

228. _____