:SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
wallen@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S OFFER OF PROOF ON COPYRIGHT MISUSE**<br><br>Judge:    Hon. Larry R. Hicks |

This Court initially struck Rimini's copyright misuse defense in October 2010 (Dkt. 111), and granted Oracle's motion *in limine* to exclude evidence or argument regarding Oracle's anti-competitive practices in September 2015 (Dkt. 723). Rimini sought discovery on misuse, but Oracle objected on the basis of the Court's order striking the defense. *See*, *e.g.*, Reckers Decl., Ex. A, Oracle's Responses to Rimini Street's Requests for Production, Set Five (dated Nov. 7, 2011) at 12. Rimini maintains, and argued in its Rule 50(a) motion, that even without discovery, considerable trial testimony has already been adduced that warrants a finding of misuse. *See*, *e.g.*, 9/22 Tr. 1307:25-1308 ("There's no way for a [third party support provider] to deliver a critical fix on a solution that doesn't have a source code"); 9/23 Tr. 1560:1-3, 1561:12-14 (support providers who "do not provide security fixes" "cannot possibly claim to be providing support," yet there is no way for an independent third party to provide security fixes because they do not "have the source code for important parts of the application"); 9/18 Tr. 881:4-6, 882:5-6 (Rimini would have had to "acquire a license [from Oracle] for each customer," but Oracle would have been unlikely to have "provide[d]" Rimini a license"); 9/24 Tr. 1701:4-9 (Q. "[W]hat would Oracle's customers have generally done if Rimini Street had not existed?" A. (Yourdon) "[W]hat they generally would have done is renewed their support at the same kind of historical renewal levels that Oracle had already been enjoying."); *id*. 1711:13-18 (Q. "[A]bout 95 percent of Rimini's customers would have stayed with Oracle but for Rimini's promise of vendor-level support at significant discount?" A. (Yourdon) "[T]hat's approximately what I testified."); *id*. 1791:22-1792:4 (Mr. Yourdon testifying that Oracle's customers would not have left but for Rimini because there were no "acceptable" or "not infringing" alternative providers). Oracle's use of its copyrights in its software to exclude all other competitors from the separate market for software support, where Oracle has no copyright, patent, or any other basis for excluding competition (e.g., 9/21 Tr. 1018:23-25; 9/22 Tr. 1311:23-1312:7), is misuse and should preclude Oracle from recovering any damages from Rimini.

In addition, Rimini submits the following offer of proof regarding evidence it believes it would have been able to obtain through discovery and submit at trial if it had been permitted to press its copyright misuse defense:

- Testimony from Mr. Hilliard documenting the differences between the rights conferred by copyright and the rights conferred by patents, and explaining that copyright owners may not leverage their copyrights to control the uncopyrightable software support market;
- Testimony from Mr. Hilliard establishing that, if Oracle's interpretation of the licenses is correct, no third party could possibly compete with Oracle in the support market;
- Cross-examination of Ms. Catz on the question whether Oracle tried to eliminate competition from another software company, Workday;
- The series of attorney letters documenting anti-competitive practices by Oracle, including Defense Trial Exhibits 378-388;
- Testimony from Oracle customers establishing that it was not feasible or practical for them to use a third party support provider to provide updates, patches, and fixes under the terms of the license;
- Testimony from Rimini clients establishing that Oracle tried to use the allegations in this lawsuit to persuade them to leave Rimini, including contacting clients and prospective clients to caution them that Rimini is untrustworthy because of its position regarding the disputed license terms;
- Testimony from Rimini clients who felt harassed or intimidated by Oracle's tactics;
- Evidence that Oracle subpoenaed most if not all of Rimini's clients during discovery, yet provided trial testimony from practically none of them;
- Evidence confirming that it is not technically feasible for any third party maintenance and support provider to compete with Oracle without making a copy of the software;
- Evidence confirming that Oracle has told clients that third party maintenance and support providers cannot operate lawfully without infringing Oracle's copyrights, including communications to Rimini clients that it was not possible to provide vendor-level support without infringement;
- Evidence confirming that Oracle effectively requires its customers to use its support exclusively and prevents them from using a competitor;

- Evidence confirming that the only "third party" support providers Oracle's interpretation of the license would allow would not be viable support alternatives for most clients and would not compete with Oracle support;
- Evidence establishing the extent of Oracle's monopoly on support services;
- Evidence establishing that Oracle customers were explicitly or implicitly granted a software license on the condition that they not use a competitor for support;
- Evidence establishing that Oracle has taken adverse actions against clients who elect to use other support, including threatening audits, fees, or fines;
- Evidence establishing that prices were higher before Rimini, TomorrowNow, and CedarCrestone entered the market and would be higher if they were all excluded from the market;
- Evidence establishing that Oracle's leveraging of its copyrights to prevent competition in the software support market has led to inflated prices for software support;
- Evidence establishing that Oracle vigorously polices its copyrights not to protect the copyrights themselves, but to protect its support service business; and
- Evidence confirming that restricting competition was one goal of Oracle's lawsuit against Rimini, and its earlier lawsuits against TomorrowNow and CedarCrestone.

Had Rimini been permitted to develop its own evidence to support this theory, it would have discovered the foregoing and likely many other grounds for establishing that Oracle is misusing its copyrights, which would provide a complete defense to Oracle's infringement and damages claims under the Copyright Act. *See Practice Mgmt. Info. Corp. v. Am. Medical Ass'n*, 121 F.3d 516, 520 n.9 (9th Cir. 1997). Rimini had (and retains) a due process right to present every available defense (*Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007); *Lindsey v. Normet*, 405 U.S. 56, 67 (1972)) and was unlawfully and unfairly deprived of the opportunity to present this defense at trial.

1  DATED:        October 2, 2015           Respectfully submitted,

2                                           SHOOK, HARDY & BACON LLP

3                                           By: /s/   *Robert H. Reckers*
4                                                     Robert H. Reckers

5                                           *Attorneys for Defendants*
                                            *Rimini Street, Inc. and Seth Ravin*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: __/s/ *Robert H. Reckers*__
      Robert H. Reckers

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*