# Exhibit A

1   BOIES, SCHILLER & FLEXNER LLP
    RICHARD J. POCKER
2   300 South Fourth Street, Suite 800
    Las Vegas, NV 89101
3   Telephone: (702) 382-7300
    Facsimile: (702) 382-2755
4   rpocker@bsfllp.com

5   BOIES, SCHILLER & FLEXNER LLP
    STEVEN C. HOLTZMAN *(pro hac vice)*
6   FRED NORTON *(pro hac vice)*
    KIERAN P. RINGGENBERG *(pro hac vice)*
7   1999 Harrison Street, Suite 900
    Oakland, CA 94612
8   Telephone: (510) 874-1000
    Facsimile: (510) 874-1460
9   sholtzman@bsfllp.com
    fnorton@bsfllp.com
10  kringgenberg@bsfllp.com

11  Attorneys for Plaintiffs Oracle USA, Inc.,
    Oracle America, Inc., and Oracle International
12  Corp.

    BINGHAM MCCUTCHEN LLP
    GEOFFREY M. HOWARD *(pro hac vice)*
    THOMAS S. HIXSON *(pro hac vice)*
    KRISTEN A. PALUMBO *(pro hac vice)*
    Three Embarcadero Center
    San Francisco, CA 94111-4067
    Telephone: 415.393.2000
    Facsimile: 415.393.2286
    geoff.howard@bingham.com
    thomas.hixson@bingham.com
    kristen.palumbo@bingham.com

    ORACLE CORPORATION
    DORIAN DALEY *(pro hac vice)*
    DEBORAH K. MILLER *(pro hac vice)*
    JAMES C. MAROULIS *(pro hac vice)*
    500 Oracle Parkway
    M/S 5op7
    Redwood City, CA 94070
    Telephone: 650.506.4846
    Facsimile: 650.506.7114
    dorian.daley@oracle.com
    deborah.miller@oracle.com
    jim.maroulis@oracle.com

13

14                      UNITED STATES DISTRICT COURT

15                         DISTRICT OF NEVADA

16  ORACLE USA, INC., a Colorado corporation;          Case No. 2:10-cv-0106-LRH-PAL
    ORACLE AMERICA, INC., a Delaware
17  corporation; and ORACLE INTERNATIONAL             **ORACLE'S RESPONSE TO**
    CORPORATION, a California corporation,            **DEFENDANT RIMINI STREET,**
18                                                     **INC.'S FIFTH SET OF REQUESTS**
                 Plaintiff,                            **FOR PRODUCTION OF**
19                                                     **DOCUMENTS TO PLAINTIFFS**
         v.
20  RIMINI STREET, INC., a Nevada corporation;
    SETH RAVIN, an individual,
21
                 Defendant.
22

23  PROPOUNDING PARTY:          Defendant Rimini Street, Inc.

24  RESPONDING PARTY:           Plaintiffs Oracle USA, Inc., Oracle America, Inc., and
25                              Oracle International Corporation

26  SET NO.:                    Five

27

28
    A/74544706.3/2021039-0000337130

1     Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.

2   (collectively, "Oracle"), by their undersigned counsel, submit the following objections and

3   responses to Defendant Rimini Street Inc.'s ("Rimini's") Fifth Set of Requests for Production of

4   Documents.

5                                   **GENERAL OBJECTIONS**

6     1.     Oracle objects to the Requests to the extent that they seek to impose duties or

7   obligations that exceed and/or are inconsistent with those imposed by the Federal Rules of Civil

8   Procedure or the Local Rules for the United States District Court for the District of Nevada.

9   Oracle shall respond to the Requests to the extent and in the manner required by the Rules.

10    2.     Oracle objects that many of the Requests are overbroad and duplicative of other

11  Requests that Defendants have previously served. Oracle reserves the right to oppose any

12  motion to compel further responses to any particular Request on the grounds that Oracle has

13  fully or substantially complied in its responses to other Requests served by Defendants.

14    3.     Oracle objects to the Requests to the extent that they call for the production of

15  documents protected from discovery by the attorney-client privilege, the attorney work product

16  doctrine, or any other privilege, protection or immunity applicable under the governing law. To

17  the extent that any Request may be construed as calling for the production of documents or

18  responses that are subject to any such claim of privilege, Oracle hereby asserts that doctrine or

19  privilege and objects on that basis. Oracle does not intend to disclose such protected

20  information. Any accidental or inadvertent disclosure of privileged information or material shall

21  not be deemed a waiver of the applicable privilege, protection, or immunity.

22    4.     Oracle objects to the Requests to the extent that they seek responses or the

23  production of document from sources not within the possession, custody, or control of Oracle.

24  Oracle will only produce documents in its own possession, custody, or control, as required by the

25  Federal Rules of Civil Procedure.

26    5.     Oracle objects to the Requests as overly broad and unduly burdensome to the

27  extent they require Oracle to do more than produce materials and information in its possession,

28  custody, and control and located after a reasonable and diligent search.
A/74544706.3/2021039-0000337130                          1

1  6. Oracle objects to the Requests as overly broad and unduly burdensome to the
2 extent they call for the production documents from an unlimited number of Oracle custodians
3 among Oracle's custodian base of more than 90,000 employees. Oracle has already met and
4 conferred with Defendants regarding the custodians whose files are to be searched and the search
5 terms to be used to identify responsive documents. Oracle will conduct a reasonably diligent
6 search of the files of those identified custodians using the search terms agreed upon by the
7 parties. In the responses below, to the extent that Oracle states that it will produce non-
8 privileged documents responsive to a Request that are in its possession, control or custody and
9 located with a reasonable and diligent search, the "reasonable and diligent search" refers to the
10 process described in this Objection.

11  7. Oracle objects to the Requests to the extent that they seek production of
12 documents that are equally or more readily available to Rimini than to Oracle.

13  8. Oracle objects to the Requests that seek documents relating to damages, harm, or
14 losses on the grounds that such Requests are more properly the subject of expert testimony and
15 analysis, and that it is not possible for Oracle to identify all relevant or responsive documents to
16 these Requests until Defendants have fully disclosed the identities of all IP addresses used by
17 Defendants to access Oracle's technical support websites, all login credentials used by
18 Defendants to access Oracle's technical support websites, all instances in which Defendants used
19 crawlers to access or download materials from Oracle's technical support websites, all materials
20 that Defendants downloaded from Oracle's technical support websites, and to whom such
21 materials were distributed, among other matters.

22  9. Oracle makes these responses solely for the purposes of this action, and each
23 response is subject to all objections as to competence, relevance, materiality, propriety and
24 admissibility, and any and all other grounds which would require the exclusion of any statement
25 contained herein at any hearing or trial in this action. All such objections are reserved and may
26 be interposed at any time of trial or at any other appropriate time.

27  10. Oracle makes these responses based on facts reasonably known at the time of
28 answering these Requests. Oracle has not fully completed investigating the facts relating to this

A/74544706.3/2021039-0000337130 2

ORACLE'S RESPONSE TO DEFENDANT RIMINI STREET INC.'S
FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

1  case and, thus, further discovery, investigation, research, and analysis may supply additional
2  facts, which may alter the contentions and disclosures herein. Oracle reserves the right to
3  supplement or amend these responses as permitted by applicable rules. Oracle objects to the
4  need to supplement or correct these responses to the extent the additional or corrective
5  information has otherwise been made known to Defendants during the discovery process or in
6  writing, pursuant to Federal Rule of Civil Procedure 26(e).

7      11.     Oracle will produce documents as they are kept in the usual course of business or
8  organized and labeled to correspond to the categories in the Requests, and will produce them in a
9  reasonable form, at a reasonable time, and at a reasonable location to be mutually agreed by the
10  parties, and objects to contrary instruction.

11      12.     Oracle objects to General Instruction A. The Instruction purports to require
12  Oracle to identify, in response to a request for production, every document that is responsive to
13  any of Rimini's Requests that Oracle knows to exist or ever to have existed anywhere in the
14  world, regardless of whether such documents are now or ever were within the possession,
15  custody, or control of Oracle. Oracle will construe the Requests only to seek documents within
16  its possession, custody, or control.

17      13.     Oracle objects to General Instructions C and E to the extent that the Instructions
18  purport to require Oracle to do more than undertake a reasonable and diligent search for
19  responsive documents.

20      14.     Oracle objects to Definition D (defining the terms "Plaintiffs," "Oracle," "you,"
21  and "your") as overbroad and unduly burdensome in the context of these Interrogatories. For
22  purposes of these responses, Oracle will construe the terms "Plaintiffs," "Oracle," "you," and
23  "your" to mean Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp., their
24  respective subsidiaries and affiliates, their parents, and persons and entities acting on their
25  behalf.

26      15.     Oracle objects to General Instruction F as beyond the requirements of Federal
27  Rules of Civil Procedure 26 and 34. To the extent responsive documents are withheld on a basis
28  of privilege, Oracle will produce a privilege log in the form agreed upon by the parties.

1      16.    Oracle objects to General Instruction H. Oracle will produce drafts subject to the

2  objections stated herein.

3      17.    Oracle objects to Rimini's Definitions and Requests to the extent they assume

4  facts not in evidence or misstate facts.

5      18.    Oracle objects to Definition G (defining the term "Rimini Street client"). Rimini

6  knows which entities and organizations are or have been its clients. Rimini should define the

7  term by providing a complete list of all such clients. It is unduly burdensome for Rimini to

8  demand that Oracle conduct searches for documents related to "Rimini Street client," without

9  Rimini identifying those clients by name, and then later to conduct additional searches for

10  "Rimini Street client" after Rimini identifies those clients in subsequent discovery. Oracle will

11  construe the term "Rimini Street client" to refer to any client that falls within the scope of the

12  clients identified in the search terms the parties negotiated and agreed upon.

13      19.    Oracle objects to Definition M (defining the term "Oracle Website") as overbroad

14  because it would appear to include servers, computers, websites, FTP sites, and online services

15  that are wholly irrelevant to the claims and defenses in this litigation, include those that were in

16  operation at times that are wholly irrelevant to the claims and defenses in this litigation. Oracle

17  will interpret the term "Oracle Website" to refer to the Oracle-maintained technical support

18  websites that Oracle contends Defendants unlawfully accessed, damaged, and/or from which

19  Defendant improperly obtained Oracle's software or support materials.

20      20.    Oracle objects to Definitions I through L, which purport to define the term

21  "identify" in various contexts. These Definitions are overbroad, unduly burdensome and not

22  reasonably calculated to lead to the discovery of admissible evidence, particularly when read in

23  conjunction with the Requests, which use the word "identify" as part of Requests for "documents

24  sufficient to identify" certain items. Literally applying Definitions I though L to these Requests

25  would make them unduly burdensome and oppressive.

26      21.    Oracle objects to Definition N (defining the terms "Test And Development

27  Copies") as vague as it calls for the definition to be construed consistently with an undefined

28  universe of documents.

1   22.   Unless otherwise stated in response to a specific Request, Oracle objects to the

2   Requests as overbroad and unduly burdensome to the extent they seek information and

3   documents relating to the entire time period 2004 through the present. For several of the

4   Requests, the documents or information reasonably available to Oracle do not go all the way

5   back to 2004. Where Oracle states in a response to a specific Request below that it will produce

6   documents, Oracle is not agreeing to produce them all the way back to 2004 but only for time

7   periods where the documents or information are reasonably available to Oracle currently.

8   23.   Any response stating that responsive documents will be produced is not a

9   representation that such documents exist.

10   24.   Oracle's responses are not intended to and shall not constitute an admission that

11   any of the predicate facts stated in any of the Requests are true or accurate.

12   25.   These General Objections are incorporated into each of the following Responses

13   and shall be deemed continuing as to each response. These General Objections are not waived,

14   or in any way limited, by the following responses.

15   ## REQUESTS FOR PRODUCTION OF DOCUMENTS

16   
17   **REQUEST NO. 1:**

18   Documents used to answer or referenced in Oracle's answers to Rimini Street's Fifth Set

19   of Interrogatories.

20   **RESPONSE TO REQUEST NO. 1:**

21   Oracle incorporates its General Objections as though set forth herein. Oracle also objects

22   to the Request because it improperly seeks materials protected by the attorney-client privilege

23   and/or work product productions in as much as it seeks documents created by attorneys to

24   prepare Oracle's answers to Rimini Street's Fifth Set of Interrogatories or documents that reveal

25   attorney work product. Subject to and without waiving these objections, Oracle responds that it

26   has produced or will produce every document specifically referenced in Oracle's answers to

27   Rimini's Fifth Set of Interrogatories.

28   A/74544706.3/2021039-0000337130                5

1  **REQUEST NO. 2:**

2      Documents on which Oracle intends to rely at trial to support its claims against the

3  Defendants.

4  **RESPONSE TO REQUEST NO. 2:**

5      Oracle incorporates its General Objections as though set forth herein. Oracle also objects

6  to the Request because it improperly seeks access to Oracle's attorneys' work product in as much

7  as it seeks documents that reveal Oracle's strategy and preparation for trial. Subject to and

8  without waiving these objections, Oracle responds that it has produced or will produce every

9  document which Oracle intends to rely on at trial to support its claims against the Defendants.

10  **REQUEST NO. 3:**

11      Summary documents showing Oracle's yearly operating profit from 2004 to the present

12  for the following categories: the initial sale of PeopleSoft, J.D. Edwards, and Siebel software;

13  Software Support for the first five years after initial sale; Software Support for extended support;

14  and Software Support for sustaining support.

15  **RESPONSE TO REQUEST NO. 3:**

16      Oracle incorporates its General Objections as though set forth herein. Oracle also objects

17  to the Request because it is overbroad and unduly burdensome because it seeks profit margin

18  information in a form that Oracle does not track. Oracle also objects to the terms "Summary,"

19  "initial sale," "extended support," "and "sustaining support" as vague and ambiguous. Oracle

20  also objects that this Request duplicates Request No. 83 in Rimini's Second Set of Requests for

21  Production, and Request No. 16 in Rimini's Fourth Set of Requests for Production. Subject to

22  and without waiving those objections, Oracle incorporates by reference its responses to Request

23  No. 83 in Rimini's Second Set of Requests for Production and Request No. 16 in Rimini's

24  Fourth Set of Requests for Production.

25  **REQUEST NO. 4:**

26      Summary documents showing Oracle's projected and actual yearly sales revenue,

27  cancellation rates and renewal rates for Oracle Software Support from 2004 to the present.

28

A/74544706.3/2021039-0000337130                     6

1  **RESPONSE TO REQUEST NO. 4:**

2      Oracle incorporates its General Objections as though set forth herein. Oracle also objects

3  to the Request because it is overbroad, unduly burdensome and not reasonably calculated to lead

4  to the discovery of admissible evidence to the extent that it seeks information in a form that

5  Oracle does not track, and because it seeks information from 2004 to the present. For some

6  types of renewal and cancellation rates, Oracle does not have that information in a reasonably

7  accessible form going back to 2004. Oracle also objects to Oracle also objects that this Request

8  duplicates Request Nos. 1 and 4 in Rimini's Fourth Set of Requests for Production. Subject to

9  and without waiving those objections, Oracle incorporates by reference its responses to Request

10  Nos. 1 and 4 in Rimini's Second Set of Requests for Production.

11  **REQUEST NO. 5:**

12      Documents sufficient to show Oracle's method for recognizing revenue relating to

13  PeopleSoft, J.D. Edwards, and Siebel sales in financial statements, including how discounts were

14  allocated, whether maintenance for the first year was included in license sales, and how services,

15  including consulting, training, and implementation, were allocated to which line of business.

16  **RESPONSE TO REQUEST NO. 5:**

17      Oracle incorporates its General Objections as though set forth herein. Oracle also objects

18  to the Request because it is overbroad, unduly burdensome and not reasonably calculated to lead

19  to discovery of admissible evidence because it is unlimited in time frame. Oracle also objects to

20  the terms "recognizing revenue," "financial statements," "allocated," "maintenance",

21  "consulting," "training," and "implementation" as vague and ambiguous. Subject to and without

22  waiving those objections, Oracle responds that it has produced documents sufficient to describe

23  Oracle's revenue recognition policy.

24  **REQUEST NO. 6:**

25      Documents relating to Oracle's communications and contractual negotiations with each

26  Rimini Street customer.

27  **RESPONSE TO REQUEST NO. 6:**

28      Oracle incorporates its General Objections as though set forth herein. Oracle also objects

A/74544706.3/2021039-0000337130                    7

1   to this Request on attorney-client privilege and work product grounds. Oracle also objects that

2   this Request is vague in that Rimini has not defined the term "Rimini Street customer." Rimini

3   knows which entities and organizations are or have been its customers and therefore Rimini

4   should define the term by providing a complete list of all customers. It is unduly burdensome for

5   Rimini to demand that Oracle conduct searches for documents related to "Rimini Street

6   customer," without Rimini identifying those customers by name, and then later to conduct

7   additional searches for "Rimini Street customer" after Rimini identifies those customers in

8   subsequent discovery. Further, this Request is vague in that it is unclear whether Rimini intends

9   "Rimini Street customer" to have a different meaning then the previously defined term "Rimini

10  Street client." This broad Request violates the parties' agreement to limit the number of

11  custodians whose documents would be searched, and it violates the agreed upon search term list.

12  Subject to and without waiving these objections, Oracle responds that it has produced non-

13  privileged documents from the list of agreed upon custodians using the agreed upon search

14  terms, and documents responsive to this Request are among the produced documents.

15  **REQUEST NO. 7:**

16      Documents reflecting communications between Oracle and each Rimini Street customer

17  concerning any alleged breach of the customer's contracts and/or license with Oracle.

18  **RESPONSE TO REQUEST NO. 7:**

19      Oracle incorporates its General Objections as though set forth herein. Oracle also objects

20  to this Request on attorney-client privilege and work product grounds. Oracle also objects that

21  this Request is vague in that Rimini has not defined the term "Rimini Street customer." Rimini

22  knows which entities and organizations are or have been its customers and therefore Rimini

23  should define the term by providing a complete list of all customers. It is unduly burdensome for

24  Rimini to demand that Oracle conduct searches for documents related to "Rimini Street

25  customer," without Rimini identifying those customers by name, and then later to conduct

26  additional searches for "Rimini Street customer" after Rimini identifies those customers in

27  subsequent discovery. Further, this Request is vague in that it is unclear whether Rimini intends

28  "Rimini Street customer" to have a different meaning then the previously defined term "Rimini

A/74544706.3/2021039-0000337130          8

1  Street client." The Request also overbroad, burdensome and not likely to lead to the discovery of

2  admissible evidence as it seeks documents that are irrelevant to this litigation, such as documents

3  relating to software not at issue in this litigation. This broad Request also violates the parties'

4  agreement to limit the number of custodians whose documents would be searched, and it violates

5  the agreed upon search term list. Subject to and without waiving these objections, Oracle

6  responds that it has produced non-privileged documents from the list of agreed upon custodians

7  using the agreed upon search terms, and documents responsive to this Request are among the

8  produced documents.

9  **REQUEST NO. 8:**

10  Documents sufficient to show any instance where the copyrighted work was downloaded

11  from Oracle's website by anyone who did not have a license to do so.

12  **RESPONSE TO REQUEST NO. 8:**

13  Oracle incorporates its General Objections as though set forth herein. Oracle also objects

14  to the Request because it is overbroad, unduly burdensome and not reasonably calculated to lead

15  to the discovery of admissible evidence to the extent that it asks about downloads performed by

16  or on behalf of a someone that Rimini Street has not identified as one of its customers. The

17  Request is also overbroad, unduly burdensome and not reasonably calculated to lead to the

18  discovery of admissible evidence due to its unlimited time frame, to the extent that the undefined

19  term "copyrighted work" refers to a copyrighted work not alleged in the Second Amended

20  Complaint, and to the extent that documents sufficient to show a given instance of copyright

21  infringement may be unreasonably difficult to locate. Oracle also objects to this Request to the

22  extent it seeks premature expert discovery. Subject to and without waiving these objections,

23  Oracle responds that it has produced or will produce documents in its possession, custody or

24  control that could be located with reasonable diligence that are sufficient to show instances

25  where Defendants downloaded copyrighted software and support materials from Oracle's

26  support website for the registrations alleged in the Second Amended Complaint where no

27  applicable license authorized the download.

28

A/74544706.3/2021039-0000337130                                    9

1    **REQUEST NO. 9:**

2        Documents related Oracle's first knowledge of Rimini Street's activities in the third-party

3    software support market, including when Oracle first became aware of Rimini Street, who first

4    learned of Rimini Street's activities, who at Oracle was informed of Rimini Street's activities

5    and any response by Oracle to the awareness of Rimini Street's activities.

6    **RESPONSE TO REQUEST NO. 9:**

7        Oracle incorporates its General Objections as though set forth herein. Oracle also objects

8    to this Request on attorney-client privilege and work product grounds. Oracle also objects to the

9    Request because it is overbroad, unduly burdensome and not reasonably calculated to lead to the

10   discovery of admissible evidence because, due to the definition of the word "Oracle," it purports

11   to ask about knowledge possessed by any of Oracle's thousands of employees. This broad

12   Request violates the parties' agreement to limit the number of custodians whose documents

13   would be searched, and it violates the agreed upon search term list. Subject to and without

14   waiving these objections, Oracle responds that it has produced non-privileged documents from

15   the list of agreed upon custodians using the agreed upon search terms, and documents responsive

16   to this Request are among the produced documents.

17   **REQUEST NO. 10:**

18       For Oracle support customers lost to any third party competitor, independent consultant,

19   or self support since 2004, yearly summaries showing the percentage of customers which return

20   to Oracle, how long on average it takes for those customers to return to Oracle, the average

21   amount of fees (including any back fees, reinstatement fees, or penalty fees) that are collected

22   when these customers return.

23   **RESPONSE TO REQUEST NO. 10:**

24       Oracle incorporates its General Objections as though set forth herein. Oracle also objects

25   that the terms "lost," "support customers," "third party competitor," "independent consultant,"

26   "self support," "return to Oracle," and" yearly summaries" are vague and ambiguous. Subject to

27   and without waiving the foregoing objections, Oracle responds that after conducting a reasonable

28   inquiry, Oracle does not believe it possesses any documents responsive to this Request.

1    **REQUEST NO. 11:**

2         For support customers leaving Oracle and subsequently returning, documents sufficient

3    to show the purpose of charging these customers any additional fees, including, but not limited

4    to: back fees, reinstatement fees, or penalty fees.

5    **RESPONSE TO REQUEST NO. 11:**

6         Oracle incorporates its General Objections as though set forth herein. Oracle also objects

7    that the terms "leaving Oracle," "subsequently returning," and "additional fees" are vague and

8    ambiguous. Subject to and without waiving these objections, Oracle responds that it has

9    produced documents sufficient to describe the fees Oracle charges a customer for reinstating

10   support.

11   **REQUEST NO. 12:**

12        Documents reflecting any statement made by an Oracle employee regarding the

13   permissibility of third party support, or any plans to put third-party support providers out of

14   business.

15   **RESPONSE TO REQUEST NO. 12:**

16        Oracle incorporates its General Objections as though set forth herein. Oracle also objects

17   to this Request on attorney-client privilege and work product grounds. Oracle further objects

18   that the terms "permissibility," "third party support," "third-party support providers," and "out of

19   business" are vague and ambiguous. Oracle also objects that this Request calls for legal

20   conclusion. Oracle also objects to the Request because it is overbroad, unduly burdensome and

21   not reasonably calculated to lead to the discovery of admissible evidence because, due to the

22   definition of the word "Oracle," it purports to ask about knowledge possessed by any of Oracle's

23   thousands of employees. This broad Request violates the parties' agreement to limit the number

24   of custodians whose documents would be searched, and it violates the agreed upon search term

25   list. Subject to and without waiving these objections, Oracle responds that it has produced non-

26   privileged documents from the list of agreed upon custodians using the agreed upon search

27   terms, and documents responsive to this Request are among the produced documents.

28

A/74544706.3/2021039-0000337130                    11

1     **REQUEST NO. 13:**

2          Documents demonstrating Oracle's willingness to grant Rimini a license for its support of

3   PeopleSoft, J.D. Edwards, Siebel and Oracle software, the terms and conditions of such a license

4   as well as the pricing of such a license.

5     **RESPONSE TO REQUEST NO. 13:**

6          Oracle incorporates its General Objections as though set forth herein. Oracle also objects

7   to this Request on attorney-client privilege and work product grounds. Oracle also objects to this

8   Request to the extent it seeks premature expert discovery. Oracle further objects to the terms

9   "willingness" as vague and ambiguous. Oracle further objects to the Request because "Oracle's

10   willingness to grant Rimini a license" is not relevant to any claim or defense. Subject to and

11   without waiving these objections, Oracle responds that it has produced or will produce non-

12   expert documents responsive to this Request.

13     **REQUEST NO. 14:**

14          Documents sufficient to show Oracle's practice of delivering Oracle software or

15   materials to Rimini Street as Requested by Oracle licensees, including Oracle's delivery of

16   software or materials to Rimini Street on behalf of an Oracle customer, and the reasons Oracle

17   chose to deliver and/or stop delivering software or materials to Rimini Street.

18     **RESPONSE TO REQUEST NO. 14:**

19          Oracle incorporates by reference its General Objections. Oracle objects to Request No.

20   14 insofar as Oracle did not have a "practice of delivering Oracle software or materials to Rimini

21   Street" and any such acts of delivery were based not on any Oracle practice but upon deceptive

22   and misleading requests by Rimini. Oracle also objects that Request No. 14 is ambiguous,

23   overbroad and unduly burdensome since it does not specify a particular time period for its

24   request. Further, Oracle objects that the terms "practice," "delivering," "on behalf of" and

25   "reasons" are vague and ambiguous. Oracle will construe this request to seek documents

26   concerning the physical delivery of Oracle software or materials to Rimini Street's address.

27   Oracle further objects to this request because it seeks documents protected from disclosure by

28   attorney-client privilege or the attorney work product doctrine. Oracle further objects to Request

A/74544706.3/2021039-0000337130              12

1    No. 14 because it is duplicative of earlier Requests, such as Request No. 7 in Rimini's Second

2    Set of Requests for Production, and Oracle has already produced responsive documents. Subject

3    to and without waiving these objections, Oracle responds that it has produced and will produce

4    documents responsive to this Request.

5    **REQUEST NO. 15:**

6            Documents regarding Oracle's pre-suit investigation of Rimini Street, and actions or

7    decisions by Oracle as a result of the investigation.

8    **RESPONSE TO REQUEST NO. 15:**

9            Oracle incorporates its General Objections as though set forth herein. Oracle also objects

10   to this Request on attorney-client privilege and work product grounds. Oracle also objects to the

11   Request because it is overbroad, unduly burdensome and not reasonably calculated to lead to the

12   discovery of admissible evidence because it violates the parties' agreement to limit the number of

13   of custodians whose documents would be searched, and it violates the agreed upon search term

14   list. Subject to and without waiving these objections, Oracle responds that it has produced non-

15   privileged documents from the list of agreed upon custodians using the agreed upon search

16   terms, and documents responsive to this Request are among the produced documents.

17   **REQUEST NO. 16:**

18           Documents reflecting pre-suit communications between Oracle and Rimini Street

19   regarding Oracle's investigation of Rimini Street, and any internal Oracle discussions or actions

20   taken in response to communications from Rimini Street.

21   **RESPONSE TO REQUEST NO. 16:**

22           Oracle incorporates its General Objections as though set forth herein. Oracle also objects

23   to this Request on attorney-client privilege and work product grounds. Oracle also objects to the

24   Request to the extent that it seeks communications between Oracle and Rimini Street, as those

25   documents are equally in Rimini Street's possession. Oracle also objects to the Request because

26   it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

27   admissible evidence because it violates the parties' agreement to limit the number of custodians

28   whose documents would be searched, and it violates the agreed upon search term list. Subject to

A/74544706.3/2021039-0000337130                    13

1 and without waiving these objections, Oracle responds that it has produced non-privileged

2 documents from the list of agreed upon custodians using the agreed upon search terms, and

3 documents responsive to this Request are among the produced documents. In addition, Oracle

4 has produced pre-suit communications between it and Rimini Street concerning its investigation

5 of Rimini Street that it is aware of and has been able to locate with reasonable diligence.

6 **REQUEST NO. 17:**

7   Any license agreements entered into between Oracle and a third party, whereby the

8 license permits the third party to use Oracle's intellectual property to compete for Oracle's

9 customers.

10 **RESPONSE TO REQUEST NO. 17:**

11   Oracle incorporates its General Objections as though set forth herein. Oracle also objects

12 to the Request because it is overbroad, unduly burdensome and not reasonably calculated to lead

13 to the discovery of admissible evidence. Oracle further objects to the terms "use," "intellectual

14 property," and "compete" as vague and ambiguous. Oracle has already negotiated with Rimini

15 over the scope of discovery regarding its relationships with third parties, and this Request is an

16 improper attempt to undo the parties' prior agreement. Specifically, in letters dated January 12,

17 2001, January 18, 2011, and January 24, 2011 regarding search term queries 20-23, the parties

18 reach an agreement concerning the scope of discovery related to Oracle's relationship with third

19 parties. Oracle agreed to make certain productions specifically as a compromise, and Rimini

20 stated that it accepted that agreement. Subject to, and without waiving these objections, Oracle

21 responds that it has produced documents responsive to this Request as limited in scope by the

22 parties' prior agreements.

23 **REQUEST NO. 18:**

24   Documents reflecting Oracle's practice of entering into license agreements with third

25 parties whereby the third party is permitted to copy Oracle software and support materials to

26 create fixes, patches, and/or updates to Oracle software, including all instances in which Oracle

27 has granted a license for Oracle software and support materials to create fixes, patches, and/or

28 updates to Oracle software.

A/74544706.3/2021039-0000337130     14

1  **RESPONSE TO REQUEST NO. 18:**

2       Oracle incorporates its General Objections as though set forth herein. Oracle also objects

3  to the Request because it is overbroad, unduly burdensome and not reasonably calculated to lead

4  to the discovery of admissible evidence. Request No. 18 is so broad and unduly burdensome that

5  it would be improper at any state of this case, but it is particularly inappropriate coming this late

6  on the discovery process. Oracle has already negotiated with Rimini over the scope of discovery

7  regarding its relationships with third parties, and this Request is an improper attempt to undo the

8  parties' prior agreement. Specifically, in letters dated January 12, 2001, January 18, 2011, and

9  January 24, 2011 regarding search term queries 20-23, the parties reach an agreement concerning

10  the scope of discovery related to Oracle's relationship with third parties. Oracle agreed to make

11  certain productions specifically as a compromise, and Rimini stated that it accepted that

12  agreement. Subject to, and without waiving these objections, Oracle responds that it has

13  produced documents responsive to this Request as limited in scope by the parties' prior

14  agreements.

15  **REQUEST NO. 19:**

16       In connection with Rimini Street's alleged activities, documents reflecting instances in

17  which Oracle lost the opportunity to license Oracle copyrighted software.

18  **RESPONSE TO REQUEST NO. 19:**

19       Oracle incorporates its General Objections as though set forth herein. Oracle also objects

20  to this Request on attorney-client privilege and work product grounds. Oracle also objects to this

21  Request to the extent it seeks premature expert discovery. Subject to and without waiving these

22  objections, Oracle responds that it has produced or will produce non-expert documents

23  responsive to this Request.

24  **REQUEST NO. 20:**

25       Documents sufficient to show whether Oracle offers or has ever offered partial or custom

26  fixes, patches or updates for Oracle's PeopleSoft, J.D. Edwards, and Siebel families of software

27  products, and if so Oracles' fees, costs and profit margins for such partial or custom fixes,

28  patches, or updates.
A/74544706.3/2021039-0000337130                                    15

ORACLE'S RESPONSE TO DEFENDANT RIMINI STREET INC.'S
FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

1    **RESPONSE TO REQUEST NO. 20:**

2         Oracle incorporates its General Objections as though set forth herein. Oracle also objects

3    to this Request because it is overbroad, unduly burdensome and not reasonably calculated to lead

4    to admissible discovery in that it is unlimited in time and therefore seeks documents that are

5    temporally removed from any issue in this litigation. Oracle also objects that this Request seeks

6    information in a form in which Oracle does not track it. Oracle further objects to this Request in

7    that it violates the parties' agreement to limit the number of custodians whose documents would

8    be searched, and it violates the agreed upon search term list. Subject to and without waiving

9    these objections, Oracle responds that it has produced non-privileged documents from the list of

10   agreed upon custodians using the agreed upon search terms, and documents responsive to this

11   Request are among the produced documents.

12   **REQUEST NO. 21:**

13        For each Rimini Street customer, documents sufficient to show whether Oracle received

14   full payment under the relevant contracts between Oracle and the customer (for example, the

15   Software License and Services Agreement), and if not, any action taken by Oracle to collect

16   payment in full.

17   **RESPONSE TO REQUEST NO. 21:**

18        Oracle incorporates its General Objections as though set forth herein. Oracle objects that

19   this Request is vague in that Rimini has not defined the term "Rimini Street customer." Rimini

20   knows which entities and organizations are or have been its customers and therefore Rimini

21   should define the term by providing a complete list of all customers. It is unduly burdensome for

22   Rimini to demand that Oracle conduct searches for documents related to "Rimini Street

23   customer," without Rimini identifying those customers by name, and then later to conduct

24   additional searches for "Rimini Street customer" after Rimini identifies those customers in

25   subsequent discovery. Further, this Request is vague in that it is unclear whether Rimini intends

26   "Rimini Street customer" to have a different meaning then the previously defined term "Rimini

27   Street client." Oracle objects that this Request if vague in that Rimini has not defined the term

28   "relevant contracts." Oracle should not be required to guess at which contracts Rimini believes

A/74544706.3/2021039-0000337130                16

1  to be relevant. Oracle objects that this Request is overbroad, unduly burdensome and not
2  reasonably calculated to lead to the discovery of admissible evidence in that it seeks records
3  regarding financial payments dating back to, in some cases, the late 1980's and early 1990's.
4  The Request also seeks documents that are irrelevant to this litigation as the issue of whether
5  Oracle received full payment from any "customer" is unrelated to any of the claims or defenses
6  in this litigation. Oracle further objects to this Request in that it violates the parties' agreement
7  to limit the number of custodians whose documents would be searched, and it violates the agreed
8  upon search term list. Subject to and without waiving these objections, Oracle responds that to
9  the extent non-privileged, responsive documents exist within the list of agreed upon custodians
10 using the agreed upon search terms, these documents have been produced.

11 **REQUEST NO. 22:**

12      Documents reflecting communications between Oracle and third-party support providers,
13 independent consultants, or customers who self support (collectively, "alternative support")
14 regarding the permissibility of such alternative support.

15 **RESPONSE TO REQUEST NO. 22:**

16      Oracle incorporates its General Objects as though set forth herein. Oracle also objects to
17 the Request because it is overbroad, unduly burdensome and not reasonably calculated to lead to
18 the discovery of admissible evidence to the extent it requests documents reflecting
19 communications between Oracle and any party who is not Rimini and Rimini's customers. This
20 broad Request violates the parties' agreement to limit the number of custodians whose
21 documents would be searched, and it violates the agreed upon search term list. Oracle has
22 already negotiated with Rimini over the scope of discovery regarding its relationships with third
23 parties, and this Request is an improper attempt to undo the parties' prior agreement.
24 Specifically, in letters dated January 12, 2001, January 18, 2011, and January 24, 2011 regarding
25 search term queries 20-23, the parties reach an agreement concerning the scope of discovery
26 related to Oracle's relationship with third parties. Oracle agreed to make certain productions
27 specifically as a compromise, and Rimini stated that it accepted that agreement. Subject to and
28 without waiving these objections, Oracle responds that it has produced non-privileged documents

A/74544706.3/2021039-0000337130                    17

1 | from the list of agreed upon custodians using the agreed upon search terms, and documents
2 | responsive to this Request are among the produced documents.

3 | **REQUEST NO. 23:**

4 | On a yearly basis since 2004, documents sufficient to show the number of Oracle Support
5 | Software renewals that were lost to third party support competitors; the revenue, costs and profit
6 | attributed to those losses; any third party support competitor to which Oracle lost renewals and
7 | the amount of sales lost to each such third party support competitor.

8 | **RESPONSE TO REQUEST NO. 23:**

9 | Oracle incorporates its General Objects as though set forth herein. Oracle also objects to
10 | this Request to the extent it seeks premature expert discovery. Oracle also objects to the Request
11 | because it is overbroad, unduly burdensome and not reasonably calculated to lead to the extent it
12 | requests revenue costs and profit information for customers unrelated to Rimini. The Request is
13 | also overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of
14 | admissible evidence to the extent that it seeks information in a form that Oracle does not track,
15 | and because it seeks information from 2004 to the present. For some types of renewal and
16 | cancellation rates, Oracle does not have that information in a reasonably accessible form going
17 | back to 2004. Oracle further objects that the terms "third party support competitor" and "lost"
18 | are vague and ambiguous. Oracle also objects that this Request duplicates Request No. 83 in
19 | Rimini's Second Set of Requests for Production, Request No. 16 in Rimini's Fourth Set of
20 | Requests for Production, Request Nos. 1 and 4 in Rimini's Fourth Set of Requests for
21 | Production, and Requests Nos. 3 and 4 from this set of Requests for Production. Subject to and
22 | without waiving those objections, Oracle incorporates by reference its responses to Requests
23 | Nos. 3 and 4 from this set of Requests for Production.

24 | **REQUEST NO. 24:**

25 | On a yearly basis since 2004, documents sufficient to show the number of Oracle Support
26 | Software renewals that were lost due to customers electing to support themselves and the
27 | revenue, costs and profit attributed to those losses.

28 |

1  **RESPONSE TO REQUEST NO. 24:**

2    Oracle incorporates its General Objects as though set forth herein.  Oracle also objects to
3  this Request to the extent it seeks premature expert discovery.  Oracle also objects to the Request
4  because it is overbroad, unduly burdensome and not reasonably calculated to lead to the extent it
5  requests revenue costs and profit information for customers unrelated to Rimini.  The Request is
6  also overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of
7  admissible evidence to the extent that it seeks information in a form that Oracle does not track,
8  and because it seeks information from 2004 to the present.  For some types of renewal and
9  cancellation rates, Oracle does not have that information in a reasonably accessible form going
10 back to 2004.  Oracle further objects that the terms "lost" and "electing to support themselves"
11 are vague and ambiguous.  Oracle also objects that this Request duplicates Request No. 83 in
12 Rimini's Second Set of Requests for Production, Request No. 16 in Rimini's Fourth Set of
13 Requests for Production, Request Nos. 1 and 4 in Rimini's Fourth Set of Requests for
14 Production, and Requests Nos. 3 and 4 from this set of Requests for Production.  Subject to and
15 without waiving those objections, Oracle incorporates by reference its responses to Requests
16 Nos. 3 and 4 from this set of Requests for Production.

17 **REQUEST NO. 25:**

18    On a yearly basis since 2004, documents sufficient to show the number of Oracle Support
19 Software renewals that were lost to independent third party consultants and the revenue, costs
20 and profit attributed to those losses; any independent third party consultant to which Oracle lost
21 renewals and the amount of sales lost to each such independent third party consultant.

22 **RESPONSE TO REQUEST NO. 25:**

23    Oracle incorporates its General Objects as though set forth herein.  Oracle also objects to
24 this Request to the extent it seeks premature expert discovery.  Oracle also objects to the Request
25 because it is overbroad, unduly burdensome and not reasonably calculated to lead to the extent it
26 requests revenue costs and profit information for customers unrelated to Rimini.  The Request is
27 also overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of
28 admissible evidence to the extent that it seeks information in a form that Oracle does not track,

A/74544706.3/2021039-0000337130                    19

1 and because it seeks information from 2004 to the present. For some types of renewal and
2 cancellation rates, Oracle does not have that information in a reasonably accessible form going
3 back to 2004. Oracle further objects that the term "independent third party consultant" and
4 "lost" are vague and ambiguous. Oracle also objects that this Request duplicates Request No. 83
5 in Rimini's Second Set of Requests for Production, Request No. 16 in Rimini's Fourth Set of
6 Requests for Production, Request Nos. 1 and 4 in Rimini's Fourth Set of Requests for
7 Production, and Requests Nos. 3 and 4 from this set of Requests for Production. Subject to and
8 without waiving those objections, Oracle incorporates by reference its responses to Requests
9 Nos. 3 and 4 from this set of Requests for Production.

10 **REQUEST NO. 26:**

11 Documents sufficient to show Oracle's knowledge of the causes of its losses of Software
12 Support customers, including, but not limited to: poor customer service, inability to remedy
13 support issues, cost, customers not wanting to upgrade their software, Oracle no longer providing
14 customers tax and regulatory updates, patches, fixes, etc., or poor economic conditions.

15 **RESPONSE TO REQUEST NO. 26:**

16 Oracle incorporates its General Objections as though set forth herein. Oracle also objects
17 to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the
18 discovery of admissible evidence for several reasons. Oracle's "knowledge" of the causes of
19 losses of software support customers is not relevant to any claim or defense. Further, the
20 Request defines the word "Oracle" so broadly that it purports to ask about knowledge possessed
21 by any of Oracle's thousands of employees. This broad Request violates the parties' agreement
22 to limit the number of custodians whose documents would be searched. and it violates the agreed
23 upon search term list. In addition, the Request purports to seek information about numerous
24 non-Rimini Street customers, whose conduct is not at issue in this case. Subject to and without
25 waiving these objections, Oracle responds that it has produced non-privileged documents from
26 the list of agreed upon custodians using the agreed upon search terms, and documents responsive
27 to this Request are among the produced documents.

28

A/74544706.3/2021039-0000337130                    20

1  **REQUEST NO. 27:**

2       Documents sufficient to show whether Oracle permits such customers who self-support
3  to maintain non-production environments for Oracle's PeopleSoft, J.D. Edwards, and Siebel
4  families of software products; to remotely host non-production environments; to create patches,
5  fixes and updates; and to download support materials prior to the expiration of Oracle support
6  contract.

7  **RESPONSE TO REQUEST NO. 27:**

8       Oracle incorporates its General Objections as though set forth herein. Oracle also objects
9  to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the
10  discovery of admissible evidence for several reasons. This broad Request violates the parties'
11  agreement to limit the number of custodians whose documents would be searched, and it violates
12  the agreed upon search term list. In addition, the Request purports to seek information about
13  numerous non-Rimini Street customers, whose conduct is not at issue in this case. Subject to and
14  without waiving these objections, Oracle responds that it has produced non-privileged documents
15  from the list of agreed upon custodians using the agreed upon search terms, and documents
16  responsive to this Request are among the produced documents.

17  **REQUEST NO. 28:**

18       Documents sufficient to show whether Oracle permits such customers who utilize
19  independent consultants to maintain non-production environments for Oracle's PeopleSoft, J.D.
20  Edwards, and Siebel families of software products; to remotely host non-production
21  environments; to create patches, fixes and updates; and to download support materials prior to
22  the expiration of Oracle support contract.

23  **RESPONSE TO REQUEST NO. 28:**

24       Oracle incorporates its General Objections as though set forth herein. Oracle also objects
25  to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the
26  discovery of admissible evidence for several reasons. This broad Request violates the parties'
27  agreement to limit the number of custodians whose documents would be searched, and it violates
28  the agreed upon search term list. In addition, the Request purports to seek information about
A/74544706.3/2021039-0000337130                21

1    numerous non-Rimini Street customers, whose conduct is not at issue in this case.  Subject to and

2    without waiving these objections, Oracle responds that it has produced non-privileged documents

3    from the list of agreed upon custodians using the agreed upon search terms, and documents

4    responsive to this Request are among the produced documents.

5    **REQUEST NO. 29:**

6          Documents reflecting Oracle's recommendations and/or instructions to its licensees

7    regarding the creation and/or use of the following non-production copies of Oracle software and

8    support material: test and/or development copies, staging copies, back-up and/or disaster

9    recovery copies, copies of code objects made to develop or implement updated code.

10   **RESPONSE TO REQUEST NO. 29:**

11         Oracle incorporates its General Objections as though set forth herein.  Oracle also objects

12   to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the

13   discovery of admissible evidence for several reasons.  Oracle's "recommendations and/or

14   instructions" to its licensees are not relevant to any claim or defense.  Further, the Request

15   defines the word "Oracle" so broadly that it purports to ask about recommendations or

16   instructions given by any of Oracle's thousands of employees.  This broad Request violates the

17   parties' agreement to limit the number of custodians whose documents would be searched, and it

18   violates the agreed upon search term list.  In addition, the Request purports to seek information

19   about numerous non-Rimini Street customers, whose conduct is not at issue in this case.  Subject

20   to and without waiving these objections, Oracle responds that it has produced non-privileged

21   documents from the list of agreed upon custodians using the agreed upon search terms, and

22   documents responsive to this Request are among the produced documents.

23   **REQUEST NO. 30:**

24         Documents reflecting Oracle's understanding or knowledge regarding the typical

25   practices of its licensees regarding the creation and/or use of non-production copies of Oracle

26   software and support material, specifically including: test and/or development copies, staging

27   copies, back-up and/or disaster recovery copies, copies of code objects made to develop or

28   implement updated code.
     A/74544706.3/2021039-0000337130                22

1  **RESPONSE TO REQUEST NO. 30:**

2      Oracle incorporates its General Objections as though set forth herein. Oracle objects that

3  the terms "staging copies" and "code objects" are vague and ambiguous. Oracle also objects to

4  this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the

5  discovery of admissible evidence for several reasons. Oracle's "understanding or knowledge" of

6  the typical practices of its licensees is not relevant to any claim or defense. And the use of the

7  term "understanding" is vague and ambiguous. Further, the Request defines the word "Oracle"

8  so broadly that it purports to ask about the "understanding" or knowledge of any of Oracle's

9  thousands of employees. This broad Request violates the parties' agreement to limit the number

10  of custodians whose documents would be searched, and it violates the agreed upon search term

11  list. In addition, the Request purports to seek information about numerous non-Rimini Street

12  customers, whose conduct is not at issue in this case. Subject to and without waiving these

13  objections, Oracle responds that it has produced non-privileged documents from the list of

14  agreed upon custodians using the agreed upon search terms, and documents responsive to this

15  Request are among the produced documents.

16  **REQUEST NO. 31:**

17      Documents reflecting communications between Oracle and its licensees regarding any

18  allegedly-improper creation and/or use of non-production copies of Oracle software and support

19  material, specifically including: test and/or development copies, staging copies, back-up and/or

20  disaster recovery copies, copies of code objects made to develop or implement updated code.

21  **RESPONSE TO REQUEST NO. 31:**

22      Oracle incorporates its General Objections as though set forth herein. Oracle objects that

23  the terms "staging copies" and "code objects" are vague and ambiguous. Oracle also objects to

24  this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the

25  discovery of admissible evidence for several reasons. The Request for documents sufficient to

26  show communications regarding "any" improper copying in multiple forms, made by any of

27  Oracle's thousands of employees to anyone, no matter how irrelevant to this case is incredibly

28  sweeping and unreasonable. This broad Request violates the parties' agreement to limit the

A/74544706.3/2021039-0000337130          23

1   number of custodians whose documents would be searched, and it violates the agreed upon

2   search term list. In addition, the Request purports to seek information about numerous non-

3   Rimini Street customers, whose conduct is not at issue in this case. Subject to and without

4   waiving these objections, Oracle responds that it has produced non-privileged documents from

5   the list of agreed upon custodians using the agreed upon search terms, and documents responsive

6   to this Request are among the produced documents.

7   **REQUEST NO. 32:**

8        Documents reflecting Oracle's knowledge of the reasons E&J Gallo elected not to renew

9   Oracle Software Support, how E&J Gallo is performing support, whether E&J Gallo has

10   breached any Oracle license provision, committed copyright infringement or damaged Oracle in

11   any way.

12   **RESPONSE TO REQUEST NO. 32:**

13        Oracle incorporates its General Objections as though set forth herein. Oracle also objects

14   to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the

15   discovery of admissible evidence because the Request defines the word "Oracle" so broadly that

16   it purports to ask about the knowledge of any of Oracle's thousands of employees. This broad

17   Request violates the parties' agreement to limit the number of custodians whose documents

18   would be searched, and it violates the agreed upon search term list. In addition, Oracle objects to

19   this Request in that to the best of Oracle's knowledge, E&J Gallo is not a Rimini customer and

20   therefore the discovery sought by this Request is irrelevant to any claim or defense. Oracle will

21   not produce documents responsive to this Request.

22   **REQUEST NO. 33:**

23        Documents reflecting Oracle's knowledge of the reasons XO Communication elected not

24   to renew Oracle Software Support, how XO Communication is performing support, whether XO

25   Communication has breached any Oracle license provision, committed copyright infringement or

26   damaged Oracle in any way.

27   **RESPONSE TO REQUEST NO. 33:**

28        Oracle incorporates its General Objections as though set forth herein. Oracle also objects

A/74544706.3/2021039-0000337130      24

1    to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the

2    discovery of admissible evidence because the Request defines the word "Oracle" so broadly that

3    it purports to ask about the knowledge of any of Oracle's thousands of employees.  Subject to

4    and without waiving these objections, Oracle responds that it has produced non-privileged

5    documents from the list of agreed upon custodians using the agreed upon search terms, and

6    documents responsive to this Request are among the produced documents.

7    **REQUEST NO. 34:**

8         Documents reflecting Oracle's knowledge of the reasons CarsDirect.com elected not to

9    renew Oracle Software Support, how CarsDirect.com is performing support, whether  has

10   breached any Oracle license provision, committed copyright infringement or damaged Oracle in

11   any way.

12   **RESPONSE TO REQUEST NO. 34:**

13        Oracle incorporates its General Objections as though set forth herein.  Oracle also objects

14   to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the

15   discovery of admissible evidence because the Request defines the word "Oracle" so broadly that

16   it purports to ask about the knowledge of any of Oracle's thousands of employees.  Oracle also

17   objects to the name "CarsDirect.com" as vague and ambiguous as Oracle knows of no entity that

18   currently exist by that name.  Oracle therefore interprets "CarsDirect.com" to refer to Internet

19   Brands, a customer disclosed by Rimini.  Subject to and without waiving these objections,

20   Oracle responds that it has produced non-privileged documents from the list of agreed upon

21   custodians using the agreed upon search terms, and documents responsive to this Request are

22   among the produced documents.

23   **REQUEST NO. 35:**

24        Documents reflecting Oracle's knowledge of the reasons Toshiba America Information

25   Systems elected not to renew Oracle Software Support, how Toshiba America Information

26   Systems is performing support, whether Toshiba America Information Systems has breached any

27   Oracle license provision, committed copyright infringement or damaged Oracle in any way.

28

A/74544706.3/2021039-0000337130                    25

1    **RESPONSE TO REQUEST NO. 35:**

2         Oracle incorporates its General Objections as though set forth herein. Oracle also objects

3    to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the

4    discovery of admissible evidence because the Request defines the word "Oracle" so broadly that

5    it purports to ask about the knowledge of any of Oracle's thousands of employees. Subject to

6    and without waiving these objections, Oracle responds that it has produced non-privileged

7    documents from the list of agreed upon custodians using the agreed upon search terms, and

8    documents responsive to this Request are among the produced documents.

9    **REQUEST NO. 36:**

10        Documents reflecting Oracle's knowledge of the reasons Great Atlantic elected not to

11   renew Oracle Software Support, how Great Atlantic is performing support, whether Great

12   Atlantic has breached any Oracle license provision, committed copyright infringement or

13   damaged Oracle in any way.

14   **RESPONSE TO REQUEST NO. 36:**

15        Oracle incorporates its General Objections as though set forth herein. Oracle also objects

16   to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the

17   discovery of admissible evidence because the Request defines the word "Oracle" so broadly that

18   it purports to ask about the knowledge of any of Oracle's thousands of employees. This broad

19   Request violates the parties' agreement to limit the number of custodians whose documents

20   would be searched, and it violates the agreed upon search term list. In addition, Oracle objects to

21   this Request in that to the best of Oracle's knowledge, Great Atlantic is not a Rimini customer

22   and therefore the discovery sought by this Request is irrelevant to any claim or defense. Oracle

23   will not produce documents responsive to this Request.

24   **REQUEST NO. 37:**

25        Documents reflecting Oracle's knowledge of the reasons the City of Ontario elected not

26   to renew Oracle Software Support, how City of Ontario is performing support, whether City of

27   Ontario has breached any Oracle license provision, committed copyright infringement or

28   damaged Oracle in any way.

A/74544706.3/2021039-0000337130                    26

1 **RESPONSE TO REQUEST NO. 37:**

2    Oracle incorporates its General Objections as though set forth herein. Oracle also objects

3 to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the

4 discovery of admissible evidence because the Request defines the word "Oracle" so broadly that

5 it purports to ask about the knowledge of any of Oracle's thousands of employees. Subject to

6 and without waiving these objections, Oracle responds that it has produced non-privileged

7 documents from the list of agreed upon custodians using the agreed upon search terms, and

8 documents responsive to this Request are among the produced documents.

9 **REQUEST NO. 38:**

10    Documents reflecting Oracle's knowledge of the reasons El Camino Hospital elected not

11 to renew Oracle Software Support, how El Camino Hospital is performing support, whether El

12 Camino Hospital has breached any Oracle license provision, committed copyright infringement

13 or damaged Oracle in any way.

14 **RESPONSE TO REQUEST NO. 38:**

15    Oracle incorporates its General Objections as though set forth herein. Oracle also objects

16 to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the

17 discovery of admissible evidence because the Request defines the word "Oracle" so broadly that

18 it purports to ask about the knowledge of any of Oracle's thousands of employees. Subject to

19 and without waiving these objections, Oracle responds that it has produced non-privileged

20 documents from the list of agreed upon custodians using the agreed upon search terms, and

21 documents responsive to this Request are among the produced documents.

22 **REQUEST NO. 39:**

23    Documents reflecting Oracle's knowledge of the reasons Clearon Holdings, Inc. elected

24 not to renew Oracle Software Support, how Clearon Holdings, Inc. is performing support,

25 whether Clearon Holdings, Inc. has breached any Oracle license provision, committed copyright

26 infringement or damaged Oracle in any way.

27 **RESPONSE TO REQUEST NO. 39:**

28    Oracle incorporates its General Objections as though set forth herein. Oracle also objects

1   to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the

2   discovery of admissible evidence because the Request defines the word "Oracle" so broadly that

3   it purports to ask about the knowledge of any of Oracle's thousands of employees. This broad

4   Request violates the parties' agreement to limit the number of custodians whose documents

5   would be searched, and it violates the agreed upon search term list. In addition, Oracle objects to

6   this Request in that to the best of Oracle's knowledge, Clearon Holdings, Inc. is not a Rimini

7   customer and therefore the discovery sought by this Request is irrelevant to any claim or defense.

8   Oracle will not produce documents responsive to this Request.

9   **REQUEST NO. 40:**

10   Documents sufficient to show amounts Oracle charges for Oracle's development

11   databases as well as Oracle's projected and actual yearly revenue, fixed costs, incremental costs,

12   and profit margins for Oracle's development databases from 2004 to present.

13   **RESPONSE TO REQUEST NO. 40:**

14   Oracle incorporates its General Objections as though set forth herein. Oracle also objects

15   to the Request because the term "development databases" is hopelessly vague, and ambiguous.

16   As a result, Oracle is unable to determine what information this Request seeks. Oracle also

17   objects that this Request seeks information in a form in which Oracle does not track it.

18   **REQUEST NO. 41:**

19   Documents reflecting actions taken by Oracle to monitor and/or restrict access to

20   Software and Support Materials on the Oracle support website.

21   **RESPONSE TO REQUEST NO. 41:**

22   Oracle incorporates its General Objections as though set forth herein. Oracle also objects

23   to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the

24   discovery of admissible evidence. The Request is unlimited in time frame and not limited to

25   conduct by Rimini Street. Further, the "actions" taken by "Oracle" – defined to include all of its

26   thousands of employees – to "monitor" or "restrict access" to its support website is a sweeping

27   Request that would include the job descriptions of numerous employees. This broad Request

28   violates the parties' agreement to limit the number of custodians whose documents would be

A/74544706.3/2021039-0000337130

28

1    searched, and it violates the agreed upon search term list. In addition, the Court's May 19, 2011

2    Order has already ruled that Rimini Street is not entitled to the discovery sought by this Request.

3    **REQUEST NO. 42:**

4        Documents reflecting the Terms of Use for Oracle's Website, including the development

5    of the Terms of Use, revisions or modifications to the Terms of Use from 2004 to present, and

6    who authorized the modification and the reasons for each revision or modification.

7    **RESPONSE TO REQUEST NO. 42:**

8        Oracle incorporates its General Objections as though set forth herein. Oracle also objects

9    to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the

10   discovery of admissible evidence to the extent that it seeks documents other than the Terms of

11   Use themselves, such as documents "reflecting . . . the development" of the Terms of Use,

12   documents "reflecting . . . revisions or modifications" to the Terms of Use, documents

13   "reflecting . . . who authorized the modification," and documents "reflecting . . . the reasons for

14   each revision or modification." Oracle also objects to this Request on attorney-client privilege

15   and work product grounds. Oracle also objects to this Request in that it is overbroad in time

16   frame and to the extent it seeks Terms of Use inapplicable to Defendants' conduct. In addition,

17   Oracle objects to this Request because it violates the parties' agreement to limit the number of

18   custodians whose documents would be searched, and it violates the agreed upon search term list.

19   Subject to and without waiving these objections, Oracle responds that it has produced the Terms

20   of Use for its support website applicable to Defendants' conduct alleged in the Second Amended

21   Complaint.

22   **REQUEST NO. 43:**

23       Documents sufficient to show Oracle's efforts to enforce the Terms of Use for Oracle's

24   Technical Support websites, including any and all communications to users of the Technical

25   Support websites regarding alleged breaches of the Terms of Use, any and all actions taken

26   and/or legal proceedings instituted by Oracle against users of the Technical Support websites for

27   alleged breaches of the Terms of Use, and any legal analysis, opinions, positions, or decisions

28   rendered regarding the scope of the Terms of Use in connection with such actions or

A/74544706.3/2021039-0000337130                    29

1    proceedings.

2    **RESPONSE TO REQUEST NO. 43:**

3         Oracle incorporates its General Objections as though set forth herein. Oracle also objects

4    to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the

5    discovery of admissible evidence. The Request for documents sufficient to show "any and all"

6    communications by any of Oracle's thousands of employees to anyone, ever, concerning a

7    violation of any of the Terms of Use, no matter how irrelevant to this case, as well as for

8    documents sufficient to show "any and all actions" taken by Oracle against anyone, ever for such

9    a violation is incredibly sweeping and unreasonable. This broad Request violates the parties'

10   agreement to limit the number of custodians whose documents would be searched, and it violates

11   the agreed upon search term list. Further, the Request for "any legal analysis, opinions,

12   positions, or decisions" regarding the scope of the Terms of Use improperly seeks attorney-client

13   privileged and work product information, in addition to being overbroad and not reasonably

14   calculated to lead to the discovery of admissible evidence. Subject to and without waiving these

15   objections, Oracle responds that it has produced documents sufficient to show its efforts to

16   enforce the Terms of Use against SAP and TomorrowNow, as well as documents sufficient to

17   show the nature of the legal proceeding Oracle instituted against them. Oracle has also produced

18   documents sufficient to show its efforts to enforce its Terms of Use against Defendants, and of

19   course Defendants already have knowledge of the legal proceeding against them.

20   **REQUEST NO. 44:**

21        Documents sufficient to show Oracle's policies or business customs with respect to the

22   use of Oracle's Software and Support Materials by licensees who self-support or who are

23   supported by independent consultants.

24   **RESPONSE TO REQUEST NO. 44:**

25        Oracle incorporates its General Objections as though set forth herein. Oracle objects that

26   the term "business customs" is vague and ambiguous. Oracle also objects to this Request as

27   overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

28   admissible evidence for several reasons. Literally interpreted, this Request seeks documents

1    related to all of Oracle software and support materials irrespective of whether the software or

2    support materials is included within the scope of this action. Oracle's policies or "business

3    customs" related to software and support material unrelated to this action is irrelevant. In

4    addition, the Request purports to seek information about numerous non-Rimini Street customers,

5    whose conduct is not at issue in this case. This broad Request violates the parties' agreement to

6    limit the number of custodians whose documents would be searched, and it violates the agreed

7    upon search term list. Subject to and without waiving these objections, Oracle responds that it

8    has produced non-privileged documents from the list of agreed upon custodians using the agreed

9    upon search terms, and documents responsive to this Request are among the produced

10    documents.

11    **REQUEST NO. 45:**

12       Documents sufficient to show permitted purposes for use of Oracle's Software and

13    Support Materials, specifically Oracle's policies or business customs regarding use "other than

14    for personal, information, or non-commercial purposes."

15    **RESPONSE TO REQUEST NO. 45:**

16       Oracle incorporates its General Objections as though set forth herein. Oracle objects that

17    the term "business customs" is vague and ambiguous. Oracle also objects to this Request as

18    overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

19    admissible evidence for several reasons. Literally interpreted, this Request seeks documents

20    related to all of Oracle software and support materials irrespective of whether the software or

21    support materials is included within the scope of this action. Oracle's policies or "business

22    customs" related to software and support material unrelated to this action is irrelevant. In

23    addition, the Request purports to seek information about numerous non-Rimini Street customers,

24    whose conduct is not at issue in this case. This broad Request violates the parties' agreement to

25    limit the number of custodians whose documents would be searched, and it violates the agreed

26    upon search term list. Subject to and without waiving these objections, Oracle responds that it

27    has produced non-privileged documents from the list of agreed upon custodians using the agreed

28    upon search terms, and documents responsive to this Request are among the produced

A/74544706.3/2021039-0000337130      31

1  documents.

2  **REQUEST NO. 46:**

3      Documents sufficient to show benefits that Oracle contends it conferred on the
4  Defendants, and which the Defendants wrongfully retained.

5  **RESPONSE TO REQUEST NO. 46:**

6      Oracle incorporates its General Objections as though set forth herein. Oracle also objects
7  to the Request because it improperly seeks access to Oracle's attorneys' work product and
8  improperly seeks premature expert discovery. Subject to, and without waiving these objections,
9  Oracle responds that it has produced or will produce documents responsive to this Request.

10  **REQUEST NO. 47:**

11      Documents sufficient to show Oracle's decision to "prohibit the use of automated
12  downloads, including through robots, or other use of the Technical Support website that
13  overburdens it" in its Terms of Use (as stated in response to Rimini Street's Interrogatory No.
14  11) and Oracle's internal practices and actions taken to enforce the provisions of the Terms of
15  Use.

16  **RESPONSE TO REQUEST NO. 47:**

17      Oracle incorporates its General Objections as though set forth herein. Oracle also objects
18  to this Request as vague and ambiguous in part. The "[d]ocuments sufficient to show Oracle's
19  decision to 'prohibit automated downloads . . .' in its Terms of Use" are the Terms of Use that
20  contain that prohibition, which Oracle has produced. If this portion of the Request seeks
21  something else, Oracle is unable to discern what. Oracle also objects to this Request as
22  overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of
23  admissible evidence to the extent that it seeks documents unrelated to Defendants' conduct.
24  Oracle also objects to this Request on attorney-client privilege and work product grounds. In
25  addition, Oracle objects to this Request because it violates the parties' agreement to limit the
26  number of custodians whose documents would be searched, and it violates the agreed upon
27  search term list. Subject to and without waiving these objections, Oracle responds that it has
28  produced the Terms of Use for its support website applicable to Defendants' conduct alleged in

A/74544706.3/2021039-0000337130

32

1   the Second Amended Complaint, and that it has produced documents sufficient to show Oracle's

2   actions to enforce the Terms of Use against Defendants.

3   **REQUEST NO. 48:**

4       Documents sufficient to show instances in which Oracle contends that Rimini Street

5   "engaged in large-scale downloading that has damaged Oracle's servers" as stated in response to

6   Rimini Street's Interrogatory No. 11, specifically including damages that Oracle contends were

7   caused as a result of the downloading.

8   **RESPONSE TO REQUEST NO. 48:**

9       Oracle incorporates its General Objections as though set forth herein.  Subject to and

10   without waiving these objections, Oracle responds that it has produced or will produce

11   documents responsive to this Request.

12   **REQUEST NO. 49:**

13       Documents sufficient to show how content on Oracle's Website is organized, methods for

14   locating specific content, the type of metadata available for identifying specific content, and any

15   changes or modifications to the way in which support content is made available to licensees from

16   2004 to present.

17   **RESPONSE TO REQUEST NO. 49:**

18       Oracle incorporates its General Objections as though set forth herein.  Oracle also objects

19   to this Request as vague, incomprehensible, overbroad, unduly burdensome and not reasonably

20   calculated to lead to the discovery of admissible evidence.  Oracle also objects that this Request

21   improperly seeks documents that, if they were ever relevant to anything in this case, related to

22   Defendants' copyright misuse defense and counterclaim, which have been dismissed.

23   **REQUEST NO. 50:**

24       Documents sufficient to show acts by Rimini Street that Oracle contends threatened or

25   harmed competition, or was otherwise an unlawful, unfair, or fraudulent business act or practice

26   on which Oracle intends to rely on to support its unfair competition and unfair practices claim.

27   **RESPONSE TO REQUEST NO. 50:**

28       Oracle incorporates its General Objections as though set forth herein.  Oracle also objects

1    to the Request because it improperly seeks access to Oracle's attorneys' work product in as much

2    as it seeks documents that reveal Oracle's strategy and preparation for trial. Subject to and

3    without waiving these objections, Oracle responds that it has produced or will produce every

4    document which Oracle intends to rely on at trial to support its unfair competition and unfair

5    practices claim.

6    **REQUEST NO. 51:**

7         Documents sufficient to show advertising by Rimini Street that Oracle contends was

8    unfair, deceptive, untrue, or misleading.

9    **RESPONSE TO REQUEST NO. 51:**

10        Oracle incorporates its General Objections as though set forth herein. Oracle also objects

11   to the Request to the extent that it seeks documents that are equally in Rimini Street's

12   possession. Oracle objects to the Request because it improperly seeks access to Oracle's

13   attorneys' work product in as much as it seeks documents that reveal Oracle's strategy and

14   preparation for trial. Subject to and without waiving these objections, Oracle responds that it has

15   produced or will produce documents responsive to this Request.

16   **REQUEST NO. 52:**

17        Documents sufficient to show conduct by Rimini Street that Oracle contends threatens a

18   violation of antitrust laws, or violates the policy or spirit of antitrust laws.

19   **RESPONSE TO REQUEST NO. 52:**

20        Oracle incorporates its General Objections as though set forth herein. Oracle also objects

21   to the Request because it improperly seeks access to Oracle's attorneys' work product in as much

22   as it seeks documents that reveal Oracle's strategy and preparation for trial. Subject to and

23   without waiving these objections, Oracle responds that it has produced or will produce

24   documents responsive to this Request.

25   **REQUEST NO. 53:**

26        Documents regarding interferences with Oracle's use of its computer system by Rimini

27   Street upon which Oracle intends to rely at trial to support its trespass claim.

28

1  **RESPONSE TO REQUEST NO. 53:**

2      Oracle incorporates its General Objections as though set forth herein. Oracle also objects

3  to the Request because it improperly seeks access to Oracle's attorneys' work product in as much

4  as it seeks documents that reveal Oracle's strategy and preparation for trial. Subject to and

5  without waiving these objections, Oracle responds that it has produced or will produce

6  documents which Oracle intends to rely on at trial to support its claims against the Defendants.

7  **REQUEST NO. 54:**

8      Documents regarding instances in which Oracle contends that Rimini Street was unjustly

9  enriched, including any benefits that Plaintiffs conferred on Rimini Street and that Rimini Street

10  retained at the expense of Oracle, and the harm to Oracle as a result.

11  **RESPONSE TO REQUEST NO. 54:**

12      Oracle incorporates its General Objections as though set forth herein. Oracle also objects

13  to the Request because it improperly seeks access to Oracle's attorneys' work product. Subject

14  to and without waiving these objections, Oracle responds that it has produced or will produce

15  documents responsive to this Request.

16  **REQUEST NO. 55:**

17      Documents and communications regarding contractual negotiations between Oracle and

18  each Rimini Street customer for whom Rimini Street performed the allegedly-improper actions

19  identified in Oracle's Second Amended Complaint.

20  **RESPONSE TO REQUEST NO. 55:**

21      Oracle incorporates its General Objections as though set forth herein. Oracle also objects

22  to the Request because it improperly seeks access to Oracle's attorneys' work product. Oracle

23  also objects that this Request is vague in that Rimini has not defined the term "Rimini Street

24  customer". Rimini knows which entities and organizations are or have been its customers and

25  therefore Rimini should define the term by providing a complete list of all customers. It is

26  unduly burdensome for Rimini to demand that Oracle conduct searches for documents related to

27  "Rimini Street customer," without Rimini identifying those customers by name. Further, this

28  Request is vague in that it is unclear whether Rimini intends "Rimini Street customer" to have a
A/74544706.3/2021039-0000337130                    35

1   different meaning then the previously defined term "Rimini Street client". Subject to and

2   without waiving these objections, Oracle responds that it has produced non-privileged documents

3   from the list of agreed upon custodians using the agreed upon search terms, and documents

4   responsive to this Request are among the produced documents.

5   **REQUEST NO. 56:**

6   Communications between Oracle and each Rimini Street customer for whom Rimini

7   Street performed the allegedly-improper actions identified in Oracle's Second Amended

8   Complaint regarding any alleged breach of the customer's contracts and/or license with Oracle.

9   **RESPONSE TO REQUEST NO. 56:**

10   Oracle incorporates its General Objections as though set forth herein. Oracle also objects

11   to the Request because it improperly seeks access to Oracle's attorneys' work product. Oracle

12   also objects that this Request is vague in that Rimini has not defined the term "Rimini Street

13   customer". Rimini knows which entities and organizations are or have been its customers and

14   therefore Rimini should define the term by providing a complete list of all customers. It is

15   unduly burdensome for Rimini to demand that Oracle conduct searches for documents related to

16   "Rimini Street customer," without Rimini identifying those customers by name. Further, this

17   Request is vague in that it is unclear whether Rimini intends "Rimini Street customer" to have a

18   different meaning then the previously defined term "Rimini Street client.. Subject to and without

19   waiving these objections, Oracle responds that it has produced non-privileged documents from

20   the list of agreed upon custodians using the agreed upon search terms, and documents responsive

21   to this Request are among the produced documents.

22   **REQUEST NO. 57:**

23   Documents sufficient to show functionality and user interface provided by Oracle's

24   Metalink 3 website during the time period from October 15, 2008 to February 15, 2009,

25   including the search functionality provided by the Metalink 3 website, the metadata and other

26   interface features provided to assist users in locating content, and the impact on or changes to the

27   functionality and user interface of Metalink 3 associated with Oracle's migration from the

28   Customer Connection website to the Metalink 3 website.
A/74544706.3/2021039-0000337130                          36

1 **RESPONSE TO REQUEST NO. 57:**

2       Oracle incorporates by reference its General Objections. Oracle objects that Request No.

3 57 is overbroad and unduly burdensome insofar as it seeks documents showing every aspect of

4 the "functionality and user interface" including several specified items, numerous aspects of

5 which have no relevance or only tangential relevance to the claims and defenses in this action.

6 Oracle further objects that "functionality," "user interface," "metadata and other features

7 provided to assist users in locating content," and "the impact on or changes to the functionality

8 and user interface" are vague and ambiguous.   Subject to and without waiving the foregoing

9 objections, Oracle will produce, after a reasonable search, documents sufficient to show

10 generally how users could locate content on Metalink 3 in the time period from October 15, 2008

11 to February 15, 2009.

12 DATED: November 7, 2011

13

14                        Bingham McCutchen LLP

15

16                  By:_____

17                        Thomas S. Hixson

18                     Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and Oracle
19                       International Corp.

20

21

22

23

24

25

26

27

28

A/74544706.3/2021039-0000337130           37

1

**PROOF OF SERVICE**

2     I am over eighteen years of age, not a party in this action, and employed in San

3  Francisco County, California at Three Embarcadero Center, San Francisco, California 94111-

4  4067. I am readily familiar with the practice of this office for collection and processing of

5  correspondence for email delivery.

6     Today I caused to be served the following document:

7
8     **ORACLE'S RESPONSE TO DEFENDANT RIMINI STREET,
INC.'S FIFTH SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFFS**

9  ☒  (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in
10     portable document format (PDF) listed below to the email address set forth
     below on this date.

11

12  B. Trent Webb, Esq.
   Eric Buresh, Esq.
   SHOOK, HARDY & BACON LLP
13  2555 Grand Blvd.
   Kansas City, Missouri 64108
14  Telephone: (816) 474-6550
   Facsimile: (816) 421-5547
15  bwebb@shb.com
   eburesh@shb.com
16

17

Mark G. Tratos, Esq.
Brandon Roos, Esq.
Leslie Godfrey, Esq.
GREENBERG TRAURIG, LLP
3773 Howard Hughes Pkwy
Ste 400 North
Las Vegas, NY 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
tratosm@gtlaw.com
roosb@gtlaw.com
godfreyl@gtlaw.com

18  Robert H. Reckers, Esq.
   SHOOK, HARDY & BACON LLP
19  600 Travis Street, Suite 1600
   Houston, Texas 77002
20  Telephone: (713) 227-8008
   Facsimile: (713) 227-9508
21  rreckers@shb.com

22

W. West Allen, Esq.
LEWIS AND ROCCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
wallen@lrlaw.com

23     I declare that I am employed in the office of a member of the bar of this court at

24  whose direction the service was made and that this declaration was executed on November 7,

25  2011, at San Francisco, California.

26
27                                 Joyce Holman

28
A/74544706.3/2021039-0000337130          38