# EXHIBIT 1

```
                UNITED STATES DISTRICT COURT

               NORTHERN DISTRICT OF CALIFORNIA

    BEFORE THE HONORABLE PHYLLIS J. HAMILTON, JUDGE

ORACLE CORPORATION, ET AL.  )    JURY TRIAL
                            )
        PLAINTIFFS,         )    NO. C 07-01658 PJH
                            )
   VS.                      )    VOLUME 6
                            )
SAP AG, ET AL.,             )    PAGES 947 - 1187
                            )
        DEFENDANTS.         )    OAKLAND, CALIFORNIA
_____)    TUESDAY, NOVEMBER 9, 2010
```

**CERTIFIED COPY**

TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

```
FOR PLAINTIFFS:          BINGHAM MUCCUTCHEN LLP
                         THREE EMBARCADERO CENTER
                         SAN FRANCISCO, CALIFORNIA  94111-4607
                    BY:  ZACHARY J. ALINDER,
                         HOLLY A. HOUSE,
                         GEOFFREY M. HOWARD,
                         DONN P. PICKETT, ATTORNEYS AT LAW

                         BOIES, SCHILLER & FLEXNER LLP
                         1999 HARRISON STREET, SUITE 900
                         OAKLAND, CALIFORNIA  94612
                    BY:  DAVID BOIES,
                         STEVEN C. HOLTZMAN, ATTORNEYS AT LAW




            (APPEARANCES CONTINUED NEXT PAGE)



REPORTED BY:          RAYNEE H. MERCADO, CSR NO. 8258
                      DIANE E. SKILLMAN, CSR NO. 4909
```

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 451-7530*

```
 1   OVER VERY BRIEFLY ARE BASED ON THE NUMBER OF ACTUAL CUSTOMERS
 2   THAT -- IN THE FIRST CATEGORY, THE ACTUAL CUSTOMERS WHO WENT
 3   FROM ORACLE SUPPORT TO TOMORROWNOW SUPPORT AS A RESULT OF
 4   TOMORROWNOW, CORRECT?
 5   A.   THAT'S CORRECT.
 6   Q.   AND THE SECOND CATEGORY ARE THE COMPANIES THAT WENT FROM
 7   ORACLE TO SAP TO BUY SOFTWARE AS A RESULT OF TOMORROWNOW,
 8   CORRECT?
 9   A.   IT WOULD BE THE -- WHATEVER IS REPORTED BY SAP.  BUT IT'S
10   ADDITIONAL REVENUES AND PROFITS THAT WERE GAINED BY WORKING IN
11   CONJUNCTION WITH THE TOMORROWNOW OFFERING.  SO IT'S THAT
12   COMBINED OFFERING.
13   Q.   OKAY.
14           AND TO COME UP WITH THOSE FIGURES, YOU LOOKED AT
15   SOME OF THE CUSTOMERS AND YOU DECIDED, AS BEST YOU COULD BASED
16   ON THE AVAILABLE EVIDENCE, WHY A CUSTOMER LEFT ORACLE FOR
17   TOMORROWNOW AND WHY A CUSTOMER LEFT ORACLE FOR SAP, RIGHT?
18   A.   IN A GENERAL SENSE, THAT'S CORRECT.
19   Q.   OKAY.
20           LET ME ADD TO THAT CHART THE NUMBER OF CUSTOMERS
21   THAT, BASED ON YOUR WORK, ARE IN THE FIRST CATEGORY.  THE ONES
22   THAT LEFT ORACLE FOR SUPPORT BY TOMORROWNOW AS A RESULT OF
23   TOMORROWNOW.
24           WHAT NUMBER DID YOU COME UP WITH, NUMBER OF
25   CUSTOMERS?
```

1  A.    THAT HAVE LEFT.  SO IF WE ARE JUST TALKING NOW ABOUT THE
2  REMAINING PLAINTIFF, IN MY LOST PROFIT NUMBER OF 36, I HAVE 253
3  CUSTOMERS.
4  Q.    253 CUSTOMERS.
5        AND MR. CLARKE HAS A SOMEWHAT LOWER NUMBER?
6  A.    I BELIEVE IT'S AROUND 170.  SOME OF THE CUSTOMERS HAVE --
7  THERE'S COMBINATIONS, WHATNOT, BUT SAY 170.
8  Q.    THE DIFFERENCE BETWEEN YOU AND MR. CLARKE IS OVER, WHAT IS
9  THAT, 70, 80 CUSTOMERS, AND THE DIFFERENCE BETWEEN THE TWO OF
10 YOU ON THOSE CUSTOMERS IS THEIR MOTIVATION FOR LEAVING ORACLE;
11 WAS IT BECAUSE OF TOMORROWNOW OR WERE THEY GOING TO LEAVE
12 ORACLE ANYWAY, RIGHT?
13 A.    IF I FOLLOW THAT, MR. CLARKE EXCLUDES ANOTHER WHATEVER, 80
14 CUSTOMERS, BELIEVING THAT THEY WOULD HAVE LEFT ORACLE FOR A
15 VARIETY OF REASONS THAT HE'S COME UP WITH THAT I DO NOT ACCEPT.
16       I HAVE LOOKED AT HIS EXCLUSIONS, I DON'T THINK THEY
17 ARE SUPPORTED, BUT HE WOULD SAY THAT HE HAS RATIONALE FOR WHY
18 THEY LEFT.
19 Q.    LET'S TAKE ONE EXAMPLE.  THERE'S A COMPANY THAT LEFT
20 ORACLE AND WENT TO ANOTHER THIRD PARTY PROVIDER CALLED
21 VERITECH.
22       ARE YOU FAMILIAR WITH THAT THIRD PARTY PROVIDER?
23 A.    MAYBE NOT SPECIFICALLY, BUT YOU CAN GO.
24 Q.    OKAY.  AND THAT CUSTOMER WAS GONE FOR TWO YEARS FROM
25 ORACLE TO VERITECH.  AND THEN AFTER TWO YEARS STOPPED VERITECH

```
 1
 2
 3                      **CERTIFICATE OF REPORTER**
 4           WE, RAYNEE H. MERCADO AND DIANE E. SKILLMAN, OFFICIAL
 5   REPORTERS FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF
 6   CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN
 7   C07-01658PJH, ORACLE USA, INC., ET AL. V. SAP AG, ET AL., WERE
 8   REPORTED BY US ON, TUESDAY, NOVEMBER 9, 2010, CERTIFIED
 9   SHORTHAND REPORTERS, AND WERE THEREAFTER TRANSCRIBED UNDER OUR
10   DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL,
11   COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY US AT
12   THE TIME OF FILING.
13           THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID
14   TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE
15   COURT FILE.
16
17   _____
18           RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR
19
20   _____/s/_____
21           DIANE E. SKILLMAN, CSR, RPR, FCRR
22
23                WEDNESDAY, NOVEMBER 10, 2010
24
25
```

```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

         BEFORE THE HONORABLE PHYLLIS J. HAMILTON, JUDGE

ORACLE CORPORATION, ET AL.    )    JURY TRIAL
                              )
         PLAINTIFFS,          )    NO. C 07-01658 PJH
                              )
  VS.                         )    VOLUME 7
                              )
SAP AG, ET AL.,               )    PAGES 1188 - 1420
                              )
         DEFENDANTS.           )    OAKLAND, CALIFORNIA
_____)    FRIDAY, NOVEMBER 12, 2010
```

## *CERTIFIED COPY*

**TRANSCRIPT OF PROCEEDINGS**

APPEARANCES:

```
FOR PLAINTIFFS:         BINGHAM MUCCUTCHEN LLP
                        THREE EMBARCADERO CENTER
                        SAN FRANCISCO, CALIFORNIA  94111-4607
                   BY:  ZACHARY J. ALINDER,
                        HOLLY A. HOUSE,
                        GEOFFREY M. HOWARD,
                        DONN P. PICKETT, ATTORNEYS AT LAW

                        BOIES, SCHILLER & FLEXNER LLP
                        1999 HARRISON STREET, SUITE 900
                        OAKLAND, CALIFORNIA  94612
                   BY:  DAVID BOIES,
                        STEVEN C. HOLTZMAN, ATTORNEYS AT LAW



              (APPEARANCES CONTINUED NEXT PAGE)



REPORTED BY:            RAYNEE H. MERCADO, CSR NO. 8258
                        DIANE E. SKILLMAN, CSR NO. 4909
```

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 451-7530*

```
 1   THE LOST SUPPORT PROFITS.  AND THESE ARE THE PEOPLESOFT
 2   CUSTOMERS WHO WERE AT ORACLE, AND THEN THEY WENT OVER TO
 3   TOMORROWNOW FOR SUPPORT FOR THEIR ORACLE OR PEOPLESOFT SOFTWARE,
 4   CORRECT?
 5   A.   YES.
 6   Q.   AND WHAT YOU WERE TRYING TO DO -- YOU KNOW THE TOTAL NUMBER
 7   OF TOMORROWNOW CUSTOMERS FROM PEOPLESOFT WAS 358, CORRECT?
 8   A.   YES.
 9   Q.   AND YOU WENT FROM 358 TO 253 BECAUSE YOU CONCLUDED THAT
10   THERE WERE A LOT OF CUSTOMERS, THE DIFFERENCE BETWEEN 358 AND
11   253, WHO WENT TO TOMORROWNOW BUT WERE GOING TO LEAVE ORACLE
12   ANYWAY, CORRECT?
13   A.   NO, THAT'S ACTUALLY NOT CORRECT.  BASICALLY THE ONES THAT
14   I'VE DROPPED OUT ARE BECAUSE THEY EITHER NEVER LEFT ORACLE; THEY
15   SORT OF HAD SERVICE FROM BOTH COMPANIES.  OR THEY REINSTATED
16   WITH ORACLE -- THERE WERE 26 OF THEM -- SO THEY BASICALLY HAD TO
17   PAY BACK LICENSE.  AND THEN I THINK ANOTHER, LIKE, 20 WHERE
18   THEY -- YOU KNOW, IN THE PLAINTIFF GROUP.
19              SO A LOT OF THEM ARE JUST SORT OF, YOU KNOW,
20   NECESSARY ADJUSTMENTS TO GET APPLES AND APPLES.  IF THEY DON'T
21   LEAVE ORACLE, THEY SHOULDN'T BE IN THE LOST PROFITS OBVIOUSLY.
22   AND IF THEY'RE A COMPANY THAT'S A DIFFERENT PLAINTIFF THAT'S NOT
23   IN THE CASE RIGHT NOW, THEY SHOULDN'T BE IN THE NUMBER.  SO
24   THEY'RE MORE STRUCTURAL ADJUSTMENTS.  THERE WERE A FEW SMALL
25   ONES WHERE I PULLED THEM OUT FOR OTHER REASONS.
```

1  Q.  WELL, AND ONE OF THE REASONS -- YOU RECALL THIS SMALL ONE,
2  BUT ONE OF THE REASONS WAS THAT YOU CONCLUDED THAT THE CUSTOMER
3  WOULD HAVE LEFT ORACLE ANYWAY, CORRECT?  THEY WENT TO
4  TOMORROWNOW, BUT THEY WERE GOING TO LEAVE ORACLE ANYWAY?
5  A.  THERE MAY BE A FEW OF THOSE.  WE'D HAVE TO TALK SPECIFICS.
6  I DON'T WANT TO TALK GENERALITIES ABOUT THIS.
7  Q.  BUT, LOOK, YOU'VE SPENT A LOT OF TIME ON THIS ANALYSIS,
8  CORRECT?
9  A.  I SPENT SOME TIME ON IT; THAT'S CORRECT.
10 Q.  OKAY.  AND ARE YOU SAYING THAT YOU CAN'T REMEMBER REMOVING
11 ANY -- A SINGLE CUSTOMER ON THE GROUND THAT THEY WOULD HAVE LEFT
12 ORACLE ANYWAY?
13 A.  I'M NOT SAYING THAT.
14 Q.  OKAY.  YOU, IN FACT, REMEMBER SOME CUSTOMERS WHO YOU REMOVED
15 FOR THAT REASON, CORRECT?
16 A.  THERE ARE -- AS I MENTIONED, THERE ARE A FEW.
17 Q.  OKAY.
18           AND YOUR IDEA -- YOUR NOTION WAS THAT IF -- THE
19 CUSTOMER WAS GOING TO LEAVE ORACLE ANYWAY, YOU CAN'T BLAME SAP
20 OR MAKE THEM REPAY ORACLE'S LOST PROFITS FOR THAT CUSTOMER.
21 A.  ON THE LOST PROFITS, THAT REALLY WASN'T PART OF THE
22 METHODOLOGY.  ON LOST PROFITS, BECAUSE TOMORROWNOW HAD PROVIDED
23 SERVICE AND IT PROVIDED A SERVICE THAT IT SHOULD NOT HAVE BEEN
24 PROVIDING BUT FOR TAKING SOFTWARE, IT WAS REALLY DIFFERENT.  IT
25 WAS MOSTLY FOCUSING ON THE SPECIFICS OF WHO LEFT ORACLE, THE

1   TIMING, WHO WENT BACK.
2           THERE WERE A COUPLE OF THE CUSTOMERS THAT YOU AND I
3   CAN TALK ABOUT WHERE THAT HAPPENED.  I'LL AGREE ON THE
4   INFRINGERS' PROFITS --
5   **Q.**  SIR --
6   **A.**  -- I MADE MORE OF THOSE ADJUSTMENTS.
7   **Q.**  SIR, MY QUESTION IS, DO YOU -- DO YOU REMEMBER SOME
8   CUSTOMERS WHO YOU REMOVED FOR THE REASON I GAVE; NAMELY, THAT
9   THEY WERE GOING TO LEAVE ORACLE ANYWAY?
10          YOU REMEMBER THERE WERE SOME CUSTOMERS LIKE THAT,
11  CORRECT?
12  **A.**  MOSTLY ON THE INFRINGER'S PROFIT SIDE, BUT I WOULD SAY A FEW
13  ON THIS SIDE.
14  **Q.**  OKAY.  SO LET'S JUST ILLUSTRATE THE APPROACH YOU TOOK
15  WITH -- WITH COWLITZ COUNTY.  YOU RECOGNIZE COWLITZ COUNTY IS A
16  COUNTY UP IN THE -- WHAT IS IT, THE SOUTHWEST PART OF THE STATE
17  OF WASHINGTON, CORRECT?
18  **A.**  THAT'S CORRECT.
19  **Q.**  OKAY.  AND YOU AGREE THAT EXPERTS LIKE YOU RELY ON SWORN AND
20  UNSWORN DECLARATIONS IN CONDUCTING LOST-PROFITS ANALYSIS, RIGHT?
21  **A.**  FROM TIME TO TIME, THAT'S CORRECT.
22  **Q.**  AND YOU DID IT IN THIS CASE, CORRECT?
23  **A.**  AT ONE POINT -- ARE YOU -- COWLITZ IS NOT IN MY NUMBERS NOW.
24  I THINK YOU KNOW THAT.  IT'S NOT IN THE 253.
25  **Q.**  SIR, COULD YOU JUST ANSWER MY QUESTION IN THE INTEREST OF

```
 1
 2
 3                    **CERTIFICATE OF REPORTER**
 4          WE, RAYNEE H. MERCADO AND DIANE E. SKILLMAN, OFFICIAL
 5   REPORTERS FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF
 6   CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN
 7   C07-01658PJH, ORACLE USA, INC., ET AL. V. SAP AG, ET AL., WERE
 8   REPORTED BY US ON, FRIDAY, NOVEMBER 12, 2010, CERTIFIED
 9   SHORTHAND REPORTERS, AND WERE THEREAFTER TRANSCRIBED UNDER OUR
10   DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL,
11   COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY US AT
12   THE TIME OF FILING.
13          THE VALIDITY OF THE REPORTERS' CERTIFICATION OF
14   SAID TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL
15   FROM THE COURT FILE.
16
17           _____/s/ Raynee H. Mercado_____
18              RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR
19
20           _____/s/_____
21                    DIANE E. SKILLMAN, CSR, RPR, FCRR
22
23                      SATURDAY, NOVEMBER 13, 2010
24
25
```