| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568) | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*) |
| 2 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 | KRISTEN A. PALUMBO (*pro hac vice*)<br>One Market Street |
| 3 | Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755 | Spear Street Tower<br>San Francisco, CA 94105-1596 |
| 4 | rpocker@bsfllp.com | Telephone: (415) 442-1000<br>Facsimile: (415) 442-1001 |
| 5 | BOIES, SCHILLER & FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*) | thomas.hixson@morganlewis.com<br>kristen.palumbo@morganlewis.com |
| 6 | KAREN DUNN (*pro hac vice*)<br>5301 Wisconsin Ave, NW | DORIAN DALEY (*pro hac vice*) |
| 7 | Washington, DC 20015 | DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*) |
| 8 | Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131 | ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7 |
| 9 | wisaacson@bsfllp.com<br>kdunn@bsfllp.com | Redwood City, CA 94070<br>Telephone: 650.506.4846 |
| 10 | BOIES, SCHILLER & FLEXNER LLP | Facsimile: 650.506.7114<br>dorian.daley@oracle.com |
| 11 | STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*) | deborah.miller@oracle.com<br>jim.maroulis@oracle.com |
| 12 | 1999 Harrison Street, Suite 900<br>Oakland, CA 94612 | |
| 13 | Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460 | |
| 14 | sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com | |
| 15 | *Attorneys for Plaintiffs* | |
| 16 | Oracle USA, Inc., Oracle America, Inc., and<br>Oracle International Corp. | |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | CASE NO. 2:10-cv-0106-LRH-PAL<br><br>**PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC. AND ORACLE INTERNATIONAL'S PROPOSED ADDITIONAL INSTRUCTIONS IN RESPONSE TO CERTAIN OBJECTIONS BY DEFENDANTS** |

1    Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation
2 respectfully submit the attached additional jury instructions in response to certain of Defendants'
3 objections to the Court's proposed instructions on the elements of intentional interference (D-
4 24).
5    Plaintiffs have met and conferred with Defendants, who oppose these additional
6 instructions.

## DISCUSSION

8    The Court's proposed instruction on the elements of intentional interference (D-24)
9 references "actionable misrepresentations." Both Plaintiffs and Defendants are concerned that
10 the phrase is undefined. Dkt. 867 at 27; Dkt. 869 at 70. Defendants propose a new paragraph to
11 D-24, and further proposed the same paragraph for D-23. Plaintiffs object to Defendants'
12 proposed new paragraph. Dkt. 869, at 63, 67-68.
13    Plaintiffs submit that the attached additional instructions, based on neutral models, define
14 "actionable misrepresentations" clearly and comprehensively in this case's circumstances.
15 Plaintiffs present them as separate instructions because they may apply to both D-24 and D-23.

DATED: October 4, 2015                BOIES SCHILLER & FLEXNER LLP


                                      By: /s/ *Kieran P. Ringgenberg*
                                          Kieran P. Ringgenberg
                                          Attorneys for Plaintiffs
                                          Oracle USA, Inc., Oracle America, Inc., and
                                          Oracle International Corp.

**TABLE OF CONTENTS**

P-57.   ACTIONABLE MISREPRESENTATIONS ................................................................... 1

P-58.   MISREPRESENTATION BY CONCEALMENT ............................................................ 3

**P-57. ACTIONABLE MISREPRESENTATIONS**

Oracle contends that certain representations constituted unlawful or improper means for purposes of its claims of inducing breach of contract and intentional interference with prospective economic advantage.

A representation may be an unlawful or improper means if it you find that it was

1. a false representation of fact;
2. that was intentionally designed to cause a reasonable person to rely upon it; and
3. did cause reliance.

Ordinarily, an opinion is not considered a representation of fact. An opinion is a person's belief that a fact exists, a statement regarding a future event, or a judgment about quality, value, authenticity, or similar matters. However, a Defendant's opinion is considered a representation of fact if Oracle proves any of the following by a preponderance of the evidence:

- The Defendant claimed to have special knowledge about the subject matter that the person to whom it made the representation did not have;
- the Defendant made a representation, not as a casual expression of belief, but in a way that declared the matter to be true;
- the Defendant had a relationship of trust and confidence with the person to whom it made the representation;
- the Defendant had some other special reason to expect that the person to whom it made the representation would rely on his or her opinion.

Authority: CACI 1900 (2015) (condensed elements of fraud and adapted for fraud to a third-party causing harm to the plaintiff); CACI 1904 (2015) (opinion portion of the instructions [beginning with "Ordinarily . . . ]; modified to conform to style and format of the Court's tentative proposed instructions, including by adding the preponderance of the evidence requirement and party names; adapted to reflect that misrepresentations were made to third parties).

Oracle contends that certain representations constituted unlawful or improper means for purposes of its claims of inducing breach of contract and intentional interference with prospective economic advantage.

A representation may be an unlawful or improper means if it you find that it was

1. a false representation of fact;
2. that was intentionally designed to cause a reasonable person to rely upon it; and
3. did cause reliance.

Ordinarily, an opinion is not considered a representation of fact. An opinion is a person's belief that a fact exists, a statement regarding a future event, or a judgment about quality, value, authenticity, or similar matters. However, a Defendant's opinion is considered a representation of fact if Oracle proves any of the following by a preponderance of the evidence:

- The Defendant claimed to have special knowledge about the subject matter that the person to whom it made the representation did not have;
- the Defendant made a representation, not as a casual expression of belief, but in a way that declared the matter to be true;
- the Defendant had a relationship of trust and confidence with the person to whom it made the representation;
- the Defendant had some other special reason to expect that the person to whom it made the representation would rely on his or her opinion.

JURY INSTRUCTION NO. \_\_\_\_

**P-58.   MISREPRESENTATION BY CONCEALMENT**

Silence (an "omission") does not ordinarily make a representation false, and ordinarily there is no duty to speak. However, an omission can make a representation false if Rimini Street or Seth Ravin disclosed some facts but intentionally failed to disclose other facts in a way that made the representation materially deceptive.

Authority:  CACI 1901 (2015) (modified, including to omit other circumstances under which omissions constitute fraudulent concealment).

Silence (an "omission") does not ordinarily make a representation false, and ordinarily there is no duty to speak. However, an omission can make a representation false if Rimini Street or Seth Ravin disclosed some facts but intentionally failed to disclose other facts in a way that made the representation materially deceptive.

JURY INSTRUCTION NO. _____

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2015, I electronically transmitted the foregoing **PLAINTIFFS ORACLE USA, INC., ORACLE AMERICA, INC. AND ORACLE INTERNATIONAL'S PROPOSED ADDITIONAL INSTRUCTIONS IN RESPONSE TO CERTAIN OBJECTIONS BY DEFENDANTS** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

By: /s/ Kieran Ringgenberg
An employee of Boies, Schiller & Flexner LLP