1   SHOOK, HARDY & BACON LLP
    B. Trent Webb, Esq. (*pro hac vice*)
2   Peter Strand, Esq. (*pro hac vice*)
    Ryan D. Dykal, Esq. (*pro hac vice*)
3   2555 Grand Boulevard
    Kansas City, MO 64108-2613
4   Telephone: (816) 474-6550
    Facsimile: (816) 421-5547
5   bwebb@shb.com

6   Robert H. Reckers, Esq. (*pro hac vice*)
    600 Travis Street, Suite 1600
7   Houston, TX 77002
    Telephone: (713) 227-8008
8   Facsimile: (713) 227-9508
    rreckers@shb.com

9   GIBSON, DUNN & CRUTCHER LLP
    Mark A. Perry (*pro hac vice*)
10  1050 Connecticut Avenue, N.W.
    Washington, DC 20036-5306
11  Telephone: (202) 955-8500
    mperry@gibsondunn.com

12  Blaine H. Evanson (*pro hac vice*)
13  333 South Grand Avenue
    Los Angeles, CA 90071
14  Telephone: (213) 229-7228
    bevanson@gibsondunn.com

15

16

17

18

19  LEWIS ROCA ROTHGERBER LLP
    W. West Allen (Nevada Bar No. 5566)
    3993 Howard Hughes Parkway, Suite 600
    Las Vegas, NV 89169
    Telephone: (702) 949-8200
    wallen@lrrlaw.com

    RIMINI STREET, INC.
    Daniel B. Winslow (*pro hac vice*)
    6601 Koll Center Parkway, Suite 300
    Pleasanton, CA 94566
    Telephone:  (925) 264-7736
    dwinslow@riministreet.com

    John P. Reilly (*pro hac vice*)
    3993 Howard Hughes Parkway, Suite 500
    Las Vegas, NV 89169
    Telephone: (336) 908-6961
    jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>        Plaintiffs,<br><br>   v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>        Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S BRIEF REGARDING VERDICT FORM**<br><br>Judge:      Hon. Larry R. Hicks |

20

21

22

23

24

25

26

27

28

Gibson, Dunn & Crutcher LLP

Defendants Rimini Street, Inc. and Seth Ravin (unless otherwise specified, referred to together as "Rimini") hereby submit the following additional objections to the Court's proposed verdict form, distributed to the parties on October 5, 2015.  Specifically, Rimini suggests revisions to Questions 6, 6b, 7, and 8.

## A.   INFRINGER'S PROFITS NOT DUPLICATIVE OF LOST PROFITS

The jury's award of infringer's profits may not be duplicative of its lost profits award.  17 U.S.C. § 504(b); *see also* Jury Instr. Copyright Infringement – Damages – Defendant' Profits.

However, Question 6b – "Defendant's Profits" – does not state that the award of infringer's profits may not be duplicative of lost profits.  Thus, Rimini proposes an additional sentence that will ameliorate the risk of duplicative damages (changes in underline), which is entirely consistent with the Court's jury instructions:

> **Question 6b: Defendant's Profits**
>
> What amount of Defendant's Profits, if any, has Oracle International Corporation proven by a preponderance of the evidence for all acts of copyright infringement engaged in by defendant Rimini Street?  <u>Only include in this amount those Defendant's Profits that were not also taken into account in computing your lost profits award, if any.</u>  If you found in Questions 1 through 3 that Rimini Street did not engage in copyright infringement as to a particular copyrighted work, please do not consider that copyrighted work in your damages award.

## B.   CONTRIBUTORY AND VICARIOUS COPYRIGHT DAMAGES

Seth Ravin can only be liable for contributory or vicarious copyright infringement damages *that were already* awarded against Rimini Street.  *See* Copyright Infringement – Contributory Infringement; Copyright Infringement – Vicarious Infringement.   In other words, if the jury concludes that Rimini Street is liable for $100 in copyright infringement damages, it must then determine which portion of *that* award Seth Ravin is vicariously (or contributorily) liable, but the jury may not award $200 in *additional* damages against Seth Ravin for copyright infringement.  Such damages are necessarily *not* vicarious or contributory damages.

Gibson, Dunn & Crutcher LLP

However, as written, Questions 7 and 8 suggest that the jury may award additional damages against Seth Ravin that were not awarded against Rimini Street.  Rimini therefore proposes the following revision to ameliorate the risk of an unlawful additur:

**Question 7: Contributory Infringement Damages**

If you found that defendant Seth Ravin engaged in contributory copyright infringement, ~~what amount~~ <u>which portion</u> of ~~the~~ actual damages <u>award that you awarded against Rimini Street</u> do you find Seth Ravin is contributorily liable for?

**Question 8: Vicarious Infringement Damages**

If you found that defendant Seth Ravin engaged in vicarious copyright infringement, ~~what amount~~ <u>which portion</u> of ~~the~~ actual damages <u>award that you awarded against Rimini Street</u> do you find Seth Ravin is vicariously liable for?

*See Clear One Communications, Inc. v. Biamp Systems*, 653 F.3d 1163, 1180 (10th Cir. 2011) (reversing award of $1,912,000 as an improper additur because it was ambiguous whether jury meant to award $956,000 against *each* defendant or $956,000 against two defendants jointly and severally).

## C.    IMPROPER ADVISORY OPINION ON ACTUAL DAMAGES

Question 6 correctly permits the jury to select the "best measure of Oracle International Corporation's actual damages."  However, it goes on to state that "Regardless of whether you find that Lost Profits or a Fair Market Value License is the best measure of actual damages in this action, please answer all three of the following questions."  In other words, it asks the jury to calculate (i) lost profits, (ii) defendant's profits, *and* (iii) fair market value license—even though the jury will only choose either lost profits *or* the fair market value license as the proper amount of damages.

This portion of the verdict form (which was added at Oracle's request) is contrary to law and inconsistent with the Court's instructions to this jury.  The Copyright Act allows Oracle to recover its lost profits or the fair market value of a license; it does not entitle Oracle to a jury determination on both alternative measures.  The Court's instruction on "Copyright Infringement—Damages—Introduction," with which both parties are in agreement, correctly reflects this legal standard:  "As the measure of its actual damages, Oracle International Corporation, as the plaintiff, has the right to seek to recover either the fair market value of a license for the rights infringed or its lost profits, not both.

1   You must make the determination of which type of damages to award to Oracle International

2   Corporation if you determine those damages are proved by a preponderance of the evidence"

3   (emphasis added).  The verdict form, by asking the jury to determine both lost profits and fair market

4   value of a license, contravenes the Copyright Act and the Court's own instruction on this point.  This

5   part of the form should therefore be stricken.

6         In addition, the verdict form as written calls for an improper advisory opinion from the jury.

7   *See Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1560 (11th Cir. 1988) (trial court's conditional

8   rulings concerning damages, in the event its ruling on the motion for judgment notwithstanding the

9   verdict was reversed, were "advisory" only and were not binding); *O'Neill v. United States*, 411 F.2d

10  139, 146 (3d Cir. 1969) (trial court's conditional assessment of damages, in the event the defendant's

11  judgment was reversed on appeal, bore the characteristic of an "advisory opinion," was "purely

12  academic" when made, "and did not pass through the refining pressure of reality").  That is because

13  only one form of damages (lost profits *or* fair market value license) can be imposed on defendants.

14  *E.g.*, *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087 (9th Cir. 2014).

15        Advisory opinions from a jury are proper only on questions for resolution by the Court (*see*

16  Fed. R. Civ. P. 39(c); 9 Wright & Miller, *Federal Practice and Procedure* § 2335 (3d ed. 2008)

17  ("when the trial court's decision to treat a jury as advisory rather than as of right implicates the

18  possibility that a party's Seventh Amendment rights are at stake")), which the amount of copyright

19  damages is not (*Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 345-46 (1998)).  And in

20  any event, advisory opinions by the jury are not binding.  *Beacon v. Theatres v. Westover*, 359 U.S.

21  500, 507-11 (1959); *Goodgame v. American Cast Iron Pipe Co.*, 75 F.3d 1516, 1520 (11th Cir. 1996)

22  ("When advisory jury is empaneled under Rule 39(c), its findings of fact are not binding on the trial

23  court").  As a result, any damages award the jury imposes that is not based on what the jury elects as

24  the "best measure" of damages would not be binding and would violate the Seventh Amendment.

25  *Experience Hendrix LLC v. Hendrixlicensing.com Ltd.*, 762 F.3d 829, 847 (9th Cir. 2014) (reversing

26  award where, *inter alia*, it "told jurors to consider these two measures of damages separately, and the

27  verdict form provided separate places to insert damages for a loss of reputation and damages for loss

28  of good will" "without regard to whether any award was duplicative"); *Long v. Gill*, 2014 WL

3512507, at *1 (D. Or. July 10, 2014) (granting motion to amend judgment where plaintiffs sought "the same damages from alternative theories"); *Countrywide Home Loans v. Thitchener*, 192 P.3d 243, 248 (Nev. 2008) ("While plaintiffs are permitted to plead alternative or different theories of relief based on the same facts, plaintiffs may not recover more than their total loss plus any punitive damages assessed").

Thus, Rimini Street proposes the following additional language to avoid the risk of an improper advisory opinion:

> ~~Regardless of whether you find that Lost Profits or a Fair Market Value License is the best measure of damages in this action please answer all three of the following questions, Questions 6a, 6b, and 6c.~~
>
> If you selected actual damages in the form of lost profits, answer Questions 6a and 6b.
>
> If you selected actual damages in the form of hypothetical license, answer Question 6c.

**D.    IMPACT OF ORACLE'S WITHDRAWAL OF ITS CFAA CLAIM**

Following the parties' conference with the Court on October 5, 2015, Oracle withdrew its Federal Computer Fraud and Abuse Act claim via email correspondence with the Court and Rimini. Accordingly, Questions 17 and 18 should be removed.  And because Oracle pleads the two remaining State Computer Access Claims in the alternative, the second half of Questions 19, 20, 21, and 22, should be consolidated as follows:

> If you answered yes to Questions 19 or 21[1], for either defendant, what amount of damages did that violation cause to Oracle America, Inc.?  If you did not answer yes to the above question as to a particular defendant please write N/A in the appropriate space provided.
>
> Rimini Street                                              $_____
>
> Seth Ravin                                                 $_____

---

[1] These numbers will be 17 and 19 should the Court remove Questions 17 and 18 as a result of Oracle's withdrawal of its Federal Computer Fraud and Abuse Act.

Gibson, Dunn &
Crutcher LLP

<u>If you answered yes to Questions 20 or 22[2], for either defendant, what amount of damages did that violation cause to Oracle International Corporation?  If you did not answer yes to the above question as to a particular defendant please write N/A in the appropriate space provided.</u>

<u>Rimini Street</u>                    $\$\underline{\hspace{4cm}}$

<u>Seth Ravin</u>                     $\$\underline{\hspace{4cm}}$

## CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court revise Questions 6, 6b, 7 and 8, to avoid the risks of duplicative damages, an unlawful additur, and an improper advisory opinion.

DATED:      October 6, 2015      GIBSON, DUNN & CRUTCHER LLP

                                     By:   *<u>Blaine H. Evanson</u>*
                                         Blaine H. Evanson

                                     *Attorneys for Defendants*
                                     *Rimini Street, Inc. and Seth Ravin*

---

[2] These numbers will be 18 and 20 should the Court remove Questions 17 and 18 as a result of Oracle's withdrawal of its Federal Computer Fraud and Abuse Act.

Gibson, Dunn &
Crutcher LLP

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2015, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.


By:   *Blaine H. Evanson*
        Blaine H. Evanson

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*

Gibson, Dunn &
Crutcher LLP