

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, | 2:10-CV-0106-LRH-PAL |
| Plaintiffs, | Jury Instructions |
| v. | |
| RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual, | |
| Defendants. | |

### Duty of the Jury

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you will receive a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

///

///

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

JURY INSTRUCTION NO. **1**

**Oracle Entities and Claims**

You have seen references to several "Oracle" entities. Oracle America, Inc. develops and licenses certain intellectual property and software, and provides software support services. Oracle America, Inc. is the successor to Oracle USA, Inc., as well as certain companies that were formerly part of PeopleSoft, JD Edwards, and Siebel Systems. Oracle International Corporation is the owner or exclusive licensee of the copyrights at issue in this case. In these instructions, I sometimes refer to these entities as "Oracle" or "plaintiff(s)."

However, as part of your deliberations, I inform you that you must find for each plaintiff separately as to those claims that a plaintiff alleges. For example, only some claims are alleged by Oracle International Corporation while other claims are alleged by Oracle America, Inc. When necessary in these instructions, I will refer to the specific plaintiff or plaintiffs alleging a particular claim.

JURY INSTRUCTION NO. **2**

**Corporate Parties**

Plaintiff Oracle America. Inc., plaintiff Oracle International Corporation, and defendant Rimini Street are corporations. Corporations are entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

JURY INSTRUCTION NO. 3

**<u>What is Evidence</u>**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed.

JURY INSTRUCTION NO. 

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times, is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. But you should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

5. Any notes taken by you or other jurors are not evidence.

JURY INSTRUCTION NO. _5_

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. _6_

**Deposition in Lieu of Live Testimony**

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

During the course of the trial, testimony was read to you from depositions and played for you from videotapes of depositions. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth, and lawyers for each party may ask questions. The questions and answers are preserved in writing, or in some cases on videotape.

You should consider deposition testimony, presented to you in court either in writing or played on videotape in the same way as if the witness had been present to testify.

JURY INSTRUCTION NO. 7

8

**Evidence for a Limited Purpose**

Some evidence may be admitted for a limited purpose only. When I instruct that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

JURY INSTRUCTION NO. _8_

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question may be answered or the exhibit received. If I sustained the objection, the question cannot be answered, and the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

JURY INSTRUCTION NO. _9_

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

JURY INSTRUCTION NO. *10*

**<u>Expert Opinion</u>**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

JURY INSTRUCTION NO. _//_

**Stipulations of Fact**

The parties have agreed to certain facts. This agreement is known as a "stipulation." You should treat all these facts as already proved. Your juror notebook identifies these facts.

JURY INSTRUCTION NO. _12_

**<u>Charts and Summaries not Received in Evidence</u>**

Certain charts, summaries, and slides not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

JURY INSTRUCTION NO. *13*

**Charts and Summaries in Evidence**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

JURY INSTRUCTION NO. *14*

**Use of Interrogatories of a Party**

Evidence has been presented to you in the form of an answer of one of the parties to a written interrogatory submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to a question that was submitted in writing under established court procedures. You should consider the answer, insofar as possible, in the same way as if it was made from the witness stand.

JURY INSTRUCTION NO. _**15**_

16

**Redacted Documents**

Certain documents received in evidence may have portions blacked out or otherwise redacted. Do not speculate or consider what would have been included in the document absent those redactions. You should not consider the redactions during your deliberations.

JURY INSTRUCTION NO. 

17

**<u>Burden of Proof - Preponderance of the Evidence</u>**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

JURY INSTRUCTION NO.   *17*

1

**Burden of Proof - Clear and Convincing Evidence**

2    When a party has the burden of proving any claim or defense by clear and convincing

3    evidence, it means you must be persuaded by the evidence that the claim or defense is highly

4    probable. This is a higher standard of proof than proof by a preponderance of the evidence. You

5    should base your decision on all of the evidence, regardless of which party presented it.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    JURY INSTRUCTION NO. _*18*_

**Spoliation of Evidence**

Rimini Street had a location on its computer systems that some employees referred to as the "software library."

This location contained a complete copy of at least 31 of Oracle's registered, copyrighted works. A list of the 31 works is in your juror notebook.   Rimini breached its duty to preserve relevant evidence when it deleted certain material in the software library in January 2010.

You may, but are not required, to infer that the deleted material included evidence that was favorable to Oracle's claims and unfavorable to Rimini Street's defenses in this case.

JURY INSTRUCTION NO. _19_

**TomorrowNow Evidence**

You have heard evidence and argument concerning a company called TomorrowNow.

You may not use evidence concerning TomorrowNow to infer that, because Seth Ravin was at one time associated with TomorrowNow, he, Rimini Street, or any individual employed by Rimini Street did, or was more likely to have done, the things that Oracle contends.

JURY INSTRUCTION NO. _**20**_

21

**Copyright Infringement- Introduction and Definitions**

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

1. authorize, or make additional copies, or otherwise reproduce the copyrighted work;

2. prepare derivative works based upon the copyrighted work by adapting or transforming it; and

3. distribute copies of either the copyrighted work or derivative work.

The owner or exclusive licensee of a copyright holds these exclusive rights. "Owner" refers to the author of the work, or one who has been assigned the ownership of exclusive rights in the work. In general, copyright law protects against the reproduction, adaptation, or distribution of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

Even though one may acquire a copy of the copyrighted work, the copyright owner retains certain rights and control of that copy, including uses that may result in additional copies or alterations of the work.

The term "derivative work" refers to a work based on one or more pre-existing works, where the pre-existing work is recast, transformed, or adapted. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.

An "original work" or "original element" is one that has been created independently by the author (that is, the author did not copy it) using at least minimal creativity.

JURY INSTRUCTION NO. *21*

**Copyright Infringement - Overview**

In this action, Oracle International Corporation contends that defendant Rimini Street is liable for direct copyright infringement of Oracle International Corporation's PeopleSoft, Oracle Database, J.D. Edwards, and Siebel software and support material. Oracle International Corporation also contends that defendant Seth Ravin is liable for contributory and/or vicarious copyright infringement.

Defendant Rimini Street denies infringing Oracle's copyrights and asserts an affirmative license defense as to the conduct at issue, which I will explain in more detail.

You are informed that the Court has previously ruled as a matter of law that defendant Rimini Street engaged in copyright infringement of Oracle International Corporation's Oracle Database and PeopleSoft software applications. However, the court has not ruled on whether defendant Rimini Street engaged in copyright infringement of Oracle International Corporation's J.D. Edwards and Siebel software and related documents or Oracle International Corporation's PeopleSoft documentation. PeopleSoft documentation is different from the PeopleSoft software applications. The PeopleSoft software applications are the actual computer programs installed on a customer's computer system. In contrast, the PeopleSoft documentation are related support materials - in the form of technical manuals, installation guides, and other copyrighted documents - that help a customer utilize and install the PeopleSoft software application.

It will be up to you, the jury, to determine whether defendant Rimini Street is liable for copyright infringement of Oracle International Corporation's J.D. Edwards and Siebel software applications and related documentation as well as Oracle International Corporation's PeopleSoft documentation.

It will also be up to you to determine whether defendant Seth Ravin is liable for contributory and/or vicarious copyright infringement for all copyright infringement engaged in by defendant Rimini Street.

///

23

Finally, it will be up to you to determine the amount of damages to award Oracle International Corporation for all copyright infringement engaged in by defendant Rimini Street. I will now instruct you on the law on these issues to help you in your deliberations.

JURY INSTRUCTION NO. _22_

**Copyright Infringement - Direct Infringement**

To prevail on its claim for direct copyright infringement as to the J.D. Edwards and Siebel software applications and related documentation and PeopleSoft documentation, Oracle International Corporation must prove the following by a preponderance of the evidence:

1. Oracle International Corporation is the owner or exclusive licensee of a valid copyright in an original work;

2. Rimini Street copied original elements from, created derivative works from, or distributed the original work; and

3. Rimini Street did not have permission to copy the original elements of the copyrighted work.

The parties have agreed that Oracle International Corporation owns or is the exclusive licensee of certain registered copyrighted works related to the J.D. Edwards and Siebel software applications and related documentation and PeopleSoft documentation at issue in this action, which means that Oracle International Corporation has proven the first element for these registered works.

The parties have also agreed, as stated in your juror notebook, that defendant Rimini Street copied the J.D. Edwards and Siebel software applications and related documentation as well as the PeopleSoft documentation at issue in this action. This means that Oracle International Corporation has also proven the second element for these copyrighted works.

I inform you that Oracle International Corporation's claim for direct copyright infringement related to the PeopleSoft documentation is separate from, and not to be confused with, the PeopleSoft copyrighted software application which the court has previously ruled was infringed by Rimini Street as a matter of law.

It is up to you to determine whether defendant Rimini Street had an express license to copy these copyrighted works of J.D. Edwards and Siebel software applications and related documentation and PeopleSoft documentation . I will explain this issue in more detail in another instruction.

If you find that Rimini Street had an express license to make the copies that it did of J.D. Edwards and Siebel software applications and related documentation and PeopleSoft documentation, then you must find in favor of Rimini Street and against Oracle International Corporation on Oracle International Corporation's claim for direct copyright infringement. If, however, you find that Rimini Street did not have an express license to make the copies that it did of J.D. Edwards and Siebel software applications and related documentation and PeopleSoft documentation , you must find in favor of Oracle International Corporation and against Rimini Street on Oracle International Corporation's claim of direct copyright infringement.

JURY INSTRUCTION NO. *23*

**Copyright Infringement - Express License**

Defendant Rimini Street asserts an express license defense to Oracle International Corporation's claim of direct copyright infringement.

Where a defendant asserts an express license defense to copyright infringement, the defendant has the initial burden to identify any license provision or provisions that it believes excuses the infringement. If a defendant satisfies this burden, then it becomes the plaintiff's burden to prove by a preponderance of the evidence that defendant's copying or other infringement was not authorized by the license provision or provisions.

In this action, Oracle enters into written software license agreements with its customers that allow the customers to use Oracle International Corporation's copyrighted software and have access to support materials for that software. It is undisputed that defendant Rimini Street did not have its own license with Oracle relevant to any of the issues that you are to decide. Instead, defendant Rimini Street asserts that its own client's software license agreements with Oracle authorized any copying Rimini Street engaged in as it relates to Oracle International Corporation's J.D. Edwards and Siebel software applications and related documentation and PeopleSoft documentation at issue in this action. Under the law defendant Rimini Street is permitted to assert those software license agreements as a defense.

It is up to you to determine whether defendant Rimini Street's copying of Oracle International Corporation's J.D. Edwards and Siebel software applications and related documentation and PeopleSoft documentation was authorized by its client's software license agreements with Oracle. To help you in your deliberations, the court has previously interpreted the relevant licenses as a matter of law.

J.D. Edwards Software License Agreements

As to the J.D. Edwards software license agreements you are informed that the court has previously ruled as a matter of law that the J.D. Edwards software license agreements authorized a

third party like Rimini Street - who was engaged by a licensee to provide support or other services - to copy the J.D. Edwards software application and related documentation onto its computer systems to the extent necessary for the customer's archival needs and to support the customer's use. An archival copy of the software application and documentation is an unmodified copy of the original software application and documentation for use in the event that production copy of the software - the copy used on a customer's systems - is corrupted or lost. This provision does not mean that a third party like Rimini Street is authorized to make copies of the J.D. Edwards software application and documentation to, among other things, access the software's source code to carry out development and testing of software updates, to make modifications to the software, or to use the customer's software or support materials to support other customers.

If you find that the copies of the J.D. Edwards software application and documentation housed on Rimini Street's servers were used solely for the customer's archival needs and to support the customer's use, then that use is authorized by the J.D. Edwards software license agreement and you should find in favor of defendant Rimini Street and against Oracle International Corporation on Oracle International Corporation's claim for direct copyright infringement as it relates to the J.D. Edwards copyrighted works.

If, on the other hand, you find that the copies of the J.D. Edwards software application and documentation housed on Rimini Street's servers were used for purposes other than the customer's archival needs or to support the customer's use, then that use is outside the scope of the J.D. Edwards software license agreement and you should find in favor of Oracle International Corporation and against defendant Rimini Street on Oracle International Corporation's claim for direct copyright infringement as it relates to the J.D. Edwards copyrighted works.

Siebel Software License Agreements

As to the Siebel software license agreements you are informed that the court has ruled as a matter of law that the Siebel software license agreements authorized a third party like Rimini Street

to make a reasonable number of copies of the Siebel software application and related documentation onto the third party's own computer systems solely for the customer's archive or emergency back-up purposes or disaster recovery and related testing. As stated previously, an archival copy of the software and documentation is an unmodified copy of the original software and documentation for use in the event that production copy of the software - the copy used on a customer's systems - is corrupted or lost. This provision does not mean that a third party like Rimini Street is authorized to make copies of the Siebel software and documentation to, among other things, access the software's source code to carry out modification, development and testing of the software not related to archive, emergency back-up, or disaster recovery purposes, or to use the customer's software or support materials to support other customers.

If you find that the copies of the Siebel software application and related documentation housed on Rimini Street's servers were used solely for archive or emergency back-up purposes or disaster recovery and related testing then that use is authorized by the Siebel software license agreement and you should find in favor of defendant Rimini Street and against Oracle International Corporation on Oracle International Corporation's claim for direct copyright infringement as it relates to the Siebel copyrighted works.

If, on the other hand, you find that the copies of the Siebel software application and related documentation housed on Rimini Street's servers were used for purposes other than archive or emergency back-up purposes or disaster recovery and related testing then that use is outside the scope of the Siebel software license agreement and you should find in favor of Oracle International Corporation and against defendant Rimini Street on Oracle International Corporation's claim for direct copyright infringement as it relates to the Siebel copyrighted works.

PeopleSoft Software License Agreements

You have already been informed that the court has ruled as a matter of law the defendant Rimini Street engaged in copyright infringement of certain of Oracle International Corporation's

1  PeopleSoft software applications. However, the court has not ruled on the issue of copyright

2  infringement as it relates to Oracle International Corporation's PeopleSoft documentation at issue

3  in this action.

4      You are informed that the Court has previously ruled as a matter of law that defendant

5  Rimini Street engaged in copyright infringement of Oracle International Corporation's PeopleSoft

6  software applications. The PeopleSoft software licenses prohibited Rimini Street from copying or

7  preparing derivative works from PeopleSoft software other than to support the specific licensee's

8  own internal data processing operations on the licensee's own computer systems. Any copying or

9  preparation of derivative works outside the scope of those limitations was prohibited by the license

10 agreements. This means that the licenses prohibited Rimini Street from copying or preparing

11 derivative works from PeopleSoft software on Rimini Street's computer systems. It also means the

12 licenses prohibited Rimini Street from copying or preparing derivative works from PeopleSoft

13 software in developing or testing software updates for other Rimini Street customers.

14      As to the PeopleSoft software license agreements you are informed that the court rules as a

15 matter of law that the PeopleSoft software license agreements authorized a third party like Rimini

16 Street to make a reasonable number of copies of the PeopleSoft documentation solely for the

17 customer's internal use and at the customer's facilities. This provision does not authorize a third

18 party like Rimini Street to copy, distribute, or use the PeopleSoft documentation at its facilities or

19 to develop or test software updates for other customers.

20      If you find that the copies of the PeopleSoft documentation were solely at the customer's

21 facilities and were  used solely for the customer's internal use then that use is authorized by the

22 PeopleSoft software license agreement and you should find in favor of defendant Rimini Street and

23 against Oracle International Corporation on Oracle International Corporation's claim for direct

24 copyright infringement as it relates to the PeopleSoft documentation and support materials.

25      If, on the other hand, you find that the copies of the PeopleSoft documentation were either

26 at Rimini Street's facilities or were used for purposes other than solely for the customer's internal

use then that use is outside the scope of the PeopleSoft software license agreement and you should find in favor of Oracle International Corporation and against defendant Rimini Street on Oracle International Corporation's claim for direct copyright infringement as it relates to the PeopleSoft documentation and support materials.

JURY INSTRUCTION NO. _24_

**Copyright Infringement - License Interpretation - Parol Evidence**

The license agreements between Oracle and its customers are complete contracts. The Court has explained the meaning of those agreements to you. You may not consider other evidence to add to or change the meaning of those agreements.

JURY INSTRUCTION NO. **25**

**Copyright Infringement - Contributory Infringement**

A defendant may be liable for copyright infringement engaged in by another. Oracle International Corporation contends that Seth Ravin is liable for Rimini Street's copyright infringement under the doctrine of "contributory infringement." Therefore, you must also consider whether Seth Ravin is liable for contributory infringement.

To prevail on contributory infringement against Seth Ravin, each of the following elements must be proved by a preponderance of the evidence:

    1.  Seth Ravin knew or had reason to know of Rimini Street's infringing activity; and

    2.  Seth Ravin intentionally induced or materially contributed to that infringing activity.

If you find that these two elements have been proved by a preponderance of the evidence, you should find for Oracle International Corporation and against Seth Ravin on the copyright infringement claim as to contributory infringement. If, on the other hand, if either of these elements have failed to have been proved, you should find for Seth Ravin and against Oracle International Corporation on the copyright infringement claim as to contributory infringement.

JURY INSTRUCTION NO. _26_

**Copyright Infringement - Vicarious Infringement**

In addition to contributory liability, a defendant may also be liable for copyright infringement committed by another defendant based on "vicarious liability."

To prevail on vicarious infringement against Seth Ravin, each of the following elements must be proved by a preponderance of the evidence:

1.   Seth Ravin profited directly from Rimini Street's infringing activity;

2.   Seth Ravin had the right and ability to supervise or control Rimini Street's infringing activity;  and

3.   Seth Ravin failed to exercise that right and ability.

If you find that each of these elements has been proved by a preponderance of the evidence, you should find for Oracle International Corporation and against Seth Ravin on the copyright infringement claim as to vicarious infringement. On the other hand, if any of these elements have not been proved, you should find for Seth Ravin and against Oracle International Corporation on the copyright infringement claim as to vicarious infringement.

JURY INSTRUCTION NO. **27**

**Copyright Infringement - Damages - Introduction**

You must determine Oracle International Corporation's damages resulting from defendant Rimini Street's copyright infringement. Oracle International Corporation is entitled to recover either the actual damages suffered as a result of the infringement or statutory damages established by the Copyright Act. You will be asked to determine both Oracle International Corporation's actual damages as well as statutory damages under the Copyright Act. Oracle International Corporation must prove damages by a preponderance of the evidence.

As the measure of its actual damages, Oracle International Corporation, as the plaintiff, has the right to seek to recover either the fair market value of a license for the rights infringed or its lost profits, not both. You must make the determination of which type of damages to award to Oracle International Corporation if you determine those damages are proved by a preponderance of the evidence.

If you award Oracle International Corporation actual damages based on its lost profits, then Oracle International Corporation is also entitled to recover any profits that defendant Rimini Street made that is attributable to that infringement and that is not duplicative of any lost profits that you award to Oracle International Corporation. In other words, for any particular customer, Oracle may recover either its lost profits or Rimini Street's infringer's profits, but not both, for that customer.

If you award Oracle International Corporation actual damages based on the fair market value of a license for the rights infringed, that award takes into account defendant Rimini Street's profits attributable to its infringement and Oracle International Corporation is not entitled to any additional award.

Regardless of which type of actual damages you choose to award Oracle International Corporation, and even if you determine that no measure of actual damages has been proven, you must also make a determination of the amount of statutory damages Oracle International Corporation is entitled to under the Copyright Act. When you consider Oracle International Corporation's statutory damages you must not consider the amount awarded as actual damages.

They are separate and distinct damages and do not relate to each other.  All of these damages will now be explained to you.

JURY INSTRUCTION NO. _**28**_

**Copyright Infringement - Damages - Actual Damages**

While there is no precise formula for determining actual damages, your award must be based on evidence, not on speculation, guesswork, or conjecture.

Determining the amount of Oracle International Corporation's actual damages may involve some uncertainty, and Oracle is not required to establish the amount of its actual damages with precision.

JURY INSTRUCTION NO. **29**

**Copyright Infringement - Damages - Causation**

For Oracle International Corporation to recover actual damages, it must prove that the infringement caused damages, that is, that there is a causal relationship between Oracle International Corporation's losses and Rimini Street's infringement. Infringement caused damages if the infringement was a "substantial factor" in causing the damages.

A substantial factor is a factor that a reasonable person would consider to have contributed. It must be more than a remote or trivial factor. It does not have to be the only cause of harm. Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct. This means that if a client left Oracle International Corporation for reasons unrelated to Rimini Street's infringement, there is no causal relationship and therefore no lost profit damages as to that client.

JURY INSTRUCTION NO. *30*

**Copyright Infringement - Damages - Lost Profits**

If you decide that the best measure of Oracle International Corporation's actual damages is lost profits, you must determine what profits Oracle International Corporation proved that it would have made without the infringement by Rimini Street. Lost profits are the revenue Oracle International Corporation would have made without the infringement, less any additional expenses Oracle International Corporation would have incurred in making those profits.

To recover lost profits, Oracle International Corporation must prove by a preponderance of the evidence that:

1.  Rimini Street caused such damages; and

2.  The amount. You may not guess the amount or rely on speculative evidence to calculate lost profits.

JURY INSTRUCTION NO. **31**

39

**Copyright Infringement - Damages - Defendants' Profits**

If you determine that lost profits are the best measure of Oracle International Corporation's actual damages, then you must also determine the amount of profits, if any, made by defendant Rimini Street that are directly attributable to the infringement and were not taken into account in computing lost profits.

You may make an award of defendant Rimini Street's profits only if you find that Oracle International Corporation showed a causal relationship between the infringement and the profits generated directly or indirectly from the infringement.

Rimini Street's profits are determined by subtracting all of Rimini Street's expenses from Rimini Street's gross revenue. If Rimini Street's expenses exceed its gross revenue, then there are no Rimini Street profits for you to award Oracle International Corporation.

For purposes of determining Rimini Street's profits, gross revenue is all of Rimini Street's receipts from the use and sale of a product or service associated with the infringement. Oracle International Corporation has the burden of proving Rimini Street's gross revenue by infringement by a preponderance of the evidence.

Rimini Street's expenses are all operating costs, overhead costs, and production costs incurred in producing Rimini Street's gross revenue. Rimini Street bears the burden of proving its expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use of the copyrighted works is attributable to factors other than use of the copyrighted works, all of the profit is to be attributed to the infringement. Rimini Street has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted works.

JURY INSTRUCTION NO. 32

**Copyright Infringement - Damages - Fair Market Value License**

If you determine that the best measure of Oracle International Corporation's actual damages is a fair market value license, you must determine the amount of a fair market value license between Oracle International Corporation and Rimini Street. The fair market value license is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by Rimini Street of Oracle International Corporation's copyrighted works.

In determining a fair market value license, you must consider the entire scope of the infringement. Further, you should consider all of the information known to and all of the expectations of the parties on the dates of the hypothetical negotiations, which are the dates on which infringement began.

You must determine what would have been the result of this negotiation in order to establish the fair market value. The fair market value is an objective measure of Oracle International Corporation's damages that is meant to approximate the fair market value of a license for all of the copyrights Rimini Street infringed, calculated at the time the infringement, which is the period from 2006 through 2011.

The value of a hypothetical license is not necessarily the amount that Rimini Street would have agreed to pay, or that Oracle International Corporation would have actually agreed to accept.

You may consider evidence of events and facts that happened after the date of the hypothetical negotiation only to the extent that it provides insight into the expectations of the parties at the time the infringement first began, or insight into the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement.

JURY INSTRUCTION NO. *33*

41

1    **Copyright Infringement - Damages - Statutory Damages**

2    Regardless of the amount of actual damages awarded to Oracle International Corporation

3 for defendant Rimini Street's copyright infringement and regardless of whether you chose to award

4 Oracle International Corporation lost profits or a fair market value license, you must also determine

5 the amount of statutory damages as established by Congress in the Copyright Act for each work

6 infringed. As stated previously, you must not consider the amount awarded to Oracle International

7 Corporation for actual damages in determining statutory damages.

8    The purpose of statutory damages is to penalize the infringer and deter future violations of

9 copyright law.

10    The amount you may award as statutory damages is not less than $750, and not more than

11 $30,000 for each work that you conclude was infringed.

12    However, if you find that the infringement was innocent, you may award as little as $200

13 for each work innocently infringed.

14    Similarly, if you find that infringement was willful, you may award as much as $150,000 for

15 each work willfully infringed.

16    I will now explain to you what constitutes innocent infringement and what constitutes

17 willful infringement.

18

19

20

21

22

23

24

25

26 JURY INSTRUCTION NO. 34

42

**<u>Copyright Infringement - Damages - Innocent Infringement</u>**

An infringement is considered innocent when the Defendant has proved both of the following elements by a preponderance of the evidence:

1. the Defendant was not aware that its acts constituted infringement of the copyright; and

2. the Defendant had no reason to believe that its acts constituted an infringement of the copyright.

JURY INSTRUCTION NO. **35**

43

**Copyright Infringement - Damages - Willful Infringement**

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1.  the Defendant engaged in acts that infringed the copyright; and

2.  the Defendant knew that those acts infringed the copyright.

JURY INSTRUCTION NO. *36*

**Inducing Breach of Contract**

In addition to its other claims, Oracle America contends that Rimini Street and Seth Ravin induced customers to breach their contracts with Oracle America. Specifically, Oracle America contends that the terms of use on its website are contracts with its customers. Oracle America does not claim that Rimini Street or Seth Ravin caused customers to breach their software license agreements with Oracle America. Oracle America contends that Rimini Street and Seth Ravin intentionally caused Oracle America customers to breach such contracts with Oracle America.

To prevail on this claim in the circumstances of this case, Oracle America must prove each of the following for each such contract by a preponderance of the evidence:

1. A valid contract existed between Oracle America and a customer;

2. Rimini Street and/or Seth Ravin knew the contract existed;

3. Rimini Street and/or Seth Ravin intended to cause Oracle's America's customer to breach its contract with Oracle America;

4. Rimini Street and/or Seth Ravin engaged in conduct that was wanton, malicious, and unjustifiable;

5. Rimini Street and/or Seth Ravin's conduct caused the customer to breach the contract;

6. Oracle America was directly harmed; and

7. Rimini Street and/or Seth Ravin's improper conduct was a substantial factor in causing Oracle America harm.

The "unjustifiable" conduct required for this claim cannot include breach of contract or copyright infringement. The unjustifiable conduct that Oracle America alleges is related to alleged misrepresentations made by Rimini Street. To satisfy this element, a misrepresentation must be communicated to the customer, it must be a false misrepresentation at the time it was made, it must be made with knowledge or belief that it was false, Rimini Street must have intended to induce the third party to rely on that statement, and the third party must have in fact relied on that statement.

///

If you find that Oracle America proved each of these elements as to Rimini Street and/or Seth Ravin, you should find for Oracle America and against Rimini Street and/or Seth Ravin on the claim for inducing breach of contract. If, on the other hand, Oracle America has failed to prove any of these elements as to Rimini Street and/or Seth Ravin, you should find for Rimini Street and/or Seth Ravin and against Oracle America on the claim for inducing breach of contract.

JURY INSTRUCTION NO. *37*

**Intentional Interference with Prospective Economic Advantage**

Oracle America and Oracle International Corporation seek to recover damages based upon a claim of intentional interference with prospective economic advantage.

In order for you to find for Oracle America and/or Oracle International Corporation, you must find by a preponderance of the evidence that:

1.  Oracle America and/or Oracle International Corporation had an expectancy in a prospective contractual relationship with the customer;

2.  Rimini Street and/or Seth Ravin knew of the existence of the relationship;

3.  Rimini Street and/or Seth Ravin engaged in unlawful and improper conduct;

4.  By engaging in this conduct, Rimini Street and/or Seth Ravin intended to disrupt the relationship;

5.  Rimini Street and/or Seth Ravin's conduct was not privileged or justified;

6.  The relationship was disrupted as a result of such conduct;

7.  Oracle America and/or Oracle International Corporation was harmed; and

8.  Rimini Street and/or Seth Ravin's unlawful and improper conduct was a substantial factor in causing Oracle America and/or Oracle International Corporation harm.

"Unlawful and improper misconduct" does not include breach of contract or copyright infringement. The only unlawful and improper misconduct that Oracle America and Oracle International Corporation claim are related to alleged misrepresentations made by Rimini Street. To satisfy this element, a misrepresentation must be communicated to the customer, it must be a false representation at the time it was made, it must be made with knowledge or belief that it was false, Rimini Street must have intended to induce the third party to rely on that statement, and the third party must have in fact relied on that statement. You must decide whether Oracle America and/or Oracle International Corporation has established any actionable misrepresentations and, if so, whether it is more likely than not that those misrepresentations were the specific cause of harm.

///

47

If you find that Oracle America and/or Oracle International Corporation proved each of these elements as to Rimini Street and/or Seth Ravin, you should find for Oracle America and/or Oracle International Corporation and against Rimini Street and/or Seth Ravin on the claim for intentional interference with prospective economic advantage. If, on the other hand, Oracle America and/or Oracle International Corporation has failed to prove any of these elements as to Rimini Street and/or Seth Ravin, you should find for Rimini Street and/or Seth Ravin and against Oracle America and/or Oracle International Corporation on the claim for intentional interference with prospective economic advantage.

JURY INSTRUCTION NO. *38*

**Intentional Interference - Existence of Relationship**

For Oracle America and/or Oracle International Corporation to prevail on its claim for intentional interference with prospective economic advantage, you must find that Oracle America and/or Oracle International Corporation had expectancies in prospective contractual relationships with its customers at the time of the Defendants' conduct.

An expectancy need not be evidenced by a contract. It is sufficient if you find from the evidence that there were either prior dealings or a prior course of conduct between Oracle America and/or Oracle International Corporation and purchasers of Oracle America and/or Oracle International Corporation's support services and software from which there would be a reasonable expectation of future economic benefit. Oracle America and/or Oracle International Corporation must show this expected benefit with some degree of specificity, such that it is a realistic expectation, but it need not be shown with certainty, because prospective things in nature are necessarily uncertain. The law requires more than a mere hope or optimism; what is required is a reasonable likelihood or probability.

JURY INSTRUCTION NO. *39*

**Inducing Breach of Contract and Intentional Interference - Knowledge**

For Oracle America to prevail on its claim for inducing breach of contract and for Oracle America and/or Oracle International Corporation to prevail on their claims for intentional interference with prospective economic advantage, you must also find that the Defendant knew of the existence of the contract or prospective relationship. To have knowledge means that the Defendant has information concerning the contract or prospective Defendant, which was discovered by the Defendant or was brought to Defendant's attention by others.

In this regard, knowledge may be found to exist if, from the facts and circumstances of which the Defendant had knowledge, the Defendants should have known of the contract or prospective relationship.

JURY INSTRUCTION NO. _40_

**Inducing Breach of Contract and Intentional Interference - Intent**

For Oracle America to prevail on its claim for inducing breach of contract and for Oracle America and/or Oracle International Corporation to prevail on their claims for intentional interference with prospective economic advantage, you must find intentional conduct by a Defendant. For purposes of these two claims, conduct is intentional if done with the desire to disrupt the contract or interfere with the relationship; or if it is done with the belief that disruption or interference is substantially certain to result.

Intent ordinarily may not be proved directly, because there is no way of scrutinizing the operations of the human mind. You may infer a person's intent from conduct substantially certain to cause disruption or interference, but you are not required to infer it and should consider all of the circumstances. You may consider any statements made or acts done or omitted by a party whose intent is an issue, and all of the facts and circumstances that indicate the party's state of mind.

Furthermore, in determining the intention, the law assumes that every person intends the natural consequences of one's knowingly done acts. Thus, if you find that the conduct of one or more of the Defendants was knowingly done, you may draw the inference and find, unless the contrary appears from the evidence, that the Defendant intended all of the natural and probable consequences of that conduct.

JURY INSTRUCTION NO. _41_

**Inducing Breach of Contract and Intentional Interference - Causation**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

JURY INSTRUCTION NO. _**42**_

**Intentional Interference with Prospective Economic Advantage - Competition**

A party does not intentionally interfere with prospective economic advantage when the party engages in free competition. In other words, a party is free to divert business to itself by all fair and reasonable means because it is in the interest of the public that companies compete against each other. Therefore, if you find the following elements, then you must find that Rimini Street and Seth Ravin did not intentionally interfere with Oracle America and/or Oracle International Corporation's prospective economic advantage:

1. The relation concerns a matter involved in the competition between Rimini Street and/or Seth Ravin and Oracle America and/or Oracle International Corporation;

2. Rimini Street and/or Seth Ravin did not employ wrongful means;

3. Rimini Street and/or Seth Ravin's action did not create or continue an unlawful restraint of trade; and

4. Rimini Street and/or Seth Ravin's purpose was at least in part to advance its interest in competing with Oracle America and/or Oracle International Corporation.

In other words, so long as Rimini Street and/or Seth Ravin's motivation was at least partially to compete with Oracle America and/or Oracle International Corporation, and Rimini Street and/or Seth Ravin did not employ wrongful means to compete with Oracle America and/or Oracle International Corporation, then you must find that Rimini Street and/or Seth Ravin acted in the interests of free competition and did not intentionally interfere with Oracle America and/or Oracle International Corporation's prospective economic advantage.

JURY INSTRUCTION NO. *43*

**Inducing Breach of Contract and Intentional Interference - Damages**

If you find for Oracle America on one or more of these two claims (intentional interference with prospective economic advantage and inducing breach of contract) and/or you find for Oracle International Corporation on the intentional interference with prospective economic advantage claim, you must determine compensatory damages. Compensatory damages consist of the amount of money that will reasonably and fairly compensate Oracle America and/or Oracle International Corporation for any damage due to the conduct that created liability on the claim. Oracle America and Oracle International Corporation have the burden to prove compensatory damages by a preponderance of the evidence.

In determining compensatory damages on these claims, you may consider whether Oracle America and/or Oracle International Corporation suffered any measurable loss of profits as a result of Rimini Street's and/or Seth Ravin's conduct. In this case, Oracle America and Oracle International Corporation contend that their business was affected because of loss of profits they might have earned but for Rimini Street's and/or Seth Ravin's conduct.

For lost profits to be recovered there must be a reasonable basis for computing them. Profits are determined by deducting all expenses from gross revenue. Ordinarily, it is sufficient for this purpose to show actual past profits and losses. Although they cannot be taken as an exact measure of future or anticipated profits, you, the jury, should consider those past profits and losses together with the uncertainties and contingencies by which they probably would have been affected.  Losses and profits that are mere guesses, speculative, remote, or uncertain should not be considered.

Damages, if any, should be restricted to such losses, if any, as are proved by facts from which their existence is logically and legally inferable. The general rule on the subject of damages is that all damages resulting necessarily, immediately, and directly from the wrong are recoverable, and not those that are contingent and uncertain or mere speculation.

///

Although a qualified person may make estimates concerning probable profits or losses of a going business, you should, in weighing all such evidence, take into consideration, among other things, the truth or falsity of the basis of such estimates; the knowledge or lack of knowledge of the witnesses of all of the conditions on which the estimate is based; whether the facts assumed as a basis for an estimate rest upon actual accounts and records kept in the ordinary course of business rather than in uncertain recollections; and knowledge of the witness in the particular line of business about which the witness testifies. From all of the evidence in this case bearing on the subject, you should determine for yourselves the probability or improbability, and the amount, of profits anticipated by Oracle America and/or Oracle International Corporation.

The difficulty or uncertainty in ascertaining or measuring the precise amount of any damages does not preclude recovery, and you, the jury, should use your best judgment in determining the amount of such damages, if any, based upon the evidence. However, damages may not be based on speculation and guesswork.

That Rimini Street or Seth Ravin did not actually anticipate or contemplate that these losses would occur is not a relevant factor for you to consider.

JURY INSTRUCTION NO. _44_

1

**California Computer Data Access and Fraud Act**

2   Oracle America and Oracle International Corporation contend that Rimini Street and Seth

3   Ravin violated two provisions of California Penal Code Section 502, known as the California

4   Computer Data Access and Fraud Act ("CDAFA"). I will now instruct you on the law regarding the

5   applicable provisions of the CDAFA, and the damages you may award if you find a CDAFA

6   violation. If you find that a Defendant violated at least one of the CDAFA provisions that follow,

7   you should find for Oracle America and Oracle International Corporation and against that

8   Defendant on the CDAFA claim.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   JURY INSTRUCTION NO. 45

56

**California Computer Data Access and Fraud Act - Definitions**

For the purposes of assessing Oracle America and Oracle International Corporation's CDAFA claim, the following terms have the following meanings:

1. "Access" means to gain entry to, instruct, or communicate with the logical, arithmetical, or memory function resources of a computer, computer system, or computer network.

2. "Computer program or software" means a set of instructions or statements, and related data, that when executed in actual or modified form, cause a computer, computer system, or computer network to perform specified functions.

3. "Computer network" means any system that provides communications between one or more computer systems and input/output devices.

4. "Computer services" includes, but is not limited to, computer time, data processing, or storage functions, or other uses of a computer, computer system, or computer network.

5. "Data" means a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions. Data may be in any form, in storage media, or as stored in the memory of the computer or in transit or presented on a display device.

6. "Supporting documentation" includes, but is not limited to, all information, in any form, pertaining to the design, construction, classification, implementation, use, or modification of a computer, computer system, computer network, computer program, or computer software, which information is not generally available to the public and is necessary for the operation of a computer, computer system, computer network, computer program, or computer software.

JURY INSTRUCTION NO. 46

57

**California Computer Data Access and Fraud Act - Section 2**

First, Oracle America and Oracle International Corporation contend that Rimini Street and Seth Ravin violated the CDAFA, Section 502(c)(2). To prevail under this provision, Oracle America and Oracle International Corporation must prove each of the following by a preponderance of the evidence:

1. A Defendant knowingly accessed and without permission took or made use of any data, computer, computer system, or computer network, or took any supporting documentation; and

2. Thereby caused Oracle America and/or Oracle International Corporation to suffer damage or loss.

If you find that Rimini Street and/or Seth Ravin believed it had authorization to access Oracle America's and/or Oracle International Corporation's computer, and did not exceed that authorized access, then you must find that Rimini Street and/or Seth Ravin did not violate the California Computer Data Access and Fraud Act.

JURY INSTRUCTION NO. 47

**California Computer Data Access and Fraud Act - Section 3**

Second, Oracle America and Oracle International Corporation contend that Rimini Street and Seth Ravin violated the CDAFA, Section 502(c)(3). To prevail under this provision, Oracle America and Oracle International Corporation must prove each of the following by a preponderance of the evidence:

1. A Defendant knowingly accessed and without permission used or caused to be used computer services; and

2. Thereby caused Oracle America and/or Oracle International Corporation to suffer damage or loss.

If you find that Rimini Street and/or Seth Ravin believed it had authorization to access Oracle America's and/or Oracle International Corporation's computer, and did not exceed that authorized access, then you must find that Rimini Street and/or Seth Ravin did not violate the California Computer Data Access and Fraud Act.

JURY INSTRUCTION NO. *48*

**California Computer Data Access and Fraud Act - Assisting, Aiding & Abetting**

In addition to contending that Seth Ravin personally violated the CDAFA, Oracle America and Oracle International Corporation also contend that Seth Ravin assisted or aided and abetted Rimini Street or its employees in violating the CDAFA. If you have not found that Seth Ravin personally committed one of the CDAFA violations above, then you must consider whether Seth Ravin is responsible for CDAFA violations committed by Rimini Street or its employees.

To prevail on this theory Oracle America and Oracle International Corporation must prove each of the following by a preponderance of the evidence:

1.  Seth Ravin knowingly and without permission provided or assisted in providing another person a means of accessing a computer, computer system, or computer network in violating the CDAFA;

2.  Seth Ravin's conduct was of substantial assistance in the other person's CDAFA violation;

3.  Seth Ravin knew the other person intended conduct that would violate the CDAFA; and

4.  Seth Ravin's assistance was a substantial factor in causing harm to Oracle America and/or Oracle International Corporation.

If you find that Rimini Street and/or Seth Ravin believed it had authorization to access Oracle America's and/or Oracle International Corporation's computer, and did not exceed that authorized access, then you must find that Rimini Street and/or Seth Ravin did not violate the California Computer Data Access and Fraud Act.

If you find that Seth Ravin assisted or aided and abetted another person's CDAFA violation, you should find for Oracle America and Oracle International Corporation and against Seth Ravin on the CDAFA claim.

JURY INSTRUCTION NO. _49_

### California Computer Data Access and Fraud Act - Damages

If you find that a Defendant violated the CDAFA, you may award damages to Oracle America and/or Oracle International Corporation. These damages shall include amounts sufficient to compensate Oracle America and/or Oracle International Corporation for the harm it suffered as a result of any violations, including any expenditure reasonably and necessarily incurred to verify that their computers, computer systems, computer networks, and/or data was or was not altered, damaged, or deleted by the access.

In addition, if, you find by clear and convincing evidence that a Defendant willfully violated the CDAFA with oppression, fraud, or malice, you may additionally award punitive damages from that Defendant, as set forth in the instructions on punitive damages I will give you later.

You should determine actual damages separately for each Defendant, if any, that you find liable for violating the CDAFA.

JURY INSTRUCTION NO. *50*

**Nevada Computer Crimes Law**

In addition to its other claims, Oracle America and Oracle International Corporation contend that Rimini Street and Seth Ravin violated two provisions of the Nevada computer crimes law ("NCCL"), Nevada Revised Statute § 205.4765. I will now instruct you on the law regarding the applicable provisions of the NCCL and the damages you may award if you find a violation of the NCCL. If you find that a Defendant violated at least one of the NCCL's provisions that follow, you should find for Oracle America and/or Oracle International Corporation and against that Defendant on the NCCL claim.

JURY INSTRUCTION NO. *51*

**Nevada Computer Crimes Law - Definitions**

For the purposes of assessing Oracle America and Oracle International Corporation's NCCL claim, the following terms have the following meanings:

1. "Access" means to intercept, instruct, communicate with, store data in, retrieve from or otherwise make use of any resources of a computer, network or data.

2. "Data" means a representation in any form of information, knowledge, facts, concepts or instructions which is being prepared or has been formally prepared and is intended to be processed, is being processed or has been processed in a system or network.

3. "Network" means a set of related, remotely connected devices and facilities, including more than one system, with the capability to transmit data among any of the devices and facilities. The term includes, without limitation, a local, regional or global computer network.

4. "Program" means an ordered set of data representing coded instructions or statements which can be executed by a computer and cause the computer to perform one or more tasks.

5. "Response costs" means any reasonable costs caused by an NCCL violation, including any reasonable costs to:

   1. Investigate the facts surrounding the violation;

   2. Ascertain or calculate any past or future loss, injury or other damage;

   3. Remedy, mitigate or prevent any past or future loss, injury or other damage; or

   4. Test, examine, restore or verify the integrity of or the normal operation or use of any Internet or network site, electronic mail address, computer, system, network, component, device, equipment, data, information, image, program, signal or sound.

\\\

\\\

6.  "System" means a set of related equipment, whether or not connected, which is used with or for a computer.

JURY INSTRUCTION NO. **_52_**

## Nevada Computer Crimes Law - Section 1

First, Oracle America and Oracle International Corporation contend that Rimini Street and Seth Ravin violated the NCCL, Section 1. To prevail under this provision, Oracle America and Oracle International Corporation must prove each of the following by a preponderance of the evidence:

1.  A Defendant modified, damaged, disclosed, used, transferred, concealed, retained possession of, obtained or attempted to obtain access to, permitted access to or caused to be accessed, or entered any of the following: data, a program or any supporting documents which exist inside or outside a computer, system or network;

2.  The Defendant did so knowingly, willfully, and without authorization; and

3.  Oracle America and Oracle International Corporation was the victim of the Defendant's conduct.

If you find that Rimini Street and/or Seth Ravin believed it had authorization to access Oracle America's and/or Oracle International Corporation's computer, and did not exceed that authorized access, then you must find that Rimini Street and/or Seth Ravin did not violate the Nevada Computer Crimes Law.

JURY INSTRUCTION NO. _53_

**<u>Nevada Computer Crimes Law - Section 3</u>**

Second, Oracle America and Oracle International Corporation contend that Rimini Street and Seth Ravin violated the NCCL, Section 3. To prevail under this provision, Oracle America and Oracle International Corporation must prove each of the following by a preponderance of the evidence:

1.  A Defendant damaged, altered, transferred, disclosed, concealed, used, retained possession of, or obtained or attempted to obtain access to, permitted access to or caused to be accessed any of the following: a computer, system or network;

2.  The Defendant did so knowingly, willfully, and without authorization; and

3.  Oracle America and Oracle International Corporation was the victim of the Defendant's conduct.

If you find that Rimini Street and/or Seth Ravin believed it had authorization to access Oracle America's and/or Oracle International Corporation's computer, and did not exceed that authorized access, then you must find that Rimini Street and/or Seth Ravin did not violate the Nevada Computer Crimes Law.

JURY INSTRUCTION NO. _*54*_

**<u>Nevada Computer Crimes Law - Damages</u>**

If you find that a Defendant violated any of the above NCCL provisions, you may award compensatory damages to Oracle America and/or Oracle International Corporation. These damages may compensate Oracle America and/or Oracle International Corporation for any response costs, loss, or injury that Oracle America and/or Oracle International Corporation suffered as a result of the violation.

In addition, if, you find by clear and convincing evidence that a Defendant willfully violated the NCCL with oppression, fraud, or malice, you may additionally award punitive damages against that Defendant, as set forth in the instructions on punitive damages I will give you later.

You should determine damages separately for each Defendant, if any, that you find liable for violating the NCCL.

JURY INSTRUCTION NO. 55

**Punitive Damages - Liability**

If you find that Oracle America and/or Oracle International Corporation is entitled to compensatory damages for actual harm or loss on any of the following claims, then you may, but are not required to, award punitive damages to Oracle America and/or Oracle International Corporation:

1. California Computer Data Access and Fraud Act (CDAFA);

2. Nevada Computer Crime Law (NCCL); or

3. Intentional interference with prospective economic advantage.

You may not award punitive damages with respect to any other claim by any of the plaintiffs. Punitive damages are not available for copyright infringement.

If you find that Oracle America and/or Oracle International Corporation is entitled to compensatory damages for actual harm or loss caused under one or more of those claims, then you may consider whether you should award punitive damages against that Defendant. The question whether to award punitive damages against a particular Defendant must be considered separately with respect to each Defendant.

You may award punitive damages against a Defendant only if Oracle America and/or Oracle International Corporation proves by clear and convincing evidence that the wrongful conduct upon which you base your finding of liability for compensatory damages was engaged in with fraud, oppression or malice on the part of that Defendant. You cannot punish the Defendant for conduct that is lawful, or which did not cause actual harm or loss to Oracle. For the purposes of your consideration of punitive damages only:

"Fraud" means an intentional misrepresentation, deception or concealment of a material fact known to a defendant with the intent to deprive Oracle America and/or Oracle International Corporation of rights or property or to otherwise injure Oracle America and/or Oracle International Corporation.

///

"Oppression" means despicable conduct that subjects Oracle America and/or Oracle International Corporation to cruel and unjust hardship with a conscious disregard of the rights of the Oracle America and/or Oracle International Corporation.

"Malice" means conduct which is intended to injure the Oracle America and/or Oracle International Corporation or despicable conduct which is engaged in with a conscious disregard of the rights or safety of Oracle America and/or Oracle International Corporation.

"Despicable conduct" means conduct that is so vile, base or contemptible that it would be looked down upon and despised by ordinary, decent people.

"Conscious disregard" means knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to avoid these consequences.

The purposes of punitive damages are to punish a wrongdoer that acts with fraud, oppression and/or malice in harming a plaintiff and deter similar conduct in the future, not to make the plaintiff whole for its injuries. Consequently, a plaintiff is never entitled to punitive damages as a matter of right and whether to award punitive damages against a Defendant is entirely within your discretion.

You are only asked to decide whether punitive damages would be proper and justified in this case. You are not asked at this time to determine an amount of punitive damages. If you decide that punitive damages should be awarded against a Defendant, a limited hearing will follow the return of your verdict in which the parties may present relevant evidence bearing upon the amount of punitive damages. The prospect of taking additional jury time for a limited punitive damage hearing should have no bearing whatsoever upon your decision concerning whether punitive damages are proper and justified in this case.

JURY INSTRUCTION NO. **56**

**Punitive Damages - Officer, Director, or Managing Agent**

Because Rimini Street is a corporation, Oracle America and/or Oracle International Corporation must prove at least one of the following by clear and convincing evidence in order for punitive damages to be available:

1. That the malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of Rimini Street, who acted on behalf of Rimini Street;

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Rimini Street;

3. That one or more officers, directors, or managing agents of Rimini Street knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision-making such that his or her decisions ultimately determine corporate policy.

JURY INSTRUCTION NO. _57_

**Punitive Damages - Objectively Reasonable Conduct**

Even if you find that punitive damages might be available, if you decided that Rimini Street and/or Seth Ravin acted based on an objectively reasonable belief that Rimini Street's and/or Seth Ravin's conduct was not unlawful, such as its interpretation of what the licenses allowed throughout the period from 2006 through 2011, then you must not award any punitive damages.

JURY INSTRUCTION NO. *58*

71

**Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

JURY INSTRUCTION NO. *59*

**Verdict Form - Duplicative Damages (with modifications)**

Oracle America and Oracle International Corporation seek an award of damages under multiple claims or legal theories.

After each claim or legal theory on your verdict form, there is a space for the amount of damages, if any, that you intend to award Oracle America and/or Oracle International Corporation under that claim or legal theory. The amount you enter into these spaces should include all the damages that you conclude Oracle America and/or Oracle International Corporation may recover on that claim or legal theory, regardless whether the same damages are duplicated under another claim or legal theory.

However, Oracle America and Oracle International Corporation can only recover once for each harm or item of damage. Therefore, at the end of the form there are spaces for the "total non-duplicative damages" against each Defendant.

You are instructed to write the total amount of damages you intend to award to Oracle America and/or Oracle International Corporation for all the harm caused by all the violations for which you found that Defendant liable, without counting damages for the same harm twice as to that Defendant. When determining this total amount you must exclude the amount you found as statutory damages under the Copyright Act.

For example, if you find for Oracle America and/or Oracle International Corporation on more than one claim, and conclude that Oracle America and/or Oracle International Corporation suffered the same harm and is entitled to the same damages on more than one claim, only include those damages once in the "total non-duplicative damages." Likewise, if you conclude that Oracle America and/or Oracle International Corporation suffered different and distinct harm on different claims, resulting in different damages on those claims, you should add the different damages figures resulting from those claims together for the "total non-duplicative damages" number.

JURY INSTRUCTION NO. 

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which will likely take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone-including me-how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

JURY INSTRUCTION NO. *61*

**Duty to Deliberate**

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

The arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

After you have reached unanimous agreement on a verdict, your foreperson will complete the verdict form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

GIVEN IN OPEN COURT this 6 day of October, 2015.

UNITED STATES DISTRICT JUDGE

JURY INSTRUCTION NO. 62

75