UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI STREET INC.'S AND SETH RAVIN'S [PROPOSED]**<br>**PHASE TWO JURY INSTRUCTIONS** |

DATED: _____

Hon. Larry R. Hicks
United States District Court Judge

# TABLE OF CONTENTS

Page

D-1.   NO RIGHT TO PUNITIVE DAMAGES ................................................................................... 2

D-2.   PURPOSE OF PUNITIVE DAMAGES ..................................................................................... 3

D-3.   AMOUNT OF PUNITIVE DAMAGES ..................................................................................... 4

D-4.   SPECIFIC HARM TO PLAINTIFF ........................................................................................... 6

D-5.   OUT OF STATE CONDUCT ..................................................................................................... 7

D-6.   CAUSAL NEXUS ........................................................................................................................ 8

D-7.   RELATIONSHIP TO COMPENSATORY DAMAGES ........................................................... 9

D-8.   FINANCIAL CONDITION ....................................................................................................... 10

D-9.   MITIGATING CONDUCT ....................................................................................................... 11

D-10.  FREE COMPETITION .............................................................................................................. 12

D-11.  OBJECTIVELY REASONABLE CONDUCT ........................................................................ 13

D-12.  INDUSTRY STANDARDS ...................................................................................................... 14

D-13.  FAIR NOTICE ........................................................................................................................... 15

1  Defendants Rimini Street, Inc. and Seth Ravin (collectively, "Rimini") maintain their objections to any award of punitive damages in this case as unconstitutional and unsupported by law or evidence.  *See* Dkt. 838 at 19-22.  Without waiving those objections and arguments, and reserving all rights, Rimini proposes the following jury instructions in the event the case proceeds to a punitive damages phase:

**D-1.   <u>NO RIGHT TO PUNITIVE DAMAGES</u>**

You must now decide the amount, if any, that you award Oracle America and Oracle International Corporation in punitive damages. Oracle has no right to punitive damages. Accordingly, you do not need to award punitive damages even if you previously found that the standard for imposing punitive damages was satisfied.

The fact that I am instructing you about punitive damages does not mean that I believe such an award is appropriate in this case. Whether to award punitive damages is for you – and you alone – to decide.

<u>Authority</u>:  *Bongiovi v. Sullivan*, 122 Nev. 556, 581 (2006) ("A plaintiff is not automatically entitled to punitive damages"); *Dillard Dept. Stores, Inc. v. Beckwith*, 115 Nev. 372, 380 (1999) ("A plaintiff is never entitled to punitive damages as a matter of right; their allowance or denial rests entirely in the discretion of the trier of fact") (quoting *Ramada Inns v. Sharp*, 101 Nev. 824, 826 (1985)); Nev. Civ. J.I. 1GI.7 ("No statement, ruling, remark or comment which I may make during the course of trial is intended to indicate my opinion as to how you should decide the case or to influence you in any way in your determination of the facts").

**D-2. <u>PURPOSE OF PUNITIVE DAMAGES</u>**

The purposes of punitive damages are to punish a wrongdoer that acts with fraud, oppression and/or malice in harming a plaintiff and deter similar conduct in the future, not to make the plaintiffs whole for their injuries. Consequently, a plaintiff is never entitled to punitive damages as a matter of right and whether to award punitive damages against a defendant is entirely within your discretion.

There is nothing to deter when a defendant already has ceased the wrongdoing. You should therefore not impose punitive damages for conduct that is no longer ongoing.

Punitive damages are not intended to compensate a plaintiff for any injuries he or she sustained, and are not intended to be used by a plaintiff to recover extra damages from a defendant in addition to the compensatory damages you already awarded.

<u>Authority</u>:   Nev. Civ. J.I. 12 PD.1 (first paragraph verbatim); *Bongiovi v. Sullivan*, 122 Nev. 556, 580, 138 P.3d 433, 450 (2006) (citing *Ace Truck v. Kahn*, 103 Nev. 503, 506, 746 P.2d 132, 134 (1987) ("Punitive damages are designed not to compensate the plaintiff for harm suffered but, instead, to punish and deter the defendant's culpable conduct."); *id.* at 581, 138 P.3d at 450 (citing *Dillard Dep't Stores v. Beckwith*, 115 Nev. 372, 380, 989 P.2d 882, 887 (1999)) ("A plaintiff is not automatically entitled to punitive damages."); *Countrywide Home Loans, Inc. v. Thitchener*, 124 Nev. 725, 740, 192 P.3d 243, 252-53 (2008) ("Once the district court makes a threshold determination that a defendant's conduct is subject to this form of civil punishment, the decision to award punitive damages rests entirely within the jury's discretion."); *Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 612, 5 P.3d 1043, 1052 (2000) (quoting *Dillard Dep't Stores v. Beckwith*, 115 Nev. 372, 380, 989 P.2d 882, 887 (1999)) ("'A plaintiff is never entitled to punitive damages as a matter of right.'"); *Ramada Inns, Inc. v. Sharp*, 101 Nev. 824, 826, 711 P.2d 1, 2 (1985) ("A plaintiff is never entitled to punitive damages as a matter of right; their allowance or denial rests entirely in the discretion of the trier of fact."); *see also Smith v. Wade*, 461 U.S. 30, 52 (1983) (punitive damages "are never awarded as of right, no matter how egregious the defendant's conduct. 'If the plaintiff proves sufficiently serious misconduct on the defendant's part, the question whether to award punitive damages is left to the jury, which may or may not make such an award.'").

**D-3.  AMOUNT OF PUNITIVE DAMAGES**

There are no fixed standards for determining the amount of a punitive damage award; the amount, if any, is left to your sound discretion, to be exercised without passion or prejudice and in accordance with the following governing principles.

The amount of a punitive damage award is not to compensate Oracle for harm suffered but what is reasonably necessary (in light of the defendants' financial condition) and fairly deserved (in light of the blameworthiness and harmfulness inherent in the defendants' conduct) to punish and deter defendants and others from engaging in conduct such as that warranting punitive damages in this case.  Your award cannot be more than otherwise warranted by the evidence in this case merely because of the wealth of the defendant.  Your award cannot either punish the defendant for conduct injuring others who are not parties to this litigation or financially annihilate or destroy the defendant in light of each defendant's financial condition.

In determining the amount of your punitive damage award, you should consider the following guideposts separately for each defendant:

1) The degree of reprehensibility of the defendant's conduct, in light of (a) the culpability and blameworthiness of the defendant's fraudulent, oppressive and/or malicious misconduct under the circumstances of this case; (b) whether the conduct injuring Oracle that warrants punitive damages in this case was part of a pattern of similar conduct by the defendant; and (c) any mitigating conduct by the defendant, including any efforts to settle the dispute.

2) The ratio of your punitive damage award to the actual harm inflicted on Oracle by the conduct warranting punitive damages in this case, since the measure of punishment must be both reasonable and proportionate to the amount of harm to Oracle and to the compensatory damages recovered by Oracle in this case.

3) How your punitive damages award compares to other civil or criminal penalties that could be imposed for comparable misconduct, since punitive damages are to provide a means by which the community can express its outrage or distaste for the misconduct of a fraudulent, oppressive or malicious defendant and deter and warn others that such conduct

will not be tolerated.

Authority:  Nev. Civ. J.I. 12 PD.2 (verbatim, modified tense and added party names); Nev. Rev. Stat. § 42.010; *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996); *Chavez v. Keat*, 34 Cal. App. 4th 1406, 1415 (1995); *Bongiovi v. Sullivan*, 122 Nev. 556 (2006).

### D-4. SPECIFIC HARM TO PLAINTIFF

Punitive damages may not be used to punish Rimini Street or Seth Ravin for conduct or harm that was not proven at trial or based on harm to persons other than Oracle America or Oracle International Corporation. Rather, punitive damages must be limited to the specific harm suffered by Oracle America and Oracle International Corporation and that Oracle America and Oracle International Corporation proved at trial.

Accordingly, you must limit any punitive damages you award to the specific harm that Oracle America and Oracle International Corporation suffered from:

1) Accessing Oracle's computers in violation of the California Computer Data Access and Fraud Act;

2) Accessing Oracle's computers in violation of the Nevada computer crimes law; and

3) Intentional interference with Oracle's prospective economic relationships. You may award punitive damages only related to Oracle's harm related to the specific prospective economic relationships with which Rimini interfered.

You may not award punitive damages based on any harm caused to third parties, such as customers of Oracle or Rimini.

Authority:  *Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007) ("the Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, *i.e.*, injury that it inflicts upon those who are, essentially, strangers to the litigation"); *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003) ("Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis"); *id.* at 422 ("conduct must have a nexus to the specific harm suffered by the plaintiff"); *Holdgrafer v. Unocal Corp.*, 160 Cal. App. 4th 907 (2008).

**D-5.   OUT OF STATE CONDUCT**

Evidence has been presented concerning Rimini Street and Seth Ravin's conduct outside Nevada.  You cannot use such evidence to award Oracle America or Oracle International Corporation punitive damages for conduct outside Nevada.  You may consider such evidence only with respect to the reprehensibility of a defendant's conduct and only to the extent the conduct is similar and bears a reasonable relationship to the defendant's conduct injuring Oracle America or Oracle International Corporation that warrants punitive damages in this case.

Authority:  Nev. Civ. J.I. 12 PD.2 (verbatim, except parties names inserted and language about harm to third parties omitted); *Williams*, 549 U.S. at 353; *State Farm*, 538 U.S. at 422-23; *see also Bongiovi v. Sullivan*, 122 Nev. 556, 582-83, 138 P.3d 433, 452 (2006); *Albert H. Wohlers & Co. v. Bartgis*, 114 Nev. 1249, 1268 (1998).

**D-6.   CAUSAL NEXUS**

You may not award any punitive damages based on conduct that has no direct connection to the specific harm suffered by plaintiffs.

Therefore, you may not award punitive damages for the purpose of punishing either defendant for conduct unrelated to plaintiffs' injuries.

Nor may you award punitive damages to punish either defendant for copyright infringement or inducing breach of contract because punitive damages are not available for those claims.

Authority:  *State Farm*, 538 U.S. at 422 ("conduct must have a nexus to the specific harm suffered by the plaintiff"); *id.* at 422-23 ("A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages.  A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business.  Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis."); *Williams*, 549 U.S. at 353; *see also Bongiovi v. Sullivan*, 122 Nev. 556, 582-83, 138 P.3d 433, 452 (2006) (adopting the "federal standard's three guideposts" set forth in *State Farm* and *Gore*); *Albert H. Wohlers & Co. v. Bartgis*, 114 Nev. 1249, 1268 (1998) (reducing punitive damage award that were "excessive and disproportionate to [defendants'] degree of blameworthiness").

**D-7.   RELATIONSHIP TO COMPENSATORY DAMAGES**

The purpose of compensatory damages is to compensate a plaintiff and to make it whole. However, a substantial award of compensatory damages also has the effect of punishing and deterring misconduct. Therefore, in determining the amount of punitive damages, if any, to award, you must consider the punitive and deterrent effect associated with your award of compensatory damages along with the attorneys' fees that Oracle America and Oracle International Corporation will seek.

The size of the punitive damage award must bear a reasonable relationship to the amount of harm caused to the plaintiffs by the defendant's punishable misconduct. If the compensatory damages awarded are substantial, then a punitive damage award equal to the compensatory award can reach the outermost limit permitted by law, although a lesser amount is also appropriate.

Authority:   *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003) ("Compensatory damages, however, already contain this punitive element"); *id.* at 427 ("courts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered"); *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) ("Deterrence … operates through the mechanism of damages that are compensatory – damages grounded in determinations of plaintiffs' actual losses."); *Smith v. Wade*, 461 U.S. 30, 94 (1983) (O'Connor, J. dissenting) ("awards of compensatory damages and attorney's fees already provide significant deterrence"); *Roginsky v. Richardson-Merrell, Inc.*, 378 F.2d 832, 841 (2d Cir. 1967) (reversing punitive award and noting that "heavy compensatory damages, recoverable under some circumstances even without proof of negligence, should sufficiently meet the objectives" otherwise served by punitive damages); *Simon v. San Paolo U.S. Holding Co., Inc.*, 35 Cal. 4th 1159, 1181-1182 (2005) ("While the high court had in *BMW* and earlier decisions already demanded that punitive damages bear a 'reasonable relationship' to compensatory damages . . . the decision in *State Farm* addressed this guidepost with markedly greater emphasis and more constraining language"); *Bongiovi v. Sullivan*, 122 Nev. 556 (2006) ("it is not improper for a jury to receive evidence of attorney fees in reference to a punitive damages award"); *Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 962 (Nev. 1998) ("Punitive damages are legally excessive when the amount of damages awarded is *clearly* disproportionate to the degree of blameworthiness and harmfulness inherent in the oppressive, fraudulent or malicious misconduct of the tortfeasor under the circumstances of a given case. If the awarding jury or judge assesses more in punitive damages than is reasonably necessary and fairly deserved in order to punish the offender and deter others from similar conduct, then the award must be set aside as excessive."); *see generally* Prosser and Keeton on Torts § 4 at 25-26 (one reason for imposing tort liability is to provide incentive to avoid future harm; this "idea of prevention shades into punishment of the offender"); Clarence Morris, *Punitive Damages in Tort Cases*, 44 Harv. L. Rev. 1173, 1173-75, 1182 (1931) ("if the compensatory damages are large, the defendant is severely admonished without the addition of any punitive damages") (internal citations omitted).

## D-8. **FINANCIAL CONDITION**

The purpose of punitive damages is not served by financially destroying a defendant. Therefore, any award of punitive damages should reflect the amount you believe is appropriate to punish and deter, but you should not award an amount of punitive damages that is a significant percentage of Rimini Street or Seth Ravin's net worth, such that it would prevent Rimini Street from continuing to operate its business functions or would threaten bankruptcy. Such a punitive damages award would be excessive under the law.

Authority: *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574 (1996); *Adams v. Murakami*, 54 Cal.3d 105, 112 (1991) ("[T[he purpose of punitive damages is not served by financially destroying a defendant. The purpose is to deter, not to destroy."); *id.* (approving of cases holding that punitive damages award was excessive when it was a significant percentage of defendant's net worth); *id.* at 113 (punitive damages award should not "financially annihilate the defendant") *id.* at 114 (financial condition evidence necessary to ensure punitive damages award does not "bankrupt the defendant"); Nev. Rev. Stat. § 42.005(4); *Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 962 (Nev. 1998) ("In determining whether a punitive damages award is excessive pursuant to this standard, we will consider a variety of factors including "'the financial position of the defendant…'"); *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 888 (Nev. 1999) (award cannot "financially destroy or annihilate" defendant); *Hale v. Riverboat Casino, Inc.*, 682 P.2d 190, 194 (Nev. 1984) (same); Magna Carta (1215) ch. 20 (cited by *Adams v. Murakami*).

1 **D-9.   MITIGATING CONDUCT**

2   In determining the amount of your punitive damage award, you should consider the degree of reprehensibility of the defendant's conduct, in light of any mitigating conduct by the defendant.  Such conduct would include stopping the wrongdoing.

Authority:   Nev. J.I. 12PD.2 (first sentence verbatim, with omissions for other factors covered in other instructions); *BMW of N. Am. v. Gore*, 517 U.S. 559, 579 (1996) ("It is also significant that there is no evidence that BMW persisted in a course of conduct after it had been adjudged unlawful on even one occasion, let alone repeated occasions"); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 428 (2001) (describing in punitive damages context the remedial actions taken by defendant after entry of a preliminary injunction); *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001) (allowing "evidence of remedial conduct undertaken in response to [defendant's] discovery of [unlawful conduct] as a means to mitigate punitive damages"); *Ford v. GACS, Inc.*, 265 F.3d 670 (8th Cir. 2001); *Bartgis*, 969 P.2d at 962 (punitive damages award was "clearly disproportionate to the degree of reprehensibility" when defendant had "attempted to settle the case").

**D-10. FREE COMPETITION**

Ours is a competitive economy in which business entities vie for economic advantage. So long as the plaintiff's contractual relations are merely contemplated or potential, it is considered to be in the interest of the public that any competitor should be free to divert them to himself by all fair and reasonable means. When analyzing whether Rimini Street and Seth Ravin's conduct was reprehensible, you should consider the extent to which their intent was to lawfully compete.

Authority:  *Crockett v. Sahara Realty Corp.*, 95 Nev. 197, 199 (1979) (first two sentences verbatim from opinion) (citations omitted); *see State Farm*, 538 U.S. at 419 (one factor of the reprehensibility analysis is whether "the harm was the result of intentional malice, trickery, or deceit, or mere accident"); *Gore*, 517 U.S. at 580 ("the omission of a material fact may be less reprehensible than a deliberate false statement, particularly when there is a good-faith basis for believing that no duty to disclose exists").

### D-11. OBJECTIVELY REASONABLE CONDUCT

If you decided that Rimini Street and/or Seth Ravin acted based on an objectively reasonable belief that Rimini Street's and/or Seth Ravin's conduct was not unlawful, such as its interpretation of what the licenses allowed throughout the period from 2006 through 2011, then you must not award any punitive damages.

Authority:  Phase 1 Instruction No. 58 (verbatim, with first clause removed); Order at 8, Dkt. No. 724 ("testimony about industry standards, customs, and practice is relevant to Oracle's claims for punitive damages"); *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201, 2215-16 (2007) ("disagree[ing]" with defendant's analysis of its legal obligations, but holding that because defendant's interpretation, "albeit erroneous, was not objectively unreasonable," defendant could not be said to have acted "willfully" or with "reckless disregard"); *Kwan v. Mercedes-Benz of N. Am., Inc.*, 23 Cal. App. 4th 174, 184-185 (1994) ("Neither punishment nor deterrence is ordinarily called for if the defendant's actions proceeded from an honest mistake or a sincere and reasonable difference of factual evaluation. … [C]ourts refuse to impose civil penalties against a party who acted with a good faith and reasonable belief in the legality of his or her actions"); *Lusardi Construction Co. v. Aubry*, 1 Cal. 4th 976, 996-97 (1992) ("courts refuse to impose civil penalties against a party who acted with a good faith and reasonable belief in the legality of his or her actions"); *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1288 (1994) (although defendant's conduct was "negligent," "overzealous," "legally erroneous," and "callous," it could not support a punitive damage award as a matter of law); *Chateau Chamberay Homeowners Assn. v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 348, 351 n.10 (2001) (punitive damages inappropriate where there is a "genuine dispute" over legal and factual issues); *Kendall Yacht Corp. v. United Cal. Bank*, 50 Cal. App. 3d 949, 958-59 (1975) (rejecting claim for punitive damages because it "remains purely speculative as to whether the Bank acted with such malice rather than out of a bona fide disagreement over how far the Bank was required to go in helping the Kendalls with their financial problems").

D-12. **INDUSTRY STANDARDS**

Even if you find that punitive damages might be available, if you decide that Rimini Street or Seth Ravin acted consistent with industry standards or custom, then you must not award any punitive damages.

Authority:  Order at 8, Dkt. No. 724 ("testimony about industry standards, customs, and practice is relevant to Oracle's claims for punitive damages"); *Ramirez v. Plough*, 6 Cal. 4th 539, 552-555 (1993); *Barker v. Lull Engineering Co.*, 20 Cal. 3d 413, 420-421 & n.1 (1978) (summarizing evidence of industry standards and custom when describing "the facts material to the design defect issue"); *Soule v. General Motors Corp.*, 8 Cal. 4th 548, 558 (1994); *Hansen v. Sunnyside Products, Inc.*, 55 Cal. App. 4th 1497, 1520 (1997) (noting defense testimony that warning label complied with industry customs and federal standards creates question whether product was defective, precluding JNOV for plaintiff); *Hernandez v. Badger Construction Equipment Co.*, 28 Cal. App. 4th 1791, 1828 (1994) ("[T]he jury heard evidence when Badger sold the crane in 1981 industry standards did not require ATBD's as standard equipment.  Thus, the jury could properly conclude the crane was not defective in 1981"); *Mason v. Mercury Casualty Co.*, 64 Cal. App. 3d 471, 475 (1976) (citing defendant's compliance with industry custom in rejecting punitive damages as a matter of law); *see also Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201, 2216 n.20 (2007) ("Where . . . agency guidance" permits or authorizes a defendant's conduct, "it would defy history and current thinking to treat [that] defendant . . . as a knowing or reckless violator").

1  **D-13.  <u>FAIR NOTICE</u>**

2       Even if you find that punitive damages might be available, if you decide that at the time of the
3  challenged conduct that Rimini Street or Seth Ravin was not on reasonable and fair notice that its
4  conduct was unlawful, then you must not award any punitive damages.

<u>Authority</u>:  Order at 8, Dkt. No. 724 ("testimony about industry standards, customs, and practice is relevant to Oracle's claims for punitive damages"); *FCC v. Fox Television Stations, Inc.*, 132 S. Ct. 2307, 2317 (2012) (potential for liability must be clearly established at the time of the challenged conduct); *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156 (2012) (same); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003) ("[E]lementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice . . . of the conduct that will subject him to punishment."); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574 (1996); *United States v. Lanier*, 520 U.S. 259, 266 (1997) (same); *Landgraf v. USI Film Products*, 511 U.S. 244, 266 (1994) (because punitive damages "share key characteristics of criminal sanctions" the "[r]etroactive imposition of punitive damages would raise a serious constitutional question"); *Giaccio v. State of Pennsylvania*, 382 U.S. 399 (1966); Cal. Const., art. I, § 7(a).

Rimini Street, Inc. and Seth Ravin respectfully request that the Court adopt the foregoing instructions.

DATED: October 9, 2015

SHOOK, HARDY & BACON LLP

By: __/s/ Robert H. Reckers_____

Robert H. Reckers
*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2015, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: __/s/ Robert H. Reckers_____

Robert H. Reckers

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*