UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,

Plaintiffs,

v.

RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,

Defendants.

Case No. 2:10-cv-0106-LRH-PAL

**RIMINI STREET INC.'S AND SETH RAVIN'S [PROPOSED] PHASE TWO JURY INSTRUCTIONS**

DATED: _____

Hon. Larry R. Hicks
United States District Court Judge

# TABLE OF CONTENTS

Page

NO RIGHT TO PUNITIVE DAMAGES ................................................................................... 2

PURPOSE OF PUNITIVE DAMAGES ..................................................................................... 3

AMOUNT OF PUNITIVE DAMAGES ..................................................................................... 4

SPECIFIC HARM TO PLAINTIFF ............................................................................................ 6

OUT OF STATE CONDUCT ..................................................................................................... 7

CAUSAL NEXUS ....................................................................................................................... 8

RELATIONSHIP TO COMPENSATORY DAMAGES ............................................................ 9

FINANCIAL CONDITION ....................................................................................................... 10

MITIGATING CONDUCT ....................................................................................................... 11

FREE COMPETITION .............................................................................................................. 12

OBJECTIVELY REASONABLE CONDUCT ......................................................................... 13

INDUSTRY STANDARDS ...................................................................................................... 14

FAIR NOTICE ........................................................................................................................... 15

Defendants Rimini Street, Inc. and Seth Ravin (collectively, "Rimini") maintain their objections to any award of punitive damages in this case as unconstitutional and unsupported by law or evidence. *See* Dkt. 838 at 19-22. Without waiving those objections and arguments, and reserving all rights, Rimini proposes the following jury instructions in the event the case proceeds to a punitive damages phase:

**NO RIGHT TO PUNITIVE DAMAGES**

You must now decide the amount, if any, that you award Oracle America and Oracle International Corporation in punitive damages. Oracle has no right to punitive damages. Accordingly, you do not need to award punitive damages even if you previously found that the standard for imposing punitive damages was satisfied.

The fact that I am instructing you about punitive damages does not mean that I believe such an award is appropriate in this case. Whether to award punitive damages is for you – and you alone – to decide.

JURY INSTRUCTION NO. __

**PURPOSE OF PUNITIVE DAMAGES**

The purposes of punitive damages are to punish a wrongdoer that acts with fraud, oppression and/or malice in harming a plaintiff and deter similar conduct in the future, not to make the plaintiffs whole for their injuries. Consequently, a plaintiff is never entitled to punitive damages as a matter of right and whether to award punitive damages against a defendant is entirely within your discretion.

There is nothing to deter when a defendant already has ceased the wrongdoing. You should therefore not impose punitive damages for conduct that is no longer ongoing.

Punitive damages are not intended to compensate a plaintiff for any injuries he or she sustained, and are not intended to be used by a plaintiff to recover extra damages from a defendant in addition to the compensatory damages you already awarded.

JURY INSTRUCTION NO. __

**AMOUNT OF PUNITIVE DAMAGES**

There are no fixed standards for determining the amount of a punitive damage award; the amount, if any, is left to your sound discretion, to be exercised without passion or prejudice and in accordance with the following governing principles.

The amount of a punitive damage award is not to compensate Oracle for harm suffered but what is reasonably necessary (in light of the defendants' financial condition) and fairly deserved (in light of the blameworthiness and harmfulness inherent in the defendants' conduct) to punish and deter defendants and others from engaging in conduct such as that warranting punitive damages in this case. Your award cannot be more than otherwise warranted by the evidence in this case merely because of the wealth of the defendant. Your award cannot either punish the defendant for conduct injuring others who are not parties to this litigation or financially annihilate or destroy the defendant in light of each defendant's financial condition.

In determining the amount of your punitive damage award, you should consider the following guideposts separately for each defendant:

1) The degree of reprehensibility of the defendant's conduct, in light of (a) the culpability and blameworthiness of the defendant's fraudulent, oppressive and/or malicious misconduct under the circumstances of this case; (b) whether the conduct injuring Oracle that warrants punitive damages in this case was part of a pattern of similar conduct by the defendant; and (c) any mitigating conduct by the defendant, including any efforts to settle the dispute.

2) The ratio of your punitive damage award to the actual harm inflicted on Oracle by the conduct warranting punitive damages in this case, since the measure of punishment must be both reasonable and proportionate to the amount of harm to Oracle and to the compensatory damages recovered by Oracle in this case.

3) How your punitive damages award compares to other civil or criminal penalties that could be imposed for comparable misconduct, since punitive damages are to provide a means by which the community can express its outrage or distaste for the misconduct of a fraudulent, oppressive or malicious defendant and deter and warn others that such conduct

1       will not be tolerated:

28  JURY INSTRUCTION NO. __

**SPECIFIC HARM TO PLAINTIFF**

Punitive damages may not be used to punish Rimini Street or Seth Ravin for conduct or harm that was not proven at trial or based on harm to persons other than Oracle America or Oracle International Corporation. Rather, punitive damages must be limited to the specific harm suffered by Oracle America and Oracle International Corporation and that Oracle America and Oracle International Corporation proved at trial.

Accordingly, you must limit any punitive damages you award to the specific harm that Oracle America and Oracle International Corporation suffered from:

1) Accessing Oracle's computers in violation of the California Computer Data Access and Fraud Act;

2) Accessing Oracle's computers in violation of the Nevada computer crimes law; and

3) Intentional interference with Oracle's prospective economic relationships. You may award punitive damages only related to Oracle's harm related to the specific prospective economic relationships with which Rimini interfered.

You may not award punitive damages based on any harm caused to third parties, such as customers of Oracle or Rimini.

JURY INSTRUCTION NO. \_\_

6

**OUT OF STATE CONDUCT**

Evidence has been presented concerning Rimini Street and Seth Ravin's conduct outside Nevada. You cannot use such evidence to award Oracle America or Oracle International Corporation punitive damages for conduct outside Nevada. You may consider such evidence only with respect to the reprehensibility of a defendant's conduct and only to the extent the conduct is similar and bears a reasonable relationship to the defendant's conduct injuring Oracle America or Oracle International Corporation that warrants punitive damages in this case.

JURY INSTRUCTION NO. __

**CAUSAL NEXUS**

You may not award any punitive damages based on conduct that has no direct connection to the specific harm suffered by plaintiffs.

Therefore, you may not award punitive damages for the purpose of punishing either defendant for conduct unrelated to plaintiffs' injuries.

Nor may you award punitive damages to punish either defendant for copyright infringement or inducing breach of contract because punitive damages are not available for those claims.

JURY INSTRUCTION NO. __

**RELATIONSHIP TO COMPENSATORY DAMAGES**

The purpose of compensatory damages is to compensate a plaintiff and to make it whole. However, a substantial award of compensatory damages also has the effect of punishing and deterring misconduct. Therefore, in determining the amount of punitive damages, if any, to award, you must consider the punitive and deterrent effect associated with your award of compensatory damages along with the attorneys' fees that Oracle America and Oracle International Corporation will seek.

The size of the punitive damage award must bear a reasonable relationship to the amount of harm caused to the plaintiffs by the defendant's punishable misconduct. If the compensatory damages awarded are substantial, then a punitive damage award equal to the compensatory award can reach the outermost limit permitted by law, although a lesser amount is also appropriate.

JURY INSTRUCTION NO. __

**FINANCIAL CONDITION**

The purpose of punitive damages is not served by financially destroying a defendant. Therefore, any award of punitive damages should reflect the amount you believe is appropriate to punish and deter, but you should not award an amount of punitive damages that is a significant percentage of Rimini Street or Seth Ravin's net worth, such that it would prevent Rimini Street from continuing to operate its business functions or would threaten bankruptcy. Such a punitive damages award would be excessive under the law.

JURY INSTRUCTION NO. __

**MITIGATING CONDUCT**

In determining the amount of your punitive damage award, you should consider the degree of reprehensibility of the defendant's conduct, in light of any mitigating conduct by the defendant. Such conduct would include stopping the wrongdoing.

JURY INSTRUCTION NO. __

**FREE COMPETITION**

Ours is a competitive economy in which business entities vie for economic advantage. So long as the plaintiff's contractual relations are merely contemplated or potential, it is considered to be in the interest of the public that any competitor should be free to divert them to himself by all fair and reasonable means. When analyzing whether Rimini Street and Seth Ravin's conduct was reprehensible, you should consider the extent to which their intent was to lawfully compete.

JURY INSTRUCTION NO. __

**OBJECTIVELY REASONABLE CONDUCT**

If you decided that Rimini Street and/or Seth Ravin acted based on an objectively reasonable belief that Rimini Street's and/or Seth Ravin's conduct was not unlawful, such as its interpretation of what the licenses allowed throughout the period from 2006 through 2011, then you must not award any punitive damages.

JURY INSTRUCTION NO. __

1  **INDUSTRY STANDARDS**

2      Even if you find that punitive damages might be available, if you decide that Rimini Street or
3  Seth Ravin acted consistent with industry standards or custom, then you must not award any punitive
4  damages.

28 JURY INSTRUCTION NO. __

14

1  **FAIR NOTICE**

2       Even if you find that punitive damages might be available, if you decide that at the time of the
3 challenged conduct that Rimini Street or Seth Ravin was not on reasonable and fair notice that its
4 conduct was unlawful, then you must not award any punitive damages.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28   JURY INSTRUCTION NO. __

Rimini Street, Inc. and Seth Ravin respectfully request that the Court adopt the foregoing instructions.

DATED: October 9, 2015

SHOOK, HARDY & BACON LLP

By: __/s/ Robert H. Reckers_____

Robert H. Reckers
*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2015, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: ___/s/ Robert H. Reckers_____

Robert H. Reckers

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*