UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**[ORACLE'S PROPOSED]**<br>**JURY INSTRUCTIONS** |

DATED: _____

_____
Hon. Larry R. Hicks
United States District Court Judge

**P-47-A.        DAMAGES—PUNITIVE DAMAGES—AMOUNT**

You must now decide the amount, if any, that you should award plaintiffs Oracle America, Inc. and Oracle International Corporation in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed Oracle and to discourage similar conduct in the future.

There are no fixed standards for determining the amount of a punitive damage award; the amount, if any, is left to your sound discretion, to be exercised without passion or prejudice and in accordance with the following governing principles.

The amount of a punitive damages award is not to compensate Oracle for harm suffered but what is reasonably necessary (in light of the Defendants' financial condition) and fairly deserved (in light of the blameworthiness and harmfulness inherent in the Defendants' conduct) to punish and deter the Defendants and others from engaging in conduct such as that warranting punitive damages in this case.  Your award cannot be more than otherwise warranted by the evidence in this case merely because of the wealth of the Defendants.  Your award cannot either punish the defendant for conduct injuring others who are not parties to this litigation or financially annihilate or destroy the Defendants in light of the Defendants' financial condition.

In determining the amount(s) of your punitive damage award(s), you should consider the following guideposts separately for each defendant:

1) The degree of reprehensibility of the Defendant's conduct, in light of (a) the culpability and blameworthiness of the Defendant's fraudulent, oppressive and/or malicious misconduct under the circumstances of this case; (b) whether the conduct injuring Oracle that warrants punitive damages in this case was part of a pattern of similar conduct by the defendant; and (c) any mitigating conduct by the Defendant, including any efforts to settle the dispute.

2) The ratio of your punitive damage award to the actual harm inflicted on Oracle by the conduct warranting punitive damages in this case, since the measure of punishment must be both reasonable and proportionate to the amount of harm to

| | | |
|---|---|---|
|1| |Plaintiffs Oracle and to the compensatory damages recovered by Plaintiffs Oracle|
|2| |in this case.|
|3|3)|How your punitive damages award compares to other civil or criminal penalties|
|4| |that could be imposed for comparable misconduct, since punitive damages are to|
|5| |provide a means by which the community can express its outrage or distaste for|
|6| |the misconduct of a fraudulent, oppressive or malicious defendant and deter and|
|7| |warn others that such conduct will not be tolerated.|

**Authority:** Nevada Jury Instructions (Civil) Nos. 12PD.2 (2011) (citing Nevada and California authorities) (modified only to add introductory paragraph and conform party names; omitted unnecessary optional language); Cal. Civ. Code § 3294 (California punitive damages); N.R.S. § 42.01 (Nevada punitive damages); *see also* ABA Model Jury Instruction No. 20.10.3 (Business Torts) (2005).