# EXHIBIT C

BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:    702.382.7300
Facsimile:    702.382.2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
KIERAN P. RINGGENBERG  (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON
   (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone:    510.874.1000
Facsimile:    510.874.1460
sholtzman@bsfllp.com
kringgenberg@bsfllp.com
brichardson@bsfllp.com

Attorneys for Counterclaimant Oracle America, Inc. and Defendant and Counterclaimant Oracle International Corp.

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
NITIN JINDAL (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:    415.442.1000
Facsimile:     415.442.1001
thomas.hixson@morganlewis.com
john.polito@morganlewis.com
nitin.jindal@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:    650.506.4846
Facsimile:     650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC., a Nevada corporation;<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>　　　　Defendant.<br>ORACLE AMERICA, INC., a Delaware corporation, *et al.*,<br><br>　　　　Counterclaimants,<br><br>　　v.<br><br>RIMINI STREET, INC., a Nevada corporation, *et al.*,<br><br>　　　　Counterdefendants. | Case No  2:14-cv-01699 LRH PAL<br><br>**COUNTERCLAIMANT ORACLE AMERICA, INC. AND DEFENDANT AND COUNTERCLAIMANT ORACLE INTERNATIONAL CORPORATION'S FIRST SET OF INTERROGATORIES TO COUNTERDEFENDANT AND PLAINTIFF RIMINI STREET, INC.** |

PROPOUNDING PARTIES: Counterclaimant Oracle America, Inc. and Defendant and Counterclaimant Oracle International Corporation

RESPONDING PARTY: Counterdefendant and Plaintiff Rimini Street, Inc.

SET: One

Pursuant to Federal Rules of Civil Procedure 26 and 33, Counterclaimant Oracle America, Inc. and Defendant and Counterclaimant Oracle International Corporation hereby request that Counterdefendant and Plaintiff Rimini Street, Inc. answer the following interrogatories.

## DEFINITIONS

The definitions, instructions, and requirements of Federal Rules of Civil Procedure 26, 33, and 37 are adopted and incorporated by this reference. The following words and phrases shall have the following meanings in these interrogatories:

1. "Cloud Computing Resource" means any Computing Resource that (i) an Oracle Software Licensee rents, leases, or obtains as or through a service from a third party other than Rimini pursuant to a contract between such Oracle Software Licensee and such third party and (ii) is not physically located on real property owned or leased by such Oracle Software Licensee, where such Computing Resource may be remotely accessed by the Oracle Software Licensee and any of its authorized third-party service providers, including Rimini, through the Internet or other electronic means.

2. "Computing Resource" means any network, computer, virtual machine, storage device, portable electronic device, or any combination thereof.

3. "Computer System(s)" means any computer, hard drive, server, virtual server, network location, gateway, system area net, subnet, storage node, CD, DVD, thumb drive, archive, backup, or internet location.

4. "Concerning," "Concerns," "Relate," "Relating," "Related," or any other derivatives thereof means regarding, pertaining to, referring to, respecting, stating, describing, involving, evidencing, constituting, noting, reflecting, containing, embodying, memorializing, mentioning, analyzing, discussing, commenting upon, specifying, listing, summarizing,

identifying either directly or indirectly, or having any logical or factual connection with the matter discussed.

5. "Document(s)" is synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including without limitation: writings; records or files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; email; telephone message records or logs; computer and network activity logs; data on hard drives; backup data; data on removable computer storage media such as tapes, disks, and cards; printouts; document image files; web pages; databases; spreadsheets; software; hardware; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital records or transcripts; drafts; jottings; and notes. "Document(s)" also includes any copy that differs in any respect from the original or other versions of the Document(s), including copies containing notations, insertions, corrections, marginal notes, or any other variations.

6. The term "Environment" means a copy of Oracle software that results from installation of that software.

7. "First Amended Complaint" means the First Amended Complaint for Declaratory Judgment, Dkt. 63, that Rimini Street filed in this matter on May 26, 2015.

8. The term "Identified Rimini Computer System(s)" refers to any computer, computer system, server, electronic storage environment, or network device in Rimini's possession, custody, or control.

9. The term "Identify" (with respect to customers) means to give, to the extent known, the customer's full name and present or last known address of the customer's principal place of business and/or headquarters, as well as the other information requested in a specific interrogatory below

10. The term "Identify" (with respect to documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document;

and (iv) author(s), addressee(s) and recipient(s).

11. The term "Identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, to additionally provide the present or last known place of employment and, as applicable, dates of employment with You, positions held with You, description of responsibilities while employed by You.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requests regarding the identification of that person, unless the request specifically seeks more information.

12. The term "Identify" (with respect to tangible items that are not documents) means to give, to the extent known, (1) the name of the item, including product name and type, brand, and model number where applicable; (2) the location of the item; (3) the total quantity of items; (4) the date on which YOU acquired or produced the item.

13. "Installation Media" means any CD, DVD, download, electronic file, portable drive, tape, or other similar item that can be or has been used to install Oracle Software and Support Materials by or for an Oracle Software Licensee.

14. "J.D. Edwards Family of Products" means all current and former J.D. Edwards-branded Software and related Software and Support Materials.

15. "Oracle" means Counterclaimant Oracle America, Inc. and Defendant and Counterclaimant Oracle International Corporation.

16. "Oracle Database Family of Products" means all current and former Oracle Database-branded Software and related Software and Support Materials.

17. "Oracle Software License" means an agreement between Oracle and an Oracle customer that licenses and sets forth the other terms and conditions by which an Oracle Software Licensee obtains rights to use Oracle Software and Support Materials.

18. "Oracle Software Licensee" means an entity that has entered into an Oracle Software License.

19. "PeopleSoft Family of Products" means all current and former PeopleSoft-branded Software and related Software and Support Materials.

ORACLE'S FIRST SET OF INTERROGATORIES TO RIMINI STREET

1      20.     "Person" means any natural person or any business, legal or governmental
2  entity or association.

3      21.     "Siebel Family of Products" means all current and former Siebel-branded
4  Software and related Software and Support Materials.

5      22.     "Software" means computer programs, applications, environments, and
6  data that were designed, created, developed, sold, or otherwise provided by Oracle, including
7  those of the J.D. Edwards Family of Products, PeopleSoft Family of Products, Siebel Family of
8  Products, and Oracle Database Family of Products.

9      23.     "Software and Support Materials" and "Software or Support Materials"
10  mean software applications, environments and other installations, program updates, software
11  updates, bug fixes, patches, custom solutions, and instructional documents for any families of
12  software products provided by Oracle, including those of the J.D. Edwards Family of Products,
13  PeopleSoft Family of Products, Siebel Family of Products, and Oracle Database Family of
14  Products, regardless of whether any such materials were later modified by any Person, including
15  without limitation a customer or third-party support provider.

16      24.     The term "Source" means the origin and name of all Installation Media,
17  Software and Support Materials and/or existing Environment used to create an Environment
18  (including all Sources for any predecessor iterations or versions incorporated into an
19  Environment, if applicable), and further includes (1) the network or physical location(s) of the
20  Source at the time it was used; (2) the customer from which or on whose behalf you claim to
21  have obtained each Source (and, if you obtained a Source from Oracle, the website or media
22  from which it was obtained); and (3) the identity (by name) of any other Environment used as a
23  Source.

24      25.     "You," "Your," and "Rimini" means Rimini Street, Inc., and, where
25  applicable, any of its current or former officers, directors, or employees, and any of its
26  predecessors, successors, parents, subsidiaries, and affiliates.

27                              **INSTRUCTIONS**

28      26.     A party's full or abbreviated name or a pronoun referring to a party means

the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

27. The wording of any interrogatory does not constitute an admission of what the facts or evidence will ultimately show.

28. The following rules of construction shall apply to all interrogatories:
   a) the use of a word in its singular form shall be deemed to include within its use the plural form;
   b) the connectives "and" and "or" shall be construed either disjunctively or conjunctively, whichever makes the interrogatory, definition, or instruction more inclusive;
   c) the terms "any," and "each" shall be construed to encompass "all";
   d) the term "including" means "including but not limited to"; and,
   e) the use of the word "the" shall not be construed as limiting the scope of any interrogatory.

29. If You object to any interrogatory on the grounds of overbreadth, specifically state the manner in which it is overly broad and respond to the interrogatory as narrowed to conform to such objection.

30. In no event is any answer to be left blank. If the answer to the interrogatory is "none," "unknown," or "not applicable," such statement should be written in the answer.

31. Unless otherwise specified, the time period covered by these interrogatories is the time period beginning December 6, 2011.

32. These Interrogatories are to be considered continuing in nature, and You must promptly furnish supplemental responses if any additional responsive information is discovered or created after Your responses are tendered, or if any of Your responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

5
ORACLE'S FIRST SET OF INTERROGATORIES TO RIMINI STREET

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each of Your former and current customers for which you provide support or other services or products in connection with any of the Software and Support Materials since September 28, 2011, including the customer's product line, start date, end date (if applicable), active-inactive status, and the name the customer used when executing any contract in connection with any of the Software and Support Materials.

**INTERROGATORY NO. 2:**

Describe in detail the processes by which You (or anyone acting on Your behalf) design and develop fixes in the course of providing support services for the PeopleSoft Family of Products, including any changes to these processes over the time period from April 2011 to the present.

**INTERROGATORY NO. 3:**

Identify each Environment that has ever existed on any Identified Rimini Computer System or that Rimini has ever accessed in support of its current or past customers, including for each Environment the date created, the date deleted (if applicable), the name of the server and of any virtual machine where the Environment is or was installed, the Source of the Environment, and the name, version, and patch level of any and all associated Software and Support Materials.

**INTERROGATORY NO. 4:**

Describe in detail Your "migration" of all Oracle Software and Support Materials from any Identified Rimini Computer System to any other servers, including but not limited to customer servers and Cloud Computing Resources, as alleged in Rimini's First Amended Complaint ¶¶ 8-9.

**INTERROGATORY NO. 5:**

For all Oracle Software and Support Materials residing on any Identified Rimini Computer System, Identify the name, path, location, creation date, last access date, and MD5 hash of each related file.

**INTERROGATORY NO. 6:**

Identify all instances in which Rimini has distributed to a customer any protectable copyrightable expression in and from any Oracle Software and Support Materials or any portion thereof (by either physical media or electronic file transfer).

**INTERROGATORY NO. 7:**

Identify all instances in which Rimini has downloaded Oracle Software and Support Materials from any Oracle website, including but not limited to the date and time of the download, the Oracle Software and Support Materials downloaded, the credentials used, and the customer or potential customer on whose behalf you claim to have downloaded.

DATED: July 20, 2015                    MORGAN, LEWIS & BOCKIUS LLP


By: /s/ John A. Polito
John A. Polito
Attorneys for Counterclaimant Oracle America, Inc. and Defendant and Counterclaimant Oracle International Corporation

# CERTIFICATE OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105.

On July 20, 2015, I served the following document:

**COUNTERCLAIMANT ORACLE AMERICA, INC. AND DEFENDANT AND COUNTERCLAIMANT ORACLE INTERNATIONAL CORPORATION'S FIRST SET OF INTERROGATORIES TO COUNTERDEFENDANT AND PLAINTIFF RIMINI STREET, INC.**

I served the document on the persons below, as follows:

B. Trent Webb, Esq.
Peter Strand, Esq.
Ryan D. Dykal, Esq.
Lynn C. Herndon, Esq.
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd
Kansas City, MO 64108
*bwebb@shb.com*
*pstrand@shb.com*
*rdykal@shb.com*
*lherndon@shb.com*

James J. Pastore, Esq.
John S. Kiernan, Esq.
Debevoise & Plimpton
919 Third Avenue
New York, NY 10022
*jjpastore@debevoise.com*
*jskiernan@debevoise.com*

Robert H. Reckers, Esq.
Shook, Hardy & Bacon LLP
600 Travis St., Suite 3400
Houston, TX 77002
*rreckers@shb.com*

Jeffrey P. Cunard, Esq.
Debevoise & Plimpton
555 13th Street N.W.
Washington, DC 20004
*jpcunard@debevoise.com*

W. West Allen, Esq.
Lewis Roca Rothgerber LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV 89169
*wallen@lrrlaw.com*

The document was served pursuant to FRCP 5(b) by sending it by electronic mail. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I hereby certify that I am employed in the office of a member of the State Bar of California, admitted *pro hac vice* to practice before the United States District Court for the District of Nevada for this case, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.

Dated: July 20, 2015

/s/ Shirlyn Kim
Shirlyn Kim