BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
kringgenberg@bsfllp.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:  415.442.1000
Facsimile:  415.442.1001
thomas.hixson@morganlewis.com
kristen.palumbo@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>    Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation (collectively, "Oracle") submit this Reply To Rimini's Response To Oracle's Proposed Findings Of Fact in support of Oracle's Motion For Permanent Injunction Against Defendants Rimini Street, Inc. And Seth Ravin, For Disposition Of Infringing Copies, And For Judgment On Oracle's Unfair Competition Claim.

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| 1. | On February 15, 2010, Plaintiff Oracle USA, Inc., a Colorado corporation, merged with and into Sun Microsystems, Inc. Sun Microsystems, Inc., the surviving corporation, was then renamed "Oracle America, Inc." ("Oracle America").  Dkt. 528, Undisputed Fact ("UF") 1. | Undisputed. | |
| 2. | Plaintiff Oracle America is a Delaware corporation, with its principal place of business in Redwood City, California. Dkt. 528, UF 2. | Undisputed. | |
| 3. | Oracle America develops and licenses certain intellectual property, including copyrighted enterprise software programs, and provides related services.  Dkt. 528, UF 3. | Undisputed. | |
| 4. | Oracle America is the successor in interest to Oracle USA, and through Oracle USA is the successor to PeopleSoft USA, Inc. and a successor in interest to certain PeopleSoft, JD Edwards, and Siebel entities. Hereinafter, Oracle USA, Inc. and Oracle America, Inc. are referred to collectively as "Oracle America." Dkt. 528, UF 4 | Undisputed. | |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| 5. | Plaintiff Oracle International Company ("OIC," and together with Oracle America, "Oracle") is a California corporation, with its principal place of business in Redwood City, California. OIC owns and licenses certain intellectual property, including copyrighted enterprise software programs used around the world.  Dkt. 528, UF 5. | **Undisputed.** | |
| 6. | In December 2004, Oracle acquired PeopleSoft, including the PeopleSoft copyrighted materials in suit related to PeopleSoft Enterprise, JD Edwards Enterprise One and JD Edwards World, for $11.1 billion.  Trial Transcript ("Tr.")  957:15-22 (Catz). | **Undisputed.** | |
| 7. | In January 2006, Oracle acquired Siebel, including the Siebel copyrighted materials in suit, for $6.1 billion.  Dkt. 528, UF 39. | **Undisputed.** | |
| 8. | OIC is the owner or exclusive licensee for each of the copyright registrations-in-suit at issue in this case, and each of those registrations is valid.  Dkt. 528, UF 40-41. | **Undisputed.** | |
| 9. | Intellectual property rights formerly held by certain PeopleSoft, JD Edwards, and Siebel entities were transferred to OIC as part of the acquisitions of PeopleSoft and Siebel by Oracle.  Dkt. 528, UF 6. | **Undisputed.** | |
| 10. | As is typical in the enterprise software industry, Oracle does not sell ownership | **Undisputed.** | |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | rights to this software or the related support products Oracle provides to its paying customers.  Dkt. 528, UF 7 | | |
| 11. | Instead, Oracle's customers purchase licenses that grant them limited rights to use specific Oracle software programs.  Dkt. 528, UF 8. | **Undisputed.** | |
| 12. | Separate from the license to the underlying software, Oracle also enters into support contracts with its customers, which entitled them to receive, for an annual maintenance fee, software upgrades and software support, including fixes, patches and updates typically made available for download from Oracle's password-protected websites. Dkt. 528, UF 9. | **Undisputed.** | |
| 13. | Oracle's predecessors also sold both software licenses and support contracts for PeopleSoft, JD Edwards, and Siebel enterprise software. Dkt. 528, UF 10. | **Undisputed.** | |
| 14. | Defendant Rimini Street, Inc. is a company that provides similar software support services to licensees of Oracle's PeopleSoft, JD Edwards and/or Siebel software.  Dkt. 528, UF 11. | **Undisputed.** | |
| 15. | Rimini competes directly with Oracle to provide these services.  Dkt. 528, UF 12. | **Undisputed.** | |
| 16. | Defendant Seth Ravin is the founder, president and CEO of Rimini, as well as the former President of TomorrowNow, Inc., a subsidiary of SAP AG | **Undisputed.** | |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | ("TomorrowNow").  Tr. 240:9:15, 351:2-7 (Ravin). | | |
| 17. | Rimini launched its operations in September 2005, offering support services for Oracle's Siebel software.  Rimini conducted a pilot launch of its Siebel support in January 2006 and acquired its first Siebel customer in February 2006. Dkt. 528, UF 13. | **Undisputed.** | |
| 18. | Rimini expanded its support offering to Oracle's PeopleSoft products in April 2006 and to Oracle's JD Edwards products in September 2006.  Dkt. 528, UF 14. | **Undisputed.** | |
| 19. | Rimini contracted with 364 customers to provide support for PeopleSoft, JD Edwards, and/or Siebel enterprise software between 2006 and November 2011.  Dkt. 528, UF 15. | **Undisputed.** | |
| 20. | Each of Rimini's PeopleSoft, JD Edwards, and/or Siebel customers licensed PeopleSoft, JD Edwards and/or Siebel enterprise software from Oracle.  Dkt. 528, UF 16. | **Undisputed.** | |
| 21. | Rimini copied "massive amounts" of Oracle software and support materials, without ever obtaining any license from Oracle.  Tr. 165:12-16 (Davis); 302:3-4 (Ravin). | **Disputed in part.**<br><br>Rimini operated under the licenses of its clients, which the Court found it could assert as a defense in this action. Dkt. 474 at 8-10.  Rimini downloaded only what its clients were entitled to under their licenses.  Tr. 567:22-568:8, 728:12-22 (Ravin); Tr. 975:11-25 (Catz) ("Q. It could be thousands of files? A. It absolutely can be. Q. And the | **Not disputed.**<br><br>The cited testimony supports the finding of  "massive amounts."  Rimini does not dispute this fact in any meaningful way.<br><br>Rimini does not dispute that it copied Oracle software and never obtained a license from Oracle.<br><br>The judge and the jury found that Rimini had no license |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | | customer would be totally within its rights to download those materials; correct? A. Yes, as long as they're licensed for them, they may download them during their support contract."). Further, Mr. Ravin did not testify to the quantity of Oracle software and support material copied by Rimini. Tr. 302:3-4 (Ravin). | defense for any of the relevant products. Dkt. 896 at 1-3; Dkt. 474. Rimini's affirmative defense failed, and no longer creates a dispute.<br><br>Oracle disputes Rimini's assertion in response to Proposed Fact 21 that "Rimini downloaded only what its clients were entitled to under their licenses." The jury determined that Rimini was liable on all copyright infringement and computer access violation claims. Dkt. 896 (final jury verdict). The cited testimony from Ms. Catz does not support Rimini Street's response to Proposed Fact 21, as she was not shown to have sufficient knowledge of Rimini's downloading or of any client's particular, relevant license. |
| 22. | Rimini had "thousands and thousands" of copies of Oracle software on Rimini servers. Tr. 551:10-18 (Ravin). | **Undisputed.** | |
| 23. | Rimini created and used full working copies of the PeopleSoft, JD Edwards, and Siebel software as "environments" on Rimini's servers. Tr. 303:1-5, 320:13-321:2, 758:23-759:4, 760:8-15 (Ravin); 1146:5-17 (Chiu); 1757:14-1758:11 (Whittenbarger). | **Undisputed.** | |
| 24. | Rimini had at least 478 PeopleSoft, JD Edwards, and Siebel environments on its own computer systems. Dkt. 528, 19, 24, Exs. B & F (undisputed); Tr. 174:8-20 | **Undisputed.** | |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | (Davis). | | |
| 25. | Rimini has at least 216 environments on its servers that contain installed copies of Oracle Database. Dkt. 528, UF 25. | **Undisputed.** | |
| 26. | Each environment on Rimini's local systems constitutes a reproduction of one or more of the copyright registrations-in-suit. Dkt. 528, UF 24. | **Undisputed.** | |
| 27. | Many of Rimini's fixes for PeopleSoft software involved files that contained modified versions of Oracle's source code. Dkt. 528, UF 42. | **Undisputed.** | |
| 28. | All of the copies of and derivative works prepared from Oracle software and support materials that Rimini created and distributed to provide support were infringing. PTX 1458 (Dkt. 401), 5328 (Dkt. 5328) (stipulations); Jury Instruction 24, Dkt. 880 (final jury instructions); Dkt. 896 (verdict). | **Disputed in part.** Undisputed that the copies and derivative works addressed at trial or on summary judgment were found to infringe. Disputed to the extent this finding implies that any other copies or derivative works were found to be infringing. Also disputed to the extent the cited documents do not support the alleged fact. | **Not disputed.** Rimini provides no support for its assertion that non-infringing copies exist. Oracle requests that the Court disregard this portion of Rimini's response to Proposed Fact 28. |
| 29. | Rimini's PeopleSoft copies were unauthorized. Dkt. 474 (Order re Oracle's First Mot. for Part. Summ. J.) at 27-28; Dkt. 896 (verdict). | **Undisputed.** | |
| 30. | Rimini "stipulated to liability [for copyright infringement] as to the PeopleSoft software." Dkt. 766 at 19. | **Undisputed.** | |
| 31. | The City of Flint and Pittsburgh Public Schools licenses are representative of "the PeopleSoft license agreements for all of Rimini's PeopleSoft | **Undisputed.** | |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | customers."  Dkt. 599 at 1. | | |
| 32. | The PeopleSoft license expressly limits "copying the licensed software to only the [customer's] facilities" and "solely" for the customer's "internal data processing." Dkt. 474 at 11-13; 17-18. | **Undisputed.** | |
| 33. | Both licenses forbid Rimini to have PeopleSoft software or documentation on its systems.  PTX 698 at 5, § 16 (defined term "Software" includes documentation); id. at 1 § 1.1 ("Software" must be at customer's facilities); PTX 699 at 6 § 15 (defined term "Licensed Rights" includes both software and documentation); id. at 1 § 2.1(d) (customer may not "[d]istribute . . . to any third party any portion of the Licenses Rights"). | **Undisputed.** | |
| 34. | The Court granted summary judgment to Oracle on its copyright infringement claim as to Oracle Database.  Dkt 476 at 15-16. | **Undisputed.** | |
| 35. | Rimini's Siebel and JD Edwards copies were unauthorized.  Dkt. 896 (verdict). | **Undisputed.** | |
| 36. | This Court already found that the JD Edwards license for Giant Cement (PTX 704) and the Siebel license for Novell (PTX 705) permit copies for "archival" and "backup" purposes only.  Dkt. 474 at 22, 24. | **Disputed in part,** as incomplete.<br>The JD Edwards license for Giant Cement (PTX 704) and the Siebel license for Novell (PTX 705) permit copies for "archival ***needs and to support Users***," and "***archive or emergency*** backup ***purposes or disaster recovery and related testing …***" purposes only.  Dkt. 474 at 21, 23. | **Not disputed in relevant part.**<br>Rimini's response misstates the Court's prior Order.  With respect to Giant Cement, the Court in the cited Order construed the license to allow only "having a copy of the software on Rimini's systems for archival purposes . . . so long as Rimini does not access the software's source code." |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | | **Fed. R. Evid. 106** | Dkt. 474 at 22.  With respect to Novell, the Court in the cited Order construed the license to allow only "for archival and/or back-up copies of the software on a third-party system."  Dkt. 474 at 24. |
| 37. | Mr. Allison's testimony established that those licenses were representative of the JD Edwards and Siebel licenses generally, as both companies "used form license agreements."  Tr. 1117:25-1118:5, 1118:15-19 (Allison). | **Disputed in part.**<br>Undisputed that this was Mr. Allison's testimony.  Disputed to the extent it is Mr. Allison's opinion and does not establish that these licenses were "representative."<br><br>**Fed. R. Evid. 702** (Improper expert opinion) | **Not disputed.**<br>Rimini's Fed. R. Evid. 702 objection was not made during trial and is thus waived.<br>Oracle has properly cited witness testimony that supports this fact, and Rimini has cited no evidence in the record to dispute this fact.<br>In addition, PTX 5466 (FRE 1006 Summary:  Summary of Siebel and J.D. Edwards Customer License Terms) was admitted into evidence without objection and corroborates Mr. Allison's testimony. |
| 38. | Licenses gave the customer the right "[t]o reproduce, exactly as provided by [Oracle], a reasonable number of copies of the [software] solely for archive or emergency back-up purposes or disaster recovery and related testing."  Dkt. 474 at 23 (quoting PTX 705, § 2.1(iv)). | **Undisputed.** | |
| 39. | That provision can only be satisfied if Rimini's copies are for "us[e] exclusively for archival and back-up purposes, and related testing, as directly contemplated by Section 2.1(iv)."  Dkt. 474 at | **Disputed,** on the same grounds as 36. | **Not disputed in relevant part.**<br>Oracle's quotation is accurate.<br>Oracle incorporates by reference its reply in support |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | 24 n.20. | | of Proposed Fact 36. |
| 40. | Copies only fit that definition when they are created as "inherently an unmodified copy of the software for use in the event that the production copy of the software (the copy used on a customer's systems) is corrupted or lost." Dkt. 474 at 11 (emphasis supplied). In "complete contrast" to that permitted backup copy, a software copy that is "modifiable (or already modified)" is outside the scope of the license. Id. | **Undisputed.** | |
| 41. | Rimini "used all of the software," including all its "Siebel software" and "JDE software" in its "work for customers." Tr. 303:1-5 (Ravin); Tr. 364:3-8 (Ravin) (all environments on Rimini's systems were "used in order to support customers" and for "troubleshooting"). | **Disputed in part**. Mr. Ravin's cited testimony was specific to Siebel environments, not *all* environments. Tr. 364:3-8 (Ravin). Further, Mr. Ravin testified he did not know how the Siebel environments were used. Tr. 364:10-13 (Ravin). | **Not disputed.** Oracle's quotations are accurate. Proposed Fact 41 is further supported by the jury's determination that Rimini was liable on all copyright infringement claims. Dkt. 896 (final jury verdict). |
| 42. | Rimini's Siebel environments were "designed" at the outset for, among other uses, "testing and development." Tr. 318:19-22 (Ravin); Tr. 1146:5-25 (Chiu) (Siebel copies "used to provide support"); Tr. 758:23-759:4 (Ravin) (same); Tr. 1754:8-15 (Whittenbarger) (Siebel copies used for training); PTX 1461 (Chiu discussing customer Caterpillar (Siebel) "[w]e reclarified how our support model is based on building up an in-house lab environment with a vanilla [not customized] fix-master [environment to test fixes | **Disputed in part.** Mr. Ravin testified he did not know how the Siebel environments were used. Tr. 321:3-6 (Ravin). | **Not disputed.** Oracle's quotations are accurate. Proposed Fact 42 is further supported by the jury's determination that Rimini was liable on all copyright infringement claims. Dkt. 896 (final jury verdict). |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | and patches] and a customized replica of their dev/test environment would enable us to maximize our responsiveness to them"). Tr. 3034:3-7 (Chiu). | | |
| 43. | Ravin likewise confirmed that JD Edwards environments were for "testing and development" and for "diagnostics and support." Tr. 321:1-6, 760:8-15 (Ravin). | **Disputed in part.** Mr. Ravin testified he did not know how the JD Edwards environments were used. Tr. 321:1-6 (Ravin). | **Not disputed.** Oracle's quotations are accurate. Proposed Fact 43 is further supported by the jury's determination that Rimini was liable on all copyright infringement claims. Dkt. 896 (final jury verdict). |
| 44. | Ravin explained Rimini's troubleshooting process: "you're taking the software, you're playing with it to see if you can figure out what's going wrong, what the customer had called in and reported." Tr. 364:24-365:1 (Ravin). | **Undisputed.** | |
| 45. | Rimini's copies of Oracle software were "general development test environments" or "generic environment[s]" otherwise used for testing, development, support, and troubleshooting. Tr. 320:8-18, Tr. 367:2-8 (Ravin); Tr. 367:18-23 (Ravin) (Rimini would use Customer A's software to troubleshoot for Customer B); Tr. 1146:5-25 (Chiu) (explaining that Rimini's internal Siebel environments were "used to provide support for those clients that provided us their software"); Tr. 3186:13-3187:4 (Slepko) (Siebel local environments were used to assist clients with their problems); Tr. 1754:8-15 | **Disputed,** as overbroad and incomplete. Rimini creates unique and independent environments for each client that has customized code. Tr. 597:2-11 (Ravin). **Fed. R. Evid. 106** | **Not disputed.** As to JD Edwards and Siebel, Rimini objects repeatedly that Mr. Ravin "did not know how the . . . environments were used," citing Tr. 321:1-6 (Ravin). Either Mr. Ravin's testimony cited here does not support Rimini's response to Proposed Fact 45 with respect to JD Edwards and Siebel, or Rimini's responses to Proposed Facts 41-43 are improper. Oracle objects, pursuant to Fed. R. Evid. 402, that the testimony cited by Rimini, Tr. 597:2-11 (Ravin), is not relevant and is so vague as to be incomprehensible. Rimini provides no |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | (Whittenbarger) (Siebel environment used for internal training); Tr. 1757:14-1758:5 (Whittenbarger) (Rimini "set up environments to troubleshoot issues"); Tr: 2043:22-2044:21 (Blackmarr) (use of Customer A's software to support Customer B); PTX 181 (June 2009 installation of JD Edwards was "to be used for any configuration, testing and development required"); PTX 186 at 2 (Chiu explaining "I am planning a JDE install for Medtronic's Support system"); PTX 190 (JD Edwards environments associated with specific customers continued to be created through February 2010), PTX 33 ("Rimini would build out a [] [JD Edwards] environment to support the[] [customer]"); PTX 310 (Siebel environments used for troubleshooting); PTX 744 (same). | | competent support for its assertion that Rimini creates unique and independent environments for each client that has customized code. Oracle requests that the Court disregard this portion of Rimini's response to Proposed Fact 45. |
| 46. | An environment used for testing, development, or troubleshooting is not a backup because you "don't touch" a backup.  Tr. 180:9-22, 182:16-183:4 (Davis). | **Disputed in part.**<br><br>Undisputed that this is the cited testimony.  Disputed to the extent this "fact" is a legal conclusion, and cites only to the testimony of Oracle expert Dr. Davis.<br><br>**Fed. R. Evid. 702** (Improper expert opinion) | **Not disputed.**<br><br>Rimini's Fed. R. Evid. 702 objection was not made during trial and is thus waived.<br><br>Dr. Davis properly applied his scientific expertise at trial to explain and contrast these technical terms.  The cited testimony provides all necessary predicates for this finding of fact.<br><br>To the extent that the Court deems Proposed Fact 46 to require a legal conclusion, Oracle request that the Court so conclude. |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | | | |
| 47. | An "archive" or "backup": a "copy . . . put on a physically different place," on a "separate disk" or otherwise "put aside."  Tr. 180:5-181:17, 182:16-24 (Davis); see also Tr. 362:21-363:23 (Ravin) (discussing archives shipped to customers on DVDs or USB drives and backups on tape drives). | **Disputed in part.**<br><br>Undisputed that this is the cited testimony.  Disputed to the extent this "fact" is a legal conclusion, and cites only to the testimony of Oracle expert Dr. Davis and testimony from Mr. Ravin that does not support the ultimate conclusion.<br><br>**Fed. R. Evid. 702** (Improper expert opinion) | **Not disputed.**<br><br>Rimini's Fed. R. Evid. 702 objection was not made during trial and is thus waived.<br><br>Dr. Davis properly applied his scientific expertise at trial to explain and contrast these technical terms.  The cited testimony provides all necessary predicates for this finding of fact.<br><br>To the extent that the Court deems Proposed Fact 47 to require a legal conclusion, Oracle request that the Court so conclude. |
| 48. | Backups are stored on tapes or other storage, unmodified. Tr. 730:4-11 (Ravin); Tr. 180:5-181:17, 182:16-24 (Davis). | **Disputed in part.**<br><br>Disputed to the extent this "fact" is a legal conclusion, and cites only to the testimony of Oracle expert Dr. Davis and testimony from Mr. Ravin that does not support the ultimate conclusion.  Further disputed to the extent Mr. Ravin did not testify the backups were stored unmodified.  Tr. 730:4-11 (Ravin).<br><br>**Fed. R. Evid. 702** (Improper expert opinion) | **Not disputed.**<br><br>Rimini's Fed. R. Evid. 702 objection was not made during trial and is thus waived.<br><br>Rimini's dispute as to whether Mr. Ravin's cited testimony supports Proposed Fact 48 is not a dispute of Proposed Fact 48.<br><br>To the extent that the Court deems Proposed Fact 48 to require a legal conclusion, Oracle request that the Court so conclude. |
| 49. | Copies used for troubleshooting, support, testing, or development are not backups.  Tr. 180:5-181:17, 182:16-24 (Davis). | **Disputed in part.**<br><br>Undisputed that this is the cited testimony.  Disputed to the extent this "fact" is a legal conclusion, and cites only to the testimony of Oracle expert Dr. Davis.<br><br>**Fed. R. Evid. 702** (Improper | **Not disputed.**<br><br>Rimini's Fed. R. Evid. 702 objection was not made during trial and is thus waived.<br><br>Dr. Davis properly applied his scientific expertise at trial to explain and contrast these technical terms.  The cited testimony provides all |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | | expert opinion) | necessary predicates for this finding of fact.<br><br>To the extent that the Court deems Proposed Fact 49 to require a legal conclusion, Oracle request that the Court so conclude. |
| 50. | Rimini created additional in-memory copies, called RAM copies, every time it started up or ran Oracle software. Tr. 184:3-185:4 (Davis). | **Undisputed.** | |
| 51. | Rimini's unlicensed copying included widespread "cross-use" of Oracle software.  Tr. 799:6-16 (Ravin). | **Disputed in part,** as overbroad.<br><br>Mr. Ravin did not testify to the quantity of "cross-use."  Tr. 799:6-16 (Ravin). | **Not disputed.**<br><br>Ravin admitted at trial cross-use occurred "all the time." Tr. 552:1-13 (Ravin). |
| 52. | After previously denying cross-use, Ravin admitted at trial cross-use occurred "all the time."  Tr. 552:1-13 (Ravin). | **Disputed.**<br><br>Oracle cites to no support for "previously denying cross-use," and has not shown or explained what "cross-use" means.<br><br>**Vague and ambiguous.** | **Not disputed.**<br><br>Rimini's objection to use of the term "cross-use" is untimely, given that it was used without objection by both parties throughout this case and during trial.  Rimini also adopts the term "cross-use" in its response to Proposed Fact 57. |
| 53. | Rimini's cross-use included unlicensed "cloning" of Oracle software (copying an environment created ostensibly for one customer for another customer).  Tr. 371:5-9, 374:12-15, 777:22-24 (Ravin); 1365:23-1366:14, 1381:1-8 (Williams); 192:22-193:7, 196:25-197:25, 198:24-199:11 (Davis); PTX 439; PTX 1491A; PTX 3507 at 31. | **Disputed in part.**<br><br>Undisputed that Rimini cloned certain Oracle software on its systems.  Disputed to the extent Oracle has not shown or explained what "cross-use" means.<br><br>**Vague and ambiguous.** | **Not disputed.**<br><br>Rimini's objection to use of the term "cross-use" is untimely, given that it was used without objection by both parties throughout this case and during trial.  Rimini also adopts the term "cross-use" in its response to Proposed Fact 57. |
| 54. | On many occasions, Rimini used one customer's environment to support other customers.  Tr. 2232:2- | **Disputed in part.**<br><br>Mr. Benge did not testify to the frequency that Rimini used one | **Not disputed.**<br><br>Ravin admitted at trial cross-use occurred "all the time." |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | 2233:23 (Benge). | customer's environment to support other customers.  Tr. 2232:2-2233:23 (Benge). | Tr. 552:1-13 (Ravin). |
| 55. | Rimini used unlicensed "development" environments to create updates and fixes for multiple customers.  Tr. 320:2-7 (Ravin); 202:18-203:3, 204:2-205:10 (Davis); PTX 5429 | **Undisputed.** | |
| 56. | Rimini "reused [] all the time" by taking an update or fix that Rimini created for one customer and using it for and distributing it to another customer, including using Oracle's copyrighted code, changing it and distributing it to multiple Rimini customers.  Tr. 552:1-552:5, 809:19-810:13 (Ravin); 2232:2-2233:23 (Benge). | **Disputed.**<br><br>Mr. Benge did not testify to the frequency that Rimini used one customer's environment to support other customers.  Tr. 2232:2-2233:23 (Benge). | **Not disputed.**<br><br>Ravin admitted at trial cross-use occurred "all the time." Tr. 552:1-13 (Ravin). |
| 57. | On many occasions, Rimini used one customer's software to troubleshoot issues other customers were having.  Tr. 367:18-23 (Ravin); 2043:22-2044:21 (Blackmarr). | **Disputed in part,** as overbroad.<br><br>In the cited testimony, Ms. Blackmarr was discussing "testing," not troubleshooting. Further, Ms. Blackmarr testified that Rimini would cross-use for testing purposes if the customers were "binary equal, exactly the same code." Tr. 2044:8. | **Not disputed.**<br><br>Oracle's summary of the testimony is accurate, and the assertion that two different customers had "exactly the same code" does not refute that they were different customers.<br><br>Oracle disputes Rimini's assertion in response to Proposed Fact 57 that Rimini would cross-use for testing purposes if the customers were "binary equal, exactly the same code."  Rimini's 30(b)(6) designee as to six specific fixes agreed that cross-use for testing happened for customers with "similar code."  1675:1-15 (B. Lester).  That is a far looser standard than "binary equal." |
| 58. | Rimini used the code in one | **Disputed in part,** as | **Not disputed.** |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | customer environment to write a detailed design document to be used with other clients.  Tr. 1656:20-1661:4 (Grigsby). | overbroad. <br><br> Mr. Grigbsy was testifying only with respect to J.D. Edwards. | That the software was J.D. Edwards does not in any way refute the proposed fact. |
| 59. | Rimini also used Oracle copyrighted support material as part of a sales presentation to customers.  Tr. 1662:16-1668:7 (Grigsby). | **Disputed in part.** <br><br> Mr. Grigsby used Oracle support material to prepare a J.D. Edwards presentation to give to Rimini's sales team. The cited testimony does not establish that this presentation was presented to customers. Tr. 1662:16-1668:7 (Grigsby). | **Not disputed in relevant part.** <br><br> The cited testimony states that this presentation was prepared for the sales team to use to compete against Oracle, which is the material point in this fact. |
| 60. | Rimini stored Oracle support materials in non-client-specific folders.  Tr. 1155:18-21 (Hicks). | **Disputed in part.** <br><br> Undisputed that this occurred. Disputed to the extent the finding implies this was a common practice or was performed for the entire period-at-issue. | **Not disputed.** <br><br> Rimini's objections to possible implications of Proposed Fact 60 are not objections to Proposed Fact 60. |
| 61. | Rimini used support documentation downloaded on behalf of one customer to rephrase the information and distribute it to other Rimini clients whose Oracle support was expired.  PTX 236; Tr. 188:8-189:15 (Davis). Rimini created "extracts" that Rimini gave its customers so that unlicensed copies that were shared amongst customers.  Rimini told customers that it was creating separate extracts for each customer, but Rimini was using one customer's log-in, starting with a faux customer, Leads Customers Growth, to copy all materials from Oracle's websites and then copying disks that Rimini distributed to multiple customers.  Tr. 333:9-334:3, 335:12-16 (Ravin); 1160:15-1161:10 | **Disputed in part.** <br><br> Leads Customer Growth was a Siebel licensee with an active support agreement during the relevant timeframe.  Tr. 335:8-11 (Ravin). <br><br> Rimini worked as a consultant to Leads Customer Growth's overall implementation plan. Tr. 342:18-23. <br><br> Also disputed to the extent that all of the customers receiving such materials were entitled to them under their agreements with Oracle. | **Not disputed.** <br><br> Rimini's response introduces irrelevant facts that do not dispute Proposed Fact 61. <br><br> Oracle objects to the phrase "during the relevant timeframe" in Rimini's response to Proposed Fact 61.  The cited testimony refers only to Leads Customer Growth's alleged status as a Siebel licensee on July 10, 2006.  *See* 334:13-17 (Ravin).  Oracle requests that the Court disregard this portion of Rimini's response to Proposed Fact 61. <br><br> Rimini provides no support for its assertion that Oracle licensees are permitted pursuant to those licenses to receive infringing or unlawfully obtained copies of Oracle software and support materials.  Oracle |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | (Hicks); PTX 7. | | requests that the Court disregard this portion of Rimini's response to Proposed Fact 61. |
| 62. | Rimini's "software library" was massive.  PTX 10; Tr. 166:9-20 (Davis); 242:1-3, 242:14-20 (Ravin.) | **Disputed in part.**<br><br>Mr. Ravin did not testify to the quantity of Oracle software and support material copied by Rimini. Tr. 302:3-4 (Ravin). Further disputed to the extent the citations do not support the alleged fact. | **Not disputed.**<br><br>PTX 10 shows that the software library was massive. |
| 63. | Ravin approved copying to that library (PTX 4 at 3-4; PTX 5), which included software and documentation for all of the products at issues:  PeopleSoft, JD Edwards, Siebel, and Database.  Tr. 167:5-10 (Davis); Tr. 1756:6-1757:8 (Whittenbarger); PTX 8; PTX 9; PTX 10; PTX 223. | **Undisputed.** | |
| 64. | Rimini downloaded PeopleSoft and JD Edwards materials into the library before Rimini even had any clients licensed for those products.  Tr. 289:5-10 (Ravin); PTX 4; PTX 5; PTX 6. | **Undisputed.** | |
| 65. | Rimini did not keep track of how that library was used or audit the library, and Rimini deleted that library shortly before Oracle filed this lawsuit.  Tr. 170:24-171:10 (Davis); Tr. 421:18-20, 422:21-423:4 (Ravin). | **Undisputed.** | |
| 66. | Rimini also used customer log-ins to download massive amounts of materials, for multiple clients, including materials customers were not authorized to download.  Tr. 1751:4-16 (Whittenbarger); | **Disputed.**<br><br>Cited testimony does not support alleged fact. | **Not disputed.**<br><br>The Proposed Fact is a fair inference from the cites testimony and document. |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | PTX 7. | | |
| 67. | Oracle's Terms of Use prohibited access using automated tools since at latest February 19, 2007. PTX 19; Tr. 864:9-865:5, 867:16-869:15 (Allison); 480:24-481:5 (Ravin). | **Undisputed.** | |
| 68. | Ravin and others at Rimini read and knew about those restrictions and understood that they precluded automated downloading. PTX 20; Tr. 480:10-14, 824:25-825:16 (Ravin). | **Undisputed.** | |
| 69. | Ravin then made the decision to use those automated tools "despite those changes."  Tr. 482:11-19, 726:20-24 (Ravin); PTX 21, PTX 22, PTX 27. | **Undisputed.** | |
| 70. | Rimini used "automated" downloading tools that Ravin and Rimini knew were not authorized.  Tr. 479:3-15, 769:9-10, 769:22-25 (Ravin); 1140:17-20 (Chiu). | **Disputed in part.**<br><br>Undisputed that Mr. Ravin authorized the use of automated tools.  Disputed to the extent the "fact" is a legal conclusion. | **Not disputed.**<br><br>To the extent that the Court deems Proposed Fact 70 to require a legal conclusion, Oracle requests that the Court so conclude. |
| 71. | Rimini was trying to stay under "the radar" (PTX 621), but Oracle eventually discovered the downloading due to Rimini's "massive download volumes" (PTX 42). | **Undisputed.** | |
| 72. | Rimini's automated downloading tools caused Rimini at times to make more requests to Oracle's Knowledge Base system than all other worldwide users of that system combined, including for periods of November 2008. Tr. 1167:8-1168:2 (Hicks). | **Undisputed.** | |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| 73. | In periods from November 2008 through January 2009, Rimini accessed Oracle's systems and used automated downloading tools from up to twelve virtual machines concurrently.  Tr. 1169:17-1170:2 (Hicks). | **Undisputed.** | |
| 74. | In November 2008, Rimini downloaded from Oracle's systems at times from ten virtual machines concurrently "pretty much around the clock" to obtain materials for XO Communications.  Tr. 1170:19-1171:6; PTX 46 at 2. | **Undisputed.** | |
| 75. | Rimini received written notice that its automated downloading was not permitted and was harming Oracle's systems and Rimini employees worried that Oracle was "onto us from massive download volumes." PTX 42 at 1. | **Undisputed.** | |
| 76. | Rimini wrote to Oracle in response to the notice:  "I understand our current methodology creates issues with CPU utilization on Oracle's servers."  PTX 482 at 3. | **Undisputed.** | |
| 77. | Oracle blocked Rimini IP addresses in response to Rimini's downloading, and Rimini "obtained some additional fixed IP addresses" to circumvent Oracle's IP blocks and continue downloading.  Tr. 771:19-772:7 (Ravin); Tr. 1175:17-1176:3 (Hicks); Tr. 1232:8-20 (Baron). | **Disputed in part.**<br><br>Disputed to the extent this "fact" mischaracterizes Rimini's actions.  Mr. Baron testified that they obtained additional IP addresses "So that we could continue the extract that we were attempting to get for XO Communications, an extract they were entitled to get."  Tr. 1232:17-20 (Baron). | **Not disputed.**<br><br>Rimini's dispute as to whether Mr. Baron's cited testimony supports all or only a portion of Proposed Fact 77 is not a dispute of Proposed Fact 77. |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| 78. | Rimini employees also used their home, residential IP addresses to attempt to evade Oracle's detection and avoid Oracle's IP blocking.  PTX 46 at 4 ("Started downloading the attachments. . . . (from my house and not using the download VMs) but got blocked after about 2,000 attachments"); Tr. 1232:21-1233:14 (Baron). | **Disputed in part.** Undisputed that a Rimini employee used his residential internet connection to access Oracle's website.  Disputed to the extent the cited testimony does not support that he did so to "evade Oracle's detection" or "avoid Oracle's IP blocking." | **Not disputed.** The Proposed Fact is a fair inference from the cited testimony. |
| 79. | Rimini used the IDs for multiple customers to "crawl" Oracle's website, causing more than 184,000 deadlocks.  Tr. 1180:19-1181:4 (Hicks). | **Disputed in part.** Undisputed that Rimini performed downloads for multiple customers.  Disputed to the extent that the "fact" is a legal conclusion supported only by the testimony of Mr. Hicks.  Further disputed to the extent that Rimini caused these deadlocks; in fact, Oracle admitted that many deadlocks were not caused by Rimini. Tr. 1218:22-1219:3 (Renshaw) ("Q. Now, is it true that you had seen deadlocks that were not caused by Rimini Street? A. Yes."). **Fed. R. Evid. 702** (Improper expert opinion) | **Not disputed.** Rimini's Fed. R. Evid. 702 objection was not made during trial and is thus waived. Rimini's observation that other deadlocks have occurred is completely irrelevant to whether Rimini caused the deadlocks analyzed by Mr. Hicks, and thus does not dispute Proposed Fact 79. Proposed Fact 79 is further supported by the jury's determination that Rimini was liable on all computer access violation claims. Dkt. 896 (final jury verdict). To the extent that the Court deems Proposed Fact 79 to require a legal conclusion, Oracle request that the Court so conclude. |
| 80. | Rimini's unauthorized access using automated tools from November 2008 through January 2009 harmed Oracle's systems, causing slowdowns, errors, and deadlocks, and crashed Oracle's server.  Tr. 1172:9-15, 1174:5-1175:1, 1179:9-23 (Hicks); 1201:14- | **Disputed in part.** Undisputed that Rimini used automated tools in November 2008 to January 2009, and that this is the testimony of Oracle's expert.  Disputed to the extent the "fact" contains legal conclusions. | **Not disputed.** Rimini's Fed. R. Evid. 702 objection was not made during trial and is thus waived. To the extent that the Court deems Proposed Fact 80 to require a legal conclusion, Oracle request that the Court |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | 1202:11; 1210:5-1211:10 (Renshaw); PTX 665; PTX 669. | **Fed. R. Evid. 702** (Improper expert opinion) | so conclude. |
| 81. | Rimini's unauthorized access using automated tools rendered Oracle's Knowledge Management system completely unavailable for four and a half hours in January 2009. Tr. 1211:8-10 (Renshaw); PTX 669. | **Disputed in part.**<br><br>Undisputed that Rimini used automated tools in November 2008 to January 2009, and Oracle's Knowledge Management system experienced downtime in January 2009 for four and a half hours. Disputed to the extent the "fact" contains legal conclusions.<br><br>**Fed. R. Evid. 702** (Improper expert opinion) | **Not disputed.**<br><br>Rimini's Fed. R. Evid. 702 objection was not made during trial and is thus waived.<br><br>To the extent that the Court deems Proposed Fact 81 to require a legal conclusion, Oracle request that the Court so conclude. |
| 82. | Rimini's use of automated tools to access Oracle's systems "harmed Oracle significantly." Tr. 1168:23-1169:2 (Hicks). | **Disputed.**<br><br>There was no server impairment as a result of Rimini's use of automated tools. Tr. 2296:2-7 (Klausner). | **Not disputed.**<br><br>Proposed Fact 82 is further supported by the jury's determination that Rimini was liable on all computer access violation claims. Dkt. 896 (final jury verdict). |
| 83. | Oracle's Terms of Use forbid using any entity's credentials for the benefit of any entity other than the entity to which the credentials were issued. PTX 19. | **Disputed in part.**<br><br>Undisputed that Oracle's Terms of Use address user credentials. Disputed to the extent this "fact" is a legal conclusion. | **Not disputed.**<br><br>What appears on the face of Oracle's Terms of use is a question of fact, does not require a legal conclusion, and is supported by the evidence Oracle cited.<br><br>"You agree that access to Customer Connection, including access to the support case function, will be granted only to your designated Oracle technical support contacts and that the Materials rnay be used only in support of your authorized use of the Oracle programs for which you hold a supported license from . . . Materials may not be used to provide services for or to |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | | | third parties and may not be shared with or accessed by third parties." PTX 19.<br><br>To the extent that the Court deems Proposed Fact 83 to require a legal conclusion, Oracle requests that the Court so conclude. |
| 84. | Rimini did not abide by this restriction on the use of credentials.  PTX 8; Tr. 289:22-291:19, 333:9-334:3, 335:12-16 (Ravin); Tr. 1601:10-1602:24 (Leake); Tr. 1738:2-18 (Holmes); Tr. 2011:15-2013:5 (Blackmarr); 1160:15-1161:10 (Hicks); PTX 7; PTX 236; Tr. 188:8-189:15 (Davis). | **Disputed in part**, on the same grounds as 83. | **Not disputed.**<br><br>Oracle incorporates by reference its reply in support of Proposed Fact 84. |
| 85. | Rimini's copyright infringement and computer access violations allowed it to charge substantially less than Oracle charged for support:  often 50% or less of what Oracle charged.  Tr. 207:10-16 (Davis); Tr. 1940:6-1942:6; 1950:16-1951:12 (Dean). | **Disputed.**<br><br>Rimini's ability to offer support services for 50% less than Oracle was not a result of any copyright infringement and computer access violations.  Tr. 2663:11-2664:16 (Zorn). | **Not disputed in relevant part.**<br><br>The Proposed Fact is supported by the cited testimony.  The cited testimony by Zorn stated that local hosting and automated downloading did not enable Rimini to charge 50% or less of what Oracle charged, but the cross-use of software between customers was the principal source of this efficiency, was determined by the Court and the jury to be infringement, and Zorn's testimony omits any mention of it. |
| 86. | Rimini's copyright infringement and computer access violations allowed it to gain scale quickly, with minimal effort and investment.  Tr. 443:4-445:6 (Ravin); Tr. 1702:18-1703:22 (Yourdon); Tr. 1453:22-1476:6 (Maddock). | **Disputed.**<br><br>Mr. Ravin and Mr. Maddock did not testify that Rimini's copyright infringement and computer access violations allowed it to gain scale quickly, with minimal effort and investment. | **Not disputed.**<br><br>Mr. Ravin specifically, testified that scalability was part of Rimini's goal and Rimini's plan was to get the high-multiples valuation of a software company while avoiding the investment required to write original software. Tr. 443:4-445:6 |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | | | (Ravin).<br>Rimini's dispute as to whether Mr. Ravin's and Mr. Maddock's cited testimony support all or only a portion of Proposed Fact 86 is not a dispute of Proposed Fact 86. |
| 87. | By purporting to offer vendor-level support at half the price or less of Oracle support and creating the impression that Oracle was overcharging for support, Rimini eroded "the bonds and the trust that [Oracle] ha[d] with [its] customers." "For the customers [Oracle] lost, it totally broke the relationship." By breaking these relationships, customers were also less likely to purchase other Oracle products. Tr. 948:17-949:8, 934:14-936:11 (Catz); DTX 146. | **Disputed.**<br>Cited testimony is only opinion of Oracle employee Ms. Catz.<br><br>**Fed. R. Evid. 701** (Improper opinion testimony)**, 702** (Improper expert opinion). | **Not disputed.**<br>Rimini's Fed. R. Evid. 701 and 702 objections were not made during trial and are thus waived. |
| 88. | A customer who moves to Rimini for support may later find that its systems are out of date. Tr. 935:18-936:3 (Catz); Tr. 1571:11-1573:6 (Screven). | **Disputed.**<br>Cited testimony is the opinion of Oracle employees Ms. Catz and Mr. Screven.<br><br>**Fed. R. Evid. 701** (Improper opinion testimony)**, 702** (Improper expert opinion). | **Not disputed.**<br>Rimini's Fed. R. Evid. 701 and 702 objections were not made during trial and are thus waived. |
| 89. | By creating uncertainty and distrust in the marketplace, Rimini's copyright infringement and computer access violations caused Oracle to "hav[e] to work extra hard to keep the customers [Oracle] ha[d]" due to the injury to Oracle's goodwill and reputation. Tr. 948:17-949:12 (Catz). As well, customers who left Oracle support for Rimini | **Disputed.**<br>Cited testimony is the opinion of Oracle employee Ms. Catz.<br><br>**Fed. R. Evid. 701** (Improper opinion testimony)**, 702** (Improper expert opinion). | **Not disputed.**<br>Rimini's Fed. R. Evid. 701 and 702 objections were not made during trial and are thus waived. |

Case No. 2:10-cv-0106-LRH-PAL

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | support were less likely to license additional software of any type from Oracle. *Id.* | | |
| 90. | Rimini continued its infringing activities through at least February 2014. Tr. 751:7-15 (admission by counsel for Rimini). Rimini claims to have changed certain of its infringing behaviors after the Court granted partial summary judgment to Oracle on its copyright claims. Tr. 754:9-13 (colloquy with the Court). | **Undisputed.** | |
| 91. | Rimini created local environments and prepared and distributed derivative works from those environments for years after SAP and TomorrowNow conceded liability for copyright infringement and after TomorrowNow pled guilty to criminal copyright infringement. See Dkt. 823-6 (civil stipulation discussing local environments on TomorrowNow's computer systems); Dkt. 823-5 (guilty plea discussing local environments on TomorrowNow's computer systems). | **Disputed in part.** Disputed to the extent this implies that Rimini had knowledge of these facts, which Oracle has not established. **Fed. R. Evid. 403** (unduly prejudicial and irrelevant; implies a contradiction with jury's finding of innocent infringement). | **Not disputed.** On November 7, 2011, Rimini filed its Emergency Motion for Protective Order Regarding Customer Depositions. *See* Dkt. 191 (redacted). In its Motion, Rimini "request[ed] that the Court enter an order precluding Oracle from questioning Rimini Street's current and former customers regarding all plea agreements, jury verdicts, or stipulations from litigation involving TomorrowNow, specifically, *Oracle USA, Inc., et al. v. SAP AG, et al.*, 07-CV-1658 PJH (N.D. Cal.) and the *United States of America v. TomorrowNow, Inc.*, No CR 11-00642 PJH (N.D. Cal.)." Dkt. 191 at 1. Rimini cannot now take the position that Rimini had no knowledge of the facts contained within the documents that it moved to exclude or the dates on which those documents were filed. The jury reached its verdict of innocent infringement |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | | | after exclusion of certain evidence regarding TomorrowNow and after Oracle's proposed Jury Instruction concerning TomorrowNow and CedarCrestone was rejected, over Oracle's objection. *See* Tr. 3287:3-3293:8 (argument on Oracle's proposed TomorrowNow and CedarCrestone instruction); Tr. 3342:23-3345:24 (denial of Oracle's proposed instruction).  Oracle respectfully preserves its objections to those exclusions and to the denial of that instruction.<br><br>The jury's verdict is not inconsistent with Proposed Fact 91, given that the civil stipulation and guilty plea are properly before the Court but were not presented to the jury.  Introduction of these documents is neither prejudicial nor unfair. |
| 92. | Before trial, Rimini claimed that a software library never existed at Rimini Street. PTX 5332 (March 29, 2010 Answer) at ¶ 34 (denying existence of software library); PTX 1482 (June 16, 2011 Answer) at ¶ 34 (same). | **Disputed in part.**<br><br>In its *Rimini I* Complaint, Oracle stated that "This case is about the massive theft of Oracle's software," and alleged that Rimini would download "entire families of software (e.g., PeopleSoft, JDE, or Siebel that the customers does not license and for which it has no use."  Dkt. 1 at 3:6-9.  Oracle further alleged that "the scope of the downloaded Software and Support Materials – across multiple libraries in multiple lines of business – for customers that had no license to take, or need for, those products, suggests that Rimini | **Not disputed.**<br><br>Oracle objects, pursuant to Fed. R. Evid. 402, that the testimony cited by Rimini, Tr. 245:18-19 (Ravin), is not relevant and is so vague as to be incomprehensible. |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | | Street took the Software and Support Materials to stockpile a library to support its present and prospective customers." Dkt. 1 ¶ 50, Dkt. 36 ¶ 59, and Dkt. 146 ¶ 60.<br><br>In its Answer, Rimini admitted to having Oracle materials on its servers, explaining that, "as a matter of process and procedure, Rimini Street's clients are only delivered the Oracle Software and Support Materials to which they are legally entitled." Dkt. 30 at 9:11-13. Rimini's Answer then referred back to Oracle's language describing the alleged "library" of illegally stockpiled materials and stated that *"[s]uch a 'library'* has never existed at Rimini Street ..." Dkt. 30 at 9:24-27 (emphasis added).<br><br>At trial, Mr. Ravin testified that he believed these statements to be true, explaining that the denial of having "such a 'library'" at Rimini Street in the Answer referred back to how Oracle was using this term in its Complaint. *See, e.g.*, Tr. 245:18-19. | |
| 93. | At trial, Ravin claimed that Rimini's software library was not really a library, Tr. 247:7-12, that it was only "installation media," Tr. 255:6-9, 565:9-11, and that it was only PeopleSoft, Tr. 247:14-20. | **Disputed in part**, on the same grounds as **92**. | **Not disputed.**<br><br>Oracle incorporates by reference its reply in support of Proposed Fact 92. |
| 94. | Before trial, Rimini's 30(b)(6) designee, Senior Vice President Brian Slepko, and Ravin each flatly denied in depositions ever using one customer's environment to | **Disputed in part.**<br><br>Disputed to the extent this "fact" conflates testimony regarding Rimini's processes for "vanilla" environments with processes used for | **Not disputed.**<br><br>The cited testimony from Ms. Lester does not contain the terms "vanilla" or "custom," and does not discuss development. *See* Tr. |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | develop or test updates for other customers. Tr. 804:25-805:5 (Ravin); 3173:1-3174:3 (Slepko). | "custom" environments. *See, e.g.*, Tr. 1675:5-11 (Beth Lester); Tr. 2043-2045 (Blackmarr); Tr. 2980-2983 (Baggett). | 1675:5-11.<br><br>The cited testimony from Mr. Baggett does not contain the term "custom," and the term "vanilla" appears only in portions stricken from the record, Tr. 2980:5-2981:9 (Baggett), or in counsel's questions. Furthermore, Mr. Baggett could at most testify about his perception of Rimini's work for Bausch & Lomb.<br><br>Rimini provides no competent support for any statement concerning or any distinction between "vanilla" environments or "custom" environments. Oracle requests that the Court disregard this portion of Rimini's response to Proposed Fact 94. |
| 95. | At trial, Ravin admitted that Rimini used one customer environment to develop or test updates for other customers "all the time." Tr. 552:1-5 (Ravin). | **Disputed in part**, on the same grounds as 94. | **Not disputed.**<br><br>Rimini's response to Proposed Fact 94 has no relationship to Proposed Fact 95.<br><br>Oracle incorporates by reference its reply in support of Proposed Fact 94. |
| 96. | Rimini filed its declaratory action regarding its allegedly new business model on October 15, 2014. Decl. of John A. Polito in Supp. of Mot. ("Polito Decl.") ¶ 3 & Ex. A. Oracle filed its Counterclaims on February 17, 2015, alleging copyright infringement and additional claims. Id. ¶ 4 & Ex. B. | **Undisputed** | |
| 97. | To date, Rimini has failed to produce a complete list of its customers, a complete list of environments that it has | **Disputed in part.**<br><br>Rimini has produced or agreed to produce to Oracle, *in Rimini I*, supplemental discovery that | **Not disputed.**<br><br>Rimini cites to no evidence that, in this matter ("*in Rimini I*"), it has agreed to |

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response | Oracle's Reply |
|---|---|---|---|
| | created or used, a complete list of the fixes and updates that it has distributed, and a complete list of its downloads, despite Oracle's discovery requests.  Polito Decl. ¶¶ 5-8 & Ex. C. | includes a complete list of its customers, a complete list of environments that it has created or used at the time of disclosure.  Rimini and Oracle have further agreed upon a schedule for the production of the referenced items. | make further discovery productions.  Rimini provides no competent support for its response.  Oracle requests that the Court disregard Rimini's response to Proposed Fact 97. |
| 98. | To date, Rimini has declined to provide any information regarding its "migration" from its infringing business model to its allegedly new business model.  Polito Decl. ¶ 5-6, 9 & Ex. C.[1] | **Disputed.**<br><br>Rimini has produced extensive documentation describing its revised processes.  Further, Rimini's discovery responses in *Rimini II* include descriptions of its revised processes, its migration to those processes, as well as an agreement to produce documents from which the answer(s) to Oracle's "migration" interrogatory can be ascertained. | **Not disputed.**<br><br>Rimini submits no evidence to support its assertions. |

DATED:  November 9, 2015

Morgan, Lewis & Bockius LLP

By:_____/s/ Thomas S. Hixson_____
Thomas S. Hixson
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation

---

[1] The citation has been corrected to cite paragraph 9 of the Polito Declaration, rather than paragraph 8.

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT

## CERTIFICATE OF SERVICE

I hereby certify that on the 9 day of November, 2015, I electronically transmitted the foregoing ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

DATED:  November 9, 2015

Morgan, Lewis & Bockius LLP


By:_____/s/ Thomas S. Hixson_____
Thomas S. Hixson
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation

ORACLE'S REPLY TO RIMINI'S RESPONSE TO ORACLE'S PROPOSED FINDINGS OF FACT