SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
wallen@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone:  (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF RULE 50(b) RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Judge:      Hon. Larry R. Hicks |

Gibson, Dunn & Crutcher LLP

Pursuant to Federal Rule of Evidence 201, Defendants Rimini Street, Inc. and Seth Ravin (collectively, "Rimini") respectfully request that this Court take judicial notice of the following documents:

1. California S.B. 255, as introduced on January 28, 1987, obtained from the Legislative Intent Service as part of the legislative history of S.B. 255. A true and correct copy of this document is attached hereto as **Exhibit 1**.

2. California Senate Committee on Judiciary Bill Analysis of S.B. 255 as introduced, 1987-1988 Regular Session, obtained from the Legislative Intent Service as part of the legislative history of S.B. 255. A true and correct copy of this document is attached hereto as **Exhibit 2**.

3. California Senate Bill Analysis of S.B. 255, as introduced on Feb. 27, 1987, obtained from the Legislative Intent Service as part of the legislative history of S.B. 255. A true and correct copy of this document is attached hereto as **Exhibit 3**.

4. March 11, 1987 memorandum from Deputy District Attorney Stephen Plafker, directed to Steve Zehner, proposing changes to S.B. 255, obtained from the Legislative Intent Service as part of the legislative history of S.B. 255. A true and correct copy of this document is attached hereto as **Exhibit 4**.

5. California Assembly Committee on Public Safety Bill Analysis of S.B. 255, for a June 1, 1987 hearing, obtained from the Legislative Intent Service as part of the legislative history of S.B. 255. A true and correct copy of this document is attached hereto as **Exhibit 5**.

6. Nevada Assembly Committee on Judiciary Minutes from Apr. 22, 1983 meeting discussing A.B. 133, obtained from the Nevada Legislature Research Library staff. A true and correct copy of this document is attached hereto as **Exhibit 6**.

Judicial notice is appropriate for adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

1    A court "must take judicial notice if a party requests it and the court is supplied with the necessary

2    information." *Id.* 201(c)(2).

3         "Legislative history is properly a subject of judicial notice." *Anderson v. Holder*, 673 F.3d

4    1089, 1094 n.1 (9th Cir. 2012); *see Assoc. des Eleveurs de Canards et d'Oies du Quebec v. Harris*,

5    729 F.3d 937, 945 (9th Cir. 2013) (taking judicial notice of a California Senate bill analysis); *see also*

6    *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (taking judicial notice of California

7    legislative history).

8         The documents listed above relate directly to the matters at issue in this case.  They are part of

9    the legislative history of the enactments of the California and Nevada anti-hacking statutes.   The

10   documents are in the public record and are capable of accurate and ready determination by resort to

11   sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b)(2).

12        Rimini therefore respectfully requests that this Court take judicial notice of the documents

13   listed above and attached hereto.

14

15   DATED:        November 13, 2015          GIBSON, DUNN & CRUTCHER LLP

16                                            By:    *Blaine H. Evanson*
                                                     Blaine H. Evanson
17                                            *Attorneys for Defendants*

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2015, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: __*Blaine H. Evanson*_____
        Blaine H. Evanson

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*

RIMINI'S REQUEST FOR JUDICIAL NOTICE I/S/O RULE 50(B) MOTION

Gibson, Dunn &
Crutcher LLP