# Exhibit 1

# SENATE BILL

No. 255

Introduced by Senator Davis

January 28, 1987

An act to repeal and add Section 502 of the Penal Code, relating to crimes.

LEGISLATIVE COUNSEL'S DIGEST

SB 255, as introduced, Davis. Computers.

Existing law provides that it is a public offense to engage in certain unlawful activities with regard to a computer system, computer network, computer program, and computer data.

Existing law also allows the owner or lessee of computer systems, networks, programs, or data to maintain a civil action against any person convicted of violating the criminal provisions for compensatory damages.

This bill would substantially recast existing law. It would expand the scope of the prohibited activity, as specified, thereby imposing a state-mandated local program. It would also revise the definitions of that law. The bill, in addition to continuing to authorize a civil action, would provide that upon a conviction of a person, and following a hearing to determine property rights to the items involved, the items seized, as the result of a warrant or incident to an arrest, may be destroyed by the sheriff as contraband or turned over to the county in which the person was convicted or be distributed to any other public entity or nonprofit corporation in any manner deemed appropriate by the court. To the extent that it would increase the level of services required of local government by requiring the sheriff pursuant to court order to destroy certain computer-related items, it would create a state-mandated local program.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for

LEGISLATIVE INTENT SERVICE   (800) 666-1917



99 60

**LIS-1a**

SB 255

— 2 —

making that reimbursement, including the creation of a State Mandates Claims Fund to pay the costs of mandates which do not exceed $500,000 statewide and other procedures for claims whose statewide costs exceed $500,000.

This bill would provide that for certain costs no reimbursement is required by this act for a specified reason.

However, the bill would provide that, if the Commission on State Mandates determines that this bill contains other costs mandated by the state, reimbursement for those costs shall be made pursuant to those statutory procedures and, if the statewide cost does not exceed $500,000, shall be payable from the State Mandates Claims Fund.

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: yes.

*The people of the State of California do enact as follows:*

1 SECTION 1. This act shall be known and may be
2 cited as the "Comprehensive Computer Data Access and
3 Fraud Act."
4 SEC. 2. Section 502 of the Penal Code is repealed.
5 502. (a) For purposes of this section:
6 (1) "Access" means to instruct, communicate with,
7 store data in, or retrieve data from, a computer system or
8 computer network.
9 (2) "Computer system" means a device or collection
10 of devices, excluding pocket calculators which are not
11 programmable and capable of being used in conjunction
12 with external files, one or more of which contain
13 computer programs and data, that performs functions,
14 including, but not limited to, logic, arithmetic, data
15 storage and retrieval, communication, and control.
16 (3) "Computer network" means an interconnection of
17 two or more computer systems.
18 (4) "Computer program" means an ordered set of
19 instructions or statements, and related data that, when
20 automatically executed in actual or modified form in a
21 computer system, causes it to perform specified
22 functions.
23 (5) "Data" means a representation of information,

SB 255

— 3 —

1 knowledge, facts, concepts, or instructions, which are
2 being prepared or have been prepared, in a formalized
3 manner, and are intended for use in a computer system
4 or computer network.
5 (6) "Financial instrument" includes, but is not limited
6 to, any check, draft, warrant, money order, note,
7 certificate of deposit, letter of credit, bill of exchange,
8 credit or debit card, transaction authorization
9 mechanism, marketable security, or any computer
10 system representation thereof.
11 (7) "Property" includes, but is not limited to, financial
12 instruments, data, computer programs, documents
13 associated with computer systems and computer
14 programs, or copies thereof, whether tangible or
15 intangible, including both human and computer system
16 readable data, and data while in transit.
17 (8) "Services" includes, but is not limited to, the use of
18 the computer system, computer network, computer
19 programs, or data prepared for computer use, or data
20 contained within a computer system, or data contained
21 within a computer network.
22 (b) Any person who intentionally accesses or causes to
23 be accessed any computer system or computer network
24 for the purpose of (1) devising or executing any scheme
25 or artifice to defraud or extort, or (2) obtaining money,
26 property, or services with false or fraudulent intent,
27 representations, or promises, is guilty of a public offense.
28 (c) Any person who maliciously accesses, alters,
29 deletes, damages, destroys or disrupts the operation of
30 any computer system, computer network, computer
31 program, or data is guilty of a public offense.
32 (d) Any person who intentionally and without
33 authorization accesses any computer system, computer
34 network, computer program, or data, with knowledge
35 that the access was not authorized, shall be guilty of a
36 public offense. This subdivision shall not apply to any
37 person who accesses his or her employer's computer
38 system, computer network, computer program, or data
39 when acting within the scope of his or her employment.
40 (e) Any person who violates any provision of

 LEGISLATIVE INTENT SERVICE   (800) 666-1917

SB 255

— 5 —

1 ~~court may award attorney's fees to a prevailing plaintiff, is~~
2 ~~(h) This section shall not be construed to preclude the~~
3 ~~applicability of any other provision of the criminal law of~~
4 ~~this state which applies or may apply to any transaction.~~
5    SEC. 3.  Section 502 is added to the Penal Code, to
6 read:
7    502.  (a)  It is the intent of the Legislature in enacting
8 this section to expand the degree of protection afforded
9 to individuals, businesses, and governmental agencies
10 from tampering, interference, damage, and
11 unauthorized access to lawfully created computer data
12 and computer systems. The Legislature finds and
13 declares that the proliferation of computer technology
14 has resulted in a concomitant proliferation of computer
15 crime and other forms of unauthorized access to
16 computers, computer systems, and computer data.
17    The Legislature further finds and declares that
18 protection of the integrity of all types and forms of
19 lawfully created computers, computer systems, and
20 computer data is vital to the protection of the privacy of
21 individuals as well as to the well-being of financial
22 institutions, business concerns, governmental agencies,
23 and others within this state that lawfully utilize those
24 computers, computer systems, and data.
25    (b)  For the purposes of this section, the following
26 terms have the following meanings:
27    (1)  "Access" means to gain entry to, instruct, or
28 communicate with the logical, arithmetical, or memory
29 function resources of a computer, computer system, or
30 computer network.
31    (2)  "Computer network" means two or more
32 computer systems connected by telecommunication
33 facilities.
34    (3)  "Computer program or software" means a set of
35 instructions or statements, and related data, that when
36 executed in actual or modified form, cause a computer,
37 computer system, or computer network to perform
38 specified functions.
39    (4)  "Computer services" includes, but is not limited
40 to, computer time, data processing, or storage functions,

SB 255

— 4 —

1 ~~subdivision (b) or (c) unless specified otherwise, is~~
2 ~~punishable by a fine not exceeding ten thousand dollars~~
3 ~~($10,000), or by imprisonment in the state prison for 16~~
4 ~~months, or two or three years, or by both such fine and~~
5 ~~imprisonment, or by a fine not exceeding five thousand~~
6 ~~dollars ($5,000), or by imprisonment in the county jail not~~
7 ~~exceeding one year, or by both such fine and~~
8 ~~imprisonment.~~
9 ~~(f) (1) A first violation of subdivision (d) which does~~
10 ~~not result in injury is an infraction punishable by a fine~~
11 ~~not exceeding two hundred fifty dollars ($250).~~
12 ~~(2) A violation of subdivision (d) which results in an~~
13 ~~injury, or a second or subsequent violation of subdivision~~
14 ~~(d) with no injury, is a misdemeanor punishable by a fine~~
15 ~~not exceeding five thousand dollars ($5,000), or by~~
16 ~~imprisonment in the county jail not exceeding one year,~~
17 ~~or by both such fine and imprisonment.~~
18 ~~(g) As used in this subdivision, "injury" means any~~
19 ~~alteration, deletion, damage, or destruction of a~~
20 ~~computer system, computer network, computer~~
21 ~~program, or data caused by the access, or any~~
22 ~~expenditure reasonably and necessarily incurred by the~~
23 ~~owner or lessee to verify that a computer system,~~
24 ~~computer network, computer program, or data was not~~
25 ~~altered, deleted, damaged, or destroyed by the access.~~
26 ~~(g) In addition to any other civil remedy available, the~~
27 ~~owner or lessee of the computer system, computer~~
28 ~~network, computer program, or data may bring a civil~~
29 ~~action against any person convicted under this section for~~
30 ~~compensatory damages, including any expenditure~~
31 ~~reasonably and necessarily incurred by the owner or~~
32 ~~lessee to verify that a computer system, computer~~
33 ~~network, computer program, or data was not altered,~~
34 ~~damaged, or deleted by the access. For the purposes of~~
35 ~~actions authorized by this subdivision, the conduct of an~~
36 ~~unemancipated minor shall be imputed to the parent or~~
37 ~~legal guardian having control or custody of the minor,~~
38 ~~pursuant to the provisions of Section 1714.1 of the Civil~~
39 ~~Code.~~
40 ~~In any action brought pursuant to this subdivision, the~~

 LEGISLATIVE INTENT SERVICE    (800) 666-1917

— 7 —

1 or obtain money, property, data, or services.
2 (2) Knowingly accesses and without permission takes,
3 copies, or makes use of any data from a computer,
4 computer system, or computer network, or takes or
5 copies any supporting documentation, whether existing
6 or residing internal or external to a computer, computer
7 system, or computer network.
8 (3) Knowingly and without permission uses or causes
9 to be used computer services.
10 (4) Knowingly accesses and without permission adds,
11 alters, damages, deletes, or destroys any data, computer
12 software, or computer programs which reside or exist
13 internal or external to a computer, computer system, or
14 computer network.
15 (5) Knowingly and without permission disrupts or
16 causes the disruption of computer services or denies or
17 causes the denial of computer services to an authorized
18 user of a computer, computer system, or computer
19 network.
20 (6) Knowingly and without permission provides or
21 assists in providing a means of accessing a computer,
22 computer system, or computer network in violation of
23 this section.
24 (7) Knowingly and without permission accesses or
25 causes to be accessed any computer, computer system, or
26 computer network.
27 (d) (1) Any person who violates any of the provisions
28 of paragraph (1), (2), (4), or (5) of subdivision (c) is
29 punishable by a fine not exceeding ten thousand dollars
30 ($10,000), or by imprisonment in the state prison for 16
31 months, or two or three years, or by both that fine and
32 imprisonment, or by a fine not exceeding five thousand
33 dollars ($5,000), or by imprisonment in the county jail not
34 exceeding one year, or by both that fine and
35 imprisonment.
36 (2) Any person who violates paragraph (3) of
37 subdivision (c) is punishable as follows:
38 (A) For the first violation which does not result in
39 injury, and where the value of the computer services
40 used does not exceed four hundred dollars ($400), by a

---

— 6 —

1 or other uses of a computer, computer system, or
2 computer network.
3 (5) "Computer system" means a device or collection
4 of devices, including support devices and excluding
5 calculators which are not programmable and capable of
6 being used in conjunction with external files, one or more
7 of which contain computer programs, electronic
8 instructions, input data, and output data, that performs
9 functions including, but not limited to, logic, arithmetic,
10 data storage and retrieval, communication, and control.
11 (6) "Data" means a representation of information,
12 knowledge, facts, concepts, computer software,
13 computer programs or instructions. Data may be in any
14 form, in storage media, or as stored in the memory of the
15 computer or in transit or presented on a display device.
16 (7) "Supporting documentation" includes, but is not
17 limited to, all information, in any form, pertaining to the
18 design, construction, classification, implementation, use,
19 or modification of a computer, computer system,
20 computer network, computer program, or computer
21 software, which information is not generally available to
22 the public and is necessary for the operation of a
23 computer, computer system, computer network,
24 computer program, or computer software.
25 (8) "Injury" means any alteration, deletion, damage,
26 or destruction of a computer system, computer network,
27 computer program, or data caused by the access, or any
28 expenditure reasonably and necessarily incurred by the
29 owner or lessee to verify that a computer system,
30 computer network, computer program, or data was or
31 was not altered, deleted, damaged, or destroyed by the
32 access.
33 (c) Except as provided in subdivision (i), any person
34 who commits any of the following acts is guilty of a public
35 offense:
36 (1) Knowingly accesses and without permission alters,
37 damages, deletes, destroys, or otherwise uses any data,
38 computer, computer system, or computer network in
39 order to either (A) devise or execute any scheme or
40 artifice to defraud or deceive, or (B) wrongfully control

SB 255

— 8 —

1 fine not exceeding five thousand dollars ($5,000), or by
2 imprisonment in the county jail not exceeding one year,
3 or by both that fine and imprisonment.
4 (B) For any violation which results in injury or for any
5 second or subsequent violation, by a fine not exceeding
6 ten thousand dollars ($10,000), or by imprisonment in the
7 state prison for 16 months, or two or three years, or by
8 both that fine and imprisonment, or by a fine not
9 exceeding five thousand dollars ($5,000), or by
10 imprisonment in the county jail not exceeding one year,
11 or by both that fine and imprisonment.
12 (3) Any person who violates paragraph (6) or (7) of
13 subdivision (c) is punishable as follows:
14 (A) For a first violation which does not result in injury,
15 an infraction punishable by a fine not exceeding two
16 hundred fifty dollars ($250).
17 (B) For any violation which results in injury or for a
18 second or subsequent violation, by a fine not exceeding
19 ten thousand dollars ($10,000), or by imprisonment in the
20 state prison for 16 months, or two or three years, or by
21 both that fine and imprisonment, or by a fine not
22 exceeding five thousand dollars ($5,000), or by
23 imprisonment in the county jail not exceeding one year,
24 or by both that fine and imprisonment.
25 (e) (1) In addition to any other civil remedy
26 available, the owner or lessee of the computer, computer
27 system, computer network, computer program, or data
28 may bring a civil action against any person convicted
29 under this section for compensatory damages, including
30 any expenditure reasonably and necessarily incurred by
31 the owner or lessee to verify that a computer system,
32 computer network, computer program, or data was or
33 was not altered, damaged, or deleted by the access. For
34 the purposes of actions authorized by this subdivision, the
35 conduct of an unemancipated minor shall be imputed to
36 the parent or legal guardian having control or custody of
37 the minor, pursuant to the provisions of Section 1714.1 of
38 the Civil Code.
39 (2) In any action brought pursuant to this subdivision
40 the court may award reasonable attorney's fees to a

SB 255

— 9 —

1 prevailing party.
2 (f) This section shall not be construed to preclude the
3 applicability of any other provision of the criminal law of
4 this state which applies or may apply to any transaction.
5 (g) This section applies only to public offenses
6 committed on or after January 1, 1988. It is the intent of
7 the Legislature that this section be given no retroactive
8 effect and persons who commit a violation of the
9 provisions of Section 502 in effect prior to January 1, 1988,
10 shall be held responsible therefor.
11 (h) Any computer, computer system, computer
12 program, instrument, apparatus, device, plans,
13 instructions, or written publication used in the
14 commission of any public offense described in subdivision
15 (c) may be seized under warrant or incident to a lawful
16 arrest. Upon the conviction of a person for a violation of
17 subdivision (c), and following a hearing to determine
18 property rights to the items involved, the seized
19 computer, computer system, computer program,
20 instrument, apparatus, device, plans, instructions, or
21 written publication, if owned or controlled by the person
22 so convicted, or owned or controlled by a person or entity
23 that knowingly allowed the use of the seized items in the
24 commission of any offense described in subdivision (c)
25 and that person or entity was notified of the hearing
26 described in this subdivision, provided their identity was
27 known, may be destroyed as contraband by the sheriff of
28 the county in which the person was convicted or turned
29 over to the county in which the person was convicted for
30 use by the county or for distribution to any other public
31 entity or nonprofit corporation in any manner deemed
32 appropriate by the court.
33 (i) Subdivision (c) does not apply to any person who
34 accesses his or her employer's computer system,
35 computer network, computer program, or data when
36 acting within the scope of his or her employment.
37 SEC. 4. No reimbursement is required by this act
38 pursuant to Section 6 of Article XIII B of the California
39 Constitution for those costs which may be incurred by a
40 local agency or school district because this act creates a





**SB 255**

— 10 —

1 new crime or infraction, changes the definition of a crime
2 or infraction, changes the penalty for a crime or
3 infraction, or eliminates a crime or infraction.
4    However, notwithstanding Section 17610 of the
5 Government Code, if the Commission on State Mandates
6 determines that this act contains other costs mandated by
7 the state, reimbursement to local agencies and school
8 districts for those costs shall be made pursuant to Part 7
9 (commencing with Section 17500) of Division 4 of Title
10 2 of the Government Code. If the statewide cost of the
11 claim for reimbursement does not exceed five hundred
12 thousand dollars ($500,000), reimbursement shall be
13 made from the State Mandates Claims Fund.

LEGISLATIVE INTENT SERVICE   (800) 666-1917