Exhibit 3

## BILL ANALYSIS

*AG'O Office*

BILL NO. SB 255                    ANALYST   R. R. Granucci
AUTHOR   Senator Davis             DATE      February 27, 1987
DATE LAST AMENDED_____   TELEPHONE (415) 557-1959

I.   **SUMMARY OF EXISTING LAW**

California's current computer crime statute, Penal Code
section 502, sets forth in subd. (a) a series of
definitions of computer systems, data, networks, etc.
Subd. (b) prohibits the use of a computer system to
devise or execute a scheme to devise or defraud, or to
steal money or services.  Subd. (c) makes it a crime to
maliciously access, alter, disrupt, etc. any computer
system, program or data (computer "vandalism").
Subd. (d) covers unauthorized access or "hacking."

Subds. (e) and (f) provide penalties.  Violation of
subd. (b) or (c) is alternatively punishable as a felony
or a misdemeanor; a first violation of subd. (d) which
does not cause injury is punishable as an infraction
while a second violation or one that causes injury is
punishable as a misdemeanor.  Subd. (g) permits any
victim to bring a civil action with provisions for
parental liability and attorney's fees and subd. (h)
disclaims any intent to preempt prosecution under other
provisions of the criminal law.

Thus, section 502 in its current form does four things.
It (1) defines terms, (2) declares conduct to be
criminal, (3) specifies punishment and (4) provides for
collateral civil remedies.

II.  **SUMMARY OF BILL**

SB 255 totally repeals and then reenacts section 502.  A
savings clause is included to prevent the abatement of
prosecutions under the present law.

The new section 502 follows the same general format as
the current law; i.e., definitions, crimes, punishments
and collateral remedies, but makes significant changes
in each of these areas.

### Definitions

The definitions in the new section are broader and
directed more to computer users than to lawyers.  Newly
defined terms include "supporting documentation" and
"injury."



<div style="writing-mode: vertical-rl">LEGISLATIVE INTENT SERVICE    (800) 666-1917</div>

-1-

SP14

## Crimes

Subd. (c) of the new bill sets out seven species of crimes and reaches conduct that is not covered under present law.  The crimes are (1) the access, alteration, destruction, etc. of a computer system, program, network or data to devise or execute a scheme to defraud, or to obtain wrongfully or control property or money by false pretenses; (2) taking or copying data; (3) unauthorized use of computer services; (4) accessing, altering, damaging, etc. data, software, programs or supporting documentation, in other words, vandalism; (5) disrupting or causing the denial of computer service to an authorized user; (6) providing or assisting in the providing of a means for unauthorized access; and (7) unauthorized access, or "hacking."  This last provision is essentially a simple trespass law; in substance, it simply replicates current law.

SB 255 retains the provision in present law which provides a defense "to any person who accesses his or her employer's computer system [etc.] . . . when acting within the scope of his or her employment."

This provision in the present version of section 502 has not, to my knowledge, proven to be a source of difficulty for prosecutors.  It is intended to exclude any employee whose good faith use of the employer's computer may be in technical violation of his job specifications.  Examples might include an attorney who, without permission from the supervisor in his firm's word processing department, uses the equipment after normal working hours to prepare a pleading, or an employee who uses electronic mail to send a short personal message.  In many instances, employers tacitly overlook such conduct either because they feel it's not worth bothering about or in the belief that employees' enhancement of their computer skills works to the employer's long-term benefit.

Significantly, the mental elements of "intentional" and "malicious" in the current section 502 are replaced with "knowingly" and "without authorization."  Thus, the mental element under the new bill is general criminal intent, rather than malice.  This single change will definitely make the statute easier for affected persons to understand as well as aiding its enforcement.





LEGISLATIVE INTENT SERVICE   (800) 666-1917

SP 15

### Punishment

Punishments generally remain the same as under current law; i.e., alternative felony or misdemeanor punishments are provided for most violations, the maximum felony punishments being 16 months, two or three years, the maximum fine being $10,000. A first violation of subd. (e)(3), theft of services, is punishable as a misdemeanor if no injury results and the value of the stolen services is less than $400. Repeat violations, or those which cause injury or involve more than $400 worth of service are alternatives punishable as felonies.

### Collateral Remedies

The collateral remedy provisions of the present law are substantially reenacted. The attorney's fees provision in the present section 502(g) is changed from "prevailing plaintiff" to "prevailing party." A new provision permits computer equipment used in violation of the law to be seized and destroyed as contraband, or turned over to a public agency or nonprofit corporation as deemed appropriate by the court.

III.   BACKGROUND INFORMATION

SB 255 is essentially a fine-tuned version of a bill authored by Senator Davis last year which narrowly failed to pass. That bill, SB 1786, was approved in principle by our office and was endorsed by the CDAA.

IV.   RECOMMENDATION

Consistent with last year's position, we should approve SB 255 in principle.

APPROVED: _John H. Sugiyama_

_John H. Sugiyama_



(800) 666-1917   LEGISLATIVE INTENT SERVICE

SP16