# Exhibit 5

Date of Hearing:  June 1, 1987                                        SB 255
Counsel:          DeeDee D'Adamo

ASSEMBLY COMMITTEE ON PUBLIC SAFETY
Larry Stirling, Chair

SB 255 (Davis) - As Amended: May 21, 1987

PRIOR ACTION:  Senate Judiciary:  7 ayes; 0 noes
               Senate Floor:      31 ayes; 0 noes

ISSUE:  I.   SHOULD PROVISIONS OF LAW REGARDING COMPUTER CRIMES BE REPEALED AND REDEFINED?

        II.  SHOULD THE PENALTIES BE INCREASED FOR ONE WHO KNOWINGLY AND WITHOUT PERMISSION ACCESSES A COMPUTER WHEN AN INJURY RESULTS?

        III. SHOULD FORFEITURE OF COMPUTER EQUIPMENT WHICH WAS USED TO COMMIT A COMPUTER CRIME BE AUTHORIZED?

DIGEST

Current law

1) Makes it an alternate felony/misdemeanor for one to intentionally access a computer for the purpose of defrauding.

2) Makes it an alternate felony/misdemeanor for one to maliciously access, alter, damage, or disrupt the operation of a computer system.

3) Makes it an infraction for one to intentionally and without authorization access a computer system. An act which results in injury and second offenses are punishable as an alternate felony/misdemeanor.

4) Defines computer terms, such as "computer program", "access", and "data".

5) Provides that the owner or lessee of a computer may bring a civil action for damages against one convicted of using his or her computer to commit a computer crime, and that such damages include expenditures incurred to verify that a computer was or was not altered, damaged, or deleted by the access.

6) Authorizes the court to award attorney's fees to a prevailing plaintiff in such civil actions.

This bill would:

1) Recast and redefine provisions of law relating to computer crimes.


LIS-9a

SB 255

2) Contain statements of legislative intent regarding the need to expand the provisions of law relating to computer crime.

3) Expand the definition of computer terms, and define additional computer terms, such as "supporting documentation" and "victim expenditure".

4) Provide that one who knowingly and without permission uses a computer is guilty of a misdemeanor for a first offense which does not result in injury and in which the value of the computer services does not exceed $400. Second offenses and first offenses which result in injury or in which the value of computer services is over $400 are punishable as an alternate felony/misdemeanor.

5) Increase the penalties for the unauthorized access of a computer.

6) Authorize the forfeiture, as specified, of a computer used to commit a computer crime.

7) Specify that for purposes of bringing a criminal action, a person who accesses a computer in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer in each jurisdiction.

COMMENTS

1) <u>Purpose</u>. According to the American Bar Association, as of June, 1984, 25% of America's largest companies suffer annual losses attributable to computer crime of between $145 and $730 million. This bill was developed by Los Angeles County's Computer Crime Task Force in order to provide for increased penalties for computer "hackers" and to provide standardized definitions of terms.

2) <u>Penalties</u>.

   a) <u>Bill Increases Penalties for "Hackers."</u> Under current law, one who accesses a computer is guilty of an infraction. Acts which result in injury and second offenses are punishable as misdemeanors. This bill would make acts which result in a victim expenditure (see comment 4j) of greater than $5,000 would be punishable as a misdemeanor or a felony.

   With respect to victim expenditures, the misdemeanor and felony penalty sections of this bill are both limited to injuries of greater than $5,000. Since there is no difference between these two sections, the bill should be amended to incorporate these provisions in the same section as alternative penalties, or to limit the misdemeanor provision to cases where the victim expenditure was <u>under</u> $5,000.

SB 255<br>Page 2

SB 255

b) <u>Penalties for Unauthorized Use</u>. This bill would make it a crime to knowingly and without permission use a computer including, for example, an employee who uses his or her computer or a colleague's computer to write a term paper. Such acts are punishable as a misdemeanor where no injury results and where the value of the computer services does not exceed $400. Second offenses, or first offenses where the value of the computer services exceeds $400 or where injury results are punishable as an alternate felony/misdemeanor.

c) <u>Other Computer Crimes</u>. All other computer crimes (see Digest #1 and #2) are punishable as an alternate felony/misdemeanor. These penalties are the same as under current law.

3) <u>Fines</u>. Generally, up to a $1,000 fine can be imposed for one convicted of a misdemeanor. This bill provides that persons convicted of a misdemeanor computer crime offense can be fined up to $5,000. A fine up to $10,000 can be imposed for persons convicted of a felony.

4) <u>Definitions of Terms</u>.

   a) <u>Access</u> is defined as gaining entry, instructing, or communicating with a computer.

   b) <u>Computer Network</u> is defined as two or more computer systems connected by telecommunication facilities.

   c) <u>Computer Program or Software</u> is defined as a set of instructions or statements which cause a computer to perform specified functions.

   d) <u>Computer services</u> is defined as computer time, data processing, storage functions or other uses of a computer.

   e) <u>Computer system</u> is defined as a device which contains computer programs, electronic instructions, input data, and output data, that performs such functions as logic, arithmetic, data storage and communication.

   f) <u>Data</u> is defined as a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions.

   g) <u>Supporting Documentation</u> is defined as all information pertaining to the design, construction, classification, implementation, use of a computer which is not generally available to the public and is necessary for the operation of a computer.

   h) <u>Injury</u> is defined as any alteration, deletion, damage, or destruction of a computer caused by the access.

LEGISLATIVE INTENT SERVICE   (800) 666-1917

SB 255

    i) <u>Victim expenditure</u> is defined as any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system was or was not altered or damaged by the access.

5) <u>Employee Misuse</u>. This bill exempts employees who were acting within the "scope of employment" from criminal liability. This provision would have the effect of authorizing an employee acting under the directive of his or her employer to access a computer in order to commit a fraud.

6) <u>Seizure and Forfeiture of Computers</u>. This bill would authorize law enforcement officers to seize computer equipment or plans or instructions used to commit a computer crime. This bill would authorize, upon conviction, the destruction of such items as contraband, or would authorize the sheriff of the county in which the person was convicted to use such items.

    a) <u>Opposition</u>. The American Civil Liberties Union believes that it is sufficient for a person to be convicted, fined and incarcerated, and that the provision which allows the computer to be acquired by the county is tantamount to a bounty.

    b) <u>Seizure Provisions Only Apply to Owners of Computer Equipment</u>. The seizure and forfeiture provisions of this bill only apply to owners of computer equipment who were either convicted of a computer crime or who allowed their equipment to be used in the commission of a computer crime.

        In order to clarify that a conviction is required, this bill should be amended to specify that the person who used the owner's equipment must be convicted before the forfeiture is authorized.

    c) <u>Hearing Required</u>. This bill would require a hearing to determine property rights before the seized computer equipment can be subject to forfeiture.

SOURCE:    Los Angeles County Board of Supervisors

SUPPORT:    None on file

OPPOSITION:    American Civil Liberties Union



LEGISLATIVE INTENT SERVICE   (800) 666-1917

SB 255
Page 4