SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
Lauren M. Blas (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
wallen@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S RULE 50(b) RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON ORACLE'S COPYRIGHT ACT CLAIMS**<br><br>Judge:   Hon. Larry R. Hicks |

Defendants Rimini Street, Inc. and Seth Ravin will and hereby do move for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure on Plaintiff Oracle International Corporation's claims under the Copyright Act, 17 U.S.C. § 106 et seq. There is no legal basis, or legally sufficient evidentiary basis, upon which liability or damages can be sustained or imposed on this claim or under the statute.

This motion is based upon this notice, the attached memorandum of points and authorities, all pleadings, files and records in this action, all testimony and evidence admitted at trial, and on such further argument and evidence as the Court may consider.[1]

DATED:   November 13, 2015          GIBSON, DUNN & CRUTCHER LLP


By:   *Blaine H. Evanson*
     Blaine H. Evanson

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

---

[1] For the convenience of the Court, Rimini is filing this motion separately from its Rule 50(b) motion on Oracle's computer hacking and Unfair Competition Law claims. Rimini notes that the combined page-length of the two motions is 30 pages, consistent with Local Rule 7-4.

# ARGUMENT

Rimini Street, Inc. is entitled to judgment as a matter of law on Oracle's copyright infringement claims because Rimini's clients' software licenses with Oracle expressly allow third-party support, and do not prohibit the processes Rimini used to support Oracle's licensees. Rimini recognizes that at summary judgment, and in connection with the jury instruction on Oracle's licenses, the Court rejected Rimini's interpretations of the licenses, and Rimini does not wish to burden the Court with further briefing on those issues. Accordingly, Rimini incorporates by reference the arguments presented in opposition to summary judgment (*e.g.*, Dkts. 266, 441) and in connection with the jury instructions (*e.g.*, Dkts. 617, 766, 773, 868). Rimini submits that if the licenses were interpreted as Rimini argues is proper, then based on the undisputed evidence presented at trial, Rimini is entitled to judgment of non-infringement as a matter of law.

Oracle's licensees (who are also Rimini's support service clients) are expressly permitted by their license agreements to use third-party support, and are also permitted to allow their support vendors to make a reasonable number of copies of the software on their servers for archival or backup purposes, or broadly to "use" the software as permitted by the license. *See* Dkt. 266 at 13-16, 19-20; Dkt. 441 at 8-16. And as Oracle's expert admitted at trial, copying is the "natural and unavoidable consequence" of *any* "access and use" of the software. *See* 9/15 Tr. 184:10-19 ("If you actually want to use the program, it has to be copied into what's called the RAM, the Random Access Memory, in your computer. … So you have to literally make a copy of the program sitting on your disk and put that copy into RAM. This is just a natural and unavoidable consequence of trying to run any program. Every time you run the program, you're making a RAM copy.").

In addition, Rimini respectfully submits that the Court's interpretation of the licenses to prohibit Oracle's customers from housing Oracle's software on a server beyond the four walls of the customer's business is incorrect, and ignores the realities of modern computing in a manner not supported by a proper reading of the licenses. *E.g.*, 9/17 Tr. 574:7-25 ("[W]hen we talk about the client's data center, we have no idea where their servers are. … [I]t could be around the world, it could be next door."); 9/21 Tr. 1061:1-1062:12 ("facilities means where the servers … [are] installed and running the software"); *id.* 1065:5-15. Oracle's customers were permitted by their licenses to

have Rimini download the software to which the customers were entitled and to store that software on Rimini's servers; Rimini's doing so at its clients' direction and with their express authorization was not copyright infringement.

Beyond Oracle's "local hosting" allegations, Oracle's remaining infringement contentions relate to ways in which Rimini copied Oracle's software for multiple clients (which Oracle has described as "cross-use"). But this theory of infringement fails as a matter of law, because each and every one of Rimini's clients had an Oracle software license that authorized reproductions of the software. *E.g.*, Dkt. 266 at 14-15; 9/16 Tr. 279:7-8; 376:21-377:3; 598:1-6.

Rimini has always ensured that each of its customers only received software to which they were licensed. There was significant testimony on this point at trial (*e.g.*, 9/16 Tr. 279:7-8; 376:21-377:3; 598:1-6), and Oracle has not disputed it. There was no evidence at trial showing that Rimini ever took software it received from one client and copied it to another client that did not have a non-exclusive license for that same software. And because each of Rimini's clients had a license for the software they received from Rimini, Rimini did not infringe Oracle's copyrights.

Moreover, even if Rimini violated the terms of the licenses with respect to its "use" of the software, that would at most amount to a breach of contract and *not* copyright infringement because the Copyright Act does not broadly govern the right to "use" copyrighted material. *See*, *e.g.*, *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 939 (9th Cir. 2010); *Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*, 421 F.3d 1307, 1315-16 (Fed. Cir. 2005); Dkt. 266 at 23-24. Thus, under any interpretation of the licenses, Rimini is entitled to judgment of non-infringement as a matter of law.

The jury's finding of innocent infringement further demonstrates that the software licenses did not unambiguously prohibit the processes Rimini used to support Oracle's licensees, and the Court therefore should have considered extrinsic evidence (*e.g.*, Dkt. 266 at 12-13, 16-17, 20-21, 24, 25) in interpreting the licenses. That evidence, among other things, supports Rimini's argument that it did not infringe as a matter of law.

## CONCLUSION

Judgment as a matter of law for Rimini on Oracle's Copyright Act claim is warranted.

| | | |
|---|---|---|
| DATED: | November 13, 2015 | GIBSON, DUNN & CRUTCHER LLP |

By:  *Blaine H. Evanson*
      Blaine H. Evanson

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2015, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: *Blaine H. Evanson*
    Blaine H. Evanson

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*