1  SHOOK, HARDY & BACON LLP
2  B. Trent Webb, Esq. (*pro hac vice*)
   Peter Strand, Esq. (*pro hac vice*)
3  Ryan D. Dykal, Esq. (*pro hac vice*)
   2555 Grand Boulevard
4  Kansas City, MO 64108-2613
   Telephone: (816) 474-6550
5  Facsimile: (816) 421-5547
   bwebb@shb.com
6
   Robert H. Reckers, Esq. (*pro hac vice*)
7  600 Travis Street, Suite 1600
   Houston, TX 77002
8  Telephone: (713) 227-8008
   Facsimile: (713) 227-9508
9  rreckers@shb.com
10
   GIBSON, DUNN & CRUTCHER LLP
11 Mark A. Perry (*pro hac vice*)
   1050 Connecticut Avenue, N.W.
12 Washington, DC 20036-5306
   Telephone: (202) 955-8500
13 mperry@gibsondunn.com
14 Blaine H. Evanson (*pro hac vice*)
15 Joseph A. Gorman (*pro hac vice*)
   Lauren M. Blas (*pro hac vice*)
16 333 South Grand Avenue
   Los Angeles, CA 90071
17 Telephone: (213) 229-7228
   bevanson@gibsondunn.com
18

LEWIS ROCA ROTHGERBER LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
wallen@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone:  (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

19  *Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
20  **DISTRICT OF NEVADA**

21 ORACLE USA, INC., a Colorado corporation;
22 ORACLE AMERICA, INC., a Delaware
   corporation; and ORACLE INTERNATIONAL
23 CORPORATION, a California corporation,

24 Plaintiffs,

25 v.

26 RIMINI STREET, INC., a Nevada corporation,
27 and SETH RAVIN, an individual,

28 Defendants.

Case No. 2:10-cv-00106-LRH-PAL

**DEFENDANTS RIMINI STREET,
INC.'S AND SETH RAVIN'S
CONDITIONAL CROSS-MOTION
FOR RECONSIDERATION IN ANY
NEW TRIAL**

Judge:  Hon. Larry R. Hicks

Gibson, Dunn &
Crutcher LLP

Defendants Rimini Street and Seth Ravin (unless otherwise noted, collectively referred to as "Rimini") respectfully submit that no new trial is required or warranted in this case. Oracle has stated that it will move for a new trial under Rule 59 of the Federal Rules of Civil Procedure, and Rimini will oppose that motion. If the Court denies Oracle's motion for a new trial, or if Oracle does not file a motion for a new trial, then this motion is moot, and Rimini will withdraw it. In the unlikely event that the Court were to grant Oracle's motion for a new trial, however, Rimini submits that it would be entitled to reconsideration and relief with respect to certain of the Court's evidentiary, legal, and instructional rulings as described more fully in the accompanying memorandum of points and authorities.

This motion is based upon this notice, the attached memorandum of points and authorities, all pleadings, files, and records in this action, all testimony and evidence admitted at trial, and on such further evidence or argument as the Court may consider.

DATED:          November 13, 2015                 GIBSON, DUNN & CRUTCHER LLP


By:   *Blaine H. Evanson*
        Blaine H. Evanson

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

**TABLE OF CONTENTS**

<u>Page</u>

I.   INTRODUCTION ................................................................................................ 1

II.  ARGUMENT ..................................................................................................... 2

    A.   Evidentiary Rulings.................................................................................. 2

        1.   Evidentiary Rulings Regarding TomorrowNow, CedarCrestone, and Mr. Ravin's Good-Faith Belief................................................... 2

        2.   Rimini's Post-2011 Conduct........................................................... 3

        3.   Ms. Dean's Testimony on Withdrawn Damages Models ................ 3

        4.   Other Evidentiary Rulings ............................................................. 4

    B.   Legal Rulings .......................................................................................... 5

        1.   Supplementation of Expert Report.................................................. 5

        2.   Denial of Access to Confidential Exhibits...................................... 5

        3.   Rimini's Copyright Misuse Defense................................................ 5

        4.   Construction of the Licenses........................................................... 6

    C.   Instructional Rulings ............................................................................... 7

III. CONCLUSION................................................................................................... 8

RIMINI'S CONDITIONAL CROSS-MOTION FOR RECONSIDERATION IN ANY NEW TRIAL

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Richard's Paint & Body Shop LLC v. BASF Corp.*,
  2013 WL 375542 (W.D. Tex. Jan. 30, 2013) ................................................................1

*United States v. Harmon*,
  632 F.2d 812 (9th Cir. 1980) ......................................................................................1

RIMINI'S CONDITIONAL CROSS-MOTION FOR RECONSIDERATION IN ANY NEW TRIAL

Gibson, Dunn &
Crutcher LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

Rimini does not seek a new trial.  As Rimini will argue in opposition to Oracle's expected motion for a new trial, no amendment, modification, or supplementation of the verdict as to the copyright infringement claims is warranted.  Although Rimini expects that this Court properly will deny Oracle's motion, in the event that this Court were to order a new trial, it additionally should review *all* errors at trial, including those errors that prejudiced Rimini and resulted in higher damages than the amount to which Rimini argued Oracle was entitled.  *Cf. United States v. Harmon*, 632 F.2d 812, 814 (9th Cir. 1980) (considering and ruling on additional issues "likely to arise in a new trial" after having decided that a new trial was warranted for other reasons); *Richard's Paint & Body Shop LLC v. BASF Corp.*, 2013 WL 375542, at *1 (W.D. Tex. Jan. 30, 2013) (in deciding whether to grant new trial, court must consider whether error complained of affected other issues in the trial).   Rimini files this conditional motion solely to preserve its rights and respectfully requests that this Court dismiss it in the event that Oracle's new trial motion is denied.

If this Court were to order a new trial as Oracle requests, it should correct the following erroneous evidentiary, legal, and instructional rulings that prejudiced Rimini, even though the jury rendered a number of findings, such as innocent infringement and a lack of willfulness, in Rimini's favor:  (1) admitting evidence of TomorrowNow's liability in the *Oracle v. SAP* litigation, along with other prejudicial state-of-mind evidence detailed below; (2) declining to allow Rimini to offer evidence of its changed conduct after 2011; (3) permitting Ms. Dean to testify regarding certain withdrawn damages models; (4) ruling against Rimini on a number of key motions *in limine*; (5) permitting Oracle to belatedly supplement its expert report; (6) barring Mr. Ravin from reviewing Oracle's highly confidential exhibits as part of his trial preparation; (7) improperly construing the licenses; (8) improperly striking Rimini's copyright misuse defense; and (9) giving an improper express license instruction.

In addition to correcting these errors, any new trial that is ordered at Oracle's request must be strictly limited to the rulings and findings as to which Oracle claims error, and any evidence relating

to those rulings.  The grant of a new trial should not allow Oracle to revisit matters with which it does not take issue in its post-trial motions.

## II.   ARGUMENT

### A.   Evidentiary Rulings

1.   **Evidentiary Rulings Regarding TomorrowNow, CedarCrestone, and Mr. Ravin's Good-Faith Belief**

As Rimini emphasized before and during trial (*see* Dkts. 559; 684; 741 at 27; 766 at 4, 15-17; 773 at 22; 793), Oracle's presentation and the admission of evidence relating to TomorrowNow's liability in the *Oracle v. SAP* litigation (including but not limited to exhibits PTX-30, -396, -619, -2140, -4937, -5465, as well as Mr. Allison's, Ms. Catz's, Ms. Ransom's, Mr. Baron's, and Mr. Yourdon's testimony regarding TomorrowNow), was improper.  This evidence prejudiced Rimini Street insofar as the jury may have believed that its infringement damages award should somehow reflect or account for Mr. Ravin's involvement in two companies, or perceived similarities between Rimini's and TomorrowNow's business models.  Rimini submits that the jury instruction on TomorrowNow—which merely instructed the jury not to infer that any of Oracle's claims were more likely simply because Mr. Ravin was at one time associated with TomorrowNow (Dkt. 880 at 21)— did not cure the prejudice caused by the introduction of this evidence.

In addition, the Court should not have permitted Oracle's experts to opine that TomorrowNow and CedarCrestone were infringing alternatives or to opine that no non-infringing alternatives existed.  No discovery had been allowed as to non-party CedarCrestone, and neither it nor TomorrowNow was found by a court to have infringed.  9/24 Tr. 1643:18-1644:9.  As the Court recognized, the "evidence in front of the jury does not show that TomorrowNow or CedarCrestone was either infringing or noninfringing." 10/6 Tr. 3343:6-10.  Similarly, this Court also should have barred Oracle from introducing prejudicial testimony about Mr. Grigsby's alleged misappropriation of Oracle's trade secrets (Dkt. 721 at 7-8) (which was later emphasized at closing, *see* 10/9 Tr. 3478:11-15) where no misappropriation claim was at issue and no proof of misappropriation existed.

1      At the same time, Mr. Simmons's testimony on the conduct engaged in by CedarCrestone

2 during the relevant time period (Dkt. 834; 9/29 Tr. 2587:6-11), and a series of attorney letters

3 presenting an objectively reasonable interpretation of what the licenses permitted (*see* Dkt. 797; 9/21

4 Tr. 898:11-17), all of which were highly relevant to Rimini's state of mind and to the objective

5 reasonableness of Rimini's conduct, should have been admitted.

6      Accordingly, any new trial that is ordered at Oracle's request should proceed without any

7 evidence regarding TomorrowNow—and certainly no statements suggesting that TomorrowNow or

8 CedarCrestone were infringing—and should include the testimony from Mr. Simmons and the

9 attorney letters.

10      2.    **Rimini's Post-2011 Conduct**

11      Before and during trial, Rimini argued that it should be permitted to present evidence

12 demonstrating that it changed its practices in response to the Court's February 2014 summary

13 judgment ruling, or, at minimum, to tell the jury that it no longer engaged in the practices that had

14 been found to be infringing.  *See* Dkts. 690 at 2-6; 845; 860.  Although that evidence was critical to

15 rebutting the range of evidence Oracle improperly introduced regarding Rimini and Mr. Ravin's

16 state of mind (*see* section II.A.1, *supra*), and although Oracle opened the door to such testimony

17 through its cross-examination of Mr. Benge (*see* Dkt. 845), this evidence was excluded before and

18 during trial on the ground that the matter was better left for *Rimini II*.  *See* 9/24 Tr. 580-583; *see also*

19 Dkt. 723 at 3.   That exclusion prejudiced Rimini insofar as it left the jury with a one-sided

20 presentation of the facts and may have encouraged the jury to impose a higher damages award than it

21 might have if it had been permitted to consider all of the relevant evidence.  Accordingly, any new

22 trial granted at Oracle's request must include this evidence.

23      3.    **Ms. Dean's Testimony on Withdrawn Damages Models**

24      At trial, Ms. Dean said that, although she "didn't testify about a value of use measure for

25 Siebel, JDE or PeopleSoft," had she done so, her damages figures for infringement would have been

26 "much higher because they could incorporate things that the two companies would be thinking about

27 that lost profits can't."  9/25 Tr. 1959:3-10.  Oracle's counsel emphasized this testimony during

28

closing arguments.  10/9 Tr. 3487:21-24.  Although Oracle had previously withdrawn all of Ms. Dean's fair market value of use opinions with the exception of Oracle Database (Dkt. 600), Ms. Dean, and later, Oracle's counsel, nevertheless suggested that the jury was free to award a potentially unlimited amount of damages under a fair market value of use theory without any actual testimony or evidence supporting that suggestion.

In addition, Rimini maintains, as it did in its initial motion to exclude Ms. Dean's testimony and in its motions *in limine*, that Ms. Dean should not have been permitted to offer any testimony on fair market value of use with respect to any of the product lines, including Oracle Database, because her opinions were based on speculative and unreliable evidence.[1]  *See* Dkts. 563; 636; 652 at 19-20; 685.  If Oracle's request for a new trial is granted, Ms. Dean should be precluded from testifying as to the fair market value of use.  Likewise, Ms. Dean's testimony on lost profits and infringer's profits should be excluded for the reasons set forth in Rimini's motion to exclude that testimony. *See* Dkt. 563.

4.     **Other Evidentiary Rulings**

Rimini also seeks reconsideration of several other evidentiary rulings, including the Court's exclusion of business records relating to customer satisfaction on the ground of hearsay (10/2 Tr. 3073:5-3075:12, 3075:17-3076:7, 3076:18-20); exclusion of evidence of the hostile takeover of PeopleSoft by Oracle (9/21 Tr. 955:19-956:15); admission of evidence of defendants' financial condition and certain financial metrics (Dkts. 652 at 7; 721 at 4); grant of permission to Oracle to use videotaped deposition testimony in lieu of live testimony (Dkts. 652 at 8-9; 721 at 5); admission of Oracle's additional infringement theories (Dkts. 652 at 9-10; 721 at 6); admission of the purchase price of certain Oracle software lines (Dkts. 652 at 11-12; 721 at 6-7); admission of evidence of spoliation of the software "library" and jury instruction regarding the same (Dkts. 652 at 15-17; 721 at 8); admission of damages evidence more than three years old (Dkts. 652 at 18-19; 721 at 9); admission of exhibit PTX-65 (Dkts. 652 at 20-21; 721 at 10); exclusion of license provisions not

---

[1]     In addition, Oracle has waived fair market value of use as a measure of damages by withdrawing in part Ms. Dean's report in response to Rimini's motion to exclude that testimony, providing yet another reason to exclude Ms. Dean's testimony in any new trial.

disclosed in discovery (Dkts. 690 at 9-1; 723 at 5); partial exclusion of customer statements in "at-risk" reports (Dkts. 690 at 15-20; 723 at 6); exclusion of statements regarding Oracle's anti-competitive conduct (Dkts. 690 at 20-22; 723 at 6-7); and exclusion of defense witnesses not made available during Oracle's case-in-chief (Dkts. 690 at 25-26; 723 at 7-8).

**B.    Legal Rulings**

**1.    Supplementation of Expert Report**

Before trial, Rimini moved for an order precluding Oracle from seeking damages for conduct occurring after December 2011 on the ground that Oracle had failed to timely supplement its expert report despite having had ample opportunity to do so.  *See* Dkts. 554, 625.  While the Court acknowledged that Oracle's disclosure was "technically late" (Dkt. 669 at 4), it ultimately concluded that Oracle's tardiness was harmless and could be cured by allowing Ms. Dean to supplement her report and permitting Rimini to supplement its own reports in response.  *Id*.  That ruling allowed Oracle to present a greatly enlarged damages figure, which prejudiced Rimini insofar as it may have influenced the jury's reference points for its damages award.  Any new trial should be limited to the damages Oracle initially disclosed and should exclude the supplementary damages estimates.

**2.    Denial of Access to Confidential Exhibits**

Rimini previously moved to modify the parties' protective order in order to allow Mr. Ravin to review Oracle's proposed trial exhibits categorized as "Highly Confidential Information – Attorneys Eyes' Only" as part of his preparation for trial.  Dkt. 539.  This motion was rejected because Rimini had not identified a "specific trial exhibit that Mr. Ravin must see to present his defense" and because Mr. Ravin's attorneys had access to these materials and could therefore "adequately represent his interests."  Dkt. 592 at 3.  Rimini maintains that these rulings were erroneous and impaired Mr. Ravin's trial preparation and testimony.  In the event a new trial is ordered, Mr. Ravin should be permitted to see these confidential trial exhibits.

**3.    Rimini's Copyright Misuse Defense**

Rimini respectfully maintains that its copyright misuse defense should have been allowed, and that it should have been permitted to conduct discovery and present evidence and argument

Gibson, Dunn & Crutcher LLP

1    regarding this defense.  As Rimini noted in its opposition to Oracle's motions *in limine* (Dkt. 690 at

2    21-22), its trial brief (Dkt. 741 at 15), its jury instruction briefing (Dkt. 773 at 4-5), and its Rule

3    50(a) motion (Dkt. 838 at 24-26), evidence of copyright misuse surfaced before and during trial,

4    even without discovery.  As Rimini noted in its offer of proof (Dkt. 861), discovery would likely

5    have yielded considerable evidence further supporting Rimini's defense of misuse.  A successful

6    copyright misuse defense would have been a complete defense to Oracle's infringement claims and

7    Rimini was prejudiced by not being able to develop and ultimately present this defense at trial.  If

8    this Court grants Oracle's request for a new trial, Rimini should be granted an opportunity to

9    conduct discovery on this issue and to present any relevant evidence at trial.

10            4.      **Construction of the Licenses**

11           Rimini respectfully maintains, as set forth in its opposition to Oracle's motions for summary

12   judgment (Dkts. 266, 441) and its Rule 50(a) motion for judgment as a matter of law (Dkt. 838 at

13   22-24), that this Court's rulings interpreting the relevant licenses were in error and should be

14   reconsidered in any new trial.

15           The Court erred in concluding, among other things, that the PeopleSoft and Database licenses

16   were not ambiguous with respect to the accused conduct, that they did not permit Rimini to maintain

17   a reasonable number of copies of Oracle's software on its servers, and that they did not permit

18   Rimini to reproduce modified Oracle code and share it with other clients that were authorized to

19   receive that code.  *See* Dkts. 474 at 11-15; 476 at 9, 14-15.  Furthermore, the Court erred in

20   concluding that Rimini is a "Designate" under Section 1.1 of the Pittsburgh Public Schools license,

21   and that those provisions applied to Rimini's conduct.  *See* Dkt. 474 at 18-19.  Sections 1.2b, 1.2c,

22   and 14.2 of the City of Flint PeopleSoft license and Sections 1.1, 1.2 and 10.2 of the Pittsburgh

23   Public Schools license plainly permitted Rimini's conduct, and any attempt to reconcile Oracle's

24   narrow reading of the licenses with those provisions reveals ambiguity in the license.  Other

25   provisions of the Oracle Database license (*i.e.*, the Developer license and OLSAs) similarly

26   authorized Rimini's conduct, either pursuant to their plain terms, or taking into account industry

27   custom and practice.  *See* Dkts. 266 at 8-20; 441 at 9-15; 741 at 5-8; 838 at 22-23.  Correctly

28

Gibson, Dunn &
Crutcher LLP

-6-

interpreted, the language in these licenses should have entitled Rimini to judgment in its favor as a matter of law, or at minimum, should have been deemed ambiguous enough (taking into account both the text of the licenses and parol evidence) to create a genuine issue of fact for the jury.

Had the Court correctly found that certain key terms in the PeopleSoft and Database licenses were ambiguous, it would have been required to submit the interpretation of those license terms to the jury and to permit testimony and evidence—including but not limited to the testimony of Mr. Hilliard and Mr. Simmons—regarding industry custom and practice to assist the jury with its interpretation.  That evidence and testimony would have confirmed that Rimini's conduct was not infringing.  *See* Dkt. 266 at 12-20; 741 at 5-8; 838 at 22-24.  This parol evidence should be included in any new trial, and it was erroneous not to consider it here.

Rimini also maintains that the relevant provisions of the J.D. Edwards license (Art. II, § 7, and Art. VI, § 4) and Siebel license (sections 2.1(iv), (vi), and (viii)) expressly authorized its conduct and entitled it to judgment as a matter of law in its favor, thus obviating the need to submit the licenses to the jury.  *See* Dkt. 266 at 8-20; 741 at 5-8; 838 at 22-23.  Thus, in any new trial, the Court should either reconsider its interpretations and rule in Rimini's favor as a matter of law as to the four licenses, or should submit the licenses to the jury for interpretation of certain ambiguous terms.

## C.    Instructional Rulings

Due to the erroneous construction of the licenses and the incorrect conclusion that the licenses (specifically, the PeopleSoft and Database licenses) were not ambiguous as a matter of law, the jury instruction on Rimini's express license defense was erroneous.  *See* Dkt. 880 at 27-28, 32. Moreover, as Rimini argued in its briefing on this issue (Dkt. 617), even if the rulings on the licenses were correct, the instruction was still unnecessary and prejudicial because the terms of the licenses could be readily understood by a juror.  As such, in the event a new trial is granted at Oracle's request, the jury should either be instructed to interpret the ambiguous terms in the licenses or should not be instructed on the meaning of the licenses at all.

Rimini maintained a number of other objections to the instructions ultimately given by the Court, including but not limited to the TomorrowNow instruction, certain damages instructions,

1   certain of the competition claim instructions, and the computer hacking instructions, and also sought

2   additional instructions on punitive damages.  *See*, *e.g.*, Dkt. 868 at 17, 42-57, 72-80, 98-111,

3   112-117.  Rimini continues to reserve those objections and would, in the event of a new trial, renew

4   its efforts to obtain instructions that more accurately reflect the governing law and the facts of the

5   case.

6                                   **III.   CONCLUSION**

7          In the event the Court orders a new trial at Oracle's request, the Court should also account for

8   and correct the errors described herein, and should limit the scope of any new trial to the specific

9   challenges raised in Oracle's motion for a new trial.

10  DATED:          November 13, 2015              GIBSON, DUNN & CRUTCHER LLP

11

12                                          By:    *Blaine H. Evanson*
13                                                 Blaine H. Evanson

14                                          *Attorneys for Defendants*
                                            *Rimini Street, Inc. and Seth Ravin*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2015, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By:  *Blaine H. Evanson*
     Blaine H. Evanson


*Attorney for Defendants
Rimini Street, Inc. and Seth Ravin*

RIMINI'S CONDITIONAL CROSS-MOTION FOR RECONSIDERATION IN ANY NEW TRIAL

Gibson, Dunn &
Crutcher LLP