# EXHIBIT 29

| | |
|---|---|
| SHOOK, HARDY & BACON LLP | GREENBERG TRAURIG |
| B. Trent Webb, Esq. *(pro hac vice)* | Mark G. Tratos, Esq. (Nevada Bar No. 1086) |
| Eric Buresh, Esq. *(pro hac vice)* | Brandon Roos, Esq. (Nevada Bar No. 7888) |
| 2555 Grand Boulevard | Leslie Godfrey, Esq. (Nevada Bar No. 10229) |
| Kansas City, Missouri 64108-2613 | 3773 Howard Hughes Parkway |
| Telephone: (816) 474-6550 | Suite 400 North |
| Facsimile: (816) 421-5547 | Las Vegas, NV 89169 |
| bwebb@shb.com | Telephone: (702) 792-3773 |
| eburesh@shb.com | Facsimile: (702) 792-9002 |
| | tratosm@gtlaw.com |
| Robert H. Reckers, Esq. *(pro hac vice)* | roosb@gtlaw.com |
| 600 Travis Street, Suite 1600 | godfreyl@gtlaw.com |
| Houston, Texas 77002 | |
| Telephone: (713) 227-8008 | LEWIS AND ROCA LLP |
| Facsimile: (731) 227-9508 | W. West Allen (Nevada Bar No. 5566) |
| rreckers@shb.com | 3993 Howard Hughes Parkway, Suite 600 |
| | Las Vegas, Nevada 89169 |
| | Tel: (702) 949-8200 |
| | Fax: (702) 949-8398 |
| | WAllen@LRLaw.com |
| | |
| | *Attorneys for Defendants* |
| | *RIMINI STREET, INC. and SETH RAVIN* |

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC. , a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANT RIMINI STREET INC.'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT RIMINI STREET, INC.** |

Pursuant to Federal Rules of Civil Procedure 26 and 36, Rimini Street, Inc. ("Rimini Street"), by and through its undersigned counsel, responds to Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.'s ("Oracle") Third Set of Requests for Admissions ("Requests").

spiders, scrapers or any other automated means, to access Customer Connection or any other Oracle accounts, systems, or networks."

**REQUEST NO. 135:**

Admit that, between February 19, 2007 and November 1, 2008, Rimini Street routinely used Automated Downloading Tools to copy material from Oracle's Customer Connection website.

**RESPONSE:**

Rimini objects to the term "Automated Download Tools" to the extent Oracle's use of this term seeks to encompasses the "robots, spiders, scrapers or any other automated means" contemplated by the terms of use for Oracle's various websites. In responding, Rimini relies on Oracle's proffered definition of "Automated Download Tools," which encompasses, *e.g.*, tools that utilized standard Internet browsers and applications to interact with Oracle's websites.

Subject to and without waiver of the foregoing general and specific objections: Rimini admits that, between February 19, 2007 and November 1, 2008, Rimini Street routinely used Automated Downloading Tools to improve the efficiency of the standard Internet browsers used by Rimini Street to request material from Oracle's Customer Connection website.

**REQUEST NO. 136:**

Admit that Rimini Street's use of Automated Downloading Tools to copy material from Oracle's Customer Connection website after February 19, 2007 breached the Terms of Use for Oracle's Customer Connection website.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections: Denied.

**REQUEST NO. 137:**

Admit that You knew that use of Rimini Street's Continuing Documentation tool downloaded material to which Rimini Street's clients were not licensed.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections: Denied.

**REQUEST NO. 138:**

**RESPONSE:**

Rimini objects to the incomplete and out-of-context quotation recited in this request.

Subject to and without waiver of the foregoing general and specific objections: Rimini admits that Ravin knew no later than May 31, 2007, that the Terms of Use for Oracle's Customer Connection website indicated that users may not use the website in any manner that could damage the system and provided, as an example, the statement that "you may not use any software routines commonly known as robots, spiders, scrapers or any other automated means, to access Customer Connection or any other Oracle accounts, systems, or networks."

**REQUEST NO. 149:**

Admit that Rimini Street knew no later than May 31, 2007, that Rimini Street's use of automated Downloading Tools violated the Terms of Use for Oracle's Customer Connection website.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections: Denied

**REQUEST NO. 150:**

Admit that Ravin knew no later than May 31, 2007, that Rimini Street's use of automated Downloading Tools violated the Terms of Use for Oracle's Customer Connection website.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections: Denied

**REQUEST NO. 151:**

Admit that Rimini Street continued to use Automated Downloading Tools to copy materials from Oracle's Customer Connection website after May 31, 2007.

**RESPONSE:**

Rimini objects to the term "Automated Download Tools" to the extent Oracle's use of this term seeks to encompasses the "robots, spiders, scrapers or any other automated means" contemplated by the terms of use for Oracle's various websites. In responding, Rimini relies on Oracle's proffered definition of "Automated Download Tools," which encompasses, *e.g.*, tools that utilized standard Internet browsers and applications to interact with Oracle's websites.

admits that, between May 31, 2007 and November 1, 2008, it used Automated Downloading Tools to improve the efficiency of the standard Internet browsers used by Rimini Street to request material from Oracle's Customer Connection website at least 100 times.

**REQUEST NO. 156:**

Admit that no later than September 22, 2006, Rimini Street used Automated Downloading Tools to copy materials from Oracle's Customer Connection website into one or more of Rimini Street's Internal Software Libraries.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections: Denied.

**REQUEST NO. 157:**

Admit that on or about June 28, 2007 Rimini Street used customer Dofasco's login credentials to test Rimini Street's Continuing Documentation tool on Customer Connection.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections, Rimini responds that after a reasonable search, Rimini has been unable to locate information that would allow it to provide a response. Rimini therefore responds: Denied.

**REQUEST NO. 158:**

Admit that on or about June 28, 2007 Rimini Street used customer Dofasco's login credentials to test Rimini Street's Continuing Documentation tool on Customer Connection and not for the purpose of obtaining materials to which Dofasco was entitled.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections: Denied.

**REQUEST NO. 159:**

Admit that Rimini Street consented to the terms and conditions stated in the Terms of Use for Oracle's Metalink website each time Rimini Street logged in to Oracle's Metalink website.

**RESPONSE: [AMENDED]**

Rimini objects to this request to the extent that it calls for a legal conclusion. Rimini further objects to this request as overly broad and unduly burdensome as it relates to each time

1 efficiency of the standard Internet browsers used by Rimini Street to request material from
2 Oracle's Metalink website at least 20 times.

3 **REQUEST NO. 165:**

4 Admit that Rimini Street's use of Automated Downloading Tools to copy material from
5 Oracle's Metalink website after March 1, 2008, breached the Terms of Use for Oracle's Metalink
6 website.

7 **RESPONSE:**

8 Subject to and without waiver of the foregoing general objections: Denied.

9 **REQUEST NO. 166:**

10 Admit that Rimini Street knew no later than November 25, 2008, that the Terms of Use for
11 Oracle's Metalink website stated that "you may not use any software routines commonly known
12 as robots, spiders, scrapers, or other automated means, to access Metalink or any Oracle accounts,
13 systems, or networks."

14 **RESPONSE:**

15 Rimini objects to the incomplete and out-of-context quotation recited in this request.

16 Subject to and without waiver of the foregoing general and specific objections: Rimini
17 admits that it knew, by November 25, 2008, that the Terms of Use for Oracle's Metalink website
18 indicated that users may not use the website in any manner that could damage the system and
19 provided, as an example, the statement that "you may not use any software routines commonly
20 known as robots, spiders, scrapers, or other automated means, to access Metalink or any Oracle
21 accounts, systems, or networks."

22 **REQUEST NO. 167:**

23 Admit that Ravin knew no later than November 25, 2008, the Terms of Use for Oracle's
24 Metalink website stated that "you may not use any software routines commonly known as robots,
25 spiders, scrapers, or other automated means, to access Metalink or any Oracle accounts, systems,
26 or networks.

27 **RESPONSE:**

28 Rimini objects to the incomplete and out-of-context quotation recited in this request.

1    Subject to and without waiver of the foregoing general and specific objections: Rimini
2    admits that Ravin knew by November 25, 2008 that the Terms of Use for Oracle's Metalink
3    website indicated that users may not use the website in any manner that could damage the system
4    and provided, as an example, the statement that "you may not use any software routines
5    commonly known as robots, spiders, scrapers, or other automated means, to access Metalink or
6    any Oracle accounts, systems, or networks."

**REQUEST NO. 168:**

Admit that Rimini Street knew no later than November 25, 2008 that Rimini Street's use of Automated Downloading Tools violated the Terms of Use for Oracle's Metalink website.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections: Denied.

**REQUEST NO. 169:**

Admit that Ravin knew no later than November 25, 2008 that Rimini Street's use of Automated Downloading Tools violated the Terms of Use for Oracle's Metalink Website.

**RESPONSE:**

Subject to and without waiver of the foregoing general objections: Denied.

**REQUEST NO. 170:**

Admit that Rimini Street continued to use Automated Downloading Tools to copy materials from Oracle's Metalink website after November 25, 2008.

**RESPONSE:**

Rimini objects to the term "Automated Download Tools" to the extent Oracle's use of this term seeks to encompasses the "robots, spiders, scrapers or any other automated means" contemplated by the terms of use for Oracle's various websites. In responding, Rimini relies on Oracle's proffered definition of "Automated Download Tools," which encompasses, *e.g.*, tools that utilized standard Internet browsers and applications to interact with Oracle's websites.

Subject to and without waiver of the foregoing general and specific objections: Rimini admits that, it continued to use Automated Downloading Tools to improve the efficiency of the standard Internet browsers used by Rimini Street to request materials from Oracle's Metalink

1  website after November 25, 2008.

2  **REQUEST NO. 171:**

3  Admit that, at least once, Rimini Street used Automated Downloading Tools to copy
4  materials from Oracle's Metalink website into one or more of Rimini Street's Internal Software
5  Libraries.

6  **RESPONSE:**

7  Subject to and without waiver of the foregoing general objections: Denied.

8  **REQUEST NO. 172:**

9  Admit that Rimini Street consented to the terms and conditions stated in the Terms of Use
10  for Oracle's oracle.com website each time Rimini Street logged in to Oracle's Oracle.com
11  website.

12  **RESPONSE:**

13  Rimini objects to this request to the extent that it calls for a legal conclusion. Rimini
14  further objects to this request as overly broad and unduly burdensome as it relates to each time
15  Rimini Street personnel logged in to Oracle's website, as well as the mental state and knowledge
16  of said personnel. Given its overbreadth and the lack of available information, Rimini cannot
17  admit or deny this request.

18  **REQUEST NO. 173:**

19  Admit that Rimini Street consented to the terms and conditions stated in the Terms of Use
20  for Oracle's Oracle.com website each time Rimini Street used Oracle's Oracle.com website.

21  **RESPONSE:**

22  Rimini objects to this request to the extent that it calls for a legal conclusion. Rimini
23  further objects to this request as overly broad and unduly burdensome as it relates to each time
24  Rimini Street personnel used Oracle's website, as well as the mental state and knowledge of said
25  personnel. Given its overbreadth and the lack of available information, Rimini cannot admit or
26  deny this request.

27  **REQUEST NO. 174:**

28  Admit that Rimini Street consented to the terms and conditions stated in the Terms of Use

1  Oracle's proffered definition of "Automated Download Tools," which encompasses, *e.g.*, tools
2  that utilized standard Internet browsers and applications to interact with Oracle's websites.
3      Subject to and without waiver of the foregoing general and specific objections: Rimini
4  admits that, after February 19, 2007, it used Automated Downloading Tools to improve the
5  efficiency of the standard Internet browsers used by Rimini Street to request material from
6  Oracle's Siebel SupportWeb website at least once.

7  **REQUEST NO. 180:**

8  Admit that, after February 19, 2007 Rimini Street used Automated Downloading Tools to
9  copy material from Oracle's Siebel SupportWeb website at least five times.

10 **RESPONSE:**

11 Rimini objects to the term "Automated Download Tools" to the extent Oracle's use of this
12 term seeks to encompasses the "robots, spiders, scrapers or any other automated means"
13 contemplated by the terms of use for Oracle's various websites.  In responding, Rimini relies on
14 Oracle's proffered definition of "Automated Download Tools," which encompasses, *e.g.*, tools
15 that utilized standard Internet browsers and applications to interact with Oracle's websites.

16 Subject to and without waiver of the foregoing general and specific objections: Rimini
17 admits that, that, after February 19, 2007, it used Automated Downloading Tools to improve the
18 efficiency of the standard Internet browsers used by Rimini Street to request material from
19 Oracle's Siebel SupportWeb website at least five times.

20 **REQUEST NO. 181:**

21 Admit that Rimini Street's use of Automated Downloading Tools to copy material from
22 Oracle's Siebel SupportWeb website after February 19, 2007, breached the Terms of Use for
23 Oracle's Siebel SupportWeb website.

24 **RESPONSE:**

25 Subject to and without waiver of the foregoing general objections: Denied.

26 **REQUEST NO. 182:**

27 Admit that, at least 50 times, Rimini Street used Automated Downloading tools to copy
28 material from Oracle's Siebel SupportWeb website into a location on Rimini Street's network that

**REQUEST NO. 187:**

Admit that, on or after January 25, 2007, Rimini Street created and provided to at least 1 customer a copy of comingled materials obtained from Oracle's Siebel SupportWeb website obtained using other customers' login credentials.

**RESPONSE:**

Rimini objects to the term "comingled materials" as vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections: after a reasonable inquiry Rimini does not have sufficient information that would allow it admit or deny this request and, therefore, denies the same.

**REQUEST NO. 188:**

Admit that the Siebel SupportWeb extracts that Rimini Street created and provided to its customers copied more than a *de minimis* or trivial amount of protectable expression.

**RESPONSE:**

Rimini objects to the phrase "*de minimis* or trivial amount of protectable expression" as vague and ambiguous and to the extent that it request calls for a legal conclusion. Rimini further objects to the request as overly broad and unduly burdensome as it encompasses each and every Siebel SuportWeb extracts that Rimini Street created and provided to its customers.

Subject to and without waiver of the foregoing general and specific objections: Rimini admits that, the Siebel SupportWeb extracts that Rimini Street created and provided to its customers included more than a trivial amount of protectable expression.

**REQUEST NO. 189:**

Admit that the Siebel SuportWeb extracts that Rimini Street created and provided to its customers copied more than a de *minimis* or trivial amount of protectable expression covered by registration TXu1-607-453.

**RESPONSE:**

Rimini objects to the phrase "*de minimis* or trivial amount of protectable expression" as vague and ambiguous and to the extent that it request calls for a legal conclusion. Rimini further objects to the request as overly broad and unduly burdensome as it would require a comparison of

**REQUEST NO. 249:**

Admit that, in 2011, Rimini Street used one or more of the environments identified as items 1-32 on Exhibit C to create the majority of DAT files generated by Rimini Street.

**RESPONSE:**

Subject to and without waiver of its general objections: Admitted.

**REQUEST NO. 250:**

Admit that, in 2011, Rimini Street used one or more of the environments identified as items 1-32 on Exhibit C to create the majority of DAT files received from Rimini Street by each of Rimini Street's then-current customers.

**RESPONSE:**

Subject to and without waiver of its general objections: Admitted.

DATED:   January 4, 2012            SHOOK, HARDY & BACON

                                    By:   */s/ Robert H. Reckers*
                                          Robert H. Reckers, Esq.
                                          Attorney for Defendants
                                          Rimini Street, Inc. and Seth Ravin

- 88 -

352130 v1    DEFENDANT'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD RFAs

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant's First Amended Responses and Objections to Plaintiffs' Third Set of Requests for Admissions was served on the 4th day of January, 2012, via email, as indicated below.

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>FRED NORTON (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br>kringgenberg@bsfllp.com | BINGHAM MCCUTCHEN LLP<br>GEOFFREY M. HOWARD (*pro hac vice*)<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br>geoff.howard@bingham.com<br>thomas.hixson@bingham.com<br>kristen.palumbo@bingham.com<br><br>ORACLE CORPORATION<br>JAMES C. MAROULIS (*pro hac vice*)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com |

By: _/s/ Ryan Dykal_____