| | | |
|---|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568) | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*) |
| 2 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 | KRISTEN A. PALUMBO (*pro hac vice*)<br>One Market, Spear Street Tower |
| 3 | Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755 | San Francisco, CA 94105-1596<br>Telephone: 415.442.1000 |
| 4 | rpocker@bsfllp.com | Facsimile: 415.442.1001<br>thomas.hixson@bingham.com |
| 5 | BOIES, SCHILLER & FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*) | kristen.palumbo@bingham.com |
| 6 | KAREN DUNN (*pro hac vice*)<br>5301 Wisconsin Ave, NW | DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*) |
| 7 | Washington, DC 20015 | JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION |
| 8 | Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131 | 500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070 |
| 9 | wisaacson@bsfllp.com<br>kdunn@bsfllp.com | Telephone: 650.506.4846<br>Facsimile: 650.506.7114 |
| 10 | BOIES, SCHILLER & FLEXNER LLP | dorian.daley@oracle.com<br>deborah.miller@oracle.com |
| 11 | STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*) | jim.maroulis@oracle.com |
| 12 | 1999 Harrison Street, Suite 900<br>Oakland, CA 94612 | |
| 13 | Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460 | |
| 14 | sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com | |
| 15 | | |
| 16 | Attorneys for Plaintiffs Oracle USA, Inc.,<br>Oracle America, Inc. and Oracle International<br>Corp. | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No 2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S MOTION FOR COSTS AND ATTORNEYS' FEES, DECLARATIONS OF THOMAS S. HIXSON AND KIERAN O. RINGGENBERG AND ACCOMPANYING EXHIBITS, AND EXHIBITS ACCOMPANYING THE DECLARATION OF JAMES C. MAROULIS** |

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, Dkt. 55 ("Protective Order"), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") respectfully request that the Court order the Clerk of the Court to file under seal certain portions of (1) Oracle's Motion For Costs And Attorneys' Fees, (2) Declarations of Thomas S. Hixson ("Hixson Declaration") and Kieran O. Ringgenberg ("Ringgenberg Declaration) and accompanying exhibits , and (3) exhibits accompanying the Declaration of James C. Maroulis ("Maroulis Declaration").  These portions of Oracle's motion and supporting documents reflect information that Oracle, Rimini Street, Inc. ("Rimini") or a third party has designated "Confidential" or designated "Highly Confidential - Attorneys' Eyes Only" under the Protective Order.  Public, redacted versions of Oracle's Motion, the Hixson Declaration and Exhibits 3-9 and 13-21 attached thereto, Ringgenberg Declaration and Exhibits 3-14 attached thereto, and Exhibits A-C to the Maroulis Declaration were filed on November 13, 2015, *see* Dkts. 917-920, and an unredacted version of each was subsequently filed under seal with the Court, *see* Dkts. 922-925.

The Protective Order states, "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' under the terms of this Protective Order *only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).*  The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation."  Protective Order ¶ 2 (emphasis supplied).

## DOCUMENTS DESIGNATED BY ORACLE AS CONFIDENTIAL

Oracle has designated Exhibits 3-9 and 13-21 to the Hixson Declaration, Exhibits 3-14 to the Ringgenberg Declaration, portions of those declarations, and Exhibits A, B and C to the Maroulis Declaration as Confidential.  Oracle requests that the Court order the Clerk of the Court

1   to file those exhibits and portions under seal, as well as certain portions of Oracle's Motion For
2   Costs And Attorneys' Fees and the Hixson and Ringgenberg Declarations that reflect the
3   information contained in the aforementioned exhibits.
4       The "Confidential" designation indicates that, in Oracle's best judgment, the documents
5   contains "non-public information or matter related to:  financial or business plans or projections;
6   . . . current or future business and marketing information, plans, and strategies; studies or
7   analyses by internal or outside experts; customer information, data or lists; . . . competitive
8   analyses; . . . or other commercially or personally sensitive or proprietary information."
9   Protective Order ¶ 3.  In particular, portions of Oracle's Motion For Costs And Attorneys' Fees;
10  the Hixson and Ringgenberg Declarations; the accompanying Exhibits; and the Exhibits
11  accompanying the Maroulis declaration, contain confidential competitive information of
12  negotiated billing rates between Oracle and its attorneys, experts and other vendors, and
13  sensitive, case-specific pricing information.  Further, the documents reveal the details of Oracle's
14  relationships with these companies, and the terms of their agreements, which are also negotiated.
15  These negotiated billing rates and agreement terms are commercially sensitive and should not be
16  publically disclosed insofar as any such disclosure would create a competitive disadvantage.
17  *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) ("One factor
18  that weighs in favor of sealing documents is when the release of the documents will cause
19  competitive harm to a business.")
20      Disclosure of this confidential information could interfere with Oracle's current or future
21  business relationships or plans.  Thus, there is a compelling interest for this information to be
22  sealed.

23              **DOCUMENTS DESIGNATED BY RIMINI OR A THIRD PARTY AS**
24          **CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

25      Rimini or a third party have designated the following documents cited or referred to in
26  Oracle's Motion for Costs and Attorneys' Fees as Confidential ("C") or Highly Confidential -
27  Attorneys' Eyes Only ("HC"):
28

| Ex. | Description | Designation |
|---|---|---|
| 21 | (Ravin 7/21/2010 Dep.) 303:9-23, 306:3-13, 307:4-12, 307:13-308:13, 321:17-23, 325:20-326:9 | HC by Rimini |
| 20 | (Ravin 5/21/2009 Dep.) at 35:17-37:12; 41:13-18, 110:2-111:15 | C by SAP |

Oracle submits these documents under seal pursuant to the Protective Order based on Rimini's or the third party's representation that it reasonably believes there is a valid basis under the Protective Order for its confidentiality designations. Because the documents were designated by Rimini or a third party, Oracle is not in a position to provide further justification for why filing them publicly would cause Rimini or the third party harm sufficient to show good cause.

Oracle has submitted all other portions of Oracle's Motion For Costs And Attorneys' Fees; Declarations of Thomas S. Hixson and Kieran O. Ringgenberg and Accompanying Exhibits; and Exhibits Accompanying The Declaration Of James C. Maroulis to the Court's public files, which allow public access to all materials except for the items discussed above. Accordingly, the request to seal is narrowly tailored. For the foregoing reasons, Oracle respectfully requests that the Court grant leave to file under seal the documents discussed above.

DATED: November 13, 2015          MORGAN, LEWIS & BOCKIUS LLP

By: _____/s/ Thomas S. Hixson_____
Thomas S. Hixson
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc.,
and Oracle International Corp.