SHOOK, HARDY & BACON LLP
B. Trent Webb *(pro hac vice)*
Peter Strand *(pro hac vice)*
Ryan D. Dykal *(pro hac vice)*
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers *(pro hac vice)*
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry *(pro hac vice)*
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blain H. Evanson *(pro hac vice)*
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
Daniel F. Polsenberg (Nev. Bar No. 2376)
W. West Allen (Nev. Bar No. 5566)
Joel D. Henriod (Nev. Bar No. 8492)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
dpolsenberg@lrrlaw.com
wallen@lrrlaw.com
jhenriod@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow *(pro hac vice)*
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly *(pro hac vice)*
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI STREET, INC.'S AND SETH RAVIN'S MOTION TO COMPEL DISCOVERY RELATING TO ORACLE'S MOTION FOR ATTORNEYS' FEES** |

**NOTICE OF MOTION AND MOTION**

Defendants Rimini Street, Inc. and Seth Ravin (collectively "Rimini") move the Court to allow limited post-verdict discovery regarding plaintiffs' claim for over $56 million in attorneys' fees. In particular, Rimini requests the following:

(1) The retainer agreements between Oracle and its counsel;

(2) Guidelines that Oracle imposes on outside counsel;

(3) Metadata regarding the entry of time into Oracle's counsel's timekeeping software that generated the invoices that Oracle has submitted in support of its request for fees, showing all instances where time was entered more than a week after legal services were performed; and

(4) Depositions of the persons most knowledgeable about the incurred fees at Oracle and the timekeeping policies or practices of Oracle's law firms.

Rimini supports this motion with the points and authorities below, as well as affidavits from two experts in the field of legal billing.

Pursuant to LR 26-7(b), undersigned counsel Dan Polsenberg conferred by letter with Oracle's counsel in a good faith effort to acquire this information. Affidavit of Daniel F. Polsenberg, attached as Exhibit 1, at 1 ¶ 2. Oracle declined. *Id*., at 1 ¶ 3.

**POINTS AND AUTHORITIES**

Oracle has claimed a staggering $56.2 million in attorneys' fees and costs in this action, an amount that *exceeds* the jury's verdict. Although Oracle has provided invoices in an attempt to substantiate its claim, the evidence is not sufficient to enable Rimini and this Court to assess the accuracy, reliability, and reasonableness of Oracle's request. Rimini is therefore requesting additional discovery on this massive claim.

Post-judgment discovery is particularly appropriate where the $56.2 million amount of fees sought, by itself, is greater than the average amount in controversy in most civil cases. Put simply, this motion for fees cannot be regarded as a typical, ancillary post-verdict matter.

To assist the Court in evaluating Oracle's extensive claim for fees and costs, Rimini has

1

engaged the services of two well-known experts in the field of legal billing. Dennis Kennedy is a preeminent Las Vegas attorney and legal ethicist, while William Ross is a professor of law and author of multiple books and articles on the practice of legal billing. *See* Affidavit of Dennis L. Kennedy, attached as Exhibit 2; Affidavit of William G. Ross, attached as Exhibit 3. The limited materials requested by Rimini may assist Mr. Kennedy and Prof. Ross in evaluating Oracle's fees and costs claim.

To be clear, as Rimini will demonstrate in its opposition, the Court should not award any fees in this case. Nevertheless, in the event this Court finds that Oracle is entitled to some award of fees, any award must be based on adequate evidence.

As a matter of due process, so that Rimini and this Court may evaluate whether Oracle's requested attorneys' fees and costs are reasonable and based on reliable and admissible evidence, Rimini requests the following discovery: (1) The retainer agreements between Oracle and its counsel; (2) guidelines that Oracle imposes on outside counsel; (3) metadata regarding the entry of time into Oracle's counsel's timekeeping software that generated the invoices that Oracle has submitted in support of its request for fees, showing all instances where time was entered more than a week after legal services were performed; and (4) depositions of the persons most knowledgeable about the incurred fees at Oracle and the timekeeping policies or practices of Oracle's law firms. Given a fee request of this magnitude, one that is disproportionate to the verdict, Rimini should be allowed to test Oracle's assertions, and these discovery requests are a reasonable starting point.

**I.      LEGAL STANDARD**

It is settled law that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Attorneys' fees may be awarded only

upon "an adequate evidentiary basis." *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 838 (9th Cir. 1982) (vacating award of "substantial amount of money" in fees because the "affidavits and briefs submitted by the parties" were not "sufficiently detailed to provide a basis for the award"); *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556-1558 (9th Cir. 1989) (vacating award of attorneys' fees in copyright infringement case because the district court did not "make specific findings of the rate and hours it ha[d] determined to be reasonable" based on plaintiff's inadequate showing of "reconstructed records" rather than "contemporaneous records").

To ensure there is an adequate evidentiary record upon which the Court may determine whether, and to what extent, attorneys' fees are appropriate, district courts have broad discretion to compel post-trial discovery relating to attorneys' fees. *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996), *overruled on other grounds by City of Boerne v. P.F. Flores*, 521 U.S. 507 (1997); *see also Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense*, 675 F.2d 1319, 1329-30 (D.C. Cir. 1982) (party opposing fee request may serve discovery requests on the other side); *Muniz v. United Parcel Serv., Inc.*, 2011 WL 311374, at *3 (N.D. Cal. Jan. 28, 2011); *Real v. Continental Group., Inc.*, 116 F.R.D. 211 (N.D. Cal. 1986) (ordering responses to interrogatories and document requests regarding reasonableness of attorneys' fees).

Given the sheer magnitude of Oracle's claim, Rimini respectfully suggests that the Court should exercise its discretion and allow the requested discovery that is reasonably being sought by Rimini. Given the rapidly approaching deadline for its response to Oracle's motion, Rimini and its experts request that this material be produced as soon as possible.

## II. ARGUMENT

Rimini seeks limited discovery in order to properly evaluate whether Oracle's motion for $56.2 million in attorneys' fees is reasonable and based on an adequate, accurate, and reliable evidentiary record. This discovery is appropriate to ensure that, to the extent the Court finds Oracle is entitled to an award, that Oracle does not receive an excessive award. Any award to Oracle should take into account the duration of this litigation, the number of attorneys and law

3

firms for which Oracle is seeking fees, and the very limited success Oracle obtained in this lawsuit, among other factors.

### A.    Fee Agreements Are Relevant to the Reasonableness of Any Fee Award.

Oracle's fee agreements with its counsel very well may assist Rimini and the Court evaluate the reasonableness of Oracle's claimed attorneys' fees and costs, or at least provide a reasonable starting point for this inquiry. Rimini has retained two expert witnesses, Dennis Kennedy and Professor William Ross, each of whom anticipate preparing an opinion regarding the reasonableness of Oracle's requested fees. Professor Ross and Mr. Kennedy have opined that the fee agreements may help them determine (1) the reasonableness of Oracle's attorneys' billing rates, particularly if the fee agreement includes any outside counsel billing guidelines that Oracle provided to its attorneys (which Rimini is also entitled to see), setting forth Oracle's own expectations as to the reasonableness of outside counsel billing practices; and (2) whether Oracle is seeking fees based on the hourly rates that Oracle agreed to pay, or different rates. *See* Kennedy Affidavit at 4 ¶ 8.1; Ross Affidavit at 2 ¶ 7.

It is well established that, as a matter of law, engagement letters and fee agreements between a party and its counsel are relevant to the reasonableness of that party's subsequent request for attorneys' fees, and that such agreements are therefore discoverable. *Blanchard v. Bergeron*, 409 U.S. 87, 93 (1989) ("The presence of a pre-existing fee agreement may aid in determining reasonableness."); *Hamner v. Rios*, 769 F.2d 1404, 1407 (9th Cir. 1985) (contingency fee agreement); *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1167 (N.D. Cal. 2015) ("The attorney-client fee arrangement can often provide valuable indication of the prevailing reasonable rate in the community."); *FirstNet Ins. Co. v. Zhen Rui Brother Corp.*, 2011 WL 8034171 (D.N. Mar. I. Oct. 24. 2011) (claim for attorneys' fees makes the retainer agreement relevant and discoverable). Indeed, the discoverability of fee agreements is so well recognized that some courts *require* the agreement to accompany an application for attorneys' fees, *see*, *e.g.*, United States District Court for the District of Arizona Local Rule 54.2(d)(2), while other courts compel production of fee agreements upon a discovery request, *see*, *e.g.*, *Tokraz v. TRG Columbus*

*Dev. Venture, Ltd.*, 2008 WL 3850692 (S.D. Fl. Aug. 14, 2008) ("It is well established that a retainer agreement is discoverable").

This Court can and should order the production of Oracle's engagement letters and fee agreements in order to protect against an unreasonable and excessive fee award. *Torres v. Toback, Bernstein, & Reiss LLP*, 278 F.R.D. 321, 322 (E.D.N.Y. 2012) (retainer agreement sets out the financial expectation of the parties and terms of agreement are relevant "in determining the reasonableness of the fees charged"). *Cf. In re Michaelson*, 511 F.2d 882, 888 (9th Cir. 1975).

### B. Billing Guidelines Are Relevant to the Reasonableness of Any Fee Award.

The guidelines Oracle provides its outside counsel regarding billing and representation are similarly relevant. *See Dynamic Concepts, Inc. v. Truck Ins. Exchange*, 61 Cal. App. 4th 999, 1009 n.9 (1998) (noting that "outside counsel guidelines" restrict "certain types of discovery," call for paralegals to do certain legal work, and prohibit filing certain pretrial motions). These guidelines are relevant because they may (i) limit the time or money spent on certain tasks (*e.g.*, all research must be approved); (ii) limit the number of attorneys who may perform a task, such as attending hearings or working on motions; (iii) restrict personnel for certain tasks (*e.g.*, only a paralegal or junior associates may conduct certain tasks); (iv) restrict the amount of research that may be performed; or (v) require time-efficient use of technology and frugality in expenses, among other potential limitations. For these reasons, they are commonly considered when determining the reasonableness of a fee request. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Seagate Tech., Inc.*, 2013 WL 3187318, at *8 (N.D. Cal. June 21, 2013) (extra-contractual billing guidelines from insurance company were relevant to reasonableness of fees and reduction of payments). Deviations from these guidelines could help Rimini's experts determine whether Oracle's counsel's bills are unreasonable.

Indeed, the Ninth Circuit considers customary fee and time limitations imposed by clients. *See Rutherford v. Pitchess*, 713 F.2d 1416, 1420-21 (9th Cir. 1983) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). And this Court's local rules also require a fee application to include a summary of the "customary fee" and "the time limitations imposed by the

5

client." Local Rule 54-16(b)(3)(F), (H).

Thus, if Oracle provided guidelines to its counsel, those guidelines are effectively part of the fee agreement and are essential to determining the reasonableness of the instant fees sought. *See Ins. Co. of State of Penn. v. City of San Diego*, 2007 WL 935712 (S.D. Cal. Feb. 27, 2007) (plaintiff ordered to produce similar documents to compare the plaintiff's claimed rates and criteria for reimbursement with the standards for the community as represented by the defendant city's normal practices). Rimini therefore seeks Oracle's guidelines, instructions, and criteria, including any hourly rate guidelines, used for the retention of counsel in this or similar matters.

### C. Contemporaneous Billing Records Are Relevant to Any Fee Award, Including Metadata That Reveal Delays of More Than One Week from Delivery of Service to Entry of Time.

As the party seeking a fee award, Oracle bears the burden of producing evidence demonstrating that the hours expended, nature of work done by each attorney, and billing rate for each attorney are reasonable. *Gashtili v. JB Carter Props. II, LLC*, 2014 WL 300178, at *2 (D. Nev. Jan. 24, 2014) (party seeking fees must produce evidence supporting hours worked); *Pacquiao v. Mayweather*, 2011 WL 6400298, at *1 (D. Nev. Dec. 20, 2011) (noting that local rule 54-16 "contemplates a thorough breakdown of time including identifying the individuals who provided the work, what was being worked on, and the amount of time spent on the particular item"); Kennedy Affidavit at 5 ¶ 7.3. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Gashtili*, 2014 WL 300178, at *4.

#### 1. *Time entries that are recorded more than a week after the corresponding task performed are less reliable.*

Whether the billing records supporting Oracle's fee award were recorded at or near the time that the legal services were performed is relevant to whether those records are reasonable and reliable. *See Nance v. Jewell*, 2014 WL 948844, at *11 (D. Mont. Mar. 11, 2014), appeal dismissed (Aug. 13, 2014) (reducing award of costs because they were "not supported by contemporaneous recording"); *Lehr v. City of Sacramento*, 2013 WL 13264546, at *8-10 (E.D. Cal. Apr. 2, 2013) (noting that "[t]he Ninth Circuit allows district courts to reduce an award of

6

attorney's fees for counsel's failure to keep contemporaneous records"); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 5451411, at *3 (N.D. Cal. Nov. 7, 2012) ("Although parties seeking attorneys' fees are required only to provide affidavits "sufficient to enable the court to consider all the factors necessary to determine a reasonable attorney's fee award," parties are subject to a reduction in the hours awarded when they fail to provide adequate documentation, notably contemporaneous time records."), *citing Ackerman v. W. Elec. Co., Inc.*, 643 F.Supp. 836, 863 (N.D. Cal. 1986) *and Williams v. Alioto*, 625 F.2d 845, 849 (9th Cir.1980); *G & G Closed Circuit Events, LLC v. Kim Hung Ho*, 2012 WL 3043018, at *2 (N.D. Cal. July 25, 2012) ("Because the billing records were not created contemporaneously, the Court finds that they are inherently less reliable.").

While the Ninth Circuit has held that contemporaneous records are not "absolutely necessary" to justify a fee award, it has made clear that the lack of such records may provide a valid basis to reduce a significant fee request. *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1121-22 (9th Cir. 2000). This concern is well founded because "a delay in recording time often leads to its expansion." *See Dutchak v. Cent. State, Se. & Sw. Areas Pension Fund*, 932 F.2d 591, 597 (7th Cir. 1991); *Lehr*, 2013 WL 1326546, at *10 ("[T]he reconstruction of time records can be difficult, and the reliability of such reconstructed billing records is inherently suspect."); *Cook v. Harrison Med. Ctr.*, 2015 WL 5307626, at *1-2 (W.D. Wash. Sept. 9, 2015) (counsel "overstated his reconstructed time"); *Defenbaugh v. JBC & Assocs., Inc.*, 2004 WL 1874978, at *12 (N.D. Cal. Aug. 10, 2004) (court must be able to conclude that reconstructed time records do "not appear to be inflated"); *Saunders v. Naval Air Rework Facility*, 1981 WL 418, at *3 (N.D. Cal. Sept. 4, 1981) ("Although reconstructed time records may form the basis of a fee award, these records do tend to inflate the hours claimed").[1]

Consistent with these cases Professor Ross states that "records that are recorded at or near

---

[1] The Second Circuit has gone further, directing that "all applications for attorney's fees … for any work done after the date of this opinion should *normally be disallowed* unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983) (emphasis added). Rimini submits that this is the better approach.

7

the time the work is performed (e.g., within minutes or hours) are likely to be more accurate than are records that are based upon later recollections (e.g., several weeks after the work was performed), for it is natural for attorneys who reconstruct their time to forget about various kinds of inevitable interruptions or intrusions that reduce their billable time." Ross Affidavit at 4 ¶ 10. He notes: "Overstatements of reconstructed time are common and particularly likely to occur in complex and protracted litigation in which attorneys are billing large amounts of time." *Id.*

Mr. Kennedy has similarly opined that attorneys should record their time on a daily basis because "[t]he longer an attorney waits to do so, the less likely the time entry reliably reflects the work performed and the time expended." Kennedy Affidavit at 5 ¶ 7.3.1. Thus, "[i]f counsel for the Oracle Parties did not record their time on a daily (or even weekly) basis, it would call into question whether the time entries submitted with the Fee Motion are reliable." *Id.* at 5 ¶ 7.3.2.

For example, to determine whether billing records were maintained contemporaneously, courts have ordered the production of billing records in their "native format." *Ellis v. Toshiba Am. Info. Sys., Inc.*, 218 Cal. App. 4th 853 (2013). In *Ellis*, plaintiff's counsel sought an award of fees exceeding $24 million, which the court characterized as "staggering." *Id.* at 858. The trial court ordered plaintiff's counsel to produce her time records in their "native format" so that the defendant and court could "verify both that the time records showed what [counsel] actually did, and that the claimed attorney time did not represent something that could have been done by a secretary or paralegal." *Id.* Counsel thereafter deleted metadata from her billing records, and instead produced the "wiped" clean PDFs, causing the trial court to order an inspection of her computers, and ultimately deny her request for fees entirely. *Id.* at 861. The court of appeal affirmed the trial court's decision to exclude certain evidence because counsel "repeatedly resisted discovery of her original time records." *Id.* at 885.

Here, Oracle's request for $56.2 million in attorneys' fees is more than double the "staggering" amount sought in *Ellis*. Because of the "sizable nature" of the fees requested by Oracle, Rimini and its expert witnesses should be entitled to review the electronic timekeeping system metadata to determine whether those records were maintained contemporaneously and

8

therefore whether they are reliable, reasonable, and admissible.  Rimini therefore requests an order compelling Oracle to produce contemporaneous billing records, as well as metadata associated with the electronic attorney timekeeping system sufficient to identify the date the time was entered compared to the date the services were performed.

### 2. *Oracle has opened the door.*

Oracle's counsel, Thomas Hixson, states in his declaration that "[a]ll timekeepers track their time *by the day* to the nearest tenth of an hour."  Declaration of Thomas S. Hixson in Support of Oracle's Motion for Costs and Attorneys' Fees [Doc. 918 at 3 ¶ 15 (emphasis added).]  Rimini is not required to take that statement as true.  It is entitled to discovery to test Mr. Hixson's assertion, especially since Oracle has put it at issue.

### 3. *If time was not kept at or near the date the services were provided, the invoices should not be admitted.*

In addition to being relevant to whether Oracle's request is reliable and reasonable, if time was not recorded at or near the date when services were provided, the invoices may be inadmissible hearsay that cannot support the fee award.  *C.f., Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 223 (9th Cir. 2013) (vacating fee award based on inadmissible hearsay); *Hiram Ricker & Sons v. Students Int'l Meditation Soc.*, 501 F.2d 550, 554 (1st Cir. 1974) ("another requirement of the [business records] exception is that entries be made contemporaneously with the transaction" and entries "at least a week after" were not contemporaneous); *United States v. Lemire*, 720 F.2d 1327, 1350 (D.C. Cir. 1983) (report summarizing events five months later not a business record under Federal Rule of Evidence 803).

### D. **Rimini Is Entitled to Depose the People at Oracle and the Offices of its Counsel Who Are Most Knowledgeable About the Claimed Fees.**

Based on the foregoing, Rimini should be permitted to examine the individuals who are most familiar with the documents that Oracle submitted to support its motion for fees, as well as the further evidence it will provide should the Court grant this motion.  *See Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545 (9th Cir. 1989) (trial court "correctly refused to accept

9

uncritically plaintiffs' counsel's representations concerning the time expended" and hours not contemporaneously recorded should be credited only if "supported by other evidence such as testimony or secondary documentation"). Rimini therefore requests that the Court order the persons at Oracle and its law firms who are most knowledgeable about the requested fees and billing entries to appear at a deposition. *See Logistec USA, Inc. v. Daewoo Int'l Corp.*, 2015 WL 3767465, at *7 (S.D. Ga. June 17, 2015) (ordering plaintiff's counsel to make themselves available for deposition if defendant wanted to depose them "regarding the amount or reasonableness of its fees.")

In particular, the deponent from each law firm must be required to answer questions regarding assertions in the affidavits submitted in support of Oracle's motion for fees. Each law firm's person most knowledgeable also should be prepared to address (i) whether the respective firm has a policy, practice or recommended best practice calling for time entry into the firm's electronic timekeeping system on a daily basis or other interval of time; (ii) whether the firm tracks and records the level of compliance with such policy or practice, including specific compliance by any attorneys representing Oracle in the action; and (iii) any documents in the firm's possession, custody or control that describe or refer to the level of such compliance.

## IV. CONCLUSION

For these reasons, Rimini requests an order compelling Oracle to produce (1) the retainer agreements between Oracle and it counsel; (2) guidelines that Oracle imposes on outside counsel; (3) metadata regarding the entry of time into plaintiff's counsel's electronic timekeeping system relative to the date services were performed that generated the invoices that Oracle has submitted in support of its request for fees, where such time was entered more than a week after services were performed; and (4) depositions of the persons most knowledgeable about the incurred fees at Oracle and the timekeeping policies and practices at offices of Oracle's counsel.

November 23, 2015                LEWIS ROCA ROTHGERBER LLP

By: */s/ Daniel F. Polsenberg*
  DANIEL F. POLSENBERG (SBN 2376)
  3993 Howard Hughes Parkway, Suite 600
  Las Vegas, Nevada 89169
  (702) 949-8200

  *Attorneys for Defendants*
  *RIMINI STREET, INC., a Nevada corporation*
  *SETH RAVIN, an individual*

11

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2015, I caused to be electronically filed the foregoing document with the Clerk of the Court for U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Jessie M. Helm*
An Employee of Lewis Roca Rothgerber LLP

12