# EXHIBIT 2

# EXHIBIT 2

SHOOK, HARDY & BACON LLP
B. Trent Webb (*pro hac vice*)
Peter Strand  (*pro hac vice*)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
pstrand@shb.com

Robert H. Reckers (*pro hac vice*)
600 Travis Street, Suite 3400
Houston, Texas  77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
Daniel F. Polsenberg (Nevada Bar No. 2376)
W. West Allen (Nevada Bar No. 5566)
Joel D. Henriod (Nevada Bar No. 8492)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
DPolsenberg@LRRLaw.com
WAllen@LRRLaw.com
JHenriod@LRRLaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, California 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly
3993 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada, 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants*
*Rimini Street, Inc., and Seth Ravin*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ORACLE USA, INC., a Colorado corporation;
ORACLE AMERICA, INC., a Delaware
corporation; and ORACLE INTERNATIONAL
CORPORATION, a California corporation,

Plaintiffs,

v.

RIMINI STREET, INC. , a Nevada corporation;
SETH RAVIN, an individual,

Defendants.

Case No. 2:10-cv-0106-LRH-PAL

**AFFIDAVIT OF
DENNIS L. KENNEDY**

6998110_1

## AFFIDAVIT OF DENNIS L. KENNEDY

STATE OF NEVADA    )
                       ) SS.
COUNTY OF CLARK   )

Comes now, DENNIS L. KENNEDY, who being first duly sworn, deposes and says:

1.     I am a resident of Henderson, Nevada.

2.     I am an attorney and have been licensed to practice law in the State of Nevada since 1975. Between 1975 and 2006, I was a member of the law firm of Lionel Sawyer & Collins, and I was a shareholder and director of that firm from 1979 until January 6, 2006. Since January 9, 2006, I have been a partner in the law firm of Bailey❖Kennedy (formerly known as Bailey❖Merrill). My primary area of practice during these 40 years has been civil litigation. Since 1988, I have devoted a substantial amount of my time (both professional and personal) to the area of professional responsibility and legal ethics. My activities in this area include: (i) service on the State Bar Disciplinary Committee (Southern) for nine years, three years as Chairman; (ii) service on the State Bar Ethics and Professional Responsibility Committee for eight years, three years as Chairman; (iii) service on various Nevada Supreme Court Committees charged with adoption, review, and revision of ethics and disciplinary rules; (iv) representation of attorneys and judges charged with ethical and disciplinary offenses; (v) defense of the Nevada State Bar and the Nevada Commission on Judicial Discipline in litigation; (vi) representing lawyers, judges, and others in litigation against the Nevada State Bar and the Nevada Commission on Judicial Discipline; (vii) giving expert testimony and advice on professional ethics; (viii) conducting continuing legal education on matters of professional ethics; and (ix) occupying the position of adjunct professor of law at the William S. Boyd School of Law (UNLV), where I teach Nevada Civil Practice, a course which components consist of Civil Procedure, Evidence, and Professional Ethics. All of this is set forth in my curriculum vitae, which is attached hereto as Exhibit 1.

3.     I have been retained by Rimini Street, Inc. ("Rimini") and Seth Ravin ("Mr. Ravin") (jointly, the "Rimini Defendants") to render an opinion pertaining to the reasonableness of the attorneys' fees incurred by counsel representing Plaintiffs Oracle USA, Inc., Oracle America, Inc.,

6998110_1

1  and Oracle International Corporation (collectively, the "Oracle Parties") in the matter entitled *Oracle*

2  *USA, Inc., et al. v. Rimini Street, et al.*, Case No. 2:10-cv-00106-LRH-PAL, pending in the United

3  States District Court, District of Nevada (the "Case").[1]

4      3.1.    On November 13, 2015, the Oracle Parties filed a Motion for Costs and

5  Attorneys' Fees (the "Fee Motion").[2]  The Rimini Defendants presently have until December

6  14, 2015 to file their Response to the Fee Motion.[3]  I will be preparing and submitting an

7  opinion pertaining to the reasonableness of the attorneys' fees sought by the Oracle Parties

8  (the "Fee Opinion") for use by the Rimini Defendants in responding to the Fee Motion.

9      3.2.    The Rimini Defendants have also asked me to prepare an opinion concerning

10  whether the fee arrangement between the Oracle Parties and their counsel may be useful to

11  me in determining the reasonableness of the attorneys' fees sought by the Oracle Parties.

12      4.    The opinions expressed herein are solely my own and may be modified in the event

13  that other evidence or documents are presented to me.   Joshua P. Gilmore, Esq. and Paul C.

14  Williams, Esq. (two associates in my office) assisted me, under my direction and supervision, in the

15  preparation of this Affidavit.

16  **EVIDENCE USEFUL IN ASSESSING THE REASONABLENESS OF LEGAL FEES**

17      5.    On November 4, 2015, the Rimini Defendants' counsel sent a letter to the Oracle

18  Parties' counsel, requesting copies of the following categories of documents/data for purposes of

19  assessing the reasonableness of the attorneys' fees to be sought by the Oracle Parties in the Case:

20      5.1.    Copies of engagement letters and other documents setting forth the fee

21  arrangement between the Oracle Parties and their counsel;

22

23

---

24  [1]  A district court may consider expert testimony in determining the reasonableness of attorneys' fees
25  sought by a prevailing party. *See, e.g.*, *Lobatz v. U.S. W. Cellular of Cal.*, 222 F.3d 1142, 1148-49
26  (9th Cir. 2000); *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010)
(citing *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2008)).

27  [2]  *See generally* Oracle's Mot. for Costs & Attorneys' Fees (Public Redacted Version), ECF No. 917,
Nov. 13, 2015.

28  [3]  Order, ECF No. 903, Oct. 22, 2015, at 1:23.

2

1       5.2.    The Oracle Parties' billing guidelines and other related documents containing

2  instructions for outside counsel retained to handle litigation for the Oracle Parties;

3       5.3.    All metadata associated with electronic time-keeping systems used by counsel

4  representing the Oracle Parties in the Case that indicate the date that attorney time was

5  recorded relative to the date that legal services were provided;

6       5.4.    Documents showing payments, if any, made by the Oracle Parties to their

7  counsel for fees incurred during the pendency of the Case;[4] and

8       5.5.    The names of persons most knowledgeable about the fees incurred by the

9  Oracle Parties with regard to the Case.[5]

10      6.    On November 6, 2015, the Oracle Parties' counsel sent a letter to the Rimini

11  Defendants' counsel, indicating that the Oracle Parties would not produce the information sought by

12  the Rimini Defendants.

13      7.    Based on my experience in assessing the reasonableness of attorneys' fees and my

14  familiarity with the duty of counsel to only charge and collect a reasonable fee for representing a

15  client in a matter, which will be discussed in detail in the Fee Opinion, it is my opinion that the

16  following documents and materials sought by the Rimini Defendants may be useful to me in

17  assessing the reasonableness of the fees purportedly incurred by counsel for the Oracle Parties in the

18  Case (particularly given the amount of fees at stake): (1) engagement letters between the Oracle

19  Parties and their counsel; (2) the Oracle Parties' billing guidelines and related documents; and (3)

20  information indicating whether counsel for the Oracle Parties recorded their time contemporaneously

21  or after the fact and the extent of any related disparity.

22

23  [4]  According to the Fee Motion, it appears that the Oracle Parties paid all their fees, which, if true,

24  would eliminate the need to obtain documents evidencing payments by the Oracle Parties to their
counsel. (*See* Fee Mot., at 16-17.)  If, however, the Oracle Parties did not pay all the fees sought, I

25  reserve the right to supplement this Affidavit to address why that information may be useful to me in
preparing the Fee Opinion. *See, e.g., Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1545

26  (9th Cir. 1992) (noting that the reasonableness of fees incurred includes considering the rates
charged by counsel to "their paying clients for legal work of similar complexity").

27  [5]  The Rimini Defendants are entitled to examine the attorneys who submitted affidavits in support

28  of the Fee Motion. *See* LR 54-16(f).

3

6998110_1

7.1. Engagement letters should identify the various rates to be charged by counsel for the Oracle Parties for work on the Case. Nevada RPC 1.5(b). This information may be useful in determining whether counsel for the Oracle Parties are seeking a lodestar calculation based on the hourly rates that the Oracle Parties agreed to pay, or different rates. *See Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989) ("The presence of a pre-existing fee agreement may aid in determining reasonableness.").

7.2. Billing guidelines and related documents should set forth what the Oracle Parties believe is reasonable and appropriate, based on their prior experience, for a litigation matter.[6] This information may be useful in determining whether the Oracle Parties are seeking fees for work that did not comply with their own billing guidelines. *Cf. Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (noting that counsel must exercise "billing judgment" in representing a client and avoid incurring fees that are "excessive, redundant, or otherwise unnecessary"). The following are some, but not all, examples:

7.2.1. Billing guidelines may address how many attorneys may attend hearings, depositions, and trial. If more attorneys attended hearings, depositions, and trial in the Case than permitted by the billing guidelines, it would call into question whether the Oracle Parties should be awarded all the fees incurred by their counsel for attending hearings, depositions, and trial.

7.2.2. Billing guidelines may address whether attorneys may bill for inter-office meetings, and if so, whether the Oracle Parties will pay for each attorney who attends those meetings. If the Oracle Parties do not typically pay for inter-office meetings or limit the number of attorneys entitled to bill for such meetings, it would call into question whether the Oracle Parties should be awarded all the fees incurred by their counsel for inter-office meetings.

---

[6] Large companies frequently retain outside counsel to handle litigation and have strict billing guidelines that such counsel must adhere to as an express condition to undertaking the representation.

4

1           7.2.3.      Billing guidelines may address to what extent counsel may bill for

2  editing and reviewing documents.  If the Oracle Parties limit the number of attorneys

3  who may work on the same task, it would call into question whether their counsel

4  spent an unreasonable amount of time on a particular task.

5         7.3.      Evidence indicating whether counsel recorded their time contemporaneously

6  or after the fact may be useful in the assessing the reasonableness of the fees.  *See Hensley*,

7  461 U.S. at 438 (holding that a district court properly "reduced the hours of one attorney by

8  thirty percent to account for his inexperience and failure to keep contemporaneous time

9  records."); *accord Joe Hand Promotions, Inc. v. White*, No. C 11-01331 CW JSC, 2011 WL

10  6749061, \*2 (N.D. Cal. Dec. 6, 2011) ("Because the billing records were not created

11  contemporaneously, the Court finds that they are inherently less reliable."), *report &*

12  *recommendation adopted*, No. C 11-01331 CW JSC, 2011 WL 6749065 (N.D. Cal. Dec. 23,

13  2011).

14           7.3.1.      As best practice, to ensure the reliability and trustworthiness of time

15  records, attorneys should record their time on a daily basis in order to accurately

16  account for time incurred with regard to a matter.  The longer an attorney waits to do

17  so, the less likely the time entry reliably reflects the work performed and time

18  expended.

19           7.3.2.      If counsel for the Oracle Parties did not record their time on a daily

20  (or even weekly) basis, it would call into question whether the time entries submitted

21  with the Fee Motion are reliable and trustworthy.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

6998110_1

1         7.4.    For these reasons, it is my opinion that the information sought by the Rimini

2    Defendants concerning the Oracle Parties' legal fees may assist me in assessing the

3    reasonableness of the attorneys' fees sought by the Oracle Parties in the Case. FED. R. EVID.

4    703 (stating that an expert's opinion may be based on information that experts in the field

5    would reasonably rely on in forming an opinion on the subject).

6    Dated this 20th day of November, 2015.

7    

8                   DENNIS L. KENNEDY

9    

10   Subscribed and sworn to before me
     this 20th day of November, 2015.

11   
     NOTARY PUBLIC

12   

**JENNIFER J. KENNEDY**
Notary Public State of Nevada
No. 98-3885-1
My Appt. Exp. Sept. 26, 2017

6

# Exhibit 1

# Exhibit 1

# DENNIS L. KENNEDY
# CURRICULUM VITAE

## EDUCATION

- B.A. Economics, University of Washington (1972)
- J.D., University of Washington School of Law (1975)
- Board of Editors, Washington Law Review

## PROFESSIONAL ASSOCIATIONS

- State Bar of Nevada
- American Bar Association
- American College of Trial Lawyers
- American Bar Association Standing Committee on Lawyers' Professional Responsibility

## EMPLOYMENT

- Lionel Sawyer & Collins (1975 - 1/6/2006)
- Bailey❖Kennedy (1/9/2006 - present)

## OTHER POSITIONS

- Adjunct Professor, UNLV/William S. Boyd School of Law; Health Care Law (2001, 2003, 2005); Nevada Civil Practice (2006, 2007, 2008, 2015)
- Chairman, Board of Trustees, Nathan Adelson Hospice (1995 - present)

## PUBLICATIONS

- Co-Author, Nevada Civil Practice Manual (5th ed., 2001)(2003-2013 supplements)

- Co-Editor (with Professor Jeffrey Stempel), Nevada Civil Practice Manual (5th ed.) (2003-2013 supplements)

- Solo and Small Firm Ethics Traps, Clark County Bar Association COMMUNIQUE (December 2013)

## SUPREME COURT AND BAR COMMITTEES

- State Bar of Nevada Disciplinary Committee (1989-1997).  Chairman, Southern District (1993-1995)

- Member of State Bar Committee on Ethics and Professional Responsibility (December 2001 - December 2009; Chairman 2003-2007)

- Member of State Bar Committee on the Revisions to the Nevada Rules of Professional Conduct (the "Ethics 2000 Committee") (2003-2004)

- State Bar Professionalism Task Force (2004-present); Chairman, CLE Subcommittee (2009-2010). (Task force recently developed a mentoring program designed to assist newly admitted lawyers in the transition into the profession.)

- Nevada Supreme Court Bench-Bar Committee (SCR 14) (2005-present) (General function of the Committee is to consult with the Supreme Court on issues affecting the practice of litigation, including proposed amendments to the Nevada Rules of Civil and Appellate Procedure.)

- Member of Nevada Supreme Court Article 6 Commission (2007-2011) (Commission's projects were (i) the proposed intermediate court of appeals, (ii) changes in judicial selection process and (iii) changes in judicial campaign fund raising and disclosure). Final report of Commission issued June 2011

- Member of Nevada Supreme Court Committee on Public Access to Lawyer Discipline (1994). Committee report resulted in amendments to SCR 121

- Member of Nevada Supreme Court Committee on Judicial Ethics and Election Practices (1995). Committee report resulted in the adoption of the Rules Governing the Standing Committee on Judicial Ethics and Election Practices (1997)

- Member of Nevada Supreme Court Committee to Study the Amendment of NRCP 68 (offers of judgment) (2008-present)

## RATINGS AND RANKINGS

- Martindale Hubbell "A" "V" rating.

- Mountain States "Super Lawyer" 2015; Top 10 – ranked third overall – for Nevada, Utah, Montana, Idaho and Wyoming.

- Mountain States "Super Lawyer" 2005-present (top 75 lawyers in Nevada, Utah, Montana, Idaho and Wyoming).

- Chambers U.S.A. - one of the top 5 commercial litigators in Nevada (2005-present).

- Best Lawyers In America - Commercial Litigation and "Bet the Company" cases (1998-present).

- Best Lawyers' 2012 Las Vegas Health Care Lawyer of the Year.

REPORTED CASES (1985-present)

- Lakeside Community Hospital v. Levenson, 101 Nev. 777, 710 P.2d 727 (1985).

- Herbst v. Humana Health Ins. of Nevada, 105 Nev. 586, 781 P.2d 762 (1989).

- In re Discipline of Stuhff, 108 Nev. 629, 837 P.2d 853 (1992).

- In re Discipline of Singer, 109 Nev. 1117, 865 P.2d 315 (1993).

- Forsyth v. Humana, Inc., 827 F. Supp. 1498 (D. Nev. 1993), aff'd in part and rev'd in part by Forsyth v. Humana, Inc., 99 F.3d 1504 (9th Cir. 1996); superseded on rehearing by Forsyth v. Humana, Inc., 114 F.3d 1467 (9th Cir. 1997); affirmed by Humana, Inc. v. Forsyth, 525 U.S. 299 (1999).

- Snoeck v. Brussa, 153 F.3d 984 (9th Cir. 1998).

- State of Nevada v. Reliable Health Care, 115 Nev. 253, 983 P.2d 414 (1999).

- Baker v. District Court, 116 Nev. 527, 999 P.2d 1020 (2000).

- Nguyen v. State, 116 Nev. 1171, 14 P.3d 515 (2000) (amicus brief for Nevada Resort Assn.).

- Brown v. District Court, 116 Nev. 1200, 14 P.3d 1266 (2000).

- Badillo v. American Brands, 117 Nev. 34, 16 P.3d 435 (2001).

- Badillo v. American Brands, 202 F.R.D. 261 (D. Nev. 2001).

- Michel v. Bare, 230 F. Supp. 2d 1147 (D. Nev. 2002).

- Maduka v. Sunrise Hospital, 375 F.3d 909 (9th Cir. 2004).

- Poulos v. Caesar's World, Inc., 379 F.3d 654 (9th Cir. 2004).

- International Game Technology, Inc. v. Second Judicial District Court, 122 Nev. Adv. Op. 13, 127 P.3d 1088 (2006).

- Leroy's Horse and Sports Place v. Racusin, 2001 WL 1345974 (9th Cir. November 1, 2001) (reversing district court judgment re damages and attorney's fees and remanding for jury trial); Leroy's Horse and Sports Place v. Racusin, CV-S-950-00927 (D. Nev. July 8, 2003) (jury verdict of $2,310,000); Hartunian v. Racusin, 2005 WL 79089 (9th Cir. January 14, 2005) (reversing district court order refusing to award pre-judgment interest on $2,310,000 jury verdict and remanding for determination of interest amount); Racusin v. American Wagering,

Inc., 465 F.3d 1048 (9th Cir. 2006), withdrawn on rehearing 493 F.3d 1067 (2007) (reversing BAP decision subordinating debt and affirming client's status as creditor entitled to payment of $2,310,000 judgment).

- Nanopierce Technologies, Inc. v. Depository Trust Clearing Corp., 123 Nev. 362,168 P.3d 73 (September 20, 2007) (brief and oral argument on behalf of amicus curiae North American Securities Administrators Assn.).

- State of Nevada v. District Court (RJR Tobacco), 125 Nev. 37, 44, 199 P.3d 828 (January 29, 2009).

- Betsinger v. D.R. Horton, Inc., 126 Nev. 162, 232 P. 3d 433 (May 27, 2010).

- Orion Portfolio Services 2, LLC v. Clark County, ex rel. University Medical Center, 126 Nev. Adv. Op. No. 39, 245 P. 3d 529 (October 14, 2010).

- U-Haul International, Inc. v. Albright, 626 F. 3d 498 (9th Cir. 2010).

- Bahena v. Goodyear Tire & Rubber Co., 126 Nev. Adv. Op. 57, 245 P.3d. 1182 (2010) (brief on behalf of amicus curiae United States Chamber of Commerce).

- Stultz v. Bellagio, LLC, Nevada Supreme Court Case No. 56164 (October 29, 2011).

- Walters v. Eighth Jud. Dist. Ct. ex rel. Cnty., of Clark, 127 Nev. Adv. Op. No. 66, 263 P.3d 231 (2011).

- In re City Center Construction and Lien Master Litigation, Nevada Supreme Court Case No. 57186 (October 19, 2011).

- Richman v. District Court, Nevada Supreme Court Case No. 60676 (May 31, 2013).

- Golden Gaming, Inc. v. Corrigan Management, Inc., Nevada Supreme Court Case Nos. 61696 and 62200 (March 26, 2015).

ETHICS/PROFESSIONAL RESPONSIBILITY REPRESENTATION

- Defense of non-Nevada lawyer on charges of unauthorized practice (and related offenses) before State Bar Disciplinary Panel (1998-1999). (Name of counsel and law firm are confidential.)

- Representation of candidate for district court in defense of complaint regarding campaign advertisements before Standing Committee on Judicial Ethics and Campaign Practices. (1998). Name of candidate is confidential.

- Representation of attorney in appeal of disqualification order (SCR 160).  Brown v. Eighth Judicial District Court, 116 Nev. 1200, 14 P.3d 1266 (2000).

- Representation of attorney before fee dispute panel in matter involving recovery of quantum meruit fee in the absence of written fee agreement in contingent fee case.  West v. Myers, No. 02-128.

- Representation of members of Nevada Commission on Judicial Discipline in defense of action challenging constitutionality of the Commission's rules and activities.  Snoeck v. Brussa, 153 F.3d 984 (9th Cir. 1998).

- Representation of Members of Nevada Commission on Judicial Discipline in defense of RICO and Civil Rights claims.  Mosley v. Gang, et al.,   Case No. CV-S-00-0976-JLQ(LRL).

- Representation of State Bar of Nevada in defense of action brought by out-of-state law firm challenging the constitutionality of SCR 199 firm name provision.  Lewis & Roca v. Bare, Case No. CV-S-99-0757-JBR (RLH).

- Representation of law firm in challenge to constitutionality of Supreme Court Rule prohibiting use of trade name by lawyers.  Michel v. Bare, 230 F. Supp. 2d 1147 (D. Nev. 2002) (declaring SCR 199(1) unconstitutional).

- Representation of candidate for district court in defense of complaint regarding allegedly untrue and defamatory statements made concerning opponent before Standing Committee on Judicial Ethics and Campaign Practices.  (2002).  Name of candidate is confidential.

- Representation of Nevada Commission on Judicial Discipline in defense of § 1983 civil rights claim.  Luckett v. Hardcastle, et al., Case No. CV-S-05-0726 RLH-RJJ.  (Complaint dismissed).

- Representation of attorney in defense of lawsuit alleging negligence and malpractice.  Malignaggi v. Goldberg, Case No. A 508763, District Court, Clark County, Nevada (case dismissed).

- Representation of law firm in opposing disqualification motion.  Provenza v. Yamaha Motor Co., Case No. A446708, District Court, Clark County, Nevada.

- Representation of law firm in opposing disqualification motion. Roth v. BMW, Case No. A453810, District Court, Clark County.

- Representation of non-Nevada lawyer regarding allegations of lack of candor toward tribunal (SCR 172)  (2006).  (Name of counsel and law firm are confidential.)

- Representation of law firm in opposing disqualification motion. <u>Daniell v. Peake Development</u>, Case No. A508494, District Court, Clark County.

- Representation of attorney in defense of State Bar proceeding regarding violations of NRPC 1.8 (business transactions with client) and NRPC 1.7 (conflict of interest). Name of attorney confidential (SCR 121).

- Representation of attorney in defense of claims for misappropriation of confidential information. <u>Friedman v. Friedman</u>, Case No. D07-376354D, District Court, Clark County, Nevada.

- Representation of attorneys in defense of claims alleging violations of NRPC 4.2 arising out of contacts with putative class members prior to class certification. <u>Del Webb Communities, Inc. v. The Eighth Judicial District Court of the State of Nevada in and for the County of Clark, and The Hon. Timothy C. Williams, District Judge, and Real Parties in Interest</u>, Case No. 49423, Nevada Supreme Court.

- Representation of attorney in defense of State Bar proceeding regarding violations of NRPC 1.5 (fees) and NRPC 4.2 (contact with represented person). Case dismissed. Name of lawyer is confidential. (SCR 121).

- Representation of entity owned by attorney in defense of NRPC 1.8 claim. <u>In re Receivership of Southwest Exchange</u>, Case No. A535439, District Court, Clark County, Nevada.

- Representation of attorney in defense of malpractice/breach of fiduciary duty claim. <u>Sorrell v. Snell & Wilmer</u>, Case No. 08-CV-00761-RCJ-LRL, U.S. District Court, Nevada. Case settled.

- Representation of attorney in appeal of judgment refusing to enforce contingency fee agreement's term regarding attorney's entitlement to particular fee in the event of his termination. <u>Golightly v. Gassner</u>, Case No. 50212, Nevada Supreme Court. Case decided.

- Representation of party in defense of claim for attorney's fees arising out of alleged "frivolous" litigation. <u>Club 93, Inc. v. County of Elko</u>, CV-C-08-163, Fourth Judicial District Court, Elko, Nevada. Case settled.

- Representation of client against attorney in claim for refund of alleged "non-refundable" retainer. <u>Sperberg v. Hunterton</u>, Case No. 08-149 (State Bar Fee Dispute Proceeding). Case decided.

- Representation of attorney in action against former partner and others for wrongful expulsion from law firm. <u>Powell v. Powell Naqvi</u>, Case No. 08-566761, Eighth Judicial District Court. Case settled.

- Representation of clients in seeking review of U.S. Magistrate Judge's order imposing monetary sanctions upon parties, individual lawyers, and law firm. Dennis Montgomery, Montgomery Family Trust v. eTreppid Technologies, L.L.C.; Warren Trepp, Department of Defense of the United States of America; and Does 1 through 10, and Related Cases, Case No. 3:065-CV-00145-PMP-VPC, U.S. District Court, District of Nevada.  Matter settled.

- Representation of suspended attorney in proceedings seeking reinstatement to Nevada Bar.  (In re Richard Pipkins).  Matter pending.  Representation terminated.

- Representation of attorney and law firm in opposing disqualification motion. Edwin K. Slaughter, et al. v. Uponor, Inc., et al., Case No. 2:08-CV-01223-RCJ-GWF, U.S. District Court, District of Nevada.  Case dismissed.

- Representation of non-Nevada lawyer on State Bar inquiry into charges of unauthorized practice.  (2009-2010).  Matter concluded without action by State Bar.  Name of lawyer is confidential.

- Representation of attorneys in defense of State Bar disciplinary proceeding alleging fee-splitting with non-lawyer and other matters.  State Bar v. Eglet (Case No. SG-10-0874) and Adams (Case No. SG-12-0803).

- Representation of attorney in fee dispute arbitration. Davidson v. Gentile, Case No. 10-085, Nevada State Bar Fee Dispute Committee.  Matter decided.

- Representation of attorney in defense of State Bar disciplinary proceeding.  State Bar of Nevada v. Anthony Lopez, Bar No. 08-175 (and numerous related and consolidated cases).  Matters pending.

- Representation of judicial candidate in action challenging constitutionality of Nevada Code of Judicial Conduct Canon 4, Rule 4.1(A)(11).  Kishner v. Nevada Standing Committee on Judicial Ethics and Election Practices, Case No. 2:10-cv-01858-RLH-RJJ, U.S. District Court, Nevada.  Matter concluded.

- Representation of attorney in matter where attorney disclosed confidential information relating to the representation of a client to prevent the commission of a criminal and fraudulent act by the client. Nevada RPC 1.6(b)(2) and (3). Attorney's name is confidential.  Case settled.

- Representation of former clients in action against law firm and attorney.  Frias Holding Co. v. Greenberg Traurig, Case No. A-10-630319-C, Eighth Judicial District Court, Clark County, Nevada.  Engagement concluded.

- Representation of former client against law firm in defense of fee collection proceeding and in prosecution of malpractice counterclaim. <u>Lionel Sawyer & Collins v. DeWald</u>, State Bar Fee Dispute Committee Matter No. 10-108. Case dismissed.

- Representation of law firm and lawyers in dispute with insurer over coverage for claims of professional negligence. <u>Pacifica v. Goold Patterson, et al.</u>, Case No. A557726 (and related cases), Eighth Judicial District Court, Clark County, Nevada. Matter settled.

- Representation of attorneys in defense of five consolidated disciplinary complaints arising out of consumer bankruptcy representation. Nevada RPC 1.3, 1.4, 5.3 and 8.1. <u>State Bar v. Haines and Krieger</u>, Case Nos.10-121-2842; 10-134-2842; 10-137-2557; SG10-0023; and SG10-0044. Matters concluded.

- Representation of law firm and lawyers in defense of lawsuit alleging violations of Nevada RPC 1.8. <u>Richman v. Haines & Krieger, LLC, et al.</u>, Case No. A-11-643004-C, Eighth Judicial District Court, Clark County, Nevada; Case No. 60676, Nevada Supreme Court (May 31, 2013). Matter pending following remand.

- Representation of lawyers in defense of 46 consolidated bar grievances and complaints arising out of consumer bankruptcies and residential loan modifications. State Bar v. George Haines and David Krieger, Grievance No. SG11-1800 (and related matters).

- Representation of attorneys in challenge (by mandamus) to order of disqualification. In re City Center Construction and Lien Master Litigation: <u>MGM Mirage Design Group v. District Court</u>, Nevada Supreme Court Case No. 57186 (October 19, 2011).

- Representation of Trust Beneficiaries in motion to disqualify counsel for trustee. <u>In Re Cook Trusts</u>, Case No. P-11-071394-T. Eighth Judicial District Court, Clark County, Nevada. Matter Decided.

- Representation of former client in defense of fee collection suit by law firm and prosecution of malpractice counterclaim. <u>Lionel Sawyer & Collins v. DeWald</u>, Case No. 79 194 Y 00090 11 nolg (AAA). Engagement concluded.

- Representation of not-for-profit entity in State Bar proceeding alleging unauthorized practice by assisting homeowners in dealings with mortgage lenders. (Name of client is confidential). Engagement concluded.

- Representation of Stokes & Stokes, Ltd. in the defense of various bar grievances. Case settled.

- Representation of parties in action seeking to overturn arbitrators' decision on grounds of fraud and partiality. Parker v. Carlson, et al., Case No. A571921, Eighth Judicial District County, Nevada. Matter settled.

- Representation (special counsel) of Allstate Insurance Co. on privilege and work product issues arising from interviews of former clients of an attorney. Allstate Insurance Co., v. Balle, et al., Case No. 2:10-CV-02205-KJD-RJJ, United States District Court, District of Nevada. Matter concluded.

- Representation of attorney and law firm in defense of allegations of unauthorized practice (Rule 5.5) and failure to register as a multi-jurisdictional law firm (Rule 7.5A). Waite v.Clark County Collection Service, Case No.2:11-cv-01741-LRH-VCF, United States District court, District of Nevada. Matter concluded

- Representation of attorney in defense of State Bar disciplinary proceeding as to alleged violations of RPC 1.7 (current client conflict), RPC 5.4 (professional independence/fee splitting with non-lawyers), and RPC 8.4 (misconduct involving dishonesty and fraud). State Bar v. Noel Gage, Case No. 08-053-1890. Disciplinary case concluded with settlement. Settlement approved by the Nevada Supreme Court. Client reinstated as member of State Bar.

- Representation of bar applicant before State Bar Moral Character and Fitness Committee on charges relating to alcohol abuse, plagiarism and financial responsibility. In re Melanie Feldhauser-Thomas. Matter concluded.

- Representation of law firm and its clients in opposing motion to disqualify law firm for acquisition and use of allegedly privileged documents. In re C.E. Cook Family Trust, Consolidated Case No. P-11-071394-T, District Court, Clark County, Nevada. Matter concluded.

- Representation of attorney in defense of State Bar disciplinary proceedings as to alleged violation of trust account rules. State Bar v. Joseph Scalia, Case Nos. SG11-1737, SG12-0903. Engagement concluded.

- Representation of former client of law firm in dispute with law firm arising out of law firm's conflict of interest in defending former client and another defendant at trial, where former client was found liable and other defendant was not. Names of client and law firm are confidential. Matter settled.

- Representation of attorney in appeal of letter of private reprimand resulting from attorney's conduct in federal court litigation. In re Steven Gibson, Case No. SG-12-0104. Matter decided.

- Representation of law firm in dispute with second law firm over payment of fees alleged to be due under fee sharing agreement. Gage Law Firm v. Feinberg Mayfield Kaneda & Litt, LLP d/b/a Fenton Grant Mayfield Kaneda & Litt, LLP

f/k/a Feinberg Grant Mayfield Kaneda & Litt, Case No. A-14-697336-B, District Court, Clark County, Nevada.  Matter pending.

- Representation of defendant entity sued by plaintiff's counsel with whom defendant entity had prior relationship, in proceedings regarding disqualification of plaintiff's counsel.  Matter is confidential.

- Representation of departed lawyer in dispute with former firm regarding client files and compensation.  Matter is confidential.

- Representation of law firm in dispute with departed lawyer regarding compensation.  Matter is confidential.

- Representation of former attorneys' client in action against attorneys for malpractice and breach of fiduciary duty.  McKenna v. Chesnoff, et al., Case No. 2-14-cv-1773-JAD-CWH pending in the United States District Court, District of Nevada.

- Representation of law firm and attorney in defense of claims for breach of duty and aiding and abetting breach of fiduciary duty.  Hugh S. Proctor, et al. v. CPF Recovery Ways, LLC, et al., Case No. 2:14—cv-01693-RFB-PAL pending in the United States District Court, District of Nevada.  Case settled.

- Representation of attorney in disciplinary proceedings resulting from attorney's conviction of a crime.  State Bar of Nevada v. Chandan Manansingh, No. CR13-1850 (2015).

- Representation of attorney in defense of allegations of unauthorized practice of law.  Matter is confidential.

- Representation of two partners of law firm in connection with their resignation from that firm and formation of a new firm.  Matter is confidential.

- Representation of non-party for purpose of asserting accountant-client privilege in case where non-party's confidential information was at risk of disclosure.  Core-Vent Bio Engineering, Inc. v. Polo Nevada Investments, Case No. A644240, Eighth Judicial District Court, Clark County, Nevada.

- Representation of attorney regarding potential disciplinary complaint arising out of litigation financing and transactions involving medical liens.  Name of attorney is confidential.

- Representation of client in contemplated action against former attorney for malpractice.  Names of client and attorney are confidential.

RETENTION AS EXPERT:  ETHICS/PROFESSIONAL RESPONSIBILITY

- Retained by bar applicant to give expert testimony before State Bar Moral Character and Fitness Committee regarding duty of confidentiality arising out of applicant's seeking employment with law firm representing adverse party. Testimony given. (2004)  (Name of bar applicant is confidential).

- Retained by Cherry & Bailus to give expert testimony before State Bar Fee Dispute committee on issues regarding attorneys' withdrawal/termination of representation.  Testimony given.

- Retained by Dominic Gentile to give expert testimony in U.S. Bankruptcy Court, Orange County, California, on attorney's obligations to client upon withdrawal and attorney's duty to withdraw.  Offer of proof; no testimony given.  In re Ken Mizuno; The Bankruptcy Estate of Ken Mizuno v. Ken Mizuno, Dominic P. Gentile, Terrance G. Reed, et. al., Case No. SA94-14429LR, Adv. No. AD95-01043, United States Bankruptcy Court, Central District of California.

- Retained by Law Offices of Stan Hunterton to testify in State Court case on issues concerning attorney's obligations in billing client for fees and charging for costs and expenses.  Report prepared.  No testimony given.  Shinehouse & Duesing, a Nevada partnership, and Rumph & Peyton, a Nevada Partnership v. R.D. Prabhu, an individual, Case No. A379297, District Court, Clark County, Nevada.  Case dismissed and re-filed as Shinehouse & Duesing v. Prabhu, Case No. A456661, District Court, Clark County, Nevada.  Case dismissed.

- Retained by Law Offices of Gary Logan to testify as to lawyer's duties to jointly represented clients.  Testimony given.  Nault v. Mainor, Case No. A401657, District Court, Clark County, Nevada,  Mainor v. Nault, 120 Nev. Adv. Op. 84, 101 P.3d 308 (2004).

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to duties of attorney (competence) and scope of representation.  Report prepared.  Case dismissed.  Ilbert Mednicoff, an individual and CCN, Inc., a Nevada corporation v. George F. Holman, an individual, Robert L. Bolick, an individual, Stewart A. Gollmer, an individual, Gary Fields, an individual, Law Offices of Robert L. Bolick, Ltd., a Professional corporation and Does 1 through 100, inclusive, Case No. A377374, District Court, Clark County, Nevada.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to duties of law firm to supervise work of associate attorney.  Report prepared.  Case dismissed.  Anthony Guymon, an incompetent person, by and through his Guardian ad Litem, Barbara Guymon; Barbara Guymon v. Cory J. Hilton; Hilton & Kahle; Villani, Hilton & Kahle; Villani, Gardner & Hilton; Perry & Spann; Pico & Mitchell, Ltd.; and Does 1 to 10, inclusive, Case No. 00-A-422013-C, District Court, Clark County, Nevada.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to lawyer's conduct in trial and settlement of case. Report prepared. Case dismissed. <u>Mark J. Brown v. Alan Catley (and related cross actions)</u>, Case No. A381988, District Court, Clark County, Nevada.

- Retained by State Bar to testify in disciplinary proceeding as to lawyer's duties under SCR 170 (prohibition on filing frivolous litigation). <u>State Bar v. Mirch</u>, Case No. 3-34-20. Report prepared. Testimony given. <u>In The Matter of Discipline of Kevin Mirch</u>, Case No. 49212, Nevada Supreme Court, April 10, 2008 (attorney disbarred).

- Retained by Holland & Hart to testify as to duties owed by lawyer who engages in business transactions with clients. <u>Rivers v. Romano, et al.</u>, Case No. A483701, District Court, Clark County, Nevada. Report prepared. Testimony given. Case dismissed.

- Retained by attorney to testify regarding duties under SCR 152 (scope of representation), SCR 153 (diligence) and SCR 166 (declining or terminating representation), <u>State Bar v. Goldberg</u>, No. 04-013-1536. Testimony given. Case dismissed.

- Retained by Cristalli & Saggese to testify as to issues regarding formation of attorney-client relationship, scope of representation, and breach of duties arising therefrom. <u>Johnson v. Smith</u>, Case No. 512364. Report prepared. Case dismissed.

- Retained by Snell & Wilmer to testify regarding duties and responsibilities of attorney providing opinion in real estate sale transaction. <u>Sundance West LLC, et al. v. Orix Capital Markets, LLC</u>, Case No. CV-04-01995, Second Judicial District Court, Washoe County, Nevada. Report prepared. Case dismissed.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding issues pertaining to insurer's "captive" law firm, including disclosure and client consent requirements. <u>Artisan Tile & Plumbing, Inc., a Nevada corporation, formerly known as Davila Jimenez, Inc. doing business as Pueblo Landscape Company, Inc. v. Assurance Company of America, a New York Corporation; Bennion Clayson Marias & Haire fka Bennion & Clayson; Does 1 through 10, inclusive</u>, Case No. A503744, District Court, Clark County, Nevada.

- Retained by Menter & Witkin to testify regarding (i) attorney's acceptance of defense of insured subject to insurer's litigation guidelines; (ii) conflicts arising from attorney's representation of four co-defendants in construction defect litigation; (iii) duty of insurer to provide independent counsel; and (iv) whether attorney's conduct met standard of care. <u>National Fire & Marine Insurance Company v. Roger Gurr and Elsie Gurr (and counterclaim)</u>, Case No. 3:05-CV-

0658-BES-VPC, United States District Court, District of Nevada.  Report prepared.  Case settled.

- Retained by Alverson, Taylor, Mortensen & Sanders to testify regarding attorney's conduct in determining proper defendants in litigation.  Lesky v. Callister, Case No. 527875, District Court, Clark County, Nevada.  Report prepared.  Case dismissed.

- Retained by Gordon & Silver to testify regarding conduct of attorney and law firm in business transaction with client.  Richards v. Allison, MacKenzie, et al., Case No. 03-01781A, First Judicial District Court, Carson City, Nevada.  Report prepared.  Case dismissed.  Appeal pending.

- Retained by Deaner Scann Malan & Larsen to testify regarding an alleged conflict of interest arising from law firm's prior work and status of lawyer as shareholder in party to case.  D & J Properties v. Siena Office Park 2, Case No. A537781, District Court, Clark County, Nevada.  Report prepared.  Testimony Given.  Matter decided.

- Retained by Solomon Dwiggins & Freer to testify regarding the conduct of a lawyer and his law firm in the handling of an estate where the lawyer acted as trustee of various trusts and retained his own law firm to represent him.  Leseberg v. Woods, Case No. P59334, District Court, Clark County, Nevada.  Report prepared.  Deposition testimony given.  Trial testimony given.  Case settled.

- Retained by Menter & Witkin to testify regarding (i) duties of Nevada lawyer residing out of state and maintaining office in Nevada (SCR 42.1); and (ii) duties of multi-jurisdictional law firm maintaining office in Nevada (NRPC 7.5A).  Roger and Elsie Gurr v. National Fire & Marine Insurance Company, Reiser & Associates, and Does 1 through 40, Case No. 07-CV-615-HDM-VPC, in the United States District Court, Reno.  Report prepared.  Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify regarding restitution of fees paid to law firm who is later disqualified due to conflict of interest.  American Heavy Moving and Rigging, Inc. v. Lewis Brisbois Bisgaard & Smith, LLP, State Bar Fee Dispute Case No. 07-055 (State Bar Fee Dispute Panel).  Rebuttal report prepared.  Testimony given.  Case decided.

- Retained by Michael Warhola to testify regarding waiver of attorney-client privilege by inadvertent disclosures of e-mail from client.  Seidman v. Dilloo, Case No. D260143, District Court, Clark County, Nevada.  Report prepared.

- Retained by attorney as consulting expert regarding opposing counsel's violations of NRPC 1.2(d) and 8.4(d) by rendering legal aid and advice to fugitive client to enable him to prosecute and defend litigation in Nevada.  Joseph A. Bravo, David Z. Chesnoff, and Eckley M. Keach, Capital Growth Limited, Inc., Punta Arena De

13

<u>La Ventana, S.A. de C.V., Boca De La Salina, SA De C.V. v. Capital Growth, LLC, and Kerry Rogers, and All Related Actions</u>, Case No. A536644, A542755, A535548, District Court, Clark County, Nevada.  Report prepared.  Underlying case dismissed.  Bar Grievance filed.  Screening panel testimony given.  Matter decided.

• Retained by attorney as consulting expert to advise whether opposing counsel's conduct (harassment of witness) violated NRPC 8.4(d).  <u>Julia Brady, et al v. Kerry Rogers, et al.</u>, Case No. A572440, District Court, Clark County, Nevada.  Report prepared.  Underlying case dismissed.

• Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding duties and responsibilities of a lawyer who is counsel of record in pending litigation, whose client retains other counsel and then ceases communicating with the lawyer.  <u>Geier v. Denue, et al.</u>, Case No. A525183, Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Case settled.

• Retained by Marquis & Aurbach (later replaced by Lionel Sawyer & Collins) to testify regarding duties of lawyer who prepares a trust document, is appointed trustee upon client's death, and then retains his own law firm to represent the trust.  <u>In the Matter of the Total Amendment and Restatement of the William Eversole Family Trust Originally Dated April 6, 1996</u>, Case No. P-09-0654430-T, Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Case settled.

• Retained by law firm to advise as to firm's duties when potential conflict arises between clients jointly represented by firm in defense of litigation.  NRPC 1.7.  (Name of firm and identities of clients are confidential).

• Retained by Thorndal Armstrong Delk Balkenbush & Eisinger to testify regarding the scope of duties owed by a lawyer who has been retained to render only limited services.  <u>Brewer v. State of Nevada, et al.</u>, Case No. 554064, Eighth Judicial District Court, Clark County, Nevada.   Report prepared.  Matter settled.

• Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding the duties owed to a minority shareholder by a lawyer who represents a closely held corporation.  <u>Jackson v. Ira Levine, et al.</u>, Case No. A538983, Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Trial testimony given.  Case decided.

• Retained by Schiff Hardin, LLP to testify as to reasonableness of attorneys' fees.  <u>DTPI Holdings, LLP v. Forrest Binkley & Brown Capital Partners, LLP</u>, Case No. 2:07-CV-00690-BES-RJJ, U.S. District Court, District of Nevada.  Report prepared.  Case decided.

- Retained by Doyle Berman Murdy, P.C. to opine on attorney's conduct in representing several parties in related transactions.  XMASCO, LLC v. Wellborn & Associates, P.C., et al., Case No. A566261, Eighth Judicial District Court, Clark County, Nevada.  Case dismissed.

- Retained by Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, to testify as to attorney's duties regarding safekeeping and distribution of client's funds.  Azine, et al. v. Johnson, et al., Case No. A587009, Eighth Judicial District Court, Clark County, Nevada.  Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify as to law firm's duties in preparing and communicating with client regarding drafts of transactional documents.  Padilla v. Smith, Case No. A569307, Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Case settled.

- Retained by Solomon Dwiggins & Freer to testify regarding attorney's conduct in representing trustors and beneficiaries of a trust.  Buck v. Hoffman, Case No. CV09-00324, Second Judicial District Court, Washoe County, Nevada.  Report prepared. Deposition taken.  Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify regarding attorney's conduct in representing closely held corporation.  RPC 1.13.  Rita Quam Family Trust, et al. v. OPA Management, LLC, et al., Case No. A568829, Clark County District Court.  Report prepared. Case concluded on summary judgment in favor of attorney.  Amended Complaint filed,.  Additional report prepared.  Matter settled.

- Retained as special counsel to brief and argue defendants' rights and obligations (vis-a-vis, non-settling plaintiffs) regarding possibly privileged or confidential documents received by defendants from some plaintiffs as a part of a settlement.  Klaas v. Vestin Mortgage, Case No. A528385, Clark County District Court (matter decided).

- Retained by Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP to testify as to lawyer's obligations upon receipt from a third party of documents and information which appear to have been misappropriated from adverse party.  Merits Incentives, LLC v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark, 127 Nev. Adv. Op. 63, 262 P.3d 720 (2011).

- Retained by Thorndal, Armstrong, Delk, Balkenbush & Eisinger to testify regarding attorney's conduct (diligence and competence) in representing client in complex mechanic's lien litigation.  Maui One Excavating v. Mead & Pezzillo, et al., Case No. A539801, Clark County District Court.  Report prepared.  Case settled.

15

- Retained by Robertson & Vick, LLP to testify as to reasonableness of attorneys' fees. Voggenthaler, et al. v. Maryland Square, et al., Case No. 2:08-CV-01618 RCJ (GWF), U.S. District Court, District for Nevada. Report prepared. Matter decided.

- Retained by Travelers Companies, Inc. to opine on issues relating to the unauthorized practice of law (Nevada RPC 5.5 and SCR 49.10). Opinion prepared.

- Retained by Chamberlain Hrdlicka White Williams & Martin to opine on several Nevada RPC 8.3 issues in Valdez v. Cox Communications, et al., Case No. 2:09-CV-1797-PMP-RJJ in the U.S. District Court, District of Nevada. (Oral opinion delivered.)

- Retained by Mark Zaloras and the Law Offices of Peter Goldstein to opine on several malpractice, billing and fee issues. Gaxiola-Lim v. Michel, Case No. A-10-613812-C, Clark County District Court. Preliminary report prepared. Matter settled.

- Retained by the Cashill Law Firm to opine on attorney's entitlement to a fee for work done on behalf of an incompetent client. Merle Layton Trust, Case No. PR98-00336. Second Judicial District Court, Washoe County, Nevada. Report prepared.

- Retained by Marquis Aurbach Coffing to testify as to attorney's conduct in representation of clients and matters relating to negotiation of release from malpractice liability. Gugino v. Nevada Contractors Ins. Co., et al., Case No. A-11-637935-B, Clark County District Court. Report prepared. Testimony given. Matter pending.

- Retained by Vernon L. Bailey, Esq. to testify as to attorneys' conduct in representation of clients and matters relating to legal malpractice, breach of fiduciary duty and negligence. Inca Investments, Inc.; Platina, Inc. v. Kevin R. Hansen, Esq.; Wilde Hansen, LLP; Gregory L. Wilde, Esq.; Richard S. Ehlers, Esq., Case No. A-09-604391-C, Clark County District Court. Report prepared. Deposition taken. Case settled.

- Retained by Laxalt & Nomura to testify as to attorneys' obligations to and conduct affecting opposing party in litigation. Pompei v. Hawes, et al., Case No. A-11-642012-C, Clark County, District Court. Report prepared. Deposition taken. Matter pending.

- Retained by Randolph Goldberg to testify as to attorney's conduct regarding various issues. State Bar v. Goldberg, Case Nos. 09-049-1536; 09-102-1536; and 09-235-1536. Report prepared. Matter pending.

- Retained by multi-jurisdictional law firm to render advice on compliance with Nevada registration and practice requirements (Nev. R.P.C. 7.5A).

- Retained by Christian, Kravitz, Dichter, Johnson & Sluga, LLC to testify regarding attorneys' obligations when terminating employment with a law firm and starting a new firm. Burr v. Dodds, Case No. A-11-650060-B, Clark County District Court. Matter settled.

- Retained by Hong & Hong to testify as to duties of attorneys (competence) in conduct of litigation. Wacht v. Peel & Brimley, Case No. A646410, Clark County District Court. Report prepared. Matter decided.

- Retained by attorney to render opinion on duties regarding disposition of disputed funds held by attorney. (Nev. R.P.C. 1.15) (Attorney's name is confidential.)

- Retained by Greenspoon Marder, P.A. to render opinion on attorney's duty to obtain clients' informed consent before settling or dismissing claims. Pittman v. Westgate Planet Hollywood Las Vegas, LLC, Case No. 2:09-CV-00878-PMP-GWF, United States District Court, District of Nevada. Report prepared. Matter decided.

- Retained by Simon & Berman to render opinion on conduct of lawyer and law firm in representing client in litigation (diligence, competence and communications)., Chandler v. Black & LoBello, et al., Case No. A-11-643955, refiled as Case No. A-12-660252, Clark County District Court. Matter settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to render opinion on conduct of attorney in matters pertaining to failed investment. Softwind Capital, LLC v. Global Project Solutions, LLC, et al., Case No. 2:11-CV-02057-JCM-GWF, United States District Court. Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to render opinion on conduct of attorney regarding loans made to client (Nevada RPC 1.8). Albert D. Massi v. Donald and Mary Nobis, Case No. A672579 in the District Court, Clark County, Nevada. Case settled.

- Retained by law firm as consulting expert to render opinion regarding attorney's duty to report misconduct by opposing counsel. Nevada RPC 8.3(a). Name of law firm and subject attorney are confidential.

- Retained by Lewis Roca Rothgerber to render opinion on whether the common religious affiliation of the judge and one party's counsel requires the judge to recuse himself. Lynan v. Health Plan of Nevada, Case No. A583772 and Magana v. Health Plan of Nevada, Case No. A583816, District Court, Clark County, Nevada. Report prepared. Matter decided.

- Retained by Littler Mendelson to render opinion as to the propriety of self-dealing and other activities by company's in-house counsel. <u>Randazza v. Excelsior Media Corp.</u>, JAMS Case No. 1260002283. Report prepared. Testimony given. Case decided.

- Retained by Judy M. Sheldrew, Esq. to render an opinion on the propriety of several attorneys' conduct in dealing with client having diminished capacity <u>Andrews v. Rowe, et al.</u>, Case No. 12-PB-0075 in the Ninth Judicial District Court, Douglas County, Nevada. Report prepared. Case settled.

- Retained by Christine A. Zack to opine on issues of unauthorized and multi-jurisdictional practice of law. <u>In re: Fundamental Long Term Care, Inc.</u>, Case No. 8-11-BK-22258-MGW, District of Florida. Matter settled.

- Retained by Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, to opine on issues of supervision and trust account matters. <u>SBS Retail, Inc. v. Yves Chantre, Inc.</u>, Case No. A-13-681083-C, District Court, Clark County, Nevada. Matter pending.

- Retained by Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, to opine on issues regarding the conduct of class counsel in dealing with class representative. <u>Goldsmith v. Sill, et al.</u>, Case No. 2-12-CV-0090-LDG-CWH in the U.S. District Court, District of Nevada. Report prepared. Case pending.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to opine on issues regarding conduct of counsel with respect to claims alleged in <u>David Siebrasse, as Personal Representative of the Doreen Siebrasse Estate v. Jeffrey Burr, Ltd.; Jeffrey Burr; Mark Dodds; John Mugan; et al.</u>, Case No. A-11-648532-C, in the District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to opine on issues regarding conduct of counsel with respect to claims alleged in <u>T&R Construction Group v. Clark Tatom, LLC; and Bradley R. Tatom</u>, Case No. A-13-689637-B, in the District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Fulbright & Jaworski to opine on that firm's conduct in representing related entities in commercial transaction. <u>Verano Land Group, LP v. VTLM Texas LP, et al</u>, Case No. A-12-655514-B in the Eighth Judicial District Court, Clark County, Nevada. Report prepared. Deposition taken. Matter pending.

- Retained by Bowen Hall to opine on (i) propriety of lawyer threatening to withdraw from case during contested hearing unless the client accepted a settlement offer, and (ii) other issues of competency and diligence. <u>James J "Butch" Peri v. Stephen C. Mollath; Prezant & Mollath; et al.</u>, Case No. CV08-02546 in the Second Judicial District Court, County of Washoe, State of Nevada. Trial testimony given. Case settled.

- Retained by Wilson, Elser, Moskowitz, Edelman & Dicker, LLP to opine on lawyer's duties with respect to firm trust account and partner's improper conduct. SBS Retail Inc., et al. v. Yves Chantre Inc., et al., Case No. A-13-681083-C, in the District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Lewis Roca Rothgerber to opine on attorneys' conduct during trial and compliance with Nevada RPC 3.3 (candor to the tribunal) in the matter entitled Health Plan of Nevada, Inc., et al. v. Helen Meyer, et al., Nevada Supreme Court Case No. 64692. Report prepared. Case settled.

- Retained by McDonald Family Trust to opine on the conduct of shareholders and the entity's counsel in a related party transaction. Nevada RPC 1.13. Russell G. Sheltra, individually and as Trustee of the Russell G. Sheltra Gaming Trust and Little Bonanza, Inc. v. Margaret McDonald and Timothy McDonald, Individually and as Trustees of the Robert and Gloria McDonald Family Trust, et al., Case No. CV14-01111, in the Second Judicial District Court, Washoe County, Nevada. Case pending.

- Retained by Holland & Knight to opine on the reasonableness of attorneys' fees in the matter entitled Leerad, LP, et al. v. Imperial Credit Corporation d/b/a A.I. Credit Corporation, et al., Case No. A631490, in the Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case pending.

- Retained by Thorndal, Armstrong, Delk, Balkenbush & Eisinger to opine on conduct of attorney in commercial real estate transaction. Shulman v. Bendavid, Case No. A682679, District Court, Clark County, Nevada. Case Pending. Report prepared. Deposition taken. Case settled.

- Retained by Clyde Snow & Sessions to opine on attorney's conduct in a matter affecting several clients (RPC 1.7; 2.2). United States of America v. Leon Benzer, et al., Case No. 2:13-cr-00018-JMC-GWF pending in the United States District Court, District of Nevada. Report prepared. Testimony given. Matter decided.

- Retained by Liberty Media Holdings LLC to opine on conduct of its in-house counsel in several matters. Randazza v. Liberty Media Holdings, LLC, Case No. A-12-673275-C in the Eighth Judicial District Court, Clark County, Nevada. Report prepared. Matter pending.

- Retained by Weinberg Wheeler Hudgins Gunn & Dial to opine on conduct of attorneys in representation (and withdrawal) of clients in litigation. Lee v. 70 Ltd. Partnership, Case No. A-13-691389-C, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Matter pending.

- Retained by Rock Fusco & Connelly, LLP to opine on conduct of attorneys in the conduct of litigation. International Game Technology v. Armstrong Teasdale, LLP, Case No. A-15-715079-C, Eighth Judicial District Court, Clark County, Nevada.

- Retained by Durham Jones & Pinegar to opine on conduct of attorney with respect to financial dealings with client (RPC 1.7 and 1.8). <u>Center Firearms Corp. v. Long Mountain Outfitters</u>, Case No. A-14-709294-B, Eighth Judicial District Court, Clark County, Nevada.

- Retained by law firms to opine on issues regarding potential conflicts of interest which arise after retention in a matter. Names of law firms are confidential.

- Retained by Faux Law Group to opine on lawyers' conduct in the litigation and settlement of a matter. <u>Nahabedian v. Sutcliffe, et al., and related claims, counterclaims and third-party claims</u>, Case No. A-12-673897-C, District Court, Clark County, Nevada. Case pending.

- Retained by Gibbs, Giden, Locher, Turner & Senet LLP to opine on the conduct of a law firm and its attorneys (competence and supervision) in the representation of an HOA client. <u>Vistana Condominium Owners Assn., Inc. v. Kummer Kaempfer Bonner Renshaw & Ferrario</u>, Case No. 08-A-578306, District Court, Clark County, Nevada. Case pending.

- Retained by Rimini Street, Inc. and Seth Ravin to opine on the reasonableness of the fees and costs incurred by the Plantiffs' counsel in the case entitled <u>Oracle USA, Inc., et al. v. Rimini Street, Inc. and Seth Ravin</u>, Case No. 2:10-cv-0106-LRH-PAL pending in the United States District Court, District of Nevada.

<u>CONTINUING LEGAL EDUCATION INSTRUCTION (1997-Present)</u>

- Clark County Bar Association (6/25/15): "Things You Don't Know Can Hurt You – Here are 12 of them"
- Water Law Institute: 17th Annual Law of the Colorado River Conference (5/1/15): "Ethics and Social Media"

- Southern Nevada Association of Women Attorneys (1/15/15): "Ethics Issues for 2015"

- Clark County Bar Association (11/13/14): "11[th] Annual Ethics CLE"

- American Bar Association Section of Environment, Energy and Resources, 32nd Annual Water Law Conference: Ethics for Water Lawyers (6/6/14)

- Association of Legal Administrators, Las Vegas Chapter (5/13/14): "Issues in New Business Intake."

- American Bar Association Group Legal Services Association and Solo, Small Firm and General Practice Division Annual Meeting (5/2/14): "Ethics Issues In Marketing and Client Development."

- State Bar of Nevada:  Section of Environmental and Natural Resources Law (2/27/14) "Ethics Issues for Environmental Lawyers."

- Clark County Bar Association (12/13/13).  10th Annual Ethics CLE.

- City of Henderson, City Attorneys' Annual Retreat (10/17/13).  "A Lawyer Walks Into a Bar . . . The Dangers of Casual Advice and Conversation."

- Las Vegas Paralegal Society:  Keeping Abreast of Conflicts and Unauthorized Practice (6/18/13).

- Association of Legal Administrators, Las Vegas Chapter:  Legal Administrator's Role in Preventing Malpractice (6/11/13).

- American Bar Association Section of Environment, Energy and Resources, 31st Annual Water Law Conference:  Water Lawyers and Ethics (6/7/13).

- Clark County Bar Association (5/8/13) "4[th] Annual Solo and Small Firm Ethical Traps."

- UNLV Boyd School of Law (3/8/13) "Professionalism and Popular Culture."

- Clark County Bar Association (11/2/12).  9th Annual Ethics CLE.

- Clark County Bar Association (3/28/12).  "3rd Annual Hanging Out a Shingle? Solo and Small Firm Ethical Traps."

- American Bar Association Business Law Section Spring Meeting (3/22/12). "Saints and Sinners: Ethical Issues and Dilemmas in Client and Practice Development."

- Southern Nevada Association of Women Attorneys (2/24/12).  "Ten for Twelve: Ethics 2012."

- Clark County Bar Association (11/3/11) "8th Annual Ethics CLE."

- Nevada Paralegal Assn. (6/18/11) "UPL: Attorney Supervision of Paralegals."

- Department of Energy Contractor Attorneys' Assn. (5/27/11) "Ethics: Ten Things You Should Know."

- Southern Nevada Association of Women Attorneys (2/25/11) "Ten For Eleven: Ethics 2011."

- Clark County Bar Association (2/4/11) "Hanging Out A Shingle?  Solo and Small Firm Ethical Traps."

- Clark County Bar Association (9/30/10) "7th Annual Ethics Issues: 2010."

- American Society of Breast Surgeons (4/30/10) Avoiding and Responding to Litigation.

- Clark County Bar Association (3/26/10) Avoiding Solo/Small Firm Ethical Traps.

- Southern Nevada Association of Women Attorneys (2/26/10) Ethics 2010: Ten Thoughts for '10.

- State Bar of Nevada (11/12/09): Nevada Legal Ethics (2009).

- State Bar of Nevada, Clark County Bar Association and Washoe County Bar Association (10/13/09, Las Vegas; 10/14/09, Carson City): 2009 Professionalism Summit.

- Clark County Bar Association (9/18/09):  "Sixth Annual Ethics Issues: 2009."

- Public Relations Society of America (7/24/09):  "Keeping Out of Hot Water: Legal Considerations in Communications."

- Lecture and panel discussion with Justice Nancy Saitta and District Judge Linda Bell: "Professionalism in Litigation."  Boyd School of Law (4/1/09).

- Southern Nevada Association of Women Attorneys (2/20/09): "ETHICS 2009: Being Good Gets Harder Every Year."

- State Bar of Nevada (12/5/08): "Nevada Legal Ethics 2008."

- State Bar of Nevada (11/19/08): "Nevada Legal Ethics 2008."

- Indiana State Bar Association (11/13/08): "Ethics: A Western Perspective on Maintaining A Healthy Legal Practice."

- Clark County Bar Association (9/19/08): "Fifth Annual Ethics Issues 2008" (Prepared materials.  Presentation made by David J. Merrill).

- Southern Nevada Association of Women Attorneys (2/22/08): "Ethics 2008 - Be Careful Out There."

- State Bar of Nevada (11/30/07) "Nevada Legal Ethics 2007."

- State Bar of Nevada (11/16/07) "Nevada Legal Ethics 2007."

- Clark County Bar Association (10/31/07)  "Lawyer Advertising: The New Rules."

- Wisconsin Law Alumni Association (9/8/07) "The New Rules of Professional Conduct."

- Clark County Bar Association (8/24/07) "Fourth Annual Legal Ethics - 2007."

- National Assn. of Retail Collection Attorneys (5/11/07) "Ethics Issues for Legal Collection Professionals."

- Southern Nevada Association of Women Attorneys (2/23/07) "Desperately Seeking Ethics - 2007."

- State Bar of Nevada (12/1/06) "Nevada Legal Ethics 2006."

- State Bar of Nevada (11/17/06) "Nevada Legal Ethics 2006."

- Clark County Bar Assn. (6/30/06) "Ethics 2006: The New Nevada Rules of Professional Conduct."

- State Bar of Nevada Professionalism Summit: Speaker and Panel Member (4/20/06).

- Southern Nevada Association of Women Attorneys (1/27/06) "Ethics Issues for 2006."

- State Bar of Nevada (11/18/05) "Nevada Legal Ethics 2005."

- State Bar of Nevada (11/4/05) "Nevada Legal Ethics 2005."

- Clark County Bar Assn. (9/15/05) "Ethics 2005:  Current Issues."

- Clark County Bar Assn. (3/4/05) Speaker and Panel Member: First Annual Professional Summit.

- State Bar of Nevada (11/19/04) "Ethics 2004: Year in Review."

- State Bar of Nevada (11/5/04) "Ethics 2004: Year in Review."

- Clark County Bar Assn. (7/30/04) "Current Issues In Ethics."

- Lorman Business Institute (7/20/04) "Current Issues in Ethics."

- National Hospice Assn. (3/21/04) "Legal Issues For Physicians In End of Life Care."

- Southern Nevada Assn. of Women Attorneys (1/30/04) "Ethics Issues for 2004."

- State Bar of Nevada (1/20/04) "Workers Compensation: Current Issues in Ethics."

- National Business Institute (10/21/03) "Current Issues In Attorney Client Privilege and Confidentiality."

- Sterling Educational Systems (9/25/03) "Common Ethical Problems for Transactional Lawyers."

- Clark County Bar Assn. (2/28/03) "ERISA 2003:  What's New?"

- Southern Nevada Assn. of Women Attorneys (1/31/03) "Ethics:  2003."

- State Bar of Nevada (11/22/02) "Nevada Legal Ethics - the Year In Review."

- American Corporate Counsel Assn. (6/18/02) "Issues of Attorney-Client Privilege for In-House Counsel."

- National Business Institute (12/7/01) "Current Issues In Legal Ethics:Nevada 2001."

- National Business Institute (7/13/01) "Attorney-Client-Privilege and the Work Product Doctrine In Nevada."

- National Business Institute (12/12/00) "Practical Legal Ethics."

- State Bar of Nevada (3/31/00) "Professionalism and Ethics."

- Southern Nevada Assn. of Women Attorneys (1/28/00) "Multi-Disciplinary Practice:  Ethical Considerations."

- State Bar of Nevada (12/10/99) "Winning Without Losing Your Professionalism."

- National Business Institute (11/17/99) "Practical Legal Ethics."

- Law Seminars Int'l. (6/25/99) "Ethics Considerations for Construction Lawyers."

- National Practice Institute (12/4/98) "Ethical Problems:  Dealing With Difficult Lawyers."

- ALAS (10/21/98) "Ethical Issues for Healthcare Lawyers."

- State Bar of Nevada (3/21/98):  "Ethics and Attorneys' Fee Agreements."

- CLE International (12/5/97) "Current Issues In Ethics"

- Institute for Paralegal Practice (8/26/97) "Preventing Unauthorized Practice of Law"

[Additional CLE instruction available upon request.]