# EXHIBIT 3

# EXHIBIT 3

1

SHOOK, HARDY & BACON LLP
B. Trent Webb (*pro hac vice*)
Peter Strand (*pro hac vice*)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
pstrand@shb.com

Robert H. Reckers (*pro hac vice*)
600 Travis Street, Suite 3400
Houston, Texas   77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
bevanson@gibsondunn.com

*Attorneys for Defendants*
*Rimini Street, Inc., and Seth Ravin*

LEWIS ROCA ROTHGERBER LLP
Daniel F. Polsenberg (Nevada Bar No. 2376)
W. West Allen (Nevada Bar No. 5566)
Joel D. Henriod (Nevada Bar No. 8492)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
DPolsenberg@LRRLaw.com
WAllen@LRRLaw.com
JHenriod@LRRLaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, California 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly
3993 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada, 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ORACLE USA, INC., a Colorado corporation;
ORACLE AMERICA, INC., a Delaware
corporation; and ORACLE INTERNATIONAL
CORPORATION, a California corporation,

Plaintiffs,

v.

RIMINI STREET, INC. , a Nevada corporation;
SETH RAVIN, an individual,

Defendants.

Case No. 2:10-cv-0106-LRH-PAL

**AFFIDAVIT OF**
**WILLIAM G. ROSS**

6998161_1

## AFFIDAVIT OF WILLIAM G. ROSS

STATE OF ALABAMA      )
                      ) SS.
COUNTY OF JEFFERSON   )

WILLIAM G. ROSS, being first duly sworn, deposes and says:

1.     My name is William G. Ross.  I am the Lucille Stewart Beeson Professor of Law at the Cumberland School of Law at Samford University in Birmingham, Alabama.  I have been retained by Rimini Street, Inc. ("Rimini") to provide independent opinions regarding the reasonableness of Oracle's request for attorneys' fees and the merits of Rimini's motion to compel discovery to obtain documents that may be helpful in completing that assessment.

2.     As is explained in more detail below, it is my opinion that the materials requested by Rimini Street from Oracle (as reflected in Exhibit A), and that Oracle has declined to provide (as reflected in Exhibit B) may assist me and legal auditors retained by Rimini Street in reviewing and assessing the reasonableness and accuracy of Oracle's request for attorneys' fees.

### A.     ABBREVIATED CURRICULUM VITAE

3.     My qualifications to render my opinion are based upon my experiences as a practicing attorney, law teacher, and legal scholar.  After graduating from Stanford University in 1976 and the Harvard Law School in 1979, I spent nine years as a litigator in law firms in New York City.  In 1988, I became a member of the faculty at Cumberland, where I have been a full and tenured professor since 1993 and have held the Beeson Chair since 2012.  I regularly teach legal ethics at Cumberland, and I also have taught this subject as a visiting professor at the law schools of Notre Dame and Florida State.

4.     I am the author of numerous publications regarding legal ethics, including the ethics of legal fees.  My book about billing ethics, *The Honest Hour: The Ethics of Time-Based Billing by Attorneys*, was published by Carolina Academic Press in 1996.  I am also the co-author of a treatise about legal fees, *Legal Fees: Law and Practice* (with John W. Toothman, Carolina Academic Press, 2003).  My articles about the ethics of legal billing include "The Ethics of Hourly Billing by Attorneys," 44 *Rutgers Law Review* 1-100 (1991); "Formulating Standards for Ethical Billing," 35 *Law Office Economics and Management* 301-07 (1994); "Kicking the Unethical Billing Habit," 50

1

1  *Rutgers Law Review* 2199-2210 (1998); "An Ironic and Unnecessary Controversy: Ethical

2  Restrictions on Billing Guidelines and Submission of Insurance Defense Bills to Outside Auditors,"

3  14 *Notre Dame Journal of Law, Ethics, and Public Policy* 527-588 (2000); "The Ethics of Billing by

4  the Hour for Re-Cycled Work," *Accounting and Financial Planning for Lawyers,* Aug. 2003, at 1;

5  and "The Ethics of Double Billing," *Accounting and Financial Planning for Lawyers*, Aug. 2004, at

6  1.

7      5.    In addition to writing about the ethics of legal billing, I have lectured on billing ethics

8  at various meetings and seminars in Alabama, Arizona, California, Florida, Great Britain,

9  Mississippi, New Jersey, Quebec, and Texas.  I have served as a consultant and expert witness in

10  various fee disputes and have testified in court.  The U.S. Supreme Court cited my *Honest Hour*

11  book in *Gisbrecht v. Barnhart*, 535 U.S. 789, 800-01 (2002).  Several *Wall Street Journal* articles

12  and two *New York Times* articles (most recently on March 26, 2013) have quoted me as an authority

13  on legal billing, as have articles in *The Washington Post*, the *National Law Journal*, and the *ABA*

14  *Journal*.

15  **B.    A MEANINGFUL REVIEW OF THE REASONABLENESS OF AN ATTORNEY'S**

16  **REPRESENTATION OF TIME SPENT REQUIRES AN ANALYSIS OF RELEVANT**
   **DOCUMENTS AND DATA**

17      6.    It is my opinion that the narrow document request (Exhibit A) submitted by Rimini

18  Street to Oracle would be particularly helpful in testing and possibly rebutting Oracle's claims for

19  attorneys' fees, as follows:

20  **1.    Retainer Agreements May Be Relevant and Probative of the**
   **Reasonableness of an Attorneys' Fees Request**

21      7.    Fee agreements may be relevant to and probative of the billing practices in a legal

22  matter and the reasonableness of the fees that are billed pursuant to such agreements for purposes of

23  a fee-shifting petition. Fee agreements may be particularly useful in helping to establish the

24  existence and reasonableness of a billing rate (and increases in billing rates over time), which is one

25  of the lodestar factors in fee shifting.  It is my opinion that the retainer or engagement agreements

26  between Oracle and its counsel may be relevant to and probative of the reasonableness of the hourly

27  rates charged by Oracle's counsel because such materials may set forth Oracle's own expectations of

28  what is reasonable and because they may help identify when certain invoices have deviated from

   Oracle's own expectations.    Similarly, as discussed in more detail below, if the retainer or

2

6998161_1

engagement letters included or incorporated by reference any outside counsel billing guidelines, such terms, that Oracle established to govern the attorney-client relationship may be probative of the reasonableness of fees actually charged.

<strong>2.      Standard Billing Guidelines May Be Relevant To and Probative<br>of the Reasonableness of Attorneys' Fees</strong>

8.      Billing guidelines may similarly be relevant to and probative of the reasonableness of an attorneys' fees request.  Such guidelines, which can vary greatly among corporate clients, typically impose significant limitations on law firm staffing and billing practices, including restrictions on the number of attorneys who can work on a matter or a project and restrictions on the time allowed for certain legal tasks (*e.g.*, the drafting of motions), and legal research.  *The Honest Hour*, at 106, 110-11, 120, 130.  These guidelines also may require time-efficient use of technology and frugality in expenses for travel, clerical time, and photo-copying.  *Id.* at 179.  In the absence of any express waiver by Oracle, deviations by Oracle's law firms from Oracle's own guidelines could provide evidence that the bills for which Oracle seeks compensation are excessive and provide a predicate for reduction of the shifted fee.  Holding Oracle's counsel to a standard of reasonableness that Oracle has established for outside counsel, such as limitations on the number of attorneys who may attend depositions, among other restrictions or prohibitions, may be probative of the reasonableness of any fee claim.  Conversely, the absence of reasonable limitations in the guidelines themselves may be probative of the reasonableness of the fee request because it could encourage excessive billing practices.  Even numerous minor reductions in a case of this magnitude could mean a significant reduction in a large fee request.

<strong>3.      Metadata from Attorneys' Electronic Time-Keeping<br>Systems May Be Relevant in Determining Accuracy and<br>Admissibility of Legal Invoices</strong>

9.      Many major law firms have replaced manual timekeeping logs or diaries for tracking attorney time with automated electronic attorney timekeeping systems.  While the particular features of such systems vary, a common feature of such time and billing systems in my experience is that they allow accurate contemporaneous recording of every legal service provided by an attorney/professional and the detailed description of the service provided.  Such systems in my experience are used by many major law firms and may be accessed through computers and digital devices.  The time entered is aggregated for all lawyers providing services on a particular matter, which forms the factual basis for periodic (usually monthly) invoices from the law firm to clients for services rendered.

3

6998161_1

10.     In order to assure trustworthiness and accuracy of business records, it is my opinion that the billing records of the party seeking fees should be based upon time that was recorded at or near the time of performance of each task for which that party seeks compensation. On information and belief, many large law firms, such as Oracle's counsel, regularly track attorney time entries by using electronic attorney time keeping systems as described above. Such electronic systems include metadata that indicate the date that a particular time entry was made relative to the date the services described in the time entry were actually provided. In my experience, records that are recorded at or near the time the work is performed (*e.g.*, within minutes or hours) are likely to be more accurate than are records that are based upon later recollections (*e.g.*, several weeks after the work was performed), for it is natural for attorneys who reconstruct their time to forget about various kinds of inevitable interruptions or intrusions that reduce their billable time. *The Honest Hour*, at 62. Overstatements of reconstructed time are common and particularly likely to occur in complex and protracted litigation in which attorneys are billing large amounts of time. *The Honest Hour*, at 61. The requested metadata may establish as a matter of fact whether Oracle counsel's time entries were made at or near the date when the events recorded actually occurred.

11.     Moreover, as I have explained in my treatise on legal fees, "an obvious ground for excluding non-contemporaneously recorded evidence of time is the hearsay rule. While recorded time might qualify as a recorded recollection or business record, both hearsay exceptions require prompt recording. Stale records are inadmissible, leaving the lawyer unable to substantiate his or her time." Toothman and Ross, *Legal Fees: Law and Management*, at 52-53. In forming my opinion, I have also noted and relied on the views expressed in a learned treatise that "[w]hether an entry made subsequent to the transaction has been made within a sufficient time to render it within the hearsay [business record] exception depends upon whether the time span between the transaction and the entry was so great as to suggest a danger of inaccuracy by lapse of memory." McCormick, Evidence § 289 at 258 (5th ed. 1999). In addition, the failure to make a timely record may suggest non-regularity in the making of the statement and may indicate motivational problems related to records prepared for litigation purposes. McCormick, *supra*.

12.     Invoices for legal services often are replete with entries to which an unsuccessful litigant or a court might object, and every voluminous set of invoices is likely to contain at least some entries that invite careful judicial scrutiny or trigger objections from the party to which fees may be shifted. As I have explained in detail in my *Honest Hour* book, the ethics of attorney billing

4

is a complex subject, and the ethical propriety and accuracy of individual bills depends on a careful examination of the line items in such invoices, including detailed descriptions of services provided.

13.     For the reasons stated in this Affidavit, it is my opinion to a reasonable degree of certainty that the materials requested in Rimini's motion for production of fee agreements, billing guidelines, and electronic attorney timekeeping metadata may assist my review and determination whether the invoices submitted by Oracle in support of its attorneys fee claim are reasonable, accurate, and made sufficiently at or near the time of the events recorded to warrant their admission.

Dated this 20th day of November, 2015.

_William G. Ross_
WILLIAM G. ROSS

Subscribed and sworn to before me
this 20th day of November, 2015.

_Kathy H. Walton_
NOTARY PUBLIC

MY COMMISSION EXPIRES MAY 20, 2017

6998161_1

# EXHIBIT A



LEWIS ROCA
ROTHGERBER

Lewis Roca Rothgerber LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169

**Daniel F. Polsenberg**
Fellow, American Academy of Appellate Lawyers
(T) 702.474.2626 (F) 702.216.6174
DPolsenberg@LRRLaw.com

Our File Number:  152296-00001

November 4 , 2015

VIA ELECTRONIC MAIL

Richard J. Pocker
RPocker@BSFLLP.com
William A. Isaacson
WIsaacson@BSFLLP.com
Karen L. Dunn
KDunn@BSFLLP.com
Steven C. Holtzman
SHoltzman@BSFLLP.com
Kieran P. Ringgenberg
KRinggenberg@BSFLLP.com
BOIES, SCHILLER & FLEXNER LLP

Thomas S. Hixson
Thomas.Hixon@MorganLewis.com
Kristen A. Polumbo
Kristen.Polumbo@MorganLewis.com
MORGAN, LEWIS & BOCKIUS LLP

Dorian Daley
Dorian.Daley@Oracle.com
Deborah K. Miller
Deborah.Miller@Oracle.com
James C. Maroulis
Jim.Maroulis@Oracle.com
ORACLE CORPORATION

RE:     *Oracle USA, Inc., et al. v. Rimini Street, Inc., et al.*
        District Court Case No. 2:10-CV-160-LRH-(PAL)

Dear Counsel:

Please allow me to request that plaintiffs Oracle USA, Inc. and Oracle International Corporation ("Oracle") produce the following items that will be relevant to the reasonableness of your anticipated request for an award of attorneys' fees and costs and the accuracy of the underlying data and records that would form the basis for the request.  We are requesting production of this information for *all* of the legal fees and costs for which Oracle will seek reimbursement from Rimini Street, Inc. ("RSI"), and request production of the same information with respect to all expert witnesses for which Oracle will seek cost reimbursement.

We would like to meet and confer on a schedule for producing these materials that is consistent with the existing schedule for post-trial motions.  We are available for this call Friday, November 6.  If



November 4 , 2015
Page 2

you do not agree to produce these materials, please let us know by the close of business Friday, November 6, so that we can seek appropriate relief from the Court. Nevertheless, we trust that the information can be exchanged informally and in a timely fashion without involving the Court or requiring a formal discovery request.

1. Copies of the engagement letters between your firms and Plaintiffs Oracle USA, Inc. and Oracle International Corporation—or whatever entity(ies) agreed to pay your fees—as well as any other documents that refer to any agreements between your firms and Oracle with regard to fees.

2. Any standard outside counsel billing guidelines and any other documents that instruct outside counsel how to manage litigation and bill time for Oracle, whether imposed and/or followed in this particular case or not.

3. All metadata associated with your firms' electronic attorney time-keeping systems (and the identity of those systems) regarding the fees for which you intend to seek reimbursement that describe or refer for each time entry the date when the entry was made relative to the date the services were performed. This data is relevant to the issues of whether the records were kept contemporaneously and whether the records are complete and accurate. We are willing to limit the metadata produced for each time entry only to those that indicate that time was entered on a different date from when the services were performed. Alternatively, we will offer to have an expert perform an inspection of your firms' electronic attorney time-keeping systems at our expense. We further request that you preserve and produce this metadata in a forensically sound manner.

4. Any documents reflecting the history of Oracle's payment of your firms' invoices.



November 4 , 2015
Page 3

    5.    The names of the persons who are most
knowledgeable about your fees and available dates
for their depositions that are consistent with the
Court's schedule for post-trial motions.

Production of each of these categories of data and records is
necessary and appropriate in light of *Moore v. James H. Matthews &
Co.*, 682 F.2d 830, 838 (9th Cir. 1982), which held that a district court
abuses its discretion if it does not allow the parties to "develop an
adequate evidentiary basis for a fee award," especially when there is a
"substantial amount of money involved." In addition, it is Oracle's
burden of proof to demonstrate entitlement to a fee award. *Gashtili v.
JB Carter Props. II, LLC*, 2014 WL 300178 (D. Nev. Jan. 24, 2014);
Local Rule 54-16.

Please call at your convenience with any questions.

Sincerely,

Daniel F. Polsenberg
LEWIS ROCA ROTHGERBER LLP

# EXHIBIT B

# Morgan Lewis

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel. +1.415.442.1000
Fax: +1.415.442.1001
www.morganlewis.com

**Thomas S. Hixson**
Partner
+1.415.442.1194
thomas.hixson@morganlewis.com

November 6, 2015

**VIA E-MAIL**

Daniel F. Polsenberg
Lewis Roca Rothgerber LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169

Re:  *Oracle USA, Inc., et al. v. Rimini Street, Inc., et al.*, No. 2:10-cv-00160 LRH (PAL)

Dear Daniel:

I write in response to your November 4, 2015 letter.  Oracle will file its motion for attorneys'
fees by the deadline set by the Court.  With its motion, Oracle will provide an adequate
evidentiary basis for a fee award.  Everything else requested by your letter is unwarranted, and
Oracle declines to provide it.

Sincerely,

Thomas S. Hixson

cc:  Counsel of Record

Almaty  Astana  Beijing  Boston  Brussels  Chicago  Dallas  Dubai  Frankfurt  Hartford  Houston  London  Los Angeles  Miami  Moscow  New York
Orange County  Paris  Philadelphia  Pittsburgh  Princeton  San Francisco  Santa Monica  Silicon Valley  Singapore  Tokyo  Washington  Wilmington