| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>B. Trent Webb, Esq. (*pro hac vice*)<br>Peter Strand, Esq. (*pro hac vice*)<br>Ryan D. Dykal, Esq. (*pro hac vice*)<br>2555 Grand Boulevard<br>Kansas City, MO 64108-2613<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>bwebb@shb.com<br><br>Robert H. Reckers, Esq. (*pro hac vice*)<br>600 Travis Street, Suite 1600<br>Houston, TX 77002<br>Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508<br>rreckers@shb.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>Mark A. Perry (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8500<br>mperry@gibsondunn.com<br><br>Blaine H. Evanson (*pro hac vice*)<br>Joseph A. Gorman (*pro hac vice*)<br>Lauren M. Blas (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7228<br>bevanson@gibsondunn.com<br><br>*Attorneys for Defendants*<br>*Rimini Street, Inc. and Seth Ravin* | LEWIS ROCA ROTHGERBER LLP<br>Daniel Polsenberg (Nevada Bar. No. 2376)<br>W. West Allen (Nevada Bar No. 5566)<br>Joel Henriod (Nevada Bar. No. 8492)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169<br>Telephone: (702) 949-8200<br>dpolsenberg@lrrlaw.com<br>wallen@lrrlaw.com<br>jhenriod@lrrlaw.com<br><br>RIMINI STREET, INC.<br>Daniel B. Winslow (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566<br>Telephone: (925) 264-7736<br>dwinslow@riministreet.com<br><br>John P. Reilly (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: (336) 908-6961<br>jreilly@riministreet.com |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>　　　　　　　　　Defendants. | **EMERGENCY RELIEF REQUESTED**<br><br>Case No. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI STREET AND SETH RAVIN'S EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO ORACLE'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO L.R. 7-5 AND 26-4**<br><br>Judge:　　Hon. Larry R. Hicks |

1

Defendants Rimini Street, Inc. and Seth Ravin (hereinafter "Rimini") make this emergency motion seeking an order pursuant to L.R. 7-5 and 26-4 granting them sixty (60) additional days, until Friday, February 12, 2016, to respond to Oracle's motion for attorneys' fees and costs. As set forth below, there is good cause to grant relief because Rimini requires additional time so that its experts may complete their review and analysis of the data Oracle has offered in support of its motion, including substantial data Oracle failed to provide until December 2, 2015, weeks after its motion for fees was due, and only after Rimini pointed out the missing data to Oracle.

1. Rimini seeks this extension on an emergency basis because its deadline of December 14 to respond to Oracle's fee request is rapidly approaching. Rimini requested an extension from Oracle ten days ago, but Oracle's dilatory tactics have prevented a joint submission by the parties to the Court. As set forth in the Declaration of Blaine H. Evanson, attached as Exhibit 1, Rimini requested an extension from Oracle on Monday, November 23. The parties met and conferred on Wednesday, November 25, and in that meet-and-confer agreed to file a joint statement with the Court setting out the parties' competing positions, which Rimini's counsel made clear needed to be filed "early the following week." Evanson Decl. ¶ 3. However, and despite Rimini's constant efforts, Oracle regrettably still has not given its approval to file a joint statement with the Court. Oracle's statement during the meet and confer that it would agree to file a joint statement, but subsequent failure to approve the filing of the joint statement more than a week later, has prevented Rimini from filing this emergency request for an extension of time 21 days before the due date for its opposition as required by L.R. 26-4. In short, Rimini has been diligent in attempting to secure an extension of time to file its opposition and its slight delay in filing this emergency motion is not a reason to deny its request.

2. Good cause exists to grant this motion and extend the deadline for Rimini's opposition by 60 days. Oracle is seeking over ***$56 million*** in attorneys' fees and costs. Dkt. 917 at 1; 931. This fee request ***exceeds the jury's damages verdict*** by more than $6 million; indeed, as there are strong grounds for the Court to grant judgment to Rimini on Oracle's hacking claims for the reasons set forth in Rimini's pending Rule 50(b) motion (*see* Dkt. 913), Oracle's fee request exceeds the copyright judgment by ***over $20 million***. As set forth below, good cause exists for an extension for Rimini's opposition, given the enormous amount of money at issue, the extreme complexity of the

2

fee request, and Oracle's conduct that has hindered Rimini's ability to respond to its request.

It is essential that Rimini be allowed to defend against Oracle's fee request with a thorough and complete expert analysis. Oracle's request is highly complex. Indeed, it took Oracle two weeks after filing its motion to determine it needed to amend the amount of fees requested to add an additional $200,000 (Dkt. 931) and Oracle only yesterday (in response to Rimini's request) provided the invoices from 2010 which were omitted from the original filing. Now that Rimini's experts have been informed of the complexity of the data and understand the scope of the task—including the belated amendment by Oracle—they have determined that they require additional time to comb through and properly review Oracle's thousands of time entries, including the entries' relationship to the claims on which Oracle succeeded, among other analyses that may be relevant to Rimini's opposition. *See* Affidavit of John Trunko, ¶¶ 7-15, attached as Exhibit 2.

Oracle's fee request includes over 5,000 pages of invoices, which reflect thousands and thousands of time entries that are not organized in any format that can be readily analyzed. *See* Affidavit of Daniel Polsenberg, ¶¶ 2-3, attached as Exhibit 3. As the Court is aware, this case involved 12 different claims, from copyright infringement, to breach of contract, to computer hacking. Oracle did not separate its time entries by claim or differentiate them in any way, but seeks *all* of its fees on a theory that every single task it performed over the five-plus-year history of this litigation was necessary to obtain the verdict on copyright infringement.

As Rimini will show in its opposition to Oracle's request for attorneys' fees, a court "may reduce the amount of requested fees to reflect a party's limited degree of success." *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 763 (9th Cir. 2015). To properly respond to Oracle's request and analyze which fees incurred by Oracle are potentially recoverable and which are not, Rimini has retained the legal auditing firm of Stuart Maue, along with other experts on legal fees and billing practices. These experts will review, analyze, and prepare a report on the invoices and time records submitted by Oracle to determine whether they are reasonable, reflect generally accepted billing practices and guidelines, and are associated with particular claims and issues on which attorneys' fees are even potentially recoverable. As detailed more fully in the attached declaration of John Trunko, based on the volume of data submitted, Stuart Maue anticipates it will need at least 60 days to

conduct a meaningful review of the data and to render a report. *See* Trunko Aff., ¶¶ 7-15.

Rimini's need to analyze and audit Oracle's fee request is not an attempt to create a second major litigation, as Oracle has claimed. Rather, it is a function of the sheer size of the fee request. Oracle is seeking literally more in attorneys' fees than it recovered at trial, and the fact that Rimini needs an extra 60 days to challenge an amount greater than what Oracle was able to recover after over five years of litigation is not unreasonable or "satellite litigation." It is simply absurd for Oracle to request $56 million, and then oppose Rimini's request for a reasonable amount of time to allow Rimini to audit and challenge that amount.

3. Oracle has caused further delay in Rimini's ability to start its expert analysis of the invoices. As noted, Oracle supplemented its request two weeks after filing, adding $200,000 in fees (Dkt. 931) and only yesterday provided Rimini with invoices from 2010 that were omitted from Oracle's massive filing on November 13. In addition, Rimini's experts must comply with the procedures set forth in the parties' protective order before they can even begin to review the relevant data, much of which is designated "Highly Confidential – Attorneys' Eyes Only." Dkt. 55. Although Rimini timely disclosed its experts along with the required documentation on November 17, Oracle refused to waive the five-day objection period under the protective order, thereby unnecessarily preventing Rimini's experts from being able to commence their analysis. *See* Polsenberg Aff. ¶¶ 10-11.

Moreover, on November 14, 2015, Rimini also requested certain additional data from Oracle to enable it to conduct a thorough analysis of the fees request, including outside counsel billing guidelines, fee agreements, engagement letters, documents showing payments for fees, the names of persons most knowledgeable about fees incurred in the case, and timekeeper metadata. *See* Kennedy Decl., Dkt. 930-2, ¶¶ 5.1-5.5. Mr. Kennedy testified that this information was essential to understand whether Oracle was seeking a lodestar calculation based on hourly rates already paid, or different rates; whether Oracle was seeking fees for work that did not comply with its own billing guidelines; and whether the time entries were reliable and trustworthy. *Id*. ¶¶ 7.1-7.3.2. Oracle refused Rimini's request. *Id*. ¶ 6. As a result, on November 23, 2015, Rimini filed a motion to compel the production of those documents and data. Dkt. 930. This targeted discovery is also necessary to Rimini's review

of Oracle's fee request and preparation of its opposition. An extension is therefore warranted to allow this Court to resolve the motion to compel.

* * *

The parties spent *over five years* litigating Oracle's copyright claims to verdict, which resulted in a $35 million copyright infringement award to Oracle. Rimini cannot respond to a $56 million fees request in just 30 days, especially given the extreme complexity and volume of the documents Oracle filed in support, Oracle's delay in getting Rimini's experts the documents they need to complete their analysis, and Oracle's belated supplementation. The Court should therefore extend the deadline for Rimini's opposition by 60 days until February 12, 2016.

DATED:   December 3, 2015   LEWIS ROCA ROTHGERBER LLP

By: */s/ Daniel F. Polsenberg*
Daniel F. Polsenberg
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200

*Attorneys for Defendants
Rimini Street, Inc. and Seth Ravin*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2015, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: */s/ Jessie M. Helm*
An employee of Lewis Roca Rothgerber LLP