# EXHIBIT 2

# EXHIBIT 2

SHOOK, HARDY & BACON LLP
B. Trent Webb (*pro hac vice*)
Peter Strand (*pro hac vice*)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com
pstrand@shb.com

Robert H. Reckers (*pro hac vice*)
600 Travis Street, Suite 3400
Houston, Texas 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
Daniel F. Polsenberg (Nevada Bar No. 2376)
W. West Allen (Nevada Bar No. 5566)
Joel D. Henriod (Nevada Bar No. 8492)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
dpolsenberg@lrrlaw.com
wallen@lrrlaw.com
jhenriod@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, California 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly
3993 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada, 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants*
*Rimini Street, Inc., and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual, <br><br> Defendants. | Case No. 2:10-cv-0106-LRH-PAL <br><br> **AFFIDAVIT OF** <br> **JOHN L. TRUNKO** |

6998105_1

# AFFIDAVIT OF JOHN L. TRUNKO

STATE OF MISSOURI  ) 
                   ) SS.
CITY OF ST. LOUIS  )

JOHN L. TRUNKO, being first duly sworn, deposes and says:

1. I am an attorney and a Director of Legal Audit with the legal fee auditing firm of Stuart, Maue, Mitchell & James, Ltd. ("Stuart Maue"), in St. Louis, Missouri, and I have been employed by the firm since 1996.

2. Defendants Rimini Street, Inc. and Seth Ravin ("Rimini") have retained Stuart Maue to review and analyze Oracle's invoices in connection with Oracle, USA, Inc.'s and Oracle International Corporation's (collectively, "Oracle") motion for attorneys' fees in the *Oracle USA, Inc. v. Rimini Street, Inc.* lawsuit.

## A. PROFESSIONAL BACKGROUND AND QUALIFICATIONS

3. Stuart Maue was founded in 1985, and has been recognized by *The Wall Street Journal* as the nation's oldest legal fee auditing firm. Stuart Maue has also been recognized for its legal auditing expertise in numerous other publications including the *New York Law Journal*, *Corporate Legal Times*, *The ABA Journal*, *Investor's Business Daily*, *St. Louis Business Journal*, and *St. Louis Post-Dispatch*, among others. Over the past 30 years Stuart Maue has performed reviews and audits of attorneys' fees and costs in some of the largest fee cases in the country. In many cases and in many different jurisdictions, Stuart Maue auditors have been designated and testified as expert witnesses on fees. Stuart Maue has been appointed as a fee examiner by the courts and as such has reviewed attorneys' fee applications and prepared reports to the court in numerous cases, including large bankruptcies. Stuart Maue has also assisted numerous clients who retain outside counsel in the creation and implementation of legal fee billing guidelines and the review of legal fees for compliance therewith.

4. I received my Juris Doctor degree in 1983 from Georgetown University Law Center in Washington, D.C. Prior to my employment at Stuart Maue, I practiced law for 12 years in

2

1   Missouri and California. I have extensive experience in a wide variety of civil litigation, including
2   commercial litigation, product liability litigation, and toxic tort litigation.

3         5.      At Stuart Maue, I review and analyze legal billings for professional fees and costs. I
4   have reviewed in excess of $1 billion in legal fees and costs for various clients throughout the United
5   States and Europe, including Fortune 500 corporations, major insurance carriers, a professional
6   sports franchise, governmental agencies, and many others. I have analyzed legal fees and costs in
7   class actions, complex commercial litigation, major bankruptcies, toxic tort litigation, employment
8   litigation, intellectual property litigation, construction defect litigation, and shareholder and
9   securities litigation, among others.

10         6.      I have served as an expert witness and consultant on attorneys' fees billing in many of
11   these cases.

**B. OUR COMPREHENSIVE AUDIT WILL REQUIRE ABOUT EIGHT WEEKS BUT, ULTIMATELY, WILL FACILITATE FASTER AND MORE CONVENIENT REVIEW FOR THE COURT.**

14         7.      I am informed that Oracle has submitted more than a hundred invoices in support of
15   its request for fees, which contain many thousands of time entries spread between three law firms,
16   for a dozen different claims, over a period of six years, involving dozens of timekeepers, and with
17   rates that varied over the years. Based on my experience and upon the volume of the data and the
18   amount of attorneys' fees detailed in the documents, I believe at least 60 days will be required to
19   conduct a comprehensive review, analysis, and to render a report. It will be impossible to complete
20   this review in a meaningful way by December 14.

21         8.      The report will make it more efficient and less time-consuming for the Court to
22   evaluate Oracle's $56.2 million fee application and the voluminous related documents.

*1. We need ten business days from the time that we receive the records just to populate the database necessary to complete our analysis and report.*

25         9.      Rimini's counsel informs us that they will send the invoices as soon as possible
26   within the limitations imposed by the stipulated protective order.

27         10.     Before we can begin our evaluation in earnest, we must first create a database by
28   inputting all itemized time entries into Stuart Maue's computer system, which we then reconcile

3

1  with the summary of lodestar hours and fees and the records produced. Given what we understand to be the volume of documents, and based upon our experience, undertaking a meaningful analysis of the invoices without a computerized database would be impractical and would be far more time consuming.

5  11. Given the volume of records, we anticipate that it will take ten days to complete that database.

7  12. Because of the Thanksgiving holiday, those ten days will equate to more than two weeks.

**2. Altogether, we will need 60 days to complete a thorough review, analysis, and report.**

13. Once the database is complete, we will analyze the billing entries to determine whether they (a) are reasonable, (b) reflect generally accepted billing practices and guidelines, and (c) are associated with particular claims or issues. That review will take another five weeks.

14. Finally, I anticipate that Stuart Maue will prepare a report of our findings, which will take at least another week.

15. In total, we will need at least 60 days to complete our report.

_____
JOHN L. TRUNKO

Subscribed and sworn to before me
this 24th day of November, 2015.

_____
NOTARY PUBLIC

JAMES P. QUINN
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Charles County
My Commission Expires: March 25, 2017
Commission Number: 13463881

4