BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
kringgenberg@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
thomas.hixson@morganlewis.com
kristen.palumbo@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>  Plaintiffs,<br>  v.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>  Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S OPPOSITION TO RIMINI STREET, INC. AND SETH RAVIN'S EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO ORACLE'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. ("Oracle") submit this opposition to Defendants Rimini Street, Inc. and Seth Ravin's (together, "Rimini's) motion for a two month extension of time to respond to Oracle's Motion for Costs and Attorneys' Fees (Dkt. 941).[1]

## I.   INTRODUCTION

"A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Despite this repeated guidance from the Supreme Court and the Ninth Circuit – *see, e.g., City of Burlington v. Dague*, 505 U.S. 557, 566 (1992) (courts have an interest "in avoiding burdensome satellite litigation" over attorneys' fees); *Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("'satellite litigation' over attorneys' fees should not be encouraged") – Rimini seeks reconsideration of the Court's Order on the post-trial briefing schedule, Dkt. 903, this time asking for a two month extension to allow Rimini's *five* expert witnesses on attorneys' fees (Hixson Decl., Ex. A) to prepare reports, as well as to facilitate Rimini's related motion to compel attorneys' fee discovery, Dkt. 930. This is the essence of burdensome satellite litigation, and the Court should not allow it.

The thin reed that supposedly justifies this months-long delay, multiple experts and invasive discovery – including Rimini's request for metadata from the outside counsel's law firms' software applications and depositions of opposing counsel – is Rimini's assertion that "a court 'may reduce the amount of requested fees to reflect a party's limited degree of success.' *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 763 (9th Cir. 2015)." Dkt. 941 at 3. But the Supreme Court has already explained that "trial courts need not, *and indeed should not*, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) (emphasis added). "So trial courts may take into account their overall sense of a suit, and may use

---

[1] The parties had originally contemplated filing a joint statement setting forth their respective views on Rimini's request for an extension of time. Shortly before Oracle provided its final edits in response to edits Rimini provided at 12:22 a.m. this morning (Dkt 941-1 (Evanson's 12:22 a.m. email), Rimini filed a unilateral "emergency" motion instead.

1

ORACLE'S OPPOSITION TO RIMINI'S MOTION FOR AN EXTENSION OF TIME

estimates in calculating and allocating an attorney's time." *Id.*; *see also* Fed. R. Civ. Proc. 54, Advisory Comm. Note (discovery on fee petitions is appropriate only on "rare occasion[s]"). The entire premise of Rimini's request for months of additional time – that multiple experts, including a legal auditing firm, must be brought in, and that broad fact discovery is needed – is simply wrong. During meet and confer, Oracle offered to agree to a two-week extension of time for Rimini to file its opposition (provided Oracle receives a similar extension of time to file its reply), and Oracle remains willing to agree to such an extension. However, Rimini's request for a two *month* extension is unreasonable and should be denied.

## II.   RIMINI'S REQUEST FOR AN EXTENSION SHOULD BE DENIED

As an initial matter, Rimini's request for an extension of time is really a motion for reconsideration. On October 19, 2015, the Parties submitted a Stipulation and Joint Statement in which the Parties proposed competing schedules for resolution of Oracle's Motion for Costs and Attorneys' Fees. Dkt. 899. In that joint statement, Rimini sought 45 days to oppose Oracle's motion, arguing that "important and complex [post-trial] briefing will touch on the most fundamental and important legal issues in the case," while Oracle proposed a 21-day opposition period, noting that Rimini's counsel had produced 30-page briefs in mere days during the heat of trial. *Id.* at 3-4. Three days later, this Court entered a schedule that granted Rimini 31 days to oppose Oracle's motion. Dkt. 903.

Over a month later, Rimini now again seeks additional time to oppose Oracle's motion, relying almost entirely on information that Rimini knew before the parties' October 19 joint statement was filed: how long the parties had been in litigation, how many claims Oracle alleged in the operative complaint, how many claims Oracle pursued at trial, and the jury's verdict on each claim. Dkt. 146 (Oracle's Second Amended Complaint); Dkt. 896 (Jury Verdict); Dkt 899 (Joint Statement Re Post-Trial Briefing) at 4. Rimini's request does not satisfy the standards governing reconsideration. A motion for reconsideration is not "an avenue to re-litigate the same issues and arguments upon which the court has already ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005). Rather, a motion for reconsideration "must set forth 'some valid reason why the court should reconsider its prior decision' and set 'forth facts or law

of a strongly convincing nature to persuade the court to reverse its prior decision.'" *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003)." *Crowley v. U.S. Bankr. Court, Dist. of Nevada*, 3:12-CV-647-RCJ-VPC, 2012 WL 6513149, at *1 (D. Nev. Dec. 12, 2012) (Hicks, J.). Rimini was well aware of "the complexity of the case and all the issues in the case" when it requested a 45-day opposition period. Tr. 3955:10-24 (Evanson, counsel for Rimini); Dkt. 899 at 4. The Court found that these justifications did not support Rimini's original request for a 45-day opposition period; they cannot possibly support Rimini's new request for *double* that amount of time. Rimini's arguments accordingly do not even satisfy the lesser "good cause" standard that would apply if the Court had not already ruled on the briefing schedule. *See* Fed. R. Civ. P. 6(b); L.R. 26-4.

Rimini's remaining justifications fail to support the massive extension that it requests. While Rimini did not know the precise amount of Oracle's requested fees and costs or the exact volume of supporting evidence, that is true with respect to every request for fees and costs, most of which are opposed (if at all) on a 14-day schedule. L.R. 7-2(b). Certainly, Rimini knew this case was complex and took more than five years to bring to trial. It cannot be a surprise that the billing records Oracle submitted with its motion were voluminous. As the Court said, "this has been a very, very complex case . . . . I can tell you that -- I've never seen a case this complex that involved this many issues before a jury as what you've seen here and before the Court. . . . [I]t is certainly what you call a mega trial and a mega lawsuit under any view." Tr. 3946:9-18.

And Rimini, alone, decided to wait until November 17 to disclose its five attorneys' fees experts – more experts than testified for Rimini at trial – even though the Stipulated Protective Order expressly requires Rimini to disclose experts "[a]t least five (5) business days prior to" providing them with confidential or highly confidential materials. Dkt. 55 (Stipulated Protective Order) ¶ 12. *See In re Veritas Software Corp. Securities Litig.*, 496 F.3d 962, 974 (9th Cir. 2007) (finding under what is now Rule 6(b)(1)(B) that a deliberate choice to delay filing was "not a compelling showing of good cause"). Oracle did not object to any of these experts, and accordingly they have been free to commence their analysis since November 24.

1    Rimini complains that Oracle filed two errata to its attorneys' fees motion, Dkts. 931 &
2  939, but that complaint has no merit and in any event is unrelated to Rimini's request for a two
3  month extension of time.  Oracle's November 30 errata primarily corrected the tabulations of the
4  fees and costs sought by the motion to reflect the underlying documentation previously
5  submitted with the motion.  Oracle's December 2 errata corrected an inadvertently filed exhibit
6  of invoices, where Oracle's motion papers had already disclosed the fee amounts contained in
7  the exhibit.  Further, Oracle offered Rimini a two week extension of time to respond to Oracle's
8  attorneys' fee motion, which would have cured any arguable prejudice to Rimini from the errata
9  and would have given Rimini 45 days in total to oppose Oracle's motion, consistent with
10 Rimini's original proposals regarding post-trial briefing.  Hixson Decl., ¶ 5 & Ex. B (offering
11 extension); Tr. 3955:10-24 (Evanson, counsel for Rimini); Dkt. 899 at 4.  There is simply no
12 connection between errata filed approximately two weeks after Oracle's motion and Rimini's
13 request for a two *month* extension of time.  Indeed, Rimini first informed Oracle that it would
14 seek a two month extension *before* Oracle filed either errata, as Rimini now admits in its motion.
15 Dkt. 941 at 2 (Rimini requested 60-day extension on November 23).
16    Rimini's proposed satellite litigation over attorneys' fees is also by some measures even
17 more drawn out than the merits litigation was in this case.  As noted, Rimini has disclosed five
18 attorneys' fee experts, which is more than the number of experts that testified for it at trial.
19 Rimini's request for 90 days for its opposition to a single motion on grounds that its experts need
20 more time contrasts with the 45 days Rimini had in 2012 to respond to Oracle's expert reports on
21 the merits and damages.  Dkt. 161 (45 days to respond to Oracle's expert reports); Dkt. 232 (43
22 days to respond to Oracle's revised and supplemental expert reports).  And Rimini opposed both
23 of Oracle's summary judgment motions in only three weeks.  L.R. 7-2(e); *see also* Dkt. 474 at 28
24 (observing that the parties' summary judgment briefing comprised "approximately 200 pages,
25 with over 2,700 pages of exhibits").  In light of its demonstrated history of responding to
26 complex filings and reports in far less time, Rimini's request for a 60-day extension should be
27 denied as unreasonable.
28

1    Further, Rimini's explanation for why it needs the additional 60 days – so that its "legal auditing firm" and "other experts on legal fees" can prepare reports, Dkt. 941 at 3 – is exactly the sort of side-show that the Supreme Court said district courts should *not* entertain in adjudicating attorneys' fee motions.  *See Fox*, 131 S. Ct. at 2216.  Under the law, the Court can and should award Oracle the entirety of its attorneys' fees and costs, *see* Dkt. 922 at 13 (Oracle's motion, citing authorities).  But even if the Court were to find reductions appropriate, it would apply "rough justice" in so doing.  *Fox*, 131 S. Ct. at 2216.

   Rimini's requested extension would also prejudice Oracle.  Unnecessary and unreasonable delay in resolving Oracle's motion would unfairly burden Oracle's interests in the finality of litigation, and would be contrary to judicial economy.  *Cureton v. Natl. Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  The rules of procedure should be applied "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  If the Court adopts Oracle's proposed two-week extension, Rimini's opposition will be due December 28, and Oracle's reply will be due January 22, 2016, three days shy of six years after Oracle filed its initial Complaint.  Dkt. 1.  Oracle respectfully submits that any further delay would be unfairly prejudicial:  Rimini has been found liable for its wrongdoing, Dkt. 896, and should not be allowed to further delay a final resolution.

DATED:  December 3, 2015                    Morgan, Lewis & Bockius LLP


                                            By:      */s/ Thomas S. Hixson*
                                                         Thomas S. Hixson
                                                        Attorneys for Plaintiffs
                                                          Oracle USA, Inc.,
                                                      Oracle America, Inc. and
                                                   Oracle International Corporation

ORACLE'S OPPOSITION TO RIMINI'S MOTION FOR AN EXTENSION OF TIME