SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
Daniel Polsenberg (Nevada Bar. No. 2376)
W. West Allen (Nevada Bar No. 5566)
Joel Henriod (Nevada Bar. No. 8492)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
dpolsenberg@lrrlaw.com
wallen@lrrlaw.com
jhenriod@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone:  (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants
Rimini Street, Inc. and Seth Ravin*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>          Plaintiffs,<br><br>    v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>          Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**EMERGENCY RELIEF REQUESTED**<br><br>**RIMINI STREET AND SETH RAVIN'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO ORACLE'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO L.R. 7-5 AND 26-4**<br><br>Judge:      Hon. Larry R. Hicks |

Oracle seeks over $56 million in fees and costs and would like the Court to just rubber-stamp its request. But this is no ordinary fee request; indeed, Oracle seeks more in attorneys' fees than it was awarded at trial, and it did not provide Rimini or the Court with any way of evaluating, based on the massive set of invoices Oracle submitted, which fees were incurred for the claims on which Oracle prevailed. The amount and complexity of Oracle's fee request therefore far exceed anything Rimini or the Court could have anticipated. Oracle acknowledges that two extra weeks are warranted (Dkt. 942 at 6), but as Rimini's expert explained (Dkt. 941-2), that is not sufficient time to perform a sufficient analysis and audit of the billing records supporting Oracle's massive fee request. Oracle does not dispute Rimini's expert's time estimate; Oracle simply argues that such an analysis is unnecessary. Oracle is wrong.

Oracle lost, withdrew, or abandoned the vast majority of its claims. Yet, Oracle's request lumps together all invoices on all issues, without differentiating which fees were for which claims or what portion of Oracle's work was directed to issues on which Oracle prevailed. If any fees are awarded—and Rimini contends that none are warranted—the Court will need to decide how to divide up what Oracle has requested in light of its limited success. But Oracle has given the Court *no method* for doing so. By contrast, Rimini's opposition brief and supporting expert declarations will significantly assist the Court in evaluating the morass of bills, invoices, declarations, and timesheets that Oracle has filed. Accordingly, an extension of time for Rimini's experts to perform this analysis will not "burden" the Court as Oracle claims; to the contrary, it will greatly assist the Court in evaluating Oracle's substantial request.

Oracle's opposition to this extension is particularly meritless given that Oracle belatedly revised its fee request two weeks after it filed its motion adding $200,000 (Dkt. 931), and did not provide all the data supporting its request until two days ago (Dkt. 939), which added hundreds of additional pages of timesheets (Dkt. 937). Oracle also refused to allow Rimini's auditors to review the timesheets in a timely manner, instead insisting on the longest possible delay permitted by the protective order. *See* Dkt. 941-3.

$56 million is an outrageous amount of attorneys' fees. Coupled with the requested $40 million in prejudgment interest, Oracle is attempting to *triple* the jury's copyright award. Preventing

1    Rimini from engaging experts to scrutinize Oracle's extreme request would be grossly unfair, and

2    would deprive the Court of a significant aid for its evaluation of Oracle's fee request.  Rimini thus

3    respectfully requests that the Court order an extension of an additional 60 days for Rimini to respond

4    to Oracle's fee request.

5    DATED:        December 4, 2015              LEWIS ROCA ROTHGERBER LLP

6

7                                                              By: /s/ Daniel F. Polsenberg
                                                                    Daniel F. Polsenberg
8                                                                    3993 Howard Hughes Parkway, Suite 600
                                                                    Las Vegas, Nevada 89169
9                                                                    (702) 949-8200

10                                                                  Attorneys for Defendants
                                                                    Rimini Street, Inc. and Seth Ravin
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2015, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Jessie M. Helm*
An employee of Lewis Roca Rothgerber LLP