```
 1  Jon T. Neumann (12053)
    jneumann@steptoe.com
 2  STEPTOE & JOHNSON LLP
    201 E. Washington St., Ste. 1600
 3  Phoenix, Arizona 85004-2382
    Telephone: (602) 257-5200
 4  Facsimile:  (602) 257-5299

 5  Mark J. Connot (10010)
    mconnot@foxrothschild.com
 6  Fox Rothschild LLP
    3800 Howard Hughes Pkwy., Ste. 500
 7  Las Vegas, Nevada 89169
    Telephone: (702) 699-5924
 8  Facsimile:  (702) 597-5503

 9  James E. Rocap, III*
    jrocap@steptoe.com
10  Sarah D. Gordon*
    sgordon@steptoe.com
11  STEPTOE & JOHNSON LLP
    1330 Connecticut Avenue, NW
12  Washington, D.C. 20036
    Telephone: (202) 429-3000
13  Facsimile:  (202) 429-3902

14  *Verified Petitions for admission pro
    hac vice forthcoming
15
    Attorneys for Defendants Hartford Fire
16  Insurance Co., Hartford Accident and
    Indemnity Co., and Hartford Casualty
17  Insurance Co.
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC., a Nevada corporation, | No. 2:15-CV-02292-JCM-CWH |
| Plaintiff, | **NOTICE OF RELATED CASES** |
| vs. | **TO BE FILED IN:** |
| HARTFORD FIRE INSURANCE COMPANY; HARTFORD ACCIDENT AND INDEMNITY COMPANY; HARTFORD CASUALTY INSURANCE COMPANY; DOES 1 through X, inclusive; and ROE CORPORATIONS I through X, inclusive, | No. 2:15-CV-02292-JCM-CWH<br>No. 2:10-CV-00106-LRH-PAL |
| Defendants. | |

NOTICE OF RELATED CASES

Pursuant to Local Rule 7-2.1, Defendants Hartford Fire Insurance Company, Hartford Accident and Indemnity Company, and Hartford Casualty Insurance Company (collectively, "Hartford") respectfully provide notice that this action is related to the following action also pending in the United States District Court for the District of Nevada: *Oracle USA, Inc. et al. v. Rimini Street, Inc., et al.*, No. 2:10-cv-00106-LRH-PAL (Jan. 25, 2010) (the "*Oracle* lawsuit"). The *Oracle* lawsuit is pending before the Honorable Larry R. Hicks.

1. On December 4, 2015, Hartford filed its Notice of Removal in this matter.

2. Local Rule 7-2.1 provides that "Counsel who has reason to believe that an action on file or about to be filed is related to another action on file (whether active or terminated) shall file in each action and serve on all parties in each action a notice of related cases. This notice shall set forth the title and number of each possibly related action, together with a brief statement of their relationship and the reasons why assignment to a single district judge and/or magistrate judge is desirable."

3. Subpart (d) of Local Rule 7-2.1 provides that an action "may be considered related to another action when: . . . (d) For any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrates judges. The assigned judges will make a determination regarding the consolidation of the actions."

4. In its First Amended Complaint in this action, Rimini Street, Inc. ("Rimini") seeks declaratory relief that certain liability insurance policies issued by Hartford to Rimini ("Policies") obligate Hartford (1) to defend Rimini in the *Oracle* lawsuit and (2) to indemnify Rimini for the damages awarded in that lawsuit up to the Policies' cumulative limits of liability. [FAC ¶¶57-74 (First and Second Causes of Action); *id.* at 13-14 (Prayer for Relief).]

5. According to the First Amended Complaint, Hartford has reimbursed under a reservation of rights approximately $1.4 million of the $6.5 million in attorneys' fees and costs Rimini allegedly incurred in defending the *Oracle* lawsuit "from the date of tender in May 2015 through October 2015." [FAC ¶¶ 52-53.] The First Amended Complaint also contends that Hartford has refused to acknowledge its alleged obligation under the Policies to indemnify Rimini for any liability incurred in connection with the adverse jury verdict in the *Oracle*

lawsuit, or to pay additional amounts that may become owed to Rimini as supplementary payments. [FAC ¶ 55.]

6. Hartford's obligation under the Policies to pay Rimini's defense costs, the adverse verdict in the *Oracle* lawsuit up to the Policies' cumulative limits, and any additional amounts that may become owed to Rimini as supplementary payments, is in controversy.

7. Resolution of the insurance coverage issues in controversy in this action will require, *inter alia*, a detailed analysis of events and actions in the *Oracle* lawsuit and the application of the terms and conditions of the Policies to those events and actions. That lawsuit has been ongoing for almost six years (since January 2010), with multiple summary judgment rulings and other substantive motions, resulting in a 3-week jury trial, and now significant post-trial motion practice. Hartford respectfully suggests that, if this action were assigned to Judge Hicks, his knowledge of the extensive record in the *Oracle* lawsuit will result in a significant reduction in duplication of labor among the Judges and Magistrate Judges of this Court.

DATED this 7th day of December, 2015.

By /s/ Jon T. Neumann
Jon T. Neumann
STEPTOE & JOHNSON LLP
201 E. Washington St., Ste. 1600
Phoenix, Arizona 85004-2382

Mark J. Connot
FOX ROTHSCHILD LLP
3800 Howard Hughes Pkwy., Ste. 500
Las Vegas, Nevada 89169

*Attorneys for Defendants Hartford Fire Insurance Co., Hartford Accident and Indemnity Co., and Hartford Casualty Insurance Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2015, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing systems sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By /s/ *Jacqueline Magee*
An employee of Fox Rothschild LLP