1   BOIES, SCHILLER & FLEXNER LLP
    RICHARD J. POCKER (NV Bar No. 3568)
2   300 South Fourth Street, Suite 800
    Las Vegas, NV 89101
3   Telephone: (702) 382-7300
    Facsimile: (702) 382-2755
4   rpocker@bsfllp.com

5   BOIES, SCHILLER & FLEXNER LLP
    WILLIAM ISAACSON (pro hac vice)
6   KAREN DUNN (pro hac vice)
    5301 Wisconsin Ave, NW
7   Washington, DC 20015
    Telephone: (202) 237-2727
8   Facsimile: (202) 237-6131
    wisaacson@bsfllp.com
9   kdunn@bsfllp.com

10  BOIES, SCHILLER & FLEXNER LLP
    STEVEN C. HOLTZMAN (pro hac vice)
11  KIERAN P. RINGGENBERG (pro hac vice)
    1999 Harrison Street, Suite 900
12  Oakland, CA 94612
    Telephone: (510) 874-1000
13  Facsimile: (510) 874-1460
    sholtzman@bsfllp.com
14  kringgenberg@bsfllp.com

    MORGAN, LEWIS & BOCKIUS LLP
    THOMAS S. HIXSON (pro hac vice)
    KRISTEN A. PALUMBO (pro hac vice)
    One Market, Spear Street Tower
    San Francisco, CA  94105
    Telephone:  415.442.1000
    Facsimile:  415.442.1001
    thomas.hixson@morganlewis.com
    kristen.palumbo@morganlewis.com

    DORIAN DALEY (pro hac vice)
    DEBORAH K. MILLER (pro hac vice)
    JAMES C. MAROULIS (pro hac vice)
    ORACLE CORPORATION
    500 Oracle Parkway, M/S 5op7
    Redwood City, CA 94070
    Telephone:  650.506.4846
    Facsimile:  650.506.7114
    dorian.daley@oracle.com
    deborah.miller@oracle.com
    jim.maroulis@oracle.com

15  Attorneys for Plaintiffs
    Oracle USA, Inc., Oracle America, Inc., and
16  Oracle International Corp.

17                    UNITED STATES DISTRICT COURT

18                          DISTRICT OF NEVADA

19  ORACLE USA, INC., a Colorado corporation;        Case No. 2:10-cv-0106-LRH-PAL
    ORACLE AMERICA, INC., a Delaware
20  corporation; and ORACLE INTERNATIONAL           **ORACLE'S OPPOSITION TO**
    CORPORATION, a California corporation,           **DEFENDANTS' MOTION TO**
21                                                   **COMPEL DISCOVERY RELATING**
                      Plaintiffs,                    **TO ORACLE'S MOTION FOR**
22                                                   **ATTORNEYS' FEES**
             v.
23
    RIMINI STREET, INC., a Nevada corporation;
24  and SETH RAVIN, an individual,

25                    Defendants.

26

27

28

**TABLE OF CONTENTS**

Page(s)

I.    INTRODUCTION ........................................................................................................ 1

II.   ARGUMENT .............................................................................................................. 2

      A.    No Discovery is Warranted in This Case Beyond What Oracle Has
            Already Provided ......................................................................................... 2

      B.    Rimini's Discovery Requests Are Irrelevant and Excessive ........................ 4

            1.    The Fee Agreements That Rimini Requests Are Irrelevant .............. 5

                  a.    Oracle already produced all the information that is
                        necessary to determine the reasonableness of the fees ......... 5

                  b.    Oracle already produced all the evidence necessary to show
                        that Oracle paid the fees at the agreed-upon rates ................. 6

                  c.    Rimini does not cite a single case that supports its argument ........ 6

            2.    The Billing Guidelines Rimini Requests Are Unnecessary and
                  Irrelevant ......................................................................................... 7

            3.    Oracle Has Provided Contemporaneous Billing Records;
                  Additional Metadata Is Irrelevant ................................................... 8

            4.    Rimini's Requested Depositions Are Improper ............................... 11

      C.    Oracle reserves the right to supplement its fee petition and seek reciprocal
            discovery if Rimini's motion is granted ...................................................... 13

III.  CONCLUSION ......................................................................................................... 14

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY RELATING TO ORACLE'S MOTION
FOR ATTORNEYS' FEES

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**FEDERAL CASES**

4

*Ackerman v. W. Elec. Co.*,
   643 F. Supp. 836 (N.D. Cal. 1986) *aff'd*, 860 F.2d 1514 (9th Cir. 1988)................................ 9

5

*Apple, Inc. v. Samsung Elecs. Co.*,
   No. C 11-1846 LHK PSG, 2012 WL 5451411 (N.D. Cal. Nov. 7, 2012) ............................ 10

6

7

*Barnard v. Las Vegas Metro. Police Dep't*,
   No. 2:03-CV-01524-RCJ, 2013 WL 4039067 (D. Nev. Aug. 7, 2013) .................................. 2

8

9

*Blanchard v. Bergeron*,
   489 U.S. 87 (1989) ............................................................................................................... 6

10

*City of Burlington v. Dague*,
   505 U.S. 557 (1992) ......................................................................................................... 2, 11

11

12

*Cook v. Harrison Med. Ctr.*,
   No. C13-5986 BHS, 2015 WL 5307626 (W.D. Wash. Sept. 9, 2015) .................................. 9

13

14

*Crawford v. Astrue*,
   586 F.3d 1142 (9th Cir. 2009).............................................................................................. 2

15

16

*Defenbaugh v. JBC & Associates, Inc.*,
   No. C-03-0651 JCS, 2004 WL 1874978 (N.D. Cal. Aug. 10, 2004)..................................... 9

17

*Dutchak v. Cent. States, Se. & Sw. Areas Pension Fund*,
   932 F.2d 591 (7th Cir. 1991)............................................................................................. 10

18

19

*E.E.O.C. v. Harris Farms, Inc.*,
   No. Civ. F 02-6199 AWI LJO, 2006 WL 1028755 (E.D. Cal. Mar. 1, 2006) ......................... 3

20

*Entertainment Research Grp., Inc. v. Genesis Creative Grp., Inc.*,
   122 F.3d 1211 (9th Cir. 1997)............................................................................................. 3

21

22

*FirstNet Ins. Co. v. Zhen Rui Brother Corp.*,
   No. 1:11-CV-00005, 2011 WL 8034171 (D.N. Mar. I. Oct. 24. 2011) .................................. 6

23

24

*Fischer v. SJB-P.D. Inc.*,
   214 F.3d 1115 (9th Cir. 2000)........................................................................................... 10

25

*Fox v. Vice*,
   131 S. Ct. 2205 (2011) ..................................................................................................... 2, 8

26

27

*Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*,
   886 F.2d 1545 (9th Cir. 1989)........................................................................................... 3, 4

28

1

**TABLE OF AUTHORITIES**
(continued)

2

Page(s)

3    *G & G Closed Circuit Events, LLC v. Kim Hung Ho*,
    No. 11-CV-03096-LHK, 2012 WL 3043018 (N.D. Cal. July 25, 2012) ................................. 9

4

5    *Goehring v. Brophy*,
    94 F.3d 1294 (9th Cir. 1996) ............................................................................................... 4

6

7    *Hamner v. Rios*,
    769 F.2d 1404 (9th Cir. 1985) ............................................................................................. 6

8    *Hensley v. Eckerbhart*,
    461 U.S. 424 (1983) ............................................................................................................ 2

9

10   *Holhbein v. Utah Land Res. LLC*,
    No. 3:08-CV-00347-RCJ, 2015 WL 1413503 (D. Nev. Mar. 27, 2015) ............................ 2

11

12   *In re Grand Jury Witness*,
    695 F.2d 359 (9th Cir. 1982) ............................................................................................. 12

13   *In re Michaelson*,
    511 F.2d 882 (9th Cir. 1975) ............................................................................................... 5

14

15   *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*,
    56 F.3d 295 (1st Cir. 1995) ................................................................................................. 2

16

17   *Ins. Co. of State of Penn. v. City of San Diego*,
    2007 WL 935712 (S.D. Cal. Feb. 27, 2007) ....................................................................... 7

18   *Intel Corp. v. Terabyte Int'l, Inc.*,
    6 F.3d 614 (9th Cir. 1993) ................................................................................................... 3

19

20   *Kilopass Tech., Inc. v. Sidense Corp.*,
    82 F. Supp. 3d 1154, 1167 (N.D. Cal. 2015) ...................................................................... 6

21

22   *Lehr v. City of Sacramento*,
    No. 2:07-CV-01565-MCE, 2013 WL 1326546 (E.D. Cal. Apr. 2, 2013) ............................ 9

23   *Logistec USA, Inc. v. Daewoo Int'l Corp.*,
    No. 2:13-CV-27, 2015 WL 3767564 (S.D. Ga. June 17, 2015) ........................................ 11

24

25   *Moore v. James H. Matthews & Co.*,
    682 F.2d 830 (9th Cir. 1982) ........................................................................................... 3, 4

26   *Muniz v. United Parcel Serv., Inc.*,
    738 F.3d 214 (9th Cir. 2013) ............................................................................................. 11

27

28

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page(s)**

3      *Muniz v. United Parcel Service, Inc.*,
          No. C-09-01987-CW, 2011 WL 311374 (N.D. Cal. Jan. 28, 2011) .................................. 3, 4

4

5      *Nance v. Jewell*,
          No. CV 06-125-BLG-DLC, 2014 WL 948844 (D. Mont. Mar. 11, 2014),

6         *appeal dismissed* (Aug. 13, 2014) ........................................................................................ 9

7      *Nat'l Ass'n of Concerned Veterans v. v. Sec'y of Def.*,
          675 F.2d 1319 (D.C. Cir. 1982) ............................................................................................ 4

8

9      *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Seagate Tech., Inc.*,
          2013 WL 3187318 (N.D. Cal. June 21, 2013) ...................................................................... 7

10     *New York State Ass'n for Retarded Children, Inc. v. Carey*,
          711 F.2d 1136 (2d Cir. 1983) ............................................................................................. 10

11

12     *Pacquiao v. Mayweather*,
          No. 2:09-CV-2448-LRH-RJJ, 2012 WL 4092684 (D. Nev. Sept. 17, 2012) ..................... 9, 13

13

       *Prison Legal News v. Umatilla County*,
14        No. 2:12-cv-1101-SU, 2013 WL 2156471 (D. Or. May 16, 2013) ......................................... 3

15     *Real v. Continental Group., Inc.*,
          116 F.R.D. 211 (N.D. Cal. 1986) ..................................................................................... 4, 13

16

17     *Riker v. Distillery*,
          No. 2:08-cv-0450 MCE JFM, 2009 WL 2486196 (E.D. Cal. Aug. 12, 2009) ................. 12, 13

18

19     *Riverbank Holding Co. v. New Hampshire Ins. Co.*,
          No. 2:11-cv-02681-WBS-GGH, 2012 WL 4748047 (E.D. Cal. Oct. 3, 2012) ................ 11, 12

20     *Rolex Watch U.S.A., Inc. v. Crowley*,
          74 F.3d 716 (6th Cir. 1996) ................................................................................................. 11

21

22     *Rubbermaid Commercial Products, LLC v. Trust Commercial Products*,
          No. 2:13-cv-02144, 2014 WL 4987878 (D. Nev. Aug. 22, 2014) .......................................... 9

23

       *Saunders v. Naval Air Rework Facility*,
24        No. C-74-520 WHO, 1981 WL 418 (N.D. Cal. Sept. 4, 1981) ............................................... 9

25     *Shelton v. Am. Motors Corp.*,
          805 F.2d 1323 (8th Cir. 1986) ............................................................................................. 12

26

27     *Torres v. Toback, Bernstein, & Reiss LLP*,
          278 F.R.D. 321 (E.D.N.Y. 2012) ........................................................................................... 5

28

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Villaflor v. Equifax Info.*,
   No. C-09-00329 MMC (EDL), 2010 WL 2891627 (N.D. Cal. July 22, 2010) ..................... 12

*Williams v. Alioto*,
   625 F.2d 845 (9th Cir. 1980)................................................................................................ 10

**OTHER CASES**

*Dynamic Concepts, Inc. v. Truck Ins. Exchange*,
   61 Cal. App. 4th 999 (1998) ................................................................................................... 7

*Ellis v. Toshiba Am. Info. Sys., Inc.*,
   218 Cal. App. 4th 853 (2013) ............................................................................................... 10

**RULES**

Fed. R. Civ. P. 54 ........................................................................................................................ 2

Local Rule 54-16.................................................................................................................. 4, 7, 8

# I.      INTRODUCTION

After succeeding on its copyright and computer access claims and winning a $50 million dollar jury verdict against Rimini Street, Inc. and Seth Ravin (together, "Rimini"), Oracle filed a motion to recover its costs and attorneys' fees.  In support of this motion, Oracle filed thousands of pages of billing records and four sworn declarations.  Under federal and state law, Oracle is entitled to recover its fees and costs after spending nearly six years and tens of millions of dollars litigating against Rimini's needlessly costly litigation tactics.  Those same wasteful tactics continue to this day as Rimini seeks to turn a fee request into its own mini-trial that will continue to draw this case out for months to come and consume even more resources of the Court and the parties.  For example, Rimini has enlisted *five* purported experts on attorneys' fees (Dkt. 943, ¶ 3), more experts than Rimini used throughout the entire litigation up to this point.

Despite Oracle's compliance with the local rules on fee requests and the vast amount of supporting evidence it provided with its motion, Rimini seeks burdensome and invasive discovery with no precedent in the case law.  Rimini even seeks *metadata* underlying Oracle's attorneys' time entry software and the depositions of at least three attorneys representing Oracle.  All of this information is either redundant to the thousands of pages of documents Oracle has already produced, or it is irrelevant and unnecessary in determining the reasonableness of the fees at issue – fees that Oracle reviewed and paid throughout the years in this litigation.

Rimini ignores an extensive body of Ninth Circuit case law that disfavors post-trial discovery concerning fees, prohibits depositions and permits fee-related discovery only where the prevailing party's supporting documentation is found to be wanting.  Rimini has failed to identify a single case allowing the discovery it seeks in a fee request proceeding, instead citing one inapposite case after another.  Rimini has not even attempted to show that Oracle's documentation is somehow legally inadequate, nor can it do so credibly.

In reality, Rimini is attempting to continue delaying entry of final judgment in this litigation while trying to obtain sweeping discovery that is unnecessary in light of Oracle's production of voluminous and detailed billing records.  The Court's familiarity with this litigation combined with the exhaustive time details already provided allow the Court to evaluate the reasonableness of Oracle's

1    efforts in this matter.  Rimini's motion to compel should be denied. [1]

2    II.    ARGUMENT

3          A.    No Discovery is Warranted in This Case Beyond What Oracle Has Already
                 Provided.

4
5          The Supreme Court has admonished litigants and courts that fee proceedings should not

6    "result in a second major litigation."  *Hensley v. Eckerbhart*, 461 U.S. 424, 437 (1983); *see City of

7    Burlington v. Dague*, 505 U.S. 557, 566 (1992) (courts have an interest "in avoiding burdensome

8    satellite litigation" relating to fee petitions).  The Ninth Circuit has heeded this guidance.  *See

9    Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("'satellite litigation' over attorneys' fees

10   should not be encouraged") (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)).  The

11   Supreme Court recently reaffirmed this principle in *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011),

12   stating that a fee applicant must "submit appropriate documentation to meet the burden of

13   establishing entitlement to an award," but that "trial courts need not, and indeed *should not*,

14   become green-eyeshade accountants.  *The essential goal in shifting fees (to either party) is to do

15   rough justice, not to achieve auditing perfection.*  So trial courts may take into account their overall

16   sense of a suit, and may use estimates in calculating and allocating an attorney's time."

17   (emphasis supplied).  The District of Nevada has consistently adhered to this approach.  *Holhbein

18   v. Utah Land Res. LLC*, No. 3:08-CV-00347-RCJ, 2015 WL 1413503, at *4 (D. Nev. Mar. 27,

19   2015) (quoting *Hensley* and *Fox* for the above proposition); *Barnard v. Las Vegas Metro. Police

20   Dep't*, No. 2:03-CV-01524-RCJ, 2013 WL 4039067, at *2-3 (D. Nev. Aug. 7, 2013) (same).

21         Consistent with the Supreme Court's guidance, discovery pertaining to fee petitions is

22   appropriate only on "rare occasion."  Fed. R. Civ. P. 54, Advisory Comm. Note; *see also In re

23   Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig*., 56 F.3d 295, 303 (1st

24   Cir. 1995) ("unlimited adversarial discovery is not a necessary—or even a usual—concomitant of

25   fee disputes. . . . The Due Process Clause does not require freewheeling adversarial discovery as

26   standard equipment in fee contests").  This Court is "well within its discretion to deny discovery in

27   _____

28   [1] All references to Rimini Street, Inc.'s And Seth Ravin's Motion To Compel Discovery Relating
     to Oracle's Motion for Attorney's Fees (Dkt. 930) are cited as "Mot." below.

1  fee disputes that would lead to wasteful and time-consuming satellite litigation." *Muniz v. United*

2  *Parcel Service, Inc.*, No. C-09-01987-CW, 2011 WL 311374, at *3 (N.D. Cal. Jan. 28, 2011)

3  (internal quotations omitted).

4  　　Courts in the Ninth Circuit have refused to permit fee discovery unless it will be of

5  "substantial assistance" to the court in evaluating the reasonableness of fees. *E.E.O.C. v. Harris*

6  *Farms, Inc*., No. Civ. F 02-6199 AWI LJO, 2006 WL 1028755, at *24-25 (E.D. Cal. Mar. 1, 2006)

7  (denying losing defendant's request for fee-related discovery after trial because additional

8  discovery would not be of "substantial assistance" where prevailing plaintiff submitted

9  declarations and detailed billing records).  The District of Oregon has noted that it is "not aware of

10  any authority that provides for discovery regarding attorneys' fees *where the supporting*

11  *documentation is not inadequate*." *Prison Legal News v. Umatilla County*, No. 2:12-cv-1101-SU,

12  2013 WL 2156471, at *4 (D. Or. May 16, 2013) (emphasis added) (*citing Sablan v. Dep't of Fin.*

13  *of the Commonwealth of N. Mariana Islands*, 856 F.2d 1317, 1321-22 (9th Cir. 1988) (evidentiary

14  hearings in fee proceedings are unnecessary "if the record and supporting affidavits are sufficiently

15  detailed to provide an adequate basis for calculating an award")).

16  　　Furthermore, on the rare occasion that a court does allow fee-related discovery, it typically

17  compels production of detailed billing entries—discovery that Oracle has already supplied in

18  connection with its request for attorneys' fees. *E.g.*, *Entertainment Research Grp., Inc. v. Genesis*

19  *Creative Grp*., Inc., 122 F.3d 1211, 1231-32 (9th Cir. 1997) (requiring additional discovery where

20  only summaries of time worked were provided); *Intel Corp. v. Terabyte Int'l, Inc*., 6 F.3d 614,

21  622-23 (9th Cir. 1993) (same).

22  　　Rimini ignores this black-letter law and instead cites irrelevant authority or

23  mischaracterizes the law.  Rimini argues that:  (1) an award of attorneys' fees must be based on

24  adequate evidence; and (2) the Court has broad discretion to order discovery.  Mot. at 2-3.  Oracle

25  does not dispute the first proposition, and submits that it has already produced adequate evidence.

26  As to the Court's broad discretion, case law holds that fee discovery should be denied when the fee

27  motion provides adequate evidence to support the fee request.  Rimini cites *Moore v. James H.*

28  *Matthews & Co*., 682 F.2d 830, 838 (9th Cir. 1982) and *Frank Music Corp. v. Metro-Goldwyn-*

1   *Mayer Inc.*, 886 F.2d 1545, 1556-1558 (9th Cir. 1989) for support.  But both cases stand for the

2   proposition that additional evidence is unnecessary "when the affidavits and briefs submitted by

3   the parties are sufficiently detailed to provide a basis for the award."  *Moore*, 682 F.2d at 838; *see*

4   *also Frank Music Corp.*, 886 F.2d at 1556-1558 (fees award remanded because the district court

5   had relied on "reconstructed records" and estimated hours).  Here, Oracle's detailed invoices and

6   declarations in support of its motion for fees (*see* Dkts. 918- 925.) comply with Local Rule 54-16,

7   which sets out the requirements for fee requests, and Oracle's disclosures provide the Court with

8   sufficient evidentiary basis to assess the fees requested.

9        Rimini cites no case holding that the detailed invoices tracking each attorney's time and the

10  declarations substantiating each attorney's hourly rate that Oracle disclosed in support of its fee

11  request are insufficient.  The case law Rimini cites instead cautions the Court that discovery should

12  be limited, if needed at all.  *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996) (denying

13  request for additional discovery related to attorney's fees); *Nat'l Ass'n of Concerned Veterans v.*

14  *Sec'y of Def.*, 675 F.2d 1319, 1329-30 (D.C. Cir. 1982) ("it is not expected that fee contests should

15  be resolved only after the type of searching discovery that is typical where issues on the merits are

16  presented."); *Muniz*, 2011 WL 311374, at *3 ("discovery in the context of post-trial fee disputes

17  should not involve 'the type of searching discovery that is typical' in resolving the merits of a

18  case") (citing *Nat'l Ass'n of Concerned Veterans*, 675 F.2d  at 1329-30).  Further, Rimini cites

19  *Real v. Continental Group., Inc.*, 116 F.R.D. 211 (N.D. Cal. 1986), which merely holds that a

20  party's hours and rates (already provided here) are relevant to a fee request.

21        **B.      Rimini's Discovery Requests Are Irrelevant and Excessive.**

22        As explained above, there is no reason for the Court to allow discovery beyond the evidence

23  that Oracle has already disclosed in support of its fee request.  This conclusion is further supported by

24  looking at the specific discovery requests that Rimini makes.  Under the guise of a request for "limited

25  discovery" Rimini seeks four categories of discovery:  (1) the retainer agreements between Oracle and

26  its counsel; (2) guidelines that Oracle imposes on outside counsel; (3) metadata regarding the entry of

27  time into Oracle's counsel's timekeeping software for the invoices submitted; and (4) depositions of the

28  persons most knowledgeable about the fees incurred.  Each request is unnecessary, irrelevant, and

1   redundant given what Oracle has already disclosed, and Rimini provides no basis for the Court to

2   compel Oracle to produce any of the requested discovery.

3           **1.**      **The Fee Agreements That Rimini Requests Are Irrelevant.**

4           Rimini seeks Oracle's fee agreements with its attorneys on the purported grounds that it

5   will help to determine (1) the reasonableness of Oracle attorneys' billing rates and (2) whether

6   Oracle seeks fees based on the hourly rates that Oracle agreed to pay.  Mot. at 4:4-14.  However, in

7   compliance with the local rules and the relevant legal standards, Oracle has already provided all the

8   information necessary to make these determinations.

9                 **a.**      **Oracle already produced all the information that is necessary to**

10                                      **determine the reasonableness of the fees.**

11          As explained in detail in Oracle's Motion for Costs and Attorneys' Fees, to determine a

12  reasonable attorneys' fee award, the Court multiplies the number of hours reasonably expended by

13  a reasonable hourly rate.  Dkt. 922 (Mot. for Costs and Atty's' Fees) at 16-22.  Oracle has

14  produced thousands of pages of invoices describing in detail all of the work performed by its

15  attorneys on this case for which Oracle seeks to recover fees along with the hourly rates charged to

16  Oracle.  Dkt. 923 (Hixson Decl.), Exs. 3-9; Dkt. 924 (Ringgenberg Decl.), Exs. 3-8.[2]  Oracle has

17  also disclosed all of the downward adjustments it made to the hours actually spent to ensure its

18  attorneys' fees request was conservative.  Dkt. 922 at 21:18-22:5.  Rimini has more information

19  than Oracle is required to disclose, and far more than it needs to challenge the reasonableness of

20  the hours worked by analyzing the narrative work descriptions and reductions to hours in the

21  invoices that Oracle has already disclosed.

22          Oracle has also disclosed the relevant legal experience and hourly rates actually charged to

23  Oracle for each of the attorneys for which it seeks fees.  Hixson Decl., ¶¶ 31-96; Ringgenberg

24  Decl., ¶¶ 14-41.  Beyond that basic information, the determination of reasonableness of the rates is

25  made by the Court based on analysis of the relevant market rates.  Oracle's fee agreements play no

26

27  _____

28  [2] All further references to the Hixson Decl. or Ringgenberg Decl. are cites to either Dkt. 923 or Dkt. 924, respectively.

1  part in the analysis.[3]

2                            **b.**         **Oracle already produced all the evidence necessary to show that Oracle paid the fees at the agreed-upon rates.**

3

4          Oracle has disclosed the invoices it received from its attorneys, Hixson Decl., Exs. 3-9;

5  Ringgenberg Decl., Exs. 3-8, the rates it was charged for those attorneys and any applicable

6  discounts (Hixson Decl., ¶¶ 10, 30-96; Ringgenberg Decl.,¶¶ 10, 14-41), and it has provided sworn

7  declarations stating that it reviewed the bills for accuracy and reasonableness (Dkt. 925 (Maroulis

8  Decl.), ¶ 3-4) and paid the amounts it is requesting in attorneys' fees (Hixson Decl., ¶ 8;

9  Ringgenberg Decl., ¶ 8).   The fee agreements that Rimini requests will provide no additional

10  relevant information on this issue.

11                            **c.**         **Rimini does not cite a single case that supports its argument.**

12          In support of its request for Oracle's fee agreements, Rimini seems to cite every case it

13  could find where the court ordered production of a fee agreement, even though not one of the cases

14  it cites is relevant here.  Rimini cites *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989), *Hamner v.

15  Rios*, 769 F.2d 1404, 1407 (9th Cir. 1985), and *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp.

16  3d 1154, 1167 (N.D. Cal. 2015), for the proposition that fee agreements are discoverable.  But each

17  of those cases is about the discoverability of a *contingency fee agreement* where the specifics of the

18  contingency fee arrangement were the only way to know what the litigant had agreed to pay his

19  attorneys – a factor in determining what a reasonable rate is.  Oracle paid its attorneys based on an

20  hourly rate; it did not have a contingency fee agreement with any of its attorneys on this case.

21  Hixson Decl., ¶8; Ringgenberg Decl., ¶8.  Oracle's motion disclosed exactly what Oracle agreed to

22  and did pay for the attorneys working on this case.  Hixson Decl., ¶¶ 30-96 and Exs. 3-9;

23  Ringgenberg Decl., ¶¶ 14-41 and Exs. 3-8.[4]

24  ---

[3] Rimini cites *Torres v. Toback, Bernstein, & Reiss LLP*, 278 F.R.D. 321, 322 (E.D.N.Y. 2012),
and *In re Michaelson*, 511 F.2d 882, 888 (9th Cir. 1975), in support of its argument that disclosure

25  of a fee agreement would protect against an unreasonable attorneys' fee award.  But neither of
these cases have any bearing on the argument, since they do not even mention a motion for

26  attorneys' fees.

27  [4] Rimini also cites *FirstNet Ins. Co. v. Zhen Rui Brother Corp.*, No. 1:11-CV-00005, 2011 WL
8034171 (D.N. Mar. I. Oct. 24. 2011), which involved a discovery request for a contingency fee

28  agreement served before the end of fact discovery.  In this case, Oracle disclosed in its complaint
that it intended to seek attorneys' fees (Dkt. 146 (Sec. Amend. Compl.), ¶¶ 99. 108, 158, Prayer for

1    Rimini also notes that *other jurisdictions* require disclosure of a fee agreement when

2    requesting attorneys' fees.  Mot. at 4:24-5:2.  That may be, but the District of Nevada has no such

3    requirement.  LR 54-16.

4    The cases Rimini cites are completely inapposite.  It cites no authority that could support its

5    claim that Oracle must produce its fee agreements with its attorneys to enable Rimini to evaluate

6    Oracle's fees request when Oracle has already turned over all the documents relevant to that

7    evaluation.

8           **2.      The Billing Guidelines Rimini Requests Are Unnecessary and**
             **Irrelevant.**
9
10   Rimini is correct that the local rules require an application for attorneys' fees to include a

11   summary of the "customary fee" and "the time limitations imposed by the client."  LR 54-

12   16(b)(3)(F), (H); Mot. at 5:26-6:1.  And Oracle has diligently provided this information in

13   compliance with LR 54-16.  *See* Hixson Decl., ¶¶ 8-14; Ringgenberg Decl., ¶¶ 8-10.  Even though

14   Oracle has satisfied the legal requirements by providing the necessary information, Rimini still

15   seeks the same information in the form of Oracle's billing guidelines provided to its attorneys.

16   This is redundant and irrelevant.  Beyond the information required by LR 54-16, Rimini is not

17   entitled to any of the information it seeks in the form of "billing guidelines."

18   Understandably, Rimini can offer no support for its request.  The cases that Rimini cites are

19   inapplicable to the issue at hand.  *Dynamic Concepts, Inc. v. Truck Ins. Exchange*, 61 Cal. App. 4th

20   999, 1009 n.9 (1998), merely states what information billing guidelines might contain.  Rimini

21   cites one unpublished case, *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Seagate Tech., Inc.*,

22   2013 WL 3187318, at *8 (N.D. Cal. June 21, 2013), to support its claim that billing guidelines are

23   "commonly considered" in determining the reasonableness of a fee request.  Rimini inaccurately

24   summarizes the case as holding that billing guidelines are "relevant to reasonableness of fees."

25   Mot. at 5:19-22.  But the word "relevant" does not appear once in the entire opinion, which is not

26

27   Relief), but fact discovery closed in December 2011 (Dkt. 161(Scheduling Order)), and Rimini
     failed to request anything related to a fee agreement.  Thus, in addition to *FirstNet* being irrelevant
28   because it is a contingency fee case, this case also shows that Rimini's request is untimely.

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY RELATING TO ORACLE'S MOTION
FOR ATTORNEYS' FEES

1    about determining the reasonableness of a fee request at all and has no bearing on the issue here.[5]

2               **3.    Oracle Has Provided Contemporaneous Billing Records; Additional
                         Metadata Is Irrelevant.**
3
            Oracle has produced charts summarizing what it paid for attorneys, experts, and other
4
     litigation expenses (Hixson Decl., Exs. 1 & 2; Ringgenberg Decl., Exs. 1 & 2); thousands of pages
5
     of the actual monthly invoices supporting each claimed amount (Hixson Decl., Exs. 3-9;
6
     Ringgenberg Decl., Exs. 3-8.); the billing rates for each timekeeper at all relevant times (Hixson
7
     Decl., ¶¶ 30-96; Ringgenberg Decl., ¶¶ 14-41); and sworn declarations attesting to the fact that
8
     attorneys on this matter tracked their time worked on the case by the day to the nearest tenth of an
9
     hour (Hixson Decl., ¶ 15; Ringgenberg Decl., ¶ 12).  Oracle has more than satisfied its evidentiary
10
     burden.  Oracle has also fully complied with Local Rule 54-16 which sets forth the required
11
     information in a motion for attorneys' fees.
12
            Not satisfied with a description of Oracle's attorneys' activities over the last six years
13
     broken down in six-minute intervals, Rimini asks this Court to compel Oracle to produce the
14
     *metadata* underlying its attorneys' time entries in the time entry software.  Apparently Rimini's
15
     intention is to have one of its five attorneys' fees experts analyze the metadata for many thousands
16
     of individual time entries in the hope that some entries were created weeks after the recorded
17
     activity.  Rimini and its experts will then ask this Court to conclude that this indicates that certain
18
     instances of recorded time are inaccurate and/or inflated.  Oracle would respond with further
19
     evidence to rebut these opinions, and before long the Court will be doing the work of "green-
20
     eyeshade accountants" proscribed by the Supreme Court in attorneys' fee proceedings.  *See Fox v.*
21
     *Vice*, 131 S. Ct. at 2216.
22
            At most, the law requires Oracle to provide contemporaneous billing records, and it has
23

24   _____
     [5] *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.* discusses billing guidelines because the insurer-
25   defendant relied on extra-contractual billing guidelines to limit coverage of the insured-plaintiff's
     defense fees in the underlying lawsuit.  Rimini cites another insurance coverage case, *Ins. Co. of*
26   *State of Penn. v. City of San Diego*, 2007 WL 935712 (S.D. Cal. Feb. 27, 2007), in support of its
     claim that billing guidelines are "essential to determining the reasonableness" of the fee request.
27   But billing guidelines were at issue in that case only because the insured-plaintiff was claiming that
     unreasonable rate limitations and reimbursement criteria were placed on counsel, and defendant-
28   insurer sought plaintiff's own billing guidelines as a check on reasonableness.  There is no such
     comparison at issue in this case.

1   done just that.[6]  This Court itself has confirmed that billing records are sufficient for assessing and

2   awarding attorneys' fees.  *Pacquiao v. Mayweather*, No. 2:09-CV-2448-LRH-RJJ, 2012 WL

3   4092684, at *1 (D. Nev. Sept. 17, 2012) (awarding attorneys' fees when motion was "accompanied

4   by a thorough breakdown of time including the individuals who provided the work, the nature of

5   the work, and the amount of time spent on each item."); *Rubbermaid Commercial Products, LLC*

6   *v. Trust Commercial Products*, No. 2:13-cv-02144, 2014 WL 4987878, at *7-8 (D. Nev. Aug. 22,

7   2014) *report and recommendation adopted*, 2014 WL 4987881 (D. Nev. Oct. 6, 2014) (awarding

8   attorneys' fees).

9        All the cases Rimini cites to support its argument are inapplicable as they involve situations

10   where a timekeeper lacked contemporaneous records and was attempting to reconstruct hours

11   worked years before by looking at work product and estimating the time it would have taken to

12   complete.  *Nance v. Jewell*, No. CV 06-125-BLG-DLC, 2014 WL 948844, at *8 (D. Mont. Mar.

13   11, 2014), *appeal dismissed* (Aug. 13, 2014) ("plaintiffs acknowledge that their claimed hours are

14   not based on contemporaneous recording, but are reconstructed using phone records, email records,

15   calendars, pleadings, correspondence, expert invoices, client record" (internal quotation marks

16   omitted)); *Lehr v. City of Sacramento*, No. 2:07-CV-01565-MCE, 2013 WL 1326546, at *8 (E.D.

17   Cal. Apr. 2, 2013) (party claiming fees did not keep contemporaneous records of the time

18   expended but instead based the attorneys' fee request on reconstructed records); *Ackerman v. W.*

19   *Elec. Co.*, 643 F. Supp. 836, 862-63 (N.D. Cal. 1986) *aff'd*, 860 F.2d 1514 (9th Cir. 1988) (party

20   requesting attorneys' fees did not provide all the underlying records supporting a summary of fees

21   and costs); *G & G Closed Circuit Events, LLC v. Kim Hung Ho*, No. 11-CV-03096-LHK, 2012

22   WL 3043018, at *2 (N.D. Cal. July 25, 2012) (plaintiff's attorneys' billable hours were

23   reconstructed based on a review of the case files); *Cook v. Harrison Med. Ctr.*, No. C13-5986

24

---

25   [6] The invoices produced were each provided to Oracle pursuant to both Morgan Lewis's (including former Bingham McCutchen) and Boies Schiller's firm policies requiring invoices to be generated
26   for the client on a monthly basis.  Hixson Decl., Exs. 3-9; Ringgenberg Decl., Exs. 3-8.  Rimini's own proposed expert Mr. Ross admits that in his experience electronic attorney timekeeping
27   systems which generate "periodic (usually monthly) invoices from the law firm to clients for services rendered" allow for "accurate contemporaneous recording of every legal service
28   provided."  Dkt. 930-3 (Ross Decl.) ¶ 9.

1  BHS, 2015 WL 5307626, at *2 (W.D. Wash. Sept. 9, 2015) (in a contingency fee case, counsel

2  reconstructed his billable time); *Defenbaugh v. JBC & Associates, Inc.*, No. C-03-0651 JCS, 2004

3  WL 1874978, at *12 (N.D. Cal. Aug. 10, 2004) (attorney's submitted time record was

4  reconstructed through a review of phone records and documents and the court held that the time

5  entries were nonetheless accurate and not inflated); *Saunders v. Naval Air Rework Facility*, No. C-

6  74-520 WHO, 1981 WL 418, at *3 (N.D. Cal. Sept. 4, 1981) (court awarded a reduced amount for

7  attorneys who did not have records for years and had to reconstruct their time billed); *New York*

8  *State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1141 (2d Cir. 1983) (attorneys'

9  reconstruction of time was based on "recollection of hours spent years before, in some instances as

10  many as eight years ago").  These cases are simply irrelevant to the facts here.  Oracle has

11  submitted contemporaneous monthly invoices paid by Oracle, which include attorney time by the

12  day down to the tenth of an hour.[7]

13       None of Rimini's remaining cases involves the court finding that contemporaneous time

14  records included in attorney invoices (like the ones Oracle has produced) were insufficient to

15  support an attorneys' fees award.  *Apple, Inc. v. Samsung Elecs. Co.*, No. C 11-1846 LHK PSG,

16  2012 WL 5451411, at *10 (N.D. Cal. Nov. 7, 2012) (the court did not reduce the award based on a

17  lack of contemporaneous records); *Williams v. Alioto*, 625 F.2d 845, 849 (9th Cir. 1980) (holding

18  that the affidavits before the court were sufficiently detailed to enable the court to consider all the

19  factors necessary in setting the fees and that no evidentiary hearing was required); *Fischer v. SJB-*

20  *P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (overturning district court's  rejection of a fee

21  request for abuse of discretion); *Dutchak v. Cent. States, Se. & Sw. Areas Pension Fund*, 932 F.2d

22  591, 597 (7th Cir. 1991) (upholding the district court's finding that submitted time entries were

23  accurate and rejecting defendant's argument that recording time a day, a week or, even longer after

24  the time was spent violated the contemporaneous time entry requirement).

25       The only case that Rimini cites that compels some discovery even close to metadata is *Ellis*

26  _____

27  [7] Rimini also tries to claim that Mr. Hixson "opened the door" to the production of metadata by
    stating in his declaration that "all timekeepers track their time by the day to the nearest tenth of an
    hour."  Mr. Hixson's statement is supported by the billing invoices Oracle produced, which show

28  an entry for each day a timekeeper did work.

1    *v. Toshiba Am. Info. Sys., Inc.*, 218 Cal. App. 4th 853, 861 (2013).  In *Ellis,* a class action, the court

2    ordered the attorney to produce billing records in native format only after the time records

3    produced in hard copy were suspect because they indicated the solo practitioner had worked

4    "nearly all day (sometimes as much as 16.75 hours), every day, seven days a week, including

5    holidays, for some 22 months."  *Id.* at 562.  That unique fact pattern bears no relation to this case.

6           Rimini also argues that the invoices would be hearsay if they were not recorded

7    contemporaneously, but again Rimini cites no applicable law to support this argument.  In *Muniz v.*

8    *United Parcel Serv., Inc.*, 738 F.3d 214, 222-23 (9th Cir. 2013), the court found that a paralegal's

9    after-the-fact reconstructed hours accompanied by only the attorney's declaration was not a

10   sufficient evidentiary basis for the award.  Unlike this additional irrelevant case, Oracle did not

11   reconstruct any of its records, and its fee request is supported by business records in the form of

12   both firms' actual invoices sent to and paid by Oracle.  Hixson Decl., Exs. 3-9; Dkt. 924

13   Ringgenberg Decl., Exs. 3-8.

14          **4.      Rimini's Requested Depositions Are Improper.**

15          Rimini seeks to depose several opposing litigation counsel on questions such as firm policy

16   on time entry and compliance with such policies.  This request is doubly inappropriate.  First,

17   allowing Rimini to go down this road is exactly the type of "burdensome satellite litigation"

18   disfavored by the courts.  *Dague*, 505 U.S. at 566.  Not only do courts generally disfavor

19   depositions of opposing counsel, but several courts have held that depositions are not necessary in

20   fee motions if sufficient written records are produced.  In *Riverbank Holding Co. v. New*

21   *Hampshire Ins. Co.*, No. 2:11-cv-02681-WBS-GGH, 2012 WL 4748047, at *5 (E.D. Cal. Oct. 3,

22   2012), the court found that it was "hard to see what more counsel for [the party seeking fees] could

23   provide in a deposition" when the "invoices of the legal fees at issue have already been produced . .

24   . and they include detailed descriptions of the work performed."  In *Rolex Watch U.S.A., Inc. v.*

25   *Crowley*, 74 F.3d 716, 722 (6th Cir. 1996), the Sixth Circuit similarly affirmed a district court's

26   decision to deny a deposition of opposing counsel in light of adequate written records.

27          Rimini ignores this case law and is unable to point to a single case where the court ordered

28   depositions of the type Rimini seeks.  The one case Rimini cites to support its request is a case

1    where the court required a deposition of plaintiff's counsel regarding the "amount or

2    reasonableness" of the fees plaintiff requested, *where plaintiff's counsel sought to testify at trial as*

3    *an expert* on attorneys' fees. *Logistec USA, Inc. v. Daewoo Int'l Corp.*, No. 2:13-CV-27, 2015 WL

4    3767564, at *7 (S.D. Ga. June 17, 2015). There is no support for Rimini's demand to complicate

5    an attorneys' fees proceeding by deposing multiple opposing counsel when the evidence Oracle

6    has already disclosed is sufficient.

7    　　　　Second, "because of the negative impact that deposing a party's attorney can have on the

8    litigation process," courts are generally reluctant to authorize attorney depositions. *Riverbank*

9    *Holding Co.*, 2012 WL 4748047 at *2. A deposition of opposing counsel is warranted only if a

10   party demonstrates that:  (1) no other means exist to obtain the information than to depose

11   opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information

12   is crucial to the case. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *see*

13   *Villaflor v. Equifax Info.*, No. C-09-00329 MMC (EDL), 2010 WL 2891627, at *2 (N.D. Cal. July

14   22, 2010) ("Although the Ninth Circuit has not formally adopted *Shelton*, district courts have used

15   it when analyzing whether to permit the deposition of counsel.") (quotation marks omitted).

16   　　　　Rimini does not come close to meeting this demanding test. As to the first criterion, the

17   declarations and detailed monthly invoices with daily time records submitted by Oracle furnish the

18   very information Rimini is seeking. As to the second criterion, questions about Oracle's attorneys'

19   billing practices, strategic decisions, meetings, and communications with clients—questions that

20   expand on the detailed time records already supplied—are protected by attorney-client privilege

21   and work product doctrine. *See generally In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir.

22   1982); *Riker v. Distillery*, No. 2:08-cv-0450 MCE JFM, 2009 WL 2486196, at *1-2 (E.D. Cal.

23   Aug. 12, 2009). Many of Rimini's questions at a deposition would infringe upon the legal strategy

24   and mental impressions of opposing counsel. Given that the parties—and the same litigation

25   counsel—are involved in a second litigation also before this Court, the attorney-client privilege and

26   work product concerns are especially significant. Finally, the depositions are by no means

27   "crucial" to Rimini's ability to contest the reasonableness of particular time entries submitted in

28   support of Oracle's fee motion. Rimini by its own admission intends to use the depositions of

1   opposing counsel to probe into the law firms' time recording policies to verify that they were

2   recorded contemporaneously.  Depositions are not crucial to Rimini's opposition when both of

3   Oracle's law firms have already attested to the accuracy of the billing records in declarations, the

4   records were not reconstructed, and, importantly, Oracle paid these fees.  As described in section

5   II.C above, all of the cases Rimini cites in support of its argument that it needs discovery into the

6   details of time entry involved situations where attorneys kept no contemporaneous records of their

7   time and attempted to reconstruct it years after the fact.  By contrast, where contemporaneous

8   records were kept, courts routinely accept those records as adequate.  *See, e.g.*, *Pacquiao*, 2012

9   WL 4092684, at *1.

10          C.      **Oracle reserves the right to supplement its fee petition and seek reciprocal
                    discovery if Rimini's motion is granted.**

11          The Court should deny Rimini's request for fee discovery.  However, should the Court

12  grant any of Rimini's requests, Oracle reserves the right to seek reciprocal discovery.  *See, e.g.*,

13  *Riker v. Distillery*, No. 2:08-cv-0450 MCE JFM, 2009 WL 2486196, at *2 (E.D. Cal. Aug. 12,

14  2009) (requiring losing defendant to provide "an itemized statement of the number of hours billed,

15  the parties' fee arrangement, costs and total fees paid, without including the nature of services

16  rendered"); *Real*, 116 F.R.D. at 213 (concluding "that the hours expended by the defendant on

17  matters pertaining to this case, counsel's hourly rates, as well as total billings and costs, are at least

18  minimally relevant to the plaintiff's fees and costs petition").  Copies of Rimini's invoices and a

19  full breakdown of its total costs and fees may substantially assist the Court in evaluating the

20  reasonableness of the time and resources Oracle spent litigating this matter.

21          Similarly, in the event that the Court grants Rimini's requests for additional discovery,

22  Oracle will likely seek to further supplement its fee petition to reflect the additional hours

23  expended litigating this fee petition.  In recent weeks, Rimini has continued to file multiple

24  motions, including a "conditional cross motion" for reconsideration contingent on Oracle's

25  requesting a new trial, which Rimini refused to withdraw even though its motion was moot

26  according to its own terms, Dkt. 916, thus forcing Oracle to oppose the motion.  Such litigation

27  tactics have required the attention of various attorneys and paralegals.  Rimini's desire to convert

28

1    this post-trial fee proceeding into an odyssey of "satellite litigation" is inappropriate for all the

2    reasons set forth above.

3    **III.**    **CONCLUSION**

4        For the foregoing reasons, Oracle respectfully submits that the Court should deny Rimini's

5    motion for additional discovery.

6

7

8    DATED:  December 10, 2015          Morgan, Lewis & Bockius LLP

9

10                  By:_____/s/ Thomas S. Hixson_____

11                        Thomas S. Hixson
                        Attorneys for Plaintiffs

12                         Oracle USA, Inc.,
                        Oracle America, Inc. and

13                         Oracle International Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **CERTIFICATE OF SERVICE**

2       I hereby certify that on the 10th day of December, 2015, I electronically transmitted the

3  foregoing ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

4  DISCOVERY RELATING TO ORACLE'S MOTION FOR ATTORNEYS' FEES to the Clerk's

5  Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all

6  counsel in this matter; all counsel being registered to receive Electronic Filing.

7

8  DATED:  December 10, 2015           Morgan, Lewis & Bockius LLP

9

10                  By:     /s/ Thomas S. Hixson

11                        Thomas S. Hixson
                      Attorneys for Plaintiffs

12                        Oracle USA, Inc.,
                      Oracle America, Inc. and

13                        Oracle International Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY RELATING TO ORACLE'S MOTION
FOR ATTORNEYS' FEES