J. RANDALL JONES, ESQ. (#1927)
MATTHEW S. CARTER, ESQ. (#9524)
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000
Facsimile:  (702) 385-6001
Email:  kjc@kempjones.com

MARK E. MILLER (*pro hac vice*)
TAB R. TURANO (*pro hac vice*)
MILLER FRIEL, PLLC
1200 New Hampshire Avenue
Suite 800
Washington, DC 20036
(P) (202) 760-3163 | (F) (202) 276-9363
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY; HARTFORD ACCIDENT AND INDEMNITY COMPANY; HARTFORD CASUALTY INSURANCE COMPANY; DOES 1 through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:15-CV-02292-JCM-CWH<br><br>**RIMINI STREET, INC'S. OBJECTION TO HARTFORD'S NOTICE OF RELATED CASES**<br><br>TO BE FILED IN:<br><br>No. 2:15-CV-02292-JCM-CWH<br>No. 2:10-CV-00106-LRH-PAL |

Rimini Street, Inc. ("Rimini"), by and through its undersigned counsel, and pursuant to Local Rule 7-2.1, hereby Objects to the designation by Defendants, Hartford Fire Insurance Company, Hartford Accident and Indemnity Company, and Hartford Casualty

-1-

Insurance Company (collectively, "Hartford"), of this action as related to *Oracle USA, Inc., et al. v. Rimini Street, Inc., et al.*, No. 2:10-cv-00106-LRH-PAL (Jan. 25, 2010) (the "*Oracle* lawsuit"). The two lawsuits are not "related cases" within the meaning of Local Rule 7-2.1. Rather, Hartford's Notice is an improper attempt to interfere with the Court's standard case assignment procedure and to reveal insurance information to a finder of fact in an unrelated case. This action should remain before the assigned Judge, the Honorable James C. Mahan, for the reasons further set forth below.

     1.    The *Oracle* lawsuit was filed in 2010, and assigned to the Honorable Larry R. Hicks. The case involves allegations of copyright infringment, violations of state computer abuse acts, and certain business torts. The lawsuit was tried beginning September 14, 2015, and, on October 13, 2015, the jury rendered its verdict. The parties' motions for post-trial relief, including Oracle's motions for interest and for attorneys' fees and costs, remain pending before Judge Hicks as the finder of fact.

     2.    The instant action, in contrast, is an insurance coverage lawsuit that only involves Rimini's request for a judicial declaration that Hartford is liable to provide insurance coverage for damages and other sums which may ultimately be incurred in connection with the *Oracle* lawsuit. Rimini first filed this claim on July 23, 2015, in the District Court, Clark County, Nevada. On or about December 4, 2015, Hartford removed the action to this Court and, subsequently, filed the Notice of Related Cases that is the subject of this Objection.

     3.    This Court's General Order No. 2011-05, captioned *In re Matter of Assigment of Civil and Criminal Cases* (Dec. 15, 2011) provides: "[t]o distribute cases among the judges of this court pursuant to Title 28 U.S.C. § 137, the Clerk of the Court will randomly assign civil and criminal cases to both the district and magistrate judges at the direction of and with the approval of the Court."

     4.    The Court's General Order "evinces a policy of objectivity and fairness in the distribution of all matters . . . that . . . is important to the fair administration of justice." *In re*

*Yagman*, 796 F.2d 1165, 1178 (9th Cir. 1986). Random assignment of cases by the Court precludes indicia of bias and prevents the real, or perceived, appearance of judge shopping. *In re Marshall*, 403 B.R. 668, 677 (C.D. Cal. 2009); *see also Tripp v. Executive Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000) ("The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process").

5. Local Rule 7-2.1 is the exception to the General Order. Local Rule 7-2.1 provides that "[a]n action may be considered related to another action when:

(a) Both actions involve the same parties and are based on the same or similar claim;

(b) Both actions involved the same property, transaction or event;

(c) Both actions involve similar questions of fact and the same question of law and their assignment to the same district judge and/or magistrate judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or

(d) For any other reason, it would entail substantial duplication of labor if the actions were heard by different distict judges or magistrate judges."

L.R. 7-2-1(a)-(d)

6. "The Party requesting related-case designation and seeking to avoid random assignment bears the burden of showing that cases are related" under the Local Rule. *U.S. v. Volvo Constr. Equip.*, 922 F. Supp.2d 67, 68 (D.D.C. 2013)

7. Here, Hartford can demonstrate none of the relevant factors set forth in Local Rule 7-2.1.

8. Hartford cannot, and does not, argue that this action and the *Oracle* lawsuit involve the same parties and the same or similar claim.

9. Hartford cannot, and does not, contend that the two actions involve the same property, transaction or event.

10. Similarly, Hartford cannot, and does not, contend that the two actions involve similar questions of fact and law. Indeed, this insurance action and the *Oracle* lawsuit involve separate and distinct parties, claims, transactions, events and legal issues.

11. Rather, Hartford points to L.R.7-2.1's "catch-all" provision, and suggests that adjudication of this case before Judge Hicks, who presided over the *Oracle* lawsuit, will result in "significant reduction in duplication of labor among the Judges and Magistrates of this Court." *See* Notice, ¶ 7. This simply is not the case.

12. Litigation of the instant insurance lawsuit will not require duplication of labor. While this matter addresses the question whether Rimini's liablities in connection with the *Oracle* lawsuit are covered under insurance policies sold by Hartford, the subject matter and issues presented by the two actions are completely distinct. The *Oracle* lawsuit involved alleged copyright claims, statutory violations and various business torts, while this case involves solely issues of insurance contract interpretation.

13. Moreover, even if Hartford is correct in its suggestion that facts presented in the *Oracle* lawsuit may be relevant in this action, those facts will be set forth in the findings of the Court in the *Oracle* lawsuit or as already determined by the jury verdict. Moreover, this lawsuit will likely be decided either by dispositive motions, through which the parties will present the Court with the evidence and argument necessary to resolve the issues in dispute, or by a jury after trial. Review by this Court of such facts and other materials relavant to this insurance dispute will not, therefore, result in a significant duplication of labor among the Judges and Magistrates of this Court.

7. In sum, there is no basis to suggest that abiding by the Court's random assignment of this lawsuit to Judge Mahan will result in "substantial duplication of labor" by the Court as required by Local Rule 7-2.1 to reassign this matter to a different judge. Indeed, under Hartford's reasoning, every insurance coverage action would be a "related case" to the underlying dispute, and this simply is not the case.

For these reasons, Rimini respectfully requests that this case not be considered a related case to the *Oracle* lawsuit.

DATED this 11th day of December, 2015.

        KEMP, JONES & COULTHARD, LLP

        */s/ Matthew S. Carter*
        J. RANDALL JONES, ESQ. (#1927)
        MATTHEW S. CARTER, ESQ. (#9524)
        KEMP, JONES & COULTHARD, LLP
        3800 Howard Hughes Parkway
        Seventeenth Floor
        Las Vegas, Nevada 89169

        MARK E. MILLER (*pro hac vice*)
        TAB R. TURANO (*pro hac vice*)
        MILLER FRIEL, PLLC
        1200 New Hampshire Avenue
        Suite 800
        Washington, DC 20036
        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of December, 2015, I served **RIMINI STREET, INC'S. OBJECTION TO HARTFORD'S NOTICE OF RELATED CASES** through the CM/ECF system of the United States District Court for the District of Nevada on the parties listed on the e-service list.

        */s/ Pamela Montgomery*
        An employee of Kemp, Jones & Coulthard, LLP