BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
kringgenberg@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
thomas.hixson@morganlewis.com
kristen.palumbo@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S OPPOSITION TO RIMINI'S CONDITIONAL CROSS-MOTION FOR RECONSIDERATION IN ANY NEW TRIAL** |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................................... 1

II.  RIMINI'S MOTION SHOULD BE DENIED AS PROCEDURALLY IMPROPER ........ 1

III.  RIMINI'S MOTION WHOLLY FAILS TO MEET THE REQUIRED
STANDARD FOR A MOTION FOR RECONSIDERATION .......................................... 2

IV.  RIMINI CHALLENGES ORDERS THAT WERE CORRECTLY DECIDED ON
THE MERITS .................................................................................................................. 3

    A.  The Court Made Correct Rulings Regarding TomorrowNow,
CedarCrestone, Mr. Grigsby, and Attorney Letters ................................................. 3

    B.  The Court Correctly Excluded Post-February 2014 Conduct ................................ 6

    C.  Ms. Dean's Testimony Was Proper, and Rimini Waived Any Objection ............. 7

    D.  Rimini's Attempt to seek Reconsideration of a Laundry List of "Other
Evidentiary Rulings" Should Be Rejected ............................................................. 8

    E.  The Court Correctly Allowed Oracle To Supplement Its Expert Report ............... 8

    F.  The Court Correctly Denied Mr. Ravin Access to Oracle's Highly
Confidential Information ......................................................................................... 9

    G.  The Court Correctly Dismissed Rimini's Copyright Misuse Defense ................... 9

    H.  The Court Properly Construed the Relevant Licenses ......................................... 10

    I.  Rimini Provides No Basis To Challenge Any Jury Instructions .......................... 12

1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Bell v. Salazar*,
No. 2:12-cv-01414, 2013 WL 2665208 (E.D. Cal. June 12, 2013) ...........................................6

*Bird v. Glacier Elec. Coop., Inc.*,
255 F.3d 1136 (9th Cir. 2001)....................................................................................................7

*Brooke Group, Ltd. v. Brown & Williamson Tobacco Corp.*,
509 U.S. 209 (1993) ....................................................................................................................4

*Brown v. Kinross Gold, U.S.A.*,
378 F. Supp. 2d 1280 (D. Nev. 2005) .....................................................................................3, 7

*Carroll v. Nakatani*,
342 F.3d 934 (9th Cir. 2003)......................................................................................................2

*The Cayuga Indian Nation of N.Y. v. Pataki*,
188 F. Supp. 2d 223 (N.D.N.Y. 2002) .......................................................................................2

*Crowley v. U.S. Bankr. Court, Dist. of Nevada*,
3:12-cv-647, 2012 WL 6513149 (D. Nev. Dec. 12, 2012) (Hicks, J.).......................3, 8, 10, 11

*Estelle v. McGuire*,
502 U.S. 62 (1991) ......................................................................................................................4

*Evans v. Alliedbarton Sec. Servs., LLP*,
No. 08-4993, 2009 WL 5218010 (N.D. Cal. Dec. 31, 2009)......................................................6

*Greer v. Miller*,
483 U.S. 756 (1987) ....................................................................................................................4

*IGT v. Alliance Gaming Corp.*,
No. 2:04-cv-1676, 2008 WL 7084605 (D. Nev. Oct. 21, 2008) ................................................5

*Kaiser Steel Corp. v. Frank Coluccio Constr. Co.*,
785 F.2d 656 (9th Cir. 1986)......................................................................................................7

*Oracle USA, Inc. v. SAP AG*,
No. 07-1658, 2011 WL 3862074 (N.D. Cal. Sept. 1, 2011 .......................................................2

*Polaroid Corp. v. Eastman Kodak Co.*,
No. 76-1634-MA, 1990 WL 324105 (D. Mass. Oct. 12, 1990)..................................................5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*,
   5 F.3d 1255 (9th Cir. 1993) ................................................................................3, 9, 12

*State Indus., Inc. v. Mor-Flo Indus., Inc.*,
   883 F.2d 1573 (Fed. Cir. 1989) ....................................................................................5

*U.S. v. Namvar*,
   498 Fed.Appx 749 (9th Cir. 2012) ...............................................................................2

*VNUS Med. Techs., Inc. v. Diomed Holdings, Inc.*,
   No. 05-2972, 2007 WL 3096586 (N.D. Cal. Oct. 22, 2007) .........................................5

*Waters v. Howard Sommers Towing, Inc.*,
   No. 2:10-cv-05296, 2014 WL 5846758 (C.D. Cal. Nov. 10, 2014) ...........................2

OTHER AUTHORITIES

Fed. R. Civ. P. 72(a) ..........................................................................................................6

Local Rule § IB 3-1 ...........................................................................................................6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**I.      INTRODUCTION**

Oracle should not have had to spend a single dollar drafting an opposition to Defendants Rimini Street, Inc. and Seth Ravin's (together, "Rimini's") conditional cross-motion for reconsideration in any new trial, Dkt. 916 ("Mot."). The first page of the motion states that "*if Oracle does not file a motion for a new trial, then this motion is moot, and Rimini will withdraw it.*" *Id.* at 1:4-5 (emphasis supplied). Oracle did not file a motion for a new trial, and thus Rimini's motion is moot on its own terms. Nonetheless, when Oracle asked Rimini to honor its commitment to the Court and withdraw its motion, Rimini refused. Declaration of Thomas S. Hixson in Support of Oracle's Opposition ("Hixson Decl."), Ex. A. On this ground alone, the Court should summarily deny Rimini's motion. Forcing Oracle to respond to a motion that is moot according to its own terms is yet another example of why Oracle should be awarded the fees and costs that it incurred over the last six years dealing with Rimini's wasteful litigation tactics. *See* Dkt. 917 (Fees Mot.).

Rimini's motion should also be denied for Rimini's failure to meet, or even acknowledge, the clear and established standard for a motion for reconsideration. Rimini includes in its motion almost every ruling that went against it all the way from initial pleadings through trial. For most, Rimini provides no reason or justification for seeking reconsideration. Rimini does not even identify many of the rulings it seeks to overturn, for example, seeking reconsideration of an unspecified "number of other objections [Rimini made] to the [Court's jury] instructions." Mot. at 7:26-27. For the rest, Rimini simply repeats previously rejected arguments. Indeed, Rimini's inability to provide legitimate grounds for reconsideration confirms that the rulings Rimini seeks to overturn were correctly decided by the Court.

Rimini's motion is meritless and should be denied.

**II.     RIMINI'S MOTION SHOULD BE DENIED AS PROCEDURALLY IMPROPER**

Rimini's motion is procedurally improper and should be denied on that basis alone. Rimini did not move for a new trial, and "does not seek a new trial." Mot. at 1. Instead, Rimini *conditioned* its motion on *Oracle's* filing a motion for a new trial and repeats this express condition throughout its motion. *E.g.*, Mot. at 1 ("Rimini files this conditional motion *solely* to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPPOSITION TO RIMINI'S CONDITIONAL CROSS-MOTION FOR RECONSIDERATION

preserve its rights and respectfully requests that this Court dismiss it in the event that *Oracle's* new trial motion is denied.") (emphasis supplied); Dkt. 916-1 (Prop. Order) (providing the Court with two options conditioned only on Oracle moving for a new trial).[1]

Because Rimini's condition is not satisfied, *i.e.* Oracle did not move for a new trial, Rimini's motion should be denied as moot. *The Cayuga Indian Nation of N.Y. v. Pataki*, 188 F. Supp. 2d 223, 256 (N.D.N.Y. 2002) (denying conditional motion as moot where motion was conditioned on court granting a new trial "at the request of [Defendant] or any other party" and condition was not met). A motion for reconsideration on these issues is also procedurally improper because *no new trial has been granted*, and neither the Court nor the parties knows what issues will be in play in the event of a new trial. *Oracle USA, Inc. v. SAP AG*, No. 07-1658, 2011 WL 3862074, *13 (N.D. Cal. Sept. 1, 2011) (denying conditional motion to permit new evidence in any new trial as "premature"), *overruled on other grounds*, 765 F.3d 1081 (9th Cir. 2014); *cf. U.S. v. Namvar*, 498 Fed.Appx 749, 751 (9th Cir. 2012) (declining to "reach [party's] objections to evidentiary rulings and jury instructions which may not arise on a retrial"); *Waters v. Howard Sommers Towing, Inc.*, No. 2:10-cv-05296, 2014 WL 5846758, *3 (C.D. Cal. Nov. 10, 2014) ("plaintiff's motion is hereby DENIED as moot because it pertains to matters that are not the subject of the upcoming trial").

III. **RIMINI'S MOTION WHOLLY FAILS TO MEET THE REQUIRED STANDARD FOR A MOTION FOR RECONSIDERATION**

Rimini does not even attempt to meet the standard for seeking reconsideration of a ruling. A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Reconsideration is appropriate *only* if this Court "(1) is presented with newly discovered

---

[1] *See also* Mot. at 1:14 ("If this Court were to order a new trial as Oracle requests, it should correct the following . . . ."), 1:25 ("[A]ny new trial that is ordered at Oracle's request . . . .), 3:6 ("[A]ny new trial that is ordered at Oracle's request should proceed without . . . .), 3:21-22 ("[A]ny new trial granted at Oracle's request must include . . . .), 4:10 ("If Oracle's request for a new trial is granted . . . ."), 6:7-8 ("If this Court grants Oracle's request for a new trial, Rimini should be granted . . . ."), 7:23-24 ("[I]n the event a new trial is granted at Oracle's request . . . ."), 8:7 ("In the event the Court orders a new trial at Oracle's request . . . .").

1  evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is

2  an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS,*

3  *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Reconsideration is not "an avenue to re-litigate the same

4  issues and arguments upon which the court has already ruled." *Brown v. Kinross Gold, U.S.A.*,

5  378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).  Rather, a motion for reconsideration "must set forth

6  'some valid reason why the court should reconsider its prior decision' and set 'forth facts or law

7  of a strongly convincing nature to persuade the court to reverse its prior decision.'" *Crowley v.*

8  *U.S. Bankr. Court, Dist. of Nevada*, 3:12-cv-647, 2012 WL 6513149, *1 (D. Nev. Dec. 12, 2012)

9  (Hicks, J.) (quoting *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003)).

10  As described below, Rimini provides no new facts, authority, or other justification in

11  support of any of its requests.  Rimini does not even try.  It does not cite a single case in support

12  of any of its myriad requests for reconsideration.  *See* Mot. at ii (Table of Authorities).  Nor does

13  Rimini cite a single new fact in support of any of its requests.[2]  Rimini's motion is nothing more

14  than an improper attempt to "re-litigate the same issues and arguments upon which the court has

15  already ruled." *Brown*, 378 F. Supp. 2d at 1288.  It should be denied.

16  **IV.   RIMINI CHALLENGES ORDERS THAT WERE CORRECTLY DECIDED ON THE MERITS**

17

18  **A.    The Court Made Correct Rulings Regarding TomorrowNow, CedarCrestone, Mr. Grigsby, and Attorney Letters**

19  Without providing a single new fact or citing any authority, much less any *new* authority,

20  Rimini first seeks reconsideration of a group of rulings that were the subject of over 70 pages of

21  briefing before and during trial.  *See* Dkts. 559, 605, 652, 684, 697, 741, 766, 768, 773, 793, 797,

22  799, 825, 834.  Rimini's arguments, which have already been considered, should be rejected

23  again. *Crowley*, 2012 WL 6513149, at *1 (motion for reconsideration "must set forth 'some valid

24  reason why the court should reconsider its prior decision' and set 'forth facts or law of a strongly

25  convincing nature to persuade the court to reverse its prior decision'").

26  First, the Court properly admitted evidence about TomorrowNow at trial.  The evidence

27

28
---
[2] Rimini fails to cite to any fact not already in the record, as evidenced by its failure to attach a supporting declaration attesting to any new facts or documents.

1   was directly relevant to numerous issues to be decided, including Oracle's interference and

2   willfulness claims.  Dkt. 605; *see also, e.g.,* Trial Transcript ("Tr.") 391:25-394:13, 396:19-

3   397:18, 418:9-419:20.  Moreover, the Court took steps to limit the potential for any prejudice.

4   The Court did not permit any evidence regarding the resolution of the TomorrowNow lawsuit, or

5   any admissions SAP or TomorrowNow made during the lawsuit.  Tr. 402:24-403:12, 404:4-6.

6   The Court also did not permit any evidence about TomorrowNow's criminal copyright and

7   computer fraud guilty plea.  *Id.*  The Court also took the extra step of instructing the jury that it

8   was not "to infer that, because Seth Ravin was at one time associated with TomorrowNow, he,

9   Rimini Street, or any individual employed by Rimini did, or was likely to have done, the things

10   that Oracle contends."  Dkt. 880 at 21.  The Court's action was sufficient to prevent any

11   prejudice, as the jury is presumed to have followed that instruction.  *Estelle v. McGuire*, 502 U.S.

12   62, 75 & n.1 (1991) (noting "the trial court guarded against possible misuse of the instruction by

13   specifically advising the jury that the '[prior injury] evidence, if believed, was not received, and

14   may not be considered by you[,] to prove that [McGuire] is a person of bad character or that he

15   has a disposition to commit crimes'"); *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) (court must

16   assume a jury's compliance with instructions absent an "overwhelming probability" of its

17   inability to do so); *Brooke Group, Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 243

18   (1993) ("[A] reasonable jury is presumed to know and understand the law, the facts of the case,

19   and the realities of the market.").

20        Second, it was appropriate for Oracle's experts to opine that TomorrowNow and

21   CedarCrestone were infringing alternatives in the market.  As the Court recognized, there is

22   sufficient evidence that both are true.  Tr. 1643:22-1644:1 ("There is evidence before the Court,

23   not before the jury, with regard to CedarCrestone but certainly with regard to TomorrowNow,

24   that would permit inferences that there would be reason that TomorrowNow should not be

25   considered as a noninfringing entity.").  Both companies had local copies of Oracle's PeopleSoft

26   software on their systems (Dkt. 923, Exs. 22 & 23 (TN Stips); Dkt. 500, Ex. J  (CedarCrestone

27

28

Decl.)[3]), and no PeopleSoft license allowed for them to reside there.  Dkt. 599 (Stip re PeopleSoft licenses) ¶ 3.  Oracle's experts thus had an adequate foundation to testify about "who they did not consider [to be an alternative provider] because [the experts] did not feel [TomorrowNow and CedarCrestone] qualified as noninfringing alternatives."  Tr. 1644:7-12.[4]  In addition, the expert testimony about non-infringing alternatives was necessary to rebut Rimini's claims that TomorrowNow and CedarCrestone were available alternatives in the market that could be used to reduce damages.  *E.g.*, Tr. 2414:21-2416:2 (Rowe); *see also* Dkt. 824 at 6-7 (describing counsel's argument to the jury re same).  Finally, the Court told Rimini that "[t]he extent to which Rimini cares to cross-examine [the experts about such testimony], of course, is completely up to counsel for Rimini."  Tr. 1644:10-12.  Unsurprisingly, Rimini never took advantage of that opportunity.  The Court properly allowed well-grounded testimony regarding whether TomorrowNow and CedarCrestone were available non-infringing alternatives.

Third, the Court properly admitted testimony from Mr. Grigsby.  His copying and distribution of Oracle copyrighted material were directly relevant to Oracle's copyright claim.  Dkt. 721 at 7:10-8:3; *see also* Dkt 697 at 15:13-16:23.  By claiming there is no misappropriation or trade secret claim in this case, Rimini simply rehashes arguments it made in a motion *in limine* and that were properly rejected by the Court.  *Id*; *see also* Dkt. 652 at 13:24-15:3.  Rimini provides no basis to seek reconsideration now.

Finally, the Court properly excluded evidence from Mr. Simmons and attorney letters that

---

[3] Prior to trial, these documents were marked by Plaintiffs as PTXs 1483, 1484, and 5365, respectively.

[4] The legal significance of this evidence in determining lost profits causation for infringement cannot be in dispute.  *IGT v. Alliance Gaming Corp.*, No. 2:04-cv-1676, 2008 WL 7084605, *5 (D. Nev. Oct. 21, 2008) (only "acceptable *noninfringing* substitutes" considered in patent lost-profits calculations) (emphasis added); *VNUS Med. Techs., Inc. v. Diomed Holdings, Inc.*, No. 05-2972, 2007 WL 3096586, at *1 (N.D. Cal. Oct. 22, 2007) (same); *Polaroid Corp. v. Eastman Kodak Co.*, No. 76-1634-MA, 1990 WL 324105, at *13 (D. Mass. Oct. 12, 1990) *amended*, 1991 WL 4087 (D. Mass. Jan. 11, 1991) (when calculating lost profits, "[t]he inquiry [into substitutes] is quite narrow; acceptable substitutes are those products which offer the key advantages of the patented device but do not infringe."); *see also State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1578 (Fed. Cir. 1989) (discounting "other competitors" if the court was correct that they "were likely infringers").

1   Rimini claims were relevant to Rimini's state of mind when it committed copyright infringement.

2   As Oracle explained during trial, CedarCrestone's conduct could not be relevant to Rimini's state

3   of mind unless Rimini knew of CedarCrestone's conduct *at the time it was committing copyright*

4   *infringement*.  Tr. 2078:24-2079:6; *see also* Dkt. 825 at 2.[5]  Rimini never laid that foundation

5   (because it could not).  And as the Court correctly found, the attorney letters were "rank hearsay"

6   that were "irrelevant to the true evidentiary issues in this case."  Tr. 898:11-17; *see also* Dkt. 799.

7   Because Rimini had no advice of counsel defense, those letters had no relevance at trial even if

8   the Court were to ignore the prejudice they would cause.  Tr. 897:18-898:20; *see also* Dkt. 799.

9   ### B.   The Court Correctly Excluded Post-February 2014 Conduct

10          This is Rimini's fourth attempt to insert a supposedly new 2014 support process into a

11   case about Rimini's 2006-2011 conduct.  When Rimini first asked the Court in 2014 to reopen

12   discovery regarding its post-2011 conduct, Magistrate Judge Leen properly held that "the case

13   will remain as it was put in at the close of discovery, not thereafter."  Dkt. 515 at 3.  Rimini

14   recognized its defeat, did not appeal Magistrate Judge Leen's order,[6] and instead filed the *Rimini*

15   *II* case, in which Rimini seeks a declaratory judgment that the same allegedly new 2014 support

16   process is non-infringing.  Ruling on the parties' motions *in limine*, the Court agreed with

17   Magistrate Judge Leen's approach, finding that evidence of Rimini's 2014 support process was

18   "not relevant to any claim or issue in this action."  Dkt. 723 at 3.  The Court found that it was

19   "speculative" that the new process was non-infringing, and that the new support process would be

20   addressed by *Rimini II*.  *Id.*

21

22   [5] As Oracle also explained, the testimony was also prejudicial with respect to causation and
     damages, and allowing the testimony would have been fundamentally inconsistent with the
23   Court's ruling with respect to the inadmissibility of SAP TomorrowNow's infringement.  Tr.
24   2081:7-2084:10; *see also* Dkt. 825 at 4-5.

25   [6] Magistrate Judge Leen's order is not subject to further review. Fed. R. Civ. P. 72(a) ("A party
     may serve and file objections to the order within 14 days after being served with a copy.  A party
26   may not assign as error a defect in the order not timely objected to."); Local Rule § IB 3-1; *see*
     *Bell v. Salazar*, No. 2:12-cv-01414, 2013 WL 2665208, *1 (E.D. Cal. June 12, 2013) (party
27   waived its right to challenge the Magistrate Judge's order when objections were untimely under
     Rule 72(a)); *Evans v. Alliedbarton Sec. Servs., LLP*, No. 08-4993, 2009 WL 5218010, at *4 (N.D.
28   Cal. Dec. 31, 2009), *aff'd*, 447 F. App'x 838 (9th Cir. 2011) (same).

1   Rimini now argues, as it did during trial when it first sought reconsideration of the Court's

2   ruling (Dkt. 845), that Oracle opened the door to this evidence through its claim of willful

3   infringement.  But as the Court acknowledged at trial, Rimini's 2014 conduct has no bearing on

4   whether Rimini's 2011 conduct was willful.  Tr. 754:6-20 ("And, frankly, I'm unimpressed that

5   he changes his business practice after the Court has ruled that he's committed copyright

6   infringement in various ways [in 2014], that he's following the order of the Court, essentially, at

7   the time he does that. That[] doesn't belong in front of this jury, and particularly in light of the

8   fact that it comes some three, almost three and a half years later, after the time period in question

9   which is present here.").  Thus the jury was not prejudiced by the correct exclusion of Rimini's

10   post-February 2014 conduct, and indeed, allowing Rimini to introduce that evidence when

11   discovery into the conduct had yet to begin would have prejudiced Oracle.

12   ### C.   Ms. Dean's Testimony Was Proper, and Rimini Waived Any Objection

13   In Section II.A.3 of its motion, Rimini requests that the Court reconsider every single

14   ruling it made admitting any of the opinions of Oracle's damages expert, Elizabeth Dean.  Mot. at

15   3:24-4:13.  For most of these requests, Rimini does not even pretend to meet the standard for

16   reconsideration, simply referring to its previous argument.  *See, e.g.*, Mot. at 4:11-13 ("Ms.

17   Dean's testimony on lost profits and infringer's profits should be excluded *for the reasons set*

18   *forth in Rimini's motion to exclude* that testimony.") (emphasis supplied).  Rimini's request

19   should be denied.  *Brown*, 378 F. Supp. 2d at 1288 ("reconsideration is not an avenue to re-

20   litigate the same issues and arguments upon which the court already ruled").

21   Although it never makes an explicit request (Mot. at 3:24-4:5), Rimini seems to imply the

22   Court should reconsider allowing Ms. Dean to testify about the value of use measure of Oracle's

23   damages from Rimini's copyright infringement.  But there is nothing to "reconsider," because

24   Rimini never objected to the testimony it now complains about, waiving all objections.  *See* Tr.

25   1959:3-11; *see also Kaiser Steel Corp. v. Frank Coluccio Constr. Co.*, 785 F.2d 656, 658 (9th

26   Cir. 1986) (failure to object constitutes waiver absent showing of fundamental or plain error);

27   *Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1145-48 (9th Cir. 2001) (same).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

OPPOSITION TO RIMINI'S CONDITIONAL CROSS-MOTION FOR RECONSIDERATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**D.      Rimini's Attempt to seek Reconsideration of a Laundry List of "Other Evidentiary Rulings" Should Be Rejected**

In Section II.A.4 of Rimini's motion, Rimini lists thirteen evidentiary rulings, claims it seeks reconsideration of them, but provides no explanation, legal or factual, for why any of the rulings were not correctly decided.  Rimini's failure to provide any explanation alone requires denial.  *Crowley*, 2012 WL 6513149 at *1 (motion for reconsideration "must set forth 'some valid reason why the court should reconsider its prior decision' and set 'forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision'").

Moreover, twelve of Rimini's issues were the subject of extensive briefing in the parties' motions *in limine* (Dkts. 648, 652, 690, 695), and the Court's well-reasoned orders on those issues remain correct.  Dkts. 721, 723.  With regards to the last issue—the Court's purported "exclusion of evidence of the hostile takeover of PeopleSoft by Oracle" (Mot. 4:17-18)—Rimini's complaint is the result of its own failure, not any Court ruling.  The Court asked Rimini: "What relevancy does this line [of questioning] have, counsel?"  Tr. 956:2-15.  Rimini never provided a substantive response, instead volunteering to "move on."  *Id.*  The relevance of Rimini's questions was questionable at best, and they appeared to be unduly prejudicial, as Rimini's counsel acknowledged when he decided to cease his line of questioning on this issue.

**E.      The Court Correctly Allowed Oracle To Supplement Its Expert Report**

The Court correctly denied Rimini's motion to preclude Oracle from supplementing its expert report to include updated lost profits numbers based on the passage of time between close of expert discovery and trial.  Dkt. 669.  The Court already correctly found that the "supplementation, although technically a late disclosure under Rule 26(a), would be harmless in the present action and would not prejudice defendants."  Dkt. 669 at 4:12-14.  The Court's Order allowed Rimini to depose Ms. Dean again before the trial, and it allowed Rimini's expert to submitted a rebuttal report to Ms. Dean's updated report.  *Id.* at 4:20-5:2.  Rimini did both, and never claimed any prejudice thereafter.

Seeking reconsideration, Rimini now presents no new evidence or case law on the procedural issue of Oracle's supplemental damages expert report.  Rimini argues not that the

8

OPPOSITION TO RIMINI'S CONDITIONAL CROSS-MOTION FOR RECONSIDERATION

opinions or analysis in the supplemental report represented an improper measure of damages; rather, Rimini objects that the updated damages numbers in the supplemental report influenced the jury's *reference points* for the damages award. Mot. at 5:7-15. But that is not a valid objection. Rimini does not and cannot claim the updated numbers were an improper measure of damages. Even Rimini's expert increased his damages measure in his updated rebuttal report. Regardless, the jury did not award copyright damages based on lost profits, instead using the fair market value model endorsed by Rimini's expert. Dkt. 896 at 3. Rimini's claim that it suffered any undue prejudice from Oracle's supplemental damages report is pure speculation and has no support in the law.

### F.   The Court Correctly Denied Mr. Ravin Access to Oracle's Highly Confidential Information

Rimini seeks reconsideration of the Court's denial of Rimini's motion to modify the protective order to allow Mr. Ravin to view the highly confidential documents identified on Oracle's trial exhibit list in preparation for his trial testimony. Rimini acknowledges that the Court's denial was based on Rimini's failure to identify any specific trial exhibits Mr. Ravin needed access to in order to prepare for trial. Dkt. 592 at 3:6-7; Mot. at 5:17-24. Rimini never attempted to address the Court's concern leading up to trial. Nor does Rimini do that now. Rimini again merely references its prior arguments and makes the conclusory statement that the ruling was erroneous and impaired Mr. Ravin's trial preparation. Rimini again fails to satisfy the standard for reconsideration on this issue, and its request for reconsideration fails as a result. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255 at 1263.

### G.   The Court Correctly Dismissed Rimini's Copyright Misuse Defense

The Court correctly dismissed Rimini's copyright misuse defense at the inception of this case in 2010. Dkt. 111 at 6:14-8:17. Nonetheless, Rimini attempted to present the defense at trial, repeating the same arguments that were rejected in 2010. *Compare* Dkt. 111 at 6:19-20 ("Rimini alleges that Oracle is using its existing software copyrights to unlawfully leverage a monopoly in its uncopyrightable after-market support services.") *with* Dkt. 838 at 25:20-22 ("This is misuse of a copyright in software to obtain a monopoly in the software support market,

1    where Oracle has no copyright, patent, or any other right to exclude competition."). Contrary to

2    Rimini's claims, the Court correctly found that Oracle "does not preclude a customer from using

3    either a competing company or no company at all to access its support materials." Dkt. 111 at

4    8:2-3.

5          At trial, Rimini for the first time claimed that the Court "struck Rimini's copyright misuse

6    defense before the full extent of Oracle's conduct became apparent" (Dkt. 838 at 25:24-25), but

7    Rimini never sought to amend its complaint to add any new allegations.[7] Nor has Rimini pointed

8    to any new Oracle "conduct" that contradicts the Court's holding: that Oracle "does not preclude

9    a customer" from alternative support options. In fact, since trial, Rimini has touted to the market

10   the opposite of what it claims:

11           Detailed testimony and evidence provided by Oracle executives and
     witnesses in the trial confirmed that third-party support is lawful for
12   Oracle licensees to purchase. The evidence presented at trial
     supported [that] (a) Oracle licensees can choose not to renew their
13   Oracle annual support; [and] (b) Oracle licensees can select, switch
     to, and use a third-party support provider or self-support instead of
14   renewing and paying Oracle for annual support services . . . . These
     rights enable legal, free market choice for customers who want to
15   shop a variety of different support vendors, services offerings, and
     pricing models.
16
     Hixson Decl., Ex. B (Rimini 10/22/15 Rimini Press Release).
17
           There is no basis to reconsider the Court's correctly decided orders dismissing Rimini's
18
     copyright misuse defense and excluding prejudicial evidence regarding that defense. *Crowley*,
19
     2012 WL 6513149 at *1 (motion for reconsideration "must set forth 'some valid reason why the
20
     court should reconsider its prior decision' and set 'forth facts or law of a strongly convincing
21
     nature to persuade the court to reverse its prior decision'").
22
23       **H.**    **The Court Properly Construed the Relevant Licenses**

24         Rimini seeks reconsideration of the two summary judgment rulings made by this court by

25   rehashing the same arguments it made in its opposition motions. Rimini again points to the same

26   provisions of relevant license agreements that it argued then, again alleging that they provide a

27   ─────────────────────

28   [7] Despite Rimini's claim that it was "denied discovery" on its dismissed copyright misuse defense
     (Dkt. 838 at 25:25), Rimini never moved to compel such discovery.

defense for Rimini's infringing conduct, but providing no new argument to justify its claim. *Compare* Mot. at 6:19-24 *with* Dkt. 266 (MSJ #1 Opp.) at 8-21; *compare* Mot. at 6:24-27 *with* Dkt. 441 (Rimini MSJ #2 Opp) at 8-16.  The Court has already correctly decided the issue of license interpretation by evaluating in great detail each of the license provisions in dispute and finding no ambiguity:  relevant PeopleSoft and Database licenses did not allow for Rimini's conduct.  Dkt. 474 at 11-20; Dkt. 476 at 9-15.  Rimini has offered nothing new for the Court to reconsider its decision. *Crowley*, 2012 WL 6513149 at *1 (motion for reconsideration "must set forth 'some valid reason why the court should reconsider its prior decision' and set 'forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision'").

The Court also correctly found that the terms in the PeopleSoft and Database licenses were unambiguous.  Rimini does not even direct the Court to the provisions that it argues are ambiguous, nor does it present an argument—not to mention a *new* argument—for why Rimini thinks the provisions are ambiguous.  Additionally, Rimini apparently seeks reconsideration of a ruling that it *won*.  Rimini argues that it was prejudiced because its proposed expert, Mr. Hilliard, was not permitted to testify regarding industry custom and practice regarding the alleged ambiguity in the customer licenses.  Mot. at 7:4-10.  However, the Court *did* allow Mr. Hilliard to present that evidence, but Rimini chose on its own to not put that evidence forward.  Tr. 2595:3-7 (Court) ("[A]ssuming that Mr. Hilliard is shown to be a qualified witness to testify on the subject matter of industry custom and practice, the Court is of the view that he may testify to his opinions about the industry and the basis for forming his opinion."); Tr. 2597:1-2 (Rimini counsel) ("[W]e don't intend to go forward with Mr. Hilliard's industry practice opinions.").  Rimini suffered no undue prejudice by acting on its own decisions.

The Court also correctly found that the JD Edwards and Siebel licenses unambiguously authorized only archival, emergency backup, or disaster-recovery testing copies.  Dkt. 474 at 22:9-14, 24:12-19.  The Court correctly interpreted these provisions and the jury correctly found that Rimini's infringing conduct was not authorized under the licenses.  Rimini has presented no new argument or evidence in order to justify a reconsideration of the Court's ruling. *Crowley*, 2012 WL 6513149 at *1 (motion for reconsideration "must set forth 'some valid reason why the

1    court should reconsider its prior decision' and set 'forth facts or law of a strongly convincing

2    nature to persuade the court to reverse its prior decision'").

3    **I.       Rimini Provides No Basis To Challenge Any Jury Instructions**

4            Without moving for reconsideration, Rimini merely seeks to reserve a blanket objection to

5    jury instructions based on the objections it maintained in the jury instruction briefing at trial.

6    Mot. at 7:26-8:5. Not only does Rimini fail to seek reconsideration, but Rimini fails even to

7    identify all the instructions it objects to, much less point to a clear error or new facts or law that

8    would provide a basis for reconsideration for each instruction. *See Sch. Dist. No. 1J, Multnomah*

9    *Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255 at 1263. To the extent the relief Rimini seeks can be

10   construed as reconsideration, it should be denied.

11

12   Dated: December 14, 2015                    MORGAN, LEWIS & BOCKIUS LLP

13

14                                               By      */s/ Thomas S. Hixson*
                                                         Thomas S. Hixson
15                                                       Attorneys for Plaintiffs
                                                         Oracle USA, Inc.,
16                                                       Oracle America, Inc. and
                                                         Oracle International Corporation
17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO RIMINI'S CONDITIONAL CROSS-MOTION FOR RECONSIDERATION

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of December, 2015, I electronically transmitted the foregoing ORACLE'S OPPOSITION TO DEFENDANTS' CONDITIONAL CROSS-MOTION FOR RECONSIDERATION to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

DATED:  December 14, 2015

Morgan, Lewis & Bockius LLP

By: _____ */s/ Thomas S. Hixson* _____
Thomas S. Hixson
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation

13

OPPOSITION TO RIMINI'S CONDITIONAL CROSS-MOTION FOR RECONSIDERATION