# EXHIBIT A

**From:** Evanson, Blaine H. [mailto:BEvanson@gibsondunn.com]
**Sent:** Friday, November 20, 2015 9:08 AM
**To:** Hixson, Thomas S.
**Cc:** ringgenberg (kringgenberg@bsfllp.com)
**Subject:** RE: Oracle v. Rimini, 2:00-cv-00106 LRH PAL

Tom – The "condition" is the ordering of a new trial, which, as I mentioned, exists until the Court rules on the Rule 50 motions and elects not to order a new trial.  If Oracle does not wish to prepare an opposition, Oracle could stipulate that the Court will reconsider all the issues Rimini identifies in the event a new trial is ordered, and that Oracle will address the merits of Rimini's arguments at that point.  Rimini would be fine with that approach.  The goal here is to preserve reconsideration of the serious legal errors before and during trial, not to make more work for Oracle.

**From:** Hixson, Thomas S. [mailto:thomas.hixson@morganlewis.com]
**Sent:** Thursday, November 19, 2015 2:54 PM
**To:** Evanson, Blaine H.
**Cc:** ringgenberg (kringgenberg@bsfllp.com)
**Subject:** RE: Oracle v. Rimini, 2:00-cv-00106 LRH PAL

Blaine,

Rimini did not file a motion for reconsideration.  It filed a "conditional cross-motion" for reconsideration.  The "condition" -- and the reason it is styled a "cross-motion" -- was if Oracle moved for a new trial.  The brief states on the first page what will happen if this condition does not occur:  "if Oracle does not file a motion for a new trial, then this motion is moot, and Rimini will withdraw it."  Throughout the brief, whenever Rimini refers to a potential new trial, it is always one ordered "at Oracle's request."

Rimini has no Rule 11 basis not to withdraw this conditional cross-motion.  Forcing Oracle to draft an opposition to a motion that is moot on its own terms is another example of Rimini's litigation tactics that have driven up the expense of litigating this case.

Tom Hixson
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1194 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
thomas.hixson@morganlewis.com | www.morganlewis.com
Assistant: Jennifer Gray | +1.415.442.1783 | jennifer.gray@morganlewis.com

**From:** Evanson, Blaine H. [mailto:BEvanson@gibsondunn.com]
**Sent:** Thursday, November 19, 2015 2:29 PM
**To:** Hixson, Thomas S.

1

**Cc:** ringgenberg (kringgenberg@bsfllp.com)
**Subject:** RE: Oracle v. Rimini, 2:00-cv-00106 LRH PAL

Tom -- The motion for reconsideration is not moot until after the Court rules on the Rule 50 motions, given that Rule 50(b)(2) allows the Court to order a new trial in response to our arguments (though we do not think a new trial is the proper remedy). As soon as the Court rules on the Rule 50 motions, and assuming the Court does not order new trial, we will withdraw the motion at that time.

**From:** Hixson, Thomas S. [mailto:thomas.hixson@morganlewis.com]
**Sent:** Tuesday, November 17, 2015 3:43 PM
**To:** Evanson, Blaine H.
**Cc:** ringgenberg (kringgenberg@bsfllp.com)
**Subject:** Oracle v. Rimini, 2:00-cv-00106 LRH PAL

Blaine,

Rimini's conditional motion for a new trial (Dkt 916) states that, "if Oracle does not file a motion for a new trial, then this motion is moot, and Rimini will withdraw it." As you have seen, we did not move for a new trial. Accordingly, please file your notice of withdrawal of the motion.

Thanks in advance.

**Tom Hixson**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1194 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
thomas.hixson@morganlewis.com | www.morganlewis.com
Assistant: Jennifer Gray | +1.415.442.1783 | jennifer.gray@morganlewis.com

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.