SHOOK, HARDY & BACON LLP
B. Trent Webb *(pro hac vice)*
Peter Strand *(pro hac vice)*
Ryan D. Dykal *(pro hac vice)*
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers *(pro hac vice)*
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry *(pro hac vice)*
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson *(pro hac vice)*
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
W. West Allen (Nev. Bar No. 5566)
Daniel Polsenberg (Nev. Bar No. 2376)
Joel Henriod (Nev. Bar No. 8492)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
wallen@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow *(pro hac vice)*
6601 6601 Koll Center Parkway, Suite
300 Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly *(pro hac vice)*
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | CASE NO. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI STREET, INC.'S AND SETH RAVIN'S MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THEIR OPPOSITION TO ORACLE'S MOTION FOR PREJUDGMENT INTEREST AND SUPPORTING DECLARATIONS** |

1    Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by
2    the Court on May 21, 2010 (*see* Dkt. 55, "Protective Order"), Local Rule 10-5(b), and Rules 5.2 and
3    26(c) of the Federal Rules of Civil Procedure, Defendants Rimini Street, Inc. and Seth Ravin
4    (together, referred to as "Rimini") respectfully request that the Court grant leave to file under seal
5    portions of their Opposition to Oracle's Motion for Prejudgment Interest ("Opposition") and the
6    supporting Declarations of Robert H. Reckers and Dr. Thomas Vander Veen.  Public redacted
7    versions of the Opposition and supporting declarations were filed on December 14, 2015.
8    Additionally, also on December 14, 2015, unredacted versions of the Opposition and supporting
9    declarations were filed under seal.

10    The Protective Order provides that: "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' and as 'Highly Confidential Information-Attorneys' Eyes Only' under the terms of the Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).  The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information—Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation."  Protective Order ¶ 2.

18    The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information."  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

22    Sealing portions of the Opposition and the supporting declarations is requested because they refer to information designated as "Confidential Information" under the terms of the Protective Order, including information designated by Oracle as "Confidential Information."  If publicly disclosed, this information—which includes confidential pre-trial settlement offers made by Rimini under Federal Rule of Civil Procedure 68—could greatly harm Rimini and/or Oracle.

27    The Protective Order provides that: "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' […] under the terms of this Protective Order only if

such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).  The designation by any Designating Party of any Discovery Material as 'Confidential Information' […] shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such a designation."  Protective Order ¶ 2.  Thus, in previously identifying certain information in the Opposition and supporting declarations as "Confidential" material under the Protective Order, Rimini and/or Oracle has represented that good cause exists for sealing those portions of the documents.

      Rimini has submitted all other portions of its Opposition and supporting declarations for filing in the Court's public files, which would allow public access to the filings except for the portions containing Confidential Information.  Accordingly, the request to seal is narrowly tailored.

      For the foregoing reasons, Rimini respectfully requests that the Court grant leave to file portions of the Opposition and supporting declarations under seal.

Dated: December 14, 2015        GIBSON, DUNN & CRUTCHER LLP

        By:  /s/ Blaine H. Evanson
              Blaine H. Evanson

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*