SHOOK, HARDY & BACON LLP
B. Trent Webb *(pro hac vice)*
Peter Strand *(pro hac vice)*
Ryan D. Dykal *(pro hac vice)*
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers *(pro hac vice)*
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry *(pro hac vice)*
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson *(pro hac vice)*
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
Daniel F. Polsenberg (Nev. Bar No. 2376)
W. West Allen (Nev. Bar No. 5566)
Joel D. Henriod (Nev. Bar No. 8492)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
dpolsenberg@lrrlaw.com
wallen@lrrlaw.com
jhenriod@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow *(pro hac vice)*
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly *(pro hac vice)*
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>            Plaintiffs,<br><br>     v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>            Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI STREET, INC.'S AND SETH RAVIN'S REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY RELATING TO ORACLE'S MOTION FOR ATTORNEYS' FEES** |

**TABLE OF CONTENTS**

                                                                        **Page**

I.      INTRODUCTION ............................................................................................................... 1

II.     ARGUMENT ...................................................................................................................... 2

        A.       The Requested Documents and Data Are Relevant, Necessary, and Helpful ........... 2

        B.       The Requested Depositions Are Relevant and Permissible ....................................... 5

III.    CONCLUSION ................................................................................................................... 6

## I. INTRODUCTION

Rimini's motion seeking certain limited discovery is narrowly tailored in order to permit Rimini to adequately respond to Oracle's motion for more than $60 million in attorneys' fees, an amount in excess of the entire jury award. Rimini seeks three categories of documents to help it analyze the more than 5,000 pages of Oracle legal bills: (1) engagement agreements; (2) billing guidelines; and (3) metadata showing when descriptions of legal work were entered into Oracle's counsel's computerized billing system a week or longer after such services were performed.

Oracle vigorously rejects Rimini's request to see even the most basic retainer agreements and billing guidelines, which are commonly produced in connection with attorneys' fees motions (and appropriate here given the staggering size of Oracle's attorneys' fees motion).

It is simply not enough that Oracle's attorneys declare, *ipse dixit*, that they incurred tens of millions of dollars in fees and that the time was recorded contemporaneously. Rimini should be permitted to test those representations. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522, 540 (1987) ("[T]he fundamental maxim of discovery [is] that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

It is also not enough for Oracle to produce its invoices. The Ninth Circuit has squarely held that district courts cannot simply "accept[] uncritically plaintiff's representations concerning the time expended." *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984). In *Sealy*, the Ninth Circuit vacated the district court's fee award because, even "[t]hough plaintiff's counsel submitted voluminous records to show that over 2,515.5 hours had actually been spent on th[e] case, there [was] no showing that the time actually spent was reasonably necessary." *See id.* Likewise, here, Oracle's affidavits and billing statements do not provide sufficient information to determine the reasonableness of its fee request.[1]

---

[1] Oracle claims that *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 838 (9th Cir. 1982), holds that "additional evidence is unnecessary 'when the affidavits and briefs submitted by the parties are sufficiently detailed to provide a basis for the award.'" Resp. at 4. Not so. *Moore* states that a "*hearing*" on fees may be unnecessary under those circumstances. 682 F.2d at
*(Cont'd on next page)*

1

This is no ordinary fee request. Oracle is asking this Court to award *more* in fees and costs than a unanimous jury determined was sufficient to fully compensate Oracle. If skepticism and caution were ever warranted when analyzing a request for fees, this is that case. Indeed, the advisory committee notes to Rule 54 state that discovery is entirely appropriate in certain "rare" occasions such as this one. Production of the fee agreements and billing guidelines (a discrete set of materials), in particular, would not take much time or effort, and dozens of Oracle's retained law firms across the country have access to and follow those documents, so it is perplexing (and unnecessary) that Oracle has refused to turn them over and has instead forced Rimini to file its motion to compel.

## II.   ARGUMENT

### A.   The Requested Documents and Data Are Relevant, Necessary, and Helpful

***Engagement Letters and Billing Guidelines.*** Oracle's engagement letters with counsel and billing guidelines define Oracle's expectations for what work is reasonable and appropriate. Such expectations are one of the touchstones for a reasonableness analysis. *See Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989) ("The fee quoted to the client . . . is helpful in demonstrating attorney's fee expectations when he accepted the case") (internal quotations and citation omitted). Indeed: "Hours that are not properly billed to one's *client* are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotations and citation omitted).[2] Oracle's fee agreements and guidelines, though not

---

(*Cont'd from previous page*)

838 (emphasis added). It does not hold that *discovery* is not permitted or helpful. Moreover, an evidentiary hearing can be dispensed with only if the party requesting fees has submitted "sufficiently detailed" affidavits and other supporting materials "*and* . . . the material facts necessary to calculate the award are not genuinely in dispute." *Sablan v. Dep't of Fin. of Commonwealth of N. Mariana Islands*, 856 F.2d 1317, 1322 (9th Cir. 1988). Here, the facts are not only disputed, Oracle is shielding certain facts—such as billing guidelines—from coming to light.

[2] Oracle also argues that discovery is inappropriate because Oracle has unilaterally reduced its fee request by an arbitrary number that Oracle apparently thinks is appropriate for some unknown and unstated reason. Resp. at 5. In other words, Oracle is taking the position that because it has determined what is reasonable and what is not reasonable, Rimini and the Court

*(Cont'd on next page)*

dispositive of reasonableness, will help determine whether the fees that Oracle is requesting are for work that Oracle did or did not authorize or expect its lawyers to perform. For example, as Rimini's expert witness Dennis Kennedy has opined:

- If more attorneys attended hearings, depositions, and trial in the Case than permitted by the billing guidelines, it would call into question whether the Oracle Parties should be awarded all the fees incurred by their counsel for attending hearings, depositions, and trial.

- If the Oracle Parties do not typically pay for inter-office meetings or limit the number of attorneys entitled to bill for such meetings, it would call into question whether the Oracle Parties should be awarded all the fees incurred by their counsel for inter-office meetings.

- If the Oracle Parties limit the number of attorneys who may work on the same task, it would call into question whether their counsel spent an unreasonable amount of time on a particular task.

*See* Dkt. 930-2 at 4-5.

Oracle contends that Rimini has cited no "relevant" case holding that fee agreements are discoverable and attempts to distinguish the cases Rimini has cited by arguing that they involved *contingency* fee agreements. Resp. at 6. But that is an irrelevant distinction that does not address the reason Rimini is seeking the fee agreements in this case. In *Blanchard*, the Court noted that fee agreements are relevant because "[t]he fee quoted to the client *or* the percentage of the recovery agreed to is helpful in demonstrating attorney's fee expectations when he accepted the case." 489 U.S. at 93 (emphasis added). Here, the parties' expectations are defined by the agreement regardless of whether it is a regular fee or a contingency fee. And Rimini cannot be compelled to pay fees that are not properly chargeable to Oracle. *See Hensley*, 461 U.S. at 434. Thus, "[t]he compelled disclosure of . . . fee agreements may assist the court in determining the

---

(*Cont'd from previous page*)

should blindly trust Oracle's decision. But that is not the standard. Of course, neither the Court nor Rimini is required to "accept[] uncritically" Oracle's representations. Although Oracle's lawyers claim that all of the post-reduction fees Oracle is seeking are "conservative," "[t]he proper standard . . . is not whether the attorneys involved felt their time was usefully spent, but whether the time spent was reasonably necessary to the effective prosecution" of Oracle's lawsuit. *Sealy*, 743 F.2d at 1385 n.4.

3

RIMINI'S REPLY IN SUPPORT OF MOTION TO COMPEL

appropriate amount of any attorney's fee." 10 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 54.156, at 54-255, § 54.154 at 54-247 to -248 (3d ed. 2015). As noted in Rimini's motion, numerous courts have ordered the production of fee agreements.[3]

Consistent with these cases, the Federal Rules implicitly recognize the relevance of fee agreements by requiring a party to "disclose, if the court so orders, the terms of *any agreement about fees* for the services for which the claim is made." *See* Fed. R. Civ. P. 54(d)(2)(B)(iv) (emphasis added). The phrase "any agreement about fees" is broad enough to encompass fee agreements, billing guidelines, and any other document relating to fees.

Oracle's refusal to comply with Rimini's request for production of information about fee agreements is as meritless as the plaintiff's refusal to do so in *Breslin v. Dickinson Twp.*, 2011 WL 2926665, at *1 (M.D. Pa. July 18, 2011) (pointing out "legal bankruptcy" of plaintiff's position). There, the court acknowledged the "settled case law" approving disclosure of fee arrangements because they "may prescribe what the parties regard as a reasonable hourly rate for counsel's services, *or set forth some other relevant information regarding fees for counsel*." *Id.* at *4 (emphasis added). *Breslin* compelled the production of "[a]ny and all fee agreements, representation agreements, retention agreements and/or other documents setting forth the billing arrangement" between the plaintiff and his attorneys. *Id.* This Court should do the same.

*Metadata.* Rimini's expert, Mr. Kennedy, has opined that "[t]he longer an attorney waits to [record time], the less likely the time entry reliably reflects the work performed and time expended." Dkt. 930-2 at 5. The cases Rimini cites in its motion to compel may be distinguishable because the facts are different. That is because few cases involve a request for $56 million, and electronic timekeeping systems are a relatively new technology in law practices. But Rimini's authorities all make the same point that Mr. Kennedy has made: The narratives in

---

[3] *See, e.g.*, *Libaire v. Kaplan*, 760 F. Supp. 2d 288 (E.D.N.Y. 2011); *Tokraz v. TRG Columbus Dev. Venture, Ltd.*, 2008 WL 3850692, at *1 (S.D. Fla. Aug. 14, 2008) ("It is well established that a retainer agreement is discoverable."); *Nxivm Corp. v. Sutton*, 2010 WL 2521352, at *4 (D.N.J. June 9, 2010); *Bank Hapoalim, B.M. v. Am. Home Assur. Co.*, 1993 WL 37506, at *5 (S.D.N.Y. Feb. 8, 1993) ("Documents regarding payment of fees, billing, and time expended are generally subject to discovery.").

Oracle's bills are the only way to know what work Oracle's lawyers did, and because the reliability of those narratives is critical, Rimini should be permitted to test the reliability of the invoices by examining the metadata that reveal a week or longer gap from the date services were performed to the date on which the time was recorded.

### B.     The Requested Depositions Are Relevant and Permissible

Oracle claims that depositions of its lawyers are not allowed because lawyers are typically not deposed in their clients' cases. That is true as a general matter, but it is also true that "[i]n the context of a fee dispute, such a deposition may well be proper, because opposing counsel will often be the only source of testimony as to the claimed hours and rate." 10 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 54.156, at 54-255 (3d ed. 2015); *cf. also* Nev. R. Prof. Conduct 3.7(a)(3) (lawyer may act as advocate and witness where "[t]he testimony relates to the nature and value of legal services rendered in the case").

Oracle is also flat wrong that Rimini is seeking privileged information; it is not. Rimini is not seeking information about Oracle's law firms' legal advice, work product, or its related communications with Oracle. And "[f]ee arrangements usually fall outside the scope of the privilege." *In re Osterhoudt*, 722 F.2d 591, 592 (9th Cir. 1983). Even if fee arrangements were privileged, Oracle put its lawyers' billing practices at issue by filing the fee application, thus waiving the privilege. 10 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 54.156, at 54-255 (3d ed. 2015); 2 Mary Derfner & Arthur Wolf, COURT AWARDED ATTORNEY FEES ¶ 18.06[3][a], at 18-128 (2015 rev. ed.) (fee arrangement not privileged, and would be waived in any event by assertion of claim for fees).[4] Moreover, any privilege objections can be raised at the depositions, and Oracle's counsel can instruct its witness to not answer questions that call for privileged information. To the extent the person most knowledgeable designated by each law firms is a non-

---

[4] Oracle's cases are once again totally inapposite. For example, *In re Grand Jury Witness*, 695 F.2d 359 (9th Cir. 1982), did not even involve a request for fees, but rather involved the government's attempt to subpoena time records in a criminal prosecution. In *Riker v. Distillery*, 2009 WL 2486196 (E.D. Cal. Aug. 12, 2009), the court simply noted that billing records revealing legal strategy are privileged, but nevertheless ordered production of the parties' fee arrangement.

5
RIMINI'S REPLY IN SUPPORT OF MOTION TO COMPEL

lawyer billing manager, issues of privilege would be less likely to arise.

### III.   CONCLUSION

For the foregoing reasons, Rimini's motion should be granted.

December 21, 2015                                  LEWIS ROCA ROTHGERBER LLP

By: */s/ Daniel F. Polsenberg*
    DANIEL F. POLSENBERG (SBN 2376)
    3993 Howard Hughes Parkway, Suite 600
    Las Vegas, Nevada 89169
    (702) 949-8200

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2015, I caused to be electronically filed the foregoing document with the Clerk of the Court for U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Jessie M. Helm
An Employee of Lewis Roca Rothgerber LLP