BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
kringgenberg@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:  415.442.1000
Facsimile:  415.442.1001
thomas.hixson@morganlewis.com
kristen.palumbo@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**ORACLE'S MOTION FOR LEAVE TO SUPPLEMENT ITS MOTION FOR COSTS AND ATTORNEYS' FEES** |

**NOTICE OF MOTION AND MOTION**

Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation (together, "Oracle") will and hereby do move for leave to supplement their prior request for an award of costs and attorneys' fees (Dkt. 917) against Defendants Rimini Street, Inc. ("Rimini Street") and Seth Ravin (together, "Rimini"). This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities incorporated herein, and the supporting declarations of Thomas S. Hixson ("Hixson Decl.") and Kieran O. Ringgenberg ("Ringgenberg Decl.") filed concurrently with this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

In its Motion for Attorneys' Fees filed November 13, 2015 (Dkt. 917), Oracle moved for an Order requiring Rimini to pay Oracle's costs and fees incurred only through September 2015, because costs and fees incurred by Oracle after September 2015 to prosecute its claims had not been finalized at that point. Dkt. 918 (Hixson Decl.), ¶ 8; Dkt. 919 (Ringgenberg Decl.), ¶ 8.[1] Oracle now moves for leave to supplement its motion to add its October and November 2015 invoices. *See* Hixson Decl., ¶¶ 2-6 and Ringgenberg Decl., ¶¶ 3-7. Including the $1.9 in fees and costs that Oracle incurred in October and November 2015, Oracle seeks a total fees and costs reimbursement of $58.2 million (including $5 million in taxable costs). There is good cause to grant this motion for leave to supplement.

First, the October and November invoices seek legally recoverable fees and costs. They include fees and costs incurred for work through the end of the trial (the final jury verdict was

---

[1] When Oracle filed its initial Motion for Costs and Attorney's Fees on November 13, 2015, Morgan, Lewis, & Bockius's ("Morgan Lewis") September 2015 invoice was still outstanding. Dkt. 918, ¶ 8. Oracle has since processed payment of that invoice. Oracle's payment for seven airfare expenses totaling $4,369.40 was reduced to $250 for each expense, totaling $1,750. *See* Hixson Decl., ¶ 4. Oracle has since paid the September invoices (net of expense write-offs). *Id.* Accordingly, Oracle has reduced its total costs and fees request by $2,619.40. Likewise, Boies, Schiller & Flexner's ("Boies Schiller") September 2015 invoice was still outstanding as of the November 13, 2015 filing. Dkt. 919, ¶ 8. Boies Schiller has subsequently written off expenses charged to Oracle in the amount of $4,858.60. *See* Ringgenberg Decl., ¶ 4. Oracle has since paid the September invoice (net of expense write-offs). *Id.* Oracle has reduced its total costs and fees request by $4,858.60 to account for these write-offs.

1
ORACLE'S MOTION FOR LEAVE TO SUPPLEMENT ITS
MOTION FOR COSTS AND ATTORNEYS' FEES

1  entered on October 13, 2015 (Dkt. 896)), work on post-trial briefing[2], and work on Oracle's

2  motion for attorneys' fees.[3]  As noted, Oracle could not submit the October invoices with its

3  November 13 motion because they had not been finalized yet, and obviously it could not submit

4  its November invoices by that date because they did not exist yet.

5      Second, there is no prejudice to Rimini in allowing this supplementation.  The Court's

6  December 7, 2015 Order (Dkt. 946) extended Rimini's deadline to file its opposition to Oracle's

7  Motion for Attorneys' Fees to February 12, 2016, so there is ample time for Rimini to review

8  and consider Oracle's October and November fees and costs.

9      Accordingly, the Court should grant this motion for leave to supplement.

10

11  Dated:  January 6, 2015

12                    MORGAN, LEWIS & BOCKIUS LLP

13                    By:          /s/ Thomas S. Hixson
                           Thomas S. Hixson

14                        Attorneys for Plaintiffs
                      Oracle USA, Inc.,

15                        Oracle America, Inc. and
                      Oracle International Corporation

16

17

18

19

20

21

---

[2] *See, E.g.*, *Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999) (affirming award of fees on post-trial motions); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1025 (9th Cir. 1985) (affirming award of fees for copyright and other claims for work done "through the end of the litigation"); *Allen v. Ghoulish Gallery*, No. 06-cv-371, 2008 WL 802980, at *2 (S.D. Cal. Mar. 24, 2008) (awarding fees for copyright claim, including for work on post-trial phases of the case); *Conti v. Corp. Servs. Grp., Inc.*, No. C12-245, 2014 WL 4352187, at *3 (W.D. Wash. Sept. 2, 2014) (awarding fees and costs for post-trial work); *In Design v. Lauren Knitwear Corp.*, No. 87-civ-0206, 1992 WL 42911, at *2 (S.D.N.Y. Feb. 24, 1992) (awarding fees for work on post-trial motions in copyright case).

[3] The costs and fees for the hours spent preparing and litigating a motion to obtain a fee award are recoverable.  *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable.").

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

2    I certify that on January 6, 2015, I electronically transmitted the foregoing **ORACLE'S MOTION FOR LEAVE TO SUPPLEMENT ITS MOTION FOR ATTORNEYS' FEES** to the Clerk's Office using the Electronic Filing System pursuant to Special Order No. 109.

Dated: January 6, 2015

Morgan, Lewis & Bockius LLP

By: /s/ *Thomas Hixson*
 Thomas Hixson

Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation