SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
Lauren M. Blas (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
wallen@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S REPLY IN SUPPORT OF RULE 50(b) RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON ORACLE'S COPYRIGHT ACT CLAIMS**<br><br>Judge:   Hon. Larry R. Hicks |

Oracle's copyright infringement claims fail as a matter of law because the licenses authorize the conduct at issue in this case. Indeed, the jury's innocent infringement finding—which Oracle consistently ignores—demonstrates that those licenses are, at best, ambiguous. Although Oracle accuses Rimini of merely repeating arguments (Dkt. 957 at 29-30), this is a *renewed* motion for judgment as a matter of law under Rule 50(b). That Oracle has previously convinced the Court to make an erroneous ruling is no reason to perpetuate the error at this stage, after the experience of trial and most importantly, following the jury's verdict. Indeed, the purpose of post-trial briefing is to give the Court an opportunity to correct legal errors before the Ninth Circuit reviews those issues on appeal. Oracle's three additional arguments are likewise meritless.

**1.** Oracle contends that Rimini "unreservedly 'stipulated to liability as to the PeopleSoft software'" and thus cannot challenge that liability finding. Dkt. 957 at 30. That is false, and Rimini consistently and "expressly reserved" its rights to challenge the Court's summary judgment ruling. Dkts. 550 ¶¶ 3-4; 599 (approval by Court). At no point did Rimini *concede* that it had infringed; indeed, Oracle has acknowledged this multiple times. *E.g.*, Dkt. 670 at 3-4; Dkt. 698 at 2 ("In this case … Rimini has steadfastly refused to stipulate to liability") (citing Dkt. 523 at 2 n.1). Oracle tries to manufacture a concession by citing one statement in Rimini's jury instruction brief that Rimini "stipulated to liability as to the PeopleSoft software." Dkt. 766 at 19. But that sentence cites Docket No. 550, in which the parties specifically reserved numerous rights when they stipulated as to PeopleSoft. It is clear from the jury instruction brief that Rimini's mention of a "stipulation" refers to the original stipulation between the parties and was not a concession to liability for all purposes.

**2.** Oracle next argues that the verdict should stand because Rimini made an "unreasonable number of copies" of the software. Dkt. 957 at 30. But it is Oracle's burden to prove that any copying exceeded the scope of the licenses, and neither this Court nor the jury ever made a finding that the number of copies Rimini made was "unreasonable." *See S.O.S. Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989) ("To prevail on its claim of copyright infringement, [the copyright owner] must prove ... 'copying' of protectible expression … beyond the scope of [the] license"); *see also Intelligraphics, Inc. v. Marvell Semiconductor, Inc.*, 2009 WL 330259, at *13 (N.D. Cal. Feb. 10, 2009) ("As there is no evidence that [defendant's] use of [the copyrighted material] exceeded the

scope of the express license … [defendant] is entitled to summary judgment on [plaintiff's] copyright infringement claim").

3. Finally, Oracle contends that Rimini waived the arguments that: (1) it did not infringe because its clients had "non-exclusive licenses," (2) its "bad acts constituted at most a breach of contract" because the Copyright Act does not govern the right to "use" copyrighted material, and (3) parol evidence should be considered. Oracle also contends that Rimini has "newly introduce[d]" "evidence about RAM copies and the facilities license restriction" that the Court should not consider. Dkt. 957 at 30 n.22. Again, Oracle is mistaken. All of these arguments appeared in Rimini's earlier briefing, and were "incorporated by reference" in Rimini's Rule 50(a) motion. Dkt. 838 at 22-23. For example, in its first summary judgment opposition, Rimini argued that Oracle's licenses "provide '**non-exclusive rights** to versions of the software, not software copies created from designated media.'" Dkt. 266 at 2. Rimini then argued that Oracle could not recover for infringement because Oracle's claims were not grounded in "an exclusive right of copyright"; they were grounded in "**use**" and "**access**." *Id.* at 12, 23. Elsewhere, Rimini argued that "**extrinsic evidence**" may be used "in interpreting an ambiguity and in determining whether an ambiguity exists" in a license. *Id.* at 7. Finally, Rimini argued that the plain language of the licenses permitted "access and use," which, in turn, necessarily permitted "**reasonable copying** of the licensed software … for purposes of … allowing service providers to access and use the software for licensed users." *Id.* at 11-12 (all emphases added). Oracle ignores all of these arguments, which are identical, or at minimum, "similar" to the arguments raised in Rimini's 50(a) motion (*see* Dkt. 838 at 22-23), and therefore are not waived. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (Rule 50(b) motion "allowed" where relief sought "on similar grounds under Rule 50(a)").

For these reasons and those in Rimini's Rule 50(b) motion on Oracle's copyright claims, this Court should grant judgment as a matter of law to Rimini.

DATED:   January 8, 2016     GIBSON, DUNN & CRUTCHER LLP

By:   *s/ Blaine H. Evanson*
      Blaine H. Evanson

*Attorneys for Defendants
Rimini Street, Inc. and Seth Ravin*

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2016, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By:  *s/ Blaine H. Evanson*
        Blaine H. Evanson

*Attorney for Defendants
Rimini Street, Inc. and Seth Ravin*