SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
Lauren M. Blas (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER LLP
W. West Allen (Nevada Bar No. 5566)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
wallen@lrrlaw.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone:  (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-00106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S  REPLY IN SUPPORT OF THEIR CONDITIONAL CROSS-MOTION FOR RECONSIDERATION IN ANY NEW TRIAL**<br><br>Judge:  Hon. Larry R. Hicks |

Rimini filed its conditional cross-motion solely to preserve the issues identified therein for reconsideration in the event of a new trial. Although Oracle has not moved for a new trial, the Court retains the authority to order a new trial *sua sponte*. *See* Fed. R. Civ. P. 50(b)(2) ("In ruling on [a motion made under Rule 50(b)], the court may: … (2) order a new trial"); Fed. R. Civ. P. 59(d) ("No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion."); *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990) ("The court's control over a trial is illustrated by the court's *sua sponte* power to grant a new trial on grounds not alleged by a party"). If the Court were to order a new trial, then Rimini respectfully requests that the Court also reconsider several rulings (which the course of this trial showed to be erroneous and prejudicial) in order to avoid these errors on retrial. If, on the other hand, the Court resolves the parties' post-trial motions without ordering a new trial, then Rimini's motion will become moot.

Oracle argues that it should "not have had to spend a single dollar drafting an opposition to" Rimini's conditional cross-motion because it will likely become moot. Dkt. 955 at 1. Oracle fails to mention, however, that Rimini *offered to stipulate* that Oracle would be required to respond to the conditional cross-motion only if a new trial were ordered. *See* Dkt. 956-1 ("If Oracle does not wish to prepare an opposition, Oracle could stipulate that the Court will reconsider all the issues Rimini identifies in the event a new trial is ordered, and that Oracle will address the merits of Rimini's arguments at that point"). In light of that offer, Oracle did not have to spend a single dollar responding to the conditional cross-motion. Oracle rejected the proposed stipulation, however, and thus any time and expense it incurred in preparing its response is its own responsibility.

On the merits, Rimini maintains that the rulings identified in its conditional cross-motion warrant reconsideration if a new trial is ordered. These rulings include: permitting Oracle to draw a parallel between Rimini and TomorrowNow, permitting Oracle to argue (without any evidence) that CedarCrestone was an infringing alternative, permitting Oracle to cast Rimini employees having nothing to do with the case as dishonest, preventing Rimini from introducing evidence relating to Rimini's post-2011 operations, and preventing Mr. Ravin from gaining access to certain highly confidential exhibits. Dkt. 916 at 2-3, 5. This improperly admitted (or, as to the post-2011 conduct,

improperly excluded) evidence prejudiced Rimini by allowing the jury to include in its damages award perceived misconduct having nothing to do with the case, or alleged misconduct that had long since stopped.  Oracle also improperly presented an inflated damages figure, in part through its belatedly supplemented expert report, and in part through Ms. Dean's improper, previously withdrawn testimony.  *Id*. at 3-4.  The prejudice was compounded by the fact that Rimini was not allowed to introduce any evidence on copyright misuse, which would have provided a complete defense to copyright infringement liability or at minimum mitigated the misperceptions created by the evidence improperly admitted or excluded at Oracle's behest.

The parties have briefed each of these issues in detail multiple times (*e.g.*, Dkts. 554, 561, 593, 625, 652, 695, 766, 767, 771, 773, 793, 799, 816, 838, 845), and Rimini incorporates those arguments by reference here.  If the Court orders a new trial *sua sponte*, Rimini respectfully requests that the Court reconsider these extremely important issues, and permit the parties an opportunity to brief the issues in further detail at that time.

DATED:	January 8, 2016	GIBSON, DUNN & CRUTCHER LLP


By:  s/ *Blaine H. Evanson*
        Blaine H. Evanson

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

# CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2016, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By:   s/ *Blaine H. Evanson*
       Blaine H. Evanson

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*