UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual;<br><br>Defendants. | 2:10-CV-00106-LRH-PAL<br><br>ORDER |

Before the court is defendants Rimini Street, Inc. ("Rimini") and Seth Ravin's ("Ravin") (collectively "defendants") motion to compel discovery relating to plaintiffs Oracle USA, Inc.; Oracle America, Inc.; and Oracle International Corporation's (collectively "Oracle") motion for attorney's fees (Doc. #917[1]). Doc. #930. Oracle filed an opposition (Doc. #952) to which defendants replied (Doc. #968).

**I.     Facts and Procedural History**

This action has an extensive factual and procedural history. In brief, plaintiff Oracle develops, manufacturers, and licenses computer software. Oracle also provides support services to customers who license its software. Defendant Rimini is a company that provides similar software

---

[1] Refers to the court's docket number.

support services to customers licensing Oracle's software and competes directly with Oracle to provide these services. Defendant Ravin is the owner and CEO of defendant Rimini.

On January 25, 2010, Oracle filed a complaint for copyright infringement against defendants alleging that Rimini copied several of Oracle's copyright-protected software programs onto its own computer systems in order to provide software support services to customers. Doc. #1.

A jury trial was held on Oracle's complaint from September 14, 2015, through October 13, 2015. On October 13, 2015, the jury returned a verdict on Oracle's claims. Doc. #896. In the verdict, the jury found that defendant Rimini engaged in copyright infringement of Oracle's PeopleSoft, J.D. Edwards, and Siebel-branded Enterprise Software products. *Id*. The jury also found that both defendants Rimini and Ravin violated the California Computer Data Access and Fraud Act and the Nevada Computer Crimes Law. *Id*. However, the jury found in the defendants' favor on Oracle's remaining claims. *Id*.

After the jury verdict, Oracle filed a motion for attorney's fees. Doc. #917. In response, defendants filed the present motion to compel discovery. Doc. #930.

**II.    Discussion**

In their motion, defendants request the following post-trial discovery from Oracle in order to oppose the motion for attorney's fees: (1) the retainer agreements between Oracle and its counsel; (2) any and all guidelines that Oracle imposed on counsel; (3) all metadata from counsels' timekeeping software showing all instances where time was entered more than a week after legal services were performed; and (4) depositions of the persons most knowledgeable about the fees incurred by counsel and the timekeeping policies or practices of such counsel. *See* Doc. #930.

Requests for post-trial discovery on the issue of attorney's fees is solely within the discretion of the trial court. *See Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996), overruled on other grounds *City of Boerne v. P.F. Flores*, 521 U.S. 507 (1997); *Muniz v. United Parcel Serv., Inc.*, 2011 WL 311374, at *3 (N.D. Cal. 2011). The purpose behind such discovery is to ensure that there is an adequate evidentiary record for the court to determine whether, and to what extent,

1   attorney's fees are appropriate. *Id*. Thus, post-trial discovery is allowed when the discovery will be
2   of "substantial assistance" to the court in evaluating the reasonableness of the fees. *See E.E.O.C. v.*
3   *Harris Farms, Inc.*, 2006 WL 1028755, at *24-25 (E.D. Cal. 2006). However, a motion for
4   attorney's fees should not devolve into "burdensome satellite litigation" that would waste judicial
5   resources and time. *See Muniz*, 2011 WL 311374, at *3.

6         Here, the court has reviewed the motion and defendants' requested discovery and finds that
7   the engagement letter and fee agreements between Oracle and its counsel are relevant to the
8   reasonableness of Oracle's motion for attorney's fees, and may be of substantial assistance to the
9   court. Similarly, the court finds that any guidelines Oracle provided counsel regarding billing and
10  representation are also relevant to Oracle's motion and may be of assistance to the court as these
11  guidelines, if any, may limit the time or money spent on certain tasks, limit the number of attorneys
12  who may perform a task, restrict personnel for certain tasks, and/or restrict the amount of research
13  that may be performed. Further, these documents are relevant to Oracle's expectations of counsel
14  and what work is reasonable and appropriate throughout counsels' representation of Oracle. As
15  such, these documents may assist the court in determining whether the roughly $54 million in fees
16  requested by Oracle fall within Oracle's expectations of the representation. Therefore, the court
17  shall grant defendants' motion to compel these documents.

18        In contrast, the court finds that the requested metadata and depositions of counsel would not
19  be of substantial assistance to the court in determining the reasonableness of any award of
20  attorney's fees. Further, the court does not believe that it is necessary for defendants to have access
21  to and review the electronic timekeeping metadata of Oracle's counsel's billing and timekeeping
22  system and then depose that counsel about those timekeeping and billing records. Such information
23  would require countless hours of review by both the parties and the court as defendants have
24  already stated their desire to present this information to their attorney's fee experts. Allowing this
25  discovery would inherently turn the present motion for attorney's fees into a mini-trial and would
26  unnecessarily complicate the issue. It is well within a court's discretion to deny such requests in

1  such circumstances. *See Muniz*, 2011 WL 311374, at *3. Therefore, the court shall deny
2  defendants' motion to compel as to these requests.

4      IT IS THEREFORE ORDERED that defendants' motion to compel discovery (Doc. #930)
5  is GRANTED in-part and DENIED in-part in accordance with this order. Plaintiffs shall have
6  twenty (20) days from entry of this order to comply with defendants' granted post-trial discovery
7  requests.

8      IT IS SO ORDERED.

9      DATED this 3rd day of February, 2016.

                                                                                                                                                _____
                                                                                                                                               LARRY R. HICKS
                                                                                                                                               UNITED STATES DISTRICT JUDGE