SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
Lauren M. Blas (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

LEWIS ROCA ROTHGERBER CHRISTIE LLP
Daniel Polsenberg (Nevada Bar. No. 2376)
W. West Allen (Nevada Bar No. 5566)
Joel Henriod (Nevada Bar. No. 8492)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
dpolsenberg@lrrc.com
wallen@lrrc.com
jhenriod@lrrc.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone:  (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>                              Plaintiffs,<br><br>       v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>                              Defendants. | **EMERGENCY RELIEF REQUESTED**<br><br>Case No. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI STREET, INC.'S AND SETH RAVIN'S EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO ORACLE'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO L.R. 7-5 AND 26-4**<br><br>Judge:       Hon. Larry R. Hicks |

1    Defendants Rimini Street, Inc. and Seth Ravin ("Rimini") make this emergency motion

2    seeking an order pursuant to L.R. 7-5 and 26-4 granting them twenty-one (21) additional days, until

3    Friday, March 4, 2016, to respond to Oracle's motion for attorneys' fees and costs.  There is good

4    cause to grant this relief because Rimini requires additional time so that its experts may update their

5    analysis of the over five thousand pages of invoices, bills, and time entries that Oracle offered in

6    support of its motion based on the discovery that Rimini requested and this Court ordered Oracle to

7    produce on February 4, 2016.  Dkt. 988.  As the Court explained, this new discovery "may be of

8    substantial assistance to the Court," in particular because the billing guidelines "may limit the time or

9    money spent on certain tasks, limit the number of attorneys who may perform a task, restrict

10   personnel for certain tasks, and/or restrict the amount of research that may be performed."  *Id.* at 3.  It

11   is therefore extremely important that Rimini's experts be able to utilize this recent discovery in their

12   analysis, and an extension of time is necessary to allow them to do so.

13   1.    On Thursday, February 4, 2016, this Court granted in part Rimini's motion to compel

14   discovery relating to Oracle's motion for $58.2 million in attorneys' fees and costs.  Dkt. 988.

15   Rimini requested these documents at the outset of the post-trial briefing process, on November 4,

16   2015, but Oracle refused to produce them.  *See* Dkt. 930-1 ¶¶ 2–3.  Oracle also refused to agree to an

17   expedited briefing schedule on the motion to compel (Dkt. 948) so that the discovery issue would be

18   resolved with sufficient time for Rimini to evaluate the discovery and prepare its opposition to

19   Oracle's motion for attorneys' fees.  The motion to compel was resolved on February 4, 2016, and

20   the Court ordered Oracle to produce retainer agreements between Oracle and its counsel and any and

21   all guidelines that Oracle imposed on its counsel during the pendency of this action.  *Id.*  At

22   approximately 3:45 p.m. on Friday, February 5, 2016—*three months after Rimini's original*

23   *request*—Oracle finally produced these documents.

24   2.    Rimini seeks this extension on an emergency basis because the deadline of February

25   12, 2016 to respond to Oracle's fee request is rapidly approaching.  Rimini requested an extension

26   from Oracle on February 5, 2016, but Oracle has not yet given Rimini a response one way or the

27   other on whether it would agree to an extension.  *See* Declaration of Blaine H. Evanson, attached as

28   Exhibit 1.  Given the rapidly approaching deadline, Rimini is unable to wait any longer for a

1    response, and is compelled to file this motion on an emergency basis.  (Oracle engaged in these same

2    dilatory tactics last time Rimini requested an extension, refusing to give Rimini an answer one way or

3    the other on whether it would agree to an extension for over 10 days, thereby requiring Rimini to seek

4    emergency relief from the Court the week before its opposition was due.  *See* Dkts. 941, 941-1.)

5    Rimini has thus been diligent in attempting to secure an extension of time to file its opposition, yet

6    Oracle has caused unnecessary delay.

7           3.      Good cause exists to grant this motion and extend the deadline for Rimini's opposition

8    by 30 days.  Oracle is seeking approximately $58.2 million in attorneys' fees and costs.  This fee

9    request ***exceeds the jury's damages verdict*** by millions of dollars.  Indeed, as there are strong

10   grounds for the Court to grant judgment to Rimini on Oracle's hacking claims for the reasons set

11   forth in Rimini's pending Rule 50(b) motion (*see* Dkt. 913), Oracle's fee request exceeds the

12   copyright judgment by ***over $20 million***.  Good cause exists to grant this request, given the enormous

13   amount of money at issue, the extreme complexity of the fee request, and Oracle's last-minute

14   production of relevant evidence, produced only after this Court ordered it to do so.

15          Oracle's request is highly complex and indisputably flawed.  Indeed, in various errata and

16   supplemental filings, Oracle has acknowledged several errors since filing its motion, including

17   double-counting nearly $50,000 in expert fees (Dkt. 932 at ¶ 5), requesting fees for redacted and

18   therefore unreviewable time entries (*id.* ¶ 7), omitting an entire *year's worth* of billing invoices (Dkt.

19   939), and mistakenly calculating hundreds of thousands of dollars in other fees and costs (Dkt. 933 at

20   ¶ 6; Dkt. 932 ¶¶ 5, 6, 9).  In addition, Oracle admitted that it previously sought certain expenses that

21   it declined to reimburse outside counsel for, presumably because those airfare expenses exceed the

22   thresholds in Oracle's billing guidelines.  Dkt. 969 at 1 n.1.  Rimini needs additional time so that its

23   experts may evaluate whether Oracle is seeking *other* fees and expenses that are inconsistent with the

24   billing guidelines and retainer agreements produced just one week before Rimini's opposition due

25   date.

26          To properly respond to Oracle's request, Rimini has retained experts on legal fees and billing

27   practices.  These experts are reviewing and analyzing Oracle's invoices, and preparing a report on the

28   invoices and time records submitted by Oracle to determine whether they are reasonable, reflect

2

1   generally accepted billing practices and guidelines, and are associated with particular claims and

2   issues on which attorneys' fees are even potentially recoverable.  As detailed in the previously filed

3   declaration of John Trunko, based on the volume of data submitted, Rimini's experts needed

4   approximately 60 days to conduct a meaningful review of the data and to render a report. *See* Dkt.

5   941-2 ¶¶ 7-15; *see also* Dkt. 941-3.  Granting the experts an additional 21 days to review the

6   voluminous data compared against Oracle's billing guidelines is eminently reasonable.  Rimini

7   therefore requests that the Court extend the deadline for Rimini's opposition by 21 days until March

8   4, 2016.

9   DATED:        February 8, 2016              LEWIS ROCA ROTHGERBER CHRISTIE LLP

10

11                                             By: _____ bar #8492
                                               for   Daniel F. Polsenberg (SBN 2376)
12                                                    3993 Howard Hughes Parkway, Suite 600
                                                      Las Vegas, Nevada 89169
13                                                    (702) 949-8200

14                                             *Attorneys for Defendants*
                                               *Rimini Street, Inc. and Seth Ravin*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on February 8, 2016, I caused to be electronically filed the foregoing

3   document with the clerk of the court for the U.S. District Court, District of Nevada, using the

4   electronic case filing system.  The electronic case filing system sent a "Notice of Electronic Filing" to

5   the attorneys of record who have consented in writing to accept this Notice as service of this

6   document by electronic means.

7

By: _____

8      An employee of Lewis Roca Rothgerber Christie LLP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28