UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation;<br><br>          Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual;<br><br>          Defendants. | 2:10-CV-00106-LRH-PAL<br><br>ORDER |

    Before the court is plaintiffs Oracle USA, Inc.; Oracle America, Inc.; and Oracle International Corporation's (collectively "Oracle") motion for leave to file to supplement their motion for costs and attorneys' fees (Doc. #917[1]). Doc. #969. Defendants Rimini Street, Inc. ("Rimini") and Seth Ravin's ("Ravin") (collectively "defendants") filed an opposition (Doc. #987) to which Oracle replied (Doc. #989).

**I.   Facts and Procedural History**

    This action has an extensive factual and procedural history. In brief, plaintiff Oracle develops, manufacturers, and licenses computer software. Oracle also provides support services to customers who license its software. Defendant Rimini is a company that provides similar software

---

[1] Refers to the court's docket number.

1  support services to customers licensing Oracle's software and competes directly with Oracle to
2  provide these services. Defendant Ravin is the owner and CEO of defendant Rimini.

3      On January 25, 2010, Oracle filed a complaint for copyright infringement against
4  defendants alleging that Rimini copied several of Oracle's copyright-protected software programs
5  onto its own computer systems in order to provide software support services to customers. Doc. #1.

6      A jury trial was held on Oracle's complaint from September 14, 2015, through October 13,
7  2015. On October 13, 2015, the jury returned a verdict on Oracle's claims. Doc. #896. In the
8  verdict, the jury found that defendant Rimini engaged in copyright infringement of Oracle's
9  PeopleSoft, J.D. Edwards, and Siebel-branded Enterprise Software products. *Id*. The jury also
10 found that both defendants Rimini and Ravin violated the California Computer Data Access and
11 Fraud Act and the Nevada Computer Crimes Law. *Id*. However, the jury found in the defendants'
12 favor on Oracle's remaining claims. *Id*.

13     After the jury verdict, Oracle filed a motion for attorneys' fees. Doc. #917. In response,
14 defendants filed a motion to compel discovery (Doc. #930) which was granted by the court
15 (Doc. #988). While defendants' motion to compel was pending, Oracle filed the present motion for
16 leave to supplement the motion for attorneys' fees. *See* Doc. #969.

17 **II.   Discussion**

18     In their motion, Oracle seeks leave to file a supplemental motion for attorneys' fees to (1)
19 correct errors contained in the initial motion for attorneys' fees and (2) to add additional time spent
20 on post-trial motions. *See* Doc. #969. The court has reviewed the motion and finds that good cause
21 exists. Further, as defendants' opposition to the motion for attorneys' fees is not yet due, the court
22 finds that there is no prejudice to defendants by allowing a supplemental motion. Therefore, the
23 court shall grant Oracle's motion for leave.

24     IT IS THEREFORE ORDERED that plaintiffs' motion for leave to supplement the motion
25 for costs and attorneys' fees (Doc. #969) is GRANTED. Plaintiffs shall have ten (10) days from
26 entry of this order to file a supplemental motion.

IT IS FURTHER ORDERED that the prior briefing schedule on plaintiffs' motion for attorneys' fees (Doc. #917) previously set in several prior court orders is AMENDED as follows: Defendants shall have twenty-five (25) days after the filing of any supplement to the motion for attorneys' fees to file their opposition to the motion, but no response shall be filed later than Tuesday, March 15, 2016; Plaintiffs shall then have twenty-five (25) days after the filing of the opposition to file their reply. No further extensions to this briefing schedule shall be entertained or granted by the court.

IT IS FURTHER ORDERED that plaintiffs' duty to comply and produce the documents identified in the court's order granting defendants' post-trial discovery request (Doc. #988) is NOT AFFECTED by this order.

IT IS SO ORDERED.

DATED this 9th day of February, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE