1

2

3

4

5

6                                  UNITED STATES DISTRICT COURT

7                                        DISTRICT OF NEVADA

8                                                  * * *

9   ORACLE USA, INC., a Colorado corporation; )
    ORACLE AMERICA, INC., a Delaware          )
10  corporation; and ORACLE                   )          2:10-CV-00106-LRH-PAL
    INTERNATIONAL CORPORATION, a              )
11  California corporation;                    )
                                              )
12                 Plaintiffs,                 )          ORDER
                                              )
13   v.                                        )
                                              )
14  RIMINI STREET, INC., a Nevada             )
    corporation; SETH RAVIN, an individual;   )
15                                            )
                   Defendants.                 )
16  _____ )

17         Before the court is defendants Rimini Street, Inc. ("Rimini") and Seth Ravin's ("Ravin")

18  (collectively "defendants") renewed motion for judgment as a matter of law on plaintiffs

19  Oracle USA, Inc.; Oracle America, Inc.; and Oracle International Corporation's (collectively

20  "Oracle") claims brought pursuant to the Copyright Act. Doc. #915.[1] Plaintiffs filed an opposition

21  to the motion (Doc. #957) to which defendants replied (Doc. #977).

22  **I.      Facts and Procedural History**

23         This action has an extensive factual and procedural history. In brief, plaintiff Oracle

24  develops, manufacturers, and licenses computer software. Oracle also provides support services to

25  customers who license its software. Defendant Rimini is a company that provides similar software

26  _____

              [1] Refers to the court's docket number.

1    support services to customers licensing Oracle's software and competes directly with Oracle to

2    provide these services. Defendant Ravin is the owner and CEO of defendant Rimini.

3          On January 25, 2010, Oracle filed a complaint for copyright infringement against

4    defendants alleging that Rimini copied several of Oracle's copyright-protected software programs

5    onto its own computer systems in order to provide software support services to customers. Doc. #1.

6    A jury trial was held on Oracle's claims from September 14, 2015, through October 13, 2015. On

7    October 13, 2015, the jury returned a verdict on Oracle's claims and found that defendant Rimini

8    had engaged in copyright infringement of Oracle's PeopleSoft, J.D. Edwards, and Siebel-branded

9    Enterprise Software products. Doc. #896. After the jury verdict, defendants filed the present

10   renewed motion for judgment as a matter of law on Oracle's copyright act claims. *See* Doc. #915.

11   **II.      Legal Standard**

12         Under Rule 50(b), after the court enters judgment, a party may file a renewed motion for

13   judgment as a matter of law. Rule 50 provides that judgment as a matter of law is appropriate if "a

14   reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that

15   issue." FED. R. CIV. P. 50(a)(1). Under Rule 50, the court reviews whether "substantial evidence"

16   supports the jury verdict. *See Hagen v. City of Eugene*, 736 F.3d 1251, 1256 (9th Cir. 2013). A

17   verdict is not supported by substantial evidence "when the evidence, construed in the light most

18   favorable to the nonmoving party, permits only one reasonable conclusion, which is contrary to the

19   jury's verdict." *Id*. In other words, Rule 50 "allows the trial court to remove cases or issues from

20   the jury's consideration when the facts are sufficiently clear that the law requires a particular

21   result." *Weisgram v. Marley Co.*, 528 U.S. 440, 448 (2000).

22   **III.     Discussion**

23         In their Rule 50(b) motion, defendants argue that had the court construed and interpreted

24   Oracle's software license agreements in the manner defendants suggested, then based on the

25   undisputed evidence presented at trial, Rimini would be entitled to a judgment of non-infringement

26   as a matter of law. *See* Doc. #915.

2

1    The court has reviewed defendants' motion and finds that it is without merit. Throughout

2    the motion, defendants recognize that both at summary judgment and in connection with the jury

3    instruction on Oracle's licenses the court rejected defendants' interpretation of the software license

4    agreements. However, defendants now submit, in the guise of a Rule 50(b) motion, that if the

5    licenses had been interpreted as defendants contended, then the jury's verdict of copyright

6    infringement would not be supported by the evidence submitted at trial. Thus, the essence of

7    defendants' argument is that if the court were to reverse its prior constructions of the relevant

8    software license agreements, the jury could not have found any copyright infringement by

9    defendant Rimini.

10    Initially, the court notes that defendants' motion is a thinly disguised and untimely motion

11    for reconsideration of the court's construction of the terms of Oracle's software license agreements

12    at summary judgment. In general, a motion for reconsideration is an "extraordinary remedy, to be

13    used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc.*

14    *v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). As such, a motion for reconsideration is

15    only considered where a district court is presented with newly discovered evidence, an intervening

16    change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED.

17    R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist.*

18    *No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Here, defendants

19    have failed to meet any of these strict requirements for reconsideration of the court's license

20    constructions. In fact, defendants simply state that the court should have interpreted the software

21    licenses in the manner that they argued without providing any legal argument or analysis in the

22    present motion. As such, the court finds that reconsideration of the court's prior rulings are not

23    warranted. Because there is no basis to reconsider the court's prior interpretation of the software

24    licenses, the court finds that the evidence at trial supported the jury's verdict that defendant Rimini

25    engaged in copyright infringement. Therefore, the court shall deny defendants' renewed motion for

26    judgment as a matter of law.

3

1       IT IS THEREFORE ORDERED that defendants' renewed motion for judgment as a matter

2   of law on plaintiffs' copyright claims (Doc. #915) is DENIED.

3       IT IS SO ORDERED.

4       DATED this 8th day of February, 2016.

5   _____

6   LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26