SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

HOWARD & HOWARD PLLC
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 667-4843
Facsimile: (702) 567-1568
wwa@h2law.com

LEWIS ROCA ROTHGERBER CHRISTIE LLP
Daniel Polsenberg (Nevada Bar No. 2376)
Joel Henriod (Nevada Bar No. 8492)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
dpolsenberg@lrrc.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF ORACLE'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Judge:   Hon. Larry R. Hicks |

1     Rimini Street, Inc. and Seth Ravin respectfully submit the following evidentiary objections to
2  the evidence submitted in support of Oracle's motion for attorneys' fees and costs. For the avoidance
3  of doubt, the following objections are also made to the errata and supplements to that motion. *See*
4  Dkts. 922, 931, 932, 933, 937, 970, 972, 996.

5     **Evidentiary Objection No. 1**

6     <u>Evidence</u>:  Stroz Friedberg Calculations, Including the Division of Taxable and Non-Taxable
7  Costs (Dkt. 920 ¶ 8; Dkt. 925 [Maroulis Ex. C]; Dkt. 923 ¶ 110; Dkt. 996 at 3:10-13).

8     <u>Objection(s)</u>:  Mr. Maroulis avers that "Outside counsel have also highlighted as taxable costs
9  certain entries on Stroz's invoices." Dkt. 920 ¶ 8. And various entries are highlighted in blue on the
10 Stroz entries submitted as Exhibit C to the Maroulis Declaration to indicate that Oracle contends they
11 are taxable costs. Dkt. 925. Mr. Hixson declares that "Taxable costs related to Stroz's processing
12 and production of Oracle's own documents are highlighted in blue in Exhibit C to the Maroulis
13 Declaration." Dkt. 923 ¶ 110. But it is unclear who highlighted the entries as taxable vs. non-
14 taxable, which methodology that person applied to determine whether the costs were taxable vs. non-
15 taxable, and how the individual knew whether to highlight the cost in light of the absence of any
16 description on the invoice itself. It is also unclear how that person came up with the amount of
17 taxable (███████) and non-taxable (███████9) costs incurred by Stroz to include in the
18 "Supplemented Exhibit 1," which purports to summarize the invoices. *See* Dkt. 996. Indeed, the
19 amount of taxable and non-taxable costs incurred by Stroz on that summary exhibit differ by
20 approximately $1.5 million from the amount of taxable and non-taxable costs included in the actual
21 invoices attached to the Maroulis Declaration. *See* Trunko Decl. ¶¶ 35-38, Ex. D. Further, the Stroz
22 invoices are missing numerous pages, and so it is unclear on what documents (or hearsay or
23 speculation) the person who calculated these numbers relied. *Id.* ¶¶ 29-30. Although Oracle seeks
24 ███████ in total costs incurred by Stroz Friedberg, "[i]t is impossible to validate these
25 numbers based on the evidence provided by Oracle." *Id.* ¶ 28; *see also* Opsitnick Decl. ¶¶ 5-8.

26    This evidence therefore lacks foundation and is not supported by a sufficient finding that the
27 declarants have personal knowledge of the evidence presented. *See* Fed. R. Evid. 602; *Ward v. First*
28 *Fed. Sav. Bank*, 173 F.3d 611, 617-18 (7th Cir. 1999) (disregarding declaration because it "merely

Gibson, Dunn &
Crutcher LLP

asserts that [the declarant] is 'aware' . . . it does not reveal the source of [his] awareness"). This evidence is also inadmissible because it attempts to prove the substance and content of the invoices without presenting them as evidence. *See* Fed. R. Evid. 1002; Fed. R. Civ. P. 802; *Gustafson v. Am. Family Mut. Ins. Co.*, 2012 WL 5949572, at *3 (D. Col. Nov. 27, 2012). The attorney statements are also inadmissible as improper expert testimony because they are premised on flawed and unknown methodologies, riddled with errors, based on inaccurate calculations, and provide no basis for their conclusions. *See* Fed. R. Civ. P. 702; *Smith v. Ceva Logistics U.S., Inc.*, 2011 WL 3204682, at *7-8 (C.D. Cal. July 25, 2011) (attorney comparing time records in employment case constitutes expert testimony under Rule 702); *York v. Starbucks Corp.*, 2011 WL 8199987, at *15 (C.D. Cal. Nov. 23, 2011) (declining to consider counsel's declaration analyzing "statistical evidence" because "[c]ounsel is not a witness in this case").

**Evidentiary Objection No. 2**

<u>Evidence</u>: Fee Calculations (Dkt. 923 ¶¶ 3-15; Dkt. 924 ¶¶ 3-13; Dkt. 933-1; Dkt. 933-2; Dkt. 971-1; Dkt. 971-2; Dkt. 972-2; Dkt. 996 at 3:2-5).

<u>Objection(s)</u>: The amount of attorneys' fees Oracle requests (*see* Dkt. 996) is different from the amount of attorneys' fees that is calculated by adding up all of the monthly invoice totals together. *Compare* Dkt. 996, *with* Trunko Decl. ¶ 7, Exs. B-1, B-2, B-3, B-4, C-1, C-2, C-3, C-4. This is because, at least in part, an unknown person redacted various time entries—including both the amount of hours and the entry—throughout the invoices, but did not adjust the totals to reflect the redactions. *See* Dkt. 924 ¶ 4-7; Trunko Decl. ¶ 11. Thus, to confirm that the amount Oracle requests is consistent with the amount billed, one would have to review each and every invoice and add up each and every time entry. Neither Mr. Hixson nor Mr. Ringgenberg declares that they undertook this process and it is unclear who, if anyone, did undertake this process. Rimini's expert did, in fact, add up each and every unredacted time entry and the resulting numbers are different than the amount of attorneys' fees Oracle seeks, including that they are different from the numbers included on summary exhibits (Dkts. 971-2, 972-2). Thus, it is also unclear what methodology this person used to come up with the total amount of fees requested.

This evidence is therefore inadmissible because it lacks foundation and is not supported by a sufficient finding that the declarants have personal knowledge of the evidence presented. *See* Fed. R. Evid. 602. This evidence is also inadmissible because it attempts to prove the substance and content of the invoices without presenting them as evidence insofar as the redacted entries are reflected in the total amount requested. *See* Fed. R. Evid. 1002; Fed. R. Civ. P. 802. The attorney statements are further inadmissible as improper expert testimony because they are premised on flawed and unknown methodologies and based on inaccurate calculations. *See* Fed. R. Evid. 702.

**Evidentiary Objection No. 3**

Evidence: "Other Non-Taxable Costs" Calculation.  (Dkt. 924 ¶ 42; Dkt. 923 ¶ 101; Dkt. 996 at 3:19-20).

Objection(s): Oracle seeks approximately $1.2 million in "other non-taxable costs." Dkt. 996 at 3:19-20 (listing $585,485.44 and $644,788.20 as "other non-taxable costs"). Mr. Hixson and Mr. Ringgenberg declare that the various costs incurred to make up this number can be found somewhere in the many invoices—specifically, they cite to 20 exhibits that total approximately 3,500 pages—but they do not direct the Court to specifically *where* this $1.2 million number comes from, let alone how it was calculated. *See* Dkts. 924 ¶ 42, 923 ¶ 101. To substantiate this number, one would have to review each and every invoice and add up all of the costs that are not redacted and were not *already* taken into account in one of the *other* costs categories (e.g., deposition costs, eDiscovery fees, expert fees, etc.). Neither Mr. Hixson nor Mr. Ringgenberg declares that they undertook this process and it is unclear who, if anyone, did undertake this process. It is also unclear what methodology this person used because Rimini's expert did add up each and every such cost and the resulting number is different than the amount of "other non-taxable costs" Oracle is requesting in its summary exhibit (Trunko Decl. Exs. N-1, N-2), and some costs appear to be double or triple counted (*id.* ¶ 26(a)(i)).

This evidence is therefore inadmissible because it lacks foundation and is not supported by a sufficient finding that the declarants have personal knowledge of the evidence presented. *See* Fed. R. Evid. 602. This evidence is also inadmissible because it attempts to prove the substance and content of the invoices without presenting them as evidence. *See* Fed. R. Evid. 1002; Fed. R. Civ. P. 802. The attorney statements are also inadmissible as improper expert testimony because they are

1  premised on flawed and unknown methodologies.  *See* Fed. R. Evid. 702.

2  **Evidentiary Objection No. 4**

3  Evidence:  Expert Fees Calculation for Elysium and TM Financial Forensics (Dkt. 996 at 3:15; Dkt. 924 ¶¶ 44-45; Dkt. 932 ¶ 6; Dkt. 932-1; Dkt. 933 ¶¶ 5, 6; Dkt. 933-1; Dkt. 923 ¶¶ 105).

5  Objection(s):  Oracle seeks approximately ▬ million in expert fees, including ▬ incurred by Elysium (Dkt. 996 at 3:15; Dkt. 924 ¶¶ 44-45; Dkt. 933 ¶¶ 5, 6; Dkt. 933-1); and ▬ incurred by TM Financial Forensics (Dkt. 932 ¶ 6).  However, the numbers on the invoices provided by the experts do not equal the amount of expert fees that Oracle is requesting for their services in the various declarations of Thomas Hixson (*e.g.*, Dkts. 923, 932) and the summary exhibits (*e.g.*, Dkt. 996).  It is unclear who calculated these numbers or what methodology that person used to calculate them.  Further, because many pages of invoices from the experts are missing, it is impossible to confirm whether the numbers are accurate.  *See* Trunko Decl. ¶ 26(a)(i), Exs. N-3, P-1, P2.  This evidence is therefore inadmissible under Federal Rules of Evidence 602, 702, 802, and 1002.

15  **Evidentiary Objection No. 5**

16  Evidence:  Attorney testimony that fees and costs incurred are "reasonable" (Dkt. 920 ¶¶ 4-5; Dkt. 921 ¶ 4; Dkt. 923 ¶ 15; Dkt. 924 ¶ 12).

18  Objection(s):  Mr. Maroulis (Oracle's in-house counsel) testifies in his declaration that the fees and costs incurred by Boies Schiller and Morgan Lewis are "reasonable."  Dkt. 920 ¶¶ 4, 5.  In addition, Mr. Hixson (Oracle's outside counsel at Morgan Lewis) declares that "the time billed by Bingham's and Morgan Lewis's attorneys and staff on this matter was reasonable."  Dkt. 923 ¶ 15.  Mr. Ringgenberg (Oracle's outside counsel at Boies Schiller) also testifies that the time billed by Boies Schiller was "reasonable."  Dkt. 924 ¶ 12.  And Mr. Pocker testifies that the rates are "consistent with the prevailing market rates . . . ."  Dkt. 921 ¶ 4.

Such testimony is inadmissible expert testimony under Federal Rule of Evidence 702 because the declarants have no basis to determine whether the fees incurred were reasonable or consistent with prevailing market rates.  *See Gustafson*, 2012 WL 5949572, at *2 ("although the Gustafsons may testify about the costs and attorneys' fees they incurred in the Underlying Action, they will be

precluded from testifying that those fees were 'reasonable' or 'necessary' because such testimony falls within the purview of Rule 702 of the Federal Rules of Evidence since it requires specialized knowledge and is beyond the realm of common experience"); *see also Forno v. Coyle*, 75 F.2d 692, 696 (9th Cir. 1935) ("Any testimony as to what would be a reasonable fee would be in the nature of expert evidence"); *cf. Malbco Holdings, LLC v. AMCO Ins. Co.*, 2010 WL 2572849, at *11 (D. Or. June 22, 2010) ("Mr. Miner is not a neutral 'expert,' but is testifying on behalf of his client [as local counsel]. Therefore his opinion [on the reasonableness of fees] is subject to bias and carries little weight."); *BP W. Coast Prods., LLC v. Shalabi*, 2013 WL 1694660, at *2 (W.D. Wash. Apr. 18, 2013) ("To the extent Schiller intends to argue his fees are 'reasonable' or necessary, he is prohibited from doing so . . . . While counsel can testify on the 'nature and value' of his legal services while serving as an advocate, he oversteps . . . when he testifies that his fees are objectively reasonable or necessary").

DATED:   March 8, 2016          GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Blaine H. Evanson*
         Blaine H. Evanson

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*