| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>B. Trent Webb *(pro hac vice)*<br>Peter Strand *(pro hac vice)*<br>Ryan D. Dykal *(pro hac vice)*<br>2555 Grand Boulevard<br>Kansas City, MO 64108-2613<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>bwebb@shb.com<br><br>Robert H. Reckers *(pro hac vice)*<br>600 Travis Street, Suite 1600<br>Houston, TX 77002<br>Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508<br>rreckers@shb.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>Mark A. Perry *(pro hac vice)*<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8500<br>mperry@gibsondunn.com<br><br>Blaine H. Evanson *(pro hac vice)*<br>Joseph A. Gorman *(pro hac vice)*<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7228<br>bevanson@gibsondunn.com | HOWARD & HOWARD PLLC<br>W. West Allen (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, Nevada 89169<br>Telephone: (702) 667-4843<br>Facsimile: (702) 567-1568<br>wwa@h2law.com<br><br>LEWIS ROCA ROTHGERBER CHRISTIE LLP<br>Daniel Polsenberg (Nevada Bar No. 2376)<br>Joel Henriod (Nevada Bar. No 8492)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169<br>Telephone: (702) 949-8200<br>dpolsenberg@lrrc.com<br><br>RIMINI STREET, INC.<br>Daniel B. Winslow *(pro hac vice)* 6601 6601<br>Koll Center Parkway, Suite 300 Pleasanton, CA 94566<br>Telephone: (925) 264-7736<br>dwinslow@riministreet.com<br><br>John P. Reilly *(pro hac vice)*<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: (336) 908-6961<br>jreilly@riministreet.com |

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>            Plaintiffs,<br><br>      v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>            Defendants. | CASE NO. 2:10-cv-0106-LRH-PAL<br><br>**RIMINI STREET, INC.'S AND SETH RAVIN'S MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THEIR OPPOSITION TO ORACLE'S MOTION FOR ATTORNEYS' FEES AND COSTS AND ACCOMPANYING DOCUMENTS** |

1    Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010 (*see* Dkt. 55, "Protective Order"), Local Rule 10-5(b), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Defendants Rimini Street, Inc. and Seth Ravin (together, "Rimini") respectfully request that the Court grant leave to file under seal portions of their Opposition to Oracle's Motion for Attorneys' Fees and Costs ("Opposition") and the accompanying Declarations (including exhibits), of Dennis L. Kennedy ("Kennedy Declaration"); Professor William G. Ross ("Ross Declaration"); John L. Trunko ("Trunko Declaration") and Exhibits B-1, B-2, B-3, B-4, C-1, C-2, C-3, C-4, D, E-1, E-2, F, G, H, I-1, I-2, J, K, L, M, N-1, N-2, N-3, N-4, O-1, O-2, O-3, P-1, P-2, Q-1, Q-2, Q-3, Q-4, Q-5, Q-6, Q-7, Q-8, Q-9, and Q-10; Timothy M. Opsitnick ("Opsitnick Declaration"); Thomas D. Vander Veen ("Vander Veen Declaration"); and Robert H. Reckers ("Reckers Declaration") and Exhibits B, I, J, K, L, M, N; as well as the Evidentiary Objections to Evidence Submitted in Support of Oracle's Motion for Attorneys' Fees and Costs ("Evidentiary Objections"). The sealed portions of these documents reflect information that Oracle, Rimini, or a third party has designated "Confidential" or designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Public, redacted versions of these documents were filed on March 8, 2016. *See* Dkts. 998, 999, 1000, 1001, 1002, 1003, 1004, 1005. Additionally, also on March 8, 2016, unredacted versions of these documents were filed under seal. *See* Dkts. 1006, 1007, 1008, 1009, 1010, 1011, 1012, 1013.

The Protective Order states, "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' and as 'Highly Confidential Information- Attorneys' Eyes Only' under the terms of the Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information—Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." Protective Order ¶ 2. This Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to,

trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

Reckers Declaration Exhibit B includes Oracle's billing guidelines and engagement letters with outside counsel, which Oracle has designated "Highly Confidential Information—Attorneys' Eyes Only." Thus, these documents are filed under seal pursuant to the Protective Order based on Oracle's representation that it reasonably believes there is a valid basis under the Protective Order for its confidentiality designation. Because the documents were designated as such by Oracle, Rimini is not in a position to provide further justification for why filing them publicly would cause Oracle harm sufficient to show good cause.

The redacted portions of the Reckers Declaration, and Reckers Declaration Exhibits K, L, M, and N, as well as the redacted portions of the Vander Veen Declaration, and portions of the Opposition, attach the actual Rule 68 offers of judgment that Rimini made to Oracle and Oracle's responses to those offers, and also contain descriptions of those offers and responses. Each of the offers includes confidential pre-trial settlement offers made by Rimini under Federal Rule of Civil Procedure 68 that could competitively harm Rimini if publicly disclosed. *See* Protective Order ¶ 3. This Court previously granted Rimini's motion to seal the offers and responses (Dkts. 962, 994), to which Oracle did not object, and Rimini therefore files these materials under seal pursuant to the Court's order. Reckers Declaration Exhibits I and J are excerpts of depositions designated as "Confidential" under the Protective Order. In Rimini's best judgment, these excerpts contain "non-public information or matter related to: financial or business plans or projections; . . . current or future business and marketing information, plans, and strategies; studies or analyses by internal or outside experts; customer information, data or lists; . . . competitive analyses; . . . or other commercially or personally sensitive or proprietary information." Protective Order ¶ 3.

Finally, the remaining documents (including the redacted portions of the Kennedy Declaration, Trunko Declaration and Exhibits, Opsitnick Declaration, Ross Declaration, Evidentiary Objections, and portions of the Opposition), reference documents that Oracle marked as "Confidential Information" or "Highly Confidential Information—Attorney's Eyes Only" under the Protective Order. These documents largely contain Oracle's outside counsels' time entries and

invoices; third-party time entries and invoices; rates and agreements with third party vendors; and Oracle's outside counsels' hourly rates. Oracle previously filed these documents under seal based on Oracle's representation that it reasonably believed there was a valid basis under the Protective Order for its confidentiality designation. Dkt. 926. This Court granted Oracle's motion to seal (Dkt. 994), and Rimini therefore also files these materials under seal.

Rimini has submitted all other portions of these documents for filing in the Court's public files, which would allow public access to the filings except for the portions containing information designated as "Confidential Information" or designated as "Highly Confidential Information—Attorneys' Eyes Only" by Rimini, Oracle, or a third party. Accordingly, the request to seal is narrowly tailed.

Dated: March 8, 2016             GIBSON, DUNN & CRUTCHER LLP


By:  /s/ Blaine H. Evanson
         Blaine H. Evanson

Attorney for Defendants