| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>B. Trent Webb, Esq. (*pro hac vice*)<br>Peter Strand, Esq. (*pro hac vice*)<br>Ryan D. Dykal, Esq. (*pro hac vice*)<br>2555 Grand Boulevard<br>Kansas City, MO 64108-2613<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>bwebb@shb.com<br><br>Robert H. Reckers, Esq. (*pro hac vice*)<br>600 Travis Street, Suite 1600<br>Houston, TX 77002<br>Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508<br>rreckers@shb.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>Mark A. Perry (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8500<br>mperry@gibsondunn.com<br><br>Blaine H. Evanson (*pro hac vice*)<br>Joseph A. Gorman (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7228<br>bevanson@gibsondunn.com | HOWARD & HOWARD PLLC<br>W. West Allen (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, Nevada 89169<br>Telephone: (702) 667-4843<br>Facsimile: (702) 567-1568<br>wwa@h2law.com<br><br>LEWIS ROCA ROTHGERBER CHRISTIE LLP<br>Daniel Polsenberg (Nevada Bar No. 2376)<br>Joel Henriod (Nevada Bar No 8492)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169<br>Telephone: (702) 949-8200<br>dpolsenberg@lrrc.com<br><br>RIMINI STREET, INC.<br>Daniel B. Winslow (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566<br>Telephone:  (925) 264-7736<br>dwinslow@riministreet.com<br><br>John P. Reilly (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: (336) 908-6961<br>jreilly@riministreet.com |

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>                Plaintiffs,<br><br>   v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>                Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**NOTICE RE POST-TRIAL MOTIONS AND REQUEST FOR HEARING AFTER APRIL 4, 2016**<br><br>Judge:      Hon. Larry R. Hicks |

Defendants Rimini Street, Inc. and Seth Ravin (together, "Rimini") submit this notice regarding post-trial motions and also renew Rimini's request for a hearing on those motions after April 4, 2016, the date Oracle's reply brief in support of its Motion for Attorneys' Fees and Costs is due.

There are four post-trial motions pending in the above-captioned case:

1. Oracle's Motion for an Injunction.  *See* Dkts. 900, 906, 907.

2. Oracle's Motion for Prejudgment Interest.  *See* Dkts. 910, 963, 980.

3. Rimini's Rule 50(b) Motion on Oracle's State-Law Claims.  *See* Dkts. 913, 957, 976.

4. Oracle's Motion for Attorneys' Fees and Costs.  *See* Dkts. 922, 1006; Oracle's reply brief is due on April 4, 2016 (*see* Dkts. 992, 996).

***Request for a Hearing.***  Rimini renews its request for a hearing on these four motions at a date and time convenient to the Court in Reno, Nevada after April 4, 2016.  *See* Dkts. 963, 1006.  A hearing will assist the Court in light of the many documents filed in support of these four motions (over 5,000 pages).  A hearing will also assist the Court in determining the impact of its resolution of one motion on the other three motions.  For example, Oracle seeks over $100 million in attorneys' fees, costs, and prejudgment interest, as well as a permanent injunction, but a portion of this relief will be moot if the Court grants Rimini's Rule 50(b) motion and concludes that Oracle's state-law hacking and unfair competition claims fail as a matter of law.  A hearing is also appropriate due to the size and scope of relief Oracle seeks.  Oracle is asking this Court for a post-trial award that is *double* the jury verdict (tripling Oracle's total recovery), and for an injunction that could prevent Rimini from being able to lawfully and fairly compete in the aftermarket support services marketplace by prejudging issues pending before the Court in the related case.  Rimini respectfully submits that such substantial relief should not be granted without a hearing.

***Date of a Hearing.***  Oracle's motion for an injunction, Oracle's motion for prejudgment interest, and Rimini's Rule 50(b) motion are all fully briefed.  Oracle's reply brief in support of its motion for attorneys' fees and costs is due on April 4, 2016.  Because counsel will need to travel to Reno, Nevada for the hearing, Rimini respectfully submits that a single hearing on all four motions should be held after Oracle's motion for attorneys' fees and costs has been fully briefed.  At that

time, the parties can jointly work with the Court's staff to set a date for the hearing that is convenient for the Court.

**The Supreme Court's Kirtsaeng Decision.** On January 15, 2016, the United States Supreme Court granted certiorari to decide the question: "What constitutes the appropriate standard for awarding attorneys' fees to the prevailing party under section 505 of the Copyright Act." *Kirtsaeng v. John Wiley & Sons, Inc.*, No. 15-375, 2016 WL 205944 (U.S. Jan. 15, 2016). Because the Court's decision in *Kirtsaeng* could affect the proper resolution of Oracle's motion for attorneys' fees and costs in this copyright case, this Court may wish to defer ruling on Oracle's motion for attorneys' fees and costs until the Supreme Court has decided *Kirtsaeng*. A decision is expected by June 2016.

Rimini will notify this Court when the Supreme Court has issued its decision in *Kirtsaeng*. Rimini will also confer with Oracle and seek agreement on whether additional briefing is warranted on the narrow issue of the impact of the *Kirstaeng* decision on this case.

DATED: March 9, 2016               GIBSON, DUNN & CRUTCHER LLP

By: *Blaine H. Evanson*
      Blaine H. Evanson

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*