BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
thomas.hixson@morganlewis.com
kristen.palumbo@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,,<br><br>Plaintiff,<br><br>vs.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**PLAINTIFF ORACLE'S RESPONSE TO DEFENDANT RIMINI STREET, INC.'S AND SETH RAVIN'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Judge:   Hon. Larry R. Hicks |

1    Plaintiffs Oracle America, Inc., Oracle USA, Inc., and Oracle International Corporation
2    (together, "Oracle" or "Plaintiffs") submit this response to Defendants Rimini Street, Inc., and
3    Seth Ravin's (together, "Rimini's") objections to evidence submitted in support of Oracle's
4    motion for attorneys' fees and costs.

**RIMINI'S EVIDENTIARY OBJECTION NO. 1:**

<u>Evidence</u>:  Stroz Friedberg Calculations, Including the Division of Taxable and Non-Taxable Costs (Dkt. 920 ¶ 8; Dkt. 925 [Maroulis Ex. C]; Dkt. 923 ¶ 110; Dkt. 996 at 3:10-13).

**ORACLE'S RESPONSE TO EVIDENTIARY OBJECTION NO. 1:**

The Stroz calculations have adequate foundation.  The entries highlighted in blue in Exhibit C to the Maroulis Declaration were prepared by Thomas Hixson and individuals under his direct supervision.  Hixson Decl. Ex. F.  The highlights were made manually, based on consultation with Stroz and a determination of the categories of expenses that meet the criteria for being taxable.  Hixson Decl. ¶ 4(b); Dkt. 923 ¶ 110; Dkt. 925 ¶ 8.  While there were minor errors in the initial calculations, these have since been corrected.  Hixson Decl. ¶¶ 4-5.  The new, corrected totals are equal to the sum of the individual highlights.  Hixson Decl. ¶¶ 4-5.

Rimini's claims about missing invoice pages should also be rejected, because every invoice had a summary page which described categories of expenses.  Stroz has also confirmed that the summary pages are correct.  Essig Decl. ¶¶ 36-37.  There was thus adequate foundation for the $121,997 out of $13 million in expenses that related to missing pages.  Opp. at 28; Dkt. 1008 ¶ 31.

Finally, Rimini's argument that the Hixson declaration (Dkt. 923) provides inadmissible expert testimony and improperly attempts to prove the contents of the Stroz invoices should be rejected.  The decisions that Rimini relies on all involve the admissibility of evidence outside of the context of attorneys' fees submissions.  *Ward v. First Fed. Sav. Bank*, 173 F.3d 611 (7th Cir. 1999) (disregarding a declaration in a Title VII racial discrimination and retaliation case where the declarant failed to reveal the source of his knowledge); *Smith v. Ceva Logistics U.S., Inc.*, 2011 WL 3204682, at *7-8 (C.D. Cal. July 25, 2011) (discussing the admissibility of testimony of a *statistician* under Rule 702, not an attorney, despite Rimini's claims); *York v. Starbucks Corp.*,

1    2011 WL 8199987, at *15 (C.D. Cal. Nov. 23, 2011) (holding that an attorney's statements

2    regarding the validity of an expert's opinion in a wage and hour case were invalid).  Although

3    attorneys' fees are discussed in *Gustafson*, it is an insurance coverage dispute, not an attorneys'

4    fees submission.  2012 WL 5949572, at *1.  In that case, the court held that the plaintiff was

5    unable to testify to the "tasks performed by their attorneys," but were allowed to "testify about the

6    costs and attorneys' fees they incurred." *Id*. at *2-3.

7         The Hixson declaration (Dkt. 923) is admissible.  Courts routinely accept declarations

8    attaching and summarizing invoices from attorneys as adequate evidence of attorneys' fees and

9    costs.  *Yeager v. Bowlin*, 2010 WL 2303273, at *3 (E.D. Cal. June 7, 2010) (finding that amended

10   billing statements prepared by an attorney and paralegal who reviewed the original billing

11   statements were "sufficiently reliable and adequate"), *aff'd*, 495 F. App'x 780 (9th Cir. 2012);

12   *Wells v. New Cherokee Corp.*, 58 F.3d 233, 240 (6th Cir. 1995) (finding that attorneys' affidavits

13   were "adequate for the district court to make an informed decision"); *see also United States v.*

14   *City & County of San Francisco*, 748 F.Supp. 1416, 1420 (N.D.Cal. 1990) (noting that the use of

15   "reconstructed records developed by reference to litigation files and other records is an

16   established practice in this circuit").  Mr. Hixson provided a level of detail and supporting

17   evidence that is consistent with numerous fee petitions that have been accepted by courts.  Pearl

18   Decl. ¶¶ 130, 19.

19        Oracle's support for its Stroz expenses more than meets foundational requirements here.

20   **RIMINI'S EVIDENTIARY OBJECTION NO. 2:**

21        Evidence:  Fee Calculations (Dkt. 923 ¶¶ 3-15; Dkt. 924 ¶¶ 3-13; Dkt. 933-1; Dkt. 933-2;

22   Dkt. 971-1; Dkt. 971-2; Dkt. 972-2; Dkt. 996 at 3:  2-5).

23   **ORACLE'S RESPONSE TO EVIDENTIARY OBJECTION NO. 2:**

24        The attorney fee calculations are admissible.  The redacted time records were prepared by

25   Thomas Hixson and Kieran Ringgenberg and individuals under their direct supervision.  Dkt. 923

26   ¶¶ 4, 15; Hixson Decl. ¶ 22; Richardson Decl. ¶ 22; Dkt. 924 ¶¶ 2, 4, 45.  The total numbers

27   provided (Dkt. 996) were calculated by adding up each of the unredacted time entries, which is

28   the same process that Rimini's expert used to evaluate the fees.  Dkt. 923 ¶ 5; Dkt. 924 ¶ 5; Dkt.

1  1008 ¶ 11.

2  Rimini claims that the attorney fees requested do not add up to the sum of the individual,

3  unredacted time entries, however, the variance is negligible and Rimini's calculations are actually

4  *higher* than Oracle's.  *Compare* Dkt. 996, *with* Dkt. 1008 ¶ 7 (Oracle calculates fees for Morgan

5  Lewis and Boies, Schiller & Flexner at $31,237,969.67, while Rimini calculates these same fees

6  at $31,264,891.35).  It is thus no surprise that Rimini does not complain about this difference in

7  its Opposition, nor do any of Rimini's declarants state that this difference should be corrected.

8  As described above, there is sufficient foundation for the introduction of this evidence as

9  courts regularly and routinely accept affidavits attaching and summarizing invoices from

10 attorneys as adequate evidence of attorneys' fees and costs.

11 **RIMINI'S EVIDENTIARY OBJECTION NO. 3:**

12 <u>Evidence</u>:  "Other Non-Taxable Costs" Calculation. (Dkt. 924 ¶ 42; Dkt. 923 ¶ 101; Dkt.

13 996 at 3:19-20).

14 **ORACLE'S RESPONSE TO EVIDENTIARY OBJECTION NO. 3:**

15 The calculation of the $1.2 million in other non-taxable costs is admissible.  The

16 determination of these costs was conducted by manually identifying and adding up appropriate

17 entries.  Hixson Decl. ¶ 3.  This process was completed by Thomas Hixson and Kieran

18 Ringgenberg and individuals under their direct supervision.  Hixson Decl. ¶ 3.  Furthermore,

19 despite what Rimini claims, only one $7,931.25 expert invoice was double-counted (no cost was

20 triple counted and Oracle has corrected its small error), but this had no effect on its calculation

21 because as Rimini acknowledges, the $1.2 million in other non-taxable costs do not include

22 expert fees.  Hixson Decl. ¶ 4(a); Ex. A.

23 Oracle does not know how Rimini calculated $1.334 million in non-taxable costs, and that

24 is of no consequence.  Oracle calculated it by adding the individual costs listed in Oracle's law

25 firms' invoices, which provided dates and descriptions for each amount.  Oracle has reduced its

26 "other" non-taxable costs claim by $1,409.20 upon re-reviewing its invoices (Hixson Decl. Ex.

27 A), but Oracle stands by its calculations.  And there is no harm to Rimini in using Oracle's

28 calculations because Rimini's calculations are once again *higher* than those submitted by Oracle.

DB3/ 200810077.1                                          3                        RESPONSE TO DEFENDANT'S
                                                                                 OBJECTIONS TO EVIDENCE

*Compare* Dkt. 996, *with* Dkt. 1008 Exs. N-1, N-2 (Oracle calculates other non-taxable costs at $1,230,273.64, while Rimini calculates these same costs at $1,334,364.33).

The calculation of $1.2 million in other non-taxable costs has adequate foundation. As described above, there is sufficient foundation for the introduction of this evidence as courts regularly and routinely accept affidavits attaching and summarizing invoices from attorneys as adequate evidence of attorneys' fees and costs.

**RIMINI'S EVIDENTIARY OBJECTION NO. 4:**

Evidence:  Expert Fees Calculation for Elysium and TM Financial Forensics (Dkt. 996 at 3:15; Dkt. 924 ¶¶ 44-45; Dkt. 932 ¶ 6; Dkt. 932-1; Dkt. 933 ¶¶ 5, 6; Dkt. 933-1; Dkt. 923 ¶¶ 105).

**ORACLE'S RESPONSE TO EVIDENTIARY OBJECTION NO. 4:**

Oracle's calculations are admissible. The entries for expert fees were calculated by Thomas Hixson and Kieran Ringgenberg and individuals under their direct supervision. Hixson Decl. ¶ 3; Dkt. 923 ¶¶ 1, 3; Dkt. 924 ¶¶ 2-3. As described above, there is sufficient foundation for the introduction of this evidence as courts regularly and routinely accept affidavits attaching and summarizing invoices from attorneys as adequate evidence of attorneys' fees and costs.

Moreover, after reviewing the criticisms of Rimini's expert, Mr. Trunko, Oracle has determined that it inadvertently counted one $7,391.25 TMF invoice twice in its calculation of TMF costs, and that its Elysium expert costs needed to be reduced by $815. Hixson Decl. ¶¶ 4(a), 4(c). Oracle has corrected these errors, and its updated calculations are accurate. Hixson Decl. ¶¶ 4-5.

**RIMINI'S EVIDENTIARY OBJECTION NO. 5:**

Evidence:  Attorney testimony that fees and costs incurred are "reasonable" (Dkt. 920 ¶¶ 4-5; Dkt. 921 ¶ 4; Dkt. 923 ¶ 15; Dkt. 924 ¶ 12).

**ORACLE'S RESPONSE TO EVIDENTIARY OBJECTION NO. 5:**

This testimony is admissible. Rimini attempts to characterize the assertions made by Messrs. Maroulis, Hixson, Ringgenberg and Pocker as standalone, conclusory statements. However, the determination that the fees and costs were "reasonable" is based on their extensive familiarity with this case, and their combined years of legal experience. Furthermore, Mr.

1  Maroulis, by virtue of his position as Oracle's in-house counsel, is a consumer of legal services
2  and is uniquely qualified to determine the reasonableness of the fees.  Dkt. 925 ¶ 2.  They thus
3  had adequate experience to support their statements.
4       As described above, there is sufficient foundation for the introduction of this evidence as
5  courts routinely accept declarations attaching and summarizing invoices from attorneys as
6  adequate evidence of attorneys' fees and costs.  Furthermore, *CLM Partners LLC v. Fiesta Palms,*
7  *LLC*, 2013 WL 6388760, at *5 (D. Nev. Dec. 5, 2013) explains that a fee applicant should submit
8  evidence demonstrating the reasonableness of the fees and costs incurred and that this evidence
9  supporting the reasonableness of requested rates "may include affidavits of the fee applicant's
10 attorneys."  This is supported by established Ninth Circuit authority.  *E.g.*, *United Steel Workers*
11 *of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).[1]

Dated:  April 4, 2016                                   MORGAN, LEWIS & BOCKIUS LLP


                                                        By _____
                                                                Thomas S. Hixson
                                                              Attorneys for Plaintiffs
                                                                Oracle USA, Inc.
                                                              Oracle America, Inc. and
                                                           Oracle International Corporation

---

[1] The case law that Rimini cites for the proposition that an attorney cannot testify to the reasonableness of the fees does not support Rimini's position here.  *Forno* did not hold that only designated experts can testify about "a reasonable fee"; it merely stated that any such testimony would be "advisory but not binding upon the court."  75 F.2d 692, 696.  In *Malbco Holdings, LLC*, the attorney was proffering himself as an expert, which is not the case here.  2010 WL 2572849, at *11.  *BP W. Coast Prods., LLC* involves the violation of the Washington Rules of Professional Conduct, which are not applicable here.  2013 WL 1694660, at *2.  Finally, *Gustafson* is not a case evaluating the recovery of attorneys' fees by a prevailing party.  2012 WL 5949572, at *1 (insurance recovery case).  Regardless, Oracle has submitted expert evidence that its fees and costs are reasonable.  Pearl Decl. ¶¶ 15-19.