1  BOIES, SCHILLER & FLEXNER LLP
   RICHARD J. POCKER (NV Bar No. 3568)
2  300 South Fourth Street, Suite 800
   Las Vegas, NV 89101
3  Telephone: (702) 382-7300
   Facsimile: (702) 382-2755
4  rpocker@bsfllp.com

5  BOIES, SCHILLER & FLEXNER LLP
   WILLIAM ISAACSON (*pro hac vice*)
6  KAREN DUNN (*pro hac vice*)
   5301 Wisconsin Ave, NW
7  Washington, DC 20015
   Telephone: (202) 237-2727
8  Facsimile: (202) 237-6131
   wisaacson@bsfllp.com
9  kdunn@bsfllp.com

10 BOIES, SCHILLER & FLEXNER LLP
   STEVEN C. HOLTZMAN (*pro hac vice*)
11 KIERAN P. RINGGENBERG (*pro hac vice*)
   1999 Harrison Street, Suite 900
12 Oakland, CA 94612
   Telephone: (510) 874-1000
13 Facsimile: (510) 874-1460
   sholtzman@bsfllp.com
14 kringgenberg@bsfllp.com

15
   Attorneys for Plaintiffs Oracle USA, Inc.,
16 Oracle America, Inc. and Oracle International
   Corp.

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Telephone:  415.442.1000
Facsimile:  415.442.1001
thomas.hixson@bingham.com
kristen.palumbo@bingham.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

17
18                     UNITED STATES DISTRICT COURT
19                          DISTRICT OF NEVADA

20 ORACLE USA, INC., a Colorado corporation;
   ORACLE AMERICA, INC., a Delaware
21 corporation; and ORACLE INTERNATIONAL
   CORPORATION, a California corporation,
22
                   Plaintiffs,
23         v.

24 RIMINI STREET, INC., a Nevada corporation;
   SETH RAVIN, an individual,
25
                   Defendants.
26

Case No  2:10-cv-0106-LRH-PAL

**ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S REPLY IN SUPPORT OF ITS MOTION FOR COSTS AND ATTORNEYS' FEES AND SUPPORTING DECLARATIONS**

1    Pursuant to the Stipulated Protective Order governing confidentiality of documents
2    entered by the Court on May 21, 2010, Dkt. 55 ("Protective Order"), and Rules 5.2 and 26(c) of
3    the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and
4    Oracle International Corporation (collectively "Oracle") respectfully request that the Court order
5    the Clerk of the Court to file under seal certain portions of (1) Oracle's Reply In Support Of Its
6    Motion For Costs And Attorneys' Fees ("Oracle's Reply"); (2) Declarations of Thomas S.
7    Hixson ("Hixson Declaration"), Richard M. Pearl ("Pearl Declaration"), Elizabeth A. Dean
8    ("Dean Declaration"), and Ronald Essig ("Essig Declaration"); and (3) certain exhibits
9    accompanying the Hixson Declaration and the Essig Declaration.  These portions of Oracle's
10   Reply and supporting documents reflect information that Oracle or Rimini Street, Inc. ("Rimini")
11   has designated "Confidential Information" or designated "Highly Confidential - Attorneys' Eyes
12   Only" under the Protective Order.  Public, redacted versions of Oracle's Reply, the Hixson
13   Declaration and Exhibits E-J attached thereto, Pearl Declaration, Dean Declaration and the Essig
14   Declaration and Exhibits A and B attached thereto, *see* Dkts. 1018-1022, 1028, and an
15   unredacted version of each was subsequently filed under seal with the Court, *see* Dkts. 1023-
16   1027.
17       The Protective Order states, "Counsel for any Designating Party may designate any
18   Discovery Material as 'Confidential Information' or 'Highly Confidential Information –
19   Attorneys' Eyes Only' under the terms of this Protective Order ***only if such counsel in good***
20   ***faith believes that such Discovery Material contains such information and is subject to***
21   ***protection under Federal Rule of Civil Procedure 26(c).***  The designation by any Designating
22   Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential
23   Information – Attorneys' Eyes Only' shall constitute a representation that an attorney for the
24   Designating Party reasonably believes there is a valid basis for such designation."  Protective
25   Order ¶ 2 (emphasis supplied).
26
27
28

1
ORACLE'S MOTION TO SEAL

## DOCUMENTS DESIGNATED BY ORACLE AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Oracle has designated Exhibit F to the Hixson Declaration, Exhibits A and B to the Essig Declaration, portions of those declarations, and portions of the Declarations of Richardson, Pearl and Essig as Confidential Information ("Confidential") or Highly Confidential Information – Attorneys' Eyes Only ("Highly Confidential"). Oracle requests that the Court order the Clerk of the Court to file those exhibits and portions under seal, as well as certain portions of Oracle's Reply that reflect the information contained in the aforementioned exhibits and declarations for "good cause". *Selling Source, LLC v. Red River Ventures*, LLC, 2:09-CV-01491-JCM, 2011 WL 1630338, at *1 (D. Nev. Apr. 29, 2011) (citing *Phillips v. General Motors*, 307 F.3d 1206, 1210, 1213 (9th Cir. 2002)).

The "Confidential" designation indicates that, in Oracle's best judgment, the documents contains "non-public information or matter related to: financial or business plans or projections; . . . current or future business and marketing information, plans, and strategies; studies or analyses by internal or outside experts; customer information, data or lists; . . . competitive analyses; . . . or other commercially or personally sensitive or proprietary information." Protective Order ¶ 3. The "Highly Confidential" designation indicates that in Oracle's best judgment, the documents contains "extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or other highly confidential documents related to current or future business plans, protocols or strategies, the disclosure of which to the Receiving Parties or non-parties (other than the Designating Party) would be likely to cause competitive or business injury to the Designating Party."

In particular, portions of Oracle's Reply; Exhibit F to the Hixson Declaration, Exhibits A and B to the Essig Declaration, portions of those declarations, and portions of the Declarations of Richardson, Pearl and Essig, contain confidential competitive information of negotiated billing rates between Oracle and its attorneys, experts and other vendors, and sensitive, case-specific pricing information. Further, the documents reveal the details of Oracle's relationships with these companies, and the terms of their agreements, which are also negotiated. These negotiated

1 billing rates and agreement terms are commercially sensitive and should not be publically
2 disclosed insofar as any such disclosure would create a competitive disadvantage. *Apple Inc. v.*
3 *Samsung Electronics Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013) ("One factor that weighs in
4 favor of sealing documents is when the release of the documents will cause competitive harm to
5 a business.")
6       Disclosure of this confidential information could interfere with Oracle's current or future
7 business relationships or plans. Thus, there is a compelling interest for this information to be
8 sealed.

**DOCUMENTS DESIGNATED BY RIMINI AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Rimini has either 1) designated the following documents cited or referred to in Oracle's Reply as Confidential or Highly Confidential or 2) in an abundance of caution, Oracle believes that Rimini intended or intends the following documents have a confidentiality designation:

| Ex. | Description | Designation |
|---|---|---|
| Hixson Decl. Ex. E | DTX 3023 | Oracle believes that Rimini intended this document be designated Highly Confidential |
| Hixson Decl. Ex G | January 17, 2012 Expert of Daniel S. Levy | Oracle believes that Rimini intended this document be designated Confidential |
| Hixson Decl. Exs. H and I | Rimini's Rule 68 Settlement Offers | Confidential |
| Hixson Decl. Ex. J | Chart comparing Rimini and Oracle's 2011 to 2014 litigation expenses | Oracle believes that Rimini intends to designate this document as Highly Confidential |

Oracle also believes that Rimini intends to designate portions of Oracle's Reply and portions of the Hixson Declaration, Richardson Declaration, Pearl Declaration, and Essig Declaration and the entirety of the Dean Declaration as Confidential or Highly Confidential.

Oracle submits these documents under seal pursuant to the Protective Order based on Rimini's representation that it reasonably believes there is a valid basis under the Protective

1  Order for its confidentiality designations.  Because the documents were designated by Rimini or
2  will likely be designated by Rimini, Oracle is not in a position to provide further justification for
3  why filing them publicly would cause Rimini harm sufficient to show good cause.
4       Oracle has submitted all other portions of Oracle's Reply; the Hixson Declaration,
5  Richardson Declaration, Pearl Declaration, Dean Declaration, Essig Declaration and the exhibits
6  accompanying the Hixson Declaration and the Essig Declaration to the Court's public files,
7  which allow public access to all materials except for the items discussed above.  Accordingly,
8  the request to seal is narrowly tailored.  For the foregoing reasons, Oracle respectfully requests
9  that the Court grant leave to file under seal the documents discussed above.

11  DATED: April 4, 2016            MORGAN, LEWIS & BOCKIUS LLP

                                    By: _____/s/ Thomas S. Hixson_____
                                              Thomas S. Hixson
                                            Attorneys for Plaintiffs
                                              Oracle USA, Inc.,
                                            Oracle America, Inc.,
                                        and Oracle International Corp.

**CERTIFICATE OF SERVICE**

I certify that on April 4, 2016, I electronically transmitted the foregoing **ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S REPLY IN SUPPORT OF ITS MOTION FOR COSTS AND ATTORNEYS' FEES AND SUPPORTING DECLARATIONS** to the Clerk's Office using the Electronic Filing System pursuant to Special Order No. 109.

Dated: April 4, 2016

Morgan, Lewis & Bockius LLP

By: _____/s/ *Thomas Hixson*_____
         Thomas Hixson

Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation