| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>B. Trent Webb, Esq. (*pro hac vice*)<br>Peter Strand, Esq. (*pro hac vice*)<br>Ryan D. Dykal, Esq. (*pro hac vice*)<br>2555 Grand Boulevard<br>Kansas City, MO 64108-2613<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>bwebb@shb.com<br><br>Robert H. Reckers, Esq. (*pro hac vice*)<br>600 Travis Street, Suite 1600<br>Houston, TX 77002<br>Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508<br>rreckers@shb.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>Mark A. Perry (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8500<br>mperry@gibsondunn.com<br><br>Blaine H. Evanson (*pro hac vice*)<br>Joseph A. Gorman (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7228<br>bevanson@gibsondunn.com | HOWARD & HOWARD PLLC<br>W. West Allen (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, Nevada 89169<br>Telephone: (702) 667-4843<br>Facsimile: (702) 567-1568<br>wwa@h2law.com<br><br>LEWIS ROCA ROTHGERBER CHRISTIE LLP<br>Daniel Polsenberg (Nevada Bar No. 2376)<br>Joel Henriod (Nevada Bar No 8492)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169<br>Telephone: (702) 949-8200<br>dpolsenberg@lrrc.com<br><br>RIMINI STREET, INC.<br>Daniel B. Winslow (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566<br>Telephone:  (925) 264-7736<br>dwinslow@riministreet.com<br><br>John P. Reilly (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: (336) 908-6961<br>jreilly@riministreet.com |

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S OBJECTIONS TO EVIDENCE IMPROPERLY SUBMITTED WITH ORACLE'S REPLY BRIEF**<br><br>Judge:   Hon. Larry R. Hicks |

It was Oracle's burden to establish in its motion the reasonableness of its initial request for $58.2 million in fees and costs.  For all the reasons in Rimini's opposition brief, Oracle failed to meet its burden of establishing that *any* fees and costs—let alone the unprecedented $58.2 million in fees and costs it seeks—are warranted here.  In a last-ditch effort to cure the defects in its original submission, Oracle improperly submitted new evidence with its reply brief, including three new expert declarations and the *fourth* declaration of Thomas Hixson, along with hundreds of pages of exhibits.  But even if the Court considers this new evidence—which it should not—Oracle *still* has failed to meet its burden of establishing that *any* fees and costs are warranted here.  In fact, the additional evidence only underscores Oracle's failure to produce an accurate and properly documented accounting of fees and costs.[1]

Oracle's eDiscovery expert report is just one example of improperly submitted evidence.  Oracle did not file a report from an eDiscovery expert with its motion, and instead asked this Court to assume that the outrageously disproportionate $13 million Oracle seeks in eDiscovery fees and expenses was both accurate and reasonable.  With its reply brief, Oracle submitted the report of Ronald Essig, who declares for the first time that the high costs are reasonable because Oracle's vendor used a "unique technology" that is different from the "discovery services" of its "competitors."  Dkt. 1026 ¶¶ 6–12.  This evidence was absent from Oracle's motion and therefore unavailable to Rimini.  It was thus improper for Oracle to submit it for the first time with its reply brief.

In addition, Oracle submitted extensive evidence, for the first time on reply (*see*, *e.g.*, Dkt. 1020 (Reblitz-Richardson Decl.) ¶¶ 2–25; Dkt. 1024 (Hixson Decl.) ¶¶ 15–62, Exs. B, D, E, J, K; Dkt. 1025 (Pearl Decl.) ¶¶ 1–138, Exs. A–O), attempting to justify the hourly rates that have never heretofore been awarded in the state of Nevada, as well as Oracle's unreasonable billing practices.

---

[1] Notably, a thorough review of Oracle's reply brief and the accompanying declarations reveals buried admissions to numerous material flaws and errors in Oracle's original request—including double-counted expenses (Dkt. 1024 ¶ 4(a)), multiple math errors (including a $1.5 million math error) (*id.* ¶ 4(b)), and unreasonably long billing day (of 24.0 hours) (Dkt. 1020 ¶ 19)—yet Oracle *still has not filed all of its invoices* with the Court.  *See*, *e.g.*, Dkt. 1026 ¶ 36 (stating that the Court can speculate as to what is in the missing eDiscovery invoices by referring to the *other* more complete invoices).

As Rimini argued in its opposition brief, Oracle had the burden of submitting this evidence *with its motion*, but it failed to do so. Dkt. 1006. Oracle's attempts to use these new reports and attorney declaration to submit unchallenged evidence prejudices Rimini's right to evaluate and oppose Oracle's and its experts' methodologies and conclusions, and deprives this Court of the responsive briefing necessary to fully address the issues.

This Court has broad authority to refuse to consider this improper evidence (and corresponding argument),[2] which is largely inadmissible in any event (*see infra*), or to grant Rimini leave to file a surreply responding to it.[3] And if it would be helpful to the Court for Rimini to file a surreply with rebuttal expert reports, it will do so. But the more important point is that this belated

---

[2] *See, e.g., Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief"); *Horizon Air Indus., Inc. v. Airline Prof. Ass'n*, 2014 WL 2896001, at *4 (W.D. Wash. June 25, 2014) (granting motion to strike arguments pertaining to attorneys' fees that were presented for the first time in a reply brief); *Beckett v. Brinx Res., Ltd.*, 2013 WL 6058487, at *1 (D. Nev. Nov. 14, 2013) (Hicks, J.) ("Where the moving party presents new matters for the first time in a reply brief, the Court may either refuse to consider the new matters or allow the opposing party an opportunity to respond"); *U.S. ex rel. Karlin v. Noble Jewelry Holdings Ltd.*, 2012 WL 1228199, at *5 (S.D.N.Y. Apr. 9, 2012) ("it is improper for the Court to consider the Relator's evidence [in support of his motion for attorneys' fees and costs] submitted for the first time in reply, because that evidence was not submitted in response to any new material issues raised by the defendants in their opposition brief"); *In re Taco Bell Wage & Hour Actions*, 2011 WL 4479730, at *7 (E.D. Cal. Sept. 26, 2011) (refusing to consider expert report submitted with plaintiffs' reply in support of class certification because "[n]ew evidence or analysis presented for the first time in a reply will not be considered"); *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1204 n.1 (D. Nev. 2009) ("the Court does not and will not make a practice of addressing the merits of issues first raised in a reply, as the opposing party is not afforded any opportunity to respond to new issues raised in a reply"); *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007) ("it is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply"); *White v. First Am. Registry*, 592 F. Supp. 2d 681, 683 (S.D.N.Y. 2009) ("To countenance such action would promote litigation by ambush and, in any case, deprive defendant of a fair opportunity to respond"); *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 160 (S.D. Ind. 2009) (striking expert reports submitted with reply papers as "entirely new expert opinions which must therefore be stricken"); *Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.*, 246 F.R.D. 293, 311 n.18 (D.D.C. 2007) (striking expert report submitted with reply papers that presented "new and previously undisclosed 'expert' testimony and conclusions" about which defendants had been unable to question the expert); *Lang v. Kansas City Power & Light Co.*, 199 F.R.D. 640, 653 (W.D. Mo. 2001) ("Moving parties are not allowed to wait until their reply suggestions to advance arguments and provide expert support for their positions"); *Computer Economics, Inc. v. Gartner Grp., Inc.*, 1999 WL 33178020, at *9 n.10 (S.D. Cal. Dec. 14, 1999) ("reply brief is an inappropriate vehicle to offer [] new evidence" to support a motion for attorneys' fees).

[3] *See Ioane v. C.I.R.S.*, 2010 WL 2600689, at *3 (D. Nev. March 11, 2010) ("Because Plaintiff's reply raised issues not in his initial motion, the Court grants Defendant leave to file a surreply and will consider Defendant's arguments raised in its surreply").

evidence and argument only highlights Oracle's utter failure to support its motion with sufficient evidence to justify the reasonableness of its fee request. Despite its limitless resources and ample opportunity to meet its burden, Oracle resorted to an untimely data dump. Oracle should bear the consequences of its failure of proof, and its motion should be denied for this reason (*see, e.g.*, Dkt. 922 at 16–22), along with the other reasons detailed in Rimini's opposition.

In the event that this Court does not deny Oracle's request for fees and costs in its entirety, as it should, Rimini lodges the following objections to Oracle's evidence.[4]

*   *   *

**Evidentiary Objection No. 6**

<u>Evidence</u>: Speculation regarding the content of missing invoices. Dkt. 1026 ¶¶ 36, 37.

<u>Objection(s)</u>:  Oracle seeks $13 million in eDiscovery fees and expenses, of which at least $863,000 was listed in its opening submission on summary sheets as "Expenses" and "Electronic Discovery & Other Fees," unsubstantiated by detailed invoices. *See* Dkt. 1010 ¶ 42. Remarkably, even with its reply brief, Oracle has failed to submit the missing detailed invoice pages. Instead, Oracle's eDiscovery expert declares for the first time in reply that he "confirmed" that these numbers are accurate, but he does not say how he confirmed they are accurate, what they accurately depict (other than "Expenses" generally), what records he reviewed to confirm, or why Oracle has *still* not submitted the underlying records. Rather, he simply contends that these descriptions "provide sufficient information" "[g]iven the context of the *other* complete invoices." Dkt. 1026 ¶ 36 (emphasis added). In other words, Oracle's position is that Rimini and this Court should be able to speculate about what "Expenses" make up this $863,000 by looking to *other* invoices. But there is simply no way, other than rank speculation, to know whether the underlying expenses are reasonable. The evidence is therefore inadmissible because it lacks foundation and attempts to prove the substance and content of the invoices without providing them as evidence. *See* Fed. R. Civ. Evid. 602, 802, 1002.

---

[4] Rimini previously filed Evidentiary Objections Nos. 1–5 (Dkt. 1013) with its opposition brief. Rimini renews its objections to evidence that Oracle has re-submitted with its reply brief.

**Evidentiary Objection No. 7**

<u>Evidence</u>:  Hixson Decl. Ex. B (Dkt. 1019-2).

<u>Objection(s)</u>:  Oracle submits a February 27, 2015 article posted on the website of the Register to support its assertion that Rimini "expected litigation and a trial." Dkt. 1023 at 9 & n.5.  In addition to being completely irrelevant, misleading, and unduly prejudicial (Fed. R. Evid. 401, 403), the article, which does not directly quote a single word from a Rimini employee, is inadmissible hearsay twice over and cannot be offered to prove the truth of the matters asserted therein (Fed. R. Evid. 802).  Further, Oracle mischaracterizes the article in its brief as attributing a statement about the Las Vegas jury pool to Mr. Ravin, when the article itself does not even *attribute* that statement to Mr. Ravin, much less quote him.

**Evidentiary Objection No. 8**

<u>Evidence</u>:  Hixson Decl. Exs. D, E, J (Dkt. 1019-4, 1019-5).

<u>Objection(s)</u>:  Oracle attempts to justify its fees and expenses *in this case* by comparing them to Rimini's *total* litigation expenses for the years 2011–2014, relying on publicly filed documents.  This is, of course, an apples-to-oranges comparison, as Rimini's total litigation expenses during this time (notably, less than *half* of what Oracle spent on this case) included several other matters.  And even if Oracle had cited Rimini's litigation expenses in *this* matter, that would be irrelevant to whether Oracle's request for fees and costs is proper and reasonable.  *See* Dkt. 1006 at 23.  This evidence is therefore completely irrelevant, misleading, and unduly prejudicial.  *See* Fed. R. Evid. 401, 403.

**Evidentiary Objection No. 9**

<u>Evidence</u>:  Improper legal opinion.  Dkt. 1025.

<u>Objection(s)</u>:  Oracle offers for the first time with its reply brief the expert report of Richard M. Pearl, a California attorney who opines that Oracle's rates and billing practices are reasonable.  Mr. Pearl's declaration includes gross mischaracterizations of governing legal principles, which are improper and inadmissible (*see* Fed. R. Evid. 701, 702, 703), most egregiously his legal opinion that Oracle is "entitled" its requested fees, that there is a "strong presumption" that those fees are reasonable, and that "Rimini bears the burden" of demonstrating that the fees requested are

*unreasonable* (Dkt. 1025 ¶ 13-14).  This is the opposite of the correct legal standard.  As explained in Rimini's opposition brief, *Oracle* bears the burden to demonstrate that fees are warranted and the requested fees are reasonable, and it failed to meet that burden here.  *See* Dkt. 1006 at 19–22 (citing, *inter alia*, *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

DATED:	April 21, 2016	GIBSON, DUNN & CRUTCHER LLP

By:	*/s/ Blaine H. Evanson*
	Blaine H. Evanson

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2016, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: /s/ Blaine H. Evanson
Blaine H. Evanson

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*