| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>5301 Wisconsin Ave, NW<br>Washington, DC 20015<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: 415.442.1000<br>Facsimile: 415.442.1001<br>thomas.hixson@morganlewis.com<br>kristen.palumbo@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**PLAINTIFF ORACLE'S RESPONSE TO DEFENDANT RIMINI STREET, INC.'S AND SETH RAVIN'S OBJECTIONS TO EVIDENCE SUBMITTED WITH ORACLE'S REPLY BRIEF**<br><br>Judge:   Hon. Larry R. Hicks<br><br>**PUBLIC REDACTED VERSION** |

DB3/ 200858680.3

Plaintiffs Oracle America, Inc., Oracle USA, Inc., and Oracle International Corporation (together, "Oracle" or "Plaintiffs") submit this response to Defendants Rimini Street, Inc., and Seth Ravin's (together, "Rimini's") Objections to the evidence Oracle submitted in support of its Motion for Costs and Attorneys' Fees reply brief, Dkt. 1031.

Rimini ignores that every piece of evidence Oracle submitted in support of its reply brief was *directly responsive* to arguments and issues Rimini raised in its Opposition to Oracle's Motion for Costs and Attorneys' Fees. Indeed, after four months to evaluate Oracle's motion, Rimini filed over 150 pages of briefing and declarations from five individuals (with hundreds of pages more of exhibits)[1] that raised a multitude of *new* issues and arguments, many of which related to Rimini's attempts to meet its burden of proof on specific issues. *See, e.g.*, *Gates v. Gomez*, 60 F.3d 525, 534-35 (9th Cir. 1995) ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged . . . .") (quotations and citations omitted). Oracle's evidence was thus appropriate *rebuttal* evidence to respond to the issues Rimini raised.

For example, Rimini's Opposition and two of its declarants raised arguments and submitted evidence based on offers of judgment made by Rimini pursuant to Federal Rule of Civil Procedure 68. Dkt. 998 at 26-27; Dkt. 1000 ¶ 25; Dkt. 1003. Rimini in essence was moving to limit Oracle's ability to claim fees through its opposition. But the deadline for filing post-trial motions had passed, and Rule 68 was not raised in Oracle's motion. Oracle's reply brief was the first opportunity Oracle had to address this issue.

Rimini also complains about the percipient witness declaration Oracle submitted from its eDiscovery vendor. Oracle moved to recover the $13 million in eDiscovery costs it actually paid, and Oracle submitted those invoices with its motion. In support of its opposition, Rimini submitted a declaration from Timothy M. Opsitnick, who asserted that the rates Oracle's vendor charged for certain services were too high, including with reference to the rates Rimini paid for its

---

[1] Rimini's approach to Oracle's motion undermines its argument that Oracle's reply brief reflected "limitless resources" and "an untimely data dump." Dkt. 1031 at 3.

own eDiscovery vendor – evidence that was unavailable to Oracle.[2]  *E.g.*, Dkt. 1002 ¶ 17(c). Oracle's eDiscovery declarant simply responded to Mr. Opsitnick's criticisms.  He did not address any other issue.

Likely recognizing that Oracle's evidence was proper *rebuttal* evidence, Rimini does not actually ask the Court to strike it.  Instead, Rimini states that this Court "has broad authority to refuse to consider" it (Dkt. 1031 at 2), and cites several cases holding that "new" evidence and arguments that are raised for the first time in a reply brief should not be considered.  That authority does not apply here, where Oracle's evidence was *directly responsive* to evidence raised by Rimini in their opposition.  *See, e.g.*, *Terrell v. Contra Costa County*, 232 Fed.Appx. 626, 629 n. 2 (9th Cir. 2007) (evidence submitted in reply was not "new" and could be relied on where "[t]he Reply Brief addressed the same set of facts supplied in … opposition to the motion [and] provides the full context to [the opposition's] selected recitation of the facts"); *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 955 (C.D. Cal. 2015) ("Evidence submitted in direct response to evidence raised in the opposition . . . is not 'new'" and does not justify an opportunity to respond); *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007) (denying motion to strike for same reason).[3]

Rimini admits that its objections are actually an attempt to (improperly) respond to the

---

[2] Contrary to Rimini's claim that Oracle's eDiscovery costs were "outrageously disproportionate" (Dkt. 1031 at 1), even Mr. Opsitnick agrees that $7.17-$9.23 million of Oracle's costs were reasonable.  Dkt. 1002 ¶ 44.

[3] *See also Queensridge Towers LLC v. Allianz Global Risks US Ins. Co.*, No. 2:13-CR-197, 2015 WL 1403479, at *3 (D. Nev. Mar. 26, 2015) (denying motion to strike where reply brief seeking costs did not "raise new arguments or introduce new evidence" and merely "concedes that certain amounts should be reduced, and addresses plaintiff's objections in an attempt to support the remaining costs requested"); *Advanced Media Networks LLC v. Row 44 Inc.*, No. 12-11018, 2014 WL 5760545, at *2 (C.D. Cal. Nov. 4, 2014) (denying motion to strike exhibits submitted with a reply brief because they "were submitted to rebut" issues raised in opposition); *Rodriguez v. Cty. of Los Angeles*, 96 F. Supp. 3d 1012, 1025 (C.D. Cal. 2014) (considering declarations filed in support of plaintiff's attorneys' fees reply brief); *Lira v. Cate*, No. 00-0905, 2010 WL 727979, at **6, 10 (N.D. Cal. Feb. 26, 2010) (considering additional documentation submitted with reply brief to explain costs as well as plaintiff's correction of miscalculations identified by defendant); *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, No. 06-2069, 2008 WL 413749, at *15 (N.D. Cal. Feb. 13, 2008) (denying a motion to strike a supplemental declaration submitted with reply brief because it was offered in response to arguments in the opposition).

merits of Oracle's reply brief.  Dkt. 1031 at 2-3 ("*[T]he more important point is* that this belated evidence and argument only highlights Oracle's utter failure to support its motion with sufficient evidence to justify the reasonableness of its fee request.") (emphasis supplied).  But these attacks also lack merit.

First, Rimini argues that Oracle's reply supports Rimini's argument that the evidence submitted in support of Oracle's initial motion was insufficient.  Not so.  As Oracle's rebuttal expert explained in response to Rimini and its declarants' criticisms, "Oracle's request, and the evidentiary support that Oracle has provided, are consistent with the level of evidence and detail that numerous courts . . . have found to be sufficient to support an award for the attorneys' fees and costs the prevailing party sought . . . ." Dkt. 1025 ¶ 19.  Oracle submitted additional evidence only to address issues raised by Rimini with its lengthy opposition filings.

Second, Rimini claims that Oracle's reply "reveals buried admissions to numerous material flaws and errors in Oracle's original request." Dkt. 1031 at 1 n.1.  Again, not so.  Oracle simply investigated the potential errors Rimini identified and made minor corrections, which were clearly described and summarized in Exhibit A to the Declaration of Thomas Hixson.  Dkt. 1024 ¶¶ 3-5, Ex. A.  Oracle reduced its fees claim by only $6,480 and its costs claim by $10,155, and it reclassified $1.5 million of its costs from "Taxable" costs to "Non-Taxable" costs.  *Id.*  Oracle made these changes because it strove to be accurate.  And notably, despite its many claims, Rimini does not claim any errors remain.

Last, Rimini incorrectly claims Oracle "still has not filed all of its invoices with the Court." Dkt. 1031 at 1 n.1.  Oracle has submitted an invoice for *every* dollar for which Oracle seeks compensation.  Some pages from 11 eDiscovery invoices are missing, and Rimini exaggerates the need for those pages.  Dkt. 1026 ¶¶ 36-37.  Neither Rimini nor its eDiscovery declarant took any issue with any of the supporting details they had for the rest of the eDiscovery invoices Oracle submitted.

Rimini's general objections should be rejected.  So too should Rimini's specific objections.

\* \* \*

1  **ORACLE'S RESPONSE TO EVIDENTIARY OBJECTION NO. 6:**

2  <u>Evidence</u>:  Dkt. 1026 ¶¶ 36, 37.

3  Paragraphs 36 and 37 of the Declaration of Ronald Essig have an adequate foundation.
4  Mr. Essig has been employed with Oracle's eDiscovery vendor, Stroz Friedberg, since March
5  2008 and was involved with this matter since its inception.  Dkt. 1026 ¶¶ 1, 2.  Moreover,
6  contrary to Rimini's claim, he explained how he "confirmed" that Oracle's eDiscovery vendor
7  bills were accurate:  "by reviewing Stroz Friedberg's historical records."  Dkt. 1026 ¶ 37.  Based
8  on his direct involvement in the matter and his review, he thus had adequate foundation to state
9  that the complete Stroz Friedberg invoices Oracle submitted, which supported the vast majority of
10 Oracle's total eDiscovery expenses, provide accurate context for the details that support the
11 $863,001.16 in expenses to which Rimini objects.  His statements are admissible.

12

13 **ORACLE'S RESPONSE TO EVIDENTIARY OBJECTION NO. 7:**

14 <u>Evidence</u>:  Hixson Decl. Ex. B (Dkt. 1019-2).

15 The February 27, 2015 article Oracle submitted is further evidence of Rimini's attempts to
16 avoid the consequences of its wrongdoing and impose excessive litigation costs on Oracle.  As
17 confirmed by the article, Mr. Ravin's plan was to force Oracle to litigate through trial, before a
18 Nevada jury, where liability was something that Rimini could have and should have admitted to
19 early on given the evidence in this case (including for an example the Rimini email stating Oracle
20 was "onto us from massive download volumes").  The article is thus relevant to the need to force
21 Rimini to pay for the costs it caused to further the purpose of the Copyright Act and deter further
22 infringement by Rimini.

23 Rimini's complaint that Oracle "mischaracterizes" the article is not an objection to the
24 evidence, but an attempt to respond to Oracle's reply brief.  Nonetheless, Rimini is wrong.
25 Oracle accurately described that the article quotes Mr. Ravin:  "***The CEO says*** Rimini Street
26 predicted the clashes it had with Oracle, and even prepared for them by choosing the ground on
27 which they would be fought.  The company's Las Vegas, Nevada, global HQ was therefore
28 chosen partly because the state's pool of jurors knows little about the technology industry.  ***Ravin***

1  *said* California juries are more likely to have heard of Oracle and approve of the company
2  because it is such a large employer.  Bay Area juries, ***he added***, think they are technology
3  experts." Dkt. 1024, Ex. B (emphasis supplied).  Statements by Mr. Ravin are not hearsay.  Fed.
4  R. Evid. 801(d)(2).

5  Rimini does not challenge the reliability or the accuracy of the article, and there is no
6  credible claim that the Court will be misled by the article or that consideration of the article is
7  unduly prejudicial to Rimini.  Regardless, there is no need for the Court to admit the article into
8  evidence.  Oracle has no desire to create a mini-trial with this motion, or to seek testimony from
9  Mr. Ravin confirming the accuracy of those statements.  The article just confirms what is already
10  evident from the record in this case:  Rimini sought to force this case to a trial, despite
11  overwhelming evidence of wrongdoing, and in doing so imposed significant costs on Oracle.

**ORACLE'S RESPONSE TO EVIDENTIARY OBJECTION NO. 8:**

Evidence:  Hixson Decl. Exs. D, E, J (Dkt. 1019-4, 1019-5).

15  Oracle's reply brief cited extensive authority describing the relevance of Rimini's
16  litigation costs to Oracle's motion.  Dkt. 1023 at 10-11; *see also* Dkt. 1025 ¶¶ 40-44.  Rimini does
17  not and cannot cite to any contrary authority.

18  In addition, contrary to Rimini's unsupported claim that the litigation costs in Rimini's
19  financials "included several other matters," the actual evidence Oracle submitted specifically
20  states the amounts are for litigation expenses "[REDACTED]."  Dkt.
21  1024, Ex. E (excerpt from Rimini's audited financial statements) at 14 ("[REDACTED]
22  [REDACTED]
23  [REDACTED]
24  [REDACTED]
25  [REDACTED]") (emphasis supplied); *see also* Dkt. 1024, Ex. D (excerpt from Rimini S-1 filing)
26  at 13 (adding "litigation expenses" to "Operating loss" to arrive at "Non-GAAP operating loss"
27  and explaining that Rimini's "non-GAAP financial measures" "exclude litigation expenses
28  relating to our ongoing litigation ***with Oracle***") (emphasis supplied); May13, 2014 Rimini Street,

1  Inc. S-1/A Filing at 13 (explaining in the beginning of the paragraph that was cut off at the start
2  of the excerpt in Exhibit D that Rimini's "non-GAAP operating loss and non-GAAP net loss
3  [measures]. . . exclude . . . litigation expenses relating to our ongoing litigation *with Oracle*")
4  (emphasis supplied), *available at*
5  http://www.sec.gov/Archives/edgar/data/1415610/000119312514195315/d602821ds1a.htm.
6        The evidence of Rimini's litigation expenses is accurate and relevant and should be
7  admitted.

**ORACLE'S RESPONSE TO EVIDENTIARY OBJECTION NO. 9:**

10       <u>Evidence</u>:  Purported legal opinions in Dkt. 1025.
11       Oracle does not dispute that any legal opinions offered by the parties' declarants are not
12 admissible.  However, statements regarding the law in the declaration of Richard Pearl are simply
13 responses to the numerous statements about the law and authorities cited by Rimini's multiple
14 declarants.  *See generally* Dkts. 1007-09.  To the extent those statements are considered by the
15 Court, Mr. Pearl's responses should be as well.
16       Moreover, Rimini's examples show that Mr. Pearl made no improper legal opinion at all.
17 Mr. Pearl did not state that Oracle was "entitled" to its fees.  As a background statement, he stated
18 that "I understand that Oracle is entitled to recover its reasonable attorneys' fees and taxable and
19 non-taxable costs under the federal Copyright Act and the Nevada and California computer access
20 laws."  Dkt. 1025 ¶ 13.  That it his understanding, and there is no dispute that those statutes
21 provide for the recovery of attorneys' fees and costs.  Nor did he say that there is a "strong
22 presumption" that *Oracle's fees* are reasonable.  He stated that "there is a 'strong presumption'
23 that the *lodestar figure* constitutes the reasonable fee."  *Id.* ¶ 14 (emphasis supplied).  And he did
24 not state that "'Rimini bears the burden' of demonstrating that the fees requested are
25 unreasonable."  He stated that "While Oracle bears the burden of documenting its reasonable fees,
26 once those fees are documented, Rimini bears the burden of presenting equally specific
27 countervailing evidence that those fees are somehow unreasonable:  generalized objections that
28 the work is 'excessive' or 'duplicative' do not satisfy that burden."  *Id* ¶ 13.  That was a correct

1  statement of the law.  *E.g.*, *Gates*, 60 F.3d at 534-35; *Blackwell v. Foley*, 724 F. Supp. 2d 1068,
2  1081 (N.D. Cal. 2010).
3       Rimini's objection should be rejected.

Dated:  May 5, 2016　　　　　　　　　　　　MORGAN, LEWIS & BOCKIUS LLP

　　　　　　　　　　　　　　　　　　　　By:　　　/s/ Thomas S. Hixson
　　　　　　　　　　　　　　　　　　　　　　　　Thomas S. Hixson
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　　　　　　　　　　Oracle USA, Inc.
　　　　　　　　　　　　　　　　　　　　　　Oracle America, Inc. and
　　　　　　　　　　　　　　　　　　　　　Oracle International Corporation

# **CERTIFICATE OF SERVICE**

I certify that on May 5, 2016, I electronically transmitted the foregoing RESPONSE TO DEFENDANT'S OBJECTIONS TO EVIDENCE to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel are CM/ECF registrants.

Dated: May 5, 2016

Morgan, Lewis & Bockius LLP

By: _____/s/ Thomas S. Hixson_____
Thomas S. Hixson
Attorneys for Plaintiffs
Oracle USA, Inc.
Oracle America, Inc. and
Oracle International Corporation