# EXHIBIT A - Oracle's Notice of Supplemental Authority

BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:  415.442.1000
Facsimile:  415.442.1001
thomas.hixson@morganlewis.com
kristen.palumbo@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>       Plaintiffs,<br><br>      v.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>      Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING ITS MOTION FOR COSTS AND ATTORNEYS' FEES (ECF NO. 917).** |

1    On June 16, 2016, the Supreme Court decided *Kirtsaeng v. John Wiley & Sons, Inc.*,

2    Case No. 15–375, 2016 WL 3317564, clarifying how courts should evaluate applications for

3    attorneys' fees under Section 505 of the Copyright Act.  Because *Kirtsaeng* is controlling

4    authority regarding Oracle's pending Motion for Attorneys' Fees and Costs, ECF No. 917

5    ("Motion" or "Mot."), Oracle files this Notice of Supplemental Authority.

6    In *Kirtsaeng*, the Court reversed a denial of attorneys' fees to Supap Kirtsaeng.  The

7    Court had ruled in Mr. Kirtsaeng's favor on the merits of his copyright claim in 2013 in a case

8    regarding the Copyright Act's first-sale doctrine.  *Kirtsaeng* at 1-2.  On remand, the district court

9    then denied Mr. Kirtsaeng's application for attorneys' fees on grounds that the lawsuit against

10   him had been objectively reasonable under then-current Second Circuit law, *id.* at 2-3, and that

11   "the imposition of a fee award against a copyright holder with an objectively reasonable—

12   although unsuccessful—litigation position will generally not promote the purposes of the

13   Copyright Act," *id.* at 3 (internal quotation marks omitted).  The Second Circuit affirmed.  *Id.*

14   The Supreme Court vacated the Second Circuit's opinion, directing that court on remand

15   to evaluate Mr. Kirtsaeng's fee motion by "giving substantial weight to the reasonableness of

16   Wiley's litigating position, but also taking into account all other relevant factors."  *Id.* at 12.

17   *Kirtsaeng* also offered two specific examples where "a court may award fees even though the

18   losing party offered reasonable arguments":

19       For example, a court may order fee-shifting because of a party's litigation
         misconduct, whatever the reasonableness of his claims or defenses. . . . Or a court
20       may do so to deter repeated instances of copyright infringement or overaggressive
         assertions of copyright claims, again even if the losing position was reasonable in
21       a particular case.

22   *Id.* at 10-11 (internal citation omitted).  *Kirtsaeng* also confirmed that a fee award that exceeds

23   the amount of damages awarded serves the purposes of the Copyright Act:  "When a litigant—

24   whether plaintiff or defendant—is clearly correct, the likelihood that he will recover fees from

25   the opposing (i.e., unreasonable) party gives him an incentive to litigate the case all the way to

26   the end. . . . even if the damages at stake are small."  *Id.* at 7.

27   *Kirtsaeng* supports Oracle's application for attorneys' fees under 17 U.S.C. § 505 for

28   three reasons.  First, Rimini's systemic advancement of objectively unreasonable factual and

1

ORACLE'S NOTICE OF SUPP. AUTH. RE  MOT. FOR COSTS AND ATTYS.' FEES

1  legal positions substantially weighs in Oracle's favor. *Compare Kirtsaeng* at 6-7, 12 *with* Mot.

2  at 2-7, 10-12 (summarizing Rimini's objectively unreasonable positions and conduct) *and*

3  May 25, 2016 Hearing Tr. at 18:17-21:4 (same).  Second, other relevant factors such as Rimini's

4  litigation misconduct, Mot. at 2-7, deterrence of future infringement (including by repeat

5  infringers), *id.* at 11, incentivizing innovators to protect their intellectual property, *id.* at 12, and

6  the need to fully compensate Oracle, *id.* at 10, 13, all weigh in Oracle's favor; the first two such

7  factors, litigation misconduct and deterrence, are grounds that would independently support a fee

8  award. *See Kirtsaeng* at 4 (discussing additional factors identified in *Fogerty v. Fantasy, Inc.*,

9  510 U.S. 517, 534 n.19 (1994)); *Kirtsaeng* at 10-11 (identifying litigation misconduct and

10  deterrence as independent grounds for a fee award).  Third, Oracle's requested fee award may

11  permissibly exceed the damages awarded in this case.  *Id.* at 7.

12       *Kirtsaeng* also disposes of Rimini's arguments against a fee award.  Rimini's primary

13  ground for opposing Oracle's Motion was that the jury's advisory finding of innocent

14  infringement outweighed all other potentially relevant factors, and that a finding of willfulness

15  was in fact required to support an award attorneys' fees.  Opp'n to Oracle's Mot. for Attys.' Fees

16  and Costs, ECF No. 998 ( "Opp'n") at 1, 9-11, 12, 13 & n.2, 16, 19; May 25, 2016 Hearing Tr. at

17  41:4-7 ("Our position, Your Honor, is that the finding by the jury that Rimini Street's

18  infringement, in its exoneration of Mr. Ravin for any copyright liability, is alone sufficient to

19  award denial of attorneys' fees.").  Rimini is wrong: *Kirtsaeng*, like its predecessors, makes no

20  such pronouncement—determinations of innocence and willfulness in the context of statutory

21  damages are not identified as relevant factors *at all*, let alone as gatekeeping factors for a

22  discretionary fee award under § 505.  The issue of a defendant's willfulness turns on the party's

23  state of mind at the time of infringement, while *Kirtsaeng* instructs that a court should examine

24  the losing party's "litigating position," which largely involves conduct *after* the infringement at

25  issue. *Kirtsaeng* at 6.  Rimini wrongly asserts that a party that has not engaged in willful

26  infringement is free to engage in the sort of obstructionist litigation tactics Rimini employed here,

27  including destroying evidence, asserting baseless counterclaims, advancing baseless

28  infringement defenses that were disposed of at summary judgment, and defeating part of a

2

1  summary judgment motion by arguing that Rimini used JD Edwards and Siebel software only for

2  archival purposes and then immediately conceding at trial that this position was untrue.  *See* Mot.

3  at 2-7.  Under *Kirtsaeng*, the reasonableness (or lack thereof) of these litigation positions is

4  important in determining whether a fee should be awarded.  *See Kirtsaeng* at 6-7.

5      *Kirtsaeng* makes clear that Rimini's objectively unreasonable factual and legal positions

6  throughout the litigation, Rimini's litigation misconduct, and the need for deterrence, would

7  each, alone, be sufficient to support a fee award under *Kirtsaeng*; the other factors identified by

8  Oracle further support an award here.

9

10      Dated:  June 17, 2016

11                                      MORGAN, LEWIS & BOCKIUS LLP

12                                      By:        /s/ Thomas S. Hixson
13                                               Thomas S. Hixson
                                                 Attorneys for Plaintiffs
14                                               Oracle USA, Inc.,
                                                 Oracle America, Inc. and
15                                               Oracle International Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

3