# EXHIBIT A
# Rimini's Notice of Supplemental Authority

| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>B. Trent Webb, Esq. (*pro hac vice*)<br>Peter Strand, Esq. (*pro hac vice*)<br>Ryan D. Dykal, Esq. (*pro hac vice*)<br>2555 Grand Boulevard<br>Kansas City, MO 64108-2613<br>Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547<br>bwebb@shb.com<br><br>Robert H. Reckers, Esq. (*pro hac vice*)<br>600 Travis Street, Suite 1600<br>Houston, TX 77002<br>Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508<br>rreckers@shb.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>Mark A. Perry (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8500<br>mperry@gibsondunn.com<br><br>Blaine H. Evanson (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7228<br>bevanson@gibsondunn.com | HOWARD & HOWARD PLLC<br>W. West Allen (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, Nevada 89169<br>Telephone: (702) 667-4843<br>Facsimile: (702) 567-1568<br>wwa@h2law.com<br><br>LEWIS ROCA ROTHGERBER CHRISTIE LLP<br>Daniel Polsenberg (Nevada Bar No. 2376)<br>Joel Henriod (Nevada Bar No. 8492)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169<br>Telephone: (702) 949-8200<br>dpolsenberg@lrrc.com<br><br>RIMINI STREET, INC.<br>Daniel B. Winslow (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566<br>Telephone:  (925) 264-7736<br>dwinslow@riministreet.com<br><br>John P. Reilly (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: (336) 908-6961<br>jreilly@riministreet.com |

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>    Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING ORACLE'S MOTION FOR ATTORNEYS' FEES AND COSTS (DKT. NO. 917)**<br><br>Judge:  Hon. Larry R. Hicks |

Gibson, Dunn & Crutcher LLP

On June 16, 2016, in *Kirtsaeng v. John Wiley & Sons, Inc.*, No. 15-375, 2016 WL 3317564, the Supreme Court of the United States clarified the standard for determining whether any attorneys' fees at all should be awarded to a prevailing party under Section 505 of the Copyright Act. The Court reaffirmed its holding in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), that "a district court may not 'award[] attorney's fees as a matter of course.'" *Kirtsaeng*, No. 15-375, at 4 (quoting *Fogerty*, 510 U.S. at 533). Indeed, the Court noted that fees are awarded to prevailing parties in only about *half* of all copyright cases. *Id.* at 10 n.3. The Court also held that in deciding whether to award fees, courts should give "substantial weight to the reasonableness" of the losing party's position, and also take "into account all other relevant factors," known as the *Fogerty* factors. *Id.* at 12.

***Kirtsaeng* Confirms that the Court Must Consider All the Relevant *Fogerty* Factors.** The Court held in *Kirtsaeng* that in addition to "giv[ing] substantial weight to the objective reasonableness of the losing party's position," "the court must also give due consideration to all other circumstances relevant to granting fees." No. 15-375 at 1. There is therefore no question that the factors the Supreme Court identified in *Fogerty* govern this Court's analysis in determining whether to award any attorneys' fees at all. At the hearing on its motion for fees, Oracle did not even *mention* the *Fogerty* case or any of its relevant factors. Oracle ignores this framework because each and every factor weighs decidedly *against* an award, including: (i) degree of success (*see McNamara v. Universal Commercial Servs., Inc.*, 2008 WL 4772709, at *1 (D. Or. Oct. 27, 2008) (denying fees where plaintiff prevailed, but only in part, and obtained damages, but only a fraction of what it sought)); (ii) deterrence (*see* U.S. Dep't of Commerce, White Paper on Remixes, First Sale, and Statutory Damages, U.S. Patent & Trademark Office, 91 (Jan. 2016) (innocent infringers "will not need to be deterred from future infringements")); and (iii) compensation (*see Fogerty*, 510 U.S. at 524 (distinguishing "corporate behemoth" that can afford to finance copyright lawsuits and a "starving artist" who would be discouraged from protecting copyrights due to the threat of attorneys' fees)), as well as additional factors Oracle has not even attempted to satisfy. *See* Dkt. 1006 at 18 n.5.

**The Court Must Give "Substantial Weight" to Whether Rimini's Defenses to Infringement Were Objectively Reasonable.** The jury's finding of innocent infringement established—beyond any doubt—that Rimini's defenses to infringement were objectively reasonable, and the Court is required

Gibson, Dunn & Crutcher LLP

1

under *Kirtsaeng* to give "substantial weight" to that finding in determining whether to award fees. The verdict in this case includes the factual finding that Rimini did not know, and had no reason to know, that its conduct was unlawful. It was therefore by definition objectively reasonable for Rimini to defend against Oracle's contentions of *intentional* and *willful* infringement that were ultimately rejected by the jury. As the Court explained in *Kirtsaeng*, "[t]he objective-reasonableness approach . . . encourages parties with strong legal positions to stand on their rights." No. 15-375 at 6–7.

**Oracle Mischaracterizes *Kirtsaeng*.** Oracle argues that a *single* factor—either "litigation misconduct" or "deterrence"—is "*alone* . . . sufficient to support a fee award under *Kirtsaeng*" (Dkt. 1042-1 at 3 (emphasis added)), but that is patently false. Indeed, the central holding of *Kirtsaeng* is that no one factor is dispositive (even objective reasonableness), which is also consistent with longstanding Ninth Circuit authority cited in Rimini's opposition brief and ignored by Oracle. *See Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) (no fees where only one factor weighed in favor of a fee award). In *Kirtsaeng*, the Court referenced litigation misconduct and deterrence *not* as examples of potentially dispositive factors, but rather as examples of instances in which the objective reasonableness of a defendant's case may be outweighed by other factors. Here, because every single factor weighs *against* an award of fees, Oracle's motion should be denied.

**Discovery Disputes Are Not Litigation Misconduct.** Oracle also completely misconstrues the meaning of "litigation misconduct" under *Kirtsaeng*, relying instead on an untenable definition that would result in a fee award in every case. For example, Oracle's definition of "litigation misconduct" includes the fact that Rimini asserted claims and defenses on which it ultimately lost, which is true in every single case involving a prevailing plaintiff. *See* Dkt. 1042-1 at 2 (classifying "baseless counterclaims" and "defenses" as "obstructionist litigation tactics"). Oracle's examples of isolated discovery disputes are, as Rimini demonstrated in its opposition brief (Dkt. 1006 at 4–6), factually baseless, and are in any event properly analyzed under Federal Rule of Civil Procedure 37, not § 505 of the Copyright Act. Oracle has cited to no case where attorneys' fees were awarded under the Copyright Act based on a party's discovery positions or the fact that there was a spoliation finding. *Cf. Phillip M. Adams & Assocs. v. Dell Comput. Corp.*, 519 F. App'x 998, 1007–08 (Fed. Cir. 2013) (rejecting fee request under Patent Act based on accusations of "litigation misconduct"

1  notwithstanding spoliation finding because award would "impos[e] two different penalties for the same conduct"). Oracle points to nothing that even approximates litigation misconduct, and even if there were such misconduct, it would be only one factor for the Court to consider.

**This Court May Not Impose a Fee Award in Order to Deter Mr. Ravin or Rimini.** Oracle likewise mischaracterizes the *Kirtsaeng* decision when it argues that "deterrence" "alone" could justify a fee award. Dkt. 1042-1 at 3. Deterrence is one factor among many, and it may be relevant where a party engaged in "repeated instances of copyright infringement or overaggressive assertions of copyright claims." *Kirtsaeng*, No. 15-375, at 11. Here, this Court *cannot*, as a matter of law, deter Mr. Ravin with an award of attorneys' fees under § 505 because he was held *not liable* for infringement and Oracle is therefore not a prevailing party against him. *See* Dkt. 896 at 5. In addition, there is no need to deter Rimini, an innocent infringer, with a fee award. *See* U.S. Dep't of Commerce, White Paper, *supra*, at 91 (innocent infringers "will not need to be deterred from future infringements"). Oracle contends the innocent infringement finding is "advisory" (Dkt. 1042-1 at 2), but that too is false; to the contrary, a jury's factual findings "bind this Court" under the Seventh Amendment. *L.A. Police Prot. League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) ("the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations").

The Court confirmed in *Kirtsaeng* that only about half (60% of plaintiffs and 53% of defendants) of prevailing parties are awarded fees under the Copyright Act in non-default judgment cases. No. 15-375, at 10 n.3. And this is not one of the half of cases where fees are warranted. An attorneys' fees award in this case would be completely unprecedented; never has a court imposed a fee award on an innocent infringer. There is simply no legitimate reason for this Court to be the first to do so in this case. *Cf. eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 394–95 (2006) (Roberts, C.J.) ("a major departure from the long tradition of equity practice should not be lightly implied").

DATED:   June 21, 2016           GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Blaine H. Evanson*
       Blaine H. Evanson

*Attorneys for Defendants*