| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>5301 Wisconsin Ave, NW<br>Washington, DC 20015<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: 415.442.1000<br>Facsimile: 415.442.1001<br>thomas.hixson@morganlewis.com<br>kristen.palumbo@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING ITS MOTION FOR COSTS AND ATTORNEYS' FEES (ECF NO. 917).** |

ORACLE'S NOTICE OF SUPP. AUTH. RE MOT. FOR COSTS AND ATTYS.' FEES

On June 16, 2016, the Supreme Court decided *Kirtsaeng v. John Wiley & Sons, Inc.*, Case No. 15–375, 2016 WL 3317564, clarifying how courts should evaluate applications for attorneys' fees under Section 505 of the Copyright Act. Because *Kirtsaeng* is controlling authority regarding Oracle's pending Motion for Attorneys' Fees and Costs, ECF No. 917 ("Motion" or "Mot."), Oracle files this Notice of Supplemental Authority.

In *Kirtsaeng*, the Court reversed a denial of attorneys' fees to Supap Kirtsaeng. The Court had ruled in Mr. Kirtsaeng's favor on the merits of his copyright claim in 2013 in a case regarding the Copyright Act's first-sale doctrine. *Kirtsaeng* at 1-2. On remand, the district court then denied Mr. Kirtsaeng's application for attorneys' fees on grounds that the lawsuit against him had been objectively reasonable under then-current Second Circuit law, *id.* at 2-3, and that "the imposition of a fee award against a copyright holder with an objectively reasonable— although unsuccessful—litigation position will generally not promote the purposes of the Copyright Act," *id.* at 3 (internal quotation marks omitted). The Second Circuit affirmed. *Id.*

The Supreme Court vacated the Second Circuit's opinion, directing that court on remand to evaluate Mr. Kirtsaeng's fee motion by "giving substantial weight to the reasonableness of Wiley's litigating position, but also taking into account all other relevant factors." *Id.* at 12. *Kirtsaeng* also offered two specific examples where "a court may award fees even though the losing party offered reasonable arguments":

> For example, a court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his claims or defenses. . . . Or a court may do so to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims, again even if the losing position was reasonable in a particular case.

*Id.* at 10-11 (internal citation omitted). *Kirtsaeng* also confirmed that a fee award that exceeds the amount of damages awarded serves the purposes of the Copyright Act: "When a litigant— whether plaintiff or defendant—is clearly correct, the likelihood that he will recover fees from the opposing (i.e., unreasonable) party gives him an incentive to litigate the case all the way to the end. . . . even if the damages at stake are small." *Id.* at 7.

*Kirtsaeng* supports Oracle's application for attorneys' fees under 17 U.S.C. § 505 for three reasons. First, Rimini's systemic advancement of objectively unreasonable factual and

1

1  legal positions substantially weighs in Oracle's favor.  *Compare Kirtsaeng* at 6-7, 12 *with* Mot.
2  at 2-7, 10-12 (summarizing Rimini's objectively unreasonable positions and conduct) *and*
3  May 25, 2016 Hearing Tr. at 18:17-21:4 (same).  Second, other relevant factors such as Rimini's
4  litigation misconduct, Mot. at 2-7, deterrence of future infringement (including by repeat
5  infringers), *id.* at 11, incentivizing innovators to protect their intellectual property, *id.* at 12, and
6  the need to fully compensate Oracle, *id.* at 10, 13, all weigh in Oracle's favor; the first two such
7  factors, litigation misconduct and deterrence, are grounds that would independently support a fee
8  award.  *See Kirtsaeng* at 4 (discussing additional factors identified in *Fogerty v. Fantasy, Inc.*,
9  510 U.S. 517, 534 n.19 (1994)); *Kirtsaeng* at 10-11 (identifying litigation misconduct and
10  deterrence as independent grounds for a fee award).  Third, Oracle's requested fee award may
11  permissibly exceed the damages awarded in this case.  *Id.* at 7.
12       *Kirtsaeng* also disposes of Rimini's arguments against a fee award.  Rimini's primary
13  ground for opposing Oracle's Motion was that the jury's advisory finding of innocent
14  infringement outweighed all other potentially relevant factors, and that a finding of willfulness
15  was in fact required to support an award attorneys' fees.  Opp'n to Oracle's Mot. for Attys.' Fees
16  and Costs, ECF No. 998 ( "Opp'n") at 1, 9-11, 12, 13 & n.2, 16, 19; May 25, 2016 Hearing Tr. at
17  41:4-7 ("Our position, Your Honor, is that the finding by the jury that Rimini Street's
18  infringement, in its exoneration of Mr. Ravin for any copyright liability, is alone sufficient to
19  award denial of attorneys' fees.").  Rimini is wrong:  *Kirtsaeng*, like its predecessors, makes no
20  such pronouncement—determinations of innocence and willfulness in the context of statutory
21  damages are not identified as relevant factors *at all*, let alone as gatekeeping factors for a
22  discretionary fee award under § 505.  The issue of a defendant's willfulness turns on the party's
23  state of mind at the time of infringement, while *Kirtsaeng* instructs that a court should examine
24  the losing party's "litigating position," which largely involves conduct *after* the infringement at
25  issue.  *Kirtsaeng* at 6.  Rimini wrongly asserts that a party that has not engaged in willful
26  infringement is free to engage in the sort of obstructionist litigation tactics Rimini employed here,
27  including destroying evidence, asserting baseless counterclaims, advancing baseless
28  infringement defenses that were disposed of at summary judgment, and defeating part of a

summary judgment motion by arguing that Rimini used JD Edwards and Siebel software only for archival purposes and then immediately conceding at trial that this position was untrue.  *See* Mot. at 2-7.  Under *Kirtsaeng*, the reasonableness (or lack thereof) of these litigation positions is important in determining whether a fee should be awarded.  *See Kirtsaeng* at 6-7.

    *Kirtsaeng* makes clear that Rimini's objectively unreasonable factual and legal positions throughout the litigation, Rimini's litigation misconduct, and the need for deterrence, would each, alone, be sufficient to support a fee award under *Kirtsaeng*; the other factors identified by Oracle further support an award here.

Dated:   June 24, 2016

MORGAN, LEWIS & BOCKIUS LLP

By:     /s/ Thomas S. Hixson
Thomas S. Hixson
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation

# CERTIFICATE OF SERVICE

I certify that on June 24, 2016, I electronically transmitted the foregoing **ORACLE'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING ITS MOTION FOR COSTS AND ATTORNEYS' FEES (ECF NO. 917)** together with Exhibit A to the Clerk's Office using the Electronic Filing System pursuant to Local Rules Section 1C.

Dated: June 24, 2016

Morgan, Lewis & Bockius LLP

By: /s/ *Thomas Hixson*
Thomas Hixson
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation