SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

HOWARD & HOWARD
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wallen@howardandhoward.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S OBJECTIONS TO ORACLE'S PROPOSED ORDERS; AND DEFENDANTS' ALTERNATIVE PROPOSED ORDERS**<br><br>Judge:   Hon. Larry R. Hicks |

## I. INTRODUCTION

On September 21, 2016, the Court issued an order granting in part and denying in part Oracle's post-trial motions. (Dkt. 1049.) The Court directed Oracle to submit only two proposed implementing orders: (1) Oracle was directed "to prepare an appropriate permanent injunction that complies with the court's order" and submit it within 10 days, and (2) Oracle was directed "to prepare an appropriate order setting prejudgment interest that complies with the court's order" and submit it within 10 days. (Dkt. 1049 at 22.) On September 23, 2016, Oracle filed (1) a proposed order of permanent injunction, (2) proposed findings of fact, and (3) a proposed final judgment including but not limited to a calculation of prejudgment interest. (Dkts. 1052, 1053, 1054.)

Where, as here, the Court has directed one party (Oracle) to submit a proposed order, the Local Rules expressly authorize the other party (Rimini) to submit an alternative proposed order. *See* L.R. 7-2(f) ("Opposing parties ... may file a competing proposed order within three days of being served with notice that the prevailing party filed its proposed order"). Similarly, the Court has effectively extended this rule to the form of final judgment in this case. (Dkt. 899 ("The parties will submit a joint proposed final judgment form or, if they cannot agree, competing proposed final judgments, within 5 days of disposition of all post-trial motions") (entered as an order by Dkt. 903).) These authorities necessarily contemplate that the opposing party may also inform the Court of its objections to (or, in the words of the Local Rule, "reasons for disapproval" of) the order proposed by the other side.

Pursuant to these authorities, Defendants Rimini Street, Inc. and Seth Ravin (collectively, "Rimini") set forth below their objections to the three documents submitted by Oracle on September 23, 2016, and include herewith alternative proposed orders on the permanent injunction and prejudgment interest that, unlike Oracle's, comply with the Court's September 21, 2016 order. Rimini is not submitting at this time a proposed form of final judgment because, as the parties have previously agreed, the separate document required by Rule 58 cannot be prepared until all post-trial motions have been finally disposed of. (*See* Dkt. 899.) Once the Court enters orders on the permanent injunction and prejudgment interest, the parties will have five days to submit a joint (or competing) form of final judgment. (Dkt. 903.)

## II.     ARGUMENT

Local Rule 7-2(f) required Oracle to serve its proposed orders on Rimini at least three days before submitting them to the Court:

> If the court instructs a prevailing party to file a proposed order, the prevailing party must serve the proposed order on all opposing parties or attorneys for approval as to form.  The opposing parties (or, if represented by counsel, their attorneys) then have three days after service of the proposed order to notify the prevailing party of any reason for disapproval; failure to notify the prevailing party within three days of any reason for disapproval will be deemed an approval.  The prevailing party must then file the order with the word PROPOSED in the title and must certify to the court that it served the proposed order and that three days have passed and state any reasons for disapproval received (or that none were received).  Opposing parties who have timely served reasons for disapproval may file a competing proposed order within three days of being served with notice that the prevailing party filed its proposed order.

L.R. 7-2(f).

Oracle's submission of the proposed orders (including the proposed final judgment) plainly violated Local Rule 7-2 in multiple ways.  Oracle did not "serve the proposed order[s]" on Rimini "for approval as to form."  *Id.*  It just filed them.  Nor did it give Rimini "three days after service … to notify" Oracle "of any reason for disapproval."  *Id.*  And Oracle's filings to the Court did not "certify to the court that it served the proposed order and that three days have passed and state any reasons for disapproval received."  *Id.*

On September 23, 2016, Rimini sent a letter to Oracle's counsel reminding them of their obligations under Local Rule 7-2 (which, of course, they were obligated to comply with regardless). *See* Decl. of Mark A. Perry, Exh. A.  At approximately the same time as this letter was transmitted, Oracle submitted its proposed orders using the CM/ECF system.  *Id.* ¶¶ 3-4.  Rimini immediately contacted Oracle's lead counsel, reiterated that these submissions were in violation of the Local Rules and this Court's orders, and requested withdrawal of the submissions.  *See id.*, Exh. B.  Oracle replied the next day and refused to withdraw the submissions, claiming, without citation to authority, that there was no "basis for any further meet and confer."  *Id.*, Exh. C.

Local Rule 7-2(f) was adopted to prevent exactly what Oracle is trying to do here—the submission of proposed orders without the other side having adequate opportunity to object or submit an alternative proposal.  The Court has an orderly process in place to guide the conduct of all civil

litigants designed, in part, to reduce the number of disputes that must ultimately be resolved by the Court.  Oracle has indicated that it was aware of these requirements, but unilaterally chose not to follow them here.  Oracle should not be exempt, however, from the rules of orderly procedure.

Given that Oracle has taken the position that it does not wish to meet and confer on the proposed orders, Rimini proceeds herein to set forth its objections to Oracle's tripartite submission, and submits alternative proposed orders to implement the Court's September 21 order as requested and consistent with the Local Rules.

**A.     Oracle's Proposed Order of Permanent Injunction Does Not Comply With The Court's Order**

The Court's September 21, 2016 order directed Oracle "to prepare an appropriate permanent injunction that complies with the court's order." (Dkt. 1049 at 22.)  Rather than comply with this directive, Oracle cut-and-pasted the prohibitory paragraphs from the injunction it previously proposed in October 2015 in connection with its original injunction motion.  (*See* Dkt. 900-1.)  While Oracle omitted the "disposition" language that this Court expressly rejected, it otherwise reproduced the proposed order verbatim.  (*Compare id.*, *with* Dkt. 1052-1.)  Indeed, Oracle has acknowledged that there was no "substantive change" between the two documents.  Perry Decl., Exh. C.

Rimini has previously explained at length the legal, factual, and practical problems with Oracle's proposed order of permanent injunction.  (*See* Dkt. 906 at 18-25.)  Rimini adopts those points by reference and will not repeat all of them here.  A unifying theme of these concerns, however, was that Oracle was attempting to reach conduct that was not adjudicated in the first case (*Rimini I*), and/or that is the subject of ongoing litigation in the second case (*Rimini II*).  (*See*, *e.g.*, *id.* at 19 ("Oracle attempts to leverage its narrow verdict with respect to Rimini processes that violated Oracle's reproduction rights into a sweeping prohibition against conduct never adjudicated by the Court or the jury.  That includes conduct that the Court, at Oracle's urging, confined to *Rimini II*.").)

The Court recognized in its September 21 order the legal and equitable requirement that any injunction must be limited to the conduct adjudicated to have been infringing, and the works adjudicated to have been infringed, in *Rimini I*.  Indeed, the September 21 order repeatedly indicates that the Court determined to issue an injunction that would be limited in just this way.  For example,

the Court said that "Rimini does not have a separate legitimate purpose for *continuation of the infringing acts*"; that "Oracle seeks to enjoin *only acts that have already been determined to be unlawful*"; and that the injunction inquiry is focused on "the *conduct adjudged by the court and jury to infringe Oracle's copyrights*." (Dkt. 1049 at 6, 8, emphases added.)

Oracle's proposed order of permanent injunction, however, does not take this mandate into account. Oracle's proposed order, on its face, is not limited to the conduct that was adjudicated to have been infringing in *Rimini I*—as it previously admitted at the hearing on the motion. (Dkt. 1040.) Rather, Oracle has submitted a document with vague and amorphous prohibitions that do not comply with the specificity requirement of Rule 65(d). This approach, if accepted by the Court, would allow Oracle to initiate unnecessary "contempt" proceedings based on conduct that indisputably was not at issue in *Rimini I*, including practices that are at issue in *Rimini II*. That possibility alone highlights the impropriety of Oracle's proposed order. And there are many more problems with it, as detailed in the attached annotated version of Oracle's proposed injunction, which graphically illustrates particularly objectionable aspects of Oracle's proposed injunction. *See* Exh. 1 (specific objections to Oracle's proposed injunction).

To be clear: Rimini continues to object to entry of *any* injunction at all, for reasons it has previously explained at length. (Dkt. 906; *see also* Dkt. 1040 (transcript of injunction hearing).) In light of the September 21 order, however, Rimini has prepared an alternative form of proposed injunction that directly tracks the conduct adjudicated by the Court and jury as necessary to the forthcoming judgment in *Rimini I*. *See* Exh. 2 (Defendants Rimini Street, Inc.'s and Seth Ravin's [Proposed] Order on Oracle's Motion for a Permanent Injunction). Rimini respectfully submits that since this Court has concluded that a permanent injunction should issue, the form of injunction should be the one proposed by Rimini rather than by Oracle.

B.   **Oracle's Proposed Findings of Fact Do Not Comply With The Court's Order**

The Court's September 21 order directed Oracle to make two submissions: (1) a proposed order of permanent injunction, and (2) a proposed order setting prejudgment interest. The Court did not direct, or authorize, Oracle to submit proposed findings of fact. The September 21 order itself sets forth the Court's reasons for issuing a permanent injunction. *See* Fed. R. Civ. P. 65(d)(1). What

remains to be specified are the terms of the injunction as well as the particular acts restrained. *Id.* That is what the Court asked Oracle to propose, as Oracle itself recognized by stripping out the proposed findings from the injunction order itself. (*Compare* Dkt. 900-1, *with* Dkt. 1052-1.) Accordingly, the Court should disregard Oracle's proposed findings of fact.

Moreover, Oracle's proposed findings are rife with errors. Rimini has previously enumerated its objections to these proposed findings and incorporates them by reference here. (Dkt. 906, Appendix.) The Court would have to resolve these objections if it were inclined to consider Oracle's proposed findings. And to what end? The Court has already made its decision. Oracle's submission is an improper attempt to substitute Oracle's own one-sided and biased views of the facts for those the Court has already set forth in its order.

**C.     Oracle's Proposed Form of Final Judgment Does Not Comply With The Court's Order**

The Court's September 21 order directed Oracle "to prepare an appropriate order setting prejudgment interest that complies with the court's order." (Dkt. 1049 at 22.) Rather than doing what the Court instructed, and submitting an order calculating prejudgment interest, Oracle chose to submit a form of final judgment. Oracle apparently assumes that the Court will adopt all of its proposed orders *verbatim*, and that Rimini should be given no opportunity to participate in the process. But Oracle violated a series of court orders and rules in acting on that assumption.

On October 13, 2015, the Court entered a minute order stating that "final judgment is to be entered upon ruling of pending claims for Injunctive Relief and other post-trial motions." (Dkt. 893.) Pursuant to that minute order, the parties stipulated on October 19, 2015 that a single final judgment would be entered after disposition of all post-trial motions: "*The parties will submit a joint proposed final judgment form* or, if they cannot agree, competing proposed final judgments, within 5 days of disposition of all post-trial motions." (Dkt. 899 at 2, emphasis added.) The Court entered that stipulation as an order on October 22, 2015. (Dkt. 903 ("The court has reviewed the parties' stipulation and agrees with the parties' stipulation on … the final entry of judgment").) This procedure was adopted in advance by the parties, and approved by the Court, to prevent the very kind of dispute that has now arisen. Oracle has no excuse for not following the very procedure to which it—and the Court—previously agreed.

Further, Oracle's submission of a proposed final judgment violates Rule 58 of the Federal Rules of Civil Procedure. Rule 58 contemplates final judgments being directed by *the Court*; the Advisory Committee was explicit that parties should *not* propose final judgments unless directed to do so by the Court. *See* Fed. R. Civ. P. 58; *id.* 1963 adv. comm. notes ("Participation by the attorneys through the submission of forms of judgment involves needless expenditure of time and effort and promotes delay, except in special cases where counsel's assistance can be of real value. Accordingly, the amended rule provides that attorneys shall not submit forms of judgment unless directed to do so by the court." (citation omitted)). Here, the only order regarding the submission of final judgments was the Court's October 22, 2015 order (Dkt. 903)—which authorizes such a submission only after all post-trial motions have been disposed of.

The "disposition of all post-trial motions" (Dkt. 899) cannot and will not occur until the Court enters an order of permanent injunction pursuant to Rule 65(d) and an order setting prejudgment interest. Indeed, this Court's September 21 order did *not* direct Oracle to prepare a final judgment, but rather an order "setting prejudgment interest." (Dkt. 1049 at 22.) Oracle has failed to provide such an order as directed. Until such an order has been entered, no final judgment could be entered in this action.

In light of the rulings in the September 21 order, Rimini is submitting herewith a proposed order that complies with the Court's request for an order setting prejudgment interest. Exh. 3 (Defendants Rimini Street, Inc.'s and Seth Ravin's [Proposed] Order on Oracle's Motion for Prejudgment Interest). Rimini makes this submission whilst preserving its objections that the jury's verdict precludes any award of prejudgment interest and that, if any interest is awardable, it should be calculated using the Treasury rate for the week preceding entry of judgment. (*See* Dkt. 963.) Rimini also objects to the Court's inconsistent application of California and Nevada law in this and other respects. (*See* Dkt. 913 at 9-12.) With respect to the prejudgment interest calculations, Rimini notes that its figures do not materially differ from Oracle's (although Oracle has not stated through which date it calculated prejudgment interest), with the exception that Rimini has calculated a sum certain through the date of

the September 21 order and a daily rate thereafter to allow entry of a final judgment at the appropriate time.*

### III. CONCLUSION

For the foregoing reasons, the Court should not enter any of the proposed orders—the proposed order of permanent injunction, the proposed findings of fact, or the proposed form of final judgment—submitted by Oracle on September 23, 2016. (Dkts. 1052, 1053.) The Court's order of September 21, 2016 contemplates entry of two substantive orders: (1) an order of permanent injunction, and (2) an order setting prejudgment interest. (Dkt. 1049 at 22.) As to both, Rimini respectfully requests that the Court enter the alternative orders proposed by Rimini. *See* Exhs. 2 & 3. Once these orders have been entered, the parties can consult on a joint (or competing) form of final judgment pursuant to the Court's previous order on this subject. (Dkt. 903.)

DATED: September 26, 2016          GIBSON, DUNN & CRUTCHER LLP

                                   By:  *Mark A. Perry*
                                        Mark A. Perry
                                   *Attorneys for Defendants*

---

\* While the form of final judgment is not properly before the Court at this time, Mr. Ravin cannot lawfully be made jointly and severally liable for the entire fee award because he was not found liable for copyright infringement.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2016, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By:   *Mark A. Perry*
      Mark A. Perry

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*