# EXHIBIT 1

SHOOK, HARDY & BACON LLP
B. Trent Webb, Esq. (*pro hac vice*)
Peter Strand, Esq. (*pro hac vice*)
Ryan D. Dykal, Esq. (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
bwebb@shb.com

Robert H. Reckers, Esq. (*pro hac vice*)
600 Travis Street, Suite 1600
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

HOWARD & HOWARD
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wallen@howardandhoward.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S SPECIFIC OBJECTIONS TO ORACLE'S PROPOSED INJUNCTION**<br><br>Judge:   Hon. Larry R. Hicks |

**Specific Objections to Oracle's Proposed Injunction**

Rimini Street, Inc. and Seth Ravin (together, "Rimini") hereby submit the following objections to Oracle's proposed injunction. Oracle's injunction is fatally flawed for several important reasons, most critically that it (i) fails to provide Rimini with adequate notice of what conduct is enjoined because it is unduly vague and overbroad, and (ii) prohibits conduct beyond the scope of what the Court and jury determined to be unlawful in this action. *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1047 (9th Cir. 2006) (Rule 65 is meant to "prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood"). Rimini respectfully requests that the Court issue its draft injunction and invite the parties' comments and objections, consistent with the procedure the Court followed during trial in connection with the jury instructions and verdict form. *See* Dkt. 906 at 2, 25 (requesting this process).

For the convenience of the Court, Rimini's specific objections are listed below and interlineated in Oracle's proposed injunction. To the extent they are not included herein, these objections are in addition to those made in Rimini's opposition to Oracle's motion for a permanent injunction (Dkt. 906) and at the hearing on that motion (Dkt. 1040), as well as all other objections and arguments on record in this action.

1. Objection 1: This language is vague and overbroad, fails to provide adequate notice of what conduct is enjoined, and would create uncertainty and confusion. *See* Dkt. 906 at 18-19.
2. Objection 2: Vague and overbroad in that it requires notice to persons based on the prohibited acts. The provision should require notice to persons directly involved in support for the specific products.
3. Objection 3: This language goes beyond the scope of the Court's September 21, 2016 order.
4. Objection 4: This language seeks to rewrite and expand the restrictions in the licenses, which do not refer to specific conduct that is permitted.
5. Objection 5: Impermissible obstacle to competition. If conduct is licensed, there is no requirement to affirm it in writing.

6. <u>Objection 6</u>:  There was no evidence before the Court or jury to support a finding that Rimini Street infringed a derivative work right with respect to software and documentation.  *See* Dkt. 906 at 20-21.

7. <u>Objection 7</u>:  The term "specific licensee's own computer systems" is vague and undefined, and used by Oracle beyond the scope of the Court's summary judgment orders.  *See* Dkt. 906 at 21-22.

8. <u>Objection 8</u>:  The injunction uses the overbroad and undefined contractual term "internal data processing operations."  *See* Dkt. 906 at 22-23.

9. <u>Objection 9</u>:  The injunction uses the vague and undefined term "benefit."

10. <u>Objection 10</u>:  Distribution to a specific licensee of materials that Rimini downloads for that licensee is permitted.

11. <u>Objection 11</u>:  Attempts to enjoin conduct not prohibited by state law.

12. <u>Objection 12</u>:  Outside the scope of the Court's June 13, 2016 order, which found that the use of automated tools in violation of the applicable website terms of use violated the CDAFA.

13. <u>Objection 13</u>:  The Court's findings with respect to the CDAFA were with respect to Rimini's manner of downloading, and not the use of, downloaded materials.

14. <u>Objection 14</u>:   The proposed injunctions prohibitions on "access" and "use" go beyond the exclusive rights of the Copyright Act.

15. <u>Objection 15</u>:  There was no evidence before the Court or jury to support a finding that Rimini accesses Siebel software source code.

I. **INJUNCTION PURSUANT TO 17 U.S.C. § 502 (a)**

Good cause being shown, the Court permanently enjoins and restrains Defendant Rimini Street, Inc. and its subsidiaries, affiliates, employees, directors, officers, principals, and agents (collectively, "Rimini") as follows:

1. Rimini Street, Inc. shall provide notice of this Section 502 Order to all subsidiaries, affiliates, employees, directors, officers, principals, and agents that may have any involvement whatsoever in reproducing, preparing derivative works from, or distributing PeopleSoft, JD Edwards, Siebel, or Oracle Database software or documentation.

2. Rimini shall not reproduce, prepare derivative works from, or distribute PeopleSoft, JD Edwards, or Siebel software or documentation in any way unless both of the following conditions are met:

    (a) Rimini shall not reproduce, prepare derivative works from, or distribute PeopleSoft, JD Edwards, or Siebel software or documentation unless solely in connection with work for a specific customer that has affirmed in writing that the customer holds a valid, written license agreement for the particular PeopleSoft, JD Edwards, or Siebel software and documentation authorizing Rimini's specific conduct; and

    (b) Rimini shall not reproduce, prepare derivative works from, or distribute PeopleSoft, JD Edwards, or Siebel software or documentation unless such conduct is consistent with the remaining terms of this Order.

   **A.  PeopleSoft**

3. Rimini shall not distribute PeopleSoft software or documentation or any derivative works created from or with PeopleSoft software or documentation;

4. Rimini shall not reproduce, prepare derivative works from, or use a specific licensee's PeopleSoft software or documentation other than to support the specific licensee's own internal data processing operations;

5. Rimini shall not reproduce, ==prepare derivative works from,== [Obj. 1, 3, 6] or ==use== [Obj. 14] PeopleSoft software or documentation on, with, or to any computer systems other than a ==specific licensee's own computer systems;== [Obj. 1, 3, 7]

6. Rimini shall not reproduce, ==prepare derivative works from,== [Obj. 1, 3, 6] or ==use== [Obj. 14] PeopleSoft software or documentation on one licensee's computer systems to support, troubleshoot, or perform development or testing for any other licensee, including, specifically, that Rimini shall not use a specific licensee's PeopleSoft environment to develop or test software updates or modifications for the ==benefit== [Obj. 1, 3, 9] of any other licensee;

B. **JD Edwards**

7. Rimini shall not ==distribute== [Obj. 1, 3, 10] JD Edwards software or documentation or ==any derivative works created from== [Obj. 1, 3, 6] or with JD Edwards software or documentation;

8. Rimini shall not reproduce, ==prepare derivative works from,== [Obj. 1, 6] or ==use== [Obj. 14] a specific licensee's JD Edwards software or documentation other than on a ==specific licensee's own computer systems;== [Obj. 1, 3, 7]

9. ==Rimini shall not copy or access JD Edwards software source code;== [Obj. 1, 3, 5, 14]

10. Rimini shall not reproduce, ==prepare derivative works from,== [Obj. 1, 3, 6] or ==use== [Obj. 14] JD Edwards software or documentation on, with, or to any computer systems other than a ==specific licensee's own computer systems,== [Obj. 1, 3, 7] ==except to create an unmodified copy of a specific licensee's software application and documentation for use by that specific licensee in the event that the production copy of the licensee's software is corrupted or lost;== [Obj. 1, 3]

11. Rimini shall not reproduce, ==prepare derivative works from,== [Obj. 1, 3, 6] or ==use== [Obj. 14] JD Edwards software or documentation on one licensee's computer systems to support, troubleshoot, or perform development or testing for any other licensee, ==including, specifically, that Rimini shall not use a specific licensee's JD Edwards environment== [Obj. 1, 3, 14] ==to develop or test software updates or modifications for the[benefit]of any other licensee;== [Obj. 1, 3, 9]

          **C.    Siebel**

12. Rimini shall not <mark>distribute</mark><sup>Obj. 1, 3, 10</sup> or <mark>prepare derivative works from</mark><sup>Obj. 1, 3, 6</sup> Siebel software or documentation;

13. <mark>Rimini shall not copy or</mark><sup>Obj. 1, 3, 5</sup> <mark>[access]</mark><sup>Obj.15</sup> <mark>Siebel software source code;</mark><sup>Obj. 14</sup>

14. Rimini shall not reproduce or <mark>use</mark><sup>Obj. 14</sup> Siebel software or documentation on, with, or to any computer systems other than a <mark>specific licensee's own computer systems,</mark><sup>Obj. 1, 3, 7</sup> except solely to:

    a. create un unmodified copy of a specific licensee's software application and documentation for the use of that specific licensee in the event that the production copy of the licensee's software is corrupted or lost;

    b. create an unmodified copy of a specific licensee's software application and documentation for emergency back-up purposes; or,

    c. create an unmodified copy of a specific licensee's software application and documentation for disaster recovery purposes and related testing;

15. Rimini shall not reproduce, <mark>prepare derivative works from,</mark><sup>Obj. 1, 3, 6</sup> or <mark>use</mark><sup>Obj.14</sup> Siebel software or documentation on one licensee's computer systems to support, troubleshoot, or perform development or testing for any other licensee, <mark>including, specifically, that</mark> <mark>Rimini shall not use a specific licensee's Siebel environment to develop or test</mark><sup>Obj. 1, 3, 9</sup> <mark>software updates or modifications for the [benefit] of any other licensee;</mark><sup>Obj. 1, 3, 9, 14</sup>

          **D.    Oracle Database**

16. Rimini shall not reproduce, <mark>prepare derivative works from,</mark><sup>Obj. 1, 3, 6</sup> or <mark>distribute</mark><sup>Obj. 1, 3, 10</sup> Oracle Database software.

## II.    INJUNCTION PURSUANT TO CDAFA

Good cause being shown, the Court permanently enjoins and restrains Defendant Seth Ravin, Defendant Rimini Street, and the subsidiaries, affiliates, employees, directors, officers, principals, and agents of either of them ("Rimini and Ravin"):

1. Rimini Street, Inc. and Seth Ravin shall provide notice of this CDAFA Order to all subsidiaries, affiliates, employees, directors, officers, principals, and agents that [Obj. 1] may have any involvement whatsoever in accessing any Oracle website.

2. [Obj. 1, 3, 11, 12, 13] Rimini and Ravin shall not access (including download from) any Oracle website in any manner that could damage, disable, overburden, impair, or otherwise result in unauthorized access to or interference with, the proper functioning of any Oracle accounts, systems, or networks, including but not limited to access by or use of any automated or computerized method simulating manual downloading;

3. [Obj. 1, 3, 11, 12, 13] Rimini and Ravin shall not distribute materials downloaded from any Oracle website to more than one person or entity;

4. [Obj. 1, 3, 11, 12, 13] Rimini and Ravin shall not access any Oracle website using any entity's credentials [Obj. 1, 3, 9] for the benefit of any entity other than the entity to which the credentials were issued.

**IT IS SO ORDERED.**

DATED:

By: _____
Hon. Larry R. Hicks
United States District Judge

4