# EXHIBIT A

# Hansen, Joseph C.

| | |
|---|---|
| **From:** | Hansen, Joseph C. |
| **Sent:** | Friday, September 23, 2016 4:43 PM |
| **To:** | OracleServList:Hixson, Thomas S. |
| **Cc:** | Perry, Mark A.; Evanson, Blaine H.; Gorman, Joseph A. |
| **Subject:** | Oracle v. Rimini Street |
| **Attachments:** | 2016-09-23 Letter re Entry of Final Judgment.pdf |

Dear Mr. Hixson,

Please see attached correspondence.

Sincerely,
Joe

**Joseph C. Hansen**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8380 • Fax +1 415.374.8438
JHansen@gibsondunn.com • www.gibsondunn.com

1

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Mark A. Perry
Direct: +1 202.887.3667
Fax: +1 202.530.9696
MPerry@gibsondunn.com

September 23, 2016

VIA ELECTRONIC MAIL

Thomas S. Hixson
One Market, Spear Street Tower
San Francisco, CA 94105

Re:   *Oracle USA, Inc. et al. v. Rimini Street, Inc., et al.*, Case No. 2:10-cv-00106-LRH-PAL (D. Nev.)

Dear Mr. Hixson:

I write regarding entry of final judgment in this action. Unless and until a final judgment is entered, no award in this case—including the jury's damages verdicts, statutory prejudgment interest, or the court's award of attorneys' fees—will be appealable or executable.

As you will recall, on October 13, 2015, the Court entered a minute order stating that "final judgment is to be entered upon ruling of pending claims for Injunctive Relief and other post-trial motions." Pursuant to that minute order, the parties stipulated on October 19, 2015 that a single final judgment would be entered after disposition of all post-trial motions: "The parties will submit a joint proposed final judgment form or, if they cannot agree, competing proposed final judgments, within 5 days of disposition of all post-trial motions." (Dkt. 899 at 2.) The Court entered that stipulation as an order on October 22, 2015. (Dkt. 903.)

On February 9, 2016 and June 13, 2016, the Court issued orders on Rimini Street's post-trial motions. (Dkts. 994, 1041.) On September 21, 2016, the Court issued an order on Oracle's post-trial motions. (Dkt. 1049.) The latter order left open two issues: (1) Oracle was directed "to prepare an appropriate permanent injunction that complies with the court's order" and to submit it within 10 days and (2) Oracle was directed "to prepare an appropriate order setting prejudgment interest that complies with the court's order" and submit it within 10 days. (Dkt. 1049 at 22.)

Local Rule 7-2(f) requires Oracle to serve these proposed orders on Rimini Street at least three days before submitting them to the Court:

> If the court instructs a prevailing party to file a proposed order, the prevailing party must serve the proposed order on all opposing parties or attorneys for approval as to form. The opposing parties (or, if represented by counsel, their attorneys) then have three days after service of the proposed order to notify the prevailing party of any

**GIBSON DUNN**

Thomas S. Hixson
September 23, 2016
Page 2

> reason for disapproval; failure to notify the prevailing party within three days of any reason for disapproval will be deemed an approval. The prevailing party must then file the order with the word PROPOSED in the title and must certify to the court that it served the proposed order and that three days have passed and state any reasons for disapproval received (or that none were received). Opposing parties who have timely served reasons for disapproval may file a competing proposed order within three days of being served with notice that the prevailing party filed its proposed order.

The "disposition of all post-trial motions" (Dkt. 899) cannot and will not occur until the Court enters an order of permanent injunction pursuant to Rule 65(d) and an order setting prejudgment interest.

Once those two orders have been entered, the parties will have five days to jointly submit a proposed final judgment (or competing proposed final judgments if they cannot agree). (Dkts. 899, 903.) That final judgment, once entered, will conclude the proceedings in district court. *See* Dkt. 903 (referring to a single "final entry of judgment"); Fed. R. Civ. P. 58 ("every judgment … must be set out in a separate document"). Until that single final judgment has been entered, no award in this case is appealable or executable.

We look forward to working with you and your colleagues to bring this litigation to a conclusion in the district court. If Oracle disagrees with anything stated herein, please advise me immediately in writing.

Sincerely,

*Mark A. Perry/dvd*

Mark A. Perry

MAP/dvd