| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>5301 Wisconsin Ave, NW<br>Washington, DC 20015<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br><br>Attorneys for Plaintiffs<br>Oracle USA, Inc., Oracle America, Inc., and<br>Oracle International Corp. | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>KRISTEN A. PALUMBO (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA  94105<br>Telephone:  415.442.1000<br>Facsimile:  415.442.1001<br>thomas.hixson@morganlewis.com<br>kristen.palumbo@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:  650.506.4846<br>Facsimile:  650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S RESPONSE TO DEFENDANTS' OBJECTIONS TO ORACLE'S PROPOSED FILINGS AND ORACLE'S OBJECTIONS TO DEFENDANTS' PROPOSED FILINGS** |

Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation ("Oracle") hereby (1) respond to the objections that Defendants Rimini Street, Inc. and Seth Ravin ("Rimini"; together with Oracle, the "Parties") filed in response to Oracle's September 23, 2016 filings and (2) object to Defendants' proposed permanent injunction and proposed order on prejudgment interest.  *See* ECF No. 1055.

## I.   INTRODUCTION

Defendants improperly seek to re-litigate (and narrow) the scope of the permanent injunction and to delay entry of a final judgment against them.  Oracle filed its proposed injunction eleven months ago.  The Parties have fully briefed and argued the scope of that injunction.  The Court ruled for Oracle based on that briefing, and ordered Oracle to submit a permanent injunction that "complies with the court's order" (ECF No. 1049).  That is exactly what Oracle submitted.  Rimini's objections, which were already briefed and rejected, again misconstrue the Court's orders and the jury's findings.  Rimini's objections and proposed order would, for example, permit continued cross-use of Oracle Software and Support Materials that the Court has found is illegal.

With respect to prejudgment interest and the final judgment, Rimini seeks delay.  Rimini admits that its prejudgment interest calculations "do not materially differ" from Oracle's calculations, and Rimini has not identified any substantive issues regarding the proposed final judgment.  No further briefing is needed on any of these issues.  Oracle respectfully requests that the Court enter Oracle's proposed permanent injunction, proposed findings of fact, and proposed final judgment.

## II.   ARGUMENT

### A.   Permanent Injunction and Supporting Facts

On September 21, 2016, the Court ordered Oracle to "prepare an appropriate permanent injunction that complies with the court's order and submit the same for signature."  ECF No. 1049 at 22.  In response, on September 23, 2016, Oracle conformed and re-submitted the permanent injunction that it had proposed more than eleven months ago.  Oracle's [Proposed] Permanent Injunction, ECF No. 1052-1; Oracle's [Proposed] Findings of Fact in Support of

Permanent Injunction, ECF No. 1052-2;[1] *see also* ECF No. 1052-3 (redline of Oracle's September 23, 2016 proposed findings of fact to Oracle's October 21, 2015 proposed permanent injunction, showing the changes that conform to the Court's September 21 order).

The Court's Order did not call for Rimini to submit a competing proposed permanent injunction or to otherwise file any response. The Parties previously briefed the permanent injunction issues, and the Court only ordered Oracle to submit a permanent injunction that "complies with the court's order . . . ." If Local Rule 7-2(f) were to apply, as Rimini suggests, then Rimini's filing of a proposed injunction that Oracle never saw is far more likely to violate that rule than Oracle's re-filing of the proposed injunction that the Parties briefed last year.

Rimini's brief, objections, and proposed alternative permanent injunction are an improper attempt to re-litigate these issues, and should be disregarded. As Rimini admits, the Parties already litigated the scope of Oracle's proposed injunction at length. *See* ECF No. 1055 at 3 ("Rimini has previously explained at length the legal, factual, and practical problems with Oracle's proposed order of permanent injunction."); *id.* at 5 ("Rimini has previously enumerated its objections to these proposed findings and incorporates them by reference here.").[2] Rimini also already objected to the proposed findings of facts filed as ECF No. 1052-2, and Oracle responded to those objections. ECF No. 909 (listing proposed facts, Rimini's objections, and Oracle's responses). Rimini raises the same arguments and objections that Oracle previously rebutted, and that this Court rejected. *Compare, e.g.*, ECF No. 1055 (complaining that Oracle's proposed injunction "is not limited to the conduct that was adjudicated to have been infringing in *Rimini I*" and contains "vague and amorphous prohibitions") *with* Oracle's Reply in Support of Perm. Inj. at 14-18, ECF No. 907 (rebutting Rimini's claims that Oracle's proposed injunction was vague and overbroad). Rimini cites no change in the law or facts, and such repetitive arguments are "disfavored." *See* Local Rule 59-1(b).

---

[1] Oracle previously submitted a proposed injunction that included findings of fact. ECF No. 900-1. For the Court's convenience, Oracle separated the proposed injunction, ECF No. 1052-1, from the proposed findings of fact, ECF No. 1052-2, in its most recent filing.

[2] Oracle thus incorporates by reference its Reply in Support of Perm. Inj. at 14-18, ECF No. 907.

ORACLE'S RESP. TO DEFS.' OBJS. AND OBJS. TO DEFS.' PROPOSED FILINGS

1    Rimini's objections and proposed permanent injunction once again misconstrue the
2 Court's prior rulings and the jury's verdict. Rimini objects to all specific prohibitions on cross-
3 use (*see* ECF No. 1055-1, objs. to ¶¶ 4, 6, 8, 11, 14-15), but the Court and the jury already found
4 such cross-use to be unlawful. The permanent injunction uses the Court's own language and the
5 language of heavily litigated license agreements. *See* ECF No. 907 at 3-5, 15-16. Rimini's
6 proposed language on cross-use, ECF No. 1055-2, ¶ (c), is underinclusive for important illegal
7 conduct. For example, Rimini's proposed language does not ban cross-use of generic copies of
8 Oracle's software. Rimini's proposed language is also ambiguous, inviting later litigation about
9 whether a prohibition on copying includes the distribution and derivative work rights. *See* Jury
10 Instruction 21, ECF No. 880 (defining the right to copy to include the reproduction, derivative
11 work, and distribution rights). Rimini objects that "no evidence before the Court or jury . . .
12 support[ed] a finding that Rimini Street infringed a derivative work right," ECF No. 1055-1 at 2,
13 but the Parties previously briefed Rimini's infringement of Oracle's right to create derivative
14 works (ECF No. 907 at 2-3) and Rimini conceded that the "the copies *and derivative works*
15 addressed at trial or on summary judgment were found to infringe." Proposed Fact 28, ECF No.
16 909 (emphasis added). The proposed injunction that Oracle submitted gives unambiguous,
17 specific guidance on cross-use to those enjoined. *See* ECF No. 1052-1, ¶¶ 4, 6, 8, 11, 14-15.
18    Only Oracle's proposed injunction addresses the full scope of Rimini's actions that were
19 adjudicated in this action to be improper, including reproduction, creation of derivative works,
20 and distribution;, and Rimini's objections are unfounded.
21    **B.    Prejudgment Interest**
22    The Parties have no real dispute as to prejudgment interest. Oracle calculated
23 prejudgment interest of $27,798,617 through September 23, 2016, the date Oracle submitted its
24 proposed final judgment. ECF No. 1053 (amounts); *cf.* ECF No. 1052 at 1-2 (rates). Rimini
25 calculated slightly different amounts totaling $ 27,770,696.28, through September 21, 2016, and
26 Rimini included a daily rate of prejudgment interest. ECF No. 1055-3. Rimini agrees that
27 "[Rimini's] figures do not materially differ from Oracle's calculation . . . ." ECF No. 1055 at 6.
28 The press release that Rimini issued the day after the Court's Order (and the day before Oracle's

filings) described a "$124.3 million award" against Rimini, again reflecting prejudgment interest figures that do not materially differ from Oracle's. Hixson Declaration ¶ 2 & Ex. A (Sept. 22, 2016 Rimini Press Release). Rimini's filing presents no barrier to entry of Oracle's proposed final judgment, which includes unchallenged prejudgment interest calculations based on the Court's Order.

### C.  Final Judgment

Rimini submits no competing final judgment and identifies no disagreement with the terms of Oracle's proposed final judgment. Contrary to Rimini's procedural arguments, Fed. R. Civ. P. 58(d), added in 2002, "replace[d] the provision that attorneys shall not submit forms of judgment except on direction of the court." 2002 Adv. Comm. Notes to Fed. R. Civ. P. 58. Even if Rimini were correct that the Parties have five days from disposition of all post-trial motions to file competing forms of judgment, ECF No. 1055 at 1, the deadline to do so was September 26, and Rimini did not offer one. Oracle's proposed final judgment should be entered.

## III.  CONCLUSION

Oracle respectfully requests that the Court enter Oracle's [Proposed] Permanent Injunction Against Defendants Rimini Street, Inc. and Seth Ravin, ECF No. 1052-1; Oracle's [Proposed] Findings of Fact in Support of Permanent Injunction Against Defendants Rimini Street, Inc. and Seth Ravin, ECF No. 1052-2; and, Oracle's [Proposed] Fed. R. Civ. P. 58 Final Judgment in a Civil Action, ECF No. 1053.

Dated:  September 27, 2016

MORGAN, LEWIS & BOCKIUS LLP

By:       /s/ Thomas S. Hixson
           Thomas S. Hixson
       Attorneys for Plaintiffs
           Oracle USA, Inc.,
       Oracle America, Inc. and
   Oracle International Corporation

# CERTIFICATE OF SERVICE

I certify that on September 27, 2016, I electronically transmitted the foregoing **ORACLE'S RESPONSE TO DEFENDANTS' OBJECTIONS TO ORACLE'S PROPOSED FILINGS AND ORACLE'S OBJECTIONS TO DEFENDANTS' PROPOSED FILINGS** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel are CM/ECF registrants.

Dated: September 27, 2016

Morgan, Lewis & Bockius LLP

By: /s/ Thomas S. Hixson
        Thomas Hixson

Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation