**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Mark A. Perry
Direct: +1 202.887.3667
Fax: +1 202.530.9696
MPerry@gibsondunn.com

September 29, 2016

VIA ECF FILING

The Honorable Larry R. Hicks
United States District Court, District of Nevada
Courtroom 3
400 S. Virginia Street
Reno, NV 89501

Re:   *Oracle USA, Inc. et al. v. Rimini Street, Inc., et al.*, Case No. 2:10-cv-00106-LRH-VCF (D. Nev.)

Dear Judge Hicks:

Defendants respectfully request an expedited status conference regarding the entry of final judgment in this action. The parties have differing interpretations of an order previously entered by this Court, which has important consequences for the payment of the judgment. We have met and conferred with counsel for Oracle, but have been unable to reach resolution.

Nearly a year ago, the parties agreed on a procedure to govern the entry of final judgment, and this Court adopted the parties' agreement by order. (*See* ECF Nos. 899, 903 (attached).) The stipulation set forth a procedure that would result in a *single* final judgment following the disposition of all post-trial orders. Ironically, the parties entered into this agreement—with the Court's approval—to avoid precisely the issue that has now arisen.

Rimini Street relied on the Court's October 22, 2015 order in making complex arrangements with third parties that are contributing funds toward the final judgment, which Rimini Street intends to pay fully within 14 days after entry. These arrangements anticipate that the payment will be made in a single lump sum on a date after entry of a single final judgment following disposition of all post-trial motions, including entry of orders thereon. Again, that is precisely what the parties previously agreed to and this Court approved. Oracle, however, has called this agreement into question by submitting a proposed final judgment before entry of orders resolving all post-trial motions.

Oracle's conduct has created two concerns on which defendants seek judicial clarification. First, the clerk's entry of a September 21 "judgment" on attorneys' fees and expenses (ECF No. 1051) creates the concern that Oracle will seek payment of those amounts before a single final judgment is entered. Second, Oracle submitted a proposed judgment on Friday,

**GIBSON DUNN**

The Honorable Larry R. Hicks
September 29, 2016
Page 2

September 23, before the Court disposed of all post-trial motions, including the motion for a permanent injunction. This creates the possibility that the Court will enter final judgment before entering an order of permanent injunction—a result that is not contemplated by the extant order or Rimini Street's financing arrangements. When defendants raised these concerns with Oracle, Oracle responded that all of these issues would be governed by the Federal Rules of Civil Procedure, without acknowledging that those rules have been expressly modified by this Court's order approving the parties' previous agreement, or stating how it would be prejudiced by following its prior agreement.

To avoid this uncertainty, defendants respectfully request that the Court confirm that it will follow the procedure to which the parties previously agreed and on which the defendants reasonably relied, as previously approved by Court order. (ECF No. 903.) First, the Court should at its convenience enter orders disposing of the outstanding motions for a permanent injunction and for prejudgment interest. Second, following entry of the later of those two orders, the parties will submit a joint proposed final judgment, or competing forms of final judgment, within five days as previously agreed. Once the Court enters a single final judgment, the entire amount of the judgment—including the jury's award, interest, and fees and expenses—will become enforceable and executable pursuant to Rule 62, and no part of the judgment would be payable before then.

Defendants respectfully request a short status conference with the Court, either telephonic or in person, to discuss these issues. Because Oracle could take the position that the fee "judgment" is payable as early as Wednesday, October 5, defendants ask to be heard as soon as possible—preferably on Friday, September 30.

Respectfully submitted,

*/s/ Mark A. Perry*

Mark A. Perry

MAP/jch

# Attachments

| | | |
|---|---|---|
| 1 | SHOOK, HARDY & BACON LLP | BOIES, SCHILLER & FLEXNER LLP |
| 2 | B. Trent Webb, Esq. (*pro hac vice*)<br>Peter Strand, Esq. (*pro hac vice*) | RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800 |
| 3 | Ryan D. Dykal, Esq. (*pro hac vice*)<br>2555 Grand Boulevard | Las Vegas, NV 89101<br>Telephone: (702) 382-7300 |
| 4 | Kansas City, MO 64108-2613<br>Telephone: (816) 474-6550 | Facsimile: (702) 382-2755<br>rpocker@bsfllp.com |
| 5 | Facsimile: (816) 421-5547<br>bwebb@shb.com | BOIES, SCHILLER & FLEXNER LLP |
| 6 | Robert H. Reckers, Esq. (*pro hac vice*) | WILLIAM A. ISAACSON (*pro hac vice*)<br>KAREN L. DUNN (*pro hac vice*) |
| 7 | 600 Travis Street, Suite 1600<br>Houston, TX 77002 | 5301 Wisconsin Ave, NW<br>Washington, DC 20015 |
| 8 | Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508 | Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131 |
| 9 | rreckers@shb.com | wisaacson@bsfllp.com<br>kdunn@bsfllp.com |
| 10 | GIBSON, DUNN & CRUTCHER LLP<br>Mark A. Perry (*pro hac vice*) | BOIES, SCHILLER & FLEXNER LLP |
| 11 | 1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306 | STEVEN C. HOLTZMAN (*pro hac vice*)<br>KIERAN P. RINGGENBERG (*pro hac vice*) |
| 12 | Telephone: (202) 955-8500<br>mperry@gibsondunn.com | 1999 Harrison Street, Suite 900<br>Oakland, CA 94612 |
| 13 | Blaine H. Evanson (*pro hac vice*)<br>333 South Grand Avenue | Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460 |
| 14 | Los Angeles, CA 90071<br>Telephone: (213) 229-7228 | sholtzman@bsfllp.com<br>kringgenberg@bsfllp.com |
| 15 | bevanson@gibsondunn.com | |
| 16 | LEWIS ROCA ROTHGERBER LLP<br>W. West Allen (Nevada Bar No. 5566) | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*) |
| 17 | 3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169 | KRISTEN A. PALUMBO (*pro hac vice*)<br>One Market, Spear Street Tower |
| 18 | Telephone: (702) 949-8200<br>wallen@lrrlaw.com | San Francisco, CA 94105<br>Telephone: (415) 442-1000 |
| 19 | RIMINI STREET, INC. | Facsimile: (415) 442-1001<br>thomas.hixson@morganlewis.com |
| 20 | Daniel B. Winslow (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300 | kristen.palumbo@morganlewis.com |
| 21 | Pleasanton, CA 94566<br>Telephone: (925) 264-7736 | DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*) |
| 22 | dwinslow@riministreet.com | JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION |
| 23 | John P. Reilly (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500 | 500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070 |
| 24 | Las Vegas, NV 89169<br>Telephone: (336) 908-6961 | Telephone: (650) 506-4846<br>Facsimile: (650) 506-7114 |
| 25 | jreilly@riministreet.com | dorian.daley@oracle.com<br>deborah.miller@oracle.com |
| 26 | *Attorneys for Defendants*<br>*Rimini Street, Inc. and Seth Ravin* | jim.maroulis@oracle.com |
| 27 | | *Attorneys for Plaintiffs*<br>*Oracle USA, Inc., Oracle America, Inc., and* |
| 28 | | *Oracle International Corp* |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ORACLE USA, INC., a Colorado corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,
        Plaintiffs,

v.

RIMINI STREET, INC., a Nevada corporation and SETH RAVIN, an individual,
        Defendants.

Case No. 2:10-cv-0106-LRH-PAL

**STIPLUATION AND JOINT STATEMENT REGARDING POST-TRIAL SCHEDULE**

Judge:     Hon. Larry R. Hicks

The undersigned counsel, on behalf of Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. (collectively, "Oracle") and Defendants Rimini Street, Inc. and Seth Ravin (collectively, "Rimini") (together, the "Parties"), hereby submit the following joint statements regarding the post-trial schedule in the above-captioned matter.

## I. JOINT STATEMENT

WHEREAS, before the above-captioned case was submitted to the jury, the Parties filed Rule 50(a) motions for judgment as a matter of law (Dkt. Nos. 838, 865);

WHEREAS, on October 13, 2015, the jury returned a verdict;

WHEREAS, on October 13, 2015, the Court issued a minute order (Dkt. No. 893) setting a schedule for briefing injunctive relief as follows:

1. Oracle's motion for injunctive relief is due on or before October 21, 2015;
2. Rimini's opposition to Oracle's motion injunctive relief is due 10 days after the filing of Oracle's motion; and
3. Oracle's reply in support of its motion for injunctive relief is due five days after the filing of Rimini's opposition;

WHEREAS, the Court's October 13, 2015 minute order further orders counsel to meet and confer and stipulate to an agreed upon briefing schedule for all other post-trial briefing;

WHEREAS, the Court's October 13, 2015 minute order further orders that "final judgment is to be entered upon ruling of pending claims for Injunctive Relief and other post-trial motions";

WHEREAS, the Parties anticipate significant post-trial briefing, including Oracle's requests for an injunctive relief, prejudgment interest, and attorneys' fees, a Rule 50(b) renewed motion for judgment as a matter of law, and Rule 59 motions for a new trial, which may be filed by either or both Parties;

WHEREAS, on October 15, Oracle withdrew its pending motion for judgment as a matter of law (Dkt. No. 898);

THEREFORE, Oracle and Rimini stipulate and agree as follows regarding a post-trial schedule:

**A.  Pending Motions for Judgment as a Matter of Law**

1. Rimini's pending Rule 50(a) motion for judgment as a matter of law (Dkt. No. 838) is deemed moot (*see* Fed. R. Civ. P. 50 advisory committee notes; *Rose v. Barrett Twp.*, 2014 WL 2039621, at *6 (M.D. Pa. May 9, 2012) ("Once the Court submits the matter to the jury, the 50(a) motion has effectively been mooted and no further briefing is necessary, unless the movant seeks to renew the Motion in accordance with 50(b)")); and

2. Rimini may file a Rule 50(b) renewed motion for judgment as a matter of law on any appropriate issues, and either or both parties may file Rule 59 motions.

**B.  Oracle's Motion for a Injunctive Relief**

3. The Parties will brief Oracle's motion for injunctive relief consistent with the schedule ordered by the Court (Dkt. No. 893).

**C.  Entry of Final Judgment**

4. The parties will submit a joint proposed final judgment form or, if they cannot agree, competing proposed final judgments, within 5 days of disposition of all post-trial motions.

## II. PARTIES' DISAGREEMENT

The Parties were unable to reach an agreement regarding the post-trial schedule on all motions except the motion for injunctive relief. Each Party's proposed schedule is described below:

A.  **Rimini's Proposed Schedule**

After the jury reached a verdict on October 11, 2015, the Court and the Parties discussed a post-trial briefing schedule. Rimini's counsel suggested a 45-day period for motions, 45 days for oppositions, and a short time thereafter for replies. The Court stated that it "had no problem" with this schedule, and Oracle's counsel did not object to the proposal. *See* 10/21 Tr. 3958:22-3959:17. Oracle's counsel expressed concern with the briefing schedule for Oracle's motion for *injunctive relief*, and the Court ordered a briefing schedule to accommodate Oracle's concerns with that motion. Dkt. 893.

Rimini therefore proposes the following schedule:

- *Post-trial motions*:  November 30, 2015
- *Oppositions*:  January 14, 2015
- *Reply briefs*:  February 3, 2015

This schedule is necessary because Oracle has indicated that it intends to file multiple post-trial briefs, including a motion for a new trial, motion for attorneys' fees, and motion for pre-judgment interest. And Rimini expects to similarly file complex post-trial motions.

Rimini offered to compromise and split the difference between Rimini's and Oracle's proposals (with motions due November 20, oppositions due December 22, and replies due January 15), but Oracle refused.

This important and complex briefing will touch on the most fundamental and important legal issues in the case, and Oracle has offered no reason for rushing the post-trial motions. Indeed, as the Court correctly explained, this case is "very, very complex" and has been pending for "over five and a half years." 10/21 Tr. 3946:7-18 ("I've never seen a case this complex that involved this many issues before a jury as what you've seen here").

B.  **Oracle's Proposed Schedule**

The dilatory schedule that Rimini seeks is, in substance, nothing more than an effort to further delay Rimini's day of reckoning for its unlawful conduct. Rimini identifies no sound basis to drag out post-trial briefing over nearly four months, which would extend past the sixth anniversary of when this case was filed in January 2010. Oracle instead proposes the following schedule, which

would provide ample time for counsel and still wrap up briefing before the Christmas and New Year holiday period:

- All post-trial motions by any party (excepting Oracle's motion for injunctive relief) filed by November 11, 2015;
- Any oppositions to any post-trial motions (excepting Oracle's motion for injunctive relief) filed by December 2, 2015; and
- Any replies in support of any post-trial motions (excepting Oracle's motion for injunctive relief) filed by December 16, 2015.

Rimini, represented by experienced appellate counsel present through the trial, managed to file a Rule 50(a) motion within <u>a few days</u> of Oracle resting its case-in-chief, with Rimini's 30-page brief attacking nearly every issue and identifying purported grounds for a new trial. Nothing prevents Rimini's counsel from preparing and filing any renewed Rule 50 motion and any Rule 59 new trial motion <u>a month</u> after the jury's verdict. Likewise, given the resources available to them, Rimini's team of counsel will have no difficulty preparing over a three week period any oppositions to Oracle's expected motions for prejudgment interest, costs and attorneys' fees, and for a (conditional) new trial.

Oracle respectfully requests the Court reject Rimini's proposed schedule and adopt Oracle's.

DATED: October 19, 2015          GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Blaine H. Evanson*
    Blaine H. Evanson

*Attorneys for Defendants
Rimini Street, Inc. and Seth Ravin*

DATED: October 19, 2015          BOIES, SCHILLER & FLEXNER LLP

By: /s/ *Kieran P. Ringgenberg*
    Kieran P. Ringgenberg

*Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.*

**ATTESTATION OF FILER**

The signatories to this document are me and Kieran P. Ringgenberg, and I have obtained his concurrence to file this document on his behalf.

DATED: October 19, 2015          GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Blaine H. Evanson*
         Blaine H. Evanson

*Attorneys for Defendants
Rimini Street, Inc. and Seth Ravin*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: /s/ *Blaine H. Evanson*
         Blaine H. Evanson

*Attorney for Defendants
Rimini Street, Inc. and Seth Ravin*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | 2:10-CV-00106-LRH-PAL<br><br>ORDER |

Before the court is the parties' stipulation and joint statement regarding post-trial schedule. Doc. #899.[1] The court has reviewed the parties' stipulation and agrees with the parties' stipulation on plaintiffs' motion for injunctive relief, the pending Rule 50(a) motions, and the final entry of judgment. Accordingly, the court shall grant the stipulation.

However, as to the parties' disputed post-trial schedule, the court makes the following modifications:

- Any post-trial motions are due by Friday, November 13, 2015;
- Any oppositions to any post-trial motions are due by Monday, December 14, 2015;
- Any replies in support of any post-trial motions are due by Friday, January 8, 2016.

---

[1] Refers to the court's docket number.

IT IS THEREFORE ORDERED that the parties' stipulation and joint statement regarding post-trial schedule (Doc. #899) is GRANTED as modified above.

IT IS SO ORDERED.

DATED this 22nd day of October, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2016, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: *Blaine H. Evanson*
Blaine H. Evanson

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*

Gibson, Dunn & Crutcher LLP