BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
KRISTEN A. PALUMBO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
thomas.hixson@morganlewis.com
kristen.palumbo@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S RESPONSE TO RIMINI'S SEPTEMBER 29, 2016 LETTER** |

1    Oracle respectfully submits that no status conference is needed to address any issue raised in Rimini's letter (ECF No. 1058).  Most of the arguments Rimini raises simply repeat the objections it filed to Oracle's proposed findings of fact, permanent injunction and proposed final judgment (ECF No. 1055).  Oracle has replied to those objections (ECF No. 1056), and they do not warrant oral argument.

The only new issue Rimini raises concerns its alleged financing arrangements for paying the judgment.  Oracle respectfully submits that the Court should not structure the sequence in which it makes decisions to accommodate the financing arrangements of a company whose "business model was built entirely on its infringement of Oracle's copyrighted software and its improper access and downloading of data from Oracle's website and computer systems," and which "would not have achieved its market share and business growth without these infringing and illegal actions."  ECF No. 1049 at 6.  Having committed "significant litigation misconduct," *id*. at 15, including the "destruction of evidence," *id*., and engaging in an objectively unreasonable denial of its misconduct throughout this lawsuit, *id*., Rimini is not entitled to preferential treatment.  Further, neither the Court nor Oracle has any way of knowing if any of Rimini's assertions concerning its financing arrangements are true because Rimini and its lenders have refused in the *Rimini II* matter to provide discovery (served months ago) into their financing arrangements.  Remarkably, the litigation misconduct continues to this day.

What is known is that the day after the Court issued its September 21, 2016 order and the clerk entered judgment regarding the attorneys' fees award, Rimini issued a press release stating that "[t]he Court *only awarded* Oracle a total of $124.3 million"; that Rimini had "recently *completed and announced* a finance transaction of $125 million" and would pay the full judgment; and that the forthcoming injunction will not harm Rimini's business because "[t]he Court" supposedly "noted that 'Rimini's ability to compete against Oracle in the software support service market would not be lost with an injunction, and thus, the public would still have

access to competition in that market.'"[1]  ECF No. 1057-1 (emphasis added).  Now Rimini says the September 21 order, the clerk's entry of judgment, and the forthcoming injunction all may create problems with Rimini's financing.  ECF No. 1058 at 2 ("the clerk's entry of a September 21 'judgment' on attorneys' fees and expenses (ECF No. 1051) creates the concern…").  Whichever story is true, it is irrelevant.  What arrangements Rimini may have made to pay the judgment are not the Court's concern, and there is no reason to disrupt the timely payment of the more than $46 million judgment the clerk has already entered.

Oracle requests that the Court enter Oracle's proposed findings of fact, permanent injunction and final judgment, and deny Rimini's request for a status conference.

Dated:  September 30, 2016

MORGAN, LEWIS & BOCKIUS LLP

By:	/s/ Thomas S. Hixson
Thomas S. Hixson
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation

---

[1] In reality, Rimini represented to the Court that an injunction against continued copyright infringement would not impede its current business model.  The Court did not make such a finding.