GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

HOWARD & HOWARD PLLC
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wallen@howardandhoward.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone:  (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**EMERGENCY MOTION**<br><br>**DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION TO ENFORCE THIS COURT'S ORDERS ENTERED AS DOCKETS 893 & 903**<br><br>Judge:      Hon. Larry R. Hicks |

Defendants Rimini Street Inc. and Seth Ravin (collectively, "Rimini") will and hereby do move the Court on an emergency basis pursuant to Local Rule 7-4 to enforce this Court's orders entered as Dockets 893 and 903 by temporarily staying enforcement of the attorneys' fees judgment until 14 days have passed after the entry of a single final judgment and for the good cause set forth herein.  This Emergency Motion is based upon this Notice, the following Memorandum of Points and Authorities, the accompanying Declaration of Mark A. Perry, the accompanying Declaration of Doug Zorn, the Court's entire file in this matter, the trial record, and any such further oral or documentary evidence that may be submitted prior to determination of this Motion.

DATED:      October 3, 2016          GIBSON, DUNN & CRUTCHER LLP


                                     By:   *Mark A. Perry*
                                           Mark A. Perry

                                     *Attorneys for Defendants*
                                     *Rimini Street, Inc. and Seth Ravin*

## I. INTRODUCTION

At the end of trial, counsel for Rimini requested that the Court "enter one final judgment that incorporates all of the parties' post-trial requested relief, which can then be bonded and appealed … rather than … dealing with it piecemeal and having three different final judgments entered before the parties go up on appeal." Trial Tr. 3957:14-25. Oracle objected to this approach at the time, but the Court agreed with Rimini, and adopted Rimini's proposal as an order: "IT IS ORDERED that final judgment is to be entered upon ruling of pending claims for Injunctive Relief and other post-trial motions." Dkt. 893 at 3. The parties then entered into a stipulation regarding post-trial motions, which again specified a single final judgment following disposition of all such motions. Dkt. 899 at 2. The Court entered that stipulation as an order. Dkt. 903. Rimini relied on the Court's orders and the parties' agreement in making complex financial arrangements for the payment of the entire final judgment once entered.

Despite the parties' agreement and the express orders of the Court, on September 30, 2016, Oracle disclosed that it may attempt to enforce the interim attorneys' fees judgment on October 6, 2016, despite the manifest absence of "one final judgment" in this action. Oracle does not deny that it is acting directly contrary to the agreed schedule that was endorsed by Court order, and its current position contravenes what should be its goal of ensuring payment of the judgment in full.

Rimini now moves the Court to enforce its orders requiring a single final judgment by temporarily staying enforcement of the attorneys' fees judgment until 14 days after the entry of a single final judgment. Such a stay would simply implement the Court's prior orders by tying the attorneys' fees judgment to the forthcoming final judgment. It would also prevent the uncertainties created by Oracle's unilateral actions from further interfering with Rimini's ongoing efforts to secure funding for the final judgment in full, without any prejudice to Oracle. Rimini sought, unsuccessfully, to resolve this issue directly with Oracle; this Court's intervention is thus required.

**Rimini respectfully requests a ruling on this emergency motion no later than Tuesday, October 4, 2016** so that the necessary financial arrangements can be concluded.

## II. BACKGROUND

### A. The Orders Requiring A Single Final Judgment

At the conclusion of trial, the Court adopted Rimini's proposal to enter a single final judgment in this case. Counsel for Rimini explained:

> Rather than entering – dealing with the injunction, entering final judgment, then doing post-trial motions, then potentially altering the judgment, then doing attorney's fees, and then potentially altering the judgment again, we would propose again dealing with these on, you know, cross-motions, dealing with it all at once, and then *the Court can enter one final judgment that incorporates all of the parties' post-trial requested relief*, which can then be bonded and appealed depending on where we are at that point, *rather than, again, dealing with it piecemeal and having three different final judgments* entered before the parties go up on appeal.

Trial Tr. 3957:14-25 (emphasis added).

The Court agreed with this approach (Trial Tr. 3959:11-12 ("I have no problem with the timetables that have been mentioned here")), and, *over Oracle's objection* (Trial Tr. 3958:1-12), entered a minute order adopting this proposal: "IT IS ORDERED that final judgment is to be entered upon ruling of pending claims for Injunctive Relief and other post-trial motions." Dkt. 893 at 3.

In light of the Court's post-trial order, the parties then reached a stipulation regarding the schedule for post-trial motions which concluded as follows: "The parties will submit a joint proposed final judgment form or, if they cannot agree, competing proposed final judgments, within 5 days of disposition of all post-trial motions." Dkt. 899 at 2. That stipulation explicitly contemplated Oracle's motion for attorneys' fees as one of the post-trial motions. *Id.* ("WHEREAS, the Parties anticipate significant post-trial briefing, including Oracle's requests for an injunctive relief, prejudgment interest, *and attorneys' fees*, …" (emphasis added)). The Court entered that stipulation as an order on October 22, 2015. Dkt. 903 ("The court has reviewed the parties' stipulation and agrees with the parties' stipulation on … the final entry of judgment. Accordingly, the court shall grant the stipulation.").

The Court has now ruled on, but not yet "disposed of," all post-trial motions. The Court denied Rimini's Rule 50(b) Copyright Act motion on February 8, 2016. Dkt. 994. It denied Rimini's Rule 50(b) computer-access claims motion on June 13, 2016. Dkt. 1041. On September 21, 2016, the Court granted in part and denied in part Oracle's post-trial motions, ordering a permanent injunction,

awarding $46,227,363.36 in attorney's fees and costs, and awarding prejudgment interest. Dkt. 1049. It has not yet entered orders on prejudgment interest or a permanent injunction.

On September 21, 2016, the Clerk entered the attorneys' fees award as a judgment. Dkt. 1051. That judgment was not the single final judgment ordered by the Court (Dkts. 893, 903)—it was therefore an interim, non-final judgment. To avoid any doubt or confusion, Rimini met and conferred with Oracle regarding the entry and enforceability of a single final judgment consistent with the parties' prior stipulation, but Oracle refused to honor the parties' agreement or the Court's order. *Compare* Dkt. 1055 (Rimini's objections), *with* Dkt. 1056 (Oracle's response); *see* Perry Decl. ¶ 5 (describing Rimini's repeated meet and confer efforts). Rimini sought again to meet and confer (Perry Decl. ¶ 5), and, after Oracle refused to reaffirm the extant agreement, Rimini requested a status conference with the Court (Dkt. 1058).

In response, on September 30, 2016, Oracle stated in a filing that it intends to enforce the attorneys' fees judgment: "[T]here is no reason to disrupt the timely payment of the more than $46 million judgment the clerk has already entered." Dkt. 1059 at 2. Even though the genesis of Oracle's filing was Rimini's repeated attempts to remind Oracle of the Court's order and the parties' stipulation, Oracle said nothing about either, thus confirming that its current position is in contravention of the Court's orders and the parties' agreement.

**B.  Rimini's Financial Arrangements To Pay The Full Judgment**

Rimini relied on the Court's order and the parties' stipulation to make complex arrangements so that Rimini could plan to pay the full judgment within fourteen days after entry. Zorn Decl. ¶ 3. Those financial arrangements with lenders are in place, but they are dependent on the lenders' review of the final disposition of post-trial motions—including the precise wording of the permanent injunction—and entry of a final judgment in this case. *Id.* ¶ 4. Until the final judgment is entered, the availability of those funds is not assured. *See id.* ¶¶ 3-4.

Oracle stated in its September 30, 2016 response that Rimini had an "alleged financing arrangement." Dkt. 1059 at 1. Rimini is submitting herewith the declaration of Doug Zorn summarizing the financial arrangements that Rimini has made, in reliance on this Court's previous order, to put Rimini in a position to make payment of the entire judgment. In short, Rimini does not

1  have $125 million in cash on hand but has made arrangements with third party funding sources for
2  payment of substantial portions of the final judgment. Zorn Decl. ¶ 3. In making these arrangements,
3  Rimini relied on this Court's orders that there would be a single final judgment comprising all post-
4  trial orders. *Id.* Rimini's lenders are not prepared to consider releasing funds until their knowledge of
5  the scope of the injunction that is entered and all other uncertainties have been resolved by entry of the
6  final judgment. *See id.* ¶ 4.

### III.   LEGAL STANDARD

The Court possesses the power to take requisite actions "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued." *Nat'l Org. for the Reform of Marijuana Laws v. Mullen*, 828 F.2d 536, 544 (9th Cir. 1987) (citing *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977)). "A district court has inherent power to control the disposition of the causes on its docket," which includes granting a stay of the proceedings before the court. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Terway v. Syngenta Seeds, LLC*, No. 2:16-cv-01587, 2016 WL 4435745, at *1-2 (D. Nev. Aug. 19, 2016) ("District courts have the inherent power to stay proceedings").

### IV.   ARGUMENT

Rimini requests simply that the Court enforce its orders regarding the entry of a single final judgment by temporarily staying Oracle's imminent enforcement of the attorneys' fees judgment. The Court's prior orders expressly adopted Rimini's proposal for "one final judgment" that "can then be bonded and appealed" without "dealing with it piecemeal and having three different final judgments." Trial Tr. 3957:14-25. Oracle is ignoring the Court's orders and its own stipulation, and this bad faith conduct warrants the emergency relief Rimini seeks with this motion, for the following six reasons.

***First***, the Court has already ordered there will be a single final judgment in this case. Dkt. 893 at 3 ("IT IS ORDERED that final judgment is to be entered upon ruling of pending claims for Injunctive Relief and other post-trial motions"). The Court expressly adopted Rimini's proposal for "one final judgment that incorporates all of the parties' post-trial requested relief"—including "attorney's fees"—"rather than … dealing with it piecemeal and having three different final judgments." Trial Tr. 3957:14-25. Because a single final judgment has not yet been entered, a temporary stay of the

attorneys' fees judgment would simply implement the Court's order by effectively rolling the attorneys' fees judgment into the forthcoming final judgment that the Court will enter. The stay will not have any other substantive effect, will not prejudice Oracle in any demonstrable way, and will not otherwise enlarge or abridge the ultimate enforcement of the final judgment under Rule 62 of the Federal Rules of Civil Procedure once final judgment is entered. *See* Fed. R. Civ. P. 62(a) ("Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry").

Oracle has suggested that the default Federal Rules of Civil Procedure should control (Perry Decl., Ex. A), but this was the position that Oracle advanced and the Court *rejected* at the end of trial. Trial Tr. 3957-59. The parties' stipulation, entered by the Court as an order, is an *alteration* of those Rules to fit the unique circumstances of this case. By this motion, Rimini simply asks the Court to enforce that order and hold Oracle to its previous agreement. Oracle, in contrast, is ignoring controlling Court orders and openly reneging on its previous stipulation, both of which Rimini reasonably relied upon in making the related financial arrangements.

***Second***, litigants are not free to disregard orders of the Court. *E.g.*, *Maness v. Meyers*, 419 U.S. 449, 458 (1975) (it is a "basic proposition that all orders and judgments of courts must be complied with"). Having been overruled in previously opposing Rimini's request for the case management schedule culminating in one final judgment, Oracle now simply pretends there was no such ruling. Rimini sought a status conference last week based explicitly on the Court's prior orders (Dkt. 1058), but Oracle's response does not even *mention* the Court's orders (*see* Dkt. 1059), instead completely ignoring the case management schedule the Court put in place. Thus, while Oracle has argued that "Rimini is not entitled to preferential treatment" (Dkt. 1059 at 1), it is Oracle that seeks such treatment by refusing to follow an *already entered* order. *E.g.*, *In re Clark*, No. 14–21394, 2016 WL 560709, at *6 (Bankr. E.D. Cal. Feb. 3, 2016) ("The U.S. Supreme Court has made it abundantly clear that a party is not free to disobey a federal court order even if it dislikes, disputes, or disagrees with the order" (citing *Maness*, 419 U.S. at 458)).

***Third***, Rimini intends to pay the final judgment in full (expressly reserving all rights, including a monetary recovery following reversal or modification of the judgment on appeal). Rimini relied on

the Court's orders to make financial arrangements that would allow it to pay the judgment within fourteen days after entry of a single final judgment.  By this motion, Rimini asks the Court simply to confirm its previous orders regarding entry of such a single final judgment.  The relief Rimini requests will have the effect of making full payment to Oracle more likely.

Oracle took a series of strange positions in its response to Rimini's request for a status conference on this front.  For example, Oracle stated that "the Court should not structure the sequence in which it makes decisions to accommodate the financing arrangements of" Rimini.  Dkt. 1059 at 1.  But the time for Oracle to make that argument was when the parties proposed competing procedures for the entry of final judgment and the Court adopted Rimini's proposal.  In any event, the Court did not structure its Orders to accommodate financing arrangements of Rimini; Rimini structured its financing arrangements to accommodate the order of the Court.  Rimini was reasonably entitled to rely on that order in structuring its affairs to endeavor that the judgment is paid in full.

Oracle also suggested that there was some inconsistency between Rimini's press release and its request for a status conference.  Dkt. 1059 at 1-2.  There is no inconsistency.  As detailed in the Zorn Declaration, the company has $125 million of financing commitments that it intends to use to pay the judgment in full.  Zorn Decl. ¶¶ 3-4.  When the September 21 order was entered and Rimini issued its press release, it reasonably believed that Oracle would honor the parties' agreement—enshrined in a Court order—regarding the single final judgment.  Rimini subsequently sought Oracle's assurance in that respect, but Oracle refused to provide such assurance.

Oracle's conduct has created concern among Rimini's lenders.  Financiers dislike uncertainty, which is why the financing contemplates entry of orders on all post-trial motions and a single final judgment before the judgment is considered for payment.  Oracle is no stranger to the capital markets and knows this very well.  Oracle is trying to inject uncertainty and disrupt Rimini's financing, not in order to receive payment under the judgment, but apparently in order to disrupt the business of its competitor.

Oracle also stated that "[w]hat arrangements Rimini may have made to pay the judgment are not the Court's concern."  Dkt. 1059 at 2.  That is a bizarre statement.  The jury rendered its verdict; the Court entered its order; and now there is a sum of money that Rimini must pay Oracle for the past

acts adjudicated in Rimini I (subject of course to Rimini's reservation of all rights, including repayment should Rimini prevail on appeal). Of course the Court should be concerned with Rimini's ability to pay the judgment and the manner and timing in which it proposes to do so. To reiterate: Rimini intends to pay the entire judgment within 14 days after entry of a single final judgment pursuant to the Court's previous orders. Dkt. 893, 903. How could Oracle possibly object to that, or argue that it is not the Court's concern, unless its true aim is to disrupt its leading global competitor for aftermarket service of its products?

**Fourth**, if the Court does not grant Rimini the relief it is seeking, it risks harming employees and customers over what is otherwise a procedural wrinkle. Rimini has hundreds of employees and provides "mission critical software" support (Trial Tr. 569:18) to businesses, schools, and hospitals and governments. Allowing Oracle to attempt prematurely to execute the $46.2 million attorneys' fees judgment has the potential to disrupt those employees and customers—all over a transitory timing issue of a few weeks because the temporary stay Rimini requests will position Rimini to make full payment of the judgment. Indeed, Oracle's refusal to comply with the Court's orders would seem to indicate that Oracle's true aim is not to collect on the judgment, but to disrupt Rimini's business. That is improper in any case and all the more so since Oracle is acting in direct contravention of its own prior stipulation and express orders of the Court.

**Fifth**, Oracle is judicially estopped from enforcing the interim attorneys' fees judgment. Judicial estoppel applies when "1) the party's current position is 'clearly inconsistent' with its earlier position, 2) the party was successful in persuading a court to accept its earlier position, and 3) the party would 'derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *Williams v. Boeing Co.*, 517 F.3d 1120, 1134 (9th Cir. 2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). Here, all three factors are met. Oracle's position, announced to this Court for the first time on September 30, that the attorneys' fees judgment is a separately executable final judgment is clearly inconsistent with its own stipulation that the parties would submit a single final judgment. Dkt. 899. The Court adopted that prior position by entering the stipulation as an order. Dkt. 903. And now Oracle seeks to impose an unfair detriment on Rimini by forswearing its previous

agreement after Rimini relied on that agreement, and the Court's order implementing it, in making arrangements with third parties to fund the judgment.

**Sixth**, Oracle does not need the money in the interim weeks. Oracle has "annual revenues of about 38 billion." Trial Tr. 951:8-10. While $125 million is a lot of money to Rimini Street, it is not to Oracle. Ordering a short temporary stay of the attorneys' fees component that will facilitate full payment of the entire judgment will not cause Oracle any harm or hardship in the meantime.

\* \* \* \* \*

The Court has before it two competing forms of permanent injunction (Dkts. 1052-1, 1055-2); it should enter one or the other, or a third alternative of its own devise. The Court also has before it Rimini's proposed order setting prejudgment interest (Dkt. 1055-3), to which Oracle has lodged no objection; that too should be entered. After entry of those orders, the parties will then have five days to submit a joint form of final judgment, or competing forms if they cannot agree, after which the Court should enter a single final judgment. Dkt. 903. Then, and only then, all amounts—the jury's damages awards, prejudgment interest, and the Court's award of fees and expenses—will be due in a lump sum, executable and enforceable after 14 days pursuant to Rule 62. All of this is already incorporated in the Court's orders and the parties' related stipulation. By this motion, Rimini simply asks the Court to reaffirm this procedure.

## V.   CONCLUSION

Rimini respectfully requests that the Court enforce its previous orders (Dkts. 893 & 903) by temporarily staying enforcement of the attorneys' fees judgment until 14 days have passed after the entry of a single final judgment.

DATED:   October 3, 2016         GIBSON, DUNN & CRUTCHER LLP

By:   *Mark A. Perry*
      Mark A. Perry
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2016, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By:   *Mark A. Perry*
       Mark A. Perry

*Attorney for Defendants*
*Rimini Street, Inc. and Seth Ravin*