GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

HOWARD & HOWARD PLLC
W. West Allen (Nevada Bar. No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 667-4843
Facsimile: (702) 567-1568
wwa@h2law.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**DECLARATION OF DOUG ZORN IN SUPPORT OF DEFENDANTS RIMINI STREET, INC.'S AND SETH RAVIN'S EMERGENCY MOTION TO ENFORCE THIS COURT'S ORDERS ENTERED AS DOCKETS 893 & 903**<br><br>Judge:      Hon. Larry R. Hicks |

Declaration of Doug Zorn

I, Doug Zorn, declare as follows:

1.      I am a Senior Vice President and the Chief Financial Officer at Rimini Street, Inc. ("Rimini").   I submit this declaration in support of Rimini's Emergency Motion to Enforce this Court's Orders Entered as Dockets 893 and 903.   The following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently to these facts.

2.      It is my understanding that at the close of trial, the Court entered a minute order as well as an order entering the parties' stipulation, each stating that the Court would enter a single final judgment following disposition of all post-trial motions, including Oracle's motions for attorneys' fees and costs, for prejudgment interest, and for a permanent injunction.

3.      Rimini relied on the Court's orders in structuring complex financial arrangements to enable Rimini to pay the judgment in full, including the fair market value license, the damages award, attorneys' fees and costs, and prejudgment interest, all within fourteen days after entry of a single final judgment comprising all post-trial orders.   Rimini does not have $124 million in cash on hand, but it has secured a substantial financing package, completed insurance settlements, and plans to use some of its own cash to pay the judgment in full, consistent with this Court's orders.

4.      The release of funds in this financing package is, amongst other terms and conditions, contingent on all damages, attorneys' fees and costs, and prejudgment interest being owed at one time based on one final judgment, consistent with this Court's post-trial orders.   The investors relied on this Court's order entered nearly one year ago and the certainty contained in one final judgment in structuring the financing package that Rimini intends to use to pay the judgment in full.

I declare under penalty of perjury that the foregoing is true and correct.   Executed at _Bonita Springs_ _Florida_ on October _3_, 2016.

_(signature)_

Doug Zorn

Declaration of Doug Zorn