# CRONEHAWXHURSTLLP

WRITER'S DIRECT DIAL NO.
**(310) 893-5155**

WRITER'S INTERNET ADDRESS
**daryl@cronehawxhurst.com**

March 8, 2016

**VIA EMAIL (KMCLAREN@STFRANCISCARE.ORG) & FEDEX**

Kenneth McLaren, Esq.
Associate Counsel
Saint Francis Hospital & Medical Center
114 Woodland Street
Hartford, Connecticut 06105

      Re:    Oracle USA, Inc., et al. v. Rimini Street, Inc. and Seth Ravin
               Case No. 2:10-cv-0106-LRH-PAL (D. Nev.)

Dear Mr. McLaren:

We are outside counsel representing Oracle in its litigation with Rimini Street, and Saint Francis Hospital & Medical Center is a licensee of Oracle software. We understand that Saint Francis Hospital & Medical Center has recently contracted with Rimini Street for support of some of its Oracle software. I write regarding the use of Oracle software by Saint Francis Hospital & Medical Center and its delegates and to update Saint Francis Hospital & Medical Center on the status of the litigation between Oracle and Rimini Street.

In January 2010, Oracle sued Rimini Street in federal court alleging copyright infringement and other claims.[1] On October 13, 2015 a jury found Rimini liable for infringing Oracle's PeopleSoft, Siebel, Database, and JD Edwards copyrights. The jury also found Rimini and its CEO, Seth Ravin, liable for violating the California Computer Data Access and Fraud Act and the Nevada Computer Crimes Law. The jury awarded Oracle $50 million in damages. The Court had previously ruled against Rimini on all of its counterclaims, and no damages were awarded to Rimini.

In prior rulings in 2014, the Court found that Rimini infringed Oracle's copyrights in Oracle's Database and PeopleSoft software and ruled against Rimini's claim that it had a license to use Oracle's PeopleSoft software and that customer licenses permitted Rimini's actions. *See Oracle USA, Inc. v. Rimini St., Inc.*, 6 F. Supp. 3d 1086, 1092 (D. Nev.

---

[1] Oracle's second amended complaint can be located at *Oracle USA, Inc. v. Rimini Street, Inc.*, No. 2:10-CV-00106, 2011 WL 10604205 (Jun. 1, 2011).

Kenneth McLaren, Esq.
March 8, 2016
Page 2

2014); *Oracle USA, Inc. v. Rimini St., Inc.*, 6 F. Supp. 3d 1108, 1122 (D. Nev. 2014) *order clarified sub nom. Oracle USA, Inc. v. Rimini St., Inc.*, No. 210-CV-00106-LRH-PAL, 2014 WL 5285963 (D. Nev. Oct. 14, 2014).  The Court also ruled against Rimini on its defamation claim, stating that Oracle's "statements . . . that Rimini engaged in 'massive theft' of Oracle's intellectual property are true." *Id.* at 1131 (D. Nev. 2014) *order clarified sub nom. Oracle USA, Inc. v. Rimini St., Inc.*, No. 210-CV-00106-LRH-PAL, 2014 WL 5285963 (D. Nev. Oct. 14, 2014).

Following the jury verdict, Oracle filed post-trial motions seeking over $58 million in attorneys' fees and costs and over $40 million in prejudgment interest based on the jury's damages award to Oracle for Rimini's conduct dating back to 2006.

The jury verdict and the Court's findings were based on support practices that Oracle believes Rimini continues to utilize, including the use of Oracle software environments in locations not authorized by license, the use of one licensee's software other than to support the licensee's own internal data processing operations, and downloading files in violation of Oracle's terms of use.  Oracle is seeking an injunction following the jury verdict in the original lawsuit to prevent Rimini from continuing its illegal support practices.  There is also a second lawsuit between Oracle and Rimini filed in 2014 concerning Rimini's current business practices.[2]  Oracle will continue to aggressively pursue its claims in the second lawsuit pending against Rimini for the infringement and other misconduct that Oracle has alleged occurred after the dates at issue in the first trial and continue to this day.

Throughout this litigation, in addition to Rimini's infringement and illegal downloading practices, other deceptive conduct by Rimini has come to light.  For example, in one of its rulings the Court held that "Rimini intentionally concealed its identity" from Oracle in software requests in order "to allow Rimini to create development environments to service Rimini's customers without Oracle's knowledge." *Id.* at 1126.  The Court's findings also have contradicted Rimini's past statements regarding its use of Oracle software.  Rimini Street claimed in court filings and in numerous communications to its customers that "each client is assigned a separate data 'silo' where Oracle Software and Support Materials for only that client are maintained."  Yet, at trial, Seth Ravin admitted that Rimini shared Oracle software and support materials between customers "all the time."  Trial Tr. (Sep. 17, 2015) at 551:10-552:5.  And, in a prior ruling in March of 2013, the Court found that Rimini admitted to maintaining a software library used to support multiple customers.  The Court also found that Rimini intentionally deleted this software library well after Rimini was on notice of potential litigation and aware that the software library was potentially relevant evidence.  The Court sanctioned Rimini for destroying this evidence.  *Oracle USA, Inc., et al. v. Rimini Street, Inc., et al.*, Case No. 2:10-cv-00106-LRH-PAL (D. Nev., Mar. 29, 2013), Dkt. 466.

---

[2] Oracle's claims against Rimini in this second lawsuit can be located at *Oracle USA, Inc. Rimini Street, Inc. v. Oracle International Corporation*, No. 2:14-CV-01699 (Feb. 17, 2015), Dkt. 22.

Kenneth McLaren, Esq.
March 8, 2016
Page 3

Given the Court's ruling that Rimini had engaged in illegal business practices and attempts to conceal its true conduct from its customers, Oracle, and the Court, Oracle requests that Saint Francis Hospital & Medical Center carefully consider the Court's rulings and perform a thorough review of the relevant software licenses and Oracle terms of use when exploring its support options.  Oracle also requests that Saint Francis Hospital & Medical Center perform a thorough investigation of Rimini Street's support practices, including how Rimini Street downloads, creates, tests, and applies any software updates or patches and how it develops the know-how to create those materials.  Saint Francis Hospital & Medical Center should then independently determine whether Rimini's support for Saint Francis Hospital & Medical Center's licensed Oracle software complies with the license terms and Oracle terms of use, including (1) whether Rimini's support processes make use of environments other than those located on Saint Francis Hospital & Medical Center's servers and (2) whether Rimini's development and testing makes use of Saint Francis Hospital & Medical Center's software environments to support other customers or some other customer's software environment to support Saint Francis Hospital & Medical Center.  Ultimately, as the licensee of Oracle software, it is Saint Francis Hospital & Medical Center's responsibility to ensure that the terms of its Oracle license are upheld.

If Oracle learns that Saint Francis Hospital & Medical Center's copies of Oracle software have been used by Rimini to infringe Oracle's copyrights, or if Oracle learns that Saint Francis Hospital & Medical Center receives materials from Rimini that infringe Oracle's copyrights, Oracle reserves all rights, including without limitation the right to seek to enjoin Saint Francis Hospital & Medical Center from continuing to use infringing materials.  Oracle realizes that most customers would not intentionally infringe Oracle's intellectual property rights or want to be in the position of being subject to an injunction or lawsuit.  Oracle wants to ensure that you are aware of the depth and seriousness of these issues and the Court's rulings.  To that end, we are available to discuss these serious issues and answer any questions you might have at your convenience.

Very truly yours,

Daryl M. Crone

cc:     Steve Tenner, via email (STenner@StFrancisCare.org)