**Exhibit 1 – ORACLE'S MOTION FOR REASSIGNMENT OF MATTERS TO MAGISTRATE JUDGE PEGGY A. LEEN and supporting declaration, filed in *Rimini v. Oracle*, Case No. 2:14-cv-01699-LRH-CWH**

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone:     702.382.7300<br>Facsimile:      702.382.2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>BEKO O. REBLITZ-RICHARDSON<br>   (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone:     510.874.1000<br>Facsimile:      510.874.1460<br>sholtzman@bsfllp.com<br>brichardson@bsfllp.com<br><br>Attorneys for Counterclaimant Oracle America, Inc. and Defendant and Counterclaimant Oracle International Corp. | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>NITIN JINDAL (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA  94105<br>Telephone:     415.442.1000<br>Facsimile:      415.442.1001<br>thomas.hixson@morganlewis.com<br>john.polito@morganlewis.com<br>nitin.jindal@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:     650.506.4846<br>Facsimile:      650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC.,<br>           Plaintiff,<br>   v.<br>ORACLE INTERNATIONAL CORPORATION,<br>           Defendant.<br><br>ORACLE AMERICA, INC., *et al.*,<br>           Counterclaimants,<br>   v.<br>RIMINI STREET, INC., *et al.*,<br>           Counterdefendants.<br><u>*And Related Cases*</u><br>**Case No. 2:10-cv-0106-LRH-VCF**<br>ORACLE USA, INC.; ORACLE AMERICA, INC.; and ORACLE INTERNATIONAL CORPORATION,<br>           Plaintiff,<br>   v.<br>RIMINI STREET, INC. and SETH RAVIN,<br>           Defendants. | Case No.  2:14-cv-01699-LRH-CWH<br><br>**ORACLE'S MOTION FOR REASSIGNMENT OF MATTERS TO MAGISTRATE JUDGE PEGGY A. LEEN** |

| | |
|---|---|
| 1 | **Case No. 3:16-CV-00543-LRH-CWH** |
| 2 | COLBECK CAPITAL MANAGEMENT, |
| 3 |    Third-Party Movant, |
|   |  v. |
| 4 | ORACLE INTERNATIONAL CORPORATION and ORACLE AMERICA, INC., |
| 5 |    Respondents. |

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES**
**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ........................................... 2

III. LEGAL STANDARD ............................................................................................. 3

IV. ARGUMENT ........................................................................................................... 4

    A. Judge Leen Has Extensive Experience Adjudicating This Action and Rimini I ................................................................................................. 4

    B. Transferring The Case Back To Judge Leen Will Not Result In Waste Or Inefficiency ......................................................................................... 7

    C. There Is No Lack Of Impartiality That Would Warrant Permanent Disqualification ................................................................................................ 7

V. CONCLUSION ........................................................................................................ 7

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES**
**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Newport News Holdings Corp. v. Virtual City Vision, Inc.*,
    650 F.3d 423 (4th Cir. 2011) .................................................................................... 3, 4

*Oracle v. Rimini*,
    Case No. 2:10-cv-00106 (D. Nev.) ......................................................... 1, 2, 4, 5

*United States v. Quinones*,
    No. 2:16-CR-00116, 2016 WL 4413149 (S.D.W. Va. Aug. 16, 2016) ..................... 4

**STATUTES**

28 U.S.C. § 455 ................................................................................................................. 4, 7

**OTHER AUTHORITIES**

Code of Conduct for United States Judges, Canon 3(C)(1) ........................................ 4, 7

Administrative Office of the United States Court, THE SELECTION, APPOINTMENT, AND
    REAPPOINTMENT OF UNITED STATES MAGISTRATE JUDGES ....................................... 7

Advisory Opinion, No. 97 of the Guide to Judiciary Policy, Committee on Code of Conduct for
    United States Judges .................................................................................................. 3, 7

**NOTICE OF MOTION AND MOTION**[1]

Pursuant to Federal Rule of Civil Procedure 7(b) and Local Rule 7-2, Counterclaimant Oracle America, Inc. and Defendant and Counterclaimant Oracle International Corporation (collectively "Oracle") respectfully move the Court for an order reassigning this matter ("*Rimini II*") to Magistrate Judge Peggy A. Leen.[2]

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

On May 2, 2016, Chief Judge Navarro entered an order appointing W. West Allen, counsel for Rimini Street, Inc. and Seth Ravin, as Chairperson of the merit selection panel considering Judge Leen's reappointment. Pursuant to Canon 3D of the Code of Conduct for United States Judges, Judge Leen ordered the parties to file a "statement of whether or not all parties agree to remittal." ECF No. 217 at 2. Because the parties were unable to agree to remittal of Judge Leen's interim disqualification, Judge Leen temporarily recused herself from this action and Magistrate Judge Carl W. Hoffman was appointed.

Oracle is advised that Judge Leen's reappointment has been confirmed and the need for Judge Leen's recusal has ended. Accordingly, Oracle respectfully requests that the Court reassign Judge Leen to this matter because reassignment would promote judicial economy and diminish the likelihood of inconsistent results, for several reasons.

---

[1] All "ECF" cites are to the *Rimini II* docket unless otherwise indicated.

[2] With this motion, Oracle also seeks reassignment of two related cases to Judge Leen: *Oracle v. Rimini*, Case No. 2:10-cv-00106 (D. Nev.) ("*Rimini I*"), and *Colbeck v. Oracle*, Case No. 3:16-cv-00543 (D. Nev.) ("Colbeck's Motion to Quash").

Regarding reassignment of *Rimini I*, there are several grounds supporting this request. First, the Court has already found that *Rimini I* and *Rimini II* are related cases and that judicial economy would be served by assigning both cases to Judge Hicks and Magistrate Judge Leen. *See* ECF No. 52. Second, all of the reasons outlined below apply equally, if not more so, to *Rimini I*: (i) Judge Leen has even more extensive experience adjudicating *Rimini I* which has been pending since 2010, and (ii) the current magistrate judge has not made any rulings in that case since Judge Leen's temporary recusal. Third, there are still unresolved issues in *Rimini I* which may necessitate enforcement or other post-judgment proceedings. *See Rimini I*, ECF Nos. 1049 (granting Oracle's motion for permanent injunction and awarding Oracle prejudgment interest and attorneys' fees); 1072 (temporarily staying injunction pending a ruling on Rimini's motion for a stay).

Regarding Colbeck's Motion to Quash, it concerns the enforcement of a subpoena Oracle served in *Rimini II*, where the motion to quash was filed in another court and then transferred here pursuant to Federal Rules of Civil Procedure, Rule 45(f). It is not really a separate "case" from *Rimini II*. *See* ECF No. 298 (Oracle's notice of related cases).

1

First, Judge Leen has extensive experience over the past six years presiding over this action ("*Rimini II*") and the prior, related case, *Oracle v. Rimini*, Case No. 2:10-cv-00106 (D. Nev.) ("*Rimini I*"). Both cases involve complex technical and legal issues, which necessitate extensive discovery. For this reason, the parties agreed at the outset of *Rimini II* that "assignment of this matter to . . . Magistrate Judge Leen 'would be likely to effect a savings of judicial effort and other economies, and [would] diminish the likelihood of inconsistent results.'" ECF No. 48 (Stipulated Discovery Plan & Proposed Scheduling Order).

Judge Leen's many status conferences with the parties and concurrent discovery rulings reveal an intimate familiarity with the claims and defenses in this action, as well as an in-depth understanding of the basis for prior discovery in both cases. Thus, Judge Leen often referenced the parties' prior discovery disputes and her resolution of them to ensure both efficiency and consistency. Based on Judge Leen's comprehensive knowledge of the case background, the parties, salient issues in the case, and prior discovery issues, reassignment of this case would promote judicial efficiency and decrease the likelihood of inconsistent rulings.

Second, while *Rimini II* has been assigned to Judge Hoffman during Judge Leen's recusal, he has not issued any substantive rulings during Judge Leen's temporary absence.[3] It would be inefficient and a waste of judicial resources for Judge Hoffman to invest the time and resources necessary to familiarize himself with the record in this action in view of Judge Leen's extensive experience with it and with the informing record in *Rimini I*.

For these reasons, Oracle respectfully requests this matter be reassigned to Judge Leen.[4]

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Magistrate Judge Leen has presided over this action ("*Rimini II*") and the related case, *Oracle v. Rimini*, Case No. 2:10-cv-00106 (D. Nev.) ("*Rimini I*"), for more than six years. On May 2, 2016, the Chief Judge entered an order appointing a panel to consider the reappointment

---

[3]   On October 13, 2016, Judge Hoffman set two pending motions to compel in *Rimini II* and Colbeck's motion to quash for hearing on December 16, 2016.

[4]   Although the order assigning this case to Judge Hoffman was issued by Chief Judge Navarro, Oracle has been advised by the Chief Judge's Courtroom Administrator that a motion to reassign is properly directed to the District Judge assigned to the case, i.e., the Hon. Larry Hicks.

of Judge Leen (the "Panel"). *See* ECF No. 217. The order appointed W. West Allen, counsel for Rimini and Ravin (collectively, "Rimini"), as the Chairperson of the Panel. *Id*.

Advisory Opinion, No. 97 of the Guide to Judiciary Policy, Committee on Code of Conduct for United States Judges, advises a magistrate judge to recuse herself, subject to remittal under Canon 3D of the Code of Conduct, from any case involving an attorney or a party who is presently a member of her reappointment panel. Accordingly, on May 5, 2016, Judge Leen ordered the parties to file a "statement of whether or not all the parties agree to remittal" of Judge Leen's disqualification based on Mr. Allen's membership on the Panel, and ordered that the parties "shall not identify any individual or party who agree or does not agree." *Id*. Accordingly, parties submitted a joint statement stating simply that parties were "unable to agree to remittal under Canon 3D" but did not reveal which party or parties disagreed. ECF No. 223. Thus, Judge Leen recused herself, and Magistrate Judge Carl W. Hoffman was appointed on May 17, 2016. *See* ECF Nos. 223-225.

Oracle was advised on October 3, 2016 that the work of the committee assessing Judge Leen's reappointment was completed, and that the District Court had approved her appointment to a new term. Pocker Decl. ¶ 4. Because there was no longer any reason for recusal, this motion followed.

## III.  LEGAL STANDARD

Recusal is temporary under Advisory Opinion No. 97. The Advisory Opinion instructs that "recusal would be required only during that period of time when reappointment is under consideration by the panel and court." Advisory Op. No. 97. Thus, "after reappointment the magistrate judge is not required to recuse" unless some other reason for recusal applies. *Id*.; *see also Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 433 (4th Cir. 2011) (rejecting argument that counsel's prior involvement on reappointment committee is grounds for recusal). For example, "in the *unlikely* event that during the selection process something were to occur between a panel member and the magistrate judge that bears directly on the magistrate judge's ability to be, or to be perceived as being, fair and impartial in any case involving that panel member," then the magistrate judge would have to evaluate the facts to

determine whether further recusal is warranted. Advisory Op. No. 97 (emphasis supplied).

Continued recusal is only warranted where "the judge's impartiality might reasonably be questioned." Canon 3(C)(1) of the Code of Conduct for United States Judges; *see also* 28 U.S.C. § 455(a). This is examined under "an objective standard that asks 'whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances.'" *Newport News Holdings*, 650 F.3d at 433 (quoting *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998)). Thus, "[a] judge is not required to recuse himself merely on the basis of unsupported, irrational, or highly tenuous speculation." *United States v. Quinones*, No. 2:16-CR-00116, 2016 WL 4413149 (S.D.W. Va. Aug. 16, 2016) (inner quotation and citation omitted). Similarly, "the reasonable observer is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." *Id.* (inner quotation and citation omitted).

## IV.   ARGUMENT

Oracle requests this case be reassigned to Judge Leen because Judge Leen already has invested time and energy to learn the record in this case and *Rimini I*, and judicial resources would not be wasted because Judge Hoffman has not yet ruled substantively on any issue in this case during Judge Leen's temporary absence.

### A.   Judge Leen Has Extensive Experience Adjudicating This Action and *Rimini I*

In this case and *Rimini I*, the parties have proceeded before Judge Hicks and Magistrate Judge Leen for the last six and half years. Accordingly, Judge Leen has gained familiarity with the technologies and issues that are at the core of both cases, and has issued substantive orders regarding the scope and methods of discovery in both cases.

Based upon Oracle's experience litigating *Rimini I*, Oracle anticipates that *Rimini II* will require similar robust and extensive discovery to provide the basis for a fair trial.[5] In *Rimini I*, Oracle prevailed at trial after "20 months of discovery during which the parties deposed over 50

---

[5]   *See, e.g.*, *Rimini I*, ECF No. 109 (September 21, 2010) (ordering 20 7-hour depositions, 40 interrogatories per side); *id.*, ECF No. 142 (May 19, 2011) (ordering 20 customer depositions); *id.*, ECF No. 163 (September 19, 2011) (ordering four additional depositions of noncustomers and 250 Requests for Admission per side).

ORACLE'S MOTION FOR REASSIGNMENT AND MEMORANDUM OF POINTS AND AUTHORITIES
DB3/ 201115370

witnesses, produced documents from over 100 custodians, exchanged hundreds of pages of written discovery, conducted significant forensic analysis, and spent thousands on hours of expert analysis." *Rimini I*, ECF No. 488 at 5-6; *see also id.*, ECF No. 1049 at 19 ("time billed by [Oracle] counsel was reasonable for such a complex litigation").  Just as *Rimini I*, this matter involves copyright claims that span a large number of copyright registrations, non-copyright claims directed at Rimini's sales activities and provision of support, multiple software product lines, and hundreds of customers, each of which may represent hundreds of thousands if not millions of dollars in revenue.

The scope of *Rimini II* and the attendant scope of discovery are even broader than in *Rimini I* because it covers additional product lines and customers.  In *Rimini II*, current discovery already includes: 153 requests for production of documents and 6 interrogatories from Rimini to Oracle; 210 requests for production of documents and 12 interrogatories from Oracle to Rimini; 51 requests for production of documents from Oracle to Ravin; and over 400 third-party subpoenas served by the parties.

To manage the extensive discovery required by the case, the parties have appeared numerous times before Judge Leen with disputes regarding the methods and scope of discovery. Judge Leen has held periodic status conferences since the inception of the case to resolve substantive disputes between the parties without formal motion practices.  *See* ECF No. 100, Aug. 28, 2015 Hrg. Tr. at 28:4-9 ("I'm going to do what I did in [*Rimini I*], is periodic status and dispute resolution hearings so that we can move this case and we don't have to wait for a formal motion practice to resolve discovery disputes"); ECF No. 147, Jan. 12, 2016 Hrg. Tr. at 43:17-20 ("I'm going to continue to hold status conferences every 30 days.").  Prior to each status conference, the parties submitted joint status reports apprising Judge Leen of discovery progress and pending disputes, including motions to compel and oppositions to those motions.  Both sides frequently relied upon prior discovery that was the subject of Judge Leen's guidance in *Rimini I*. They then appeared before Judge Leen to discuss the issues raised in the joint status reports and seek resolution of them.

The status conferences informed Judge Leen's discovery orders and covered a wide range

of issues.  *See*, *e.g*., ECF Nos. 93 (Minutes of July 13, 2015 Conference) (discussing various aspects of discovery plan); 123 (Dec. 15, 2015 Hrg. Tr. 34:12-21) (stating inclination to rule based on the parties' oral presentations and Judge Leen's knowledge of discovery produced to date).  The parties provided substantive updates on the latest developments in their discovery exchanges, and – after hearing the parties' respective positions – Judge Leen ruled on the pending disputes between them.  *See, e.g.,* ECF Nos. 148 (Minutes of Jan. 12, 2016 Status Conference); 179 (Minutes of Feb. 24, 2016 Status Conference); 200 (Minutes of April 5, 2016 Status Conference).

Many of Judge Leen's rulings are explicitly informed by her knowledge and expertise regarding discovery in *Rimini I*.  At the October 26, 2016 Status Conference, for example, Judge Leen ruled on Rimini's motions to compel disclosure of information regarding non-Rimini customers and limited discovery to documents regarding Rimini's customers in part based upon consideration of the scope of discovery and the verdict in *Rimini I*.  *See* ECF No. 112 (Oct. 26, 2016 Hrg. Tr.) at 11:11-14 ("we would like to do in this case what we did in the first case, which is that we would search for and produce documents concerning Rimini's customers"); *see also id.* at 13:4-8; 13:24-14:3; 17:24-19:11; 29:20-34:25.   Likewise, Judge Leen ruled on Rimini's motion for protective order limiting the number of third-party subpoenas, based on positions Rimini took in the *Rimini I* trial, noting that Rimini "defended *Rimini I* pointing out that [Oracle] didn't ask every single customer that [Rimini] had and, as a result, this a proof issue . . . if [Rimini] is going to argue that they need to know the answer for every customer, then [Oracle is] going to contact every customer."  ECF No. 170 (Feb. 24, 2016 Hrg. Tr.) at 36:10-17; *see also id.* at 49:13-50:4; 99:6-9.

The parties agreed at the outset that "assignment of this matter to . . . Magistrate Judge Leen 'would be likely to effect a savings of judicial effort and other economies, and [would] diminish the likelihood of inconsistent results.'"  ECF No. 48 (Stipulated Discovery Plan & Proposed Scheduling Order).  That rationale has not changed; reassignment of this case (and *Rimini I*) to Judge Leen would serve the convenience of the parties and would promote overall judicial efficiency.

### B. Transferring The Case Back To Judge Leen Will Not Result In Waste Or Inefficiency

Since his appointment in the case, Judge Hoffman has entered six orders – a stipulation and proposed order entering a revised case schedule overseen by Judge Leen in a prior hearing (ECF No. 227), and various orders on motions to seal (ECF Nos. 240, 380, 281, 282, 287). Although the parties have briefed two motions to compel, those motions are still pending.

In view of Judge Hoffman's limited tenure on the case, the absence of any substantive rulings, and the Advisory Opinion's directive that recusal be required only during the period of time when reappointment is under consideration, Oracle respectfully requests the matter be reassigned to Judge Leen.

### C. There Is No Lack Of Impartiality That Would Warrant Permanent Disqualification

Finally, there is no evidence – indeed, no suggestion – that Judge Leen has any biases toward any party or that she lacks impartiality. As part of the reappointment process, the panel "reviews the incumbent's performance in office as a magistrate judge." *See* Administrative Office of the United States Court, THE SELECTION, APPOINTMENT, AND REAPPOINTMENT OF UNITED STATES MAGISTRATE JUDGES, at 39. Judge Leen's recent reappointment confirms that after careful review, she meets all qualifications, including "[f]airness and commitment to equal justice for all people," "[i]mmunity from undue influence," and a "[r]eputation for proprietary and integrity." *Id*. at 27.

Moreover, Oracle is not aware of any event or action during the selection process which would call into question Judge Leen's impartiality. The applicable rules clearly anticipate that the matter would be reassigned to Judge Leen once her reappointment was confirmed in accordance with Advisory Opinion No. 97. *See* ECF Nos. 241 at n. 1; 256 at 3. There is, therefore, no indication that Judge Leen's "impartiality might reasonably be questioned" as a result of her temporary recusal from this matter. Canon 3(C)(1) of the Code of Conduct for United States Judges; *see also* 28 U.S.C. § 455(a).

### V. CONCLUSION

Considering (i) Judge Leen's extensive experience resolving issues both broad and

7

intricate in this action and in *Rimini I*, (ii) that there have been no rulings of substance by Magistrate Judge Hoffman in this matter over his brief tenure, (iii) the Advisory Opinion's directive that recusal be required only during the period of time when reappointment is under consideration, and (iv) the absence of any basis upon which to assert – much less establish – that Judge Leen has exhibited bias or lacks impartiality, Oracle respectfully requests that this case and *Rimini I* be reassigned to Judge Leen.

DATED:  October 19, 2016                                    MORGAN, LEWIS & BOCKIUS LLP


By:_____/s/ Thomas S. Hixson_____

Attorneys for Counterclaimant Oracle America, Inc. and Defendant and Counterclaimant Oracle International Corporation

## CERTIFICATE OF SERVICE

I certify that on October 19, 2016, I electronically transmitted the foregoing ORACLE'S MOTION FOR REASSIGNMENT OF MATTERS TO JUDGE PEGGY A. LEEN AND MEMORANDUM OF POINTS AND AUTHORITIES to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel are CM/ECF registrants.

DATED:  October 19, 2016        MORGAN, LEWIS & BOCKIUS LLP


By:            /s/ Thomas S. Hixson

Attorneys for Counterclaimant Oracle America, Inc. and Defendant and Counterclaimant Oracle International Corporation

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone:  702.382.7300<br>Facsimile:   702.382.2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>BEKO O. REBLITZ-RICHARDSON<br>  (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone:  510.874.1000<br>Facsimile:   510.874.1460<br>sholtzman@bsfllp.com<br>brichardson@bsfllp.com<br><br>Attorneys for Counterclaimant Oracle America, Inc. and Defendant and Counterclaimant Oracle International Corp. | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>NITIN JINDAL (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA  94105<br>Telephone:   415.442.1000<br>Facsimile:    415.442.1001<br>thomas.hixson@morganlewis.com<br>john.polito@morganlewis.com<br>nitin.jindal@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:   650.506.4846<br>Facsimile:    650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC.,<br>       Plaintiff,<br>    v.<br>ORACLE INTERNATIONAL CORPORATION,<br>       Defendant.<br><br>ORACLE AMERICA, INC., *et al.*,<br>       Counterclaimants,<br>    v.<br>RIMINI STREET, INC., *et al.*,<br>       Counterdefendants.<br><br><u>*And Related Cases*</u><br><br>**Case No. 2:10-cv-0106-LRH-VCF**<br><br>ORACLE USA, INC.; ORACLE AMERICA, INC.; and ORACLE INTERNATIONAL CORPORATION,<br>       Plaintiff,<br>    v.<br>RIMINI STREET, INC. and SETH RAVIN,<br>       Defendants. | Case No.  2:14-cv-01699-LRH-CWH<br><br>**DECLARATION OF RICHARD POCKER IN SUPPORT OF ORACLE'S MOTION FOR REASSIGNMENT OF MATTERS TO MAGISTRATE JUDGE PEGGY A. LEEN** |

| |
|---|
| **Case No. 3:16-CV-00543-LRH-CWH**<br><br>COLBECK CAPITAL MANAGEMENT,<br>          Third-Party Movant,<br>    v.<br>ORACLE INTERNATIONAL CORPORATION and ORACLE AMERICA, INC.,<br>          Respondents. |

I, Richard J. Pocker, have personal knowledge of the facts stated below and hereby declare:

1. I make this declaration based on personal knowledge, and based on the record of this litigation, in support of Oracle's Motion For Reassignment Of Matters To Magistrate Judge Peggy A. Leen.

2. I am a partner at Boies, Schiller & Flexner LLP and counsel for Counterclaimant Oracle America, Inc. and Defendant and Counterclaimant Oracle International Corp. in this action ("*Rimini II*").

3. I am also counsel for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. in the related matter *Oracle v. Rimini*, Case No. 2:10-cv-0106-LRH-VCF (D. Nev.) ("*Rimini I*"), and Respondents Oracle America, Inc. and Oracle International Corp. in the related matter, *Colbeck v. Oracle*, Case No. 3:16-cv-00543-LRH-CWH (D. Nev.) ("Colbeck's Motion to Quash").

4. On October 3, 2016, I spoke with Lance Wilson the Court Executive for the District of Nevada, who advised me that the committee considering Judge Leen's reappointment had completed its work and report, and that the District Court had approved Judge Leen's appointment to a new term, to commence at the end of her present term. I inquired as to whether there was a publicly filed order or document to that effect, but Mr. Wilson said he was not aware of one. He stated that I could just reference the information that he had provided in support of that fact.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: October 19, 2016                    BOIES, SCHILLER & FLEXNER LLP


By:  _____/s/ Richard J. Pocker_____
                    Richard J. Pocker

POCKER DECLARATION ISO MOTION FOR REASSIGNMENT OF MATTERS TO MAGISTRATE JUDGE PEGGY A. LEEN

DB3/ 201132888