BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
thomas.hixson@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S MOTION TO STRIKE PORTIONS OF RIMINI'S REPLY IN SUPPORT OF MOTION TO STAY AND THE SUPPORTING DECLARATION OF BRIAN J. SLEPKO OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SURREPLY**<br><br>Judge: Hon. Larry R. Hicks<br><br>*PUBLIC REDACTED VERSION* |

# TABLE OF CONTENTS

**Page**

Notice of Motion and Motion ................................................................................................ 1
Memorandum of Points and Authorities ................................................................................ 1
    I.    Introduction .................................................................................................... 1
    II.   Legal standard ................................................................................................ 2
    III.  The Slepko Declaration and Accompanying Reply Brief Argument Are Inadmissible and Should Be Stricken ............................................................ 3
        A.    Rimini Has Improperly Presented New Argument and Evidence for the First Time in Its Reply Brief ........................................................... 3
        B.    Mr. Slepko's Statements Are Not Admissible Evidence ...................... 4
    IV.  Alternatively, Oracle Requests Leave to File a Surreply ............................... 5
    V.   Conclusion ..................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Atigeo LLC v. Jonas*,
   No. C08-0679RAJ, 2008 WL 4643811 (W.D. Wash. Oct. 20, 2008) ........................................ 3

*Carmen v. San Francisco Unified Sch. Dist.*,
   237 F.3d 1026 (9th Cir. 2001) ................................................................................................. 5

*Docusign, Inc. v. Sertifi, Inc.*,
   468 F.Supp.2d 1305 (W.D.Wash. 2006) .................................................................................. 3

*Graves v. Arpaio*,
   623 F.3d 1043 (9th Cir. 2010) ............................................................................................ 2, 4

*Joseph Paul Corp. v. Trademark Custom Homes, Inc.*,
   No. 3:16-CV-1651-L, 2016 WL 4944370 (N.D. Tex. Sept. 16, 2016) ..................................... 3

*Kanvick v. City of Reno*,
   No. 3:06-CV-00058-RAM, 2008 WL 873085 (D. Nev. Mar. 27, 2008) ................................. 3

*Pacquiao v. Mayweather*,
   No. 09-CV-2448, 2010 WL 3271961 (D. Nev. Aug. 13, 2010) .............................................. 2

*Provenz v. Miller*,
   102 F.3d 1478 (9th Cir. 1996) ............................................................................................ 3, 5

*Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co.*,
   252 F. Supp. 2d 917 (D. Ariz. 2003) ....................................................................................... 4

*Wallace v. Countrywide Home Loans, Inc.*,
   No. SACV 08-1463 AG MLGX, 2009 WL 4349534 (C.D. Cal. Nov. 23,
   2009) ........................................................................................................................................ 3

**OTHER AUTHORITIES**

Fed. R. Evid. 602 ............................................................................................................................ 4

Fed. R. Evid. 1101 .......................................................................................................................... 4

**NOTICE OF MOTION AND MOTION**

Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation (together, "Oracle") move to strike portions of Rimini's reply brief (ECF No. 1079 at 3:26-5:2) and the supporting declaration of Brian Slepko (ECF No. 1079-1). In the alternative, Oracle moves for leave to file a surreply in opposition to Rimini's motion to stay enforcement of the injunction entered in this matter on October 11, 2016.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities incorporated herein, the attached Exhibit A, the supporting declaration of Frank Kennamer, documents incorporated by reference, the entire record in this action, matters appropriate for judicial notice, and any evidence or argument presented on reply.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Oracle first moved for an injunction on October 21, 2015. ECF No. 900. After full briefing and oral argument, the Court granted Oracle's motion on September 21, 2016 and issued a permanent injunction on October 11, 2016. Meanwhile, on September 22 and October 12, 2016, after having the terms of Oracle's proposed injunction in its hands for nearly one year, Rimini represented in its press releases that the injunction would have "*no expected impact* on any current or future service offering." ECF No. 1073-2, 1073-3 (Rimini press releases) (emphasis added). Yet, two days after the Court entered the injunction, Rimini moved for an "emergency" stay of the injunction, speculating that it could suffer harm from the injunction if Oracle were to misrepresent the terms of the injunction or attempt to improperly enforce it. ECF No. 1069 at 7:8-9:25. Oracle opposed Rimini's motion by pointing out the contradiction between Rimini's public statements about the effect of the injunction and Rimini's claimed need for emergency relief, arguing that Rimini failed to meet the "bedrock requirement" of proving that it was more likely than not to suffer irreparable harm. ECF No. 1073 at 4:11-19, 8:12-10:27.

In its reply brief Rimini now acknowledges that the injunction *will*, in fact, have an "impact" on Rimini's "current or future service offering." In short, Rimini admits that its current support practices violate the injunction, and it will have to change them in order to comply with

the terms of the injunction.  ECF No. 1079 at 4:7-8 ("good-faith compliance with the injunction would require Rimini to modify its processes *once again*"); ECF No. 1079-1 (Slepko Decl.), ¶ 4 ("The permanent injunction entered by the Court on October 11, 2016 would require Rimini to further modify its support processes for Oracle products.").

Rimini's new argument and evidence should be stricken as improper new material presented for the first time on reply and also for lack of foundation.  Rimini now asserts irreparable harm from the injunction based on its new admission that it will have to "modify" its support practices.  To support this new claim, Rimini cites a new, conclusory declaration from Rimini employee Brian Slepko stating that compliance with the injunction will cost Rimini $1-4 million annually.  ECF No. 1079-1, ¶ 5.  Rimini could have submitted this evidence with its motion, but it chose not to do that.  It should not be permitted to put in new evidence now.

Mr. Slepko's declaration, in addition to being procedurally improper, lacks foundation as it fails to identify which terms of the injunction Rimini's current processes violate, nor does he offer any explanation as to why complying would cost Rimini up to $4 million.  Mr. Slepko's declaration is also irrelevant to the issues in Rimini's original motion.

Thus, Oracle respectfully requests that the Court strike Rimini's improper new argument (ECF No. 1079 at 4:7-5:2, 6 at n.2) and Mr. Slepko's declaration supporting its reply in support of its emergency motion to stay the injunction (ECF No. 1079-1).  In the alternative, Oracle requests that the Court grant Oracle leave to file a surreply, attached hereto as Exhibit A.  As explained in the surreply, Rimini's reply and the newly-submitted evidence confirm that there is no irreparable harm and undermine Rimini's request for any stay.

## II.    LEGAL STANDARD

A moving party is not permitted to offer new evidence or arguments in its reply.  *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("arguments raised for the first time in a reply brief are waived"); *Pacquiao v. Mayweather*, No. 09-CV-2448, 2010 WL 3271961, at *1 (D. Nev. Aug. 13, 2010) (Hicks, J.) (granting motion to strike where new evidence was submitted in reply and defendants did "not establish[] that the evidence could have only been provided in response to [plaintiff's] opposition").  This rule applies to new arguments and evidence regarding

irreparable harm, which are properly presented in the first instance in support of a motion. *Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D.Wash. 2006) (granting motion to strike declarations regarding irreparable harm because this issue "should have been addressed in the opening brief, and the new evidence is inappropriate for Reply"); *Joseph Paul Corp. v. Trademark Custom Homes, Inc.*, No. 3:16-CV-1651-L, 2016 WL 4944370, at *15 (N.D. Tex. Sept. 16, 2016) (declining to consider new arguments and evidence on irreparable harm because this evidence "could have been presented in the first instance in support of [the] Motion"); *Atigeo LLC v. Jonas*, No. C08-0679RAJ, 2008 WL 4643811, at *2-3 (W.D. Wash. Oct. 20, 2008) (same). Thus, courts routinely exclude from consideration new evidence presented for the first time in a movant's reply brief, reasoning that "[t]he opposing party should not have to incur the cost and effort of additional filings . . . because the movants deliberately . . . held back part of their case." *Wallace v. Countrywide Home Loans, Inc.*, No. SACV 08-1463 AG MLGX, 2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009) (quotations omitted) (declining to consider new evidence presented for the first time on reply).

Should the Court decide to consider new argument or evidence presented for the first time on reply, it should give "the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (citation omitted). A surreply is permitted "to address new matters raised in a reply to which a party would otherwise be unable to respond." *Kanvick v. City of Reno*, No. 3:06-CV-00058-RAM, 2008 WL 873085, at *1, n.1 (D. Nev. Mar. 27, 2008), *aff'd sub nom. Kanvick v. Reno City Police*, 339 F. App'x 745 (9th Cir. 2009).

### III. THE SLEPKO DECLARATION AND ACCOMPANYING REPLY BRIEF ARGUMENT ARE INADMISSIBLE AND SHOULD BE STRICKEN

#### A. Rimini Has Improperly Presented New Argument and Evidence for the First Time in Its Reply Brief

A simple comparison of Rimini's argument for irreparable injury in its opening brief (ECF No. 1069 at 7:8-9:25) with its argument for irreparable injury in its reply brief (ECF No. 1079 at 3:26-5:24) shows clearly that Rimini's argument that it would suffer $1-4 million in irreparable harm because it would have to change its support practices to comply with the terms

3
ORACLE'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SURREPLY

of the injunction is entirely new to Rimini's reply brief.  Rimini's opening brief bases its claim of irreparable harm on two arguments:  (1) that the allegedly vague terms of the injunction could allow Oracle to spread "FUD" among Rimini's customers (ECF No. 1069 at 7:27-8:16), and (2) that Oracle supposedly threatened (based on Rimini's deliberate misreading of the hearing transcript) to use the injunction to enforce "borderline" infringing conduct (*id.* at 8:17-9:24).  Nowhere in its opening brief did Rimini claim that it would incur up to $4 million in costs to comply with the terms of the injunction.  Rimini made that argument for the first time in its reply (ECF No. 1079 at 3:26-5:24).  Presentation of this new argument and evidence for the first time in a reply brief is improper, and the new argument and evidence should be stricken.  *See Graves*, 623 F.3d at 1048.

### B. Mr. Slepko's Statements Are Not Admissible Evidence

Mr. Slepko's declaration also should be stricken because it provides only speculation and conclusory statements without any facts to establish the basis of his statements.  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602; *see also* Fed. R. Evid. 1101.

Rimini now states that it would incur "substantial expense" to modify its processes to comply with the injunction (ECF No. 1079 at 4:7-10).  Rimini's only evidence for this claim is Mr. Slepko's declaration.  *Id.* at 4:10, 6 at n.2.  In his declaration, Mr. Slepko merely states that Rimini "is examining its current processes" and "has identified a series of additional modifications" that he *estimates* "would cost Rimini at least $1 million and up to $4 million per year to implement."  ECF No. 1079-1, ¶¶ 4-5.  But Mr. Slepko fails to provide any indication as to (1) what terms of the injunction Rimini's current processes violate, (2) which of Rimini's support processes violate those terms, (3) what modifications Rimini would have to implement in order to comply, or (4) any details about how he arrived at the *estimation* that those modifications would cost Rimini up to $4 million annually. Thus, Mr. Slepko's declaration lacks the necessary evidence "to support a finding that [he] has personal knowledge" regarding the cost of compliance, and should be stricken.  *See* Fed. R. Evid. 602; *see also Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co.*, 252 F. Supp. 2d 917, 924 (D. Ariz. 2003) ("In the Ninth

1  Circuit, regardless of the source of evidence, proper foundation must be laid."); *Carmen v. San*
2  *Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) ("A plaintiff's belief . . .
3  without evidence supporting that belief, is no more than speculation").
4        Further, notwithstanding his long-held position at Rimini, ████████████
5  ████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████
10 ██████████████████████████████
11       The lack of foundation for the Slepko Declaration is particularly significant given that
12 Mr. Slepko has proven himself to be an unreliable witness. Mr. Slepko, who "oversee[s] the
13 development and delivery to clients of software source code fixes and updates" (ECF No. 1079-
14 1, ¶ 1) has a history in this litigation of making unfounded and false statements about Rimini's
15 support processes. For example, Mr. Slepko testified – falsely – that all of Rimini's patch
16 development "is done for a particular customer in that customer's environment using that
17 customer's files." ECF No. 866 (Trial Tr. Day 15) at 3173:17-25. This testimony contradicts the
18 Court's finding on summary judgment. ECF No. 474 at 11:16-18 ("the undisputed evidence
19 establishes that [the City of Flint's] development environments were used to develop and test
20 software updates for the City of Flint and other Rimini customers with similar software
21 licenses"). Mr. Slepko's testimony also directly contradicts the testimony of Rimini's CEO, Seth
22 Ravin, who admitted at trial that Rimini "reused" updates "for other clients with the same
23 version of contract or license . . . all the time." ECF No. 792 (Trial Tr. Day 4) at 552:1-5.
24 **IV.   ALTERNATIVELY, ORACLE REQUESTS LEAVE TO FILE A SURREPLY**
25
26       Should the Court decline to strike Rimini's new argument and evidence, it should grant
27 Oracle leave to file a surreply. *See Provenz*, 102 F.3d at 1483. Oracle attaches as Exhibit A the
28 surreply it would file should the Court decline to strike Rimini's new argument and evidence and

1  grant Oracle leave to file a surreply.

## V. CONCLUSION

For these reasons, Oracle respectfully requests that the Court strike the new argument in Rimini's reply brief (ECF No. 1079 at 3:26-5:2, 6 at n.2) and the supporting declaration of Brian Slepko (ECF No. 1079-1).  In the alternative, Oracle requests leave to file a surreply in opposition to Rimini's motion to stay enforcement of the injunction entered in this matter on October 11, 2016.

Dated:   October 21, 2016

MORGAN, LEWIS & BOCKIUS LLP

By:        /s/ Thomas S. Hixson
Thomas S. Hixson
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2016, I electronically transmitted the foregoing **ORACLE'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SURREPLY** to the Clerk's Office using the Electronic Filing System pursuant to Local Rules Part IC.

Dated:  October 21, 2016

Morgan, Lewis & Bockius LLP

By:      /s/ Thomas Hixson
        Thomas Hixson
        Attorneys for Plaintiffs
        Oracle USA, Inc.,
        Oracle America, Inc. and
        Oracle International Corporation