# EXHIBIT A

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: 415.442.1000<br>Facsimile: 415.442.1001<br>thomas.hixson@morganlewis.com |
| BOIES, SCHILLER & FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>5301 Wisconsin Ave, NW<br>Washington, DC 20015<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com | DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |
| BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com | |

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S SURREPLY IN OPPOSITION TO RIMINI'S MOTION TO STAY ENFORCEMENT OF PERMANENT INJUNCTION**<br><br>Judge: Hon. Larry R. Hicks |

## I.   INTRODUCTION

Rimini's reply further undermines Rimini's request for a stay, and the injunction should be enforced. Rimini claimed in its opening brief that: (1) the allegedly vague terms of the injunction would allow Oracle to spread "FUD" among Rimini's customers (ECF No. 1069 at 7:27-8:16), and (2) Oracle's supposed threat (based on Rimini's deliberate misreading of the hearing transcript) to use the injunction to enforce "borderline" infringing conduct would impose irreparable harm (*id.* at 8:17-9:24). In its opposition, Oracle exposed flaws in these arguments, pointing to Rimini's statements to the public and to the Court that Rimini would suffer no harm from the injunction. ECF No. 1073 at 8:12-10:27.

In reply, Rimini now admits for the first time – contrary to its prior representations – that its current processes violate the terms of the injunction and that Rimini will need to change its processes. Rimini now claims, based on Mr. Slepko's declaration, that it is possible to make changes to those processes to comply with the injunction. Rimini argues that the injunction should nonetheless be stayed because it will cost Rimini $1-4 million per year to comply with the injunction. ECF No. 1079 (Reply) at 4:7-10, 6 at n.2; ECF No. 1079-1 (Slepko Decl.), ¶¶ 3-5.[1] Rimini asserts that this is irreparable harm, which it is not; rather, this is a modest cost compared to the harm to Oracle, and it is a cost that does not justify any stay.

Rimini's eleventh-hour reversal provides no basis to stay the injunction. First, Rimini fails to meet its burden of establishing that irreparable harm is "probable" because it provides no evidence aside from unsupported, conclusory speculation that it will actually incur up to $4 million in costs to comply with the injunction. That failure is itself conclusive. Second, even if Rimini could show that it will incur compliance costs of $1-4 million, it still fails to meet its burden because the other stay factors remain overwhelmingly in Oracle's favor. The claimed inconvenience to Rimini of complying with the injunction in no way justifies Rimini's request to stay enforcement of the injunction.

---

[1]   Oracle has moved to strike Rimini's new argument and evidence as improperly presented for the first time on reply and as inadmissible evidence.

1

## II. ARGUMENT

### A. Rimini's New Claim of Compliance Cost Does Not Establish Likely Irreparable Harm

To satisfy the "bedrock requirement" of irreparable harm needed for a stay, *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011), Rimini "must demonstrate that irreparable harm is 'probable,' or more likely than not, if the stay is denied." *Childs v. Stafford*, No. 11-CV-2690 W (NLS), 2012 WL 12875370, at *3 (S.D. Cal. Apr. 26, 2012), *aff'd,* 551 F. App'x 353 (9th Cir. 2014) (citing *Leiva-Perez v. Holder*). Rimini has failed to do so concerning its new argument that the injunction will cause it to incur unrecoverable compliance costs.

Rimini's only evidence for its claim that it will incur expense to modify its processes is Mr. Slepko's declaration. ECF No. 1079 at 4:10. And in his declaration, Mr. Slepko merely states that Rimini "is examining its current processes" and "has identified a series of additional modifications" that he *estimates* "would cost Rimini at least $1 million and up to $4 million per year to implement." ECF No. 1079-1, ¶¶ 4-5. But Mr. Slepko fails to provide any indication as to (1) what terms of the injunction Rimini's current processes violate, (2) which of Rimini's support processes violate those terms, (3) what modifications Rimini would have to implement in order to comply, or (4) any details about how he arrived at the *estimation* that those modifications would cost Rimini up to $4 million annually.[2] *See Vietnam Veterans of Am. v. Cent. Intelligence Agency*, No. CV 09-0037-CW, 2014 WL 492169, at *3 (N.D. Cal. Feb. 5, 2014) (denying motion to stay, holding that, while Defendants provide "'informal estimates' indicating that compliance with the injunction may be expensive, Defendants present no evidence that incurring such costs will cause irreparable harm").

Further, Mr. Slepko states that the "modifications are not expected to adversely impact the ultimate outcomes required by Rimini's clients." *Id.*, ¶ 4. This alone warrants denial of a stay. "If the monetary cost of implementing an injunction, standing alone, were sufficient to justify a stay of injunction pending appeal, stays pending appeal would become routine, conflicting with the

---

[2] Mr. Slepko's credibility on these matters is also suspect, given that his testimony denying Rimini's infringing conduct was contradicted by the Court's own findings and by Rimini's CEO's trial testimony. Oracle's October 21, 2016 Motion to Strike, § III.B.

rule that such relief should be 'extraordinary.'" *Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH*, No. 14-CV-585 AJN, 2015 WL 5051769, at *2 (S.D.N.Y. Aug. 26, 2015), *aff'd,* No. 15-2411, 2016 WL 4708179 (2d Cir. Sept. 9, 2016) (denying stay) (inner quotation and citation omitted); s*ee also Graphic Commc'ns Union v. Chicago Tribune Co.*, 779 F.2d 13, 15 (7th Cir.1985) ("[T]he fact that an order . . . imposes a cost . . . does not show irreparable harm. Otherwise every order ... would be deemed to create irreparable harm, and it would be easy to get such orders stayed."); *Stop H-3 Ass'n v. Volpe*, 353 F. Supp. 14, 18 (D. Haw. 1972) ("prospective monetary damage is not irreparable injury" for purposes of a stay pending appeal) (emphasis in original); *Ravenswood City Sch. Dist. v. J.S.*, No. C 10-03950 SBA, 2010 WL 4807061, at *5 (N.D. Cal. Nov. 18, 2010) ("The Ninth Circuit has repeatedly held that 'monetary harm does not constitute irreparable harm.'") (citing cases).  "Without evidence of the *effect* of the cost of complying with the injunction, [Rimini] has established no record from which the Court could conclude that the enumerated monetary costs rise to the level of irreparable harm." *Church & Dwight*, 2015 WL 5051769, at *2 (denying stay where defendant "lists costs and asserts they will cause 'irreparable harm,' but fails to explain why").

By failing to support its claim of irreparable harm, and instead relying on unsupported and speculative assertions, Rimini fails to meet its burden to show irreparable harm.  *See Shakopee Mdewakanton Sioux Cmty. v. FBCV, LLC*, No. 2:10-CV-10 JCM RJJ, 2011 WL 4904438, at *3 (D. Nev. Oct. 14, 2011) (denying emergency motion to stay permanent injunction pending appeal where defendants advanced only "vague and conclusory allegations of irreparable harm"); *Kalani v. Starbucks Corp.*, No. 13-CV-00734-LHK, 2016 WL 693251, at *5 (N.D. Cal. Feb. 22, 2016) ("conclusory assertions do not satisfy Defendant's burden to establish the possibility of irreparable harm").

**B.     Even Assuming Rimini's Unsubstantiated New Claims Are True, The Harm to Oracle Far Outweighs the Claimed Harm to Rimini**

As discussed in Oracle's opposition brief, the Court found that Rimini's "unlawful actions, to wit copyright infringement and violations of the state computer access statutes, irreparably injured Oracle's business reputation and goodwill" (ECF No. 1073 at 12:6-8 (quoting

3

ECF No. 1049 at 5)), and the injunction is designed "to ensure that the misconduct does not recur as soon as the case ends." *Metro-Goldwyn-Meyer Studios v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1222 (C.D. Cal. 2007) (citation omitted). Rimini's alleged harm of $1-4 million per year to comply with the injunction pales in comparison, especially considering that Rimini admits that the required "modifications are not expected to adversely impact the ultimate outcomes required by Rimini's clients" (ECF No. 1079-1, ¶ 4). Moreover, Rimini's admitted non-compliance with the permanent injunction only further confirms the harm to Oracle of not enforcing the injunction. *See Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 115 (2d Cir. 2005) ("ordinary compliance costs are typically insufficient to constitute irreparable harm"). "Whatever cost [Rimini] faces [as a] result of [its] defiance of the law . . . constitute[s] no reason whatsoever for staying the . . . injunction." *Holden v. Heckler*, 584 F. Supp. 463, 502 (N.D. Ohio 1984) (rejecting defendant's argument that cost of complying with valid injunction constituted irreparable harm).

Thus, even assuming Rimini's unsubstantiated claims of compliance cost, the risk of harm to Oracle from a stay of the injunction far outweighs the risk of harm to Rimini from having to comply with the injunction.

### III. CONCLUSION

For these reasons, and the reasons discussed in Oracle's opposition brief, Oracle respectfully requests that the Court deny Rimini's motion to stay the injunction.

Dated: October 21, 2016

MORGAN, LEWIS & BOCKIUS LLP

By:   /s/ Thomas S. Hixson
Thomas S. Hixson
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation