UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>ORDER |

Before the court is plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation's (collectively "Oracle") motion to strike portions of defendants Rimini Street, Inc. ("Rimini Street") and Seth Ravin's ("Ravin") reply to their motion to stay injunction pending appeal (ECF No. 1079), or in the alternative, for leave to file a sur-reply. ECF No. 1082. Also before the court is Oracle's motion to seal its motion to strike. ECF No. 1083.

**I.     Facts and Procedural Background**

This action has an extensive factual and procedural history. In brief, Oracle develops, manufactures, and licenses computer software. Oracle also provides software support services to customers who license its software. Defendant Rimini is a company that provides similar

software support services to customers licensing Oracle's software and competes directly with Oracle to provide these services. Defendant Ravin is the owner and CEO of Rimini.

On January 25, 2010, Oracle filed a complaint for copyright infringement against defendants alleging that Rimini copied several of Oracle's copyright-protected software programs onto Rimini's own computer systems in order to provide software support services to its customers. ECF No. 1. In June 2011, Oracle filed a second amended complaint alleging thirteen causes of action against defendants: (1) copyright infringement; (2) violation of the Federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a); (3) violation of the California Computer Data Access and Fraud Act, Cal. Penal Code § 502; (4) violation of the Nevada Computer Crimes Law, NRS § 205.4765; (5) breach of contract; (6) inducement of breach of contract; (7) intentional interference with prospective economic advantage; (8) negligent interference with prospective economic advantage; (9) unfair competition; (10) trespass to chattels; (11) unjust enrichment; (12) unfair practices; and (13) accounting. ECF No. 146.

A jury trial was held on Oracle's claims from September 14 through October 13, 2015. On October 13, 2015, the jury returned its verdict and found that defendant Rimini engaged in copyright infringement of Oracle's copyrighted PeopleSoft, J.D. Edwards, and Siebel-branded Enterprise Software products. ECF No. 896. The jury also found that both defendants Rimini and Ravin violated the California Computer Data Access and Fraud Act and the Nevada Computer Crimes Law. *Id*. Ultimately, the jury awarded Oracle $35,600,00.00 against Rimini for copyright infringement and awarded Oracle $14,427,000.00 against both Rimini and Ravin for violation of the state computer access statutes. *Id*. After the jury verdict, Oracle filed motions for a permanent injunction (ECF No. 900), for prejudgment interest (ECF No. 910), and for attorneys' fees (ECF No. 917) which were granted by the court (ECF No. 1049). Subsequently, the court issued a permanent injunction. ECF No. 1065. In response, defendants appealed the permanent injunction to the Ninth Circuit Court of Appeals. ECF No. 1067. Along with its appeal, defendants filed the underlying motion to stay the injunction pending the outcome of their appeal. ECF No. 1069.

///

**II.     Motion to Strike (ECF No. 1082)**

In its motion, Oracle argues that the court should strike portions of defendants' recent reply brief, or in the alternative, allow leave to file a sur-reply. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the court may strike a filing for "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Further, to the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond. *Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993). Therefore, the court cannot consider new evidence provided in a reply when the other party does not have an opportunity to respond to the evidence. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

Here, the court finds that based on the breadth of new arguments and evidence raised in the reply, rather than strike the challenged portions of defendants' reply which provide relevant argument, evidence, and context for the court's ultimate disposition on the underlying motion to stay, Oracle should be granted an opportunity to provide a brief response. *See Cedars-Sinai Medical Center v. Shalala*, 177 F.3d 1126, 1129 (9th Cir. 1999) (a court has the inherent authority to grant leave to a party to file a sur-reply when the information would be germane to the court's evaluation of a pending matter). Therefore, the court shall grant Oracle's motion with respect to filing a sur-reply.

**III.    Motion to Seal (ECF No. 1083)**

Oracle also seeks to seal the present motion to strike on the basis that it includes confidential business information. As an initial matter, the court is acutely cognizant of the presumption in favor of public access to papers filed in the district court. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Therefore, a party seeking to file materials under seal bears the burden of overcoming that presumption by showing that the materials are covered by an operative protective order and are also deserving of confidentiality. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2005). Specifically, a party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of

access and the public policies favoring disclosure." *Kamakana, City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted).

Here, in this intellectual property action, the court has entered a protective order governing documentation and testimony that is confidential to the parties' internal research and development, internal business strategies, and other highly sensitive areas. The court has reviewed the documents and pleadings on file in this matter and finds that the documents at issue in the present motions contain information that is either designated "Confidential" and/or "Highly Confidential" under the protective order. The court finds that Oracle has satisfied its burden to show compelling reasons for filing the various pleadings under seal. Further, the court notes that the parties appropriately filed redacted versions of the same pleadings for public record. Accordingly, the court shall grant the motion to seal.

IT IS THEREFORE ORDERED that plaintiffs' motion to strike (ECF No. 1082) is GRANTED in accordance with this order. Plaintiff is GRANTED leave to file a brief sur-reply to defendants' motion to stay (ECF No. 1069) of not more than ten (10) pages within three (3) days of entry of this order.

IT IS FURTHER ORDERED that plaintiffs' motion to seal (ECF No. 1083) is GRANTED.

IT IS SO ORDERED.

DATED this 24th day of October, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE