GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

HOWARD & HOWARD
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wallen@howardandhoward.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,

Plaintiffs,

v.

RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,

Defendants.

Case No. 2:10-cv-0106-LRH-VCF

**RIMINI STREET INC.'S RESPONSE TO ORACLE'S MOTION FOR REASSIGNMENT OF MATTERS TO MAGISTRATE JUDGE PEGGY A. LEEN**

On May 18, 2016, Magistrate Judge Peggy A. Leen recused herself from this case and referred it for reassignment "***for all further proceedings***." (ECF No. 1036 (emphasis added).) Chief Judge Gloria M. Navarro, following the procedure set out in General Order 2011-05, then ordered the case reassigned to Magistrate Judge Cam Ferenbach "***for all further proceedings***." (ECF No. 1037

(emphasis added).) Oracle now asks this Court to overrule Chief Judge Navarro's reassignment order and order Magistrate Judge Leen to unrecuse herself.

Oracle's motion places Rimini Street in an impossible position. During the remittal process, Magistrate Judge Leen ordered the parties to keep their respective positions confidential. (*Rimini Street, Inc. v. Oracle International Corp.*, Case No. 2:14-cv-01699-LRH-CWH ("*Rimini II*"), ECF No. 217.) Rimini Street cannot substantively respond to Oracle's request to reassign the case to Magistrate Judge Leen without violating this order. Moreover, Magistrate Judge Leen recused herself after the parties could not agree to remittal. (*Rimini II*, ECF Nos. 223, 224.) Magistrate Judge Leen's recusal was **final** and in accordance with the Code of Judicial Conduct for United States Judges 3C(1) and 3D. (*Rimini II*, ECF No. 217, 224.) Rimini Street submits that no party or judge should substitute their judgment with respect to a magistrate judge's decision regarding ethical compliance. Chief Judge Navarro thereafter properly reassigned the case to Magistrate Judge Ferenbach under the Court's General Order 2011-05. (ECF No. 1037.) Magistrate Judge Leen's recusal order and Chief Judge Navarro's reassignment order should be respected—such matters are for the Court, not the litigants. Oracle's motion is therefore improper and should be denied.

I.   **BACKGROUND**

Magistrate Judge Leen was previously assigned to this action as well as *Rimini II*. Because Magistrate Judge Leen's term as a magistrate was ending in 2016, she applied for reappointment, and the Court undertook efforts in early 2016 to form a reappointment panel to consider her application. (*See Rimini II*, ECF No. 217.) On May 2, 2016, Chief Judge Navarro entered an order appointing W. West Allen, Rimini's counsel in these matters, as Chairperson of the merit selection panel considering Magistrate Judge Leen's reappointment. (*Id.*)

In accordance with the Committee on Codes of Conduct Advisory Opinion No. 97 ("AO97"), a magistrate judge should recuse herself "from any case involving an attorney or a party who is a member of the [reappointment] panel." (*Rimini II*, ECF. No. 217; Guide to Judiciary Policy, Vol. 2B, Ch. 2 at 170.) However, "recusal in this situation [is] subject to remittal should the magistrate judge decide to utilize the remittal procedure" under Canon 3D of the Code of Conduct for United States Judges. (*Id.*) The remittal procedure permits a disqualified judge to participate in the proceeding if,

after disclosing the basis of disqualification on the record, all parties agree in writing that the judge should not be disqualified.  (*See* Canon 3D.)

After learning that Mr. Allen would serve on her reappointment panel, Magistrate Judge Leen elected to use the remittal procedure and issued an order asking the parties to submit a statement indicating whether they would agree to her continuing on the case. (*See Rimini II*, ECF No. 217.)  The order mandated that the joint statement not "identify any individual or party who agrees or does not agree." (*Id.* at 3.)  The parties thereafter submitted a joint statement indicating they did not agree. (*Rimini II*, ECF No. 223.)  In response, Magistrate Judge Leen issued an order recusing herself from the case, stating: "With good cause appearing, the Honorable Magistrate Judge Peggy A. Leen recuses herself in this action.  IT IS ORDERED that this action is referred to the Clerk for random reassignment of this case ***for all further proceedings***." (ECF No. 1036 (emphasis added).)  Chief Judge Navarro ordered the case reassigned to Magistrate Judge Ferenbach "***for all further proceedings***." (ECF No. 1037 (emphasis added).)  The case was reassigned to Magistrate Judge Ferenbach on May 18, 2016. (*Id.*)

## II.     **DISCUSSION**

Oracle's motion asks the Court to overrule Magistrate Judge Leen's recusal decision and Chief Judge Navarro's reassignment order.  Moreover, it disregards the very purpose of recusal following an unsuccessful remittal process and the Court's process for reassignment after recusal under General Order 2011-05.  Magistrate Judge Leen decided to recuse herself "for all further proceedings," without qualification, and not "temporarily" as Oracle suggests.  (ECF No. 1036.)  Oracle's suggestion that this Court can or should order Magistrate Judge Leen to unrecuse herself and disregard Chief Judge Navarro's reassignment order is improper.

***First***, Oracle's motion asks the Court to ignore the process for reassignment after recusal specified by General Order 2011-05.  Under that order, when a judge recuses herself from a case "for cause," the Clerk of the Court must "assign the case to a judge through th[e] random selection process." This is precisely what happened here—after the parties did not agree to remittal of Magistrate Judge Leen's recusal, she referred the case to the Clerk "for random reassignment" to a new magistrate judge "for all further proceedings" (ECF. No. 1036), and Chief Judge Navarro then issued an order assigning

the case to Magistrate Judge Ferenbach "for all further proceedings" (ECF No. 1037).  The plain language of these orders leaves no room for doubt—this case has been permanently reassigned to Magistrate Judge Ferenbach, and General Order 2011-05 provides no mechanism for this Court to second-guess both the Chief Judge and Magistrate Judge Leen to undo that process.

Oracle's request threatens to subvert the underlying purposes of the random judicial assignment procedure dictated by General Order 2011-05 (as carried out here by Chief Judge Navarro's reassignment order), which exists to promote "objectivity and fairness in the distribution of all matters." *Matter of Yagman*, 796 F.2d 1165, 1178 (9th Cir. 1986) (internal quotation marks omitted); *see also In re Marshall*, 403 B.R. 668, 677 (C.D. Cal. 2009) ("Random assignment is important chiefly because it precludes real or apparent bias by preventing 'judge shopping.' . . . Leaving judge selection to chance assures that the deck is not stacked against one party or another.") (citations omitted).  Indeed, so central is the random selection process to the fair administration of justice that "attempts to manipulate [it] are subject to universal condemnation."  *United States v. Phillips*, 59 F. Supp. 2d 1178, 1180 (D. Utah 1999).

**Second**, Oracle argues that Magistrate Judge Leen's recusal was "temporary," relying on AO97.  This is a fundamental misreading of AO97, in which the committee opined that "recusal would be required only during that period of time when the reappointment is under consideration by the panel and court."  (Guide to Judiciary Policy, Vol. 2B, Ch. 2 at 170.)  This advisory opinion refers to the period of time during which a judge must make the *initial* decision to recuse in the first instance.  It does not contemplate the reevaluation of a permanent recusal once the reappointment process is complete.  In fact, Oracle's motion supports this reading of AO97—Oracle recognizes in the unlikely event that during the selection process something were to occur between a panel member and the magistrate judge that bears directly on the magistrate judge's actual or perceived impartiality, "the magistrate judge would have to evaluate the facts to determine whether *further* recusal is warranted." (Oracle Br. at 3-4 (emphasis added).)

Even under Oracle's reading, AO97 merely recognizes that a magistrate judge has the *discretion* to temporarily recuse herself for the duration of reappointment proceedings.  But that is not what Magistrate Judge Leen did here.  Rather, as noted above, Magistrate Judge Leen permanently

recused herself and referred the matter for reassignment "*for all further proceedings*." (ECF No. 1036 (emphasis added).) Per General Order 2011-05, Chief Judge Navarro then randomly and permanently reassigned the case to Magistrate Judge Ferenbach. (ECF No. 1037.) AO97 does not contemplate that a party can ask a district judge to overturn a magistrate judge's permanent recusal decision and forcibly reassign her, second-guessing her ethical compliance with Canon 3C(1). Nor does AO97 address the situation where, as here, the magistrate judge invoked the remittal process and the parties did not consent to remittal. Indeed, no process exists for a "temporary" recusal following an unsuccessful remittal process. This is because once remittal is unsuccessful, by definition one or more parties *and* the judge determined that the judge's impartiality might reasonably be questioned. Were this Court to transfer the case back to Magistrate Judge Leen, she would come back after not only acknowledging her impartiality might be questioned, but also knowing that at least one of the parties previously objected to her overseeing this case. This alone is reason to respect Magistrate Judge Leen's recusal decision.

*Finally*, Oracle's motion puts Rimini Street—and this Court—in an untenable position. There is no practical way for Rimini Street to substantively engage with Oracle's motion without revealing the parties' respective views on remittal. Thus, even addressing, let alone this Court resolving, Oracle's motion would inevitably result in a violation of Magistrate Judge Leen's order that the parties' positions on remittal remain confidential. (*Rimini II*, ECF No. 217 at 3.)

### III. CONCLUSION

For all of the reasons stated above, Oracle's motion should be denied.

DATED: November 2, 2016

                                        GIBSON, DUNN & CRUTCHER LLP

                                        By: */s/ Blaine H. Evanson*
                                                               Blaine H. Evanson

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

102206546.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

DATED: November 2, 2016

                    GIBSON, DUNN & CRUTCHER LLP

                    By: */s/ Blaine H. Evanson*
                              Blaine H. Evanson

                    *Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*