UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ORACLE USA, INC., a Colorado corporation;
ORACLE AMERICA, INC., a Delaware
corporation; and ORACLE INTERNATIONAL
CORPORATION, a California corporation,

          Plaintiffs,

    v.

RIMINI STREET, INC., a Nevada corporation;
SETH RAVIN, an individual,

          Defendants.

Case No. 2:10-cv-0106-LRH-VCF

ORDER

Before the court is defendant Rimini Street, Inc. ("Rimini Street") and Seth Ravin's ("Ravin") (collectively "defendants") motion to stay enforcement of permanent injunction pending appeal, or alternatively, for a sixty-day stay. ECF No. 1069. Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") filed an opposition (ECF No. 1073) to which defendants replied (ECF No. 1079).

I.    **Facts and Procedural Background**

This action has an extensive factual and procedural history. In brief, Oracle develops, manufactures, and licenses computer software. Oracle also provides software support services to customers who license its software. Defendant Rimini is a company that provides similar software support services to customers licensing Oracle's software and competes directly with Oracle to provide these services. Defendant Ravin is the owner and CEO of Rimini.

On January 25, 2010, Oracle filed a complaint for copyright infringement against defendants alleging that Rimini copied several of Oracle's copyright-protected software programs onto Rimini's own computer systems in order to provide software support services to its customers. ECF No. 1. In June 2011, Oracle filed a second amended complaint alleging thirteen causes of action against defendants: (1) copyright infringement; (2) violation of the Federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a); (3) violation of the California Computer Data Access and Fraud Act, Cal. Penal Code § 502; (4) violation of the Nevada Computer Crimes Law, NRS § 205.4765; (5) breach of contract; (6) inducement of breach of contract; (7) intentional interference with prospective economic advantage; (8) negligent interference with prospective economic advantage; (9) unfair competition; (10) trespass to chattels; (11) unjust enrichment; (12) unfair practices; and (13) accounting. ECF No. 146.

A jury trial was held on Oracle's claims from September 14 through October 13, 2015. On October 13, 2015, the jury returned its verdict and found that defendant Rimini engaged in copyright infringement of Oracle's copyrighted PeopleSoft, J.D. Edwards, and Siebel-branded Enterprise Software products. ECF No. 896. The jury also found that both defendants Rimini and Ravin violated the California Computer Data Access and Fraud Act and the Nevada Computer Crimes Law. *Id*. Ultimately, the jury awarded Oracle $35,600,00.00 against Rimini for copyright infringement and awarded Oracle $14,427,000.00 against both Rimini and Ravin for violation of the state computer access statutes. *Id*. After the jury verdict, Oracle filed motions for a permanent injunction (ECF No. 900), for prejudgment interest (ECF No. 910), and for attorneys' fees (ECF No. 917) which were granted by the court (ECF No. 1049). Subsequently, the court issued a permanent injunction. ECF No. 1065. In response, defendants appealed the permanent injunction to the Ninth Circuit Court of Appeals. ECF No. 1067. Along with its appeal, defendants filed the underlying motion to stay the injunction pending the outcome of their appeal. ECF No. 1069.

///

///

///

## II.      Discussion

### A.  Stay Pending Appeal

Rule 62(c) authorizes district courts to stay enforcement of a permanent injunction pending appeal. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). A stay pending appeal is an "extraordinary remedy" that may be awarded only upon a clear showing that an appellant is entitled to such relief. *See In re Smith*, 397 B.R. 134, 136 (Bankr. D. Nev. 2008). In determining whether to issue a stay, a court examines several factors including: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits of the appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether a stay will substantially injure the non-moving party; and (4) where the public interest lies. *See Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).

Here, the court has reviewed the documents and pleadings on file in this matter and finds that Rimini has not met the standard for a stay of the issued permanent injunction issued pending its appeal. First, the court finds that Rimini is not likely to succeed on the merits of its appeal as it relates to the issuance of the permanent injunction. In its motion, Rimini initially contends that an injunction cannot, as a matter of law, be issued against an innocent infringer, however there is no legal precedent to support Rimini's position. Rather, the legal precedent is that a finding of willfulness or bad faith is not a requirement for issuance of a permanent injunction in a copyright infringement action. *See Casella v. Morris*, 820 F.2d 362, 366 (11th Cir. 1987). Further, Rimini claims that the court could not issue the underlying injunction because Rimini has effectively "licensed" the software from Oracle as a result of the jury verdict. Once again, Rimini's position is incorrect. Although it is true that the jury in this case found that the best way to award Oracle damages was through the use of a hypothetical license for the infringement period, going forward from the jury's verdict Rimini does not have any license, nor did it ever have a license, for the infringed software. Therefore, the court finds that Rimini is not likely to succeed on the merits of its appeal.

Second, the court finds that Rimini has not established any irreparable harm absent a stay of the injunction. Throughout this action, Rimini has steadfastly represented that an injunction

1    was not necessary to curtail its infringement because it had already changed its business model to

2    a non-infringing alternative. Further, after the court issued the underlying injunction, Rimini

3    repeatedly made statements to the public that the injunction would not prohibit its ongoing or

4    future software support services. Now, for the first time, Rimini contends that it will be harmed

5    by the underlying injunction by increased costs in having to once again change its business

6    model. The court finds such statements disingenuous. Further, Rimini's claim that it will now

7    incur substantial costs in complying with the injunction is not the kind of irreparable harm that

8    warrants a stay. *See Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH*, 2015

9    WL 5051769, at *2 (S.D.N.Y. 2015) ("If the monetary cost of implementing an injunction,

10   standing alone, were sufficient to justify a stay of injunction pending appeal, stays pending

11   appeal would become routine, conflicting with the rule that such relief should be

12   'extraordinary.'").

13          Finally, the court finds that the public interest does not support a stay of the underlying

14   injunction. The court has already determined that "issuing an injunction in this action 'ultimately

15   serves the purpose of enriching the general public through access to creative works' by giving

16   Oracle an incentive to continue to develop software for public use." ECF No. 1049. Therefore,

17   the court shall deny the motion.

18          **B.  Sixty-day Stay**

19          Rimini alternatively requests that if the court declines to issue a permanent stay pending

20   appeal, the court should temporarily stay the injunction for sixty-days so that it may file a motion

21   to stay with the Ninth Circuit. The court has reviewed Rimini's motion and finds that there is no

22   basis for its requested sixty-day time period. The present motion for a stay was filed only one

23   day after the court's issuance of the injunction. Further, Rimini has stated its intention to

24   immediately file an emergency motion to stay with the Ninth Circuit if the court denies the

25   present motion. Thus, the court finds that there is no reason for an additional sixty-day stay of

26   the injunction solely for the purpose of filing a similar motion to stay with the Ninth Circuit.

27   ///

28   ///

1    IT IS THEREFORE ORDERED that defendants' motion for a stay of the permanent

2  injunction pending appeal (ECF No. 1069) is DENIED.

3    IT IS SO ORDERED.

4    DATED this 9th day of November, 2016.

5

6    _____

  LARRY R. HICKS
7  UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28