**Exhibit 1 – ORACLE'S REPLY IN SUPPORT OF ITS MOTION FOR REASSIGNMENT OF MATTERS TO MAGISTRATE JUDGE PEGGY A. LEEN, filed in *Rimini v. Oracle*, Case No. 2:14-cv-01699-LRH-CHW**

| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone:  702.382.7300<br>Facsimile:  702.382.2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>5301 Wisconsin Ave, NW<br>Washington, DC 20015<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>BEKO O. REBLITZ-RICHARDSON<br>   (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone:  510.874.1000<br>Facsimile:  510.874.1460<br>sholtzman@bsfllp.com<br>brichardson@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>NITIN JINDAL (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA  94105<br>Telephone:  415.442.1000<br>Facsimile:  415.442.1001<br>thomas.hixson@morganlewis.com<br>john.polito@morganlewis.com<br>nitin.jindal@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:  650.506.4846<br>Facsimile:  650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com | |

*Attorneys for Counterclaimant Oracle America, Inc. and Defendant and Counterclaimant Oracle International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC.,<br>          Plaintiff,<br>     v.<br>ORACLE INTERNATIONAL CORPORATION,<br>          Defendant.<br><br>ORACLE AMERICA, INC., *et al.*,<br>          Counterclaimants,<br>     v.<br>RIMINI STREET, INC., *et al.*,<br>          Counterdefendants.<br><u>*And Related Cases*</u><br>**Case No. 2:10-cv-0106-LRH-VCF**<br><br>ORACLE USA, INC.; ORACLE AMERICA, | Case No.  2:14-cv-01699-LRH-CWH<br><br>**ORACLE'S REPLY IN SUPPORT OF ITS MOTION FOR REASSIGNMENT OF MATTERS TO MAGISTRATE JUDGE PEGGY A. LEEN** |

| | |
|---|---|
| 1 | INC.; and ORACLE INTERNATIONAL CORPORATION, |
| 2 |    Plaintiff, |
| |  v. |
| 3 | RIMINI STREET, INC. and SETH RAVIN, |
| 4 |    Defendants. |
| 5 | **Case No. 3:16-CV-00543-LRH-CWH** |
| 6 | COLBECK CAPITAL MANAGEMENT, |
| 7 |    Third-Party Movant, |
| |  v. |
| 8 | ORACLE INTERNATIONAL CORPORATION and ORACLE AMERICA, INC., |
| 9 | |
| 10 |    Respondents. |

ORACLE'S REPLY IN SUPPORT OF MOTION FOR REASSIGNMENT

## I. INTRODUCTION

At the outset of this case, the parties agreed that assignment of this case to Magistrate Judge Peggy A. Leen would effect a savings of judicial effort and other economies, and would diminish the likelihood of inconsistent results. That is why they stipulated to her presiding over this matter. *See* ECF No. 48 (Stipulated Discovery Plan & Proposed Scheduling Order).[1]

In its Response To Oracle's Motion For Reassignment Of Matters To Magistrate Judge Peggy A. Leen ("Response"), Rimini does not contend that these interests would no longer be served by reassignment of this matter to Judge Leen. Instead, Rimini now argues that (i) Oracle's motion is improper because it contradicts the random assignment process for magistrate judges (Response at 4:9-28) and (ii) Judge Leen's recusal is somehow "permanent" and cannot be undone (*id*. at 5:1-27). Rimini's arguments are without merit.

As Oracle demonstrated in its motion, unless circumstances arise during the reappointment process which would call into question a judge's impartiality, recusal is temporary under Advisory Opinion No. 97. Rimini's contention that recusal is *per se* permanent guts the Advisory Opinion's guiding principle, that recusal is required *"only during that period of time when the reappointment is under consideration by the panel and the court"* (emphasis supplied).

There has been no suggestion or showing that Judge Leen's resumed tenure of this case would subject any party to bias or lack of impartiality, and Oracle respectfully requests this matter be reassigned to Judge Leen.[2] The same reasons that counseled in favor of her *original*

---

[1] All "ECF" cites are to this docket ("*Rimini II*") unless otherwise indicated.
[2] With this motion, Oracle also seeks reassignment of two related cases to Judge Leen: *Oracle v. Rimini*, Case No. 2:10-cv-00106 (D. Nev.) ("*Rimini I*"), and *Colbeck v. Oracle*, Case No. 3:16-cv-00543 (D. Nev.) ("Colbeck's Motion to Quash").
    Regarding reassignment of *Rimini I*, the Court already has found that *Rimini I* and *Rimini II* are related cases and that judicial economy would be served by assigning both cases to Judge Hicks and Magistrate Judge Leen. *See* ECF No. 52. Moreover, Judge Leen has extensive experience adjudicating *Rimini I*, which has been pending since 2010, and, there remain unresolved issues which may necessitate enforcement or other post-judgment proceedings. *See, e.g.*, *Rimini I*, ECF No. 1049 (granting Oracle's motion for permanent injunction and awarding Oracle prejudgment interest and attorneys' fees).
    Regarding Colbeck's Motion to Quash, it concerns the enforcement of a subpoena Oracle served in *Rimini II*, where Colbeck filed its motion to quash in the Southern District of New York and then stipulated to its transfer to this court pursuant to Federal Rules of Civil Procedure, Rule 45(f). It is not really a separate "case" from *Rimini II*. *See* ECF No. 298 (Oracle's notice

---

1

ORACLE'S REPLY IN SUPPORT OF MOTION FOR REASSIGNMENT

assignment should prevail, and reassignment will lead to further efficiencies as the parties proceed with discovery and prepare the case for trial.

## II. DISCUSSION

### A. Judge Leen's Recusal Was Temporary

Rimini's primary argument – that this case "has been permanently reassigned" (Response at 4:16-17) even where there has been no finding of bias or lack of impartiality – finds no support in the rules and is illogical, for several reasons.

First, *nothing* in General Order 2011-05 provides that reassignments are permanent. The General Order affords the Court with ample "discretion" to assign and re-assign matters and ensures the ongoing monitoring of all such assignments. General Order 2011-05 ("The Clerk of the Court shall monitor assignments and shall report the status of this process to the Chief Judge on a regular basis."). No assignment or reassignment is ever permanent in the absolute sense, because cases and matters are always subject to reassignment, for various reasons. *See, e.g.*, *Ellis v. Palmer*, No. 3:12-CV-00099-RCJ, 2013 WL 876139, at *3 (D. Nev. Mar. 7, 2013) (reassignment due to retirement of judge); *In re Marshall*, 721 F.3d 1032, 1040 (9th Cir. 2013) (assignment was proper where "cases involved convoluted facts and issues, many of which had also been heavily litigated" in another court); *Schaffner v. Crown Equip. Corp.*, No. C 09-0284 VRW, 2011 WL 311378, at *3 (N.D. Cal. Jan. 26, 2011) (reassigning case because the current judge would be unavailable in the near future); 28 U.S.C. § 636(f) (matter may be reassigned due to emergencies).

Second, Advisory Opinion No. 97 contemplates the very circumstance presented here – that "recusal would be required *only during that period of time when reappointment is under consideration* by the panel and the court" (emphasis supplied), and that matters like this one would be reassigned to the prior magistrate once her reappointment was confirmed. Rimini strains plain meaning to argue that this only "refers to the period of time when the judge must make the *initial* decision whether to recuse or not," and that once the "initial decision" is made, it

---

of related cases). The motion to quash has been scheduled for hearing on the same day as two pending motions to compel in *Rimini II*.

1    "does not contemplate the reevaluation of a permanent recusal[.]"  Response at 5:5-7.  This is not

2    what the Advisory Opinion says.  Rimini does not – nor could it – cite any legal (or other)

3    authority for this point as it directly contradicts the plain language of the Advisory Opinion.  As

4    the Advisory Opinion makes clear, "[f]ollowing reappointment, the disqualifying factor is

5    removed and recusal is not necessary *unless, as previously noted, something occurred during the*

6    *selection process* between a panel member and the incumbent that directly related to the

7    incumbent's ability to be, or to be perceived as being, fair and impartial in any case involving

8    that panel member."  Advisory Op. No. 97 (emphasis supplied).  Only in this circumstance

9    would the Court need to independently evaluate the "particular facts of such a situation" to

10   determine whether further recusal is warranted.  *Id*.  No party has even suggested that

11   "something occurred during the selection process" to warrant continued recusal.[3]  *Id*.

12       Finally, Rimini asserts that the Court's prior minute orders confirmed a reassignment for

13   "all further proceedings."  Response at 2:9-13; 3:22-25; 4:5, 13-15; 5:15 (quoting ECF Nos. 224,

14   225).  Of course they did, *while the need for recusal existed*.  It no longer does.  Moreover, the

15   minute order should be interpreted to effectuate the purposes of the Advisory Opinion, and does

16   not bind a court forever.  If circumstances contemplated by the Advisory Opinion arise which

17   counsel in favor of reassignment, the case should be reassigned.  Here, Judge Leen's

18   reappointment has been confirmed, "the disqualifying factor [has been] removed," and there is

19   no prohibition on reassignment to Judge Leen.[4]  *See* Advisory Op. No. 97.

20       **B.**    **Oracle's Motion To Reassign Is Proper**

21       As Oracle explained in its motion, reassignment of this case (and *Rimini I*) to Judge Leen

---

[3] Absent from Rimini's opposition is any suggestion that Judge Leen's impartiality has been called into question.  Continued recusal is only warranted where "the judge's impartiality might reasonably be questioned."  Canon 3(C)(1) of the Code of Conduct for United States Judges; *see also* 28 U.S.C. § 455(a).  No such circumstances exist here: reassignment of this case was occasioned by the reappointment process itself, not by any finding or suggestion of bias or lack of impartiality.  Neither party has revealed whether it, or both parties, disagreed with remittal, and there has been no suggestion, much less showing, of any event or action during the selection process that would call into question Judge Leen's impartiality.  There is simply no reason for further recusal.

[4] Three motions are set for hearing on December 16, 2016 before Judge Hoffman.  But other than ministerial acts like approval of *pro hac vice* applications and orders on motions to seal, there have been no other rulings or proceedings since Judge Leen's recusal.

would promote judicial efficiency and consistency.  Rimini does not argue otherwise.  Judge Leen has six years of experience presiding over the same parties in this action ("*Rimini II*") and the prior, related case, *Oracle v. Rimini*, Case No. 2:10-cv-00106 (D. Nev.) ("*Rimini I*").  It was for this reason that *both* parties agreed at the outset of *Rimini II* that "assignment of this matter to . . . Magistrate Judge Leen 'would be likely to effect a savings of judicial effort and other economies, and [would] diminish the likelihood of inconsistent results.'"  ECF No. 48 (Stipulated Discovery Plan & Proposed Scheduling Order).  That rationale has not changed.  Both cases involve complex technical and legal issues which necessitate extensive discovery, and Judge Leen has gained extensive familiarity with the technologies and the issues, and made numerous substantive rulings regarding both the scope and the methods of discovery in both cases.  *See, e.g.*, *In re Indus. Gas Antitrust Litig.*, 1985 WL 2869, at *6 (N.D. Ill. 1985) (finding that assigning complex antitrust matter to judge who had already been presiding over case for five years furthered judicial economy).

       Oracle's motion is not – as Rimini argues – an attempt to "judge-shop" or co-opt the Court's role in managing the assignment of magistrate judges.  Response at 4:9-28.  The local rules contemplate motions to transfer or consolidate cases where, as here, such transfer/consolidation would promote judicial efficiency.  *See, e.g.*, LR 42.-1.[5]  For this reason, courts routinely reassign cases for reasons of convenience, efficiency and economy.  *See, e.g.*, *Ramirez v. Jimenez*, No. CV F 13-2085 AWI GSA, 2014 WL 12575805, at *1 (E.D. Cal. Jan. 7, 2014) (because "actions involve the same or similar parties, properties, claims, events and/or questions of fact or law . . . assignment of the actions to the same district judge and magistrate judge will promote convenience, efficiency and economy"); *York v. Cty. of El Dorado*, 119 F. Supp. 2d 1106, 1107 (E.D. Cal. 2000) (case reassigned for "purposes of efficiency"); *Arline v. Clark*, No. 111CV00420LJOSABPC, 2016 WL 3411645, at *2 (E.D. Cal. June 20, 2016) ("assignment of the matters to the same district and magistrate judges is likely to effect a substantial savings of judicial effort and is also likely to be convenient to the parties").

---

[5]   *Cf.* D. Haw. Civ. R. 40.2 (parties may request that related cases be reassigned to the same judge); N.D. Cal. Civil L.R. 3-2(h) (party may motion to reassign case if "convenience of parties and witnesses and the interests of justice will be served").

Returning a case to a magistrate who has six years of experience with the parties and the issues and whose recusal was brief enough that no substantive hearings or rulings have issued from her interim replacement is hardly "judge shopping."

Nor is Oracle's motion an attempt to "subvert the underlying purposes" of General Order 2011-05 governing assignment of magistrate judges.  Response at 4:19-20.  Just as motions to consolidate or relate cases are appropriate to promote efficiency, so too is this motion to reassign the case to a magistrate judge with long-standing experience with the parties and the issues presented by the case.  In circumstances such as these, the Court has "broad discretion" to construe and apply general orders to "promote efficiency."  *United States v. DeLuca*, 692 F.2d 1277, 1281 (9th Cir. 1982); *United States v. Torbert*, 496 F.2d 154, 157 (9th Cir. 1974) (noting that a general order requiring random reassignment "is a housekeeping rule for the internal operation of the district court which has a large measure of discretion in interpreting and applying it") (internal quotations omitted).

Oracle's motion properly requests that the Court exercise its discretion to reassign this case (and *Rimini I*) to Judge Leen to bring her extensive, case-specific experience to bear in this matter as the case heads towards trial.

### III. CONCLUSION

To promote overall judicial efficiency and in the absence of any countervailing showing, Oracle respectfully requests that this case (and *Rimini I*) be reassigned to Judge Leen.

DATED:  November 11, 2016            MORGAN, LEWIS & BOCKIUS LLP


By:_____/s/ Frank Kennamer_____

Attorneys for Counterclaimant Oracle America, Inc. and Defendant and Counterclaimant Oracle International Corporation

## CERTIFICATE OF SERVICE

I certify that on November 11, 2016, I electronically transmitted the foregoing ORACLE'S REPLY IN SUPPORT OF ITS MOTION FOR REASSIGNMENT OF MATTERS TO JUDGE PEGGY A. LEEN to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel are CM/ECF registrants.

DATED:  November 11, 2016             MORGAN, LEWIS & BOCKIUS LLP


By:            /s/ Thomas S. Hixson

Attorneys for Counterclaimant Oracle America, Inc. and Defendant and Counterclaimant Oracle International Corporation