UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ORACLE USA, INC., a Colorado corporation;
ORACLE AMERICA, INC., a Delaware
corporation; and ORACLE INTERNATIONAL
CORPORATION, a California corporation,

Plaintiffs,

v.

RIMINI STREET, INC., a Nevada corporation;
SETH RAVIN, an individual,

Defendants.

Case No. 2:10-cv-0106-LRH-VCF

ORDER

Before the court is plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation's (collectively "Oracle") motion to seal portions of its sur-reply and supporting exhibits on the basis that it includes confidential business information. ECF No. 1088.

As an initial matter, the court is acutely cognizant of the presumption in favor of public access to papers filed in the district court. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Therefore, a party seeking to file materials under seal bears the burden of overcoming that presumption by showing that the materials are covered by an operative protective order and are also deserving of confidentiality. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2005). Specifically, a party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the

public policies favoring disclosure." *Kamakana, City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted).

        Here, in this intellectual property action, the court has entered a protective order governing documentation and testimony that is confidential to the parties' internal research and development, internal business strategies, and other highly sensitive areas. The court has reviewed the motion and supporting exhibits on file in this matter and finds that the documents at issue contain information that is either designated "Confidential" and/or "Highly Confidential" under the protective order. The court therefore finds that Oracle has satisfied its burden to show compelling reasons for filing the various pleadings under seal. Further, the court notes that the parties appropriately filed redacted versions of the same pleadings for public record. Accordingly, the court shall grant the motion to seal.

        IT IS THEREFORE ORDERED that plaintiffs' motion to seal (ECF No. 1088) is GRANTED *nunc pro tunc*.

        IT IS SO ORDERED.

        DATED this 2nd day of May, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE