BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
brichardson@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: 415.442.1000
Facsimile: 415.442.1001
thomas.hixson@morganlewis.com
john.polito@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S RENEWED MOTION FOR ATTORNEYS' FEES** |

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), and Rules 5.2 and

26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") respectfully request that the Court order the Clerk of the Court to file under seal certain portions of Oracle's Renewed Motion for Attorneys' Fees ("Motion"). These portions of Oracle's Motion reflect information that Oracle, Rimini Street, Inc. ("Rimini") or a third party has designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under the Protective Order. A public, redacted version of Oracle's Motion was filed on March 26, 2018, *see* ECF No. 1118, and an unredacted version was subsequently filed under seal with the Court, *see* ECF No. 1120.

The Protective Order states, "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' under the terms of this Protective Order ***only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).*** The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." Protective Order ¶ 2 (emphasis supplied).

## DOCUMENTS DESIGNATED BY ORACLE AS CONFIDENTIAL

Oracle has designated certain portions of Oracle's Motion that reflect the information contained in confidential exhibits as Confidential.

The "Confidential" designation indicates that, in Oracle's best judgment, the documents contains "non-public information or matter related to: financial or business plans or projections; . . . current or future business and marketing information, plans, and strategies; studies or analyses by internal or outside experts; customer information, data or lists; . . . competitive analyses; . . . or other commercially or personally sensitive or proprietary information." Protective Order ¶ 3. In particular, portions of Oracle's Motion contain confidential competitive information of negotiated billing practices between Oracle and its attorneys. Further, the documents reveal the details of Oracle's relationships with these companies, and the terms of

their agreements, which are also negotiated.  These negotiated billing agreement terms are commercially sensitive and should not be publically disclosed insofar as any such disclosure would create a competitive disadvantage.  *Apple Inc. v. Samsung Electronics Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013) ("One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business.").  Further, the Court has previously granted Oracle's Motion to Seal regarding the same confidential information. *See* Dkt. 940.

Disclosure of this confidential information could interfere with Oracle's current or future business relationships or plans.  Thus, there is a compelling interest for this information to be sealed.

## **DOCUMENTS DESIGNATED BY RIMINI OR A THIRD PARTY AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Rimini has designated the following documents cited or referred to in Oracle's Motion as Highly Confidential - Attorneys' Eyes Only ("HC"):

| Ex. | Description | Designation |
|---|---|---|
| ECF No. 923, Ex. 21 | (Ravin 7/21/2010 Dep.) 303:9-23, 306:3-13, 307:4-12, 307:13-308:13, 321:17-23, 325:20-326:9 | HC by Rimini |

Oracle submits these documents under seal pursuant to the Protective Order based on Rimini's or the third party's representation that it reasonably believes there is a valid basis under the Protective Order for its confidentiality designations.  Because the documents were designated by Rimini or a third party, Oracle is not in a position to provide further justification for why filing them publicly would cause Rimini or the third party harm sufficient to show good cause.

Oracle has submitted all other portions of Oracle's Motion to the Court's public files, which allow public access to all materials except for the items discussed above.  Accordingly, the request to seal is narrowly tailored.  For the foregoing reasons, Oracle respectfully requests that the Court grant leave to file under seal the documents discussed above.

| | | |
|---|---|---|
| 1 | DATED: March 26, 2018 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | By: _____/s/ Thomas S. Hixson_____ |
| 3 | | Thomas S. Hixson |
| | | Attorneys for Plaintiffs |
| 4 | | Oracle USA, Inc., |
| | | Oracle America, Inc., |
| 5 | | and Oracle International Corp. |

**CERTIFICATE OF SERVICE**

I certify that on March 26, 2018, I electronically transmitted the foregoing ORACLE'S RENEWED MOTION FOR ATTORNEYS' FEES to the Clerk's Office using the Electronic Filing System pursuant to Special Order No. 109.

Dated:  March 26, 2018

Morgan, Lewis & Bockius LLP

By:  /s/ *Thomas Hixson*
      Thomas Hixson

Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation