GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone:  (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

HOWARD & HOWARD PLLC
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wallen@howardandhoward.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**APPENDIX II IN SUPPORT OF DEFENDANTS' OPPOSITION TO ORACLE'S RENEWED MOTION FOR A PERMANENT INJUNCTION**<br><br>**RIMINI'S PROPOSED ORDER DENYING ORACLE'S RENEWED MOTION** |

## TABLE OF APPENDICES AND EXHIBITS

**Appendix I**: Rimini's Objections to Oracle's Proposed Findings of Fact

**Appendix II**: Rimini's Proposed Order Denying Oracle's Renewed Motion

**Appendix III**: Rimini's Specific Objections to Oracle's Proposed Injunction

**Appendix IV**: Exhibits

Volume I

Exhibit A: *Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948 (9th Cir. 2018).

Exhibit B: Excerpts of Oral Argument Transcript from Ninth Circuit

Exhibit C: Rimini Declarations Regarding Changed Processes

Exhibit D: Jury Verdict

Exhibit E: Jury Instructions

Exhibit F: Permanent Injunction

Exhibit G: Ninth Circuit Order Staying Permanent Injunction Pending Appeal

Exhibit H: Slide 34 from Rimini's Permanent Injunction Argument

Exhibit I: Cited Testimony of Safra Catz

Volume II

Exhibit J: Cited Testimony of Seth Ravin

Exhibit K: Cited Testimony of Kevin Maddock

Volume III

Exhibit L: Cited Testimony of Edward Yourdon

Exhibit M: Cited Testimony of Former Oracle Customers

Exhibit N: Cited Testimony Regarding Oracle Improved Attrition

Exhibit O: Oracle's Internal Reports Regarding Customer Satisfaction

Exhibit P: Cited Testimony of Elizabeth Dean Regarding Damages

Exhibit Q: Declaration of Brian J. Slepko Regarding Costs of Overbroad Injunction

Exhibit R: Oracle's Trial Exhibit 3

Exhibit S: Oracle's Trial Exhibit 2155

# Appendix II:
# Rimini's Proposed Order Denying Oracle's Renewed Motion

**APPENDIX II**

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

HOWARD & HOWARD PLLC
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wallen@howardandhoward.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**[PROPOSED] ORDER DENYING ORACLE'S RENEWED MOTION FOR A PERMANENT INJUNCTION**<br><br>Judge:     Hon. Larry R. Hicks |

Pending before this Court is Oracle's Renewed Motion for Permanent Injunction Against Defendant Rimini Street Inc., Docket 1117 (the "Motion"). Having considered the Motion, all related filings, and the record before the Court, IT IS HEREBY ORDERED THAT the Motion is DENIED, for the following reasons:

Although the Copyright Act, 17 U.S.C. § 504, authorizes injunctive relief in certain circumstances, the Court awards such relief only when consistent with traditional principles and considerations of equity governing injunctive relief. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392 (2006). Such relief is "extraordinary," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008), and does not "automatically follow[] a determination that a copyright has been infringed," *eBay*, 547 U.S. at 392-93. Consistent with the Ninth Circuit's remand, *see Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 965 (9th Cir. 2018), the Court hereby reconsiders injunctive relief in light of the four factors governing such relief under *eBay*. Oracle has submitted a proposed injunction identical to that originally entered by this Court, *compare* Dkt. 1117, *with* Dkt. 900, and rests its entitlement to such relief on the same evidence that was before this Court previously, except that the Court cannot consider harms alleged to have stemmed from the jury's now-vacated verdict that Rimini violated certain state anti-hacking statutes, *see Oracle*, 879 F.3d at 962. Oracle's renewed motion fails to carry its burden and the Court therefore denies it.

1. Oracle fails to establish that it has suffered an "irreparable injury," *eBay*, 547 U.S. at 391, and that there is "a real or immediate threat of imminent harm in the future" of such irreparable injury, *Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 937 n.3, 938 (N.D. Cal. 2009). Oracle contends that Rimini caused harm to its business reputation and goodwill. Dkt. 1117 at 14. But this Court's prior finding of such irreparable injury, Dkt. 1049 at 5-6, was also premised on harms resulting from the state-law hacking verdicts, which have now been reversed, *see Oracle*, 879 F.3d at 964. The jury also declined to find that Oracle lost profits or that Rimini tortiously interfered with Oracle's relationships with its customers. Dkt. 896.

Moreover, the testimony cited by Oracle—of Oracle Co-CEO Safra Catz, expert witness Edward Yourdon, and Rimini executive Kevin Maddock, *see* Tr. 935:11–17, 443:4–445:6, 1453:22–1476:6, 1702:18–1703:22—fails to establish a sufficient causal nexus between Oracle's claimed

irreparable injury and the specific aspects of Rimini's conduct held infringing by the Ninth Circuit. This testimony on which Oracle relies does not "directly tie[] consumer demand for [Rimini's support services] to [Rimini's] allegedly infringing feature[s]." *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1375 (Fed. Cir. 2012); *see also Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 982 (9th Cir. 2011) (party's failure to "show[] a sufficient causal connection between irreparable harm" and infringement dooms a claim for "injunctive relief").

Oracle also claims to have adduced evidence of infringement in separate, ongoing proceedings between Oracle and Rimini. Those allegations shall be resolved in those separate proceedings, in accordance with the Court's prior orders. *See* Dkt. 515, 669, 723. Oracle has not disputed the evidence submitted by Rimini in this case, demonstrating that Rimini invested substantial sums of money to modify its software support processes after this Court held at summary judgment in 2014 that some of those processes were infringing. *See* Dkt. __, Ex. C. Nor do the parties dispute that the jury found Rimini to be an innocent infringer, Dkt. 896, *i.e.*, that Rimini "was not aware that its acts constituted infringement" and had "no reason to believe that its acts constituted an infringement," Dkt. 880 at 43. Oracle has therefore failed to demonstrate a risk of future infringement as to the adjudicated processes addressed by the Ninth Circuit. Thus, Oracle has failed to show irreparable injury.

2. The Court further declines to issue an injunction because Oracle has not demonstrated that it lacks an adequate remedy at law. The jury awarded Oracle $35.6 million as "an objective measure of Oracle['s] … damages … meant to approximate the fair market value of a license for all of the copyrights Rimini Street infringed," Dkt. 880 at 41, and the Court awarded Oracle a $22 million prejudgment interest award, to compensate Oracle for the deprivation of its exclusive rights under the Copyright Act. *Oracle*, 879 F.3d at 964. Oracle has failed to demonstrate that these remedies are inadequate. To the extent Oracle complaints of Rimini's revised processes in separate, ongoing proceedings, it may seek relief in those proceedings. Oracle has an adequate remedy at law for the infringements adjudicated in this case.

3. Oracle has also failed to demonstrate that the balance of hardships favors an injunction. Oracle has not presented evidence in this proceeding that Rimini is engaging in adjudicated infringing conduct or likely to do so in the future. Rimini has presented evidence that complying with Oracle's

proposed injunction, which Rimini reads as being overbroad, would result in millions of dollars per year in additional compliance costs. Dkt. __ at 16; *see also id.* Ex. Q. Oracle has not presented counter evidence. The balance of hardships thus favors Rimini.

    4. Finally, while in general some injunctions may serve the public interest to ensure deterrence of future copyright infringement (thus promoting the creation of new original works), the Court finds that the proposed injunction here would not. Injunctions do not automatically serve the public interest simply because infringement has occurred. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1341 (Fed. Cir. 2012). As the Ninth Circuit held, Rimini is engaged "in lawful competition" with Oracle's maintenance services. *Oracle*, 879 F.3d at 952. The public interest is best served by concluding this lawsuit.

For the foregoing reasons, Oracle's renewed motion is DENIED.

IT IS SO ORDERED.

DATED:

By: _____
Hon. Larry R. Hicks
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

GIBSON, DUNN & CRUTCHER LLP

By: *s/ Mark A. Perry*
Mark A. Perry
*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*