GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone:  (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

HOWARD & HOWARD PLLC
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wallen@howardandhoward.com

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-PAL<br><br>**APPENDIX III IN SUPPORT OF DEFENDANTS' OPPOSITION TO ORACLE'S RENEWED MOTION FOR A PERMANENT INJUNCTION**<br><br>**RIMINI'S SPECIFIC OBJECTIONS TO ORACLE'S PROPOSED INJUNCTION** |

# TABLE OF APPENDICES AND EXHIBITS

**Appendix I**:  Rimini's Objections to Oracle's Proposed Findings of Fact

**Appendix II**: Rimini's Proposed Order Denying Oracle's Renewed Motion

**Appendix III**:  Rimini's Specific Objections to Oracle's Proposed Injunction

**Appendix IV**:  Exhibits

    Volume I

        Exhibit A:  *Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948 (9th Cir. 2018).

        Exhibit B:  Excerpts of Oral Argument Transcript from Ninth Circuit

        Exhibit C:  Rimini Declarations Regarding Changed Processes

        Exhibit D:  Jury Verdict

        Exhibit E:  Jury Instructions

        Exhibit F:  Permanent Injunction

        Exhibit G:  Ninth Circuit Order Staying Permanent Injunction Pending Appeal

        Exhibit H: Slide 34 from Rimini's Permanent Injunction Argument

        Exhibit I:  Cited Testimony of Safra Catz

    Volume II

        Exhibit J:  Cited Testimony of Seth Ravin

        Exhibit K:  Cited Testimony of Kevin Maddock

    Volume III

        Exhibit L:  Cited Testimony of Edward Yourdon

        Exhibit M:  Cited Testimony of Former Oracle Customers

        Exhibit N:  Cited Testimony Regarding Oracle Improved Attrition

        Exhibit O:  Oracle's Internal Reports Regarding Customer Satisfaction

        Exhibit P:  Cited Testimony of Elizabeth Dean Regarding Damages

        Exhibit Q:  Declaration of Brian J. Slepko Regarding Costs of Overbroad Injunction

        Exhibit R:  Oracle's Trial Exhibit 3

        Exhibit S:  Oracle's Trial Exhibit 2155

# Appendix III:
# Rimini's Specific Objections to Oracle's Proposed Injunction

# APPENDIX III

## RIMINI'S SPECIFIC OBJECTIONS TO ORACLE'S PROPOSED INJUNCTION

Rimini hereby submits the following objections to Oracle's proposed injunction. Oracle's proposed injunction is fatally flawed for numerous reasons, most critically that it (i) prohibits conduct far beyond the scope of the Ninth Circuit's narrow rulings on infringement, and (ii) fails to provide Rimini with adequate notice of what conduct is enjoined because it is unduly vague and overbroad. *See Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1047 (9th Cir. 2013) (Rule 65(d) is intended "to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood"); *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (injunction "must be narrowly tailored … to remedy only the specific harms shown by plaintiffs, rather than to enjoin all possible breaches of the law"). Rimini respectfully requests that the Court reject Oracle's proposed injunction.

For the Court's convenience, Rimini's specific objections are listed below and interlineated in Oracle's proposed injunction. To the extent they are not included herein, these objections are in addition to those made in Rimini's brief in opposition to Oracle's renewed motion for a permanent injunction.

1. Objection 1: This language is vague and overbroad, fails to provide adequate notice of what conduct is enjoined, and would create uncertainty and confusion.

2. Objection 2: This language is vague and overbroad in that it requires notice to persons based on the prohibited acts. It also requires notice to persons, such as Rimini's "affiliates" and "subsidiaries," that are not covered by Federal Rule of Civil Procedure 65(d) or otherwise defined in Oracle's proposed injunction. The provision should require notice only to persons directly involved in support for the specific products.

3. Objection 3: This language prohibits more conduct than the Ninth Circuit adjudicated infringing. *See Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948 (9th Cir. 2018).

4. Objection 4: This language seeks to rewrite and expand the restrictions in the licenses,

which do not refer to specific conduct that is permitted.

5. Objection 5:  This language is an impermissible obstacle to competition.  If conduct is licensed, then there is no requirement to affirm it in writing.  Moreover, as the Ninth Circuit acknowledged, "[*a*]*ll* of Rimini's customers pertinent to this dispute were licensees of Oracle's software." 879 F.3d at 952 n.1 (emphasis added).  Rimini was never held liable for providing Oracle's copyrighted materials to any customer without a valid license, and therefore there is no basis for requiring that licensees affirm in writing that they are licensees.

6. Objection 6:  The Ninth Circuit upheld liability based on the reproduction right (*see* 17 U.S.C. § 106(1))—not on the distribution or derivative works rights (*see id.* § 106(2)–(3)).  *See* 879 F.3d at 952–53, 956–57, 959–60.

7. Objection 7:  The term "specific licensee's own computer systems" is vague, undefined, and overbroad in view of the Ninth Circuit's holding that only the PeopleSoft licenses—and not the licenses for the other produce lines—contained a so called "facilities" limitation limiting copying to servers over which the licensee retains actual or constructive control.  *See* 879 F.3d at 958–60.

8. Objection 8:  The term "internal data processing operations" is overbroad and vague, and has never been defined by this Court.  The full scope of this contractual phrase is at issue in *Rimini II*.

9. Objection 9:  The term "benefit" is vague and undefined.

10. Objection 10:  This provision seeks to prohibit "copy[ing]" and "access[ing]" "source code," even though no license—let alone every one of the various licenses—contains these overbroad, vague, and undefined terms and restrictions.  *See*, *e.g.*, Oracle's Trial Exhibit 705 (Siebel license not restricting access to source code).  Further, "access" goes beyond the exclusive rights of the Copyright Act.

11. Objection 11:  This provision seeks to make Rimini's ability to service one product line contingent on its adherence to the injunction's terms concerning a different

product line, even though the Ninth Circuit recognized that the licenses at issue have meaningful differences in their terms.  *See* 879 F.3d at 953.  There is no basis in the licenses or the law to tie product lines together, such that failure to comply with the injunction as to one product line precludes lawful activity on a different product line.

12. <u>Objection 12</u>:  This provision seeks to prohibit forms of cross use not reached by the Ninth Circuit's decision.  The Ninth Circuit upheld infringement liability for JD Edwards and Siebel only on the grounds that Rimini performed services under color of a license for an existing customer for future or unknown clients.  *See* 879 F.3d at 953, 957.  The injunction cannot prohibit more than that.

13. <u>Objection 13</u>:  This provision seeks to prohibit Rimini from copying Oracle Database software using valid Oracle License and Service Agreements, even though the Ninth Circuit only upheld liability on the ground that developer licenses do not permit such copying.  *See* 879 F.3d at 960.  The injunction cannot reach lawful reproduction of Oracle Database, but may only prevent what has actually been adjudicated unlawful.

14. <u>Objection 14</u>:  Distribution to a specific licensee of materials that Rimini downloads for that licensee is permitted.  *See* 879 F.3d at 962.  The Ninth Circuit did not uphold liability based on violations of the distribution right.

15. <u>Objection 15</u>:  Oracle purports to limit copying of JD Edwards and Siebel only to unmodified, back-up copies; but the Ninth Circuit expressly held that Rimini may "creat[e] development environments for a licensee for various purposes after that licensee [of JD Edwards and/or Siebel] has become a customer of Rimini."  879 F.3d at 958

## INJUNCTION PURSUANT TO 17 U.S.C. § 502(a)

Good cause being shown, the Court permanently enjoins and restrains Defendant Rimini Street, Inc. and its <mark>subsidiaries, affiliates,</mark> employees, directors, officers, principals, and agents (collectively, "Rimini") as follows: <sup>Obj. 1, 2, 3</sup>

1. Rimini Street, Inc. <mark>shall provide notice of this Section 502 Order to all subsidiaries, affiliates,</mark> employees, directors, officers, principals, and agents that <mark>may</mark> have any involvement whatsoever in reproducing, <mark>preparing derivative works from, or distributing PeopleSoft,</mark> JD Edwards, Siebel, or Oracle Database software or documentation. <sup>Obj. 1, 2, 3 / Obj. 1 / Obj. 1, 3, 6, 14</sup>

2. Rimini shall not reproduce, <mark>prepare derivative works from, or distribute</mark> PeopleSoft, JD Edwards, or Siebel software or documentation in any way <mark>unless both of the following conditions are met:</mark> <sup>Obj. 1, 3, 6, 14 / Obj. 1, 3, 5</sup>

    (a) Rimini shall not reproduce, <mark>prepare derivative works from, or distribute</mark> PeopleSoft, JD Edwards, or Siebel software or documentation unless solely in connection with work for a specific customer that has <mark>affirmed in writing</mark> that the customer holds a valid, written license agreement for the particular PeopleSoft, JD Edwards, or Siebel software and documentation <mark>authorizing Rimini's specific conduct</mark>; and <sup>Obj. 1, 3, 6, 14 / Obj. 1, 3, 4, 5 / Obj. 1, 3, 4, 5</sup>

    (b) Rimini shall not reproduce, <mark>prepare derivative works from, or distribute</mark> PeopleSoft, JD Edwards, or Siebel software or documentation <mark>unless such conduct is consistent with the remaining terms of this Order.</mark> <sup>Obj. 1, 3, 6, 14 / Obj. 1, 3, 11</sup>

    **A. PeopleSoft**

3. Rimini shall not <mark>distribute</mark> PeopleSoft software or documentation or any <mark>derivative works</mark> created from or with PeopleSoft software or documentation; <sup>Obj. 1, 3, 6, 14 / Obj. 1, 3, 6 / Obj, 1, 3, 6</sup>

4. Rimini shall not reproduce, <mark>prepare derivative works from,</mark> or <mark>use</mark> a specific licensee's PeopleSoft software or documentation other than to support the <mark>specific licensee's own internal data processing operations;</mark> <sup>Obj. 1 / Obj. 1, 3, 7 / Obj. 1, 3, 8</sup>

1

5. Rimini shall not reproduce, <mark>prepare derivative works from,</mark> or <mark>use</mark> PeopleSoft software or documentation on, with, or to any computer systems other than a <mark>specific licensee's own computer systems;</mark> [Obj. 1, 3, 6] [Obj. 1] [Obj. 1, 3, 7]

6. Rimini shall not reproduce, <mark>prepare derivative works from,</mark> or <mark>use</mark> PeopleSoft software or documentation on one licensee's computer systems to support, troubleshoot, or perform development or testing for any other licensee, including, specifically, that <mark>Rimini shall not use a specific licensee's PeopleSoft environment to develop or test software updates or modifications for the benefit of any other licensee;</mark> [Obj. 1, 3, 6] [Obj. 1] [Obj. 1, 3, 9]

**B.   JD Edwards**

7. Rimini shall not <mark>distribute</mark> JD Edwards software or documentation or any <mark>derivative works</mark> created from or with JD Edwards software or documentation; [Obj. 1, 3, 6, 14] [Obj. 1, 3, 6]

8. Rimini shall not reproduce, <mark>prepare derivative works from,</mark> or <mark>use</mark> a specific licensee's JD Edwards software or documentation other than on a <mark>specific licensee's own computer systems;</mark> [Obj. 1, 3, 6] [Obj. 1] [Obj. 1, 3, 7]

9. <mark>Rimini shall not copy or access JD Edwards software source code;</mark> [Obj. 1, 3, 10]

10. Rimini shall not reproduce, <mark>prepare derivative works from,</mark> or <mark>use</mark> JD Edwards software or documentation <mark>on, with, or to</mark> any computer systems other than a <mark>specific licensee's own computer systems,</mark> <mark>except to create an unmodified copy of a specific licensee's software application and documentation for use by that specific licensee in the event that the production copy of the licensee's software is corrupted or lost;</mark> [Obj.1, 3, 6] [Obj. 1] [Obj. 1, 3] [Obj. 1, 3, 7] [Obj. 1, 3, 12, 15]

11. Rimini shall not reproduce, <mark>prepare derivative works from,</mark> or <mark>use</mark> JD Edwards software or documentation on one licensee's computer systems to support, troubleshoot, or perform development or testing for any other licensee, <mark>including, specifically, that Rimini shall not use a specific licensee's JD Edwards environment to develop or test software updates or modifications for the benefit of any other licensee;</mark> [Obj. 1, 3, 6] [Obj. 1] [Obj. 1, 3, 9, 12]

### C.    Siebel <sub>Obj. 1, 3, 6</sub>

12. Rimini shall not distribute or prepare derivative works from Siebel software or documentation; <sub>Obj. 1, 3, 10</sub>

13. Rimini shall not copy or access Siebel software source code; <sub>Obj. 1, 3</sub>

14. Rimini shall not reproduce or use Siebel software or documentation on, with, or to <sub>Obj. 1, 3, 7</sub> any computer systems other than a specific licensee's own computer systems, except solely to: <sub>Obj. 1, 3, 12, 15</sub>

    a. create un unmodified copy of a specific licensee's software application and documentation for the use of that specific licensee in the event that the production copy of the licensee's software is corrupted or lost;

    b. create an unmodified copy of a specific licensee's software application and documentation for emergency back-up purposes; or,

    c. create an unmodified copy of a specific licensee's software application and documentation for disaster recovery purposes and related testing; <sub>Obj. 1, 3, 6</sub> <sub>Obj. 1</sub>

15. Rimini shall not reproduce, prepare derivative works from, or use Siebel software or documentation on one licensee's computer systems to support, troubleshoot, or perform development or testing for any other licensee, including, specifically, that <sub>Obj. 1, 3, 9, 12</sub> Rimini shall not use a specific licensee's Siebel environment to develop or test software updates or modifications for the benefit of any other licensee;

### D.    Oracle Database <sub>Obj. 1, 3, 13</sub>  <sub>Obj. 1, 3, 6</sub>

16. Rimini shall not reproduce, prepare derivate works from, or distribute Oracle Database software.


**IT IS SO ORDERED.**


DATED:

|     |                                    |
| --- | ---------------------------------- |
| 1   | By:_____         |
| 2   | Hon. Larry R. Hicks                |
| 3   | United States District Judge       |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

GIBSON, DUNN & CRUTCHER LLP

By: *s/ Mark A. Perry*
Mark A. Perry
*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*