# Exhibit E:

# Jury Instructions

Case 2:10-cv-00106-LRH-PAL Document 880-5 Filed 10/06/15 Page 2 of 75

☑ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 6 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>　　　Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>　　　Defendants. | 2:10-CV-0106-LRH-PAL<br><br>Jury Instructions |

**Duty of the Jury**

　　Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

　　Each of you will receive a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

　　You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

///

///

1  It is your duty to find the facts from all the evidence in the case. To those facts you will
2 apply the law as I give it to you. You must follow the law as I give it to you whether you agree with
3 it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or
4 sympathy. That means that you must decide the case solely on the evidence before you. You will
5 recall that you took an oath to do so.
6  In following my instructions, you must follow all of them and not single out some and
7 ignore others; they are all important.

26 JURY INSTRUCTION NO. _1_

**TomorrowNow Evidence**

You have heard evidence and argument concerning a company called TomorrowNow.

You may not use evidence concerning TomorrowNow to infer that, because Seth Ravin was at one time associated with TomorrowNow, he, Rimini Street, or any individual employed by Rimini Street did, or was more likely to have done, the things that Oracle contends.

JURY INSTRUCTION NO. **20**

21

1 **Copyright Infringement - Express License**

2 Defendant Rimini Street asserts an express license defense to Oracle International

3 Corporation's claim of direct copyright infringement.

4 Where a defendant asserts an express license defense to copyright infringement, the

5 defendant has the initial burden to identify any license provision or provisions that it believes

6 excuses the infringement. If a defendant satisfies this burden, then it becomes the plaintiff's burden

7 to prove by a preponderance of the evidence that defendant's copying or other infringement was

8 not authorized by the license provision or provisions.

9 In this action, Oracle enters into written software license agreements with its customers that

10 allow the customers to use Oracle International Corporation's copyrighted software and have

11 access to support materials for that software. It is undisputed that defendant Rimini Street did not

12 have its own license with Oracle relevant to any of the issues that you are to decide. Instead,

13 defendant Rimini Street asserts that its own client's software license agreements with Oracle

14 authorized any copying Rimini Street engaged in as it relates to Oracle International Corporation's

15 J.D. Edwards and Siebel software applications and related documentation and PeopleSoft

16 documentation at issue in this action. Under the law defendant Rimini Street is permitted to assert

17 those software license agreements as a defense.

18 It is up to you to determine whether defendant Rimini Street's copying of Oracle

19 International Corporation's J.D. Edwards and Siebel software applications and related

20 documentation and PeopleSoft documentation was authorized by its client's software license

21 agreements with Oracle. To help you in your deliberations, the court has previously interpreted the

22 relevant licenses as a matter of law.

23

24 **J.D. Edwards Software License Agreements**

25 As to the J.D. Edwards software license agreements you are informed that the court has

26 previously ruled as a matter of law that the J.D. Edwards software license agreements authorized a

27

1   third party like Rimini Street - who was engaged by a licensee to provide support or other services
2   - to copy the J.D. Edwards software application and related documentation onto its computer
3   systems to the extent necessary for the customer's archival needs and to support the customer's
4   use. An archival copy of the software application and documentation is an unmodified copy of the
5   original software application and documentation for use in the event that production copy of the
6   software - the copy used on a customer's systems - is corrupted or lost. This provision does not
7   mean that a third party like Rimini Street is authorized to make copies of the J.D. Edwards
8   software application and documentation to, among other things, access the software's source code
9   to carry out development and testing of software updates, to make modifications to the software, or
10  to use the customer's software or support materials to support other customers.

11  If you find that the copies of the J.D. Edwards software application and documentation
12  housed on Rimini Street's servers were used solely for the customer's archival needs and to
13  support the customer's use, then that use is authorized by the J.D. Edwards software license
14  agreement and you should find in favor of defendant Rimini Street and against Oracle International
15  Corporation on Oracle International Corporation's claim for direct copyright infringement as it
16  relates to the J.D. Edwards copyrighted works.

17  If, on the other hand, you find that the copies of the J.D. Edwards software application and
18  documentation housed on Rimini Street's servers were used for purposes other than the customer's
19  archival needs or to support the customer's use, then that use is outside the scope of the J.D.
20  Edwards software license agreement and you should find in favor of Oracle International
21  Corporation and against defendant Rimini Street on Oracle International Corporation's claim for
22  direct copyright infringement as it relates to the J.D. Edwards copyrighted works.

23
24  Siebel Software License Agreements
25  As to the Siebel software license agreements you are informed that the court has ruled as a
26  matter of law that the Siebel software license agreements authorized a third party like Rimini Street

28

1    to make a reasonable number of copies of the Siebel software application and related
2    documentation onto the third party's own computer systems solely for the customer's archive or
3    emergency back-up purposes or disaster recovery and related testing. As stated previously, an
4    archival copy of the software and documentation is an unmodified copy of the original software
5    and documentation for use in the event that production copy of the software - the copy used on a
6    customer's systems - is corrupted or lost. This provision does not mean that a third party like
7    Rimini Street is authorized to make copies of the Siebel software and documentation to, among
8    other things, access the software's source code to carry out modification, development and testing
9    of the software not related to archive, emergency back-up, or disaster recovery purposes, or to use
10   the customer's software or support materials to support other customers.

11   If you find that the copies of the Siebel software application and related documentation
12   housed on Rimini Street's servers were used solely for archive or emergency back-up purposes or
13   disaster recovery and related testing then that use is authorized by the Siebel software license
14   agreement and you should find in favor of defendant Rimini Street and against Oracle International
15   Corporation on Oracle International Corporation's claim for direct copyright infringement as it
16   relates to the Siebel copyrighted works.

17   If, on the other hand, you find that the copies of the Siebel software application and related
18   documentation housed on Rimini Street's servers were used for purposes other than archive or
19   emergency back-up purposes or disaster recovery and related testing then that use is outside the
20   scope of the Siebel software license agreement and you should find in favor of Oracle International
21   Corporation and against defendant Rimini Street on Oracle International Corporation's claim for
22   direct copyright infringement as it relates to the Siebel copyrighted works.

23

24   PeopleSoft Software License Agreements
25   You have already been informed that the court has ruled as a matter of law the defendant
26   Rimini Street engaged in copyright infringement of certain of Oracle International Corporation's

29

1  PeopleSoft software applications. However, the court has not ruled on the issue of copyright
2  infringement as it relates to Oracle International Corporation's PeopleSoft documentation at issue
3  in this action.
4      You are informed that the Court has previously ruled as a matter of law that defendant
5  Rimini Street engaged in copyright infringement of Oracle International Corporation's PeopleSoft
6  software applications. The PeopleSoft software licenses prohibited Rimini Street from copying or
7  preparing derivative works from PeopleSoft software other than to support the specific licensee's
8  own internal data processing operations on the licensee's own computer systems. Any copying or
9  preparation of derivative works outside the scope of those limitations was prohibited by the license
10 agreements. This means that the licenses prohibited Rimini Street from copying or preparing
11 derivative works from PeopleSoft software on Rimini Street's computer systems. It also means the
12 licenses prohibited Rimini Street from copying or preparing derivative works from PeopleSoft
13 software in developing or testing software updates for other Rimini Street customers.
14     As to the PeopleSoft software license agreements you are informed that the court rules as a
15 matter of law that the PeopleSoft software license agreements authorized a third party like Rimini
16 Street to make a reasonable number of copies of the PeopleSoft documentation solely for the
17 customer's internal use and at the customer's facilities. This provision does not authorize a third
18 party like Rimini Street to copy, distribute, or use the PeopleSoft documentation at its facilities or
19 to develop or test software updates for other customers.
20     If you find that the copies of the PeopleSoft documentation were solely at the customer's
21 facilities and were used solely for the customer's internal use then that use is authorized by the
22 PeopleSoft software license agreement and you should find in favor of defendant Rimini Street and
23 against Oracle International Corporation on Oracle International Corporation's claim for direct
24 copyright infringement as it relates to the PeopleSoft documentation and support materials.
25     If, on the other hand, you find that the copies of the PeopleSoft documentation were either
26 at Rimini Street's facilities or were used for purposes other than solely for the customer's internal

30

use then that use is outside the scope of the PeopleSoft software license agreement and you should find in favor of Oracle International Corporation and against defendant Rimini Street on Oracle International Corporation's claim for direct copyright infringement as it relates to the PeopleSoft documentation and support materials.

JURY INSTRUCTION NO. **24**

31

**Copyright Infringement - Damages - Introduction**

You must determine Oracle International Corporation's damages resulting from defendant Rimini Street's copyright infringement. Oracle International Corporation is entitled to recover either the actual damages suffered as a result of the infringement or statutory damages established by the Copyright Act. You will be asked to determine both Oracle International Corporation's actual damages as well as statutory damages under the Copyright Act. Oracle International Corporation must prove damages by a preponderance of the evidence.

As the measure of its actual damages, Oracle International Corporation, as the plaintiff, has the right to seek to recover either the fair market value of a license for the rights infringed or its lost profits, not both. You must make the determination of which type of damages to award to Oracle International Corporation if you determine those damages are proved by a preponderance of the evidence.

If you award Oracle International Corporation actual damages based on its lost profits, then Oracle International Corporation is also entitled to recover any profits that defendant Rimini Street made that is attributable to that infringement and that is not duplicative of any lost profits that you award to Oracle International Corporation. In other words, for any particular customer, Oracle may recover either its lost profits or Rimini Street's infringer's profits, but not both, for that customer.

If you award Oracle International Corporation actual damages based on the fair market value of a license for the rights infringed, that award takes into account defendant Rimini Street's profits attributable to its infringement and Oracle International Corporation is not entitled to any additional award.

Regardless of which type of actual damages you choose to award Oracle International Corporation, and even if you determine that no measure of actual damages has been proven, you must also make a determination of the amount of statutory damages Oracle International Corporation is entitled to under the Copyright Act. When you consider Oracle International Corporation's statutory damages you must not consider the amount awarded as actual damages.

35

They are separate and distinct damages and do not relate to each other. All of these damages will now be explained to you.

JURY INSTRUCTION NO. **28**

**Copyright Infringement - Damages - Fair Market Value License**

If you determine that the best measure of Oracle International Corporation's actual damages is a fair market value license, you must determine the amount of a fair market value license between Oracle International Corporation and Rimini Street. The fair market value license is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by Rimini Street of Oracle International Corporation's copyrighted works.

In determining a fair market value license, you must consider the entire scope of the infringement. Further, you should consider all of the information known to and all of the expectations of the parties on the dates of the hypothetical negotiations, which are the dates on which infringement began.

You must determine what would have been the result of this negotiation in order to establish the fair market value. The fair market value is an objective measure of Oracle International Corporation's damages that is meant to approximate the fair market value of a license for all of the copyrights Rimini Street infringed, calculated at the time the infringement, which is the period from 2006 through 2011.

The value of a hypothetical license is not necessarily the amount that Rimini Street would have agreed to pay, or that Oracle International Corporation would have actually agreed to accept.

You may consider evidence of events and facts that happened after the date of the hypothetical negotiation only to the extent that it provides insight into the expectations of the parties at the time the infringement first began, or insight into the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement.

JURY INSTRUCTION NO. **33**

41

**Copyright Infringement - Damages - Innocent Infringement**

An infringement is considered innocent when the Defendant has proved both of the following elements by a preponderance of the evidence:

1. the Defendant was not aware that its acts constituted infringement of the copyright; and
2. the Defendant had no reason to believe that its acts constituted an infringement of the copyright.

JURY INSTRUCTION NO. **35**