1   BOIES, SCHILLER & FLEXNER LLP          MORGAN, LEWIS & BOCKIUS LLP
    RICHARD J. POCKER (NV Bar No. 3568)    THOMAS S. HIXSON (*pro hac vice*)
2   300 South Fourth Street, Suite 800     JOHN A. POLITO (*pro hac vice*)
    Las Vegas, NV 89101                    One Market, Spear Street Tower
3   Telephone: (702) 382-7300              San Francisco, CA  94105
    Facsimile: (702) 382-2755              Telephone:  415.442.1000
4   rpocker@bsfllp.com                     Facsimile:  415.442.1001
                                           thomas.hixson@morganlewis.com
5   BOIES SCHILLER FLEXNER LLP             john.polito@morganlewis.com
    WILLIAM ISAACSON (*pro hac vice*)
6   KAREN DUNN (*pro hac vice*)            DORIAN DALEY (*pro hac vice*)
    1401 New York Avenue, NW, 11th Floor   DEBORAH K. MILLER (*pro hac vice*)
7   Washington, DC 20015                   JAMES C. MAROULIS (*pro hac vice*)
    Telephone: (202) 237-2727              ORACLE CORPORATION
8   Facsimile: (202) 237-6131              500 Oracle Parkway, M/S 5op7
    wisaacson@bsfllp.com                   Redwood City, CA 94070
9   kdunn@bsfllp.com                       Telephone:  650.506.4846
                                           Facsimile:  650.506.7114
10  BOIES SCHILLER & FLEXNER LLP           dorian.daley@oracle.com
    STEVEN C. HOLTZMAN (*pro hac vice*)    deborah.miller@oracle.com
11  BEKO O. REBLITZ-RICHARDSON (*pro hac   jim.maroulis@oracle.com
    vice*)
12  1999 Harrison Street, Suite 900
    Oakland, CA 94612
13  Telephone: (510) 874-1000
    Facsimile: (510) 874-1460
14  sholtzman@bsfllp.com
    brichardson@bsfllp.com
15
    Attorneys for Plaintiffs
16  Oracle USA, Inc., Oracle America, Inc., and
    Oracle International Corp.
17

18                       UNITED STATES DISTRICT COURT

19                            DISTRICT OF NEVADA

20  ORACLE USA, INC., a Colorado corporation;     Case No. 2:10-cv-0106-LRH-VCF
    ORACLE AMERICA, INC., a Delaware
21  corporation; and ORACLE INTERNATIONAL         **ORACLE'S REPLY TO RIMINI'S**
    CORPORATION, a California corporation,         **APPENDIX I CONTAINING**
22                                                 **OBJECTIONS TO ORACLE'S**
                 Plaintiffs,                       **PROPOSED FINDINGS OF FACT**
23
            v.
24
    RIMINI STREET, INC., a Nevada corporation;
25  and SETH RAVIN, an individual,

26               Defendants.

27

28
                                                   Case No. 2:10-cv-0106-LRH-VCF

Plaintiffs Oracle USA, Inc. Oracle America, Inc., and Oracle International Corporation (collectively, "Oracle") submit this Reply to Rimini's Objections to Oracle's Proposed Findings of Fact (ECF No. 1131) in support of Oracle's Renewed Motion for Permanent Injunction Against Defendant Rimini Street, Inc. (ECF No. 1117).

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| 1. | On February 15, 2010, Plaintiff Oracle USA, Inc., a Colorado corporation, merged with and into Sun Microsystems, Inc. Sun Microsystems, Inc., the surviving corporation, was then renamed "Oracle America, Inc." ("Oracle America"). ECF No. 528, Undisputed Fact ("UF") 1. | Undisputed. | |
| 2. | Plaintiff Oracle America is a Delaware corporation, with its principal place of business in Redwood City, California. ECF No. 528, UF 2. | Undisputed. | |
| 3. | Oracle America develops and licenses certain intellectual property, including copyrighted enterprise software programs, and provides related services. ECF No. 528, UF 3. | Undisputed. | |
| 4. | Oracle America is the successor in interest to Oracle USA, and through Oracle USA is the successor to PeopleSoft USA, Inc. and a successor in interest to certain PeopleSoft, JD Edwards, and Siebel entities. Hereinafter, Oracle USA, Inc. and Oracle America, Inc. are referred to collectively as "Oracle | Undisputed. | |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | America." ECF No. 528, UF 4. | | |
| 5. | Plaintiff Oracle International Company ("OIC," and together with Oracle America, "Oracle") is a California corporation, with its principal place of business in Redwood City, California. OIC owns and licenses certain intellectual property, including copyrighted enterprise software programs used around the world. ECF No. 528, UF 5. | **Undisputed.** | |
| 6. | In December 2004, Oracle acquired PeopleSoft, including the PeopleSoft copyrighted materials in suit related to PeopleSoft Enterprise, JD Edwards Enterprise One and JD Edwards World, for $11.1 billion. Trial Transcript ("Tr.") 957:15-22 (Catz). | **Undisputed.** | |
| 7. | In January 2006, Oracle acquired Siebel, including the Siebel copyrighted materials in suit, for $6.1 billion. ECF No. 528, UF 39. | **Undisputed.** | |
| 8. | OIC is the owner or exclusive licensee for each of the copyright registrations-in-suit at issue in this case, and each of those registrations is valid. ECF No. 528, UF 40-41. | **Undisputed.** | |
| 9. | Intellectual property rights formerly held by certain PeopleSoft, JD Edwards, | **Undisputed.** | |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | and Siebel entities were transferred to OIC as part of the acquisitions of PeopleSoft and Siebel by Oracle. ECF No. 528, UF 6. | | |
| 10. | As is typical in the enterprise software industry, Oracle does not sell ownership rights to this software or the related support products Oracle provides to its paying customers. ECF No. 528, UF 7. | **Undisputed.** | |
| 11. | Instead, Oracle's customers purchase licenses that grant them limited rights to use specific Oracle software programs. ECF No. 528, UF 8. | **Undisputed.** | |
| 12. | Separate from the license to the underlying software, Oracle also enters into support contracts with its customers, which entitled them to receive, for an annual maintenance fee, software upgrades and software support, including certain fixes, patches and updates. ECF No. 528, UF 9. | **Undisputed.** | |
| 13. | Oracle's predecessors also sold both software licenses and support contracts for PeopleSoft, JD Edwards, and Siebel enterprise software. ECF No. 528, UF 10. | **Undisputed.** | |
| 14. | Defendant Rimini Street, Inc. is a company that | **Undisputed.** | |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | provides similar software support services to licensees of Oracle's PeopleSoft, JD Edwards and/or Siebel software. ECF No. 528, UF 11. | | |
| 15. | Rimini competes directly with Oracle to provide these services. ECF No. 528, UF 12. | **Undisputed.** | |
| 16. | Defendant Seth Ravin is the founder, president and CEO of Rimini, as well as the former President of TomorrowNow, Inc., a subsidiary of SAP AG ("TomorrowNow"). Tr. 240:9:15, 351:2-7 (Ravin). | **Undisputed.** | |
| 17. | Rimini launched its operations in September 2005, offering support services for Oracle's Siebel software. Rimini conducted a pilot launch of its Siebel support in January 2006 and acquired its first Siebel customer in February 2006. ECF No. 528, UF 13. | **Undisputed.** | |
| 18. | Rimini expanded its support offering to Oracle's PeopleSoft products in April 2006 and to Oracle's JD Edwards products in September 2006. ECF No. 528, UF 14. | **Undisputed.** | |
| 19. | Rimini contracted with 364 customers to provide support for PeopleSoft, JD Edwards, and/or Siebel enterprise software between 2006 and | **Undisputed.** | |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | November 2011. ECF No. 528, UF 15. | | |
| 20. | Each of Rimini's PeopleSoft, JD Edwards, and/or Siebel customers licensed PeopleSoft, JD Edwards and/or Siebel enterprise software from Oracle. ECF No. 528, UF 16. | **Undisputed.** | |
| 21. | Rimini copied "massive amounts" of Oracle software and support materials, without ever obtaining any license from Oracle. Tr. 165:12-16 (Davis); 302:3-4 (Ravin). | **Disputed in part.** At all times, and quite contrary to Oracle's repeated assertions, "[a]ll of Rimini's customers pertinent to this dispute were licensees of Oracle's software." *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d 948, 952 n.1 (9th Cir. 2018). Rimini operated under its clients' licenses, which the Court found it could assert as a defense in this action. ECF No. 474 at 8–10. Additionally, the Ninth Circuit recognized that Rimini engages "in *lawful competition* with Oracle's direct maintenance services," *Oracle*, 879 F.3d at 952 (emphasis added), and did not endorse Oracle's positions that Rimini and its CEO Seth Ravin were "thieves" and "liars" who engaged in "massive copying" and "fraud." Further, Mr. Ravin did not testify to the quantity of Oracle software and support material copied by Rimini. Tr. 302:3–4 (Ravin). **Evidentiary Objections:** | **Waived in Part.** Proposed Fact 21 is the same as Proposed Fact 21 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini has now raised evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These evidentiary objections are waived. **Not Disputed.** The cited testimony supports the finding of "massive amounts." Rimini does not dispute this fact in any meaningful way. Rimini does not dispute that it copied Oracle software and never obtained a license from Oracle. As such, Proposed Fact 21 is directly relevant to Rimini's infringement of Oracle's copyrights and Oracle's need for injunctive relief. The judge and the jury found that Rimini had no license defense for any of the relevant products. ECF No. 896 at 1-3; |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | **Vague and ambiguous; Fed. R. Evid. 401–402** (Relevance); Misstates the evidence | ECF No. 474. Rimini's affirmative defense failed, and no longer creates a dispute. The jury determined that Rimini was liable on all copyright infringement claims. ECF No. 896 (final jury verdict).<br><br>The Ninth Circuit affirmed the judgment "with respect to the copyright infringement claims," expressly rejecting Rimini's defense of express license. *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d 948, 953. Rimini's suggestion that the Ninth Circuit "did not endorse Oracle's positions that Rimini and its CEO Seth Ravin were 'thieves' and 'liars' who engaged in 'massive copying' and 'fraud'" finds no support in the appellate opinion. |
| 22. | Rimini had "thousands and thousands" of copies of Oracle software on Rimini servers. Tr. 551:10–18 (Ravin). | **Disputed.**<br><br>The Ninth Circuit declined to adopt Oracle's newly minted theory of infringement based on an allegedly unreasonable number of copies made. Indeed, the Court's holding that copying is vital and necessary to the functioning of complex enterprise software, *see Oracle*, 879 F.3d at 955–56, belies any suggestion that the number of copies Rimini made under *any* of the licenses was itself impermissible.<br><br>Moreover, Rimini downloaded only what its clients were entitled to under their licenses. Tr. at 567:22–568:8, 728:12–22 (Ravin); Tr. 975:11–25 (Catz) ("Q. It could be thousands of files? | **Waived.**<br><br>Proposed Fact 22 is the same as Proposed Fact 22 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Because Rimini did not dispute this fact when initially presented (ECF No. 906, Appendix; ECF No. 909), Rimini's newly-raised arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>The cited testimony supports Oracle's proposed finding. Rimini does not dispute this fact in any meaningful way.<br><br>The judge and the jury found that Rimini had no license |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | A. It absolutely can be. Q. And the customer would be totally within its rights to download those materials; correct? A. Yes, as long as they're licensed for them, they may download them during their support contract."). Further, regardless of how many copies of Oracle software Rimini may have had on its servers, the jury found that Rimini's infringement was innocent. ECF No. 896 (verdict).<br><br>**Evidentiary Objections**:<br><br>**Fed. R. Evid. 401– 402** (Relevance)<br><br>**Fed. R. Evid. 403** (Unduly prejudicial to the extent proposed fact implies that Rimini's infringement was anything but innocent) | defense for any of the relevant products. ECF No. 896 at 1-3; ECF No. 474.  Rimini's affirmative defense failed, and no longer creates a dispute.<br><br>Oracle disputes Rimini's assertion in response to Proposed Fact 22 that "Rimini downloaded only what its clients were entitled to under their licenses." The jury determined that Rimini was liable on all copyright infringement claims. ECF No. 896 (final jury verdict). The cited testimony from Ms. Catz does not support Rimini Street's response to Proposed Fact 22, as she was not shown to have sufficient knowledge of Rimini's downloading or of any client's particular, relevant license.<br><br>Rimini's evidentiary objections also fail because the scope and frequency of Rimini's infringement of Oracle's copyrighted works is directly relevant to Oracle's need for injunctive relief.<br><br>The Ninth Circuit affirmed the judgment "with respect to the copyright infringement claims." *Oracle*, 879 F.3d at 953.  Rimini's suggestion that the Ninth Circuit "declined to adopt Oracle's newly minted theory of infringement based on an allegedly unreasonable number of copies made" is irrelevant to this Proposed Fact and also finds no support in the appellate opinion.  In fact, the Ninth Circuit stated that "Rimini itself did not have a license to copy or to modify from Oracle." *Id.* at 954. |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | *See also* Joint Pretrial Order, ECF No. 528, UF 19-26 (stipulating as to copies of Oracle software present on Rimini's computer systems). |
| 23. | Rimini created and used full working copies of the PeopleSoft, JD Edwards, and Siebel software as "environments" on Rimini's servers. Tr. 303:1–5, 320:13– 321:2, 758:23–759:4, 760:8–15 (Ravin); 1146:5–17 (Chiu); 1757:14–1758:11 (Whittenbarger). | **Disputed** to the extent that the proposed fact implies that Rimini created and used copies of *every client's* software as environments on its servers. For example, Mr. Chiu testified that Rimini had "*some* internal environments for some of our Siebel clients" that were "used to provide support *for those clients that provided us their software.*" Tr. 1146:5–11.<br><br>Moreover, as the Ninth Circuit held, JD Edwards and Siebel licenses do not contain a facilities limitation like the example PeopleSoft licenses did, nor do the JD Edwards and Siebel licenses prohibit "working copies" being made. *Oracle*, 879 F.3d at 958.<br><br>**Evidentiary Objections**:<br><br>**Vague and ambiguous; Fed. R. Evid. 401–402** (Relevance); Misstates the evidence | **Waived.**<br><br>Proposed Fact 23 is the same as Proposed Fact 23 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Because Rimini did not dispute this fact when initially presented (ECF No. 906, Appendix; ECF No. 909), Rimini's newly-raised arguments and evidentiary objections are waived.<br><br>**Not Disputed**.<br><br>The cited testimony supports Proposed Fact 23. Proposed Fact 23 is additionally supported by Proposed Facts 21 and 22.<br><br>Rimini is incorrect that the Ninth Circuit held that "JD Edwards and Siebel licenses do not contain a facilities limitation like the example PeopleSoft licenses did." To the contrary, almost all of the licenses at issue for JD Edwards and Siebel contain some language limiting or forbidding off-site copies of the software. PTX 5466.<br><br>Rimini also incorrectly asserts: "nor do the JD Edwards and Siebel licenses prohibit 'working copies' being made." Oracle incorporates by reference its reply in support of Proposed Fact 35. |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
|  |  |  | *See also* Joint Pretrial Order, ECF No. 528, UF 20-24 (stipulating as to PeopleSoft, JD Edwards, and Siebel environments present on Rimini's computer systems). |
| 24. | Rimini had at least 478 PeopleSoft, JD Edwards, and Siebel environments on its own computer systems. ECF No. 528, 19, 24, Exs. B & F (undisputed); Tr. 174:8-20 (Davis). | **Undisputed.** |  |
| 25. | Rimini has at least 216 environments on its servers that contain installed copies of Oracle Database. ECF No. 528, UF 25. | **Disputed** to the extent this proposed finding of fact is unlimited in time and implies that the fact is true as of the present date.<br><br>**Evidentiary Objections**:<br><br>**Overbroad** | **Waived.**<br><br>Proposed Fact 25 is the same as Proposed Fact 25 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Because Rimini did not dispute this fact when initially presented (ECF No. 906, Appendix; ECF No. 909), Rimini's newly-raised arguments and evidentiary objections are waived.<br><br>**Not Disputed**.<br><br>Rimini stipulated to the exact wording of Proposed Fact 25 in the January 12, 2015 Joint Pretrial Order. ECF No. 528, UF 25. Rimini has not shown any changed circumstances. Therefore, this stipulation remains binding on Rimini. |
| 26. | Each environment on Rimini's local systems constitutes a reproduction of one or more of the | **Disputed** to the extent this proposed finding of fact is unlimited in time and implies that the fact is true as of the present date. | **Waived.**<br><br>Proposed Fact 26 is the same as Proposed Fact 26 that Oracle previously presented in its Motion for Permanent |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | copyright registrations-in-suit. ECF No. 528, UF 24. | **Evidentiary Objections**: **Overbroad** | Injunction.  *Compare* ECF No. 900 *with* ECF No. 1117.  Because Rimini did not dispute this fact when initially presented (ECF No. 906, Appendix; ECF No. 909), Rimini's newly-raised arguments and evidentiary objections are waived.  **Not Disputed.**  Rimini stipulated to Proposed Fact 26 in the January 12, 2015 Joint Pretrial Order. ECF No. 528, UF 24.  Rimini has not shown any changed circumstances. Therefore, this stipulation remains binding on Rimini. |
| 27. | Many of Rimini's fixes for PeopleSoft software involved files that contained modified versions of Oracle's source code. ECF No. 528, UF 42. | **Evidentiary Objections**: **Vague and ambiguous** | **Waived.**  Proposed Fact 27 is the same as Proposed Fact 27 that Oracle previously presented in its Motion for Permanent Injunction.  *Compare* ECF No. 900 *with* ECF No. 1117.  Because Rimini did not dispute this fact when initially presented (ECF No. 906, Appendix; ECF No. 909), Rimini's newly-raised evidentiary objections are waived.  **Not Disputed.**  Proposed Fact 27 is not vague and ambiguous.  Rimini stipulated to it verbatim in the January 12, 2015 Joint Pretrial Order.  ECF No. 528, UF 42. |
| 28. | All of the copies of and derivative works prepared from Oracle software and support materials that Rimini created and | **Disputed.**  The Ninth Circuit did not uphold liability based on, or even mention, derivate work | **Waived in part.**  Proposed Fact 28 is the same as Proposed Fact 28 that Oracle previously presented in |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | distributed to provide support were infringing. PTX 1458 (ECF No. 401), 5328 (ECF No. 5328) (stipulations); Jury Instruction 24, ECF No. 880 (final jury instructions); ECF No. 896 (verdict). | rights. The jury was instructed that it was "to determine whether ... Rimini['s] ... *copying* of [Oracle's] software applications ... was authorized by its client's software license agreements." Dkt. 880 at 27 (emphasis added). As Oracle itself has acknowledged, this case has always been about the reproduction right. *See, e.g.,* Dkt. 284 at 9 (Oracle stating that this case "concerns only the reproduction right").<br><br>Also disputed to the extent the cited documents do not support the alleged fact. *See, e.g.* ECF No. 896 (asking only whether Oracle proved by a preponderance of the evidence that Rimini Street engaged in copyright infringement); ECF No. 401 (stating only that Rimini Street will not dispute Oracle's ownership or registration of the various copyrighted works at issue).<br><br>**Evidentiary Objections**:<br><br>**Overbroad; Misstates the Evidence** | its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "[d]isputed in part" characterization in ECF No. 906 included the following admission, by which Rimini is bound: "[u]ndisputed that the copies and derivative works addressed at trial or on summary judgment were found to infringe." ECF No. 906, Appendix (PF 28). Rimini has now raised evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>At trial, Oracle proved through abundant and largely undisputed evidence that Rimini created derivative works based upon Oracle software and support materials. The Court instructed the jury as to derivative works (ECF No. 880) (Instructions 21 & 24), the jury found liability on all of Oracle's copyright claims (ECF No. 896), and the Ninth Circuit affirmed the same.<br><br>Rimini omits those portions of the jury instruction in which the jury was instructed that it could find copyright infringement where "Rimini Street copied original elements from, *created derivative works from*, or distributed the original work." ECF No. 880 at 25 (emphasis added). Nor has Oracle "acknowledged[] this case has always been about the |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | reproduction right." Rimini cites to a statement in Oracle's reply in support of its first motion for partial summary judgment that characterized that motion, not the entire case (ECF No. 284 at 9) and otherwise ignores the *trial*.<br><br>Rimini complains the Ninth Circuit did not "even mention[] derivate work rights." But Rimini elected not to appeal those aspects of the jury instructions or verdict. *See United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) ("[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so."). Furthermore, the Ninth Circuit noted that "[t]he licenses do not authorize Rimini to 'develop products *Rimini* could sell for *Rimini's* financial gain.'" *Oracle*, 879 F.3d at 957 (emphasis in original). |
| 29. | Rimini's PeopleSoft copies were unauthorized. ECF No. 474 (Order re Oracle's First Mot. for Part. Summ. J.) at 27–28; ECF No. 896 (verdict). | **Disputed in part.**<br><br>Undisputed that the Ninth Circuit upheld liability as to particular copies addressed at trial and summary judgment based on a facilities limitation in licenses identical to the City of Flint's license. Disputed to the extent this finding implies that any other copies were found to be not authorized. | **Waived.**<br><br>Proposed Fact 29 is the same as Proposed Fact 29 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Because Rimini did not dispute this fact when initially presented (ECF No. 906, Appendix; ECF No. 909), Rimini's newly-raised |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | **Evidentiary Objections**:<br><br>**Overbroad; Misstates the Evidence** | arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Rimini provides no support for its assertion that non-infringing copies exist. Oracle requests that the Court disregard this portion of Rimini's response to Proposed Fact 29.<br><br>There is no merit to Rimini's attempt to limit its PeopleSoft copyright infringement liability to only those "particular copies addressed at trial and summary judgment based on a facilities limitation in licenses identical to the City of Flint's license." *First*, the Court's February 23, 2014 Order granted summary judgment of PeopleSoft infringement based on the City of Flint and Pittsburgh Public Schools licenses.  (ECF No. 474).  *Second*, the parties stipulated that "[f]or purposes of this action, the Parties agree and stipulate that the PeopleSoft license agreements for all of Rimini's PeopleSoft customers have identical or similar language to the PeopleSoft license agreements for City of Flint … and School District of Pittsburg … construed by the Court in its February 13, 2014 order." ECF No. 599 at ¶ 1.  *Third*, in rejecting Rimini's license defense and affirming copyright infringement as to PeopleSoft, the Ninth Circuit noted that "the parties make no distinction between the two licenses" (namely, City of Flint and Pittsburgh Public |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | Schools). *Oracle*, 879 F.3d at 959 n.5. |
| | | | Rimini also ignores how this Court held at summary judgment that supporting multiple PeopleSoft customers (and, specifically, using City of Flint's software to develop and test software updates for customers other than City of Flint) was not permitted. ECF No. 474 at 13. Contrary to Rimini's arguments, the Ninth Circuit's decision in no way disturbed—much less reversed—this cross-use adjudication. *Oracle*, 879 F.3d at 960 n.6. As such, cross-using PeopleSoft is not just copyright infringement, but also law of the case. *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000). |
| 30. | The City of Flint and Pittsburgh Public Schools licenses are representative of "the PeopleSoft license agreements for all of Rimini's PeopleSoft customers." ECF No. 599 at 1. | **Undisputed** that Rimini Street agreed for purposes of liability at trial that the City of Flint and Pittsburgh Public Schools licenses are representative of "the PeopleSoft license agreements for all of Rimini's PeopleSoft customers."<br><br>**Disputed** that an injunction can issue pertaining to any PeopleSoft licenses that do not contain substantially similar language to the licenses adjudicated at trial.<br><br>**Evidentiary Objections**:<br><br>**Overbroad** | **Waived**.<br><br>Proposed Fact 30 is the same as Proposed Fact 31 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Because Rimini did not dispute this fact when initially presented (ECF No. 906, Appendix; ECF No. 909), Rimini's newly-raised arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Rimini's new arguments are incorrect and are defeated by its prior stipulation. ECF No. 599. The scope of the stipulation was not limited for purposes of liability at trial. Rather, the parties stipulated |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | "*for purposes of this action*" that the City of Flint and Pittsburgh Public School licenses were representative. ECF No. 599 at ¶ 1 (emphasis added). |
| 31. | The PeopleSoft license expressly limits "copying the licensed software to only the [customer's] facilities" and "solely" for the customer's "internal data processing." ECF No. 474 at 11-13; 17-18. | **Undisputed.** | |
| 32. | Both licenses forbid Rimini to have PeopleSoft software or documentation on its systems. PTX 698 at 5, § 16 (defined term "Software" includes documentation); *id.* at 1 § 1.1 ("Software" must be at customer's facilities); PTX 699 at 6 § 15 (defined term "Licensed Rights" includes both software and documentation); *id.* at 1 § 2.1(d) (customer may not "[d]istribute . . . to any third party any portion of the Licenses Rights"). | **Disputed in part.**<br><br>Disputed to the extent that "both licenses" is vague and ambiguous; that PTX 699 § 2.1(d) is misquoted; and that the proposed finding of fact implies that the licenses preclude Rimini from having any PeopleSoft software or documentation on its systems under any circumstances. Also disputed on grounds that "its systems" is vague and ambiguous.<br><br>**Evidentiary Objections:**<br><br>**Vague and ambiguous; overbroad; Fed. R. Evid. 106** (incomplete writing) | **Waived**.<br><br>Proposed Fact 32 is the same as Proposed Fact 33 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Because Rimini did not dispute this fact when initially presented (ECF No. 906, Appendix; ECF No. 909), Rimini's newly-raised arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Rimini's new "vague and ambiguous" objections lack merit because Rimini does not articulate any uncertainty about the meaning of "[b]oth licenses" or "its systems."<br><br>Proposed Fact 32 is supported by the Ninth Circuit's holding that "[i]t was not only sensible but also necessary for the district court to read a requirement of 'control' into the definition of '[a licensee's] facilities.'" *Oracle*, 879 F.3d at 960 (alterations in original). |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | Rimini's suggestion that Oracle's PeopleSoft licenses may not "preclude Rimini from having any PeopleSoft software or documentation on its systems under any circumstances" is squarely defeated by the Ninth Circuit's holding. *Id.*<br><br>As to the typographical error, Oracle requests that the Court adopt Proposed Fact 32 with the following modification, emphasized below:<br><br>Both licenses forbid Rimini to have PeopleSoft software or documentation on its systems. PTX 698 at 5, § 16 (defined term "Software" includes documentation); *id.* at 1 § 1.1 ("Software" must be at customer's facilities); PTX 699 at 6 § 15 (defined term "Licensed Rights" includes both software and documentation); *id.* at 1 § 2.1(d) (customer may not "[d]istribute . . . to any third party any portion of the License**d** Rights"). |
| 33. | The Court granted summary judgment to Oracle on its copyright infringement claim as to Oracle Database. ECF No. 476 at 15-16. | **Undisputed.** | |
| 34. | Rimini's Siebel and JD Edwards copies were unauthorized. ECF No. 896 (verdict). | **Undisputed** that the Ninth Circuit upheld infringement liability for these products on the narrow grounds of cross use as to future customers. *Oracle*, 879 F.3d at 957.<br><br>**Evidentiary Objections:** | **Waived**.<br><br>Proposed Fact 34 is the same as Proposed Fact 35 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Because Rimini did not dispute this fact when initially |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | **Vague and overbroad** | presented (ECF No. 906, Appendix; ECF No. 909), Rimini's newly-raised arguments and evidentiary objections are waived. **Not Disputed.** The Ninth Circuit broadly defined "cross use" as "the creation of development environments, under color of a license of one customer, to support *other* customers," including those who "hold licenses" and "even for licensees who have yet to become customers of Rimini." *Oracle*, 879 F.3d at 956 (emphasis in original). The Ninth Circuit affirmed copyright infringement of JD Edwards and Siebel on this basis. *Id.* at 956–57. Rimini's argument that "the Ninth Circuit upheld infringement liability for these products on the narrow grounds of cross use as to future customers" is therefore incorrect. |
| 35. | This Court already found that the JD Edwards license for Giant Cement (PTX 704) and the Siebel license for Novell (PTX 705) permit copies for "archival" and "backup" purposes only. ECF No. 474 at 22, 24. | **Disputed.** Giant Cement's JD Edwards license (PTX 704) permits copies for "archival needs *and to support the Users.*" ECF No. 474 at 21. Novell's Siebel license (PTX 705) permits copies for "archive or emergency backup purposes *or disaster recovery and related testing*" purposes. *Id.* at 23. Moreover, the Ninth Circuit held that the licenses were not construed "to permit *only archival and emergency backup*" as to J.D.E. and Siebel; to the contrary, | **Waived in Part.** Proposed Fact 35 is the same as Proposed Fact 36 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Because Rimini did not object that this fact "Misstates the Evidence" when initially presented (ECF No. 906, Appendix; ECF No. 909), Rimini has waived that objection. **Not Disputed.** Proposed Fact 35 accurately captures the JD Edwards and |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | Rimini may "creat[e] development environments for a licensee for various purposes after that licensee [of J.D.E. and/or Siebel] has become a customer of Rimini." *Oracle*, 879 F.3d at 958 (first emphasis added). In so ruling, the Ninth Circuit squarely rejected Oracle's arguments. *See* Oracle Br. 13 ("[T]he district court concluded that Rimini's copying *could* be permissible under the Siebel and JD Edwards licenses, *but only if Rimini made solely archival or backup copies for the licensee*." (second emphasis added); *id.* ("[T]he core liability issue for trial was whether Appellants made copies only for the licensee's own backup or archival use."); *id.* at 25–26 (the licenses "expressly require copies to be made only for 'archive or emergency backup purposes' or 'disaster recovery testing purposes' ... [yet] Rimini concededly" made copies that were not "inherently an unmodified copy of the software for use in the event that the production copy" was corrupted or lost). The court emphasized that the licenses do not *only* permit archival and emergency backup copies, but rather, they also permitted supporting the customer's "use of the software" (JDE) and "related testing" (Siebel), which constructions would not preclude Rimini from creating development environments for a licensee for various purposes "*after that licensee has become a* | Siebel license restrictions that this Court found at summary judgment (ECF No. 474), incorporated into the jury instructions (ECF No. 880) (Instruction 24), and the Ninth Circuit approved on appeal. The jury instruction as to the JD Edwards and Siebel licenses reads in relevant part: J.D. Edwards Software License Agreements As to the J.D. Edwards software license agreements you are informed that the court has previously ruled as a matter of law that the J.D. Edwards software license agreements authorized a third party like Rimini Street - who was engaged by a licensee to provide support or other services - to copy the J.D. Edwards software application and related documentation onto its computer systems to the extent necessary for the customer's archival needs and to support the customer's use. An archival copy of the software application and documentation is an unmodified copy of the original software application and documentation for use in the event that production copy of the software - the copy used on a customer's systems - is corrupted or lost. *This provision does not mean that a third party like Rimini Street is authorized to make copies of the J.D. Edwards software application and documentation to, among other things, access the software's source code to carry out development and testing of software updates, to* |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | customer of Rimini." *Oracle*, 879 F.3d at 958.<br><br>Moreover, the court acknowledged that "updates to enterprise software must be tested and modified to fit with bespoke customizations before being put to actual use," such a "testing process requires the creation of 'development environments.'" *Id.* at 955.<br><br>**Evidentiary Objections:**<br><br>**Fed. R. Evid. 106** (incomplete writing); **Misstates the Evidence** | *make modifications to the software, or to use the customer's software or support materials to support other customers.*<br><br>…<br><br>If, on the other hand, you find that the copies of the J.D. Edwards software application and documentation housed on Rimini Street's servers were used for purposes other than the customer's archival needs or to support the customer's use, then that use is outside the scope of the J.D. Edwards software license agreement and you should find in favor of Oracle International Corporation and against defendant Rimini Street …<br><br>Siebel Software License Agreements<br><br>As to the Siebel software license agreements you are informed that the court has ruled as a matter of law that the Siebel software license agreements authorized a third party like Rimini Street to make a reasonable number of copies of the Siebel software application and related documentation onto the third party's own computer systems solely for the customer's archive or emergency back-up purposes or disaster recovery and related testing. As stated previously, an archival copy of the software and documentation is an unmodified copy of the original software and documentation for use in the event that production copy of |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | the software - the copy used on a customer's systems - is corrupted or lost. *This provision does not mean that a third party like Rimini Street is authorized to make copies of the Siebel software and documentation to, among other things, access the software's source code to carry out modification, development and testing of the software not related to archive, emergency back-up, or disaster recovery purposes, or to use the customer's software or support materials to support other customers.*<br><br>…<br><br>If, on the other hand, you find that the copies of the Siebel software application and related documentation housed on Rimini Street's servers were used for purposes other than archive or emergency back-up purposes or disaster recovery and related testing then that use is outside the scope of the Siebel software license agreement and you should find in favor of Oracle International Corporation and against defendant Rimini Street …<br><br>ECF No. 880 (Instruction 24) (emphasis added).<br><br>The Ninth Circuit approved these instructions in affirming Rimini's copyright infringement liability for JD Edwards and Siebel. Contrary to Rimini's arguments, the Ninth Circuit did not give Rimini a blank check to infringe when it stated that the construction of Oracle's licenses reflected in the jury |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | instructions "would not preclude Rimini from creating development environments for a licensee for various purposes *after* that licensee has become a customer of Rimini." *Oracle*, 879 F.3d at 958 (emphasis in original). That statement (relating to license construction, not the proper scope of an injunction against an infringer) can only be read in light of this Court's now-affirmed constructions of the JD Edwards and Siebel license agreements, all of which are captured in Oracle's copyright injunction.

Rimini's arguments to the contrary on this point are incorrect. In addition, almost all of the licenses at issue for JD Edwards and Siebel contain some language limiting or forbidding off-site copies of the software. PTX 5466.

Rimini arguments about "bespoke customizations" are incorrect and also based on a misquotation of the Ninth Cirucit's opinion. In this respect, Rimini quotes from the "Background" section of the Ninth Circuit's opinion that discusses "enterprise software" generally and has nothing to do with the actual provisions of Oracle's licenses. *Oracle*, 879 F.3d at 955.

Rimini presents no evidentiary basis in support of its objection that PF 35 misstates the evidence.

Rimini misquotes the Ninth Circuit's opinion, which does |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | not contain the phrase "use of the software." |
| 36. | Mr. Allison's testimony established that those licenses were representative of the JD Edwards and Siebel licenses generally, as both companies "used form license agreements." Tr. 1117:25–1118:5, 1118:15–19 (Allison). | **Disputed in part.**<br><br>Undisputed that this was Mr. Allison's testimony. Disputed to the extent it is Mr. Allison's opinion and does not *establish* that these licenses were at all "representative."<br><br>**Evidentiary Objections:**<br><br>**Fed. R. Evid. 702** (Improper expert opinion); **Misstates the evidence** | **Waived in Part.**<br><br>Rimini's Fed. R. Evid. 702 objection was not made during trial and is thus waived.<br><br>Proposed Fact 36 is the same as Proposed Fact 37 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Because Rimini did not object that this fact "Misstates the Evidence" when initially presented (ECF No. 906, Appendix; ECF No. 909), Rimini has waived that objection.<br><br>**Not Disputed.**<br><br>Oracle has properly cited witness testimony that supports this fact, and Rimini has cited no evidence in the record to support its objection that PF 36 misstates the evidence.<br><br>In addition, PTX 5466 (FRE 1006 Summary: Summary of Siebel and J.D. Edwards Customer License Terms) was admitted into evidence without objection and corroborates Mr. Allison's testimony. |
| 37. | Licenses gave the customer the right "[t]o reproduce, exactly as provided by [Oracle], a reasonable number of copies of the [software] solely for archive or emergency backup | **Disputed**, on the same grounds as 22 & 35.<br><br>**Evidentiary Objections:**<br><br>**Vague and ambiguous; overbroad** | **Waived.**<br><br>Proposed Fact 37 is the same as Proposed Fact 38 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | purposes or disaster recovery and related testing." ECF No. 474 at 23 (quoting PTX 705, § 2.1(iv)). | | 1117.  Because Rimini did not dispute this fact when initially presented (ECF No. 906, Appendix; ECF No. 909), Rimini's newly-raised arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Oracle incorporates by reference its reply in support of Proposed Facts 22 & 35. |
| 38. | That provision can only be satisfied if Rimini's copies for "us[e] exclusively for archival and back-up purposes, and related testing, as directly contemplated by Section 2.1(iv)." ECF No. 474 at 24 n.20. | **Disputed**, on the same grounds as 35. | **Not Disputed.**<br><br>Oracle incorporates by reference its reply in support of Proposed Fact 35. |
| 39. | Copies only fit that definition when they are created as "inherently an unmodified copy of the software for use in the event that the production copy of the software (the copy used on a customer's systems) is corrupted or lost." ECF No. 474 at 11 (emphasis supplied). In "complete contrast" to that permitted backup copy, a software copy that is "modifiable (or already modified)" is outside the scope of the license. *Id.* | **Disputed**, on the same grounds as 35. | **Waived**.<br><br>Proposed Fact 39 is the same as Proposed Fact 40 that Oracle previously presented in its Motion for Permanent Injunction.  *Compare* ECF No. 900 *with* ECF No. 1117.  Because Rimini did not dispute this fact when initially presented (ECF No. 906, Appendix; ECF No. 909), Rimini's newly-raised arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Oracle incorporates by reference its reply in support of Proposed Fact 35. |
| 40. | Rimini "used all of the software," including all its "Siebel software" and | **Disputed in part**. | **Waived in Part.** |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | "JDE software" in its "work for customers." Tr. 303:1–5 (Ravin); Tr. 364:3–8 (Ravin) (all environments on Rimini's systems were "used in order to support customers" and for "troubleshooting"). | Mr. Ravin's affirmative response to the question that "your people used all of the software, PeopleSoft software, Oracle Database software, Siebel software, JDE software, you used that in connection with your work for customers," establishes only that Rimini used software from multiple product lines in its work for customers, not that Rimini used every copy of software in its work for customers. Tr. 303:1– 4.<br><br>Further, Mr. Ravin testified that environments had the "design and purpose" to be "used in order to support customers." Tr. 364:3–6. His testimony regarding "troubleshooting" was specific to Siebel environments, not *all* environments. Tr. 364:3–13. Mr. Ravin further testified that the "design" of the environments was to use them for troubleshooting, but he did not "actually know how they were used day to day." Tr. 364:3–13; *see also* Tr. 321:3–6 ("I don't know how the Siebel or JD Edwards [environments] were actually used.").<br><br>**Evidentiary Objections:**<br><br>**Misstates the Evidence** | Proposed Fact 40 is the same as Proposed Fact 41 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "[d]isputed in part" characterization in ECF No. 906 reads: "Mr. Ravin's cited testimony was specific to Siebel environments, not all environments. Tr. 364:3-8 (Ravin). [¶] Further, Mr. Ravin testified he did not know how the Siebel environments were used. Tr. 364:10-13 (Ravin)." Rimini made no separate evidentiary objections.<br><br>Rimini has now raised extensive additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Oracle's quotations are accurate, support Proposed Fact 40, and do not misstate the evidence.<br><br>Proposed Fact 40 is further supported by the jury's determination that Rimini was liable on all copyright infringement claims. ECF No. 896 (final jury verdict). |
| 41. | Rimini's Siebel environments were "designed" at the outset for, among other uses, "testing and development." Tr. 318:19– 22 (Ravin); Tr. 1146:5–25 (Chiu) (Siebel copies | **Disputed.**<br><br>The Ninth Circuit held that Siebel licenses permit copies made for testing and development. *See* Response to Proposed Finding 35. | **Waived in Part.**<br><br>Proposed Fact 41 is the same as Proposed Fact 42 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | "used to provide support"); Tr. 758:23–759:4 (Ravin) (same); Tr. 1754:8–15 (Whittenbarger) (Siebel copies used for training); PTX 1461 (Chiu discussing customer Caterpillar (Siebel) "we reclarified how our support model is based on building up an in-house lab environment with a vanilla [not customized] fix-master [environment to test fixes and patches] and a customized replica of their dev/test environment would enable us to maximize our responsiveness to them"). | The cited testimony does not support the proposed finding of fact. For example, Mr. Ravin testified he did not know how the Siebel environments were used. Tr. 321:3–6; *see also* Tr. 364:3–13. Additionally, Mr. Chiu testified that Rimini had "*some* internal environments for some of our Siebel clients" that were "used to provide support for those clients that provided us their software." Tr. 1146:5–11 (emphasis added). And Mr. Whittenbarger testified that Rimini "had an environment to evaluate the latest version and to learn – you know, learn about it." Tr. 1754:8–15.<br><br>**Evidentiary Objections:**<br><br>**Vague and ambiguous; Fed. R. Evid. 401–402** (Relevance); **Misstates the Evidence** | 1117.  Rimini's prior argument in support of its "[d]isputed in part" characterization in ECF No. 906 reads: "Mr. Ravin testified he did not know how the Siebel environments were used. Tr. 364:10-13 (Ravin)." Rimini made no separate evidentiary objections.<br><br>Rimini has now raised extensive additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909).  These additional arguments and evidentiary objections are waived.<br><br>**Not Disputed**.<br><br>Proposed Fact 41 is supported by the cited testimony and evidence.<br><br>Proposed Fact 41 is further supported by the jury's determination that Rimini was liable on all copyright infringement claims. ECF No. 896 (final jury verdict).<br><br>Oracle incorporates by reference its reply in support of Proposed Fact 35. |
| 42. | Ravin likewise confirmed that JD Edwards environments were for "testing and development" and for "diagnostics and support." Tr. 321:1–6, 760:8–15 (Ravin). | **Disputed**, on the same grounds as 35. Also, Mr. Ravin testified he did not know how the JD Edwards environments were used. Tr. 321:1–6 (Ravin).<br><br>**Evidentiary Objections:**<br><br>**Fed. R. Evid. 401–402** (Relevance); **Misstates the Evidence** | **Waived in Part.**<br><br>Proposed Fact 42 is the same as Proposed Fact 43 that Oracle previously presented in its Motion for Permanent Injunction.  *Compare* ECF No. 900 *with* ECF No. 1117.  Rimini's prior argument in support of its "[d]isputed in part" characterization in ECF No. 906 reads: "Mr. Ravin testified he did not know how the JD |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | Edwards environments were used. Tr. 321:1-6 (Ravin)." Rimini made no separate evidentiary objections.<br><br>Rimini has now raised additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Oracle's quotations are accurate. Rimini presents no evidentiary basis in support of its objection that PF 42 misstates the evidence.<br><br>Proposed Fact 42 is further supported by the jury's determination that Rimini was liable on all copyright infringement claims. ECF No. 896 (final jury verdict).<br><br>Oracle incorporates by reference its reply in support of Proposed Fact 35. |
| 43. | Ravin explained Rimini's troubleshooting process: "you're taking the software, you're playing with it to see if you can figure out what's going wrong, what the customer had called in and reported." Tr. 364:24–365:1 (Ravin). | **Evidentiary Objections:**<br><br>**Fed R. 401–402** (Relevance); **Misstates the Evidence** | **Waived.**<br><br>Proposed Fact 43 is the same as Proposed Fact 44 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Because Rimini did not dispute this fact when initially presented (ECF No. 906, Appendix; ECF No. 909), Rimini's newly-raised evidentiary objections are waived.<br><br>**Not Disputed.** |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | Proposed Fact 43 is relevant to Rimini's infringing processes, which are at the heart of this case. In addition, Rimini presents no evidentiary basis in support of its objection that PF 43 misstates the evidence. |
| 44. | Rimini's copies of Oracle software were "general development test environments" or "generic environment[s]" otherwise used for testing, development, support, and troubleshooting. Tr. 320:8–18, Tr. 367:2–8 (Ravin); Tr. 367:18–23 (Ravin) (Rimini would use Customer A's software to troubleshoot for Customer B); Tr. 1146:5–25 (Chiu) ("explaining that Rimini's internal Siebel environments were "used to provide support for those clients that provided us their software"); Tr. 3186:13–3187:4 (Slepko) (Siebel local environments were used to assist clients with their problems); Tr. 1754:8–15 (Whittenbarger) (Siebel environment used for internal training); Tr. 1757:14– 1758:5 (Whittenbarger) (Rimini "set up environments to troubleshoot issues"); Tr. 2043:22–2044:21 (Blackmarr) (use of Customer A's software to support Customer B); PTX 181 at 2 (June 2009 installation of JD Edwards was "to be used for any configuration, testing and development required"); PTX 186 at 2 (Chiu explaining "I am planning a JDE install for | **Disputed in part.** Rimini creates unique and independent environments for each client that has customized code. Tr. 597:2–11 (Ravin); *see id.* at 598:1–6. Mr. Chiu testified that Rimini had "*some* internal environments for some of our Siebel clients" that were "used to provide support for those clients that provided us their software." Tr. 1146:5–11. Also disputed on the same grounds as 35. **Evidentiary Objections:** **Misstates the Evidence** | **Waived in Part.** Proposed Fact 44 is the same as Proposed Fact 45 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "[d]isputed, as overbroad and incomplete" characterization in ECF No. 906 reads: "Rimini creates unique and independent environments for each client that has customized code. Tr. 597:2-11 (Ravin)." Rimini's sole evidentiary objection was to cite Fed. R. Evid. 106. Rimini has now raised additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional arguments and evidentiary objections are waived. **Not Disputed.** As to JD Edwards and Siebel, Rimini objects repeatedly that Mr. Ravin "did not know how the . . . environments were used," citing Tr. 321:1-6 (Ravin). Either Mr. Ravin's testimony cited here does not support Rimini's response to Proposed Fact 44 with respect to JD Edwards and Siebel, or Rimini's responses to |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | Medtronic's Support system"); PTX 190 (JD Edwards environments associated with specific customers continued to be created through February 2010); PTX 33 ("Rimini would build out a[] [JD Edwards] environment to support them [customer]"); PTX 310 (Siebel environments used for troubleshooting); PTX 744 (same). | | Proposed Facts 41-42 are improper.<br><br>Oracle objects, pursuant to Fed. R. Evid. 402, that the testimony cited by Rimini, Tr. 597:2-11, 598:1-6 (Ravin), is not relevant and is so vague as to be incomprehensible.<br><br>Rimini provides no competent support for its assertion that Rimini creates unique and independent environments for each client that has customized code. Oracle requests that the Court disregard this portion of Rimini's response to Proposed Fact 44.<br><br>Oracle incorporates by reference its reply in support of Proposed Fact 35.<br><br>Rimini presents no evidentiary basis in support of its objection that PF 44 misstates the evidence. |
| 45. | An environment used for testing, development, or troubleshooting is not a backup because you "don't touch" a backup. Tr. 180:9–22, 182:16– 183:4 (Davis). | **Disputed in part.**<br><br>Disputed to the extent this proposed finding of fact is actually a legal conclusion, and cites only the testimony of Oracle expert Dr. Davis.<br><br>Moreover, as explained in more detail in response to proposed finding of fact 35, *supra*, the Ninth Circuit emphasized that the licenses do not *only* permit archival and emergency backup copies, but rather, they also permitted supporting the customer's "use of the software" (JDE) and "related testing" (Siebel). *Id.* at 17. | **Waived in Part.**<br><br>Rimini's Fed. R. Evid. 702 objection was not made during trial and is thus waived.<br><br>Proposed Fact 45 is the same as Proposed Fact 46 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "[d]isputed in part" characterization in ECF No. 906 included the following admission, by which Rimini is bound: "Undisputed that this is the cited testimony." ECF No. 906 (PF 46).  Rimini did |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | **Evidentiary Objections:**<br><br>**Fed. R. Evid. 702** (Improper expert opinion); **Fed R. Evid. 401–402** (Relevance) | not object to the proposed fact under Fed. R. Evid. 401-402.<br><br>Rimini has now raised additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Proposed Fact 45 is relevant to the application of customer licenses for JD Edwards and Siebel software to the facts of the case. *See* ECF No. 880 (Instruction 24).<br><br>Dr. Davis properly applied his scientific expertise at trial to explain and contrast these technical terms. The cited testimony provides all necessary predicates for this finding of fact.<br><br>To the extent that the Court deems Proposed Fact 45 to require a legal conclusion, Oracle requests that the Court so conclude.<br><br>Rimini misquotes the Ninth Circuit's opinion, which does not contain the phrase "use of the software."<br><br>Oracle also incorporates by reference its reply in support of Proposed Fact 35. |
| 46. | An "archive" or "backup": a "copy . . . put on a physically different place," on a "separate disk" or otherwise "put aside." Tr. 180:5–181:17, 182:16–24 (Davis); *see also* Tr. | **Disputed in part.**<br><br>Disputed to the extent this proposed fact is actually a legal conclusion, and cites only the testimony of Oracle expert Dr. Davis and | **Waived in Part.**<br><br>Rimini's Fed. R. Evid. 702 objection was not made during trial and is thus waived. |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | 362:21–363:23 (Ravin) (discussing archives shipped to customers on DVDs or USB drives and backups on tape drives). | testimony from Mr. Ravin that does not directly support the ultimate conclusion.<br><br>Moreover, as explained in more detail in response to proposed finding of fact 35, *supra*, the Ninth Circuit emphasized that the licenses do not *only* permit archival and emergency backup copies, but rather, they also permitted supporting the customer's "use of the software" (JDE) and "related testing" (Siebel). *Id.* at 17.<br><br>**Evidentiary Objections:**<br><br>**Fed. R. Evid. 702** (Improper expert opinion); **Fed. R. Evid. 401–402** (Relevance) | Proposed Fact 46 is the same as Proposed Fact 47 that Oracle previously presented in its Motion for Permanent Injunction.  *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "[d]isputed in part" characterization in ECF No. 906 included the following admission, by which Rimini is bound: "Undisputed that this is the cited testimony."  ECF No. 906 (PF 47).  Rimini did not object to the proposed fact under Fed. R. Evid. 401-402.<br><br>Rimini has now raised additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909).  These additional arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Proposed Fact 46 is relevant to the application of customer licenses for JD Edwards and Siebel software to the facts of the case.  *See* ECF No. 880 (Instruction 24).<br><br>Dr. Davis properly applied his scientific expertise at trial to explain and contrast these technical terms. The cited testimony provides all necessary predicates for this finding of fact.<br><br>To the extent that the Court deems Proposed Fact 46 to require a legal conclusion, Oracle requests that the Court so conclude.<br><br>Rimini misquotes the Ninth Circuit's opinion, which does |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | not contain the phrase "use of the software."<br><br>Oracle also incorporates by reference its reply in support of Proposed Fact 35. |
| 47. | Backups are stored on tapes or other storage, unmodified. Tr. 730:4–11 (Ravin); Tr. 180:5–181:17, 182:16–24 (Davis). | **Disputed in part.**<br><br>Disputed to the extent this proposed fact is actually a legal conclusion, and cites only the testimony of Oracle expert Dr. Davis and testimony from Mr. Ravin that does not support the ultimate conclusion. Further disputed to the extent Mr. Ravin did not testify the backups were stored "unmodified." Tr. 730:4–11 (Ravin).<br><br>Moreover, as explained in more detail in response to proposed finding of fact 35, *supra*, the Ninth Circuit emphasized that the licenses do not *only* permit archival and emergency backup copies, but rather, they also permitted supporting the customer's "use of the software" (JDE) and "related testing" (Siebel). *Id.* at 17.<br><br>**Evidentiary Objections:**<br><br>**Fed. R. Evid. 702** (Improper expert opinion); **Fed R. Evid. 401–402** (Relevance) | **Waived in Part.**<br><br>Rimini's Fed. R. Evid. 702 objection was not made during trial and is thus waived.<br><br>Proposed Fact 47 is the same as Proposed Fact 48 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini did not object to the proposed fact under Fed. R. Evid. 401-402.<br><br>Rimini has now raised additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Proposed Fact 47 is relevant to the application of customer licenses for JD Edwards and Siebel software to the facts of the case. *See* ECF No. 880 (Instruction 24).<br><br>Rimini's dispute as to whether Mr. Ravin's cited testimony supports Proposed Fact 47 is not a dispute of Proposed Fact 47.<br><br>To the extent that the Court deems Proposed Fact 47 to require a legal conclusion, |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | Oracle requests that the Court so conclude. |
| | | | Rimini misquotes the Ninth Circuit's opinion, which does not contain the phrase "use of the software." |
| | | | Oracle also incorporates by reference its reply in support of Proposed Fact 35. |
| 48. | Copies used for troubleshooting, support, testing, or development are not backups. Tr. 180:5–181:17, 182:16–24 (Davis). | **Disputed in part.**<br><br>Disputed to the extent this proposed finding of fact is actually a legal conclusion, and cites only the testimony of Oracle expert Dr. Davis.<br><br>Moreover, as explained in more detail in response to proposed finding of fact 35, *supra*, the Ninth Circuit emphasized that the licenses do not *only* permit archival and emergency backup copies, but rather, they also permitted supporting the customer's "use of the software" (JDE) and "related testing" (Siebel). *Id.* at 17.<br><br>**Evidentiary Objections:**<br><br>**Fed. R. Evid. 702** (Improper expert opinion); **Fed R. Evid. 401–402** (Relevance) | **Waived.**<br><br>Rimini's Fed. R. Evid. 702 objection was not made during trial and is thus waived.<br><br>Proposed Fact 48 is the same as Proposed Fact 49 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "[d]isputed in part" characterization in ECF No. 906 included the following admission, by which Rimini is bound: "Undisputed that this is the cited testimony." ECF No. 906 (PF 49). Rimini is bound by that admission. Rimini did not object to the proposed fact under Fed. R. Evid. 401-402.<br><br>Rimini has now raised additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Proposed Fact 48 is relevant to the application of customer licenses for JD Edwards and |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | Siebel software to the facts of the case. *See* ECF No. 880 (Instruction 24).<br><br>Dr. Davis properly applied his scientific expertise at trial to explain and contrast these technical terms. The cited testimony provides all necessary predicates for this finding of fact.<br><br>To the extent that the Court deems Proposed Fact 48 to require a legal conclusion, Oracle requests that the Court so conclude.<br><br>Rimini misquotes the Ninth Circuit's opinion, which does not contain the phrase "use of the software."<br><br>Oracle also incorporates by reference its reply in support of Proposed Fact 35. |
| 49. | Rimini created additional in-memory copies, called RAM copies, every time it started up or ran Oracle software.  Tr. 184:3-185:4 (Davis). | **Undisputed.** | |
| 50. | Rimini's unlicensed copying included widespread cross-use of Oracle software. Tr. 799:6–16 (Ravin). | **Disputed in part**.<br><br>Liability as to PeopleSoft was not upheld on "cross-use" grounds but only as to the facilities limitation. *Oracle*, 879 F.3d at 960 & n.6. JD Edwards and Siebel liability was upheld on only "cross use" as to future customers. *Id.* at 957<br><br>**Evidentiary Objections:**<br><br>**Overbroad** | **Not Disputed.**<br><br>Ravin admitted at trial cross-use occurred "all the time." Tr. 552:1-13 (Ravin).<br><br>Contrary to Rimini's arguments, the Ninth Circuit's decision in no way disturbed—much less reversed—this Court's cross-use adjudication as to PeopleSoft and Oracle Database.  *Oracle*, 879 F.3d at 960 n.6. |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | In addition, the Ninth Circuit broadly defined "cross use" as "the creation of development environments, under color of a license of one customer, to support *other* customers," including those who "hold licenses" and "even for licensees who have yet to become customers of Rimini." *Oracle*, 879 F.3d at 956 (emphasis in original). Rimini's argument to the contrary is incorrect.<br><br>Rimini's incorrect statements about the Ninth Circuit's decision also do not alter the conclusion that this proposed fact was proven at trial. |
| 51. | After previously denying cross-use, Ravin admitted at trial cross-use occurred "all the time." Tr. 552:1–13 (Ravin). | **Disputed.**<br><br>Oracle cites no support here for the proposition that anyone "previously den[ied] cross-use." Moreover, cross-use is only relevant to liability for JD Edwards and Siebel for the reasons stated in response to proposed finding 50.<br><br>**Evidentiary Objections:**<br><br>**Vague, Ambiguous, and Misstates the Evidence** | **Waived in Part.**<br><br>Proposed Fact 51 is the same as Proposed Fact 52 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "[d]isputed" characterization in ECF No. 906 reads: "Oracle cites to no support for 'previously denying cross-use,' and has not shown or explained what 'cross-use' means." Rimini's sole evidentiary objection was: "Vague and ambiguous." ECF No. 906, Appendix (PF 52).<br><br>Rimini has now raised additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional arguments and evidentiary objections are waived. |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | **Not Disputed.** Rimini denied cross-use all the way until trial. Rimini's 30(b)(6) designee, Senior Vice President Brian Slepko, and Ravin each flatly denied in depositions ever using one customer's environment to develop or test updates for other customers. Tr. 804:25–805:5 (Ravin); 3173:1-3174:3 (Slepko).  See Proposed Fact 74, which is undisputed. Oracle incorporates by reference its reply in support of Proposed Fact 50. |
| 52. | Rimini's cross-use included unlicensed "cloning" of Oracle software (copying an environment created ostensibly for one customer for another customer). Tr. 371:5–9, 374:12–15, 777:22–24 (Ravin); 1365:23–1366:14, 1381:188 (Williams); 192:22–193:7, 196:25–197:24, 198:25–199:11 (Davis); PTX 439; PTX 1491A; PTX 3507 at 31. | **Disputed** for the same reasons as Rimini disputes proposed finding 50. **Evidentiary Objections:** **Overbroad** | **Waived in Part.** Proposed Fact 52 is the same as Proposed Fact 53 that Oracle previously presented in its Motion for Permanent Injunction.  *Compare* ECF No. 900 *with* ECF No. 1117.  Rimini's prior argument in support of its "[d]isputed in part" characterization in ECF No. 906 included the following admission, by which Rimini is bound: "Undisputed that Rimini cloned certain Oracle software on its systems."  ECF No. 906 (PF 53).  Rimini is bound by that admission. Rimini's sole evidentiary objection to the proposed fact was: "Vague and ambiguous."  ECF No. 906, Appendix (PF 53). Rimini has now raised additional evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional evidentiary objections are waived. |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | **Not Disputed.**<br><br>Oracle incorporates by reference its reply in support of Proposed Fact 50. |
| 53. | On many occasions, Rimini used one customer's environment to support other customers. Tr. 2232:2–2233:23 (Benge). | **Disputed** for the same reasons as Rimini disputes proposed finding 50.<br><br>**Evidentiary Objections:**<br><br>**Vague and overbroad** | **Waived in Part.**<br><br>Proposed Fact 53 is the same as Proposed Fact 54 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini made no evidentiary objections to the proposed fact. ECF No. 906, Appendix (PF 54).<br><br>Rimini has now raised additional evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Oracle incorporates by reference its reply in support of Proposed Fact 50. |
| 54. | Rimini used unlicensed "development" environments to create updates and fixes for multiple customers. Tr. 320:2–7 (Ravin); 202:18–203:3, 204:2–205:10 (Davis); PTX 5429. | **Disputed** for the same reasons as Rimini disputes proposed findings 35 & 50.<br><br>**Evidentiary Objections:**<br><br>**Overbroad** | **Waived.**<br><br>Proposed Fact 54 is the same as Proposed Fact 55 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Because Rimini did not dispute this fact when initially presented (ECF No. 906, Appendix; ECF No. 909), Rimini newly-raised arguments and evidentiary objections are waived. |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | **Not Disputed.**<br><br>Oracle incorporates by reference its reply in support of Proposed Facts 35 & 50. |
| 55. | Rimini "reused [] all the time" by taking an update or fix that Rimini created for one customer and using it for and distributing it to another customer, including using Oracle's copyrighted code, changing it and distributing it to multiple Rimini customers. Tr. 552:1–552:5, 809:19–810:13 (Ravin); 2232:2–2233:23 (Benge). | **Disputed** for the same reasons as Rimini disputes proposed findings 35 & 50.<br><br>**Evidentiary Objections:**<br><br>**Overbroad** | **Waived in Part.**<br><br>Proposed Fact 55 is the same as Proposed Fact 56 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini made no evidentiary objections to the proposed fact. ECF No. 906, Appendix (PF 56).<br><br>Rimini has now raised additional evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Oracle incorporates by reference its reply in support of Proposed Facts 35 & 50. |
| 56. | On many occasions, Rimini used one customer's software to troubleshoot issues other customers were having. Tr. 367:18–23 (Ravin); 2043:22– 2044:21 (Blackmarr). | **Disputed** for the same reasons as Rimini disputes proposed findings 35 & 50.<br><br>**Evidentiary Objections:**<br><br>**Overbroad** | **Not Disputed.**<br><br>Oracle incorporates by reference its reply in support of Proposed Facts 35 & 50. |
| 57. | Rimini used the code in one customer environment to write a detailed design document to be used with other clients. Tr. 1656:20–1661:4 (Grigsby). | **Disputed** for the same reasons as Rimini disputes proposed findings 35 & 50.<br><br>**Evidentiary Objections:** | **Not Disputed.**<br><br>Oracle incorporates by reference its reply in support of Proposed Facts 35 & 50. |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | Overbroad | |
| 58. | Rimini also used Oracle copyrighted support material as part of a sales presentation to customers. Tr. 1662:16–1668:7 (Grigsby). | **Disputed in part.**<br><br>The cited testimony does not establish that this presentation was presented to customers. Tr.1662:16–1668:7 (Grigsby).<br><br>**Evidentiary Objections:**<br><br>**Fed. R. Evid. 401– 402** (Relevance) | **Waived in part.**<br><br>Proposed Fact 58 is the same as Proposed Fact 59 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "[d]isputed in part" characterization in ECF No. 906 included the following admission, by which Rimini is bound: "Mr. Grigsby used Oracle support material to prepare a J.D. Edwards presentation to give to Rimini's sales team." ECF No. 906, Appendix (PF 59). Rimini made no evidentiary objection.<br><br>Rimini has now raised additional evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional evidentiary objections are waived.<br><br>**Not Disputed in Relevant Part.**<br><br>The cited testimony states that this presentation was prepared for the sales team to use to compete against Oracle, which is the material point in this fact.<br><br>Proposed Fact 58 is directly relevant to Rimini's infringing processes. |
| 59. | Rimini stored Oracle support materials in non- | **Disputed in part.**<br><br>Disputed to the extent the finding implies this was a | **Waived in part.**<br><br>Proposed Fact 59 is the same as Proposed Fact 60 that |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | client-specific folders. Tr. 1155:18–21 (Hicks). | common practice or was performed for the entire relevant time period.<br><br>Storing materials in non-client specific folders was not a basis of liability.<br><br>**Evidentiary Objections:**<br><br>**Fed. R. Evid. 401– 402 (Relevance)** | Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "[d]isputed in part" characterization in ECF No. 906 included the following admission, by which Rimini is bound: "[u]ndisputed that this occurred." ECF No. 906 (PF 60). Rimini made no evidentiary objection.<br><br>Rimini has now raised additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Rimini's objections to possible implications of Proposed Fact 59 are not objections to Proposed Fact 59. |
| 60. | Rimini used support documentation downloaded on behalf of one customer to rephrase the information and distribute it to other Rimini clients whose Oracle support was expired. PTX 236; Tr. 188:8–189:15 (Davis). Rimini created "extracts" that Rimini gave its customers so that unlicensed copies were shared amongst customers. Rimini told customers that it was creating separate extracts for each customer, but Rimini was using one customer's log-in, starting with a faux | **Disputed in part.**<br><br>Leads Customer Growth was not a "faux customer," but rather a Siebel licensee with an active support agreement during the relevant timeframe. Tr. 335:8–11 (Ravin).<br><br>Rimini worked as a consultant to Leads Customer Growth's overall implementation plan. Tr. 342:18–23.<br><br>Further disputed to the extent the finding implies this was a | **Waived in Part.**<br><br>Proposed Fact 60 is the same as Proposed Fact 61 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "[d]isputed in part" characterization in ECF No. 906 reads: "Leads Customer Growth was a Siebel licensee with an active support agreement during the relevant timeframe. Tr. 335:8-11 (Ravin). [¶] Rimini worked as a consultant to Leads |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | customer, Leads Customers Growth, to copy all materials from Oracle's websites and then copying disks that Rimini distributed to multiple customers. Tr. 333:9– 334:3, 335:12–16 (Ravin); 1160:15–1161:10 (Hicks); PTX 7. | common practice or was performed for the entire relevant time period.<br><br>Also disputed to the extent that all Rimini clients receiving such materials were entitled to them under their agreements with Oracle.<br><br>**Evidentiary Objections:**<br><br>**Misstates the Evidence** | Customer Growth's overall implementation plan. Tr. 342:18-23. [¶] Also disputed to the extent that all of the customers receiving such materials were entitled to them under their agreements with Oracle." ECF No. 906, Appendix (PF 61).  Rimini made no evidentiary objection.<br><br>Rimini has now raised additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909).  These additional arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Rimini's response introduces irrelevant facts that do not dispute Proposed Fact 60.<br><br>Oracle objects to the phrase "during the relevant timeframe" in Rimini's response to Proposed Fact 60. The cited testimony refers only to Leads Customer Growth's alleged status as a Siebel licensee on July 10, 2006. *See* Tr. 334:13-17 (Ravin). Oracle requests that the Court disregard this portion of Rimini's response to Proposed Fact 60.<br><br>Rimini also provides no support for its assertion that Oracle licensees are permitted pursuant to those licenses to receive infringing or unlawfully obtained copies of Oracle software and support materials. Oracle requests that the Court disregard this |

Case No. 2:10-cv-0106-LRH-VCF

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | portion of Rimini's response to Proposed Fact 60.<br><br>Rimini presents no evidentiary basis in support of its objection that PF 60 misstates the evidence. |
| 61. | Rimini's "software library" was massive. PTX 10; Tr. 166:9–20 (Davis); 242:1–3, 242:14–20 (Ravin). | **Disputed in part.**<br><br>Mr. Ravin did not testify to the size of any "software library." Tr. 242:1–3, 242:14–20.<br><br>**Evidentiary Objections:**<br><br>**Vague, Ambiguous, and Misstates the Evidence** | **Waived in Part.**<br><br>Proposed Fact 61 is the same as Proposed Fact 62 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "[d]isputed in part" characterization in ECF No. 906 reads: "Mr. Ravin did not testify to the quantity of Oracle software and support material copied by Rimini. Tr. 302:3-4 (Ravin). Further disputed to the extent the citations do not support the alleged fact." ECF No. 906, Appendix (PF 62). Rimini made no evidentiary objection.<br><br>Rimini has now raised additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>PTX 10 shows that the software library was massive.<br><br>Rimini presents no evidentiary basis in support of its objection that PF 61 misstates the evidence. |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| 62. | Ravin approved copying to that library (PTX 4 at 3-4; PTX 5), which included software and documentation for all of the products at issue: PeopleSoft, JD Edwards, Siebel, and Database.  Tr. 167:5-10 (Davis); Tr. 1756:6-1757:8 (Whittenbarger); PTX 8; PTX 9; PTX 10; PTX 223. | **Undisputed.** | |
| 63. | Rimini downloaded PeopleSoft and JD Edwards materials into the library before Rimini even had any clients licensed for those products. Tr. 289:5-10 (Ravin); PTX 4; PTX 5; PTX 6. | **Undisputed.** | |
| 64. | Rimini did not keep track of how that library was used or audit the library, and Rimini deleted that library shortly before Oracle filed this lawsuit. Tr. 170:24-171:10 (Davis); Tr. 421:18-20, 422:21-423:4 (Ravin). | **Undisputed.** | |
| 65. | Rimini's copyright infringement allowed it to charge substantially less than Oracle charged for support: often 50% or less of what Oracle charged. Tr. 207:10–16 (Davis); Tr. 1940:6–1942:6, 1950:16–1951:12 (Dean). | **Disputed.**<br><br>Rimini's ability to offer support services for 50% less than Oracle was not a result of any copyright infringement. Tr. 2663:11–2664:16 (Zorn). Rather, it was based on the idea that as Rimini "built the number of customers for a product line," it would "be built to a steady state," to "be profitable based on the amount of cost. *Id.* Indeed, Mr. Zorn testified that Rimini's local hosting | **Waived in Part.**<br><br>Proposed Fact 65 is the same as Proposed Fact 85 that Oracle previously presented in its Motion for Permanent Injunction.  *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "[d]isputed" characterization in ECF No. 906 reads: "Rimini's ability to offer support services for 50% less than Oracle was not a result of any copyright infringement and computer access violations. Tr. 2663:11– |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | "actually made it *more* difficult" to maintain its 50% pricing model. Tr. 2664:1–4.<br><br>The cited testimony is only the opinion of M[s]. Dean and is not supported by any evidence. *See, e.g.* Tr 1940:25–1941:2 ("So *I don't think* they could have had the business model that they had if they hadn't done [the allegedly infringing conduct].").<br><br>**Evidentiary Objections:**<br><br>**Misstates the Evidence** | 2664:16 (Zorn)." ECF No. 906, Appendix (PF 85). Rimini made no evidentiary objection.<br><br>Rimini has now raised additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional arguments and evidentiary objections are waived.<br><br>**Not Disputed in Relevant Part.**<br><br>The Proposed Fact is supported by the cited testimony. The cited testimony by Zorn stated that local hosting and automated downloading did not enable Rimini to charge 50% or less of what Oracle charged, but the cross-use of software between customers was the principal source of this efficiency, was determined by the Court and the jury to be infringement, and Zorn's testimony omits any mention of it.<br><br>Rimini's new arguments related to Mr. Zorn's testimony and about the cited testimony of Ms. Dean are waived because they were not included in Rimini's initial response to this Proposed Fact. *See* ECF No. 906 Appendix (PF 85). In addition, Rimini's counsel elicited the testimony from Ms. Dean about which it now complains.<br><br>Rimini presents no evidentiary basis in support of its |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | objection that PF 65 misstates the evidence. |
| 66. | Rimini's copyright infringement allowed it to gain scale quickly, with minimal effort and investment. Tr. 443:4–445:6 (Ravin); Tr. 1702:18–1703:22 (Yourdon); Tr. 1453:22–1476:6 (Maddock). | **Disputed.**<br><br>The cited testimony does not support the proposed finding of fact. Mr. Ravin testified that one of his goals for Rimini was scalability, "which means to be able to serve more and more customers more efficiently over time." Tr. 443:4–8. Mr. Yourdon's cited testimony reveals only his opinion that Rimini promised "vendor-level support"; the cited testimony does not refer to infringement or even Rimini's support practices. Tr. 1702:18– 1703:22. Mr. Maddock's cited testimony relates to Rimini's competitors. Tr. 1453:22–1476:6. For the reasons stated in response to proposed fact 65, there is no connection between Rimini's alleged infringement and its pricing model.<br><br>**<u>Evidentiary Objections</u>:**<br><br>**Misstates the Evidence** | **Waived.**<br><br>Proposed Fact 66 is the same as Proposed Fact 86 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "Disputed" characterization in ECF No. 906 reads: "Mr. Ravin and Mr. Maddock did not testify that Rimini's copyright infringement and computer access violations allowed it to gain scale quickly, with minimal effort and investment." ECF No. 906, Appendix (PF 86). Rimini made no evidentiary objection.<br><br>Rimini has now raised additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Mr. Ravin specifically testified that scalability was part of Rimini's goal and Rimini's plan was to get the high-multiples valuation of a software company while avoiding the investment required to write original software. Tr. 443:4-445:6 (Ravin).<br><br>Mr. Yourdon testified that "fundamentally [Rimini] promised everything that |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | Oracle did and more" at a 50 percent or less discount. Tr. at 1702:18-1703:22.<br><br>Mr. Maddock's testimony related to non-infringing alternatives lacking scale. Tr. at 1453:22-1476:6.<br><br>Rimini's dispute as to whether Mr. Ravin's, Mr. Yourdon's, and Mr. Maddock's cited testimony support all or only a portion of Proposed Fact 66 is not a dispute of Proposed Fact 66.<br><br>Rimini presents no evidentiary basis in support of its objection that PF 66 misstates the evidence. |
| 67. | By purporting to offer vendor-level support at half the price or less of Oracle support and creating the impression that Oracle was overcharging for support, Rimini eroded "the bonds and the trust that [Oracle] ha[d] with [its] customers." "For the customers [Oracle] lost, it totally broke the relationship." By breaking these relationships, customers were also less likely to purchase other Oracle products. Tr. 948:17–949:8, 934:14–936:11 (Catz); DTX 146. | **Disputed.**<br><br>The cited testimony is only the opinion of Oracle Co-CEO Ms. Catz. Moreover, other testimony reveals that the "bonds" that Oracle had with its customers were eroded for other reasons, including Oracle's poor support. Tr. 2949:1–11 ("Q. Did there come a time when a decision was made to move away from Oracle support on the new software? A. Yeah. So we didn't – once Oracle acquired PeopleSoft, we found that our – the level of support tailed off quite a bit, so we weren't – we didn't believe we were getting the value out of the support dollars we were paying Oracle. We paid roughly – I think it was 2.2 million a year, and we just didn't feel we were getting value out of that, we weren't getting the help we needed from Oracle | **Waived in Part.**<br><br>Rimini's Fed. R. Evid. 701 and 702 objections were not made during trial and are thus waived.<br><br>Proposed Fact 67 is the same as Proposed Fact 87 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "Disputed" characterization in ECF No. 906 reads: "Cited testimony is only opinion of Oracle employee Ms. Catz." ECF No. 906, Appendix (PF 87).<br><br>Rimini has now raised additional arguments that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional arguments are waived. |

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | when things would break."); 2955:6–2956:8 ("What we found over time was we were being – we were talking to people who had very little experience with the software. . . . We would log a ticket and say we have a problem, and we'd get a call back from someone at Oracle and Oracle support. But what we found was over time the calls that we were getting back were not from people who understood the software or understood the different aspects or components of what could be broken.") Oracle's mistreatment of its customers also eroded any "bonds" they had. *See*, *e.g.*, Tr. 2962–63 (describing Oracle service as "aggressive and, at points, hostile"); Tr. 2534 ("being upset" with Oracle "is what caused us to even go look for a third-party support"); Tr. 2955–56, 2959 (stating he "would have stayed with Oracle" if he had been "getting excellent service from Oracle" but "we were talking to people who had very little experience with the software" and were "not well trained"); Tr. 3165 (customer "perceived that they were receiving awful customer service and support"). **Evidentiary Objections: Fed. R. Evid. 701** (Improper opinion testimony)**, Fed. R. Evid. 702** (Improper expert opinion) | **Not Disputed.** Rimini's addition of new "other testimony" is also irrelevant to the opinion of Oracle CEO Safra Catz, because "[a] corporate officer familiar with company history, financial statements, and customer relations may offer opinion testimony as to the extent the company sustains damages to its goodwill." *Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.*, 82 F.3d 1533, 1547 (10th Cir. 1996). |
| 68. | A customer who moves to Rimini for support may | **Disputed.** | **Waived in Part.** |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | later find that its systems are out of date. Tr. 935:18–936:3 (Catz); Tr. 1571:11–1573:6 (Screven). | The cited testimony is only the opinion of Oracle employees Ms. Catz and Mr. Screven, and is not based on any evidence or example of a single Oracle customer.<br><br>**Evidentiary Objections:**<br><br>**Fed. R. Evid. 701** (Improper opinion testimony)**, Fed. R. Evid. 702** (Improper expert opinion) | Rimini's Fed. R. Evid. 701 and 702 objections were not made during trial and are thus waived.<br><br>Proposed Fact 68 is the same as Proposed Fact 88 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "Disputed" characterization in ECF No. 906 reads: "Cited testimony is the opinion of Oracle employees Ms. Catz and Mr. Screven." ECF No. 906, Appendix (PF 88).<br><br>Rimini has now raised additional arguments that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional arguments are waived.<br><br>**Not Disputed.**<br><br>The cited testimony supports this Proposed Fact. |
| 69. | By creating uncertainty and distrust in the marketplace, Rimini's copyright infringement caused Oracle to "hav[e] to work extra hard to keep the customers [Oracle] ha[d]" due to the injury to Oracle's goodwill and reputation. Tr. 948:17–949:12 (Catz). As well, customers who left Oracle support for Rimini support were less likely to license additional software of any type from Oracle. *Id.* | **Disputed.**<br><br>The cited testimony is only the opinion of Oracle Co-CEO Ms. Catz, and is not based on any evidence or an example of a single Oracle customer. Any harm to Oracle's reputation was caused by Oracle's own poor service and mistreatment of customers, as described in the response to proposed finding 67. Moreover, Yourdon admitted that Oracle loses 5% of its customers every year, even before Rimini entered the market. Tr. 1722:21–24. | **Waived in Part.**<br><br>Rimini's Fed. R. Evid. 701 and 702 objections were not made during trial and are thus waived.<br><br>Proposed Fact 69 is the same as Proposed Fact 89 that Oracle previously presented in its Motion for Permanent Injunction. Compare ECF No. 900 with ECF No. 1117. Rimini's prior argument in support of its "Disputed" characterization in ECF No. 906 reads: "Cited testimony is the opinion of Oracle employee Ms. Catz." ECF No. |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | **Evidentiary Objections:**<br><br>**Fed. R. Evid. 701** (Improper opinion testimony), **Fed. R. Evid. 702** (Improper expert opinion), **Misstates the Evidence** | 906, Appendix (PF 89). Rimini's sole evidentiary objections were: "Fed. R. Evid. 701 (Improper opinion testimony), 702 (Improper expert opinion)."<br><br>Rimini has now raised additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>Rimini's addition of new testimony and argument is irrelevant to the opinion of Oracle CEO Safra Catz, because "[a] corporate officer familiar with company history, financial statements, and customer relations may offer opinion testimony as to the extent the company sustains damages to its goodwill." *Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.*, 82 F.3d 1533, 1547 (10th Cir. 1996).<br><br>Rimini presents no evidentiary basis in support of its objection that PF 69 misstates the evidence. |
| 70. | Rimini continued its infringing activities through at least February 2014. Tr. 751:7–15 (admission by counsel for Rimini). Rimini claims to have changed certain of its infringing behaviors after the Court granted partial summary judgment to Oracle on its copyright | **Disputed in part.** As Oracle has not disputed in this action despite several opportunities to do so, Rimini has changed its processes. ECF No. 905-1 (Declaration of Jim Benge); 905-2 (Craig Mackereth); 905-3 (David Miller); 905-4 (Kien Phung); 905-5 (Ron Teegarden). Indeed, those changed processes are the subject of *Rimini II* because | **Waived.**<br><br>Proposed Fact 70 is the same as Proposed Fact 90 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Because Rimini did not dispute this fact when initially presented (ECF No. 906, Appendix; ECF No. 909), |

Case No. 2:10-cv-00106-LRH-VCF

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | claims. Tr. 754:9–13 (colloquy with the Court). | Oracle successfully kept Rimini's current processes out of this case. In September 2014, Oracle argued against supplemental discovery relating to Rimini's new processes. ECF Nos. 488, 515. In May 2015, Oracle opposed consolidating *Rimini I* and *Rimini II*, arguing that to determine the legality of Rimini's new processes would "require extensive additional discovery." ECF Nos. 554, 593. And in July 2015, Oracle moved *in limine* to preclude from trial any evidence, argument, or even reference to Rimini's new processes because the "legality of the [new support] model" had yet to be determined, and "[i]ssues relating to Rimini's 2014 (and later) conduct will get a full hearing in *Rimini II*." ECF Nos. 646, 723. Finally, in September 2015, Rimini's two motions for reconsideration of the decision to exclude evidence of Rimini's new processes—which Oracle opposed—were denied. ECF Nos. 793, 845. | Rimini newly-raised arguments are waived.<br><br>**Not Disputed.**<br><br>The cited representations of Rimini's counsel and colloquy with the Court at trial support this finding.<br><br>Rimini's statements are not responsive to Proposed Fact 70.<br><br>Contrary to Rimini's statements, Oracle contends that Rimini's changed processes continue to infringe Oracle's copyrights, and has filed counterclaims for copyright infringement and other causes of action to that effect in *Rimini II*. See, for example, Proposed Fact 76, which is undisputed. |
| 71. | Rimini created local environments and prepared and distributed derivative works from those environments for years after SAP and TomorrowNow conceded liability for copyright infringement and after TomorrowNow pled guilty to criminal copyright infringement. *See* ECF No. 823-6 (civil stipulation discussing local environments on TomorrowNow's | **Disputed in part.**<br><br>The jury found that Rimini's infringement was innocent. ECF No. 896 (verdict). The mere fact that Rimini's conduct occurred later in time than the SAP and TomorrowNow actions is irrelevant. *See* Jury Instruction 20, ECF No. 880 (instructing jury not to consider any TomorrowNow evidence when evaluating the legality of Rimini's conduct). Moreover, TomorrowNow | **Waived in Part.**<br><br>Proposed Fact 71 is the same as Proposed Fact 91 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini's prior argument in support of its "[d]isputed in part" characterization in ECF No. 906 reads: "[d]isputed to the extent this implies that Rimini had knowledge of these facts, which Oracle has not established." ECF No. |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | computer systems); ECF No. 823-5 (guilty plea discussing local environments on TomorrowNow's computer systems). | did not stipulate to liability for the conduct at issue in this case, and therefore the stipulation would not have provided notice that any of Rimini's processes violated Oracle's copyrights.<br><br>**Evidentiary Objections:**<br><br>**Fed R. 401–402** (Relevance); **Fed. R. Evid. 403** (Unduly prejudicial and irrelevant; implies a contradiction with jury's finding of innocent infringement) | 906, Appendix (PF 91). Rimini did not object to the proposed fact under Fed. R. Evid. 401-402.<br><br>Rimini has now raised additional arguments and evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These additional arguments and evidentiary objections are waived.<br><br>**Not Disputed.**<br><br>On November 7, 2011, Rimini filed its Emergency Motion for Protective Order Regarding Customer Depositions. *See* Dkt. 191 (redacted). In its Motion, Rimini "request[ed] that the Court enter an order precluding Oracle from questioning Rimini Street's current and former customers regarding all plea agreements, jury verdicts, or stipulations from litigation involving TomorrowNow, specifically, *Oracle USA, Inc., et al. v. SAP AG, et al.*, 07-CV-1658 PJH (N.D. Cal.) and the *United States of America v. TomorrowNow, Inc.*, No CR 11-00642 PJH (N.D. Cal.)." Dkt. 191 at 1. Rimini cannot now take the position that the TomorrowNow civil litigation and criminal proceedings did not provide notice to Rimini that its processes infringed Oracle's copyrights.<br><br>The jury reached its verdict of innocent infringement after exclusion of certain evidence regarding TomorrowNow and after Oracle's proposed Jury Instruction concerning |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | TomorrowNow and CedarCrestone was rejected, over Oracle's objection. *See* Tr. 3287:3-3293:8 (argument on Oracle's proposed TomorrowNow and CedarCrestone instruction); Tr. 3342:23-3345:24 (denial of Oracle's proposed instruction). The jury's verdict is not inconsistent with Proposed Fact 71, given that the civil stipulation and guilty plea are properly before the Court but were not presented to the jury. Introduction of these documents is neither prejudicial nor unfair and is relevant to show the continuing misconduct of Rimini and its employees, including CEO Ravin. |
| 72. | Before trial, Rimini claimed that a software library never existed at Rimini Street. PTX 5332 (March 29, 2010 Answer) at ¶ 34 (denying existence of software library); PTX 1482 (June 16, 2011 Answer) at ¶ 34 (same). | **Disputed in part.** In its Complaint, Oracle alleged, "This case is about the massive theft of Oracle's software," and that Rimini downloaded "entire families of software (*e.g.*, PeopleSoft, JDE, or Siebel) that the customer does not license and for which it has no use." ECF No. 1, at 3:6–9. Oracle further alleged that "the scope of the downloaded Software and Support Materials – across multiple libraries in multiple lines of business – for customers that had no license to take, or need for, those products, suggests that Rimini Street took the Software and Support Materials to stockpile a library to support its present and prospective customers." ECF No. 1 at ¶ | **Waived in Part.** Proposed Fact 72 is the same as Proposed Fact 92 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini made no evidentiary objections to this proposed fact. ECF No. 906, Appendix (PF 92). Rimini has now raised additional evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909). These evidentiary objections are waived. **Not Disputed.** Oracle objects, pursuant to Fed. R. Evid. 402, that the testimony cited by Rimini, Tr. |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | 50, ECF No. 36 at ¶ 59, and ECF No. 146 at ¶ 60.<br><br>In its Answer, Rimini admitted to having Oracle materials on its servers, explaining that, "as a matter of process and procedure, Rimini Street's clients are only delivered the Oracle Software and Support Materials to which they are legally entitled." ECF No. 30 at 9:11–13. Rimini's Answer then referred back to Oracle's language describing the alleged "library" of allegedly "stockpile[d]" materials and stated that "[*s*]*uch a 'library'* has never existed at Rimini Street ...." ECF No. 30 at 9:24– 27 (internal quotes original).<br><br>At trial, Mr. Ravin testified that he believed these statements to be true, explaining that the denial of having "such a 'library'" at Rimini Street in the Answer referred back to how Oracle was using this term in its Complaint. *See*, *e.g.,* Tr. 245:18–19.<br><br>**Evidentiary Objections:**<br><br>**Fed R. Evid. 401–402** (Relevance); **Fed. R. Evid. 403** (Unduly prejudicial); Misstates the evidence | 245:18-19 (Ravin), is not relevant and is so vague as to be incomprehensible. |
| 73. | At trial, Ravin claimed that Rimini's software library was not really a library, Tr. 247:7–12, that it was only "installation media," Tr. 255:6–9, 565:9–11, and that it was only PeopleSoft, Tr. 247:14–20. | **Disputed in part**, on the same grounds as 72. | **Waived in Part.**<br><br>Proposed Fact 73 is the same as Proposed Fact 93 that Oracle previously presented in its Motion for Permanent Injunction. *Compare* ECF No. 900 *with* ECF No. 1117. Rimini made no evidentiary |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | | | objections to this proposed fact. ECF No. 906, Appendix (PF 93). |
| | | | Rimini has now referenced a response containing additional evidentiary objections that were not initially presented (ECF No. 906, Appendix; ECF No. 909).  These evidentiary objections are waived. |
| | | | **Not Disputed.** |
| | | | Oracle incorporates by reference its reply in support of Proposed Fact 72. |
| 74. | Before trial, Rimini's 30(b)(6) designee, Senior Vice President Brian Slepko, and Ravin each flatly denied in depositions ever using one customer's environment to develop or test updates for other customers.  Tr. 804:25-805:5 (Ravin); 3173:1-3174:3 (Slepko). | **Undisputed.** | |
| 75. | At trial, Ravin admitted that Rimini used one customer environment to develop or test updates for other customers "all the time."  Tr. 552:1-5 (Ravin). | **Undisputed.** | |
| 76. | Rimini filed its declaratory action regarding its allegedly new business model on October 15, 2014.  ECF No. 901, Decl. of John A. Polito in Supp. of Mot. ("Polito Decl.") ¶ 3 & Ex. A.  Oracle filed its Counterclaims on February 17, 2015, | **Undisputed.** | |

| # | Oracle's Proposed Finding of Fact | Rimini Street's Response and Evidentiary Objections | Oracle's Reply |
|---|---|---|---|
| | alleging copyright infringement and additional claims. *Id.* ¶ 4 & Ex. B. | | |

Dated: April 11, 2018

Respectfully submitted,

Morgan, Lewis & Bockius LLP

By: _____ /s/ *John A. Polito*

John A. Polito
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT

<div align="center">

**CERTIFICATE OF SERVICE**

</div>

I hereby certify that on the 11th day of April, 2018, I electronically transmitted the

foregoing ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED

FINDINGS OF FACT to the Clerk's Office using the CM/ECF System for filing and transmittal

of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive

Electronic Filing.

DATED:  April 11, 2018                              Morgan, Lewis & Bockius LLP


By:_____ /s/ *John A. Polito*_____
John A. Polito
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation

ORACLE'S REPLY TO RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED FINDINGS OF FACT