BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
1401 New York Avenue, NW, 11th Floor
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
brichardson@bsfllp.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:  415.442.1000
Facsimile:  415.442.1001
thomas.hixson@morganlewis.com
john.polito@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S REPLY TO RIMINI'S APPENDIX III CONTAINING RIMINI'S SPECIFIC OBJECTIONS TO ORACLE'S PROPOSED INJUNCTION** |

Plaintiffs Oracle USA, Inc. Oracle America, Inc., and Oracle International Corporation (collectively, "Oracle") submit this Reply to Rimini's Appendix III Containing Rimini's Specific Objections to Oracle's Proposed Injunction (ECF No. 1133) in support of Oracle's Renewed Motion for Permanent Injunction Against Defendant Rimini Street, Inc. (ECF No. 1117).  As an initial matter, the Court should not consider Rimini's objections because they are a procedurally improper attempt to circumvent the page limits for opposition briefs under the Local Rule 7-3(b). To the extent the Court is inclined to consider Rimini's objections, each lacks merit for the reasons stated in Oracle's Reply Brief and further articulated below.

## I.    THE COURT SHOULD NOT CONSIDER RIMINI'S OBJECTIONS BECAUSE THEY ARE AN IMPROPER ATTEMPT TO CIRCUMVENT THE LOCAL RULE PAGE LIMITATIONS

"[R]esponses to motions … are limited to 24 pages, excluding exhibits."  Local Rule 7-3(b).  The rule makes no exception for Appendixes, and Rimini has not requested relief from the page limit.  *See* Local Rule 7-3(c).  Accordingly, Rimini's Appendix III should not be considered by the Court in ruling on Oracle's Renewed Motion for a Permanent Injunction.  Rimini previously filed similar commentary pursuant to Local Rule 7-2(f), after the court held Oracle to be the prevailing party and sought input on a proposed order.  ECF No. 1055 at 1; ECF No. 1055-1. Here, because no authority plausibly supports Rimini's filing of Appendix III (and Rimini has cited none), the document and specific objections contained therein should be disregarded.

## II.    RIMINI'S OBJECTIONS TO ORACLE'S PROPOSED INJUNCTION HAVE NO MERIT

None of Rimini's "specific objections" warrant denial or alteration of Oracle's proposed permanent injunction.  These objections are by-and-large duplicative of Rimini's arguments in the body of Defendants' Opposition to Oracle's Renewed Motion for a Permanent Injunction, and Oracle hereby incorporates by reference the arguments made in its Reply in Support of its Renewed Motion for a Permanent Injunction Against Rimini Street, Inc., filed herewith.  Oracle further responds to each objection individually as follows.

1

2

<u>Rimini's Objection 1</u>: This language is vague and overbroad, fails to provide adequate

notice of what conduct is enjoined, and would create uncertainty and confusion.

3

4

<u>Oracle's Response</u>: Rimini's Objection 1 is unspecific boilerplate.  Rimini's own public

5   statements made after this Court previously issued the same copyright injunction demonstrate that

6   the language in Oracle's copyright injunction is not vague, overbroad, lacking in notice or liable

7   to create uncertainty or confusion.  To the contrary, Rimini previously indicated that it understood

8   the scope of the injunction and explained to the public that "[t]he injunction does not prohibit

9   Rimini Street's ongoing or future provision of support for [Oracle's PeopleSoft, JD Edwards,

10  Siebel, and Database] product lines" but merely "constrains" how Rimini provides that support.

11  ECF No. 1073-3.

12          Furthermore, Rimini's Objection 1 presented here is the same as Rimini's previously

13  raised—and rejected—Objection 1 to the original copyright injunction. *Cf.* ECF No. 1055–1 at 1;

14  ECF No. 906 at 18–19. Rimini provides no changed circumstances or change in law that warrant

15  departing from this Court's sound reasoning in previously overruling this objection and issuing

16  Oracle's requested injunction.

17

18

<u>Rimini's Objection 2</u>: This language is vague and overbroad in that it requires notice to

19

persons based on the prohibited acts. It also requires notice to persons, such as Rimini's

20

"affiliates" and "subsidiaries," that are not covered by Federal Rule of Civil Procedure

21

65(d) or otherwise defined in Oracle's proposed injunction. The provision should require

22

notice only to persons directly involved in support for the specific products.

23

24

<u>Oracle's Response</u>: Rimini's professed confusion about "affiliates" and "subsidiaries" is

25  illusory.  "When an injunction has issued against a corporation, a subsidiary corporation or an

26  independent corporation acting in active concert also may be bound by the order."  11A Wright et

27  al., *Federal Practice and Procedure* § 2956, at 404 (2013).

28

1    Furthermore, Rimini's Objection 2 presented here is substantially similar to Rimini's

2    previously raised—and rejected—Objection 2 to the original copyright injunction.  *See* ECF No.

3    1055–1 at 1.  Rimini provides no changed circumstances or change in law that warrant departing

4    from this Court's sound reasoning in previously overruling this objection and issuing the

5    requested injunction.

6

7    Rimini's Objection 3: This language prohibits more conduct than the Ninth Circuit

8    adjudicated infringing. *See Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948 (9th Cir.

9    2018).

10

11    Oracle's Response: Rimini fundamentally misunderstands the import of the Ninth

12    Circuit's mandate.  As set forth in Oracle's Reply Brief, the doctrines of rule of mandate and law

13    of the case leave no room to revisit this Court's and the jury's liability determinations—much less

14    shrink them in the manner Rimini suggests.  Rimini's implausibly narrow reading of the Ninth

15    Circuit's opinion indicates, once again, that Rimini refuses to acknowledge its own wrongdoing,

16    underscoring the need for injunctive relief.

17    As to distribution and derivative works, the jury was instructed as to these forms of

18    infringement (ECF No. 880) (Instructions 21 & 24), and found liability on all of Oracle's

19    copyright claims (ECF No. 896). Rimini elected not to appeal those aspects of the jury

20    instructions or verdict; Rimini's failure to do so does not make them any less part of the Ninth

21    Circuit's mandate.  *See United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) ("[W]here an

22    issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the

23    mandate rule generally prohibits the district court from reopening the issue on remand unless the

24    mandate can reasonably be understood as permitting it to do so.").

25    As to PeopleSoft specific prohibitions, nothing in the Ninth Circuit's decision modifies or

26    reverses this Court's PeopleSoft cross-use adjudication (ECF No. 474 at 13), which is therefore

27    part of the mandate.  That the Ninth Circuit found it unnecessary to reach this issue in no way

28    means that Rimini won.  The "cardinal principle of judicial restraint" is that "if it is not necessary

1    to decide more, it is necessary not to decide more." *Midbrook Flowerbulbs Holland B.V. v.*

2    *Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 617 n.13 (9th Cir. 2017) (quotations omitted).  The

3    Court therefore should reenter the same PeopleSoft prohibitions.  ECF No. 1117-1 at ¶¶ 3–6.

4           As to JD Edwards- and Siebel-specific prohibitions, the Ninth Circuit did not give Rimini

5    a blank check to infringe in stating that the construction of Oracle's licenses reflected in the jury

6    instructions "would not preclude Rimini from creating development environments for a licensee

7    for various purposes *after* that licensee has become a customer of Rimini."  *Oracle*, 879 F.3d at

8    958 (emphasis in original).  That statement (relating to license construction, not the proper scope

9    of an injunction) can only be read in light of this Court's now-affirmed constructions of JD

10   Edwards and Siebel license agreements, which are captured in Oracle's copyright injunction.

11   ECF No. 1117-1 at ¶¶ 7–15.

12          As to database-specific prohibitions, the Ninth Circuit found Rimini's arguments

13   "waived."  *Oracle*, 879 F.3d at 960.  This Court previously held that the Developer License did

14   not allow Rimini to use Oracle Database for commercial purposes (ECF No. 476 at 11), and that

15   no customer's Oracle License and Service Agreement permitted Rimini to copy Oracle Database,

16   (*id.* at 14, 15).  These same Oracle Database prohibitions as before should be reentered.  ECF No.

17   1117-1 at ¶ 16; *see Labor Relations Div. of Constr. Indus. of Mass, Inc., v. Teamsters Local 379*,

18   156 F.3d 13, 17 (1st Cir. 1998) (arguments waived on appeal cannot be raised on remand).

19

20          <u>Rimini's Objection 4</u>: This language seeks to rewrite and expand the restrictions in the

21          licenses, which do not refer to specific conduct that is permitted.

22

23          <u>Oracle's Response</u>: Rimini's Objection 4 applies only to Paragraph 2(a) of Oracle's

24   proposed copyright injunction.  *See* ECF No. 1133.  As to this provision, "there is no dispute that,

25   absent an applicable license, Rimini's accused acts violated the exclusive right Oracle enjoys as

26   owner of the software copyright[s]."  *Oracle*, 879 F.3d at 954.  Affirmation of a valid customer

27   license is reasonable (ECF No. 1117-1 ¶ 2(a)).

28

Furthermore, Rimini's Objection 4 presented here is the same as Rimini's previously raised—and rejected—Objection 4 to the original copyright injunction. *See* ECF No. 1055–1 at 1. Rimini provides no changed circumstances or change in law that warrant departing from this Court's sound reasoning in previously overruling this objection and issuing Oracle's requested injunction.

Rimini's Objection 5: This language is an impermissible obstacle to competition. If conduct is licensed, then there is no requirement to affirm it in writing. Moreover, as the Ninth Circuit acknowledged, "[*a*]*ll* of Rimini's customers pertinent to this dispute were licensees of Oracle's software." 879 F.3d at 952 n.1 (emphasis added). Rimini was never held liable for providing Oracle's copyrighted materials to any customer without a valid license, and therefore there is no basis for requiring that licensees affirm in writing that they are licensees.

Oracle's Response: Oracle incorporates by reference its response to Rimini's Objection No. 4, in part because Objection 5—like Objection 4—applies only to Paragraph 2(a) of Oracle's proposed copyright injunction and fails for the same reasons discussed above. ECF No. 1133. This objection is also without merit because Rimini fails to articulate how Paragraph 2(a) constitutes "an impermissible obstacle to competition" and does not offer evidence to support this claim. Furthermore, in upholding the Court's verdict of copyright infringement, the Ninth Circuit explained that "Rimini dismisses evidence" of cross-use for "future customers," just as it again does here. *Oracle*, 879 F.3d at 957. Also, Rimini told the public that "[t]he injunction does not prohibit Rimini Street's ongoing or future provision of support." ECF No. 1073-3. Moreover, Rimini "has repeatedly represented to the court that its current business model is not based on its prior infringing conduct." ECF No. 1049 at 8:20–21. Assuming so, Rimini has nothing to fear from reissuance of the proposed injunction, particularly in light of its public statements discussed above. ECF No. 1049 at 8:21–23.

1    Furthermore, Rimini's Objection 5 presented here is substantially similar to Rimini's

2    previously raised—and rejected—Objection 5 to the original copyright injunction.  *See* ECF No.

3    1055–1 at 1.  Rimini provides no changed circumstances or change in law that warrant departing

4    from this Court's sound reasoning in previously overruling this objection and issuing Oracle's

5    requested injunction.

6

7        Rimini's Objection 6: The Ninth Circuit upheld liability based on the reproduction right

8        (*see* 17 U.S.C. § 106(1))—not on the distribution or derivative works rights (*see id.*

9        § 106(2)–(3)). *See* 879 F.3d at 952–53, 956–57, 959–60.

10

11       Oracle's Response: Oracle incorporates by reference its response to Rimini's Objection

12   No. 3.  Additionally, *at trial*, Oracle proved through abundant and largely undisputed evidence

13   that Rimini created unlicensed derivative works based upon Oracle software and support

14   materials and also violated Oracle's distribution rights.  The Court instructed the jury as to

15   derivative works and distribution (ECF No. 880) (Instructions 21 & 24), the jury found liability

16   on all of Oracle's copyright claims (ECF No. 896), and the Ninth Circuit affirmed the same.  This

17   Court should once again enjoin that infringing misconduct.

18       Furthermore, Rimini's Objection 6 presented here is substantially similar to Rimini's

19   previously raised—and rejected—Objection 6 to the original copyright injunction.  *See* ECF No.

20   1055–1 at 2.  Rimini provides no changed circumstances or change in law that warrant departing

21   from this Court's sound reasoning in previously overruling this objection and issuing Oracle's

22   requested injunction.

23

24       Rimini's Objection 7: The term "specific licensee's own computer systems" is vague,

25       undefined, and overbroad in view of the Ninth Circuit's holding that only the PeopleSoft

26       licenses—and not the licenses for the other produce lines—contained a so called

27       "facilities" limitation limiting copying to servers over which the licensee retains actual or

28       constructive control. *See* 879 F.3d at 958–60.

1

2      <u>Oracle's Response</u>: Oracle incorporates by reference its response to Rimini's Objection

3 No. 3.  Further, this Court previously determined, as a matter of law, that the plain language of

4 the PeopleSoft licenses "prohibit[s] Rimini Street from copying or preparing derivative works

5 from PeopleSoft software other than to support the *specific licensee's* own internal data

6 processing operations on the *licensee's own computer systems*."  ECF 880 (Instruction 24)

7 (emphasis added).  The Ninth Circuit agreed: "It was not only sensible but also necessary for the

8 district court to read a requirement of 'control' into the definition of '[a licensee's] facilities.'"

9 *Oracle*, 879 F.3d at 960 (alterations in original).  Rimini does not articulate any way that this

10 term—previously used in the jury instruction without objection and explained by the Ninth

11 Circuit—is now undefined or otherwise vague.  Rimini's Objection 7 also misquotes the appellate

12 opinion regarding "actual or constructive control."  The Ninth Circuit did not change the scope of

13 Oracle's licenses or this Court's correct interpretation of them.  The appellate court merely noted

14 Rimini's failure of proof: "Indeed, Rimini made no showing that its customers had even

15 constructive control of [Rimini's] servers."  *Oracle*, 879 F.3d at 960.

16      Similarly, for JD Edwards and Siebel, the Court found that Rimini Street may copy JD

17 Edwards software and documentation "onto its computer systems to the extent necessary for"

18 certain backup purposes and may copy Siebel software and documentation "onto the third party's

19 own computer systems solely for" certain backup purposes.  ECF No. 880 (Instruction 24). The

20 evidence at trial showed and the jury found that Rimini's copying is not for any permissible

21 purpose.  ECF No. 896.  In addition, almost all of the licenses at issue for JD Edwards and Siebel

22 contain some language limiting or forbidding off-site copies of the software.  PTX 5466.

23 Oracle's copyright injunction uses the same "specific licensee's own computer systems" language

24 to describe the permitted locations of the three software products and support materials for

25 consistency and clarity.  The Court should reenter these prohibitions.

26      Furthermore, Rimini's Objection 7 presented here is substantially similar to Rimini's

27 previously raised—and rejected—Objection 7 to the original copyright injunction.  *See* ECF No.

28 1055–1 at 2.  Rimini provides no changed circumstances or change in law that warrant departing

from this Court's sound reasoning in previously overruling this objection and issuing Oracle's requested injunction.

Rimini's Objection 8: The term "internal data processing operations" is overbroad and vague, and has never been defined by this Court. The full scope of this contractual phrase is at issue in *Rimini II*.

Oracle's Response: Rimini's feigned ignorance about the meaning of the phrase "internal data processing operations" lacks merit. ECF No. 907 at 5:4–25, 16:11–20. PeopleSoft licenses that Rimini stipulated to apply uniformly to its customers using PeopleSoft software contain this exact language. PTX 5328; Tr. 809:1-810:6 (Ravin); 1112:22-1113:2 (Allison). Both the Court and Oracle's witness, Mr. Rich Allison, provided extensive guidance about the meaning of this phrase. ECF No. 474 at 13; Tr. 1042:1-13 (Allison), Tr. 1043:2-13, Tr. 1043:14-19. Rimini suggests "this contractual phrase is at issue in *Rimini II."* Opp'n at 23:18. But tellingly, Rimini never explains how or why its meaning is not settled.

Furthermore, Rimini's Objection 8 presented here is substantially similar to Rimini's previously raised—and rejected—Objection 8 to the original copyright injunction. *See* ECF No. 1055–1 at 2. Rimini provides no changed circumstances or change in law that warrant departing from this Court's sound reasoning in previously overruling this objection and issuing Oracle's requested injunction.

Rimini's Objection 9: The term "benefit" is vague and undefined.

Oracle's Response: The term "benefit" in the proposed injunction is used to describe prohibited cross-use. Oracle's definition of cross-use in terms of benefit to another licensee is appropriate. Oracle's expert, Dr. Randall Davis, defined cross-use to mean "using one customer's software for the benefit of another customer." Tr. 191:21-192:9. This simple definition provides

1  clear guidance, and is consistent with this Court's and the Ninth Circuit's guidance on cross-use,

2  as set forth in Oracle's Reply Brief.

3     Furthermore, Rimini's Objection 9 presented here is substantially similar to Rimini's

4  previously raised—and rejected—Objection 9 to the original copyright injunction.  *See* ECF No.

5  1055–1 at 2. Rimini provides no changed circumstances or change in law that warrant departing

6  from this Court's sound reasoning in previously overruling this objection and issuing Oracle's

7  requested injunction.

8

9     <u>Rimini's Objection 10</u>: This provision seeks to prohibit "copy[ing]" and "access[ing]"

10  "source code," even though no license—let alone every one of the various licenses—

11  contains these overbroad, vague, and undefined terms and restrictions. *See*, *e.g.*, Oracle's

12  Trial Exhibit 705 (Siebel license not restricting access to source code). Further, "access"

13  goes beyond the exclusive rights of the Copyright Act.

14

15     <u>Oracle's Response</u>: This Court found that the plain language of a JD Edwards license at

16  issue "d[id] not permit Rimini to access the software's source code to carry out development and

17  testing of software updates."  ECF No. 474 at 22.  Oracle introduced evidence at trial that Rimini

18  did access and modify JD Edwards source code.  *See* PTX 195 at 6, 14; Tr. 1657:5-1659:22.  Mr.

19  Ravin testified concerning Rimini's delivery of Siebel fixes through modification of the Siebel

20  repository, Tr. 696:21-698:1, which constitutes access to source code.  *See* ECF No. 907 at

21  17:15–28 (summarizing this evidence).  The jury was instructed, without objection from Rimini,

22  that Rimini could not "access the software's source code to carry out development and testing of

23  software updates" for both JD Edwards and Siebel.  *See* ECF No. 869 at 33; Tr. 3228:3-3248:5.

24  Oracle's proposed copyright injunction seeks enforcement of these provisions.  Rimini identifies

25  no facts as to why enforcement of Oracle's license provisions would be an impermissible use of

26  copyright law—an argument that this Court rejected in *Rimini II*.  *Rimini II*, Order re Mot. to

27  Strike, ECF No. 90 at 6.  Moreover, there is no merit to Rimini's claim that access to source code

28  goes beyond the exclusive rights of the Copyright Act: Rimini concedes that it creates new copies

in the form of RAM copies "every time it start[s] up or r[u]n[s] Oracle software." PF 49 (undisputed).

Rimini's Objection 11: This provision seeks to make Rimini's ability to service one product line contingent on its adherence to the injunction's terms concerning a different product line, even though the Ninth Circuit recognized that the licenses at issue have meaningful differences in their terms. *See* 879 F.3d at 953. There is no basis in the licenses or the law to tie product lines together, such that failure to comply with the injunction as to one product line precludes lawful activity on a different product line.

Oracle's Response: Oracle incorporates by reference its responses to Rimini's Objection Nos. 1 and 3. Further, Rimini's objection has no merit because, regardless of the differences between the licenses, the Ninth Circuit affirmed this Court's and the jury's finding of infringement with regard to all of Oracle's asserted copyrights for its PeopleSoft, JD Edwards, Siebel, and Oracle Database software and support materials. Oracle is entitled to injunctive relief for each infringed product.

Rimini's Objection 12: This provision seeks to prohibit forms of cross use not reached by the Ninth Circuit's decision. The Ninth Circuit upheld infringement liability for JD Edwards and Siebel only on the grounds that Rimini performed services under color of a license for an existing customer for future or unknown clients. *See* 879 F.3d at 953, 957. The injunction cannot prohibit more than that.

Oracle's Response: Oracle incorporates by reference its response to Rimini's Objection No. 3. Rimini incorrectly states that "[t]he Ninth Circuit upheld infringement liability for JD Edwards and Siebel only on the grounds that Rimini performed services under color of a license for an existing customer for future or unknown clients." This argument is based on misleading citations to the Ninth Circuit's specific discussion of how "Rimini dismisses evidence" of cross-

1    use for "future customers."  *Oracle*, 879 F.3d at 957.  Rimini ignores that the Ninth Circuit

2    broadly defined "cross use" as "the creation of development environments, under color of a

3    license of one customer, to support *other* customers," including those who "hold licenses" and

4    "even for licensees who have yet to become customers of Rimini."  *Oracle*, 879 F.3d at 956

5    (emphasis in original).  *Any* act of cross-use is copyright infringement, properly covered by

6    Oracle's injunction.

7

8            Rimini's Objection 13: This provision seeks to prohibit Rimini from copying Oracle

9            Database software using valid Oracle License and Service Agreements, even though the

10           Ninth Circuit only upheld liability on the ground that developer licenses do not permit

11           such copying. *See* 879 F.3d at 960. The injunction cannot reach lawful reproduction of

12           Oracle Database, but may only prevent what has actually been adjudicated unlawful.

13

14           Oracle's Response: Oracle incorporates by reference its response to Rimini's Objection

15   No. 3.  This Court held that the Developer License did not allow Rimini to use Oracle Database

16   for commercial purposes (ECF No. 476 at 11), and that no customer's Oracle License and Service

17   Agreement permitted Rimini to copy Oracle Database, (*id.* at 14, 15).  Rimini attempted to appeal

18   these rulings but the Ninth Circuit found them "waived."  *Oracle*, 879 F.3d at 960.  The same

19   Oracle Database prohibitions as before should be reentered.  ECF No. 1117-1 at ¶ 16; *see Constr.*

20   *Indus.*, 156 F.3d at 17 (arguments waived on appeal cannot be raised on remand).

21

22           Rimini's Objection 14: Distribution to a specific licensee of materials that Rimini

23           downloads for that licensee is permitted. *See* 879 F.3d at 962. The Ninth Circuit did not

24           uphold liability based on violations of the distribution right.

25

26           Oracle's Response: Oracle incorporates by reference its response to Rimini's Objection

27   Nos. 3 and 6.  As to the distribution right, the jury was instructed as to this form of infringement

28   (ECF No. 880) (Instructions 21 & 24), and found liability on all of Oracle's copyright claims

1  (ECF No. 896).  Rimini elected not to appeal those aspects of the jury instructions or verdict;

2  Rimini's failure to do so does not make them any less part of the Ninth Circuit's mandate.  *See*

3  *Ben Zvi*, 242 F.3d at 95.  Furthermore, the portion of the Ninth Circuit's opinion cited by Rimini

4  in Objection 14 relates to computer fraud—not copyright infringement—and thus does not pertain

5  to the copyright injunction that Oracle is asking this Court to reissue.  That this Court previously

6  entered one injunction for copyright infringement and one for computer hacking in no way

7  precludes re-issuance of the copyright injunction after the Ninth Circuit affirmed Rimini's

8  infringement.

9

10      Rimini's Objection 15: Oracle purports to limit copying of JD Edwards and Siebel only to

11      unmodified, back-up copies; but the Ninth Circuit expressly held that Rimini may

12      "creat[e] development environments for a licensee for various purposes after that licensee

13      [of JD Edwards and/or Siebel] has become a customer of Rimini." 879 F.3d at 958

14

15      Oracle's Response: Oracle incorporates by reference its response to Rimini's Objection

16  No. 3.  Moreover, this Court found that the plain language of a JD Edwards license at issue "d[id]

17  not permit Rimini to access the software's source code to carry out development and testing of

18  software updates."  ECF No. 474 at 22.  Oracle introduced evidence at trial that Rimini did access

19  and modify JD Edwards source code.  *See* PTX 195 at 6, 14; Tr. 1657:5-1659:22.  Mr. Ravin

20  testified concerning Rimini's delivery of Siebel fixes through modification of the Siebel

21  repository, Tr. 696:21-698:1, which constitutes access to source code.  *See* ECF No. 907 at

22  17:15–28 (summarizing this evidence).  The jury was instructed, without objection from Rimini,

23  that Rimini could not "access the software's source code to carry out development and testing of

24  software updates" for both JD Edwards and Siebel.  *See* ECF No. 869 at 33; Tr. 3228:3-3248:5.

25      The appellate court's description of "enterprise software" in general did not change the

26  scope of the licenses at issue or confer any new rights on Rimini.  *Oracle*, 879 F.3d at 955–56.

27  Nor did the Ninth Circuit give Rimini a blank check to infringe in stating that the construction of

28  Oracle's licenses reflected in the jury instructions "would not preclude Rimini from creating

1   development environments for a licensee for various purposes *after* that licensee has become a

2   customer of Rimini."  *Oracle*, 879 F.3d at 958 (emphasis in original).  That statement (relating to

3   license construction, not the proper scope of an injunction) can only be read in light of this

4   Court's now-affirmed constructions of JD Edwards and Siebel license agreements, which are

5   captured in Oracle's copyright injunction.   ECF No. 1117-1 at ¶¶ 7–15.

6   Dated: April 11, 2018                              Respectfully submitted,

7                                                      Morgan, Lewis & Bockius LLP

8

9                                                      By:  _____ /s/ *John A. Polito* _____
10                                                             John A. Polito
                                                       Attorneys for Plaintiffs
11                                                       Oracle USA, Inc.,
                                                       Oracle America, Inc. and
12                                                     Oracle International Corporation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S REPLY TO RIMINI'S APPENDIX III

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2018, I electronically transmitted the foregoing ORACLE'S REPLY TO RIMINI'S APPENDIX III CONTAINING RIMINI'S SPECIFIC OBJECTIONS TO ORACLE'S PROPOSED INJUNCTION to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

DATED:  April 11, 2018

Morgan, Lewis & Bockius LLP


By:      /s/ John A. Polito
John A. Polito
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation