| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755<br>rpocker@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>1401 New York Avenue, NW, 11th Floor<br>Washington, DC 20005<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com<br><br>BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com<br>fnorton@bsfllp.com<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA  94105<br>Telephone:  415.442.1000<br>Facsimile:  415.442.1001<br>thomas.hixson@morganlewis.com<br>john.polito@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:  650.506.4846<br>Facsimile:  650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com<br><br>Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. | GIBSON, DUNN & CRUTCHER LLP<br>Mark A. Perry (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8500<br>mperry@gibsondunn.com<br><br>Blaine H. Evanson (*pro hac vice*)<br>Joseph A. Gorman (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7228<br>bevanson@gibsondunn.com<br><br>HOWARD & HOWARD<br>W. West Allen (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV 89169<br>Telephone: (702) 667-4843<br>wallen@howardandhoward.com<br><br>DANIEL B. WINSLOW<br>RIMINI STREET, INC.<br>6601 Koll Center Parkway Suite 300<br>Pleasanton, CA 94566<br>Telephone: (925) 264-7736<br>dwinslow@riministreet.com<br><br>Attorneys for Defendants Rimini Street, Inc., and Seth Ravin |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>　　　　　Defendants. | CASE NO. 2:10-cv-00106-LRH-PAL<br><br>**STIPULATION AND JOINT STATEMENT REGARDING HEARINGS ON RENEWED MOTIONS**<br><br>Judge:   Hon. Larry R. Hicks |

　　　　The undersigned counsel, on behalf of Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. and Defendant Rimini Street, Inc., hereby submit the following joint statement regarding hearings on Oracle's renewed motions in the above-captioned matter.

**I. JOINT STATEMENT**

　　　　Following the Ninth Circuit's vacatur and remand of the permanent injunction and attorneys' fees award issued by this Court, Oracle filed its Renewed Motion for Permanent Injunction on March 21, 2018 (ECF No. 1117), and filed its Renewed Motion for Attorneys' Fees on March 26, 2018 (ECF No. 1118).  Rimini filed its opposition to Oracle's injunction motion on April 4, 2018 (ECF No. 1130), and Oracle filed its reply brief on April 11, 2018 (ECF No. 1139).  Rimini's opposition to Oracle's renewed attorneys' fees motion is currently due May 25, 2018, and Oracle's reply brief is due June 1, 2018.  *See* ECF No. 1128.

　　　　The parties jointly request a hearing on Oracle's renewed motions, as the parties believe a hearing will assist the Court's resolution of those issues.  The parties also jointly state their availability to come to the Court's chambers in Reno (rather than Las Vegas) for the hearing.

The parties, however, disagree on whether the motions should be heard together in a consolidated hearing (Rimini's view) or whether the injunction motion should be heard earlier than the attorneys' fees motion (Oracle's view).

As to the hearing on Oracle's renewed attorneys' fees motion, the parties request any of the following dates, or another date that is convenient for the Court:

- July 9, 2018
- July 23, 2018
- July 26, 2018
- July 30, 2018

## II.  THE PARTIES' DISAGREEMENT

The parties were unable to agree on a hearing date for Oracle's permanent injunction motion. Each party's proposal is provided below.

A.    **Rimini's Proposed Hearing Date**

Rimini respectfully requests a single hearing on both motions to be held after Oracle's attorneys' fees motion is fully briefed.

Rimini believes that a single hearing will be most efficient for the parties and the Court. That was the case in 2016 when the Court held a consolidated hearing on Oracle's post-trial attorneys' fees and permanent injunction motions, particularly because both motions involved overlapping considerations (such as the jury's finding of innocent infringement). The same is true now.

There is also no urgency for resolving the injunction motion. This case has been pending for eight years, and there is an entire second case dealing with the question whether Rimini's ongoing conduct is infringing. The Ninth Circuit previously stayed the same injunction Oracle requests in its renewed motion, and the Court's ruling on the renewed injunction motion will almost certainly be appealed by one of the parties.

There is, in short, no need to rush in resolving the injunction motion. Instead, the parties' and the Court's interest is in taking the time necessary to deal with the complex issues

1  raised by the Ninth Circuit's decision and Oracle's motion. The efficiency in handling both
2  motions together in a joint hearing outweigh Oracle's interest in advancing the injunction
3  hearing a few weeks.

4  Oracle argues here, as it does in its renewed motion, that "this straightforward remand
5  can be resolved promptly." But that position ignores the nature of the Ninth Circuit's decision,
6  the Ninth Circuit's order staying the prior injunction, and the comments from the judges at the
7  oral argument. The Ninth Circuit's decision affirming infringement was exceedingly narrow
8  (*see* ECF 1111 at 13–22 & n.6), the Court *reversed* the only remaining willful conduct at issue
9  in the case (*id.* at 24–26), and as Judge Friedland remarked during the oral argument, "I don't
10 really understand why there also needs to be an injunction, when it seems like [Rimini is] trying
11 to comply," and where there is "a whole lawsuit [*i.e.*, *Rimini II*] to figure out if they're
12 complying with the liability determinations" (ECF No. 134-2 at 41:18–22). The Ninth Circuit's
13 direction for this Court on remand was not to re-issue the same copyright injunction that it
14 considered separately from the hacking injunction and specifically vacated; it was to *reconsider*
15 the copyright injunction given the nature of the Court's decision. *See Oracle USA, Inc. v.*
16 *Rimini Street, Inc.*, 879 F.3d 948, 964 & n.8 (2018). Oracle's proposal that this Court hurry up
17 and rubber-stamp the same injunction the Ninth Circuit stayed and then vacated is a sure-fire
18 path to reversal.

19 **B.     Oracle's Proposed Hearing Date**

20 Oracle's motion for a permanent injunction seeks to halt Rimini's *ongoing* infringing
21 conduct. Every day that Rimini's conduct continues is a further injury to Oracle. The injunction
22 motion is already fully briefed. Postponing a hearing on this motion so that it can be argued at
23 the same time as the attorneys' fees motion, which is not time-sensitive and is on a longer
24 briefing schedule, amounts to an interim ruling in Rimini's favor because it would allow Rimini
25 to continue infringing Oracle's copyrights. Oracle accordingly proposes that the Court schedule
26 a hearing on the injunction motion for May 14, 15, 16, or 17, or some other date convenient for
27 the Court. That will be more than a month after briefing on the motion was completed and
28 allows ample time to address the Ninth Circuit's narrow remand.

Three years ago Oracle prevailed at trial across the board on its copyright claims; the jury found that Rimini had infringed all 93 copyrights at issue, and this Court then issued an injunction to prevent further infringement. The Ninth Circuit has now unanimously affirmed this Court's verdict of infringement. With the copyright verdict now decisively resolved on the merits, prompt consideration of Oracle's renewed motion for a permanent injunction is warranted. As this Court previously noted, "an injunction should issue when the intervention of the court in equity is essential to protect a party's rights against injuries that could not otherwise be remedied." ECF No. 1049 at 3-4. The Ninth Circuit's limited remand on the injunction concerns the sole issue of "how the district court would weigh the *eBay* factors with respect to the copyright claims alone." *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d 948, 964 (2018). The Court of Appeals' decision does not require revisiting any other issue that this Court previously decided, such as the scope of the injunction. This straightforward remand can be resolved promptly.

Rimini argues that this case has been pending for eight years, and there is a second case between the parties, and therefore there is no urgency to Oracle's motion. However, this Court previously found that "Oracle has established that monetary damages alone are inadequate to compensate it for the losses suffered because of defendants," including because "certain harms suffered by Oracle like lost market share and company goodwill are intangible injuries difficult to quantify and compensate." ECF No. 6-7. Accordingly, Oracle's copyright infringement damages award in this action did not fully compensate it for past injuries, and a damages award in the second action is not likely to either. Delay in ruling on Oracle's motion for a permanent injunction causes Oracle further injury for which it will never be compensated. Accordingly, Oracle respectfully requests a hearing in the May 14-17 time frame, or another date at the Court's earliest convenience.

Dated: May 1, 2018

                              GIBSON, DUNN & CRUTCHER LLP

                              By: */s/ Mark A. Perry*
                                         Mark A. Perry

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

Dated: May 1, 2018

                              MORGAN, LEWIS & BOCKIUS LLP

                              By: */s/ Thomas S. Hixson*
                                           Thomas S. Hixson

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation.*

### **ATTESTATION OF FILER**

The signatories to this document are Thomas S. Hixson and me, and I have obtained Mr. Hixson's concurrence to file this document on his behalf.

Dated: May 1, 2018

                              GIBSON, DUNN & CRUTCHER LLP

                              By: */s/ Mark A. Perry*
                                           Mark A. Perry

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

DATED: May 1, 2018

                                    GIBSON, DUNN & CRUTCHER LLP

                                    By: */s/ Mark A. Perry*
                                                         Mark A. Perry

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*