1

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

2

3

4

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

5

6

7

8

HOWARD & HOWARD PLLC
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wallen@howardandhoward.com

LEWIS ROCA ROTHGERBER CHRISTIE LLP
Daniel F. Polsenberg (Nevada Bar No. 2376)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
dpolsenberg@lrrc.com

9

10

11

12

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

13

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

14

15

ORACLE USA, INC., a Colorado corporation;
ORACLE AMERICA, INC., a Delaware
corporation; and ORACLE INTERNATIONAL
CORPORATION, a California corporation,

16

17

Plaintiffs,

Case No. 2:10-cv-0106-LRH-VCF

18

v.

**DECLARATION OF DENNIS L.
KENNEDY**

19

20

RIMINI STREET, INC., a Nevada corporation;
and SETH RAVIN, an individual,

Judge:    Hon. Larry R. Hicks

21

Defendants.

22

23

24

25

26

27

28

## DECLARATION OF DENNIS L. KENNEDY

I, DENNIS L. KENNEDY, declare as follows:

1.     I am a resident of Henderson, Nevada.

2.     I am an attorney and have been licensed to practice law in the State of Nevada since 1975.  Between 1975 and 2006, I was a member of the law firm of Lionel, Sawyer & Collins, and I was a shareholder and director of that firm from 1979 until January 6, 2006.  Since January 9, 2006, I have been a partner in the law firm of Bailey❖Kennedy (formerly known as Bailey❖Merrill).

3.     As set forth in my March 7, 2016 Affidavit, which is incorporated herein by reference, I was retained by Rimini Street, Inc. ("Rimini Street") and Seth Ravin ("Mr. Ravin") (together, "Rimini") to render an opinion on the reasonableness of the attorneys' fees incurred by counsel representing Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively, the "Oracle Parties") in the above-captioned action ("the Case").  My qualifications for assessing and evaluating the reasonableness of attorneys' fees incurred by lawyers and other professionals of law firms in civil and commercial litigation in Southern Nevada are set forth in detail in Paragraphs 5-7 of my March 7, 2016 Affidavit and in my curriculum vitae, a revised copy of which is attached hereto as Exhibit A.

4.     This Declaration is made in support of Rimini's Opposition to the Oracle Parties' Renewed Motion for Attorneys' Fees.

### MATTERS REVIEWED

5.     My opinions expressed herein are based on the documents and materials that I reviewed (along with several members in my firm working under my direction and supervision) when preparing my March 7, 2016 Affidavit, together with the additional documents and materials referenced herein. I have also discussed the Case with Rimini's counsel to the extent that I deemed such discussion necessary and appropriate to formulate my opinions as to the time and labor required for the Case.

6.     I have personal knowledge of the facts recited below, derived from a review (by myself and by others working under my direction and supervision) of the pertinent documents and materials discussed herein and in my March 7, 2016 Affidavit, as well as any information identified as having been provided to me by Rimini's counsel in the Case, and I am competent to testify as to all opinions

expressed herein. The opinions expressed herein are solely my own and may be modified in the event that other evidence or documents are presented to me. Joshua P. Gilmore, Esq. (a partner in my firm) assisted me, under my direction and supervision, in the preparation of this Declaration.

## SUMMARY OF OPINIONS[1]

7.     For the reasons stated below, it is my opinion that Mr. Ravin's proposed offset to any fee award that may be entered in favor of the Oracle Parties is reasonable because it (i) encompasses less than half of the total hours incurred by Rimini's counsel in the Case, (ii) includes a 20% across-the-board reduction consistent with the percentage reduction previously imposed by the District Court when awarding attorneys' fees to the Oracle Parties, (iii) is calculated using prevailing market rates in Southern Nevada rather than the actual rates charged by Rimini's counsel, and (iv) does not include most costs and expenses.

8.     Further, for the reasons stated below, it is my opinion that in lieu of an offset for reasonable attorneys' fees incurred by Mr. Ravin, it is reasonable to reduce the amount sought in attorneys' fees by the Oracle Parties by 50% given Mr. Ravin's status as a prevailing party and the substantial efforts undertaken by the Oracle Parties to hold Mr. Ravin liable for copyright infringement and other alleged wrongdoing alongside Rimini Street.

9.     Finally, for the reasons stated below, it is my opinion that Rimini's proposed alternative methodologies for the District Court to use in reducing any fee award that may be entered in favor of the Oracle Parties in order to account for the Oracle Parties' "more limited success at litigation" as expressly recognized by the Ninth Circuit[2] are reasonable. Importantly, any such fee award should ultimately be calculated using prevailing market rates in Southern Nevada—not the actual rates charged by the Oracle Parties' counsel—as explained more fully in my March 7, 2016 Affidavit.

---

[1]     It is my understanding that Rimini intends to argue (i) that the Oracle Parties are not entitled to recover attorneys' fees and (ii) that an award of attorneys' fees in favor of the Oracle Parties would be improper. It would seem inappropriate to award attorneys' fees to the Oracle Parties in light of their inability to prove willful infringement by Rimini Street, given that copyright infringement is a strict liability tort. Although willfulness is not a statutory prerequisite to an award of attorneys' fees in a copyright infringement case, absent an infringer acting with intentional or reckless disregard of a copyright holder's protected rights, deterrence is not a factor. In any event, my opinions are relevant to the extent that the District Court exercises its discretion to award attorneys' fees to the Oracle Parties.

[2]     *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d 948, 965 (9th Cir. 2018).

# OPINION AND ANALYSIS

10.   The following are my detailed opinions and analyses of the Oracle Parties' Renewed Motion for Attorneys' Fees.

## Material Facts

11.   Paragraph 16 of my March 7, 2016 Affidavit contains an overview of the Case.  Since then, the following material events have occurred:

11.1.   On April 4, 2016, the Oracle Parties filed their Reply in Support of their initial Motion for Attorneys' Fees, together with the Declaration of Richard M. Pearl, dated April 4, 2016.

11.2.   On September 21, 2016, the District Court entered an Order granting in part and denying in part the Oracle Parties' initial Motion for Attorneys' Fees, awarding a total of $28,502,246.60 in attorneys' fees, which the District Court calculated by applying a 20% across-the-board reduction to the initial amount sought.[3] *See Oracle USA, Inc. v. Rimini Street, Inc.*, 209 F. Supp. 3d 1200, 1216-18 (D. Nev. 2016).  In so doing, the District Court declined to calculate the fee award using prevailing market rates in Southern Nevada. *See id.* at 1217 ("[T]he court finds that the actual rates charged by counsel in this action are reasonable rates.").

11.3.   Following entry of a final judgment in favor of the Oracle Parties, Rimini timely filed a notice of appeal.

11.4.   On January 8, 2018, the Ninth Circuit issued an opinion affirming in part, vacating in part, and reversing in part the final judgment.  In brief, the Ninth Circuit affirmed the jury's finding of copyright infringement by Rimini Street (innocent and not willful), reversed the jury's findings against Rimini on the Oracle Parties' state law computer hacking claims (thereby reducing the damages award by $14,427,000 – from $50,027,000 to $35,600,000 – excluding prejudgment interest and taxable and non-taxable costs), and vacated the fee award for reconsideration. *See Oracle USA, Inc.*, 879 F.3d at 953.

---

[3]   The District Court also awarded taxable and non-taxable costs.

1      11.5.   On March 27, 2018, the Oracle Parties filed their Renewed Motion for

2  Attorneys' Fees.  In brief, the Oracle Parties asked the District Court to reinstate the prior fee

3  award of $28,502,246.60 given that the Oracle Parties prevailed on their copyright infringement

4  claim against Rimini Street.

5      12.   Rimini has been represented in the Case by the following law firms, among others:



13                         **Applicable Legal Principles**

14      13.   Paragraphs 21-24 of my March 7, 2016 Affidavit set forth the applicable legal principles

15  governing an award of reasonable attorneys' fees.  For purposes of 17 U.S.C. Section 505, the District

16  Court may award reasonable attorneys' fees to either a prevailing plaintiff or a prevailing defendant.

17  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).  If the District Court exercises its discretion to

18  award fees to a prevailing party, the District Court must take into account the party's degree of success

19  or results obtained, which includes analyzing whether the plaintiff (or the defendant) prevailed on some

20  or all of its claims (or defenses) against some or all of the defendants (or the plaintiffs).  *Hensley v.*

21  *Eckerhart*, 461 U.S. 424, 436 (1983); *Webb v. Sloan*, 330 F.3d 1158, 1169-70 (9th Cir. 2003).

22  Moreover, the District Court should adjust the fee award in order to apportion fees between recoverable

23  and non-recoverable work.  *See, e.g.*, *The Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 834

24  (9th Cir. 2003).

25                          **Issues Presented**

26      14.   I have been asked to consider the following issues regarding the Oracle Parties'

27  Renewed Motion for Attorneys' Fees:

28

4

14.1.   Whether Mr. Ravin is entitled to offset any fee award that may be entered in favor of the Oracle Parties by a reasonable amount of attorneys' fees that he incurred in successfully defending against the Oracle Parties' claims;

14.2.   Whether, in lieu of an offset for reasonable attorneys' fees incurred by Mr. Ravin, it is reasonable to reduce the amount sought in attorneys' fees by the Oracle Parties by 50% given Mr. Ravin's status as a prevailing party; and

14.3.   Whether Rimini has presented reasonable methodologies for the District Court to use to reduce any fee award that may be entered in favor of the Oracle Parties based on the Oracle Parties' "more limited success at litigation" as expressly recognized by the Ninth Circuit, *see Oracle USA, Inc.*, 879 F.3d at 965.

**Rimini Has Proposed Reasonable Alternative Methods for Offsetting or Reducing the Fee Award in Order to Account for Mr. Ravin's Status as a Prevailing Party**

15.   Assuming (*arguendo*) that the District Court (i) awards attorneys' fees to the Oracle Parties but (ii) reduces the fee award in order to account for Mr. Ravin's status as a prevailing party, it is my opinion that Rimini has proposed reasonable alternative methods by which to offset or reduce the fee award; specifically:

15.1.   From the beginning, through trial, and on appeal, the Oracle Parties sought to hold Mr. Ravin liable for copyright infringement alongside Rimini Street—the Case was not just about holding Rimini Street liable for infringing the Oracle Parties' copyrighted software. To this day, the Oracle Parties continue to blame Mr. Ravi—not just Rimini Street—by discussing his prior involvement with TomorrowNow and suggesting that Rimini Street is simply "the second incarnation" of the same business model created by Mr. Ravin.

15.2.   The Ninth Circuit completely exonerated Mr. Ravin from any wrongdoing.  As a result, Mr. Ravin no longer faces personal exposure for any monetary relief granted in favor of the Oracle Parties, which alone qualifies him as a prevailing party in the Case.

15.3.   Mr. Ravin has proposed offsetting any fee award that may be entered in favor of the Oracle Parties by an amount that is intended to reflect reasonable attorneys' fees that he could seek to recover against the Oracle Parties as a prevailing party. *See Williams v. Gaye,*

885 F.3d 1150, 1177-78 (9th Cir. 2018) (affirming the district court's decision to award costs to both the plaintiff and the defendant in a copyright infringement case given the mixed results at trial, which, in effect, ultimately reduced the costs awarded to the plaintiff).

15.4.    Specifically, Rimini has proposed offsetting the fee award by ███████████, calculated as follows:

15.4.1.    First, Rimini aggregated the total number of hours incurred by attorneys and non-attorneys at the following law firms: ████████████████

████████████████████████████████

████████.[4]

15.4.2.    Second, Rimini excluded hours incurred by its counsel after November 2015 (akin to what the Oracle Parties did when they initially moved for attorneys' fees), even though its counsel have been working, and continue to work, on the Case;

15.4.3.    Third, Rimini reduced these fees by 20%;

15.4.4.    Fourth, Rimini calculated a lodestar using the same rates that I recommended in Paragraph 27.8 of my March 7, 2016 Affidavit—not the actual rates charged by Rimini's counsel; and

15.4.5.    Finally, Rimini reduced the lodestar by 50%, given that Mr. Ravin prevailed in the Case and would solely be entitled to seek an award of attorneys' fees.[5]

15.5.    In my opinion, the proposed offset amount is reasonable because it:

15.5.1.    Does not require the Oracle Parties to pay the actual rates charged by Rimini's counsel;

15.5.2.    Excludes time after November 2015, even though some of that time would be recoverable;

---

[4]    Rimini excluded hours incurred by all other law firms.

[5]    The specific calculations are detailed in the May 25, 2018 Declaration of Thomas D. Vander Veen, Ph.D., Managing Director of Epsilon Economics.

15.5.3.   Takes into account the fact that Rimini's counsel litigated the Case with the same vigor as the Oracle Parties' counsel;

15.5.4.   Applies the same across-the-board percentage reduction that was previously applied by the District Court to the hours incurred by the Oracle Parties' counsel, *see Oracle USA, Inc.*, 209 F. Supp. 3d at 1217, which makes sense because, as I understand it, Rimini's counsel incurred a comparable amount of hours litigating the Case as the Oracle Parties' counsel;

15.5.5.   Accounts for the fact that only Mr. Ravin prevailed against the Oracle Parties; and

15.5.6.   Does not include most costs and expenses incurred by Rimini's counsel in defending against the Oracle Parties' claims.

15.6.   In lieu of offsetting any fee award that may be entered in favor of the Oracle Parties by a reasonable amount of attorneys' fees that may be recoverable by Mr. Ravin, Rimini has proposed applying an across-the-board percentage reduction to the total amount of attorneys' fees sought by the Oracle Parties in order to account for Mr. Ravin's status as a prevailing party.  This approach is reasonable because it avoids forcing Rimini Street to pay for the hours incurred by the Oracle Parties' counsel in trying (albeit unsuccessfully) to hold Mr. Ravin liable for copyright infringement and other alleged wrongdoing.  *Baughman v. Wilson Freight Forwarding Co.*, 583 F.2d 1208, 1214 (3d Cir. 1978) ("We do not believe that a defendant may be required to compensate a plaintiff for attorney hours devoted to the case against other defendants who settle or who are found not to be liable.  To require such compensation would be to allow a fee to a plaintiff for hours expended in an unsuccessful quest to establish liability, which of course must be established before a fee may be awarded."); *see also Davis v. Prison Health Servs.*, No. C 09-2629 SI, 2012 WL 4462520, at *15 (N.D. Cal. Sept. 25, 2012) (finding that the defendant "should not be required to pay plaintiff's fees associated with litigating" against a different defendant "as a matter of fairness and equity").

15.7.   Stated differently, it would be unreasonable to force Rimini Street to subsidize the Oracle Parties' losing efforts against Mr. Ravin.  *See, e.g., Liguori v. Hansen*, No. 2:11-CV-

00492-GWF, 2017 WL 627219, at *14 (D. Nev. Feb. 15, 2017) (reducing a prevailing plaintiff's fee request in a copyright infringement and breach of contract case based, in part, on the fact that the plaintiff did not prevail against one of the defendants).

15.8.   With very minor exceptions, the billing records for the Oracle Parties' counsel, which were reviewed in preparation of my March 7, 2016 Affidavit, do not differentiate between work performed per-claim or per-defendant.   Absent being able to apportion time between efforts directed at Rimini Street and efforts directed at Mr. Ravin, an across-the-board percentage reduction to the amount of attorneys' fees sought by the Oracle Parties is reasonable to account for the fact that the Oracle Parties did not prevail against Mr. Ravin.

15.9.   Specifically, Rimini has proposed reducing the amount sought in attorneys' fees by 50%.  Because the Oracle Parties chose to pursue, and actively pursued, both Rimini Street and Mr. Ravin for copyright infringement and other alleged wrongdoing, it would be reasonable to apportion their counsel's time equally between each defendant. *See, e.g.*, *Jones v. Espy*, 10 F.3d 690, 692 (9th Cir. 1993) (affirming a 50-50 apportionment of fees between two sets of defendants); *cf. Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) (affirming a 50% reduction of fees based on the plaintiff's limited success); *Hall v. City of Fairfield*, No. 2:10-CV-0508 DAD, 2014 WL 1286001, at *16-18 (E.D. Cal. Mar. 31, 2014) (applying a 40% reduction to the amount sought in fees given that plaintiff only prevailed on a single claim against one of several defendants).

15.10.  Based on the foregoing, it is my opinion that Rimini has proposed reasonable alternative methods of offsetting or reducing any fee award that may be entered in favor of the Oracle Parties in order to account for Mr. Ravin's status as a prevailing party.

### *Rimini Has Proposed Reasonable Methodologies for Reducing the Fee Award Based on the Oracle Parties' Limited Degree of Success*

16.   Assuming (*arguendo*) that the District Court (i) awards attorneys' fees to the Oracle Parties but (ii) reduces the fee award in order to account for the limited degree of success obtained by the Oracle Parties as expressly recognized by the Ninth Circuit, it is my opinion that Rimini has proposed reasonable methodologies for reducing the fee award; specifically:

16.1.    The Oracle Parties initially pursued twelve claims for relief against Rimini. Following several years of pre-trial discovery and motion practice, a 15-day jury trial, and an appeal to the Ninth Circuit, the Oracle Parties ultimately prevailed on their first claim for relief for copyright infringement against Rimini Street; the Oracle Parties did not prevail on any other claim for relief, whether against Rimini Street or Mr. Ravin.[6]

16.2.    With regard to their first claim for relief for copyright infringement, the jury awarded, and the Ninth Circuit affirmed, $35,600,000 in damages based on the fair market value license methodology of calculating damages (the Oracle Parties had requested $128,300,000 in damages based on the lost profits methodology of calculating damages).  The jury found that Rimini Street innocently—not willfully—infringed the Oracle Parties' copyrighted works.  The jury declined to award punitive damages.  Accordingly, the Oracle Parties obtained a limited degree of success in the Case (and only against Rimini Street as discussed above).

16.3.    Rimini has proposed three different methodologies for the District Court to use to reduce the fee award in order to account for the Oracle Parties' limited degree of success (together with calculating the amount sought using prevailing market rates in Southern Nevada consistent with the opinions detailed in Paragraphs 26-27 of my March 7, 2016 Affidavit).  In my opinion, each methodology is reasonable.

16.3.1.    Under the first approach, Rimini recommends that the District Court reduce the fee award by approximately 91.7% in order to reflect the fact that the Oracle Parties only prevailed on their copyright infringement claim, despite asserting twelve different claims for relief against Rimini.  This approach is reasonable because the Oracle Parties necessarily incurred a substantial amount of attorneys' fees pursuing claims that were abandoned, either before or during trial, or rejected, either by the jury or by the Ninth Circuit.  NEV. R. PROF'L CONDUCT, R. 1.5(a)(1) (analyzing

---

[6]    Although the Oracle Parties initially prevailed on their third and fourth claims for relief for violations of state computer hacking laws against Rimini, the Ninth Circuit reversed the judgment as to those claims for relief, as well as the derivative claim for relief for violation of the California Unfair Competition statute.  *See Oracle USA, Inc.*, 879 F.3d at 953.

reasonableness based on the time and labor required to handle the matter); *see also Castillo v. Time Warner Cable of N.Y. City*, No. 09 Civ. 7644 (PAC), 2013 WL 1759558, at \*15-\*16 (S.D.N.Y. April 24, 2013) (reducing the amount sought in attorneys' fees by 85% "to account for Boonnak's nine dismissed claims and the unfavorable verdict on eight of Castillo's nine claims").

16.3.2.    Under the second approach, Rimini recommends that the District Court reduce the fee award by approximately 85.6% in order to reflect the fact that the Oracle Parties recovered substantially less in total damages than they sought ($35,600,000 compared to $245,900,000).  This approach is reasonable because the Oracle Parties necessarily incurred a substantial amount of attorneys' fees under the belief that they would obtain a sizeable nine-figure damages award, and may (and likely would have) incurred less in fees had they anticipated recovering a smaller damages award.  NEV. R. PROF'L CONDUCT, R. 1.5(a)(4) (analyzing reasonableness based on the amount involved and the results obtained); *see also McGinnis v. Kentucky Fried Chicken of California*, 51 F.3d 805, 810 (9th Cir. 1994) (indicating that a district court should consider relationship between "the extent of the plaintiff's success" and the amount of the fee award).

16.3.3.    Under the third approach, Rimini recommends that the District Court reduce the fee award by approximately 72.3% in order to reflect the fact that the jury awarded substantially less in damages with regard to the Oracle Parties' copyright infringement claim than the total amount sought by the Oracle Parties for that particular claim ($35,600,000 compared to $128,300,000).  This approach is reasonable because it compares the final result with the amount of time expended to obtain it.  NEV. R. PROF'L CONDUCT, R. 1.5(a)(4); *see also McGinnis*, 51 F.3d at 810.

16.4.    Based on the foregoing, it is my opinion that Rimini has proposed reasonable methodologies for the District Court to use when calculating a fee award based on the Oracle Parties' limited degree of success.

17.     I reserve the right to supplement this Declaration if additional information is provided to me.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 25th day of May, 2018.

_____
DENNIS L. KENNEDY

11

# EXHIBIT A

# DENNIS L. KENNEDY
# CURRICULUM VITAE

## EDUCATION

- B.A. Economics, University of Washington (1972)
- J.D., University of Washington School of Law (1975)
- Board of Editors, Washington Law Review

## PROFESSIONAL ASSOCIATIONS

- State Bar of Nevada
- American Bar Association (Sections of Litigation and Professional Responsibility)
- American College of Trial Lawyers
- American Bar Association Standing Committee on Lawyers' Professional Responsibility

## EMPLOYMENT

- Lionel Sawyer & Collins (1975 - 1/6/2006)
- Bailey❖Kennedy (1/9/2006 - present)

## OTHER POSITIONS

- Adjunct Professor, UNLV/William S. Boyd School of Law; Health Care Law (2001, 2003, 2005); Nevada Civil Practice (2006, 2007, 2008, 2015, 2016)
- Chairman, Board of Trustees, Nathan Adelson Hospice (1995 - present)

## PUBLICATIONS

- Co-Author, Nevada Civil Practice Manual (5th ed., 2001)(2003-2013 supplements)

- Co-Editor (with Professor Jeffrey Stempel), Nevada Civil Practice Manual (5th ed.) (2003-2013 supplements)

- Solo and Small Firm Ethics Traps, Clark County Bar Association COMMUNIQUE (December 2013)

- Some Things That Can Hurt You If You Don't Pay Attention, Clark County Bar Association COMMUNIQUE (November 2015)

1

SUPREME COURT AND BAR COMMITTEES

- State Bar of Nevada Disciplinary Committee (1989-1997).   Chairman, Southern District (1993-1995)

- Member of State Bar Committee on Ethics and Professional Responsibility (December 2001 - December 2009; Chairman 2003-2007)

- Member of State Bar Committee on the Revisions to the Nevada Rules of Professional Conduct (the "Ethics 2000 Committee") (2003-2004)

- State Bar Professionalism Task Force (2004-present); Chairman, CLE Subcommittee (2009-2010).  (Task force recently developed a mentoring program designed to assist newly admitted lawyers in the transition into the profession.)

- Nevada Supreme Court Bench-Bar Committee (SCR 14) (2005-present) (General function of the Committee is to consult with the Supreme Court on issues affecting the practice of litigation, including proposed amendments to the Nevada Rules of Civil and Appellate Procedure.)

- Member of Nevada Supreme Court Article 6 Commission (2007-2011) (Commission's projects were (i) the proposed intermediate court of appeals, (ii) changes in judicial selection process and (iii) changes in judicial campaign fund raising and disclosure).  Final report of Commission issued June 2011

- Member of Nevada Supreme Court Committee on Public Access to Lawyer Discipline (1994).  Committee report resulted in amendments to SCR 121

- Member of Nevada Supreme Court Committee on Judicial Ethics and Election Practices (1995).  Committee report resulted in the adoption of the Rules Governing the Standing Committee on Judicial Ethics and Election Practices (1997)

- Member of Nevada Supreme Court Committee to Study the Amendment of NRCP 68 (offers of judgment) (2008-present)

- Nevada Supreme Court Judicial Education Requirements Study Committee (2015) (Committee was charged with studying the subject of judicial education and making a recommendation to the Nevada Supreme Court.  Final report submitted April 2016)

- Submission of memoranda and giving of oral presentation to Nevada Supreme Court regarding proposed amendment to Nevada R.P.C. 8.4 regarding lawyers' ownership of marijuana/cannabis enterprises.  ADKT No. 0495

- Submission of memorandum to State Bar and State Bar Committee on Ethics and Professional Responsibility regarding lawyers' ownership/participation in the business of purchasing and selling medical liens. (October 2016)

- Submission of memorandum to Nevada Supreme Court regarding proposed amendment to Nevada RPC 8.4 regarding lawyer misconduct.  ADKT 526

## RATINGS AND RANKINGS

- Martindale Hubbell "A" "V" rating.

- Benchmark Litigation Stars:  2018 – Commercial and Anti-Trust Litigation

- Mountain States "Super Lawyer" 2017; Top 10 – ranked third overall – for Nevada, Utah, Montana, Idaho and Wyoming

- Mountain States  "Super Lawyer" 2016; Top 10 – ranked second overall – for Nevada, Utah, Montana, Idaho and Wyoming.

- Mountain States  "Super Lawyer" 2015; Top 10 – ranked third overall – for Nevada, Utah, Montana, Idaho and Wyoming.

- Mountain States "Super Lawyer" 2005-present (top 75 lawyers in Nevada, Utah, Montana, Idaho and Wyoming).

- Chambers U.S.A. - one of the top 5 commercial litigators in Nevada (2005-present).

- Best Lawyers In America - Commercial Litigation and Ethics and Professional Responsibility Law (1991-present).

- Best Lawyers' 2012 and 2014 Las Vegas Health Care Lawyer of the Year.

## REPORTED CASES (1985-present)

- Lakeside Community Hospital v. Levenson, 101 Nev. 777, 710 P.2d 727 (1985).

- Herbst v. Humana Health Ins. of Nevada, 105 Nev. 586, 781 P.2d 762 (1989).

- In re Discipline of Stuhff, 108 Nev. 629, 837 P.2d 853 (1992).

- In re Discipline of Singer, 109 Nev. 1117, 865 P.2d 315 (1993).

- Forsyth v. Humana, Inc., 827 F. Supp. 1498 (D. Nev. 1993), aff'd in part and rev'd in part by Forsyth v. Humana, Inc., 99 F.3d 1504 (9th Cir. 1996); superseded

on rehearing by <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467 (9th Cir. 1997); affirmed by <u>Humana, Inc. v. Forsyth</u>, 525 U.S. 299 (1999).

- <u>Snoeck v. Brussa</u>, 153 F.3d 984 (9th Cir. 1998).

- <u>State of Nevada v. Reliable Health Care</u>, 115 Nev. 253, 983 P.2d 414 (1999).

- <u>Baker v. District Court</u>, 116 Nev. 527, 999 P.2d 1020 (2000).

- <u>Nguyen v. State</u>, 116 Nev. 1171, 14 P.3d 515 (2000) (amicus brief for Nevada Resort Assn.).

- <u>Brown v. District Court</u>, 116 Nev. 1200, 14 P.3d 1266 (2000).

- <u>Badillo v. American Brands</u>, 117 Nev. 34, 16 P.3d 435 (2001).

- <u>Badillo v. American Brands</u>, 202 F.R.D. 261 (D. Nev. 2001).

- <u>Michel v. Bare</u>, 230 F. Supp. 2d 1147 (D. Nev. 2002).

- <u>Maduka v. Sunrise Hospital</u>, 375 F.3d 909 (9th Cir. 2004).

- <u>Poulos v. Caesar's World, Inc</u>., 379 F.3d 654 (9th Cir. 2004).

- <u>International Game Technology, Inc. v. Second Judicial District Court</u>, 122 Nev. Adv. Op. 13, 127 P.3d 1088 (2006).

- <u>Leroy's Horse and Sports Place v. Racusin</u>, 2001 WL 1345974 (9th Cir. November 1, 2001) (reversing district court judgment re damages and attorney's fees and remanding for jury trial); <u>Leroy's Horse and Sports Place v. Racusin</u>, CV-S-950-00927 (D. Nev. July 8, 2003) (jury verdict of $2,310,000); <u>Hartunian v. Racusin</u>, 2005 WL 79089 (9th Cir. January 14, 2005) (reversing district court order refusing to award pre-judgment interest on $2,310,000 jury verdict and remanding for determination of interest amount); <u>Racusin v. American Wagering, Inc</u>., 465 F.3d 1048 (9th Cir. 2006), withdrawn on rehearing 493 F.3d 1067 (2007) (reversing BAP decision subordinating debt and affirming client's status as creditor entitled to payment of $2,310,000 judgment).

- <u>Nanopierce Technologies, Inc. v. Depository Trust Clearing Corp</u>., 123 Nev. 362,168 P.3d 73 (September 20, 2007) (brief and oral argument on behalf of amicus curiae North American Securities Administrators Assn.).

- <u>State of Nevada v. District Court</u> (RJR Tobacco), 125 Nev. 37, 44, 199 P.3d 828 (January 29, 2009).

- <u>Betsinger v. D.R. Horton, Inc.</u>, 126 Nev. 162, 232 P. 3d 433 (May 27, 2010).

4

- Orion Portfolio Services 2, LLC v. Clark County, ex rel. University Medical Center, 126 Nev. Adv. Op. No. 39, 245 P. 3d 529 (October 14, 2010).

- U-Haul International, Inc. v. Albright, 626 F. 3d 498 (9th Cir. 2010).

- Bahena v. Goodyear Tire & Rubber Co., 126 Nev. Adv. Op. 57, 245 P.3d. 1182 (2010) (brief on behalf of amicus curiae United States Chamber of Commerce).

- Stultz v. Bellagio, LLC, Nevada Supreme Court Case No. 56164 (October 29, 2011).

- Walters v. Eighth Jud. Dist. Ct. ex rel. Cnty., of Clark, 127 Nev. Adv. Op. No. 66, 263 P.3d 231 (2011).

- In re City Center Construction and Lien Master Litigation, Nevada Supreme Court Case No. 57186 (October 19, 2011).

- Richman v. District Court, Nevada Supreme Court Case No. 60676 (May 31, 2013).

- Golden Gaming, Inc. v. Corrigan Management, Inc., Nevada Supreme Court Case Nos. 61696 and 62200 (March 26, 2015).

- Keisic v. Valley Health System, LLC, et al., Nevada Supreme Court Case No. 64445 (December 29, 2015).

- Simmons v. Briones, 133 Nev. Adv. Op. No. 9, ___, P.3d ___ (March 2, 2017).

- Wasmund v. Aria Resort & Casino Holdings, Nevada Court of Appeals Case No. 69147 (March 6, 2017).

- Ford Motor Co. v. Trejo, 133 Nev. Adv. Op. 68, ___ P. 3d ___ (September 27, 2017) (for amicus Nat'l Assn. of Manufacturers).

### ETHICS/PROFESSIONAL RESPONSIBILITY REPRESENTATION

- Defense of non-Nevada lawyer on charges of unauthorized practice (and related offenses) before State Bar Disciplinary Panel (1998-1999). (Name of counsel and law firm are confidential.)

- Representation of candidate for district court in defense of complaint regarding campaign advertisements before Standing Committee on Judicial Ethics and Campaign Practices. (1998). Name of candidate is confidential.

- Representation of attorney in appeal of disqualification order (SCR 160). Brown v. Eighth Judicial District Court, 116 Nev. 1200, 14 P.3d 1266 (2000).

- Representation of attorney before fee dispute panel in matter involving recovery of quantum meruit fee in the absence of written fee agreement in contingent fee case.  West v. Myers, No. 02-128.

- Representation of members of Nevada Commission on Judicial Discipline in defense of action challenging constitutionality of the Commission's rules and activities.  Snoeck v. Brussa, 153 F.3d 984 (9th Cir. 1998).

- Representation of Members of Nevada Commission on Judicial Discipline in defense of RICO and Civil Rights claims.  Mosley v. Gang, et al.,   Case No. CV-S-00-0976-JLQ(LRL).

- Representation of State Bar of Nevada in defense of action brought by out-of-state law firm challenging the constitutionality of SCR 199 firm name provision.  Lewis & Roca v. Bare, Case No. CV-S-99-0757-JBR (RLH).

- Representation of law firm in challenge to constitutionality of Supreme Court Rule prohibiting use of trade name by lawyers.  Michel v. Bare, 230 F. Supp. 2d 1147 (D. Nev. 2002) (declaring SCR 199(1) unconstitutional).

- Representation of candidate for district court in defense of complaint regarding allegedly untrue and defamatory statements made concerning opponent before Standing Committee on Judicial Ethics and Campaign Practices.  (2002).  Name of candidate is confidential.

- Representation of Nevada Commission on Judicial Discipline in defense of § 1983 civil rights claim.  Luckett v. Hardcastle, et al., Case No. CV-S-05-0726 RLH-RJJ.  (Complaint dismissed).

- Representation of attorney in defense of lawsuit alleging negligence and malpractice.  Malignaggi v. Goldberg, Case No. A 508763, District Court, Clark County, Nevada (case dismissed).

- Representation of law firm in opposing disqualification motion.  Provenza v. Yamaha Motor Co., Case No. A446708, District Court, Clark County, Nevada.

- Representation of law firm in opposing disqualification motion. Roth v. BMW, Case No. A453810, District Court, Clark County.

- Representation of non-Nevada lawyer regarding allegations of lack of candor toward tribunal (SCR 172)  (2006).  (Name of counsel and law firm are confidential.)

- Representation of law firm in opposing disqualification motion.  Daniell v. Peake Development, Case No. A508494, District Court, Clark County.

- Representation of attorney in defense of State Bar proceeding regarding violations of NRPC 1.8 (business transactions with client) and NRPC 1.7 (conflict of interest).  Name of attorney confidential (SCR 121).

- Representation of attorney in defense of claims for misappropriation of confidential information.  Friedman v. Friedman, Case No. D07-376354D, District Court, Clark County, Nevada.

- Representation of attorneys in defense of claims alleging violations of NRPC 4.2 arising out of contacts with putative class members prior to class certification.  Del Webb Communities, Inc. v. The Eighth Judicial District Court of the State of Nevada in and for the County of Clark, and The Hon. Timothy C. Williams, District Judge, and Real Parties in Interest, Case No. 49423, Nevada Supreme Court.

- Representation of attorney in defense of State Bar proceeding regarding violations of NRPC 1.5 (fees) and NRPC 4.2 (contact with represented person).  Case dismissed.  Name of lawyer is confidential.  (SCR 121).

- Representation of entity owned by attorney in defense of NRPC 1.8 claim.  In re Receivership of Southwest Exchange, Case No. A535439, District Court, Clark County, Nevada.  Case settled.

- Representation of attorney in defense of malpractice/breach of fiduciary duty claim.  Sorrell v. Snell & Wilmer, Case No. 08-CV-00761-RCJ-LRL, U.S. District Court, Nevada.  Case settled.

- Representation of attorney in appeal of judgment refusing to enforce contingency fee agreement's term regarding attorney's entitlement to particular fee in the event of his termination.  Golightly v. Gassner, Case No. 50212, Nevada Supreme Court.  Case decided.

- Representation of party in defense of claim for attorney's fees arising out of alleged "frivolous" litigation.  Club 93, Inc. v. County of Elko, CV-C-08-163, Fourth Judicial District Court, Elko, Nevada.  Case settled.

- Representation of client against attorney in claim for refund of alleged "non-refundable" retainer.  Sperberg v. Hunterton, Case No. 08-149 (State Bar Fee Dispute Proceeding).  Case decided.

- Representation of attorney in action against former partner and others for wrongful expulsion from law firm. Powell v. Powell Naqvi, Case No. 08-566761, Eighth Judicial District Court.  Case settled.

- Representation of clients in seeking review of U.S. Magistrate Judge's order imposing monetary sanctions upon parties, individual lawyers, and law firm. <u>Dennis Montgomery, Montgomery Family Trust v. eTreppid Technologies, L.L.C.; Warren Trepp, Department of Defense of the United States of America; and Does 1 through 10, and Related Cases</u>, Case No. 3:065-CV-00145-PMP-VPC, U.S. District Court, District of Nevada.  Matter settled.

- Representation of suspended attorney in proceedings seeking reinstatement to Nevada Bar.  (<u>In re Richard Pipkins</u>).  Representation terminated.

- Representation of attorney and law firm in opposing disqualification motion. <u>Edwin K. Slaughter, et al. v. Uponor, Inc., et al.</u>, Case No. 2:08-CV-01223-RCJ-GWF, U.S. District Court, District of Nevada.  Case dismissed.

- Representation of non-Nevada lawyer on State Bar inquiry into charges of unauthorized practice.  (2009-2010).  Matter concluded without action by State Bar.  Name of lawyer is confidential.

- Representation of attorneys in defense of State Bar disciplinary proceeding alleging fee-splitting with non-lawyer and other matters.  <u>State Bar v. Eglet</u> (Case No. SG-10-0874) and <u>Adams</u> (Case No. SG-12-0803). Both proceedings dismissed.

- Representation of attorney in fee dispute arbitration. <u>Davidson v. Gentile</u>, Case No. 10-085, Nevada State Bar Fee Dispute Committee.  Matter decided.

- Representation of attorney in defense of State Bar disciplinary proceeding.  <u>State Bar of  Nevada v. Anthony Lopez</u>, Bar No. 08-175 (and numerous related and consolidated cases).  Matters settled.

- Representation of judicial candidate in action challenging constitutionality of Nevada Code of Judicial Conduct Canon 4, Rule 4.1(A)(11).  <u>Kishner v. Nevada Standing Committee on Judicial Ethics and Election Practices</u>, Case No. 2:10-cv-01858-RLH-RJJ, U.S. District Court, Nevada.  Matter decided.

- Representation of attorney in matter where attorney disclosed confidential information relating to the representation of a client to prevent the commission of a criminal and fraudulent act by the client. Nevada RPC 1.6(b)(2) and (3).  Attorney's name is confidential.  Case settled.

- Representation of former clients in action against law firm and attorney.  <u>Frias Holding Co. v. Greenberg Traurig</u>, Case No. A-10-630319-C, Eighth Judicial District Court, Clark County, Nevada.  Engagement concluded.

- Representation of former client against law firm in defense of  fee collection proceeding and in prosecution of malpractice counterclaim.  <u>Lionel Sawyer &</u>

Collins v. DeWald, State Bar Fee Dispute Committee Matter No. 10-108.  Case dismissed.

• Representation of law firm and lawyers in dispute with insurer over coverage for claims of professional negligence.  Pacifica v. Goold Patterson, et al., Case No. A557726 (and related cases), Eighth Judicial District Court, Clark County, Nevada.  Matter settled.

• Representation of attorneys in defense of five consolidated disciplinary complaints arising out of consumer bankruptcy representation.  Nevada RPC 1.3, 1.4, 5.3 and 8.1.  State Bar v. Haines and Krieger, Case Nos.10-121-2842; 10-134-2842; 10-137-2557; SG10-0023; and SG10-0044. Matters decided.

• Representation of law firm and lawyers in defense of lawsuit alleging violations of Nevada RPC 1.8.  Richman v. Haines & Krieger, LLC, et al., Case No. A-11-643004-C, Eighth Judicial District Court, Clark County, Nevada; Case No. 60676, Nevada Supreme Court (May 31, 2013).  Matter settled.

• Representation of lawyers in defense of 46 consolidated bar grievances and complaints arising out of consumer bankruptcies and residential loan modifications.  State Bar v. George Haines and David Krieger, Grievance No. SG11-1800 (and related matters).  Matters settled.

• Representation of attorneys in challenge (by mandamus) to order of disqualification.  In re City Center Construction and Lien Master Litigation: MGM Mirage Design Group v. District Court, Nevada Supreme Court Case No. 57186 (October 19, 2011).

• Representation of Trust Beneficiaries in motion to disqualify counsel for trustee. In Re Cook Trusts, Case No. P-11-071394-T.  Eighth Judicial District Court, Clark County, Nevada.  Matter decided.

• Representation of former client in defense of fee collection suit by law firm and prosecution of malpractice counterclaim.  Lionel Sawyer & Collins v. DeWald, Case No. 79 194 Y 00090 11 nolg (AAA).  Engagement concluded.

• Representation of not-for-profit entity in State Bar proceeding alleging unauthorized practice by assisting homeowners in dealings with mortgage lenders. (Name of client is confidential).  Engagement concluded.

• Representation of Stokes & Stokes, Ltd. in the defense of various bar grievances. Case settled.

• Representation of parties in action seeking to overturn arbitrators' decision on grounds of fraud and partiality.  Parker v. Carlson, et al., Case No. A571921, Eighth Judicial District County, Nevada.  Matter settled.

- Representation (special counsel) of Allstate Insurance Co. on privilege and work product issues arising from interviews of former clients of an attorney.  <u>Allstate Insurance Co., v. Balle, et al.</u>, Case No. 2:10-CV-02205-KJD-RJJ, United States District Court, District of Nevada.  Matter concluded.

- Representation of attorney and law firm in defense of allegations of unauthorized practice (Rule 5.5) and failure to register as a multi-jurisdictional law firm (Rule 7.5A).  <u>Waite v.Clark County Collection Service</u>, Case No.2:11-cv-01741-LRH-VCF, United States District court, District of Nevada.  Matter decided

- Representation of attorney in defense of State Bar disciplinary proceeding as to alleged violations of RPC 1.7 (current client conflict), RPC 5.4 (professional independence/fee splitting with non-lawyers), and RPC 8.4 (misconduct involving dishonesty and fraud).  <u>State Bar v. Noel Gage</u>, Case No. 08-053-1890.  Disciplinary case concluded with settlement.  Settlement approved by the Nevada Supreme Court.  Client reinstated as member of State Bar.

- Representation of bar applicant before State Bar Moral Character and Fitness Committee on charges relating to alcohol abuse, plagiarism and financial responsibility.  <u>In re Melanie Feldhauser-Thomas</u>.  Matter concluded.

- Representation of law firm and its clients in opposing motion to disqualify law firm for acquisition and use of allegedly privileged documents.  <u>In re C.E. Cook Family Trust</u>, Consolidated Case No. P-11-071394-T, District Court, Clark County, Nevada.  Matter concluded.

- Representation of attorney in defense of State Bar disciplinary proceedings as to alleged violation of trust account rules.  <u>State Bar v. Joseph Scalia</u>, Case Nos. SG11-1737, SG12-0903.  Engagement concluded.

- Representation of former client of law firm in dispute with law firm arising out of law firm's conflict of interest in defending former client and another defendant at trial, where former client was found liable and other defendant was not.  Names of client and law firm are confidential.  Matter settled.

- Representation of attorney in appeal of letter of private reprimand resulting from attorney's conduct in federal court litigation.  <u>In re Steven Gibson</u>, Case No. SG-12-0104.  Matter decided.

- Representation of law firm in dispute with second law firm over payment of fees alleged to be due under fee sharing agreement.  <u>Gage Law Firm v. Feinberg Mayfield Kaneda & Litt, LLP d/b/a Fenton Grant Mayfield Kaneda & Litt, LLP f/k/a Feinberg Grant Mayfield Kaneda & Litt</u>, Case No. A-14-697336-B, District Court, Clark County, Nevada.  Matter settled.

- Representation of defendant entity sued by plaintiff's counsel with whom defendant entity had prior relationship, in proceedings regarding disqualification of plaintiff's counsel.  Matter is confidential.

- Representation of departed lawyer in dispute with former firm regarding client files and compensation.  Matter is confidential.

- Representation of law firm in dispute with departed lawyer regarding compensation.  Matter is confidential.

- Representation of former attorneys' client in action against attorneys for malpractice and breach of fiduciary duty.  McKenna v. Chesnoff, et al., Case No. 2-14-cv-1773-JAD-CWH pending in the United States District Court, District of Nevada.  Case pending.

- Representation of law firm and attorney in defense of claims for breach of duty and aiding and abetting breach of fiduciary duty.  Hugh S. Proctor, et al. v. CPF Recovery Ways, LLC, et al., Case No. 2:14—cv-01693-RFB-PAL pending in the United States District Court, District of Nevada.  Case settled.

- Representation of attorney in disciplinary proceedings resulting from attorney's conviction of a crime.  State Bar of Nevada v. Chandan Manansingh, No. CR13-1850 (2015).  Matter pending

- Representation of attorney in defense of allegations of unauthorized practice of law.  Matter is confidential.

- Representation of two partners of law firm in connection with their resignation from that firm and formation of a new firm.  Matter is confidential.

- Representation of non-party for purpose of asserting accountant-client privilege in case where non-party's confidential information was at risk of disclosure.  Core-Vent Bio Engineering, Inc. v. Polo Nevada Investments, Case No. A644240, Eighth Judicial District Court, Clark County, Nevada.  Matter concluded.

- Representation of attorney regarding potential disciplinary complaint arising out of litigation financing and transactions involving medical liens.  Name of attorney is confidential.

- Representation of client in contemplated action against former attorney for malpractice.  Names of client and attorney are confidential.

- Representation of client in matter following the striking of client's answer and imposition of sanctions for discovery violations and misconduct of prior counsel (Rule 3.3).  Jane Doe v. Valley Health System, LLC, et al., Case No. 09-A-595780-C in the Eighth Judicial District Court, Clark County, Nevada.  Matter pending before Nevada Supreme Court.

- Representation of law firm (Hall Prangle & Schoonveld, LLC) and attorney contesting the imposition of sanctions for lack of candor to the court.  (Nevada RPC 3.3).  <u>Jane Doe v. Valley Health System</u>, Nevada Supreme Court Case No. 71045.  Matter pending before the Nevada Supreme Court.

- Representation of managing partner of Las Vegas office of national law firm in connection with his departure from that firm and the formation of a new law firm. Names of attorney and law firm are confidential.

- Representation of Adam Kutner in the defense of a State Bar disciplinary proceeding alleging violations of various rules of professional conduct.  <u>State Bar v. Kutner</u>, Case Nos. OBC15-0309, OBC15-0604, OBC15-1291,OBC16-0041, OBC16-0613.  Matter decided.

- Representation of partner in law firm in matter regarding partner's duties when law firm is engaging in conduct believed by the partner to violate the rules of professional conduct.  Name of partner and law firm are confidential.

- Representation of law firm and lawyers in sanctions and contempt proceedings arising from lawyers' alleged trial misconduct.  Names of lawyers are confidential.

- Representation of attorney in the defense of related State Bar proceedings involving client referrals.  Name of attorney is confidential.

- Representation of a gaming licensee in a dispute with its former attorneys over malpractice and excessive fees.  Names of parties are confidential.  Matter resolved.

- Representation of secured creditor moving to disqualify law firm representing debtor-in-possession because of conflicting representation of guarantor.  <u>In re Sterling Entertainment Group LV, LLC</u>, Case No. BK-S-17-13662-abl, United States Bankruptcy Court, District of Nevada.  Motion granted.

- Representation of Boyack Orme & Anthony in opposing motion seeking sanctions for misconduct during voir dire. <u>Thompson v. Playland International, et al</u>., Case No. A-14-697688-C, District Court, Clark County, Nevada.  Motion decided.

- Representation of Lewis Brisbois Bisgaard & Smith in opposing motion seeking case terminating sanctions for alleged discovery abuse.  <u>Gonzales v. Navarro, et al</u>., Case No. A-15-728994-C, District Court, Clark Count, Nevada.  Case settled.

- Representation of Pete Eliades in (i) opposing motion seeking judgment for attorneys' fees, and (ii) asserting countermotion ordering the forfeiture of fees by reason of law firm's conflict of interest.  <u>Cooper Levenson v. Eliades</u>, Case No. A-16-732467-C, District Court, Clark County, Nevada.  Motions decided.

<u>RETENTION AS EXPERT:  ETHICS/PROFESSIONAL RESPONSIBILITY</u>

- Retained by bar applicant to give expert testimony before State Bar Moral Character and Fitness Committee regarding duty of confidentiality arising out of applicant's seeking employment with law firm representing adverse party. Testimony given. (2004)  (Name of bar applicant is confidential).

- Retained by Cherry & Bailus to give expert testimony before State Bar Fee Dispute committee on issues regarding attorneys' withdrawal/termination of representation.  Testimony given.

- Retained by Dominic Gentile to give expert testimony in U.S. Bankruptcy Court, Orange County, California, on attorney's obligations to client upon withdrawal and attorney's duty to withdraw.  Offer of proof; no testimony given.  In re Ken Mizuno; The Bankruptcy Estate of Ken Mizuno v. Ken Mizuno, Dominic P. Gentile, Terrance G. Reed, et. al., Case No. SA94-14429LR, Adv. No. AD95-01043, United States Bankruptcy Court, Central District of California.

- Retained by Law Offices of Stan Hunterton to testify in State Court case on issues concerning attorney's obligations in billing client for fees and charging for costs and expenses.  Report prepared.  No testimony given.  Shinehouse & Duesing, a Nevada partnership, and Rumph & Peyton, a Nevada Partnership v. R.D. Prabhu, an individual, Case No. A379297, District Court, Clark County, Nevada.  Case dismissed and re-filed as Shinehouse & Duesing v. Prabhu, Case No. A456661, District Court, Clark County, Nevada.  Case dismissed.

- Retained by Law Offices of Gary Logan to testify as to lawyer's duties to jointly represented clients. Testimony given.  Nault v. Mainor, Case No. A401657, District Court, Clark County, Nevada,  Mainor v. Nault, 120 Nev. Adv. Op. 84, 101 P.3d 308 (2004).

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to duties of attorney (competence) and scope of representation.  Report prepared.  Case dismissed.  Ilbert Mednicoff, an individual and CCN, Inc., a Nevada corporation v. George F. Holman, an individual, Robert L. Bolick, an individual, Stewart A. Gollmer, an individual, Gary Fields, an individual, Law Offices of Robert L. Bolick, Ltd., a Professional corporation and Does 1 through 100, inclusive, Case No. A377374, District Court, Clark County, Nevada.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to duties of law firm to supervise work of associate attorney.  Report prepared.  Case dismissed. Anthony Guymon, an incompetent person, by and through his Guardian ad Litem, Barbara Guymon; Barbara Guymon v. Cory J. Hilton; Hilton & Kahle; Villani, Hilton & Kahle; Villani, Gardner & Hilton; Perry & Spann; Pico & Mitchell, Ltd.; and Does 1 to 10, inclusive, Case No. 00-A-422013-C, District Court, Clark County, Nevada.

13

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to lawyer's conduct in trial and settlement of case.  Report prepared.  Case dismissed.  Mark J. Brown v. Alan Catley (and related cross actions), Case No. A381988, District Court, Clark County, Nevada.

- Retained by State Bar  to testify in disciplinary proceeding as to lawyer's duties under SCR 170 (prohibition on filing frivolous litigation).  State Bar v. Mirch, Case No. 3-34-20.  Report prepared.  Testimony given.  In The Matter of Discipline of Kevin Mirch, Case No. 49212, Nevada Supreme Court, April 10, 2008 (attorney disbarred).

- Retained by Holland & Hart to testify as to duties owed by lawyer who engages in business transactions with clients.  Rivers v. Romano, et al., Case No. A483701, District Court, Clark County, Nevada.  Report prepared.  Testimony given.  Case dismissed.

- Retained by attorney to testify regarding duties under SCR 152 (scope of representation), SCR 153 (diligence) and SCR 166 (declining or terminating representation), State Bar v. Goldberg, No. 04-013-1536.  Testimony given.  Case dismissed.

- Retained by Cristalli & Saggese to testify as to issues regarding formation of attorney-client relationship, scope of representation, and breach of duties arising therefrom.  Johnson v. Smith, Case No. 512364.  Report prepared.  Case dismissed.

- Retained by Snell & Wilmer to testify regarding duties and responsibilities of attorney providing opinion in real estate sale transaction.  Sundance West LLC, et al. v. Orix Capital Markets, LLC, Case No. CV-04-01995, Second Judicial District Court, Washoe County, Nevada.  Report prepared.  Case dismissed.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding issues pertaining to insurer's "captive" law firm, including disclosure and client consent requirements.  Artisan Tile & Plumbing,  Inc., a Nevada corporation, formerly known as Davila Jimenez, Inc. doing business as Pueblo Landscape Company, Inc. v. Assurance Company of America, a New York Corporation; Bennion Clayson Marias & Haire fka Bennion & Clayson; Does 1 through 10, inclusive, Case No. A503744, District Court, Clark County, Nevada.

- Retained by Menter & Witkin to testify regarding (i) attorney's acceptance of defense of insured subject to insurer's litigation guidelines; (ii) conflicts arising from attorney's representation of four co-defendants in construction defect litigation; (iii) duty of insurer to provide independent counsel; and (iv) whether attorney's conduct met standard of care.  National Fire & Marine Insurance Company v. Roger Gurr and Elsie Gurr (and counterclaim), Case No. 3:05-CV-

14

0658-BES-VPC, United States District Court, District of Nevada.  Report prepared.  Case settled.

• Retained by Alverson, Taylor, Mortensen & Sanders to testify regarding attorney's conduct in determining proper defendants in litigation.  Lesky v. Callister, Case No. 527875, District Court, Clark County, Nevada.  Report prepared.  Case dismissed.

• Retained by Gordon & Silver to testify regarding conduct of attorney and law firm in business transaction with client.  Richards v. Allison, MacKenzie, et al., Case No. 03-01781A, First Judicial District Court, Carson City, Nevada.  Report prepared.  Case dismissed.

• Retained by Deaner Scann Malan & Larsen to testify regarding an alleged conflict of interest arising from law firm's prior work and status of lawyer as shareholder in party to case.  D & J Properties v. Siena Office Park 2, Case No. A537781, District Court, Clark County, Nevada.  Report prepared.  Testimony Given.  Matter decided.

• Retained by Solomon Dwiggins & Freer to testify regarding the conduct of a lawyer and his law firm in the handling of an estate where the lawyer acted as trustee of various trusts and retained his own law firm to represent him.  Leseberg v. Woods, Case No. P59334, District Court, Clark County, Nevada.  Report prepared.  Deposition testimony given.  Trial testimony given.  Case settled.

• Retained by Menter & Witkin to testify regarding (i) duties of Nevada lawyer residing out of state and maintaining office in Nevada (SCR 42.1); and (ii) duties of multi-jurisdictional law firm maintaining office in Nevada (NRPC 7.5A).  Roger and Elsie Gurr v. National Fire & Marine Insurance Company, Reiser & Associates, and Does 1 through 40, Case No. 07-CV-615-HDM-VPC, in the United States District Court, Reno.  Report prepared.  Case settled.

• Retained by Lewis Brisbois Bisgaard & Smith to testify regarding restitution of fees paid to law firm who is later disqualified due to conflict of interest. American Heavy Moving and Rigging, Inc. v. Lewis Brisbois Bisgaard & Smith, LLP, State Bar Fee Dispute Case No. 07-055 (State Bar Fee Dispute Panel).  Rebuttal report prepared. Testimony given.  Case decided.

• Retained by Michael Warhola to testify regarding waiver of attorney-client privilege by inadvertent disclosures of e-mail from client.  Seidman v. Dilloo, Case No. D260143, District Court, Clark County, Nevada.  Report prepared.

• Retained by attorney as consulting expert regarding opposing counsel's violations of NRPC 1.2(d) and 8.4(d) by rendering legal aid and advice to fugitive client to enable him to prosecute and defend litigation in Nevada.  Joseph A. Bravo, David Z. Chesnoff, and Eckley M. Keach, Capital Growth Limited, Inc., Punta Arena De

<u>La Ventana, S.A. de C.V., Boca De La Salina, SA De C.V. v. Capital Growth, LLC, and Kerry Rogers, and All Related Actions</u>, Case No. A536644, A542755, A535548, District Court, Clark County, Nevada.  Report prepared.  Underlying case dismissed.  Bar Grievance filed.  Screening panel testimony given.  Matter decided.

• Retained by attorney as consulting expert to advise whether opposing counsel's conduct (harassment of witness) violated NRPC 8.4(d).  <u>Julia Brady, et al v. Kerry Rogers, et al.</u>, Case No. A572440, District Court, Clark County, Nevada.  Report prepared.  Underlying case dismissed.

• Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding duties and responsibilities of a lawyer who is counsel of record in pending litigation, whose client retains other counsel and then ceases communicating with the lawyer.  <u>Geier v. Denue, et al.</u>, Case No. A525183, Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Case settled.

• Retained by Marquis & Aurbach (later replaced by Lionel Sawyer & Collins) to testify regarding duties of lawyer who prepares a trust document, is appointed trustee upon client's death, and then retains his own law firm to represent the trust.  <u>In the Matter of the Total Amendment and Restatement of the William Eversole Family Trust Originally Dated April 6, 1996</u>, Case No. P-09-0654430-T, Eighth Judicial District Court, Clark County, Nevada.   Report prepared.  Case settled.

• Retained by law firm to advise as to firm's duties when potential conflict arises between clients jointly represented by firm in defense of litigation.  NRPC 1.7.  (Name of firm and identities of clients are confidential).

• Retained by Thorndal Armstrong Delk Balkenbush & Eisinger to testify regarding the scope of duties owed by a lawyer who has been retained to render only limited services.  <u>Brewer v. State of Nevada, et al.</u>, Case No. 554064, Eighth Judicial District Court, Clark County, Nevada.   Report prepared.  Matter settled.

• Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding the duties owed to a minority shareholder by a lawyer who represents a closely held corporation.  <u>Jackson v. Ira Levine, et al.</u>, Case No. A538983, Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Trial testimony given.  Case decided.

• Retained by Schiff Hardin, LLP to testify as to reasonableness of attorneys' fees.  <u>DTPI Holdings, LLP v. Forrest Binkley & Brown Capital Partners, LLP</u>, Case No. 2:07-CV-00690-BES-RJJ, U.S. District Court, District of Nevada.  Report prepared. Case decided.

- Retained by Doyle Berman Murdy, P.C. to opine on attorney's conduct in representing several parties in related transactions.   XMASCO, LLC v. Wellborn & Associates, P.C., et al., Case No. A566261, Eighth Judicial District Court, Clark County, Nevada.  Case dismissed.

- Retained by Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, to testify as to attorney's duties regarding safekeeping and distribution of client's funds.  Azine, et al. v. Johnson, et al., Case No. A587009, Eighth Judicial District Court, Clark County, Nevada.  Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify as to law firm's duties in preparing and communicating with client regarding drafts of transactional documents.  Padilla v. Smith, Case No. A569307, Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Case settled.

- Retained by Solomon Dwiggins & Freer to testify regarding attorney's conduct in representing trustors and beneficiaries of a trust.  Buck v. Hoffman, Case No. CV09-00324, Second Judicial District Court, Washoe County, Nevada.  Report prepared. Deposition taken.  Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify regarding attorney's conduct in representing closely held corporation.  RPC 1.13.  Rita Quam Family Trust, et al. v. OPA Management, LLC, et al., Case No. A568829, Clark County District Court.  Report prepared. Case concluded on summary judgment in favor of attorney.  Amended Complaint filed,.  Additional report prepared.  Matter settled.

- Retained as special counsel to brief and argue defendants' rights and obligations (vis-a-vis, non-settling plaintiffs) regarding possibly privileged or confidential documents received by defendants from some plaintiffs as a part of a settlement.  Klaas v. Vestin Mortgage, Case No. A528385, Clark County District Court (matter decided).

- Retained by Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP to testify as to lawyer's obligations upon receipt from a third party of documents and information which appear to have been misappropriated from adverse party.  Merits Incentives, LLC v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark, 127 Nev. Adv. Op. 63, 262 P.3d 720 (2011).

- Retained by Thorndal, Armstrong, Delk, Balkenbush & Eisinger to testify regarding attorney's conduct (diligence and competence) in representing client in complex mechanic's lien litigation.  Maui One Excavating v. Mead & Pezzillo, et al., Case No. A539801, Clark County District Court.  Report prepared.  Case settled.

- Retained by Robertson & Vick, LLP to testify as to reasonableness of attorneys' fees. Voggenthaler, et al. v. Maryland Square, et al., Case No. 2:08-CV-01618 RCJ (GWF), U.S. District Court, District for Nevada.  Report prepared.  Matter decided.

- Retained by Travelers Companies, Inc. to opine on issues relating to the unauthorized practice of law (Nevada RPC 5.5 and SCR 49.10).  Opinion prepared.

- Retained by Chamberlain Hrdlicka White Williams & Martin to opine on several Nevada RPC 8.3 issues in Valdez v. Cox Communications, et al., Case No. 2:09-CV-1797-PMP-RJJ in the U.S. District Court, District of Nevada.  (Oral opinion delivered.)

- Retained by Mark Zaloras and the Law Offices of Peter Goldstein to opine on several malpractice, billing and fee issues.  Gaxiola-Lim v. Michel, Case No. A-10-613812-C, Clark County District Court. Preliminary report prepared.  Matter settled.

- Retained by the Cashill Law Firm to opine on attorney's entitlement to a fee for work done on behalf of an incompetent client.  Merle Layton Trust, Case No. PR98-00336.  Second Judicial District Court, Washoe County, Nevada.  Report prepared.

- Retained by Marquis Aurbach Coffing to testify as to attorney's conduct in representation of clients and matters relating to negotiation of release from malpractice liability. Gugino v. Nevada Contractors Ins. Co., et al., Case No. A-11-637935-B, Clark County District Court. Report prepared.  Testimony given. Matter pending.

- Retained by Vernon L. Bailey, Esq. to testify as to attorneys' conduct in representation of clients and matters relating to legal malpractice, breach of fiduciary duty and negligence.  Inca Investments, Inc.; Platina, Inc. v. Kevin R. Hansen, Esq.; Wilde Hansen, LLP; Gregory L. Wilde, Esq.; Richard S. Ehlers, Esq., Case No. A-09-604391-C, Clark County District Court.  Report prepared. Deposition taken.  Case settled.

- Retained by Laxalt & Nomura to testify as to attorneys' obligations to and conduct affecting opposing party in litigation.  Pompei v. Hawes, et al., Case No. A-11-642012-C, Clark County, District Court.  Report prepared.  Deposition taken.  Matter settled.

- Retained by Randolph Goldberg to testify as to attorney's conduct regarding various issues.  State Bar v. Goldberg, Case Nos. 09-049-1536; 09-102-1536; and 09-235-1536.  Report prepared.  Matter resolved.

- Retained by multi-jurisdictional law firm to render advice on compliance with Nevada registration and practice requirements (Nev. R.P.C. 7.5A).

- Retained by Christian, Kravitz, Dichter, Johnson & Sluga, LLC to testify regarding attorneys' obligations when terminating employment with a law firm and starting a new firm. Burr v. Dodds, Case No. A-11-650060-B, Clark County District Court. Matter settled.

- Retained by Hong & Hong to testify as to duties of attorneys (competence) in conduct of litigation. Wacht v. Peel & Brimley, Case No. A646410, Clark County District Court. Report prepared. Matter decided.

- Retained by attorney to render opinion on duties regarding disposition of disputed funds held by attorney. (Nev. R.P.C. 1.15) (Attorney's name is confidential.)

- Retained by Greenspoon Marder, P.A. to render opinion on attorney's duty to obtain clients' informed consent before settling or dismissing claims. Pittman v. Westgate Planet Hollywood Las Vegas, LLC, Case No. 2:09-CV-00878-PMP-GWF, United States District Court, District of Nevada. Report prepared. Matter decided.

- Retained by Simon & Berman to render opinion on conduct of lawyer and law firm in representing client in litigation (diligence, competence and communications)., Chandler v. Black & LoBello, et al., Case No. A-11-643955, refiled as Case No. A-12-660252, Clark County District Court. Matter settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to render opinion on conduct of attorney in matters pertaining to failed investment. Softwind Capital, LLC v. Global Project Solutions, LLC, et al., Case No. 2:11-CV-02057-JCM-GWF, United States District Court. Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to render opinion on conduct of attorney regarding loans made to client (Nevada RPC 1.8). Albert D. Massi v. Donald and Mary Nobis, Case No. A672579 in the District Court, Clark County, Nevada. Case settled.

- Retained by law firm as consulting expert to render opinion regarding attorney's duty to report misconduct by opposing counsel. Nevada RPC 8.3(a). Name of law firm and subject attorney are confidential.

- Retained by Lewis Roca Rothgerber to render opinion on whether the common religious affiliation of the judge and one party's counsel requires the judge to recuse himself. Lynan v. Health Plan of Nevada, Case No. A583772 and Magana v. Health Plan of Nevada, Case No. A583816, District Court, Clark County, Nevada. Report prepared. Matter decided.

- Retained by Littler Mendelson to render opinion as to the propriety of self-dealing and other activities by company's in-house counsel.  <u>Randazza v. Excelsior Media Corp.</u>, JAMS Case No. 1260002283.  Report prepared.  Testimony given.  Case decided.

- Retained by Judy M. Sheldrew, Esq. to render an opinion on the propriety of several attorneys' conduct in dealing with client having diminished capacity <u>Andrews v. Rowe, et al.</u>, Case No. 12-PB-0075 in the Ninth Judicial District Court, Douglas County, Nevada.  Report prepared.  Case settled.

- Retained by Christine A. Zack to opine on issues of unauthorized and multi-jurisdictional practice of law.  <u>In re:  Fundamental Long Term Care, Inc.</u>, Case No. 8-11-BK-22258-MGW, District of Florida.  Matter settled.

- Retained by Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, to opine on issues regarding the conduct of class counsel in dealing with class representative. <u>Goldsmith v. Sill, et al.</u>, Case No. 2-12-CV-0090-LDG-CWH in the U.S. District Court, District of Nevada.  Report prepared.  Case pending.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to opine on issues regarding conduct of counsel with respect to claims alleged in <u>David Siebrasse, as Personal Representative of the Doreen Siebrasse Estate v. Jeffrey Burr, Ltd.; Jeffrey Burr; Mark Dodds; John Mugan; et al.</u>, Case No. A-11-648532-C, in the District Court, Clark County, Nevada.  Report prepared.  Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to opine on issues regarding conduct of counsel with respect to claims alleged in <u>T&R Construction Group v. Clark Tatom, LLC; and Bradley R. Tatom</u>, Case No. A-13-689637-B, in the District Court, Clark County, Nevada.  Report prepared.  Case settled.

- Retained by Fulbright & Jaworski to opine on that firm's conduct in representing related entities in commercial transaction.  <u>Verano Land Group, LP v. VTLM Texas LP, et al</u>, Case No. A-12-655514-B in the Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Deposition taken.  Matter pending.

- Retained by Bowen Hall to opine on (i) propriety of lawyer threatening to withdraw from case during contested hearing unless the client accepted a settlement offer, and (ii) other issues of competency and diligence.  <u>James J "Butch" Peri v. Stephen C. Mollath; Prezant & Mollath; et al.</u>, Case No. CV08-02546 in the Second Judicial District Court, County of Washoe, State of Nevada. Trial testimony given.  Case settled.

- Retained by Wilson, Elser, Moskowitz, Edelman & Dicker, LLP to opine on lawyer's duties with respect to firm trust account and partner's improper conduct. <u>SBS Retail Inc., et al. v. Yves Chantre Inc., et al.</u>, Case No. A-13-681083-C, in the District Court, Clark County, Nevada.  Report prepared.  Case settled.

- Retained by Lewis Roca Rothgerber to opine on attorneys' conduct during trial and compliance with Nevada RPC 3.3 (candor to the tribunal) in the matter entitled <u>Health Plan of Nevada, Inc., et al. v. Helen Meyer, et al.</u>, Nevada Supreme Court Case No. 64692.  Report prepared.  Case settled.

- Retained by McDonald Family Trust to opine on the conduct of shareholders and the entity's counsel in a related party transaction.  Nevada RPC 1.13.  <u>Russell G. Sheltra, individually and as Trustee of the Russell G. Sheltra Gaming Trust and Little Bonanza, Inc. v. Margaret McDonald and Timothy McDonald, Individually and as Trustees of the Robert and Gloria McDonald Family Trust, et al.</u>, Case No. CV14-01111, in the Second Judicial District Court, Washoe County, Nevada.  Case settled.

- Retained by Holland & Knight to opine on the reasonableness of attorneys' fees in the matter entitled <u>Leerad, LP, et al. v. Imperial Credit Corporation d/b/a A.I. Credit Corporation, et al.</u>, Case No. A631490, in the Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Case pending.

- Retained by Thorndal, Armstrong, Delk, Balkenbush & Eisinger to opine on conduct of attorney in commercial real estate transaction.  <u>Shulman v. Bendavid</u>, Case No. A682679, District Court, Clark County, Nevada.  Report prepared.  Deposition taken.  Case settled.

- Retained by Clyde Snow & Sessions to opine on attorney's conduct in a matter affecting several clients (RPC 1.7; 2.2).  <u>United States of America v. Leon Benzer, et al.</u>, Case No. 2:13-cr-00018-JMC-GWF pending in the United States District Court, District of Nevada.  Report prepared.  Testimony given.  Matter decided.

- Retained by Liberty Media Holdings LLC to opine on conduct of its in-house counsel in several matters.  <u>Randazza v. Liberty Media Holdings, LLC</u>, Case No. A-12-673275-C in the Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Matter pending.

- Retained by Weinberg Wheeler Hudgins Gunn & Dial to opine on conduct of attorneys in representation (and withdrawal) of clients in litigation.  <u>Lee v. 70 Ltd. Partnership</u>, Case No. A-13-691389-C, Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Matter pending.

- Retained by Rock Fusco & Connelly, LLP to opine on conduct of attorneys in the conduct of litigation.  <u>International Game Technology v. Armstrong Teasdale, LLP</u>, Case No. A-15-715079-C, Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Deposition taken.  Case settled.

- Retained by Durham Jones & Pinegar to opine on conduct of attorney with respect to financial dealings with client (RPC 1.7 and 1.8).  <u>Center Firearms Corp. v. Long Mountain Outfitters</u>, Case No. A-14-709294-B, Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Case decided.

- Retained by law firms to opine on issues regarding potential conflicts of interest which arise after retention in a matter.  Names of law firms are confidential.

- Retained by Faux Law Group to opine on lawyers' conduct in the litigation and settlement of a matter.  <u>Nahabedian v. Sutcliffe, et al., and related claims, counterclaims and third-party claims</u>, Case No. A-12-673897-C, District Court, Clark County, Nevada.  Case settled.

- Retained by Gibbs, Giden, Locher, Turner & Senet LLP to opine on the conduct of a law firm and its attorneys (competence and supervision) in the representation of an HOA client.  <u>Vistana Condominium Owners Assn., Inc. v. Kummer Kaempfer Bonner Renshaw & Ferrario</u>, Case No. 08-A-578306, District Court, Clark County, Nevada.  Report prepared.  Deposition taken.  Trial testimony given.  Case decided.

- Retained by Rimini Street, Inc. and Seth Ravin to opine on the reasonableness of the fees and costs incurred by the Plantiffs' counsel in the case entitled <u>Oracle USA, Inc., et al. v. Rimini Street, Inc. and Seth Ravin</u>, Case No. 2:10-cv-0106-LRH-PAL pending in the United States District Court, District of Nevada.  Report prepared.  Matter decided.

- Retained by Lipson, Neilson, Cole, Seltzer & Garin, PC to opine on the conduct of members of Wasserman Kornheiser, LLP, at issue in the claims alleged in the matter entitled <u>Carlisle Homeowners Association v. Pacifica Covington, LLC, et al.</u>, Case No. A-13-678911-D, District Court, Clark County, Nevada.  Case pending.

- Retained by Lewis Roca Rothgerber to opine on conduct of attorney in the litigation of a matter.  <u>Huckabay Properties, Inc. v. Beau Sterling, et al.</u>, Case No. CV-15-00765, Second Judicial District Court, Washoe County, Nevada.  Case settled.

- Retained by Gordon & Rees to opine on the conduct of attorney regarding business transaction with client.  <u>Blanchard v. Rosenfeld</u>, Case No. A637650, District Court, Clark County, Nevada.  Report prepared.  Rebuttal Report prepared.  Case pending.

- Retained by Loose Brown & Associates (later replaced by May, Potenza, Baran & Gillespie, P.C.) to opine on the conduct of a law firm and one of its lawyers in the representation of a client in litigation.  <u>Cannabis Renaissance Group, LLC, and Mohit Asnani v. Fennemore Craig, P.C. dba Fennemore Craig Jones Vargas; and Patrick J. Sheehan and Jane Doe Sheehan</u>, Case No. CV2016-054776, pending in Superior Court, State of Arizona, Maricopa County.  Preliminary report prepared.

- Retained by Morris Polich & Purdy to opine on conduct of lawyer and law firm in representation of client in litigation.  <u>Sunport Business Trust v. Serle, et al.</u>, Case

No. A-15-716677-C, District Court, Clark County, Nevada.  Report prepared.
Rebuttal report prepared.  Case pending.

- Retained by Caldwell Leslie & Proctor, PC to opine on (i) the causation of
damages by attorney negligence in a commercial transaction and (ii) the
reasonableness and necessity of attorneys' fees incurred by Renown Health,
Renown Regional Medical Center, and Nevada Heart Institute d/b/a Renown
Institute for Heart & Vascular Health in the matter entitled <u>Arger, et al. v.
Renown Health, et al.</u>, Case No. CV11-02477, Second Judicial District Court,
Washoe County, Nevada, such fees are sought as damages by the Renown Parties
in the matter entitled <u>Renown Health, et al v. Holland & Hart, LLP, et al.</u>, Case
No. CV14-02049, Second Judicial District Court, Washoe County, Nevada.
Report prepared.  Deposition taken.  Trial testimony given.  Matter decided.

- Retained by Edward Lewis Tobinick, M.D, Edward Lewis Tobinick, MD d/b/a
Institute of Neurological Recovery and INR PLLC d/b/a Institute of Neurological
Recovery to opine on the conduct of Marc J. Randazza, Esq. of Randazza Legal
Group, PLLC in the matter entitled <u>Edward Lewis Tobinick, M.D., et al. v.
Novella, et al.</u>, Case No. 9:14-cv-80781-RLR, pending in the U.S District Court,
Southern District of Florida (West Palm Beach).  Report prepared.  Matter
decided.

- Retained by Meister Seelig & Fein LLP to opine on the reasonableness and
necessity of attorneys' fees incurred by Ballard Spahr LLP and Katten Muchin
Rosenman LLP in the matter entitled <u>Jeffrey Soffer, et al. v. The Bank of Nova
Scotia, New York Agency</u>, Case No A635777 in the Eighth Judicial District
Court, Clark County, Nevada, as appealed to the Nevada Supreme Court, Case
Nos. 61762 and 63157.  Report prepared.  Deposition taken.  Matter pending in
New York state court

- Retained by Wilson Elser Moskowitz Edelman & Dicker LLP to opine on the
conduct of Danielle L. Miller and the law firm of Sylvester & Polednak regarding
malpractice claims brought by Laura Renzi.  Preliminary report prepared.  Case
settled.

- Retained by Hutchison & Steffen to opine on the conduct of Eric Roy and the law
firm of Claggett & Sykes in the matter entitled <u>Adam S. Kutner, P.C., et al. v.
Eric Daly, et al.</u>, Case No. A-11-643990-C consolidated with Case No. A-11-
650247-C, pending in the Eighth Judicial District Court, Clark County Nevada.
Report prepared.  Matter settled.

- Retained by Morris Polich & Purdy to opine on conduct of lawyer in litigation.
<u>Scotto v. Gourley, et al.</u>, Case No. A-15-729632-C, District Court, Clark County,
Nevada.  Report prepared.  Case settled.

- Retained by Messner Reeves LLP (successor to Wolfenzon Rolle Edwards) to
opine on conduct of lawyers in litigation.  <u>Dudek v. Meuller, et al.</u>, Case No. A-

14-703305-C, District Court, Clark County, Nevada.  Report prepared.  Matter settled.

- Retained by law firm to advise as to validity of attorney association agreement. (Name of firm and identities of clients are confidential).

- Retained by Quinn Emanuel Urquhart & Sullivan, LLP to opine with regard to Motions to Disqualify Quinn Emanuel, counsel for Elaine P. Wynn, filed by Wynn Resorts, Limited in the matter entitled <u>Wynn Resorts, Limited v. Kazuo Okada, et al., and all related claims</u>, Case No. A656710, pending in District Court, Clark County, Nevada.  (RPC 3.3, 4.4, 5.3 and 8.4).  Report prepared. Matter resolved.

- Retained by attorney to advise as to obligations when client is committing fraudulent acts.  (Name of attorney is confidential.)

- Retained by Kravitz, Schnitzer & Johnson to opine on attorney's obligations when claim is made that fees were paid with stolen funds.  <u>Novva Ausrustung Group, Inc. v. Dean Kajioka</u>, Case No. 2:17-cv-01293-RFB-VCF, U. S. District Court, District of Nevada

- Retained by Buckley Sandler, LLP to opine on law firm's obligations when withdrawing from one jointly "represented client and continuing to represent the other.  <u>Wynn Resorts, Limited v. Kazuo Okada, et al., and all related claims</u>, Case No. A656710, pending in District Court, Clark County, Nevada.

- Retained by Hartford Financial Products to render an opinion on the conduct of Ken R. Ashworth, Esq., Hans R. Baldau, Esq., Geoffrey A. Potts, Esq., and Ken R. Ashworth & Associates P.C. as alleged in the Arbitration Matter of <u>Michael C. Fuoroli and Tiffany S. Fuoroli, Claimants v. Ken R. Ashworth & Associates, Ken R. Ashworth, Hans R. Baldau, and Geoffrey A. Potts, Respondents / Ken R. Ashworth & Associates, Professional Corporation, Counterclaimant v. Michael C. Fuoroli and Tiffany S. Fuoroli, Counter-respondents</u>, Case No. 211874.  Case decided.

- Retained by Armstrong Teasdale to render an opinion on the conduct of attorney in representing client in negotiations.  (Alleged aiding and abetting client in breach of fiduciary duty to partner.)  <u>LV Holdco LLC v. Atalon Mgmt. Group, LLC, et al.</u>, Case No. A-17-749387-B, District Court, Clark County, Nevada.

- Retained by Santoro Whitmire to render an opinion on the conduct of attorneys and law firm (Gordon Rees Scully Mansukhani, LLP) in the conduct of litigation.  <u>Smead v. Gordon Rees, et al.</u>, Case No. A-16-760737-C, District Court, Clark County, Nevada.

- Retained by Holley Driggs Walch Fine Wray Puzey & Thompson to render an opinion on the conduct of attorney T. James Truman in the representation of his

client. <u>T. James Truman & Associates v. Quest Preparatory Academy,</u> Case No. A-15-727469-C, District Court, Clark County, Nevada.

<u>CONTINUING LEGAL EDUCATION INSTRUCTION (1997-Present)</u>

- Kolesar & Leatham (12/22/17):  Current Issues In Privilege and Confidentiality

- National Business Institute (12/20/17):  Legal Ethics – Top Challenges

- Association of Legal Administrators, Las Vegas Chapter (11/14/17):  "Attorney-Client Privilege and Confidentiality"

- National Business Institute (10/19/17):  Tax Exempt Organizations:  Ethics Bootcamp

- Clark County Bar Association (5/11/17):  "You Know Where You've Been . . ." Current Issues in Ethics

- State of Nevada-Paralegal Division (4/29/17):  Confidentiality and Attorney-Client Privilege

- City of Henderson, City Attorney's Office (10/6/16):  Ethics 2016:  "What Can I Say?"

- Southern Nevada Association of Women Attorneys (1/7/16):  "Things to Fear in the New Year"

- Clark County Bar Association (12/9/15):  "12th Annual Ethical Issues"

- Clark County Bar Association (6/25/15):  "Things You Don't Know Can Hurt You – Here are 12 of them"

- Water Law Institute:  17th Annual Law of the Colorado River Conference (5/1/15):  "Ethics and Social Media"

- Southern Nevada Association of Women Attorneys (1/15/15):  "Ethics Issues for 2015"

- Clark County Bar Association (11/13/14):  "11th Annual Ethics CLE"

- American Bar Association Section of Environment, Energy and Resources, 32nd Annual Water Law Conference:  Ethics for Water Lawyers (6/6/14)

- Association of Legal Administrators, Las Vegas Chapter (5/13/14):  "Issues in New Business Intake."

- American Bar Association Group Legal Services Association and Solo, Small Firm and General Practice Division Annual Meeting (5/2/14): "Ethics Issues In Marketing and Client Development."

- State Bar of Nevada:  Section of Environmental and Natural Resources Law (2/27/14) "Ethics Issues for Environmental Lawyers."

- Clark County Bar Association (12/13/13).  10th Annual Ethics CLE.

- City of Henderson, City Attorneys' Annual Retreat (10/17/13).  "A Lawyer Walks Into a Bar . . . The Dangers of Casual Advice and Conversation."

- Las Vegas Paralegal Society:  Keeping Abreast of Conflicts and Unauthorized Practice (6/18/13).

- Association of Legal Administrators, Las Vegas Chapter:  Legal Administrator's Role in Preventing Malpractice (6/11/13).

- American Bar Association Section of Environment, Energy and Resources, 31st Annual Water Law Conference:  Water Lawyers and Ethics (6/7/13).

- Clark County Bar Association (5/8/13) "4th Annual Solo and Small Firm Ethical Traps."

- UNLV Boyd School of Law (3/8/13) "Professionalism and Popular Culture."

- Clark County Bar Association (11/2/12).  9th Annual Ethics CLE.

- Clark County Bar Association (3/28/12).  "3rd Annual Hanging Out a Shingle? Solo and Small Firm Ethical Traps."

- American Bar Association Business Law Section Spring Meeting (3/22/12). "Saints and Sinners: Ethical Issues and Dilemmas in Client and Practice Development."

- Southern Nevada Association of Women Attorneys (2/24/12).  "Ten for Twelve: Ethics 2012."

- Clark County Bar Association (11/3/11) "8th Annual Ethics CLE."

- Nevada Paralegal Assn. (6/18/11) "UPL: Attorney Supervision of Paralegals."

- Department of Energy Contractor Attorneys' Assn. (5/27/11) "Ethics: Ten Things You Should Know."

- Southern Nevada Association of Women Attorneys (2/25/11) "Ten For Eleven: Ethics 2011."

- Clark County Bar Association (2/4/11) "Hanging Out A Shingle?  Solo and Small Firm Ethical Traps."

- Clark County Bar Association (9/30/10) "7th Annual Ethics Issues: 2010."

- American Society of Breast Surgeons (4/30/10) Avoiding and Responding to Litigation.

- Clark County Bar Association (3/26/10) Avoiding Solo/Small Firm Ethical Traps.

- Southern Nevada Association of Women Attorneys (2/26/10) Ethics 2010: Ten Thoughts for '10.

- State Bar of Nevada (11/12/09): Nevada Legal Ethics (2009).

- State Bar of Nevada, Clark County Bar Association and Washoe County Bar Association (10/13/09, Las Vegas; 10/14/09, Carson City): 2009 Professionalism Summit.

- Clark County Bar Association (9/18/09):  "Sixth Annual Ethics Issues: 2009."

- Public Relations Society of America (7/24/09):  "Keeping Out of Hot Water: Legal Considerations in Communications."

- Lecture and panel discussion with Justice Nancy Saitta and District Judge Linda Bell: "Professionalism in Litigation."  Boyd School of Law (4/1/09).

- Southern Nevada Association of Women Attorneys (2/20/09): "ETHICS 2009: Being Good Gets Harder Every Year."

- State Bar of Nevada (12/5/08): "Nevada Legal Ethics 2008."

- State Bar of Nevada (11/19/08): "Nevada Legal Ethics 2008."

- Indiana State Bar Association (11/13/08): "Ethics: A Western Perspective on Maintaining A Healthy Legal Practice."

- Clark County Bar Association (9/19/08): "Fifth Annual Ethics Issues 2008" (Prepared materials.  Presentation made by David J. Merrill).

- Southern Nevada Association of Women Attorneys (2/22/08): "Ethics 2008 - Be Careful Out There."

- State Bar of Nevada (11/30/07) "Nevada Legal Ethics 2007."

- State Bar of Nevada (11/16/07) "Nevada Legal Ethics 2007."

- Clark County Bar Association (10/31/07)  "Lawyer Advertising: The New Rules."

- Wisconsin Law Alumni Association (9/8/07) "The New Rules of Professional Conduct."

- Clark County Bar Association (8/24/07) "Fourth Annual Legal Ethics - 2007."

- National Assn. of Retail Collection Attorneys (5/11/07) "Ethics Issues for Legal Collection Professionals."

- Southern Nevada Association of Women Attorneys (2/23/07) "Desperately Seeking Ethics - 2007."

- State Bar of Nevada (12/1/06) "Nevada Legal Ethics 2006."

- State Bar of Nevada (11/17/06) "Nevada Legal Ethics 2006."

- Clark County Bar Assn. (6/30/06) "Ethics 2006: The New Nevada Rules of Professional Conduct."

- State Bar of Nevada Professionalism Summit: Speaker and Panel Member (4/20/06).

- Southern Nevada Association of Women Attorneys (1/27/06) "Ethics Issues for 2006."

- State Bar of Nevada (11/18/05) "Nevada Legal Ethics 2005."

- State Bar of Nevada (11/4/05) "Nevada Legal Ethics 2005."

- Clark County Bar Assn. (9/15/05) "Ethics 2005:  Current Issues."

- Clark County Bar Assn. (3/4/05) Speaker and Panel Member: First Annual Professional Summit.

- State Bar of Nevada (11/19/04) "Ethics 2004: Year in Review."

- State Bar of Nevada (11/5/04) "Ethics 2004: Year in Review."

- Clark County Bar Assn. (7/30/04) "Current Issues In Ethics."

- Lorman Business Institute (7/20/04) "Current Issues in Ethics."

- National Hospice Assn. (3/21/04) "Legal Issues For Physicians In End of Life Care."

- Southern Nevada Assn. of Women Attorneys (1/30/04) "Ethics Issues for 2004."

- State Bar of Nevada (1/20/04) "Workers Compensation: Current Issues in Ethics."

- National Business Institute (10/21/03) "Current Issues In Attorney Client Privilege and Confidentiality."

- Sterling Educational Systems (9/25/03) "Common Ethical Problems for Transactional Lawyers."

- Clark County Bar Assn. (2/28/03) "ERISA 2003:  What's New?"

- Southern Nevada Assn. of Women Attorneys (1/31/03) "Ethics:  2003."

- State Bar of Nevada (11/22/02) "Nevada Legal Ethics - the Year In Review."

- American Corporate Counsel Assn. (6/18/02) "Issues of Attorney-Client Privilege for In-House Counsel."

- National Business Institute (12/7/01) "Current Issues In Legal Ethics:Nevada 2001."

- National Business Institute (7/13/01) "Attorney-Client-Privilege and the Work Product Doctrine In Nevada."

- National Business Institute (12/12/00) "Practical Legal Ethics."

- State Bar of Nevada (3/31/00) "Professionalism and Ethics."

- Southern Nevada Assn. of Women Attorneys (1/28/00) "Multi-Disciplinary Practice:  Ethical Considerations."

- State Bar of Nevada (12/10/99) "Winning Without Losing Your Professionalism."

- National Business Institute (11/17/99) "Practical Legal Ethics."

- Law Seminars Int'l. (6/25/99) "Ethics Considerations for Construction Lawyers."

- National Practice Institute (12/4/98) "Ethical Problems:  Dealing With Difficult Lawyers."

- ALAS (10/21/98) "Ethical Issues for Healthcare Lawyers."

29

- State Bar of Nevada (3/21/98):  "Ethics and Attorneys' Fee Agreements."

- CLE International (12/5/97) "Current Issues In Ethics"

- Institute for Paralegal Practice (8/26/97) "Preventing Unauthorized Practice of Law"

[Additional CLE instruction available upon request.]