| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>Mark A. Perry (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8500<br>mperry@gibsondunn.com<br><br>Blaine H. Evanson (*pro hac vice*)<br>Joseph A. Gorman (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7228<br>bevanson@gibsondunn.com<br><br>HOWARD & HOWARD PLLC<br>W. West Allen (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV 89169<br>Telephone: (702) 667-4843<br>wwa@h2law.com | RIMINI STREET, INC.<br>Daniel B. Winslow (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566<br>Telephone: (925) 264-7736<br>dwinslow@riministreet.com<br><br>John P. Reilly (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: (336) 908-6961<br>jreilly@riministreet.com<br><br>LEWIS ROCA ROTHGERBER CHRISTIE LLP<br>Daniel F. Polsenberg (Nevada Bar No. 2376)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169<br>Telephone: (702) 949-8200<br>dpolsenberg@lrrc.com |

*Attorneys for Defendants Rimini Street, Inc. and Seth Ravin*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>    Defendants. | CASE NO. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI STREET, INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO ORACLE'S RENEWED MOTION FOR ATTORNEYS' FEES AND ACCOMPANYING DOCUMENTS** |

Pursuant to the Stipulated Protected Order governing confidentiality of documents entered by the Court on May 21, 2010 (*see* Dkt. 55, "Protective Order"), Local Rule 10-5(b), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Defendant Rimini Street, Inc. respectfully request that the Court grant leave to file under seal portions of its Opposition to Oracle's Renewed Motion for Attorneys' Fees ("Opposition") and accompanying Declarations (including exhibits) of Julie Sullivan ("Sullivan Declaration"), Blaine H. Evanson ("Evanson Declaration"), Dennis L. Kennedy ("Kennedy Declaration"), and Thomas D. Vander Veen ("Vander Veen Declaration") and Tabs 1, 2, 3a, 3b, 3c, 4a, 4b, 4c, 5a, 5b, 5c, 5d, 6, 7, 8a, 8b, 9, 10a, 10b, 11a, 11b, 11c, 12a, 12b, 12c, 12d, and 13. The sealed portions of these documents reflect information that Rimini, Oracle, or a third party has designated "Confidential" or designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Public, redacted versions of these documents were filed on May 25, 2018. *See* Dkts. _____. Unredacted versions of these documents were also filed under seal on May 25, 2018. *See* Dkts. _____.

The Protective Order states, "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' under the terms of this Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as 'Confidential Material' or 'Highly Confidential Information – Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." Protective Order ¶ 2. This Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

The Sullivan Declaration, and the redacted portions of the Vander Veen Declaration, the Kennedy Declaration, and the Opposition, include confidential information concerning the

amount of legal fees Rimini incurred from March 2010 to November 2015 litigating the above-captioned matter.  They also include certain billing discounts and adjustments Rimini's outside counsel provided Rimini during that period.  In Rimini's best judgment, the Sullivan Declaration, and portions of the Vander Veen Declaration, the Kennedy Declaration, and the Opposition, contain "non-public information or matter related to:  financial or business plans or projections; … current or future business and marketing information, plans, and strategies; studies or analyses by internal or outside experts; customer information, data or lists; confidential financial data or results; … competitive analysis; … or other commercially or personally sensitive or proprietary information."  Protective Order ¶ 3.

The Evanson Declaration attaches the actual Rule 68 offers of judgment and proposed injunctions that Rimini made to Oracle and Oracle's responses to those offers.  Each of the offers includes confidential pre-trial settlement offers made by Rimini under Federal Rule of Civil Procedure 68 that could competitively harm Rimini if publicly disclosed.  *See* Protective Order ¶ 3.  The Court previously granted Rimini's motion to seal the Rule 68 offers and responses.  *See* Dkts. 962, 994, 1014.  Rimini therefore files these materials under seal pursuant to the Court's order.

Rimini has submitted all other portions of these documents for filing in the Court's public files, which would allow public access to the filings except for the portions containing information designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" by Rimini.  Accordingly, the request to seal is narrowly tailored.

Dated:  May 25, 2018

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Mark A. Perry
         Mark A. Perry

*Attorneys for Defendants
Rimini Street, Inc. and Seth Ravin*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system.  After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users.  All counsel of record are registered users.

DATED: _____, 2018

          GIBSON, DUNN & CRUTCHER LLP

          By: */s/ Mark A. Perry*
                   Mark A. Perry

          *Attorneys for Defendants*
          *Rimini Street, Inc. and Seth Ravin*