BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
1401 New York Avenue, NW, 11th Floor
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
sholtzman@bsfllp.com
brichardson@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
thomas.hixson@morganlewis.com
john.polito@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle America, Inc., and
Oracle International Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,

Plaintiffs,

v.

RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,

Defendants.

Case No. 2:10-cv-0106-LRH-VCF

**REPLY IN SUPPORT OF ORACLE'S RENEWED MOTION FOR ATTORNEYS' FEES**

*PUBLIC REDACTED VERSION*

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. Oracle's Position Is Consistent with the Ninth Circuit's Remand ..... 2

B. Oracle Is Entitled to Attorneys' Fees on Remand ..... 3

1. Oracle's Success Weighs in Favor of Awarding Attorneys' Fees ..... 3

2. Rimini's Litigation Position Was Objectively Unreasonable ..... 4

3. An Attorneys' Fees Award Is an Appropriate Deterrent ..... 5

4. A Fees Award Is Necessary to Make Oracle Whole ..... 6

5. A Fees Award Would Further the Purpose of the Copyright Act ..... 6

C. "More Limited Success" Does Not Require Apportionment ..... 6

D. No Fee Reduction Is Required and Rimini's "Methodologies" Are Baseless ..... 8

1. A Ravin Offset Would Be Groundless and Procedurally Improper ..... 9

2. A 50% Reduction Has No Principled Basis ..... 9

3. A Reduction Based on a Success Percentage Is Unsupported ..... 10

4. Rimini's Rule 68 Offer Falls Short of Oracle's Recovery ..... 11

5. The Court Already Rejected a Reduction to "Local Market Rates." ..... 12

II. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Gen. Life & Accident Ins. Co. v. Wu*
2010 WL 117721, at *1 (C.D. Cal. Jan. 4, 2010)........................................................ 8

*Castillo v. EarthLink Network, Inc.*
2007 WL 9706036 (C.D. Cal. Aug. 13, 2007)........................................................ 8

*Chestnut Hill Gulf, Inc. v. Cumberland Farms, Inc.*,
749 F. Supp. 331 (D. Mass. 1990), *aff'd in part, rev'd in part on other grounds*, 940 F.2d 744 (1st Cir. 1991)........................................................ 11

*Engrahm v. County of Colusa*
2006 WL 3028416 (E.D Cal. Oct. 24, 2006)........................................................ 8

*Fogerty v. Fantasy, Inc.*
510 U.S. 517, 524 (1994)........................................................ 6

*Fortgang v. Pereiras Architects Ubiquitous LLC*
2018 WL 1832184 (E.D.N.Y. Mar. 9, 2018)........................................................ 5

*Goodyear Tire & Rubber Co. v. Haeger*,
137 S. Ct. 1178 (2017)........................................................ 5

*Hensley v. Eckerhart*
103 S.Ct. 1933, 1941 (1983)........................................................ 7

*InvesSys, Inc. v. McGraw-Hill Cos.*
369 F.3d 16 (1st Cir. 2004)........................................................ 7, 8

*Johnson v. Bay Bays Chicken & Waffles, LLC*,
2017 WL 5952895 (S.D. Fla. Nov. 6, 2017)........................................................ 12

*Kirtsaeng v. John Wiley & Sons, Inc.*,
136 S. Ct. 1979 (2016)........................................................ 4, 5

*Liguori v. Hansen*,
2017 WL 627219 (D. Nev. Feb. 15, 2017)........................................................ 7, 8

*Matthew Bender & Co. v. W. Publ'g Co.*,
240 F.3d 116 (2d Cir. 2001)........................................................ 5

*Norris v. Sysco Corp.*
191 F.3d 1043 (9th Cir. 1999)........................................................ 8

*Oracle USA, Inc. v. Rimini St., Inc.*,
879 F.3d 948 (9th Cir. 2018)........................................................ *passim*

*Perfect 10, Inc. v. Giganews, Inc.*,
2015 WL 1746484 (C.D. Cal. Mar. 24, 2015) .......... 6

*Reiter v. MTA New York City Transit Auth.*,
457 F.3d 224 (2d Cir. 2006).......... 11

*Rolland v. Cellucci*,
151 F. Supp. 2d 145 (D. Mass. July 23, 2001).......... 11

*Simon v. Intercontinental Transp. (ICT) B.V.*,
882 F.2d 1435 (9th Cir. 1989).......... 12

*The Traditional Cat Ass'n Inc. v. Gilbreath*
340 F.3d 829 (9th Cir. 2003).......... 7

*United States v. Jingles*,
702 F.3d 494 (9th Cir. 2012).......... 2

**Statutes**

17 U.S.C. § 505 .......... *passim*

## I. INTRODUCTION

Rimini's opposition ignores the reality that this Court already found that Oracle is entitled to attorneys' fees as the prevailing party on its 93 copyright claims in this case. Nearly all of Rimini's arguments—that it innocently infringed, that apportionment is required, that its Rule 68 offer capped Oracle's fees, that a national billing rate is inappropriate—are repeats of arguments that the Court and the Ninth Circuit previously considered and rejected.

Despite the fact that Rimini raised these same arguments in its appellate briefs, the only basis for the Ninth Circuit's remand for reconsideration is that it reversed the jury finding of liability on Oracle's state computer access claims. The Ninth Circuit affirmed all copyright liability, and it affirmed the award of "full costs" to Oracle under 17 U.S.C. § 505 as the prevailing party in this copyright case—the *same* statutory provision that authorizes the award of attorneys' fees, which are treated "as part of the costs." As with the award of costs, this Court's basis for awarding attorneys' fees on Oracle's copyright claims remains unchanged.

Rimini mischaracterizes the remand, claiming that "the Ninth Circuit's express direction on remand" was that the Court "*must* reduce the fees" awarded. The Ninth Circuit made no such instruction. Rimini confuses a remand with a reversal—if the Ninth Circuit had determined (and it did not) that the law required a fee reduction, it could have ordered one. Instead, it recognized that this Court has discretion to award fees to Oracle for claims, including unsuccessful claims, that share a legal or factual basis with Oracle's copyright claims. Like Oracle's other claims and defenses for which the Court previously awarded both fees and costs, Oracle's state computer access claims were directly tied to its copyright claims (much of Rimini's copying involved accessing copyrighted software on Oracle's support sites). On that basis, the Court should reinstate its prior fees award in this case that "was a copyright infringement case first and foremost, regardless of all other claims pled." ECF No. 1049 at 14:11-12.

Relying on its false characterization of the remand, Rimini invents various "methodologies" it claims should reduce the fees award. None of these proposed methodologies has any basis in the facts of this case, the Court's prior findings, or the Ninth Circuit's holdings.

## II. ARGUMENT

### A. Oracle's Position Is Consistent with the Ninth Circuit's Remand.

Rimini begins its argument by mischaracterizing Oracle's motion: "Oracle's motion ***ignores [the] explicit direction from the Ninth Circuit***, arguing that the decision 'does not affect Oracle's degree of success.'" Opp. at 6:16-19. That is false. As Oracle explained, "The Ninth Circuit's reversal on Oracle's state computer access claims does not affect Oracle's degree of success ***on its copyright claims***." Mot. at 2:7-9 (emphasis added). And that is true. This Court held that Oracle's success was substantial in what was "a copyright infringement case first and foremost, regardless of all other claims pled": "Oracle successfully defeated all of defendants' counterclaims, including counterclaims for copyright misuses, early in this litigation. Then, at trial, Oracle successfully prevailed on its claim for copyright infringement as the jury found that Rimini infringed every one of the 93 separate copyright registrations at issue." ECF No. 1049 at 14:7-10. The Ninth Circuit affirmed this Court's "judgment with respect to the copyright infringement claims," *Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 953 (9th Cir. 2018). It also affirmed this Court's award of prejudgment interest on the copyright infringement claims, *id*. at 963-64, and it affirmed the award of full costs for the copyright infringement claims under 17 U.S.C. § 505, *id*. at 965-66, for a total monetary judgment of $74.3 million in favor of Oracle. This confirms the Court's prior ruling regarding Oracle's success on its copyright claims.

The arguments Rimini raises in its opposition are the same arguments Rimini raised in its appeal to the Ninth Circuit (*compare* Opp. *with* Brief for Appellant, *Oracle USA, Inc. v. Rimini St., Inc.*, 2017 WL 360190, *49-*54 (2017) (No. 16-16832)), but the sole, explicit reason for the remand on attorneys' fees is Oracle's "more limited success" resulting from the "conclusion that there was no violation of the state computer laws." *Oracle*, 879 F.3d at 965. That narrow remand calls for the Court to consider one issue, addressed in Oracle's motion. It is not an invitation to spend many pages, as Rimini does, raising numerous arguments that contradict the law of the case this Court and the Ninth Circuit established by previously considering and rejecting the same arguments. *See United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012).

The Court should not reduce Oracle's attorneys' fees award on that basis because those

claims are directly related to Oracle's copyright claims and thus recoverable under 17 U.S.C § 505. Mot. at 2:19-27, 7:28-8:22, 15:6-16:17.

**B. Oracle Is Entitled to Attorneys' Fees on Remand.**

Rimini acknowledges that the Court has discretion under 17 U.S.C. § 505 to award attorneys' fees to the prevailing party on copyright claims. Opp. at 5:16-17. Nowhere does Rimini dispute that Oracle is the prevailing party on its copyright claims (Mot. at 10:15-21), as confirmed by this Court, ECF No. 1049 at 13:9-14:4, and the Ninth Circuit. However, Rimini attempts to challenge the Court's prior findings regarding the factors at issue in determining whether to award fees. Opp. at 7:15-13:9; *see also* ECF No. 1049 at 13:12-19.[1]

**1. Oracle's Success Weighs in Favor of Awarding Attorneys' Fees.**

The Court previously addressed and rejected all of Rimini's arguments regarding Oracle's success. Rimini argues that the "degree of success" factor weighs heavily against Oracle because Oracle only prevailed on limited claims, did not obtain all of its requested damages, and did not obtain a "willful" infringement finding. Opp. at 7:21-27. Rimini made these same arguments in its opposition to Oracle's original motion for attorneys' fees and in its appeal. ECF No. 1006 at 11:20-12:12; 2017 WL 360190, at *49-*54.

As to Oracle's "limited" success, as discussed above, the Court noted Oracle's complete success in this predominantly copyright case on its 93 copyright claims and Rimini's defenses and a damages award multiple times the number Rimini presented. ECF No. 1049 at 14:6-18. As to Rimini's "innocent infringement," the Court definitively held that "the Copyright Act does not condition an award of fees on a finding of willful infringement." *Id.* at 13:19-14:1.

The only fact cited in the Court's prior order on this point that is no longer applicable is that Oracle's damages included a $14,427,000 award on Oracle's computer access claims. However, that amount is irrelevant to Oracle's degree of success on its *copyright* claims, involving 93 copyrights for four product lines, under the § 505 analysis. With the remaining

[1] Rimini's assertion that "whether infringement was innocent or willful" is a determining factor, Opp. at 5:16-26, directly contradicts this Court's holding that "the Copyright Act does not condition an award of fees on a finding of willful infringement," ECF No. 1049 at 13:19-20.

$74.3 million in damages, prejudgment interest,[2] and costs (including costs under § 505 itself), all the Court's other points still stand: Oracle won a large damages award (multiple times the damages number Rimini presented) and liability on all of its copyright claims and defeated all of Rimini's counterclaims and defenses. This factor still weighs in Oracle's favor.

**2. Rimini's Litigation Position Was Objectively Unreasonable.**

Directly contradicting the Court's ruling on this same issue, Rimini argues that its litigation position was reasonable because Mr. Ravin was not found liable for infringement, because Rimini's infringement was "innocent," and because Oracle's claims of misconduct are not accurate. Opp. at 8:20-9:14 & n.1. Rimini raises the issue of Mr. Ravin's infringement liability as a red herring; the reasonableness of Mr. Ravin's litigation position is not at issue here, as Oracle does not seek attorneys' fees from him. As to Rimini's oft-proclaimed "innocence," Rimini raised this same point in its prior opposition (ECF No. 1006 at 12:18-26) and Oracle addressed it in its reply (ECF No. 1023 at 6:11-18). Rimini "conflates two different questions: whether a defendant in fact infringed a copyright and whether he made serious arguments in defense of his conduct." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988 (2016). The question is not whether Rimini's *infringing* conduct was reasonable; the question is whether Rimini's *litigation* conduct was reasonable. The Court found that it was not.[3] ECF No. 1049 at 15:8-16:2.

Rimini also claims that its litigation misconduct has no bearing on this factor and that the Court must allocate specific expenses to any misconduct.[4] Opp. at 9:13-10:2. Rimini is wrong on both counts. All of the litigation misconduct at issue here relates to factual and evidentiary arguments Rimini made that Oracle was forced to disprove as part of its infringement case. Mot. at 11:14-13:5. Further, neither case that Rimini cites supports its claim that fees awarded based

---

[2] Prejudgment interest "is an element of compensation." *Oracle*, 879 F.3d at 964.

[3] The Ninth Circuit agreed, rejecting this same argument in Rimini's appellate brief (2017 WL 360190 at *49-*50) and noting the Court's "understandable frustration with Rimini's litigation conduct." *Oracle*, 879 F.3d at 964.

[4] Rimini also repeats nearly *verbatim* its arguments that the unreasonable litigation positions and litigation misconduct the Court cited were illusory. *Compare* Opp. at 9, n.1 *with* ECF No. 1006 at 4:24-6:12. Oracle rebutted these arguments (ECF No. 1023 at 5:1-6:10), and the Court found this factor in Oracle's favor. ECF No. 1049 at 15:8-16:2. The Court should do the same again.

on misconduct must be specifically allocated. *Kirtsaeng*, 136 S. Ct. at 1988-89, did not hold that a fees award "must be proportional to the alleged misconduct" (Opp. at 9:17-18), and *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 at 1183, 1187 (2017), is a sanctions case under the court's inherent power, not an attorneys' fees case under § 505.[5] Regardless, the Court found that this non-dispositive factor favored Oracle based *both* on Rimini's unreasonable litigation positions *and* Rimini's litigation misconduct. ECF No. 1049 at 15:8-16:2.

**3. An Attorneys' Fees Award Is an Appropriate Deterrent.**

Rimini again repeats its argument that deterrence is unnecessary because Mr. Ravin was not liable for infringement and Rimini is merely an "innocent" infringer that has stopped its infringing conduct. Opp. at 10:4-11:22; ECF No. 1006 at 13:15-14:7.

Mr. Ravin is the founder, CEO, and Chairman of the Board of Rimini, and "Rimini's business model was built entirely on its infringement of Oracle's copyrighted software." ECF No. 1049 at 6:3-4. Mr. Ravin's former company, TomorrowNow, was found criminally and civilly liable for a similar, infringing model. Mot. § II.C. An award of attorneys' fees would be a significant deterrent to Rimini and Mr. Ravin as the head of the company.

The Court has already rejected Rimini's unsupported argument that an "innocent" infringer is not subject to deterrence. ECF No. 1049 at 13:19-20, 16:17-23. Rimini provides no basis to change the Court's position.

Rimini cites its self-serving (and, Oracle contends, inaccurate) declarations to support its claim that it no longer infringes. Opp. at 10:24-26. As this Court is aware, Oracle is pursuing separate copyright infringement claims against Rimini in another case, and Rimini is the subject of a federal criminal investigation into its software support systems and operations. Mot. § II.C.

Rimini does not address—and therefore concedes—Oracle's argument and this Court's

[5] Rimini later cites two additional cases to argue for apportionment where the fees award is based on litigation misconduct. Opp. at 15:5-17. Neither supports Rimini's argument. In *Matthew Bender & Co. v. W. Publ'g Co.*, 240 F.3d 116, 126 (2d Cir. 2001), the court remanded not because the moving party had an obligation to prove that it incurred fees as a direct result of bad faith conduct, but because the district court failed to cite the relevant misconduct and explain the reasons for its fee award. The court in *Fortgang v. Pereiras Architects Ubiquitous LLC* engaged in no apportionment of the fees and made no attempt whatsoever to determine which fees and expenses were "related" to misconduct, instead granting in full the motion for attorneys' fees. 2018 WL 1832184, at *9, *15-*16 (E.D.N.Y. Mar. 9, 2018).

prior finding that an award of attorneys' fees would "deter other third party service providers from engaging in similar infringing conduct in order to compete with Oracle for software support services." ECF No. 1049 at 16:21-23.

**4. A Fees Award Is Necessary to Make Oracle Whole.**

Rimini argues that this factor favors Rimini because Oracle is a large company with significant revenues. Opp. at 12:7-15. Those facts are irrelevant. An attorneys' fees award would be no "windfall" for Oracle. Oracle spent well over $28.5 million in attorneys' fees to enforce its copyrights.[6] Rimini provides no basis to dispute the Court's prior finding "that an award of attorneys' fees is necessary to compensate it for its huge outlay of fees and costs necessarily incurred in enforcing its copyrights." ECF No. 1049 at 16:8-9.

**5. A Fees Award Would Further the Purpose of the Copyright Act.**

Rimini makes the mistaken claim that a fees award to Oracle would *undermine* the purposes of the Copyright Act because Mr. Ravin successfully defended himself against Oracle's copyright claims and (once again) because Rimini was an "innocent" infringer. Opp. at 12:16-13:3. Neither point is relevant. Oracle does not seek attorneys' fees from Mr. Ravin. Mot. at 1:2-4. And Rimini's claim that awarding fees to Oracle against Rimini would prevent Mr. Ravin or any other defendant from advancing a "meritorious defense" to copyright claims falls flat. Regardless of its intent when infringing, Rimini, as the liable defendant, by definition *did not* have a meritorious defense. Oracle *did* have meritorious claims, and incentivizing those claims furthers the purpose of the Copyright Act. ECF No. 1049 at 16:24-17:10.

**C. "More Limited Success" Does Not Require Apportionment.**

Rimini claims that Oracle was required to apportion its fees between its copyright claims and its other claims and that failure to do so warrants a complete denial of Oracle's motion. Opp. at 13:10-14:10. In a later section, Rimini makes the stronger claim that it was "the Ninth

[6] Neither case Rimini cites supports the proposition that a large company is somehow undeserving of being made whole for attorneys' fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 524 (1994), supports the proposition that the Copyright Act protects both "corporate behemoths" and "starving artists." The court in *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *12 (C.D. Cal. Mar. 24, 2015), awarded fees *against* a serial plaintiff company and is completely inapplicable here.

Circuit's express direction on remand" that the Court "*must* reduce the fees 'in light of Oracle's more limited success at litigation'" by apportioning "to account for the more limited success." Opp. at 14:28-15:4. That is wrong.

After considering Rimini's appellate argument for apportionment (2017 WL 360190, at *52-*54) the Ninth Circuit remanded "for reconsideration in light of Oracle's more limited success at litigation." *Oracle*, 879 F.3d at 965. There was no "express direction" to apportion, and neither the letter nor the spirit of the Ninth Circuit's opinion calls for apportionment. Oracle's position is completely consistent with a "remand for reconsideration": As confirmed by abundant case law (*see* Mot. at 15:6-16:2)[7] and by the Court's prior order (ECF No. 1049 at 14:11-12, 20:11-13), Oracle can recover fees for both successful and unsuccessful claims that share with the copyright claims a "common core of facts" or "related legal theories." Nowhere in its opposition does Rimini dispute the holding of these cases.

Whereas Oracle cites multiple cases holding that apportionment is *not* required, no case that Rimini cites supports its demand for apportionment. *The Traditional Cat Ass'n Inc. v. Gilbreath* directly contradicts Rimini's argument, holding that the district court's denial of fees for failure to apportion between copyright and unrelated claims was an *abuse of discretion*. 340 F.3d 829, 833-4 (9th Cir. 2003). Rimini relies on the court's statement in *Hensley* that billing records should "enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1941 (1983). But *Hensley* is not a copyright case, and though it does not cite or purport to apply the § 505 standard allowing recover for fees incurred on related claims, but confirms the principle. *Id.* at 438 ("Given the interrelated nature of the facts and legal theories in this case, the District Court did not err in refusing to apportion the fee award mechanically on the basis of respondents' success or failure on particular issues.").[8] Similarly, Rimini relies to no

---

[7] *See also Liguori v. Hansen*, 2017 WL 627219 at *8-10 (D. Nev. Feb. 15, 2017) ("apportionment of any fee award [between a breach of contract claim and a copyright infringement claim] is indeed impractical" because the claims arose from the same set of facts and circumstances" and "[a]ny effort made by the Court to decipher what fees should be apportioned to each claim would be meaningless and exceedingly burdensome").

[8] Further, in a footnote to the very sentence Rimini cites, the court "recognize[d] that there is no certain method of determining when claims are 'related' or 'unrelated,'" and that a party is "not required to record in great detail how each minute of his time was expended." *Id.* at n.12.

avail on *InvesSys, Inc. v. McGraw-Hill Cos.*, a case where the court did not apportion fees "because the litigated issue was common to both copyright and non-copyright claims." 369 F.3d 16, 24 (1st Cir. 2004).[9]

Oracle's other claims in this case meet the "related claims" standard under § 505 because they were directly related to Oracle's copyright claims in both law and fact. Mot. at 7:28-8:22, 16:3-14. Indeed, the Court's prior order awarded fees to Oracle for all claims and defenses other than Oracle's copyright and state computer access claims. ECF No. 1049 at 20:11-13. Rimini's argument that the Court should now arrive at a different result falls flat. Rimini claims that Oracle's unsuccessful claims were unrelated to Oracle's copyright claims because the unsuccessful claims "were premised on allegations that Rimini and Mr. Ravin accessed Oracle's website without authorization and lied to customers" (Opp. at 15:24-16:12) and because the unsuccessful claims had different legal elements (*id.* at 16:13-26). The standard is not that the facts and legal theories involved in the non-copyright claims must be *identical* to the copyright claims; they must merely share a "common core of facts" or "related legal theories." Mot. at 15:7-16:2. Oracle's non-copyright claims meet that standard. *Id.* at 7:28-8:22. For example, Oracle's copyright claims and the "hacking, breach of contract, inducing breach of contract, intentional interference, and trespass claims" that Rimini identifies (Opp. at 16:6-7) all shared a common legal nexus in the interpretation of Oracle's support website Terms of Use (*id.*) and they all shared the common factual nexus of Rimini's access to Oracle's copyrighted software, since many of the infringing copies Rimini made resulted from its access. *Id.*

### D. No Fee Reduction Is Required and Rimini's "Methodologies" Are Baseless.

---

[9] None of the cases that Rimini relies on as an example of a denial of fees is relevant to this case. In *Norris v. Sysco Corp.*, the district court analyzed the records and ultimately awarded fees despite the movant's refusal to provide the court with additional information. 191 F.3d 1043, 1052 (9th Cir. 1999). Rimini relies on dicta encouraging attorneys not "to keep sloppy records or judges to immolate themselves on a pyre of unhelpful computer printouts." *Id.* In *Engrahm v. County of Colusa* the court determined that fees were inappropriate where a defendant, seeking fees solely under Section 1988 claims, failed to specify time spent on those claims. 2006 WL 3028416 (E.D Cal. Oct. 24, 2006). *Castillo v. EarthLink Network, Inc.* is yet another case where the court did, in fact, award attorneys' fees. 2007 WL 9706036, at *3 (C.D. Cal. Aug. 13, 2007). *Am. Gen. Life & Accident Ins. Co. v. Wu* has nothing to do with court-awarded attorneys' fees; it deals with costs and fees pursuant to a retainer agreement between an attorney and his clients. 2010 WL 117721, at *1-*3 (C.D. Cal. Jan. 4, 2010).

Starting from the Court's prior $28.5 million fees award, Rimini relies on its unsupported demand for apportionment and creates five self-serving "methodologies" by which to reduce the fees award. Opp. at 17:14-20:7. Not one of Rimini's proposals is grounded in a sound legal principle or has any rational connection to the Court's prior order or the Ninth Circuit's remand.

**1. A Ravin Offset Would Be Groundless and Procedurally Improper.**

Rimini characterizes its first proposal as an "offset" against Oracle's attorneys' fee award (Opp. at 17:17), but in reality the proposal is an attempt at a procedurally improper motion for attorneys' fees, and the Court should reject it out of hand. Rimini claims in a footnote that "Mr. Ravin could also move for attorneys' fees" (Opp. at 17 n.3), but that is incorrect. The deadline to move for attorneys' fees passed long ago (ECF No. 903 at 1).

Further, Rimini has not provided even the most basic information with which to analyze its unsupportable claim that Mr. Ravin incurred $[redacted] in attorneys' fees. First, there is no evidence that Mr. Ravin personally incurred *any* attorneys' fees. *See* Sullivan Decl., ECF No. 1145-6 ¶ 3 (characterizing *all* of the relevant invoices as "Rimini's invoices"). Second, Rimini has provided no invoices or any documentation comparable to Oracle's massive production in support of its motion for fees and costs by which the Court could assess Rimini's claims. Third, Rimini's $[redacted] figure is apparently based on the assumption that 50% of Rimini's fees are attributable to the defense of Mr. Ravin, *see* Kennedy Decl. ECF No. 1145-1 § 15.4.5, which is both factually absurd and legally irrelevant because those are fees *Rimini* paid, and the losing party in a copyright case cannot recover its attorneys' fees. 17 U.S.C. § 505.

**2. A 50% Reduction Has No Principled Basis.**

Next, Rimini proposes that the Court's prior award of $28.5 million should be reduced by *at least half* based on the fact that Oracle was unsuccessful in its claims against Mr. Ravin. Opp. at 18:6-19. Rimini's apparent basis for this claim is that Mr. Ravin constituted 50% of the defendants in this case, and therefore a finding of no liability should erase 50% of Oracle's attorneys' fees. Rimini provides no factual or legal basis for such an argument. Treating the corporation (Rimini) and its CEO (Mr. Ravin) as if they were equally important defendants makes no sense, as Oracle's $74.3 million copyright judgment against the corporation reflects

the unlawful conduct of dozens of Rimini employees, not just one person. Further, as discussed at length above, Oracle can recover attorneys' fees for its claims related to its successful copyright claims, and it is beyond dispute that the claims for which Oracle incurred fees in litigating its claims against Mr. Ravin shared a "common core of facts" or "related legal theories" with Oracle's copyright claims. Rimini also cannot and does not claim that Oracle spent anywhere near 50% of its fees on its claims against Mr. Ravin alone. Opp. at 18:6-19.

**3. A Reduction Based on a Success Percentage Is Unsupported.**

For similar reasons, Rimini's proposals to reduce Oracle's claims based on the percentage of successful claims or based on the percentage of damages successfully sought (Opp. at 18:20-20:7) finds no rationale in the Ninth Circuit's remand.[10]

Rimini compares the number of claims Oracle originally pled to the number of successful claims after remand (19:3-17), the amount of total damages originally sought to the amount awarded on remand (19:18-20:2), and the amount of copyright damages originally sought to the amount awarded on remand (20:3-7). These methodologies ignore the fact that Oracle pled a single copyright claim involving 93 separate copyrights, covering four product lines, and prevailed on every copyright in what the Court acknowledged was primarily a copyright case, and the Court previously awarded fees on that basis. ECF No. 1049 at 14:11-12. Rimini's entire percentage-of-successful-claims argument is based on Rimini's specious suggestion that Rimini's infringement of 93 copyrights consists of only a single loss.

Rimini's proposal for success-percentage methodologies also ignores the fact that the Court's prior fees award of $28.5 million, the starting point for the methodologies, was awarded after trial, when Oracle's relative success on its claims and defenses had already been determined. In other words, Oracle's success up to the Court's prior order was already "baked in" to the Court's $28.5 million fees award. The *only* change since then has been the Ninth Circuit's reversal on the state computer access claims. Rimini's proposed reduction methodologies bear no logical relation to the Court's prior fees award or the change in

[10] Indeed, Rimini proposed these methodologies to the Ninth Circuit (2017 WL 360190, at *52-*53), which declined to adopt them (*Oracle*, 879 F.3d at 965).

circumstances since that award, *i.e.* the Ninth Circuit's reversal on the state computer access claims. The Court should reject these methodologies, as well.

**4. Rimini's Rule 68 Offer Falls Short of Oracle's Recovery.**

Rimini's misapplies Rule 68, arguing that Rimini's Rule 68 offer was more favorable than the judgment Oracle obtained. The Court already found that Rimini's offer of $100 million was not more favorable because the offer did not include injunctive relief and proposed payment over several years without interest. ECF No. 1049 at 20, n. 6. The same holds true now.

First, Oracle sued for both monetary and injunctive relief. ECF No. 146. As discussed in Oracle's original briefing on Rimini's Rule 68 argument, Rimini's offer required Oracle to agree to [REDACTED] [REDACTED]. ECF No. 1023 at 16:8-17:7. Oracle's motion for a permanent injunction currently pending before the Court would prohibit Rimini's continued cross-use and infringement. ECF No. 1117. Therefore, just comparing the dollar figures in Rimini's offer and Oracle's jury verdict is insufficient to show which is more favorable because appropriate injunctive relief has significant value to Oracle in protecting its intellectual property and preventing future financial harm. *See Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 231-32 (2d Cir. 2006) (the offer should be compared to the "final judgment" including the value of the judgment's "non-monetary elements," even though "monetizing equitable relief will, in many instances, pose vexing problems"); *Chestnut Hill Gulf, Inc. v. Cumberland Farms, Inc.*, 749 F. Supp. 331, 333 (D. Mass. 1990) (judgment of $653,682 and injunctive relief was more favorable than $700,000 offer because Plaintiff "received significant equitable relief in the nature of injunctive relief"; noting that "financial compensation . . . is not the 'be all and end all'"), *aff'd in part, rev'd in part on other grounds*, 940 F.2d 744 (1st Cir. 1991).

Second, even without taking into account the substantial value of an appropriate injunction, Oracle's recovery of $74.3 million on its copyright infringement claims is still more favorable than Rimini's offer because the true value of Rimini's offer was substantially less than

$100 million.[11] Rimini's offer was to pay $100 million in installments [REDACTED] [REDACTED]. Rimini admits that its offers were worth less than their face amount by submitting an expert declaration purportedly attempting to measure the net present value of Rimini's offers. *See* ECF No. 1011, Ex. 2. However, the discount rate used did not account for the risk of Rimini, an unproven company, being unable to pay the offered amount. *See* ECF No. 1027, Dean Decl. ¶¶ 7-10. Rimini's calculation relies on an interest rate that assumes *zero* risk to arrive at its $100 million number. In reality, Rimini pays a large risk premium on its loans to creditors willing to lend to Rimini. For example, Rimini paid a 15% interest rate in order to borrow funds to finance its initial payment for its liability to Oracle. Hixson Decl., Ex. A. Accounting for a realistic discount rate, the true value of Rimini's offer was no more than $[REDACTED] [REDACTED]. *See* ECF No. 1027, Dean Decl. ¶ 6.

**5. The Court Already Rejected a Reduction to "Local Market Rates."**

Rimini argues that the Court should reduce Oracle's hourly fees to purported "local market rates." Opp. at 22:22-24:4. This is the same argument Rimini attempted in opposition to Oracle's prior motion (ECF No. 1006 at 23:11-24:22) and on appeal (2017 WL 360190, at *54), and the Court rejected that argument for the reasons cited in Oracle's briefing (ECF No. 1049 at 18:18-19:11), as did the Ninth Circuit (*Oracle*, 879 F.3d at 965). The Court should reject Rimini's argument again for the same reasons.

## II. CONCLUSION

Oracle respectfully requests that the Court award $28,502,246.40 in attorneys' fees.

---

[11] None of the cases Rimini cites supports the argument that the Court must take at face value an unproven company's offer to pay $100 million over [REDACTED]. *Rolland v. Cellucci*, 151 F. Supp. 2d 145, 151 (D. Mass. July 23, 2001), addressed only whether to adjust the value of a settlement offer from the time it was made to when final judgment was entered. Unlike Rimini's offer, the entire amount of the offer in *Rolland* would have been paid immediately. Here, Oracle is asking that the Court consider the true value of Rimini's offer at the time of the offer. The holding in *Simon v. Intercontinental Transp. (ICT) B.V.*, 882 F.2d 1435, 1439 (9th Cir. 1989), is deals with an error on the face of the Rule 68 offer and is completely irrelevant to any discussion of net present value. In *Johnson v. Bay Bays Chicken & Waffles, LLC*, 2017 WL 5952895, at *4 (S.D. Fla. Nov. 6, 2017), the net present value of the defendant's $20,000 offer to be paid over twelve months was never at issue. Regardless the court still found that the defendant's offer was not worth more than the judgment obtained.

DATED: June 1, 2018

Morgan, Lewis & Bockius LLP

By: */s/ Thomas S. Hixson*
Thomas S. Hixson
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation

**CERTIFICATE OF SERVICE**

I certify that on June 1, 2018, I electronically transmitted the foregoing REPLY IN SUPPORT OF ORACLE'S RENEWED MOTION FOR ATTORNEYS' FEES to the Clerk's Office using the Electronic Filing System pursuant to Special Order No. 109.

Dated: June 1, 2018

Morgan, Lewis & Bockius LLP

By: /s/ *Thomas S. Hixson*
Thomas S. Hixson

Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle America, Inc. and
Oracle International Corporation