GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

HOWARD & HOWARD PLLC
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendants Rimini Street, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | CASE NO. 2:10-cv-00106-LRH-VCF<br><br>**DECLARATION OF BRIAN J. SLEPKO IN SUPPORT OF DEFENDANT'S MOTION TO STAY ENFORCEMENT OF PERMANENT INJUNCTION PENDING APPEAL, OR ALTERNATIVELY FOR A TEMPORARY STAY**<br><br>Judge:   Hon. Larry R. Hicks |

## DECLARATION OF BRIAN J. SLEPKO

I, Brian J. Slepko, declare as follows:

1. I am Senior Vice President, Global Service Delivery at Rimini Street, Inc. ("Rimini"). As Senior Vice President of Global Service Delivery, I oversee the development and delivery to clients of fixes and updates and delivery of product support worldwide. My previous title was Senior Vice President, Global Operations. I have had the same job responsibilities since I joined Rimini in January 2008.

2. I submit this declaration in support of Defendants' Emergency Motion to Stay Enforcement of Permanent Injunction Pending Appeal, or Alternatively for a Temporary Stay. I have personal knowledge of the matters set forth herein and could and would testify to the same if called as a witness in this matter.

3. Rimini previously modified its support processes in response to the Court's summary judgment rulings. Those modifications, which were effective by the end of July 2014, cost approximately $4 million.

4. The permanent injunction entered by the Court on August 15, 2018, would require Rimini to further modify its support processes for Oracle products. Rimini is examining its current processes in a good-faith effort to ensure compliance with the injunction, notwithstanding its vagueness and overbreadth, and has identified a series of additional modifications that, it believes, would bring its current processes into compliance with the constraints imposed by the injunction. While these modifications are not expected to adversely impact the ultimate outcomes required by Rimini's clients, they also would provide no additional benefits to our clients or Rimini. For example, certain processes that are now automated can be done manually, requiring Rimini to pay additional labor costs to accomplish the manual processes. The end resulting service deliverables are expected to be the same for the clients, but the cost will be significantly higher for Rimini.

5. I estimate that it would cost Rimini at least $1 million and up to $4 million per year to implement the anticipated modifications. These costs would be incurred solely as part of Rimini's good-faith effort to ensure compliance with the injunction, and Rimini would not incur these costs in the absence of the injunction.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of August, 2018, at Pleasanton, California.

_____
Brian J. Slepko