UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,

Plaintiffs,

v.

RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,

Defendants.

Case No. 2:10-cv-0106-LRH-(VCF)

ORDER

Before the court are plaintiffs Oracle USA, Inc.; Oracle America, Inc.; and Oracle International Corporation's (collectively "Oracle") motion to seal renewed motion for attorneys' fees (ECF No. 1119) and motion to seal reply to renewed motion for attorneys' fees (ECF No. 1153). Also before the court is defendants Rimini Street, Inc. and Seth Ravin's motion to seal opposition to renewed motion for attorneys' fees. ECF No. 1146.

As an initial matter, the court is acutely cognizant of the presumption in favor of public access to papers filed in the district court. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Therefore, a party seeking to file materials under seal bears the burden of overcoming that presumption by showing that the materials are covered by an operative protective order and are also deserving of confidentiality. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2005). Specifically, a party must "articulate compelling

reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana, City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted).

Here, in this intellectual property action, the court has entered a protective order governing documentation and testimony that is confidential to the parties' internal research and development, internal business strategies, attorney-client agreements, and other highly sensitive areas. The court has reviewed the motion and supporting exhibits on file in this matter and finds that the documents at issue in this order contain information that is either designated "Confidential" and/or "Highly Confidential" under the protective order. The court therefore finds that the parties have satisfied their burden to show compelling reasons for filing the various pleadings under seal. Further, the court notes that the parties appropriately filed redacted versions of the same pleadings for public record. *See* ECF Nos. 1118, 1145, 1152. Accordingly, the court shall grant the motions to seal.

IT IS THEREFORE ORDERED that plaintiffs' motions to seal (ECF Nos. 1119, 1153) are GRANTED *nunc pro tunc*.

IT IS FURTHER ORDERED that defendants' motion to seal (ECF No. 1146) is GRANTED *nunc pro tunc*.

IT IS SO ORDERED.

DATED this 20th day of August, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE