GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
mperry@gibsondunn.com

Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7228
bevanson@gibsondunn.com

HOWARD & HOWARD PLLC
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Defendant Rimini Street, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | CASE NO. 2:10-cv-00106-LRH-VCF<br><br>**DEFENDANT RIMINI STREET, INC.'S REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY ENFORCEMENT OF PERMANENT INJUNCTION PENDING APPEAL, OR ALTERNATIVELY FOR A TEMPORARY STAY**<br><br>Judge:   Hon. Larry R. Hicks |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT .................................................................................................................2

    A. Rimini Is Substantially Likely to Prevail on Appeal .........................................2

    B. Rimini Will Suffer Irreparable Harm Absent a Stay..........................................5

    C. Oracle Will Not Be Harmed by a Stay ................................................................6

    D. The Public Interest Favors a Stay .......................................................................6

III. CONCLUSION..............................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Del Mar Avionics, Inc. v. Quinton Instrument Co.*,
 836 F.2d 1320 (Fed. Cir. 1987) ..................................................................................................2

*Extreme Networks, Inc. v. Enterasys Networks, Inc.*,
 2009 WL 679602 (W.D. Wis. Mar. 16, 2009) ...........................................................................1

*Floyd v. Laws*,
 929 F.2d 1390 (9th Cir. 1991) ...................................................................................................2

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*,
 772 F.2d 505 (9th Cir. 1985) .....................................................................................................3

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
 136 S. Ct. 1923 (2016) ...............................................................................................................3

*In re Hayes Microcomputer Prods., Inc. Patent Litig.*,
 766 F. Supp. 818 (N.D. Cal. 1991) ............................................................................................1

*Jacob v. City of New York*,
 315 U.S. 752 (1942) ..................................................................................................................5

*Lair v. Bullock*,
 697 F.3d 1200 (9th Cir. 2012) ..........................................................................................1, 2, 5

*Mexichem Specialty Resins, Inc. v. EPA*,
 787 F.3d 544 (D.C. Cir. 2015) ...................................................................................................5

*Oracle USA, Inc. v. Rimini St., Inc.*,
 879 F.3d 948 (9th Cir. 2018) .................................................................................................3, 7

*Perfect 10, Inc. v. Google, Inc.*,
 653 F.3d 976 (9th Cir. 2011) .....................................................................................................3

*Smith & Nephew, Inc. v. Arthrex, Inc.*,
 2010 WL 2522428 (E.D. Tex. June 18, 2010) ..........................................................................1

*Sterling Commercial Credit-Michigan, LLC v. Phoenix Indus. I, LLC*,
 762 F. Supp. 2d 8 (D.D.C. 2011) ...............................................................................................5

*Texas v. EPA*,
 829 F.3d 405 (5th Cir. 2016) .................................................................................................5, 6

*Winter v. Nat. Res. Def. Council, Inc.*,
 555 U.S. 7 (2008) ......................................................................................................................3

**Other Authorities**

Restatement (Second) of Judgments § 27 ...................................................................................4

**Treatises**

4 Nimmer on Copyright, § 14.06[C][1][a].................................................................................4

11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, et al.,
    *Federal Practice & Procedure* § 2948.1 (3d ed. 2016) .......................................................5

## I. INTRODUCTION

After acknowledging that "Rimini convinced the Ninth Circuit to stay [the previous] injunction pending appeal," Oracle tells this Court that "[t]he Ninth Circuit's concern with regard to the injunction stemmed from the Court's view of the state law claims, which the Ninth Circuit eventually overturned." Dkt. 1174 at 1–2. That is demonstrably false: In its successful stay motion in the Ninth Circuit, Rimini did not challenge the state-law hacking judgment (or, for that matter, copyright liability). Rather, Rimini argued *only* that the injunction should be reversed or vacated due to a host of errors with the injunction itself. *See* No. 16-16832, Dkts. 3-1 & 24. Oracle's *own submission* to the appellate court made that plain (*see id.* Dkt. 21-2), yet it chooses to misrepresent the appellate record to this Court.

Oracle also argues that the Ninth Circuit is likely to sustain the injunction notwithstanding the Court's repetition of its previous errors. Dkt. 1174 at 4–15. Oracle is wrong, but the Court need not resolve that dispute or even conclude that "it is more likely than not" that Rimini will win on appeal. *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012). A stay is warranted if Rimini has a "fair prospect" of success and will receive due consideration from the Ninth Circuit. *Id.* Indeed, district courts routinely grant stays of injunctions, even while disagreeing with the enjoined parties' challenges. *See*, *e.g.*, *Smith & Nephew, Inc. v. Arthrex, Inc.*, 2010 WL 2522428, at *5 (E.D. Tex. June 18, 2010) ("a finding that a permanent injunction is warranted does not preclude a granting of a stay of that injunction pending appeal as both issues require different analyses"); *Extreme Networks, Inc. v. Enterasys Networks, Inc.*, 2009 WL 679602, at *4 (W.D. Wis. Mar. 16, 2009) (staying injunction even though the court "disagree[d] with defendant's challenges to the jury's verdict," because "the court of appeals may see things differently"); *In re Hayes Microcomputer Prods., Inc. Patent Litig.*, 766 F. Supp. 818, 823 (N.D. Cal. 1991) (granting stay where likelihood of success on appeal was "doubtful," but appeal raised serious legal questions). The logic of Oracle's position, in contrast, would lead district courts to deny stays whenever they have entered an injunction. That is wrong.

As before, all four of the traditional factors warrant a stay pending appeal. This Court should grant the stay so that the Ninth Circuit does not have to.

## II. ARGUMENT

Contrary to Oracle's submission, each factor supports staying enforcement of the injunction until the Ninth Circuit issues its mandate, or, at least, while Rimini seeks a stay from the Ninth Circuit. *See Lair*, 697 F.3d at 1203.

### A. Rimini Is Substantially Likely to Prevail on Appeal

Rimini has outlined numerous grounds on which there is a "substantial case for relief on the merits." *Lair*, 697 F.3d at 1204; *see* Dkt. 1168. We highlight just three of them here. Each is sufficient to warrant reversal or vacatur of the injunction, and collectively they weigh heavily in favor of a stay.

**1**. First, there is a substantial question whether the Reexamination Clause precluded this Court from predicating its injunction on the factual finding that Rimini acted with "*conscious disregard* for Oracle's software copyrights" (Dkt. 1164 at 6 (emphasis added)), because that finding contradicts the jury's factual finding that Rimini "was not aware" and had no "reason to believe that its acts constituted" infringement (Dkt. 1134-5 at 43). Rimini's argument is both simple and correct: The Seventh Amendment does not permit the Court to second-guess the jury in this way. *See Floyd v. Laws*, 929 F.2d 1390, 1397 (9th Cir. 1991).

Oracle's contention that the "conscious disregard" finding was not "necessary" to the injunction is incorrect. No court has ever before imposed a permanent injunction under the Copyright Act on an adjudicated innocent infringer. Accordingly, this Court found it necessary to make an additional factual finding before entering its injunction—that "the evidence in this action established" that Rimini infringed first with "callous disregard" (Dkt. 1049 at 5) and now with "conscious disregard" (Dkt. 1164 at 6). Indeed, this Court originally made that finding at Oracle's insistence (*see* Dkt. 907 at 12); having invited the constitutional error, Oracle cannot now pretend that it has no significance.

Oracle also argues that "[t]he relevant finding … is addressed to the nature of Rimini's conduct, not the jury's finding of 'innocence.'" Dkt. 1174 at 12. That is incoherent. "[*A*]*ct*[*ing*] in … conscious disregard of [intellectual property] rights" is the very definition of "willful infringement." *Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1328 (Fed.

Cir. 1987) (emphasis added); *see also Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1929, 1932 (2016); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985). Given the undisputed evidence that Rimini no longer uses the particular processes adjudged infringing in *Rimini I*, the Court had to articulate some basis for enjoining Rimini prospectively. Its "conscious disregard" finding was that basis. Yet, in making that finding, the Court impermissibly overrode the jury's finding that Rimini's actions were innocent.

**2**. Next, there is a substantial question whether the Court committed *legal* error by failing even to analyze the causal nexus requirement for an injunction. *See* Dkt. 1168 at 10–12. Oracle argues that "Rimini's challenge to this Court's causal determination is a *factual* challenge which is reviewed only for clear error on appeal." Dkt. 1174 at 9 (emphasis added). That argument cannot be reconciled with Oracle's position in seeking the injunction, when it told this Court that Oracle did not even have to *meet* the causal requirement. Dkt. 1139 at 4–5. And, indeed, this Court issued the injunction without even mentioning the causal nexus requirement—in derogation of binding precedent. *See Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 981–82 (9th Cir. 2011). Failure to fully analyze the irreparable harm element is reversible legal error. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). And, in any event, there is not legally sufficient evidence on this record to establish a causal nexus between Oracle's asserted harms and the specific adjudicated acts of infringement.

**3**. Finally, there is a substantial question whether the injunction impermissibly reaches acts that the Ninth Circuit did not hold to be infringing, and that the Copyright Act does not prohibit. *See* Dkt. 1168 at 8–10, 16–17. For instance, the injunction enjoins cross-use of PeopleSoft (Dkt. 1166, ¶ 6), even though the Ninth Circuit specifically noted that it was *not* affirming infringement liability as to PeopleSoft on the basis of cross-use (*Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 960 n.6 (9th Cir. 2018)). On appeal, the Ninth Circuit will have to decide whether its mandate includes cross-use for PeopleSoft, whether such cross-use constitutes copyright infringement at all, or whether it is at most an issue of contract law. If the answers to these questions are as Rimini contends, then the injunction cannot stand. Given that the applicability of the Copyright Act to what Oracle has called cross-use is an issue of first

impression at the appellate level, and was expressly not reached by the Ninth Circuit in the previous appeal, these challenges raise substantial legal questions meriting a stay.

Oracle does not dispute that "[t]he scope of [an] injunction" must "be coterminous with the infringement" (4 Nimmer on Copyright, § 14.06[C][1][a]), and it follows that a question of infringement liability that has not been finally adjudicated on the merits and is not preclusive going forward (such as cross-use for PeopleSoft) *cannot* be enjoined in this case (Restatement (Second) of Judgments § 27 cmt. o). Oracle's contrary theory pits the mandate rule and bedrock principles of issue preclusion against one another, undermining both doctrines. To put it bluntly, this Court has enjoined in *Rimini I* conduct that *Oracle agrees* is subject to litigation in *Rimini II*. That contradiction at minimum presents a substantial appellate question.

Oracle's alternative waiver argument (Dkt. 1174 at 6) is frivolous: Oracle convinced the Ninth Circuit not to reach "cross-use" in the Court's review of the *liability judgment*; the Ninth Circuit did not reach the question whether cross-use can be *enjoined* because it vacated the injunction on other grounds. The question whether cross-use is a viable theory of copyright infringement is squarely presented now that the Court has entered an injunction squarely prohibiting cross-use. Rimini put both the judicial system and Oracle on notice that if Oracle's requested injunction were entered, Rimini would challenge the cross-use prohibition as (among other defects) beyond the scope of the Copyright Act. Dkt. 1130 at 5–6, 20; Dkt. 1133; Dkt. 1161, Tr. at 39–43. Since the Court entered Oracle's requested prohibition on cross-use, Oracle cannot prevent Rimini from presenting that challenge—which clearly presents a substantial appellate question—to the Ninth Circuit as a matter of right.

\*   \*   \*

These and the other issues asserted in Rimini's stay motion (Dkt. 1168) raise substantial questions as to the lawfulness of the injunction. Indeed, several of them were advanced by Rimini in the first appeal, and the Ninth Circuit *necessarily* concluded that they amounted to a substantial case on the merits when it stayed the prior injunction. For this Court to conclude otherwise, as Oracle requests, would be yet another instance of refusing to give appropriate consideration to the rulings of the appellate court.

### B. Rimini Would Suffer Irreparable Harm Absent a Stay

Rimini has also demonstrated a high "probability of irreparable injury if the stay is not granted." *Lair*, 697 F.3d at 1214. Its evidence of irreparable injury is undisputed.

Oracle argues that Rimini's irreparable harm argument is based on "*allegation*[*s*] of constitutional harm" (Dkt. 1174 at 16–17 (emphasis added)), but it is black-letter law that the "deprivation of a constitutional right" requires "no further showing of irreparable injury." 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, et al., *Federal Practice & Procedure* § 2948.1 (3d ed. 2016). Oracle's argument that this Court's finding "does not implicate" the Seventh Amendment only highlights Oracle's disregard and disrespect for our jury system. *See Jacob v. City of New York*, 315 U.S. 752, 752–53 (1942) (the jury trial right is "fundamental and sacred to the citizen … [and] should be jealously guarded by the courts"). Oracle obviously disagrees with the jury's verdict of innocent infringement—Oracle's own counsel has described the jury's innocence finding as "puzzling" (Dkt. 1134-2 at 39:18–20), and Oracle itself has (successfully) urged this Court to disregard that finding. But that verdict is binding on both the parties and the courts; and disregarding it (as the injunction does) irreparably harms Rimini's constitutional right against reexamination of the jury's verdict.

Next, without even attempting to dispute Rimini's evidence that compliance with the injunction would cost an additional $1–4 million per year, Oracle argues that compliance costs establish irreparable harm only when the costs "will be 'so severe as to cause extreme hardship to the business or threaten its very existence.'" Dkt. 1174 at 18 (quoting *Sterling Commercial Credit-Michigan, LLC v. Phoenix Indus. I, LLC*, 762 F. Supp. 2d 8, 15 (D.D.C. 2011)). But "financial losses" constitute "irreparable injury" *either* "where no adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, *or* where the loss threatens the very existence of the movant's business." *Texas v. EPA*, 829 F.3d 405, 434 (5th Cir. 2016) (emphasis added) (quotation marks omitted) (citing *Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 555 (D.C. Cir. 2015)). Oracle focuses on the latter (Dkt. 1174 at 18–19) but ignores the former. Oracle has not offered to repay these costs in the event the injunction is vacated on appeal, and so these costs are by definition *unrecoverable*.

1  And unrecoverable costs are necessarily irreparable injury. *See Texas*, 829 F.3d at 434.

2              * * *

3  Once again, these are the same injuries that Rimini previously presented to the Ninth Circuit, and which the appellate court necessarily found sufficient to support a stay. In arguing to the contrary, Oracle is simply asking this Court to disagree with the Ninth Circuit.

**C. Oracle Will Not Be Harmed by a Stay**

Oracle has submitted no evidence even suggesting it will be harmed by a stay. Oracle notes that it has "alleged" that "Rimini is currently infringing Oracle's copyrights." Dkt. 1174 at 20–21. But that allegation will be adjudicated in *Rimini II*—which Oracle persuaded this Court to consider separately. Dkt. Nos. 488, 515, 669, 723. These issues cannot and should not be addressed in *Rimini I* in the context of contempt proceedings, as Oracle has threatened. *See* Dkt. 1134-2 at 41:18–22.

Rimini has been in business for thirteen years, eight of them in litigation with Oracle. In all those years, an injunction has been in place for a grand total of *77 days*. In the six years of litigation before the injunction issued, and in the 21 months since the Ninth Circuit stayed the previous injunction, Oracle presented *no* evidence that it has suffered any harm due to the status quo. That silence is deafening. Oracle's vaporous arguments that it might suffer harm from a stay of the injunction are entitled to no weight, as it has failed to come forward with even a scintilla of evidence. The third factor weighs in favor of a stay pending appeal.

**D. The Public Interest Favors a Stay**

A stay is in the public interest because it would allow the Ninth Circuit to determine whether the injunction is unlawful and overbroad before this Court is saddled with serial contempt proceedings and would prevent Oracle from wielding the injunction in its ongoing effort to eradicate competition in the enterprise software service market. Oracle does not deny that it intends to use the injunction in these anticompetitive ways. Nor does it deny that it is using the federal judiciary to impose an uber-license on Rimini and Oracle's own customers according to terms that appear neither in the Copyright Act nor in its customers' licenses.

Oracle's only response is that the general public is enriched if Oracle is incentivized to

"continue to develop software for public use." Dkt. 1174 at 22. This argument makes no sense, because Rimini's software *support* presents no barrier to Oracle developing or licensing its copyrighted *software*. Rimini is not a software company and does not compete with Oracle in the software market. And although Oracle has rights in its software, it has no legal exclusivity in the provision of support services. What Oracle studiously ignores is the interest in competition in the *aftermarket* for software *support*—where Oracle provides terrible service at astronomical prices and a 95 percent profit margin. Competition is urgently needed in the support market, and ensuring Rimini's continued "lawful competition" in that market (*Oracle*, 879 F.3d at 952) is absolutely in the public interest. A stay will benefit the public at large.

### III.  CONCLUSION

The injunction should be stayed pending appeal.

DATED: September 5, 2018

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Mark A. Perry*
             Mark A. Perry

*Attorney for Defendant Rimini Street, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2018, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Mark A. Perry*
 Mark A. Perry

*Attorney for Defendant Rimini Street, Inc.*