UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-(VCF)<br><br>ORDER |

Before the court is defendant Rimini Street, Inc.'s ("Rimini Street") emergency motion to stay enforcement of the recently issued permanent injunction (ECF No. 1166) pending appeal, or alternatively, for a temporary stay. ECF No. 1168.

**I.  Facts and Procedural Background**

This action has an extensive history. In brief, and relevant to the present motion, plaintiff Oracle develops, manufactures, and licenses computer software. Oracle also provides after-license software support services to customers who license its copyrighted software. Defendant Rimini Street is a company that provides similar after-license software support services to customers licensing Oracle's copyrighted software and competes directly with Oracle to provide these services.

///

In 2010, Oracle filed a complaint for copyright infringement against Rimini Street alleging that beginning in 2006, Rimini Street copied several of Oracle's copyright-protected software programs – including Oracle's copyrighted PeopleSoft, J.D. Edwards, and Siebel-branded Enterprise Software products – onto its own computer systems in order to provide after-license software support services to customers who licensed the copyrighted software programs. ECF No. 1. A jury trial was held on Oracle's copyright infringement claim in fall 2015. On October 13, 2015, the jury returned its verdict and found that Rimini Street engaged in copyright infringement on ninety-three of Oracle's copyrighted PeopleSoft, J.D. Edwards, and Siebel-branded Enterprise Software products and awarded Oracle $35.6 million in damages. ECF No. 896. After the jury verdict, Oracle filed a motion for a permanent injunction (ECF No. 900) which was granted by the court (ECF No. 1049). Rimini Street then appealed the jury verdict and court order to the Ninth Circuit Court of Appeals. *See* ECF No. 1078.

On January 8, 2018, the Ninth Circuit issued its decision and opinion on Rimini Street's appeal. *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d 948 (9th Cir. 2018). In its decision, the Ninth Circuit affirmed in-part, reversed in-part, vacated in-part, and remanded in-part the jury's verdict and the court's various orders in this action. In particular, the Ninth Circuit affirmed in full all of the court's and jury's findings related to Oracle's claim of copyright infringement against Rimini Street for all ninety-three copyright registrations at issue in this action and the jury's $35.6 million judgment against Rimini Street for its infringement. *Id*. at 953 ("[W]e affirm the judgment with respect to the copyright infringement claims. We also affirm the remedies with respect to those claims[.]"). However, the Ninth Circuit vacated the permanent injunction and remanded the issue back to this court for the limited purpose of determining whether the court would again issue a permanent injunction in light of the rest of the Ninth Circuit's order. *Id*. at 964-65.

Subsequently, Oracle filed a renewed motion for a permanent injunction (ECF No. 1117) which was granted by the court (ECF No. 1164). A permanent injunction was then issued against Rimini Street on August 16, 2018. ECF No. 1166. Rimini Street appealed the injunction to the

Ninth Circuit Court of Appeals. *See* ECF No. 1167. Thereafter, Rimini Street filed the present motion to stay the permanent injunction pending appeal. ECF No. 1168.

**II. Discussion**

    **A. Stay Pending Appeal**

Rule 62(c) authorizes a district court to stay enforcement of a permanent injunction pending appeal. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). A stay pending appeal is an "extraordinary remedy" that may be awarded only upon a clear showing that an appellant is entitled to such relief. *In re Smith*, 397 B.R. 134, 136 (Bankr. D. Nev. 2008). In determining whether to issue a stay, a court examines several factors including: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits of the appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether a stay will substantially injure the non-moving party; and (4) where the public interest lies. *See Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).

The court has reviewed the documents and pleadings on file in this matter and finds that Rimini Street has not met the standard for a stay of the issued permanent injunction pending appeal. First, the court finds that Rimini Street is not likely to succeed on the merits of its appeal as it relates to the issuance of the permanent injunction. In its motion, Rimini Street raises the same arguments and issues it has raised throughout this action which the court has repeatedly denied as without merit. Rimini Street's failure to raise any new legal or factual arguments that have not already been discounted by the court weighs heavily against Rimini Street's claim that it is likely to succeed on the merits of its appeal. This is especially true in light of the fact that the Ninth Circuit only vacated and remanded the injunction rather than reverse the permanent injunction in its entirety. Further, Rimini Street's motion is premised on an unsupported and extremely narrow reading of the Ninth Circuit opinion that the court has already addressed in its order granting Oracle's motion for a permanent injunction. *See* ECF No. 1164. Thus, Rimini Street is not likely to succeed on the merits of its appeal.

Second, the court finds that Rimini Street has not established any sufficiently irreparable harm absent a stay of the injunction to warrant granting its motion in light of the court's finding

that it is not likely to succeed on its appeal. Throughout this action, Rimini Street has steadfastly represented that an injunction was not necessary to curtail its infringement because it had already changed its business model to a non-infringing alternative in response to the court's summary judgment orders. Further, after the court issued the initial permanent injunction, Rimini Street repeatedly made statements to the public that the injunction would not prohibit its ongoing or future software support services. Thus, Rimini Street's own conduct establishes a lack of irreparable harm.

Finally, the public interest does not support a stay of the underlying injunction. The court has already determined that issuing an injunction in this action ultimately serves the purpose of enriching the general public through access to creative works by giving Oracle an incentive to continue to develop software for public use. *See* ECF No. 1064. Therefore, the court shall deny Rimini Street's motion to stay the recently issued permanent injunction pending the outcome of its appeal.

**B. Temporary Stay**

Rimini Street alternatively requests that, if the court declines to issue a permanent stay pending appeal, the court temporarily stay the injunction for a sufficient period of time to allow it to file a motion to stay with the Ninth Circuit. The court has reviewed Rimini Street's motion and finds good cause for a limited stay. The court recognizes that the present motion was filed concurrently with Rimini Street's notice of appeal and that Rimini Street has stated its intention to file a motion to stay with the Ninth Circuit. The court finds that based on the lengthy history of this action, the prior appellate record, and the fact that there is a second separate action between the parties which will address several of the legal and factual issues raised in the prior appeal, as well as, Rimini Street's alleged ongoing copyright infringement, a temporary stay of the permanent injunction to allow Rimini Street to seek a motion to stay with the Ninth Circuit is warranted. Further, the court finds that Oracle is unlikely to be harmed by a stay at this time as Oracle has not established that it suffered any harm after the Ninth Circuit granted a stay of the previous injunction back in 2016. Therefore, the court shall grant Rimini Street's motion as to a temporary stay.

IT IS THEREFORE ORDERED that defendant's motion for a stay of the permanent injunction pending appeal (ECF No. 1168) is DENIED in accordance with this order. However, the previously issued permanent injunction (ECF No. 1166) is TEMPORARILY STAYED for a period of up to sixty (60) days from the entry of this order to allow defendant Rimini Street, Inc. to obtain a stay pending appeal from the Ninth Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 8(a)(2).

IT IS FURTHER ORDERED that defendant shall file a notice with the court of the ultimate disposition of its motion to stay within five (5) days of the Ninth Circuit's order.

IT IS SO ORDERED.

DATED this 11th day of September, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE