# EXHIBIT 26
# Oracle's Supplemental Requests for Production to Defendant Rimini Street, Inc.
# REDACTED

| | | |
|---|---|---|
| 1 | BOIES SCHILLER FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568) | MORGAN, LEWIS & BOCKIUS LLP<br>JOHN A. POLITO (*pro hac vice*) |
| 2 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 | One Market, Spear Street Tower<br>San Francisco, CA 94105 |
| 3 | Telephone:  702.382.7300<br>Facsimile:  702.382.2755 | Telephone:  415.442.1000<br>Facsimile:  415.442.1001 |
| 4 | rpocker@bsfllp.com | john.polito@morganlewis.com |
| 5 | BOIES SCHILLER FLEXNER LLP<br>WILLIAM A. ISAACSON (*pro hac vice*) | DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*) |
| 6 | KAREN L. DUNN (*pro hac vice*)<br>1401 New York Avenue, NW, 11th Floor | JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION |
| 7 | Washington, DC 20005<br>Telephone:  202.237.2727 | 500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070 |
| 8 | Facsimile:  202.237.6131<br>wisaacson@bsfllp.com | Telephone:  650.506.4846<br>Facsimile:  650.506.7114 |
| 9 | kdunn@bsfllp.com | dorian.daley@oracle.com<br>deborah.miller@oracle.com |
| 10 | BOIES SCHILLER FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*) | jim.maroulis@oracle.com |
| 11 | BEKO O. REBLITZ-RICHARDSON (*pro hac vice*) | *Attorneys for Plaintiffs Oracle USA, Inc.,* |
| 12 | 1999 Harrison Street, Suite 900<br>Oakland, CA 94612 | *Oracle America, Inc., and Oracle International Corp.* |
| 13 | Telephone:  510.874.1000<br>Facsimile:  510.874.1460 | |
| 14 | sholtzman@bsfllp.com<br>brichardson@bsfllp.com | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| 17 | ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Defendants | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S SUPPLEMENTAL REQUESTS FOR PRODUCTION TO DEFENDANT RIMINI STREET, INC.** |

ORACLE'S SUPPLEMENTAL REQUESTS FOR PRODUCTION TO RIMINI STREET

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation (together, "Oracle") hereby request that Defendant Rimini Street, Inc. produce the documents and things specified below for inspection and copying to the offices of Morgan, Lewis & Bockius LLP, located at One Market, Spear Street Tower, San Francisco, California 94105, no later than thirty days from the date of service.

## **DEFINITIONS**

The definitions, instructions, and requirements of Federal Rules of Civil Procedure 26, 34, and 37 are adopted and incorporated by this reference. The following words and phrases shall have the following meanings in these Requests:

1. "Concerning," "Concern(s)," "Relate," "Relating," "Related," or any other derivatives thereof means concerning, relating to, regarding, pertaining to, referring to, respecting, stating, describing, involving, evidencing, constituting, noting, reflecting, containing, embodying, memorializing, mentioning, analyzing, discussing, commenting upon, specifying, listing, summarizing, identifying either directly or indirectly, or having any logical or factual connection with the matter discussed.

2. "Document(s)" is synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including without limitation: non-privileged writings; records or files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; email; instant messages; text messages; telephone message records or logs; computer and network activity logs; data on hard drives; backup data; data on removable computer storage media such as tapes, disks, and cards; printouts; document image files; web pages; databases; spreadsheets; software; hardware; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital records or transcripts; drafts; jottings; and notes. "Document(s)" also includes any copy that differs in any respect from the original or other versions of the Document(s), including copies containing

notations, insertions, corrections, marginal notes, or any other variations.

3. "Environment" means a copy of Oracle Software that results from installation of that Software.

4. "Injunction" means the permanent injunction entered by the Court on August 15, 2018, ECF No. 1066.

5. "Interrogatories" means Oracle's Supplemental Interrogatories to Rimini Street, Inc.

6. "J.D. Edwards Family of Products" means all current and former J.D. Edwards-branded Software and related Software and Support Materials.

7. "Oracle" means Oracle America, Inc. (including its predecessor-in-interest, Oracle USA, Inc.) and Oracle International Corporation.

8. "Oracle Database Family of Products" means all current and former Oracle Database-branded Software and related Software and Support Materials.

9. "Oracle Software" refers to computer programs, applications, environments, and data that were designed, created, developed, sold, or otherwise provided by Oracle, including those of the J.D. Edwards Family of Products, PeopleSoft Family of Products, Siebel Family of Products, and Oracle Database Family of Products.

10. "PeopleSoft Family of Products" means all current and former PeopleSoft-branded Software and related Software and Support Materials.

11. "Person" means any natural person or any business, legal or governmental entity or association.

12. "Siebel Family of Products" means all current and former Siebel-branded Software and related Software and Support Materials.

13. "Software" means computer programs, applications, environments, and data that were designed, created, developed, sold, or otherwise provided by Oracle, including those of the J.D. Edwards Family of Products, PeopleSoft Family of Products, Siebel Family of Products, and Oracle Database Family of Products.

14. "Software and Support Materials" and "Software or Support Materials" mean

software applications, environments and other installations, program updates, software updates, bug fixes, patches, custom solutions, and instructional documents for any families of software products provided by Oracle, including those of the J.D. Edwards Family of Products, PeopleSoft Family of Products, Siebel Family of Products, and Oracle Database Family of Products, regardless of whether any such materials were later modified by any Person, including without limitation a customer or third-party support provider.

15. "You," "Your," and "Rimini" means and refers to Rimini Street, Inc., and, where applicable, any of its current or former predecessors, successors, parents, subsidiaries, divisions, or affiliates, and any officers, directors, employees, contractors, agents, consultants, attorneys, accountants, administrators, or persons or entities acting for, on behalf of, or under control of each of the foregoing.

## INSTRUCTIONS

1. The wording of any Request does not constitute an admission of what the facts or evidence will ultimately show.

2. The following rules of construction shall apply to all Requests:

   a) the use of a word in its singular form shall be deemed to include within its use the plural form;

   b) the connectives "and" and "or" shall be construed either disjunctively or conjunctively, whichever makes the request, definition, or instruction more inclusive;

   c) the terms "any," and "each" shall be construed to encompass "all";

   d) the term "including" means "including but not limited to"; and,

   e) the use of the word "the" shall not be construed as limiting the scope of any request.

3. If You claim any form of privilege as a ground for not producing or for redacting any Document, You shall provide the following information for each Document withheld or redacted:

   a) the Document's preparation date and the date appearing on the

Document;

b) the name, present and last known addresses, telephone numbers, titles (and positions), and occupations of those individuals who prepared, produced, reproduced, and received said Document, including all authors, senders, recipients, "cc" recipients, and "bcc" recipients;

c) the number of pages withheld; and

d) a description sufficient to identify the Document without revealing the information for which the privilege is claimed, including the general subject matter and character of the Document (*e.g.*, letter, memorandum, notes, etc.).

4. If only a portion of a responsive Document is privileged against disclosure, You must produce the responsive non-privileged portion of the Document in redacted form, provided that the redacted material is identified and the basis for the claim of privilege is stated as provided in the preceding Instruction.

5. Unless otherwise specified, the time period covered by the requests is the time period beginning August 14, 2018.

6. Unless otherwise specified, the Documents requested include the responsive Documents in Your actual or constructive possession, control, or custody, and the responsive Documents in the actual or constructive possession, control, or custody of Your attorneys or agents.

7. In the event that any Document called for by these Requests has been destroyed, lost, or otherwise become unavailable, that Document is to be identified as follows: type of document, author, addressor, addressee, recipients of indicated or "blind" copies, date, subject matter, number of pages, attachments or appendices, all Persons believed at any time to have had a copy of the Document, date of destruction or loss, place and manner of destruction or loss, Persons authorizing the destruction of the Document, and Persons destroying or responsible for losing the Document.

8. Pursuant to Federal Rule of Civil Procedure 26(e), Your responses to these

Requests for Production are to be promptly supplemented to include any subsequently acquired Documents and information.

9.      A party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**REQUEST FOR PRODUCTION NO. 1:**

All Documents concerning any changes to Rimini's support processes for Oracle Software and Support Materials that Rimini planned in anticipation of possible entry of the Injunction or made in response to the Injunction.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify all Persons involved with any changes to Rimini's support processes for Oracle Software and Support Materials that Rimini planned in anticipation of possible entry of the Injunction or made in response to the Injunction, including name, title, responsibilities, geographic location, employment status (including part-time or full-time status, and whether You contend an employee or contractor relationship exists), and compensation.

**REQUEST FOR PRODUCTION NO. 3:**

A copy of Rimini's [REDACTED] (including their contents) related to Rimini's support of Oracle Software and Support Materials since November 5, 2018.

**REQUEST FOR PRODUCTION NO. 4:**

Read-only access credentials to all on-line resources used by Rimini to support Oracle Software and Support Materials since November 5, 2018, including without limitation DevTrack, and SharePoint.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Rimini provided to its customers in connection with its support of Oracle Software and Support Materials since November 5, 2018, including without limitation tax and regulatory updates, break fixes, new functionality, documentation, or any other files.

**REQUEST FOR PRODUCTION NO. 6:**

All programs (including any software tools, automated tools or manual processes and programs, and all underlying source code) used or created by Rimini to support Oracle Software and Support Materials since November 5, 2018, including any developed in response to the Injunction or in anticipation of possible entry of the entry of the Injunction.

**REQUEST FOR PRODUCTION NO. 7:**

All policies or memoranda Rimini wrote or developed in response to the Injunction or in anticipation of possible entry of the Injunction regarding Rimini's support practices for Oracle Software and Support Materials, including but not limited to notices to all subsidiaries, affiliates, employees, directors, officers, principals, and agents pursuant to paragraph 1 of the Injunction.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify and show the location of each Oracle Software Environment Rimini has accessed since November 5, 2018.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents reviewed, considered, or referenced in connection with Rimini's preparation of its responses to Oracle's Interrogatories.

DATED: _____, 2019                MORGAN, LEWIS & BOCKIUS LLP


By: _____
John A. Polito
Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc. and Oracle
International Corporation