# EXHIBIT 20
# Rimini's letter to Oracle dated Jan. 23, 2019
# FILED UNDER SEAL

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Eric D. Vandevelde
Direct: +1 213.229.7186
EVandevelde@gibsondunn.com

January 23, 2019

VIA EMAIL

Zachary Hill, Esq.
Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1596

Re: *Oracle USA, Inc., et al. v. Rimini Street, Inc. and Seth Ravin*
Case No. 2:10-cv-0106-LRH-VCF (D. Nev.)

Dear Mr. Hill:

We write in response to your January 2, 2019 letter regarding the Court's injunction in *Rimini I*.

*First,* you assert that Oracle is "concerned about Rimini's compliance" with the injunction, but provide no basis for that concern.  To the extent Oracle believes Rimini has engaged in conduct after the injunction took effect on November 6, 2018, that is not in compliance with the injunction's express terms, please identify that conduct and explain when it was adjudicated during *Rimini I*, with supporting citations, as well as the specific injunction term(s) that you contend address such conduct.

*Second,* your letter asks Rimini to confirm that it does not engage in 20 distinct practices purportedly related to Rimini's provision of software support.  Based on the wide-ranging nature of your list, we are concerned that Oracle is seeking to expand the scope of the injunction to cover conduct not at issue, and therefore never adjudicated, in *Rimini I*.  For example, your letter asks Rimini to confirm that it does not "develop[] a PeopleSoft software update for one Rimini customer and then replicat[e] that update via AFW to multiple Rimini customers."  But as you know, AFW was not at issue in *Rimini I*, at Oracle's own insistence, and is now being litigated in *Rimini II*.  To ensure that your inquiry is properly focused and assist us in evaluating your request, please confirm whether Oracle contends that each of the 20 practices identified in your letter is within the express terms of the injunction, and, if so, please identify when in *Rimini I* the specific conduct was litigated, with supporting citations, as well as the specific injunction term(s) that you contend address each practice.

In addition, based on your list, we have concerns that Oracle is interpreting the injunction to prohibit Rimini's reuse of its own knowledge and work product in service of multiple clients.

# GIBSON DUNN

Zachary Hill, Esq.
January 23, 2019
Page 2


For example, you request that Rimini confirm that it does not "us[e] the results of testing done on a PeopleSoft software environment associated with one Rimini customer to reduce the testing performed for other Rimini customers." The implication is that Oracle believes that if Rimini merely *learns* from performing testing on one licensed client's environment, and then uses that *knowledge* to shorten testing in another licensed client's environment, Rimini has violated the injunction, even if no Oracle code is transferred between clients. Please confirm whether Oracle contends that Rimini's reuse of its own knowledge and work product is prohibited by the injunction, and, if so, identify when in *Rimini I* such conduct was litigated, with supporting citations, as well as the specific injunction term(s) that you contend address such conduct.

**Third**, Rimini will continue preserving documents and information related to its support for PeopleSoft, JD Edwards, Siebel, and Oracle Database. Please confirm that Oracle will also preserve all documents and information upon which it intends to rely in support of any allegation that Rimini is not in compliance with the injunction, and all documents and information used or reviewed by Oracle in evaluating Rimini's compliance.

We look forward to your response, which will assist us in evaluating the other requests set forth in your January 2 letter.


Very truly yours,

Eric D. Vandevelde


cc: Benjamin P. Smith
    John A. Polito
    Sharon R. Smith
    Frank B. Kennamer
    Lucy Wang
    Zachary S. Hill
    Lindsey M. Shinn
    Lisa S. Lee
    William Isaacson

**GIBSON DUNN**

Zachary Hill, Esq.
January 23, 2019
Page 3

    Karen Dunn
    Richard Pocker
    Kathleen Hartnett
    Beko Richardson
    Sean Rodriguez
    Nasrina Bargzie
    Micol Small
    Meryl Governski
    Gabriel Schlabach
    Rebecca M. Abel
    Samuel Ungar
    Ashleigh Jensen

    Jeffrey T. Thomas
    Samuel Liversidge
    Michele L. Maryott
    Joseph A. Gorman
    Casey J. McCracken
    Chris Whittaker
    Jennafer M. Tryck
    Ronald Gomez
    Katie M. Magallanes
    Blake Shinoda
    Daniel R. Adler
    Daniel J. Kuo
    Wesley Sze
    Matthew Sessions
    Amber McKonly
    Tracy A. Morgan