# EXHIBIT 22
# Rimini's letter to Oracle dated Feb. 7, 2019
# FILED UNDER SEAL

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Eric D. Vandevelde
Direct: +1 213.229.7186
EVandevelde@gibsondunn.com

February 7, 2019

VIA EMAIL

Zachary Hill, Esq.
Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1596

Re:   *Oracle USA, Inc., et al. v. Rimini Street, Inc. and Seth Ravin*
      Case No. 2:10-cv-00106-LRH-VCF (D. Nev.)

Dear Mr. Hill:

We write in response to your January 31, 2019 letter regarding the Court's injunction in *Rimini I*.

**First**, as discussed in our January 23, 2019 letter, and further below, while Rimini does not agree with Oracle's overbroad and unsupported interpretation of the injunction, and further believes that the injunction is vague, unlawful, and otherwise legally defective, Rimini believes that it is in compliance with the terms of the injunction insofar as they are comprehensible and within the scope of the judgment in *Rimini I*.  Also, as noted in our January 23 letter, Rimini has been complying, and will continue to comply, with its obligation to preserve documents and other materials related to its support for the Oracle products at issue in the ongoing litigation.

**Second**, you have not responded to our request that Oracle state the basis for its "concern" that Rimini is not in compliance with the injunction, and we renew our request that Oracle first explain the basis for its concern by reference to post-injunction conduct.  We propose that the parties thereafter meet and confer to address any such concern.

**Third**, your letter confirms that Oracle believes that the *Rimini I* injunction covers conduct that indisputably was not litigated in *Rimini I*.  This is contrary to multiple representations that Oracle has made to the district court and the Ninth Circuit, including Oracle's unequivocal representation to Judge Hicks in its renewed motion for a permanent injunction that "Oracle is not asking" for any adjudication of "the issues in dispute in *Rimini II*," and that Oracle is asking only "for a permanent injunction restraining Rimini from continuing to commit the infringement that this Court and the jury have already determined to constitute copyright

**GIBSON DUNN**

Zachary Hill, Esq.
February 7, 2019
Page 2

infringement." Dkt. 1117 at 20 n.3; *see also* Excerpt of Record 220, No. 18-16554, Dkt. 13-2 (9th Cir.) ("[W]e're not asking you to decide *Rimini II*."). Such representations are directly at odds with your recent statements about the injunction, including your claim that Rimini's use of AFW is prohibited by the injunction. *See* Jan. 31, 2019 Letter from Z. Hill at 2. As addressed in Rimini's January 23 letter, the legality of AFW was not litigated in *Rimini I* (at Oracle's insistence). As Rimini has consistently predicted—and as it argued to both the district court and the Ninth Circuit—through the injunction, "Oracle is trying to prevent [Rimini] from engaging in … the very conduct that is at issue in *Rimini II*." Excerpt of Record 440-41, No. 18-16554, Dkt. 13-2 (9th Cir.). Oracle's position is directly contrary to controlling law: An injunction must be "narrowly tailored … to remedy ***only the specific harms shown by the plaintiffs***." *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir 2004) (emphasis added); *see also* 4 *Nimmer on Copyright*, § 14.06[C][1][a] ("[T]he scope of the injunction should be coterminous with the infringement."). Your argument that "regardless of what is at issue in *Rimini II*, the terms of the *Rimini I* injunction remain the same" misses the point—AFW was not litigated in *Rimini I*, and simply cannot be covered by the "terms of the *Rimini I* injunction." Jan. 31, 2019 Letter from Z. Hill at 2. Indeed, although they were not litigated in *Rimini I,* issues related to AFW are central to, and hotly disputed in, *Rimini II*.

As another example, Oracle appears to claim that the injunction prohibits the creation of "derivative works" and "distribution" for every product line. *See id.* at 2–7. But the scope of Oracle's derivative works and distribution rights was not litigated in *Rimini I*; neither the jury nor the district court ever found that Rimini violated those rights. Indeed, at summary judgment in *Rimini I*, Oracle expressly limited its claims to "***only*** the reproduction right." *Rimini I* Dkt. 284 at 9 (emphasis added). Oracle all but admits this in its most recent representations to the Ninth Circuit, arguing *not* that the jury actually decided derivative works (which it plainly did *not*), but, astonishingly, that federal courts possess the "discretion" to enjoin conduct never adjudicated by a jury or a court. *See* Answering Br. 40–41, No. 18-16554 (9th Cir.).

**Fourth**, you ask again for confirmation that Rimini has ceased engaging in a list of 20 practices. The listed practices are vague and overbroad, and you have failed to identify when in *Rimini I* the conduct was litigated (with supporting citations), as we requested. To ensure a productive meet and confer discussion between the parties, we request that Oracle revise its list to include only those specific practices that were adjudicated in *Rimini I*, providing supporting citations to where the conduct was specifically found to infringe Oracle's copyrights.

Moreover, we asked in our January 23 letter that Oracle confirm whether it contends that Rimini's reuse of its own knowledge and work product is prohibited by the injunction, and you failed to respond. This response is critical to the parties' further discussion of the injunction.

**GIBSON DUNN**

Zachary Hill, Esq.
February 7, 2019
Page 3


Indeed, Oracle has asked Rimini to confirm whether it has engaged in certain conduct that Oracle considers prohibited by the injunction, but Rimini does not know—and cannot know—what conduct Oracle is focused on without clarification of this point.

*Fifth*, your letter incorrectly asserts that Rimini "did not respond" to certain of Oracle's requests. Our January 23 letter made clear that Oracle's response to our threshold questions would allow us to evaluate Oracle's requests, and we must reiterate that request in light of your refusal to address most of our questions.

*Sixth*, we do not understand your request that Rimini agree to modify the Protective Order to allow Oracle to use *Rimini II* discovery outside of that case. As you have acknowledged, the injunction did not take effect until November 2018. The *Rimini II* discovery period ended long before that date. Please explain why you believe that discovery in *Rimini II* is relevant to efforts by Oracle to enforce the *Rimini I* injunction, or, in the alternative, provide dates and times to meet and confer on this issue.


Very truly yours,

*[signature]*

Eric D. Vandevelde



cc: Benjamin P. Smith
    John A. Polito
    Sharon R. Smith
    Frank B. Kennamer
    Lucy Wang
    Zachary S. Hill
    Lindsey M. Shinn
    Lisa S. Lee
    William Isaacson
    Karen Dunn
    Richard Pocker
    Kathleen Hartnett
    Beko Richardson

GIBSON DUNN

Zachary Hill, Esq.
February 7, 2019
Page 4

Sean Rodriguez
Nasrina Bargzie
Micol Small
Meryl Governski
Gabriel Schlabach
Rebecca M. Abel
Samuel Ungar
Ashleigh Jensen

Jeffrey T. Thomas
Samuel Liversidge
Michele L. Maryott
Joseph A. Gorman
Casey J. McCracken
Chris Whittaker
Jennafer M. Tryck
Ronald Gomez
Katie M. Magallanes
Blake Shinoda
Daniel R. Adler
Daniel J. Kuo
Wesley Sze
Matthew Sessions
Amber McKonly
Tracy A. Morgan