# EXHIBIT 27
# Oracle's Supplemental Interrogatories to Defendant Rimini Street, Inc.
# FILED UNDER SEAL

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:    702.382.7300
Facsimile:    702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
WILLIAM A. ISAACSON (*pro hac vice*)
KAREN L. DUNN (*pro hac vice*)
1401 New York Avenue, NW, 11th Floor
Washington, DC 20005
Telephone:    202.237.2727
Facsimile:    202.237.6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON
   (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone:    510.874.1000
Facsimile:    510.874.1460
sholtzman@bsfllp.com
brichardson@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
JOHN A. POLITO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:    415.442.1000
Facsimile:    415.442.1001
john.polito@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:    650.506.4846
Facsimile:    650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc., and Oracle
International Corp.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual, Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S SUPPLEMENTAL INTERROGATORIES TO DEFENDANT RIMINI STREET, INC.** |

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs Oracle USA, Inc.,

2    Oracle America, Inc. and Oracle International Corporation (together, "Oracle") hereby request

3    that Defendant Rimini Street, Inc. answer the following interrogatories.

4    <u>**DEFINITIONS**</u>

5    The definitions, instructions, and requirements of Federal Rules of Civil Procedure 26,

6    33, and 37 are adopted and incorporated by this reference.  The following words and phrases

7    shall have the following meanings in these interrogatories:

8    1.    "Concerning," "Concerns," "Relate," "Relating," "Related," or any other

9    derivatives thereof means regarding, pertaining to, referring to, respecting, stating, describing,

10   involving, evidencing, constituting, noting, reflecting, containing, embodying, memorializing,

11   mentioning, analyzing, discussing, commenting upon, specifying, listing, summarizing,

12   identifying either directly or indirectly, or having any logical or factual connection with the

13   matter discussed.

14   2.    "Environment" means a copy of Oracle Software that results from installation of

15   that Software.

16   3.    "Injunction" means the permanent injunction entered by the Court on August 15,

17   2018, ECF No. 1066.

18   4.    "J.D. Edwards Family of Products" means all current and former J.D. Edwards-

19   branded Software and related Software and Support Materials.

20   5.    "Oracle" means Oracle America, Inc. (including its predecessor-in-interest,

21   Oracle USA, Inc.) and Oracle International Corporation.

22   6.    "Oracle Database Family of Products" means all current and former Oracle

23   Database-branded Software and related Software and Support Materials.

24   7.    "Oracle Software" refers to computer programs, applications, environments, and

25   data that were designed, created, developed, sold, or otherwise provided by Oracle, including

26   those of the J.D. Edwards Family of Products, PeopleSoft Family of Products, Siebel Family of

27   Products, and Oracle Database Family of Products.

28   8.    "PeopleSoft Family of Products" means all current and former PeopleSoft-

ORACLE'S SUPPLEMENTAL INTERROGATORIES TO RIMINI STREET

1  branded Software and related Software and Support Materials.

2      9.      "Person" means any natural person or any business, legal or governmental entity

3  or association.

4      10.     "Siebel Family of Products" means all current and former Siebel-branded

5  Software and related Software and Support Materials.

6      11.     "Software" means computer programs, applications, environments, and data that

7  were designed, created, developed, sold, or otherwise provided by Oracle, including those of the

8  J.D. Edwards Family of Products, PeopleSoft Family of Products, Siebel Family of Products, and

9  Oracle Database Family of Products.

10     12.     "Software and Support Materials" and "Software or Support Materials" mean

11 software applications, environments and other installations, program updates, software updates,

12 bug fixes, patches, custom solutions, and instructional documents for any families of software

13 products provided by Oracle, including those of the J.D. Edwards Family of Products,

14 PeopleSoft Family of Products, Siebel Family of Products, and Oracle Database Family of

15 Products, regardless of whether any such materials were later modified by any Person, including

16 without limitation a customer or third-party support provider.

17     13.     "You," "Your," and "Rimini" means and refers to Rimini Street, Inc., and, where

18 applicable, any of its current or former predecessors, successors, parents, subsidiaries, divisions,

19 or affiliates, and any officers, directors, employees, contractors, agents, consultants, attorneys,

20 accountants, administrators, or persons or entities acting for, on behalf of, or under control of

21 each of the foregoing.

22                              **INSTRUCTIONS**

23     1.      A party's full or abbreviated name or a pronoun referring to a party means

24 the party and, where applicable, its officers, directors, employees, partners, corporate parent,

25 subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any

26 person who is not a party to the litigation.

27     2.      The wording of any interrogatory does not constitute an admission of what the

28 facts or evidence will ultimately show.

ORACLE'S SUPPLEMENTAL INTERROGATORIES TO RIMINI STREET

3.      The following rules of construction shall apply to all interrogatories:

     a)   The use of a verb in any tense shall be construed as the use of that verb in all other tenses.

     b)   the use of a word in its singular form shall be deemed to include within its use the plural form;

     c)   the connectives "and" and "or" shall be construed either disjunctively or conjunctively, whichever makes the interrogatory, definition, or instruction more inclusive;

     d)   the terms "any," and "each" shall be construed to encompass "all";

     e)   the term "including" means "including but not limited to"; and,

     f)   the use of the word "the" shall not be construed as limiting the scope of any interrogatory.

4.      These Interrogatories are to be considered continuing in nature, and Rimini must promptly furnish supplemental responses if any additional responsive information is discovered or created after Rimini's responses are tendered, or if any of Rimini's responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

5.      Unless otherwise specified, the time period covered by these Interrogatories is the time period beginning August 14, 2018.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

For each of paragraphs 2 through 15 of the Injunction, and separately for each sub-paragraph (e.g., separately for paragraphs 2.a and 2.b), state whether Rimini made any changes to its support processes in response to the Injunction or in anticipation of possible entry of the Injunction, and if so describe those changes.

**INTERROGATORY NO. 2:**

Identify every Person involved in developing or implementing any changes to Rimini's support practices for Oracle Software and Support Materials in response to the Injunction or in anticipation of possible entry of the Injunction, including a description of each Person's role in

ORACLE'S SUPPLEMENTAL INTERROGATORIES TO RIMINI STREET

1  developing or implementing such changes.

2  **INTERROGATORY NO. 3:**

3      Describe any changes made to Rimini's automated processes in connection with Oracle

4  Software and Support Materials in response to the Injunction or in anticipation of possible entry

5  of the Injunction, including without limitation Rimini's Automated Framework program and

6  CodeAnalyzer program.

7  **INTERROGATORY NO. 4:**

8      Describe any programs (including any software tools, automated tools or manual

9  processes and programs, and all underlying source code) that Rimini developed or implemented

10  for use in the processes by which Rimini (or anyone acting on Rimini's behalf) provides support

11  services for Oracle Software and Support Materials that were in use after November 5, 2018.

12  **INTERROGATORY NO. 5:**

13      Describe the processes by which Rimini (or anyone acting on Rimini's behalf) designs

14  and develops fixes and updates in the course of providing support services for Oracle Software

15  and Support Materials since November 5, 2018, including a description of any changes to these

16  processes in response to the Injunction or in anticipation of possible entry of the Injunction.

17  **INTERROGATORY NO. 6:**

18      Identify all of the tax and regulatory updates, break fixes, new functionality,

19  documentation, or any other files that Rimini provided to customers for Oracle Software and

20  Support Materials since November 5, 2018, including the names of the files, the customers to

21  whom they were provided, the Persons who were involved in developing or testing them, the

22  associated Oracle product line, product, and version, and the dates when they were provided to

23  each customer.

24  **INTERROGATORY NO. 7:**

25      Identify any and all employees and contractors that Rimini hired in response to the

26  Injunction or in anticipation of possible entry of the Injunction, including name, title, job

27  responsibilities, geographic location, part-time or full-time status, and compensation.

28

ORACLE'S SUPPLEMENTAL INTERROGATORIES TO RIMINI STREET

1     **INTERROGATORY NO. 8:**

2         Describe in detail Rimini's relationship with any third-party hosting providers during the

3     period after November 5, 2018, including without limitation Tierpoint, LLC (formerly known as

4     Windstream Hosted Solutions) and any entities contracted by Rimini's customers.

5     **INTERROGATORY NO. 9:**

6         Identify by customer each Oracle Software Environment Rimini accessed on or after

7     November 5, 2018, and whether the Oracle Software Environment is located on Rimini's

8     systems, on the customer's systems, or on third-parties' systems (for example Tierpoint, LLC,

9     formerly known as Windstream Hosted Solutions).

10     **INTERROGATORY NO. 10:**

11         Identify, in the same format Rimini responded to Oracle's Interrogatory No. 27, each of

12     Rimini's former and current customers for which Rimini has provided support or other services

13     or products in connection with any Oracle Software and Support Materials since November 5,

14     2018, including the customer's product line, start date, end date (if applicable), and the name the

15     customer used when executing any contract in connection with any of the Software and Support

16     Materials.

17

18

19

20     DATED:           , 2019          MORGAN, LEWIS & BOCKIUS LLP

21

22                                   By:_____

23                                        John A. Polito
                                 Attorneys for Plaintiffs Oracle USA, Inc.,

24                                Oracle America, Inc. and Oracle International
                                           Corporation

25

26

27

28

ORACLE'S SUPPLEMENTAL INTERROGATORIES TO RIMINI STREET