# EXHIBIT 3
# Excerpts of *Rimini I* Hearing Transcript, dated May 25, 2016

```
                                                                          1

               UNITED STATES DISTRICT COURT
                    DISTRICT OF NEVADA
       BEFORE THE HONORABLE LARRY R. HICKS, DISTRICT JUDGE


ORACLE USA, INC., a Colorado        :
corporation; ORACLE AMERICA,        :
INC., a Delaware corporation;       :
and ORACLE INTERNATIONAL            :No. 2:10-cv-0106-LRH-VCF
CORPORATION, a California           :
corporation,                        :
                                    :
        Plaintiffs,                 :
                                    :
    vs.                             :
                                    :
RIMINI STREET, INC., a Nevada       :
corporation; and SETH RAVIN,        :
an individual,                      :
                                    :
        Defendants.                 :
_____:



                   TRANSCRIPT OF MOTION HEARING


                         May 25, 2016


                         Reno, Nevada




 Court Reporter:        Donna Davidson, RDR, CRR, CCR 318
                        Certified Realtime Reporter
                        400 South Virginia Street
                        Reno, Nevada  89501
                        (775) 329-0132
```

1     THE COURT:  All right.
2     MR. PERRY:  Thank you.
3     THE COURT:  Thank you.
4     Let's see.  We probably should take a short
5  break before we turn to Oracle's reply argument.  Let's
6  take approximately 10 minutes and reconvene at that time.
7     Madam Clerk, let me know when everyone's ready
8  to go.
9     COURTROOM ADMINISTRATOR:  Yes, Your Honor.
10    Please rise.
11    (Recess from 2:38 p.m. until 2:51 p.m.)
12    THE COURT:  Have a seat, please.
13    The record will show that we're reconvened after
14 an afternoon break.
15    And, Mr. Hixson, it's your opportunity to
16 present Oracle's reply argument.
17    MR. HIXSON:  Thank you, Your Honor.
18    I began this afternoon by talking about the
19 right to exclude and Oracle's exclusive rights under
20 Section 106 of the Copyright Act.  And so I'll begin reply
21 arguments on there as well.
22    And I thought that opposing counsel offered a
23 useful analogy when he talked about a landowner, physical
24 land, as opposed to an intangible property right, like a
25 copyright, and he talked about a trespasser who comes on to

1   often very difficult to quantify, and that difficulty in
2   quantification of the lost profits is one reason why this
3   injury to lost profits, to goodwill, to reputation is often
4   deemed an irreparable harm.
5           But Rimini Street is absolutely wrong in saying
6   that the jury rejected causation or that the jury didn't
7   think the infringement harmed Oracle.  The jury did
8   quantify and find causation and harm to Oracle based on
9   Jury Instructions No. 28 and 30.  So there was that
10  causation here.
11          Next Rimini Street quibbles with some of the
12  terms in the proposed injunction that we have, and they
13  identify one dealing with cloud computing.  I'm not going
14  to address all the points that they raised in their papers
15  because I addressed some of them earlier today.
16          But this goes to where we're asking for an
17  injunction that is fully in line with what was litigated.
18  We want an injunction saying that they can only use the
19  software on the customer's own facilities and that for JDE
20  and Siebel it could be at a third party if it's for a
21  backup or archive purposes.
22          That comes right from this Court's summary
23  judgment orders, docket 474, your February 2014 summary
24  judgment order.  You held that, quote, Section 1.1 of the
25  license grants the City of Flint a license to use the

1   licensed software, solely for the customer's internal data
2   processing operations at its facilities.
3           You then went on to say that Section 1.2(b)(i)
4   expressly limits copying the licensed software only to the
5   City of Flint's facilities.
6           And likewise on page 21, you addressed JD
7   Edwards, and on page 24 you addressed Siebel, both saying
8   that the use was restricted to the customers' facilities
9   except for third-party archive and backup copies.
10          We are asking you for an injunction entering
11  that order, what you already ruled two years ago on summary
12  judgment, consistent with the jury instruction as -- again
13  as well.
14          I acknowledge that cloud computing is at issue
15  in *Rimini II* and it wasn't at issue in *Rimini I*.  But we're
16  entitled to an injunction that codifies what you already
17  ruled.  And then in *Rimini II* we can fight with each other
18  whether cloud constitutes the customers' facilities.  We
19  don't believe it does.  But that's the fight we can have in
20  *Rimini II*.
21          But the fact that cloud computing might be in
22  *Rimini II* doesn't mean that you should stop and not enter
23  an injunction based on decisions you've already made,
24  conduct that was already adjudicated in *Rimini I*.  That's
25  what we're asking you to do, and our proposed injunction

1   tracks that.
2           Next Rimini says that there shouldn't be a
3   permanent injunction because we never moved for a
4   preliminary injunction.  But that request doesn't make any
5   sense.
6           Courts have held that whether or not a party
7   seeks a preliminary injunction has nothing to do with a
8   permanent injunction.  We've cited the Second Circuit's
9   decision in *Louis Vuitton*, and we cited the *Capitol Records*
10  case in our papers as well.
11          We moved for a permanent injunction as soon as
12  we were entitled to ask for one, which was after we had
13  prevailed on the merits on a jury trial.  We moved as fast
14  as we could.  We asked for expedited briefing.  We made
15  every effort to seek this permanent injunction.
16          Undoubtedly if we had moved for a preliminary
17  injunction, Rimini would have opposed on the grounds that
18  there were too many contested facts and we can't do that
19  before the trial.  We asked for the relief that we're
20  seeking at the earliest possible opportunity.
21          And, lastly, I do want to address the
22  disposition question that counsel raised at the start of
23  his remarks.
24          Section 503(b) does not require only the
25  destruction of infringing materials.  It says it can

1    the importance of being able to give you a decision on
2    these matters as soon as reasonably possible.  And that's
3    what I will do.
4             I wish I could give you a timetable, but I
5    really can't, given the complexities that I just mentioned.
6             So all of that stated, I want to thank you all
7    for being here.  I appreciate the obvious interest on both
8    sides.  I'm well aware of it, obviously, after five weeks
9    in trial and, what is it now, six years of litigation.
10            But I will hope to get back to you as soon as I
11   can.  Thank you very much.
12            Court will be in recess.
13            COURTROOM ADMINISTRATOR:  Please rise.
14        (The proceedings concluded at 3:10 p.m.)
15                      *   *   *

148

1              -o0o-

2     I certify that the foregoing is a correct

3     transcript from the record of proceedings

4     in the above-entitled matter.

5

6     *[signature: Donna Davidson]*                    5/31/16

7     Donna Davidson, RDR, CRR, CCR #318        Date
      Official Reporter