| | | |
|---|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP<br>MARK A. PERRY (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 11101<br>Telephone: 202.955.8500<br>mperry@gibsondunn.com | BOIES SCHILLER FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone:   702.382.7300<br>Facsimile:    702.382.2755<br>rpocker@bsfllp.com |
| 5 | GIBSON, DUNN & CRUTCHER LLP<br>JEFFREY T. THOMAS (*pro hac vice*)<br>BLAINE H. EVANSON (*pro hac vice*)<br>JOSEPH A. GORMAN (*pro hac vice*)<br>CASEY J. MCCRACKEN (*pro hac vice*)<br>3161 Michelson Drive<br>Irvine, California 92612-4412<br>Telephone: 949.451.3800<br>bevanson@gibsondunn.com<br>jgorman@gibsondunn.com | BOIES SCHILLER FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>1401 New York Avenue, NW, 11th Floor<br>Washington, DC 20005<br>Telephone:   (202) 237-2727<br>Facsimile:    (202) 237-6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com |
| 10 | GIBSON, DUNN & CRUTCHER LLP<br>SAMUEL G. LIVERSIDGE (*pro hac vice*)<br>ERIC D. VANDEVELDE (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, California 90071-3197<br>Telephone: 213.229.7000<br>sliversidge@gibsondunn.comlive<br>evandevelde@gibsondunn.com | BOIES SCHILLER FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>BEKO O. REBLITZ-RICHARDSON<br>   (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone:   510.874.1000<br>Facsimile:    510.874.1460<br>sholtzman@bsfllp.com<br>brichardson@bsfllp.com |
| 15 | RIMINI STREET, INC.<br>DANIEL B. WINSLOW (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566<br>Telephone: (925) 264-7736<br>dwinslow@riministreet.com | MORGAN, LEWIS & BOCKIUS LLP<br>BENJAMIN P. SMITH (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>SHARON R. SMITH (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone:   415.442.1000<br>Facsimile:    415.442.1001<br>benjamin.smith@morganlewis.com<br>john.polito@morganlewis.com<br>sharon.smith@morganlewis.com |
| 18 | RIMINI STREET, INC.<br>JOHN P. REILLY (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: (336) 908-6961<br>jreilly@riministreet.com | |
| 21 | HOWARD & HOWARD ATTORNEYS PLLC<br>W. WEST ALLEN (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV 89169<br>Telephone: (702) 667-4843<br>wwa@h2law.com<br><br>*Attorneys for Defendants*<br>*Rimini Street, Inc. and Seth Ravin* | DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:   650.506.4846<br>Facsimile:    650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com<br><br>*Attorneys for Plaintiffs Oracle USA, Inc.,*<br>*Oracle America, Inc., and Oracle*<br>*International Corp.* |

JOINT MEMORANDUM OF POINTS AND AUTHORITIES RE ORACLE'S MOTION TO SEAL
CASE NO. 2:10-CV-00106-LRH-VCF

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>**JOINT MEMORANDUM OF POINTS AND AUTHORITIES RE ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S MOTION TO PERMIT LIMITED DISCOVERY REGARDING RIMINI'S COMPLIANCE WITH THE COURT'S PERMANENT INJUNCTION AND POLITO DECLARATION EXHIBITS** |

**JOINT MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Judge Ferenbach's direction at the April 4, 2019 hearing, the parties file this joint Memorandum in support of Oracle's Motion to Seal certain portions of Oracle's Motion to Permit Limited Discovery Regarding Rimini's Compliance with the Court's Permanent Injunction ("Oracle's Motion") and certain exhibits to the Declaration of John Polito. *See* ECF No. 1200. This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*. *See*, *e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107; *see also Rimini II*, Case No. 2:14-cv-1699, ECF Nos. 127, 137, 222, 280–282, 287, 333–334, 371, 391, 434–436, 602, 625–628, 760–768, 836–849, 1122, 1191.

Oracle's Motion and Exhibits 1, 2, 4, 9, and 11–13 to the Polito Declaration contain information Rimini has designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order governing confidentiality of documents, entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure.

Oracle takes no position on whether filing the redacted portions of the Motion and Exhibits publicly would cause Rimini harm. The statements herein characterizing the confidentiality or importance of Exhibits 1, 2, 4, 9, and 11–13 are Rimini's alone, and Oracle takes no position on them. Rimini does not seek to seal exhibits 19–22 or 26–27, as originally requested in Oracle's Motion. Attached hereto as Ex. A is a revised public version of Oracle's Motion, which contains revised redactions to account for this change.

**I.   ARGUMENT**

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Rimini has designated as confidential certain documents filed in support of Oracle's Motion because they contain (1) confidential information about Rimini's proprietary processes; (2) confidential personal information about Rimini employees; and (3) sensitive client information.

### A. Client or Employee Confidential Information

Rimini moves to seal proprietary client information—including the software clients run and how they permit it to be serviced—as well as personal information of Rimini employees. This information is reflected in the following documents: Polito Declaration Exhibits 1, 2, 11, and 13.

These exhibits include information about the fact of clients' relationships with Rimini, as well as clients' specific dealings with Rimini and Oracle. For instance, Exhibit 2, which Rimini designated as confidential, contains various client information, including the identities of Rimini's clients and the type of software those clients run. Under the Protective Order, "customer information, data, or lists" and "marketing information, plans, and strategies" are properly designated as confidential. ECF No. 55 ¶ 3. Additionally, Rimini's client list is confidential and is a trade secret of Rimini, and the public disclosure of the identity of its clients would cause it competitive harm. Failing to seal references to these clients would provide Rimini's competitors with a direct competitive advantage by, among other things, allowing those clients to be targeted and potentially poached more easily. *See, e.g., MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 521 (9th Cir. 1993) ("The Customer Database has potential economic value because it allows a competitor . . . to direct its sales efforts to those potential customers that are already using the MAI computer system").

Further, Rimini's clients are non-parties against which Oracle has taken no legal action, and many of these clients expect their dealings with Rimini to be kept confidential. In fact, Rimini's agreements with its clients contain confidentiality provisions protecting such information from public disclosure. Rimini's clients have an expectation of confidentiality regarding the fact of their relationship with Rimini and the information they convey to Rimini. These clients' expectations of confidentiality outweigh any countervailing public interest in knowing this proprietary client information.

Exhibits 1, 11, and 13, all designated as confidential by Rimini, contain sensitive information regarding Rimini employees. For instance, Exhibit 1 contains a discussion of a Rimini employee's personal financial contribution to a company. Under the Protective Order,

"confidential personnel information" and "personally sensitive" information are properly designated as confidential. ECF No. 55 ¶ 3. Exhibits 11 and 13 are both deposition transcripts in which individual employees detail their educational and employment backgrounds, including reasons for leaving previous positions. All of this information is personally sensitive. Further, these employees' expectations of confidentiality outweigh any countervailing public interest in knowing this confidential information.

This Court has previously granted motions to file under seal similar information. *See*, *e.g.*, *Rimini II*, Case No. 2:14-cv-1699, ECF Nos. 845–846, 1191. For all of these reasons, Rimini requests that its clients' and employees' confidential information be sealed.

### B. Highly Confidential Information about Rimini's Proprietary Processes

Rimini also moves to seal proprietary information regarding the ways in which Rimini provides services to its clients and runs its business operations. This information is reflected in portions of Oracle's Motion, as well as the Polito Declaration, Exhibits 4, 9, and 12.

Exhibits 9 and 12 contain detailed information about Rimini's proprietary technical processes. Rimini designated each of these as highly confidential. Under the Protective Order, "all non-public information" regarding "business plans" or "proprietary technical information and specifications" are properly designated confidential, and "extremely sensitive . . . non-public information" including trade secrets are properly designated as highly confidential. Exhibit 9 contains details information regarding Rimini's proprietary technical support processes and policies. Exhibit 12 similarly includes proprietary information regarding Rimini's technical support processes. Disclosure of this information would provide Rimini's competitors with a competitive advantage, disclosing trade secrets that would allow Rimini's competitors to adopt methods that have made Rimini successful, and more easily allow them to compete in the third-party software service marketplace. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 105793, at *2 (D. Nev. Jan. 7, 2015) (granting motion to seal where documents "contain[ed] information that could injure Plaintiffs' competitive posture in the . . . industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice,

trade secret, and technical information that could injure the parties' competitive posture"); *Clark v. Metro. Life Ins. Co.*, 2010 WL 1006823, at *1 (D. Nev. Mar. 16, 2010) (granting motion to seal materials that would "bring attention to MetLife's confidential internal business deliberations, organization, and capabilities").

In addition, Exhibits 4 and 9 were designated as highly confidential in a separate case, *Oracle USA, Inc. v. SAP AG*, and they contain non-public confidential or proprietary information related to TomorrowNow's business processes and transactions. The parties are not in a position to file these exhibits publicly.

This Court has previously granted motions to file under seal portions of documents containing this type of confidential information. *See*, *e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107; *see also Rimini II*, Case No. 2:14-cv-1699, ECF No. 627. Sealing references to Rimini's proprietary information will not frustrate the public's visibility into the judicial process because Rimini requests the targeted sealing of particularly sensitive information and leaves all other documents unsealed.

## II.   CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court grant leave to file under seal the documents filed in support of Oracle's Motion.

Dated: April 11, 2019

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Eric D. Vandevelde*
       Eric D. Vandevelde

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

Dated: April 11, 2019

                            MORGAN, LEWIS & BOCKIUS LLP

                            By:  */s/ John A. Polito*
                                John A. Polito

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation.*

## **ATTESTATION OF FILER**

The signatories to this document are John A. Polito and me, and I have obtained Mr. Polito's concurrence to file this document on his behalf.

Dated: April 11, 2019

                            GIBSON, DUNN & CRUTCHER LLP

                            By:  */s/ Eric D. Vandevelde*
                                Eric D. Vandevelde

103263035.12

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

Dated: April 11, 2019

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Eric D. Vandevelde
Eric D. Vandevelde

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

103263035.12