# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br><br>                    Plaintiffs,<br><br>vs.<br><br>RIMINI STREET, INC., *et al.*,<br><br>                    Defendant. | 2:10-CV-0106-LRH-VCF<br>**ORDER** |

Before the court is the Motion to Seal Portions of Oracle's Motion to Permit Limited Discovery Regarding Rimini's Compliance with the Court's Permanent Injunction (ECF No. 1200). The court held a hearing on April 4, 2019, and ordered the parties to file joint supplement as to why the instant motion should be sealed. (ECF No. 1215).

The Federal Rules of Civil Procedure permit the court in which an action is pending to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression or undue burden or expense" upon motion by a party or a person from whom discovery is sought. Fed. R. Civ. Pro. 26(c). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In the Ninth Circuit, there is a strong presumption towards public access to judicial records. *See id*. at 1178.

Here, no joint supplement was filed.

Accordingly,

IT IS HEREBY ORDERED that the Motion to Seal Portions of Oracle's Motion to Permit Limited Discovery Regarding Rimini's Compliance with the Court's Permanent Injunction (ECF No. 1200) is DENIED.

DATED this 18th day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE