# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>　　　　　　Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>**[PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER** |

Pending before this Court is the Joint Proposed Discovery Plan submitted by Plaintiffs Oracle America, Inc. and Oracle International Corp. (collectively, "Oracle") and Defendants Rimini Street, Inc. and Seth Ravin (collectively, "Rimini"; all parties collectively, "Parties"). Having considered the Parties' respective positions therein, and good cause existing:

IT IS HEREBY ORDERED THAT:

(a) The Parties shall engage in staged discovery consisting of two phases.

(b) In the first phase ("Phase 1"), Oracle may serve the following written discovery regarding any changes Rimini made to its software support processes after the

Court's entry of the Permanent Injunction Against Defendant Rimini Street, Inc. (ECF No. 1166) (the "Injunction):

1. A request for production of non-privileged documents sufficient to show the changes to Rimini's support processes for PeopleSoft and JD Edwards made in response to the Injunction;

2. A request for production of non-privileged policies or memoranda Rimini created and promulgated in response to the Injunction regarding Rimini's support practices for PeopleSoft and JD Edwards;

3. A request for production of AFW records stored in the AFW database that reflect what has changed after the date of the Injunction, to the extent it is technically feasible for Rimini to do so, and if it is not, the parties will meet and confer to reach a reasonable solution;

4. An interrogatory seeking a list of updates to PeopleSoft and JD Edwards software that Rimini developed after November 5, 2018, identifying the updates, the related product lines, and the clients to whom Rimini distributed the updates; and

5. An interrogatory seeking a list of Rimini's clients that, for the period after November 5, 2018, have chosen to host their Oracle software in the cloud, to the extent Rimini is able to identify this information from Remote Access Documents or Statements of Work for its clients.

(c) After production of documents and information responsive to the written discovery in Section (b)(1)–(5), above, Oracle may also take one half-day (3.5 hours) deposition, pursuant to Federal Rule of Civil Procedure 30(b)(6), concerning changes Rimini made to its PeopleSoft support processes in response to the Injunction.

(d) At the conclusion of Phase 1 of discovery, and if it believes further discovery is warranted, Oracle may serve a Motion for Further Discovery.

(e) If Oracle files a Motion for Further Discovery, the Court will hold a hearing on Oracle's motion to determine whether good cause exists to order the parties to engage in a second, further phase of discovery ("Phase 2"). If there is good cause showing, the Court will enter a schedule and plan for Phase 2 of discovery and any motion practice, including, if necessary, a Motion for an Order to Show Cause relating to Rimini's compliance with the Injunction.

(f) The schedule for Phase 1 is as set forth below:

| Discovery Event | Date |
|---|---|
| Phase 1 Discovery begins | Date of entry of this Order |
| Deadline to Serve Written Discovery | 30 days from date of entry of this Order |
| Deadline to Complete Document Productions | 60 days from service of written discovery |
| Close of Phase 1 Discovery | 45 days after completion of document productions |
| Deadline for Oracle to file Motion for Further Discovery | 15 days after close of Phase 1 Discovery |

IT IS SO ORDERED.

Dated: _____

By: _____
Hon. Cam Ferenbach
United States Magistrate Judge