# EXHIBIT 3

[Letter from Kathleen R. Hartnett to Eric D. Vandevelde, dated April 22, 2019]




April 22, 2019

**VIA EMAIL**

Eric D. Vandevelde, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
evandevelde@gibsondunn.com

Re: *Oracle USA, Inc. et al. v. Rimini Street, Inc. & Seth Ravin*
Case No. 2:10-cv-0106-LRH-VCF (D. Nev.)

Dear Mr. Vandevelde:

I write regarding the parties' Proposed Discovery Plan and Scheduling Order, Oracle's April 11 letters, your April 17 letter, and the April 18 meet and confer. You, Amber McKonly, Jennafer Tryck, Casey McCracken, and Chris Whittaker participated in the April 18 meet and confer for Rimini and Ravin, and Beko Reblitz-Richardson, Zack Hill, John Polito, Lindsey Shinn, and I participated for Oracle.

The claim in your April 17 letter that Oracle is somehow putting the "cart before the horse" by seeking discovery is meritless. Magistrate Judge Ferenbach has ordered discovery regarding Rimini's compliance with the Injunction (ECF No. 1166, the "Injunction"). The question now is only scope and timing. Oracle's briefing seeking that discovery explained in detail the basis for its concerns. Oracle's January 2 letter identified specific practices that would violate the Injunction. The Injunction reflects the litigated *Rimini I* rulings and determinations, including the interpretation of unambiguous provisions of Oracle's licenses. Yet, despite Oracle's repeated requests, and the Court's order of discovery, Rimini still has not stated or explained the extent to which it is engaging in any of those practices.

Likewise meritless is Rimini's proposal to delay certain discovery and any contempt proceedings until "after the appeal of the injunction has concluded." Both the district court and the Ninth Circuit have denied, unequivocally, Rimini's motion to stay the injunction. Noncompliance with the injunction while it is in force—regardless of the outcome of Rimini's appeal—is grounds for contempt. Rimini's proposed approach is also contrary to both Magistrate Judge Ferenbach's direction and Mr. Perry's statements to the Court. Your April 17 letter selectively quotes from the April 4 hearing transcript, misrepresenting what was discussed and ordered. Magistrate Judge Ferenbach directed the parties to submit "a discovery plan and scheduling order that includes a discovery



cutoff date and then a date for filing a contempt motion ….” Tr. 60:16-18. He otherwise stated that the parties proceed with discovery in stages. Tr. 39:12-14. He gave no indication that any discovery or contempt proceedings would be stayed pending a decision by the Ninth Circuit. Moreover, Mr. Perry took the opposite position in court, saying "we got it," discovery "is going to be permitted," and proposing that the counsel sort out "what's even available, what's burdensome and what's not, and come back to the Court if we have any disputes." Tr. 54:22-24, 55:2-3. Mr. Perry went so far as to say Oracle "should just bring a contempt proceeding and we'll deal with that." Tr. 30:16-20. Accordingly, the time for discovery and a proposed contempt hearing date is now.

Your letter also demands that Oracle state its positions "based on *Rimini II* discovery or otherwise." Since your letter—inexplicably and contrary to Mr. Perry's representations to the Court, discussed further below—continues to oppose Oracle's use of *Rimini II* discovery in *Rimini I*, Oracle does not refer to non-public *Rimini II* discovery in this letter.

Regarding the seven items included in my April 11 letter, which we discussed during the April 18 meet and confer:

***First***, we asked whether Rimini will agree to provide an updated AFW database production that includes all records created or modified on or after November 5, 2018 and read-only access to DevTrack. As explained in my letter, that information would help streamline and inform our discovery. Rimini provided copies of its developer tools and access to DevTrack in *Rimini I*, and Oracle's experts relied upon that evidence when assessing the extent of Rimini's infringement, including the scope of Rimini's unlawful cross-use. Information from these sources is relevant to assessing whether Rimini is violating paragraphs 3, 4, and 6 of the Injunction. DevTrack contains information such as a list of updates by Oracle software product line, together with descriptions and information about intended recipients, along with functional specifications, technical specifications, testing information, and other business records relevant to assessing the extent to which Rimini continues to create derivative works in violation of the Injunction. AFW records (including those produced by Rimini in 2014, prior to the filing of *Rimini II*) provide further information about Rimini's development processes and document its acts of distribution. During the April 18 meet and confer, Rimini's counsel agreed to consider whether Rimini will produce all AFW records created or modified on or after November 5, 2018, and whether Rimini is willing to do so now. Rimini's counsel refused to agree that Oracle may use its existing access to DevTrack, but identified zero burden in permitting Oracle to do that. We urge you to promptly produce the AFW records and to reconsider your position regarding DevTrack.



***Second***, we asked whether Rimini has, since November 5, 2018, used any non-Oracle software other than AFW and DevTrack in connection with Rimini's development of software updates, patches, and fixes for the Oracle software products at issue in the Injunction. Your April 17 letter identified an online resource named Jira. During the April 18th meet and confer, we requested additional information regarding Rimini's use of Jira, including when that began, the relevant products, and whether any data in Jira would be duplicative of AFW and/or DevTrack. Rimini's counsel responded that Rimini currently uses both Jira and DevTrack, and Rimini likely has been using both since November 5, 2018. Rimini's counsel refused to provide Oracle access to Jira and DevTrack at this time. We asked you to investigate the extent to which Jira includes additional information not available in DevTrack, so that we can further assess whether any production from Jira is necessary.

***Third***, we asked you to identify any discovery requests included with Oracle's motion to which Rimini would not object. We are considering your written response and our April 18 meet and confer discussion as we review Oracle's discovery requests. We disagree with the suggestion in your letter that Rimini may unilaterally refuse to answer interrogatories at this time, which is inconsistent with Mr. Perry's representations to the Court.

***Fourth***, Rimini has once again refused to respond to our request in our January 2 letter that Rimini provide information regarding whether and the extent to which it is engaging in specific practices that violate the Injunction. Responses to these questions would inform any stipulated facts, which Magistrate Judge Ferenbach requested. Given Rimini's continuing refusal to respond, Oracle may serve interrogatories and other discovery seeking this information.

***Fifth***, we requested information regarding Rimini's continued access to cloud-hosted Oracle software and support materials. Rimini counsel admitted in open court that Rimini continues using cloud servers for certain Rimini customers notwithstanding the injunction. Tr. 19:22-20:1. Yet, in your April 17 letter and during the April 18 meet and confer, Rimini refused to provide the specific information Oracle has requested, going so far as to suggest that Rimini may not be able to obtain this information. Rimini's continued copying and use of cloud-hosted environments containing Oracle software and support materials bears directly on the Injunction, including paragraph 5, which bars Rimini from using PeopleSoft software on any computer other than a specific licensee's own computer systems. Your suggestion that Rimini "does not even know in many cases whether clients host in the cloud" is not credible given that Rimini "migrated" Oracle software environments to Windstream. It also is inconsistent with Mr. Perry's representations to the Court discussed above. There is no basis for Rimini to refuse to provide this information. This information would inform any stipulated facts, which



Magistrate Judge Ferenbach requested. Given Rimini's continuing refusal to respond, Oracle will serve interrogatories and other discovery seeking this information.

***Sixth***, we requested that Rimini provide a list of all updates to Oracle software that Rimini generated or distributed during that period of November 5, 2018 to the present. We requested this information in part so that we can assess the feasibility of sampling, as requested by Magistrate Judge Ferenbach. During the April 18 meet and confer, Rimini requested that we serve an interrogatory or send a letter describing this request. Oracle will serve interrogatories and other discovery requesting this information.

***Seventh***, Oracle requested that Rimini preserve copies of all updates to the relevant Oracle software products delivered on or after April 9, 2019. During the April 18 meet and confer, Rimini confirmed that it is not doing so. Oracle is evaluating all appropriate options, including stipulated facts and third-party discovery, to obtain the evidence necessary to assess Rimini's compliance with the Injunction.

Finally, your April 17 letter states Rimini's refusal to withdraw its opposition to Oracle's motion to modify the *Rimini II* protective order. That refusal is baseless and irreconcilable with Mr. Perry's statements to the Court, in which he repeatedly invoked *Rimini II* discovery against Oracle's efforts to obtain discovery in *Rimini I*, falsely claiming that Oracle has access to that discovery for *Rimini I* purposes:

- "Oracle has had years of discovery on all of this, millions and millions of pages and so forth …." Tr. 8:10-11.
- "Oracle has had three years of discovery, including 850 depositions or document subpoenas to our clients. They know exactly who is on – THE COURT: And that's in Rimini II. MR. PERRY: Yes, sir." Tr. 20:2-6.
- "Oracle has had full discovery from the beginning of 2015 to the beginning of 2018. They know everything about our systems, operations, practices, customers, clients." Tr. 25:3-5.
- "[T]hey have all that discovery from the two-year period, and they don't have a single thing that they can bring to the Court and say, 'Here, from all this discovery we've already done we have found evidence, therefore we need to see if you're still doing it.'" Tr. 25:12-16.
- "[T]hey don't even need any discovery. They know all that. They have the contracts, they have the relationships …." Tr. 30:1-3.



- "Oracle has the AFW database or has had access to the AFW database for 2015 to 2018. If they think anything in there is in violation of the injunction, let them bring a contempt proceeding." Tr. 41:25-42:3.

Rimini's unfounded opposition to Oracle's motion to modify the protective order in *Rimini II* prevents it from using *Rimini II* material as Mr. Perry states that Oracle can and should do and also prevents Oracle from responding to Rimini's demand that Oracle justify its discovery requests in *Rimini I* "based on *Rimini II* discovery or otherwise." We will bring this to the attention of the Court.

Sincerely,

*/s/ Kathleen R. Hartnett*

Kathleen R. Hartnett

cc: *Rimini I* Distribution List