# EXHIBIT 5

[Letter from Kathleen R. Hartnett to Eric D. Vandevelde, dated April 30, 2019]



April 30, 2019

**<u>VIA EMAIL</u>**

Eric D. Vandevelde, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
evandevelde@gibsondunn.com

   Re:  *Oracle USA, Inc. et al. v. Rimini Street, Inc. & Seth Ravin*
      Case No. 2:10-cv-0106-LRH-VCF (D. Nev.)

Dear Mr. Vandevelde:

   I write in response to your April 22 letter and regarding the injunction-related discovery, including the issues raised in my April 11 and 22 letters.

   We sent you a draft Proposed Discovery Plan and Scheduling Order on April 26, 2019.  We look forward to meeting and conferring with you tomorrow on this draft.

   Regardless of whether the "Parties have a fundamental disagreement regarding whether Rimini's new processes…could form a basis for a contempt proceeding in *Rimini I,*" the Injunction is in force and says what it says.  Rimini must comply with it.  That has been Oracle's consistent position.  The language of the license agreements was adjudicated in *Rimini I* and forms the basis for the Injunction—regardless of *Rimini II*.  For example, the Injunction bars Rimini from continuing to engage in cross-use.  That issue was decided in *Rimini I*, and Rimini should stop any and all cross-use.  Continuing cross-use by Rimini in the face of the Injunction is a basis for contempt.

   There is also no basis for your position that certain discovery and contempt proceedings should "be deferred until after the appeal has concluded."  Doing so would not only undercut the Court's order, but would grant Rimini a stay of the Injunction that this Court and the Ninth Circuit already rejected.  Rimini opposed injunction-related discovery in *Rimini I* based on the faulty claims—repeated in your April 22 letter—that such discovery would preempt *Rimini II* and that the Injunction is on appeal.  The Court granted discovery despite these arguments and directed the parties to propose a schedule for both discovery and contempt.  Mr. Perry stated during the April 4 hearing that the parties would work together to try to resolve any disputes regarding that discovery.  In light of the irreparable harm caused by any violation of the Injunction, discovery and contempt proceedings should be scheduled as expeditiously as possible.



Regarding the seven issues identified in my April 11 letter:

*First*, please state whether and when Rimini will produce AFW records. Rimini previously produced AFW records and thus does not credibly need more time to assess "the feasibility and burden of producing this material." As discussed on April 18, receiving these AFW records now may help us streamline other discovery. Regarding DevTrack, the parties clearly are at an impasse, as Rimini is unwilling to undertake the non-existent burden of providing read-only access.

*Second*, please let us know when Rimini will provide additional information regarding Jira. As discussed on April 18, this will help us assess the extent to which any additional discovery is needed concerning Jira (in addition to DevTrack).

*Third*, please find enclosed Oracle's first set of document requests and interrogatories. These have been revised from the versions submitted to the Court with Oracle's motion based on the Court's comments at the April 4 hearing, the Parties' correspondence, and our telephonic meet and confer. As discussed and consistent with the Court's comments about staging, Oracle will serve additional written discovery as reflected in the Proposed Discovery Plan and Scheduling Order.

Oracle is serving this enclosed written discovery on Rimini today, with this letter, consistent with the Parties' agreement for service of discovery via e-mail. Oracle requests that Rimini agree (as proposed in the draft Proposed Discovery Plan and Scheduling Order) to respond to all written discovery within 21 days. Given the limited scope of this initial discovery, and the Parties' deep familiarity with these issues based on previous discovery, there is no need for a longer timeline.

The interrogatories include a request regarding Oracle software updates provided since November 5, 2018 (Interrogatory 5), as discussed in point six below. They also include a limited number of additional, narrowly tailored interrogatories seeking basic information since the Injunction became effective regarding: any changes made by Rimini (Interrogatory 1), programs used by Rimini (Interrogatory 2), Rimini's customers (Interrogatory 3), and Rimini's access to Oracle software (Interrogatory 4). This information is necessary now to assess the possibility of sampling and to otherwise streamline discovery.

*Fourth*, Rimini continues to refuse to state whether it has engaged in 20 specific practices identified in our January 2 letter since the Injunction became effective. Rimini provides no basis for this refusal other than rearguing its rejected claim that discovery should not be permitted in *Rimini I* because the Injunction allegedly goes beyond



practices adjudicated in *Rimini I.* Oracle has been seeking this basic information since January and Rimini should substantively respond.

Please let us know whether Rimini will stipulate to engaging in any of the 20 practices. Magistrate Judge Ferenbach repeatedly referred to a preference for the parties stipulating facts where possible. *See* April 4, 2019 Hearing Tr. at 31:9-11 (stating to Mr. Perry that "it sounds to me like maybe you're proposing to sit down with Mr. Pocker and see if you can get a stipulated set of facts"), 32:6-9 (stating to Mr. Pocker that "From November 2018 to the present Rimini has been using the cloud to service [its] customers not limiting itself solely to the customer's equipment. I think they'd stipulate to that fact."), 56:19-22 ("There may still be some facts you could stipulate to, like the use of the cloud. I can't imagine you couldn't stipulate to that fact, everyone has said it here multiple times"), 57:23-24 ("You can stipulate to some facts, that would be helpful, too, save a lot of time and money").

In addition, to help streamline discovery, Oracle proposes that Rimini stipulate to the 11 facts in Appendix A, providing the missing information as indicated. Oracle will supplement these proposed stipulated facts as more information becomes available.

***Fifth***, regarding cloud access, Mr. Perry's representations to the Court on April 4 made clear that Rimini continues to access Oracle software hosted in the cloud. During the meet and confer on April 18, you agreed to investigate Rimini's knowledge of which Rimini customers have Oracle software hosted in the cloud. Please provide an update regarding that investigation. Appendix A also includes proposed stipulated facts concerning cloud-hosted software.

***Sixth***, and as noted above, the enclosed interrogatories include a request seeking information regarding Rimini-provided Oracle software updates. Please respond as soon as possible so that we can assess the possibility of sampling.

***Seventh***, it appears the parties are at an impasse on the issue of Rimini's preservation of updates to Oracle software that Rimini creates. Oracle's position is that Rimini can and should take steps to preserve any such updates, including during the time that Rimini is applying the updates to environments for purposes of testing and at the point when the updates are distributed to customers. At both of these times, Rimini undisputedly has access to these updates. Rimini's contrary position is stated in your April 24 letter. Given Rimini's position, the only option for Oracle to obtain this information is third-party discovery, which we have provided for in the Proposed Discovery Plan and Scheduling Order. We proposed ten subpoenas based on the assumption that the Parties can agree to a sampling methodology, and Oracle reserves the right to seek leave to serve additional subpoenas if necessary.



Finally, we have brought to the Court's attention the recent developments regarding Rimini's continuing opposition to Oracle's motion to modify the *Rimini II* protective order.  *Rimini II*, ECF No. 1230.  For the reasons stated in our recent *Rimini II* filing, we urge Rimini to reconsider its position and withdraw its opposition to that motion.

Sincerely,

*/s/ Kathleen R. Hartnett*

Kathleen R. Hartnett

Enclosures
cc: *Rimini I* Distribution List



**Appendix A**
**Proposed Stipulated Facts**

1.  Since November 5, 2018, Rimini has accessed PeopleSoft software associated with the following Rimini customers: [Rimini to fill in list of applicable customers].

2.  Since November 5, 2018, Rimini has reproduced PeopleSoft software associated with the following Rimini customers: [Rimini to fill in list of applicable customers].

3.  Since November 5, 2018, Rimini has created works from or with PeopleSoft software associated with the following Rimini customers: [Rimini to fill in list of applicable customers].

4.  Since November 5, 2018, Rimini has distributed PeopleSoft software to the following Rimini customers: [Rimini to fill in list of applicable customers].

5.  Since November 5, 2018, Rimini has distributed works created from or with PeopleSoft software to the following Rimini customers: [Rimini to fill in list of applicable customers].

6.  Since November 5, 2018, Rimini has used PeopleSoft software associated with a specific Rimini customer other than to support the specific customer's own internal data processing operations.

7.  Since November 5, 2018, Rimini has accessed PeopleSoft software environments hosted by Tierpoint (formerly known as Windstream Hosted Solutions) and associated with the following Rimini customers: [Rimini to fill in list of applicable customers].

8.  Since November 5, 2018, Rimini has used PeopleSoft software hosted by Tierpoint (formerly known as Windstream Hosted Solutions) and associated with the following Rimini customers: [Rimini to fill in list of applicable customers].

9.  Since November 5, 2018, Rimini has used PeopleSoft software associated with the following Rimini customers to support or troubleshoot PeopleSoft software for one or more other Rimini customers: [Rimini to fill in list of applicable customers].

10. Since November 5, 2018, Rimini has used PeopleSoft software associated with the following Rimini customers to develop or test software updates or modifications provided to one or more other Rimini customers: [Rimini to fill in list of applicable customers].

11. Since November 5, 2018, Rimini has accessed J.D. Edwards source code associated with the following customers, either directly or via screen-sharing software such as GoToMeeting, to carry out development and testing of software updates: [Rimini to fill in list of applicable customers].

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:    702.382.7300
Facsimile:    702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
WILLIAM A. ISAACSON (*pro hac vice*)
KAREN L. DUNN (*pro hac vice*)
1401 New York Avenue, NW, 11th Floor
Washington, DC 20005
Telephone:    202.237.2727
Facsimile:    202.237.6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone:    510.874.1000
Facsimile:    510.874.1460
sholtzman@bsfllp.com
brichardson@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
JOHN A. POLITO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:    415.442.1000
Facsimile:    415.442.1001
john.polito@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:    650.506.4846
Facsimile:    650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual, Defendants | Case No. 2:10-cv-0106-LRH-VCF <br><br> **ORACLE'S SUPPLEMENTAL REQUESTS FOR PRODUCTION TO DEFENDANT RIMINI STREET, INC.** |

1        Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Oracle USA, Inc.,

2    Oracle America, Inc. and Oracle International Corporation (together, "Oracle") hereby request

3    that Defendant Rimini Street, Inc. produce the documents and things specified below for

4    inspection and copying to the offices of Morgan, Lewis & Bockius LLP, located at One Market,

5    Spear Street Tower, San Francisco, California 94105, no later than thirty days from the date of

6    service.

7                           **<u>DEFINITIONS</u>**

8        The definitions, instructions, and requirements of Federal Rules of Civil Procedure 26,

9    34, and 37 are adopted and incorporated by this reference.  The following words and phrases

10    shall have the following meanings in these Requests:

11        1.        "Concerning," "Concern(s)," "Relate," "Relating," "Related," or any other

12    derivatives thereof means concerning, relating to, regarding, pertaining to, referring to,

13    respecting, stating, describing, involving, evidencing, constituting, noting, reflecting, containing,

14    embodying, memorializing, mentioning, analyzing, discussing, commenting upon, specifying,

15    listing, summarizing, identifying either directly or indirectly, or having any logical or factual

16    connection with the matter discussed.

17        2.        "Document(s)" is synonymous in meaning and equal in scope to the broadest

18    meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including without

19    limitation:  non-privileged writings; records or files; correspondence; reports; memoranda;

20    calendars; diaries; minutes; electronic messages; voicemail; email; instant messages; text

21    messages; telephone message records or logs; computer and network activity logs; data on hard

22    drives; backup data; data on removable computer storage media such as tapes, disks, and cards;

23    printouts; document image files; web pages; databases; spreadsheets; software; hardware; books;

24    ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries;

25    compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts;

26    digital or chemical process photographs; video, phonographic, tape, or digital records or

27    transcripts; drafts; jottings; and notes.  "Document(s)" also includes any copy that differs in any

28    respect from the original or other versions of the Document(s), including copies containing

ORACLE'S SUPPLEMENTAL REQUESTS FOR PRODUCTION TO RIMINI STREET

1  notations, insertions, corrections, marginal notes, or any other variations.

2        3.     "Environment" means a copy of Oracle Software that results from installation of

3  that Software.

4        4.     "Injunction" means the permanent injunction entered by the Court on August 15,

5  2018, ECF No. 1166.

6        5.     "J.D. Edwards Family of Products" means all current and former J.D. Edwards-

7  branded Software and related Software and Support Materials.

8        6.     "Oracle" means Oracle America, Inc. (including its predecessor-in-interest,

9  Oracle USA, Inc.) and Oracle International Corporation.

10        7.     "Oracle Database Family of Products" means all current and former Oracle

11  Database-branded Software and related Software and Support Materials.

12        8.     "Oracle Software" refers to computer programs, applications, environments, and

13  data that were designed, created, developed, sold, or otherwise provided by Oracle, including

14  those of the J.D. Edwards Family of Products, PeopleSoft Family of Products, Siebel Family of

15  Products, and Oracle Database Family of Products.

16        9.     "PeopleSoft Family of Products" means all current and former PeopleSoft-

17  branded Software and related Software and Support Materials.

18        10.     "Person" means any natural person or any business, legal or governmental entity

19  or association.

20        11.     "Siebel Family of Products" means all current and former Siebel-branded

21  Software and related Software and Support Materials.

22        12.     "Software" means computer programs, applications, environments, and data that

23  were designed, created, developed, sold, or otherwise provided by Oracle, including those of the

24  J.D. Edwards Family of Products, PeopleSoft Family of Products, Siebel Family of Products, and

25  Oracle Database Family of Products.

26        13.     "Software and Support Materials" and "Software or Support Materials" mean

27  software applications, environments and other installations, program updates, software updates,

28  bug fixes, patches, custom solutions, and instructional documents for any families of software

2

1   products provided by Oracle, including those of the J.D. Edwards Family of Products,

2   PeopleSoft Family of Products, Siebel Family of Products, and Oracle Database Family of

3   Products, regardless of whether any such materials were later modified by any Person, including

4   without limitation a customer or third-party support provider.

5         14.    "You," "Your," and "Rimini" means and refers to Rimini Street, Inc., and, where

6   applicable, any of its current or former predecessors, successors, parents, subsidiaries, divisions,

7   or affiliates, and any officers, directors, employees, contractors, agents, consultants, attorneys,

8   accountants, administrators, or persons or entities acting for, on behalf of, or under control of

9   each of the foregoing.

10         **INSTRUCTIONS**

11         1.    The wording of any Request does not constitute an admission of what the facts or

12   evidence will ultimately show.

13         2.    The following rules of construction shall apply to all Requests:

14         a)    the use of a word in its singular form shall be deemed to include within its

15         use the plural form;

16         b)    the connectives "and" and "or" shall be construed either disjunctively or

17         conjunctively, whichever makes the request, definition, or instruction

18         more inclusive;

19         c)    the terms "any," and "each" shall be construed to encompass "all";

20         d)    the term "including" means "including but not limited to"; and,

21         e)    the use of the word "the" shall not be construed as limiting the scope of

22         any request.

23         3.    If You claim any form of privilege as a ground for not producing or for redacting

24   any Document, You shall provide the following information for each Document withheld or

25   redacted:

26         a)    the Document's preparation date and the date appearing on the Document;

27         b)    the name, present and last known addresses, telephone numbers, titles (and

28         positions), and occupations of those individuals who prepared, produced,

1    reproduced, and received said Document, including all authors, senders,

2    recipients, "cc" recipients, and "bcc" recipients;

3    c)    the number of pages withheld; and

4    d)    a description sufficient to identify the Document without revealing the

5    information for which the privilege is claimed, including the general

6    subject matter and character of the Document (*e.g.*, letter, memorandum,

7    notes, etc.).

8    4.    If only a portion of a responsive Document is privileged against disclosure, You

9    must produce the responsive non-privileged portion of the Document in redacted form, provided

10   that the redacted material is identified and the basis for the claim of privilege is stated as

11   provided in the preceding Instruction.

12   5.    Unless otherwise specified, the Documents requested include the responsive

13   Documents in Your actual or constructive possession, control, or custody, and the responsive

14   Documents in the actual or constructive possession, control, or custody of Your attorneys or

15   agents.

16   6.    In the event that any Document called for by these Requests has been destroyed,

17   lost, or otherwise become unavailable, that Document is to be identified as follows:  type of

18   document, author, addressor, addressee, recipients of indicated or "blind" copies, date, subject

19   matter, number of pages, attachments or appendices, all Persons believed at any time to have had

20   a copy of the Document, date of destruction or loss, place and manner of destruction or loss,

21   Persons authorizing the destruction of the Document, and Persons destroying or responsible for

22   losing the Document.

23   7.    Pursuant to Federal Rule of Civil Procedure 26(e), Your responses to these

24   Requests for Production are to be promptly supplemented to include any subsequently acquired

25   Documents and information.

26   8.    A party's full or abbreviated name or a pronoun referring to a party means the

27   party and, where applicable, its officers, directors, employees, partners, corporate parent,

28   subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any

ORACLE'S SUPPLEMENTAL REQUESTS FOR PRODUCTION TO RIMINI STREET

1  person who is not a party to the litigation.

2  **REQUEST FOR PRODUCTION NO. 1:**

3      All Documents concerning any changes Rimini made in response to the Injunction.

4  **REQUEST FOR PRODUCTION NO. 2:**

5      A copy of Rimini's AFW database containing records from November 5, 2018 to the

6  present.

7  **REQUEST FOR PRODUCTION NO. 3:**

8      All Documents Rimini provided to its customers in connection with its support of Oracle

9  Software and Support Materials since November 5, 2018, including without limitation tax and

10  regulatory updates, break fixes, new functionality, documentation, or any other files.

11  **REQUEST FOR PRODUCTION NO. 4:**

12      All programs (including any software tools, automated tools or manual processes and

13  programs, and all underlying source code) developed in response to the Injunction and used or

14  created by Rimini in its support processes since November 5, 2018.

15  **REQUEST FOR PRODUCTION NO. 5:**

16      All policies or memoranda Rimini wrote or developed in response to the Injunction

17  regarding Rimini's support processes, including but not limited to notices to all subsidiaries,

18  affiliates, employees, directors, officers, principals, and agents pursuant to paragraph 1 of the

19  Injunction.

20

21      DATED: April 30, 2019                 MORGAN, LEWIS & BOCKIUS LLP

22

23

24                                  By:    /s/ John A. Polito
                                            John A. Polito
25                                  Attorneys for Plaintiffs Oracle USA, Inc.,
                                      Oracle America, Inc. and Oracle
26                                      International Corporation

27

28

ORACLE'S SUPPLEMENTAL REQUESTS FOR PRODUCTION TO RIMINI STREET

1    **CERTIFICATE OF SERVICE**

2          At the time of service I was over 18 years of age and not a party to this action.  My

3    business address is 1999 Harrison St., Suite 900, Oakland, CA, 94612.  On May 1, 2019, I served

4    the following document:

5         **ORACLE'S SUPPLEMENTAL REQUESTS FOR PRODUCTION TO**
6         **DEFENDANT RIMINI STREET, INC.**

7    I served the document on the persons below, as follows:

| | |
|---|---|
| **Blaine H. Evanson**<br>**Casey J. McCracken**<br>**Jeffrey T. Thomas**<br>**Jennafer Marie Tryck**<br>**Stephen C. Whittaker**<br>Gibson Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvine, CA 92612<br>Email: bevanson@gibsondunn.com<br>Email: cmccracken@gibsondunn.com<br>Email: jtthomas@gibsondunn.com<br>Email: jtryck@gibsondunn.com<br>Email: cwhittaker@gibsondunn.com<br><br>**Daniel B. Winslow**<br>Rimini Street, Inc.<br>6601 Koll Center Parkway<br>Suite 300<br>Pleasanton, CA 94566<br>Email: DWinslow@riministreet.com<br><br>**Eric Vandevelde**<br>**Samuel Grant Liversidge**<br>**Lauren Blas**<br>Gibson Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Email: evandevelde@gibsondunn.com<br>Email: sliversidge@gibsondunn.com<br>Email: lblas@gibsondunn.com | **Joel D. Henriod**<br>**Daniel F. Polsenberg**<br>Lewis Roca Rothgerber Christie LLP<br>3993 Howard Hughes Parkway<br>Suite 600<br>Las Vegas, NV 89169<br>Email: jhenriod@lrrc.com<br>Email: dpolsenberg@lrrc.com<br><br>**Joseph A. Gorman**<br>Gibson, Dunn & Crutcher LLP<br>555 Mission St.<br>San Francisco, CA 94105<br>Email: jgorman@gibsondunn.com<br><br>**Leslie A.S. Godfrey**<br>Greenberg Traurig, LLP<br>3773 Howard Hughes Pkwy<br>Ste 400 North<br>Las Vegas, NV 89169<br>Email: godfreyl@gtlaw.com<br><br>**Lisa DeBrosse Johnson**<br>Lisa DeBrosse Johnson<br>170 Milk Street<br>4ht floor<br>Boston, MA 02109<br>Email: lisa@lisajohnsonlaw.com<br><br>**Mark A. Perry**<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Avenue N.W.<br>Washington, DC 20036-5306<br>Email: mperry@gibsondunn.com |

1

| | |
|---|---|
| **Gretchen Harting Kleinman** <br> **Farah Shirin Anthony** <br> **John P. Reilly** <br> **Scott S. Hoffmann** <br> **Michael Hitsky** <br> Rimini Street, Inc. <br> 3993 Howard Hughes Pkwy., Ste. 500 <br> Las Vegas, NV 89169 <br> Email: gkleinman@riministreet.com <br> Email: fanthony@riministreet.com <br> Email: JReilly@riministreet.com <br> Email: shoffmann@riministreet.com <br> Email: mhitsky@riministreet.com | W. West Allen <br> Howard & Howard Attorneys PLLC <br> 3800 Howard Hughes Parkway <br> Suite 1000 <br> Las Vegas, NV 89169 <br> Email: wwa@h2law.com |

The document was served pursuant to FRCP 5(b) by sending it by electronic mail.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I hereby certify that I am employed in the office of a member of the State Bar of California, admitted *pro hac vice* to practice before the United States District Court for the District of Nevada for this case, at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.

Dated:  May 1, 2019

*/s/ Ashleigh Jensen*
Ashleigh Jensen

CERTIFICATE OF SERVICE

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:    702.382.7300
Facsimile:    702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
WILLIAM A. ISAACSON (*pro hac vice*)
KAREN L. DUNN (*pro hac vice*)
1401 New York Avenue, NW, 11th Floor
Washington, DC 20005
Telephone:    202.237.2727
Facsimile:    202.237.6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON
  (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone:    510.874.1000
Facsimile:    510.874.1460
sholtzman@bsfllp.com
brichardson@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
JOHN A. POLITO (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:    415.442.1000
Facsimile:    415.442.1001
john.polito@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:    650.506.4846
Facsimile:    650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc., and Oracle
International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual, Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S SUPPLEMENTAL INTERROGATORIES TO DEFENDANT RIMINI STREET, INC.** |

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs Oracle USA, Inc.,

2    Oracle America, Inc. and Oracle International Corporation (together, "Oracle") hereby request

3    that Defendant Rimini Street, Inc. answer the following interrogatories.

4                                    **DEFINITIONS**

5    The definitions, instructions, and requirements of Federal Rules of Civil Procedure 26,

6    33, and 37 are adopted and incorporated by this reference.  The following words and phrases

7    shall have the following meanings in these interrogatories:

8    1.    "Concerning," "Concerns," "Relate," "Relating," "Related," or any other

9    derivatives thereof means regarding, pertaining to, referring to, respecting, stating, describing,

10   involving, evidencing, constituting, noting, reflecting, containing, embodying, memorializing,

11   mentioning, analyzing, discussing, commenting upon, specifying, listing, summarizing,

12   identifying either directly or indirectly, or having any logical or factual connection with the

13   matter discussed.

14   2.    "Environment" means a copy of Oracle Software that results from installation of

15   that Software.

16   3.    "Injunction" means the permanent injunction entered by the Court on August 15,

17   2018, ECF No. 1166.

18   4.    "J.D. Edwards Family of Products" means all current and former J.D. Edwards-

19   branded Software and related Software and Support Materials.

20   5.    "Oracle" means Oracle America, Inc. (including its predecessor-in-interest,

21   Oracle USA, Inc.) and Oracle International Corporation.

22   6.    "Oracle Database Family of Products" means all current and former Oracle

23   Database-branded Software and related Software and Support Materials.

24   7.    "Oracle Software" refers to computer programs, applications, environments, and

25   data that were designed, created, developed, sold, or otherwise provided by Oracle, including

26   those of the J.D. Edwards Family of Products, PeopleSoft Family of Products, Siebel Family of

27   Products, and Oracle Database Family of Products.

28   8.    "PeopleSoft Family of Products" means all current and former PeopleSoft-

---

1

1    branded Software and related Software and Support Materials.

2        9.      "Person" means any natural person or any business, legal or governmental entity

3    or association.

4        10.     "Siebel Family of Products" means all current and former Siebel-branded

5    Software and related Software and Support Materials.

6        11.     "Software" means computer programs, applications, environments, and data that

7    were designed, created, developed, sold, or otherwise provided by Oracle, including those of the

8    J.D. Edwards Family of Products, PeopleSoft Family of Products, Siebel Family of Products, and

9    Oracle Database Family of Products.

10       12.     "Software and Support Materials" and "Software or Support Materials" mean

11   software applications, environments and other installations, program updates, software updates,

12   bug fixes, patches, custom solutions, and instructional documents for any families of software

13   products provided by Oracle, including those of the J.D. Edwards Family of Products,

14   PeopleSoft Family of Products, Siebel Family of Products, and Oracle Database Family of

15   Products, regardless of whether any such materials were later modified by any Person, including

16   without limitation a customer or third-party support provider.

17       13.     "You," "Your," and "Rimini" means and refers to Rimini Street, Inc., and, where

18   applicable, any of its current or former predecessors, successors, parents, subsidiaries, divisions,

19   or affiliates, and any officers, directors, employees, contractors, agents, consultants, attorneys,

20   accountants, administrators, or persons or entities acting for, on behalf of, or under control of

21   each of the foregoing.

22                                    **INSTRUCTIONS**

23       1.      A party's full or abbreviated name or a pronoun referring to a party means the

24   party and, where applicable, its officers, directors, employees, partners, corporate parent,

25   subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any

26   person who is not a party to the litigation.

27       2.      The wording of any interrogatory does not constitute an admission of what the

28   facts or evidence will ultimately show.

---

2

ORACLE'S SUPPLEMENTAL INTERROGATORIES TO RIMINI STREET

3.     The following rules of construction shall apply to all interrogatories:

     a)     The use of a verb in any tense shall be construed as the use of that verb in all other tenses.

     b)     the use of a word in its singular form shall be deemed to include within its use the plural form;

     c)     the connectives "and" and "or" shall be construed either disjunctively or conjunctively, whichever makes the interrogatory, definition, or instruction more inclusive;

     d)     the terms "any," and "each" shall be construed to encompass "all";

     e)     the term "including" means "including but not limited to"; and,

     f)     the use of the word "the" shall not be construed as limiting the scope of any interrogatory.

4.     These Interrogatories are to be considered continuing in nature, and Rimini must promptly furnish supplemental responses if any additional responsive information is discovered or created after Rimini's responses are tendered, or if any of Rimini's responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

## INTERROGATORIES

### INTERROGATORY NO. 1:

For each of paragraphs 2 through 15 of the Injunction, and separately for each sub-paragraph (e.g., separately for paragraphs 2.a and 2.b), state whether Rimini made any changes in response to the Injunction, and if so describe those changes.

### INTERROGATORY NO. 2:

Describe any programs (including any software tools, automated tools or manual processes and programs, and all underlying source code) that Rimini developed or implemented since November 5, 2018 for use in the processes by which Rimini (or anyone acting on Rimini's behalf) provides support services for Oracle products.

### INTERROGATORY NO. 3:

For the Oracle product lines identified in the Injunction, provide a list identifying each of

ORACLE'S SUPPLEMENTAL INTERROGATORIES TO RIMINI STREET

1    Rimini's former and current customers for which Rimini has provided support services since

2    November 5, 2018, including the supported product line, start date, end date (if applicable), in

3    the same format Rimini responded to Oracle's Interrogatory No. 27.

4    **INTERROGATORY NO. 4:**

5        For the Oracle product lines identified in the Injunction, provide a list identifying by

6    customer each Oracle Software Environment Rimini has accessed since November 5, 2018, the

7    dates of such access, and whether the Oracle Software Environment is located on Rimini's

8    systems, in a third-party cloud (such as Windstream / Tierpoint, Amazon Web Services, or

9    Azure), on a customer's own computer systems, or elsewhere.

10   **INTERROGATORY NO. 5:**

11       For the Oracle product lines identified in the Injunction, provide a list identifying all of

12   the tax and regulatory updates, break fixes, new or revised functionality, and documentation that

13   Rimini has provided to its customers since November 5, 2018, including the names of the files,

14   the customers to whom they were provided, the Persons who were involved in developing or

15   testing them, the associated Oracle product line, product, and version, and the dates they were

16   provided to each customer.

17

18    DATED: April 30, 2019            MORGAN, LEWIS & BOCKIUS LLP

19

20

                                           By:   _/s/ John A. Polito_____

21                                     John A. Polito

                           Attorneys for Plaintiffs Oracle USA, Inc.,

22                            Oracle America, Inc. and Oracle

                           International Corporation

23

24

25

26

27

28

ORACLE'S SUPPLEMENTAL INTERROGATORIES TO RIMINI STREET

1

<b><u>CERTIFICATE OF SERVICE</u></b>

2      At the time of service I was over 18 years of age and not a party to this action.  My

3    business address is 1999 Harrison St., Suite 900, Oakland, CA, 94612.  On May 1, 2019, I served

4    the following document:

5      **ORACLE'S SUPPLEMENTAL INTERROGATORIES TO DEFENDANT RIMINI STREET, INC.**

6

7    I served the document on the persons below, as follows:

8

| | |
|---|---|
| **Blaine H. Evanson**<br>**Casey J. McCracken**<br>**Jeffrey T. Thomas**<br>**Jennafer Marie Tryck**<br>**Stephen C. Whittaker**<br>Gibson Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvine, CA 92612<br>Email: bevanson@gibsondunn.com<br>Email: cmccracken@gibsondunn.com<br>Email: jtthomas@gibsondunn.com<br>Email: jtryck@gibsondunn.com<br>Email: cwhittaker@gibsondunn.com<br><br>**Daniel B. Winslow**<br>Rimini Street, Inc.<br>6601 Koll Center Parkway<br>Suite 300<br>Pleasanton, CA 94566<br>Email: DWinslow@riministreet.com<br><br>**Eric Vandevelde**<br>**Samuel Grant Liversidge**<br>**Lauren Blas**<br>Gibson Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Email: evandevelde@gibsondunn.com<br>Email: sliversidge@gibsondunn.com<br>Email: lblas@gibsondunn.com | **Joel D. Henriod**<br>**Daniel F. Polsenberg**<br>Lewis Roca Rothgerber Christie LLP<br>3993 Howard Hughes Parkway<br>Suite 600<br>Las Vegas, NV 89169<br>Email: jhenriod@lrrc.com<br>Email: dpolsenberg@lrrc.com<br><br>**Joseph A. Gorman**<br>Gibson, Dunn & Crutcher LLP<br>555 Mission St.<br>San Francisco, CA 94105<br>Email: jgorman@gibsondunn.com<br><br>**Leslie A.S. Godfrey**<br>Greenberg Traurig, LLP<br>3773 Howard Hughes Pkwy<br>Ste 400 North<br>Las Vegas, NV 89169<br>Email: godfreyl@gtlaw.com<br><br>**Lisa DeBrosse Johnson**<br>Lisa DeBrosse Johnson<br>170 Milk Street<br>4ht floor<br>Boston, MA 02109<br>Email: lisa@lisajohnsonlaw.com<br><br>**Mark A. Perry**<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Avenue N.W.<br>Washington, DC 20036-5306<br>Email: mperry@gibsondunn.com |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

| | |
|---|---|
| **Gretchen Harting Kleinman**<br>**Farah Shirin Anthony**<br>**John P. Reilly**<br>**Scott S. Hoffmann**<br>**Michael Hitsky**<br>Rimini Street, Inc.<br>3993 Howard Hughes Pkwy., Ste. 500<br>Las Vegas, NV 89169<br>Email: gkleinman@riministreet.com<br>Email: fanthony@riministreet.com<br>Email: JReilly@riministreet.com<br>Email: shoffmann@riministreet.com<br>Email: mhitsky@riministreet.com | **W. West Allen**<br>Howard & Howard Attorneys PLLC<br>3800 Howard Hughes Parkway<br>Suite 1000<br>Las Vegas, NV 89169<br>Email: wwa@h2law.com |

The document was served pursuant to FRCP 5(b) by sending it by electronic mail.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I hereby certify that I am employed in the office of a member of the State Bar of California, admitted *pro hac vice* to practice before the United States District Court for the District of Nevada for this case, at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.

Dated:  May 1, 2019

_/s/ Ashleigh Jensen_
Ashleigh Jensen

CERTIFICATE OF SERVICE: