# EXHIBIT 6

[ECF 1232-1 filed in the *Rimini II* matter (Case No. 2:14-cv-01699-LRH-CWH)]

# EXHIBIT 1

[ORACLE'S PROPOSED SUPPLEMENTAL BRIEF IN SUPPORT OF ORACLE'S MOTION TO MODIFY THE PROTECTIVE ORDER (ECF NO. 1223) - FILED UNDER SEAL]

| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone:    702.382.7300<br>Facsimile:     702.382.2755<br>rpocker@bsfllp.com<br><br>BOIES SCHILLER FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>1401 New York Avenue, NW, 11th Floor<br>Washington, DC 20005<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com<br><br>BOIES SCHILLER FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>KATHLEEN R. HARTNETT (*pro hac vice*)<br>BEKO O. REBLITZ-RICHARDSON<br>(*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone:    510.874.1000<br>Facsimile:     510.874.1460<br>sholtzman@bsfllp.com<br>khartnett@bsfllp.com<br>brichardson@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>BENJAMIN P. SMITH (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>SHARON R. SMITH (*pro hac vice*)<br>FRANK KENNAMER (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone:    415.442.1000<br>Facsimile:     415.442.1001<br>benjamin.smith@morganlewis.com<br>john.polito@morganlewis.com<br>sharon.smith@morganlewis.com<br>frank.kennamer@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:    650.506.4846<br>Facsimile:     650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com<br><br>*Attorneys for Defendants and Counterclaimants Oracle America, Inc. and Oracle International Corp.* |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC., a Nevada corporation,<br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br>　　　　　　　　Defendants. | Case No. 2:14-cv-01699 LRH CWH<br><br>**ORACLE'S SUPPLEMENTAL BRIEF IN SUPPORT OF ORACLE'S MOTION TO MODIFY THE PROTECTIVE ORDER (ECF NO. 1223)** |
| ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br>　　　　　　　　Counterclaimants,<br>　　　v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br>　　　　　　　　Counterdefendants. | Judge:　　Hon. Larry R. Hicks<br><br><br>**FILED UNDER SEAL** |

Oracle hereby provides information concerning two developments since the parties completed their briefing on Oracle's motion to modify the protective order in this *Rimini II* action (ECF No. 1223, the "Motion") to permit use of *Rimini II* discovery in the related *Rimini I* action, *Oracle USA, Inc. v. Rimini Street, Inc.*, No. 2:10-cv-00106 (D. Nev. filed Jan. 25, 2010), for purposes of assessing compliance with the *Rimini I* injunction.

***First***, during a hearing before Magistrate Judge Ferenbach on April 4, 2019 in *Rimini I* (Richardson Decl. Ex. A), Rimini's counsel argued that Oracle should not be permitted to conduct discovery in *Rimini I* in part because Oracle already has voluminous discovery from *Rimini II* and repeatedly indicated – contrary to the position Rimini has taken on the Motion pending before Your Honor – that Oracle can use that *Rimini II* discovery in *Rimini I*. Those statements by Rimini's counsel from the attached transcript include:

- "Oracle has had years of discovery on all of this, millions and millions of pages and so forth …." Richardson Decl. Ex. A at 8:10-11.

- "Oracle has had three years of discovery, including 850 depositions or document subpoenas to our clients. They know exactly who is on – THE COURT: And that's in *Rimini II*. MR. PERRY: Yes, sir." *Id.* at 20:2-6.

- "Oracle has had full discovery from the beginning of 2015 to the beginning of 2018. They know everything about our systems, operations, practices, customers, clients." *Id.* at 25:3-5.

- "[T]hey [Oracle] have all that discovery from the two-year period, and they don't have a single thing that they can bring to the Court and say, 'Here, from all this discovery we've already done we have found evidence, therefore we need to see if you're still doing it.'" *Id.* at 25:12-16.

- "[T]hey [Oracle] don't even need any discovery. They know all that. They have the contracts, they have the relationships …." *Id.* 30:1-3.

- "Oracle has the AFW database or has had access to the AFW database for 2015 to 2018. If they think anything in there is in violation of the injunction, let them bring a contempt proceeding." *Id.* at 41:25-42:3.

***Second***, based on those representations and arguments, Oracle sent a letter requesting that Rimini withdraw its opposition to the Motion. Richardson Decl. Ex. B. In response, Rimini stated that it is unwilling to withdraw its opposition to the Motion. Richardson Decl. Ex. C at 5.

Oracle pointed out the inconsistency of Rimini's position in a subsequent letter. Richardson Decl. Ex. D. In response, today Rimini reiterated its opposition to the Motion, confirming that its "position regarding its opposition to Oracle's pending motion to modify the *Rimini II* protective order to allow use of *Rimini II* materials in *Rimini I* is stated in its opposition briefing and its April 17 letter" and that "Oracle's motion should be denied." Richardson Decl. Ex. E. While maintaining its opposition, Rimini at the same time conceded the potential relevance of *Rimini II* materials by belatedly offering to consider permitting Oracle to use "specific discovery materials" from *Rimini II*. *Id.*

Rimini's refusal to withdraw its opposition to the Motion reflects improper and prejudicial gamesmanship. Rimini should not be permitted to on the one hand reference the *Rimini II* discovery while opposing discovery in *Rimini I* (as quoted above) and at the same time refuse to permit Oracle to use that discovery in *Rimini I*. Rimini expressly requests that Oracle explain its position in *Rimini I* "based on *Rimini II* discovery" (Richardson Decl. Ex. C at 1) – and yet Rimini refuses to permit Oracle to use that discovery in *Rimini I* by continuing to oppose the Motion. Rimini's letters also (again) fail to definitely state its compliance with the *Rimini I* injunction or provide information concerning any compliance. Finally, Rimini's latest proposal concedes that some of the *Rimini II* discovery materials may be relevant. Given that admission, there is no need to negotiate which *Rimini II* materials can be used, because the parties already have all of these materials. Oracle's Motion explained why the ability to use *Rimini II* materials would promote the efficient resolution of injunction-compliance proceedings in *Rimini I* and would cause absolutely no cognizable harm to Rimini. Requiring Oracle to seek permission from Rimini to use specifically enumerated materials from *Rimini II* would do nothing but embroil the parties in further disputes about what materials should be available and further delay an assessment of whether Rimini is in compliance with the Injunction. This is a transparent attempt to delay the same protective order modification Rimini agreed to years ago with respect to the use of *Rimini I* materials in *Rimini II*. Rimini's continuing refusal to permit Oracle to use the *Rimini II* discovery in *Rimini I* severely prejudices Oracle's ability to provide an accurate account to Magistrate Judge Ferenbach and to efficiently complete the necessary discovery in

*Rimini I.*

Oracle respectfully requests that the Court grant the Motion.

DATED: April 24, 2019                BOIES SCHILLER FLEXNER LLP

By: */s/ Richard J. Pocker*
Richard J. Pocker
Attorneys for Defendants and Counterclaimants
Oracle America, Inc. and Oracle International Corp.