# EXHIBIT 7

[Email and accompanying attachments from Jennafer Tryck to Counsel, dated May 3, 2019 - REDACTED]

| From: | Tryck, Jennafer M. |
|---|---|
| To: | Kathleen Hartnett; Thomas, Jeffrey T.; Perry, Mark A.; Liversidge, Samuel; Evanson, Blaine H.; Vandevelde, Eric D.; McCracken, Casey J.; Whittaker, Chris; McKonly, Amber |
| Cc: | [EXT] Polito, John A.; benjamin.smith@morganlewis.com; sharon.smith@morganlewis.com; [EXT] Shinn, Lindsey M.; [EXT] Lee, Lisa S.; [EXT] Hill, Zachary S.; [EXT] Winslow, Dan; fanthony@riministreet.com; godfreyl@gtlaw.com; Gorman, Joseph A.; [EXT] Reilly, Jack; Blas, Lauren M.; mconnot@foxrothschild.com; wwa@h2law.com; dpolsenberg@lrrc.com; jhenriod@lrrc.com; shoffman@riministreet.com; tmorgan@gibsondunn.com; Ashleigh Jensen; William Isaacson; Karen Dunn; Richard Pocker; Beko Richardson; Sean Rodriguez |
| Subject: | RE: Oracle v. Rimini Street (2:10-cv-0106)--Meet and Confer |
| Date: | Friday, May 3, 2019 7:50:22 PM |
| Attachments: | Oracle_Rimini--Joint Discovery Plan.docx<br>Redline_Joint Submission in Rimini I.pdf |

Counsel,

Attached are Rimini's sections of the Joint Discovery Plan.

As discussed on the parties' May 1 meet and confer call, Rimini proposes a staged approach to discovery, consistent with the Court's statements at the April 4, 2019 hearing.  If Oracle intends to provide any further additions to this document, Rimini will need at least 24 hours to review and respond before Oracle files it.

If the parties are unable to reach agreement on a discovery plan, Rimini proposes the parties each file their own proposed scheduling order.

Regards,
Jenny

**Jennafer Tryck**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.4089 • Fax +1 949.475.4789
JTryck@gibsondunn.com • www.gibsondunn.com

---

**From:** Kathleen Hartnett <khartnett@bsfllp.com>
**Sent:** Friday, April 26, 2019 4:10 PM
**To:** Tryck, Jennafer M. <JTryck@gibsondunn.com>; Thomas, Jeffrey T. <JTThomas@gibsondunn.com>; Perry, Mark A. <MPerry@gibsondunn.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>; Evanson, Blaine H. <BEvanson@gibsondunn.com>; Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; Whittaker, Chris <CWhittaker@gibsondunn.com>; McKonly, Amber <AMcKonly@gibsondunn.com>
**Cc:** [EXT] Polito, John A. <John.polito@morganlewis.com>; benjamin.smith@morganlewis.com; sharon.smith@morganlewis.com; [EXT] Shinn, Lindsey M. <lindsey.shinn@morganlewis.com>; [EXT] Lee, Lisa S. <lisa.lee@morganlewis.com>; [EXT] Hill, Zachary S. <zachary.hill@morganlewis.com>; [EXT] Winslow, Dan <dwinslow@riministreet.com>; fanthony@riministreet.com; godfreyl@gtlaw.com; Gorman, Joseph A. <JGorman@gibsondunn.com>; [EXT] Reilly, Jack <JReilly@riministreet.com>; Blas, Lauren M. <LBlas@gibsondunn.com>;

mconnot@foxrothschild.com; wwa@h2law.com; dpolsenberg@lrrc.com; jhenriod@lrrc.com; shoffman@riministreet.com; tmorgan@gibsondunn.com; ajensen@BSFLLP.com; Wisaacson@BSFLLP.com; KDunn@BSFLLP.com; rpocker@bsfllp.com; [EXT] Reblitz-Richardson, Beko <brichardson@bsfllp.com>; [EXT] Rodriguez, Sean <srodriguez@bsfllp.com>
**Subject:** RE: Oracle v. Rimini Street (2:10-cv-0106)--Meet and Confer


[External Email]
Counsel:


Attached is Oracle's proposed Joint Proposed Discovery Plan and Scheduling Order.  We are available to meet and confer with you on this next week.


Thanks,
Kathleen


**Kathleen R. Hartnett**
Partner

**BOIES SCHILLER FLEXNER** LLP

435 Tasso Street
Suite 205
Palo Alto, CA 94301
(t) +1 650 798 3508
(m) +1 202 368 5916
khartnett@bsfllp.com
www.bsfllp.com


**From:** Tryck, Jennafer M. [mailto:JTryck@gibsondunn.com]
**Sent:** Wednesday, April 24, 2019 11:50 AM
**To:** Kathleen Hartnett <khartnett@bsfllp.com>; Thomas, Jeffrey T. <JTThomas@gibsondunn.com>; Perry, Mark A. <MPerry@gibsondunn.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>; Evanson, Blaine H. <BEvanson@gibsondunn.com>; Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; Whittaker, Chris <CWhittaker@gibsondunn.com>; McKonly, Amber <AMcKonly@gibsondunn.com>
**Cc:** [EXT] Polito, John A. <John.polito@morganlewis.com>; benjamin.smith@morganlewis.com; sharon.smith@morganlewis.com; [EXT] Shinn, Lindsey M. <lindsey.shinn@morganlewis.com>; [EXT] Lee, Lisa S. <lisa.lee@morganlewis.com>; [EXT] Hill, Zachary S. <zachary.hill@morganlewis.com>; [EXT] Winslow, Dan <dwinslow@riministreet.com>; fanthony@riministreet.com; godfreyl@gtlaw.com; Gorman, Joseph A. <JGorman@gibsondunn.com>; [EXT] Reilly, Jack <JReilly@riministreet.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; mconnot@foxrothschild.com; wwa@h2law.com; dpolsenberg@lrrc.com; jhenriod@lrrc.com; shoffman@riministreet.com; tmorgan@gibsondunn.com; Ashleigh Jensen <ajensen@bsfllp.com>
**Subject:** RE: Oracle v. Rimini Street (2:10-cv-0106)--Meet and Confer


Counsel,

Attached is a letter responding to Oracle's April 22 letter and the parties' respective positions regarding the upcoming submission of a proposed Joint Discovery Plan and Scheduling Order to the Court.

We look forward to seeing your draft of these documents, but are concerned about the timing raised in your email.  We asked that Oracle provide its proposed draft by today, April 24, to allow sufficient time to review, but your email states that Oracle will "do [its] best" to provide the draft by Friday (after previously saying in the April 18 meet and confer that Oracle would provide a draft this week).  Please make every effort to provide us your draft as soon as possible.  Even if the draft is provided on Friday, that may not allow sufficient time for us to consider it with our client and work through issues with Oracle prior to the May 6 submission deadline, and we may need to seek an extension.

Thank you,
Jenny

**Jennafer Tryck**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.4089 • Fax +1 949.475.4789
JTryck@gibsondunn.com • www.gibsondunn.com

**From:** Kathleen Hartnett <khartnett@bsfllp.com>
**Sent:** Monday, April 22, 2019 6:15 PM
**To:** Tryck, Jennafer M. <JTryck@gibsondunn.com>; Thomas, Jeffrey T. <JTThomas@gibsondunn.com>; Perry, Mark A. <MPerry@gibsondunn.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>; Evanson, Blaine H. <BEvanson@gibsondunn.com>; Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; Whittaker, Chris <CWhittaker@gibsondunn.com>; McKonly, Amber <AMcKonly@gibsondunn.com>
**Cc:** [EXT] Polito, John A. <John.polito@morganlewis.com>; benjamin.smith@morganlewis.com; sharon.smith@morganlewis.com; [EXT] Shinn, Lindsey M. <lindsey.shinn@morganlewis.com>; [EXT] Lee, Lisa S. <lisa.lee@morganlewis.com>; [EXT] Hill, Zachary S. <zachary.hill@morganlewis.com>; [EXT] Winslow, Dan <dwinslow@riministreet.com>; fanthony@riministreet.com; godfreyl@gtlaw.com; Gorman, Joseph A. <JGorman@gibsondunn.com>; [EXT] Reilly, Jack <JReilly@riministreet.com>; Blas, Lauren M. <LBlas@gibsondunn.com>; mconnot@foxrothschild.com; wwa@h2law.com; dpolsenberg@lrrc.com; jhenriod@lrrc.com; shoffman@riministreet.com; tmorgan@gibsondunn.com; ajensen@BSFLLP.com
**Subject:** RE: Oracle v. Rimini Street (2:10-cv-0106)--Meet and Confer

[External Email]
Counsel,

Attached is a letter responding to Rimini's April 17 letter and the parties' ongoing discussion about the upcoming submission to the Court.  We will do our best to send you our draft proposed joint

discovery plan and scheduling order this week.

Thank you,
Kathleen

**Kathleen R. Hartnett**
Partner

BOIES SCHILLER FLEXNER LLP

435 Tasso Street
Suite 205
Palo Alto, CA 94301
(t) +1 650 798 3508
(m) +1 202 368 5916
khartnett@bsfllp.com
www.bsfllp.com

---

**From:** Tryck, Jennafer M. [mailto:JTryck@gibsondunn.com]
**Sent:** Friday, April 19, 2019 9:39 AM
**To:** Kathleen Hartnett <khartnett@bsfllp.com>; *** Oracle M&C List - External <OracleM&CList-External@gibsondunn.com>
**Cc:** Thomas, Jeffrey T. <JTThomas@gibsondunn.com>; Perry, Mark A. <MPerry@gibsondunn.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>; Evanson, Blaine H. <BEvanson@gibsondunn.com>; Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; Whittaker, Chris <CWhittaker@gibsondunn.com>; McKonly, Amber <AMcKonly@gibsondunn.com>
**Subject:** RE: Oracle v. Rimini Street (2:10-cv-0106)--Meet and Confer

Counsel,

Thank you for letting us know on the meet and confer call yesterday that Oracle is drafting a proposed joint discovery plan and scheduling order in response to the Court's order. To ensure we have time to review and address any issues in advance of the May 6th deadline for submission, we would appreciate receiving a draft by the 24th.

Thanks,
Jenny

**Jennafer Tryck**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.4089 • Fax +1 949.475.4789
JTryck@gibsondunn.com • www.gibsondunn.com

**From:** Kathleen Hartnett <khartnett@bsfllp.com>
**Sent:** Tuesday, April 16, 2019 5:53 PM
**To:** Tryck, Jennafer M. <JTryck@gibsondunn.com>; *** Oracle M&C List - External <OracleM&CList-External@gibsondunn.com>
**Cc:** Thomas, Jeffrey T. <JTThomas@gibsondunn.com>; Perry, Mark A. <MPerry@gibsondunn.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>; Evanson, Blaine H. <BEvanson@gibsondunn.com>; Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; Whittaker, Chris <CWhittaker@gibsondunn.com>; McKonly, Amber <AMcKonly@gibsondunn.com>
**Subject:** RE: Oracle v. Rimini Street (2:10-cv-0106)--Meet and Confer

[External Email]
Jenny,

Thanks for your email, and that time works for us.  We can circulate a dial-in; please let us know which counsel we should include for Rimini.

Thanks,
Kathleen

**Kathleen R. Hartnett**
Partner

**BOIES SCHILLER FLEXNER** LLP

435 Tasso Street
Suite 205
Palo Alto, CA 94301
(t) +1 650 798 3508
(m) +1 202 368 5916
khartnett@bsfllp.com
www.bsfllp.com

**From:** Tryck, Jennafer M. [mailto:JTryck@gibsondunn.com]
**Sent:** Tuesday, April 16, 2019 9:01 AM
**To:** *** Oracle M&C List - External <OracleM&CList-External@gibsondunn.com>
**Cc:** Thomas, Jeffrey T. <JTThomas@gibsondunn.com>; Perry, Mark A. <MPerry@gibsondunn.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>; Evanson, Blaine H. <BEvanson@gibsondunn.com>; Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; McCracken, Casey J. <CMcCracken@gibsondunn.com>; Whittaker, Chris <CWhittaker@gibsondunn.com>; McKonly, Amber <AMcKonly@gibsondunn.com>
**Subject:** Oracle v. Rimini Street (2:10-cv-0106)--Meet and Confer

Counsel,

We are preparing a response to your April 11, 2019 letters, which we will send separately.

We are available to meet and confer the afternoon of April 18 at 2:00 p.m.  Please confirm this time works for you.

Thank you,
Jenny

**Jennafer Tryck**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.4089 • Fax +1 949.475.4789
JTryck@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:     702.382.7300
Facsimile:      702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
1401 New York Avenue, NW, 11th Floor
Washington, DC 20005
Telephone:     (202) 237-2727
Facsimile:      (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON
    (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone:     510.874.1000
Facsimile:      510.874.1460
sholtzman@bsfllp.com
brichardson@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:     415.442.1000
Facsimile:      415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com
DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:     650.506.4846
Facsimile:      650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,*
*Oracle America, Inc., and Oracle*
*International Corp.*

GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 11101
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL G. LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS
PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

*Attorneys for Defendants Rimini Street, Inc.*
*and Seth Ravin.*

UNITED STATE DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>                 Plaintiffs,<br><br>        v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>                 Defendants. | CASE NO. 2:10-CV-0106-LRH-VCF<br><br>**JOINT PROPOSED DISCOVERY PLAN RE: INJUNCTION** |

1   **I.       INTRODUCTION**

2           Pursuant to the Court's order (ECF No. 1215), Plaintiffs Oracle America, Inc. and Oracle

3   International Corp. (collectively, "Oracle") and Defendants Rimini Street, Inc. and Seth Ravin

4   (collectively, "Rimini"; all parties collectively, "Parties," any party, "Party") submit this

5   Proposed Discovery Plan.  The parties met and conferred regarding this discovery plan by written

6   correspondence dated April 11, April 17, April 22, April 24, April 30, and May 3, 2019, and by

7   teleconferences on April 18 and May 1.  After meeting and conferring, the parties have

8   fundamental disagreements regarding a proposed discovery plan and schedule.  The parties

9   request that the Court set a hearing at its convenience to resolve the parties' competing proposals.

10  The parties each submit their own Proposed Scheduling Order.

11          **A.       Oracle's Statement**

12          [To be added based on ongoing meet and confer efforts and issues below]

13          **B.       Rimini's Statement**

14          Consistent with this Court's direction for there to be "stage[d]" discovery, Rimini

15  proposes a reasonable discovery plan that will proceed in two phases.  *See* April 4, 2019 Hrg. Tr.

16  at 39:13–14 ("THE COURT: … I would like to … try and do this at least in some stages.").  In

17  the first phase, Oracle will conduct "limited discovery" regarding the changes Rimini made to its

18  software support processes after the injunction went into effect on November 5, 2018.  *See id.* at

19  56:9–15 ("I'm going to grant the motion to—for Oracle to take some limited discovery … I think

20  you should try to structure [the discovery] in a way that, you know, you get the lay of the land

21  without trying to get all the discovery you would possibly need in order to have a contempt

22  hearing, just, you know, do some scouting.").  After that initial "scouting" discovery (Phase 1), if

23  Oracle believes Rimini's post-injunction processes violate the injunction, Oracle should come

24  forward with specific allegations regarding what conduct, if any, is alleged to be contumacious—

25  something it has refused to do to date.  In that event, discovery may proceed to Phase 2, in which

26  the parties can take more targeted discovery based on the specific conduct Oracle accuses as

27  contumacious.  This phased approach faithfully follows the Court's order permitting Oracle

28  "limited discovery" to get the "lay of the land" and "do some scouting," provides an orderly way

1   in which to proceed, and balances the need for focused discovery with the burden of irrelevant

2   and overly broad discovery.

3         This proceeding is unusual in that Oracle has not come forward with any specific

4   accusations of any ongoing conduct by Rimini that purportedly violates the injunction.  Typically,

5   before engaging in contempt discovery, a complaining party sets forth its allegations regarding

6   alleged contumacious conduct, which define the scope of discovery and any subsequent contempt

7   hearing.  *See Rutherford v. Baca*, 2009 WL 10653011, at *3 (C.D. Cal. Aug. 4, 2009) (limiting

8   new discovery "to the issues identified in Plaintiffs' motion"); *nCube Corp. v. Seachange Int'l*

9   *Inc.*, 2010 WL 2266335, at *3 (D. Del. June 4, 2010) (granting "discovery on the contentions

10  alleged in the Contempt Motion").  Despite repeated requests by Rimini, Oracle has refused to

11  identify any specific conduct by Rimini that it claims is contumacious.  Thus, unlike a typical

12  contempt proceeding in which specific allegations are set forth first, discovery is conducted, and

13  then an evidentiary hearing is held, here, Oracle has not identified any conduct that it contends

14  might violate the injunction, and instead proposes that it engage in broad discovery to identify a

15  factual basis for contempt—and only then*, after discovery is over,* will Oracle identify its

16  allegations to Rimini.

17        Oracle claims that it cannot make any specific accusations at this time because it does not

18  know how Rimini's processes changed after the injunction took effect.  But that is exactly why

19  phased discovery makes sense, as the Court recognized during the April 4 hearing—Oracle

20  should first obtain limited discovery into Rimini's post-injunction processes, and if, after that, it

21  has specific accusations to make, the parties can proceed accordingly.  At the hearing, the Court

22  directed that the parties initially engage in "limited" discovery so that Oracle could discover the

23  changes to Rimini's processes after the injunction went into effect on November 5, 2018.  Apr. 4,

24  2019 Hrg. Tr. at 56:9–15.  The Court explained that the parties should not seek "all the discovery

25  you would possibly need in order to have a contempt hearing," (*id.* at 56:14–15), but instead

26  should "do some scouting" to "get a lay of the land" (*id.* at 56:13–15).  The Court encouraged the

27  parties to use less burdensome sampling where possible.  *Id.* at 56:16–18.  The Court denied

28  Oracle's proposed interrogatories, stating "[w]e'll hold off on the interrogatories except [one

1   interrogatory regarding a list of Rimini's post-injunction updates]." *Id.* at 53:7–8.  The Court also

2   severely limited the scope of burdensome Requests for Production that Oracle had proposed,

3   again, consistent with the Court's message that discovery should begin with some less

4   burdensome "scouting."  *Id.* at 39:12–17; 42:24–43:2; 44:19–20; 46:5–14; 56:15.

5          Rimini's phased discovery proposal follows the Court's direction and solves the problem

6   of Oracle supposedly not having the discovery it needs to bring specific contempt allegations.  In

7   Phase 1, Oracle can learn what Rimini changed post-injunction.  That should end the matter, as

8   Rimini believes it is in compliance with the injunction.  If Oracle disagrees with Rimini, however,

9   Oracle will be in a position to identify specific conduct that it alleges is contumacious and any

10  such allegations that can narrowly tailor the scope of further discovery.  Rimini's proposal has the

11  following advantages.

12         **First,** Rimini's proposal follows the Court's guidance at the April 4 hearing by starting

13  with less burdensome "scouting" discovery.  Oracle's proposal ignores the Court's guidance and

14  proposes that all discovery be done at once on a significantly compressed schedule.  For example,

15  Oracle proposes that expert discovery—which took over 6 months and involved the analysis of

16  more than 8 terabytes of data in *Rimini II*—be conducted in 2 weeks.[1]  Oracle's proposal also

17  ignores other aspects of the Court's ruling.  For example, the Court stated that interrogatories

18  (with the exception of one) were not warranted at this stage, yet Oracle proposes that Rimini

19  should respond to 12 interrogatories in a 3-month period—half as many as the parties answered in

20  3 **years** of discovery in *Rimini II*.

21         **Second**, Rimini's staged approach allows Rimini to understand Oracle's claims and

22  Oracle to understand Rimini's post-injunction processes before engaging in the most burdensome

23  discovery.  The parties can tailor their discovery plan to what Oracle actually accuses, after

24  obtaining initial discovery on Rimini's post-injunction processes.

25         **Third**, Oracle has repeatedly signaled that it will claim that conduct never adjudicated in

26  *Rimini I* can form the basis of a violation of the injunction in *Rimini I*.  *See* ECF No. 1209 at 7–9;

27

28  [1]      Indeed, in *Rimini II*, it took several weeks for Rimini's experts just to *load* the unprecedented volume of data
        produced by one of Oracle's technical experts so that analysis could even begin.

JOINT PROPOSED DISCOVERY PLAN RE: INJUNCTION

1   *see also*, *e.g.*, ECF No. 1201-8 at 2 (Oracle asking Rimini to confirm that Rimini had stopped

2   using tools and practices never adjudicated in *Rimini I*); ECF No. 1201-10 (Oracle ignoring

3   Rimini's request that Oracle explain when and where in *Rimini I* the challenged support practices

4   were actually litigated).  Oracle's approach is contrary to black-letter law.  *See Price v. City of*

5   *Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (an injunction must be "narrowly tailored … to

6   remedy *only the specific harms shown by the plaintiffs*") (emphasis added); *Mulcahy v. Cheetah*

7   *Learning LLC*, 386 F.3d 849, 852 & n.1 (8th Cir. 2004) (vacating provision of injunction

8   covering "course materials that were not before the court"); *Nimmer on Copyright*,

9   § 14.06[C][1][a] ("[T]he scope of the injunction should be coterminous with the infringement.");

10  *see also TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 890 (Fed. Cir. 2011) (finding an injunction

11  cannot be enforced when the new conduct is "more than colorably different" from the adjudicated

12  process).  Further, Oracle argued to this Court repeatedly that Rimini's revised processes were

13  "irrelevant" to *Rimini I* and successfully convinced the Court to keep those processes out of a

14  *Rimini I* trial where they could be adjudicated by a jury.  *See*, *e.g.*, ECF No. 646 at 5 (Oracle

15  stating that "[t]he legality of the new 2014 model will be the subject of Rimini's new lawsuit

16  [*Rimini II*] … and therefore any evidence related to the 2014 support model is *irrelevant to any*

17  *liability issue at trial* [in *Rimini I*]." (emphasis added); *id.* at 1 (Oracle arguing that all "evidence

18  and argument relating to Rimini's alleged new support model" should be "exclude[d]" from

19  *Rimini I*; "*the legality of that purported model will be determined*" in *Rimini II*) (emphasis

20  added)).  Having done that, Oracle should now be estopped from arguing that any of those

21  processes violate a *Rimini I* injunction.  A staged discovery approach will allow the Court to

22  schedule motion practice to address these threshold legal issues (if they arise, depending on what,

23  if anything, Oracle accuses) before engaging in potentially needless and burdensome discovery.

24      Rimini proposes that the Court implement a reasonable, phased discovery approach as set

25  forth in more detail in Section III, *infra*.  Rimini further respectfully requests that the Court hold a

26  hearing at its convenience to resolve Rimini's and Oracle's competing discovery plans.

27  **II.    STIPULATED FACTS**

28      During the April 4, 2019 hearing, the Court encouraged the Parties to meet and confer

regarding the possibility of streamlining discovery through a set of stipulated facts (which the Court recognized could "save a lot of time and money") and to then "report back" to the Court. April 4, 2019 Hrg. Tr. at 31:9–13, 32:6–9, 56:19–24, 57:12–24. Rimini reserves and maintains its objections to the extent that the stipulated facts address processes that were not litigated in *Rimini I*. Based on the parties' meet and confer, they have stipulated to the following facts:

1. Some Rimini clients may have hosted, or continue to host, their Oracle software in cloud locations controlled by those clients after the injunction went into effect.

2. █████████████████████████████████████████████████████████

3. Since the injunction went into effect, Rimini has remotely accessed PeopleSoft software hosted on client systems associated with its PeopleSoft clients.

**A.    Oracle's Statement**

[To be added depending on what facts Rimini stipulates to] [NOTE FROM RIMINI TO ORACLE: We do not understand the need for "Statements" in this section. If Oracle includes a statement, we require at least 24 hours to consider it and make a responsive statement if necessary. ]

**B.    Rimini's Statement**

[To be added by Rimini]

**III.    DISCOVERY PLAN**

**A.    Oracle's Statement**

[To be added by Oracle after Rimini includes its proposal above]

| Type of Discovery | Oracle Proposal |
|---|---|
| Requests for production | 20 |
| Requests for inspection | 5 |
| Interrogatories | 12 |
| Depositions (fact witnesses) | 5 |
| Depositions (non-party) | 5 |
| Requests for admission | 35 |
| Third-party subpoenas | 10 |

May 3, 2019:  Rimini Draft to Oracle

| Type of Discovery | Oracle Proposal |
|---|---|
| Deadline to serve first round of written discovery | May 6, 2019 |
| Deadline to complete production of documents in response to first round of document requests | June 24, 2019 |
| Deadline to serve final written discovery | July 8, 2019 |
| Close of fact discovery | August 27, 2019 |
| Expert disclosures | September 4, 2019 |
| Close of expert discovery | September 18, 2019 |
| Deadline to file motion for order to show cause/contempt motion | September 30, 2019 |
| | |

**B.      Rimini's Statement**

At the April 4 hearing, the Court ruled that the parties should develop a Joint Discovery Plan that takes discovery in phases.  In the first phase, the Court directed that Oracle could take some "limited discovery" to "get the lay of the land without trying to get all the discovery [Oracle] would possibly need in order to have a contempt hearing, just, you know, ***do some scouting***."  Apr. 4, 2019 Hrg. Tr. at 56:9–15 (emphasis added); *see also id.* at 39:13–14 ("THE COURT: … I would like to … try and do this at least in some stages.").  Then Oracle may file a motion requesting leave to proceed with specific additional discovery.  *Id.* at 61:4–6 ("THE COURT: … you can do some discovery, and if you need something else, just file a motion."); *id.* at 39:15–17 ("THE COURT: … If actually you do this first discovery and you find something that you think deserves to go deeper, then we can talk about it.").

Following this guidance, and in light of the particular posture of this case, Rimini respectfully submits that rather than entering an order that permits Oracle to serve a set number of discovery requests, without specifying what information those requests will seek, the Court should set a schedule that takes into account Oracle's claim to need some "narrowly tailored,"

"target[ed]" discovery into Rimini's processes after November 5, 2018 (*id.* at 21:6–11), to test Rimini's compliance with the injunction, while reserving more burdensome discovery until Oracle can make a showing that the additional discovery is warranted.  Rimini proposes that the parties pursue the following phased discovery approach.

### *Phase 1*:  Limited "Scouting" Discovery Regarding Rimini's Post-Injunction Changes to Processes

In the first phase, Rimini would respond to the following preliminary discovery regarding post-injunction conduct:

- A request for production of non-privileged documents sufficient to show the changes to Rimini's support processes for PeopleSoft and JD Edwards made in response to the injunction;

- A request for production of non-privileged policies or memoranda that Rimini created in response to the injunction regarding Rimini's support practices for PeopleSoft and JD Edwards;

- A request for production of AFW records stored in the AFW database that reflect what "has changed after the date of the injunction" (*id.* at 42:18–19), to the extent it is technically feasible to do so, which Rimini is investigating (and if it is not, Rimini will meet and confer with Oracle to develop a reasonable solution);

- An interrogatory seeking a list of updates to PeopleSoft and JD Edwards software that Rimini developed after November 5, 2018, identifying the updates, the related product lines, and the clients to which Rimini distributed the updates; and

- An interrogatory seeking a list of Rimini's clients that, for the period after November 5, 2018, have chosen to host their Oracle software in the cloud, to the extent Rimini is able to obtain this information from Remote Access Documents or Statements of Work for its clients.

In Phase 1, after production of documents and information responsive to the above requests, Rimini would make a deponent available for a half-day Rule 30(b)(6) deposition concerning any changes Rimini made to its PeopleSoft support processes in response to the

1    injunction.

2         Consistent with the Court's ruling at the April 4 hearing, Rimini does not believe that

3    interrogatories are warranted at this time, except for the two interrogatories listed above.  *See id.*

4    53:7–11 ("THE COURT: … We'll hold off on the interrogatories.").  Likewise, consistent with

5    the Court's guidance, Rimini believes that permitting Oracle access to Rimini's online resources,

6    such as DevTrack, is premature, and should be addressed during a later phase of discovery (if

7    necessary).  *See id.* at 44:3–4 (the Court, referring to Rimini's online resources: "We can do that

8    during the second part.").

9         At the conclusion of Phase 1, if Oracle believes it can make a showing that further

10   discovery is necessary into specific conduct that it identifies as having been adjudicated in *Rimini*

11   *I* and is allegedly contumacious, Oracle should file a motion for further discovery.  *See id.* at

12   61:4–6 ("THE COURT: … you can do some discovery, and if you need something else, just file a

13   motion."); *id.* at 39:15–17 ("THE COURT: … If actually you do this first discovery and you find

14   something that you think deserves to go deeper, then we can talk about it.").  Rimini proposes that

15   after completion of briefing on Oracle's motion for further discovery, the Court hold a hearing to

16   determine whether there is good cause for more extensive discovery targeted to Oracle's specific

17   accusations, and, if so, to set a schedule for this discovery and any necessary motion practice.

18        ***Phase 2*: Further Targeted Discovery (Good Cause Showing)**

19        Following Phase 1, Oracle should identify the specific conduct it alleges is contumacious

20   (if any), and the Court should hold a hearing on Oracle's motion for further discovery to decide

21   whether additional discovery is warranted and, if so, to determine an appropriate discovery

22   schedule.  If the Court determines that Oracle has shown good cause to conduct further discovery,

23   the parties can then proceed to Phase 2 and engage in more extensive discovery targeted to

24   Oracle's specific allegations.  Today, without knowing what specific conduct Oracle contends (or

25   will contend) is contumacious, or whether the discovery Rimini will provide in Phase 1 will

26   suffice to provide Oracle with the information it needs to test Rimini's compliance with the

27   injunction, Rimini is unable to provide a more detailed schedule.

28        As the Court understood at the April 4 hearing, phased discovery is the most efficient way

1   for the parties to proceed.  It orients discovery around potentially dispositive issues and avoids

2   unnecessary (and disproportionate) expenditure of resources in the event Oracle is unable to

3   proffer a showing of contumacious conduct.  Fed. R. Civ. P. 30(a)(2)(A) advisory committee's

4   note ("[C]ounsel have a professional obligation to develop a mutual cost-effective plan for

5   discovery …."); Fed. R. Civ. P. 26(f) advisory committee's note ("[I]t is desirable that the parties'

6   proposals regarding discovery … discuss how discovery can be conducted most efficiently and

7   economically.").

8          Rimini's approach is also fairer to the parties.  Without knowing what conduct Oracle

9   contends is contumacious, Rimini is unable to pursue its own discovery to rebut those claims,

10  including preparing expert witnesses.  In this phased approach, Rimini's own discovery (if

11  necessary) would come in Phase 2, after Oracle has articulated its accusations.

12         Oracle's approach—which does not involve phasing—is inefficient and burdensome.  The

13  discovery Oracle proposes herein, which simply lists the numbers of discovery requests,

14  depositions, and subpoenas that Oracle seeks to serve, is not "limited" or "narrowly tailored" in

15  any meaningful way.  It is on par with allowing plaintiff discovery before the complaint is even

16  filed, precluding the defendant from having a fair and reasonable understanding of the claims

17  alleged against it.  It also provides no procedure for informing Rimini of the processes

18  (adjudicated in *Rimini I*) that Oracle contends are contumacious.

19         Further, Oracle's proposed expert discovery is inefficient and unworkable.  Expert

20  discovery is not necessary (or even appropriate) until after Oracle specifically accuses the conduct

21  that is alleges to be contumacious.  In addition, even if expert discovery were warranted at this

22  time, Oracle's proposal is unworkable because it envisions the ***simultaneous*** exchange of expert

23  reports *before Oracle specifically accuses any conduct,* without any opportunity for Rimini to

24  serve a rebuttal expert report.  It would be impossible for Rimini to file an expert report

25  simultaneous with Oracle's expert report because Rimini would not know what issues to address,

26  or even what expert to retain.  Moreover, expert discovery on Oracle's schedule is impractically

27  compressed.  Oracle allows just 3 weeks for expert reports and depositions under its schedule, but

28  expert discovery in *Rimini II*, for example, took over 6 months.

1    Finally, Oracle's proposal includes twelve interrogatories, in contravention of the Court's

2 ruling that the parties should refrain from serving interrogatories (with the exception of one

3 related to a list of Rimini's updates) at this time.  *See id.* 53:7–11 ("THE COURT: … We'll hold

4 off on the interrogatories.").

5    **Rimini's Proposed Discovery Schedule**

| Discovery Event | Date |
|---|---|
| Phase 1 Discovery begins | Upon Court's adoption of a discovery plan and issuance of a scheduling order |
| Deadline for Oracle to serve three document requests and two interrogatories (described *supra*) | 30 days after Court's adoption of a discovery plan and issuance of a scheduling order |
| Deadline to complete production of documents in response to first round of document requests | 60 days after service of written discovery |
| Close of Phase 1 Discovery | 45 days after production of documents and responses to interrogatories |
| Deadline for Oracle to file Motion for Further Discovery, specifically identifying the acts it accuses of being contumacious, if any | 15 days after close of Phase 1 Discovery |
| Hearing on Oracle's Motion for Further Discovery (if Motion granted, schedule provided for Phase 2 Discovery) | A date acceptable to the Court in approximately late September or early October 2019 |
| Close of Phase 2 Discovery | To be set at Hearing on Oracle's Motion for Further Discovery (if Motion granted) |
| Motion for Order to Show Cause / Contempt Motion (if any) | To be set after close of Phase 2 Discovery |

## IV.    OTHER DISCOVERY ISSUES

### A.    Oracle's Statement

To enable the Parties to complete discovery in a timely fashion and permit the Court to efficiently resolve disputes on an ongoing basis, Oracle proposes that:

(1) the response time for written discovery requests is 21 days;

(2) the Court schedule periodic case management conferences at least every month to address any outstanding discovery disputes, with a joint submission in advance identifying any issues in dispute, similar to what Magistrate Judge Leen required in connection with the prior discovery efforts (ECF No. 93);

(3) the Court permit the parties to jointly submit brief memoranda summarizing any disputes prior to filing a motion to compel, to enable the Court to consider the positions and provide feedback before proceeding with full briefing, similar to what Magistrate Judge Hoffman required in the *Rimini II* litigation (*Rimini II*, ECF No. 372); and

(4) Oracle be permitted to file more than one order to show cause in the event Oracle raises multiple issues and some issues become ripe for briefing earlier than others based on any stipulated facts or early discovery.

### 1.    Oracle's Statement of Reasons For Deviation From LR 26-1(b)

Local Rule 26-1(a) provides that parties submit a statement of reasons why longer or different time periods should apply to the case if proposing any deviations from Local Rule 26-1(b).  Oracle's proposal, set out in Section II and Section III, differs from the schedule outlined in Local Rule 26-1(b) because this discovery is post-trial discovery in support of the Court's permanent injunction, ECF No. 1166.

### B.    Rimini's Statement

Oracle's proposals to modify the Federal and Local Rules related to discovery is unwarranted.  Rimini responds to each proposal in detail below.

***First***, Oracle's request for a 21-day response period for discovery is unworkable.  The

1    Federal Rules grant 30 days for good reason, and parties are often required to seek extensions,

2    even in less complicated cases.  *See generally* Rule 33 Notes of Advisory Committee on Rules –

3    1970 Amendment (explaining that it was necessary to extend the time to respond to 30 days for

4    interrogatories because the then-current deadline of 15 days for answers was "too short" and data

5    showed that "tardy response to interrogatories is common, virtually expected").  Here, in a highly

6    technical case that involves complex technical discovery, a 21-day deadline will almost certainly

7    lead to regular requests for extensions.  The discovery history in *Rimini II* only underscores this

8    point—in that case, both sides routinely sought extensions for answering written discovery due to

9    the complexity of the underlying subject matter.  Oracle apparently now intends to seek in *Rimini*

10   *I* technical discovery on the same issues and processes discovered in *Rimini II*.  As a result, a 21-

11   day deadline is untenable.

12        **Second,** Rimini believes that burdening the Court and the parties with monthly status

13   conferences is unnecessary in this case.  The parties went through a significant portion of *Rimini*

14   *II*—which involved 3 years of discovery, over a thousand written discovery requests, and more

15   than 100 depositions—without regular conferences.  Given that *Rimini I* will involve significantly

16   narrower discovery, the parties should be able to adhere to the standard process for resolving

17   disputes as they did in *Rimini II*.  Moreover, Rimini's proposed discovery plan builds in hearings

18   at the close of Phase 1 Discovery, and (if necessary) Phase 2 Discovery.

19        **Third,** there is no cause for altering the Local Rules to require the filing of letter briefs

20   before the parties can file motions for protective orders or to compel.  While that process was

21   eventually implemented in *Rimini II*, as noted, that case involved a much broader scope of

22   discovery than is envisioned here.  Here, all the Court has ordered is "limited" discovery for the

23   purpose of "scouting."  April 4, 2019 Hrg. Tr. at 56:9–15.  The process established by the Local

24   Rules is adequate for handling any disputes that may arise during this targeted discovery.

25        **Fourth,** Oracle should not be permitted to bring serial motions for contempt.  This Court

26   has already ordered that this Joint Discovery Plan should include a deadline for "**a** contempt

27   motion," not multiple motions.  *Id.* at 60:17–18.  Nor is there any reason that Oracle cannot

28   include all its allegations in a single motion.  Oracle's apparent concern that it may have some

1   evidence early on, and additional evidence later, is all the more reason for the Court to enforce the

2   phased approach discussed during the hearing and proposed by Rimini.  Oracle should take the

3   initial, "scouting" discovery ordered by this Court first and determine what conduct by Rimini (if

4   any) it believes is contumacious.  Then, assuming the Court grants further discovery on those

5   issues, Oracle can take the discovery it needs, and bring a single motion for contempt when that

6   discovery is complete.  This is an efficient way of structuring the contempt process that both

7   respects the Court's time and conserves resources for all parties.

8

9   [Signature blocks to be added]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATE DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, | CASE NO. 2:10-CV-0106-LRH-VCF |
| Plaintiffs, | **[PROPOSED] SCHEDULING ORDER REGARDING INJUNCTION COMPLIANCE** |
| v. | |
| RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual, | |
| Defendants. | |

**[PROPOSED] ORDER**

Pending before this Court is the Stipulated Discovery Plan and Proposed Scheduling Order submitted by Plaintiffs Oracle America, Inc. and Oracle International Corp. (collectively, "Oracle") and Defendants Rimini Street, Inc. and Seth Ravin.

[FILL IN]

DATED:          , 2019          By:_____

                                                 Hon. Cam Ferenbach
                                           United States Magistrate Judge

[ADD JOINT FILING MATERIALS AND CERTIFICATE OF SERVICE]

April 26,May 3, 2019:  OracleRimini Draft to RiminiOracle

| | |
|---|---|
| 1 | |
| 2 | BOIES SCHILLER FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568) |
| 3 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 |
| 4 | Telephone:     702.382.7300<br>Facsimile:      702.382.2755 |
| 5 | rpocker@bsfllp.com |

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:     702.382.7300
Facsimile:      702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
1401 New York Avenue, NW, 11th Floor
Washington, DC 20005
Telephone:     (202) 237-2727
Facsimile:      (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON
    (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone:     510.874.1000
Facsimile:      510.874.1460
sholtzman@bsfllp.com
brichardson@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:     415.442.1000
Facsimile:      415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:     650.506.4846
Facsimile:      650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,*
*Oracle America, Inc., and Oracle*

GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 11101
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL G. LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS
PLLC
W.      WEST ALLEN (Nevada Bar No.
5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

*Attorneys for Defendants Rimini Street, Inc.*
*and Seth Ravin.*

*International Corp.*

UNITED STATE DISTRICT COURT

DISTRICT OF NEVADA

| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, | CASE NO. 2:10-CV-0106-LRH-VCF |
|---|---|
| Plaintiffs, | **JOINT PROPOSED DISCOVERY PLAN ~~AND SCHEDULING ORDER REGARDING~~RE: INJUNCTION ~~COMPLIANCE~~** |
| v. | |
| RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual, | |
| Defendants. | |

JOINT PROPOSED ~~INJUNCTION-RELATED~~ DISCOVERY PLAN ~~AND SCHEDULING ORDER~~RE: INJUNCTION

April 26,May 3, 2019:   OracleRimini Draft to RiminiOracle

I.      **INTRODUCTION**

   Pursuant to the Court's order (ECF No. 1215), Plaintiffs Oracle America, Inc. and Oracle International Corp. (collectively, "Oracle") and Defendants Rimini Street, Inc. and Seth Ravin (collectively, "Rimini"; all parties collectively, "Parties," any party, "Party") submit this Proposed Discovery Plan and.   The parties met and conferred regarding this discovery plan by written correspondence dated April 11, April 17, April 22, April 24, April 30, and May 3, 2019, and by teleconferences on April 18 and May 1.  After meeting and conferring, the parties have fundamental disagreements regarding a proposed discovery plan and schedule.  The parties request that the Court set a hearing at its convenience to resolve the parties' competing proposals.  The parties each submit their own Proposed Scheduling Order.   All proposals are joint except where indicated.

   A.      **Oracle's Statement**

   [To be added based on ongoing meet and confer efforts and issues below]

   B.      **Rimini's Statement**

   [To be added by Rimini]

   Consistent with this Court's direction for there to be "stage[d]" discovery, Rimini proposes a reasonable discovery plan that will proceed in two phases.  *See* April 4, 2019 Hrg. Tr. at 39:13–14 ("THE COURT: … I would like to … try and do this at least in some stages.").  In the first phase, Oracle will conduct "limited discovery" regarding the changes Rimini made to its software support processes after the injunction went into effect on November 5, 2018.  *See id.* at 56:9–15 ("I'm going to grant the motion to—for Oracle to take some limited discovery … I think you should try to structure [the discovery] in a way that, you know, you get the lay of the land without trying to get all the discovery you would possibly need in order to have a contempt hearing, just, you know, do some scouting.").  After that initial "scouting" discovery (Phase 1), if Oracle believes Rimini's post-injunction processes violate the injunction, Oracle should come forward with specific allegations regarding what conduct, if any, is alleged to be contumacious—something it has refused to do to date.  In that event, discovery may proceed to

Phase 2, in which the parties can take more targeted discovery based on the specific conduct Oracle accuses as contumacious.  This phased approach faithfully follows the Court's order permitting Oracle "limited discovery" to get the "lay of the land" and "do some scouting," provides an orderly way in which to proceed, and balances the need for focused discovery with the burden of irrelevant and overly broad discovery.

This proceeding is unusual in that Oracle has not come forward with any specific accusations of any ongoing conduct by Rimini that purportedly violates the injunction.  Typically, before engaging in contempt discovery, a complaining party sets forth its allegations regarding alleged contumacious conduct, which define the scope of discovery and any subsequent contempt hearing.  *See Rutherford v. Baca*, 2009 WL 10653011, at *3 (C.D. Cal. Aug. 4, 2009) (limiting new discovery "to the issues identified in Plaintiffs' motion"); *nCube Corp. v. Seachange Int'l Inc.*, 2010 WL 2266335, at *3 (D. Del. June 4, 2010) (granting "discovery on the contentions alleged in the Contempt Motion").  Despite repeated requests by Rimini, Oracle has refused to identify any specific conduct by Rimini that it claims is contumacious.  Thus, unlike a typical contempt proceeding in which specific allegations are set forth first, discovery is conducted, and then an evidentiary hearing is held, here, Oracle has not identified any conduct that it contends might violate the injunction, and instead proposes that it engage in broad discovery to identify a factual basis for contempt—and only then, *after discovery is over,* will Oracle identify its allegations to Rimini.

Oracle claims that it cannot make any specific accusations at this time because it does not know how Rimini's processes changed after the injunction took effect.  But that is exactly why phased discovery makes sense, as the Court recognized during the April 4 hearing—Oracle should first obtain limited discovery into Rimini's post-injunction processes, and if, after that, it has specific accusations to make, the parties can proceed accordingly.  At the hearing, the Court directed that the parties initially engage in "limited" discovery so that Oracle could discover the changes to Rimini's processes after the injunction went into effect on November 5, 2018.  Apr. 4, 2019 Hrg. Tr. at 56:9–15.  The Court explained that the parties should not seek "all the discovery

you would possibly need in order to have a contempt hearing," (*id.* at 56:14–15), but instead should "do some scouting" to "get a lay of the land" (*id.* at 56:13–15).  The Court encouraged the parties to use less burdensome sampling where possible.  *Id.* at 56:16–18.  The Court denied Oracle's proposed interrogatories, stating "[w]e'll hold off on the interrogatories except [one interrogatory regarding a list of Rimini's post-injunction updates]."  *Id.* at 53:7–8.  The Court also severely limited the scope of burdensome Requests for Production that Oracle had proposed, again, consistent with the Court's message that discovery should begin with some less burdensome "scouting."  *Id.* at 39:12–17; 42:24–43:2; 44:19–20; 46:5–14; 56:15.

Rimini's phased discovery proposal follows the Court's direction and solves the problem of Oracle supposedly not having the discovery it needs to bring specific contempt allegations.  In Phase 1, Oracle can learn what Rimini changed post-injunction.  That should end the matter, as Rimini believes it is in compliance with the injunction.  If Oracle disagrees with Rimini, however, Oracle will be in a position to identify specific conduct that it alleges is contumacious and any such allegations that can narrowly tailor the scope of further discovery.  Rimini's proposal has the following advantages.

***First***, Rimini's proposal follows the Court's guidance at the April 4 hearing by starting with less burdensome "scouting" discovery.  Oracle's proposal ignores the Court's guidance and proposes that all discovery be done at once on a significantly compressed schedule.  For example, Oracle proposes that expert discovery—which took over 6 months and involved the analysis of more than 8 terabytes of data in *Rimini II*—be conducted in 2 weeks.[1]  Oracle's proposal also ignores other aspects of the Court's ruling.  For example, the Court stated that interrogatories (with the exception of one) were not warranted at this stage, yet Oracle proposes that Rimini should respond to 12 interrogatories in a 3-month period—half as many as the parties answered in 3 **years** of discovery in *Rimini II*.

***Second***, Rimini's staged approach allows Rimini to understand Oracle's claims and Oracle to understand Rimini's post-injunction processes before engaging in the most burdensome

---

[1]  Indeed, in *Rimini II*, it took several weeks for Rimini's experts just to *load* the unprecedented volume of data produced by one of Oracle's technical experts so that analysis could even begin.

JOINT PROPOSED INJUNCTION-RELATED DISCOVERY PLAN AND SCHEDULING ORDERRE: INJUNCTION

discovery.  The parties can tailor their discovery plan to what Oracle actually accuses, after obtaining initial discovery on Rimini's post-injunction processes.

     *Third*, Oracle has repeatedly signaled that it will claim that conduct never adjudicated in *Rimini I* can form the basis of a violation of the injunction in *Rimini I*.  *See* ECF No. 1209 at 7–9; *see also*, *e.g.*, ECF No. 1201-8 at 2 (Oracle asking Rimini to confirm that Rimini had stopped using tools and practices never adjudicated in *Rimini I*); ECF No. 1201-10 (Oracle ignoring Rimini's request that Oracle explain when and where in *Rimini I* the challenged support practices were actually litigated).  Oracle's approach is contrary to black-letter law.  *See Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (an injunction must be "narrowly tailored … to remedy *only the specific harms shown by the plaintiffs*") (emphasis added); *Mulcahy v. Cheetah Learning LLC*, 386 F.3d 849, 852 & n.1 (8th Cir. 2004) (vacating provision of injunction covering "course materials that were not before the court"); *Nimmer on Copyright*, § 14.06[C][1][a] ("[T]he scope of the injunction should be coterminous with the infringement."); *see also TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 890 (Fed. Cir. 2011) (finding an injunction cannot be enforced when the new conduct is "more than colorably different" from the adjudicated process).  Further, Oracle argued to this Court repeatedly that Rimini's revised processes were "irrelevant" to *Rimini I* and successfully convinced the Court to keep those processes out of a *Rimini I* trial where they could be adjudicated by a jury.  *See*, *e.g.*, ECF No. 646 at 5 (Oracle stating that "[t]he legality of the new 2014 model will be the subject of Rimini's new lawsuit [*Rimini II*] … and therefore any evidence related to the 2014 support model is *irrelevant to any liability issue at trial* [in *Rimini I*]." (emphasis added)); *id.* at 1 (Oracle arguing that all "evidence and argument relating to Rimini's alleged new support model" should be "exclude[d]" from *Rimini I*; "*the legality of that purported model will be determined*" in *Rimini II*) (emphasis added)).  Having done that, Oracle should now be estopped from arguing that any of those processes violate a *Rimini I* injunction.  A staged discovery approach will allow the Court to schedule motion practice to address these threshold legal issues (if they arise, depending on what, if anything, Oracle accuses) before engaging in potentially needless and burdensome discovery.

April 26,May 3, 2019:   OracleRimini Draft to RiminiOracle

Rimini proposes that the Court implement a reasonable, phased discovery approach as set forth in more detail in Section III, *infra*.  Rimini further respectfully requests that the Court hold a hearing at its convenience to resolve Rimini's and Oracle's competing discovery plans.

## II.     STIPULATED FACTS

During the April 4, 2019 hearing, the Court encouraged the Parties to meet and confer regarding the possibility of streamlining discovery through a set of stipulated facts (which the Court recognized could "save a lot of time and money") and to then "report back" to the Court. April 4, 2019 HearingHrg. Tr. at 31:9–13, 32:6–9, 56:19–24, 57:12-24.  24, 57:12–24.  Rimini reserves and maintains its objections to the extent that the stipulated facts address processes that were not litigated in *Rimini I*.  Based on the parties' meet and confer, they have stipulated to the following facts:

[List of stipulated facts to be added based on ongoing meet and confer discussions]

1.     Some Rimini clients may have hosted, or continue to host, their Oracle software in cloud locations controlled by those clients after the injunction went into effect.

2.     ███████████████████████████████████████████████

3.     Since the injunction went into effect, Rimini has remotely accessed PeopleSoft software hosted on client systems associated with its PeopleSoft clients.

### A.     B. Oracle's Statement

[To be added depending on what facts Rimini stipulates to].  [NOTE FROM RIMINI TO ORACLE:  We do not understand the need for "Statements" in this section.  If Oracle includes a statement, we require at least 24 hours to consider it and make a responsive statement if necessary. ]

### B.     Rimini's Statement

[To be added by Rimini]

## III.    DISCOVERY PLAN

### A.     Oracle's Statement

[To be added by Oracle after Rimini includes its proposal above]

April 26,May 3, 2019:  OracleRimini Draft to RiminiOracle

| Type of Discovery | Oracle Proposal | Rimini Proposal |
|---|---|---|
| Requests for production | 20 | |
| Requests for inspection | 5 | |
| Interrogatories | 12 | |
| Depositions (fact witnesses) | 5 | |
| Depositions (non-party) | 5 | |
| Requests for admission | 35 | |
| Third-party subpoenas | 10 | |
| Deadline to serve first round of written discovery | May 6, 2019 | |
| Deadline to complete production of documents in response to first round of document requests | June 24, 2019 | |
| Deadline to serve final written discovery | July 8, 2019 | |
| Close of fact discovery | August 27, 2019 | |
| Expert disclosures | September 4, 2019 | |
| Close of expert discovery | September 18, 2019 | |
| Deadline to file motion for order to show cause/contempt motion | September 30, 2019 | |

A.    Oracle's Statement

[To be added by Oracle after Rimini includes its proposal above]

B.

**B.**    **Rimini's Statement**

[To be added by Rimini]

IV.    DISCOVERY SCHEDULE

At the April 4 hearing, the Court ruled that the parties should develop a Joint Discovery Plan that takes discovery in phases.  In the first phase, the Court directed that Oracle could take some "limited discovery" to "get the lay of the land without trying to get all the discovery [Oracle] would possibly need in order to have a contempt hearing, just, you know, ***do some***

*scouting*."  Apr. 4, 2019 Hrg. Tr. at 56:9–15 (emphasis added); *see also id.* at 39:13–14 ("THE COURT: … I would like to … try and do this at least in some stages.").  Then Oracle may file a motion requesting leave to proceed with specific additional discovery.  *Id.* at 61:4–6 ("THE COURT: … you can do some discovery, and if you need something else, just file a motion."); *id.* at 39:15–17 ("THE COURT: … If actually you do this first discovery and you find something that you think deserves to go deeper, then we can talk about it.").

Following this guidance, and in light of the particular posture of this case, Rimini respectfully submits that rather than entering an order that permits Oracle to serve a set number of discovery requests, without specifying what information those requests will seek, the Court should set a schedule that takes into account Oracle's claim to need some "narrowly tailored," "target[ed]" discovery into Rimini's processes after November 5, 2018 (*id.* at 21:6–11), to test Rimini's compliance with the injunction, while reserving more burdensome discovery until Oracle can make a showing that the additional discovery is warranted.  Rimini proposes that the parties pursue the following phased discovery approach.

**_Phase 1_: Limited "Scouting" Discovery Regarding Rimini's Post-Injunction Changes to Processes**

In the first phase, Rimini would respond to the following preliminary discovery regarding post-injunction conduct:

- A request for production of non-privileged documents sufficient to show the changes to Rimini's support processes for PeopleSoft and JD Edwards made in response to the injunction;

- A request for production of non-privileged policies or memoranda that Rimini created in response to the injunction regarding Rimini's support practices for PeopleSoft and JD Edwards;

- A request for production of AFW records stored in the AFW database that reflect what "has changed after the date of the injunction" (*id.* at 42:18–19), to the extent it is technically feasible to do so, which Rimini is investigating (and if it is not,

Rimini will meet and confer with Oracle to develop a reasonable solution);

• An interrogatory seeking a list of updates to PeopleSoft and JD Edwards software that Rimini developed after November 5, 2018, identifying the updates, the related product lines, and the clients to which Rimini distributed the updates; and

• An interrogatory seeking a list of Rimini's clients that, for the period after November 5, 2018, have chosen to host their Oracle software in the cloud, to the extent Rimini is able to obtain this information from Remote Access Documents or Statements of Work for its clients.

In Phase 1, after production of documents and information responsive to the above requests, Rimini would make a deponent available for a half-day Rule 30(b)(6) deposition concerning any changes Rimini made to its PeopleSoft support processes in response to the injunction.

Consistent with the Court's ruling at the April 4 hearing, Rimini does not believe that interrogatories are warranted at this time, except for the two interrogatories listed above. *See id.* 53:7–11 ("THE COURT: … We'll hold off on the interrogatories.").  Likewise, consistent with the Court's guidance, Rimini believes that permitting Oracle access to Rimini's online resources, such as DevTrack, is premature, and should be addressed during a later phase of discovery (if necessary). *See id.* at 44:3–4 (the Court, referring to Rimini's online resources: "We can do that during the second part.").

At the conclusion of Phase 1, if Oracle believes it can make a showing that further discovery is necessary into specific conduct that it identifies as having been adjudicated in *Rimini I* and is allegedly contumacious, Oracle should file a motion for further discovery. *See id.* at 61:4–6 ("THE COURT: … you can do some discovery, and if you need something else, just file a motion."); *id.* at 39:15–17 ("THE COURT: … If actually you do this first discovery and you find something that you think deserves to go deeper, then we can talk about it.").  Rimini proposes that after completion of briefing on Oracle's motion for further discovery, the Court hold a hearing to determine whether there is good cause for more extensive discovery targeted to

Oracle's specific accusations, and, if so, to set a schedule for this discovery and any necessary motion practice.

*Phase 2*: **Further Targeted Discovery (Good Cause Showing)**

Following Phase 1, Oracle should identify the specific conduct it alleges is contumacious (if any), and the Court should hold a hearing on Oracle's motion for further discovery to decide whether additional discovery is warranted and, if so, to determine an appropriate discovery schedule.  If the Court determines that Oracle has shown good cause to conduct further discovery, the parties can then proceed to Phase 2 and engage in more extensive discovery targeted to Oracle's specific allegations.  Today, without knowing what specific conduct Oracle contends (or will contend) is contumacious, or whether the discovery Rimini will provide in Phase 1 will suffice to provide Oracle with the information it needs to test Rimini's compliance with the injunction, Rimini is unable to provide a more detailed schedule.

As the Court understood at the April 4 hearing, phased discovery is the most efficient way for the parties to proceed.  It orients discovery around potentially dispositive issues and avoids unnecessary (and disproportionate) expenditure of resources in the event Oracle is unable to proffer a showing of contumacious conduct.  Fed. R. Civ. P. 30(a)(2)(A) advisory committee's note ("[C]ounsel have a professional obligation to develop a mutual cost-effective plan for discovery …."); Fed. R. Civ. P. 26(f) advisory committee's note ("[I]t is desirable that the parties' proposals regarding discovery … discuss how discovery can be conducted most efficiently and economically.").

Rimini's approach is also fairer to the parties.  Without knowing what conduct Oracle contends is contumacious, Rimini is unable to pursue its own discovery to rebut those claims, including preparing expert witnesses.  In this phased approach, Rimini's own discovery (if necessary) would come in Phase 2, after Oracle has articulated its accusations.

Oracle's approach—which does not involve phasing—is inefficient and burdensome.  The discovery Oracle proposes herein, which simply lists the numbers of discovery requests, depositions, and subpoenas that Oracle seeks to serve, is not "limited" or "narrowly tailored" in

any meaningful way.  It is on par with allowing plaintiff discovery before the complaint is even

filed, precluding the defendant from having a fair and reasonable understanding of the claims

alleged against it.  It also provides no procedure for informing Rimini of the processes

(adjudicated in *Rimini I*) that Oracle contends are contumacious.

Further, Oracle's proposed expert discovery is inefficient and unworkable.  Expert

discovery is not necessary (or even appropriate) until after Oracle specifically accuses the

conduct that is alleges to be contumacious.  In addition, even if expert discovery were warranted

at this time, Oracle's proposal is unworkable because it envisions the ***simultaneous*** exchange of

expert reports *before Oracle specifically accuses any conduct,* without any opportunity for Rimini

to serve a rebuttal expert report.  It would be impossible for Rimini to file an expert report

simultaneous with Oracle's expert report because Rimini would not know what issues to address,

or even what expert to retain.  Moreover, expert discovery on Oracle's schedule is impractically

compressed.  Oracle allows just 3 weeks for expert reports and depositions under its schedule, but

expert discovery in *Rimini II,* for example, took over 6 months.

Finally, Oracle's proposal includes twelve interrogatories, in contravention of the Court's

ruling that the parties should refrain from serving interrogatories (with the exception of one

related to a list of Rimini's updates) at this time.  *See id.* 53:7–11 ("THE COURT: … We'll hold

off on the interrogatories.").

**Rimini's Proposed Discovery Schedule**

| ~~Type of~~ **Discovery Event** | ~~Oracle Proposal~~ | ~~Rimini Proposal~~Date |
|---|---|---|
| Phase 1 Discovery begins | Upon Court's adoption of a discovery plan and issuance of a scheduling order | |
| Deadline for Oracle to serve ~~first round of written discovery~~three document requests and two interrogatories (described *supra*) | ~~May 6, 2019~~ | 30 days after Court's adoption of a discovery plan and issuance of a scheduling order |
| Deadline to complete production of documents in response to first round of document requests | ~~June 24, 2019~~ | 60 days after service of written disc |
| ~~Deadline to serve final written discovery~~Close of Phase 1 Discovery | ~~July 8, 2019~~ | 45 days after production of docume responses to interrogatories |
| ~~Close~~Deadline for Oracle to file | ~~August 27, 2019~~ | 15 days after close of Phase 1 Disc |

JOINT PROPOSED ~~INJUNCTION-RELATED~~ DISCOVERY PLAN ~~AND SCHEDULING ORDER~~RE: INJUNCTION

April 26,May 3, 2019:  OracleRimini Draft to RiminiOracle

| Type of Discovery Event | Oracle Proposal | Rimini ProposalDate |
|---|---|---|
| Motion for Further Discovery, specifically identifying the acts it accuses of fact discoverybeing contumacious, if any | | |
| Expert disclosuresHearing on Oracle's Motion for Further Discovery (if Motion granted, schedule provided for Phase 2 Discovery) | September 4, 2019 | A date acceptable to the Court in approximately late September or ea October 2019 |
| Close of expert discoveryPhase 2 Discovery | September 18, 2019 | To be set at Hearing on Oracle's M for Further Discovery (if Motion gr |
| Deadline to file motionMotion for orderOrder to show cause/contempt motionShow Cause / Contempt Motion (if any) | September 30, 2019 | To be set after close of Phase 2 Disc |

## IV.   OTHER DISCOVERY ISSUES

### A.   Oracle's Statement

To enable the Parties to complete discovery in a timely fashion and permit the Court to efficiently resolve disputes on an ongoing basis, the Parties also agree and jointly requestOracle proposes that:

(1)    the response time for written discovery requests is 21 days;

(2)    the Court schedule periodic case management conferences at least every month to address any outstanding discovery disputes, with a joint submission in advance identifying any issues in dispute, similar to what Magistrate Judge Leen required in connection with the prior discovery efforts (ECF No. 93);

(3)    the Court permit the parties to jointly submit brief memoranda summarizing any disputes prior to filing a motion to compel, to enable the Court to consider the positions and provide feedback before proceeding with full briefing, similar to what Magistrate Judge Hoffman required in the *Rimini II* litigation (*Rimini II*, ECF No. 372); and

(4)    Oracle be permitted to file more than one order to show cause in the event Oracle raises multiple issues and some issues become ripe for briefing earlier than others based on any stipulated facts or early discovery.

**1.**   A. **Oracle's Statement**

[To be added by Oracle after Rimini includes its proposal above]

B.   **Rimini's Statement**

[To be added by Rimini]V.   **STATEMENT OF REASONS FOR DEVIATION FROM of Reasons For Deviation From** LR 26-1(b)

Local Rule 26-1(a) provides that parties submit a statement of reasons why longer or different time periods should apply to the case if proposing any deviations from Local Rule 26-1(b).  The PartiesOracle's proposal, set out in Section II and Section III, differs from the schedule outlined in Local Rule 26-1(b) because this discovery is post-trial discovery in support of the Court's permanent injunction, ECF No. 1166.

B.   **Rimini's Statement**

Oracle's proposals to modify the Federal and Local Rules related to discovery is unwarranted.  Rimini responds to each proposal in detail below.

*First*, Oracle's request for a 21-day response period for discovery is unworkable.  The Federal Rules grant 30 days for good reason, and parties are often required to seek extensions, even in less complicated cases.  *See generally* Rule 33 Notes of Advisory Committee on Rules – 1970 Amendment (explaining that it was necessary to extend the time to respond to 30 days for interrogatories because the then-current deadline of 15 days for answers was "too short" and data showed that "tardy response to interrogatories is common, virtually expected").  Here, in a highly technical case that involves complex technical discovery, a 21-day deadline will almost certainly lead to regular requests for extensions.  The discovery history in *Rimini II* only underscores this point—in that case, both sides routinely sought extensions for answering written discovery due to the complexity of the underlying subject matter.  Oracle apparently now intends to seek in *Rimini I* technical discovery on the same issues and processes discovered in *Rimini II*.  As a result, a 21-day deadline is untenable.

*Second*, Rimini believes that burdening the Court and the parties with monthly status

April 26, May 3, 2019:   Oracle Rimini Draft to Rimini Oracle

conferences is unnecessary in this case.  The parties went through a significant portion of *Rimini II*—which involved 3 years of discovery, over a thousand written discovery requests, and more than 100 depositions—without regular conferences.  Given that *Rimini I* will involve significantly narrower discovery, the parties should be able to adhere to the standard process for resolving disputes as they did in *Rimini II*.  Moreover, Rimini's proposed discovery plan builds in hearings at the close of Phase 1 Discovery, and (if necessary) Phase 2 Discovery.

**_Third_**, there is no cause for altering the Local Rules to require the filing of letter briefs before the parties can file motions for protective orders or to compel.  While that process was eventually implemented in *Rimini II*, as noted, that case involved a much broader scope of discovery than is envisioned here.  Here, all the Court has ordered is "limited" discovery for the purpose of "scouting."  April 4, 2019 Hrg. Tr. at 56:9–15.  The process established by the Local Rules is adequate for handling any disputes that may arise during this targeted discovery.

**_Fourth_**, Oracle should not be permitted to bring serial motions for contempt.  This Court has already ordered that this Joint Discovery Plan should include a deadline for "**a** contempt motion," not multiple motions.  *Id.* at 60:17–18.  Nor is there any reason that Oracle cannot include all its allegations in a single motion.  Oracle's apparent concern that it may have some evidence early on, and additional evidence later, is all the more reason for the Court to enforce the phased approach discussed during the hearing and proposed by Rimini.  Oracle should take the initial, "scouting" discovery ordered by this Court first and determine what conduct by Rimini (if any) it believes is contumacious.  Then, assuming the Court grants further discovery on those issues, Oracle can take the discovery it needs, and bring a single motion for contempt when that discovery is complete.  This is an efficient way of structuring the contempt process that both respects the Court's time and conserves resources for all parties.

[Signature blocks to be added]

JOINT PROPOSED ~~INJUNCTION-RELATED~~ DISCOVERY PLAN ~~AND SCHEDULING ORDER~~ RE: INJUNCTION

April 26,May 3, 2019:  OracleRimini Draft to RiminiOracle

UNITED STATE DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, | CASE NO. 2:10-CV-0106-LRH-VCF |
| Plaintiffs, | **[PROPOSED] SCHEDULING ORDER REGARDING INJUNCTION COMPLIANCE** |
| v. | |
| RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual, | |
| Defendants. | |

**[PROPOSED] ORDER**

Pending before this Court is the Stipulated Discovery Plan and Proposed Scheduling

Order submitted by Plaintiffs Oracle America, Inc. and Oracle International Corp. (collectively,

"Oracle") and Defendants Rimini Street, Inc. and Seth Ravin.

[FILL IN]


DATED:        , 2019                    By:_____

                                        Hon. Cam Ferenbach
                                        United States Magistrate Judge

[ADD JOINT FILING MATERIALS AND CERTIFICATE OF SERVICE]

Document comparison by Workshare 9.5 on Friday, May 3, 2019 6:39:27 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\16682\Desktop\2019.04.26 Joint Submission in Rimini I - Oracle Draft.DOCX |
| Description | 2019.04.26 Joint Submission in Rimini I - Oracle Draft |
| Document 2 ID | interwovenSite://ALDMS/AL/103296761/9 |
| Description | #103296761v9<AL> - Rimini/Oracle--Joint Submission in Rimini I |
| Rendering set | GDCv9Rendering |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 123 |
| Deletions | 65 |
| Moved from | 2 |
| Moved to | 2 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 192 |