# EXHIBIT 8

[ECF 1234 filed in the *Rimini II* matter (Case No. 2:14-cv-01699-LRH-CWH)]

GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas (*pro hac vice*)
Casey J. McCracken (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
jtthomas@gibsondunn.com
cmccracken@gibsondunn.com
jgorman@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
Samuel G. Liversidge (*pro hac vice*)
Eric D. Vandevelde (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

HOWARD & HOWARD ATTORNEYS
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

DEBEVOISE & PLIMPTON LLP
James J. Pastore (*pro hac vice*)
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
jjpastore@debevoise.com

DEBEVOISE & PLIMPTON LLP
Jeffrey P. Cunard (*pro hac vice*)
801 Pennsylvania Avenue N.W.
Washington, DC 20004
Telephone: (202) 383-8000
jpcunard@debevoise.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

RIMINI STREET, INC.
John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC., a Nevada corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>ORACLE INTERNATIONAL CORPORATION, a California corporation, and ORACLE AMERICA, INC., a Delaware corporation,<br><br>  Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:14-cv-01699-LRH-CWH<br><br>**RIMINI STREET, INC.'S OPPOSITION TO ORACLE'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL BRIEF IN SUPPORT OF ORACLE'S MOTION TO MODIFY THE PROTECTIVE ORDER (ECF NO. 1223)** |

Oracle seeks leave to file a supplemental brief, claiming two supposed "developments" occurred that bear on its Motion to Modify the Protective Order. *See* ECF Nos. 1230 ("Motion for Leave"), 1223 ("Motion to Modify"). But "[s]upplemental briefs or sur-replies are highly disfavored." *U.S. v. Wright*, 2015 WL 1323740, at *4 (D. Nev. Oct. 28, 2015). And neither of these "developments" warrant supplemental briefing. Oracle's proposed supplemental brief—like the motion it seeks to supplement—offers no good cause to modify the *Rimini II* protective order. *See, e.g.*, *Morrison v. Quest Diagnostics Inc.*, 2016 WL 6246306, at *3 (D. Nev. Oct. 24, 2016), *aff'd*, 698 F. App'x 350 (9th Cir. 2017) (declining to consider supplemental evidence that made no substantive difference); *see also Chemeon Surface Tech., LLC v. Metalast Int'l, Inc.*, 2019 WL 938384, at *8 (D. Nev. Feb. 26, 2019) (same). To the contrary, it simply further illustrates Oracle's strategic flip-flop: having fought tooth and nail to keep Rimini's revised processes (Process 2.0) out of *Rimini I* and to litigate them solely in *Rimini II*, and having won that battle, Oracle now seeks to bring the *Rimini II* evidence back into *Rimini I*, to preempt *Rimini II* and deprive Rimini of a jury trial on its new processes. Oracle has not identified any evidence—either in *Rimini I* or *Rimini II*—of acts that would arguably constitute contempt of the *Rimini I* injunction. Critically, Oracle has failed to explain how discovery materials from *Rimini II* are relevant to a *Rimini I* contempt proceeding, particularly given that fact discovery in *Rimini II* closed in March 2018—eight months before the *Rimini I* injunction went into effect. The Court should deny Oracle's Motion for Leave, as well as Oracle's Motion to Modify the Protective Order.

*First,* Oracle claims that Rimini's counsel's statements at the April 4, 2019 hearing before Judge Ferenbach in the *Rimini I* case are inconsistent with Rimini's position on the instant motion. Oracle is wrong; there is no inconsistency.

As explained in Rimini's opposition (ECF No. 1228), discovery regarding Rimini's Process 2.0—which was never adjudicated in *Rimini I*—cannot be relevant to a contempt proceeding. It is black-letter law that an injunction must be "narrowly tailored … to remedy *only the specific harms shown by the plaintiffs*." *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (emphasis added); *see also* 4 *Nimmer on Copyright*, § 14.06[C][1][a] ("[T]he

scope of the injunction should be coterminous with the infringement."). The injunction cannot, as a matter of law, cover conduct not specifically adjudicated in *Rimini I*. *Price*, 390 F.3d at 1117; *see also Mulcahy v. Cheetah Learning LLC*, 386 F.3d 849, 852 & n.1 (8th Cir. 2004) (vacating provision of injunction covering "course materials that were not before the court"). It was thus Oracle's burden to demonstrate that there are "significant questions" that Rimini continues to engage in conduct *actually adjudicated in Rimini I*. *See Social Servs. v. Leavitt*, 523 F.3d 1025, 1034 (9th Cir. 2008). As Rimini argued in its opposition, Oracle has failed to do that. ECF No. 1228 at 4. Oracle has steadfastly refused to identify **any** evidence from *Rimini I* or *Rimini II* that it contends constitutes contempt of the *Rimini I* injunction. Rimini's counsel simply reiterated this point at the hearing, explaining that after *years* of expensive and voluminous discovery into Rimini's entire business, Oracle has keen insight into Rimini's processes and should be able to tell Rimini—even if only in informal meet and confer correspondence—what conduct adjudicated in *Rimini I* it alleges Rimini continues. *See*, *e.g.*, Richardson Decl., Ex. A at 25:3–16 ("Oracle has had full discovery from the beginning of 2015 to the beginning of 2018 … and they don't have a single thing that they can bring to the Court and say, 'Here, from all this discovery we've already done we have found evidence, therefore we need to see if you're still doing it.'"). Despite Rimini's repeated requests, Oracle has refused to do so. There is no inconsistency between Rimini's counsel's statements and Rimini's position in its opposition brief, and thus no basis for supplementation.

Oracle has recognized that any *Rimini I* contempt proceeding could only cover adjudicated conduct when it argued to the Court that the injunction it sought was "not a ruling on the merits of the issues in dispute in *Rimini II*" and only would restrain Rimini from "continuing to commit the infringement that this Court and the jury have already determined to constitute copyright infringement." *Rimini I*, ECF No. 1117 at 20 n.3; *see also* ECF No. 1209 at 4–9 (chronicling Oracle's assurances to the Court). Indeed, Oracle successfully sought to keep Rimini's Process 2.0 **out** of *Rimini I* and **in** *Rimini II*—by arguing that Process 2.0 was "irrelevant to any liability issue at trial" in *Rimini I*. *Rimini I*, ECF No. 646 at 5 (Oracle stating that "[t]he legality of the new 2014 model will be the subject of Rimini's new lawsuit [*Rimini II*]

1 … and therefore any evidence related to the 2014 support model *is irrelevant to any liability issue at trial* [in *Rimini I*]." (emphasis added)); *id.* at 1 (Oracle arguing that all "evidence and argument relating to Rimini's alleged new support model" should be "exclude[d]" from *Rimini I*; "*the legality of that purported model will be determined*" in *Rimini II*) (emphasis added). Having taken that position, Oracle should be estopped from using *Rimini II* material in any briefing or proceeding to enforce the *Rimini I* injunction. *See* ECF No. 1228 at 5.

***Second,*** Oracle claims that Rimini's refusal to withdraw its opposition and agree to Oracle's motion is somehow a "development" warranting supplemental briefing. ECF No. 1230 at 2. Obviously, that is not a development at all. Oracle also complains that, following the April 4 hearing before Judge Ferenbach, in a good faith effort to resolve the parties' dispute, Rimini proposed a reasonable compromise that would enable Oracle to engage in some "limited … scouting" consistent with Judge Ferenbach's guidance. Richardson Decl. Ex. A at 57:8–15. Specifically, Rimini offered to "assess whether modification of the protective order is warranted" if Oracle would "identify specific discovery materials [from *Rimini II*] that it wishes to use in *Rimini I*, and explain their relevance to this proceeding," including by showing that the discovery is focused on "processes that … were adjudicated in *Rimini I*." Richardson Decl. Ex. E at 4. In a classic case of "no good deed goes unpunished," Oracle took Rimini's willingness to strike a compromise as an excuse to run to this Court without advance notice or an attempt to further discuss the issue with Rimini. Oracle not only refused to even consider Rimini's proposal, it filed its Motion for Leave just hours later, claiming that Rimini's openness to discussion conceded the relevance of *Rimini II* discovery material. Rimini conceded no such thing, and again reiterates that Oracle has a burden to identify some conduct that was at issue and adjudicated in *Rimini I* that it believes Rimini engaged in after November 6, 2018 (after the temporary stay of the injunction was lifted), and challenges Oracle to identify anything. That Oracle cannot do so only underscores the irrelevance of *Rimini II* discovery to *Rimini I*.

Oracle's mischaracterization of the record in its Motion for Leave and proposed supplemental briefing illustrates that Oracle is not interested in reasonable discovery in *Rimini I*. Indeed, Oracle already sought—and has been granted—permission to seek some limited discovery into Rimini's current processes in that case. *See* Richardson Decl. Ex. A at 21:6–9 (Oracle's counsel explaining that Oracle's motion to reopen *Rimini I* discovery was "narrowly tailored" to target the post-injunction period); *id.* at 57:8–15 (the Court ruling Oracle could "take some limited discovery … you know, do some scouting"). Oracle can learn what it needs to know about Rimini's processes and injunction compliance through discovery in *Rimini I* without modifying the *Rimini II* protective order. Moreover, if Oracle had identified any evidence in *Rimini II* discovery materials of conduct actually *adjudicated* in *Rimini I* that was in violation of the *Rimini I* injunction, it can and should identify it to Rimini and this Court. Absent this evidence, there is no good cause to modify the protective order. *See* ECF No. 1228 at 5–6. Likewise, if Oracle has not identified any evidence of allegedly contemptuous conduct (adjudicated in *Rimini I*) in the voluminous *Rimini II* discovery materials, there is also no good cause to modify the *Rimini II* protective order.

Oracle's strategy in seeking to use **all** *Rimini II* discovery in *Rimini I* shows that Oracle's aim is to backtrack from the position it took when seeking the injunction, assuring the Court that it was "not asking now for a ruling on the merits of the issues in dispute in *Rimini II*," and instead was asking "the Court for a permanent injunction restraining Rimini from continuing to commit the infringement that *this Court and the jury have already determined to constitute copyright infringement*" in *Rimini I*. *Rimini I*, ECF No. 1117 at 20 n.3 (emphasis added). Rimini accurately predicted that Oracle would seek to litigate the core issues of the *Rimini II* lawsuit in a contempt proceeding in *Rimini I*. ECF No. 1228, Ex. A at 5–6. Oracle's supplemental briefing—which does not substantively impact the issues in Oracle's Motion to Modify the Protective Order—doubles down on this strategy, and should be rejected.

//

//

//

1  Rimini respectfully requests that the Court deny Oracle's Motion for Leave and Oracle's
2  Motion to Modify the Protective Order.
3
4  Dated: April 30, 2019
5                                               GIBSON, DUNN & CRUTCHER LLP
6
7                                               By: */s/ Eric D. Vandevelde*
                                                           Eric D. Vandevelde
8
                                             *Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin*

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

DATED: April 30, 2019

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Eric D. Vandevelde
      Eric D. Vandevelde

*Attorneys for Plaintiff and Counterclaimant Rimini Street, Inc. and Counterdefendant Seth Ravin*