# EXHIBIT 2
# Rimini's Responses to Oracle's Supplemental RFPs, dated May 31, 2019

| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>MARK A. PERRY (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  11101<br>Telephone: 202.955.8500<br>mperry@gibsondunn.com | RIMINI STREET, INC.<br>DANIEL B. WINSLOW (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566<br>Telephone: (925) 264-7736<br>dwinslow@riministreet.com |
| GIBSON, DUNN & CRUTCHER LLP<br>JEFFREY T. THOMAS (*pro hac vice*)<br>BLAINE H. EVANSON (*pro hac vice*)<br>JOSEPH A. GORMAN (*pro hac vice*)<br>CASEY J. MCCRACKEN (*pro hac vice*)<br>3161 Michelson Drive<br>Irvine, CA  92612-4412<br>Telephone: 949.451.3800<br>jtthomas@gibsondunn.com<br>bevanson@gibsondunn.com<br>jgorman@gibsondunn.com<br>cmccracken@gibsondunn.com | RIMINI STREET, INC.<br>JOHN P. REILLY (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: (336) 908-6961<br>jreilly@riministreet.com<br><br>HOWARD & HOWARD ATTORNEYS PLLC<br>W. WEST ALLEN (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV 89169<br>Telephone: (702) 667-4843<br>wwa@h2law.com |
| GIBSON, DUNN & CRUTCHER LLP<br>SAMUEL G. LIVERSIDGE (*pro hac vice*)<br>ERIC D. VANDEVELDE (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, California 90071-3197<br>Telephone: 213.229.7000<br>sliversidge@gibsondunn.com<br>evandevelde@gibsondunn.com | |

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>           Plaintiffs,<br><br>     v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>           Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI STREET, INC.'S RESPONSES TO ORACLE'S SUPPLEMENTAL REQUESTS FOR PRODUCTION**<br><br>**<u>HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY</u>** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Rimini Street, Inc. ("Rimini") provides the following responses and objections to Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation's (together, "Oracle") Supplemental Requests for Production.

## GENERAL OBJECTIONS

Rimini Street makes the following General Objections to Oracle's Supplemental Requests for Production ("the Requests"). Each of these General Objections is incorporated into the Specific Objections and Responses set forth below, whether or not separately set forth therein. If Rimini specifically refers to General Objections in a response, Rimini does not intend to waive any other General Objection applicable to information falling within the scope of the Request.

1. Rimini's objections as set forth herein are made without prejudice to Rimini's rights to assert any additional or supplemental objections should Rimini discover additional grounds for such objections. Rimini makes the objections and responses set forth below without, in any manner, waiving: (1) the right to object to the use of any response, document, or thing for any purpose in this action or any other actions on grounds of privilege, relevancy, materiality, or any other appropriate basis; (2) the right to object to any other requests for production, interrogatories, and/or requests for admission involving or relating to the subject matter of the responses herein and any documents or things produced by Rimini; and (3) the right to revise, correct, supplement, or clarify any of the responses provided below at any time. Any responses will be supplied by Rimini subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections on any grounds that would require the exclusion or limitation of the response or information if such were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of any motion or hearing.

2. Rimini objects to the Requests on the basis that they are premature in light of the Court's May 17, 2019 Order directing the parties to submit a Joint Proposed Discovery Plan by June 17, 2019, ECF No. 1228, and the Court's instructions during the April 4, 2019

hearing that discovery would take place *after* a plan is in place.  ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 61:4–6 ("Get that [joint plan and scheduling order] in . . . ***then*** you can do some discovery.") (emphasis added).

3. Rimini objects to the Requests on the basis that they exceed the scope of the "limited," "scouting" discovery that the Court ruled would be permitted at this stage.  ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 56:9–15.

4. Rimini objects to the Requests on the basis that they were served prior to Judge Hoffman's order in *Rimini II* permitting Oracle to use *Rimini II* discovery in *Rimini I*, (*see* Case No. 14-cv-1699-LRH-CWH (D. Nev.), ECF No. 1237), which Judge Ferenbach held is a "significant change in circumstance regarding discovery in this case" and requires the parties to develop a new discovery plan.  ECF No. 1228.

5. Rimini objects to the Requests, including the Definitions and Instructions therein, to the extent they require Rimini to draw a legal conclusion in order to respond, or seek to impose any requirements or obligations on Rimini in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the District of Nevada, any applicable orders of this Court, including the Court's pending order regarding the parties' Joint Proposed Discovery Plan, any other order, or any stipulation or agreement of the parties.

6. Rimini objects to the Requests to the extent that Oracle seeks to require Rimini to provide any information or documents beyond what is available to Rimini at present from a reasonable search of its own files and reasonable inquiry of its present employees. The responses that follow reflect Rimini's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances that come to Rimini's knowledge.

7. Rimini objects to the Requests on the ground and to the extent that they call for information protected by the work product doctrine or immunity, the attorney-client privilege, the joint defense privilege, the common interest privilege, the settlement privilege, and/or any other privilege or restriction on discovery.  Any disclosure of such protected and privileged information is inadvertent and is not intended to waive those privileges or

protections.  To the extent that privileged or work-product information is sought by Oracle's Requests and is embodied in documents, the documents will be identified in a "privilege log," and the privilege log will be produced at a date to be agreed upon between counsel.

8.  Rimini objects to each of the Requests and to each Instruction and Definition to the extent they seek trade secrets or other confidential or proprietary research, development, commercial, or business information.   Rimini will produce such information, if requested and not otherwise objectionable, pursuant to the restrictions of the Stipulated Protective Order.

9.  Rimini objects to the Requests to the extent that they impose any obligation or seek information that is beyond the scope of discovery under the Federal Rules of Civil Procedure or the Local Rules of the District of Nevada, or purport to require Rimini to conduct a search of facilities or perform an inquiry of employees other than those facilities and employees that would reasonably be expected to have responsive information.

10.  Rimini objects to the Requests to the extent that they seek disclosure of information protected by any right to privacy, under confidentiality obligations, or subject to protective orders or other confidentiality agreements entered into by Rimini.

11.   Rimini objects to the Requests to the extent that they are unreasonably cumulative, duplicative, or seek information or documents obtainable from some other source that is more convenient, less burdensome, or less expensive than the efforts it would take for Rimini to provide the information or documents.

12.  Rimini objects to the Requests to the extent that they call upon Rimini to investigate, collect, and disclose information and/or documents and things that are not relevant to the subject matter of the post-trial action, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the post-trial action.

13.   Rimini objects to the Requests to the extent that they call for information or documents not reasonably available to Rimini or the identification of documents not within the possession, custody, or control of Rimini.  Rimini is not obligated to create documents for production.  Rimini's agreement to produce responsive documents does not and shall not constitute an admission that such responsive documents in fact exist, or an admission of the

relevance or admissibility into evidence of such responsive documents or of the propriety of any of Oracle's Requests. Moreover, by agreeing to search for documents or things, Rimini does not concede that any of the Requests seek information that is material, relevant to, or necessary for the claim or defense of any party. In addition, any agreement by Rimini to produce documents is only an agreement to produce non-duplicative, non-privileged, responsive documents found after a reasonable search, if in fact such responsive documents are found to exist, and Rimini expressly reserves the right to object to further discovery relating to the subject matter of any information provided. Rimini further objects to the extent the requested information is reasonably available through other means of discovery.

14. Rimini objects to the definition of "Documents" to the extent it purports to seek material that is not within the possession, custody, or control of Rimini or beyond the obligations imposed under the Federal Rules of Civil Procedure or the Local Rules of the District of Nevada.

15. Rimini objects to the definitions of "You," "Your," and "Rimini" to the extent they purport to impose discovery obligations on persons or entities other than the parties to this action. Rimini will interpret each of these terms to mean Rimini Street, Inc. and its employees or agents.

16. Rimini objects to the Requests on the basis of relevance to the extent they seek information or documents relating to current practices which were not adjudicated in *Rimini I*, and thus cannot properly be subject to the *Rimini I* injunction.

17. Rimini objects to the Requests as premature, overbroad, and unduly burdensome, as Oracle has not disclosed to Rimini what specific conduct prohibited by the injunction Oracle believes Rimini has engaged in.

18. The failure of Rimini to object to any of the Requests, Instructions, or Definitions on a particular ground shall not be construed as a waiver of its rights to object on any additional ground(s), and Rimini expressly reserves the right to assert additional applicable objections, as appropriate.

19. The fact that Rimini has provided any responses or documents in response to any of the Requests does not and shall not constitute an admission that any of the responses or documents are relevant to injunction compliance and/or a post-trial proceeding.

20. Rimini's responses to the Requests are based upon information available and reviewed to date. Rimini's investigation of the subject matter of this post-trial action is ongoing. Accordingly, the following responses are given without prejudice to Rimini's right to produce evidence of any additional facts, including subsequently discovered facts that it may later recall or discover. Rimini further reserves the right to change, amend, or supplement any or all of the matters contained in the responses as additional facts are ascertained, analyses are made, and research is completed. Rimini will supplement its responses as required under the Federal Rules of Civil Procedure or the Local Rules for the District of Nevada.

\* \* \*

Subject to, and without waiver of, the foregoing General Objections, all of which are incorporated by reference below in each separate response, Rimini responds to the Requests as follows:

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents concerning any changes Rimini made in response to the Injunction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Rimini incorporates by reference its General Objections. Rimini objects to this Request on the basis that it is premature in light of the Court's May 17, 2019 Order directing the parties to submit a revised Joint Proposed Discovery Plan by June 17, 2019, ECF No. 1228, and the Court's instructions during the April 4, 2019 hearing that discovery would take place *after* a plan is in place. ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 61:4–6. Rimini objects to this Request as premature, overbroad, and unduly burdensome, as Oracle has not disclosed to Rimini what specific conduct prohibited by the injunction Oracle believes Rimini has engaged in. Rimini further objects that the term "changes" and the phrase "All Documents concerning any changes" are vague, ambiguous, and overly broad, leaving Rimini to speculate as to the documents Oracle

seeks in this Request.  Rimini objects to the definition of the term "Concerning" as vague, ambiguous, overly broad, and unduly burdensome, including, but not limited to, its inclusion of anything "having any logical or factual connection with the matter discussed."  This definition requires Rimini to speculate and does not comply with Oracle's obligations under Federal Rule of Civil Procedure 26 to specifically describe or reasonably particularize the category of items sought to be produced.  Rimini also objects to this definition to the extent it seeks production beyond the obligations imposed under the Federal Rules of Civil Procedure or the Local Rules of the District of Nevada.  Rimini also objects that the phrase "in response to" is vague and ambiguous, leaving Rimini to speculate as to the documents Oracle seeks.  Rimini further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege.  Rimini further objects to this Request to the extent it seeks discovery of sensitive or confidential third-party information that is subject to a protective order or other confidentiality obligations.  Rimini further objects to this Request to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information.

Rimini will not produce documents in response to this Request at this time, but will meet and confer with Oracle regarding a Joint Discovery Plan in accordance with the Court's May 17, 2019 Order and guidance at the April 4, 2019 hearing.

**REQUEST FOR PRODUCTION NO. 2:**

A copy of Rimini's AFW database containing records from November 5, 2018 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Rimini incorporates by reference its General Objections.  Rimini objects to this Request on the basis that it is premature in light of the Court's May 17, 2019 Order directing the parties to submit a revised Joint Proposed Discovery Plan by June 17, 2019, ECF No. 1228, and the Court's instructions during the April 4, 2019 hearing that discovery would take place *after* a plan is in place. ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 61:4–6.  Rimini objects to this Request as premature, overbroad, and unduly burdensome, as Oracle has not disclosed to Rimini what

specific conduct prohibited by the injunction Oracle believes Rimini has engaged in. Rimini further objects to this Request to the extent that it is not consistent with the Court's instruction that only the portion of Rimini's Automated Framework ("AFW") database relating to Rimini's support of Oracle's software—insofar as that portion of the database has changed since August 15, 2018—would be produced. *Id.* at 42–43. Rimini further objects to this Request to the extent it seeks discovery of sensitive or confidential third-party information that is subject to a protective order or other confidentiality obligations. Rimini further objects to this Request to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. Rimini further objects to this Request to the extent it seeks information outside Rimini Street's possession, custody, or control. Rimini further objects to this Request on the basis of relevance to the extent it seeks information or documents relating to current practices, including AFW and Process 2.0, which were not adjudicated in *Rimini I*, and thus cannot properly be subject to the *Rimini I* injunction. Rimini further objects on the basis that Oracle is estopped from claiming that information relating to Process 2.0 and AFW tools is relevant to the post-trial action, as Oracle previously argued that Process 2.0 was "irrelevant" to Oracle's liability theory in *Rimini I*. *See* ECF No. 1209 at 4–5.

Rimini will not produce documents in response to this Request at this time, but will meet and confer with Oracle regarding a Joint Discovery Plan in accordance with the Court's May 17, 2019 Order and guidance at the April 4, 2019 hearing.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Rimini provided to its customers in connection with its support of Oracle Software and Support Materials since November 5, 2018, including without limitation tax and regulatory updates, break fixes, new functionality, documentation, or any other files.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Rimini incorporates by reference its General Objections. Rimini objects to this Request on the basis that it is premature in light of the Court's May 17, 2019 Order directing the parties to submit a revised Joint Proposed Discovery Plan by June 17, 2019, ECF No. 1228, and the Court's instructions during the April 4, 2019 hearing that discovery would take place *after* a

plan is in place.  ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 61:4–6.  Rimini objects to this Request as premature, overbroad, and unduly burdensome, as Oracle has not disclosed to Rimini what specific conduct prohibited by the injunction Oracle believes Rimini has engaged in.  Rimini further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege.  Rimini further objects to this Request to the extent it seeks discovery of sensitive or confidential third-party information that is subject to a protective order or other confidentiality obligations.  Rimini further objects to this Request to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information.  Rimini further objects to this Request because it seeks information outside Rimini's possession, custody, or control.  Rimini further objects to this Request to the extent it seeks Rimini to produce information from its clients' environments or systems.  The Court has explicitly held that client systems are not in Rimini's "control."  *See Rimini II*, ECF Nos. 566, 606.  Rimini further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the post-trial action, as Oracle requests that Rimini produce virtually all documentation Rimini has provided to its customers since November 5, 2018, including documentation for product lines not at issue and not identified in the injunction.  Rimini further objects to this Request on the basis of relevance to the extent it seeks information or documents relating to conduct that was not adjudicated in *Rimini I*, and thus cannot properly be subject to the *Rimini I* injunction.  Rimini further objects to this Request as overly broad because any post-trial discovery may only concern conduct adjudicated in *Rimini I* and Oracle has not so limited this Request.

Rimini will not produce documents in response to this Request at this time, but will meet and confer with Oracle regarding a Joint Discovery Plan in accordance with the Court's May 17, 2019 Order and guidance at the April 4, 2019 hearing.

**REQUEST FOR PRODUCTION NO. 4:**

All programs (including any software tools, automated tools or manual processes and programs, and all underlying source code) developed in response to the Injunction and used or created by Rimini in its support processes since November 5, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Rimini incorporates by reference its General Objections. Rimini objects to this Request on the basis that it is premature in light of the Court's May 17, 2019 Order directing the parties to submit a revised Joint Proposed Discovery Plan by June 17, 2019, ECF No. 1228, and the Court's instructions during the April 4, 2019 hearing that discovery would take place *after* a plan is in place. ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 61:4–6. Rimini objects to this Request as premature, overbroad, and unduly burdensome, as Oracle has not disclosed to Rimini what specific conduct prohibited by the injunction Oracle believes Rimini has engaged in. Rimini further objects to this Request to the extent it seeks discovery of sensitive or confidential third-party information that is subject to a protective order or other confidentiality obligations. Rimini further objects to this Request to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. Rimini further objects to this Request to the extent it seeks information outside Rimini's possession, custody, or control. Rimini further objects to this Request to the extent it seeks Rimini to produce information from its clients' environments or systems. The Court has explicitly held that client systems are not in Rimini's "control." *See Rimini II*, ECF Nos. 566, 606. Rimini also objects to this Request as vague and ambiguous as to the term "processes" and the phrase "in response to," leaving Rimini to speculate as to the documents Oracle seeks.

Rimini will not produce documents in response to this Request at this time, but will meet and confer with Oracle regarding a Joint Discovery Plan in accordance with the Court's May 17, 2017 Order and guidance at the April 4, 2019 hearing.

**REQUEST FOR PRODUCTION NO. 5:**

All policies or memoranda Rimini wrote or developed in response to the Injunction regarding Rimini's support processes, including but not limited to notices to all subsidiaries, affiliates, employees, directors, officers, principals, and agents pursuant to paragraph 1 of the Injunction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Rimini incorporates by reference its General Objections. Rimini objects to this Request on the basis that it is premature in light of the Court's May 17, 2019 Order directing the parties to submit a revised Joint Proposed Discovery Plan by June 17, 2019, ECF No. 1228, and the Court's instructions during the April 4, 2019 hearing that discovery would take place *after* a plan is in place. ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 61:4–6. Rimini further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the post-trial action. Rimini further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege. Rimini further objects to this Request to the extent it seeks discovery of sensitive or confidential third-party information that is subject to a protective order or other confidentiality obligations. Rimini further objects to this Request to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. Rimini further objects that the phrase "All policies or memoranda Rimini wrote or developed in response to the Injunction regarding Rimini's support processes" is vague, ambiguous, and overly broad, leaving Rimini to speculate as to the documents Oracle seeks in this Request. Rimini also objects that the phrase "in response to," is vague and ambiguous, leaving Rimini to speculate as to the documents Oracle seeks.

Rimini will not produce documents in response to this Request at this time, but will meet and confer with Oracle regarding a Joint Discovery Plan in accordance with the Court's May 17, 2019 Order and guidance at the April 4, 2019 hearing.

Dated: May 31, 2019

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Eric D. Vandevelde*
Eric D. Vandevelde

*Attorneys for Defendants
Rimini Street, Inc. and Seth Ravin*

11
RIMINI STREET, INC.'S RESPONSES TO ORACLE'S SUPPLEMENTAL REQUESTS FOR PRODUCTION
CASE NO. 2:10-CV-00106-LRH-VCF

# CERTIFICATE OF SERVICE

I, Arlene R. Thompson, certify as follows:

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to this action. My business address is 3161 Michelson Drive, Irvine, CA 92612-4412, in said County and State. On May 31, 2019, I served the following document(s):

**RIMINI STREET, INC.'S RESPONSES TO ORACLE'S SUPPLEMENTAL REQUESTS FOR PRODUCTION**

on the persons stated below, by the following means of service:

| **BOIES, SCHILLER & FLEXNER LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
|---|---|
| Karen L. Dunn<br>KDunn@bsfllp.com<br>Kathleen Hartnett<br>khartnett@bsfllp.com<br>William Isaacson<br>wisaacson@bsfllp.com<br>Ashleigh Jensen<br>ajensen@bsfllp.com<br>Richard J. Pocker<br>rpocker@bsfllp.com<br>Beko Reblitz-Richardson<br>brichardson@bsfllp.com<br>Sean Rodriguez<br>srodriguez@bsfllp.com | Zachary S. Hill<br>zachary.hill@morganlewis.com<br>Lisa S. Lee<br>lisa.lee@morganlewis.com<br>John A. Polito<br>John.polito@morganlewis.com<br>Lindsey M. Shinn<br>lindsey.shinn@morganlewis.com<br>Benjamin P. Smith<br>benjamin.smith@morganlewis.com<br>Sharon R. Smith<br>sharon.smith@morganlewis.com |

The document was served pursuant to Fed. R. Civ. P. 5(b) via electronic mail. Based on an agreement of the parties to accept service by email or electronic transmission to the above service list, I caused the document to be sent to the persons at the email addresses listed above.

I made the service at the direction of Eric D. Vandevelde, admitted *pro hac vice* to the bar of this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on May 31, 2019, at Irvine, California.

*/s/ Arlene R. Thompson*
Arlene R. Thompson
