# EXHIBIT 3
# Rimini's Responses to Oracle's Supplemental Interrogatories dated May 31, 2019

GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC  11101
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL G. LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: 213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>                    Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI STREET, INC.'S RESPONSES TO ORACLE'S SUPPLEMENTAL INTERROGATORIES**<br><br>**<u>HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY</u>** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Rimini Street, Inc. ("Rimini") provides the following responses and objections to Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation's (together, "Oracle") Supplemental Interrogatories.

## GENERAL OBJECTIONS

Rimini Street makes the following General Objections to Oracle's Supplemental Interrogatories ("the Interrogatories"). The following General Objections shall be deemed incorporated into the objections and responses to each and every specific Interrogatory. If Rimini specifically refers to General Objections in a response, Rimini does not intend to waive any other General Objection applicable to information falling within the scope of the Interrogatory.

1.      Rimini's objections as set forth herein are made without prejudice to Rimini's rights to assert any additional or supplemental objections, should Rimini discover additional grounds for such objections. Rimini makes the objections and responses set forth below without, in any manner, waiving: (1) the right to object to the use of any response, document, or thing for any purpose in this action or any other actions on grounds of privilege, relevancy, materiality, or any other appropriate basis; (2) the right to object to any other interrogatories, requests for admission, and/or requests for production involving or relating to the subject matter of the responses herein and any documents or things produced by Rimini; and (3) the right to revise, correct, supplement, or clarify any of the responses provided below at any time. Any responses will be supplied by Rimini subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections on any grounds that would require the exclusion or limitation of the response or information if such were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of any motion or hearing.

2.      Rimini objects to the Interrogatories on the basis that they are premature in light of the Court's May 17, 2019 Order directing the parties to submit a revised Joint Proposed Discovery Plan by June 17, 2019, ECF No. 1228, and the Court's instructions during the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

April 4, 2019 hearing that discovery would take place *after* a plan is in place.  ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 61:4–6 ("Get that [joint plan and scheduling order] in . . . ***then*** you can do some discovery.") (emphasis added).

3.    Rimini objects to the Interrogatories on the basis that they are improper in light of the Court instructing Oracle to "hold off" on interrogatories, with the exception of one interrogatory relating to identifying certain fixes or updates.  ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 53:2–24 ("We'll hold off on the interrogatories except you can ask that one interrogatory" [regarding a list of the fixes or updates provided since November 2018]).

4.    Rimini objects to the Interrogatories on the basis that they exceed the scope of the "limited," "scouting" discovery that the Court ruled would be permitted at this stage.  ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 56:9–15.

5.    Rimini objects to the Interrogatories on the basis that they were served prior to Judge Hoffman's order in *Rimini II* permitting Oracle to use *Rimini II* discovery in *Rimini I*, (*see* Case No. 14-cv-1699-LRH-CWH (D. Nev.), ECF No. 1237), which Judge Ferenbach held is a "significant change in circumstance regarding discovery in this case" and requires the parties to develop a new discovery plan.  ECF No. 1228.

6.    Rimini's responses to the Interrogatories are based upon information available and reviewed to date.  Rimini's investigation of the subject matter of this post-trial action is ongoing.  Accordingly, the following responses are given without prejudice to Rimini's right to produce evidence of any additional facts, including subsequently discovered facts that it may later recall or discover.  Rimini further reserves the right to change, amend, or supplement any or all of the matters contained in the responses as additional facts are ascertained, analyses are made, and research is completed.  Rimini will supplement its responses as required under the Federal Rules of Civil Procedure or the Local Rules for the District of Nevada.

7.    Rimini objects to the Interrogatories, including the Definitions and Instructions therein, to the extent they require Rimini to draw a legal conclusion in order to respond, or seek to impose any requirements or obligations on Rimini in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the District of Nevada,

3

any applicable orders of this Court, including the Court's pending order regarding the parties' Joint Proposed Discovery Plan, any other order, or any stipulation or agreement of the parties.

8.     Rimini objects to the Interrogatories to the extent that Oracle seeks to require Rimini to provide any information beyond what is available to Rimini at present from a reasonable search of its own files and reasonable inquiry of its present employees. The responses that follow reflect Rimini's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances that come to Rimini's knowledge.

9.     Rimini objects to the Interrogatories on the ground and to the extent that they call for information protected by the work product doctrine or immunity, the attorney-client privilege, the joint defense privilege, the common interest privilege, the settlement privilege, and/or any other privilege or restriction on discovery.  Any disclosure of such protected and privileged information is inadvertent and is not intended to waive those privileges or protections.  To the extent that privileged or work-product information is sought by the Interrogatories and is embodied in documents, the documents will be identified in a "privilege log," and the privilege log will be produced at a date to be agreed upon between counsel.

10.     Rimini objects to each of the Interrogatories, Instructions, and Definitions to the extent they seek trade secrets or other confidential or proprietary research, development, commercial, or business information.  Rimini will produce such information, if requested and not otherwise objectionable, pursuant to the restrictions of the Stipulated Protective Order.

11.     Rimini objects to the Interrogatories to the extent that they impose any obligation or seek information that is beyond the scope of discovery under the Federal Rules of Civil Procedure or the Local Rules of the District of Nevada, or purport to require Rimini to conduct a search of facilities or perform an inquiry of employees other than those facilities and employees that would reasonably be expected to have responsive information.

12.     Rimini objects to the Interrogatories to the extent that they seek disclosure of information protected by any right to privacy, under confidentiality obligations, or subject to protective orders or other confidentiality agreements entered into by Rimini.

Gibson, Dunn & Crutcher LLP

13. Rimini objects to the Interrogatories to the extent that they are unreasonably cumulative, duplicative, or seek information or documents obtainable from some other source that is more convenient, less burdensome, or less expensive than the efforts it would take for Rimini to provide the information or documents.

14. Rimini objects to the Interrogatories to the extent that they call upon Rimini to investigate, collect, and disclose information and/or documents and things that are not relevant to the subject matter of the post-trial action, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the post-trial action.

15. Rimini objects to the definitions of "You," "Your," and "Rimini" to the extent they purport to impose discovery obligations on persons or entities other than the parties to this action. Rimini will interpret each of these terms to mean Rimini Street, Inc. and its employees or agents.

16. Rimini objects to the Interrogatories on the basis of relevance to the extent they seek information about practices that were not adjudicated in *Rimini I*, and thus cannot properly be subject to the *Rimini I* injunction.

17. Rimini objects to the Interrogatories as premature, overbroad, and unduly burdensome, as Oracle has not disclosed to Rimini what specific conduct prohibited by the injunction Oracle believes Rimini has engaged in.

18. The failure of Rimini to object to any of the Interrogatories, Instructions, or Definitions on a particular ground shall not be construed as a waiver of its rights to object on any additional ground(s), and Rimini expressly reserves the right to assert additional applicable objections, as appropriate.

19. The fact that Rimini has provided any responses or information in response to any of the Interrogatories does not and shall not constitute an admission that any of the responses or documents are relevant to injunction compliance and/or a post-trial proceeding.

20. In responding to the Interrogatories, Rimini does not concede that any Interrogatory to which it responds is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. The fact that Rimini has responded

is not intended and shall not be construed to be a waiver by Rimini of all or any part of any objection to said discovery. Rimini expressly reserves both the right to object to further discovery into the subject matter of the Interrogatories and the right to object to the introduction into evidence of responses to the Interrogatories. Rimini also reserves the right to question the authenticity, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the information provided in the documents identified and/or produced in response to these Interrogatories, which may arise in any subsequent proceeding in, or the hearing of, this or any other action.

*       *       *

Subject to, and without waiver of, the foregoing General Objections, all of which are incorporated by reference below in each separate response, Rimini responds to the Interrogatories as follows:

### SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

For each of paragraphs 2 through 15 of the Injunction, and separately for each sub-paragraph (e.g., separately for paragraphs 2.a and 2.b), state whether Rimini made any changes in response to the Injunction, and if so describe those changes.

**RESPONSE TO INTERROGATORY NO. 1:**

Rimini incorporates by reference its General Objections. Rimini objects to this Interrogatory on the basis that it is premature in light of the Court's May 17, 2019 Order directing the parties to submit a revised Joint Proposed Discovery Plan by June 17, 2019, ECF No. 1228, and the Court's instructions during the April 4, 2019 hearing that discovery would take place after a discovery plan is in place. ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 61:4–6. Rimini further objects to this Interrogatory on the basis that it is improper in light of the Court instructing Oracle to "hold off" on interrogatories, with the exception of one interrogatory relating to identifying certain fixes or updates. ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 53:2–24. Rimini further objects to this Interrogatory as premature, overbroad, and unduly burdensome, as Oracle has not disclosed to Rimini what specific conduct prohibited by the

Gibson, Dunn &
Crutcher LLP

injunction Oracle believes Rimini has engaged in.  Rimini further objects to this Interrogatory as unduly burdensome and improper under the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada, to the extent that it encompasses numerous separate, discrete subparts within a single interrogatory and requires Rimini to include a separate response for each of fifteen paragraphs or subparagraphs of the Injunction.  Rimini further objects that the term "changes" and the phrase "in response to" are vague, ambiguous, and overly broad.  Rimini further objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks a narrative of every post-injunction "change" Rimini has made to its support practices.  Rimini further objects to this Interrogatory on the grounds that it calls for a legal conclusion and/or calls for attorney work product, as this Interrogatory purports to require Rimini to identify "changes" separately for each paragraph of the injunction and to match each "change" to a paragraph of the injunction.

Rimini will not respond to this Interrogatory at this time, but will meet and confer with Oracle regarding a Joint Discovery Plan in accordance with the Court's May 17, 2019 Order and guidance at the April 4, 2019 hearing.

**INTERROGATORY NO. 2:**

Describe any programs (including any software tools, automated tools or manual processes and programs, and all underlying source code) that Rimini developed or implemented since November 5, 2018 for use in the processes by which Rimini (or anyone acting on Rimini's behalf) provides support services for Oracle products.

**RESPONSE TO INTERROGATORY NO. 2:**

Rimini incorporates by reference its General Objections.  Rimini objects to this Interrogatory on the basis that it is premature in light of the May 17, 2019 Order directing the parties to submit a revised Joint Proposed Discovery Plan by June 17, 2019, ECF No. 1228, and the Court's instructions during the April 4, 2019 hearing that that discovery would take place after a discovery plan is in place.  ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 61:4–6.  Rimini further objects to this Interrogatory on the basis that it is improper in light of the Court instructing Oracle to "hold off" on interrogatories, with the exception of one interrogatory

Gibson, Dunn &
Crutcher LLP

relating to identifying certain fixes or updates.  ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 53:2–24.  Rimini further objects to this Interrogatory as premature, overbroad, and unduly burdensome, as Oracle has not disclosed to Rimini what specific conduct prohibited by the injunction Oracle believes Rimini has engaged in.  Rimini further objects to this Interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information.  Rimini further objects to the Interrogatory as overly broad and unduly burdensome under the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada to the extent it seeks to require Rimini to create a compilation, abstract, or summary that Rimini does not maintain in the ordinary course of its business.  Rimini further objects to the Interrogatory as overly broad and unduly burdensome under the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada to the extent it seeks to require Rimini to "[d]escribe … all underlying source code."  Rimini further objects that the terms "programs," "developed," "implemented," and "processes" are vague, ambiguous, burdensome, and overly broad.  In particular, Rimini objects that the term "implemented" would require Rimini to speculate as to the information Oracle seeks.  Rimini further objects to this Interrogatory on the grounds that it is overly broad, not proportional to the needs of the case, and not relevant, to the extent it seeks information about current practices or tools that were not adjudicated in *Rimini I*, and thus cannot properly be subject to the *Rimini I* injunction.  Rimini further objects to this Interrogatory on the basis that it is overly broad and seeks information that is not relevant to any claim or defense asserted in this post-trial action, to the extent that it is not limited to programs that relate to or interact with Oracle software or the products identified in the injunction.

Rimini will not respond to this Interrogatory at this time, but will meet and confer with Oracle regarding a proposed revised Joint Discovery Plan in accordance with the Court's May 17, 2019 Order and guidance at the April 4, 2019 hearing.

**INTERROGATORY NO. 3:**

For the Oracle product lines identified in the Injunction, provide a list identifying each of Rimini's former and current customers for which Rimini has provided support services since

1  November 5, 2018, including the supported product line, start date, end date (if applicable), in

2  the same format Rimini responded to Oracle's Interrogatory No. 27.

3  **RESPONSE TO INTERROGATORY NO. 3:**

4        Rimini incorporates by reference its General Objections.   Rimini objects to this

5  Interrogatory on the basis that it is premature in light of the Court's May 17, 2019 Order

6  directing the parties to submit a revised Joint Proposed Discovery Plan by June 17, 2019, ECF

7  No. 1228, and the Court's instructions during the April 4, 2019 hearing that discovery would

8  take place after a discovery plan is in place.  ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 61:4–6.

9  Rimini further objects to this Interrogatory on the basis that it is improper in light of the Court

10  instructing Oracle to "hold off" on interrogatories, with the exception of one interrogatory

11  relating to identifying certain fixes or updates.  ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 53:2–

12  24.   Rimini further objects to this Interrogatory as premature, overbroad, and unduly

13  burdensome, as Oracle has not disclosed to Rimini what specific conduct prohibited by the

14  injunction Oracle believes Rimini has engaged in.  Rimini further objects to this Interrogatory

15  to the extent it seeks trade secrets or other confidential or proprietary research, development,

16  commercial, or business information.  Rimini further objects to this Interrogatory to the extent

17  it seeks discovery of sensitive or confidential third-party information that is subject to a

18  protective order or other confidentiality obligations.  Rimini further objects to the Interrogatory

19  as overly broad and unduly burdensome under the Federal Rules of Civil Procedure and the

20  Local Rules of the District of Nevada to the extent it seeks to require Rimini to create a

21  compilation, abstract, or summary that Rimini does not maintain in the ordinary course of its

22  business.  Rimini further objects that the phrase "support services" is vague, ambiguous, and

23  overly broad.

24        Rimini will not respond to this Interrogatory at this time, but will meet and confer with

25  Oracle regarding a Joint Discovery Plan in accordance with the Court's May 17, 2019 Order

26  and guidance at the April 4, 2019 hearing.

27

28

Gibson, Dunn &
Crutcher LLP

RIMINI STREET, INC.'S RESPONSES TO ORACLE'S SUPPLEMENTAL INTERROGATORIES
CASE NO. 2:10-CV-00106-LRH-VCF

**INTERROGATORY NO. 4:**

For the Oracle product lines identified in the Injunction, provide a list identifying by customer each Oracle Software Environment Rimini has accessed since November 5, 2018, the dates of such access, and whether the Oracle Software Environment is located on Rimini's systems, in a third-party cloud (such as Windstream / Tierpoint, Amazon Web Services, or Azure), on a customer's own computer systems, or elsewhere.

**RESPONSE TO INTERROGATORY NO. 4:**

Rimini incorporates by reference its General Objections.  Rimini objects to this Interrogatory on the basis that it is premature in light of the Court's May 17, 2019 Order directing the parties to submit a revised Joint Proposed Discovery Plan by June 17, 2019, ECF No. 1228, and the Court's instructions during the April 4, 2019 hearing that discovery would take place after a discovery plan is in place.  ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 61:4–6. Rimini further objects to this Interrogatory on the basis that it is improper in light of the Court instructing Oracle to "hold off" on interrogatories, with the exception of one interrogatory relating to identifying certain fixes or updates.  ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 53:2– 24.  Rimini further objects to this Interrogatory as premature, overbroad, and unduly burdensome, as Oracle has not disclosed to Rimini what specific conduct prohibited by the injunction Oracle believes Rimini has engaged in.  Rimini further objects to the Interrogatory as overly broad and unduly burdensome under the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada to the extent it seeks to require Rimini to create a compilation, abstract, or summary that Rimini does not maintain in the ordinary course of its business.  Rimini further objects to this Interrogatory as overbroad and unduly burdensome insofar as it requires Rimini to provide a list of every client environment Rimini has "accessed" since November 5, 2018.  Rimini further objects to this interrogatory to the extent that it seeks information that is not within the possession, custody, or control of Rimini—the Court has explicitly held that client systems—including cloud systems—are not in Rimini's "control." *See Rimini II*, ECF Nos. 566, 606.  Rimini further objects to this Interrogatory to the extent it seeks discovery of sensitive or confidential third-party information that is subject to a protective

Gibson, Dunn &
Crutcher LLP

order or other confidentiality obligations.  Rimini further objects that the terms "accessed" and "elsewhere" and the phrase "customer's own computer systems" are vague, ambiguous, and overly broad.  Rimini further objects to this Interrogatory to the extent that it assumes incorrectly that a client's cloud environment is not the client's "own computer system."

Rimini will not respond to this Interrogatory at this time, but will meet and confer with Oracle regarding a Joint Discovery Plan in accordance with the Court's May 17, 2019 Order and guidance at the April 4, 2019 hearing.

**INTERROGATORY NO. 5:**

For the Oracle product lines identified in the Injunction, provide a list identifying all of the tax and regulatory updates, break fixes, new or revised functionality, and documentation that Rimini has provided to its customers since November 5, 2018, including the names of the files, the customers to whom they were provided, the Persons who were involved in developing or testing them, the associated Oracle product line, product, and version, and the dates they were provided to each customer.

**RESPONSE TO INTERROGATORY NO. 5:**

Rimini incorporates by reference its General Objections.  Rimini objects to this Interrogatory on the basis that it is premature in light of the Court's May 17, 2019 Order directing the parties to submit a revised Joint Proposed Discovery Plan by June 17, 2019, ECF No. 1228, and the Court's instructions during the April 4, 2019 hearing that discovery would take place after a discovery plan is in place.  ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 61:4–6. Rimini further objects to this Interrogatory on the basis that it is improper in light of the Court instructing Oracle to "hold off" on interrogatories, with the exception of one interrogatory relating to identifying certain fixes or updates.  ECF No. 1218, Apr. 4, 2019 Hrg. Tr. at 53:2– 24. Rimini further objects that Interrogatory No. 5 exceeds the scope of the single interrogatory that the Court indicated might be permissible.  *See id.* at 50:10–24 (Oracle's counsel requesting "a list of all those fixes that they've done, fixes and updates they've done since November 2018," and Judge Ferenbach replying: "Maybe that's something you can do and we can talk about it later").  Rimini further objects to this Interrogatory as premature, overbroad, and unduly

burdensome, as Oracle has not disclosed to Rimini what specific conduct prohibited by the injunction Oracle believes Rimini has engaged in.  Rimini further objects to this Interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information.  Rimini further objects to this Interrogatory as unduly burdensome and improper under the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada, to the extent that it encompasses numerous separate, discrete subparts within a single interrogatory, including (a) a detailed list of all of the files provided to Rimini's customers since November 5, 2018; (b) a detailed list of all of the documentation provided to Rimini's customers since November 5, 2018; and (c) a list of all of the Persons involved in providing the files or documentation.  Interrogatory No. 5 constitutes at least three separate interrogatories for the purposes of interrogatory limits in this discovery.  Rimini further objects to this Interrogatory as overly broad and unduly burdensome under the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada to the extent it seeks to require Rimini to create a compilation, abstract, or summary that Rimini does not maintain in the ordinary course of its business.  Rimini further objects that the phrases "tax and regulatory updates, break fixes, new or revised functionality, and documentation" and "the Persons who were involved in developing or testing them" are vague, ambiguous, and overly broad.

Rimini will not respond to this Interrogatory at this time, but will meet and confer with Oracle regarding a Joint Discovery Plan in accordance with the Court's May 17, 2019 Order and guidance at the April 4, 2019 hearing.

Dated:  May 31, 2019

GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Eric D. Vandevelde*
Eric D. Vandevelde

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

## CERTIFICATE OF SERVICE

I, Arlene R. Thompson, certify as follows:

I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to this action.  My business address is 3161 Michelson Drive, Irvine, CA  92612-4412, in said County and State.  On May 31, 2019, I served the following document(s):

**RIMINI STREET, INC.'S RESPONSES TO ORACLE'S SUPPLEMENTAL INTERROGATORIES**

on the persons stated below, by the following means of service:

| **BOIES, SCHILLER & FLEXNER LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
|---|---|
| Karen L. Dunn<br>   KDunn@bsfllp.com<br>Kathleen Hartnett<br>   khartnett@bsfllp.com<br>William Isaacson<br>   wisaacson@bsfllp.com<br>Ashleigh Jensen<br>   ajensen@bsfllp.com<br>Richard J. Pocker<br>   rpocker@bsfllp.com<br>Beko Reblitz-Richardson<br>   brichardson@bsfllp.com<br>Sean Rodriguez<br>   srodriguez@bsfllp.com | Zachary S. Hill<br>   zachary.hill@morganlewis.com<br>Lisa S. Lee<br>   lisa.lee@morganlewis.com<br>John A. Polito<br>   John.polito@morganlewis.com<br>Lindsey M. Shinn<br>   lindsey.shinn@morganlewis.com<br>Benjamin P. Smith<br>   benjamin.smith@morganlewis.com<br>Sharon R. Smith<br>   sharon.smith@morganlewis.com |

The document was served pursuant to Fed. R. Civ. P. 5(b) via electronic mail.  Based on an agreement of the parties to accept service by email or electronic transmission to the above service list, I caused the document to be sent to the persons at the email addresses listed above.

I made the service at the direction of Eric D. Vandevelde, admitted *pro hac vice* to the bar of this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on May 31, 2019, at Irvine, California.

*/s/ Arlene R. Thompson*
Arlene R. Thompson

Gibson, Dunn & Crutcher LLP