1

2

3

**UNITED STATES DISTRICT COURT**

4

**DISTRICT OF NEVADA**

5

**\*\*\***

6

7

ORACLE USA, INC.; a Colorado corporation;
ORACLE AMERICA, INC.; a Delaware
corporation; and ORACLE INTERNATIONAL
CORPORATION, a California corporation,

8

9

Plaintiffs,

10

vs.

11

RIMINI STREET, INC., a Nevada corporation;
and SETH RAVIN, an individual,

12

Defendants.

13

2:10-cv-00106-LRH-VCF
**POST INJUNCTION DISCOVERY
SCHEDULING ORDER**

14

15

Before the Court is the Joint Status Report and Submission Re: Discovery Plan (ECF No. 1231).

16

Good cause appearing, this Order sets the scope and timing of discovery which may be propounded by

17

Oracle and must be responded to by Rimini, in accordance with the Federal Rules of Civil Procedure and

18

this Court's Local Rules, unless modified by this order.  Rimini will also be permitted to take the

19

depositions of any expert witnesses properly disclosed by Oracle.

20

Oracle claims that discovery in *Rimini II* shows that Rimini's conduct through February 28, 2018,

21

(the discovery cutoff for *Rimini II*), if continued after Judge Hicks' injunction, effective November 5,

22

2018, "would clearly violate" that injunction.  Rimini denies this.  The claims and defenses of this dispute

23

will define the scope of discovery under the plan set forth below.

24

25

| Deadline | Discovery |
|---|---|
| June 28, 2019 | Oracle serve Rimini with a list describing conduct disclosed in *Rimini II* (including cross-use and cloud hosting) which Oracle contends would violate Judge Hicks' injunction if it continued after the injunction was effective.  The list may contain no more than five separate and distinct examples.  Each item on the list must be described in not more than three sentences.   Each description must state precisely and unambiguously each separate process, practice or other conduct Oracle claims violated Judge Hicks' injunction. |
| August 5, 2019 | Rimini respond to each item listed, confirming or denying that it engaged in the process, practice or other conduct before February 28, 2018.  If Rimini denies the conduct occurred during that period, the response must include the basis for the denial.  Whether Rimini admits or denies conduct before February 28, 2018, it must also admit or deny engaging in that conduct after November 5, 2018.  If Rimini denies engaging in conduct after November 5, 2018, the response must include the basis for that denial.  If Rimini denies that it ever engaged in the proffered conduct or denies it engage in the conduct after November 5, 2018, Rimini must describe with reasonable particularity, for each denial, all documents in its possession, custody or control on which it relies. |
| October 8, 2019 | DISCOVERY CUT OFF DATE.  On or Before this date, Oracle may serve ten Requests for Production, ten Requests for Admission, five Interrogatories, five third party subpoenas duces tecum for document production and/or testimony, and one 30(b)(6) deposition notice. Initial Expert Disclosures must be served on or before September 5, 2019, Rebuttal Expert Disclosures must be served on or before September 12, 2019.  Each party may depose the experts disclosed by the opposing party.[1] |
| October 20, 2019 | Deadline to file motion for order to show cause. |

Leave of Court will be required for any other discovery.  Deadlines will be strictly enforced.

IT IS SO ORDERED.

DATED this 21st day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[1] The five requests for production and five interrogatories previously served by Oracle do not count toward these limits.  (ECF No. 1231 at p. 6).