**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; et al., | No.    18-16554 |
| Plaintiffs-Appellees, | DC No. CV 10-0106 LRH |
| v. | MEMORANDUM* |
| RIMINI STREET, INC., a Nevada corporation, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted July 12, 2019
Portland, Oregon

Before:      TASHIMA, GRABER, and OWENS, Circuit Judges.

Defendant-Appellant Rimini Street, Inc. ("Rimini") appeals the district

court's order entering a permanent injunction in favor of, and awarding attorney's

fees to, Plaintiffs-Appellees Oracle USA, Inc., Oracle America, Inc., and Oracle

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

International Corp. (collectively "Oracle").  Rimini contends that the district court erred in entering the injunction, that the injunction is moot, and that the injunction is overbroad and impermissibly vague.  Rimini also contends that the district court's fee award violated this court's prior mandate and that the district court abused its discretion in apportioning the award.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm except as to paragraphs nine and thirteen of the injunction, which we instruct the district court to strike, and also except as to the words "or access" in paragraphs eight and twelve of the injunction, which we also instruct the district court to strike.

1.     The injunction is not moot.  Voluntary cessation of the challenged conduct does not render a case moot unless "it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."  *Fikre v. FBI*, 904 F.3d 1033, 1037 (9th Cir. 2018) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) (internal quotation marks omitted) (alteration in original).  Rimini contends that the injunction is moot only because Rimini has ceased the challenged conduct, namely, unsanctioned copying of Oracle's software.  This assertion is insufficient to meet Rimini's "heavy burden of persua[ding] the court that the challenged conduct cannot

reasonably be expected to start up again." *Id.* (quoting *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000)) (internal quotation marks omitted) (alteration in original).

 **2.** The district court did not abuse its discretion in granting the injunction. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The district court appropriately weighed the *eBay* factors, including permissibly finding that Rimini's infringing conduct had a "causal connection" to the irreparable harm suffered by Oracle. *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 982 (9th Cir. 2011). The court pointed to the fact that Oracle and Rimini were direct competitors, explained that Rimini was able to gain increasing market share by offering lower prices for its service than Oracle offered, and that these lower prices were possible because Rimini's infringing conduct saved the company time and money. This conclusion was supported by the record, including Rimini's own internal e-mails. Accordingly, the district court did not abuse its discretion in granting the injunction.

 Additionally, we note that, as part of its weighing of the *eBay* factors, the district court stated that Rimini had "conscious disregard" for Oracle's software copyrights. Rimini argues that this contradicted the jury's finding that Rimini was an "innocent" infringer. Assuming, without deciding, that the district court

violated the Seventh Amendment's Reexamination Clause, *see Teutscher v. Woodson*, 835 F.3d 936, 944 (9th Cir. 2016) (explaining that trial judges must "follow the jury's implicit or explicit factual determinations in deciding the equitable claims" in order to avoid contravening the Reexamination Clause) (quoting *L.A. Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993))), any error was harmless. Rimini's mental state was not necessary to the district court's determination of irreparable injury, nor to the broader weighing of the *eBay* factors. The district court's decision would stand precisely the same without this statement. Nor did Oracle waive the issue of harmlessness, as Rimini addressed the issue in its opening brief.

3.      Rimini also contends that the injunction is overbroad. We agree in two respects. First, restricting "local hosting" for the J.D. Edwards and Siebel licences was error. The injunction enjoins "local hosting" as to PeopleSoft, J.D. Edwards, and Siebel. But only the PeopleSoft license limits the licensee to using the licensed Software *"at its facilities . . . ."* (emphasis added), which is the basis for the local-hosting requirement. The J.D. Edwards and Siebel licenses do not contain such a limitation. *See Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d 948, 959 (9th Cir. 2018) ("The PeopleSoft license is similar to its J.D. Edwards and Siebel counterparts, but it contains an additional limitation about '[the

4

licensee's] facilities.'" (alteration in original)), *rev'd in other part,* 139 S. Ct. 873 (2019).  Accordingly, it was error for the district court to enjoin "local hosting" for the J.D. Edwards and Siebel licences, and we instruct the district court to strike paragraphs nine and thirteen of the injunction.

Second, the injunction's prohibition on "access[ing]" source code is overbroad.  "Accessing" a copyrighted work is not an infringing activity under the Copyright Act.  *See* 17 U.S.C. § 106 (2002).  Even if the prohibition on access is meant to prevent copying, it is unnecessary, as copying is separately prohibited by the injunction.  *See Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1049 (9th Cir. 2013) ("[I]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court." (internal citations omitted)).  Consequently, we instruct the district court to strike the words "or access" from paragraphs eight and twelve of the injunction.

In all other respects, the injunction is not overbroad.

**4.**     The injunction is not impermissibly vague.  The injunction clearly sets out what conduct is restricted, namely that Rimini shall not reproduce, prepare derivative works from, or distribute software except "to support the specific licensee's own internal data processing operations."  It is therefore not impermissibly vague.

**5.**      We also affirm the attorneys' fees award.  First, the prior panel's

mandate in *Oracle*, 879 F.3d 948, did not require apportionment:  the panel

reversed and remanded the fee award for "reconsideration in light of Oracle's more

limited success at litigation," *id*. at 965, and the district court clearly reconsidered

the amount of the award and re-applied the attorneys' fees factors.  Therefore, the

district court did as instructed by this court.

Second, the district court did not abuse its discretion by not apportioning the

fee award.  As the prevailing party, Oracle could recover only attorneys' fees

incurred in litigating its copyright claims or "related claims."  *The Traditional Cat*

*Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003).  The district court

permissibly concluded that the claims "'involve[d] a common core of facts' [and

were] based on 'related legal theories,'" *McCown v. City of Fontana*, 565 F.3d

1097, 1103 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 453

(1983)), because the "action was first and foremost a copyright infringement

action."  Accordingly, it was within the district court's discretion to determine that

apportionment was not required beyond the twenty percent reduction.  *See Creative*

*Computing v. Getloaded.com LLC*, 386 F.3d 930, 937 (9th Cir. 2004) (explaining

that, even though the plaintiff lost on its Lanham Act claims, "[a]llocation is not

required where there is a 'common core of facts' that requires substantially the

same expense on prevailing and unsuccessful claims").  Accordingly, the district court did not abuse its discretion in calculating the award.

•　●　•

The judgment of the district court is affirmed, including its injunction and award of attorneys' fees, except that paragraphs nine and thirteen of the injunction, and the words "or access" in paragraphs eight and twelve, are vacated and ordered stricken.  The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**