BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:    702.382.7300
Facsimile:    702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
1401 New York Avenue, NW, 11th Floor
Washington, DC 20005
Telephone:    (202) 237-2727
Facsimile:    (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON
   (*pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:    415.293.6800
Facsimile:    415.293.6899
sholtzman@bsfllp.com
brichardson@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone:    415.442.1000
Facsimile:    415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:    650.506.4846
Facsimile:    650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | **Case No. 2:10-cv-0106-LRH-VCF**<br><br>**DECLARATION OF DAVID R. KOCAN IN SUPPORT OF ORACLE'S MOTION TO COMPEL AND MEMORANDUM OF POINTS AND AUTHORITIES RE POST-INJUNCTION REQUESTS FOR PRODUCTION** |

DECLARATION OF DAVID R. KOCAN IN SUPPORT OF ORACLE'S MOTION TO COMPEL

I, David R. Kocan, declare as follows:

1.     I am an associate at Morgan, Lewis & Bockius LLP, counsel of record for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation (collectively "Oracle") in this action. I have personal knowledge of the facts stated below and could and would testify to them if called upon to do so.

2.     In response to Oracle's Supplemental Requests for Production during post-injunction discovery, Rimini has not yet produced any custodial documents. Rimini has produced 84,817 documents, none of which are custodial documents, and two technical productions related to Rimini's Automated Framework software.

3.     During pre-trial discovery in *Rimini I*, Rimini produced at least 900,000 documents in response to Oracle's requests for production, at least 730,000 of which were custodial documents.

4.     During pre-trial discovery in *Rimini I*, third parties produced an additional one million documents. Six third parties produced more than 30,000 documents, with three producing over 100,000 documents.

5.     During pre-trial discovery in *Rimini II*, using a technology-assisted review protocol, Rimini produced over nine million documents in response to Oracle's requests for production, at least 4.7 million of which were custodial documents.

6.     During pre-trial discovery in *Rimini II*, third parties produced over 3.5 million documents. Eighteen third parties produced more than 30,000 documents, with five producing over 100,000 documents.

7.     In support of its motions for partial summary judgment to establish liability based in part on Rimini's ongoing cloud hosting and cross-use in *Rimini II*, Oracle relied on a significant number of custodial documents, including from custodians who Oracle is currently requesting for Injunction compliance.

8.     Attached to this Declaration as Exhibit 1 is a list of Oracle's proposed search terms.

1

DECLARATION OF DAVID R. KOCAN IN SUPPORT OF ORACLE'S MOTION TO COMPEL

9. Attached to this Declaration as Exhibit 2 is a true and correct excerpted copy of Rimini's purported Rule 28(j) notice of supplemental authority filed in the Ninth Circuit in connection with Rimini's pending appeal of the Injunction, stating that "the parties and the district court would greatly benefit from the issuance of the Court's decision, at least as to the validity and scope of the permanent injunction, by October 20, 2019—the deadline for Oracle to file any application in the district court regarding Rimini's compliance with the extant injunction (which has not been stayed pending appeal)."

10. Attached to this Declaration as Exhibit 3 is a true and correct copy of a letter from John Polito to Mark Perry dated June 28, 2019, which provided a list of five potential Injunction violations pursuant to the Court's June 21, 2019 scheduling order. The potential violations listed were: (1) cloud-hosting of PeopleSoft software and support materials; (2) cross-use of PeopleSoft software and support materials; (3) cross-use of JD Edwards software and support materials; (4) access to JD Edwards source code; and (5) distribution of PeopleSoft and JD Edwards software and support materials.

11. Oracle has served thirteen Supplemental Requests for Production: Oracle's Supplemental Requests for Production of Documents (RFPs 1–5), served May 1, 2019, Oracle's Second Supplemental Requests for Production of Documents (RFPs 6–7), served June 28, 2019, Oracle's Third Supplemental Requests for Production (RFPs 8–11), served July 23, 2019, and Oracle's Fourth Supplemental Requests for Production (RFP No. 12), served August 8, 2019, and Oracle's Fifth Supplemental Requests for Production (RFP No. 13), served August 15, 2019.

12. Attached to this Declaration as Exhibit 4 is a true and correct copy of Rimini Street, Inc.'s Corrected First Supplemental Responses to Oracle's Supplemental Requests for Production of Documents, dated July 18, 2019.

13. Attached to this Declaration as Exhibit 5 is a true and correct copy of Oracle's Third Supplemental Requests for Production to Defendant Rimini Street, Inc., dated July 23, 2019.

14. Attached to this Declaration as Exhibit 6 is a true and correct copy of Oracle's Fifth Supplemental Requests for Production to Defendant Rimini Street, Inc., dated August 15, 2019.

15. Attached to this Declaration as Exhibit 7 is a true and correct copy of a letter from Kathleen Hartnett to Eric Vandevelde dated June 28, 2019, in which Oracle reminded Rimini that "Rimini's production should include responsive custodial documents, including emails, texts, and IMs."

16. Attached to this Declaration as Exhibit 8 is a true and correct copy of a letter from Casey McCracken to Jacob Minne dated July 9, 2019, in which Rimini proposed an extremely limited custodial search and production from four custodians, none of which were executive custodians.

17. Attached to this Declaration as Exhibit 9 is a true and correct copy of a letter from Jacob Minne to Casey McCracken dated July 12, 2019 in which Oracle proposed twenty custodians grouped into five categories—executives and policymakers, in-house tool developers, IT and environment support personnel, PeopleSoft developers, and JD Edwards developers—and 270 search terms grouped into sixteen categories. Oracle asked that Rimini collect documents for each proposed custodian and provide information about the number of documents hit by each search term for each proposed custodian, to assist the parties in negotiation and any refinement of Oracle's proposed search terms.

18. Attached to this Declaration as Exhibit 10 is a true and correct excerpted copy of a letter from Casey McCracken to Jacob Minne dated July 17, 2019 in which Rimini rejected Oracle's list of custodians and search terms, describing email and instant message discovery for 20 custodians as "massively burdensome," and Oracle's proposed 20 custodians "excessive and wholly disproportionate to the process changes at issue. Rimini refused to provide search-term-hit information for the majority of Oracle's proposed custodians, agreeing only to provide search term hit counts for the two custodians it had proposed and four more non-executive custodians from Oracle's list. Rimini. Rimini asserted that the three executive level employees that Oracle

proposed (Mr. Ravin, Ms. Lyskawa, and Mr. Grady) "are substantially less likely to have information relevant to the process changes Rimini implemented."

19. Attached to this Declaration as Exhibit 11 is a true and correct copy of a letter from Jacob Minne to Casey McCracken dated July 18, 2019 in which Oracle explained the basis for its request for "executive personnel" custodians, as well as its careful selection of a narrow cross-section sample of other relevant Rimini employees. Oracle also identified six custodians for which it sought immediate search term hit counts and requested immediate hit counts for the two custodians that Rimini had proposed.

20. Attached to this Declaration as Exhibit 12 is a true and correct copy of a letter from Casey McCracken to Jacob Minne dated July 23, 2019, in which Rimini asserted that Oracle's request for 20 custodians and to include executives is unduly burdensome and disproportionate.

21. Attached to this Declaration as Exhibit 13 is a true and correct excerpted copy of a July 26, 2019 email from Jennafer Tryck to Oracle's counsel in which Rimini provided search term hit counts for the six requested custodians and two Rimini-identified custodians, stated it was only willing to produce documents if Oracle agreed to withdraw its other custodian requests entirely, and indicated that it would refuse to agree to any further custodians or search terms once a custodian set was finalized. This hit count data consists of a spreadsheet with raw numbers of documents returned by Oracle's proposed search terms for each of the initial eight custodians. While each search term has a "unique total" number of documents indicating the total number of unique documents returned by that search term across all of the initial eight custodians combined, it is impossible to determine where any duplication between custodians might occur. For example, the term "injun*" returns a "unique total" of 2,776 documents. However, the provided totals for each custodian result in a sum of 3,004 documents. There is no way for Oracle to determine based on this data that, for example, two custodians generally have overlapping documents such that elimination of one custodian would have minimal impact on the substance of the documents reviewed for responsiveness.

22. Attached to this Declaration as Exhibit 14 is a true and correct excerpted copy of a July 30, 2019 email from Jennafer Tryck to Oracle's counsel in which Rimini rejected Oracle'[s proposed custodians and provided hit counts for each of Oracle's proposed search terms on a per-custodian basis limited to eight custodians.

23. Attached to this Declaration as Exhibit 15 is a true and correct excerpted copy of a July 30, 2019 email from Casey McCracken to Oracle's counsel explaining Rimini's position that it has no obligation to produce anything before the close of discovery.

24. Attached to this Declaration as Exhibit 16 is a true and correct copy of a letter from Jacob Minne to Jennafer Tryck, dated August 2, 2019, in which Oracle proposed potential compromises with Rimini, including narrowing certain search terms that Rimini had identified as the most burdensome and reducing the number of custodians to twelve, subject to Oracle's ability to add back custodians if later case developments warranted.

25. Attached to this Declaration as Exhibit 17 is a true and correct excerpted copy of a letter from Jennafer Tryck to Jacob Minne dated August 5, 2019, in which Rimini further narrowed its offer of custodial discovery to a review of only 30,000 custodial documents across six custodians. Rimini provided no meaningful information concerning how the removal of particular custodians or terms would impact the production of relevant documents. Rimini disclosed that one of Oracle's requested topical custodians, the to-be-identified lead developer for certain post-Injunction JD Edwards updates, was the same as a named custodian, such that Oracle's request for 20 custodians was actually for nineteen. Rimini also rejected Oracle's proposed schedule as "absurd," but failed to propose an alternative timeline.

26. Attached to this Declaration as Exhibit 18 is a true and correct copy of an August 11, 2019 email from me to Rimini's counsel dropping search terms for Database and Siebel and narrowing several other search terms as to all custodians, and dropping additional search terms as to Mr. Ravin, Ms. Lyskawa, and Mr. Grady only.

27. Attached to this Declaration as Exhibit 19 is a true and correct excerpted copy of an August 13, 2019 email from Jennafer Tryck to Oracle's counsel in which Rimini unilaterally

5

DECLARATION OF DAVID R. KOCAN IN SUPPORT OF ORACLE'S MOTION TO COMPEL

chose 33 of Oracle's proposed search terms resulting in fewer than 30,000 document hits. Rimini stated that beginning August 15, 2019 at 5 p.m. Pacific, Rimini would use those 33 search terms and six custodians as the set of documents that it would review and from which it would make rolling custodial productions unless Oracle responded to provide an equally limited set of search terms.

28. Attached to this Declaration as Exhibit 20 is a true and correct excerpted copy of an August 16, 2019 letter from John Polito to Mark Perry amending Oracle's June 28, 2019 "list describing conduct disclosed in Rimini II (including cross-use and cloud hosting) which Oracle contends would violate Judge Hicks' injunction if it continued after the injunction was effective," ECF No. 1232, to withdraw claims that access to JD Edwards source code that does not also entail copying of JD Edwards source code would violate the Injunction in light of the Ninth Circuit's opinion. The letter also withdrew five search terms in light of the opinion.

29. Attached to this Declaration as Exhibit 21 is a true and correct copy of a document produced by Rimini in *Rimini II*, endorsed with Bates number RSI006850037.

30. Attached to this Declaration as Exhibit 22 is a true and correct excerpted copy of a Rimini press release, "Rimini Street Statement on U.S. Appeals Court Ruling," dated August 19, 2019.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed at San Francisco, California, on August 19, 2019.

Dated: August 19, 2019                                    /s/ David R. Kocan
                                                          David R. Kocan

                                                          Attorneys for Plaintiffs Oracle USA, Inc., Oracle
                                                          America, Inc. and Oracle International
                                                          Corporation

6

DECLARATION OF DAVID R. KOCAN IN SUPPORT OF ORACLE'S MOTION TO COMPEL