# Exhibit 5
# Oracle's Third Supplemental Set of RFPs to Rimini Street, Inc., dated July 23, 2019

1   BOIES SCHILLER FLEXNER LLP
    RICHARD J. POCKER (NV Bar No. 3568)
2   300 South Fourth Street, Suite 800
    Las Vegas, NV 89101
3   Telephone:    702.382.7300
    Facsimile:    702.382.2755
4   rpocker@bsfllp.com

5   BOIES SCHILLER FLEXNER LLP
    WILLIAM A. ISAACSON (*pro hac vice*)
6   KAREN L. DUNN (*pro hac vice*)
    1401 New York Avenue, NW, 11th Floor
7   Washington, DC 20005
    Telephone:    202.237.2727
8   Facsimile:    202.237.6131
    wisaacson@bsfllp.com
9   kdunn@bsfllp.com

10  BOIES SCHILLER FLEXNER LLP
    STEVEN C. HOLTZMAN (*pro hac vice*)
11  BEKO O. REBLITZ-RICHARDSON
       (*pro hac vice*)
12  44 Montgomery St., 41st Floor
    San Francisco, CA 94104
13  Telephone:    415 293 6800
    Facsimile:    415 293 6899
14  sholtzman@bsfllp.com
    brichardson@bsfllp.com

    MORGAN, LEWIS & BOCKIUS LLP
    BENJAMIN P. SMITH (*pro hac vice*)
    JOHN A. POLITO (*pro hac vice*)
    SHARON R. SMITH (*pro hac vice*)
    One Market, Spear Street Tower
    San Francisco, CA  94105
    Telephone:    415.442.1000
    Facsimile:    415.442.1001
    benjamin.smith@morganlewis.com
    john.polito@morganlewis.com
    sharon.smith@morganlewis.com

    DORIAN DALEY (*pro hac vice*)
    DEBORAH K. MILLER (*pro hac vice*)
    JAMES C. MAROULIS (*pro hac vice*)
    ORACLE CORPORATION
    500 Oracle Parkway, M/S 5op7
    Redwood City, CA 94070
    Telephone:    650.506.4846
    Facsimile:    650.506.7114
    dorian.daley@oracle.com
    deborah.miller@oracle.com
    jim.maroulis@oracle.com

    *Attorneys for Plaintiffs Oracle USA, Inc.,
    Oracle America, Inc., and Oracle
    International Corp.*

15

UNITED STATES DISTRICT COURT

16

DISTRICT OF NEVADA

17

18

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>                    Plaintiffs,<br><br>         v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>                    Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S THIRD SUPPLEMENTAL REQUESTS FOR PRODUCTION TO DEFENDANT RIMINI STREET, INC.** |

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Oracle USA, Inc.,

2    Oracle America, Inc. and Oracle International Corporation (together, "Oracle") hereby request

3    that Defendant Rimini Street, Inc. produce the documents and things specified below for

4    inspection and copying to the offices of Morgan, Lewis & Bockius LLP, located at One Market,

5    Spear Street Tower, San Francisco, California 94105, no later than thirty days from the date of

6    service.

7                                                    **DEFINITIONS**

8          The definitions, instructions, and requirements of Federal Rules of Civil Procedure

9    26, 34, and 37 are adopted and incorporated by this reference.  The following words and phrases

10   shall have the following meanings in these Requests:

11         1.  "Communication(s)" means any transmission of information (including oral,

12   written, telephonic, and electronic transmissions of information) from one Person to another,

13   including: (a) any Document, including any e-mail, text or IM; (b) any telephone call; and (c)

14   any conversation or meeting.

15         2.  "Concerning," "Concern(s)," "Relate," "Relating," "Related," or any other

16   derivatives thereof means concerning, relating to, regarding, pertaining to, referring to,

17   respecting, stating, describing, involving, evidencing, constituting, noting, reflecting, containing,

18   embodying, memorializing, mentioning, analyzing, discussing, commenting upon, specifying,

19   listing, summarizing, identifying either directly or indirectly, or having any logical or factual

20   connection with the matter discussed.

21         3.  "Document(s)" is synonymous in meaning and equal in scope to the broadest

22   meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including without

23   limitation:  non-privileged writings; records or files; correspondence; reports; memoranda;

24   calendars; diaries; minutes; electronic messages; voicemail; email; instant messages; text

25   messages; telephone message records or logs; computer and network activity logs; data on hard

26   drives; backup data; data on removable computer storage media such as tapes, disks, and cards;

27   printouts; document image files; web pages; databases; spreadsheets; software; hardware; books;

28                                                          1

ORACLE'S THIRD SUPPLEMENTAL REQUESTS FOR PRODUCTION TO RIMINI STREET

1  ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries;

2  outlines; compilations; computations; charts; diagrams; graphic presentations; drawings;

3  handouts; films; charts; digital or chemical process photographs; video, phonographic, tape, or

4  digital records or transcripts; drafts; jottings; and notes.  "Document(s)" also includes any copy

5  that differs in any respect from the original or other versions of the Document(s), including

6  copies containing notations, insertions, corrections, marginal notes, or any other variations.

7          4.  "Environment" means a copy of Oracle Software that results from the installation,

8  use, development or testing of that Software.

9          5.  "J.D. Edwards Family of Products" means all current and former J.D. Edwards-

10  branded Software and related Software and Support Materials.

11          6.   "Oracle" means Oracle America, Inc. (including its predecessor-in-interest,

12  Oracle USA, Inc.) and Oracle International Corporation.

13          7.   "Oracle Database Family of Products" means all current and former Oracle

14  Database-branded Software and related Software and Support Materials.

15          8.  "Oracle Software" refers to computer programs, applications, updates,

16  environments, and data that were designed, created, developed, tested, sold, or otherwise

17  provided by Oracle, including those of the J.D. Edwards Family of Products, PeopleSoft Family

18  of Products, Siebel Family of Products, and Oracle Database Family of Products.

19          9.  "PeopleSoft Family of Products" means all current and former PeopleSoft-

20  branded Software and related Software and Support Materials.

21          10. "Person" means any natural person or any business, legal or governmental entity

22  or association.

23          11. "Rimini's Online Materials" means Documents advertised or made available on

24  or through Rimini's websites, including, without limitation, materials on Rimini's online

25  resource library located at https://www.riministreet.com/resource-library, white papers (such as

26  those referenced on webpage https://www.riministreet.com/white-paper-unpacking-the-hcm-and-

27  fin-pum-images-for-peoplesoft), webinars (such as those referenced on webpage

28

2

ORACLE'S THIRD SUPPLEMENTAL REQUESTS FOR PRODUCTION TO RIMINI STREET

1    https://info.riministreet.com/PeopleSoft-Webinars-LP.html), analyst research, brochures, client

2    success stories, datasheets, eBooks, infographics, podcasts, research reports, and videos.

3            12. "Siebel Family of Products" means all current and former Siebel-branded

4    Software and related Software and Support Materials.

5            13.  "Software" means computer programs, applications, environments, updates, and

6    data that were designed, created, developed, tested, sold, or otherwise provided by Oracle,

7    including those of the J.D. Edwards Family of Products, PeopleSoft Family of Products, Siebel

8    Family of Products, and Oracle Database Family of Products.

9            14. "Software and Support Materials" and "Software or Support Materials" mean

10   software applications, environments, and other installations, program updates, software updates,

11   bug fixes, patches, custom solutions, and instructional documents for any families of software

12   products provided by Oracle, including those of the J.D. Edwards Family of Products,

13   PeopleSoft Family of Products, Siebel Family of Products, and Oracle Database Family of

14   Products, regardless of whether any such materials were later modified by any Person, including

15   without limitation a customer or third-party support provider.

16           15. "You," "Your," and "Rimini" means and refers to Rimini Street, Inc., and, where

17   applicable, any of its current or former predecessors, successors, parents, subsidiaries, divisions,

18   or affiliates, and any officers, directors, employees, contractors, agents, consultants, attorneys,

19   accountants, administrators, or persons or entities acting for, on behalf of, or under control of

20   each of the foregoing.

21                                    **INSTRUCTIONS**

22           1.  The wording of any Request does not constitute an admission of what the facts or

23   evidence will ultimately show.

24           2.  The following rules of construction shall apply to all Requests:

25                    a)        the use of a word in its singular form shall be deemed to include within

26                              its use the plural form;

27                    b)        the connectives "and" and "or" shall be construed either disjunctively

28
                                              3

1   or conjunctively, whichever makes the request, definition, or instruction

2   more inclusive;

3   c)   the terms "any," and "each" shall be construed to encompass "all";

4   d)   the term "including" means "including but not limited to"; and,

5   e)   the use of the word "the" shall not be construed as limiting the scope of

6   any request.

7   3.   If You claim any form of privilege as a ground for not producing or for redacting

8   any Document, You shall provide the following information for each Document withheld or

9   redacted:

10   a)   the Document's preparation date and the date appearing on the

11   Document;

12   b)   the name, present and last known addresses, telephone numbers, titles

13   (and positions), and occupations of those individuals who prepared,

14   produced, reproduced, and received said Document, including all

15   authors, senders, recipients, "cc" recipients, and "bcc" recipients;

16   c)   the number of pages withheld; and

17   d)   a description sufficient to identify the Document without revealing the

18   information for which the privilege is claimed, including the general

19   subject matter and character of the Document (*e.g.*, letter, memorandum,

20   notes, etc.).

21   4.   If only a portion of a responsive Document is privileged against disclosure, You

22   must produce the responsive non-privileged portion of the Document in redacted form, provided

23   that the redacted material is identified and the basis for the claim of privilege is stated as

24   provided in the preceding Instruction.

25   5.   Unless otherwise specified, the time period covered by the requests is the time

26   period since November 5, 2018.

27   6.   Unless otherwise specified, the Documents requested include the responsive

28

4

1   Documents in Your actual or constructive possession, control, or custody, and the responsive

2   Documents in the actual or constructive possession, control, or custody of Your attorneys or

3   agents.

4        7.   In the event that any Document called for by these Requests has been destroyed,

5   lost, or otherwise become unavailable, that Document is to be identified as follows:  type of

6   document, author, addressor, addressee, recipients of indicated or "blind" copies, date, subject

7   matter, number of pages, attachments or appendices, all Persons believed at any time to have had

8   a copy of the Document, date of destruction or loss, place and manner of destruction or loss,

9   Persons authorizing the destruction of the Document, and Persons destroying or responsible for

10  losing the Document.

11       8.   Pursuant to Federal Rule of Civil Procedure 26(e), Your responses to these

12  Requests for Production are to be promptly supplemented to include any subsequently acquired

13  Documents and information.

14       9.   A party's full or abbreviated name or a pronoun referring to a party means the

15  party and, where applicable, its officers, directors, employees, partners, corporate parent,

16  subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any

17  person who is not a party to the litigation.

18  **REQUEST FOR PRODUCTION NO. 8:**

19       A post-November 5, 2018 production of all components of the AFW program, including,

20  without limitation, a complete copy of all tables from the AFW database, all files identified in

21  AFW database records (including, without limitation, all files identified in the AFW tables

22  produced as part of RSI_AFW001 listed in attached Appendix 1), all files stored on AFW servers

23  between November 5, 2018 and present (including, without limitation, all files stored on AFW

24  FTP servers, AFW monitor servers, and AFW monitor database servers) along with metadata

25  sufficient to show the full pathname of the file, the name of the server on which it was stored, the

26  name of the computer on which it was stored, the file's creation date, and the file's last modified

27  date, and all source code and related files for each version of AFW used or modified between

28

5

ORACLE'S THIRD SUPPLEMENTAL REQUESTS FOR PRODUCTION TO RIMINI STREET

1   November 5, 2018 and the present.

2   **REQUEST FOR PRODUCTION NO. 9:**

3      All Communications Concerning .sqr, .sqc, .,sql, .txt, .cbl, .dat, .xml, .xsd, .pdb, .dat

4   .dms, "Technical Specification," "Functional Specification," "Test Plan," "Dev Instructions,"

5   "Build Instruction" and RS-prefixed files distributed by Rimini on or after November 5, 2018,

6   including without limitation, files identified in the AFW records produced as part of

7   RSI_AFW001.

8   **REQUEST FOR PRODUCTION NO. 10:**

9      All Communications Concerning the development and distribution of updates listed in

10   Rimini's First Supplemental Responses to Oracle's Supplemental Interrogatories 1-5 and

11   Supplemental Requests for Production Nos. 1-5 including, without limitation, the updates

12   referenced in Exhibit D and the client delivery documents that Rimini produced.

13   **REQUEST FOR PRODUCTION NO. 11:**

14      All Documents relating to Oracle Software and Support Materials comprising or used in

15   the development of Rimini's Online Materials.

16

17

18      DATED:  July 23, 2019                    MORGAN, LEWIS & BOCKIUS LLP

19

20

21                                              By:_____*John A. Polito*_____
                                                        John A. Polito
22                                              Attorneys for Plaintiffs Oracle USA, Inc.,
                                                   Oracle America, Inc. and Oracle
23                                                    International Corporation

24

25

26

27

28
                                              6

1

<u>**CERTIFICATE OF SERVICE**</u>

2

At the time of service I was over 18 years of age and not a party to this action.  My

3

business address is 1400 Page Mill Road, Palo Alto, CA 94304-1124.

4

On July 23, 2019, I served the following document:

5

**ORACLE'S THIRD SUPPLEMENTAL REQUESTS FOR PRODUCTION TO**

6

**DEFENDANT RIMINI STREET, INC.**

7

I served the document on the persons below, as follows:

8

Blaine H. Evanson, Esq.                                    Joseph A. Gorman, Esq.
Brett M. Long, Esq.                                          GIBSON, DUNN & CRUTCHER LLP

9

Shaun A. Mathur, Esq.                                    555 Mission Street, Suite 2900
Casey J. McCracken, Esq.                              San Francisco, CA 94105-0921

10

Amber McKonly, Esq.                                     Email: *JGorman@gibsondunn.com*
Jeffrey T. Thomas, Esq.

11

Jennafer M. Tryck, Esq.                                  Samuel Liversidge, Esq.
Cynthia P. Weaver                                          Eric D. Vandevelde, Esq.

12

Chris Whittaker, Esq.                                     GIBSON, DUNN & CRUTCHER LLP
Tracy A. Morgan                                            333 South Grand Ave., 47th Floor

13

GIBSON, DUNN & CRUTCHER LLP              Los Angeles, CA 90071-3197

14

3161 Michelson Drive, Suite 1200                 Email: *SLiversidge@gibsondunn.com*
Irvine, CA 92612-4412                                     Email: *EVandevelde@gibsondunn.com*

15

Email: *BEvanson@gibsondunn.com*
Email: *BLong@gibsondunn.com*                   Mark A. Perry, Esq.

16

Email: *SMathur@gibsondunn.com*                Jeremy M. Christiansen, Esq.
Email: *CMcCracken@gibsondunn.com*          GIBSON, DUNN & CRUTCHER LLP

17

Email: *AMcKonly@gibsondunn.com*             1050 Connecticut Avenue, N.W.
Email: *JTThomas@gibsondunn.com*              Washington, DC 20036

18

Email: *JTryck@gibsondunn.com*                   Email: *MPerry@gibsondunn.com*
Email: *CWeaver@gibsonndunn.com*              Email: *JChristiansen@gibsondunn.com*

19

Email: *CWhittaker@gibsondunn.com*
Email: *TMorgan2@gibsondunn.com*

20

21

The document was served pursuant to FRCP 5(b) by sending it by electronic mail.  Based

22

on a court order or an agreement of the parties to accept service by e-mail or electronic

23

transmission, I caused the document to be sent to the persons at the e-mail addresses listed

24

above. I did not receive, within a reasonable time after the transmission, any electronic message

25

or other indication that the transmission was unsuccessful.

26

I hereby certify that I am employed in the office of a member of the State Bar of

27

California, admitted *pro hac vice* to practice before the United States District Court for the

28

District of Nevada for this case, at whose direction the service was made.  I declare under

1

1   penalty of perjury under the laws of the United States of America that the foregoing information

2   contained in the Certificate of Service is true and correct.

3        Dated:  July 23, 2019

4                                                                    /s/ *Jacob J.O. Minne*
                                                                      Jacob J.O. Minne

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

CERTIFICATE OF SERVICE