# Exhibit 6
# Oracle's Fifth Supplemental Set of RFPs to Rimini Street, Inc., dated Aug. 15, 2019

| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone:  702.382.7300<br>Facsimile:   702.382.2755<br>rpocker@bsfllp.com<br><br>BOIES SCHILLER FLEXNER LLP<br>WILLIAM A. ISAACSON (*pro hac vice*)<br>KAREN L. DUNN (*pro hac vice*)<br>1401 New York Avenue, NW, 11th Floor<br>Washington, DC 20005<br>Telephone:  202.237.2727<br>Facsimile:   202.237.6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com<br><br>BOIES SCHILLER FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>BEKO O. REBLITZ-RICHARDSON<br>   (*pro hac vice*)<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Telephone:  415 293 6800<br>Facsimile:   415 293 6899<br>sholtzman@bsfllp.com<br>brichardson@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>BENJAMIN P. SMITH (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>SHARON R. SMITH (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA  94105<br>Telephone:  415.442.1000<br>Facsimile:   415.442.1001<br>benjamin.smith@morganlewis.com<br>john.polito@morganlewis.com<br>sharon.smith@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:  650.506.4846<br>Facsimile:   650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com<br><br>*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.* |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>                          Plaintiffs,<br><br>         v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>                          Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S FIFTH SUPPLEMENTAL REQUESTS FOR PRODUCTION TO DEFENDANT RIMINI STREET, INC.** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation (together, "Oracle") hereby request that Defendant Rimini Street, Inc. produce the documents and things specified below for inspection and copying to the offices of Morgan, Lewis & Bockius LLP, located at One Market, Spear Street Tower, San Francisco, California 94105, no later than thirty days from the date of service.

## **DEFINITIONS**

The definitions, instructions, and requirements of Federal Rules of Civil Procedure 26, 34, and 37 are adopted and incorporated by this reference.  The following words and phrases shall have the following meanings in these Requests:

1. "Concerning," "Concern(s)," "Relate," "Relating," "Related," or any other derivatives thereof means concerning, relating to, regarding, pertaining to, referring to, respecting, stating, describing, involving, evidencing, constituting, noting, reflecting, containing, embodying, memorializing, mentioning, analyzing, discussing, commenting upon, specifying, listing, summarizing, identifying either directly or indirectly, or having any logical or factual connection with the matter discussed.

2. "Document(s)" is synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including without limitation:  non-privileged writings; records or files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; email; instant messages; text messages; telephone message records or logs; computer and network activity logs; data on hard drives; backup data; data on removable computer storage media such as tapes, disks, and cards; printouts; document image files; web pages; databases; spreadsheets; software; hardware; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital records or transcripts; drafts; jottings; and notes. "Document(s)" also includes any copy that differs in any

respect from the original or other versions of the Document(s), including copies containing notations, insertions, corrections, marginal notes, or any other variations.

3. "Environment" means a copy of Oracle Software that results from the installation, use, development or testing of that Software.

4. "J.D. Edwards Family of Products" means all current and former J.D. Edwards-branded Software and related Software and Support Materials.

5. "Oracle" means Oracle America, Inc. (including its predecessor-in-interest, Oracle USA, Inc.) and Oracle International Corporation.

6. "Oracle Database Family of Products" means all current and former Oracle Database-branded Software and related Software and Support Materials.

7. "Oracle Software" refers to computer programs, applications, environments, and data that were designed, created, developed, tested, sold, or otherwise provided by Oracle, including those of the J.D. Edwards Family of Products, PeopleSoft Family of Products, Siebel Family of Products, and Oracle Database Family of Products.

8. "PeopleSoft Family of Products" means all current and former PeopleSoft-branded Software and related Software and Support Materials.

9. "Person" means any natural person or any business, legal or governmental entity or association.

10. "Siebel Family of Products" means all current and former Siebel-branded Software and related Software and Support Materials.

11. "Software" means computer programs, applications, environments, and data that were designed, created, developed, tested, sold, or otherwise provided by Oracle, including those of the J.D. Edwards Family of Products, PeopleSoft Family of Products, Siebel Family of Products, and Oracle Database Family of Products.

12. "Software and Support Materials" and "Software or Support Materials" mean software applications, environments and other installations, program updates, software updates, bug fixes, patches, custom solutions, and instructional documents for any families of software

ORACLE'S FIFTH SUPPLEMENTAL REQUESTS FOR PRODUCTION TO RIMINI STREET

products provided by Oracle, including those of the J.D. Edwards Family of Products, PeopleSoft Family of Products, Siebel Family of Products, and Oracle Database Family of Products, regardless of whether any such materials were later modified by any Person, including without limitation a customer or third-party support provider.

13. "You," "Your," and "Rimini" means and refers to Rimini Street, Inc., and, where applicable, any of its current or former predecessors, successors, parents, subsidiaries, divisions, or affiliates, and any officers, directors, employees, contractors, agents, consultants, attorneys, accountants, administrators, or persons or entities acting for, on behalf of, or under control of each of the foregoing.

## INSTRUCTIONS

1. The wording of any Request does not constitute an admission of what the facts or evidence will ultimately show.

2. The following rules of construction shall apply to all Requests:

   a) the use of a word in its singular form shall be deemed to include within its use the plural form;

   b) the connectives "and" and "or" shall be construed either disjunctively or conjunctively, whichever makes the request, definition, or instruction more inclusive;

   c) the terms "any," and "each" shall be construed to encompass "all";

   d) the term "including" means "including but not limited to"; and,

   e) the use of the word "the" shall not be construed as limiting the scope of any request.

3. If You claim any form of privilege as a ground for not producing or for redacting any Document, You shall provide the following information for each Document withheld or redacted:

   a) the Document's preparation date and the date appearing on the Document;

3

      b)    the name, present and last known addresses, telephone numbers, titles (and positions), and occupations of those individuals who prepared, produced, reproduced, and received said Document, including all authors, senders, recipients, "cc" recipients, and "bcc" recipients;

      c)    the number of pages withheld; and

      d)    a description sufficient to identify the Document without revealing the information for which the privilege is claimed, including the general subject matter and character of the Document (*e.g.*, letter, memorandum, notes, etc.).

4.    If only a portion of a responsive Document is privileged against disclosure, You must produce the responsive non-privileged portion of the Document in redacted form, provided that the redacted material is identified and the basis for the claim of privilege is stated as provided in the preceding Instruction.

5.    Unless otherwise specified, the time period covered by the requests is the time period since November 5, 2018.

6.    Unless otherwise specified, the Documents requested include the responsive Documents in Your actual or constructive possession, control, or custody, and the responsive Documents in the actual or constructive possession, control, or custody of Your attorneys or agents.

7.    In the event that any Document called for by these Requests has been destroyed, lost, or otherwise become unavailable, that Document is to be identified as follows: type of document, author, addressor, addressee, recipients of indicated or "blind" copies, date, subject matter, number of pages, attachments or appendices, all Persons believed at any time to have had a copy of the Document, date of destruction or loss, place and manner of destruction or loss, Persons authorizing the destruction of the Document, and Persons destroying or responsible for losing the Document.

8.    Pursuant to Federal Rule of Civil Procedure 26(e), Your responses to these

Requests for Production are to be promptly supplemented to include any subsequently acquired Documents and information.

9.  A party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning Rimini's access to, use of, and copying of Environments since November 5, 2018, including all Documents Concerning the technical means by which Rimini accesses, uses, reproduces, copies to, and copies from the Environments identified in Exhibits B and C to Rimini's Corrected First Supplemental Responses and Second Supplemental Responses to Oracle's Supplemental Interrogatory No. 4.

DATED:  August 15, 2019                MORGAN, LEWIS & BOCKIUS LLP

By: _____/s/ *John A. Polito*_____
John A. Polito
Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc. and Oracle
International Corporation

5

ORACLE'S FIFTH SUPPLEMENTAL REQUESTS FOR PRODUCTION TO RIMINI STREET

**CERTIFICATE OF SERVICE**

At the time of service I was over 18 years of age and not a party to this action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105.

On August 15, 2019, I served the following document:

**ORACLE'S FIFTH SUPPLEMENTAL REQUESTS FOR PRODUCTION TO DEFENDANT RIMINI STREET, INC.**

I served the document on the persons below, as follows:

| | |
|---|---|
| Blaine H. Evanson, Esq.<br>Brett M. Long, Esq.<br>Shaun A. Mathur, Esq.<br>Casey J. McCracken, Esq.<br>Amber McKonly, Esq.<br>Jeffrey T. Thomas, Esq.<br>Jennafer M. Tryck, Esq.<br>Cynthia P. Weaver<br>Chris Whittaker, Esq.<br>Tracy A. Morgan<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive, Suite 1200<br>Irvine, CA 92612-4412<br>Email: *BEvanson@gibsondunn.com*<br>Email: *BLong@gibsondunn.com*<br>Email: *SMathur@gibsondunn.com*<br>Email: *CMcCracken@gibsondunn.com*<br>Email: *AMcKonly@gibsondunn.com*<br>Email: *JTThomas@gibsondunn.com*<br>Email: *JTryck@gibsondunn.com*<br>Email: *CWeaver@gibsonndunn.com*<br>Email: *CWhittaker@gibsondunn.com*<br>Email: *TMorgan2@gibsondunn.com* | Joseph A. Gorman, Esq.<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 2900<br>San Francisco, CA 94105-0921<br>Email: *JGorman@gibsondunn.com*<br><br>Samuel Liversidge, Esq.<br>Eric D. Vandevelde, Esq.<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Ave., 47th Floor<br>Los Angeles, CA 90071-3197<br>Email: *SLiversidge@gibsondunn.com*<br>Email: *EVandevelde@gibsondunn.com*<br><br>Mark A. Perry, Esq.<br>Jeremy M. Christiansen, Esq.<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Email: *MPerry@gibsondunn.com*<br>Email: *JChristiansen@gibsondunn.com* |

The document was served pursuant to FRCP 5(b) by sending it by electronic mail. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I hereby certify that I am employed in the office of a member of the State Bar of California admitted *pro hac vice* to practice before the United States District Court for the District of Nevada for this case, at whose direction the service was made. I declare under

1 | penalty of perjury under the laws of the United States of America that the foregoing information
2 | contained in the Certificate of Service is true and correct.
3 |     Dated:  August 15, 2019

                                                     /s/ *David R. Kocan*  
                                                      David R. Kocan

2

CERTIFICATE OF SERVICE