# Exhibit 7
# Letter from Kathleen Hartnett to Mark Perry and Eric Vandevelde, dated June 28, 2019



June 28, 2019

**VIA EMAIL**

Eric D. Vandevelde, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
evandevelde@gibsondunn.com

   Re: *Oracle USA, Inc. et al. v. Rimini Street, Inc. & Seth Ravin*
     Case No. 2:10-cv-0106-LRH-VCF (D. Nev.)

Dear Mr. Vandevelde:

  Oracle is awaiting substantive responses to its Supplemental Interrogatories 1 through 5 and Supplemental Requests for Production 1 through 5 regarding the Court's injunction in *Rimini I*, which Oracle served on Rimini on May 1, 2019. Rimini has had knowledge of the substance of these requests for over four months (*see* ECF No. 1199-1, Exs. 26 & 27) and discovery is proceeding on an expedited schedule, with expert disclosures due in less than ten weeks. Accordingly, please provide a full production and substantive responses to these pending discovery requests by July 12, 2019.

  Rimini has no basis to continue to refuse to respond substantively to Oracle's requests. Rimini's prior objections that the requests were premature until a discovery plan was in place were unfounded and, at any rate, are now moot in light of the Court's June 21, 2019 Post Injunction Discovery Scheduling Order. ECF No. 1232. The Court acknowledged Oracle's May 1 discovery requests in its Order (in addition to granting Oracle ten additional RFPs and five additional interrogatories). None of Rimini's other objections justify the continued refusal to produce the documents requested or to respond to the interrogatories served. Fed. R. Civ. P. 34(b)(2)(C).

  Nor does a prompt production and response pose any undue burden to Rimini. Under the federal rules, a party has thirty days to respond to a request for production or an interrogatory request. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). A party also has an affirmative duty to supplement any incomplete responses in a timely manner. Fed. R. Civ. P. 26(e). Yet Rimini has made no production or response covering the post-injunction time period, despite the fact that Rimini has been "collecting documents relevant to Phase 1 discovery" for over a month now. Letter from. E. Vandevelde to K. Hartnett (May 21, 2019); Letter from E. Vandevelde to K. Hartnett (May 29, 2019); May 5, 2019 Joint Proposed Discovery Plan, ECF No. 1222 at 17–18; June 17, 2019 Joint Status Report, ECF No. 1231 12:6–8. Rimini's continued refusal to provide



substantive responses to Oracle's discovery requests in a timely manner would further violate its obligations under the federal rules and this Court's discovery order.

      Rimini has promised to respond to Oracle's requests "in accordance with its obligations under the discovery plan adopted by this Court." ECF No. 1231 at 14:6–8. Accordingly, Rimini should complete its production in the next two weeks. To the extent that Rimini believes any of its remaining objections have any continued relevance, Oracle proposes that the parties meet and confer Tuesday, July 2, 2019 at 11:00 am to address any outstanding issues. If this date and time does not work, please propose an alternative date and time. We are available to meet during the morning of July 2 or 3.

      Additionally, Rimini's production should include responsive custodial documents, including emails, texts, and IMs, from the time period of November 5, 2018 to present. In order to expedite this production, Oracle will agree that Rimini may produce documents in the first instance using a Technology Assisted Review (TAR) based on the training data and thresholds previously developed by the parties in *Rimini II*, while any deficiencies identified in the production may be addressed by the parties at a later date.

      Sincerely,

      */s/ Kathleen R. Hartnett*

      Kathleen R. Hartnett

cc: *Rimini I* Distribution List