# Exhibit 10
# Excerpts of the Letter from Casey McCracken to Jacob Minne, dated July 17, 2019

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

3161 Michelson Drive
Irvine, CA 92612-4412
Tel 949.451.3800
www.gibsondunn.com

Casey J. McCracken
Direct: +1 949.451.3932
Fax: +1 949.475.4772
CMcCracken@gibsondunn.com

Client: 79957-00020

July 17, 2019

VIA E-MAIL (jacob.minne@morganlewis.com)

Jacob J.O. Minne, Esq.
Morgan Lewis & Bockius LLP
1400 Page Mill Road
Palo Alto, CA  94304-1124

Re:   Oracle USA, Inc. v. Rimini Street, Inc.
      No. 2:10-cv-00106-LRH-VCF (D. Nev.)

Jacob:

I write in response to your July 12, 2019 letter regarding custodians and search terms.

*First*, to clarify, Rimini did not agree to "move ahead with [Oracle's] proposed schedule." Rather, we noted that we believed each item on your proposed schedule was something that needed to occur, and that, as a general matter, Oracle arranged those items in the correct sequence.  July 10, 2019 Ltr. from McCracken to Minne at 2.  We did not agree to the dates in your schedule.  We did agree to continue to use our best efforts to move discovery along as quickly as possible.

*Second*, Oracle's proposal of 20 custodians is excessive and wholly disproportionate to the process changes at issue.  The discovery relevant to Oracle's allegations in its June 28, 2019 letter, which relate to the methods by which Rimini provides PeopleSoft and JDE support to Oracle licensees, is predominantly noncustodial in nature (*e.g.*, update documentation, AFW data, etc.).  Moreover, Oracle's requests for production focus on what Rimini changed in its support processes.  As indicated in Rimini's supplemental discovery responses (served on July 12, 2019), Rimini turned off and instructed engineers to discontinue using certain tool functionality used in the development of software updates for PeopleSoft.  Email and instant message discovery for 20 custodians will be massively burdensome and will do little, if anything, to elaborate on those changes.  Moreover, Oracle's identification of executive personnel as potential custodians is unnecessary and unduly burdensome, given that these employees are substantially less likely to have information relevant to the process changes Rimini implemented in response to the injunction than members of Rimini's software support teams.  In the interest of cooperation, we will agree to allow Oracle to designate six custodians from Rimini's PeopleSoft and JDE support teams.  If Oracle wishes to continue to meet and confer about the number of custodians, please identify Oracle's top six custodians

**GIBSON DUNN**

Jacob J.O. Minne, Esq.
July 17, 2019
Page 2

now, and we will begin running search terms for those individuals while the parties continue this discussion.

***Third***, Rimini will run Oracle's search terms and obtain hit counts for the six custodians Oracle identifies, but Rimini reserves all rights to object on the basis of relevance and burden. For purposes of illustration only and without limitation to raising further objections, we note that many of Oracle's proposed terms have nothing to do with the injunction or Rimini's process changes in response (*e.g.*, security*, success stor*), that others go beyond the scope of Oracle's June 28, 2019 letter (*e.g.*, ODB*, Siebel*), and that others are extremely overbroad (*e.g.* Oracle*, Tax*, PeopleSoft*).

We are available to meet and confer on July 19, 2019 after 3 PM PT.

Sincerely,

*[signature]*

Casey J. McCracken

CJM/scw