# Exhibit 11
# Letter from Jacob Minne to Casey McCracken, dated July 18, 2019

# Morgan Lewis

**Jacob J.O. Minne**
Associate
+1.650.843.7280
jacob.minne@morganlewis.com

July 18, 2019

**VIA E-MAIL**

Casey J. McCracken
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Email: CMcCracken@gibsondunn.com

Re:   <u>Oracle USA, Inc., et al v. Rimini Street, Inc., et al.</u>, Case 2:10-cv-00106-LRH-VCF

Dear Casey:

I am writing to you regarding Injunction-compliance custodial production in *Rimini I*, in response to your July 17, 2019 letter.  We will write separately concerning Rimini's July 12, 2019 discovery responses.

As explained herein, we continue to disagree with Rimini regarding both the type and number of custodians whose documents are subject to collection, review and production. Oracle proposed a carefully tailored, cross-cutting list of custodians most likely to have information bearing on Injunction compliance.  Performing the search and production proposed by Oracle will impose no undue burden on Rimini, but instead will allow the parties quickly to obtain a universe of documents relevant to resolving the issues before the Court.  We had understood from our calls with you that this was a shared goal.

As to custodian type, your July 17 letter refuses to produce responsive documents from "executive personnel," claiming that such custodians are "unnecessary" and "substantially less likely to have information relevant to the process changes Rimini implemented in response to the Injunction than members of Rimini's software support teams." Oracle proposed three "executives and policy makers":  Mr. Ravin, Ms. Lyskawa, and Mr. Grady.  These custodians are plainly central to the inquiry presently before the Court.  Days of trial and deposition testimony from Mr. Ravin (Jury Trial Days 2-4) and these other executives, as well as countless documents, underscore their personal involvement with forming and implementing policies implicated by the Injunction.  Accordingly, executives must be part of Rimini's reasonable search for documents.

As to number of custodians, Rimini's position that "20 custodians is excessive and wholly disproportionate" lacks any legitimate factual basis.  Oracle can only evaluate how Rimini has, in

**Morgan, Lewis & Bockius** LLP

1400 Page Mill Road
Palo Alto, CA  94304          ❶ +1.650.843.4000
United States                      ❻ +1.650.843.4001

Casey J. McCracken
July 18, 2019
Page 2

practice, responded to the Injunction by reviewing documents from a reasonable sample of relevant employees.  And these employees are siloed by functions, including development of updates, development of in-house tools, and management of remote environments.  As a result, Oracle cannot evaluate how Rimini has responded to the Injunction without reviewing documents from a sample of employees in each silo.  To this end, Oracle's proposed list is narrowly tailored to each type of Rimini employee with relevant responsibilities covered by the Injunction.

Each of Oracle's proposed custodian categories is plainly relevant to Injunction compliance.  As explained above, discovery from executives is essential, given their clearly established role in setting and implementing Rimini's policies, including those implicated by the Injunction.  Similarly, discovery from Rimini's internal tool developers is necessary because Rimini has asserted changes to these tools, particularly AFW, are relevant to the Injunction compliance proceedings; custodial discovery will allow Oracle to attempt to test these assertions.  Rimini has also indicated that its new programs required modifications to software on customer environments, and thus discovery from Rimini's environment management team is necessary.  Finally, discovery from the engineers who actually write customer updates is needed to determine whether Rimini is continuing to cross-use Oracle software in violation of the injunction.

Also absent from Rimini's argument is any proof of actual burden.  Rimini has not produced a count of the number of hits-per-keyword each custodian generated to support the assertion that 20 custodians would somehow be "massively burdensome," despite the fact that such a count can be undertaken without any attorney review, and despite the fact that Rimini generally agreed this report had to be generated before the parties met-and-conferred to finalize the list of custodians and keywords.  July 10, 2019 Ltr. from McCracken to Minne at 2.

Accordingly, we reiterate our request for discovery from each of the custodians identified in our July 12, 2019 letter.  We also ask that you collect documents from each requested custodian, even as we continue to meet-and-confer regarding the number and identity of custodians whose files will have to be reviewed.

Without waiver of our continuing request for discovery from each custodian requested in our July 12th letter, we identify at your request the following six custodians and ask that you generate a search term hit list as agreed in advance of our next meet and confer:

- Conley, Tim
- Jacob, Michael
- Lyskawa, Nancy
- Miller, David
- Ravin, Seth
- Sheffield, Don

Casey J. McCracken
July 18, 2019
Page 3

In additional, please generate a search term hit list for the two Rimini-identified custodians:

- Benge, Jim

- Teegarden, Ron

As previously requested on July 12th, 2019, please also identify and provide a hit-list for the lead developers for JDE year-end updates, and PeopleSoft updates delivered between December 2018 and February 2019.

Regarding search terms, Rimini's July 17th letter lists several objections for "illustration only" but Rimini has nonetheless agreed to provide hit counts for each of the search terms. While Oracle disagrees with all of Rimini's "illustration only" objections, we believe they are better addressed after the hit-count is provided. To the extent Rimini maintains any objections at that time, we will respond substantively then.

Finally, we agree to the proposed 3PM meet and confer time and will circulate a dial-in. Please be prepared to discuss any specific objections to Oracle's proposed custodial production schedule. Given the tight timeframes under which we are operating, we are hopeful that the parties can agree to a schedule.

Casey J. McCracken
July 18, 2019
Page 4

Sincerely,

Jacob J.O. Minne

JJM

c:  Jeremy M. Christiansen
    Blaine H. Evanson
    Joseph A. Gorman
    Samuel Liversidge
    Brett Long
    Shaun Mathur
    Amber McKonly
    Tracy A. Morgan
    Mark A. Perry
    Jeffrey T. Thomas
    Jennafer M. Tryck
    Eric D. Vandevelde
    Cynthia Weaver
    Chris Whittaker
    John A. Polito
    Benjamin P. Smith
    Sharon R. Smith
    Zachary S. Hill
    David Kocan
    Lisa S. Lee
    William Isaacson
    Karen Dunn
    Kathleen Hartnett
    Sean Rodriguez
    Gabriel Schlabach
    Ashleigh Jensen