# Exhibit 12
# Excerpts of the Letter from Casey McCracken to Jacob Minne, dated July 23, 2019

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

3161 Michelson Drive
Irvine, CA 92612-4412
Tel 949.451.3800
www.gibsondunn.com

Casey J. McCracken
Direct: +1 949.451.3932
Fax: +1 949.475.4772
CMcCracken@gibsondunn.com

Client: 79957-00020

July 23, 2019

VIA ELECTRONIC MAIL

Jacob J.O. Minne, Esq.
Morgan Lewis & Bockius LLP
1400 Page Mill Road
Palo Alto, CA  94304-1124

Re:   *Oracle USA, Inc. v. Rimini Street, Inc.*, No. 2:10-cv-00106-LRH-VCF (D. Nev.)

Dear Mr. Minne:

I write in response to your July 18, 2019 letter regarding custodians and search terms.

Oracle's Supplemental Request For Production No. 1 ("RFP 1") calls for documents related to changes Rimini made to its support processes for PeopleSoft and JD Edwards in response to the Injunction.  Rimini identified the changes it made in response to the Injunction in response to Oracle's Supplemental Interrogatory No. 1, and provided documents related to those changes in response to RFP 1.  Rimini's response to Supplemental Interrogatory No. 1 explains that, in response to the Injunction, Rimini deactivated and stopped using the CodeAnalyzer tool (part of AFW) and stopped using the Dev Review tool.  Rimini also provided Oracle with the AFW software update that deactivated the CodeAnalzyer tool and a copy of the AFW database showing the use of AFW tools after the Injunction went into effect.  As discussed during the parties' July 19, 2019 meet and confer, if Oracle's goal is to test whether the changes Rimini described in its response to Supplemental Interrogatory No. 1 were actually implemented, the relevant discovery will be predominantly noncustodial (*e.g.*, the AFW database).  If there are relevant custodial documents, those documents are likely to be cumulative of what has already been produced.  Additionally, to the extent there are any relevant custodial documents, those documents are most likely to be located in the files of developers on Rimini's support teams.

Oracle seeks to designate as custodians several executives at Rimini, including Seth Ravin, Nancy Lyskawa, and Sebastian Grady.  Oracle's justification is that these executives are involved in "policy making."  Even if it were true that these individuals were involved in policy discussions related to changes Rimini planned to make regarding the Injunction, any non-privileged material in their custodial files would be cumulative of the information Rimini has already provided to Oracle about those changes.  These executives are not involved in the actual provision of technical support to clients, and thus their custodial files

**GIBSON DUNN**

Jacob J.O. Minne, Esq.
July 23, 2019
Page 2

are not likely to contain evidence of the specifics of Rimini's software support processes. Accordingly, Oracle's request to designate Seth Ravin, Nancy Lyskawa, and Sebastian Grady as custodians—and the corresponding requirement that Rimini review large document sets from those individuals for privilege and responsiveness—is unduly burdensome and not proportional to the needs of this proceeding.

Further, Oracle has continued to request that Rimini collect and produce documents from a total of 20 custodians.  Given the scope of RFP 1—which relates solely to changes made in response to the Injunction—and the compressed discovery timeline, this request is also unduly burdensome and not proportional to the needs of the proceeding.  Rimini has offered to designate a total of six custodians from its PeopleSoft and JD Edwards support teams, which—together with the discovery Rimini has already provided—should be more than sufficient for Oracle to confirm the changes to Rimini's support processes that Rimini has already described.  Rimini is actively working on collecting documents from the six priority non-executive custodians Oracle has identified, as discussed on the July 19, 2019 call.  But a total of twenty custodians is unduly burdensome and not reasonable in the context of this accelerated proceeding.

Oracle indicated on the July 19, 2019 call that it anticipated filing a motion for a court order requiring Rimini to collect and produce from 20 custodians, including executives.  Such a motion is premature at this stage, as the parties are still meeting and conferring.  However, in the interest of compromise and to avoid burdening the Court with motion practice, Rimini will agree to allow Oracle to designate a total of eight custodians of its choosing (including Seth Ravin, Nancy Lyskawa, and/or Sebastian Grady) if Rimini's agreement to do so will resolve the parties' dispute.  Once Oracle identifies those eight custodians, Rimini will work to collect documents (to the extent collection is not already underway for those custodians) and provide search term hit counts for them as quickly as possible.

//

//

//

**GIBSON DUNN**

GIBSON DUNN

Jacob J.O. Minne, Esq.
July 23, 2019
Page 3

Rimini makes this offer purely for purposes of resolving this dispute and moving discovery forward, and does so without waiving its objections to Oracle's request to designate 20 custodians and include executives, which is unduly burdensome and disproportional. If Oracle will not agree to a limit of eight custodians, Rimini will oppose any motion to compel, and its position will be that no more than six custodians should be permitted.

Sincerely,

Casey J. McCracken

CJM/scw

**GIBSON DUNN**

Jacob J.O. Minne, Esq.
July 23, 2019
Page 4

cc:     Karen L. Dunn
        Kathleen R. Hartnett
        William Isaacson
        Ashleigh Jensen
        Tran Le
        Richard J. Pocker
        Beko Reblitz-Richardson
        Sean Rodriguez
        Gabriel Schlabach
        Samuel Ungar
        Zachary S. Hill
        David Kocan
        Lisa S. Lee
        Jacob J.O. Minne
        John A. Polito
        Lindsey M. Shinn
        Benjamin P. Smith
        Sharon R. Smith