# Exhibit 16
# Letter from Jacob Minne to Jennafer Tryck, dated August 2, 2019

# Morgan Lewis

**Jacob J.O. Minne**
Associate
+1.650.843.7280
jacob.minne@morganlewis.com

August 2, 2019

**VIA E-MAIL**

Jennafer M. Tryck
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Email: JTryck@gibsondunn.com

Re:     <u>Oracle USA, Inc., et al v. Rimini Street, Inc., et al.</u>, Case 2:10-cv-00106-LRH-VCF

Counsel,

Through this letter, Oracle responds to the pending post-injunction discovery issues concerning custodians and search terms for custodial review, as well as interim deadlines that will allow the parties to meet the Court's discovery schedule.

## Search Terms for Custodial Review:

The hit counts that Rimini has produced confirm that a considerable number of documents are likely to be relevant. Rimini's proposal to exclude keywords that return high numbers of documents for a given custodian would thwart the identification of potentially relevant documents: high hit counts may well result from a high number of responsive documents, especially as to certain custodians.

Nonetheless, in light of the compelling need to complete discovery on a compressed schedule, Oracle is willing to revise several of the terms Rimini has identified as the most burdensome. Oracle also proposes to add additional terms based on Rimini's interrogatory responses to date:

| **Proposed Modifications** ||||
|---|---|---|---|
| **Row** | **Original Keyword** | **Replacement** | **No. Hits Impacted** |
| 12 | diff* | diff<br>diffs | 22,653 |
| 48 | build* | build<br>builds | 24,000 |
| 170 | security | security@riministreet.com<br>complian*<br>violat* | 23,844 |

**Morgan, Lewis & Bockius** LLP

1400 Page Mill Road
Palo Alto, CA  94304                  +1.650.843.4000
United States                              +1.650.843.4001

|     |         |                                                  |        |
| --- | ------- | ------------------------------------------------ | ------ |
|     |         | order<br>court<br>appeal                         |        |
| 186 | remot*  | remote*                                          | 21,787 |
| 203 | reg*    | reg<br>regs<br>regu*<br>rs19*<br>j??f<br>j??p<br>p??f<br>p??p | 89,533 |
| 229 | mod*    | mod<br>modif*                                    | 29,564 |

Please note that ? is intended to be a single-character wildcard, such that "j??f" would capture "JUSF" and "JCAF" but not "jollof."

**Selection of Custodians**

Oracle maintains that discovery from each of the custodians it proposed is appropriate and that Rimini's attempt to fix an arbitrary number of custodians is improper. Oracle did not choose an arbitrary number of custodians; it chose a narrow cross-section of employees likely to have responsive documents on relevant topics, based on the limited information available to Oracle. On the previous meet and confer call, Rimini conceded that the non-executive custodians proposed by Oracle are all likely to have relevant information.

Rimini raises only two objections to Oracle's proposed custodian list. The first is that the executive level employees "are substantially less likely to have information relevant to the process changes Rimini implemented." July 17, 2019 Letter from C. McCracken to J. Minne. But Rimini's productions to date belie this hypothesis: Mr. Ravin is expressly referenced in notification letters mandated by the injunction. *See, e.g.,* RSI006850037. Executives also each generated more numerous hits than any other custodians, including more hits than any other custodians on clearly relevant terms like "AFW", "Injun*" and "Licens*".

Rimini's second objection is burden, arguing that "20 custodians is excessive and wholly disproportionate to the process changes at issue." *Id.*; *see also* July 23, 2019 email from J. Tryck. Again, Rimini's focus on numbers is misplaced. Oracle did not choose 20 custodians arbitrarily; those 20 proposed custodians represent a narrow cross-section of Rimini employees to capture the issues at hand. Oracle excluded marketing personnel and engineers tasked to product lines not at issue in *Rimini I*. Rimini refuses to produce hit-counts beyond eight custodians, making it impossible to evaluate Rimini's claims of burden. July 23, 2019 email from J. Tryck ("Rimini does not agree to collect data and generate hit counts for any new custodians in advance of Oracle committing to those custodians.")

If anything, the hit count information provided by Rimini shows that additional custodians are warranted. For example, despite files titled "Dev Instruction" or some variant thereof (discussed

Jennafer M. Tryck
August 2, 2019
Page 3

in Rimini's Corrected Supplemental Response to Oracle's Interrogatory No. 1) being distributed via AFW at least 3359 times, only 583 custodial documents were flagged by this term.  Common JD Edwards- related terms, like "Event Rule*" and "source code*," had only infrequent hits.  Accordingly, discovery from each of the custodians identified by Oracle is appropriate.

Notwithstanding the undisputed relevance of the 20 custodians that Oracle initially proposed, Oracle will agree to the following measures to expedite resolution of the custodian production and address Rimini's claimed burden:

- **First**, provided that Rimini agrees to collect and produce from 12 Rimini custodians, Oracle will limit its request for additional custodians (on top of the eight from whom Rimini already has collected) to Brenda Davenport, Rick Frank, Susan Tahtaras, and Kevin Wood.  Oracle also will substitute for Michael Jacob (one of the eight from whom Rimini collected) whomever Rimini identifies as the lead developer for JDE 2018 year-end updates for JD Edwards EnterpriseOne.[1]  This results in 12 custodians, as follows:

    | Custodian | Status |
    |---|---|
    | Jim Benge | Already collected |
    | Tim Conley | Already collected |
    | Michael Jacob | To be substituted |
    | Nancy Lyskawa | Already collected |
    | David Miller | Already collected |
    | Seth Ravin | Already collected |
    | Don Sheffield | Already collected |
    | Ron Teegarden | Already collected |
    | Replacement for Michael Jacob | Additional custodian |
    | Brenda Davenport | Additional custodian |
    | Rick Frank | Additional custodian |
    | Susan Tahtaras | Additional custodian |
    | Kevin Wood | Additional custodian |

    Oracle reserves the right to seek the production of responsive documents from further custodians as merited by case developments, as the custodians originally proposed by Oracle are all likely to have relevant, responsive documents.
- **Second,** in order to significantly reduce the time needed for review, Oracle will agree that Rimini may forego a responsiveness review and instead review only for privilege, producing all non-privileged documents identified by the keywords.  Oracle will not object that Rimini's custodial productions are a "document dump" or that Rimini's custodial productions are overly voluminous.

---

[1] Oracle previously requested that Rimini identify the lead developer, but that request was ignored.  *See* July 18, 2019 Letter from J. Minne to C. McCracken.

Jennafer M. Tryck
August 2, 2019
Page 4

- ***Third***, to mitigate any risk of accidental production of privileged information, Oracle will agree that any production of privileged custodial documents made during the post-injunction discovery period will be presumptively "inadvertent" under Section 15 of the protective order and Federal Rule of Evidence 502.

We believe that this proposal, contingent upon Rimini's agreement to collect and produce from 12 custodians, should resolve all pending issues regarding custodial production. If it does not, Rimini should nonetheless immediately begin a rolling production of documents already collected from Jim Benge, Tim Conley, Nancy Lyskawa, David Miller, Seth Ravin, Don Sheffield, and Ron Teegarden while the parties address their dispute with the court.

**Timing of Discovery**

Oracle was surprised by Rimini's assertion that "there is no deadline for Rimini to produce … materials (other than the close of fact discovery)." July 30, 2019 email from C. McCracken. This position is wrong as a matter of law and extremely prejudicial to Oracle.

Under Rule 34(b)(2)(B), after providing a written response, "[t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Oracle's request specified that documents should be produced for inspection and copying "no later than thirty days from the date of service." Oracle's Supplemental Requests for Production to Rimini Street at 1. Rimini did not propose an alternative time in its response; nor would "the close of fact discovery" be a reasonable time, given that it falls months after the requests were made, and after the deadline for submitting expert reports likely to use such discovery. Accordingly, Rimini's production is late.

Nor is this the first time Rimini has delayed post-injunction discovery.

For example, the AFW logs indicate they were collected on June 5, 2019, but inexplicably, they were not produced until July 12, 2019.

Rimini has also delayed its response to RFP 3. Oracle expressly stated that it was seeking documents distributed via FTP folders during the July 3, 2019 meet and confer, and asked that these documents be included in the July 12, 2019 production. Rimini did not produce these files. Then, at the July 19 meet-and-confer, Rimini for the first time explained that it was still collecting updates, but refused to provide a date certain when such production would be complete. Rimini's July 23, 2019 letter likewise refused to provide a date certain by which production in response to previously-served RFPs would be complete.[2]

Similarly, Oracle has requested an expedited response to RFP 8 by August 2, noting the importance of the materials, the expedited discovery schedule, and Rimini's prior acknowledgment

---

[2] Oracle disagrees with Rimini's assertion that Rimini may refuse to re-review custodial documents after Oracle issues new RFPs. Oracle is entitled to serve RFPs based on what it learns during post-injunction discovery, and the Court did not set a specific deadline by which Oracle had to serve non-custodial RFPs.

Jennafer M. Tryck
August 2, 2019
Page 5

that Oracle was seeking these materials.  Rimini has refused to commit to the proposed August 2 deadline for a response, or propose an alternate date.

Rimini has also refused to agree to any timeline for custodial production.  Oracle initially proposed such a timeline in early July.  July 3, 2019 email from J. Minne.  Rimini agreed "that the events identified in [the] proposed timeline need to occur and that the proposed sequencing of those events [was] correct."  July 9, 2019 Letter from C. McCracken to J. Minne.  A week later, however, Rimini repudiated the proposed schedule without proposing alternate dates, and has since placed the custodial production weeks behind schedule.  July 17, 2019 letter from C. McCracken to J. Minne.

In light of these delays, and the parties' apparent dispute about production deadlines, we ask that you stipulate to the following schedule for discovery moving forward:

- **August 5, 2019**:  Rimini shall complete all non-custodial production in response to RFPs 1-8.
- **August 12, 2019**:  Rimini shall complete all non-custodial production in response to RFPs 9-11.
- **August 19, 2019**:  Rimini shall complete all custodial production in response to RFPs 1-11.  Such production shall be on a rolling basis, with substantial productions made between the present and August 19.

Please confirm you agree to the proposed schedule.  If you do not, please confirm you will agree to brief this issue with the court on an expedited basis.

Jennafer M. Tryck
August 2, 2019
Page 6

Sincerely,

*/s/ Jacob J.O. Minne*

Jacob J.O. Minne

JJM

c:  Jeremy M. Christiansen
    Blaine H. Evanson
    Joseph A, Gorman
    Samuel Liversidge
    Brett Long
    Shaun Mathur
    Amber McKonly
    Tracy A. Morgan
    Mark A. Perry
    Jeffrey T. Thomas
    Eric D. Vandevelde
    Cynthia Weaver
    Chris Whittaker
    John A. Polito
    Benjamin P. Smith
    Sharon R. Smith
    Zachary S. Hill
    David Kocan
    Lisa S. Lee
    William Isaacson
    Karen Dunn
    Kathleen Hartnett
    Sean Rodriguez
    Gabriel Schlabach
    Ashleigh Jensen