# Exhibit 18
# Email from David Kocan to Rimini's Counsel, Re: Correspondence, dated August 11, 2019

| | |
|---|---|
| **From:** | Kocan, David R. |
| **Sent:** | Sunday, August 11, 2019 11:01 AM |
| **To:** | CMcCracken@gibsondunn.com; AMcKonly@gibsondunn.com; bevanson@gibsondunn.com; BLong@gibsondunn.com; CWhittaker@gibsondunn.com; EVandevelde@gibsondunn.com; jgorman@gibsondunn.com; JTryck@gibsondunn.com; JTThomas@gibsondunn.com; mperry@gibsondunn.com; SLiversidge@gibsondunn.com; TMorgan2@gibsondunn.com; Thompson, Arlene R.; CWeaver@gibsondunn.com; SMathur@gibsondunn.com; JChristiansen@gibsondunn.com |
| **Cc:** | Hill, Zachary Scott; Polito, John A.; brichardson@bsfllp.com; srodriguez@bsfllp.com; ajensen@bsfllp.com; Smith, Benjamin P.; kdunn@bsfllp.com; Smith, Sharon R.; wisaacson@bsfllp.com; gschlabach@bsfllp.com; sungar@bsfllp.com; tle@bsfllp.com; Kocan, David R.; khartnett@bsfllp.com; rpocker@bsfllp.com; Minne, Jacob J.O.; Lee, Lisa S. |
| **Subject:** | RE: Oracle USA, Inc., v. Rimini Street, Inc., (No. 10-cv-0106-LRH-VCF)--Correspondence |

Counsel,

We are writing in response to issues raised in your August 5th letter regarding custodial document productions.

Rimini's obligation under the Court's order and the discovery rules is to identify and produce relevant documents in a timely manner.  Rimini's continued insistence that it has no obligation to produce documents until the close of fact discovery is contrary to the federal rules.

Rimini's unilateral attempt to very narrowly circumscribe the custodial document discovery is also improper.  The injunction here issued because Rimini was found liable for infringing 93 Oracle copyrights.  Rimini is the subject of a federal permanent injunction that is designed to halt this copyright infringement.  As in both Rimini I and Rimini II, custodial documents are highly relevant to an understanding of Rimini's practices, infringement and intent. The judge's order does not limit the number of custodial documents that Rimini is obligated to review and produce.

First, Oracle does not agree that Rimini may unilaterally limit its production to only six custodians, where Oracle's limited set of proposed custodians is clearly relevant to the issues at hand.  Indeed, the magnitude of Rimini's attempted reduction is staggering, amounting to a reduction by roughly ten times the number of custodians in Rimini I (*i.e.*, 55) and Rimini II (*i.e.*, 50).  This is especially so given Rimini's failure to provide Oracle with any documents returned, let alone information about how each search term yielded the hit counts provided, even though providing this information would create no burden whatsoever for Rimini, and not providing this information hinders transparency and drives up the costs of this litigation.

Second, Rimini's argument that the number of custodial documents must be "reduced drastically" to just 20,000 to 30,000 documents lacks any justification, is out of line with the needs of this case, and would undoubtedly prevent Oracle from obtaining relevant documents.  After almost a decade of litigation, Rimini is well aware that the issues in this dispute are necessarily document-intensive.  Indeed, Rimini has already produced over 10 million documents to date.  In fact, at least 18 third-parties in Rimini II produced more than 30,000 documents in response to a subpoena, with numerous non-parties producing more than 100,000 documents.  Thus, for Rimini to suggest here that anything more than 30,000 documents would somehow be unduly burdensome is simply not supported by the reality of this case.

Contrary to Rimini's suggestion, Oracle has made numerous attempts to refine the set of keywords proposed, both before and after they were submitted to Rimini.  Omitted from Rimini's letter is the fact that by failing to produce any

1

documents for preliminary review or provide information about which keywords overlap with one another, Rimini is attempting to force Oracle to accept a sweeping reduction in document production without sufficient visibility into the impact on substance.

Nonetheless, in a final effort to avoid motion practice and move toward actually receiving the discovery that the Court has ordered, Oracle submits an additional 18 proposed keywords refinements, included below.  If Rimini wishes to make a counterproposal about search terms based on its review of existing documents, Oracle will consider that proposal to the extent it is able.  With respect to the list of custodians, the parties appear to be joined and Oracle is prepared to move for relief beyond the six custodians Rimini has agreed to produce.  Please confirm that Rimini remains unwilling to produce beyond these six custodians.  Please also confirm that Rimini will immediately begin producing documents for the following six custodians while the parties seek resolution from the Court: Jim Benge, Ron Teegarden, Seth Ravin, Nancy Lyskawa, Rick Frank, and Don Sheffield.

Accordingly, please respond by no later than Tuesday at 5:00 pm along with a detailed schedule that includes the specific dates on which Rimini will produce these documents.  If the parties are unable to resolve the dispute concerning search terms and custodians by that point, Oracle intends to seek relief from the court.  Oracle asks that Rimini consent to a shortened schedule where Rimini's response would be due one week after Oracle files its motion and Oracle's reply would be due three days thereafter.

**Proposal to drop the following terms, which you requested that Oracle narrow in your July 26th e-mail, as to only custodians Ravin, Lyskawa, and Grady:**
1. [Automated Framework-15 (as modified in 2019-08-02 letter)] diff, diffs
2. [Copy-paste-delete-10] delet*
3. [Development-02 (as modified in 2019-08-02 letter)] build, builds
4. [Policies and marketing-18] benefit*
5. [Remote Hosting-01] Local*
6. [Updates-02 (as modified in 2019-08-02 letter)] Reg, regs, regu*  [Note:  We are not dropping rs19*, j??f, j??p, p??f, or p??p]
7. [Updates-13] updat*
8. [Updates-29 (as modified in 2019-08-02 letter)] mod, modif*
9. [Updates-38] update*

**Proposal to drop the following terms, which you requested that Oracle narrow in your July 26th e-mail, as to all custodians:**
10. [Database-01] Databas*
11. [Database-02] ODB*
12. [Database-03] db*
13. [Siebel-01] Siebel*
     * Please note that Oracle reserves all rights to move for an order to show cause as to Oracle Database and Siebel, despite its willingness to drop these terms solely for the purpose of expediting the custodial search.

**Proposal to modify the following terms, which you requested that Oracle narrow in your July 26th e-mail, for all custodians:**
14. [Environments-01] Env* -> "Env* and not SAP"
15. [Environments-04] development -> "development and not SAP"
16. [Oracle-01] Oracle* -> "Oracle* and legal*" , "Oracle* and infring*" , "Oracle* and copyright*" , "Oracle* and lawsuit*" , "Oracle* and liab*"
17. [Policies and marketing-18] benefit* -> "benefit* and software", "benefit* and copy*"
18. [Updates-01] Tax* -> "Tax* and not SAP"

**David R. Kocan**
**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1323 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
david.kocan@morganlewis.com | www.morganlewis.com
Assistant: Alice Caracciolo | +1.415.442.1539 | alice.caracciolo@morganlewis.com

---

**From:** Tryck, Jennafer M. <JTryck@gibsondunn.com>
**Sent:** Monday, August 5, 2019 7:37 PM
**To:** \*\*\* Rimini I Oracle Service List - (External) <RiminiIOracleServiceList@gibsondunn.com>
**Cc:** \*\*\* Rimini I GDC Team <RiminiIGDCTeam@gibsondunn.com>
**Subject:** Oracle USA, Inc., v. Rimini Street, Inc., (No. 10-cv-0106-LRH-VCF)--Correspondence

[EXTERNAL EMAIL]
Counsel,

Please see attached correspondence.

Regards,
Jenny


**Jennafer Tryck**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.4089 • Fax +1 949.475.4789
JTryck@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.