| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>MARK A. PERRY (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  11101<br>Telephone: 202.955.8500<br>mperry@gibsondunn.com | RIMINI STREET, INC.<br>DANIEL B. WINSLOW (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566<br>Telephone: (925) 264-7736<br>dwinslow@riministreet.com |
| GIBSON, DUNN & CRUTCHER LLP<br>JEFFREY T. THOMAS (*pro hac vice*)<br>BLAINE H. EVANSON (*pro hac vice*)<br>JOSEPH A. GORMAN (*pro hac vice*)<br>CASEY J. MCCRACKEN (*pro hac vice*)<br>3161 Michelson Drive<br>Irvine, CA  92612-4412<br>Telephone: 949.451.3800<br>jtthomas@gibsondunn.com<br>bevanson@gibsondunn.com<br>jgorman@gibsondunn.com<br>cmccracken@gibsondunn.com | RIMINI STREET, INC.<br>JOHN P. REILLY (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: (336) 908-6961<br>jreilly@riministreet.com<br><br>HOWARD & HOWARD ATTORNEYS PLLC<br>W. WEST ALLEN (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV 89169<br>Telephone: (702) 667-4843<br>wwa@h2law.com |
| GIBSON, DUNN & CRUTCHER LLP<br>SAMUEL LIVERSIDGE (*pro hac vice*)<br>ERIC D. VANDEVELDE (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone: 213.229.7000<br>sliversidge@gibsondunn.com<br>evandevelde@gibsondunn.com | |

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>            Plaintiffs,<br><br>     v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>            Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>**DECLARATION OF JENNAFER M. TRYCK IN SUPPORT OF RIMINI STREET, INC.'S OPPOSITION TO ORACLE'S MOTION TO COMPEL** |

I, Jennafer Tryck, declare as follows:

1. I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, and I am one of the attorneys responsible for the representation of Defendants Rimini Street, Inc. ("Rimini") and Seth Ravin in the above-captioned case. I submit this declaration in support of Rimini's Opposition to Oracle's Motion to Compel re Post-Injunction Requests for Production. Unless noted otherwise, the facts stated in this declaration are based on my personal knowledge, and if called and sworn as a witness, I would and could testify competently to them.

2. To date, Rimini has produced over 85,000 documents (144,672 pages) of primarily non-custodial documentation in this contempt proceeding.

3. In addition, Rimini provided Oracle with access credentials to its two software development database platforms—DevTrack and Jira. These databases are used by Rimini developers and contain information regarding the development and testing of Rimini's updates. Oracle has access to those databases for all relevant PeopleSoft and JD Edwards updates after the Injunction went into effect.

4. Rimini has also produced documents relating to its proprietary AFW tools. Rimini's AFW tools are software programs developed by Rimini to expedite its development of PeopleSoft updates for its clients. Rimini produced (1) all source code for the AFW tools, showing all updates since November 5, 2018; (2) the entire AFW database (after November 5, 2018), which contains records of every transaction a Rimini engineer performed with the AFW tools, including what files were sent to which clients, by whom, and the date and time sent; and (3) all AFW Monitor logs, again showing all use of the tools.

5. Rimini is currently in the process of producing the records in its customer relations database, Salesforce, which contains records of communications between Rimini and its clients regarding their support "tickets," communications about those tickets, and the resolution of those tickets.

6. Rimini has produced documents on a rolling basis, having already made seven productions from July 12 through August 26. Rimini has never objected to producing documents in this manner.

7. Oracle asks the Court to order Rimini to review all documents that hit on 246 search terms, across 19 custodians. Oracle has not named one of its 19 custodians, but when Rimini runs Oracle's 246 search terms across the 18 named custodians, the terms generate 343,489 document hits. Once document families are included, this collection translates into a proposed review set of 780,369 documents. And this number will necessarily increase if Oracle is permitted to name a nineteenth custodian.

8. Based on the average pace of custodial document review in the *Rimini I* and *Rimini II* cases, Rimini estimates that a typical first-level document reviewer can review somewhere between 25 and 50 Rimini custodial documents in an hour, depending on the complexity of the documents (*i.e.*, approximately 1,000–2,000 documents in a week). It would take a team of 10 document reviewers between 38 and 77 weeks to complete only a first-level review of Oracle's proposed document set. A quality control review would add additional weeks, and a privilege review would require approximately four more weeks for each set of 20,000 potentially privileged documents.

9. Rimini is now reviewing 39,412 custodial documents for production, and has agreed to produce responsive, non-privileged documents on a rolling basis.

10. Rimini has already produced emails from department leads and its CEO explaining what process changes were to be made in response to the Injunction.

11. Attached as to this Declaration as **Exhibit 1** is a true and correct copy of a letter from Casey McCracken to Kathleen Hartnett dated July 10, 2019.

12. Attached as to this Declaration as **Exhibit 2** is a true and correct copy of an email chain with the latest email from Jennafer Tryck to Oracle's counsel dated August 13, 2019.

13. Attached as to this Declaration as **Exhibit 3** is a true and correct copy of an email chain with the latest email from Jennafer Tryck to Oracle's counsel dated July 29, 2019.

14. Attached as to this Declaration as **Exhibit 4** is a true and correct copy of a letter from Jennafer Tryck to Jacob Minne dated August 5, 2019.

15. Attached as to this Declaration as **Exhibit 5** is a true and correct copy of a letter from Jennafer Tryck to John Polito dated August 19, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on August 26, 2019, at Irvine, California.

_____
Jennafer M. Tryck

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

DATED: August 26, 2019

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Eric D. Vandevelde*
Eric D. Vandevelde

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*