# EXHIBIT 1
# 2019.07.10 - Ltr to K. Hartnett re 7.03.19 M&C re Scope of Discovery

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

3161 Michelson Drive
Irvine, CA 92612-4412
Tel 949.451.3800
www.gibsondunn.com

Casey J. McCracken
Direct: +1 949.451.3932
Fax: +1 949.475.4772
CMcCracken@gibsondunn.com

Client: 79957-00020

July 10, 2019

VIA E-MAIL (khartnett@bsfllp.com)

Kathleen R. Hartnett, Esq.
Boies, Schiller & Flexner LLP
44 Montgomery Street, 41st Floor
San Francisco, CA  94104

Re:   Oracle USA, Inc. v. Rimini Street, Inc.
      No. 2:10-cv-00106-LRH-VCF (D. Nev.)

Dear Ms. Hartnett:

We were disappointed to learn during our meet-and-confer teleconference on July 3, 2019, that Oracle believes that the list of accused conduct it served on June 28, 2019, does not limit the scope of discovery to the issues Oracle identified.[1]  We respectfully disagree.  Consistent with the Court's June 21, 2019 Order, Oracle's June 28 submission sets forth Oracle's contentions and informs the scope of discovery.  As a result, among other things, since Oracle only accused conduct related to PeopleSoft and JD Edwards, discovery solely related to other product lines is outside the bounds of the discovery ordered by the Court on June 21.[2]

A plain reading of Judge Ferenbach's Post Injunction Discovery Scheduling Order (ECF No. 1232) establishes that discovery is limited to the processes accused in Oracle's June 28 submission.  The order states:

> Oracle claims that discovery in *Rimini II* shows that Rimini's conduct through February 28, 2018, (the discovery cutoff for *Rimini II*), if continued after Judge Hicks' injunction, effective November 5, 2018, "would clearly violate" that injunction.  Rimini denies this.  ***The claims and defenses of this dispute will define the scope of discovery under the plan set forth below***.

---

[1]  On the call, Oracle referred to its list as a "non-exhaustive" list of the "top five" practices Oracle believes would be contumacious.

[2]  Rimini reserves all rights to object to Oracle's list of alleged Rimini support practices, including without limitation on the grounds that the practices are not described with the requisite specificity and/or were not adjudicated in *Rimini I*.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

Kathleen R. Hartnett, Esq.
July 10, 2019
Page 2

ECF No. 1232 at 1 (emphasis added).  The Court then set forth "below" a procedure in which Oracle would provide "a list describing conduct disclosed in *Rimini II* (including cross-use and cloud hosting) which Oracle contends would violate Judge Hicks' injunction if it continued after the injunction was effective."  *Id.* at 2.  Rimini must then "respond to each item listed, confirming or denying" the accusations by August 5, 2019.  *Id.*

The only reasonable way to read that Order is to conclude that the June 28 "list" of accused conduct constitutes Oracle's "claims" that "define the scope of discovery under the plan" set forth by the Court.  Indeed, this reading comports with the history of the parties' joint submissions to the Court that led up to the Post Injunction Discovery Scheduling Order, in which Rimini repeatedly requested that the Court order Oracle to disclose its allegations regarding the specific conduct Oracle believes is contumacious so that the parties could properly define the universe of relevant materials for discovery.  *See*, *e.g.*, ECF No. 1231 at 23–24 ("Typically, contempt discovery does not begin until a complaining party sets forth its allegations regarding the allegedly contumacious conduct, which define the scope of discovery.").  Oracle's position, by contrast, would render the June 28 and August 5 submissions virtually meaningless.

Consistent with the Court's Order, Rimini will limit its discovery responses and productions to the conduct identified in Oracle's June 28 submission.

Sincerely,

*Casey McCracken* (signature)

Casey J. McCracken

CJM/scw