# EXHIBIT 2
# 2019.08.13 – J. Tryck Email to D. Kocan

| | |
|---|---|
| **From:** | Tryck, Jennafer M. |
| **Sent:** | Tuesday, August 13, 2019 6:58 PM |
| **To:** | 'Kocan, David R.'; McCracken, Casey J.; McKonly, Amber; Evanson, Blaine H.; Long, Brett; Whittaker, Chris; Vandevelde, Eric D.; Gorman, Joseph A.; Thomas, Jeffrey T.; Perry, Mark A.; Liversidge, Samuel; Morgan, Tracy A.; Thompson, Arlene R.; Weaver, Cynthia; Mathur, Shaun; Christiansen, Jeremy M. |
| **Cc:** | [EXT] Hill, Zachary S.; [EXT] Polito, John A.; [EXT] Reblitz-Richardson, Beko; [EXT] Rodriguez, Sean; ajensen@BSFLLP.com; benjamin.smith@morganlewis.com; KDunn@BSFLLP.com; sharon.smith@morganlewis.com; Wisaacson@BSFLLP.com; [EXT] Schlabach, Gabriel; sungar@bsfllp.com; tle@bsfllp.com; david.kocan@morganlewis.com; khartnett@bsfllp.com; rpocker@bsfllp.com; jacob.minne@morganlewis.com; [EXT] Lee, Lisa S. |
| **Subject:** | RE: Oracle USA, Inc., v. Rimini Street, Inc., (No. 10-cv-0106-LRH-VCF)--Correspondence |
| **Attachments:** | 2019.08.13_Search Terms and Custodians.xlsx |

Counsel,

Rimini wants—and has been trying for over a month—to work with Oracle to reach a pragmatic, reasonable approach for custodial document review that provides Oracle the information it says it needs but does not result in Rimini having to collect, process, and review an unreasonable and unmanageable amount of information (much of which is irrelevant). The Court did not envision, nor order, discovery of this magnitude, and such discovery is not possible within the timeframe permitted by the Court. For this accelerated discovery process to be successful, Oracle needs to work with Rimini, including by demonstrating a willingness to take reasonable compromise positions, as we have done with Oracle. On multiple occasions, we have informed Oracle that the most relevant information to this proceeding will come from *non-custodial* sources (which show the work Rimini's engineers have actually performed since November 2018). We have already produced, are in the process of producing, and have offered to produce, substantial volumes of data and materials from these sources. *Custodial* sources, which show, at most, communications *about* engineers' work, but not the work itself, are largely irrelevant. That being said, we are willing to accommodate Oracle's custodial discovery requests, but such discovery needs to be narrowly targeted. To date, Oracle has taken unreasonable positions on the number of custodians and the vastly overbroad search terms it expects Rimini to use. Those search terms result in a document universe of hundreds of thousands of documents to review. The time and cost required to review such a large volume of documents is simply unworkable for this proceeding.

Oracle's persistent refusal to provide reasonable search terms that will narrowly target the issues in this proceeding has significantly delayed Rimini's ability to begin reviewing custodial documents. We have repeatedly asked Oracle to, *at minimum*, provide its highest-priority custodians and highest-priority search terms that would result in a manageable volume of discovery (even if Oracle wants to continue debating other aspects of custodial discovery). If Oracle would provide Rimini with its highest-priority custodians and search terms that result in 20,000–30,000 document hits, Rimini could immediately start reviewing and producing from that set of documents (again, even while the parties discuss other aspects of custodial discovery). To date, Oracle has refused these requests. Instead, Oracle complains that Rimini's request that the custodial review set be reduced to 20,000–30,000 document hits "lacks any justification," and cites to the large number of documents produced in *Rimini I* and *Rimini II*; but discovery in those cases took many *years*. In this post-trial proceeding (lasting only a few months), there simply is no time to collect, review, and produce such an unnecessarily large volume of documents.

Rimini has already advised Oracle which custodians Rimini believes would be most likely to have relevant information. Oracle has disregarded that information. *Compare* Aug. 5, 2019 Ltr. from J. Tryck to J. Minne (describing Michael Jacob as most likely to have relevant information concerning the JD Edwards 2018 year-end update); *and* Aug. 11, 2019 Email from D. Kocan (omitting Michael Jacob from list of custodians in lieu of two Rimini executives and an

additional engineer who was not one of Oracle's "priority" custodians).  And despite warning Oracle that Rimini executives are less likely to have relevant information concerning process changes after November 5, 2018, Rimini agreed to let Oracle choose two executives as priority custodians.  Rimini also provided Oracle with multiple rounds of granular detail about the results of Oracle's proposed (and vastly overbroad) search terms.  In addition, as Oracle itself notes, it has been litigating against Rimini for nearly a decade and has over 10 million documents (and many terabytes of technical and other data).  Thus, Oracle already has all the information it needs to make intelligent decisions about which custodians and search terms to prioritize in order to obtain the information required to prove the allegations from its June 28 letter.

Because Oracle appears unwilling to meet and confer in good faith on reasonable search terms (or even to inform Rimini of its highest-priority terms that would result in a manageable volume of documents), and in light of the limited time remaining for fact discovery, Rimini has identified from Oracle's latest round of search terms a subset of terms that hit on a reasonable number of documents.  Those search terms and hit counts are included in the attached spreadsheet and highlighted in green.  Rimini will proceed to review these documents for responsiveness and privilege unless it receives from Oracle by <u>Thursday, August 15 at 5:00 p.m. (Pacific)</u> an alternative set of search terms that (based on the information Rimini has provided in the attached spreadsheet) generate less than 30,000 document hits.

For the reasons stated in prior correspondence (*see* Aug. 5, 2019 Ltr. from J. Tryck to J. Minne), Rimini does not agree that Oracle is entitled to more than 6 custodians, nor that executive custodians are warranted for this proceeding.  Oracle complains that Rimini is attempting to reduce the number of custodians to 1/10th of the custodians in *Rimini I* and *Rimini II*, but in fact that makes perfect sense here, where the discovery period is roughly 1/10th the length of discovery in both those cases.  Nevertheless, to avoid further dispute over custodians, Rimini agrees to include in its review the six custodians identified in Oracle's August 11 email (Jim Benge, Ron Teegarden, Seth Ravin, Nancy Lyskawa, Rick Frank, and Don Sheffield).

Finally, as stated in prior communications, Rimini will not agree to review the same document more than once.  There is no time for multiple reviews, and such reviews of the same materials would be extremely wasteful and burdensome.  Oracle should thus serve any additional RFPs by no later than <u>Thursday, August 15, at 5:00 p.m. (Pacific)</u>, so that those requests can be included in Rimini's review.  Rimini will produce documents on a rolling basis.

If Oracle intends to seek Court intervention on custodians or custodial productions, and would like to expedite briefing, please propose a schedule including the dates on which Oracle intends to file its motion, and on which responsive briefs would be due.

Regards,
Jenny

**Jennafer Tryck**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.4089 • Fax +1 949.475.4789
JTryck@gibsondunn.com • www.gibsondunn.com

---

**From:** Kocan, David R. <david.kocan@morganlewis.com>
**Sent:** Sunday, August 11, 2019 11:01 AM
**To:** McCracken, Casey J. <CMcCracken@gibsondunn.com>; McKonly, Amber <AMcKonly@gibsondunn.com>; Evanson, Blaine H. <BEvanson@gibsondunn.com>; Long, Brett <BLong@gibsondunn.com>; Whittaker, Chris <CWhittaker@gibsondunn.com>; Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; Gorman, Joseph A. <JGorman@gibsondunn.com>; Tryck, Jennafer M. <JTryck@gibsondunn.com>; Thomas, Jeffrey T.

<JTThomas@gibsondunn.com>; Perry, Mark A. <MPerry@gibsondunn.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>; Morgan, Tracy A. <TMorgan2@gibsondunn.com>; Thompson, Arlene R. <AThompson@gibsondunn.com>; Weaver, Cynthia <CWeaver@gibsondunn.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Christiansen, Jeremy M. <JChristiansen@gibsondunn.com>
**Cc:** [EXT] Hill, Zachary S. <zachary.hill@morganlewis.com>; [EXT] Polito, John A. <John.polito@morganlewis.com>; [EXT] Reblitz-Richardson, Beko <brichardson@bsfllp.com>; [EXT] Rodriguez, Sean <srodriguez@bsfllp.com>; ajensen@BSFLLP.com; benjamin.smith@morganlewis.com; KDunn@BSFLLP.com; sharon.smith@morganlewis.com; Wisaacson@BSFLLP.com; [EXT] Schlabach, Gabriel <gschlabach@bsfllp.com>; sungar@bsfllp.com; tle@bsfllp.com; david.kocan@morganlewis.com; khartnett@bsfllp.com; rpocker@bsfllp.com; jacob.minne@morganlewis.com; [EXT] Lee, Lisa S. <lisa.lee@morganlewis.com>
**Subject:** RE: Oracle USA, Inc., v. Rimini Street, Inc., (No. 10-cv-0106-LRH-VCF)--Correspondence

[External Email]
Counsel,

We are writing in response to issues raised in your August 5th letter regarding custodial document productions.

Rimini's obligation under the Court's order and the discovery rules is to identify and produce relevant documents in a timely manner. Rimini's continued insistence that it has no obligation to produce documents until the close of fact discovery is contrary to the federal rules.

Rimini's unilateral attempt to very narrowly circumscribe the custodial document discovery is also improper. The injunction here issued because Rimini was found liable for infringing 93 Oracle copyrights. Rimini is the subject of a federal permanent injunction that is designed to halt this copyright infringement. As in both Rimini I and Rimini II, custodial documents are highly relevant to an understanding of Rimini's practices, infringement and intent. The judge's order does not limit the number of custodial documents that Rimini is obligated to review and produce.

First, Oracle does not agree that Rimini may unilaterally limit its production to only six custodians, where Oracle's limited set of proposed custodians is clearly relevant to the issues at hand. Indeed, the magnitude of Rimini's attempted reduction is staggering, amounting to a reduction by roughly ten times the number of custodians in Rimini I (i.e., 55) and Rimini II (*i.e.*, 50). This is especially so given Rimini's failure to provide Oracle with any documents returned, let alone information about how each search term yielded the hit counts provided, even though providing this information would create no burden whatsoever for Rimini, and not providing this information hinders transparency and drives up the costs of this litigation.

Second, Rimini's argument that the number of custodial documents must be "reduced drastically" to just 20,000 to 30,000 documents lacks any justification, is out of line with the needs of this case, and would undoubtedly prevent Oracle from obtaining relevant documents. After almost a decade of litigation, Rimini is well aware that the issues in this dispute are necessarily document-intensive. Indeed, Rimini has already produced over 10 million documents to date. In fact, at least 18 third-parties in Rimini II produced more than 30,000 documents in response to a subpoena, with numerous non-parties producing more than 100,000 documents. Thus, for Rimini to suggest here that anything more than 30,000 documents would somehow be unduly burdensome is simply not supported by the reality of this case.

Contrary to Rimini's suggestion, Oracle has made numerous attempts to refine the set of keywords proposed, both before and after they were submitted to Rimini. Omitted from Rimini's letter is the fact that by failing to produce any documents for preliminary review or provide information about which keywords overlap with one another, Rimini is attempting to force Oracle to accept a sweeping reduction in document production without sufficient visibility into the impact on substance.

Nonetheless, in a final effort to avoid motion practice and move toward actually receiving the discovery that the Court has ordered, Oracle submits an additional 18 proposed keywords refinements, included below. If Rimini wishes to make

a counterproposal about search terms based on its review of existing documents, Oracle will consider that proposal to the extent it is able.  With respect to the list of custodians, the parties appear to be joined and Oracle is prepared to move for relief beyond the six custodians Rimini has agreed to produce.  Please confirm that Rimini remains unwilling to produce beyond these six custodians.  Please also confirm that Rimini will immediately begin producing documents for the following six custodians while the parties seek resolution from the Court: Jim Benge, Ron Teegarden, Seth Ravin, Nancy Lyskawa, Rick Frank, and Don Sheffield.

Accordingly, <u>please respond by no later than Tuesday at 5:00 pm</u> along with a detailed schedule that includes the specific dates on which Rimini will produce these documents.  If the parties are unable to resolve the dispute concerning search terms and custodians by that point, Oracle intends to seek relief from the court.  Oracle asks that Rimini consent to a shortened schedule where Rimini's response would be due one week after Oracle files its motion and Oracle's reply would be due three days thereafter.

**Proposal to drop the following terms, which you requested that Oracle narrow in your July 26th e-mail, as to only custodians Ravin, Lyskawa, and Grady:**
1. [Automated Framework-15 (as modified in 2019-08-02 letter)] diff, diffs
2. [Copy-paste-delete-10] delet*
3. [Development-02 (as modified in 2019-08-02 letter)] build, builds
4. [Policies and marketing-18] benefit*
5. [Remote Hosting-01] Local*
6. [Updates-02 (as modified in 2019-08-02 letter)] Reg, regs, regu*  [Note:  We are not dropping rs19*, j??f, j??p, p??f, or p??p]
7. [Updates-13] updat*
8. [Updates-29 (as modified in 2019-08-02 letter)] mod, modif*
9. [Updates-38] update*

**Proposal to drop the following terms, which you requested that Oracle narrow in your July 26th e-mail, as to all custodians:**
10. [Database-01] Databas*
11. [Database-02] ODB*
12. [Database-03] db*
13. [Siebel-01] Siebel*

*\* Please note that Oracle reserves all rights to move for an order to show cause as to Oracle Database and Siebel, despite its willingness to drop these terms solely for the purpose of expediting the custodial search.*

**Proposal to modify the following terms, which you requested that Oracle narrow in your July 26th e-mail, for all custodians:**
14. [Environments-01] Env* -> "Env* and not SAP"
15. [Environments-04] development -> "development and not SAP"
16. [Oracle-01] Oracle* -> "Oracle* and legal*" , "Oracle* and infring*" , "Oracle* and copyright*" , "Oracle* and lawsuit*" , "Oracle* and liab*"
17. [Policies and marketing-18] benefit* -> "benefit* and software", "benefit* and copy*"
18. [Updates-01] Tax* -> "Tax* and not SAP"

**David R. Kocan**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1323 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
david.kocan@morganlewis.com | www.morganlewis.com
Assistant: Alice Caracciolo | +1.415.442.1539 | alice.caracciolo@morganlewis.com

**From:** Tryck, Jennafer M. <JTryck@gibsondunn.com>
**Sent:** Monday, August 5, 2019 7:37 PM
**To:** *** Rimini I Oracle Service List - (External) <RiminiIOracleServiceList@gibsondunn.com>
**Cc:** *** Rimini I GDC Team <RiminiIGDCTeam@gibsondunn.com>
**Subject:** Oracle USA, Inc., v. Rimini Street, Inc., (No. 10-cv-0106-LRH-VCF)--Correspondence

[EXTERNAL EMAIL]
Counsel,

Please see attached correspondence.

Regards,
Jenny


**Jennafer Tryck**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.4089 • Fax +1 949.475.4789
JTryck@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.