GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC  11101
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

*Attorneys for Defendants*
*Rimini Street, Inc., and Seth Ravin*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | CASE NO. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI STREET, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES RE: ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S MOTION TO COMPEL RE POST-INJUNCTION REQUESTS FOR PRODUCTION AND EXHIBITS TO THE DECLARATION OF DAVID R. KOCAN** |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Rimini Street, Inc. ("Rimini") submits this Memorandum of Points and Authorities re: Oracle's Motion to Seal Portions of Oracle's Motion to Compel re Post-Injunction Requests for Production ("Oracle's Motion") and Exhibits to the Declaration of David R. Kocan ("Kocan Declaration"). *See* ECF No. 1238. This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*. *See*, *e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228; *see also Rimini II*, Case No. 2:14-cv-1699, ECF Nos. 127, 137, 222, 280–282, 287, 333–334, 371, 391, 434–436, 602, 625–628, 760–768, 836–849, 1122, 1191. Certain portions of Oracle's Motion and Exhibits 4 and 21 to the Kocan Declaration contain information Rimini has designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure. Good cause exists to seal the documents in question because they contain highly confidential information about Rimini's proprietary processes.

## I.  ARGUMENT

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Rimini has designated as confidential certain documents filed in support of Oracle's Motion because they contain confidential information about Rimini's proprietary processes.

**A.  Highly Confidential Information About Rimini's Proprietary Processes**

Rimini moves to seal proprietary information regarding the ways in which Rimini provides services to its clients and runs its business operations. This information is reflected in portions of Oracle's Motion and Exhibits 4 and 21 to the Kocan Declaration.

Exhibits 4 and 21 contain detailed information about Rimini's proprietary technical processes. Rimini designated each of these documents as highly confidential. Under the

Protective Order, "all non-public information" regarding "business plans" or "proprietary technical information and specifications" are properly designated confidential, and "extremely sensitive . . . non-public information" including trade secrets are properly designated as highly confidential. Exhibit 4 contains information regarding Rimini's proprietary technical support processes. Exhibit 21 similarly includes proprietary information regarding Rimini's technical support processes and policies. Disclosure of this information, whether in the exhibits themselves, or in the portion of Oracle's Motion discussing the exhibits, would advantage Rimini's competitors, disclosing trade secrets that would allow Rimini's competitors to adopt methods that have made Rimini successful, and more easily allow them to compete in the third-party software service marketplace. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 105793, at *2 (D. Nev. Jan. 7, 2015) (granting motion to seal where documents "contain[ed] information that could injure Plaintiffs' competitive posture in the . . . industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice, trade secret, and technical information that could injure the parties' competitive posture"); *Clark v. Metro. Life Ins. Co.*, 2010 WL 1006823, at *1 (D. Nev. Mar. 16, 2010) (granting motion to seal materials that would "bring attention to MetLife's confidential internal business deliberations, organization, and capabilities").

This Court has previously granted motions to file under seal portions of documents containing this type of confidential information. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228; *see also Rimini II*, Case No. 2:14-cv-1699, ECF No. 627. Sealing references to Rimini's proprietary information will not frustrate the public's visibility into the judicial process because Rimini requests the targeted sealing of particularly sensitive information and leaves all other documents unsealed.

//
//
//
//

## II.     CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court grant leave to file under seal certain portions of Oracle's Motion and Exhibits 4 and 21 to the Kocan Declaration.

Dated: August 27, 2019

                                            GIBSON, DUNN & CRUTCHER LLP

                                            By:   /s/ Eric D. Vandevelde
                                                          Eric D. Vandevelde

*Attorneys for Defendants*
*Rimini Street, Inc., and Seth Ravin*

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

Dated: August 27, 2019

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Eric D. Vandevelde
Eric D. Vandevelde

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*