# Exhibit 4
# Letter from David R. Kocan to Eric D. Vandevelde dated August 28, 2019
# REDACTED

# Morgan Lewis

**David R. Kocan**
Associate
+1.415.442.1323
david.kocan@morganlewis.com


Eric D. Vandevelde
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7186
Fax +1 213.229.6186
EVandevelde@gibsondunn.com


August 28, 2019


Re: Notice Regarding Preservation of Electronic Evidence

Eric:

This letter responds to your August 26, 2019 letter rejecting Oracle's demand that Rimini preserve and produce critically relevant software files distributed to Oracle customers and related information that had been located on ███████████████. It also responds to the portion of Casey McCracken's email of this morning confirming that the "design and purpose" of Rimini's ███ ████████ was to systematically delete evidence of the updates provided to its clients by deleting materials from ████████████████████████████████████ ██████████████

Rimini's ██████████ apparently has been deleting relevant evidence from ████████████ daily since the Injunction took effect. Oracle was not able to confirm this until August 20, 2019 (one day before Oracle's letter demanding preservation), when Rimini produced post-Injunction ████████████████ concerning this function. No fewer than ███████████ contain the phrase ██████████████ (emphasis added). Oracle immediately sent the August 21, 2019 letter demanding an explanation and that this spoliation cease.

In our August 21, 2019 letter, we asked Rimini to confirm by no later than August 26, 2019 "in writing the date on which Rimini disabled or will disable this function." Rather than refute that Rimini is destroying evidence, your August 26th letter seeks to excuse Rimini's spoliation by reference to Oracle's prior efforts to determine if spoliation was occurring. Rimini's non-response is unacceptable and indicates that Rimini has not disabled this deletion function. Accordingly, Oracle reasserts its demand that Rimini immediately disable this deletion function. Oracle asks that Rimini confirm in writing the date on which Rimini disabled or will disable this function by no later than 12:00 PM Pacific tomorrow, Thursday, August 29, 2019.

As your letter acknowledges, Oracle brought to Rimini's attention the fact that Rimini might be deleting materials from ████████████ in late 2018. At the time, Rimini affirmatively assured Oracle that it had not prevented Oracle from receiving relevant documents because "the

**Morgan, Lewis & Bockius** LLP

One Market
Spear Street Tower
San Francisco, CA 94105-1596   **T** +1.415.442.1000
United States   **F** +1.415.442.1001

August 28, 2019
Page 2

transferred materials remain in their preexisting locations on Rimini's systems and, to the best of Rimini's knowledge, have been produced in this litigation." Rimini 8/26/19 letter (quoting Rimini 12/10/18 letter). The ███████████ produced for the first time on August 20, 2019 document that Rimini's systematic deletion of files transferred to its Oracle customers continued after the Injunction took effect. Moreover, Rimini has not produced all post-Injunction "transferred materials" from any "preexisting locations," and does not claim to have done so or to have performed any other appropriate mitigation.

Rimini has an ongoing obligation to preserve all evidence relevant to this litigation under the Federal Rules and governing law. With respect to electronically stored information, under Federal Rule 37, a party has an affirmative duty to "suspend certain features of [a] routine operation to prevent the loss of information, if that information is subject to a preservation obligation." Rule 37 Committee Notes (2006). This duty is triggered automatically at the outset of any litigation. A "party is not permitted to exploit the routine operation of an information system to thwart discovery obligations by allowing that operation to continue in order to destroy specific stored information that it is required to preserve." *Id.*

To this end, Rimini has been obligated to take reasonable steps to disable this deletion function and preserve this obviously relevant evidence since the outset of this litigation. Oracle's letter to Rimini in 2018 only heightened this duty by putting Rimini on direct notice of the fact that Rimini might be deleting files on ██████████. Instead of taking reasonable steps to preserve, the ████████████ produced on August 20, 2019 document Rimini's intentional decision to continue deleting relevant evidence, thus depriving Oracle of information relevant to this litigation.

Rimini's ███████████ has increased in importance since the Injunction took effect, increasing the prejudice created by Rimini's apparent spoliation. Prior to the Injunction, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ For these and other reasons, Oracle needs for its expert analysis — and is entitled to — the ████████████████████ since the Injunction took effect and relevant information about those files (such as file paths and creation and modification dates). Rimini must provide these materials to Oracle immediately if it has them — on ██████████ or elsewhere. If Rimini no longer has these materials on ████████████ or elsewhere (contrary to its statements of preservation), then Rimini should clearly so state, so that Oracle can promptly seek relief from the Court for Rimini's spoliation. Rimini's withholding of these materials is significantly prejudicing Oracle.

By 12:00 PM Pacific tomorrow, Thursday, August 29, 2019, please inform us (1) whether Rimini has copies of all requested materials (meaning all files that are or had been located on Rimini's ██████████ post-Injunction, regardless whether they remain in that location or are located elsewhere) or (2) whether Rimini has deleted these materials in all locations and cannot produce them. If Rimini has copies of the requested materials, they must be produced (along with adequate metadata, including the file paths and creation and modification dates referenced above, at least sufficient to link the produced document to the corresponding document sent via ████) by 5:00 Pacific on Thursday, August 29, 2019, to prevent further prejudice to Oracle's preparation of its expert report. If Rimini does not have copies of all of the requested materials, Oracle will seek relief from the Court for Rimini's spoliation.

August 28, 2019
Page 3

We look forward to your response.

Sincerely,

/s/ David R. Kocan
David R. Kocan

DRK

C:      Jeremy M. Christiansen
        Blaine H. Evanson
        Joseph A, Gorman
        Samuel Liversidge
        Brett Long
        Shaun Mathur
        Amber McKonly
        Jacob O. Minne
        Tracy A. Morgan
        Mark A. Perry
        Jeffrey T. Thomas
        Eric D. Vandevelde
        Cynthia Weaver
        Chris Whittaker
        John A. Polito
        Benjamin P. Smith
        Sharon R. Smith
        Zachary S. Hill
        David R. Kocan
        Lisa S. Lee
        William Isaacson
        Karen Dunn
        Kathleen Hartnett
        Charis Redmond
        Sean Rodriguez
        Gabriel Schlabach
        Jenna Stokes
        Jennafer M. Tryck
        Ashleigh Jensen