# Exhibit 4
# Excerpts of Rule 28(j) Notices Filed in Appellate Case No. 18-16554

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Mark A. Perry
Direct: +1 202.887.3667
Fax: +1 202.530.9696
MPerry@gibsondunn.com

Client: 79957-00008

June 21, 2019

VIA ECF FILING

Molly Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re:     *Oracle USA, Inc. v. Rimini Street, Inc.*, No. 18-16554

Ms. Dwyer:

Oral argument in this appeal is scheduled for July 12, 2019 in Portland, Oregon. On behalf of Rimini Street, Inc. ("Rimini"), I am writing to advise the panel of recent developments in the district court that bear directly on one of the issues on appeal—the scope of the permanent injunction. We believe that in light of the circumstances here presented, the attachment constitutes "authority" within the meaning of FRAP 28(j); in the alternative, as a public filing that pertains to the issues on appeal, it is subject to judicial notice under FRE 201(b). *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

As previewed in Rimini's reply brief (at 20 n.*), Oracle has commenced discovery proceedings in the district court concerning Rimini's compliance with the injunction. *See* D.Ct. Dkt. 1199. On June 17, 2019, the parties filed a Joint Status Report and Submission Re: Discovery Plan (attached) that sheds additional light on the parties' respective views on the scope of the injunction. D.Ct. Dkt. 1231 at 5–7, 9–10, 14–19; *see also* D.Ct. Dkt. 1231-1 & 1231-4 (also attached). This information is relevant to the arguments presented on pages 31–47 of Rimini's opening brief (Dkt. 12), 32–44 of Oracle's responsive brief (Dkt. 23), and 13–22 of Rimini's reply brief (Dkt. 33). Among other things, Oracle now takes the position that the injunction prohibits practices that were not adjudicated as infringing in this case, or considered by this Court in the previous appeal (*e.g.*, D.Ct. Dkt. 1231 at 5–7; D.Ct. Dkt. 1231-1 at 6–7, 9; D.Ct. Dkt. 1231-4 at 2; Dkt. 23 at 40–41)—contradicting Oracle's previous representations to this Court (Dkt. 5 at 16–17; ER97; FER28) as well as the district court's order granting the injunction now under review. ER26 ("Oracle seeks to enjoin only acts that have already been determined to be unlawful, and which have been affirmed on appeal"). Counsel for Rimini will be prepared to discuss these issues further at oral argument.

Respectfully submitted,

*/s/ Mark A. Perry*

Mark A. Perry

MAP/dl

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

1301 Pennsylvania Avenue NW
Washington, D.C. 20004

Paul D. Clement
To Call Writer Directly:
(202) 389-5000
paul.clement@kirkland.com

(202) 389-5000

www.kirkland.com

Facsimile:
(202) 389-5200

June 27, 2019

**VIA ECF**

Molly Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Oracle USA, Inc. v. Rimini Street, Inc.*, No. 18-16554

Dear Ms. Dwyer:

The filings Rimini cites neither constitute "authority" under FRAP 28(j) nor identify any "contradicti[on]" in Oracle's position. As an initial matter, the only intervening authority here is the district court's decision to permit discovery into whether Rimini is in contempt of the injunction under review. *See* Dist.Ct.Dkts.1215, 1232. More broadly, Rimini's letter simply reflects Rimini's benighted view that the injunction is and must be limited to conduct specifically affirmed to be copyright infringement in this Court's initial opinion. That is not and has never been Oracle's position or the law; to the contrary, Oracle explained at length in its brief why that position is wrong.

This Court's initial opinion "committed" "the propriety or scope of any injunctive relief" on remand "to the district court's discretion." 879 F.3d 948, 964 (9th Cir. 2018). As Oracle explained in its brief, that left the district court free to enjoin *any* conduct it found infringing (or necessary to prevent continued infringement). *See* CA9.Dkt.23 at 32-41.

Oracle's position below, and the district court's holdings, have been fully consistent with this Court's decision, settled law, and the factual record. As Oracle has explained: (1) as to J.D. Edwards, Siebel, and Database, "this Court *did* decide that all of the conduct the district court enjoined was not authorized by the licenses"; and (2) as to PeopleSoft, while this Court did not address all of the conduct the district court found infringing, the district court was "entirely free" on remand "to abide by its earlier conclusion that cross-use is *not* permitted by the PeopleSoft licenses and to enjoin Rimini from 'us[ing] PeopleSoft software … on one licensee's computer systems to support … any other licensee." CA9.Dkt.23 at 38-39. The pages of Oracle's briefing that Rimini cites underscore both the consistency of Oracle's position and the inaccuracy of Rimini's accusations. *See, e.g.*, Dist.Ct.Dkt.1231 at 5 ("Rimini's claim that Oracle improperly

# KIRKLAND & ELLIS LLP

Molly Dwyer
June 27, 2019
Page 2

seeks discovery beyond the scope of practices prohibited by the *Rimini I* rulings is meritless."); *id.* at 6 ("Rimini's claim that Oracle has taken inconsistent positions regarding the scope of the Injunction is … incorrect").

                Respectfully submitted,

                s/Paul D. Clement
                Paul D. Clement

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Mark A. Perry
Direct: +1 202.887.3667
Fax: +1 202.530.9696
MPerry@gibsondunn.com

Client: 79957-00008

July 3, 2019

VIA ECF FILING

Molly Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Oracle USA, Inc. v. Rimini Street, Inc.*, No. 18-16554

Ms. Dwyer:

Oral argument in this appeal is scheduled for July 12, 2019, in Portland, Oregon. On behalf of Rimini Street, Inc. ("Rimini"), I am writing to advise the panel of additional developments in the district court that bear directly on the parties' arguments concerning the scope of the permanent injunction. On June 21, 2019, shortly after Rimini apprised this Court of the parties' joint submission regarding discovery (*see* Dkt. 43-1), the Magistrate Judge issued a Post-Injunction Discovery Scheduling Order (attached as Exhibit A); and on June 28, 2019, pursuant to that order, Oracle served a list (attached as Exhibit B) identifying five discrete practices that it contends are in violation of the injunction. Not one of those practices was adjudicated at trial or on appeal in *Rimini I*; all five are the subject of pending summary judgment motions in *Rimini II*. Counsel for Rimini will be prepared to discuss these issues further at oral argument.

Respectfully submitted,

/s/ Mark A. Perry

Mark A. Perry

MAP/dl

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Mark A. Perry
Direct: +1 202.887.3667
Fax: +1 202.530.9696
MPerry@gibsondunn.com

Client: 79957-00008

August 13, 2019

VIA ECF FILING

Molly Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: Oracle USA, Inc. v. Rimini Street, Inc., No. 18-16554

Dear Ms. Dwyer:

Oral argument in this appeal was heard on July 12, 2019, in Portland, Oregon, before Judges Tashima, Graber, and Owens.

Pursuant to Rule 28(j), Rimini Street, Inc. previously submitted Oracle's June 28, 2019 statement to the district court identifying five practices that Oracle alleges contravene the injunction the Court is considering in this appeal. *See* Dkt. 46-3. To complete the record, Rimini hereby submits its August 5, 2019 response to Oracle's statement regarding these five practices. *See* Exhibit A.

The Court's forthcoming decision in this appeal could moot or materially affect the course of all contempt-related proceedings in the district court. Accordingly, Rimini respectfully submits that the parties and the district court would greatly benefit from the issuance of the Court's decision, at least as to the validity and scope of the permanent injunction, by October 20, 2019—the deadline for Oracle to file any application in the district court regarding Rimini's compliance with the extant injunction (which has not been stayed pending appeal). *See* Dkt. 46-2.

Respectfully submitted,

*/s/ Mark A. Perry*

Mark A. Perry

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

# EXHIBIT A

Case: 19-15566, 03/20/2019, ID: 11235426, DktEntry: 4-2, Page 1 of 7
Case 2:10-cv-00106-LRH-VCF Document 1266 Filed: 09/20/19 Page 7 of 11

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Mark A. Perry
Direct: +1 202.887.3667
Fax: +1 202.530.9696
MPerry@gibsondunn.com

Client: 79957-00020

August 5, 2019

VIA ELECTRONIC MAIL

John A. Polito
Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596

Re: *Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 2:10-cv-0106-LRH-VCF (D. Nev.)

Dear Mr. Polito:

      Pursuant to the Court's June 21, 2019 Order (ECF No. 1232), Rimini responds to each of the five items in Oracle's June 28, 2019 letter describing "conduct disclosed in *Rimini II* (including cross-use and cloud hosting) which Oracle contends would violate Judge Hicks' injunction if it continued after the injunction was effective."

      Before providing an item-by-item response, we emphasize four global deficiencies in Oracle's June 28 letter.

      *First,* Oracle's letter does not assert that Rimini has engaged in either of the practices actually adjudicated in *Rimini I*—local hosting (*i.e.*, Rimini physically locating its clients' licensed Oracle software environments locally on Rimini's own computer systems) or "cross-use" (*i.e.*, "the making of development environments, under color of a license held by one identifiable customer of Rimini, for another identifiable customer of Rimini that also holds a license" or "for licensees who have yet to become customers of Rimini")—after the entry of the Injunction. *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d 948, 956, 959–60 (9th Cir. 2018). That omission is telling, as Oracle has had full discovery in *Rimini II* (and, now, contempt-related discovery in *Rimini I*) to ascertain whether the adjudicated practices have continued. The only conclusion to be drawn from Oracle's silence on this point is that those practices have ceased—which is not surprising, as Rimini long ago put into the *Rimini I* record detailed evidence establishing the fact that Rimini ceased both of these practices, at considerable expense, no later than July 2014. *See* ECF No. 1134-3.[1] Oracle has never disputed or even responded to that evidence. Instead, Oracle has taken the untenable position

---

[1] Notably, this evidence of Rimini's transition to Process 2.0 was withheld from the *Rimini I* jury at Oracle's insistence. *See* ECF No. 646 at 1–7 (Oracle Motion *in Limine* No. 1 to "Exclude Evidence and Argument Relating to Rimini's 2014 Support Model"); *see also* ECF No. 723 at 3 (Order granting Oracle's Motion).

# GIBSON DUNN

John A. Polito
August 5, 2019
Page 2

that an injunction can go beyond the acts adjudicated as unlawful. Oracle's principal authority for that proposition is *U.S. v. Gypsum Co.*, 340 U.S. 76 (1950), but that case actually demonstrates the error in Oracle's approach. The Supreme Court explained: "Acts in disregard of law call for repression by sterner measures than where the steps could reasonably have been thought permissible." *Id.* at 89–90. Here, Rimini was adjudged an innocent infringer by the jury, thus establishing that its conduct was reasonable at the time it was undertaken. Accordingly, there is no basis in law, equity, or reason to enjoin it from anything besides the conduct actually adjudicated in *Rimini I* (if indeed there needs to be any injunction at all).

**Second,** as discussed in detail below, Oracle's letter describes conduct that is part of Rimini's revised support processes ("Process 2.0"), which were not adjudicated in *Rimini I* and therefore cannot support a contempt finding. *See Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (An injunction must be "narrowly tailored … to remedy only the specific harms shown by the plaintiffs[.]"); 4 Nimmer on Copyright, § 14.06[C][1][a] ("[T]he scope of the injunction should be coterminous with the infringement."). Oracle's contention that Rimini's Process 2.0 (or any of the constituent practices of its current support services) violates the *Rimini I* Injunction is particularly prejudicial to Rimini in light of Oracle's previous insistence that these processes *not* be litigated in *Rimini I*. Indeed, Oracle previously objected to Rimini's attempt to consolidate *Rimini I* and *II*, arguing that evidence related to Process 2.0 was "irrelevant to any liability issue at trial" in *Rimini I*. ECF No. 646 at 5; *see also* ECF No. 490 at 12–20 (Oracle arguing that "the Court should limit the trial [in *Rimini I*] to Rimini's old support model"). The Court agreed with Oracle, and, as a result, issues related to Rimini's Process 2.0 (such as Oracle's radically expanded view of so-called "cross-use") are currently being litigated in *Rimini II*. In fact, there are multiple summary judgment motions currently pending before Judge Hicks in *Rimini II* that cover the precise issues Oracle raised in its June 28 letter. Oracle's attempt to prejudge these unadjudicated issues in post-trial *Rimini I* proceedings (without a jury) is improper, unlawful, and unconstitutional.

**Third,** as discussed in further detail in this letter, Oracle's attempt to enforce the Injunction against conduct never adjudicated as infringing in *Rimini I* constitutes copyright misuse, as it would impermissibly eliminate competition in the aftermarket for third-party maintenance of Oracle software. *See Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 698–700 (9th Cir. 2015) (Wardlaw, J., concurring) ("[U]se of the copyright to secure an exclusive right or limited monopoly not granted by the Copyright [Act]" is copyright misuse. (citation omitted)). Indeed, the acts that Oracle now labels as contumacious are not proscribed by the Copyright Act or any applicable license agreement. Oracle is attempting to use the Injunction to rewrite the terms of the licenses. The conduct described in Oracle's June 28 letter does not constitute copyright infringement and therefore it cannot even be enjoined, much less held to constitute contempt, under the Copyright Act. *See* 17 U.S.C. 502(a) (authorizing courts

**GIBSON DUNN**

John A. Polito
August 5, 2019
Page 3

to grant injunctions only to "prevent or restrain *infringement of a copyright*") (emphasis added). Oracle's submission of the proposed Injunction—which went far beyond the judgment and the Copyright Act—was itself an act of copyright misuse, and any attempt by Oracle to enforce that Injunction through contempt proceedings would also be actionable as copyright misuse.

*Fourth,* Oracle's June 28 letter fails to follow the letter and spirit of Judge Ferenbach's Order. The Court's June 21, 2019 Order required Oracle to disclose "a list describing conduct disclosed in *Rimini II* … which Oracle contends would violate Judge Hicks' injunction if it continued after the injunction was effective," and required that each described item "must state ***precisely and unambiguously each separate process, practice or other conduct***" Oracle is accusing. ECF No. 1232 at 2 (emphasis added). Oracle does not "precisely" or "unambiguously" accuse any specific conduct. Instead, Oracle's letter merely repeats the language of the Injunction and makes vague, high-level allegations that do not identify any particular "process, practice or other conduct." This problem is compounded by Oracle's similarly vague, high-level descriptions of the supposed types of evidence Oracle believes exemplify contumacious conduct, and by Oracle's failure to cite specific documents or testimony from *Rimini II* in support of its allegations. These failures reflect the vagueness with which the Injunction is drafted, and confirm that any attempt to enforce it would violate Rimini's due process rights as well as other laws, equitable principles, and constitutional provisions.

Oracle's deficient submission significantly constrains Rimini's ability to respond. Judge Ferenbach's June 21, 2019 Order requires Rimini to "describe with reasonable particularity" "all documents in its possession, custody or control" that support any assertion by Rimini that it does not engage in the practices accused by Oracle. ECF No. 1232 at 2. But because Oracle has not, for example, identified specific conduct that it believes constitutes so-called "cross-use" (an undefined term not used in the Copyright Act, the Injunction, or in any license agreement) together with the specific documents and testimony that Oracle claims support its position, Rimini is essentially asked to prove the negative—that Rimini does not engage in whatever undefined conduct Oracle chooses to label for purposes of litigation as "cross-use," including conduct never adjudicated in *Rimini I*. This would require describing nearly every document and all data related to Rimini's PeopleSoft and JD Edwards support processes. Notwithstanding the deficiencies of Oracle's letter, Rimini has made its best efforts to identify information that supports its positions.

Rimini further responds to Oracle's five allegations as follows:

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

1301 Pennsylvania Avenue NW
Washington, D.C. 20004

Paul D. Clement
To Call Writer Directly:
(202) 389-5000
paul.clement@kirkland.com

(202) 389-5000

www.kirkland.com

Facsimile:
(202) 389-5200

August 14, 2019

**VIA ECF**

Molly Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

    Re: *Oracle USA, Inc. v. Rimini Street, Inc.*, No. 18-16554

Dear Ms. Dwyer:

  After a brief respite, Rimini has resumed its practice of filing serial 28(j) letters that are procedurally improper and legally irrelevant. Rule 28(j) is a mechanism that allows parties to "advise the circuit clerk" of "pertinent and significant *authorities*" that "come to [their] attention after [their] brief has been filed." Fed. R. App. P. 28(j) (emphasis added). It is not a mechanism for a party to share its latest district court filing with the Court of Appeals. Rimini's district court filing is not any kind of "authorit[y]." It is merely an argumentative pleading filed in a different court. Nor does it "complete the record" before this Court. To the contrary, as this Court reinforced at oral argument, the ongoing proceedings before the district court have not been stayed, are not any part of the record before this Court now, and can be addressed in a subsequent appeal if and when an appealable order issues and an appeal is properly filed. Rimini's efforts to inject those issues into the current appeal through a series of 28(j) letters is improper and an abuse of the Rule. Finally, neither Oracle nor the district court has ever assented to Rimini's suggestion that "the parties and the district court" would "greatly benefit" from a decision from this Court by a date certain. Oracle would not presume to suggest the timing of this Court's opinion, but it should not be dictated by the schedule in the ongoing district court proceedings.

            Respectfully submitted,

            s/Paul D. Clement
            Paul D. Clement

Beijing  Chicago  Hong Kong  Houston  London  Los Angeles  Munich  New York  Palo Alto  San Francisco  Shanghai