BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:     702.382.7300
Facsimile:     702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
1401 New York Avenue, NW, 11th Floor
Washington, DC 20005
Telephone:     202.237-2727
Facsimile:     202.237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON
    (*pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:     415.293.6800
Facsimile:     415.293.6899
sholtzman@bsfllp.com
brichardson@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:     415.442.1000
Facsimile:     415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:     650.506.4846
Facsimile:     650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc., and Oracle
International Corp.*

GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 11101
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL G. LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS
PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

*Attorneys for Defendants Rimini Street, Inc.
and Seth Ravin.*

JOINT STATEMENT RE PROPOSED SCHEDULING ORDER

UNITED STATE DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, | CASE NO. 2:10-CV-0106-LRH-VCF |
| | **JOINT STATEMENT RE PROPOSED SCHEDULING ORDER** |
| Plaintiffs, | |
| v. | |
| RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual, | |
| Defendants. | |

Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corp. (collectively, "Oracle") and Defendants Rimini Street, Inc. and Seth Ravin (collectively, "Rimini"; all parties collectively, "Parties," any party, "Party") submit this Joint Statement Regarding a Proposed Scheduling Order.

**Parties' Joint Statement**

Rimini and Oracle have agreed on the timing of most of the scheduling deadlines going forward, but disagree on three key items: (1) the amount of time necessary for rebuttal expert reports; (2) the timing of the close of fact discovery; and (3) briefing schedules for motions to compel and Oracle's anticipated contempt motion. Oracle's and Rimini's proposed schedules are shown below, with the disputed deadlines bolded:

| Deadlines | Oracle Proposal | Rimini Proposal |
|---|---|---|
| Cutoff date for select non-custodial sources[1] | November 18, 2019 | November 18, 2019 |
| Final privilege log due | December 5, 2019 at noon | December 5, 2019 at noon |
| Deadline for motions to compel | December 6, 2019 | December 6, 2019 |
| **Oppositions to motions to compel** | **December 13, 2019 (one week after motions)** | **December 20, 2019 (two weeks after motions, per local rules)** |
| Replies to motions to compel | December 20, 2019 (one week after oppositions) | December 27, 2019 (one week after oppositions) |
| **Close of fact discovery** | **January 9, 2020** | **January 24, 2020** |
| Initial expert disclosures | January 23, 2020 (two weeks after close of fact discovery) | February 7, 2020 (two weeks after close of fact discovery) |

---

[1] This date is a cutoff date after which non-custodial sources identified in Oracle's November 8, 2019 letter from J. Polito no longer need to be collected. For example, if this proposed schedule is ordered, then Rimini would not be obligated to produce AFW logs (for example) created after November 18, 2019. This will allow Rimini to collect all logs through November 18, 2019, with the collection beginning after that date and ensuring production with reasonable time remaining in fact discovery for Oracle to take a 30(b)(6) deposition. This does not affect the Parties' agreement as to Oracle's access to ▓▓▓▓▓▓▓ until the close of fact discovery. However, as this later agreement was reached when the close of fact discovery was scheduled to take place after the submission of expert reports, Rimini understands that Oracle will seek to amend this agreement to extend access until the end of expert discovery.

1

| Deadlines | Oracle Proposal | Rimini Proposal |
|---|---|---|
| Rebuttal expert disclosures | **February 6, 2020** (two weeks after initial expert reports) | **March 27, 2020** (seven weeks after initial expert reports) |
| Close of expert discovery | February 14, 2020 (one week after rebuttal reports) | April 10, 2020 (two weeks after rebuttal reports) |
| Deadline to file motion for order to show cause | March 3, 2020 (2.5 weeks after close of expert discovery) | April 28, 2020 (2.5 weeks after close of expert discovery) |
| **Opposition to motion for order to show cause** | **March 17, 2020** (2 weeks after motion) | **May 26, 2020** (4 weeks after motion) |
| Reply to motion for order to show cause | March 31, 2020 (2 weeks after opposition) | June 9, 2020 (2 weeks after opposition) |

The primary differences between the Parties' proposals are: (1) the time allotted for rebuttal expert reports; (2) a two-week difference in dates for the close of fact discovery; and (3) minor differences in briefing schedules. The Parties address these issues in turn below.

**Oracle's Statement and Proposal**

On September 6, 2019, This Court granted-in-part Oracle's Motion to Compel Re Post-Injunction Requests for Production. ECF No. 1255, Sept. 6, 2019 Order. That Order included a schedule for Oracle to provide custodians and search terms and for Rimini to make rolling productions. *Id.* at ¶¶ 2-3. That Order also vacated the other deadlines previously set in the Court's Post Injunction Discovery Scheduling Order. *Id.* at ¶ 4; ECF No. 1232, June 21, 2019 Order.

At the October 7, 2019 status conference, after hearing the parties' positions on Rimini's progress, the Court declined to set a schedule at that time, but scheduled a further conference for November 5, 2019. Oct. 7, 2019 Hearing Tr. at 18:19-19:8. The Parties and the Court later agreed to postpone that conference to November 20, 2019. ECF No. 1283 (granting stipulation and resetting hearing).

**Proposed Scheduling Order**

The Parties exchanged proposed schedules and met and conferred on November 13, 2019,

2

1    but have not been able to reach agreement upon a new schedule.  Oracle requests the Court

2    consider setting a new schedule as proposed above.  This schedule is reasonable for several

3    reasons.

4         First, Rimini has already dragged out these injunction compliance proceedings for far too

5    long, whereas a swift resolution is important to protecting Oracle's interests under the Injunction.

6    The Injunction has been in effect for more than a year, since the Ninth Circuit—who later

7    affirmed it—declined to enter a stay.  *See* ECF No. 1180, Ninth Circuit Order denying motion for

8    stay.  Oracle first sought discovery from Rimini in January 2019 and filed a motion when Rimini

9    refused to provide it.  Jan. 1, 2019 letter from Z. Hill to J. Gorman; ECF No. 1201, Feb. 27, 2019

10   Mot. to Permit Discovery.  The Court granted this relief in April 2019.  ECF No. 1215, Minutes

11   of hearing granting motion.  After Rimini continued to resist discovery, Oracle filed a motion to

12   compel in August 2019, which the Court granted in part a month later.  ECF No. 1237, Aug. 19,

13   2019 Mot. to Compel; ECF No. 1255. Sept. 6, 2019 Order.  Oracle's proposed schedule properly

14   seeks to move these discovery proceedings to conclusion so that the Parties can move into

15   contempt proceedings.

16        Second, Rimini has represented that it has completed or soon expects to complete

17   significant tranches of discovery, well ahead of its earlier projected completion dates.  As of

18   November 1, 2019, Rimini has produced 355,568 more documents since the October 7 status

19   conference (Production 17 through Production 30) and represents that it has completed its

20   production of documents from Sharepoint and Salesforce (Oct. 28, 2019 letter from J. Tryck to J.

21   Minne).  On November 8, 2019, Rimini represented that it had completed its production of files

22   transferred via the AFW TransferFile tool between November 5, 2018 and approximately July 23,

23   2019.  Nov. 8, 2019 email from C. McCracken to J. Polito et al.  Rimini also represented during

24   the November 13, 2019 meet and confer that after the October 7 hearing it added four additional

25   reviewers to its custodial document review effort and expects to complete its custodial production

26   the week of November 18, 2019.  Because this is much faster than the four-month time frame

27   Rimini estimated at the October 7, 2019 hearing, closing discovery at the beginning of the year is

28

1   reasonable.  Oct. 7, 2019 Hearing Tr. at 7:12-16, 8:3-4.

2         Third, Oracle's proposed schedule takes into account Rimini's two "primary conceptual

3   concerns."  Nov. 14, 2019 email from C. McCracken to L. Shinn, et al.  During the November 13,

4   2019 meet and confer, Rimini expressed a preference to have fact discovery conclude before the

5   service of expert reports, to reduce the chance of the Parties seeking leave to submit supplemental

6   expert reports addressing any late-produced material.  *See also id.*  Oracle's proposed schedule

7   accedes to this request.  To further expedite these proceedings, under this proposal Oracle also

8   agrees to forego the collection of additional discovery material as of the date of this filing.  This

9   will give Rimini sufficient time to complete its outstanding productions without having to

10   conduct additional refresh collections at the end of the year.  At the same time, Oracle seeks an

11   expedited briefing schedule for motions to compel so that any material ordered produced can be

12   produced before the close of fact discovery and incorporated into the Parties' expert reports

13   without the need for further supplementation.

14         Rimini also asked for more time to complete its rebuttal expert report.  Although Oracle

15   originally proposed one week, the same as the Court's previously-ordered schedule, here Oracle

16   proposes two weeks between initial and rebuttal reports, as well as for most of the other expert

17   discovery and motion for order to show cause deadlines.

18         Given the shorter time period and relatively smaller size of the document productions as

19   compared to *Rimini II*, combined with the urgent nature of this injunction enforcement

20   proceeding, these proposed deadlines strike the right balance to permit the Parties to prepare their

21   cases with appropriate speed.

22         Third-Party Subpoena Substitution

23         Oracle also seeks to withdraw one of its third-party deposition subpoenas, against

24   ███████████████████████████ and substitute it with a subpoena to a different third-

25   party Rimini customer, ██████.  Oracle sought Rimini's agreement to the substitution, but

26   Rimini refused more than two weeks later.  Oct. 28, 2019 email from L. Shinn to J. Tryck et al.;

27   Nov. 14, 2019 letter from C. Whittaker to L. Shinn.

28

4

JOINT STATEMENT RE PROPOSED SCHEDULING ORDER

1       Oracle selected its original third-party subpoena recipients in reliance on Rimini's

2   interrogatory responses, which Oracle later discovered were inaccurate and misleading as to

3   which customers actually ███████████████████  For example, Oracle's Supplemental

4   Interrogatory No. 5 sought "a list identifying all of the tax and regulatory updates, break fixes,

5   new or revised functionality, and documentation that Rimini has provided to its customers since

6   November 5, 2018."  Rimini's July 18, 2019 Corrected Supplemental Response to Supplemental

7   Interrogatory No. 5 stated that ████████████████████████████████████

8   ██████████████████████████████████████████████████

9   However, Oracle later discovered that the entries in Exhibit D associated with either

10  █████████████████████████████  were documentation-only

11  updates, and not █████████████████████████  If Rimini had

12  accurately represented the content of Exhibit D, Oracle would have selected different customers.

13      Rimini asserts that because documentation is responsive to Interrogatory No. 5, Oracle

14  cannot complain that it relied on the interrogatory response to select its subpoena targets.  *Id.*  But

15  whether documentation-only updates are responsive to Interrogatory No. 5 (and Oracle agrees

16  they are) is not the issue.  Rimini characterized Exhibit D (which lists ███████████████

17  ████████████████████████████) as containing ███████████████

18  ████████████████  Rimini's July 18, 2019 Corrected Suppl. Response to Suppl.

19  Interrog. No. 5.  Because some of this information is instead actually related to *documentation-*

20  *only updates*, Oracle made its selection with incomplete information based on Rimini's

21  misleading representations.

22      Rimini also claims that Oracle's "access to Rimini's Jira system since August 2019, which

23  provides Oracle a wealth of information about the deliverables Rimini provided to

24  ███████████" precludes Oracle's substitution.  Nov. 14, 2019 letter from C. Whittaker to L.

25  Shinn.  But Oracle did not even receive Jira credentials until August 15, 2019, and served its

26  subpoena on ████████ on August 20, 2019.  Regardless, Oracle reasonably relied on

27  Rimini's interrogatory responses, which indicated incorrectly that ██████████ had received

28

5

1  ███████████████.  Now that it understands Rimini's response, Oracle reasonably seeks to

2  subpoena a different customer instead.  Thus, Oracle requests the Court permit the substitution.

3  **Rimini's Statement and Proposal**

4  **A.  Proposed Scheduling Order**

5  Oracle's contention that Rimini has "dragged out these injunction compliance

6  proceedings" is flatly untrue.  Rimini has worked swiftly to produce a massive amount of highly

7  technical discovery, including over 600,000 documents, immense data exports from Rimini's

8  client-management platform (Salesforce) and intranet (SharePoint), the source code to Rimini's

9  automated framework tools ("AFW"), and read-only access to Rimini's software support

10  databases ███████████████  While Oracle initially told the Court it was seeking only

11  "limited discovery" and "not asking for very much" (*see* ECF No. 1218 (Apr. 4, 2019 Hrg. Tr.) at

12  21:15–24:12, 56:9–10), Oracle greatly expanded the scope of discovery through broad requests,

13  and complying with those requests has taken time—the duration of this proceeding is a product of

14  Oracle's own making.  Given the volume of discovery and the stakes of this proceeding, it is

15  critically important that the schedule allow Rimini's expert witnesses sufficient time to prepare

16  rebuttal expert reports, and allow Rimini sufficient time to oppose Oracle's anticipated motion for

17  contempt.  Rimini thus respectfully requests the Court grant Rimini's proposed schedule, which

18  sets a more reasonable time frame for the remainder of this proceeding.

19  The primary differences between the parties' proposals are:  (1) the time allotted for

20  rebuttal expert reports; (2) a two-week difference in dates for the close of fact discovery; and

21  (3) minor differences in briefing schedules.  Rimini addresses these issues in turn below.

22  ***Rebuttal Expert Reports.***  It is paramount that Rimini's experts be provided sufficient

23  time to review and respond to the opening reports of Oracle's experts.  Oracle proposes that

24  Rimini's experts be given only two weeks for rebuttal reports.  That is grossly insufficient and

25  prejudicial to Rimini and amounts to an attempt by Oracle to prevent Rimini from mounting a

26  serious defense to Oracle's, as yet undisclosed, allegations.  Rimini's proposal provides seven

27  weeks, which Rimini believes is the absolute minimum amount of time reasonably necessary to

28

complete rebuttal reports, given the complex software/processes at issue in these proceedings.

Seven weeks is necessary for the following reasons:

- Oracle's technical expert reports in *Rimini II*, with exhibits, consisted of more than **29,000 pages.** Printed double-sided, the reports are approximately four feet tall. Many of the exhibits consist of computer code that is extremely time-consuming to analyze. Rimini believes that Oracle has retained the same two technical experts in this case that it did in *Rimini II*, although Oracle has declined to confirm that fact.

- Oracle's experts also produced **8 terabytes** of data and software code with their reports in *Rimini II*. It took Rimini four weeks just to **load** this data before it could even be analyzed by its experts.

- In *Rimini II*, experts were provided 7 weeks for rebuttal reports (the same time Rimini requests here), except that Rimini's technical expert was provided **10 weeks** (due to the additional time needed to load the data).

- Rimini does not know Oracle's specific allegations and will learn them for the first time when it receives Oracle's opening reports. Oracle's disclosure stating the five processes it was accusing merely recited paragraphs of the injunction without providing any detail about specific processes that allegedly violate the injunction. Thus, the great majority of Rimini's rebuttal work will need to occur after Rimini receives Oracle's reports.

- Rimini's technical expert, Owen Astrachan, is a computer science professor at Duke University with significant teaching responsibilities. Therefore, unlike Oracle's two technical experts, Professor Astrachan is not a full-time expert and has academic commitments that he cannot defer to accommodate Oracle's schedule.

- Even assuming (unreasonably) that Professor Astrachan could devote 100% of his time to this case and could analyze hundreds of pages of technical materials per day, if the volume of such materials even remotely approaches the volume of materials Oracle submitted in its technical experts' reports in *Rimini II*, it will take him weeks to just get through them, not to mention the time needed to load/process the data and to formulate and write his opinions.

Oracle claims that two weeks is sufficient because the Court's prior scheduling order provided only one week for rebuttal reports. Since that time, however, there has been a sea-change with respect to the scope of discovery in this proceeding. The Court entered its prior Scheduling Order in response to Oracle's representation that it needed only "limited discovery" to "test and verify" and that it was "not asking for very much." *See* ECF No. 1218 (Apr. 4, 2019 Hrg. Tr.) at 21:15–24:12, 56:9–10. Since then, discovery has expanded to *Rimini II* proportions: Rimini has produced over 600,000 documents, and hundreds of gigabytes of database files, including from Rimini's Customer Relationship Management Software (Salesforce), and its internal file sharing system (SharePoint). Rimini has also provided Oracle direct access to its

7

Software Development Applications ███████████████   Thus, both the scope and volume of discovery are significantly greater than originally contemplated by the Court, and it is now clear that significantly more time will be required for Rimini's expert to adequately review and respond to Oracle's experts' reports.

Having sufficient time to respond to Oracle's experts—on unknown factual theories regarding a massive universe of highly technical information—is not a matter of convenience or mere scheduling preference; it is a matter of due process and is *critical* to Rimini's defense. Rimini would be severely prejudiced by Oracle's schedule, which is calculated to deny Rimini sufficient time to fully respond to Oracle's expert reports.  Conversely, Oracle will not be prejudiced by additional time for expert rebuttal reports.

*Close of Fact Discovery.*  Oracle proposes that fact discovery close on January 9, 2019; Rimini proposes two weeks later on January 24, 2019.  Oracle's deadline is not feasible because there will not be enough time in light of the intervening holidays (when witnesses and Rimini e-discovery resources will be unavailable) to complete document productions and a Rule 30(b)(6) deposition (which Oracle has not yet noticed), which may require Rimini to prepare and produce multiple witnesses.  Rimini's proposed date is reasonable and allows documents to be produced with enough time between production and deposition(s) to complete both before the discovery cutoff.

*Briefing Deadlines.*  Oracle's proposed briefing schedule unreasonably truncates Rimini's time for submitting opposition briefs.  In particular, Rimini reasonably needs four weeks (not two, as proposed by Oracle) to respond to Oracle's contempt motion, which is a dispositive motion akin to a summary judgment motion, and is critically important.  Oracle also proposes an "expedited" briefing schedule for motions to compel, which "expedites" (without justification) *only* Rimini's time to submit opposition briefs from two weeks to one.  Oracle's time to complete its own briefs follows the standard schedule under the Local Rules.  Rimini respectfully contends that the standard two-week deadline for Rimini's oppositions to Oracle's motions to compel is appropriate.  If Oracle is concerned that "any material ordered produced can be produced before

1    the close of fact discovery," that problem is more appropriately resolved by extending the fact

2    discovery cutoff, and not by cutting short Rimini's opposition time.

3         ***False Urgency.***  Rimini understands Oracle's desire for speed, but speed should not come

4    at Rimini's expense.  Oracle's proposal for moving quickly is to truncate Rimini's time for

5    responding to expert reports on dispositive issues, truncate Rimini's time to respond to motions to

6    compel, and truncate Rimini's time to oppose Oracle's ultimate motion for contempt.  Rimini has

7    worked quickly and diligently to produce a massive amount of highly technical discovery in a

8    short period of time in these proceeding and will continue to do so, but it respectfully requests

9    enough time to properly respond to Oracle's allegations.

10   **B.  Oracle's Request for a Sixth Subpoena**

11        Oracle raises the issue that it seeks to serve yet another third-party subpoena in this case,

12   in addition to the five it already served, and in addition to the eight Public Records Act requests it

13   served on Rimini clients who are public entities to get around the five-subpoena limit.  Although

14   the parties have exchanged correspondence on this issue, they have not met and conferred, and a

15   statement in a status report is not the correct procedure for Oracle to seek additional discovery.  If

16   Oracle believes it should be granted a sixth subpoena, it should file a motion for leave to do so, so

17   that the issue can be briefed.

18        A sixth subpoena is not warranted.  This Court allotted Oracle five third-party subpoenas

19   in this post-trial proceeding.  ECF No. 1232.  Oracle served all five of those subpoenas and has

20   received documents from all five recipients, including ▮▮▮▮▮.  Oracle now seeks leave to

21   serve a sixth subpoena to ▮▮▮▮▮—which it misleadingly labels a "substitution" for its

22   subpoena to ▮▮▮▮, despite the fact that Oracle has already received *two* document

23   productions from ▮▮▮▮.  There is no basis for this Court to reconsider its order on discovery

24   limits.

25        Oracle seeks to justify its request by claiming that Rimini's response to Interrogatory No.

26   5 was misleading.  That is false.  Interrogatory No. 5 seeks a list of "tax and regulatory updates,

27   break fixes, new or revised functionality, and *documentation* that Rimini has provided to its

28

9

1   customers since November 5, 2018." (Emphasis added). In response, Rimini provided Oracle a

2   chart (titled "Exhibit D"), which ███████████████████████████████████████████

3   ████████████████████████████████████████████████████████████

4   (emphasis added). Rimini included on that list any "documentation only" provided to clients

5   during the relevant period. Documentation only updates are u████████████████████

6   ██████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████

8   ██████████████████████████████████████. Oracle suggests that

9   it believed Exhibit D contained a list of only ████████████ but that is patently unreasonable

10  and at odds with Rimini's response to Interrogatory No. 5—the response is clear that Exhibit D

11  lists ████████████████████████. Information about documentation-

12  only updates is information "related to" ████████████ Rimini has performed. In

13  fact, Oracle conceded as much when it asked Rimini to add certain documentation-only updates

14  to Exhibit D in meet and confer correspondence.

15          Oracle's claim that it was deceived by Exhibit D rings hollow in light of the wealth of

16  other information Rimini has provided to Oracle about the deliverables Rimini has provided its

17  clients—including ████████—at the time it served its subpoena. Rimini has given Oracle access

18  to Rimini's Jira software, in which Rimini tracks information about client deliverables. Using

19  that system, Oracle could have easily obtained more information about the documentation-only

20  updates Rimini provided to ████████. And although Oracle claims that it only had access to Jira

21  five days before it served its subpoena, Oracle was not required to serve its subpoena when it did

22  and could easily have taken additional time to do whatever diligence it thought was required.

23  Oracle chose not to, and now—apparently unhappy with the documents it received from

24  ████████—attempts to blame Rimini for that choice.

25          This Court set clear and reasonable limits on third-party discovery in this case. Yet,

26  despite repeatedly telling this Court at the outset of these proceedings that it was "not asking for

27  very much" in discovery, April 4, 2019 Hearing Tr. at 21:15-16. Oracle continually attempts to

28

                                                  10
                        JOINT STATEMENT RE PROPOSED SCHEDULING ORDER

1   expand its access to third-party materials.  Indeed, soon after this Court rejected Oracle's requests

2   for broader third-party discovery, and without any prior notice to this Court or Rimini, Oracle

3   began sending out public records requests to public entities that use Rimini for software support,

4   seeking documents related to Rimini's compliance with the injunction.  To date, Oracle has

5   served at least eight such requests and received documents from at least six Rimini clients in

6   response, in addition to the documents it received in response to the five subpoenas allotted by

7   this Court.  Thus, Oracle has already had much broader third-party discovery than this Court

8   ordered or envisioned, and the Court should reject Oracle's attempt to expand the scope of

9   discovery even further.

10

11          Dated: November 19, 2019

12

| MORGAN, LEWIS & BOCKIUS, LLP | GIBSON, DUNN & CRUTCHER LLP |
|---|---|
| By:        */s/ John A. Polito*<br>*John A. Polito*<br>*Attorneys for Plaintiffs Oracle USA, Inc.,*<br>*Oracle America, Inc. and Oracle*<br>*International Corporation* | By:        */s/ Eric D. Vandevelde*<br>*Eric D. Vandevelde*<br>*Attorneys for Defendants Rimini Street, Inc.*<br>*and Seth Ravin.* |

18

19

20                          **ATTESTATION OF FILER**

21          The signatories to this document are Eric Vandevelde and me, and I have obtained Mr.

22   Vandevelde's concurrence to file this document on his behalf.

23

24   Dated:  November 19, 2019

25                          MORGAN, LEWIS & BOCKIUS LLP

26                          By: */s/ John A. Polito*
                                   John A. Polito

27

28

                                   11

1

**CERTIFICATE OF SERVICE**

2         I hereby certify that on this date, I caused to be electronically uploaded a true and correct

3    copy in Adobe "pdf" format of the above document to the United States District Court's Case

4    Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a

5    document, service is deemed complete upon transmission of the Notice of Electronic Filing

6    ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

7    Dated: November 19, 2019                 MORGAN, LEWIS & BOCKIUS LLP

8

9                                             By:  /s/ John A. Polito
10                                            John A. Polito
                                              *Attorneys for Plaintiffs Oracle USA, Inc.,*
11                                            *Oracle America, Inc., and Oracle International*
                                              *Corporation*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28