# EXHIBIT 16
# July 19, 2019 Letter from D. Kocan to E. Vandevelde
# REDACTED VERSION

# Morgan Lewis

**David R. Kocan**
Associate
+1.415.442.1323
david.kocan@morganlewis.com

July 19, 2019

**VIA E-MAIL**

Eric D. Vandevelde, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Email: evandevelde@gibsondunn.com

Re:   <u>Oracle USA, Inc., et al v. Rimini Street, Inc., et al., Case 2:10-cv-00106-LRH-VCF</u>

Dear Mr. Vandevelde:

I write regarding deficiencies in Rimini's July 12, 2019 responses to Oracle's Supplemental Interrogatories and Oracle's Supplemental Request for Production of Documents ("RFPs").

As a preliminary matter, Rimini's responses to Oracle's Interrogatories and Requests for Production of Documents are insufficient because Rimini has withheld any and all documents and materials related to the Oracle Database and Siebel product lines.  The Court's injunction unequivocally applies to the PeopleSoft, JD Edwards, Siebel, and Oracle Database product lines.  Moreover, Oracle Database is a component of both PeopleSoft and JD Edwards. Accordingly, Rimini must supplement its responses to include all product lines subject to the injunction.

Oracle has also identified significant material deficiencies in Rimini's substantive responses.  Given the compressed discovery timeline, any failure by Rimini to promptly address these issues will result in prejudice to Oracle and will trigger unnecessary motion practice.

**<u>Rimini's Interrogatory Responses</u>**

<u>Interrogatory No. 1</u>

Rimini's response to Interrogatory No. 1 is impermissibly vague and ignores the request.

Interrogatory No. 1 asks Rimini to state for each paragraph of the injunction whether Rimini has made any changes to its processes that bring Rimini into compliance with the injunction and, if so, to describe those changes.  Rimini's response, however, fails to address any specific paragraph of the injunction.  In particular, Rimini's response ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Rimini must update its response with respect to all four

Morgan, Lewis & Bockius LLP

One Market, Spear Street Tower
San Francisco, CA 94105-1596          ☏ +1.415.442.1000
United States                         🖷 +1.415.442.1001

Eric D. Vandevelde
July 19, 2019
Page 2

product lines to address these deficiencies. If Rimini's processes have changed, Rimini must explain in detail how they have changed and which paragraph(s) of the injunction the changes bring Rimini's processes into compliance with. If Rimini has not made a change in response to certain paragraphs of the injunction, Rimini should state so in its response and specifically identify the operative paragraph number from the injunction.

Rimini's response also includes the impermissibly overbroad and vague statement that it ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Rimini's motivation for making a change ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is irrelevant if the change relates to Rimini's compliance (or lack thereof) with the injunction. To resolve the ambiguity created by Rimini's July 12th response, Rimini's amended response should fully explain all changes made or not made to its processes that are relevant to injunction compliance. Moreover, as expressly called for by the interrogatory, Rimini should state which changes, if any, were undertaken in response to each sub-paragraph of the injunction. If Rimini has not changed its processes to become compliant with any specific part of the injunction, Rimini should indicate so and identify the particular paragraph of the injunction.

Additionally, Rimini's statement of its "development process" is insufficient because it omits any actual description of the development of updates. In fact, the word "develop" as a verb is not used once in Rimini's response. Instead, Rimini vaguely refers throughout its response to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. However, Rimini never explains what this entails. ▇▇▇▇▇▇▇ "Dev Instruction" documents. However, Rimini has not produced a single one of these documents. Accordingly, Rimini must update its response with a description of its development processes that includes, without limitation, an explanation of how Rimini developers actually develop updates. Moreover, as discussed below, Rimini must produce all copies of Dev Instruction documents created on or after November 5, 2018 for all product lines. If Rimini creates any other kind of similar document during its processes, such as Build Instructions, Rimini must also produce copies of all these "documents."

Rimini's response also conspicuously fails to detail where developers create Dev Instructions for fixes and updates, whether on Rimini's systems or on customer environments. An appropriate response to this Request requires Rimini to provide this level of detail. Moreover, Rimini must confirm whether its developers start by creating a "Dev Instruction" "document" for an update on a first customer's environment.

Rimini should also produce the communication and notice disclosed in its Supplemental Interrogatory Response No. 1 (November 12, 2018 instruction) and Supplemental Response to Request for Production No. 8 ("Rimini agrees to produce the notice provided pursuant to paragraph 1 of the Injunction") as these are directly responsive to the Requests, including Request for Production No. 1.

<u>Interrogatory No. 2</u>

Oracle's Interrogatory No. 2 requests a description of any programs developed or implemented "since November 5, 2018." Rimini's caveated statement that it ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is not sufficiently responsive. Accordingly, Rimini must provide an updated response that responds to the actual interrogatory.

Eric D. Vandevelde
July 19, 2019
Page 3

Rimini's response that ▮▮▮▮ is also impermissibly vague and incomplete. Rimini fails to describe Rimini's development of this supposed update and has not described "all [the] underlying source code," as requested in Oracle's interrogatory.

Additionally, Rimini's response vaguely refers to ▮▮▮▮. For instance, Rimini indicates that it ▮▮▮▮ but does not explain what this actually entailed. Similarly, Rimini indicates that ▮▮▮▮. Additionally, Rimini indicates that ▮▮▮▮ Moreover, Rimini's response improperly focuses on ▮▮▮▮

Accordingly, Rimini must provide a detailed updated response that properly responds to this interrogatory including the descriptions of the referenced source code for the various versions of AFW that have been modified since November 5, 2018, including without limitation ▮▮▮▮

*Interrogatory No. 4*

Rimini has indicated in its response that it ▮▮▮▮ Consistent with the proposed discovery timeline, Rimini should produce these documents no later than Monday, July 22, 2019

*Interrogatory No. 5*

In its response, Rimini asserts that Exhibit D includes ▮▮▮▮ Rimini's First Suppl. Responses to Oracle's Suppl. Interrogatories at 15:20-21. Contrary to Rimini's assertion, however, Exhibit D does not identify ▮▮▮▮. Moreover, the list of updates in Exhibit D appears to be incomplete, as evidenced by ▮▮▮▮

Accordingly, Rimini must produce an updated version of Exhibit D that resolves these deficiencies.

**Rimini's RFP Responses**

*RFP No. 1*

The Court unambiguously ordered Rimini to "provide notice of [the injunction] order to all subsidiaries, affiliates, employees, directors, officers, principal's, and agents that may have any involvement whatsoever in reproducing, preparing derivative works from, or distributing