# EXHIBIT 23
# Oct. 19, 2019 Letter from J. Minne to J. Tryck
# REDACTED VERSION

# Morgan Lewis

**Jacob J.O. Minne**
Associate
+1.650.843.7280
Jacob.minne@morganlewis.com

October 19, 2019

**VIA E-MAIL**
Jennafer M. Tryck
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Email: JTryck@gibsondunn.com

Re:  *Oracle USA, Inc., et al v. Rimini Street, Inc., et al.*, Case 2:10-cv-00106-LRH-VCF

Dear Jennafer:

We write regarding several ongoing discovery disputes in the above-captioned matter.

<u>Production of Dev Instructions Transmitted Via AFW</u>

We appreciate that Rimini does not dispute its obligation to produce "final" Dev Instructions and Dev Instructions that were sent to clients. Sept. 6 and Oct. 11, 2019 letters from J. Tryck to J. Minne. ███████████████████████████████████████████████████████████████████



Based on Oracle's review of filenames in Rimini's production to date, Rimini has not produced any of these Dev Instructions. Please produce copies of these Dev Instructions immediately.

<u>Production of Draft Dev Instructions</u>

Rimini maintains claims that draft, non-final versions of Dev Instructions are irrelevant, and privileged. Sept. 6 and Oct. 11, 2019 letters from J. Tryck to J. Minne. We disagree.

First, these documents are highly relevant. As Oracle previously documented, ███████████
███████████████████████████████████████████████████████████████████████████████

**Morgan, Lewis & Bockius LLP**

One Market
Spear Street Tower
San Francisco, CA  94105-1596        +1.415.442.1000
United States                                        +1.415.442.1001

Jennafer M. Tryck
October 19, 2019
Page 5

Rimini's Response to Interrogatory No. 5

It is Rimini's obligation, not Oracle's, to investigate and locate documents responsive to Oracle's discovery requests. Nonetheless, attached as Appendix A to this letter is a list of ███████████ ████████████████████████████████████████████████ and that are not included in Rimini's response to Rog 5. We look forward to an update on the status of this investigation during the October 22 meet and confer.

Please also respond to our request that Rimini supplement its discovery responses to include all updates released to date.

Rimini's Production in Response to RFP No. 11

Thank you for your agreement to produce, and production of, the whitepaper. However, it contains the HIGHLY CONFIDENTIAL designation. As Rimini purports it to be a public document, please reproduce it without any confidentiality designation. Please also clarify if you will produce the webinars referenced at the URL https://info.riministreet.com/PeopleSoft-Webinars-LP.html, which is specifically included in the RFP.

Oracle disagrees with Rimini's allegation that we are attempting to expand the scope of this RFP. In the three months this request has been outstanding, throughout meet and confers and written correspondence, we have repeatedly explained that this RFP includes **all** whitepapers, webinars, articles, updates, software, and manuals, and documents referenced in the creation of such materials, so long as they relate to Oracle Software at issue. This is also not an overly burdensome request; it is proportionate to the needs of the case in enforcing the court's injunction, particularly as Rimini has stated to the public that some of these materials were based on analysis of "all of the updates Oracle Corporation incorporated into the PeopleSoft 9.2 HCM images." Oct. 4, 2019 letter from J. Minne to J. Tryck.

Accordingly, Oracle maintains that Rimini should search from and produce all Rimini Online Materials relating to Oracle Software and Support Materials, as well as any other Documents used to create such Rimini Online Materials.

Rimini's Refusal to Permit Designation of Material Produced by Public Entities Under the Protective Order

We continue to be surprised by Rimini's change in position regarding the ability of non-parties to designate pursuant to the terms of the Protective Order. As early as 2010, Rimini confirmed that the very arrangement in place today was enough to "resolve **any confidentiality objections** by Rimini to the production of material by public entities in response to Oracle's requests," "**including any claim to trade secret**." Oct. 19, 2010 letter from K. Ringgenberg to R. Reckers; Oct. 25, 2010 email from R. Reckers to K. Ringgenberg.

Moreover, Rimini's newfound position is undermined by the language of the Protective Order itself, which expressly gives non-parties the ability to designate by simply agreeing to be bound by the Protective Order's terms and the Court's jurisdiction. Additionally, Rimini's position is further undermined by the Parties' practice to date in *Rimini I* of allowing non-party public entities to designate. *See, e.g.*, Dec. 28, 2010 letter from W. Riggs to R. Reckers at 3 ("Brazoria County . . . marked all emails between Rimini Street and Brazoria County as 'Highly Confidential' pursuant to