# EXHIBIT 24
# Oct. 28, 2019 Letter from J. Tryck to J. Minne
# REDACTED VERSION

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

3161 Michelson Drive
Irvine, CA 92612-4412
Tel 949.451.3800
www.gibsondunn.com

Jennafer M. Tryck
Direct: +1 949.451.4089
Fax: +1 949.475.4789
JTryck@gibsondunn.com

Client: 79957-00020

October 28, 2019

VIA ELECTRONIC MAIL

Jacob J.O. Minne
Morgan, Lewis & Bockius LLP
1400 Page Mill Road
Palo Alto, CA 94304-1124

Re:     *Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 2:10-cv-0106-LRH-VCF (D. Nev.)

Dear Jacob:

We write to respond to your October 19, 2019 letter.

1.      Production of Dev Instructions Transmitted Via AFW



Your letter identifies

2.      Production of Draft Dev Instructions

As we've explained in prior correspondence, draft Dev Instructions that were not sent to clients are not relevant, and draft Dev Instructions in the "For Legal Review – Privileged" folder are attorney-client privileged communications.[1]

---

[1] A small number of draft Dev Instructions from this folder were sent to clients, and Rimini is not claiming privilege over them and has or will produce them.

**GIBSON DUNN**

Jacob J.O. Minne
October 28, 2019
Page 2

Oracle has never sufficiently explained why it believes that draft Dev Instructions that have never been sent to a client are nevertheless relevant. They do not reflect any update actually implemented. Your October 19 letter attempts to explain the relevance of one particular file, but that document was already produced.

Regarding privilege, your letter rehashes the same unpersuasive arguments made in prior letters and to which we responded in our October 11 letter. Drafts in the "For Legal Review—Privileged" folder are communications to Rimini's attorneys for the purpose of seeking legal advice. Once the drafts are reviewed, they are moved out of that folder, and Rimini is not claiming privilege over those final drafts; they have been produced. We pointed out in our October 11 letter that Oracle appears to seek the privileged drafts in order to compare them to final versions in order to determine the legal advice that Rimini's lawyers provided, which is exactly why they should not be produced. Oracle did not respond to that point.

3. <u>Rimini's Production of Salesforce and SharePoint Materials</u>

As we stated on the parties' meet and confer call on October 22, we completed production of SharePoint materials on October 16. *See also* Oct. 16, 2019 J. Tryck Ltr. re Production 25. Rimini has also completed production of Salesforce materials. *See* Oct. 22, 2019 J. Tryck Ltr. re Production 28.

4. <u>Allegedly "Missing" AFW Logs</u>

First, as we have explained, ▮▮▮▮▮▮▮▮▮▮▮▮ They are thus custodial documents subject to the Court's orders and the parties' agreements regarding custodial document review and production. Your assertion to the contrary (*i.e.*, that "Regardless of the systems on which Rimini chose to store those logs, these logs are non-custodial documents") is factually inaccurate. Further, your suggestion that Rimini supposedly "delay[ed]" in "revealing that ▮▮▮▮▮▮▮▮▮▮ is false; Rimini produced the source code for AFW both in *Rimini II* and, again, months ago in this proceeding, and the source code readily identifies what logs are created. Rimini has concealed *nothing* regarding AFW.

Second, your letter lists ▮▮▮▮▮▮▮▮▮▮ We do not know how Oracle created that list, but ▮▮▮▮▮▮▮▮▮▮