# EXHIBIT 27
# Nov. 18, 2019 Letter from J. Tryck to J. Minne
# REDACTED VERSION

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

3161 Michelson Drive
Irvine, CA 92612-4412
Tel 949.451.3800
www.gibsondunn.com

Jennafer M. Tryck
Direct: +1 949.451.4089
Fax: +1 949.475.4789
JTryck@gibsondunn.com

Client: 79957-00020

November 18, 2019

VIA ELECTRONIC MAIL

Jacob J.O. Minne
Morgan, Lewis & Bockius LLP
1400 Page Mill Road
Palo Alto, CA 94304-1124

Re:  *Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 2:10-cv-0106-LRH-VCF (D. Nev.)

Dear Jacob:

We write to respond to your November 8, 2019 letter.

1. Production of Dev Instructions Transmitted Via AFW

The two files referenced in your letter were produced with Bates numbers ███████████████████████████████████████████████████████████████.

We do not have an estimate at this time for completion of our production in response to your subsequent request for files transferred via the AFW TransferFile tool between approximately July 23, 2019 and September 17, 2019. We continue to work on that, but the Rimini resources needed for that collection are also working on the numerous other issues discussed in this letter and identified in Oracle's November 8, 2019 letter.

2. Production of Draft Dev Instructions

We've explained multiple times our position that draft Dev Instructions that were not sent to clients are not relevant, and we refer Oracle to our prior letters on that issue (*e.g.* letters of Sept. 6, Oct. 11, and Oct. 28, 2019). Your latest letter, again, does not articulate any persuasive reason that these drafts (never sent to client environments) are relevant. Oracle claims that the draft Dev Instructions "provide technical information about updates to [Rimini's] clients" (Nov. 8, 2019 Ltr. from J. Minne to J. Tryck at 1), but that is not accurate. Because the draft Dev Instructions are drafts that never went to clients, they do not provide information about the implemented updates; the final Dev Instructions do, and Rimini has agreed to produce them. Oracle's argument that the draft Dev Instructions are "direct-from-the-source" ignores that the same is true for the final Dev Instructions, but the finals (unlike drafts) actually reflect an implemented update. Finally, Oracle's letter again raises a specific

GIBSON DUNN

Jacob J.O. Minne
November 18, 2019
Page 2

Dev Instruction that Oracle contends is relevant, but as already explained in Rimini's October 28, 2019 letter, that file was produced because it was sent to a client environment; it thus does not fall into the category of the documents at issue in your letter—namely, drafts not sent to clients.

Likewise, we have explained in multiple letters that draft Dev Instructions in the "For Legal Review – Privileged" folder are attorney-client privileged communications.[1] Oracle's November 8, 2019 letter repeats arguments Rimini already responded to and makes new ones that are not supported. For example, Oracle's letter mischaracterizes Rimini's position by claiming that "Rimini is seeking to block discovery of nearly all early-draft Dev Instructions because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇)." Nov. 8, 2019 Ltr. from J. Minne to J. Tryck at 2. That is false. The documents placed in the "For Legal Review" folder are placed there to solicit legal advice, not as part of some plan to "block" discovery. Similarly, Oracle argues that the folder is "self-servingly titled 'For Legal Review—Privileged.'" *Id.* But the folder is appropriately named, because the documents placed there are for review by Rimini Legal; there is nothing inaccurate or "self-serving" about it. Finally, there is no basis for Oracle's statement that legal review is sought only for "'editorial' changes." *Id*. The documents placed in the folder are reviewed to, among other reasons, ensure that the updates comply with the injunction.

3.   Rimini's Production of Salesforce and SharePoint Materials

Rimini completed production of Salesforce materials on October 22. *See* Oct. 22, 2019 J. Tryck Ltr. re Production 28. Oracle now demands that Rimini produce exports of all tables that it previously produced in *Rimini II*, but provides no explanation for why these tables are relevant to this injunction compliance proceeding. Rimini does not agree that these tables are "missing" or that its Salesforce production is otherwise incomplete.

4.   Allegedly "Missing" AFW Logs

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, we do not understand the basis for Oracle's statement that logs "should exist." Nov. 8, 2019 Ltr. from J. Minne to J. Tryck at 3. Oracle's letter asks several questions regarding these computers, what operating systems they run, when those operating systems changed, etc. It is burdensome for Rimini to obtain answers to these informal questions. Nonetheless, in a good

---

[1] A small number of draft Dev Instructions from this folder were sent to clients, and Rimini is not claiming privilege over them and has or will produce them.