BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:     702.382.7300
Facsimile:     702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
1401 New York Avenue, NW, 11th Floor
Washington, DC 20005
Telephone:     (202) 237-2727
Facsimile:     (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON
   (*pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:     415.293.6800
Facsimile:     415.293.6899
sholtzman@bsfllp.com
brichardson@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:     415.442.1000
Facsimile:     415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:     650.506.4846
Facsimile:     650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc., and Oracle
International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>                Plaintiffs,<br><br>        v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>                Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**MOTION TO SEAL PORTIONS OF ORACLE'S MOTION TO COMPEL RE POST-INJUNCTION DISCOVERY, THE DECLARATIONS OF DAVID KOCAN AND BARBARA ANN FREDERIKSEN-CROSS, AND EXHIBITS THERETO** |

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), Local Rule 10-5(b), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") respectfully request that the Court order the Clerk of the Court to file Exhibits 1-7 to the Declaration of Barbara Ann Frederiksen-Cross ("BFC Declaration") and Exhibits 8-15 to the Declaration of David Kocan ("Kocan Declaration") under seal in their entirety, filed in support of Oracle's Motion to Compel and Memorandum of Points and Authorities re Post-Injunction Discovery ("Motion"); certain portions of Exhibits 16-29 to the Kocan Declaration; and those portions of the Declarations and Motion discussing the contents of those exhibits.  Public, redacted versions of the Motion, Declarations, and Exhibits were filed on December 6, 2019, *see* ECF Nos. 1290.  Unredacted versions of these documents will be filed under seal with the Court and linked to the filing of this Motion.  "'[G]ood cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

The Protective Order states, "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' under the terms of this Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation."  Protective Order ¶ 2.

Oracle requests that the Court seal portions of the Motion, the BFC Declaration, the Kocan Declaration, Exhibits 8-15 to the Kocan Declaration in their entirety, portions of Exhibits 16-29 to the Kocan Declaration, and Exhibits 1-7 to the BFC Declaration in their entirety, because the declarations and exhibits contain non-public, technologically and commercially

sensitive information relating to Oracle's software, the public disclosure of which would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle. Oracle's customers and potential customers could use such information to their advantage in negotiations with Oracle, and Oracle's competitors and potential competitors could use such information in competition with Oracle.

Certain redacted portions of Oracle's Motion, the Kocan Declaration, the BFC Declaration, and exhibits thereto reflect information that Rimini Street, Inc. ("Rimini") has designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under the Protective Order. Other redacted portions of Oracle's Motion reflect information drawn from additional sources designated by Rimini under the Protective Order in *Rimini II*. Oracle submits these documents under seal pursuant to the Protective Order based on Rimini's representation that it reasonably believes there is a valid basis under the Protective Order for its confidentiality designations. Rimini has designated Exhibits 11-15 to the Kocan Declaration and Exhibits 1-2, 5-7 to the BFC Declaration as "Highly Confidential Information – Attorneys' Eyes Only," and thus represents that those documents are subject to protection under Federal Rule of Civil Procedure 26(c) and should be filed under seal. Because the material was designated by Rimini, Oracle is not in a position to provide further justification for why filing the documents publicly would cause Rimini harm sufficient to show good cause. Other portions of Oracle's Motion and the Kocan Declaration reflect information about Rimini's network security and have been redacted out of an abundance of caution so as not to place that information into the public record.

Oracle has submitted all other portions of the Motion, Declarations, and Exhibits for filing in the Court's public files, which will allow public access to all materials except for the portions discussed above. Accordingly, this request to seal is narrowly tailored.

1

2

For the foregoing reasons, Oracle respectfully requests that the Court grant leave to file under seal the documents discussed above.

3

4

DATED: December 6, 2019          MORGAN, LEWIS & BOCKIUS LLP

5

6

By:  _____/John A. Polito/_____

John A. Polito

7

8

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 6th day of December, 2019, I electronically transmitted the

foregoing **MOTION TO SEAL PORTIONS OF ORACLE'S MOTION TO COMPEL RE**

**POST-INJUNCTION DISCOVERY, THE DECLARATIONS OF DAVID KOCAN AND**

**BARBARA ANN FREDERIKSEN-CROSS, AND EXHIBITS THERETO** to the Clerk's

Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all

counsel in this matter; all counsel being registered to receive Electronic Filing.

MORGAN, LEWIS & BOCKIUS LLP

DATED: December 6, 2019

By:      */John A. Polito/*

       John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle
America, Inc., and Oracle International
Corporation

CERTIFICATE OF SERVICE