| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>MARK A. PERRY (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  11101<br>Telephone: 202.955.8500<br>mperry@gibsondunn.com | RIMINI STREET, INC.<br>DANIEL B. WINSLOW (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566<br>Telephone: (925) 264-7736<br>dwinslow@riministreet.com |
| GIBSON, DUNN & CRUTCHER LLP<br>JEFFREY T. THOMAS (*pro hac vice*)<br>BLAINE H. EVANSON (*pro hac vice*)<br>JOSEPH A. GORMAN (*pro hac vice*)<br>CASEY J. MCCRACKEN (*pro hac vice*)<br>3161 Michelson Drive<br>Irvine, CA  92612-4412<br>Telephone: 949.451.3800<br>jtthomas@gibsondunn.com<br>bevanson@gibsondunn.com<br>jgorman@gibsondunn.com<br>cmccracken@gibsondunn.com | RIMINI STREET, INC.<br>JOHN P. REILLY (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: (336) 908-6961<br>jreilly@riministreet.com<br><br>HOWARD & HOWARD ATTORNEYS PLLC<br>W. WEST ALLEN (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV 89169<br>Telephone: (702) 667-4843<br>wwa@h2law.com |
| GIBSON, DUNN & CRUTCHER LLP<br>SAMUEL LIVERSIDGE (*pro hac vice*)<br>ERIC D. VANDEVELDE (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone: 213.229.7000<br>sliversidge@gibsondunn.com<br>evandevelde@gibsondunn.com | |

*Attorneys for Defendants*
*Rimini Street, Inc., and Seth Ravin*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>        Defendants. | CASE NO. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI STREET, INC.'S MOTION TO SEAL DOCUMENTS IN CONNECTION WITH RIMINI'S OPPOSITION TO ORACLE'S MOTION TO COMPEL RE POST-INJUNCTION DISCOVERY** |

Gibson, Dunn & Crutcher LLP

RIMINI'S MOTION TO SEAL DOCUMENTS IN CONNECTION WITH ITS OPPOSITION TO ORACLE'S
MOTION TO COMPEL RE POST-INJUNCTION DISCOVERY
CASE NO. 2:10-CV-00106-LRH-VCF

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Rimini Street, Inc. ("Rimini") respectfully requests that the Court seal (1) portions of Rimini's Opposition to Oracle's Motion to Compel re Post Injunction Discovery ("the Opposition"); (2) portions of the Declaration of Sheryl Arnold ("Arnold Declaration") in support thereof; (3) the Declaration of Tim Conley ("Conley Declaration") in support thereof; (4) the Declaration of Erin Mendillo ("Mendillo Declaration") in support thereof; (5) portions of the Declaration of Meyleen Beichler ("Beichler Declaration") in support thereof; (6) portions of the Declaration of Frank Reneke ("Reneke Declaration") in support thereof; (7) Exhibits A and C to the Declaration of Eric D. Vandevelde ("Vandevelde Declaration"); and (8) portions of Exhibits B and D to the Vandevelde Declaration.  Collectively, these materials are referred to as the "Confidential Materials."  The Confidential Materials should be sealed because they contain confidential information regarding Rimini's business processes, and confidential information regarding Rimini's clients, as set forth below.

This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*.  *See*, *e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250; *see also Rimini II*, Case No. 2:14-cv-1699, ECF Nos. 127, 137, 222, 280–282, 287, 333–334, 371, 391, 434–436, 602, 625–628, 760–768, 836–849, 1122, 1191.  The Confidential Materials contain information Rimini has designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure.  Good cause exists to seal these documents because they contain highly confidential information about Rimini's proprietary processes and sensitive information regarding Rimini's clients.

I.   **ARGUMENT**

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c).  Rimini

1
RIMINI'S MOTION TO SEAL DOCUMENTS IN CONNECTION WITH ITS OPPOSITION TO ORACLE'S MOTION TO COMPEL RE POST-INJUNCTION DISCOVERY
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

requests that the Court seal (1) confidential information about Rimini's proprietary processes; and (2) sensitive information regarding Rimini's clients.

### A. Confidential Information About Rimini's Proprietary Processes

Rimini moves to seal proprietary information regarding the ways in which Rimini provides services to its clients and runs its business operations. This information is reflected in portions of the Opposition, the Arnold Declaration, the Conley Declaration, the Mendillo Declaration, the Beichler Declaration, the Reneke Declaration and Exhibits A–D attached to the Vandevelde Declaration.

The Opposition, the Arnold Declaration, the Conley Declaration, the Mendillo Declaration, and Exhibits A–D attached to the Vandevelde Declaration contain detailed information about Rimini's proprietary technical processes and how Rimini provides services to its clients. Disclosure of this information, whether in the exhibits and declarations themselves, or in the portion of the Opposition discussing the exhibits and declarations, would advantage Rimini's competitors, disclosing trade secrets that would allow Rimini's competitors to adopt methods that have made Rimini successful, and more easily allow them to compete in the third-party software service marketplace. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 105793, at *2 (D. Nev. Jan. 7, 2015) (granting motion to seal where documents "contain[ed] information that could injure Plaintiffs' competitive posture in the . . . industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice, trade secret, and technical information that could injure the parties' competitive posture"); *Clark v. Metro. Life Ins. Co.*, 2010 WL 1006823, at *1 (D. Nev. Mar. 16, 2010) (granting motion to seal materials that would "bring attention to MetLife's confidential internal business deliberations, organization, and capabilities"). In addition, the Beichler Declaration and Reneke declaration contain sensitive non-public information regarding the creation of Rimini's marketing materials, which could cause Rimini business harm if revealed publicly. *See Clark*, 2010 WL 1006823, at *1.

Gibson, Dunn & Crutcher LLP

2
RIMINI'S MOTION TO SEAL OPPOSITION TO ORACLE'S MOTION TO COMPEL RE POST-INJUNCTION DISCOVERY
CASE NO. 2:10-CV-00106-LRH-VCF

This Court has previously granted motions to file under seal portions of documents containing this type of confidential information regarding Rimini's internal business processes. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250; *see also Rimini II*, Case No. 2:14-cv-1699, ECF No. 627.  Sealing references to Rimini's proprietary information will not frustrate the public's visibility into the judicial process because Rimini requests the targeted sealing of particularly sensitive information and leaves all other documents unsealed.

**B.     Client Confidential Information**

Rimini also moves to seal portions of the Opposition and Exhibit D to the Vandevelde Declaration, which may disclose proprietary client information, including what software clients run, how they permit it to be serviced, and technical and other issues with their environments and archives.

These are non-parties against whom Oracle has taken no legal action, and many of these clients expect their dealings with Rimini to be kept confidential.  If these clients have not authorized their relationship with Rimini to be made public, as discussed above, the processes and litigation positions related to that relationship should be treated with even more sensitivity.  Indeed, Rimini believes that its clients have an expectation of confidentiality not just regarding the fact of their relationship with Rimini, but also information they convey to Rimini, including not only the data they may produce but also their descriptions of communications with Oracle and the positions they have taken related to this litigation in response to Oracle's subpoenas and/or Rimini's requests for data.  These clients' expectations of confidentiality outweigh any countervailing public interest in knowing the contents of client correspondence on these issues.

Additionally, failing to seal references to these clients would provide Rimini competitors with a  direct competitive advantage by, among other things, allowing those clients to be targeted and potentially poached more easily.  *See, e.g.*, *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 521 (9th Cir. 1993) ("The Customer Database has potential economic value because it allows a competitor…to direct its sales efforts to those potential customers that are already using the MAI computer system").  This Court has previously granted motion to file

3

RIMINI'S MOTION TO SEAL OPPOSITION TO ORACLE'S MOTION TO COMPEL RE POST-INJUNCTION DISCOVERY
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

under seal similar information. *See, e.g.*, ECF Nos. 460, 518, 541, 549. For all these reasons, Rimini requests that Rimini clients' confidential information be sealed.

## II.   CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court grant leave to file under seal the Confidential Materials.

Dated: December 16, 2019

                                                                                     GIBSON, DUNN & CRUTCHER LLP

                                                                                     By:   /s/ Eric D. Vandevelde
                                                                                                          Eric D. Vandevelde

*Attorneys for Defendants*
*Rimini Street, Inc., and Seth Ravin*

Gibson, Dunn & Crutcher LLP

4
RIMINI'S MOTION TO SEAL OPPOSITION TO ORACLE'S MOTION TO COMPEL RE POST-INJUNCTION DISCOVERY
CASE NO. 2:10-CV-00106-LRH-VCF

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

Dated: August 27, 2019

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Eric D. Vandevelde
Eric D. Vandevelde

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

103613696.2

1
RIMINI'S MOTION TO SEAL DOCUMENTS IN CONNECTION WITH ITS OPPOSITION TO ORACLE'S MOTION TO COMPEL RE POST-INJUNCTION DISCOVERY
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP