# EXHIBIT 29
# Dec. 3, 2019 Letter from J. Tryck to J. Minne
# REDACTED VERSION

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

3161 Michelson Drive
Irvine, CA 92612-4412
Tel 949.451.3800
www.gibsondunn.com

Jennafer M. Tryck
Direct: +1 949.451.4089
Fax: +1 949.475.4789
JTryck@gibsondunn.com

Client: 79957-00020

December 3, 2019

VIA ELECTRONIC MAIL

Jacob J.O. Minne
Morgan, Lewis & Bockius LLP
1400 Page Mill Road
Palo Alto, CA 94304-1124

Re:   *Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 2:10-cv-0106-LRH-VCF (D. Nev.)

Dear Jacob:

We write to respond to your November 26, 2019 letter and to follow-up on our November 27, 2019 letter.

1. Production of Dev Instructions Transmitted Via AFW

Your letter asks us to provide Oracle ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. No Oracle discovery request covers such information, nor is Rimini required to provide such discovery about discovery, or to reveal its counsel's work product.

We are diligently working to collect the remaining four Dev Instructions cited in Oracle's prior letter, along with other documents ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. We do not have a date certain for when that production will be completed.

2. Production of Draft Dev Instructions

As we have explained in multiple letters now (*e.g.*, letters of Sept. 6, Oct. 11, Oct. 28, and Nov. 18, 2019), we disagree with Oracle's assertions that draft Dev Instructions not provided to clients have any relevance. Rimini has agreed to produce: (1) all final Dev Instructions; and (2) all Dev Instructions sent to a client environment (even if non-final). The dispute is that Oracle also wants drafts of Dev Instructions that are not final, that were never sent to client environments, and that do not reflect the updates the clients actually implemented. We agree that we are joined on this issue. Rimini reserves all rights.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

Jacob J.O. Minne
December 3, 2019
Page 6

      development and support processes." Again, Interrogatory No. 5 seeks information about deliverables "that Rimini has provided to its customers." ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, adding them would be inaccurate.

- You argue that Rimini's response to Interrogatory No. 5 should include Issue IDs for deliverables in Jira that were also tracked through DevTrack (during the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Again, Oracle has access to Jira and can obtain whatever information it believes is "relevant to Rimini's development and support processes." But adding duplicative Jira IDs to Rimini's response to Interrogatory No. 5 would make it inaccurate.

      Finally, your various references to Rimini's "discovery obligations" are misguided. Rimini has directed Oracle to the information it seeks, and there is no basis for any contention that Rimini has not properly preserved that information. The compilation of information Oracle seeks does not exist in the ordinary course of business, and thus it must be created from the information Rimini has produced to Oracle. Rimini has no obligation to maintain information in Oracle's preferred fashion.

9.    <u>Rimini's Production in Response to RFP No. 11</u>

      <u>*List of all online materials and all documents "referenced" in their creation.*</u> Oracle requested "a list of all of the whitepapers, webinars, articles, updates, software, and manuals related to Oracle Software and Support Materials that Rimini makes available on its website, along with an estimate of the number of documents referenced or used in creating them." Nov. 26, 2019 J. Minne Ltr. Rimini has determined that it would be unduly burdensome to provide a list of all materials on Rimini's website that relate to PeopleSoft or JDE. Oracle can review Rimini's website and find that information for itself.

      As to Oracle's request for an estimate of all documents "referenced or used in creating" all of the documents on the website, our investigation determined that it is not possible to provide such a reliable estimate.

GIBSON DUNN

Jacob J.O. Minne
December 3, 2019
Page 7

*Webinars.* Your letter requests production of the two webinars referenced at https://info.riministreet.com/PeopleSoft-Webinars-LP.html.[1] As with other online marketing material, those webinars are not relevant to any issue in this proceeding. Nevertheless, if it will moot the parties' dispute regarding RFP No. 11, Rimini would be willing to produce those two webinars as a compromise. Otherwise, Rimini will oppose Oracle's motion regarding RFP No. 11 because it is overbroad, unduly burdensome, seeks irrelevant material, and is disproportionate to the needs of this proceeding.

10.  Designation of Material Produced by Public Entities Under the Protective Order

During the parties' meet and confer on October 22, 2019, you stated that at least one client that Oracle served with a public records request asked whether it could designate materials produced in response to that request under the *Rimini I* protective order. We asked you whether that client was aware that the parties have an agreement that any documents the client produces will be treated as Highly Confidential – Attorneys' Eyes Only. You did not respond to that question on the call, and have continued to avoid responding to it in subsequent correspondence. Your latest letter states that Oracle has "not taken a position with customers regarding Rimini's objections to Oracle's PRA requests." That is not responsive to the question we posed. Please state whether the Rimini client or clients Oracle is working with are aware of the parties' agreement, and, if so, please explain why that agreement does not address the client's concerns. If Oracle has not informed the client(s) of the parties' agreement, we suggest that it do so. Or, if Oracle identifies the client(s) at issue, we are happy to reach out to them.

As we have repeatedly explained, Rimini's objections to production by public clients rely on the production exemptions enumerated in the applicable public records request statutes. Where such exemptions apply, the documents are not subject to production. Rimini's positions on what exemptions may apply are laid out in Rimini's letters to those clients, which Oracle has.

11.  Files Sent via AFW TransferFiles

We received Exhibit C to your letter, which allegedly identifies "the 78 files" for which you contend "Rimini has failed to produce any copies (or even any files with matching filenames)." In most of these cases, the file was renamed subsequent to its transfer. In the

---

[1] There are three webinars advertised on this page: June 11th, July 9th, and August 13th. The July 9th webinar never took place and does not exist. The other two are both titled "Taking Control of Your PeopleSoft Roadmap," are given by the same speakers, and cover the same topics (though, the webinars are live, so are not word-for-word identical).