BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:     702.382.7300
Facsimile:     702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
1401 New York Avenue, NW, 11th Floor
Washington, DC 20005
Telephone:     (202) 237-2727
Facsimile:     (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON
   (*pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:     415.293.6800
Facsimile:     415.293.6899
sholtzman@bsfllp.com
brichardson@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:     415.442.1000
Facsimile:     415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:     650.506.4846
Facsimile:     650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc., and Oracle
International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual, <br><br> Defendants. | Case No. 2:10-cv-0106-LRH-VCF <br><br> **ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE FERENBACH'S ORDER RELATED TO RIMINI'S CLAIM OF ATTORNEY-CLIENT PRIVILEGE** <br><br> **PUBLIC REDACTED VERSION** |

# TABLE OF CONTENTS

I.      FACTUAL AND PROCEDURAL BACKGROUND .................................................... 2

        A.      Rimini's Technical Materials - Dev Instructions ........................................ 3
        B.      Oracle's Motion to Compel Draft Dev Instructions and Rimini's Evidence in
                Support of its Attorney-Client Privilege Objection ................................. 4
        C.      The Magistrate Judge's Decision ........................................................ 7
        D.      Procedural Status ............................................................................. 8

II.     LEGAL STANDARD ................................................................................... 8

III.    ARGUMENT .............................................................................................. 9

        A.      The Decision is Clearly Erroneous and Contrary to Law Because Rimini Made a
                Blanket Objection and Failed to Carry its Burden Demonstrating That Every
                Withheld Draft Dev Instruction Was Privileged ........................................ 9
        B.      The Decision is Clearly Erroneous and Contrary to Law Because it Failed to Apply
                the "Primary Purpose" Test to the Evidence ........................................ 11
        C.      The Decision is Clearly Erroneous Because it Permits Rimini to Cover-Up
                Violations of the Injunction That Had Already Occurred Under the Guise of
                Privilege ..................................................................................... 13

IV.     CONCLUSION ........................................................................................... 15

ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE'S ORDER RELATED TO
RIMINI'S CLAIM OF ATTORNEY-CLIENT PRIVILEGE

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*26 Beverly Glen, LLC v. Wykoff Newberg Corp.*,
  No. 2:05–CV–862–BES–GWF, 2007 WL 1560330 (D. Nev. May 24, 2007) ...............9, 13, 14

*Fowler v. Wal–Mart Stores, Inc.*,
  No. 2:16–CV–450 JCM (GWF), 2017 WL 3174915 (D. Nev. July 26, 2017)..........................8

*Medversant Techs., L.L.C. v. Morrisey Assocs., Inc.*,
  No. CV0905031MMMFFMX, 2011 WL 13124128 (C.D. Cal. July 20, 2011) ......................8

*Ocean Mammal Inst. v. Gates*,
  2008 WL 2185180 (D. Haw. May 27, 2008) .........................................................................15

*Oracle USA, Inc., et al. v. Rimini Street, Inc.*,
  No. 18-16554, ECF. No. 11 (9th Cir. Nov. 5, 2018)................................................................2

*Phillips v. C.R. Bard, Inc.*,
  290 F.R.D. 615 (D. Nev. 2013) .........................................................................................9, 11

*Playstudios, Inc. v. Centerboard Advisors, Inc.*,
  No. 2:18-CV-1423 JCM (NJK), 2019 WL 6493926 (D. Nev. Dec. 3, 2019) ..........................8

*Radiant Burners, Inc. v. Am. Gas Ass'n*,
  320 F.2d 314 (7th Cir. 1963)................................................................................................15

*Residential Constructors, LLC v. Ace Prop. & Cas. Ins. Co.*,
  No. 2:05-cv-01318-BES-GWF, 2006 WL 3149362 (D. Nev. Nov. 1, 2006) .........................15

*Rimini Street, Inc. v. Oracle USA, Inc., et al.*
  (No. 19-589)............................................................................................................................2

*Roth v. Aon Corp.*,
  254 F.R.D. 538 (N.D. Ill. 2009).............................................................................................12

*U.S. Postal Serv. v. Phelps Dodge Refining Corp.*,
  852 F. Supp. 156 (E.D.N.Y. 1994) .......................................................................................15

*United States v. Martin*,
  278 F.3d 988 (9th Cir. 2002), *as amended on denial of reh'g* (Mar. 13, 2002)...................9, 10

*Upjohn Co. v. United States*,
  449 U.S. 383 (1981)...............................................................................................................11

*US v. Turino*,
  No. 2:09-cr-00132-JAD-GWF, 2015 WL 7432339 (D. Nev. Nov. 23, 2015)....................9, 10

ii

*Wood v. Nautilus Insurance Company*,
No. 2:17-cv-02393-MMD-DJA, 2019 WL 4932924 (D. Nev. Oct. 7, 2019) ............................8

*Wynn Resorts, Ltd. v. Eighth Judicial Dist. Court in & for Cty. of Clark*,
133 Nev. 369, 399 P.3d 334 (2017), reh'g denied (Sept. 28, 2017) ........................................12

**Statutes**

28 U.S.C. § 636(b)(1)(A) ....................................................................................................................1

**Other Authorities**

Federal Rule of Civil Procedure 72(a) .........................................................................................1, 8

ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE'S ORDER RELATED TO
RIMINI'S CLAIM OF ATTORNEY-CLIENT PRIVILEGE

Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") respectfully submit Objections to portions of the Magistrate Judge's order denying Oracle's Motion to Compel Defendant Rimini Street, Inc. ("Rimini") to produce documents in response to Oracle's Supplemental Requests for Production of Documents Nos. 9 and 14 on the basis of Rimini's claim of attorney-client privilege.  Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule IB 3–1, these Objections are based upon the relevant portions of the parties' briefing on Oracle's Motion to Compel and exhibits thereto, the oral argument on the Motion, these Objections, the entire record in this action, and such other matters and argument as may be presented to the Court.

Oracle moved to compel Rimini's draft technical software instructions ("Dev Instructions") because these documents show Rimini's continued cross-use of PeopleSoft environments.  In the process of providing support to one customer, Rimini software engineers create a purported "draft" Dev Instruction so that other Rimini engineers can provide *the same* update to other Rimini customers.  Thus, the draft Dev Instructions show Rimini's continued cross-use in violation of this Court's Injunction because they show Rimini developing a fix or update in one customer's environment for the benefit of other customers.  In addition, the discovery Oracle has obtained shows instances where a draft Dev Instruction contains Oracle source code, again in violation of the Injunction.  In an effort to conceal its continuing improper conduct, Rimini ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Rimini cannot use the attorney-client privilege to shield evidence of its violations of the Injunction simply by sending documents about its support processes to in-house counsel or ███████████████████████████████

The portion of the Magistrate Judge's decision holding that Rimini met its burden to establish privilege over draft technical software instructions ("Dev Instructions") was clearly erroneous and contrary to law for three reasons:

1

(1) Rimini failed to meet its burden of establishing that the draft Dev Instructions are privileged because Rimini produced no privilege log, but rather, Rimini improperly asserted a blanket objection that an entire category of unspecified documents is privileged;

(2) Rimini admitted that the primary purpose of creating the draft Dev Instructions is for the *business purpose* of providing updates to multiple customers and not for the *legal purpose* of seeking advice from counsel, and the decision misapplied the primary-purpose test; and

(3) The law is well settled that Rimini cannot use the privilege to shield regular business operations and ongoing support processes that violate the Injunction.

The Magistrate Judge's decision should be reversed.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial, numerous court opinions, and appeals, this Court entered an Injunction prohibiting Rimini from continuing business practices in order to stop Rimini's infringement of Oracle's copyrights on August 15, 2018, followed by a temporary stay on September 11, 2018.  ECF Nos. 1166, 1177.  On November 5, 2018, the Ninth Circuit denied Rimini's request to stay the Injunction pending appeal.  *Oracle USA, Inc., et al. v. Rimini Street, Inc.*, No. 18-16554, ECF. No. 11 (9th Cir. Nov. 5, 2018).  The Injunction, therefore, became effective as of November 6, 2018, and will remain in effect following the Ninth Circuit affirming this Court's judgment on August 16, 2019, ECF No. 1236, and the Supreme Court's denial of *certiorari.  Rimini Street, Inc. v. Oracle USA, Inc., et al.* (No. 19-589), 2020 WL 129622 (Jan. 13, 2020).

Rimini refused to confirm that it was in compliance with this Court's Injunction, stating that the Injunction is "vague, unlawful, and otherwise legally defective" and claiming compliance with the terms of the Injunction only "insofar as they are comprehensible and within the scope of the judgment in *Rimini I*."  ECF 1199-24.  Oracle successfully moved to permit discovery into Rimini's compliance with the Injunction, ECF 1201, and despite this Court repeatedly ordering Rimini to produce documents and information relevant to its compliance with the Injunction (ECF Nos. 1215, 1232, 1255), Rimini resisted such production.

Rimini then resisted meaningful custodial discovery, despite this Court's order granting

ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE'S ORDER RELATED TO RIMINI'S CLAIM OF ATTORNEY-CLIENT PRIVILEGE

such discovery (ECF No. 1232), arbitrarily refusing to produce any more than 30,000 custodial documents across six custodians—despite Rimini producing over 750,000 custodial documents in *Rimini I* and 4.7 million custodial documents in *Rimini II*.  Oracle moved to compel custodial productions, ECF No. 1237, and again this Court ordered Rimini to produce documents responsive to Oracle's requests for production.  ECF No. 1255.

Rimini's latest tactic for resisting production ordered by this Court is the improper assertion of privilege over non-privileged documents, blocking discovery into Injunction violations by funneling draft software documents through ███████████████ withholding the draft, and removing evidence of cross-use and copying of Oracle code from the "final" versions of the document.

A.    <u>**Rimini's Technical Materials - Dev Instructions**</u>

Rimini's "Dev Instructions" are technical materials that both document Rimini's initial development process and tell Rimini employees how to create identical updates across multiple customers.  ECF No. 1292, Oracle's Dec. 6, 2019 Motion to Compel ("Mot."), at 3-4.  Rimini software engineers create and use these technical documents in the ordinary course of their job responsibilities.  *Id.*  As the following excerpt shows, Dev Instructions are highly technical:

ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE'S ORDER RELATED TO
RIMINI'S CLAIM OF ATTORNEY-CLIENT PRIVILEGE

ECF No. 1291-1, Decl. of Barbara A. Frederiksen-Cross ("BFC Decl.") ¶ 7; *id.* ¶ 9, Ex. 2



(excerpt).

In addition to documenting instances of cross-use where Rimini uses one customer-associated environment to develop and test updates for multiple customers, the Dev Instructions themselves sometimes contain copies of Oracle's copyrighted software code or derivative works based on that software code.  ECF No. 1292, Mot. at 3-6, 13-16.

**B.**   **Oracle's Motion to Compel Draft Dev Instructions and Rimini's Evidence in Support of its Attorney-Client Privilege Objection**

Oracle requested production of all of Rimini's draft Dev Instructions in Supplemental Request for Production Nos. 9 and 14.  ECF No. 1292, Decl. of David R. Kocan ("Kocan Decl.") ¶ 6, Ex. 10 at 5-7 (RFP No. 14).  Rimini produced all final Dev Instructions that were sent to or used with customers but objected to producing any "drafts" on the basis of relevance and attorney-client privilege.  *Id.* ¶ 21, Ex. 24 (Oct. 28, 2019 letter from J. Tryck to J. Minne).  Rimini produced no privilege log regarding these documents or regarding any communications to which

4

the documents were attached.  Thus, Oracle and the Court below do not know: (a) how many purported "drafts" there are; (b) who received these "drafts"; (c) whether these documents were sent to persons outside of Rimini, which would vitiate any claim of privilege; (d) when these documents were created; or (e) when any attorney reviewed these documents, or whether an attorney ever reviewed them at all.  The purported draft Dev Instructions reside in a black box, and Rimini's blanket assertion of privilege is solely based on Rimini's say-so.

In support of its Motion to Compel, Oracle submitted evidence that demonstrated that the draft Dev Instructions reflect violations of the Injunction.  ECF No. 1292, Mot. at 13-16.  ███████

████████████████████████████████████████████████████████████████  ECF No. 1297, Rimini's Dec. 16, 2019 Opposition to Oracle's Motion to Compel ("Opp.") at 22.  Creating an update using an environment associated with one customer for the benefit of multiple customers both infringes Oracle's copyright rights and violates the Injunction.  Order re Oracle's First Mot. for Partial Summ. J., ECF No. 474 at 13 (holding that Rimini's copying of City of Flint's environment to "develop and test software updates for the City of Flint and other Rimini customers with similar software licenses" was unauthorized); ECF No. 1166, Permanent Injunction Against Defendant Rimini Street ("Injunction") ¶¶ 4, 6.  Some draft Dev Instructions also contain copies of Oracle code.  *Compare* ECF No. 1291-1, BFC Decl. ¶ 9, Ex. 2 at lines 37-38 (RSI006865952) *with id.* ¶ 12, Ex. 4 at lines 217, 224 (Oracle GA File ███████).  Under the Injunction, Rimini may not create copies of Oracle source code on its own computer systems.  ECF No. 1166, Injunction ¶ 5.  In the course of creating what Rimini calls its "final" Dev Instructions, ██████████ ██████████████████████████████████████ ███  ECF No. 1291-1, BFC Decl. ¶ 10, Ex. 3, side-by-side ███████████ ██████  But ████████████████████████████████████████ ████████████  merely covers up Rimini's continued infringement.

Oracle also submitted evidence that undermined Rimini's claims of privilege.  Rimini originally stored the Dev Instructions ██████████████████████████ ████████████████████████████████████████



1  ██████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████

3  ████████ ECF No. 1292, Mot. at 5.  Despite ███████████, the draft Dev Instructions are

4  ████████████████████████████████████████████████████████

5  ███████████████████████████████████████████████████████

6  ████████████████.  *Id.* at 4-5; ECF No. 1297-4, Mendillo Decl. ¶ 7.[1]  Rimini's engineers can

7  ████████████████████████████████████████████████████████

8  ██████████████████████████████████████████████████████

9  █████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████

11 ███████████████████████████████████████████████████████

12 ████████████████████████████ ECF No. 1292, Mot. at 5; ECF No. 1297-4, Mendillo Decl.

13 ¶ 6.[2]

14     In opposing Oracle's Motion to Compel, Rimini argued that the draft Dev Instructions are

15 irrelevant and shielded by the attorney-client privilege.  ECF No. 1297, Rimini's Dec. 16, 2019

16 Opposition at 14-23.  Rimini submitted two declarations in support of its Opposition.  Tim

17 Conley's Declaration ██████████████████████████████████████

18 ████████████████████████████████████████████████████████

19 ECF No. 1297-3, ¶¶ 2-3.  Mr. Conley ████████████████████████████

20 ██████████████████████████████ *Id.*  Likewise, the declaration of Erin

21 Mendillo, █████████████████████████████████████████

22 ████████████████████████████████████████████████████████

23

24  ─────────────────────
   [1] There is no evidence in the record that access to the withheld documents in the claim of

25 privilege is restricted to specific individuals.  Rather, Rimini's declarant states ████████

26 ██████████████████████████████████████████████████████████

27 ██████ Mendillo Decl. ¶ 7.
   [2] Rimini's declarant █████████████████████████████████████

28 ██████████████████████████████ *Id.* ¶ 6.

ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE'S ORDER RELATED TO
RIMINI'S CLAIM OF ATTORNEY-CLIENT PRIVILEGE

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████ ECF No. 1297-4, Mendillo Decl. ¶¶ 3-

3 4.  In fact, ████████████████████████████████████████

4 ████████████████████████████████████████████████

5 ████████████████████████ *Id.*

6 **C.**     **The Magistrate Judge's Decision**

7      The Magistrate Judge heard oral argument on Oracle's Motion to Compel on January 22,

8 2020.  ECF Nos. 1304, 1307, and 1310.  The Magistrate Judge ruled on the Motion as to

9 Supplemental Requests 9 and 14 as follows:

10      THE COURT: All right. Okay. Well, I don't know, this is a little bit harder one.
But it seems like to me, you know, assuming everything really from your point of
11 view, from Oracle's point of view, that what Rimini is doing is taking steps to comply
with the injunction, and they're using lawyers to do that, and it seems that if I were to
12 order they've got to produce all that now, that that's -- I don't know, it just doesn't seem
right to me.

13                                        * * *

      So I find that the claim of attorney-client privilege in this set circumstance where
14 there's a draft of a Dev Instruction to deal with a situation, and that they have taken an
extra step to make sure they're not violating the injunction when they go ahead and send it
15 off to the customers, that that's an appropriate attorney-client interaction.

      It is a communication to an attorney for advice. And so those draft Dev
16 Instructions, as long as they weren't sent out to anybody beyond the copy, will not be
produced.

17      Now -- or what was I going to say? You know, if it – you've got the one example,
you know, you can argue from that, but I just don't think it's appropriate -- you know, I
18 think it is appropriate to protect the attorney-client privilege in this situation. So the
motion to compel the draft Dev Instructions is denied.

19

20 ECF No. 1310, Jan. 22, 2020 Hearing Tr. at 54:2-55:3.  The Magistrate Judge further declined to

21 order Rimini to provide a privilege log or to provide redactions:

22      MS. SMITH: Your honor, I just wanted to inquire whether the Court would
consider ordering Rimini to produce a privilege log or redaction of the alleged privilege[d]
23 communications so we can assess [the] claim because right now it's just –

24      THE COURT: No, I understand.

25      MS. SMITH: -- a blanket objection.

26      THE COURT: I'm glad you asked me that because that's where I was going to go.

27      No, because I think the point here is that when the engineers send the draft to the
lawyer, that whole thing is – that's the communication from the client to the attorney to
28 get legal advice. So to me the whole draft is a privileged communication, and, you know,

7

ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE'S ORDER RELATED TO
RIMINI'S CLAIM OF ATTORNEY-CLIENT PRIVILEGE

it's part of the process so a redaction doesn't make any sense. I think that's what the record establishes.

*Id.* at 55:5-20. On January 29, 2020, the written minutes were issued. ECF No. 1307.[3]

### D.   Procedural Status

Oracle seeks the documents at issue in the Motion as part of its efforts to enforce this Court's Injunction.   Oracle will seek a ruling on Rimini's contempt of the Injunction with ongoing violations pursuant to the Scheduling Order by April 15, 2020. The documents sought by these Objections are relevant and important to the Order to Show Cause Motion that Oracle will file in approximately two months.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a), after a party timely files objections to a Magistrate Judge's written ruling, a district judge must modify or set aside any part of the order that is clearly erroneous or is contrary to law. *See also* LR IB 3-1(a). "The 'clearly erroneous' standard applies to a magistrate judge's factual findings, whereas the 'contrary to law' standard applies to a magistrate judge's legal conclusions." *Fowler v. Wal–Mart Stores, Inc.*, No. 2:16–CV–450 JCM (GWF), 2017 WL 3174915, at *2 (D. Nev. July 26, 2017) (citing *Grimes v. Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991)). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Playstudios, Inc. v. Centerboard Advisors, Inc.*, No. 2:18-CV-1423 JCM (NJK), 2019 WL 6493926, at *1 (D. Nev. Dec. 3, 2019) (quoting *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (internal quotation marks omitted)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Wood v. Nautilus Insurance Company*, No. 2:17-cv-02393-MMD-DJA, 2019 WL 4932924, at *2 (D. Nev. Oct. 7, 2019). "Under the contrary to law standard, the Court conducts a de novo review of the Magistrate Judge's legal

---

[3] The written Minutes were entered and served on the Parties on January 29, 2020, thus these Objections are timely. *See, e.g., Medversant Techs., L.L.C. v. Morrisey Assocs., Inc.*, No. CV0905031MMMFFMX, 2011 WL 13124128, at *2 (C.D. Cal. July 20, 2011) (ruling timely motion filed within fourteen days after minutes were served).

conclusions." *26 Beverly Glen, LLC v. Wykoff Newberg Corp.*, No. 2:05–CV–862–BES–GWF, 2007 WL 1560330, at *2 (D. Nev. May 24, 2007).

### III.   ARGUMENT

The Magistrate Judge's decision is clearly erroneous and contrary to law for three reasons. First, Rimini failed to meet its burden to establish that all of the draft Dev Instructions were privileged, as it asserted a blanket privilege claim without producing any privilege log or making an individualized showing as to each document.  Second, the decision did not apply the applicable primary-purpose test in assessing whether attorney-client privilege applies to draft Dev Instructions.  Third, the decision improperly allows Rimini to hide violations of the Injunction and shield its support processes behind the curtain of a broad privilege claim.

### A.   Rimini Failed to Carry its Burden Demonstrating That Every Withheld Draft Dev Instruction Is Privileged

The party asserting the attorney-client privilege has the burden of establishing the privilege as to specific documents and not asserting a "blanket claim" without evidentiary support.  *See United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002), *as amended on denial of reh'g* (Mar. 13, 2002).  A party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which the privilege is asserted.  *Id.* at 1000 (*citing US v. Osborn*, 561 F.2d 1334, 1339 (9th Cir. 1977).  Not every communication with a lawyer is privileged.  To satisfy the burden of establishing privilege, the "party asserting the privilege must also identify specific communications and the grounds supporting the privilege for each piece of evidence over which the privilege is asserted."  *US v. Turino*, No. 2:09-cr-00132-JAD-GWF, 2015 WL 7432339, at *2 (D. Nev. Nov. 23, 2015).  In asserting a claim of attorney-client privilege, a party must describe the documents in a manner that will enable the other parties to assess the claim such as with a privilege log.  Fed. R. Civ. P. (26(b)(5)(A); *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 627 (D. Nev. 2013) (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)).

Here, Rimini failed to provide any privilege log or any other evidence establishing that all of the draft Dev Instructions meet each of the elements required for the attorney-client privilege.

ECF No. 1292 at 18.  Rimini even failed to establish how many documents were being withheld, and who received or accessed these documents.  ECF No. 1310 at 36:17-37:7.  Absent a privilege log, neither Oracle nor the Court below can determine whether these documents were sent to persons outside of Rimini, which would entirely dispose of Rimini's purported claim of privilege.  Nor did Rimini provide any detail about (or any privilege log entries concerning) the nature of any communications with or by the lawyers, or whether an attorney ever reviewed or provided any *legal advice* regarding the software instructions.  *Id*. at 36:17-37:7.  Regarding this entire category of unspecified documents, Rimini's ███████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████  Likewise, the statement that ██████████████████████

sheds no light on the issue of whether the attorney is providing *legal advice*.  ECF No. 1297-4, Mendillo Decl. ¶¶ 3-4.  Having made no showing that any document was, in fact, kept confidential, or was actually reviewed by an attorney, or that the attorney actually provided legal advice (as opposed to minor editorial comments) Rimini's assertion of attorney-client privilege must be overruled.

The Magistrate Judge's decision is clearly erroneous and contrary to law because it did not find that Rimini had met its burden to establish privilege over each of the withheld documents as attorney-client communications.  That would have been impossible given Rimini's failure to provide any specific information about the documents that would have allowed the Magistrate Judge and Oracle to have considered the documents or communications on a case-by-case basis.  Rather, the decision is premised on a finding that this unknown number and type of drafts are categorically privileged, based on a conclusory and vague declaration of Rimini's in-house lawyer.  ECF No. 1310 at 55:12-20.  Rimini provided no information in the record from which the Magistrate Judge could conclude that Rimini had satisfied its burden establishing privilege as to each draft Dev Instruction.  *See, e.g.*, *Martin*, 278 F.3d at 1000 ("A party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted.").

ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE'S ORDER RELATED TO
RIMINI'S CLAIM OF ATTORNEY-CLIENT PRIVILEGE

**B.**     **The Decision Failed to Apply the "Primary Purpose" Test to the Evidence**

Oracle's Objections to the Magistrate Judge's decision on privilege should also be sustained because the Judge failed to properly apply the "primary purpose" test to the draft Dev Instruction documents.

A communication is only privileged when made for the purpose of securing legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981).  "As an extension of this, . . . in order for a communication [involving in-house counsel] that pertains to both business and legal advice to be considered privileged, the 'primary purpose' must be to obtain or give legal advice."  *Phillips*, 290 F.R.D. at 628.  The communications between employees and counsel must also be kept confidential, and communications by counsel providing business advice are not privileged.  *Id.*

The "draft" Dev Instructions withheld by Rimini under a claim of privilege are ███ ███████████████████████████████████████████████████████████████████ ███████████████████████████     ECF No. 1291-1, BFC Decl. ¶ 7; *id.* ¶ 9, Ex. 2 (excerpt). Rimini's Opposition ██████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████ Opp. at 14-15.  Dev Instructions ███████████████████████ ██████████████████████ ECF No. 1297-3, Conley Decl. ¶ 2.  The Opposition also ███████ ███████████████████████████████████████ Opp. at 18.  Additionally, Rimini admits that draft Dev Instructions are essentially "technical specifications."  ECF 1292-9 ¶ 15, Ex. 18 (McCracken email).  Because the evidence and Rimini's admissions in the record establish that the primary purpose of draft Dev Instructions is to provide software support to its customers and not to obtain legal advice, Rimini has failed to carry its burden on the primary purpose test.

The Magistrate Judge's decision, however, relies on Rimini attorney argument that "[w]hen a developer creates a draft Dev Instruction, that is the communication. It doesn't matter that it's code, the communication is the provision of it to counsel.  It's the reason why I'm going to counsel."  ECF No. 1310 at 49:4-7; *id.* at 54:20 (the Dev Instruction "is a communication to an attorney for advice").  No evidence in the record supports this holding and it does not in any event satisfy the primary purpose test.  In fact, Rimini ███████████████████████████████████████

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ██████    *See* Opp. at 15 (citing ECF No. 1297-3, Conley Decl. ¶ 5; ECF No. 1297-4, Mendillo

4 Decl. ¶ 4); ECF No. 1302, Oracle's Reply in Support of Motion to Compel ("Reply") at 11 (citing

5 ECF No. 1297-3, Conley Decl. ¶ 5; ECF No. 1297-4, Mendillo Decl. ¶ 4). ████████████████

6 ████████████████████████████████████████████████████████

7 ██████████████████████████████████████████

8 ████████████████████████████████   ECF No. 1297-3, Conley Decl. ¶ 2.

9 Rimini also made no showing that the Dev Instructions are confidential communications.

10 *Wynn Resorts, Ltd. v. Eighth Judicial Dist. Court in & for Cty. of Clark*, 133 Nev. 369, 374, 399

11 P.3d 334, 341 (2017), reh'g denied (Sept. 28, 2017) ("[c]ommunications may be disclosed to

12 other persons within a corporation or legal team in order to facilitate the rendition of legal advice

13 without losing confidentiality; however, the disclosure must only be to the limited group of

14 persons who are necessary for the communication, and attempts must be made to keep the

15 information confidential and not widely disclosed.").  The draft Dev Instructions, ████████

16 ████████████████████████████████████████████ F.R.D.

17 ██████[4]████████████████████████████████████████

18 ████████████████████   ECF No. 1297-4, Mendillo Decl. ¶ 6.  In fact, there is no

19 evidence that the purported "draft" instructions actually were drafts.  If Rimini engineers access a

20 "draft" instruction developed based on work done for Customer A and uses that instruction to

21 support Customer B, then this instruction was final as far as Customer B is concerned, and the use

22 of this "draft" instruction is cross-use.  The fact that Rimini is making these purported "draft"

23 instructions available to developers and other employees destroys that privilege, which requires

24 that the communications are maintained as confidential.  *See Roth v. Aon Corp.*, 254 F.R.D. 538,

---

26 [4] There is no evidence in the record regarding who exactly has access to the withheld documents
in the claim of privilege.  Rimini's declarant only states ████████████████████████████

27 ████████████████████████████████████████████████████  Mendillo

28 Decl. ¶ 7.

541-42 (N.D. Ill. 2009).  And, as noted above, because Rimini produced no privilege log, it is impossible to determine whether Rimini waived the privilege by providing these "drafts" to third parties.

Rimini further made no showing that its counsel's edits and comments provide legal advice beyond the kind of "editorial comments or inserts providing factual background" that go "well beyond the 'outer boundary' of the privilege."  ECF No. 1302, Reply at 12; ECF No. 1292, Mot. at 19-20 (citing *U.S. Postal Serv. v. Phelps Dodge Refining Corp.*, 852 F. Supp. 156, 162 (E.D.N.Y. 1994) (finding defendants' claim of privilege over "editorial comments or inserts providing factual background" added by attorneys to technical documents to be "well beyond the 'outer boundary' of the privilege.")).  For example, Rimini produced two versions of a Dev Instruction document in which the differences appear to be purely editorial, and not legal in nature: ███████████████████████████████████████████████████████
████████████████████████████████████████████████ ECF No. 1292, Mot. at 19 (citing ECF No. 1291-1, BFC Decl. ¶ 15, Ex. 3 ██████████) (emphasis added to show changes).  Even assuming, *arguendo*, that the phrase "██████████████████████████
████████████████████" was added by Rimini's attorneys (and Rimini made no showing that they were), that phrase does not amount to legal advice.  *Id.*

Because the primary purpose of the draft Dev Instructions is for use in Rimini's technical software development process, the Magistrate Judge's decision that shielded these drafts from disclosure based on privilege, was an error.  *See 26 Beverly Glen, LLC*, 2007 WL 1560330, at *4-5 (sustaining objections where Magistrate Judge had not properly considered the *Daubert* factors in deciding whether an expert could testify and citing *Hunt v. National Broadcasting Co.*, 872 F.2d 289, 292 (9th Cir. 1989) for the proposition that "a Magistrate Judge' decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard—such failures constitute an 'abuse of discretion'").

**C.     Rimini Cannot Use the Privilege to Cover-Up Violations of the Injunction**

The Magistrate Judge's decision is also clearly erroneous and contrary to law because it allows Rimini to shield its software development processes, which are covered by the Injunction,

behind the wall of privilege and cover up violations of the Injunction when engineers save "draft" technical specifications in a ███████████████████████ *See* ECF No. 1310 at 51:15-53:14.

In finding the drafts are categorically privileged, part of the Magistrate Judge's analysis is that Rimini "ha[d] taken an extra step to make sure they're not violating the Injunction." *Id*. at 54:13-19.  This factual finding is incorrect and contrary to the terms of the Injunction. ████████ ██████████████████████████████████████████████████████████████████████████ ████████ ECF No. 1292, Mot. at 15, EFC No. 1292-9, Kocan Decl. ¶¶ 8-9, Exs. 11-12.  Cross-use is the entire purpose of the Dev Instructions: If Rimini created each update independently for individual customers, there would be no need for technical documentation to allow a Rimini engineer to replicate an update with another customer.  In other words, legal advice about the content of the Dev Instructions cannot be an "extra step" to ensure compliance with the Injunction, because the Injunction has already been violated by the time the draft Dev Instruction has been created.  Dev Instructions, including "drafts," are, thus, highly relevant to Oracle's investigation of Rimini's compliance with the Injunction's prohibitions on cross-use.  ECF No. 1166, Injunction ¶¶ 4, 6.  Through a comparison of a draft and final Dev Instruction, Oracle submitted evidence that the final version of the Dev Instruction document, at least in that instance, reflected ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████ EFC 1292, Mot. at 16; EFC No. 1292-1, BFC Decl., ¶ 5, Ex. 3.  The final version also made minor editorial changes.  *Id.*  But there is no evidence that such edits are privileged legal advice.  While Rimini attorneys argued that these edits are "pure legal advice," Rimini submitted no evidence in support of this claim. ECF No. 1310 at 50:16-24, 53:17-21.

The effect of the Magistrate Judge's decision is to allow Rimini to block discovery into these Injunction violations by placing a draft software document ████████████████████ withholding the draft, and removing the evidence of the cross-use or copying of Oracle code from the "final" versions of the document.  Rimini will be encouraged to misuse the privilege to hide

14

all of its software development if permitted to shield discovery in this fashion.  This prospect is particularly troubling in light of Rimini's prior spoliation of evidence, its adjudicated litigation misconduct, and its efforts to deny Oracle discovery regarding Rimini's compliance with this Court's Injunction.

The effect of the Magistrate Judge's decision that Rimini may create technical software documents internally that violate the Injunction and shield them behind attorney-client privilege as long as they are not sent to additional customers is clearly erroneous by the terms of the Injunction and the case law regarding privilege.  *See* ECF No. 1310 at 54:20-22.  *Radiant Burners, Inc. v. Am. Gas Ass'n*, 320 F.2d 314, 324 (7th Cir. 1963) ("Certainly, the privilege would never be available to allow a corporation to funnel its papers and documents into the hands of its lawyers for custodial purposes and thereby avoid disclosure."); *see also U.S. Postal Serv.*, 852 F. Supp. at 162 (noting the "necessarily limited legal role that an attorney has in commenting on documents prepared by scientific consultants"); *Ocean Mammal Inst. v. Gates*, 2008 WL 2185180, at *12, 15 (D. Haw. May 27, 2008) (applying privilege only to lawyer's comments in draft memorandum and requiring disclosure of remainder); *Residential Constructors, LLC v. Ace Prop. & Cas. Ins. Co.*, No. 2:05-cv-01318-BES-GWF, 2006 WL 3149362 (D. Nev. Nov. 1, 2006) (non-legal communications by lawyer not privileged).

## IV.   <u>CONCLUSION</u>

Oracle respectfully requests that the Court sustain its Objections to the Magistrate Judge's decision holding that all of Rimini's draft Dev Instructions are privileged on the basis of a blanket and unsubstantiated privilege objection, and compel Rimini to produce all of the withheld draft Dev Instructions in response to Oracle's Supplemental Request for Production of Documents Nos. 9 and 14.

1

2

DATED: February 12, 2020

MORGAN, LEWIS & BOCKIUS LLP

3

By: _____ */John A. Polito/* _____
John A. Polito

4

5

Attorneys for Plaintiffs Oracle USA, Inc., Oracle
America, Inc. and Oracle International Corporation

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE'S ORDER RELATED TO
RIMINI'S CLAIM OF ATTORNEY-CLIENT PRIVILEGE

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on the 12th day of February, 2020, I electronically transmitted the

3  foregoing **ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE'S**

4  **ORDER RELATED TO RIMINI'S CLAIM OF ATTORNEY-CLIENT PRIVILEGE** to the

5  Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic

6  Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

7                             MORGAN, LEWIS & BOCKIUS LLP

8  DATED: February 12, 2020

9                          By:           */John A. Polito/*
                                      John A. Polito

10

11                       Attorneys for Plaintiffs Oracle USA, Inc., Oracle
                       America, Inc. and Oracle International

12                             Corporation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE