GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 11101
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

*Attorneys for Defendant
Rimini Street, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., et al.,<br><br>Defendants. | CASE NO. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI STREET, INC.'S MOTION TO SEAL PORTIONS OF RIMINI STREET INC.'S RESPONSE TO ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE FERENBACH'S ORDER AND IN SUPPORT OF ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE FERENBACH'S ORDER** |

Gibson, Dunn & Crutcher LLP

RIMINI'S MOTION TO SEAL PORTIONS OF ITS RESPONSE TO ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE FERENBACH'S ORDER AND IN SUPPORT OF ORACLE'S MOTION TO SEAL
CASE NO. 2:10-CV-00106-LRH-VCF

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Rimini Street, Inc. ("Rimini") respectfully requests that the Court seal (1) portions of Rimini's Response to Oracle's Objections to Magistrate Judge Ferenbach's Order re Rimini's Claim of Attorney Client Privilege ("the Response"); and (2) portions of Oracle's Objections to Portions of Magistrate Judge Ferenbach's Order ("the Objections") as requested in Oracle's Motion to Seal Portions of Oracle's Objections to Portions of Magistrate Judge Ferenbach's Order, ECF No. 1312 ("Oracle's Motion to Seal").  Collectively, the Response and the Objections are referred to as the "Confidential Materials."  Portions of the Confidential Materials should be sealed because they contain confidential information regarding Rimini's business processes as set forth below.

This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, Case No. 2:14-cv-1699, ECF Nos. 127, 137, 222, 280–282, 287, 333–334, 371, 391, 434–436, 602, 625–628, 760–768, 836–849, 1122, 1191.  Indeed, motions to seal were granted for the underlying briefs, declarations, and exhibits related to the motion to compel that gave rise to the Objections. ECF No. 1307.  The Confidential Materials contain information Rimini has designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure.  Good cause exists to seal portions of these documents because they contain highly confidential information about Rimini's proprietary processes.

### I.     ARGUMENT

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c).  Rimini requests that the Court seal confidential information about Rimini's proprietary processes.

2
RIMINI'S MOTION TO SEAL PORTIONS OF ITS RESPONSE TO ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE FERENBACH'S ORDER AND IN SUPPORT OF ORACLE'S MOTION TO SEAL
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

### A. Confidential Information About Rimini's Proprietary Processes

Rimini moves to seal proprietary information regarding the ways in which Rimini provides services to its clients and runs its business operations. This information is reflected in portions of the Confidential Materials.

The Confidential Materials contain detailed information about Rimini's proprietary technical processes and how Rimini provides services to its clients. Disclosure of this information would advantage Rimini's competitors, disclosing trade secrets that would allow Rimini's competitors to adopt methods that have made Rimini successful, and more easily allow them to compete in the third-party software service marketplace. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 105793, at *2 (D. Nev. Jan. 7, 2015) (granting motion to seal where documents "contain[ed] information that could injure Plaintiffs' competitive posture in the . . . industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice, trade secret, and technical information that could injure the parties' competitive posture"); *Clark v. Metro. Life Ins. Co.*, 2010 WL 1006823, at *1 (D. Nev. Mar. 16, 2010) (granting motion to seal materials that would "bring attention to MetLife's confidential internal business deliberations, organization, and capabilities").

This Court has previously granted motions to file under seal portions of documents containing this type of confidential information regarding Rimini's internal business processes. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, Case No. 2:14-cv-1699, ECF No. 627. Indeed, this exact material was previously sealed by Judge Ferenbach in the underlying briefs, declarations and exhibits. ECF No. 1307. Sealing references to Rimini's proprietary information will not frustrate the public's visibility into the judicial process because Rimini requests the targeted sealing of particularly sensitive information and leaves all other documents unsealed.

3
RIMINI'S MOTION TO SEAL PORTIONS OF ITS RESPONSE TO ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE FERENBACH'S ORDER AND IN SUPPORT OF ORACLE'S MOTION TO SEAL
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

## II.    CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court grant leave to file under seal the Confidential Materials.

Dated:  February 26, 2020

                                      GIBSON, DUNN & CRUTCHER LLP


                                 By:  /s/ Eric D. Vandevelde
                                         Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*

Gibson, Dunn & Crutcher LLP

4

RIMINI'S MOTION TO SEAL PORTIONS OF ITS RESPONSE TO ORACLE'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE FERENBACH'S ORDER AND IN SUPPORT OF ORACLE'S MOTION TO SEAL
CASE NO. 2:10-CV-00106-LRH-VCF

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system.  After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users.  All counsel of record are registered users.

Dated:  February 26, 2020

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Eric D. Vandevelde
      Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*

103775467.1