# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>RIMINI STREET, INC., et al.,<br><br>　　　　Defendants. | CASE NO. 2:10-CV-00106-LRH-VCF<br><br>**[PROPOSED] ORDER GRANTING RIMINI'S MOTION TO ENFORCE THE COURT'S ORDERS AND JUDGMENT SEPARATING *RIMINI I* FROM *RIMINI II*** |

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED that Rimini Street, Inc.'s Motion to Enforce the Court's Orders and Judgment Separating *Rimini I* from *Rimini II* is GRANTED.

In this case (*Rimini I*), Rimini's support processes were litigated at summary judgment and trial, and the final judgment was affirmed on appeal by the Ninth Circuit. Rimini has represented that it no longer engages in the practices adjudicated in *Rimini I*. *See* ECF No. 905-1 ¶¶ 3, 5 ("Rimini's current support processes for PeopleSoft do not rely on the use of any 'local' PeopleSoft environments or documentation on Rimini's computer systems"; instead, they "involve[] remotely accessing a Rimini client's PeopleSoft environments that Rimini uses to service that client"). This Court has recognized Rimini's representations that it "no longer engages in the conduct adjudged by the court and jury to infringe" and that it "has changed its business model and support services away from the infringing model." ECF No. 1049 at 6, 8. Rimini's current support processes are at issue in a separate lawsuit (*Rimini II*) also pending in this Court.

In September 2014, Oracle urged the Court to "limit the [*Rimini I*] trial to Rimini's old support model," stating that "Rimini's new support process is not relevant to liability or damages in a trial on Rimini's 'old' infringing support model," and that "any damages related to [the revised processes] would be sought in a separate lawsuit." ECF No. 488 at 8. At an October 2014 hearing, Oracle told the Court that Rimini's "new process isn't relevant" to *Rimini I*, that all "issues" concerning Rimini's new support model should be "put … in another case," and that the trial should "be limited to" the old processes. ECF No. 508 at 7:17; 8:16–20. Magistrate Judge Leen agreed with Oracle and denied Rimini's request to reopen discovery regarding the revised processes. ECF No. 515 at 2–3. Judge Leen also stated that there was no basis to use the *Rimini I* proceeding to address "what Rimini is doing now" with the revised processes. ECF No. 508 at 25:12–18.

After Rimini filed *Rimini II* and sought to consolidate the two proceedings, Oracle argued that consolidation should be denied because "[t]he Court has already established a clear dividing line between the two cases" and "[c]onsolidation would … require consideration of Rimini's new 'remote' support process" that "Judge Leen ruled … is not part of *Rimini I*." ECF No. 594 at 11, 13 & n.6; *see also id.* at 11–12 (urging the Court to enforce the "clear dividing line" that Judge Leen established between *Rimini I* and *Rimini II*). The Court denied consolidation. ECF No. 669 at 5.

Oracle also filed a motion *in limine* to exclude any evidence of the revised processes at the *Rimini I* trial. ECF No. 646. Oracle argued that there was a "clear division between" *Rimini I* and *Rimini II*, and that Judge Leen's order denying discovery on the revised processes required exclusion of evidence about the revised processes. *Id.* at 4–6. In fact, Oracle insisted that the revised processes were "irrelevant" to *Rimini I*, stating that "[t]he legality of the new 2014 model will be the subject of Rimini's new lawsuit" and "is not at issue in this trial." *Id.* at 5. The Court excluded all evidence of Rimini's revised processes from *Rimini I*, ruling that "Rimini's new service support model is not relevant to any claim or issue in [*Rimini I*]" and that all "claims, issues, and evidence related to the new support model are being addressed *solely* in [*Rimini II*]." ECF No. 723 at 3 (emphasis added).

On remand from the Ninth Circuit, Oracle represented that it "is not asking now for a ruling on the merits of the issues in dispute in *Rimini II*" but rather is asking "for a permanent injunction restraining Rimini from continuing to *commit the infringement that this Court and the jury have already determined to constitute copyright infringement*" in *Rimini I*.  ECF No. 1117 at 20 n.3 (emphasis added).  After Rimini warned that the injunction threatened to sweep in issues from *Rimini II* (ECF Nos. 1130, 1159), Oracle insisted that the injunction was intended to "just track[] the scope of the infringing conduct" adjudicated in *Rimini I* (ECF No. 1158 at 30:16–17).  Oracle also represented that "Rimini *only* would be barred from doing things that it purportedly is no longer doing," and that the injunction was narrowly "tailored" to only "prevent future occurrences of the conduct *adjudged to constitute copyright infringement in this case* [*i.e.*, *Rimini I*]."  ECF No. 1117 at 18, 23 (emphases added).

In granting Oracle's renewed motion for an injunction, this Court stated that Oracle was "seek[ing] to enjoin *only acts that have already been determined to be unlawful*, and which have been affirmed on appeal."  ECF No. 1164 at 9 (emphasis added).  The Court then entered the injunction.  ECF No. 1166.

The Court's previous orders separating *Rimini I* and *Rimini II* constitute the law of this case, and are incorporated into the judgment and injunction.  Accordingly,

IT IS FURTHER ORDERED THAT any contempt proceedings in *Rimini I* will be limited to conduct previously adjudicated to be infringing in *Rimini I*, or conduct that Oracle proves is not more than colorably different therefrom.

IT IS SO ORDERED.


DATED: _____, 2020


_____
Hon. Larry R. Hicks
United States District Judge

[PROPOSED] ORDER GRANTING RIMINI'S
MOTION TO ENFORCE THE COURT'S ORDERS AND JUDGMENT
CASE NO. 2:10-CV-00106-LRH-VCF

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

Dated: April 2, 2020

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Eric D. Vandevelde
Eric D. Vandevelde

*Attorneys for Defendant
Rimini Street, Inc.*
