# Exhibit 6
## Excerpts of Reply Brief for Appellant Rimini Street, Inc., filed in *Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 18-16554, (ECF No. 33)

No. 18-16554

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

ORACLE USA, INC., a Colorado corporation;
ORACLE AMERICA, INC., a Delaware corporation;
ORACLE INTERNATIONAL CORPORATION, a California corporation,

*Plaintiffs-Appellees*,

*v.*

RIMINI STREET, INC., a Delaware corporation,

*Defendant-Appellant*.

---

On Appeal from the United States District Court
For the District of Nevada
No. 2:10-cv-0106-LRH-VCF

---

**REPLY BRIEF FOR APPELLANT RIMINI STREET, INC.**

---

Blaine H. Evanson                         Mark A. Perry
Shaun A. Mathur                           Jeremy M. Christiansen
GIBSON, DUNN & CRUTCHER LLP               GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive                      1050 Connecticut Avenue, N.W.
Irvine, California  92612                 Washington, D.C.  20036
(949) 451-3805                            (202) 955-8500
BEvanson@gibsondunn.com                   MPerry@gibsondunn.com

*Attorneys for Appellant Rimini Street, Inc.*

# TABLE OF CONTENTS

**Page**

ARGUMENT ......................................................................................................1

    I.     The Injunction Should Be Reversed ..........................................2

        A.    The Injunction Is Moot ...........................................................2

        B.    The Injunction Is Inequitable .................................................4

            1.    Irreparable Injury ........................................................4

            2.    The Remaining *eBay* Factors...................................12

        C.    The Injunction Is Unlawful ..................................................13

            1.    Current-Customer "Cross-Use"..................................13

            2.    Overbreadth and Vagueness .......................................19

    II.    The Attorneys' Fee Award Should Be Reversed ..............................23

        A.    Apportionment Is Required...................................................23

        B.    Reduction Is Warranted .......................................................28

CONCLUSION ...............................................................................................30

misuse to forbid Rimini from creating development environments for licensees *before* they have become customers"). Indeed, this Court framed liability in reference to future customers *at Oracle's request*. *See* FER22 (arguing for affirmance because Rimini "copied materials not licensed to any customer").

The question—raised but not resolved in the prior appeal—whether Rimini could use a copy of Licensee *A*'s software to make a copy to support Licensee *B*, when both licensees were current Rimini clients that had identical license rights, is now squarely before the Court. *See* ER361 (Judge Graber asking "why [it] makes any difference" if ten people "all have a license, and instead of making ten copies that are put into the correct slots, [Rimini] make[s] ten copies in Slot Number 3, and then give[s] them to the same ten people"). The injunction cannot be affirmed without addressing this issue. Yet Oracle provides the Court with no basis for permitting an injunction of current-customer "cross-use."

Each license permits the licensee to authorize someone to make copies of software code on its behalf to maintain the software. *See* ER1061-109. Every Rimini client that received reproduced software code was entitled to use that code for its internal business operations, pursuant to the licenses. *Id.* Oracle's made-up theory of "cross-use" turns on the fact that the *source* of reproduced code was one environment or installation disc rather than each individual licensee's software environment or installation disc—even though the code, copies made, and licensing

15

pleaded in his complaint) (emphasis added).  Consistent with these binding princi-

ples, Rimini provided methodologies (with supporting evidence and expert opin-

ions) for apportionment, whereas Oracle—which bore the burden of proof—

provided *nothing*.

The Court should reverse the fee award outright or, at minimum, reduce it to

either $1.3 million or $2.1 million, consistent with the only evidence on appor-

tionment in the record.  *See* RiminiBr.56-60.

## CONCLUSION

The Court should reverse both the injunction and the fee award.

Respectfully submitted,

Dated:  March 14, 2019

s/ *Mark A. Perry*

Blaine H. Evanson
Shaun A. Mathur
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California  92612
(949) 451-3805
BEvanson@gibsondunn.com

Mark A. Perry
Jeremy M. Christiansen
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
MPerry@gibsondunn.com

*Attorneys for Appellant Rimini Street, Inc.*