BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:     702.382.7300
Facsimile:     702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
1401 New York Avenue, NW, 11th Floor
Washington, DC 20005
Telephone:     (202) 237-2727
Facsimile:     (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON
   (*pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:     415.293.6800
Facsimile:     415.293.6899
sholtzman@bsfllp.com
brichardson@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:     415.442.1000
Facsimile:     415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:     650.506.4846
Facsimile:     650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc., and Oracle
International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual, <br><br> Defendants. | **Case No. 2:10-cv-0106-LRH-VCF** <br><br> **MOTION FOR LEAVE TO FILE ADDITIONAL PAGES (L.R. 7-3)** |

Pursuant to this Court's June 13, 2019 order imposing page limits on filings, ECF No. 1230 (the "Page Limit Order"), and Local Rule 7-3(c), Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. (collectively "Oracle") respectfully request that the Court permit Oracle 30 pages for its motion for an order to show cause (the "OSC Motion"), 700 pages of exhibits to the OSC Motion, and 20 pages for its reply.[1]  Good cause supports Oracle's request for extra pages because (a) the OSC Motion is Oracle's first opportunity to show this Court, after more than a year of seeking to enforce the injunction in this case, that Rimini has violated multiple of its prohibitions; (b) there has been extensive factual and expert discovery on Rimini's practices (including voluminous Rimini business records); and (c) Rimini has set up its business so as to obscure what its developers are doing, thus, warranting extra pages to bring its unlawful practices to light.[2]  Oracle's request to present additional written argument and evidence in its OSC Motion is also warranted due to the scope of Rimini's improper conduct and the sheer volume of relevant evidence.  Rimini's refusal to join Oracle's request for extra pages (thus limiting the quantity of evidence that can be presented during the OSC Motion briefing) should be seen for what it is—yet another attempt to hide Rimini's conduct.

After years of litigation, a jury trial, numerous orders, and a lengthy appellate process, this Court entered a permanent injunction prohibiting Rimini's infringing business model.  ECF No. 1166, modified by ECF No. 1236 ("Injunction").  Yet Rimini has resisted the Injunction at every turn, including any investigation into its compliance.  Rimini refused to maintain its files in escrow or produce them so that its compliance could be assessed.  Kocan Decl. ¶ 2, Ex. 1.  Instead, Rimini claimed that the Injunction was vague, unlawful, and incomprehensible.  *Id.* ¶ 3, Ex. 2.  For over a year, Rimini repeatedly argued (in opposing Oracle's discovery requests) that it should not be obligated to produce or summarize key business records, in large part because they are voluminous, distributed, and difficult to access.  Left with no choice, Oracle twice moved to

---

[1] Under the Page Limit Order and Local Rule 7-3(b), Oracle is currently limited to filing a 24-page OSC Motion, 100 pages of supporting exhibits, and a 12-page reply.

[2] The accompanying Declaration of David R. Kocan ("Kocan Decl.") supports this motion.

MOTION FOR LEAVE TO FILE ADDITIONAL PAGES

compel, and this Court granted in part both motions.[3]  ECF No. 1255; ECF No. 1307.

Oracle's expert has confirmed that Rimini continues its unauthorized copying and cross-use of Oracle software, using essentially the same business model that led to the Injunction.  The evidence upon which Oracle's expert based her opinion is voluminous.  For example: (1) Rimini's Automated Framework (AFW) database is 14.5 GB, contains 3,917,979 records, and the records associated with its AFW TransferFiles program total 5,975 pages when converted to PDF (Kocan Decl. ¶¶ 6–7); (2) Rimini produced thousands of AFW log files as long as 97 pages each (*id.* ¶¶ 8-9); (3) Rimini provided read-only access to 40,000 development records stored using web-based tools (*i.e.*, Jira and Spira), which can be 16 to 23 pages each once converted to PDF (*id.* ¶¶ 10-13; Exs. 5-6); (4) Source code files produced by Rimini and its customers can be as long as 275 pages (*id.* ¶ 14); (5) Exhibits to Rimini's discovery responses, such as the list of updates it has delivered to customers, can be up to 251 pages (*id.* ¶¶ 5, 15, Ex. 4).  Because Oracle expects to rely on these and other technical documents to prove Rimini's violations of the Injunction, its request for extra pages should be granted.

*First*, Oracle's OSC Motion will cover substantially more ground than a typical motion.  The OSC Motion will detail the multiple ways in which Rimini is violating the Court's Injunction.  Oracle previewed those numerous violations in its recently filed Opposition to Rimini's Motion to Enforce, including Rimini's continued violation of the "facilities" restriction in Oracle's PeopleSoft licenses (and corresponding prohibition in the Injunction) and Rimini's unlawful cross-use of Oracle's PeopleSoft and J.D. Edwards software through the development and testing of updates (and with respect to PeopleSoft, Rimini's AFW tools to accomplish the same).  ECF No. 1335 at 14–19.  The record that Oracle reviewed to establish these violations

---

[3] Rimini also engaged in litigation misconduct in an attempt to prevent Oracle from developing a record about Rimini's failure to comply with the Injunction.  Rimini opposed Oracle's efforts to modify the *Rimini II* Protective Order to permit the use of *Rimini II* discovery in these post-Injunction proceedings by arguing to Magistrate Judge Hoffman that the *Rimini II* materials were irrelevant. *Rimini II*, ECF No. 1228.  Simultaneously, Rimini argued to Magistrate Judge Ferenbach that the *Rimini I* Injunction-compliance discovery should be limited because "Oracle has had three years of discovery" in *Rimini II*.  ECF No. 1218, Apr. 4, 2018 Hearing Tr. at 20:2-6.  The deception and gamesmanship did not work.  Rimini lost both motions.

MOTION FOR LEAVE TO FILE ADDITIONAL PAGES

1    consists of millions of pages of documents from *Rimini II* and hundreds of thousands of

2    additional documents obtained during Injunction-compliance discovery that lasted more than a

3    year.  As the Injunction-compliance proceedings involve technical issues regarding how Rimini

4    provides support to its customers, Oracle's technical expert provided a report setting forth her

5    opinions (and so did Rimini's).  Given the issues at stake (the importance of upholding the

6    Court's Injunction) and the fact that Oracle's OSC Motion will be based on a massive

7    documentary record and deep expert analysis, there is good cause for granting Oracle's request

8    for additional pages for its OSC Motion and supporting exhibits.

9         *Second*, additional pages are required because many of the exhibits will likely be Rimini's

10   lengthy business records.  The above metrics are concrete examples: a single Rimini AFW log

11   file can span 97 pages, just three shy of the total number of exhibit pages allowed under the

12   Court's Page Limit Order.  A single Rimini source code file can be 275 pages—in itself beyond

13   the unworkable 250-page limit for exhibits that Rimini offered during meet and confer.  Kocan

14   Decl. Ex. 3.  Based on its careful review of the evidence that will be essential to its anticipated

15   arguments and reasonable anticipation of reliance upon excerpts and Fed. R. Evid. 1006

16   summaries, Oracle estimates 700 pages of evidentiary exhibits will be needed to support its OSC

17   Motion (much less than the average *Rimini II* summary judgment submission).  *Id.* ¶¶ 16–17.

18        *Finally*, Rimini designed its support processes to obscure what its developers are doing.

19   While this is not surprising given Rimini's "significant litigation misconduct" (ECF No. 1164 at

20   14), it is especially concerning for a software support company enmeshed in litigation with Oracle

21   since 2010 and subject to an Injunction since 2018.  Oracle's expert opines that in her 40 years of

22   software development she "ha[s] not seen a poorer example of recordkeeping for complex

23   software development than that presented by Rimini," including its "astonishing" ███████████

24   ████████████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████

26   ████████████████████████████████   ECF No. 1326 at ¶¶ 162–64.  Good cause

27   further exists to grant Oracle's motion because Oracle intends to submit substantial evidence to

28   reconstruct events that are otherwise undocumented due to Rimini's poor recordkeeping.

3

DATED: April 27, 2020          MORGAN, LEWIS & BOCKIUS LLP

                              By: _____/s/ John A. Polito_____
                                         John A. Polito

                              Attorneys for Plaintiffs Oracle USA, Inc., Oracle America,
                              Inc., and Oracle International Corporation

MOTION FOR LEAVE TO FILE ADDITIONAL PAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2020, I electronically transmitted the foregoing

**MOTION FOR LEAVE TO FILE ADDITIONAL PAGES** and **[PROPOSED] ORDER** to

the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic

Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

MORGAN, LEWIS & BOCKIUS LLP

DATED: April 27, 2020

By: _____/s/ John A. Polito_____
John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle
America, Inc. and Oracle International
Corporation

CERTIFICATE OF SERVICE