| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>MARK A. PERRY (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  11101<br>Telephone: 202.955.8500<br>mperry@gibsondunn.com | RIMINI STREET, INC.<br>DANIEL B. WINSLOW (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566<br>Telephone: (925) 264-7736<br>dwinslow@riministreet.com |
| GIBSON, DUNN & CRUTCHER LLP<br>JEFFREY T. THOMAS (*pro hac vice*)<br>BLAINE H. EVANSON (*pro hac vice*)<br>JOSEPH A. GORMAN (*pro hac vice*)<br>CASEY J. MCCRACKEN (*pro hac vice*)<br>3161 Michelson Drive<br>Irvine, CA  92612-4412<br>Telephone: 949.451.3800<br>jtthomas@gibsondunn.com<br>bevanson@gibsondunn.com<br>jgorman@gibsondunn.com<br>cmccracken@gibsondunn.com | RIMINI STREET, INC.<br>JOHN P. REILLY (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: (336) 908-6961<br>jreilly@riministreet.com<br><br>HOWARD & HOWARD ATTORNEYS PLLC<br>W. WEST ALLEN (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV 89169<br>Telephone: (702) 667-4843<br>wwa@h2law.com |
| GIBSON, DUNN & CRUTCHER LLP<br>SAMUEL LIVERSIDGE (*pro hac vice*)<br>ERIC D. VANDEVELDE (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone: 213.229.7000<br>sliversidge@gibsondunn.com<br>evandevelde@gibsondunn.com | |

*Attorneys for Defendant*
*Rimini Street, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>RIMINI STREET, INC., et al.,<br><br>       Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR LEAVE TO FILE ADDITIONAL PAGES** |

A. **There Is No Good Cause for a Page Limit Increase**

This Court set reasonable page limits for good reason. Last year, this Court found that Oracle "disguised" portions of its summary judgment filings in a "clear attempt[] to bypass the District's rule on … page limits." *Rimini II* ECF No. 1240 at 5. The Court struck the violative portions and, after "careful consideration," placed reasonable limits on future filings. *Id.* at 6. Oracle's request for a massive increase (700% and nearly 40% for exhibits and briefing, respectively) should be denied. Experienced counsel such as Oracle's should be able to present the relevant issues within its allotted 36 pages of briefing (24 for its motion and 12 for its reply) and 100 pages of exhibits, as ordered by the Court. As this Court has held, concise briefing and reasonable limits on exhibits will aid in the speedy resolution of this matter, *id.* at 6–7, and there is no reason to deviate from its directive here.

In *Rimini II*, Oracle rejected Rimini's proposals to set reasonable limits on summary judgment briefing and instead claimed it could file an *unlimited* number of motions. *Rimini II*, ECF No. 858 at 4–8. Ultimately, Oracle filed *five* summary judgment motions totaling more than 200 pages, with over 6,000 pages of exhibits. Vandevelde Decl. ¶ 2. Oracle also circumvented page limits by filing purported "statements of fact" totaling more than 150 pages. *Id.* ¶ 3. After seeing what Oracle had done, this Court issued an order (the "Order") saying it "agree[d] with Rimini" that it should set "reasonable limitations" on substantive filings going forward. *Rimini II* ECF No. 1240 at 6. The Court ordered that, for each type of motion, the parties would be limited to one filing of a maximum of 30 pages, or shorter if so specified by the Local Rules, and that exhibits were limited to no more than 100 pages per filing. *Id.* (For Oracle's intended motion for an order to show cause, the Court's Order sets a limit of 24 pages for the motion and 12 pages for the reply.) The Court noted that it believed these limitations would "effectuate a speedier resolution in this case" and that "in most cases, concise briefing is preferable to all parties, including the Court." *Id.* at 6–7. The Court then issued the same Order in *Rimini I*, thus applying it to this case as well. ECF No. 1230.

Notwithstanding the Court's directive, Oracle now seeks 700% more pages for exhibits (700 instead of 100) and nearly 40% more pages for briefing (50 instead of 36) in connection

with the very first non-discovery motion it will file since the Court's Order. ECF No. 1337 ("Mot.") at 1. Oracle initially approached Rimini with an even more unwieldy proposal several weeks ago, asking Rimini to agree to *1,000* pages of exhibits. Vandevelde Decl. Ex. A. Rimini replied that it believed this Court meant what it said in the Order, and that placing such a heavy burden on an already busy Court was unwarranted. *Id.* Ex. B. Nevertheless, in the spirit of compromise, Rimini offered to agree to jointly request a limit of 250 pages for exhibits for each side. *Id.* Oracle never responded to Rimini and instead filed this motion.

Oracle argues that a massive expansion of the limits is necessary because the record is voluminous and Rimini's business records are often lengthy. Mot. at 3. But this Court was well aware of the complexity of this case when it issued its Order. It should not fall on *the Court* to sift through the record to locate the most critical evidence; it is the *parties'* burden to present it. Moreover, Oracle's examples that certain logs or code files may be "275 pages" long, *id.*, are irrelevant because neither party needs to submit entire log files or unexcerpted code. Rimini doubts that any court wants or needs to read 275 pages of such materials.

Oracle also argues that Rimini "designed its processes to obscure what its developers are doing," and that Rimini's supposedly "poor recordkeeping" necessitates more pages. *Id*. These accusations are false. As Rimini's technical expert explained, Oracle's claims are unfounded and ignore the fact that in response to the Court's summary judgment rulings, Rimini's clients host their own software environments on their own systems and thus certain records remain on those clients' systems and under their control. Vandevelde Decl. Ex. C at 118–20; *Rimini II*, ECF No. 606 (ruling Rimini does not have control over such systems).

Accordingly, Oracle's motion should be denied. Alternatively, consistent with Rimini's proposed compromise, the Court should increase the limit for exhibits only to 250 pages. If any increase in page limits for briefs is granted, it should be mutual and not one-sided as Oracle's proposed order requests.

**B.   Oracle's Unprofessional and Irrelevant Accusations Are False**

The number of misrepresentations, and false and unprofessional accusations of "misconduct" Oracle has crammed into a three-page procedural motion for additional pages is

extraordinary. Throughout this litigation (and others), Oracle has routinely made baseless accusations of litigation misconduct or other malfeasance against its opponents. *See Oracle Am. v. Hewlett Packard Enter. Co.,* Case No. 3:16-cv-01393, Dkt. No. 516 (N.D. Cal. 2018) (criticizing Oracle for repeatedly using "extreme, unnecessary, overheated rhetoric" to attack opposing counsel); ECF No. 1209 at 10–12. Indeed, just last week, Oracle sent Rimini a letter threatening Rimini and its counsel with *Rule 11 sanctions* for filing a motion asking this Court to enforce its prior orders. Vandevelde Decl. ¶ 7. Oracle's mudslinging is on display again in the instant motion, which is rife with unfounded accusations of "litigation misconduct" and other supposed misdeeds by Rimini, all of which are false and none of which relate to the relief Oracle seeks. Rimini feels compelled to briefly address them here.

*First*, Oracle claims Rimini's refusal to agree to Oracle's proposal expanding page limits is "yet another attempt to hide Rimini's conduct." Mot. at 1. False. Rimini did not agree to Oracle's proposal because it was directly contrary to this Court's Order, is unnecessary, and will burden the Court and delay the efficient resolution of this case. Rimini did offer a reasonable compromise, which Oracle ignored. *Second*, Oracle claims that Rimini impeded discovery into its compliance with the Injunction. *Id.* at 1–2. False again. Judge Ferenbach repeatedly stated the exact opposite, commending Rimini for its speed and hard work in producing, in his words, "a ton of discovery." *See* Jan. 22, 2020 Hearing Tr. at 23:15–18; *see also* Nov. 20, 2019 Hearing Tr. at 47:20–21. And Judge Ferenbach mostly denied Oracle's two motions to compel, and to the extent he granted any relief, it was severely limited and/or subject to cost-sharing. *See generally* Sept. 3, 2019 Hearing Tr.; Jan. 22, 2020 Hearing Tr. Indeed, far from prevailing, Oracle is now appealing Judge Ferenbach's rulings to this Court. ECF No. 1311. *Finally*, Oracle claims that Rimini engaged in "litigation misconduct" because it opposed Oracle's request to modify the protective order in *Rimini II*. Mot. at 2 n.3. False again. It is not "litigation misconduct" to oppose a motion, and despite repeated similar (and similarly baseless) accusations in its briefing to Judge Hoffman, *see, e.g., Rimini II* ECF No. 1230 at 1–2; *id.* 1230-2 at 2, Judge Hoffman recognized Oracle's overheated rhetoric for what it was and never found that Rimini had done anything improper.

DATED: April 29, 2020

                          GIBSON, DUNN & CRUTCHER LLP

                          By: */s/ Eric D. Vandevelde*
                                  Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

DATED: April 29, 2020

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Eric D. Vandevelde*
Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*