| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>MARK A. PERRY (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  11101<br>Telephone: 202.955.8500<br>mperry@gibsondunn.com | RIMINI STREET, INC.<br>DANIEL B. WINSLOW (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566<br>Telephone: (925) 264-7736<br>dwinslow@riministreet.com |
| GIBSON, DUNN & CRUTCHER LLP<br>JEFFREY T. THOMAS (*pro hac vice*)<br>BLAINE H. EVANSON (*pro hac vice*)<br>JOSEPH A. GORMAN (*pro hac vice*)<br>CASEY J. MCCRACKEN (*pro hac vice*)<br>3161 Michelson Drive<br>Irvine, CA  92612-4412<br>Telephone: 949.451.3800<br>jtthomas@gibsondunn.com<br>bevanson@gibsondunn.com<br>jgorman@gibsondunn.com<br>cmccracken@gibsondunn.com | RIMINI STREET, INC.<br>JOHN P. REILLY (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: (336) 908-6961<br>jreilly@riministreet.com<br><br>HOWARD & HOWARD ATTORNEYS PLLC<br>W. WEST ALLEN (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV 89169<br>Telephone: (702) 667-4843<br>wwa@h2law.com |
| GIBSON, DUNN & CRUTCHER LLP<br>SAMUEL LIVERSIDGE (*pro hac vice*)<br>ERIC D. VANDEVELDE (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone: 213.229.7000<br>sliversidge@gibsondunn.com<br>evandevelde@gibsondunn.com | |

*Attorneys for Defendant Rimini Street, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>           Plaintiffs,<br><br>     v.<br><br>RIMINI STREET, INC., et al.,<br><br>           Defendants. | CASE NO. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI STREET INC.'S MOTION TO SEAL DOCUMENTS IN CONNECTION WITH RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR LEAVE TO FILE ADDITIONAL PAGES** |

Gibson, Dunn & Crutcher LLP

RIMINI'S MOTION TO SEAL DOCUMENTS IN CONNECTION WITH RIMINI'S OPP'N TO ORACLE'S MOTION FOR ADDT'L PAGES
CASE NO. 2:10-CV-00106-LRH-VCF

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Rimini Street, Inc. ("Rimini") respectfully requests that the Court seal Exhibit C to the Declaration of Eric D. Vandevelde in Support of Rimini's Opposition to Oracle's Motion for Leave to File Additional Pages, which contains excerpts from the Rebuttal Expert Report of Professor Owen Astrachan (the "Confidential Material"). The Confidential Material should be sealed because it contains confidential information regarding Rimini's business processes, as set forth below.

This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA (D. Nev.), ECF Nos. 127, 137, 222, 280–282, 287, 333–334, 371, 391, 434–436, 602, 625–628, 760–768, 836–849, 1122, 1191. The Confidential Material contains information Rimini has designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure. Good cause exists to seal the document because it contains highly confidential information about Rimini's proprietary processes.

## I.  ARGUMENT

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Rimini requests that the Court seal confidential information about Rimini's proprietary processes.

### A. Confidential Information About Rimini's Proprietary Processes

Rimini moves to seal proprietary information regarding the ways in which Rimini provides services to its clients and runs its business operations. This information is reflected in portions of the Confidential Material.

The Confidential Material contains detailed information about Rimini's proprietary technical processes and how Rimini provides services to its clients. Disclosure of this

2

Gibson, Dunn & Crutcher LLP

RIMINI'S MOTION TO SEAL DOCUMENTS IN CONNECTION WITH RIMINI'S OPP'N TO ORACLE'S MOTION FOR ADDT'L PAGES
CASE NO. 2:10-CV-00106-LRH-VCF

information would advantage Rimini's competitors, disclosing trade secrets that would allow Rimini's competitors to adopt methods that have made Rimini successful, and more easily allow them to compete in the third-party software service marketplace.  *See Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 14-CV-772, 2015 WL 105793, at *2 (D. Nev. Jan. 7, 2015) (granting motion to seal where documents "contain[ed] information that could injure Plaintiffs' competitive posture in the … industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, No. 12-CV-111, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice, trade secret, and technical information that could injure the parties' competitive posture"); *Clark v. Metro. Life Ins. Co.*, No. 08-CV-158, 2010 WL 1006823, at *1 (D. Nev. Mar. 16, 2010) (granting motion to seal materials that would "bring attention to MetLife's confidential internal business deliberations, organization, and capabilities").

This Court has previously granted motions to file under seal portions of documents containing this type of confidential information regarding Rimini's internal business processes. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261, 1307; *see also Rimini II*, No. 14-CV-1699-LRH-DJA, ECF Nos. 627, 1240.  Sealing references to Rimini's proprietary information will not frustrate the public's visibility into the judicial process because Rimini requests the targeted sealing of particularly sensitive information and leaves all other documents unsealed.

## II. CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court grant leave to file under seal the Confidential Material.

Dated: April 29, 2020

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ *Eric D. Vandevelde*
Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*

3
RIMINI'S MOTION TO SEAL DOCUMENTS IN CONNECTION WITH RIMINI'S OPP'N TO ORACLE'S MOTION FOR ADDT'L PAGES
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

Dated: April 29, 2020

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Eric D. Vandevelde
Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*