GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 11101
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: 925.264.7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: 336.908.6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: 702.667.4843
wwa@h2law.com

*Attorneys for Defendant*
*Rimini Street, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., et al.,<br><br>Defendants. | CASE NO. 2:10-CV-00106-LRH-VCF<br><br>**RIMINI'S REPLY IN SUPPORT OF ITS MOTION TO ENFORCE THE COURT'S ORDERS AND JUDGMENT SEPARATING *RIMINI I* FROM *RIMINI II*** |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT ........................................................................................................................1

    A. This Court and Oracle Are Bound by the Separation Orders..............................2

        1. *Law of the Case*................................................................................................2

        2. *Judicial Estoppel*..............................................................................................8

    B. Enforcing the Separation Orders Avoids Constitutional Concerns...................10

III. CONCLUSION...................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arbek Mfg., Inc. v. Moazzam*,
  55 F.3d 1567 (Fed. Cir. 1995) ................................................................................................11

*Caterpillar Inc. v. Lewis*,
  519 U.S. 61 (1996) ....................................................................................................................7

*eBay Inc. v. MercExchange, L.L.C.*,
  547 U.S. 388 (2006) ................................................................................................................11

*Epic Metals Corp. v. Souliere*,
  181 F.3d 1280 (11th Cir. 1999) .................................................................................................5

*GoPets Ltd. v. Hise*,
  657 F.3d 1024 (9th Cir. 2011) .................................................................................................10

*Hall v. City of Los Angeles*,
  697 F.3d 1059 (9th Cir. 2012) ..............................................................................................4, 5

*Hamilton v. State Farm Fire & Cas. Co.*,
  270 F.3d 778 (9th Cir. 2001) .....................................................................................................9

*Hanna Boys Ctr. v. Miller*,
  853 F.2d 682 (9th Cir. 1988) .....................................................................................................4

*Henderson v. Saul*,
  No. 19-28-NJK, 2020 WL 774360 (D. Nev. Feb. 18, 2020) .....................................................9

*Hurry v. Fin. Indus. Regulatory Auth., Inc.*,
  782 F. App'x 600 (9th Cir. 2019) ..............................................................................................9

*L. & J.G. Stickley, Inc. v. Cosser*,
  255 F. App'x 541 (2d Cir. 2007) ...............................................................................................4

*Laitram Corp. v. NEC Corp.*,
  115 F.3d 947 (Fed. Cir. 1997) ...................................................................................................7

*New Hampshire v. Maine*,
  532 U.S. 742 (2001) ..............................................................................................................8, 9

*Oracle USA, Inc. v. Rimini Street, Inc.*,
  783 F. App'x 707 (9th Cir. 2019) ..............................................................................................4

*Oracle USA, Inc. v. Rimini Street, Inc.*,
  879 F.3d 948 (9th Cir. 2018) ...................................................................................................12

*Peregrine Myanmar Ltd. v. Segal*,
  89 F.3d 41 (2d Cir. 1996) ..........................................................................................................5

*Price v. City of Stockton*,
  390 F.3d 1105 (9th Cir. 2004) .................................................................................................10

**TABLE OF AUTHORITIES**

Page(s)

*Rebel Oil Co. v. Atl. Richfield Co.*,
  146 F.3d 1088 (9th Cir. 1998) ........................................................................................ 2

*TiVo Inc. v. EchoStar Corp.*,
  646 F.3d 869 (Fed. Cir. 2011) ................................................................................. 11, 12

*United States v. Jingles*,
  702 F.3d 494 (9th Cir. 2012) ..................................................................................... 4, 5

*United States v. Lummi Nation*,
  763 F.3d 1180 (9th Cir. 2014) ....................................................................................... 5

## I. INTRODUCTION

Oracle does not dispute that (at Oracle's request) this Court ordered that Process 2.0 would be litigated *solely* in *Rimini II*; that (at Oracle's insistence) the question whether Process 2.0 infringes was not litigated in *Rimini I*; or that (based on Oracle's representation) this Court ruled that the injunction prohibits *only* acts adjudicated as infringing in *Rimini I* and affirmed on appeal. By this Motion, Rimini seeks to *enforce* those rulings. The Court-ordered separation between *Rimini I* and *Rimini II* (and, equivalently, between Process 1.0 and Process 2.0) is the law of the case, and Oracle is estopped from arguing otherwise. Enforcing the separation orders would also protect Rimini's constitutional rights to a full and fair proceeding on its new—and unadjudicated—support processes, which were fundamentally changed to comport with this Court's construction of the licenses at summary judgment.

Oracle fails to even *mention*—much less address or attempt to explain—the operative language of this Court's orders that Rimini is now seeking to enforce, and does not dispute that these orders merged into the judgment and ensuing injunction. For example, this Court ruled that "all claims, issues, and evidence related to the new support model are being addressed *solely* in [*Rimini II*]." ECF No. 723 at 3 (emphasis added). That order means exactly what it says: *Rimini I* is limited to Process 1.0, and *everything* related to Process 2.0 will be litigated in *Rimini II*. Oracle does not argue otherwise, or even engage with the substance of this Court's order. *See* ECF No. 1335 ("Opp.") at 2 (Oracle's sole citation to this order).

Oracle instead argues that Rimini cannot now seek "reconsideration" of rulings previously made by this Court and the Ninth Circuit. But far from seeking reconsideration, Rimini seeks to *enforce* the separation orders previously entered in this case, which no party challenged on appeal. Having not itself sought reconsideration of those separation orders, which were entered at Oracle's request, Oracle must abide by them.

## II. ARGUMENT

Oracle only recently revealed (in the expert report served in the contempt proceeding) its intention to flout this Court's previous orders separating *Rimini I* from *Rimini II*. This Motion to enforce the separation orders is both procedurally and substantively appropriate.

A.  **This Court and Oracle Are Bound by the Separation Orders**

In a series of orders, this Court drew a bright line between *Rimini I* (Process 1.0) and *Rimini II* (Process 2.0). That distinction merged into the judgment and ensuing injunction in *Rimini I*. By this Motion, Rimini asks the Court to enforce the line previously drawn, at Oracle's request, between the two cases. Such enforcement is required by two well-established doctrines—the law of the case and judicial estoppel—that Oracle does not even address in the context of the Court's separation orders.

  1.  *Law of the Case*

In Oracle's own words, this Court "already established a clear dividing line between" the *Rimini I* and *Rimini II* processes. ECF No. 593 at 11; *id.* at 13 & n.6. This Court, at Oracle's urging, held that "Rimini's new service support model is *not relevant to any claim or issue in* [*Rimini I*]" and that "all claims, issues, and evidence related to the new support model are being addressed *solely* in [*Rimini II*]." ECF No. 723 at 3 (emphases added). Thus, this Court entered the permanent injunction on the express basis that the injunction "seeks to enjoin *only acts that have already been determined to be unlawful*." ECF No. 1164 at 9 (emphasis added). The dividing line between Process 1.0 and Process 2.0 was thus "decided explicitly" and is not subject to being reexamined; it has become the law of the case. *Rebel Oil Co. v. Atl. Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir. 1998) (internal quotation marks omitted). Enforcing those rulings should be uncontroversial.

Oracle does not dispute that these orders constitute the law of the case. Nor does it directly respond to Rimini's request that the Court enforce them. In fact, Oracle studiously ignores the series of rulings on which Rimini's Motion is based, not once addressing the actual content of those orders or disputing that they separated *Rimini I* (and Process 1.0) from *Rimini II* (and Process 2.0). Instead, Oracle's Opposition advances an alternative narrative based on *other* orders—a narrative that not only misconstrues those other orders, but also contravenes Oracle's litigation position for the past six years.

a. <u>This Court Has Never Modified the Separation Orders.</u>  While Oracle is correct that "[t]his Court's post-trial orders … constitute the law of the case," it is quite wrong that any such

orders "foreclose" Rimini's arguments. Opp. at 11. Indeed, Oracle completely fails to grapple with the plain text of the post-trial order Rimini seeks to enforce through this Motion, which says—unmistakably—that the injunction "enjoin[s] *only acts that have already been determined to be unlawful*." ECF No. 1164 at 9 (emphasis added). Far from foreclosing Rimini's arguments, this Court's prior orders are the very basis for them.

Oracle cannot point to a single order that abrogates the distinction between the two lawsuits previously imposed by the Court—or indeed to a single statement by this Court that holds Process 2.0 is covered by the *Rimini I* injunction. In fact, Oracle repeatedly urged this Court to take the exactly *opposite* position, including telling this Court that the injunction "just tracks the scope of the infringing conduct" adjudicated in *Rimini I* (ECF No. 1158 at 30:16–17), that "Rimini only would be barred from doing things that it purportedly is no longer doing" (ECF No. 1117 at 18), and that it was "tailored" to only "prevent future occurrences of the conduct *adjudged to constitute copyright infringement in this case*" (*id.* at 23 (emphasis added)). Oracle itself, in other words, previously agreed with the separation orders. Oracle only recently indicated its intention to reverse position, leading to this Motion.

Rather than engage with the content of the orders that Rimini seeks to enforce, Oracle suggests that the separation orders can simply be disregarded because this Court "denied Rimini's stay request over Rimini's arguments that there was 'no basis for imposing an injunction' because 'the parties are actively litigating these issues in *Rimini II*.'" Opp. at 11. But there is no basis to construe this Court's denial of Rimini's stay request as overruling the law of the case as set forth in the separation orders. Oracle omits the context of Rimini's arguments for a stay, which were the same as those presented to the Ninth Circuit—*i.e.*, that the Ninth Circuit affirmed liability on a subset of Process 1.0 issues, and, because Rimini had moved on to Process 2.0, which was the subject of the other case, there was no *need* for an injunction. *See* ECF No. 1069 at 10.

b. <u>The Ninth Circuit Did Not Review or Disturb the Separation Orders.</u>  Oracle contends that "[t]he Ninth Circuit already" ruled that Process 2.0 is part of *Rimini I*. Opp. at 8–10. This argument is little more than wishful thinking. For one thing, this argument is belied by Oracle's

own statements about the separation between *Rimini I* and *Rimini II*, such as when Oracle's CEO testified that whether "any of Rimini's current processes infringe on Oracle's intellectual property rights" will be decided in *Rimini II* (Declaration of Eric D. Vandevelde in Support of Rimini's Reply, Ex. C (Catz Dep. Tr.) at 103:19–104:1), or when Oracle's counsel told the Ninth Circuit that aspects of Process 2.0 were "probably" lawful but that any "disputes about" Process 2.0 "can be resolved" in *Rimini II* (*id.*, Ex. D (Oral Arg. Tr.) at 25:14, 17–20, *Rimini I*, Nos. 16-16832, 16-16905 (9th Cir. July 13, 2017)).

But more fundamentally, law of the case (and the mandate rule) applies only where an issue is actually decided, either "explicitly or by necessary implication." *Hanna Boys Ctr. v. Miller*, 853 F.2d 682, 685 (9th Cir. 1988) (internal quotation marks omitted) (law of the case); *see also Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (the mandate rule "require[s] respect for what the higher court decided, not for what it did *not* decide" (internal quotation marks omitted)). Neither the Ninth Circuit nor this Court has ever held—either explicitly, or by necessary implication—that the *Rimini I* proceedings or judgment, including the injunction, reaches Process 2.0.

On appeal, the Ninth Circuit vacated two aspects of the injunction that it held were overbroad, and stated that "[i]n all other respects, the injunction is not overbroad." *Oracle USA, Inc. v. Rimini Street, Inc.*, 783 F. App'x 707, 711 (9th Cir. 2019). Oracle sees in that single sentence an "express[]" holding that Process 2.0 is covered by the injunction (Opp. at 10), but that sentence says nothing about Process 2.0 whatsoever. To the contrary, "the … panel's unpublished disposition did not expressly engage" any argument about Process 2.0. *United States v. Jingles*, 702 F.3d 494, 500 (9th Cir. 2012).

Nor did the Ninth Circuit rule that Process 2.0 is covered by the injunction "by necessary implication." *Id.* at 502. To the contrary, the Ninth Circuit rejected Rimini's arguments about overbreadth precisely *because* it understood the injunction as reaching *only* Process 1.0, as adjudicated at trial. *Cf. L. & J.G. Stickley, Inc. v. Cosser*, 255 F. App'x 541, 543–44 (2d Cir. 2007) (narrowly "read[ing] the injunction … as barring only false or misleading" uses of plaintiffs' business, and "[t]hus read, the injunction is not overbroad" (emphases omitted));

*Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996) ("constru[ing]" "broad term" in an injunction "to refer to only" "plaintiffs' tortious interference and unfair competition claims" so as to avoid overbreadth); *Epic Metals Corp. v. Souliere*, 181 F.3d 1280, 1284 (11th Cir. 1999) (rejecting overbreadth argument by giving more limited interpretation to injunction's terms). Certainly, nothing in the Ninth Circuit's "holding … or result reached is inconsistent" with Rimini's argument here, and thus neither the law of the case nor the mandate rule compels the conclusion that Process 2.0 is covered by the injunction. *Jingles*, 702 F.3d at 502; *see also United States v. Lummi Nation*, 763 F.3d 1180, 1187 (9th Cir. 2014) (law of the case does not preclude an argument if previous panel decision can be read consistent with that argument); *Hall*, 697 F.3d at 1067 (mandate rule does not apply when the circuit does "not impose clear limits on the scope of the remand").

Oracle notes that Rimini had "apprised" the Ninth Circuit of its "concerns regarding the scope and breadth of the Injunction against post-*Rimini-I*-trial conduct also at issue in *Rimini II*," and argues that Rimini "lost those arguments." Opp. at 9–10. That mischaracterizes what happened on appeal. Rimini argued that the injunction was overbroad because it enjoined aspects *of Process 1.0* that went beyond the specific forms of cross-use as to certain customers and product lines that were the basis of the Ninth Circuit's affirmance of infringement liability. *See* Rimini Opening Br. at 33 & n.*, 40–44, *Rimini I*, No. 18-16554 (9th Cir. Nov. 26, 2018), ECF No. 12. Thus, the overbreadth issue that was litigated—and that the Ninth Circuit addressed in its opinion—concerned whether the injunction could cover aspects of *Process 1.0* that were not specifically the basis for the jury's infringement findings that were affirmed on appeal. *See* Oracle Answering Br. at 39–41, *Rimini I*, No. 18-16554 (9th Cir. Jan. 23, 2019), ECF No. 23. The Ninth Circuit never held, either implicitly or explicitly, that *Process 2.0* was covered by the *Rimini I* injunction. Certainly, Judge Graber understood this point perfectly well, because, when Rimini brought up Oracle's apparent plan to argue that Process 2.0 is covered by the *Rimini I* injunction, she responded, "[b]ut that's not in front of us," to which Rimini's counsel answered, "I agree." Oral Argument at 2:10–2:25, *Rimini I*, No. 18-16554 (9th Cir. July 12, 2019), https://tinyurl.com/sbyw42x.

      c.   <u>Rimini Seeks Enforcement—Not Reconsideration—of the Separation Orders.</u>
Unable to refute (or even to acknowledge) the substance of the separation orders, Oracle resorts to the procedural argument that Rimini is actually seeking "reconsideration" of some unspecified orders, and that "the scope of the injunction is not a proper subject for a motion for reconsideration." Opp. at 12. Neither premise of Oracle's argument is correct.

      First, Rimini's Motion is not one for reconsideration—in fact, it is just the opposite. Rimini is not asking the Court to revise or modify any prior order. To the contrary, Rimini is asking the Court to *enforce* its prior orders and judgment keeping the two cases (and two different support models) separate. Tellingly, Oracle does not even identify the order that Rimini is purportedly asking the Court to "reconsider." Rimini, by contrast, has specified the rulings that it is asking the Court to enforce (ECF No. 1323 ("Mot.") at 6–9); by opposing the Motion, it is Oracle—not Rimini—that refuses to comply with the orders entered in this case. The Court can and should ask Oracle why it refuses to acknowledge, and comply with, the series of orders that Oracle itself asked this Court to enter earlier in the litigation.

      Second, this Motion does not raise merits-based issues about whether Rimini's conduct violates the "scope of the injunction," as Oracle would have it. Opp. at 8. Oracle will be free, in its forthcoming motion for an order to show cause, to make its case for why it believes Rimini is violating the injunction by continuing to engage in acts that were adjudicated as infringing in this case. Rimini is simply asking the Court to enforce its prior orders and judgment. By opposing the Motion, Oracle is signaling its intention to violate the separation orders in the context of the contempt proceeding, and thus demonstrates the need for the requested relief.

      d.   <u>This Motion Is Timely.</u>  Oracle's arguments that Rimini supposedly "waived" any argument to enforce the Court's orders are also baseless.

      As Rimini explained, this Motion only became necessary after Oracle served the "contempt" report of its technical expert, Barbara Frederiksen-Cross, on January 31, 2020. *See* Mot. at 12–13. By, among other things, incorporating and quoting at length from her opinions in *Rimini II* about the legality of Process 2.0, Ms. Frederiksen-Cross's "contempt" report concretely revealed for the first time that Oracle intended to violate this Court's separation

6
RIMINI'S REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S ORDERS AND JUDGMENT
CASE NO. 2:10-CV-00106-LRH-VCF

orders by relying on conduct that was never adjudicated in *Rimini I*—and indeed, is the subject of *Rimini II*—as a basis for its forthcoming contempt motion. Rimini promptly filed its Motion to Enforce to ensure that the Court's orders and judgment will be followed in the forthcoming contempt proceedings, as the law of the case requires.

Oracle's waiver argument is therefore frivolous. Given this Court's separation orders—and Oracle's repeated representations that the injunction "just track[s] the scope of the infringing conduct" adjudicated in *Rimini I* (ECF No. 1158 at 30:16–17)—Rimini had no reason to believe that Oracle would attempt to transgress the law of the case until it served its expert report making clear its intention to use unadjudicated aspects of Process 2.0 as a basis for its forthcoming contempt motion. That concern did not become ripe until Oracle made clear its intention to enforce the injunction in this way. *See Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 952 (Fed. Cir. 1997) (neither rule of the mandate nor law of the case applied to issue that was not ripe during earlier appeal).

Despite the fact that Rimini's Motion only recently became ripe, Oracle argues that Rimini somehow "waived" its ability to bring this Motion because Rimini did not "appeal" Magistrate Judge Hoffman's discovery ruling in *Rimini II* that discovery from that case could be used in this proceeding. *See* Opp. at 18 (citing *Rimini II*, ECF No. 1237). This argument is a non-starter. As Oracle admits, Magistrate Judge Hoffman's discovery ruling concerned only the scope of the *Rimini II* protective order and did *not* affect the substance of the injunction or Rimini's rights to enforce this Court's orders and judgment. Indeed, Judge Hoffman stated that "the scope of the [*Rimini I*] injunction is not subject to expansion as a result of the release of discovery" from *Rimini II* under his discovery order, and he expressly did *not* rule that evidence regarding Process 2.0 would be "relevant to prove a violation of the injunction." *Rimini II*, ECF No. 1237 at 4. Moreover, Judge Hoffman's order was an interlocutory discovery ruling, and Rimini was *not* "required to take an interlocutory appeal … in order to avoid waiving whatever ultimate appeal right [it] may have." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996).

Nor is Oracle correct that Rimini's Motion seeks to prematurely exclude evidence from the contempt proceedings, or "limit what Oracle can say in its Order to Show Cause." Opp. at

15; *id.* at 12 n.2, 14–19.  This Motion is not a motion to exclude evidence.  As Oracle does not dispute, Ms. Frederiksen-Cross's "contempt" report *demonstrates* Oracle's intent to pre-judge Process 2.0 through its forthcoming contempt proceedings, and this Motion seeks an order confirming that those proceedings—and whatever evidence and argument Oracle may assert during those proceedings—will follow the law of the case separating *Rimini II* from *Rimini I*.

Rimini filed this Motion promptly after service of the expert report, rather than waiting for Oracle to file its contempt motion, to provide fair notice to Oracle of Rimini's position and to allow the Court to rule on this Motion before the contempt motion is filed.  Indeed, Oracle has sought leave to file hundreds of pages of arguments and exhibits that would be rendered unnecessary if this Court were to grant this Motion and enforce its extant orders and judgment.

*     *     *     *     *

Despite Oracle's diversions and detours, the law of the case, as stated in this Court's separation orders, is clear:  Process 2.0 "is not relevant to any claim or issue in [*Rimini I*]" and "all claims, issues, and evidence related to the new support model are being addressed solely in [*Rimini II*]."  ECF No. 723 at 3.  Thus, the injunction "enjoin[s] only acts that have already been determined to be unlawful."  ECF No. 1164 at 9.  Oracle has no response to what the law of the case says, and all Rimini asks this Court to do is to enforce these orders.  Oracle's refusal to abide by (or even recognize the content of) those same orders is telling, and troubling.

2.     ***Judicial Estoppel***

Although law of the case is a sufficient basis for enforcing the separation orders, the doctrine of judicial estoppel also prevents Oracle from refusing to obey those orders.  Oracle's current position—that the injunction "enjoins conduct … at issue in *Rimini II*" (Opp. at 14)—is "clearly inconsistent" with the numerous times Oracle previously urged this Court to keep Process 2.0 out of *Rimini I*.  *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal quotation marks omitted).  The Court relied upon Oracle's prior statements, entering the injunction explicitly "because Oracle seeks to enjoin only acts that have already been determined to be unlawful."  ECF No. 1164 at 9.  And estoppel is warranted to prevent Oracle from deriving an "unfair advantage" and upsetting the orderly administration of justice by

pretermitting the adjudication of Process 2.0 in *Rimini II*—a lawsuit that Rimini filed precisely *because* Oracle had prevailed in separating Process 2.0 from *Rimini I*, and for which the parties have expended tremendous resources to build a record for the adjudication of Process 2.0. *New Hampshire*, 532 U.S. at 751; *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

Oracle has no answer to these arguments and *fails to even mention* judicial estoppel in its Opposition; nor does it otherwise explain how its current position is consistent with the arguments it previously made (and on which this Court relied) to successfully separate *Rimini I* from *Rimini II*. By failing to address Rimini's arguments on judicial estoppel, Oracle has conceded them. *See Henderson v. Saul*, No. 19-28-NJK, 2020 WL 774360 at *3 n.3 (D. Nev. Feb. 18, 2020) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue"); *Hurry v. Fin. Indus. Regulatory Auth., Inc.*, 782 F. App'x 600, 602 (9th Cir. 2019) ("failure to respond … constitutes waiver").

Earlier in this litigation, Oracle repeatedly and successfully insisted that the Court separate the two cases, arguing that *Rimini I* only covers "Rimini's old support model" (ECF No. 488 at 8); that Oracle would only seek remedies relating to Process 2.0 "in a separate lawsuit" (*id.*); that the "legality of the new 2014 model [*i.e.*, Process 2.0] will be the subject of Rimini's new lawsuit" (ECF No. 646 at 5); that Oracle was not seeking in *Rimini I* "a ruling on the merits of the issues in dispute in *Rimini II*" (ECF No. 1117 at 20 n.3); that the injunction was intended to "restrain[] Rimini from continuing to commit the infringement that this Court and the jury have already determined to constitute copyright infringement" in *Rimini I* (*id.*); and that the injunction "just track[s] the scope of the infringing conduct" adjudicated in *Rimini I* (ECF No. 1158 at 30:16–17).

Rather than acknowledge its own previous statements, Oracle simply proclaims that its current position is one that Oracle has "maintained … throughout this litigation." Opp. at 14 (citing ECF No. 1117 at 23). That is an outright falsehood. Not only does Oracle ignore all the times it argued that Process 2.0 is "irrelevant" to *Rimini I*, but the one document that Oracle

does cite in its Opposition for this assertion—its Renewed Motion for Permanent Injunction (ECF No. 1117; cited at Opp. at 14)—in fact *expressly* stated that the injunction did *not* reach Process 2.0. In Oracle's own words:

> To be clear, Oracle is not now asking for a ruling on the merits of the issues in dispute in *Rimini II*. Instead, Oracle asks the Court for a permanent injunction restraining Rimini from continuing to commit the infringement that this Court and the jury have *already determined to constitute copyright infringement*.

ECF No. 1117 at 20 n.3 (emphasis added). Because this Court expressly adopted Oracle's position in this respect (*see* ECF No. 11164 at 9), Oracle is judicially estopped from backtracking from it, and cannot now argue against the line it asked this Court to draw between Process 1.0/*Rimini I* and Process 2.0/*Rimini II*.

**B.    Enforcing the Separation Orders Avoids Constitutional Concerns**

Enforcing the bright line between *Rimini I* (Process 1.0) and *Rimini II* (Process 2.0) is not only required by the orders previously entered in this case, but would protect Rimini's Seventh Amendment and due process rights. In its Opposition, Oracle admits that it will ask this Court to hold Rimini in contempt for conduct that has never been adjudicated and that is fundamentally different from the conduct that was adjudicated in *Rimini I*. In other words, Oracle wants this Court to act as factfinder on disputed issues of fact related to Process 2.0 *for the first time in summary contempt proceedings*. In addition to contradicting the separation orders and Oracle's repeated arguments that Process 2.0 is *irrelevant* to the liability issues adjudicated in *Rimini I*, this approach would raise serious constitutional issues.

The Seventh Amendment guarantees Rimini a full and fair opportunity to litigate the legality of Process 2.0, including to have factual disputes resolved by a jury. *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011) ("the Seventh Amendment provides a right to a jury trial both as to liability and as to the amount of actual copyright damages"). Moreover, due process principles require that an injunction reach "only the specific harms shown by the plaintiffs, rather than ... all possible breaches of law." *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (internal quotation marks omitted). These constitutional rights require that Rimini's new, *unadjudicated* conduct (*i.e.*, Process 2.0) be litigated in plenary proceedings, not

a summary contempt process.

The "more than colorably different" standard articulated in *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869 (Fed. Cir. 2011), is equity's way of protecting these rights in the context of injunctions. The *TiVo* framework draws a line between what can be addressed in a contempt proceeding—*i.e.*, already adjudicated conduct and conduct *not* "more than colorably different" therefrom—and what cannot be addressed in a contempt proceeding—*i.e.*, conduct that was not adjudicated and *is* more than colorably different from the prior infringement. *Id.* at 882. In this way, *TiVo* balances the defendant's constitutional rights to full proceedings on new conduct with the copyright holder's interest in not having to pursue a full-dress litigation where a defendant has made only insubstantial changes to its prior infringing conduct. *See Arbek Mfg., Inc. v. Moazzam*, 55 F.3d 1567, 1570 (Fed. Cir. 1995) ("This safeguard … accommodates due process"). *TiVo* sets forth the standard by which federal courts assess whether allegations of infringement by unadjudicated conduct or products can be addressed in a summary contempt proceeding, regardless of the intellectual property statute at issue. *Cf. eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392 (2006) (construing patent and copyright injunctions *in pari materia*).

Oracle contends that the Seventh Amendment and due process are irrelevant here because "the question of whether Rimini's current conduct violates the Injunction is not a jury question." Opp. at 20. This misses the point entirely. The question is whether Rimini is entitled to plenary proceedings on Process 2.0 under the Seventh Amendment and principles of due process, including jury resolution of disputed factual issues, or if all that is necessary is a summary contempt proceeding. The Constitution *requires* the Court to address that question, and that is precisely why the *TiVo* framework exists: it provides guidance on where to draw the line (*i.e.*, between processes that are "more than colorably different" and those that are not).

If the Court were to ignore the separation orders, as Oracle urges, the contempt process would raise grave constitutional concerns and be fundamentally unfair. As one example, Oracle admits that it will ask this Court to hold Rimini in contempt for supporting clients who have chosen to store their PeopleSoft software in the cloud because, according to Oracle, a client's

cloud computing resources are not the client's "facilities." Opp. at 15–16. But as this Court well knows from having presided over trial, and as Oracle has expressly admitted, cloud hosting was never litigated in *Rimini I*. Oracle's counsel could have not been clearer when he represented to this Court previously, "I acknowledge that cloud computing is at issue in *Rimini II* and it wasn't at issue in *Rimini I*. ... [In] *Rimini II* we can fight with each other whether cloud constitutes the customers' facilities." ECF No. 1040 at 143:14–18. Thus, the facts regarding who "controls" such cloud resources—the key issue in determining whether they are the client's "facility," as the Ninth Circuit has made clear—has never been presented to, let alone adjudicated by, any finder of fact. *See Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d 948, 959–60 (9th Cir. 2018).

Rimini welcomes judicial resolution of the lawfulness of Process 2.0, which Rimini developed in light of this Court's summary judgment orders. But that resolution should come in *Rimini II*—on a full record and, as warranted, before a jury. What Rimini objects to is Oracle's attempt to inject Process 2.0 into *Rimini I*—after Oracle itself successfully excluded all evidence and arguments regarding Process 2.0 from this case. Rimini has Seventh Amendment and due process rights to plenary consideration of whether its current processes infringe, and enforcing the extant separation orders is the easiest way to protect those rights.

To be clear, Rimini does not seek a ruling from the Court at this stage that Process 2.0 is more than colorably different from Process 1.0; it is Oracle's burden to show in its contempt motion that any process it accuses of violating the injunction was either adjudicated in *Rimini I* or is *not* more than colorably different from Process 1.0. *TiVo*, 646 F.3d at 883. By this Motion, Rimini simply asks the Court to enforce the separation between the lawsuits and processes, including its previous ruling that the injunction can only be enforced against processes found to be infringing in *Rimini I* (and those not more than colorably different).

### III. CONCLUSION

Rimini simply seeks to confirm what this Court—at Oracle's insistence—already said it would do: keep *Rimini I* about Process 1.0, and allow Process 2.0 to be litigated in *Rimini II*. The Court should enforce its separation orders.

Dated: May 7, 2020

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Eric D. Vandevelde*
　　　　Eric D. Vandevelde

*Attorneys for Defendant
Rimini Street, Inc.*