# EXHIBIT C
# Excerpts from Transcript of February 16, 2018 Deposition of Safra Catz (*Rimini II*)

```
 1                  UNITED STATES DISTRICT COURT

 2                       DISTRICT OF NEVADA

 3                             -o0o-

 4
   RIMINI STREET, INC., a
 5 Nevada corporation,

 6              Plaintiff,
                                  Case No.:
 7         v.                     2:14-CV-01699-LRH-CWH

 8 ORACLE INTERNATIONAL
   CORPORATION, a California
 9 corporation, and ORACLE
   AMERICA, INC., a Delaware
10 corporation,

11              Defendants.

12 _____

13 AND RELATED COUNTERCLAIMS
   _____
14

15      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

16           VIDEOTAPED DEPOSITION OF SAFRA CATZ

17

18                     FEBRUARY 16, 2018

19

20

21                    1881 Page Mill Road

22                    Palo Alto, California

23

24 REPORTED BY:  Siew G. Ung, RPR, CSR No. 13994

25


                                1
```

```
09:02  1              MR. ISAACSON:  Bill Isaacson, Boies, Schiller
09:02  2   & Flexner for Oracle.
09:02  3              MR. HIXSON:  Tom Hixson, Morgan, Lewis &
09:02  4   Bockius for Oracle.
09:02  5              MR. MAROULIS:  James Maroulis from Oracle for
09:02  6   the Oracle entities.
09:02  7              MS. SMALL:  Micol Small from Boies, Schiller &
09:02  8   Flexner for Oracle as well.
09:02  9              THE VIDEOGRAPHER:  Thank you.  Will the court
09:02 10   reporter please swear in the witness.
09:02 11                         SAFRA CATZ,
09:02 12       having been first duly sworn, was examined and
09:02 13                      testified as follows.
09:02 14                  EXAMINATION BY MR. LIVERSIDGE
09:02 15       Q.  Good morning.  Would you state your name for
09:03 16   the record?
09:03 17       A.  My name is Safra Catz.
09:03 18       Q.  Ms. Catz, where are you currently employed?
09:03 19       A.  Oracle.
09:03 20       Q.  And what is your current position at Oracle?
09:03 21       A.  I am one of two chief executive officers.
09:03 22       Q.  For how long have you been chief executive
09:03 23   officer of Oracle?
09:03 24       A.  A couple of years.
09:03 25       Q.  Are you also a member of Oracle's board of
```

```
11:35   1              THE WITNESS:  You know what?
11:35   2              MR. ISAACSON:  Calls for a legal conclusion.
11:35   3              THE WITNESS:  I think that all of this
11:35   4    intention -- all of this -- all of this infringement,
11:35   5    egregious and callous disregard for -- for Oracle's
11:35   6    intellectual property and constant -- and the continued
11:35   7    infringement does not sound innocent to me.
11:35   8    BY MR. LIVERSIDGE:
11:35   9        Q.   Now, this is in 2016, and you say that "Rimini
11:35  10    is stealing our software."
11:35  11        A.   Yes.  And, in fact, they admitted after,
11:36  12    really, like, five years of saying that they don't
11:36  13    cross-use between -- between customers.  One of their
11:36  14    principals got up on the -- on the stand and admitted
11:36  15    that they had been doing it all along.  And, in fact,
11:36  16    they destroyed evidence and really misbehaved, which is
11:36  17    really -- I mean, people who destroy evidence, that's
11:36  18    concerning.
11:36  19        Q.   So do you have any understanding of what
11:36  20    Rimini's current processes are to provide support for
11:36  21    Oracle customers?
11:36  22        A.   I personally do not.
11:36  23        Q.   Do you have any basis to say that any of
11:36  24    Rimini's current processes infringe on Oracle's
11:36  25    intellectual property rights?
```

```
11:36  1         A.   I think that's what this trial is about.  But
11:36  2    there was no question that in 2016 -- after the 2015
11:37  3    trial, it was very clear that they were infringing --
11:37  4    had infringed with all the customers that they were
11:37  5    using.
11:37  6         Q.   Well, Ms. Catz, you are out there telling
11:37  7    people that "Rimini is stealing our software."
11:37  8              And you mean currently?  That's what you are
11:37  9    telling people, right?
11:37 10         A.   No.  I'm telling -- I'm telling them what was
11:37 11    found -- what was -- listen, I didn't write this.  I
11:37 12    didn't say this.  But there is no question that what I
11:37 13    learned from the order -- from the trial was -- and from
11:37 14    other pretrial rulings was that Rimini stole our
11:37 15    software.  Absolutely.
11:37 16         Q.   And do you have any basis to say that any of
11:37 17    Rimini's current processes --
11:37 18         A.   I have no --
11:37 19         Q.   -- infringe on your intellectual property
11:37 20    rights?
11:37 21         A.   That is what this trial is going to prove.
11:38 22         Q.   Right.  And there has been nothing found in
11:38 23    that regard with respect to current processes, right?
11:38 24         A.   No.  I don't know that.  All I know is years
11:38 25    and years of infringement and stealing.  And these
```

104

```
 1            DEPOSITION OFFICER'S CERTIFICATE
 2   STATE OF CALIFORNIA    )
                            ) ss.
 3   COUNTY OF SAN FRANCISCO )
 4
 5
 6          I, Siew G. Ung, hereby certify:
 7          I am a duly qualified Certified Shorthand
 8   Reporter in the State of California, holder of
 9   Certificate Number CSR 13994 issued by the Certified Court
10   Reporters' Board of California and which is in full
11   force and effect.  (Fed. R. Civ. P. 28(a)(1)).
12          I am authorized to administer oaths or
13   affirmations pursuant to California Code of Civil
14   Procedure, Section 2093(b) and prior to being examined,
15   the witness was first duly sworn by me.  (Fed. R. Civ.
16   P. 28(a)(a)).
17          I am not a relative or employee or attorney or
18   counsel of any of the parties, nor am I a relative or
19   employee of such attorney or counsel, nor am I
20   financially interested in this action.  (Fed. R. Civ. P.
21   28).
22          I am the deposition officer that
23   stenographically recorded the testimony in the foregoing
24   deposition and the foregoing transcript is a true record
25                          / / /
```

203

```
 1    of the testimony given by the witness.  (Fed. R. Civ. P.
 2    30(f)(1)).
 3           Before completion of the deposition, review of
 4    the transcript [XX] was [  ] was not requested.  If
 5    requested, any changes made by the deponent (and
 6    provided to the reporter) during the period allowed, are
 7    appended hereto.  (Fed. R. Civ. P. 30(e)).
 8    Dated: FEBRUARY 23, 2018
 9
10
11
12                            _____
13
14
15
16
17
18
19
20
21
22
23
24
25
```

204