BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:    702.382.7300
Facsimile:     702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
1401 New York Avenue, NW, 11th Floor
Washington, DC 20005
Telephone:    (202) 237-2727
Facsimile:     (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON
  (*pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:    415.293.6800
Facsimile:     415.293.6899
sholtzman@bsfllp.com
brichardson@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:    415.442.1000
Facsimile:     415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:    650.506.4846
Facsimile:     650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc., and Oracle
International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY** |

TABLE <span>OF</span> CONTENTS

I.   RIMINI'S MOTION IS DUPLICATIVE OF NUMEROUS PRIOR FILINGS. ............... 2

   A.   Rimini's Opposition to Oracle's First Injunction Motion and Objection to Oracle's Proposed Orders. ................................................................................. 3

   B.   Rimini's Opposition to Oracle's Renewed Injunction Motion. ............................ 4

   C.   Rimini's District Court Motion to Stay the Second Injunction. ............................ 5

   D.   Rimini's Ninth Circuit Motion to Stay the Second Injunction. ............................ 5

   E.   Rimini's Ninth Circuit Briefing and Oral Argument. ............................................ 6

   F.   Rimini's Opposition to Injunction Compliance Discovery. .................................... 8

   G.   Gibson Dunn Signed All Filings and Made All Arguments Relevant Here. .......... 9

II.   RIMINI'S MOTION IS VEXATIOUS AND SHOULD BE SANCTIONED. .................. 9

   A.   This Court Should Sanction Rimini and its Counsel Under Rule 11. ................... 10

   B.   This Court Should Grant Attorneys' Fees Under 28 U.S.C. § 1927. .................... 12

   C.   This Court Should Sanction Rimini Under Its Inherent Powers. ......................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aboulafia v. Mortg. Elec. Registration Sys., Inc.*,
No. 2:12-CV-02001-GMN, 2013 WL 2558726 (D. Nev. June 8, 2013) ..................................12

*Estate of Blue v. Cnty. of Los Angeles*,
120 F.3d 982 (9th Cir. 1997)........................................................................................10

*Chicago Bd. of Educ. v. Substance, Inc.*,
354 F.3d 624 (7th Cir. 2003)..........................................................................................4

*Crittendon v. Lombardo*,
No. 2:17-CV-01700-RFB-PAL, 2018 WL 6179493 (D. Nev. Nov. 26, 2018) ........................11

*Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*,
109 F.3d 1394 (9th Cir. 1997).........................................................................................7

*In re Flashcom, Inc.*,
503 B.R. 99 (C.D. Cal. 2013), *aff'd*, 647 F. App'x 689 (9th Cir. 2016)................................11

*Hussein v. Dugan*,
No. 3:05-CV-00381-PMP-RAM, 2009 WL 10709253 (D. Nev. Sept. 8, 2009),
*aff'd*, 454 F. App'x 541 (9th Cir. 2011).............................................................................12

*Iconix, Inc. v. Tokuda*,
457 F. Supp. 2d 969 (N.D. Cal. 2006) ...............................................................................4

*Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*,
981 F.2d 429 (9th Cir. 1992).................................................................................1, 10, 11

*Oracle USA, Inc. v. Rimini St., Inc.*,
783 F. App'x 707 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 850 (2020)....................................7

*Price v. City of Stockton*,
390 F.3d 1105 (9th Cir. 2004)..........................................................................................4

*Russian Media Grp., LLC v. Cable Am., Inc.*,
598 F.3d 302 (7th Cir. 2010).............................................................................................7

*Sanai v. Sanai*,
408 F. App'x 1 (9th Cir. 2010) ........................................................................................11

*Schutts v. Bentley Nevada Corp.*,
966 F. Supp. 1549 (D. Nev. 1997) ..................................................................................10

*St. Paul Fire & Marine Ins. Co. v. Vedatech Int'l, Inc.*,
245 F. App'x 588 (9th Cir. 2007) ....................................................................................11

ii

*Tagle v. Fajota*,
   No. 2:15-CV-02082-JCM-VCF, 2017 WL 2230334 (D. Nev. May 22, 2017)........................11

*Townsend v. Holman Consulting Corp.*,
   929 F.3d 1358. 1362 (9th Cir. 1990).................................................................................2, 11

*Williams v. Las Vegas Metro. Police Dep't*,
   No. 2:18-CV-02432-APG-VCF, 2019 WL 4658360 (D. Nev. Sept. 23, 2019) ......................11

**Statutes**

28 U.S.C. § 1927 .............................................................................................................1, 2, 9, 12

**Rules**

Federal Rule of Civil Procedure 11 .......................................................................... *passim*

Civ. L.R. 59-1 .........................................................................................................................2, 10

Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (together, "Oracle") respectfully request that this Court sanction Rimini Street, Inc. ("Rimini") and its counsel pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and this Court's local rules and inherent authority for vexatious litigation.

Oracle views Rule 11 sanctions as an extraordinary action, which is why Oracle did not seek Rule 11 sanctions when Rimini spoliated evidence, when Rimini's CEO, Seth Ravin, lied under oath, or when Rimini engaged in what this Court found to be "egregious litigation misconduct." But Rimini's April 2, 2020, "Motion to Enforce the Court's Orders and Judgment Separating *Rimini I* from *Rimini II*" (ECF No. 1323) (the "Motion") is utterly meritless, and is a textbook example of vexatious litigation, and accordingly, Rimini and its counsel should be sanctioned.

Rimini repeats arguments that multiple levels of the federal judiciary have rejected. As discussed below, Magistrate Judge Ferenbach, Your Honor, and the Ninth Circuit have all rejected the very arguments that Rimini brings in the Motion. The Motion is an echo chamber for Rimini's prior arguments in its (1) Opposition to Oracle's First Injunction Motion, (2) Objections to Oracle's Proposed Orders, (3) Opposition to Oracle's Renewed Injunction Motion, (4) Emergency Motion to Stay filed in this Court, (5) Emergency Motion to Stay filed in the Ninth Circuit, (6) briefing to and oral argument before to the Ninth Circuit, and (7) an opposition to injunction compliance discovery repeating the same over breadth arguments. The only time Rimini did not raise these arguments was in its failed *certiorari* petition, which dropped the fully briefed issues of breadth and vagueness, and instead focused solely on its Seventh Amendment argument. The moment that petition was filed, any dispute as to the reasonableness or clarity of the injunction was finally resolved.

Rimini's Motion is its *seventh* attempt to reargue its opposition to the Court's lawful injunction in this case. Under established Ninth Circuit precedent, Rule 11 sanctions are warranted for bringing a motion that is duplicative of a prior meritless motion. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 439 (9th Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to compel largely duplicated the first) (citing

1

*Townsend v. Holman Consulting Corp.*, 929 F.3d 1358. 1362 (9th Cir. 1990) (en banc)).  Rimini's attempt to re-re-re-re-re-re-reargue more than warrants sanctions.

Rimini's outside counsel, Gibson, Dunn & Crutcher, LLP ("Gibson Dunn") should also be sanctioned.  As officers of the Court, Gibson Dunn has an ethical obligation not to file meritless, bad faith motions that are interposed solely to harass an adversary.  Gibson Dunn signed every filing and made every oral argument identified above on Rimini's behalf.  While an unscrupulous client may ask counsel whether it may be possible to bring yet another motion repeating arguments that the federal courts have rejected at every turn, it is the job of counsel to say "no." Here, however, Gibson Dunn did Rimini's bidding, and by signing this meritless motion, Rimini's counsel exposed themselves to sanctions.

On April 20, 2020, Oracle served Rimini with notice of Oracle's intention to seek sanctions unless Rimini promptly withdrew its Motion.  Twenty-one days later, the motion has not been withdrawn.  Thus, in compliance with Federal Rule of Civil Procedure 11(c)(2), Oracle respectfully moves for sanctions pursuant to Rule 11, 28 U.S.C. § 1927, Local Rule 59-1(b), and this Court's inherent authority.

## I.    RIMINI'S MOTION IS DUPLICATIVE OF NUMEROUS PRIOR FILINGS.

The Motion reprises Rimini's numerous unsuccessful filings before this Court and the Ninth Circuit.  Rimini has on at least seven prior occasions argued that the injunction should be limited to exclude conduct at issue in *Rimini II*.  Indeed, it specifically cited—to the Ninth Circuit—post-injunction discovery proceedings, writing "[n]ot one of [Rimini's accused practices] was adjudicated at trial or on appeal in *Rimini I*; all five are the subject of pending summary judgment motions in *Rimini II*."  Declaration of Jacob Minne ("Minne Decl."), Ex. 1 (*Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 18-16554 (9th Cir.) ("2018 Appeal") Dkt. 46-1 at 1).  As documented below, this argument was unsuccessful then, just as it was the six other times Rimini made it.

Rimini's Motion again argues that "cross-use" is too broadly enjoined (ECF No. 1323 at 11), that the court must "ensure that *Rimini I*—including any contempt proceedings—remains limited to Process 1.0" (ECF No. 1323 at 14), and that Oracle cannot "enforce the injunction

2

against processes that it expressly and successfully fought to exclude from the *Rimini I* proceedings" (ECF No. 1323 at 16), amongst other over-worn arguments.  The only thing new is the title of Rimini's Motion.

### A.   Rimini's Opposition to Oracle's First Injunction Motion and Objection to Oracle's Proposed Orders.

In 2015, when Oracle first sought an injunction, Rimini opposed the injunction by raising the arguments it now brings in the Motion.  In its November 2, 2015 Opposition to Oracle's First Injunction Motion, Rimini argued that Oracle's proposed injunction "attempt[ed] to leverage its narrow verdict with respect to Rimini processes that violated Oracle's reproduction right into a sweeping prohibition against conduct never adjudicated by the Court or the jury.  That includes conduct that the Court, at Oracle's urging, confined to *Rimini II*."  (ECF No. 905 at 19); *see also id.* at 21 ("Oracle's proposed injunction also reaches issues that have not been litigated . . . [and] is yet another attempt to resolve a live issue in *Rimini II*."); ECF No. 1040 (oral argument transcript) (Rimini contends that "Oracle's proposed injunction would appear to prohibit Rimini Street from using cloud-based servers to provide support services to its customers, even though there is absolutely no doubt that cloud computing played no role whatsoever in *Rimini I*"). Rimini repeated these arguments in its Objections to Oracle's Proposed Orders. ECF No. 1055 at 3 ("A unifying theme of these concerns, however, was that Oracle was attempting to reach conduct that was not adjudicated in the first case (*Rimini I*), and/or that is the subject of ongoing litigation in the second case (*Rimini II*).").  This Court rejected Rimini's arguments and issued the first injunction.  ECF No. 1049 (Order); ECF No. 1065 (Injunction).

Now, almost five years later, Rimini's pending Motion repeats the same failed arguments. Rimini argues that "[h]aving obtained the injunction based on the proceedings in *Rimini I* . . . Oracle cannot now backtrack to enforce the injunction against processes that it expressly and successfully fought to exclude from the *Rimini I* proceedings."  ECF No. 1323 at 16; *see also id.* at 14 ("this Court should . . . ensure that *Rimini I*—including any contempt proceedings—remains limited to Process 1.0, the specific conduct actually litigated and adjudicated in *Rimini I*, while providing that any issues related to Process 2.0 can and should be litigated in *Rimini II*").

Rimini even relies on much of the same authority, citing in both, *e.g.*, *Chicago Bd. of Educ. v. Substance, Inc.,* 354 F.3d 624 (7th Cir. 2003), *Price v. City of Stockton*, 390 F.3d 1105 (9th Cir. 2004), Nimmer on Copyright § 14.06, and *Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969 (N.D. Cal. 2006).

Additionally, in its 2015 Opposition, Rimini argued that it purportedly "no longer engages in the conduct the Court and jury found infringing." ECF No. 905 at 2; *see also id.* at 15, 24. This Court held in 2015 that "Rimini's claim that it no longer engages in the conduct adjudged by the court and jury to infringe Oracle's copyrights is not a basis to deny issuance of an injunction." ECF No. 1049 at 6. Nonetheless, in the instant Motion, Rimini likewise repeatedly asserts that it "no longer" engages in the infringing conduct, going so far as to attempt to illustrate this change with a chart. ECF No. 1323 at 5-6.

### B.     Rimini's Opposition to Oracle's Renewed Injunction Motion.

As this Court is aware, at the conclusion of Rimini's first appeal, the Ninth Circuit affirmed the copyright infringement verdict, reversed the jury's verdict on the computer fraud claims, and vacated the injunction, so that this Court could have the opportunity to consider whether an injunction was warranted on the copyright claims only.

Oracle again sought an injunction, and Rimini repeated the points it previously had made in opposition. Rimini reiterated its argument that "[a]ny injunction must be limited to adjudicated conduct, in that it 'must be narrowly tailored . . . to remedy only the specific harms shown by the plaintiffs'" in its April 4, 2018 Opposition to Oracle's Renewed Motion for a Permanent Injunction. ECF No. 1130 at 18 (alteration in original). Rimini also claimed that the proposed injunction would enjoin "cross-use" too broadly (ECF No. 1130 at 5, 16). As Oracle explained, Oracle's definition of cross-use "provides clear guidance, and is consistent with this Court's and the Ninth Circuit's guidance on cross-use." ECF No. 1139 at 17. Additionally, this Court held at summary judgment that supporting multiple PeopleSoft customers (and, specifically, Rimini's use of PeopleSoft licensed to City of Flint to develop and test software updates for customers other than City of Flint) was not permitted. ECF No. 474 at 13. This Court again entered the requested injunction over Rimini's objection. ECF No. 1164 (Order; ECF No. 1166 (Injunction).

4

Yet, Rimini's instant Motion duplicates its prior failed arguments.  Rimini contends that "[a]n injunction may lawfully and constitutionally prohibit only conduct that was actually adjudicated to be infringing (i.e., Process 1.0), and may not be enforced against unadjudicated conduct (i.e., Process 2.0). . . ."  ECF No. 1323 at 14.  Rimini again contends that "cross-use" has been too broadly enjoined.  ECF No. 1323 at 11.

Additionally, in its 2018 Opposition, Rimini contended that its customers had "valid licenses" to Oracle's software, such that their infringement was "innocent," purportedly rendering an injunction inappropriate.  ECF No. 1130 at 16-17.  But, as this Court held, "there is no legal precedent to support Rimini's position."  ECF No. 1094 at 3:16–19.  Rimini nevertheless repeats that argument in the instant Motion.  ECF No. 1323 at 3 n.1 ("all clients had valid licenses from Oracle for the software in question").

**C.**      **Rimini's District Court Motion to Stay the Second Injunction.**

On August 16, 2018, Rimini moved this Court for a stay of the permanent injunction pending appeal.  Rimini argued that this Court erred in enjoining all acts of infringement within its judgment, which, in Rimini's view, included "conduct that the Ninth Circuit did not deem infringing, and for which there is no preclusive effect."  ECF No. 1168 at 9.  Rimini continued, "the parties are actively litigating these issues in *Rimini II*.  There is no basis for imposing an injunction in such a situation."  *Id.*  Rimini reiterated its contention that the injunction against cross-use is overbroad.  *Id.* at 11.  Having previously rejected these arguments, this Court denied the requested stay.  ECF No. 1177.

Rimini now, *again*, contends that the purportedly overbroad "injunction is, by its own terms and equity practice, limited to the processes adjudicated in *Rimini I* (and those not more than colorably different)."  ECF No. 1323 at 2.

**D.**      **Rimini's Ninth Circuit Motion to Stay the Second Injunction.**

On September 14, 2018, Rimini moved for a stay of the permanent injunction in the Ninth Circuit.  Rimini again contended that the injunction "prohibited conduct that this Court expressly did not adjudicate in the previous appeal."  Minne Decl. Ex. 2 (2018 Appeal, Dkt. 4-1 at 1).  Rimini again contended that "[a]t Oracle's insistence, the district court declined Rimini's request

5

ORACLE'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY

1  to consolidate the cases, holding that all the evidence of Rimini's current processes must be kept

2  to the second proceeding." *Id.* at 3.  Key here, Rimini argued that this Court's "conclusion—that

3  Rimini can be enjoined from (and potentially held in contempt for conduct in *Rimini I* that is

4  actively being litigated in *Rimini II*—is illogical and erroneous." *Id.* at 12.  Rimini further argued

5  that "[i]t is inconsistent with the principles of equity that govern the issuance of injunctions for

6  Oracle to nonetheless obtain an injunction in *Rimini I* prohibiting the very conduct it asked this

7  Court not to adjudicate in that case, and that is subject to ongoing litigation in *Rimini II*." *Id.* The

8  Ninth Circuit denied Rimini's motion to stay the injunction.  Minne Decl. Ex. 3 (2018 Appeal

9  Dkt. 11).

10           **E.     Rimini's Ninth Circuit Briefing and Oral Argument.**

11          On November 26, 2018, Rimini argued to the Ninth Circuit that "Oracle's request for

12  injunctive relief [was] moot because the acts adjudicated as infringing stopped long ago."  Minne

13  Decl. Ex. 4 (2018 Appeal Dkt. 12 at 10).  Rimini contended that "[t]he injunction as entered is

14  unlawfully overbroad and vague," on the ground, *inter alia*, that the injunction enjoins cross-use.

15  *Id.* at 11.  *See also id.* at 41-48, 50-54.  And Rimini repeated these contentions during oral

16  argument. July 12, 2019 Oral Argument Recording at 5:34 (*available at*

17  https://www.ca9.uscourts.gov/media/view.php?pk_id=0000034266) (Mr. Perry: "[T]he only two

18  acts adjudicated as unlawful were hosting the development environments on Rimini's own

19  servers, that form of local hosting, and wholesale duplication of development environments . . .

20  there is no causal nexus to support this injunction"); *see also id.* at 9:00 ("the five things that

21  [Oracle] now say[s] are in contempt of the injunction . . . are not complaining of anything that

22  was adjudicated in the first case"); 11:08 (contending that if "the judge's order granting the

23  injunction . . . 'only enjoin[ed] things that were adjudicated in the first case . . . we actually

24  wouldn't be here").

25          As Oracle explained during oral argument in the Ninth Circuit: (1) there "isn't [a]

26  predicate legal rule that says you can only enjoin something that was strictly litigated in the first

27  case," (2) the cross-use injunction is not overbroad because "the first case really was about cross-

28  use, and what the injunction does in the main is enjoin cross-use" and, (3) with respect to the

6

ORACLE'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY

1   PeopleSoft license, "you really needed to keep [the client's] materials on their servers . . . in the

2   first case, Rimini might not have engaged in cloud hosting . . . but if the ruling in the first case is

3   that you have to keep them on the client's server, it really doesn't matter." July 12, 2019 Oral

4   Argument Recording at 14:49.  Further, as Oracle argued on appeal, "Rimini's benighted view

5   that the injunction is and must be limited to conduct specifically affirmed to be copyright

6   infringement . . . is not and has never been Oracle's position or the law."  Minne Decl. Ex. 5

7   (2018 Appeal Dkt. 45 at 1).  As Oracle long has argued, this Court was "free to enjoin any

8   conduct it found infringing (or necessary to prevent continued infringement)."  *Id.*; *see also id.*

9   Ex. 6 (2018 Appeal Dkt. 23 at 52) ("This Court and others thus consistently have upheld

10  copyright injunctions that reach beyond the specific infringing conduct in which the defendant

11  was found to have engaged. *See, e.g., Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109

12  F.3d 1394, 1406 (9th Cir. 1997) (enjoining sale of entire book even though only front and back

13  covers were infringed); *Russian Media Grp., LLC v. Cable Am., Inc.*, 598 F.3d 302, 306-07 (7th

14  Cir. 2010) (upholding injunction preventing transmission of pirated and nonpirated programs 'to

15  prevent the evasion of the core prohibition in the decree and to extirpate any lingering effects of

16  the violation sought to be remedied')").  Oracle won these arguments.  Oracle's positions have

17  been forthright, consistent, and successful.

18      But for minor edits to the injunction irrelevant here, the Ninth Circuit affirmed this Court,

19  holding, *inter alia*, that "[i]n all other respects, the injunction is not overbroad."  *Oracle USA, Inc.*

20  *v. Rimini St., Inc.*, 783 F. App'x 707, 711 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 850 (2020).

21  Remarkably undaunted, Rimini rehashes its failed arguments here.

22      Furthermore, Rimini's July 3, 2019 supplemental authority submission to the Ninth

23  Circuit disproves Rimini's contention that the Motion is "warranted and timely in light of an

24  expert report recently served by Oracle in *Rimini I*, which makes clear that Oracle intends to

25  argue that certain aspects of Process 2.0 violate the *Rimini I* injunction, even though those very

26  aspects have yet to be adjudicated in *Rimini II* and, indeed, are pending before the Court in

27  motions for partial summary judgment in that lawsuit."  ECF No. 1323 at 2.  Rimini identifies

28  these purportedly "yet to be adjudicated" issues as the injunction's application to cloud hosting,

7

cross-use, and Automated Framework ("AFW") tools.  ECF No. 1323 at 10-11.  Not one of these issues is new: Rimini previously raised all three of them before the Ninth Circuit.

Rimini told the Ninth Circuit that Oracle contended that "five discrete practices" were in violation of the injunction."  Minne Decl. Ex. 1 (2018 Appeal Dkt. 46-1 at 1).  Rimini identified those violative practices as including "cloud-hosting of PeopleSoft Software and Support Materials," "cross-use of PeopleSoft Software and Support Materials," and "Cross-Use of JD Edwards Software and Support Materials."  *Id.* Ex. 1 (2018 Appeal Dkt. 46-3 at 1-2).  Rimini argued that "[n]ot one of those practices was adjudicated at trial or on appeal in *Rimini I*; all five are the subject of pending summary judgment motions in *Rimini II*."  *Id.* Ex. 1 (2018 Appeal Dkt. 46-1 at 1).  Rimini also shared with the Ninth Circuit its argument that AFW tools such as "the CodeAnalyzer tool and the Dev Review tool that are referenced in Oracle's allegations . . . did not even exist during the *Rimini I* timeframe and cannot be subject to the Injunction."  *Id.* Ex. 7 (2018 Appeal Dkt. 53-2 at 8).  The Ninth Circuit thus knew about Rimini's concerns (reiterated in the Motion) and rejected them.

### F.    Rimini's Opposition to Injunction Compliance Discovery.

While simultaneously pursuing its failed appeal before the Ninth Circuit, Rimini resisted any attempt by Oracle to obtain discovery regarding Rimini's compliance with the Court's injunction.  Rimini forced Oracle to move for an order permitting such discovery (ECF No. 1199), and, in opposing that motion to compel, repeated its contention that the injunction is overbroad.  Rimini argued that "Oracle seeks to use the injunction issued in *Rimini I* to prevent Rimini from using its revised support processes ('Process 2.0'), even though Process 2.0 was never adjudicated in *Rimini I* and is instead squarely at issue in *Rimini II*."  ECF No. 1209 at 1.  Rimini insisted that "Oracle cannot first fight to keep Process 2.0 out of the case, go to trial solely on Rimini's old processes, and then, post-judgment, suddenly decide that it wants Process 2.0 back in *Rimini I* for purpose of contempt proceedings."  *Id.* at 15.  Rimini demanded "[f]idelity" to such a demarcation and asked the Court to deny "outright" Oracle's requested discovery.  *Id.* at 1, 20.

8

ORACLE'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY

1   This Court rejected Rimini's arguments.[1]  On April 4, 2019, Magistrate Judge Ferenbach

2   rejected Rimini's arguments and granted Oracle's Motion for Limited Discovery.  ECF No.

3   1215.[2]  Rimini did not object to Magistrate Judge Ferenbach's Order.  And on June 21, 2019, this

4   Court entered a Post Injunction Discovery Scheduling Order directing Oracle to provide Rimini

5   with a "list describing conduct disclosed in *Rimini II* (including cross-use and cloud hosting)

6   which Oracle contends would violate Judge Hicks' injunction if it continued after the injunction

7   was effective."  ECF No. 1232 at 2.  Oracle provided Rimini with that list, in compliance with the

8   Court's Order, identifying, among others, cloud-hosting by companies such as Tierpoint

9   (formerly known as Windstream), and the use of Rimini's AFW tool as a form of cross-use.

10   Minne Decl. Ex. 1 (2018 Appeal Dkt. 46-3 at 1-2).  Undaunted, Rimini is now recycling for the

11   eighth time the arguments this Court and the Ninth Circuit have repeatedly rejected.

12   **G.    Gibson Dunn Signed All Filings and Made All Arguments Relevant Here.**

13   Gibson Dunn first appeared on behalf of Rimini in this matter in June 2015.  See ECF

14   Nos. 583-586 (pro hac vice admissions). Gibson Dunn is responsible for all the representations

15   above:  Gibson Dunn attorneys signed the relevant submissions to the Court and made the

16   referenced statements at oral argument.  *See* ECF No. 905, 1055, 1130, 1168, 1209, 1323; 2018

17   Appeal Dkt. 4-1, 12, 46-1, 53-1 (written submissions); ECF No. 1040 (transcript of oral

18   argument); July 12, 2019 Oral Argument Recording (recording of oral argument).  Each of those

19   attorneys remains counsel of record in this action.  *See* ECF Nos. 584, 586, 1204 (*pro hac vice*

20   admissions).  Those same attorneys were and are familiar with the case record and facts.

21   **II.    RIMINI'S MOTION IS VEXATIOUS AND SHOULD BE SANCTIONED.**

22   Rimini's pending motion is duplicative, frivolous, and a waste of judicial and party

23   resources.  Rimini and its counsel should be sanctioned under Rule 11, 28 U.S.C. § 1927, and this

24   Court's inherent authority.

[1] The *Rimini II* court correspondingly has held that "Oracle has met its burden of showing that the discovery produced in *Rimini II* pursuant to this court's protective order is relevant and generally discoverable in the *Rimini I* case. The requested information is relevant because it may provide insight into Rimini's modified processes *which are nevertheless the subject of the injunction*." ECF No. 1237, May 14, 2019 Order at 3 (emphasis added).

9

## A.      This Court Should Sanction Rimini and its Counsel Under Rule 11.

When Rimini's counsel signed the Motion, they certified, *inter alia*, that the Motion was "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  FRCP 11(b).  But that was not the case.  Even a cursory review of the prior filings and law of the case in this action demonstrates that Rimini's duplicative motion is not warranted by existing law, is frivolous, and is improper duplicative argument that has needlessly increased the cost of this litigation.

As this Court has explained, "Rule 11 sanctions are specifically designed to deter baseless filings and frivolous litigation, to unclog the choked dockets of the federal courts, and to punish improper conduct by lawyers and litigants."  *Schutts v. Bentley Nevada Corp.,* 966 F. Supp. 1549, 1566 (D. Nev. 1997) (citations omitted) (imposing Rule 11 sanctions on the party and counsel).  Rule 11 sanctions are appropriate where, as here, "a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose."  *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) (adding "[w]hen a reasonable investigation would reveal that a claim is barred by res judicata or collateral estoppel, for example, Rule 11 sanctions may be imposed within the district court's discretion" and affirming Rule 11 sanctions "[b]ased on the procedural history of this case").  This Court's local rules also provide that "a movant who repeats arguments will be subject to appropriate sanctions."  Local Rule 59-1(b). As the above discussion demonstrates, Rimini has pressed the arguments in the Motion at least *seven* prior times without success.  That is the definition of a frivolous, unwarranted motion imposed for an improper purpose.

The Ninth Circuit's opinion in *Nugget* is instructive.  *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co*., 981 F.2d 429, 439 (9th Cir. 1992) (affirming Rule 11 sanctions).  In *Nugget*, the Ninth Circuit held that Rule 11 sanctions were appropriate where the plaintiff filed a second motion to compel that "largely duplicated its first motion to compel, which earlier had been denied and from which denial motion for reconsideration was filed."  *Id.*  The court concluded

10

that, because the "two motions to compel" were "sufficiently similar," the second motion was "filed for an improper purpose" or "frivolous," such that "[s]anctions must be imposed." *Id.* (citing *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)). *See also Sanai v. Sanai*, 408 F. App'x 1, 2 (9th Cir. 2010) ("[t]he district court properly sanctioned appellants under Rule 11 in the second action for filing duplicative causes of action."). Following *Nugget*, Rimini should be sanctioned for its duplicative motion.

Similarly, in *St. Paul Fire*, the Ninth Circuit affirmed the imposition of Rule 11 sanctions where the appellants had "filed a second notice of removal before the first notice of removal had been adjudicated." *St. Paul Fire & Marine Ins. Co. v. Vedatech Int'l, Inc.*, 245 F. App'x 588, 590 (9th Cir. 2007). The court held that a filing that "did nothing more than duplicate arguments" was "objectively unreasonable" and warranted Rule 11 sanctions. *Id.*

Rimini's filing of duplicative motions "is an abusive litigation tactic that taxes the resources of the Court and all of the parties to a lawsuit." *Tagle v. Fajota*, No. 2:15-CV-02082-JCM-VCF, 2017 WL 2230334, at *3 (D. Nev. May 22, 2017) (advising plaintiff that "continued motion practice requesting relief that has already been denied, filing duplicative motions, or making frivolous, unsupported requests may result in the imposition of sanctions, including a recommendation to the district judge that he be declared a vexatious litigant or that this case be dismissed"). *See also Williams v. Las Vegas Metro. Police Dep't*, No. 2:18-CV-02432-APG-VCF, 2019 WL 4658360, at *2 (D. Nev. Sept. 23, 2019) ("[m]aking repeated requests for the same relief is an abusive litigation tactic that taxes the resources of both the court and the parties.") (dismissing case); *Crittendon v. Lombardo*, No. 2:17-CV-01700-RFB-PAL, 2018 WL 6179493, at *4 (D. Nev. Nov. 26, 2018) ("Filing duplicate motions increases the court's workload and . . . may result in the imposition of sanctions" including dismissal); *In re Flashcom, Inc.*, 503 B.R. 99, 133 (C.D. Cal. 2013), *aff'd*, 647 F. App'x 689 (9th Cir. 2016) ("The attempt to relitigate this issue for a third time in the bankruptcy court (and twice in this court) during the time period that appellees were supposed to be preparing for trial is evidence of an improper purpose in filing the motion.") (affirming award of sanctions under the bankruptcy equivalent of Rule 11, Rule 9011). This Court thus should sanction Rimini and its counsel under Rule 11.

**B.**      **This Court Should Grant Attorneys' Fees Under 28 U.S.C. § 1927.**

28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Here, Rimini's counsel have unreasonably and vexatiously multiplied this litigation by reasserting their same previously rejected arguments before this Court.

Rimini's counsel filed the Motion in "bad faith," "knowingly or recklessly rais[ing] a frivolous argument." *Hussein v. Dugan,* No. 3:05-CV-00381-PMP-RAM, 2009 WL 10709253, at *2 (D. Nev. Sept. 8, 2009), *aff'd*, 454 F. App'x 541 (9th Cir. 2011) (granting attorneys' fees for "vexatiously multiplied litigation" under the Court's inherent power and 28 U.S.C. § 1927); *see also Aboulafia v. Mortg. Elec. Registration Sys., Inc.,* No. 2:12-CV-02001-GMN, 2013 WL 2558726, at *6 (D. Nev. June 8, 2013) (granting attorneys' fees under Section 1927 where, when considered with the plaintiff's prior litigation, the complaint and "subsequent motions and argument . . . on apparently the same issues . . . were brought recklessly, and possibly for the purpose of harassing an opponent"). As discussed above, the Motion repeats—at times essentially verbatim—Rimini's prior failed arguments. Much as this Court previously found when awarding attorneys' fees to Oracle, Rimini's arguments in the Motion were "not . . . objectively reasonable position[s] to take in this litigation." ECF No. 1164 at 13. And Rimini has been taking such positions "from the earliest part of litigation." *Id.* Rimini's latest frivolous motion has vexatiously multiplied this litigation. This Court should award Oracle its attorneys' fees and costs incurred in responding.

**C.**      **This Court Should Sanction Rimini Under Its Inherent Powers.**

Rimini's Motion is just another attempt to circumvent and undermine this Court's lawful injunction. The Motion wastes this Court's judicial resources with duplicative arguments merely packaged with a different motion title. This Court retains inherent authority to sanction such conduct, and Oracle respectfully submits that it should do so. *See Hussein v. Dugan,* No. 3:05-CV-00381-PMP-RAM, 2009 WL 10709253, at *2 (D. Nev. Sept. 8, 2009), *aff'd*, 454 F. App'x 541 (9th Cir. 2011) (granting attorney's fees for "vexatiously multiplied litigation" under the

12

Court's inherent power and 28 U.S.C. § 1927).

DATED: April 20, 2020                    MORGAN, LEWIS & BOCKIUS LLP


                                         By: _____/s/ John A. Polito_____
                                                    John A. Polito

                                         *Attorneys for Plaintiffs Oracle USA, Inc., Oracle
                                         America, Inc. and Oracle International Corporation*

1

**CERTIFICATE OF SERVICE**

2     At the time of service I was over 18 years of age and not a party to this action.  My

3  business address is One Market, Spear Street Tower, San Francisco, CA 94105.

4     On April 20, 2020, I served the following document:

5
**ORACLE'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 11, 28 U.S.C. § 1927, AND THE COURT'S
6  INHERENT AUTHORITY**

7
I served the document on the persons below, as follows:
8

9  Ryan N. DuBose, Esq.                         Joseph A. Gorman, Esq.
   Blaine H. Evanson, Esq.                     GIBSON, DUNN & CRUTCHER LLP
   Brett M. Long, Esq.                         555 Mission Street, Suite 2900
10  Shaun A. Mathur, Esq.                        San Francisco, CA 94105-0921
   Casey J. McCracken, Esq.                    Email: *JGorman@gibsondunn.com*
11  Amber McKonly, Esq.
   Jeffrey T. Thomas, Esq.                     Samuel Liversidge, Esq.
12  Jennafer M. Tryck, Esq.                      Eric D. Vandevelde, Esq.
   Cynthia P. Weaver                           GIBSON, DUNN & CRUTCHER LLP
13  Chris Whittaker, Esq.                        333 South Grand Ave., 47th Floor
   Tracy A. Morgan                             Los Angeles, CA 90071-3197
14  GIBSON, DUNN & CRUTCHER LLP                 Email: *SLiversidge@gibsondunn.com*
   3161 Michelson Drive, Suite 1200            Email: *EVandevelde@gibsondunn.com*
15  Irvine, CA 92612-4412
16  Email: *RDubose@gibsondunn.com*              Mark A. Perry, Esq.
   Email: *BEvanson@gibsondunn.com*             Jeremy M. Christiansen, Esq.
17  Email: *BLong@gibsondunn.com*                GIBSON, DUNN & CRUTCHER LLP
   Email: *SMathur@gibsondunn.com*              1050 Connecticut Avenue, N.W.
18  Email: *CMcCracken@gibsondunn.com*           Washington, DC 20036
   Email: *AMcKonly@gibsondunn.com*             Email: *MPerry@gibsondunn.com*
19  Email: *JTThomas@gibsondunn.com*             Email: *JChristiansen@gibsondunn.com*
   Email: *JTryck@gibsondunn.com*
20  Email: *CWeaver@gibsondunn.com*
   Email: *CWhittaker@gibsondunn.com*
21  Email: *TMorgan2@gibsondunn.com*

22

23     The document was served pursuant to FRCP 5(b) by sending it by electronic mail.  Based

24  on a court order or an agreement of the parties to accept service by e-mail or electronic

25  transmission, I caused the document to be sent to the persons at the e-mail addresses listed above.

26  I did not receive, within a reasonable time after the transmission, any electronic message or other

27  indication that the transmission was unsuccessful.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I hereby certify that I am employed in the office of a member of the State Bar of California, admitted *pro hac vice* to practice before the United States District Court for the District of Nevada for this case, at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.

Dated:  April 20, 2020

_/s/ Lisa S. Lee_
Lisa S. Lee

2
CERTIFICATE OF SERVICE