# Exhibit 1

**Excerpts of Rimini Street's Letter re Additional Developments and Ex. B, filed in *Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 18-16554, (ECF Nos. 46-1 and 46-3)**

(1 of 11)

Case 2:10-cv-00106-LRH-VCF Document 1348-2 Filed 05/12/20 Page 1 of 2
Case: 18-16554, 07/03/2019, ID: 11353448, DktEntry: 57, Page 1 of 6

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Mark A. Perry
Direct: +1 202.887.3667
Fax: +1 202.530.9696
MPerry@gibsondunn.com

Client: 79957-00008

July 3, 2019

VIA ECF FILING

Molly Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re:     *Oracle USA, Inc. v. Rimini Street, Inc., No. 18-16554*

Ms. Dwyer:

Oral argument in this appeal is scheduled for July 12, 2019, in Portland, Oregon.  On behalf of Rimini Street, Inc. ("Rimini"), I am writing to advise the panel of additional developments in the district court that bear directly on the parties' arguments concerning the scope of the permanent injunction.  On June 21, 2019, shortly after Rimini apprised this Court of the parties' joint submission regarding discovery (*see* Dkt. 43-1), the Magistrate Judge issued a Post-Injunction Discovery Scheduling Order (attached as Exhibit A); and on June 28, 2019, pursuant to that order, Oracle served a list (attached as Exhibit B) identifying five discrete practices that it contends are in violation of the injunction.  Not one of those practices was adjudicated at trial or on appeal in *Rimini I*; all five are the subject of pending summary judgment motions in *Rimini II*.  Counsel for Rimini will be prepared to discuss these issues further at oral argument.

Respectfully submitted,

/s/ Mark A. Perry

Mark A. Perry

MAP/dl

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

# EXHIBIT B

# Morgan Lewis

**John Polito**
+1.415.442.1125
john.polito@morganlewis.com

June 28, 2019

**VIA E-MAIL**

Mark A. Perry
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
mperry@gibsondunn.com

Re:    *Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 2:10-cv-0106-LRH-VCF (D. Nev.)

Dear Mr. Perry:

Consistent with the Court's Order, ECF No. 1232, Oracle hereby serves Rimini with "a list describing conduct disclosed in *Rimini II* (including cross-use and cloud hosting) which Oracle contends would violate Judge Hicks' injunction if it continued after the injunction was effective."

### 1.    Cloud-Hosting of PeopleSoft Software and Support Materials

Oracle contends that Rimini "reproduce[s], prepare[s] derivative works from, or use[s] PeopleSoft software or documentation on, with, or to . . . computer systems other than a specific licensee's own computer systems[.]"  Injunction ¶ 5.  Rimini regularly reproduces, prepares derivative works from, and uses PeopleSoft software and documentation on computer systems other than a specific licensee's own computer systems, including environments, virtual machines, and cloud storage hosted by Tierpoint (formerly known as Windstream) and Amazon Web Services.  Evidence that Rimini hosts PeopleSoft software and support materials on computer systems other than a specific licensee's own computer systems in violation of the Injunction includes documents, deposition testimony, discovery responses, and Rimini's own in-court statements concerning cloud-hosting of Oracle software and support materials.

### 2.    Cross-Use of PeopleSoft Software and Support Materials

Oracle contends that Rimini "reproduce[s], prepare[s] derivative works from, or use[s] a specific licensee's PeopleSoft software or documentation on one licensee's computer systems to support, troubleshoot, or perform development or testing for . . . other licensee[s], including, specifically, that Rimini Street . . . use[s] a specific licensee's PeopleSoft environment to develop or test software updates or modifications for the benefit of . . . other licensee[s] and that Rimini's reproduction, creation of derivative works, and use is not solely "to support the specific licensee's own internal data processing operations [.]" Injunction ¶¶ 4, 6.  Rimini regularly develops and tests software updates (including both code and documentation) for PeopleSoft software using one or more environments associated with a small number of customers, and then provides those

**Morgan, Lewis & Bockius LLP**

One Market
Spear Street Tower
San Francisco, CA  94105-1596          **T** +1.415.442.1000
United States                          **F** +1.415.442.1001

Mark A. Perry
June 28, 2019
Page 2

updates to and for the benefit of multiple customers, including customers whose associated environments were not used for development or testing.  Evidence that Rimini cross-uses PeopleSoft software and support materials in violation of the Injunction includes documents, deposition testimony, and discovery responses that show Rimini's manual cutting and pasting and sending via email and file transfer of PeopleSoft code and documentation, Rimini's use of internal tools such as AFW and Dev Review and of Oracle tools such as PeopleTools, and Rimini's creation of what it calls a "prototype" and then copying and use of that prototype (or detailed documentation derived from the prototype) to "retrofit" updates for other customers.

### 3.   Cross-Use of JD Edwards Software and Support Materials

Oracle contends that Rimini "reproduce[s], prepare[s] derivative works from, or use[s] J.D. Edwards software or documentation on one licensee's computer systems to support, troubleshoot, or perform development or testing for . . . other licensee[s], including, specifically, that Rimini Street . . . use[s] a specific licensee's J.D. Edwards environment to develop or test software updates or modifications for the benefit of other licensee[s][.]"  Injunction ¶ 10.  Rimini regularly develops and tests software updates (including both code and documentation) for JD Edwards software using one or more environments associated with a small number of customers, and then provides those updates to and for the benefit of multiple customers.  Evidence that Rimini cross-uses JD Edwards software and support materials in violation of the Injunction includes documents, deposition testimony, and discovery responses that show Rimini's manual cutting and pasting and sending via email and file transfer of JD Edwards code and documentation, Rimini's use of Oracle tools such as Object Management Workbench, and Rimini's creation of what it calls a "prototype" and then copying and use of that prototype (or detailed documentation derived from the prototype) to "retrofit" updates for other customers.

### 4.   Access to JD Edwards Source Code

Oracle contends that Rimini "cop[ies] or access[es] J.D. Edwards software source code to carry out development and testing of software updates[.]"  Injunction ¶ 8.  Rimini regularly copies and accesses JD Edwards source code in the course of developing and testing software updates and in the course of installing, configuring, and administering JD Edwards environments. Evidence that Rimini copies and accesses JD Edwards source code in violation of the Injunction includes documents, deposition testimony, and discovery responses that show Rimini's access to and copying of source code, both directly and by causing a third party to display the source code to Rimini.

### 5.   Distribution of PeopleSoft and JD Edwards Software and Support Materials

Oracle contends that Rimini "distribute[s] PeopleSoft software or documentation or any derivative works created from or with PeopleSoft software or documentation" and "distribute[s] J.D. Edwards software or documentation or any derivative works created from or within J.D. Edwards software or documentation[.]"  Injunction ¶¶ 3, 7.  Rimini regularly develops software updates (including both code and documentation) for PeopleSoft and JD Edwards software and other derivative works based upon PeopleSoft and JD Edwards software and distributes them to or otherwise makes them available to customers.  Evidence that Rimini distributes PeopleSoft and JD Edwards software and support materials in violation of the Injunction includes documents, deposition testimony, and discovery responses that show Rimini's acts of distribution, including via e-mail, FTP, and operation of software tools.

Mark A. Perry
June 28, 2019
Page 3


Sincerely,

*/s/ John A. Polito*


John A. Polito


cc:    Lauren Blas
       Blaine H. Evanson
       Joseph A. Gorman
       Samuel Liversidge
       Casey J. McCracken
       Amber McKonly
       Jeffrey T. Thomas
       Jennafer M. Tryck
       Eric Vandevelde
       Chris Whittaker
       Tracy A. Morgan
       W. West Allen
       Lisa DeBrosse Johnson
       Leslie A.S. Godfrey
       Daniel F. Polsenberg
       Joel D. Henriod

       Karen Dunn
       Kathleen Hartnett
       William Isaacson
       Sean Rodriguez
       Ashleigh Jensen
       Zachary Scott Hill
       Benjamin P. Smith
       Sharon R. Smith
       Lisa Lee