# Exhibit 2

# Excerpts of Rimini Street's Urgent Motion to Stay, filed in *Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 18-16554, (ECF No. 4-1)

No. 18-16554

_____

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE NINTH CIRCUIT

_____

ORACLE USA, INC., a Colorado corporation;
ORACLE AMERICA, INC., a Delaware corporation;
ORACLE INTERNATIONAL CORPORATION, a California corporation,

*Plaintiffs-Appellees*,

*v.*

RIMINI STREET, INC., a Nevada corporation,

*Defendant-Appellant*.

_____

On Appeal from the United States District Court
For the District of Nevada
No. 2:10-cv-0106-LRH-VCF

_____

### URGENT MOTION UNDER CIR. R. 27-3
### TO STAY THE ORDER OF PERMANENT INJUNCTION,
### SEEKING RELIEF BY NO LATER THAN NOVEMBER 10, 2018, AND TO
### ORDER AN IMMEDIATE ADMINISTRATIVE STAY PENDING
### CONSIDERATION OF THIS MOTION

_____

Blaine H. Evanson
Joseph A. Gorman
Shaun A. Mathur
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
(949) 451-3805
BEvanson@gibsondunn.com

Mark A. Perry
Jeremy M. Christiansen
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
MPerry@gibsondunn.com

*Attorneys for Rimini Street, Inc.*

## TABLE OF CONTENTS

                                                                                      Page

CIRCUIT RULE 27-3 CERTIFICATE ................................................................. vii

INTRODUCTION .......................................................................................................1

FACTUAL BACKGROUND .....................................................................................2

STANDARD OF REVIEW ........................................................................................6

ARGUMENT ...............................................................................................................6

       I.      Rimini Is Substantially Likely to Prevail on Appeal ...........................6

      II.     Rimini Will Be Irreparably Harmed Absent a Stay ............................16

      III.    Oracle Will Not Be Harmed by a Stay..................................................18

      IV.    The Public Interest Favors a Stay.........................................................19

CONCLUSION ..........................................................................................................20

# INTRODUCTION

This come-back appeal challenges a permanent injunction that is substantially identical to one that four judges of this Court have already reviewed with considerable skepticism. The original injunction was stayed by a motions panel comprised of Chief Judge Thomas and Judge Leavy; it was then vacated by a merits panel that included Judges Graber and Friedland. *See Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948 (9th Cir. 2018); Order, No. 16-16832, Dkt. 26. After Judge Friedland pointedly asked at oral argument why an injunction was warranted given that the conduct subject to an injunction is the subject of a separate lawsuit (Dkt. 1134-2 at 41:18–21 (Ex. G-1)), the merits panel directed the district court to reconsider injunctive relief (*Oracle*, 879 F.3d at 953). Rather than carry out this Court's mandate, the district court re-imposed essentially the same injunction.

This Court has recognized that "Rimini Street … provide[s] third-party support for Oracle's enterprise software, in *lawful competition* with Oracle's direct maintenance services." *Oracle*, 879 F.3d at 952 (emphasis added). The injunction entered below, however, disrupts and distorts that competition—and it does so in a manner that is unprecedented, inequitable, unlawful, and unconstitutional. Among other things, the district court directly contradicted express findings by the jury, prohibited conduct that this Court expressly did not adjudicate in the previous appeal, and wholly ignored the causal nexus prerequisite to injunctive relief.

1

Rimini immediately invested millions of dollars to revise its processes to conform to the district court's order, discontinuing by no later than July 2014 the forms of "local hosting" and "cross-use" at issue in *Rimini I*. *See* Dkt. 1134-3 (Ex. G-2). Rimini then filed another lawsuit (*Rimini II*) in October 2014, seeking a declaration of non-infringement. At Oracle's insistence, the district court declined Rimini's request to consolidate the cases, holding that all evidence of Rimini's current processes must be kept to the second proceeding. Dkts. 515, 669, 723.

Oracle abandoned most of its claims in *Rimini I* before or during trial in September 2015. The jury rejected all of Oracle's remaining claims except infringement and computer hacking. And as to infringement, the jury found that Rimini's conduct was "innocent," meaning that Rimini "was not aware" and "had no reason to believe" that its conduct was unlawful. Dkt. 1134-5 at 43 (Ex. G-4). The jury awarded as copyright damages $35.6 million in the form of a fair-value license and found that Oracle lost *zero* profits, and that Rimini earned *zero* profits, as a result of the innocent infringement. *See* Dkt. 1134-4 at 4–6 (Ex. G-3). Mr. Ravin was exonerated of any infringement liability. *Id.* at 2–3. The jury awarded $14.4 million in damages against Rimini and Mr. Ravin for computer hacking.

After trial, and more than five years after filing this lawsuit, Oracle first sought injunctive relief, contending that it would suffer irreparable injury from the practices that Rimini had already ceased. Dkt. 900. The district court entered Oracle's

3

case." Dkt. 1161 at 67:1–3. It follows that only those issues can be enjoined in *Rimini I*. The district court's contrary conclusion—that Rimini can be enjoined from (and potentially held in contempt for) conduct in *Rimini I* that is actively being litigated in *Rimini II*—is illogical and erroneous.

The ongoing litigation between Rimini and Oracle will address the infringement questions that this Court did not address in the first appeal. That was Oracle's *express request* to this Court at oral argument. *See* Dkt. 1134-2 at 25:6–20 (Ex. G-1) (Oracle's appellate counsel conceding that Rimini may "assist a licensed user in creating a testing environment … and use it to make a fix," and that "disputes about … those issues can be resolved" "in Rimini 2"). And, in denying Rimini's stay request, the district court also acknowledged that "there is a second separate action between the parties which will address several of the legal and factual issues raised in the prior appeal." Dkt. 1177 at 4 (Ex. A). Oracle successfully opposed Rimini's request to consolidate the two cases for trial, and then successfully pleaded with this Court to leave open for *Rimini II* many important issues—including whether any form of "cross-use" even constitutes copyright infringement.

It is inconsistent with the principles of equity that govern the issuance of injunctions for Oracle to nonetheless obtain an injunction in *Rimini I* prohibiting the very conduct it asked this Court not to adjudicate in that case, and that is subject to ongoing litigation in *Rimini II*. 4 *Nimmer on Copyright*, § 14.06[C][1][a]

12

Respectfully submitted,

Dated: September 14, 2018 /s/ *Mark. A. Perry*

| | |
|---|---|
| Blaine H. Evanson | Mark A. Perry |
| Joseph A. Gorman | Jeremy M. Christiansen |
| Shaun A. Mathur | GIBSON, DUNN & CRUTCHER LLP |
| GIBSON, DUNN & CRUTCHER LLP | 1050 Connecticut Avenue, N.W. |
| 3161 Michelson Drive | Washington, D.C. 20036 |
| Irvine, California 92612 | (202) 955-8500 |
| (949) 451-3805 | MPerry@gibsondunn.com |
| BEvanson@gibsondunn.com | |

*Attorneys for Rimini Street, Inc.*

21