# Exhibit 5

## Oracle's Letter re Rimini Street's 28(j) Notice of Authorities, filed in *Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 18-16554, (ECF No. 45)

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

1301 Pennsylvania Avenue NW
Washington, D.C. 20004

Paul D. Clement
To Call Writer Directly:
(202) 389-5000
paul.clement@kirkland.com

(202) 389-5000

www.kirkland.com

Facsimile:
(202) 389-5200

June 27, 2019

**VIA ECF**

Molly Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Oracle USA, Inc. v. Rimini Street, Inc.*, No. 18-16554

Dear Ms. Dwyer:

The filings Rimini cites neither constitute "authority" under FRAP 28(j) nor identify any "contradicti[on]" in Oracle's position. As an initial matter, the only intervening authority here is the district court's decision to permit discovery into whether Rimini is in contempt of the injunction under review. *See* Dist.Ct.Dkts.1215, 1232. More broadly, Rimini's letter simply reflects Rimini's benighted view that the injunction is and must be limited to conduct specifically affirmed to be copyright infringement in this Court's initial opinion. That is not and has never been Oracle's position or the law; to the contrary, Oracle explained at length in its brief why that position is wrong.

This Court's initial opinion "committed" "the propriety or scope of any injunctive relief" on remand "to the district court's discretion." 879 F.3d 948, 964 (9th Cir. 2018). As Oracle explained in its brief, that left the district court free to enjoin *any* conduct it found infringing (or necessary to prevent continued infringement). *See* CA9.Dkt.23 at 32-41.

Oracle's position below, and the district court's holdings, have been fully consistent with this Court's decision, settled law, and the factual record. As Oracle has explained: (1) as to J.D. Edwards, Siebel, and Database, "this Court *did* decide that all of the conduct the district court enjoined was not authorized by the licenses"; and (2) as to PeopleSoft, while this Court did not address all of the conduct the district court found infringing, the district court was "entirely free" on remand "to abide by its earlier conclusion that cross-use is *not* permitted by the PeopleSoft licenses and to enjoin Rimini from 'us[ing] PeopleSoft software … on one licensee's computer systems to support … any other licensee." CA9.Dkt.23 at 38-39. The pages of Oracle's briefing that Rimini cites underscore both the consistency of Oracle's position and the inaccuracy of Rimini's accusations. *See, e.g.*, Dist.Ct.Dkt.1231 at 5 ("Rimini's claim that Oracle improperly

## KIRKLAND & ELLIS LLP

Molly Dwyer
June 27, 2019
Page 2

seeks discovery beyond the scope of practices prohibited by the *Rimini I* rulings is meritless."); *id.* at 6 ("Rimini's claim that Oracle has taken inconsistent positions regarding the scope of the Injunction is … incorrect").

Respectfully submitted,


s/Paul D. Clement
Paul D. Clement
