# Exhibit 6
# Excerpts of Oracle's Answering Brief for Appellees, filed in *Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 18-16554, (ECF Nos. 23)

No. 18-16554

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

———————

ORACLE USA, INC., a Colorado corporation;
ORACLE AMERICA, INC., a Delaware corporation;
ORACLE INTERNATIONAL CORPORATION, a California corporation,

*Plaintiffs-Appellees*,

v.

RIMINI STREET, INC., a Nevada corporation,

*Defendant-Appellant*.

———————

On Appeal from the United States District Court
for the District of Nevada
No. 2:10-cv-00106-LRH-VCF

———————

## ANSWERING BRIEF FOR APPELLEES

———————

| | |
|---|---|
| WILLIAM A. ISAACSON | PAUL D. CLEMENT |
| KAREN L. DUNN | *Counsel of Record* |
| BOIES, SCHILLER | ERIN E. MURPHY |
| & FLEXNER LLP | MATTHEW D. ROWEN |
| 1401 New York Avenue, NW | KIRKLAND & ELLIS LLP |
| Washington, DC 20005 | 655 Fifteenth Street, NW |
| (202) 237-2727 | Washington, DC 20005 |
| | (202) 879-5000 |
| | paul.clement@kirkland.com |

*Counsel for Plaintiffs-Appellees*

(*Additional Counsel Listed on Inside Cover*)

January 23, 2019

## TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ............................................................. i

TABLE OF AUTHORITIES ................................................................................... iv

INTRODUCTION ..................................................................................................... 1

STATEMENT OF JURISDICTION ......................................................................... 1

STATEMENT OF THE CASE AND THE FACTS ................................................. 2

    A. Pre-Trial, Trial, and Post-Trial Proceedings ............................................. 2

    B. The Appeal .................................................................................................. 5

    C. Proceedings on Remand ............................................................................. 8

SUMMARY OF ARGUMENT ................................................................................11

STANDARDS OF REVIEW ................................................................................... 14

ARGUMENT ........................................................................................................... 15

I. The District Court Did Not Abuse Its Discretion In Enjoining Rimini ................................................................................................... 15

    A. The District Court Had Jurisdiction to Enter the Injunction .............. 15

    B. The District Court's Findings Were not Clearly Erroneous, and They Amply Support its Decision to Grant Injunctive Relief ...................................................................................... 17

    C. The Injunction Is Fully Consistent With the Jury Verdict .................. 25

        1. The Copyright Act contains no bar to enjoining "innocent" infringers ............................................................... 26

        2. Case law establishes that "innocent" infringers may be enjoined ........................................................................ 28

        3. Rimini's Seventh Amendment argument is meritless .............. 30

    D. The Injunction Is Neither Overbroad Nor Vague ............................... 32

        1. Rimini's claim that this Court limited the mandate to "future-customer 'cross-use'" is demonstrably false ............... 32

        2. Rimini's claim that the mandate foreclosed enjoining cross-use is likewise false ....................................................... 37

        3. The district court had discretion to enjoin distribution and preparation of derivative works .......................................... 39

        4. Rimini's objections to the "access" restrictions are baseless ................................................................................. 41

        5. The injunction is not vague ...................................................... 43

II. The District Court Did Not Abuse Its Discretion In Awarding Attorneys' Fees ................................................................................................ 45

    A. The Decision to Re-Award Fees Was Not an Abuse of Discretion ................................................................................................ 45

        1. The district court accurately applied the relevant factors ........................................................................................ 45

        2. The fee award is entirely consistent with the mandate ............ 49

    B. There Is No Apportionment Requirement for Related Claims .......... 50

    C. The Amount of Fees Awarded Was Reasonable ................................ 53

CONCLUSION ........................................................................................................ 58

STATEMENT OF RELATED CASES

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# INTRODUCTION

Rimini Street's opening brief is utterly divorced from this Court's decision in the previous appeal in this case. Not only does Rimini attempt to resuscitate arguments that this Court squarely rejected and/or found waived; Rimini repeatedly misrepresents what this Court did and did not hold. This Court affirmed in full the judgment that Rimini infringed all 93 copyrighted works at issue. And this Court expressed no opinion on the propriety or scope of injunctive relief for that infringement, instead leaving those issues, and the question of attorneys' fees, to the sound discretion of the district court on remand. Exercising that discretion, the district court (1) concluded that Oracle was entitled to an injunction to ensure that Rimini will not resume its serial infringement in the future, and (2) awarded Oracle 80% of the attorneys' fees Oracle sought after reaffirming not only that Rimini's litigation misconduct drove up Oracle's costs, but also that this case is and always was principally about the copyright claims on which Oracle prevailed in full. Neither the injunction nor the fee award suffers from any legal defect, and each is well within the district court's broad discretion. This Court should affirm in full.

# STATEMENT OF JURISDICTION

Oracle agrees with Rimini's statement of jurisdiction.

software … on one licensee's computer systems to support … any other licensee." ER14.

Moreover, Rimini does not even try to argue that the court's construction of the PeopleSoft licenses was incorrect, and so has waived any ability to do so. *See* 879 F.3d at 957 ("arguments not raised by a party in its opening brief are deemed waived"). Nor could Rimini reasonably make any such argument, as the PeopleSoft licenses plainly prohibit making copies or using environments that derive from Customer *A*'s license to support Customers *B*, *C*, or *D*. *See* 16-16832 ER1177 (confining third parties to making copies "*for Licensee's internal use*" and "in accordance with the terms set forth herein," which further limit uses to supporting "Licensee's *internal data processing operations*" (emphases added)).

### 3. The district court had discretion to enjoin distribution and preparation of derivative works.

Although the jury was instructed that the PeopleSoft "licenses prohibited Rimini Street from copying or preparing derivative works from PeopleSoft software," ER642, Rimini contends that the court could not enjoin that conduct because it is not clear whether the jury based its verdict on a finding that Rimini violated that prohibition. Br.43-44. But whatever violation(s) of the licenses may have led to the jury's findings, there can be no dispute that the parties litigated the question of whether the licenses *allowed* Rimini to engage in the conduct that the injunction prohibits. And, as evidenced by its jury instruction, the district court

39

concluded that they do not. Rimini could have challenged that license-construction holding or that jury instruction in its first appeal, but it chose not to do so. That alone precludes Rimini from pressing that argument now, "for it would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost." *United States v. Ben Zvi*, 242 F.3d 89, 95-96 (2d Cir. 2001). The district court thus acted well within its discretion in enjoining Rimini from engaging in that conduct.[8]

Moreover, Rimini's suggestion that the district court could enjoin only things that the jury affirmatively found it did misunderstands the scope of a court's discretion in granting an injunction. Courts are vested with broad discretionary power to fashion injunctive relief based on the "necessities of the particular case." *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 61 (1975). That authority includes the power to enjoin even otherwise-lawful conduct, so long as the decree is tailored to the nature and scope of the case. *United States v. U.S. Gypsum Co.*, 340 U.S. 76, 88-89 (1950) (injunctions may cover "entirely proper" acts if doing so will prevent future violations). That authority is particularly broad in the copyright context,

---

[8] The sole authority Rimini cites in support of its contrary (and waived) argument is utterly inapposite. That case involved "an *appallingly* bad injunction" that contained "gibberish," applied to works in which plaintiff did "not own the copyrights," and extended beyond "defendants, and those in privity with them." *Chi. Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 632 (7th Cir. 2003). Rimini does not and cannot make any such claims here.

40

where injunctions may impose whatever terms the court deems "reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. §502(a). This Court and others thus consistently have upheld copyright injunctions that reach beyond the specific infringing conduct in which the defendant was found to have engaged. *See, e.g.*, *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1406 (9th Cir. 1997) (enjoining sale of entire book even though only front and back covers were infringed); *Russian Media Grp., LLC v. Cable Am., Inc.*, 598 F.3d 302, 306-07 (7th Cir. 2010) (upholding injunction preventing transmission of pirated and nonpirated programs "to prevent the evasion of the core prohibition in the decree and to extirpate any lingering effects of the violation sought to be remedied").

### 4. Rimini's objections to the "access" restrictions are baseless.

Rimini claims that "the jury was never instructed that 'accessing' source code was a basis of liability," and that prohibiting Rimini from accessing a copyrighted work would violate the First Amendment. Br.44-45. Once again, that argument rests on the mistaken premise that the court lacked authority to enjoin any conduct beyond that which the jury affirmatively found to be infringing. That is not the law.

In reality, the court was free to conclude that enjoining Rimini from violating the licenses' access terms was the best way "to prevent or restrain infringement of" Oracle's copyrights. 17 U.S.C. §502(a); *see Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 994 (9th Cir. 2011) ("[I]njunctive relief to prevent copyright

41