# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No 2:10-cv-0106-LRH-VCF<br><br>**[PROPOSED] ORDER RE: ORACLE'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY** |

**[PROPOSED] ORDER**

Upon consideration of Oracle's MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY ("Oracle's Motion for Sanctions"), the Court finds:

Rimini's April 2, 2020, "Motion to Enforce the Court's Orders and Judgment Separating Rimini I from Rimini II" (ECF No. 1323) ("Rimini's Motion") is facially meritless, as duplicative of Rimini's prior arguments in its (1) Opposition to Oracle's First Injunction Motion (ECF Nos. 905 and 1040), (2) Objections to Oracle's Proposed Orders (ECF No. 1055), (3) Opposition to Oracle's Renewed Injunction Motion (ECF No. 1130), (4) Emergency Motion to Stay filed in this Court (ECF No. 1168), (5) Emergency Motion to Stay filed in the Ninth Circuit (Oracle USA, Inc. v. Rimini Street, Inc., Case No. 18-16554 (9th Cir.) ("2018 Appeal") Dkt. 4-1), (6) briefing to and oral argument before to the Ninth Circuit (2018 Appeal Dkt. 12; Dkt. 46, Dkt. 53; Oral Argument Recording *available at*

1  https://www.ca9.uscourts.gov/media/view.php?pk_id=0000034266), and (7) Opposition to Oracle's motion for injunction compliance discovery (ECF No. 1209);

Rimini's Motion is not warranted by either existing law or a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; Rimini's Motion instead vexatiously and needlessly has caused delay and increased cost for this litigation;

Rimini's Motion was signed pursuant to Federal Rule of Civil Procedure 11(a) by Rimini's counsel of record, Eric D. Vandevelde, of the firm Gibson, Dunn & Crutcher LLP;

Rimini's counsel of record, Gibson Dunn & Crutcher, LLP, including Mr. Vandevelde, was served with Oracle's Motion for Sanctions and provided a 21 day safe harbor period to withdraw Rimini's Motion; and

Rimini did not withdraw its motion.

**NOW THEREFORE, IT IS ORDERED** that:

Rimini's Motion is struck;

Rimini and Gibson Dunn & Crutcher LLP are jointly obligated to pay Oracle's attorneys' fees and costs associated with Oracle's Opposition to Rimini's Motion, Oracle's Motion for Sanctions, and all associated filings, including declarations, motions to seal, and replies (if any); and

Rimini and its counsel of record from the law firm of Gibson Dunn & Crutcher LLP are hereby reprimanded.

**IT IS SO ORDERED:**

_____
Hon. Larry R. Hicks
United States District Judge

Dated: __May_____, 2020

1

[PROPOSED] ORDER RE: ORACLE'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY
CASE NO. 2:10-CV-0106-LRH-VCF