1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                                    DISTRICT OF NEVADA

8                                              * * *

9   ORACLE USA, INC.; a Colorado                 Case No. 2:10-cv-00106-LRH-VCF
    corporation; ORACLE AMERICA, INC.; a
10  Delaware corporation; and ORACLE             ORDER
    INTERNATIONAL CORPORATION, a
11  California corporation,

12                               Plaintiffs,

13          v.

14  RIMINI STREET, INC., a Nevada
    corporation; and SETH RAVIN, an
15  individual,

16                               Defendants.

17

18          Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively

19  "Oracle") motion the court for leave to file additional pages for its motion for an order to show

20  cause. ECF No. 1337. Due to the confidential nature of some of the exhibits attached to Oracle's

21  motion, Oracle also submitted this motion and some of its supporting exhibits under seal (ECF No.

22  1339-s), and filed a corresponding motion to seal (ECF No. 1338). Rimini Street Inc. and Seth

23  Ravin (collectively "Rimini") opposed Oracle's motion for additional pages. ECF No. 1341. In

24  support, Rimini too relied in part on confidential information, which it filed under seal (ECF Nos.

25  1342; 1344-s), and filed a corresponding motion seal (ECF No. 1343). Accordingly, Oracle

26  replied. ECF No. 1346. For the reasons stated below, the court shall grant Oracle's motion in part.

27          Oracle requests the court permit it to file a 30-page motion for an order to show cause with

28  700 pages of exhibits, and a 20-page reply brief. ECF No. 1337. Oracle argues that good cause

supports this motion because there "has been extensive factual and expert discovery on Rimini's practices (including voluminous Rimini business records)" and "Rimini has set up its business so as to obscure what its developers are doing, thus, warranting extra pages to bring its unlawful practices to light." *Id.* at 2. Rimini opposes any increase in page limit, but if such increase is made, offers to "compromise" on an increased exhibit page limit of 250 pages. ECF No. 1341 at 2-3.

In light of the sheer volume of documents and exhibits filed in the companion case *Rimini Street Inc.et al. v. Oracle USA, Inc. et al.*, 2:14-cv-01699-LRH-CWH ("*Rimini II*")—the parties filed over 7,000+ pages in exhibits and briefing—the court limited the parties to strict page limits for all subsequent filings. *See* ECF No. 1230; *Rimini II*, ECF No. 1240. In accordance with Local Rule LR 7-3(b), motions for orders to show cause and the corresponding responses are limited to 24-pages, with a 12-page reply, and in accordance with Local Rule LR IA 10-3(i), exhibits are limited to 100 pages. While the court's order and the local rules provide that parties may request to exceed this limit, the "court looks with disfavor on motions to exceed page limits, so permission to do so will not be routinely granted." LR 7-3(c).

Recognizing the complexity of this case and to ensure that both parties are able to adequately argue their case, the court shall grant Oracle's motion in part. The court shall allow Oracle to file a 30-page motion and Rimini to file a 30-page response, both excluding non-substantive portions of the filing, including tables of contents, tables of authorities, and signature pages. As LR 7-3(b) provides the moving party may submit a reply brief one-half the size of the motion page limit, Oracle is permitted to file a **15-page** reply, also excluding non-substantive portions of the filing. The court agrees that the parties may need more than 100-pages of exhibits to adequately argue the motion; however, an increase to 700-pages cannot be approved. Oracle provides one exhibit—a 275-page document of source code—as evidence for why such a substantial increase is needed. On this exhibit, the court cannot find good cause exists for Oracle's requested increase: the court does not read source code, and such an exhibit, or those similar, will not help the court make its ruling on the merits. Therefore, the court shall allow each party to file up to **250 pages** of exhibits, not including cover pages, and each exhibit must be evidentiary in nature. All further filing requirements, as set forth in the court's prior Order (*Rimini II*, ECF No.

1240) remain the same. The court notes that its ruling is not based on the parties' arguments regarding "litigation misconduct," as the court finds those arguments irrelevant to the issue of requested page limit increase.

As to the parties' motions to seal, the court recognizes that there is a general presumption that court records should be open and accessible to the public. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). With non-dispositive motions, this presumption is automatically overcome by a showing that the material to be filed under seal is being done so pursuant to a valid protective order. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). On May 21, 2010, the court entered a protective order, which governs the confidentiality of the documents submitted under seal by both parties. ECF No. 55. After reviewing the parties' motions to seal (ECF Nos. 1338 & 1343) and the underlying documents, the court agrees that the information should be protected. The court further finds that because the parties filed redacted versions of the documents to be sealed on the public docket, any harm to the public is appropriately limited.

IT IS THEREFORE ORDERED that Oracle's motion for additional pages (ECF No. 1337) is **GRANTED in part.** The court grants Oracle **30 pages** for its motion and **15 pages** for its reply brief, both excluding non-substantive portions of the filing, including tables of contents and tables of authorities, and signature pages. Rimini is likewise granted **30 pages** for its response brief. Additionally, each party is granted **250 pages** of exhibits, not including cover pages, and each exhibit must be evidentiary in nature. All further filing requirements, as set forth in the court's prior Order (*Rimini II*, ECF No. 1240) remain the same.

IT IS FURTHER ORDERED that Oracle's motion to seal (ECF No. 1338) and Rimini's motion to seal (ECF No. 1343) are **GRANTED**.

IT IS SO ORDERED.

DATED this 26th day of May, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE