GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

*Attorneys for Defendant*
*Rimini Street, Inc.*

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: 925.264.7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: 336.908.6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: 702.667.4843
wwa@h2law.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al., | CASE NO. 2:10-CV-00106-LRH-VCF |
| Plaintiffs, | **RIMINI STREET, INC.'S OPPOSITION TO ORACLE'S MOTION FOR SANCTIONS** |
| v. | |
| RIMINI STREET, INC., et al., | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ...................................................................................................1

II.     BACKGROUND ....................................................................................................3

     A.   After Ruling that Process 2.0 Is "Not Relevant" to *Rimini I* and Will Be "Addressed Solely" in *Rimini II*, the Court Entered Judgment and the Original Injunction ........................................................................................3

     B.   Based on Oracle's Representation that It "Enjoin[s] Only Acts that Have Already Been Determined to Be Unlawful," the Court Entered the Renewed Injunction ....................................................................................4

     C.   The Ninth Circuit Affirmed the Renewed Injunction While Recognizing the Separation Between *Rimini I* and *Rimini II* ..........................6

     D.   Under the Guise of Injunction "Compliance," Oracle Sought Discovery into Process 2.0 ....................................................................................7

     E.   After Oracle Served an Expert Report Making Clear Its Intent to Violate this Court's Separation Orders, Rimini Filed a Motion to Enforce Those Orders ........................................................................................8

III.    ARGUMENT ..........................................................................................................9

     A.   Rimini's Motion to Enforce Is Meritorious and Thus Not Sanctionable ..........10

     B.   Asking the Court to Enforce the Orders and Judgment Previously Entered in this Case Does Not Violate Rule 11 ................................................10

          1.   *Rimini's Motion to Enforce Is Warranted By Existing Law and Is Not Frivolous or Duplicative.* ..........................................................11

          2.   *Rimini's Motion to Enforce Was Not Filed for Any Improper Purpose.* ..................................................................................14

     C.   Asking this Court to Enforce the Orders and Judgment Previously Entered in this Case Does Not Warrant Sanctions Under Either 28 U.S.C. § 1927 or the Court's Inherent Authority ............................................15

IV.     CONCLUSION .....................................................................................................17

Gibson, Dunn & Crutcher LLP

RIMINI STREET, INC.'S OPPOSITION TO ORACLE'S MOTION FOR SANCTIONS
CASE NO. 2:10-CV-00106-LRH-VCF

1

# TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Aboulafia v. Mortg. Elec. Registration Sys., Inc.*,
   No. 12-2001-GMN, 2013 WL 2558726 (D. Nev. June 8, 2013) ........................................17

5

*Colucci v. N.Y. Times Co.*,
   533 F. Supp. 1011 (S.D.N.Y. 1982) ......................................................................................15

6

*Eclipse Grp. LLP v. Target Corp.*,
   No. 15-1411, 2016 WL 8395077 (S.D. Cal. May 26, 2016) ...................................................15

7

8

*Hall v. City of Los Angeles*,
   697 F.3d 1059 (9th Cir. 2012) ..............................................................................................14

9

*Hudson v. Moore Bus. Forms, Inc.*,
   836 F.2d 1156 (9th Cir. 1987) .........................................................................................10, 13

10

11

*Hussein v. Dugan*,
   No. 05-381-PMP, 2009 WL 10709253 (D. Nev. Sept. 8, 2009) ........................................16, 17

12

13

*Int'l Ass'n of Machinists & Aerospace Workers, Lodge 751 v. Boeing Co.*,
   833 F.2d 165 (9th Cir. 1987) .................................................................................................13

14

*Jarrard v. CDI Telecomms.*,
   408 F.3d 905 (7th Cir. 2005) .................................................................................................11

15

16

*Kaass Law v. Wells Fargo Bank, N.A.*,
   799 F.3d 1290 (9th Cir. 2015) ..............................................................................................17

17

*Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*,
   981 F.2d 429 (9th Cir. 1992) .................................................................................................11

18

19

*Oracle USA, Inc. v. Rimini Street, Inc.*,
   783 F. App'x 707 (9th Cir. 2019) ............................................................................................6

20

*Oracle USA, Inc. v. Rimini Street, Inc.*,
   879 F.3d 948 (9th Cir. 2018) ...................................................................................................4

21

22

*Rebel Oil Co. v. Atl. Richfield Co.*,
   146 F.3d 1088 (9th Cir. 1998) ..............................................................................................11

23

*Sendi v. NCR Comten, Inc.*,
   624 F. Supp. 1205 (E.D. Pa. 1986) .......................................................................................14

24

*Sikes v. Rubin Law Offices, P.C.*,
   102 F.R.D. 259 (N.D. Ga. 1984) ...........................................................................................16

25

26

*Sokolowski v. Adelson*,
   No. 14-111-JCM, 2016 WL 344508 (D. Nev. Jan. 27, 2016) ...............................................14

27

*United States v. City & Cnty. of San Francisco*,
   132 F.R.D. 533 (N.D. Cal. 1990) ............................................................................................2

28

Gibson, Dunn &
Crutcher LLP

RIMINI STREET, INC.'S OPPOSITION TO ORACLE'S MOTION FOR SANCTIONS
CASE NO. 2:10-CV-00106-LRH-VCF

1

## TABLE OF AUTHORITIES

2

Page(s)

3

*United States v. Lummi Nation*,
   763 F.3d 1180 (9th Cir. 2014)..............................................................................14

4

*United States v. Rico*,
   619 F. App'x 595 (9th Cir. 2015) .......................................................................15

5

6

**Statutes**

7

28 U.S.C. § 1927 ........................................................................................2, 9, 15, 17

8

**Rules**

9

Fed. R. Civ. P. 11(b)(1)...........................................................................................14

10

Fed. R. Civ. P. 11(b)(2)......................................................................................11, 14

11

Fed. R. Civ. P. 11(c)(5)(A) ......................................................................................14

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I. INTRODUCTION

In an astounding display of incivility and attempt at misdirection, Oracle seeks sanctions against Rimini and its counsel for filing a motion to *enforce* the separation orders between *Rimini I* and *Rimini II* that this Court previously entered *at Oracle's request*—orders that Oracle is now openly *violating*.  Rimini cannot be sanctioned for asking this Court to enforce its own orders, and Oracle's Motion for Sanctions must be denied.

At Oracle's urging, this Court ruled that "Rimini's new service support model [*i.e.*, Process 2.0] is not relevant to any claim or issue in [*Rimini I*]" and that "all claims, issues, and evidence related to the new support model are being addressed solely in [*Rimini II*]."  ECF No. 723 at 3.  In Oracle's own words, this order "established a clear dividing line" between the *Rimini I* and *Rimini II* processes ("Process 1.0" and "Process 2.0," respectively).  ECF No. 593 at 11; *id.* at 13 & n.6.  Consistent with its prior orders and Oracle's repeated representations, this Court entered a permanent injunction prohibiting "*only acts that have already been determined to be unlawful*," *i.e.*, Process 1.0.  ECF No. 1164 at 9 (emphasis added).

With the recent service of Oracle's expert's "contempt" report, Oracle has confirmed that it is *violating* the separation orders by seeking to enforce the injunction against Rimini's new processes (*i.e.*, Process 2.0), which have never been adjudicated and are the subject of pending summary judgment motions in *Rimini II*.  Despite flouting the Court's separation orders, Oracle cannot bring itself to confront their actual content or import.  Rather, in its Motion for Sanctions, Oracle continues to ignore these orders actually entered in this case, asserting instead that Rimini's Motion to Enforce is duplicative and vexatious because this Court and the Ninth Circuit allegedly already held—seven times, according to Oracle—that Process 2.0 is covered by the *Rimini I* injunction.  ECF No. 1348 ("Mot.") at 2.  That is false.  Although Rimini has consistently taken the position—throughout this litigation, in different contexts and at different procedural stages, in filings with this Court and with the Ninth Circuit—that the injunction is limited by the separation between *Rimini I* and *Rimini II* that this Court previously ordered, *no court* has ever ruled on the issue of whether the Court's separation orders and judgment must be followed, or that the injunction can be enforced against Process

2.0.  *See* ECF No. 1323 at 14–16; ECF No. 1347 at 2–5.  Indeed, Ninth Circuit Judge Graber specifically said that Rimini's new processes were "not in front of us."  Oral Argument at 2:10–2:25, *Rimini I*, No. 18-16554 (9th Cir. July 12, 2019), https://tinyurl.com/sbyw42x.

No court has ever had to rule whether Oracle is violating the separation orders because, while Rimini repeatedly *predicted* that Oracle would do so, Oracle assured the Court that it would never do such a thing.  Oracle said it would not seek to hold Rimini in contempt based on "conduct that is currently at issue in *Rimini II*" (*i.e.*, Process 2.0) and that to do so would be "bad faith" because it would "go beyond the clear terms of the injunction."  ECF No. 1174 at 17.  But that is exactly what Oracle is doing now.  For example, Oracle expressly agreed that processes involving the cloud are "at issue in *Rimini II* and [not] at issue in *Rimini I*," and therefore would not be covered by the injunction, which only "codifies what [the Court] already ruled."  ECF No. 1040 at 143:14–144:1.  Yet now, Oracle takes the opposite position on that precise issue, falsely asserting that this Court ruled—contrary to Oracle's own arguments—that the injunction *does* apply to cloud hosting.  Precluding Oracle from such litigatory shenanigans is one of the reasons Rimini felt compelled to file its Motion to Enforce.

Oracle has no coherent basis for opposing Rimini's Motion to Enforce, as the briefing on that motion makes clear.  Apparently believing a good offense can mask an infirm defense (as well as Oracle's own inconsistent positions and violation of the separation orders), Oracle has instead sought sanctions against Rimini and its counsel for having the temerity to ask the Court to enforce its own orders.  But "[t]he proper means of attacking" Rimini's Motion to Enforce "is through cogent legal argument in opposition papers, not through Rule 11." *United States v. City & Cnty. of San Francisco*, 132 F.R.D. 533, 537 (N.D. Cal. 1990), *aff'd*, 976 F.2d 1536 (9th Cir. 1992).  There is absolutely no basis for sanctions against Rimini or its counsel under Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority.  A litigant cannot be sanctioned for asking a court to enforce its own orders—and it would be an abuse of discretion to conclude otherwise.  Indeed, the fact that Oracle would even bring such a motion speaks volumes about the lack of professionalism in its own approach to this litigation—and not that of Rimini or its counsel.

## II. BACKGROUND

Oracle's description of the posture of this case leading up to Rimini's Motion to Enforce and Oracle's Motion for Sanctions is highly misleading and incomplete.  A more detailed background is set forth in Rimini's Motion to Enforce (*see* ECF No. 1323 at 2–14), but the key facts regarding the parties' arguments and the rulings of this Court and the Ninth Circuit are highlighted below.

**A.      After Ruling that Process 2.0 Is "Not Relevant" to *Rimini I* and Will Be "Addressed Solely" in *Rimini II*, the Court Entered Judgment and the Original Injunction**

The Court's original injunction, entered in October 2016 (*see* ECF No. 1065), was the product of years of litigation and reflected the Court's prior rulings about the scope of this case—none of which is addressed by Oracle in its Motion for Sanctions.

After Rimini transitioned its support processes from Process 1.0 to Process 2.0 to conform to this Court's summary judgment rulings in 2014, Rimini asked that evidence regarding Process 2.0 be produced in this case so that it could show the jury how it changed its support model to comply with the Court's orders in good faith, and to demonstrate that any supposedly infringing aspects of its former Process 1.0 were unintentional.  *See* ECF No. 488 at 12–20.  But at *Oracle's* repeated insistence, the Court denied Rimini's request.  In excluding all evidence regarding Process 2.0 from this case, this Court ruled that Process 2.0 "is not relevant to any claim or issue in this action," and that "all claims, issues, and evidence related to the new support model are being addressed *solely* in [*Rimini II*]."  ECF No. 723 at 3 (emphasis added).

This ruling continues to be the law of the case, setting forth a clear delineation between *Rimini I*/Process 1.0 and *Rimini II*/Process 2.0, and becoming the basis for Rimini's consistent position in district court and appellate filings related to the scope of the injunction.  In post-trial proceedings, for example, Rimini raised the argument that Oracle's proposed injunction was vague and overbroad as to Process 1.0 itself, and that the clear purpose of this ambiguity was to sweep in Process 2.0 in violation of this Court's orders.  *See*, *e.g.*, ECF No. 1055 at 3–4. Oracle vehemently denied both that the injunction in fact swept so broadly or that Rimini had

any evidence of Oracle's intent to violate this Court's orders.  As Oracle argued to this Court, "Rimini objects that various provisions in Oracle's proposed injunction would affect Rimini's current business processes, which Oracle is challenging in the *Rimini II* lawsuit.  *But Rimini points only to conduct that the Court and jury have found to constitute infringement*."  ECF No. 907 at 1 (emphasis added).  At oral argument, Oracle doubled down on its assurance to the Court that the injunction in fact did not reach Process 2.0.  For example, on the topic of cloud computing, counsel for Oracle stated to this Court:

> I acknowledge that cloud computing is at issue in *Rimini II* and it wasn't at issue in *Rimini I*.  But we're entitled to an injunction that codifies what you already ruled.  And then in *Rimini II* we can fight with each other whether cloud constitutes the customers' facilities.  We don't believe it does.  But that's the fight we can have in *Rimini II*.

> But the fact that cloud computing might be in *Rimini II* doesn't mean that you should stop and not enter an injunction based on decisions you've already made, conduct that was already adjudicated in *Rimini I*.  That's what we're asking you to do, and our proposed injunction tracks that.

ECF No. 1040 at 143:14–144:1.  Consistent with those representations, the Court sided with Oracle, holding that the injunction was not overbroad because it "*seeks to enjoin only acts that have already been determined to be unlawful*."  ECF No. 1049 at 8 (emphasis added).

On appeal, when it came to the separation between Process 1.0 and Process 2.0, Oracle again told the Ninth Circuit the same thing it told this Court in order to secure the injunction: that Process 2.0 was reserved for *Rimini II*.  Indeed, when pressed by the panel, counsel for Oracle conceded that some aspects of Process 2.0 were "probably" lawful, but assured the Court that "disputes about" Process 2.0 "can be resolved" in *Rimini II*.  ECF No. 1347-3 at 25:14, 17–20.  The Ninth Circuit vacated the injunction because the Court had relied on subsequently vacated computer hacking verdicts in entering it, and remanded to this Court for further proceedings.  *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d 948, 964 (9th Cir. 2018).

**B.   Based on Oracle's Representation that It "Enjoin[s] Only Acts that Have Already Been Determined to Be Unlawful," the Court Entered the Renewed Injunction**

On remand, Oracle sought to renew the injunction, with only minimal changes to the text.  In response, Rimini made a two-fold argument.

First, Rimini argued that the injunction was vague and overbroad as to Process 1.0 because, for instance, the injunction imposed a "facilities" restriction for certain product lines that was inconsistent with the license agreements, barred Rimini from "accessing" source code on other product lines, and covered the "unadjudicated" conduct of distribution and derivative works. ECF No. 1130 at 18–23. Rimini also argued that as to Process 1.0, the injunction was overbroad by attempting to cover "cross-use" because, as Rimini read the Ninth Circuit's opinion, the Ninth Circuit had upheld infringement liability as to "cross-use" only for certain product lines and certain clients, expressly not reaching other product lines and types of clients in its opinion. *Id.* at 5, 8. These arguments about the set of service processes formed the basis of *Rimini I—i.e.*, Process 1.0.

Second, with respect to Process 2.0, Rimini again raised its concern that what Oracle was *really* trying to accomplish, despite its protestations to the contrary, was to use vague and broad language to bring Process 2.0 within the scope of the injunction. *See id.* at 15–17. Oracle's response to *that* argument was crystal clear: Oracle stated that "Rimini *only* would be barred from doing things that it purportedly is no longer doing" (ECF No. 1117 at 18), that the injunction was "tailored to prevent future occurrences of the conduct *adjudicated to constitute copyright infringement in this case*" (*id.* at 23 (emphasis added)), and that the injunction "just track[s] the scope of the infringing conduct" adjudicated in *Rimini I* (ECF No. 1158 at 30:16–17). Indeed, as Rimini continued to raise its fears that Oracle would seek to use the injunction to cover Process 2.0, Oracle repeatedly dismissed those concerns, assuring the Court that it would never engage in such "bad faith":

> Rimini asserts 'Oracle will attempt to use the injunction to challenge conduct that is currently at issue in *Rimini II*' and will bring 'contempt proceedings.' In other words, **Rimini believes that Oracle will act in bad faith, *i.e.*, by seeking to go beyond the clear terms of the injunction if it is not stayed**. But Rimini provides no basis whatsoever for that speculative aspersion.

ECF No. 1174 at 17 (citations omitted, emphasis added). Accordingly, when this Court entered the renewed injunction, it expressly did so, consistent with the separation orders, on the grounds that Oracle was "*seek[ing] to enjoin only acts that have already been determined to be unlawful,*"

*and which have been affirmed on appeal*." ECF No. 1164 at 9 (emphasis added). The Court could not have been more clear in making this point.

## C.   The Ninth Circuit Affirmed the Renewed Injunction While Recognizing the Separation Between *Rimini I* and *Rimini II*

As Oracle acknowledges, Rimini's second appeal to the Ninth Circuit centered on whether the "'injunctive relief [was] moot because the acts adjudicated as infringing stopped long ago.'" Mot. at 6. Rimini argued that the injunction was moot, and therefore no injunction could or should issue, because Rimini had ceased Process 1.0, and Process 2.0 was the subject of *Rimini II*. *See* Rimini Opening Br. at 33 & n.*, 40–44, *Rimini I*, No. 18-16554 (9th Cir. Nov. 26, 2018), ECF No. 12. Rimini also raised the same vagueness and overbreadth arguments it had raised before this Court—that the injunction was overbroad *as to Process 1.0 itself* and was inconsistent with what Rimini understood to be the basis of the Ninth Circuit's affirmance on infringement liability as to certain products and certain client types. *Id.* at 40–44. Thus, the overbreadth issue that was litigated—and that the Ninth Circuit addressed in its opinion—was limited to whether the injunction could cover aspects of *Process 1.0* that were not specifically the basis for the jury's infringement findings that were affirmed on appeal. *See* Oracle Answering Br. at 39–41, *Rimini I*, No. 18-16554 (9th Cir. Jan. 23, 2019), ECF No. 23.

The Ninth Circuit agreed with some of those arguments, holding the injunction was overbroad as to Process 1.0 because it "restrict[ed] 'local hosting' for the J.D. Edwards and Siebel licenses," and because it prohibited "access[ing] [JDE] source code" even though "accessing" is "not an infringing activity under the Copyright Act." *Oracle USA, Inc. v. Rimini Street, Inc.*, 783 F. App'x 707, 710–11 (9th Cir. 2019). But at no point did Oracle argue that Process 2.0 was covered by the injunction, nor did the Ninth Circuit hold any such thing (as Oracle now states). Indeed, when Rimini raised its concern that Oracle would later argue that Process 2.0 is covered by the *Rimini I* injunction in *other* proceedings, *i.e.*, *this* proceeding, Judge Graber responded, "[b]ut that's not in front of us," to which Rimini's counsel answered, "I agree." Oral Argument at 2:10–2:25, *Rimini I*, No. 18-16554 (9th Cir. July 12, 2019), https://tinyurl.com/sbyw42x.

**D.     Under the Guise of Injunction "Compliance," Oracle Sought Discovery into Process 2.0**

Oracle has now flip-flopped, taking the position that the injunction can be enforced against Process 2.0 and, more still, that this Court and the Ninth Circuit have already ruled as much.

In February 2019, Oracle initiated so-called contempt "compliance" proceedings and sought discovery into Rimini's compliance with the injunction. *See* ECF No. 1199. Many of Oracle's discovery requests were aimed at Process 2.0 practices—not previously adjudicated— that are directly at issue (and indeed pending summary judgment) in *Rimini II*, including whether Rimini can lawfully provide support to clients that use the cloud. Accordingly, Rimini opposed Oracle's request for discovery, underscoring its concerns that permitting discovery into Process 2.0 under the guise of injunction "compliance" would affront the Court's separation orders and the orderly and efficient adjudication of *Rimini II*. *See generally* ECF No. 1209.

Although Magistrate Judge Ferenbach granted Oracle's request in part, he did *not*, as Oracle now claims, "reject[]" Rimini's concerns about the need to enforce the Court's separation orders. *See* Mot. at 9. Rather, he permitted Oracle to serve discovery into what *Oracle* "contend[ed] would violate Judge Hicks' injunction," *deferring* any decision on whether such evidence regarding Process 2.0 could actually establish a violation of the injunction. ECF No. 1232 at 2. Judge Ferenbach did not address, let alone vacate or overrule, this Court's separation orders; nor did he rule on whether this Court's injunction could be enforced against Process 2.0. *See* ECF No. 1218 at 40:10–11, 41:19 (Judge Ferenbach explaining he was "just doing the discovery," and not ruling on "if those new practices actually violate the terms of the injunction"). Indeed, it would be improper for Judge Ferenbach to overrule this Court's separation orders or rule on the enforceability of the injunction as to Process 2.0. As Oracle and this Court have acknowledged elsewhere, a ruling on discovery does not expand, or otherwise alter, the scope of an injunction. *See* ECF No. 1333 at 19 (citing *Rimini II*, ECF No. 1237 at 4).

**E.      After Oracle Served an Expert Report Making Clear Its Intent to Violate this Court's Separation Orders, Rimini Filed a Motion to Enforce Those Orders**

On January 31, 2020, Oracle served the "contempt" report of its technical expert, Ms. Barbara Frederiksen-Cross, which revealed—as Rimini had predicted, Oracle had previously disclaimed, and no court has ever addressed—Oracle's intention to base its forthcoming contempt proceedings on Process 2.0.  *See* ECF No. 1323 at 12.  The confirmation that Oracle would do *exactly the opposite* of what it repeatedly told this Court it would do prompted Rimini to file its Motion to Enforce the separation orders and judgment.  The Motion to Enforce is fully briefed, and will be decided by the Court in due course.  But since the filing of that Motion to Enforce is the act for which Oracle seeks sanctions, it bears reiterating the parties' positions in that motion:

Rimini's Motion to Enforce asks this Court to enforce its own separation orders requiring that Process 2.0 be litigated solely in *Rimini II*.  *See* ECF No. 1323; *see also* ECF No. 723 at 3; ECF No. 1164 at 9.  This Court-ordered separation between *Rimini I* (involving "Process 1.0," which Rimini ceased using in 2014) and *Rimini II* (which involves "Process 2.0," which Rimini has used since) is the law of the case, and indeed, a separation that Oracle had (until recently) repeatedly *insisted* that this Court observe.  *See* ECF No. 1323 at 16–19.  Enforcing this separation also protects Rimini's constitutional rights to a full and fair determination of the lawfulness of Process 2.0—which is a set of new support processes that Rimini adopted to comport with this Court's summary judgment rulings, and which have not yet been adjudicated on the merits.  *See id.* at 19–23.

Oracle opposes Rimini's Motion to Enforce, but without articulating a clear basis to do so.  Indeed, Oracle's opposition hardly offers any response to Rimini's arguments at all, and in fact only includes one passing citation to the actual orders of this Court that Rimini's Motion to Enforce seeks to enforce.  *See generally* ECF No. 1333.  As Rimini pointed out in its reply, Oracle's opposition fails to address the fact that Oracle is judicially estopped from reversing its prior litigation position regarding the separation between *Rimini I* and *Rimini II*.  Instead, Oracle's opposition mischaracterizes Rimini's Motion to Enforce as one that is either seeking "reconsideration" or has been "waived" (*id.* at 8–11); suggests that this Court and/or the Ninth

8

Gibson, Dunn &
Crutcher LLP

1   Circuit had somehow disturbed the separation orders (*id.* at 11–12); and ignores any

2   constitutional concerns with having Process 2.0 adjudicated for the very first time in summary

3   contempt proceedings (especially where the parties have already litigated for years to develop

4   a full factual record on Process 2.0 so that it can be squarely adjudicated in *Rimini II*).

5        Apparently coming up short on the merits in its opposition to Rimini's Motion to

6   Enforce, Oracle also filed this Motion for Sanctions.

7                   **III. ARGUMENT**

8        As a matter of law, a party cannot be sanctioned for asking a court to enforce its own

9   orders as the law of the case.  Oracle accuses Rimini of "re-re-re-re-re-re-arguing" things that

10  no court has ever ruled on, namely, whether Oracle is violating the separation orders.  *See* Mot.

11  at 2.  But it cannot be sanctionable for Rimini to maintain a consistent position in litigation by

12  hewing to this Court's clear rulings and asking that Oracle be required to do the same.  Rimini

13  has abided by this Court's orders; Oracle is flouting them.  Indeed, it was Oracle that convinced

14  this Court to enter a series of orders separating *Rimini I* from *Rimini II*; today, Oracle is not

15  only blatantly violating those orders, but pretending that they do not exist.  It is beyond the pale

16  for Oracle to suggest that Rimini and its counsel could be *sanctioned* for calling out Oracle's

17  rank hypocrisy and contradictory representations to this Court and to the Ninth Circuit—not to

18  mention Oracle's own ongoing disregard of numerous orders of this Court.  Oracle persuaded

19  this Court to rule:  "Rimini's new service support model is not relevant ***to any claim or issue***

20  in [*Rimini I*]" and "all claims, issues, and evidence related to the new support model are being

21  addressed solely in [*Rimini II*]."  ECF No. 723 at 3 (emphasis added).  Oracle made its bed and

22  now must lie in it.  As Rimini's Motion to Enforce explains in detail, Oracle's position in the

23  contempt proceedings is absolutely irreconcilable with this order (and several others in the same

24  vein).  *See* ECF No. 1323 at 14–19.  The suggestion that Rimini can be sanctioned, whether

25  under Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority, for moving this Court to

26  enforce the plain meaning of the separation orders, is absurd and a waste of the Court's time.

27  The Court should deny Oracle's Motion for Sanctions.

28

Gibson, Dunn &
Crutcher LLP

**A.     Rimini's Motion to Enforce Is Meritorious and Thus Not Sanctionable**

Oracle's Motion for Sanctions fails out of the gate for the simple reason that Rimini's Motion to Enforce is meritorious, is grounded in the plain language as well as a good faith interpretation of this Court's previous orders and related legal doctrines, and should be granted. It should go without saying that a litigant cannot be sanctioned for filing a meritorious motion.

Oracle's Motion for Sanctions is hubristic, seeking sanctions on a *pending* motion that this Court has not even had the chance to rule on.  As explained in Rimini's Motion to Enforce briefing, the law of the case, judicial estoppel, and various constitutional and equitable principles uniformly require this Court to enforce the separation orders that were entered in this case.  *See* ECF No. 1323 at 14–23.  Oracle has no substantive response, spending all 21 pages of its opposition addressing irrelevant arguments, all the while steering clear of any acknowledgment, much less discussion, of this Court's separation orders.  *See generally* ECF No. 1333.  Ignoring those decisions is the only way that Oracle can avoid addressing its own contradictory positions on the scope of the injunction.  On the merits, the Motion to Enforce can only be granted.

Oracle's Motion for Sanctions appears to be Oracle's effort to shift the focus from its own misconduct in violating the Court's separation orders to a baseless and unprofessional attack on Rimini and its counsel.  This effort should not be tolerated.  The Motion to Enforce stands or falls on its own merits, and the Court has all that it needs to decide it.  Yet regardless of how the Court rules on the Motion to Enforce, the idea that moving to enforce preexisting orders is *sanctionable* (indeed, before the motion has even been ruled on) will accomplish the exact *opposite* of what Rule 11 is designed to do by "chilling zealous advocacy."  *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1160 (9th Cir. 1987).  Because Rimini's Motion to Enforce is *correct* and maintains consistent and defensible positions based on this Court's prior orders, neither Rimini nor Rimini's counsel should be sanctioned for filing it.

**B.     Asking the Court to Enforce the Orders and Judgment Previously Entered in this Case Does Not Violate Rule 11**

Oracle brings its Rule 11 Motion for Sanctions on two bases:  that Rimini's Motion to Enforce (1) is "frivolous," "duplicative" and "not warranted by existing law," and (2) was

brought for the "improper purpose" of delay and needlessly increasing litigation expense. Mot. at 10. Both fail.

### 1. Rimini's Motion to Enforce Is Warranted By Existing Law and Is Not Frivolous or Duplicative.

Contrary to Oracle's argument (*see* Mot. at 10–11), not only is Rimini's Motion to Enforce correct and "*warranted* by existing law" (Fed. R. Civ. P. 11(b)(2) (emphasis added)), but the separation orders **_are_** *the existing law*.

This Court "decided explicitly" that, for all purposes, *Rimini I*/Process 1.0 and *Rimini II*/Process 2.0 are entirely separate—that ruling is the "law of the case," as set forth in Rimini's Motion to Enforce. *Rebel Oil Co. v. Atl. Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir. 1998); *cf. Jarrard v. CDI Telecomms.*, 408 F.3d 905, 915 (7th Cir. 2005) ("[j]udicial estoppel is intended to protect the courts from the litigatory shenanigans that would result if parties could, without limitation or consequence, swap litigation positions like hats in successive cases based on simple expediency or self-benefit"). Oracle never explains in its Motion for Sanctions how the Court's words "Rimini's new service support model [*i.e.*, Process 2.0] is not relevant to *any claim or issue*" in *Rimini I* (ECF No. 723 at 3 (emphasis added)) could be understood by anyone to mean their opposite.

Instead, Oracle asserts that Rimini's Motion to Enforce is "duplicative" and thus sanctionable under the Ninth Circuit's decision in *Nugget Hydroelectric, L.P. v. Pacific Gas & Electric Co.*, 981 F.2d 429 (9th Cir. 1992), and other cases involving already litigated matters. *See* Mot. at 10. *Nugget* is totally inapposite. That case involved a plaintiff who lost a "motion to compel production" of "millions of pages of documents" that were not "relevant" to his claims, and who then filed "a second motion to compel" that simply "duplicated" the first "unnecessarily burdensome and overly broad" motion—showing "an improper purpose of harassing" the defendant. *Nugget*, 981 F.2d at 438–39. By contrast, Rimini has *never* filed a motion to enforce the Court's separation orders before, and therefore the Motion to Enforce that it did file cannot be duplicative, and Rimini cannot have had any improper purpose. Indeed, Rimini's Motion to Enforce only became ripe when Oracle recently served its expert's

RIMINI STREET, INC.'S OPPOSITION TO ORACLE'S MOTION FOR SANCTIONS
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn &
Crutcher LLP

"contempt" report, which finally confirmed that Oracle intended to violate those separation orders. Until that point, while Rimini had the foresight to predict that Oracle would violate the separation orders in this very way, and consistently raised those concerns to this Court and to the Ninth Circuit, Oracle sidestepped Rimini's concerns by representing that its injunction was "tailored" to "prevent future occurrences of the conduct *adjudicated to constitute copyright infringement in this case*" (ECF No. 1117 at 23 (emphasis added)), and that the injunction was only intended to "track[] the scope of the infringing conduct" adjudicated in *Rimini I* (ECF No. 1158 at 30:16–17).

Now that Rimini's Motion to Enforce has squarely presented the issue for this Court, Oracle can no longer avoid the question. And without any substantive response to Rimini's arguments (or explanations for its own about-face), Oracle relies on numerous mischaracterizations of orders and rulings from this Court and the Ninth Circuit to support its contention that it has already been held that Process 2.0 is legitimately within the reach of the *Rimini I* injunction. *See* Mot. 1–9. But, as explained above (*see supra* Part II.A–C), and in greater depth in Rimini's Motion to Enforce, no court has ever held such a thing—explicitly or implicitly—at any point in this litigation. Indeed, how could a court do so in the face of Oracle's repeated assurances that the injunction *did not* reach Process 2.0, and Oracle's own admission that attempting to stretch the injunction that far would constitute "bad faith"? ECF No. 1174 at 17–18. It beggars belief, for instance, for Oracle to have "acknowledge[d]" to this Court "that cloud computing" "wasn't at issue in *Rimini I*," and that the parties would thus "fight" about "whether cloud constitutes the customers' facilities" "in *Rimini II*" (ECF No. 1040 at 143:14–15, 17–18), and to *now* seek to *sanction* Rimini and its counsel on the basis that "cloud hosting" was *already decided* by the Ninth Circuit as covered by the *Rimini I* injunction (Mot. at 7). To repeat, Oracle's argument before the Ninth Circuit that an injunction could lawfully reach unadjudicated conduct had *nothing to do with Rimini II*, and was based on a different dispute between the parties about which Process 1.0 aspects were, and were not, part of the jury's liability verdict. *See* Oracle Answering Br. at 39–41, *Rimini I*, No. 18-16554 (9th Cir. Jan. 23, 2019), ECF No. 23. That Rimini consistently *predicted* that Oracle would try to base its

forthcoming contempt proceedings on Process 2.0 in no way means that this Court or the Ninth Circuit held that doing so would be permissible, least of all when Oracle was denying it all along the way.

This Court should not credit Oracle's argument that Rimini's Motion to Enforce is "duplicative" simply because Rimini consistently warned that Oracle would attempt to use the injunction to prohibit Process 2.0—a prediction that turned out to be accurate when Oracle recently served its expert's "contempt" report.  Mot. at 2.  Unlike Oracle's flip-flop (first seeking the separation orders and now disavowing them), Rimini has litigated this case with consistency, raising its concerns at appropriate stages to ensure this Court has a complete set of facts and context for its rulings and that Rimini's arguments are preserved for appellate review.  Oracle cannot both cry waiver if an issue is not raised (even when an issue is not ripe), and complain that an argument is duplicative—and *sanctionable*—if it is preserved for appellate review.  Indeed, Oracle's attempt to punish Rimini for consistently and diligently litigating this case is all the more meritless given Oracle's own record of arguing waiver against Rimini.  *See, e.g.*, ECF No. 1333 at 10–11 (claiming Rimini's Motion to Enforce was "waived").  That Oracle argues in its Motion for Sanctions that Rimini's Motion to Enforce is "duplicative"—while simultaneously arguing in its opposition brief that the *same* Motion to Enforce has been "waived"—is telling in its own right.

*Even if* this Court were to agree with Oracle's erroneous arguments (despite the fact that neither this Court nor the Ninth Circuit has ever ruled the way Oracle suggests), Rimini's Motion to Enforce was "made in good faith" and therefore sanctions would be unwarranted.  *Hudson*, 836 F.2d at 1161 (internal quotation marks omitted).  Given Oracle's numerous representations that the injunction was in fact limited to Process 1.0, this Court's order on the injunction also *holding* that it was limited to Process 1.0, Oracle's statements to the Ninth Circuit that Process 2.0 was reserved for *Rimini II*, the Ninth Circuit panel's statement that Process 2.0 was "not in front" of the Court on appeal, and the Ninth Circuit's ultimate opinion that is silent as to Process 2.0, there was, *at a bare minimum*, a good faith basis for Rimini's Motion to Enforce, even if this Court or the Ninth Circuit had, in fact, ruled in a way that

resembled Oracle's revisionist history here. *See, e.g.*, *Int'l Ass'n of Machinists & Aerospace Workers, Lodge 751 v. Boeing Co.*, 833 F.2d 165, 171–72 (9th Cir. 1987) (argument did not violate Rule 11 even though it had been litigated to final judgment before, because party had good faith legal basis to raise issue again); *Sendi v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Pa. 1986) (denying Rule 11 sanctions where second "identical" lawsuit was brought before the court had "made clear that [it] had considered and rejected" the arguments on which it was based); *cf. United States v. Lummi Nation*, 763 F.3d 1180, 1187 (9th Cir. 2014) (law of the case does not preclude an argument if previous panel decision can be read consistently with that argument or where previous panel opinion is "ambiguous"); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (mandate rule does not apply when the circuit does "not impose clear limits on the scope of the remand").

Oracle's attempt to seek a monetary sanction under Rule 11(b)(2) against Rimini, a represented party, is also frivolous. Rule 11 expressly forbids monetary sanctions against represented parties for violations of Rule 11(b)(2). *See* Fed. R. Civ. P. 11(c)(5)(A); *see, e.g.*, *Sokolowski v. Adelson*, No. 14-111-JCM, 2016 WL 344508, at *3 (D. Nev. Jan. 27, 2016). Oracle's disregard for the rules is further evidence that its Motion for Sanctions is meritless, an abuse of this litigation, and a waste of the parties' and the Court's time.

### 2. *Rimini's Motion to Enforce Was Not Filed for Any Improper Purpose.*

Oracle's Motion for Sanctions should also be denied because Rimini's Motion to Enforce was not "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

The "improper" purpose Oracle posits here—to "needlessly increase the cost of litigation" (Mot. at 10)—makes no sense. Rimini never would have brought the Motion to Enforce had *Oracle* not changed its position and sought "to go beyond" the *Rimini I* injunction in "contempt proceedings" to "challenge conduct [*i.e.*, Process 2.0] that is currently at issue in *Rimini II*." ECF No. 1174 at 17 (quotations omitted). Oracle assured the Court that it would never do such a thing—indeed, it said that doing so would be in "bad faith." *Id.* at 17–18. But it did, and so Rimini asked this Court to enforce its separation orders. Far from seeking to

"delay" or "needlessly increase" litigation expense, Rimini's Motion to Enforce will *streamline* the case and *decrease* litigation expense by reinforcing this Court's previous orders as to the proper bounds of Oracle's forthcoming contempt motion.  Both sides will spend *less* time and money briefing, preparing, and arguing that motion if the separation orders are enforced, and Oracle abides this Court's order that "Rimini's new service support model is not relevant ***to any claim or issue*** in [*Rimini I*]" and that "all claims, issues, and evidence related to the new support model are being addressed solely in [*Rimini II*]."  ECF No. 723 at 3 (emphasis added).  Oracle's change in position is what occasioned Rimini's Motion to Enforce.  And it is not "improper to attempt to enforce a purported legal right," "which may or may not prove meritorious," and which "might save everyone the trouble of litigating" other matters.  *Eclipse Grp. LLP v. Target Corp.*, No. 15-1411, 2016 WL 8395077, at *10 (S.D. Cal. May 26, 2016) (denying Rule 11 sanctions).

Under the plain language of this Court's orders—language Oracle sought but cannot now bring itself to even cite, let alone address or explain—*Rimini I*/Process 1.0 are separated from *Rimini II*/Process 2.0.  Rimini's Motion to Enforce is meritorious and, even if it were *not*, it was brought in good faith for legitimate purposes.

### C.   Asking this Court to Enforce the Orders and Judgment Previously Entered in this Case Does Not Warrant Sanctions Under Either 28 U.S.C. § 1927 or the Court's Inherent Authority

Oracle also seeks sanctions against Rimini and Rimini's counsel under 28 U.S.C. § 1927 and this Court's inherent authority.  "[S]anctions authorized under section 1927 are not to be lightly imposed; nor are they to be triggered because a lawyer vigorously and zealously pressed his client's interests."  *Colucci v. N.Y. Times Co.*, 533 F. Supp. 1011, 1013–14 (S.D.N.Y. 1982).  And similarly, "a court's inherent power must be utilized with caution and restraint," being "reserved for the 'rare and exceptional case'" where "counsel's actions are in 'bad faith' or are 'tantamount to bad faith.'"  *United States v. Rico*, 619 F. App'x 595, 601 (9th Cir. 2015).  Oracle fails to point to any evidence that could possibly support a finding of bad faith.  Indeed, Rimini consistently *abided* this Court's separation orders and predicted (accurately) that Oracle would seek to *violate* them.

Sanctions are obviously inappropriate where, as here, there is in fact "an actual controversy to be resolved," despite the moving party's claim that an argument is "spurious." *Sikes v. Rubin Law Offices, P.C.*, 102 F.R.D. 259, 263 (N.D. Ga. 1984). Contrary to Oracle's assertion that Rimini and its counsel have "reassert[ed] their same previously rejected arguments" (Mot. at 12), no court has ever "rejected" Rimini's arguments. None of the orders from this Court or the Ninth Circuit has addressed the question of whether this Court should follow its prior orders separating *Rimini I* from *Rimini II*, and whether Oracle is violating those orders. As explained above, even when Rimini raised these concerns, Oracle actually *foreclosed* the Court's consideration of these arguments by consistently representing to this Court and to the Ninth Circuit that the injunction Oracle was seeking only covered Process 1.0. *See*, *e.g.*, ECF No. 488 at 8; ECF No. 646 at 5; ECF No. 1158 at 30:16–17; ECF No. 1117 at 20 n.3. It is only now that Oracle has reversed course and revealed its intent to disavow its earlier position and this Court's separation orders that Rimini's Motion to Enforce became necessary. Thus, the controversy to be resolved is one of *Oracle's* own making. As explained in its Motion to Enforce, Rimini simply contends that this Court's separation orders mean exactly what they say: "Rimini's new service support model is not relevant to any claim or issue in [*Rimini I*]" and "all claims, issues, and evidence related to the new support model are being addressed solely in [*Rimini II*]." ECF No. 723 at 3. Oracle once agreed that this created "a clear dividing line" between *Rimini I* and *Rimini II* (ECF No. 593 at 11; *id.* at 13 & n.6), that it would be "bad faith" to use the *Rimini I* injunction to apply to *Rimini II* conduct (ECF No. 1174 at 17–18), and that Process 2.0 was a "fight we can have in *Rimini II*" (ECF No. 1040 at 143:19–20; *see also* ECF No. 1347-3 at 25:14, 17–20). Reversing course, Oracle now contends that this Court and the Ninth Circuit have held otherwise. There is no basis whatsoever for findings of bad faith or vexatiousness on Rimini's or its counsel's part—there is a dispute because *Oracle* has changed its position, and *Oracle* is therefore responsible for any supposed multiplication of the proceedings.

Neither of the cases Oracle cites is any help here. *See* Mot. at 12. *Hussein v. Dugan*, No. 05-381-PMP, 2009 WL 10709253 (D. Nev. Sept. 8, 2009), held that the filing of a

complaint which lacked "any evidence to support [its] accusations" could be sanctioned.  *Id.* at *2.  And *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 12-2001-GMN, 2013 WL 2558726 (D. Nev. June 8, 2013), involved a party who lost a case because of a statute foreclosing his claim and "case law directly on point," who then brought "virtually identical litigation." *Id.* at *6.  Neither case has anything to do with the posture here: this case rests on orders that Oracle cannot dispute and that say exactly what they mean:  *Rimini I* and Process 1.0 are for all purposes separate from *Rimini II* and Process 2.0.  Oracle points to no order undoing this Court's separation orders.

Oracle's Motion for Sanctions is also frivolous in seeking to impose a Section 1927 sanction on Rimini's counsel's law firm.  It is black letter law in this circuit that "28 U.S.C. § 1927 does not permit the award of sanctions against a law firm." *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015).  This is just further evidence that Oracle's Motion for Sanctions is needlessly driving up litigation expense and wasting the parties' and the Court's time.

## IV.  CONCLUSION

For the foregoing reasons, the Court should deny Oracle's Motion for Sanctions.

Dated:  May 26, 2020

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ *Eric D. Vandevelde*
Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*

Gibson, Dunn & Crutcher LLP