BOIES SCHILLER FLEXNER LLP
Richard J. Pocker (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
William Isaacson (*pro hac vice*)
Karen Dunn (*pro hac vice*)
1401 New York Avenue, NW, 11th Floor
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER FLEXNER LLP
Steven C. Holtzman (*pro hac vice*)
Beko O. Reblitz-Richardson (*pro hac vice*)
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6800
Facsimile: (415) 293 6899
sholtzman@bsfllp.com
brichardson@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
Benjamin P. Smith (*pro hac vice*)
John A. Polito (*pro hac vice*)
Sharon R. Smith (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

ORACLE CORPORATION
Dorian Daley (*pro hac vice*)
Deborah K. Miller (*pro hac vice*)
James C. Maroulis (*pro hac vice*)
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corp.*

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 11101
Telephone: (202) 955-8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas (*pro hac vice*)
Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
Casey J. McCracken (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
Samuel G. Liversidge (*pro hac vice*)
Eric D. Vandevelde (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

RIMINI STREET, INC.
John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 402-4068
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

*Attorneys for Defendant Rimini Street, Inc.,*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation,<br><br>Defendant. | CASE NO. 2:10-cv-0106-LRH-VCF<br><br>**JOINT SUBMISSION RE SCHEDULE FOR CERTAIN POST-INJUNCTION PROCEEDINGS** |

Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. (together, "Oracle") and Defendant Rimini Street, Inc. ("Rimini") (collectively, the "Parties") jointly submit this filing concerning a dispute over whether the deadline for expert discovery should be extended five weeks to July 10, 2020 (and all other scheduled dates moved commensurately) in light of COVID-19 as well as Oracle's recent service of "errata" to the expert report of Barbara Frederiksen-Cross and of Ms. Frederiksen-Cross's "surrebuttal" report.

**I.  BACKGROUND**

On November 22, 2019, the Court entered a minute order setting certain deadlines in this proceeding, including deadlines for the close of expert discovery and for briefing on Oracle's anticipated Motion for an Order to Show Cause ("OSC"). ECF No. 1289. Under the Court's schedule, the deadline for Oracle to serve initial expert disclosures was January 31, 2020, and Rimini's deadline to serve rebuttal expert disclosures was March 13, 2020. The Parties served their expert reports by those dates.

With respect to expert depositions, however, in light of the COVID-19 pandemic, the Parties stipulated to, and the Court ordered, an amended schedule extending the remaining deadlines by six weeks and setting the deadline for the close of expert discovery for May 8, 2020, the deadline for Oracle's OSC motion for May 27, 2020, the deadline for an OSC opposition for June 17, 2020, and the deadline for an OSC reply for July 1, 2020. ECF No.

1322. At that time, the Parties further stipulated to "monitor the COVID-19 situation and to promptly advise the Court regarding the need for any further adjustments to the schedule." *Id.*

Subsequent to the Parties' stipulation, the Governors of both California and Nevada extended COVID-19 shelter-in-place orders through April (in the case of Nevada) or until further notice (in the case of California).[1]  Similar shelter-in-place orders were put in place in the states where the Parties' experts reside, including North Carolina, Illinois, and Oregon.  The Parties stipulated to an additional, four-week extension to the deadlines in the proceeding, which the Court entered on April 15, 2020.  ECF No. 1332.  Thus, under the current schedule, the deadline by which to conduct expert depositions is June 5, 2020.

The Parties also stipulated that it would be preferable for expert depositions to be conducted in person in this case given the complexity of the issues and the importance of expert testimony to the Parties' claims and defenses, and the Parties would meet and confer about "whether and how to implement alternatives to in-person expert depositions, in light of developments over the next several weeks," and would continue to monitor the COVID-19 situation.  *See id.*

The Parties have continued to monitor the COVID-19 situation, but have been unable to reach agreement on whether to forego in-person expert depositions and instead conduct expert depositions remotely by video at this time, or to seek one further extension of the case schedule to continue monitoring the situation for the feasibility of in-person expert depositions by mid-July.

In addition, on May 20 and 21, 2020, Oracle served a surrebuttal expert report and an errata to its opening expert report, respectively.  Rimini informed Oracle that it believed the reports are unauthorized, untimely, and would cause severe prejudice if the current schedule holds.  Oracle disagreed, reminding Rimini that the obligation to "supplement or correct" expert

---

[1] *See* Declaration of Emergency Directive 010 Stay at Home Order, Gov. Steve Sisolak (Mar. 31, 2020), http://gov.nv.gov/News/Emergency_Orders/2020/2020-03-31_-_COVID-19_Declaration_of_Emergency_Directive_010_-_Stay_at_Home_Order/; Executive Order N-33-20, Gov. Gavin Newsom (Mar. 19, 2020), https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf.

disclosures pursuant to Federal Rule 26(e) is an ongoing one, and that the Court's schedule did not include a deadline for surrebuttal reports. Rimini further asked Oracle to agree to extend the schedule on this basis, and Oracle declined. Oracle asked Rimini to instead agree that the experts could be deposed remotely on the current case schedule. The Parties now respectfully seek the Court's assistance in resolving this dispute.

## II.  RIMINI'S POSITION

A modest extension of the case schedule is necessary for two reasons. *First*, the Parties previously agreed that, given the importance of these expert depositions and their highly technical nature, they should be conducted in person, and although the COVID-19 situation has made that challenging, states are reopening, and a brief extension should allow the Parties to do that. *Second*, only days ago, Oracle served unauthorized and untimely expert disclosures, including a new "surrebuttal" report as well as a "corrected" opening report (even though it contains new assertions, exhibits, and evidence), in violation of the Court's scheduling order. These disclosures were served *16 weeks* after the Court-imposed deadline for Oracle's expert reports (and 10 weeks after Rimini served its rebuttal reports)—leaving a mere 2 weeks between service of these new reports and the current expert deposition deadline of June 5. Oracle apparently believes that it does not have to follow this Court's rules—this is not the first or even second time Oracle has violated scheduling orders by serving unauthorized and untimely expert reports (it did so with multiple experts in the related *Rimini II* case).

Despite Oracle's violations, Rimini is willing to move on, given that a brief extension could reduce the prejudice of Oracle's untimely disclosures and likely allow the Parties to take these critical depositions in person. Rimini asked Oracle to agree to this extension as a common professional courtesy clearly warranted under these facts (and to avoid troubling the Court with such matters), but Oracle refused. Instead, in its section below, Oracle makes baseless accusations that Rimini wants to "delay" "at all costs." That is false and disingenuous. Rimini is not responsible for the COVID-19 pandemic (and subsequent stay-at-home orders), and it certainly is not responsible for Oracle's last-second injection of new expert opinions into the

case 16 weeks after the Court's deadline for Oracle's initial expert disclosures and just days before expert depositions were to take place.

A modest extension is warranted to give Rimini an opportunity to analyze Oracle's new, belated expert opinions and to allow expert depositions to proceed in-person, which is looking increasingly likely given the improving COVID-19 trends and lifting of travel restrictions (and if not, the depositions can proceed remotely by the new date). Rimini thus respectfully requests the Court grant a modest extension as follows:

| Event | Current Deadline | Proposed new deadline |
|---|---|---|
| Close of expert discovery | June 5, 2020 | July 10, 2020 |
| OSC motion due | June 24, 2020 | July 29, 2020 |
| OSC opposition due | July 15, 2020 | August 19, 2020 |
| OSC reply due | July 29, 2020 | September 2, 2020 |

As discussed further below, if the Court is not inclined to extend the schedule, the prejudice to Rimini from Oracle's untimely expert disclosures is extreme, and they should be stricken under Rule 37(c).

**A.    A Final Extension Is Warranted To Allow Depositions To Be Conducted In Person**

Rimini has closely monitored the COVID-19 shelter-in-place orders and believes that, given the recent trend of states loosening restrictions, there is a strong likelihood that the Parties will be able to conduct in-person or partially in-person expert depositions by mid-July, as normally required by the Federal Rules (*see* Fed. R. Civ. P. 30(b)(4)). Specifically, officials in California, Illinois, Oregon, and North Carolina—the states where the Parties' counsel and experts reside—have all reported that they expect to continue or begin reopening in a matter of weeks, and to continue easing restrictions throughout June to permit in-person gatherings.[2]

---

[2] **Illinois** has already entered Phase 3 of its reopening plan (which permits 10-person gatherings), and Chicago is set to do the same in June. *See* NBC 5 Chicago, *Illinois Coronavirus Updates; Chicago's Phase 3 Set for June* (May 22, 2020), https://www.nbcchicago.com/news/local/illinois-coronavirus-updates-new-details-on-chicagos-reopening-plan-expected/2276556/. The Governor of **California** has already authorized the reopening of many areas and activities in the state, with plans to increasingly do so in June, including allowing in-person meetings. *See* SFGATE, *Newsome suggests Calif. could move into Stage 3 in June: Here's what that means* (May 18, 2020), https://www.sfgate.com/news/editorspicks/article/Newsom-California-Stage-3-haircut-sports-15278524.php. **North Carolina** has already moved into Phase 2 of its reopening

Although Rimini maintains that in-person depositions are critical given the importance of the issues at stake and the complexity of the topics on which the experts will be deposed, Rimini will continue to monitor the COVID-19 situation closely, and if it remains infeasible for the Parties to proceed with in-person or partially in-person depositions, then Rimini is amenable to conducting depositions remotely by the new proposed date of July 10, 2020.

Rimini objects to Oracle's request below that, if the Court grants Rimini's request for a schedule extension, it set an indeterminate deadline for Rimini's OSC opposition, based on when Oracle chooses to file its OSC motion. Rimini should be afforded a date certain for its OSC opposition so that its in-house and outside counsel, as well as other critical Rimini personnel, may plan their schedules accordingly. (Oracle can of course choose to file its motion early, but Rimini's opposition should be due on a fixed date.)

**B.     Oracle's Unauthorized, Untimely "Surrebuttal" And "Corrected" Expert Reports Require An Extension Or Should Be Stricken**

Oracle violated this Court's scheduling order by serving unauthorized expert disclosures *16 weeks* after the Court-imposed deadline for Oracle's expert reports (and 10 weeks after Rimini served its rebuttal reports). The Court's order required Oracle to serve *any* expert reports by January 31, 2020, and did not authorize surrebuttal reports. *See* ECF No. 1289. Oracle's "surrebuttal" and "corrected" reports contain new technical analyses, new exhibits, and new opinions. Oracle has repeatedly flouted the Court's scheduling orders and Local Rules, including by serving multiple unauthorized and untimely expert reports in *Rimini II*, as well as (in the Court's words) "circumvent[ing] the Local Rules" in its summary judgment briefing. *Rimini II* ECF No. 1240 (striking dozens of pages of argument "disguise[ed]" as evidence).

---

plan, which allows gatherings of up to 10. *See* WCNC, *North Carolina to enter Phase 2 reopening today* (May 20, 2020), https://www.wcnc.com/article/news/health/coronavirus/north-carolina-governor-cooper-phase-reopening-announcement/275-a1f6041d-5665-4177-80c8-d67cc987f4a1. And the **Oregon** Health Authority has also instituted a phased reopening plan. *See* Oregon.gov, *Governor Kate Brown Announces COVID-19 Testing and Contact Tracing Plans for Reopening Oregon* (May 1, 2020), https://www.oregon.gov/newsroom/Pages/NewsDetail.aspx?newsid=36528.

The Federal Rules do not permit such untimely disclosures, particularly where, as here, Oracle does not simply "supplement or correct" its disclosures (Fed. R. Civ. P. 26(e)), but instead seeks to bolster them and belatedly add *new* opinions and evidence. *See*, *e.g.*, *Scolaro v. Vons Cos., Inc.*, 17–cv–01979–JAD–VCF, 2019 WL 2375121, at *2 (D. Nev. June 5, 2019) (Ferenbach, J.) (striking supplemental expert report under Rule 37 for improperly seeking to add to expert's opinions after the disclosure deadline had passed); *Cave Consulting Grp., Inc. v. OptumInsight, Inc.*, No. 15–cv–03424, 2018 WL 1938555, at *3–4 (N.D. Cal. Apr. 25, 2018) (striking supplemental reports where "the schedule in this case called for two rounds of reports" and Rule 26 does not allow for "supplemental reports to respond to criticism" in rebuttal reports); *K&N Eng'g, Inc. v. Spectre Performance*, No. 09–cv–1900, 2011 WL 13131157, at *9 (C.D. Cal. May 12, 2011) (excluding reply report "because neither this Court's Scheduling Order, nor the Federal Rules of Civil Procedure permit 'reply' reports").

Oracle admits below that its "corrected" expert report adds a wholly new exhibit (No. 135—a detailed analysis of 16 pages of computer code), which Oracle states was "inadvertently not produced" and so is now being produced 16 weeks late.[3] Accepting at face value Oracle's assertion that its failure to produce the exhibit was inadvertent, the effect is the same—Rimini is faced with new, previously undisclosed opinions without sufficient time to analyze them or respond.[4]

Likewise, Oracle's "surrebuttal" report contains new opinions that could have been disclosed in an opening report, but were not. Indeed, Oracle admits below that the "surrebuttal" report provides "additional examples" of conduct that Oracle contends is "improper"—in other words, new allegations. In addition, although Rimini and its expert only received the "surrebuttal" report days ago and are still analyzing it, it contains at least the following new opinions and evidence:

---

[3] Oracle reproduces Ms. Frederiksen-Cross's "errata sheet" below, but the "errata sheet" fails to mention that it also produced an entirely new exhibit not previously produced or cited.

[4] Oracle claims Rimini "failed to notice this omission and has never complained about it." But Rimini had no way of knowing Exhibit 135 existed since Oracle's exhibit numbering stopped at 134 and Oracle failed to serve Exhibit 135 by the Court-ordered deadline.

- Production of a brand new, 159-page document of Oracle computer code;
- A new 16-page exhibit purportedly analyzing the new 159-page code file in the context of a Rimini technical specification;
- New opinions that certain screen shots that purportedly contain protectable expression, a topic not addressed (but could have been addressed) in Ms. Frederiksen-Cross's opening report;
- Extensive new analysis of certain rows of a 23,000-row spreadsheet exhibit (the exhibit was served previously, but the analysis is new);
- Four pages of new analysis regarding cloud environments, including new opinions regarding why a licensor would purportedly want to restrict use of its software on cloud environments, and analysis of security—opinions that could have been raised in the opening report but were not.

This is all evidence that Oracle could have and should have disclosed on January 31, 2020, and Rule 26(e) does not permit Oracle to belatedly bolster its expert's opinions in this way. *See*, *e.g.*, *Cave Consulting Grp., Inc.*, 2018 WL 1938555, at *3–4; *K&N Eng'g, Inc.*, 2011 WL 13131157, at *9.

Rimini would be unfairly prejudiced if Oracle were permitted to serve these unauthorized and untimely disclosures less than two weeks before the end of expert discovery and only a month before Oracle's Order to Show Cause Motion. Rimini would be left with only 10 business days to prepare to depose Oracle's expert on the new report, which Oracle claims is "brief" but is in fact over 70-pages long including technical exhibits, in addition to the expert's previous 152-page report, which she untimely "corrected" to introduce new evidence just days ago, all while Rimini's expert prepares to respond to the new report in his deposition (while, at the same time, potentially preparing a written response to Oracle's surrebuttal and the new material added to Oracle's "corrected" disclosures). Oracle's flagrant disregard for the Court's scheduling order should not be rewarded. Instead, the Court should grant a short extension to ameliorate the prejudicial effects of Oracle's improper conduct and allow Rimini to adequately prepare on (and potentially respond to) Oracle's surprise disclosures.

Oracle contends that service of surrebuttal reports is the "Parties' practice," and that Rimini has never made "a peep of complaint." Not so. Flouting discovery rules and orders is *Oracle's* practice, not Rimini's—Oracle served four "supplemental" or "surrebuttal" reports in *Rimini II*.[5] And Rimini *did* complain, sending Oracle formal correspondence in the *Rimini II* case putting Oracle on notice that these unauthorized reports are highly prejudicial to Rimini. Here, the prejudice is much worse than in *Rimini II* because we are four weeks away (under the current schedule) from the culminating motion of this proceeding, unlike in *Rimini II* where trial is not set.[6]

In the alternative, given the extreme prejudice, Rimini respectfully requests that the Court strike Oracle's untimely and unauthorized expert disclosures under Rule 37(c), including the "surrebuttal" report in its entirety and the "corrected" portions of the initial report that belatedly seek to inject new opinions and evidence into this case after the disclosure cutoff. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (Rule 37(c)(1) is "a 'self-executing,' 'automatic' sanction" to correct disclosure violations). As courts in this district widely hold, "Rule 26(e) does not create a 'loophole' for a party who wishes to revise its initial disclosure to its advantage after the deadline has passed." *Calvert v. Ellis*, No. 13–cv–00464, 2015 WL 631284, at *3 (D. Nev. Feb. 12, 2015); *see also, e.g.*, *Scolaro*, 2019 WL 2375121, at *2; *Winfield v. Wal-Mart Stores, Inc.*, 14–cv–1034, 2016 WL 259690, at *3 (D. Nev. Jan. 20, 2016). Because Oracle has, without justification, and to Rimini's significant prejudice, flouted the Court's orders and the Federal Rules, the Court should strike Oracle's unauthorized and untimely disclosures under Rule 37(c).

### III. ORACLE'S POSITION

Rimini's current strategy is clear: delay enforcement of the 2018 injunction at all costs. After this Court granted the 2018 injunction, Rimini asked this Court and the Ninth Circuit to

---

[5] Rimini's damages expert served a supplemental report in *Rimini II*, but only after Oracle's expert served a supplement first.

[6] Oracle's complaint that one of Rimini's experts produced interview notes five days before a deposition is simply not comparable to Oracle's untimely service of these expert reports with dozens of pages of new opinions and technical evidence.

grant stays pending appeal and lost. Ever since, Rimini has sought de facto stays of the injunction wherever possible: seeking to delay post-injunction discovery until the Ninth Circuit issued a decision on appeal, advocating "phased" discovery to draw out the process, opposing the use of *Rimini II* discovery in these proceedings, stalling its productions of relevant discovery under the guise of not having enough reviewing attorneys, urging delay of these proceedings until the *Rimini II* motions for summary judgment are decided, and more.

The two previous extensions to the post-injunction schedule necessitated by the COVID-19 pandemic have given the Parties, their counsel, and the courts, time to assess the landscape and adjust to remote work. They have also given Rimini a de facto ten-week stay of enforcement proceedings. Neither the current COVID-19 outlook nor Oracle's service of minor errata and a short surrebuttal report merit the further significant delay Rimini seeks here, which in turn conveniently (for Rimini) delays enforcement of this Court's 2018 injunction.

The COVID-19 pandemic now requires that the Parties adapt to the realities of our "new normal," while moving forward in these post-injunction proceedings. Oracle respectfully asks the Court to deny Rimini's request to extend the deadline for the close of expert discovery by an additional five weeks and instead order Rimini to make its experts available for deposition by video during the week of June 1-5, 2020.

The stay-at-home orders and phased reopening plans of the relevant states and localities give no clear indication that in-person depositions will be legal, safe, or efficient even by the July 10, 2020 deadline Rimini proposes. In California, where most of the Parties' counsel are located, the state has just begun small, incremental modifications to the stay-at-home order, primarily directed to certain outdoor businesses. *See* California Coronavirus Response, Resilience Roadmap, *available at* https://covid19.ca.gov/roadmap/. There is currently no end date to the stay-at-home order, no timeline for a full reopening of offices, and no guarantee that restrictions will not be re-imposed. *Id.* Persons over 65 or with serious medical conditions are instructed to stay home until the final stage of the reopening process. *Id.* Moreover, California's implementation of Phase 3 will be done by county, with the more populous Los

Angeles and Bay Area counties—where attorneys for both Parties are located—likely to move slower.  None of the articles Rimini cites mentions any hard timeline for offices in Illinois, North Carolina, or Oregon to reopen.  They do, however, encourage telework over non-essential in-person meetings and work travel.  *See also Oregon General Guidance for Employers on COVID-19*, https://sharedsystems.dhsoha.state.or.us/DHSForms/ Served/le2342C.pdf; *Phase 3 in Illinois: What's Allowed and What Can Reopen*, https://www.nbcchicago.com/news/coronavirus/phase-3-in-illinois-whats-allow-and-what-will-reopen/2275508/.

Even if these states lift their stay-at-home orders by July 10 as Rimini posits, some participants will have to travel to attend.  But flying poses additional health risks.  The CDC advises that "[t]ravel increases your chances of getting *and* spreading COVID-19," "[a]ir travel requires spending time in security lines and airport terminals, which can bring you in close contact with other people," and "social distancing is difficult on crowded flights, and you may have to sit near others (within 6 feet), sometimes for hours."  *Coronavirus in the US – Considerations for Travelers*, https://www.cdc.gov/ coronavirus/2019-ncov/travelers/travel-in-the-us.html.  And "a state or local government may put into place…stay-at-home or shelter-in-place orders, mandated quarantines upon arrival, or even state border closures."  *Id.*

The Injunction has been in force since November 5, 2018 and is not stayed.  Oracle has been seeking post-Injunction discovery since January 2019, and 16 months later, all discovery is complete, except for these three expert depositions.  Rimini's efforts to forestall contempt by further delaying expert discovery should not be rewarded.

Remote depositions are contemplated by the Federal Rules and should not be controversial.  Fed. R. Civ. P. 30(b)(4).  Indeed, Rimini proposes to proceed by video if in-person depositions cannot be held by July 10.  But after ten weeks of COVID-19-related postponement, to quote the chair of Gibson Dunn (counsel for Rimini), "temporary adjustments to the way we work are necessary," including reliance on "robust information technology and communication systems" that allow attorneys to work from home. *COVID-19: A Message from*

*Our Chairman*, https://www.gibsondunn.com/wp-content/uploads/2020/ 03/covid-19-a-message-from-our-chairman.pdf.

Courts and litigants across the country have switched to remote proceedings in order to keep people safe, while also ensuing that wheels of justice continue to turn. A Delaware federal court ordered expert depositions to be conducted "by means other than in-person if governmental restrictions continue to make that necessary." *Ingevity Corp. v. BASF Corp.*, No. 18-1391-RGA (D. Del.), Mar. 30, 2020 Order. Another in North Carolina ordered that "[a]t least some remote depositions…will almost certainly be appropriate" and "[t]he logistical problems identified…are not complicated to solve, and…cannot be used as an excuse for delay or to prevent appropriate discovery." *Zurich Am. Ins. Co. v. Covil Corp.*, No. 1:18-CV-023 (M.D.N.C.), ECF No. 284, Apr. 8, 2020 Order. A Texas state court began remote jury selection last week. *Texas Court Holds First Jury Trial Via Zoom In Insurance Feud*, https://www.law360.com/ articles/1274097/texas-court-holds-first-jury-trial-via-zoom-in-insurance-feud. Further, Rimini's own counsel issued a client advisory about how "many other court proceedings have continued during the pandemic—with appropriate adaptations," including a video bench trial for up to $557 million in patent damages. *Update On Intellectual Property-Related Issues In The Response To COVID-19,* https://www.gibson dunn.com/wp-content/uploads/2020/05/update-on-intellectual-property-related-issues-in-the-response-to-covid-19.pdf. If a *half-billion dollar* patent trial can be conducted by video, so too can three expert depositions, however complex.

Should the Court grant Rimini's request to reset the deadline for the close of expert discovery to July 10, 2020, Oracle respectfully requests that, rather than setting new, fixed due dates for the OSC opposition and OSC reply, the Court order the OSC opposition to be due three weeks from the date that Oracle's OSC motion is filed and the OSC reply to be due two weeks from the date that Rimini's OSC opposition is filed, so that briefing may proceed without further delay if Oracle files its OSC motion before the due date set by the Court. Rimini's claim that setting relative response deadlines would result in an "indeterminate deadline" and

an unfair inability to plan their schedules is untrue. As is typical of motion practice, Rimini will have a set time from the date of filing to oppose—here, three weeks. In addition, Rimini has known for some time that Oracle intends to file an OSC motion, so there is no risk of surprise. This stands in contrast to Rimini's filing of its self-styled "Motion to Enforce the Court's Orders." ECF No. 1323. There, Rimini did not give Oracle or the Court prior notice of such a motion at all, much less give Oracle's in-house and outside counsel a "date certain" for that filing so that they could "plan their schedules accordingly." Here, Rimini will have ample time, without surprise, to respond to Oracle's OSC motion with the relative response deadlines Oracle seeks.

Regarding the complaints about the additional expert materials, Rimini's arguments are meritless. Below is the text of Ms. Frederiksen-Cross's errata sheet in its entirety, save for the title and footer:

| Location | Modification |
|---|---|
| ¶ 181 | Added "Ex. 135 HRMS91_tax001.sqr_307b_to_EAS_tax001.sqr_00a1" citations |
| ¶ 218 | Changed footnote from "Rimini also used the AFW 'TransferFiles' tool" to "Rimini also attempted to use the AFW "TransferFiles" tool." <br><br> Added to footnote: "Of these attempts, Rimini was successful in transferring 22,591 files from Rimini-hosted systems to customer-associated environments." |
| ¶ 233 | Changed "Kanban" to "Scrum" |
| ¶ 235 | Added citations "PUSP-15200 (ORCLRSJIRA00000400)" |
| ¶ 236 | Added "*Id.*" citation |
| ¶ 304 | Added "RSI007981483" to citation. |
| ¶¶ 380, 81 | Added "Ex. 41" and "(JDE Tech Doc – US EFW2c 2018.docx)" to citations. |

Ms. Frederiksen-Cross also produced with her errata Exhibit 135 to her post-injunction expert report. This document existed at the time of her report and was referenced therein, but it was inadvertently not produced. *See* ¶ 181 & n.187 (citing only Exhibit 51, identifying the 90.1% code match shown in Exhibit 135, and referencing "[t]he difference in match percentages" between the code comparisons in Exhibits 51 and 135, but failing to cite Exhibit 135). Rimini failed to notice this omission and has never complained about it.

Ms. Frederiksen-Cross's surrebuttal report is a 31-page document that points to certain errors in Rimini's expert's 120-page rebuttal report. Obviously, this critique could only be provided after Ms. Frederiksen-Cross reviewed the rebuttal, and her surrebuttal merely responds to Professor Astrachan's arguments and does not change the opinions set forth in her opening report. Further, this surrebuttal should facilitate video deposition, as it provides Rimini's counsel a preview of her reactions to the rebuttal report—a topic almost certain to be explored in her deposition.

Ms. Frederiksen-Cross does respond to certain of Professor Astrachan's critiques (e.g., that she only identified one example of improper conduct) by identifying additional examples; again, this surrebuttal merely previews information that Rimini likely would have elicited at deposition. Rimini is therefore not prejudiced by Oracle's production of Ms. Frederiksen-Cross's surrebuttal report.

Rimini's claims that Oracle "flouted" Court orders or violated rules ignores both the Parties' practice in this case, and operative rules. Regarding the Parties' practice, both Parties in these proceedings have served surrebuttal reports, with nary a peep of complaint. In the *Rimini II* matter, Oracle did not complain when Rimini's expert, Jonathan Orszag served a surrebuttal report, nor did Oracle complain when he served a *second* surrebuttal report two days before his deposition. (He was defended at deposition by the same counsel that now complains about receiving a surrebuttal report 10 *business days* before a possible deposition.) Nor did Oracle complain in this matter, when another Rimini expert witness, Brooks Hilliard, produced interview notes five days before his June 5, 2012 deposition.

The Parties' practice here is consistent with this Court's rules. As this Court has already explained, "[f]or an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." ECF No. 669, Order at 3 (quoting Fed. R. Civ. P. 26(e)(2)). Given that each expert's obligation to correct and supplement her report extends to—and beyond—the date of her deposition, and the absence of

any Court order to the contrary, Ms. Frederiksen-Cross's surrebuttal report and her errata are not untimely.

Rimini faces no prejudice here.  Rimini, its expert, and its counsel are more than capable of digesting an errata sheet and a brief surrebuttal report during the course of two weeks (or "ten business days" as Rimini describes it).  If anything, the surrebuttal will facilitate a video deposition for the reasons explained above.

The only prejudice here is to Oracle, which has been seeking to enforce this unstayed injunction for 18 months.  Sadly, the COVID-19 crisis is unlikely to abate enough in the near term for in-person depositions to proceed legally, safely, and efficiently.  Nor does Rimini's preference for in-person depositions over video depositions warrant suspending injunction enforcement for another month.  It is time to wrap up the final discovery here, and proceed to the weighty issue of Rimini's facing contempt for violating a federal permanent injunction.

Dated:  May 27, 2020

MORGAN, LEWIS & BOCKIUS LLP

By: *John A. Polito*
   John A. Polito

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation*

Dated:  May _27, 2020

GIBSON, DUNN & CRUTCHER LLP

By: *Eric D. Vandevelde*
   Eric D. Vandevelde

*Attorneys for Defendant Rimini Street, Inc.,*

**ATTESTATION OF FILER**

The signatories to this document are John A. Polito and me, and I have obtained his concurrence to file this document on his behalf.

Dated: May 27, 2020

                                              GIBSON, DUNN & CRUTCHER LLP

                                              By:  *Eric D. Vandevelde*
                                                         Eric D. Vandevelde

                                              *Attorneys for Defendant Rimini Street, Inc.*