BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:     702.382.7300
Facsimile:      702.382.2755
rpocker@bsfllp.com

BOIES SCHILLER FLEXNER LLP
WILLIAM ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
1401 New York Avenue, NW, 11th Floor
Washington, DC 20005
Telephone:     (202) 237-2727
Facsimile:      (202) 237-6131
wisaacson@bsfllp.com
kdunn@bsfllp.com

BOIES SCHILLER FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
SEAN P. RODRIGUEZ
  (*pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:     415.293.6800
Facsimile:      415.293.6899
sholtzman@bsfllp.com
srodriguez@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:     415.442.1000
Facsimile:      415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:     650.506.4846
Facsimile:      650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc., and Oracle
International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | **Case No. 2:10-cv-0106-LRH-VCF**<br><br>**REPLY IN SUPPORT OF ORACLE'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY** |

**TABLE OF CONTENTS**

**Page**

I.   RIMINI'S MOTION TO ENFORCE IS DUPLICATIVE OF RIMINI'S
     "CONSISTENTLY" REJECTED ARGUMENTS. ............................................................ 2

II.  RIMINI'S MOTION IS VEXATIOUS AND SHOULD BE SANCTIONED. .................. 3

     A.   This Court Should Sanction Rimini and its Counsel Under Rule 11...................... 4

     B.   This Court Should Grant Attorneys' Fees Under 28 U.S.C. § 1927...................... 6

     C.   This Court Should Sanction Rimini Under Its Inherent Powers. ........................... 6

i

# TABLE OF AUTHORITIES

**Page(s)**

C**ASES**

*Aboulafia v. Mortg. Elec. Registration Sys., Inc.*,
No. 2:12-CV-02001-GMN, 2013 WL 2558726 (D. Nev. June 8, 2013) ...................................6

*Bordallo v. Reyes*,
763 F.2d 1098 (9th Cir. 1985)........................................................................................................3

*Colucci v. N.Y. Times Co.*,
533 F. Supp. 1011 (S.D.N.Y. 1982)..............................................................................................6

*Estate of Blue v. Cnty. of Los Angeles*,
120 F.3d 982 (9th Cir. 1997).........................................................................................................5

*Hudson v. Moore Bus. Forms, Inc.*,
836 F.2d 1156 (9th Cir. 1987)..................................................................................................4, 5

*Hussein v. Dugan*,
No. 3:05-CV-00381-PMP-RAM, 2009 WL 10709253 (D. Nev. Sept. 8, 2009),
*aff'd*, 454 F. App'x 541 (9th Cir. 2011)..................................................................................6, 7

*Int'l Ass'n of Machinists & Aerospace Workers, Lodge 751* v. *Boeing Co.*,
833 F.2d 165 (9th Cir. 1987).........................................................................................................4

*Miller v. Transamerican Press, Inc.*,
709 F.2d 524 (9th Cir. 1983).........................................................................................................3

*Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*,
981 F.2d 429 (9th Cir. 1992).........................................................................................................5

*Oracle USA, Inc. v. Rimini St., Inc.*,
783 F. App'x 707 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 850 (2020)....................................3

*Rebel Oil Co. v. Atl. Richfield Co.*,
146 F.3d 1088 (9th Cir. 1998).......................................................................................................5

*Rebel Oil Co. v. Atl. Richfield Co.*,
957 F. Supp. 1184 (D. Nev. 1997), *aff'd*, 146 F.3d 1088 (9th Cir. 1998) ...............................5

*Sanai v. Sanai*,
408 F. App'x 1 (9th Cir. 2010) .....................................................................................................5

*Schutts v. Bently Nevada Corp.*,
966 F. Supp. 1549 (D. Nev. 1997) ...............................................................................................5

REPLY IN SUPPORT OF ORACLE'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page(s)**

3

*Sendi v. NCR Comten, Inc.*,
   624 F. Supp. 1205 (E.D. Pa. 1986) ............................................................................4

4

5

*St. Paul Fire & Marine Ins. Co. v. Vedatech Int'l, Inc.*,
   245 F. App'x 588 (9th Cir. 2007) ..............................................................................5

6

*Townsend v. Holman Consulting Corp.*,
   929 F.2d 1358 (9th Cir. 1990) (en banc)...................................................................5

7

8

*United States v. City & Cty. of San Francisco*,
   132 F.R.D. 533 (N.D. Cal. 1990) ..............................................................................4

9

10

*W. Employers Ins. Co. v. Jefferies & Co.*,
   958 F.2d 258 (9th Cir. 1992)......................................................................................3

11

**STATUTES**

12

28 U.S.C. § 1927 ......................................................................................................1, 4, 6

13

**RULES**

14

Fed. R. Civ. P. 11 ..............................................................................................1, 3, 4, 5, 6

15

16

**OTHER AUTHORITIES**

Oral Argument at 11:45-12:04, Rimini I, No. 18-16554 (9th Cir. July 12, 2019)...........................3

17

18

19

20

21

22

23

24

25

26

27

28

iii

1    Rimini Street Inc. ("Rimini") concedes that its Motion to Enforce repeats its argument

2    "that the injunction is limited by the separation between *Rimini I* and *Rimini II*," a position that

3    Rimini has "consistently taken . . . throughout this litigation, in different contexts and at different

4    procedural stages, in filings with this Court and with the Ninth Circuit."  ECF 1350, Rimini's

5    Opposition to Oracle's Motion for Sanctions ("Opp.") at 1.  Rimini concedes that it repeatedly

6    has asserted that the Injunction is vague and overbroad.  *Id.* at 3, 5, 6.  Rimini concedes that it

7    repeatedly has asserted that "unadjudicated" conduct and "cross-use" ought not to be covered by

8    this Court's Injunction.  *Id.* at 5.  Rimini concedes that it repeatedly has protested that the

9    Injunction's "vague and broad language" could "bring Process 2.0 within the scope of the

10   injunction."  *Id.*  And Rimini concedes that it argued to the Ninth Circuit that the Injunction was

11   "moot" because Rimini purportedly has "ceased Process 1.0, and Process 2.0 was the subject of

12   *Rimini II*."  *Id.* at 6.  Yet, remarkably, Rimini continues to ignore the fact that Magistrate Judge

13   Ferenbach, Your Honor, and the Ninth Circuit "consistently" have rejected these arguments.

14   Rimini seeks to evade sanctions by making the meritless argument that, while it has

15   challenged the Injunction seven times previously, it has never done so in a motion entitled "A

16   Motion To Enforce" this Court's Orders.  The mere fact that Rimini and its counsel created a new

17   title for a motion does not change the fact that this motion advances arguments that have been

18   rejected seven times previously, and repeating arguments that have been repeatedly rejected is

19   vexatious litigation.

20   Lacking any justification for its conduct, Rimini simply repeats the same talismanic

21   argument that "[a]s a matter of law, a party cannot be sanctioned for asking a court to enforce its

22   own orders as the law of the case."  Opp. at 9.  *See also id.* at 1 ("Rimini cannot be sanctioned for

23   asking this Court to enforce its own orders."); *id.* at 2 ("A litigant cannot be sanctioned for asking

24   a court to enforce its own orders"); *id.* at 9 ("The suggestion that Rimini can be sanctioned . . . for

25   moving this Court to enforce the plain meaning of the separation orders, is absurd and a waste of

26   the Court's time."); *id.* at 9 ("Asking the Court to Enforce the Orders and Judgment Previously

27   Entered Does Not Violate Rule 11"); *id.* at 15 ("Asking this Court to Enforce the Orders and

28   Judgment Previously Entered in this Case Does Not Warrant Sanctions Under Either 28 U.S.C. §

1

1   1927 or the Court's Inherent Authority").  Rimini even asserts that "it would be an abuse of

2   discretion to conclude otherwise."  *Id*. at 2.  Remarkably, Rimini cites no legal authority

3   whatsoever in support of this position.

4         In its opening brief, Oracle cited controlling Ninth Circuit authority holding that a party

5   can be sanctioned for repeating rejected arguments *once*.  Rimini concedes that, as a factual

6   matter, the arguments it seeks to advance have been rejected *seven times* previously, and Rimini

7   cites no legal authority supporting its argument that a motion with a new name is exempt from

8   sanctions.  Rimini's motion is clearly duplicative and vexatious, and Rimini and its counsel

9   should be sanctioned.

10  **I.    RIMINI'S MOTION TO ENFORCE IS DUPLICATIVE OF RIMINI'S**
11  **"CONSISTENTLY" REJECTED ARGUMENTS.**

12        Rimini does not address Oracle's detailed discussion of the prior repeated rejection of

13  Rimini's arguments, as asserted in Rimini's (1) Opposition to Oracle's First Injunction Motion,

14  (2) Objections to Oracle's Proposed Orders, (3) Opposition to Oracle's Renewed Injunction

15  Motion, (4) Emergency Motion to Stay filed in this Court, (5) Emergency Motion to Stay filed in

16  the Ninth Circuit, (6) briefing to and oral argument before to the Ninth Circuit, and (7) an

17  opposition to injunction compliance discovery repeating the same over breadth arguments.  ECF

18  No. 1348, Motion for Sanctions ("Motion") at 1.

19        This Court (and Oracle) have been very clear that the Injunction extends beyond the

20  conduct at issue in *Rimini I*.  Rimini obviously *wanted* the Injunction to be limited to the *Rimini I*

21  conduct—which is why it twice submitted draft injunction orders to this Court that would have

22  been at least so limited.  ECF No. 1055, Exhibit 2 (Rimini's 2016 Proposed Permanent

23  Injunction), ECF Nos. 1132-1133 ("Rimini's Proposed Order Denying [a Permanent Injunction]"

24  and "Specific Objections to Oracle's Proposed Injunction").  Since November 2015, Rimini has

25  argued consistently against Oracle's proposed injunction by asserting, *inter alia,* that the

26  injunction "also reaches issues that have not been litigated" and are "a live issue in *Rimini II*."

27  ECF No. 905 at 21.  But this Court twice rejected Rimini's comparatively limited proposal in

28  favor of broader language.  ECF No. 1065 (2016 Injunction Order); ECF No. 1166 (2018

2

Injunction Order).  Likewise, on appeal to the Ninth Circuit, Rimini argued, *inter alia*, that the Injunction was overbroad because "it says that anything that Rimini does for one client it can't use for another" and that "not one thing that they now say is contempt was adjudicated in this case."  Oral Argument at 11:45-12:04, Rimini I, No. 18-16554 (9th Cir. July 12, 2019), https://tinyurl.com/sbyw42x.[1]  But for minor revisions not relevant here, the Ninth Circuit affirmed this Court's Injunction over Rimini's objections.  *Oracle USA, Inc. v. Rimini St., Inc.*, 783 F. App'x 707, 711 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 850 (2020).  And in rejecting Rimini's argument that discovery about Rimini's purported "Process 2.0" should be denied because practices that post-date the Injunction cannot violate it, Magistrate Judge Ferenbach correctly observed that "if those new practices actually violate the terms of the injunction, it's not a defense to say these are new practices."  ECF No. 1218 (Apr. 4, 2019 Hr'g Tr. at 40:10-12).

The duplication of Rimini's rejected arguments in its Motion to Enforce renders that motion vexatious litigation.

## II.  RIMINI'S MOTION IS VEXATIOUS AND SHOULD BE SANCTIONED.

Rimini's argument against sanctions is a textbook example of form over substance. Rimini contends that because it "has never filed a motion to enforce the Court's separation orders before . . . the Motion to Enforce that it did file cannot be duplicative, and Rimini cannot have had any improper purpose."  Opp. at 15.  But sanctions for vexatious litigation are not limited to circumstances when the litigant and counsel choose the same title for repeated motions.  Nor can a litigant employ a thesaurus to evade Rule 11 sanctions.  "Nomenclature is not controlling.  The court will construe [a motion], however styled, to be the type proper for the relief requested." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (internal citations omitted); *see also W. Employers Ins. Co. v. Jefferies & Co.*, 958 F.2d 258, 261 (9th Cir. 1992); *Bordallo v. Reyes*, 763 F.2d 1098, 1101 (9th Cir. 1985).  As Oracle explained in its Opposition to Rimini's Motion to Enforce, this Court should construe the motion as a motion for

---

[1] At time of submission, this tinyurl redirects to https://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000015987

3

1    reconsideration.  ECF No. 1335 at 10.  Rimini is not entitled to a seventh reconsideration of its

2    rejected arguments.[2]  The arguments that Rimini made are the same arguments three courts have

3    rejected seven times; the authority Rimini cited is the largely the same authority Rimini cited

4    previously; and the relief Rimini sought—insulating its current practices from the Injunction—is

5    the same relief it failed to obtain seven times.  This motion is duplicative, frivolous, and a waste

6    of judicial and party resources.  Rimini and its counsel should be sanctioned under Rule 11, 28

7    U.S.C. § 1927, and this Court's inherent authority.

8            A.      **This Court Should Sanction Rimini and its Counsel Under Rule 11.**

9            Rule 11 sanctions are appropriate here.  When Rimini's counsel signed the Rule 11

10   motion they certified, *inter alia*, that the Motion was "not being presented for any improper

11   purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"

12   and that "legal contentions are warranted by existing law or by a nonfrivolous argument for

13   extending, modifying, or reversing existing law or for establishing new law."  FRCP 11(b).

14   Rimini's Opposition does not identify any proper purpose for exhuming these arguments once

15   again, nor does it explain how repetition of these rejected arguments could be warranted by

16   existing law or by a nonfrivolous argument.  In essence, Rimini and its counsel argue that they

17   always wanted a different injunction, and even after losing an appeal challenging this Injunction,

18   they are free to keep challenging the Injunction's scope.

19           Rimini's reliance on *Hudson v. Moore Bus. Forms, Inc*., 836 F.2d 1156, 1160 (9th Cir.

20   1987), is misplaced.  In *Hudson*, the Ninth Circuit acknowledged that courts must balance "the

21   desire to avoid abusive use of the judicial process and to avoid chilling zealous advocacy" when

22   determining whether to award Rule 11 sanctions.  *Id.* at 1159–60.  The Ninth Circuit then

23   _____

24   [2] Rimini's reliance on *United States v. City & Cty. of San Francisco*, 132 F.R.D. 533, 537 (N.D.
     Cal. 1990), where the court addressed whether to grant sanctions when the parties addressed

25   competing Supreme Court precedents, is unavailing.  Here, the Court's rejection of Rimini's
     overbreadth argument is clear law of the case, and Rimini has offered no non-frivolous counter-

26   argument.  Similarly, in *Int'l Ass'n of Machinists & Aerospace Workers, Lodge 751* v. *Boeing
     Co*., 833 F.2d 165, 171–72 (9th Cir. 1987), the purportedly duplicative motion addressed

27   intervening Supreme Court case law; Rimini cites no such intervening authority.  *Sendi v. NCR
     Comten, Inc*., 624 F. Supp. 1205, 1207 (E.D. Pa. 1986) addressed a single reargued issue, and the

28   court warned that reargument was "ill-advised" and "misguided."

4

1  *affirmed* the district court's award of Rule 11 sanctions against a plaintiff "based solely on the
2  frivolousness and improper purpose" of its claim.  *Id.* at 1163-64.  Overzealous advocacy does
3  not excuse Rimini's vexatious litigation.

4          Rimini's reliance on *Rebel Oil Co. v. Atl. Richfield Co.*, 146 F.3d 1088, 1094 (9th Cir.
5  1998), is similarly unavailing.  The prior *in limine* rulings that Rimini now refers to as "separation
6  orders," ECF No. 723, are not the governing law of the case now—this Court's now-affirmed
7  judgment and Injunction are.  Neither interlocutory discovery nor evidentiary issues were before
8  the Ninth Circuit in the prior appeal.  Such "dicta" does not constitute "law of the case" in
9  subsequent district court proceedings.  *Rebel Oil Co. v. Atl. Richfield Co.*, 146 F.3d 1088, 1093
10  (9th Cir. 1998); *Rebel Oil Co. v. Atl. Richfield Co.*, 957 F. Supp. 1184, 1201 (D. Nev. 1997), *aff'd*,
11  146 F.3d 1088 (9th Cir. 1998).

12          As this Court has explained, "Rule 11 sanctions are specifically designed to deter baseless
13  filings and frivolous litigation, to unclog the choked dockets of the federal courts, and to punish
14  improper conduct by lawyers and litigants."  *Schutts v. Bently Nevada Corp.,* 966 F. Supp. 1549,
15  1566 (D. Nev. 1997) (citations omitted) (imposing Rule 11 sanctions on the party and counsel);
16  *see also Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997).

17          Rimini protests that *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429,
18  439 (9th Cir. 1992) (affirming Rule 11 sanctions), is distinguishable because the duplicative
19  motion in *Nugget* was a second motion to compel that "simply 'duplicated'" its first motion to
20  compel, whereas Rimini has not previously filed a motion entitled "Motion to Enforce."  Opp. at
21  11.  That is not the point.  The Motion to Enforce is far more than "sufficiently similar" to
22  Rimini's prior arguments to be "frivolous" and "filed for an improper purpose," regardless of its
23  title.  *Nugget Hydroelectric, L.P.*, 981 F.2d at 439 (citing *Townsend v. Holman Consulting Corp.*,
24  929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)).  *See also Sanai v. Sanai*, 408 F. App'x 1, 2 (9th
25  Cir. 2010) ("[t]he district court properly sanctioned appellants under Rule 11 in the second action
26  for filing duplicative causes of action."); *St. Paul Fire & Marine Ins. Co. v. Vedatech Int'l, Inc.*,
27  245 F. App'x 588, 590 (9th Cir. 2007) (holding that a filing that "did nothing more than duplicate
28  arguments" was "objectively unreasonable" and warranted Rule 11 sanctions).

1    Rimini's contention that Rule 11 expressly forbids monetary sanctions against represented

2    parties for violations of Rule 11(b)(2) is irrelevant.  Oracle seeks sanctions under both Rule

3    11(b)(1) *and* Rule 11(b)(2), and Rule 11(b)(1) does permit sanctions against represented parties.

4    The Motion to Enforce has been filed for an "improper purpose."  This Court thus should sanction

5    Rimini and its counsel under Rule 11.

6          **B.    This Court Should Grant Attorneys' Fees Under 28 U.S.C. § 1927.**

7          28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in

8    any case unreasonably and vexatiously may be required by the court to satisfy personally the

9    excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28

10   U.S.C. § 1927.  Here, Rimini's counsel have unreasonably and vexatiously multiplied this

11   litigation by filing the Motion to Enforce in "bad faith," "knowingly or recklessly rais[ing] a

12   frivolous argument."  *Hussein v. Dugan,* No. 3:05-CV-00381-PMP-RAM, 2009 WL 10709253, at

13   *2 (D. Nev. Sept. 8, 2009), *aff'd*, 454 F. App'x 541 (9th Cir. 2011) (granting attorneys' fees for

14   "vexatiously multiplied litigation" under the Court's inherent power and 28 U.S.C. § 1927); *see*

15   *also Aboulafia v. Mortg. Elec. Registration Sys., Inc.,* No. 2:12-CV-02001-GMN, 2013 WL

16   2558726, at *6 (D. Nev. June 8, 2013).[3]

17         As stated in Oracle's opening motion, Oracle seeks fees individually from "Rimini's

18   counsel" under 28 U.S.C. § 1927.  Mot. at 12.  Oracle seek fees from Rimini's counsel of record,

19   attorneys at Gibson Dunn, under Section 1927.  Oracle did not identify Rimini's counsel

20   individually by name in its motion and opening brief out of decorum.  However, for avoidance of

21   doubt, the individual attorneys  responsible for submitting the frivolous Motion to Enforce should

22   be held accountable.[4]

23         **C.    This Court Should Sanction Rimini Under Its Inherent Powers.**

24         As Oracle explained in its sanctions motion, Rimini's Motion to Enforce wastes this

---

[3] *Colucci v. N.Y. Times Co.*, 533 F. Supp. 1011, 1013–14 (S.D.N.Y. 1982), is inapposite as the case does not address a party rearguing a position it previously lost—let alone arguing that position for the eighth time.

[4] Eric D. Vandevelde signed and filed the Motion to Enforce and Reply in support thereof.  ECF Nos. 1323 and 1347.  The Court can and should inquire as to other responsible attorneys at a future hearing.

REPLY IN SUPPORT OF ORACLE'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY

1   Court's judicial resources with duplicative arguments packaged with a different title.  Oracle

2   respectfully submits that this Court should exercise its inherent authority to sanction Rimini's

3   conduct.   *See Hussein v. Dugan,* No. 3:05-CV-00381-PMP-RAM, 2009 WL 10709253, at *2 (D.

4   Nev. Sept. 8, 2009), *aff'd*, 454 F. App'x 541 (9th Cir. 2011) (granting attorney's fees for

5   "vexatiously multiplied litigation" under the Court's inherent power and 28 U.S.C. § 1927).

6

7   DATED: June 2, 2020                              Respectfully submitted,

8                                                    MORGAN, LEWIS & BOCKIUS LLP

9

10  By:  _____/s/ John A. Polito_____
                                                            John A. Polito

11

12                                                   *Attorneys for Plaintiffs Oracle USA, Inc., Oracle*
                                                     *America, Inc. and Oracle International Corporation*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF ORACLE'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2020, I electronically transmitted the foregoing **REPLY IN SUPPORT OF ORACLE'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

DATED: June 2, 2020                    MORGAN, LEWIS & BOCKIUS LLP


By: _____/s/ John A. Polito_____
                    John A. Polito

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle*
*America, Inc. and Oracle International Corporation*