| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone:    702.382.7300<br>Facsimile:     702.382.2755<br>rpocker@bsfllp.com<br><br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>WILLIAM A. ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>2001 K Street, NW<br>Washington, DC 20006<br>Telephone:    202.223.7300<br>Facsimile:     202.223.7420<br>wisaacson@paulweiss.com<br>kdunn@paulweiss.com<br><br>BOIES SCHILLER FLEXNER LLP<br>SEAN P. RODRIGUEZ (*pro hac vice*)<br>BEKO O. REBLITZ-RICHARDSON (*pro hac vice*)<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone:    415.293.6800<br>Facsimile:     415.293.6899<br>srodriguez@bsfllp.com<br>brichardson@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>BENJAMIN P. SMITH (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>SHARON R. SMITH (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone:    415.442.1000<br>Facsimile:     415.442.1001<br>benjamin.smith@morganlewis.com<br>john.polito@morganlewis.com<br>sharon.smith@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:    650.506.4846<br>Facsimile:     650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com<br><br>*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.* |

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>    Defendants. | **Case No. 2:10-cv-0106-LRH-VCF**<br><br>**DECLARATION OF BARBARA ANN FREDERIKSEN-CROSS IN SUPPORT OF ORACLE'S MOTION FOR SANCTIONS PURSUANT TO RULE 37**<br><br><br>**<u>REDACTED</u>** |

I, Barbara Ann Frederiksen-Cross, declare as follows:

1. I have been retained as an expert witness in this matter by Plaintiffs Oracle USA, Inc., Oracle International Corp., and Oracle America, Inc. ("Oracle"). I submit this Declaration to support Oracle's Motion for Sanctions Pursuant to Rule 37. I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if asked to do so.

2. I am the Director of Litigation Services for JurisLogic, LLC ("JurisLogic"). JurisLogic is an Oregon corporation that provides consulting services to computer hardware and software manufacturers and computer-related technical assistance to the legal profession in the United States, Canada, Japan, Singapore, and Europe. JurisLogic specializes in providing consulting services to corporations and attorneys on intellectual property matters (such as copyright and patent infringement matters, and misappropriation of trade secrets) and performing assessments of computer software and Techno-archeology (the analysis of software development projects). I have experience in the design, development, and analysis of computer software, and I have previously provided both trial and deposition testimony as an expert for matters in state and federal courts, authored a number of papers, and delivered lectures on technology to the legal profession.

3. I have over forty-five (45) years of personal experience as a software developer and consultant, including the development of web-based systems, and secure online data access systems used by banks, insurance companies, hospitals, and telecommunication providers. I have extensive experience in the design, implementation, and ongoing administration of databases and multi-dimensional data aggregation systems, such as data marts and data warehouses used to support business analysis.

4. I have been trained in forensic analysis of computer software in the specific context of copyright infringement and trade secret analyses, and I have previously qualified as an expert in state and federal courts to testify about the operation of computer software and computer systems, including for matters that involve software copyright and trade secret disputes.

5. In this matter, with support from my colleagues at JurisLogic and Stroz Friedberg, I have reviewed computer-based evidence, including images of computer systems used by some of Rimini's customers, file listings and metadata from the computer systems of other Rimini customers, and files produced for my inspection by both Rimini and Oracle. We also reviewed technical documents, emails, and deposition transcripts relating to the technology at issue in this matter. We also reviewed my expert reports (including my affirmative report, rebuttal report, surrebuttal report, and the exhibits to these reports) from the *Rimini II* matter, as well as the expert report of Christian B. Hicks ("Hicks Report") and the rebuttal report of Christian B. Hicks ("Hicks Rebuttal") in the *Rimini II* matter.

6. I have submitted two declarations in this matter. ECF No. 1290-1, Declaration of Barbara A. Frederiksen-Cross in Support of Oracle's Motion to Compel; ECF No. 1331-1, Declaration of Barbara A. Frederiksen-Cross in Support of Oracle's Opposition to Rimini's Motion to Enforce the Court's Orders.

7. On January 31, 2020, I signed my "Post-Injunction Expert Report of Barbara Ann Frederiksen-Cross," which I understand was submitted to Rimini as part of discovery in this action.

8. On May 20, 2020, I signed a corrected version of my "Post-Injunction Expert Report of Barbara Ann Frederiksen-Cross," ("Opening Report") which I understand was submitted to Rimini as part of discovery in this action. For consistency, citations in this Declaration are to this corrected version. In any case, parallel citations exist in my original, uncorrected report except for paragraphs 181, 218, 233, 235, 236, 304, and 380-81. Attached to this Declaration as Exhibit 1 are true and correct excerpts from my Opening Report.

9. On May 20, 2020, I also signed my "Post-Injunction Surrebuttal Export Report of Barbara Ann Frederiksen-Cross," which I understand was submitted to Rimini as part of discovery in this action.

10. On June 12, 2020, I signed a corrected version of my "Post-Injunction Surrebuttal Export Report of Barbara Ann Frederiksen-Cross," ("Surrebuttal Report") which I understand

1  was submitted to Rimini as part of discovery in this action. For consistency, citations in this
2  Declaration are to this corrected version. In any case, parallel citations exist in my original,
3  uncorrected report. Attached to this Declaration as Exhibit 2 are true and correct excerpts from
4  my Surrebuttal Report.

5    11.   I hereby adopt and swear to those opinions set forth in Exhibits 1 and 2 to this
6  Declaration. I further hereby adopt and swear the opinions I previously adopted and swore to in
7  my April 23, 2020 Declaration, set forth in Exhibit 1 to that declaration, and in Exhibit A to the
8  Declaration of Eric Vandevelde. ECF No. 1326. ECF No. 1333-1, ¶¶ 5-7.

9    12.   Attached to this Declaration as Exhibit 3 are true and correct excerpts from the
10 Hicks Rebuttal. I hereby adopt the opinions set forth in Exhibit 3.

11    13.   Unless noted otherwise, the footnotes from my Opening Report and Surrebuttal
12 Report have been omitted, but the relevant documents and exhibits I relied on are separately cited.

13    14.   While I have not attached all of the documents and exhibits that I relied on in my
14 Opening Report and Surrebuttal Report, certain of the materials I relied on, in whole or in
15 relevant excerpts, are attached to this Declaration. Others are attached to the concurrently filed
16 Declaration of Sean P. Rodriguez, or I understand have been previously filed in this action
17 are thus referred to by ECF Number. Any of the documents or exhibits not included here, in the
18 Rodriguez Declaration, or that were previously filed can be provided upon request.

19    15.   In paragraph 392 of my Opening Report, I provided the following opinion: ▄
20 ████████████████████████████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████████████████████████████
22 ██████████████████████████████████████████████████████
23 ███████████████████████████████████████████████ (Footnote omitted.)

24    16.   In support of this opinion, I relied on Exhibit 42 to my Opening Report, which is
25 an Excel spreadsheet reflecting ██████████████████████████████████████████████
26 ████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████

28

3
DECLARATION OF BARBARA ANN FREDERIKSEN-CROSS
IN SUPPORT OF ORACLE'S MOTION FOR SANCTIONS

1 | ███████. This Excel file has 23,533 rows and would be thousands of pages long if printed to
2 | Adobe PDF.  Because I understand this exceeds the exhibit page limit, Exhibit 42 to my Opening
3 | Report is not attached hereto but can be made available upon request.
4 |         17.     Rimini's ████████████████ and AFW database records show that
5 | ██████████████████████████████████████████████████████
6 | ██████████████████████████████████████████████████████████
7 | ██████████████  Attached as Exhibit 4 is a true and correct excerpted copy of Exhibit 42 to
8 | my Opening Report, filtered on file name ███████████ and with data in the ██████████
9 | column.
10 |        18.     At my direction, Oracle attorneys conducted a search of Rimini's productions for
11 | the File Name ███████████ and any associated metadata.  Attached as Exhibit 5 is a true and
12 | correct excerpted copy of metadata that accompanied Rimini's productions of the File Name
13 | ██████████.
14 |        19.     In paragraph 9 footnote 8 of my Surrebuttal Report, I provided the following
15 | Opinion: ████████████████████████████████████████████████
16 | ████████████████████████████████████████████████████████████
17 | ████  This Excel file has 23,533 rows and is approximately 5,000 pages.  Because I understand
18 | this exceeds the exhibit page limit, Exhibit 43 to my Opening Report is not attached hereto but
19 | can be made available upon request.
20 |        20.     Attached as Exhibit 6 is a true and correct excerpted copy of Exhibit 43 to my
21 | Opening Report, showing █████████████████████████████
22 | ████████████████████████████████████████████████████████████
23 | ██████████████████████████████████
24 |        21.     Attached as Exhibit 7 is a true and correct excerpted copy of Exhibit 42 to my
25 | Opening Report, showing █████████████████████████████████
26 | ██████████████████████████████████████████████████████
27 | ████████████████████████
28

22. At my direction, Oracle attorneys conducted a search of Rimini's productions for the File Name ▮▮▮▮▮ where the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Attached as Exhibit 8 is a true and correct excerpt of metadata that accompanied Rimini's production of these documents. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In footnote 154 of my Opening Report, I provided an explanation of MD5 hashes and how they are used to confirm that two files are identical or different. ECF No. 1326, Opening Report ¶ 161 & fn 154.

23. Attached as Exhibit 9 is a true and correct excerpted copy of Exhibit 42 to my Opening Report, filtered on file name ▮▮▮▮▮ and sent from ▮▮▮▮▮▮▮▮▮▮ as reflected in the ▮▮▮▮▮▮▮ column, with update ID HCM200640, as reflected in the ▮▮▮▮▮ column. This exhibit shows that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24. Rimini's Production 38 purportedly comprises files that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. It contains ▮▮▮ raw files and ▮▮▮ Bates-numbered documents. It is approximately ▮▮▮ in size, which includes duplicates such as documents produced in multiple formats, for example a document produced in .tiff, .txt, and native formats. ▮▮▮ is less than the storage capacity of an ordinary DVD.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed at Hubbard, Oregon.

DATED: July 7, 2020

*Barbara Frederiksen-Cross* (signature)

Barbara Ann Frederiksen-Cross

5
DECLARATION OF BARBARA ANN FREDERIKSEN-CROSS
IN SUPPORT OF ORACLE'S MOTION FOR SANCTIONS

# CERTIFICATE OF SERVICE

I certify that on July 10, 2020, I electronically transmitted the foregoing **DECLARATION OF BARBARA ANN FREDERIKSEN-CROSS IN SUPPORT OF ORACLE'S MOTION FOR SANCTIONS PURSUANT TO RULE 37** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel are CM/ECF registrants.

Dated: July 10, 2020

BOIES SCHILLER FLEXNER LLP

By: /s/ *Ashleigh Jensen*
Ashleigh Jensen