# EXHIBIT M

[Excerpts of a November 26, 2019 letter from Jacob J.O. Minne to Jennafer M. Tryck – REDACTED]

# Morgan Lewis

**Jacob J.O. Minne**
Associate
+1.650.843.7280
Jacob.minne@morganlewis.com

November 26, 2019

**VIA E-MAIL**
Jennafer M. Tryck
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Email: JTryck@gibsondunn.com

Re:     *Oracle USA, Inc., et al v. Rimini Street, Inc., et al.*, Case 2:10-cv-00106-LRH-VCF

Dear Jennafer:

We write regarding several ongoing discovery disputes in the above-captioned matter.

Production of Dev Instructions Transmitted Via AFW

Regarding RSI007485108 and RSI007485111, please identify the "developers who worked on the files" who stated "the files were renamed subsequent to transfer." Nov. 18, 2019 letter from J. Tryck to J. Minne.

We look forward to Rimini's production of the remaining unproduced Dev Instructions documents cited in our last letter, as well as the additional Dev Instructions documents transferred via AFW from the last AFW database collection through November 18, 2019. Please let us know when we can expect this production. Since Oracle agreed to forego discovery of documents created after this date (ECF No. 1284, Joint Statement), Rimini should have more time to devote to this and other outstanding discovery issues.

Production of Draft Dev Instructions

Oracle is entitled to discovery about Rimini's development process. As we reiterated in our last letter, Rimini creates Dev Instructions using customer environments. Accordingly, the initial, unedited-by-a-lawyer documents are important evidence of unlicensed use and copying of customer environments not "solely for the licensee's internal data processing operations at its facilities" in violation of the injunction. *See* Nov. 8, 2019 letter from J. Minne to J. Tryck. Draft Dev Instructions are relevant even if they were never sent to clients because (1) they reflect work done in the prototype customer environment that was used to create the Dev Instruction and (2) they can be used to support subsequent customers even if they were not physically distributed to those customers. Moreover, Rimini's representation that "the finals (unlike drafts) actually reflect an implemented update," Nov. 18, 2019 letter from J. Tryck to J. Minne, does not change the fact that drafts are relevant and responsive documents; in any event, your representation is an

**Morgan, Lewis & Bockius LLP**

One Market
Spear Street Tower
San Francisco, CA  94105-1596        +1.415.442.1000
United States                        +1.415.442.1001

Jennafer M. Tryck
November 26, 2019
Page 6

supplement its response. If Rimini does not agree by December 2, 2019 to do so, then Oracle will assume the Parties are joined on the issue.

Rimini's Production in Response to RFP No. 11

Oracle continues to disagree with Rimini's erroneous interpretation of Oracle's RFP.

Regardless of Rimini's complaints as to its alleged overbreadth of this RFP (which are not well-taken, and are disputed in this and Oracle's previous letters), Rimini has consistently ignored Oracle's requests for Rimini to produce the webinars explicitly named in the RFP and referenced at the URL https://info.riministreet.com/PeopleSoft-Webinars-LP.html. *See, e.g.*, Sept. 27, 2019 letter from D. Kocan to E. Vandevelde; Oct. 4, 19, and Nov. 8, 2019 letters from J. Minne to J. Tryck. Rimini has produced the whitepaper. There is no reason it cannot also produce the webinars. If Rimini does not agree by December 2, 2019 to produce them, then Oracle will assume the Parties are joined on the issue.

Oracle awaits Rimini's response to its November 8, 2019 proposal that Rimini provide a list of all of the whitepapers, webinars, articles, updates, software, and manuals related to Oracle Software and Support Materials that Rimini makes available on its website, along with an estimate of the number of documents referenced or used in creating them. Nov. 8, 2019 letter from J. Minne to J. Tryck. If Rimini does not agree by December 2, 2019 to do so, then Oracle will assume the Parties are joined on the issue.

Unless or until the parties reach agreement about such a subset or sample, Oracle maintains that Rimini should search for and produce all Rimini Online Materials relating to Oracle Software and Support Materials, as well as any other Documents used to create such Rimini Online Materials.

Rimini's Refusal to Permit Designation of Material Produced by Public Entities Under the Protective Order

Oracle already answered the question Rimini asked during the October 22 meet and confer and repeated in its October 28 letter: "Oracle has not taken a position with customers regarding Rimini's objections to Oracle's PRA requests." Nov. 8, 2019 letter from J. Minne to J. Tryck.

Oracle also reiterates its request that Rimini confirm that it is Rimini's position that "updates that are created by Rimini but Rimini no longer has in its possession, custody, or control" (Oct. 4, 2019 letter from J. Minne to J. Tryck) are trade secrets. If not, please explain what new facts have caused Rimini to change its position. Nov. 8, 2019 letter from J. Minne to J. Tryck.

Injunction Compliance Communications

Oracle reserves all rights as to these materials.

Files Sent via AFW TransferFiles

In your letter, Rimini indicates that it has "completed the production of files transferred via the AFW TransferFile tool" between November 5, 2018 and July 23, 2019. However, it appears that Rimini has failed to produce many of the files that were distributed to customers via AFW during this time-period. For instance, of the filenames that appear in AFW TransferFiles database records,

Jennafer M. Tryck
November 26, 2019
Page 7

Rimini has failed to produce any copies (or even any files with matching filenames) for the ▮ files identified in Exhibit C to this letter. Based on a review of the filenames, these documents appear to be comprised of highly relevant technical documents such as development instruction documents, DMS files, and PeopleCode files.

Moreover, as shown in Exhibit D to this letter, the majority of the files that Rimini's AFW records indicate Rimini distributed using TransferFiles ▮▮▮▮ cannot be matched to any part of the pathnames of similarly named files that Rimini has produced. This strongly suggests that Rimini has still failed to produce many of the files that it distributed via AFW.

Oracle assumes that Rimini has not produced the files referenced in Exhibits C and D because Rimini has deleted either the files themselves or the information needed to identify the AFW records that each file corresponds to. If this is incorrect, please explain.

Additionally, Rimini has not yet produced any files that were distributed with AFW on or after July 23, 2019. Please advise when Oracle can expect these remaining files.

<u>RFP No. 14 and Other Non-Custodial Sources</u>

Rimini has been investigating its failure to produce documents from ShareFile for at least a month. Oct. 19, 2019 letter from J. Minne to J. Tryck; Oct. 28, 2019 letter from J. Tryck to J. Minne. Please advise by December 2, 2019, when Rimini expects to complete this investigation.

Oracle maintains that Rimini's wholesale refusal to produce any documents in response to this RFP, limited to "Oracle Software covered by the Injunction" and to a specific date range, is improper. This RFP identifies, explicitly and by reference, data sources that Rimini has refused to search (or has refused to confirm it has already searched) in response to other discovery requests. Oracle seeks discovery from these sources. Yet to date, Rimini continues to refuse to produce any documents responsive to this RFP or even confirm which sources it has already searched in response to other discovery requests. Oct. 28, 2019 letter from J. Tryck to J. Minne.

Nowhere does Oracle suggest it is unable to provide any limited principles for this RFP. *Contra* Nov. 18, 2019 letter from J. Tryck to J. Minne. Throughout the meet and confer Oracle has sought to identify sources Rimini has and has not searched in response to other discovery requests, to determine whether any sources could be excluded here, to no avail. Rimini's refusal to respond to Oracle's latest proposal is further evidence of this lack of cooperation. *See id.*; Nov. 8, 2019 letter from J. Minne to J. Tryck.

If Rimini does not agree by December 2, 2019 to produce documents responsive to this RFP, or identify which sources it has not searched, Oracle will assume the Parties are joined on the issue.

<u>Custodial Document Production and Reimbursements</u>

We await Rimini's response to the remaining custodial documents Oracle identified on November 13, 2019, with no hits on Oracle's search terms, as well as Rimini's proposal to reimburse Oracle. Nov. 18, 2019 letter from J. Tryck to J. Minne. In addition, please identify how many documents fully withheld for privilege did not hit on any of Oracle's search terms, and confirm Rimini's reimbursement proposal will include those documents.

Jennafer M. Tryck
November 26, 2019
Page 8

Oracle also sought an explanation for why the cost per produced document rates has increased significantly in recent productions. Nov. 8, 2019 letter from J. Minne to J. Tryck. Rimini's only response was to assert its "'approach to review and production of documents' is protected work product, which Rimini does not agree to disclose." Nov. 18, 2019 letter from J. Tryck to J. Minne. However, because Oracle is required to reimburse Rimini for the cost of these productions, it is entitled to some assurance it is not being overcharged. In light of the issue with Rimini's discovery vendor this is not idle speculation, and Rimini's attempt to sidestep the issue does not inspire confidence. Oracle reiterates its request for an explanation.

**New Discovery Issues**

███████ Deposition Exhibits

Oracle is in receipt of your request regarding the actions of third-party Rimini customer ██████. Rimini had the opportunity to question ██████ directly about these actions. To the extent Rimini is requesting a preview of Oracle's expert disclosures, Oracle declines to provide such a preview.

Please provide your availability to meet and confer on December 2 regarding these issues.

Sincerely,

*/s/ Jacob J.O. Minne*

Jacob J.O. Minne


c:  Jeremy M. Christiansen
    Blaine H. Evanson
    Joseph A, Gorman
    Samuel Liversidge
    Brett Long
    Shaun Mathur
    Amber McKonly
    Tracy A. Morgan
    Mark A. Perry
    Jeffrey T. Thomas
    Eric D. Vandevelde
    Cynthia Weaver
    Chris Whittaker
    John A. Polito
    Benjamin P. Smith
    Sharon R. Smith
    Lindsey M. Shinn
    Zachary S. Hill
    David R. Kocan
    Lisa S. Lee
    William Isaacson