# EXHIBIT S

[August 28, 2019 letter from Eric Vandevelde to David R. Kocan – REDACTED]

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Eric D. Vandevelde
Direct: +1 213.229.7186
Fax: +1 213.229.6186
EVandevelde@gibsondunn.com

Client: 79957-00020

August 28, 2019

VIA ELECTRONIC MAIL

David R. Kocan
Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596

Re:     Notice Regarding Preservation of Electronic Evidence

Dear David:

I write in response to your August 28, 2019 letter regarding AFW FTP folder locations.

First, Oracle's assertion that Rimini has spoliated evidence is incorrect. As we have previously—and repeatedly—explained, copies of transferred files on AFW FTP folders are temporary and transitory. When a file is copied from Rimini's systems to a client's system using the TransferFiles tool [REDACTED] There is no evidence that any of the transferred files have been deleted from Rimini's systems or the destination locations, and thus there is no basis for a claim of lost data/information or spoliation. If you have any authority supporting your view that Rimini has a legal obligation to permanently maintain transitory or intermediate copies of files, please provide it to us.

Second, as I noted in my August 26, 2019 letter, the fact that transferred files remain in AFW FTP folders only temporarily is not news to Oracle. Oracle first raised this issue in November 2018. We responded on December 18, 2018, providing a complete and transparent description of how the process works and inviting you to discuss any further concerns. Oracle did not respond with any concerns. Eight months later, you are now bringing up the same issue. Your suggestion that you have just become aware of this issue is not accurate.

Third, we understand that you are now requesting that Rimini produce every file that has been transferred via AFW since November 5, 2018. These files are duplicative and only marginally relevant, if at all, given that Rimini has already produced the software updates and update documentation transferred from Rimini's system to client systems since

GIBSON DUNN

David R. Kocan
August 28, 2019
Page 2

November 5, 2018.  Moreover, producing these files, which remain on Rimini's systems after transfer, would be unduly burdensome—especially given the compressed discovery schedule—because it would require an extensive manual process of combing through logs, identifying files, searching multiple data sources, and mapping file names to the file names identified in the logs.  Notwithstanding the foregoing, if Oracle wants to specifically identify a reasonable subset of transferred documents that it believes are relevant to Rimini's injunction compliance, Rimini will consider searching for and producing a reasonable set.  Please let us know.

Very truly yours,

Eric D. Vandevelde

EDV/cjm