BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:  702.382.7300
Facsimile:   702.382.2755
rpocker@bsfllp.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
WILLIAM A. ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006
Telephone:  202.223.7300
Facsimile:   202.223.7420
wisaacson@paulweiss.com
kdunn@paulweiss.com

BOIES SCHILLER FLEXNER LLP
SEAN P. RODRIGUEZ (*pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:  415.293.6800
Facsimile:   415.293.6899
srodriguez@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:  415.442.1000
Facsimile:   415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:  650.506.4846
Facsimile:   650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S MOTION FOR SANCTIONS PURSUANT TO RULE 37 AND SUPPORTING DOCUMENTS** |

**NOTICE OF MOTION AND MOTION**

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, Dkt. 55 ("Protective Order"), Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, and Local Rule 10-5(b), Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle" or "Plaintiffs") request that the Court order the Clerk of the Court to file under seal certain portions of Oracle's Motion for Sanctions Pursuant to Rule 37 and Oracle's Proposed Order, the Declaration of Barbra Frederiksen-Cross ( "F-C Declaration") and Exhibits 1 through 9 thereto, the Declaration of Sean P. Rodriguez ( "Rodriguez Declaration") and Exhibits B through D, F, G, and I through S thereto.

Public, redacted versions of the Motion and Supporting Documents were filed on July 10, 2020. ECF Nos. 1359-1361. Unredacted versions of these documents will be subsequently filed under seal with the Court and linked to the filing of this motion. This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities herein, documents incorporated by reference, the entire record in this action, matters appropriate for judicial notice, and any evidence or argument presented on reply or at the hearing.

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). For sealing requests relating to non-dispositive motions, such as Oracle's Motion for Sanctions Pursuant to Rule 37, the presumption of public access to court filings may be overcome by a showing of good cause under Rule 26(c). *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). *See also* ECF No. 317 (granting Oracle's 2012 Motion to Seal Plaintiffs' Motion for Evidentiary Sanctions for Spoliation for "good cause" shown). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to" the commercial information described in Rule 26(c)'s text. *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

Oracle therefore requests that the Court seal Exhibits 1 and 2 to the Frederiksen-Cross Declaration and the corresponding portions of the Motion and supporting documents because they reflect non-public, technologically and commercially sensitive information relating to Oracle's software, the public disclosure of which would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle. Oracle's competitors and potential competitors could use such information to compete unfairly with Oracle.

In addition, Exhibits 1 through 9 to the Frederiksen-Cross Declaration and Exhibits B through D, F, G, and I through S to the Rodriguez Declaration reflect information that Rimini Street, Inc. ("Rimini") has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

The Protective Order states, "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' under the terms of this Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." Protective Order ¶ 2.

Oracle therefore submits these exhibits, and corresponding portions of the Motion and supporting documents, under seal pursuant to the Protective Order based on Rimini's representation that there is a valid basis under the Protective Order for its confidentiality designations. Oracle does not independently contend that these portions are subject to such protection, but makes this request pursuant to paragraph 14 of the Protective Order. Oracle is not in a position to provide further justification to show good cause to seal the documents.

Oracle has submitted all other portions of its Motion and Supporting Documents to the Court's public files, which allows public access to all materials except for the items discussed above. Accordingly, the request to seal is narrowly tailored. For the foregoing reasons, Oracle

respectfully requests that the Court grant leave to file under seal the portions of the documents discussed above.

DATED:  July 10, 2020

BOIES SCHILLER FLEXNER LLP

By: */s/ Richard J. Pocker*
    Richard J. Pocker
    Attorneys for Plaintiffs Oracle USA, Inc.,
    Oracle America, Inc., and Oracle International
    Corporation

# CERTIFICATE OF SERVICE

I certify that on July 10, 2020, I electronically transmitted the foregoing **MOTION TO SEAL PORTIONS OF ORACLE'S MOTION FOR SANCTIONS PURSUANT TO RULE 37 AND SUPPORTING DOCUMENTS** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel are CM/ECF registrants.

Dated:  July 10, 2020

BOIES SCHILLER FLEXNER LLP

By:  /s/ *Ashleigh Jensen*

Ashleigh Jensen

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; AND SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**[PROPOSED] ORDER GRANTING ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S MOTION FOR SANCTIONS PURSUANT TO RULE 37 AND SUPPORTING DOCUMENTS** |

**[PROPOSED] ORDER**

Pending before this Court is Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation's (collectively "Oracle") Motion to Seal Portions of Oracle's Motion for Sanctions Pursuant to Rule 37 and Supporting Documents ("Motion to Seal"). Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Having considered Oracle's Motion to Seal and supporting materials, good cause having been shown:

IT IS HEREBY ORDERED THAT: Oracle's Motion to Seal is GRANTED. The Clerk of the Court shall file under seal the materials specified in Oracle's Motion.

IT IS SO ORDERED.

DATED:

By:_____