BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:   702.382.7300
Facsimile:    702.382.2755
rpocker@bsfllp.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
WILLIAM A. ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006
Telephone:   202.223.7300
Facsimile:    202.223.7420
wisaacson@paulweiss.com
kdunn@paulweiss.com

BOIES SCHILLER FLEXNER LLP
SEAN P. RODRIGUEZ (*pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:   415.293.6800
Facsimile:    415.293.6899
srodriguez@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone:   415.442.1000
Facsimile:    415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:   650.506.4846
Facsimile:    650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc., and Oracle
International Corp.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | **Case No. 2:10-cv-0106-LRH-VCF**<br><br>**ORACLE'S MOTION TO SEAL ORACLE'S MOTION FOR ORDER TO SHOW CAUSE WHY RIMINI STREET, INC. SHOULD NOT BE HELD IN CONTEMPT AND SUPPORTING DECLARATIONS AND EXHIBITS** |

**NOTICE OF MOTION AND MOTION**

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), Local Rules 10-5(b), Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") respectfully request that the Court order the Clerk of the Court to file under seal the following documents:

- Portions of Oracle's Motion for Order to Show Cause Why Rimini Street, Inc. Should Not Be Held in Contempt ("OSC Motion");
- Portions of the Declaration of John A. Polito Supporting Oracle's Motion ("Polito Declaration");
- Portions of the Declaration of Barbara Frederiksen-Cross Supporting Oracle's Motion (Frederiksen-Cross Declaration);
- Portions of the Appendix of Exhibits Supporting Oracle's Motion; and
- Exhibits 1–22, 24–34, and 36–40 to the Appendix of Exhibits.

Public, redacted versions of Oracle's Motion and these Declarations and Exhibits were filed on July 10, 2020. ECF Nos. 1365, 1366. Unredacted versions of these documents will be subsequently filed under seal with the Court and linked to the filing of this motion.

Oracle's Motion to Seal is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of James C. Maroulis in Support of Oracle's Motion to Seal Oracle's Motion for Order to Show Cause Why Rimini Street, Inc. Should Not Be Held in Contempt ("Maroulis Sealing Decl."), the Declaration of John A. Polito in Support of Oracle's Motion to Seal Oracle's Motion for Order to Show Cause Why Rimini Street, Inc, Should Not Be Held in Contempt ("Polito Sealing Decl."), documents incorporated by reference, and the entire record in this action.

ORACLE'S MOTION TO SEAL ORACLE'S MOTION FOR ORDER TO SHOW CAUSE WHY RIMINI STREET, INC. SHOULD NOT BE HELD IN CONTEMPT AND SUPPORTING DECLARATIONS AND EXHIBITS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c).  The Ninth Circuit has held that "compelling reasons must be shown to seal judicial records attached to a dispositive motion" based on the presentation of "articulable facts."  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179, 1181 (9th Cir. 2006).  Courts have discretion to determine what constitutes a "compelling reason," and have found "sources of business information that might harm a litigant's competitive standing" are sufficient to meet the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler* Grp., *LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal citations omitted).

## II.  ARGUMENT

Oracle requests that Court seal Exhibits 1–5, 6, 10, 12, 13, 16, 18, and 36 as described below and further requests that the Court seal those portions of the OSC Motion and Frederiksen-Cross Declaration as described below.  *See* Polito Sealing Decl. ¶¶ 3–14; Maroulis Sealing Decl. ¶ 3.  Oracle also requests that the Court seal portions of the Polito Declaration, Frederiksen-Cross Declaration, portions of the Appendix of Exhibits, along with Exhibits 1–22, 24–34, and 36–40 and the corresponding portions of the OSC Motion referencing these materials because they each reference documents or testimony that Rimini has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order or material that has been designated similarly on behalf of third parties.

Exhibits 1–5 are side-by-side comparisons of source code between non-public Oracle source code files and source code files produced by Rimini in this litigation that accompanied the expert reports submitted by Oracle's technical expert, Barbara Ann Frederiksen-Cross.  Polito Sealing Decl. ¶ 5.  The source code comparisons in Exhibits 1–5 contain non-public,

technologically, and commercially sensitive information relating to Oracle's PeopleSoft and JD Edwards software. *Id.* The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle. Maroulis Sealing Decl. ¶ 3. Oracle's competitors and potential competitors could use such information in competition with Oracle. *Id.* Oracle therefore requests that the Court seal the entirety of Exhibits 1–5.

Exhibit 6 contains transcript excerpts from the January 17, 2020 Rule 30(b)(6) Deposition of Craig Mackereth that was taken in this case. Polito Sealing Decl. ¶ 6. Portions of Exhibit 6 (including at 204:5–23) contain non-public, technologically, and commercially sensitive information relating to Oracle's JD Edwards software. *Id.* The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle. Maroulis Sealing Decl. ¶ 3. Oracle's competitors and potential competitors could use such information in competition with Oracle. *Id.* Oracle therefore requests that the Court seal these identified portions in Exhibit 6.

Exhibit 10 contains excerpts from Oracle Deposition Exhibit 1841 introduced during the January 17, 2020 Rule 30(b)(6) Deposition of Craig Mackereth in this case. Polito Sealing Decl. ¶ 7. Portions of Exhibit 10 (including RSI006850428) contain non-public, technologically, and commercially sensitive information relating to Oracle's JD Edwards software. *Id.* The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle. Maroulis Sealing Decl. ¶ 3. Oracle's competitors and potential competitors could use such information in competition with Oracle. *Id.* Oracle therefore requests that the Court seal these identified portions in Exhibit 10.

Exhibit 12 contains excerpts from an internal Rimini business record. Polito Sealing Decl. ¶ 8. Portions of both pages of Exhibit 12 contain non-public, technologically, and commercially sensitive information relating to Oracle's PeopleSoft software. *Id.* The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and

would prejudice Oracle.  Maroulis Sealing Decl. ¶ 3.  Oracle's competitors and potential competitors could use such information in competition with Oracle.  *Id.*  Oracle therefore requests that the Court seal Exhibit 12.

Exhibit 13 contains excerpts from another internal Rimini business record.  Polito Sealing Decl. ¶ 9.  Portions of both pages of Exhibit 13 contain non-public, technologically, and commercially sensitive information relating to Oracle's PeopleSoft software.  *Id.*  The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle.  Maroulis Sealing Decl. ¶ 3.  Oracle's competitors and potential competitors could use such information in competition with Oracle.  *Id.*  Oracle therefore requests that the Court seal Exhibit 13.

Exhibit 16 is an internal spreadsheet produced by Rimini.  Polito Sealing Decl. ¶ 10.  Portions of both pages of Exhibit 16 contain non-public, technologically, and commercially sensitive information relating to Oracle's PeopleSoft software.  *Id.*  The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle.  Maroulis Sealing Decl. ¶ 3.  Oracle's competitors and potential competitors could use such information in competition with Oracle.  *Id.*  Oracle therefore requests that the Court seal Exhibit 16.

Exhibit 18 contains excerpts of a document produced by Rimini bearing the Bates number RSI006913538.  Polito Decl. ¶ 11.  Each page of Exhibit 18 contains non-public, technologically, and commercially sensitive information relating to Oracle's PeopleSoft software.  *Id.*  The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle.  Maroulis Sealing Decl. ¶ 3.  Oracle's competitors and potential competitors could use such information in competition with Oracle.  *Id.*  Oracle therefore requests that the Court seal Exhibit 18.

Exhibit 36 is a document produced by Rimini bearing the Bates number RSI007038524.  Polito Sealing Decl. ¶ 12.  Portions of Exhibit 36 (including RSI007038525) contain non-public,

technologically, and commercially sensitive information relating to Oracle's PeopleSoft software. *Id.* The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle. Maroulis Sealing Decl. ¶ 3. Oracle's competitors and potential competitors could use such information in competition with Oracle. *Id.* Oracle therefore requests that the Court seal these identified portions in Exhibit 36.

With respect to Oracle's OSC Motion, portions of this motion (including at 15:24, 15:28, 21:10, 21:12, 25:1, 25:15, 25:18, and n.12) contain non-public, technologically and commercially sensitive information relating to Oracle's PeopleSoft and JD Edwards software. Polito Sealing Decl. ¶ 13. The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle. Maroulis Sealing Decl. ¶ 3. Oracle's competitors and potential competitors could use such information in competition with Oracle. *Id.* Oracle therefore requests that the Court seal these identified portions in Oracle's OSC Motion.

With respect to the Frederiksen-Cross Declaration, portions of this declaration (including paragraphs 31, 33, 56, 57, 59, 61–65, 77–79, 87, 94, 97, 98, 99, 101, 102, 104, and 107) contain non-public, technologically and commercially sensitive information relating to Oracle's PeopleSoft and JD Edwards software. Polito Sealing Decl. ¶ 14. The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle. Maroulis Sealing Decl. ¶ 3. Oracle's competitors and potential competitors could use such information in competition with Oracle. *Id.* Oracle therefore requests that the Court seal these identified portions in Oracle's OSC Motion

Oracle would be harmed by the disclosure of the information contained in Exhibits 1–5 and those portions of the OSC Motion, Frederiksen-Cross Declaration, and Exhibits 6, 10, 12, 13, 16, 18, and 36 already discussed. As a result, these materials should be sealed. *Ctr. for Auto Safety*, 809 F.3d at 1097 ("sources of business information that might harm a litigant's competitive standing," constitute "compelling reasons" to seal); *Icon-IP Pty Ltd. v. Specialized*

*Bicycle Components, Inc.*, No. 12- CV-03844-JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, C 10-3724 CW, 2013 WL 4426507, at *4-5 (N.D. Cal. Aug. 14, 2013) (granting third party plaintiffs motion to seal after finding that third party plaintiffs licensing and settlement agreement contained sensitive information). Because of these compelling reasons to seal documents containing Oracle's confidential technical information, the Court should grant Oracle's motion to seal at least as to Exhibits 1–5 and the identified portions the OSC Motion, Frederiksen-Cross Declaration, and Exhibits 6, 10, 12, 13, 16, 18, and 36.

     Oracle also requests that the Court seal portions of the Polito Declaration, Frederiksen-Cross Declaration, portions of the Appendix of Exhibits, along with 1–22, 24–34, and 36–40 and the corresponding portions of the OSC Motion referencing these materials because they each reference documents or testimony that Rimini has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order, reflect information drawn from data sources that Rimini has designated as "Highly Confidential – Attorneys' Eyes Only," or otherwise consist of material that has been designated similarly on behalf of third parties by Oracle pursuant to the parties' agreement regarding third-party productions of documents. Oracle submits these documents under seal pursuant to the Protective Order based on Rimini's representation that it reasonably believes there is a valid basis under the Protective Order for its confidentiality designations (and to give Rimini sufficient time to preserve confidentiality as to materials produced in this litigation by third parties). Because these materials were designated by Rimini and other parties, Oracle is not in a position to provide further justification for why filing the documents publicly would cause Rimini harm sufficient to justify sealing.

6
ORACLE'S MOTION TO SEAL ORACLE'S MOTION FOR ORDER TO SHOW CAUSE WHY RIMINI STREET, INC. SHOULD NOT BE HELD IN CONTEMPT AND SUPPORTING DECLARATIONS AND EXHIBITS

Oracle has submitted all other portions of its Motion and supporting documents to the Court's public files, which allows public access to all materials except for the items discussed above. Accordingly, Oracle's request to seal is narrowly tailored.

### III. CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court grant leave to file under seal the materials discussed above.

MORGAN, LEWIS & BOCKIUS LLP

DATED: July 10, 2020

By:     */s/ John A. Polito*
John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2020, I electronically transmitted the foregoing ORACLE'S MOTION TO SEAL ORACLE'S MOTION FOR ORDER TO SHOW CAUSE WHY RIMINI STREET, INC. SHOULD NOT BE HELD IN CONTEMPT AND SUPPORTING DECLARATIONS AND EXHIBITS and [PROPOSED] ORDER to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

MORGAN, LEWIS & BOCKIUS LLP

DATED: July 10, 2020

By: */s/ John A. Polito*
John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation