GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC  11101
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

*Attorneys for Defendant
Rimini Street, Inc.,*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., et al.,<br><br>Defendants. | CASE NO. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI STREET, INC.'S MEMORANDUM IN SUPPORT OF ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S MOTION FOR SANCTIONS PURSUANT TO RULE 37 AND SUPPORTING DOCUMENTS** |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Rimini Street, Inc. ("Rimini") submits this Memorandum of Points and Authorities re: Oracle's Motion to Seal Portions of Oracle's Motion for Sanctions Pursuant to Rule 37 and Supporting Documents. *See* ECF No. 1362. This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*. *See*, *e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA (D. Nev.), ECF Nos. 127, 137, 222, 280–282, 287, 333–334, 371, 391, 434–436, 602, 625–628, 760–768, 836–849, 1122, 1191. Certain portions of Oracle's Motion, the Declaration of Barbara Frederiksen-Cross ("F-C Declaration") and Exhibits 1 through 9 thereto, and the Declaration of Sean P. Rodriguez ("Rodriguez Declaration") and Exhibits B through D, F, G, and I through S thereto contain information Rimini has designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure. Good cause exists to seal the documents because they contains highly confidential information about Rimini's proprietary processes.

## I.   ARGUMENT

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Rimini has designated as confidential certain documents and information filed in support of Oracle's Motion because they contain confidential information about Rimini's proprietary processes.

**A.    Highly Confidential Information About Rimini's Proprietary Processes**

Rimini moves to seal proprietary information regarding the ways in which Rimini provides services to its clients and runs its business operations. This information is reflected in portions of Oracle's Motion, the F-C Declaration and Exhibits, and the Rodriguez Declaration and Exhibits.

Oracle's Motion contains a description of Rimini's proprietary technical processes. The F-C and Rodriguez Declarations also include details about the technical processes Rimini uses to support its clients. Exhibits 1, 2, 4, 6, 7 and 9 to the F-C Declaration are excerpts of her expert report which contain detailed information about Rimini's proprietary technical processes and how Rimini provides services to its clients. Exhibits 5 and 8 to the F-C Declaration contain detailed information about Rimini's systems that Rimini designated highly confidential. Exhibits 3 to the F-C Declaration describes the technical processes Rimini uses to remotely support its clients' licensed software. Each of these exhibits describe documents or information designated highly confidential. Exhibits B, F, G, N, and R to the Rodriguez Declaration are discovery responses or documents produced during discovery that describe the technical processes Rimini uses to remotely support its clients' licensed software and which were designated highly confidential. Exhibits C and D to the Rodriguez Declaration are excerpts of deposition testimony by Rimini employees that describe the technical processes Rimini uses to remotely support its clients' licensed software. Exhibits I through M, O, P. Q, and S to the Rodriguez Declaration are excerpts of letters exchanged by the parties during discovery that include detailed descriptions of the technical processes Rimini uses to remotely support its clients' licensed software.

Under the Protective Order, "all non-public information" regarding "business plans" or "proprietary technical information and specifications" are properly designated confidential, and "extremely sensitive . . . non-public information" including trade secrets are properly designated as highly confidential. Disclosure of this information, whether in the exhibits themselves, or in Oracle's Motion or the F-C or Rodriguez Declarations discussing the exhibits, would advantage Rimini's competitors, disclosing trade secrets that would allow Rimini's competitors to adopt methods that have made Rimini successful, and more easily allow them to compete in the third-party software service marketplace. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 14-CV-772, 2015 WL 105793, at *2 (D. Nev. Jan. 7, 2015) (granting motion to seal where documents "contain[ed] information that could injure Plaintiffs' competitive posture in the … industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, No. 12-CV-111,

2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice, trade secret, and technical information that could injure the parties' competitive posture"); *Clark v. Metro. Life Ins. Co.*, No. 08-CV-158, 2010 WL 1006823, at *1 (D. Nev. Mar. 16, 2010) (granting motion to seal materials that would "bring attention to MetLife's confidential internal business deliberations, organization, and capabilities").

This Court has previously granted motions to file under seal portions of documents containing this type of confidential information regarding Rimini's internal business processes. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261, 1307; *see also Rimini II*, No. 14-CV-1699-LRH-DJA, ECF Nos. 627, 1240. Sealing references to Rimini's proprietary information will not frustrate the public's visibility into the judicial process because Rimini requests the targeted sealing of particularly sensitive information and leaves all other documents unsealed.

## II.   CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court grant leave to file under seal Oracle's Motion, the F-C Declaration and Exhibits 1 through 9 thereto, and the Rodriguez Declaration and Exhibits B through D, F, G, and I through S thereto .

Dated: July 24, 2020

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ *Eric D. Vandevelde*
　　　　　　Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

Dated: July 24, 2020

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Eric D. Vandevelde*
　　　　Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*

104011386.1