GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC  11101
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

*Attorneys for Defendants*
*Rimini Street, Inc., and Seth Ravin*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>RIMINI STREET, INC., et al.,<br><br>                    Defendants. | CASE NO. 2:10-cv-00106-LRH-VCF<br><br>**DECLARATION OF THOMAS D. VANDER VEEN, PH.D. IN SUPPORT OF RIMINI STREET, INC.'S OPPOSITION TO ORACLE'S MOTION FOR RULE 37 SANCTIONS** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF THOMAS D. VANDER VEEN, PH.D. IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR SANCTIONS
CASE NO. 2:10-CV-00106-LRH-VCF

I, Thomas D. Vander Veen, have personal knowledge of the facts set forth in this declaration, and could testify competently to them if asked to do so.

1. I have been asked to calculate the net amount of fees, interest, and costs that Rimini paid to plaintiffs Oracle International Corporation and Oracle America, Inc. (together, "Oracle" or "Plaintiff") in connection with this litigation.

2. In conducting my analysis, members of my team and I have reviewed various documents produced in this litigation, including pleadings, economic and financial information, as well as publicly available information.

## I. Summary of Calculations

3. Based on my education and experience, the facts of this case, and my analysis, I have calculated the total amount paid to Oracle by Rimini to be as follows.[1]

|  | Amount Paid by Rimini |
|---|---|
| Copyright Damages | $35,600,000.00 |
| Attorneys' Fees | $28,502,246.40 |
| Taxable Costs | $3,435,281.25 |
| Prejudgment Interest | $22,491,636.16 |
| **Total** | **$90,029,163.81** |

## II. Jury Award

4. On October 13, 2015, a jury found Rimini liable for innocent copyright infringement relating to PeopleSoft, J.D. Edwards, and Siebel software, and also held Rimini and its CEO, Mr. Ravin, liable under the California Comprehensive Data Access and Fraud Act ("CCDAFA") and the Nevada Computer Crimes Law ("NCCL"). The jury awarded Oracle $35,600,000.00 for copyright infringement and $14,427,000.00 for violations of the state computer access statutes.[2] The Ninth Circuit Court of Appeals reversed the judgment

---

[1] I understand that in addition to the amounts presented in this declaration, Rimini also paid postjudgment interest to Oracle for the period of time that elapsed between the final judgment and the date Rimini paid the final judgment amount to Oracle. However, I have not been asked to address the amount of postjudgment interest in this declaration.

[2] *Oracle USA, Inc. v. Rimini Street, Inc.*, 209 F. Supp. 3d 1200, 1206 (D. Nev. 2016); *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d 948, 962–63 & n.7 (9th Cir. 2018).

with respect to Oracle's claims under the state computer access statutes.[3]  Thus, the damages award, after remand from the Ninth Circuit, was $35,600,000.00 for copyright infringement.[4]

### III. Court Awarded Attorneys' Fees, Taxable Costs, Non-Taxable Costs, and Prejudgment Interest

**A. Attorneys' Fees**

5. Oracle argued that the district court should award $35,627,807.99 in attorneys' fees.[5]  The court awarded attorneys' fees but found that the legal fees that Oracle requested included improper block billing entries and other inconsistencies.  As a result, the district court applied a 20% reduction of the requested fees, resulting in an award of $28,502,246.40 (hereinafter this adjusted award is referred to as "Attorneys' Fee Award").[6] The Ninth Circuit Court of Appeals vacated the Attorneys' Fee Award and remanded for reconsideration in light of Oracle's more limited degree of success.[7]

6. On March 26, 2018, Oracle filed a renewed motion for attorneys' fees, seeking $28,502,246.40.[8] The district court awarded this amount to Oracle.[9]

7. On October 11, 2019, Oracle and Rimini stipulated to fees incurred by Oracle on appeal and requested dismissal of Oracle's Motion for Attorneys' Fees on Appeal, which was granted by the judge on October 28, 2019.[10]  These attorneys' fees incurred on appeal are not included in the table above.

---

[3] *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d at 961–62.

[4] *Id.* at 962–63 & n.7.

[5] *Oracle USA, Inc. v. Rimini Street, Inc.*, 209 F. Supp. 3d at 1216.

[6] *Id.* at 1216–18.

[7] *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d at 965.

[8] *Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 2:10-cv-00106-LRH-VCF (D. Nev.), Dkt. 1118.

[9] *Id.*, Dkt. 1165.

[10] *Id.*, Dkt. 1281.

3
DECLARATION OF THOMAS D. VANDER VEEN, PH.D. IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR SANCTIONS
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

**B. Taxable Costs**

8. Oracle initially argued that the court should award $4,950,560.70 in taxable costs in the district court, but ultimately reduced its claimed taxable costs by $1,515,279.45 to $3,435,281.25.[11] While the district court awarded taxable costs of $4,950,566.70,[12] the Ninth Circuit corrected that amount to $3,435,281.25.[13]

**C. Non-taxable "Costs"**

9. Oracle claimed that the court should award it $17,636,755.68 in non-taxable costs.[14] The district court applied a reduction of 25% to a portion of these non-taxable costs, but reduced the costs related to Oracle's expert witness, Elizabeth Dean, by 50%.[15] Based on these reductions, the district court awarded non-taxable costs of $12,774,550.26.[16] The Ninth Circuit affirmed Oracle's award of $12,774,550.26, but the U.S. Supreme Court overturned the ruling, stating that an award of "full costs" under copyright law does not include costs that go beyond the six categories of litigation expenses that qualify as "costs" specified by Congress in the general costs statute.[17]

**D. Prejudgment Interest**

10. The district court awarded $27,770,696.28 in prejudgment interest on the copyright infringement and hacking awards.[18] Prejudgment interest associated with the copyright infringement award was $22,491,636.16 while the remaining $5,279,060.12 in

---

[11] *Oracle USA, Inc. v. Rimini Street, Inc.*, 209 F. Supp. 3d at 1218; *Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 2:10-cv-00106-LRH-VCF (D. Nev.), Dkt. 1019, Ex. A.

[12] *Oracle USA, Inc. v. Rimini Street, Inc.*, 209 F. Supp. 3d at 1218.

[13] *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d at 965.

[14] *Oracle USA, Inc. v. Rimini Street, Inc.*, 209 F. Supp. 3d at 1218.

[15] *Id.* at 1218–19.

[16] *Id.* at 1219.

[17] *Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 876 (2019).

[18] *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d at 963.

4

DECLARATION OF THOMAS D. VANDER VEEN, PH.D. IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR SANCTIONS
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

prejudgment interest was associated with the hacking award.[19]  However, the Ninth Circuit reversed hacking liability, vacating the hacking fees award and associated prejudgment interest.[20]

### IV. Conclusion

11. Based on my education and experience, the facts of this case, and my analysis, I have calculated the total amount paid to Oracle by Rimini to be as follows.

|  | Amount Paid by Rimini |
|---|---|
| Copyright Damages | $35,600,000.00 |
| Attorneys' Fees | $28,502,246.40 |
| Taxable Costs | $3,435,281.25 |
| Prejudgment Interest | $22,491,636.16 |
| **Total** | **$90,029,163.81** |

I declare under penalty of perjury under the laws of the United States and the State of Nevada that the foregoing is true and correct, and that I executed this Declaration on July 24, 2020 in Elmhurst, Illinois.

Thomas D. Vander Veen, Ph.D.

---

[19] *Id.*

[20] *Id.* at 963, 965.

5

DECLARATION OF THOMAS D. VANDER VEEN, PH.D. IN SUPPORT OF RIMINI'S OPPOSITION TO ORACLE'S MOTION FOR SANCTIONS
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP