GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC  11101
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

*Attorneys for Defendant
Rimini Street, Inc.,*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC., et al., <br><br> Defendants. | CASE NO. 2:10-cv-00106-LRH-VCF <br><br> **RIMINI STREET, INC.'S MEMORANDUM IN SUPPORT OF ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S MOTION FOR ORDER TO SHOW CAUSE [ECF NO. 1367]** |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Rimini Street, Inc. ("Rimini") submits this Memorandum of Points and Authorities in support of Oracle's Motion to Seal Oracle's Motion for Order to Show Cause, which was filed on July 10, 2020, at ECF No. 1367 ("Motion to Seal"). The Motion to Seal requests that the Court seal certain documents, or portions thereof, on the grounds that they contain Rimini's confidential material that Rimini designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order. ECF No. 1367 at 6. Specifically, the Motion to Seal seeks to seal the following documents ("the Under Seal Materials") on these grounds:

- Portions of the Declaration of John Polito;
- Portions of the Declaration of Barbara Frederiksen-Cross;
- Exhibits 1–22, 24–34, and 36–40 of its Appendix of Exhibits;
- Portions of the Appendix of Exhibits; and
- Portions of the Motion for Order to Show Order to Show Cause.

Rimini agrees with Oracle that these documents should be sealed, and respectfully requests that the Court **grant** the Motion to Seal as to these documents.

Good cause exists to seal the documents because they contain highly confidential information about Rimini's proprietary processes. Rimini has designated the Under Seal Materials as "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure. This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*. *See*, *e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA (D. Nev.), ECF Nos. 127, 137, 222, 280–282, 287, 333–334, 371, 391, 434–436, 602, 625–628, 760–768, 836–849, 1122, 1191.

## I. ARGUMENT

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Rimini has designated as confidential certain documents and information filed in support of Oracle's Motion because they contain confidential information about Rimini's proprietary processes.

Oracle's Motion contains information regarding Rimini's proprietary technical processes. Similarly, the Frederiksen-Cross Declaration contains a detailed account (although in many ways inaccurate) of Rimini's support processes, including its proprietary tools and business processes, and information derived from Rimini's internal software databases. The exhibits at issue are documents, computer code, and printouts from Rimini's software development tracking platforms showing Rimini's proprietary work product (*e.g.*, updates it develops for clients) and processes. The documents also contain emails, including email chains with or about Rimini's clients, relating to Rimini's proprietary business processes and technical information. The emails also contain confidential business information of those third parties.

Under the Protective Order, "all non-public information" regarding "business plans" or "proprietary technical information and specifications" are properly designated confidential, and "extremely sensitive . . . non-public information" including trade secrets are properly designated as highly confidential. ECF No. 55. Disclosure of the Under Seal Materials would advantage Rimini's competitors, disclosing trade secrets that would allow Rimini's competitors to adopt methods that have made Rimini successful, and more easily allow them to compete in the third-party software service marketplace. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 14-CV-772, 2015 WL 105793, at *2 (D. Nev. Jan. 7, 2015) (granting motion to seal where documents "contain[ed] information that could injure Plaintiffs' competitive posture in the … industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, No. 12-CV-111, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice, trade secret, and technical information that could injure the parties' competitive posture"); *Clark v. Metro. Life Ins. Co.*, No. 08-CV-158, 2010 WL 1006823, at *1

(D. Nev. Mar. 16, 2010) (granting motion to seal materials that would "bring attention to MetLife's confidential internal business deliberations, organization, and capabilities").

This Court has previously granted motions to file under seal portions of documents containing substantially similar information and other information of the same type regarding Rimini's proprietary business processes. *See*, *e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261, 1307; *see also Rimini II*, No. 14-CV-1699-LRH-DJA, ECF Nos. 627, 1240. Sealing references to Rimini's proprietary information will not frustrate the public's visibility into the judicial process because Rimini requests the targeted sealing of particularly sensitive information and leaves all other documents unsealed.

## II.    CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court grant Oracle's Motion to Seal (ECF No 1367) and seal the Under Seal Materials.

Dated: July 31, 2020

GIBSON, DUNN & CRUTCHER LLP

By:   /s/ *Eric D. Vandevelde*
      Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*