| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>MARK A. PERRY (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  11101<br>Telephone: 202.955.8500<br>mperry@gibsondunn.com | RIMINI STREET, INC.<br>DANIEL B. WINSLOW (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566<br>Telephone: (925) 264-7736<br>dwinslow@riministreet.com |
| GIBSON, DUNN & CRUTCHER LLP<br>JEFFREY T. THOMAS (*pro hac vice*)<br>BLAINE H. EVANSON (*pro hac vice*)<br>JOSEPH A. GORMAN (*pro hac vice*)<br>CASEY J. MCCRACKEN (*pro hac vice*)<br>3161 Michelson Drive<br>Irvine, CA  92612-4412<br>Telephone: 949.451.3800<br>jtthomas@gibsondunn.com<br>bevanson@gibsondunn.com<br>jgorman@gibsondunn.com<br>cmccracken@gibsondunn.com | RIMINI STREET, INC.<br>JOHN P. REILLY (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: (336) 908-6961<br>jreilly@riministreet.com |
| GIBSON, DUNN & CRUTCHER LLP<br>SAMUEL LIVERSIDGE (*pro hac vice*)<br>ERIC D. VANDEVELDE (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone: 213.229.7000<br>sliversidge@gibsondunn.com<br>evandevelde@gibsondunn.com | HOWARD & HOWARD ATTORNEYS PLLC<br>W. WEST ALLEN (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV 89169<br>Telephone: (702) 667-4843<br>wwa@h2law.com |

*Attorneys for Defendant*
*Rimini Street, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., et al.,<br><br>        Defendants. | CASE NO. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI STREET, INC.'S MOTION TO SEAL PORTIONS OF MOTION TO EXCLUDE DECLARATION AND OPINIONS OF ORACLE'S EXPERT, BARBARA FREDERIKSEN-CROSS, AND SUPPORTING DOCUMENTS** |

Gibson, Dunn & Crutcher LLP

RIMINI'S MOTION TO SEAL PORTIONS OF MOTION TO EXCLUDE DECLARATION AND OPINIONS
OF BARBARA FREDERIKSEN-CROSS AND SUPPORTING DOCUMENTS
CASE NO. 2:10-CV-00106-LRH-VCF

## NOTICE OF MOTION AND MOTION

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 10, 2010 (ECF No. 55, "Protective Order"), Rules 5.2(e)–(f) and 26(c) of the Federal Rules of Civil Procedure, and Local Rule 10-5(b), Defendant Rimini Street, Inc. ("Rimini") respectfully requests that the Court seal: (1) portions of Rimini Street, Inc.'s Motion to Exclude Declaration and Opinions of Oracle's Expert, Barbara Frederiksen-Cross ("Motion to Exclude"); (2) portions of Exhibits A and D to the Declaration of Eric Vandevelde ("Vandevelde Declaration"); (3) Exhibits B and C to the Vandevelde Declaration; and (4) portions of Exhibits A and B to the Declaration of Owen Astrachan ("Astrachan Declaration") (collectively, the "Confidential Materials").

Public, redacted versions of the Motion to Exclude, Exhibits A and D to the Vandevelde Declaration, and Exhibits A and B to the Astrachan declaration were filed on July 31, 2020. Unredacted versions of these documents will be subsequently filed under seal with the Court and linked to the filing of this motion. This Motion to Seal is based on this Notice of Motion and the accompanying Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Rimini respectfully requests that the Court seal the Confidential Materials because they contain confidential information regarding Rimini's business processes or information that Oracle has designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Protective Order. Good cause exists to seal the Confidential Materials, as set forth below.

This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA (D. Nev.), ECF Nos. 127, 137, 222, 280–282, 287, 333–334, 371, 391, 434–436, 602, 625–628, 760–768, 836–849, 1122, 1191.

### I. ARGUMENT

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other

2
RIMINI'S MOTION TO SEAL PORTIONS OF MOTION TO EXCLUDE DECLARATION AND OPINIONS OF BARBARA FREDERIKSEN-CROSS AND SUPPORTING DOCUMENTS
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Rimini has designated as confidential certain documents and information filed in support of the Rimini's Motion to Exclude because they contain confidential information about Rimini's proprietary processes. Rimini also asks the Court to seal information that Oracle has designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Protective Order.

### A.     Highly Confidential Information About Rimini's Proprietary Processes

Rimini moves to seal proprietary information regarding the ways in which Rimini provides services to its clients and runs its business operations. This information is reflected in portions of the Confidential Materials.

Portions of the Confidential Materials contain a description of Rimini's proprietary technical processes, including detailed information about Rimini's proprietary technical tools and processes, a detailed description of how those tools and processes were developed, and descriptions of how Rimini provides services to its clients, as well as certain confidential details of Rimini's technical processes that Rimini designated "Highly Confidential" elsewhere.

Under the Protective Order, "all non-public information" regarding "business plans" or "proprietary technical information and specifications" are properly designated confidential, and "extremely sensitive . . . non-public information" including trade secrets are properly designated as highly confidential. Disclosure of this information, whether in the Motion, Exhibits A through D to the Vandevelde Declaration, or Exhibits A and B to the Astrachan Declaration, would advantage Rimini's competitors, disclosing trade secrets that would allow Rimini's competitors to adopt methods that have made Rimini successful, and more easily allow them to compete in the third-party software service marketplace. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 14-CV-772, 2015 WL 105793, at *2 (D. Nev. Jan. 7, 2015) (granting motion to seal where documents "contain[ed] information that could injure Plaintiffs' competitive posture in the … industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, No. 12-CV-111, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice, trade secret, and technical information that could

3
RIMINI'S MOTION TO SEAL PORTIONS OF MOTION TO EXCLUDE DECLARATION AND OPINIONS
OF BARBARA FREDERIKSEN-CROSS AND SUPPORTING DOCUMENTS
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

injure the parties' competitive posture"); *Clark v. Metro. Life Ins. Co.*, No. 08-CV-158, 2010 WL 1006823, at *1 (D. Nev. Mar. 16, 2010) (granting motion to seal materials that would "bring attention to MetLife's confidential internal business deliberations, organization, and capabilities").

This Court has previously granted motions to file under seal portions of documents containing this type of confidential information regarding Rimini's internal business processes. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA, ECF Nos. 627, 1240. Sealing references to Rimini's proprietary information will not frustrate the public's visibility into the judicial process because Rimini requests the targeted sealing of particularly sensitive information and leaves all other documents unsealed.

**B.      Information Designated Highly Confidential Pursuant to the Protective Order**

The Protective Order provides that:

> Counsel for any Designating Party may designate any Discovery Material as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" under the terms of this Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" shall constitute a representation that any attorney for the Designating Party reasonably believes there is a valid basis for such designation.

Protective Order ¶ 2.

Rimini requests that the Court seal portions of the Confidential Materials that describe or otherwise reveal information that Oracle has designated "Highly Confidential" under the terms of the Protective Order. By designating the information "Highly Confidential," the designating party has represented that the information cited is subject to protection under Federal Rule of Civil Procedure 26(c). Protective Order ¶ 2. This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA (D. Nev.), ECF Nos. 280, 391, 460, 518, 541, and 549.

4

RIMINI'S MOTION TO SEAL PORTIONS OF MOTION TO EXCLUDE DECLARATION AND OPINIONS OF BARBARA FREDERIKSEN-CROSS AND SUPPORTING DOCUMENTS
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

## II.  CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court grant leave to file under seal the Confidential Materials.

Dated: July 31, 2020

                                                GIBSON, DUNN & CRUTCHER LLP

                                                By:  */s/ Eric D. Vandevelde*
                                                            Eric D. Vandevelde

                                              *Attorneys for Defendant*
                                              *Rimini Street, Inc.*

Gibson, Dunn & Crutcher LLP

5

RIMINI'S MOTION TO SEAL PORTIONS OF MOTION TO EXCLUDE DECLARATION AND OPINIONS OF BARBARA FREDERIKSEN-CROSS AND SUPPORTING DOCUMENTS
CASE NO. 2:10-CV-00106-LRH-VCF