| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: 702.382.7300<br>Facsimile: 702.382.2755<br>rpocker@bsfllp.com<br><br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>WILLIAM A. ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>2001 K Street, NW<br>Washington, DC 20006<br>Telephone: 202.223.7300<br>Facsimile: 202.223.7420<br>wisaacson@paulweiss.com<br>kdunn@paulweiss.com<br><br>BOIES SCHILLER FLEXNER LLP<br>BEKO O. REBLITZ-RICHARDSON (*pro hac vice*)<br>SEAN P. RODRIGUEZ (*pro hac vice*)<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: 415.293.6800<br>Facsimile: 415.293.6899<br>srodriguez@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>BENJAMIN P. SMITH (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>SHARON R. SMITH (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: 415.442.1000<br>Facsimile: 415.442.1001<br>benjamin.smith@morganlewis.com<br>john.polito@morganlewis.com<br>sharon.smith@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com<br><br>*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.* |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | **Case No. 2:10-cv-0106-LRH-VCF**<br><br>**ORACLE'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING RIMINI STREET, INC. AND SETH RAVIN'S MOTION TO SEAL PORTIONS OF RIMINI'S MOTION TO EXCLUDE DECLARATION AND OPINIONS OF ORACLE'S EXPERT AND SUPPORTING DOCUMENTS (ECF NO. 1391)** |


# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court (ECF No. 55, "Protective Order"), Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, and Local Rule 10-5(b), Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle" or "Plaintiffs") file this memorandum of points and authorities regarding Defendant Rimini Street, Inc.'s ("Rimini") and Seth Ravin's (collectively, "Rimini" or "Defendants") Motion to Seal Portions of its Motion to Exclude Declaration and Opinions of Oracle's Expert and Supporting Documents (ECF No. 1391).

Documents may be sealed for "good cause." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *Selling Source, LLC v. Red River Ventures*, LLC, 2:09-CV-01491-JCM, 2011 WL 1630338, at *1 (D. Nev. Apr. 29, 2011) (citing *Phillips v. General Motors*, 307 F.3d 1206, 1210, 1213 (9th Cir. 2002)). With non-dispositive motions, a party may overcome the presumption against sealing a document by showing that the material to be filed under seal is being done so pursuant to a valid protective order. ECF No. 1349 at 3 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002))).

Under the Protective Order, a "Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information –Attorneys' Eyes Only' . . . if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c)." Protective Order ¶ 2. Such a designation "constitute[s] a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." *Id.*

Oracle requests that the Court seal portions of Exhibits B and C to the Declaration of Eric D. Vandevelde ("Vandevelde Declaration") (ECF No. 1390-4), Exhibits A and B to the Declaration of Owen Astrachan ("Astrachan Declaration") (ECF No. 1390-1), and portions of Rimini's Motion to Exclude (ECF No. 1390) as these documents contain information that Oracle has designated as "Confidential Information" or "'Highly Confidential Information – Attorneys'

1

ORACLE'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING RIMINI'S MOTION TO SEAL PORTIONS OF RIMINI'S MOTION TO EXCLUDE DECLARATION AND OPINIONS OF ORACLE'S EXPERT

Eyes Only" under the Protective Order.  Notably, portions of Rimini's Motion to Exclude (including at 8:26, 9:15, and 9:20-23), Exhibit B to the Vandevelde Declaration (including ¶¶ 206, 365-66, 368), Exhibit C to the Vandevelde Declaration (including paragraph 47), Exhibit A to the Astrachan Declaration (including ¶¶ 183, 186-188, 190, 192, 195, 197-200, 202-203, and heading VII.2.3), and Exhibit B to the Astrachan Declaration (including ¶ 37) contain non-public, technologically and commercially sensitive information relating to Oracle source code files.

Disclosure of the confidential information in these documents would afford Oracle's competitors an unfair competitive advantage in the software industry by revealing confidential technical information about proprietary Oracle source code files.  *See Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 105793, at *2 (D. Nev. Jan. 7, 2015) (granting motion to seal where documents "contain[ed] information that could injure Plaintiffs' competitive posture in the . . . industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice, trade secret, and technical information that could injure the parties' competitive posture").  To this end, this Court has previously granted motions to file under seal portions of documents containing this and other similar types of confidential information.  *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1261, 1349; *see also Rimini II*, Case No. 2:14-cv-1699, ECF No. 627.  Sealing the Confidential Materials would not frustrate the public's visibility into the judicial process because Oracle only requests sealing of documents containing particularly sensitive information.

Oracle therefore respectfully requests that the Court grant Rimini's Motion to Seal at least as to those portions that contain Oracle Confidential and Highly Confidential Information.

DATED: August 14, 2020

MORGAN, LEWIS & BOCKIUS LLP

By:    /s/ John A. Polito
        John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation

2

ORACLE'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING RIMINI'S MOTION TO SEAL PORTIONS OF RIMINI'S MOTION TO EXCLUDE DECLARATION AND OPINIONS OF ORACLE'S EXPERT

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August, 2020, I electronically transmitted the foregoing ORACLE'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING RIMINI'S MOTION TO SEAL PORTIONS OF RIMINI'S MOTION TO EXCLUDE DECLARATION AND OPINIONS OF ORACLE'S EXPERT to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

MORGAN, LEWIS & BOCKIUS LLP

DATED: August 14, 2020

By:     /s/ John A. Polito
        John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation