BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:    702.382.7300
Facsimile:    702.382.2755
rpocker@bsfllp.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
WILLIAM A. ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006
Telephone:    202.223.7300
Facsimile:    202.223.7420
wisaacson@paulweiss.com
kdunn@paulweiss.com

BOIES SCHILLER FLEXNER LLP
BEKO O. REBLITZ-RICHARDSON (*pro hac
vice*)
SEAN P. RODRIGUEZ (*pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:    415.293.6800
Facsimile:    415.293.6899
srodriguez@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:    415.442.1000
Facsimile:    415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:    650.506.4846
Facsimile:    650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc., and Oracle
International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING RIMINI STREET, INC. AND SETH RAVIN'S MOTION TO SEAL PORTIONS OF ITS OPPOSITION TO ORACLE'S MOTION FOR ORDER TO SHOW CAUSE AND SUPPORTING DOCUMENTS (ECF NO. 1384)** |

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010 (ECF No. 55, "Protective Order"), Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, and Local Rule 10-5(b), Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle" or "Plaintiffs") file this memorandum of points and authorities regarding Defendant Rimini Street, Inc.'s ("Rimini") and Seth Ravin's (collectively, "Rimini" or "Defendants") Motion to Seal Portions of Rimini's Opposition to Oracle's Motion for Order to Show Cause ("Rimini's Opposition") and supporting documents (ECF No. 1384). Because there are compelling reasons to seal documents containing highly sensitive, non-public information regarding Oracle's confidential business strategy, the Court should grant Rimini's Motion to Seal at least as to those portions that contain Oracle confidential information. The grounds for sealing are detailed below.

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). The Ninth Circuit has held that "compelling reasons must be shown to seal judicial records attached to a dispositive motion" based on the presentation of "articulable facts." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179, 1181 (9th Cir. 2006). Courts have discretion to determine what constitutes a "compelling reason," and have found "sources of business information that might harm a litigant's competitive standing" are sufficient to meet the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal citations omitted).

## II.    ARGUMENT

Oracle respectfully requests that the Court seal portions of Exhibits A and B to the Declaration of Owen A. Astrachan (ECF No. 1382-1) ("Astrachan Declaration"), Exhibit C to the Declaration of Stephen A. Lanchak (ECF No. 1382-2) ("Lanchak Declaration"), Exhibit I to the

ORACLE'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING RIMINI'S MOTION TO SEAL PORTIONS OF ITS OPPOSITION TO ORACLE'S MOTION FOR ORDER TO SHOW CAUSE AND SUPPORTING DOCUMENTS

1    Declaration of Craig Mackereth (ECF No. 1382-3) ("Mackereth Declaration"), and Exhibit O to

2    the Declaration of Eric Vandevelde (ECF No. 1382-4) ("Vandevelde Declaration").  *See*

3    Declaration of John A. Polito Regarding Rimini's Opposition to Oracle's Motion for Order to

4    Show Cause ("Polito Decl.").

5         Exhibit A to Astrachan Declaration comprises excerpted portions of the Rebuttal Expert

6    Report of Owen A. Astrachan.  Portions of this exhibit (including at page ii; paragraphs 178-79,

7    183, 186-188, 190, 192, 195, 197-200, 202-06, 208, 214-16, 218, 269, 297-98, 328-29; headings

8    VII.2.3 and VII.2.4; and, footnotes 161 and 172) warrant sealing because they contain non-public,

9    technologically and commercially sensitive information relating to Oracle source code files.

10   Polito Decl., ¶ 5.  The public disclosure of this information would create a significant risk of

11   competitive injury and particularized harm, and would prejudice Oracle.  ECF No. 1367-2,

12   Maroulis Decl., ¶ 3.  Oracle's competitors and potential competitors could use such information

13   in competition with Oracle.  *Id*.  Oracle therefore requests that the Court seal these identified

14   portions in Exhibit A to the Astrachan Declaration.

15        Exhibit B to Astrachan Declaration comprises excerpted portions of the Supplemental

16   Expert Report of Owen A. Astrachan.  Portions of Exhibit B (including paragraphs 10-11, 18-19,

17   21-22, 27-28, 37, 54, and footnote 15) warrant sealing because they contain non-public,

18   technologically and commercially sensitive information relating to Oracle source code files.

19   Polito Decl., ¶ 6.  The public disclosure of this information would create a significant risk of

20   competitive injury and particularized harm, and would prejudice Oracle.  ECF No. 1367-2,

21   Maroulis Decl., ¶ 3.  Oracle's competitors and potential competitors could use such information

22   in competition with Oracle.  *Id*.  Oracle therefore requests that the Court seal these identified

23   portions in Exhibit B to the Astrachan Declaration.

24        Exhibit C to the Lanchak Declaration comprises excerpted portions of the Supplemental

25   Expert Report of Stephen A. Lanchak.  Portions of this exhibit (including paragraphs 51, 61, 82,

26   and footnotes 54, 75) warrant sealing because they contain non-public, technologically and

27   commercially sensitive information relating to Oracle source code files and license agreements.

28

2

ORACLE'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING RIMINI'S MOTION
TO SEAL PORTIONS OF ITS OPPOSITION TO ORACLE'S MOTION FOR ORDER TO SHOW
CAUSE AND SUPPORTING DOCUMENTS

1    Polito Decl., ¶ 7.  The public disclosure of this information would create a significant risk of

2    competitive injury and particularized harm, and would prejudice Oracle.  ECF No. 1367-2,

3    Maroulis Decl., ¶ 3.  Oracle's competitors and potential competitors could use such information

4    in competition with Oracle.  *Id*.  Oracle therefore requests that the Court seal these identified

5    portions in Exhibit C to the Lanchak Declaration.

6         Exhibit I to the Mackereth Declaration comprises excerpts from a March 27, 2019 email

7    sent by Arijit Ray bearing the Bates number RSI007285466.  Portions of Exhibit I warrant sealing

8    because it contains non-public, technologically and commercially sensitive information in the

9    form of excerpts of Oracle source code and confidential Oracle source code filenames.  Polito

10   Decl., ¶ 8.  The public disclosure of this information would create a significant risk of

11   competitive injury and particularized harm, and would prejudice Oracle.  ECF No. 1367-2,

12   Maroulis Decl., ¶ 3.  Oracle's competitors and potential competitors could use such information

13   in competition with Oracle.  *Id*.  Oracle therefore requests that the Court seal these identified

14   portions in Exhibit I to the Mackereth Declaration.

15        Exhibit O to the Vandevelde Declaration comprises excerpts from the June 19, 2020

16   deposition of Barbara Frederiksen-Cross.  Portions of this exhibit (including at 161:16) warrant

17   sealing because it contains non-public, technologically and commercially sensitive information in

18   the form of confidential Oracle source code filenames.  Polito Decl., ¶ 9.  The public disclosure of

19   this information would create a significant risk of competitive injury and particularized harm, and

20   would prejudice Oracle.  ECF No. 1367-2, Maroulis Decl., ¶ 3.  Oracle's competitors and

21   potential competitors could use such information in competition with Oracle.  *Id*.  Oracle

22   therefore requests that the Court seal these identified portions in Exhibit O to the Vandevelde

23   Declaration.

24        Because there are compelling reasons to seal documents containing Oracle's confidential

25   information, the Court should grant Rimini's motion to seal those portions of the documents

26   referenced herein that describe, contain, or quote Oracle confidential information.  Oracle takes

27   no position on regarding the confidentiality of Rimini's Opposition Brief or the remaining

28

ORACLE'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING RIMINI'S MOTION
TO SEAL PORTIONS OF ITS OPPOSITION TO ORACLE'S MOTION FOR ORDER TO SHOW
CAUSE AND SUPPORTING DOCUMENTS

1    exhibits filed by Rimini in support thereof.

2 **III.**     **CONCLUSION**

3       For the foregoing reasons, Oracle respectfully requests that the Court grant leave to file

4 under seal the materials discussed above.

5

6

7    DATED: August 14, 2020           MORGAN, LEWIS & BOCKIUS LLP

8                            By:            /s/ John A. Polito

9                                 John A. Polito

10                 Attorneys for Plaintiffs Oracle USA, Inc., Oracle
America, Inc., and Oracle International Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORACLE'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING RIMINI'S MOTION
TO SEAL PORTIONS OF ITS OPPOSITION TO ORACLE'S MOTION FOR ORDER TO SHOW
CAUSE AND SUPPORTING DOCUMENTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2020, I electronically transmitted the foregoing ORACLE'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING RIMINI'S MOTION TO SEAL PORTIONS OF ITS OPPOSITION TO ORACLE'S MOTION FOR ORDER TO SHOW CAUSE AND SUPPORTING DOCUMENTS to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

MORGAN, LEWIS & BOCKIUS LLP

DATED: August 14, 2020

By:  _____/s/  John A. Polito_____
        John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle
America, Inc., and Oracle International
Corporation