GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC  11101
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

*Attorneys for Defendant*
*Rimini Street, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., et al.,<br><br>Defendants. | CASE NO. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI STREET, INC.'S MEMORANDUM IN SUPPORT OF ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS AND SUPPORTING DOCUMENTS [ECF NO. 1378]** |

Gibson, Dunn & Crutcher LLP

RIMINI'S MEMORANDUM ISO ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S REPLY ISO
ITS MOTION FOR SANCTIONS AND SUPPORTING DOCUMENTS
CASE NO. 2:10-CV-00106-LRH-VCF

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Rimini Street, Inc. ("Rimini") submits this Memorandum of Points and Authorities in support of Oracle's Motion to Seal Portions of Oracle's Reply in Support of Its Motion for Sanctions Pursuant to Rule 37 and Supporting Documents. *See* ECF No. 1378. Oracle sought to seal portions of Oracle's Reply and Exhibit A to the Supplemental Declaration of Sean P. Rodriguez ("Rodriguez Declaration"). Rimini agrees that those documents should be sealed and submits this Memorandum in support thereof.

Those documents include information Rimini has designated "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure. Good cause exists to seal the documents because they contain highly confidential information about Rimini's proprietary processes. This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*. *See*, *e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA (D. Nev.), ECF Nos. 127, 137, 222, 280–282, 287, 333–334, 371, 391, 434–436, 602, 625–628, 760–768, 836–849, 1122, 1191.

### I.   ARGUMENT

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Rimini has designated as confidential certain documents and information filed in support of Oracle's Reply because they contain confidential information about Rimini's proprietary processes. Specifically, Rimini moves to seal proprietary information regarding the ways in which Rimini provides services to its clients and runs its business operations. This information is reflected in portions of Oracle's Reply and in Exhibit A to the Rodriguez Declaration.

Exhibit A contains testimony regarding the specific operation of one of Rimini's proprietary tools and how Rimini provides services to its clients. Exhibit A was designated

Gibson, Dunn & Crutcher LLP

RIMINI'S MEMORANDUM ISO ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S REPLY ISO ITS MOTION FOR SANCTIONS AND SUPPORTING DOCUMENTS
CASE NO. 2:10-CV-00106-LRH-VCF

highly confidential by Rimini. Portions of Exhibit A are reflected in Oracle's Reply. In addition, Oracle's Reply contains other commercially sensitive information regarding the operation of Rimini's proprietary tools and business processes and quotes or paraphrases information from exhibits that are subject to Rimini's Motion to Seal (ECF No. 1373). Rimini likewise designated this information highly confidential under the Protective Order, and disclosure of this information would cause competitive harm to Rimini.

Under the Protective Order, "all non-public information" regarding "business plans" or "proprietary technical information and specifications" are properly designated confidential, and "extremely sensitive . . . non-public information" including trade secrets are properly designated as highly confidential. Disclosure of this information, whether in Exhibit A itself or in Oracle's Reply, would advantage Rimini's competitors, disclosing trade secrets that would allow Rimini's competitors to adopt methods that have made Rimini successful, and more easily allow them to compete in the third-party software service marketplace. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 14-CV-772, 2015 WL 105793, at *2 (D. Nev. Jan. 7, 2015) (granting motion to seal where documents "contain[ed] information that could injure Plaintiffs' competitive posture in the … industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, No. 12-CV-111, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice, trade secret, and technical information that could injure the parties' competitive posture"); *Clark v. Metro. Life Ins. Co.*, No. 08-CV-158, 2010 WL 1006823, at *1 (D. Nev. Mar. 16, 2010) (granting motion to seal materials that would "bring attention to MetLife's confidential internal business deliberations, organization, and capabilities").

This Court has previously granted motions to file under seal portions of documents containing this type of confidential information regarding Rimini's internal business processes. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261, 1307; *see also Rimini II*, No. 14-CV-1699-LRH-DJA, ECF Nos. 627, 1240. Sealing references to Rimini's proprietary information will not frustrate the public's visibility into the judicial process because Rimini

Gibson, Dunn & Crutcher LLP

2
RIMINI'S MEMORANDUM ISO ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S REPLY ISO ORACLE'S MOTION FOR SANCTIONS
CASE NO. 2:10-CV-00106-LRH-VCF

requests the targeted sealing of particularly sensitive information and leaves all other documents unsealed.

## II.  CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court grant leave to file under seal Oracle's Reply and Exhibit A to the Rodriguez Declaration.

Dated: August 14, 2020

                                      GIBSON, DUNN & CRUTCHER LLP

                                      By:  */s/ Eric D. Vandevelde*
                                                          Eric D. Vandevelde

*Attorneys for Defendant
Rimini Street, Inc.*

Gibson, Dunn & Crutcher LLP

3

RIMINI'S MEMORANDUM ISO ORACLE'S MOTION TO SEAL PORTIONS OF ORACLE'S REPLY ISO
ORACLE'S MOTION FOR SANCTIONS
CASE NO. 2:10-CV-00106-LRH-VCF