| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone:     702.382.7300<br>Facsimile:      702.382.2755<br>rpocker@bsfllp.com<br><br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>WILLIAM A. ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>2001 K Street, NW<br>Washington, DC 20006<br>Telephone:     202.223.7300<br>Facsimile:      202.223.7420<br>wisaacson@paulweiss.com<br>kdunn@paulweiss.com<br><br>BOIES SCHILLER FLEXNER LLP<br>BEKO REBLITZ-RICHARDSON (*pro hac vice*)<br>SEAN P. RODRIGUEZ (*pro hac vice*)<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone:     415.293.6800<br>Facsimile:      415.293.6899<br>brichardson@bsfllp.com<br>srodriguez@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>BENJAMIN P. SMITH (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>SHARON R. SMITH (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA  94105<br>Telephone:     415.442.1000<br>Facsimile:      415.442.1001<br>benjamin.smith@morganlewis.com<br>john.polito@morganlewis.com<br>sharon.smith@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:    650.506.4846<br>Facsimile:     650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com<br><br>*Attorneys for Plaintiffs Oracle USA, Inc.,*<br>*Oracle America, Inc., and Oracle*<br>*International Corp.* |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | **Case No. 2:10-cv-0106-LRH-VCF**<br><br>**ORACLE'S MOTION TO SEAL ORACLE'S REPLY IN SUPPORT OF ITS MOTION FOR ORDER TO SHOW CAUSE WHY RIMINI STREET, INC. SHOULD NOT BE HELD IN CONTEMPT AND SUPPORTING EXHIBITS** |

**NOTICE OF MOTION AND MOTION**

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), Local Rules 10-5(b), Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") respectfully request that the Court order the Clerk of the Court to file under seal the following documents:

- Portions of Oracle's Reply in Support of its Motion for Order to Show Cause Why Rimini Street, Inc. Should Not Be Held in Contempt ("OSC Reply"); and
- Portions of Exhibits 41 and 42 to the Declaration of John A. Polito in Support of Oracle's Reply in Support of its Motion for Order to Show Cause Why Rimini Street, Inc. Should Not Be Held in Contempt ("Polito Reply Declaration").

Public, redacted versions of Oracle's OSC Reply and Exhibits 41 and 42 to the Polito Reply Declaration were filed on August 14, 2020. ECF No 1401. Unredacted versions of these documents will be subsequently filed under seal with the Court and linked to this motion.

Oracle's Motion to Seal is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the previously filed Declaration of James C. Maroulis in Support of Oracle's Motion to Seal Oracle's Motion for Order to Show Cause Why Rimini Street, Inc. Should Not Be Held in Contempt (ECF No. 1367-2, "Maroulis Sealing Decl."), the previously filed Declaration of John A. Polito in Support of Oracle's Motion to Seal Oracle's Motion for Order to Show Cause Why Rimini Street, Inc, Should Not Be Held in Contempt (ECF No. 1367-1, "Polito Sealing Decl.," ), documents incorporated by reference, and the entire record in this action.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). The Ninth Circuit has held that "compelling reasons must be shown to seal judicial records attached to a dispositive motion" based on the presentation of "articulable facts." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179, 1181 (9th Cir. 2006). Courts have discretion to determine what constitutes a "compelling reason," and have found "sources of business information that might harm a litigant's competitive standing" are sufficient to meet the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler* Grp., *LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal citations omitted).

## II. ARGUMENT

Oracle requests that the court seal page 9, line 17 of its OSC Reply. This portion of Oracle's OSC Reply contains the same non-public, technologically, and commercially sensitive information relating to Oracle's PeopleSoft software that appeared on page 21, line 12 of its OSC Motion (for which Oracle previously requested sealing). ECF No. 1367-1 (Polito Sealing Decl.) ¶ 13; ECF No. 1367 (Motion to Seal) at 5:6–13. The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle. ECF No. 1367-2 (Maroulis Sealing Decl.) ¶ 3. Oracle therefore requests that the Court seal this portion of its OSC Reply.

Oracle also requests that this Court seal portions of Exhibits 41 and 42 to the Polito Reply Declaration because Rimini has designated these portions as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Oracle also requests that the Court seal the remaining designated portions of the OSC Reply because they reference documents or testimony that Rimini has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order, reflect information drawn from data sources that Rimini

has designated as "Highly Confidential – Attorneys' Eyes Only," or otherwise consist of material that has been designated similarly on behalf of third parties by Oracle pursuant to the parties' agreement regarding third-party productions of documents.  Oracle submits these documents under seal pursuant to the Protective Order based on Rimini's representation that it reasonably believes there is a valid basis under the Protective Order for its confidentiality designations (and to give Rimini sufficient time to preserve confidentiality as to materials produced in this litigation by third parties).  Because these materials were designated by Rimini and other parties, Oracle is not in a position to provide further justification for why filing the documents publicly would cause Rimini harm sufficient to justify sealing.

Oracle has submitted all other portions of its Motion and supporting documents to the Court's public files, which allows public access to all materials except for the items discussed above.  Accordingly, Oracle's request to seal is narrowly tailored.

### III. CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court grant leave to file under seal the materials discussed above.

DATED: August 14, 2020

MORGAN, LEWIS & BOCKIUS LLP

By:  */s/ John A. Polito*
    John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2020, I electronically transmitted the foregoing **ORACLE'S MOTION TO SEAL ORACLE'S MOTION FOR ORDER TO SHOW CAUSE WHY RIMINI STREET, INC. SHOULD NOT BE HELD IN CONTEMPT AND SUPPORTING DECLARATIONS AND EXHIBITS and [PROPOSED] ORDER** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

DATED: August 14, 2020

MORGAN, LEWIS & BOCKIUS LLP

By:    /s/ John A. Polito
       John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation