# Exhibit 8

## Excerpts from the Rebuttal Expert Report of Barbara Ann Frederiksen-Cross Taken in the *Rimini II* Case

## REDACTED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC. a Nevada corporation<br>Plaintiff,<br><br>v.<br><br>ORACLE INTERNATIONAL CORPORATION, a California corporation, and ORACLE AMERICA, INC., a Delaware corporation<br>Defendant.<br><br><br>ORACLE AMERICA, INC., a Delaware corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Counterclaimants,<br>v.<br><br>RIMINI STREET, INC. a Nevada corporation; SETH RAVIN, an individual,<br><br>Counterdefendants. | CIVIL CASE NO. 2:14-cv-01699 LRH-CWH |

Rebuttal Report of Barbara Ann Frederiksen-Cross to the Expert Report of Owen Astrachan

Rebuttal Report of Barbara Ann Frederiksen-Cross to the Expert Report of Owen Astrachan
HIGHLY CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY

what Rimini claims it does and provides no expert opinion about what Rimini actually does in the course of providing support to its customers.  As such, Professor Astrachan's stated opinions are misleading and not sufficiently tied to the claims asserted in this litigation.

## VII.   RIMINI'S ACTUAL SUPPORT PRACTICES AND PROCESSES, WHICH PROFESSOR ASTRACHAN IGNORES, INVOLVE MASSIVE COPYING OF ORACLE'S COPYRIGHTED SOFTWARE

17.     Professor Astrachan begins by stating his ███████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████████████████████ Astrachan Report ¶ 12 (emphasis added).  This is incorrect.  Professor Astrachan claims to have reviewed evidence such as Oracle's "discovery responses," *id.* ¶ 15, but those discovery responses detail specific categories of what Oracle claims to be infringement that Oracle identified to Rimini, including specific conduct by Rimini and citing specific documents.  Oracle's Feb. 28, 2018 Fourth Am. Resps. to First Set of Interrogs. (Nos. 2, 4, 5, and 6); Oracle's Feb. 28, 2018 Am. Resps. to Second Set of Interrogs. (Nos. 7-9 and 11-12); Oracle's Feb. 28, 2018 Am. Resps. to Fourth Set of Interrogs. (No. 22); Oracle's Feb. 28, 2018 Am. Resps. to Fifth Set of Interrogs. (Nos. 24, 26, and 27).  There is no discussion of this conduct in the Astrachan Report, even though he states he reviewed the discovery that describes it.  Astrachan Report ¶¶ 36, 37, 146; *id.*, Ex. B, Materials Considered.

18.     As another example, Professor Astrachan states that Rimini ████████████ ██████████████████████████████████████ Astrachan Report ¶ 40, but he ignores the actual processes Rimini uses to develop those fixes and updates, which—as explained in the discovery responses that Professor Astrachan claims to have considered or relied upon—involve extensive cross-use of Oracle software.

19.     As discussed in my Opening Report and further below, Rimini's "2.0" processes are substantially similar to what the Court in *Rimini I* found to infringe Oracle's copyrights.  In my opinion, Rimini's "2.0" processes fail to cure problematic aspects of those earlier processes, and in fact introduce new methods of cross-use and of creating and distributing derivative works.  Professor Astrachan provides no support for any suggestion to the contrary.

Barbara Frederiksen-Cross

June 22, 2018