BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:     702.382.7300
Facsimile:     702.382.2755
rpocker@bsfllp.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
WILLIAM A. ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006
Telephone:     202.223.7300
Facsimile:     202.223.7420
wisaacson@paulweiss.com
kdunn@paulweiss.com

BOIES SCHILLER FLEXNER LLP
BEKO REBLITZ-RICHARDSON (*PRO HAC
VICE*)
SEAN P. RODRIGUEZ (*pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:     415.293.6800
Facsimile:     415.293.6899
brichardson@bsfllp.com
srodriguez@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:     415.442.1000
Facsimile:     415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:     650.506.4846
Facsimile:     650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc., and Oracle
International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual, <br><br> Defendants. | **Case No. 2:10-cv-0106-LRH-VCF** <br><br> **ORACLE'S MOTION TO SEAL ORACLE'S OPPOSITION TO RIMINI'S MOTION TO EXCLUDE AND SUPPORTING EXHIBITS** |

**NOTICE OF MOTION AND MOTION**

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), Local Rules 10-5(b), Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") respectfully request that the Court order the Clerk of the Court to file under seal the following documents:

- Portions of Oracle's Opposition to Rimini's Motion to Exclude ("MTE Opposition");
- Portions of Exhibits 1 and 4 to the Declaration of John A. Polito in Support of Oracle's Opposition to Rimini's Motion to Exclude ("Polito Opp. Declaration");
- Exhibits 2-3 to the Polito Opp. Declaration in their entirety; and
- Portions of Exhibits 5-8 to the Declaration of Barbara A. Frederiksen-Cross in Support of Oracle's Opposition to Rimini's Motion to Exclude ("F-C Opp. Declaration").

Public, redacted versions of Oracle's MTE Opposition, Exhibits 1 and 4 to the Polito Opp. Declaration, and Exhibits 5-8 to the F-C Opp. Declaration were filed on August 14, 2020. ECF Nos. 1407, 1407-2, 1407-3, 1407-4, 1407-5, 1407-7, 1407-8, 1407-9, 1407-10. Versions of these documents without redactions will be subsequently filed under seal with the Court and linked to this motion.

Oracle's Motion to Seal is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, documents incorporated by reference, and the entire record in this action.

1

1

2                    **MEMORANDUM OF POINTS AND AUTHORITIES**

3      **I.      LEGAL STANDARD**

4              Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit

5      sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential

6      research, development, or commercial information."  Fed. R. Civ. P. 26(c).  The Ninth Circuit has

7      held that "compelling reasons must be shown to seal judicial records attached to a dispositive

8      motion" based on the presentation of "articulable facts."  *Kamakana v. City & County of*

9      *Honolulu*, 447 F.3d 1172, 1179, 1181 (9th Cir. 2006).  Courts have discretion to determine what

10     constitutes a "compelling reason," and have found "sources of business information that might

11     harm a litigant's competitive standing" are sufficient to meet the "compelling reasons" standard.

12     *Ctr. for Auto Safety v. Chrysler* Grp., *LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal citations

13     omitted).

14              Documents may be sealed for "good cause."  *Kamakana v. City and County of Honolulu*,

15     447 F.3d 1172, 1179-80 (9th Cir. 2006); *Selling Source, LLC v. Red River Ventures, LLC*, 2:09-

16     CV-01491-JCM, 2011 WL 1630338, at *1 (D. Nev. Apr. 29, 2011) (citing *Phillips v. General*

17     *Motors*, 307 F.3d 1206, 1210, 1213 (9th Cir. 2002)). With non-dispositive motions, a party may

18     overcome the presumption against sealing a document by showing that the material to be filed

19     under seal is being done so pursuant to a valid protective order.  ECF No. 1349 at 3 (citing *Foltz*

20     *v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Phillips ex rel.*

21     *Estates of Byrd v. General Motors Corp*., 307 F.3d 1206, 1213 (9th Cir. 2002))).

22              Under the Protective Order, a "Designating Party may designate any Discovery Material

23     as 'Confidential Information' or 'Highly Confidential Information –Attorneys' Eyes Only' . . . if

24     such counsel in good faith believes that such Discovery Material contains such information and is

25     subject to protection under Federal Rule of Civil Procedure 26(c)."  Protective Order ¶ 2.  Such a

26     designation "constitute[s] a representation that an attorney for the Designating Party reasonably

27     believes there is a valid basis for such designation." *Id*.

28                                                         2

                    ORACLE'S MOTION TO SEAL ORACLE'S OPPOSITION TO RIMINI'S MOTION TO
                                   EXCLUDE AND SUPPORTING EXHIBITS

## II.     ARGUMENT

With respect to Oracle's MTE opposition, portions of this motion (including at 4:20, 4:22, 13:4, 13:10-11, 15:22) contain non-public, technologically and commercially sensitive information relating to Oracle's PeopleSoft and JD Edwards software.  Disclosure of the confidential information in these documents would afford Oracle's competitors an unfair competitive advantage in the software industry by revealing confidential technical information about proprietary Oracle source code files. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 105793, at \*2 (D. Nev. Jan. 7, 2015) (granting motion to seal where documents "contain[ed] information that could injure Plaintiffs' competitive posture in the . . . industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, 2014 WL 4202540, at \*2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice, trade secret, and technical information that could injure the parties' competitive posture").

Exhibits 2-4 to the Polito Opp. Declaration and Exhibits 5-7 to the F-C Opp. Declaration also contain Oracle's non-public, technologically, and commercially sensitive information:

Exhibits 2 and 3 are documents that Rimini produced under the Bates numbers RSI007294828 and RSI007296263, respectively.  Portions of these documents contain non-public, technologically, and commercially sensitive information relating to Oracle source code files.

Exhibit 4 comprises transcripts from the August 21, 2018 deposition of Rimini Street, Inc.'s expert Owen Astrachan in *Rimini II*.  Portions of this exhibit (including at 250:5) contain non-public, technologically, and commercially sensitive information relating to Oracle source code files.

Exhibit 5 comprises excerpts of the Corrected Post-Injunction Expert Report of Barbara Frederiksen-Cross.  Portions of this exhibit (including at footnotes 90, 299, 343, 353, 417, 420, 439, 441, 443, 445 and paragraphs 243, 285-87, 316-17, 322, 365-66, 368, 371, 380, 381.1, 381.2, 381.3, 381.4, 381.5) contain non-public, technologically, and commercially sensitive information relating to Oracle source code files.

3

ORACLE'S MOTION TO SEAL ORACLE'S OPPOSITION TO RIMINI'S MOTION TO
EXCLUDE AND SUPPORTING EXHIBITS

1    Exhibit 6 comprises excerpts of the Corrected Post-Injunction Surrebuttal Expert Report

2    of Barbara Ann Frederiksen-Cross.  Portions of this exhibit (including at paragraphs 16 and 17)

3    contain non-public, technologically, and commercially sensitive information relating to Oracle

4    source code files.

5    Exhibit 7 comprises excerpts of the *Rimini II* Supplemental Expert Report of Barbara Ann

6    Frederiksen-Cross.  Portions of this exhibit (including at footnote 114 and page 54) contain non-

7    public, technologically, and commercially sensitive information relating to Oracle source code

8    files and software.

9    Oracle requests that the Court seal portions of its MTE Opposition, of Exhibits 2-4 to the

10   Polito Opp. Declaration, and of Exhibits 5-7 to the F-C Opp. Declaration for the reasons stated

11   above.  Oracle also requests that the Court seal portions of its MTE Opposition and Exhibits 1, 4-

12   8 and Exhibits 2-3 in their entirety because they reference documents or testimony that Rimini

13   has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the

14   Protective Order or reflect information drawn from data sources that Rimini has designated as

15   "Highly Confidential – Attorneys' Eyes Only." Oracle submits these documents under seal

16   pursuant to the Protective Order based on Rimini's representation that it reasonably believes there

17   is a valid basis under the Protective Order for its confidentiality designations.  Because these

18   materials were designated by Rimini, Oracle is not in a position to provide further justification for

19   why filing the documents publicly would cause Rimini harm sufficient to justify sealing.

20   This Court has previously granted motions to file under seal portions of documents

21   containing this and other similar types of confidential information.  *See, e.g.*, ECF Nos. 226, 325,

22   518, 904, 990, 1107, 1228, 1261, 1349; *see also Rimini II*, Case No. 2:14-cv-1699, ECF No. 627.

23   Sealing the confidential materials referenced herein would not frustrate the public's visibility into

24   the judicial process because Oracle's request to seal is narrowly tailored to only those documents

25   that contain particularly sensitive information.  Oracle has submitted all other portions of its

26   Motion and supporting documents to the Court's public files, which allows public access to all

27   materials except for the items discussed above.

28

4

ORACLE'S MOTION TO SEAL ORACLE'S OPPOSITION TO RIMINI'S MOTION TO
EXCLUDE AND SUPPORTING EXHIBITS

III.     **CONCLUSION**

For the foregoing reasons, Oracle respectfully requests that the Court grant leave to file under seal the materials discussed above.

MORGAN, LEWIS & BOCKIUS LLP

DATED: August 14, 2020

By:  _____/s/ John A. Polito_____
                John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle
America, Inc., and Oracle International
Corporation

5

ORACLE'S MOTION TO SEAL ORACLE'S OPPOSITION TO RIMINI'S MOTION TO
EXCLUDE AND SUPPORTING EXHIBITS

**[PROPOSED] ORDER**

Pending before this Court is Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation's (collectively "Oracle") Motion to Seal Oracle's Opposition to Rimini's Motion to Exclude and Supporting Exhibits and Supporting Exhibits.  Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c).  Having considered Oracle's Motion to Seal and for good cause existing:

IT IS HEREBY ORDERED THAT Oracle's Motion to Seal is GRANTED.  The Clerk of the Court shall file under seal the following documents and materials:

- Portions of Oracle's Opposition to Rimini's Motion to Exclude;
- Portions of Exhibits 1 and 4 to the Declaration of John A. Polito in Support of Oracle's Opposition to Rimini's Motion to Exclude;
- Exhibits 2-3 to the Declaration of John A. Polito in Support of Oracle's Opposition to Rimini's Motion to Exclude in their entirety; and
- Portions of Exhibits 5-8 to the Declaration of Barbara A. Frederiksen-Cross in Support of Oracle's Opposition to Rimini's Motion to Exclude.

IT IS SO ORDERED.

DATED:                                   By:_____

                                              Hon. Larry R. Hicks
                                              United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2020, I electronically transmitted the foregoing ORACLE'S MOTION TO SEAL ORACLE'S OPPOSITION TO RIMINI'S MOTION TO EXCLUDE AND SUPPORTING EXHIBITS and [PROPOSED] ORDER to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

MORGAN, LEWIS & BOCKIUS LLP

DATED: August 14, 2020

By:  */s/ John A. Polito*
John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation

1
CERTIFICATE OF SERVICE