| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>MARK A. PERRY (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  11101<br>Telephone: 202.955.8500<br>mperry@gibsondunn.com | RIMINI STREET, INC.<br>DANIEL B. WINSLOW (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA 94566<br>Telephone: 925.264.7736<br>dwinslow@riministreet.com |
| GIBSON, DUNN & CRUTCHER LLP<br>JEFFREY T. THOMAS (*pro hac vice*)<br>BLAINE H. EVANSON (*pro hac vice*)<br>JOSEPH A. GORMAN (*pro hac vice*)<br>CASEY J. MCCRACKEN (*pro hac vice*)<br>3161 Michelson Drive<br>Irvine, CA  92612-4412<br>Telephone: 949.451.3800<br>jtthomas@gibsondunn.com<br>bevanson@gibsondunn.com<br>jgorman@gibsondunn.com<br>cmccracken@gibsondunn.com | RIMINI STREET, INC.<br>JOHN P. REILLY (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: 336.908.6961<br>jreilly@riministreet.com |
| | HOWARD & HOWARD ATTORNEYS PLLC<br>W. WEST ALLEN (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV 89169<br>Telephone: 702.667.4843<br>wwa@h2law.com |
| GIBSON, DUNN & CRUTCHER LLP<br>SAMUEL LIVERSIDGE (*pro hac vice*)<br>ERIC D. VANDEVELDE (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone: 213.229.7000<br>sliversidge@gibsondunn.com<br>evandevelde@gibsondunn.com | |

*Attorneys for Defendant
Rimini Street, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>RIMINI STREET, INC., et al.,<br><br>                    Defendants. | CASE NO. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI STREET, INC.'S MOTION TO SEAL PORTIONS OF RIMINI STREET, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE DECLARATION AND OPINIONS OF ORACLE'S EXPERT, BARBARA FREDERIKSEN-CROSS** |

Gibson, Dunn &
Crutcher LLP

RIMINI'S MOTION TO SEAL PORTIONS OF REPLY ISO MOTION TO EXCLUDE DECLARATION AND
OPINIONS OF BARBARA FREDERIKSEN-CROSS
CASE NO. 2:10-CV-00106-LRH-VCF

**NOTICE OF MOTION AND MOTION**

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 10, 2010 (ECF No. 55, "Protective Order"), Rules 5.2(e)–(f) and 26(c) of the Federal Rules of Civil Procedure, and Local Rule 10-5(b), Defendant Rimini Street, Inc. ("Rimini") respectfully requests that the Court seal portions of Rimini Street, Inc.'s Reply in Support of Motion to Exclude Declaration and Opinions of Oracle's Expert, Barbara Frederiksen-Cross ("Reply").

A public, redacted version of the Reply was filed on August 21, 2020. An unredacted version of this document will be subsequently filed under seal with the Court and linked to the filing of this motion. This Motion to Seal is based on this Notice of Motion and the accompanying Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Rimini respectfully requests that the Court seal portions of the Reply because it contains confidential information regarding Rimini's business processes and information that Oracle has designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Protective Order. Good cause exists to seal portions of the Reply, as set forth below.

This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA (D. Nev.), ECF Nos. 127, 137, 222, 280–282, 287, 333–334, 371, 391, 434–436, 602, 625–628, 760–768, 836–849, 1122, 1191.

**I.     ARGUMENT**

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Rimini has designated as confidential certain information in Rimini's Reply because it discloses confidential information about Rimini's proprietary processes. Rimini also asks the Court to

2
RIMINI'S MOTION TO SEAL PORTIONS OF REPLY ISO MOTION TO EXCLUDE DECLARATION AND OPINIONS OF BARBARA FREDERIKSEN-CROSS
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

seal portions of the Reply that Oracle has designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Protective Order.

### A. Highly Confidential Information About Rimini's Proprietary Processes

Rimini moves to seal proprietary information regarding the ways in which Rimini provides services to its clients and runs its business operations. This information is reflected in portions of the Reply.

Portions of the Reply contain a description of Rimini's proprietary technical processes. In particular, the Reply contains a link to a video presentation prepared by Rimini's VP of Global Support for PeopleSoft, Jim Benge, concerning Rimini's Process 2.0, which contains, detailed information about Rimini's proprietary technical tools and processes and descriptions of how Rimini provides services to its clients. This video presentation was previously filed under seal (ECF No. 1393) and should remain sealed for the reasons stated when it was originally filed (ECF No. 1394).

Under the Protective Order, "all non-public information" regarding "business plans" or "proprietary technical information and specifications" are properly designated confidential, and "extremely sensitive . . . non-public information" including trade secrets are properly designated as highly confidential. Disclosure of this information would advantage Rimini's competitors by allowing Rimini's competitors to adopt methods that have made Rimini successful and more easily compete in the third-party software service marketplace. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 14-CV-772, 2015 WL 105793, at *2 (D. Nev. Jan. 7, 2015) (granting motion to seal where documents "contain[ed] information that could injure Plaintiffs' competitive posture in the … industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, No. 12-CV-111, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice, trade secret, and technical information that could injure the parties' competitive posture"); *Clark v. Metro. Life Ins. Co.*, No. 08-CV-158, 2010 WL 1006823, at *1 (D. Nev. Mar. 16, 2010) (granting motion to seal materials that would "bring attention to MetLife's confidential internal business deliberations, organization, and capabilities").

3
RIMINI'S MOTION TO SEAL PORTIONS OF REPLY ISO MOTION TO EXCLUDE DECLARATION AND OPINIONS OF BARBARA FREDERIKSEN-CROSS
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

This Court has previously granted motions to file under seal portions of documents containing this type of confidential information regarding Rimini's internal business processes. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA, ECF Nos. 627, 1240.  Sealing references to Rimini's proprietary information will not frustrate the public's visibility into the judicial process because Rimini requests the targeted sealing of particularly sensitive information and leaves all other documents unsealed.

**B.     Information Designated Highly Confidential Pursuant to the Protective Order**

The Protective Order provides that:

> Counsel for any Designating Party may designate any Discovery Material as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" under the terms of this Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).  The designation by any Designating Party of any Discovery Material as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" shall constitute a representation that any attorney for the Designating Party reasonably believes there is a valid basis for such designation.

Protective Order ¶ 2.

Rimini requests that the Court seal portions of the Reply that describe or otherwise reveal information that Oracle has designated "Highly Confidential" under the terms of the Protective Order.  By designating the information "Highly Confidential," the designating party has represented that the information cited is subject to protection under Federal Rule of Civil Procedure 26(c).  Protective Order ¶ 2.  This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*.  *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA (D. Nev.), ECF Nos. 280, 391, 460, 518, 541, and 549.

## II.     CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court grant leave to file portions of the Reply under seal.

Gibson, Dunn & Crutcher LLP

4

RIMINI'S MOTION TO SEAL PORTIONS OF REPLY ISO MOTION TO EXCLUDE DECLARATION AND OPINIONS OF BARBARA FREDERIKSEN-CROSS
CASE NO. 2:10-CV-00106-LRH-VCF

Dated: August 21, 2020

                                        GIBSON, DUNN & CRUTCHER LLP


                              By:  */s/ Eric D. Vandevelde*
                                          Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*

5
RIMINI'S MOTION TO SEAL PORTIONS OF REPLY ISO MOTION TO EXCLUDE DECLARATION AND OPINIONS OF BARBARA FREDERIKSEN-CROSS
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP