**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RIMINI STREET, INC., a Nevada corporation,<br><br>Defendant. | 2:10-cv-0106-LRH -VCF<br><br>**ORDER**<br><br>MOTION FOR SANCTIONS PURSUANT TO RULE 37 [ECF No. 1359] |

Before the Court is plaintiffs Oracle USA, Inc., Oracle America Inc., and Oracle International Corporation's (collectively "Oracle") motion for sanctions pursuant to Rule 37. The Court sets a video status conference to address preliminary issues the parties raised in the briefing.

**I.    Background**

Oracle alleges that defendant Rimini Street Inc. (Rimini) spoliated evidence and seeks sanctions pursuant to Federal Rule of Civil Procedure 37. (ECF No. 1359). Relevant to the issues the Court will address[1] at the video status conference, Oracle argues that during the injunction compliance period, Rimini used an Automated Framework subprogram called TransferFiles, "to copy PeopleSoft files from Rimini's systems to customer-associated environments." (*Id*. at 12.) Oracle argues that Rimini used a program that destroyed a certain number of files it distributed using TransferFiles. (*Id*.) Oracle argues,

---

[1] The Court notes that large portions of the parties briefing is redacted on the public docket. The Court will not discuss any of the redacted items in this Order and the motions to seal are still pending before the Court (ECF Nos. 1362 and 1373). The Court finds there is no reason to seal the video status conference at this time, but the parties may make an oral motion at the status conference to seal portions of the conference if they believe it will be necessary.

1    "there is no way to determine whether the files Rimini produced are the same as the files it distributed to

2    customers." (*Id.* at 17.)

3        Rimini argues in its response that, "[w]hen a Rimini engineer uses TransferFiles to transmit

4    such a file to a client, it creates a new copy on the client's system while retaining Rimini's

5    original file." (ECF No. 1372 at 6). Rimini argues that, "Oracle objects only to Rimini's alleged failure

6    to preserve the transitory [redacted] copy (which typically exists for a matter of seconds)—even though

7    the result of the TransferFiles process is (at least) two identical copies of a file where only one

8    previously existed." (*Id.*) Rimini states that, "[t]he copy/paste functionality in a word-processing

9    program is analogous. When a user copies text from one document to another, the text is first copied to

10   an intermediate "clipboard" in the computer's memory, from which it can then be pasted to its

11   destination. The original copy remains, in addition to the newly created duplicate; but the transitory

12   copy on the clipboard is not retained in the ordinary course." (*Id.* at 6-7.)

13       Rimini also argues that Oracle could have brought this issue to the Court's attention during the

14   discovery period so that the Court could have fashioned a remedy if needed. (*Id.* at 19). Rimini argues

15   that one example of a potential remedy could have been to allow, "Oracle to serve (additional) limited

16   subpoenas to Rimini's clients to obtain the additional copies of the transferred files from the client's

17   systems[.]"

18       Oracle argues in its reply that, "there is no way to know whether the files were identical because

19   Rimini destroyed them." (ECF No. 1376 at 8, emphasis omitted). Oracle also argues that Rimini

20   mischaracterizes the files at issue as transitory; it argues that the files are more analogous, "to

21   attachments stored in the 'sent' folder of an email account." (*Id.*) Oracle argues that Rimini's actions

22   are, "akin to the email user's developing and running an email deletion program that automatically and

23   continuously deletes all sent emails." (*Id.*) Oracle also argues that, "Rimini's claim that Oracle

24   previously acknowledged that Rimini's production of a single copy of each transferred file, along with a

25

1   list of the clients that received each file, would be a fair and proportional way for Rimini to satisfy its

2   discovery obligations grossly mischaracterizes Oracle's position." (*Id*. at 12, internal citations and

3   emphasis omitted.) Oracle argues that since, "these are the files Rimini actually sent to customers, they

4   were central to determining Rimini's Injunction compliance[.]" (*Id*.) Oracle argues there was no need to

5   seek relief during the discovery period because, "Rimini's destruction of the documents" caused

6   prejudice to Oracle, and the Court, "could not have ordered Rimini to reverse the deletion."

7   **II.      Discussion**

8       Rule 37(e) states in part:

9
10          If electronically stored information that should have been preserved in the
            anticipation or conduct of litigation is lost because a party failed to take reasonable
11          steps to preserve it, and it cannot be restored or replaced through additional
            discovery, the court: (1) upon finding prejudice to another party from loss of the
12          information, may order measures no greater than necessary to cure the prejudice[.]

13      See Federal Rule of Civil Procedure 37(e), (e)(1).

14      The Court finds that there are significant issues of fact regarding whether the files were

15   "transitory" or more analogous to a litigant deleting sent emails with attachments that should have been

16   preserved." *Id*.   There is also a question of fact regarding whether the files could have been, "restored or

17   replaced through additional discovery." *Id.*

18      At the video status conference, the parties should be prepared to discuss:

19      1.   Whether the parties agree there is a reliable record regarding the list of the clients that

20           received each file.

21      2.   Whether the parties believe that re-opening limited discovery could solve the issue of

22           whether the files can be restored or replaced.

23

24

25

3. Whether the parties believe that the Court needs to set an in-person evidentiary hearing to make factual findings regarding the nature of the files and whether the files could have been restored or replaced through additional discovery.

4. Alternatively, due to the COVID-19 pandemic or for any other reason, whether the parties believe the Court can decide this motion on the briefing without holding an evidentiary hearing.

The parties will also have an opportunity to clarify their respective positions regarding the issues of fact and make any other suggestions they believe would be appropriate.

Accordingly,

IT IS ORDERED that a video status conference regarding Oracle's motion for sanctions (ECF No. 1359) is scheduled for **11:00 AM, September 3, 2020**, before Judge Cam Ferenbach.

IT IS FURTHER ORDERED that counsel/the parties must email the Courtroom Administrator, Tawnee Renfro at Tawnee_Renfro@nvd.uscourts.gov, with an email address to be used for the video conference hearing by noon, September 2, 2020.

IT IS ORDERED that the following Video Conference Instructions be adhered to as follows:

INSTRUCTIONS FOR THE VIDEO CONFERENCE

Instructions to the scheduled hearings will be sent via email thirty (30) minutes prior to the hearing to the participants email provided to the Court.

• Log on to the call ten (10) minutes prior to the hearing time.

• Mute your sound prior to entering the hearing.

• Do not talk over one another.

• State your name prior to speaking for the record.

• Do not have others in the video screen or moving in the background.

• No recording of the hearing.

1    •       No forwarding of any video conference invitations.

2    •       Unauthorized users on the video conference will be removed.

3    DATED this 25th day of August 2020.

4                                                    _____
                                                     CAM FERENBACH
5                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25