BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
WILLIAM A. ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006
Telephone: 202.223.7300
Facsimile: 202.223.7420
wisaacson@paulweiss.com
kdunn@paulweiss.com

BOIES SCHILLER FLEXNER LLP
BEKO REBLITZ-RICHARDSON (*PRO HAC VICE*)
SEAN P. RODRIGUEZ (*pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: 415.293.6800
Facsimile: 415.293.6899
brichardson@bsfllp.com
srodriguez@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S RESPONSES AND OBJECTIONS TO RIMINI'S NOTICE OF DEMONSTRATIVES, ECF NOS. 1421, 1423.**<br><br>**REDACTED** |

Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") herein respond and object to Rimini's Notice of Demonstratives ("Filing"). ECF Nos. 1421 (redacted) and 1423 (under seal). Rimini's Filing is an untimely and unauthorized surrebuttal, filed just two hours before the hearing, that is inaccurate and asserts that facts are undisputed when they are actually in dispute. Oracle further responds as follows:

**RESPONSE 1: Far More Than 466 Files Are At Issue**

Contrary to Rimini's Fact/Event 15-16, the record evidence establishes that far more than 466 unique files were deleted. While 466 *file names* are at issue, Oracle's expert explained how, in the process of authoring updates, Rimini deleted at least ▮▮▮ files. ECF No. 1363-1 (F.-C. Decl.) ¶ 15. These likely include ▮▮▮ of unique files, since Rimini engineers engaged in a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF Nos. 1363-3 (F.-C. Decl,. Ex. 2) ¶¶ 24-25, 1363-5 – 1363-10 (F.-C. Decl., Exs. 4-9). Contrary to Rimini's representations (and to its preservation obligations), Rimini did not retain any copies of many of these files. For example, as discussed during the hearing, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF Nos. 1363-3 (F.-C. Decl,. Ex. 2) ¶ 24, 1363-10 (F.-C. Decl., Ex. 9). Each of Rimini's file "transmissions" was an act of distribution subject to the Injunction, and each ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF No. 1166 (Injunction) ¶¶ 3-4 (restrictions on distribution and on derivative works); *see also* ECF No. 1363 (Mot. for Sanctions) at 9 (discussing relevance of ▮▮▮▮ to Injunction). Rimini's analogy of a Word file being auto-saved on a computer, discussed at the hearing, is inapposite. ▮▮▮ ▮▮▮▮▮ were sent to a Rimini customer, each of which Rimini had promised to retain. *See* Fact-Event 8. But Rimini deleted a significant number of files that corresponded to this one file name, retaining no copies of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In the few instances where Oracle actually obtained ▮▮▮▮▮▮ other files, they often ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ making them highly relevant. ECF No. 1361-1 (F.-C. Decl.) ¶¶ 31-

1

ORACLE'S RESPONSES AND OBJECTIONS TO
RIMINI'S NOTICE OF DEMONSTRATIVES, ECF NOS. 1421, 1423

1  33.

2  **RESPONSE 2: Rimini Did Not Produce "72 Out Of 78 Outstanding Files"**

3  Rimini represented during discovery that "the transferred materials remain in their
preexisting locations on Rimini's systems," *see* Fact/Event 8, but as Rimini has conceded—
including during the hearing—these files are moved, renamed, and modified. ECF No. 1374
(Opp. to Mot. for Sanctions) at 11 (conceding that files "may have been moved or renamed").
Contrary to Rimini's Fact/Event 17, Rimini was not able to recover the majority of the deleted
files: ▮▮▮▮▮▮▮▮ ECF No. 1363-11 (Rodriguez Decl.) ¶ 15; ECF No. 1379 (Reply ISO
Mot. for Sanctions) at 4. The November 26, 2019 letter purporting to identify these files is itself
attorney hearsay that was never sponsored or affirmed by any fact witness. The hearsay-claims
therein are neither admissible nor credible. For example, Rimini produced no copies of files with
file names ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and did not preserve any
copies of these files in any location on its computer systems. Rimini nonetheless claims that all
three files are identical to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ There is no basis for this
statement in the record evidence, and it defies common sense that updated versions 1, 2, and 3 of
a file would all be identical to each other: the only logical time to create an additional "updated"
version of a file is after the file has been updated. And in its Reply, Oracle once again *disputed*
the claim that these files were ever produced. ECF No. 1379 (Reply ISO Mot. for Sanctions) at 3.
As noted in Response 1, ▮▮▮▮▮▮▮—not just 78— remained at issue at the time of this
letter. This is confirmed in the very correspondence from which Rimini claims to argue that only
72 files remained at issue. *See* ECF No. 1363-21 (Rodriguez Decl., Ex. M) (identifying ▮▮▮
files for which the metadata of the files that should have been preserved "cannot be matched" to
any files that Rimini produced).

**RESPONSE 3: Oracle's Investigation Into Rimini's Spoliation Continued Via Expert Discovery Until At Least June 30, 2020**

Contrary to Rimini's Facts/Events 18-19, Oracle's Motion was timely because it required,

2

and relied upon, expert discovery. Ms. Frederiksen-Cross's January 31, 2020 expert report and her June 12, 2020 corrected surrebuttal report substantially documented the scope of Rimini's malfeasance, explaining how her analysis was "████████████████████████████████████████████████████" ECF No. 1363-2 (F.-C. Decl., Ex. 1) ¶¶ 383-397. Rimini responded in Prof. Astrachan's March 13, 2020 expert report, see, e.g., ECF No. 1374-1 (Astrachan Decl., Ex. A) ¶ 336 ("████████████████████████████████████████████████████████████████████████"), and Prof. Astrachan was deposed on June 30, 2020 on topics including Rimini's spoliation. Oracle filed its motion for spoliation sanctions less than two weeks later, after properly developing the positions of Oracle's and Rimini's expert witnesses regarding Rimini's automatic deletion of files transferred using AFW.

**RESPONSE 4:** *Rimini II* **Discovery On AFW TransferFiles Has Limited Relevance; Post-Injunction Transferred Files Are Highly Relevant**

Rimini's Filing largely focuses on conduct prior to entry of the Injunction. But Rimini did not produce the log files that confirmed the scope of its deletions (performed by ████████████████████████████████████████) until post-injunction discovery. ECF No. 1363 (Mot. for Sanctions) at 7-8; ECF No. 1363-11 (Rodriguez Decl., Ex. L); ECF No. 1363-1 (F-C Decl., Ex. 1) ¶¶ 135-36, 392. Pre-injunction discovery in *Rimini II* did not focus on the particular versions or subprograms of AFW at issue in the pending motion. In fact, when Oracle asked Rimini deponent Rick Frank in 2018 whether TransferFiles deleted anything from the FTP server, his response was "████████." ECF No. 1379-1 (*Rimini II* Frank Depo) at 91:9-92:13. Only after post-Injunction discovery closed in 2020 did Mr. Frank suddenly claim ████████████████████████████████████████████████. ECF No. 1374-2 (Frank Decl.) ¶ 8.

As to "fair and proportional" language from *Rimini II* meet-and-confer correspondence in August 2017 discussed in Rimini's Fact/Event 11, Rimini's argument is an improper effort to mislead the Court about the *Rimini II* discovery record. Oracle's "fair and proportional" language was not an "acknowledgement [of] Rimini's production"—it was an offer of compromise about a different set of file transfers that Rimini rejected. In *Rimini II*, Rimini refused to produce any

3

fixes that it developed in an environment associated with one customer and then distributed to other customers, claiming that it would need customer permission to do so and requiring that Oracle instead subpoena all Rimini customers. Oracle proposed a compromise:

> [A]s to responsive materials maintained on customer- or cloud-hosted systems and distributed through Rimini's systems: in lieu of Rimini seeking to produce copies of every single software patch, fix, and update from every customer- or cloud-hosted system to which they were distributed, Oracle would agree for Rimini to (1) produce one copy of each software patch, fix, and update that it developed for any of its customers for the relevant Oracle software product lines during the Rimini II discovery period, and (2) if the update was then distributed to multiple customers, identify in a verified discovery response each customer to whom Rimini distributed the patch, fix, or update. Under this approach, there would be no need for Rimini to seek permission from its customers on a global scale.

ECF No. 1374-5 (Vandevelde Decl., Ex. B) at 6. Oracle reminded Rimini in the same letter that "Rimini has been under a duty to preserve materials that reproduce or modify Oracle's copyrighted materials for years, dating back to at least the start of *Rimini I*." *Id*. n.3. Rimini refused to agree to Oracle's proposal, and instead obtained a protective order pursuant to which it did not have to produce the updates that it created using these development environments. *Rimini II*, ECF No. 606 (Protective Order). Oracle could not have "acknowledged . . . Rimini's production" of these files, *contra* Fact/Event 11, because that production never occurred.

Last, at the hearing, Rimini's counsel's wrongly asserted (repeatedly) that Oracle does rely upon any file produced from Rimini's TransferFiles archive in its OSC motion. In fact, Oracle did rely upon such files, as Oracle pointed in its reply brief. *See* ECF No. 1376 (Reply ISO Mot. for Sanctions) at 8; ECF No. 1368 (OSC Mot.) at 23 & n.12. Again, the missing files are plainly relevant to Rimini's compliance with the Injunction; and, again, Rimini's Filing and subsequent argument were made in an effort to mislead the Court and misrepresent the record.

### **RESPONSE 5: Rimini's Filing Circumvents The Local Rules**

Rimini's filing of an additional seven pages of argument less than two hours before the hearing is a highly prejudicial, flagrant violation of the local rules, and constitutes an unauthorized *sur*-reply. The Filing relies on new evidence, *see, e.g.,* Rimini Facts/Events 2 & 5, and raises arguments not previously submitted in its opposition, *compare, e.g.,* ECF No. 1374

4

(Opp. to Mot. for Sanctions) at 21 ("neither Oracle nor its expert has cited a single one of those intermediate files in support of its contempt motion") *with* Rimini Fact/Event 14 (conceding that Oracle did rely on an intermediate file but arguing that Rimini could have produced that file without modifying AFW). At the hearing, Rimini's lengthy oral presentation focused neither on the questions posted by the Court nor on the briefing on the motion, but instead on the new material Rimini improperly submitted at the 11th hour. "The judge may strike supplemental filings made without leave of court." L.R. 7-2 (g). Rimini previously moved—successfully—to strike similar supplemental material. *Rimini II*, Case No. 2:14-cv-01699, ECF No. 1151 (Dec. 14, 2018) (Rimini's Mot. to Strike Oracle's Exs. B & 35), ECF No. 1240 (Order) at 4-6.

**CONCLUSION**

Rimini's Filing is untimely, unauthorized supplemental briefing that does not accurately reflect the record. Oracle respectfully requests that Rimini's Filing be struck from the docket, or that in the alternative the Court disregard Rimini's assertions that any of Rimini's Fact/Event items is "undisputed" or "confirmed" and also consider Oracle's responses herein. Oracle requests that the Court set a hearing for oral argument on the merits of Oracle's Motion for Sanctions.

DATED: September 4, 2020

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ John A. Polito*
John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation

**[PROPOSED] ORDER**

Pending before this Court is Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation's (collectively "Oracle") Responses and Objections to Rimini's Notice of Demonstratives, ECF Nos. 1421, 1423. Having considered Oracle's Responses and Objections and for good cause existing:

IT IS HEREBY ORDERED THAT Rimini Street, Inc.'s Notice of Demonstratives, ECF Nos. 1421, 1423, shall be stricken.

IT IS SO ORDERED.

DATED:                                            By: _____
                                                  Hon. Cam Ferenbach
                                                  United States Magistrate Judge

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2020, I electronically transmitted the foregoing ORACLE'S RESPONSES AND OBJECTIONS TO RIMINI'S NOTICE OF DEMONSTRATIVES, ECF NOS. 1421, 1423 and [PROPOSED] ORDER to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

MORGAN, LEWIS & BOCKIUS LLP

DATED: September 4, 2020

By:  */s/ John A. Polito*
John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation