BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:    702.382.7300
Facsimile:    702.382.2755
rpocker@bsfllp.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
WILLIAM A. ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006
Telephone:    202.223.7300
Facsimile:    202.223.7420
wisaacson@paulweiss.com
kdunn@paulweiss.com

BOIES SCHILLER FLEXNER LLP
BEKO REBLITZ-RICHARDSON (*pro hac vice*)
SEAN P. RODRIGUEZ (*pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:    415.293.6800
Facsimile:    415.293.6899
brichardson@bsfllp.com
srodriguez@bsfllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone:    415.442.1000
Facsimile:    415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:    650.506.4846
Facsimile:    650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc., and Oracle
International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S MOTION TO SEAL ORACLE'S RESPONSES AND OBJECTIONS TO RIMINI'S NOTICE OF DEMONSTRATIVES** |

**NOTICE OF MOTION AND MOTION**

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), Local Rules 10-5(b), Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") respectfully request that the Court order the Clerk of the Court to file under seal portions of Oracle's Responses and Objections to Rimini's Notice of Demonstratives.

A public, redacted version of this document was filed on September 4, 2020. ECF No. 1426. An unredacted version of this document will be subsequently filed under seal with the Court and linked to this motion.

Oracle's Motion to Seal is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, documents incorporated by reference, and the entire record in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   LEGAL STANDARD**

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). "'[G]ood cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

**II.   ARGUMENT**

Oracle requests that this Court seal portions of Oracle's Responses and Objections to Rimini's Notice of Demonstratives because they reference documents or testimony that Rimini has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order, or reflect information drawn from data sources that Rimini has designated as "Highly Confidential – Attorneys' Eyes Only." Oracle submits these documents under seal pursuant to the Protective Order based on Rimini's representation that it reasonably believes there

is a valid basis under the Protective Order for its confidentiality designations. Because these materials were designated by Rimini, Oracle is not in a position to provide further justification for why filing the documents publicly would cause Rimini harm sufficient to justify sealing.

Oracle has submitted all other portions of its Responses and Objections to Rimini's Notice of Demonstratives to the Court's public files, which allows public access to all materials except for the portions discussed above. Accordingly, Oracle's request to seal is narrowly tailored.

### III.   CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court grant leave to file under seal the materials discussed above.

DATED: September 4, 2020

MORGAN, LEWIS & BOCKIUS LLP

By:   */s/ John A. Polito*
John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation

**[PROPOSED] ORDER**

Pending before this Court is Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation's (collectively "Oracle") Motion to Seal Oracle's Responses and Objections to Rimini's Notice of Demonstratives. Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Having considered Oracle's Motion to Seal and for good cause existing:

IT IS HEREBY ORDERED THAT Oracle's Motion to Seal is GRANTED. The Clerk of the Court shall file under seal portions of Oracle's Responses and Objections to Rimini's Notice of Demonstratives.

IT IS SO ORDERED.

DATED:                             By: _____
                                        Hon. Cam Ferenbach
                                        United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of September, 2020, I electronically transmitted the foregoing ORACLE'S MOTION TO SEAL ORACLE'S RESPONSES AND OBJECTIONS TO RIMINI'S NOTICE OF DEMONSTRATIVES and [PROPOSED] ORDER to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

MORGAN, LEWIS & BOCKIUS LLP

DATED: September 4, 2020

By:  */s/ John A. Polito*
John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation