| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>MARK A. PERRY (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  20036-5306<br>Telephone: 202.955.8500<br>mperry@gibsondunn.com | RIMINI STREET, INC.<br>DANIEL B. WINSLOW (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA  94566<br>Telephone: 925.264.7736<br>dwinslow@riministreet.com |
| GIBSON, DUNN & CRUTCHER LLP<br>JEFFREY T. THOMAS (*pro hac vice*)<br>BLAINE H. EVANSON (*pro hac vice*)<br>JOSEPH A. GORMAN (*pro hac vice*)<br>CASEY J. MCCRACKEN (*pro hac vice*)<br>3161 Michelson Drive<br>Irvine, CA  92612-4412<br>Telephone: 949.451.3800<br>jtthomas@gibsondunn.com<br>bevanson@gibsondunn.com<br>jgorman@gibsondunn.com<br>cmccracken@gibsondunn.com | RIMINI STREET, INC.<br>JOHN P. REILLY (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV  89169<br>Telephone: 336.908.6961<br>jreilly@riministreet.com<br><br>HOWARD & HOWARD ATTORNEYS PLLC<br>W. WEST ALLEN (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV  89169<br>Telephone: 702.667.4843<br>wwa@h2law.com |
| GIBSON, DUNN & CRUTCHER LLP<br>SAMUEL LIVERSIDGE (*pro hac vice*)<br>ERIC D. VANDEVELDE (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone: 213.229.7000<br>sliversidge@gibsondunn.com<br>evandevelde@gibsondunn.com | |

*Attorneys for Defendant*
*Rimini Street, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>                    Plaintiffs,<br><br>       v.<br><br>RIMINI STREET, INC., et al.,<br><br>                    Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 31, 2021 ORDER TO SHOW CAUSE** |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. LEGAL STANDARD .............................................................................................................1

III. ARGUMENT ..........................................................................................................................1

    A. The Permanent Injunction Was Entered in Late 2018 .......................................3

    B. The Campbell Soup Update Occurred in 2014 ..................................................3

    C. The City of Eugene Update Occurred in 2015 and Early 2016 .........................3

IV. CONCLUSION .......................................................................................................................4

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Antonetti v. Skolnik*,
   2013 WL 593407 (D. Nev. Feb. 13, 2013) ...............................................................................1

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,
   254 F.3d 882 (9th Cir. 2001)...................................................................................................1

*Harrington v. Tackett*,
   2020 WL 7227211 (D. Nev. Dec. 8, 2020)..............................................................................2

*Henry v. Rizzolo*,
   2010 WL 3636278 (D. Nev. Sept. 10, 2010) ..........................................................................1

*Klaus v. Hi-Shear Corp.*,
   528 F.2d 225 (9th Cir. 1975)...................................................................................................2

*Oxycal Lab'ys, Inc. v. Alacer Corp.*,
   99 F.3d 1146 (9th Cir. 1996)...................................................................................................2

*In re Res. Tech. Corp.*,
   2009 WL 1873529 (N.D. Ill. June 29, 2009) ..........................................................................2

*S.E.C. v. Current Fin. Servs.*,
   798 F. Supp. 802 (D.D.C. 1992) .............................................................................................2

*Tekkno Lab'ys, Inc. v. Perales*,
   933 F.2d 1093 (2d Cir. 1991)..................................................................................................2

*Test Masters Educ. Servs., Inc. v. Singh*,
   428 F.3d 559 (5th Cir. 2005)...................................................................................................2

*U.S. v. Landsberger*,
   692 F.2d 501 (8th Cir. 1982)...................................................................................................4

**RULES**

Fed. R. Civ. P. 60 ...........................................................................................................................1

Fed. R. Civ. P. 65(d)(2)..................................................................................................................2

L. R. 59-1 .......................................................................................................................................1

Gibson, Dunn & Crutcher LLP

## I.   INTRODUCTION

On March 31, 2021, the Court issued a comprehensive order granting in part and denying in part Oracle's motion for an order to show cause (ECF No. 1459, "Order"). In this motion, Rimini respectfully requests that the Court reconsider one discrete aspect of that Order, which is based on a mistake in the chronology of events that was understandably overlooked in the voluminous record before the Court. Specifically, the Court determined that two software updates related to Campbell Soup and City of Eugene, which the Court found to be infringing in its *Rimini II* summary judgment order (*Rimini II*, ECF No. 1253 at 39–55), violated the injunction in this case. Order at 17–18. Both of those updates, however, occurred in or before January 2016, before the permanent injunction went into effect in 2018. Accordingly, these updates could not have violated the injunction. Indeed, Oracle did not argue that those updates violated the injunction. Rimini thus respectfully requests that the Court reconsider this narrow aspect of the Order based on this inadvertent mistake of fact.

## II.   LEGAL STANDARD

Motions for reconsideration may be granted pursuant to Federal Rule of Civil Procedure 60, District of Nevada Local Rule 59-1, or the Court's inherent power. *See* L.R. 59-1(a) (court possesses "the inherent power to reconsider an interlocutory order for cause"); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.") (citation omitted); *Antonetti v. Skolnik*, 2013 WL 593407, at *1 (D. Nev. Feb. 13, 2013).

Reconsideration is appropriate where "the court has overlooked or misunderstood" "points of law or fact." L.R. 59-1(a); *see also Henry v. Rizzolo*, 2010 WL 3636278, at *1 (D. Nev. Sept. 10, 2010).

## III.   ARGUMENT

The Court determined that Rimini violated the injunction with respect to two specific software updates for Campbell Soup and City of Eugene that the Court found to be infringing in its *Rimini II* summary judgement order. *See* Order at 17. In its motion for an order to show

cause in this case, Oracle did *not* argue that those two updates violated the injunction.  ECF No. 1368.  That is presumably because these two updates occurred years before the injunction was entered and cannot violate the injunction as a matter of law.  Rimini respectfully requests that the Court reconsider and correct this inadvertent and understandable timing error.

Conduct that occurs prior to the date an injunction is entered cannot violate that injunction.  *See Oxycal Lab'ys, Inc. v. Alacer Corp.*, 99 F.3d 1146, *1 (9th Cir. 1996) ("Alacer could not have violated the injunction or the judgment until they had been entered by the court…. The acts complained of occurred before entry of the injunction and the judgment; even if they violated the settlement agreement, they could not be held to have violated [the] injunction or the judgment.") (citing *Klaus v. Hi-Shear Corp.*, 528 F.2d 225, 235 (9th Cir. 1975)); *Harrington v. Tackett*, 2020 WL 7227211, at *2–3 (D. Nev. Dec. 8, 2020) (denying motion to hold party in contempt of injunction where evidence consisted of sales completed "before the stipulated preliminary injunction was entered" and sanctioning moving party for seeking contempt for such conduct); *see also Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 581–82 (5th Cir. 2005) (no contempt unless "court order was in effect" at the time of non-compliance) (citation omitted); *Tekkno Lab'ys, Inc. v. Perales*, 933 F.2d 1093, 1099 (2d Cir. 1991) (vacating contempt order "since to uphold it would in effect permit the court to hold a party in contempt retroactively to a time at which no valid court order had been entered") (citation omitted); *In re Res. Tech. Corp.*, 2009 WL 1873529, at *2 (N.D. Ill. June 29, 2009) ("Contempt may be based only on conduct that occurs after the court order allegedly violated."); *S.E.C. v. Current Fin. Servs.*, 798 F. Supp. 802, 806 (D.D.C. 1992) ("The Court may consider only the respondent's actions after the entry of the TRO and its freeze order; conduct prior to the Court's Orders could not have violated them and therefore could not constitute contempt.") (citation omitted); Fed. R. Civ. P. 65(d)(2) (injunction "binds only … the following who receive actual notice of it ….").

Here, the injunction was entered after the Campbell Soup and City of Eugene updates, and those updates therefore cannot constitute a violation of the injunction.

### A. The Permanent Injunction Was Entered in Late 2018

The Court granted Oracle's motion for a permanent injunction in an order dated August 14, 2018. ECF No. 1164. The Court entered the permanent injunction itself on August 15, 2018. ECF No. 1166. The injunction was stayed from September 11, 2018 to November 5, 2018. ECF No. 1177 (temporarily staying the injunction on September 11, 2018 "to allow Rimini Street, Inc. to obtain a stay pending appeal from the Ninth Circuit Court of Appeals"); ECF No. 1180 (Ninth Circuit denying Rimini's motion to stay the injunction pending appeal on November 5, 2018).

### B. The Campbell Soup Update Occurred in 2014

The acts related to the Campbell Soup update occurred in 2014. *See Rimini II*, ECF No. 1253 (summary judgment order) at 44 ("The undisputed facts show ... Rimini began developing the PPACA Phase 1 update as early as August 2014"); *id*. ("[I]n October 2014, Campbell Soup informed Rimini that it would not need the PPACA update"); *id*. at 45 ("Oracle further alleges that the PPACA Phase 1 update HCM104286 was then improperly delivered to another Rimini client, Toll Brothers, in December 2014, which constituted further copyright infringement by cross use"); *id*. at 45–46 ("The undisputed facts before the Court are ... Rimini delivered the PPACA Phase 1 update HCM104286 to Toll Brothers on December 31, 2014").

### C. The City of Eugene Update Occurred in 2015 and Early 2016

The alleged acts related to the City of Eugene update occurred in 2015 and January 2016. *See Rimini II*, ECF No. 904 (Oracle's motion for summary judgment) at 6 ("In June 2015, Rimini decided to perform testing of the PPACA Phase 3 update in the environments associated with the City of Eugene); *id.* at 7 ("Rimini tracked the PPACA Phase 3 PeopleSoft software update under Rimini DevTrack ID HCM104288" [citing Ex. 44 (ORCLRSTDT00021572 (HCM104288 Technical Specification)), the latest date on which is November 17, 2015]); *id.* ("Rimini engineers performed '[u]nit and prototype testing' of the PPACA Phase 3 PeopleSoft software update 'in the WSM-H900COEX [COE referring to City of Eugene] client environment for the 8.4 prototype.'" [citing ORCLRSTDT00021572, which is dated November 17, 2015]); *id.* ("Rimini distributed the PPACA Phase 3 PeopleSoft software

update HCM104288 to multiple Rimini customers, including City of Eugene, Easter Seals New Hampshire, Inc., City of Glendale, and Shawnee Mission Schools" [citing emails documenting delivery of update HCM104288, dated November 23, 2015, January 22, 2016, December 3, 2015]").

* * *

Because the acts related to the Campbell Soup and City of Eugene updates occurred years before the permanent injunction went into effect, those updates could not violate the injunction. Rimini respectfully submits that the Order should be reconsidered and amended to make clear that these two updates do not violate the injunction. *See U.S. v. Landsberger*, 692 F.2d 501, 504 (8th Cir. 1982) (vacating contempt order because "[o]bviously, if the act was committed before the injunction was entered, it could not have violated the injunction").

### IV.  CONCLUSION

Rimini respectfully requests the Court reconsider and amend its findings that the updates related to Campbell Soup and City of Eugene violate the injunction.

Dated: April 2, 2021

GIBSON, DUNN & CRUTCHER LLP

By: *Eric D. Vandevelde*
          Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*