BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:    702.382.7300
Facsimile:    702.382.2755
rpocker@bsfllp.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
WILLIAM A. ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006
Telephone:    202.223.7300
Facsimile:    202.223.7420
wisaacson@paulweiss.com
kdunn@paulweiss.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:    415.442.1000
Facsimile:    415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:    650.506.4846
Facsimile:    650.506.7114
dorian.daley@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc., and Oracle
International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>    Defendants. | **Case No. 2:10-cv-0106-LRH-VCF**<br><br>**ORACLE'S RESPONSE TO RIMINI'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 31, 2021 ORDER TO SHOW CAUSE** |

## I.      INTRODUCTION

On March 31, 2021, this Court found "by clear and convincing evidence, that Rimini is violating the permanent injunction," ordered Rimini to show cause why it should not be held in contempt, and scheduled an evidentiary hearing for September 20, 2021 to hear additional evidence about additional violations of the Court's Injunction arising from Rimini's PeopleSoft and JD Edwards support practices.  ECF No. 1459 ("March 31, 2021 Order").

Rimini's Motion for Reconsideration asks this Court to vacate two pages from the Court's March 31, 2021 Order that analyze Rimini's unlawful cross-use of PeopleSoft environments associated with Campbell Soup Company and City of Eugene to develop and test its PPACA updates HCM104286 and HCM104288, conduct that is an adjudicated infringement of Oracle's copyrights.  *See* ECF No. 1460-1 (Rimini's Proposed Order).  Rimini asserts that "[b]ecause the acts related to the Campbell Soup and City of Eugene updates occurred years before the permanent injunction went into effect, those updates could not violate the injunction."  Motion at 4.  While Oracle agrees that HCM104286 was developed in 2014, and HCM104288 was developed in 2015 and 2016 (before the Court issued its permanent injunction on August 15, 2018), Oracle does not agree that the Court's analysis of these updates is irrelevant to the upcoming evidentiary hearing.  Rimini's proposed order is overbroad and would jettison the Court's framework for analyzing what unlawful conduct constitutes a violation of the Injunction. The Court was very careful in its March 31, 2021 Order to instruct the parties regarding how violations of the Injunction should be analyzed, and it would be unhelpful and improper to strike those instructions.

## II.     FACTUAL BACKGROUND

On September 14, 2020, the Court granted in relevant part Oracle's motion for partial summary judgment (in the *Rimini II* action) that Rimini infringed Oracle's PeopleSoft copyrights when developing and testing its PPACA updates HCM104286 and HCM104288.  *Rimini II*, ECF No. 1253 at 38–66.  Rimini developed its PPACA update HCM104286 in 2014.  *Id.* at 44, 46. Rimini developed its PPACA update HCM104288 in 2015 and 2016.  *See Rimini II*, ECF No. 904

ORACLE'S RESPONSE TO RIMINI'S MOTION FOR RECONSIDERATION OF THE
COURT'S MARCH 31, 2021 ORDER TO SHOW CAUSE

1   at 6–7 (Oracle's Motion for Partial Summary Judgment on Cross-Use and Derivative Works).  In

2   its March 31, 2021 Order, the Court further analyzed these PPACA updates and provided a

3   framework for identifying certain categories of unlawful conduct that constitute a violation of the

4   Injunction issued in *Rimini I*.

5          With respect to update HCM104286, the Court ruled in its March 31, 2021 Order that

6   "when Rimini created and tested [this update] in Campbell Soup's environment, even knowing

7   that Campbell Soup did not want the update, such copying was not for Campbell Soup's sole

8   'internal data processing operations.'"  ECF No. 1459 at 17.  The Court further ruled that "when

9   this update was then sent to Rimini's client Toll Brothers (without any *separate development or*

10  *testing* in a Toll Brothers environment), the Court held that Rimini used Campbell Soup's

11  development environment, under color of Campbell Soup's license, to develop the update for the

12  benefit of Toll Brothers in violation of the 'internal data processing operations' provision of the

13  license." *Id.* (emphasis in original).  "[S]uch conduct," the Court held, "violates the permanent

14  injunction," particularly paragraphs 4 and 6.  *Id.*  This analysis provides a framework for

15  establishing additional violations of the Injunction.

16         With respect to update HCM104288, the Court ruled in its March 31, 2021 Order that this

17  individual update "was a derivative work: it substantially incorporated protected material from

18  the preexisting work because Rimini used the PeopleTools Application Designer utility (which is

19  part of Oracle's PeopleTools software) to create the update, and the update could not be used with

20  any software programs other than PeopleSoft." *Id.* at 17–18.  The Court also ruled that Rimini

21  engaged in unlicensed conduct when it "'prototyped' the update in City of Eugene's environment,

22  and then sent it to three other clients without any testing or development in their respective

23  environments—such development could not be solely for City of Eugene's 'internal data

24  processing operations.'" *Id.* at 18.  And the Court further "held that in that instance, Rimini's

25  prototyping of the update and later distribution of the update to other clients, also violated section

26  4.1 of the [City of Eugene] license." *Id.*  "[T]his conduct," the Court ruled, "also violates the

27  permanent injunction," particularly paragraphs 4 and 6, thus providing an additional framework

28

ORACLE'S RESPONSE TO RIMINI'S MOTION FOR RECONSIDERATION OF THE
COURT'S MARCH 31, 2021 ORDER TO SHOW CAUSE

1    for establishing violations of the Injunction.  *Id.*

2    **III.    ARGUMENT**

3         Oracle intends to rely upon the Court's well-reasoned framework regarding Rimini's two

4    PPACA updates to establish additional violations of the Injunction (in addition to the examples

5    presented in Oracle's Motion for Order to Show Cause as to which the Court requested an

6    evidentiary hearing) at and before the September 20, 2021 evidentiary hearing.  As just one

7    example, after the Injunction went into effect, Rimini ████████████████████████████

8    HCM104288 update—one of the two PPACA updates at issue—████████████████████████

9    ████████████████████████████  *See* Declaration of John A. Polito, Ex. 1 at 5–8

10   (████████████████████████████████████████████); Ex. 2

11   (████████████████████████████████████████); Ex. 3 (████████

12   ████████████████████████████████).

13        While Oracle agrees that some modification of the Court's Order is unobjectionable,

14   Rimini's proposed order should be rejected because it would jettison the Court's framework for

15   proving violations of the Injunction outlined above.  Rimini's requested remedy is also overbroad

16   to the extent it seeks to amend the Court's findings as to all "updates related to … City of

17   Eugene."  Motion at 4; *see also* Proposed Order.  That proposed amendment is improper because

18   there are updates related to the City of Eugene for which this Court has issued an order to show

19   cause that are not the subject of Rimini's reconsideration request.  ECF No. 1459 at 19–20

20   ("Rimini update 'rsi940.sqr' was tested in COE [City of Eugene] and then sent to all clients in

21   scope. This appears to be a classic example of unlawful cross-use and Rimini using one client's

22   environment under color of license for another client. … Accordingly, the Court issues an order

23   to show cause as to this conduct.") (citations omitted).  To the extent that any reconsideration is

24   warranted, it should be limited to clarifying that although Rimini's development of HCM104286

25   and HCM104288 occurred before the Injunction, similar conduct occurring after the Injunction is

26   grounds for contempt.

27

28

ORACLE'S RESPONSE TO RIMINI'S MOTION FOR RECONSIDERATION OF THE
COURT'S MARCH 31, 2021 ORDER TO SHOW CAUSE

1

2   DATED: April 16, 2021

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS & BOCKIUS LLP

By: _____ */s/ John A. Polito* _____
John A. Polito

Attorneys for Plaintiffs Oracle USA, Inc., Oracle
America, Inc. and Oracle International
Corporation

4

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on the 16th day of April, 2021, I electronically transmitted the

3   foregoing **ORACLE'S RESPONSE TO RIMINI'S MOTION FOR RECONSIDERATION**

4   **OF THE COURT'S MARCH 31, 2021 ORDER TO SHOW CAUSE** to the Clerk's Office

5   using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel

6   in this matter; all counsel being registered to receive Electronic Filing.

7                                                   MORGAN, LEWIS & BOCKIUS LLP

8   DATED: April 16, 2021

9                                            By: _____/s/ John A. Polito_____
                                                          John A. Polito
10

11                                               Attorneys for Plaintiffs Oracle USA, Inc., Oracle
                                                    America, Inc. and Oracle International
12                                                              Corporation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28