GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: 925.264.7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: 336.908.6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: 702.667.4843
wwa@h2law.com

*Attorneys for Defendant*
*Rimini Street, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., et al.,<br><br>Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 31, 2021 ORDER TO SHOW CAUSE** |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT..........................................................................................................................1

    A. Reconsideration Is Warranted...............................................................................1

    B. Oracle's Announcement That It Intends to Violate the Court's Order Should Not Be Tolerated ................................................................................................2

    C. Oracle Seeks to Amend the Court's Order with Unrelated and Unmentioned Revisions in Its Proposed Order....................................................5

III. CONCLUSION.......................................................................................................................6

## I.   INTRODUCTION

The Court's show-cause order (ECF No. 1459) identified twelve actual or potential violations of the permanent injunction, and set a briefing and hearing schedule for resolution of those twelve acts—and only those twelve acts.

Rimini has moved for reconsideration (ECF No. 1460) on the discrete ground that two of the identified updates were developed years before the injunction was entered, and thus cannot constitute violations. In its response, Oracle does not dispute this point. *See* ECF No. 1461 at 1:14–16, 3:13. Accordingly, Rimini's motion should be granted as uncontested.

Oracle's response also indicates, however, that it "intends … to establish *additional* violations of the Injunction (in addition to the examples … as to which the Court requested an evidentiary hearing) at and before the September 20, 2021 evidentiary hearing." *Id.* at 3:3–6 (emphasis added). But the Court could not have been clearer in ruling that the *only* issues for the upcoming hearing are those identified in the Court's order. *See* ECF No. 1459 at 35:13–23 ("[T]he Court cautions the parties to strictly stay within the bounds articulated above for its argument and evidence presentation; violations will not be tolerated."). Oracle's expressed intention to violate this Court's order goes beyond the bounds of zealous advocacy and should not be tolerated.

## II.   ARGUMENT

### A.   Reconsideration Is Warranted

Rimini requested that this Court reconsider "one discrete aspect" of its comprehensive order granting in part and denying in part Oracle's motion for an order to show cause. ECF No. 1459. Specifically, Rimini requested that this Court vacate its finding that Rimini violated the permanent injunction with respect to two updates related to Campbell Soup and City of Eugene. Those two updates occurred in or before January 2016, before the injunction went into effect in 2018, and therefore, they could not violate the injunction. *See Oxycal Lab'ys, Inc. v. Alacer Corp.*, 99 F.3d 1146, *1 (9th Cir. 1996); *Harrington v. Tackett*, 2020 WL 7227211, at *2–3 (D. Nev. Dec. 8, 2020). Accordingly, Rimini asked the Court to correct this inadvertent mistake of fact. L.R. 59-1(a).

In its response, Oracle does not dispute that these two updates occurred before the injunction was entered. *See* ECF No. 1461 at 1:14–16 ("Oracle agrees that HCM104286 was developed in 2014, and HCM104288 was developed in 2015 and 2016 (before the Court issued its permanent injunction on August 15, 2018) …."). Nor does Oracle dispute that, as a result, the order should be modified. *Id.* at 3:13 ("Oracle agrees that some modification of the Court's Order is unobjectionable …."). Thus, Rimini's motion should be granted.

Although Oracle agrees the order should be modified, it contends that Rimini's proposed order is overbroad. That is incorrect. Rimini's proposed order would vacate only the Court's findings related to the City of Eugene and Campbell Soup updates that the Court ruled upon in its *Rimini II* summary judgment order—nothing more. The proposed order cites the particular page and line numbers at which those findings appear in the Court's order. *See* ECF No. 1460-1 (citing ECF No. 1459 at 17:1–18:23). Since the parties agree that these two updates do not violate the injunction, the appropriate relief is to vacate the portion of the order finding to the contrary.

**B.    Oracle's Announcement That It Intends to Violate the Court's Order Should Not Be Tolerated**

Although Oracle has not sought reconsideration or amendment of the Court's order, its response states expressly its intent to violate the Court's order by attempting to add *new* alleged violations to the contempt proceeding.

This Court held that the contempt evidentiary hearing will be "strictly" limited to the twelve actual or potential violations addressed by the Court's order. Specifically, this Court held:

> [A] hearing ***on the above discussed issues*** will be held … on September 20, 2021 at 9:00 a.m. … ***and the Court cautions the parties to strictly stay within the bounds articulated above for its argument and evidence presentation; violations will not be tolerated.***

ECF 1459 at 35:13–23 (emphases added).

Oracle, however, states in its response that it will *not* strictly stay within the bounds of this Court's order. Instead, Oracle plans to attempt to "establish ***additional*** violations of the

Injunction" *beyond* those on "which the Court requested an evidentiary hearing." ECF No. 1461 at 3:3–6 (emphasis added). Oracle plans to do so "at and before the September 20, 2021 evidentiary hearing." *Id.* And Oracle asks this Court to approve its approach by entering Oracle's proposed order, which states:

> The Court removes the sentences beginning with "Because the Court finds" and amends this portion of the Order to state as follows: "Although Rimini's development of HCM104286 occurred before the Injunction, the Court holds that similar conduct occurring after the Injunction is grounds for contempt."

ECF No. 1461-5 (first bullet). It is difficult to imagine a more blatant affront to this Court's clear instruction.

Oracle had every opportunity to present for the Court's consideration the conduct it believed warranted contempt sanctions. Indeed, for this contempt proceeding alone, the parties engaged in seven months of fact discovery and an additional five months of expert discovery, including two rounds of expert reports. *See* ECF No. 1374-3 at 8–12. Rimini produced nearly a million documents to Oracle, provided Oracle with 24/7, real-time access to Rimini computer systems used by developers; and provided deposition testimony on nearly every aspect of Rimini's business during the relevant post-injunction time period. *Id.* From this lengthy discovery process and voluminous body of evidence, Oracle took its best shot, filing a motion for an order to show cause in which it was able to allege any conceivable violation of the injunction.

This Court carefully reviewed Oracle's arguments and all of the evidence it submitted in support, and issued a lengthy order granting in part and denying in part Oracle's motion. The Court's order specified twelve—and only twelve—actual or potential violations of the injunction, and moved this proceeding to its next logical stage.

Oracle did not seek reconsideration of the Court's show-cause order or identify any factual or legal error in the Court's analysis. Oracle simply disregards it. Despite the Court's strict *narrowing* of the issues from what Oracle accused, Oracle is seeking to *expand* the proceedings beyond even what it identified in its original motion.

Oracle's discussion of update HCM104288 in its response illustrates the point. Oracle claims, for the first time, that Rimini allegedly distributed update HCM104288 to new customers after that update was developed, and—although Oracle does not explain why—appears to claim that this was infringing or a violation of the injunction. *See* ECF No. 1461 at 3:6–12 (discussing Rimini's release RS18A18 and HCM104288). The development and implementation of update HCM104288 has never been at issue in this contempt proceeding for any Rimini client, let alone for the two clients identified by Oracle. Oracle did not submit any evidence or argument regarding that update in its motion for an order to show cause. Its expert did not mention it in either of her expert reports in the contempt proceeding. In fact, none of the exhibits Oracle submitted with its response are listed on Oracle's expert's list of materials considered. Rimini's expert, accordingly, did not address that update in his analysis either. In short, it is a *brand-new allegation*.[1]

Allowing Oracle to raise new issues now—after discovery has closed, after two rounds of expert reports, after Oracle filed its motion for order to show cause on myriad issues, and after the Court already ruled on Oracle's motion—would violate not only this Court's order, but also Rimini's due process right to notice of the nature and particulars of the contempt charged. *See United States v. Robinson*, 449 F.2d 925, 930 (9th Cir. 1971) (reversing finding of contempt order to show cause did not "specify[] the facts upon which this general charge rested"; due process requires that the order "contain enough to inform [the alleged contemnor] of the nature and particulars of the contempt charged"); *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 794 (1987) (courts are required to "state the essential facts" constituting contempt to satisfy notice requirement); *Consolidation Coal Co. v. Local No. 1784*, 514 F.2d 763, 765 (6th Cir. 1975) ("Like any civil litigant, a civil contemnor is … clearly entitled to those due process rights, applicable to every judicial proceeding, of proper notice"). The Court

---

[1] The new allegation is also meritless. The Court ordered that, as to HCM104288 *in 2015*, "what was not expressly licensed was when Rimini 'prototyped' the update in City of Eugene's environment, and then sent it to three other clients *without any testing or development* in their respective environments[.]" ECF No. 1459 at 18:3–7 (emphasis added). Here, the exhibits Oracle submitted with its response either say nothing about development or testing, or show that further development and testing occurred in the recipient client's environment. *See* Ex. 2 at 6 ("I'm including and asking Hari to take a look as he was the one testing [Stater Bros.] for PPACA"); *id.* at 4 ("Hari confirmed this has been tested").

Gibson, Dunn & Crutcher LLP

has carefully followed the show-cause procedure and set a schedule for briefing and a hearing on *identified* actual or potential violations. Allowing Oracle to inject *new* allegations at this stage would make a mockery of that process.

Oracle's stated intent to expand the September evidentiary hearing creates an unconstitutional and unfair Catch-22 for Rimini. The Court ordered Rimini to show cause why it should not be held in contempt for the *particular* violations or potential violations specifically identified in its order, and set a briefing schedule and a hearing on those issues. Rimini's brief is due May 10, 2021. Rimini cannot "show cause" in that brief for alleged violations that Oracle has not even identified, let alone established.

### C. Oracle Seeks to Amend the Court's Order with Unrelated and Unmentioned Revisions in Its Proposed Order

Oracle's proposed order also requests a substantive revision to the Court's order that Oracle does not even mention in its brief and is wholly unrelated to the issue presented in Rimini's motion for reconsideration. Oracle's proposed order states:

> Page 19, lines 11–12: The Court replaces "neither believes" with "Rimini does not believe."

ECF No. 1461-5 (third bullet). Page 19 of the Court's order, in turn, states:

> If a subsequent Rimini client needs the same or a similar update, Rimini may use the same test plan, *i.e.*, the same list of tests to run to ensure the functionality of the update, for the subsequent client. *Id.* ¶ 265. The parties agree that these test cases may contain screenshots of the Oracle software successfully running the update, but ***neither believes*** these screenshots constitute infringing conduct. *Id.* ¶ 266; ECF No. 1368-1-s ¶ 52.

ECF No. 1459 at 19 (emphasis added).

Oracle did not move for reconsideration on this point. In fact, Oracle *did not even alert or mention to the Court* this proposed revision (or even this *topic*) in its response brief. There is no justification anywhere in Oracle's papers for why this change should be made. Oracle's attempt to slip this substantive change into its proposed order without mentioning it to Rimini or the Court is entirely improper.

### III. CONCLUSION

Rimini's motion for reconsideration should be granted. The two updates at issue in this motion should not be part of the contempt proceedings, and those proceedings must be limited to the ten remaining actual or potential violations identified in the Court's order.

Dated: April 22, 2021

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Eric D. Vandevelde*
Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*