GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: 925.264.7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: 336.908.6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: 702.667.4843
wwa@h2law.com

*Attorneys for Defendant
Rimini Street, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., et al.,<br><br>Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>**MOTION TO SEAL PORTIONS OF RIMINI'S RESPONSE TO ORDER TO SHOW CAUSE AND EXHIBITS TO ERIC D. VANDEVELDE DECLARATION**<br><br>**Hearing:**<br>Date: September 20, 2021<br>Time: 9:00 a.m.<br>Place: Bruce R. Thompson Courthouse, Reno, NV<br>Judge: Hon. Larry R. Hicks |

Gibson, Dunn & Crutcher LLP

MOTION TO SEAL PORTIONS OF RIMINI'S RESPONSE TO OSC
AND EXHIBITS TO ERIC D. VANDEVELDE DECLARATION
CASE NO. 2:10-CV-00106-LRH-VCF

## NOTICE OF MOTION AND MOTION

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 10, 2010 (ECF No. 55, "Protective Order"), Rules 5.2(e)–(f) and 26(c) of the Federal Rules of Civil Procedure, and Local Rule 10-5(b), Defendant Rimini Street, Inc. ("Rimini") respectfully requests that the Court seal: (1) portions of Rimini's Response to Order to Show Cause (the "Response"); and (2) Exhibits A through P to the Vandevelde Declaration (collectively, the "Confidential Materials").

A public, redacted version of the Response was filed on May 10, 2021. Exhibits A through P to the Vandevelde Declaration and an unredacted version of the Response will be subsequently filed under seal with the Court and linked to the filing of this motion. This Motion to Seal is based on this Notice of Motion and the accompanying Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Rimini respectfully requests that the Court seal the Confidential Materials because they contain confidential information regarding Rimini's business processes or information that Oracle has designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Protective Order. Good cause exists to seal the Confidential Materials, as set forth below.

This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA (D. Nev.), ECF Nos. 127, 137, 222, 280–282, 287, 333–334, 371, 391, 434–436, 602, 625–628, 760–768, 836–849, 1122, 1191.

### I.  ARGUMENT

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Rimini has designated as confidential certain documents and information filed in support of the Opposition because they contain confidential information about Rimini's proprietary processes.

2

MOTION TO SEAL PORTIONS OF RIMINI'S RESPONSE TO OSC
AND EXHIBITS TO ERIC D. VANDEVELDE DECLARATION
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

**A.     Highly Confidential Information About Rimini's Proprietary Processes**

Rimini moves to seal proprietary information regarding the ways in which Rimini provides services to its clients and runs its business operations. This information is reflected in portions of the Confidential Materials.

Portions of the Response as well as the entirety of Exhibits A through L and N through P to the Vandevelde Declaration contain non-public information regarding Rimini's proprietary processes, including detailed descriptions of how Rimini provides services to its clients, confidential Rimini-written computer code, solutions provided to clients under confidentiality agreements, and output of Rimini's technical tools used for servicing clients pursuant to its processes. Rimini designated these documents "Highly Confidential" under the Protective Order.

Under the Protective Order, "all non-public information" regarding "business plans" or "proprietary technical information and specifications" are properly designated confidential, and "extremely sensitive . . . non-public information" including trade secrets are properly designated as highly confidential. Disclosure of this information, whether in the Response or the exhibits to the Vandevelde Declaration, would advantage Rimini's competitors, disclosing trade secrets that would allow Rimini's competitors to adopt methods that have made Rimini successful, and more easily allow them to compete in the third-party software service marketplace. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 14-CV-772, 2015 WL 105793, at *2 (D. Nev. Jan. 7, 2015) (granting motion to seal where documents "contain[ed] information that could injure Plaintiffs' competitive posture in the … industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, No. 12-CV-111, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice, trade secret, and technical information that could injure the parties' competitive posture"); *Clark v. Metro. Life Ins. Co.*, No. 08-CV-158, 2010 WL 1006823, at *1 (D. Nev. Mar. 16, 2010) (granting motion to seal materials that would "bring attention to MetLife's confidential internal business deliberations, organization, and capabilities").

Gibson, Dunn & Crutcher LLP

3

MOTION TO SEAL PORTIONS OF RIMINI'S RESPONSE TO OSC
AND EXHIBITS TO ERIC D. VANDEVELDE DECLARATION
CASE NO. 2:10-CV-00106-LRH-VCF

This Court has previously granted motions to file under seal portions of documents containing this type of confidential information regarding Rimini's internal business processes. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA, ECF Nos. 627, 1240. Sealing Rimini's proprietary information, including business processes, computer code, and output of its tools is narrowly tailored and will not frustrate the public's visibility into the judicial process. Rimini's sealing request is narrowly tailored to only highly sensitive information. The vast majority of Rimini's Response is filed publicly without redaction and is comprehensible despite the sealing of the underlying technical documents and related communications submitted with the Vandevelde Declaration.

**B.    Information Designated Highly Confidential Pursuant to the Protective Order**

The Protective Order provides that:

> Counsel for any Designating Party may designate any Discovery Material as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" under the terms of this Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" shall constitute a representation that any attorney for the Designating Party reasonably believes there is a valid basis for such designation.

Protective Order ¶ 2.

Rimini requests that the Court seal portions of the Response that describe or otherwise reveal information that Oracle has designated "Highly Confidential" under the terms of the Protective Order. Rimini also requests that the Court seal the entirety of Exhibit K and Exhibit M to the Vandevelde Declaration, which Oracle has designed "Highly Confidential" under the terms of the Protective Order. In addition, non-party Easter Seals of New Hampshire, Inc. has designated Exhibit K to the Vandevelde Declaration as "Confidential Information." Protective Order ¶ 2. By designating the information as "Confidential" or "Highly Confidential," the designating party has represented that the information cited is subject to protection under Federal Rule of Civil Procedure 26(c). *Id*. This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*. *See, e.g.*, ECF

4

MOTION TO SEAL PORTIONS OF RIMINI'S RESPONSE TO OSC
AND EXHIBITS TO ERIC D. VANDEVELDE DECLARATION
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA (D. Nev.), ECF Nos. 280, 391, 460, 518, 541, and 549.

## II. CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court grant leave to file the Confidential Materials under seal .

Dated:  May 10, 2021

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Eric D. Vandevelde*
       Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*

Gibson, Dunn & Crutcher LLP

5

MOTION TO SEAL PORTIONS OF RIMINI'S RESPONSE TO OSC
AND EXHIBITS TO ERIC D. VANDEVELDE DECLARATION
CASE NO. 2:10-CV-00106-LRH-VCF