BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:     702.382.7300
Facsimile:      702.382.2755
rpocker@bsfllp.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
WILLIAM A. ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006
Telephone:     202.223.7300
Facsimile:      202.223.7420
wisaacson@paulweiss.com
kdunn@paulweiss.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:     415.442.1000
Facsimile:      415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:     650.506.4846
Facsimile:      650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S MOTION TO SEAL ORACLE'S RESPONSE TO RIMINI'S RESPONSE TO ORDER TO SHOW CAUSE AND SUPPORTING DECLARATIONS AND EXHIBITS** |

## NOTICE OF MOTION AND MOTION

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), Local Rules 10-5(b), Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") respectfully request that the Court order the Clerk of the Court to file under seal the following documents:

- Portions of Oracle's Response to Rimini's Response to Order to Show Cause ("Oracle's Response");
- Portions of the Declaration of Jacob Minne Supporting Oracle's Response ("Minne Declaration");
- Portions of the Declaration of Barbara Frederiksen-Cross Supporting Oracle's Response ("Frederiksen-Cross Declaration"); and
- Exhibits 1–4, 8–24, and 26–32.

Public, redacted versions of Oracle's Response and these Declarations and Exhibits were filed on June 9, 2021. ECF No. 1472. Unredacted versions of these documents will be subsequently filed under seal with the Court and linked to the filing of this motion.

Oracle's Motion to Seal is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, documents incorporated by reference, and the entire record in this action.

1

ORACLE'S MOTION TO SEAL ORACLE'S RESPONSE TO RIMINI'S RESPONSE TO ORDER TO SHOW CAUSE AND SUPPORTING DECLARATIONS AND EXHIBITS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). The Ninth Circuit has held that "compelling reasons must be shown to seal judicial records attached to a dispositive motion" based on the presentation of "articulable facts." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179, 1181 (9th Cir. 2006). Courts have discretion to determine what constitutes a "compelling reason," and have found "sources of business information that might harm a litigant's competitive standing" are sufficient to meet the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler* Grp., *LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal citations omitted).

Documents may be sealed for "good cause." *Kamakana*, 447 F.3d at 1179–80; *Selling Source, LLC v. Red River Ventures, LLC*, 2:09-CV-01491-JCM, 2011 WL 1630338, at *1 (D. Nev. Apr. 29, 2011) (citing *Phillips v. General Motors*, 307 F.3d 1206, 1210, 1213 (9th Cir. 2002)). With non-dispositive motions, a party may overcome the presumption against sealing a document by showing that the material to be filed under seal is being done so pursuant to a valid protective order. ECF No. 1349 at 3 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002))).

Under the Protective Order, a "Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' . . . if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c)." Protective Order ¶ 2. Such a designation "constitute[s] a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." *Id*.

## II. ARGUMENT

Oracle requests that Court seal Exhibits 2–3 and 12–14 as described below and further requests that the Court seal those portions of Oracle's Response as described below. Oracle also requests that the Court seal portions of the Minne Declaration, Frederiksen-Cross Declaration, along with Exhibits 1–4, 8–24, and 26–32 and the corresponding portions of Oracle's Response referencing these materials because they each reference documents or testimony that Rimini has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

### A. Exhibits and Briefing Material Containing Oracle's Confidential Information

Exhibit 2 contains excerpts from the May 20, 2020 Corrected Post-Injunction Expert Report of Barbara Ann Frederiksen-Cross. Portions of Exhibit 2 (including footnote 358, page 145, and paragraph 372) contain non-public, technologically, and commercially sensitive information relating to Oracle's PeopleSoft and JD Edwards software. The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle. ECF No. 1367-2 (Declaration of James C. Maroulis Regarding Sealing) at ¶ 3. Oracle therefore requests that the Court seal these identified portions in Exhibit 2.

Exhibit 3 contains excerpts from the September 14, 2018 Surrebuttal Report of Barbara Ann Frederiksen-Cross submitted in the *Rimini II* litigation. Portions of Exhibit 3 (including footnotes 2–6, and 27) contain non-public, technologically, and commercially sensitive information relating to Oracle's PeopleSoft, JD Edwards, and E-Business Suite software. The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle. ECF No. 1367-2 at ¶ 3. Oracle therefore requests that the Court seal these identified portions in Exhibit 3.

Exhibit 12 contains excerpts of a document produced by Rimini bearing the Bates number RSI007291141. Portions of Exhibit 12 (including RSI007291142) contain non-public, technologically, and commercially sensitive information relating to Oracle's PeopleSoft software. The public disclosure of this information would create a significant risk of competitive injury and

particularized harm, and would prejudice Oracle.  ECF No. 1367-2 at ¶ 3.  Oracle therefore requests that the Court seal these identified portions in Exhibit 12.

Exhibit 13 contains excerpts of a document produced by Rimini bearing the Bates number RSI007291146.  Exhibit 13 contains non-public, technologically, and commercially sensitive information relating to Oracle's PeopleSoft software.  The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle by revealing confidential technical information about proprietary Oracle source code files.  ECF No. 1367-2 at ¶ 3.  Oracle therefore requests that the Court seal the entirety of Exhibit 13.

Exhibit 14 contains excerpts of a document produced by Rimini bearing the Bates number RSI007291065.  Portions of Exhibit 14 (including RSI007291066) contain non-public, technologically, and commercially sensitive information relating to Oracle's PeopleSoft software.  The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle.  ECF No. 1367-2 at ¶ 3.  Oracle therefore requests that the Court seal these identified portions in Exhibit 14.

With respect to Oracle's Response, portions of this Response (including portions of the table on pages 11–12) contain non-public, technologically and commercially sensitive information relating to Oracle's PeopleSoft software.  The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle.  ECF No. 1367-2 at ¶ 3.  Oracle's competitors and potential competitors could use such information in competition with Oracle.  *Id.*  Oracle therefore requests that the Court seal these identified portions in Oracle's OSC Motion.

Oracle would be harmed by the disclosure of the information contained in Exhibits 2–3, 12–14, and those portions of Oracle's Response already discussed.  As a result, these materials should be sealed.  *Ctr. for Auto Safety*, 809 F.3d at 1097 ("sources of business information that might harm a litigant's competitive standing," constitute "compelling reasons" to seal); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12- CV-03844-JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept

4

ORACLE'S MOTION TO SEAL ORACLE'S RESPONSE TO RIMINI'S RESPONSE TO
ORDER TO SHOW CAUSE AND SUPPORTING DECLARATIONS AND EXHIBITS

confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, C 10-3724 CW, 2013 WL 4426507, at *4-5 (N.D. Cal. Aug. 14, 2013) (granting third party plaintiffs motion to seal after finding that third party plaintiffs licensing and settlement agreement contained sensitive information). Because of these compelling reasons to seal documents containing Oracle's confidential technical information, the Court should grant Oracle's motion to seal at least as to the material identified in Exhibits 2–3, 12–14, and those portions of Oracle's Response.

### B. Rimini Designated Material to Be Sealed

Oracle also requests that the Court seal portions of the Minne Declaration, Frederiksen-Cross Declaration, along with Exhibits 1–4, 8–24, and 26–32 and the corresponding portions of the OSC Motion referencing these materials because they each reference documents or testimony that Rimini has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order, or reflect information drawn from data sources that Rimini has designated as "Highly Confidential – Attorneys' Eyes Only." Oracle submits these documents under seal pursuant to the Protective Order based on Rimini's representation that it reasonably believes there is a valid basis under the Protective Order for its confidentiality designations (and to give Rimini sufficient time to preserve confidentiality as to materials produced in this litigation). Because these materials were designated by Rimini, and except as separately enumerated above, Oracle is not in a position to provide further justification for why filing the documents publicly would cause Rimini harm sufficient to justify sealing.

This Court has previously granted motions to file under seal portions of documents containing these and other similar types of confidential information described above. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1261, 1349, 1459; *see also Rimini II*, Case No. 2:14-cv-1699, ECF No. 627. Sealing the confidential materials referenced herein would not frustrate the public's visibility into the judicial process because Oracle's request to seal is narrowly tailored to only those documents that contain particularly sensitive information. Oracle

has submitted all other portions of its Motion and supporting documents to the Court's public files, which allows public access to all materials except for the items discussed above.

### III. CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court grant leave to file under seal the materials discussed above.

DATED: June 9, 2021

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Benjamin P. Smith*
 Benjamin P. Smith

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June, 2021, I electronically transmitted the foregoing ORACLE'S MOTION TO SEAL ORACLE'S RESPONSE TO RIMINI'S RESPONSE TO ORDER TO SHOW CAUSE AND SUPPORTING DECLARATIONS AND EXHIBITS to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

MORGAN, LEWIS & BOCKIUS LLP

DATED: June 9, 2021

By: _/s/ Benjamin P. Smith_
Benjamin P. Smith

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation