UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>ORDER |

On March 31, 2021, the Court granted in part and denied in part a motion for an order to show cause filed by Oracle USA, Inc.; Oracle America, Inc.; and Oracle International Corporation (collectively "Oracle"). ECF No. 1459. Shortly thereafter, Rimini Street, Inc., and Seth Ravin (collectively "Rimini") filed a motion for reconsideration on one discrete aspect of the Court's order: whether two software updates related to Campbell Soup and City of Eugene, which the Court found to be infringing in *Rimini Street, Inc. v. Oracle International Corp.*, Case No. 2:14-cv-01699-LRH-DJA ("*Rimini II*") (ECF No. 1253), violated the permanent injunction in place in this case. ECF No. 1460. Oracle responded, conceding that the order to show cause should not have issued as to these two updates, but argued Rimini's proposed order was overly broad. ECF No. 1461. Accordingly, Rimini replied, arguing that Oracle's response directly conflicts with other aspects of the Court's order to show cause and requested the Court grant its motion for reconsideration. ECF No. 1465.

A party may move for relief from a final judgment or order under Federal Rule of Civil Procedure 60(b). A motion under Rule 60(b) is an "extraordinary remedy, to be used sparingly in

1

the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit allows for reconsideration "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Having reviewed its order to show cause and the relevant exhibits, the Court recognizes that it erred in ordering Rimini to show cause as it relates to the Campbell Soup and City of Eugene updates previously found to be infringing in *Rimini II*. Rimini's infringing conduct took place prior to the Court issuing the permanent injunction in this case, and therefore, cannot be a violation of the injunction. *See Oxycal Lab'ys, Inc. v. Alacer Corp.*, 99 F.3d 1146, 1996 WL 560228, at *1 (9th Cir. Sept. 30, 1996) (unpublished) (holding that "Alacer could not have violated the injunction or judgment until they had been entered by the court . . . "). Good cause appearing,

IT IS THEREFORE ORDERED that Rimini's motion for reconsideration (ECF No. 1460) is **GRANTED.** The Court STRIKES from its order to show cause (ECF No. 1459) page 17, line 1 through page 18, line 23. All other rulings and admonitions to the parties remain in full force—the parties are not to argue or present evidence on any issue not specifically permitted by this Order at the upcoming hearing. If Oracle wishes to rely on the Court's reasoning for additional contempt motions in the future, it may do so at that time.

IT IS FURTHER ORDERED that Oracle's motion to seal (ECF Nos. 1462) is **GRANTED** *nunc pro tunc.*[1]

IT IS SO ORDERED.

DATED this 9th day of June, 2021.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] The non-dispositive filings (portions of Oracle's brief and exhibits 1-3 to the supporting Declaration of John A. Polito) are sealed pursuant to the operative protective order in this case (ECF No. 55). *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (providing that the presumption that court records be open and accessible is automatically overcome by showing that the material to be filed under seal is being done so pursuant to a valid protective order).