| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>MARK A. PERRY (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  20036-5306<br>Telephone: 202.955.8500<br>mperry@gibsondunn.com | RIMINI STREET, INC.<br>DANIEL B. WINSLOW (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA  94566<br>Telephone: 925.264.7736<br>dwinslow@riministreet.com |
| GIBSON, DUNN & CRUTCHER LLP<br>JEFFREY T. THOMAS (*pro hac vice*)<br>BLAINE H. EVANSON (*pro hac vice*)<br>JOSEPH A. GORMAN (*pro hac vice*)<br>CASEY J. MCCRACKEN (*pro hac vice*)<br>3161 Michelson Drive<br>Irvine, CA  92612-4412<br>Telephone: 949.451.3800<br>jtthomas@gibsondunn.com<br>bevanson@gibsondunn.com<br>jgorman@gibsondunn.com<br>cmccracken@gibsondunn.com | RIMINI STREET, INC.<br>JOHN P. REILLY (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV  89169<br>Telephone: 336.908.6961<br>jreilly@riministreet.com<br><br>HOWARD & HOWARD ATTORNEYS PLLC<br>W. WEST ALLEN (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV  89169<br>Telephone: 702.667.4843<br>wwa@h2law.com |
| GIBSON, DUNN & CRUTCHER LLP<br>SAMUEL LIVERSIDGE (*pro hac vice*)<br>ERIC D. VANDEVELDE (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone: 213.229.7000<br>sliversidge@gibsondunn.com<br>evandevelde@gibsondunn.com | |

*Attorneys for Defendant*
*Rimini Street, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>RIMINI STREET, INC., et al.,<br><br>                    Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>**MOTION TO SEAL PORTIONS OF RIMINI'S REPLY REGARDING ORDER TO SHOW CAUSE AND EXHIBITS TO DECLARATION OF ERIC D. VANDEVELDE**<br><br>**Hearing:**<br>Date:     September 20, 2021<br>Time:     9:00 a.m.<br>Place:    Bruce R. Thompson<br>            Courthouse, Reno, NV<br>Judge:    Hon. Larry R. Hicks |

## NOTICE OF MOTION AND MOTION

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 10, 2010 (ECF No. 55, "Protective Order"), Rules 5.2(e)–(f) and 26(c) of the Federal Rules of Civil Procedure, and Local Rule 10-5(b), Defendant Rimini Street, Inc. ("Rimini") respectfully requests that the Court seal:  (1) portions of Rimini's Reply Regarding Order to Show Cause (the "Reply"); and (2) Exhibits Q and R to the Vandevelde Declaration (collectively, the "Confidential Materials").

A public, redacted version of the Reply was filed on June 21, 2021.  Exhibits Q and R to the Vandevelde Declaration and an unredacted version of the Reply will be subsequently filed under seal with the Court and linked to the filing of this motion.  This Motion to Seal is based on this Notice of Motion and the accompanying Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Rimini respectfully requests that the Court seal the Confidential Materials because they contain confidential information regarding Rimini's business processes or information that Oracle has designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Protective Order.  Good cause exists to seal the Confidential Materials, as set forth below.

This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*.  *See*, *e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA (D. Nev.), ECF Nos. 127, 137, 222, 280–282, 287, 333–334, 371, 391, 434–436, 602, 625–628, 760–768, 836–849, 1122, 1191.

### I.  ARGUMENT

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c).  Rimini has designated as confidential certain documents and information filed in support of the Reply because they contain confidential information about Rimini's proprietary processes.

Gibson, Dunn & Crutcher LLP

2

MOTION TO SEAL PORTIONS OF RIMINI'S REPLY RE ORDER TO SHOW CAUSE
AND EXHIBITS TO VANDEVELDE DECLARATION
CASE NO. 2:10-CV-00106-LRH-VCF

A.     **Highly Confidential Information About Rimini's Proprietary Processes**

Rimini moves to seal proprietary information regarding the ways in which Rimini provides services to its clients and runs its business operations. This information is reflected in portions of the Confidential Materials.

Portions of the Reply as well as the entirety of Exhibit Q to the Vandevelde Declaration contain non-public information regarding Rimini's proprietary processes, including detailed descriptions of how Rimini provides services to its clients, solutions provided to clients under confidentiality agreements, and output of Rimini's technical tools used for servicing clients pursuant to its processes. Rimini designated Exhibit Q as "Highly Confidential" under the Protective Order.

Under the Protective Order, "all non-public information" regarding "business plans" or "proprietary technical information and specifications" are properly designated confidential, and "extremely sensitive … non-public information" including trade secrets are properly designated as highly confidential. Disclosure of this information, whether in the Reply or Exhibit Q to the Vandevelde Declaration, would advantage Rimini's competitors, disclosing trade secrets that would allow Rimini's competitors to adopt methods that have made Rimini successful, and more easily allow them to compete in the third-party software service marketplace. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 14-CV-772, 2015 WL 105793, at *2 (D. Nev. Jan. 7, 2015) (granting motion to seal where documents "contain[ed] information that could injure Plaintiffs' competitive posture in the … industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, No. 12-CV-111, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice, trade secret, and technical information that could injure the parties' competitive posture"); *Clark v. Metro. Life Ins. Co.*, No. 08-CV-158, 2010 WL 1006823, at *1 (D. Nev. Mar. 16, 2010) (granting motion to seal materials that would "bring attention to MetLife's confidential internal business deliberations, organization, and capabilities").

This Court has previously granted motions to file under seal portions of documents containing this type of confidential information regarding Rimini's internal business processes.

3

MOTION TO SEAL PORTIONS OF RIMINI'S REPLY RE ORDER TO SHOW CAUSE
AND EXHIBITS TO VANDEVELDE DECLARATION
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

*See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA (D. Nev.), ECF Nos. 627, 1240.  Sealing Rimini's proprietary information, including business processes, client identities, and output of its tools is narrowly tailored and will not frustrate the public's visibility into the judicial process.  Rimini's sealing request is narrowly tailored to only highly sensitive information.  The vast majority of Rimini's Reply is filed publicly without redaction and is comprehensible despite the sealing of the underlying technical documents and related communications submitted with the Vandevelde Declaration.

**B.   Information Designated Highly Confidential Pursuant to the Protective Order**

The Protective Order provides that:

> Counsel for any Designating Party may designate any Discovery Material as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" under the terms of this Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c).  The designation by any Designating Party of any Discovery Material as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" shall constitute a representation that any attorney for the Designating Party reasonably believes there is a valid basis for such designation.

Protective Order ¶ 2.

Rimini requests that the Court seal portions of the Reply that describe or otherwise reveal information that Oracle has designated "Highly Confidential" under the terms of the Protective Order.  Rimini also requests that the Court seal the entirety of Exhibit R to the Vandevelde Declaration, which Oracle has designed "Confidential" or "Highly Confidential" under the terms of the Protective Order.  By designating the information as "Confidential" or "Highly Confidential," the designating party has represented that the information cited is subject to protection under Federal Rule of Civil Procedure 26(c).  *Id*.  This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*.  *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1250, 1261; *see also Rimini II*, No. 14-CV-1699-LRH-DJA (D. Nev.), ECF Nos. 280, 391, 460, 518, 541, and 549.

## II.   CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court grant leave to file the Confidential Materials under seal.

4

MOTION TO SEAL PORTIONS OF RIMINI'S REPLY RE ORDER TO SHOW CAUSE
AND EXHIBITS TO VANDEVELDE DECLARATION
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

Dated: June 21, 2021

                                                GIBSON, DUNN & CRUTCHER LLP

                                                By: */s/ Eric D. Vandevelde*
                                                                Eric D. Vandevelde

*Attorneys for Defendant
Rimini Street, Inc.*

Gibson, Dunn & Crutcher LLP

5

MOTION TO SEAL PORTIONS OF RIMINI'S REPLY RE ORDER TO SHOW CAUSE
AND EXHIBITS TO VANDEVELDE DECLARATION
CASE NO. 2:10-CV-00106-LRH-VCF