| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone:	702.382.7300<br>Facsimile:	702.382.2755<br>rpocker@bsfllp.com<br><br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>WILLIAM A. ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>2001 K Street, NW<br>Washington, DC 20006<br>Telephone:	202.223.7300<br>Facsimile:	202.223.7420<br>wisaacson@paulweiss.com<br>kdunn@paulweiss.com | MORGAN, LEWIS & BOCKIUS LLP<br>BENJAMIN P. SMITH (*pro hac vice*)<br>SHARON R. SMITH (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA  94105<br>Telephone:	415.442.1000<br>Facsimile:	415.442.1001<br>benjamin.smith@morganlewis.com<br>john.polito@morganlewis.com<br>sharon.smith@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:	650.506.4846<br>Facsimile:	650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com<br><br>*Attorneys for Plaintiffs Oracle USA, Inc.,*<br>*Oracle America, Inc., and Oracle*<br>*International Corp.* |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>　　　　　Defendants. | **Case No. 2:10-cv-0106-LRH-VCF**<br><br>**ORACLE'S MOTION TO SEAL JOINT PRE-HEARING ORDER AND EXHIBIT LISTS** |

ORACLE'S MOTION TO SEAL JOINT PRE-HEARING ORDER AND EXHIBIT LISTS

**NOTICE OF MOTION AND MOTION**

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), Local Rules 10-5(b), Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") respectfully request that the Court order the Clerk of the Court to file under seal the following documents:

- Portions of the parties' Joint Pre-Hearing Order Re: Order to Show Cause ("Pre-Hearing Order");
- Appendix A to the Pre-Hearing Order, which is Oracle's Exhibit List; and
- Appendix B to the Pre-Hearing Order, which is Rimini's Exhibit List.

Public, redacted versions of the Pre-Hearing Order and Appendices A and B were filed on August 20, 2021. ECF No. 1484. Unredacted versions of these documents will be subsequently filed under seal with the Court and linked to the filing of this motion.

Oracle's Motion to Seal is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, documents incorporated by reference, and the entire record in this action.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Documents may be sealed for "good cause." *Kamakana*, 447 F.3d at 1179–80; *Selling Source, LLC v. Red River Ventures, LLC*, 2:09-CV-01491-JCM, 2011 WL 1630338, at *1 (D. Nev. Apr. 29, 2011) (citing *Phillips v. General Motors*, 307 F.3d 1206, 1210, 1213 (9th Cir. 2002)). With non-dispositive motions, a party may overcome the presumption against sealing a document by showing that the material is being sealed pursuant to a valid protective order. ECF No. 1349 at 3 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002))).

Under the Protective Order, a "Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' . . . if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c)." Protective Order ¶ 2. Such a designation "constitute[s] a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." *Id.*

## II. ARGUMENT

Oracle requests that the Court seal Appendix A as described below. Oracle also requests that the Court seal portions of the Pre-Hearing Order and as well as Appendices A and B because they each reference documents or testimony that Rimini has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

### A. Oracle's Request to Seal Appendix A (Oracle's Exhibit List) and Portions of the Pre-Hearing Order

Appendix A to the Pre-Hearing Order is Oracle's exhibit list for the September 20, 2021 evidentiary hearing. Portions of Appendix A (including the description column for several of

Oracle's exhibits) contain non-public, technologically, and commercially sensitive information relating to Oracle's PeopleSoft and JD Edwards software. The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle. ECF No. 1367-2 (Declaration of James C. Maroulis Regarding Sealing) at ¶ 3. Oracle therefore requests that the Court seal these identified portions in Appendix A.

With respect to the Pre-Hearing Order, portions of this filing (including paragraphs 60–61 in Oracle's separate statement of facts) contain non-public and commercially sensitive information relating to Oracle's license agreements. The public disclosure of this information would create a significant risk of competitive injury and particularized harm and would prejudice Oracle. ECF No. 1367-2 at ¶ 3. Oracle's competitors and potential competitors could use such information in competition with Oracle. *Id.* Oracle therefore requests that the Court seal these identified portions of the parties' Pre-Hearing Order.

Oracle would be harmed by the disclosure of the information contained in Appendix A and these identified portions of the Pre-Hearing Order. As a result, these materials should be sealed. *Ctr. for Auto Safety*, 809 F.3d at 1097 ("sources of business information that might harm a litigant's competitive standing," constitute "compelling reasons" to seal); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12- CV-03844-JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, C 10-3724 CW, 2013 WL 4426507, at *4-5 (N.D. Cal. Aug. 14, 2013) (granting third party plaintiffs motion to seal after finding that third party plaintiffs licensing and settlement agreement contained sensitive information). The Court should grant Oracle's motion to seal at least as to Appendix A and the material identified in the Pre-Hearing Order.

**B.     Oracle's Request to Seal Portions of the Pre-Hearing Order, Appendix A, and Appendix B (Rimini's Exhibit List)**

Oracle also requests that the Court seal portions of the Pre-Hearing Order, Appendix A, and Appendix B (which is Rimini's exhibit list for the September 20, 2021 evidentiary hearing) because they each reference documents or testimony that Rimini has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order, or reflect information drawn from data sources that Rimini has designated as "Highly Confidential – Attorneys' Eyes Only."  Oracle submits these documents under seal pursuant to the Protective Order based on Rimini's representation that it reasonably believes there is a valid basis under the Protective Order for its confidentiality designations (and to give Rimini sufficient time to preserve confidentiality as to materials produced in this litigation).  Because these materials were designated by Rimini, and except as separately enumerated above, Oracle is not in a position to provide further justification for why filing the documents publicly would cause Rimini harm sufficient to justify sealing.

This Court has previously granted motions to file under seal portions of documents containing these and other similar types of confidential information described above. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1261, 1349, 1459; *see also Rimini II*, Case No. 2:14-cv-1699, ECF No. 627.  Sealing the confidential materials referenced herein would not frustrate the public's visibility into the judicial process because Oracle's request to seal is narrowly tailored to only those documents that contain particularly sensitive information.  Oracle has submitted all other portions of the parties' Pre-Hearing Order and supporting documents to the Court's public files, which allows public access to all materials except for the items discussed above.

### III. CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court grant leave to file under seal the materials discussed above.

DATED: August 20, 2021

MORGAN, LEWIS & BOCKIUS LLP

By:     */s/ Benjamin P. Smith*
        Benjamin P. Smith

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of August, 2021, I electronically transmitted the foregoing ORACLE'S MOTION TO SEAL JOINT PRE-HEARING ORDER AND EXHIBIT LISTS to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

MORGAN, LEWIS & BOCKIUS LLP

DATED: August 20, 2021

By: */s/ Benjamin P. Smith*
Benjamin P. Smith

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation