| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>MARK A. PERRY (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  20036-5306<br>Telephone: 202.955.8500<br>mperry@gibsondunn.com | RIMINI STREET, INC.<br>DANIEL B. WINSLOW (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA  94566<br>Telephone: 925.264.7736<br>dwinslow@riministreet.com |
| GIBSON, DUNN & CRUTCHER LLP<br>JEFFREY T. THOMAS (*pro hac vice*)<br>BLAINE H. EVANSON (*pro hac vice*)<br>JOSEPH A. GORMAN (*pro hac vice*)<br>CASEY J. MCCRACKEN (*pro hac vice*)<br>3161 Michelson Drive<br>Irvine, CA  92612-4412<br>Telephone: 949.451.3800<br>jtthomas@gibsondunn.com<br>bevanson@gibsondunn.com<br>jgorman@gibsondunn.com<br>cmccracken@gibsondunn.com | RIMINI STREET, INC.<br>JOHN P. REILLY (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV  89169<br>Telephone: 336.908.6961<br>jreilly@riministreet.com<br><br>HOWARD & HOWARD ATTORNEYS PLLC<br>W. WEST ALLEN (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV  89169<br>Telephone: 702.667.4843<br>wwa@h2law.com |
| GIBSON, DUNN & CRUTCHER LLP<br>SAMUEL LIVERSIDGE (*pro hac vice*)<br>ERIC D. VANDEVELDE (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone: 213.229.7000<br>sliversidge@gibsondunn.com<br>evandevelde@gibsondunn.com | |

*Attorneys for Defendant*
*Rimini Street, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>RIMINI STREET, INC., et al.,<br><br>                Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT**<br><br>**Oral Argument Requested** |

Gibson, Dunn & Crutcher LLP

RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER
EXPERT REPORT SUPPLEMENT
CASE NO. 2:10-CV-00106-LRH-VCF

## I. INTRODUCTION

Last Friday, on August 20, well over a year after the close of expert discovery and the deadline for expert reports, five months after this Court's show cause order, mere weeks before the upcoming six-day evidentiary hearing, and *hours* before the filing of the proposed pre-hearing order, Oracle dumped on Rimini a self-styled "supplement" to the expert report of Oracle's witness Barbara Frederiksen-Cross with over *250 new exhibits* (*see* Exhibit 1 to the Declaration of Casey J. McCracken ("McCracken Decl.")).  Ms. Frederiksen-Cross has never cited, never discussed, and never mentioned the majority of these documents in any of her prior reports or during her deposition in this matter.  She does not analyze, explain, or otherwise comment on any of these exhibits in her supposed "supplement," nor describe how they support her (undisclosed) "opinions."  *See* McCracken Decl., Ex. 1 ¶ 6.  Rather, she asserts simply: "It is my opinion that these additional documents provide further support for the opinions that I have previously set forth in the reports and declarations that I have previously submitted in this matter."  *Id.*

The Court should strike the "supplement."  Ms. Frederiksen-Cross's two-line "opinion" is not only an untimely and prejudicial attempt to expand these proceedings with a last-minute document dump, but a straightforward violation of Rule 26's requirement that an expert disclosure "be 'a *complete* statement of *all* opinions the witness will express *and the basis and reasons for them*.'"  *Kuklock v. Nev. Dep't of Transp.*, 2020 WL 7081582, at *1 (D. Nev. Dec. 2, 2020) (Hicks, J.) (emphases added) (quoting Fed. R. Civ. P. 26(a)(2)(B)(i)).  Her supplement includes no fairly discernible opinions and cannot justify Oracle's document dump.  Nor can Oracle be permitted to have her discuss these new exhibits and disclose and explain her opinions about them all *for the first time* "*at the evidentiary hearing*," as it apparently plans. McCracken Decl., Ex. 1 ¶ 6 (emphasis added).  The supplement is also "beyond the scope of proper supplementation" under Rule 26, because it "states additional opinions [and] seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report."  *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010).

Gibson, Dunn & Crutcher LLP

2
RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT
CASE NO. 2:10-CV-00106-LRH-VCF

As this Court has made clear, the duty to supplement an expert report under Rule 26 exists to "correct[] mistakes" and address "the interstices of an incomplete report based on information that was not available at the time of disclosure." *Kuklock*, 2020 WL 7081582, at *2 (quotation marks omitted). It "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report." *Id.* (striking supplemental report) (quotation marks omitted). Oracle's eve-of-hearing "supplement" is highly prejudicial to Rimini, who cannot conceivably prepare a response both because of the tardiness of the disclosure and its seemingly intentional inscrutability. Oracle's attempted improper expansion of Ms. Frederiksen-Cross's expert report should be stricken under Rule 37. *E.g.*, *id.* at *4; *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 3965190, at *4 (D. Nev. July 21, 2016); *see also Plumley*, 836 F. Supp. 2d at 1064-65; *GenSci OrthoBiologics v. Osteotech, Inc.*, 2001 WL 36239743, at *18 (C.D. Cal. Oct. 18, 2001).

## II.     ARGUMENT

Oracle's last minute "supplement" is unfair sandbagging just a few weeks before the evidentiary hearing. And Oracle cannot shoulder its burden to show that its tardy supplement is either substantially justified or harmless. The Court should therefore strike the supplement.

### A.     Oracle's "Supplement" Should Be Stricken Because It Violates the Court's Orders and Rule 26

Expert opinions must be disclosed in accordance with the Federal Rules of Civil Procedure and the Court's scheduling orders. *See Kuklock*, 2020 WL 7081582, at *1. In addition to being timely, expert reports must include "a *complete* statement of *all* opinions the witness will express *and the basis and reasons for them*." *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(B)(i)) (emphases added). Rule 37 requires as a "sanction" for failure to strictly follow these rules that the opinions and their bases be stricken. *Id.* at *4. To be sure, Rule 26 creates "a duty to supplement" expert reports, but "[s]upplementation means correcting the interstices of an incomplete report based on information that was not available at the time." *Id.* at *2. It "is not a loophole through which a party who … wishes to revise her disclosures in light of her

3

RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline has passed." *Id.* (quotation marks omitted).

**1.** Oracle's "supplement" is far too late. Discovery in this matter—which was extensive and lasted "for approximately a year and a half" (ECF No. 1459 at 5)—ended long ago. Magistrate Judge Ferenbach ordered that all expert disclosures be finished by June 30, 2020 (ECF No. 1354), that all discovery "[d]eadlines [be] strictly enforced," and that any party would require leave of Court to engage in any further discovery (ECF No. 1232 at 2). The vast majority of the materials cited in Ms. Frederiksen-Cross's supplement were made available to Oracle during discovery. Based on her initial report, Oracle moved for an order to show cause why Rimini should not be held in contempt for violating the injunction. ECF No. 1365; ECF No. 1365-1. This Court held that, in a few narrow instances, Rimini had violated the injunction and that an evidentiary hearing was warranted on a discrete set of potential violations identified in the order to resolve fact questions and determine whether any violations of the injunction rise to the level of contumacious conduct. *See* ECF No. 1459 at 35.

Despite the Court's clear and unequivocal warnings that "the parties" were "to strictly stay within the bounds" set by the order to show cause "for … arguments and evidence presentation" (ECF No. 1459 at 35; *see also* ECF No. 1476 at 2), at every turn Oracle has attempted to expand the hearing to address supposed violations not discussed in the order to show cause (*see* ECF No. 1465 at 2–3), discovery from the *Rimini II* period before the injunction was even in place (ECF No. 1484 at 15), and even matters on which this Court explicitly ruled *against* Oracle in the order to show cause (*see id.* at 15–16; *see also* ECF No. 1459 at 20).

Now, just a few weeks before the hearing, long after the deadline for expert disclosures, Oracle has served a supplement that ostensibly seeks to add hundreds of "additional documents" to support Ms. Frederiksen-Cross's opinions in unspecified ways. *See* McCracken Decl., Ex. 1 ¶ 6. There is no excuse for this last-minute tactic, which is sufficient reason in and of itself to strike the supplement.

Gibson, Dunn & Crutcher LLP

4
RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT
CASE NO. 2:10-CV-00106-LRH-VCF

**2.** Compounding the impropriety, Ms. Frederiksen-Cross's "supplement" offers no analysis, explanation, or commentary other than asserting that she "*will* explain" at the hearing what her opinions are about these documents and how they "provide further support" for some unidentified set of opinions in her earlier reports.  McCracken Decl., Ex. 1 ¶ 6 (emphasis added).  It appears that Oracle wants to use Ms. Frederiksen-Cross as its mouthpiece to introduce hundreds of new exhibits about which she never previously opined, and that (by her own lights) were not necessary to the opinions she has already expressed.  This gambit violates Rule 26, which requires a complete disclosure of an expert's opinion and the basis for it.  *Kuklock*, 2020 WL 7081582, at *1; *Plexxikon Inc. v. Novartis Pharms. Corp.*, 2021 WL 2577536, at *5 (N.D. Cal. June 23, 2021); *Plumley*, 836 F. Supp. 2d at 1064.  Ms. Frederiksen-Cross's vague promise to disclose her opinions *at the hearing* and *not* in her supplemental report is reason enough to strike the document.  Furthermore, "a supplemental expert report that states additional opinions or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report is beyond the scope of proper supplementation" under Rule 26 and must be stricken under Rule 37.  *Plumley*, 836 F. Supp. 2d at 1062.  That is a perfect description of Ms. Frederiksen-Cross's "supplement" (*see* McCracken Decl., Ex. 1 ¶ 6 (attempting to "provide further support for the opinions … previously set forth")), and it should be stricken as a result.

**B.     Oracle's Supplement Should Be Stricken Because It Is Neither Substantially Justified Nor Harmless**

Oracle's tardy disclosure is neither "substantially justified" nor "harmless," and the Court should strike it.  *Kuklock*, 2020 WL 7081582, at *4.  In determining whether to strike a supplemental report, this Court considers "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence."  *Id.*  Oracle bears the burden of justifying its improper conduct under these factors (*see id.*), and cannot meet that burden here.

**1.** The supplement plainly "prejudices [Rimini] on the eve of trial."  *Kuklock*, 2020 WL 7081582, at *4.  A late disclosure even several *months* from trial is prejudicial.  *See*, *e.g.*,

5

Gibson, Dunn & Crutcher LLP

RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER
EXPERT REPORT SUPPLEMENT
CASE NO. 2:10-CV-00106-LRH-VCF

*Hologram USA*, 2016 WL 3965190, at *4 (late disclosure "not harmless, even if ... the ultimate trial date [is] still some months away" (quoting *Jarritos, Inc. v. Reyes*, 345 F. App'x 215, 217 (9th Cir. 2009))); *Plexxikon*, 2021 WL 2577536, at *6 (prejudice where "trial was set to proceed approximately three and a half months later"); *GenSci Orthobiologics*, 2001 WL 36239743, at *13 (prejudice by disclosure "less than two months before trial was scheduled to begin").

Here, the parties are a mere 28 days from the hearing. And the reasons for the prejudice are manifest. The opaque disclosure does not even indicate *what* Ms. Frederiksen-Cross's "opinion" *is* or how these hundreds of documents supposedly support her previous opinions, or the basis of her opinion that they do, let alone fairly let Rimini know which of her previous unidentified opinions are supported by which of these hundreds of documents (some of which are themselves dozens of pages long). On that consideration alone, Rimini "would … be significantly restricted in its ability to effectively cross-examine [Ms. Frederiksen-Cross] at trial if the Court did not strike the … Supplemental Report." *Plexxikon*, 2021 WL 2577536, at *6. Rimini's own expert cannot reasonably respond to these new opinions, both because they are not explained or fairly disclosed and because there is no time to do so before the hearing in 28 days. "The prejudice that would result is clear." *Hologram USA*, 2016 WL 3965190, at *3.

**2.** Striking the supplement is the only way to "cure any prejudice." *Hologram*, 2016 WL 3965190, at *4. "[Oracle] left [Rimini] no time to depose [Ms. Frederiksen-Cross] about [her] new opinions or to provide a rebuttal report from [Rimini's] own … expert." *Plexxikon*, 2021 WL 2577536, at *6. Neither one of those options, even if available in an ordinary situation where a party runs rough shod over the discovery deadlines, is remotely practicable or even possible here given the "close proximity to the trial date." *GenSci Orthobiologics*, 2001 WL 36239743, at *14. Indeed, Rimini's technical expert—even if he had sufficient time to review the additional exhibits (he does not, particularly since he is a full-time professor)—cannot be expected to divine or surmise *which* exhibits pertain to *which* opinions offered by Ms. Frederiksen-Cross.

Rimini and its counsel are fully engaged in preparing evidence and dealing with the significant logistics of a six-day evidentiary hearing involving numerous witnesses. It is simply

Gibson, Dunn & Crutcher LLP

6

RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT
CASE NO. 2:10-CV-00106-LRH-VCF

not possible to also review and analyze hundreds of pages of additional exhibits, notice and depose Oracle's expert, prepare a rebuttal report, and possibly defend a deposition by Oracle of that rebuttal expert—all in the next 28 days (particularly when Oracle has not even attempted to tie any of these hundreds of pages of additional exhibits to Ms. Frederiksen-Cross's opinions at all). Even if it were possible, it would be an unjust and prejudicial burden on Rimini to require it to engage in such a last minute effort, as doing so would unquestionably require Rimini to divert resources away from preparation for the upcoming hearing. It is therefore disingenuous for Oracle to assert, as it did in the proposed pre-hearing order, that Rimini is simply "complain[ing] about" a supplement that "is slightly over two pages long." ECF No. 1484 at 13.

**3.** Oracle's tactic would disrupt the long-scheduled hearing. Further discovery would "undermine[] the finality of [the] expert reports, as each new 'supplement' would require consultation with one's own expert and the issuance of a competing 'supplemental' report, hindering disposition of this case." *Hologram USA*, 2016 WL 3965190, at *4. Rimini is fully committed to presenting its case at the hearing as scheduled, and Oracle's "supplement" would make that impossible.

**4.** Bad faith is not *required* for the Court to strike a faux expert supplement. *Hologram*, 2016 WL 3965190, at *2, *4. But all signs point to this supplement being submitted in bad faith. Oracle does not and cannot claim that the vast majority of these materials were unavailable to Ms. Frederiksen-Cross at the time she submitted her earlier reports. Oracle's last-minute "supplement" was presumably a response to Rimini's observation in negotiating the pre-hearing order, communicated to Oracle Thursday, August 19, that "a large number of the exhibits on Oracle's exhibit list were not opined on by Ms. Frederiksen-Cross nor cited in her reports" and that "Rimini intends to object to any attempt by Ms. Frederiksen-Cross to give new opinions regarding these documents." ECF No. 1484 at 61. That objection was and remains valid. Oracle cannot overcome it by serving a last-minute "supplement" that simply lists hundreds of documents without tying them to Ms. Frederiksen-Cross's opinions in any way. If anything, the "supplement" confirms that the documents in the attachment cannot be

Gibson, Dunn & Crutcher LLP

7
RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT
CASE NO. 2:10-CV-00106-LRH-VCF

relied on at the hearing. Oracle's complete lack of justification is indicative of Oracle's bad faith, as is Oracle's failure to identify the actual opinions it claims the supplement supports. It simply says that hundreds of pages of exhibits support an undescribed set or subset (who knows?) of Ms. Frederiksen-Cross's previous opinions, all to be revealed in the fullness of time.

### III. CONCLUSION

The Court should strike the supplement.

Dated: August 23, 2021

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Eric D. Vandevelde*
       Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*

Gibson, Dunn & Crutcher LLP

8
RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT
CASE NO. 2:10-CV-00106-LRH-VCF