# EXHIBIT 1

## Supplement to Post-Injunction Expert Reports of Barbara Ann Frederiksen-Cross

**PUBLIC REDACTED VERSION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., A NEVADA CORPORATION; AND SETH RAVIN, AN INDIVIDUAL,<br><br>Defendants. | CIVIL CASE NO. 2:10-cv-0106 LRH-VCF |

Supplement to Post-Injunction Expert Reports of Barbara Ann Frederiksen-Cross

1.     I have been retained as an expert witness in this matter by Plaintiffs Oracle USA, Inc., Oracle International Corp., and Oracle America, Inc. ("Oracle"). I am the Director of Litigation Services for JurisLogic, LLC, an Oregon corporation that provides consulting services to computer hardware and software manufacturers and computer-related technical assistance to the legal profession in the United States, Canada, Japan, Singapore, and Europe.

2.     On January 31, 2020, I signed my "Post-Injunction Expert Report of Barbara Ann Frederiksen-Cross," and on May 20, 2020, I signed a corrected version of my "Post-Injunction Expert Report of Barbara Ann Frederiksen-Cross" ("Opening Report"), both of which I understand were submitted to Rimini as part of discovery in this action.

3.     On May 20, 2020, I also signed my "Post-Injunction Surrebuttal Export Report of Barbara Ann Frederiksen-Cross," and on June 12, 2020, I also signed a corrected version of my "Post-Injunction Surrebuttal Export Report of Barbara Ann Frederiksen-Cross" ("Surrebuttal Report"), both of which I understand were submitted to Rimini as part of discovery in this action.

4.     I have submitted four declarations in this matter: (1) ECF No. 1290-1, Declaration of Barbara A. Frederiksen-Cross in Support of Oracle's Motion to Compel and Memorandum of Points and Authorities re Post-Injunction Discovery; (2) ECF No. 1333-1, Declaration of Barbara Ann Frederiksen-Cross in Support of Oracle's Opposition to Rimini's Motion to Enforce the Court's Orders and Judgment Separating *Rimini I* from *Rimini II*; ECF No. 1368-1, Declaration of Barbara Ann Frederiksen-Cross in Support of Oracle's Motion for Order to Show Cause Why Rimini Street, Inc. Should Not Be Held in Contempt; and (4) ECF No. 1472-1, Declaration of Barbara Ann Frederiksen-Cross in Support of Oracle's Response to Rimini's Response to Order to Show Cause.

5.     It is my understanding that on March 31, 2021, the Court issued an Order that ruled upon the parties' pending motions in the *Rimini I* litigation, including Oracle's Motion for an Order to Show Cause Why Rimini Street, Inc. Should Not Be Held in Contempt.  I have reviewed the Court's March 31, 2021 Order, and with respect to Oracle's Motion for an Order to Show Cause, it is my understanding that the court has set an evidentiary hearing on September

20, 2021 to determine whether Rimini should be held in contempt for violating the permanent injunction issued in the matter. I further understand that in the Court's March 31, 2021 Order, the Court ruled that Rimini committed at least two violations of the injunction. I further understand that the Court set an evidentiary hearing to receive additional evidence from the parties and their experts on eight additional instances of Rimini conduct to determine whether Rimini committed additional violations of the Injunction and should be held in contempt for those violations.

6. Consistent with the directive set forth in the Court's March 31, 2021 Order, I have reviewed Oracle's and Rimini's respective filings made in response to the Court's March 31, 2021 Order. I have also had occasion to consider additional documents produced by the parties in the *Rimini I* and *Rimini II* litigations as well as exchanged by the parties as part of their pre-hearing submissions. The list of additional documents that I have considered is set forth in the Appendix to this Supplement.[1] It is my opinion that these additional documents provide further support for the opinions that I have previously set forth in the reports and declarations that I have previously submitted in this matter. If asked to do so at the evidentiary hearing, I will explain why these additional documents provide further support for my opinions.

7. I also wish to issue an errata with respect to Exhibit 47 to my Opening Report. Exhibit 47 is a side by side comparison of the Oracle file PSPTARRY.cbl with the MD5 hash value 52203a67c9f13b0affadb4c7d67a4fe0 and a file named RSPCMPAY.cbl with the MD5 hash value fb6a8bca4072a39f984d3bb4892868e2, which Rimini Street produced in this case under the Bates number RSI006952749. Due to an inadvertent scrivener's error, the MD5 hash

---

[1] I note that I previously considered and analyzed a significant number of the Rimini discovery responses included in the Appendix as part of my *Rimini I* and *Rimini II* expert reports. I also note that I previously considered many of the individual Oracle and Rimini code files included in the Appendix as part of my *Rimini I* expert reports. Several of these files formed the basis for the code comparisons contained in the exhibits to my reports in which I referenced the underlying Oracle and Rimini files by their MD5 hash values.

value identified at the top of Exhibit 47 for the RSPCMPAY.cbl file is incorrect.  The MD5 hash value of the file Rimini produced and that I analyzed is fb6a8bca4072a39f984d3bb4892868e2.

_____
Barbara Ann Frederiksen-Cross
August 20, 2021

# REMAINDER OF DOCUMENT FILED UNDER SEAL