GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA  94566
Telephone: 925.264.7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV  89169
Telephone: 336.908.6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV  89169
Telephone: 702.667.4843
wwa@h2law.com

*Attorneys for Defendant
Rimini Street, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>RIMINI STREET, INC., et al.,<br><br>　　　　　Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI'S MEMORANDUM IN SUPPORT OF ORACLE'S MOTION TO SEAL PORTIONS OF PRE-HEARING ORDER AND SUPPORTING DOCUMENTS [ECF NO. 1485]**<br><br>**Hearing:**<br>Date:　　　September 20, 2021<br>Time:　　　9:00 A.M.<br>Place:　　　Bruce A. Thompson<br>　　　　　　Courthouse, Reno, NV<br>Judge:　　　Hon. Larry R. Hicks |

Gibson, Dunn & Crutcher LLP

RIMINI'S MEMORANDUM IN SUPPORT OF ORACLE'S MOTION TO SEAL PORTIONS OF PRE-HEARING ORDER AND SUPPORTING DOCUMENTS
CASE NO. 2:10-CV-00106-LRH-VCF

Defendant Rimini Street, Inc. ("Rimini") submits this Memorandum of Points and Authorities in support of Plaintiffs Oracle International Corporation and Oracle America Inc.'s (together "Oracle") Motion to Seal Portions of the Joint Pre-Hearing Order and Supporting Documents ("Motion to Seal"). ECF No. 1485. Oracle sought to seal portions of the Joint Pre-Hearing Order ("PHO") (ECF No. 1486) and Appendices A and B thereto. Rimini agrees that those documents should be sealed and submits this Memorandum in support thereof.

Those documents include information Rimini has designated "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure. Good cause exists to seal the documents because they contain highly confidential information about Rimini's proprietary processes. This Court has regularly granted motions to file under seal similar information, both in *Rimini I* and *Rimini II*. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 1107, 1228, 1261; see also *Rimini II*, No. 14-CV-1699-LRH-DJA (D. Nev.), ECF Nos. 127, 137, 222, 280–282, 287, 333–334, 371, 391, 434–436, 602, 625–628, 760–768, 836–849, 1122, 1191.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c).

## II. ARGUMENT

Rimini respectfully requests that the Court seal those portions of the PHO that contain confidential information regarding Rimini's business processes or information that Rimini has designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the Protective Order. Good cause exists to seal those portion of the PHO and Appendices thereto, as set forth below.

### A. Highly Confidential Information About Rimini's Proprietary Processes

Portions of the PHO, as well as Appendices A and B, contain descriptions of Rimini's proprietary technical processes, information regarding how Rimini provides services to its

2
RIMINI'S MEMORANDUM IN SUPPORT OF ORACLE'S MOTION TO SEAL PORTIONS OF PRE-HEARING ORDER AND SUPPORTING DOCUMENTS
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

clients, and confidential details of Rimini's technical processes that Rimini designated "Highly Confidential" elsewhere.

Under the Protective Order, "all non-public information" regarding "business plans" or "proprietary technical information and specifications" are properly designated confidential, and "extremely sensitive . . . non-public information" including trade secrets are properly designated as highly confidential. Disclosure of this information, whether in the PHO or the Appendices, would advantage Rimini's competitors, disclosing trade secrets that would allow Rimini's competitors to adopt methods that have made Rimini successful, and more easily allow Rimini's competitors to compete in the third-party software service marketplace. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 14-CV-772, 2015 WL 105793, at *2 (D. Nev. Jan. 7, 2015) (granting motion to seal where documents "contain[ed] information that could injure Plaintiffs' competitive posture in the … industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, No. 12-CV-111, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice, trade secret, and technical information that could injure the parties' competitive posture"); *Clark v. Metro. Life Ins. Co.*, No. 08-CV-158, 2010 WL 1006823, at *1 (D. Nev. Mar. 16, 2010) (granting motion to seal materials that would "bring attention to MetLife's confidential internal business deliberations, organization, and capabilities").

This Court has previously granted motions to file under seal portions of documents containing this type of confidential information regarding Rimini's internal business processes. *See, e.g.*, ECF Nos. 226, 325, 518, 904, 1107, 1228, 1261, 1459; *see also Rimini II*, No. 14-CV-1699-LRH-DJA (D. Nev.), ECF Nos. 627, 1122, 1240.

Sealing references to Rimini's proprietary information will not frustrate the public's visibility into the judicial process because Rimini requests the targeted sealing of particularly sensitive information and leaves all other Appendices and portions of the PHO unsealed. Only a very small portion of the Pre-Hearing Order is proposed to be redacted from the public.

Gibson, Dunn & Crutcher LLP

3

RIMINI'S MEMORANDUM IN SUPPORT OF ORACLE'S MOTION TO SEAL PORTIONS OF PRE-HEARING ORDER AND SUPPORTING DOCUMENTS
CASE NO. 2:10-CV-00106-LRH-VCF

### B. Names of Certain Rimini Clients And Related Confidential Information

Portions of the PHO and Appendices A and B should also be sealed because they disclose the identities of, or other confidential information related to, non-party Rimini clients. Specifically, Rimini submits that the portions that disclose non-public names of Rimini clients should be sealed for two reasons.

First, public disclosure of this information would reveal confidential information about non-parties against whom Oracle has taken no legal action. For example, disclosing that these entities use Oracle enterprise software to help run their businesses and that they are Rimini clients would be unfair to these non-parties because, among other things, it would potentially allow their competitors to gain insight into how their software support is handled and other sensitive business matters. Further, many of these clients expect their dealings with Rimini, including testimony about those dealings, to be kept confidential. Many have not authorized their relationship with Rimini to be made public, and have contracts that contain non-disclosure provisions preventing Rimini from publicly disclosing its business relationship with the client.

Second, failing to seal references to these clients would provide Rimini's competitors with a direct competitive advantage by, among other things, allowing those clients to be targeted and potentially poached more easily. *See, e.g.*, *MAI Sys. Corp. v. Peak Comp., Inc.*, 991 F.2d 511, 521 (9th Cir. 1993) ("The Customer Database has potential economic value because it allows a competitor . . . to direct its sales efforts to those potential customers that are already using the MAI computer system."); *Hologram*, 2015 WL 105793, at *1 (granting motion to seal when documents "contain[ed] information that could injure Plaintiffs' competitive posture in the . . . industry"); *Spectrum*, 2014 WL 4202540, at *2 (granting motion to seal because documents contained "proprietary, business practice, trade secret, and technical information that could injure the parties' competitive posture"); *Clark*, 2010 WL 1006823, at *1 (granting motion to seal materials that would "bring attention to MetLife's confidential internal business deliberations, organization, and capabilities").

This Court has previously granted motions to file under seal portions of documents containing references to the identity of Rimini's clients and other confidential client

4

Gibson, Dunn & Crutcher LLP

RIMINI'S MEMORANDUM IN SUPPORT OF ORACLE'S MOTION TO SEAL PORTIONS OF PRE-HEARING ORDER AND SUPPORTING DOCUMENTS
CASE NO. 2:10-CV-00106-LRH-VCF

information. *See, e.g.*, ECF Nos. 460, 518, 541, 549. Sealing the references in the PHO and Appendices A and B to the identity of Rimini's clients and related confidential client testimony will not frustrate the public's visibility into the judicial process because, although Rimini has redacted the names of certain clients and their testimony, non-sensitive information remains unredacted. For all these reasons, Rimini requests that Rimini clients' confidential information be sealed.

### III.   CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court grant Oracle's motion for leave to file under seal portions of the PHO and Appendices A and B thereto (ECF No. 1485).

Dated:  August 25, 2021

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ Eric D. Vandevelde
        Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*

Gibson, Dunn & Crutcher LLP

5

RIMINI'S MEMORANDUM IN SUPPORT OF ORACLE'S MOTION TO SEAL PORTIONS OF PRE-HEARING ORDER AND SUPPORTING DOCUMENTS
CASE NO. 2:10-CV-00106-LRH-VCF