| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone:   702.382.7300<br>Facsimile:    702.382.2755<br>rpocker@bsfllp.com<br><br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>WILLIAM A. ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>2001 K Street, NW<br>Washington, DC 20006<br>Telephone:   202.223.7300<br>Facsimile:    202.223.7420<br>wisaacson@paulweiss.com<br>kdunn@paulweiss.com | MORGAN, LEWIS & BOCKIUS LLP<br>BENJAMIN P. SMITH (*pro hac vice*)<br>SHARON R. SMITH (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA  94105<br>Telephone:   415.442.1000<br>Facsimile:    415.442.1001<br>benjamin.smith@morganlewis.com<br>sharon.smith@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:   650.506.4846<br>Facsimile:    650.506.7114<br>dorian.daley@oracle.com<br>jim.maroulis@oracle.com<br><br>*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.* |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>           Plaintiffs,<br><br>     v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>           Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**ORACLE'S OPPOSITION TO RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S EXPERT REPORT SUPPLEMENT AND CROSS-MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING HEARING WITNESSES** |

## I. INTRODUCTION

After the briefing on Oracle's Motion for an Order to Show Cause, the Court ordered further briefing and an evidentiary hearing, seeking to hear more from the parties regarding ten specific issues. Both parties have since briefed the Court on additional arguments and evidence, and both parties have added additional evidence to their exhibit lists. Oracle's expert, Barbara Frederiksen-Cross, also timely supplemented her reports (the "supplement") to identify additional documents that support her existing opinions. Rimini's emergency motion to strike the supplement seeks to impose a double standard whereby Rimini is free to proffer new arguments, evidence, and witnesses at the OSC hearing, but Oracle is not allowed to address, or conduct discovery regarding, Rimini's new evidence and arguments. Rimini's motion should be denied.[1]

First, Ms. Frederiksen-Cross's two-page supplement is fully compliant with Federal Rule of Civil Procedure Rule 26(e), which permits supplementation of expert disclosures up to the filing of pretrial disclosures. *See* Fed. R. Civ. P. 26(e)(2). Ms. Frederiksen-Cross's supplement contains no new opinions. Instead, it identifies additional evidence supporting Ms. Frederiksen-Cross's existing opinions—largely new documents that Rimini disclosed to Oracle for the first time during preparation of the joint pre-hearing order and responsive to new arguments that Rimini asserted for the first time in response to the Court's OSC Order.

Second, the supplement is consistent with the Court's repeated directives in the OSC Order that further testimony is needed to determine whether Rimini should be held in contempt for its violations of the Injunction. Oracle believes that the Court will benefit from Ms. Frederiksen-Cross's analysis and opinions regarding Rimini's new evidence, but will of course withdraw the supplement if the Court is not inclined to hear this testimony.

Oracle offered to make Ms. Frederiksen-Cross available for a further deposition to discuss her two-page supplement, but Rimini ignored Oracle's offer. Rimini, by contrast, intends to introduce newly-disclosed evidence at the hearing and call three fact witnesses at the hearing that

---

[1] Rimini styles its motion as a motion to strike, but it is in fact a motion to exclude Ms. Frederiksen-Cross's opinions and testimony. This violates the Court's prohibition that "[n]o motions in limine will be heard without leave of the Court." ECF No. 1459 at 35. Rimini's motion should be denied for that reason alone.

Oracle did not, and could not, depose, as Rimini argued successfully to limit Oracle to one fact witness deposition. Because of this refusal, Oracle cross-moves the Court to reopen discovery for the limited purpose of allowing both parties to take the depositions of their respective witnesses before the evidentiary hearing. Alternatively, should the Court be inclined to grant Rimini's motion to exclude Ms. Frederiksen-Cross from testifying on the new evidence, Oracle requests leave to file a motion in limine to prevent Rimini from offering new testimony and evidence not included in its opposition to Oracle's Motion for an Order to Show Cause.

## II.  FACTUAL BACKGROUND

More than two years ago, in April 2019, the Court reopened discovery so that Oracle could determine whether Rimini was complying with the Injunction. The parties then litigated the scope of discovery for these proceedings, and Rimini ultimately prevailed in its position that discovery should be narrowed and that the parties should be limited to a single 30(b)(6) deposition each and that no other fact witnesses would be deposed. Following limited discovery, Ms. Frederiksen-Cross submitted expert reports between January and June 2020. In July 2020, Oracle submitted a Motion for an Order to Show Cause that included relevant supporting testimony from Ms. Frederiksen-Cross. ECF Nos. 1368, 1369. In opposition, Rimini submitted the relevant testimony from its own experts, including Owen Astrachan. ECF Nos. 1385, 1386.

In its March 31, 2021 OSC Order, the Court found two separate violations of the Injunction and ordered Rimini to show cause as to why it should not be held in contempt. ECF No. 1459. The Court also issued an order to show cause as to eight additional violations of the Injunction to be decided at the evidentiary hearing, ordered additional briefing, and repeatedly instructed the parties that it wished to hear further testimony on these issues.[2]

Rimini ignored the Court's directive to show cause, instead providing boilerplate

---

[2] *See, e.g.*, ECF No. 1459 at 20 ("The Court, as fact finder, must hear from both parties competing experts to determine if Rimini's testing in this context constitutes unlawful cross-use in violation of the permanent injunction."); *id.* at 22 ("The Court, as fact finder, must hear from both parties competing experts to determine if Rimini's file contains protected Oracle expression that Rimini is prohibited from having on its systems."); *id.* at 24 ("[A]n evidentiary hearing is needed to determine if the creation and distribution of the update violated the permanent injunction."); *id.* at 25 ("The Court finds that the parties dispute over the definition of source code is material to the Court's ruling, and therefore, an evidentiary hearing on the issue is necessary …."); *id.* at 25, 27.

"evidence will show" recitations in subsequent filings. ECF No. 1469. What Rimini did argue and submit in these filings constituted a dramatic departure from the analysis and evidence previously considered by the parties' experts. As one example, in its OSC Order the Court found that Rimini "d[id] not dispute [its] cross-use testing" of PeopleSoft software associated with the City of Eugene to support other customers. ECF No. 1459 at 20. But in its Response to the OSC Order, Rimini denied such cross-use and submitted new log files and other documents that were not analyzed by the parties' experts. *E.g.*, ECF No. 1469 at 12, 16–20, Exs. D, E, G, I, J.

Rimini has continued to identify new evidence and new theories. The vast majority of documents on Rimini's exhibit list were not included in its OSC filings. *See* ECF No. 1486, Appendix B ("Not in Rimini's OSC filings" objection for each). Rimini produced entirely new exhibits months after the Court's OSC Order, including incomplete screenshots and printouts from its internal systems. Rimini also refused Oracle's request to depose the three fact witnesses that Rimini intends to call at the hearing (James Benge, Brenda Davenport, and Craig Mackereth), citing this Court's ruling (at Rimini's urging) that Oracle is entitled to a single 30(b)(6) deponent in this proceeding. ECF No. 1486 at 64–68.

To prepare for the evidentiary hearing, Ms. Frederiksen-Cross reviewed additional documents on the parties' exhibit lists that were responsive to the new theories being asserted by Rimini after the Court issued its OSC Order. Ms. Frederiksen-Cross concluded that these documents supported her previously rendered opinions. She issued a small supplement to that effect that Oracle timely disclosed to Rimini on August 20, 2021. McCracken Decl. Ex. 1.

Rimini now moves to strike the supplement, effectively using these contempt proceedings as both sword and shield. Rimini is attempting to bring in new evidence, theories, and supporting witnesses to answer the Court's request for additional information, while simultaneously seeking to exclude any additional testimony and evidence from Oracle. These tactics are improper.

**III.    RIMINI'S EMERGENCY MOTION SHOULD BE DENIED**

The Court should deny Rimini's emergency motion for the following reasons.

*First*, Ms. Frederiksen-Cross's supplement is timely and compliant with Rule 26(e), which permits supplementation of expert disclosures before the filing of pretrial disclosures. *See* Fed. R.

3

Civ. P. 26(e)(2). Her supplement is essentially an update to her list of documents considered. Rather than identify any new opinions, the supplement identifies additional documents that support her previously rendered opinions. *See Deere & Co. v. FIMCO, Inc.*, 260 F. Supp. 3d 830, 836–37 (W.D. Kent. 2017) (supplemental expert report containing "over 700 pages of new materials" complied with Rule 26(e) because "the Court does not find that they change [the expert's] earlier opinions or theories").

Rimini argues that supplementation "means correcting the interstices of an incomplete report based on information that was not available at the time." Motion at 3 (quoting *Kuklock v. Nev. Dep't of Transp.*, 3:19-cv-369, 2020 WL 7081582, at *2 (D. Nev. Dec. 2, 2020)). That is an apt description of the Frederiksen-Cross supplement. Neither Rimini's newly produced exhibits nor Rimini's new theories and supporting evidence were available when Ms. Frederiksen-Cross issued her initial reports.[3] *Silvagni v. Wal-Mart Stores, Inc.*, No. 2:16-cv-39, 2017 WL 4891521, at *2 (D. Nev. Oct. 30, 2017) (denying motion to strike supplemental expert report based on "a change of factual circumstances"); *Colony Ins. Co. v. Colo. Cas. Ins. Co.*, No. 2:12-cv-1727, 2014 WL 12646048, at *2 (D. Nev. May 28, 2014) ("[S]upplementation of an expert report is proper where it is based on new information obtained after the expert disclosure deadline").

*Second*, the Frederiksen-Cross supplement is responsive to and reasonably contemplated by the Court's OSC Order. The parties submitted the testimony of their respective experts regarding the Injunction violations set forth in Oracle's Motion for an Order to Show Cause. In ordering an evidentiary hearing, and stating that it "must hear from both parties['] competing experts," the Court necessarily determined that more analysis and testimony was needed to decide whether Rimini should be held in contempt. ECF No. 1459 at 20, 22; *id.* at 24, 25, 27.

*Third*, Rimini's allegations of prejudice are inconsistent with its refusal to produce its witnesses for deposition. Rimini intends to use these witnesses to sponsor new theories and

---

[3] Rimini also ignores how the supplement identifies many documents that Ms. Frederiksen-Cross already considered and analyzed in her *Rimini I* and *Rimini II* reports. McCracken Decl. Ex. 1 at n.1. There is no basis to strike documents that Ms. Frederiksen-Cross previously considered and again identified on her supplement out of an abundance of caution. The same is true for the small errata in her supplement that corrects an "inadvertent scrivener's error." *Id.* ¶ 7. *See Kuklock*, 2020 WL 7081582, at *2 (permitting such corrections).

newly disclosed documents at the evidentiary hearing, yet refuses to provide Oracle with any opportunity to explore their testimony beforehand.  This is unfairly prejudicial.  ECF No. 1486 at 64–65.  Any resolution of Rimini's emergency motion to strike should treat the parties equally.  However, Rimini has demonstrated an unwillingness to compromise.  During the parties' August 23 meet and confer, Oracle offered to make Ms. Frederiksen-Cross available for a further deposition in exchange for depositions of Rimini's three witnesses.  Rimini promised to get back to Oracle about this compromise before filing its motion but never did so.[4]

### IV.  ORACLE'S MOTION FOR LIMITED ADDITIONAL DISCOVERY, OR IN THE ALTERNATIVE, FOR LEAVE TO MOVE TO EXCLUDE RIMINI'S UNTIMELY EVIDENCE

Oracle's understanding of the Court's directive from its OSC Order was that the parties should provide *more* evidence and argument regarding the ten violations at issue—not the same information the Court already considered from the parties' prior briefing.  To that end, Oracle proposes that the Court deny Rimini's motion to strike Ms. Frederiksen-Cross's supplemental report, and instead reopen discovery for the limited purpose of deposing the experts and witnesses identified on the parties' witness lists prior to the hearing.  This relief would eliminate any claimed prejudice to Rimini from the Frederiksen-Cross supplement, and it would eliminate the prejudice to Oracle from any new evidence that Rimini's witnesses James Benge, Brenda Davenport, and Craig Mackereth will testify to at the hearing.

However, if the Court *is* inclined to grant Rimini's motion and limit the evidence presented at the hearing to what existed prior to the Court's OSC Order, then that rule should apply to both parties, and not just Oracle.  If the Court is so inclined, then Oracle hereby moves for leave to file a motion *in limine* to exclude Rimini's evidence added to the record after the Court's OSC Order, including:

---

[4] Rimini also engaged in the same conduct about which it now complains in the *Rimini II* litigation.  In *Rimini II*, Oracle timely disclosed a supplemental report from its damages expert, Elizabeth Dean, on December 18, 2020.  Oracle disclosed this supplement solely to update her damages opinions for time passed.  Rimini, by contrast, delayed three months after the joint pretrial order was filed before disclosing a supplemental rebuttal report from its expert, Jonathan Orszag, on March 4, 2021.  And in that supplemental report, Mr. Orszag introduced new evidence and opinions beyond merely updating his opinions to account for time passed.  *See* Declaration of Zachary Hill, Ex. 1.

- Any exhibits on Rimini's exhibit list not identified in Rimini's Opposition to Oracle's Motion for an Order to Show Cause;

- Any opinions by Rimini's experts Owen Astrachan and Stephen Lanchak not included in their expert reports or identified at deposition; and

- Any testimony by Rimini's witnesses James Benge, Brenda Davenport, and Craig Mackereth not identified in their declarations in support of Rimini's Opposition to Oracle's Motion for an Order to Show Cause (ECF Nos. 1385-1, 1385-2, and 1385-3).

## V. CONCLUSION

The Court should deny Rimini's emergency motion to strike and grant Oracle's cross-motion to reopen discovery for the limited purpose of allowing both parties to take the depositions of their respective witnesses before the evidentiary hearing.

DATED: August 27, 2021         MORGAN, LEWIS & BOCKIUS LLP

By:     */s/ Benjamin P. Smith*
                Benjamin P. Smith

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation

# CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, I electronically transmitted the foregoing ORACLE'S OPPOSITION TO RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S EXPERT REPORT SUPPLEMENT AND CROSS-MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING HEARING WITNESSES to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

MORGAN, LEWIS & BOCKIUS LLP

DATED: August 27, 2021

By: _/s/ Benjamin P. Smith_
Benjamin P. Smith

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation