BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
WILLIAM A. ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006
Telephone: 202.223.7300
Facsimile: 202.223.7420
wisaacson@paulweiss.com
kdunn@paulweiss.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | **Case No. 2:10-cv-0106-LRH-VCF**<br><br>**ORACLE'S MOTION TO SEAL EXHIBIT 1 TO ITS OPPOSITION TO RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S EXPERT REPORT SUPPLEMENT AND CROSS-MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING HEARING WITNESSES** |

ORACLE'S MOTION TO SEAL

**NOTICE OF MOTION AND MOTION**

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 21, 2010, ECF No. 55 ("Protective Order"), Local Rules 10-5(b), Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corporation (collectively "Oracle") respectfully request that the Court order the Clerk of the Court to file under seal the following document:

- Exhibit 1 to the Declaration of Zachary Hill in Support of Oracle's Opposition to Rimini's Emergency Motion Under Local Rule 7-4 to Strike Oracle's Expert Report Supplement and Cross-Motion to Reopen Discovery for the Limited Purpose of Deposing Hearing Witnesses (hereinafter "Exhibit 1").

A public, redacted version of Exhibit 1 was filed on August 27, 2021. ECF No. 1494-2. An unredacted version of this document will be subsequently filed under seal with the Court and linked to the filing of this motion.

Oracle's Motion to Seal is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, documents incorporated by reference, and the entire record in this action.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Documents may be sealed for "good cause." *Kamakana*, 447 F.3d at 1179–80; *Selling Source, LLC v. Red River Ventures, LLC*, 2:09-CV-01491-JCM, 2011 WL 1630338, at *1 (D. Nev. Apr. 29, 2011) (citing *Phillips v. General Motors*, 307 F.3d 1206, 1210, 1213 (9th Cir. 2002)). With non-dispositive motions, a party may overcome the presumption against sealing a document by showing that the material is being sealed pursuant to a valid protective order. ECF No. 1349 at 3 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002))).

Under the Protective Order, a "Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' . . . if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c)." Protective Order ¶ 2. Such a designation "constitute[s] a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." *Id*.

## II.  ARGUMENT

Oracle requests that the Court seal Exhibit 1 because it is an excerpt from the March 4, 2021 supplemental report of Rimini's damages expert, Jonathan Orzag. Rimini has designated the entirety of this report as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Oracle submits Exhibit 1 under seal pursuant to the Protective Order based on Rimini's representation that it reasonably believes there is a valid basis under the Protective Order for its confidentiality designations (and to give Rimini sufficient time to preserve confidentiality as to materials produced in this litigation). Because these materials were designated by Rimini, Oracle is not in a position to provide further justification for why filing the documents publicly would

cause Rimini harm sufficient to justify sealing.

This Court has previously granted motions to file under seal portions of documents containing these and other similar types of confidential information.  *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1261, 1349, 1459; *see also Rimini II*, Case No. 2:14-cv-1699, ECF No. 627.  Sealing the confidential materials referenced herein would not frustrate the public's visibility into the judicial process because Oracle's request to seal is narrowly tailored to only those documents that contain particularly sensitive information.  Oracle has submitted all other portions of its Opposition to Rimini's Emergency Motion Under Local Rule 7-4 to Strike Oracle's Expert Report Supplement and Cross-Motion to Reopen Discovery for the Limited Purpose of Deposing Hearing Witnesses to the Court's public files, which allows public access to all materials except for the items discussed above.

**III.     CONCLUSION**

For the foregoing reasons, Oracle respectfully requests that the Court grant leave to file under seal the materials discussed above.

DATED: August 27, 2021

MORGAN, LEWIS & BOCKIUS LLP

By: _____/s/ Benjamin P. Smith_____
           Benjamin P. Smith

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation


# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August, 2021, I electronically transmitted the foregoing ORACLE'S MOTION TO SEAL EXHIBIT 1 TO ITS OPPOSITION TO RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S EXPERT REPORT SUPPLEMENT AND CROSS-MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING HEARING WITNESSES to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

MORGAN, LEWIS & BOCKIUS LLP

DATED: August 27, 2021

By:     */s/ Benjamin P. Smith*
          Benjamin P. Smith

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation