GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
DANIEL B. WINSLOW (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: 925.264.7736
dwinslow@riministreet.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: 336.908.6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: 702.667.4843
wwa@h2law.com

*Attorneys for Defendant*
*Rimini Street, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>RIMINI STREET, INC., et al.,<br><br>   Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI'S REPLY IN SUPPORT OF RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT AND OPPOSITION TO ORACLE'S CROSS-MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING HEARING WITNESSES**<br><br>**Oral Argument Requested** |

**PUBLIC REDACTED VERSION**

RIMINI'S REPLY IN SUPPORT OF RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT AND OPPOSITION TO ORACLE'S CROSS-MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING HEARING WITNESSES
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

I.     ARGUMENT

Oracle's response confirms that its effort to pad Barbara Frederiksen-Cross's expert report just weeks before the evidentiary hearing, in the guise of a misnamed "supplement," is untimely, violates the Federal Rules of Civil Procedure and this Court's orders, and would be highly prejudicial.  Unrepentant, Oracle doubles down on this effort by including a procedurally improper and meritless "cross-motion" to reopen discovery on the eve of the hearing.  The Court should strike Oracle's attempted "supplement," and deny or dismiss its request to reopen discovery; the hearing should be limited to the extant record, which is already vast.

A.     **Oracle's Untimely "Supplement" Is a Blatant Violation of the Rules and This Court's Orders**

*First*, Oracle does not dispute that Ms. Frederiksen-Cross's supplement (timely or not) is not "a *complete* statement of *all* opinions the witness will express *and the basis and reasons for them*," and thus is a straightforward violation of Rule 26.  *Kuklock v. Nevada Dep't of Transp.*, 2020 WL 7081582, at *1 (D. Nev. Dec. 2, 2020) (emphases added) (quoting Fed. R. Civ. P. 26(a)(2)(B)(i)).  The supplement offers no analysis, explanation, or commentary other than asserting that, at the upcoming hearing, Ms. Frederiksen-Cross "*will* explain" her opinions on the additional documents and how they "provide further support" for some unidentified set of opinions in her earlier reports.  *See* McCracken Decl. Ex. 1 ¶ 6 (emphasis added).  Oracle half-heartedly asserts in response that the "supplement contains no new opinions."  ECF No. 1494 at 1.  But that assertion is contradicted by the supplement itself, which contains, at minimum, the *new* opinion that hundreds of additional documents purportedly support some unknown, undescribed set of previous opinions, as well as by Oracle's own opposition which tacitly admits that her new opinion would have to be drawn out in live testimony for the first time.  *See id.*  What does she think about those hundreds of additional documents?  What portions are important to her analysis?  What earlier opinions do they supposedly support?  No one knows *because she did not disclose them*.  Oracle is "not allowed to use that information

2
RIMINI'S REPLY IN SUPPORT OF RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT AND OPPOSITION TO ORACLE'S CROSS-MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING HEARING WITNESSES
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

or witness to supply evidence … at [the] hearing" (Fed. R. Civ. P. 37(c)(1)), and the supplement must be stricken.

*Second*, Oracle does not dispute that its untimely document dump "[v]iolates the Court's Orders."  ECF No. 1490-s at 3; *compare id.*, *with* ECF No. 1494 at 1–6.  Magistrate Judge Ferenbach could not have been clearer that the "Close of Expert Disclosures" was on June 30, 2020 (ECF No. 1354), and that "[d]eadlines w[ould] be strictly enforced," demanding leave of Court for exceptions (ECF No. 1232 at 2).  Oracle's counsel acknowledged the strict enforcement of the Court's scheduling order, telling the Court—*more than 18 months ago*—that "[s]ince discovery just closed on January 17th, [2020] … if some issue comes up, [Oracle] would seek leave from [the Court]."  Jan. 22, 2020 Hr'g. Tr. 5:24–6:3.  Oracle fails to offer *any* reason for why it violated the scheduling order, or why its "supplement"—served more than a year after Ms. Frederiksen-Cross's last expert report—could not have been disclosed earlier, or why it did not seek leave of Court.  That is reason enough to strike the supplement.

*Third*, Oracle pretends that Ms. Frederiksen-Cross's untimely "supplement" simply accounts for supposedly "new evidence and new theories."  ECF No. 1494 at 3–4.  But that is not a permissible use of Rule 26(e), and Oracle's characterization of the evidence and theories as "new" is demonstrably false in any event.

As this Court has held, Rule 26(e) exists only for the correction of "inadvertent inaccuracies" (*Kuklock*, 2020 WL 7081582, at *2) or "adding information that was not available at the time of the initial report" (*Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005)).  The Rule "does not grant a license to supplement a previously filed expert report because a party wants to, but instead imposes an obligation to supplement the report when a party discovers the information it has disclosed is incomplete or incorrect."  *Coles v. Perry*, 217 F.R.D. 1, 3 (D.D.C. 2003).  Furthermore, as Oracle ignores, it is well-established that this limited duty (not right) to supplement under Rule 26(e) does not allow an expert "to revise her [reports] in light of her opponent's challenges to the analysis and conclusions therein[.]"  *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 3965190, at *2 (D. Nev. July 21, 2016)

3
RIMINI'S REPLY IN SUPPORT OF RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT AND OPPOSITION TO ORACLE'S CROSS-MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING HEARING WITNESSES
CASE NO. 2:10-CV-00106-LRH-VCF

(quotation marks omitted). Indeed, the Ninth Circuit has "directly disapproved" of doing precisely what Oracle admits it is trying to do—using supplements to expert reports "to rebut what [an opposing party] contend[s] are deficiencies in [the expert's] initial report." *Id.* at *3 (citing *Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009)). That principle is sensible, given that Rule 26 provides a separate (and long-ago passed) time period for disclosing *rebuttals* to alleged shortcomings in an expert report. *See Kuklock*, 2020 WL 7081582, at *2. Oracle cannot (and does not) dispute that its supplement is designed to respond to the deficiency in the report for failing to discuss "a large number of the exhibits on Oracle's exhibit list[.]" *Compare* ECF No. 1490-s at 7, *with* ECF No. 1494 at 1–6. That is contrary to Rule 26(e).[1]

Oracle nonetheless contends that this "supplement" is proper because the documents referenced (without any comment or analysis) in Ms. Frederiksen-Cross's "supplement" were "not available at the time" of Ms. Frederiksen-Cross's initial reports. ECF No. 1494 at 4 (internal quotation marks omitted); *see also id.* at 4 (citing case law for the proposition that supplementation "is proper where it is based on new information obtained after the expert disclosure deadline"). Oracle's assertion is simply false. Virtually every one of the hundreds of documents cited in her "supplement" was produced by January 2020—*more than a year and a half ago*—and thus was available to Ms. Frederiksen-Cross long before she prepared her expert reports. McCracken Dec. Ex. 1 at 2 n.1 (Ms. Frederiksen-Cross conceding she had an opportunity to review "a significant number of the" 250 supplemental documents at the time she submitted her timely expert reports). That she (or Oracle) chose not to include these documents previously is no basis for "supplementation" at this late date.[2]

---

[1] Oracle attempts to distract from its violations of Rule 26(e) by accusing Rimini of "engag[ing] in the same conduct … in the *Rimini II* litigation." ECF No. 1494 at 5 n.4. The attempt fails. Both parties' supplemental expert reports in that litigation were disclosed before the expert witnesses were deposed, months before summary judgment briefing began, and long before the (still-to-be-determined) trial date.

[2] ████████████████████████████████████████████████████████████████

(Cont'd on next page)

4
RIMINI'S REPLY IN SUPPORT OF RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT AND OPPOSITION TO ORACLE'S CROSS-MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING HEARING WITNESSES
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

Oracle claims that the exhibits in Ms. Frederiksen-Cross's supplement are "new" because they are on Oracle's or Rimini's recently served exhibit lists. But that does not make them new. The documents were *produced* years ago. The mere fact that the parties have both included on their exhibit lists documents that were not in their respective Order to Show Cause briefing (which is unsurprising given that the Court limited the evidence at the motion stage to only 100 pages) does not make that evidence "new" in any sense relevant to Rule 26. *See, e.g., Hologram USA*, 2016 WL 3965190, at *3 ("[B]ecause the supplemental information was available well before the disclosure deadline, the supplemental report was improper under Rule 26(e).").

Oracle also tries to justify its untimely "supplement" as being "responsive to and reasonably contemplated by the Court's OSC Order." ECF No. 1494 at 4. That is wrong. The Court's March 2021 Order to Show Cause did not reopen expert discovery or otherwise invite the parties to amend in any way their experts' reports. Instead, the Court simply ordered that it "must hear from both parties['] competing experts." *Id.* (alteration in original) (quoting ECF No. 1459 at 20, 22). The Court invited the parties' experts to testify at the evidentiary hearing regarding their already-disclosed opinions; it did not permit Oracle's expert to come up with new opinions, new exhibits, and new arguments. And it certainly did not invite such an amendment mere days before the hearing.

Oracle suggests that its improper expert "supplement" is somehow equivalent to Rimini's (1) intention to introduce at the hearing documents and *fact* witness testimony not explicitly recited in Rimini's Order to Show Cause briefing; and (2) refusal to acquiesce to Oracle's demands to conduct additional depositions in the days leading up to the hearing. *See* ECF No. 1494 at 4–6. The comparison is unavailing. Rule 26 and the Court's orders squarely foreclose expert reports that cite (but do not opine on) never-before-disclosed documents on the eve of the hearing; that prohibition applies equally to both parties. But there is no like

5

RIMINI'S REPLY IN SUPPORT OF RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT AND OPPOSITION TO ORACLE'S CROSS-MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING HEARING WITNESSES
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

requirement that either party include in its initial opposition to a motion for an order to show cause a complete exhibit list and recitation of all lay witness testimony that the party might introduce in the event the court issues an order to show cause and orders an evidentiary hearing. Indeed, that would have been impossible here, where the Order to Show Cause briefing was strictly limited in the amount of pages of evidentiary material that could be included (*see* ECF Nos. 1349 at 3; 1459 at 35), and nothing in the Rules or prior orders limits the evidentiary record for the hearing or otherwise excludes from the hearing documents that have long been in the record. Rimini's legitimate efforts to defend itself do not give Oracle license to "supplement" its expert report.

Finally, Oracle's contention that Rimini's motion to strike is an improper motion *in limine* (ECF No. 1494 at 1 n.1) is baseless. As this Court has held, a "Motion to Strike" is the proper vehicle for striking an untimely expert report that fails to comply with the Rules. *Kuklock*, 2020 WL 7081582, at *1; *see also*, *e.g.*, *Hologram USA*, 2016 WL 3965190, at *1 (granting a "motion to strike" an improper expert supplement). Ms. Frederiksen-Cross's "supplement" should be stricken.

**B.     Oracle's Cross-Motion to Reopen Discovery Should Be Denied**

Oracle's extraordinary, three-sentence request to reopen discovery less than three weeks before the evidentiary hearing should be denied. At the outset, Oracle failed to comply with the Local Rules, including the requirement that "requests for judicial assistance in resolving an emergency dispute … be titled 'Emergency Motion' and be accompanied by a declaration setting forth[,]" among other things, "[t]he nature of the emergency[.]" L.R. 7-4(a); *see also* L.R. 7-2(a) (requiring motions to be filed separately in a single document that includes a supporting memorandum of points and authorities); L.R. 7-2(d) (failing to comply with these requirements "constitutes a consent to the denial of the motion").

Moreover, although Oracle tries to frame its request as helping Rimini (ECF No. 1494 at 5), the Court should not be fooled: Oracle's request is self-serving. In violation of this Court's scheduling orders and the Federal Rules of Civil Procedure, Oracle wants to depose

6
RIMINI'S REPLY IN SUPPORT OF RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT AND OPPOSITION TO ORACLE'S CROSS-MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING HEARING WITNESSES
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

Rimini's fact witnesses with no explanation for why Oracle waited until long after the close of discovery—and just days before the evidentiary hearing—to seek such depositions. If Oracle wanted to depose those witnesses or otherwise needed additional discovery, it was incumbent upon Oracle to seek leave of Court to reopen discovery months or years ago. Again, Magistrate Judge Ferenbach already issued a ruling to that effect, which Oracle did not appeal. Oracle is trying to do a last-minute end-run around the orderly discovery procedures that have governed these proceedings for years, and to which Rimini has scrupulously adhered. Rimini has undertaken significant efforts and expense in preparing for the long-ago scheduled, in-person evidentiary hearing that is now only *20 days away*. Having to simultaneously prepare fact witnesses for last-minute depositions would unfairly prejudice Rimini.

Oracle's offer to "trade" a deposition of Ms. Frederiksen-Cross for the Rimini fact witness depositions is no trade at all, since her "supplement" should be stricken. Moreover, trying to depose Ms. Frederiksen-Cross on her unspecified opinions, all while Rimini prepares for the evidentiary hearing, would cure none of the prejudice undisputedly inflicted by Oracle's untimely effort to introduce undisclosed expert opinions on scores of long-available documents. Nor would it even be possible. As Oracle failed to dispute, Rimini cannot prepare to conduct a deposition—nor prepare its own expert to respond—to a "supplement" that includes no analysis and fails to properly disclose her opinions. Inviting Rimini to spend any time in the final days of hearing preparation fighting smoke would not cure any prejudice.

## II.   CONCLUSION

The Court should strike the improper "supplement" served by Oracle's expert, and deny or dismiss Oracle's request to reopen discovery.

7
RIMINI'S REPLY IN SUPPORT OF RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT AND OPPOSITION TO ORACLE'S CROSS-MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING HEARING WITNESSES
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP

Dated: August 31, 2021

                    GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Eric D. Vandevelde*
            Eric D. Vandevelde

*Attorneys for Defendant*
*Rimini Street, Inc.*

8

RIMINI'S REPLY IN SUPPORT OF RIMINI'S EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S IMPROPER EXPERT REPORT SUPPLEMENT AND OPPOSITION TO ORACLE'S CROSS-MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING HEARING WITNESSES
CASE NO. 2:10-CV-00106-LRH-VCF

Gibson, Dunn & Crutcher LLP