BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:   702.382.7300
Facsimile:    702.382.2755
rpocker@bsfllp.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
WILLIAM A. ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006
Telephone:   202.223.7300
Facsimile:    202.223.7420
wisaacson@paulweiss.com
kdunn@paulweiss.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone:   415.442.1000
Facsimile:    415.442.1001
benjamin.smith@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:   650.506.4846
Facsimile:    650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | **Case No. 2:10-cv-0106-LRH-VCF**<br><br>**ORACLE'S MEMORANDUM REGARDING RIMINI'S MOTION TO SEAL EXHIBIT TO EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S EXPERT REPORT SUPPLEMENT [ECF NO. 1489]** |

# MEMORANDUM OF POINTS AND AUTHORITIES

Oracle submits this Memorandum of Points and Authorities regarding Rimini's Motion to Seal Exhibit to Emergency Motion Under Local Rule 7-4 to Strike Oracle's Expert Report Supplement. Rimini's Motion to Seal seeks sealing of Exhibit 1 to its emergency motion, which is the August 20, 2021 Supplement to Post-Injunction Expert Reports of Barbara Ann Frederiksen-Cross ("Exhibit 1" or "the supplement"). Oracle agrees that at least portions of Exhibit 1 should be sealed because they contain non-public, technologically, and commercially sensitive information relating to Oracle's PeopleSoft and JD Edwards software. Oracle further notes that Rimini has also requested sealing of similar materials in its August 25, 2021 Memorandum in Support of Oracle's Motion to Seal Portions of Pre-Hearing Order and Supporting Documents. *See* ECF No. 1493.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Documents may be sealed for "good cause." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006); *Selling Source, LLC v. Red River Ventures, LLC*, 2:09-CV-01491-JCM, 2011 WL 1630338, at *1 (D. Nev. Apr. 29, 2011) (citing *Phillips v. General Motors*, 307 F.3d 1206, 1210, 1213 (9th Cir. 2002)). With non-dispositive motions, a party may overcome the presumption against sealing a document by showing that the material is being sealed pursuant to a valid protective order. ECF No. 1349 at 3 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002))).

Under the Protective Order, a "Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' . . . if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c)." Protective Order ¶ 2. Such a

designation "constitute[s] a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation." *Id*.

## II. ARGUMENT

### A. Oracle's Request to Seal Portions of Exhibit 1

Exhibit 1 to Rimini's Emergency Motion to Strike is the August 20, 2021 Supplement to Post-Injunction Expert Reports of Barbara Ann Frederiksen-Cross. This supplement further contains Appendix A, which is a list of additional documents considered by Ms. Frederiksen-Cross. Portions of this Appendix A (including the description column for several of Oracle's exhibits) contain non-public, technologically, and commercially sensitive information relating to Oracle's PeopleSoft and JD Edwards software. The public disclosure of this information would create a significant risk of competitive injury and particularized harm, and would prejudice Oracle. ECF No. 1367-2 (Declaration of James C. Maroulis Regarding Sealing) at ¶ 3. Oracle therefore requests that the Court seal these identified portions in Appendix A.

Oracle would be harmed by the disclosure of the information contained in Appendix A to the supplement. As a result, these materials should be sealed. *Ctr. for Auto Safety v. Chrysler Grp, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("sources of business information that might harm a litigant's competitive standing," constitute "compelling reasons" to seal); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12- CV-03844-JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, C 10-3724 CW, 2013 WL 4426507, at *4-5 (N.D. Cal. Aug. 14, 2013) (granting third party plaintiffs motion to seal after finding that third party plaintiffs licensing and settlement agreement contained sensitive information). The Court should grant Oracle's motion to seal at least as to Appendix A.

### B. Rimini Has Requested Sealing of Similar Information

Oracle further notes that Appendix A to the Frederiksen-Cross supplement also contains

2

similar descriptions of Rimini documents that are listed on the parties' respective exhibit lists that were filed as part of the August 20, 2021 Joint Pretrial Order.  Rimini requested sealing of similar information in its August 25, 2021 Memorandum in Support of Oracle's Motion to Seal Portions of Pre-Hearing Order and Supporting Documents.  *See* ECF No. 1493.  In particular, Rimini argued that Oracle's and Rimini's exhibit lists should be sealed because they (1) "contain descriptions of Rimini's proprietary technical processes, information regarding how Rimini provides services to its clients, and confidential details of Rimini's technical processes that Rimini designated 'Highly Confidential' elsewhere" and (2) "they disclose the identities of, or other confidential information related to, non-party Rimini clients."  ECF No. 1493 at 2–4.

This Court has previously granted motions to file under seal portions of documents containing these and other similar types of confidential information described above.  *See, e.g.*, ECF Nos. 226, 325, 518, 904, 990, 1107, 1228, 1261, 1349, 1459; *see also Rimini II*, Case No. 2:14-cv-1699, ECF No. 627.  Sealing the confidential materials referenced herein would not frustrate the public's visibility into the judicial process because Oracle's request to seal is narrowly tailored to only those documents that contain particularly sensitive information.

### III.  CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court grant leave to file under seal the materials discussed above.

MORGAN, LEWIS & BOCKIUS LLP

DATED: August 31, 2021

By:    */s/ Benjamin P. Smith*
        Benjamin P. Smith

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31th day of August, 2021, I electronically transmitted the foregoing ORACLE'S MEMORANDUM REGARDING RIMINI'S MOTION TO SEAL EXHIBIT TO EMERGENCY MOTION UNDER LOCAL RULE 7-4 TO STRIKE ORACLE'S EXPERT REPORT SUPPLEMENT to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

MORGAN, LEWIS & BOCKIUS LLP

DATED: August 31, 2021

By:     */s/ Benjamin P. Smith*
               Benjamin P. Smith

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation