UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORACLE USA, INC.; a Colorado Corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>ORDER |

On March 31, 2021, the Court ordered Rimini Street, Inc. ("Rimini") to show cause why it should not be held in contempt for violating the permanent injunction and ordered an evidentiary hearing on several discrete issues to begin September 20, 2021. ECF No. 1459.[1] Rimini filed its response (*see* ECF No. 1467), Oracle replied (*see* ECF No. 1472); and Rimini sur-replied (*see* ECF No. 1478). The parties were also ordered to provide the Court with a proposed Joint Pre-Hearing Order, which was filed on August 21, 2021. ECF Nos. 1484, 1486-s.[2] This 77-page Joint

---

[1] The Court had initially held that Rimini had violated the permanent injunction as to 2 additional discrete updates (related to Campbell Soup and City of Eugene), but on reconsideration, struck those portions of the order as the conduct occurred prior to the permanent injunction going into effect. *See* ECF No. 1476.

[2] The parties filed portions of their briefing and attached exhibits under seal. The Court will refer to the sealed pleadings with an "-s" designation and, for clarity, will cite to the sealed document for pinpoint citations when necessary. While the Court would prefer to keep all the sealed information confidential, some of it is necessary to resolve the pending motions. The Court will therefore include the information unredacted in this Order where appropriate. The Court recognizes that the parties have privacy interests in the confidential information, but the public has an even greater interest in the reasoning behind the Court's Order

1

Pre-Hearing Order identified several issues that the parties have not been able to agree on. On one issue, Rimini subsequently filed an Emergency Motion to Strike on August 23, 2021. ECF No. 1488. The Court ordered an expedited briefing schedule on the matter (ECF No. 1492); accordingly, Oracle responded (ECF No. 1494) and Rimini replied (ECF No. 1498).

The Court has reviewed the proposed Joint Pre-Hearing Order and Rimini's Emergency Motion to Strike. To ensure the contempt hearing proceeds expeditiously, the Court finds that several issues warrant a written ruling. Due to the late hour of these filings, the Court shall issue two separate rulings: the Court now issues its order on contested issues contained within the parties' proposed Joint Pre-Hearing Order; the Court's order on Rimini's Emergency Motion to Strike will follow shortly.

I.   BACKGROUND

In brief and relevant part, Oracle develops, manufactures, and licenses computer software, particularly Enterprise Software Programs. Oracle also provides after-license software support services to customers who license its copyrighted software. Rimini is a company that provides similar after-license software support services to customers licensing Oracle's copyrighted software and competes directly to provide those services. Seth Ravin is the owner and CEO of Rimini.

This action has an extensive 11-year history that spans two causes of action. The Court assumes familiarity with its several recent orders in this case and will therefore not reiterate the lengthy case history here.[3]

II.   DISCUSSION

A.   **The parties' motions to seal are granted.**

There is a general presumption that court records should be open and accessible to the public. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). With non-dispositive motions, this presumption is automatically overcome by a showing that the material to be filed under seal is being done so pursuant to a valid protective order. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331

---

[3] For a detailed review of the facts involved, the Court directs readers to its recent Order to show cause, *see* ECF No. 1459; and its Order on summary judgment in *Rimini Street, Inc. v. Oracle International Corp.*, 473 F.Supp.3d 1158 (D. Nev. 2020).

F.3d 1122, 1135 (9th Cir. 2003) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). The parties seek to seal the following non-dispositive filings, pursuant to the operative protective order in this case (ECF No. 55): Rimini's response to the Court's order to show cause and accompanying exhibits (ECF No. 1468); Oracle's reply to Rimini's response to the Court's order to show cause and accompanying exhibits (ECF No. 1473); Rimini's sur-reply to the same and accompanying exhibits (ECF No. 1479); the parties proposed Joint Pre-Hearing Order and exhibit lists (ECF No. 1485); portions of exhibit 1 to the declaration of Casey J. McCracken in support of Rimini's emergency motion to strike (ECF No. 1489); exhibit 1 to the declaration of Zachary Hill in support of Oracle's response to Rimini's motion to strike (ECF No. 1495); and portions of Rimini's reply to the same (ECF No. 1499).

The Court has reviewed these motions to seal and the underlying documents and finds that the filings should be sealed as requested. The information the parties seek to seal consists of "non-public, technologically and commercially sensitive information," and proprietary business and technical information, that has been designated "Confidential" or "Highly Confidential Information – Attorneys' Eyes Only" under the protective order. The Court recognizes the significant risk of competitive injury and potential prejudice to the parties if their proprietary information is released to the public. *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (articulating that compelling reasons may exist to seal a record if it may be used "as sources of business information that might harm a litigant's competitive standing."); *Hologram USA, Inc. v. Pulse Evolution Corp.*, Case No. 2:14-cv-00772-GMN-NJK, 2015 WL 105793, at * 1-2 (D. Nev. Jan. 7, 2015) (granting the plaintiff's motion to seal when the underlying filing contained "sensitive, proprietary, and technical information," disclosure of which was likely to injure the plaintiff's competitive posture). The Court further notes that the parties have filed redacted versions of the sealed filings (where appropriate) in the public record, narrowly tailoring their requests to seal and limiting any harm to the public. Accordingly, the Court grants the parties' motions to seal *nunc pro tunc* (ECF Nos. 1468, 1473, 1479, 1485, 1489, 1495, 1499).

///

**B. The parties proposed Joint Pre-Hearing Order is granted with the below noted rulings relating to the parties' contested issues.**

The parties raise several contested issues in their proposed Joint Pre-Hearing Order: (1) whether Oracle is permitted to raise additional examples of contempt as it relates to Rimini's violation of paragraph 5 of the permanent injunction; (2) whether the parties should be permitted to argue that the Court should hold Rimini in contempt for copying source code file, "prvtsidz.plb", even though the parties initially argued it under the JD Edwards portion of the permanent injunction but now agree it is an Oracle Database file; (3) whether certain depositions should be presented at the hearing; (4) which party should proceed first at the hearing; (5) whether the parties should provide the Court with proposed Findings of Fact and Conclusions of Law following the hearing; (6) whether certain exhibits should be admitted; (7) whether Rimini's expert Mr. Lanchak is qualified; and (8) Rimini's preservation of appellate rights. The Court will address each of the contested points in turn.

1. <u>Oracle may present additional examples of violations of Paragraph 5 of the Permanent Injunction,</u>

In the Court's Order to Show Cause, the Court considered whether to hold Rimini in contempt because Rimini's systems contained the "psptaxdt.dms" source code file and emails containing PeopleSoft copyrighted documentation and Peoplesoft Payroll update documents. ECF No. 1459 at 22-23. While Rimini contends that the content was sent to it by a client, contrary to express instruction, the Court held that regardless of Rimini's willfulness, the conduct still constituted a violation of the permanent injunction. *Id.* at 23. The parties now dispute whether under the Court's ruling Rimini may be held in contempt for having similar such files and documents on its systems. ECF No. 1486-s at 3.

At the upcoming September 20 hearing, the Court will not be deciding whether every instance of Rimini's conduct is contemptuous. Therefore, to the extent Oracle seeks to introduce examples of similar contemptuous files and documents on Rimini's systems, the Court will not expand its ruling to add additional contempt violations. However, in determining whether to hold Rimini in contempt for this violation, the Court must decide if Rimini is substantially complying

with the Court's order and may further consider "a defendant's diligence and good faith efforts" in assessing what penalty the Court should impose on Rimini for its violation. *See TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 880 (Fed. Cir. 2011). In this regard, it is relevant to the Court's ruling whether this conduct is an isolated incident or shows a pattern of impertinence. Accordingly, for this purpose, Oracle is permitted to present evidence and argument related to similar files and documents on Rimini's systems that would constitute a violation of Paragraph 5 of the Permanent Injunction.

2. <u>The parties will be permitted to argue whether the Court should hold Rimini in contempt for copying source code file, "prvtsidz.plb".</u>

The parties agree that file "prvtsidz.plb" is an Oracle Database file, not a JD Edwards file, as the parties both initially argued in their briefing and upon which the Court issued its Order to show cause. However, the parties dispute what this error means for the subsequent contempt hearing. Oracle seeks the opportunity to argue that Rimini should be held in contempt for such a violation even though it initially erred in articulating which software program the source code came from (and therefore, which provision of the permanent injunction Rimini violated). Alternatively, Rimini seeks the issue to be "dropped". At this time, the Court finds it will be beneficial to allow the parties to argue and present evidence on this contempt issue at the upcoming hearing, and permits the parties to do so.

3. <u>The parties should provide the Court with their final deposition designees by the start of the hearing.</u>

The parties articulate that there are several disagreements over deposition designations, and the portions of any selected depositions. The parties further articulate that they are still working to meet and confer and to try to reach agreement on the deposition designees. The Court strongly advises counsel to reach consensus on these issues—a final list of deposition designees must be provided at the start of the hearing. If any disagreement exists and the Court must rule on whether a deposition is admissible, the Court makes clear that any argument on the topic will be counted toward the parties' total trial time. The Court also makes clear that if the parties intend to introduce a deposition, it must be read or played into the record during their 3-day allotted time; any

depositions not entered into evidence in this way will not be considered by the Court in reaching its decision.

        4. <u>Oracle will present its case first as to why Rimini should be held in contempt for violating the Permanent Injunction.</u>

The parties dispute which party should proceed first at the September 20 hearing. Oracle argues that because it is the party with the burden of proof, it should present its evidence in support of its motion for contempt first, followed by Rimini's rebuttal. Rimini argues that while Oracle bears the burden, the hearing was ordered to allow Rimini to respond to the Court's Order to Show Cause, and it is most logical for the Rimini to lay the factual foundation first. The Court finds that Oracle, as the party with the burden of proof, should proceed first, followed by Rimini's rebuttal. This will allow the Court to best understand the issues at this hearing, the factual matters to be decided, and legal conclusions to be made.

        5. <u>The parties will file proposed Findings of Fact and Conclusions of Law following the hearing.</u>

Rimini suggested that the parties should file proposed findings of fact and conclusions of law following the hearing. The Court agrees that this will help the Court render its final ruling. Therefore, the parties are to each file their own proposed findings of fact and conclusions of law, no later than end of business **Friday, October 29, 2021**. The parties' filings should be no more than **30 pages**; no exhibits need be attached, but the parties should cite, where appropriate, to exhibits admitted into evidence during the hearing.

        6. <u>A final exhibit list and hard copy of exhibits is due September 16, 2021, by 10:00am.</u>

The parties provide that they have some disagreements regarding the admissibility of exhibits but will continue to meet and confer to reach agreement. The Court again strongly advises and encourages counsel to reach agreement to pre-admit exhibits—if the Court must rule on the admissibility of exhibits, it will count toward the parties' trial time. Additionally, if there are any exhibits that the parties are unable to reach an agreement on, the Court strongly advises counsel to at least reach agreement on the authentication of the exhibit so that custodians of record are not

necessary. The parties may use electronic exhibits during the hearing and counsel should contact Courtroom Deputy Katie Sutherland to ensure accessibility to the Court's technology. However, the Court also orders the parties to provide a hard copy of their marked exhibit binder to the Court Clerk's Office, care of Katie Sutherland, by **no later than September 16, 2021, by 10:00am**.

7. <u>Rimini's expert Mr. Lanchak is permitted to testify.</u>

In the proposed Joint Pre-Hearing Order, Oracle objects to the anticipated testimony of Rimini's "ERP industry expert", Stephen Lanchak, arguing that he is not an expert on Rimini's underlying support practices or its industry competitors and that he should not be qualified as an expert. Setting aside the procedural impropriety of Oracle's hidden *Daubert* motion contained within this pre-hearing order, the Court will not disqualify or exclude experts in this manner. Had Oracle wanted to exclude Mr. Lanchak, it should have properly filed for leave to file a motion in limine on the subject. At this late hour before the hearing, the Court finds briefing on the topic is not advisable; rather, it will permit Rimini to call Mr. Lanchak. During his testimony, Rimini should lay foundation, and based on the testimony provided, the Court will determine if he should be permitted to testify as an expert and on what topics.[4]

8. <u>The parties' arguments related to Rimini's rights of appeal are irrelevant; all parties will have the appellate rights they are entitled to under the law.</u>

Finally, Rimini spends 5 ½ pages at the end of the proposed Joint Pre-Hearing Order articulating what it calls its statement regarding appellate preservation of issues (some of which are from *Rimini II* and not this case). Oracle then spends 2 pages rebutting Rimini's arguments. All of these arguments and issues are irrelevant to the contempt hearing and as such, do no not belong in a pre-hearing order. The parties will have the appellate rights they are entitled to under the law.

---

[4] The parties further dispute whether Oracle's expert's supplement to her expert report was proper. While their arguments are contained within the proposed joint pre-hearing order, they are fully contained within Rimini's Emergency Motion to Strike and the Court will therefore articulate its ruling on this issue in a separate order to follow. Oracle also argues in the proposed Joint Pre-Hearing Order that it should be permitted to reopen discovery for the limited purpose of deposing three Rimini witnesses—Brenda Davenport, James Benge, and Craig Mackereth. ECF No. 1486-s at 64. As these arguments were raised in Oracle's response to Rimini's Emergency Motion to Strike, the Court will also address this issue in its order to follow.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that parties' motions to seal selective filings (ECF Nos. 1468, 1473, 1479, 1485, 1489, 1495, 1499) are **GRANTED** *nunc pro tunc*.

IT IS FURTHER ORDERED that the parties' proposed Joint Pre-Hearing Order (ECF Nos. 1484; 1486-s) is **GRANTED** with the above noted rulings on disputed issues contained therein.

IT IS SO ORDERED.

DATED this 9th day of September, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE