UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ORACLE USA, INC.; a Colorado Corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation<br><br>                              Plaintiffs,<br><br>    v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>                              Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>ORDER |

On March 31, 2021, the Court ordered Rimini Street, Inc. ("Rimini") to show cause why it should not be held in contempt for violating the permanent injunction and ordered an evidentiary hearing on several discrete issues to begin September 20, 2021. ECF No. 1459.[1] Rimini filed its response (*see* ECF No. 1467), Oracle replied (*see* ECF No. 1472); and Rimini sur-replied (*see* ECF No. 1478). The parties were also ordered to provide the Court with a proposed Joint Pre-Hearing Order, which was filed on August 21, 2021. ECF Nos. 1484, 1486-s.[2] This 77-page proposed Joint Pre-Hearing Order identified several issues that the parties have not been able to agree on. On one

---

[1] The Court had initially held that Rimini had violated the permanent injunction as to 2 additional discrete updates (Campbell Soup and City of Eugene), but on reconsideration, struck those portions of the order as the conduct occurred prior to the permanent injunction going into effect. *See* ECF No. 1476.

[2] The parties filed portions of their briefing and attached exhibits under seal. The Court will refer to the sealed pleadings with an "-s" designation and, for clarity, will cite to the sealed document for pinpoint citations when necessary. While the Court would prefer to keep all the sealed information confidential, some of it is necessary to resolve the pending motions. The Court will therefore include the information unredacted in this Order where appropriate. The Court recognizes that the parties have privacy interests in the confidential information, but the public has an even greater interest in the reasoning behind the Court's Order

1

issue, Rimini subsequently filed an Emergency Motion to Strike on August 23, 2021. ECF No. 1488. The Court ordered an expedited briefing schedule on the matter (ECF No. 1492); accordingly, Oracle responded (ECF No. 1494), and Rimini replied (ECF No. 1498).

The Court has reviewed Rimini's Emergency Motion to Strike and for the reasons contained herein, grants Rimini's motion and denies Oracle's cross motion to reopen discovery.

I. **BACKGROUND**

In brief and relevant part, Oracle develops, manufactures, and licenses computer software, particularly Enterprise Software Programs. Oracle also provides after-license software support services to customers who license its copyrighted software. Rimini is a company that provides similar after-license software support services to customers licensing Oracle's copyrighted software and competes directly to provide those services. Seth Ravin is the owner and CEO of Rimini.

This action has an extensive 11-year history that spans two causes of action. The Court assumes familiarity with its several recent orders in this case and will therefore not reiterate the lengthy case history here.[3]

II. **DISCUSSION**

**A. Rimini's emergency motion to strike is granted.**

Rimini's emergency motion stems from Oracle filing a "supplement" to the expert report of witness Barbara Frederiksen-Cross. Rimini argues this supplement includes 250 new exhibits that Ms. Frederiksen-Cross has never cited, never discussed, and never mentioned in her prior reports, and the supplement just provides that "It is my opinion that these additional documents provide further support for the opinions that I have previously set forth in the reports and declarations that I have previously submitted in this matter." ECF No. 1488-2 at 4. Such a disclosure, Rimini argues, is prejudicial, untimely, and violates Federal Rule of Civil Procedure 26(e).

///

---

[3] For a detailed review of the facts involved, the Court directs readers to its recent Order to Show Cause, *see* ECF No. 1459; and its Order on summary judgment in *Rimini Street, Inc. v. Oracle International Corp.*, 473 F.Supp.3d 1158 (D. Nev. 2020).

2

Oracle argues that not only is Ms. Frederiksen-Cross's supplement consistent with Rule 26, but it is responsive to and contemplated by the Court's Order to Show Cause and for an evidentiary hearing. Further, Oracle argues that Rimini's arguments of prejudice are inconsistent with its refusal to produce three fact witnesses for depositions and that the documents Ms. Frederiksen-Cross relies upon are exhibits that Rimini first introduced during counsel's negotiations on the proposed Joint Pre-Hearing Order. Alternatively, Oracle cross moves for leave to reopen discovery for the limited purpose of deposing three additional Rimini witnesses and/or to exclude Rimini's untimely evidence.

Preliminarily, the Court disagrees with Oracle's characterization of Rimini's motion as an improper motion in limine to exclude Ms. Frederiksen-Cross's opinions and testimony. Rimini has only sought to exclude a late disclosed supplement to her expert report, not her exhaustive previous expert reports and supplements. The Court's ruling on this matter will not limit Oracle's ability to call Ms. Frederiksen-Cross as a witness or rely on her opinions and testimony at the September 20 hearing to support its motion that Rimini be held in contempt for violating the Permanent Injunction.

Under the Federal Rules of Civil Procedure, the parties must disclose an expert's opinion and it must be "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i). A party must supplement this disclosure "1) upon court order; 2) when the party learns that the earlier information is inaccurate or incomplete; or 3) when answers to discovery requests are inaccurate or incomplete." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (citing FED. R. CIV. P. 26(e)(1)). Supplementation "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Id.* Importantly, while Rule 26(e) "creates a 'duty to supplement,'" it does not create a right to do so. *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009). Supplementation does not "create a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed." *Id.*

Ms. Frederiksen-Cross's supplement does correct an error: paragraph 7 provides that it is an errata with respect to Exhibit 47 to her Opening Report. ECF No. 1488-2 at 4-5. As this provision is properly informing the Court and the parties of an error, it is a proper supplementation to her existing expert report and will not be stricken.

However, the same can not be said for paragraph 6 of Ms. Frederiksen-Cross's supplemental report. In this provision, she simply says that she has had "occasion to consider additional documents produced by the parties," and "[i]t is my opinion that these additional documents provide further support for the opinions that I have previously set forth in the reports and declarations that I have previously submitted in this matter." This supplement was not provided because it was ordered by the Court, nor does it appear to fix any inaccurate or incomplete information contained therein. As such, this supplement is not proper under Rule 26.

"Where a supplemental expert report does not comply with Rule 26(e), courts turn to Rule 37(c) to determine whether sanctions are appropriate for the party's non-compliance." *Hologram USA, Inc. v. Pulse Evolution Corp.*, Case No. 2:14-cv-00722-GMN-NJK, 2016 WL 3965190, at *2 (D. Nev. July 21, 2016) (citing *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 640-41 (D. Haw. 2008)). Under Rule 37, a Court may sanction a party by requiring them to pay reasonable expenses, striking documents, and barring the use of the information or witness at a hearing or trial. FED. R. CIV. P. 37(c). However, the party may be permitted to use the improper disclosure at a trial or hearing if the violation was substantially justified or harmless. *Id.* The Court considers "(1) prejudice or surprise to the party against whom the evidence is offered; (2) ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence," to determine if the violation is substantially justified or harmless. *Hologram USA, Inc.*, 2016 WL 3965190, at *2. The Court notes that it need not find bad faith or willfulness to exclude a witness's testimony. *Id.*

The Court finds that permitting Oracle to supplement its expert's report with 250 new exhibits is prejudicial to Rimini. This supplement was provided to Rimini less than 1 month prior to the contempt hearing and when both sides were already in the process of preparing for this substantial proceeding. To require and expect Rimini to be able to consider all of these exhibits,

4

have its own expert consider these exhibits, and reasonably be able to respond to and cross examine Ms. Frederiksen-Cross on all of these new exhibits is far too onerous a standard. Further, the Court agrees that Ms. Frederiksen-Cross's supplement does not provide Rimini or the Court with a meaningful idea of what opinions these new exhibits pertain to and how they are related to her previously set forth opinions. At this late hour before the trial, the Court does not find that it is meaningful to order further deposition of Ms. Frederiksen-Cross. The parties have engaged in exhaustive discovery and it is time for the parties to try the issues and stand on the evidence as it has been put forth. Moreover, the Court issued its Order to Show Cause in March of this year, approximately 6 months before the scheduled hearing. If Ms. Frederiksen-Cross need to supplement her report, Oracle had sufficient time to request such a supplement from the Court.

Oracle argues that Rimini too has added "eleventh hour" exhibits. The Court cautions both parties to abide by the Rules of Civil Procedure and the Rules of Professional Ethics. Exhibits that have never been disclosed to the other side have no place in the upcoming hearing. However, if the exhibit was properly disclosed during discovery, even if it was not cited in the parties previous briefing, the Court will not make a blanket ruling excluding all such exhibits. If a specific exhibit is inadmissible, the Court will hear argument as to that exhibit and will make the appropriate ruling. However, as the Court noted in its previous order, any argument on the admission of exhibits will count toward the parties' trial time.

Finally, to permit further discovery at this late hour would be to further delay this contempt trial. This case is 11-years old and has been in these contempt proceedings for approximately three years. It is time for the issues to be decided and further delay of this case is inadvisable. The Court does not find bad faith on either side. Counsel has zealously advocated for each respective side, and the Court has thus far been impressed by counsel's ability to work together. The Court strongly encourages counsel to continue to do so as we approach this upcoming contempt trial. Accordingly, the Court does not find that Oracle's supplement is either substantially justified or harmless and thus paragraph 6 and the accompanying exhibits must be struck.

As to Oracle's alternative cross motion to reopen discovery as to Rimini's three witnesses—James Benge, Brenda Davenport, and Craig Mackereth—the motion is improper. *See*

5

LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document."); LR 7-4 ("Written requests for judicial assistance in resolving an emergency dispute must be titled "Emergency Motion" and be accompanied by a declaration . . .."). Oracle should have filed a timely motion to reopen discovery prior to serving Rimini with notices for requested depositions. Additionally, there is no rule that all witnesses must be deposed in order to testify in a civil trial or hearing. The Court is not convinced that Oracle is substantially prejudiced by not having deposed these individuals such that the contempt hearing should be delayed to reopen discovery. Accordingly, Oracle's improper cross motion is denied.

### III.   CONCLUSION

IT IS THEREFORE ORDERED that Rimini's emergency motion to strike (ECF No. 1488) is **GRANTED**; Oracle's improper cross motion to reopen discovery is **DENIED**.

IT IS SO ORDERED.

DATED this 10th day of September, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE