| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>MARK A. PERRY (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  20036-5306<br>Telephone: 202.955.8500<br>mperry@gibsondunn.com | RIMINI STREET, INC.<br>DANIEL B. WINSLOW (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA  94566<br>Telephone: 925.264.7736<br>dwinslow@riministreet.com |
| GIBSON, DUNN & CRUTCHER LLP<br>JEFFREY T. THOMAS (*pro hac vice*)<br>BLAINE H. EVANSON (*pro hac vice*)<br>JOSEPH A. GORMAN (*pro hac vice*)<br>CASEY J. MCCRACKEN (*pro hac vice*)<br>3161 Michelson Drive<br>Irvine, CA  92612-4412<br>Telephone: 949.451.3800<br>jtthomas@gibsondunn.com<br>bevanson@gibsondunn.com<br>jgorman@gibsondunn.com<br>cmccracken@gibsondunn.com | RIMINI STREET, INC.<br>JOHN P. REILLY (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV  89169<br>Telephone: 336.908.6961<br>jreilly@riministreet.com |
| | HOWARD & HOWARD ATTORNEYS PLLC<br>W. WEST ALLEN (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV  89169<br>Telephone: 702.667.4843<br>wwa@h2law.com |
| GIBSON, DUNN & CRUTCHER LLP<br>SAMUEL LIVERSIDGE (*pro hac vice*)<br>ERIC D. VANDEVELDE (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone: 213.229.7000<br>sliversidge@gibsondunn.com<br>evandevelde@gibsondunn.com | |

*Attorneys for Defendant*
*Rimini Street, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RIMINI STREET, INC., et al.,<br><br>    Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>**RIMINI'S RENEWED MOTION TO EXCLUDE UNDISCLOSED OPINIONS OF BARBARA FREDERIKSEN-CROSS**<br><br>**Oral Argument Requested** |

### I. ARGUMENT

Rimini respectfully reiterates and renews its objection to the admission of previously undisclosed opinions of Oracle's expert, Barbara Frederiksen-Cross, which Oracle attempted to elicit toward the end of the hearing day on Monday, September 20. If an expert's opinions are not timely disclosed, they *must* be excluded under Rules 26 and 37 whether or not they are helpful. See *Olson v. Mont. Rail Link, Inc.*, 227 F.R.D. 550, 553 (D. Mont. 2005); *Engleson v. Little Falls Area Chamber of Com.*, 210 F.R.D. 667, 671 (D. Minn. 2002); *Khosmukhamedov v. Potomac Elec. Power Co.*, 2012 WL 1670152, at *3 (D. Md. May 11, 2012).

1. Near the end of Monday's hearing, Ms. Frederiksen-Cross began comparing two files, called "RSPCMPAY.cbl" and "PSPTARRY.cbl," using demonstrative OREX_0175. Rimini objected when Ms. Frederiksen-Cross began offering—literally for the very first time in these proceedings—previously undisclosed opinions on substantial similarity between these two files that went far beyond what she disclosed in her expert report, including references to various supposed features of the files such as "structure," "sequence," and "constraints." These are discussed or disclosed nowhere in the few paragraphs dedicated to "RSPCMPAY.cbl" in her report:

> Rimini also copied substantial portions of the PeopleSoft file PSPTARRY.cbl into its "RSPCMPAY.cbl" file, which was saved to Rimini's internal system and distributed at least 14 times to 7 different clients between December 19, 2018 and July 2, 2019. Comparing these two files shows that 32.74% of lines from the Rimini file match lines from the GA version of the Oracle file. Notably, most of the mismatch results from the removal of Oracle code lines, rather than genuine differences that would have resulted had the two files been developed independently. A complete side-by-side comparison of these files, with Rimini's RSPCMPAY.cbl on the left and Oracle's PSPTARRY.cbl on the right and highlighting content in the Rimini file matching the Oracle file, is provided in Exhibit 47. . . .

> I note how Rimini has copied the double-spacing around "□□TO□□" in the first excerpt and in the middle of "VALUE ZERO□□COMP" in the second excerpt, where '□' indicates a blank space. There is no programming rationale for these double spaces, nor any standard that would suggests their use. Instead, both are apparent idiosyncrasies in the Oracle code. Their appearance in the Rimini code is a further indication that Rimini developed its RSPCMPAY.cbl by modifying the Oracle file.

Corrected Frederiksen-Cross Post-Injunction Expert Report, ¶¶ 189–91.

2. Oracle's effort to introduce undisclosed opinions violates Rule 26's requirement that an expert must disclose in her report "*a complete statement of all opinions … and the basis and reasons for them.*" *Kuklock v. Nev. Dep't of Transp.*, 2020 WL 7081582, at *1 (D. Nev. Dec. 2, 2020) (Hicks, J.) (emphasis added) (quoting Fed. R. Civ. P. 26(a)(2)(B)(i)). Under Rule 37, Oracle "*is not allowed to use*" information it failed to disclose. Fed. R. Civ. Pro. 37(c)(1) (emphasis added). This sanction is "self-executing" and "automatic." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Oracle did not dispute that these were new opinions, not previously disclosed in her report; rather, Oracle argued that Rimini could have asked her about these things in a deposition. That is nonsensical. The purpose of the expert disclosure requirement is to identify for the opposing party the subjects to explore during the limited time allotted for depositions. Rimini had no reason to depose her on matters not in her reports.

3. To be admissible, expert testimony must be both helpful *and* "timely disclosed." *Olson v. Mont. Rail Link, Inc.*, 227 F.R.D. 550, 553 (D. Mont. 2005); *Engelson v. Little Falls Area Chamber of Com.*, 210 F.R.D. 667, 671 (D. Minn. 2002) (helpfulness and timeliness are "independent ground[s]" for excluding expert testimony). Rimini is prejudiced by the attempted introduction of new opinions of which it has had no notice, no opportunity to depose the witness, and no opportunity to prepare responsive expert opinions. *See, e.g.*, Fed. R. Civ. P. 26(b) advisory committee's note ("Effective cross-examination of an expert witness requires advance preparation.").

4. Oracle knew long before the start of the hearing that Ms. Frederiksen-Cross's opinions were deficient, yet chose not to make additional disclosures notwithstanding several opportunities. Rimini moved to exclude Ms. Frederiksen-Cross's opinions on substantial similarity under *Daubert* precisely *because* they were not adequately supported, and thus they *are not* helpful to the Court. She did not apply the proper analytic dissection test. *See* ECF No. 1390 at 1, 5–11. In response to that Motion, Oracle simply argued that her "side-by-side comparison" analysis was sufficient. ECF No. 1407 at 4, 12–16. While the Court denied

Rimini's *Daubert* motion, it reserved the ability to "later exclude the opinion or disregard it if" the Court determined her methodologies were lacking. ECF No. 1459 at 13–14. They are (as Rimini's expert will establish), but that is *in addition* to being prejudicially and untimely disclosed—defects that *mandate* exclusion.

## II.   CONCLUSION

The Court should exclude Frederiksen-Cross's previously undisclosed opinions about substantial similarity and strike any testimony she provided on the subject.

Dated: September 20, 2021

                                                        GIBSON, DUNN & CRUTCHER LLP

                                                        By:  /s/ *Eric D. Vandevelde*
                                                                            Eric D. Vandevelde

                                                        *Attorneys for Defendant*
                                                        *Rimini Street, Inc.*