BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:    702.382.7300
Facsimile:    702.382.2755
rpocker@bsfllp.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
WILLIAM A. ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006
Telephone:    202.223.7300
Facsimile:    202.223.7420
wisaacson@paulweiss.com
kdunn@paulweiss.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
SHARON R. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:    415.442.1000
Facsimile:    415.442.1001
benjamin.smith@morganlewis.com
sharon.smith@morganlewis.com

DORIAN DALEY (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:    650.506.4846
Facsimile:    650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | **Case No. 2:10-cv-0106-LRH-VCF**<br><br>**ORACLE'S OPPOSITION TO RIMINI'S RENEWED MOTION EXCLUDE UNDISCLOSED OPINIONS OF BARBARA FREDERIKSEN-CROSS** |

Rimini's Renewed Motion to Exclude (ECF No. 1518) should be denied for the following reasons, and Ms. Federiksen-Cross should be permitted to testify to the full scope of her substantial similarity and protected expression opinions.

First, Ms. Frederiksen-Cross did not offer "previously undisclosed opinions on substantial similarity." Her post-Injunction expert report provided the same detailed side-by-side code comparison (OREX_0175) about which she testified yesterday afternoon. Corrected Frederiksen-Cross Post-Injunction Expert Report, Ex. 47. The body of her post-Injunction report likewise opined—*twice*—that Rimini copied protected expression found in Oracle's PSPTARRY.cbl file into its RSPCMPAY.cbl file:

- "An excerpt showing *substantial similarities between these files and protected expression copied from the Oracle file to the RS-prefixed file* is shown below: [side-by-side code comparison excerpt removed]"

- "Another excerpt, *again showing copying of protected expression*, is below: [side-by-side code comparison excerpt removed]"

*Id.*, ¶¶ 189–91 (emphasis added). These opinions are disclosed in the very paragraphs of her report that Rimini purports to excerpt in its Motion. Yet Rimini intentionally omitted them from the Court's consideration. More remarkable still, Rimini never questioned Ms. Frederiksen-Cross about the substance of OREX_0175 or her protected expression opinions at her deposition, instead opting to pursue wide-ranging hypotheticals of the sort featured in its opening statement. Rimini's strategic decision provides no basis to limit Ms. Frederiksen-Cross's testimony.

Second, expert reports are not direct examination scripts. To the contrary, "Rule 26 does not require an expert witness to provide the exact details, especially when such details can be explored further at a deposition or at trial during cross-examination." *Fowler v. Wal-Mart Stores, Inc.*, 2017 WL 8682353, at *3 (D. Nev. Nov. 14, 2017) (cleaned up and citation omitted); *accord TDN Money Sys., Inc. v. Everi Payments, Inc.*, 2017 WL 5148359, at *5 (D. Nev. Nov. 6, 2017) (experts can testify beyond the scope of their reports absent genuine surprise or bad faith, and excluding expert testimony as a sanction for not including the "exact information in the original expert report" may be reversible error). Instead, Rule 26 "contemplates that the expert will

supplement, elaborate upon, and explain his report" at trial.  *Id.* (cleaned up) (quoting *Muldrow ex rel. Estate of Muldrow v. ReDirect, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007)).

In the testimony Rimini seeks to exclude, Ms. Fredriksen-Cross merely elaborated on the opinions she provided in paragraphs 189–191 of her post-Injunction report and explained how OREX_0175, which was an exhibit she cited in those paragraphs of her post-Injunction report, supports her opinions.  Ms. Fredriksen-Cross's testimony therefore "can fairly be said to 'provide evidentiary details' for the conclusions originally espoused in [her] report—which remain unchanged—and is thus properly within the scope of that report." *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 279–80 (S.D.N.Y. 2011).  Accordingly, her testimony "did not violate Rule 26 of the Federal Rules of Civil Procedure and therefore is not subject to preclusion under Rule 37."  *Id.* at 280.

Third, Rimini waived any objections by failing to raise a timely objection.  "A party may claim error in a ruling to admit" evidence "only if" the party "*timely* objects or moves to strike." Fed. R. Evid. 103(a)(1)(A).  For an objection to be timely under Federal Rule of Evidence 103, the objection must "be made at the time the evidence is offered," *United States v. Parodi*, 703 F.2d 768, 783 (4th Cir. 1983) (citation omitted), or "as soon as the opponent knows, or should know, that the objection is applicable." *Jerden v. Amstutz*, 430 F.3d 1231, 1236–37 (9th Cir. 2005) (citation omitted).  Where a party seeks to exclude testimonial evidence as to a specific topic, as Rimini seeks here, "the objection is timely when the witness is *first asked* about those topics." Charles Alan Wright & Arthur R. Miller, 21 Fed. Prac. & Proc. Evid. § 5037.2 (2d ed.) (emphasis added).  An objection to a specific question or specific topics is "too late if it comes only . . . after extensive questioning—or even after three more objectionable questions." *Id.*

Rimini did not object when Ms. Frederiksen-Cross was first asked about her analysis of the similarities between the PSPTARRY.cbl file and RSPCMPAY.cbl file shown on OREX_0175.  Nor did Rimini object after the first few questions on that topic.  Despite having previously moved to exclude Ms. Frederiksen-Cross's opinions on substantial similarity, Rimini waited approximately *fifteen to twenty minutes* after she began testifying on that topic to lodge its

first objection and move to strike. As a result, Rimini's objections should be deemed waived and its motions to strike be denied as untimely. Fed. R. Evid. 103(a)(1)(A).

For these reasons, Rimini's motion should be denied and Ms. Frederiksen-Cross should be permitted to testify to the full scope of her substantial similarity and protected expression opinions.

MORGAN, LEWIS & BOCKIUS LLP

DATED: September 21, 2021

By: */s/ Benjamin P. Smith*
Benjamin P. Smith

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of September, 2021, I electronically transmitted the foregoing ORACLE'S OPPOSITION TO RIMINI'S RENEWED MOTION EXCLUDE UNDISCLOSED OPINIONS OF BARBARA FREDERIKSEN-CROSS to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

MORGAN, LEWIS & BOCKIUS LLP

DATED: September 21, 2021

By: */s/ Benjamin P. Smith*
Benjamin P. Smith

Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation