# EXHIBIT A
## Rimini's Opening Presentation



# *Oracle v. Rimini Street,* Case No. 2:10-cv-0106-LRH-VCF
# Show Cause Hearing

## Rimini's Opening Presentation

September 20, 2021

# Ten Issues Set for Hearing

**Rimini Street**®

## < PeopleSoft local hosting (Inj. ¶ 5)

**Issue 1**   Isolated PeopleSoft files sent by clients

**Issue 5**   rspcmpay.cbl

## < "J.D. Edwards software source code" (Inj. ¶ 8)

**Issue 7**   "J.D. Edwards software source code"

**Issue 9**   JDE105328 technical specification

## < PeopleSoft "cross-use" (Inj. ¶¶ 4, 6)

**Issue 2**   rsi940a.sqr update for Matheson Trucking

**Issue 3**   W-2 update for Johnson Controls

**Issue 4**   rsi940a.sqr update for Smead and Spherion

**Issue 6**   1099 update for Easter Seals

**Issue 10**   HCM200105 update for Rockefeller and Home Shopping Network

## < Oracle Database file prvtsidx.plb (Inj. ¶ 15)

**Issue 8**   prvtsidx.plb

# Opening Statement Roadmap

**Rimini Street**

- ‹ Rimini wants to lawfully compete in the marketplace

- ‹ Rimini's good faith understanding of Injunction

- ‹ Rimini's substantial compliance efforts

- ‹ Oracle's expansive interpretation of the Injunction contradicts the Court's rulings

- ‹ Rimini should not be held in contempt for 2 violations the Court found

- ‹ Rimini has not violated the Injunction as to remaining 8 issues

**Opening Statement Roadmap**

**Rimini Street**®

**‹** **Rimini wants to lawfully compete in the marketplace**

**‹** Rimini's good faith understanding of Injunction

**‹** Rimini's substantial compliance efforts

**‹** Oracle's expansive interpretation of the Injunction contradicts the Court's rulings

**‹** Rimini should not be held in contempt for 2 violations the Court found

**‹** Rimini has not violated the Injunction as to remaining 8 issues

# Rimini Wants to Lawfully Compete in the Marketplace



- ‹ Rimini has a right to exist and compete in the marketplace

- ‹ The only question is the _manner_ of providing support—and Oracle won't say what's lawful

- ‹ Rimini changed its processes 7+ years ago in response to Court's orders
  - Fully remote support model
  - Each client hosts its own, siloed software environment

- ‹ Rimini then initiated _Rimini II_ to be certain that its new processes 2.0 are lawful



# Rimini's Consulting Service Model

**Rimini Street**®

- Clients hire Rimini as an <u>ongoing consultant</u> for their ERP maintenance needs

- Rimini proactively identifies and fixes issues and implements updates

- Despite often highly customized software, issues can potentially affect many clients

- Rimini leverages its know-how and experience to solve clients' problems

# Opening Statement Roadmap

**Rimini Street®**

‹ Rimini wants to lawfully compete in the marketplace

‹ **Rimini's good faith understanding of Injunction**

‹ Rimini's substantial compliance efforts

‹ Oracle's expansive interpretation of the Injunction contradicts the Court's rulings

‹ Rimini should not be held in contempt for 2 violations the Court found

‹ Rimini has not violated the Injunction as to remaining 8 issues

# Rimini's Actions Based on Good Faith Understanding of Injunction

**Rimini Street®**

Oracle's Motion for Order to Show Cause



(9th Cir. 2014) To hold Rimini in contempt, Oracle must show (1) Rimini violated the Court's Injunction, (2) beyond substantial compliance, (3) that Rimini's violations were not based on a good faith and reasonable interpretation of the Injunction, and (4) by clear and convincing evidence. *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010). In seeking an Order to

(ECF 1368 at 11:16–19)

# Injunction Only Enjoins "Adjudicated Unlawful" Conduct

**Rimini Street®**

### Order to Show Cause



the permanent injunction only enjoins conduct that has been adjudicated unlawful. The Court made this clear in its Order granting the permanent injunction, and on Oracle's

(ECF 1459 at 11:7-8)

injunction to issues not yet adjudicated unlawful, and this Court's specific ruling that the injunction was narrowly tailored to only enjoin acts that have already been adjudicated unlawful, Rimini's

(ECF 1459 at 33:24-25)

**Ten Issues Set for Hearing**

**Rimini Street®**

**PeopleSoft local hosting** (Inj. ¶ 5)

**Issue 1**  Isolated PeopleSoft files sent by clients

**Issue 5**  rspcmpay.cbl

# Ten Issues Set for Hearing

**Rimini Street**®



**PeopleSoft "cross-use"** (Inj. ¶¶ 4, 6)

| Issue 2 | rsi940a.sqr update for Matheson Trucking |
| Issue 3 | W-2 update for Johnson Controls |
| Issue 4 | rsi940a.sqr update for Smead and Spherion |
| Issue 6 | 1099 update for Easter Seals |
| Issue 10 | HCM200105 update for Rockefeller and Home Shopping Network |





**PeopleSoft local hosting**

Issue 1

Issue 0

**"J.D. Edwards software source code"** (Inj. ¶ 8)

Issue 7 — "J.D. Edwards software source code"

Issue 9 — JDE105328 technical specification



**PeopleSoft "cross-use"**

**Oracle Database file nrtslds.plb**





 **Oracle Database file prvtsidx.plb** (Inj. ¶ 15)

Issue 8    prvtsidx.plb

# PeopleSoft Local Hosting

**Rimini Street®**

## Order to Show Cause



infringement claims. Of importance to these proceedings was the Court's finding that Rimini violated the "facilities restriction" within PeopleSoft's standard licensing agreement when it hosted its clients' development environments on its own computer systems, a process called "local hosting." ECF No. 474; *Oracle USA, Inc. v. Rimini Street, Inc.*, 6 F.Supp.3d 1086, 1096–98 (D.

(ECF 1459 at 2:27–3:2)

# "Cross-use"



Summary Judgment Order (Feb. 13, 2014)





- **‹ Can't use generic environments**

- **‹ Can't intermingle clients' Oracle software —
  each client's Oracle software needs to be
  siloed and kept separate**

- **‹ <u>Doesn't</u> prohibit re-use of Rimini's know-how
  and creative expression**

# "Cross-use" – Rimini Can Leverage Its Experience

**Rimini Street**

Order to Show Cause



And the Court will not make a blanket finding that whenever an update is built quicker for one client than another, that means that Rimini uses one client's environment under color of license for another client and violates the permanent injunction. It is common sense that Rimini's engineers would get better and faster at conducting a task with more experience.

(ECF 1459 at 25:26–26:2)

reason that each had experience in copyright litigation. It would be inapposite to find that simply because Rimini's developers are able to develop updates faster, with less testing, after they have built the update for another client, Rimini is violating the permanent injunction against cross-use.

(ECF 1459 at 16:20–22)

# "Cross-use" – Rimini Can Leverage Its Prior Work

**Rimini Street**

*Rimini II* Summary Judgment Order



customers. This limited circumstance aside, it is generally not cross use for a Rimini engineer to create an update file for Client A exclusively using Client A's software and then create the same update file for Client B exclusively using Client B's software. Nor is it cross use for a Rimini engineer to "memorize and replicate the work" as Oracle claims. ECF Nos. 1053, 1085-s at 26. The fact that a Rimini software engineer can create the update for Client B more efficiently because he or she gained experience creating the update for Client A is not relevant in this analysis. It is

\*     \*     \*

and less proficient than any subsequent time they create that update. Moreover, it would be impossible to direct an engineer, who developed an update in Client A's environment, to not use the knowledge he or she gained when developing the same or similar update for Client B.

*(Rimini II, ECF 1253 at 87:6–15)*

**"J.D. Edwards Software Source Code"**

**Rimini Street®**

- ‹ **Definition of "J.D. Edwards software source code" not adjudicated in *Rimini I***

- ‹ **Oracle's 30(b)(6) witness testified that third-party support providers *are permitted* to make JDE "source code changes" and develop "custom code solutions"**

- ‹ **Rimini's good faith interpretation of "J.D. Edwards software source code"**
  - **Consistent with industry understanding**
  - **Only interpretation that allows viable JDE support**

# Oracle Database – Downloading Directly from Oracle

**Rimini Street®**

Order to Show Cause



Case 2:10-cv-00106-LRH-VCF   Document 1459   Filed 03/31/21   Page 1 of 36

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,

Plaintiffs,

v.

RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,

Defendants.

Case No. 2:10-cv-00106-LRH-VCF

ORDER

("OLSA"), because **Rimini downloaded Oracle Database directly from Oracle, rather than receive access through its clients. Rimini's use of the software was restricted to the provisions of the Developer License.** *Id.* at 12–13. The Ninth Circuit upheld the Court's summary judgment ruling.

(ECF 1459 at 27:25-28:1)

DDx-119

**Opening Statement Roadmap**

**Rimini Street**®

‹ Rimini wants to lawfully compete in the marketplace

‹ Rimini's good faith understanding of Injunction

‹ **Rimini's substantial compliance efforts**

‹ Oracle's expansive interpretation of the Injunction
contradicts the Court's rulings

‹ Rimini should not be held in contempt
for 2 violations the Court found

‹ Rimini has not violated the Injunction
as to remaining 8 issues

# Rimini's Substantial Compliance Efforts



## Process 2.0

- ‹ Implemented in response to Court's orders, years before the Injunction issued

- ‹ Migrated all clients' Oracle software off of Rimini's systems

- ‹ Under Process 2.0, Rimini remotely connects to each client's separate, siloed software environment



# Rimini's Substantial Compliance Efforts





**‹ Acceptable Use Policy (AUP)**

- **‹** More restrictive than Injunction
- **‹** Training for all personnel
- **‹** Mandatory reporting obligation

**RSI Acceptable Use Policy.docx**
POL-001, Rev. 8   Release Date: 09/04/2018
Effective Date: 09/04/2018   Owner: Salaets, Steven
Next Review: 08/28/2019
Record Location: EchoSign, Record Retention: Permanent

**‹ Focus on Injunction and AUP compliance**

**‹ Focus on educating clients**

(DTX-0025)

**‹ Conservative approach on automated tools pending *Rimini II***

# Opening Statement Roadmap

**Rimini Street**

‹ Rimini wants to lawfully compete in the marketplace

‹ Rimini's good faith understanding of Injunction

‹ Rimini's substantial compliance efforts

‹ **Oracle's expansive interpretation of the Injunction contradicts the Court's rulings**

‹ Rimini should not be held in contempt for 2 violations the Court found

‹ Rimini has not violated the Injunction as to remaining 8 issues

# Oracle's Interpretation Contradicts the Court's Rulings

**Rimini Street**

## Order to Show Cause



Case 2:10-cv-00106-LRH-VCF   Document 1459   Filed 03/31/21   Page 1 of 36

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,

Plaintiffs,

v.

RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,

Defendants.

clients. **The Court disagrees. The Court finds that the test case is not "testing" as provided for in paragraph 6 of the permanent injunction; rather, the test case is simply the plan for how Rimini will test a specific update.** To be unlawful cross-use under this permanent injunction and the law

\* \* \*

**Nothing in the record would support a finding that Rimini is prohibited from using the same tests to ensure functionality of an update.** Like above, it is common sense that Rimini's engineers would

(ECF 1459 at 19:15-20)

**Oracle's Sweeping Theories**

**Rimini Street**®

# Oracle's sweeping theories of the Injunction

‹ Injunction ¶ 5 — **PeopleSoft local hosting**

  ‹ Claims files sent *by clients* are willful violations.

‹ Injunction ¶¶ 4, 6 — **"Cross-use"**

  ‹ Claims Rimini cannot re-use know-how or its own creative work product.

‹ Injunction ¶ 8 — **"J.D. Edwards software source code"**

  ‹ Claims Rimini cannot copy JDE code that Oracle provides licensees and that _must_ be copied to keep software up to date.

‹ Injunction ¶ 15 — **Oracle Database file prvtsidx.plb**

  ‹ Implies non-existent local hosting prohibition as to Oracle Database.



# Oracle's sweeping theories of the Injunction

- Injunction ¶ 5 — **PeopleSoft local hosting**
  - Claims files sent *by clients* are willful violations.

- Injunction ¶¶ 4, 6 — "Cross-use"
  - Claims Rimini cannot re-use know-how or its own creative work product.

- Injunction ¶ 8 — "J.D. Edwards software source code"
  - Claims Rimini cannot copy JDE code that Oracle provides licensees and that *must* be copied to keep software up to date.

- Injunction ¶ 15 — Oracle Database file prvtsidx.plb
  - Implies non-existent local hosting prohibition as to Oracle Database.



# Oracle's sweeping theories of the Injunction

- Injunction ¶ 5 — PeopleSoft local hosting
  - Claims files sent *by clients* are willful violations.

- Injunction ¶¶ 4, 6 — **"Cross-use"**
  - **Claims Rimini cannot re-use know-how or its own creative work product.**

- Injunction ¶ 8 — "J.D. Edwards software source code"
  - Claims Rimini cannot copy JDE code that Oracle provides licensees and that _must_ be copied to keep software up to date.

- Injunction ¶ 15 — Oracle Database file prvtsldx.plb
  - Implies non-existent local hosting prohibition as to Oracle Database.

# Oracle's Sweeping "Cross-Use" Theory

**Rimini Street**®



154:14   Now, imagine 49 other clients with the same
154:15   version of PeopleSoft have the same file, with the

Barbara Frederiksen-Cross Dep. (6/19/2020) at 154:14–155:15

**Oracle's Sweeping Theories**

**Rimini Street®**

# Oracle's sweeping theories of the Injunction

- Injunction ¶ 5 — PeopleSoft local hosting
  - Claims files sent *by clients* are willful violations.

- Injunction ¶¶ 4, 6 — "Cross-use"
  - Claims Rimini cannot re-use know-how or its own creative work product.

- Injunction ¶ 8 — **"J.D. Edwards software source code"**
  - **Claims Rimini cannot copy JDE code that Oracle provides licensees and that _must_ be copied to keep software up to date.**

- Injunction ¶ 15 — Oracle Database file prvtsidx.plb
  - Implies non-existent local hosting prohibition as to Oracle Database.



# Oracle's sweeping theories of the Injunction

- Injunction ¶ 5 — PeopleSoft local hosting
  - Claims files sent *by clients* are willful violations.

- Injunction ¶¶ 4, 6 — "Cross-use"
  - Claims Rimini cannot re-use know-how or its own creative work product.

- Injunction ¶ 8 — "J.D. Edwards software source code"
  - Claims Rimini cannot copy JDE code that Oracle provides licensees and that _must_ be copied to keep software up to date.

- Injunction ¶ 15 — **Oracle Database file prvtsidx.plb**
  - **Implies non-existent local hosting prohibition as to Oracle Database.**

# Oracle Implies Non-Existent Local Hosting Prohibition

**Rimini Street®**

Injunction





## Oracle Database

15. Rimini Street shall not reproduce, prepare derivative works from, or distribute Oracle Database software.

(Injunction, ECF 1166 ¶ 15 )

DDX-131

# Oracle Implies Non-Existent Local Hosting Prohibition

**Rimini Street®**

Ninth Circuit Opinion (Aug. 16, 2019)



Edwards, and Siebel. But **only the PeopleSoft license limits the licensee to using the licensed Software *"at its facilities* . . . ."** (emphasis added), which is the basis **for the local-hosting requirement. The J.D. Edwards and Siebel licenses do not contain such a limitation.** See Oracle USA, Inc. v. Rimini Street, Inc., 879 F.3d

(ECF 1236 ¶ 3)

# Rimini Stands in Shoes of Licensee

**Rimini Street®**

*Rimini II* Summary Judgment Order



...contract with Oracle to perform the same services. Alternatively, **the licenses also generally allow for a third-party service provider, like Rimini, to copy the software in place of the licensee and customize it for the licensee.** But the licenses do not allow a third-party service provider to use one

*(Rimini II, ECF 1253 at 3:2-4)*

**Opening Statement Roadmap**

**Rimini Street**

‹ Rimini wants to lawfully compete in the marketplace

‹ Rimini's good faith understanding of Injunction

‹ Rimini's substantial compliance efforts

‹ Oracle's expansive interpretation of the Injunction contradicts the Court's rulings

**‹ Rimini should not be held in contempt for 2 violations the Court found**

‹ Rimini has not violated the Injunction as to remaining 8 issues

# Ten Issues Set for Hearing – Violations

**Rimini Street®**

**PeopleSoft local hosting** (Inj. ¶ 5)

**Issue 1**  Isolated PeopleSoft files sent by clients

**PeopleSoft "cross-use"** (Inj. ¶¶ 4, 6)

**Issue 2**  rsi940a.sqr update for Matheson Trucking

DDX-135



From    Arijit Ray <arijit.ray@rrd.com>

To:    Anil Yadav <ayadav@riministreet.com>, Manjula Hosalli <mhosalli@riministreet.com>

The attached psptaxdt.dms is the current version in our production

(DTX-0111-001)

Order to Show Cause



Case 2:10-cv-00106-LRH-VCF   Document 1459   Filed 03/31/21   Page 1 of 36

UNITED STATES DISTRICT

DISTRICT OF NEVADA

ORACLE USA, INC.; a Colorado
corporations; ORACLE AMERICA, INC.; a
Delaware corporation; and ORACLE
INTERNATIONAL CORPORATION, a
California corporation,

                    Plaintiffs,

          v.

RIMINI STREET, INC., a Nevada
corporation; and SETH RAVIN, an
individual,

                    Defendants.

Before the Court are several pending motions. Rimini Street, Inc. and Seth Ravin (collectively "Rimini") move this Court for (1) an order enforcing the Court's orders and judgment separating the instant action from *Rimini Street, Inc. v. Oracle International Corp.*, Case No. 2:14-cv-01699-LRH-DJA (ECF Nos. 1323); (2) an order excluding the declaration and opinions of Oracle's expert, Barbara Frederiksen-Cross (ECF Nos. 1390, 1392-s); and (3) a jury

...infringement claims. Of importance to these proceedings was the Court's finding that Rimini violated the "facilities restriction" within PeopleSoft's standard licensing agreement when it hosted its clients' development environments on its own computer systems, a process called "local hosting." ECF No. 474; *Oracle USA, Inc. v. Rimini Street, Inc.*, 6 F.Supp.3d 1086, 1096–98 (D.

(ECF 1459 at 2:27–3:2)

**Issue 1**  **Isolated PeopleSoft Files on Rimini's Systems**


**Rimini Street®**

P07210 - Pay Cycle Workbench, verify impacts of updates          Page 2 of 3

**Important Information**

Please do not upload any third party software (for example, code contained in either documentation, trace files or screen shots), or any other third party intellectual property or confidential data to this client portal or send such information to Rimini Street via email, unless Rimini Street has demonstrated authorization for Rimini Street to possess a

All access to your supported products will be via the Remote Access established during your onboarding process.

(DTX-0008-002)

## Issue 2 — rsi940a.sqr Update for Matheson Trucking



**Order to Show Cause**



that client's environment, the Court cannot find that conduct violates the injunction. However, as to update HCM200049, delivered to Rimini's client Matheson Trucking, without any indication it was developed or tested in that client's environments, is a clear violation of the permanent

(ECF 1459 at 26:25–27)

**Issue 2** **rsi940a.sqr Update for Matheson Trucking**

**Rimini Street®**

IRS Schedule A (Form 940)



RE: SF case 162054, Matheson Trucking

From   Jim Benge <jbenge@riministreet.com>

To:    Don Sheffield <dsheffield@riministreet.com>, Kim Martinez <kmartinez@riministreet.com>,
       Timothy Pringle <tpringle@riministreet.com>, Susan Tahtaras <stahtaras@riministreet.com>
Cc:    Anil Yadav <ayadav@riministreet.com>, Teresa Hintz <thintz@riministreet.com>
Date:  Mon, 28 Jan 2019 14:40:24 +0000

Checked with Kim and proceeded with infomov delivery to MAT. Case has been updated.

Jim

----------------------------------
Jim Benge
VP, PeopleSoft Development
Rimini Street, Inc.
+1 925 983 3136
jbenge@riministreet.com
www.riministreet.com
Nasdaq: RMNI

From: Don Sheffield
Sent: Monday, January 28, 2019 1:29 AM
To: Kim Martinez <kmartinez@riministreet.com>; Jim Benge <jbenge@riministreet.com>; Timothy
Pringle <tpringle@riministreet.com>; Susan Tahtaras <stahtaras@riministreet.com>
Cc: Anil Yadav <ayadav@riministreet.com>; Teresa Hintz <thintz@riministreet.com>
Subject: RE: SF case 162054, Matheson Trucking

Kim,

I am not sure if it has been tested for MAT, and if it has been, who the tester was. But the objects
modified are the same for all clients. They consist of 2 GIF image files, and one SQR (rsi940a.sqr)
which is the same for all clients.

Highly Confidential Information – Attorneys' Eyes Only                          RSI00714218S

DTX-0236-001

---

**From:** Don Sheffield <dsheffield@riministreet.com>

**Sent:** Monday, January 28, 2019 8:25 AM

**To:** Jim Benge <jbenge@riministreet.com>; Timothy Pringle <tpringle@riministreet.com>; Susan Tahtaras <stahtaras@riministreet.com>; Kim Martinez <kmartinez@riministreet.com>

**Cc:** Anil Yadav <ayadav@riministreet.com>; Teresa Hintz <THintz@riministreet.com>

**Subject:** RE: SF case 162054, Matheson Trucking

Jim,

I did complete the development for MAT as well. It should be ready to go.

Regards

*******************************

Don Sheffield
Sr. PeopleSoft Developer
Rimini Street, Inc.

(DTX-0236-002–03)

**Issue 2**   **rsi940a.sqr Update for Matheson Trucking**

**Rimini Street®**

Email from Matheson to Rimini



From: Mark Miszewski [mailto:mmiszewski@ist-ehost.com]

Sent: Wednesday, January 30, 2019 6:25 PM

To: Anil Yadav <ayadav@riministreet.com>

          *     *     *

I thought I already replied to your system that the files were successfully retrieved and tested.  And that this case could be closed.

(DTX-0205-001)

**Opening Statement Roadmap**

**Rimini Street**®

‹ Rimini wants to lawfully compete in the marketplace

‹ Rimini's good faith understanding of Injunction

‹ Rimini's substantial compliance efforts

‹ Oracle's expansive interpretation of the Injunction contradicts the Court's rulings

‹ Rimini should not be held in contempt for 2 violations the Court found

‹ **Rimini has not violated the Injunction as to remaining 8 issues**

# Ten Issues Set for Hearing – Disputed Issues

**Rimini Street®**

## PeopleSoft local hosting (Inj. ¶ 5)

Issue 1

**Issue 5**    rspcmpay.cbl

## PeopleSoft "cross-use" (Inj. ¶¶ 4, 6)

Issue 2

**Issue 3**    W-2 update for Johnson Controls

**Issue 4**    rsi940a.sqr update for Smead and Spherion

**Issue 6**    1099 update for Easter Seals

**Issue 10**    HCM200105 update for Rockefeller and Home Shopping Network

## "J.D. Edwards software source code" (Inj. ¶ 8)

**Issue 7**    "J.D. Edwards software source code"

**Issue 9**    JDE105328 technical specification

## Oracle Database file prvtsidx.plb (Inj. ¶ 15)

**Issue 8**    prvtsidx.plb

**Rimini Street**®

 **PeopleSoft local hosting** (Inj. ¶ 5)

Issue 1

**Issue 5**    rspcmpay.cbl

 PeopleSoft "cross-use"





**Owen Astrachan**
Director of Undergraduate Studies, Duke
University Computer Science



- ‹ Conducted analytic dissection

- ‹ Separated out protectible vs. non-protectible expression

- ‹ Files have different purposes and different functions

- ‹ Oracle's "line matching" methodology is not reliable

- ‹ Files are not substantially similar



**Barbara Frederiksen-Cross**

**Expert Witness for Oracle**

- Used the same "line matching" methodology previously held "<u>inadmissible</u>"

- Failed to perform analytic dissection

- Failed to distinguish between protectible and unprotectible expression

- Failed to consider external constraints on code

- Failed to consider structure, sequence, and organization of code

# Ten Issues Set for Hearing – Disputed Issues

**Rimini Street**®



PeopleSoft local hosting

Issue 1

Issue 9

J.D. Edwards software source code

Issue 7

Issue 8



## ◀ PeopleSoft "cross-use" (Inj. ¶¶ 4, 6)

Issue 2

**Issue 3**    W-2 update for Johnson Controls

**Issue 4**    rsi940a.sqr update for Smead and Spherion

**Issue 6**    1099 update for Easter Seals

**Issue 10**   HCM200105 update for Rockefeller and Home Shopping Network



Oracle Database file nrvtsidx.plb

Issue 5

◂ **IRS W-2 Forms for Johnson Controls**



IRS Schedule A (Form 940)



**Issue 6** | **1099 Update for Easter Seals**



## 1099-INT

## 1099-MISC

# Ten Issues Set for Hearing – Disputed Issues



**Rimini Street**®

PeopleSoft local hosting

Issue 1

Issue 0

**"J.D. Edwards software source code"** (Inj. ¶ 8)

Issue 7   "J.D. Edwards software source code"

Issue 9   JDE105328 technical specification

PeopleSoft "cross-use"

Oracle Database file nrivsidx.plb

DDX-153





**Issue 7**  "J.D. Edwards Software Source Code"

**Rimini Street®**



- ‹ **Oracle audited JDE processes of third-party support provider Spinnaker**

- ‹ **Declaration of Spinnaker CEO regarding Spinnaker's processes:**

14. Spinnaker Support develops fixes for its J.D. Edwards customers. These fixes include product fixes and operational workarounds; updates, including but not limited to tax and regulatory updates; and custom code solutions for its customers. Fixes, updates and custom code solutions developed by Spinnaker Support may take the form of source code changes,

(DTX-0733 (Matthew Stava Decl.) ¶ 14)

DECLARATION OF MATHEW N. STAVA

DTX-0733-001

HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY    SPINNAKER0121



**Buffy Ransom**

SVP of Global
Customer Support
Rule 30(b)(6) Witness

**ORACLE**



> Q.   And Oracle viewed those support policies as respectful of and non-infringing of Oracle's intellectual property?
>
> A.   Yes.
>
> Q.   And also that the support processes described in paragraph 14 do not violate Oracle's license agreements with its clients; is that correct?
>
> A.   Correct.

(Buffy Ransom 1/12/2018 Deposition at 163:16-23)

**Issue 7** "J.D. Edwards Software Source Code"



**Buffy Ransom**

SVP of Global
Customer Support
Rule 30(b)(6) Witness

ORACLE®



> Q. And is it fair to say that Oracle concluded that it was proper for Spinnaker to develop fixes, updates and custom code solutions for its customers that may take the form of source code changes, configuration changes and data changes for its clients in the manner described in this paragraph?
>
> A. Yes.

(Buffy Ransom 1/12/2018 Deposition at 164:4-10)



Based upon that review and the information provided, we have determined that (a) Spinnaker's current practices and procedures are respectful of and do not infringe upon Oracle's intellectual property rights and (b) do not violate Oracle's license agreements with its clients. Consequently,

(DTX-0724-001)

Dear Mr. Steve:

This letter confirms that Oracle America, Inc. (the successor-in-interest to Oracle USA, Inc.), Oracle International Corporation and our outside legal counsel, Bingham McCutchen LLP have completed a limited review of the policies and operations practices of Spinnaker Support, LLC ("Spinnaker") as those policies and practices relate to Spinnaker's third party support for JD Edwards enterprise products. This review included an analysis of Spinnaker's operational documents as well as an onsite visit to Spinnaker's operations center in Denver, Colorado. Based upon that review and the information provided, we have determined that (a) Spinnaker's current practices and procedures are respectful of and do not infringe upon Oracle's intellectual property rights and (b) do not violate Oracle's license agreements with its clients. Consequently, based upon the information available to us, Oracle has no intention of initiating any legal proceedings against Spinnaker or its affiliates.

Sincerely,

Oracle America, Inc.

By: Deborah K. Miller
Its: Vice President and Associate General Counsel

Oracle International Corporation

By: Deborah K. Miller
Its: Vice President and Associate General Counsel

Highly Confidential Information - Attorney Eyes Only

DTX-0724-001

**Oracle America, Inc.**

By: Deborah K. Miller
Its: Vice President and **Associate General Counsel**

**Oracle International Corporation**

By: Deborah K. Miller
Its: Vice President and **Associate General Counsel**

Injunction



**any J.D. Edwards code (even accessible "open" code)**

8. Rimini Street shall not copy ~~J.D. Edwards software source code~~ to carry out development and testing of software updates;

10. Rimini Street shall not reproduce, prepare derivative works from, or use J.D. Edwards software or documentation on one licensee's computer systems to support, troubleshoot, or perform development or testing for any other licensee, including specifically that Rimini Street shall not use a specific licensee's J.D. Edwards environment to develop or test software updates or modifications for the benefit of any other licensee;

(Injunction, ECF 1166 ¶¶ 8, 10)

**Issue 7** "J.D. Edwards Software Source Code"

**Rimini Street**



**Stephen Lanchak**

**Assistant Director**
Career Management Center



- Only JDE industry expert in this case

- Oracle designs, intends, and encourages JDE to be modified

- JDE industry would not understand the Injunction to prohibit copying accessible "open" code that *must* be copied to keep software up-to-date

- Oracle's litigation position would effectively prohibit JDE support

## Order to Show Cause



was not copied. ECF No. 1368-2-s ¶ 22. Given the conflicting expert opinions, the Court finds that evidentiary hearing is needed to <mark>determine if this technical instruction did in fact copy Oracle source code in violation of the permanent injunction.</mark>

Second, Oracle alleges that Rimini is violating paragraph 10 of the permanent injunction by unlawfully cross using Oracle's software and creating derivative works. Oracle argues that

(ECF 1459 at 25:18-20)



```
VArpt_mnOrigRoth457b............TH01="0"
Math N.........c To String
```

```
// Begin RS18JDEUSP09
VA rpt_mnCorrEquity83i_MATH01 = "0"
Math Numeric To String
    VA rpt_mnCorrEquity83i_MATH01 -> BF mnMathNumeric
    "N" -> BF cIncludeSign
    "9.00" -> BF mnBeforeDecimalPoint
    "N" -> BF cIncludeDecimalPoint
    "2.00" -> BF mnAfterDecimalPoint
    OC Corr Qual Equity Grant 83i (RCO)<- BF szString
//
VA rpt_mnOrigEquity83i_MATH01= "0"
Math Numeric To String
    VA rpt_mnOrigEquity83i_MATH01-> BF mnMathNumeric
    "N" -> BF cIncludeSign
    "9.00" -> BF mnBeforeDecimalPoint
    "N" -> BF cIncludeDecimalPoint
    "2.00" -> BF mnAfterDecimalPoint
    OC Orig Qual Equity Grant 83i (RCO) <- BF szString
// End RS18JDEUSP09                                        ADD
```

(DTX-0901-012)

# Ten Issues Set for Hearing – Disputed Issues

**Rimini Street**®





### Oracle Database file prvtsidx.plb (Inj. ¶ 15)

Issue 8    prvtsidx.plb

Injunction



### Oracle Database

15. Rimini Street shall not reproduce, prepare derivative works from, or distribute Oracle Database software.

(Injunction, ECF 1166 ¶ 15 )

Ninth Circuit Opinion (Aug. 16, 2019)



Edwards, and Siebel. But **only the PeopleSoft license limits the licensee to using the licensed Software *"at its facilities . . . ."* (emphasis added), which is the basis for the local-hosting requirement. The J.D. Edwards and Siebel licenses do not contain such a limitation.** *See Oracle USA, Inc. v. Rimini Street, Inc.,* 879 F.3d

(ECF 1236 ¶ 3)

Oracle License and Service Agreement (OLSA)





# No "facilities" restriction in OLSA

(DTX-0804)

# Conclusion

**Rimini Street**

- ‹ **Rimini fundamentally changed its processes 7+ years ago to comply with the Court's orders**

- ‹ **Rimini cannot be held in contempt based on Oracle's shifting and expanding theories**

- ‹ **Rimini in good faith interpreted the Injunction to allow it to re-use its own know-how and creative expression**

- ‹ **Rimini is in substantial compliance**