| | | |
|---|---|---|
| 1 | BOIES SCHILLER FLEXNER LLP<br>Richard J. Pocker (NV Bar No. 3568) | GIBSON, DUNN & CRUTCHER LLP<br>Mark A. Perry (*pro hac vice*) |
| 2 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 | 1050 Connecticut Avenue, N.W.<br>Washington, DC 11101 |
| 3 | Telephone: 702.382.7300<br>Facsimile: 702.382.2755 | Telephone: 202.955.8500<br>mperry@gibsondunn.com |
| 4 | rpocker@bsfllp.com | GIBSON, DUNN & CRUTCHER LLP |

1. BOIES SCHILLER FLEXNER LLP
   Richard J. Pocker (NV Bar No. 3568)
   300 South Fourth Street, Suite 800
   Las Vegas, NV 89101
   Telephone: 702.382.7300
   Facsimile: 702.382.2755
   rpocker@bsfllp.com

PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP
William A. Isaacson (*pro hac vice*)
Karen Dunn (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006
Telephone: 202.223.7300
Facsimile: 202.223.7420
wisaacson@paulweiss.com
kdunn@paulweiss.com

MORGAN, LEWIS & BOCKIUS LLP
Benjamin P. Smith (*pro hac vice*)
Sharon R. Smith (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
benjamin.smith@morganlewis.com
john.polito@morganlewis.com
sharon.smith@morganlewis.com

ORACLE CORPORATION
Dorian Daley (*pro hac vice*)
James C. Maroulis (*pro hac vice*)
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corp.*

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 11101
Telephone: 202.955.8500
mperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas (*pro hac vice*)
Blaine H. Evanson (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
Casey J. McCracken (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
jgorman@gibsondunn.com
cmccracken@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
Samuel G. Liversidge (*pro hac vice*)
Eric D. Vandevelde (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

RIMINI STREET, INC.
John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: 336.908.6961
jreilly@riministreet.com

HOWARD & HOWARD ATTORNEYS
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: 702.667.4843
wwa@h2law.com

*Attorneys for Defendants Rimini Street, Inc., and Seth Ravin*

MOTION FOR LEAVE TO FILE ADDITIONAL PAGES

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>    Defendants. | **Case No. 2:10-cv-0106-LRH-VCF**<br><br>**JOINT MOTION FOR LEAVE TO FILE ADDITIONAL PAGES (L.R. 7-3)** |

Pursuant to this Court's June 13, 2019 order imposing page limits on filings, ECF No. 1230 (the "Page Limit Order"), and Local Rule 7-3(c), Plaintiffs Oracle USA, Inc., Oracle America, Inc., and Oracle International Corp. (collectively "Oracle"), and Defendant Rimini Street, Inc., jointly request that the Court permit Oracle up to 2,000 pages of exhibits to its motion for attorneys' fees and costs and a reciprocal number of pages for Rimini's response.[1]

**ORACLE'S POSITION**

Good cause supports this request for extra pages. The Court has directed Oracle to submit briefing regarding its claim for attorneys' fees and costs. ECF No. 1548 at 55. To support such a claim, Oracle is required to submit billing records. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ("to determine whether attorneys for the prevailing party could have reasonably billed the hours they claim to their private clients, the district court should begin with the billing records the prevailing party has submitted."). Indeed, the Court has specifically ordered Oracle to "thoroughly describe and substantiate its claim for fees and costs related to bringing Rimini's contemptuous behavior to the Court's attention." ECF 1548 at 55.

Here, the records to support a request for fees are understandably voluminous given years of contentious litigation. Oracle reasonably believes that the total number of pages required for this motion may reach 2,000 (although Oracle will of course work to submit a more abbreviated collection of exhibits to the extent possible). The number of pages requested is consistent with the prior motion for fees and costs in this case. The fee motion following the *Rimini I* jury trial, which occurred after approximately five years of litigation, included 4,837 pages of supporting documentation. ECF No. 922-925. Here, there was a three-year discovery period, as well as a trial lasting 7 court days (as opposed to 16 court days for the *Rimini I* jury trial), but Oracle seeks leave for approximately 2,000 exhibit pages.

For all these reasons, good cause exists to relieve Oracle of the exhibit page limit set by the court in ECF No. 1230. The filing is evidentiary material supporting argument mandated by

---

[1] Under the Page Limit Order and Local Rule 7-3(b), Oracle is currently limited to filing a 24-page motion with 100 pages of supporting exhibits. Rimini is limited to a 24-page opposition and 100 pages of supporting exhibits.

this Court's order.  While the evidence is voluminous, it is warranted to support Oracle's upcoming motion for fees and costs.  The submission will be smaller in size than the prior fee motion in this action, also covering a hotly litigated case spanning multiple years.  Accordingly, Oracle's motion for additional pages should be granted.  Further, Oracle does not object to Rimini's request for a reciprocal number of pages.

**RIMINI'S POSITION**

Rimini takes no position on whether Oracle should be allowed 2,000 pages of exhibits, but simply requests that, if Oracle's request is granted, Rimini be allowed the same number of pages as Oracle.

Good cause supports Rimini's request for parity.  In the event that Oracle submits 2,000 pages of exhibits, based on prior fees briefing in this litigation, Rimini anticipates that it will need to submit evidence challenging the accuracy and reasonableness of Oracle's fees request.  *See Gates v. Gomez*, 60 F.3d 525, 534–35 (9th Cir. 1995) (party opposing fee application may submit "evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the" party seeking fees).  While Rimini hopes that it will not be necessary to submit anywhere near 2,000 pages of exhibits to counter Oracle's submission, Rimini cannot know that until Oracle files its motion.

Based on Oracle's representations that it intends to submit "three years" of litigation invoices (apparently including expert and e-discovery vendor invoices), it appears that Oracle will seek to recover fees and costs that Rimini contends are not recoverable, including fees and costs incurred regarding issues on which Oracle did not prevail.  To the extent Oracle submits extensive invoices, Rimini likely will need to submit exhibits annotating, categorizing, and analyzing those invoices (and entries within those invoices) to show why they are for unrecoverable costs, relate to issues that Oracle did not prevail on, or are otherwise not reasonable.  This evidence will assist the Court in reviewing Oracle's voluminous invoices.  For example, in support of its prior fees briefing, Oracle submitted its invoices with individual redactions of certain time entries, but then the summary page of those invoices included a "total" that included fees for redacted time entries.  This made it difficult to analyze total fees requested by month or timekeeper.  Rimini therefore

summarized and organized Oracle's invoices for the benefit of the Court, and these summaries exposed mathematical mistakes and other errors in Oracle's request, some of which Oracle admitted and corrected in response to Rimini's opposition filing.

Likewise, Rimini anticipates that Oracle will submit substantial non-invoice evidence in support of its fee request, such as expert reports. Indeed, in support of its request for additional pages, Oracle stated to Rimini that "*the majority* of documents will be invoices, *e.g.*, law firm invoices, expert invoices, ESI, print, and other service vendor invoices, etc." (Emphasis added.) Rimini will therefore need a reciprocal number of pages to respond to Oracle's non-invoice evidence (*e.g.*, expert reports) with evidence of its own.

For these reasons, Rimini respectfully requests that if Oracle's motion for additional pages is granted, the Court likewise grant the same permission to Rimini.

**CONCLUSION**

For the foregoing reasons, the Court should permit the parties up to 2,000 additional exhibit pages each for the upcoming briefing on fees and costs.

DATED: February 2, 2022      MORGAN, LEWIS & BOCKIUS LLP

By:  /s/ *Benjamin P. Smith*
Benjamin P. Smith

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation*

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ *Eric D. Vandevelde*
Eric D. Vandevelde

*Attorneys for Defendants Rimini Street, Inc., and Seth Ravin*

**ATTESTATION OF FILER**

The signatories to this document are Eric D. Vandevelde and I, and I have obtained his concurrence to file this document on his behalf.

Dated:  February 2, 2022

                           MORGAN, LEWIS & BOCKIUS LLP

                           By:  /s/ *Benjamin P. Smith*
                                    Benjamin P. Smith

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-0106-LRH-VCF<br><br>**[PROPOSED] ORDER** |

Upon consideration of Oracle's **Motion for Leave to File Additional Pages** and for good cause shown,

IT IS ORDERED that the request is GRANTED.  Each Party may attach up to 2,000 pages of evidentiary exhibits in their submissions relating to Oracle's upcoming motion for Attorneys' Fees and Costs.

DATED:

By: _____

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2022, I electronically transmitted the foregoing **MOTION FOR LEAVE TO FILE ADDITIONAL PAGES** and **[PROPOSED] ORDER** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

DATED: February 2, 2022

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Benjamin P. Smith*
Benjamin P. Smith

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation*