Jeffrey T. Thomas (*pro hac vice*)
Blaine H. Evanson (*pro hac vice*)
Casey J. McCracken (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: 949.451.3800
Fax: +1 949.475.4670
Email: jtthomas@gibsondunn.com
bevanson@gibsondunn.com
cmccracken@gibsondunn.com
jgorman@gibsondunn.com

Samuel Liversidge (*pro hac vice*)
Eric D. Vandevelde (*pro hac vice*)
Ilissa Samplin (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: 949.451.3800
Fax: +1 949.475.4768
Email: sliversidge@gibsondunn.com
evandevelde@gibsondunn.com
isamplin@gibsondunn.com

John P. Reilly (*pro hac vice*)
RIMINI STREET, INC.
7251 West Lake Mead Blvd. Suite 300
Las Vegas, Nevada 89128
Telephone: +1 336.908.6961
Email: jreilly@riministreet.com

W. West Allen (Nevada Bar No. 5566)
HOWARD & HOWARD PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: + 702.667.4843
Email: wwa@h2law.com

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., et al.,<br><br>                    Defendants. | CASE NO. 2:10-cv-00106-LRH-VCF<br><br>**MOTION TO MODIFY SCHEDULING ORDER RE ORACLE'S BILL OF COSTS** |

## I. INTRODUCTION

Rimini Street, Inc. ("Rimini") respectfully requests that the Court modify its scheduling order regarding Oracle's bill of fees and costs (Dkt. 1552) as follows: (1) stay briefing on the bill of fees and costs until after the Court recalculates sanctions consistent with the Ninth Circuit's opinion; and (2) grant each party an additional 30 days (for a total of 60 days each) to submit their bill of fees and costs briefing. As set forth below, good cause supports modifying the scheduling order because this Court should be permitted to recalculate the sanctions order as directed by the Ninth Circuit *before* any fees briefing takes place, and to give Rimini and its expert(s) sufficient time to thoroughly analyze the over 2,000 pages of documents Oracle has indicated it may file in support of its filing.

## II. BACKGROUND

On January 12, 2022, this Court issued findings of fact and conclusions of law following a September 2021 evidentiary hearing, holding that a fees and costs award was appropriate here based on the Court's contempt findings. Dkt. 1548.[1] The parties then filed a joint motion for leave to file additional pages in which Oracle stated it would be filing "voluminous" evidentiary material to support its fees briefing in this case, and Rimini stated that if Oracle's request was granted, Rimini should be allowed the same number of pages as Oracle. Dkt. 1549. The Court issued an order holding that "each party may submit up to 2,000 pages of evidentiary exhibits relating to Oracle's bill of fees and costs," but cautioning the parties "to thoroughly review the evidentiary exhibits, to organize them in an easily understood and accurate manner, and to limit the documents to only those necessary…." Dkt. 1552. The Court also sua sponte stayed the briefing schedule, ordering that Oracle's filing is due "Within 30 days of a decision and mandate from the Ninth Circuit" and Rimini's response is due "30 days from the date of Oracle's filing" and holding that no reply is necessary. *Id.*

On appeal, the Ninth Circuit affirmed the contempt findings for issues 1–4, reversed the contempt finding for issue 8, vacated the order regarding issues 7 and 9 to the extent it enjoins de

---

[1] Rimini respectfully disagrees that any fees and costs should be awarded at all and reserves its right to appeal this issue.

2

MOTION TO MODIFY SCHEDULING ORDER RE ORACLE'S BILL OF COSTS
CASE NO. 2:10-CV-00106-LRH-VCF

minimis copying not prohibited by the Copyright Act, and vacated and remanded the imposition of sanctions for recalculation consistent with the opinion. Rimini has filed a petition for rehearing en banc, and the mandate will issue 7 days after the conclusion of the en banc proceedings.

Rimini proposed a modified scheduling order for the briefing on Oracle's bill of fees and costs, and Oracle declined.

### III.   ARGUMENT

Good cause supports modifying the Court's scheduling order. First, the Ninth Circuit held that "[t]he imposition of sanctions is vacated and remanded for recalculation consistent with this opinion." Permitting this Court to recalculate sanctions *prior* to briefing on fees makes sense as a matter of orderly procedure, particularly given that any imposition of fees and costs must be proportionate to the sanctions award as a matter of due process. In other words, Oracle should not be seeking fees incurred in obtaining sanctions that have not yet been entered.

Second, Oracle has indicated that it will submit 2,000 pages of exhibits in support of its fees request, in addition to an expert report. Due to the current stay, Oracle has had well over a year to work on its fees request. (Oracle has not yet produced its invoices or supporting material.) Providing Rimini a reasonable amount of time to review and respond to Oracle's submission, and to engage experts to assist in that process, will ensure that any errors are captured and that Rimini is able to "thoroughly review the evidentiary exhibits" as this Court directed the parties to do. *See* Dkt. 1552. Indeed, when Oracle submitted its motion for attorneys' fees following the jury trial in *Rimini I*, Rimini identified substantial arithmetic and documentation errors—including one error of over $1.4 million. Oracle agreed with Rimini's corrections in its reply brief. *See* Dkt. 1019 (Reply Declaration of Thomas Hixson) ¶¶ 3, 4 ("In response to assertions raised by Rimini in its Opposition to Oracle's Motion for Costs and Attorneys' Fees, my team and I re-reviewed our prior calculations of Oracle's attorneys' fees, costs, and our allocation of Oracle's non-taxable and taxable costs" and attaching "revised schedule" including "$1,467,564.65 in electronic discovery costs … inadvertently allocated," a "$7,931.24 invoice" that was "inadvertently included twice," among others). Rimini should be permitted sufficient time to conduct a thorough review of Oracle's submission here, as well.

Third, Rimini's proposed briefing schedule is consistent with (and more conservative than) the fees briefing schedules in *Rimini I* and *Rimini II*.  When Oracle filed a fees motion following the jury trial in *Rimini I*, Rimini was permitted nearly four months for its opposition brief.  In *Rimini II*, Oracle requested and was granted 90 days for its fees motion, and Rimini was granted 90 days for its fees opposition (also with no reply brief).  *See Rimini II*, Dkt. 1545.

### IV.   CONCLUSION

For the foregoing reasons, Rimini respectfully requests that the Court modify its scheduling order regarding Oracle's bill of fees and costs (Dkt. 1552) as follows:  (1) stay briefing on the bill of fees and costs until after the Court recalculates sanctions consistent with the Ninth Circuit's opinion; and (2) grant each party an additional 30 days (for a total of 60 days each) to submit their bill of costs briefing.

Dated:  September 19, 2023

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Eric D. Vandevelde*
         Eric D. Vandevelde

*Attorneys for Defendants
Rimini Street, Inc. and Seth Ravin*