BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:    702.382.7300
Facsimile:     702.382.2755
rpocker@bsfllp.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
WILLIAM A. ISAACSON (pro hac vice)
KAREN DUNN (pro hac vice)
2001 K Street, NW
Washington, DC 20006
Telephone:    202.223.7300
Facsimile:     202.223.7420
wisaacson@paulweiss.com
kdunn@paulweiss.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:    415.442.1000
Facsimile:     415.442.1001
benjamin.smith@morganlewis.com

JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone:    650.506.4846
Facsimile:     650.506.7114
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle USA, Inc.,
Oracle America, Inc., and Oracle
International Corp*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE USA, INC.; a Colorado corporation; ORACLE AMERICA, INC.; a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; and SETH RAVIN, an individual,<br><br>Defendants. | **Case No. 2:10-cv-00106-LRH-VCF**<br><br>**ORACLE USA, INC, ORACLE AMERICA, INC. AND ORACLE INTERNATIONAL CORPORATION'S OPPOSITION TO RIMINI'S MOTION TO MODIFY SCHEDULING ORDER RE ORACLE'S BILL OF COSTS** |

I.      **INTRODUCTION**

As part of its Order finding Rimini in contempt for violating the Court's Permanent Injunction, the Court awarded Oracle reasonable attorneys' fees and costs, providing that "Oracle shall file a bill of fees and costs within <u>30 days</u> of the filing of this Order.  Rimini shall have <u>30 days</u> from the date of Oracle's filing to object."  ECF No. 1548 at 56.  After Rimini filed its Notice of Appeal, the Court ordered briefing on the same 30-day schedule to begin after "a decision and mandate from the Ninth Circuit."  ECF No. 1552 at 2.  Now, 18 months later, after the Ninth Circuit affirmed the Court's contempt findings for issues one through four and remanded solely for the purpose of recalculating sanctions, Rimini seeks to further delay briefing on Oracle's fees and costs.  Rimini's request should be denied.

The Court twice ordered a 30-day briefing schedule.  There is no basis for the Court to reconsider its order now.  Rimini attempts to justify its request for delay by asserting that an award of fees and costs is somehow dependent on this Court's recalculation of a sanction amount. This is false, and Rimini offers no authority for its assertion other than a self-serving conclusion that it purportedly "makes sense."  The Court should reject Rimini's request to delay and leave its existing scheduling order in place.

II.     **ARGUMENT**

A.      **Rimini Provides No Legal Basis for Its Request.**

In its bid to delay further having to comply with this Court's Order and pay the attorneys' fees and costs owed to Oracle, Rimini asserts (without citing any authority whatsoever) that "any imposition of fees and costs must be proportionate to the sanctions award as a matter of due process."  Rimini is mistaken.  In its Order holding Rimini in contempt, the Court's award of fees and costs was based on the contempt findings, not on the accompanying sanctions.  ECF No. 1548 at 55.  The Court held that "[i]t is well settled that an award of attorney's fees and costs is appropriate in civil contempt proceedings."  *Id.* at 55:3-5 (citing *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) (noting that "[a]ttorneys' fees frequently must be expended to bring a violation of an order to the court's attention")). The Court instructed that "Oracle's briefing should thoroughly describe and substantiate its claim for fees and costs *related to bringing*

1

*Rimini's contemptuous behavior to the Court's attention.*" *Id.* (emphasis added).  There is no connection between the amount of Oracle's attorneys' fees and costs and the Court's recalculation of sanctions, and Rimini offers no legal authority to the contrary.  Without authority as to why the Court should extend this litigation further by staying the fees and costs briefing in favor of recalculating sanctions, Rimini's motion must be denied.  *See Mantra Band, LLC v. Circoli Inc.*, No. 8:19-cv-00464-JLS-ADS, 2019 WL 8108728, at *4 (C.D. Cal. Sept. 30, 2019) ("A movant's failure to provide relevant legal authority in support of their argument is grounds for denial") (citing cases).

### B.    The Court's Original Briefing Timing Is Sufficient.

The Court should reject Rimini's request that each party receive an additional 30 days to submit their bill of costs briefing.  While Rimini is correct that the Court allowed longer briefing periods for the first *Rimini I* attorneys' fees briefing and the *Rimini II* attorneys' fees briefing, the briefing here is far less complex (as reflected in the smaller allotment of additional pages the parties requested, ECF No. 1549).  The contempt proceeding had truncated discovery, briefing, and trial periods compared to the *Rimini I* and *Rimini II* periods.  Also, unlike in those other briefing scenarios, the Court has already determined that Oracle is entitled to its attorneys' fees and costs; the only issue remaining to be briefed is the *amount* of fees and costs.  Because the Court's existing order allocated appropriate briefing time, Rimini's request should be denied.

## III.   <u>CONCLUSION</u>

For these reasons, Oracle respectfully requests that the Court deny Rimini's motion in its entirety.

DATED: October 3, 2023                    MORGAN, LEWIS & BOCKIUS LLP


By:  _____*/s/ Benjamin P. Smith*_____
                     Benjamin P. Smith

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle*
*America, Inc. and Oracle International*
*Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October 2023, I electronically transmitted the foregoing **ORACLE USA, INC, ORACLE AMERICA, INC. AND ORACLE INTERNATIONAL CORPORATION'S OPPOSITION TO RIMINI'S MOTION TO MODIFY SCHEDULING ORDER RE ORACLE'S BILL OF COSTS** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

DATED:  October 3, 2023

MORGAN, LEWIS & BOCKIUS LLP

By:  _____ /s/ Benjamin P. Smith _____
Benjamin P. Smith

*Attorneys for Plaintiffs Oracle USA, Inc., Oracle America, Inc. and Oracle International Corporation*