| | |
|---|---|
| Jeffrey T. Thomas (*pro hac vice*) <br> Blaine H. Evanson (*pro hac vice*) <br> Casey J. McCracken (*pro hac vice*) <br> Joseph A. Gorman (*pro hac vice*) <br> GIBSON, DUNN & CRUTCHER LLP <br> 3161 Michelson Drive <br> Irvine, California  92612-4412 <br> Telephone:  949.451.3800 <br> Fax:  949.451-4220 <br> Email:  jtthomas@gibsondunn.com <br> bevanson@gibsondunn.com <br> cmccracken@gibsondunn.com <br> jgorman@gibsondunn.com | John P. Reilly (*pro hac vice)* <br> RIMINI STREET, INC. <br> 7251 West Lake Mead Blvd., Suite 300 <br> Las Vegas, Nevada 89128 <br> Telephone:  336.908.6961 <br> Email:  jreilly@riministreet.com <br> <br> W. West Allen (Nevada Bar No. 5566) <br> HOWARD & HOWARD PLLC <br> 3800 Howard Hughes Parkway, Suite 1000 <br> Las Vegas, Nevada 89169 <br> Telephone:  702.667.4843 <br> Email:  wwa@h2law.com |

Samuel Liversidge (*pro hac vice*)
Eric D. Vandevelde (*pro hac vice*)
Ilissa Samplin (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:  213.229.7000
Fax:  213.229.7520
Email:  sliversidge@gibsondunn.com
evandevelde@gibsondunn.com
isamplin@gibsondunn.com

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE USA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC., et al., <br><br> Defendants. | CASE NO. 2:10-cv-00106-LRH-VCF <br><br> **REPLY IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER** |

Rimini's request to modify the briefing schedule on Oracle's bill of fees (Dkt. 1552) merely seeks (i) to stay briefing until there is a final merits decision, and (ii) a modest 30-day extension for Rimini to analyze and respond to voluminous records that Oracle has already analyzed but has not produced to Rimini.  These requests in no way prejudice Oracle, and they would normally be stipulated to as a matter of common sense (i.e., fees briefing should follow a final decision on the merits) and common courtesy (i.e., Oracle should not have nearly two years to analyze voluminous billing data and then insist that Rimini and its expert have only 30 days).  It is unfortunate that Oracle has forced these simple requests to be litigated via motion practice.

First, Rimini requested that the Court stay briefing until after the Court recalculates sanctions consistent with the Ninth Circuit's order.  As is the normal course, and as in both *Rimini I* and *Rimini II*, fees briefing should occur *after* a final merits decision.  That has not yet occurred here, because the Ninth Circuit remanded for recalculation.  Oracle is wrong to put the cart before the horse by seeking to brief its fees motion *before* there is a final merits decision.  Oracle is also wrong to suggest that there is "no connection" between the sanction award and any fee award (Dkt. 1585 at 1–2) given that the fee award must be proportional to the sanctions award as a matter of due process.  *Cf. State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416, 425–26 (2013).

Second, there is certainly good cause for a modest extension based solely on the volume of materials.  Rimini is requesting 30 additional days (for a total of 60 days) to respond to Oracle's fees motion.  That is substantially *less* time than the Court previously provided in *Rimini I* and *Rimini II* (four and three months, respectively), and it is necessary here, given that Oracle plans to submit 2,000 pages of exhibits.  Oracle has yet to even produce those exhibits to Rimini.  This Court instructed the parties to "thoroughly review" the evidence being submitted (Dkt. 1552 at 2), and Oracle has had the luxury of nearly two years to collect and analyze its records.  Careful review by Rimini and its expert is critical given that Oracle has made significant errors in prior fee requests to this Court (including an arithmetic error of over $1.4 million that Rimini caught in its opposition, and Oracle then acknowledged).  Rimini will also have to carefully analyze Oracle's exhibits to determine which fees relate to the four issues actually found contumacious (as opposed to the much larger universe of things Oracle accused and failed to prove), which Oracle acknowledged in its

Ninth Circuit brief.  *See* Oracle's Answering Brief at p. 59; *see also Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104, 108 (2017).

For these reasons, good cause supports modifying the scheduling order, and Rimini respectfully requests that its motion be granted.

Dated:  October 10, 2023                                  Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Eric D. Vandevelde*
       Eric D. Vandevelde

*Attorneys for Defendants*
*Rimini Street, Inc. and Seth Ravin*