UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ORACLE USA, INC; a Colorado Corporation; ORACLE AMERICA INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants. | Case No. 2:10-cv-00106-LRH-VCF<br><br>ORDER |

This civil contempt dispute is described by the Ninth Circuit Court of Appeals as:

> [F]allout from the protracted copyright infringement litigation between Oracle USA, Inc. and Rimini Street, Inc.—now in its thirteenth year. In the underlying case, the district court entered a permanent injunction that enjoined Rimini from various infringing practices. Years later, the district court identified ten potential violations of the permanent injunction ("Issues 1–10"), and ultimately held Rimini in contempt on five. Rimini was ordered to pay $630,000 in statutory sanctions, plus attorneys' fees.

*Oracle USA, Inc. v. Rimini St., Inc.,* 81 F.4th 843, 847 (9th Cir. 2023).

Rimini Street Inc. ("Rimini") appealed the above contempt order (ECF No. 1548) and argued that the contempt findings and related sanctions award should be vacated. On appeal, the Ninth Circuit upheld this Court's findings of contempt on six of its seven contempt findings, reversed on one of the contempt findings (Issue 8), and vacated and remanded the sanctions award for recalculation.[1]

---

[1] The Ninth Circuit also vacated a portion of this Court's order which applied to de minimus copying (Issues 7 and 9). No sanction award was related to these Issues.

1

Rimini petitioned for a rehearing en banc and on October 12, 2023, Rimini's petition was denied. ECF No. 1587. This matter is now before this Court for recalculation of the sanctions award.

As stated by the Ninth Circuit, "We find no abuse of discretion in the district court's sanctions award. The district court expressly observed that the purpose of the $630,000 fine was 'compensatory' and was 'appropriate' to 'sufficiently compensate Oracle for Rimini's contemptuous conduct.'" *Oracle USA, Inc. v. Rimini St., Inc.,* 81 F.4th 843, 858 (9th Cir. 2023).

This Court had imposed $100,000 in statutory sanctions for each of the six willful violations which included the violation found under Issue 8, and a $30,000 sanction for the one non-willful violation found under Issue 1. The Ninth Circuit found no abuse of discretion of the award and calculation of the sanction but vacated and remanded the award due to its reversal on Issue 8. Also before this Court is the award of attorneys' fees and costs, however that issue was not presented on appeal and the parties have stipulated to present it to this Court now that the appeal has been resolved.

The recalculation of the sanction award is a relatively straightforward task for this Court, as outlined within the findings of this Court in its original decision:

> The Court found above that Rimini willfully violated the Permanent Injunction and is in contempt of Court upon Issues 2, 3, 4, 8, and 1, in part, for its conduct involving clients G-6 Hospitality and Texas Children's Hospital. The Court also finds Rimini violated the Permanent Injunction and is in contempt of Court upon Issue 1 for its conduct involving client R.R. Donnelley & Sons, but that Rimini's conduct was not willful. Rimini's contemptuous conduct was extensive, deliberate, and pervasive—Rimini repeatedly infringed on Oracle's copyrights in essentially the same manner the Court and a jury previously determined was unlawful. And Rimini has been on notice since at least 2015 that this conduct is prohibited, three to four years prior to committing the infringing conduct. Therefore, the record clearly supports the Court's finding that a compensatory fine of $100,000 per willfully infringed work, and $30,000 per non-willfully infringed work, for a total of $630,000, is an appropriate award to sufficiently compensate Oracle for Rimini's contemptuous conduct.

ECF No. 1548, 54:18-55:2. The Court had allocated a $100,000 award for what it found was the willful contempt of Rimini related to the Issue 8 sanction. The remaining sanction award of $530,000 has effectively been affirmed by the Ninth Circuit and this Court has carefully

reconsidered and reimposes that award. It does not include the $100,000 which was previously awarded relative to Issue 8.

Good cause appearing, the Court hereby calculates statutory sanctions and imposes an award of sanctions against Rimini in the amount of $530,000 with interest from the date of the Court's order on January 12, 2022. ECF No. 1548.

IT IS FURTHER ORDERED that the Court will assess and impose reasonable attorneys' fees and costs in favor of Oracle through appeal and judgment herein. Oracle shall file a bill of fees and costs within 30 days of the filing of this Order. Rimini shall have 60 days from the date of Oracle's filing to respond. Oracle may reply within 20 days of Rimini's response.

As previously ordered, each party may submit up to 2,000 pages of exhibits relating to Oracle's bill of fees and costs but cautions the parties to thoroughly review the exhibits, to organize them in an easily understood and accurate manner, and to limit them to only those necessary for the Court's consideration. ECF No. 1552, 1:20-26.

IT IS SO ORDERED.

DATED this 25th day of October, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE